IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, JANE HAMILTON, SERGIO DeLEON, FLOYD J. CARRIER, ANNA BURNS, MICHAEL MONTEZ, PENNY POPE and OSCAR ORTIZ<br><br>  *Plaintiffs*,<br><br>v.<br><br>RICK PERRY in his Official Capacity as Governor of Texas; and JOHN STEEN in his Official Capacity as Texas Secretary of State,<br><br>  *Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§    Case No. |

**PLAINTIFFS' ORIGINAL COMPLAINT**

NOW COMES Marc Veasey, Jane Hamilton, Sergio DeLeon, Floyd J. Carrier, Anna Burns, Michael Montez, Penny Pope, and Oscar Ortiz (collectively "Plaintiffs") and files this Original Complaint complaining of Defendants, RICK PERRY, in his capacity as Governor of Texas and JOHN STEEN, in his capacity as Texas Secretary of State (hereinafter referred to as "Defendants"), and in support thereof would show the Court as follows:

## I. FACTS

1. In 2011, the Texas Legislature enacted Senate Bill 14 ("SB 14"), which established a photo identification requirement for in-person voting. SB 14 is one of the most stringent, if not most stringent, in the country.

2. Subject to three narrow exceptions, SB 14 would preclude citizens from voting in person at the polls (on Election Day or during the State's early voting period) unless the voter presents one of six strictly limited forms of government-issued photo identification.

3. Furthermore, for a substantial subset of the hundreds of thousands of registered voters who do not currently have the required identification, SB 14 would create significant practical impediments to obtaining the necessary identification.

4. SB 14 thus would have the effect of denying thousands of Texas voters the ability to vote in person, a large number of whom would be disfranchised entirely since absentee voting in Texas is available only to certain specified categories of voters.

5. On January 24, 2012, the State of Texas filed suit against the United States Attorney General, in the United States District Court for the District of Columbia, seeking preclearance of S.B. 14 under Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c.

6. A three-judge court was properly empaneled.

7. After an extensive trial on the merits, in which many of these same Plaintiffs participated, the three-judge court held that "in this particular litigation and on this

particular record, Texas has failed to demonstrate that its particular voter ID law lacks retrogressive effect." *See* Exhibit A (August 30, 2012 opinion denying preclearance).

8. The D.C. three-judge district court reached this conclusion for two reasons, each of which independently supported the D.C. court's judgment. First, the court found that "all of Texas's evidence on retrogression is some combination of invalid, irrelevant, and unreliable," and therefore "Texas has failed to carry its burden" of demonstrating the absence of a retrogressive effect.

9. Second, the court found that the evidence submitted by the United States and intervenors affirmatively "suggests that SB 14, if implemented, would in fact have a retrogressive effect on Hispanic and African American voters."

10. In this regard, the Court explained that the Texas law "imposes strict, unforgiving burdens on the poor, and racial minorities in Texas are disproportionately likely to live in poverty."

11. Given these twin holdings, the court concluded that there was no need to decide whether SB 14 also has a discriminatory purpose, in violation of Section 5.

12. The district court emphasized, however, that the record showed that the Texas Legislature had "[i]gnor[ed] warnings that SB 14, as written, would disenfranchise minorities and the poor," and "defeated several amendments" which would have substantially mitigated the retrogressive effect of the new identification requirement.

13. Each of the factual findings made by the D.C. court are accurate and well supported by the evidence.

14. Indeed, the enactment of SB 14 was made with the purpose and intent to discriminate against racial and language minorities.

15. On June 25, 2013, the Supreme Court issued its opinion in *Shelby County v. Holder*, ___ S. Ct. ___, No. 12-96, 2013 WL 3184629 (2013) declaring Section 4 of the Voting Rights Act, the coverage formula for Section 5 of the Act, unconstitutional.

16. At this time, the injunction issued by the D.C. court preventing the implementation of SB 14 remains in effect.

17. The opinion of the D.C. court remains in all manners effective and Plaintiffs will continue to argue such position to that Court.

18. Even if the opinion were not effective, the factual findings in the opinion cannot be contested by the Defendants under the doctrine of collateral estoppel.

19. Despite this, the Texas Attorney General Greg Abbott declared on June 25, 2013, shortly after the ruling in *Shelby County* that, "With today's decision, the State's voter ID law will take effect immediately."

20. Press reports indicate that the state, despite the D.C. Court's injunction that remains in place, has already begun to implement SB 14.

21. Presumably, the state's chief legal officer erroneously contends the D.C. Court's injunction is now inoperative in light of the *Shelby County* decision.

22.     Defendants intend to move forward with implementation of SB 14 despite having been made aware of the substantial testimony and evidence presented to the D.C. court concerning SB 14's discriminatory purpose and effect.

23.     Defendants intend to move forward with implementation of SB 14 despite having available to it the opinion of the three-judge court in D.C. that serves as notice, as if such was needed, that SB 14 has discriminatory purpose and effect.

24.     Defendants renewed efforts to implement SB 14 after *Shelby County* are additional acts of intentional discrimination given what the Defendants have learned in the earlier trial and what the Defendants have notice of by virtue of the D.C. Court's opinion.

25.     Though Plaintiffs will continue to press the applicability and effect of the D.C. court opinion, Plaintiffs hereby bring these additional claims against Defendants in this Court and would show that SB 14 is discriminatory in both intent and effect.

26.     Under entirely separate and plainly constitutional laws that remain in effect, Plaintiffs are entitled to an injunction prohibiting the enforcement of SB 14 as currently enacted.[1]

## II.

## **JURISDICTION AND VENUE**

27.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 1357, and 2284; and pursuant to 42 U.S.C. §§ 1973, 1973j(f). Plaintiffs' action for declaratory and

---

[1] Pursuant local rules, Plaintiffs will file a separate Motion for Injunctive relief at the appropriate time.

injunctive relief is authorized by 28 U.S.C. §§ 2201, 2202, and 2284, as well as by Rules 57 and 65 of the Federal Rules of Civil Procedure. Venue is proper pursuant to 28 U.S.C. §§ 1391(b).

### III.   PARTIES

#### PLAINTIFFS

28.   Plaintiffs are all citizens and residents of Texas.

29.   Plaintiffs are all eligible and registered to vote in Texas and they have voted in Texas in the past.

30.   Each Plaintiff has suffered from the effects of state and/or local government imposed discrimination in voting and they continue to suffer from those effects.

31.   Plaintiff Marc Veasey is an elected African-American Congressman from Ft. Worth, Tarrant County, Texas, although he brings this suit in his individual capacity. Enforcement of SB 14 will cause Plaintiff Veasey to suffer additional costs in running his re-election campaign and will make it more difficult for him to persuade and turn out voters to support his candidacy and the candidacies of other candidates whom he supports or aligns.

32.   Plaintiff Floyd James Carrier resides in China, Jefferson County, Texas. Plaintiff Carrier is African-American and is physically disabled (wheel-chair bound). Plaintiff Carrier is a former Army solider and despite his long military service, lacks an eligible

photo identification and would therefore be unable to vote, as he typically has, under SB 14.

33. Plaintiff Anna Burns resides in Ft. Worth, Tarrant County, Texas. Plaintiff Burns is Latino. Plaintiff Burn does possess a driver's license but, despite her efforts, the full name on her driver's license does not match the full name on her voter registration certificate.

34. Plaintiff Michael Montez is an elected Latino Constable in Galveston, Galveston County, Texas, although he seeks to intervene in his individual capacity. Enforcement of SB 14 will cause Plaintiff Montez to suffer additional costs in running his re-election campaign and will make it more difficult for him to persuade and turn out voters to support his candidacy and the candidacies of other candidates whom he supports or aligns. Given recent events in Galveston County including a devastating Hurricane, many minority voters in that region of Texas are likely to lose their right to vote under the photo identification law proposed.

35. Plaintiff Penny Pope is an elected African-American Justice of the Peace in Galveston, Galveston County, Texas, although she seeks to intervene in her individual capacity. Enforcement of SB 14 will cause Plaintiff Pope to suffer additional costs in running her re-election campaign and will make it more difficult for her to persuade and turn out voters to support her candidacy and the candidacies of other candidates whom she supports or aligns. Given recent events in Galveston County including a devastating

Hurricane, many minority voters in that region of Texas are likely to lose their right to vote under the photo identification law proposed.

36.     Plaintiff Jane Hamilton is an African-American resident of Dallas, Dallas County, Texas.  Plaintiff Hamilton has and continues to politically organize her community and turn out voters in elections.  Implementation of SB 14 would harm Plaintiffs Hamilton's ability to adequately turn out citizens candidates she supports and therefore harm Plaintiff Hamilton's constitutional rights.

37.     Plaintiff Sergio DeLeon is an elected Latino Justice of the Peace in Fort Worth, Tarrant County, Texas, although he seeks to intervene in his individual capacity. Enforcement of SB 14 will cause Plaintiff DeLeon to suffer additional costs in running his re-election campaign and will make it more difficult for him to persuade and turn out voters to support his candidacy and the candidacies of other candidates whom he supports or aligns.

38.     Plaintiff Oscar Ortiz is an elected County Commissioner in Corpus Christi, Nueces County, Texas although he seeks to intervene in his individual capacity.  Enforcement of SB 14 will cause Plaintiff DeLeon to suffer additional costs in running his re-election campaign and will make it more difficult for him to persuade and turn out voters to support his candidacy and the candidacies of other candidates whom he supports or aligns.

39. Plaintiffs have a direct, substantial and legally protectable interest in the subject matter of this litigation.

40. Plaintiffs Carrier and Burns will be unlawfully denied the fundamental right to vote if Plaintiffs do not prevail in this case.

41. The remaining Plaintiffs hail from and represent minority communities in Texas where a large number of citizens and eligible voters reside.

42. These would-be voters lack the means and/or opportunity to obtain photo identification and therefore, if this suit is not successful, will be prohibited by their state government from voting in federal and state elections.

43. African-Americans and Latinos represented by these Plaintiffs are more likely than Anglos to lack the photo identification required under the subject law.

44. SB 14, as a three-judge D.C. court has already found, would have devastating discriminatory effects and was adopted with a racially discriminatory intent.

45. SB 14 was passed at the same time and with the same intent as state-wide redistricting maps that have been found in violation of federal voting laws by two separate three-judge courts.

46. The same Legislature passed SB 14 that passed redistricting plans found to be intentionally discriminatory and in violation of multiple federal laws that protect against discrimination in voting.

DEFENDANTS

47.Defendant Rick Perry is the Governor of Texas and pursuant Article IV, Section I to the Texas Constitution is the chief executive officer of the State of Texas.

48.Defendant John Steen is the Secretary of State of Texas and is the state's chief election officer.

## IV. CLAIMS

### Count 1

49.Plaintiffs reallege the facts set forth above.

50.SB 14 violates Section 2 of the Voting Rights Act, 42 U.S.C. § 1973, in that, under the totality of the circumstances, Plaintiffs and minority voters are denied an equal opportunity to participate effectively in the political process. Also, SB 14 deny or abridge Plaintiffs' the right to vote on account of race or color, or membership in a language minority group.

### Count 2

51.Plaintiffs reallege the facts set forth above.

52.SB 14 violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution because it intentionally discriminates against Latino and African-American persons by denying Plaintiffs and these voters an equal opportunity to participate in the political process.

**Count 3**

53. Plaintiffs reallege the facts set forth above.

54. SB 14 violates the First Amendment to the United States Constitution because its requirements inhibit Plaintiffs and the minority citizens they represent, from exercising their rights of free speech and expression and meaningful political association.

**V.**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray that this Court:

55. Assume jurisdiction of this action.

56. Issue a declaratory judgment, pursuant to 28 U.S.C. §§ 2201 and 2202 and Federal Rules of Civil Procedure Rule 57, declaring that SB 14: (1) dilutes and/or prevents the voting strength of minority voters in violation of Section 2 of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973; (2) is an unconstitutional election law in violation of the First and Fourteenth Amendments to the United States Constitution; and (3) cannot be administered by Defendants until such defects are repaired.

57. Issue preliminary and permanent injunctions enjoining the Defendants, their agents, employees, and those persons acting in concert with them, from enforcing or giving any effect to the requirements of SB 14, including enjoining Defendants from conducting any elections utilizing SB 14.

58.	Make all further orders as are just, necessary, and proper to ensure complete fulfillment of this Court's Declaratory and injunctive orders in this case.

59.	Issue an order requiring Defendants to pay Plaintiffs' costs, expenses and reasonable attorneys' fees incurred in the prosecution of this action, as authorized by the Civil Rights Attorneys' Fees Awards Act of 1976, 42 U.S.C. §§ 1973 & 1988.

60.	Grant such other and further relief as it seems is proper and just.

This the 26th day of June, 2013.

Respectfully Submitted,

**BRAZIL & DUNN**

 */s/ Chad W. Dunn*
Chad W. Dunn
State Bar No. 24036507
K. Scott Brazil
State Bar No. 02934050
Brazil & Dunn
4201 Cypress Creek Parkway, Suite 530
Houston, Texas  77068
Telephone:  (281) 580-6310
Facsimile:   (281) 580-6362
chad@brazilanddunn.com
scott@brazilanddunn.com

J. Gerald Hebert
D.C. Bar No. 447676
Attorney at Law
191 Somerville Street, #405
Alexandria, VA 22304
Telephone: 703-628-4673
hebert@voterlaw.com

Neil G. Baron
State Bar No. 01797080
Law Office of Neil G. Baron
914 FM 517 W, Suite 242
Dickinson, Texas 77539
Telephone (281) 534-2748
Facsimile  (281) 534-4309
neil@ngbaronlaw.com

Attorneys for Plaintiffs