IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, JANE HAMILTON, SERGIO DELEON, FLOYD J. CARRIER, ANNA BURNS, MICHAEL MONTEZ, PENNY POPE, OSCAR ORTIZ, KOBY OZIAS, JOHN MELLOR-CRUMLEY, JANE DOE, JOHN DOE, LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), and DALLAS COUNTY, TEXAS<br><br>                Plaintiffs,<br><br>    v.<br><br>RICK PERRY, Governor of Texas; and JOHN STEEN, Texas Secretary of State,<br><br>                Defendants. | Civil Action No. 2:13-cv-193 (NGR) |
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>STATE OF TEXAS; JOHN STEEN, in his official capacity as Texas Secretary of State; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety,<br><br>                Defendants. | Civil Action No. 2:13-cv-263 (NGR) |

## UNOPPOSED MOTION TO CONSOLIDATE

Pursuant to Rule 42 of the Federal Rules of Civil Procedure and Local Rule 7.6, the United States of America respectfully moves to consolidate *United States v. Texas*, No. 2:13-cv-263 (S.D. Tex.) (NGR), with *Veasey v. Perry*, No. 2:13-cv-193 (S.D. Tex.) (NGR). Rule 42(a)

establishes that "[i]f actions before the court involve a common question of law or fact, the court may (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." "Rule 42(a) should be used to expedite trial and eliminate unnecessary repetition and confusion," *Miller v. U.S. Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984), and "considerations of judicial economy strongly favor simultaneous resolution of all claims growing out of one event," *Ikerd v. Lapworth*, 435 F.2d 197, 204 (7th Cir. 1970).

*United States v. Texas* is a challenge under Section 2 of the Voting Rights Act, 42 U.S.C. § 1973, to the State of Texas's photographic voter identification law, SB 14 (2011). *See* Compl. ¶¶ 67-70 (ECF No. 1). This claim raises common questions of both law and fact with the Section 2 and Fourteenth and Fifteenth Amendment racial discrimination claims against SB 14 currently before this Court in *Veasey v. Perry*. *See* Am. Compl. (*Veasey* ECF No. 4). In light of the complexity of these common questions, consolidation would promote the "interests of efficiency and judicial economy," *Pittman v. Mem'l Herman Healthcare*, 124 F. Supp. 2d 446, 449 (S.D. Tex. 2000), and should therefore be granted.

In addition, the United States respectfully requests that if the Court orders the consolidation of *United States v. Texas* with *Veasey v. Perry*, it also postpone the initial conference—scheduled for September 27, 2013 in the *Veasey* case—for thirty days. *See* Order for Conference (ECF No. 2). The parties to both actions anticipate that these cases will present complex discovery issues and that requiring the parties to fulfill Rule 26(f) obligations by September 6, 2013 (twenty-one days before September 27, 2013), as required by Rule 26(f)(1), would unduly burden the parties and would not allow the parties to be as prepared as they would like to be before meeting with each other and with the court. Postponing the initial conference

would allow all the parties (the United States, the *Veasey* plaintiffs, and the State defendants) to engage in a comprehensive Rule 26(f) conference and develop a coordinated discovery plan in advance of the conference with the court.  The United States also agrees that if these actions are consolidated, it will consent to an extension of the defendants' deadline to file a responsive pleading in *United States v. Texas* until October 25, the date that a responsive pleading is due in *Veasey*, to promote efficient and coordinated adjudication of these actions.

Pursuant to Local Rule 7.2, counsel for the United States has conferred with counsel for the State of Texas and for the *Veasey* plaintiffs.  This motion is unopposed.

Date:  August 30, 2013

Respectfully submitted,

| | |
|---|---|
| KENNETH MAGIDSON<br>United States Attorney<br>Southern District of Texas | JOCELYN SAMUELS<br>Acting Assistant Attorney General<br>Civil Rights Division |
| | /s/ *Elizabeth S. Westfall* |
| DANIEL DAVID HU<br>Assistant United States Attorney<br>Southern District of Texas<br>Texas Bar No.: 10131415<br>SDTX ID: 7959<br>1000 Louisiana, Suite 2300<br>Houston, TX 77002<br>(713) 567-9518<br>daniel.hu@usdoj.gov | T. CHRISTIAN HERREN, JR.<br>MEREDITH BELL-PLATTS<br>ELIZABETH S. WESTFALL<br>BRUCE I. GEAR<br>JENNIFER L. MARANZANO<br>ANNA M. BALDWIN<br>DANIEL J. FREEMAN<br>Attorneys, Voting Section<br>Civil Rights Division<br>U.S. Department of Justice<br>Room 7254 NWB<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530 |

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 30, 2013, I served a true and correct copy of the foregoing via the Court's ECF system on the following counsel of record:

Chad W. Dunn
Kembel Scott Brazil
Brazil & Dunn
chad@bradzilanddunn.com
scott@bazilanddunn.com

Neil G. Baron
neil@ngbaronlaw.com

*Counsel for Veasey Plaintiffs*

      I also certify that upon filing, I will immediately serve a true and correct copy of the foregoing via e-mail on the following counsel who have not yet appeared:

Christina Swarns
Ryan P. Haygood
Natasha M. Korgaonkar
Leah C. Aden
NAACP Legal Defense and Educational
   Fund, Inc.
cswarns@naacpldf.org
rhaygood@naacpldf.org
nkorgaonkar@naacpldf.org
laden@naacpldf.org

Danielle Conley
Jonathan Paikin
Kelly P. Dunbar
Sonya L. Lebsack
WilmerHale LLP
danielle.conley@wilmerhale.com
jonathan.paikin@wilmerhale.com
kelly.dunbar@wilmerhale.com
sonya.lebsack@wilmerhale.com

*Counsel for Texas League of Young Voters Movant-Intervenors*

John B. Scott
Office of the Texas Attorney General
john.scott@texasattorneygeneral.gov

*Counsel for Defendants*

/s/ *Daniel J. Freeman*
DANIEL J. FREEMAN
Attorney, Voting Section
Civil Rights Division
U.S. Department of Justice
Room 7123 NWB
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
daniel.freeman@usdoj.gov