IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND; and IMANI CLARK,<br><br>*Proposed Plaintiff-Intervenors,*<br><br>v.<br><br>STATE OF TEXAS; JOHN STEEN, in his official capacity as Texas Secretary of State; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety,<br><br>*Defendants.* | Civ. No. 2:13-cv-00263 |

## PROPOSED INTERVENORS' THE TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND AND IMANI CLARK MOTION TO INTERVENE

Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 24(a)(2), the Texas League of Young Voters Education Fund and Imani Clark (together, "Proposed Plaintiff-Intervenors"), by and through their undersigned counsel, respectfully request that this Court grant their Motion to Intervene as of right as Plaintiff-Intervenors. In the alternative, Proposed Plaintiff-Intervenors request that this Court grant permissive intervention under Fed. R. Civ. P. 24(b)(1).

Although a federal court (three-judge panel) previously blocked the State of Texas's (the "State" or "Texas") photo identification law, Senate Bill 14 ("SB 14"), characterizing it as "the most stringent [photo ID law] in the country," for "impos[ing]

strict, unforgiving burdens on the poor, and racial minorities in Texas," *Texas v. Holder*, 888 F. Supp. 2d. 113, 144 (D.D.C. 2012), the State rushed to implement the law just hours after the U.S. Supreme Court decided *Shelby County, Alabama v. Holder*, 133 S. Ct. 2612 (2013).

Proposed Plaintiff-Intervenors seek to intervene in this action to demonstrate that SB 14, enacted with discriminatory purpose and having a resulting discriminatory effect, will deny them their fundamental right to vote, in violation of the Fourteenth and Fifteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983, and Section 2 of the Voting Rights Act.[1] *See* U.S. Const., amends. XIV & XV, 42 U.S.C. §§ 1973, 1983.

Proposed Individual Plaintiff-Intervenor Imani Clark ("Proposed Individual Plaintiff-Intervenor") is an African-American resident of Texas, and a registered voter in Waller County. Ms. Clark does not possess any of the seven forms of photo identification required by SB 14 to vote in person in Texas ("accepted photo IDs" or "required photo IDs"). *See* Doc. 1, Compl. ¶ 16 (enumerating required "forms of government-issued photo identification in order to vote" under SB 14) (citing SB 14, § 14 (codified at Tex. Elec. Code § 63.0101)). Acquiring any of these accepted forms of photo ID will be severely burdensome for Ms. Clark.

Ms. Clark is an undergraduate student at Prairie View A&M University ("Prairie View"), a public university located in Waller County.[2] Prairie View is a historically

---

[1] Plaintiff-Intervenors' Complaint in Intervention, which sets forth the claims upon which intervention is sought, is filed simultaneously with this Motion.
[2] Ms. Clark was a Defendant-Intervenor in *Texas,* 888 F. Supp. 2d at 113, in which a three-judge panel in the District of D.C. denied preclearance of SB 14 under Section 5 of the Voting Rights Act. Minute Order, *Texas v. Holder*, No. 12-cv-128, (D.D.C. Mar. 22, 2012) (three-judge panel granting Ms. Clark's intervention as Defendant-Intervenor).

Black university in Texas with a rich legacy of defending and advancing the civil rights of African-American students, and other students of color. *See e.g.*, *Symm v. United States*, 445 F. Supp. 1245, 1261 (S.D. Tex. 1978), *aff'd*, 439 U.S. 1105 (1979) (holding as unconstitutional Waller County's practice of denying the opportunity to register to vote to Prairie View students whose families were not "native" to Waller County); *Sweatt v. Painter*, 339 U.S. 629 (1950) (successfully challenging "separate but equal" doctrine at University of Texas). Ms. Clark has a student photo ID issued by a Texas university. She does not own a car, and does not have a driver's license. Before the implementation of SB 14, she legally voted in person in Texas elections using her student ID. But for the unnecessarily burdensome requirements of SB 14, Ms. Clark would be able to vote in person in upcoming Texas elections using her university-issued student ID, as she has in past elections.

Proposed Organizational Plaintiff-Intervenor, the Texas League of Young Voters Education Fund ("Proposed Organizational Plaintiff-Intervenor," the "Texas League," or the "Texas League of Young Voters"), founded in 2010, is a non-partisan, non-profit organization whose mission is to empower young voters, particularly young voters of color, by cultivating and encouraging their full participation in the political process.[3] The Texas League fulfills its mission through conducting voter registration drives, strategic public education campaigns, grassroots organizing, social media outreach, and targeted contact with young voters. The core constituencies of the Texas League are college-

---

[3]  Like Ms. Clark, the Texas League was a Defendant-Intervenor in the SB 14 preclearance litigation. Minute Order, *Texas v. Holder*, No. 12-cv-128 (D.D.C. Mar. 22, 2012) (three-judge panel granting Texas League's intervention as Defendant-Intervenor); *see Texas*, 888 F. Supp. 2d at 113.

enrolled and non-college-enrolled young people of color, as well as low-income youth, particularly in Harris, Waller, Fort Bend, Travis, Leon, Dallas, and Bexar counties. The Texas League has hosted and sponsored voter registration and voter education activities on university campuses and in African-American neighborhoods, and has successfully registered thousands of young voters in the State.

SB 14 has required the commitment of already-limited resources—particularly staff time, staff training, and funds—of the Texas League. If SB 14 remains enforceable, the Texas League will be compelled to allocate a significant portion of its resources to helping its existing base of existing and potential voters secure one of SB 14's accepted photo IDs. Specifically, the Texas League will have to undertake such activities as: (a) assessing whom, among its members and constituency, lacks one of the forms of required photo IDs under SB 14 and/or determining which such IDs (or underlying documents required to obtain them) each member/constituent needs; (b) hosting public education campaigns designed to inform young voters of color that Defendants' previously court-rejected photo ID law is now in effect; and, (c) providing financial assistance and transportation to young voters that lack the required photo IDs and/or underlying documents, so that they can acquire them. Therefore, if allowed to remain in effect, SB 14 will substantially undermine the Texas League's capacity to fulfill its stated mission—that of registering new young voters of color—and, instead, will require it to focus on ensuring that its existing young voters are able to cross the threshold of polling stations' doors on Election Day. Proposed Organizational Plaintiff-Intervenor, therefore, seeks to intervene in this litigation.

The grounds for this Motion to Intervene, more fully described in the accompanying Memorandum of Law in Support of the Motion, are set forth below.

### *Proposed Plaintiff-Intervenors' Motion is Timely.*

Proposed Plaintiff-Intervenors timely seek to intervene in this Section 2 action. Plaintiff filed the Complaint on August 22, 2013. Compl., Doc. 1. Proposed Plaintiff-Intervenors' Motion to Intervene is made before: (1) Defendants Steen and McGraw have filed Answers; (2) the commencement of discovery; or, (3) before any other deadline set forth by this Court. *See generally* Docket Sheet; Order for Conference & Disclosure of Interested Parties, Doc. 7.

Intervention at this early stage of the Section 2 litigation will not unduly delay or prejudice the adjudication of any rights of the original parties. *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994); *see Trans Chem. Ltd. v. China Nat'l Mach. Imp. & Exp. Corp.*, 332 F.3d 815, 822 (5th Cir. 2003).

### *Proposed Plaintiff-Intervenors Have a Substantial Interest in the Underlying Litigation.*

Ms. Clark, and members and constituents of Proposed Organizational Plaintiff-Intervenor, are voters of color in Texas, and, significantly, are members of a class of persons whom the Voting Rights Act was specifically designed to protect. As such, and as voters who will not be able to vote in person under SB 14's provisions, they have direct interests in the outcome of this Section 2 case.

The test for determining the sufficiency of intervenors' interest is a non-stringent, "practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Ross v. Marshall*, 426 F.3d

745, 757 (5th Cir. 2005) (internal citations and quotation marks omitted); *accord Doe v. Glickman*, 256 F.3d 371, 379 (5th Cir. 2001); *Sierra Club*, 18 F.3d at 1207.

In cases involving constitutional challenges to the application of a particular statutory scheme, "the interests of those who are governed by those schemes are sufficient to support intervention." *Chiles v. Thornburg*, 865 F.2d 1197, 1214 (11th Cir. 1989) (quoting 7C Charles Alan Wright, Arthur Miller and Mary Kay Kane, Federal Practice and Procedure 1908, at 285 (2d ed. 1986)). The questions of law and fact concerning the constitutionality and legality of SB 14 directly affect the interests of Proposed Plaintiff-Intervenors, and, therefore, justify their intervention in this case.

Moreover, because SB 14 imperils Ms. Clark's access to the polls, the disposition of this case will have a direct impact on her right to vote. Courts have recognized the significant impact of voting rights cases on the exercise of fundamental rights and routinely have granted intervention to voters of color in such cases, including declaratory judgment actions and enforcement suits, as here. *See, e.g., Perez v. Perry*, No. 5:11-cv-00360, Doc. 67 (W.D. Tex. July 25, 2011) (granting intervention to minority voters in redistricting challenge brought under Sections 2 and 5, and on constitutional grounds); *see also Texas v. Holder*, No. 1:11-cv-01303, Doc. 11 (D.D.C. Aug. 16, 2011) (granting intervention to minority voters in declaratory judgment action to preclear redistricting plan under Section 5); *Harris Cnty. Dep't of Educ. v. Harris Cnty., Tex.*, No. 4:12-cv-2190, Doc. 30 (S.D. Tex. Sept. 6, 2012) (granting several motions to intervene in redistricting challenge brought under Sections 2 and 5, and on constitutional grounds). As the Supreme Court has recognized, "racial discrimination and racially polarized voting are not ancient history. Much remains to be done to ensure that citizens of all races have

6

equal opportunity to share and participate in our democratic processes and traditions." *Bartlett v. Strickland*, 129 S. Ct. 1231, 1249 (2009) (Kennedy, J.). Indeed, in *Shelby County, Alabama*, the Court observed that "voting discrimination still exists; no one doubts that*."* 133 S. Ct. at 2619. Indeed, recent examples of intentional racial discrimination in voting persist in Texas. *See Texas v. United States*, 887 F. Supp. 2d 133, 161 (D.D.C. 2012).

Proposed Organizational Plaintiff-Intervenor's interest is just as strong. Implementation of SB 14 will require the Texas League to redirect its efforts and limited budget away from registering new voters and toward ensuring that already registered voters are able to cross the threshold of polling stations' doors. *See, e.g.*, *Sierra Club v. Glickman*, 82 F.3d 106 (5th Cir. 1996) (trade association entitled to intervene as a matter of right because its members were "real parties of interest" in the case); *Sierra Club*, 18 F.3d at 1207 (trade association entitled to intervene as a matter of right where the lawsuit threatened the association members' legally protected interests).

### *Proposed Plaintiff-Intervenors' Substantial Interests May Not be Adequately Represented by Plaintiff.*

Proposed Plaintiff-Intervenors can demonstrate that the present parties' representation of their interests "may be inadequate." *Hopwood v. Texas*, 21 F.3d 603, 605 (5th Cir. 1994) (the adequacy requirement "is satisfied if the applicant shows that a representation of his interest 'may be' inadequate"); *see also Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972) (showing burden should be treated as minimal); *accord Doe*, 256 F.3d at 380 ("The potential intervenor need only show that the representation may be inadequate."); *Gates v. Cook*, 234 F.3d 221, 230 (5th Cir. 2000) ("We note . . . that the burden of showing that the presumption of adequacy should

7

be overcome is 'minimal' . . . ."); *Edwards v. City of Houston*, 78 F.3d 983, 1005 (5th Cir. 1996); *United States v. Tex. Educ. Agency (Lubbock Indep. Sch. Dist.)*, 138 F.R.D. 503, 507 (N.D. Tex. 1991) ("[T]he presumption [of adequate representation] may be rebutted on a relatively minimal showing . . . .").

In particular, Plaintiff, the United States, cannot fully represent Proposed Plaintiff-Intervenors' interests, given the possibility that institutional constraints may shape its litigation strategy or may change its position during the course of the litigation. *Doe*, 256 F.3d at 381 (noting that government agency did not adequately represent proposed intervenor because agency "must represent the broad public interest, not just the [intervenor's] concerns."); *Sierra Club*, 82 F.3d at 110 (concluding that interests of government and proposed intervenor "will not necessarily coincide, even though, at this point, they share common ground" and intervenor has "more flexibility" in advocating its position); *see also* Joint Status Report, *Florida v. Holder*, No. 1:11-cv-01428, Doc. 76 (D.D.C. Mar. 2, 2012); Defs.' Motion to Dismiss on Mootness, *LaRoque v. Holder*, No. 11-5349, Doc. 1358274 (D.C. Cir. Feb. 14, 2012); Notice by Defendant-Intervenors, *Georgia v. Holder*, No. 1:10-cv-01062, Doc. 47 (D.D.C. Aug. 21, 2010) (noting that United States reversed its position from denying administrative preclearance of the proposed change, to preclearing a similar statute without public comment, during the course of preclearance litigation).

Moreover, as the government, Plaintiff does not have the same stake in this matter as Proposed Plaintiff-Intervenors, whose ability to participate fully and equally in Texas's political processes has been imperiled by SB 14. Government entities are charged generally with "represent[ing] the interests of the American people," whereas Proposed

Plaintiff-Intervenors are dedicated to representing their personal interests in participating fully and equally in Texas's political process. *Natural Res. Def. Council*, 561 F.2d 904, 912-13 (D.C. Cir. 1971); *Smuck v. Hobson*, 408 F.2d 175, 181 (D.C. Cir. 1969); *Friends of Animals v. Kempthorne*, 452 F. Supp. 2d 64, 70 (D.D.C. 2006). Proposed Plaintiff-Intervenors have a direct and vested interest in preventing the implementation of SB 14—a discriminatory voting law that would both prevent and/or frustrate their ability to cast a ballot in person on future election days in Texas.

Finally, Proposed Plaintiff-Intervenors, and particularly Ms. Clark, bring to the litigation a "[l]ocal perspective on the current and historical facts at issue," which is not likely to be presented by Plaintiff, and which will assist the Court in understanding the precise discriminatory purpose and resulting impact of SB 14. *See County Council of Sumter County v. United States*, 555 F. Supp. 694, 697 (D.D.C. 1983); *see also Commack Self-Service Kosher Meats, Inc. v. Rubin*, 170 F.R.D. 93 (E.D.N.Y. 1996) (noting that intervenors would bring a different perspective to case, and that intervention came early in the action); *Fiandaca v. Cunningham*, 827 F.2d 825, 835 (1st Cir. 1987) (likelihood that applicants would introduce additional evidence favors intervention). Moreover, as a registered voter whom SB 14 will disfranchise, Ms. Clark can illuminate precisely how SB 14's stringent requirements will abridge her voting rights, and those of other student voters of color in Texas.

For the foregoing reasons, and those discussed in the accompanying Memorandum of Law, intervention is appropriate as of right, pursuant to Fed. R. Civ. P. 24(a)(2), or in the alternative, permissively, pursuant to Fed. R. Civ. P. 24(b)(1).

Pursuant to Local Rule 7.1.D, counsel for Proposed Plaintiff-Intervenors have conferred with counsel for Plaintiff, who have advised that they do not oppose permissive intervention by Proposed Plaintiff-Intervenors. Counsel for Defendants have advised that they will oppose intervention.

WHEREFORE, Proposed Plaintiff-Intervenors respectfully request that this Court grant their Motion to Intervene.

Dated: August 26, 2013

Respectfully submitted,

/s/ Christina Swarns
Sherrilyn Ifill
 *Director-Counsel*
Christina Swarns*
Ryan P. Haygood*
 *Attorney-in-Charge*
Natasha M. Korgaonkar*
Leah C. Aden*
NAACP Legal Defense and
 Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, New York 10006
Tel: (212) 965-2200
Fax: (212) 226-7592

Danielle Conley*
Jonathan Paikin*
Kelly P. Dunbar*
Sonya L. Lebsack*
Wilmer Cutler Pickering
Hale and Dorr LLP
1875 Pennsylvania Ave., NW
Washington, DC 20006
Tel: (202) 663-6000
Fax: (202) 663-6363

*Attorneys for Proposed
Plaintiff- Intervenors*

* Applications for admission
*pro hac vice* submitted