IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> RICK PERRY, *et al.*, <br><br> Defendants. | Civil Action No. 2:13-cv-193 (NGR) |
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, *et al.*, <br><br> Movant-Intervenors, <br><br> v. <br><br> STATE OF TEXAS, *et al.*, <br><br> Defendants. | Civil Action No. 2:13-cv-263 (NGR) |

**UNITED STATES' RESPONSE TO MOTION TO INTERVENE**

Plaintiff United States respectfully responds to the motion to intervene as plaintiffs filed by the Texas League of Young Voters Education Fund and Imani Clark (collectively "Movant-Intervenors")**.**  Movant-Intervenor Imani Clark is a resident and registered voter of Texas who does not possess any of the forms of photo identification required by Senate Bill 14 (SB 14). Movant-Intervenor the Texas League of Young Voters Education Fund is a non-profit organization that encourages young voters in Texas to participate in the political process.

Movant-Intervenors seek permissive intervention under Rule 24(b)(1) and intervention of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure.  Movant-Intervenors filed their motion to intervene on August 26, 2013.  *See* Mot. to Intervene (ECF No. 15).

Consistent with the United States' longstanding position in Voting Rights Act cases, and as represented by Movant-Intervenors in their papers, the United States does not oppose permissive intervention under Rule 24(b)(1).  However, the United States submits that the conditions are not met for intervention of right under Rule 24(a)(2).

## I. Legal Standard for Intervention

Pursuant to Rule 24(a)(2), a court must grant a timely motion for intervention when the proposed intervenor "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).  Rule 24(b)(1) provides that "on timely motion, the court may permit anyone to intervene who: "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1).

## II. Intervention Under Rule 24(b)

Movant-Intervenors argue that they are eligible for permissive intervention as plaintiffs under Rule 24(b)(1).  Rule 24(b)(1) gives this Court broad discretion to allow persons and organizations to intervene in pending litigation when they present common claims with the existing plaintiff or plaintiffs.  *See Stallworth v. Monsanto Co.*, 558 F.2d 257, 269 (5th Cir. 1977).  The United States does not oppose permissive intervention of Movant-Intervenors pursuant to Rule 24(b)(1).

Courts have routinely allowed intervention by persons situated similarly to Movant-Intervenors in cases involving the Voting Rights Act. *See, e.g.*, Order, *Perez v. Perry*, No. 5:11-cv-360 (W.D. Tex. July 13, 2011) (ECF No. 31); Order, *Perez v. Perry*, No. 5:11-cv-360 (W.D. Tex. July 15, 2011) (ECF No. 42); Order, *Perez v. Perry*, No. 5:11-cv-360 (W.D. Tex. July 25, 2011) (ECF No. 67); Order, *Perez v. Perry*, No. 5:11-cv-360 (W.D. Tex. June 28, 2013) (ECF No. 766). Movant-Intervenors consist of a resident and registered voter of Texas and a group representing numerous such residents and registered voters. As such, Movant-Intervenors may possess relevant knowledge and a useful "local perspective on the current and historical facts" at issue in this litigation. *County Council of Sumter County* v. *United States*, 555 F. Supp. 694, 697 (D.D.C. 1983).

### III.     Intervention Under Rule 24(a)

Movant-Intervenors argue that they are eligible to intervene as plaintiffs under Rule 24(a)(2), which provides for intervention of right when the movant has certain interests in the litigation that are not already adequately represented by existing parties to the litigation. Because permissive intervention is available, this Court need not decide whether intervention of right is warranted.[1]

Movant-Intervenors' arguments that the United States will not adequately represent the interests of Movant-Intervenors are unpersuasive. Movant-Intervenors suggest that the Attorney

---

[1] In Voting Rights Act cases, courts often grant intervention under Rule 24(b) or are silent about the basis for granting intervention. *See, e.g.* Orders, *Perez v. Perry*, No. 5:11-cv-31 (W.D. Tex. July 13, 15, 25, 2011) (ECF Nos. 31, 42, 67)(silent); Order, *South Carolina v. United States*, No. 12-cv-203 (D.D.C. Mar. 20, 2012) (permissive); Order, *Texas v. Holder*, No. 12-cv-128 (D.D.C Mar. 15, 2012) (permissive); Order, *Florida v. United States*, No. 11-cv-1428 (D.D.C. Oct. 19, 2011) (permissive); Orders, *Texas v. United States*, No. 11-cv-1303 (D.D.C. Aug.16, Sept. 8, 2011) (permissive); Order, *LaRoque v. Holder*, No. 10-cv-561 (D.D.C. Aug. 25, 2010) (permissive); Order, *Shelby County v. Holder*, No. 10-cv-651 (D.D.C. Aug. 25, 2010) (permissive); Orders, *Georgia v. Holder*, No. 10-cv-1062, (D.D.C. July 7, 28, and 29 and Aug. 3, 2010) (permissive); Orders, *Nw. Austin Mun. Utility Dist. No. One v. Gonzales*, No. 06-cv-1384, (D.D.C. Nov. 9, 15, 17, 2006; Mar. 26, 2007) (silent). *See* Ex. 1 (collecting unpublished orders).

General's administrative denial of preclearance under Section 5 of the Voting Right Act, which cited the effects of SB 14 on Latino voters but not African-American voters, indicates that the United States will take a similar approach in this lawsuit.  *See* Mem. in Supp. of Mot. to Intervene (ECF No. 15) at 14.  As Movant-Intervenors appear to acknowledge, however, the United States was unable to assess the impact of SB 14 on African-American voters during the administrative review process because Texas did not produce data necessary for that analysis.  *See id.*  More significantly, during the subsequent trial of the State's claim seeking preclearance of SB 14 under Section 5 of the Voting Rights Act, the Attorney General presented both lay and expert testimony of the impact of SB 14 on both African-American and Hispanic voters.  *See Texas v. Holder*, 888 F. Supp. 2d 113, 132, 139 (D.D.C. Aug. 30, 2012), vacated ___ S.Ct. ___ (2013) (discussing conclusions in the report of Dr. Stephen Ansolabehere, the Attorney General's expert, and trial testimony of Texas Representative Trey Martinez Fischer and State Senator Carlos Uresti).  The Attorney General's development and use of this evidence in *Texas v. Holder* demonstrates that the United States will continue to represent the interests of all voters in the instant litigation.  See also Compl. ¶¶ 35-42, 68-69 (discussing discriminatory result SB 14 will have on Hispanic and African-American voters and the discriminatory purposes of denying Hispanics and African Americans equal access to the political process in violation of Section 2).

Movant-Intervenors also contend that they should be granted intervention as of right based on general concerns about the United States' institutional constraints and positions that the United States has advocated in other voting-related cases.  Movant-Intervenors do not dispute that under the Voting Rights Act, the Attorney General is charged with protecting the public interest in eradicating racial discrimination in voting.  To that end, the Attorney General brings affirmative suits to enforce the Act, reviews proposed voting changes in jurisdictions that are

covered under Section 3(c), serves as the statutory defendant in cases brought under the Act, and defends constitutional challenges to the Act. *See* 42 U.S.C. §§ 1973a(c), 1973j(d); 28 U.S.C. § 2403(a). In addition, Movant-Intervenors do not cite a divergence in the positions of the United States and the intervenors—which included Movant-Intervenors here—in *Texas v. Holder*. Because Movant-Intervenors have not shown that the United States may not adequately represent their interests, their request for intervention as of right should be denied.

IV. **Conclusion**

The United States does not oppose permissive intervention under Rule 24(b)(1). Because Movant-Intervenors have not shown that the United States will not adequately represent the interests of the Movant-Intervenors in this litigation, the conditions are not met for intervention as of right under Rule 24(a)(2). Because the conditions are met for permissive intervention, the Court need not decide whether intervention of right is warranted.

Date: September 16, 2013

Respectfully submitted,

KENNETH MAGIDSON
United States Attorney
Southern District of Texas

JOCELYN SAMUELS
Acting Assistant Attorney General
Civil Rights Division

*/s/ Elizabeth S. Westfall*
DANIEL DAVID HU
Assistant United States Attorney
Southern District of Texas
Texas Bar No.: 10131415
SDTX ID: 7959
1000 Louisiana, Suite 2300
Houston, TX 77002
(713) 567-9518
daniel.hu@usdoj.gov

T. CHRISTIAN HERREN, JR.
MEREDITH BELL-PLATTS
ELIZABETH S. WESTFALL
BRUCE I. GEAR
JENNIFER L. MARANZANO
ANNA M. BALDWIN
DANIEL J. FREEMAN
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
Room 7254 NWB
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2013, I served a true and correct copy of the foregoing via the Court's ECF system on the following counsel of record:

Chad W. Dunn
Kembel Scott Brazil
Brazil & Dunn
chad@bradzilanddunn.com
scott@bazilanddunn.com

Neil G. Baron
neil@ngbaronlaw.com

*Counsel for Veasey Plaintiffs*

Christina Swarns
Ryan P. Haygood
Natasha M. Korgaonkar
Leah C. Aden
NAACP Legal Defense and Educational Fund, Inc.
cswarns@naacpldf.org
rhaygood@naacpldf.org
nkorgaonkar@naacpldf.org
laden@naacpldf.org

Danielle Conley
Jonathan Paikin
Kelly P. Dunbar
Sonya L. Lebsack
WilmerHale LLP
danielle.conley@wilmerhale.com
jonathan.paikin@wilmerhale.com
kelly.dunbar@wilmerhale.com
sonya.lebsack@wilmerhale.com

*Counsel for Texas League of Young Voters Movant-Intervenors*

I also certify that upon filing, I will immediately serve a true and correct copy of the foregoing via e-mail on the following counsel who has not yet appeared:

John B. Scott
Office of the Texas Attorney General
john.scott@texasattorneygeneral.gov

*Counsel for Defendants*

/s/ *Jennifer Maranzano*
JENNIFER L. MARANZANO
Attorney, Voting Section
Civil Rights Division
U.S. Department of Justice
Room 7123 NWB
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
jennifer.maranzano@usdoj.gov