# Exhibit 1

1857270v.2 IMANAGE 106763

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

_____
                                    )
THE UNITED STATES OF AMERICA,       )
                                    )
        *Plaintiff*,                )
                                    )
    v.                              )   Case No. 2:13-CV-00193
                                    )
STATE OF TEXAS and JOHN STEEN,      )
in his official capacity as Secretary of State, )
STEVE MCCRAW, in his official capacity )
as Director of the Texas Department of Public )
Safety,                             )
        *Defendants*.               )
_____ )

## ANSWER OF DEFENDANT-INTERVENER TRUE THE VOTE

Defendant-Intervener True the Vote ("Interveners") hereby submits this Answer in the above-captioned case and state as follows:

### ANSWER

1. Admitted, except that the Attorney General of the United States has no standing to assert constitutional claims under the 14th or 15th Amendments as the Plaintiff may not press a claim which only an aggrieved individual may press. Instead, the Attorney General may only bring claims under specific statutes which codify constitutional claims and permit actions pertaining to intentional discrimination which violates a statute, not the Constitution.

2

## JURISDICTION AND VENUE

2.      Admitted in part, and denied in part.  This Court has jurisdiction to hear various statutory claims, but does not have subject matter jurisdiction to impose various remedies sought by the Plaintiff, including statewide imposition of federal preclearance obligations for any jurisdiction other than the Defendant itself.  Further, this Court does not have subject matter jurisdiction to impose various remedies sought by the Plaintiff, including the imposition of federal preclearance obligations for any election law change other than changes relating to voter identification requirements.

3.      Admitted.

## PARTIES

4.      Admitted.

5.      Admitted.

6.      Admitted.

7.      Admitted.

## ALLEGATIONS

8.      Admitted, except to the extent that citizens voting age population (CVAP) is the only demographic metric with any relevance to this case.

9.      Admitted, except to the extent that citizens voting age population (CVAP) is the only demographic metric with any relevance to this case.

10.     Admitted.

11.     Defendant-Intervener lacks sufficient information to admit or deny the specific allegations in this paragraph, and therefore deny them.  To the extent that a response is

3

required, Spanish surname analysis, due to a variety of factors including inter-marriage across generations, is notoriously unreliable and carries little to no weight in this dispute.

12. Defendant-Intervener lacks sufficient information to admit or deny the specific allegations in this paragraph, and therefore deny them.

13. Denied. To the extent any further response is necessary, economic circumstances do not give rise to a protected class under the Voting Rights Act.

14. Denied. To the extent any further response is necessary, automobile ownership does not give rise to a protected class under the Voting Rights Act.

15. Denied. Furthermore, any history of discrimination in Texas is not relevant evidence for whether or not imposition of federal preclearance obligations may be imposed by this Court because of the ruling in *Shelby County v. Holder*, 133 S. Ct. 2612 (2013), which precluded discrimination which was no longer current or pervasive from the question of whether federal preclearance obligations were appropriate or constitutional.

**Requirements of SB 14**

16. Admitted.

17. Admitted.

18. Admitted.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

4

23. Admitted.

24. Denied.

25. Denied.

**Passage of SB 14 Was Motivated By Discriminatory Intent**

26. Denied.

27. Denied, and Plaintiff is alleging that "anti-immigrant" rhetoric characterized passage of SB 14 which would relate to valid Texas voters and United States citizens when Plaintiff more correctly should allege "anti-illegal immigration" rhetoric. Admitted in so far as SB 14 is designed to prevent non-citizens from registering and voting in contravention to laws enforced by the Plaintiff, activity which has occurred in Texas and which Plaintiff has not prosecuted.

28. Denied.

29. Denied, and the Supreme Court has deemed such evidence of voter fraud as unimportant and unnecessary for the adoption of prophylactic voter identification statutes. Moreover, any instance of illegal voting or non-citizen registration constitutes a serious problem, and Plaintiff is in possession of evidence regarding voter registrations of non-citizens in Texas.

30. Denied.

31. Denied, except to the extent that the Defendant making no inquiry into any racially disparate impact is evidence supporting Defendant and demonstrating that no racially discriminatory intent affected the passage of SB 14.

32. Denied.

33.     Denied.

34.     Denied, as the conclusions in the case cited by the Plaintiff has no relevance to the voting changes in SB 14 now before this Court.

**Implementation and Enforcement of SB 14 Will Have a Discriminatory Result**

35.     Denied.

36.     Denied, is so far as "substantial" is undefined by Plaintiff.  Admitted in part that some will lack identification.

37.     Denied.

38.     Denied.

39.     Denied, and Defendants have been highly responsive, cohesion coefficients among minority voters far surpasses coefficients by white voters thus rendering polarization pattern evidence as favorable to Defendants, the recent history of official discrimination is almost non-existent in Texas and Senate Factor One evidence of outreach and other activities will be favorable to Defendants, socioeconomic differences among racial groups are not statistically significant enough to carry any weight and have no relevance to voting matters, and racial appeals are used primarily in Democratic primaries among members of various racial minority groups against other racial minority groups to the degree they have no relevance to SB 14.

40.     Denied, and that evidence will demonstrate that SB 14's relationship to existing election integrity needs is not tenuous, but rather consistent with Supreme Court precedent on prophylactic measures and demonstrated fraud.

41.     Denied.

6

42. Denied.

**Administrative and Judicial Review of SB 14 Under Sec. 5 of the Voting Rights Act**

43. Denied in so far as SB 14 has been used in Texas, otherwise Admitted.

44. Admitted.

45. Admitted.

46. Admitted.

47. Admitted, except that the District Court gave the dataset little to no weight.

48. Admitted, except that the District Court gave the dataset little to no weight.

49. Defendant-Intervener lacks sufficient information to admit or deny the specific allegations in this paragraph, and therefore deny them.

50. Admitted, except that such objection has no weight or relevance to this case because the statutory standards were such that Texas bore the burden of proof to demonstrate a complete absence of disparate impact, a burden and standard of proof which has no relationship to the burden carried by Plaintiff in this case.

51. Defendant-Intervener lacks sufficient information to admit or deny the specific allegations in this paragraph, and therefore deny them.

52. Admitted.

53. Admitted, in so far as no objection was interposed for discriminatory purpose, the rest is Denied.

54. Admitted.

55. Admitted, except that such decision has no weight or relevance to this case because the statutory standards were such that Texas bore the burden of proof to

demonstrate a complete absence of disparate impact, a burden and standard of proof which has no relationship to the burden carried by Plaintiff in this case.

56. Admitted, except that such decision has no weight or relevance to this case because the statutory standards were such that Texas bore the burden of proof to demonstrate a complete absence of disparate impact, a burden and standard of proof which has no relationship to the burden carried by Plaintiff in this case.

57. Admitted, except that such decision has no weight or relevance to this case because the statutory standards were such that Texas bore the burden of proof to demonstrate a complete absence of disparate impact, a burden and standard of proof which has no relationship to the burden carried by Plaintiff in this case.

58. Admitted, except that such decision has no weight or relevance to this case because the statutory standards were such that Texas bore the burden of proof to demonstrate a complete absence of disparate impact, a burden and standard of proof which has no relationship to the burden carried by Plaintiff in this case.

59. Admitted.

60. Admitted.

61. Admitted.

62. Admitted.

63. Admitted.

1857270v.2 IMANAGE 106763

## The Need for Section 3(c) Relief

64. Denied, in so far as Texas has not done so during any time relevant to whether or not this Court may impose preclearance obligations on the Defendant as required by *Shelby County v. Holder*, 133 S. Ct. 2612 (2013).

65. Denied.

## Cause of Action

66. Denied, in so far as a denial has been made.

67. Admitted.

68. Denied.

69. Denied.

70. Denied.

Dated:  September 25, 2013                                     Respectfully submitted,

/s/ Joseph M. Nixon_____
Joseph M. Nixon
State Bar No. 15244899
James E. ("Trey") Trainor, III
State Bar No. 24042052
**BEIRNE, MAYNARD & PARSONS, L.L.P.**
1300 Post Oak Boulevard, Suite 2500
Houston, TX 77056
Telephone: (713) 623-0887
Facsimile: (713) 960-1527
Email: jnixon@bmpllp.com

                              J. Christian Adams
                              South Carolina Bar No. 7136
                              **ELECTION LAW CENTER, PLLC**
                              300 N. Washington Street
                              Suite 405
                              Alexandria, Virginia 22314
                              Telephone: (703) 963-8611
                              Email: adams@electionlawcenter.com
                              (*Pro Hac Vice application to be filed*)