## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| | § | Case No. 2:13-cv-00193 |
| TEXAS ASSOCIATION OF HISPANIC | § | Consolidated with 2:13-cv-00263 |
| COUNTY JUDGES AND COUNTY | § | |
| COMMISSIONERS, and MARIA | § | |
| LONGORIA BENEVIDES and | § | |
| | § | |
| *Proposed Plaintiff Intervenor,* | § | |
| | § | |
| | § | |
| **V.** | § | |
| RICK PERRY, Governor of Texas; and | § | |
| JOHN STEEN, Texas Secretary of State | § | |
| STEVE McCRAW, in his official capacity as | § | |
| Director of the Texas Department of Public | § | |
| Safety, | § | |
| *Defendants,* | § | |

### PLAINTIFF-INTERVENOR TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS,  and MARIA LONGORIA BENEVIDES MOTION AND MEMORANDUM IN SUPPORT OF INTERVENTION

1.       This is a voting rights lawsuit.  This action is brought pursuant to Section 2 of the Voting Rights Act, 42 U.S.C.  § 1973 et seq., and the Fourteenth and Fifteenth Amendments to the United States Constitution, 42 U.S.C. § 1983.   This is also an action requesting declaratory and injunctive relief against the State of Texas to challenge Senate Bill 14 of 2011 ("SB 14").

2.       Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 24(a)(2), the TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS (the "HJ&C," or "Hispanic Judges and Commissioners")   ("Proposed Planitiff-Intervenors") and MARIA LONGORIA BENEVIDES by and through their undersigned counsel, respectfully request that this Court grant their Motion to Intervene as of right as Plaintiff-Intervenors. In the alternative,

Proposed Plaintiff-Intervenors request that this Court grant permissive intervention under Fed. R. Civ. P. 24(b)(1)[1]

3.      Plaintiff-Intervenor TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS is an association of Hispanic elected county officials and seeks intervention to protect their interest in conducting fair elections and the costs associated with conducting those elections. The HJ&C request for intervention meets all the prerequisites for intervention as a matter of right: the request for intervention is timely; the rights at stake are directly implicated by claims of the Plaintiffs; it cannot effectively protect its interest unless it is part of this action.

4.      Plaintiff-Intervenor MARIA LONGORIA BENEVIDES is a registered voter without the required identification under SB 14l; she cannot effectively protect her interest unless she is part of this action.

5.      Although a federal court (three-judge panel) previously blocked the State of Texas's (the "State" or "Texas") photo identification law, Senate Bill 14 ("SB 14"), characterizing it as "the most stringent [photo ID law] in the country," for "impos[ing] strict, unforgiving burdens on the poor, and racial minorities in Texas," *Texas v. Holder*, 888 F. Supp. 2d. 113, 144 (D.D.C. 2012), the State rushed to implement the law just hours after the U.S. Supreme Court decided *Shelby County, Alabama v. Holder*, 133 S. Ct. 2612 (2013).

6.      Plaintiff-Intervenors includes members from South Texas Counties in which over 80% of the registered voters are Latinos who are protected by Section 2 of the Federal Voting Rights Act, *LULAC v. Perry*, 126 S. Ct. 2594 (2006). This intervention is his behalf of Hispanic voters of South Texas.   SB 14 will have a discriminatory effect on South Texas Counties where over 80% of the registered voters are Latinos and whose statewide vote will be minimized.

---

[1] Plaintiff-Intervenors' Complaint in Intervention, which sets forth the claims upon which intervention is sought, is filed simultaneously with this Motion.

7.      Plaintiff-Intervenor MARIA LONGORIA BENEVIDES is a Hispanic resident of South Texas, Hidalgo County, and a registered voters who do not possess any of the seven forms of photo identification required by SB14 to vote in person in Texas ("accepted photo Ids" or "required photo IDs"). See Dkt #1 para 16 (USA Complaint) (enumeration required "forms of government-issued photo identification in order to vote" under SB 14).  Acquiring any of these accepted forms of photo ID will be severely burdensome.

8.      The HJ&C is unique in that it represents most of the Latino Texas Counties including Hidalgo, Cameron, Frio, Webb, LaSalle, Star, Zapata, Zavala Maverick Val Verde and El Paso.  These counties have over 1,000,000 registered voters of whom approximately 80% are Spanish Surnamed voters.

9.      The HJ&C includes representatives of Frio and LaSalle Counties; these counties do not have a DPS office authorized to issue the required EIC.

10.     The counties represented by the HJ&C include counties like Hidalgo County which has 284,268 registered voters of who over 85% are Hispanic. Because of SB14 the county will have to hire additional personal and expend considerable resources to enforce SB 14 to conduct proper elections; moreover, the discriminatory impact on this county will be severe.

11.     County government is charged with conducting elections including the registration of voters; these Proposed Intervenors HJ&C will be impacted uniquely by SB14 and will be able to assist this Court in establishing relevant facts to apply to existing voting rights law.

**Procedural Posture**

12. This case was only recently filed and no discovery or hearings have been held.  As far as we can tell no answer has yet been filed. Intervention at this early stage of the Section 2 litigation will not

3

unduly delay or prejudice the adjudication of any rights of the original parties *Sierra Club v. Espy,* 18 F.3d 1202, 1205 (5th Cir. 1994); *see Trans Chem. Ltd. v. China Nat'l Mach. Imp. & Exp. Corp.*, 332 F.3d 815, 822 (5th Cir. 2003).

### Potential Impact of this Litigation

13. Historically, Texas has been found to pass legislation to discriminate against Latino voters, *See: White v. Register*, 412 U.S.755 (1973*); Terrazas v. Clements*, 537 F. Supp. 514 (N.D. Tex. 1982); *Texas v. United States*, 785 F. Supp. 201 (D.D.C. 1992); *LULAC v. Perry*, 548 U.S. 399 (2006); *Bush v.Vera*, 517 U.S. 952, 981-82 (1966)(plurality opinion).[2]  If allowed to intervene, Intervenor will be able to protect the specific interest at stake for South Texas Counties; South Texas Counties have a high concentration of Latino voters and SB14 is designed to lessen the influence of South Texas Counties in statewide elections. Also in *Texas,* 888 F. Supp. 2d at 113, a three-judge panel in the District of D.C. denied preclearance of SB 14 under Section 5 of the Voting Rights Act.

### ARGUMENT

### I.    Intervention Is Proper as a Matter of Right

Under Fed R. Under Fed. R. Civ. P. 24(a)(2), intervention as of right is appropriately granted where, as here: (1) the motion is timely; (2) the applicant "claims an interest relating to the property or transaction that is the subject of the action;" (3) the applicant "is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest;" and (4) the existing parties do not adequately represent that interest. Fed. R. Civ. P. 24(a)(2). *See Doe*, 256 F.3d at 381. Proposed Plaintiff-Intervenors satisfy each of the above requirements.

---

[2] Federal intervention has been necessary to eliminate numerous devices intentionally used to restrict minority voting in Texas. *See, e.g.*, *White*, 412 U.S. at 768 (poll tax); *Terry v. Adams*, 345 U.S. 461 (1953) (private primary); *Smith v. Allwright*, 321 U.S. 649 (1944) (white primary); *Nixon v. Herndon*, 273 U.S. 536 (1927) (exclusion of minorities)

HJ&C request intervention as a matter of right under Federal Rule of Civil Procedure 24 (a). Intervention as of right should be granted when the following four requirements are met: (1) the applicant for intervention is timely; (2) the applicant has an interest to the property or transaction that is the subject of the action; (3) the applicant is so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interests are inadequately represented by the existing parties to the suit. *New Orleans Public Service, Inc. v. United Gas and Pipe Line Co.,* 732 F.2d 452, 463 (5th Cir. 1984)(en banc).  Intervention as a matter of right involves a "flexible" inquiry, "which focuses on the particular facts and circumstances surrounding each application [for intervention]". *Edwards v. City of Houston,* 78 F.3d 983, 999 (5th Cir. 1996) (internal quotation marks, ellipses, and brackets omitted).  Accordingly, "intervention of right must be measured by a practical rather than technical yardstick." *Id.*

Federal courts have emphasized that Fed. R. Civ. P. 24's intervention requirements should be construed flexibly and in favor of intervention. *United States v. Perry Cnty. Bd. Of Educ.*, 567 F.2d 277, 279 (5th Cir. 1978) ("Our inquiry is a flexible one, which focuses on the particular facts and circumstances surrounding each application . . . .") (internal citation and quotation marks omitted); *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir. 1970) ("[Fed. R. Civ. P. 24(a)] has its permissive aspects, and . . . we must view its exercise in the liberal atmosphere of the Rules of Civil Procedure . . . ."); *Diaz v. S. Drilling Corp.*, 427 F.2d 1118, 1126 (5th Cir. 1970) ("[T]he possibility of prejudice [in an untimely filing] is to be evaluated against the liberal treatment that is to be accorded applications for intervention of right . . . ."); *see also Turn Key Gaming, Inc. v. Oglala Sioux Tribe*, 164 F.3d 1080, 1081 (8th Cir. 1999) ("Rule 24 is to be construed liberally, and doubts resolved in favor of the proposed intervenor."); *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir.1994) (Federal court should

allow intervention where no one would be hurt and greater justice could be attained.").(internal citation and quotation omitted).

## A. The Intervention is Timely

This intervention is timely because it acted with all practicable speed after it learned that the Plaintiffs had filed this action. No hearings have been held nor has any discovery been conducted. Timeliness is a flexible requirement that varies from case to case. *See McDonald v. E.J. Lavino Co.* 430 F.2d 1065, 1074 (5th Cir. 1970). Thus "[t]imeliness of intervention depends on a review of all the circumstances, and the Fifth Circuit has identified four factors to consider: (1) the length of time the intervenor knew or should have known of his interest in the case; (2) prejudice to the existing parties resulting from intervenor's failure to apply for intervention sooner; (3) prejudice to the intervenor if his application for intervention is denied; (4) the existence of unusual circumstances." *Trans Chemical Ltd. v. China Nat. Machinery Import & Export Co.*, 332 F3d 815, 822 (5th Cir. 2003). Under any standard previously articulated by the Courts, this Motion to Intervene is timely. After receiving notice of the action Intervenor moved to review the pleadings, confer with the attorney for the Plaintiffs.

## B. Intervention Will Not Prejudice the Plaintiffs

The Plaintiffs will not suffer any prejudice as a result of the request for intervention. The lawsuit was only recently filed. No answers or discovery have yet been filed. No motions or hearing have yet been heard in this case. The case is at its inception.

## C. Intervenor Will Suffer Significant Prejudice If Intervention is Denied

Intervenor could well suffer significant harm if intervention is not permitted. The allegations of the Plaintiffs implicate the Civil Rights of Latinos. The allegations relate the bedrock of our Democratic process involving the right to vote. Although the United States has asserted rights on behalf of voters,

the proposed Intervenors in this case are members of Association of Hispanic Judges and Commissioners whose constituent voters who will suffer greatly if SB14 is implemented.  Many of the counties represented by the HJ&C do not have Texas Department of Public Safety offices and therefore many of the voters cannot register to vote within the county as has been done for decades.


### D. Interest of the Intervenor

Because of the impending election cycle, this case must be tried on an extremely expedited basis. Important distinctions in the interests of the elected officials and the Hispanic electorate could become a very serious problem later in the litigation and intervention at that point would necessarily delay the litigation and prejudice the rights of the Intervenor. Unless intervention is granted the Intervenor will be substantially impaired in the ability to insure that elections are conducted fairly, efficiently and in a non discriminatory manner.


### E. Unusual Circumstances Exist that Would Militate Against Intervention.

Proposed Intervenors knows of no circumstances that would operate to work against its intervention.


### F.  Proposed Intervenors  Have a  Substantial and Legally Protected Interests in the Case That It Cannot Protect Without Intervention and Is Inadequately Protected by the Named Plaintiffs

Proposed Intervenors have a substantial and legally protected interest that the law recognizes in the matters raised by this action.  The Voting Rights Act specifically prohibits discrimination against Latinos in voting. 42 U.S.C. § 1973 *et seq.*  The Courts have recognized that redistricting plans can be drawn in such a fashion as to dilute the voting strength of Latino voters. *See LULAC v. Perry,* 548 U.S. 399 (2006).  The history of redistricting litigation against the State of Texas in the past four decades

indicates that redistricting done by Texas has often been found to violate the special provisions of the Federal Voting Rights Act, to violate Section 2 of the Federal Voting Rights Act, to violate the Fourteenth Amendment to the US Constitution and various other Federal Civil Rights statutes including 42 USC Sec. 1983.  See e.g. . *White v. Register*, 412 U.S.755 (1973*); Terrazas v. Clements*, 537 F. Supp. 514 (N.D. Tex. 1982); *Texas v. United States*, 785 F. Supp. 201 (D.D.C. 1992); *LULAC v. Perry*, 548 U.S. 399 (2006).

## II.     ALTERNATIVELY, INTERVENOR SHOULD BE ALLOWED TO PERMISSIVELY INTERVENE

Alternatively, the Proposed Intervenors satisfies the requirements for this Court to permit intervention.  Permissive intervention, which is a matter of discretion for the Court, is appropriate when the intervention is timely, the intervenor's "claim or defense and the main action have a question of law or fact in common," and granting the intervention will not unduly delay or prejudice the original parties in the case. Fed. R. Civ. P. 24(b)(2).

As discussed above, this intervention is timely.  The Claims of the Proposed Intervenors have common questions of law and fact.   The State of Texas has acted often contrary to the interests of Hispanics.

In the past four decades the Federal Court has stood at this important litigation juncture.  In each event, the Intervention of Hispanic named individuals and Hispanic elected officials such as Proposed Intevenors have been allowed.

## PRAYER

Plaintiff respectfully prays that this Court enter Judgment granting this Intervention and allow

TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS and

MARIA LONGORIA BENEVIDES to fully participate in this litigation.

DATED:  September 27, 2013                          Respectfully Submitted,


ROLANDO L. RIOS
115 E. Travis, Suite 1645
San Antonio, Texas 78205
Ph:     (210) 222-2102
Fax:    (210) 222-2898
E-mail:rios@sbcglobal.net
LAW OFFICES OF ROLANDO L. RIOS


By:___/s/ Rolando Rios_____
    ROLANDO L. RIOS
    Attorney for the TEXAS ASSOCIATION OF
HISPANIC COUNTY JUDGES AND COUNTY
COMMISSIONERS and MARIA  LONGORIA
BENEVIDES


## CERTIFICATE OF SERVICE

I hereby certify that all the parties to this Cause have been notified of this Proposed Intervention
through the electronic filing system used by the federal courts.

____/s/ Rolando L. Rios_
Rolando L. Rios