IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*, <br><br>        Plaintiffs, <br><br>v. <br><br>RICK PERRY, *et al.*, <br><br>        Defendants. | Civil Action No. 2:13-cv-193 (NGR) |
| UNITED STATES OF AMERICA, <br><br>        Plaintiff, <br><br>TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, *et al.*, <br><br>        Plaintiff-Intervenors, <br><br>TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, *et al.*, <br><br>        Movant-Intervenors, <br><br>v. <br><br>STATE OF TEXAS, *et al.*, <br><br>        Defendants. <br><br>TRUE THE VOTE, <br><br>        Movant-Intervenor. | Civil Action No. 2:13-cv-263 (NGR) |

TEXAS STATE CONFERENCE OF NAACP
BRANCHES, *et al.*,

          Plaintiffs,

v.

JOHN STEEN, *et al.*,

          Defendants.

Civil Action No. 2:13-cv-291 (NGR)

**MOTION FOR A STAY IN LIGHT OF LAPSE OF APPROPRIATIONS**

      The United States of America hereby moves for a stay of all briefing, responses on behalf of the United States, court appearances, discovery obligations, and pre-discovery obligations, including those under Rule 26 of the Federal Rules of Civil Procedure in the above-captioned case.

      1.     At the end of the day on September 30, 2013, the appropriations act that had been funding the Department of Justice expired and appropriations for the Department lapsed. The same is true for most Executive agencies, including the Department of Justice and certain other federal entities that are essential for electronic discovery negotiations among the parties. The Department does not know when funding will be restored.

      2.     Absent an appropriation, Department of Justice attorneys and employees are prohibited from working, even on a voluntary basis, except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342.

      3.     Undersigned counsel for the Department of Justice therefore request a stay of all briefing, responses on behalf of the United States to any pending motions, responses on behalf of the United States to any pleading or motion filed during the lapse in appropriations, court

appearances, discovery obligations, and pre-discovery obligations, including those under Rule 26 of the Federal Rules of Civil Procedure, until appropriations have been restored to the Department. This request includes, but is not limited to: (1) the Court's Order for Conference and Disclosure of Interested Parties [No. 2:13-cv-263 Doc. 7]; (2) the Rule 26(f) Conference which parties had scheduled for October 7, 2013; (3) the joint report of meeting and joint discovery/case management plan due on October 11, 2013 [No. 2:13-cv-263 Doc. 2, No. 2:13-cv-193 Doc. 14]; (4) the United States' response to the Motion for Intervention of True the Vote [No. 2:13-cv-193 Doc. 38], which is due October 16, 2013; (5) the United States' response to Plaintiff-Intervenor Texas Association of Hispanic County Judges and County Commissioners, and Maria Longoria Benevides Motion and Memorandum in Support of Intervention [No. 2:13-cv-193 Doc. 41], which is due October 18, 2013; (6) the Initial Pretrial and Scheduling Conference with the Court scheduled on October 25, 2013 [No. 2:13-cv-193 Doc. 14]; and (7) any responses on behalf of the United States to any pleadings or motions filed during the lapse in appropriations.

      4.      If this motion for a stay is granted, undersigned counsel will notify the Court as soon as Congress has appropriated funds and the Department of Justice has reopened. The United States requests that, at that point, all current deadlines for the United States be extended commensurate with the duration of the lapse in appropriations.

      5.      Counsel for United States has advised all current parties in these consolidated cases prior to filing of this motion. Counsel for the Defendants State of Texas *et al.* advise that they have no objection to the motion. Counsel for Plaintiff-Intervenors Texas League of Young Voters Education Fund *et al.*, in No. 2:13-cv-263, advise that they do not oppose this motion. Counsel for the Plaintiff Texas State Conference of NAACP *et al.*, in No. 2:13-cv-291, advise

3

that they do not oppose this motion. Counsel for the Plaintiffs Veasey *et al*., in No. 2:13-cv-193, advise that they will file a response to the motion.

Therefore, although we greatly regret any disruption caused to the Court and the other litigants, the United States moves for a stay of all briefing, responses on behalf of the United States, court appearances, discovery obligations, and pre-discovery obligations, including those under Rule 26 of the Federal Rules of Civil Procedure, until funding to the Department of Justice is restored.

Date:  October 1, 2013

|  |  |
|---|---|
|  | Respectfully submitted, |
| KENNETH MAGIDSON<br>United States Attorney<br>Southern District of Texas | JOCELYN SAMUELS<br>Acting Assistant Attorney General<br>Civil Rights Division |
| JOHN A. SMITH III<br>Assistant United States Attorney<br>800 N. Shoreline, Suite 500<br>Corpus Christi, Texas 78401<br>(361) 903-7926 | */s/ Meredith Bell-Platts*<br>T. CHRISTIAN HERREN, JR.<br>MEREDITH BELL-PLATTS<br>ELIZABETH S. WESTFALL<br>BRUCE I. GEAR<br>JENNIFER L. MARANZANO<br>ANNA M. BALDWIN<br>DANIEL J. FREEMAN<br>Attorneys, Voting Section<br>Civil Rights Division<br>U.S. Department of Justice<br>Room 7254 NWB<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530 |

## CERTIFICATE OF SERVICE

      I hereby certify that on October 1, 2013, I served a true and correct copy of the foregoing via email on the following counsel of record:

John B. Scott
Office of the Texas Attorney General
john.scott@texasattorneygeneral.gov

*Counsel for Defendants*

Chad W. Dunn
Kembel Scott Brazil
Brazil & Dunn
chad@bradzilanddunn.com
scott@bazilanddunn.com

Neil G. Baron
Law Offices of Neil G. Baron
neil@ngbaronlaw.com

Armand Derfner
Derfner, Altman, & Wilborn
aderfner@dawlaw.com

Luiz Roberto Vera, Jr.
lrvlaw@sbcglobal.net

*Counsel for Veasey Plaintiffs*

Christina Swarns
Ryan P. Haygood
Natasha M. Korgaonkar
Leah C. Aden
NAACP Legal Defense and Educational
   Fund, Inc.
cswarns@naacpldf.org
rhaygood@naacpldf.org
nkorgaonkar@naacpldf.org
laden@naacpldf.org

Danielle Conley
Jonathan Paikin
Kelly P. Dunbar
Sonya L. Lebsack
WilmerHale LLP
danielle.conley@wilmerhale.com
jonathan.paikin@wilmerhale.com
kelly.dunbar@wilmerhale.com
sonya.lebsack@wilmerhale.com

*Counsel for Texas League of Young Voters Plaintiff-Intervenors*

Ezra D. Rosenberg
Amy L. Rudd
Dechert LLP
ezra.rosenberg@dechert.com
amy.rudd@dechert.com

Wendy Weiser
Jennifer Clark
Vishal Agraharkar
Brennan Center for Justice at NYU School of
   Law
wendy.weiser@nyu.edu
jenniferl.clark@nyu.edu
vishal.argraharkar@nyu.edu

Mark A. Posner
Sonia Kaur Gill
Lawyers' Committee for Civil Rights
mposner@lawyerscommittee.org
sgill@lawyerscommittee.org

*Counsel for Texas State Conference of NAACP Branches Plaintiffs*

Joseph M. Nixon
Bierne, Maynard, & Parsons
jnixon@bmpllp.com

*Counsel for True the Vote Movant-Intervenor*

Rolando L. Rios
Law Offices of Rolando L. Rios
rrios@rolandorioslaw.com

*Counsel for Texas Association of Hispanic County Judges and County Commissioners Movant-Intervenor*

 

*/s/ Daniel J. Freeman*
DANIEL J. FREEMAN
Voting Section
Civil Rights Division
U.S. Department of Justice
daniel.freeman@usdoj.gov