IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*, <br><br>　　　　Plaintiffs, <br><br>　　v. <br><br>RICK PERRY, *et al.*, <br><br>　　　　Defendants. | Civil Action No. 2:13-cv-193 (NGR) |
| UNITED STATES OF AMERICA, <br><br>　　　　Plaintiff, <br><br>TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, *et al.*, <br><br>　　　　Plaintiff-Intervenors, <br><br>TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, *et al.*, <br><br>　　　　Movant-Intervenors, <br><br>　　v. <br><br>STATE OF TEXAS, *et al.*, <br><br>　　　　Defendants, <br><br>TRUE THE VOTE, <br><br>　　　　Movant-Intervenor. | Civil Action No. 2:13-cv-263 (NGR) |

TEXAS STATE CONFERENCE OF NAACP
BRANCHES, *et al.*,

              Plaintiffs,

      v.

JOHN STEEN, *et al.*,

              Defendants.

Civil Action No. 2:13-cv-291 (NGR)

## <u>UNITED STATES' RESPONSE TO MOTION TO INTERVENE</u>

The United States respectfully responds to the motion of the Texas Association of Hispanic County Judges and County Commissioners, and Maria Longoria Benevides (Movant-intervenors) to intervene as plaintiffs in this action.  *See* ECF No. 41 (filed Sept. 27, 2013)**.** Maria Longoria Benevides is a resident and registered voter of Texas who alleges that she does not possess any of the forms of photo identification required by Senate Bill 14 (SB 14).  The Texas Association of Hispanic County Judges and County Commissioners is an association of elected county officials who represent many constituents and who are charged with conducting elections.  These Movant-intervenors seek intervention of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure or permissive intervention under Rule 24(b)(1).

The United States does not oppose permissive intervention under Rule 24(b)(1), provided that granting permissive intervention will not interfere with the deadlines set forth in the proposed scheduling order that the United States will submit with the parties' Joint Discovery/Case Management Plan, to be filed on November 4, 2013.  The United States does submit, however, that the conditions are not met for intervention of right under Rule 24(a)(2).

## I.        Intervention as of Right

Movant-intervenors argue that they are eligible to intervene as plaintiffs pursuant to Rule 24(a)(2), which provides that a court must grant a timely motion for intervention when the proposed intervenor "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Fed. R. Civ. P. 24(a)(2).

Movant-intervenors cannot meet these standards.  They argue that "[i]mportant distinctions in the interests of elected officials and the Hispanic electorate" could arise later in the litigation and that because the schedule will necessarily be expedited, intervention at that juncture would delay the proceedings and prejudice them.  *See* Mot. and Mem. in Supp. of Intervention (ECF No. 41) at 7.  Movant-intervenors, however, do not dispute that under the Voting Rights Act, the Attorney General is charged by statute with protecting the public interest in eradicating racial discrimination in voting.  42 U.S.C. § 1973j(d).  Because they have not shown that the United States will not adequately represent their interests, now or in the future, as to whether the photographic identification requirement at issue in this case violates federal law, their request for intervention as of right should be denied.

## II.       Permissive Intervention

Rule 24(b)(1) provides that "on timely motion, the court may permit anyone to intervene who: "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact."  The rule gives this Court broad discretion to allow persons and organizations to intervene in pending litigation when they present common claims with the existing plaintiff or plaintiffs.  *See Stallworth v. Monsanto*

*Co.*, 558 F.2d 257, 269 (5th Cir. 1977).  The United States does not oppose permissive intervention of Movant-intervenors pursuant to Rule 24(b)(1), provided that granting permissive intervention will not interfere with the deadlines set forth in the United States' proposed scheduling order, to be filed on November 4, 2013.

Courts have routinely allowed intervention by persons situated similarly to Movant-intervenors in cases under the Voting Rights Act.  *See, e.g.*, Order, *Perez v. Perry*, No. 5:11-cv-360 (W.D. Tex. July 13, 2011) (ECF No. 31); Order, *Perez v. Perry*, No. 5:11-cv-360 (W.D. Tex. July 15, 2011) (ECF No. 42); Order, *Perez v. Perry*, No. 5:11-cv-360 (W.D. Tex. July 25, 2011) (ECF No. 67); Order, *Perez v. Perry*, No. 5:11-cv-360 (W.D. Tex. June 28, 2013) (ECF No. 766).  Movant-intervenors are a resident and registered voter of Texas and an association of elected county officials.  As such, they may possess relevant knowledge and a useful "local perspective on the current and historical facts" at issue in this litigation.  *County Council of Sumter County v. United States*, 555 F. Supp. 694, 697 (D.D.C. 1983).  In addition, many of the facts alleged in Movant-intervenors' proposed complaint are the same alleged by the United States (compare ECF Doc. 41-1 at 6-15 with ECF Doc. 1 at 5-13).  It is clear that the movants here, like the other successful applicants for intervention in this case, are not seeking to inject extraneous or irrelevant issues into this litigation.

### III.   Conclusion

The United States does not oppose permissive intervention by Movant-intervenors under Rule 24(b)(1), provided that granting permissive intervention will not interfere with the deadlines set forth in the United States' proposed scheduling order, to be filed on November 4, 2013.  However, because Movant-intervenors have not shown that the United States will not

adequately represent their interests in this litigation, the conditions are not met for intervention as

of right under Rule 24(a)(2).


Date:  October 30, 2013

                                                    Respectfully submitted,


KENNETH MAGIDSON                                    JOCELYN SAMUELS
United States Attorney                              Acting Assistant Attorney General
Southern District of Texas                          Civil Rights Division

JOHN A. SMITH III                                  */s/ Jennifer L. Maranzano*
Assistant United States Attorney                    T. CHRISTIAN HERREN, JR.
800 N. Shoreline, Suite 500                         MEREDITH BELL-PLATTS
Corpus Christi, Texas 78401                         ELIZABETH S. WESTFALL
(361) 903-7926                                      BRUCE I. GEAR
                                                    JENNIFER L. MARANZANO
                                                    ANNA M. BALDWIN
                                                    DANIEL J. FREEMAN
                                                    Attorneys, Voting Section
                                                    Civil Rights Division
                                                    U.S. Department of Justice
                                                    Room 7254 NWB
                                                    950 Pennsylvania Avenue, N.W.
                                                    Washington, D.C. 20530

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 30, 2013, I served a true and correct copy of the foregoing via the Court's ECF system on the following counsel of record:

John B. Scott
Office of the Texas Attorney General
john.scott@texasattorneygeneral.gov

*Counsel for Defendants*

Chad W. Dunn
Kembel Scott Brazil
Brazil & Dunn
chad@bradzilanddunn.com
scott@bazilanddunn.com

Neil G. Baron
Law Offices of Neil G. Baron
neil@ngbaronlaw.com

Armand Derfner
Derfner, Altman, & Wilborn
aderfner@dawlaw.com

Luiz Roberto Vera, Jr.
lrvlaw@sbcglobal.net

*Counsel for Veasey Plaintiffs*

Christina Swarns
Ryan P. Haygood
Natasha M. Korgaonkar
Leah C. Aden
NAACP Legal Defense and Educational
    Fund, Inc.
cswarns@naacpldf.org
rhaygood@naacpldf.org
nkorgaonkar@naacpldf.org
laden@naacpldf.org

Danielle Conley
Jonathan Paikin
Kelly P. Dunbar
Sonya L. Lebsack
WilmerHale LLP
danielle.conley@wilmerhale.com
jonathan.paikin@wilmerhale.com
kelly.dunbar@wilmerhale.com
sonya.lebsack@wilmerhale.com

*Counsel for Texas League of Young Voters
Plaintiff-Intervenors*

Ezra D. Rosenberg
Amy L. Rudd
Dechert LLP
ezra.rosenberg@dechert.com
amy.rudd@dechert.com

Wendy Weiser
Jennifer Clark
Vishal Agraharkar
Brennan Center for Justice at NYU School of
    Law
wendy.weiser@nyu.edu
jenniferl.clark@nyu.edu
vishal.argraharkar@nyu.edu

Mark A. Posner
Sonia Kaur Gill
Lawyers' Committee for Civil Rights
mposner@lawyerscommittee.org
sgill@lawyerscommittee.org

*Counsel for Texas State Conference of
NAACP Branches Plaintiffs*

Joseph M. Nixon
Bierne, Maynard, & Parsons
Jixon@bmpllp.com

*Counsel for True the Vote Movant-Intervenor*

Rolando L. Rios
Law Offices of Rolando L. Rios
rrios@rolandorioslaw.com

*Counsel for Texas Association of Hispanic*
*County Judges and County Commissioners*
*Movant-Intervenor*

*/s/ Jennifer L. Maranzano*
JENNIFER L. MARANZANO
Voting Section
Civil Rights Division
U.S. Department of Justice
Jennifer.maranzano@usdoj.gov