# Exhibit 1

# Exhibit 1

Case 2:13-cv-00193 Document 59-1 Filed on 10/30/13 in TXSD Page 2 of 8
Case 4:12-cv-00285-RH-CAS Document 49 Filed 11/06/12 Page 1 of 7

Page 1 of 7

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


THE UNITED STATES OF AMERICA,

    Plaintiff,

v.                               CASE NO. 4:12cv285-RH/CAS

STATE OF FLORIDA and KEN DETZNER,
Secretary of State, in his official capacity,

    Defendants.

_____/


## ORDER DENYING LEAVE TO INTERVENE

This case arises under the National Voter Registration Act. In the run up to the 2012 primary and general elections, the State of Florida embarked on a program to remove noncitizens from the voter-registration rolls. The United States asserted that the NVRA prohibited such a program within 90 days before a federal primary or general election. On June 12, 2012, the United States filed this action against the State of Florida and its Secretary of State (collectively "the State") and moved for a temporary restraining order or preliminary injunction requiring the State to discontinue the program until after the 2012 general election.

Case 2:13-cv-00193 Document 59-1 Filed on 10/30/13 in TXSD Page 3 of 8
Case 4:12-cv-00285-RH-CAS Document 49 Filed 11/06/12 Page 2 of 7

Page 2 of 7

At an oral argument on the motion on June 27, 2012, the State said that it had voluntarily abandoned the program. In a ruling announced on the record of the oral argument and confirmed in a written order on June 28, 2012, the motion for a temporary restraining order or preliminary injunction was denied, based on this circuit's voluntary-cessation doctrine as applied to public defendants.

At the parties' request, by an order entered on October 10, 2012, further proceedings were stayed until after the election. But the order explicitly did not stay proceedings on two motions to intervene as defendants. The motions were filed before the June 27 oral argument. This order now denies the motions.

I

Four individuals have moved for permissive intervention under Federal Rule of Civil Procedure 24(b). Two organizations—Judicial Watch, Inc., and True the Vote—have moved to intervene either as of right under Rule 24(a) or permissively under Rule 24(b). The four individuals were allowed to present oral argument as *amici* at the June 27 hearing—not to intervene—when the State agreed to yield some of its time.

The State has consented to the motions to intervene. The United States did not object to the individuals' participation in the oral argument as *amici* and does not object to their further participation—or the other proposed intervenors'

Case 2:13-cv-00193 Document 59-1 Filed on 10/20/13 in TXSD Page 4 of 8
Case 4:12-cv-00285-RH-CAS Document 49 Filed 11/06/12 Page 3 of 7

Page 3 of 7

participation—as *amici* in further proceedings. But the United States objects to intervention.

II

None of the proposed intervenors has a *direct* interest in the State's voter-registration activities. The four individuals say that if people are improperly registered to vote, it will dilute the votes of properly registered voters, including the four individuals. The assertion of course is true; an improper vote dilutes a proper one. Judicial Watch makes a similar assertion on behalf of its members who are Florida registered voters and says their confidence in the election process will suffer if accurate voting rolls are not maintained.

These asserted interests are the same for the proposed intervenors—and for Judicial Watch's members—as for every other registered voter in the state. Generalized interests of this kind plainly do not afford a voter—or an organization with members who are voters—a *right* to intervene under Rule 24(a). And when, as here, the interest in avoiding vote dilution of this kind is adequately represented by existing defendants with a much more direct and substantial stake in the dispute, the better course is to deny permissive intervention as well. The State of Florida has recently—repeatedly—shown its willingness to litigate vigorously against the United States, including in this case and on other matters of this kind.

Case 2:13-cv-00193 Document 59-1 Filed on 10/30/13 in TXSD Page 5 of 8
Case 4:12-cv-00285-RH-CAS Document 49 Filed 11/06/12 Page 4 of 7

Page 4 of 7

The State can be relied upon to adequately represent the same interests the intervenors propose to advocate.

True the Vote asserts an additional interest. It says one of its primary missions is to ensure that states and counties properly maintain voter-registration lists as required under federal law. To that end, True the Vote monitors the list-maintenance activities of states and counties, including in Florida. True the Vote sent a letter to the State of Florida in February 2012—long before this lawsuit was filed—inquiring about the State's list-maintenance activities.

This interest differentiates True the Vote from voters generally. But neither the United States nor the State proposes to interfere in any way with True the Vote's monitoring activities. And to the extent True the Vote may assert that the State is or may be doing too *little* to monitor its voting lists, that is a different issue altogether; it is not an issue that has been raised by the parties in this case. True the Vote's interest in the maintenance of accurate voting lists—to the extent those interests are implicated by this litigation at all—will be adequately represented by the State.

True the Vote plainly is not entitled to intervene as of right. I conclude, as a matter of discretion, that True the Vote also should not be granted permissive intervention. True the Vote may indeed bring a useful perspective, and perhaps a

Case 2:13-cv-00193 Document 59-1 Filed on 10/20/13 in TXSD Page 6 of 8
Case 4:12-cv-00285-RH-CAS Document 49 Filed 11/06/12 Page 5 of 7

Page 5 of 7

level of legal expertise, to the litigation. But to the extent that is so, the perspective and expertise can be provided through *amicus* participation.

This is not a case like *Johnson v. Mortham*, 915 F. Supp. 1529, 1538-39 (N.D. Fla. 1995), in which the proposed intervenor, the NAACP, not only had a unique perspective but also participated in the event that led to the litigation—the creation of the challenged voting district. True the Vote has not alleged that it was involved in the State's creation of its voter-list-monitoring program.

The motions to intervene thus will be denied. A long line of decisions supports the ruling. Citing or discussing them all would serve no purpose. Relevant decisions include *Federal Savings & Loan Insurance Corp. v. Falls Chase Special Taxing District*, 983 F.2d 211, 215 (11th Cir. 1993) ("This court will presume that a proposed intervenor's interest is adequately represented when an existing party pursues the same ultimate objective as the party seeking intervention." (citations omitted)); *Worlds v. Department of Health & Rehabilitative Services*, 929 F.2d 591, 595 (11th Cir. 1991) (noting the breadth of a district court's discretion to grant or deny permissive intervention); and *Chiles v. Thornburgh*, 865 F.2d 1197, 1215 (11th Cir. 1989) (upholding a district court's denial of permissive intervention by parties whose interests were identical to those of a governmental defendant). *See also Dillard v. Chilton Cnty. Comm'n*, 495 F.3d 1324, 1330 (11th Cir. 2007) (addressing an intervenor's need for standing).

Case 2:13-cv-00193 Document 59-1 Filed on 10/20/13 in TXSD Page 7 of 8
Case 4:12-cv-00285-RH-CAS Document 49 Filed 11/06/12 Page 6 of 7

Page 6 of 7

In reaching this decision, I have not overlooked *Meek v. Metropolitan Dade County, Florida*, 985 F.2d 1471 (11th Cir. 1993), *abrogated on other grounds by Dillard*, 495 F.3d 1324. *Meek* was a challenge to at-large voting for a county commission. The Eleventh Circuit held that the district court should have allowed individuals to intervene for the purpose of appealing a judgment sustaining the challenge. The individuals' own voting rights were at stake; their claim was that the district court's decision would deny the individuals' own rights. The Eleventh Circuit said the county was not an adequate advocate for the at-large system and held that the individuals should have been allowed to intervene to protect their own rights. Here, in contrast, the proposed intervenors' own rights are not directly at stake as in *Meek*, and the State can be relied on to adequately represent their interests. Just because a governmental entity is not *always* an adequate representative of a position does not mean a governmental entity is *never* an adequate representative.

### III

The denial of intervention does not mean that these proposed intervenors cannot be fully heard on the issues that this case presents. Any of these proposed intervenors will ordinarily be granted leave to file a legal memorandum as *amicus curiae* on legal issues that arise as the case progresses. A motion for leave may be brief, especially if consented. And a proposed memorandum may be submitted

Case 2:13-cv-00193 Document 59-1 Filed on 10/30/13 in TXSD Page 8 of 8
Case 4:12-cv-00285-RH-CAS Document 49 Filed 11/06/12 Page 7 of 7

Page 7 of 7

with the motion for leave.  An *amicus* memorandum should be filed by the deadline for the State's memorandum on the same issue, absent good cause for a later filing.

IV

For these reasons,

IT IS ORDERED:

The motions to intervene, ECF Nos. 18 and 28, are DENIED.

SO ORDERED on November 6, 2012.

                                      s/Robert L. Hinkle
                                      United States District Judge