# Exhibit 6

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **STATE OF TEXAS,** | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 12-cv-128 |
| **ERIC H. HOLDER, JR.,** | ) | (DST, RMC, RLW) |
| Defendant. | ) | |

## ORDER

1.  The State of Texas takes the position that *any* communications between a legislator and a constituent are covered by the state legislative privilege, even where the constituent voluntarily initiated the communication. Consistent with this position, Texas has thus far instructed its witnesses not to testify as to the nature of these communications, and has improperly prevented disclosure of the identity of the constituents. Accordingly, Defendants have been unable to obtain foundational information sufficient to assess the claim of privilege. It is hereby **ORDERED** that Texas shall not prevent its witnesses from testifying as to: 1) the name of the legislator or staff involved in such communications; 2) the name of the constituent(s) involved in the communication; 3) whether any other individuals were privy to the communication; 4) the date on which the communication occurred; 5) the forum or medium in which the communication took place; and 6) the nature or general subject matter of the communication. Once Defendants obtain this foundational information, the parties shall meet and confer regarding any claimed privilege and, if unable to agree, request a conference with the Court.

**2.** The State of Texas also takes the position that the state legislative privilege protects any testimony about the purpose of S.B. 14. Accordingly, Texas has instructed its witnesses not to testify on this point and has only allowed its witnesses to testify as to the purposes of S.B. 14 that are a matter of public record. It is hereby **ORDERED** that, to the extent such a privilege exists, that privilege does not protect testimony with respect to the general purpose or the purpose of a legislature as a whole in enacting S.B. 14 (as opposed to the subjective intent of the legislator). It is hereby **ORDERED**, therefore, that Texas shall not prevent its witness from testifying as to the purpose(s) of S.B. 14 as he/she understood it, regardless of whether the witness is called upon to answer questions outside the public record of S.B. 14. If, however, a question posed by Defendants calls upon the witness to reveal privileged communications (such as those with other legislators), Texas' witnesses may claim assertion of privilege over those communications, provided that the same foundational information as reflected in paragraph 1 is disclosed.

**SO ORDERED**.

Date: May 17, 2012

/s/
DAVID S. TATEL
United States Circuit Judge


/s/
ROSEMARY M. COLLYER
United States District Judge


/s/
ROBERT L. WILKINS
United States District Judge