IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>RICK PERRY, *et al.*,<br><br>Defendants. | Civil Action No. 2:13-cv-193 (NGR) |
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, *et al.*,<br><br>Plaintiff-Intervenors,<br><br>TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, *et al.*,<br><br>Movant-Intervenors,<br><br>v.<br><br>STATE OF TEXAS, *et al.*,<br><br>Defendants.<br><br>TRUE THE VOTE,<br><br>Movant-Intervenor. | Civil Action No. 2:13-cv-263 (NGR) |

TEXAS STATE CONFERENCE OF NAACP BRANCHES, *et al.*,

Plaintiffs,

v.

JOHN STEEN, *et al.*,

Defendants.

Civil Action No. 2:13-cv-291 (NGR)

**JOINT REPORT OF THE RULE 26(f) MEETING AND JOINT DISCOVERY/CASE MANAGEMENT PLAN**

1. State when the Rule 26 Conference of the parties was held and identify the counsel who attended for each party.

On September 18, 2013, the parties held a telephonic Rule 26(f) conference at which the following counsel participated:

- Armand Derfner, Gerry Hebert, and Neil Baron for Plaintiffs in *Veasey v. Perry*
- Meredith Bell-Platts, Elizabeth Westfall, Bruce Gear, Anna Baldwin, Daniel Freeman, and Jennifer Maranzano for the Plaintiff in *United States v. Texas*
- Danielle Conley, Ryan Haygood, Leah Aden, Hasan Ali, and Kelly Dunbar for Plaintiff-Intervenors Texas League of Young Voters Education Fund, *et al*.
- Ezra Rosenberg, Mark Posner, Vishal Agraharkar, Jennifer Clark, and Myrna Perez for Plaintiffs in *Texas State Conference of NAACP Branches v. Steen*
- John Scott, Jonathan Mitchell, Patrick Sweeten, and David Whitley for the Defendants State of Texas, *et al.*

On October 28, 2013, the parties held a telephonic Rule 26(f) conference at which the following counsel participated:

- Armand Derfner and Gerry Hebert for Plaintiffs in *Veasey v. Perry*
- Elizabeth Westfall, Anna Baldwin, Robert Berman, Bruce Gear, and Jennifer Maranzano for the Plaintiff in *United States v. Texas*
- Natasha Korgaonkar, Leah Aden, and Hasan Ali for Plaintiff-Intervenors Texas League of Young Voters Education Fund, *et al*.
- Ezra Rosenberg, Vishal Agraharkar, Jennifer Clark, Myrna Perez, and Mark Posner, for Plaintiffs in *Texas State Conference of NAACP Branches v. Steen*

- John Scott, Reed Clay, and David Whitley for the Defendants State of Texas *et al.*
- Rolando Rios for Movant-Intervenors Texas Association of Hispanic Judges and Commissioners, *et al*.
- Joseph Nixon for Movant-Intervenor True the Vote

2. List any cases related to the present action that are pending in any state or federal court, with the style, case number, court, and a brief description of the case.

*Saldana, et al. v. Hidalgo County, et al.*, No. C-6392-13I (398th Judicial District Court, Hidalgo County, Texas) (filed Oct. 18, 2013). Plaintiffs seek temporary and permanent enjoinment of Senate Bill 14 (2011) (SB 14).

On August 30, 2013, the Court ordered the consolidation of *United States v. Texas*, No. 2:13-cv-263 (S.D. Tex.) (NGR) with *Veasey v. Perry*, No. 2:13-cv-193 (S.D. Tex.) (NGR) (ECF No. 14).

On September 19, 2013, the Court ordered the consolidation of *Texas State Conference of NAACP Branches v. Steen*, No. 2:13-cv-291 (S.D. Tex.) (NGR) with *Veasey v. Perry*, No. 2:13-cv-193 (S.D. Tex.) (NGR) and *United States v. Texas*, No. 2:13-cv-263 (S.D. Tex.) (NGR) (ECF No. 31).

3. Briefly describe the pertinent facts and legal theories upon which the present actions are based.

*United States v. Texas* is a challenge under Section 2 of the Voting Rights Act, 42 U.S.C. § 1973, to the State of Texas's photographic voter identification law, SB 14, to enforce the voting rights guaranteed by the Fourteenth and Fifteenth Amendments to the United States Constitution.

*Veasey v. Perry* alleges two categories of claims: (1) that SB 14 discriminates in voting on account of race, ethnicity and language minority status, in violation of Section 2 of the Voting Rights Act and the Fourteenth and Fifteenth Amendments, and (2) that, without regard to race, ethnicity or language minority status, SB 14 abridges and severely burdens the right to vote without sufficient justification, and sets up discriminatory classifications on its face, in violation of the Equal Protection Clause of the Fourteenth Amendment, the Due Process Clause of the Fourteenth Amendment, including its incorporation of voters' First Amendment free speech and free association rights, and the anti-poll tax provision of the Twenty-Fourth Amendment.

*Texas NAACP v. Steen* is an action for declaratory and injunctive relief brought by the Texas State Conference of NAACP Branches and the Mexican American Legislative Caucus of the Texas House of Representatives under Section 2 of the Voting Rights Act, 42 U.S.C. § 1973, and the Fourteenth and Fifteenth Amendments to the United

      States Constitution to enjoin sections of the State of Texas's photographic voter identification law, SB 14 (2011), and declare them violative of Section 2 of the Voting Rights Act and the voting rights guaranteed by the Fourteenth and Fifteenth Amendments.

      Plaintiff-Intervenors Texas League of Young Voters Education Fund challenge the State of Texas's photographic voter identification law, SB 14, under Section 2 of the Voting Rights Act, 42 U.S.C. § 1973 and 42 U.S.C. § 1983, to enforce the voting rights guaranteed by the Voting Rights Act and by the Fourteenth and Fifteenth Amendments to the United States Constitution.

4.    Specify the allegation of federal jurisdiction. Indicate whether the parties agree or disagree to the allegation. If the parties disagree, indicate the nature of the disagreement.

      This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 1331, 1345, and 2201 and 42 U.S.C. § 1973j(f). The parties agree on the allegation of federal jurisdiction.

      Plaintiff-Intervenors Texas League of Young Voters Education Fund allege that this Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 1331, 1343, 1345, 1357 and 2201 and 42 U.S.C. §§ 1973, 1973j(f), 1983, and 1988. The parties agree on the allegation of federal jurisdiction.

5.    List any additional parties that may be included, when they can be added, and which party desires to bring them into the litigation. In diversity jurisdiction cases, this item is intended to trigger the disclosure requirement of TEX. CIV. PRAC. & REM. CODE § 33.004(d) (effective September 1, 2011) and TEX. R. CIV. P. 194.2(b).

      The plaintiff United States does not anticipate seeking to add additional defendants.

      The *Veasey* Plaintiffs and the *Texas NAACP/MALC* Plaintiffs may amend their complaints to add new plaintiffs, without leave of court, by December 6, 2013. Thereafter, additional plaintiffs may be added only with leave of court.

      Plaintiff-Intervenors Texas League of Young Voters Education Fund anticipate amending their complaint to add individual plaintiff-intervenors. If Plaintiff-Intervenors ultimately amend their complaint to add individual plaintiff-intervenors, they will do so in the time afforded by Federal Rule of Civil Procedure 15(a)(1)(B).

6.    List any anticipated interventions.

      Motions to intervene by True the Vote (ECF No. 38) and Texas Association of Hispanic County Judges (ECF No. 41) are pending. The parties are unaware of any additional anticipated motions to intervene.

7. If this is a class action, describe any issues regarding certification of the class.

The parties do not seek certification of a class.

8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

The plaintiff United States, the *Veasey* plaintiffs, the plaintiffs in *Texas NAACP*, and Plaintiff-Intervenors Texas League of Young Voters Education Fund will make their initial disclosures on November 21, 2013.

9. Describe the proposed discovery plan the parties have agreed upon, including:

A. Responses to all the matters raised in Rule 26(f). The parties have been unable to agree upon a joint scheduling order. The Court's standard deadlines are not applicable to this case. The plaintiff United States, the *Texas NAACP* plaintiffs, and the Plaintiff-Intervenors Texas League of Young Voters Education Fund propose the schedule that is attached as Exhibit 1. The plaintiff United States submits a statement in support of its proposed schedule at Exhibit 2. The *Veasey* plaintiffs propose the schedule that is attached as Exhibit 3. The *Veasey* plaintiffs submit a statement in support of their proposed schedule at Exhibit 4. The State of Texas proposes the schedule that is attached as Exhibit 5.[*]

a. **Interrogatories**: The plaintiff United States, the *Texas NAACP* plaintiffs, the *Veasey* Plaintiffs, and the Plaintiff-Intervenors Texas League of Young Voters Education Fund propose that each party shall be permitted to propound twenty-five (25) interrogatories on any other party. Fed. R. Civ. P. 33(a)(1); S.D. Tex. R. 33.1.

Defendants believe that Plaintiff and Plaintiff-Intervenors' proposal is not equitable. That proposal would allow hundreds of interrogatories to be propounded on Defendants while limiting Defendants to a fraction of that total to propound against the far more numerous party-opponents it faces in this litigation. Federal Rule of Civil Procedure 33(a)(1) allows the Court to provide for a different arrangement in situations such as this one. A far more equitable arrangement would be to mirror the arrangement laid out in Section 9(A)(b) of this report regarding Depositions of Fact Witnesses. Defendants propose that each side be given fifty (50) interrogatories, collectively, to propound on any other party.

[*] The Plaintiff United States, Plaintiffs *Texas NAACP*, Plaintiff-Intervenors *Texas League of Young Voters*, and Defendants the State of Texas *et al*. agree on all but a few of the proposed dates in a schedule.

b. **Depositions of Fact Witnesses**: Notwithstanding the limits set forth in Federal Rule of Civil Procedure 30(a)(2), Plaintiffs, Plaintiff-Intervenors, and Movant-Intervenors Texas Association of Hispanic Judges and Commissioners (if intervention is granted) shall be permitted to depose sixty (60) fact witnesses collectively. Likewise, Defendants and Movant-Intervenor True the Vote (if intervention is granted) shall be permitted to depose sixty (60) fact witnesses collectively. The parties will attempt to coordinate the issuance of notices and subpoenas for depositions so as to avoid duplication of effort and promote efficiency. The parties will attempt to coordinate the scheduling of depositions in advance of submitting notices for deposition.

c. **Discovery Cut-Off Date**:

The plaintiff United States, the plaintiffs in *Texas NAACP*, Plaintiff-Intervenors Texas League of Young Voters Education Fund, and the Defendants State of Texas *et al*. propose the following: fact discovery shall conclude on August 15, 2014; expert discovery shall conclude on November 21, 2014; and the parties may conduct fact discovery limited to the 2014 November general election between October 1, 2014 and December 23, 2014. The plaintiff United States further proposes that, notwithstanding Federal Rules of Civil Procedure 33(b)(2), 34(b)(2)(A), during this supplemental discovery period, the responding party must serve or produce, where applicable, answers, objections, and responsive documents within twenty-one (21) days.

The *Veasey* plaintiffs propose that fact discovery shall conclude on May 2, 2014, and expert discovery shall conclude on July 15, 2014.

d. **Federal Rule 26(a)(2) Disclosure (Experts)**:

The plaintiff United States, the plaintiffs in *Texas NAACP*, the Plaintiff-Intervenors Texas League of Young Voters Education Fund, and Defendants State of Texas *et al*. propose that experts and expert reports shall be disclosed as required by Rule 26(a)(2) by September 5, 2014; rebuttal experts and rebuttal reports shall be disclosed by October 6, 2014; and surrebuttal experts and surrebuttal reports shall be disclosed by October 31, 2014.

The *Veasey* plaintiffs propose that experts and expert reports shall be disclosed by May 9, 2014; rebuttal experts and rebuttal reports shall be disclosed by June 6, 2014; and surrebuttal experts and surrebuttal reports shall be disclosed by June 13, 2014.

e. **Privileges**: Texas has indicated that it will assert several privileges, including legislative and deliberative process privilege, as grounds for withholding documents and deposition testimony from state legislators and their staff related

to the history of the state's consideration and/or enactment of legislation requiring photographic identification, up to and including SB 14, as a requirement to cast a ballot in person. If Texas does make such an assertion, the plaintiff United States, the *Veasey* plaintiffs, the plaintiffs in *Texas NAACP*, and the Plaintiff-Intervenors Texas League of Young Voters Education Fund will likely move to compel at least a portion of the discovery withheld on those grounds.

f. **Dispositive Motions**:

The plaintiff United States, the plaintiffs in *Texas NAACP*, Plaintiff-Intervenors Texas League of Young Voters Education Fund, and the Defendants State of Texas *et al*. propose that dispositive motions shall be filed on January 12, 2015, responses shall be due February 11, 2015, and replies to responses shall be due February 23, 2015.

The *Veasey* plaintiffs propose that dispositive motions shall be filed by July 22, 2014, responses shall be filed by August 4, 2014, and replies to responses shall be filed by August 11, 2014.

g. **Pretrial Order**: The pretrial statement shall be due 14 days before the pretrial conference. Pursuant to Local Rule 46, objections to exhibits shall be made at least seven days before trial.

h. **Electronic Discovery**: The parties have agreed on a proposed production format for documents and electronically stored information. *See* Agreement Concerning Production Format (Ex. 6).

i. **Protective Orders**: The plaintiff United States has circulated several drafts of proposed protective orders to govern the exchange of certain confidential information, including but not limited to the identity and race or ethnicity of persons who may appear in certain state and federal databases. As of the date of this filing, the parties are still negotiating the terms of those proposed orders. The parties will advise the Court of the status of these negotiations at the upcoming Initial Pretrial and Scheduling conference scheduled for November 15, 2013.

B. When and to whom Plaintiff(s) anticipate(s) sending interrogatories.

Interrogatories may be served by the parties at any time during fact discovery, provided that sufficient time is given to respond before the fact discovery cut-off (as modified below for the supplemental fact discovery period).

The plaintiff United States, the *NAACP* Plaintiffs, the *Veasey* Plaintiffs, and Plaintiff-Intervenors Texas League of Young Voters Education Fund intend to serve interrogatories on the named defendants and state officials.

C. When and to whom Defendant(s) anticipate(s) sending interrogatories.

Defendants will serve interrogatories at any time during fact discovery provided that sufficient time is given to respond by the fact discovery cut-off. Defendants will serve interrogatories on opposing parties including named individual plaintiffs and various federal agencies. Defendants reserve the right to serve interrogatories on additional parties.

D. When and from whom Plaintiff(s) anticipate(s) taking oral depositions.

The plaintiff United States, the *Veasey* plaintiffs, the plaintiffs in *Texas NAACP*, and Plaintiff-Intervenors Texas League of Young Voters Education Fund will notice depositions of current and former state legislators; state and local officials, employees, agents, and counsel of the State of Texas, including, but not limited to, the Office of the Texas Secretary of State, the Texas Division of Elections, the Texas Department of Public Safety, and other state agencies responsible for issuing identification; county and local election officials; and third parties who may have information relevant to the United States' claim. Additionally, the plaintiff United States, the *Veasey* plaintiffs, the plaintiffs in *Texas NAACP*, and Plaintiff-Intervenors Texas League of Young Voters Education Fund intend to depose the fact and expert witnesses on whom Defendants intend to rely in support of their defenses.

The plaintiff United States, the *Veasey* plaintiffs, the plaintiffs in *Texas NAACP*, and Plaintiff-Intervenors Texas League of Young Voters Education Fund will begin noticing depositions of fact witnesses after they have received and reviewed Defendants' responses to written discovery requests and no earlier than December 1, 2013.

E. When and from whom Defendant(s) anticipate(s) taking oral depositions.

Defendants anticipate taking oral depositions of various plaintiffs, federal agencies, experts and potentially Legislators during the fact discovery period. Defendants reserve the right to depose additional witnesses as fact discovery continues.

F. When Plaintiff(s) (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

The plaintiff United States, the plaintiffs in *Texas NAACP,* Plaintiff-Intervenors Texas League of Young Voters Education Fund, and Defendants State of Texas *et al*. request that the Court order the following schedule for the disclosure of experts and expert reports: Experts and expert reports shall be disclosed as required by Rule 26(a)(2) by September 5, 2014. Rebuttal experts and rebuttal

reports shall be disclosed by October 6, 2014. Surrebuttal experts and surrebuttal reports shall be disclosed by October 31, 2014.

The *Veasey* plaintiffs request that the Court instead order the following schedule for the disclosure of experts and expert reports: Experts and expert reports shall be disclosed as required by Rule 26(a)(2) by May 9, 2014. Rebuttal experts and rebuttal reports shall be disclosed by June 6, 2014. Surrebuttal experts and surrebuttal reports shall be disclosed by June 13, 2014.

G. List expert depositions Plaintiff(s) (or the party or parties with the burden of proof on an issue) anticipate(s) taking and their anticipated completion date.

The plaintiff United States, the *Veasey* plaintiffs, the plaintiffs in *Texas NAACP*, and Plaintiff-Intervenors Texas League of Young Voters Education Fund anticipate that they will depose all experts disclosed by any Defendant.

The plaintiff United States, the plaintiffs in *Texas NAACP*, and Plaintiff-Intervenors Texas League of Young Voters Education Fund anticipate that they will complete all such expert depositions by November 21, 2014.

The *Veasey* plaintiffs anticipate that they will complete all such expert depositions by July 15, 2014.

H. List expert depositions the opposing party or parties anticipate(s) taking and their anticipated completion date.

Defendants will depose experts disclosed by any Plaintiff or Plaintiff-Intervenor. Defendants anticipate they will complete all such expert depositions by November 21, 2014.

10. If the parties do not agree on a part of the discovery plan, describe the separate views and proposals of each party.

The plaintiff United States submits a proposed scheduling order. (Ex. 1). The plaintiffs in *Texas NAACP* and Plaintiff-Intervenors Texas League of Young Voters Education Fund agree with the United States' proposed scheduling order and, respectfully, request that this Court enter that proposed scheduling order.

The plaintiff United States submits a statement in support of its proposed schedule. (Ex. 2).

The *Veasey* plaintiffs submit an alternative proposed scheduling order. (Ex. 3). The *Veasey* plaintiffs submit a statement in support of their proposed schedule. (Ex. 4).

The State of Texas submits an alternative proposed scheduling order. (Ex. 5).

      Both the *Veasey* Plaintiffs and the *Texas NAACP/MALC* Plaintiffs submit that whichever schedule is ordered, it should include December 6, 2013, as the cut-off date to add new plaintiffs, without leave of court, and that additional plaintiffs may be added thereafter only with leave of court.

11. Specify the discovery, beyond initial disclosures, that has been undertaken to date.

No discovery has been served.

12. State the date the planned discovery can reasonably be completed.

The plaintiff United States, the plaintiffs in *Texas NAACP*, the Plaintiff-Intervenors Texas League of Young Voters Education Fund, and Defendants the State of Texas *et al*. request that the Court enter a scheduling order setting August 15, 2014 as the deadline for fact discovery (with limited additional fact discovery related to the 2014 federal general election; *see* Ex. 1) and November 21, 2014 as the deadline for expert discovery.

The *Veasey* plaintiffs request that the Court enter a scheduling order setting May 2, 2014 as the deadline for fact discovery and July 15, 2014 as the deadline for expert discovery.

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in the Rule 26 Conference, including the suitability of this case for mediation or other alternative dispute resolution. Include the anticipated date for the provision of a settlement demand by any party seeking affirmative relief.

The parties agree that this case is not suitable for mediation or alternative dispute resolution.

14. If all parties consent, a Federal Magistrate Judge may hear both jury and non-jury trials. Indicate whether or not all parties consent to a trial before a Magistrate Judge.

The parties do not consent to trial before a federal magistrate judge.

15. State whether a jury demand has been made, and if so, whether it was made on time.

A jury demand has not been made.

16. Specify the combined total number of hours it will take both parties to present the evidence in this case.

The plaintiff United States, the *Veasey* plaintiffs, the *Texas NAACP* plaintiffs, and the Plaintiff-Intervenors Texas League of Young Voters Education Fund anticipate that

    the combined total number of hours that it will take for all parties to present evidence in this case is 100 hours, with the division of time per side to be allotted later.

    The State of Texas anticipates that the combined total number of hours that it will take for all parties to present evidence in this case is 60 hours.  Each side should be allocated 30 hours to present its case.

17.   List pending motions that could be ruled on at the Initial Pretrial Conference.

    Motions to intervene by True the Vote (ECF No. 38) and Texas Association of Hispanic County Judges, et al. (ECF No. 41).

18.   List other pending motions.

    Defendants filed a motion to dismiss on October 25, 2013.  Pursuant to the minute order issued on October 18, 2013, responses are due by November 22, 2013, and the Defendants' reply is due by December 6, 2013.

19.   Indicate other matters peculiar to this case—including discovery—that deserve the special attention of the Court at the Initial Pretrial Conference.

    The plaintiff United States and defendant the State of Texas have stipulated, without waiving any other objection under the Federal Rules of Evidence, to the authenticity of documents produced in discovery in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.).

20.   Certify that all parties have filed Certificates of Interested Parties—as directed in the Order of Conference and Disclosure of Interested Parties—listing the date of filing for the originals and any amendments to the Certificates.

    Pursuant to local practice, the plaintiff United States did not file a certificate of interested parties.

    The *Veasey* Plaintiffs filed their certificate of interested parties on July 11, 2013.

    The *NAACP* Plaintiffs and the Plaintiff-Intervenors Texas League of Young Voters Education Fund intend to file a certificate of interested parties in advance of the Scheduling conference scheduled for November 15, 2013.

21.   List the names, bar numbers, addresses, telephone numbers, facsimile numbers, and electronic mail addresses of all counsel and pro se parties.

*By each of our signatures below, Counsel represent that each understands that the Court will rely on these representations in entering its Scheduling Order.*

    For Plaintiff United States:

*/s/ Elizabeth S. Westfall*

T. Christian Herren Jr.
chris.herren@usdoj.gov
AL Bar No. HER025

Robert S. Berman
robert.berman@usdoj.gov
WI Bar No. 1015402

Meredith Bell-Platts
meredith.bell-platts@usdoj.gov
GA Bar No. 048948
OH Bar No. 0072917

Elizabeth S. Westfall
elizabeth.westfall@usdoj.gov
DC Bar No. 458792
NY Bar No. 2799963

Bruce I. Gear
bruce.gear@usdoj.gov
DC Bar No. 463388

Jennifer L. Maranzano
jennifer.maranzano@usdoj.gov
DC Bar No. 483420

Anna M. Baldwin
anna.baldwin@usdoj.gov
DC Bar No. 998713
NY Bar No. 4711800

Daniel J. Freeman
daniel.freeman@usdoj.gov
NY Bar No. 4582037

Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, DC 20530
Phone: 800-253-3931
Fax: 202-307-3961

John A. Smith, III
Assistant United States Attorney
800 N. Shoreline, Suite 500
Corpus Christi, TX 78401
(361) 903-7926
john.a.smith@usdoj.gov
Bar No. 18627450


For Plaintiffs Marc Veasey, et al.

*/s/ Chad W. Dunn*

Armand G. Derfner
aderfner@dawlegal.com
South Carolina State Bar No. 1650
South Carolina Federal Bar No. 502
Derfner, Altman & Wilborn, LLC
P.O. Box 600
Charleston, SC 29402
Phone: (843) 723-9804

Chad W. Dunn
chad@brazilanddunn.com
Texas State Bar No. 24036507

K. Scott Brazil
scott@brazilanddunn.com
Texas State Bar No. 02934050

Brazil & Dunn
4201 Cypress Creek Parkway, Suite 530
Houston, TX 77068
Phone: (281) 580-6310
Fax: (281) 580-6362

J. Gerald Hebert
ghebert@campaignlegalcenter.org
D.C. Bar No. 447676
Virginia State Bar No. 38432
Campaign Legal Center
215 E Street, NE
Washington, DC 20002
Phone: (202) 736-2200
Fax: (202) 736-2222

Neil G. Baron
neil@ngbaronlaw.com
Texas State Bar No. 01797080
Law Office of Neil G. Baron
914 FM 517 W, Suite 242
Dickinson, TX 77539
Phone: (281) 534-2748
Fax: (281) 534-4309

David Richards
daverichards4@juno.com
Texas State Bar No. 16846000
Richards, Rodriguez & Skeith, LLP
816 Congress Avenue, Suite 1200
Austin, TX 78701
Phone: (512) 476-0005
Fax: (512) 476-1513

Luis Roberto Vera, Jr.
LULAC National General Counsel
Texas State Bar No. 20546740
The Law Offices of Luis Vera Jr., and Associates
1325 Riverview Towers, 111 Soledad
San Antonio, TX 78205
Phone: (210) 225-3300
Fax: (210) 225-2060

Craig M. Watkins
Dallas County District Attorney
Texas State Bar No. 00791886
Teresa Snelson
teresa.snelson@dallascounty.org
Texas State Bar No. 08577250
411 Elm Street, 5th Floor
Dallas, TX 75202-4606
Phone: (214) 653-7358
Fax: (214) 653-6134

For Plaintiffs Texas State Conferences of NAACP Branches, et al.

*_/s/ Ezra D. Rosenberg_*
Ezra D. Rosenberg (NJ 012671974, DC 360927)
Dechert LLP
902 Carnegie Ctr

Ste 500
Princeton, NJ 08540-6531
(609-955-3200)
ezra.rosenberg@dechert.com

Amy L. Rudd (TX 24043561, S.D. TX 1149768)
Steven B. Weisburd (TX 24054515, S.D. TX 1691215)
Lindsey B. Stelcen (TX 24083903)
Dechert LLP
300 West 6th Street
Suite 2010
Austin, TX 78701
amy.rudd@dechert.com
steven.weisburd@dechert.com
lindsey.stelcen@dechert.com

Wendy Weiser (NY 2919595)
Myrna Perez (NY 4874095)
Jennifer Clark (NY 5064100)
Vishal Agraharkar (NY 4931457)
Brennan Ctr for Justice
NYU School of Law
161 Avenue of the Americas, 12th Fl.
New York, NY 10013
(646-292-8310)
wendy.weiser@nyu.edu
myrna.perez@nyu.edu
jenniferl.clark@nyu.edu
vishal.agraharkar@nyu.edu

Robert A. Kengle (admitted in MD, no bar number)
Mark A Posner (DC 457833)
Erandi Zamora (CA 281929)
Sonia Kaur Gill (NY 4749891)
Lawyers' Committee for Civil Rights
1401 New York Ave NW, Ste 400
Washington, DC 20005
(202-662-8389)
mposner@lawyerscommittee.org
ezamora@lawyerscommittee.org
sgill@lawyerscommittee.org

Robert Notzon (TX 00797934)
The Law office of Robert Notzon
1502 West Avenue

Austin, TX 78701
(512-474-7563)
Robert@notzonlaw.com

Gary Bledsoe (TX 02476500)
PotterBledsoe, LLP
316 West 12th Street, Suite 307
Austin, TX 78701
(512) 322-9992
garbledsoe@sbcglobal.net

Kim Keenan (DC 419241)
Marshall Taylor (DC 454615)
Victor Goode (MD 08145525)
NAACP
4805 Mt. Hope Drive
Baltimore, MD 21215
(410-580-5120)
kkeenan@naacpnet.org
mtaylor@naacpnet.org
vigoode@naacpnet.org

Jose Garza (TX 07731950)
Law Office of Jose Garza
7414 Robin Rest Drive
San Antonio, TX 98209
(210-392-2856)
garzapalm@aol.com

Clay Bonilla (TX 24055193, S.D.TX 596241)
Daniel G. Covich (TX 04906500, S.D. TX 10706)
The Law Offices of William Bonilla, P.C.
2727 Morgan Avenue
Corpus Christi, TX 78405
(361-882-8284)
claybonilla@hotmail.com
Daniel@bonillalaw.com


For Plaintiff-Intervenors Texas League of Young Voters Education Fund, et al.:

*/s/ Ryan P. Haygood*

Christina A. Swarns
cswarns@naacpldf.org

PA Bar. No. 83616
NY Bar No. 2619252

Ryan P. Haygood
rhaygood@naacpldf.org
NY Bar No. 4089397

Natasha M. Korgaonkar
nkorgaonkar@naacpldf.org
NY Bar No. 4653168

Leah C. Aden
laden@naacpldf.org
NY Bar No. 4555207

NAACP Legal Defense and Education Fund
40 Rector Street, 5th Floor
New York, NY 10006
Tel: (212) 965-2200
Fax: (212) 226-7592

Danielle Y. Conley
danielle.conley@wilmerhale.com
DC Bar No. 503345
NY Bar No. 647886

Jonathan E. Paikin
jonathan.paikin@wilmerhale.com
DC Bar No.  466445

Kelly P. Dunbar
kelly.dunbar@wilmerhale.com
DC Bar No. 500038
NY Bar No. 4347332

Sonya L. Lebsack
sonya.lebsack@wilmerhale.com
DC Bar No. 1000746
NY Bar No. 4847281

Gerard Sinzdak
gerard.sinzdak@wilmerhale.com
Cal. Bar No. 260498
DC Bar No. 1015266

M. Hasan Ali
hasan.ali@wilmerhale.com
NY Bar No. 5005772
DC Bar No. 1014497

Wilmer Cutler Pickering Hale & Dorr, LLP
1875 Pennsylvania Ave., N.W.
Washington, D.C. 20006
Tel: (202) 663-6000
Fax: (202) 663-6363


For Defendants State of Texas, et al.:

*/s/ John B. Scott*
John B. Scott
john.scott@texasattorneygeneral.gov
Texas State Bar No. 17901500

Jonathan Mitchell
Jonathan.mitchell@texasattorneygeneral.gov
Texas State Bar No. 24075463

Reed Clay
reed.clay@texasattorneygeneral.gov
Texas State Bar No. 24072039

Patrick Sweeten
patrick.sweeten@texasattorneygeneral.gov
Texas State Bar No. 00798537

David Whitley
david.whitley@texasattorneygeneral.gov
Texas State Bar No. 24084092

Ronny Keister
ronny.keister@texasattorneygeneral.gov
Texas State Bar No. 11185300

Jennifer Roscetti
jennifer.roscetti@texasattorneygeneral.gov
Texas State Bar No. 24066685

Sean Flammer
sean.flammer@texasattorneygeneral.gov

Texas State Bar No. 24059754

Office of the Texas Attorney General
P.O. Box 12548
Austin, Texas  78711-2458
Phone: 512-936-1414
Fax: 512-936-0545