# Exhibit 2

**UNITED STATES' STATEMENT IN SUPPORT OF ITS PROPOSED SCHEDULE**

The scheduling order that the plaintiff United States requests (Ex. 1) requires the parties to be ready for trial as of March 17, 2015; the plaintiff Texas State Conference of NAACP and the plaintiff-intervenor Texas League of Young Voters Education Fund join in this request, and the defendant State of Texas does not oppose it.  The proposed trial date is based on two factors: (1) the necessity that this Court has a full, complete, and accurate record upon which to render its decision; and (2) the litigation experience of several of the parties in the instant case in litigating a challenge to SB 14 under an expedited schedule last year.

The scheduling order provides for nine months of fact discovery, followed by a period of expert discovery and limited fact discovery related to the 2014 general election, then an opportunity to file dispositive motions, and finally, preparation of the necessary pre-trial papers, such as motions in *limine* and proposed findings of fact and conclusions of law.

At the outset, the United States fully understands the gravity of the issues that this case presents.  The ability of all qualified citizens to participate fully and equally in the electoral process is fundamental.  The United States will seek to avoid any unnecessary delay in providing that ability.  At the same time, the United States recognizes that, regardless of eventual outcome, the final decision that this Court renders in this case must be based on the most complete record possible.  The United States advocates for a sufficient amount of time to conduct the necessary comparisons of several million records across multiple state and federal databases, to subject the results of those comparisons to the appropriate statistical analyses, and to prepare the necessary reports for the Court's consideration.  In addition, the Court must determine whether a discriminatory purpose was among the motivating factors for enacting the legislation.  These factors, standing alone, provide sufficient support for implementing the United States' proposed schedule.

Examining the previous litigation over SB 14 should obviate any concern that the requested time for fact and expert discovery is not warranted. The State of Texas filed a declaratory judgment action under Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c, seeking a judicial determination that SB 14 had neither a discriminatory purpose nor would have a discriminatory effect. *Texas v. Holder*, No. 1:12-cv-128 (D.D.C. 2012). On March 14, 2012, Texas requested a decision by a date that, if the court ruled in its favor, would permit it to implement SB 14 for the November 2012 election. The court granted this request, indicated that it would issue a decision by August 31, 2012, and ordered an expedited trial schedule.

In the months that followed, the parties undertook complex and voluminous discovery. To determine which voters in Texas possessed requisite state forms of photographic identification under SB 14, the United States and defendant-intervenors sought data from Texas voter registration, driver license, and license to carry concealed handguns databases.

Data discovery in this action will be even more complex. As a result of the expedited trial schedule, the parties did not exchange or present expert testimony on the federal forms of photographic identification permitted by SB 14. Nor did the parties analyze data maintained by other federal agencies pertaining to certain voters with documentary proof of a disability, who may obtain an exemption from SB 14's identification requirements. In finding that Texas had not met its burden under Section 5, the court noted it did so without reliable expert evidence on the number of Texas registered voters who lacked one of the required forms of identification. *Texas v. Holder*, 888 F. Supp. 2d 113, 138 (D.D.C. 2012). The court observed that the record was incomplete because Texas had sought and received an expedited schedule at the expense of obtaining data related to federal forms of identification. *Id*. at 120; *see also id*. at 132.

Here, Texas has already indicated that it will seek data from five federal agencies related to federal forms of allowable photographic identification under SB 14 and exemptions from SB 14's identification requirements based on disability status. The agencies are the Department of Defense, Department of Veterans Affairs, Social Security Administration, State Department, and the Citizenship and Immigration Services. None of these agencies produced any information during the Section 5 declaratory judgment action. This has the potential to magnify the data discovery issues considerably. As with the state databases, these are massive databases that contain large quantities of personal identification information, statutorily protected from disclosure under federal law. Although the parties have already started discussions as to appropriate protective orders and methods of production, it is likely that disputes will arise concerning the appropriate scope and relevance of the discovery that Texas will seek. Based on our past experiences, these disputes are likely to be complex and resolving them will be time consuming. For example, during a seven-week period, the court hearing the Section 5 declaratory judgment action held six telephonic conferences related to protective orders and discovery of data maintained by Texas. Once these issues are resolved, experts will require ample time to analyze the data and produce reports, ensuring that this Court will have a complete and accurate record to make the requisite factual findings.

The period of fact discovery included in the United States' proposed schedule also anticipates a sufficient period of time to resolve issues related to legislative privilege, deliberative process, and other privileges. In *Texas v. Holder*, the United States sought discovery from Texas legislators and staff and from executive agencies related to Texas's statutory burden under Section 5 to prove that SB 14 was not enacted with a discriminatory purpose. Texas broadly asserted legislative privilege, deliberative process, and other privileges as grounds for

withholding large categories of documents and deposition testimony. The legal issues surrounding these disputes were complicated and necessitated several rounds of briefing. The briefing of privilege issues occurred over the course of two months, from March 22, 2012, through May 30, 2012, and the court issued several orders related to privilege during that period up until June 7, 2012.

In this action, the United States again intends to seek discovery from Texas legislators and staff and executive agencies to show that passage of SB 14 was motivated by discriminatory intent. Texas has stated that it will continue to assert, at least as broadly as it did during the declaratory judgment action, that such an inquiry is precluded by legislative privilege. Because the United States expects that it will again be required to compel some portion of the discovery that Texas withholds on the basis of legislative or other privileges, its proposed schedule provides sufficient time for the parties to brief motions to compel, the Court to consider the arguments and issue orders, and the parties to conduct discovery based on those orders.

In sum, the Court should enter a scheduling order that provides the parties with an adequate period of time to prepare a complete factual record and an adequate time for the Court to consider the issues that this complex litigation presents. The United States' proposal is such a schedule.