# Exhibit 4

## THE VEASEY PLAINTIFFS' POSITION WITH RESPECT TO SCHEDULING

The Veasey plaintiffs propose a schedule that—unlike the other parties' schedule—would provide an opportunity for plaintiffs to obtain relief on behalf of Texas voters in time for the November 2014 elections, the first major turnout elections in which Texas seeks to enforce the Voter ID law.  The Veasey plaintiffs believe it is critically important to obtain a decision on SB 14's validity before, not after, the first major elections, and they further believe it is feasible for the parties and the Court to have a trial on such a schedule.

The Veasey plaintiffs filed their initial complaint on June 26, 2013, the day after the Supreme Court handed down its decision in *Shelby County v. Holder*, 133 S. Ct. 2612, and the State of Texas announced its intention to implement SB 14.  This Court promptly entered a scheduling order in which trial was scheduled for June 2014.  The Veasey plaintiffs then filed an amended complaint, and other parties filed complaints or sought to intervene, within 60 days thereafter.  Thus, even if this Court's initial scheduling order were pushed back by 60 days, the parties could still have a trial in time for a decision before the November 2014 elections.

Under the schedule proposed by the other parties, however, trial would not occur until March 2015.  Expert discovery and some factual discovery would also extend beyond the November 2014 elections.  The Court should resist adopting such a schedule at this time.

Obviously, if the Court adopts the Veasey plaintiffs' schedule, circumstances along the way may indicate that a pre-November 2014 trial is not possible.  That issue, however, would remain open for the parties and the Court to consider as circumstances develop.  Contrariwise, if the Court adopts the March 2015 trial schedule now, the possibility of a pre-election decision is foreclosed.  The Veasey plaintiffs submit that the Court would best serve the parties and the people of Texas by doing all that is possible to ensure, rather than foreclose, the *opportunity* to decide this case before the next major election in November 2014.

Accordingly, the Veasey plaintiffs propose the following schedule:

| | |
|---|---|
| Initial Disclosures Due | November 21, 2013 |
| Fact Discovery Ends | May 2, 2014 |
| Expert Reports Due | May 9, 2014 |
| State's Expert Rebuttal Reports Due | June 6, 2014 |
| Plaintiffs' Expert Reply Reports Due | June 13, 2014 |
| Expert Witness Discovery Deadline | July 15, 2014 |
| Dispositive Motions Due[1] | July 22, 2014 |
| Dispositive Motion Responses Due | August 4, 2014 |
| Replies to Dispositive Responses Due | August 11, 2014 |
| Trial | September 2, 2014 |

In proposing the foregoing schedule, the Veasey plaintiffs are mindful of the need to develop a complete factual record in this case, but believe this schedule would permit the development of such a record. Adopting the Veasey plaintiffs' proposed schedule does not guarantee that the litigation process will be problem-free. Texas will be objecting to some discovery based on legislative privilege. Texas and the United States will be producing data from large databases that will take time and effort to compile. But the Court could decide disputes over these issues early to ensure that the discovery process moves along quickly and smoothly. Indeed, the D.C. court in the Section 5 Voting rights Act case monitored the case closely and quickly resolved discovery disputes by telephone conferences.

---

[1] The schedule includes time for a dispositive motion, such as a summary judgment motion, as well as *Daubert* motions relating to expert testimony. As to the summary judgment issue, the schedule contemplates that the Court might well choose to "carry the motion with the case," *i.e.*, hear the evidence before deciding the motion. In this complex case involving fundamental rights of Texas voters, surely a court would be on sound ground in holding that the fullest possible record would best serve the interests of justice. Likewise, as to any *Daubert* motions, the Court might choose to decide those motions at the optimum time, *i.e.*, as the case develops and the evidence is presented, rather than in isolation ahead of time.

In support of the Veasey plaintiffs' proposed schedule, it is important to note that the parties are not starting from scratch in this case. A three-judge federal court in Washington, D.C. held a week-long trial in July 2012 and concluded that the Texas photo voter ID law discriminated against minority voters. The parties took dozens of depositions in that case, and the record included hundreds of exhibits and hundreds of pages of trial testimony. The significant evidence the parties have already amassed should allow a shorter discovery schedule here, and a trial before the November 2014 elections.