# Exhibit 6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*, <br><br>   Plaintiffs, <br><br>  v. <br><br>RICK PERRY, *et al.*, <br><br>   Defendants. | Civil Action No. 2:13-cv-193 (NGR) |
| UNITED STATES OF AMERICA, <br><br>   Plaintiff, <br><br>TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, *et al.*, <br><br>   Plaintiff-Intervenors, <br><br>TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, *et al.*, <br><br>   Movant-Intervenors, <br><br>  v. <br><br>STATE OF TEXAS, *et al.*, <br><br>   Defendants, <br><br>TRUE THE VOTE, <br><br>   Movant-Intervenor. | Civil Action No. 2:13-cv-263 (NGR) |

| | |
|---|---|
| TEXAS STATE CONFERENCE OF NAACP BRANCHES, *et al.*,<br><br>                 Plaintiffs,<br><br>    v.<br><br>JOHN STEEN, *et al.*,<br><br>                 Defendants. | Civil Action No. 2:13-cv-291 (NGR) |

**AGREEMENT CONCERNING PRODUCTION FORMAT**

      Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the parties agree to adhere to the following methods of production of documents and electronically stored information ("ESI"):

**Provisions for the Production of Documents and ESI**

1.      With the exception of the items specified in paragraphs 10-18, below, the parties agree that documents and ESI that can be accurately represented in black and white shall be scanned or converted to single page Tagged Image File Format ("TIFF" or ".tiff format") files, using CCITT Group IV compression. All images shall be scanned or converted at 300 d.p.i. and reflect, without visual degradation, the full and complete information contained on the original document. Photographs, color brochures, or other like documents that cannot be accurately represented in black and white or documents that are primarily in color shall be scanned or converted to JPEG files using a high quality setting. The parties will honor reasonable requests for either the production of the original document for inspection and copying or production of any color image of the document, thing, or ESI. All images shall be saved in a directory named IMAGES. Spreadsheets (*e.g.*, Excel, Quattropro, or .csv) and presentations (*e.g.*, Powerpoint)

shall be produced in native form. Native files shall be saved in a directory named NATIVE with the proper Windows-associated extension.

2.      The parties agree to produce all imaged documents with a legible, unique page identifier ("Bates Number") electronically "burned" onto the image in the lower right hand corner or—if placement in the lower right hand corner would obliterate, conceal, or interfere with any information from the source document—another blank portion of the TIFF image. The Bates numbering convention shall be in the format "XXX########" where "XXX" represents the short character abbreviation for the producing party and "########" represents the eight-digit sequential number of the page being produced by that party. Documents produced by the parties shall be abbreviated as follows: Veasey Plaintiffs = VES, United States of America = USA, Texas League of Young Voters Education Fund = LYV, Texas State Conference of NAACP Branches = TSC, and Defendants = TEX. For example, the first Bates labeled document produced by the United States should be labeled "USA00000001." Images shall be named as the [Bates Number].tif or [Bates Number].jpg. Native files shall be named as [Bates Number].ext, where "ext" denotes the native file extension.

3.      The parties agree to produce documents on CD-ROM, DVD, or external hard drive (the "Production Media"), depending on the volume of the production. Each piece of Production Media shall identify a production number corresponding to the production "wave" and a number of the volume of material in the wave. For example, if the first production wave by a party comprises document images on three hard drives, the party shall label each hard drive in the following manner in numeric sequence: "001.001"; "001.002"; "001.003." If the second production comprises three DVDs, the party shall label each DVD in the following manner in numeric sequence:  "002.001"; 002.002"; "002.003." Additional information that shall be

identified on the physical Production Media includes: (1) the case number, (2) the producing party's name, and (3) the production date. Where practicable, the type of materials on the media (*e.g.*, "Documents", "OCR Text", *etc.*) and the Bates Number range of the materials on the Production Media shall also be denoted thereon; where such material cannot reasonably be listed on the Production Media, they shall be provided in an accompanying letter.

4.     The parties agree not to produce documents or ESI using FTP, SFTP, or other hosted locations without notifying all parties. All such productions must include a single archive file per production wave (*e.g.*, .zip, .rar, or .cab), labeling of such archives in numerical sequence in accordance with paragraph 4, *supra*, and immediate notice to all parties after a new archive has been uploaded to a hosted location. All requirements of this agreement shall apply to any production using FTP, SFTP, or other hosted locations.

5.     The parties shall produce an "image cross reference file" in Concordance Opticon .log format, to accompany the produced images. The image cross reference file shall provide the Bates Numbers, relative path to images, and document break indicators. The image cross reference file shall be provided in a directory named DATA.

6.     The parties shall produce a "load file" containing the fields specified in Attachment A. The load file shall be provided in a directory named DATA, in a Concordance .DAT file format with standard delimiters. The parties agree not to include OCR/extracted text in the .DAT file.

7.     For documents that exist natively in electronic format and that have not been redacted, the parties shall produce extracted text files reflecting the full text that was electronically extracted from the original native file. For all scanned hard-copy documents, any electronic documents that require redaction prior to production and native files for which native text is not available (*e.g.*, graphic files and some PDFs), the parties will produce corresponding Optical

Character Recognition ("OCR") text files. The OCR and extracted text files shall be produced in ASCII text format and shall be labeled and produced on Production Media in accordance with the provisions of paragraph 3, above. These text files will be named with the unique Bates Number of the first page of the corresponding document followed by the extension ".txt." The OCR and extracted text files shall be produced in a manner suitable for importing the information into Concordance. OCR and extracted text files shall be saved in a directory named TEXT. All documents should have an accompanying text file, even if that file is of zero size.

8. Irrespective of which party issued the requests for production of documents, tangible things, and ESI, the producing party shall serve a copy of responsive production to each of the other parties.

**Format for the Production of ESI**

9. E-mail will be produced as image files with related searchable text and available metadata as described in Attachment A.

10. All spreadsheets, *e.g.*, Excel or Quattropro, should be produced only in native format with related searchable text and available metadata as described in Attachment A. Spreadsheets should not be imaged, but a placeholder image must be included to represent the spreadsheet.

11. All presentations, *e.g.*, Powerpoint, should be produced only in native format with related searchable text and available metadata as described in Attachment A. Presentations should not be imaged, but a placeholder image must be included to represent the presentation.

12. The parties will meet and confer regarding the production of video, audio, and any file stored in a proprietary formats (*i.e.*, non-Microsoft or Corel Suite compatible files). Any such conference shall be held within fourteen (14) days (unless the parties agree to a later date) of identification of such materials in initial disclosures, a direct request for the production of such

materials, or a determination by a producing party that such materials are responsive to a broader request, and any such conference shall include the custodians of the materials, as well as technicians with sufficient knowledge to explain the content and format of the material at issue.

13.     The parties will meet and confer regarding the production of records or data from systems of record, databases, or federal agency comparisons in an agreed upon format.  Any such conference shall be held within fourteen (14) days (unless the parties agree to a later date) of identification of databases in initial disclosures, a direct request for the production of databases, or a determination by a producing party that databases are responsive to a broader request, and any such conference shall include the custodians of the databases, as well as technicians with sufficient knowledge to explain the content and format of the databases.

14.     Other electronic documents not specifically discussed elsewhere will be produced as image files with related searchable text and available metadata as described in Attachment A.  If said documents in their original form cannot be converted to TIFF as described above, the parties will promptly meet and confer concerning the form of such production.

15.     Documents with children (*e.g.*, email with attachments, archive files, and files with embedded documents) shall be treated as separate documents.  Each document (parent and child) shall have the same attachment range as a way of identifying the group, as specified in the Attachment Range field of Attachment A.

16.     In the event that a party needs to redact a portion of a document for which only a native file is produced (*e.g.*, Excel and PowerPoint), the parties will meet and confer regarding production of the redacted document.

17. Encryption or password protection of any file is to be removed or the passwords provided. If software is required to open encrypted files, the party producing the encrypted files must provide the software.

**Search of Electronically Stored Information**

18. To the extent that any party intends to limit the scope of a response to a request for production through the use of search terms, the parties agree to meet and confer regarding the responding party's search of ESI, including the party's technological search capability and the most effective means of defining search criteria, such as date ranges, custodians, and key words.

19. The parties agree that the use of an agreed-on search process or set of search criteria shall not be construed as a waiver of any party's right to request subsequent searches and productions, particularly where there is a showing that the agreed-to search process and criteria have resulted in inadequate productions or failed to identify relevant materials. The parties also reserve their right to object to any additional requests or subsequent searches.

20. The parties agree that documents identified by search terms may be reviewed for privilege, confidentiality, relevance, or responsiveness prior to production.

**Deduplication**

21. The parties agree to use MD-5 hash values to deduplicate exact duplicate documents across custodians. As noted in Attachment A, MD-5 hash values will be calculated at the time of collection or processing for all categories of ESI.

**Paper Documents**

22. The parties agree to produce hard-copy documents as TIFF or JPEG files, as described in paragraphs 1-3, above.

23. To the extent possible, the parties will endeavor to apply unitization practices consistent with the following description: Each page of a hard copy document shall be scanned into an image and if a document is more than one page, the unitization of the document and any attachments shall be maintained as it existed in the original when creating the image file. For documents that contain fixed notes, (*e.g.*, post-it notes), the pages will be scanned both with and without the notes and those pages will be treated as part of the same document. The relationship of documents in a document collection (*e.g.*, cover letter and enclosures, email and attachments, binder containing multiple documents, or other documents where a parent-child relationship exists between the documents) shall be maintained through the scanning or conversion process. If more than one level of parent-child relationship exists, documents will be kept in order, but all will be treated as children of the initial parent document. Such information shall be produced in conformity with the Attachment Range field in Attachment A in a manner which enables the parent-child relationship among documents in a document collection to be reconstituted by the receiving party in Concordance.

**Privilege Logs**

24. The parties agree that for each document, tangible thing, or ESI withheld based on an asserted claim of privilege or protection, the party asserting the privilege must produce a privilege log pursuant to Rule 26(b)(5)(a) of the Federal Rules of Civil Procedure. At minimum, the privilege log must contain a Bates range, the type of document or ESI, the title of the document or ESI, the date of the creation or transmission of the document or ESI, the author or authors of the document or ESI, the recipients of the document or ESI (including individuals copied or blind-copied), whether the document or ESI contains attachments, the privilege or privileges claimed, and the basis for the assertion of privilege or protection.

25. The parties agree to provide sufficient information privilege logs to establish the elements of each asserted privilege. *See, e.g.*, *Taylor Energy Co. v. Underwriters at Lloyds of London*, No. C.A. 09-6383, 2010 WL 3952208 (E.D. La. Oct. 7, 2010). However, the Parties need not note on a privilege log any document—including but not limited to draft documents—exchanged solely among counsel, individuals working directly on behalf of counsel in connection with this litigation (*e.g.*, paralegals, analysts, and litigation support staff), or supervisory staff of the U.S. Department of Justice or the Office of the Texas Attorney General.

26. E-mail attachments must be separately identified and described if they are withheld based on an assertion of privilege or protection.

**Inadvertent Production of Documents and Clawback**

27. The parties agree that a disclosure of communications, documents, tangible things, and ESI covered by the attorney-client privilege, work product protection, or governmental privileges does not operate as a waiver in this proceeding if (1) the disclosure is inadvertent and is made in connection with this litigation or prior proceedings under Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c, and (2) the holder of the privilege or protection took reasonable precautions to prevent disclosure and took reasonably prompt measures—once the holder knew or should have known of the disclosure—to rectify the error.

28. Any party receiving material it believes may have been inadvertently produced that includes privileged or protected information shall promptly notify the producing party. Within fourteen (14) days after such notification, the producing party may request in writing that such materials be returned or destroyed. Upon such written request—and except in the event that the requesting party disputes the claim of privilege or protection—any materials that the producing party deems to contain inadvertently disclosed materials shall be promptly returned to the

producing party or destroyed at the producing party's option. This includes all copies—electronic or otherwise—of any such materials and the parties agree that no further copies of the inadvertently disclosed materials will be made. In the event that copies of inadvertently produced materials that are privileged or protected are captured on a party's back-up media used for disaster recovery, the parties will over-write those copies according to their established back-up procedures.

29. If privileged or protected information is contained within an item of otherwise discoverable material, the parties recognize that the requesting party may not be able to destroy only the portion of the item of the disclosed material that is privileged or protected. Instead, the requesting party may need to destroy the privileged or protected information along with all of the otherwise discoverable material within that item. Whenever that is the case, the producing party—within fourteen (14) days of notification of the inadvertent disclosure—shall provide the requesting party with a replacement copy of the item materials that are not privileged or protected and are otherwise discoverable.

30. In the event that the requesting party disputes the producing party's assertions with respect to the inadvertently disclosed material, such material shall be sequestered and retained by and under the control of the requesting party for the purpose of seeking determination of the issue from the Court. If the Court determines that privilege or protection has been waived or that the inadvertently disclosed material is not subject to by any applicable privilege or protection, the requesting party may use the material for any purposes otherwise permitted by law or rule. If the Court determines that the inadvertently disclosed material is subject to an applicable privilege or protection, the requesting party must return or destroy the materials at issue, as provided above.

31. If the producing party does not request the return or destruction of material within fourteen (14) days of notification by the receiving party of the receipt of material it believes was inadvertently produced, the producing party waives any claim of privilege or protection as to the material.

**Sample Production**

32. On or before fourteen (14) days following the effective date of this Agreement, the parties shall exchange a sample production of documents formatted to be consistent with this Agreement. The sample production shall contain a combination of scanned paper files and ESI and shall include at least one spreadsheet and one email. The production need not be relevant to this case, as it is intended only to test the adequacy of the specifications in this Agreement and the compatibility of the parties' systems. If any party reports problems with the sample productions, the parties shall confer regarding the terms of this agreement.

**Duty to Supplement Discovery Responses**

33. The parties must supplement their disclosures and responses in a timely manner if a party learns that a disclosure was materially incorrect or incomplete, in accordance with Federal Rule of Civil Procedure 26(e)(1)(A). Supplementation must be made at appropriate intervals during discovery and with special promptness as the trial date approaches.

**Costs of Document Production**

34. Each party shall bear the costs of producing its own documents, things, and ESI.

**Requirement to Confer**

35. Before filing any motion regarding the terms of this Agreement, compliance with this Agreement, or any other discovery dispute, the parties will confer in a good faith attempt to resolve such disputes.

Dated: November 4, 2013

| For the Veasey Plaintiffs | For the United States of America |
|---|---|
| */s/ Chad W. Dunn* <br> CHAD W. DUNN <br> K. SCOTT BRAZIL <br> Brazil & Dunn <br> 4201 Cypress Creek Parkway <br> Suite 530 <br> Houston, Texas 77068 | KENNETH MAGIDSON <br> United States Attorney <br> Southern District of Texas <br><br> JOCELYN SAMUELS <br> Acting Assistant Attorney General <br> Civil Rights Division |
| J. GERALD HEBERT <br> Campaign Legal Center <br> 215 E Street, NE <br> Washington, D.C. 20002 | */s/ Elizabeth S. Westfall* <br> T. CHRISTIAN HERREN, JR. <br> MEREDITH BELL-PLATTS <br> ELIZABETH S. WESTFALL <br> BRUCE I. GEAR <br> JENNIFER L. MARANZANO <br> ANNA M. BALDWIN <br> DANIEL J. FREEMAN <br> Attorneys, Voting Section <br> Civil Rights Division <br> U.S. Department of Justice <br> 950 Pennsylvania Avenue, N.W. <br> Washington, D.C. 20530 |
| NEIL G. BARON <br> Law Office of Neil G. Baron <br> 914 FM 517 West <br> Suite 242 <br> Dickinson, Texas 77539 | |
| DAVID RICHARDS <br> Richards, Rodriguez & Skeith LLP <br> 816 Congress Avenue <br> Suite 1200 <br> Austin, Texas 78701 | |
| ARMAND G. DERFNER <br> Derfner, Altman & Wilborn, LLC <br> P.O. Box 600 <br> Charleston, South Carolina 29402 | JOHN A. SMITH III <br> Assistant United States Attorney <br> 800 N. Shoreline, Suite 500 <br> Corpus Christi, Texas 78401 |
| LUIS ROBERTO VERA, JR. <br> Law Offices of Luis Vera Jr. <br> 1325 Riverview Towers <br> 111 Soledad <br> San Antonio, Texas 78205 | |
| CRAIG M. WATKINS <br> TERESA G. SNELSON <br> Dallas County District Attorney's Office <br> 411 Elm Street <br> Fifth Floor <br> Dallas, Texas 75202 | |

**For NAACP Plaintiffs:**

*/s/ Ezra D. Rosenberg*
EZRA D. ROSENBERG
Dechert LLP
902 Carnegie Center, Suite 500
Princeton, New Jersey 08540

STEVEN B. WEISBURD
AMY L. RUDD
LINDSEY B. STELCEN
Dechert LLP
500 W. 6th Street, Suite 2010
Austin, Texas 78701

ROBERT A. KENGLE
MARK A. POSNER
SONIA KAUR GILL
ERANDI ZAMORA
Lawyers' Committee for Civil Rights
   Under Law
1401 New York Avenue, NW
Suite 400
Washington, D.C. 20005

WENDYWEISER
MYRNA PÉREZ
VISHAL AGRAHARKAR
Jennifer Clark
The Brennan Center for Justice at NYU Law
   School
161 Avenue of the Americas, Floor 12
New York, New York 10013

ROBERT NOTZON
The Law Office of Robert Notzon
1502 West Avenue
Austin, Texas 78701

Gary Bledsoe
PotterBledsoe, L.L.P.
316 West 12th Street, Suite 307
Austin, Texas 78701

KIM KEENAN
MARSHALL TAYLOR
VICTOR GOODE
NAACP
4805 Mt. Hope Drive
Baltimore, Maryland 21215

JOSE GARZA
Law Office of Jose Garza
7414 Robin Rest Drive
San Antonio, Texas 98209

CLAY BONILLA
DANIEL G. COVICH
The Law Offices of William Bonilla, P.C.
2727 Morgan Ave.
Corpus Christi, Texas 78405

<div style="display: flex;">

**For Texas League of Young Voters Educational Fund, et al. Intervenors:**

*/s/ Ryan P. Haygood*
SHERRILYN IFILL
CHRISTINA SWARNS
RYAN P. HAYGOOD
NATASHA M. KORGAONKAR
LEAH C. ADEN
NAACP Legal Defense and
Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, New York 10006

DANIELLE CONLEY
JONATHAN PAIKIN
KELLY P. DUNBAR
SONYA L. LEBSACK
Wilmer Cutler Pickering
Hale and Dorr LLP
1875 Pennsylvania Ave., NW
Washington, D.C. 20006

**For the State of Texas et al.**

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

*/s/ John B. Scott*
JOHN B. SCOTT
Deputy Attorney General
209 West 14th Street
Austin, Texas 78711

</div>

# Attachment "A"

| Name of Field | Type of field | Contents | | | | |
|---|---|---|---|---|---|---|
| | | E-mail | Word Processing or PDFs | Spreadsheets | Digital Photos | Paper |
| Begin_Bates | Text | Bates number for the TIFF/jpg image of the first page | Bates number for the TIFF/jpg image of the first page | Bates number of the placeholder page | Bates number for the TIFF/jpg image of the first page | Bates number for the TIFF/jpg image of the first page |
| End_Bates | Text | Bates number for the TIFF/jpg image of the last page | Bates number for the TIFF/jpg image of the last page | Bates number of the placeholder page | Bates number for the TIFF/jpg image of the last page | Bates number for the TIFF/jpg image of the last page |
| Attachment Range | Text | Bates range starting with the first page of the parent document through the last page of the last attachment. Blank if there are no child documents | Bates range starting with the first page of the parent document through the last page of the last attachment or embedded file. Included only if part of a group of documents like an email or zip file. | Bates range starting with the first page of the parent document through the last page of the last attachment or embedded file. Included only if part of a group of documents like an email or zip file. | Bates range starting with the first page of the parent document through the last page of the last attachment or embedded file. Included only if part of a group of documents like an email or zip file. | Bates range of all documents that were grouped together/ physically attached by clips, staples, or binding or folder. Blank if a single non grouped document |

| Name of Field | Type of field | Contents | | | | |
|---|---|---|---|---|---|---|
| | | E-mail | Word Processing or PDFs | Spreadsheets | Digital Photos | Paper |
| Custodian | Text | The name of the person who had primary control over the location from which the document was collected | The name of the person who had primary control over the location from which the document was collected | The name of the person who had primary control over the location from which the document was collected | The name of the person who had primary control over the location from which the document was collected | The name of the person maintaining the file from which the paper was obtained |
| Author | Paragraph | "From" field | <blank> | <blank> | <blank> | <blank> |
| To | Paragraph | "To" field | <blank> | <blank> | <blank> | <blank> |
| CC | Paragraph | "CC" field | <blank> | <blank> | <blank> | <blank> |
| BCC | Paragraph | "BCC" field | <blank> | <blank> | <blank> | <blank> |
| Subject | Paragraph | "Subject" field | <blank> | <blank> | <blank> | <blank> |
| DateSent | Date | The date the message was sent (format: 9/28/2012) | <blank> | <blank> | <blank> | <blank> |
| TimeSent | Text | The time the message was sent (format: 11:16:46 AM) | <blank> | <blank> | <blank> | <blank> |
| MD5Hash | Text | The MD5 hash value calculated when the file was collected or processed. | The MD5 hash value calculated when the file was collected or processed. | The MD5 hash value calculated when the file was collected or processed. | The MD5 hash value calculated when the file was collected or processed. | <blank> |
| Prod_FilePath | Paragraph | The path to the native file on the production media | The path to the native file on the production media | The path to the native file on the production media | The path to the native file on the production media | <blank> |

| Name of Field | Type of field | Contents | | | | |
|---|---|---|---|---|---|---|
| | | E-mail | Word Processing or PDFs | Spreadsheets | Digital Photos | Paper |
| Orig_filename | Paragraph | Original name of the native file when the file was collected or processed | Original name of the native file when the file was collected or processed | Original name of the native file when the file was collected or processed | Original name of the native file when the file was collected or processed | &lt;blank&gt; |
| Responsive to | Text | Document request numbers for which this document is responsive. | Document request numbers for which this document is responsive. | Document request numbers for which this document is responsive | Document request numbers for which this document is responsive | Document request numbers for which this document is responsive |