David J Bradley  
Clerk of Court  
515 Rusk #5401  
Houston TX 77002

Nov 8 13

Docs 23 & 36 in USA v TEXAS (Corpus Christi) 2:13cv193/263 are letters from me.

I suggest a 2nd ballot for Texas State House by limited one man one vote voting to loosen winners ties to liars, inhibit tyranny and promote turnover. I suggest candidates be on about three district limited voting ballots beyond their own.

PEORIA IL has elected five aldermen by cumulative voting and five by wards since 1991. GUIN AL seven city councilmen by cumulative voting since about 1987. Guin plans to go to five by limited one man one vote voting.

I want info on cases:    And other relevant info.  
RODRIGUEZ v HARRIS CO TX (SD TX) 4c¢1 cv 2907  
AL LEG BLACK CAUCUS v AL (MDAL) 2:12 cv 691/1081  
FABELA v CITY OF FARMERS BRANCH TX (NDTX) 3:10 cv 1425-D  
MOLINA v COUNTY OF ORANGE (SDNY) _:13 cv 3018  
GA STATE NAACP v FAYETTE CO COMRS (NDGA) 3:11 cv 123-TCB

I would like info soon. The Texas primary is set for March.

Robert M Allensworth  
Robert M Allensworth B14522  
BMRCC 251 N IL 82866x2419  
            37 S  
Ina IL 62846 2419

Note references to cumulative voting on back from  
HARPER v CHICAGO HEIGHTS (7th Cir) 223 F3 593,9.

I am especially interested in Aug 02 13 ORDER in AL LEG BLACK CAUCUS v AL (MD AL) 2:12 cv 691/1081.

I got KEYCITE DILLARD v CRENSHAW CO ENCLOSED ON NOV 5 13

I asked for it in Aug.

I did **not** lure the then 12-year old neighbor boy who came up to me in Oct 94 asking if I had some money before I gave him 30¢ and about six boys and girls taunted me and threw rocks.

as administrative assistants and directors. *Id.* None of those powers would have belonged to him under the statutory "strong mayor" government. Finally, Judge Coar criticized the use of an at-large method to elect the Park District board president. *Id.* Illinois law provides that the board president may be elected by the board members, but Judge Coar believed that the use of an at-large election is particularly problematic in a seven-member board structure where the president has the power to cast tie-breaking votes. *Id.*

Although Judge Coar suggested that the Perkins and McCoy proposal was legally adequate, *id.* at 981, he did not embrace it without qualification. He was concerned that a plan that requires the drawing of district lines would be the frequent subject of constitutional attack, recognizing that his task was to steer between the Scylla of racially based district lines, e.g., *Abrams v. Johnson*, 521 U.S. 74, 117 S.Ct. 1925, 138 L.Ed.2d 285 (1997), *Bush v. Vera*, 517 U.S. 952, 116 S.Ct. 1941, 135 L.Ed.2d 248 (1996), and *Shaw v. Hunt*, 517 U.S. 899, 116 S.Ct. 1894, 135 L.Ed.2d 207 (1996), and the Charybdis of ineffectual Section 2 remedies. Noting the support for cumulative voting expressed by Justices Scalia and Thomas in Justice Thomas's concurring opinion in *Holder v. Hall*, 512 U.S. 874, 912, 114 S.Ct. 2581, 129 L.Ed.2d 687 (1994), Judge Coar decided to try that approach. Accordingly, instead of dividing the City into seven districts, the court's order requires the establishment of an at-large system that uses cumulative voting. This came as a surprise to the parties, who had not proposed any such structure, but the court cited to literature indicating that cumulative voting has the benefits of remedying the vote dilution problem while avoiding the constitutional challenges that afflict the drawing of district lines. 6 F.Supp.2d at 982–83. Judge Coar found this benefit significant given the line of Supreme Court decisions just mentioned, and also given the practical fact that any districting plan he approved would have to be redrawn following the 2000 census.

## II

The City, the Park District, and the Class attack the district court's holding on several fronts. First, they argue that the court erred when it found that the referendum system did not remedy the Section 2 violation. Because the modified "strong mayor" plan adopted by the voters in the referendum is a legally adequate remedy, they maintain, the district court was required to accept it. They also suggest that the referendum results can be set aside only if they would independently violate Section 2, and that we should not be worrying about their capacity to cure the earlier Section 2 violation. Second, they argue that even if the referendum plan is an inadequate remedy, the district court's cumulative voting plan is not an acceptable alternative. Finally, the City and the Park District argue that all previous grants of attorneys's fees must be revisited. We address these contentions in turn.

### A.

[1, 2] Standing behind the district court's judgment is the earlier finding—unchallenged, as we said—that the at-large system violated Section 2 of the Voting Rights Act. We think it was correct for the court to ask whether the replacement system eventually approved through referendum would remedy the violation; there was no need for the court to view it as if it had emerged from thin air. See *Harvell v. Blytheville Sch. Dist. # 5*, 71 F.3d 1382, 1386 (8th Cir.1995); *Jenkins v. Red Clay Consolidated Sch. Dist. Bd. of Educ.*, 4 F.3d 1103, 1115–16 (3d Cir.1993). When a Section 2 violation has been found, the district court "must, wherever practicable, afford the jurisdiction an opportunity to remedy the violation first, ... with deference afforded the jurisdiction's plan if it provides a full, legally acceptable remedy.... But if the jurisdiction fails to remedy completely the violation or if a proposed remedial plan itself constitutes a

| | | |
|---|---|---|
| USA v TEXAS | | 2:13-cv-263 and 2:13-cv-291 by Mexican American Legislative Caucus, Texas House of Representatives, Texas State Conference of NAACP Branches, filed. Motion Docket Date 10/9/2013. (Attachments: # 1 Proposed Order)(Rudd, Amy) (Entered: 09/18/2013) |
| 09/19/2013 | 28 | NOTICE of Resetting. Parties notified. Initial Conference set for 10/25/2013 at 09:00 AM before Judge Nelva Gonzales Ramos, filed. (See order entered at DE 14.) (bcortez, 2) (Entered: 09/19/2013) |
| 09/19/2013 | 29 | ORDER granting 15 Motion to Intervene of Texas League of Young Voters Eduction Fund and Imani Clark.(Signed by Judge Nelva Gonzales Ramos) Parties notified.(vrios, 2) (Entered: 09/20/2013) |
| 09/19/2013 | 31 | Consent Order of Consolidation re 27 Motion to Consolidate Cases: Lead Case No. 2:13cv193 and Member Case No. 2:13cv263 and 2:13cv291. (Signed by Judge Nelva Gonzales Ramos) Parties notified.(amireles, 2) (Entered: 09/20/2013) |
| 09/20/2013 | 30 | INTERVENOR COMPLAINT against Imani Clark, Texas League of Young Voters Eduction Fund, State Of Texas, Steve McGraw filed by Imani Clark, Texas League of Young Voters Eduction Fund.(vrios, 2) (Entered: 09/20/2013) |
| 09/20/2013 | 32 | ORDER GRANTING MOTION TO APPEAR PRO HAC VICE. Ezra D. Rosenberg granted leave to appear for Texas State Conference of NAACP Brances and MALC. (Signed by Judge Nelva Gonzales Ramos) Parties notified.(mserpa, 2) (Entered: 09/23/2013) |
| 09/20/2013 | 33 | ORDER GRANTING MOTION TO APPEAR PRO HAC VICE. Mark A. Posner granted leave to appear for Texas State Conference of NAACP Branches, et al. (Signed by Judge Nelva Gonzales Ramos) Parties notified. (mserpa, 2) (Entered: 09/23/2013) |
| 09/20/2013 | 34 | ORDER GRANTING LEAVE TO APPEAR PRO HAC VICE. Erandi Zamora granted leave to appear for Texas State Conference of NAACP Branches, et al. (Signed by Judge Nelva Gonzales Ramos) Parties notified. (mserpa, 2) (Entered: 09/23/2013) |
| 09/20/2013 | 35 | ORDER GRANTING MOTION TO APPEAR PRO HAC VICE. Sonia Kaur Gill granted leave to appear for Texas State Conference of NAACP Branches, et al. (Signed by Judge Nelva Gonzales Ramos) Parties notified. (mserpa, 2) (Entered: 09/23/2013) |
| 09/23/2013 | 36 | Letter from Robert M. Allensworth re: Polk County Enterprise, filed. (jtabares, 1) (Entered: 09/23/2013) |
| 09/23/2013 | 37 | Mail Returned Undeliverable as to attorney J Gerald Hebert re: 14 Order on Motion to Consolidate Cases, filed. (vrios, 2) (Entered: 09/24/2013) |
| 09/24/2013 | | DE # 14 Re-Noticed to attorney, J. Gerald Hebert ***, filed. (vrios, 2) (Entered: 09/24/2013) |
| 09/25/2013 | 38 | MOTION to Intervene by True the Vote, filed. Motion Docket Date 10/16/2013. (Attachments: # 1 Exhibit 1)(Nixon, Joseph) (Entered: |

DC CM/ECF LIVE - U.S. District Court:Texas Southern
Case 2:13-cv-00193 Document 71-1 Filed on 11/12/13 in TXSD Page 4 of 4
Page 15 of 17

VEASEY v PERRY (Corpus Christi) 2:13 cv 193/263

| | | |
|---|---|---|
| USA~TG~ ev | | Daniel) (Entered: 08/30/2013) |
| 08/30/2013 | 14 | ORDER granting 12 Motion to Consolidate Cases: Lead Case No. 2:13cv193 and Member Case No. 2:13cv263.(Signed by Judge Nelva Gonzales Ramos) Parties notified.(lcayce, ) (Entered: 09/03/2013) |
| 09/06/2013 | 16 | ORDER FOR ADMISSION PRO HAC VICE, granted. Attorney Leah C. Aden is admitted to represent Plaintiff-Intervenors for Texas League of Young Voters Education Fund and Imani Clark.(Signed by Judge Nelva Gonzales Ramos) Parties notified.(jalvarez, 2) (Entered: 09/06/2013) |
| 09/06/2013 | 17 | ORDER granting Admission Pro Hac Vice. Attorney Natasha M. Korgaonkar is representing Plaintiff-Intervenors for Texas League of Young Voters Education Fund and Imani Clark.(Signed by Judge Nelva Gonzales Ramos) Parties notified.(jalvarez, 2) (Entered: 09/06/2013) |
| 09/06/2013 | 18 | ORDER granting Admission Pro Hac Vice. Attorney Ryan P. Haygood is admitted to represent Plaintiff-Intervenors for Texas League of Young Voters Education Fund and Imani Clark.(Signed by Judge Nelva Gonzales Ramos) Parties notified.(jalvarez, 2) (Entered: 09/06/2013) |
| 09/06/2013 | 19 | ORDER granting Admission Pro Hac Vice. Attorney Jonathan E. Paikin is admitted to represent Plaintiff-Intervenor Texas League of Young Voters and Imani Clark. (Signed by Judge Nelva Gonzales Ramos) Parties notified. (jalvarez, 2) (Entered: 09/06/2013) |
| 09/06/2013 | 20 | ORDER granting Admision Pro Hac Vice. Attorney Sonya L. Lebsack represents Plaintiff-Intervenor Texas League of Young Voters and Imani Clark.(Signed by Judge Nelva Gonzales Ramos) Parties notified.(jalvarez, 2) (Entered: 09/06/2013) |
| 09/06/2013 | 21 | ORDER granting Admission Pro Hac Vice. Attorney Kelly Dunbar represents Plaintiff-Intervenor Texas League of Young Voters and Imani Clark.(Signed by Judge Nelva Gonzales Ramos) Parties notified.(jalvarez, 2) (Entered: 09/06/2013) |
| 09/06/2013 | 22 | ORDER granting Admission Pro Hac Vice. Attorney Danielle Conley represents Plaintiff-Intervenor Texas League of Young Voters and Imani Clark. (Signed by Judge Nelva Gonzales Ramos) Parties notified.(jalvarez, 2) (Entered: 09/06/2013) |
| 09/10/2013 | 23 | Letter from Robert M. Allensworth, filed. (Per Houston - no fees were included with this letter) (mserpa, 2) (Entered: 09/13/2013) |
| 09/16/2013 | 24 | RESPONSE to 15 MOTION to Intervene filed by United States Of America. (Attachments: # 1 Exhibit)(Maranzano, Jennifer) (Entered: 09/16/2013) |
| 09/16/2013 | 26 | Mail Returned Undeliverable as to All Plaintiffs re: 13 Order on Motion to Appear Pro Hac Vice, filed. (vrios, 2) (Entered: 09/17/2013) |
| 09/17/2013 | 25 | NOTICE of Appearance by John A. Smith III on behalf of United States Of America, filed. (Smith, John) (Entered: 09/17/2013) |
| 09/18/2013 | 27 | MOTION to Consolidate Lead Case No. 2:13-cv-193 and Member Case No. |

John A Smith III, Asst US Atty, 800 N Shoreline Blvd # 500
Corpus Christi TX, 78401, 361-888-3111, Fax 3200