# EXHIBIT A

Declaration of B. Keith Ingram

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, JANE HAMILTON, SERGIO DELEON, FLOYD J. CARRIER, ANNA BURNS, MICHAEL MONTEX, PENNY POPE, OSCAR ORTIZ, KOBY OZIAS, JOHN MELLOR-CRUMLEY, JANE DOE, JOHN DOE, LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), AND DALLAS COUNTY, TEXAS,<br><br>*Plaintiffs,*<br><br>v.<br><br>RICK PERRY, Governor of Texas; and JOHN STEEN, Texas Secretary of State,<br><br>*Defendants.* | CIVIL ACTION NO. 2:13-CV-193 (NGR) [Lead case] |
| UNITED STATES OF AMERICA,<br><br>*Plaintiffs,*<br><br>v.<br><br>STATE OF TEXAS, JOHN STEEN, in his official capacity as Texas Secretary of State; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety,<br><br>*Defendants.* | CIVIL ACTION NO. 2:13-CV-263 (NGR) [Consolidated case] |
| TEXAS STATE CONFERENCE OF NAACP BRANCHES; and the MEXICAN AMERICAN LEGISLATIVE CAUCUS OF THE TEXAS HOUSE OF | |

REPRESENTATIVES,  )
          *Plaintiffs,*  )
v.  ) CIVIL ACTION NO.
   ) 2:13-CV-291 (NGR)
JOHN STEEN, in his official capacity as ) [Consolidated case]
Secretary of State of Texas; and STEVE )
McCRAW, in his official capacity as Director )
of the Texas Department of Public Safety, )

          *Defendants.*

## DECLARATION OF B. KEITH INGRAM

My name is B. Keith Ingram and I am over the age of 18 and competent in all respects to make this declaration. I have personal knowledge and expertise of the matters herein stated.

    1    I have been the Director of the Elections Division of the Office of the Texas Secretary of State for almost two years. The Texas Secretary of State is the chief election officer for Texas and I am the director of the division that implements this responsibility for the Secretary. As chief election officer for Texas, the Secretary through our division is responsible for obtaining and maintaining uniformity in the application, operation and interpretation of the election code and laws pertaining to elections outside of the code. Our division is responsible for preparing detailed and comprehensive written directives, instructions and forms and distributing these to the appropriate state and local authorities in the administration of the election code.

    2.    Elections in Texas are complex. They are complex legally and logistically. The complexity centers on the fact that we do not have one statewide

election. Instead, during every general election we have 254 separate countywide elections administered directly by county election officials using full time office employees and part time poll workers. According to the election code, it is this division's primary purpose to ensure that these county election officials have the proper legal instructions and forms with which to carry out their county's election. In addition, we must also prepare and disseminate training materials for the counties to use in training their part time poll workers who perform these duties, at most, twice a year and as rarely as once every two or four years or longer.

3. It is my understanding that trial in this matter has been scheduled for September 2. Practically and logistically speaking the election is already underway at that point:

4. First, the Secretary of State, per Section 31.002 of the Texas Election Code, shall prescribe the forms necessary for the administration of the law. If any forms require changes for use in the November 2014 election, the Secretary of State would revise and finalize those forms prior to our annual seminar for county election officials occurring July 7-9, 2014. In fact, the forms and the seminar materials incorporating those forms would be developed in tandem to allow our office to train county officials on the law and the proper forms to use for implementing that law. County election officials will begin ordering forms from authorized printers immediately after the July seminar. During the previous litigation regarding this law last summer, we learned from the printers that they need to have the forms finalized and begin printing them no later than

3

approximately August 15 for an upcoming November election, especially those used for voters requesting mail ballots.

5. There are approximately 13 forms that were modified to implement the provisions of Senate Bill 14 (82nd Legislature) for the 2013 election. One of these forms, the voter registration certificates for 2013-2014 election cycle, with the list of acceptable forms of identification, will be mailed by counties beginning this week. Next, every voter who fails the "live check" process when they register to vote will receive a notice in the mail informing them that they will have to bring a proper form of identification with them to the polls, or provide a photocopy of one of the acceptable forms of identification with their ballot if they vote by mail. A ballot by mail can be requested beginning 60 days before the election (September 5, 2014), military and overseas ballots that have been requested have to be sent out 45 days before the election (September 20, 2014), and domestic ballots by mail are sent out 38 days before the election (September 27, 2014). Finally, early voting in person for the November 2014 election will begin on October 20, 2014. In order to conduct early voting with a change in law, 8 forms would need to be modified for use in the polling place. It would be difficult for counties to timely re-order forms and conduct a successful election, and if the provisions in Senate Bill 14 were changed or omitted by a court, the legal procedures for mail ballots would change after it had already begun.

6. Once the county election officials have received their training at our annual seminar, they return to their counties to train election workers. Counties

begin training their election judges and alternates toward the end of August and early September. Therefore, poll worker training materials have to be updated and ready for the counties to use by the middle of August. If there is a change in law, poll workers would have to be trained regarding the new law and the new forms that will be used in the application thereof. The online poll worker training which was substantially revised for this past election would have to be revised again to ensure that poll workers were properly trained. As with printing new forms, it would be difficult for counties to train election officials on procedure changes. In an additional twist, SB 14 required county election officials to train election clerks at the polling locations along with election judges and alternates on the requirements of the law and acceptable forms of identification. Thus, for the first time, election clerks were trained by the counties for this past election cycle and they were trained with the requirements of SB14. There is no requirement in previous law to train election clerks. There would be no way to "untrain" them effectively with regard to the SB 14 requirements if previous law was reinstated sometime just prior to the election..

7. If there are any significant changes to the election laws after the beginning of the trial, it will be virtually impossible to implement those changes for the November election. Obviously, this office would make every effort, but given the logistical complexity involved in preparing people and paper for 254 separate county elections, there is a substantial likelihood that the changes would not be fully

implemented before the election. The potential for confusion and conflict would be quite high.

8. Significant changes to the applicable law need to occur well before an election in order for those changes to be implemented in an orderly fashion. The closer changes are made to an election, the higher the possibility for there to be difficulties with the implementation of the change.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 19th day of November, 2013.

*[signature]*

B. KEITH INGRAM