# EXHIBIT A

# Declaration of Toni Pippins-Poole

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>RICK PERRY, *et al.*,<br><br>    Defendants. | Civil Action No. 2:13-cv-193 (NGR) |
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, *et al.*,<br><br>    Plaintiff-Intervenors,<br><br>TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, *et al.*,<br><br>    Plaintiff-Intervenors,<br><br>    v.<br><br>STATE OF TEXAS, *et al.*,<br><br>    Defendants.<br><br>TRUE THE VOTE,<br><br>    Movant-Intervenor. | Civil Action No. 2:13-cv-263 (NGR) |

| | |
|---|---|
| TEXAS STATE CONFERENCE OF NAACP BRANCHES, *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>JOHN STEEN, *et al.*,<br><br>        Defendants. | Civil Action No. 2:13-cv-291 (NGR) |

## DECLARATION OF TONI PIPPINS-POOLE

I, Antoinette "Toni" Pippins-Poole, declare as follows:

1. My name is Antoinette "Toni" Pippins-Poole. I am over the age of eighteen and competent to make this declaration. I have personal knowledge and expertise of the matters stated herein.

2. I am the Elections Administrator for Dallas County, Texas. Dallas County is one of the named Plaintiffs in this case. Dallas County has the second largest population of any county in the State of Texas. I have been the Elections Administrator for Dallas County since 2011. Prior to that, I served as the Assistant Elections Administrator for Dallas County since 1988. As the Elections Administrator, it is my job to make sure that the election judges are properly trained to serve the voters of Dallas County. It is also my job as the Elections Administrator to make sure that the election judges have and use the proper forms to conduct the elections.

3. I have been informed that the trial in this matter is scheduled for September 2, 2013. Should the voter identification requirements in Senate Bill 14 (82nd Texas Legislature)

currently in effect change or no longer apply upon the trial's conclusion, I anticipate that Dallas County could easily implement those changes.

4. If SB 14 is stopped, Dallas County will return to using the voter identification requirements the county has used since 2003. Dallas County officials and employees could easily return to those requirements even if the county has prepared to conduct an election under the requirements of SB 14. Dallas County has training materials from before SB 14 went into effect and poll workers who were trained under those procedures. The majority of the county's election judges have more knowledge and experience using the pre-SB 14 procedures and common practices than the new procedures mandated by SB 14.

5. In addition, Dallas County could take certain preparatory actions in anticipation of a status change. For example, the county could put a disclaimer on any training materials regarding SB 14's requirements. This disclaimer would simply indicate that the county is challenging the legality of the state's voter identification laws and that, depending on the outcome of this case, trainees should disregard the updates and return to the previous system. If Dallas County should need to unwind the training for SB 14, it could use emails, written memos, phone calls, robocalls, or changes to its website materials to notify the election judges of the changes. The county could use its pre-SB 14 training materials for in-person training sessions.

6. Dallas County could also prepare dual materials. The county did this when SB 14 was passed but before county personnel knew whether it would be pre-cleared under Section 5 of the Voting Rights Act.

7. The county has had to make modifications to materials before. For example, the Texas Secretary of State's Office once instructed the county to put stickers on the carrier envelopes that were used by voters to return their voted mail ballots back to the Elections Department.

8. Dallas County could also delay the start of its training sessions. Dallas County typically begins conducting those sessions in late September or early October for a November election. Just recently, Dallas County conducted training sessions in October. In fact, the county did not receive the applicable handbook for judges and clerks or the poll worker training sign in sheet from the Texas Secretary of State's office until October 4, 2013.

9. Dallas County typically orders forms from its authorized printer in August unless there has been a change in the law. The county has delayed the ordering process until October when that has happened.

10. SB 14 did not change the mail ballot procedures for Dallas County. Only people who applied to register to vote by mail but who failed the "live check" procedures were affected. These are the so-called "ID voters."

11. Dallas County still has questions about the use of some of the new SB 14 forms from the Texas Secretary of State's Office. For example, during the recent Constitutional Election that had a 6% turnout in Dallas County, long lines developed in some precincts while voters read the similar name affidavit and asked questions about it. Based on my experience, I anticipate that Dallas County will have at least a 37% turnout for the November 2014 General Election. It would be less costly and less confusing, not more, for everyone involved for Dallas County to go back to using the old pre-SB 14 forms and procedures.

12. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 21st day of November, 2013.

*[signature]*

ANTOINETTE "TONI" PIPPINS-POOLE
ELECTIONS ADMINISTRATOR
DALLAS COUNTY, TEXAS

SWORN TO and SUBSCRIBED before me by Antoinette "Toni" Pippins-Poole on the 21st day of November, 2013.

My commission expires:

*[Notary seal: KATHY ANN GLYNN, Notary Public, STATE OF TEXAS, My Comm. Exp. Aug. 15, 2016]*

*[signature]*
Notary Public in and for
the State of Texas