IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*,<br><br>   Plaintiffs,<br><br>v.<br><br>RICK PERRY, *et al.*,<br><br>   Defendants. | Civil Action No. 2:13-cv-193 (NGR) |
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, *et al.*,<br><br>   Plaintiff-Intervenors,<br><br>TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, *et al.*,<br><br>   Plaintiff-Intervenors,<br><br>v.<br><br>STATE OF TEXAS, *et al.*,<br><br>   Defendants.<br><br>TRUE THE VOTE,<br><br>   Movant-Intervenor. | Civil Action No. 2:13-cv-263 (NGR) |

| | |
|---|---|
| TEXAS STATE CONFERENCE OF NAACP BRANCHES, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>JOHN STEEN, *et al.*,<br><br>    Defendants. | Civil Action No. 2:13-cv-291 (NGR) |

## UNITED STATES' RESPONSE TO THE DEFENDANTS' ADVISORY REGARDING SEPTEMBER 2014 TRIAL DATE

During the November 15, 2013, Initial Pre-Trial Conference, the Court informed the parties that trial in this matter would begin on September 2, 2014. The State of Texas has now advised the Court and the parties that trial should either be postponed until March 2015, as several of the parties, including the United States suggested, or held in July 2014, which would require acceleration of an already compressed trial preparation schedule. *See* Defendants' Advisory Regarding September 2014 Trial Date (Nov. 19, 2013) (ECF No. 76).

The United States submits this response to the State's filing. The United States believes that ordering a trial to occur in time for a decision to be issued by August 15, 2014, as Texas suggests, would be extraordinarily prejudicial to the United States' ability to present its case. There are unavoidable legal, practical, and technological hurdles involved in litigation over these issues that will make it all but impossible to properly prepare and try these issues under that time frame. Further, such a schedule may also prejudice this Court's ability to resolve these issues.

We will not fully reiterate here the United States' rationale for its position that the March 2015 trial best serves the public interest by having a fully-developed record on which this Court can make the requisite determination, as described in the Joint Report of the Rule 26(f) Meeting

2

and Joint Discovery/Case Management Plan (Nov. 4, 2013) (ECF 61-2).  Yet that identical rationale argues against further shortening the time that the parties have to prepare adequately by setting an earlier trial date.  This case requires complex and time-consuming fact and expert discovery.   Moreover, there is every indication that the same concomitant issues that consumed a significant amount of litigation and case preparation time in the Section 5 declaratory judgment action in the United States District Court for the District of Columbia, such as legislative privilege and the scope of production and analysis for the relevant databases, will need to be readdressed and resolved again by the parties and this Court, this time in the context of claims of constitutional violations as well as under Section 2.  It is true, as Texas notes in its advisory, that the litigation in the District of Columbia proceeded to trial on a highly accelerated track.  It is also true, as the United States noted in the Joint Report, that the D.C. Court found the record was significantly incomplete because of that accelerated schedule.  The factual development in the instant case will be even more complex because here, unlike in Section 5 declaratory judgment action, the parties will also analyze the federal agency databases.  Creating a complete record to place before this Court will take more time.  Section 2 cases that are far simpler than this one frequently take longer to go trial than the ten months currently allocated here.

     Given the competing interests and views that have been presented so far, the United States proposes the alternative that the Court establish a date in July or August 2014 by which parties, if they so chose, could file a motion for preliminary relief, rather than a trial on the merits.  This would provide the parties with the incentive to develop and present as fully developed record as possible in that period of time and the Court with the opportunity to review the record as it then exists and, based on that record, issue an order providing the requisite certainty as what procedures would govern in the November 2014 general election.  Most

importantly, such a procedure would not foreclose the parties from proceeding with any additional factual development that they believed necessary or that the Court, after reviewing the record in connection with the request for preliminary relief, found necessary to complete the record and to issue a final ruling after a trial on the merits.  Such an procedure would meet the interest of those plaintiffs that seek a determination on the legality of SB 14 prior to the November 2014 election, the interest of the State in having a determination on what procedures will govern the November 2014 election well in advance of that election, and the interest of those plaintiffs that believe that having a full trial on the merits before the November 2014 election will severely prejudice their ability to create the necessary record for this case to be reviewed on appeal, as it almost certainly will be, irrespective of how this Court decides the merits.

Date:  November 21, 2013

                                             Respectfully submitted,

| | |
|---|---|
| KENNETH MAGIDSON<br>United States Attorney<br>Southern District of Texas | JOCELYN SAMUELS<br>Acting Assistant Attorney General<br>Civil Rights Division |
| JOHN A. SMITH III<br>Assistant United States Attorney<br>800 N. Shoreline, Suite 500<br>Corpus Christi, Texas 78401<br>(361) 903-7926 | */s/ Elizabeth S. Westfall*<br>T. CHRISTIAN HERREN, JR.<br>MEREDITH BELL-PLATTS<br>ELIZABETH S. WESTFALL<br>BRUCE I. GEAR<br>JENNIFER L. MARANZANO<br>ANNA M. BALDWIN<br>DANIEL J. FREEMAN<br>Attorneys, Voting Section<br>Civil Rights Division<br>U.S. Department of Justice<br>Room 7254 NWB<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530 |

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2013, I served a true and correct copy of the foregoing via the Court's ECF system on the following counsel of record:

John B. Scott
Office of the Texas Attorney General
john.scott@texasattorneygeneral.gov

*Counsel for Defendants*

Chad W. Dunn
Kembel Scott Brazil
Brazil & Dunn
chad@bradzilanddunn.com
scott@bazilanddunn.com

Neil G. Baron
Law Offices of Neil G. Baron
neil@ngbaronlaw.com

Armand Derfner
Derfner, Altman, & Wilborn
aderfner@dawlaw.com

Luiz Roberto Vera, Jr.
lrvlaw@sbcglobal.net

*Counsel for Veasey Plaintiffs*

Rolando L. Rios
Law Offices of Rolando L. Rios
rrios@rolandorioslaw.com

*Counsel for Texas Association of Hispanic County Judges and County Commissioners Plaintiff-Intervenors*

Christina Swarns
Ryan P. Haygood
Natasha M. Korgaonkar
Leah C. Aden
NAACP Legal Defense and Educational
    Fund, Inc.
cswarns@naacpldf.org
rhaygood@naacpldf.org
nkorgaonkar@naacpldf.org
laden@naacpldf.org

Danielle Conley
Jonathan Paikin
Kelly P. Dunbar
Sonya L. Lebsack
WilmerHale LLP
danielle.conley@wilmerhale.com
jonathan.paikin@wilmerhale.com
kelly.dunbar@wilmerhale.com
sonya.lebsack@wilmerhale.com

*Counsel for Texas League of Young Voters Plaintiff-Intervenors*

Joseph M. Mixon
Bierne, Maynard, & Parsons
jnixon@bmpllp.com

*Counsel for True the Vote Movant-Intervenor*

Ezra D. Rosenberg
Amy L. Rudd
Dechert LLP
ezra.rosenberg@dechert.com
amy.rudd@dechert.com

Wendy Weiser
Jennifer Clark
Vishal Agraharkar
Brennan Center for Justice at NYU School of
    Law
wendy.weiser@nyu.edu
jenniferl.clark@nyu.edu
vishal.argraharkar@nyu.edu

Mark A. Posner
Sonia Kaur Gill
Lawyers' Committee for Civil Rights
mposner@lawyerscommittee.org
sgill@lawyerscommittee.org

*Counsel for Texas State Conference of NAACP Branches Plaintiffs*

                                */s/Elizabeth S. Westfall*
                                Elizabeth S. Westfall
                                Voting Section
                                Civil Rights Division
                                U.S. Department of Justice
                                elizabeth.westfall@usdoj.gov