IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*, <br><br>    Plaintiffs, <br><br> v. <br><br> RICK PERRY, *et al.*, <br><br>    Defendants. | Civil Action No. 2:13-cv-193 (NGR) |
| UNITED STATES OF AMERICA, <br><br>    Plaintiff, <br><br> TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, *et al.*, <br><br>    Plaintiff-Intervenors, <br><br> TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, *et al.*, <br><br>    Plaintiff-Intervenors, <br><br> v. <br><br> STATE OF TEXAS, *et al.*, <br><br>    Defendants, <br><br> TRUE THE VOTE, <br><br>    Movant-Intervenor. | Civil Action No. 2:13-cv-263 (NGR) |

| | |
|---|---|
| TEXAS STATE CONFERENCE OF NAACP BRANCHES, *et al.*,<br><br>                    Plaintiffs,<br><br>         v.<br><br>JOHN STEEN, *et al.*,<br><br>                    Defendants. | Civil Action No. 2:13-cv-291 (NGR) |

**[PROPOSED] CONSENT PROTECTIVE ORDER**

The parties acknowledge that in the course of discovery or otherwise as necessary to litigate these cases, they will be required to provide each other with sensitive, private, personal, or confidential information, including, but not limited to, information concerning certain Texas voters, holders of driver licenses, holders of weapons permits, and persons who apply for an Election Identification Certificate (EIC). The parties have agreed that such information shall not be disclosed or used except as appropriate and relevant in connection with this litigation.

Having reviewed and considered the Attorney General's Unopposed Motion for a Protective Order, and for good cause shown, it is hereby ORDERED that:

(1) The following is designated as "Confidential Information":

(a) The identity of a person who appears in the State's voter registration database;

(b) The identity and race or ethnicity of a person who holds a Texas driver license, Texas personal identification card, Texas concealed handgun license, U.S. military identification card (as interpreted by the Texas Secretary of State), U.S. certificate of naturalization, U.S. certificate of citizenship, U.S. passport, U.S. passport card, or Veterans Identification Card;

(c) The identity and race or ethnicity of a person who has been determined by the U.S. Social Security Administration to have a disability;

2

(d) The identity and race or ethnicity of a person who has been determined by the U.S. Department of Veterans Affairs to have a disability rating of at least 50 percent;

(e) The identity and race or ethnicity of a person who applies for an EIC;

(f) The identity and race or ethnicity of a person who seeks to qualify for an exemption under SB 14;

(g) The identity and race or ethnicity of a person who casts a provisional ballot due to lack of necessary photographic voter ID;

(h) The Social Security, driver license, personal identification card, concealed handgun license, EIC, military identification card, passport, passport card, certificate of naturalization, or certificate of citizenship number of an individual;

(i) The month and day of birth of an individual;

(j) The home address, telephone number, or email address provided by an individual;

(k) The digitized signature of an individual;

(l) The maiden name of an individual's mother;

(m) The identity of any person who has submitted comments to the Department of Justice or had any other communication with employees of the Department of Justice during the administrative review of the legislation at issue in this litigation;

(n) Systems manuals or other documents setting out the architecture of a system of records, as defined in 5 U.S.C. § 552a(a)(5); and

(o) Any other document or information not otherwise discoverable under the Texas Public Information Act, Tex. Gov't Code Ann. §§ 552.001-.353, the Texas Election Code, Tex. Elec. Code Ann. §§ 1.001-501.155, the Texas Transportation Code, Tex. Transp. Code Ann. §§ 1.001-1005.001, the Voting Rights Act, 42 U.S.C. §§ 1973 to 1973aa-6, the Civil Rights Act

of 1960, 42 U.S.C. §§ 1974-74e, the Freedom of Information Act, 5 U.S.C. § 552, Procedures for the Administration of Section 5 of the Voting Rights Act of 1965, 28 C.F.R. §§ 51.1-.67, the Social Security Act, 42 U.S.C. § 1306(b), the Federal Rules of Evidence, or any other state or federal law, that a party in good faith designates as "Confidential Information."

(1.1) The parties shall take efforts not to designate information that is required to be made available for public inspection and copying pursuant to federal or Texas law. In the event a party disputes the designation of information as confidential, it shall contact the opposing party in writing to specify the specific information it does not believe to be properly designated as confidential. The opposing party shall have 21 days to consider the request to de-designate the information as confidential. Upon the expiration of 21 days, if the party to whom the request was sent has not voluntarily de-designated the confidentiality designation, the requesting party may petition the Court, with notice to all parties, to de-designate the information containing the confidentiality designation.

(1.2) Confidential Information, including information ordinarily exempted from public disclosure pursuant to federal or Texas law including but not limited to the Privacy Act of 1974, 5 U.S.C. § 552a, the Social Security Act, 42 U.S.C. § 1306(b), the Driver's Privacy Protection Act, 18 U.S.C. §§ 2721-25, and H.B. 991, Tex. Gov't Code § 411.192, may be produced within the context of this litigation and as described in this Consent Protective Order, notwithstanding any other provision of law to the contrary. The Court specifically finds that said Confidential Information is potentially relevant to the claims and defenses in this litigation and therefore necessary to be disclosed among the parties, and that the terms of this Consent Protective Order provide adequate safeguards with respect to the use of such information.

(1.3) The information identified in paragraph (1)(a)-(n) of this Consent Protective Order is automatically deemed to be "Confidential Information" without further designation or action by any party or non-party.  A party may designate information or documents described in paragraph (1)(o) of this Consent Protective Order as "Confidential Information" by stamping or otherwise clearly marking the material prior to production as "CONFIDENTIAL."  Where such material is not reduced to documentary, tangible, or physical form, or where it cannot be conveniently labeled, the producing party shall designate the Confidential Information by informing the receiving party in writing of the appropriate designation of such material. In the case of deposition testimony, a party seeking to invoke the protection of this Consent Protective Order shall give prompt notice thereof, at the deposition or within fourteen (14) days after receipt of the deposition transcript, in accordance with the provisions and restrictions of this Consent Protective Order.  Unless otherwise designated at or during the deposition, all deposition testimony shall be treated as if designated "Confidential Information" until the expiration of such fourteen (14) day period.

(2) Confidential Information requested by a party, or otherwise produced in this litigation by a party or non-party, whether said information be solicited from documents or by the direct testimony of any person, shall be used solely for the purposes of the above-captioned consolidated lawsuits, including trial preparation, and shall not, without prior written consent of the individual or entity producing the information, be made available to any person other than the following, who are subject to the terms of this Order: the Court and its personnel; the parties, their counsel, or individuals working on behalf of the parties or their counsel, such as professional staff, expert witnesses, and consultants; court reporters, videographers, or other professionals responsible for recording or transcribing testimony in this action; and witnesses or

potential witnesses who have been identified in initial disclosures or otherwise specifically noticed for deposition.

(2.1) Notwithstanding the foregoing, a producing party may designate Confidential Information as "Highly Confidential" and thereby restrict its availability to only (a) attorneys-of-record, their associates, staff, and assistants working on this litigation, (b) experts and experts' staff, and (c) the Court.  If a receiving party disagrees with a designation of Confidential Information as Highly Confidential, or disputes the limitations on access to be accorded such information under this paragraph, the objecting party will provide to the producing party written notice of the objection, specifically identify the information or restriction on access objected to, and use good faith efforts to attempt to resolve the dispute without intervention by the Court.  If after reasonable efforts the parties are unable to resolve the dispute, either party may seek Court intervention by filing an appropriate pleading with the Court under seal in accordance with Federal Rule of Civil Procedure 5.2.

(3) A party, upon the providing of Confidential Information or documents pursuant to this Consent Protective Order, does not waive any objection to the admissibility of said information or documents or any portion thereof at trial on the grounds of relevance, privilege, prejudice or competency.

(4) The parties agree that they shall designate as Confidential Information or Highly Confidential only such documents, electronically stored information ("ESI"), or other things that truly contain private and highly sensitive information relating to a party or to non-parties. The parties agree that if and when disputes arise to the applicability of this Consent Protective Order to any information produced by a party, such disputes shall be resolved, if possible, by agreement of the parties of this action.

(5) Documents, ESI, and other things containing Confidential Information or Highly Confidential Information shall, when filed with the Court, be redacted to exclude the Confidential Information, where feasible.  In such case, the filing party shall retain the unredacted copies of such documents and make them available to the parties, counsel, and the Court upon request.  Where redaction of Confidential Information is unfeasible or impractical, the filing party shall submit and file the document under seal to be maintained by the Court and its clerks under seal, and such confidential materials so filed shall not be made available to anyone other than the Court and its clerks.  All confidential material used pursuant to this section shall be submitted to the Court under seal stating "CONFIDENTIAL MATERIAL SUBMITTED UNDER SEAL PURSUANT TO THE CONSENT PROTECTIVE ORDER DATED DECEMBER ___, 2013."  The parties are admonished to comply fully with Federal Rule of Civil Procedure 5.2 in connection with all filings.

(6) This Protective Order shall govern all pretrial proceedings but shall be subject to modification either before, during, or after the trial upon the merits, upon consent of the parties, or upon application and showing of good cause by any of the parties.  Any confidential record that is admitted into evidence shall not lose its confidential designation under this Consent Protective Order unless expressly ordered by the Court.

(7) The inadvertent or unintentional disclosure of Confidential Information shall not be construed to be a waiver, in whole or in part, of any party's claims of confidentiality, either as to the specific confidential information or as to related information and documents.

(8)  Except as otherwise prohibited by federal law (including but not limited to the Federal Records Act, 44 U.S.C. §§ 3301-14) or the law of Texas, at the conclusion of the litigation and the termination of any associated appeal rights, all documents containing

7

Confidential Information or Highly Confidential Information shall be returned to the party who produced them or securely destroyed by the party who received them within thirty (30) days of that date, except as otherwise provided or required by federal law or unless otherwise agreed by the parties. Secure destruction shall require disposal by burning, pulping, shredding, or other suitable means that ensures the information in the documents or other media is definitively destroyed and cannot be reassembled and used. Electronic records must also be destroyed in a manner that prevents reconstruction.

    (9) Pursuant to Paragraph 8 of the Protective Order entered in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C. Mar. 30, 2013) (ECF No. 65) (Ex. 1), all Confidential Information produced in that litigation shall henceforth be governed by this Consent Protective Order, and all information deemed Confidential under the Protective Order entered in *Texas v. Holder* shall maintain that same status under this order. Paragraph 8 of this Consent Protective Order shall specifically govern the return or secure destruction of any document produced in *Texas v. Holder* that contains Confidential Information.

SO ORDERED.

Date: December __, 2013

                                                                    _____
                                                                    NELVA GONZALES RAMOS
                                                                    UNITED STATES DISTRICT JUDGE