UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARC VEASEY, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-00193 |
| | § | |
| RICK PERRY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING INTERVENTION OF TRUE THE VOTE

Before the Court is the "Motion for Intervention of True the Vote" (D.E. 38). After reviewing the documents on file and hearing arguments of counsel on November 15, 2013, the Court DENIES the Motion.

The burden of proof on a request to intervene as of right under FED. R. CIV. P. 24(a)(2) is on the party seeking intervention, True the Vote. *See generally, Ordnance Container Corp. v. Sperry Rand Corp.*, 478 F.2d 844, 845 (5th Cir. 1973). Three of the four requirements for intervention as of right under Rule 24(a)(2) require a particularized interest that the litigation threatens and that no existing party to the suit adequately represents. *See generally, Haspel & Davis Milling & Planting Co.*, 493 F.3d 570, 578 (5th Cir. 2007) (listing the four requirements). The Court agrees with the opinion in *United States v. Florida*, No. 4:12-cv-285, Slip. Op. at 3-4 (N.D. Fla. Nov. 6, 2012) (D.E. 59-1), concluding that True the Vote's interests are generalized and are adequately represented by the State Defendants.

Permissive intervention under Fed. R. Civ. P. 24(a)(1) is a matter entrusted to the Court's discretion. *New Orleans Public Service, Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 470-71 (5th Cir. 1984) (en banc). True the Vote does not claim a conditional right to intervene by federal statute, so the question for the Court is whether it "has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1). The Court finds that True the Vote's intended contribution to this case may be accomplished without the necessity of, or burden incident to, making it a party. The Court, instead, will duly consider any motion for leave to file briefing as *amicus curiae* that True the Vote may feel compelled to file.

For the reasons set out above, the Court DENIES the Motion for Intervention of True the Vote (D.E. 38) in its entirety.

ORDERED this 11th day of December, 2013.

                                                    NELVA GONZALES RAMOS
                                                    UNITED STATES DISTRICT JUDGE