UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § Plaintiffs, § § TEXAS ASSOCIATION OF HISPANIC § COUNTY JUDGES AND COUNTY § COMMISSIONERS and MARIA LONGORIA § BENEVIDES § Plaintiff Intervenor, § § § § V. § RICK PERRY, Governor of Texas; and § JOHN STEEN, Texas Secretary of State § STEVE McCRAW, in his official capacity as § Director of the Texas Department of Public § Safety, § Defendants, § | Case No. 2:13-cv-00193 Consolidated 2:13-cv-00263 |

**TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS ET. AL., RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

The Texas Association of Hispanic County Judges and County Commissioners, et. al. adopts the arguments made in Doc# 90 and 91 as the basis for this Court to deny Defendants Motion to Dismiss (Doc # 115).

Moreover, Plaintiff-Intervenors Maria Longoria Benevides was a registered voter eligible to vote and had voted in the past; because of SB 14 she no longer is eligible to vote -- she has no photo ID. Because of this, she has "suffered an 'injury in fact'; the injury is 'fairly traceable' to the defendant's actions; and the injury will 'likely . . . be redressed by a favorable decision."

1

*Public Citizen, Inc. v. Bomer*, 274 F.3d 212, 217 (5th Cir. 2001) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). The injury asserted is "concrete and particularized," as well as "actual or imminent." *Id.*  Injuries are "particularized" if they affect the plaintiff in a "personal and individual way," as opposed to "a generalized grievance, common to all citizens or litigants in Texas." *Public Citizen*, 274 F.3d at 218-19 (quoting *Lujan*, 504 U.S. at 560-61) (internal quotation marks omitted).

Because Maria Longoria Benevides has alleged a concrete and particularized injury, "fairly traceable" to SB 14, that can be redressed by a favorable decision of this Court, the Plaintiff has Article III standing to pursue her claims. The Supreme Court has held that "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss [courts] 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Lujan,* 504 U.S. at 561.

Also, the Texas Association of Hispanic County Judges and County Commissioners has associational standing.  "It has long been settled that '[e]ven in the absence of injury to itself, an association may have standing solely as the representative of its members." *Int'l Union, United Auto., Aerospace and Agr. Implement Workers of Am. v. Brock*, 477 U.S. 274, 281 (1986).  "An association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Id.* at 282 *Fla. State Conference of NAACP v. Browning*, 569 F. Supp. 2d 1237 (N.D. Fla. 2008) *aff'd on other grounds*, 522 F.3d 1153 (11th Cir.) (No. 4:07CV-402-SPM/WCS). (quoting *Hunt v. Wash. State Apple Advertising Comm'n*, 432 U.S. 333 (1977)) (internal quotation marks omitted).

The Texas Association of Hispanic County Judges and County Commissioners (herein after referred to as the "Association") is a membership organization consisting of Hispanic elected county officials in Texas. The Association filed this suit, in part, on behalf of its Hispanic members whose rights to vote are unduly burdened by SB 14, especially because of their race, ethnicity, and language minority status. *Id.* This challenge is germane to its mission of advancing the political influence of the Hispanic population. Furthermore, the participation of individual members is not required to fully adjudicate the claims in this case. *See United Food & Commercial Workers Local 751 v. Brown Grp., Inc.*, 517 U.S. 544, 546 (1996) (explaining that the individual participation of members of an organization is not normally necessary when an association seeks only prospective injunctive relief for its members). Thus, in addition to its direct standing to challenge SB 14, the Association has pleaded sufficient facts to establish associational standing to sue on behalf of its members (and seeks only prospective relief).

The Association conducts a wide range of election-related activities, including administering elections, running political campaigns, and seeking, organizing and turning out supporters and voters to vote. In performing these activities, as county officials their respective counties will incur significant costs: to educate potential voters about the new requirements; to verify whether registered voters have acceptable identification; to assist voters who do not have acceptable identification to obtain it; and to achieve electoral success or advance their organizational purposes. In *Texas Democratic Party v. Benkiser*, the Fifth Circuit found that the Texas Democratic Party had "direct standing" because the challenged action "would cause it economic loss." 459 F.3d 582, 586 (5th Cir. 2006). In particular, the court of appeals in *Benkiser* found that the party "would suffer an injury in fact because it

would need to raise and expend additional funds and resources to prepare a new and different campaign in a short time frame." *Id.*

Finally, as county officials they have take an oath to perform their duties faithfully in accordance with the Constitution and laws of Texas and the United States of America. Their ability to faithfully carry out that oath is threatened by SB 14, because SB 14 requires Texas Counties and their officials to act in ways that threaten to deprive citizens of the United States of valuable rights. Thus, the Association is in a dilemma: obey the state law and putatively deprive its citizens of their rights, or violate the state law, with obvious attendant penalties and other consequences.

That was precisely the dilemma recognized by the Supreme Court of the United States in *Washington v. Seattle School Dist. No. 1*, 458 U.S. 457 (1982). There too, the public plaintiff was an entity created by, and with obligations under, state law. The public entity alleged it was powerless to carry out its obligations under state law, in compliance with its duty to obey the Constitution and the laws of the state and nation. It also alleged, as the Association does here, that it faced potential challenges from its citizens, who could claim the entity would violate their rights if it enforced the unlawful act as it was charged to do under state law.

Ironically, the specific issue at the heart of the *Seattle* case is the same as here—a state law transferred powers between a locality and the state with the serious consequence, and purpose of, treading on citizens' rights. In *Seattle*, it was a state law limiting the local school district's power to combat racial discrimination. Here, it is a state law—SB 14—which takes the power to determine which voters are qualified to vote away from Texas Counties and their election officials and transfers that power to a single state agency, the Department of Public

Safety.

## CONCLUSION

For the reasons stated in Doc #s 90 and 91 and the above arguments, these Plaintiff-Intervenors respectfully request that the Court deny the Defendants' motion to dismiss (Doc #115) in all respects.

Respectfully submitted this the 17th day of December, 2013.

_____/S/_____
ROLANDO L. RIOS
Attorney at Law
Milam Building
115 E. Travis, Suite 1024
San Antonio, Texas 78205
TX State Bar No. 1693590
(210) 222-2102
(210) 222-2898 fax
rrios@rolandorioslaw.com

ATTORNEYS FOR PLAINTIFFS
INTERVENORS TEXAS ASSOCIATION
OF HISPANIC COUNTY JUDGES AND
COUNTY COMMISSIONERS

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2013, I served a true and correct copy of the Foregoing document via the Court's ECF system on all counsel of record.

_____/S/_____
ROLANDO L. RIOS
Attorney at Law