IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARC VEASEY, ET AL | § § § § | |
| Plaintiff, | | |
| v. | § § § § § § § | Civil Action No. 2:13-cv-193 (lead) (consolidated w/ 2:13-cv-263) |
| TEXAS, ET AL | | |
| Defendant(s). | | |

## DEFENDANTS' MOTION TO DISMISS
## THE VEASEY-LULAC PLAINTIFFS' SECOND AMENDED COMPLAINT

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JONATHAN F. MITCHELL
Solicitor General

J. REED CLAY, JR.
Special Assistant and Senior Counsel
  to the Attorney General

JOHN B. SCOTT
Deputy Attorney General for Litigation

GREGORY DAVID WHITLEY
Assistant Deputy Attorney General

STEPHEN RONALD KEISTER
SEAN PATRICK FLAMMER
Assistant Attorneys General

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 475-0131
Fax: (512) 474-2697

*Counsel for the State of Texas, Rickk Perry, John Steen, and Steve McCraw*

I. **THE VEASEY PLAINTIFFS' SECOND AMENDED COMPLAINT SHOULD BE DISMISSED FOR THE REASONS EXPLAINED IN TEXAS'S ORIGINAL MOTION TO DISMISS AND REPLY.**

The Veasey Plaintiffs have amended their complaint, adding one new claim, a few more plaintiffs, and additional factual allegations. All claims in the second amended complaint, including the claims brought by the new plaintiffs, should be dismissed for the reasons explained in the State's original motion to dismiss, *see* Mot. to Dismiss, (Oct. 25, 2013) (Doc # 52), and the State's reply in support of same. *See* Reply ISO Mot. to Dismiss (Dec. 6, 2013) (Doc # 108).[1]

Three pleading defects stand out, as they should have been easy to correct, but remain. First, Dallas County and the elected officials still fail to allege sufficient facts to overcome the rule against third-party standing. The County and the elected officials are asserting the voting rights of individuals not before the Court. They allege injuries to themselves, but that is not enough. *See Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 342 (1977) (announcing a three-part test for asserting associational standing; *Powers v. Ohio*, 499 U.S. 400, 410-11 (1991) (announcing a three-part test for asserting third party standing absent proof of associational standing).

---

[1] Plaintiffs' Second Amended Complaint causes confusion because the Second Amended Complaint edits the Complaint without seeking the Court's leave and adds new parties without filing a Plea in Intervention. Except as authorized by the first sentence of Rule 15(a) of the Federal Rules of Civil Procedure, which allows one amendment before service of a responsive pleading, a complaint may be amended only by leave of the district court. *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 387 (5th Cir. 2003). Counsel for Defendants raised these issues to Plaintiff's counsel via telephone and e-mail, but Plaintiff's counsel never responded to the attached e-mail seeking clarification. *See* Exhibit 1. In an abundance of caution and because Defendants would not oppose either a Motion for Leave to Amend or a Plea in Intervention, Defendants file this Motion to Dismiss and treat the Second Amended Complaint as if it were properly filed with the Court.

Second, the plaintiffs continue to invite reversal by relying on findings of *Texas v. Holder*, 888 F. Supp. 2d 113 (D.D.C. 2012), which was vacated by the Supreme Court in *Texas v. Holder*, 133 S. Ct. 2886 (2013). The Fifth Circuit has spoken clearly on the legal status of vacated opinions. *Falcon v. General Telephone Co.*, 815 F.2d 317 (1990) ("When the Supreme Court vacated Judge Hughes' decision, it swept away all that was tied to that judgment. This included all findings of fact . . . ."). Plaintiffs cannot get around the Fifth Circuit's admonition by changing the word "findings" to "things." *Compare* First Amended Compl. at ¶ 28 ("Among other findings in the opinion, the D.C. Court . . . ."), *with* Second Amended Compl. at ¶ 39 ("Among other things, the D.C. Court . . . .").

Third, the plaintiffs still fail to seek any relief from Governor Perry. They have not identified a single provision of SB 14 with which the Governor's office is "specially charged" to implement. *See* Second Amended Compl. at 31.

## II. THE NEW DUE-PROCESS CLAIM SHOULD BE DISMISSED BECAUSE A VALIDLY ENACTED STATUTE, BY DEFINITION, PROVIDES ALL THE PROCESS THAT IS DUE.

Plaintiffs claim that Texas violated their due process rights "by failing to provide adequate notice—individual or otherwise—to voters who were or will be disfranchised." Second Amended Compl. ¶ 84-86. We disagree with the factual premise, because the State has engaged in extensive outreach and education efforts. Indeed, none of the plaintiffs even allege that they had no notice of SB 14's requirements.

In any event, litigants cannot claim that the enactment of a statute violates procedural due process, or insist that the Legislature provide them with notice and

an opportunity to be heard. When a legislature amends or eliminates statutory rights, in the absence of any *substantive* constitutional infirmity, "the legislative determination provides all the process that is due." *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 433 (1982). If the law were otherwise, the government could not prosecute someone for violating a new criminal statute or civil regulatory provision without first providing adequate notice, "individual [and] otherwise," to all covered individuals and entities. Nor could a legislature ever cut entitlement programs without violating Due Process. *See, e.g.*, *Atkins v. Parker*, 472 U.S. 115, 129-30 (1985) ("The procedural component of the Due Process Clause does not impose a constitutional limitation on the power of Congress to make substantive changes in the law of entitlement to public benefits. . . . The legislative determination provides all the process that is due."). The plaintiffs Due Process claim should be dismissed.

Respectfully submitted.
GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JONATHAN F. MITCHELL
Solicitor General

J. REED CLAY, JR.
Special Assistant and Senior Counsel to the Attorney General
Southern District of Texas No. 1160600

/s/ John B. Scott
JOHN B. SCOTT
Deputy Attorney General for Litigation
Southern District of Texas No. 10418
ATTORNEY-IN-CHARGE

GREGORY DAVID WHITLEY
Assistant Deputy Attorney General
Southern District of Texas No. 2080496
State of Texas Bar No. 2080492

209 West 14th Street
P.O. Box 12548
Austin, Texas 70711-2548
(512) 475-0131

*COUNSEL FOR THE STATE OF TEXAS, RICK PERRY, JOHN STEEN, and STEVE MCCRAW*

Dated:  December 20, 2013

**CERTIFICATE OF SERVICE**

   I hereby certify that a copy of Defendants' reply brief was served via the *CM/ECF system* on December 20, 2013, to:

Armand Derfner
P O Box 600
Charleston, SC 29402
843-723-9804
Email: aderfner@dawlegal.com

Chad W Dunn
Brazil & Dunn
4201 Cypress Creek Pkwy, Ste 530
Houston, TX 77068
281-580-6310 / Fax: 281-580-6362
Email: chad@brazilanddunn.com
COUNSEL FOR PLAINTIFFS JANE HAMILTON, FLOYD CARRIER, ANNA BURNS, MICHAEL MONTEZ, PENNY POPE, OSCAR ORTIZ, KOBY OZIAS, JOHN DOE, JOHN MELLOR-CRUMLEY, DALLAS COUNTY, TEXAS, JANE DOE, and LEAGUE OF UNITED LATIN AMERICAN CITIZENS

J Gerald Hebert
191 Somervelle Street #405
Alexandria, VA 22304
703-628-4673 / Fax: 703-567-5876
COUNSEL FOR PLAINTIFF MARC VEASEY

Kembel Scott Brazil
Brazil & Dunn
4201 Cypress Creek Parkway Suite 530
Houston, TX 77068
281-580-6310 / Fax: 281-580-6362
Email: scott@brazilanddunn.com

Neil G Baron
914 FM 517 Rd W Suite 242
Dickinson, TX 77539
281-534-2748 / Fax: 281-534-4309
Email: neil@ngbaronlaw.com
COUNSEL FOR PLAINTIFFS JANE HAMILTON, FLOYD CARRIER, ANNA BURNS, MICHAEL MONTEZ, PENNY POPE, OSCAR ORTIZ, KOBY OZIAS, JOHN DOE, JOHN MELLOR-CRUMLEY, DALLAS COUNTY, TEXAS, JANE DOE

Luis Roberto Vera, Jr
111 Soledad Ste 1325
San Antonio, TX 78205
210-225-3300 / Fax: 210-225-2060
Email: lrvlaw@sbcglobal.net
COUNSEL FOR LEAGUE OF UNITED LATIN AMERICAN CITIZENS

Elizabeth S Westfall
US Department of Justice
950 Pennsylvania Ave
NW NWB Rm 7125
Washington, DC 20530
202-305-7766
Email: elizabeth.westfall@usdoj.gov

Daniel J Freeman
US Department of Justice
950 Pennsylvania Ave NW
NWB 7123
Washington, DC 20009
202-305-4355 / Fax: 202-307-3961
Email: daniel.freeman@usdoj.gov

Jennifer L Maranzano
US Department of Justice
Civil Rights Division - Voting Section
950 Pennsylvania Ave, NW - NWB
Washington, DC 20530
800-253-3931
Email: jennifer.maranzano@usdoj.gov

John Albert Smith , III
Office of the US Attorney
800 N Shoreline Blvd  Ste 500
Corpus Christi, TX 78401
361-888-3111 / Fax: 361-888-3200
Email: john.a.smith@usdoj.gov

Meredith Bell-Platts
US Department of Justice
Voting Section - Civil Rights Division
950 Pennsylvania Ave, NW
NWB 7259
Washington, DC 20530

202-305-8051
Email: meredith.bell-platts@usdoj.gov
COUNSEL FOR CONSOLIDATED PLAINTIFF UNITED STATES OF AMERICA

Danielle Conley, Jonathan E Paikin, Kelly Dunbar, Sonya Lebsack
Wilmer Cutler et al
1875 Pennsylvania Avenue NW
Washington, DC 20006
202-663-6703
Email: danielle.conley@wilmerhale.com
Email: jonathan.paikin@wilmerhale.com
Email: kelly.dunbar@wilmerhale.com
Email: sonya.lebsack@wilmerhale.com

Christina A Swarns, Leah Aden, Natasha Korgaonkar, Ryan Haygood
NAACP Legal Defense and Educational Fund, Inc.
40 Rector St 5th Floor
New York, NY 10006
212-965-2200 / Fax: 212-229-7592
Email: cswarns@naacpldf.org
Email: laden@naacpldf.org
Email: nkorgaonkar@naacpldf.org
Email: rhaygood@naacpldf.org
COUNSEL FOR CONSOLIDATED PLAINTIFF TEXAS LEAGUE OF YOUNG
VOTERS EDUCATION FUND and IMANI CLARK

Amy L Rudd
Dechert LLP
300 W 6th St
Suite 2010
Austin, TX 78701
512-394-3000
Email: amy.rudd@dechert.com
COUNSEL FOR CONSOLIDATED PLAINTIFF MEXICAN AMERICAN
LEGISLATIVE CAUCUS, TEXAS HOUSE OF REPRESENTATIVES, TEXAS
STATE CONFERENCE OF NAACP BRANCHES

Rolando L Rios
115 E Travis Ste 1645
San Antonio, TX 78205
210-222-2102 / Fax: 210-222-2898
Email: rrios@rolandorioslaw.com
COUNSEL FOR TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND
COUNTY COMMISSIONERS

Joseph M Nixon
Bierne Maynard & Parsons
1300 Post Oak Blvd
Ste 2500
Houston, TX 77056
713-871-6809
Fax: 713-960-1527
Email: jnixon@bmpllp.com
COUNSEL FOR TRUE THE VOTE

Robert M Allensworth
B14522
BMRCC 251 N IL 37 S
Ina, IL 62846-2419
PRO SE
INTERESTED PARTY

                                                /s/ John B. Scott
                                                Deputy Attorney General for
                                                Litigation