IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> RICK PERRY, *et al.*, <br><br> Defendants. | Civil Action No. 2:13-cv-193 (lead) <br> (consolidated w/ 2:13-cv-263) |

**<u>VEASEY-LULAC PLAINTIFFS' RESPONSE TO THE
JOINT MOTION TO ENTER THE DISCOVERY ORDER
AND SUPPLEMENTAL PROTECTIVE ORDER</u>**

The Veasey-LULAC Plaintiffs respectfully submit this response to the Joint Motion to Enter the Discovery Order and Supplemental Protective Order (ECF No. 160).[1] The Veasey-LULAC Plaintiffs have withheld their consent to the Proposed Order out of concern that consenting to it would jeopardize the current trial schedule. While the Veasey-LULAC Plaintiffs agree with all of the protective and confidentiality provisions, they regretfully have a limited, but critical, disagreement regarding the sequencing of events. The Proposed Order unnecessarily keeps certain steps in the database matching process at a standstill, and it is possible to save substantial time by running certain steps of the process concurrently with one another. Thus, the Veasey-LULAC Plaintiffs propose that the parties proceed with the steps to finalize the United States' algorithm, seek necessary production orders, and begin to run the United States' algorithm as the parties are able to, while Texas and the United States sort out questions related

---

[1] This response is also filed on behalf of the Texas Association of Hispanic County Judges and County Commissioners.

1

to Texas developing its own algorithm. This will ensure that the parties are able to complete the database matching process in time for trial.

The United States' Proposed Order contemplates that the United States and all other plaintiffs and plaintiff-intervenors will use a single algorithm to conduct database matching and that Texas will either rely on the same algorithm or develop its own. The term "algorithm" refers to the process that will be used for cleaning the databases and then running the matching criteria between and among the Texas voter registration database and the relevant identification databases. The first two steps for carrying out the matching process are clear: once an Order is signed, the defendants will produce the relevant Texas databases to the United States within one business day, and the United States will circulate its algorithm to all parties within seven days thereafter.

What happens then? Under the United States' Proposed Order, Texas has certain options it can exercise before deciding whether to use the United States' algorithm, but the process of running the United States' algorithm will not begin until Texas decides. That is, only after Texas finalizes its algorithm will the United States seek a production order from this court to comply with federal privacy laws, and only then will it begin the process of running the algorithms between and among the databases. Moreover, if Texas has chosen a different algorithm from the United States, the United States' Proposed Order says it will run the second algorithm only after the first has finished running.

The Veasey-LULAC Plaintiffs do not believe that all of these steps should wait on each other. Rather, once the United States has received the other plaintiffs' and plaintiff-intervenors' responses to its algorithm, and once it has finalized its algorithm, the United States should move ahead with running that algorithm. If Texas has agreed to the United States' algorithm, so much

2

the better; but, if not, the United States will simply run the Texas algorithm when Texas has made its choice.

In other words, the Veasey-LULAC Plaintiffs would eliminate several unnecessary waiting periods. First, the Veasey-LULAC Plaintiffs would not delay the running of the United States' (and plaintiffs') algorithm while: (1) Texas determines whether and what further information it needs about the federal databases; (2) the United States and Texas seek to resolve any disputes about the federal database information that the United States will disclose for Texas's use in developing an alternative algorithm; (3) the parties resolve any disputes with the Court, if necessary; and (4) Texas finalizes its alternative algorithm, if it chooses to use a different algorithm. Second, the Veasey-LULAC Plaintiffs would have the United States run the algorithms concurrently, rather than waiting for one algorithm to finish running before starting the second. This process should move forward "in parallel" rather than "in series."

The difference is striking. According to paragraphs 7 and 8 in the United States' Proposed Order, the time for producing information about the federal databases, resolving any disputes about the information the United States must disclose, and determining whether Texas will use a separate algorithm may take over five weeks from the time that Texas first produces its databases. Additionally, if there are two algorithms, delaying the running of the second algorithm until the first algorithm is complete may cost up to eight more weeks.[2] The United States' Proposed Order could therefore cost as much as three months or more in the schedule. But, if the Court is inclined to render a decision before the 2014 elections, the Court can order the parties to move forward on each step without delay.

---

[2] Given the history of the Section 5 case and information gleaned from their experts, the Veasey-LULAC Plaintiffs believe the database matching process can be completed within a few weeks. If the United States is predicting that it will take eight weeks to run each algorithm, this might be an area for further inquiry by the Court.

In the interest of keeping the case on a schedule that will allow trial and decision before the 2014 elections, the Veasey-LULAC Plaintiffs therefore request that the Court enter their Proposed Order, rather than the United States' Proposed Order.

For the Court's convenience, attached are three documents: (1) a Proposed Order in the form the Veasey-LULAC Plaintiffs suggest; (2) a redline comparing the United States and Veasey-LULAC Proposed Orders to show the differences at a glance; and (3) a document that includes two separate Proposed Orders.  This latter document separates the agreed and unagreed proposals into two parts so the Court, if it chooses, could promptly enter the agreed portions to allow the process to begin without delay, while giving a short period of further consideration to the unagreed portions.

Respectfully submitted,

**BRAZIL & DUNN**

 /s/ Chad W. Dunn
Chad W. Dunn
State Bar No. 24036507
K. Scott Brazil
State Bar No. 02934050
Brazil & Dunn
4201 Cypress Creek Parkway, Suite 530
Houston, Texas  77068
Telephone:  (281) 580-6310
Facsimile:   (281) 580-6362
chad@brazilanddunn.com
scott@brazilanddunn.com

J. Gerald Hebert (*Pro Hac Vice* )
D.C. Bar No. 447676
Attorney at Law
Campaign Legal Center
215 E Street NE
Washington DC 20002
Telephone (202) 736-2200

4

ghebert@campaignlegalcenter.org

Neil G. Baron
State Bar No. 01797080
Law Office of Neil G. Baron
914 FM 517 W, Suite 242
Dickinson, Texas 77539
Telephone (281) 534-2748
Facsimile  (281) 534-4309
neil@ngbaronlaw.com

David Richards
State Bar No. 16846000
Richards, Rodriguez & Skeith, LLP
816 Congress Avenue, Suite 1200
Austin, Texas 78701
Telephone (512) 476-0005
Facsimile  (512) 476-1513
daverichards4@juno.com

Armand G. Derfner
Derfner, Altman & Wilborn, LLC
P.O. Box 600
Charleston, S.C. 29402
Telephone (843) 723-9804
aderfner@dawlegal.com

*Attorneys for All Plaintiffs*

LUIS ROBERTO VERA, JR.
LULAC National General Counsel
State Bar No.  20546740
The Law Offices of Luis Vera Jr., and Associates
1325 Riverview Towers, 111 Soledad
San Antonio, Texas 78205-2260
Telephone (210) 225-3300
Facsimile (210) 225-2060
lrvlaw@sbcglobal.net

*Attorney for LULAC Plaintiffs*

Craig M. Watkins
Dallas County District Attorney
State Bar No. 00791886
Teresa G. Snelson
Chief, Civil Division

5

>Dallas County District Attorney's Office
>State Bar. No. 08577250
>411 Elm Street, 5th Floor
>Dallas, TX 75202-4606
>Telephone (214) 653-7358
>Facsimile (214) 653-6134
>Teresa.Snelson@dallascounty.org
>
>*Attorneys for Dallas County, Texas*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of February, 2014, I served a copy of the foregoing on all counsel of record by filing a copy of the same in this Court's ECF system.

> */s/ Chad W. Dunn*
> Chad W. Dunn