IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 2:13-cv-193 (NGR) |
| RICK PERRY, *et al.*, | |
| Defendants. | |
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, *et al.*, | |
| Plaintiff-Intervenors, | Civil Action No. 2:13-cv-263 (NGR) |
| TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, *et al.*, | |
| Plaintiff-Intervenors, | |
| v. | |
| STATE OF TEXAS, *et al.*, | |
| Defendants. | |

TEXAS STATE CONFERENCE OF NAACP
BRANCHES, *et al.*,

                    Plaintiffs,

        v.

NANDITA BERRY, *et al.*,

                    Defendants.

Civil Action No. 2:13-cv-291 (NGR)

BELINDA ORTIZ, *et al.*,

                    Plaintiffs,

        v.

STATE OF TEXAS, *et al.*,

                    Defendants

Civil Action No. 2:13-cv-348 (NGR)

## [PROPOSED] DISCOVERY ORDER AND SUPPLEMENTAL PROTECTIVE ORDER

The moving parties acknowledge the need to protect sensitive, private, personal, or confidential information, including, but not limited to, information concerning Texas voters, including whether those voters have been issued a Texas driver license, personal identification card, concealed handgun license, or election identification certificate; whether they have been issued a United States military identification card, certificate of naturalization, certificate of citizenship, passport or passport card, or veterans identification card; or whether they have been determined by the Social Security Administration to have a disability, or by the Department of Veterans Affairs to have a disability rating of at least fifty percent.  All parties have previously agreed that such information shall not be disclosed or used except as appropriate and relevant in connection with this litigation.  *See* Consent Protective Order (ECF No. 105).  The following

procedures are necessary to facilitate the disclosure and comparison of certain information that is

"Confidential" and "Highly Confidential," as defined in the Consent Protective Order, from

databases and records maintained by Defendants and by the United States.  These procedures are

necessary to expedite these disclosures and also to provide additional protections governing use,

access, storage, and destruction of the relevant data and data comparisons.  The Defendants have

agreed to turn over databases requested in the United States' Amended Second Set of Requests

for Production of Documents for matches to be performed by the United States so as to avoid the

disclosure of certain information contained in federal databases that may implicate privacy and

data security concerns.

Having considered the Motion to Enter a Discovery Order and Supplemental Protective

Order, and for good cause shown, it is hereby **ORDERED** that:

(1)     By close of business on the business day following entry of this order, Defendants

will produce the contents of all fields requested in the United States' Amended Second Set of

Requests for Production of Documents (Dec. 16, 2013) from the Texas Election Administration

Management System database, the Texas Driver License and Personal Identification Card

database, the Election Identification Certificate database, and the Texas License to Carry

database (collectively, the "Texas databases"), as they existed on January 15, 2014, to the United

States via hand delivery to the United States Attorney's Office at 816 Congress Avenue, Suite

1000, Austin, Texas 78701.  That data shall be designated as "Highly Confidential Information"

pursuant to Paragraph 2.1 of the Consent Protective Order.  The data produced by Defendants

from the Texas Election Administration Management System database shall include all voter

history information identified in Request No. 1(b) of the United States' Amended Second Set of

Requests for Production of Documents, up to and including complete reports from all Texas

counties for the November 5, 2013, election.

(2)     The complete Texas databases provided by Defendants shall at all times remain in

the sole custody of the United States, and the United States' experts, experts' staff, and

consultants who are working on this litigation.  Consistent with Paragraph 13 of this Order,

certain information from the Texas Election Administration Management System database will

be provided to other parties in these consolidated cases at the conclusion of the database

comparison process described below.

(3)     The United States will run an algorithm comparing the Texas databases and

relevant databases maintained by the following federal agencies: the Department of Defense, the

United States Citizenship and Immigration Services, the Department of State, the Social Security

Administration, and the Department of Veterans Affairs (collectively, the "federal databases").

As used herein, the output of any database comparison algorithm between the Texas databases

and between the Texas databases and federal databases will be referred to as the "algorithm

responses."

(4)     Any and all algorithm responses that result from the process set out in this Order

shall be designated as "Highly Confidential Information" pursuant to Paragraph 2.1 of the

Consent Protective Order.

(5)     To facilitate this comparison process, the United States shall draft an algorithm

for comparisons among and between the Texas databases and the federal databases ("proposed

algorithm"), and shall provide the proposed algorithm to the parties no later than seven days

following Defendants' production of the Texas databases.  Any and all data comparisons

conducted between a Texas database and a federal database by the United States in this litigation,

including but not limited to data comparisons done for the purposes of drafting the proposed algorithm, shall be disclosed, along with the corresponding algorithm responses of those comparisons, to all parties.

(6)     Any party that wishes to propose additions or modifications to the proposed algorithm shall circulate its proposal for consideration to all parties no later than ten business days after the United States' disclosure of the proposed algorithm.  Within five days of the last plaintiff party proposing additions or modifications, the United States shall circulate its final algorithm to all parties, indicating which changes it has accepted and which changes it has rejected.  Within seven days after the United States circulates its final algorithm, the United States will move for a Supplemental Production Order, as specified in paragraph 11, and, upon entry of such Order, the United States shall begin processing its algorithms, as specified in paragraph 12.  No plaintiff may propose any further algorithm.

(7)     If Defendants still wish to proposeproceed with a different algorithms for comparisons among and between the Texas databases and the federal databases, they may do so, but that shall not delay the beginning of the United States' running of its algorithm.  The Defendants shall circulate their proposal to all parties no later than ten business days after the United States' disclosure of its proposed algorithm.  If the Defendants provide notice to the United States believe that the federal database field descriptions are insufficient to determine whether a different algorithm is appropriate, they the Defendants shall provide notice to the United States as soon as possible, but no later than ten business days after the United States' disclosure of its proposed algorithm, and the Defendants shall identify the additional information they believe to be necessary to complete their review.  Under such circumstances, the period to circulate Defendants' proposal proposed algorithm is tolled for a period of no more than ten

business days for the parties to negotiate a resolution in good faith.  If, at the end of this ten-day

period, the matter remains unresolved, the parties, either jointly or individually, shall contact the

Court and request a hearing on the matter.  Nothing herein waives the United States' ability to

object to an algorithm proposed by Defendants that would impose an undue burden on the

United States or any federal agency required to assist in operationalizing any modification to the

proposed algorithm.  Such a dispute shall be raised with the Court within three business days

after the United States' objection if, by that time, the parties have been unable to resolve the

issue.

(8)     Following entry of this Order, Defendants may provide the United States with a

list of particular data elements that they may seek to incorporate into any algorithm (*e.g.*, first or

last name, mailing or residential address, gender, or date of birth).  Within 10 business days of

Texas's provision of such a list, the United States shall provide Defendants with a list of fields of

from the relevant Federal databases that collect such information, as well as any formatting

details on how such information is recorded in the Federal databases.  Given the database

comparison protocol envisioned by this Order, Defendants may only seek information related to

data elements in the Federal databases that are also collected in the TEAM database.  In the event

that a dispute arises between the United States and Defendants regarding the scope of

information requested, the parties shall endeavor to resolve it in good faith and shall notify the

Court to seek a hearing if a dispute persists after three business days.

(9)     ~~No later than fourteen days after the United States' disclosure of its proposed~~

~~algorithm, the parties shall hold a telephonic conference for the purpose of reaching agreement~~

~~on a single, common algorithm with which to generate one set of algorithm responses.~~  All

parties agree that they may not seek to move into evidence any documents, including comments,

drafts, or electronically stored information, exchanged between the parties for the purpose of attempting to reach agreement on the contents of the algorithm or algorithms.

(10)     In the event that the parties cannot agree on a single, common algorithm, the United States will perform database comparisons using two algorithms: one algorithm for the United States and other Plaintiffs/Plaintiff-Intervenors and one algorithm for the Defendants.

(11)     Certain information contained in the federal databases is subject to limitations on disclosure as set out in the Privacy Act of 1974, 5 U.S.C. § 552a; Section 1106 of the Social Security Act, 42 U.S.C. § 1306; and the Privacy Rule promulgated pursuant to Section 264 of the Health Insurance Portability and Accountability Act (HIPAA), 45 C.F.R. §§ 160.101-.552, 164.102-.106, 164.500-.534.  Within seven days of ~~reaching agreement on~~ finalizing the ~~final~~ United States' algorithm ~~or algorithms to be used to generate the algorithm responses~~, the United States will move for entry of a Supplemental Production Order permitting and ordering production of certain federal agency data that will be reflected in the algorithm responses, in accordance with the Privacy Act, HIPAA, and the Social Security Act.  If Defendants choose to run a different algorithm, the United States will still move for a Supplemental Production Order within seven days of finalizing its own algorithm, and, if required, will move for a second Supplemental Production Order within seven days of receiving the Defendants' final algorithm.

(12)     ~~After entry by the Court of the Supplemental Production Order, t~~The United States shall produce the final algorithm or algorithms used to create the algorithm responses and the corresponding algorithm responses concurrently to all parties ~~no later than three days after final compilation of the algorithm responses from all involved federal agencies, and in any event, no later than eight weeks after agreement on a single, common algorithm, or sixteen weeks after finalizing two separate algorithms (one for Plaintiffs and one for Defendants).~~ as they become

available.  Specifically, the United States shall produce any set of algorithm responses within three days after a federal agency has generated the final algorithm responses for any particular identification database.   If Texas has chosen to use a different algorithm, the United States shall produce the algorithm responses separately for each algorithm and no later than three days after it receives the algorithm responses for each algorithm run against a database.

(13)    The algorithm responses shall consist of copies of the extract of the Texas Election Administration Management System database produced by Defendants to the United States (subject to the qualification regarding Social Security Account numbers, specified in the next sentence) with the output of the comparison algorithm or algorithms appended to individual voter registration records.  Copies of the algorithm responses produced to private Plaintiffs and Plaintiff-Intervenors shall include Social Security Account numbers redacted to their final four digits, where Social Security Account numbers were available in the Texas Election Administration Management database.

(14)    Any and all algorithm responses, any copies thereof, and any information contained therein, shall be distributed to, and used by, only those individuals listed in Paragraph 2.1 of the Consent Protective Order and shall not be disclosed, in any manner whatsoever, to anyone for any other purpose without modification of this Order approved by the Court.

(15)    Any and all algorithm responses, any copies thereof, and any and all information contained therein, shall not be published or disseminated to the public in any form, including the internet.

(16)    Any and all algorithm responses, any copies thereof, and any information contained therein must be stored at all times in a secure, locked facility maintained by the parties' attorneys or the parties' experts.  Any such information must be encrypted and password

8

protected prior to transfer between parties or between attorneys, their associates, staff, and experts. The parties' attorneys and the parties' experts will protect the algorithm responses, any copies thereof, and any information contained therein in a manner that ensures that unauthorized persons cannot retrieve, alter, or delete any such information by means of computer, remote terminal, or otherwise.

(17)     Any person listed in Paragraph 2.1 of the Consent Protective Order, with the exception of the Court, who is to review any and all algorithm responses, or any portion of the underlying Texas databases, must sign the Acknowledgment of Protective Order and Supplemental Protective Order attached hereto before he or she is given access to such data.

(18)     Any documents or court filings in which individual records within the algorithm responses are discussed shall be filed, if at all, under seal and in a manner consistent with Paragraph 5 of the Consent Protective Order.

(19)     Inadvertent or unintentional disclosure of any portion of the algorithm responses or the Texas databases shall not be construed as a waiver, in whole or in part, of the claim that such information is Highly Confidential. If such disclosure is made, the parties and all individuals to whom the disclosure was made shall treat the record, document, or information contained therein as subject to the Consent Protective Order and this Supplemental Protective Order from the date of its designation as Highly Confidential.

(20)     Any inadvertent, unintentional, or otherwise unauthorized access, use, storage, disposal, disclosure, or loss of any portion of the algorithm responses or the Texas databases, any copies thereof, or the information contained therein is to be reported promptly to the counsel for the United States and counsel for the Defendants. Such report should include the facts and circumstances of the incident including contact information; a description of the incident

including approximate time and location; a description of the safeguards in use at the time of the incident (*e.g*., password protection or encryption); whether any external individuals or organizations (*e.g*., law enforcement or press) have been contacted or have contacted the party; whether any other reports have been filed, including with local police; and any other pertinent information.  The parties shall limit disclosure of the fact that an incident has occurred only to those with the need to know.

(21)    Subject to the provisions of Paragraph 2.1 of the Consent Protective Order, nothing in this Discovery Order and Supplemental Protective Order affects the right of the parties' counsel to discuss with their clients and expert witnesses any information contained in the algorithm responses.

(22)    This Discovery Order and Supplemental Protective Order does not constitute a ruling on the question of whether any portion of the algorithm responses is admissible.

(23)    Nothing in this Discovery Order and Supplemental Protective Order shall prevent disclosure as required by law or compelled by order of a court of competent jurisdiction.

(24)    Nothing in this Order shall be construed to confer rights on any third party.

(25)    Nothing in this Order shall preclude future discovery requests that do not seek individual records in any Texas or federal database, or discovery regarding the contents of data fields derived from applications for Election Identification Certificates.

(26)    Pursuant to Paragraph 8 of the Consent Protective Order, at the conclusion of the litigation and the termination of any associated appeal rights, the Texas databases and the algorithm responses shall be returned to the party who produced them or securely destroyed by the party who received them within thirty days of that date, except as otherwise provided or required by federal or state law or unless otherwise agreed by the parties.  Each party shall

provide the federal agencies, through counsel for the United States, and the Defendants, through

their counsel from the Office of the Texas Attorney General, with certification of compliance

with Paragraph 8 of the Consent Protective Order within ten days of the time specified in this

paragraph of the Consent Protective Order.  Secure destruction shall require disposal by burning,

pulping, shredding, or other suitable means that ensures the information in the documents or

other media is definitively destroyed and cannot be reassembled or reused.  Electronic records

must also be destroyed in a manner that prevents reconstruction.

        SO ORDERED.


DATED:  February __, 2014


                                             _____

                                           NELVA GONZALES RAMOS
                                           UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 2:13-cv-193 (NGR) |
| RICK PERRY, *et al.*, | |
| Defendants. | |
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, *et al.*, | |
| Plaintiff-Intervenors, | Civil Action No. 2:13-cv-263 (NGR) |
| TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, *et al.*, | |
| Plaintiff-Intervenors, | |
| v. | |
| STATE OF TEXAS, *et al.*, | |
| Defendants. | |

TEXAS STATE CONFERENCE OF NAACP
BRANCHES, *et al.*,

             Plaintiffs,

      v.

NANDITA BERRY, *et al.*,

             Defendants.

Civil Action No. 2:13-cv-291 (NGR)

BELINDA ORTIZ, *et al.*,

             Plaintiffs,

      v.

STATE OF TEXAS, *et al.*,

             Defendants

Civil Action No. 2:13-cv-348 (NGR)

### ACKNOWLEDGMENT OF PROTECTIVE ORDER
### AND SUPPLEMENTAL PROTECTIVE ORDER

I, _____, hereby acknowledge that I have read and understand the

Supplemental Protective Order (ECF No. \_\_) entered in this action.  I hereby agree to be bound

by the terms of the Order.  Specifically, I agree to the following terms and conditions:

      1.      I agree that I will use the algorithm responses only for purposes of this litigation,

including any appeals, and not for any other purpose of any kind.

      2.      I agree that the algorithm responses, and all copies thereof may not be removed

from, or reviewed outside of, the secure facility in which the records, documents, ESI, or

information are stored by the parties' attorneys or retained experts.

      3.      I agree that the algorithm responses, and all copies thereof shall be destroyed or

returned to the federal agencies in accordance with Paragraph 8 of the Consent Protective Order.

4.     I agree that any documents created by the parties, their counsel, the counsel's employees, or expert witnesses containing information protected by the Privacy Act of 1974, 5 U.S.C. § 552a; Section 1106 of the Social Security Act, 42 U.S.C. § 1306; and the Privacy Rule promulgated pursuant to Section 264 of the Health Insurance Portability and Accountability Act (HIPAA), 45 C.F.R. §§ 160.101-.552, 164.102-.106, 164.500-.534, will be destroyed when this litigation is concluded and that the parties will so certify to the Federal Agencies.

5.     Should I wish to disclose any or all algorithm responses to any additional persons except those indicated in the Order and herein, I will first seek the consent of the federal agencies, through counsel for the United States, and the Defendants, through their counsel from the Office of the Texas Attorney General.

6.     I hereby confirm that my duties under this Acknowledgment shall survive the termination of this case and are binding upon me for all time.

7.     I hereby consent to the personal jurisdiction of the United States District Court for the Southern District of Texas in the above-captioned case for the sole purpose of enforcing the aforementioned Order.

_____

[signature]

_____

[print name]

Dated: _____