IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

MARC VEASEY, *et al.*,

                Plaintiffs,

           v.

RICK PERRY, *et al.*,

                Defendants.

Civil Action No. 2:13-cv-193 (lead)
(consolidated w/ 2:13-cv-263)

**[PROPOSED] DISCOVERY ORDER AND SUPPLEMENTAL PROTECTIVE ORDER**

        The parties acknowledge the need to protect sensitive, private, personal, or confidential information, including, but not limited to, information concerning Texas voters, including whether those voters have been issued a Texas driver license, personal identification card, concealed handgun license, or election identification certificate; whether they have been issued a United States military identification card, certificate of naturalization, certificate of citizenship, passport or passport card, or veterans identification card; or whether they have been determined by the Social Security Administration to have a disability, or by the Department of Veterans Affairs to have a disability rating of at least fifty percent. All parties have previously agreed that such information shall not be disclosed or used except as appropriate and relevant in connection with this litigation. *See* Consent Protective Order (ECF No. 105). The following procedures are necessary to facilitate the disclosure and comparison of certain information that is "Confidential" and "Highly Confidential," as defined in the Consent Protective Order, from databases and records maintained by Defendants and by the United States. These procedures are necessary to

1

expedite these disclosures, consistent with the Scheduling Order (ECF No. 86), and also to provide additional protections governing use, access, storage, and destruction of the relevant data and data comparisons.  The Defendants have agreed to turn over databases requested in the United States' Amended Second Set of Requests for Production of Documents for matches to be performed by the United States so as to avoid the disclosure of certain information contained in federal databases that may implicate privacy and data security concerns.

Having considered the Motion to Enter a Discovery Order and Supplemental Protective Order, and for good cause shown, it is hereby **ORDERED** that:

(1) By close of business on the business day following entry of this order, Defendants will produce the contents of all fields requested in the United States' Amended Second Set of Requests for Production of Documents (Dec. 16, 2013) from the Texas Election Administration Management System database, the Texas Driver License and Personal Identification Card database, the Election Identification Certificate database, and the Texas License to Carry database (collectively, the "Texas databases"), as they existed on January 15, 2014, to the United States via hand delivery to the United States Attorney's Office at 816 Congress Avenue, Suite 1000, Austin, Texas 78701.  That data shall be designated as "Highly Confidential Information" pursuant to Paragraph 2.1 of the Consent Protective Order.  The data produced by Defendants from the Texas Election Administration Management System database shall include all voter history information identified in Request No. 1(b) of the United States' Amended Second Set of Requests for Production of Documents, up to and including complete reports from all Texas counties for the November 5, 2013, election.

(2) The complete Texas databases provided by Defendants shall at all times remain in the sole custody of the United States, and the United States' experts, experts' staff, and

consultants who are working on this litigation. Consistent with Paragraph 12 of this Order, certain information from the Texas Election Administration Management System database will be provided to other parties in these consolidated cases at the conclusion of the database comparison process described below.

(3) This Order provides for the first steps in a process in which the United States will run an algorithm comparing the Texas databases and relevant databases maintained by the following federal agencies: the Department of Defense, the United States Citizenship and Immigration Services, the Department of State, the Social Security Administration, and the Department of Veterans Affairs (collectively, the "federal databases"). As used herein, the output of any database comparison algorithm between the Texas databases and between the Texas databases and federal databases will be referred to as the "algorithm responses."

(4) Any and all algorithm responses produced pursuant to this order or any future agreement or order shall be designated as "Highly Confidential Information" pursuant to Paragraph 2.1 of the Consent Protective Order.

(5) To facilitate this comparison process, the United States shall draft an algorithm for comparisons among and between the Texas databases and the federal databases ("proposed algorithm"), and shall provide the proposed algorithm to the parties no later than seven days following Defendants' production of the Texas databases. Any and all data comparisons conducted between a Texas database and a federal database by the United States in this litigation, including but not limited to data comparisons done for the purposes of drafting the proposed algorithm, shall be disclosed, along with the corresponding algorithm responses of those comparisons, to all parties.

(6)     All parties agree that they may not seek to move into evidence any documents, including comments, drafts, or electronically stored information, exchanged between the parties for the purpose of attempting to reach agreement on the contents of the algorithm or algorithms.

(7)     Any and all algorithm responses, any copies thereof, and any information contained therein, produced pursuant to this order or any future agreement or order, shall be distributed to, and used by, only those individuals listed in Paragraph 2.1 of the Consent Protective Order and shall not be disclosed, in any manner whatsoever, to anyone for any other purpose without modification of this Order approved by the Court.

(8)     Any and all algorithm responses, any copies thereof, and any and all information contained therein, produced pursuant to this order or any future agreement or order, shall not be published or disseminated to the public in any form, including the internet.

(9)     Any and all algorithm responses, any copies thereof, and any information contained therein, produced pursuant to this order or any future agreement or order must be stored at all times in a secure, locked facility maintained by the parties' attorneys or the parties' experts.  Any such information must be encrypted and password protected prior to transfer between parties or between attorneys, their associates, staff, and experts.  The parties' attorneys and the parties' experts will protect the algorithm responses, any copies thereof, and any information contained therein in a manner that ensures that unauthorized persons cannot retrieve, alter, or delete any such information by means of computer, remote terminal, or otherwise.

(10)    Any person listed in Paragraph 2.1 of the Consent Protective Order, with the exception of the Court, who is to review any and all algorithm responses produced pursuant to this order or any future agreement or order, or who is to review any portion of the underlying

Texas databases, must sign the Acknowledgment of Protective Order and Supplemental Protective Order attached hereto before he or she is given access to such data.

(11)    Any documents or court filings in which individual records within the algorithm responses are discussed shall be filed, if at all, under seal and in a manner consistent with Paragraph 5 of the Consent Protective Order.

(12)    Inadvertent or unintentional disclosure of any portion of the algorithm responses, produced pursuant to this order or any future agreement or order, or any of the Texas databases shall not be construed as a waiver, in whole or in part, of the claim that such information is Highly Confidential.  If such disclosure is made, the parties and all individuals to whom the disclosure was made shall treat the record, document, or information contained therein as subject to the Consent Protective Order and this Supplemental Protective Order from the date of its designation as Highly Confidential.

(13)    Any inadvertent, unintentional, or otherwise unauthorized access, use, storage, disposal, disclosure, or loss of any portion of the algorithm responses or the Texas databases, produced pursuant to this order or any future agreement or order, any copies thereof, or the information contained therein is to be reported promptly to the counsel for the United States and counsel for the Defendants.  Such report should include the facts and circumstances of the incident including contact information; a description of the incident including approximate time and location; a description of the safeguards in use at the time of the incident (*e.g*., password protection or encryption); whether any external individuals or organizations (*e.g*., law enforcement or press) have been contacted or have contacted the party; whether any other reports have been filed, including with local police; and any other pertinent information.  The parties

shall limit disclosure of the fact that an incident has occurred only to those with the need to know.

(14)    Subject to the provisions of Paragraph 2.1 of the Consent Protective Order, nothing in this Discovery Order and Supplemental Protective Order affects the right of the parties' counsel to discuss with their clients and expert witnesses any information contained in the algorithm responses produced pursuant to this order or any future agreement or order.

(15)    This Discovery Order and Supplemental Protective Order does not constitute a ruling on the question of whether any portion of the algorithm responses produced pursuant to this order or any future agreement or order is admissible.

(16)    Nothing in this Discovery Order and Supplemental Protective Order shall prevent disclosure as required by law or compelled by order of a court of competent jurisdiction.

(17)    Nothing in this Order shall be construed to confer rights on any third party.

(18)    Nothing in this Order shall preclude future discovery requests that do not seek individual records in any Texas or federal database, or discovery regarding the contents of data fields derived from applications for Election Identification Certificates.

(19)    Pursuant to Paragraph 8 of the Consent Protective Order, at the conclusion of the litigation and the termination of any associated appeal rights, the Texas databases and the algorithm responses produced pursuant to this order or any future agreement or order shall be returned to the party who produced them or securely destroyed by the party who received them within thirty days of that date, except as otherwise provided or required by federal or state law or unless otherwise agreed by the parties.  Each party shall provide the federal agencies, through counsel for the United States, and the Defendants, through their counsel from the Office of the Texas Attorney General, with certification of compliance with Paragraph 8 of the Consent

Protective Order within ten days of the time specified in this paragraph of the Consent Protective Order.  Secure destruction shall require disposal by burning, pulping, shredding, or other suitable means that ensures the information in the documents or other media is definitively destroyed and cannot be reassembled or reused.  Electronic records must also be destroyed in a manner that prevents reconstruction.

     SO ORDERED.

DATED:  February __, 2014

                                      _____
                                      NELVA GONZALES RAMOS
                                      UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*,<br><br>   Plaintiffs,<br><br>  v.<br><br>RICK PERRY, *et al.*,<br><br>   Defendants. | Civil Action No. 2:13-cv-193 (NGR) |
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, *et al.*,<br><br>   Plaintiff-Intervenors,<br><br>TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, *et al.*,<br><br>   Plaintiff-Intervenors,<br><br>  v.<br><br>STATE OF TEXAS, *et al.*,<br><br>   Defendants. | Civil Action No. 2:13-cv-263 (NGR) |

| | |
|---|---|
| TEXAS STATE CONFERENCE OF NAACP BRANCHES, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>NANDITA BERRY, *et al.*,<br><br>    Defendants. | Civil Action No. 2:13-cv-291 (NGR) |
| BELINDA ORTIZ, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>STATE OF TEXAS, *et al.*,<br><br>    Defendants | Civil Action No. 2:13-cv-348 (NGR) |

**ACKNOWLEDGMENT OF PROTECTIVE ORDER
AND SUPPLEMENTAL PROTECTIVE ORDER**

I, _____, hereby acknowledge that I have read and understand the Supplemental Protective Order (ECF No. \_\_) entered in this action. I hereby agree to be bound by the terms of the Order. Specifically, I agree to the following terms and conditions:

　　1.　　I agree that I will use the algorithm responses only for purposes of this litigation, including any appeals, and not for any other purpose of any kind.

　　2.　　I agree that the algorithm responses, and all copies thereof may not be removed from, or reviewed outside of, the secure facility in which the records, documents, ESI, or information are stored by the parties' attorneys or retained experts.

　　3.　　I agree that the algorithm responses, and all copies thereof shall be destroyed or returned to the federal agencies in accordance with Paragraph 8 of the Consent Protective Order.

9

4.       I agree that any documents created by the parties, their counsel, the counsel's employees, or expert witnesses containing information protected by the Privacy Act of 1974, 5 U.S.C. § 552a; Section 1106 of the Social Security Act, 42 U.S.C. § 1306; and the Privacy Rule promulgated pursuant to Section 264 of the Health Insurance Portability and Accountability Act (HIPAA), 45 C.F.R. §§ 160.101-.552, 164.102-.106, 164.500-.534, will be destroyed when this litigation is concluded and that the parties will so certify to the Federal Agencies.

5.       Should I wish to disclose any or all algorithm responses to any additional persons except those indicated in the Order and herein, I will first seek the consent of the federal agencies, through counsel for the United States, and the Defendants, through their counsel from the Office of the Texas Attorney General.

6.       I hereby confirm that my duties under this Acknowledgment shall survive the termination of this case and are binding upon me for all time.

7.       I hereby consent to the personal jurisdiction of the United States District Court for the Southern District of Texas in the above-captioned case for the sole purpose of enforcing the aforementioned Order.

_____
[signature]

_____
[print name]

Dated: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

MARC VEASEY, *et al.*,

           Plaintiffs,

    v.

RICK PERRY, *et al.*,

           Defendants.

Civil Action No. 2:13-cv-193 (lead)
(consolidated w/ 2:13-cv-263)

## [PROPOSED] DISCOVERY ORDER AND SUPPLEMENTAL PROTECTIVE ORDER

This Court previously entered an Order requiring Texas to produce the Texas Election Administration Management (TEAM) System database and the relevant identification databases to the United States, and requiring the United States to circulate a proposed algorithm for matching to all parties. *See* Order, February ___, 2014 (ECF No. ___). The Court has heard argument regarding further steps for the parties to propose and finalize algorithms, and to conduct database matching between the TEAM database and the relevant identification databases. Having considered these arguments, and for good cause shown, it is hereby **ORDERED** that:

    (1)    The Texas databased produced by Defendants, pursuant to the Order entered on February ___, 2014, shall at all times remain in the sole custody of the United States, and the United States' experts, experts' staff, and consultants who are working on this litigation. Consistent with Paragraph 10 of this Order, certain information from the Texas Election

11

Administration Management System database will be provided to other parties in these consolidated cases at the conclusion of the database comparison process described below.

(2)     Pursuant to the process described in this Order, the United States will run an algorithm comparing the Texas databases and relevant databases maintained by the following federal agencies: the Department of Defense, the United States Citizenship and Immigration Services, the Department of State, the Social Security Administration, and the Department of Veterans Affairs (collectively, the "federal databases").  As used herein, the output of any database comparison algorithm between the Texas databases and between the Texas databases and federal databases will be referred to as the "algorithm responses."

(3)     Any and all algorithm responses produced pursuant to this order shall be designated as "Highly Confidential Information," pursuant to Paragraph 2.1 of the Consent Protective Order.

(4)     Any party that wishes to propose additions or modifications to the United States' proposed algorithm, circulated pursuant to the Order entered on February __, 2014, shall circulate its proposal for consideration to all parties no later than ___ days after the United States' disclosure of its proposed algorithm.  Within ___ days thereafter, the United States shall circulate its final algorithm to all parties, indicating which changes it has accepted.  Within ___ days after that, the United States will move for a Supplemental Production Order, as specified in paragraph 8, and, upon entry of such Order, the United States shall begin processing its algorithms, as specified in paragraph 9.  No plaintiff may propose any further algorithm.

(5)     If the Defendants believe that the federal database field descriptions are insufficient to determine whether a different algorithm is appropriate, the Defendants shall provide notice to the United States as soon as possible, but no later than ___ days after the

12

United States' disclosure of its proposed algorithm. The notice shall specify the additional information Defendants believe to be necessary to complete their review of the United States' proposed algorithm and to develop their own, if they choose. The United States shall respond within ___ days by producing the information and/or objecting to the information requested. If the parties are unable to resolve the information that the United States must provide about the fields or formatting of the federal databases within __ days, the parties will request a hearing before the Court.

(6) The Defendants shall circulate their proposal to all parties no later than ___ days after the United States' disclosure of its proposed algorithm. The period for Defendants to circulate a second algorithm, however, may be tolled for a period of no more than ___ days, if Defendants provided notice to the United States, as specified in paragraph 2, that it needed further information regarding the federal databases. Nothing herein waives the United States' ability to object to an algorithm proposed by Defendants that would impose an undue burden on the United States or any federal agency required to assist in operationalizing any modification to the proposed algorithm. Such a dispute shall be raised with the Court within ___ days after the United States' objection if, by that time, the parties have been unable to resolve the issue.

(7) The Defendants' request for further information, any disputes arising therefrom, and the development of an alternative algorithm, if the Defendants wish to proceed with a different algorithm, shall not delay the running of the United States' algorithm.

(8) Certain information contained in the federal databases is subject to limitations on disclosure as set out in the Privacy Act of 1974, 5 U.S.C. § 552a; Section 1106 of the Social Security Act, 42 U.S.C. § 1306; and the Privacy Rule promulgated pursuant to Section 264 of the Health Insurance Portability and Accountability Act (HIPAA), 45 C.F.R. §§ 160.101-.552,

164.102-.106, 164.500-.534. Within ___ days of reaching agreement on the final algorithm to be used to generate the algorithm responses, the United States will move for entry of a Supplemental Production Order permitting and ordering production of certain federal agency data that will be reflected in the algorithm responses, in accordance with the Privacy Act, HIPAA, and the Social Security Act. If Defendants choose to run a different algorithm, the United States will move for a Supplemental Production Order within ___ days of finalizing the Plaintiff/Plaintiff-Intervenor algorithm, and, if required, a second Supplemental Production Order within ___ days of receiving the final algorithm for Defendants.

(9)     The United States shall produce the final algorithm or algorithms used to create the algorithm responses and the corresponding algorithm responses concurrently to all parties as they become available. Specifically, the United States shall produce any set of algorithm responses within three days after a federal agency has generated the final algorithm responses for any particular identification database. If Texas has chosen to use a different algorithm, the United States shall produce the algorithm responses separately for each algorithm and no later than three days after it receives the algorithm responses for each algorithm run against a database.

(10)    The algorithm responses shall consist of copies of the extract of the Texas Election Administration Management System database produced by Defendants to the United States (subject to the qualification regarding Social Security Account numbers, specified in the next sentence) with the output of the comparison algorithm or algorithms appended to individual voter registration records. Copies of the algorithm responses produced to private Plaintiffs and Plaintiff-Intervenors shall include Social Security Account numbers redacted to their final four

14

digits, where Social Security Account numbers were available in the Texas Election Administration Management database.

  (11) All algorithm responses are subject to the Order entered on February ___, 2014, regarding the production, handling, storage, filing, and processes for handling inadvertent disclosures in paragraphs ___ to ___.

  SO ORDERED.


DATED: February __, 2014


                _____
                NELVA GONZALES RAMOS
                UNITED STATES DISTRICT JUDGE