# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| NORTH CAROLINA STATE CONFERENCE OF THE NAACP, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:13CV658 |
| PATRICK LLOYD MCCRORY, in his official capacity as Governor of North Carolina, et al., | ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |
| LEAGUE OF WOMEN VOTERS OF NORTH CAROLINA, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:13CV660 |
| THE STATE OF NORTH CAROLINA, et al., | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:13CV861 |
| THE STATE OF NORTH CAROLINA, et al., | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

SCHEDULING ORDER

These cases come before the Court following a scheduling hearing held on December 12, 2013. In the first case (1:13CV658), the North Carolina State Conference of the NAACP

and other individuals and churches (collectively, "the NAACP Plaintiffs") challenge portions of the recent North Carolina Voter Information Verification Act (House Bill 589) pursuant to the federal Voting Rights Act, 42 U.S.C. § 1973, and pursuant to the Fourteenth and Fifteenth Amendments to the Constitution. In the second case (1:13CV660), the League of Women Voters of North Carolina and other individuals and groups (collectively, "the League Plaintiffs") raise similar challenges under the Voting Rights Act, 42 U.S.C. § 1973 and § 1973a, and under the Fourteenth Amendment. Finally, in the third case (1:13CV861), the United States of America, represented by the U.S. Department of Justice, ("the U.S. DOJ Plaintiff") also raises similar challenges pursuant to the Voting Rights Act, 42 U.S.C. § 1973. In all three cases, the claims are asserted against the State of North Carolina, the members or director of the State Board of Elections, and/or North Carolina Governor McCrory (collectively, "the Defendants").

Prior to the scheduling hearing in this matter, the U.S. DOJ Plaintiff filed a Motion to Consolidate all three cases for discovery and trial. In addition, the NAACP Plaintiffs and the League Plaintiffs filed their own Motions to Consolidate, seeking consolidation of the cases for purposes of discovery. Defendants agree to consolidation. As discussed during the scheduling hearing on December 12, 2013, the Court has concluded that in light of the parties' agreement and the overlapping issues and claims in the three cases, the Motions to Consolidate should be granted to the extent that all three cases will be consolidated for purposes of discovery and scheduling. However, any further determination as to how the trial will be structured or how dispositive motion briefing will be allocated among the three cases should be resolved after discovery has concluded.

With respect to the scheduling of discovery and trial, the Court heard from the parties at the hearing on December 12, 2013, and offered the parties two alternative options: (1) a July 2014 trial date, with approximately four months of discovery through April 1, 2014; or (2) a 2015 trial date, with additional time for discovery and the option of preliminary motions, including a Motion for Judgment on the Pleadings and Motions for Preliminary Injunction, during mid-2014. The Court specifically directed all of the Plaintiffs to confer to determine whether they could agree on either of those options. However, while the NAACP Plaintiffs and the League Plaintiffs requested the first option, the U.S. DOJ Plaintiff requested the second option, and took the position that the early trial date would not allow for sufficient time to prepare a full record because additional time would be required to obtain all of the evidence that the U.S. DOJ Plaintiff contends that it needs. Defendants also requested the second option given the scope of discovery contemplated by the parties and the time needed to complete that process. As noted during the hearing, the Court has concerns that the first option, with the July 2014 trial date, would not allow Plaintiffs sufficient time to complete discovery and obtain the evidence needed to proceed on their claims, particularly in light of the concerns raised by Plaintiff U.S. DOJ. In addition, as noted by both Plaintiff U.S. DOJ and Defendants, it does not appear reasonably likely that the parties could complete the discovery they have agreed to, including up to 120 depositions and extensive data collection, in the period of time between now and April 1, 2014. However, in order to allow the issues raised in this case to be presented and heard on an expedited basis prior to implementation of the challenged legislation in the November 2014

elections, the Court also considered a potential schedule for briefing on preliminary motions in 2014. The Court therefore adopts the following schedule:

| Event | Deadline |
| --- | --- |
| Initial Disclosures | December 20, 2013 with supplementation January 8, 2014 |
| Amendments to Pleadings | January 8, 2014 |
| Preliminary Motions Due (including any Motion for Judgment on the Pleadings by Defendants and any Motions for Preliminary Injunction by Plaintiffs) | May 5, 2014 |
| Responses to Preliminary Motions | May 26, 2014 |
| Replies to Preliminary Motions | June 9, 2014 |
| Expert Reports and Disclosures under Rule 26(a)(2)(B) and 26(a)(2)(C) | December 12, 2014 |
| Rebuttal Expert Reports | January 9, 2015 |
| Sur-rebuttal Expert Reports | January 16, 2015 |
| Close of Discovery | February 2, 2015 |
| Notice of Dispositive Motions | February 12, 2015 |
| Dispositive Motions Due | March 4, 2015 |
| Responses Due | April 3, 2015 |
| Replies Due | April 17, 2015 |
| Trial Setting | July 2015 Civil Master Calendar |

The Court notes that if Plaintiffs intend to present expert testimony as part of a preliminary injunction motion, the expert reports and disclosures should be made by April 1, 2014; any rebuttal expert reports should be provided by April 14, 2014; and any sur-rebuttal reports should be provided by April 21, 2014.

-4-

With respect to any amendments to the pleadings or requests to join additional parties, any such motions should be filed by January 8, 2014.  After that date, the Court will consider whether granting leave would cause a delay in the proceedings or otherwise result in undue prejudice to a party.

With respect to discovery of electronically stored information, the parties will meet on or before December 19, 2013, to determine if they can reach an agreement on those issues.  The parties will similarly confer with respect to the scope of any protective order.  Any agreements may be submitted for approval as a Consent Order; any disputes may be brought to the Court for resolution during the discovery process under the Rules of Civil Procedure.

This case is exempt from mediation, so no mediation deadlines will be imposed.

Written discovery response times may be adjusted by agreement between the parties or with leave of Court.  The Court notes, however, that given the schedule for preliminary motions set out above, the Court anticipates that discovery will proceed on an expedited basis, as discussed during the hearing on December 12, 2013.

With respect to the scope of discovery, the Court adopts the limits agreed upon by all of the parties.  Discovery will therefore include up to 60 depositions for all Plaintiffs collectively and up to 60 depositions for Defendants collectively; up to 25 interrogatories and 25 requests for admission served by Defendants as to each Plaintiff group; and up to 25 interrogatories and 25 requests for admission served by each Plaintiff group on Defendants.  All of the parties agreed to these limits and agreed to their understanding and interpretation of these limits during the hearing on December 12, 2013.

IT IS THEREFORE ORDERED that the pending Motions to Consolidate [Docs. #28, #31 in 1:13CV658; Docs. #35, #37 in 1:13CV660; Docs. #17, #21 in 1:13CV861] are GRANTED to the extent that these three cases are CONSOLIDATED for discovery and scheduling purposes, but any further determination as to the structure of trial and briefing on dispositive motions will be resolved after discovery has closed.

IT IS FURTHER ORDERED that the Court adopts the deadlines and discovery limits set out above.

This, the 13th day of December, 2013.

/s/ Joi Elizabeth Peake<br>United States Magistrate Judge