## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, JANE HAMILTON, SERGIO DELEON, FLOYD J. CARRIER, ANNA BURNS, MICHAEL MONTEX, PENNY POPE, OSCAR ORTIZ, KOBY OZIAS, JOHN MELLOR-CRUMLEY, JANE DOE, JOHN DOE, LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), AND DALLAS COUNTY, TEXAS,<br>　　　*Plaintiffs,*<br><br>v.<br><br>RICK PERRY, Governor of Texas; and JOHN STEEN, Texas Secretary of State,<br>　　　*Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| UNITED STATES OF AMERICA,<br>　　　*Plaintiffs,*<br><br>TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, IMANI CLARK, AURICA WASHINGTON, CRYSTAL OWENS, AND MICHELLE BESSIAKE,<br>　　　*Plaintiff-Intervenors,*<br><br>TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, HIDALGO COUNTY, AND MARIA LONGORIA BENAVIDES,<br>　　　*Plaintiff-Intervenors,*<br><br>v.<br><br>STATE OF TEXAS, JOHN STEEN, in his official capacity as Texas Secretary of State; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety,<br>　　　*Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL ACTION NO.
2:13-CV-193 (NGR)
[Lead case]

CIVIL ACTION NO.
2:13-CV-263 (NGR)
[Consolidated case]



TEXAS STATE CONFERENCE OF NAACP BRANCHES; and the MEXICAN AMERICAN LEGISLATIVE CAUCUS OF THE TEXAS HOUSE OF REPRESENTATIVES,
            *Plaintiffs,*
v.

JOHN STEEN, in his official capacity as Secretary of State of Texas; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety,
            *Defendants.*
_____

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION NO.
2:13-CV-291 (NGR)
[Consolidated case]

BELINDA ORTIZ, LENARD TAYLOR, EULALIO MENDEZ JR., LIONEL ESTRADA; ESTELA GARCIA ESPINOSA, ROXANNE HERNANDEZ, LYDIA LARA, MARGARITO MARTINEZ LARA, MAXIMINA MARTINEZ LARA, AND *LA UNION DEL PUEBLO ENTERO, INC.*
            *Plaintiffs,*
v.

STATE OF TEXAS; JOHN STEEN, in his Official capacity as Texas Secretary of State; And STEVE McCRAW, in his official capacity As Director of the Texas Department of Public Safety,
            *Defendants.*
_____

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION NO.
2:13-CV-348 (NGR)
[Consolidated case]

## DEFENDANTS' OBJECTIONS AND RESPONSES TO TEXAS STATE CONFERENCE OF NAACP BRANCHES AND THE MEXICAN AMERICAN LEGISLATIVE CAUCUS'S REQUESTS FOR PRODUCTION OF DOCUMENTS

TO:    Plaintiffs The Texas State Conference of NAACP Branches and the Mexican American Legislative Caucus of the Texas House of Representatives, by and through their counsel of record, Erandi Zamora, Sonia Kaur Gill, Mark A. Posner, and Robert A. Kengle, Lawyers' Committee of Civil Rights Under Law, 1401 New York Ave Ste 400, Washington, DC 20005; Ezra D.

Rosenberg, Michelle H. Yeary, Dechert LLP, 902 Carnegie Center, Suite 500, Princeton, New Jersey 08540-6531; Wendy Weiser, Myrna Perez, Vishal Agraharkar, and Jennifer Clark, Brennan Ctr for Justice, NYU School of Law, 161 Ave of the Americas 12th Floor, New York, NY 10013; Clay Bonilla and Daniel G. Covich, The Law Offices of William Bonilla, P.C. 2727 Morgan Ave., Corpus Christi, Texas 78405; Steven B. Weisburd, Lindsey B. Stelcen and Amy L Rudd, Dechert LLP, 300 W 6th St Suite 2010, Austin, TX 78701; Gary Bledsoe, Potter Bledsoe, L.L.P., 316 West 12th Street, Suite 307, Austin, Texas 78701; Robert Notzon, The Law Office of Robert Notzon, 1502 West Avenue, Austin, Texas 78701; Jose Garza, Law Office of Jose Garza 7414 Robin Rest Drive San Antonio, Texas 98209; and Kim Keenan Marshall Taylor Victor Goode, NAACP, 4805 Mt. Hope Drive Baltimore, Maryland 21215

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the State of Texas, Rick Perry, John Steen and Steve McCraw, by and through the Attorney General for the State of Texas respond to The Texas State Conference of NAACP Branches and the Mexican American Legislative Caucus of the Texas House of Representatives' Requests for Production of Documents.

1.   All documents, items, databases, writings, recordings, and other materials responsive to the United States' First Set of Requests for Production of Documents propounded on Defendants on November 26, 2013.

**OBJECTION:** Defendants object to this request as being unreasonably cumulative and duplicative as it calls upon the defendants to reproduce "all documents, items, databases, writings, recordings, and other materials" that have been previously produced, or are in the process of being produced, to the United States of America and made available to all parties in this litigation. Further, defendants reassert all objections, privileges and responses made in "Defendants' Responses and Objections to Plaintiff's [United States of America] First Request for Production of Documents".

Further, defendants object to this request as it is overly broad, unduly burdensome, vague, and fails to describe with reasonable particularity each item or category of items sought to be produced.

Subject to and without waiving the foregoing objections, the plaintiffs are referred to the "Defendants' Responses and Objections to Plaintiff's [United States of America] First Request for Production of Documents" and the documents produced, or in the process of being produced, as part of that response.  Defendant will continue to produce responsive documents on a rolling basis.

2.    All documents, items, databases, writings, recordings, and other materials responsive to the United States' Amended Second Set of Requests for Production of Documents propounded on Defendants on December 16, 2014.

**OBJECTION:** Defendants object to this request as being unreasonably cumulative and duplicative as it calls upon the defendants to reproduce "all documents, items, databases, writings, recordings, and other materials" that have been previously produced, or are in the process of being produced, to the United States of America and made available, as per mutual agreement, to all parties in this litigation. Further, defendants reassert all objections, privileges and responses made in "Defendants' Objections to United States' Amended Second Set of Requests for Production of Documents".  Further, defendants object to this request as it is overly broad, unduly burdensome, vague, and fails to describe with reasonable particularity each item or category of items sought to be produced.

Subject to and without waiving the foregoing objections, the plaintiffs are referred to the "Defendants' Objections to United States Amended Second Set of Request for Production of Documents." The Defendants continue to work with the United States toward a compromise on the privacy issues, and upon the successful agreement of all parties, shall provide such documents as are mutually agreed upon and ordered by the court.

3. With regard to the Department of Public Safety's responsibility to issue driver's licenses, all documents related to:

    a. the location of all Texas offices that are issuing driver's licenses (regular offices and "megacenters"), the date each such office began issuing driver's licenses, the hours of each such office, the number of full and part-time staff employed at each office, the user experience of individuals who go to such an office to obtain a driver's license ( e.g., documents related to wait times), and the geographic region served by each office;

    b. plans to increase or reduce the number of Texas offices that are issuing or plan to issue driver's licenses, including the reason or reasons for the increase or reduction and documents related to the budget for such offices;

    c. plans to increase or reduce the operating hours of any Texas office that is issuing or plans to issue driver's licenses, including plans as they relate to individual offices, the decisions to increase or decrease

operating hours at specific offices, and the impact of an increase or decrease in hours on the budget of individual offices or the Department of Public Safety; and

**d.** plans to open any Department 0f Public Safety "megacenters," including the choice of location, any analysis on which that decision was reached, and the anticipated dates on which each megacenter will open, and all documents related to any megacenter, including those related to the choice of location, that has opened anywhere in Texas since January 1, 2008.

**OBJECTON:** Defendants object to this request as it is overly broad, unduly burdensome, vague, and fails to describe with reasonable particularity each item or category of items sought to be produced. This request seeks the production of "all documents related to" numerous subjects without giving any limitations as to the scope of the documents sought or time periods. Further, the request fails to define "user experience" or provide any limitations as to the scope of the documents being sought that relate to "user experience". Further, this request seeks items that are not relevant to this cause of action and not reasonably calculated to lead to the discovery of admissible evidence. Further, defendants object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege, legislative privilege, deliberative process privilege, and attorney work-product doctrine. Defendants further object to this request to the extent it seeks

documents or information protected from disclosure by Texas Government Code § 323.017.

Subject to and without waiving the foregoing objections, the plaintiffs are referred to the "Defendants' Responses and Objections to Plaintiff's [United States of America] First Request for Production of Documents", specifically Request for Production Number 18, and the documents produced, or in the process of being produced, as part of that response. Defendant will continue to produce responsive documents on a rolling basis.

4. With regard to the Department of Public Safety's responsibility to issue personal identification cards, all documents related to:

   a. the location of all Texas offices that are issuing personal identification cards (regular offices and "megacenters"), the date each such office began issuing personal identification cards, the hours of each such office, the number of full and part-time staff employed at each office, the user experience of individuals who go to such an office to obtain a personal identification card (e.g., documents related to wait times), and the geographic region served by each office;

   b. plans to increase or reduce the number of Texas offices that are issuing or plan to issue personal identification cards, including the reason or reasons for the increase or reduction and documents related to the budget for such offices;

   **c.** plans to increase or reduce the operating hours of any Texas office that is issuing or plans to issue personal identification cards, including plans as they relate to individual offices, the decisions to increase or decrease operating hours at specific offices, and the impact of an increase or decrease in hours on the budget of individual offices or the Department of Public Safety; and

   **d.** plans to open any Department of Public Safety "megacenters," including the choice of location, any analysis on which that decision was reached, and the anticipated dates on which each megacenter will open, and all documents related to any megacenter, including those related to the choice of location, that has opened anywhere in Texas since January 1, 2008.

**OBJECTON:** Defendants object to this request as it is overly broad, unduly burdensome, vague, and fails to describe with reasonable particularity each item or category of items sought to be produced. This request seeks the production of "all documents related to" numerous subjects without giving any limitations as to the scope of the documents sought or time periods. Further, the request fails to define "user experience" or provide any limitations as to the scope of the documents being sought that relate to "user experience". Further, this request seeks items that are not relevant to this cause of action and not reasonably calculated to lead to the discovery of admissible evidence. Further, defendants object to this request to the extent that it calls for the production of documents subject to the attorney-client

8

privilege, legislative privilege, deliberative process privilege, and attorney work product doctrine. Defendants further object to this request to the extent it seeks documents or information protected from disclosure by Texas Government Code § 323.017.

Subject to and without waiving the foregoing objections, the plaintiffs are referred to the "Defendants' Responses and Objections to Plaintiff's [United States of America] First Request for Production of Documents", specifically Request for Production Number 18, and the documents produced, or in the process of being produced, as part of that response. Defendant will continue to produce responsive documents on a rolling basis.

5. With regard to the Department of Public Safety's responsibility to issue licenses to carry a concealed handgun, all documents related to:

   a. the location of all Texas offices that are issuing licenses to carry a concealed handgun (regular offices and "megacenters"), the date each such office began issuing such licenses, the hours of each such office, the number of full and part-time staff employed at each office, the user experience of individuals who go to such an office to obtain a license to carry a concealed handgun (e.g., documents related to wait times), and the geographic region served by each office;

   b. plans to increase or reduce the number of Texas offices that are issuing or plan to issue licenses to carry a concealed handgun, including the reason or reasons for the increase or reduction and documents related

to the budget for such offices;

    **c.** plans to increase or reduce the operating hours of any Texas office that is issuing or plans to issue licenses to carry a concealed handgun, including plans as they relate to individual offices, the decisions to increase or decrease operating hours at specific offices, and the impact of an increase or decrease in hours on the budget of individual offices or the Department of Public Safety; and

    **d.** plans to open any Department of Public Safety "megacenters," including the choice of location, any analysis on which that decision was reached, and the anticipated dates on which each megacenter will open, and all documents related to any megacenter, including those related to the choice of location, that has opened anywhere in Texas since January 1, 2008.

**OBJECTON:** Defendants object to this request as it is overly broad, unduly burdensome, vague, and fails to describe with reasonable particularity each item or category of items sought to be produced. This request seeks the production of "all documents related to" numerous subjects without giving any limitations or time periods. Further, the request fails to define "user experience" or provide any limitations on the scope of the documents being sought that relate to "user experience". Further, this request seeks items that are not relevant to this cause of action and not reasonably calculated to lead to the discovery of admissible evidence. Further, defendants object to this request to the extent that it calls for the

production of documents subject to the attorney-client privilege, legislative privilege, deliberative process privilege, and attorney work product doctrine. Defendants further object to this request to the extent it seeks documents or information protected from disclosure by Texas Government Code § 323.017.

Subject to and without waiving the foregoing objections, no responsive documents as CHL applications are completed online or by mail.

6. With regard to Request No. 18 in the United States' First Set of Requests for Production of Documents, provide - in addition to the documents identified in that request - all documents that relate to the user experience of individuals who go to an office to obtain an Election Identification Certificate (e.g., documents related to wait times).

**OBJECTION:** Defendants object to this request as being unreasonably cumulative and duplicative as it calls upon the defendants to reproduce documents that have been previously produced, or are in the process of being produced, to the United States of America and made available to all parties in this litigation. Further, defendants reassert all objections, privileges and responses made in "Defendants' Responses and Objections to Plaintiff's [United States of America] First Request for Production of Documents". Further, defendants object to this request as it is overly broad, unduly burdensome, vague, and fails to describe with reasonable particularity each item or category of items sought to be produced. This request fails to provide any limitations as to scope of the documents sought or provide any limiting time periods. Further, the request fails to define "user experience" or

11

provide any limitations on the scope of the documents being sought that relate to "user experience".

Subject to and without waiving the foregoing objections, the plaintiffs are referred to the "Defendants' Responses and Objections to Plaintiff's [United States of America] First Request for Production of Documents", specifically Request for Production Number 18, and the documents produced, or in the process of being produced, as part of that response. Defendant will continue to produce responsive documents on a rolling basis.

7.     With regard to Request No. 22 in the United States' First Set of Requests for Production of Documents, provide -in addition to the documents identified in that request - all documents related to any and all allegations concerning in-person voter impersonation or other in-person voter fraud that occurred in the State of Texas from January 1, 2000 to December 31, 2003.

**OBJECTION:** Defendants object to this request as being unreasonably cumulative and duplicative as it calls upon the defendants to reproduce documents that have been previously produced, or are in the process of being produced, to the United States of America and made available to all parties in this litigation. Further, defendants reassert all objections, privileges and responses made in "Defendants' Responses and Objections to Plaintiff's [United States of America] First Request for Production of Documents". Further, defendants object to this request as it is overly broad, unduly burdensome, vague, and fails to describe with reasonable particularity each item or category of items sought to be produced. Defendants

further object that this request calls for the production of documents not relevant to this cause of action and not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this request to the extent this request calls for the production of documents subject to the legislative privilege, deliberative process privilege, attorney-client privilege, and attorney work-product doctrine. Defendants object to this request to the extent it seeks documents and information protected from disclosure by Texas Government Code § 323.017. Defendants object to this request on the ground that it calls for the production of documents within the control of third parties, including independent officers of the State and local governments, whose documents are not within defendants' possession, custody, or control. Defendants further object to this request to the extent it encompasses documents publicly available or equally accessible to the Plaintiffs.

Subject to and without waiving the foregoing objections, the plaintiffs are referred to the "Defendants' Responses and Objections to Plaintiff's [United States of America] First Request for Production of Documents", specifically Request for Production Number 22, and the documents produced, or in the process of being produced, as part of that response. Defendant will continue to produce responsive documents on a rolling basis.

**8.**   With regard to Request No. 23 in the United States' First Set of Requests for Production of Documents, provide - in addition to the documents identified in that request -all documents related to any and all allegations concerning

instances of voting in Texas by persons who are not United States citizens from January 1, 2000 to the December 31, 2003.

**OBJECTION:** Defendants object to this request as being unreasonably cumulative and duplicative as it calls upon the defendants to reproduce documents that have been previously produced, or are in the process of being produced, to the United States of America and made available to all parties in this litigation.  Further, Defendants reassert all objections, privileges and responses made in "Defendants Responses and Objections to Plaintiff's [United States of America] First Request for Production of Documents".  Further, Defendants object to this request as it is overly broad, unduly burdensome, vague, and fails to describe with reasonable particularity each item or category of items sought to be produced.   Defendants further object that this request calls for the production of documents not relevant to this cause of action and not reasonably calculated to lead to the discovery of admissible evidence.   Defendants also object to this request to the extent this request calls for the production of documents subject to the legislative privilege, deliberative process privilege, attorney-client privilege, and attorney work-product doctrine.   Defendants object to this request to the extent it seeks documents and information protected from disclosure by Texas Government Code § 323.017. Defendants object to this request on the ground that it calls for the production of documents within the control of third parties, including independent officers of the State and local governments, whose documents are not within Defendants' possession, custody, or control.   Defendants further object to this request to the

extent it encompasses documents publicly available or equally accessible to the Plaintiffs.

Subject to and without waiving the foregoing objections, the plaintiffs are referred to the "Defendants' Responses and Objections to Plaintiff's [United States of America] First Request for Production of Documents", specifically Request for Production Number 23, and the documents produced, or in the process of being produced, as part of that response.  Defendant will continue to produce responsive documents on a rolling basis.

9.   With regard to Request No. 24 in the United States' First Set of Requests for Production of Documents, provide - in addition to the documents identified in that request - all documents related to any and all training sessions regarding the provisions of SB 14 and plans to conduct training sessions in 2014 (e.g., in-person training and training conducted using the internet), including (but not limited to):

   **a.**   all documents distributed or displayed as part of the training ( e.g., guidelines, manuals, power-point presentations, and videos);

   **b.**   all documents concerning the development of the training and the training materials; and

   **c.**   locations and times of the training sessions.

**OBJECTION:** Defendants object to this request as being unreasonably cumulative and duplicative as it calls upon the defendants to reproduce documents that have been previously produced, or are in the process of being produced, to the United

States of America and made available to all parties in this litigation.  Further, Defendants reassert all objections, privileges and responses made in "Defendants' Responses and Objections to Plaintiff's [United States of America] First Request for Production of Documents".  Further, defendants object to this request as it is overly broad, unduly burdensome, vague, and fails to describe with reasonable particularity each item or category of items sought to be produced.  Defendants further object that this request calls for the production of documents not relevant to this cause of action and not reasonably calculated to lead to the discovery of admissible evidence.  Defendants also object to this request to the extent this request calls for the production of documents subject to the legislative privilege, deliberative process privilege, attorney-client privilege, and attorney work-product doctrine.  Defendants object to this request to the extent it seeks documents and information protected from disclosure by Texas Government Code § 323.017. Defendants object to this request on the ground that it calls for the production of documents within the control of third parties, including independent officers of the State and local governments, whose documents are not within Defendants' possession, custody, or control.

Subject to and without waiving the foregoing objections, the plaintiffs are referred to the "Defendants' Responses and Objections to Plaintiff's [United States of America] First Request for Production of Documents", specifically Request for Production Number 24, and the documents produced, or in the process of being

produced, as part of that response.  Defendant will continue to produce responsive documents on a rolling basis.

Dated: February 5, 2014

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JONATHAN F. MITCHELL
Solicitor General

J. REED CLAY, JR.
Special Assistant and Senior Counsel
to the Attorney General
Southern District of Texas No. 1160600

*/s/ John B. Scott*
JOHN B. SCOTT
Deputy Attorney General for Litigation
Southern District of Texas No. 10418
ATTORNEY-IN-CHARGE

GREGORY DAVID WHITLEY
Assistant Deputy Attorney General
Southern District of Texas No. 2080496
State of Texas Bar No. 2080492

STEPHEN RONALD KEISTER
Assistant Attorney General
Southern District of Texas No. 18580

SEAN PATRICK FLAMMER
Assistant Attorney General
Southern District of Texas No. 1376041

17

209 West 14th Street
P.O. Box 12548
Austin, Texas 70711-2548
(512) 475-0131

COUNSEL FOR THE STATE OF TEXAS,
RICK PERRY, JOHN STEEN, and STEVE
MCCRAW

### **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document is

being served by electronic mail on February 5, 2014, to counsel of record.


*/s/ John B. Scott*
JOHN B. SCOTT
Deputy Attorney General for Civil Litigation