IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES | § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 2:13-cv-193 (lead) |
| TEXAS, ET AL | § § | (consolidated w/ 2:13-cv-263) |
| *Defendant(s).* | § § § | |

# EXHIBT 1

Declaration of Jon Heining

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, JANE HAMILTON, SERGIO DELEON, FLOYD J. CARRIER, ANNA BURNS, MICHAEL MONTEX, PENNY POPE, OSCAR ORTIZ, KOBY OZIAS, JOHN MELLOR-CRUMLEY, JANE DOE, JOHN DOE, LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), AND DALLAS COUNTY, TEXAS,<br>    *Plaintiffs,*<br>v.<br><br>RICK PERRY, Governor of Texas; and JOHN STEEN, Texas Secretary of State,<br>    *Defendants.* | CIVIL ACTION NO.<br>2:13-CV-193 (NGR)<br>[Lead case] |
| UNITED STATES OF AMERICA,<br>    *Plaintiff,*<br><br>TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, IMANI CLARK, AURICA WASHINGTON, CRYSTAL OWENS, AND MICHELLE BESSIAKE,<br>    *Plaintiff-Intervenors,*<br><br>TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, HIDALGO COUNTY, AND MARIA LONGORIA BENAVIDES,<br>    *Plaintiff-Intervenors,*<br>v.<br><br>STATE OF TEXAS, JOHN STEEN, in his official capacity as Texas Secretary of State; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety,<br>    *Defendants.* | CIVIL ACTION NO.<br>2:13-CV-263 (NGR)<br>[Consolidated case] |
| TEXAS STATE CONFERENCE OF NAACP BRANCHES; and the MEXICAN AMERICAN LEGISLATIVE CAUCUS OF THE TEXAS | |

| | |
|---|---|
| HOUSE OF REPRESENTATIVES,<br>    *Plaintiffs,*<br>v.<br><br>JOHN STEEN, in his official capacity as Secretary of State of Texas; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety,<br>    *Defendants.* | CIVIL ACTION NO.<br>2:13-CV-291 (NGR)<br>[Consolidated case] |
| BELINDA ORTIZ, LENARD TAYLOR, EULALIO MENDEZ JR., LIONEL ESTRADA; ESTELA GARCIA ESPINOSA, ROXANNE HERNANDEZ, LYDIA LARA, MARGARITO MARTINEZ LARA, MAXIMINA MARTINEZ LARA, AND *LA UNION DEL PUEBLO ENTERO, INC.*<br>    *Plaintiffs,*<br>v.<br><br>STATE OF TEXAS; JOHN STEEN, in his Official capacity as Texas Secretary of State; And STEVE McCRAW, in his official capacity As Director of the Texas Department of Public Safety,<br>    *Defendants.* | CIVIL ACTION NO.<br>2:13-CV-348 (NGR)<br>[Consolidated case] |

## DECLARATION OF JON HEINING

My name is Jon Heining, and I am over the age of 18 and competent in all respects to make this affidavit. I have personal knowledge and expertise of the matters herein stated.

1    I have been the general counsel to the Texas Legislative Council for five years. The Legislative Council employs professional, administrative, and technical staff to assist state legislators in drafting and analyzing proposed legislation. Council staff also provide computer support to the legislature and all of the other legislative agencies. As general counsel, I

2

assist in the procurement of council information technology systems and help to establish council policies relating to the access and maintenance of data on those systems. I am therefore familiar with some of the basic characteristics of the Texas Legislature and the capabilities of the council's information technology systems.

2   Senate Bill 14 was passed in 2011. DOJ seeks emails from the following legislators who were first elected in 2012 and did not serve in the legislature until 2013:

| | | | | | |
|---|---|---|---|---|---|
| 1 | Trent Ashby | 16 | Mary E. González | 31 | Toni Rose |
| 2 | Cecil Bell, Jr. | 17 | R.D. "Bobby" Guerra | 32 | Scott Sanford |
| 3 | Dr. Greg Bonnen | 18 | Kyle Kacal | 33 | Matt Schaefer |
| 4 | Dr. Donna Campbell | 19 | Ken King | 34 | Dr. J. D. Sheffield |
| 5 | Terry Canales | 20 | Stephanie Klick | 35 | Ron Simmons |
| 6 | Giovanni Capriglione | 21 | Matt Krause | 36 | Drew Springer, Jr. |
| 7 | Travis Clardy | 22 | Jeff Leach | 37 | Phil Stephenson |
| 8 | Nicole Collier | 23 | Oscar Longoria | 38 | Jonathan Stickland |
| 9 | Philip Cortez | 24 | Rick Miller | 39 | Ed Thompson |
| 10 | Tony Dale | 25 | Poncho Nevárez | 40 | Steve Toth |
| 11 | Pat Fallon | 26 | Chris Paddie | 41 | Scott Turner |
| 12 | Marsha Farney | 27 | Mary Ann Perez | 42 | Jason Villalba |
| 13 | James Frank | 28 | John Raney | 43 | Gene Wu |
| 14 | Sylvia Garcia | 29 | Bennett Ratliff | | |
| 15 | Craig Goldman | 30 | Justin Rodriguez | | |

3   Each legislator is an elected state officer. Each legislator is the custodian of the legislator's official records. The council does not possess, maintain, or control those records.

3

4       The email service provided by the council is not mandatory. Because each individual office is the custodian of its own records, legislators and staff may use the email system provided by the council; however, legislators and staff are also free to use a combination of public and private email or messaging systems in order to conduct the business of the state. A search of the council's email system would not produce emails that reside on non-council systems.

5       According to the document retention policies of each chamber, to the extent that these emails are required to be maintained at all, they are only required to be maintained while administratively valuable. Litigation for the first Voter ID case did not begin until January 2012. A search of the council's email systems would not result in the production of any deleted emails or emails that were sent to the Texas State Library and Archives Commission (TSLAC).

6       Several legislators have left office since the 2011 legislative session. Any pertinent records that were preserved before their departure are in the possession of the TSLAC. A search of the council's email systems would not result in the production of any emails sent to TSLAC.

7       A search of the Microsoft Exchange Server by the council as contemplated by DOJ would only produce documents that are in an Exchange mailbox. As I informed DOJ several months ago during a 26(f) conference call, email only persists on the Exchange server for a maximum of 33 days before it is permanently deleted. Since a large part of the time frame at issue is the 2011 legislative session and before, a search of the council's Exchange system is unlikely to produce evidence relevant to the instant case. Moreover, the council only employs three individuals who are qualified to conduct such searches. Fruitlessly searching legislative email accounts would be highly disruptive and would prevent these council employees from

doing their jobs for a significant period. Finally, Microsoft has informed the council that conducting a search in that manner is likely to produce "inconsistent search results depending on the version of Exchange used and the patch level deployed."

8    Conducting a search on the council's Microsoft Exchange Server requires the council to search all of the approximately 3,000 legislative email accounts and then identify responsive emails. DOJ is asking the council to search not just 250 individual email accounts, but the accounts of every legislator, every legislative staffer, and almost every legislative agency employee in Texas. This method of searching the legislature's email is unnecessarily invasive, in addition to being unlikely to produce evidence relevant to the case.

9    Because of the invasiveness of such a search to its clients, the council has never conducted a search of this kind using the Microsoft Exchange Server.

10   Legislators and staff are free to archive emails, if they so choose. Archiving saves emails indefinitely. The default setting for Microsoft Outlook is to archive emails in .pst files. The council does not possess the tools necessary to search .pst files in a programmatic fashion. In addition, because of the way Microsoft Exchange is constructed, only one user may access a .pst file at a particular time. Such a search would therefore require the cooperation and coordination of the 250 legislators and staff who are the object of the search. Searching the email archives of 250 individuals would be highly disruptive to both council personnel and council clients and prevent those council employees and council clients from doing their jobs for a significant period.

11   The council provides a default "Archive" .pst file to each user. The default .pst file is located on a network drive that resides in the council's computer system. The council can individually search .pst files on network drives residing in the council's computer system.

5

However, legislators and staff are free to create as many .pst files as they wish. The council has no way of knowing which .pst file contains pertinent information without searching each one. Such an indiscriminate search would be unnecessarily invasive and highly burdensome on legislators and staff, in addition to being time-consuming and disruptive to council personnel. Finally, as mentioned above, searching .pst files requires the cooperation and coordination of the individuals whose files are being searched.

12    Legislators and staff are free to save .pst files on any medium they wish. In addition to council network drives, .pst files can be saved on portable media, such as CDs and thumb drives, cloud drives, and computer desktops. If the .pst files are saved on any of these alternate media, the council has no way of knowing if they exist, and council personnel have limited or no access to these files. Only legislators and their staffs know whether email archives exist, and, if they exist, where those archives are maintained.

13    Microsoft Outlook allows users to save individual emails by selecting them and moving them to another location, such as a computer desktop. When this is done, the email is saved as an .msg file. In addition, a user may convert an email into a .pdf file. Just as with .pst files, emails saved with these methods can persist indefinitely and can reside on any medium. Just as with .pst files, the council has no way of searching for such emails programmatically, were council personnel to have access to the medium where the email resides. Just as with .pst files, searching such files requires the cooperation and coordination of the individuals whose files are being searched. Conducting such a search would be both invasive to our clients and highly disruptive and time-consuming to council personnel.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 24th Day of February, 2014.

*(signature)*
JON HEINING

*(signature)*

SANDRA ALLEN
Notary Public, State of Texas
My Commission Expires
February 08, 2017