IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES | § § § § § § § § § § § | |
|     *Plaintiff,* | | |
| v. | | Civil Action No. 2:13-cv-193 (lead) |
| | | (consolidated w/ 2:13-cv-263) |
| TEXAS, ET AL | | |
|     *Defendant(s).* | | |

# EXHIBT2

Declaration of Deborah Fulton

# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, JANE HAMILTON, SERGIO DELEON, FLOYD J. CARRIER, ANNA BURNS, MICHAEL MONTEZ, PENNY POPE, OSCAR ORTIZ, KOBY OZIAS, JOHN MELLOR-CRUMLEY, JANE DOE, JOHN DOE, LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), AND DALLAS COUNTY, TEXAS,<br>    *Plaintiffs,*<br>v.<br><br>RICK PERRY, Governor of Texas; and JOHN STEEN, Texas Secretary of State,<br>    *Defendants.* | CIVIL ACTION NO. 2:13-CV-193 (NGR)<br>[Lead case] |
| UNITED STATES OF AMERICA,<br>    *Plaintiff,*<br><br>TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, IMANI CLARK, AURICA WASHINGTON, CRYSTAL OWENS, AND MICHELLE BESSIAKE,<br>    *Plaintiff-Intervenors,*<br><br>TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, HIDALGO COUNTY, AND MARIA LONGORIA BENAVIDES,<br>    *Plaintiff-Intervenors,*<br>v.<br><br>STATE OF TEXAS, JOHN STEEN, in his official capacity as Texas Secretary of State; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety,<br>    *Defendants.* | CIVIL ACTION NO. 2:13-CV-263 (NGR)<br>[Consolidated case] |
| TEXAS STATE CONFERENCE OF NAACP BRANCHES; and the MEXICAN AMERICAN LEGISLATIVE CAUCUS OF THE TEXAS | |

| | |
|---|---|
| HOUSE OF REPRESENTATIVES,<br>    *Plaintiffs,*<br>v.<br><br>JOHN STEEN, in his official capacity as Secretary of State of Texas; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety,<br>    *Defendants.* | CIVIL ACTION NO.<br>2:13-CV-291 (NGR)<br>[Consolidated case] |
| BELINDA ORTIZ, LENARD TAYLOR, EULALIO MENDEZ JR., LIONEL ESTRADA; ESTELA GARCIA ESPINOSA, ROXANNE HERNANDEZ, LYDIA LARA, MARGARITO MARTINEZ LARA, MAXIMINA MARTINEZ LARA, AND *LA UNION DEL PUEBLO ENTERO, INC.*<br>    *Plaintiffs,*<br>v.<br><br>STATE OF TEXAS; JOHN STEEN, in his Official capacity as Texas Secretary of State; And STEVE McCRAW, in his official capacity As Director of the Texas Department of Public Safety,<br>    *Defendants.* | CIVIL ACTION NO.<br>2:13-CV-348 (NGR)<br>[Consolidated case] |

### **DECLARATION OF DEBORAH FULTON**

My name is Deborah Fulton and I am over the age of 18, of sound mind, and fully competent to make this declaration. I have never been convicted of a felony. I have personal knowledge of the facts stated in this declaration, and they are true and correct. I submit this declaration in support of State of Texas' brief regarding the applicability of certain privileges to communications between members of the Texas Legislature or other legislative offices and the Texas Legislative Council, and state the following.

2

1. The Texas Legislative Council is a nonpartisan legislative agency that provides bill drafting, computing, research, publishing, and document distribution services to the Texas Legislature and other legislative agencies. Under the guidance of a 14-member governing body and the leadership of the executive director, the council is organized into administrative functions and four divisions: document production, information systems, legal, and research.

2. I serve as the director of the legal division of the Texas Legislative Council, and I have served in this capacity since 2008. I have served as an attorney within the division since 1990. In my capacity as director of the legal division, I am responsible for management of the legal division and I provide legal counsel and legal services to legislative clients.

3. The Texas Legislative Council employs 50 attorneys, including me and two attorneys outside the legal division who serve, respectively, as general counsel and as assistant executive director. All council attorneys are required to be and in fact are licensed to practice law in Texas. They provide professional, nonpartisan legal services for all members of the Texas Legislature and the lieutenant governor as well as for legislative committees and support offices. The primary services provided by the attorneys of the legal division consist of drafting legislative and other legal documents, including bills, certain types of resolutions that have legal effect, floor and committee amendments and substitutes, bill drafts for conference committee reports, legal memoranda, and requests for attorney general opinions, and providing legal advice to legislators and their staffs. None of these functions is performed by council staff who are not licensed attorneys, other than support staff assisting the attorneys.

4. In addition to the Texas Legislative Council's legal division, designated staff within the research division prepare certain other legislative documents that are informational in nature and that are treated by the council as confidential and privileged. These documents are described in the privilege log for the council's documents as drafting files for an analysis, bill analysis, or side-by-side analysis of legislation. The drafts delivered by the council for these documents are intended to assist the requesting office in complying with certain requirements of the house or senate rules, but the council does not determine whether they are in fact used or made public. In addition, the research division provides confidential research to assist legislators in the performance of their legislative duties. These items are described on the privilege logs as research.

5. When a member of the legislature, or that member's staff, or another legislative office solicits legal services from a council attorney, the council attorney manifests consent to do these legal services by performing the service. The council attorney performs the requested services exclusively for the requesting member or office and does not share confidential communications from the member's office or other requesting office with other members or the public without the express consent of the member or other requesting office. Council attorneys consider each member of the legislature or other legislative office requesting legal services to be their client for purposes of providing those legal services.

3

6. Members of the legislature and other legislative offices consult council attorneys on various legal issues with the understanding that such communications will be protected by the attorney-client privilege, legislative privilege, and statutory privileges under state law, such as Texas Government Code §§ 323.017 and 323.018. Members of the Texas Legislature or their staff regularly request that council attorneys affirm that the communications from the members' offices will be maintained as confidential, and council attorneys regularly make that affirmation.

7. Each newly employed council attorney receives training on the attorney's obligation to maintain as confidential communications from the member's office or other requesting office with other members or the public without the express consent of the member or other requesting office before the attorney may access such communications.

8. Council attorneys do not offer legal advice for the purpose of furthering a crime or fraud.

9. Council attorneys provide legal services, including legal advice, to members of the Texas Legislature, members' staff, or other legislative offices. Council attorneys do not advise the requestor as to whether proposed legislation is or is not beneficial from a policy perspective or as to the political consequences of offering or not offering the legislation. Each newly employed council attorney receives specific training on the attorney's role as a nonpartisan legal advisor.

10. Confidentiality is critical for the council to be effective. When assisting an individual legislative office, the Texas Legislative Council is intended to operate, and in fact does so, as an extension of the staff of each legislator, committee, or other client.

11. The Texas Legislative Council is governed by a board exclusively made up of members of the legislature, including the lieutenant governor as presiding officer of the Texas Senate. See Tex. Gov't Code § 323.001. The Texas Legislative Council's sole function is to assist the legislature. See Tex. Gov't Code § 323.006.

12. I have reviewed the privilege logs for the council documents that plaintiffs have withheld on the basis of the attorney-client, legislative, and Texas statutory privileges. These documents, such as legislative drafting files, reflect communications between members of the legislature and other legislative clients and the Texas Legislative Council. These communications were intended to be confidential between the parties involved and were made for the purpose of giving or receiving legal advice or rendering other

4

legal or legislative services regarding Voter ID legislation. Council attorneys acted in their capacity as lawyers in sending, receiving, or creating those documents designated as subject to the attorney-client privilege. These documents relate to facts communicated by legislators or their staff to council attorneys for the purpose of obtaining bill-drafting services or an opinion of law. To my knowledge, none of the council documents marked as privileged involve communications made in the presence of strangers.

13. I understand that the council documents marked as privileged on the privilege log involve communications with legislators or other legislative clients who wish to assert their privileges. I am not aware of any circumstances indicating that the attorney-client privilege or legislative privilege has been waived with respect to these documents. In fact, the Texas Legislative Council has made every effort to discharge its statutory and other legal obligations to protect and preserve the applicable privileges with respect to these documents.

14. The Texas Legislative Council is not authorized to waive a privilege or statutory confidentiality claim attached to any communications with legislators or other legislative offices. The privilege or confidentiality claim lies with the legislator or other legislative client involved. As a result, a confidential or privileged communication between the Texas Legislative Council and a member of the legislature or the member's staff or another legislative client should not be disclosed or produced to another party without notifying the legislative office or legislative client to which the item applies that it may be necessary to disclose or produce the item, and either obtaining a waiver of the confidentiality claim or privilege or providing the legislative office or client a reasonable opportunity to object to its disclosure or production.

Pursuant to 28 U.S.C. § 1746, 1 declare under penalty of perjury that the foregoing is true and correct.

Executed on this 24th Day of February, 2014.

DEBORAH FULTON

SANDRA ALLEN
Notary Public, State of Texas
My Commission Expires
February 08, 2017

5