IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| *Plaintiffs* | § | |
| | § | |
| TEXAS ASSOCIATION OF HISPANIC | § | |
| COUNTY JUDGES AND COUNTY | § | |
| COMMISSIONERS, HIDALGO COUNTY | § | |
| and MARIA LONGORIA | § | |
| BENEVIDES, ET AL. | § | CIVIL ACTION NO. 2:13-cv-00193 |
| *Plaintiff-Intervenors*, | § | CONSOLIDATED 2:13-cv-00263 |
| | § | |
| V. | § | |
| | § | |
| RICK PERRY, Governor of Texas; and | § | |
| JOHN STEEN, Texas Secretary of State; | § | |
| STEVE McCRAW, in his official capacity | § | |
| as Director of the Texas Department of | § | |
| Public Safety, | § | |
| *Defendants* | § | |

<u>TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY
COMMISSIONERS, HIDALGO COUNTY ET AL'S RESPONSE TO DEFENDANTS'
MOTION TO DISMISS AMENDED COMPLAINT AND MOTION TO DISMISS
HIDALGO COUNTY FOR FAILURE TO STATE A CLAIM</u>

NOW COME TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, HIDALGO COUNTY, TEXAS, and file their Response to Defendants' Motion to Dismiss their Amended Complaint and incorporated motion to dismiss Hidalgo County for failure to state a claim, and in support of same would respectfully show:

1. The Texas Association of Hispanic County Judges and County Commissioners and Hidalgo County, et al, adopt the arguments made in Doc. # 90, 91 and 122 as the basis for this Court to deny Defendants' Motion to Dismiss (Doc. # 175).

2. Hidalgo County plainly has standing on the same basis as the other entities. It must expend money and resources to carry out SB 14's mandates. Am. Compl. Doc. #153 ¶ 10.

The County's money and resources are therefore being diverted from other uses of taxpayer money. Second, in its representative capacity, it represents many people who are severely burdened by SB 14, including many already-registered voters who do not have a photo ID listed in SB 14 and whose voter registration—provided by Hidalgo County—is now essentially irrelevant.

3. In addition, though, Hidalgo County has standing as a governmental body whose ability to comply with the law and carry out its statutory obligations is threatened by a state enactment. As alleged in the Amended Complaint, Hidalgo County and its officials are charged with statutory duties that include functions necessary to enable its citizens to exercise their fundamental right to vote. Hidalgo County officials take an oath to perform their duties faithfully in accordance with the Constitution and laws of Texas and the United States of America. Their ability to faithfully carry out that oath is threatened by SB 14, because SB 14 requires Hidalgo County and its officials to act in ways that threaten to deprive citizens of the United States of valuable rights. Thus, Hidalgo County is caught in a dilemma: obey the state law and putatively deprive its citizens of their rights, or violate the state law, with obvious attendant penalties and other consequences.

4. That was precisely the dilemma recognized by the Supreme Court of the United States in *Washington v. Seattle School Dist. No. 1*, 458 U.S. 457 (1982). There too, the public plaintiff was an entity created by, and with obligations under, state law. The public entity alleged it was powerless to carry out its obligations under state law, in compliance with its duty to obey the Constitution and the laws of the state and nation. It also alleged, as Hidalgo County does

here, that it faced potential challenges from its citizens,[1] who claim the entity would violate their rights if it enforced the unlawful act as it was charged to do under state law.

5. Ironically, the specific issue at the heart of the *Seattle* case is the same as here—a state law transferred powers between a locality and the state with the serious consequence, and purpose of, treading on citizens' rights. In *Seattle*, it was a state law limiting the local school district's power to combat racial discrimination. Here, it is a state law—SB 14—which takes the power to determine which voters are qualified to vote away from Hidalgo County and its election officials and transfers that power to a single state agency, the Department of Public Safety. That transfer, it is alleged, is the engine of denying the rights of people, including the citizens and voters of Hidalgo County. Likewise, the Supreme Court has recognized that being caught in a dilemma arising from conflicting legal obligations is a classic form of Article III injury that establishes standing:

> "The legal duties established by the statutory schemes under challenge are addressed directly to vendors such as appellant. She is obliged either to heed the statutory discrimination, thereby incurring a direct economic injury through the constriction of her buyers' market, or to disobey the statutory command and suffer . . . sanctions and perhaps loss of license. This Court has repeatedly recognized that such injuries establish the threshold requirements of a case or controversy mandated by Article III."
>
> *Craig v. Boren*, 429 U.S. 190, 194-94 (1976).

For the foregoing reasons, Hidalgo County plainly has standing to sue in this case.

Dated: February 27, 2014.

---

[1] In fact, Hidalgo County was sued in *Saldana et. al. v. Hidalgo County*, No. C-6392-13-I by Hidalgo County voters claiming their right to vote was being violated by SB14. This intervention is the result of the stipulated dismissal of the state action.

Respectfully Submitted,

LAW OFFICES OF ROLANDO L. RIOS
115 E. Travis, Suite 1645
San Antonio, Texas 78205
Ph:     (210) 222-2102
Fax:    (210) 222-2898
E-mail:*rrios@rolandorioslaw.com*

LAW OFFICE OF FERNANDO G. MANCIAS
4428 South McColl Road
Edinburg, Texas 78539
Telephone: (956) 686-0385
Telecopier: (956) 686-0707

Attorneys for the TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, MARIA LONGORIA BENEVIDES, ET. AL.

By:_____/S/_____
        Rolando L. Rios
        SBN 1693500
        Attorney in Charge

LAW OFFICES OF PRESTON HENRICHSON P.C.
222 West Cano
Edinburg, TX 78539
Fax 956/383-3585
Phone 956/383-3535
preston@henrichsonlaw.com

        */s/ Preston Henrichson*
By: _____
      Preston Henirichson
      Texas Bar No. 09477000
      Federal I.D. # 1922
      Attorney in charge for HIDALGO COUNTY

**CERTIFICATE OF SERVICE**

This is to certify that on this the 27th day of February, 2014, a true and correct copy of the above and foregoing was forwarded through the Electronic Case Filing System, to all counsel of record.

/s/ Preston Henrichson

_____
For the Firm

John B. Scott
john.scott@texasattorneygeneral.gov
John Reed Clay, Jr.
reed.clay@texasattorneygeneral.gov
Gregory David Whitley
david.whitley@texasattorneygeneral.gov
Jonathan F. Mitchell
jonathanmitchell@texasattorneygeneral.gov
Sean Flammer
sean.flammer@texasattorneygeneral.gov
Stephen Ronald Keiser
Ronny.keiser@texasattorneygeneral.gov
Office of Texas Attorney General

COUNSEL FOR DEFENDANTS

Jose Garza
jgarza@trla.org
Marinda van Dalen
mvandalen@trla.org
Robert W. Doggett
rdogett@trla.org
Peter McGraw
pmcgraw@trla.org

COUNSEL FOR ORTIZ PLAINTIFFS

Christina Swarms
csswarns@naacpldf.org
Ryan P. Haygood
rhaygood@naacpldf.org
Natasha M. Korgaonkar
nkorgaonkar@naacpldf.org
Leah C. Aden
laden@naacpldf.org
Deuel Ross
dross@naacpldf.org
NAACP Legal Defense & Educational Fund, Inc.

Danielle Conley
danielle.conley@wilmerhale.com
Jonathan Paikin
jonathan.paikin@wilmerhale.com
Kelly P. Dunbar
kelly.dunbar@wilmerhale.com
Sonya L. Lebsack
sonya.lebsack@wilmerhale.com
Gerald J. Sinzdak
gerald.sinsdak@wilmerhale.com
Lynn Eisenberg
lynn.eisenberg@wilmerhale.com
M. Hasan Ali
hasan.ali@wilmerhale.com
Richard F. Shordt
richard.shordt@wilmerhale.com

COUNSEL FOR TEXAS LEAGUE OF YOUNG VOTERS, PLAINTIFF-INTERVENORS

Ezra D. Rosenberg
ezra.rosenberg@dechert.com
Amy L. Rudd
amy.rudd@dechert.com
Dechert, LLP

Wendy Weiser
wendy.weiser@nyu.edu
Jennifer Clark
jenniferl.clark@nyu.edu
Myrna Perez
myrna.perez@nyu.edu
Vishal Agraharkar
vishal.agraharkar@nyu.edu
Brennan Center for Justice at NYU School of Law

Mark A. Posner
mposner@lawyerscommittee.org
Sonia Kaur Gill
sgill@lawyerscommittee.org
Erandi Zamora
ezamora@lawyerscommittee.org
Lawyers' Committee for Civil Rights

COUNSEL FOR TEXAS STATE CONFERENCE OF NAACP BRANCHES PLAINTIFFS

Elizabeth Westfall
elizabeth.westfall@usdoj.gov
Daniel J. Freeman
daniel.freeman@usdoj.gov
Jennifer L. Maranzano
jennifer.maranzano@usdoj.gov
John Albert Smith, III
john.a.smith@usdoj.gov
Meredith Bell-Platts
meredith.bell-platts@usdoj.gov

COUNSEL FOR CONSOLIDATED PLAINTIFF UNITED STATES OF AMERICA

Joseph M. Nixon
jnixon@bmpllp.com

COUNSEL FOR TRUE THE VOTE

Chad W. Dunn
chad@brazilanddunn.com
Kembel Scott Brazil
scott@brazilanddunn.com
Brazil & Dunn

J. Gerald Hebert
ghebert@campaignlegalcenter.org
Law Offices of J. Gerald Hebert

Neil G. Baron
neil@ngbaronlaw.com
Law Offices of Neil G. Baron

Armand Derfner
aderfner@dawlaw.com
Derfner, Altman & Wilborn

David Richards
daverichards4@juno.com
Richards, Rodriguez & Skeith, LLP

COUNSEL FOR VEASEY PLAINTIFFS

Craig M. Watkins
teresa.snelson@dallascounty.org
Dallas County District Attorney

COUNSEL FOR DALLAS COUNTY

Luis Roberto Vera, Jr.
lrvlaw@sbcglobal.net

COUNSEL FOR LULAC PLAINTIFFS