# Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **SHANNON PEREZ, ET AL,** | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civ. No. SA-11-CV-360-OLG-JES-XR |
| **RICK PERRY, ET AL.** | § § § | |
| *Defendants*. | § § § | |

**ORDER**

On this day came on to be considered Defendants' motion to modify Order regarding legislative privilege (docket no. 930).

**Background**

Defendants Governor Rick Perry, Texas Secretary of State John Steen,[1] and the State of Texas have filed a motion to modify the Court's August 1, 2011 Order. Although not identified for the Court, the depositions of certain state legislators and/or their staff are expected.

This Court's prior Order (docket no. 102) resolving Defendants' Motion for Protective Order based on legislative privilege with regard to depositions found that the assertion of the privilege was premature and that a blanket protective order to every person who may choose to assert the privilege during the discovery process was unwarranted. The Order recognized that the legislative privilege is limited and qualified, and that even if it is asserted, "it may be waived and/or the Court may find that it should not be enforced based on the information being sought and/or other circumstances that may not be readily apparent, such as whether the evidence is

---

[1] Mr. Steen has tendered his resignation and as of January 7, 2014, the new Texas Secretary of State is Nandita Berry.

1

available from other sources." Docket no. 102 at 5. Accordingly, the Court ordered that depositions should proceed, that deponents must appear and testify even it appeared likely that the privilege might be invoked in response to certain questions, that deponents could then invoke the privilege in response to particular questions, that the deponent must then answer the question, and that those portions of the deposition would be sealed and submitted for in camera review, along with a motion to compel, if the party taking the deposition wished to use the testimony in this case.

**Analysis**

The legislative privilege is a personal one and may be waived or asserted by each individual legislator. *See ACORN v. Cnty. of Nassau*, No. CV 05–2301(JFB)(WDW), 2007 WL 2815810, at *2 (E.D.N.Y. Sept. 25, 2007). A legislator cannot assert or waive the privilege on behalf of another legislator. *See A Helping Hand, LLC v. Baltimore Cnty., Md.*, 295 F. Supp. 2d 585, 590 (D. Md. 2003). Accordingly, neither the Governor, nor the Secretary of State or the State of Texas has standing to assert the legislative privilege on behalf of any legislator or staff member that may be deposed. Since no person entitled to assert any privilege has done so, the pending motion is denied as premature.

Given the Court's previous August 1, 2011 Order, it is nevertheless appropriate to provide the parties some guidance as to how to proceed with future depositions. Otherwise, counsel for the State of Texas may be placed in the situation where they may be accused of violating the previous Order.

The legislative privilege is governed by federal common law, as applied through Rule 501 of the Federal Rules of Evidence. *See Rodriguez v. Pataki*, 280 F. Supp. 2d 89, 93–94 (S.D.N.Y. 2003). The privilege must be "strictly construed and accepted 'only to the very

limited extent that permitting a refusal to testify or excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining the truth.'" *See id*. (*citing Trammel v. United States*, 445 U.S. 40, 50 (1980)).

As stated above, the legislative privilege is personal. Accordingly, counsel for the State of Texas may not invoke the privilege on behalf of the legislator, legislative aide, or staff member. Defendants argue that confidential communications are at the core of the privilege and seek to have the Court order that all communications about pending legislation are privileged. To the extent, however, that any legislator, legislative aide, or staff member had conversations or communications with any outsider (*e.g.* party representatives, non-legislators, or non-legislative staff), any privilege is waived as to the contents of those specific communications. *Comm. for a Fair & Balanced Map v. Ill. State Bd. of Elections*, No. 11-C-5065, 2011 WL 4837508 (N.D. Ill. 2011).

While the common-law legislative immunity for state legislators is absolute, *see Rodriguez*, 280 F. Supp. 2d at 95 (*citing Bogan v. Scott-Harris*, 523 U.S. 44, 46 (1998)), the legislative privilege for state lawmakers is, "at best, one which is qualified." *See Rodriguez*, 280 F. Supp. 2d at 100 (*citing In re Grand Jury*, 821 F.2d 946, 957 (3d Cir. 1987)). "Indeed, the proposition that a legislative privilege is not absolute, particularly where another compelling, competing interest is at stake, is not a novel one." *League of Women Voters of Fla. v. Fla. House of Representatives*, --- So.3d ----, 2013 WL 6570903 (Fla. Dec. 13, 2013) (*citing United States v. Gillock*, 445 U.S. 360, 373 (1980) (acknowledging "sensitivity to interference with the functioning of state legislators" but nevertheless concluding that "although principles of comity command careful consideration, . . . where important federal interests are at stake, as in the enforcement of federal criminal statutes, comity yields")).

3

To determine whether the legislative privilege precludes disclosure, a court must balance the interests of the party seeking the evidence against the interests of the individual claiming the privilege. *See* *ACORN I*, 2007 WL 2815810, at *2 (*citing Rodriguez*, 280 F. Supp. 2d at 96). The court in *Rodriguez* identified five factors to aid in this determination, including: (i) the relevance of the evidence sought to be protected; (ii) the availability of other evidence; (iii) the "seriousness" of the litigation and the issues involved; (iv) the role of the government in the litigation; and (v) the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable. 280 F. Supp. 2d at 101; s*ee also Comm. for a Fair & Balanced Map*, 2011 WL 4837508, at *7.

**Conclusion**

In sum, counsel for the State of Texas may not invoke the legislative privilege; each legislator, legislative aide, or staff member must assert or waive the privilege individually. Any individual asserting the privilege must, however, provide enough facts so that a court, if necessary, can determine whether the information sought falls within the scope of the privilege. To the extent that any individual asserting the privilege has had communications or correspondence with any outside party or entity, such communications or correspondence waives the privilege as to the content of those communications.

Any legislator, legislative aide, or staff member that asserts the privilege will be afforded the opportunity to comply with the protocol established by the August 1, 2011 Order. Under this scenario those portions of the deposition would be sealed and submitted for in camera review. Alternatively, the deponent may choose not to answer specific questions, citing the privilege. In that event, Plaintiffs may thereafter file a motion to compel and the Court will thereafter

4

5

determine whether the privilege has been waived or is outweighed by a compelling, competing interest.

SIGNED January 8th, 2014.

                                            __/s/_____
                                            JERRY E. SMITH
                                            UNITED STATES CIRCUIT JUDGE

                                            __/s/_____
                                            ORLANDO L. GARCIA
                                            UNITED STATES DISTRICT JUDGE

                                            __/s/_____
                                            XAVIER RODRIGUEZ
                                            UNITED STATES DISTRICT JUDGE