IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*,<br><br>     Plaintiffs,<br><br>   v.<br><br>RICK PERRY, *et al.*,<br><br>     Defendants. | Civil Action No. 2:13-cv-193 (NGR) |
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>TEXAS LEAGUE OF YOUNG VOTERS<br>EDUCATION FUND, *et al.*,<br><br>     Plaintiff-Intervenors,<br><br>TEXAS ASSOCIATION OF HISPANIC<br>COUNTY JUDGES AND COUNTY<br>COMMISSIONERS, *et al.*,<br><br>     Plaintiff-Intervenors,<br><br>   v.<br><br>STATE OF TEXAS, *et al.*,<br><br>     Defendants. | Civil Action No. 2:13-cv-263 (NGR) |

TEXAS STATE CONFERENCE OF NAACP
BRANCHES, *et al.*,

             Plaintiffs,

    v.

NANDITA BERRY, *et al.*,

             Defendants.

                                      Civil Action No. 2:13-cv-291 (NGR)

BELINDA ORTIZ, *et al.*,

             Plaintiffs,

    v.

STATE OF TEXAS, *et al.*,

             Defendants

                                      Civil Action No. 2:13-cv-348 (NGR)

## JOINT MOTION TO ENTER AMENDED SCHEDULING ORDER

      All plaintiffs and plaintiff-intervenors in the consolidated cases jointly move that the Court enter the accompanying amended scheduling order. The proposed amended scheduling order is designed to maintain the September 2, 2014, trial date, while affording the parties necessary adjustments to the fact and expert discovery periods. The proposed scheduling order also modifies the deadlines for the filing of proposed findings of fact and conclusions of law, dispositive and Daubert motions, and the parties' joint pretrial order. *See* Ex. 1.

      Adjustment of the current fact and expert discovery periods is essential to provide sufficient time to conduct comparisons of state databases and federal databases, to prepare expert analysis of those comparisons, to resolve the parties' disputes surrounding legislative privilege, and to permit discovery of legislative documents—if the United States' pending motion to

compel is granted—and depositions of legislators.  Plaintiffs and plaintiff-intervenors respectfully request that the Court consider this motion on an expedited basis.

<u>**Discovery Deadlines Should be Adjusted to Provide Sufficient Time<br>for Discovery Related to Data and Legislators**</u>

Under the current scheduling order, fact discovery closes on May 2, 2014, and plaintiffs' expert reports are due on May 9, 2014.  *See* Scheduling Order (ECF No. 86).  Under the proposed amended scheduling order, fact discovery would close on June 27, 2014, and plaintiffs' expert disclosures would be due on that same date.

Plaintiffs and plaintiff-intervenors seek modified fact discovery and expert discovery deadlines to ensure that the federal agencies will have sufficient time to conduct comparisons of state and federal databases and for the parties' experts to analyze those comparisons.  Based on currently available information, the United States estimates that all federal agencies will be able to complete the database comparisons, along with necessary data preparation and programming, and that the United States will be able to provide the comparison results to all parties by May 30, 2014.  The comparison results provided to all parties will consist of billions of records.  Based on the volume and complexity of this data, plaintiffs and plaintiffs-intervenors request that their expert reports be due on June 27, 2014, four weeks after the results are disclosed to all parties.

Since the hearing held on March 5, 2014, all parties have agreed to a matching protocol under which the federal agencies will conduct comparisons.  The comparisons involve multiple matching sweeps through many millions of records that the federal agencies maintain, using different combinations of record identifiers.  Before executing any comparison of Texas's voter registration records and the federal agencies' database records, the five federal agencies must complete several predicate steps, which are already underway.  The relevant data must be

exported from each federal agency's database, and certain data standardization and combination steps must be undertaken.  These tasks require agency staff to design unique programming code that will communicate with the agency's existing database software, and execute the data preparation steps and record comparisons proposed by the parties to this litigation.

A second critical adjustment that the plaintiffs and plaintiff-intervenors request is that the scheduling order be modified to set June 27, 2014, as the deadline for fact discovery.  This adjustment is necessary to allow sufficient time for the Court to rule on the United States' pending motion to compel, resolve the parties' disputes related to legislative and attorney-client privileges and, if permitted by the Court, for legislative documents to be produced and reviewed and for depositions of legislators to be taken.  All parties have been diligent in propounding and responding to written discovery requests,[1] and all parties, particularly the United States, have expended considerable resources in facilitating a mutually agreed upon process for jointly conducting data discovery.  Delays in discovery nevertheless have occurred and, due to the substantial discovery that remains to be taken, an extension of the fact discovery deadline is warranted.

In particular, we note that a significant amount of the factual discovery related to whether the State enacted SB 14, even in part, for discriminatory purposes, is dependent on the resolution of the defendants' broad assertion of a legislative privilege, as well as defendants' recent claim that certain legislative documents must obtained through subpoenas and not through party discovery.  This will affect not just the manner in which relevant documents will be produced,

---

[1]  To date, the parties have propounded and have responded, at least in part, to numerous requests for production of documents, one set of interrogatories, and one set of requests for admission.  Plaintiffs and plaintiff-intervenors have also noticed depositions under Federal Rule of Civil Procedure 30(b)(6)

but just as importantly, the number and length of the depositions that the parties will take of legislators.  A status conference on this issue is scheduled for March 24, less than six weeks before the current close of fact discovery on May 2, 2014.  A ruling that requires the discovery to be conducted by subpoena and limits the scope of legislative privilege, and plaintiffs' subsequent efforts to obtain legislative documents and depositions of legislators, will produce prolonged motion practice in this Court and will likely also involve the State's three other federal judicial districts.

### Deadlines Following the Close of Fact Discovery Should be Compressed to Accommodate the September 2 Trial Date

Plaintiffs and plaintiff-intervenors also request that all deadlines following the close of fact discovery and disclosure of plaintiffs' expert reports on June 27, 2014, be adjusted to ensure that trial will commence on September 2, 2014.  The proposed modified schedule compresses the expert discovery period and eliminates reply briefs for dispositive and Daubert motions for all parties.  Plaintiffs and plaintiff-intervenors acknowledge that these adjustments, if ordered, will impose burdens on all parties and the Court alike.

Under the current schedule, plaintiffs' expert reports are due on May 9, 2014, defendants' expert reports are due on June 6, 2014, and plaintiffs' expert reply reports are due on June 30, 2014.  The proposed modified schedule changes those deadlines to June 27, 2014, July 18, 2014, and July 28, 2014, respectively.  Plaintiffs are prepared to bear the greater share of the burdens this compression will cause.  For example, while the modified schedule allows defendants three, instead of four, weeks to respond to plaintiffs' expert reports, the period for plaintiffs' reply will be cut in half from 24 days to 10 days.  In addition, the schedule affords defendants seven weeks, following disclosure of the output of database comparisons to all parties by May 30, 2014, in

which to analyze the data and prepare their expert reports, whereas it provides plaintiffs and plaintiff-intervenors with only four weeks after disclosure of the output of the database comparisons to prepare their expert reports.

Finally, the proposed order maintains deadlines for the briefing of dispositive and Daubert motions but eliminates reply briefs for those motions. Although defendants have informally expressed their concerns to the United States about this modification, this Court's Local Rules do not provide for reply briefs, *see* S.D. Tex. Civ. R. 7, nor does this Court's standard Proposed Scheduling Order provide for reply briefs for dispositive or Daubert motions. *See, e.g.*, Order for Conference & Disclosure of Interested Parties at 7 (ECF No. 2).[2]

## <u>Conclusion</u>

For the reasons set out above, plaintiffs and plaintiff-intervenors respectfully request that this Court enter the attached proposed amended scheduling order.

---

[2] The proposed scheduling order also suggests that if the Court's calendar permits, the final pretrial conference be held on August 27, 2014.

Date: March 13, 2014

Respectfully submitted,


**For the United States of America**:

KENNETH MAGIDSON                    JOCELYN SAMUELS
United States Attorney              Acting Assistant Attorney General
Southern District of Texas          Civil Rights Division

JOHN A. SMITH III                   */s/ Elizabeth S. Westfall_____*
Assistant United States Attorney    T. CHRISTIAN HERREN, JR.
800 N. Shoreline, Suite 500         MEREDITH BELL-PLATTS
Corpus Christi, Texas 78401         ELIZABETH S. WESTFALL
(361) 903-7926                      BRUCE I. GEAR
                                    JENNIFER L. MARANZANO
                                    ANNA M. BALDWIN
                                    DANIEL J. FREEMAN
                                    Attorneys, Voting Section
                                    Civil Rights Division
                                    U.S. Department of Justice
                                    Room 7254 NWB
                                    950 Pennsylvania Avenue, N.W.
                                    Washington, D.C. 20530

**For the Veasey Plaintiffs:**

*/s/ Chad W. Dunn*

Chad W. Dunn
Kembel Scott Brazil
Brazil & Dunn
chad@bradzilanddunn.com
scott@bazilanddunn.com

Neil G. Baron
Law Offices of Neil G. Baron
neil@ngbaronlaw.com

David Richards
Richards, Rodriguez & Skeith, LLP
daverichards4@juno.com

J. Gerald Hebert
Law Offices of J. Gerald Hebert
ghebert@campaignlegalcenter.com

Armand Derfner
Derfner, Altman, & Wilborn
aderfner@dawlaw.com

Luiz Roberto Vera, Jr.
lrvlaw@sbcglobal.net

Teresa G. Snelson
Dallas County District Attorney's Office
Teresa.snelson@dallascounty.org

**For the Texas League of Young Voters Plaintiff-Intervenors:**

*/s/ Ryan P. Haygood*

Christina Swarns
Ryan P. Haygood
Natasha M. Korgaonkar
Leah C. Aden
NAACP Legal Defense and Educational
    Fund, Inc.
cswarns@naacpldf.org
rhaygood@naacpldf.org
nkorgaonkar@naacpldf.org
laden@naacpldf.org

Danielle Conley
Jonathan Paikin
Kelly P. Dunbar
Sonya L. Lebsack
Gerald J. Sinzdak
Lynn Eisenberg
M. Hasan Ali
Richard F. Shordt
WilmerHale LLP
danielle.conley@wilmerhale.com
jonathan.paikin@wilmerhale.com
kelly.dunbar@wilmerhale.com
sonya.lebsack@wilmerhale.com
Gerard.sinzdak@wilmerhale.com
Lynn.eisenberg@wilmerhale.com
hasan.ali@wilmerhale.com
richard.shordt@wilmerhale.com

**For the Texas State Conference of NAACP Branches Plaintiffs**

*s/ Ezra Rosenberg*
Ezra D. Rosenberg
Steven B. Weisburd
Amy L. Rudd
Michelle H. Yeary
Lindsey B. Stelcen
Dechert LLP
ezra.rosenberg@dechert.com
steven.weisburd@dechert.com
amy.rudd@dechert.com
michelle.yeary@dechert.com
lindsey.stelcen@dechert.com

Wendy Weiser
Myrna Pérez
Vishal Agraharkar
Jennifer Clark
The Brennan Center for Justice at NYU Law
    School
wendy.weiser@nyu.edu
myrna.perez@nyu.edu
vishal.agraharkar@nyu.edu
jennifer.clark@nyu.edu

Robert A. Kengle
Mark A. Posner
Sonia Kaur Gill
Erandi Zamora
Lawyers' Committee for Civil Rights Under
    Law
rkengle@lawyerscommittee.org
mposner@lawyerscommittee.org
sgill@lawyerscommittee.org
ezamora@lawyerscommittee.org

Clay Bonilla
Daniel G. Covich
The Law Offices of William Bonilla, P.C.
claybonilla@hotmail.com
daniel@bonillalaw.com

Gary Bledsoe
PotterBledsoe, L.L.P.
garybledsoe@sbcglobal.net

Robert Notzon
The Law Office of Robert Notzon
robert@notzonLaw.com

Jose Garza
Law Office of Jose Garza
garzapalm@aol.com

Kim Keenan
Marshall Taylor
Victor Goode
NAACP
kkeenan@naacpnet.org
mtaylor@naaacpnet.org
vgoode@naacpnet.org

**For the Texas Association of Hispanic County Judges and County Commissioners Plaintiff-Intervenors:**

*/s/ Rolando L. Rios*
Rolando L. Rios
Law Offices of Rolando L. Rios
rrios@rolandorioslaw.com

**For the Ortiz Plaintiffs:**

*Jose Garza*
Jose Garza
Marinda van Dalen
Robert W. Doggett
Peter McGraw
Texas Rio Grande Legal Aid, Inc.
jgarza@trla.org
mvandalen@trla.org
rdoggett@trla.org
pmcgraw@trla.org

## <u>CERTIFICATE OF CONFERRAL</u>

Pursuant to Local Rule 7.1(D)(1), I hereby aver that on March 13, 2014, I conferred with counsel for defendants in an effort to obtain the requested discovery without court intervention. Counsel cannot agree about the disposition of the instant motion.

<u>*/s/ Elizabeth S. Westfall*</u>
Elizabeth S. Westfall
Voting Section
Civil Rights Division
U.S. Department of Justice
elizabeth.westfall@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2014, I served a true and correct copy of the foregoing via the Court's ECF system on the following counsel of record:

John B. Scott
John Reed Clay, Jr.
Gregory David Whitley
Sean Flammer
Stephen Ronald Keister
Office of the Texas Attorney General
john.scott@texasattorneygeneral.gov
reed.clay@texasattorneygeneral.gov
david.whitley@texasattorneygeneral.gov
sean.flammer@texasattorneygeneral.gov
ronny.keister@texasattorneygeneral.gov

*Counsel for Defendants*

*/s/ Elizabeth S. Westfall*
Elizabeth S. Westfall
Voting Section
Civil Rights Division
Department of Justice
Room 7123 NWB
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
elizabeth.westfall@usdoj.gov