IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

MARC VEASEY, *et al.*,

          Plaintiffs,

    v.

RICK PERRY, *et al.*,

          Defendants.

Civil Action No. 2:13-cv-193 (NGR)

UNITED STATES OF AMERICA,

          Plaintiff,

TEXAS LEAGUE OF YOUNG VOTERS
EDUCATION FUND, *et al.*,

          Plaintiff-Intervenors,

TEXAS ASSOCIATION OF HISPANIC
COUNTY JUDGES AND COUNTY
COMMISSIONERS, *et al.*,

          Plaintiff-Intervenors,

    v.

STATE OF TEXAS, *et al.*,

          Defendants.

Civil Action No. 2:13-cv-263 (NGR)

1

TEXAS STATE CONFERENCE OF NAACP
BRANCHES, *et al.*,

               Plaintiffs,

      v.

NANDITA BERRY, *et al.*,

               Defendants.

Civil Action No. 2:13-cv-291 (NGR)

BELINDA ORTIZ, *et al.*,

               Plaintiffs,

      v.

STATE OF TEXAS, *et al.*,

               Defendants

Civil Action No. 2:13-cv-348 (NGR)

## JOINT ADDITIONAL SUPPLEMENTAL BRIEF BY ALL PRIVATE PLAINTIFFS AND PLAINTIFF-INTERVENORS IN SUPPORT OF UNITED STATES' MOTION TO COMPEL THE PRODUCTION OF LEGISLATIVE DOCUMENTS

This additional supplemental brief is submitted jointly by all private Plaintiffs and Plaintiff-Intervenors in this consolidated litigation in support of the United States' motion to compel the production of legislative documents (Doc. 162).   This brief addresses the threshold question of whether the United States properly has sought the production of certain legislative documents from Texas pursuant to Rule 34 of the Federal Rules of Civil Procedure.

For the following reasons, production is properly sought under Rule 34, and this Court, accordingly, should reject Texas' assertion that the documents only may be sought through the issuance of non-party subpoenas under Rule 45.  Therefore, this Court should proceed with ruling on the two privilege claims (legislative privilege and attorney-client privilege) made by

Texas, and should reject these contentions on the merits for the reasons set forth in the briefs previously submitted by the private Plaintiffs and Plaintiff-Intervenors (Doc. 182), and the United States (Docs. 162 and 189).

1.      As a preliminary matter, while some Texas legislators have decided to waive legislative privilege and/or attorney-client privilege, and some others may do so, this does not meaningfully narrow the current dispute.  The sponsors of SB 14, and other members of the Legislature who played key roles in SB 14's adoption, all have asserted the two privileges, and it is the legislative documents that involve these legislators that are at the heart of the current discovery dispute.  Among the legislative documents at issue, it is the documents involving the sponsors and the key legislative players that are most likely to be probative of the Legislature's purpose in enacting SB 14.  *See*, *e.g.*, *Florida v. United States*, 885 F. Supp. 2d 299, 354 (D.D.C. 2012); *Busbee v. Smith*, 549 F. Supp. 494, 500-02, 508, 516-18 (D.D.C. 1982), *aff'd mem.*, 459 U.S. 1166 (1983).  Accordingly, there clearly is a live, ripe dispute with respect to the production of important legislative documents.

2.      Rule 34 provides that the United States may request from Texas any and all documents "within the scope of Rule 26(b)" so long as the documents are in Texas' "possession, custody, or control."  *See generally* Charles Alan Wright & Arthur R. Miller, et al., Federal Practice & Procedure § 2210 (3rd ed.).  Thus, putting aside Texas' mistaken claim that these documents are not relevant (and therefore, allegedly, not "within the scope of Rule 26(b)"), this Court clearly may rule on the privilege issues, and compel production, provided that Texas has in its "possession, custody, or control" documents requested by the United States.

Contrary to Texas' argument, the Rule 34 "possession, custody, or control" determination does not turn on – and is unrelated to – the issue of whether the qualified legislative privilege

(however defined) belongs to individual legislators.  There is no exception in Rule 34 for documents that are within a party's "possession, custody, or control" and that, in addition, may be the subject of a privilege claim by a non-party.  *See In re Bankers Trust* Co., 61 F.3d 465, 469 (6th Cir. 1995) ("parties in possession of documents forwarded to them by a [non-party] have 'possession, custody or control' within the meaning of Rule 34, notwithstanding the fact that the [non-party] . . . retains ownership and restricts disclosure"); *id.* at 471-72 (ruling by the Sixth Circuit, under Rule 34, regarding the qualified privilege asserted on behalf of the non-party owner of the requested documents).

Instead, if individual legislators are the ones who possess a qualified privilege, that only goes to the question whether legislators asserting privilege should be allowed an opportunity to be heard on the pending motion to compel.  But these legislators – or at least a substantial number of them – already have been heard on the motion.  As the Texas Attorney General's Office has advised this Court, that office represents at least 77 of the legislators who claim privilege, including the sponsors of SB 14 and other key legislators involved in SB 14's enactment.  Moreover, at the Court's direction, the Attorney General's Office sent a follow-up letter to other legislators regarding the privilege issue on March 7, 2014, and any additional legislators who respond by claiming privilege also may request that the Attorney General's Office represent them in defending the motion to compel.[1]

For these reasons, the Court need not decide whether the qualified legislative privilege is held by individual legislators and/or by the State of Texas in ruling on the motion to compel.

---

[1] The Court may require Texas to provide a final list of the legislators it represents after the March 21 deadline passes for legislators to respond to the March 7 letter.  If any legislators respond by indicating that they want to assert a privilege but do not want to be represented by the Attorney General's Office – and if this Court rejects the privilege claims made by the legislators who are represented by that Office – the parties, with the Court's assistance, may then develop a procedure for addressing the privilege claims of these remaining legislators.

4

3.      Texas has in its "possession, custody, or control" legislative documents sought by the United States.

a.      At the outset, Texas has conceded that at least a portion of the documents at issue satisfy the Rule 34 requirement.  In its Rule 26 Initial Disclosures (Doc. 162-2), the State acknowledged that "[t]he State of Texas has in its possession but did not produce documents believed to be privileged and identified in privilege logs."

b.      Moreover, it is clear that at least a portion of the documents are in the "possession, custody, or control" of the State of Texas because they are in the "possession, custody, or control" of the Texas Legislature.  These documents include emails transmitted through the email server run by the Texas Legislature, documents produced or received by the Texas Legislative Council (an arm of the Legislature), documents produced or received by legislative committees and committee staff, and documents produced or received by staff members who worked for the Legislature and not an individual legislator.

For the purposes of this litigation, there is no question but that the State of Texas (a named Defendant) includes the Texas Legislature.  The Texas Constitution provides that: "The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are Legislative to one; those which are Executive to another, and those which are Judicial to another."  Texas Const., Art. 2, § 1.  This lawsuit is about the exercise of "[t]he powers of the Government of the State of Texas" by two of those departments, the Legislative and Executive.  Thus, suing "Texas" regarding the enactment and implementation of SB 14 necessarily means that the Texas Legislature is a party.

Texas claims, implausibly, that the Texas Legislature merely has a third-party relationship with this litigation.  But the caselaw cited by the State discussed the substantive question whether individual state legislators were properly asserting legislative privilege, and did address the question whether a "State" includes its state legislature when the State is sued regarding legislation enacted by that legislature.  Defendants' Response to Private Plaintiffs' and Plaintiff-Intervenors' Supplemental Brief, at 2-3 (citing *Alabama Educ. Ass'n v. Bentley*, 2013 WL 124306, at *12 (N.D. Ala. Jan. 3, 2013), and *Florida v. United States*, 886 F. Supp. 2d 1301 (N.D. Fla. 2012)).

    c.    It is of no consequence that some documents at issue may have been turned over by the Legislature to the Texas Attorney General's Office.  Plainly, a party may not turn over documents to its attorney and then claim that Rule 34 does not apply for that reason.

    d.    In addition, a separate and independent reason for relying upon Rule 34 is that the Texas Attorney General's Office has "possession, custody, or control" over the documents at issue.  The Attorney General's Office is part of the State's Executive department, Texas Const., Art. 4, § 1 ("The Executive Department of the State shall consist of … an[] Attorney General"), and thus, for purposes of discovery, that Office may be treated as a party to this litigation.

    4.    Finally, there is no indication that the Court needs to engage in an in-camera review of individual documents as part of ruling on the motion to compel.  The privilege arguments made by Texas in its briefs and at the March 5 hearing do not raise any issues unique to particular legislators or particular documents.  Instead, Texas has presented the same arguments on behalf of all legislators it represents as to all documents at issue.  That said, as Plaintiffs and Plaintiff-Intervenors have previously suggested (Doc. 182, at 12-14), the

documents that are produced may be designated "Highly Confidential" under the Protective

Order entered in this case (Doc. 105), and any separate issues that might arise as to individual

documents may addressed at trial if and when the documents are offered into evidence.

For these reasons, the United States has properly sought legislative documents from

Texas under Rule 34, and this Court should proceed to rule on the pending motion to compel.

That ruling, by resolving – at least to some substantial degree – the outstanding questions of

legislative privilege and attorney-client privilege, will pave the way for the parties to proceed

with discovery, both with regard to the production of documents and also with regard to the

taking of depositions.  Even if there are some legislative documents that are only obtainable by

subpoena under Rule 45, the guidance provided by this Court in ruling on the motion to compel

would significantly narrow, if not essentially resolve, any privilege issues that might arise in a

motion to enforce or quash those subpoenas.

In short, the practical way to get the privilege issues resolved and to move this litigation

forward is for this Court to take a step-by-step approach.  The first step is ruling on the privilege

issues asserted by Texas as to those documents that are in the State's "possession, custody, or

control" and which involve the legislators represented by the Texas Attorney General's Office.


Respectfully submitted,

s/ Ezra Rosenberg
Ezra D. Rosenberg
Michelle Hart Yeary
Dechert LLP
902 Carnegie Center, Suite 500
Princeton, New Jersey 08540-6531
ezra.rosenberg@dechert.com

Steven B. Weisburd
Amy L. Rudd
Lindsey Cohan
Dechert LLP
500 W. 6th Street, Suite 2010
Austin, Texas 78701
lindsey.cohan@dechert.com

Robert A. Kengle
Mark A. Posner
Sonia Kaur Gill
Erandi Zamora
Lawyers' Committee for Civil Rights Under Law
1401 New York Avenue, N.W., Suite 400
Washington, D.C. 20005
mposner@lawyerscommittee.org

Wendy Weiser
Myrna Pérez
Vishal Agraharkar
Jennifer Clark
The Brennan Center for Justice at NYU Law School
161 Avenue of the Americas, Floor 12
New York, New York 10013-1205
wendy.weiser@nyu.edu
myrna.perez@nyu.edu
vishal.agraharkar@nyu.edu
jenniferl.clark@nyu.edu

Clay Bonilla
Daniel G. Covich
The Law Offices of William Bonilla, P.C.
2727 Morgan Ave.
Corpus Christi, Texas 78405
claybonilla@hotmail.com
Daniel@bonillalaw.com

Gary Bledsoe
PotterBledsoe, L.L.P.
316 West 12th Street, Suite 307
Austin, Texas 78701
garybledsoe@sbcglobal.net

Robert Notzon
The Law Office of Robert Notzon
1502 West Avenue
Austin, Texas 78701
Robert@NotzonLaw.com

Jose Garza
Law Office of Jose Garza
7414 Robin Rest Drive
San Antonio, Texas 98209
garzapalm@aol.com

Kim Keenan
Marshall Taylor
Victor Goode
NAACP
4805 Mt. Hope Drive
Baltimore, Maryland 21215
Telephone: (410) 580-5120
kkeenan@naacpnet.org
mtaylor@naaacpnet.org
vgoode@naacpnet.org

*Counsel for Plaintiffs Texas State Conference of NAACP Branches, Mexican American
Legislative Caucus of the Texas House of Representatives*

Christina A. Swarn
Ryan P. Haygood
Natasha M. Korgaonkar
Leah C. Aden
Deuel Ross
NAACP Legal Defense and Educational Fund, Inc.
40 Rector St, 5th Floor
New York, NY 10006
212-965-2200
cswarns@naacpldf.org
rhaygood@naacpldf.org
nkorgaonkar@naacpldf.org
laden@naacpldf.org
dross@naacpldf.org

Danielle Conley
Jonathan Paikin
Kelly P. Dunbar
Sonya L. Lebsack
Gerard J. Sinzdak
Lynn Eisenberg
M. Hasan Ali
Richard F. Shordt
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
202-663-6006
danielle.conley@wilmerhale.com
jonathan.paikin@wilmerhale.com
kelly.dunbar@wilmerhale.com
sonya.lebsack@wilmerhale.com

*Counsel for Plaintiff-Intervenors Texas League of Young Voters Education Fund et al.*


Jose Garza
Law Office of Jose Garza
7414 Robin Rest Dr.
San Antonio, TX 78209
210-392-2856
garzpalm@aol.com

Marinda van Dalen
Texas RioGrande Legal Aid, Inc.
531 East St. Francis St.
Brownsville, Texas 78529-5354
956-982-5540

Robert W. Doggett
Texas Rio Grande Legal Aid Inc
4920 North IH 35
Austin, TX 78751
512-374-2725
512-447-3940 (fax)
rdoggett@trla.org
mvandalen@trla.org

*Counsel for Plaintiff-Intervenors Estela Garcia Espinosa, Lionel Estrada, Roxsanne Hernandez, La Union Del Pueblo Entero, Inc. Lydia Lara, Margarito Martinez Lara, Maximina Martinez Lara, Eulalio Mendez, Jr., Belinda Ortiz, Lenard Taylor*

Rolando L Rios
Attorney at Law
115 E Travis, Ste 1645
San Antonio, TX 78205
(210-222-2102)
rrios@rolandorioslaw.com

*Counsel for Plaintiff-Intervenor Texas Association of Hispanic County Judges and County Commissioners*

Preston Edward Henrichson
Attorney at Law
222 W Cano
Edinburg, TX 78539
956-383-3535
956-383-3585 (fax)
preston@henrichsonlaw.com

Rolando L Rios
Attorney at Law
115 E Travis
Ste 1645
San Antonio, TX 78205
210-222-2102
210-222-2898 (fax)
rrios@rolandorioslaw.com

*Counsel for Plaintiff-Intervenor Hidalgo County*

Chad W. Dunn
Attorney-in-charge
K. Scott Brazil
Brazil & Dunn
4201 Cypress Creek Parkway, Suite 530
Houston, Texas  77068
Telephone:  (281) 580-6310
Facsimile:   (281) 580-6362
chad@brazilanddunn.com
scott@brazilanddunn.com

J. Gerald Hebert
Campaign Legal Center
215 E Street, NE
Washington, DC 20002
(202) 736-2200 ext. 12
(202) 736-2222 (fax)
GHebert@campaignlegalcenter.org

Neil G. Baron
Law Office of Neil G. Baron
914 FM 517 W, Suite 242
Dickinson, Texas 77539
(281) 534-2748
(281) 534-4309 (fax)
neil@ngbaronlaw.com

David Richards
Richards, Rodriguez & Skeith, LLP
816 Congress Avenue, Suite 1200
Austin, Texas 78701
(512) 476-0005
(512) 476-1513 (fax)
daverichards4@juno.com

Armand G. Derfner
Derfner, Altman & Wilborn, LLC
575 King Street
Suite B
Charleston, S.C. 29403
Telephone (843) 723-9804
aderfner@dawlegal.com

*Attorneys for Plaintiffs Marc Veasey, Floyd James Carrier, Anna Burns, Michael Montez, Penny Pope, Jane Hamilton, Sergio DeLeon, Oscar Ortiz, Koby Ozias, John Mellor-Crummey, Jane Doe, James Doe, League of United Latin American Citizens ("LULAC") and Dallas County, Texas*

Luis Roberto Vera, Jr.
LULAC National General Counsel
The Law Offices of Luis Vera Jr., and Associates
1325 Riverview Towers, 111 Soledad
San Antonio, Texas 78205-2260
(210) 225-3300
(210) 225-2060 (fax)
lrvlaw@sbcglobal.net

*Attorney for LULAC*

Craig M. Watkins
Dallas County District Attorney
Teresa G. Snelson
Chief, Civil Division
Dallas County District Attorney's Office
411 Elm Street, 5th Floor
Dallas, TX 75202-4606
(214) 653-7358
(214) 653-6134 (fax)
Teresa.Snelson@dallascounty.org

*Attorneys for Dallas County, Texas*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 13, 2014, I served a true and correct copy of the foregoing via the Court's ECF system on all counsel of record.


<u>/s Lindsey Cohan</u>
Lindsey Cohan