IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> RICK PERRY, *et al.*, <br><br> Defendants. | Civil Action No. 2:13-cv-193 (NGR) |
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, *et al.*, <br><br> Plaintiff-Intervenors, <br><br> TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, *et al.*, <br><br> Plaintiff-Intervenors, <br><br> v. <br><br> STATE OF TEXAS, *et al.*, <br><br> Defendants. | Civil Action No. 2:13-cv-263 (NGR) |

| | |
|---|---|
| TEXAS STATE CONFERENCE OF NAACP BRANCHES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> NANDITA BERRY, *et al.*, <br><br> Defendants. | Civil Action No. 2:13-cv-291 (NGR) |
| BELINDA ORTIZ, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF TEXAS, *et al.*, <br><br> Defendants | Civil Action No. 2:13-cv-348 (NGR) |

### SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THE UNITED STATES' MOTION TO COMPEL PRODUCTION OF LEGISLATIVE DOCUMENTS

The United States has sought to compel the production of relevant documents that are potentially highly probative of its claim that the State of Texas, acting through its legislature, violated Section 2 of the Voting Rights Act, 42 U.S.C. § 1973, by enacting Senate Bill 14 (2011) (SB 14) with the purpose, at least in part, to deny minority voters an equal opportunity to participate in the political process. Mot. to Compel (ECF No. 162); U.S. Reply Br. (ECF No. 189). Because the State of Texas, a defendant in this action, has possession, custody, or control of these documents, they are subject to production under Federal Rules of Civil Procedure 26 and 34, without the need for third-party subpoenas.

1

Three categories of legislative documents are relevant to this case:

1. Documents in the possession of the State of Texas that are identified in Defendants' initial disclosures as having been gathered and withheld in *Texas v. Holder* on the basis of legislative privilege;
2. Documents in the possession of state agencies, such as the Texas Legislative Council (TLC) and the Texas State Library and Archives Commission (TSLAC); and
3. Documents in the possession of individual legislators and the lieutenant governor.[1]

Only documents in Categories 1 and 2 are at issue in the instant motion to compel.[2] *See* Proposed Order (ECF No. 162-1). Subpoenas are not necessary for documents in either category, which must be produced through party discovery. The State of Texas admitted in its initial disclosures that it already has possession of the Category 1 documents. Moreover, no subpoenas are required for the Category 1 documents because the Office of the Texas Attorney General and the Texas Legislature must be viewed as components of the State of Texas for purposes of discovery in this case. The State also has possession of Category 2 documents because they are held by state agencies and must be produced under Rule 34.

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not require that a subpoena be served on a party. Rather, a party must provide, without awaiting a discovery request, "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things

---

[1] The Defendants have claimed that the Lieutenant Governor, although a member of the Executive Department, maintains a state legislative privilege. *See, e.g.*, Supp. Priv. Log at 252 (ECF No. 162-4). All specifically identified documents from the Office of the Lieutenant Governor that Defendants have previously logged as being withheld based on legislative privilege are included in Category 1.

[2] While the United States does not concede that subpoenas are required for Category 3 documents, it will soon begin issuing subpoenas to select legislators requesting documents in those legislators' possession, custody, or control so as to avoid further delays in discovery of legislative documents should this Court conclude that such subpoenas are necessary.

that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(ii).  Moreover, a "party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample" documents and electronically stored information "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1).  "The phrase 'possession, custody or control' is in the disjunctive and only one of the numerated requirements need be met." *Soto v. City of Concord*, 162 F.R.D. 603, 619 (N.D. Cal. 1995); *see also Gladrow v. Weisz*, 354 F.2d 464, 468 (5th Cir. 1965).  "Federal courts have consistently held that documents are deemed to be within the 'possession, custody or control' of a party for purposes of Rule 34 if the party has actual possession, custody or control, or has the legal right to obtain the documents on demand or has the practical ability to obtain the documents from a non-party to the action." *United States ex rel. Stewart v. La. Clinic*, Civ. No. 99-1767, 2003 U.S. Dist. LEXIS 9401, at *38 (E.D. La. June 4, 2003).

    **I.    NO SUBPOENAS ARE NECESSARY FOR THE CATEGORY 1 DOCUMENTS IN THE POSESSION, CUSTODY, OR CONTROL OF THE STATE OF TEXAS, A NAMED DEFENDANT IN THIS CASE.**

In order to pursue document discovery from the State, the United States need not individually sue every state office or actor involved in enacting or implementing SB 14.  Instead, Rule 34(a)(1) entitles the United States to "responsive documents that Defendants have a legal right . . . or the practical ability" to obtain on demand.  *Best Western Int'l, Inc. v. Bhagirath*, Civ. No. 12-0121, 2013 U.S. Dist. LEXIS 69032, at *14 (M.D. La. May 14, 2013) (citations omitted).  "The applicable test is whether the litigant has the ability to obtain the documents on

3

request to a related party, either as a matter of law or as a matter of practical fact." *United States ex rel. Stewart*, 2003 U.S. Dist. LEXIS 9401, at *38.

Individual legislators need not be explicitly named as defendants in order for the United States to obtain the documents that are at issue in the present motion because, as a defendant, the State of Texas has the legal authority and practical ability to obtain such documents—an attribute it has consistently demonstrated.

### A. No Subpoenas Are Necessary For the Category 1 Documents Because the State of Texas Has Already Admitted It Possesses Them.

Defendants' initial disclosures establish that the State of Texas currently possesses all of the Category 1 legislative documents that were logged and withheld in *Texas v. Holder* on the basis of legislative privilege. *See* Rev. Priv. Log (ECF No. 162-3); Supp. Priv. Log (ECF No. 162-4); TLC Priv. Log (ECF No. 162-13); LG Log (Ex. 1). Defendants' initial disclosures state that:

> The State of Texas produced numerous documents on behalf of the Secretary of State, the Department of Public Service, the Governor's Office, the Lieutenant Governor's Office and the Texas Legislature which are identified in the attached production log. See Exhibit A. The State of Texas has in its possession but did not produce documents believed to be privileged and identified in privilege logs, incorporated by reference here, and previously produced in *Texas v. Holder*, 888 F.[ ]Supp. 2d 113 (D.D.C. 2012).

Defs. Initial Disclosures at 33 (ECF No. 162-2). Most significantly here, the initial disclosures conceded that "[t]he State of Texas has in its possession" the legislative documents listed on prior privilege logs. Defendants did not assert—as they do now—that documents from the Texas Legislature now held by the Office of the Texas Attorney General are outside the reach of the "State of Texas" for purposes of this litigation. Indeed, as the State has already demonstrated in the course of litigating *Texas v. Holder*, it has the legal authority and practical ability to obtain

4

these documents.[3] There is no reason to require the United States to issue individual subpoenas to gather from each legislator listed in the privilege logs copies of the same documents that the State of Texas itself has already identified, obtained, and logged. This Court should hold the State of Texas to its admission of possession, and reach the issue of privilege without requiring subpoenas to individual legislators.

### B. Defendants Raise No Legal or Practical Obstacles to Production of the Category 1 Documents Under Rules 26 and 34.

The Defendants admit that, as a factual matter, all of the Category 1 documents have already been gathered by the State of Texas through the Office of the Texas Attorney General, Defs. Sur-Reply at 4 (ECF No. 190); *see also* Napier Decl. ¶ 3 (ECF No. 190-1). Despite that admission, they raise three objections to production of those documents. First, they observe that the Office of the Texas Attorney General is not a party to this suit. Second, they claim that the Office of the Texas Attorney General lacks the authority to disclose the documents. Third, they assert that when legislators transferred the Category 1 documents to the Office of the Texas Attorney General, the documents gained the protection of the attorney-client privilege. *See* Defs. Sur-Reply at 4. Each of their objections lacks merit.

---

[3] The Defendants' counsel signed the initial disclosure, certifying "that to the best of [his] knowledge, information, and belief formed after a reasonable inquiry," the disclosure was "complete and correct as of the time it [was] made." Fed. R. Civ. P. 26(g)(1)(A). Tellingly, although the Rules Committee established that disclosure does not waive a party's "right to object to production on the basis of privilege or work product protection, or to assert that the documents are not sufficiently relevant to justify the burden or expense of production," it did not provide an opportunity for a party to offer a later objection on the basis that the documents are outside of a party's possession. Fed. R. Civ. P. 26, 1993 Committee Notes. Thus, once the opposing party has overcome a privilege, work product, or burden objection, there is no further impediment to production. Permitting a party whose privilege claim has been threatened to walk back a concession of possession would permit litigants to "indulge in gamesmanship with respect to the disclosure obligations." *Id*.

For purposes of discovery, the "State of Texas" necessarily includes those components of the State that participated in the activities underlying the United States' Section 2 claim and in the defense of those activities.[4] The actions that state offices and agencies have taken with respect to gathering evidence in preparation for the State's defense in this case (or as part of its affirmative case as in the *Texas v. Holder* litigation) demonstrate the scope of documents over which the State of Texas maintains possession, custody, or control.

Responding to the State's first two points, documents in the possession of the Office of the Texas Attorney General are under the control of the State of Texas and are therefore subject to production. "Documents in the possession of a party's attorney ([including] the Attorney General of [a state]) may be considered to be within the control of the party for purposes of a Rule 34 production request." *Gray v. Faulkner*, 148 F.R.D. 220, 223 (N.D. Ind. 1992). "A party is charged with possession of what its agents possess, including attorneys, and must disclose or produce such materials." *See Axler v. Scientific Ecology Grp., Inc.*, 196 F.R.D. 210, 212 (D. Mass. 2000) (citing *Hickman v. Taylor*, 329 U.S. 495, 504 (1947)) *cf. also Bd. of Educ. v. Memphis City Bd. of Educ.*, Civ. No. 2:11-02101, 2012 U.S. Dist. LEXIS 170387 (W.D. Tenn. Nov. 30, 2012) ("the Court concludes that the General Assembly and its legislators, representatives, or agents do not need to be named parties to the instant suit for the Attorney

---

[4] Because the United States has sued the State of Texas in its entirety, cases cited by Defendants in which individual legislators intervened in lawsuits brought against state officials to challenge the constitutionality of a state law are inapposite. *See Karcher v. May*, 484 U.S. 72, 75 (1987) ("the New Jersey Department of Education, its Commissioner, and two township boards of education" named as defendants); *Ala. Educ. Ass'n v. Bentley*, No. CV-11-S-761, 2013 WL 124306, at *12 (N.D. Ala. 2013) (only executive branch officials named as defendants). Although the Eleventh Amendment constrains the ability of private plaintiffs to sue states in their entireties, no such limitation applies to the United States. *United States v. Mississippi*, 380 U.S. 128, 140 (1965).

General of the State of Tennessee to be required to respond to discovery requests on their behalf.").

The Office of the Texas Attorney General also need not obtain legal ownership of the documents in its possession to require disclosure under Rules 26 and 34 without the use of subpoenas. The Sixth Circuit's decision in *In re Bankers Trust Co.*, 61 F.3d 465 (6th Cir. 1995), is instructive. In that case, Bankers Trust refused to disclose Federal Reserve examination reports in its possession because the reports were the property of the Federal Reserve Board under applicable regulations and because those regulations expressly prohibited Bankers Trust from disclosing the documents to a third party. *See id.* at 467. Nonetheless, the Sixth Circuit directed the district court to order the documents to be produced. The court held that "legal ownership of the document is not determinative" of discovery obligations. *Id.* at 469. Moreover, the court held that in the absence of a supporting enactment by Congress, a court cannot enforce a document-owner's restriction that "is plainly inconsistent with Rule 34." *Id.* at 470. Similarly here, ultimate ownership of the Category 1 documents is not relevant to the question of possession, custody, or control, and any restrictions under Texas law cannot supersede the disclosure requirements of Rule 26 and Rule 34.

Finally, no attorney-client privilege shields the Category 1 documents on account of their transfer to the Office of the Texas Attorney General. Defendants appear to claim that gathering relevant documents and conducting a privilege review creates an attorney-client privilege. Not so. Documents in the possession of a party's attorney are subject to production. *Gray*, 148 F.R.D. at 223. Parties complying with initial disclosure obligations or a request for production must collect relevant documents and provide them to an attorney for a privilege review. Under defendants' theory, merely by virtue of this transfer and review, such documents would gain the

7

protection of the attorney-client privilege and be shielded from disclosure or production. Carried to its logical conclusion, this position would preclude document discovery between represented parties, and Rules 26(a)(1)(A)(ii) and 34 would become nullities.

The individual nature of any state legislative privilege also does not preclude disclosure of the Category 1 documents via the Office of the Texas Attorney General. The fact that any qualified state legislative privilege is held by individual legislators does not mean that the United States must resort to third-party subpoenas to reach the underlying privileged documents. Although the decision to invoke the privilege is in the hands of each individual legislator, if the Court determines that any qualified privilege should be overcome or has been waived, the Category 1 documents in the State of Texas's possession, custody, or control can be reached through the ordinary discovery mechanisms of Rules 26 and 34.

### C. No Subpoena is Necessary for Category 1 Documents in the Control of the Texas Legislature.

Alternatively, this Court may order production of the Category 1 documents without the use of subpoenas if the Court finds, as Defendants have argued, that the Category 1 documents are in the control of the Texas Legislature. Tex. Sur-Reply at 3-4. For purposes of discovery in this litigation, the State of Texas must include the Texas House and the Texas Senate. The United States has alleged that "SB 14 was adopted in 2011, and has been maintained since that time, for the purpose of denying Hispanics and African Americans equal access to the political process in violation of Section 2" of the Voting Rights Act. U.S. Compl. ¶ 68 (*United States v. Texas*, Civ. No. 13-263 (S.D. Tex.), ECF No. 1). The operative facts in the United States' complaint primarily concern the Texas Legislature and the actions of its members. *See id.* ¶¶ 26-34. Such centrally involved actors must be included in the scope of party discovery when the

United States has sued the State of Texas itself for violation of Section 2 of the Voting Rights Act. *Cf. Memphis City Bd. of Educ.*, 2012 U.S. Dist. LEXIS 170387, at \*\*13-17 (requiring the Attorney General of Tennessee, a named defendant, to respond to discovery requests directed to the Tennessee General Assembly and its legislators and agents, who were not named as defendants, in a case alleging that the Assembly's passage of the challenged statute was motivated by an intent to discriminate based on race).

Moreover, under the broad and practical standards of possession, custody, or control required under Rule 34, the State of Texas has repeatedly demonstrated that it has the ability to obtain documents that are in the control of the Texas Legislature. In *Texas v. Holder*, the State produced a number of documents from legislative staff and legislators, including proponents of SB 14 who have consistently invoked legislative privilege. The documents produced, including some following an order of the court, included none of the internal correspondence between bill proponents sought here, but instead included documents sent to legislators, from their constituents.[5] That the State of Texas had the practical and legal ability to obtain and produce such (non-privileged) legislative documents without recourse to third-party subpoenas also makes clear that the State of Texas would have the ability to produce the Category 1 documents currently being withheld, following a ruling on legislative privilege by this Court. Individual subpoenas are not required as a predicate step.

---

[5] Examples of previously-produced constituent correspondence to SB 14-sponsor Senator Troy Fraser are attached. (Exs. 2 and 3).

## II. PRODUCTION OF THE CATEGORY 2 DOCUMENTS FROM THE STATE OF TEXAS DOES NOT REQUIRE THIRD PARTY SUBPOENAS NOR IS PRODUCTION UNDULY BURDENSOME.

Defendants have not contested that the Category 2 documents, which consist of documents contained within email servers and networked hard drives maintained by the Texas Legislative Council, as well as records maintained by the Texas State Library and Archives Commission, are in the possession of the State of Texas.[6] Under Rule 34, possession alone is sufficient to authorize production by the State of Texas, without the use of subpoenas. Rather than contest possession, custody, or control, Defendants appear to argue that the documents should not be produced because of the burden of production. *See* Tex. Opp. at 21.

Under Federal Rule of Civil Procedure 26(b)(2)(B), Texas bears the burden to establish "that the information is not reasonably accessible because of undue burden or cost." No such showing has been, or indeed could be, made here. As the United States explained in its reply brief and during oral argument on March 5, searches of numerous mailboxes within the TLC's servers may be conducted simultaneously using a feature of Microsoft Exchange 2010 called multi-mailbox search. *See* U.S. Reply at 13 n.14.[7] Searching for email on a server is the ordinary means by which electronically stored information is gathered and produced. *See, e.g.*, *Green v. Blitz U.S.A., Inc.*, No. 2:07-cv-372, 2011 WL 806011, at *9 (E.D. Tex. Mar. 1, 2011)

---

[6] Indeed, in meeting and conferring with the United States on January 28, 2014, Defendants had previously agreed to conduct key word searches of the TLC server with respect to any of the 251 legislators identified by the United States who had affirmatively waived any claim of legislative privilege.

[7] Consistency requires that technical personnel conduct a search of all mailboxes, rather than delegating that task to a multitude of individual end-users. *See, e.g.*, The Sedona Conference, *Commentary on Achieving Quality in the E-Discovery Process*, at 14-22 (2009); The Sedona Conference, *Best Practices Commentary on the Use of Search and Information Retrieval Methods in E-Discovery*, 2007 Sedona Conf. J. 189, 199 (2007). Moreover, it would certainly not take more time for technical personnel to conduct the same number of individual searches that end-users might otherwise run.

(describing a defendant's "lack of appreciation of the discovery process in general" due to its failure to perform "simple word searches of its email server files" and concluding that the defendant "had an obligation to conduct such a search"). Defendants have not distinguished their production burden from that of any large organizational defendant. Therefore, there is no basis to exclude the Category 2 documents from those that may be produced under ordinary party discovery, and no subpoenas are necessary in order to obtain these documents.[8]

### III. THE UNITED STATES WILL BEGIN ISSUING SUBPOENAS REQUESTING CATEGORY 3 DOCUMENTS.

As noted above, the United States will serve subpoenas on legislators for Category 3 documents, including email not already within the possession of the State of Texas. The requested documents will include email regarding SB 14 sent or received by a legislator in the course of the legislator's official duties, conducted on his or her personal email address, that have not previously been provided to the Office of the Texas Attorney General.[9] The first set of subpoenas will be served only on those legislators who (1) have requested representation by the Office of the Texas Attorney General and (2) reside within the Southern District of Texas,

---

[8] Under Rule 26(b)(2)(C), the court may also limit discovery that "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Issuance of subpoenas to individual legislators, followed by individual searches in Microsoft Outlook by each and every legislator and legislative aide, would be a less convenient, more burdensome, and likely more expensive method by which to retrieve those emails and email archives that can be simultaneously searched on TLC servers. Beyond this technical inefficiency, Defendants admit that there is a large logistical burden to Plaintiffs having to issue numerous subpoenas as well. Def. Sur-Reply at 5.

[9] Defendants have represented that some legislators use private email to conduct official business. *See* Heining Decl. ¶ 4 (ECF No. 183-1); *see also, e.g.*, Email from Eric Opiela, aide to Speaker Strauss, to Gerardo Interiano, aide to Speaker Straus, and Lisa Kaufman, Director of Budget & Policy to Speaker Straus (Nov. 19, 2010) (Ex. 4) (using private email addresses while discussing Texas redistricting); Email from Gerardo Interiano to Eric Opiela (Dec. 10, 2010) (Ex. 5) (same).

including Representative Patricia Harless (House sponsor of SB 14), Senator Dan Patrick (a Senate supporter of SB 14), and former Senator Tommy Williams (a Senate supporter of SB 14).

Notwithstanding the United States' decision to commence the subpoena process with regard to Category 3 documents in the possession of individual legislators, this Court should conclude that the Category 1 and Category 2 documents must be produced without the need for third-party subpoenas. In the absence of such a ruling, the resulting requirement that subpoenas be issued to obtain legislative documents that are properly discoverable under Rule 34 will dramatically curtail the amount of relevant discovery regarding legislative activity that the parties will be able to conduct under any trial preparation schedule that culminates in a September 2 trial date. This may well unfairly impair plaintiffs' ability to gather evidence in support of their claims under Section 2 of the Voting Rights Act. The issuance of subpoenas to a potential pool of over 200 legislators will inevitably lead to numerous motions to quash in courts around the State of Texas, even if those proceedings are transferred to this Court under Fed. R. Civ. P. 45 for eventual resolution.

## IV. CONCLUSION

For the reasons set out above, the United States respectfully requests that this Court determine that the documents at issue are subject to party discovery and requests that the Court grant the United States' motion to compel the production of legislative documents.

Date: March 13, 2014

                                                  Respectfully submitted,

KENNETH MAGIDSON                   JOCELYN SAMUELS
United States Attorney                      Acting Assistant Attorney General
Southern District of Texas                 Civil Rights Division

                                                  *s/ Anna M. Baldwin*
                                                  T. CHRISTIAN HERREN, JR.
                                                  MEREDITH BELL-PLATTS
                                                  ELIZABETH S. WESTFALL
                                                  BRUCE I. GEAR
                                                  JENNIFER L. MARANZANO
                                                  ANNA M. BALDWIN
                                                  DANIEL J. FREEMAN
                                                  Attorneys, Voting Section
                                                  Civil Rights Division
                                                  U.S. Department of Justice
                                                  950 Pennsylvania Avenue, N.W.
                                                  Washington, D.C. 20530

**CERTIFICATE OF SERVICE**

   I hereby certify that on March 13, 2014, I served a true and correct copy of the foregoing via the Court's ECF system on the following counsel of record:

John B. Scott
John Reed Clay, Jr.
Gregory David Whitley
Jonathan F. Mitchell
Sean Flammer
Stephen Ronald Keister
Office of the Texas Attorney General
john.scott@texasattorneygeneral.gov
reed.clay@texasattorneygeneral.gov
david.whitley@texasattorneygeneral.gov
jonathan.mitchell@texasattorneygeneral.gov
sean.flammer@texasattorneygeneral.gov
ronny.keister@texasattorneygeneral.gov

*Counsel for Defendants*

Chad W. Dunn
Kembel Scott Brazil
Brazil & Dunn
chad@bradzilanddunn.com
scott@bazilanddunn.com

J. Gerald Hebert
Emma Simson
Campaign Legal Center
ghebert@campaignlegalcenter.org
esimson@campaignlegalcenter.org

Neil G. Baron
Law Offices of Neil G. Baron
neil@ngbaronlaw.com

Armand Derfner
Derfner, Altman, & Wilborn
aderfner@dawlaw.com

Luiz Roberto Vera, Jr.
lrvlaw@sbcglobal.net

*Counsel for Veasey Plaintiffs*

Christina Swarns
Ryan P. Haygood
Natasha M. Korgaonkar
Leah C. Aden
Deuel Ross
NAACP Legal Defense and Educational
 Fund, Inc.
cswarns@naacpldf.org
rhaygood@naacpldf.org
nkorgaonkar@naacpldf.org
laden@naacpldf.org
dross@naacpldf.org

Danielle Conley
Jonathan Paikin
Kelly P. Dunbar
Sonya L. Lebsack
Gerald J. Sinzdak
Lynn Eisenberg
M. Hasan Ali
Richard F. Shordt
WilmerHale LLP
danielle.conley@wilmerhale.com
jonathan.paikin@wilmerhale.com
kelly.dunbar@wilmerhale.com
sonya.lebsack@wilmerhale.com
Gerard.sinzdak@wilmerhale.com
Lynn.eisenberg@wilmerhale.com
hasan.ali@wilmerhale.com
richard.shordt@wilmerhale.com

*Counsel for Texas League of Young Voters Plaintiff-Intervenors*

Ezra D. Rosenberg
Amy L. Rudd
Dechert LLP
ezra.rosenberg@dechert.com
amy.rudd@dechert.com

Wendy Weiser
Jennifer Clark
Myrna Pérez
Vishal Agraharkar
Brennan Center for Justice at NYU School of Law
wendy.weiser@nyu.edu
jenniferl.clark@nyu.edu
myrna.perez@nyu.edu
vishal.argraharkar@nyu.edu

Mark A. Posner
Sonia Kaur Gill
Erandi Zamora
Lawyers' Committee for Civil Rights
mposner@lawyerscommittee.org
sgill@lawyerscommittee.org
ezamora@lawyerscommittee.org

*Counsel for Texas State Conference of NAACP Branches Plaintiffs*

Jose Garza
Marinda van Dalen
Robert W. Doggett
Peter McGraw
Texas Rio Grande Legal Aid, Inc.
jgarza@trla.org
mvandalen@trla.org
rdoggett@trla.org
pmcgraw@trla.org

*Counsel for Ortiz Plaintiffs*

Rolando L. Rios
Law Offices of Rolando L. Rios
rrios@rolandorioslaw.com

*Counsel for Texas Association of Hispanic County Judges and County Commissioners Plaintiff-Intervenors*

*/s/ Anna M. Baldwin*
Anna M. Baldwin
Voting Section
Civil Rights Division
U.S. Department of Justice
anna.baldwin@usdoj.gov

2