IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 2:13-cv-193 (lead) |
| | § | (consolidated w/ 2:13-cv-263) |
| TEXAS, ET AL | § | |
| | § | |
| *Defendant(s).* | § | |
| | § | |

---

**DEFENDANTS' SUPPLEMENTAL BRIEF
ON THE NONPARTY STATUS OF STATE LEGISLATORS**

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JONATHAN F. MITCHELL
Solicitor General

J. REED CLAY, JR.
Special Assistant and Senior
  Counsel to the Attorney General

JOHN B. SCOTT
Deputy Attorney General for Litigation

GREGORY DAVID WHITLEY
Deputy Assistant Attorney General

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC 059)
Austin, Texas  78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

COUNSEL FOR STATE DEFENDANTS

I.    DOJ MUST OBTAIN A SUBPOENA BECAUSE NO PARTY TO THIS LAWSUIT HAS CUSTODY OR CONTROL OF THE DOCUMENTS DOJ SEEKS.

For purposes of discovery, the Federal Rules of Civil Procedure distinguish between parties and nonparties. *Compare* FED. R. CIV. P. 34(a) ("A party may serve on any other party a request within the scope of Rule 26(b)"), *with* FED. R. CIV. P. 34(c) ("Nonparties.  As provided in Rule 45 [Subpoena], a nonparty may be compelled to produce documents.").  Because the legislators and agencies that DOJ wishes to depose are nonparties, and these legislators and agencies reside outside the territorial jurisdiction of this court, this court cannot compel them to sit for a deposition or produce documents in their possession. *See* FED. R. CIV. P. 45(b)(2); *cf*. DOJ reply at 11 n.11.  Nor can DOJ compel their attendance or production of documents by noticing them for a deposition.[1] *Id.*

DOJ and Plaintiff-Intervenors' failure to follow Rule 45's subpoena process isn't merely a procedural misstep.  It has real substantive consequences, many of which have already manifested themselves in this case.  For one, Rule 45 allows third parties to quash subpoenas to the extent they seek privileged information.  DOJ and Plaintiff-Intervenors' failure to subpoena the information they seek from nearly 250 legislators, many of whom wish to assert privilege but are not represented by any attorney currently before this court, asks nothing less than that this Court rule on a third-party's privilege claim without their having ever appeared before the Court.  The aggressiveness of their position is only underscored by the fact that they seek information from *former* legislators, including legislators who

---

[1] The state defendants understand the Court's briefing order to cover only whether individual legislators are parties to this lawsuit, not to discuss the scope of the legislative privilege.

have not served in the Texas Legislature since last decade.  Moreover, it is difficult define any limits of the plaintiffs' position that suing the "state" is suing the legislature.  One would think that if any legislative documents they seek were relevant to this case (a doubtful proposition), they would be those generated or considered by the 82nd Legislature when voter ID was made a Texas law.  But many of those members are no longer members of the Legislature.  And many of the current members were not members of the 82nd Legislature.  Yet DOJ and Plaintiff-Intervenors claim that a request for production served on the "State of Texas" covers all these people.

But the bigger problem with the plaintiffs' position is the wide-ranging effects that such a ruling would have.  The plaintiffs' reasoning would (if adopted by this court) apply equally to members of Congress and lawsuits involving the United States.  If suing the State of Texas makes every individual legislator a party to the lawsuit, then every member of Congress (including agencies such as the Senate Legislative Council) are parties anytime the United States sues or is sued in federal court.  That means every past and present member of Congress was a party to over 100,000 cases last year.[2]  The plaintiffs' argument would subject members of Congress to massive discovery requests without the protections of Rule 45.  Indeed, one could argue, as the parties have here, that the very failure to appear in court (for whatever reason) constituted a waiver of any privilege held by congressional parties.

---

[2] http://www.uscourts.gov/Statistics/JudicialBusiness/2012/us-district-courts.aspx.

Moreover, Plaintiffs offer no explanation for their failure to follow Rule 45's subpoena process. The Plaintiffs' dilatory actions cannot be justified on the grounds that the subpoena process would frustrate the discovery of relevant information. Complying with Rule 45's subpoena process does not act as a shield against discovery of non-privileged information. The information sought in their requests for production are discoverable to the same extent through the proper channel of a Rule 45 subpoena. But Rule 45 places the burden of such discovery on the litigant seeking such information. No doubt Plaintiffs would love to foist the time-consuming process of gathering documents from 250 legislators (and their staff) on to the parties they have sued. There is also no doubt that the legislators, many of whom opposed the passage of SB 14, would balk at the defendants' (or their attorneys') request to rummage around in their legislative files.

Rule 45 also ensures that the rights and privileges of non-parties are properly presented in court. DOJ and the plaintiffs would have this court construe a legislator's failure (for whatever reason) to respond to an improper request for production as a waiver of any privilege belonging to the legislator. Rule 45 was designed to avoid such a situation. Four months of discovery have passed and DOJ has not subpoenaed a single current or former member of the Texas Legislature. And for all their complaints about the State's supposed attempts to delay, the Veasey Plaintiffs also have yet to subpoena information from a single legislator—even as they simultaneously insist on an expedited discovery period. Although OAG agreed (without waiving their objections) to facilitate discovery from nonparty

legislators who waived the privilege, the plaintiffs now seek to use that cooperation as a weapon against legislators who chose to assert their rights under the federal rules by not responding to the plaintiffs' improper request.

## A. Legislators Are Not Parties To A Lawsuit Filed Against The State.

Individual legislators are not "parties" when a suit is brought by or against a sovereign. *See, e.g.*, *Alabama Educ. Ass'n v. Bentley*, 2013 WL 124306, at *12 (N.D. Ala. Jan. 3, 2013) ("Of course, the [State] Officials on whose behalf motions to quash the subpoenas have been filed are not, in fact, being sued," even though the State of Alabama was); *Florida v. United States*, 886 F. Supp.2d 1301 (N.D. Fla. 2012) (denying motion to compel discovery against state legislators on similar theory); *United States v. Davis*, 140 F.R.D. 261 (D.R.I. 1992) (holding that Congress is not a party to a lawsuit brought by DOJ on behalf of "the United States").

In *Bennett v. Yoshina*, 98 F. Supp. 2d 1139 (D. Haw. 2000), for example, the plaintiffs sued several high-ranking executive officials in their official capacities. The court rejected the plaintiffs' argument that statements by state legislators were "party admissions," holding that legislators were not parties in a lawsuit against the state:

> Each individual has been sued in his or her official capacity, the suit can properly be seen as an action against the state itself. This does not mean, however, that every state employee therefore speaks for the state. Plaintiffs' argument is particularly illogical in the legislative context.

*Id.* at 1154.

4

The non-party status of legislators is reinforced by intervention cases. If legislators were parties to lawsuits brought by and against the states, there would be no need for the doctrine of legislative intervention. Yet federal courts grapple with this question routinely. *See, e.g.*, *United States v. Pennsylvania*, 674 F.2d 970 (3d Cir. 1982) (denying individual state legislators' motion to intervene in action seeking injunctive relief against Pennsylvania's violations of the Clean Air Act); *Texas v. American Tobacco Co.*, 1999 WL 1022129 (E.D. Tex. 1999) (granting individual Texas senators' motion to intervene in the Tobacco lawsuit under Rule 24); *see also Hollingsworth v. Perry*, 133 S. Ct. 2652 (2013); *Powell v. Ridge*, 247 F.3d 520 (3d Cir. 2001).

The leading case on legislative intervention is *Karcher v. May*, 484 U.S. 72 (1987), where the Supreme Court held that individual legislators may intervene on behalf of the state to defend the constitutionality of a state law after the state attorney general declined to defend the law. The Court observed that the individual legislators were not "parties" in their own rights; indeed, that was the whole reason that they had to go through the trouble of intervening in the first place, and it is why the legislators lost their "party" status when they could no longer represent the only party named in the suit (namely, the State).[3]

DOJ attempts to distinguish some of these cases on the ground that they were suits against state officials in their official capacities, not suits against "the

---

[3] The rule that legislators are not "the State" cuts both ways. If someone sues a state legislator in her individual capacity for actions taken under the color of state law, the State itself is not a "party" to the lawsuit. *See, e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 168 (1985) ("Indeed, unless a distinct cause of action is asserted against the [State] itself, the [State] is not even a party to a personal-capacity lawsuit and has no opportunity to present a defense.").

State." *See* DOJ Reply at 11 n.11.  But the Supreme Court held that a suit against a state official in his or her official capacity "is no different from a suit against the State itself."  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (citations omitted).  In any event, DOJ has no answer for *Florida*, *Pennsylvania*, *Davis*, and *American Tobacco*, which were all lawsuits brought by or against a State itself.

The rule that legislators are not "the State" is as intuitively appealing as it is legally sound.  If the United States were correct that every legislator, Democratic and Republican, were a party defendant to this lawsuit, then even the Democratic representatives would be in the position of producing documents to "their lawyer," the Texas Attorney General, who is actively defending a Texas law that they oppose.  Even more confusing results would obtain in the redistricting cases, where Democratic legislators are party plaintiffs in the lawsuit against the State, and (according to DOJ) also party defendants in the very same case, by virtue of their office.   DOJ apparently believes that these Democratic legislators have sued themselves.[4]

What's more, neither DOJ nor the other Plaintiffs have attempted to harmonize their position that the members of the legislative branch are parties to a lawsuit filed against a sovereign with the doctrine of legislative immunity.  *Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982) (recognizing "absolute immunity of legislators, in their legislative functions") (citing *Eastland v. United States Servicemen's Fund*, 421 U.S. 491 (1975)); *Bogan v. Scott-Harris*, 523 U.S. 44 (1998)

---

[4] This is not a mere hypothetical.  Congressman Veasey, a Plaintiff in this case, is on the list of legislators who Plaintiffs (including Mr. Veasey himself) now claim are Defendants simply because they have sued the "State of Texas".

(extending absolute immunity to local legislators). Individual legislators are absolutely immune from suit for actions taken in their legislative capacity, for either damages or injunctive relief against their office. *See id.*; *State Employees Bargaining v. Rowland*, 494 F.3d 71, 88 (2d Cir.2007). If legislators were deemed a party to this suit for discovery purposes under Rule 34, then they would be entitled to immediate dismissal on immunity grounds. And even if immunity did not stand in the way, any claims against the legislators as party defendants would be subject to dismissal for lack of redressability. This Court cannot issue an injunction to legislators ordering them to repeal or amend Texas voter ID law. *Okpalobi v. Foster*, 244 F.3d 405, 414–15 (5th Cir. 2001) (en banc).

There is one final absurdity with DOJ's position: It cannot account for former legislators. Suppose the Court accepts DOJ's argument that all current legislators are parties whenever the state is sued. What does that mean for the former legislators who voted on Texas's voter ID law but are now private citizens? Are these private citizens, from whom the plaintiffs are seeking discovery, also "the State"? The Supreme Court said no in *Karcher*, yet even as to these former members, the plaintiffs have refused to issue subpoenas.

DOJ routinely invokes the nonparty protections of Rule 45 to manage "the United States'" exposure to discovery requests directed at Congress and "non-party" federal independent agencies, *see, e.g.*, *Securities and Exchange Comm'n v. Biopure Corp.*, 2006 WL 2789002, at *4 (D.D.C. 2006); *United States v. Davis*, 140 F.R.D. 261 (D.R.I. 1992); *United States v. AT&T*, 461 F. Supp. 1314 (D.D.C. 1978), and the

Court should not tolerate DOJ's opportunistic litigation tactics in this case. If DOJ insists upon compelling Texas legislators' attendance at depositions, or seeking access to their privileged documents, the legislators must be subpoenaed, or else this Court must recognize that current members of Congress are Plaintiffs in this case because "the United States" has sued in federal court.

**B.     TLC and TSLAC Are Not Parties To A Lawsuit Filed Against The State Because They Are Independent, Legislative Entities.**

Just as legislators are not a party when someone sues "the State," *independent* agencies are not a party in the same circumstance. As we explained, DOJ often avails itself of this rule, denying private defendants access to documents that are technically in the custody of "the United States." In *United States v. Davis*, 140 F.R.D. 261 (D.R.I. 1992), for example, DOJ represented the EPA in a lawsuit against private defendants charged with CERCLA violations. The private defendants demanded discovery from "the United States," the party in the caption, seeking documents in the possession of a House subcommittee. The district court said no, holding that the party plaintiff was the EPA, that legislative branches are entirely distinct, and that Congress is not a party to a lawsuit brought by the United States. *Id.*

In *United States v. AT&T*, 461 F. Supp. 1314 (D.D.C. 1978), the SEC brought a Sherman Antitrust Act claim against AT&T and other telecommunications corporations, in the name of the United States. The defendants served DOJ with Rule 34 requests seeking documents in the possession of various federal agencies. DOJ objected to these discovery requests, arguing that

only the SEC and not any other federal agency was a party to the suit against the defendants.  The district court held that the defendants could not obtain discovery from *independent* federal agencies, like the FCC, because they were not parties:

> In short, both as a conceptual and as a practical matter, the Federal Communications Commission is free from executive control and not answerable to instructions from the President or the Attorney General.  To hold it to be a part of the "plaintiff" herein would not only contradict over forty years of legal history, but would effectively leave the conduct of this lawsuit, and perhaps of other actions brought by the government, vulnerable to a virtual veto by one or more independent regulatory agencies.

*AT&T*, 461 F. Supp. at 1336; *see also SEC v. Biopure Corp.*, 2006 WL 2789002, at *4 (D.D.C. 2006) (discussing *AT&T*, 461 F. Supp. 1314 and "finding no support for Biopure's proposition that because the SEC [Government] is a party, then other branches of the Government such as the FDA should also be treated as a party").

The District of Columbia district court recently revisited these rulings in the context of state governments.  In an enforcement action brought by several states, the DDC refused private defendants' demand for discovery from independent state agencies who were not parties to the lawsuit.  *Colorado v. Warner Chilcott Holdings Co.*, No. 1:05-cv-02182 (D.D.C. May 8, 2007) ("State Medicaid agencies are independent from the offices of their respective State Attorneys General and should not be required to respond to routine discovery requests made in this case.").  Courts across the nation have reached this same result, recognizing that independent state agencies are nonparties for purposes of discovery.  *See United States v. American Express*, No. 1:10-cv-04496 (E.D.N.Y. July 29, 2011) (holding, in a suit brought in the name of the State of Texas and several other States, that

defendants must issue subpoenas for documents in the governor's office because it was a "separate state agency"); *New York ex rel. Boardman v. Nat'l R.R. Passenger Corp.*, 233 F.R.D. 259 (N.D.N.Y. 2006) (holding that New York's Office of State Comptroller is a nonparty for purposes of discovery, even though the lawsuit was brought in the name of the State of New York); *In re Standard & Poor's Rating Agency Litigation*, No. 13-MD-2446 (S.D.N.Y. Feb. 26, 2014) (relying on *Warner Chilcott* and *American Express* and holding, in a lawsuit brought in the name of several States, that "the state agencies at issue should be treated as nonparties for purposes of discovery").   The independence of a state agency makes all the difference, these courts explain, because two different entities cannot be the same "party," for purposes of Rule 34, unless they share the same boss.  *Id.*

TLC and TSLAC are independent agencies and nonparties to this lawsuit. TLC is a legislative agency.  Not only is it independent; it is not even a part of the executive branch.  Where, as here, the plaintiffs sue executive officials and "the State," it is a routine matter to extend Rule 45's protections to legislative agencies like TLC:

> Generator defendants apparently perceive the plaintiff, the United States, in very broad terms.   In this instance, the Department of Justice and the EPA are the executive agencies involved.   Generator defendants want information from a subcommittee of the House of Representatives.  *This is not a question of a different executive agency; this in fact is an entirely separate branch of the federal government.*

*United States v. Davis*, 140 F.R.D. 261 (D.R.I. 1992) (emphasis added).

TSLAC is an independent executive agency.  *See* TEX. GOV'T CODE § 441.001; *see also* http://www.sunset.state.tx.us/80threports/legis07/35.pdf ("The    bill

continues TSLAC as an independent agency for 12 years."). The seven members of TSLAC set its policy and oversee agency operations. TEX. GOV'T CODE § 441.001. They are appointed by the Governor, confirmed by the Texas Senate, and subject to removal for only the most limited reasons. *Id.*; *see also Humphrey's Executor v. United States*, 295 U.S. 602 (1935) (defining the characteristics of independent executive agencies, which include an appointed board of commissioners and limited presidential removal powers). Under well-established law, this independence means that TSLAC is a nonparty in lawsuits against the State qua State. *AT&T*, 461 F. Supp. at 1335–36 ("[A] more difficult problem is raised by defendants' request under Rule 34 for documents in the possession of the Federal Communications Commission and other independent regulatory agencies. That request must be denied.").

## C. The Texas Attorney General Possesses Legislative Documents, But He Is The State Defendants' Attorney, Not A "Party" Under The Federal Rules.

The only reason that the OAG is in possession of legislative documents is that it obtained those documents in the course of providing legal advice to certain legislators, while representing them against DOJ in a separate matter. What's more, the federal district court in that separate matter refused DOJ's motion to compel production of those legislative documents on the grounds of legislative privilege. It is one thing for DOJ to relitigate that legislative privilege holding in this case. But it is quite another for DOJ to deprive those legislators of Rule 45's

protections (including an opportunity to hire counsel and reassert the privilege) by attempting to deem their former lawyers a "party" to this lawsuit.

OAG is in possession of legislative documents, but only those documents that legislators gave to its OAG lawyers for the purpose of legal representation in another case.  Moreover, OAG is legal counsel in this case, not a "defendant."  The relevant federal rules draw a distinction between "a party" and "a nonparty"; they say nothing about lawyers.  *See* FED. R. CIV. P. 34(a) ("A party may serve on any other party a request within the scope of Rule 26(b)"); FED. R. CIV. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents.").  Over and over again, DOJ's brief confuses "the defendants" with the OAG.  DOJ Reply at 11 ("*Defendants* are in possession of a vast trove of legislative documents." (emphasis added)); ("*Defendants* have conceded that they "ha[ve] in [their] possession but did not produce documents." (emphasis added)).

The only explanation for DOJ's position (though it never says this) is that DOJ assumes without support that the Office of the Texas Attorney General is the State of Texas, and that the office is a party defendant whenever it represents the State in court.  DOJ's argument is incorrect.  The Office of the Texas Attorney General is headed by an independently elected executive official.  This feature of Texas government means, as the cases discussed above have held, that the state attorney general is independent of the state executive apparatus, and cannot be labeled "the State" for purposes of discovery.[5]  *See Colorado v. Warner Chilcott*

---

[5] DOJ's own situation may be different.  DOJ is headed by a cabinet level officer who serves at the pleasure of the President, not by a board of commissioners or an independently elected official.  DOJ

*Holdings Co.*, No. 1:05-cv-02182 (D.D.C. May 8, 2008); *United States v. American Express*, No. 1:10-ca-04496 (E.D.N.Y. July 29, 2011); *New York ex rel. Boardman v. Nat'l R.R. Passenger Corp.*, 233 F.R.D. 259 (N.D.N.Y. 2006); *In re Standard & Poor's Rating Agency Litigation*, No. 13-MD-2446 (S.D.N.Y. Feb. 26, 2014); *AT&T*, 461 F. Supp. at 1336; *Biopure Corp.*, 2006 WL 2789002, at *4.

What's more, whether OAG is a party to this lawsuit or not is of little consequence; OAG cannot turn over documents that it received to facilitate the provision of legal advice in a different matter. That's particularly true when the documents in its possession have been determined to be privileged by the Court in that other matter. In the hands of OAG, these documents are also protected by the attorney-client privilege. DOJ's attempt to obtain the documents from legislators by pursuing their lawyers is a naked attempt to gut the attorney-client privilege. That privilege is the oldest evidentiary privilege known to the common law, and only the client (who DOJ refuses to confront) may waive it. *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). DOJ adopted this aggressive strategy to vindicate an interest that it could have easily satisfied by issuing a subpoena months ago.

We do not understand why it is too much to ask that DOJ abide by the federal rules and issue subpoenas to the individual legislators whose documents it seeks to obtain. We notified DOJ that legislators and executive agencies were nonparties four-and-a-half months ago, during the parties' Rule 26(f) conference,

---

is not independent of the executive and might, in some circumstances, properly be labeled "the United States."

but it inexplicably failed to issue subpoenas or even to file a motion to compel until three weeks ago.   Indeed, even if the Plaintiffs had waited until Defendants "officially" objected to their requests on these grounds to issue subpoenas, they'd likely already have some or all of what they seek.   Litigants should not be allowed to run out the clock on the federal rules' protections for nonparties.

## Conclusion

The United States' motion to compel the production of legislative documents should be denied.


Respectfully submitted.

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JONATHAN F. MITCHELL
Solicitor General

J. REED CLAY, JR.
Special Assistant and Senior
  Counsel to the Attorney General

/s/ John B. Scott
JOHN B. SCOTT
Deputy Attorney General for Litigation

209 West 14th Street
P.O. Box 12548
Austin, Texas  78711-2548
(512) 936-1700

14

Dated:  March 14, 2014

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this response was served via the *CM/ECF system* on March 14, 2014, to:

Armand Derfner
P O Box 600
Charleston, SC 29402
843-723-9804
Email: aderfner@dawlegal.com

Chad W Dunn
Brazil & Dunn
4201 Cypress Creek Pkwy, Ste 530
Houston, TX 77068
281-580-6310 / Fax: 281-580-6362
Email: chad@brazilanddunn.com
COUNSEL FOR PLAINTIFFS JANE HAMILTON, FLOYD CARRIER, ANNA
BURNS, MICHAEL MONTEZ, PENNY POPE, OSCAR ORTIZ, KOBY OZIAS,
JOHN DOE, JOHN MELLOR-CRUMLEY, DALLAS COUNTY, TEXAS, JANE
DOE, and LEAGUE OF UNITED LATIN AMERICAN CITIZENS

J Gerald Hebert
191 Somervelle Street #405
Alexandria, VA 22304
703-628-4673 / Fax: 703-567-5876
COUNSEL FOR PLAINTIFF MARC VEASEY

Kembel Scott Brazil
Brazil & Dunn
4201 Cypress Creek Parkway Suite 530
Houston, TX 77068
281-580-6310 / Fax: 281-580-6362
Email: scott@brazilanddunn.com

Neil G Baron
914 FM 517 Rd W Suite 242
Dickinson, TX 77539
281-534-2748 / Fax: 281-534-4309
Email: neil@ngbaronlaw.com
COUNSEL FOR PLAINTIFFS JANE HAMILTON, FLOYD CARRIER, ANNA
BURNS, MICHAEL MONTEZ, PENNY POPE, OSCAR ORTIZ, KOBY OZIAS,
JOHN DOE, JOHN MELLOR-CRUMLEY, DALLAS COUNTY, TEXAS, JANE DOE

16

Luis Roberto Vera, Jr
111 Soledad Ste 1325
San Antonio, TX 78205
210-225-3300 / Fax: 210-225-2060
Email: lrvlaw@sbcglobal.net
COUNSEL FOR LEAGUE OF UNITED LATIN AMERICAN CITIZENS

Elizabeth S Westfall
US Department of Justice
950 Pennsylvania Ave
NW NWB Rm 7125
Washington, DC 20530
202-305-7766
Email: elizabeth.westfall@usdoj.gov

Daniel J Freeman
US Department of Justice
950 Pennsylvania Ave NW
NWB 7123
Washington, DC 20009
202-305-4355 / Fax: 202-307-3961
Email: daniel.freeman@usdoj.gov

Jennifer L Maranzano
US Department of Justice
Civil Rights Division - Voting Section
950 Pennsylvania Ave, NW - NWB
Washington, DC 20530
800-253-3931
Email: jennifer.maranzano@usdoj.gov

John Albert Smith, III
Office of the US Attorney
800 N Shoreline Blvd  Ste 500
Corpus Christi, TX 78401
361-888-3111 / Fax: 361-888-3200
Email: john.a.smith@usdoj.gov

Meredith Bell-Platts
US Department of Justice
Voting Section - Civil Rights Division
950 Pennsylvania Ave, NW
NWB 7259
Washington, DC 20530

17

202-305-8051
Email: meredith.bell-platts@usdoj.gov
COUNSEL FOR CONSOLIDATED PLAINTIFF UNITED STATES OF AMERICA

Danielle Conley, Jonathan E Paikin, Kelly Dunbar, Sonya Lebsack
Wilmer Cutler et al
1875 Pennsylvania Avenue NW
Washington, DC 20006
202-663-6703
Email: danielle.conley@wilmerhale.com
Email: jonathan.paikin@wilmerhale.com
Email: kelly.dunbar@wilmerhale.com
Email: sonya.lebsack@wilmerhale.com

Christina A Swarns, Leah Aden, Natasha Korgaonkar, Ryan Haygood
NAACP Legal Defense and Educational Fund, Inc.
40 Rector St 5th Floor
New York, NY 10006
212-965-2200 / Fax: 212-229-7592
Email: cswarns@naacpldf.org
Email: laden@naacpldf.org
Email: nkorgaonkar@naacpldf.org
Email: rhaygood@naacpldf.org
COUNSEL FOR CONSOLIDATED PLAINTIFF TEXAS LEAGUE OF YOUNG
VOTERS EDUCATION FUND and IMANI CLARK

Amy L Rudd
Dechert LLP
300 W 6th St
Suite 2010
Austin, TX 78701
512-394-3000
Email: amy.rudd@dechert.com
COUNSEL FOR CONSOLIDATED PLAINTIFF MEXICAN AMERICAN
LEGISLATIVE CAUCUS, TEXAS HOUSE OF REPRESENTATIVES, TEXAS
STATE CONFERENCE OF NAACP BRANCHES

Rolando L Rios
115 E Travis Ste 1645
San Antonio, TX 78205
210-222-2102 / Fax: 210-222-2898
Email: rrios@rolandorioslaw.com
COUNSEL FOR TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND
COUNTY COMMISSIONERS

18

Joseph M Nixon
Bierne Maynard & Parsons
1300 Post Oak Blvd
Ste 2500
Houston, TX 77056
713-871-6809
Fax: 713-960-1527
Email: jnixon@bmpllp.com
COUNSEL FOR TRUE THE VOTE

Robert M Allensworth
B14522
BMRCC 251 N IL 37 S
Ina, IL 62846-2419
PRO SE
INTERESTED PARTY


/s/ John B. Scott
Deputy Attorney General for Litigation