# EXHIBIT 2

March 13, 2014 Letter from Shapiro to Westfall

**U.S. Department of Justice**

Civil Rights Division

---

*Voting Section - NWB*
*950 Pennsylvania Ave, NW*
*Washington, DC 20530*

March 13, 2014

VIA ELECTRONIC MAIL

G. David Whitley
Office of the Texas Attorney General
209 West 14th Street
Austin, Texas 78711
david.whitley@texasattorneygeneral.gov

> Re: *Veasey v. Perry*, 2:13-cv-193 (S.D. Tex.); *United States v. Texas*, 2:13-cv-263 (S.D. Tex.); *Texas State Conference of NAACP Branches v. Steen*, 2:13-cv-291 (S.D. Tex.); *Ortiz v. Texas*, 2:13-cv-348 (S.D. Tex.)

Dear Mr. Whitley:

This responds to your letter of March 11, 2014, and memorializes our teleconferences held on March 12 and 13, 2014, concerning the definitions of the terms "you" and "your" as used in Defendants' First Request for Production and the definition of the term "electronically stored information"/"ESI" as used in Defendants' first three sets of production requests. *See* Defs. 1st RFP (Dec. 4, 2013); Defs. 2nd RFP (Feb 3, 2014); Defs. 3rd RFP (Feb. 24, 2013)

Definition of Electronically Stored Information

We understand that Defendants agree to amend the definition of ESI used in Defendants' first three sets of production requests, as set forth in your letter of March 11 and as modified based on our telephone calls, to exclude the following: deleted files; temporary files; electronic information stored in hard drives, smart cards, or integrated-circuit cards; and disaster recovery systems or files. In sum, we understand that Defendants agree to apply the following definition of ESI to the Defendants' first three sets of request for production, except as to requests directed to Congress:

> The term "electronically stored information" means electronic information that is stored in a medium from which it can be retrieved and examined. It includes electronic files that can be retrieved from electronic storage.
>
> 1) "Electronic file" refers to electronic documents; e-mail messages and files, and metadata.
> 2) "Electronic information system" refers to a computer system or network that contains electronic files and electronic storage.

> 3) "Electronic storage" refers to electronic files stored on a computer network or on magnetic, optical, or other storage media, such as flash drives, DVDs, CDs, tapes, cartridges, and floppy diskettes. Electronic storage does not refer to systems intended for disaster recovery or other locations that are not reasonably accessible.

We appreciate Defendants' willingness to narrow the scope of their definition of ESI in this manner and do not object to it.[*]

Definition of "You" and "Your"

We also understand from our conversation yesterday that Defendants propose to revise further the definition of the terms "you" and "yours" that was set forth in your March 11, 2014, letter and the definition would now read as follows:

> Department of Justice agencies, including their attorneys, agents, experts, and support personnel, the Office of the Attorney General, the Deputy Attorney General, the Associate Attorney General, and the Civil Rights Division; and

> The "United States Congress," which means the following current or former United States Representatives and Senators, including their attorneys, agents, experts, and support personnel: Al Green (TX-09), Ruben Hinojosa (TX-15), Silvestre Reyes (TX-16), Beto O'Rourke (TX-16), Chet Edwards (TX-17), Sheila Jackson Lee (TX-18), Charles A. Gonzalez (TX-20), Joaquin Castro (TX-20), Nick Lampson (TX-22), Ciro Rodriguez (TX-23), Pete Gallego (TX-23), Lloyd Doggett (TX-25 and TX-35), Solomon P. Ortiz (TX-27), Henry Cuellar (TX-28), Gene Green (TX-29), Eddie Bernice Johnson (TX-30), Marc Veasey (TX-33), Filemon Vela (TX-34), Nancy Pelosi (CA-8 and CA-12), Bob Casey (Pa.), Harry Reid (Nev.), and Kay Hagan (N.C.).

We appreciate your narrowing the scope of "you" and "yours" by eliminating from the definition the Executive Office of the President and all federal departments, except for the Department of Justice, and narrowing affected offices of the Department of Justice. We believe this change resolves our concerns about requests for documents from other Executive Branch entities. However, we continue to object to the inclusion of Congress within the definition of "you" and "your."

As we emphasized in our motion for a protective order, the State of Texas, not the United States Congress, enacted SB 14. Defendants' document requests as applied to members of Congress and their staff seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence as required by Fed. R. Civ. P. 26(b)(1).

---

[*] We understand that with respect to the Defendants' production requests directed to Congress you continue to propose your initial definition of ESI, which includes hard-to-obtain electronically stored information obtained from hard drives. For the reasons explained in its motion for a protective order, the United States objects to any request for information from the Congress. Accordingly, the United States cannot agree to that definition.

2

Defendants' Requests for Data from Federal Agencies

We also discussed the requests for federal data from other federal agencies in Defendants' First Requests for Production (Req. Nos. 1-6). You agreed that the reference to "your" in requests 1-6 has been superseded by the parties' agreement to employ a mutually-agreed upon process of conducting comparisons of state databases with certain federal databases, which is currently underway.

Defendants' Third Set of Requests for Production

We also discussed, but did not resolve, the United States' concern that the very same issues concerning irrelevancy and undue burden that arise from Defendants' definition of "you" and "your" are similar to the overbreadth of Defendants' third set of production requests. Although those requests do not employ the terms "you" and "your," they too involve requests for information from Congress and, as such, are not reasonably calculated to lead to admissible evidence and are unduly burdensome.

We appreciate the steps you have taken toward narrowing the scope of Defendants' discovery requests as described above. At the same time, it appears our disagreement with the Defendants' position regarding discovery directed toward Congress will require judicial resolution.

If your recollection of these matters differs in any way, please advise me at your earliest convenience.

    Sincerely,

    */s/ Avner Shapiro*
    Avner Shapiro
    Voting Section
    Civil Rights Division

cc: counsel for Defendants (via electronic mail)