IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, JANE HAMILTON, SERGIO DELEON, FLOYD J. CARRIER, ANNA BURNS, MICHAEL MONTEZ, PENNY POPE, OSCAR ORTIZ, KOBY OZIAS, JOHN MELLOR-CRUMLEY, PEGGY HERMAN, EVELYN BRICKNER, GORDON BENJAMIN, KEN GANDY, LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), AND DALLAS COUNTY, TEXAS, *Plaintiffs,* v. RICK PERRY, Governor of Texas; and JOHN STEEN, Texas Secretary of State, *Defendants.* | CIVIL ACTION NO. 2:13-CV-193 (NGR) [Lead case] |
| UNITED STATES OF AMERICA, *Plaintiffs,* TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, IMANI CLARK, AURICA WASHINGTON, CRYSTAL OWENS, AND MICHELLE BESSIAKE, *Plaintiff-Intervenors,* TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, HIDALGO COUNTY, AND MARIA LONGORIA BENAVIDES, *Plaintiff-Intervenors,* v. STATE OF TEXAS, JOHN STEEN, in his official capacity as Texas Secretary of State; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety, *Defendants.* | CIVIL ACTION NO. 2:13-CV-263 (NGR) [Consolidated case] |

1

| | |
|---|---|
| TEXAS STATE CONFERENCE OF NAACP BRANCHES; and the MEXICAN AMERICAN LEGISLATIVE CAUCUS OF THE TEXAS HOUSE OF REPRESENTATIVES,<br>　　*Plaintiffs,*<br>v.<br><br>JOHN STEEN, in his official capacity as Secretary of State of Texas; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety,<br>　　*Defendants.* | CIVIL ACTION NO.<br>2:13-CV-291 (NGR)<br>[Consolidated case] |
| BELINDA ORTIZ, LENARD TAYLOR, EULALIO MENDEZ JR., LIONEL ESTRADA; ESTELA GARCIA ESPINOSA, ROXANNE HERNANDEZ, LYDIA LARA, MARGARITO MARTINEZ LARA, MAXIMINA MARTINEZ LARA, AND *LA UNION DEL PUEBLO ENTERO, INC*.<br>　　*Plaintiffs,*<br>v.<br><br>STATE OF TEXAS; JOHN STEEN, in his Official capacity as Texas Secretary of State; And STEVE McCRAW, in his official capacity As Director of the Texas Department of Public Safety,<br>　　*Defendants.* | CIVIL ACTION NO.<br>2:13-CV-348 (NGR)<br>[Consolidated case] |

**DEFENDANTS' RESPONSE IN OPPOSITION TO**
**<u>MOTION TO MODIFY SCHEDULING ORDER</u>**

　　This case was initially filed on June 26, 2013. *See* ECF No. 1. The parties' final Federal Rule of Civil Procedure Rule 26(f) conference took place on October 28, 2013. Under Federal Rule 26(d)(1), plaintiff and plaintiff-intervenors were free to

2

seek discovery at that point. Thus, under the Court's current Scheduling Order, plaintiff and plaintiff-intervenors will have over 8 months to obtain discovery from the defendants. That's in addition to the extensive discovery already obtained from defendants nearly two years ago in *Texas v. Holder* and during the prior preclearance administrative proceeding before the Department of Justice.

Nevertheless, the plaintiffs seek to alter, for the second time, a discovery and trial schedule that many of them urged this Court to adopt in the first place. The plaintiffs' request is problematic for two reasons. First, the plaintiffs offer no justification for altering the very schedule that was initially proposed by many of these plaintiffs. In reality, what the plaintiffs seek is for this Court to excuse their own foot-dragging. Despite the fact that discovery has been under way for nearly 5 months, the plaintiffs have yet to take a single deposition. Instead, they have been content to waste time re-litigating discovery disputes already decided in *Texas v. Holder*, all while refusing to respect the rights afforded to third-parties under the Federal Rules of Civil Procedure. Second, not only do the plaintiffs beg for a second bite at the apple (it's really a third bite), the plaintiffs ask this Court to force the burdens of an extremely compressed discovery and pre-trial period onto the defendants.

## I. If the current schedule places the plaintiffs in a bind, it is due to their own foot-dragging.

The plaintiffs assert that amending the current Scheduling Order—which they urged this Court to adopt—is necessary for two reasons. First, it is allegedly necessary "to provide sufficient time to conduct comparisons of state databases and

3

federal databases" and the related expert analysis of those databases. Joint Motion at 2, ECF No. 196 (March 13, 2014). Second, plaintiffs want additional time to permit discovery of legislative documents. Plaintiffs suggest, but do not state as a matter of fact, that the current deadlines will not permit it to complete both avenues of discovery. Moreover, to the extent that the current deadlines bind the plaintiffs, it is because of their own foot-dragging.

Nowhere do the plaintiffs explain why the United States cannot complete the database comparisons by the end of fact discovery. The defendants consented in a meet-and-confer, way back on December 12, 2013, to unilaterally turn over the Secretary of State's and Department of Public Safety's databases to the United States so long as the United States agreed to use a matching algorithm provided by the defendants and so long as all the plaintiffs agreed to the process proposed by the United States. Despite the fact that the processed outlined by the U.S. Department of Justice placed a potentially important evidentiary matter completely in the hands of a party-opponent, defendants agreed to this process to ameliorate the obvious concerns associated with trading the sensitive personal information of millions of persons and to avoid what was certain to be a prolonged discovery dispute. Whatever the reason, the agreement of all plaintiffs to this process was not obtained until February 14, 2014. *See* ECF No. 171. To the extent that the United States cannot meet its deadlines under the current scheduling order and the current protective order governing the database matching process, it is solely because the plaintiffs could not definitively agree to this process for over 2 months.

Even still, DOJ has yet to explain to the Court why the matching process cannot be completed under the current time schedule.

The plaintiffs' attempt to prolong non-database fact discovery is even more egregious. For starters, defendants have already provided thousands of legislative documents that are not privileged. Not content, the plaintiffs seek additional documents. Those requests fall within two rough categories: documents requested but withheld as privileged in *Texas v. Holder*, and documents from additional legislators from whom information was not requested in *Texas v. Holder*. In *Texas v. Holder*, defendants gave the plaintiffs thousands of documents that are not covered by an applicable privilege. In the parties' Rule 26(f) conference, defendants agreed to re-produce these documents to all parties in this case. Thus, what the plaintiffs primarily want is to re-litigate a discovery dispute. After extensive briefing on the issue of legislative privilege, the three-judge court in *Texas v. Holder* ruled that the documents they seek were privileged, even where trying to prove that S.B. 14 was passed with a discriminatory purpose. Perhaps the plaintiffs can be forgiven for wanting to re-litigate that issue of privilege. But, they cannot be forgiven for failing to timely bring this issue to the Court's attention or for their refusal to follow the third-party subpoena process outlined in Rule 45.

The plaintiffs have known from the get-go that legislative privilege would be asserted again. And the plaintiffs were formally served with objections to the production legislative documents on December 30, 2013. But it wasn't until February 11, 2014, that plaintiffs finally sought to re-litigate the issue of legislative

privilege before this court.  *See* ECF No. 162.  Even then the plaintiffs have refused to play by the rules.  Rule 45 is clear: documents and testimony from third-parties must be subpoenaed.  The case law is equally clear: individual legislators are not parties to a lawsuit simply because a state has been sued.  What's particularly problematic is that the Department of Justice must be well-aware of this general principle, having often taken similar positions with respect to members of Congress and other non-executive departments in lawsuits filed against the United States.[1]  Perhaps if they wish to re-litigate this issue, they should have done it in a timely—and proper—manner.

## II. The proposed schedule primarily burdens defendants for the plaintiffs' own problems.

This Court has already once respected the wishes of some of the plaintiffs in this case by adopting the current schedule.  Texas opposed that schedule because it invites a court-ruling, and therefore confusion and delay at the polls, during the upcoming 2014 elections.  Instead, Texas offered that trial should take place either in July 2014 or sometime in 2015.  Plaintiffs argued that July 2014 would be too soon, that the discovery schedule would be too compressed.  They argued that after the election would be too late.  The current schedule was just right.

When urging the Court to adopt their schedule, some plaintiffs argued that the compressed discovery timeline that was followed in *Texas v. Holder* led to a hurried and haphazard trial with a poor evidentiary record to show for it.  Plaintiffs'

---

[1] Indeed, in conversations with DOJ regarding the defendants' request for congressional documents, DOJ has argued that individual members of Congress are not parties to this case even though the United States has affirmatively brought this lawsuit.

new proposed schedule risks similar problems by greatly compressing fact discovery at the back end and by nearly scheduling out of existence any room for dispositive or other pre-trial motion practice. Under the Court's current scheduling order, plaintiff and plaintiff-intervenors will have had over 7 additional months to build upon the extensive discovery already obtained from the State of Texas in *Texas v. Holder*.

The proposed changes to the Scheduling Order divest the defendants of critical time to prepare its case and provide the plaintiffs and plaintiff-intervenors an additional fifty-six days of discovery. Specifically, the proposed changes reduce the time for filing defendants' expert reports by twenty-five percent. The proposed changes also completely eliminate a party's right to file any reply to any response to a Daubert and dispositive motion. More egregious is the fact that the responses to all Daubert and dispositive motions are to be filed the Friday before trial. Moreover, the plaintiffs will use the discovery to inundate the defendants with additional document requests and depositions during the time when defendants would normally be filing dispositive motions and preparing for trial. This additional time is only necessary because the plaintiffs have failed to utilize the extensive time for conducting such discovery.

Over eight months to obtain discovery in this case is sufficient. The plaintiffs have failed to identify any basis for extending discovery and compressing the trial schedule. Granting the proposed changes will divest defendants of their right to a fair trial and should be denied.

Dated: March 25, 2014

        Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JONATHAN F. MITCHELL
Solicitor General

J. REED CLAY, JR.
Special Assistant and Senior Counsel
to the Attorney General
Southern District of Texas No. 1160600

*/s/ John B. Scott*
JOHN B. SCOTT
Deputy Attorney General for Civil Litigation
Southern District of Texas No. 10418
Texas State Bar No. 17901500
ATTORNEY-IN-CHARGE

G. DAVID WHITLEY
Assistant Deputy Attorney General
Southern District of Texas No. 2080496

STEPHEN RONALD KEISTER
Assistant Attorney General
Southern District of Texas No. 18580

SEAN PATRICK FLAMMER
Assistant Attorney General
Southern District of Texas No. 1376041

209 West 14th Street
P.O. Box 12548
Austin, Texas 70711-2548
(512) 475-0131

COUNSEL FOR THE STATE OF TEXAS,
RICK PERRY, JOHN STEEN, and STEVE
MCCRAW

## **CERTIFICATE OF SERVICE**

  I hereby certify that on March 25, 2014, I served a true and correct copy of the foregoing document is being served via the Court's ECF system to all counsel of record.


           */s/ John B. Scott*
           JOHN B. SCOTT