# UNITED STATES' ATTACHMENT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> RICK PERRY, *et al.*, <br><br> Defendants. | Civil Action No. 2:13-cv-193 (NGR) |
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, *et al.*, <br><br> Plaintiff-Intervenors, <br><br> TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, *et al.*, <br><br> Plaintiff-Intervenors, <br><br> v. <br><br> STATE OF TEXAS, *et al.*, <br><br> Defendants. | Civil Action No. 2:13-cv-263 (NGR) |

| | |
|---|---|
| TEXAS STATE CONFERENCE OF NAACP BRANCHES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> NANDITA BERRY, *et al.*, <br><br> Defendants. | Civil Action No. 2:13-cv-291 (NGR) |
| BELINDA ORTIZ, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF TEXAS, *et al.*, <br><br> Defendants | Civil Action No. 2:13-cv-348 (NGR) |

**UNITED STATES' REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER**

On February 2, 2014, the United States moved for a protective order limiting the scope of Defendants' first set of requests for production of documents. U.S. Mot. for Protective Order (ECF No. 180). The United States sought a protective order because Defendants insisted on applying overly broad definitions of "you" and "your" and "electronically stored information" in a number of document requests. Defendants thus transformed these requests into expansive inquiries that would impose unjustifiable burdens on the United States while yielding no more discoverable evidence than could be obtained by using more appropriate definitions. Responding to Defendants' requests would have required the United States to sift through a mountain of irrelevant, inaccessible electronically stored information of hundreds of thousands

of federal workers, agents, and representatives, including the electronically stored information of the President of the United States, all of the members of the United States Congress, and the Joint Chiefs of Staff.

Subsequent to the filing of the United States' motion, Defendants agreed to pare down their definitions of "electronically stored information" considerably.  As a result, the United States believes the new definition of "electronically stored information" resolves its concerns.

The same cannot be said with regard to Defendants' latest definition of "you" and "your," which remains overly broad, and hence impermissible under the federal rules, because it still includes 22 Members of the United States Congress:  namely,18 current or former Members of the Texas congressional delegation, plus four Members who represent other states—House Minority Leader Nancy Pelosi (from California), Senate Majority Leader Harry Reid (from Nevada), Senator  Bob Casey (from Pennsylvania), and Senator Kay Hagan (from North Carolina), as well as their "attorneys, agents, experts, and support personnel."  Defendants' inclusion of these 22 Members in their definition of "you" and "your" is improper under the Federal Rules of Civil Procedure because: (1) their inclusion is not reasonably calculated to lead to the discovery of admissible evidence and (2) their information is not within the custody, control, or possession of the United States as they are neither parties nor represented by the Department of Justice.  Moreover, Defendants insist that the United States gather from these Members and their staff hard-to-obtain electronically stored information, including deleted files and temporary files that can only be obtained through forensic examination of their workstations.

I. **DEFENDANTS' DEFINITION OF "YOU" AND "YOUR" IS NOT REASONABLY CALCULATED TO LEAD TO THE DISCOVERY OF ADMISSIBLE EVIDENCE.**

The United States alleges that SB 14 (2011) violates Section 2 of the Voting Rights Act, 42 U.S.C. §1973, because the Texas Legislature enacted it, at least in part, with a discriminatory purpose and because it will have a discriminatory result. Evidence is relevant if it makes a fact that is of consequence to this action "more or less probable than it would be without the evidence." Fed. R. Evid. 401. The Defendants have failed to articulate how including Members of Congress, whether the number is 535 or 22, in the definition of "you" and "your" will lead to the discovery of evidence relevant to any of the claims or defenses in this case or how it is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Texas has already sought in its discovery requests, and is already receiving, subject to an objection by the United States, any communications between Members of Congress and the Department of Justice concerning the challenged legislation. Item 10 of the Defendants' First Request for the Production of Documents seeks "all documents and electronically stored information exchanged between you and any individual group regarding SB 14: including . . . communications between you and Members of the U.S. Congress." Defs. 1st RFPs at 8 (ECF No. 180-2). Although the United States objected to Texas's request as inappropriate under the Federal Rules, the United States nonetheless has already made a partial response to Texas's request, subject to that objection, of all such correspondence with members of Congress maintained by the appropriate offices within the Department of Justice. In addition, the Department of Justice is in the midst of an extensive search of electronic mail regarding communications with members of Congress using the Defendants' search terms. With Texas

- 3 -

having sought and obtained such information from the Department, the inclusion of Members of Congress in the definitions at issue would, at best, provide duplicate copies of such communications. The further discovery Texas is attempting that is at issue here thus falls within the core of the Federal Rules' directive that a court "must limit" discovery if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

At a more elemental level the United States Congress and the Texas Legislature are not similarly-situated bodies, whether generally, structurally, or in the context of this litigation. Despite that fact, Texas bases its quest for additional information from Members of Congress on the false premise that there is some form of symmetry[*] between the members of the Texas Legislature who devised, debated, and enacted SB 14 and Members of Congress. Not so. The legislators whose documents the United States seeks actively and directly participated in adopting SB 14 or considering predecessor photographic voter identification bills. Plumbing the motivations of these Texas state legislators goes to the very heart of this litigation. By contrast, the Members of Congress had no role in Texas's adoption of that state legislation, and were, at most, interested bystanders to SB 14 as the legislative process unfolded in Austin.

Information obtained from the targeted Members of Congress would shed no light on whether Texas enacted its voter identification law, either in whole or in part, with a discriminatory purpose. Simply put, any information members of Congress possess that was not already publicly disclosed at the time of SB 14's passage could not have influenced or played a

---

[*] Defendants asserted in their response to the instant motion for a protective order: "If this Court permits agents of the U.S. government to rummage through the files of Texas Legislators, then it should likewise ask relevant members of Congress to produce any relevant evidence in their custody . . . ." Defs. Resp. at 8 (ECF No. 200). To our knowledge, Texas's assertion is unprecedented in the decades of voting rights litigation by the United States.

role in the decision of the Texas Legislature to enact SB 14 or the decision of the Texas Governor to sign the bill into law. Thus, for example, information related to the absence of in-person voter impersonation that Defendants suspect some of these Members of Congress may have in their possession has no bearing on this case because none of it would have entered into the Texas Legislature's consideration at the time of SB 14's enactment. And, other than Representative Veasey, who served in the 82nd Session of the Texas Legislature and who as a plaintiff in this case is obviously subject to discovery, no party has listed a Member of Congress as a witness with regard to the potential results of the legislation.

## II. THE STATE'S DISCOVERY REQUESTS DO NOT COMPORT WITH THE FEDERAL RULES BECAUSE MEMBERS OF CONGRESS ARE NOT PARTIES

The federal rules provide that any party may serve a request for documents on any other party so long as the documents are in the "possession, custody, or control of the party upon whom the request is served." Fed.R.Civ.P. 34(a)(1). Such discovery directed toward Members of Congress and their staff falls outside that rule for the simple fact that they are neither parties to this litigation nor represented by the Department of Justice. We note that the United States House of Representatives and Senate each have their own legal counsel offices that may represent their respective members. 2 U.S.C. §130f (Office of General Counsel of the House to provide representation to Representatives) (recodification pending at 2 U.S.C. § 5571; Rule of the House II.8 (same), Office of General Counsel, *at* www.ogc.house.gov (same); 2 U.S.C. §§288b, 288c, and 288k (Office of Senate Legal Counsel to provide representation to Senators). As a result, the requested information is not within the possession, custody, or control of the United States.

Courts have consistently recognized that the existence of three constitutionally defined branches of the federal government precludes party discovery upon Congress in an action brought by the United States.

> The defendants apparently perceive the plaintiff, the United States, in very broad terms. In this instance, the Department of Justice and the EPA are the executive agencies involved [and the] defendants want information from a subcommittee of the House of Representatives. This is not a question of a different executive agency; this in fact is an entirely separate branch of the federal government.

*United States v. Davis*, 140 F.R.D. 261, 262 (D.R.I. 1992). As the court noted in *Davis*, the Speech or Debate clause of the U.S. Constitution reinforces "the separate identity that Congress has under the Constitution." *Id.* at 263.

Here, contrary to the constitutional doctrine of separation of powers, the Defendants improperly seek to obtain information from 22 Members of Congress and their staff, none of whom the United States represents, by serving party discovery on the United States. Defendants make such requests without citing a single case that lends support for doing so under the circumstances here. Should Texas seek to compel the production of documents from such non-parties, the appropriate approach is to serve subpoenas pursuant to Rule 45 of the Federal Rules of Civil Procedure.

### III. CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court issue a protective order narrowing the scope of the Defendants' First Request for Production to that contemplated by the federal rules. Pursuant to Local Rule 7.1(c), a proposed order granting the requested relief is attached.

Date:  March 24, 2014

                                                  Respectfully submitted,

KENNETH MAGIDSON                     JOCELYN SAMUELS
United States Attorney                       Acting Assistant Attorney General
Southern District of Texas                 Civil Rights Division

                                                  */s/ Avner Shapiro*
                                                  T. CHRISTIAN HERREN, JR.
                                                  MEREDITH BELL-PLATTS
                                                  ELIZABETH S. WESTFALL
                                                  BRUCE I. GEAR
                                                  AVNER SHAPIRO
                                                  JENNIFER L. MARANZANO
                                                  ANNA M. BALDWIN
                                                  DANIEL J. FREEMAN
                                                  Attorneys, Voting Section
                                                  Civil Rights Division
                                                  Department of Justice
                                                  950 Pennsylvania Avenue, N.W.
                                                  Washington, D.C. 20530

## **CERTIFICATE OF SERVICE**

   I hereby certify that on March 24, 2014, I served a true and correct copy of the foregoing via the Court's ECF system on the following counsel of record:

John B. Scott
John Reed Clay, Jr.
Gregory David Whitley
Jonathan F. Mitchell
Sean Flammer
Stephen Ronald Keister
Office of the Texas Attorney General
john.scott@texasattorneygeneral.gov
reed.clay@texasattorneygeneral.gov
david.whitley@texasattorneygeneral.gov
jonathan.mitchell@texasattorneygeneral.gov
sean.flammer@texasattorneygeneral.gov
ronny.keister@texasattorneygeneral.gov

*Counsel for Defendants*

Chad W. Dunn
Kembel Scott Brazil
Brazil & Dunn
chad@bradzilanddunn.com
scott@bazilanddunn.com

J. Gerald Hebert
Law Offices of J. Gerald Hebert
ghebert@campaignlegalcenter.org

Neil G. Baron
Law Offices of Neil G. Baron
neil@ngbaronlaw.com

Armand Derfner
Derfner, Altman, & Wilborn
aderfner@dawlaw.com

Luiz Roberto Vera, Jr.
lrvlaw@sbcglobal.net

*Counsel for Veasey Plaintiffs*

Christina Swarns
Ryan P. Haygood
Natasha M. Korgaonkar
Leah C. Aden
Deuel Ross
NAACP Legal Defense and Educational
 Fund, Inc.
cswarns@naacpldf.org
rhaygood@naacpldf.org
nkorgaonkar@naacpldf.org
laden@naacpldf.org
dross@naacpldf.org

Danielle Conley
Jonathan Paikin
Kelly P. Dunbar
Sonya L. Lebsack
Gerald J. Sinzdak
Lynn Eisenberg
M. Hasan Ali
Richard F. Shordt
WilmerHale LLP
danielle.conley@wilmerhale.com
jonathan.paikin@wilmerhale.com
kelly.dunbar@wilmerhale.com
sonya.lebsack@wilmerhale.com
Gerard.sinzdak@wilmerhale.com
Lynn.eisenberg@wilmerhale.com
hasan.ali@wilmerhale.com
richard.shordt@wilmerhale.com

*Counsel for Texas League of Young Voters Plaintiff-Intervenors*

Ezra D. Rosenberg
Amy L. Rudd
Dechert LLP
ezra.rosenberg@dechert.com
amy.rudd@dechert.com

Wendy Weiser
Jennifer Clark
Myrna Pérez
Vishal Agraharkar
Brennan Center for Justice at NYU School of Law
wendy.weiser@nyu.edu
jenniferl.clark@nyu.edu
myrna.perez@nyu.edu
vishal.argraharkar@nyu.edu

Mark A. Posner
Sonia Kaur Gill
Erandi Zamora
Lawyers' Committee for Civil Rights
mposner@lawyerscommittee.org
sgill@lawyerscommittee.org
ezamora@lawyerscommittee.org

*Counsel for Texas State Conference of NAACP Branches Plaintiffs*

Jose Garza
Marinda van Dalen
Robert W. Doggett
Peter McGraw
Texas Rio Grande Legal Aid, Inc.
jgarza@trla.org
mvandalen@trla.org
rdoggett@trla.org
pmcgraw@trla.org

*Counsel for Ortiz Plaintiffs*

Rolando L. Rios
Law Offices of Rolando L. Rios
rrios@rolandorioslaw.com

*Counsel for Texas Association of Hispanic County Judges and County Commissioners Plaintiff-Intervenors*

 */s/ Avner Shapiro*
 Avner Shapiro (DC Bar No. 452475)
 Voting Section
 Civil Rights Division
 U.S. Department of Justice
 Tel: 202-305-1840
 avner.shapiro@usdoj.gov