# EXHIBIT 13

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>RICK PERRY, *et al.*,<br><br>        Defendants. | Civil Action No. 2:13-cv-193 (NGR) |
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, *et al.*,<br><br>        Plaintiff-Intervenors,<br><br>TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, *et al.*,<br><br>        Plaintiff-Intervenors,<br><br>    v.<br><br>STATE OF TEXAS, *et al.*,<br><br>        Defendants. | Civil Action No. 2:13-cv-263 (NGR) |

1

| | |
|---|---|
| TEXAS STATE CONFERENCE OF NAACP BRANCHES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> NANDITA BERRY, *et al.*, <br><br> Defendants. | Civil Action No. 2:13-cv-291 (NGR) |
| BELINDA ORTIZ, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF TEXAS, *et al.*, <br><br> Defendants | Civil Action No. 2:13-cv-348 (NGR) |

**PLAINTIFFS' AND PLAINTIFF-INTERVENORS' NOTICE OF RULE 30(b)(6) DEPOSITION OF THE TEXAS ATTORNEY GENERAL AND REQUEST FOR DOCUMENTS <u>RELIED UPON BY 30(b)(6) DESIGNEES</u>**

Pursuant to Federal Rules of Civil Procedure 26 and 30(b)(6), Plaintiffs and Plaintiff-Intervenors[1] give notice that they will take the deposition by oral examination of the Texas Attorney General (the "Attorney General"), testifying through one or more individuals designated by the Attorney General to testify on his behalf, concerning the matters listed in the attached Exhibit A.

If the Attorney General designates more than one deponent in response to this notice, he is requested to identify the specific subject matters (listed on Exhibit A to this Notice) on which

---

[1] This Notice and Request is served on behalf of the Texas League of Young Voters group, the Veasey group, the Texas NAACP group, the Ortiz group, and the Texas Association of Hispanic Judges group.

2

each designated individual will be prepared to testify. The person or persons designated as deponents shall be prepared to testify as to matters within their knowledge and as to matters known by or reasonably available to the Attorney General. This notice serves to inform the Attorney General that he has a duty to make such designation.

Plaintiffs and Plaintiff-Intervenors further request that the Attorney General produce by March 9, 2014, any and all documents that the Attorney General's designee or designees relied on to prepare for testimony as to matters within their knowledge and as to matters known by or reasonably available to the Attorney General. For the purpose of this Rule 30(b)(6) deposition, "document" is defined to be synonymous in meaning and scope as the term "document" is used under Federal Rule of Civil Procedure 34 and the phrase "writings and recordings" is defined as it is in Federal Rule of Evidence 1001 and includes any printed or handwritten material, any form or medium of electronically stored information, as well as all non-identical copies or drafts thereof and all copies bearing any notation or mark not found on the original.

This deposition shall be held at 9:30 am on March 12, 2014, at the offices of Dechert LLP, 300 W. 6th Street, Austin, Texas, or at another mutually agreeable time, date, and place. The deposition will be recorded by stenographic means and may be recorded by audiovisual means, conducted before an individual authorized to administer oaths, and used for any purpose permitted under the Federal Rules of Civil Procedure or court order, including as record evidence in any future proceedings.

Date: February 12, 2014

Respectfully submitted,

*/s/* Ryan P. Haygood

| | |
|---|---|
| Christina Swarns | Chad W. Dunn |
| Ryan P. Haygood | Brazil & Dunn |
| Natasha M. Korgaonkar | chad@bradzilanddunn.com |
| Leah C. Aden | |
| Deuel Ross | Luiz Roberto Vera, Jr. |
| NAACP Legal Defense and Educational Fund, Inc. | lrvlaw@sbcglobal.net |
| 40 Rector Street, 5th Floor | Armand Derfner |
| New York, NY 10006 | Derfner, Altman, & Wilborn |
| cswarns@naacpldf.org | aderfner@dawlaw.com |
| rhaygood@naacpldf.org | |
| nkorgaonkar@naacpldf.org | Neil G. Baron |
| laden@naacpldf.org | Law Offices of Neil G. Baron |
| dross@naacpldf.org | neil@ngbaronlaw.com |

Danielle Conley          *Counsel for the Veasey Plaintiffs*
Jonathan Paikin
Kelly P. Dunbar
Sonya L. Lebsack         */s/ Rolando L. Rios*
M. Hasan Ali             Rolando L. Rios
WilmerHale LLP           Law Offices of Rolando L. Rios
1875 Pennsylvania Avenue NW    rrios@rolandorioslaw.com
Washington, DC 20006
danielle.conley@wilmerhale.com    *Counsel for the Texas Association of*
jonathan.paikin@wilmerhale.com    *Hispanic County Judges and County*
kelly.dunbar@wilmerhale.com       *Commissioners Plaintiff-Intervenors*
sonya.lebsack@wilmerhale.com
hasan.ali@wilmerhale.com          */s/ Jose Garza*
                                  Jose Garza
*Counsel for Texas League of Young Voters,*   Marinda van Dalen
*Imani Clark, Aurica Washington, Crystal*     Robert W. Doggett
*Owens, and Michelle Bessiake Plaintiff-*     Peter McGraw
*Intervenors*                                 Texas Rio Grande Legal Aid, Inc.
                                              jgarza@trla.org
                                              mvandalen@trla.org
*/s/ Gerald Hebert*                           rdoggett@trla.org
J. Gerald Hebert                              pmcgraw@trla.org
Law Offices of J. Gerald Hebert
ghebert@campaignlegalcenter.com               *Counsel for the Ortiz Plaintiffs*

4

*/s/ Ezra D. Rosenberg*
Ezra D. Rosenberg
Amy L. Rudd
Dechert LLP
ezra.rosenberg@dechert.com
amy.rudd@dechert.com

Wendy Weiser
Jennifer Clark
Vishal Agraharkar
Brennan Center for Justice at NYU School of Law

wendy.weiser@nyu.edu
jenniferl.clark@nyu.edu
vishal.argraharkar@nyu.edu

Mark A. Posner
Sonia Kaur Gill
Lawyers' Committee for Civil Rights
mposner@lawyerscommittee.org
sgill@lawyerscommittee.org

*Counsel for the Texas State Conference of the NAACP Plaintiffs*

5

## **CERTIFICATE OF SERVICE**

  I hereby certify that on February 12, 2014, I served a true and correct copy of the foregoing via electronic mail on the counsel of record in this case.

                 */s/* Natasha M. Korgaonkar
                 Natasha M. Korgaonkar
                 NAACP Legal Defense Fund
                 40 Rector Street, Floor 5
                 New York, New York 10006
                 nkorgaonkar@naacpldf.org

**EXHIBIT A**

**NOTICE OF RULE 30(b)(6) DEPOSITION
OF THE TEXAS ATTORNEY GENERAL**

**DEFINITIONS**

The following rules of construction apply to all subjects listed below:

1. As used herein, the term "document" is defined to be synonymous in meaning and scope as the term "document" is used under Federal Rule of Civil Procedure 34.

2. As used herein, the terms "all" and "each" shall be construed as all and each.

3. As used herein, the terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the deposition subject all matters that might otherwise be construed to be outside the scope.

4. As used herein, the use of the singular form of any word includes the plural and vice versa.

5. "Concerning" means, without limitation: about; referring to; relating to; regarding; evidencing; constituting; comprising; containing; setting forth; arising out of; summarizing; reflecting; stating; describing; noting; embodying; showing; supporting; mentioning; studying; analyzing; discussing or evaluating.

**MATTERS FOR EXAMINATION**

1. Any and all complaints, allegations, referrals for investigation, investigations, charges, and/or prosecutions, either through the Texas Attorney General's office or in conjunction with local, county, or municipal law enforcement and prosecutorial authorities, concerning alleged, actual, or attempted voting and/or election fraud occurring within the State of Texas from January 1, 2000 to the present, including, but not limited to

    a. alleged voter impersonation (including in-person voter impersonation), mail-in ballot fraud, voting by citizens and/or non-citizens, or other instances of illegal voting or obstruction of voting in violation of the Texas Election or Penal Code, or any other applicable law;

    b. the date(s), election, person(s) involved, nature of offense, and location of such instances of voting or election fraud; and,

    c. the ultimate findings and/or disposition of any such complaints, allegations, referrals, investigations, or prosecutions.

7

2. Any and all guidelines, regulations, policies and procedures relating to the handling, referral, investigation, and prosecution of incidents of alleged, actual, or attempted voting and/or election fraud, including any documents, policies, manuals, presentations, or other material prepared for training individuals acting under the purview of the Texas Attorney General's office or for training local, county, or municipal law enforcement and prosecutorial authorities.

3. Any human, financial, and/or other resources devoted by the Texas Attorney General's office to investigating, pursuing, and/or prosecuting voting and/or election fraud from January 1, 2000 to the present, including, but not limited to

    a. the budget or other monetary resources devoted to investigate or otherwise combat voting and/or election fraud;

    b. the number of investigators, law enforcement officials, or other individuals assigned to investigate or otherwise combat instances of voting and/or election fraud; and,

    c. any assistance or grants received from other Texas or federal entities for such purpose.

4. Any and all analyses, manuals, studies, databases, or spreadsheets concerning voting and/or election fraud, including, but not limited to, voter impersonation (including in-person voter impersonation), mail-in ballot fraud, voting by non-citizens, or other instances of illegal voting or obstruction of voting in violation of the Texas Election or Penal Code, or any other applicable law.

5. Any and all communications, discussions, collaborations, coordination, documents, or correspondence from January 1, 2002 to the present with the Governor's office, the Lieutenant Governor's office, the Texas Secretary of State, the Department of Public Safety, the Public Safety Commission, or other entity within the executive branch of the state of Texas concerning:

    a. voter impersonation (including in-person voter impersonation), mail-in ballot fraud, voting by citizens and/or non-citizens, or other instances of illegal voting or obstruction of voting in violation of the Texas Election or Penal Code, or any other applicable law;

    b. guidelines, regulations, policies, and procedures put forth by other state agencies relating to the manner in which elections are held or voting is conducted within the state of Texas;

    c. prospective or enacted legislation concerning enhanced procedures for voter identification, including, but not limited to, S.B. 14 (2011), S.B. 362 (2009), H.B. 218 (2007), or H.B. 1706 (2005), and,

    d. the implementation of procedures for voter identification, including, but not limited to, S.B. 14 (2011).

8

6. Any and all communication, discussion, collaboration, coordination, documents, or correspondence from January 1, 2000 to the present with members of the Texas Legislature or their staff, including, but not limited to, caucuses, committees, or entities within the legislative branch of the state of Texas, concerning:

    a. voter impersonation (including in-person voter impersonation), mail-in ballot fraud, voting by citizens and/or non-citizens, or other instances of illegal voting in violation of the Texas Election and Penal Code, or any other applicable law;

    b. guidelines, regulations, policies, and procedures put forth by other state agencies relating to the manner in which elections are held or voting is conducted within the state of Texas;

    c. prospective or enacted legislation relating to enhanced procedures for voter identification, including, but not limited to, S.B. 14 (2011), S.B. 362 (2009), H.B. 218 (2007), or H.B. 1706 (2005);

    d. the implementation of procedures for voter identification, including, but not limited to, S.B. 14 (2011); and,

    e. the enforceability of SB 14 following the U.S. District Court of the District of Columbia's decision to vacate its previous denial of preclearance to SB 14, *Texas v. Holder*, No. 12-cv-128 (D.D.C. Aug. 27, 2013), ECF No. 382.

7. Any and all communication, discussion, collaboration, coordination, documents, or correspondence from January 1, 2000 to the present with non-governmental organizations or other states' officials and agencies concerning:

    a. voting and election fraud, including voter impersonation (including in-person voter impersonation), mail-in ballot fraud, voting by non-citizens, or other instances of alleged, actual, or attempted voting and/or election fraud or illegal voting in violation of the Texas Election and Penal Code, or any other applicable law;

    b. the impact of voter identification laws generally or on specific subgroups, including any reports, studies, or data provided or requested by non-governmental organizations or other states' officials and agencies; and,

    c. prospective or enacted legislation concerning enhanced procedures for voter identification in Texas or in other states, including, but not limited to, S.B. 14 (2011), S.B. 362 (2009), H.B. 218 (2007), or H.B. 1706 (2005).

8. Any and all communication, discussion, collaboration, coordination, documents, or correspondence from January 1, 2000 to the present with members of the media (including, without limitation, all print, television, or internet media) or public concerning:

    a. voting and election fraud, including voter impersonation (including in-person voter impersonation), mail-in ballot fraud, voting by non-citizens, or other instances of

9

      alleged, actual, or attempted voting and/or election fraud or illegal voting in violation of the Texas Election and Penal Code, or any other applicable law; and,

    b. prospective or enacted legislation concerning enhanced procedures for voter identification, including, but not limited to, S.B. 14 (2011), S.B. 362 (2009), H.B. 218 (2007), or H.B. 1706 (2005).

9. All information, reports, studies, and data provided to or requested by the Texas legislature, whether directly or through a caucus, committee, other legislative entity, Texas agency or official, concerning S.B. 14 (2011), S.B. 362 (2009), H.B. 218 (2007), or H.B. 1706 (2005) during the consideration, preparation for implementation, or implementation of those bills.

10. Any and all initiatives, trainings, or programs to educate the public about voting and/or election fraud and S.B. 14, including the acceptable forms of photo identification under that law.

11. Any and all initiatives, trainings, or programs to educate or train poll workers, and/or election officials about voting and/or election fraud and S.B. 14, including how to identify voting and/or election fraud, and the required forms of photo identification and procedures under S.B. 14.

12. Any studies, reports, documents, or analyses concerning the effectiveness of any and all initiatives, trainings, or programs identified in response to Topic Numbers 9 and 10 listed above.