EXHIBIT 14

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*, <br><br>        Plaintiffs, <br><br>        v. <br><br> RICK PERRY, *et al.*, <br><br>        Defendants. | Civil Action No. 2:13-cv-193 (NGR) |
| UNITED STATES OF AMERICA, <br><br>        Plaintiff, <br><br> TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, *et al.*, <br><br>        Plaintiff-Intervenors, <br><br> TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, *et al.*, <br><br>        Plaintiff-Intervenors, <br><br>        v. <br><br> STATE OF TEXAS, *et al.*, <br><br>        Defendants. | Civil Action No. 2:13-cv-263 (NGR) |

1

| | |
|---|---|
| TEXAS STATE CONFERENCE OF NAACP BRANCHES, *et al.*,<br><br>     Plaintiffs,<br><br>     v.<br><br>NANDITA BERRY, *et al.*,<br><br>     Defendants. | Civil Action No. 2:13-cv-291 (NGR) |
| BELINDA ORTIZ, *et al.*,<br><br>     Plaintiffs,<br><br>     v.<br><br>STATE OF TEXAS, *et al.*,<br><br>     Defendants | Civil Action No. 2:13-cv-348 (NGR) |

**PLAINTIFFS' AND PLAINTIFF-INTERVENORS'**
**NOTICE OF RULE 30(b)(6) DEPOSITION OF**
**THE TEXAS PUBLIC SAFETY COMMISSION AND REQUEST FOR DOCUMENTS**
<u>**RELIED UPON BY 30(b)(6) DESIGNEES**</u>

Pursuant to Federal Rules of Civil Procedure 26 and 30(b)(6), Plaintiffs and Plaintiff-Intervenors give notice that they will take the deposition by oral examination of the Texas Public Safety Commission (the "Commission"), testifying through one or more individuals designated by the Commission to testify on its behalf, concerning the matters listed in the attached Exhibit A.

If the Commission designates more than one deponent in response to this notice, it is requested to identify the specific subject matters (listed on Exhibit A to this Notice) on which each designated individual will be prepared to testify. The person or persons designated as

2

deponents shall be prepared to testify as to matters within their knowledge and as to matters known by or reasonably available to the Commission. This notice serves to inform the Commission that it has a duty to make such designation.

Plaintiffs and Plaintiff-Intervenors further request that the Commission produce by March 7, 2014, any and all documents that the Commission's designee or designees relied on to prepare for testimony as to matters within their knowledge and as to matters known by or reasonably available to the Commission. For the purpose of this Rule 30(b)(6) deposition, "document" is defined to be synonymous in meaning and scope as the term "document" is used under Federal Rule of Civil Procedure 34 and the phrase "writings and recordings" is defined as it is in Federal Rule of Evidence 1001 and includes any printed or handwritten material, any form or medium of electronically stored information, as well as all non-identical copies or drafts thereof and all copies bearing any notation or mark not found on the original.

This deposition shall be held at 9:30 am on March 11, 2014, at the offices of Dechert LLP, 300 W. 6th Street, Austin, Texas, or at another mutually agreeable time, date, and place. The deposition will be recorded by stenographic means and may be recorded by audiovisual means, conducted before an individual authorized to administer oaths, and used for any purpose permitted under the Federal Rules of Civil Procedure or court order, including as record evidence in any future proceedings.

Date: February 12, 2014

Respectfully submitted,

*/s/* Ryan P. Haygood

Christina Swarns
Ryan P. Haygood
Natasha M. Korgaonkar
Leah C. Aden
Deuel Ross
NAACP Legal Defense and Educational
 Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006
cswarns@naacpldf.org
rhaygood@naacpldf.org
nkorgaonkar@naacpldf.org
laden@naacpldf.org
dross@naacpldf.org

Danielle Conley
Jonathan Paikin
Kelly P. Dunbar
Sonya L. Lebsack
M. Hasan Ali
WilmerHale LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
danielle.conley@wilmerhale.com
jonathan.paikin@wilmerhale.com
kelly.dunbar@wilmerhale.com
sonya.lebsack@wilmerhale.com
hasan.ali@wilmerhale.com

*Counsel for Texas League of Young Voters, Imani Clark, Aurica Washington, Crystal Owens, and Michelle Bessiake Plaintiff-Intervenors*

*/s/ Elizabeth S. Westfall*
T. Christian Herren, Jr.
Meredith Bell-Platts
Elizabeth S. Westfall
Bruce I. Gear
Jennifer L. Maranzano

Anna M. Baldwin
Daniel J. Freeman
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
Room 7254 NWB
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

*Counsel for the United States*

*/s/ Gerald Hebert*
J. Gerald Hebert
Law Offices of J. Gerald Hebert
ghebert@campaignlegalcenter.com

Chad W. Dunn
Kembel Scott Brazil
Brazil & Dunn
chad@bradzilanddunn.com
scott@bazilanddunn.com

Armand Derfner
Derfner, Altman, & Wilborn
aderfner@dawlaw.com

Neil G. Baron
Law Offices of Neil G. Baron
neil@ngbaronlaw.com

Luiz Roberto Vera, Jr.
lrvlaw@sbcglobal.net

*Counsel for the Veasey Plaintiffs*

4

*/s/ Rolando L. Rios*
Rolando L. Rios
Law Offices of Rolando L. Rios
rrios@rolandorioslaw.com

*Counsel for the Texas Association of Hispanic County Judges and County Commissioners Plaintiff-Intervenors*


*/s/ Jose Garza*
Jose Garza
Marinda van Dalen
Robert W. Doggett
Peter McGraw
Texas Rio Grande Legal Aid, Inc.
jgarza@trla.org
mvandalen@trla.org
rdoggett@trla.org
pmcgraw@trla.org

*Counsel for the Ortiz Plaintiffs*

*/s/ Ezra D. Rosenberg*
Ezra D. Rosenberg
Amy L. Rudd
Dechert LLP
ezra.rosenberg@dechert.com
amy.rudd@dechert.com

Wendy Weiser
Jennifer Clark
Vishal Agraharkar
Brennan Center for Justice at NYU School of
    Law
wendy.weiser@nyu.edu
jenniferl.clark@nyu.edu
vishal.argraharkar@nyu.edu

Mark A. Posner
Sonia Kaur Gill
Lawyers' Committee for Civil Rights
mposner@lawyerscommittee.org
sgill@lawyerscommittee.org

*Counsel for the Texas State Conference of the NAACP Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 12, 2014, I served a true and correct copy of the foregoing via electronic mail on the counsel of record in this case.

                                                          */s/* Natasha M. Korgaonkar
                                                          Natasha M. Korgaonkar
                                                          NAACP Legal Defense Fund
                                                          40 Rector Street, Floor 5
                                                          New York, New York 10006
                                                          nkorgaonkar@naacpldf.org

**EXHIBIT A**

**NOTICE OF RULE 30(b)(6) DEPOSITION
OF THE TEXAS PUBLIC SAFETY COMMISSION**

**DEFINITIONS**

The following rules of construction apply to all subjects listed below:

1. As used herein, the term "document" is defined to be synonymous in meaning and scope as the term "document" is used under Federal Rule of Civil Procedure 34.

2. As used herein, the terms "all" and "each" shall be construed as all and each.

3. As used herein, the terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the deposition subject all matters that might otherwise be construed to be outside the scope.

4. As used herein, the use of the singular form of any word includes the plural and vice versa.

5. "Concerning" means, without limitation: about; referring to; relating to; regarding; evidencing; constituting; comprising; containing; setting forth; arising out of; summarizing; reflecting; stating; describing; noting; embodying; showing; supporting; mentioning; studying; analyzing; discussing or evaluating.

**MATTERS FOR EXAMINATION**

1. Any and all communications, discussions, and collaborations with the Texas Secretary of State and/or Attorney General's office regarding Senate Bill 14 (2011) ("SB 14"), including analyses or issues considered by the Commission concerning the feasibility of establishing Election Identification Certificates ("EICs"), the cost of implementing EICs, the availability of EICs, and any/all burdens acquiring an EIC would impose on eligible voters.

2. The process used, and information (including documents, analyses, presentations, and/or reports) considered by the Commission in evaluating how to implement EICs for the purposes of complying with SB 14, including but not limited to:

    a. The report and discussion (regarding 37 Texas Administrative Code 15.181-185) considered at the September 27, 2011 Commission meeting;

    b. The report and discussion (regarding 37 Texas Administrative Code 15.181-185) considered at the November 17, 2011 Commission meeting; and,

7

  c. The discussion regarding EICs and "EIC kits" at the October 17, 2013 Commission meeting.

3. Discussions, reports, presentations, analyses, or other information concerning, whether, how, and where to make EICs available to voters in Texas, including "EIC kits," the process for applying for an EIC, the process used by Department of Public Safety ("DPS") employees to evaluate the sufficiency of an EIC application, outreach to legislators regarding EICs and/or EIC kits, and the locations where an EIC application may be submitted and/or issued.

4. The discussion concerning HB 1349 at the June 4, 2013 Commission meeting, and any documents, reports, presentations, or materials considered by the Commission regarding HB 1349.

5. All analyses of registered voters, including racial demographics, who possess or do not possess a Texas driver license, personal identification card, or license to carry a concealed handgun conducted between January 1, 2005 and May 27, 2011, including but not limited to analyses conducted between January and March 2011 by DPS and the Elections Division of the Secretary of State.

6. All analyses of registered voters, including analyses considering racial demographics, who possess or do not possess a Texas driver license, personal identification card, or license to carry a concealed handgun conducted between August 31, 2012 and the present.

7. The processes and costs for a voter to obtain secondary identification necessary to secure an EIC pursuant to S.B. 14 and Section 15.182 of Title 37 of the Texas Administrative Code.

8. Any and all reports, presentations, analyses, or other information considered by the Commission when determining the accessibility of DPS offices to voters for the purposes of applying for EICs, and for the purposes of receiving EICs.

9. Any reports, presentations, analyses, or other information considered by the Commission when determining why and where to open new DPS offices or to close existing DPS offices (whether temporarily or permanently) from July 2012 through present, including, but not limited to, DPS mega-centers and any other DPS offices that accept applications for EICs.

10. Any review or analysis conducted or received by the Commission concerning whether and when to provide for extended hours for certain DPS offices.

11. The process by which, and reasons why, the Commission opened "mobile stations" for the purpose of issuing EICs, including:

  a. How the Commission determined which counties, cities/towns, neighborhoods, and routes to send mobile stations;

  b. How the Commission determined and selected the college and university campuses to which it would make mobile stations available;

8

  c. How the Commission determined when and for how long the mobile stations would be made available;

  d. How the Commission communicated the availability of mobile stations to the public;

  e. The Commission's plans to deploy mobile centers in the future;

  f. Any collaboration with the Secretary of State regarding mobile stations; and,

  g. Any/all documents relied upon by the Commission when considering whether to open mobile stations.

12. Any guidance, assistance, or instructions provided by the Commission to DPS concerning DPS's obligations under SB 14, including:

  a. How to make EIC services available to applicants;

  b. When, where, and how long to make EIC services available to applicants.

13. The Commission's coordination and communications with, and instructions to, DPS regarding budgets and resources for DPS offices' and mobile centers' EIC services.

14. The Commission's coordination or communication with the Texas Secretary of State's office, voter registrars, county clerks, election administrators, assessors, or other government personnel regarding issuing EICs at any locations other than DPS offices and mobile centers.

15. The Commission's coordination or communication with the Department of Vital Statistics regarding the issuance of underlying documentation required to apply for an EIC, including birth certificates.

16. The Commission's coordination or communication with any high schools, colleges, universities, or other educational institutions with respect to assisting with and/or facilitating the acquisition and completion of applications for EICs, including materials, directions, notices, and instructions provided by the Commission to DPS offices, and/or to those educational institutions, to coordinate the same.

17. Any correspondence, concerns, complaints from the public received by the Commission regarding distribution of EICs, and any responses concerning the same.

18. Any legislative or administrative changes to the processes or documentation required to obtain a Texas driver's license, license to carry, or personal identification card between January 1, 2008 and the present.

19. Discussions, reports, presentations, analyses, or other information concerning, whether to alter, and how to alter, the processes or documentation required to obtain a Texas driver's license, license to carry, or personal identification card between January 1, 2008 and the

present, including any coordination or communication with the Texas Governor's Office, Secretary of State's Office, Attorney General's Office, the legislative branch, other Texas officials, or any federal agency.

20. Cost estimates, budget allocations, and final costs for providing free EICs, mobile EIC units, and extended hours at select DPS locations for the purposes of issuing EICs, as well as any cost estimates, budget allocations, or final costs for advertising the availability of EICs or the hours and locations where EICs were or will be made available.