# EXHIBIT

# 8

# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, JANE HAMILTON, SERGIO DELEON, FLOYD J. CARRIER, ANNA BURNS, MICHAEL MONTEX, PENNY POPE, OSCAR ORTIZ, KOBY OZIAS, JOHN MELLOR-CRUMLEY, JANE DOE, JOHN DOE, LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), AND DALLAS COUNTY, TEXAS, | ) ) ) ) ) ) ) ) ) ) |
| *Plaintiffs,* | ) ) |
| v. | ) ) |
| RICK PERRY, Governor of Texas; and JOHN STEEN, Texas Secretary of State, | ) ) ) |
| *Defendants.* | ) ) ) |
| | ) |
| UNITED STATES OF AMERICA, | ) ) |
| *Plaintiffs,* | ) ) |
| v. | ) ) |
| STATE OF TEXAS, JOHN STEEN, in his official capacity as Texas Secretary of State; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety, | ) ) ) ) ) ) ) |
| *Defendants.* | ) ) ) |
| | ) |
| TEXAS STATE CONFERENCE OF NAACP BRANCHES; and the MEXICAN AMERICAN LEGISLATIVE CAUCUS OF THE TEXAS HOUSE OF REPRESENTATIVES, | ) ) ) ) ) |

CIVIL ACTION NO.
2:13-CV-193 (NGR)
[Lead case]

CIVIL ACTION NO.
2:13-CV-263 (NGR)
[Consolidated case]

|  |  |
|---|---|
| *Plaintiffs,* | ) |
| v. | ) |
|  | ) CIVIL ACTION NO. |
| JOHN STEEN, in his official capacity as | ) 2:13-CV-291 (NGR) |
| Secretary of State of Texas; and STEVE | ) [Consolidated case] |
| McCRAW, in his official capacity as Director | ) |
| of the Texas Department of Public Safety, | ) |
|  | ) |
| *Defendants.* |  |

## DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the State of Texas, Rick Perry, John Steen and Steve McCraw, by and through the Attorney General for the State of Texas respond to the United States' First Set of Requests for Production of Documents.

## GENERAL OBJECTIONS

Defendants object to each Request: (1) insofar as it calls for the production of documents not in Defendants' possession, custody, or control; (2) insofar as it calls for the production of documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged; (3) insofar as it calls for the production of documents which are publicly available or otherwise equally available and/or uniquely available or equally available from third parties; (4) insofar as it calls for the production of documents that do not specifically refer to the events which are the subject matter of this litigation; and (5) insofar as it calls for the production of documents which are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to

the discovery of admissible evidence.

The inadvertent production or disclosure of any privileged documents or information shall not constitute or be deemed to be a waiver of any applicable privilege with respect to such document or information (or the contents or subject matter thereof) or with respect to any other such document or discovery now or hereafter requested or provided. Defendants reserve the right not to produce documents that are in part protected by privilege, except on a redacted basis, and to require the return of any document (and all copies thereof) inadvertently produced. Defendants likewise do not waive the right to object, on any and all grounds, to (1) the evidentiary use of documents produced in response to these requests; and (2) discovery requests relating to those documents.

Defendants submit these responses and objections without conceding the relevancy or materiality of the subject matter of any request or of any document, or that any responsive materials exist.

Defendants' responses and objections are not intended to be, and shall not be construed as, agreement with Plaintiff's characterization of any facts, circumstances, or legal obligations. Defendants reserve the right to contest any such characterization as inaccurate. Defendants also object to the requests to the extent they contain any express or implied assumptions of fact or law concerning matters at issue in this litigation.

The responses and objections contained herein are made on the basis of information now known to Defendants and are made without waiving any further

objections to or admitting the relevancy or materiality of any of the information requested. Defendants' investigation, discovery and preparation for proceedings are continuing and all answers are given without prejudice to Defendants' right to introduce or object to the discovery of any documents, facts or information discovered after the date hereof.

Defendants will provide their responses based on terms as they are commonly understood, and consistent with the Federal Rules of Civil Procedure. Defendants object to and will refrain from extending or modifying any words employed in the requests to comport with expanded definitions or instructions.

## SPECIFIC RESPONSES AND OBJECTIONS

1. All database dictionaries and user manuals related to the Texas Election Administration Management (TEAM) database, the driver license and personal identification card database, the election identification certificate database, and the license to carry database.

**RESPONSE: Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request on the ground that it seeks information and documents protected from disclosure by privacy laws. Defendants object to the extent the request presumes that the databases in question may be accurately or reliably compared against each other.**

**Subject to and without waiving the foregoing objections, in *Texas v.***

*Holder*, 888 F.Supp. 2d 113 (D.D.C.2012), the State of Texas produced numerous documents on behalf of the Secretary of State, the Department of Public Service, the Governor's Office, the Lieutenant Governor's Office and the Texas Legislature which are identified in the attached production log. *See* Exhibit A. Defendants incorporate by reference the documents that were produced in *Texas v. Holder* and are already in the custody of the United States. *Id*. Defendants will continue to produce responsive documents on a rolling basis.

2.     All databases or other documents that contain lists of Texas residents who are members of the United States armed forces, possess a United States certificate of citizenship, possess a United States certificate of naturalization, or possess a United States passport.

RESPONSE:  Defendants object to this request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific as it requests "all databases or other documents that contain lists of Texas residents…". Further, the Defendants object to this request on the basis that it seeks information not within their possession, custody, or control.   Further, the Defendants object to this request to the extent it seeks information more readily available to the United States of America than to the Defendants.

Subject to and without waiving the foregoing objections, in *Texas v. Holder*, 888 F.Supp. 2d 113 (D.D.C.2012), the State of Texas produced

**numerous documents on behalf of the Secretary of State, the Department of Public Service, the Governor's Office, the Lieutenant Governor's Office and the Texas Legislature which are identified in the attached production log. *See* Exhibit A. Defendants incorporate by reference the documents that were produced in *Texas v. Holder* and are already in the custody of the United States. *Id*. Defendants will continue to produce responsive documents on a rolling basis.**

3.   With regard to any consideration by the Texas Legislature prior to and including the 83rd session of a requirement that voters present a form of identification in addition to or instead of their voter registration certificate, all documents relating to:

    a.   the origination(s) or source(s), whether private or public, of all such proposals;

    b.   the drafting, development, and introduction of all such proposals;

    c.   all amendments, whether partial or total, to each such proposal and the vote on each;

    d.   all analyses of the effect, of any kind, that could result from the implementation of all such proposals that were conducted for, presented to, or considered by the respective session of the legislature; and

    e.   the consideration of each proposal by each chamber of the legislature, including a description of the final action in each chamber with the final

vote or other determinative outcome.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific as it requests "all documents relating to" "any consideration by the Texas Legislature" "that voters present a form of identification in addition to or instead of their voter registration certificate". Defendants object to this request on the ground that documents showing the procedural sequence of introduction, consideration, and enactment of legislation is publicly available and equally accessible to the Plaintiff. Defendants object to the extent the request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Defendants further object to the extent that this request calls for the production of documents subject to attorney-client privilege, legislative privilege, deliberative process privilege, and attorney work-product doctrine. Defendants object to this request on the ground that it seeks documents and information protected from disclosure by Texas Government Code § 323.017. Defendants object to this request to the extent that it calls for the production of documents within the control of third parties, including independent officers of the State of Texas, whose documents are not within Defendants' possession, custody, or control.

Subject to and without waiving the foregoing objections, in *Texas v. Holder*, 888 F.Supp. 2d 113 (D.D.C.2012), the State of Texas produced

---

**numerous documents on behalf of the Secretary of State, the Department of Public Service, the Governor's Office, the Lieutenant Governor's Office and the Texas Legislature which are identified in the attached production log.** *See* **Exhibit A. Defendants incorporate by reference the documents that were produced in** *Texas v. Holder* **and are already in the custody of the United States.** *Id.* **Defendants will continue to produce responsive documents on a rolling basis.**

4.     All documents related to communications between, among, or with the office of the Governor, the office of the Lieutenant Governor, the office of the Secretary of State, the Department of Public Safety, the office of the Attorney General, Legislators, their staff or agents, lobbyists, groups, associations, organizations, or and members of the public concerning the State of Texas's consideration of a requirement that voters present photographic identification to cast a ballot, including the introduction, enactment, and implementation of SB 14, from December 1, 2010, to the present.

**RESPONSE:  Defendants object to this request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific as it requests "all documents related to communications between, among, or with" the listed government offices, Agencies, Legislators, their staff or agents, lobbyists, groups, associations, organizations, and members of the public. Defendants object to this request on the ground that documents showing**

the procedural sequence of introduction, consideration, and enactment of S.B. 14 are publicly available and equally accessible to Plaintiff. Defendants object to the extent the request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence.   Defendants object to the extent this request calls for the production of documents that implicate legislative privilege. Defendants also object to the extent that this request calls for the production of documents subject to the attorney-client privilege, deliberative process privilege, or the attorney work-product doctrine. Defendants object to this request on the ground that it seeks documents and information protected from disclosure by Texas Government Code § 323.017.   Defendants object to this request to the extent that it calls for the production of documents within the control of third parties, including independent officers of the State of Texas, whose documents are not within Defendants' possession, custody, or control.

Subject to and without waiving the foregoing objections, in *Texas v. Holder*, 888 F.Supp. 2d 113 (D.D.C.2012), the State of Texas produced numerous documents on behalf of the Secretary of State, the Department of Public Service, the Governor's Office, the Lieutenant Governor's Office and the Texas Legislature which are identified in the attached production log. *See* Exhibit A. Defendants incorporate by reference the documents that were produced in *Texas v. Holder* and are already in the custody of the

United States.   *Id*.  Defendants will continue to produce responsive documents on a rolling basis.

5.    All documents related to any calculations, reports, audits, estimates, projections, or other analyses conducted for, considered by, presented to, in the possession of, or relied upon by one or more of the defendants of the effect that SB 14 imposes, or that SB 14 was projected to impose, upon minority voters or on voters who are members of a language minority group, from December 1, 2010, through May 27, 2011.

**RESPONSE:  Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.   Defendants object to the extent this request calls for the production of documents subject to legislative privilege and deliberative process privilege.   Defendants also object to the extent that this request calls for the production of documents subject to the attorney-client   privilege,   or   the   attorney   work-product   doctrine. Defendants object to this request on the ground that it seeks documents and information protected from disclosure by Texas Government Code § 323.017.   Defendants object to this request to the extent that it calls for the production of documents within the control of third parties, including independent officers of the State of Texas, whose documents are not within Defendants' possession, custody, or control.**

Subject to and without waiving the foregoing objections, in *Texas v. Holder*, 888 F.Supp. 2d 113 (D.D.C.2012), the State of Texas produced numerous documents on behalf of the Secretary of State, the Department of Public Service, the Governor's Office, the Lieutenant Governor's Office and the Texas Legislature which are identified in the attached production log. *See* Exhibit A. Defendants incorporate by reference the documents that were produced in *Texas v. Holder* and are already in the custody of the United States. *Id*. Defendants will continue to produce responsive documents on a rolling basis.

6.     All documents related to any calculations, reports, estimates, projections, or other analyses conducted for, considered by, presented to, in the possession of, or relied upon by one or more of the defendants of the impact of SB 14 on voter turnout or voter registration.

**Response:  Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.   Defendants object to the extent this request calls for the production of documents subject to legislative privilege and deliberative process privilege.   Defendants also object to the extent that this request calls for the production of documents subject to the attorney-client privilege, or the attorney work-product doctrine. Defendants object to this request on the ground that it seeks documents**

and information protected from disclosure by Texas Government Code §
323.017.   Defendants object to this request to the extent that it calls for the
production of documents within the control of third parties, including
independent officers of the State of Texas, whose documents are not within
Defendants' possession, custody, or control.

Subject to and without waiving the foregoing objections, in *Texas v.
Holder*, 888 F.Supp. 2d 113 (D.D.C.2012), the State of Texas produced
numerous documents on behalf of the Secretary of State, the Department
of Public Service, the Governor's Office, the Lieutenant Governor's Office
and the Texas Legislature which are identified in the attached production
log. *See* Exhibit A.  Defendants incorporate by reference the documents
that were produced in *Texas v. Holder* and are already in the custody of the
United States.   *Id*.  Defendants will continue to produce responsive
documents on a rolling basis.

7.    All documents related to any calculations, reports, estimates, or other
analyses conducted for, considered by, presented to, in the possession of, or relied
upon by one or more of the defendants of the impact of SB 14 on voter turnout or
voter registration in any federal, state, or local election held in Texas from June 25,
2013, to the present.

RESPONSE:  Defendants object to this request as overly broad, unduly
burdensome, vague, and not reasonably calculated to lead to the discovery

of admissible evidence. Defendants object to the extent this request calls for the production of documents subject to legislative privilege and deliberative process privilege. Defendants also object to the extent that this request calls for the production of documents subject to the attorney-client privilege, or the attorney work-product doctrine. Defendants object to this request on the ground that it seeks documents and information protected from disclosure by Texas Government Code § 323.017. Defendants object to this request to the extent that it calls for the production of documents within the control of third parties, including independent officers of the State of Texas, whose documents are not within Defendants' possession, custody, or control.

Subject to and without waiving the foregoing objections, in *Texas v. Holder*, 888 F.Supp. 2d 113 (D.D.C.2012), the State of Texas produced numerous documents on behalf of the Secretary of State, the Department of Public Service, the Governor's Office, the Lieutenant Governor's Office and the Texas Legislature which are identified in the attached production log. *See* Exhibit A. Defendants incorporate by reference the documents that were produced in *Texas v. Holder* and are already in the custody of the United States. *Id*. Defendants will continue to produce responsive documents on a rolling basis.

---

8.      All documents related to any calculations, reports, estimates, projections, or other analyses conducted for, considered by, presented to, in the possession of, or relied upon by one or more of the defendants of the impact that SB 14 has, or that SB 14 was projected to have, on rates, use, and acceptance of provisional ballots.

**RESPONSE: Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.   Defendants object to the extent this request calls for the production of documents subject to legislative privilege and deliberative process privilege.   Defendants also object to the extent that this request calls for the production of documents subject to the attorney-client privilege, or the attorney work-product doctrine. Defendants object to this request on the ground that it seeks documents and information protected from disclosure by Texas Government Code § 323.017.   Defendants object to this request to the extent that it calls for the production of documents within the control of third parties, including independent officers of the State of Texas, whose documents are not within Defendants' possession, custody, or control.**

**Subject to and without waiving the foregoing objections, in *Texas v. Holder*, 888 F.Supp. 2d 113 (D.D.C.2012), the State of Texas produced numerous documents on behalf of the Secretary of State, the Department of Public Service, the Governor's Office, the Lieutenant Governor's Office and the Texas Legislature which are identified in the attached production**

log. *See* **Exhibit A.  Defendants incorporate by reference the documents that were produced in *Texas v. Holder* and are already in the custody of the United States.   *Id*.  Defendants will continue to produce responsive documents on a rolling basis.**

9.     All documents related to communications between, among, or with the office of the Governor, the office of the Lieutenant Governor, the office of the Secretary of State, the Department of Public Safety, the office of the Attorney General, Legislators, their staff or agents, lobbyists, groups, associations, organizations, or and members of the public concerning the State of Texas's consideration of a requirement that voters present identification to cast a ballot, from January 1, 2005, through November 30, 2010.

**RESPONSE:  Defendants object to this request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific as it requests "all documents related to communications between, among, or with" the listed government offices, departments, Legislators, their staff or agents, lobbyists, groups, associations, organizations, and members of the public. Defendants object to this request to the extent it seeks production of documents that are not relevant or likely to lead to the discovery of admissible evidence.   Defendants object to this request on the ground that is calls for the production of documents subject to legislative privilege. Defendants object to the extent this request calls for the production of**

documents subject to deliberative process privilege, attorney-client privilege, and the attorney work-product doctrine. Defendants object to this request on the ground that it seeks documents and information protected from disclosure by Texas Government Code § 323.017. Defendants object to this request to the extent that it calls for the production of documents within the control of third parties, including independent officers of the State of Texas, whose documents are not within Defendants' possession, custody, or control.

Subject to and without waiving the foregoing objections, in *Texas v. Holder*, 888 F.Supp. 2d 113 (D.D.C.2012), the State of Texas produced numerous documents on behalf of the Secretary of State, the Department of Public Service, the Governor's Office, the Lieutenant Governor's Office and the Texas Legislature which are identified in the attached production log. *See* Exhibit A. Defendants incorporate by reference the documents that were produced in *Texas v. Holder* and are already in the custody of the United States. *Id.* Defendants will continue to produce responsive documents on a rolling basis.

10.   All documents related to any calculations, reports, audits, estimates, projections, or other analyses conducted for, considered by, presented to, in the possession of, or relied upon by one or more of the defendants of the effect that voter identification requirements impose upon minority voters or on voters who are

members of a language minority group, from January 1, 2005, through November 30, 2010.

**RESPONSE:  Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.   Defendants object to the extent this request calls for the production of documents subject to legislative privilege and deliberative process privilege.   Defendants also object to the extent that this request calls for the production of documents subject to the attorney-client privilege, or the attorney work-product doctrine. Defendants object to this request on the ground that it seeks documents and information protected from disclosure by Texas Government Code § 323.017.   Defendants object to this request to the extent that it calls for the production of documents within the control of third parties, including independent officers of the State of Texas, whose documents are not within Defendants' possession, custody, or control.**

**Subject to and without waiving the foregoing objections, in *Texas v. Holder*, 888 F.Supp. 2d 113 (D.D.C.2012), the State of Texas produced numerous documents on behalf of the Secretary of State, the Department of Public Service, the Governor's Office, the Lieutenant Governor's Office and the Texas Legislature which are identified in the attached production log. *See* Exhibit A.  Defendants incorporate by reference the documents that were produced in *Texas v. Holder* and are already in the custody of the**

United States.  *Id*.  Defendants will continue to produce responsive documents on a rolling basis.

11.    All documents related to any calculations, reports, estimates, projections, or other analyses conducted for, considered by, presented to, in the possession of, or relied upon by one or more of the defendants of the impact of voter identification requirements on voter turnout or voter registration, from January 1, 2005, through November 30, 2010.

**RESPONSE:  Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.   Defendants object to the extent this request calls for the production of documents subject to legislative privilege and deliberative process privilege.   Defendants also object to the extent that this request calls for the production of documents subject to the attorney-client privilege, or the attorney work-product doctrine. Defendants object to this request on the ground that it seeks documents and information protected from disclosure by Texas Government Code § 323.017.   Defendants object to this request to the extent that it calls for the production of documents within the control of third parties, including independent officers of the State of Texas, whose documents are not within Defendants' possession, custody, or control.**

Subject to and without waiving the foregoing objections, in *Texas v. Holder*, 888 F.Supp. 2d 113 (D.D.C.2012), the State of Texas produced numerous documents on behalf of the Secretary of State, the Department of Public Service, the Governor's Office, the Lieutenant Governor's Office and the Texas Legislature which are identified in the attached production log. *See* Exhibit A. Defendants incorporate by reference the documents that were produced in *Texas v. Holder* and are already in the custody of the United States. *Id*. Defendants will continue to produce responsive documents on a rolling basis.

12.   All documents related to any calculations, reports, estimates, projections, or other analyses conducted for, considered by, presented to, in the possession of, or relied upon by one or more of the defendants of the impact that voter identification requirements were projected to have on rates, use, and acceptance of provisional ballots, from January 1, 2005, through November 30, 2010.

RESPONSE:  Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.  Defendants object to the extent this request calls for the production of documents subject to legislative privilege and deliberative process privilege.  Defendants also object to the extent that this request calls for the production of documents subject to the attorney-client privilege, or the attorney work-product doctrine.

Defendants object to this request on the ground that it seeks documents and information protected from disclosure by Texas Government Code § 323.017. Defendants object to this request to the extent that it calls for the production of documents within the control of third parties, including independent officers of the State of Texas, whose documents are not within Defendants' possession, custody, or control.

Subject to and without waiving the foregoing objections, in *Texas v. Holder*, 888 F.Supp. 2d 113 (D.D.C.2012), the State of Texas produced numerous documents on behalf of the Secretary of State, the Department of Public Service, the Governor's Office, the Lieutenant Governor's Office and the Texas Legislature which are identified in the attached production log. *See* Exhibit A. Defendants incorporate by reference the documents that were produced in *Texas v. Holder* and are already in the custody of the United States. *Id*. Defendants will continue to produce responsive documents on a rolling basis.

13.    For registered or eligible voters who do not have a form of identification listed under Section 63.0101 of the Texas Election Code, as amended by SB 14, documents sufficient to show, each step a voter must take to obtain the identification for each form of identification listed under Section 63.0101, and the costs, if any, associated with any or all of these steps.

RESPONSE: Defendants object to this request as it is overly broad, vague, and not reasonably specific as to the documents being sought.   Defendants also object to this request to the extent it calls for the production of documents within the control of third parties whose documents are not within Defendants' possession, custody or control.   Defendants further object to this request to the extent it encompasses documents publicly available or equally available to Plaintiff.

Subject to and without waiving the foregoing objections, in *Texas v. Holder*, 888 F.Supp. 2d 113 (D.D.C.2012), the State of Texas produced numerous documents on behalf of the Secretary of State, the Department of Public Service, the Governor's Office, the Lieutenant Governor's Office and the Texas Legislature which are identified in the attached production log. *See* Exhibit A. Defendants incorporate by reference the documents that were produced in *Texas v. Holder* and are already in the custody of the United States.   *Id.* Defendants will continue to produce responsive documents on a rolling basis.

14.    With regard to applications for and issuance of disability certificates under Sections 13.002(i) and 15.001 of the Texas Election Code (as amended by SB 14):

a.  all documents necessary to obtain such a certificate;

b.  all applications for a certificate filed, correspondence with applicants for who have applied for such a certificate, communications with local, county, state, or federal officials related to any certificate;

    c.   data about such certificates, including but not limited to the number approved or denied; and

    d.   any records or reports provided to any of the defendants of the action taken on all such applications.

**RESPONSE:   Defendants object to this request as it is overly broad, vague, and not reasonably specific as to the documents being sought.   Defendants also object to this request to the extent it calls for the production of documents within the control of third parties whose documents are not within Defendants' possession, custody or control.   Defendants further object to this request to the extent it encompasses documents publicly available or equally accessible to Plaintiff.**

**Subject to and without waiving the foregoing objections, in *Texas v. Holder*, 888 F.Supp. 2d 113 (D.D.C.2012), the State of Texas produced numerous documents on behalf of the Secretary of State, the Department of Public Service, the Governor's Office, the Lieutenant Governor's Office and the Texas Legislature which are identified in the attached production log. *See* Exhibit A. Defendants incorporate by reference the documents that were produced in *Texas v. Holder* and are already in the custody of the United States.   *Id*. Defendants will continue to produce responsive documents on a rolling basis.**

15.   All documents, including those reflecting the State's policies and procedures, related to the implementation of Section 65.054(2)(B) and (C) of the Texas Election Code (as amended by SB 14) and, for any election that has occurred since June 25, 2013, all affidavits executed under those provisions.

**RESPONSE:   Defendants object to this request as it is overly broad, vague, and not reasonably specific as to the documents being sought.   Defendants also object to this request to the extent it calls for the production of documents within the control of third parties whose documents are not within Defendants' possession, custody or control.   Defendants further object to this request to the extent it encompasses documents publicly available or equally accessible to Plaintiff.**

**Subject to and without waiving the foregoing objections, in *Texas v. Holder*, 888 F.Supp. 2d 113 (D.D.C.2012), the State of Texas produced numerous documents on behalf of the Secretary of State, the Department of Public Service, the Governor's Office, the Lieutenant Governor's Office and the Texas Legislature which are identified in the attached production log. *See* Exhibit A.  Defendants incorporate by reference the documents that were produced in *Texas v. Holder* and are already in the custody of the United States.   *Id*.  Defendants will continue to produce responsive documents on a rolling basis.**

16.    All documents related to the State's determination of those specific forms of federal identification that constitute a "United States military identification card" or a "United States citizenship certificate that contains a photograph" for purposes of Section 63.0101 of the Texas Election Code (as amended by SB 14).

**RESPONSE:   Defendants object to this request to the extent the information sought is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific.   Defendants object to this request to the extent it seeks production of documents that are not relevant or likely to lead to the discovery of admissible evidence.   Defendants also object to the extent that this request calls for the production of documents subject to legislative privilege, deliberative process privilege, attorney-client privilege, or attorney work-product doctrine.   Defendants object to this request on the ground that it seeks documents and information protected from disclosure by Texas Government Code § 323.017.   Defendants object to this request on the ground that it calls for the production of documents within the control of third parties, including independent officers of the State of Texas, whose documents are not within Defendants' possession, custody, or control.**

**Subject to and without waiving the foregoing objections, in *Texas v. Holder*, 888 F.Supp. 2d 113 (D.D.C.2012), the State of Texas produced numerous documents on behalf of the Secretary of State, the Department of Public Service, the Governor's Office, the Lieutenant Governor's Office**

and the Texas Legislature which are identified in the attached production log. *See* Exhibit A. Defendants incorporate by reference the documents that were produced in *Texas v. Holder* and are already in the custody of the United States.   *Id*. Defendants will continue to produce responsive documents on a rolling basis.

17.   All documents related to the administration and issuance of election identification certificates (EICs) by the Department of Public Safety, as defined under Section 521A.001 of the Texas Transportation Code (as amended by SB 14), including but not limited to all guidelines, regulations, forms, and training about EICs, EIC applications, correspondence with applicants or election officials related to EICs, and documents related the budget and financing of the issuance of EICs.

RESPONSE:   Defendants object to this request to the extent the information sought is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific.   Defendants object to this request to the extent it seeks production of documents that are not relevant or likely to lead to the discovery of admissible evidence.   Defendants also object to the extent that this request calls for the production of documents subject to legislative privilege, deliberative process privilege, attorney-client privilege, or attorney work-product doctrine.   Defendants object to this request on the ground that it seeks documents and information protected from disclosure by Texas Government Code §

323.017.  **Defendants object to this request on the ground that it calls for the production of documents within the control of third parties, including independent officers of the State of Texas, whose documents are not within Defendants' possession, custody, or control.**

**Subject to and without waiving the foregoing objections, in *Texas v. Holder*, 888 F.Supp. 2d 113 (D.D.C.2012), the State of Texas produced numerous documents on behalf of the Secretary of State, the Department of Public Service, the Governor's Office, the Lieutenant Governor's Office and the Texas Legislature which are identified in the attached production log. *See* Exhibit A.  Defendants incorporate by reference the documents that were produced in *Texas v. Holder* and are already in the custody of the United States.  *Id*.  Defendants will continue to produce responsive documents on a rolling basis.**

18.    With regard to the DPS responsibility to issue EICs, all documents related to:

  a.  the location of all Texas driver license offices that are issuing EIC, the date each such office began issuing EIC, the hours of each such office, the number of full and part-time staff employed at each office, the average wait time per customer, and the geographic region served by each office.

  b.  plans to increase or reduce the number of Texas driver license offices that are issuing or plan to issue EICs, including the reason or reasons

for the increase or reduction and documents related to the budget for such offices.

c. plans to increase or reduce the operating hours of any Texas driver license office that is issuing or plans to issue EICs, including plans as they relate to individual driver license offices, the decisions to increase or decrease operating hours at specific offices, and the impact of an increase or decrease in hours on the budget of individual driver license offices or the Department of Public Safety.

d. plans to open any Department of Public Safety "megacenters," including the choice of location, any analysis on which that decision was reached, and the anticipated dates on which each megacenter will open, and all documents related to any megacenter, including those related to the choice of location that has opened anywhere in Texas since January 1, 2008.

**RESPONSE: Defendants object to this request to the extent the information sought is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific. Defendants object to this request to the extent it seeks production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Defendants also object to the extent that this request calls for the production of documents subject to legislative privilege, deliberative process privilege, attorney-client privilege, or attorney work-product doctrine. Defendants object to this**

request on the ground that it seeks documents and information protected from disclosure by Texas Government Code § 323.017.   Defendants object to this request on the ground that it calls for the production of documents within the control of third parties, including independent officers of the State of Texas, whose documents are not within Defendants' possession, custody, or control.

Subject to and without waiving the foregoing objections, in *Texas v. Holder*, 888 F.Supp. 2d 113 (D.D.C.2012), the State of Texas produced numerous documents on behalf of the Secretary of State, the Department of Public Service, the Governor's Office, the Lieutenant Governor's Office and the Texas Legislature which are identified in the attached production log. *See* Exhibit A.  Defendants incorporate by reference the documents that were produced in *Texas v. Holder* and are already in the custody of the United States.   *Id.*  Defendants will continue to produce responsive documents on a rolling basis.

19.     All documents related to any administrative regulations drafted, proposed, or finalized pertaining to SB 14.

RESPONSE: Defendants object to this request to the extent the information sought is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific.   Defendants object to this request to the extent it seeks production of documents that are not relevant or likely to lead to the

discovery of admissible evidence.  Defendants also object to the extent that this request calls for the production of documents subject to legislative privilege, deliberative process privilege, attorney-client privilege, or attorney work-product doctrine.  Defendants object to this request on the ground that it seeks documents and information protected from disclosure by Texas Government Code § 323.017.  Defendants object to this request on the ground that it calls for the production of documents within the control of third parties, including independent officers of the State of Texas, whose documents are not within Defendants' possession, custody, or control.

Subject to and without waiving the foregoing objections, in *Texas v. Holder*, 888 F.Supp. 2d 113 (D.D.C.2012), the State of Texas produced numerous documents on behalf of the Secretary of State, the Department of Public Service, the Governor's Office, the Lieutenant Governor's Office and the Texas Legislature which are identified in the attached production log. *See* Exhibit A.  Defendants incorporate by reference the documents that were produced in *Texas v. Holder* and are already in the custody of the United States.  *Id*.  Defendants will continue to produce responsive documents on a rolling basis.

20.    All policies and procedures related to the implementation of Section 81.71 of the Texas Administrative Code regarding substantially similar names, including but

not limited to, executed affidavits contemplated in Subsection (d) of that provision for any elections held in the State of Texas or any of its jurisdictions since June 25, 2013.

**RESPONSE:   Defendants object to this request as it is overly broad, vague, and not reasonably specific as to the documents being sought.   Defendants also object to this request to the extent it calls for the production of documents within the control of third parties whose documents are not within Defendants possession, custody or control.   Defendants further object to this request to the extent it encompasses documents publicly available or equally accessible to Plaintiff.**

**Subject to and without waiving the foregoing objections, in *Texas v. Holder*, 888 F.Supp. 2d 113 (D.D.C.2012), the State of Texas produced numerous documents on behalf of the Secretary of State, the Department of Public Service, the Governor's Office, the Lieutenant Governor's Office and the Texas Legislature which are identified in the attached production log. *See* Exhibit A.  Defendants incorporate by reference the documents that were produced in *Texas v. Holder* and are already in the custody of the United States.   *Id*.  Defendants will continue to produce responsive documents on a rolling basis.**

21.    All documents that list, otherwise identify, or discuss any and all forms of photographic identification issued by, currently required by, or expressly permitted by Texas law or regulation issued by the State of Texas or its political subdivisions to

individuals who are not United States citizens and the purpose(s) for which they may used.

**RESPONSE: Defendants object to this request to the extent the information sought is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific. Defendants object to this request to the extent it seeks production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Defendants also object to the extent that this request calls for the production of documents subject to legislative privilege, deliberative process privilege, attorney-client privilege, or attorney work-product doctrine. Defendants object to this request on the ground that it seeks documents and information protected from disclosure by Texas Government Code § 323.017. Defendants object to this request on the ground that it calls for the production of documents within the control of third parties, including independent officers of the State of Texas, whose documents are not within Defendants' possession, custody, or control.**

**Subject to and without waiving the foregoing objections, in *Texas v. Holder*, 888 F.Supp. 2d 113 (D.D.C.2012), the State of Texas produced numerous documents on behalf of the Secretary of State, the Department of Public Service, the Governor's Office, the Lieutenant Governor's Office and the Texas Legislature which are identified in the attached production log. *See* Exhibit A. Defendants incorporate by reference the documents**

that were produced in *Texas v. Holder* and are already in the custody of the United States.   *Id.*  Defendants will continue to produce responsive documents on a rolling basis.


22.    All documents related to any and all allegations concerning in-person voter impersonation or other in-person voter fraud that occurred in the State of Texas from January 1, 2004, to the present.

**RESPONSE:   Defendants object to this request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.   Defendants also object to the extent this request calls for the production of documents subject to legislative privilege, deliberative process privilege, attorney-client privilege, or the attorney work-product doctrine.   Defendants object to this request to the extent it seeks documents and information protected from disclosure by Texas Government Code § 323.017.   Defendants object to this request on the ground that it calls for the production of documents within the control of third parties, including independent officers of the State and local governments, whose documents are not within Defendants' possession, custody, or control.**

**Subject to and without waiving the foregoing objections, in *Texas v. Holder*, 888 F.Supp. 2d 113 (D.D.C.2012), the State of Texas produced numerous documents on behalf of the Secretary of State, the Department**

of Public Service, the Governor's Office, the Lieutenant Governor's Office and the Texas Legislature which are identified in the attached production log. *See* Exhibit A. Defendants incorporate by reference the documents that were produced in *Texas v. Holder* and are already in the custody of the United States.  *Id.* Defendants will continue to produce responsive documents on a rolling basis.


23.    All documents related to any and all allegations concerning instances of voting in Texas by persons who are not United States citizens from January 1, 2004, to the present.

RESPONSE:  Defendants object to this request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.   Defendants also object to the extent this request calls for the production of documents subject to legislative privilege, deliberative process privilege, attorney-client privilege, or the attorney work-product doctrine.   Defendants object to this request to the extent it seeks documents and information protected from disclosure by Texas Government Code § 323.017.   Defendants object to this request on the ground that it calls for the production of documents within the control of third parties, including independent officers of the State and local governments, whose documents are not within Defendants' possession, custody, or control.

Subject to and without waiving the foregoing objections, in *Texas v. Holder*, 888 F.Supp. 2d 113 (D.D.C.2012), the State of Texas produced numerous documents on behalf of the Secretary of State, the Department of Public Service, the Governor's Office, the Lieutenant Governor's Office and the Texas Legislature which are identified in the attached production log. *See* Exhibit A. Defendants incorporate by reference the documents that were produced in *Texas v. Holder* and are already in the custody of the United States.   *Id*. Defendants will continue to produce responsive documents on a rolling basis.

24.    With regard to the training of poll workers, county election officials, state agencies, and election-related organizations or associations regarding the provisions of SB 14:

      a.  all documents including but not limited to guidelines, manuals, power-point presentations, videos; and

      b.  all documents concerning the development of such materials.

**RESPONSE: Defendants object to this request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.   Defendants also object to the extent this request calls for the production of documents subject to legislative privilege, deliberative process privilege, attorney-client privilege, or the attorney work-product doctrine.   Defendants object to this request to the**

extent it seeks documents and information protected from disclosure by Texas Government Code § 323.017.  Defendants object to this request on the ground that it calls for the production of documents within the control of third parties, including independent officers of the State and local governments, whose documents are not within Defendants' possession, custody, or control.

Subject to and without waiving the foregoing objections, in *Texas v. Holder*, 888 F.Supp. 2d 113 (D.D.C.2012), the State of Texas produced numerous documents on behalf of the Secretary of State, the Department of Public Service, the Governor's Office, the Lieutenant Governor's Office and the Texas Legislature which are identified in the attached production log. *See* Exhibit A.  Defendants incorporate by reference the documents that were produced in *Texas v. Holder* and are already in the custody of the United States.   *Id*.  Defendants will continue to produce responsive documents on a rolling basis.

25.   All documents detailing the manner in which the State will provide information to the public concerning SB 14's requirements, including but not limited to mailings sent to voters, newspaper advertisements and the dates and publications in which they were published, television or radio spots and the dates and channels on which they were broadcast, and documents provided to in-person voters who are unable to present a form of photographic identification required by SB 14.

RESPONSE:  Defendants object to this request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.   Defendants also object to the extent this request calls for the production of documents subject to legislative privilege, deliberative process privilege, attorney-client privilege, or the attorney work-product doctrine.   Defendants object to this request to the extent it seeks documents and information protected from disclosure by Texas Government Code § 323.017.   Defendants object to this request on the ground that it calls for the production of documents within the control of third parties, including independent officers of the State and local governments, whose documents are not within Defendants' possession, custody, or control.

Subject to and without waiving the foregoing objections, in *Texas v. Holder*, 888 F.Supp. 2d 113 (D.D.C.2012), the State of Texas produced numerous documents on behalf of the Secretary of State, the Department of Public Service, the Governor's Office, the Lieutenant Governor's Office and the Texas Legislature which are identified in the attached production log. *See* Exhibit A.  Defendants incorporate by reference the documents that were produced in *Texas v. Holder* and are already in the custody of the United States.   *Id*.  Defendants will continue to produce responsive documents on a rolling basis.

26.    With regard to the manner in which the State will assist voters who lack one of the required forms of identification under Section 63.0101 of the Texas Election Code (as amended by SB 14) in obtaining a form of such identification, including but not limited to mobile issuing facilities, transportation to driver license offices, or reimbursement for underlying documents necessary to obtain any form of required identification under that provision,

> a.  all documents detailing the development of the processes and procedures that the State has established;
>
> b.  all documents detailing the budget and source of funding for all training, voter education, and outreach to voters referenced identified in response to subpart (a); and
>
> c.  all documents detailing alternatives to those processes and procedures identified in subpart (a).

**RESPONSE:  Defendants object to this request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.   Defendants also object to the extent this request calls for the production of documents subject to legislative privilege, deliberative process privilege, attorney-client privilege, or the attorney work-product doctrine.   Defendants object to this request to the extent it seeks documents and information protected from disclosure by Texas Government Code § 323.017.   Defendants object to this request on the ground that it calls for the production of documents within the control**

of third parties, including independent officers of the State and local governments, whose documents are not within Defendants' possession, custody, or control.

Subject to and without waiving the foregoing objections, in *Texas v. Holder*, 888 F.Supp. 2d 113 (D.D.C.2012), the State of Texas produced numerous documents on behalf of the Secretary of State, the Department of Public Service, the Governor's Office, the Lieutenant Governor's Office and the Texas Legislature which are identified in the attached production log. *See* Exhibit A. Defendants incorporate by reference the documents that were produced in *Texas v. Holder* and are already in the custody of the United States. *Id*. Defendants will continue to produce responsive documents on a rolling basis.

27. All documents related to the schedule, price structure, routes, availability and funding sources of all public or regional transportation systems in Texas, including shared ride services for individuals residing in rural areas.

RESPONSE: Defendants object to this request as it is overly broad, vague, and not reasonably specific as to the documents being sought. Defendants also object to this request to the extent it calls for the production of documents within the control of third parties whose documents are not within Defendants' possession, custody or control. Defendants further

object to this request to the extent it encompasses documents publicly available or equally accessible to Plaintiff.

Subject to and without waiving the foregoing objections, in *Texas v. Holder*, 888 F.Supp. 2d 113 (D.D.C.2012), the State of Texas produced numerous documents on behalf of the Secretary of State, the Department of Public Service, the Governor's Office, the Lieutenant Governor's Office and the Texas Legislature which are identified in the attached production log. *See* Exhibit A. Defendants incorporate by reference the documents that were produced in *Texas v. Holder* and are already in the custody of the United States. *Id.* Defendants will continue to produce responsive documents on a rolling basis.

28.    All documents related to procedures for administering provisional ballots cast under SB 14, including training of election officials on how to administer these ballots; forms, instructions, and affidavits associated with voters who must cast these ballots; and forms and instructions associated with the canvassing of these ballots.

RESPONSE:   Defendants object to this request as it is overly broad, vague, and not reasonably specific as to the documents being sought.   Defendants also object to this request to the extent it calls for the production of documents within the control of third parties whose documents are not within Defendants' possession, custody or control.   Defendants further

object to this request to the extent it encompasses documents publicly available or equally accessible to Plaintiff.

Subject to and without waiving the foregoing objections, in *Texas v. Holder*, 888 F.Supp. 2d 113 (D.D.C.2012), the State of Texas produced numerous documents on behalf of the Secretary of State, the Department of Public Service, the Governor's Office, the Lieutenant Governor's Office and the Texas Legislature which are identified in the attached production log. *See* Exhibit A. Defendants incorporate by reference the documents that were produced in *Texas v. Holder* and are already in the custody of the United States. *Id.* Defendants will continue to produce responsive documents on a rolling basis.

29. For each election held in Texas since June 25, 2013, all documents related to individuals who appeared to vote but who did not present one of the required forms of identification under SB 14, including but not limited to (a) documents reflecting the number of provisional ballots cast because the voter did not have a requisite form of identification, (b) documents reflecting whether such provisional ballots were counted and, if so, the form of identification presented by the voter and the date on which it was presented, (c) documents provided to voters casting such a provisional ballot, and (d) any records related to voters who did not present one of the required forms of identification and left the polling location without voting.

RESPONSE: Defendants object to this request as it is overly broad, vague, and not reasonably specific as to the documents being sought. Defendants also object to this request to the extent it calls for the production of documents within the control of third parties whose documents are not within Defendants' possession, custody or control. Defendants further object to this request to the extent it encompasses documents publicly available or equally accessible to Plaintiff.

Subject to and without waiving the foregoing objections, in *Texas v. Holder*, 888 F.Supp. 2d 113 (D.D.C.2012), the State of Texas produced numerous documents on behalf of the Secretary of State, the Department of Public Service, the Governor's Office, the Lieutenant Governor's Office and the Texas Legislature which are identified in the attached production log. *See* Exhibit A. Defendants incorporate by reference the documents that were produced in *Texas v. Holder* and are already in the custody of the United States. *Id.* Defendants will continue to produce responsive documents on a rolling basis.

30. All documents related to the consideration of Senate Bill 362 or other voter identification proposals during the 81st Legislature, including documents related to communications between or among legislators, as well as between Legislators and their staff, lobbyists, groups, organizations or members of the public concerning the introduction, drafting, and consideration of SB 362, as well as all documents related

to SB 362 presented to, produced by, transmitted to, or relied upon by the State of Texas, including but not limited to the Governor, the Lieutenant Governor, the Secretary of State, and the Attorney General.

**RESPONSE: Defendants object to this request to the extent the information sought is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific. Defendants object to this request to the extent it seeks production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Defendants also object to the extent that this request calls for the production of documents subject to legislative privilege, deliberative process privilege, attorney-client privilege, or attorney work-product doctrine. Defendants object to this request on the ground that it seeks documents and information protected from disclosure by Texas Government Code § 323.017. Defendants object to this request on the ground that it calls for the production of documents within the control of third parties, including independent officers of the State of Texas, whose documents are not within Defendants' possession, custody, or control.**

**Subject to and without waiving the foregoing objections, in _Texas v. Holder_, 888 F.Supp. 2d 113 (D.D.C.2012), the State of Texas produced numerous documents on behalf of the Secretary of State, the Department of Public Service, the Governor's Office, the Lieutenant Governor's Office and the Texas Legislature which are identified in the attached production**

log. *See* Exhibit A. **Defendants incorporate by reference the documents that were produced in *Texas v. Holder* and are already in the custody of the United States.** *Id*. **Defendants will continue to produce responsive documents on a rolling basis.**

31.     All documents related to the consideration of House Bill 218 or other voter identification proposals during the 80th Legislature, including documents related to communications between or among legislators, as well as between legislators and their staff, lobbyists, groups, organizations, or members of the public concerning the introduction, drafting, and consideration of HB 218, as well as all documents related to HB 218 presented to, produced by, transmitted to, or relied upon by the State of Texas, including but not limited to the Governor, the Lieutenant Governor, the Secretary of State, and the Attorney General.

**RESPONSE: Defendants object to this request to the extent the information sought is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific.  Defendants object to this request to the extent it seeks production of documents that are not relevant or likely to lead to the discovery of admissible evidence.  Defendants also object to the extent that this request calls for the production of documents subject to legislative privilege, deliberative process privilege, attorney-client privilege, or attorney work-product doctrine.  Defendants object to this request on the ground that it seeks documents and information protected**

from disclosure by Texas Government Code § 323.017.   Defendants object to this request on the ground that it calls for the production of documents within the control of third parties, including independent officers of the State of Texas, whose documents are not within Defendants' possession, custody, or control.

Subject to and without waiving the foregoing objections, in *Texas v. Holder*, 888 F.Supp. 2d 113 (D.D.C.2012), the State of Texas produced numerous documents on behalf of the Secretary of State, the Department of Public Service, the Governor's Office, the Lieutenant Governor's Office and the Texas Legislature which are identified in the attached production log. *See* Exhibit A.  Defendants incorporate by reference the documents that were produced in *Texas v. Holder* and are already in the custody of the United States.   *Id*.  Defendants will continue to produce responsive documents on a rolling basis.

32.    All documents related to the provision of governmental services and/or benefits including but not limited to funding for educational and electoral programs that are provided to the public in a language other than English.

RESPONSE:  Defendants object to this request to the extent that it is overly broad, unduly burdensome, vague and neither relevant to a determination in this case nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, in *Texas v. Holder*, 888 F.Supp. 2d 113 (D.D.C.2012), the State of Texas produced numerous documents on behalf of the Secretary of State, the Department of Public Service, the Governor's Office, the Lieutenant Governor's Office and the Texas Legislature which are identified in the attached production log. *See* Exhibit A. Defendants incorporate by reference the documents that were produced in *Texas v. Holder* and are already in the custody of the United States. *Id*. Defendants will continue to produce responsive documents on a rolling basis.

33.   All documents related to the provision of governmental services and/or benefits targeted to migrant farm-workers or residents of colonias, including but not limited to budget allocations for the Colonias Ombudsperson Program.

RESPONSE: Defendants object to this request to the extent that it is overly broad, unduly burdensome, vague and neither relevant to a determination in this case nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, in *Texas v. Holder*, 888 F.Supp. 2d 113 (D.D.C.2012), the State of Texas produced numerous documents on behalf of the Secretary of State, the Department of Public Service, the Governor's Office, the Lieutenant Governor's Office and the Texas Legislature which are identified in the attached production

log. *See* Exhibit A.  Defendants incorporate by reference the documents that were produced in *Texas v. Holder* and are already in the custody of the United States.   *Id*.  Defendants will continue to produce responsive documents on a rolling basis.

34.    All documents related to policies and procedures under which a Texas driver license, identification card, or concealed handgun license must be surrendered, canceled, or suspended and related to the policies and procedures for reinstatement of such documents.

**RESPONSE:  Defendants object to this request to the extent that it is overly broad, unduly burdensome, vague and neither relevant to a determination in this case nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request to the extent it encompasses documents publicly available or equally accessible to the Plaintiff.**

**Subject to and without waiving the foregoing objections, in *Texas v. Holder*, 888 F.Supp. 2d 113 (D.D.C.2012), the State of Texas produced numerous documents on behalf of the Secretary of State, the Department of Public Service, the Governor's Office, the Lieutenant Governor's Office and the Texas Legislature which are identified in the attached production log. *See* Exhibit A.  Defendants incorporate by reference the documents that were produced in *Texas v. Holder* and are already in the custody of the**

United States. *Id*. Defendants will continue to produce responsive documents on a rolling basis.

35.    All documents related to the process necessary to obtain a birth certificate from the Texas Department of State Health Services, including but not limited to cost, locations of offices, documents needed to establish identity, and duration of the process.

**RESPONSE: Defendants object to this request to the extent that it is overly broad, unduly burdensome, vague and neither relevant to a determination in this case nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request to the extent it encompasses documents publicly available or equally accessible to the Plaintiff.**

**Subject to and without waiving the foregoing objections, in *Texas v. Holder*, 888 F.Supp. 2d 113 (D.D.C.2012), the State of Texas produced numerous documents on behalf of the Secretary of State, the Department of Public Service, the Governor's Office, the Lieutenant Governor's Office and the Texas Legislature which are identified in the attached production log. *See* Exhibit A.  Defendants incorporate by reference the documents that were produced in *Texas v. Holder* and are already in the custody of the United States.   *Id*. Defendants will continue to produce responsive documents on a rolling basis.**

36.     All documents related to any and all efforts by the legislature to amend SB 14 or to enact additional legislation related to the issuance of election identification certificates.

**RESPONSE: Defendants object to this request to the extent the information sought is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific.   Defendants object to this request to the extent it seeks production of documents that are not relevant or likely to lead to the discovery of admissible evidence.   Defendants also object to the extent that this request calls for the production of documents subject to legislative privilege, deliberative process privilege, attorney-client privilege, or attorney work-product doctrine.   Defendants object to this request on the ground that it seeks documents and information protected from disclosure by Texas Government Code § 323.017.   Defendants object to this request on the ground that it calls for the production of documents within the control of third parties, including independent officers of the State of Texas, whose documents are not within Defendants' possession, custody, or control.**

**Subject to and without waiving the foregoing objections, in *Texas v. Holder*, 888 F.Supp. 2d 113 (D.D.C.2012), the State of Texas produced numerous documents on behalf of the Secretary of State, the Department of Public Service, the Governor's Office, the Lieutenant Governor's Office**

and the Texas Legislature which are identified in the attached production log. *See* Exhibit A. Defendants incorporate by reference the documents that were produced in *Texas v. Holder* and are already in the custody of the United States. *Id*. Defendants will continue to produce responsive documents on a rolling basis.

37.   All documents related to any efforts or consideration by the legislature to review or analyze the administration of the November 2012 general election, including any issues related to election integrity.

**RESPONSE:   Defendants object to this request to the extent the information sought is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific.   Defendants object to this request to the extent it seeks production of documents that are not relevant or likely to lead to the discovery of admissible evidence.   Defendants also object to the extent that this request calls for the production of documents subject to legislative privilege, deliberative process privilege, attorney-client privilege, or attorney work-product doctrine.   Defendants object to this request on the ground that it seeks documents and information protected from disclosure by Texas Government Code § 323.017.   Defendants object to this request on the ground that it calls for the production of documents within the control of third parties, including**

independent officers of the State of Texas, whose documents are not within Defendants' possession, custody, or control.

Subject to and without waiving the foregoing objections, in *Texas v. Holder*, 888 F.Supp. 2d 113 (D.D.C.2012), the State of Texas produced numerous documents on behalf of the Secretary of State, the Department of Public Service, the Governor's Office, the Lieutenant Governor's Office and the Texas Legislature which are identified in the attached production log. *See* Exhibit A. Defendants incorporate by reference the documents that were produced in *Texas v. Holder* and are already in the custody of the United States. *Id*. Defendants will continue to produce responsive documents on a rolling basis.

38.    All documents containing or related to correspondence from or to legislators who sponsored or supported SB 14 on the subject of voter identification requirements or SB 14.

**RESPONSE:  Defendants object to this request to the extent the information sought is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific.  Defendants object to this request to the extent it seeks production of documents that are not relevant or likely to lead to the discovery of admissible evidence.  Defendants also object to the extent that this request calls for the production of documents subject to legislative privilege, deliberative process privilege,**

attorney-client privilege, or attorney work-product doctrine.  Defendants object to this request on the ground that it seeks documents and information protected from disclosure by Texas Government Code § 323.017.  Defendants object to this request on the ground that it calls for the production of documents within the control of third parties, including independent officers of the State of Texas, whose documents are not within Defendants' possession, custody, or control.

Subject to and without waiving the foregoing objections, in *Texas v. Holder*, 888 F.Supp. 2d 113 (D.D.C.2012), the State of Texas produced numerous documents on behalf of the Secretary of State, the Department of Public Service, the Governor's Office, the Lieutenant Governor's Office and the Texas Legislature which are identified in the attached production log. *See* Exhibit A.  Defendants incorporate by reference the documents that were produced in *Texas v. Holder* and are already in the custody of the United States.  *Id*.  Defendants will continue to produce responsive documents on a rolling basis.

39.    All documents containing or related to public statements by legislators who sponsored or supported SB 14 on the subject of voter identification requirements or SB 14.

**RESPONSE: Defendants object to this request to the extent the information sought is overly broad, unduly burdensome, vague, ambiguous, and not**

reasonably specific. Defendants object to this request to the extent it seeks production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Defendants also object to the extent that this request calls for the production of documents subject to legislative privilege, deliberative process privilege, attorney-client privilege, or attorney work-product doctrine. Defendants object to this request on the ground that it seeks documents and information protected from disclosure by Texas Government Code § 323.017. Defendants object to this request on the ground that it calls for the production of documents within the control of third parties, including independent officers of the State of Texas, whose documents are not within Defendants' possession, custody, or control.

Subject to and without waiving the foregoing objections, in *Texas v. Holder*, 888 F.Supp. 2d 113 (D.D.C.2012), the State of Texas produced numerous documents on behalf of the Secretary of State, the Department of Public Service, the Governor's Office, the Lieutenant Governor's Office and the Texas Legislature which are identified in the attached production log. *See* Exhibit A. Defendants incorporate by reference the documents that were produced in *Texas v. Holder* and are already in the custody of the United States. *Id.* Defendants will continue to produce responsive documents on a rolling basis.

40.     All documents related to correspondence received by any or all defendants on the subject of SB 14.

**RESPONSE: Defendants object to this request to the extent the information sought is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific.   Defendants object to this request to the extent it seeks production of documents that are not relevant or likely to lead to the discovery of admissible evidence.   Defendants also object to the extent that this request calls for the production of documents subject to legislative privilege, deliberative process privilege, attorney-client privilege, or attorney work-product doctrine.   Defendants object to this request on the ground that it seeks documents and information protected from disclosure by Texas Government Code § 323.017.   Defendants object to this request on the ground that it calls for the production of documents within the control of third parties, including independent officers of the State of Texas, whose documents are not within Defendants' possession, custody, or control.**

**Subject to and without waiving the foregoing objections, in *Texas v. Holder*, 888 F.Supp. 2d 113 (D.D.C.2012), the State of Texas produced numerous documents on behalf of the Secretary of State, the Department of Public Service, the Governor's Office, the Lieutenant Governor's Office and the Texas Legislature which are identified in the attached production log. *See* Exhibit A.   Defendants incorporate by reference the documents**

that were produced in *Texas v. Holder* and are already in the custody of the United States.  *Id*.  Defendants will continue to produce responsive documents on a rolling basis.

41.    All documents related to any efforts or consideration by any member of the Texas Legislature that sought to amend or modify SB 14's requirements, or its implementation plans, so as to respond to the findings of the United States District Court for the District of Columbia in *Texas v. Holder*, 888 F. Supp. 2d 113 (D.D.C. 2012) (three-judge court), *vacated*, 133 S. Ct. 2886 (2013).

**RESPONSE:    Defendants object to this request to the extent the information sought is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific.   Defendants object to this request to the extent it seeks production of documents that are not relevant or likely to lead to the discovery of admissible evidence.   Defendants also object to the extent that this request calls for the production of documents subject to legislative privilege, deliberative process privilege, attorney-client privilege, or attorney work-product doctrine.   Defendants object to this request on the ground that it seeks documents and information protected from disclosure by Texas Government Code § 323.017.   Defendants object to this request on the ground that it calls for the production of documents within the control of third parties, including**

independent officers of the State of Texas, whose documents are not within Defendants' possession, custody, or control.

Subject to and without waiving the foregoing objections, in *Texas v. Holder*, 888 F.Supp. 2d 113 (D.D.C.2012), the State of Texas produced numerous documents on behalf of the Secretary of State, the Department of Public Service, the Governor's Office, the Lieutenant Governor's Office and the Texas Legislature which are identified in the attached production log. *See* Exhibit A. Defendants incorporate by reference the documents that were produced in *Texas v. Holder* and are already in the custody of the United States. *Id.* Defendants will continue to produce responsive documents on a rolling basis.

42.   All document retention policies, practices, and systems in place with respect to defendants and all Legislators since January 1, 2011, including but not limited to any document hold or notice issued in connection with this case, and in connection with *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.).

RESPONSE:   Defendants object to this request as it is overly broad, vague, and not reasonably specific as to the documents being sought.   Defendants also object to the extent that this request calls for the production of documents subject to attorney-client privilege or attorney work-product doctrine.   Defendants also object to this request to the extent it calls for the production of documents within the control of third parties whose

documents are not within Defendants' possession, custody or control. Defendants further object to this request to the extent it encompasses documents publicly available or equally accessible to Plaintiff.

Subject to and without waiving the foregoing objections, in *Texas v. Holder*, 888 F.Supp. 2d 113 (D.D.C.2012), the State of Texas produced numerous documents on behalf of the Secretary of State, the Department of Public Service, the Governor's Office, the Lieutenant Governor's Office and the Texas Legislature which are identified in the attached production log. *See* Exhibit A. Defendants incorporate by reference the documents that were produced in *Texas v. Holder* and are already in the custody of the United States.   *Id*. Defendants will continue to produce responsive documents on a rolling basis.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JONATHAN F. MITCHELL
Solicitor General

J. REED CLAY, JR.
Special Assistant and Senior Counsel
to the Attorney General
Southern District of Texas No. 1160600

*/s/ John B. Scott*
JOHN B. SCOTT
Deputy Attorney General for Litigation
Southern District of Texas No. 10418
ATTORNEY-IN-CHARGE

G. DAVID WHITLEY
Assistant Deputy Attorney General
Southern District of Texas No. 2080496
State of Texas Bar No. 2080492

STEPHEN RONALD KEISTER
Assistant Attorney General
Southern District of Texas No. 18580

SEAN PATRICK FLAMMER
Assistant Attorney General
Southern District of Texas No. 1376041

209 West 14th Street
P.O. Box 12548
Austin, Texas 70711-2548
(512) 475-0131

COUNSEL FOR THE STATE OF TEXAS,
RICK PERRY, JOHN STEEN, and STEVE
MCCRAW

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document is being served by electronic mail on December 30, 2013, to all counsel of record.


*/s/ John B. Scott*
JOHN B. SCOTT