# EXHIBIT 12

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>RICK PERRY, *et al.*,<br><br>    Defendants. | Civil Action No. 2:13-cv-193 (NGR) |
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, *et al.*,<br><br>    Plaintiff-Intervenors,<br><br>TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, *et al.*,<br><br>    Plaintiff-Intervenors,<br><br>  v.<br><br>STATE OF TEXAS, *et al.*,<br><br>    Defendants. | Civil Action No. 2:13-cv-263 (NGR) |

| | |
|---|---|
| TEXAS STATE CONFERENCE OF NAACP BRANCHES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> NANDITA BERRY, *et al.*, <br><br> Defendants. | Civil Action No. 2:13-cv-291 (NGR) |
| BELINDA ORTIZ, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF TEXAS, *et al.*, <br><br> Defendants | Civil Action No. 2:13-cv-348 (NGR) |

**PLAINTIFFS' AND PLAINTIFF-INTERVENORS' NOTICE OF RULE 30(b)(6) DEPOSITION OF THE TEXAS DEPARTMENT OF PUBLIC SAFETY AND REQUEST FOR DOCUMENTS RELIED UPON BY 30(b)(6) DESIGNEES**

Pursuant to Federal Rules of Civil Procedure 26 and 30(b)(6), Plaintiffs and Plaintiff-Intervenors give notice that they will take the deposition by oral examination of the Department of Public Safety, testifying through one or more individuals designated by the Department of Public Safety to testify on its behalf, concerning the matters for examination listed on Exhibit A to this Notice on a mutually agreed upon date, not to occur before February 26, 2014, at the Office of the United States Attorney for the Western District of Texas, 816 Congress Avenue, Suite 1000, Austin, Texas, 78701.

2

The Department of Public Safety shall identify the specific subject matters (listed on Exhibit A to this Notice) upon which each designated individual will testify.  The person or persons designated as deponents shall be prepared to testify as to matters within their knowledge and as to matters known by or reasonably available to the Department of Public Safety.  This notice serves to inform the Department of Public Safety that it has a duty to make such designation.

Plaintiffs and Plaintiff-Intervenors further request that the Department of Public Safety produce by three days prior to the date of the deposition**,** any and all documents that the Department of Public Safety's designee or designees relied on to prepare for testimony as to matters within their knowledge and as to matters known by or reasonably available to the Department of Public Safety.  For the purpose of this Rule 30(b)(6) deposition, "document" is defined to be synonymous in meaning and scope as the term "document" is used under Federal Rule of Civil Procedure 34 and the phrase "writings and recordings" is defined in Federal Rule of Evidence 1001, and includes any printed or handwritten material and any form or medium of electronically stored information, as well as all non-identical copies or drafts thereof and all copies bearing any notation or mark not found on the original.

This deposition will be recorded by stenographic means, conducted before an individual authorized to administer oaths, and used for any purpose permitted under the Federal Rules of Civil Procedure or court order, including as record evidence in any future proceedings.

Date: February 7, 2014

Respectfully submitted,

**For the United States of America:**

| | |
|---|---|
| KENNETH MAGIDSON<br>United States Attorney<br>Southern District of Texas | JOCELYN SAMUELS<br>Acting Assistant Attorney General<br>Civil Rights Division |
| JOHN A. SMITH III<br>Assistant United States Attorney<br>800 N. Shoreline, Suite 500<br>Corpus Christi, Texas 78401<br>(361) 903-7926 | */s/ Elizabeth S. Westfall*<br>T. CHRISTIAN HERREN, JR.<br>MEREDITH BELL-PLATTS<br>ELIZABETH S. WESTFALL<br>BRUCE I. GEAR<br>JENNIFER L. MARANZANO<br>ANNA M. BALDWIN<br>DANIEL J. FREEMAN<br>Attorneys, Voting Section<br>Civil Rights Division<br>U.S. Department of Justice<br>Room 7254 NWB<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530 |

Case 2:13-cv-00193 Document 215-13 Filed on 03/31/14 in TXSD Page 5 of 11

**For the Veasey Plaintiffs:**

*/s/ Chad W. Dunn*
Chad W. Dunn
Kembel Scott Brazil
Brazil & Dunn
chad@bradzilanddunn.com
scott@bazilanddunn.com

Neil G. Baron
Law Offices of Neil G. Baron
neil@ngbaronlaw.com

David Richards
Richards, Rodriguez & Skeith, LLP
daverichards4@juno.com

J. Gerald Hebert
Law Offices of J. Gerald Hebert
ghebert@campaignlegalcenter.com

Armand Derfner
Derfner, Altman, & Wilborn
aderfner@dawlaw.com

Luiz Roberto Vera, Jr.
lrvlaw@sbcglobal.net

Teresa G. Snelson
Dallas County District Attorney's Office
Teresa.snelson@dallascounty.org


**For the Texas League of Young Voters Plaintiff-Intervenors:**

*/s/ Ryan P. Haygood*
Christina Swarns
Ryan P. Haygood
Natasha M. Korgaonkar
Leah C. Aden
NAACP Legal Defense and Educational
    Fund, Inc.
cswarns@naacpldf.org
rhaygood@naacpldf.org
nkorgaonkar@naacpldf.org
laden@naacpldf.org

Danielle Conley
Jonathan Paikin
Kelly P. Dunbar
Sonya L. Lebsack
Gerald J. Sinzdak
Lynn Eisenberg
M. Hasan Ali
Richard F. Shordt
WilmerHale LLP
danielle.conley@wilmerhale.com
jonathan.paikin@wilmerhale.com
kelly.dunbar@wilmerhale.com
sonya.lebsack@wilmerhale.com
Gerard.sinzdak@wilmerhale.com
Lynn.eisenberg@wilmerhale.com
hasan.ali@wilmerhale.com
richard.shordt@wilmerhale.com

**For the Texas State Conference of NAACP Branches Plaintiffs**

*s/ Ezra Rosenberg*
Ezra D. Rosenberg
Steven B. Weisburd
Amy L. Rudd
Michelle H. Yeary
Lindsey B. Stelcen
Dechert LLP
ezra.rosenberg@dechert.com
steven.weisburd@dechert.com
amy.rudd@dechert.com
michelle.yeary@dechert.com
lindsey.stelcen@dechert.com

Wendy Weiser
Myrna Pérez
Vishal Agraharkar
Jennifer Clark
The Brennan Center for Justice at NYU Law School
wendy.weiser@nyu.edu
myrna.perez@nyu.edu
vishal.agraharkar@nyu.edu
jennifer.clark@nyu.edu

Robert A. Kengle
Mark A. Posner
Sonia Kaur Gill
Erandi Zamora
Lawyers' Committee for Civil Rights Under Law
rkengle@lawyerscommittee.org
mposner@lawyerscommittee.org
sgill@lawyerscommittee.org
ezamora@lawyerscommittee.org

Clay Bonilla
Daniel G. Covich
The Law Offices of William Bonilla, P.C.
claybonilla@hotmail.com
daniel@bonillalaw.com

Gary Bledsoe
PotterBledsoe, L.L.P.
garybledsoe@sbcglobal.net

Robert Notzon
The Law Office of Robert Notzon
robert@notzonLaw.com

Jose Garza
Law Office of Jose Garza
garzapalm@aol.com

Kim Keenan
Marshall Taylor
Victor Goode
NAACP
kkeenan@naacpnet.org
mtaylor@naaacpnet.org
vgoode@naacpnet.org

**For the Texas Association of Hispanic County Judges and County Commissioners Plaintiff-Intervenors:**

*/s/ Rolando L. Rios*
Rolando L. Rios
Law Offices of Rolando L. Rios
rrios@rolandorioslaw.com

**For the Ortiz Plaintiffs:**

*/s/ Jose Garza*
Jose Garza
Marinda van Dalen
Robert W. Doggett
Peter McGraw
Texas Rio Grande Legal Aid, Inc.
jgarza@trla.org
mvandalen@trla.org
rdoggett@trla.org
pmcgraw@trla.org

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2014, I served a true and correct copy of the foregoing via electronic mail on the counsel of record in this case.

    */s/ Jennifer L. Maranzano*
    JENNIFER L. MARANZANO
    U.S. Department of Justice
    950 Pennsylvania Avenue, N.W.
    Washington, D.C. 20530
    jennifer.maranzano@usdoj.gov

**EXHIBIT A**

**TO NOTICE OF RULE 30(b)(6) DEPOSITION
OF DEPARTMENT OF PUBLIC SAFETY
Topics for Examination**

1. Guidelines, regulations, policies and procedures related to implementation of the election identification certificate (EIC) provisions of Senate Bill 14 (2011) ("SB 14"), as established under Section 521A.001 of the Texas Transportation Code, including:

    (a) the form and appearance of EICs;
    (b) the standards and process for the issuance and renewal of EICs;
    (c) the application to obtain an EIC;
    (d) the information required from persons who apply for an EIC;
    (e) the processing of EIC applications;
    (f) the tracking and recording of applications and EIC issuance, including the demographics of applicants and volume and locations of applications;
    (g) the tracking and recording of how many applicants have been given an EIC and how many applications were deficient;
    (h) the standards and procedures under which an EIC may be canceled; and
    (i) the expiration dates of EICs.

2. All rules, regulations, and notices related to EICs, including Section 15.181-15.185 of the Texas Administrative Code.

3. All offices, including EIC mobile stations in Texas at which EICs are or may be made available, their respective hours of operation, wait times required to receive in-person customer service at each such location (including any preferential treatment provided to EIC applicants), the resources available for customers with limited English proficiency, and any future plans on each of these issues.

4. All offices in Texas at which driver's licenses, personal identification cards, and licenses to carry concealed handguns are or may be made available, their respective hours of operation, wait times required to receive in-person customer service at each such location, the resources available for customers with limited English proficiency, and any future plans on each of these issues.

5. Accessibility by means of public transportation of each office or EIC mobile station in Texas at which EICs are or may be made available.

6. Budget and staffing of offices, including EIC mobile stations in Texas at which EICs are or may be made available.

7. Any review or analysis conducted or received by DPS relating to DPS's decisions regarding whether, where, and when to place EIC mobile stations, including on high school, college and university campuses, and whether, where, and when to provide for extended DPS hours

8

to accommodate individuals seeking EICs, and how public notice was provided regarding these decisions.

8. All evaluations and analyses regarding the impact of the EIC program on DPS's overall delivery of services.

9. All coordination and correspondence with the Secretary of State's office, the Governor's office, the Lieutenant Governor's office, or other state or county election officials about the administration of the EIC program, including coordination and correspondence with county assessor-collectors, elections administrators, Voter Registrars, district clerks, county judges, county sheriffs regarding the issuance of EICs from non-DPS locations.

10. The training of DPS employees and all related training materials regarding the administration of the EIC program, including the relevant dates, locations, and budget.

11. All efforts and materials designed to educate the public concerning EICs, including notification of EIC costs and requirements, availability of discounted birth certificates, assistance to individual voters, expanded DPS hours, waiting line priority for EIC applicants, dates and locations of EIC mobile units, including any public notice provided concerning the same, and EIC availability at county offices or other non-DPS locations.

12. All efforts to provide outreach and assistance to voters wishing to obtain EICs—including any telephone help lines, internet chat lines, social media communications, webinars, and direct contact (telephonic or in-person) with specific voters, such as those identified in the media as having problems obtaining EICs—including the budgets, times, locations, staffing, wait times, and content of such efforts, as well as the estimated and actual number of persons assisted by such efforts and the number of persons who successfully obtained EICs as a result of such efforts.

13. Any correspondence, concerns, or complaints from the public received by DPS regarding the distribution of EICs, and any responses concerning the same.

14. The processes and costs for a voter to obtain secondary identification necessary to obtain an EIC pursuant to S.B. 14 and Section 15.182 of the Texas Administrative Code.

15. Guidelines, regulations, policies, and procedures related to the issuance or renewal of Texas driver licenses.

16. Guidelines, regulations, policies, and procedures related to the issuance or renewal of state personal identification cards.

17. Guidelines, regulations, policies, and procedures related to the issuance of state licenses to carry a concealed handgun.

18. All rules, regulations, and notices related to the revocation, suspension, or cancelation of Texas driver licenses.

19. All information and data provided to or requested by the Texas legislature, directly or through another Texas agency or official, related to SB 14 (2011), SB 362 (2009), HB 218 (2007), or HB 1706 (2005) during the consideration, preparation for implementation, or implementation of those bills, including but not limited to the possession of forms of identification issued by the Department of Public Safety by individual voters and the availability of such identification.

20. All analyses of registered voters, including racial demographics, who possess or do not possess a Texas driver license, personal identification card, or license to carry a concealed handgun conducted between January 1, 2005 and May 27, 2011, including but not limited to analyses conducted in February or March 2011 by the Department of Public Safety and the Elections Division of the Secretary of State.

21. All analyses of registered voters, including racial demographics, who possess or do not possess a Texas driver license, personal identification card, or license to carry a concealed handgun conducted between August 31, 2012 and the present.

22. The process, manner, and method of compiling, cleaning, and filtering data from Department of Public Safety databases concerning the holders of driver licenses, personal identification cards, concealed handgun licenses, or election identification certificates, and producing such data to the United States in this litigation.

23. The process, manner, and method of identifying and producing documents responsive to the United States' First Set of Requests for Production of Documents in this litigation.

24. Guidelines, regulations, policies, and procedures related to the ability of non-citizens to obtain a Texas driver license, a Texas personal identification card, or a license to carry a concealed handgun.