# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# Corpus Christi Division

| | |
|---|---|
| MARC VEASEY, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 2:13-cv-00193 (NGR) |
| RICK PERRY, Governor of Texas, et al., | ) |
| Defendants. | ) |
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:13-cv-00263 (NGR) |
|  | ) Consolidated Case |
| STATE OF TEXAS, et al., | ) |
| Defendants. | ) |
| TEXAS STATE CONFERENCE OF NAACP BRANCHES, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 2:13-cv-00291 (NGR) |
|  | ) Consolidated Case |
| JOHN STEEN, Secretary of State of Texas, et al., | ) |
| Defendants. | ) |
| BELINDA ORTIZ, et al., | ) |
| Plaintiffs, | ) |

|  |  |
|---|---|
| v. | ) No. 2:13-cv-00348 (NGR) |
|  | ) Consolidated Case |
| STATE OF TEXAS, et al., | ) |
|  | ) |
| Defendants. | ) |
| _____ | ) |

**UNOPPOSED MOTION AND MEMORANDUM IN SUPPORT OF
THE BIPARTISAN LEGAL ADVISORY GROUP OF
THE UNITED STATES HOUSE OF REPRESENTATIVES
FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF
ADDRESSING ONE DISCRETE DISCOVERY ISSUE IN NO. 2:13-cv-00263**

Pursuant to Rule 7(b) of the Federal Rules of Civil Procedure, and Local Civil Rule 7, the Bipartisan Legal Advisory Group of the United States House of Representatives ("House" or "Bipartisan Group") respectfully moves for leave to file the attached brief as *amicus curiae*. The attached brief addresses one discrete discovery issue now pending before the Court in No. 2:13-cv-00263, namely, the issue of whether the "United States" (the plaintiff) includes, for party discovery purposes, the Congress of the United States, as Defendants contend. *See, e.g.*, United States' Mot. for Protective Order to Limit Extent of Defs.' First Req. for Produc. of Docs. at 3 (Feb. 21, 2014) (ECF No. 180) (challenging, among other things, Defendants' defining of "you" and "your" in their First Request for Production of Documents to encompass "the entire Legislative Branch of the federal government").

On or about March 26, 2014, House counsel conferred with David Whitley, counsel for Defendants in No. 2:13-cv-00263, who advised that their clients do not oppose the House's participation here as *amicus curiae*. On March 26 and 28, 2014, House counsel conferred with Avner Shapiro of the Department of Justice, counsel for Plaintiff in No. 2:13-cv-00263, who advised that the Department takes no position on this motion. On March 27, 2014, House

2

counsel conferred with Ezra Rosenberg, who represented that all Plaintiff-Intervenors in No. 2:13-cv-00263 consent to the House's participation here as *amicus curiae*.

A proposed order is attached, and oral argument on this motion is not requested.

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE**

The Bipartisan Group – currently comprised of the Honorable John A. Boehner, Speaker of the House; the Honorable Eric Cantor, Majority Leader; the Honorable Kevin McCarthy, Majority Whip; the Honorable Nancy Pelosi, Democratic Leader; and the Honorable Steny H. Hoyer, Democratic Whip – "speak[s] for, and articulate[s] the institutional position of, the House in all litigation matters in which it appears." H. Res. 5, 113th Cong. § 4(a)(1)(B) (Jan. 3, 2013) (enacted), *available at* http://www.gpo.gov/fdsys/pkg/BILLS-113hres5eh/pdf/BILLS-113hres5eh.pdf; *see also id.* (noting that Bipartisan Group does so "[p]ursuant to clause 8 of rule II [of the House Rules]").[1] The Bipartisan Group often files as *amicus curiae* in cases that raise constitutional, as well as non-constitutional, issues of substantial institutional interest to the House and its Members.[2] This is such a case.

---

[1] The House has articulated its institutional position in litigation matters through a five-member bipartisan leadership group since the early 1980s (although the formulation of the group's name has changed somewhat over time). Since 1993, House rules formally have acknowledged and referred to the Bipartisan Legal Advisory Group, as such, in connection with its function of providing direction to the Office of the General Counsel. *See, e.g.*, Rule I.11, Rules of the House of Representatives, 103d Cong. (1993); Rule II.8, Rules of the House of Representatives, 113th Cong. (2013), *available at* http://clerk.house.gov/legislative/house-rules.pdf.

[2] Constitutional Issues:  *See, e.g.*, Br. of the Bipartisan Legal Advisory Grp. of the U.S. House of Representatives as Amicus Curiae Supporting Affirmance of Dist. Ct. Order Quashing Trial Subpoena on Speech or Debate Grounds, *United States v. Verrusio*, No. 11-3080 (D.C. Cir., filed Feb. 4, 2013, docketed Feb. 5, 2013); *United States v. Renzi*, 686 F. Supp. 2d 956, 967 (D. Ariz. 2010), *aff'd*, 651 F.3d 1012, 1015 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 1097 (2012) (amicus brief in support of petition for certiorari filed); *United States v. McDade*, 28 F.3d 283, 286 (3d Cir. 1994); *United States v. Swindall*, 971 F.2d 1531, 1534 (11th Cir. 1992); *United States v. Biaggi*, 853 F.2d 89, 90 (2d Cir. 1988); *In re Search of Rayburn House Office Bldg.*, 432 F.

(*Continued . . .*)

The Court should permit the House to file as *amicus curiae* here for three reasons. *First*, the House has an obvious direct interest in the outcome of Defendants' effort to subject the House and its Members, committees, and support offices to the rules of party discovery in a case in which the House and its Members, committees, and support offices have not been named as defendants or chosen to participate as plaintiffs.[3]

*Second*, how this Court resolves the issues posed by Defendants' attempt to define the "United States" to include the Congress in this litigation context has far-reaching implications for the House and its Members, committees, and support offices in a multitude of other litigation contexts. This is so because the United States is both a plaintiff and a defendant in an enormous variety of other litigation matters around the country, and no doubt will continue to be in the future.

*Third*, the House's *amicus* brief will materially aid the Court in resolving the question of whether the "United States" encompasses Congress for purposes of Federal Rule of Civil Procedure 34 discovery in this case. Plaintiff United States' response on this issue has been tepid at best – principally, we believe, because the United States, in its discovery requests to

---

Supp. 2d 100, 105 & n.2 (D.D.C. 2006), *rev'd sub nom. United States v. Rayburn House Office Bldg.*, 497 F.3d 654 (D.C. Cir. 2007), *cert. denied*, 128 S. Ct. 1738 (2008) (amicus brief in opposition to petition for certiorari filed).

Non-Constitutional Issues:  *See, e.g.*, Br. of Amicus Curiae the Bipartisan Legal Advisory Grp. of the U.S. House of Representatives in Supp. of Appellant, *United States v. Rainey*, No. 13-30770 (5th Cir., filed Dec. 9, 2013, docketed Dec. 10, 2013); Br. of the Bipartisan Legal Advisory Grp. of the U.S. House of Representatives as Amicus Curiae Supporting Affirmance, *Cause of Action v. Nat'l Archives & Records Admin.*, No. 13-5127 (D.C. Cir., filed Nov. 22, 2013, docketed Nov. 25, 2013); *Beverly Enters., Inc. v. Trump*, 182 F.3d 183, 186 (3d Cir. 1999).

[3]  Note that the Honorable Marc A. Veasey, U.S. Representative for Texas' 33rd congressional district, is a named plaintiff in No. 2:13-cv-00193 – a different, albeit consolidated, case. While the Congressman's status as a plaintiff in No. 2:13-cv-00193 may render him subject to the rules of party discovery in that case, it changes nothing with respect to this case.

Defendants, has taken the position that the State of Texas encompasses all or some parts of the *state legislature* for party discovery purposes.  Thus, because the Department is busy looking after the Executive Branch's litigation interests here, no party is vigorously articulating the House's interests, which means the Court is not getting the best possible briefing on the issue at hand.  Permitting the House to file as *amicus* will obviate that problem.

## CONCLUSION

For all the foregoing reasons, the House's Motion for Leave to File should be granted.

Respectfully submitted,

*/s/ Kerry W. Kircher*
KERRY W. KIRCHER, General Counsel
ATTORNEY-IN-CHARGE, DC Bar # 386816
WILLIAM PITTARD, Deputy General Counsel
TODD B. TATELMAN, Assistant Counsel
MARY BETH WALKER, Assistant Counsel
ELENI M. ROUMEL, Assistant Counsel
ISAAC B. ROSENBERG, Assistant Counsel

OFFICE OF GENERAL COUNSEL[4]
U.S. HOUSE OF REPRESENTATIVES
219 Cannon House Office Bldg.
Washington, D.C. 20515
202/225-9700 (phone)
202/226-1360 (fax)

*Counsel for the Bipartisan Legal Advisory Group of the United States House of Representatives*

March 31, 2014

---

[4] Attorneys in the Office of General Counsel are "entitled, for the purpose of performing the counsel's functions, to enter an appearance in any proceeding before any court of the United States . . . without compliance with any requirements for admission to practice before such court."  2 U.S.C. § 130f(a).

## CERTIFICATE OF SERVICE

I certify that on March 31, 2014, I filed the foregoing Unopposed Motion and Memorandum in Support of the Bipartisan Legal Advisory Group of the United States House of Representatives for Leave to File *Amicus Curiae* Brief Addressing One Discrete Discovery Issue in No. 2:13-cv-00263 by CM/ECF, which I understand has notified by electronic mail all counsel of record.  Also, on March 31, 2014, I served the foregoing by first-class mail, postage prepaid, on the following non-CM/ECF user:

> Robert M. Allensworth
> B14522
> BMRCC 251 N IL 37 S
> Ina, IL  62846-2419
> *Pro se*

>                                         */s/ William Pittard*
>                                         William Pittard