# Exhibit 1

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, JANE HAMILTON, SERGIO DELEON, FLOYD J. CARRIER, ANNA BURNS, MICHAEL MONTEX, PENNY POPE, OSCAR ORTIZ, KOBY OZIAS, JOHN MELLOR-CRUMLEY, JANE DOE, JOHN DOE, LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), AND DALLAS COUNTY, TEXAS, <br>    *Plaintiffs,* <br> v. <br><br> RICK PERRY, Governor of Texas; and JOHN STEEN, Texas Secretary of State, <br>    *Defendants.* | <br><br><br><br><br><br><br><br><br><br> CIVIL ACTION NO. <br> 2:13-CV-193 (NGR) <br> [Lead case] |
| UNITED STATES OF AMERICA, <br>    *Plaintiffs,* <br><br> TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, IMANI CLARK, AURICA WASHINGTON, CRYSTAL OWENS, AND MICHELLE BESSIAKE, <br>    *Plaintiff-Intervenors,* <br><br> TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, HIDALGO COUNTY, AND MARIA LONGORIA BENAVIDES, <br>    *Plaintiff-Intervenors,* <br> v. <br><br> STATE OF TEXAS, JOHN STEEN, in his official capacity as Texas Secretary of State; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety, <br>    *Defendants.* | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> CIVIL ACTION NO. <br> 2:13-CV-263 (NGR) <br> [Consolidated case] |
| TEXAS STATE CONFERENCE OF NAACP BRANCHES; and the MEXICAN AMERICAN LEGISLATIVE CAUCUS OF THE TEXAS HOUSE OF REPRESENTATIVES, | |

| | |
|---|---|
| *Plaintiffs,* | ) |
| v. | ) |
| | ) |
| JOHN STEEN, in his official capacity as Secretary of State of Texas; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety, | ) ) ) ) CIVIL ACTION NO. 2:13-CV-291 (NGR) |
| *Defendants.* | ) [Consolidated case] |
| _____ | ) |
| BELINDA ORTIZ, LENARD TAYLOR, EULALIO MENDEZ JR., LIONEL ESTRADA; ESTELA GARCIA ESPINOSA, ROXANNE HERNANDEZ, LYDIA LARA, MARGARITO MARTINEZ LARA, MAXIMINA MARTINEZ LARA, AND *LA UNION DEL PUEBLO ENTERO, INC.* | ) ) ) ) ) ) ) ) |
| *Plaintiffs,* | ) |
| v. | ) |
| | ) |
| STATE OF TEXAS; JOHN STEEN, in his Official capacity as Texas Secretary of State; And STEVE McCRAW, in his official capacity As Director of the Texas Department of Public Safety, | ) ) ) ) ) CIVIL ACTION NO. 2:13-CV-348 (NGR) |
| *Defendants.* | ) [Consolidated case] |
| _____ | ) ) |

## DEFENDANTS' THIRD REQUEST FOR PRODUCTION TO PLAINTIFF UNITED STATES OF AMERICA

Pursuant to the Federal Rules of Civil Procedure, Defendants, the State of Texas, Rick Perry, John Steen and Steve McCraw, by and through the Attorney General for the State of Texas requests that you identify and produce the documents and items requested below to counsel for Defendants. Please serve your responses and any objections on the undersigned

Page 2

attorneys within 30 days of service of these requests. This request is continuing in nature as provided by Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS

The following terms have the following meanings, unless the context requires otherwise:

1.      You & your. The terms "you" and "your" means the Department of Justice; the Department of Defense; the Federal Bureau of Investigation; the United States Citizenship and Immigration Services; the Department of State; the United States Social Security Administration; the Department of Veteran's Affairs; the department of Transportation Security Administration; the Department of Homeland Security; the United States Congress; the United States Senate Judiciary Committee; the United States House of Representatives Judiciary Committee; the Office of the Legislative Counsel of the United States Senate; the Office of the Legislative Counsel of the United States House of Representatives; the Attorney General of the United States and his agents, representatives, attorneys, experts, and other persons acting or purporting to act on Eric H. Holder, Jr's behalf; and Barack H. Obama, President of the United States and his agents, representatives, attorneys, experts, and other persons acting or purporting to act on Barack H. Obama's behalf.

2.      Document. The term "document" means information that is fixed in a tangible medium, such as paper, or electronically stored information. It includes, but is not limited to, writings, drawings, films, charts, photographs, notices, memoranda, diaries, minutes, correspondence, books, journals, ledgers, reports, worksheets, notes, printed e-mails, letters, abstracts, audits, charts, checks, diagrams, drafts, instructions, lists, logs, resumes, and summaries.

   a. Electronically stored information. The term "electronically stored information" means electronic information that is stored in a medium from which it can be retrieved and examined. It includes, but is not limited to, all electronic files that can be retrieved from electronic storage.

   (1) "Electronic file" includes, but is not limited to, the following: electronic documents, voicemail messages and files; e-mail messages and files; deleted files; temporary files; system-history files; Internet- or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; computer-activity logs; and metadata.

   (2) "Electronic storage" refers to electronic files contained on magnetic, optical, or other storage media, such as hard drives, flash drives, DVDs, CDs, tapes, cartridges, floppy diskettes, smart cards, integrated-circuit cards (e.g., SIM cards).

3.      Tangible thing. The term "tangible thing" means a physical object that is not a document.

4.      Communication. The term "communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

5. <u>Relating.</u>  The term "relating" means concerning, referring, describing, evidencing, supporting, refuting, or constituting, either directly or indirectly.

6. <u>SB 14</u>.   The term "SB 14" refers to Texas Senate Bill 14, 82d Leg., R.S., ch 123, § 3, 2011 Tex. Gen. Laws 619, including all companion or predecessor bills filed during previous sessions, whether regular or special, of the Texas Legislature, and all alternative bills or proposals, whether filed or not, relating to the use of photographic identification for voting in the state of Texas.

7. <u>Administrative Preclearance.</u>  The term "Administrative Preclearance" refers to the process, pursuant to Section 5 of the Voting Rights Act, by which the United States Attorney General or a three-judge court of the U.S. District Court for the District of Columbia reviews "changes to enact or seek to administer any voting qualification or prerequisite to voting, or standard, practice, or procedure with respect to voting different from that in force or effect [on certain dates, depending on the state]," as that process existed prior to the date of the United States Supreme Court's decision in *Shelby County v. Holder*, 133 S.Ct. 2612 (2013).

8. <u>Voting Rights Act</u>.  The Voting Rights Act refers to 42 U.S.C. §§ 1973 - 1973aa-6.

9. <u>And & or.</u> The connectives "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

10. <u>Present</u>.  The term "Present" refers to the date this Request for Production is served on the United States of America.

## REQUESTS FOR PRODUCTION

1. Please produce all documents and tangible things, dated November 1, 2005 to the Present, relating to communications relating to SB 14, among or between (1) members of the United States Congress, either past or present, their past or present staff, or their past or present representatives and/or (2) the Office of the Legislative Counsel of the United States Senate, its past or present staff, or its past or present representatives, regardless of whether the Civil Rights Division of the United States Department of Justice or the Office of the Attorney General of the United States Department of Justice participated in the communications.  The documents and tangible things requested include, but are not limited to, documents and tangible things relating to communications relating to the Administrative Preclearance of SB 14.

2. Please produce all documents and tangible things, dated November 1, 2005 to the Present, relating to communications relating to SB 14, among or between (1) members of the United States Congress, either past or present, their past or present staff, or their past or present representatives and/or (2) the Office of the Legislative Counsel of the United States House of Representatives, its past or present staff, or its past or present representatives, regardless of whether the Civil Rights Division of the United States Department of Justice or the Office of the Attorney General of the United States Department of Justice participated in the communications.  The documents and tangible things requested include, but are not limited to, documents and tangible things relating to communications relating to the Administrative Preclearance of SB 14.

3. Please produce all documents and tangible things, dated November 1, 2005 to the Present, relating to communications relating to SB 14, among or between (1) members of the United States Congress, either past or present, their past or present staff, or their past or present representatives and/or (2) the United States Senate Judiciary Committee, its subcommittees, their past or present members, those members' or the United States Senate Judiciary Committee's or its subcommittees' past or present staff or past or present representatives, regardless of whether the Civil Rights Division of the United States Department of Justice or the Office of the Attorney General of the United States Department of Justice participated in the communications.  The documents and tangible things requested include, but are not limited to, documents and tangible things relating to communications relating to the Administrative Preclearance of SB 14.

4. Please produce all documents and tangible things, dated November 1, 2005 to the Present, relating to communications relating to SB 14, among or between (1) members of the United States Congress, either past or present, their past or present staff, or their past or present representatives and/or (2) the United States House of Representatives Judiciary

Committee, its subcommittees, their past or present members, those members' or the United States House of Representatives Judiciary Committee's or its subcommittees' past or present staff or past or present representatives, regardless of whether the Civil Rights Division of the United States Department of Justice or the Office of the Attorney General of the United States Department of Justice participated in the communications. The documents and tangible things requested include, but are not limited to, documents and tangible things relating to communications relating to the Administrative Preclearance of SB 14.

5. Please produce all documents and tangible things, dated November 1, 2005 to the Present, relating to communications relating to the Voting Rights Act, among or between (1) members of the United States Congress, either past or present, their past or present staff, or their past or present representatives and/or (2) the Office of the Legislative Counsel of the United States Senate, its past or present staff, or its past or present representatives, regardless of whether the Civil Rights Division of the United States Department of Justice or the Office of the Attorney General of the United States Department of Justice participated in the communications. .

6. Please produce all documents and tangible things, dated November 1, 2005 to the Present, relating to communications relating to the Voting Rights Act, among or between (1) members of the United States Congress, either past or present, their past or present staff, or their past or present representatives and/or (2) the Office of the Legislative Counsel of the United States House of Representatives, its past or present staff, or its past or present representatives, regardless of whether the Civil Rights Division of the United States Department of Justice or the Office of the Attorney General of the United States Department of Justice participated in the communications.

7. Please produce all documents and tangible things, dated November 1, 2005 to the Present, relating to communications relating to the Voting Rights Act, among or between (1) members of the United States Congress, either past or present, their past or present staff, or their past or present representatives and/or (2) the United States Senate Judiciary Committee, its subcommittees, their past or present members, those members' or the United States Senate Judiciary Committee's or its subcommittees' past or present staff or past or present representatives, regardless of whether the Civil Rights Division of the United States Department of Justice or the Office of the Attorney General of the United States Department of Justice participated in the communications.

8. Please produce all documents and tangible things, dated November 1, 2005 to the Present, relating to communications relating to the Voting Rights Act, among or between

(1) members of the United States Congress, either past or present, their past or present staff, or their past or present representatives and/or (2) the United States House of Representatives Judiciary Committee, its subcommittees, its past or present members, those members' or the United States House of Representatives Judiciary Committee's or its subcommittees' past or present staff or past or present representatives, regardless of whether the Civil Rights Division of the United States Department of Justice or the Office of the Attorney General of the United States Department of Justice participated in the communications.

Dated: February 24, 2014

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JONATHAN F. MITCHELL
Solicitor General

J. REED CLAY, JR.
Special Assistant and Senior Counsel
to the Attorney General
Southern District of Texas No. 1160600

*/s/ John B. Scott*
JOHN B. SCOTT
Deputy Attorney General for Litigation
Southern District of Texas No. 10418
Texas State Bar No. 17901500
ATTORNEY-IN-CHARGE

G. DAVID WHITLEY
Assistant Deputy Attorney General
Southern District of Texas No. 2080496

STEPHEN RONALD KEISTER
Assistant Attorney General
Southern District of Texas No. 18580

SEAN PATRICK FLAMMER
Assistant Attorney General
Southern District of Texas No. 1376041

209 West 14th Street
P.O. Box 12548
Austin, Texas 70711-2548
(512) 475-0131

COUNSEL FOR THE STATE OF TEXAS, RICK PERRY, JOHN STEEN, and STEVE MCCRAW

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document is being served by electronic mail on February 24, 2014, to all counsel of record.

*/s/ John B. Scott*
JOHN B. SCOTT