# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, JANE HAMILTON, SERGIO DELEON, FLOYD J. CARRIER, ANNA BURNS, MICHAEL MONTEZ, PENNY POPE, OSCAR ORTIZ, KOBY OZIAS, JOHN MELLOR-CRUMLEY, PEGGY HERMAN, EVELYN BRICKNER, GORDON BENJAMIN, KEN GANDY, LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), AND DALLAS COUNTY, TEXAS, *Plaintiffs*, v. RICK PERRY, Governor of Texas; and JOHN STEEN, Texas Secretary of State, *Defendants*. | CIVIL ACTION NO. 2:13-CV-193 (NGR) [Lead case] |
| UNITED STATES OF AMERICA, *Plaintiffs*, TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, IMANI CLARK, AURICA WASHINGTON, CRYSTAL OWENS, AND MICHELLE BESSIAKE, *Plaintiff-Intervenors*, TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, HIDALGO COUNTY, AND MARIA LONGORIA BENAVIDES, *Plaintiff-Intervenors*, v. STATE OF TEXAS, JOHN STEEN, in his official capacity as Texas Secretary of State; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety, *Defendants*. | CIVIL ACTION NO. 2:13-CV-263 (NGR) [Consolidated case] |

1

| | |
|---|---|
| TEXAS STATE CONFERENCE OF NAACP BRANCHES; and the MEXICAN AMERICAN LEGISLATIVE CAUCUS OF THE TEXAS HOUSE OF REPRESENTATIVES,<br>    *Plaintiffs,*<br>v.<br><br>JOHN STEEN, in his official capacity as Secretary of State of Texas; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety,<br>    *Defendants.* | CIVIL ACTION NO.<br>2:13-CV-291 (NGR)<br>[Consolidated case] |
| BELINDA ORTIZ, LENARD TAYLOR, EULALIO MENDEZ JR., LIONEL ESTRADA; ESTELA GARCIA ESPINOSA, ROXANNE HERNANDEZ, LYDIA LARA, MARGARITO MARTINEZ LARA, MAXIMINA MARTINEZ LARA, AND *LA UNION DEL PUEBLO ENTERO, INC*.<br>    *Plaintiffs,*<br>v.<br><br>STATE OF TEXAS; JOHN STEEN, in his Official capacity as Texas Secretary of State; And STEVE McCRAW, in his official capacity As Director of the Texas Department of Public Safety,<br>    *Defendants.* | CIVIL ACTION NO.<br>2:13-CV-348 (NGR)<br>[Consolidated case] |

**DEFENDANTS' SUR-REPLY IN OPPOSITION TO JOINT MOTION TO MODIFY SCHEDULING ORDER**

The State of Texas files this sur-reply for the limited purpose of responding to assertions about Defendants' actions in this case that are not supported by the facts. The United States has already once tried to undue the scheduling that this

2

Court entered at the request of some of the plaintiffs in this case. Now, the United States, along with even those plaintiffs who pleaded for the schedule, seek to extend discovery up until the eve of trial at the expense of the Defendants. But, as we have already explained, the plaintiffs need for additional discovery is due to their own actions.

The United States makes much of their need to conduct additional discovery from non-party legislators. This discovery falls into two categories. The first category relates to documents that are responsive to the extensive discovery sought by the Department of Justice in *Texas v. Holder*, but were determined to be privileged. In essence, here, the Department of Justice seeks to reopen a question of privilege that has long since been answered. The second category relates to new and broader requests for legislative documents. These requests seek documents from nearly 200 additional legislators (and staff) and seek documents which cannot possibly shed light on the 82nd Legislature's purpose in enacting S.B. 14. For example, if sustained, their requests would require production of documents created by legislators who were not members of the Texas Legislature when S.B. 14 was enacted and documents that were created after S.B. 14 was enacted.

But, as this Court is well-aware, there is a much more fundamental flaw to their requests. Legislators are not parties to this lawsuit. This point is not even seriously contested by the other side. To wit, although this Court requested additional briefing on the question of whether members of the legislative branch are parties to a lawsuit against the State, the other side has been unable to cite a single

3

case to support that position. It is *their* failure to grasp or accept this very basic principle of law that has inexorably led them to request additional discovery.

Conducted properly, discovery of legislative documents might well have already concluded by now. Faced with a closing discovery window, plaintiffs have just recently issued subpoenas to a few legislators, showing that it can be done. Had they followed the Rules from the get-go (or even following the March 5th hearing) the current schedule would have offered more than sufficient time. Indeed, they seek an additional 56 days for fact discovery. But, there are 58 days during the period following the March 5th hearing until the current close of fact discovery.

Instead, the Department of Justice blames their lack of legislative discovery on the State of Texas—claiming that we did not "suggest" to them that subpoenas were required to reach documents held by members of the legislative branch until too late. United States' Reply Memorandum in Support of Plaintiffs' Joint Motion to Enter an Amended Scheduling Order at 8, Dk. No. 211-1 (March 31, 2014) ("Even at that point, however, Defendants never suggested that subpoenas were required to reach documents named in the initial disclosures or servers that Defendants agreed to search in the event of a non-assertion of any state legislative privilege."). Of course, the State of Texas is not required to suggest a particular interpretation of the rules of discovery to the Department of Justice. But setting that aside, their statements simply do not accurately depict the facts.

4

Counsel for the defendants have consistently and repeatedly, both orally and in writing, explained to the United States its position that members of the legislative branch are not parties in a lawsuit against a state. The earliest such notification came during the Rule 26(f) conference when counsel for the plaintiffs, including the Department of Justice, was informed that the Defendants anticipated that members of the legislative branch would assert their legislative privilege and that we viewed members of the legislative branch as non-parties. The Rule 26(f) report memorializes in writing the Defendants' view that legislative privilege would be asserted, as outlined by Federal Rule Civil Procedure 26(f)(3)(D). Joint Rule 26(f) Report at 6-7, Dk. No. 61 (November 4, 2013). Rule 26(f) does not contemplate specific discussion regarding third-party discovery and so none was included in the joint report filed by the parties. *See* Fed. R. of Civ. P. 26(f)(3) (discussing the subjects to be outlined in a discovery plan).

Even if there was any room for doubt following the Rule 26(f) conference, the Defendants position regarding discovery from members of the legislative branch was crystal clear by November 18, 2013—more than a week before the Department of Justice improperly sought legislative documents under Rule 34. That day, in response to a request that counsel for Defendants issue a litigation hold to legislators, Defendants made crystal clear that legislators were not parties to this litigation:

> Your letter seeks to impose a preservation obligation to a list of entities and individuals who are not parties to this litigation. To the extent you seek documents from non-parties, FRCP 45 governs the issuance of subpoenas.

Letter from John B. Scott to Mr. Gerald Hebert, November 18, 2013 (Exhibit 1). The letter to Mr. Hebert was sent to all counsel of record. *Id*. But even if the Department of Justice did not review such correspondence, it was sent a similar letter in response to a similar request on November 22, 2013—four days before the Department of Justice improperly sought legislative documents under Rule 34:

> [Y]our letter seeks to impose a preservation obligation on Texas [sic] current and former state legislators ("state legislators"), who are neither parties to this litigation nor subject to our direction or control.

Letter from John B. Scott to Jennifer Maranzano, November 22, 2013 (Exhibit 2). The letter also removed any doubt regarding how counsel envisioned such discovery should take place:

> To the extent you seek discovery from non-parties (including state legislators), the Federal Rules of Civil Procedure govern such requests.

*Id*. The plaintiffs were once again informed of the Defendants' position when they served their formal objections to the Department of Justice's request for legislative documents. Defendants' Responses and Objections to Plaintiff's First Request for Production of Documents at 2, 8, 15 (December 30, 2013) (Exhibit 3).

The plaintiffs in this case have known from the beginning that counsel for the Defendants would insist that any discovery directed at members of the legislative branch be conducted pursuant to Rule 45 and that many legislators would assert

legislative privilege. They have had ample opportunities to conduct legislative discovery as provided by Rule 45, but have decided differently. There have been a number of times when they could have abandoned the improvident path they chose. They have not. The Defendants should not be made to pay for the plaintiffs' mistakes. The motion should be denied.

Dated: March 31, 2014

    Respectfully submitted,

    GREG ABBOTT
    Attorney General of Texas

    DANIEL T. HODGE
    First Assistant Attorney General

    JONATHAN F. MITCHELL
    Solicitor General

    J. REED CLAY, JR.
    Special Assistant and Senior Counsel
    to the Attorney General
    Southern District of Texas No. 1160600

    */s/ John B. Scott*
    JOHN B. SCOTT
    Deputy Attorney General for Civil Litigation
    Southern District of Texas No. 10418
    Texas State Bar No. 17901500
    ATTORNEY-IN-CHARGE

    G. DAVID WHITLEY
    Assistant Deputy Attorney General
    Southern District of Texas No. 2080496

    STEPHEN RONALD KEISTER
    Assistant Attorney General
    Southern District of Texas No. 18580

    SEAN PATRICK FLAMMER
    Assistant Attorney General
    Southern District of Texas No. 1376041

    209 West 14th Street
    P.O. Box 12548
    Austin, Texas 70711-2548
    (512) 475-0131

    COUNSEL FOR THE STATE OF TEXAS,
    RICK PERRY, JOHN STEEN, and STEVE
    MCCRAW

## CERTIFICATE OF SERVICE

      I hereby certify that on March 31, 2014, I served a true and correct copy of the foregoing document via the Court's ECF system to all counsel of record.

                                      */s/ John B. Scott*
                                      JOHN B. SCOTT
                                      Deputy Attorney General for Civil Litigation