# EXHIBIT 1

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

November 18, 2013

JOHN B. SCOTT
DEPUTY ATTORNEY GENERAL
FOR CIVIL LITIGATION
DIRECT DIAL: (512) 475-0131

J. Gerald Hebert
The Campaign Legal Center
215 E Street, NE
Washington, DC 20002
(via e-mail)

    **Re:**    *Veasey v. Perry*, No. 2:13-cv-00193 (S.D. Tex.)

Dear Mr. Hebert:

I write in response to your letter of October 3, 2013, to confirm our compliance with our duties as we understand and interpret the law. As you know, there are mutual obligations associated with your litigation as provided in the Federal Rules of Civil Procedure. I expect that you have already taken steps to ensure your clients preserve any and all documents and things, including electronically stored information, which may be discoverable. If not, please consider this as formal notice to do so.

During the pendency of the proceedings in *Texas v. Holder*, the State sent notice to individual custodians and state agencies requesting the preservation of potentially relevant information. Specifically, we sent letters to the following offices: Governor, Lieutenant Governor, Speaker of the House of Representatives, Secretary of State, Texas Legislative Council, Senator Troy Fraser, and Representative Patricia Harless. For the purposes of preserving evidence in the *Veasey* case, the State confirmed that those same offices are preserving potentially relevant information. Furthermore, notice was sent to the Department of Public Safety, as it is a named party in the *Veasey* case.

Your letter seeks to impose a preservation obligation to a list of entities and individuals who are not parties to this litigation. To the extent you seek documents from non-parties, FRCP 45 governs the issuance of subpoenas. As the State has done in the past, we will agree to facilitate third-party discovery of consenting non-parties in an effort to make the discovery process run more efficiently.

To summarize, the scope of your retention request is overly broad, not reasonably specific, and includes multiple non-parties. However, in keeping with its preservation obligations, the State has issued a litigation hold to relevant custodians, identified the sources of potentially relevant information related to Plaintiffs' claims, and taken reasonable steps to ensure such information is preserved. These steps more than satisfy the State's preservation obligations.

November 12, 2013
Page Two


     Please also know that taking the steps you suggest entails costs, both in manpower and equipment, some of which may require cost sharing or cost shifting.

Sincerely,

John B. Scott
Deputy Attorney General
for Civil Litigation

cc:    All counsel of record (via e-mail)