IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, JANE HAMILTON, SERGIO DELEON, FLOYD J. CARRIER, ANNA BURNS, MICHAEL MONTEZ, PENNY POPE, OSCAR ORTIZ, KOBY OZIAS, JOHN MELLOR-CRUMLEY, PEGGY HERMAN, EVELYN BRICKNER, GORDON BENJAMIN, KEN GANDY, LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), AND DALLAS COUNTY, TEXAS, *Plaintiffs,* v. RICK PERRY, Governor of Texas; and JOHN STEEN, Texas Secretary of State, *Defendants.* | CIVIL ACTION NO. 2:13-CV-193 (NGR) [Lead case] |
| UNITED STATES OF AMERICA, *Plaintiffs,* TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, IMANI CLARK, AURICA WASHINGTON, CRYSTAL OWENS, AND MICHELLE BESSIAKE, *Plaintiff-Intervenors,* TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, HIDALGO COUNTY, AND MARIA LONGORIA BENAVIDES, *Plaintiff-Intervenors,* v. STATE OF TEXAS, JOHN STEEN, in his official capacity as Texas Secretary of State; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety, *Defendants.* | CIVIL ACTION NO. 2:13-CV-263 (NGR) [Consolidated case] |

1

| | |
|---|---|
| TEXAS STATE CONFERENCE OF NAACP BRANCHES; and the MEXICAN AMERICAN LEGISLATIVE CAUCUS OF THE TEXAS HOUSE OF REPRESENTATIVES,<br>    *Plaintiffs,*<br>v.<br><br>JOHN STEEN, in his official capacity as Secretary of State of Texas; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety,<br>    *Defendants.* | CIVIL ACTION NO.<br>2:13-CV-291 (NGR)<br>[Consolidated case] |
| BELINDA ORTIZ, LENARD TAYLOR, EULALIO MENDEZ JR., LIONEL ESTRADA; ESTELA GARCIA ESPINOSA, ROXANNE HERNANDEZ, LYDIA LARA, MARGARITO MARTINEZ LARA, MAXIMINA MARTINEZ LARA, AND *LA UNION DEL PUEBLO ENTERO, INC.,*<br>    *Plaintiffs,*<br>v.<br><br>STATE OF TEXAS; JOHN STEEN, in his Official capacity as Texas Secretary of State; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety,<br>    *Defendants.* | CIVIL ACTION NO.<br>2:13-CV-348 (NGR)<br>[Consolidated case] |

## **ADVISORY**

Defendants in the afore-referenced matter file this Advisory with the Court setting forth their trial plan so as to allow more time for the Court to render its decision prior to the November 2014 elections.

2

Discussions between the parties have failed to yield an agreement that would reduce the number of trial days. Currently, the Plaintiffs/Intervenors have suggested a trial of fourteen, seven hour trial days spanning at least three calendar weeks. The proposed time of forty-nine hours per side is to be allocated evenly with each side having seven days of seven hour, trial time.

Defendants propose a method frequently used by federal courts to conduct bench trials. Using this method for trial, Defendants propose that the Court allocate three and one-half, seven hour days, per side for the trial of this case. Both sides under this method would pre-file all direct testimony and exhibits. Each side would be allotted twenty-four and one-half hours for the trial of their case

For witnesses who are under a parties' control and who the parties wish to call at trial, the parties would be required to file at the same time as they file their pretrial order documents, affidavits/declarations which shall constitute the direct testimony of their witnesses, along with any deposition excerpts and any exhibit that a party wants to present during their case-in-chief. Under the proposed plan, each party would continue to control the order their witnesses are called within their case-in-chief.

Once a witness is tendered by Plaintiffs/Intervenors, Defendants would begin with their cross-examination of each witness. The parties would then conduct redirect and re-cross for each witness until their examination is concluded. Following the close of the Plaintiffs/Intervenors case-in-chief, Defendants case

would proceed in an identical process. Each side would be allowed a one hour closing statement at the conclusion of the evidence.

The affidavits/declarations will constitute the direct testimony which, together with the cross-examination, the exhibits, and any deposition exerts that was received by the Court, will constitute the record of the trial.  Defendants believe that the process for trial set forth above will provide the Court and the parties with a fair, yet efficient proceeding that maximizes the valuable time of the Court.

Dated:   April 7, 2014

    Respectfully submitted,

    GREG ABBOTT
    Attorney General of Texas

    DANIEL T. HODGE
    First Assistant Attorney General

    JONATHAN F. MITCHELL
    Solicitor General

    J. REED CLAY, JR.
    Special Assistant and Senior Counsel
    to the Attorney General
    Southern District of Texas No. 1160600

    */s/ John B. Scott*
    JOHN B. SCOTT
    Deputy Attorney General for Civil Litigation
    Southern District of Texas No. 10418
    Texas State Bar No. 17901500
    ATTORNEY-IN-CHARGE

    G. DAVID WHITLEY
    Assistant Deputy Attorney General
    Southern District of Texas No. 2080496

    STEPHEN RONALD KEISTER
    Assistant Attorney General
    Southern District of Texas No. 18580

    209 West 14th Street
    P.O. Box 12548
    Austin, Texas 70711-2548
    (512) 475-0131

    COUNSEL FOR THE STATE OF TEXAS,
    RICK PERRY, JOHN STEEN, and STEVE
    MCCRAW

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 7, 2014, I served a true and correct copy of the foregoing document is being served via the Court's ECF system to all counsel of record.

                                */s/ John B. Scott*
                                JOHN B. SCOTT
                                Deputy Attorney General for Civil Litigation