# Exhibit 4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>RICK PERRY, *et al.*,<br><br>    Defendants. | Civil Action No. 2:13-cv-193 (NGR) |
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, *et al.*,<br><br>    Plaintiff-Intervenors,<br><br>TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, *et al.*,<br><br>    Plaintiff-Intervenors,<br><br>  v.<br><br>STATE OF TEXAS, *et al.*,<br><br>    Defendants. | Civil Action No. 2:13-cv-263 (NGR) |

| | |
|---|---|
| TEXAS STATE CONFERENCE OF NAACP BRANCHES, *et al.*, <br><br>              Plaintiffs, <br><br> v. <br><br> NANDITA BERRY, *et al.*, <br><br>              Defendants. | Civil Action No. 2:13-cv-291 (NGR) |
| BELINDA ORTIZ, *et al.*, <br><br>              Plaintiffs, <br><br> v. <br><br> STATE OF TEXAS, *et al.*, <br><br>              Defendants | Civil Action No. 2:13-cv-348 (NGR) |

**UNITED STATES' RESPONSES AND OBJECTIONS
TO DEFENDANTS' SECOND REQUEST FOR PRODUCTION TO
PLAINTIFF UNITED STATES OF AMERICA**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the United States hereby responds to Defendants' Second Request for Production to Plaintiff United States of America ("RFPs" or "requests"). In formulating these responses, the United States has relied on the documents available to it at this time. Further documents may be obtained in discovery. The United States will furnish any such documents to the extent required under Rule 26 of the Federal Rules of Civil Procedure.

**GENERAL OBJECTIONS**

1.      The United States objects to the requests, including the instructions and definitions, to the extent they purport to impose upon the United States any obligations different

from, or greater than, those established or required by the Federal Rules of Civil Procedure and to the extent that they call for disclosure of information beyond the scope of what is required to be disclosed under Rule 26(b).

2. The United States also objects to the requests to the extent they seek documents outside the scope of or in a format different from the Agreement Concerning Production Format (ECF No. 61-6).

3. The United States also objects to the requests to the extent that they are unduly burdensome, overly broad, vague, and not reasonably calculated to lead to the discovery of admissible evidence.

4. The United States objects to the overbreadth of the definition of "you" and "your," to the extent that the definition includes the Federal Bureau of Investigation; the United States Citizenship and Immigration Services; the Department of State; the United States Social Security Administration; the Department of Veterans Affairs; the Department of Transportation Security Administration; the Department of Homeland Security; the United States Congress; and Barack H. Obama, President of the United States and his agents, representatives, attorneys, experts, and other persons acting or purporting to act on Barack H. Obama's behalf. The United States also objects to the extent that the burden or expense associated with responding to requests directed to "you" or "your" outweighs the likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii). The United States further objects to the extent that the requests applied to "you" or "your" seek documents that are not reasonably calculated to lead to the discovery of admissible evidence. The United States also objects based on the reasoning set forth in its motion seeking a protective order concerning a similar definition in the Defendants' First Set of Request for Production of Documents. (ECF No. 180).

5. The United States objects to the overbreadth of the definition of "electronically stored information," insofar as it includes voicemail messages and files, deleted files, temporary files, system history files, Internet-or web-browser-generated information in textual, graphical, or audio format, including history files, caches, and cookies. The United States further objects to the extent that the burden or expense associated with producing voicemail messages and files, deleted files, temporary files, system history files, Internet-or web-browser-generated information in textual, graphical, or audio format, including history files, caches, and cookies outweighs the likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii). The United States also objects to the extent that the requests for voicemail messages and files, deleted files, temporary files, system history files, Internet-or web-browser-generated information in textual, graphical, or audio format, including history files, caches, and cookies seek documents not reasonably calculated to lead to the discovery of admissible evidence. *See* Agreement Concerning Production Format (ECF No. 61-6). The United States also objects based on the reasoning set forth in its motion seeking a protective order concerning a similar definition in the Defendants' First Set of Request for Production of Documents. (ECF No. 180).

6. The United States also objects to the requests to the extent that they seek to discover internal documents prepared in anticipation of litigation by attorneys of the United States Department of Justice or non-attorney employees of the Department working under the supervision of Department attorneys. The parties have already agreed that these specific categories of documents are privileged documents and that parties are relieved of any responsibility to log them. Agreement Concerning Production Format at ¶ 25. Moreover, these documents are protected from disclosure under the work product doctrine. Fed. R. Civ. P. 26(b)(3); *In re Kaiser Aluminum & Chem. Co.*, 214 F.3d 586, 593 (5th Cir. 2000).

7. The United States further objects to each of the requests to the extent that they seek to discover the mental impressions, conclusions, opinions, legal strategies or legal theories of attorneys of the United States Department of Justice or non-attorney employees of the Department working under the supervision of Department attorneys. Such information is protected as attorney work product. *See Hickman v. Taylor*, 329 U.S. 495 (1947). This doctrine applies both to work produced by government attorneys in anticipation of litigation, *see NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 154 (1975); *United States v. Mann*, 61 F.3d 326, 331 (5th Cir. 1995), and to the work product of a staff member of a federal agency who works under the supervision of a government attorney. *See Sterling Drug Inc. v. Harris*, 488 F. Supp. 1019, 1026-27 (S.D.N.Y. 1980); *see also Hertzberg v. Veneman*, 273 F. Supp. 2d 67, 76-78 (D.D.C. 2003).

8. The United States also objects to the requests to the extent that they seek documents that are predecisional and deliberative. Such documents are protected from disclosure pursuant to the deliberative process privilege. *See, e.g.*, *May v. Dep't of Air Force*, 777 F.2d 1012, 1014-15 (5th Cir. 1984); *SEC v. Cuban*, No. 3:08-cv-2050, 2013 WL 1091233, at *9 (N.D. Tex. Mar. 15, 2013). Application of the deliberative process privilege is necessary to prevent injury to the quality of decisions made by federal agencies. *See Sears, Roebuck & Co.*, 421 U.S. at 150-54; *J.H. Rutter Rex Mfg. Co. v. NLRB*, 473 F.2d 223, 234 (5th Cir. 1973); *EEOC v. Fina Oil & Chem. Co.*, 145 F.R.D. 74, 75 (E.D. Tex. 1992).

9. The United States further objects to the requests to the extent that they seek to discover internal documents prepared during the course of an investigation. Internal documents in the custody of the United States may be covered by recognized investigatory and law enforcement privileges. *See In re U.S. Dep't of Homeland Sec.*, 459 F.3d 565, 569-70 (5th Cir.

- 5 -

2006) (recognizing law enforcement privilege); *see also Tuite v. Henry*, 181 F.R.D. 175, 176-77 (D.D.C. 1998), *aff'd*, 203 F.3d 53 (D.C. Cir. 1999); *McPeek v. Ashcroft*, 202 F.R.D. 332, 336 (D.D.C. 2001).

10. The United States further objects to the requests to the extent that they seek to discover documents protected from disclosure by the attorney-client privilege. *See United States v. Nelson*, 732 F.3d 504, 518 (2013).

11. The United States further objects to the requests to the extent that they seek to discover documents protected from disclosure by the common interest doctrine, which limits waiver of the attorney-client privilege "if a privileged communication is shared with a third person who has a common legal interest with respect to the subject matter of the communication." *Hodges, Grant & Kaufmann v. IRS*, 768 F.2d 719, 721 (5th Cir. 1985); *see also In re LTV Sec. Litig.*, 89 F.R.D. 595, 604 (N.D. Tex. 1981).

12. The United States also objects to the requests to the extent that they seek documents and electronically stored information not within its possession, custody, or control. *See* Fed. R. Civ. P. 34(a)(1); *see also United States v. Trevino*, 556 F.2d 1265, 1271-72 (5th Cir. 1977); *United States v. Bryan*, 868 F.2d 1032, 1036 (9th Cir. 1989); *see also Kyles v. Whitley*, 514 U.S. 419, 437 (1995). The United States further objects to the requests to the extent that they seek documents and electronically stored information in the possession of the United States Congress. *See Trevino*, 556 F.2d at 1270; *United States v. Zavala*, 839 F.2d 523, 528 (9th Cir. 1988); *see also INS v. Chadha*, 462 U.S. 919, 951-52 (1983).

13. The United States also objects to the requests to the extent that they seek information protected from disclosure by the Privacy Act. 5 U.S.C. § 552a (b); *Jacobs v. Nat'l Drug Intelligence Ctr.*, 423 F.3d 512, 516 (5th Cir. 2005).

14. The United States also objects to the requests to the extent that they seek documents already in the possession, custody, or control of, or otherwise equally available to Defendants, or can be obtained from some other source that is more convenient, less burdensome, or less expensive. Fed. R. Civ. P. 26(b)(2)(C)(i); *Cabral v. U.S. Dep't of Justice*, 587 F.3d 13, 23-24 (1st Cir. 2009).

15. The United States also objects to the requests to the extent that the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011).

16. By answering these requests, the United States does not concede the relevance or materiality of the documents requested, nor of the subject matter to which the request refers. Rather, the responses are made expressly subject to, and without in any way waiving or intending to waive, any question or objection as to the competency, relevancy, privilege, or admissibility as evidence, of any of the matters referred to in the responses.

17. These general objections apply to each individual request unless specifically otherwise stated. Reiteration of any general objection in response to a specific request shall not be construed to limit the applicability of any other general objection. Moreover, any attempt to answer or respond to any request to which a general objection is made does not in any way waive the objection.

## **RESERVATION OF RIGHTS**

The United States' responses to Defendants' requests are made without waiving or intending to waive, but, on the contrary, intending to preserve and preserving:

- 7 -

1.	All questions as to the competency, relevance, materiality, privilege, and admissibility of any response, evidence, information, or document for any purpose at any hearing in this matter or any other proceedings;

2.	The right to object on any grounds to the use of the information provided in any hearing in this matter or in any other proceeding;

3.	The right to object on any grounds at any time to other requests for production of documents or other discovery, including but not limited to demands for further responses to Defendants' requests;

4.	The right to revise, correct, supplement, clarify, and amend the responses set forth herein consistent with the Federal Rules of Civil Procedure.

## SPECIFIC RESPONSES AND OBJECTIONS

In addition to the foregoing general objections, the United States asserts the following specific objections and responses to each request for production of documents:

**REQUEST FOR PRODUCTION NO. 1:**

Please produce all documents and tangible things relating to the claim in paragraph 37 in your Complaint that "Hispanic and African-American voters in Texas, as compared to Anglo voters, disproportionately lack the forms of photo ID required by SB 14."

**RESPONSE:**

The United States objects to this request to the extent that it seeks documents that contain attorney mental impressions, recommendations, thoughts, opinions or other attorney work product, which are thus protected by the work product doctrine, and seeks documents that contain the pre-decisional mental impressions, recommendations, thoughts, and opinions of government officials, which are protected by the deliberative process privilege. The United

- 8 -

States also objects to this request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege. The United States further objects to this request on the ground that it seeks information not within the United States' possession, custody, or control.

Subject to and without waiving these general or specific objections, the United States will produce non-privileged documents that are relevant and responsive to this request.

**REQUEST FOR PRODUCTION NO. 2:**

Please produce all documents and tangible things relating to the claim in paragraph 38 of your Complaint that "The burden and resulting disenfranchisement will disproportionately affect Hispanic and African-American Texans, who are disproportionately poor."

**RESPONSE:**

See Response and Objections to Request for Production No. 1.

Subject to and without waiving these general or specific objections, the United States will produce non-privileged documents that are relevant and responsive to this request.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce all documents and tangible things relating to the claim in paragraph 38 in your Complaint that "Hispanic and African-American Texans…disproportionately lack access to transportation."

**RESPONSE:**

See Response and Objections to Request for Production No. 1.

Subject to and without waiving these general or specific objections, the United States will produce non-privileged documents that are relevant and responsive to this request.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce all documents and tangible things relating to the claim in paragraph 39 of your Complaint that "Texas elections at virtually every level are marked by a pattern of racially polarized voting."

**RESPONSE:**

See Response and Objections to Request for Production No. 1.

Subject to and without waiving these general or specific objections, the United States will produce non-privileged documents that are relevant and responsive to this request.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce all documents and tangible things relating to the claim in paragraph 39 of your Complaint that "Many Hispanic and African-American citizens in Texas continue to suffer the effects of official discrimination, including a history of discrimination in voting-related activities."

**RESPONSE:**

See Response and Objections to Request for Production No. 1.

Subject to and without waiving these general or specific objections, the United States will produce non-privileged documents that are relevant and responsive to this request.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce all documents and tangible things relating to the claim in paragraph 35 in your Complaint that "SB 14 will disproportionately impact Hispanic and African-American voters in the State of Texas, resulting in their being disenfranchised at a greater rate than Anglo voters."

**RESPONSE:**

See Response and Objections to Request for Production No. 1.

Subject to and without waiving these general or specific objections, the United States will produce non-privileged documents that are relevant and responsive to this request

**REQUEST FOR PRODUCTION NO. 7:**

Please produce all documents and tangible things relating to the claim in paragraph 36 in your Complaint that "A substantial portion of Texas voters, many of whom are African American or Hispanic, lack the forms of photo ID required by SB 14."

**RESPONSE:**

See Response and Objections to Request for Production No. 1.

Subject to and without waiving these general or specific objections, the United States will produce non-privileged documents that are relevant and responsive to this request.

**REQUEST FOR PRODUCTION NO. 8:**

Please produce all documents and tangible things relating to the claim in paragraph 27 in your Complaint that "Legislative debate and public statements concerning these voter Id bills contained anti-immigration rhetoric." This request does not seek any documents or tangible things in which a non-Legislator, non-Defendant, or non-agent/representative of Texas made any such alleged statement.

**RESPONSE:**

See Response and Objections to Request for Production No. 1.

Subject to and without waiving these general or specific objections, the United States will produce non-privileged documents that are relevant and responsive to this request.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce all documents and tangible things relating to the claim in paragraph 28 of your Complaint that "The State sought to minimize minority legislators' effective participation in the debate concerning SB 14."

**RESPONSE:**

See Response and Objections to Request for Production No. 1.

Subject to and without waiving these general or specific objections, the United States will produce non-privileged documents that are relevant and responsive to this request.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce all documents and tangible things relating to any allegations (substantiated or unsubstantiated) of voter fraud in any national, state, or local election within the United States of America. "Voter fraud" in this request includes, but is not limited to, in-person voter impersonation or attempted in-person voter impersonation.

**RESPONSE:**

The United States further objects to this request on the grounds that it is vague, overly broad, and unduly burdensome insofar as it has no limitation geographically or temporally. The United States also objects to this request to the extent that it seeks information not reasonably calculated to lead to the discovery of admissible evidence. The United States further objects to this request to the extent that it seeks to discover internal documents prepared during the course of any investigation and protected from disclosure by law enforcement privileges.

Subject to and without waiving these general or specific objections, the United States will produce non-privileged documents that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 11:**

  Please produce all documents and tangible things relating to any requirement to provide photographic identification in order to enter any Federal building or part of any building. This request includes any list of acceptable and/or unacceptable photographic identification required to enter any Federal building. "Federal building" in this request includes both structures commonly referred to as "buildings" and also tracts of real property.

**RESPONSE:**

  The United States objects to this request on the ground that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence and therefore, is outside of the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1). The United States further objects to this request on the grounds that it is vague, overly broad, and unduly burdensome insofar as it has no limitation geographically or temporally. The United States further objects to this request on the ground that it seeks information not within the United States' possession, custody, or control. Moreover, the documents requested reside in the public domain and thus they are equally available to all parties. Accordingly, the United States will not produce any documents in response to this request.

Date:  March 10, 2014

| | |
|---|---|
| KENNETH MAGIDSON<br>United States Attorney<br>Southern District of Texas | JOCELYN SAMUELS<br>Acting Assistant United States<br>Civil Rights Division<br><br>*/s/ Bruce I. Gear*<br>T. CHRISTIAN HERREN, JR.<br>MEREDITH BELL-PLATTS<br>ELIZABETH S. WESTFALL<br>BRUCE I. GEAR<br>JENNIFER L. MARANZANO<br>ANNA M. BALDWIN<br>DANIEL J. FREEMAN<br>Attorneys, Voting Section<br>Civil Rights Division<br>Department of Justice<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530 |

**CERTIFICATE OF SERVICE**

       I hereby certify that on March 10, 2014, I served a true and correct copy of the foregoing via electronic mail on the following counsel of record:

John B. Scott
John Reed Clay, Jr.
Gregory David Whitley
Sean Flammer
Stephen Ronald Keister
Office of the Texas Attorney General
john.scott@texasattorneygeneral.gov
reed.clay@texasattorneygeneral.gov
david.whitley@texasattorneygeneral.gov
sean.flammer@texasattorneygeneral.gov
ronny.keister@texasattorneygeneral.gov

*Counsel for Defendants*

Chad W. Dunn
Kembel Scott Brazil
Brazil & Dunn
chad@bradzilanddunn.com
scott@bazilanddunn.com

Neil G. Baron
Law Offices of Neil G. Baron
neil@ngbaronlaw.com

Armand Derfner
Derfner, Altman, & Wilborn
aderfner@dawlaw.com

Luiz Roberto Vera, Jr.
lrvlaw@sbcglobal.net

*Counsel for Veasey Plaintiffs*

Rolando L. Rios
Law Offices of Rolando L. Rios
rrios@rolandorioslaw.com

*Counsel for Texas Association of Hispanic County Judges and County Commissioners Plaintiff-Intervenors*

Christina Swarns
Ryan P. Haygood
Natasha M. Korgaonkar
Leah C. Aden
NAACP Legal Defense and Educational Fund, Inc.
cswarns@naacpldf.org
rhaygood@naacpldf.org
nkorgaonkar@naacpldf.org
laden@naacpldf.org

Danielle Conley
Jonathan Paikin
Kelly P. Dunbar
Sonya L. Lebsack
Gerald J. Sinzdak
Lynn Eisenberg
M. Hasan Ali
Richard F. Shordt
WilmerHale LLP
danielle.conley@wilmerhale.com
jonathan.paikin@wilmerhale.com
kelly.dunbar@wilmerhale.com
sonya.lebsack@wilmerhale.com
Gerard.sinzdak@wilmerhale.com
Lynn.eisenberg@wilmerhale.com
hasan.ali@wilmerhale.com
richard.shordt@wilmerhale.com

*Counsel for Texas League of Young Voters Plaintiff-Intervenors*

Ezra D. Rosenberg
Amy L. Rudd
Dechert LLP
ezra.rosenberg@dechert.com
amy.rudd@dechert.com

Wendy Weiser
Jennifer Clark
Vishal Agraharkar
Brennan Center for Justice at NYU School
　of Law
wendy.weiser@nyu.edu
jenniferl.clark@nyu.edu
vishal.argraharkar@nyu.edu

Mark A. Posner
Sonia Kaur Gill
Erandi Zamora
Lawyers' Committee for Civil Rights
mposner@lawyerscommittee.org
sgill@lawyerscommittee.org
ezamora@lawyerscommittee.org

*Counsel for Texas State Conference of
NAACP Branches Plaintiffs*

Jose Garza
Marinda van Dalen
Robert W. Doggett
Peter McGraw
Texas Rio Grande Legal Aid, Inc.
jgarza@trla.org
mvandalen@trla.org
rdoggett@trla.org
pmcgraw@trla.org

*Counsel for Ortiz Plaintiffs*

*/s/ Elizabeth S. Westfall*
Elizabeth S. Westfall
Voting Section
Civil Rights Division
Department of Justice
Room 7123 NWB
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
elizabeth.westfall@usdoj.gov