# Exhibit 8



**U.S. Department of Justice**

Civil Rights Division

*Voting Section - NWB*
*950 Pennsylvania Ave, NW*
*Washington, DC 20530*

April 1, 2014

VIA ELECTRONIC MAIL

David Whitley
Office of the Texas Attorney General
209 West 14th Street
Austin, Texas 78711
david.whitley@texasattorneygeneral.gov

    Re: *Veasey v. Perry*, 2:13-cv-193 (S.D. Tex.); *United States v. Texas*, 2:13-cv-263 (S.D. Tex.); *Texas State Conference of NAACP Branches v. Steen*, 2:13-cv-291 (S.D. Tex.); *Ortiz v. Texas*, 2:13-cv-348 (S.D. Tex.)

Dear Mr. Whitley:

    We write in response to your email of March 28, 2014, concerning the United States' privilege log produced along with United States' Responses and Objections to Defendants' First Requests for Production. Please find enclosed an amended privilege log.

    The United States has asserted a deliberative process privilege as a ground for withholding or redacting in part those documents related to the Attorney General's determinations on submissions of voting changes under Section 5 of the Voting Rights Act, which include internal staff assignments, markings that identify recipients copied on documents, and transmittal and routing forms. These materials have no conceivable relevance to the claim or defenses in this action. Moreover, all of these documents, including the underlying staff analyses, as well as, fall squarely within the scope of the deliberative process privilege. As one court has cautioned, "[t]he deliberative process privilege protects the agency's deliberative process by exempting from disclosure documents that would expose and harm that process." *See Cofield v. City of LaGrange*, 913 F. Supp. 608, 617 (D.D.C. 1997) (granting United States' motion to quash a subpoena seeking various internal analyses, memoranda, notes and other internal materials generated in the course of the Department's decisionmaking on submissions under Section 5 of the Voting Rights Act). The *Cofield* court squarely held that the deliberative process extends to memoranda, analyses and notes used in the Section 5 process as well as "those documents with internal routing notations" since "such notations may reasonably lead to identification of those individuals involved in the decisionmaking process, a result that could chill open and frank discussions within the agency, undermining the deliberative process." *Id.* Thus, the United States' invocation of the privilege in support of withholding and redacting certain documents is well founded.

    Please also note that the amended log includes documents "exchanged solely among counsel, individuals working directly on behalf of counsel in connection with this litigation . . .

- 2 -

and supervisory staff of the U.S. Department of Justice." Agreement Concerning Production Format ¶ 25. As you know, the parties have agreed that such documents need not be included in a privilege log, *id.*, and by including these entries on its amended privilege log today, the United States does not concede that it is obligated under the terms of the Agreement Concerning Production Format to do so.

    Sincerely,

    */s/ Elizabeth S. Westfall*
    Elizabeth S. Westfall
    Voting Section
    Civil Rights Division