# Exhibit 12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

MARC VEASEY, ET AL.,          )      CASE NO: 2:13-CV-00193
                             )
            Plaintiffs,       )            CIVIL
                             )
     vs.                      )      Corpus Christi, Texas
                             )
RICK PERRY, ET AL.,           )      Wednesday, March 5, 2014
                             )
            Defendants.       )      (9:27 a.m. to 11:16 a.m.)
_____

MOTION HEARING

BEFORE THE HONORABLE NELVA GONZALES RAMOS,
UNITED STATES DISTRICT JUDGE

Appearances:            See Next Page

Court Recorder:         Genay Rogan

Clerk:                  Brandy Cortez

Court Security Office:  Adrian Perez

Transcriber:            Exceptional Reporting Services, Inc.
                        P.O. Box 18668
                        Corpus Christi, TX 78480-8668
                        361 949-2988

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

2

<u>APPEARANCES FOR:</u>


Plaintiffs:                    ARMAND DERFNER, ESQ.
                               P. O. Box 600
                               Charleston, SC 29402

                               CHAD W. DUNN, ESQ.
                               K. SCOTT BRAZIL, ESQ. (Phone)
                               Brazil and Dunn
                               4201 Cypress Creek Parkway
                               Suite 530
                               Houston, TX 77068

                               J. GERALD HEBERT, ESQ. (Phone)
                               191 Somervelle Street
                               #405
                               Alexandria, VA 22304

                               NEIL G. BARON, ESQ.
                               914 FM 517 Road, W.
                               Suite 242
                               Dickinson, TX 77539

                               EMMA SIMPSON, ESQ. (Phone)
                               TERESA GUERRA SNELSON, ESQ. (Phone)

United States                  ANNA BALDWIN, ESQ.
of America:                    U.S. Department of Justice
                               950 Pennsylvania Avenue, N.W.
                               NWB 7273
                               Washington, DC 20009

                               ELIZABETH S. WESTFALL, ESQ. (Phone)
                               U.S. Department of Justice
                               950 Pennsylvania Avenue, N.W.
                               NW NWB 7125
                               Washington, DC 20530

                               DANIEL J. FREEMAN, ESQ.
                               U.S. Department of Justice
                               950 Pennsylvania Ave. NW
                               NWB 7123
                               Washington, DC 20009

3

**APPEARANCES FOR (Cont'd):**


United States of                JOHN ALBERT SMITH, III, ESQ.
 America:                       Office of the U.S. Attorney
                                800 N. Shoreline Boulevard
                                Suite 500
                                Corpus Christi, TX 78401


Texas Association of            ROLANDO L. RIOS, ESQ.
Hispanic County Judges          115 E. Travis
and County                      Suite 1654
Commissioners:                  San Antonio, TX 78205


                                PRESTON E. HENRICHSON, ESQ. (Phone)
                                222 W. Cano
                                Edinburg, TX 78539


Oscar Ortiz, et al.:            JOSE GARZA, ESQ.
                                7414 Robin Rest Dr.
                                San Antonio, TX 78209


State of Texas:                 JOHN BARRET SCOTT, ESQ.
                                Scott, Yung, L.L.P.
                                208 N. Market Street
                                Suite 200
                                Dallas, TX 75202


                                JOHN REED CLAY, JR., ESQ.
                                S. RONALD KEISTER, ESQ. (Phone)
                                Office of the Attorney General
                                P. O. Box 12548
                                MC001
                                Austin, TX 78711-2548


                                DAVID WHITLEY, ESQ.

Texas League of Young           RYAN HAYGOOD, ESQ.
Voters Education Fund:          NATASHA KORGAONKAR, ESQ.
                                NAACP Legal Def and Educational
                                Fund, Inc.
                                40 Rector Street
                                5th Floor
                                New York, NY 10006


                                M. HASAN ALI, ESQ. (Phone)
                                Wilmer Cutler Pickering, et al.
                                1875 Pennsylvania Ave. NW
                                Washington, DC 20006

4

<u>APPEARANCES FOR (Cont'd):</u>


Mexican American            EZRA D. ROSENBERG, ESQ.
Legislative Caucus,         Dechert, LLP
et al.:                     902 Carnegie Center
                            Suite 500
                            Princeton, NJ 08540-6531

                            DANIEL COVICH, ESQ.
                            GARY BLEDSOE, ESQ. (Phone)

                            VISHAL AGRAHARKAR, ESQ. (Phone)
                            Brennan Center for Justice
                            NYU School of Law
                            161 Avenue of the Americas
                            12th Floor
                            New York, NY 10013

Texas State Conference      ERANDI ZAMORA, ESQ.
 of NAACP Branches:         MARK A. POSNER, ESQ. (Phone)
                            Lawyers' Committee of Civil Rights
                            Under Law
                            1401 New York Ave., Suite 400
                            Washington, DC 20005

1     **Corpus Christi, Texas; Wednesday, March 5, 2014; 9:27 a.m.**

2                  **(Call to Order)**

3         **(Courtroom and Telephonic Appearances)**

4         **THE COURT:** Court calls Cause Number 2:13-193,

5 *Veasey, et al, versus Perry, et al.*

6         We'll start with the plaintiffs, if, I guess, counsel

7 representing Veasey and LULAC plaintiffs -- go ahead.

8         **MR. DUNN:** Good morning, your Honor.

9         **THE COURT:** You're over here. You were there last

10 time.

11         **MR. DUNN:** Yes. I've somehow or another switched

12 around. My name is Chad Dunn. I'm -- here with me in the

13 courtroom is Armand Derfner, Teresa Guerra Snelson, and Neil

14 Baron. We also have Gerry Hebert and Emma Simpson on the

15 telephone.

16         **THE COURT:** Okay. You're going to be speaking today?

17         **MR. DUNN:** Yes, on -- principally, yes, Judge.

18         **THE COURT:** All right. Government, The United States

19 of America?

20         **MR. FREEMAN:** Good morning, your Honor.

21         **THE COURT:** Morning.

22         **MR. FREEMAN:** Dan Freeman on behalf of the United

23 States. With me in the courtroom are my colleagues, Anna

24 Baldwin and John Smith, and on the phone are a host of others.

25         **THE COURT:** Okay.

1    *Redmond* establish that there is no -- that any comity interest

2    that might support a state legislative privilege simply is

3    overcome by an important federal interest, such as federal

4    criminal prosecutions.  And that doctrine is not limited to

5    federal prosecutions and should certainly apply in an important

6    context such as this.  And, as a result, the United States is

7    not aware of any case in which a court has declined to provide

8    documents to the United States when the United States has

9    brought a Section 2 case, and it is not aware of any case in

10   which a court has issued a blanket prohibition on production of

11   internal legislative documents even when there are private

12   plaintiffs who have brought the suit.  The court has at least

13   required the production of some documents in all of the cases

14   of which the United States is aware.

15          **THE COURT:**  And I think that's where the issue is;

16   what documents.

17          **MR. FREEMAN:**  Well, your Honor, there are a few

18   different approaches that courts have taken.  In some cases,

19   such as *Perez*, the court has required a full production under

20   seal.  In other cases, such as *Favors v. Cuomo*, the court has

21   undergone an in-camera review.  However, that in-camera review

22   is still ongoing after over a year.  And, so, under this

23   Court's schedule, the United States believes that if this Court

24   only thinks that a subset of documents are relevant,

25   unfortunately, it's not really possible from defendant's

23

1  privilege logs to identify exactly which documents are the most

2  appropriate, as they're all relevant, and the privilege log

3  merely establishes that they are internal to the legislature.

4  And, so, likely the best procedure would be a production under

5  seal, as the -- as the Court carried out in *Perez*, and if the

6  parties want to introduce those documents in court, we could

7  subsequently discuss individual documents, and there would be

8  no negative effect on the legislature, as the documents would

9  be produced either subject to the protective order that's

10  already in place or under seal.

11          **MR. CLAY:**  Well, I think all of this kind of gets to

12  the point of that we've put the cart before the horse here.

13  We're talking in broad strokes about a legislative privilege

14  and -- and about the amorphous contours of that privilege.  But

15  we don't have -- if we had gone about this the correct way,

16  which is subpoenaing various legislators or the Attorney

17  General's office with respect to specific documents, we might

18  be in a better position to discuss the actual contours and

19  whether a particular document is or is not subject to a

20  privilege.

21          **THE COURT:**  Okay.  Well, let me just say; the ones

22  that have waived the privilege, I don't need to deal with them

23  at all.  Correct?

24          **MR. CLAY:**  That's correct.

25          **THE COURT:**  They're going to provide whatever needs

60

```
 1    attorney here, it's just an attorney was copied; or there is

 2    not an attorney relationship here.  You all haven't discussed

 3    those documents?

 4          MR. CLAY:  No.  They did not -- they have not brought

 5    up any individual documents which they believe are -- are --

 6          THE COURT:  Isn't that the way this works, that you

 7    all -- Government needs to point out to them why these

 8    documents are not based on your privilege log, why these are

 9    not protected by the privilege?

10          MR. FREEMAN:  If I may, your Honor, the United States

11    raised two specific category -- two specific instances in the

12    privilege logs that clearly addressed policy matters.  There

13    were policy memos contained within the speaker's office, and I

14    believe within the lieutenant governor's office there was --

15    there were e-mails addressing polling data.  However, in most

16    cases the privilege logs are not sufficiently specific for the

17    United States to be able to determine whether or not they

18    address --

19          THE COURT:  Okay.  Have you all sat down and talked

20    about that?  Look, these documents here, clearly not covered;

21    you've given defendants a chance to look at that.  These

22    documents, I'm not clear on what this is, to determine if there

23    is a privilege.

24          MR. FREEMAN:  Your Honor --

25          THE COURT:  Because if you can't do it, I certainly
```