```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF TEXAS
                       CORPUS CHRISTI DIVISION




MARC VEASEY, ET AL.,         )    CASE NO: 2:13-CV-00193
                             )
          Plaintiffs,        )         CIVIL
                             )
     vs.                     )    Corpus Christi, Texas
                             )
RICK PERRY, ET AL.,          )    Tuesday, April 8, 2014
                             )
          Defendants.        )    (8:27 a.m. to 8:42 a.m.)
```

TELEPHONIC CONFERENCE

BEFORE THE HONORABLE NELVA GONZALES RAMOS,
UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Appearances: | See Next Page |
| Court Recorder: | Arlene Benavidez |
| Clerk: | Brandy Cortez |
| Transcriber: | Exceptional Reporting Services, Inc.<br>P.O. Box 18668<br>Corpus Christi, TX 78480-8668<br>361 949-2988 |

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

**APPEARANCES FOR:**

| | |
|---|---|
| Plaintiffs: | NEIL G. BARON, ESQ.<br>914 FM 517 Road, W.<br>Suite 242<br>Dickinson, TX 77539 |
| United States<br>of America: | DANIEL J. FREEMAN, ESQ.<br>RICHARD DELLHEIM, ESQ.<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, N.W.<br>NWB 7273<br>Washington, DC 20009 |
| State of Texas: | JOHN BARRET SCOTT, ESQ.<br>Scott, Yung, L.L.P.<br>208 N. Market Street<br>Suite 200<br>Dallas, TX 75202 |
| Mexican American<br>Legislative Caucus,<br>et al.: | EZRA D. ROSENBERG, ESQ.<br>Dechert, LLP<br>902 Carnegie Center<br>Suite 500<br>Princeton, NJ 08540-6531 |

3

1 **Corpus Christi, Texas; Tuesday, April 8, 2014; 8:27 a.m.**

2 **(Call to Order)**

3     **THE COURT:** The Court calls cause number 2:13-193, *Veasey, et al versus State of Texas et al.* And I believe Brandy has already called roll, so we're going to proceed.

6     We were here last week on the hearing regarding privileges and Motions to Compel and Motion for Protective Order. The attorneys were going to confer regarding the Attorney-Client Privilege. Did we get any further on that issue?

11     **MR. FREEMAN:** Your Honor, this is Dan Freeman for the United States, and yes we did. Over the last week the parties, having conferred, have substantially narrowed their differences. Essentially, at this point, the only matter in terms of which the parties have not reached an agreement is whether or not the State of Texas has established that communications between individual legislators and individual staff and legislative counsel are protected by Attorney-Client Privilege.

20     **MR. BARON:** Neil Baron.

21     **THE CLERK:** Okay.

22     **THE COURT:** Okay. So what are you-all going to do about that?

24     **MR. SCOTT:** Your Honor, this is John Scott for the State of Texas.

1          One of the problems we've run into, we've gone
2  through categories one and two of documents that Mr. Freeman
3  was kind enough to send over.  And we've withdrawn a vast
4  majority of the designations that were agreed to in both of
5  those categories.  On category three, we have technical
6  limitations, unfortunately, on our system.  And so, in the
7  process of trying to get all the documents out today to the
8  United States, we have not been able to go through all those
9  documents, the category three documents.  What we plan on doing
10 with those is the same thing we've done on the first two
11 categories, which is going through and withdrawing completely
12 the designation or, to the extent we believe there is a valid
13 designation, giving sufficient information to justify the
14 designation.
15          **MR. FREEMAN:**  Your Honor, this is Dan Freeman for the
16 United States, just to explain what Mr. Scott was saying.
17 Internally, we use specific category designations to discuss
18 and try and narrow down our dispute.  And the category three
19 documents he is referring to are the communications between
20 individual legislators and their staff and Texas legislative
21 counsel and staff.
22          **THE COURT:**  Okay.  So what do I need to do?
23          **MR. FREEMAN:**  Well, at this point, your Honor, the
24 United States maintains that it would be appropriate for this
25 Court to enter an Order finding that Texas has not established

1  the existence of Attorney-Client relationships of individuals

2  basically towards -- and staff of Texas legislative counsel and

3  order that any document that is going to happen solely on the

4  basis of that assertion should be produced.

5      **THE COURT:** Mr. Scott?

6      **MR. SCOTT:** Your Honor, you have before you what we

7  had previously filed in this matter, a declaration and proposed

8  stipulation of counsel. It's my understanding it's unrebutted

9  by any party in this case, which establishes what their goal

10 is.

11     And so, again, the technical limitations were the

12 only reason that we had not either given the documents

13 specifically identified in those documents. And so we'd ask

14 the Court to give us a couple more days. Now, once we get this

15 current production of documents out, the legislative privilege

16 documents that the Court ordered, we've got seven days after

17 this day. If we could have until the end of the week, Friday,

18 to do these, we're fine with this.

19     **MR. FREEMAN:** Your Honor, this is Dan Freeman for the

20 United States. As the United States explained in its Motion to

21 Compel, through *Cleverly* -- and that's U.S. District Court,

22 District of Columbia, found at *Texas v United States*, which is

23 at 279, FRD 24, the State of Texas cannot establish the

24 Declaration on any other means than Attorney-Client

25 relationship exists between each and every Texas legislative

1  counsel attorney and every one of the, I believe, 182 Texas
2  legislators, including the Lieutenant Governor, specifically
3  when there are discussions concerning issues where there are
4  direct conflicts between those legislative orders and there is
5  no evidence of informed consent having been granted by
6  individual legislators to establish an Attorney-Client
7  relationship.
8      **THE COURT:** Okay. Mr. Scott, so you think that
9  relationship meets the Attorney-Client privilege?
10     **MR. SCOTT:** I have not gone through those documents,
11 your honor.
12     **THE COURT:** Okay. So, that's what I'm hearing, that
13 Texas needs to go through that to see if it's going to continue
14 to urge that privilege regarding some documents; is that
15 correct?
16     **MR. SCOTT:** Yes, ma'am.
17     **THE COURT:** Okay. Mr. Freeman, why don't we just
18 wait on that? It might narrow what then becomes an issue for
19 the Court.
20     **MR. FREEMAN:** Your Honor, I believe that there is a -
21 - in the end, there is a fundamental disagreement regarding
22 whether or not an Attorney-Client relationship can exist in
23 these circumstances to the extent --
24     **THE COURT:** Let him go through the documents.
25     **MR. FREEMAN:** -- they narrow it down.

1    **THE COURT:**  Let him go through the documents and see
2 what is still at issue, okay.
3    **MR. FREEMAN:**  Okay.
4    **THE COURT:**  So, what's the deadline here, Mr. Scott?
5    **MR. SCOTT:**  We'll have it by Friday at noon, if
6 that's okay with -- if it's agreeable with the Court.
7    **THE COURT:**  Okay.  Then the parties will contact
8 Brandy if there are still some issues that the Court needs to
9 address, correct?
10   **MR. SCOTT:**  Yes, your Honor.
11   **THE COURT:**  Okay.  You-all filed some documents late
12 yesterday regarding the Scheduling Order.  And you-all tend to
13 do that right before a hearing and you just need to understand
14 that I'm not necessarily going to have been able to review
15 that.  So we can talk.  I don't know what you-all discussed
16 regarding the Scheduling Order.  It seems like there are no
17 agreements.  Do you want to inform me what we need to do?  And
18 maybe we need to talk about when a hearing is approaching, some
19 sort of deadline for you-all to file matters, because I am in
20 the midst of -- supposed to start a trial here this morning.
21 I've got other matters pending.  I can't just drop everything
22 because you-all decided to file matters at the last minute.  So
23 where are we on the Scheduling Order?
24   **MR. DELLHEIM:**  Your Honor, this is Richard Dellheim
25 for the United States.  At the Court's suggestion, the parties

1  conferred to see if they could agree on a schedule.  While we
2  have reached agreement, I believe that some dates that are
3  closer to trial, I would have to say that we have not, at least
4  at the last we had heard from Defendants, reached agreement on
5  critical discovery-related deadlines.  The schedule that we
6  proposed to the Court yesterday -- and my apologies for filing
7  it late.  It's just that we were -- our discussions with the
8  State continued through yesterday and we had not, at the time
9  we filed, heard the final word from the State.  We wanted to
10 put our proposed amended schedule before the Court.
11       But the schedule that we proposed to the Court
12 yesterday accomplishes, from our point, the numerous
13 significant goals that it's -- and I'm not going to repeat
14 everything that the Court said last week.  But it allows us
15 discovery with probably a little both in an orderly way, at
16 least to the extent of which all the parties and the Court.
17       With respect to the expert evidence, which we believe
18 to be critical, it maintains the May 30th production deadline.
19 That is, as we have explained, vitally necessary for the United
20 States to meet its burden of bringing a prima facie case.
21       Moreover, after those data are produced on May 30th,
22 if the Court will agree to that date, the proposed schedule
23 would give the United States just 30 days to analyze the
24 massive amounts of data produced before producing a report.
25 And, significantly, and as the Court directed, it's provides

1 that we then analyze the data and, four weeks after --

2    **THE COURT:** Okay. So where is the issue, Mr. Scott?

3 Knowing that I believe I said at the hearing last week that I

4 was inclined to move some of these deadlines, where is --

5    **MR. SCOTT:** Yes, ma'am. And I think it's -- this is

6 John Scott. It is 100 percent on the issue of fact discovery.

7 That's where I think their attempting to go use the expert

8 issue regarding databases, which I think most everybody agrees

9 those deadlines should be extended. It's the fact discovery

10 extension that is the big issue, and they're trying to extend

11 it by two months, essentially. And it's one that we think

12 should be extended by one month. And I think that one issue,

13 the Court has -- could give us any more guidance on that area

14 that will, I think, make it very easy to agree on the rest of

15 the dates.

16    **THE COURT:** Okay. So why are we extending it two

17 months, Mr. Dellheim?

18    **MR. DELLHEIM:** Your Honor, as the Court is well

19 aware, there have been numerous delays in the fact discovery

20 process. As we sit here today, the United States has still not

21 received the documents from the State of Texas. We expect to

22 receive something today, based on the Court's Order of last

23 week. These cases, as the Court is well aware, are

24 particularly fact intensive.

25    **THE COURT:** All right. The Court is going to extend

1  that deadline.  Is that the June 27th that's proposed?

2  **MR. DELLHEIM:**  Yes, ma'am.

3  **THE COURT:**  Okay.  The Court will extend that.  Where
4  else is the issue on the proposed Scheduling Order?

5  **MR. SCOTT:**  The additional depositions that they seek
6  to have the ability to take all the way through -- well, they
7  may have withdrawn them last night.  I'm sorry.  I apologize.

8  **THE COURT:**  It's okay.

9  **MR. SCOTT:**  So that shouldn't be an issue, since
10 they've withdrawn that issue.

11      I think we can agree on the rest of the dates, your
12 Honor.

13 **THE COURT:**  Okay.

14 **MR. SCOTT:**  That's a new extension.

15 **THE COURT:**  So then what I'm looking at is
16 Document 228, Exhibit 1; is that correct?

17 **MR. SCOTT:**  Yes, ma'am.

18 **THE COURT:**  Okay.  The Court will enter a new
19 Scheduling Order then.  Now, I know, -- and it was just filed,
20 I believe, yesterday, but I'm assuming that you-all have
21 already conferred or are going to confer on the Defendant's
22 Motion to Compel?  Do we need to shorten -- or, set a hearing
23 on that to go ahead and get that moving also?

24 **MR. SCOTT:**  It would be great to set that for
25 hearing, your Honor.

1  **THE COURT:** Okay. Who is taking that? Mr. Freeman?
2  Did you-all confer on that issue?
3  **MR. FREEMAN:** I'm not necessarily the person who is
4  going to be --
5  **MR. DELLHEIM:** I can take that, your Honor. I should
6  -- Your Honor, forgive me. This is Richard Dellheim for the
7  United States. We have not, as yet, conferred with the State
8  of Texas. We only learned of the motion late last night and
9  then --
10  **THE COURT:** Right. But you-all aren't supposed to be
11  filing motions until you-all confer, correct?
12  **MR. SCOTT:** Your Honor, and the parties -- Greg
13  Whitley from my office has been busy with Ms. Westfall in great
14  detail about a number of the matters. It's my understanding
15  that a number of the matters, it was his understanding the
16  Department of Justice was in the process of seeing if they
17  could get approval in the process, since we had filed -- gave
18  them a courtesy copy of the original draft of the Motion to
19  Compel a couple weeks ago.
20  **THE COURT:** All right. Shall we set it?
21  **MR. SCOTT:** So I believe we have met the burden.
22  **THE COURT:** Shall we set it for a hearing next week?
23  I'm going to be in a civil trial, but we can maybe gather.
24  **MR. FREEMAN:** Your Honor, it may be -- I may be able
25  to answer that. Some of these matters by -- if we are going to

1  follow the same process whereby privileged documents are turned
2  over to the other side; that is, the attorney side.  The only
3  provision that may short circuit a lot of the need for the
4  other person to dispute so they can narrow the scope of the
5  specific documents that we're going to bring to the Court.
6          **THE COURT:**  Okay.
7          **MR. DELLHEIM:**  Your Honor, this is Richard Dellheim
8  for the United States.  We think, under these circumstances, we
9  have not fully reviewed the filed motion, but we think that
10 procedure is inappropriate, given the documents that are
11 involved and the privileges that they have asserted.
12         **THE COURT:**  Okay.  Well, I haven't looked at it all,
13 obviously.  It was filed yesterday evening.  And I'm just --
14 should we set a hearing for next week so we can get that
15 moving?
16         **MR. FREEMAN:**  Perfect.
17         **THE COURT:**  All right.  Brandy?  I won't have a lot
18 of time for you.  I mean, we can set another like 8:30 a.m. and
19 I may have 20 minutes or so for you, but maybe we can at least
20 narrow some issues down.  But here's the deal, okay.  When?
21         **THE CLERK:**  Your Honor, if you want to do it mid week
22 on the 16th at 8:30 a.m.
23         **THE COURT:**  Wednesday, which would be the 16th, at
24 8:30 a.m., but if there is going to be a Response filed it must
25 be filed by Monday.  All right, Mr. Freeman?

1       **MR. FREEMAN:** Yes, your Honor, we understand.

2       **THE COURT:** Okay. Now, did you-all discuss -- I'd
3  like to have a head's up, and maybe you-all want to talk about
4  it. I don't know if you-all did, about what sort of motions
5  are anticipated from now, you know, throughout, I guess, the
6  case as to what the Court is going to have to be considering?
7  Because I am, as we discussed, as busy as you-all are so I need
8  to see where the intensity of how I can fit this around other
9  matters.

10      **MR. ROSENBERG:** Your Honor, Ezra Rosenberg for Texas
11 NAACP and MALC. We had been in discussions with the State and
12 with the DOJ as to trial protocols and pretrial protocols.
13 Late yesterday, Texas filed its advisory on it. We have not
14 seen that detail before. What I would suggest is that we have
15 an opportunity to talk to the State over the next week and
16 file. We could file something jointly or our own advisory.
17 Perhaps that can also be taken care of at the next conference.

18      **THE COURT:** All right. That's fine. Anything else
19 to address this morning? So we will address that also at
20 Wednesday's hearing.

21      **MR. SCOTT:** Your Honor, John Scott for Texas. I have
22 one last thing. Your Order identified for the legislative
23 privileged documents that we're producing today, that we
24 produce those to the United States. Is that -- was that a
25 limitation the Court has placed? I just don't want to not send

1 them to the other parties.  But, given the status of them, I
2 didn't want to inadvertently --
3         **THE COURT:**  Well, yeah.  And I guess I was just
4 tracking -- it was the United State's Motion to Compel that was
5 before the Court.  Everyone joined, so it would be appropriate
6 to send it to the other attorneys.
7         **MR. SCOTT:**  And, again, the privilege is any
8 privilege that we send unless that privilege is still reserved?
9         **THE COURT:**  That's right.  That's right.  Yes.
10         **MR. DELLHEIM:**  Your Honor, this is Richard Dellheim
11 for the United States, and forgive me for going backwards.
12 But, with respect to the hearing on the Motion to Compel and
13 the deadline the Court has set in that case to respond.  We
14 will do the best we can to adhere to the Court's Order.  I just
15 wanted to advise the Court that the State's motion 35(a) --
16         **THE COURT:**  Okay.  Well, I'm just saying if you don't
17 file it by Monday, don't file it.  We'll just see what we can
18 do at the hearing.
19         **MR. DELLHEIM:**  We'll do the best we can.
20         **THE COURT:**  Because you-all tend to file them late.
21 I'm in the middle of other matters and I just, you know, can't
22 address it.
23         **MR. DELLHEIM:**  We can understand that.
24         **THE COURT:**  Okay.  Anything else?
25         **(No audible response)**

15

1  All right.  If nothing else, you're excused.  Thank
2 you.
3      **(This proceeding was adjourned at 8:42 a.m.)**
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____          <u>April 11, 2014</u>

TONI HUDSON, TRANSCRIBER

EXCEPTIONAL REPORTING SERVICES, INC