IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> RICK PERRY, *et al.*, <br><br> Defendants. | Civil Action No. 2:13-cv-193 (NGR) |
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, *et al.*, <br><br> Plaintiff-Intervenors, <br><br> TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, *et al.*, <br><br> Plaintiff-Intervenors, <br><br> v. <br><br> STATE OF TEXAS, *et al.*, <br><br> Defendants. | Civil Action No. 2:13-cv-263 (NGR) |

| | |
|---|---|
| TEXAS STATE CONFERENCE OF NAACP BRANCHES, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 2:13-cv-291 (NGR) |
| NANDITA BERRY, *et al.*, | |
| Defendants. | |
| BELINDA ORTIZ, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 2:13-cv-348 (NGR) |
| STATE OF TEXAS, *et al.*, | |
| Defendants | |

## **ADVISORY**

As requested by the Court, the parties have conferred in an effort to reach agreement as to protocols governing the trial of this matter. Based on that discussion, Texas and the private Plaintiffs and Plaintiff-Intervenors (hereinafter "private Plaintiffs") appear to generally agree on two basic principles, but disagree regarding the length of the trial and also, perhaps, regarding some of the details related to the agreed-upon principles. (The Department of Justice on behalf of the United States has not yet stated its position on this matter.)

The apparent agreed-upon principles are as follows: first, if the trial in this case is to start on September 2, as ordered by the Court, the trial should conclude by a date certain to afford the Court the time needed to weigh the evidence and, if possible, render a decision prior to the beginning of early voting on October 20, 2014; and second, the methods that parties should be

permitted to use to introduce evidence should allow for a streamlined trial (e.g., there should be liberal admissibility of depositions and declarations in lieu of live testimony).

In this context, the private Plaintiffs respectfully suggest that the following protocols govern trial, subject, of course, to the schedule and convenience of the Court.

1. **Dates and time allocated for trial:  Trial shall begin on Tuesday, September 2, and conclude on Friday, September 19.  Plaintiffs (i.e., private Plaintiffs and the United States, collectively) and Defendants (collectively) shall each have 45 hours of trial time.**

If the trial in this case is to start on September 2, ending on September 19 will provide for a maximum of 14 trial days (including any openings and closings), while at the same time providing that trial will conclude about four weeks before early voting is set to begin.  This number of trial days will allow each side (all Plaintiffs collectively and all Defendants collectively) up to 45 hours of trial time.  In its April 7, 2014 Advisory (ECF Doc. 227), Texas proposed a total of seven trial days, and that each side would have 24.5 hours of trial time.  It is the private Plaintiffs' understanding that, under either schedule, the time allocated to each side would include any opening and/or closing arguments, direct testimony from one's own witnesses, and cross-examination of the other side's witnesses; it would not include time spent in arguing any evidentiary motions.

The Defendants' proposed trial length of seven days is insufficient for all Plaintiffs to present all of the evidence and develop a complete record on which this Court must decide this important case.  Adopting the schedule recommended by private Plaintiffs, by contrast, would give the parties and the Court the flexibility to ensure that all relevant evidence is produced at trial, while still allowing the Court the opportunity to render its decision before in-person voting

commences for the November 2014 election. This calculation takes into account the following considerations.

First, these consolidated lawsuits involve six sets of plaintiffs, including the United States. While the Complaints contain similar core allegations centering on Section 2 of the Voting Rights Act, several also include additional claims that broaden the proof issues beyond Section 2.

Second, private Plaintiffs anticipate that each side will present a variety of expert testimony regarding the purpose and effect of Texas' photo ID requirement, and that more experts will be called than were called at the Section 5 trial regarding the photo ID law in the D.C. District Court. The presentation of this expert testimony will take time and, given its central role in the resolution of the factual issues presented, is critical to resolving the issues before the Court. It may be possible, with respect to some of the expert witnesses, to streamline the presentation of their direct testimony by submitting their expert declarations/reports. But even with that, based on the experience with the Section 5 trial, private Plaintiffs expect that many of the experts will elicit lengthy cross-examinations.

Third, private Plaintiffs anticipate that there will be many fact witnesses, and that there will be a greater number of fact witnesses than appeared at the Section 5 trial. For example, it is reasonably likely that more legislators will be called, especially if their assertions of legislative privilege are limited by the Court. Other witnesses, perhaps including affected plaintiffs, will testify regarding the impact of the photo ID requirement and the manner in which it has been implemented thus far. In addition, private Plaintiffs anticipate that Texas may continue to assert that each of the individual Plaintiffs and the organizational Plaintiffs lack standing, as it has argued in its motions to dismiss. This means, absent a stipulation of the parties, that proof will

need to be introduced at trial supporting standing, and cross-examination on this issue may occur.

Finally, the Plaintiffs shoulder the burden of proof on their claims, and must be allowed a reasonable period of time in which to present that proof to the Court. It is not unusual for a plaintiff's case to run a few days longer than a defendant's case. If Texas feels it can try its case in 24.5 hours, of course, it is free to do so, but 45 hours of trial, divided among six groups including the United States, is reasonable.

## 2. The parties shall work cooperatively to ensure that the trial time is used efficiently and proceeds on time.

Plaintiffs, collectively, would divide their 45 hours amongst themselves and the Department of Justice. These parties would have the leeway to trade time with each other. As many of these same parties did at the Section 5 trial, private Plaintiffs will work cooperatively, not only with each other, but also with the Department of Justice and Texas to make sure that there is no "down-time" at trial. This means that the parties will have witnesses ready (live or by video) at all times, identifying on the eve of each trial day which witnesses will be called the next day.

## 3. Parties will be permitted, but not mandated, to prove or defend their case using depositions taken in this case, declarations, as well as depositions and trial testimony for non-expert witnesses from the Section 5 litigation.

To afford each side a fair opportunity to present their evidence and cross-examine the other side's witnesses within a 14 day trial, certain protocols should be adopted that allow for the liberal admissibility of evidence in a non-live form. These "streamlining" mechanisms would not be mandatory in that each side generally would be allowed to use its 45 hours of trial time in the manner it chooses. However, if a side decides not to use, or to make less use of, a particular

streamlining mechanism then, in turn, that side would need to accept that it may be required to present fewer witnesses live and/or that it will have less time to conduct cross-examinations.

    a. **Depositions and trial testimony of non-expert witnesses from the Section 5 case.**

Dozens of depositions were taken in the Section 5 case, and several fact witnesses testified in that trial. The parties should be permitted to offer evidence (deposition testimony, trial testimony, and exhibits) from the Section 5 case to this Court. The parties will not make a wholesale "dump" of this evidence, but will be required to designate with specificity those portions of the prior testimony and exhibits that are relevant to the issues in this case. This allowance of depositions and trial testimony from the Section 5 case would exclude depositions and trial testimony of expert witnesses.

Private Plaintiffs propose that all designations of evidence from the Section 5 case (deposition testimony, trial testimony and exhibits) be submitted to the Court and exchanged between the parties on August 18; all counter-designations would be submitted to the Court and exchanged between the parties on August 25.

    b. **All depositions taken in this case.**

Under Fed. R. Civ. P. 32(a)(4), a party may use for any purpose the deposition of a witness, whether or not a party, if the witness is unavailable, including if the witness is located more than 100 miles from the place of trial. In order to expedite these proceedings, private Plaintiffs respectfully suggest that all depositions in this case may be offered into evidence (subject to objections as to individual questions and answers), whether or not the witness is unavailable. This would apply to both fact and expert witnesses.

All designations from depositions also would be submitted to the Court and exchanged between the parties on August 18; and all counter-designations would be submitted to the Court and exchanged between the parties on August 25.

      c.  **Declarations of expert and fact witnesses.**

Any party would also be permitted, but not required, to offer a written declaration of a witness in lieu of direct testimony, but then would be required to produce that witness live for purposes of cross-examination. If a party desires to present expert direct testimony by declaration, the Court may require that the expert provide a short summary, in court, of his or her testimony (and that summary would count against the 45-hour limit). Written declarations of witnesses (fact and expert) would be required to be submitted to the Court and exchanged between the parties on August 25.

Respectfully submitted,

s/ Ezra Rosenberg
Ezra D. Rosenberg
Michelle Hart Yeary
DECHERT LLP
902 Carnegie Center, Suite 500
Princeton, New Jersey 08540-6531
ezra.rosenberg@dechert.com

Steven B. Weisburd
Amy L. Rudd
Lindsey Cohan
DECHERT LLP
500 W. 6th Street, Suite 2010
Austin, Texas 78701
lindsey.cohan@dechert.com

Wendy Weiser
Myrna Pérez
Vishal Agraharkar
Jennifer Clark
The Brennan Center for Justice at NYU Law School
161 Avenue of the Americas, Floor 12
New York, New York 10013-1205
wendy.weiser@nyu.edu
myrna.perez@nyu.edu
vishal.agraharkar@nyu.edu
jenniferl.clark@nyu.edu

Robert A. Kengle
Mark A. Posner
Sonia Kaur Gill
Erandi Zamora
Lawyers' Committee for Civil Rights Under Law
1401 New York Avenue, N.W., Suite 400
Washington, D.C. 20005
mposner@lawyerscommittee.org
Clay Bonilla
Daniel G. Covich
The Law Offices of William Bonilla, P.C.
2727 Morgan Avenue
Corpus Christi, Texas 78405
claybonilla@hotmail.com
Daniel@bonillalaw.com

Gary Bledsoe
PotterBledsoe, L.L.P.
316 W. 12th Street, Suite 307
Austin, Texas 78701
garybledsoe@sbcglobal.net

Robert Notzon
The Law Office of Robert Notzon
1502 West Avenue
Austin, Texas 78701
Robert@NotzonLaw.com

Jose Garza
Law Office of Jose Garza
7414 Robin Rest Drive
San Antonio, Texas 98209
garzapalm@aol.com

Kim Keenan
Marshall Taylor
Victor Goode
NAACP
4805 Mt. Hope Drive
Baltimore, Maryland 21215
kkeenan@naacpnet.org
mtaylor@naaacpnet.org
vgoode@naacpnet.org

*Counsel for Plaintiffs Texas State Conference of NAACP Branches, Mexican American Legislative Caucus of the Texas House of Representatives*

Christina A. Swarns
Ryan P. Haygood
Natasha M. Korgaonkar
Leah C. Aden
Deuel Ross
NAACP Legal Defense and Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, New York 10006
cswarns@naacpldf.org
rhaygood@naacpldf.org
nkorgaonkar@naacpldf.org
laden@naacpldf.org
dross@naacpldf.org

Danielle Conley
Jonathan Paikin
Kelly P. Dunbar
Sonya L. Lebsack
Gerard J. Sinzdak
Lynn Eisenberg
M. Hasan Ali
Richard F. Shordt
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
danielle.conley@wilmerhale.com
jonathan.paikin@wilmerhale.com
kelly.dunbar@wilmerhale.com

*Counsel for Plaintiff-Intervenors Texas League of Young Voters Education Fund et al.*

Jose Garza
Law Office of Jose Garza
7414 Robin Rest Drive
San Antonio, Texas 78209
garzpalm@aol.com

Marinda van Dalen
Texas RioGrande Legal Aid, Inc.
531 East St. Francis Street
Brownsville, Texas 78529-5354
mvandalen@trla.org

Robert W. Doggett
Texas Rio Grande Legal Aid Inc
4920 North IH 35
Austin, Texas 78751
rdoggett@trla.org

*Counsel for Plaintiff-Intervenors Estela Garcia Espinosa, Lionel Estrada, Roxsanne Hernandez, La Union Del Pueblo Entero, Inc. Lydia Lara, Margarito Martinez Lara, Maximina Martinez Lara, Eulalio Mendez, Jr., Belinda Ortiz, Lenard Taylor*

Rolando L Rios
Attorney at Law
115 E Travis, Suite 1645
San Antonio, Texas 78205
rrios@rolandorioslaw.com

*Counsel for Plaintiff-Intervenor Texas Association of Hispanic County Judges and County Commissioners*

Preston Edward Henrichson
Attorney at Law
222 W. Cano
Edinburg, Texas 78539
preston@henrichsonlaw.com

Rolando L Rios
Attorney at Law
115 E Travis, Suite 1645
San Antonio, Texas 78205
rrios@rolandorioslaw.com

*Counsel for Plaintiff-Intervenor Hidalgo County*

9

Chad W. Dunn
K. Scott Brazil
Brazil & Dunn
4201 Cypress Creek Parkway, Suite 530
Houston, Texas  77068
chad@brazilanddunn.com
scott@brazilanddunn.com

J. Gerald Hebert
Campaign Legal Center
215 E Street, N.E.
Washington, D.C. 20002
GHebert@campaignlegalcenter.org
Neil G. Baron
Law Office of Neil G. Baron
914 FM 517 W, Suite 242
Dickinson, Texas 77539
neil@ngbaronlaw.com

David Richards
Richards, Rodriguez & Skeith, LLP
816 Congress Avenue, Suite 1200
Austin, Texas 78701
daverichards4@juno.com

Armand G. Derfner
Derfner, Altman & Wilborn, LLC
575 King Street, Suite B
Charleston, South Carolina 29402
aderfner@dawlegal.com

*Counsel for Plaintiffs Marc Veasey, Floyd James Carrier, Anna Burns, Michael Montez, Penny Pope, Jane Hamilton, Sergio DeLeon, Oscar Ortiz, Koby Ozias, John Mellor-Crummey, Jane Doe, James Doe, League of United Latin American Citizens ("LULAC") and Dallas County, Texas*

Luis Roberto Vera, Jr.
LULAC National General Counsel
The Law Offices of Luis Vera Jr., and Associates
1325 Riverview Towers, 111 Soledad
San Antonio, Texas 78205-2260
lrvlaw@sbcglobal.net

*Counsel for LULAC*

Craig M. Watkins
Dallas County District Attorney
Teresa G. Snelson
Chief, Civil Division
Dallas County District Attorney's Office
411 Elm Street, 5th Floor
Dallas, Texas 75202-4606
Teresa.Snelson@dallascounty.org

*Counsel for Dallas County, Texas*

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2014, I served a true and correct copy of the foregoing via the Court's ECF system on all counsel of record.

                                        /s/ Lindsey B. Cohan
                                        Lindsey B. Cohan
                                        State Bar No. 24083903
                                        DECHERT LLP
                                        500 W. 6th Street, Suite 2010
                                        Austin, TX 78701
                                        Telephone:  (512) 394-3000
                                        Facsimile:  (512) 394-3001
                                        lindsey.cohan@dechert.com