# Exhibit 2

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, JANE HAMILTON, SERGIO DELEON, FLOYD J. CARRIER, ANNA BURNS, MICHAEL MONTEZ, PENNY POPE, OSCAR ORTIZ, KOBY OZIAS, JOHN MELLOR-CRUMLEY, JANE DOE, JOHN DOE, LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), AND DALLAS COUNTY, TEXAS,<br><br>    *Plaintiffs,*<br><br>v.<br><br>RICK PERRY, Governor of Texas; and JOHN STEEN, Texas Secretary of State,<br><br>    *Defendants.* | CIVIL ACTION NO.<br>2:13-CV-193 (NGR)<br>[Lead case] |
| UNITED STATES OF AMERICA,<br><br>    *Plaintiffs,*<br><br>v.<br><br>STATE OF TEXAS, JOHN STEEN, in his official capacity as Texas Secretary of State; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety,<br><br>    *Defendants.* | CIVIL ACTION NO.<br>2:13-CV-263 (NGR)<br>[Consolidated case] |
| TEXAS STATE CONFERENCE OF NAACP BRANCHES; and the MEXICAN AMERICAN LEGISLATIVE CAUCUS OF THE TEXAS HOUSE OF REPRESENTATIVES, | |

|  |  |
|---|---|
| *Plaintiffs,*<br>v.<br><br>JOHN STEEN, in his official capacity as Secretary of State of Texas; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety,<br><br>*Defendants.* | )<br>)<br>)<br>)  CIVIL ACTION NO.<br>)  2:13-CV-291 (NGR)<br>)  [Consolidated case]<br>)<br>)<br>)<br>)<br>)<br>) |
| BELINDA ORTIZ, LENARD TAYLOR, EULALIO MENDEZ JR., LIONEL ESTRADA; ESTELA GARCIA ESPINOSA, ROXANNE HERNANDEZ, LYDIA LARA, MARGARITO MARTINEZ LARA, MAXIMINA MARTINEZ LARA, AND *LA UNION DEL PUEBLO ENTERO, INC.*<br>*Plaintiffs,*<br><br>v.<br><br>STATE OF TEXAS; JOHN STEEN, in his Official capacity as Texas Secretary of State; And STEVE McCRAW, in his official capacity As Director of the Texas Department of Public Safety,<br>*Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO.<br>)  2:13-CV-348 (NGR)<br>)  [Consolidated case]<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' SECOND REQUEST FOR PRODUCTION
TO PLAINTIFF UNITED STATES OF AMERICA**

Pursuant to the Federal Rules of Civil Procedure, Defendants, the State of Texas, Rick Perry, John Steen and Steve McCraw, by and through the Attorney General for the State of Texas requests that you identify and produce the documents and items requested below to counsel for Defendants. Please serve your responses and any objections on the undersigned

Page 2

attorneys within 30 days of service of these requests. This request is continuing in nature as provided by Rule 26(e) of the Federal Rules of Civil Procedure.

## **DEFINITIONS**

The following terms have the following meanings, unless the context requires otherwise:

1.  You & your. The terms "you" and "your" means the Department of Justice; the Department of Defense; the Federal Bureau of Investigation; the United States Citizenship and Immigration Services; the Department of State; the United States Social Security Administration; the Department of Veteran's Affairs; the department of Transportation Security Administration; the Department of Homeland Security; the United States Congress; Eric H. Holder, Jr., Attorney General of the United States and his agents, representatives, attorneys, experts, and other persons acting or purporting to act on Eric H. Holder, Jr's behalf; and Barack H. Obama, President of the United States and his agents, representatives, attorneys, experts, and other persons acting or purporting to act on Barack H. Obama's behalf.

2.  Document. The term "document" means information that is fixed in a tangible medium, such as paper, or electronically stored information. It includes, but is not limited to, writings, drawings, films, charts, photographs, notices, memoranda, diaries, minutes, correspondence, books, journals, ledgers, reports, worksheets, notes, printed e-mails, letters, abstracts, audits, charts, checks, diagrams, drafts, instructions, lists, logs, resumes, and summaries.

    a.  Electronically stored information. The term "electronically stored information" means electronic information that is stored in a medium from which it can be retrieved and examined. It includes, but is not limited to, all electronic files that can be retrieved from electronic storage.

    (1) "Electronic file" includes, but is not limited to, the following: electronic documents, voicemail messages and files; e-mail messages and files; deleted files; temporary files; system-history files; Internet- or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; computer-activity logs; and metadata.

    (2) "Electronic storage" refers to electronic files contained on magnetic, optical, or other storage media, such as hard drives, flash drives, DVDs, CDs, tapes, cartridges, floppy diskettes, smart cards, integrated-circuit cards (e.g., SIM cards).

3.  Tangible thing. The term "tangible thing" means a physical object that is not a document.

4.  Communication. The term "communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

5.  Relating. The term "relating" means concerning, referring, describing, evidencing, supporting, refuting, or constituting, either directly or indirectly.

6.	<u>And & or.</u> The connectives "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

7.	<u>Complaint.</u>  The term "Complaint" means Document 1 in 2:13-cv-00263 in the Southern District of Texas.

**REQUESTS FOR PRODUCTION**

1. Please produce all documents and tangible things relating to the claim in paragraph 37 in your Complaint that "Hispanic and African-American voters in Texas, as compared to Anglo voters, disproportionately lack the forms of photo ID required by SB 14."

2. Please produce all documents and tangible things relating to the claim in paragraph 38 of your Complaint that "The burden and resulting disenfranchisement will disproportionately affect Hispanic and African-American Texans, who are disproportionately poor."

3. Please produce all documents and tangible things relating to the claim in paragraph 38 in your Complaint that "Hispanic and African-American Texans…disproportionately lack access to transportation."

4. Please produce all documents and tangible things relating to the claim in paragraph 39 of your Complaint that "Texas elections at virtually every level are marked by a pattern of racially polarized voting."

5. Please produce all documents and tangible things relating to the claim in paragraph 39 of your Complaint that "Many Hispanic and African-American citizens in Texas continue to suffer the effects of official discrimination, including a history of discrimination in voting-related activities."

6. Please produce all documents and tangible things relating to the claim in paragraph 35 in your Complaint that "SB 14 will disproportionately impact Hispanic and African-American voters in the State of Texas, resulting in their being disenfranchised at a greater rate than Anglo voters."

7. Please produce all documents and tangible things relating to the claim in paragraph 36 in your Complaint that "A substantial portion of Texas voters, many of whom are African American or Hispanic, lack the forms of photo ID required by SB 14."

8. Please produce all documents and tangible things relating to the claim in paragraph 27 in your Complaint that "Legislative debate and public statements concerning these voter Id bills contained anti-immigration rhetoric."  This request does not seek any documents or tangible things in which a non-Legislator, non-Defendant, or non-agent/representative of Texas made any such alleged statement.

9. Please produce all documents and tangible things relating to the claim in paragraph 28 of your Complaint that "The State sought to minimize minority legislators' effective participation in the debate concerning SB 14."

10. Please produce all documents and tangible things relating to any allegations (substantiated or unsubstantiated) of voter fraud in any national, state, or local election within the United States of America. "Voter fraud" in this request includes, but is not limited to, in-person voter impersonation or attempted in-person voter impersonation.

11. Please produce all documents and tangible things relating to any requirement to provide photographic identification in order to enter any Federal building or part of any building. This request includes any list of acceptable and/or unacceptable photographic identification required to enter any Federal building. "Federal building" in this request includes both structures commonly referred to as "buildings" and also tracts of real property.

Dated: February 3, 2014

        Respectfully submitted.

        GREG ABBOTT
        Attorney General of Texas

        DANIEL T. HODGE
        First Assistant Attorney General

        JONATHAN F. MITCHELL
        Solicitor General

        J. REED CLAY, JR.
        Special Assistant and Senior Counse1
        to the Attorney General

        */s/ John B. Scott*
        JOHN B. SCOTT
        Deputy Attorney General for Litigation
        Southern District of Texas No. 10418
        Texas State Bar No. 17901500
        ATTORNEY-IN-CHARGE

        GREGORY DAVID WHITLEY
        Assistant Deputy Attorney General
        Southern District of Texas No. 2080496
        State of Texas Bar No. 2080492

        STEPHEN RONALD KEISTER
        Assistant Attorney General
        Southern District of Texas No. 18580

        SEAN PATRICK FLAMMER
        Assistant Attorney General
        Southern District of Texas No. 1376041

        209 West 14th Street
        P.O. Box 12548
        Austin, Texas 70711-2548
        (512) 475-0131

        COUNSEL FOR THE STATE OF TEXAS, RICK
        PERRY, JOHN STEEN, and STEVE MCCRAW

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document is being served by electronic mail on February 3, 2014, to all counsel of record.

                      */s/ John B. Scott*
                      JOHN B. SCOTT
                      Deputy Attorney General for Civil Litigation