# Exhibit 12

```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF TEXAS
                       CORPUS CHRISTI DIVISION




MARC VEASEY, ET AL.,        )    CASE NO: 2:13-CV-00193
                            )
          Plaintiffs,       )         CIVIL
                            )
     vs.                    )    Corpus Christi, Texas
                            )
RICK PERRY, ET AL.,         )    Wednesday, March 5, 2014
                            )
          Defendants.       )    (9:27 a.m. to 11:16 a.m.)


                          MOTION HEARING

           BEFORE THE HONORABLE NELVA GONZALES RAMOS,
                  UNITED STATES DISTRICT JUDGE



Appearances:            See Next Page

Court Recorder:         Genay Rogan

Clerk:                  Brandy Cortez

Court Security Office:  Adrian Perez

Transcriber:            Exceptional Reporting Services, Inc.
                        P.O. Box 18668
                        Corpus Christi, TX 78480-8668
                        361 949-2988




Proceedings recorded by electronic sound recording;
transcript produced by transcription service.
```

EXCEPTIONAL REPORTING SERVICES, INC

**APPEARANCES FOR:**

Plaintiffs:  ARMAND DERFNER, ESQ.
P. O. Box 600
Charleston, SC 29402

CHAD W. DUNN, ESQ.
K. SCOTT BRAZIL, ESQ. (Phone)
Brazil and Dunn
4201 Cypress Creek Parkway
Suite 530
Houston, TX 77068

J. GERALD HEBERT, ESQ. (Phone)
191 Somervelle Street
#405
Alexandria, VA 22304

NEIL G. BARON, ESQ.
914 FM 517 Road, W.
Suite 242
Dickinson, TX 77539

EMMA SIMPSON, ESQ. (Phone)
TERESA GUERRA SNELSON, ESQ. (Phone)

United States
of America:  ANNA BALDWIN, ESQ.
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
NWB 7273
Washington, DC 20009

ELIZABETH S. WESTFALL, ESQ. (Phone)
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
NW NWB 7125
Washington, DC 20530

DANIEL J. FREEMAN, ESQ.
U.S. Department of Justice
950 Pennsylvania Ave. NW
NWB 7123
Washington, DC 20009

**APPEARANCES FOR (Cont'd):**

| | |
|---|---|
| United States of America: | JOHN ALBERT SMITH, III, ESQ.<br>Office of the U.S. Attorney<br>800 N. Shoreline Boulevard<br>Suite 500<br>Corpus Christi, TX 78401 |
| Texas Association of Hispanic County Judges and County Commissioners: | ROLANDO L. RIOS, ESQ.<br>115 E. Travis<br>Suite 1654<br>San Antonio, TX 78205<br><br>PRESTON E. HENRICHSON, ESQ. (Phone)<br>222 W. Cano<br>Edinburg, TX 78539 |
| Oscar Ortiz, et al.: | JOSE GARZA, ESQ.<br>7414 Robin Rest Dr.<br>San Antonio, TX 78209 |
| State of Texas: | JOHN BARRET SCOTT, ESQ.<br>Scott, Yung, L.L.P.<br>208 N. Market Street<br>Suite 200<br>Dallas, TX 75202<br><br>JOHN REED CLAY, JR., ESQ.<br>S. RONALD KEISTER, ESQ. (Phone)<br>Office of the Attorney General<br>P. O. Box 12548<br>MC001<br>Austin, TX 78711-2548<br><br>DAVID WHITLEY, ESQ. |
| Texas League of Young Voters Education Fund: | RYAN HAYGOOD, ESQ.<br>NATASHA KORGAONKAR, ESQ.<br>NAACP Legal Def and Educational Fund, Inc.<br>40 Rector Street<br>5th Floor<br>New York, NY 10006<br><br>M. HASAN ALI, ESQ. (Phone)<br>Wilmer Cutler Pickering, et al.<br>1875 Pennsylvania Ave. NW<br>Washington, DC 20006 |

4

**APPEARANCES FOR (Cont'd):**

| | |
|---|---|
| Mexican American Legislative Caucus, et al.: | EZRA D. ROSENBERG, ESQ.<br>Dechert, LLP<br>902 Carnegie Center<br>Suite 500<br>Princeton, NJ 08540-6531<br><br>DANIEL COVICH, ESQ.<br>GARY BLEDSOE, ESQ. (Phone)<br><br>VISHAL AGRAHARKAR, ESQ. (Phone)<br>Brennan Center for Justice<br>NYU School of Law<br>161 Avenue of the Americas<br>12th Floor<br>New York, NY 10013 |
| Texas State Conference of NAACP Branches: | ERANDI ZAMORA, ESQ.<br>MARK A. POSNER, ESQ. (Phone)<br>Lawyers' Committee of Civil Rights Under Law<br>1401 New York Ave., Suite 400<br>Washington, DC 20005 |

5

1 **Corpus Christi, Texas; Wednesday, March 5, 2014; 9:27 a.m.**

2 **(Call to Order)**

3 **(Courtroom and Telephonic Appearances)**

4     **THE COURT:** Court calls Cause Number 2:13-193,

5 *Veasey, et al, versus Perry, et al.*

6     We'll start with the plaintiffs, if, I guess, counsel

7 representing Veasey and LULAC plaintiffs -- go ahead.

8     **MR. DUNN:** Good morning, your Honor.

9     **THE COURT:** You're over here. You were there last

10 time.

11     **MR. DUNN:** Yes. I've somehow or another switched

12 around. My name is Chad Dunn. I'm -- here with me in the

13 courtroom is Armand Derfner, Teresa Guerra Snelson, and Neil

14 Baron. We also have Gerry Hebert and Emma Simpson on the

15 telephone.

16     **THE COURT:** Okay. You're going to be speaking today?

17     **MR. DUNN:** Yes, on -- principally, yes, Judge.

18     **THE COURT:** All right. Government, The United States

19 of America?

20     **MR. FREEMAN:** Good morning, your Honor.

21     **THE COURT:** Morning.

22     **MR. FREEMAN:** Dan Freeman on behalf of the United

23 States. With me in the courtroom are my colleagues, Anna

24 Baldwin and John Smith, and on the phone are a host of others.

25     **THE COURT:** Okay.

1    *Redmond* establish that there is no -- that any comity interest

2    that might support a state legislative privilege simply is

3    overcome by an important federal interest, such as federal

4    criminal prosecutions. And that doctrine is not limited to

5    federal prosecutions and should certainly apply in an important

6    context such as this. And, as a result, the United States is

7    not aware of any case in which a court has declined to provide

8    documents to the United States when the United States has

9    brought a Section 2 case, and it is not aware of any case in

10   which a court has issued a blanket prohibition on production of

11   internal legislative documents even when there are private

12   plaintiffs who have brought the suit. The court has at least

13   required the production of some documents in all of the cases

14   of which the United States is aware.

15         **THE COURT:** And I think that's where the issue is;

16   what documents.

17         **MR. FREEMAN:** Well, your Honor, there are a few

18   different approaches that courts have taken. In some cases,

19   such as *Perez*, the court has required a full production under

20   seal. In other cases, such as *Favors v. Cuomo*, the court has

21   undergone an in-camera review. However, that in-camera review

22   is still ongoing after over a year. And, so, under this

23   Court's schedule, the United States believes that if this Court

24   only thinks that a subset of documents are relevant,

25   unfortunately, ==it's not really possible from defendant's==

1  ==privilege logs to identify exactly which documents are the most==
2  ==appropriate, as they're all relevant, and the privilege log==
3  ==merely establishes that they are internal to the legislature.==
4  And, so, likely the best procedure would be a production under
5  seal, as the -- as the Court carried out in *Perez*, and if the
6  parties want to introduce those documents in court, we could
7  subsequently discuss individual documents, and there would be
8  no negative effect on the legislature, as the documents would
9  be produced either subject to the protective order that's
10 already in place or under seal.
11         **MR. CLAY:** Well, I think all of this kind of gets to
12 the point of that we've put the cart before the horse here.
13 We're talking in broad strokes about a legislative privilege
14 and -- and about the amorphous contours of that privilege.  But
15 we don't have -- if we had gone about this the correct way,
16 which is subpoenaing various legislators or the Attorney
17 General's office with respect to specific documents, we might
18 be in a better position to discuss the actual contours and
19 whether a particular document is or is not subject to a
20 privilege.
21         **THE COURT:** Okay.  Well, let me just say; the ones
22 that have waived the privilege, I don't need to deal with them
23 at all.  Correct?
24         **MR. CLAY:** That's correct.
25         **THE COURT:** They're going to provide whatever needs

60

1  attorney here, it's just an attorney was copied; or there is
2  not an attorney relationship here.  You all haven't discussed
3  those documents?
4          **MR. CLAY:**  No.  They did not -- they have not brought
5  up any individual documents which they believe are -- are --
6          **THE COURT:**  Isn't that the way this works, that you
7  all -- Government needs to point out to them why these
8  documents are not based on your privilege log, why these are
9  not protected by the privilege?
10         **MR. FREEMAN:**  If I may, your Honor, the United States
11 raised two specific category -- two specific instances in the
12 privilege logs that clearly addressed policy matters.  There
13 were policy memos contained within the speaker's office, and I
14 believe within the lieutenant governor's office there was --
15 there were e-mails addressing polling data.  ==However, in most==
16 ==cases the privilege logs are not sufficiently specific for the==
17 ==United States to be able to determine whether or not they==
18 ==address --==
19         **THE COURT:**  Okay.  Have you all sat down and talked
20 about that?  Look, these documents here, clearly not covered;
21 you've given defendants a chance to look at that.  These
22 documents, I'm not clear on what this is, to determine if there
23 is a privilege.
24         **MR. FREEMAN:**  Your Honor --
25         **THE COURT:**  Because if you can't do it, I certainly

EXCEPTIONAL REPORTING SERVICES, INC