# EXHIBIT 1

# Whitley, David

| | |
|---|---|
| **From:** | Freeman, Daniel (CRT) <Daniel.Freeman@usdoj.gov> |
| **Sent:** | Thursday, April 03, 2014 9:23 AM |
| **To:** | Clay, Reed; Scott, John; Whitley, David |
| **Cc:** | Dellheim, Richard (CRT); Bell-Platts, Meredith (CRT); Westfall, Elizabeth (CRT); Baldwin, Anna (CRT); Gear, Bruce (CRT); Maranzano, Jennifer (CRT) |
| **Subject:** | Veasey v. Perry: Attorney-Client Privilege |

Reed,

As promised in our conversation yesterday, I have divided out the documents named in the proposed order attached to the United States' motion to compel (ECF No. 162-1) into the specific categories of concerns advanced by the United States regarding the attorney-client privilege. As we discussed, the use of boilerplate to describe numerous documents—and particularly self-contradictory boilerplate stating that a communication was "for the purpose of seeking or providing legal advice"—leaves the United States unable to assess the sufficiency of the privilege logs in many cases. On the other hand, in an effort to minimize disputes, we have decided to withdraw our challenge to the assertion of the attorney-client privilege over documents such as bill summaries that do not incorporate client confidences, although we maintain our position that the privilege is inapplicable.

## Areas of Agreement

We have been able to identify the following documents that you appear to agree are not protected by the attorney-client privilege.

Category 1: Waiver or Absence of an Attorney-Client Relationship. In the following cases, the communication passed between multiple legislative offices or between a state agency and a legislative office. Please note that we have not challenged assertions of the privilege where the attorney at issue is employed by the Office of the Texas Attorney General and you appear to assert that your office maintains an attorney-client relationship with numerous state officials across the Executive and Legislative branches.

TX_00006535-74, TX_00007076-78, TX_00009917-68, TX_00011956-58, TX_00012729-34, TX_00014920-21, TX_00015831-36, , TX_00017894, TX_00018646-50, TX_00018855-57, TX_00019173, TX_00019291-94, TX_00019377-92, TX_00019770, TX_00022254-61, TX_00026295-302, TX_00027374-85, TX_00027868-84, TX_00034455-56, TX_00034458-60, TX_00034469, TX_00038296-300, TX_00038302-04, TX_00038306, TX_00038308, TX_00048694-98, TX_00057627-44, TX_00078174, TX_00078180, TX_00078188, TX_00078190-91, TX_00086962, TX_00086962-7006, TX_00087306, TX_00087309-11, TX_00091224-26, TX_00092292-304, TX_00092554, TX_00204730, TX_00204721-23, TX_00204769-71.

Category 2: Political, Policy, or Strategic. In the following cases, the communication appears to provide political, policy, or strategic advice, rather than legal advice. Please note that Mr. Williams, who is referenced in documents TX_00009917-68, is a speechwriter and policy assistant employed by Baker Botts, not an attorney.

TX_00017894, TX_00088062, TX_00091207-22, TX_00009917-68, TX_00011948-51, TX_00011954-55, TX_00011961-63, TX_00011981, TX_00012055-56, TX_00034473, TX_00038306, TX_00038308

## Areas of Disagreement

We understand that we continue to maintain differing positions regarding the applicability of the attorney-client privilege to communications between the Texas Legislative Council and individual legislators. As set out in our motion to

1

compel, such communications are confidential under Texas law but are not subject to the attorney-client privilege in federal court.

Category 3: Communications with the Texas Legislative Council. In the following cases, the communication is between a legislative employee and an employee of the Texas Legislative Council. In several cases, the TLC attorney is communicating with multiple legislative offices.

TX_00006129-30, TX_00006134-35, TX_00006160, TX_00014012, TX_00041842-45, TX_00042138-44, TX_00042146-47, TX_00042289-308, TX_00042440, TX_00078083-85, TX_00081609-14, TX_00085663-64, TX_00086877, TX_00087393-94, TX_00087397-98, TX_00087792-805, TX_00087830-31, TX_00087837-41, TX_00087898-943, TX_00087980-8019, TX_00088053-61, TX_00090517, TX_00090546, TX_00090692-730, TX_00090733-34, TX_00090771-72, TX_00091799-804, TX_00092309-11, TX_00092554, TX_00101887-90, TX_00206556-69, TX_00206570-79, TX_00251748-49, TX_00251796-917, TX_00254767-68, TX_00254800-17, TX_00254893, TX_00254944-45, TX_00260337-69, TX_00006129-30, TX_000006134-35, TX_00006160, TX_00014012, TX_00017894, TX_00042440, TX_00090478-79, TX_00092394-95, TX_00206570-79

## Sufficiency of the Privilege Logs

Finally, there are numerous documents in which the privilege log contains boilerplate that is insufficient to establish the applicability of the privilege. The following category contains the most extreme examples. We request that you provide additional information regarding these documents.

Category 4: Author, Recipient, or Attorney Unidentified. In the following cases, the privilege log either does not identify the author and recipients of the communication or does not identify the communication as being between an attorney and a client.

TX_00006535-74, TX_00008681-89, TX_00019770, TX_00021737-85, TX_00022254-61, TX_00026295-97, TX_00027868-84, TX_00076551, TX_00090731-32, TX_00092293-92302, TX_00204721-23

Please inform me as soon as possible whether you will withdraw your assertion of attorney-client privilege over the Category 1 and Category 2 documents and whether you will provide a supplemental privilege log with regard to the Category 4 documents and conduct any further review of the sufficiency of your privilege log. If your position has changed regarding the Category 3 documents or some subset thereof, please let me know as well.

Regards,

Dan Freeman

Daniel J. Freeman
Trial Attorney
Voting Section, Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave. NW
NWB Room 7203
Washington, DC 20530
(202) 305-4355
daniel.freeman@usdoj.gov

2