# EXHIBIT 2

# ATTORNEY GENERAL OF TEXAS
## GREG ABBOTT

April 11, 2014

G. DAVID WHITLEY
ASSISTANT DEPUTY ATTORNEY GENERAL
DIRECT DIAL: (512) 475-3281

Daniel J. Freeman *Via Electronic Mail*
Trial Attorney
Voting Section, Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave. NW
NWB Room 7125
Washington, DC 20530

    Re: *Veasey v. Perry*, No. 2:13-cv-193 (S.D. Tex.)

Dear Mr. Freeman,

    I write in response to the Court's order during the April 8, 2014 hearing. *See* No. 2:13-cv-193, Minute Entry, Apr. 8, 2014 ("Texas to go through documents by Friday at noon."). Two attachments accompany this letter: Defendants' Document Review 04-11-14 (document review) and April 11, 2014 Supplemental Attorney-Client Privilege Log (supplemental log). Defendants have reviewed all the contested documents identified in your e-mail dated April 3, 2014, in which you categorized the remaining contested attorney-client documents. As detailed in the attached document review, Defendants have removed the majority of the attorney-client assertions identified by the United States and are in the process of producing all such documents where no remaining privileges remain.

    In addition, Defendants are producing all documents identified by the United States in which Defendants have withdrawn attorney-client privilege and for which only legislative privilege remains. These documents are designated as *Highly Confidential* and are subject to the accompanying protections provided by the Consent Protective Order, ECF No. 105 at 6, para. 2.1. Pursuant to Fed. R. Evid. 502(d) and the Court's Order on Motion to Compel (Order), ECF No. 226, the legislative privilege protection is not waived by this production. The production of these documents is not consent to their authentication, relevance, or admissibility. The Defendants and the legislators reserve all rights to object to the admission of any of these documents into evidence.

    As per your e-mail, Defendants have also updated the privilege log entries for the remaining documents in the attached supplemental log. Defendants maintain that the remaining contested attorney-client documents are protected from disclosure under federal common law attorney-client privilege or other remaining privileges not put at issue in the United States' motion to compel. Specifically, Defendants will continue to withhold attorney-client communications between legislators and attorneys with the Texas Legislative Council (TLC). The Fifth Circuit has recognized four basic elements necessary to establish a claim of attorney-client privilege:

Daniel J. Freeman
April 11, 2014
Page Two

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is (the) member of a bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*In re Grand Jury Proceedings (Jones)*, 517 F.2d 666, 670 (5th Cir. 1975), citing *United States v. United Shoe Machinery Corp.*, 89 F.Supp. 357, 358–59 (D. Mass. 1950).

Defendants' supplemental log clearly establishes the necessary elements with regards to each contested attorney-client communication between a TLC attorney and individual legislators and their staff. Moreover, Defendants have provided detailed explanations of the TLC's role in providing legal service to legislators and their staff, including the clear understanding between every member of the legislature and TLC attorney that any communications regarding those services are subject to the attorney-client privilege. Declaration of Deborah Fulton (ECF No. 183.2) at 4-5; *see also* TEX. GOV'T CODE § 323.017; TEX. HOUSE RULE 2, § 10. TLC attorneys similarly consider each member of the legislature or other legislative office that requests legal services to be their clients for the purposes of providing requested services. *Id.* at 4. The United States' insistence that no attorney-client relationship may ever exist between a legislator and an attorney working for the Texas Legislative Council thus ignores both fact and binding Fifth Circuit precedent.

Notably, the United States has not raised any specific dispute regarding the existence of any necessary element with regards to attorney-client communications between TLC attorneys and state legislators. *See* United States Motion to Compel (ECF No. 162) at 15; United States Reply Memorandum in Support of DOJ's Motion to Compel (EFC No. 189) at 8-10. Instead, the United States makes only generalized claims that no attorney-client relationship can ever exist or advances red herring arguments concerning conflict of interest. *Id.* As Defendants explained in their Response in Opposition, the fact that TLC attorneys represent multiple legislative officials with contradictory interests is commonplace for government lawyers. Defendants' Response in Opposition to the United States Motion to Compel (EFC No. 183) at 19-20. More importantly, whether a conflict of interest exists has absolutely no bearing on the existence of an attorney-client relationship or the protections afforded communications made in furtherance of that relationship. Defendants therefore request the United States withdraw its pending motion to compel with regard to the remaining attorney-client documents.

Regards,

*/s/ G. David Whitley*
G. David Whitley
Assistant Deputy Attorney General

cc:   Counsel of Record (via electronic mail)
      Attachments