IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*,<br><br>              Plaintiffs,<br><br>     v.<br><br>RICK PERRY, *et al.*,<br><br>              Defendants. | Civil Action No. 2:13-cv-193 (NGR) |
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>TEXAS LEAGUE OF YOUNG VOTERS<br>EDUCATION FUND, *et al.*,<br><br>              Plaintiff-Intervenors,<br><br>TEXAS ASSOCIATION OF HISPANIC<br>COUNTY JUDGES AND COUNTY<br>COMMISSIONERS, *et al.*,<br><br>              Plaintiff-Intervenors,<br><br>     v.<br><br>STATE OF TEXAS, *et al.*,<br><br>              Defendants. | Civil Action No. 2:13-cv-263 (NGR) |

TEXAS STATE CONFERENCE OF NAACP
BRANCHES, *et al.*,

    Plaintiffs,

  v.

NANDITA BERRY, *et al.*,

    Defendants.

Civil Action No. 2:13-cv-291 (NGR)

BELINDA ORTIZ, *et al.*,

    Plaintiffs,

  v.

STATE OF TEXAS, *et al.*,

    Defendants

Civil Action No. 2:13-cv-348 (NGR)

### United States' Opposition to Defendants' Motion to Compel Production of Documents

    Defendants' motion to compel seeks documents that have already been produced or are squarely protected by privilege.  Defs'. Mot. (ECF No. 230).  Documents previously withheld based on the common interest doctrine have been produced.  The other documents at issue are described appropriately in the United States' privilege log and fall easily within the scope of attorney-client, attorney work product, and deliberative process protections.  *See* April 1 Privilege Log (ECF No. 230-9); Declaration of Deputy Assistant Attorney General Gregory B. Friel (Ex. 1).  There is therefore no basis whatsoever for this Court to order disclosure of these documents, even under seal.

1

I.      THE UNITED STATES CONTINUES TO PRODUCE DOCUMENTS AND
        PRIVILEGE LOGS.

The United States identified and produced voluminous documents in its initial disclosures on November 21, 2013.  The United States then began producing documents responsive to Defendants' first requests for production on January 23, 2014, and began producing documents responsive to Defendants' second and third requests for production on March 10, 2014, and March 31, 2014, respectively.  Following lengthy negotiations with Defendants over document custodians and search terms to be employed to identify relevant electronically-stored information, the United States continues to search for and produce documents responsive to these requests and will continue to issue further privilege logs as appropriate and required. The Defendants' present motion to compel solely concerns the sufficiency of the United States' amended privilege log, which the United States provided to Defendants on April 1, 2014.  *See* Defs. Mot. at 4.  The United States produces a second amended privilege log herewith and as a result, will be producing several additional documents to Defendants promptly.  (Ex. 2).

II.     THE UNITED STATES HAS NOT WITHHELD DOCUMENTS BASED ON
        GENERAL OBJECTIONS OR THE LAW ENFORCEMENT PRIVILEGE.

Defendants assert that the United States has withheld documents based on its general objections and the law enforcement privilege.  They are incorrect.

While the United States appropriately noted general objections to the Defendants' document requests, the United States has not withheld any responsive documents based on those general objections.[1]  Nor has the United States withheld documents based on the federal law

---

[1] Defendants also asserted general objections to the United States' requests for production.  *See* Defs'. Resp. & Objections to United States' 1st RFPs at 2-4 (Ex. 3).  Contrary to their argument here, however, such objections are not improper so long as a party also provides specific objections to particular requests or establishes a specific privilege over any responsive documents withheld.  *See* Fed. R. Civ. P. 26, 1993 Committee Note (requiring only "sufficient information to enable other parties to evaluate the

enforcement privilege.[2]  Accordingly, this Court need not address Defendants' arguments

regarding those objections.  *See* Defs.' Mot. at 6, 14-18.

### III.    THE UNITED STATES HAS NOT WITHHELD ANY DOCUMENTS BASED ON THE COMMON INTEREST DOCTRINE.

The Defendants also seek documents previously withheld by the United States based on

the common interest doctrine.  Because the small number of documents at issue have in fact been

produced by the United States, the Defendants' claims to those documents, *see* Defs.' Mot. at 12-

14, are now moot.  Accordingly, this Court need not address Defendants' arguments about the

common interest doctrine at this time.[3]

### IV.    THE UNITED STATES' REVISED PRIVILEGE LOG IS ENTIRELY SUFFICIENT.

Defendants' arguments that the United States' amended privilege log is inadequate fail

for the reasons set out below.  For the Court's convenience, the United States addresses the

---

applicability of the claimed privilege or protection").  Those cases cited by Defendants for the proposition that general objections are always improper, *see* Defs.' Mot. at 6, do not in fact establish that proposition. *See Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985) (requiring only "objections . . . plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable"); *SEC v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 668 (5th Cir. 1981) (holding that a "blanket refusal to answer questions at deposition on the ground that they are privileged is an improper invocation of the fifth amendment" and requiring "a party to object with specificity to the information sought from him" in order to permit the court to assess the risk of self-incrimination).

[2] Although not germane here, the Defendants' claim that the law enforcement privilege applies only to criminal cases is flatly incorrect.  *See, e.g.*, *In re: U.S. Dep't of Homeland Sec.*, 459 F.3d 565, 569-70 (5th Cir. 2006) (applying law enforcement privilege to criminal law enforcement files sought in civil matters); *McPeek v. Ashcroft*, 202 F.R.D. 332, 335-36 (D.D.C. 1998) (declining to limit the law enforcement privilege to criminal investigations).

[3] As part of its ongoing document production obligations, the United States is reviewing vast quantities of electronically stored information and it is possible that certain documents may be withheld based on the common interest doctrine.  Nonetheless, until such time as an actual controversy exists, Defendants' arguments about the common interest doctrine—while certainly incorrect—are simply not relevant now.

documents in the same categories as set out in Defendants' "Contested Document Privilege Claim Index."  Defs. Index (ECF No. 230-14).

### A.     Category 2 of the Contested Document Index is Moot.

Defendants contest the assertion of attorney-client privilege as to a single email, arguing that the log does not establish that the email contains confidential client information or that it was prepared for the primary purpose of seeking legal advice.  *See* Defs. Index at 2.  The United States has produced this document (USA_00057120).  Accordingly, this category is moot.

### B.     The United States Properly Withheld the Category 3 Documents Based on Multiple Privileges.

Defendants contest the work product designation of four documents in the April 1 Privilege Log, contending that the documents do not appear to have been prepared in anticipation of litigation or trial.  Two of the four documents were withheld in full, based on attorney-client privilege, deliberative process privilege, and the work product doctrine.[4]  These two documents are memoranda sent to attorneys in the Department of Justice, regarding the decision of whether or not to grant preclearance under Section 5 of the Voting Rights Act.  There is no question that these are properly withheld on both deliberative process and attorney-client privilege grounds.  *See* Friel Decl. ¶¶ 15-17.  *Cofield v. City of LaGrange*, 913 F. Supp. 608, 616 (D.D.C. 1996) (upholding assertion of deliberative process privilege as to the Department's preclearance files compiled under Section 5 of the Voting Rights Act) (internal citations omitted).

Indeed, the fact that Defendants do not question the assertion of attorney-client privilege as to these documents ends the matter, and this Court need not decide whether these attorney-

---

[4] *See* USA_0057576-89 and USA_00056142-341.

client documents are also attorney work product.[5]  *See Stoffels v. SBC Commc'ns., Inc.*, 263

F.R.D. 406, 412 (W.D. Tex. 2009) ("[A]nalysis whether a communication falls within the

attorney-client privilege should precede any inquiry into whether the work product protection

applies."); *see also* Friel Decl. ¶¶ 15-17.

The United States produced the other two documents in Category 3 in redacted form,

with only hand-written margin notes redacted, based on both work product and deliberative

process privileges.[6]  These two documents are from a Section 5 administrative preclearance file

concerning modifications to Texas's election-related forms, signs, and handbooks in accordance

with SB 14.  Texas submitted these forms to the Department for preclearance under Section 5

during the pendency of *Texas v. Holder* (D.D.C.).  Thus, these notations—on documents

contained within the United States' Section 5 working file—are properly withheld on the basis of

both the deliberative process privilege and the work product privilege.  Friel Decl. ¶¶ 15-17.

Defendants are not entitled to look behind these redactions to understand the "importance or

unimportance of the facts" being commented upon in the documents that have already been

produced.  *Cofield*, 913 F. Supp. at 616.

## C. Defendants Are Not Entitled to Attorney Work Product in Category 4 Simply Because It Is Undated.

Defendants assert that the United States may not withhold certain notes written by and

reflecting the mental impressions of Department of Justice attorneys that were created during and

after interviews with Texas legislators as part of identifying potential witnesses for the trial in

*Texas v. Holder* (D.D.C).  Defs. Mot. at 24-25.  Defendants make this argument because the face

---

[5] Defendants have agreed that work product that is generated in the course of this litigation need not be listed on a privilege log.  *See* Agreement Concerning Production Format ¶ 25 (ECF No. 61-6).

[6] *See* USA_0057590-93 and USA_00057594-691.

some of these notes, and hence the corresponding log entry, contains no date.  These undated interview notes, which are withheld based on work product privilege, reflect the bulk of the documents listed under Category 4.  The privilege log states that these notes were taken by Department of Justice attorneys of specifically-named "potential witnesses."[7]  The fact that the some witness interview notes are undated is of no moment.  Defendants cite no authority to support their contention that undated documents cannot properly be withheld as attorney work product.  Because the United States' privilege log makes plain that these are documents prepared in anticipation of trial, *see* Fed. R. Civ. P. 26(b)(3), Defendants' argument against work product protection fails.

**D.    Entries for Category 1 Documents Are Sufficiently Detailed and the Category 5 Documents Identify the Deliberative Policy Decision at Issue.**

Defendants list nearly the entire privilege log under either or both Categories 1 and 5, arguing that such deliberative process entries are too cursory or do not identify the deliberative policy at issue.  Those arguments ignore the substance of the log, as well as the fact that the overwhelming majority of these entries correspond to minor redactions—such as the names or initials of staff assigned to particular Section 5 reviews or of staff receiving copies of outgoing correspondence—on documents that were otherwise produced to Defendants.  Defendants argue at length that the United States has not shown that such documents should not be produced in redacted form, withholding only "the notation indicating the specific Department of Justice employees" to whom the underlying documents were distributed.  Defs. Mot. at 30.  But that is

---

[7] *See* USA_00056445-48; USA_00056456-64; USA_00056465-72; USA_00056473-80; USA_00056481-88; USA_00056489-92; USA_00056493-95; USA_00056496-505; USA_00056506-15; USA_00056516-24.  Defendants do not contest the adequacy of the entries for the exact same type of notes that were dated.  *See, e.g.*, USA_00056385-86; USA_00056387-90; USA_00056391-96; USA_00056397-403; USA_00056404-10.

exactly what the United States has done for literally every document logged on pages 4 to 6 of its amended privilege log, stating that only a portion of various letters "indicating the internal distribution of copies" to Department of Justice personnel is withheld.[8]  Defendants nevertheless listed every such document on these pages of the United States' log in their contested index under both Category 1 and Category 5.  Had Defendants reviewed the United States' productions prior to filing this motion, they would have realized that the United States produced has already turned over the substance in these contested documents.  The United States has only withheld internal notations indicating who within the Department has received or participated in the formulating the Department's response.  As a matter of law, it is well established that the United States is entitled to withhold "internal routing notations" on documents under the deliberative process privilege "because such notations may reasonably lead to identification of those individuals involved in the decisionmaking process, a result that could chill open and frank discussions within the agency, undermining the deliberative process." *Cofield*, 913 F. Supp. at 617.

In addition, in the comparatively few instances where documents listed under this category were withheld in their entirety, the log indicates the deliberative decision at issue by clearly noting the Section 5 submission number to which the withheld document relates.[9]

### E.   Where the Documents at Issue in Categories 6 and 7 Could Be Produced in Redacted Form, They Were.

---

[8] The following are examples of correspondence that the United States produced with only internal carbon copies redacted that nonetheless appear on Defendants Contested Document Index: USA_00056830-84; USA_00056898-901; USA_00056908; USA_00056911; USA_00056915-18; USA_00056922-25; USA_00056940-41; USA_00056945-50; USA_00056977; USA_00056983-84; USA_00056989-90; USA_00057000-03; USA_00057021-22; USA_00057044-45; USA_00057046-47; USA_00057049-52; USA_00057074.

[9] *See, e.g.*, USA_00057576-89; USA_00056129; USA_00056130.

Defendants assert that documents listed under Category 6 have document descriptions showing that the document is "factual and not deliberative."  Here again, Defendants fail to appreciate that the United States has in fact produced in redacted form all such documents that could be redacted to remove internal distribution lists and internal notes.  Documents in this category were withheld in their entirety only where they relate solely to the internal organization of Section 5 files or documentation of Section 5 processes.[10]

The same is true for the documents in Category 7, for which the log specifies that only notations "indicating internal distribution of copies" were withheld.  These documents were already produced, with only slight redactions, and not withheld in their entirety, as Defendants mistakenly assert.

## V.    THE DELIBERATIVE PROCESS PRIVILEGE SHOULD NOT YIELD.

Given that the vast majority of Defendants' deliberative process privilege arguments appear to rest on a misunderstanding about what the United States has already produced—with minimal redactions—there is no basis for their further argument that the deliberative process privilege should be pierced in this case, with productions to be made under seal.  Although the deliberative process privilege is qualified, *In re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 2004) (per curiam), it should not yield in this case.  The test for whether the deliberative process privilege can be overcome is a five-factor test:

> (1) the importance of the documents to the defense and their relevance; (2) the availability of information on the same issue from a different source; (3) the importance of the litigation and the issues involved; (4) the government's role, if any, in the litigation; and (5) the potential chilling of governmental employees' expression of candid opinion.

---

[10] *See, e.g.*, USA_00056129; USA_00056130; USA_00056140-41.

*Klein v. Jefferson Parish Sch. Bd.*, No. 00-3401, 2003 WL 1873909, at *4 (E.D. La. Apr. 10, 2003); *see also In re Sealed Case*, 121 F.3d at 737; *Center for Biological Diversity v. Norton,* 336 F.Supp.2d 1149, 1154 (D.N.M. 2004); *Center for Biological Diversity v. Norton*, No. Civ. 01–409, 2002 WL 32136200, at *3 (D. Ariz. July 24, 2002).  On balance, these factors heavily favor the United States.

The fundamental distinction between the documents over which the United States asserts the deliberative process privilege and the legislative documents produced by Defendants is the irrelevance of the United States' deliberative process to the claims and defenses in this case.[11] Defendants assert only that the facts gathered in that process are relevant, *see* Defs. Mot. at 31-32, but purely factual material is not at issue when a party seeks to pierce the deliberative process privilege.  *See Skelton v. U.S. Postal Serv.*, 678 F.2d 35, 38 (5th Cir. 1982) (excluding "purely factual material" from the scope of the privilege).  The United States has produced factual material that is not otherwise privileged and continues to do so, with appropriate redactions of deliberative materials.  *See supra* Part I.  The Attorney General's deliberations concerning whether to interpose an objection to SB 14 under Section 5 of the Voting Rights Act or whether to initiate this lawsuit under Section 2 of the Voting Rights Act have no bearing on whether SB 14 has a discriminatory intent or result or any defense to the claims in this case.  The State of Texas enacted SB 14; Department of Justice employees did not.  Thus, the subjective deliberations of Department of Justice employees are fundamentally unrelated to the issues before the Court.  *Cf. Landry v. FDIC*, 204 F.3d 1125, 1136 (D.C. Cir. 2000) (holding that "an

---

[11] Indeed, much of the correspondence that the United States has already produced in redacted form in response to Defendants' overly broad requests concerns events that occurred decades ago and have no readily apparent relevance to the claims or defenses in this case.

ordinary enforcement action in no way implicates [an agency's] subjective motivations" and upholding assertion of the deliberative process privilege). Defendants cannot therefore establish the importance of the disputed documents to any defense they may assert.[12]

Defendants' dismissal of the potential chilling of governmental employees' expression of candid opinion is also unwarranted.[13]  "There is a public policy involved in this claim of privilege for [an] advisory opinion—the policy of open, frank discussion between subordinate and chief concerning administrative action."  *EPA v. Mink*, 410 U.S. 73, 87 (1973) (internal citation and quotation marks omitted); *see also NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975).  Piercing the privilege could have a significant chilling effect on the willingness of Department employees involved in the decisional process freely and frankly to communicate their views concerning the often difficult and complex issues faced by the Justice Department. *See* Friel Decl. ¶ 16*; Dow Jones & Co v. U.S. Dep't of Justice*, 917 F.2d 571, 573 (D.C. Cir. 1990) ("[T]he quality of administrative decision-making would be seriously undermined if agencies were forced to operate in a fishbowl." (internal citations and quotation marks omitted)); *Kaiser Alum. & Chem. Corp. v. United States*, 157 F. Supp. 939, 945-46 (Ct. Cl. 1958) (Reed, J.).

---

[12] Defendants' continued insistence that privileged materials from the Section 5 administrative process must be turned over is particularly baseless.  "Congress intended to preclude all judicial review of the Attorney General's exercise of discretion" in making preclearance decisions under Section 5 of the Voting Rights Act. *Morris v. Gressette*, 432 U.S. 491, 507 & n.24 (1977).  Decisions reached under the Section 5 administrative review process are unreviewable and unappealable. *Id.* at 505-07.  The Attorney General's prior administrative determinations under Section 5 are thus irrelevant to this case.

[13] As to the remaining factors, the United States acknowledges that there is no alternative source of information concerning the Attorney General's nonpublic and privileged deliberations, which are not in any event relevant to this case.  Of course, the United States is already turning over to Defendants any relevant factual information in the United States' possession.  In addition, as this Court has recognized, this litigation is both unique and significant.  Order on Mot. to Compel at 7 (ECF No. 226).  Finally, both federal and state governments play paramount roles in this litigation.

Because the first and fifth factors weigh decisively against any disclosure of limited numbers of deliberative materials the United States has withheld in their entirety, this Court should deny Defendants' request to compel the production of these documents or order that they be produced under seal.

## VI.    CONCLUSION

For the reasons set out above, the United States respectfully requests that this Court deny Defendants' motion to compel.  Pursuant to Local Rule 7.4(D), a proposed order denying the instant motion is attached hereto.

Date:  April 14, 2014

Respectfully submitted,

KENNETH MAGIDSON
United States Attorney
Southern District of Texas

JOCELYN SAMUELS
Acting Assistant Attorney General
Civil Rights Division

*/s/ Elizabeth S. Westfall*
T. CHRISTIAN HERREN, JR.
MEREDITH BELL-PLATTS
ELIZABETH S. WESTFALL
BRUCE I. GEAR
JENNIFER L. MARANZANO
ANNA M. BALDWIN
DANIEL J. FREEMAN
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

11

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2014, I served a true and correct copy of the foregoing via the Court's ECF system on the following counsel of record:

John B. Scott
John Reed Clay, Jr.
Gregory David Whitley
Jonathan F. Mitchell
Sean Flammer
Stephen Ronald Keister
Office of the Texas Attorney General
john.scott@texasattorneygeneral.gov
reed.clay@texasattorneygeneral.gov
david.whitley@texasattorneygeneral.gov
jonathan.mitchell@texasattorneygeneral.gov
sean.flammer@texasattorneygeneral.gov
ronny.keister@texasattorneygeneral.gov

*Counsel for Defendants*

Chad W. Dunn
Kembel Scott Brazil
Brazil & Dunn
chad@bradzilanddunn.com
scott@bazilanddunn.com

J. Gerald Hebert
Emma Simson
Campaign Legal Center
ghebert@campaignlegalcenter.org
esimson@campaignlegalcenter.org

Neil G. Baron
Law Offices of Neil G. Baron
neil@ngbaronlaw.com

Armand Derfner
Derfner, Altman, & Wilborn
aderfner@dawlaw.com

Luiz Roberto Vera, Jr.
lrvlaw@sbcglobal.net

*Counsel for Veasey Plaintiffs*

Christina Swarns
Ryan P. Haygood
Natasha M. Korgaonkar
Leah C. Aden
Deuel Ross
NAACP Legal Defense and Educational
    Fund, Inc.
cswarns@naacpldf.org
rhaygood@naacpldf.org
nkorgaonkar@naacpldf.org
laden@naacpldf.org
dross@naacpldf.org

Danielle Conley
Jonathan Paikin
Kelly P. Dunbar
Sonya L. Lebsack
Gerald J. Sinzdak
Lynn Eisenberg
M. Hasan Ali
Richard F. Shordt
WilmerHale LLP
danielle.conley@wilmerhale.com
jonathan.paikin@wilmerhale.com
kelly.dunbar@wilmerhale.com
sonya.lebsack@wilmerhale.com
Gerard.sinzdak@wilmerhale.com
Lynn.eisenberg@wilmerhale.com
hasan.ali@wilmerhale.com
richard.shordt@wilmerhale.com

*Counsel for Texas League of Young Voters*
*Plaintiff-Intervenors*

Ezra D. Rosenberg
Amy L. Rudd
Dechert LLP
ezra.rosenberg@dechert.com
amy.rudd@dechert.com

Wendy Weiser
Jennifer Clark
Myrna Pérez
Vishal Agraharkar
Brennan Center for Justice at NYU School of
    Law
wendy.weiser@nyu.edu
jenniferl.clark@nyu.edu
myrna.perez@nyu.edu
vishal.argraharkar@nyu.edu

Mark A. Posner
Sonia Kaur Gill
Erandi Zamora
Lawyers' Committee for Civil Rights
mposner@lawyerscommittee.org
sgill@lawyerscommittee.org
ezamora@lawyerscommittee.org

*Counsel for Texas State Conference of
NAACP Branches Plaintiffs*

Jose Garza
Marinda van Dalen
Robert W. Doggett
Peter McGraw
Texas Rio Grande Legal Aid, Inc.
jgarza@trla.org
mvandalen@trla.org
rdoggett@trla.org
pmcgraw@trla.org

*Counsel for Ortiz Plaintiffs*

Rolando L. Rios
Law Offices of Rolando L. Rios
rrios@rolandorioslaw.com

*Counsel for Texas Association of Hispanic
County Judges and County Commissioners
Plaintiff-Intervenors*

*/s/ Elizabeth Westfall*
Elizabeth Westfall
Voting Section
Civil Rights Division
U.S. Department of Justice
elizabeth.westfall@usdoj.gov

2