IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> RICK PERRY, *et al.*, <br><br> Defendants. | Civil Action No. 2:13-cv-193 (NGR) |
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, *et al.*, <br><br> Plaintiff-Intervenors, <br><br> TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, *et al.*, <br><br> Plaintiff-Intervenors, <br><br> v. <br><br> STATE OF TEXAS, *et al.*, <br><br> Defendants. | Civil Action No. 2:13-cv-263 (NGR) |

| | |
|---|---|
| TEXAS STATE CONFERENCE OF NAACP BRANCHES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> NANDITA BERRY, *et al.*, <br><br> Defendants. | Civil Action No. 2:13-cv-291 (NGR) |
| BELINDA ORTIZ, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF TEXAS, *et al.*, <br><br> Defendants | Civil Action No. 2:13-cv-348 (NGR) |

## **Declaration of Deputy Assistant Attorney General Gregory B. Friel**

I, Gregory B. Friel, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a Deputy Assistant Attorney General in the Civil Rights Division of the United States Department of Justice.

2. The Civil Rights Division of the United States Department of Justice is responsible for enforcing, *inter alia*, Sections 2 and 5 of the Voting Rights Act, 42 U.S.C. §§ 1973 and 1973c.

3. Section 2 of the Voting Rights Act prohibits any State or political subdivision from imposing or applying a voting qualification or prerequisite to voting or standard, practice, or procedure that results in a denial or abridgment of the right of any citizen of the United States to vote on account of race, color, or language minority status. 42 U.S.C.

1

§ 1973(a).

4. Prior to the Supreme Court's decision in *Shelby County v. Holder*, 133 S. Ct. 2612 (2013), Section 5 of the Voting Rights Act prohibited jurisdictions that fell within the coverage formula set out in Section 4(b) of the Act, 42 U.S.C. § 1973b(b), from administering any change in voting qualification or prerequisite to voting, or standard, practice, or procedure with respect to voting unless the jurisdiction had established to either a three-judge court of the United States District Court for the District of Columbia or the Attorney General of the United States that such qualification, prerequisite, standard, practice, or procedure has neither has the purpose nor will have the effect of denying or abridging the right to vote on account of race, color or language minority status. 42 U.S.C. § 1973c(a). In *Shelby County*, the Supreme Court held that it is unconstitutional to use the coverage formula in Section 4(b) to identify which jurisdictions are required to seek preclearance under Section 5. The Supreme Court did not rule on the constitutionality of Section 5 itself. The effect of the *Shelby County* decision is that the jurisdictions identified by the coverage formula in Section 4(b) no longer need to seek preclearance for new voting changes, unless they are covered by a separate court order entered under Section 3(c) of the VRA.

5. The Attorney General of the United States has delegated to the Assistant Attorney General for the Civil Rights Division of the Department of Justice the authority to make decisions with regarding to enforcement matters under the Voting Rights Act on behalf of the United States. 28 C.F.R. 0.50(a), (h). This includes decisions whether to bring a lawsuit under Section 2 of the Voting Rights Act or whether to interpose an objection to voting changes submitted by covered jurisdictions for administrative review under the

preclearance provisions of Section 5 of the Voting Rights Act. To carry out its enforcement responsibilities under Sections 2 and 5 of the Voting Rights Act, the Civil Rights Division has conducted numerous investigations to determine whether standards, practices and procedures with respect to voting are discriminatory either in purpose or effect/result. Before the Department brings suit under Section 2 of the Voting Rights Act, or before the Department interposes an objection under Section 5 of the Voting Rights Act, Division staff conduct an investigation and make a written recommendation to the Assistant Attorney General in charge of the Civil Rights Division regarding such matters. The internal deliberations in the Department of Justice regarding whether to initiate an enforcement action under Section 2 of the Voting Rights Act or whether to object to a submission under Section 5 of the Voting Rights Act have historically been protected by the deliberative process privilege, among other privileges.

6. Pursuant to 28 C.F.R. Part 16, subpart B, the Assistant Attorney General for the Civil Rights Division has the authority to formally invoke claims of governmental privilege in civil rights suits the Division files.

7. For purposes of the above-captioned case, the Acting Assistant Attorney General for the Civil Rights Division has delegated the authority to assert governmental privileges to me, as a Deputy Assistant Attorney General, pursuant to 28 C.F.R. § 16.29.

8. On January 23, 2014, the United States served its Responses and Objections to Defendants' First Set of Requests for Production in *United States v. Texas*, No. 2:13-cv-263 (S.D. Tex.).

9. In Request for Production Number 7, Defendants had specifically requested all documents and electronically stored information related to the administrative

preclearance process for SB 14 (2011), the photographic voter identification law at issue in this litigation. In Request for Production Number 10, Defendants had requested communications between the U.S. Department of Justice and other members of the United States Executive Branch. With respect to these requests, the United States objected and asserted, *inter alia*, the deliberative process privilege.

10. On March 10, 2014, the United States served its Responses and Objections to Defendants' Second Set of Requests for Production.

11. In Request for Production Number 1, Defendants had requested all documents and tangible things relating to the claim in paragraph 37 in the United States' Complaint that "Hispanic and African-American voters in Texas, as compared to Anglo voters, disproportionately lack the forms of photo ID required by SB 14." With respect to this request, the United States objected and asserted, *inter alia*, the deliberative process privilege.

12. Defendants' Motion to Compel (ECF No. 230), seeks an order requiring the United States to disclose predecisional and deliberative materials related to the Attorney General's decision to interpose an objection to SB 14 under Section 5 of the Voting Rights Act and the Attorney General's decision to commence the instant lawsuit under Section 2 of the Voting Rights Act.

13. I have personally reviewed the information withheld by the United States pursuant to the deliberative process privilege.

14. In conducting my review, I was mindful of the following general principles relating to the deliberative process privilege: (1) The deliberative-process privilege is an executive privilege that protects from disclosure documents reflecting advisory opinions, and

4

documents containing recommendations and deliberations that reveal the process by which governmental decisions and policies are formulated; (2) documents must either be predecisional – that is, antedate the policy decision to which they relate – or, if they are post-decisional, they must provide the kind of information about how a decision has been reached that would expose the government's decisionmaking processes; and (3) the documents must be deliberative either because they reflect candid discussion and consultation or because the communications, while not themselves deliberative in nature, would expose to public view the deliberative process of an agency.[1]  I also took into account the following limitations on the deliberative process privilege: (1) factual material that may reasonably be segregated from policy analysis or recommendations must be released, as long as that can be done without revealing the substance of the government's deliberations; and (2) information that has been made public by the government is not within the privilege even if that information reflects internal government decisionmaking processes.

15. Based upon my personal review of the documents withheld under this privilege, in my judgment, the documents are protected by the deliberative process privilege.  These documents contain analyses, opinions, and recommendations that bear on the ultimate law enforcement decision to be made by the Department of Justice – whether to object to a voting change under Section 5 of the Voting Rights Act, or to bring suit under Section 2 of the Voting Rights Act.

---

[1] Thus, for example, the government is entitled to withhold materials such as internal staff assignments, markings that identify recipients copied on documents, and transmittal and routing forms, because turning over this information would disclose various aspects of the government's decisionmaking process, such as the identity of the participants consulted.

5

16. To encourage Department of Justice staff to engage in candid analysis and consideration of these highly sensitive issues, they must be assured that their views, which may or may not be reflected in the ultimate decision, will not be subject to public scrutiny. A general policy of allowing disclosure of the type of documents requested by Defendants will chill free and open internal discussion and thereby impair the integrity and quality of the internal deliberations of the Department of Justice and the Executive Branch.

17. Accordingly, I object to the disclosure of the information Defendants seek in their Motion to Compel and assert the deliberative process privilege with respect to the documents designated as protected by that privilege in the amended privilege log dated April 14, 2014, to protect these documents from disclosure.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: April 14, 2014.

*[signature]*

Gregory B. Friel
Deputy Assistant Attorney General
Civil Rights Division
U.S. Department of Justice