UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARC VEASEY, ET AL., | ) | CASE NO: 2:13-CV-00193 |
| | ) | |
| Plaintiffs, | ) | CIVIL |
| | ) | |
| vs. | ) | Corpus Christi, Texas |
| | ) | |
| RICK PERRY, ET AL., | ) | Wednesday, April 16, 2014 |
| | ) | |
| Defendants. | ) | (8:16 a.m. to 8:37 a.m.) |

TELEPHONE CONFERENCE

BEFORE THE HONORABLE NELVA GONZALES RAMOS,
UNITED STATES DISTRICT JUDGE

<u>APPEARANCES</u>:

For United States          ELIZABETH WESTFALL, ESQ.
of America:                U.S. Department of Justice
                           950 Pennsylvania Avenue, N.W.
                           NWB 7125
                           Washington, DC 20009

For State of Texas:        JENNIFER ROSCETTI, ESQ.
                           Assistant Attorney General

Court Recorder:            Lori Cayce

Clerk:                     Brandy Cortez

Transcriber:               Exceptional Reporting Services, Inc.
                           P.O. Box 18668
                           Corpus Christi, TX 78480-8668
                           361 949-2988

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

1    **Corpus Christi, Texas; Wednesday, April 16, 2014; 8:16 a.m.**

2        **(Courtroom and Telephonic Appearances)**

3                 **Call to Order**

4        **THE COURT:**  This is Cause Number 2-13-193, Veasey,

5    Et al. versus State of Texas, Et al.  And Brandy has done a

6    role call here so I know who's on the phone.  So we'll proceed

7    with the motion to compel, and I believe you all have been

8    working on it.  Ms. Roscetti, do you want to proceed on that?

9        **MS. ROSCETTI:**  Yes, your Honor.  Thank you.  This is

10   Assistant Attorney General Jennifer Roscetti, and I'll be

11   arguing this.

12        Basically the motion to compel has three main points;

13   two which deal with a common interest privileged document and

14   the law indicates --

15        **THE COURT:**  Okay.  It's my understanding the

16   Defendant said they're not withholding anything based on common

17   interest doctrine.

18        **MS. ROSCETTI:**  Well, your Honor, the issue we have

19   with that in both of the common interest in the law enforcement

20   documents is while they say they haven't withheld any of those,

21   they produced those this Monday, which was the day that this --

22   their opposition to this filing was due.  And in that response,

23   they stated they're continuing to search for similar documents,

24   but this initial request for production was served on the

25   Defendant -- on the United States in December of 2013.

1          **THE COURT:**  Okay.  Well, are they -- Ms. Westfall,

2   are you all asserting that common interest doctrine or not?

3          **MS. WESTFALL:**  We -- there are no documents at issue

4   that are being withheld on the basis of the common interest

5   doctrine, and we do not believe that because -- because there

6   are facts before the Court on that particular doctrine, there's

7   no need to -- for the Court to issue any ruling on that.

8          **THE COURT:**  Ms. Roscetti.

9          **MS. ROSCETTI:**  And we would just argue, your Honor,

10  that because they -- it's been four months and they say they're

11  continuing to look for the document, as long as they state on

12  the record that there are no additional documents they're

13  looking for that they will use, and that document's a cover,

14  and they draw out discovery further, then we would be okay with

15  that.

16         **THE COURT:**  Ms. Westfall.

17         **MS. WESTFALL:**  Yes.  Your Honor, we are currently in

18  the process of searching for e-mails that are responsive to

19  State's rather expensive request -- rather extensive request

20  for production, and it has taken us about a month to negotiate

21  search terms for that so now we are going through hundreds,

22  thousands, millions of e-mails right now --

23         **THE COURT:**  Okay.  But the Government doesn't intend

24  to rely on any common interest privileged doctrine, whatever it

25  may be.  Is that correct?

4

1       **MS. WESTFALL:**  It is not clear until we do the search

2  and figure out what the privileges are over the particular

3  documents.

4       **THE COURT:**  Well, then -- then it's an issue.  Then

5  it's an issue that the Defense needs to clear up.

6       **MS. ROSCETTI:**  Well, your Honor.  Jennifer Roscetti.

7  May I proceed?

8       **THE COURT:**  Yes.

9       **MS. ROSCETTI:**  Well, what we would propose is for

10  your Honor to by a date certain to have the Defendant identify

11  those documents and produce those documents so that discovery

12  isn't dragged out further, and we would request those documents

13  -- and if those documents -- if they are identified that they

14  want to assert this common interest document over, they produce

15  it under a protective order marked highly confidential --

16       **THE COURT:**  Well, let's get a date here first because

17  maybe we're not going to have any documents.

18       Ms. Westfall, when can the Government do this?

19       **MS. WESTFALL:**  We are in the process of reviewing

20  hundreds and hundreds of documents --

21       **THE COURT:**  I'm asking for a date.  When can this get

22  done by?

23       **MS. WESTFALL:**  I -- I believe that we could probably

24  produce them -- let me look at a calendar.

25       Well, I'm not in a position right now to be able to

 1    assert when we will be able to --

 2         **THE COURT:**  Okay.  Isn't that -- isn't that what this

 3    hearing is about?  I told you all I'm in the middle of trial,

 4    and you all said you all had streamed this line down to about

 5    20 minutes.

 6         **MS. WESTFALL:**  Your Honor, we're in the process of

 7    determining which documents to withhold and privileges to

 8    assert over them.

 9         **THE COURT:**  I --

10         **MS. WESTFALL:**  The State is also engaged in rolling

11    productions at this time.  We have only recently determined the

12    search terms and negotiated those search terms with --

13         **THE COURT:**  Okay.  I guess in answer to my question,

14    you cannot tell the Court a date when you might have these.

15         **MS. WESTFALL:**  I cannot tell the Court a date;

16    certainly I can say within a week.

17         **THE COURT:**  Ms. Roscetti.

18         **MS. WESTFALL:**  Your Honor, but I would like to add,

19    your Honor, that we believe that none of these documents to the

20    extent there are any communications between counsel for the

21    United States and counsel for other Plaintiffs in the case.

22    There is absolutely no relevance whatsoever to such

23    communication.  Those were communications that -- and I cannot

24    produce the documents, but I imagine that they relate solely to

25    coordination of discovery (indiscernible), and trial

1    preparation.  There's no reason whatsoever, it's not warranted

2    to review those documents under seal, and the State has failed

3    to --

4            **THE COURT:**  Okay.  Let me get this right.  We don't

5    even know what documents we're discussing, right?  This is like

6    a theoretical discussion we're having as to there may be some

7    documents?

8            **MS. WESTFALL:**  Correct.

9            **THE COURT:**  Ms. Roscetti.

10           **MS. ROSCETTI:**  Your Honor, what we would suggest is

11   since they are still reviewing those documents, that they --

12   there is a date certain by which they have to have that review

13   done, and that --

14           **THE COURT:**  Okay, ma'am.  You heard me try to push

15   her, and she's not working with me.  So what's your suggestion

16   on date and --

17           **MS. ROSCETTI:**  Well, she didn't give the reasons that

18   they -- they would do something like we did with the

19   legislative privilege document where when they identified those

20   documents, there --

21           **THE COURT:**  Can you provide me a date?  And then I'll

22   just set that date, because the Government is not working with

23   me on a date.

24           **MS. ROSCETTI:**  We -- I'm sorry, your Honor.  Jennifer

25   Roscetti.  We would say that we would give them two weeks.

7

1          **THE COURT:**  Well, I'll give them 30 days.

2          **MS. ROSCETTI:**  Okay.  Thank you, your Honor.

3          **MS. WESTFALL:**  Thank you, your Honor.  I would -- I

4   would also add that these documents are not analogous to the

5   legislative privilege documents in any way, shape, or --

6          **THE COURT:**  Ma'am, you don't even know what documents

7   there are yet is what I'm hearing.

8          **MS. WESTFALL:**  Well, to the extent there are

9   communications between us, counsel for the United States, and

10  other Plaintiffs.

11         **THE COURT:**  Are there?  Are there going to be those

12  documents?

13         **MS. WESTFALL:**  There are such documents, your Honor.

14         **THE COURT:**  Ms. Roscetti.

15         **MS. ROSCETTI:**  And we would argue, your Honor, that

16  those documents, one, are relevant to Defense and counterclaims

17  we might plead.  We haven't actually filed an answer, so the

18  argument of relevance is not -- is not correct at this time

19  because they can't -- because that's what we're going to

20  counterclaim (indiscernible), and that we'd also argue that a

21  common interest doctrine in the Fifth Circuit does not apply to

22  Co-Plaintiffs.  And that they haven't so far established the

23  underlying privileges that can be extended under that common

24  interest doctrine.

25         **THE COURT:**  All right.  Ms. Westfall, do you want to

8

1    respond to that?

2              **MS. WESTFALL**:  I would.  Thank you, your Honor.

3              Counsel for the State has just conceded that there is

4    no relevance whatsoever to these documents.  She has just

5    asserted and admitted that there has been no answer filed,

6    there are no counterclaims present, and there is no relevance

7    whatsoever to these documents, so they --

8              **THE COURT**:  What about the law in the Fifth Circuit

9    regarding this doctrine?

10             **MS. WESTFALL**:  The Fifth Circuit has not faced a

11   question of whether the common interest doctrine applies to

12   Plaintiff.  It has --

13             **THE COURT**:  Okay.  What about the law from the

14   District Courts in Texas?

15             **MS. WESTFALL**:  It is not -- there are two decisions

16   by Magistrate Judges saying it does not apply to Plaintiffs in

17   the Fifth Circuit; however, the two circuits outside of the

18   Fifth Circuit, the Fourth Circuit and the Ninth Circuit, which

19   say those cases are cases they have recognized as common

20   interest doctrines between Plaintiffs.

21             I would also add, your Honor, that here where you

22   have ordered the United States and the other Plaintiffs to

23   engage in -- to coordinate discovery as to that decision, the

24   number of depositions and also joint interrogatories, there is

25   reason and need to have a doctrine applied to the Plaintiffs in

1   this case, and also -- I'd also add the distinction is a little

2   bit new to us because many of the Plaintiffs here were

3   Defendants -- Defendant intermediaries along with this actuary

4   Defendant, the Attorney General, and Section 5 matters here

5   really not a meaningful -- it's not a meaningful decision for

6   purposes of this case.

7           THE COURT:  Ms. Roscetti.

8           MS. ROSCETTI:  Your Honor, yes.  I would like to

9   clarify.  We are not conceding that these documents are not

10  relevant.  We are just merely stating that since there is no

11  answer on file, they can't discuss the relevance for discovery

12  purposes.

13          And further, Ms. Westfall made a great point; that

14  these cases have not been extended in the Fifth Circuit to

15  Co-Plaintiffs.  Rather the cases that are on point in the Fifth

16  Circuit really argue -- are very hesitant to extend it, and

17  only extend it where there are joint defenses or there's a

18  posture to where the Defendants could be together as a

19  Defendant, and they have not extended it to anything --

20          THE COURT:  Okay.  Let me see where we're at right

21  now.  At this point, the Government, United States, is not

22  withholding any documents under the common interest doctrine.

23  Is that correct?  Now, it's still looking for documents, and

24  they want to assert that -- that --

25          MS. ROSCETTI:  Yes, your Honor.

Case 2:13-cv-00193   Document 246   Filed on 04/17/14 in TXSD   Page 10 of 22

1        **THE COURT:**  Okay.  Then I will look at that further.

2   Your briefings were filed on Monday.  There was an amended

3   request for production -- motion to compel filed.  The response

4   was filed very late Monday.  I was in trial all day yesterday,

5   so I did look at your briefing, but I did not get to pull the

6   cases and read them to see how they apply.

7        So I'm withholding that common interest at this point

8   ruling on that.  And what's the next issue, Ms. Roscetti?

9        **MS. ROSCETTI:**  Yes, your Honor.  Ms. Roscetti for

10  this Defendant.  The logs with the privileged documents are

11  very similar to the common interest privilege documents because

12  while the United States state in their opposition to our motion

13  to compel that they have not withheld any form of document

14  based on the law enforcement privilege, we know for a fact they

15  have actually not started searching for those documents.

16       **THE COURT:**  Okay, Ms. Westfall.  Are you all looking

17  for those documents as well?

18       **MS. WESTFALL:**  Well, that is -- that is not correct.

19  We have produced many, many documents.  First of all, just a

20  bit of background on the request to which Ms. Roscetti is

21  referring.

22       The State has requested -- let me get this request.

23       All documents relating to any allegations

24  substantiated or unsubstantiated of further fraud in any

25  national, state, or local elections within the United States.

EXCEPTIONAL REPORTING SERVICES, INC

1           And that's without a conversation so that's

2  especially (indiscernible).  In response to this request, the

3  United States has produced a very large volume of documents

4  related to election crimes from the Department of Justice,

5  Civil Rights Division and Criminal Division, complaints

6  alleging voter fraud that has come into the voting section of

7  the Civil Rights Division, and we are presently in the process

8  of negotiating with the State further broader searches

9  involving the FBI, the Criminal Division, the Public Integrity

10  Section, and the Executive Offices of the United States

11  Attorney, so it's simply not correct that we have not produced

12  any documents related to their fraud case.

13           **THE COURT:**  Ms. Roscetti.

14           **MS. ROSCETTI:**  Yes, your Honor.  When we spoke to

15  them on Tuesday of this week, we were discussing the progress

16  of the United States contact with these other entities such as

17  the FBI or even the United States Attorney's Office to find

18  these documents.

19           What we were told is that they're still in the

20  process of determining what these agencies do related to

21  turning over these documents.

22           **THE COURT:**  Okay.  Am I hearing the same thing again?

23  The Government has produced what it has, but it's still looking

24  for documents that it may want to claim is privilege on?  Is

25  that the same situation we're in?

1          **MS. ROSCETTI:**  That's correct.

2          **MS. WESTFALL:**  Your Honor --

3          **MS. ROSCETTI:**  Yes.

4          **THE COURT:**  Okay.

5          **MS. WESTFALL:**  Your Honor --

6          **THE COURT:**  Is it really ready for me to consider?

7          **MS. WESTFALL:**  It is not, your Honor. This is

8    Elizabeth Westfall.

9          **THE COURT:**  Ms. Roscetti.

10          **MS. ROSCETTI:**  Your Honor, Jennifer Roscetti.  I

11   would argue -- and the Defendant would argue that it is ready

12   for it to be considered because they can't argue that it's not

13   ripe when they haven't produced or searched for the documents.

14          **THE COURT:**  But I thought -- I thought I heard

15   they're in the process.

16          **MS. ROSCETTI:**  The problem, your Honor -- Jennifer

17   Roscetti, for the Defendant.  These requests were propounded --

18          **THE COURT:**  Okay.  Well, let's give them a date

19   certain again.  Thirty days for both.

20          **MS. ROSCETTI:**  Thank you.

21          **THE COURT:**  Both categories.  How about that,

22   Ms. Westfall?

23          **MS. WESTFALL:**  Thank you, your Honor.

24          **THE COURT:**  Okay.  What else?

25          **MS. ROSCETTI:**  Your Honor, the last issue is

1  concerning the United States privileged logs, and it really

2  deals with two assertions that they're privileged.  A work

3  product privilege, and then there's a liberative process

4  privilege.

5        The problem with their work product assertion in

6  their privileged log is that after they've amended it two

7  times, they're still precursory, and it's very hard for the

8  Defendant to appropriately evaluate these work product

9  assertions.

10        Mainly issues are where they assert work product.

11  There is information missing from the two -- for recipient

12  field as well as the date.  And under the -- the Federal Rules,

13  the work products doctrine designation requires that the

14  document be prepared by or for the party or their

15  representative in anticipation of litigation or for trial.

16  When we don't have a date, we can't determine when these were

17  prepared for.

18        **THE COURT:**  Right.  Reading the briefs, I thought

19  some of those did not have dates.  So, I mean, if there's not a

20  date on them -- there were some notes or something I gathered

21  from the briefing that maybe weren't dated.  Is that right,

22  Ms. Westfall?

23        **MS. WESTFALL:**  Yes, the dates were unavailable.

24        **THE COURT:**  Okay.  I mean, they're not available.

25  The dates are not available.

14

1      **MS. ROSCETTI:**  And your Honor, there are other places

2  where they're not listed.  And this is Jennifer Roscetti for

3  the State -- for the Defendant.

4      The problem is that United States through the

5  Department of Justice engages in what is -- they do the

6  preclearance evaluations of certain things that have specific

7  information to see whether their voting logs can be researched,

8  but then they also engage in litigation.  So they kind of have

9  this dual purpose.

10      And so as they're looking at documents during this

11  preclearance stage, and then they argue that these documents

12  aren't relevant towards this litigation, without a date, and

13  there are documents there that just don't have a date listed

14  and it doesn't say they're not available.  We can't determine

15  whether the document was made during the preclearance stage or

16  during --

17      **THE COURT:**  Okay.

18      **MS. ROSCETTI:**  -- really in anticipation of

19  litigation.

20      **THE COURT:**  So why can't we address that,

21  Ms. Westfall, just to make it clear?

22      **MS. WESTFALL:**  Certainly.  I mean, I can represent

23  that the logs where there is no date available on the document

24  certainly is not, but they -- they've not been able to put a

25  date on those logs.  But I can represent to you, having

1    reviewed these documents, that all of the documents concerning

2    attorney notes where essential witnesses are similar, and we

3    believe that they are -- were all produced during the same

4    period on or around the beginning of April 2012, which was

5    during the litigation affecting the people during the discovery

6    phase.

7              THE COURT:  Is that sufficient, Ms. Roscetti?

8              MS. ROSCETTI:  I believe so, your Honor.

9              THE COURT:  Okay.  What else then on the privileged

10   log?

11             MS. ROSCETTI:  The other thing is there's a

12   liberative process assertion, and that this is twofold.  They

13   basically produced redacted form documents that have been made

14   public, and the document --

15             THE COURT:  I'm sorry.  I didn't catch that.

16             MS. ROSCETTI:  I'm sorry.  There's a liberative

17   process assertion that are twofold to their argument.  Some of

18   the assertions go to documents that were producing redacted

19   forms of their public documents.  Under the liberative process

20   privilege, there are five elements, one of which is that those

21   documents with that information should not have been shared

22   with the public.  If it had, there's no privilege.

23             THE COURT:  Okay.  Do you have public documents,

24   Ms. Westfall?

25             MS. WESTFALL:  I'm not sure which documents

1    Ms. Roscetti is referring to.

2            **MS. ROSCETTI:**  Your Honor, Jennifer Roscetti.  The

3    documents I'm referring to are on the privileged log, it will

4    say "portion of letter to" and it's a non-DOJ entity.  And it

5    has something about -- indicating internal distribution.  And

6    what has happened is, that letter is a letter from the

7    Department of Justice of the United States to an outside

8    entity --

9            **THE COURT:**  Okay.  Well, that should be pretty easy

10   to determine.  Ms. Westfall.

11           **MS. WESTFALL:**  Yes.  These -- what she is referring

12   to, first of all, just a bit of background, the United States

13   has asserted that the liberative process privilege is grounds

14   for withholding or redacting documents related to the Attorney

15   General's determination from the Commission of Voting Changes

16   under Section 5.  This includes internal staff comments and

17   information that identifies --

18           **THE COURT:**  Okay.  She's talking about public

19   documents.  Documents you all send to someone outside of your

20   department.

21           **MS. WESTFALL:**  Correct.  These -- these

22   correspondence which have been produced -- all of the

23   underlying correspondence has been produced to the State months

24   ago, perhaps years ago, in previous litigation; it includes on

25   the internal copy within DOJ will have information related to

1   who received the copy internally within the Department of

2   Justice.  That information has not been disclosed to the

3   public.  It has not been waived under the, you know, five

4   factor test which Ms. Roscetti referred; nor is it -- does it

5   have any relevance whatsoever to this litigation.

6           **MS. ROSCETTI:**  And, your Honor, Jennifer Roscetti for

7   the State.  We -- from the privileged log, we cannot infer that

8   information, and we've actually asked the Defendant for more

9   clarification --

10          **THE COURT:**  Okay.  Ms. Westfall, I think you need to

11  provide more clarification on that.

12          **MS. WESTFALL:**  Sure.

13          **THE COURT:**  On the privileged log.  I don't have time

14  to sit here and listen to it, but I think you all can visit,

15  amend your privileged log, whatever it needs to be make it --

16  to make it clear to the Defendants.

17          **MS. WESTFALL:**  Certainly, your Honor.

18          **THE COURT:**  Okay.  What else?  Because I'm going to

19  have to start wrapping up here.  Did you all discuss the

20  attorney-client privilege further regarding the documents that

21  were requested for the Defendants?

22          **MS. ROSCETTI:**  Your Honor, Jennifer Roscetti with the

23  State.  The Defendant -- or I'm sorry.  The United States has

24  produced all of the documents at issue as to attorney-client --

25          **THE COURT:**  Okay.  So that's no longer an issue.

18

1    We'll have to -- maybe we can gather in a couple of weeks to

2    discuss how we want to proceed with the trial.  We can set

3    another hearing.

4            But what else on the motion to compel that was

5    reported quick this morning?

6            **MS. ROSCETTI:**  Your Honor, Jennifer Roscetti, with

7    Defendant.  There are other documents that have been delivered

8    to process assertion.  Under it where the United States has

9    indicated -- because it's my understanding that their

10   indication of when they say "portion of," that indicated

11   they're redacting.  They have maintained in their opposition to

12   our motion that they have produced those documents, but when

13   we've looked back at our discovery, those documents haven't

14   even been produced redacted or not, and we would argue that

15   those documents are relevant, and under the liberative process

16   privilege is a qualified privilege much like the legislative

17   privilege, with a balancing test, that those documents should

18   be produced as well, by a date certain so that we can speed up

19   this discovery.

20           **THE COURT:**  Were they produced, Ms. Westfall?

21           **MS. WESTFALL:**  I can -- we believe we have produced

22   everything --

23           **THE COURT:**  Okay.  You know, I keep hearing "we

24   believe we've produced them"; "no, we haven't."  Why am I

25   getting dragged into that?  You all should be able to figure

1    that out.

2              **MS. WESTFALL**:  Assertion.  Yes, we have produced --

3    we have produced the underlying correspondence of all of said

4    documents over which we have held the liberative process

5    privilege over minor tiny redacted portions of those letters

6    indicating internal distribution within the Department of

7    Justice.  We have produced those documents years ago to the

8    State.

9              **THE COURT**:  Ms. Roscetti.

10             **MS. ROSCETTI**:  Your Honor, I was not involved in the

11   previous litigation, so whatever she -- if Ms. Westfall states

12   that, it's very difficult for me --

13             **THE COURT**:  Okay.  Well, then it sounds like you all

14   need to confer further.  Correct?

15             **MS. ROSCETTI**:  Your Honor, Jennifer Roscetti.  I

16   would propose we can point out these documents that there are

17   discrepancies with and then we can come to another

18   (indiscernible) there won't be further back and forth --

19             **THE COURT**:  Okay.  Well, you all can certainly do

20   that, but I'm going to have to reset you.  So if you all want

21   to gather on that, be real specific about what I need to

22   address, we can, you know, I might be able to visit with you

23   tomorrow morning again at 8:15, or during the lunch hour.

24             But you know, I can't get in the middle of this.

25   Yes, we've produced.  No, you all haven't.  And I don't have

1   that time right now.

2          So if you all want to gather at 8:15 tomorrow, or at

3   12:30 tomorrow, let Brandy know.

4          And forward to me what I need to see by 5:00 o'clock

5   today.

6          **MS. ROSCETTI:**  Thank you, your Honor.

7          **THE COURT:**  Okay.  What else on motion to compel?

8          **MS. ROSCETTI:**  Your Honor, Jennifer Roscetti.  That

9   is it.

10         **THE COURT:**  Okay.  So then it's my understanding

11  Brandy is going to set a status hearing in about two weeks so

12  we can discuss our trial plan, and she'll get with you on that.

13         And then regarding these -- what we've discussed this

14  morning on the motion to compel, Government is going to provide

15  documents within 30 days or we're going to have to visit

16  further about the common interest doctrine; the law enforcement

17  privilege.  We've addressed the privileged log.  Government is

18  going to be more detailed specific about the matters that were

19  in question, and you all are going to let me know by 5:00

20  o'clock today what I need to address either tomorrow at 8:15 or

21  at 12:30.  Correct?

22         **MS. ROSCETTI:**  Yes, your Honor.

23         **THE COURT:**  And I didn't let anyone else speak.  Does

24  anyone else on the phone have anything to say?

25         **MR. SPEAKER:**  No, your Honor.

21

1          THE COURT:  Okay then.  You're excused.  Just get

2 with Brandy.

3          THE CLERK:  Your Honor --

4          MS. ROSCETTI:  Thank you, your Honor.

5          MS. WESTFALL:  Thank you.

6          THE CLERK:  -- do you want to set the

7 (indiscernible)?

8          THE COURT:  You can do that with them later.

9      **(This proceeding was adjourned at 8:37 a.m.)**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____          **April 17, 2014**

                    TONI HUDSON, TRANSCRIBER

**EXCEPTIONAL REPORTING SERVICES, INC**