**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF TEXAS

David J Bradley
CLERK OF COURT
P.O. Box 61010
HOUSTON, TEXAS 77208
515 Rusk Rm 5401       77002
713-250-5500

Marianne Serpa
Deputy-in-Charge          www.txs.uscourts.gov
1133 N Shoreline Rm 208
Corpus Christi TX 78401
361-888-3142

Robert M Allensworth
B14522
BMRCC 251 N IL 37 S
Ina IL US 62846-2419

Clerk, U.S. District Court
Southern District of Texas
FILED
APR 21 2014
David J. Bradley, Clerk of Court

---

Case: 2:13-cv-00193   Instrument: 231   (4 pages)  pty
Date: Apr 8, 2014           VEASEY v PERRY / USA v TEXAS 263
Control: 14043566
Notice: The attached order has been entered.   20+ docket entries are letters from me.

---

Sebastian Wolf                 Robert M Allensworth           Ap 15 14
PO Box 131
Lagrange IL 60525

I am in need of internet research services.

The Nov 15 & 22 status hearing transcripts in USA v TEXAS TXSD 2:13-cv-193 were to go on Pacer Mar 20. There is a charge. I want copies of them and the Feb 12 status hearing which should be on Pacer in June. See www.txs.uscourts.gov/ for info on Pacer.

I read a newspaper story submitted by Vicki Henry, pres, Womean Against Registry, 202-630-0345, contact@womwnagainstregistry.com "a national organization of wives, mothers, girlfriends, etc. of registrants....Our families face many obstacles; our homes set on fire, our children beaten, signs placed in our yards, people driving by shouting obscenities, rude gestures, vehicles, property damaged, asked to leave our churches and other organizations; flyers distributed around our neighborhoods, wives losing jobs and even murder by self-proclaimed heroes/vigilante criminals.

According to the NC-MEC as of Dec 2013 there were 770,000 on the national registry....We are at a tipping point where reason must be applied to this runaway train of laws demolishing everything in its path."

Sebastian Wolf                                        Ap 16 14
PO Box 131
Lagrange IL 60525

I want info about Thomas Evenstad, 4704 Valley View Rd,
Edóna MN 55429 who submitted material in the Minnesota
Karsjens case 0:11cv3659-DWF-JJK DOC 425 02/13/14 PP 1-10.

I lack his phone number. Please call him for restrictions
on what he may want me to know.

BMRCC 251 N IL 37 S
Ina IL 62846 2419

I also want info on individuals approved for the Evaluation
Team. Please phone them to see what info they want restricted.

James L Haaven, MA (Annual Evaluator)
William D Murphy, Ph D (Annual Evaluator)
Robert J McGrath, MA (Annual Evaluator)
Jill D Stinson, Ph D
Christopher D Kunkle, Ph D

The evaluation is described in MN Statutes § 246 B.o3,
subdivision 2 (2012).

I want Evaluation Report: Civil Commitment of Sex Offenders
(Mar 2011) available at www.auditor.leg.state.mn.us/ped/pedr
ep/ccso.pdf. "the commitment scheme for sex offenders is
incredibly costly, lacks reasonable less sestrictive alternative
confinements and doesn't provide adequate treatment."

STATE OF ILLINOIS
98th GENERAL ASSEMBLY
REGULAR SESSION
SENATE TRANSCRIPT

31st Legislative Day                                       4/10/2013

open.  Have all voted who wish?  Have all voted who wish?  Have all voted who wish?  Mr. Secretary, take the record.  On that question, there are 52 voting Aye, 0 voting Nay, 0 voting Present.  Senate Bill 1497, having received the required constitutional majority, is declared passed.  Senator Haine, for what purpose do you rise?  Mr. Secretary, with leave of the Body - what was that number? - with leave of the Body, let's return -- we will return -- turn back a page, to page 58, on your printed Calendar, towards the bottom, we have Senate Bill 1322.  Senator Haine, do you wish to proceed?  Mr. Secretary, read the bill.

SECRETARY ANDERSON:

    Senate Bill 1322.

    (Secretary reads title of bill)

3rd Reading of the bill.

PRESIDING OFFICER:  (SENATOR SULLIVAN)

    Senator Haine.

SENATOR HAINE:

    Thank you, Mr. President, especially for your indulgence and that of the Body.  This is a bill -- an initiative of the Department of Corrections.  It amends the Sexually Dangerous Persons -- Persons Act in two ways.  It expands the pool of those experts who may testify about the -- as a result of the evaluation of sex offenders, appointed by a court and reporting to the court.  The current law, enacted in 1938, only allows psychiatrists to perform these evaluations.  And, obviously, that pool is not large enough, so that's how it -- it amends the law.  Secondly, it comports with People v. Masterson, an Illinois Supreme Court case, which requires that there be a

STATE OF ILLINOIS
98th GENERAL ASSEMBLY
REGULAR SESSION
SENATE TRANSCRIPT

31st Legislative Day                                    4/10/2013

showing of criminal propensity to the commission of sex offenses, which is an element necessary for an individual to be declared a sexually dangerous person. There's no opposition to this bill, and I would ask for an Aye vote.
PRESIDING OFFICER: (SENATOR SULLIVAN)

Thank you. Is there any discussion on the bill? Is there any discussion? Seeing none, Ladies and Gentlemen, the question is, shall Senate Bill 1322 pass. All those in favor will vote Aye. Opposed, Nay. The voting is open. Have all voted who wish? Have all voted who wish? Have all voted who wish? Mr. Secretary, take the record. On that question, there are 54 voting Aye, 0 voting Nay, 0 voting Present. Senate Bill 1322, having received the required constitutional majority, is declared passed. Okay, Ladies and Gentlemen, we're back on page 59 of the Calendar and we have Senate Bill 1498. Senator Althoff. Mr. Secretary, read the bill.
SECRETARY ANDERSON:

Senate Bill 1498.

(Secretary reads title of bill)
3rd Reading of the bill.
PRESIDING OFFICER: (SENATOR SULLIVAN)

Senator Althoff.
SENATOR ALTHOFF:

Thank you, again, Mr. President. Senate Bill 1498 is an audit cleanup bill. It amends the Illinois Finance Authority Act and provides that the Authority may, instead of shall, administer an emerald ash borer revolving loan program and a Farm Debt Relief Program. And it provides that certain reports are to be filed at the end of the year, instead of monthly. And

27

Case 2:13-cv-00193   Document 248   Filed on 04/21/14 in TXSD   Page 5 of 11
CASE 0:11-cv-03659-DWF-JJK   Document 425   Filed 02/13/14   Page 8 of 10
CASE 0:11-cv-03659-DWF-JJK   Document 415-1   Filed 01/09/14   Page 8 of 10

PRODUCED IF POSSIBLE AS THIS IS WHERE THIS CONSCIENCE SHOCKING EVIDENCE IS.

4. **EVIDENCE THAT FULL DISCHARGE IS ILLUSORY AND A FALSE LEGAL CONSTRUCT** AS THE TWO SCAP JUDGES, KATHLEEN GEARIN AND JOANNE SMITH REPEATEDLY STATED THAT THERE WAS NO BED OR PLACE TO SEND A FULLY DISCHARGED CLIENT FROM MSOP AS STATE FAILED FOR 20 YEARS TO ESTABLISH ANY INFRASTRUCTURE FOR DISCHARGE, WHICH IS AMPLE EVIDENCE ON ITS OWN OF BAD FAITH BY THE STATE FROM DAY ONE TO TODAY. Evidence of fraud by MSOP's Risk assessors Dr. Jennifer Jones and Dr. Lauren Allen, SCAP "Independent" Examiner Dr. James Gilbertson, MSOP Client Attorney Ryan Magnus, and the SCAP judges themselves at Brad Stevens September 20, 2013 SCAP "phase II" Hearing in which all parties tried to dupe Stevens into believing he should not be released in large part because MSOP would not be able to supervise him and that he would be dangerous without such supervision. All parties testified to this lie and Mr. Magnus failed to correct the record even after I told Mr. Magnus that Subd. 19 of the Commitment Statute: Aftercare Services provided for lifetime monitoring and supervision. Fascinatingly, when the State (MSOP/DHS) SUPPORTS A PETITION FOR PROVISIONAL DISCHARGE (RYDBERG, OPHEIM, DUVALL, FUGELSETH, JENKS) THEN THESE DOCTORS, LAWYERS AND JUDGES ALL KNOW ABOUT THE AFTERCARE SERVICES SUBDIVISION, AND DETAILED, LENGTHY PLANS ARE PREPARED AND PROVIDED TO THE SRB AND SCAP, UNLIKE WHAT HAPPENED AT SRB WITH MY CLIENTS MR. STEVENS AND MR. DALE WILLIAMS Sr. WHO WERE DENIED BY SRB IN PART DUE TO NO AFTERCARE PLAN. THIS DOUBLE STANDARD, PERPETRATION OF FRAUD ON THE CLIENT AND THE COURT (IF THE COURT IS NOT COMPLICIT) SHOCKS THE CONSCIENCE OF THE MODERN COMMUNITY AND RESIDENTS OF THIS STATE WOULD VIEW SUCH CONDUCT AS CONSCIENCE SHOCKING.

I have singularly unique experience and knowledge with the MSOP and intimate knowledge of the policies, procedures, rules, regulations, laws, constitutional concepts/constructs etc. to be able to shed much-needed light for this Court in the areas I have delineated as well as in any other areas the Court wishes to inquire.

I attended 19 of 22 Task Force Meetings I requested of Commissioner Jesson in writing from October 12, 2012 to be allowed to join the Task Force, if even in one of the numerous empty chairs of "Official" "Ex-Officio" members who rarely attended. I have an MSOP Blog: www.MSOPGulag.blogspot.com

There are currently at least 328 Level 3 Sex Offenders in Minnesota in the Communities of our State while there are over 225 men in MSOP who are Level 1 & 2 Low/Moderate Risk. Public Safety is in grave danger because the fact is that politics have shaped policy instead of Best Practices or even reasoned consistent practices.

I'm uniquely equipped to assist this litigation and I request to be allowed to submit an Amicus Brief and also request to be Appointed as a Consultant/Paralegal for the Gustafson-Gluek firm from my business TEVEnterprises, LLC Enterprise SVP Consultation (www.SVPConsultation.com) as I have already assisted in finding an error in their Amended Complaint I pointed out previously. I was a Paralegal for attorney Jill Clark for 3 years and I am actively assisting my attorneys Mr. Nickitas and Prof. Erlinder with their respective legal efforts on my behalf to sue MSOP for my "Care and Treatment" and reverse my sole wrongful he-said/she-said rape conviction which became the lynchpin for the failed commitment attempt.

I have studied and lived the effects of these statutes. I have inside knowledge of the MSOP having lived in there for over a year between 2006-2008. I spoke with countless men at MSOP about their experiences,

8

Case 2:13-cv-00193   Document 248   Filed on 04/21/14 in TXSD   Page 6 of 11
CASE 0:11-cv-03659-DWF-JJK   Document 425   Filed 02/13/14   Page 9 of 10
CASE 0:11-cv-03659-DWF-JJK   Document 415-1   Filed 01/09/14   Page 9 of 10

read their Petitions and Examiner Reports and led my own defense from Political Commitment to the MSOP by John L. Kirwin and Hennepin County.

I know many of the Plaintiff Class and know who are some of the most intelligent, knowledge and articulate regarding the very issues the Karsjens attorneys have been on a very steep learning curve these past few years and doing an outstanding job considering the vastness of the litigation.

Prof. Erlinder graciously offered me the honor to join his Amicus Brief regarding the Right to Trial by Jury but I respectfully declined, recognizing that that is Peter's unique help to the Court.

Finally I urge this Court to Order a Legislative Liaison Team and DOC/MSOP Lino Lakes Transition Team that can assist/inform the Legislature regarding the depth and breadth of these MSOP issues and provide leadership and guidance as well as to review the Deinstitutionalization of the North Dakota State Hospital and take a strong, substantive step in fulfilling the Court's words on 12/18/2013 which I told the MN Senate DHS Finance Committee, which is that the true test of any society is how do you treat your most vulnerable of your citizens.

The DOC/MSOP Transition Team would be charged with transferring every single MSOP committee (and hopefully all locked persons in this state under "civil" confinement) to Lino Lakes--a central, Twin Cities location with ample beds and infrastructure for the number of MSOP clients exceeding 700 in MSOP, at least 50 at any given time in DOC, and have room for all of the 400+ souls locked in appalling conditions at MSH as MID committees. I would be honored to be part of any solutions such as being Appointed to any Panel or Team this Court believes my knowledge would be helpful to as well as I'm sure my attorneys would as well.

I have blog posts addressing many MSOP issues and recommending real changes that that the Court can consider including even the morale building MEOP—Minnesota Ex-Offender Program and Ordering DOC to put PRISONERS into the two MSOP "hospital" locations as MSH needs to be converted to Medium security DOC Treatment Beds DOC Commissioner Tom Roy states is direly needed and the Max Beds at MSOP-ML can solve dangerous double-bunking issues at MCF-STW and MCF-St. Cloud and also be used as treatment beds as DOC has an effective Treatment Program which is accredited. MSOP clients and parents support Lino idea!

Please consider issuing a Moratorium on SDP/SPP Commitments as I recommended that to the Task Force but they ignored. Illinois Governor George Ryan declared a Moratorium on Capital Punishment after being confronted with the realities of their Capital System—13 DNA Exonerations of Innocent Men from Death Row in time State had executed 12 men. Similarly, here in MN, despite the evidence I state here in my letter request has been said in public at Task Force meetings regarding these Post-Dru Sjodin Political (non-Mental Health) Commitments and the 2011 OLA Report demonstrating the Constitutional Chasms of the Intake Valve to MSOP. Please considering Ordering such a Moratorium to prevent the 121 pre-planned new commits the State budget has already funded put forth by DHS, Approved by Governor Dayton and passed by the Legislature.

Please allow me to submit an Amicus Brief as generally outlined here and please consider my request to be Appointed to the strong Plaintiff legal team as a Consultant, Paralegal or as both.

Respectfully Submitted,

s/Thomas Evenstad

December 27, 2013

www.MinnesotaSexOffender Program.com

4704 Valley View Rd
Edna (Edina) MN 55429

9

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kevin Scott Karsjens, David Leroy Gamble, Jr., Kevin John DeVillion, Peter Gerard Lonergan, James Matthew Noyer, Sr., James John Rud, James Allen Barber, Craig Allen Bolte, Dennis Richard Steiner, Kaine Joseph Braun, Brian Christopher John Thuringer, Kenny S. Daywitt, and Bradley Wayne Foster,<br><br>Plaintiffs,<br><br>v.<br><br>Lucinda Jesson, Dennis Benson, Kevin Moser, Tom Lundquist, Greg Carlson, and Ann Zimmerman, in their individual and official capacities,<br><br>Defendants. | Civ. No. 11-3659 (DWF/JJK)<br><br><br><br>ORDER REGARDING THE MSOP PROGRAM EVALUATION TEAM |

On November 9, 2012, the Court entered an Order requiring the Minnesota Commissioner of Human Services (the "Commissioner") to create an evaluation team referred to as the "MSOP Program Evaluation Team." The MSOP Program Evaluation Team ("Evaluation Team") shall consist of five qualified sex offender clinical treatment professionals with the necessary knowledge and experience to evaluate the sex offender treatment phase progression in a secure facility to be appointed by the Commissioner and subject to Court approval. Three of the five

Case 2:13-cv-00193 Document 248 Filed on 04/21/14 in TXSD Page 8 of 11

CASE 0:11-cv-03659-DWF-JJK Document 425 Filed 02/13/14 Page 1 of 10
CASE 0:11-cv-03659-DWF-JJK Document 415-1 Filed 01/09/14 Page 1 of 10

Hon. Donovan W. Frank
U.S. District Court Judge
District of Minnesota

RECEIVED
DEC 30 2013
BY: Rob. USM

In the Matter of Karsjens v Jesson, et al.

Request for Permission to File/Submit Amicus Curiae Brief

Dear Honorable Magistrate Boylan & Judge Frank:

My name is Thomas Evenstad and I wish to thank the Court for allowing me to File/Submit this letter request for permission to provide my Amicus Brief. My motivation and goal is to provide this Court with critical, unique information which goes to the heart of the important Plaintiff constitutional and legal arguments/issues in this case, as well as to the Defendant's arguments/representations to the Court I personally observed on 12/18/13.

One example of the latter is the Deputy Attorney Generals' impassioned argument to the Court that the Plaintiff's are unable to show a single current MSOP client who is not dangerous, and whom MSOP/DHS is detaining against his will. Plaintiff's counsel had no answer to this bold, yet risky challenge. I assert my unique value to the Court here by showing that despite the resources of the Plaintiff's talented legal team, that I alone in this world am coming forward before the Court to provide precisely the evidence the Defendants asserted does not exist: Brad Stevens has been determined to be not dangerous and meeting all statutory criteria for discharge in 2013 by Supreme Court Appeal Panel (SCAP) Court-Appointed Independent Examiner Robert Riedel:
https://www.dropbox.com/s/8w8s6xgd05j3zf2/Riedel%2C%20Dr.%20Robert%20-%20Independent%20Examiner%27s%20Report%20-%2002.08.2013.pdf

In addition to his written report to the SCAP, Dr. Riedel testified and was cross-examined and testified that Mr. Brad Stevens meets all statutory criteria for a Full Discharge to the community with supervision (MSOP is required by Commitment Act Statute Subdivision to Supervise Lifetime), yet the MN AGO, MSOP Staff/Officials, DHS/Commissioner Jesson and the Goodhue County Attorney Steve Buetcher and Ass't DA Erin Kuester all not only oppose Mr. Stevens' discharge, but have failed to provide Mr. Stevens, Mr. Stevens' Counsel Ryan Magnus or myself any Statutorily required Aftercare Services Plan for Mr. Stevens despite written requests to Commissioner Jesson and Robin C. Benson, Jessica Geil and other MSOP/DHS Staff/Officials.

Worse yet, the MSOP "Risk Assessors', Dr. Jennifer Jones and Dr. Lauren Allen as well as the First Court-Appointed (AGO/State) Examiner all committed (pardon pun) fraud on the Court by testifying Mr. Stevens cannot be released in large part due to he will not be subject to supervision when they all know he is subject to lifetime supervision as they prepare Aftercare Services Plan for the MSOP Clients the MSOP/DHS Support for PD: Rydberg, Opheim, Duvall, Fugelseth and Jenks. They all had their detailed, extensive MSOP Aftercare Services Plan provided to them, their attorneys and the Special review Board below SCAP. Yet, neither Brad Stevens nor any MSOP "Client-Patient" MSOP/DHS Opposes for release ever has any Aftercare Services Plan provided to them or to the SRB or SCAP. This behavior/conduct condoned by the SRB and SCAP Judges as they never inform their subjects of the fraud all parties, including the incompetent court-appointed attorneys the Task Force has identified as being unconstitutional and in need of changing via higher quality candidates, firms with more resources than the solos that were Court-Appointed with very scarce resources to take on the State in these cases. This dynamic, which has occurred for the duration of the 11 years of SCAP cases resulting in zero (0) Discharges and two Provisional Discharges I assert, is relevant to this litigation as this pattern of judicial/system victimization of MSOP Clients is systemic and not remotely limited to the Stevens

1

Evaluation Team positions shall be filled by the sex offender treatment experts contracted to perform the annual evaluation (Annual Evaluators) described in Minnesota Statutes, section 246B.03, subdivision 2 (2012). The Evaluation Team shall examine client treatment phase progression at the MSOP and provide the MSOP Executive Director, the Court, and Counsel for the parties in this litigation with its Findings and Recommendations in accordance with this Court's November 9, 2012 Order.

Counsel for the parties conferred by email to discuss potential candidates for the final two Evaluation Team positions prior to final appointment by the Commissioner.

After reviewing the candidates, the Commissioner appoints, and the Court hereby approves, the following individuals to serve on the Evaluation Team:

1. James L. Haaven, M.A. (Annual Evaluator)
2. William D. Murphy, Ph.D. (Annual Evaluator)
3. Robert J. McGrath, M.A. (Annual Evaluator)
4. Jill D. Stinson, Ph.D.
5. Christopher D. Kunkle, Psy.D.

The Evaluation Team shall have complete access to all relevant documents and to MSOP clients and staff only as necessary to perform their review and evaluation of client treatment phase progression at the MSOP. Information received or used by the Evaluation Team that is classified as private, not public, or protected health records or health information under law shall not

be directly or indirectly transferred, disclosed, or communicated in any way to any person other than persons retained by the Evaluation Team to assist in the evaluation, the court and its staff, counsel for the parties, or to persons who are the subject of the data if otherwise entitled to access under law, unless ordered by the Court. Upon release of the Evaluation Team's final Findings and Recommendations, data shall be public except for data on an individual classified under law as private, not public, or protected health records or health information. The Evaluation Team's draft and final Findings and Recommendations shall not contain any description, information, or data that would identify any particular individual.

Except as set forth in the Evaluation Team's final Findings and Recommendations, Evaluation Team members shall not provide any opinion or testimony based upon information acquired in the scope and performance of their duties on the Evaluation Team.

**SO ORDERED**

Date: December 13, 2012

                                        *s/ Jeffrey J. Keyes*
                                        JEFFREY J. KEYES
                                        United States Magistrate Judge

R ALLGNSWORN 1321 BMZZ
BMCC 21 N 16375
(NA 1C 62846 2919

Clerk, U.S. District Court
Southern District of Texas
FILED

APR 21 2014

David J. Bradley, Clerk of Court

784018≅2042

THIS CORRESPONDENCE
IS FROM AN INMATE OF
THE ILLINOIS
DEPARTMENT OF
CORRECTIONS

MARIANNE S ENPA
DENNY-IN CHARGE W OUT CT
1133 N SHORELINE DR 208
CORPUS CHRISTI TX 78401
78401

UNITED STATES POSTAGE
02 1M
0004266687
$ 00.48⁰
PITNEY BOWES
APR 16 2014
MAILED FROM ZIPCODE 62846