IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 2:13-cv-193 (NGR) |
| RICK PERRY, *et al.*, | |
| Defendants. | |
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, *et al.*, | |
| Plaintiff-Intervenors, | |
| TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, *et al.*, | Civil Action No. 2:13-cv-263 (NGR) |
| Plaintiff-Intervenors, | |
| v. | |
| STATE OF TEXAS, *et al.*, | |
| Defendants. | |

TEXAS STATE CONFERENCE OF NAACP
BRANCHES, *et al.*,

                     Plaintiffs,

        v.

NANDITA BERRY, *et al.*,

                    Defendants.

Civil Action No. 2:13-cv-291 (NGR)

---

BELINDA ORTIZ, *et al.*,

                    Plaintiffs,

        v.

STATE OF TEXAS, *et al.*,

                    Defendants

Civil Action No. 2:13-cv-348 (NGR)

## UNITED STATES' OPPOSITION TO TEXAS LEGISLATORS' MOTION TO QUASH SUBPOENAS

Defendants the State of Texas, John Steen, and Nandita Berry demanded that the United States issue subpoenas to obtain vital discovery from current and former legislators who have supported photographic voter identification legislation in Texas.  *See, e.g.*, Defs. Br. on Subpoenas (ECF No. 199).  Once the United States issued those subpoenas, counsel for the Legislators repeatedly assured counsel for the United States that legislators would produce some documents responsive subject to the subpoenas on April 25, 2014.  Despite those assurances, and without attempting to confer with the United States, the Legislators moved to quash the subpoenas in their entirety.  *See* Mot. to Quash (ECF. No. 251).

1

The Legislators' motion should be denied.  *First*, the documents sought are highly relevant to claims under Section 2 of the Voting Rights Act, 42 U.S.C. § 1973.  The Legislators fail to address the Section 2 standard and the discovery deficiencies revealed by the production of documents withheld during *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.).  *Second*, many of the documents the subpoenas seek lie outside any possible scope of a state legislative privilege and cannot be quashed in their entirety based on any such privilege.  *Third*, this Court has already concluded that Defendants' assertion of state legislative privilege over analogous documents sought through party discovery must yield; the same analysis applies here.  Therefore, the Legislators' motion to quash should be denied and the Legislators should be ordered to comply with the United States' subpoenas, subject to the protective procedures established in this Court's Order on the United States' Motion to Compel.  *See Veasey v. Perry*, No. 2:13-cv-193, 2014 WL 1340077, at *3-4 (S.D. Tex. Apr. 3, 2014) (ECF No. 226).

## I.  LEGAL STANDARD

A party may serve a subpoena under Rule 45 to obtain "documents, electronically stored information, or tangible things." Fed. R. Civ. P. 45(a)(1)(C).  The recipient of the subpoena may move to quash or modify a subpoena only for one of four specific reasons, namely if the subpoena "(1) fails to allow a reasonable time for compliance; (2) requires a person who is not a party to travel more than 100 miles from where the person resides; (3) requires disclosure of privileged or protected matter; or (4) subjects a person to undue burden." *Texas Keystone, Inc. v. Prime Nat. Res., Inc.*, 694 F.3d 548, 554 (5th Cir. 2012).  "The individual seeking to quash or modify must meet 'the heavy burden of establishing that compliance with the subpoena would be unreasonable and oppressive.'" *Hussey v. State Farm Lloyds Ins. Co.*, 216 F.R.D. 591, 596 (E.D. Tex. 2003) (quoting *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998)).

2

"Among the factors that the court may consider in determining whether there is an undue burden are 'relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'" *Id.* (quoting *Linder v. Dep't of Defense*, 133 F.3d 17, 24 (D.C. Cir.1998)). "When a subpoena is issued as a discovery device, relevance for purposes of the undue burden test is measured according to the standard of Rule 26(b)(1)." *Williams*, 178 F.R.D. at 110. "[A] court should give a wider berth of discovery to subpoenas that concern substantial national, rather than merely parochial, interests." *In re Subpoenas to Plains All Am. Pipeline, L.P.*, No. H-13-2975, 2014 WL 204447, at *3 (S.D. Tex. Jan. 17, 2014). Resolution of a motion to quash is subject to a district court's discretion. *See Texas Keystone, Inc.*, 694 F.3d at 554.

## II.    THE DOCUMENTS UNDER SUBPOENA ARE HIGHLY RELEVANT TO CLAIMS UNDER SECTION 2 OF THE VOTING RIGHTS ACT.

As the United States explained in its motion to compel legislative documents, "[d]etermining whether invidious discriminatory purpose was a motivating factor [in a decision] demands a sensitive inquiry into such circumstantial and direct evidence as may be available." Mot. to Compel at 3 (ECF No. 162) (quoting *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 266 (1977)). "Contemporary statements by members of the decisionmaking body" can be a "highly relevant" form of such evidence. *Arlington Heights*, 429 U.S. at 266. More specifically, the Section 2 results test requires "a searching practical evaluation of the past and present reality and . . . a functional view of the political process." *Thornburg v. Gingles*, 478 U.S. 30, 43, 45 (1986) (citations and internal quotation marks omitted). The Senate Report to the 1982 amendments of the Voting Rights Act identifies a number of factors that may inform a court's evaluation of whether a challenged practice or

procedure denies minority voters the same opportunity to participate in the political process as other citizens, including "the extent of any history of official discrimination in the state or political subdivision that touched the right of the members of the minority group to register, to vote, or otherwise to participate in the democratic process" and "whether political campaigns have been characterized by overt or subtle racial appeals." *Id.* at 36-37 (quoting S. Rep. No. 97-417, at 28-29 (1982)). The subpoenas in this case are squarely focused on evidence that is relevant under those two rubrics. *See, e.g.*, Subpoena of Representative Patricia Harless (Ex. 1).

This Court has already found that the topics set out in the subpoenas, which mirror the United States' First Set of Requests for Production, are "highly relevant" to the United States' discriminatory intent and discriminatory results claims. *Veasey*, 2014 WL 1340077, at *2. Although the Legislators took issue with six of the requests for documents sought by the subpoenas, *see* Mot. to Quash at 6-7, they did not contest the relevance of the remaining requests. *See* Harless Subpoena Ex. A ¶¶ 1-14, 19-20. These requests include the consideration of photographic voter identification proposals, communications concerning such proposals, and both pre-enactment and post-enactment analyses of the impact of photographic voter identification laws. *See id.* ¶¶ 1-11. Moreover, the topics challenged by the Legislators address whether political campaigns have been characterized by overt or subtle racial appeals, one of the Section 2 Senate Factors, *see id.* ¶¶ 15-16, and Defendants' failure to amend SB 14 following the *Texas v. Holder* court's findings of avoidable harm to minority voters, which is circumstantial evidence of the intent underlying SB 14, *see id.* ¶¶ 17-18, 21-22. Thus, these subpoena topics relate directly to the claims before this Court and should be permitted, particularly under the

4

appropriately more expansive standards applied in a case of such importance. *See In re Subpoenas*, 2014 WL 204447, at *3.[1]

The documents already produced by Defendants per this Court's April 3 Order fail to comprise the universe of relevant documents. That set of documents contains almost no legislative email, notwithstanding painstaking negotiations that occurred during *Texas v. Holder* concerning email search terms. Those few emails produced suggest that legislators engaged in a substantial amount of email communication concerning SB 14 and photographic voter identification laws, extensively using private email addresses. *See also, e.g.*, Deposition of Colby Beuck, May 14, 2012, at 38:2-8 (Ex. 2) (describing Representative Harless's use of a private email account to conduct official business); Deposition of Janice McCoy, May 12, 2012, at 34:18-22  (Ex. 3) (describing Senator Fraser's use of a private email account to conduct official business). Thus, it is highly unlikely that the United States has all of the documents responsive to the requests for production made during *Texas v. Holder*—the declaratory judgment action under Section 5 of the Voting Rights Act concerning SB 14. Mot. to Quash at 4-6.[2]  Moreover, the Legislators fail to take into account the greater universe of relevant evidence

---

[1] Although the Legislators state that the subpoenas will impose an undue burden, they do not address any of the factors applied within the Fifth Circuit beyond simple relevance. *See* Mot. to Quash at 10; *see also Hussey*, 216 F.R.D. at 596. Even assuming that the Legislators intended the arguments made concerning a state legislative privilege to apply to their burden argument as well, the Legislators have failed to challenge the time period covered by the subpoena and the actual burden imposed by compliance. A good faith search of legislators' official email and the private email accounts they use to conduct state business would require little more than searches using critical keywords such as "SB 14," "voter ID," and "Hispanic voters," among others. To the extent that the Legislators wish the United States to provide such keywords, the United States will promptly do so upon receipt of a request naming the email systems used by the Legislators. The locations of other electronic and paper documents are likely known to the legislators and their staff.

[2] Without revealing the contents of the documents produced under seal, the vast majority are publicly available materials over which Defendants appear to have asserted a state legislative privilege by mere virtue of them having been maintained in a legislator's office.

5

under Section 2 of the Voting Rights Act.  Just as Defendants have sought further discovery in

this litigation, the United States too should not be limited to the discovery taken during *Texas v.*

*Holder*.

### III.   THE LEGISLATORS CANNOT QUASH THE SUBPOENAS IN THEIR ENTIRETY BASED ON A LEGISLATIVE PRIVILEGE.

A substantial portion of the documents sought by the United States' subpoenas are

outside the scope of any possible state legislative privilege.  Therefore, the subpoenas cannot be

quashed in their entirety based on the incorrect assertion that compliance would require

disclosure of privileged or protected matter.  Mot. to Quash at 6-10; *see also* Fed. R. Civ. P.

45(d)(3)(A)(iv).  Campaign communications, Harless Subpoena Ex. A ¶¶ 15-16, are "outside the

chamber" and therefore outside any protection necessary to "'preserve the integrity of the

legislative process.'"  *Hutchinson v. Proxmire*, 443 U.S. 111, 127 (1979) (quoting *United States*

*v. Brewster*, 408 U.S. 501, 517 (1972)); *see also FEC v. Wright*, 777 F. Supp. 525, 530 (N.D.

Tex. 1991) (concluding that testimony about the use of campaign funds is not protected by the

Speech or Debate Clause of the United States Constitution).  Similarly, communications with

"lobbyists, groups, associations, organizations, or members of the public" concerning voter

identification, Harless Subpoena Ex. A ¶¶ 2, 7, 13-15, are not protected by any legislative

privilege.  *See, e.g.*, *Baldus v. Brennan*, No. 11-cv-562, 2011 WL 6122542, at *2 (E.D. Wis.

Dec. 8, 2011) (three-judge court).

As to those documents that potentially implicate state legislative privilege, Defendants'

blanket assertion of privilege violates Rule 26 and thus triggers no protection, *see Turner v.*

*Grumpy, LLC*, No. 2:08-cv-49, 2009 WL 259927, at *1 (N.D. Miss. Feb. 2, 2009), particularly

given the limited scope and qualified nature of the privilege, *see Veasey*, 2014 WL 1340077, at

*1. Thus, to the extent that the Legislators maintain that some responsive documents are protected by a state legislative privilege, the legislators should have collected and logged those documents on a privilege log. *See, e.g.*, *Turner*, 2009 WL 259927, at *1; *Estate of Manship v. United States*, 236 F.R.D. 291, 296 (M.D. La. 2006), *vacated in part on other grounds*, 237 F.R.D. 141 (M.D. La. 2006).[3] They have failed to do so and therefore cannot substantiate any legislative privilege claim at this time.

## IV. THIS COURT'S APRIL 3 DECISION REQUIRES LEGISLATORS TO PRODUCE DOCUMENTS PROTECTED BY A LEGSISLATIVE PRIVILEGE UNDER SEAL.

This Court has found "that the overall balance of factors" relevant to a state legislative privilege "weights in favor of disclosure on a confidential basis" in this case. *Veasey v. Perry*, 2014 WL 1340077, at *3. Under the five-factor test applied by this Court, there is no analytical distinction between a Rule 34 request for production served on the State of Texas and a Rule 45 subpoena served on Texas legislators. *See id.* at *2. And while the Legislators strain to argue, under the Court's standard, that the state legislative privilege is not overcome, *see* Mot. to Quash at 7-10, those efforts fail – a failure implicitly acknowledged by Defendants' request that this Court simply reconsider its prior analysis. *See id.* at 11. This Court should adhere to the reasoned analysis of its prior decision and should therefore deny the Legislators' motion.

As this Court properly recognized, any state legislative privilege is qualified. *See Veasey*, 2014 WL 1340077, at *2.

---

[3] For similar reasons, there is no need to modify the subpoenas in light of potential attorney-client privilege claims. *See* Mot. to Quash at 10. The mere fact that communications occurred between legislators and the Office of the Attorney General does not categorically place those communications under the absolute protection of the attorney-client privilege. *See, e.g.*, *In re Grand Jury Proceedings*, 517 F.2d 666, 670 (5th Cir. 1975). If the Legislators believe any communications responsive to the subpoenas are privileged, they must object and issue privilege logs to substantiate their claim.

> As a qualified privilege, there is an established framework of five factors that courts have weighed in determining whether the legislative documents must be disclosed: (1) the relevance of the evidence sought to be protected; (2) the availability of other evidence; (3) the seriousness of the litigation and the issues involved; (4) the role of the government in the litigation; and (5) the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable.

*Id.* (citing *Perez v. Perry*, No. 5:11-cv-1303, 2014 WL 106927, at *2 (W.D. Tex. Jan. 8, 2014) (three-judge court)).  Under this rubric, the analysis performed by this Court in resolving the United States' motion to compel applies fully here.

The Legislators' attempt to overcome this Court's prior analysis is unavailing.  Under the first factor, as set out above, the subjects of the subpoenas are relevant, as they address the legislative process that culminated in SB 14, the discriminatory results of that process, the motivations underlying that process, and the factors considered under the Section 2 totality of the circumstances analysis.  *See supra* Part II.  Moreover, under the second factor, there is no alternative to the materials sought from the Legislators, certainly not in the limited set of documents that the State of Texas collected and already produced in *Texas v. Holder* (and thus lie outside the scope of the subpoenas).  *See supra* Part II.[4]  The Legislators do not contest that the "third[] and fourth factors weigh strongly in favor of disclosure."  *Veasey*, 2014 WL 1340077, at *2.  Finally, this Court should reject the Legislators' unsupported assertions that,

---

[4]  Interested third-parties with intensively relevant information at the heart of significant litigation may not withhold that information and simply declare that the United States "should be able to prove its case" without the information being withheld.  *See* Mot. to Quash at 8.  The Legislators here do not dispute that there is no alternative source for the documents that Legislators hold.  Rather, they make the unsupportable claim that the United States should have to prove its case without access to potentially probative evidence.  The Federal Rules of Civil Procedure govern the scope of discovery, and it is both inappropriate and self-serving for individuals supporting the Defendants to be permitted to decide that the United States has received sufficient discovery and is entitled to no more.

under the fifth factor, compliance with the subpoenas would trigger greater future timidity than the disclosures under seal already ordered by the Court.  The relevant consideration is not whether legislators might wish to avoid the burdens associated with ordinary discovery or whether they might maintain privacy interests similar to an ordinary litigant, *see* Mot. to Quash at 8-9; rather, it is whether the legislative process might be harmed because legislators and staff would be aware that their communications might be disclosed in litigation.  *See, e.g.*, *Favors v. Cuomo*, 285 F.R.D. 187, 215 (E.D.N.Y. 2012) (addressing whether disclosure "would not serve to inhibit legislative deliberations in the future").  This Court has rejected blanket protections from discovery based on the fifth factor alone, and the Legislators have provided no valid reason to deviate from that conclusion.

Because the balancing test remains unchanged, this Court should deny the Legislators' motion to quash and order immediate and overdue compliance with the United States' subpoenas.

## V.        CONCLUSION

For the reasons set out above, this Court should deny the Legislators' motion to quash

subpoenas.  Pursuant to Local Rule 7.4(D), a proposed order denying the motion is attached.

Date:  April 29, 2014

                                                Respectfully submitted,

KENNETH MAGIDSON                       JOCELYN SAMUELS
United States Attorney                       Acting Assistant Attorney General
Southern District of Texas                   Civil Rights Division

                                                /s/ Daniel J. Freeman
                                                T. CHRISTIAN HERREN, JR.
                                                MEREDITH BELL-PLATTS
                                                ELIZABETH S. WESTFALL
                                                BRUCE I. GEAR
                                                JENNIFER L. MARANZANO
                                                ANNA M. BALDWIN
                                                DANIEL J. FREEMAN
                                                Attorneys, Voting Section
                                                Civil Rights Division
                                                U.S. Department of Justice
                                                950 Pennsylvania Avenue, N.W.
                                                Washington, D.C. 20530

## <u>CERTIFICATE OF CONFERRAL</u>

Due to the Legislators' failure to meet and confer prior to filing the instant motion, I met and conferred with counsel for the Legislators on April 29, 2014 in an effort to narrow the instant dispute.  The Legislators maintain the position that they will not produce any documents in response to the subpoenas, which necessitates resolution of the motion by the Court.

> */s/ Daniel J. Freeman*
> Daniel J. Freeman
> Voting Section
> Civil Rights Division
> U.S. Department of Justice
> daniel.freeman@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2014, I served a true and correct copy of the foregoing via the Court's ECF system on the following counsel of record:

John B. Scott
John Reed Clay, Jr.
Gregory David Whitley
Jonathan F. Mitchell
Sean Flammer
Stephen Ronald Keister
Arthur D'Andrea
Jennifer Marie Roscetii
Office of the Texas Attorney General
john.scott@texasattorneygeneral.gov
reed.clay@texasattorneygeneral.gov
david.whitley@texasattorneygeneral.gov
jonathan.mitchell@texasattorneygeneral.gov
sean.flammer@texasattorneygeneral.gov
ronny.keister@texasattorneygeneral.gov
arthur.dandrea@texasattorneygeneral.gov
jennifer.roscetti@texasattorneygeneral.gov

Ben Addison Donnell
Donnell Abernethy & Kieschnick
bdonnell@dakpc.com

*Counsel for Defendants*

Chad W. Dunn
Kembel Scott Brazil
Brazil & Dunn
chad@bradzilanddunn.com
scott@bazilanddunn.com

J. Gerald Hebert
Emma Simson
Campaign Legal Center
ghebert@campaignlegalcenter.org
esimson@campaignlegalcenter.org

Neil G. Baron
Law Offices of Neil G. Baron
neil@ngbaronlaw.com

Armand Derfner
Derfner, Altman, & Wilborn
aderfner@dawlaw.com

Luiz Roberto Vera, Jr.
lrvlaw@sbcglobal.net

*Counsel for Veasey Plaintiffs*

Christina Swarns
Ryan P. Haygood
Natasha M. Korgaonkar
Leah C. Aden
Deuel Ross
NAACP Legal Defense and Educational
    Fund, Inc.
cswarns@naacpldf.org
rhaygood@naacpldf.org
nkorgaonkar@naacpldf.org
laden@naacpldf.org
dross@naacpldf.org

Danielle Conley
Jonathan Paikin
Kelly P. Dunbar
Sonya L. Lebsack
Ezra D. Rosenberg
Amy L. Rudd
Dechert LLP
ezra.rosenberg@dechert.com
amy.rudd@dechert.com

Wendy Weiser
Jennifer Clark
Myrna Pérez
Vishal Agraharkar
Brennan Center for Justice at NYU School of
    Law
wendy.weiser@nyu.edu
jenniferl.clark@nyu.edu
myrna.perez@nyu.edu
vishal.argraharkar@nyu.edu

Mark A. Posner
Sonia Kaur Gill
Erandi Zamora
Lawyers' Committee for Civil Rights
mposner@lawyerscommittee.org
sgill@lawyerscommittee.org
ezamora@lawyerscommittee.org

*Counsel for Texas State Conference of
NAACP Branches Plaintiffs*

Gerald J. Sinzdak
Lynn Eisenberg
M. Hasan Ali
Richard F. Shordt
WilmerHale LLP
danielle.conley@wilmerhale.com
jonathan.paikin@wilmerhale.com
kelly.dunbar@wilmerhale.com
sonya.lebsack@wilmerhale.com
Gerard.sinzdak@wilmerhale.com
Lynn.eisenberg@wilmerhale.com
hasan.ali@wilmerhale.com
richard.shordt@wilmerhale.com

*Counsel for Texas League of Young Voters
Plaintiff-Intervenors*

Jose Garza
Marinda van Dalen
Robert W. Doggett
Peter McGraw
Texas Rio Grande Legal Aid, Inc.
jgarza@trla.org
mvandalen@trla.org
rdoggett@trla.org
pmcgraw@trla.org

*Counsel for Ortiz Plaintiffs*

Rolando L. Rios
Law Offices of Rolando L. Rios
rrios@rolandorioslaw.com

Preston Edward Henrichson
Law Offices of Preston Henrichson
preston@henrichsonlaw.com

*Counsel for Texas Association of Hispanic
County Judges and County Commissioners
Plaintiff-Intervenors*

*/s/ Daniel J. Freeman*
Daniel J. Freeman
Voting Section
Civil Rights Division
U.S. Department of Justice
daniel.freeman@usdoj.gov
