**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | |
|---|---|
| MARC VEASEY, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>RICK PERRY, *et al.*,<br><br>Defendants. | Civil Action No. 2:13-cv-193 (NGR) |
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, *et al.*,<br><br>Plaintiff-Intervenors,<br><br>TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, *et al.*,<br><br>Plaintiff-Intervenors,<br><br>v.<br><br>STATE OF TEXAS, *et al.*,<br><br>Defendants. | Civil Action No. 2:13-cv-263 (NGR) |

| | |
|---|---|
| TEXAS STATE CONFERENCE OF NAACP BRANCHES, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>NANDITA BERRY, *et al.*,<br><br>Defendants. | Civil Action No. 2:13-cv-291 (NGR) |
| BELINDA ORTIZ, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF TEXAS, *et al.*,<br><br>Defendants | Civil Action No. 2:13-cv-348 (NGR) |

**JOINT BRIEF BY ALL PRIVATE PLAINTIFFS AND PLAINTIFF-INTERVENORS IN OPPOSITION TO THIRD PARTY LEGISLATORS' MOTION TO QUASH SUBPOENAS OF CURRENT AND FORMER LEGISLATORS**

This brief is submitted on behalf of the non-United States Plaintiffs and Plaintiff-Intervenors (hereinafter "Plaintiffs")[1] in opposition to Third Party Legislators' ("the Legislators") Motion to Quash Subpoenas of Current and Former Legislators (ECF No. 251-1).

[1] The Plaintiffs joining in this brief are the Texas State Conference of NAACP Branches, the Mexican American Legislative Caucus of the Texas House of Representatives, the Texas Association of Hispanic County Judges and County Commissioners, Hidalgo County, the Texas League of Young Voters Education Fund, Imani Clark, Michelle Bessiake, Estela Garcia Espinosa, Lionel Estrada, Roxsanne Hernandez, La Union Del Pueblo Entero, Inc., Lydia Lara, Margarito Martinez Lara, Maximina Martinez Lara, Eulalio Mendez, Jr., Belinda Ortiz, Lenard Taylor, Marc Veasey, Floyd James Carrier, Anna Burns, Michael Montez, Penny Pope, Jane Hamilton, Sergio DeLeon, Oscar Ortiz, Koby Ozias, John Mellor-Crummey, Jane Doe, James Doe, the League of United Latin American Citizens ("LULAC") and Dallas County, Texas.

The Legislators' motion is based on a series of objections that fail to recognize the substance of the claims in these consolidated cases. First, the Legislators argue that only those legislators whose documents were subpoenaed in the prior Section 5 litigation can be subpoenaed in this litigation, ignoring that the issues in this case are much broader and that, in any event, there is no rule, case law or logic that defines the scope of discovery in one case by the scope of discovery of a previous case. Second, the Legislators rail against the discovery of campaign communications as unnecessarily abridging their qualified legislative privilege, while tacitly conceding that legislative privilege cannot possibly apply to what are admittedly "personal" communications. Finally, the Legislators make a series of challenges going to the relevance of the documents sought by the subpoenas, disregarding the specific claims made in this litigation. For the following reasons and for those set forth in the brief of the United States, with which Plaintiffs join, the motion to quash should be denied.

1. It is irrelevant that some of the Legislators were not the subject of discovery in the Section 5 case. The Legislators object to the subpoenas issued to nine of the 13 legislators whose documents have been subpoenaed, on the ground that none were "the subject of discovery requests during the preclearance lawsuit." (Leg. Br. at 3). The scope of discovery in the Section 5 case does not set the standard for the scope of discovery in this case.[2] At the most basic level, the time for discovery in the Section 5 litigation was even more circumscribed than in this litigation (90 days compared to 210 days), so it is reasonable to expect the parties now are engaging in more extensive discovery. Second, unlike in the Section 5 litigation where the burden of proof was on Texas, the burden of proof in this litigation is on the Plaintiffs and the

---

[2] Indeed, were that the standard, discovery requested by Texas in this case would need to be automatically stricken, as the State has propounded more extensive discovery requests in this litigation than in the Section 5 case.

United States, a factor which again affects the scope and extent of discovery. Third, the issues in this case are broader than those in the Section 5 case. Section 2 of the Voting Rights Act explicitly calls for a "totality of the circumstances" analysis of whether SB 14 results in a discriminatory denial of the right to vote. 42 U.S.C. §1973(b). The Section 2 claims, as well as the various claims brought under the 14th and 15th Amendments, are based not only on the enactment of SB 14, but also on the way the statute is being implemented. The Legislators do not argue that they lack relevant information, only that they cannot be subpoenaed now because they were not subpoenaed before. This argument should be flatly rejected.

2. <u>The Legislators tacitly admit that documents pertaining to campaign communications are not subject to legislative privilege.</u> The Legislators assert that the qualified legislative privilege precludes production of any campaign communications. However, their argument actually proves that such communications are not privileged whatsoever, because they are personal documents. First, they support their legislative privilege defense against the discovery of campaign communications with the curious assertions that "[f]or many legislators, such documents would predate their taking the oath of office for the first time, be irrelevant to the case, and remain highly personal." (Leg. Br. at 9). By definition, therefore, these documents would not be subject to an assertion of legislative privilege and are subject to subpoena. Similarly, the Legislators state, "And many legislators would rightfully expect that private documents created in their personal capacity as candidates for office would not be subject to disclosure in a lawsuit brought against their official capacity." (Leg. Br. at 9).[3] Again, the Legislators' admission that the campaign documents were "created in [the Legislators'] personal

---

[3] Plaintiffs do not understand precisely what the Legislators mean by their being subject to a "lawsuit brought in their official capacity," but this seems to be at odds with the position taken by their counsel, who in their role as counsel for Defendants, has taken the position that the Legislature is not a party in this case, thus forcing this third-party subpoena process.

capacity" clearly takes those documents out of the realm of legislative privilege, and therefore they are subject to subpoena.

3. The documents sought may lead to the discovery of relevant evidence. The Legislators object to three categories of documents sought: (1) those dealing with proposed voter ID laws considered and voted upon in the Texas Legislature prior to the enactment of SB 14; (2) those dealing with the analysis and implementation of SB 14 post-enactment; and (3) those dealing with immigration legislation.

a. Pre-enactment voter ID legislation: The claims in this litigation concerning discriminatory purpose specifically refer, *inter alia*, to the Legislature's previous attempts to pass a photo ID law, stressing that those previous attempts were merely chapters of one ongoing process to adopt photo ID legislation, beginning in the 2005 legislative session, and culminating in the passage of SB 14 in the 2011 legislative session. (*See, e.g.*, Texas NAACP/MALC Compl. ¶¶ 54-57.) For example, as the legislative record establishes, photo ID legislation throughout these legislative sessions became increasingly restrictive with respect to permissible forms of photo ID, notwithstanding that there was no evidence from 2005 through 2011 suggesting that voter impersonation is a concern, much less that it might be an increasing concern that would merit an increasingly stringent response. Consequently, documents relating to proposed photo ID legislation in these previous sessions of the Legislature are directly relevant to the issue of whether SB 14 was enacted with a discriminatory purpose. *See Vill. of Arlington Heights v. Metro. Housing Dev. Corp.*, 429 U.S. 252, 267-68 (1977)

("legislative or administrative history" and the "historical background of the [legislative] decision" are relevant to the determination of discriminatory purpose because the "specific sequence of events leading up the challenged decision" may "shed some light on the decisionmaker's purposes").

b. Post-enactment analysis and implementation: While the Section 5 claim was adjudicated solely on the record as it stood at the time of enactment of SB 14, the Section 2 claim takes into consideration not only pre-enactment facts, but post-enactment facts, including facts concerning the implementation of SB 14. Thus, some claims speak directly to how SB 14 is being implemented in a discriminatory and arbitrary manner. (*See, e.g.*, Veasey Compl. ¶¶ 22-28.)

c. Immigration related legislation: Some of the claims in this action speak to the pervasive history in Texas of racial discrimination against African American and Hispanics. (*See, e.g.*, Texas Hispanic Judges Compl. ¶ 66.) The record in the Section 5 litigation included evidence that there were connections between anti-immigration political rhetoric and passage of SB 14.

In sum, the Legislators have provided no cogent basis to resist this discovery, and Plaintiffs respectfully request that this Court deny the Legislators' motion.

Respectfully submitted,

s/ Ezra Rosenberg
Ezra D. Rosenberg
Michelle Hart Yeary
DECHERT LLP
902 Carnegie Center, Suite 500
Princeton, New Jersey 08540-6531
ezra.rosenberg@dechert.com

Steven B. Weisburd
Amy L. Rudd
Lindsey Cohan
DECHERT LLP
500 W. 6th Street, Suite 2010
Austin, Texas 78701
lindsey.cohan@dechert.com

Wendy Weiser
Myrna Pérez
Vishal Agraharkar
Jennifer Clark
The Brennan Center for Justice at NYU Law School
161 Avenue of the Americas, Floor 12
New York, New York 10013-1205
wendy.weiser@nyu.edu
myrna.perez@nyu.edu
vishal.agraharkar@nyu.edu
jenniferl.clark@nyu.edu

Robert A. Kengle
Mark A. Posner
Sonia Kaur Gill
Erandi Zamora
Lawyers' Committee for Civil Rights Under Law
1401 New York Avenue, N.W., Suite 400
Washington, D.C. 20005
mposner@lawyerscommittee.org
Clay Bonilla
Daniel G. Covich
The Law Offices of William Bonilla, P.C.
2727 Morgan Avenue
Corpus Christi, Texas 78405
claybonilla@hotmail.com
Daniel@bonillalaw.com

Gary Bledsoe
PotterBledsoe, L.L.P.
316 W. 12th Street, Suite 307
Austin, Texas 78701
garybledsoe@sbcglobal.net

Robert Notzon
The Law Office of Robert Notzon
1502 West Avenue
Austin, Texas 78701
Robert@NotzonLaw.com

Jose Garza
Law Office of Jose Garza
7414 Robin Rest Drive
San Antonio, Texas 98209
garzapalm@aol.com

Kim Keenan
Marshall Taylor
Victor Goode
NAACP
4805 Mt. Hope Drive
Baltimore, Maryland 21215
kkeenan@naacpnet.org
mtaylor@naaacpnet.org
vgoode@naacpnet.org

*Counsel for Plaintiffs Texas State Conference of NAACP Branches, Mexican American Legislative Caucus of the Texas House of Representatives*

Christina A. Swarn
Ryan P. Haygood
Natasha M. Korgaonkar
Leah C. Aden
Deuel Ross
NAACP Legal Defense and Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, New York 10006
cswarns@naacpldf.org
rhaygood@naacpldf.org
nkorgaonkar@naacpldf.org
laden@naacpldf.org
dross@naacpldf.org

Danielle Conley
Jonathan Paikin
Kelly P. Dunbar
Sonya L. Lebsack
Gerard J. Sinzdak
Lynn Eisenberg
M. Hasan Ali
Richard F. Shordt
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
danielle.conley@wilmerhale.com
jonathan.paikin@wilmerhale.com
kelly.dunbar@wilmerhale.com

*Counsel for Plaintiff-Intervenors Texas League of Young Voters Education Fund et al.*

Jose Garza
Law Office of Jose Garza
7414 Robin Rest Drive
San Antonio, Texas 78209
garzpalm@aol.com

Marinda van Dalen
Texas RioGrande Legal Aid, Inc.
531 East St. Francis Street
Brownsville, Texas 78529-5354
mvandalen@trla.org

Robert W. Doggett
Texas Rio Grande Legal Aid Inc
4920 North IH 35
Austin, Texas 78751
rdoggett@trla.org

*Counsel for Plaintiff-Intervenors Estela Garcia Espinosa, Lionel Estrada, Roxsanne Hernandez, La Union Del Pueblo Entero, Inc. Lydia Lara, Margarito Martinez Lara, Maximina Martinez Lara, Eulalio Mendez, Jr., Belinda Ortiz, Lenard Taylor*

Rolando L Rios
Attorney at Law
115 E Travis, Suite 1645
San Antonio, Texas 78205
rrios@rolandorioslaw.com

*Counsel for Plaintiff-Intervenor Texas Association of Hispanic County Judges and County Commissioners*

Preston Edward Henrichson
Attorney at Law
222 W. Cano
Edinburg, Texas 78539
preston@henrichsonlaw.com

Rolando L Rios
Attorney at Law
115 E Travis, Suite 1645
San Antonio, Texas 78205
rrios@rolandorioslaw.com

*Counsel for Plaintiff-Intervenor Hidalgo County*

Chad W. Dunn
K. Scott Brazil
Brazil & Dunn
4201 Cypress Creek Parkway, Suite 530
Houston, Texas 77068
chad@brazilanddunn.com
scott@brazilanddunn.com

J. Gerald Hebert
Campaign Legal Center
215 E Street, N.E.
Washington, D.C. 20002
GHebert@campaignlegalcenter.org
Neil G. Baron
Law Office of Neil G. Baron
914 FM 517 W, Suite 242
Dickinson, Texas 77539
neil@ngbaronlaw.com

David Richards
Richards, Rodriguez & Skeith, LLP
816 Congress Avenue, Suite 1200
Austin, Texas 78701
daverichards4@juno.com

Armand G. Derfner
Derfner, Altman & Wilborn, LLC
575 King Street, Suite B
Charleston, South Carolina 29402
aderfner@dawlegal.com

*Counsel for Plaintiffs Marc Veasey, Floyd James Carrier, Anna Burns, Michael Montez, Penny Pope, Jane Hamilton, Sergio DeLeon, Oscar Ortiz, Koby Ozias, John Mellor-Crummey, Jane Doe, James Doe, League of United Latin American Citizens ("LULAC") and Dallas County, Texas*

Luis Roberto Vera, Jr.
LULAC National General Counsel
The Law Offices of Luis Vera Jr., and Associates
1325 Riverview Towers, 111 Soledad
San Antonio, Texas 78205-2260
lrvlaw@sbcglobal.net

*Counsel for LULAC*

Craig M. Watkins
Dallas County District Attorney
Teresa G. Snelson
Chief, Civil Division
Dallas County District Attorney's Office
411 Elm Street, 5th Floor
Dallas, Texas 75202-4606
Teresa.Snelson@dallascounty.org

*Counsel for Dallas County, Texas*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2014, I served a true and correct copy of the foregoing via the Court's ECF system on all counsel of record.

/s/ Lindsey B. Cohan

Lindsey B. Cohan
State Bar No. 24083903
DECHERT LLP
500 W. 6th Street, Suite 2010
Austin, TX 78701
Telephone: (512) 394-3000
Facsimile: (512) 394-3001
lindsey.cohan@dechert.com