IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, JANE HAMILTON, SERGIO DELEON, FLOYD J. CARRIER, ANNA BURNS, MICHAEL MONTEZ, PENNY POPE, OSCAR ORTIZ, KOBY OZIAS, JOHN MELLOR-CRUMLEY, PEGGY HERMAN, EVELYN BRICKNER, GORDON BENJAMIN, KEN GANDY, LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), AND DALLAS COUNTY, TEXAS, *Plaintiffs,* v. RICK PERRY, Governor of Texas; and JOHN STEEN, Texas Secretary of State, *Defendants.* | CIVIL ACTION NO. 2:13-CV-193 (NGR) [Lead case] |
| UNITED STATES OF AMERICA, *Plaintiffs,* TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, IMANI CLARK, AURICA WASHINGTON, CRYSTAL OWENS, AND MICHELLE BESSIAKE, *Plaintiff-Intervenors,* TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, HIDALGO COUNTY, AND MARIA LONGORIA BENAVIDES, *Plaintiff-Intervenors,* v. STATE OF TEXAS, JOHN STEEN, in his official capacity as Texas Secretary of State; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety, *Defendants.* | CIVIL ACTION NO. 2:13-CV-263 (NGR) [Consolidated case] |

1

| | |
|---|---|
| TEXAS STATE CONFERENCE OF NAACP BRANCHES; and the MEXICAN AMERICAN LEGISLATIVE CAUCUS OF THE TEXAS HOUSE OF REPRESENTATIVES,<br>    *Plaintiffs,*<br>v.<br><br>JOHN STEEN, in his official capacity as Secretary of State of Texas; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety,<br>    *Defendants.* | CIVIL ACTION NO.<br>2:13-CV-291 (NGR)<br>[Consolidated case] |
| BELINDA ORTIZ, LENARD TAYLOR, EULALIO MENDEZ JR., LIONEL ESTRADA; ESTELA GARCIA ESPINOSA, ROXANNE HERNANDEZ, LYDIA LARA, MARGARITO MARTINEZ LARA, MAXIMINA MARTINEZ LARA, AND *LA UNION DEL PUEBLO ENTERO, INC*.<br>    *Plaintiffs,*<br>v.<br><br>STATE OF TEXAS; JOHN STEEN, in his Official capacity as Texas Secretary of State; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety,<br>    *Defendants.* | CIVIL ACTION NO.<br>2:13-CV-348 (NGR)<br>[Consolidated case] |

## ADVISORY CONCERNING SUBSEQUENT AUTHORITY

Non-party legislators bring to the Court's attention the attached Order concerning legislative privilege, which was entered April 23, 2014, by the United States District Court for the Middle District of Louisiana. *Hall v. Louisiana*, No.

2

12-657, ECF No. 277 (Apr. 23, 2014) (Exhibit 1). Non-party legislators only became aware of this decision yesterday and feel the need to raise it to the Court in advance of tomorrow's hearing.

In *Hall*, yet another court recognized that state legislative privilege protects from disclosure "documents or information that contains or involves opinions, motives, recommendations, or advice about legislative decisions between legislators or between legislators and their staff," even in a voting rights case.[1] There, the plaintiff and intervenor (collectively, "plaintiffs") allege Louisiana's Judicial Election Plan of 1993 violates Section 2 of the Voting Rights Act of 1965 as well as the First, Fourteenth, and Fifteenth Amendments to the United States Constitution. *Hall* at 1. During discovery, the plaintiffs issued Rule 45 Subpoenas on members of the Louisiana Legislature and staff ("legislators") for both the production of documents and deposition testimony. *Id.* at 12. The legislators filed a motion to quash, arguing (in addition to unduly burdensomeness) that (1) because their acts were legislative in nature, they are "absolutely immune from testifying on those matters"; and (2) "the documents sought are irrelevant because the intent of the legislators has no bearing on Plaintiffs' claims which may be proven by circumstantial, as opposed to only direct evidence." *Id.* at 13.

The Court followed the same five-factor balancing test used by this Court:

(i) the relevance of the evidence sought to be protected;
(ii) the availability of other evidence;
(iii) the seriousness of the litigation and the issues involved;

---

[1] *See, e.g., id.* at 17; *Comm. for a Fair & Balanced Map v. Ill. State Bd. of Elections,* No. 11-5065, 2011 WL 4837508, at *9 (N.D. Ill., Oct. 12, 2011); and *Kay v. City of Rancho Palos Verdes,* No. 02-3922, 2003 WL 25294710, at *14 (C.D. Cal., Oct.10, 2003).

(iv) the role of the government in the litigation; and
(v) the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable.

*Id.* at 15 (citing *Perez v. Perry*, No. 11-360, 2014 WL 106927 at *2 (W.D. Tex. Jan. 8, 2014).

While the Court found that the requested information may be relevant, "it was not central to the outcome of the case." *Id.* at 16. The Court also concluded that the availability of other evidence, such as transcripts, meeting minutes or reports, weighed against disclosure of privileged information. *Id.* The Court found the seriousness of the litigation and the role of the government in the litigation weighed in favor of disclosure. *Id.*. But, the Court found that the fifth factor weighed against disclosure, noting that "[f]ailure to afford protection to such confidential communications between lawmakers and their staff will not only chill legislative debate but also discourage earnest discussion with governmental walls." *Id.* at 17. Further, the Court recognized "that inquiries regarding the specific motives of individual legislators, or advice and recommendations used by those legislators to support their decision, will encourage timidity and hamper the legislative process." *Id.*

Ultimately, the Court found "that the balance struck by the district court in *Committee for a Fair and Balanced Map* is instructive and also appropriate in this case." *Id.* at 17. The Court then laid out its interpretation of the parameters of the legislative privilege, finding that "any need" for "any documents or information that contains or involves opinions, motives, recommendations or advice about legislative

4

decisions between legislators or between legislators and their staff . . . is outweighed by the purpose of the qualified privilege." *Id.* at 17–18. Further, the Court found that legislative privilege "also applies to any information that would reveal such opinions and motives . . . [,] includ[ing] any procedures used by lawmakers in the legislative process as well as the identification of any specific legislators that were involved in any particular step in the process." *Id.* Ultimately, the Court ruled that the legislators were not required to produce documents falling within its legislative privilege parameters.[2, 3]

Dated: April 30, 2014

        Respectfully submitted.

        GREG ABBOTT
        Attorney General of Texas

        DANIEL T. HODGE
        First Assistant Attorney General

        JONATHAN F. MITCHELL
        Solicitor General

        */s/ Arthur C. D'Andrea*
        ARTHUR C. D'ANDREA
        Assistant Solicitor General

        209 West 14th Street
        P.O. Box 12548
        Austin, Texas 70711-2548
        (512) 475-0131

        COUNSEL FOR THE THIRD-PARTY LEGISLATORS

---

[2] The Court also expressed concerns regarding the scope of the subpoenas. *Id.* at 13.
[3] Although no subpoenas for depositions have been served on legislators in this case, it should also be noted that the Court quashed the subpoenaed depositions of the legislators in *Hall*. *Id.* at 20.

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2014, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

<em>/s/ Arthur C. D'Andrea</em><br>
ARTHUR C. D'ANDREA