# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | |
|---|---|
| MARC VEASEY, JANE HAMILTON, SERGIO DELEON, FLOYD J. CARRIER, ANNA BURNS, MICHAEL MONTEZ, PENNY POPE, OSCAR ORTIZ, KOBY OZIAS, JOHN MELLOR-CRUMLEY, PEGGY HERMAN, EVELYN BRICKNER, GORDON BENJAMIN, KEN GANDY, LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), AND DALLAS COUNTY, TEXAS, ) ) ) ) ) ) ) ) ) ) ) | |
| *Plaintiffs,* ) | CIVIL ACTION NO. |
| v. ) | 2:13-CV-193 (NGR) |
| ) | [Lead case] |
| RICK PERRY, Governor of Texas; and JOHN STEEN, Texas Secretary of State, ) ) | |
| *Defendants.* ) | |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| *Plaintiffs,* ) | |
| ) | |
| TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, IMANI CLARK, AND MICHELLE BESSIAKE, ) ) ) | |
| *Plaintiff-Intervenors,* ) | |
| ) | |
| TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, HIDALGO COUNTY, AND MARIA LONGORIA BENAVIDES, ) ) ) ) | |
| *Plaintiff-Intervenors,* ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 2:13-CV-263 (NGR) |
| STATE OF TEXAS, JOHN STEEN, in his official capacity as Texas Secretary of State; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety, ) ) ) ) ) ) | [Consolidated case] |
| *Defendants.* ) | |
| ) | |

1

TEXAS STATE CONFERENCE OF NAACP                    )
BRANCHES;     and     the     MEXICAN               )
AMERICAN  LEGISLATIVE  CAUCUS  OF                   )
THE        TEXAS        HOUSE        OF             )
REPRESENTATIVES,                                    )
      *Plaintiffs,*                      )
v.                                                  )
                                                 )   CIVIL ACTION NO.
JOHN  STEEN,  in  his  official  capacity  as       )   2:13-CV-291 (NGR)
Secretary  of  State  of  Texas;  and  STEVE        )   [Consolidated case]
McCRAW,  in  his  official  capacity  as  Director   )
of the Texas Department of Public Safety,           )
      *Defendants.*                      )
_____            )
BELINDA ORTIZ, LENARD TAYLOR,                       )
EULALIO MENDEZ JR., LIONEL                          )
ESTRADA;  ESTELA  GARCIA  ESPINOSA,                 )
LYDIA   LARA,   MARGARITO   MARTINEZ                )
LARA, MAXIMINA MARTINEZ LARA, AND                   )
*LA UNION DEL PUEBLO ENTERO, INC.*                  )
      *Plaintiffs,*                      )
v.                                                  )
                                                 )
STATE  OF  TEXAS,  JOHN  STEEN,  in  his            )
official capacity as Texas Secretary of State;      )   CIVIL ACTION NO.
and  STEVE  McCRAW,  in  his  official  capacity     )   2:13-CV-348 (NGR)
as Director of the Texas Department of Public       )   [Consolidated case]
Safety,                                             )
      *Defendants.*                      )
_____            )

## TEXAS HEALTH AND HUMAN SERVICES COMMISSION'S NONPARTY OBJECTIONS TO THE RULE 30(b)(6) NOTICE OF DEPOSITION

**To:** Plaintiffs and Plaintiff-Intervenors, by and through their attorneys of record.

The Texas Health and Human Services Commission (HHSC), a nonparty in

the above styled and numbered cause of action, by and through the Texas Attorney

General's Office, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure,

and without waiving any further objection and/or assertions of privilege, hereby serves these written objections to Plaintiffs' and Plaintiff-Intervenors' notice for a Rule 30(b)(6) Deposition of HHSC.

**OBJECTIONS**

A.   Nonparty HHSC objects to this Rule 30(b)(6) request for deposition because it both subjects the nonparty to undue burden and is unreasonably broad in that Nonparty HHSC is requested to provide a deponent on matters for examination concerning forms of identification issued by State agencies not under the umbrella of HHSC.  Such topic list for Nonparty HHSC poses an undue burden in time, labor, and expense to prepare and review for the deposition.  The examination requests that relate to other State agencies are more appropriately suited to the State agencies that issue those forms of identification.

**B.   NONPARTY HHSC'S OBJECTIONS TO SPECIFIC MATTERS FOR EXAMINATION:**

1. The processes—including all attendant costs—for a voter to obtain any form of primary, secondary, or other acceptable supporting identification that may be used to obtain an election identification certificate (EIC) under Section 521A.001 of the Texas Transportation Code and Section 15.182 of Title 37 of the Texas Administrative Code, including but not limited to an original or certified copy of a birth certificate.

**OBJECTION:  Nonparty objects to this examination topic as it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific**

3

as it requests deponent to testify to "processes—including all attendant costs—for a voter to obtain any form of primary, secondary, or other acceptable supporting identification that may be used to obtain an election identification certificate (EIC) under Section 521A.001 of the Texas Transportation Code and Section 15.182 of Title 37 of the Texas Administrative Code" other than birth certificates.   Nonparty HHSC objects to this examination topic as it should be directed to the specific state agencies that issue the forms of acceptable identification other than birth certificates.  Furthermore, underlying information pertaining to any form of identification other than birth certificates is not within the possession, custody, or control of Nonparty HHSC.   Nonparty HHSC further objects to this request to the extent it requires deponent to testify to subjects that are covered by the attorney-client privilege, deliberative process privilege, and attorney work-product doctrine.  Subject to these objections and privilege assertions, Nonparty HHSC designates Victor Farinelli to address Topic for Examination 1, limited to using a birth certificate as acceptable supporting identification.

2. All efforts undertaken, including materials designed and distributed, to educate the public about the availability and costs of primary, secondary, or other acceptable supporting identification that may be used to obtain an EIC, including the availability of discounted certified copies of birth certificates.

4

**OBJECTION:  Nonparty objects to this examination topic as it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific as it requests deponent to testify to "[a]ll efforts undertaken, including materials designed and distributed, to educate the public about the availability and costs of primary, secondary, or other acceptable supporting identification that may be used to obtain an EIC" other than birth certificates.  Nonparty HHSC objects to this examination topic as it should be directed to the specific state agencies that issue the forms of acceptable identification other than birth certificates.  Furthermore, underlying information pertaining to any form of identification other than birth certificates is not within the possession, custody or control of Nonparty HHSC.  Nonparty HHSC further objects to this request to the extent it requires deponent to testify to subjects that are covered by the attorney-client privilege, deliberative process privilege, and attorney work-product doctrine.  Subject to these objections and privilege assertions, Nonparty HHSC designates Victor Farinelli to address Topic for Examination 2, limited to using a birth certificate as acceptable supporting identification.**

3. The rule amendment that waives fees charged under Section 181.22 of Title 25 of the Texas Administrative Code to an individual seeking to secure a certified copy of a birth record in order to obtain an EIC. *See* 38 Tex. Reg.

5

7307 (Oct. 18, 2013). The designee for this topic should be qualified to discuss all comments on the proposed rule, implementation of the rule, communications with local registrars and county clerks about the rule, and all instances in which waivers of fees have been requested, including whether the fee waiver was denied or granted, from the rule's effective date of October 21, 2013 to the present.

**OBJECTION:  Nonparty HHSC objects to this examination topic, as it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific as it requests deponent to testify to "all instances in which waivers of fees have been requested, including whether the fee waiver was denied or granted. . . ."  Nonparty HHSC further objects to this examination topic insofar as it calls for testimony concerning "comments on the proposed rule," which are publicly available or otherwise equally available and/or uniquely available or equally available from third parties. Nonparty HHSC further objects to this examination topic to the extent it requires deponent to testify to subjects that are covered by the attorney-client privilege, deliberative process privilege, and attorney work-product doctrine.  Subject to this objection and privilege assertions, Nonparty HHSC designates Victor Farinelli to address Topic for Examination 3.**

4. The processes and all requirements for obtaining an Election Identification Birth Certificate, including the application for an Election Identification Birth Certificate, VS-141.

**OBJECTION: Nonparty HHSC objects to this examination topic as it is unneccessarily duplicative of Topic for Examination 1. Further, Nonparty HHSC objects to the extent this examination topic requires deponent to testify to subjects that are covered by the attorney-client privilege, deliberative process privilege, and attorney work-product doctrine. Subject to these objections and privilege assertions, Nonparty HHSC designates Victor Farinelli to address Topic for Examination 4.**

5. Limitations on use of a Election Identification Birth Certificate, including designations on the birth certificate itself and training of state, county, and local officials regarding a birth certificate so designated.

**OBJECTION: Nonparty HHSC objects to this examination topic to the extent it requires deponent to testify to subjects that are covered by the attorney-client privilege, deliberative process privilege, and attorney work-product doctrine. Subject to this objection and privilege assertions, Nonparty HHSC designates Victor Farinelli to address Topic for Examination 5.**

**C.    FURTHER OBJECTIONS AND CLAIMS OF PRIVILEGE:**

7

Nonparty specifically reserves the right to lodge further objections and assert any applicable claims of privilege at the deposition.

Dated:  May 7, 2014

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JONATHAN F. MITCHELL
Solicitor General

J. REED CLAY, JR.
Special Assistant and Senior Counsel
to the Attorney General
Southern District of Texas No. 1160600

*/s/ John B. Scott*
JOHN B. SCOTT
Deputy Attorney General for Civil Litigation
Southern District of Texas No. 10418
Texas State Bar No. 17901500
ATTORNEY-IN-CHARGE

G. DAVID WHITLEY
Assistant Deputy Attorney General
Southern District of Texas No. 2080496

STEPHEN RONALD KEISTER
Assistant Attorney General
Southern District of Texas No. 18580

JENNIFER MARIE ROSCETTI
Assistant Attorney General
Southern District of Texas No. 224780

209 West 14th Street
P.O. Box 12548
Austin, Texas 70711-2548
(512) 475-0131

8

BEN A. DONNELL
Donnell, Abernethy & Kieschnick
555 N. Carancahua, Suite 1770
Corpus Christi, Texas 78401-0853
Southern District of Texas No. 5689

COUNSEL FOR THE STATE OF TEXAS,
RICK PERRY, JOHN STEEN, and STEVE
MCCRAW

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 7, 2014, a true and correct copy of the foregoing document was served to all counsel of record listed on the Court's ECF system.

<u>*/s/ John B. Scott*</u>
JOHN B. SCOTT