IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> RICK PERRY, *et al.*, <br><br> Defendants. | Civil Action No. 2:13-cv-193 (NGR) |
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, *et al.*, <br><br> Plaintiff-Intervenors, <br><br> TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, *et al.*, <br><br> Plaintiff-Intervenors, <br><br> v. <br><br> STATE OF TEXAS, *et al.*, <br><br> Defendants. | Civil Action No. 2:13-cv-263 (NGR) |

| | |
|---|---|
| TEXAS STATE CONFERENCE OF NAACP BRANCHES, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>NANDITA BERRY, *et al.*,<br><br>Defendants. | Civil Action No. 2:13-cv-291 (NGR) |
| BELINDA ORTIZ, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF TEXAS, *et al.*,<br><br>Defendants | Civil Action No. 2:13-cv-348 (NGR) |

## CONSENT PRODUCTION ORDER

1. The parties acknowledge the need to protect sensitive, private, personal, or confidential information, including, but not limited to, information concerning Texas voters, including whether those voters have been issued a Texas driver license, personal identification card, concealed handgun license, or election identification certificate; whether they have been issued a United States military identification card, certificate of naturalization, certificate of citizenship, passport or passport card, or veterans identification card; or whether they have been determined by the Social Security Administration to have a disability, or by the Department of Veterans Affairs to have a disability rating of at least fifty percent. All parties have previously agreed that such information shall not be disclosed or used except as appropriate and relevant in connection with this litigation. *See* Consent Protective Order (ECF No. 105). The Court has further ordered that the parties abide by the

procedures set out in the Discovery Order and Supplemental Protective Order (ECF No. 174) with respect to information designated as "Confidential" or "Highly Confidential," as defined in the Consent Protective Order, from databases and records maintained by Defendants and by the United States.

2. As set out in the Discovery Order and Supplemental Protective Order (ECF No. 174), the United States has undertaken the process of comparing the Texas Election Administration Management System database ("TEAM database") with relevant databases maintained by the following federal agencies: the Department of Defense, the United States Citizenship and Immigration Services, the Department of State, the Social Security Administration, and the Department of Veterans Affairs (collectively, the "federal databases").

3. Certain information contained in the federal databases is subject to limitations on disclosure as set out in the Privacy Act of 1974, 5 U.S.C. § 552a; Section 1106 of the Social Security Act, 42 U.S.C. § 1306; Social Security Administration regulations at 20 C.F.R. § 401.180; and the Privacy Rule promulgated pursuant to Section 264 of the Health Insurance Portability and Accountability Act (HIPAA), 45 C.F.R. §§ 160.101-.552, 164.102-.106, 164.500-.534.

4. Notwithstanding those limitations, the United States is ordered to produce from the Department of Defense, the United States Citizenship and Immigration Services, the Department of State, the Social Security Administration, and the Department of Veterans Affairs, the results of the database comparison process (*e.g.*, the "algorithm responses" as described and defined in ECF No. 174) to all parties in this litigation. Production shall take place by the deadline set in the Amended Scheduling Order, ¶ 3 (ECF No. 231). This order solely concerns the results of the data comparisons between the TEAM

database and the Federal databases that were undertaken in response to the process set out for this litigation in ECF No. 174.

5. With respect to the Social Security Administration ("SSA"), SSA is ordered, pursuant to the Privacy Act of 1974, 5 U.S.C. § 552a(b)(11), and SSA regulation, 20 C.F.R. § 401.180, to produce to all parties, who are subject to ECF Nos. 105 and 174 in this consolidated litigation, the results of the database comparison process. Specifically, SSA must produce the results of its comparison of database records from SSA's master beneficiary records[1] of persons who are 18 years of age or older, and who SSA has determined to be in current payment status for disability,[2] with records of voters listed in the TEAM database.

SO ORDERED.

DATED: May 12, 2014

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE

---

[1] SSA's Master Beneficiary records will include records from the following SSA systems of records: (1) Master Beneficiary Record, System of Record Notice 60-0090 (last published at 71 F.R. 1826 (Jan. 11, 2006)) and (2) Supplemental Security Income Record and Special Veterans Benefits, System of Record Notice 60-0103 (last published at 71 F.R. 1830 (Jan. 11, 2006)).

[2] For Supplemental Security Income (SSI) purposes, SSA's search will include individuals who are in active disability status, in addition to individuals who have been determined to be blind.