IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*,<br><br>        Plaintiffs,<br><br>        v.<br><br>RICK PERRY, *et al.*,<br><br>        Defendants. | Civil Action No. 2:13-cv-193 (NGR) |
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, *et al.*,<br><br>        Plaintiff-Intervenors,<br><br>TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, *et al.*,<br><br>        Plaintiff-Intervenors,<br><br>        v.<br><br>STATE OF TEXAS, *et al.*,<br><br>        Defendants. | Civil Action No. 2:13-cv-263 (NGR) |

| | |
|---|---|
| TEXAS STATE CONFERENCE OF NAACP BRANCHES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> NANDITA BERRY, *et al.*, <br><br> Defendants. | Civil Action No. 2:13-cv-291 (NGR) |
| BELINDA ORTIZ, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF TEXAS, *et al.*, <br><br> Defendants. | Civil Action No. 2:13-cv-348 (NGR) |

## UNITED STATES' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

The United States respectfully opposes the Defendants' Request for Judicial Notice, filed on May 9, 2014.  *See* Defs. Req. for Judicial Notice (ECF No. 272).

Defendants have asked this Court to "take judicial notice of 'A Review of the Operations of the Voting Section of the Civil Rights Division.'"  Defs. Req. at 2.  That document is a 258-page report (plus appendices) prepared by the Inspector General of the Department of Justice discussing over a decade's worth of actions by individuals within and outside the Civil Rights Division's Voting Section across a wide range of topics from hiring policy to records requests to enforcement decisions.  It contains descriptions of events, competing contentions by different participants in those events, findings, and recommendations.

1

Defendants do not specify *which* facts within the Review they believe are subject to judicial notice. That defect alone is fatal to their motion, since it is impossible for the United States to determine whether particular facts meet the standard set in Fed. R. Evid. 201. As the Fifth Circuit explained in *Colonial Leasing Co. v. Logistics Control Grp. Int'l*, 762 F.2d 454 (5th Cir. 1985), "Care should be taken by the court to identify the fact it is noticing, and its justification for doing so. This is particularly necessary when a document, such as a court judgment, from which any number of distinct facts might be drawn, is the object of the notice." *Id.* at 459. So, too, with respect to litigants. Defendants' failure to identify with specificity any relevant facts for which they seek judicial notice by itself justifies denial of their request. "Courts may not take judicial notice of irrelevant facts," *United States ex rel. Branch Consultants, L.L.C. v. Allstate Ins. Co.*, 668 F. Supp. 2d 780, 789 (E.D. La. 2009), and there are literally thousands of facts within the Review – dealing with issues such as the Civil Rights Division's hiring policies, *see* Review at 181- 222 – that have no conceivable relevance to any issue in this litigation.

Many of the facts contained in the Review simply cannot satisfy Rule 201's preconditions for judicial notice because they are disputed. Rule 201 provides that judicial notice of an adjudicative fact is proper only when the noticed fact is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably questioned." Fed. R. Evid. 201(b). "[T]he tradition has been one of caution in requiring that the matter be beyond reasonable controversy." Fed. R. Evid. 201 advisory committee's note (1973).

Defendants implicitly recognize that there are no adjudicative facts within the Review falling within the scope of Rule 201(b)(1). Nor are there any that satisfy Rule 201(b)(2).

The Review itself recognizes that many of the issues it addresses involve squarely contradictory accounts of events by direct participants. *See, e.g.*, Review at 76, 150 n.32. Under those circumstances, it would be inaccurate to say that those facts are "not subject to reasonable dispute" in that they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably questioned," the prerequisite for taking judicial notice. Fed. R. Evid. 201(b)(2). Defendants are not entitled to judicial notice of disputed facts contained within the Review simply because the Inspector General may have accepted one version of them over others. As the Fifth Circuit reiterated in *Ferguson v. Extraco Mortg. Co.*, 264 Fed. App'x 351 (5th Cir. 2007), courts "generally cannot take notice of the findings of fact from other proceedings because those facts are usually disputed and almost always disputable." *Id.* at 352 (citing *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 (5th Cir. 1998)).

These considerations led the district court in *Cnty. of San Miguel v. Kempthorne*, 587 F. Supp. 2d 64 (D.D.C. 2008), to deny a request to take judicial notice of the publication, the general nature, or the conclusions of the Inspector General's report at issue there. Among other things, that report ostensibly found that a government official had violated federal regulations in the course of participating in the administrative decision under review. *Id.* at 77. The court explained that "[t]he Inspector General's report is not the type of document about which there can be no reasonable dispute[,]" noting the court's basic inability to assess the investigative process leading to the report or the report's validity. *Id.* at 78.

3

    For the reasons set out above, the United States respectfully requests that this Court deny Defendants' Request for Judicial Notice.  Pursuant to Local Rule 7.4(D), a proposed order denying the request is attached hereto.

Date:  May 14, 2014

                                                  Respectfully submitted,

KENNETH MAGIDSON                    JOCELYN SAMUELS
United States Attorney                        Acting Assistant Attorney General
Southern District of Texas                   Civil Rights Division

                                                  *s/ Anna M. Baldwin*
                                                  T. CHRISTIAN HERREN, JR.
                                                  MEREDITH BELL-PLATTS
                                                  ELIZABETH S. WESTFALL
                                                  BRUCE I. GEAR
                                                  JENNIFER L. MARANZANO
                                                  ANNA M. BALDWIN
                                                  DANIEL J. FREEMAN
                                                  Attorneys, Voting Section
                                                  Civil Rights Division
                                                  U.S. Department of Justice
                                                  950 Pennsylvania Avenue, N.W.
                                                  Washington, D.C. 20530

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 14, 2014, I served a true and correct copy of the foregoing via the Court's ECF system on the following counsel of record:

John B. Scott
John Reed Clay, Jr.
Gregory David Whitley
Jonathan F. Mitchell
Stephen Ronald Keister
Arthur D'Andrea
Jennifer Marie Roscetti
Office of the Texas Attorney General
john.scott@texasattorneygeneral.gov
reed.clay@texasattorneygeneral.gov
david.whitley@texasattorneygeneral.gov
jonathan.mitchell@texasattorneygeneral.gov
ronny.keister@texasattorneygeneral.gov
arthur.dandrea@texasattorneygeneral.gov
jennifer.roscetti@texasattorneygeneral.gov

Ben Addison Donnell
Donnell Abernethy & Kieschnick
bdonnell@dakpc.com

*Counsel for Defendants*

Chad W. Dunn
Kembel Scott Brazil
Brazil & Dunn
chad@bradzilanddunn.com
scott@bazilanddunn.com

J. Gerald Hebert
Emma Simson
Campaign Legal Center
ghebert@campaignlegalcenter.org
esimson@campaignlegalcenter.org

Neil G. Baron
Law Offices of Neil G. Baron
neil@ngbaronlaw.com

Armand Derfner
Derfner, Altman, & Wilborn
aderfner@dawlaw.com

Luiz Roberto Vera, Jr.
lrvlaw@sbcglobal.net

*Counsel for Veasey Plaintiffs*

Christina Swarns
Ryan P. Haygood
Natasha M. Korgaonkar
Leah C. Aden
Deuel Ross
NAACP Legal Defense and Educational
    Fund, Inc.
cswarns@naacpldf.org
rhaygood@naacpldf.org
nkorgaonkar@naacpldf.org
laden@naacpldf.org
dross@naacpldf.org

Danielle Conley
Jonathan Paikin
Kelly P. Dunbar
Sonya L. Lebsack
Lynn Eisenberg
M. Hasan Ali
Richard F. Shordt
WilmerHale LLP
danielle.conley@wilmerhale.com
jonathan.paikin@wilmerhale.com
kelly.dunbar@wilmerhale.com
sonya.lebsack@wilmerhale.com
Lynn.eisenberg@wilmerhale.com
hasan.ali@wilmerhale.com
richard.shordt@wilmerhale.com

*Counsel for Texas League of Young Voters
Plaintiff-Intervenors*

Ezra D. Rosenberg
Amy L. Rudd
Dechert LLP
ezra.rosenberg@dechert.com
amy.rudd@dechert.com

Wendy Weiser
Jennifer Clark
Myrna Pérez
Vishal Agraharkar
Brennan Center for Justice at NYU School of
    Law
wendy.weiser@nyu.edu
jenniferl.clark@nyu.edu
myrna.perez@nyu.edu
vishal.argraharkar@nyu.edu

Mark A. Posner
Sonia Kaur Gill
Erandi Zamora
Lawyers' Committee for Civil Rights
mposner@lawyerscommittee.org
sgill@lawyerscommittee.org
ezamora@lawyerscommittee.org

*Counsel for Texas State Conference of
NAACP Branches Plaintiffs*

Jose Garza
Marinda van Dalen
Robert W. Doggett
Peter McGraw
Texas Rio Grande Legal Aid, Inc.
jgarza@trla.org
mvandalen@trla.org
rdoggett@trla.org
pmcgraw@trla.org

*Counsel for Ortiz Plaintiffs*

Rolando L. Rios
Law Offices of Rolando L. Rios
rrios@rolandorioslaw.com

Preston Edward Henrichson
Law Offices of Preston Henrichson
preston@henrichsonlaw.com

*Counsel for Texas Association of Hispanic County Judges and County Commissioners Plaintiff-Intervenors*

*/s/ Elizabeth S. Westfall*
Elizabeth S. Westfall
Voting Section
Civil Rights Division
Department of Justice
Room 7123 NWB
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
elizabeth.westfall@usdoj.gov