IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

MARC VEASEY, *et al.*,

                 Plaintiffs,

          v.

RICK PERRY, *et al.*,

                 Defendants.

Civil Action No. 2:13-cv-193 (lead)
(consolidated w/ 2:13-cv-263)

## VEASEY-LULAC MEMORANDUM ON PRODUCTION OF THE TEAM DATABSE

**This Afternoon's Issue:**  The United States is scheduled to produce the output of the database comparisons on Friday, May 30, 2014 to all parties (ECF No. 231).  Texas has suddenly raised issues about what information from TEAM (the voter registration database) the private Plaintiffs are to receive.  Although the plaintiffs received the TEAM database in its entirety during the Section 5 litigation, Texas now believes that the only data the private Plaintiffs can receive are a series of 0s and 1s indicating whether a record in TEAM matched to a record in an identification database.  In their view, the private Plaintiffs are not entitled to the voters' names, addresses, counties, precincts, Spanish surnames, and so on.

The sole basis for Texas's position is its reading of paragraph 2 of the Discovery Order and Supplemental Protective Order, ECF No. 174.  Paragraph 2 states that the databases would remain in the "sole custody" of the United States and that "certain information from the Texas Election Administration Management System database will be provided to other parties in these

consolidated cases at the conclusion of the database comparison process."  Texas somehow reads this paragraph to mean we should get no information from the TEAM database.

      **Argument:**  Texas's position is untenable and the Court should order that all information from the TEAM database, along with the output of the matching process, be produced no later than Friday, May 30, 2014.

      A.    <u>The Discovery Order does not support Texas's position</u>:  The sentence in ECF No. 174 on which Texas relies—that "certain information" from TEAM will be produced— indicates that information from TEAM is to be provided to all parties.  The parties always anticipated that the TEAM data would be produced to all plaintiffs, minus the first five digits of social security numbers.[1]

      B.    <u>The fields in TEAM were produced (in their entirety) in the Section 5 case.</u> Defendants have not advanced any reason (including in our discussions this morning) why the fields cannot be produced, and many of these fields are public records that Texas would have to produce pursuant to an open records request (*e.g.*, voters' first name, last name, and middle initial and voters' street address, city, zip code, and county code).

      C.    <u>The data is relevant and not privileged:</u>  Texas has claimed that "[t]he bottom line is that once the putative number of registered voters without IDs is determined the data isn't needed."  E-mail R. Clay to A. Baldwin (May 28, 2014, 8:28 AM).  But not only does Texas's

---

[1]  This is shown by the predecessor motion, ECF No. 160-1, which was a joint motion filed by the United States <u>and Defendants</u>.  The same paragraph 2 on which Defendants rely was included in that proposed order.  That proposed order also explicitly stated that the private parties would receive the TEAM database (minus full social security numbers), with the results of the matching process appended as additional fields.  The parties have operated on that understanding all along.

The Court will recall that ECF No. 174 was only a partial order that was intended to get the ball moving for discovery.  The other paragraphs from ECF No. 160-1 were never included in a later order, not because there was disagreement on the data that would be produced, but contrariwise because the unanimous agreement of all parties on the scheduling process made it unnecessary to file an additional later order.

position make it impossible for private Plaintiffs to even conduct analyses to determine the

number of voters without IDs, it also means the private Plaintiffs cannot run analyses about the

no-match voters, such as where those no-match voters reside and the racial composition of those

no-match voters.

       D.    <u>Defendants cannot use the data as a shield and a sword:</u>  Texas is claiming that

private Plaintiffs cannot have any information from the TEAM database, even though Texas has

access to and can use the data.  This is the same tactic they have taken on the legislator

depositions: they may call legislators to testify, but the plaintiffs cannot depose them.  This one-

way access to information is not how litigation works.

       It would be unprecedented and unthinkable to have a database match that excludes some

of the most crucial information, such as which voters do not have ID, the racial and ethnic

composition of those voters, the locations where those voters reside, and other important

analyses.  Defendants' tactic should not be allowed to delay the data production and prejudice

plaintiffs by limiting the scope of what they can analyze.

                       Respectfully submitted,

                       */s/ Chad W. Dunn*
                       Scott Brazil
                       J. Gerald Hebert
                       Emma Simson
                       Neil Baron
                       Armand Derfner
                       David Richards
                       Luis Roberto Vera, Jr.
                       Craig M. Watkins
                       Teresa Snelson

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 10th day of January, 2014, I served a copy of the foregoing

on all counsel of record by filing a copy of the same in this Court's ECF system.

 */s/ Chad W. Dunn*            
Chad W. Dunn