IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, JANE HAMILTON, SERGIO DELEON, FLOYD J. CARRIER, ANNA BURNS, MICHAEL MONTEZ, PENNY POPE, OSCAR ORTIZ, KOBY OZIAS, JOHN MELLOR-CRUMLEY, PEGGY HERMAN, EVELYN BRICKNER, GORDON BENJAMIN, KEN GANDY, LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), AND DALLAS COUNTY, TEXAS, *Plaintiffs*, v. RICK PERRY, Governor of Texas; and JOHN STEEN, Texas Secretary of State, *Defendants*. | CIVIL ACTION NO. 2:13-CV-193 (NGR) [Lead case] |
| UNITED STATES OF AMERICA, *Plaintiffs*, TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, IMANI CLARK, AND MICHELLE BESSIAKE, *Plaintiff-Intervenors*, TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, HIDALGO COUNTY, AND MARIA LONGORIA BENAVIDES, *Plaintiff-Intervenors*, v. STATE OF TEXAS, JOHN STEEN, in his official capacity as Texas Secretary of State; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety, *Defendants*. | CIVIL ACTION NO. 2:13-CV-263 (NGR) [Consolidated case] |

1

| | |
|---|---|
| TEXAS STATE CONFERENCE OF NAACP BRANCHES; and the MEXICAN AMERICAN LEGISLATIVE CAUCUS OF THE TEXAS HOUSE OF REPRESENTATIVES,<br>    *Plaintiffs,*<br>v.<br><br>JOHN STEEN, in his official capacity as Secretary of State of Texas; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety,<br>    *Defendants.* | CIVIL ACTION NO.<br>2:13-CV-291 (NGR)<br>[Consolidated case] |
| BELINDA ORTIZ, LENARD TAYLOR, EULALIO MENDEZ JR., LIONEL ESTRADA; ESTELA GARCIA ESPINOSA, LYDIA LARA, MARGARITO MARTINEZ LARA, MAXIMINA MARTINEZ LARA, AND *LA UNION DEL PUEBLO ENTERO, INC.*<br>    *Plaintiffs,*<br>v.<br><br>STATE OF TEXAS, JOHN STEEN, in his official capacity as Texas Secretary of State; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety,<br>    *Defendants.* | CIVIL ACTION NO.<br>2:13-CV-348 (NGR)<br>[Consolidated case] |

## DEFENDANTS' ADVISORY TO THE COURT REGARDING DATABASE PRODUCTION

The Defendants have produced databases containing highly personal information to the United States—a party opponent in litigation—for the purposes of making matches between voters and acceptable forms of identification under SB 14. The procedures governing and protecting the disclosure of confidential voter

information contained in state and federal databases were established by order of this Court on February 18, 2014. *See* "Discovery Order and Supplemental Protective Order," ECF No. 174 (the "Order"). The contents of that Order are the result of countless hours of discussions and negotiations between and among all parties to this lawsuit, not just the Defendants and the United States.[1] *See* "Notice Concerning Agreement Regarding Discover Order," ECF No. 171 (". . . all parties have consented to entry of the attached Proposed Discovery Order and Supplemental Protective Order"). The Order succeeded in establishing a mutually agreeable means of arriving at a putative number of Texas voters who do not possess the forms of identification required for voting under Senate Bill 14, the subject of this dispute. It also encapsulates one of the central pillars of the Defendants' agreement to (a) turn over the database without receiving the federal databases and (b) allow the federal government, on its own, to conduct the matching process—namely, that the Texas databases, including data from the TEAM database, would not be disclosed to anyone other than the United States and would be used only for the purposes of deriving a "no-match" list. Without this central feature, Texas would not have agreed to this process.

Nevertheless, over three months later, the plaintiffs are questioning Defendants' refusal to disclose certain database information, which refusal is based upon clear provisions contained in the Order. Specifically, plaintiffs seek information from the Texas Election Administration Management System ("TEAM")

---

[1] The process began as a bilateral agreement between Defendants and the United States. See ECF No. 160. However, the Veasey-LULAC plaintiffs responded with concerns about timing and proposed a new discovery order, which Defendants opposed. *See* ECF Nos. 161, 166.

database, which Defendants produced to *only* the United States *pursuant to the Order*. Paragraph 2 of the Order states that such information "will be provided to other parties in these consolidated cases at the conclusion of the database comparison process," in a manner consistent with paragraph 5. ECF No. 174 at 3, para. 2. Paragraph 5 states in relevant part that "[a]ny and all data comparisons conducted between a Texas database and a federal database *by the United States* in this litigation . . . shall be disclosed, along with the corresponding algorithm responses of those comparisons, to all parties." *Id.* at 3–4, para. 5. In short, plaintiffs are attempting to compel database production under an agreement that (a) this Court did not adopt, and (b) expressly contradicts the one that was adopted.

Nevertheless, in the same spirit of collaboration that produced the Order, the Defendants propose the following compromise. Defendants will provide data fields and underlying data from the TEAM database that were extracted by the United States from the TEAM database according to the United States' proposed extraction protocol; any other data should not be disclosed. Concurrently, the United States must agree to produce the same fields and underlying data populating those fields contained in the relevant federal databases.

Dated: May 28, 2014

                                              Respectfully submitted,

                                              GREG ABBOTT
                                              Attorney General of Texas

                                              DANIEL T. HODGE
                                              First Assistant Attorney General

JONATHAN F. MITCHELL
Solicitor General

J. REED CLAY, JR.
Special Assistant and Senior Counsel
to the Attorney General
Southern District of Texas No. 1160600

*/s/ John B. Scott*
JOHN B. SCOTT
Deputy Attorney General for Civil Litigation
Southern District of Texas No. 10418
Texas State Bar No. 17901500
ATTORNEY-IN-CHARGE

G. DAVID WHITLEY
Assistant Deputy Attorney General
Southern District of Texas No. 2080496

STEPHEN RONALD KEISTER
Assistant Attorney General
Southern District of Texas No. 18580

JENNIFER MARIE ROSCETTI
Assistant Attorney General
Southern District of Texas No. 224780

209 West 14th Street
P.O. Box 12548
Austin, Texas 70711-2548
(512) 475-0131

COUNSEL FOR THE DEFENDANTS

## **CERTIFICATE OF SERVICE**

     I hereby certify that on May 28, 2014, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.


                                  */s/ John B. Scott*
                                  JOHN B. SCOTT