IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, JANE HAMILTON, SERGIO DELEON, FLOYD J. CARRIER, ANNA BURNS, MICHAEL MONTEZ, PENNY POPE, OSCAR ORTIZ, KOBY OZIAS, JOHN MELLOR-CRUMLEY, PEGGY HERMAN, EVELYN BRICKNER, GORDON BENJAMIN, KEN GANDY, LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), AND DALLAS COUNTY, TEXAS, <br>    *Plaintiffs,* <br>v. <br><br>RICK PERRY, Governor of Texas; and JOHN STEEN, Texas Secretary of State, <br>    *Defendants.* | CIVIL ACTION NO. 2:13-CV-193 (NGR) [Lead case] |
| UNITED STATES OF AMERICA, <br>    *Plaintiffs,* <br><br>TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, IMANI CLARK, AND MICHELLE BESSIAKE, <br>    *Plaintiff-Intervenors,* <br><br>TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, AND HIDALGO COUNTY, <br>    *Plaintiff-Intervenors,* <br>v. <br><br>STATE OF TEXAS, JOHN STEEN, in his official capacity as Texas Secretary of State; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety, <br>    *Defendants.* | CIVIL ACTION NO. 2:13-CV-263 (NGR) [Consolidated case] |
| TEXAS STATE CONFERENCE OF NAACP BRANCHES; and the MEXICAN AMERICAN LEGISLATIVE CAUCUS OF | |

1

| | |
|---|---|
| THE TEXAS HOUSE OF REPRESENTATIVES,<br> *Plaintiffs,*<br>v.<br><br>JOHN STEEN, in his official capacity as Secretary of State of Texas; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety,<br> *Defendants.* | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO.<br>) 2:13-CV-291 (NGR)<br>) [Consolidated case]<br>)<br>)<br>)<br>) |
| BELINDA ORTIZ, LENARD TAYLOR, EULALIO MENDEZ JR., LIONEL ESTRADA; ESTELA GARCIA ESPINOSA, LYDIA LARA, MARGARITO MARTINEZ LARA, MAXIMINA MARTINEZ LARA, AND *LA UNION DEL PUEBLO ENTERO, INC.*<br> *Plaintiffs,*<br>v.<br><br>STATE OF TEXAS, JOHN STEEN, in his official capacity as Texas Secretary of State; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety,<br> *Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO.<br>) 2:13-CV-348 (NGR)<br>) [Consolidated case]<br>)<br>) |

## [PROPOSED] ORDER

The Veasey-LULAC Plaintiffs requested expedited consideration of Defendants' objection to the United States' production of the Texas Election Administration Management System ("TEAM") database to all Private Plaintiffs and Plaintiff-Intervenors by email sent at 8:17 a.m. on May 28, 2014. At the May 28, 2014 Status Conference, the Court granted the Veasey-LULAC Plaintiffs' request to set an emergency hearing that afternoon at 3:00 p.m. and directed the parties to meet and confer. The Veasey-LULAC Plaintiffs filed a Memorandum on Production of the TEAM Database (EFC No. 292) in support of their request when

2

the parties' initial discussion did not yield an agreement. Defendants filed an Advisory to the Court Regarding Database Production (EFC No. 293) outlining a proposed compromise agreement. The Court conducted the emergency hearing and heard oral argument from all parties.

Having considered Plaintiffs' written arguments and the parties' oral arguments, the Court ORDERS that the United States shall provide the Defendants and the Private Plaintiffs and Plaintiff-Intervenors with the contents of all TEAM data from the January 15, 2014 extract of the TEAM database previously produced by Defendants to the United States in this litigation from the following files: "Active_voter-zip" and "Voting_history-zip" (with the exception of the full nine digit social security numbers, which shall be redacted to the final four digits), which this Court previously ordered, upon agreement of all parties, "shall at all times remain in the sole custody of the United States" (ECF No. 174). The Court further ORDERS that the outputs from the database comparisons obtained from the TEAM database be produced to the Defendants, Plaintiffs, and Plaintiff-Intervenors.

As a result of this Order, and notwithstanding any language in this Court's order of February 18, 2014 (ECF No. 174) providing otherwise, the Defendants shall have the right to pursue all databases used by Plaintiffs to compile any of the database comparisons that were undertaken pursuant to ECF No. 174.

ORDERED this ____ day of _____, 2014.

_____
NELVA GONZALES RAMOS
United States District Judge