IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*,<br><br>    Plaintiffs,<br><br>     v.<br><br>RICK PERRY, *et al.*,<br><br>    Defendants. | Civil Action No. 2:13-cv-193 (NGR) |
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, *et al.*,<br><br>    Plaintiff-Intervenors,<br><br>TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, *et al.*,<br><br>    Plaintiff-Intervenors,<br><br>     v.<br><br>STATE OF TEXAS, *et al.*,<br><br>    Defendants. | Civil Action No. 2:13-cv-263 (NGR) |

| | |
|---|---|
| TEXAS STATE CONFERENCE OF NAACP BRANCHES, *et al.*, <br><br>              Plaintiffs, <br><br>    v. <br><br>NANDITA BERRY, *et al.*, <br><br>              Defendants. | Civil Action No. 2:13-cv-291 (NGR) |
| BELINDA ORTIZ, *et al.*, <br><br>              Plaintiffs, <br><br>    v. <br><br>STATE OF TEXAS, *et al.*, <br><br>              Defendants. | Civil Action No. 2:13-cv-348 (NGR) |

## UNITED STATES' OPPOSITION TO DEFENDANTS' PROPOSED ORDER (ECF NO. 299)

The United States respectfully opposes the Defendants' motion to enter its proposed order. Defs. Mot. to Enter Order (ECF No. 299). This Court's Amended Scheduling Order requires the United States to produce data from the database comparison process to all parties no later than May 30, 2014. *See* ECF No. 231.[1] That critical deadline is upon us.

---

[1] In accordance with ECF No. 174, Texas produced extracts from both its state voter registration database (the TEAM database), as well as certain state identification card databases, to the United States Department of Justice. As agreed by all parties, the Department of Justice then provided the Texas voter registration data to five federal agencies (the Department of State, the Department of Defense, the Department of Veterans Affairs, the Social Security Administration, and the United States Citizenship and Immigration Services) for those federal agencies to compare against their own data and produce information from which the parties could determine whether a particular Texas voter might hold a qualifying federal photo ID or have a federally determined disability that enables a voter to seek an exemption from SB 14's photo ID requirements. Those comparisons were conducted according to the "algorithms" that Plaintiffs and Defendants had each designed. The Department of Justice, on behalf of

Defendants now apparently agree that the private plaintiffs and plaintiff-intervenors should receive certain data extracts from the Texas Election Administration Management System ("TEAM") (i.e., the state voter registration database), along with the database comparison results. That change in position from the one they advanced yesterday causes no difficulties.

But Defendants also ask this Court to override its prior Protective Order in a way that threatens to disrupt and derail the orderly conduct of this case, and certainly the September 2, 2014 trial date ordered by this Court. In the face of that Protective Order (ECF 174), they ask this Court to recognize their purported "right" to access confidential federal agency data at some point in the future. The last paragraph of Defendants' proposed order states:

> As a result of this Order, and notwithstanding any language in this Court's order of February 18, 2014 (ECF No. 174) providing otherwise, the Defendants shall have the right to pursue all databases used by Plaintiffs to compile any of the database comparisons that were undertaken pursuant to ECF No. 174.

The Defendants' motion, and the proposed order they seek, should be rejected out of hand.

In essence, Defendants seek to re-open an issue that all parties and this Court had long ago settled: that no data from federal agencies that issue qualifying photo identification under SB 14 (or which make disability determinations relevant to SB 14 exemptions) would be produced. Instead, the parties agreed that information from TEAM would be provided to the federal agencies, and the federal agencies themselves would compare that Texas data with their

---

all parties, also used those same algorithms to compare the state voter registration TEAM database with the Texas identification card databases that the Defendants produced and is providing those comparison results to all parties. Importantly, because the private parties have neither the state identification card databases, nor the Federal identification databases, receipt of the TEAM data at issue will not allow them to make further matching comparisons (or to run new "algorithms" as Defendants erroneously contended during the May 28, 2014 hearing). Production of the TEAM data will instead allow *all* parties equally to analyze the impact of SB 14's identification requirement as to particular voters who do not have any acceptable form of photo ID.

2

own federal databases and provide database matching results—but no underlying data—to the parties in this case. *See* ECF No. 174. Indeed, federal agency cooperation in this unprecedented process hinged upon that Protective Order, which enabled those agencies to accommodate the needs of this case without disclosing the vast amounts of highly-confidential information they maintain on United States citizens.

Defendants first sought federal agency data as part of their requests for production served in December 2013. The federal data at issue involves tens of millions of records containing highly confidential personal identifying and other sensitive information, the release of which is prohibited by the federal Privacy Act, absent entry of a court order in compliance with the Act. 5 U.S.C. § 552a(b)(11). Defendants' requests were grossly overbroad insofar as they requested literally the nationwide entirety of every federal database that recorded information on forms of identification that could be used to comply with SB 14. Defendants thus requested every piece of personal information contained in the Department of State's databases on passport holders, as well as in the Department of Defense's databases on holders of military identification. Such requests raised profound national security concerns and were strenuously opposed by the Federal agencies involved. Defendants demanded vast amounts of personally identifiable information for persons who are not registered to vote in Texas, or even residents of the State, and thus have no nexus whatsoever to the requirements of SB 14 or any issues in this litigation.

In response to these requests, the parties negotiated at length to reach agreement on procedures, *see* ECF Nos. 160-1 & 174, by which Defendants would provide extracts of its state databases to the United States, the Department of Justice would work with the five federal agencies to conduct database comparisons that protected the privacy of the millions of individuals involved, and the United States would produce the extracts of the TEAM database

3

along with the data comparison results to all parties. Those documents embodied the parties' agreements regarding relevant data and, it was thought, ended once and for all the Defendants' attempts to seek federal agency data.

The parties' consent to this procedure was critical to ensuring that this litigation was not stymied in collateral discovery disputes. Absent such agreement, the five federal agencies involved (the Department of State, the Department of Defense, the Social Security Administration, the Department of Veterans Affairs, and the United States Citizenship and Immigration Services) would have moved for protective orders months ago in response to Defendants' First Request for Production and likely explored all appellate options to block disclosures of their databases had this Court failed to recognize the important interests at stake in protecting the confidential personal information involved.

This Court should not permit Defendants to re-open the issue of access to the federal databases. With the database comparisons now completed and awaiting disclosure on May 30 as required by this Court's scheduling order, all parties will have equal access to the necessary information regarding which Texas registered voters may have one or more forms of allowable State or Federal identification. This process has protected Defendants' interest in not disclosing its driver license, personal identification card, and concealed handgun databases to private parties, while at the same time protecting the sensitive information contained in the federal databases. Defendants had full and fair access to the plaintiffs' algorithms and designed their own algorithm to be executed by the federal agencies, administered by the United States. None of the participants in this case—including the Department of Justice on behalf of the United States—has had access to the contents of the federal agency databases. Nor have the private plaintiffs been given access to Texas's identification databases.

Resurrecting this long-moribund threat to seek federal data puts at risk the orderly conduct of the remainder of this case and the possibility of a meaningful trial beginning September 2, 2014.  As noted, the federal agency databases at issue contain highly confidential, personal information about American citizens across the country maintained by numerous federal agencies.  Defendants' purported "right to pursue" the federal databases at issue implicates numerous federal laws protecting such data.  Moreover, at no point have the Defendants identified any need for that information.  Given the profound federal interests at stake, if this Court were to grant the Defendants' proposed order, and should Defendants carry out their threat to seek the federal data at issue, the federal government will likely seek all appropriate emergency relief, a process likely to result in delays to the existing schedule.

This Court should reject the Defendants' proposed order and instead enter the Plaintiffs' Joint Proposed Order.  *See* ECF No. 298.

Date: May 30, 2014

                                                         Respectfully submitted,

KENNETH MAGIDSON                 JOCELYN SAMUELS
United States Attorney                   Acting Assistant Attorney General
Southern District of Texas             Civil Rights Division

                                                         *s/ Anna M. Baldwin*
                                                         T. CHRISTIAN HERREN, JR.
                                                         MEREDITH BELL-PLATTS
                                                         RICHARD DELLHEIM
                                                         ELIZABETH S. WESTFALL
                                                         BRUCE I. GEAR
                                                         JENNIFER L. MARANZANO
                                                         ANNA M. BALDWIN
                                                         DANIEL J. FREEMAN
                                                         Attorneys, Voting Section
                                                         Civil Rights Division
                                                         U.S. Department of Justice
                                                         950 Pennsylvania Avenue, N.W.
                                                         Washington, D.C. 20530

## **CERTIFICATE OF SERVICE**

   I hereby certify that on May 30, 2014, I served a true and correct copy of the foregoing via the Court's ECF system on the following counsel of record:

John B. Scott
John Reed Clay, Jr.
Gregory David Whitley
Jonathan F. Mitchell
Sean Flammer
Stephen Ronald Keister
Office of the Texas Attorney General
john.scott@texasattorneygeneral.gov
reed.clay@texasattorneygeneral.gov
david.whitley@texasattorneygeneral.gov
jonathan.mitchell@texasattorneygeneral.gov
sean.flammer@texasattorneygeneral.gov
ronny.keister@texasattorneygeneral.gov

*Counsel for Defendants*

Chad W. Dunn
Kembel Scott Brazil
Brazil & Dunn
chad@bradzilanddunn.com
scott@bazilanddunn.com

J. Gerald Hebert
Emma Simson
Campaign Legal Center
ghebert@campaignlegalcenter.org
esimson@campaignlegalcenter.org

Neil G. Baron
Law Offices of Neil G. Baron
neil@ngbaronlaw.com

Armand Derfner
Derfner, Altman, & Wilborn
aderfner@dawlaw.com

Luiz Roberto Vera, Jr.
lrvlaw@sbcglobal.net

*Counsel for Veasey Plaintiffs*

Christina Swarns
Ryan P. Haygood
Natasha M. Korgaonkar
Leah C. Aden
Deuel Ross
NAACP Legal Defense and Educational
   Fund, Inc.
cswarns@naacpldf.org
rhaygood@naacpldf.org
nkorgaonkar@naacpldf.org
laden@naacpldf.org
dross@naacpldf.org

Danielle Conley
Jonathan Paikin
Kelly P. Dunbar
Sonya L. Lebsack
Lynn Eisenberg
M. Hasan Ali
Richard F. Shordt
WilmerHale LLP
danielle.conley@wilmerhale.com
jonathan.paikin@wilmerhale.com
kelly.dunbar@wilmerhale.com
sonya.lebsack@wilmerhale.com
Lynn.eisenberg@wilmerhale.com
hasan.ali@wilmerhale.com
richard.shordt@wilmerhale.com

*Counsel for Texas League of Young Voters
Plaintiff-Intervenors*

Ezra D. Rosenberg
Amy L. Rudd
Dechert LLP
ezra.rosenberg@dechert.com
amy.rudd@dechert.com

Wendy Weiser
Jennifer Clark
Myrna Pérez
Vishal Agraharkar
Brennan Center for Justice at NYU School of
   Law
wendy.weiser@nyu.edu
jenniferl.clark@nyu.edu
myrna.perez@nyu.edu
vishal.argraharkar@nyu.edu

Mark A. Posner
Sonia Kaur Gill
Erandi Zamora
Lawyers' Committee for Civil Rights
mposner@lawyerscommittee.org
sgill@lawyerscommittee.org
ezamora@lawyerscommittee.org

*Counsel for Texas State Conference of
NAACP Branches Plaintiffs*

2

Jose Garza
Marinda van Dalen
Robert W. Doggett
Peter McGraw
Texas Rio Grande Legal Aid, Inc.
jgarza@trla.org
mvandalen@trla.org
rdoggett@trla.org
pmcgraw@trla.org

*Counsel for Ortiz Plaintiffs*

Rolando L. Rios
Law Offices of Rolando L. Rios
rrios@rolandorioslaw.com

*Counsel for Texas Association of Hispanic County Judges and County Commissioners Plaintiff-Intervenors*

>  */s/ Richard Dellheim*
>  Voting Section
>  Civil Rights Division
>  U.S. Department of Justice
>  richard.dellheim@usdoj.gov