**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | |
|---|---|
| MARC VEASEY, JANE HAMILTON, SERGIO DELEON, FLOYD J. CARRIER, ANNA BURNS, MICHAEL MONTEZ, PENNY POPE, OSCAR ORTIZ, KOBY OZIAS, JOHN MELLOR-CRUMLEY, PEGGY HERMAN, EVELYN BRICKNER, GORDON BENJAMIN, KEN GANDY, LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), AND DALLAS COUNTY, TEXAS, *Plaintiffs,* v. RICK PERRY, Governor of Texas; and JOHN STEEN, Texas Secretary of State, *Defendants.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| | ) |
| UNITED STATES OF AMERICA, *Plaintiffs,* TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, IMANI CLARK, AND MICHELLE BESSIAKE, *Plaintiff-Intervenors,* TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, AND HIDALGO COUNTY, *Plaintiff-Intervenors,* v. STATE OF TEXAS, JOHN STEEN, in his official capacity as Texas Secretary of State; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety, *Defendants.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

CIVIL ACTION NO.
2:13-CV-193 (NGR)
[Lead case]

CIVIL ACTION NO.
2:13-CV-263 (NGR)
[Consolidated case]

TEXAS STATE CONFERENCE OF NAACP )
BRANCHES;   and   the   MEXICAN )
AMERICAN LEGISLATIVE CAUCUS OF )
THE      TEXAS      HOUSE      OF )
REPRESENTATIVES, )
        *Plaintiffs,* )
v. )
                                  ) CIVIL ACTION NO.
JOHN STEEN, in his official capacity as ) 2:13-CV-291 (NGR)
Secretary of State of Texas; and STEVE ) [Consolidated case]
McCRAW, in his official capacity as Director )
of the Texas Department of Public Safety, )
        *Defendants.* )
                                              )
_____ )
BELINDA ORTIZ, LENARD TAYLOR, )
EULALIO MENDEZ JR., LIONEL )
ESTRADA; ESTELA GARCIA ESPINOSA, )
LYDIA LARA, MARGARITO MARTINEZ )
LARA, MAXIMINA MARTINEZ LARA, AND )
*LA UNION DEL PUEBLO ENTERO, INC.* )
        *Plaintiffs,* )
v. )
                                              )
                                              )
STATE OF TEXAS, JOHN STEEN, in his )
official capacity as Texas Secretary of State; )
and STEVE McCRAW, in his official capacity ) CIVIL ACTION NO.
as Director of the Texas Department of Public ) 2:13-CV-348 (NGR)
Safety, ) [Consolidated case]
        *Defendants.* )
                                              )
_____ )

### DEFENDANTS' RESPONSE TO THE UNITED STATES' OPPOSITION TO DEFENDANTS' PROPOSED ORDER

The State of Texas responds to the Department of Justice's opposition to the

Defendants' proposed order (ECF No. 300).

DOJ's opposition is true in one respect and one respect only.  All parties,

through a lengthy negotiation process, agreed to the database matching protocol as

outlined by this Court's Order dated February 18, 2014 (ECF No. 174).   In essence, Texas would produce its databases to the Department of Justice who would compare the various state and federal databases with Texas' voter rolls to attempt to arrive at a putative number of registered voters that currently lack photo-identification acceptable under S.B. 14.

Texas' agreement to that process was, from the beginning, expressly conditioned on two key components.   First, DOJ would conduct matching in accordance with criteria (termed an algorithm) provided by Texas.   Second, no other party, other than the DOJ, would request or obtain Texas' databases.   *See* Ex. 1 (Letter from J. Scott to E. Westfall (Dec.19, 2013)).   Both of those central features were memorialized in the agreed order entered by this Court.   *See* ECF No. 174. That order stated, in no uncertain terms, "[t]he complete Texas databases provided by Defendants shall at all times remain in the sole custody of the United States . . . ."   ECF No. 174.   Under this process, the playing field was levelled and all parties found themselves in the same position, with one notable exception:   the DOJ held all the cards—it had access to both Texas' databases and the federal databases.

This unusual (to say the least) discovery process meant that a party-opponent would be conducting potentially critical discovery on behalf of Texas.   This process, which was likely necessary to avoid extensive motion practice and maintain the September trial date, was acceptable to the State only because it meant that Texas' own data would be held only by the United States for the sole purpose of comparing the databases.

Faced with a looming deadline and the knowledge that they had failed to comply with this Court's discovery order,[1] the parties made an eleventh hour plea to this Court to undo the discovery process agreed to by *all the parties*, even threatening the September trial date if their mistake was not excused.  *See* Exhibit 2 (e-mail from Armand Derfner to Counsel of Record re-sending e-mail to the Court (May 28, 2014)).   The Court's decision to countenance that plea undercuts the discovery strategy pursued by the State of Texas over the last six months, and it does so as discovery is coming to a close and with trial fast approaching.   And it turns an unusual discovery process into a highly prejudicial one.  In short, Texas again has been forced to bear the brunt of the Plaintiffs' discovery missteps.

If Plaintiffs intend to attack S.B. 14 based upon an alleged ID disparity, Texas *must* have the ability to discover information about the various federal databases that have been put at issue by the plaintiffs' complaints.  And, as stated before, Texas intends to compel production of those federal databases.  This Court recognized Texas' ability to pursue such relief from the Court in the near future. *See* Ex. 3 (May 28, 2014 Status Conference Transcript at 54–55).  The Court also instructed the parties to file proposed orders memorializing the Court's ruling during the May 28, 2014 status conference.  Texas has done so.

---

[1] There can be no doubt that the parties, and specifically DOJ, understood the plain, unequivocal meaning of ¶ 2 of this Court's discovery Order (dated February 18, 2014) concerning the matching protocol.   If the parties were so convinced that this Court's Order (dated February 18, 2014) permitted the disclosure of the Texas database, then why notify Texas of its intent to disclose the database and seek Texas' agreement to do as much?   Indeed, that the Department so urgently motions this Court for a written order allowing the disclosure of Texas' database, only underscores what has been plain all along: this Court's Order dated February 18, 2014, does not permit DOJ to disclose the Texas database to anyone—and the plaintiffs know it.

Dated:  May 30, 2014

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JONATHAN F. MITCHELL
Solicitor General

J. REED CLAY, JR.
Special Assistant and Senior Counsel
to the Attorney General
Southern District of Texas No. 1160600

*/s/ John B. Scott*
JOHN B. SCOTT
Deputy Attorney General for Civil Litigation
Southern District of Texas No. 10418
Texas State Bar No. 17901500
ATTORNEY-IN-CHARGE

G. DAVID WHITLEY
Assistant Deputy Attorney General
Southern District of Texas No. 2080496

STEPHEN RONALD KEISTER
Assistant Attorney General
Southern District of Texas No. 18580

JENNIFER MARIE ROSCETTI
Assistant Attorney General
Southern District of Texas No. 224780

LINDSEY ELIZABETH WOLF
Southern District of Texas No. 2292940

209 West 14th Street
P.O. Box 12548
Austin, Texas 70711-2548
(512) 475-0131

5

BEN A. DONNELL
Donnell, Abernethy & Kieschnick
555 N. Carancahua, Suite 1770
Corpus Christi, Texas 78401-0853
Southern District of Texas No. 5689

COUNSEL FOR THE STATE OF TEXAS, RICK
PERRY, JOHN STEEN, and STEVE MCCRAW

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2014, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

*/s/ John B. Scott*
JOHN B. SCOTT

6