# EXHIBIT 1



## ATTORNEY GENERAL OF TEXAS
### GREG ABBOTT

December 19, 2013

JOHN B. SCOTT
DEPUTY ATTORNEY GENERAL
FOR CIVIL LITIGATION
DIRECT DIAL: (512) 475-0131

Elizabeth S. Westfall
Voting Section
Civil Rights Division—NWB
US Department of Justice
950 Pennsylvania Ave., NW
Washington, DC  20530

RE: *Veasey v. Perry*, 2:13-cv-193 (S.D. Tex.)

Dear Ms. Westfall:

We received your letter dated December 18 where you memorialize your recollection of our discussion on December 12. This letter attempts to convey where our recollections differ or where we believe your stated recollection is incomplete.

Before noting specific differences in our recollection, it is important to note the context of our conversation on December 12. DOJ sent two sets of Requests for Production on November 26. Responses and objections are due on December 30. With responses and objections to those requests still outstanding, DOJ requested a conference call regarding a limited number of those requests—those that pertain to certain Texas databases. In an effort to accelerate the discovery process, we agreed to have that conference call to discuss the database requests on December 12, 20 days before our objections and responses are due. In an effort to make the conference call as productive as possible, we invited, and had with us on the call, several agency representatives familiar with the databases. Currently, responses and objections to the DOJ's First Set are due December 30th. Because the DOJ sent an Amended Second Set, responses and objections to that set are due January 20th.

For the most part, we agree with your recollection of the events in your December 18 letter and note below where our recollections differ:

- You state that counsel for Texas did not "raise any issues concerning" DOJ's First Set of Requests for Production. Because the purpose of our call was to discuss only your requests for database information, we did not prepare to discuss *all* of your Requests for Production. We did, however, tell you that we did have concerns about your discovery requests and those concerns would be conveyed when we responded and objected on or before the due date for Texas to respond.

POST OFFICE BOX 12548, AUSTIN, TEXAS 78711-2548 TEL:(512) 463-2100 WEB: WWW.TEXASATTORNEYGENERAL.GOV
*An Equal Employment Opportunity Employer  Printed on Recycled Paper*

Page 2
Letter to Westfall
December 19, 2013

- You state that counsel for Texas indicated that Texas would be producing the "TEAM database, the driver license and personal information database, and the electronic identification certificate database." We stated that we would be objecting to these requests in part because we do not think they are relevant or will lead to the discovery of any admissible evidence. Subject to that objection, we entered into discussions with you in which we entertained the idea of producing the databases with the fields that were provided in the prior litigation. We stated that if we did produce the databases, we would not be providing all fields because not all fields are relevant to this litigation and you agreed with that determination.

- In your second to last paragraph, you state that "Texas indicated that its consent to a 'match/no match' process would be contingent on a similar agreement by all other litigants that might request federal agency data from the United States." In our discussion on December 12, we also said, however, that any agreement would also be contingent on a similar agreement by all other litigants that might request databases from Texas as well. In other words, any such agreement would also be contingent upon no other plaintiff requesting the Texas databases.

- DOJ indicated that it was going to claim a common-interest privilege and withhold documents responsive to our Requests for Production based on that privilege. We asked for a letter or email explaining the legal and factual basis for DOJ's assertion of that privilege. DOJ agreed to do so but has not yet provided that analysis.

Please let me know as soon as possible if we have any misunderstandings so that we can resolve them.

Sincerely,

John B. Scott
Deputy Attorney General for
Civil Litigation