# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, et al., <br>     *Plaintiffs,* <br> v. <br> RICK PERRY, et al., <br>     *Defendants.* | CIVIL ACTION NO. <br> 2:13-CV-193 (NGR) <br> [Lead case] |
| UNITED STATES OF AMERICA, <br>     *Plaintiffs,* <br><br> TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, et al., <br>     *Plaintiff-Intervenors,* <br><br> TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, et al., <br>     *Plaintiff-Intervenors,* <br> v. <br> STATE OF TEXAS, et al., <br>     *Defendants.* | CIVIL ACTION NO. <br> 2:13-CV-263 (NGR) <br> [Consolidated case] |
| TEXAS STATE CONFERENCE OF NAACP BRANCHES, et al., <br>     *Plaintiffs,* <br> v. <br> JOHN STEEN, et al, <br>     *Defendants.* | CIVIL ACTION NO. <br> 2:13-CV-291 (NGR) <br> [Consolidated case] |
| BELINDA ORTIZ, et al. <br>     *Plaintiffs,* <br> v. <br> STATE OF TEXAS, et al., <br>     *Defendants.* | CIVIL ACTION NO. <br> 2:13-CV-348 (NGR) <br> [Consolidated case] |

**DEFENDANTS, PLAINTIFFS AND PLAINTIFF INTERVENORS'
STATEMENTS REGARDING COMMON INTEREST DOCTRINE**

As directed by the Court, Defendants hereby submit statements of the Defendants and the Plaintiffs and Plaintiff Intervenors ("Plaintiffs") regarding the common interest doctrine.

**I. Statement of the Defendants**

Defendants first sought documents from the Department of Justice (DOJ) through a motion to compel filed on April 8, 2014 for discovery propounded on December 4, 2013 and February 3, 2014. At the motion to compel hearing, this Court ordered DOJ to create a privilege log detailing the documents being withheld on the basis of the common interest doctrine. On May 16, 2014, the DOJ provided a privilege log asserting the common interest doctrine over a number of documents. At the May 28, 2014 status conference regarding the above mentioned events, non-DOJ Plaintiffs urged their interest in the common interest doctrine for discovery requests propounded upon them. As a result, the Court ordered a collective statement regarding the partys' views of the common interest doctrine.

"Despite its name, the common interest privilege is neither common nor a privilege." *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 219 F.R.D. 396, 401 (E.D. Tex. 2003). The Fifth Circuit has consistently instructed district courts that the common interest doctrine is an "obstacle to truth seeking" and must be

"construed narrowly to effectuate necessary consultation between legal advisers and clients." *In re Santa Fe Int'l Corp.,* 272 F.3d 705, 710 (5th Cir. 2001); *In re Tinsel Grp., S.A.,* No. H-13-2836, 2014 WL 243410, at *3 (S.D. Tex. Jan. 22, 2014); *F.T.C. v. Think All Pub., L.L.C.,* No. 4:07-cv-011, 2008 WL 687456, at *1 (E.D. Tex. Mar. 11, 2008). The Court of Appeals for the Fifth Circuit has never extended the common-interest doctrine to co-plaintiffs. *See Crosby v. Blue Cross Blue Shield of Louisiana*, No. 08-693, 2012 WL 5450040, at *4-5 (E.D. La. Nov. 7, 2012). Rather, the Fifth Circuit precedent has in clear terms instructed that the common interest doctrine "should be construed narrowly and applied cautiously." *Ferko*, 219 F.R.D. at 402 (citing *In Re Santa Fe Int'l*, 272 F. 3d at 710). The Fifth Circuit has repeatedly found that the common interest doctrine only applies to two specific forms of communication in civil cases: (1) communication between *co-defendants* and their counsel in actual litigation, and (2) communications between potential *co-defendants* and their counsel. *Santa Fe,* 272 F.3d at 710. Specifically, other district courts have recognized the common interest doctrine between co-defendants, an insurer and insured, and a patentee and licensee. *Hill v. Hunt*, No. 3:07-CV-02020-O, 2008 WL 4108120, at *7 (N.D. Tex. Sept. 4, 2008) (citing *Power-One, Inc. v. Artesyn Techs., Inc.,* No.2:05-CV463, 2007 WL 1170733 at *406 (E.D. Tex. Apr. 18, 2007); *LTV*, 89 F.R.D at 604)). Plaintiffs fail under the law to meet the common interest doctrine requirements. As a result, Plaintiffs are hiding documents that will reveal information relevant to allegations they have made in their complaint. Moreover, these documents will directly reveal how Plaintiffs and Plaintiff

Intervenors choose to interpret Section 2 of the Voting Rights Act and why Texas has been targeted with this litigation, even after the Supreme Court has determined that photo-identification laws are constitutional and despite the fact that numerous other states have similar laws.

Furthermore, even if this Court found the Plaintiffs and Plaintiff Intervenors are afforded protection under the common interest doctrine, Federal Rule of Civil Procedure 26(b)(5) requires the party asserting the privilege to bear the burden of showing the withheld documents are indeed privileged. *U.S. v. Newell*, 315 F.3d 510, 525 (5th Cir. 2002). The rule requires that the party claiming the protection "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." FED. R. CIV. P 26(b)(5)(ii). With the exception of the DOJ, who was ordered by this Court to create a privilege log, Plaintiffs and Plaintiff-Intervenors have repeatedly and unequivocally refused even to identify the documents they claim are covered by the common interest doctrine in a privilege log. And the DOJ privilege log fails to establish even the minimum foundational information required by the Federal Rules. The DOJ only puts "email" in the description line without any other information. This description fails to show how the document meets the requirements of the attorney-client privilege or the work-product doctrine. The DOJ Plaintiffs are making blanket assertions of attorney-client or work-product

4

protections, and blanket assertions are insufficient to establish any privilege. *See Ferko*, 219 F.R.D. at 402. Due to the amount of time that has elapsed debating this issue and the looming discovery deadlines, Defendants have requested Plaintiffs and Plaintiff Intervenors produce these documents under the existing protective order for the judge to later determine if any such documents the Defendants wish to enter into evidence are in fact privileged. At the very least, if the documents are not produced, Plaintiffs and Plaintiff Intervenors should provide detailed and adequate privilege logs as proscribed by the Federal Rules rather than carving out special excpetions for themselves.

## II. Plaintiffs and Plaintiff-Intervenors' Joint Statement on the Common Interest Doctrine

Defendants seek unprecedented discovery which, if permitted, would undermine the adversary system: the compelled disclosure of thousands of work-product communications between and among counsel for the plaintiffs and plaintiff-intervenors in this case, who have been coordinating trial preparation pursuant to this Court's directives. Defendants would have this Court order the production of communications leading up to the drafting of interrogatories, which were coordinated among plaintiffs at the request of Defendants; those leading up to the subpoenaing of witnesses and the taking of depositions, which were coordinated among plaintiffs at the request of Defendants; those leading up to the trial preparation, where Defendants themselves suggested that all plaintiffs allocate trial time among themselves; and indeed, the drafting of this very submission. In short, Defendants maintain that they are entitled to discover the most confidential details of plaintiffs' discovery and trial strategy.

Defendants press their motion, all the while recognizing that the common interest doctrine protects these kinds of communications, but arguing that the doctrine applies to communications only between defendants and not between plaintiffs. Leaving aside the capriciousness of Defendants' position in this case, the case law does not support Defendants' position, and the important interests protected by the work product doctrine and attorney-client privilege render Defendants' position completely untenable.[1] If more is needed, plaintiffs note that the parties expressly agreed that privileged communications among counsel and their agents in this case need not be logged, thereby recognizing that they would not be subject to discovery. (ECF No. 61-6, ¶ 25).

1. <u>Communications Among Counsel for Plaintiffs and Plaintiff-Intervenors Relating to SB 14 Are Protected Under the Common Interest Doctrine.</u>

The common interest doctrine protects communications between parties with a common legal interest in "actual litigation" or "potential" litigation. *United States v. Newell*, 315 F.3d 510, 525 (5th Cir. 2002); *see Hodges, Grant & Kaufmann v. IRS*, 768 F.2d 719, 721 (5th Cir. 1985). Although disclosure of an otherwise privileged communication to a third person ordinarily waives the privilege, such protections are not "waived if a privileged communication is shared with a third person who has a common legal interest with respect to the subject matter of the communication." *Hodges, Grant & Kaufmann*, 768 F.2d at 721.

Significantly, courts around the country have recognized that the important protections of the common interest doctrine apply whether asserted by plaintiffs or defendants:

> Whether the jointly interested persons are defendants or plaintiffs, and whether the litigation or potential litigation is civil or criminal, the rationale for the joint

---

[1] The State of Texas, a plaintiff in litigation pertaining to the Deepwater Horizon oil spill, is itself benefitting from the common interest doctrine as applied to plaintiffs. *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on Apr. 20, 2010*, MDL No. 2179 (E. D. La. 2010).

6

> defense rule remains unchanged: persons who share a common interest in litigation should be able to communicate with their respective attorneys and with each other to more effectively prosecute or defend their claims.

*In re Grand Jury Subpoenas*, 902 F.2d 244, 249 (4th Cir. 1990); *see also United States v. Gonzalez*, 669 F.3d 974, 978 (9th Cir. 2012) (same); *United States ex rel. [Redacted] v. [Redacted]*, 209 F.R.D. 475, 479 (D. Utah 2001) (applied to counsel for the United States and relators in *qui tam* action). Such courts have recognized that providing common interest protection for civil defendants, but not civil plaintiffs, would provide one side an unfair advantage. *See, e.g., United States ex rel. Purcell v. MWI Corp.*, 209 F.R.D. 21, 25-26 (D.D.C. 2002) ("To allow this important privilege to protect a joint defense without extending similar work-product protections to a joint prosecution would not be fair."); *Sedlacek v. Morgan Whitney Trading Grp., Inc.*, 795 F. Supp. 329, 331 (C.D. Cal. 1992) (refusal to apply the common interest doctrine to plaintiffs was error because, "to ensure that inequities in discovery are not established in cooperating defendants' favor, it is necessary to extend the common interest rule to cooperating plaintiffs").[2]

Against this authority, Defendants have not identified a single case standing for the proposition that the common interest doctrine does not apply to plaintiffs. Contrary to Defendants' heavy reliance on *In re Santa Fe International Corp.*, 272 F.3d 705 (5th Cir. 2001), the issue was not presented there. Rather, the only issue relating to common interest was whether a communication that took place nine years before the case began could qualify for common interest protection. 272 F.3d at 708-709. In that limited context, the court described its past cases dealing with defendants asserting the doctrine as applying to "(1) communications

---

[2] Indeed, the State of Texas's own evidentiary rules recognize that counsel for co-plaintiffs, just as counsel for co-defendants, can exchange information without waiving work product protection. *See In re XL Specialty Ins. Co.*, 373 S.W.3d 46, 52 (2012).

between co-Defendants in actual litigation and their counsel [citing cases] and (2) communications between *potential* co-defendants and their counsel [citing cases]." 272 F.3d at 710 (emphasis that of court). Nothing in *In re Santa Fe Int'l Corp.* purports to limit the doctrine's application to defendants only, leaving joint plaintiff communications freely discoverable.[3]

In these consolidated cases, the plaintiff parties' legal interests align closely. The plaintiffs all allege a common legal claim, and they seek identical relief. That alone suffices to create the doctrine among the plaintiff parties. But this Court's orders appropriately requiring the plaintiff parties to coordinate closely to maximize efficiency, avoid duplication, and conserve judicial resources, should end all question.[4] Defendants cannot be permitted to benefit from discovering the confidential communications of counsel for opposing parties that, in many respects, have taken place pursuant to the Court's direction. Indeed, taking Defendants' argument to its logical conclusion, if Defendants are entitled to Plaintiffs' email exchanges, then they are entitled to depose counsel for Plaintiffs as to those same subjects. Clearly, no court has ever ordered discovery of the kind sought by Defendants.

Moreover, it is, under these circumstances, especially illogical: many of the very same plaintiffs and plaintiff-intervenors here appeared as defendant-intervenors in the declaratory judgment action under Section 5 of the Voting Right Act, *Texas v. Holder*, brought by Texas

---

[3] The cases cited by defendants in their previous memorandum, ECF 230 at pages 7-14, also fail to support their claim. None of the cases compels production of the sort requested here. The main authority relied upon by Defendants are dicta in two unpublished decisions of magistrate judges that do not constitute holdings to the effect that plaintiffs cannot assert common interest. *See Stanley v. Trinchard*, No. 02-1235, 2005 WL 399460 (E.D. La. Feb. 16, 2005) (person seeking to invoke the doctrine had a financial interest in the litigation but was neither a co-plaintiff nor a potential co-plaintiff), 2005 WL 399460, at *4; *Crosby v. Blue Cross Blue Shield of Louisiana*, No. 08-693, 2012 WL 5450040 (E.D. La. Nov. 8, 2012) (quoting dicta from *Stanley*), 2012 WL 5450040, at *4.

[4] *See, e.g.,* Hrg. Trans. 37:2-38:12, 11/22/2013 (allocating 50 interrogatories to all plaintiffs and plaintiff-intervenors collectively); Minute Entry, 5/15/2014 (allocating 40 hours of trial time to all plaintiffs and plaintiff-intervenors collectively).

against the Attorney General, where Texas' attorneys expressly recognized that the common interest doctrine protected communications not only among the United States and defendant-intervenors, but among different State agencies' attorneys, at a time when Texas was a plaintiff in the suit.[5] There is no rational reason for applying the doctrine to litigants in one case, but denying essentially those same litigants the protections in another.[6] This Court should reject Defendants' invitation to apply a novel, illogical, and unfair legal standard here.

2. There Is No Legitimate Reason For This Discovery.

The only explanation given by Defendants to support their request for this discovery is that counsel communications may reveal plaintiffs' motivations in initiating these actions. Defs. 1st Am. Mot. to Compel at 8 (ECF No. 240). That issue, however, has no relevance to this case. If Defendants actually want access to Plaintiffs' trial strategy, Plaintiffs respectfully suggest that, as do all litigants, they must await the unfolding of that strategy at the September trial. In this regard, any suggestion that the Court can handle this issue simply by ordering the production "under seal" and subject to the Highly Confidential protections of the Protective Order is highly inappropriate. There can be no finding here that Plaintiffs' attorneys' work product is highly relevant or that Defendants will be unable to obtain this information through other means – such as the disclosure of experts and witnesses in accordance with this Court's orders. More important, unlike the situation with documents allegedly subject to legislative privilege, the

---

[5] *See* McGeehan Dep. 293:21-294:15, May 31, 2012.

[6] The common interest protection for parties has existed since at least January 24, 2012, the date on which Texas filed its complaint in *Texas v. Holder*. The interests of the United States became aligned with defendant-intervenors in *Texas v. Holder* as of March 12, 2012 when the Attorney General interposed an objection to SB 14 under Section 5 of the Voting Rights Act. The D.C. district court dismissed that case on August 27, 2013, *Texas v. Holder*, No. 1:12-cv-128 (D.D.C. Aug. 27, 2013) (three-judge court) (ECF No. 382). By that time, this case was already underway (e.g., the Veasey-LULAC Plaintiffs filed their complaint on June 26, 2013 and the United States filed its complaint on August 22, 2013). The parties have therefore been continuously engaged in actual or potential litigation since at least January 24, 2012.

purpose of the common interest and attorney work-product privileges is destroyed by the documents' very production to the other side in this case.  Once plaintiffs' litigation strategy is disclosed, the resulting damage to the plaintiffs is irreversible.

3.  The Parties Have Agreed That Communications Among Counsel are Privileged But Do Not Have To Be Logged.

In their Agreement Concerning Production Format, the parties expressly agreed that they "need not note on a privilege log any document . . . exchanged solely among counsel. . ." (ECF No. 61-6, para. 25).  The clear implication is that such documents are considered privileged by the parties, but are beyond any possibly legitimate request for discovery.

Dated: June 2, 2014

        Respectfully submitted on behalf of all parties,

        GREG ABBOTT
        Attorney General of Texas

        DANIEL T. HODGE
        First Assistant Attorney General

        JONATHAN F. MITCHELL
        Solicitor General

        J. REED CLAY, JR.
        Special Assistant and Senior Counsel
        to the Attorney General

        */s/ John B. Scott*
        JOHN B. SCOTT
        Deputy Attorney General for Civil Litigation
        Southern District of Texas No. 10418
        Texas State Bar No. 17901500
        ATTORNEY-IN-CHARGE

GREGORY DAVID WHITLEY
Assistant Deputy Attorney General
Southern District of Texas No. 2080496
State of Texas Bar No. 2080492

STEPHEN RONALD KEISTER
Assistant Attorney General
Southern District of Texas No. 18580

JENNIFER MARIE ROSCETTI
Assistant Attorney General
Southern District of Texas No. 224780

209 West 14th Street
P.O. Box 12548
Austin, Texas 70711-2548
(512) 475-0131

BEN A. DONNELL
Donnell, Abernethy & Kieschnick
555 N. Carancahua, Suite 1770
Corpus Christi, Texas 78401-0853
Southern District of Texas No. 5689

COUNSEL FOR THE STATE OF TEXAS, RICK PERRY, THE TEXAS SECRETARY OF STATE, and STEVE MCCRAW

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document is being served by electronic mail on June 2, 2014, to all counsel of record.

                                                  */s/ John. B Scott*
                                                  JOHN B. SCOTT