IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*, <br><br>        Plaintiffs, <br><br>v. <br><br>RICK PERRY, *et al.*, <br><br>        Defendants. | Civil Action No. 2:13-cv-193 (NGR) |
| UNITED STATES OF AMERICA, <br><br>        Plaintiff, <br><br>TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, *et al.*, <br><br>        Plaintiff-Intervenors, <br><br>TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, *et al.*, <br><br>        Plaintiff-Intervenors, <br><br>v. <br><br>STATE OF TEXAS, *et al.*, <br><br>        Defendants. | Civil Action No. 2:13-cv-263 (NGR) |

| | |
|---|---|
| TEXAS STATE CONFERENCE OF NAACP BRANCHES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> NANDITA BERRY, *et al.*, <br><br> Defendants. | Civil Action No. 2:13-cv-291 (NGR) |
| BELINDA ORTIZ, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF TEXAS, *et al.*, <br><br> Defendants | Civil Action No. 2:13-cv-348 (NGR) |

**UNITED STATES' OPPOSITION TO TEXAS LEGISLATORS' MOTIONS TO QUASH DEPOSITION SUBPOENAS**

The United States has served twelve deposition subpoenas to legislators and legislative aides with knowledge at the core of this case. The State of Texas has listed five of these individuals as persons likely to have discoverable information that the State may use to support its claims or defenses. *See* Defs. Initial Disclosures at 3-6 (Ex. 1). The remainder played unique roles in the legislative process preceding enactment of SB 14 (2011), from developing the bill text and coordinating messaging to establishing an unprecedented, hand-picked select House committee with jurisdiction over a single bill. Depositions of this limited group of witnesses, particularly with the allowance to designate portions of the transcript as highly confidential, are appropriate and necessary under the circumstances.

In both *Perez v. Perry* and *Texas v. Holder*, the courts denied requests for protective orders barring depositions or otherwise insulating witnesses from testifying based on a state legislative privilege. *See Perez v. Perry* (*Perez I*), No. 5:11-cv-360 (W.D. Tex. Aug. 1, 2011) (three-judge court) (ECF No. 102) (Ex. 2); *Texas v. Holder* (*Texas v. Holder I*), No. 1:12-cv-128 (D.D.C. Apr. 20, 2012) (three-judge court) (ECF No. 84) (Ex. 3); *see also Fla. Ass'n of Rehabilitation Facilities, Inc. v. Florida*, 164 F.R.D. 257, 268 (N.D. Fla. 1995) (same). The legislators and aides have moved to quash deposition subpoenas in this Court but have provided this Court with no valid reason to deviate from those reasoned decisions.[1] Outside of subpoenas served on trial counsel, a blanket assertion of privilege is disfavored and is rarely sufficient to

---

[1] At present, this Court has received motions to quash from Senator Dan Patrick and Senator Tommy Williams. *See* Patrick Mot. to Quash (ECF No. 290); Williams Mot. to Quash (ECF No. 296). On Friday May 30, the Honorable Sam Sparks of the U.S. District Court for the Western District of Texas granted the United States' motion to transfer to this Court additional motions to quash deposition subpoenas that had been filed in that district. *See, e.g.*, *Veasey v. Perry*, No. 1:14-cv-401 (W.D. Tex. June 2, 2014) (ECF No. 10). For the reasons set out here, the United States respectfully requests that this Court deny those motions to quash upon receipt. Finally, notwithstanding the imminent close of fact discovery, it appears that the Office of the Texas Attorney General may delay filing motions to quash the remaining deposition subpoenas until the eve of the date listed on each such subpoena. The United States respectfully requests that this Court immediately deny those forthcoming motions as well.

1

quash a deposition subpoena served on an individual witness. *See Advanced Tech. Incubator, Inc. v. Sharp Corp.*, 263 F.R.D. 395, 399 (W.D. Tex. 2009); *Williams v. City of Dallas*, 178 F.R.D. 103, 115-16 (N.D. Tex. 1998). As this Court suggested by ordering the legislators to determine their availability for depositions, the most appropriate path forward is to proceed with depositions and to establish a procedure for addressing specific privilege concerns as they arise. *See* Tr. 19:21-25; 25:15-23 (May 28, 2014) (Ex. 4). Therefore, the United States respectfully requests that this Court deny the legislators' motions to quash deposition subpoenas.

## I. LEGAL STANDARD

A party may serve a subpoena under Rule 45 to "command attendance at a deposition." Fed. R. Civ. P. 45(a)(1)(B). The recipient of a subpoena may move to quash only for one of four specific reasons, namely if the subpoena "(1) fails to allow a reasonable time for compliance; (2) requires a person who is not a party to travel more than 100 miles from where the person resides; (3) requires disclosure of privileged or protected matter; or (4) subjects a person to undue burden." *Tex. Keystone, Inc. v. Prime Nat. Res., Inc.*, 694 F.3d 548, 554 (5th Cir. 2012). "The individual seeking to quash or modify must meet 'the heavy burden of establishing that compliance with the subpoena would be unreasonable and oppressive.'" *Hussey v. State Farm Lloyds Ins. Co.*, 216 F.R.D. 591, 596 (E.D. Tex. 2003) (quoting *Williams*, 178 F.R.D. at 109). "[A] court should give a wider berth of discovery to subpoenas that concern substantial national, rather than merely parochial, interests." *In re Subpoenas to Plains All Am. Pipeline, L.P.*, No. H-13-2975, 2014 WL 204447, at *3 (S.D. Tex. Jan. 17, 2014).

## II. FEDERAL COURTS HAVE REPEATEDLY REFUSED TO GRANT TEXAS STATE LEGISLATORS BLANKET PROTECTIVE ORDERS FOR DEPOSITIONS IN VOTING RIGHTS-RELATED CASES.

The State of Texas has twice sought blanket protective orders in Voting Rights Act litigation based on state legislative privilege claims, and three-judge courts have twice denied

those requests.  In *Perez v. Perry*, the State sought a protective order barring inquiries "on the issue of individual legislators' motives or purposes . . . if it is based on information or communications other than those contained in the journals and publicly-available reports and acts of the 82nd Legislature."  Mot. for Protective Order at 7, *Perez v. Perry*, No. 5:11-cv-360 (W.D. Tex. July 21, 2011) (ECF No. 62).  The *Perez* Court concluded that "any sort of blanket protective order that would insulate witnesses from testifying would be inappropriate."  *Perez I* at 5 (citing *In re Grand Jury*, 821 F.2d 946, 957-58 (3d Cir. 1987)).  The Court further ruled as follows:

- First, it found "that the assertion of the privilege is premature."  It thus refused to "provide blanket protection to every person who may choose to assert the privilege during the discovery process."

- Second, the Court directed the parties to "proceed with depositions and the deponents must appear and testify even if it appears likely that the privilege may be invoked in response to certain questions."

- Third, the Court decided that although a deponent "may invoke the privilege in response to particular questions, but the deponent must then answer the question subject to the privilege."

- Finally, the Court announced that with respect to portions of the transcript that the deponent claimed were privileged, that they "may then be sealed and submitted to the Court for in camera review, along with a motion to compel, if the party taking the deposition wishes to use the testimony in these proceedings. In other words, the testimony will not be disclosed or used unless the Court finds that the privilege does not apply, has been waived and/or should not be enforced."

*Id.* at 5-6 (internal footnote omitted).

During less expedited and more recent proceedings regarding the availability of relief under Section 3(c) of the Voting Rights Act, 42 U.S.C. § 1973a(c), the State moved to modify this order, but the *Perez* Court denied the motion.  *See Perez v. Perry* (*Perez II*), No. 5:11-cv-360, 2014 WL 106927, at *1 (W.D. Tex. Jan. 8, 2014).  Nonetheless, the Court afforded alternative procedures under which a deponent might "choose not to answer specific questions,

citing the privilege," after which the deposing party could "file a motion to compel and the Court [would then] determine whether the privilege has been waived or is outweighed by a compelling, competing interest." *Id.* at *3.[2]

Despite the deeply probative evidence yielded through legislative discovery in *Perez v. Perry* and *Texas v. United States*, the accompanying preclearance litigation over redistricting,[3] the State moved in *Texas v. Holder* for yet another blanket protective order barring all legislative depositions. *See* Mot. for Protective Order, *Texas v. Holder*, No. 1:12-cv-128 (D.D.C. Mar. 22, 2012) (ECF No. 34). Again, a three-judge court denied this request. *See Texas v. Holder I* at 3. The *Texas v. Holder* Court specifically ruled, "If any legislators assert the privilege in response to specific requests for depositions or to justify withholding the production of specific communications, Defendants can move to compel in the appropriate court and Texas can oppose the motion or renew its motion for a protective order." *Id.* All proponents of SB 14 whom the Attorney General deposed in *Texas v. Holder* asserted a state legislative privilege and declined to answer numerous questions during depositions.[4] Because some of these objections went beyond any possible scope of a state legislative privilege, the *Texas v. Holder* Court permitted the Attorney General to reopen key depositions. *See* Order at 15, *Texas v. Holder*, No. 1:12-cv-128

---

[2] On May 29, Representative J.M. Lozano, the sole legislator deponent in *Perez* who had not waived any state legislative privilege regarding maps challenged by the United States, invoked a state legislative privilege through counsel but answered the questions posed under the *Perez I* procedures.

[3] *See Perez v. Perry*, No. 5:11-cv-360 (W.D. Tex. Mar. 19, 2012) (three-judge court) (ECF No. 690) (relying on legislator testimony to find that the same legislature that enacted SB 14 "may have focused on race to an impermissible degree" when crafting the 2011 Texas House redistricting plan); *Texas v. United States*, 887 F. Supp. 2d 133, 161 & n.32 (D.D.C. 2012) (three-judge court) (relying on email exchanged among state legislators to conclude that that Texas's 2011 congressional redistricting plan "was motivated, at least in part, by discriminatory intent"), *vacated on other grounds*, 133 S. Ct. 2885 (2013).

[4] The *Texas v. Holder* Court ruled that a qualified state legislative privilege could not be overcome in that case, based in part on federalism concerns regarding Section 5 of the Voting Rights Act that are not present in this case. *See Texas v. Holder*, 888 F. Supp. 2d 113, 119 (D.D.C. 2012) (three-judge court) (citing *Nw. Austin Mun. Util. Dist. No. One v. Holder*, 557 U.S. 193, 202 (2009)), *vacated on other grounds*, 133 S. Ct. 2886 (2013).

(D.D.C. June 5, 2014) (ECF No. 167) (reopening Fraser deposition); Minute Order, *Texas v. Holder*, No. 1:12-cv-128 (D.D.C. June 8, 2012) (reopening Harless deposition).[5]

### III. STATE LEGISLATIVE PRIVILEGE IS NOT AN APPROPRIATE BASIS TO QUASH A DEPOSITION SUBPOENA IN ITS ENTIRETY.

State legislative privilege may not serve as the basis to quash deposition subpoenas in their entirety. *See Texas v. Holder I* at 3; *see also Perez I* at 5-6. This Court has already ruled that any such privilege is qualified and has adopted a five-factor test to determine when the privilege should be overcome. *See Veasey v. Perry*, No. 2:13-cv-193, 2014 WL 1340077, at *3-4 (S.D. Tex. Apr. 3, 2014). Because this Court concluded that the relevance of legislative documents, the importance of the issues at stake, and the role of the government in this litigation outweigh any chilling effect that document productions under protective procedures might have, *see id.*, the Court has not ruled on the scope of the privilege. The state legislative privilege cannot reach far enough to permit selective waiver and afford legislators a right to testify at trial concerning prior public statements without affording plaintiffs an opportunity to probe those statements through depositions. Nor should it preclude depositions of key legislators and aides, subject to appropriate protective procedures.

---

[5] The *Texas v. Holder* Court did deny a motion to compel the deposition of Lieutenant Governor David Dewhurst, but it did not do so solely based on a state legislative privilege. *See* Order, *Texas v. Holder*, No. 1:12-cv-128 (D.D.C. May 28, 2012) (ECF No. 154) (Ex. 5). Rather, the *Texas v. Holder* Court ruled that the Attorney General had not made a showing of need "substantial enough to overcome the High-Ranking Official Doctrine combined with the federalism concerns set forth in *Nw. Austin Mun. Util. Dist. No. One v. Holder*, 557 U.S. 193 (2009)." *Id.* at 1-2. The legislators have not claimed the high-ranking official doctrine here; nor do federalism concerns buttress that doctrine in this case. To the extent that Lieutenant Governor Dewhurst seeks to quash the deposition subpoena issued to him under the high-ranking official doctrine, the United States respectfully requests the opportunity to brief the issue on an expedited basis.

### A. Legislators Named in Texas's Initial Disclosures May Not Engage in Selective Waiver of a Legislative Privilege.

Five of the twelve individuals to whom the United States and other plaintiffs have issued deposition subpoenas are named in Defendants' initial disclosures as persons likely to have discoverable information that the State may use to support its claims or defenses: Senator Troy Fraser, the author of SB 14; Representative Patricia Harless, the lead House sponsor of SB 14; Janice McCoy, an aide to Senator Fraser; Colby Beuck, an aide to Representative Harless; and former Senator Tommy Williams, a key proponent of SB 14. *See* Defs. Initial Disclosures at 3-6. By disclosing that these individuals hold discoverable information, Texas has conceded that not all information known to these potential trial witnesses is privileged. This alone should suffice to deny motions to quash as to those individuals.

Moreover, quashing deposition subpoenas based on a state legislative privilege would be hugely unfair. Texas would still have the option of calling these legislators "to the stand at trial to testify concerning the purpose of the official action." *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 268 (1977); *see also id.* at 267 n.18. Texas would thus have the ability to obtain testimony concerning statements legislators chose to make in public—an advanced act of selective waiver—while precluding effective cross-examination. *See Powell v. Ridge*, 247 F.3d 520, 525 (3d Cir. 2001). "[C]ourts have been loath to allow a legislator to invoke the privilege at the discovery stage, only to selectively waive it thereafter in order to offer evidence to support the legislator's claims or defenses." *Favors v. Cuomo*, 285 F.R.D. 187, 212 (S.D.N.Y. 2012). Even the *Texas v. Holder* Court suggested that the State's decision to rely on legislators' testimony at trial affects the scope of protection that a state legislative privilege might afford. *See Texas v. Holder I* at 2-3. Therefore, this Court should deny motions to quash deposition subpoenas with regard to any individual named in Defendants' initial disclosures.

6

### B. Legislators May Not Rely on a Qualified Privilege of Limited Scope to Quash Deposition Subpoenas.

Any state legislative privilege is both qualified and limited in scope. *See, e.g.*, *Perez II*, 2014 WL 106927, at *2. Therefore, a state legislative privilege is not an adequate ground to quash deposition subpoenas. The United States and private plaintiffs have limited deposition subpoenas to a core group of 12 individuals, casting a far narrower net than the initial round of document subpoenas.[6] While participation in depositions does impart a practical burden on any witness, there is no reason why deposition discovery of key witnesses, subject to a strict protective order, should harm the legislative process.[7] Thus, under the five-factor test adopted by this Court, the calculus regarding depositions of key legislators and aides remains essentially unchanged. *See Veasey*, 2014 WL 1340077, at *3-4.[8] For the same reasons that this Court allowed document discovery to proceed subject to protective procedures, it should allow these

---

[6] Because the United States has not yet had the opportunity to review responses to the subpoenas duces tecum, it reserves the right to pursue additional depositions based on the documents produced.

[7] Although *Corporacion Insular de Seguros v. Garcia*, 709 F. Supp. 288, 297 (D.P.R. 1989), distinguished between document requests and depositions, that decision fundamentally erred by applying the Speech or Debate Clause of the U.S. Constitution to local legislators. *See Fla. Ass'n of Rehabilitation Facilities*, 164 F.R.D. at 266-67 (declining to follow *Corporacion Insular de Seguros* on that basis). *Rodriguez v. Pataki*, 280 F. Supp.2d 89, 96 (S.D.N.Y. 2003), did not address depositions at all.

[8] Cases cited by the legislators for the proposition that a state legislative privilege is difficult to pierce do not establish a more difficult test than the one already applied by this Court. For example, *Dombrowski v. Eastland*, 387 U.S. 82 (1967), addressed only the Speech or Debate Clause, and *Tenney v. Brandhove*, 341 U.S. 367 (1951), addressed immunity from civil suit. Most notably, *Hall v. Louisiana*, No. 12-657, 2014 WL 1652791 (M.D. La. Apr. 23, 2014), applied a different balance where production under a consent protective order was not used to limit any potential chilling effect. *Goldstein v. Pataki*, 516 F.3d 50 (2d Cir. 2008), did not forbid any form of discovery; it simply affirmed dismissal of a complaint alleging an improper taking based on mere suspicion of pretext. *Cunningham v. Chapel Hill ISD*, 438 F. Supp. 2d 718, 722 (E.D. Tex. 2006), elided immunity and privilege analysis and erred in applying an absolute privilege. *Schlitz v. Virginia*, 854 F.2d 43 (4th Cir. 1988), has been overruled by the Fourth Circuit sitting en banc. *See Berkley v. Common Council*, 63 F.3d 295 (4th Cir. 1995) (en banc). Finally, *Rodriguez v. Pataki*, 280 F. Supp. 2d 89, 101 (S.D.N.Y. 2003), permitted discovery concerning the inner workings of LATFOR, "an advisory group which, by statute, has the powers of a legislative committee," and did not address requests for depositions. *See also Favors*, 285 F.R.D. at 215 n.29 (noting that LATFOR includes both technical personnel and four partisan redistricting offices managed by the majority and minority of each chamber of the New York Legislature).

depositions to go forward, subject to the procedures set out in *Perez I*.  Given the time remaining before the close of fact discovery on June 27, the only feasible path is to require legislators to answer questions over which they may claim a qualified privilege, while placing some part of deposition transcripts under a highly confidential designation.  *See* Protective Order ¶ 2.1 (ECF No. 65).  There is not sufficient time to conduct depositions, to litigate over refusals to answer, and then to conduct a second round of depositions to address instances in which the privilege must yield or objections went beyond the substantive scope of any state legislative privilege.

Moreover, numerous topics of inquiry for these legislators exist that do not implicate any legislative privilege.  Most notably, legislators' public statements and communications with lobbyists, groups, associations, organizations, or members of the public are outside the scope of any such privilege.  *See, e.g.*, *Baldus v. Brennan*, No. 11-cv-562, 2011 WL 6122542, at *2 (E.D. Wis. Dec. 8, 2011) (three-judge court).  Legislators' communications with state agencies on behalf of constituents also lie outside the scope of a legislative privilege.  *Cf. McSurely v. McClellan*, 553 F.2d 1277, 1286 (D.C. Cir. 1976) (en banc).  Numerous other acts taken in legislators' official capacities are not necessarily legislative in nature.  *Cf. United States v. Gravel*, 408 U.S. 606, 625 (1972); *Fields v. Office of Eddie Bernice Johnson*, 459 F.3d 1, 12 (D.C. Cir. 2006) (en banc) ("The Speech or Debate Clause protects conduct that is integral to the legislative *process*, not a Member's legislative *goals*.").  Therefore, even if this Court were to conclude that a state legislative privilege cannot yield in the context of depositions—and it should not—the Court should nonetheless deny the motions to quash.

## IV. A PREEMPTIVE PROTECTIVE ORDER UNDER THE ATTORNEY-CLIENT PRIVILEGE IS NOT NECESSARY IN THIS CASE.

At least one legislative aide in the Western District of Texas separately seeks a protective order pursuant to the attorney-client privilege.  *See* Hebert Mot. to Quash, No. 1:14-mc-487

8

(ECF No. 1) (Ex. 6); *see also Veasey v. Perry*, No. 1:14-mc-487 (ECF No. 7) (transferring motions to quash to this Court ). However, few legitimate attorney-client privilege concerns are likely to arise during the depositions of attorneys such as Mr. Hebert, who played a policy and political role in the enactment of SB 14. *See In re Grand Jury Proceedings*, 517 F.2d 666, 670 (5th Cir. 1975) (requiring the proponent of the attorney-client privilege to establish that the attorney received the information at issue "for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding"); *see also In re Lindsey*, 148 F.3d 1100, 1113 (D.C. Cir. 1998) (per curiam); *Republican Party of N.C. v. Martin*, 136 F.R.D. 421, 426 (E.D.N.C. 1991). *See generally Advanced Tech. Incubator*, 263 F.R.D. at 399 ("Simple possession of a law license does not result in blanket immunity from a deposition."). In any case, a request for a protective order regarding the attorney-client privilege is premature at this time. *See, e.g.*, *In re Certain Complaints Under Investigation by an Investigating Committee of the Judicial Council of the Eleventh Circuit,* 783 F.2d 1488, 1518 (11th Cir. 1986) ("It is well settled that a witness whose testimony is subpoenaed cannot simply refuse to appear altogether on grounds of privilege, but rather must appear, testify, and invoke the privilege in response to particular questions.").

V. **DEPOSITIONS OF LEGISLATORS AND AIDES WOULD NOT IMPOSE AN UNDUE BURDEN.**

The legislators cannot meet the "heavy burden of establishing that compliance with the subpoena would be unreasonable and oppressive" required to quash a deposition subpoena as unduly burdensome. *Hussey*, 216 F.R.D. at 596. The subjects of these depositions center around the same subjects that this Court has already deemed "highly relevant" to the United States' claims: "whether state legislators, contrary to their public pronouncements, acted with discriminatory intent in enacting SB 14." *Veasey*, 2014 WL 1340077, at *2; *see also Williams*,

9

178 F.R.D. at 110 ("When a subpoena is issued as a discovery device, relevance for purposes of the undue burden test is measured according to the standard of Rule 26(b)(1)."). Moreover, the mere fact that a legislator has been deposed once in a related matter cannot render any subsequent deposition an undue burden, as the State of Texas conducted a second round of depositions involving over a dozen legislators in *Perez v. Perry*, many of whom had previously been deposed in either that case or in *United States v. Texas*. *See, e.g.*, Notice of Deposition of Representative Garnet Coleman (Jan. 23, 2014) (*Perez v. Perry*) (Ex. 7); Notice of Deposition of Representative Garnet Coleman (Jan. 6, 2012) (*Texas v. United States*) (Ex. 8).[9] Finally, in *Perez*, the court granted the United States' leave to depose legislative aides who had already been deposed in both *Perez* and *United States v. Texas*, over the objections of counsel for the State. *See Perez v. Perry*, No. 5:11-cv-360 (W.D. Tex. May 6, 2014) (ECF No. 986).

## VI. CONCLUSION.

For the reasons set out above, this Court should deny the legislators' motions to quash subpoenas. Pursuant to Local Rule 7.4(D), a proposed order denying the motions and imposing the *Perez I* procedures is attached.

---

[9] Nor can a deponent's fear of "undignified and extraneous questioning" serve as a legitimate basis to quash depositions subpoenas preemptively. Rule 30(d)(3) and this Court's authority to address inappropriate attorney conduct provide adequate protection against depositions "being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent."

Date: June 2, 2014

                                            Respectfully submitted,

KENNETH MAGIDSON                 JOCELYN SAMUELS
United States Attorney                   Acting Assistant Attorney General
Southern District of Texas              Civil Rights Division

                                            */s/ Daniel J. Freeman*
                                            T. CHRISTIAN HERREN, JR.
                                            MEREDITH BELL-PLATTS
                                            ELIZABETH S. WESTFALL
                                            BRUCE I. GEAR
                                            JENNIFER L. MARANZANO
                                            ANNA M. BALDWIN
                                            DANIEL J. FREEMAN
                                            Attorneys, Voting Section
                                            Civil Rights Division
                                            U.S. Department of Justice
                                            950 Pennsylvania Avenue, N.W.
                                            Washington, D.C. 20530

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2014, I served a true and correct copy of the foregoing via the Court's ECF system on the following counsel of record:

John B. Scott
John Reed Clay, Jr.
Gregory David Whitley
Jonathan F. Mitchell
Sean Flammer
Stephen Ronald Keister
Arthur D'Andrea
Jennifer Marie Roscetii
Lindsey Elizabeth Wolf
Office of the Texas Attorney General
john.scott@texasattorneygeneral.gov
reed.clay@texasattorneygeneral.gov
david.whitley@texasattorneygeneral.gov
jonathan.mitchell@texasattorneygeneral.gov
sean.flammer@texasattorneygeneral.gov
ronny.keister@texasattorneygeneral.gov
arthur.dandrea@texasattorneygeneral.gov
jennifer.roscetti@texasattorneygeneral.gov
lindsey.wolf@texasattorneygeneral.gov

Ben Addison Donnell
Donnell Abernethy & Kieschnick
bdonnell@dakpc.com

*Counsel for Defendants*

Chad W. Dunn
Kembel Scott Brazil
Brazil & Dunn
chad@bradzilanddunn.com
scott@bazilanddunn.com

J. Gerald Hebert
Emma Simson
Campaign Legal Center
ghebert@campaignlegalcenter.org
esimson@campaignlegalcenter.org

Neil G. Baron
Law Offices of Neil G. Baron
neil@ngbaronlaw.com

Armand Derfner
Derfner, Altman, & Wilborn
aderfner@dawlaw.com

Luiz Roberto Vera, Jr.
lrvlaw@sbcglobal.net

*Counsel for Veasey Plaintiffs*

w

Christina Swarns
Ryan P. Haygood
Natasha M. Korgaonkar
Leah C. Aden
Deuel Ross
NAACP Legal Defense and Educational
    Fund, Inc.
cswarns@naacpldf.org
rhaygood@naacpldf.org
nkorgaonkar@naacpldf.org
laden@naacpldf.org
dross@naacpldf.org

Danielle Conley
Jonathan Paikin
Kelly P. Dunbar
Sonya L. Lebsack
Gerald J. Sinzdak
Lynn Eisenberg
M. Hasan Ali
Richard F. Shordt
WilmerHale LLP
danielle.conley@wilmerhale.com
jonathan.paikin@wilmerhale.com
kelly.dunbar@wilmerhale.com
sonya.lebsack@wilmerhale.com
Gerard.sinzdak@wilmerhale.com
Lynn.eisenberg@wilmerhale.com
hasan.ali@wilmerhale.com
richard.shordt@wilmerhale.com

*Counsel for Texas League of Young Voters
Plaintiff-Intervenors*

Ezra D. Rosenberg
Amy L. Rudd
Lindsey Cohan
Dechert LLP
ezra.rosenberg@dechert.com
amy.rudd@dechert.com
lindsey.cohan@dechert.com

Wendy Weiser
Jennifer Clark
Myrna Pérez
Vishal Agraharkar
Brennan Center for Justice at NYU School of
    Law
wendy.weiser@nyu.edu
jenniferl.clark@nyu.edu
myrna.perez@nyu.edu
vishal.argraharkar@nyu.edu

Mark A. Posner
Sonia Kaur Gill
Erandi Zamora
Lawyers' Committee for Civil Rights
mposner@lawyerscommittee.org
sgill@lawyerscommittee.org
ezamora@lawyerscommittee.org

*Counsel for Texas State Conference of
NAACP Branches Plaintiffs*

| | |
|---|---|
| Jose Garza<br>Marinda van Dalen<br>Robert W. Doggett<br>Peter McGraw<br>Kathryn Newell<br>Priscilla Noriega<br>Texas Rio Grande Legal Aid, Inc.<br>jgarza@trla.org<br>mvandalen@trla.org<br>rdoggett@trla.org<br>pmcgraw@trla.org<br>knewell@trla.org<br>pnoriega@trla.org<br><br>*Counsel for Ortiz Plaintiffs* | Rolando L. Rios<br>Law Offices of Rolando L. Rios<br>rrios@rolandorioslaw.com<br><br>Preston Edward Henrichson<br>Law Offices of Preston Henrichson<br>preston@henrichsonlaw.com<br><br>*Counsel for Texas Association of Hispanic*<br>*County Judges and County Commissioners*<br>*Plaintiff-Intervenors* |

 

                                        */s/ Daniel J. Freeman*
                                        Daniel J. Freeman
                                        Voting Section
                                        Civil Rights Division
                                        U.S. Department of Justice
                                        daniel.freeman@usdoj.gov