# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **STATE OF TEXAS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 12-128 |
| v. | ) | (DST, RMC, RLW) |
| | ) | |
| **ERIC H. HOLDER, JR., in his official** | ) | |
| **Capacity as Attorney General,** *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER**

The State of Texas seeks a protective order prohibiting the United States and the defendant-intervenors (collectively, "Defendants") from (1) compelling members of the Texas legislature to appear for depositions, and (2) seeking discovery of communications between state legislators, communications between legislators and their staff, and communications between legislators and their constituents. In Texas's view, all such discovery is barred by the state legislative privilege.

The state legislative privilege is well grounded in Supreme Court case law. *Cf. Tenney v. Brandhove*, 341 U.S. 367, 376 (1951) (describing legislative privilege to be free from arrest or civil process as "a tradition so well grounded in history" and holding that section 1983 did not "overturn" the privilege); *Vill. of Arlington Heights v. Metro. Hous. Dev.*, 429 U.S. 252, 268 (1977) (noting that "[i]n some extraordinary instances the members [of the legislature] might be called to the stand at trial to testify concerning the purpose of the official action, although even then such testimony frequently will be barred by privilege."). Although the contours of the

- 1 -

privilege remain somewhat uncertain, the Court's case law assumes that at least some of the privileges and immunities afforded to federal legislators by the Speech or Debate Clause are also afforded to state legislators. *See Supreme Court of Va. v. Consumers Union of U.S., Inc.*, 446 U.S. 719, 733 (1980) ("Although the separation-of-powers doctrine justifies a broader privilege for Congressmen than for state legislators in criminal actions, we generally have equated the legislative immunity to which state legislators are entitled under § 1983 to that accorded Congressmen under the Constitution." (citations omitted)). To be sure, the privilege may be abrogated in "extraordinary instances," *Arlington Heights*, 429 U.S. at 268, and may not be as broad as Texas asserts. However, we cannot agree with the United States that every litigated Section 5 case under the Voting Rights Act, 42 U.S.C. § 1973c, constitutes an "extraordinary instance" warranting a need to "intru[de] into the workings" of the state legislature, *see id.* at 268 n.18, and the United States' recent brief is insufficient on this point.

That said, we think it inappropriate to carve out the contours of such a privilege in a blanket protective order that preemptively shields legislators and their staffs from discovery requests. Such an order—which would put us in the uncomfortable position of deciding potential issues before we even know whether they will arise—strains our preference for adjudicating concrete issues as they come. At this point in the litigation, we have no indication that all of the legislators Defendants seek to depose will in fact invoke the privilege. Some legislators may choose to waive the privilege, as they have in other preclearance lawsuits, *see, e.g., Texas v. United States*, No. 11-cv-1303, 2012 WL 11241, at *6 & n.7 (D.D.C. Jan. 2, 2012), in which case Defendants may freely seek document discovery from and depose such legislators. Given this, we have no grounds for barring Defendants entirely from seeking discovery from legislators and their staffs. Moreover, whether and how the privilege applies may depend on whether Texas

chooses to rely on legislative testimony on the merits. For all of these reasons, we deny Texas's motion for a protective order without prejudice. The parties may seek discovery from those legislators who are willing to waive the legislative privilege. Furthermore, because Texas has sought only protection from "discovery of communications between members of the state legislature, communications between state legislators and their staff, and communications between state legislators and their constituents," (*see* Proposed Order at Dkt. # 34-4; Mot. at pp. 1-2), Texas will presumably produce responsive documents from any legislators or staff members that fall outside the scope of the aforementioned communications. If any legislators assert the privilege in response to specific requests for depositions or to justify withholding the production of specific communications, Defendants can move to compel in the appropriate court and Texas can oppose the motion or renew its motion for a protective order. At that point, the precise scope of the privilege can be determined. Accordingly, it is hereby:

**ORDERED** that Texas's motion for protective order [Dkt. #34] is **DENIED** without prejudice; and it is

**FURTHER ORDERED** that Texas shall identify, no later than **April 24, 2012**, those legislators from whom Defendants seek discovery who assert a legislative privilege.

Date: April 20, 2012

/s/
DAVID S. TATEL
United States Circuit Judge

/s/
ROSEMARY M. COLLYER
United States District Judge

/s/
ROBERT L. WILKINS
United States District Judge