# EXHIBIT 6

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

FILED
2014 MAY 27 PM 2:32
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY

|  |  |  |
|---|---|---|
| MARC VEASEY, JANE HAMILTON, SERGIO DELEON, FLOYD J. CARRIER, ANNA BURNS, MICHAEL MONTEZ, PENNY POPE, OSCAR ORTIZ, KOBY OZIAS, JOHN MELLOR-CRUMLEY, PEGGY HERMAN, EVELYN BRICKNER, GORDON BENJAMIN, KEN GANDY, LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), AND DALLAS COUNTY, TEXAS, | ) ) ) ) ) ) ) ) ) ) ) ) | **A14MC0487SS** |
| _Plaintiffs,_ | ) | CIVIL ACTION NO. |
| v. | ) ) | 2:13-CV-193 (NGR) [Lead case] |
| RICK PERRY, Governor of Texas; and JOHN STEEN, Texas Secretary of State, | ) ) | |
| _Defendants._ | ) | |
|  | ) ) | |
| UNITED STATES OF AMERICA, | ) | |
| _Plaintiffs,_ | ) ) | |
| TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, IMANI CLARK, AURICA WASHINGTON, CRYSTAL OWENS, AND MICHELLE BESSIAKE, | ) ) ) ) | |
| _Plaintiff-Intervenors,_ | ) | |
| TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, AND HIDALGO COUNTY, | ) ) ) ) | |
| _Plaintiff-Intervenors,_ | ) | CIVIL ACTION NO. |
| v. | ) ) | 2:13-CV-263 (NGR) [Consolidated case] |
| STATE OF TEXAS, JOHN STEEN, in his official capacity as Texas Secretary of State; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety, | ) ) ) ) ) | |
| _Defendants._ | ) ) | |

1

|  | ) |  |
| --- | --- | --- |
| TEXAS STATE CONFERENCE OF NAACP BRANCHES; and the MEXICAN AMERICAN LEGISLATIVE CAUCUS OF THE TEXAS HOUSE OF REPRESENTATIVES,<br>    *Plaintiffs,* | ) ) ) ) ) ) |  |
| v. | ) ) | CIVIL ACTION NO. 2:13-CV-291 (NGR) [Consolidated case] |
| JOHN STEEN, in his official capacity as Secretary of State of Texas; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety,<br>    *Defendants.* | ) ) ) ) ) ) |  |
| BELINDA ORTIZ, LENARD TAYLOR, EULALIO MENDEZ JR., LIONEL ESTRADA; ESTELA GARCIA ESPINOSA, LYDIA LARA, MARGARITO MARTINEZ LARA, MAXIMINA MARTINEZ LARA, AND *LA UNION DEL PUEBLO ENTERO, INC.*<br>    *Plaintiffs,* | ) ) ) ) ) ) ) ) ) |  |
| v. | ) ) |  |
| STATE OF TEXAS; JOHN STEEN, in his Official capacity as Texas Secretary of State; And STEVE McCRAW, in his official capacity As Director of the Texas Department of Public Safety,<br>    *Defendants.* | ) ) ) ) ) ) ) ) | CIVIL ACTION NO. 2:13-CV-348 (NGR) [Consolidated case] |
| BRYAN HEBERT<br>    *Third-Party Movant,* | ) ) | CIVIL ACTION NO. |
| v. | ) ) | _____ |
| UNITED STATES,<br>    *Respondent.* | ) ) ) |  |

2

## THIRD PARTY BRYAN HEBERT'S ORIGINAL MOTION TO QUASH THE SUBPOENA FOR DEPOSTION

The Movant, Bryan Hebert, urges the Court to quash a third-party subpoena for deposition issued by the Respondent, the United States, in *Veasey v. Perry*, No. 2:13-cv-00263-NGR (S.D. Tex), a pending challenge to Texas's voter ID law. The subpoena demands that Bryan Hebert submit to oral examination under oath, for questioning concerning legislatively privileged thoughts and communications related to the passage of voter ID. The subpoena should be quashed because such testimony is barred by legislative privilege. *See* FED. R. CIV. P. 45(d)(3) ("[T]he court . . . must quash or modify a subpoena that . . . requires the disclosure of privileged or other protected matter, if no exception or waiver applies.").

The plaintiffs already have in their possession every relevant privileged and non-privileged document from every legislator who played an active role in passing the voter ID law. These include hundreds of privileged documents and emails from personal and work accounts of Governor Perry, Lt. Governor Dewhurst, Speaker Straus, former Speaker Craddick, SB 14's author in the Senate, SB 14's sponsor in the House, and every single member of the relevant House Committee. The plaintiffs have issued, nevertheless, subpoenas demanding *deposition testimony* from the following state officials:

(1)     Lt. Governor Dewhurst
(2)     Bryan Hebert, the Lt. Governor's general counsel
(3)     Speaker Joe Straus
(4)     Senator Dan Patrick
(5)     Senator Robert Duncan
(6)     Senator Troy Fraser
(7)     Janice McCoy, Chief of Staff to Troy Fraser

3

(8)   Senator Brian Birdwell
(9)   Senator Tommy Williams
(10)  Rep. Debbie Riddle
(11)  Rep. Patricia Harless
(12)  Colby Beuck, Chief of Staff to Rep. Harless

The legislative privilege should not further yield so that DOJ may force these elected officials and their closest advisors to testify under oath about privileged matters.

Ordering the production of legislative documents has substantially intruded into the workings of the Texas Legislature. But ordering legislators to testify under oath is an intrusion that is different in kind. There is a big difference between forcing a legislator to produce privileged documents and forcing her to testify under oath about privileged conversations. Indeed, even courts that allow discovery into privileged documents have not hesitated, when it comes to oral testimony, to tell plaintiffs that enough is enough. *See* infra Part III. DOJ itself has acknowledged, earlier in this lawsuit, that oral testimony receives even more protection from the shield of legislative privilege than documents. *See* DOJ Reply Br. (Feb. 28, 2014) (Doc. 189) at 5-6 ("The instant motion seeks only to compel production of legislative documents . . . which presents a lesser burden on legislators than participation in depositions and testimony at trial.").

The parties in the above caption are the very same elected officials who hashed it out over voter ID in the political arena. One of the parties is Mexican-American Legislative Caucus (MALC), which is comprised of over 40 Texas legislators and chaired by Representative Trey Martinez Fischer, one of the most

4

outspoken critics of SB 14 in the House. Another party to this case is Congressman Marc Veasey, who was chair of the House Democratic Caucus when SB 14 passed over his objection. Having failed to defeat SB 14, Congressman Veasey has invoked Rule 45 to subpoena documents from his political opponents and to subpoena for deposition Senator Dan Patrick and Senator Tommy Williams. If the former chair of the Democratic Caucus is allowed to depose Senators Patrick and Williams, his lawyers will almost certainly demand to know who the senators talked to about voter ID, what they talked about, where they met, and why they voted for the bill. Federal courts should refuse to allow the losing party in a political battle to use civil discovery to wiretap the offices of their political opponents.

## I.     BACKGROUND

The federal district judge before whom this matter is pending already has held that legislative privilege applies in this case. Two months ago, the Department of Justice moved to compel the production of "a trove" of state legislators' files and emails that were in the possession of the Office of the Attorney General (OAG). These documents came into OAG's possession—as lawyer to the individual legislators—because they were collected during *Texas v. Holder*, No. 1:12-cv-00128 (D.D.C.), a 2012 lawsuit concerning the preclearance of Texas's voter ID law, which Texas ultimately won. Once the voter-ID law took effect, DOJ and private parties brought this separate challenge to the law.

The Southern District of Texas set aside the legislative privilege for the documents already in OAG's possession, but it held that its power and desire to do so were "severely limited" by the Supreme Court. *See Veasey v. Perry*, 2014 WL 1340077, at *1 (S.D. Tex. Apr. 3, 2014) (citing *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 268 (1977)).  Indeed, the Supreme Court held in *Arlington Heights* that civil litigants must prove "legislative purpose" by reference to the public record and circumstantial evidence, not by inspecting the papers of individual legislators, deposing them, and putting them on the stand:

> The legislative or administrative history may be highly relevant, especially where there are contemporary statements by members of the decisionmaking body, minutes of its meetings, or reports.  In some extraordinary instances the members might be called to the stand at trial to testify concerning the purpose of the official action, although even then such testimony frequently will be barred by privilege.

*Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 268 (1977); *see also Soon Hing v. Crowley*, 113 U.S. 703, 710 (1885) ("[T]he rule is general with reference to the enactments of all legislative bodies that the courts cannot inquire into the motives of the legislators in passing them, except as they may be disclosed on the face of the acts, or infer[able] from their operation, considered with reference to the condition of the country and existing legislation.").

The Southern District of Texas cited *Arlington Heights* and instructed the plaintiffs that it would limit their discovery of legislators' files to those "absolutely necessary" to prove their case:

> The extent to which inquiry into such sensitive matters is permitted should correspond with the degree to which the intrusion is *absolutely necessary*.

*Veasey v. Perry*, 2014 WL 1340077, at \*3 (S.D. Tex. Apr. 3, 2014) (emphasis added).

Failing to heed this instruction, the Department of Justice and the Plaintiff-Intervenors began issuing waves of subpoenas for documents around the State, seeking documents from legislators' office files, home computers, and campaign offices, all of which are completely unnecessary to prove their case and not probative given the Supreme Court's instruction that an individual legislator's thoughts are irrelevant to legislative purpose. Motions to quash these subpoenas for documents are pending in the Western District. *See Texas Legislative Council v. United States*, No. 1:14-mc-00386-SS (W.D. Tex.) (and related cases). The Southern District quashed, in part, the first wave of these subpoenas for documents from additional legislators. The Southern District allowed plaintiffs access documents related to SB 14, as well as prior and later voter ID laws, but refused plaintiffs' demand for documents from irrelevant sources or concerning irrelevant subjects, such as immigration and campaign materials. (Doc. 263). After the Southern District's most recent ruling, DOJ now has access to (1) every privileged document it requested in the preclearance lawsuit, plus (2) the documents of thirteen legislators from DOJ's first wave of subpoenas.

The plaintiffs cannot show that it is "absolutely necessary" that they depose state legislators to prove their case. A ruling that allows the DOJ to rummage around in the affairs of legislators and to force legislators to sit for questioning

7

interposes the very same federalism concerns that the U.S. Supreme Court found troubling about the Voting Rights Act's preclearance regime.

## II. THE LEGISLATIVE PRIVILEGE SHIELDS A LEGISLATURE'S DELIBERATIVE PROCESS FROM CIVIL DISCOVERY.

The legislative privilege is a doctrine of federal common law derived from the U.S. Constitution's Speech and Debate Clause. *See Dombrowski v. Eastland*, 387 U.S. 82, 84-85 (1967) (observing that "the doctrine of legislative immunity, having its roots as it does in the Speech or Debate Clause of the Constitution" shields legislators "engaged in the sphere of legitimate legislative activity") (citing *Kilbourn v. Thompson*, 103 U.S. 168, 204 (1881)). This common law privilege provides both immunity from suit and a testimonial privilege. *See, e.g., Schlitz v. Commonwealth of Virginia*, 854 F.2d 43, 45 (4th Cir.1988) (holding that where an inquiry into legislative motive "would require legislators to testify regarding conduct in their legislative capacity, the doctrine of legislative immunity has full force"). State legislators "are immune from deterrents to the uninhibited discharge of their legislative duty, not for their private indulgence but for the public good." *Tenney v. Brandhove*, 341 U.S. 367, 377 (1951) (Frankfurter, J.). The only instance where the Supreme Court has swept aside the legislative privilege was to allow a federal criminal prosecution of state legislators. *United States v. Gillock*, 445 U.S. 360, 373 (1980) (creating an exception to the privilege for federal criminal matters).

In many different contexts, including lawsuits under section 2 of the Voting Rights Act like this one, courts have held that privilege is extremely difficult to pierce. *See, e.g., Hall v. Louisiana*, No.12-657, ECF No. 277 (M.D. La. Apr. 23,

8

2014) (refusing to pierce the legislative privilege in a Voting Rights Act case because ""[f]ailure to afford protection to such confidential communications between lawmakers and their staff will not only chill legislative debate but also discourage earnest discussion with governmental walls."); *Comm. for a Fair & Balanced Map v. Ill. State Bd. of Elections*, No. 11-5065, 2011 WL 4837508, at *7 (N.D. Ill. Oct.12, 2011) (quashing a subpoena of legislators based on legislative privilege in a Voting Rights Act case); *Goldstein v. Pataki*, 516 F.3d 50, 62 (2d Cir. 2008) (forbidding plaintiffs in an eminent-domain dispute to depose "pertinent [state] government officials" and discover their "emails, confidential communications, and other pre-decisional documents" because this would represent "an unprecedented level of intrusion."); *Cunningham v. Chapel Hill, ISD*, 438 F. Supp. 2d 718, 722 (E.D. Tex. 2006) ("local legislators are protected by the testimonial privilege from having to testify about actions taken in the sphere of legitimate legislative activity"); *Rodriguez v. Pataki*, 280 F. Supp. 2d 89, 103 (S.D.N.Y. 2003) (denying motion to compel "to the extent that the plaintiffs seek information concerning the actual deliberations of the Legislature- or individual legislators-which took place outside [a non-legislative advisory group], or after the proposed redistricting plan reached the floor of the Legislature . . . ."); *cf. Mims v. Arrow Financial Services*, LLC, 132 S. Ct. 740, 752 (2012) ("[T]he views of a single legislator, even a bill's sponsor, are not controlling.").

Because a legislature cannot function without staff, legislative immunity also applies to legislative staff, officers, or other employees of a legislative body.

9

*Dombrowski*, 387 U.S. at 85; *Tenney*, 341 U.S. at 378; *cf. Gravel v. United States*, 408 U.S. 606, 618 (1972). ("[T]he Speech and Debate Clause applies not only to a Member but also to his aides insofar as the conduct of the latter would be a protected legislative act if performed by the Member himself."). The privilege belongs to the legislator, and it is the legislator's privilege to waive. *Id.*

## III. EVEN COURTS PIERCING THE LEGISLATIVE PRIVILEGE FOR DOCUMENT DISCOVERY HAVE REFUSED TO FORCE LEGISLATORS TO TESTIFY UNDER OATH.

Demanding that legislators and their staff testify under oath about the legislature's deliberate process is an "extraordinary" and unjustifiable use of civil discovery. *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 268 (1977) ("In some extraordinary instances the members might be called to the stand at trial to testify concerning the purpose of the official action, although even then such testimony frequently will be barred by privilege."). Because a legislator's testimony will "frequently" be barred by privilege even in the "extraordinary" event they can be called to testify, the Supreme Court has cautioned district courts against compelling legislative testimony:

> This Court has recognized, ever since *Fletcher v. Peck*, 6 Cranch 87, 130-131 (1810), that judicial inquiries into legislative or executive motivation represent a substantial intrusion into the workings of other branches of government. Placing a decisionmaker on the stand is therefore usually to be avoided.

*Arlington Heights*, 429 U.S. at 267 n.18.

Thus, even where privileged *documents* are produced, courts are reluctant to compel privileged *testimony*. *See, e.g., Corporacion Insular de Seguros v. Garcia*,

709 F. Supp. 288, 297 (D.P.R. 1989) ("It does not follow . . . that because Dr. Aponte's [an aide to the President of the Senate of Puerto Rico] documents are discoverable that he himself is automatically subject to a deposition. The reason being that the Speech or Debate Clause provides for testimonial and use immunity."); *Rodriguez v. Pataki*, 280 F. Supp.2d 89, 96 (S.D.N.Y. 2003). ("Moreover, at least at this juncture, the plaintiffs are not seeking any depositions of legislators or their staffs. Accordingly, the narrow issue presented is whether Senator Bruno, Speaker Silver, and the other legislator-defendants are entitled to resist the limited discovery presently sought by the plaintiffs on the basis of the qualified legislative privilege."). Indeed, in this very case, while urging the district court to compel the production of privileged documents, DOJ acknowledged that the legislative privilege applies with force to oral testimony. *See* DOJ Reply Br. (Feb. 28, 2014) (Doc. 189) at 5-6 ("The instant motion seeks only to compel production of legislative documents . . . which presents a lesser burden on legislators than participation in depositions and testimony at trial.").

This is not the first time that the Department of Justice has sought to depose these legislators. DOJ previously demanded to depose many of these same legislators during the voter-ID preclearance lawsuit, which was brought under a separate section of the Voting Rights Act. *Texas v. Holder*, No. 1:12-cv-00128-RMC-DST-RLW (D.D.C.). The United States District Court for the District of Columbia refused absolutely to pierce the privilege for any documents or testimony. The court quashed the deposition of Lt. Governor Dewhurst entirely.

11

*Texas v. Holder*, No. 1:12-cv-00128-RMC-DST-RLW (D.D.C. June 14, 2012) (Doc.
186) ("The vast majority of topics about which the Attorney General seeks to
question [the Lieutenant Governor] are barred by the legislative privilege as set
forth in our previous Orders. Moreover, the Attorney General has failed to show
that the circumstances in this instance warrant abrogating the privilege."). The
court allowed DOJ to depose other legislators, but only on a very limited basis:
DOJ was allowed to inquire about public statements that were a matter of public
record, but it was not allowed to inquire about any privileged thought or
communication. To the extent that DOJ seeks to repeat those very limited
depositions here, the subpoenas still should be quashed. DOJ has indicated its
intent to use deposition testimony from these same legislators taken during
preclearance lawsuit. Forcing the Legislators to sit for repetitive questioning
when they have already voluntarily answered DOJ's questions is hardly
appropriate.

The preclearance depositions reveal yet another reason why the Court
should refuse to let these depositions go forward, even on a limited basis. Once the
legislators are forced to appear for their deposition, they must answer *any*
questions asked of them, absent an instruction not to answer on account of
privilege. And the plaintiffs have demonstrated their willingness to allow the
partisan bickering that attended the public debate over voter ID to spill into the
depositions, subjecting State officials to undignified and extraneous questioning:

(1) From Daniel J. Freeman (DOJ) to Representative Harless:

Q. Did Texans have more confidence in their elections when elections were limited on the basis of race? Harless Dep. at 129:16–17.

(2) From Nancy Abudu (ACLU) to Senator Williams:

Q. Have you ever heard that African Americans in your district consider you to be racially biased against minorities? Williams Dep. at 237:1–3.

(3) From Nancy Abudu (ACLU) to Senator Williams:

Q. And of [your] 12 or 15 employees, are any of them members of racial minorities? *Id.* at 209:11-12.

(4) From Adam Harris (Fried, Frank) to B. Brunson:

Q. Are you aware of the assertions that the Lieutenant Governor campaign for this year's Republican nomination for the Senate have resort[ed] to bigotry? Brunson Dep. at 168:14-16.

(5) From Adam Harris (Fried, Frank) to B. Brunson:

Q. And how would you characterize the Lieutenant Governor's position on immigration as opposed to Mr. Cruz's position on immigration? *Id.* at 167:1-3.

There is no purpose to allowing plaintiffs to depose, re-depose, and further harass these legislators and their staff when most of their questions will be shielded by privilege and the balance have been asked and answered. The Court should quash the subpoenas for deposition.

## IV. IN THE ALTERNATIVE, THE COURT SHOULD ISSUE A PROTECTIVE ORDER FORBIDDING ANY INQUIRY INTO LEGISLATIVELY PRIVILEGED THOUGHTS OR COMMUNICATIONS.

If the Court does allow plaintiffs to depose the legislators and their staff, it should adopt the approach of the District of Columbia and allow such deposition testimony on matters of public record only. As we explained above, DOJ has never

been able to justify the "extraordinary" intrusion that would attend legislator depositions on privileged matters.

**V.    IN ANY EVENT, THE COURT SHOULD ISSUE A PROTECTIVE ORDER FORBIDDING ANY INQUIRY INTO ANY COMMUNICATIONS PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE BETWEEN LIEUTENANT GOVERNOR DEWHURST AND HIS GENERAL COUNSEL, BRYAN HEBERT.**

In seeking to depose the Lieutenant Governor's general counsel about his official duties, the plaintiffs are inviting a deposition transcript riddled with instructions from counsel to refuse an answer on the basis of attorney-client privilege.  *Upjohn Co. v. United States*, 449 U.S. 383 (1981) (holding that the attorney-client privilege provides unqualified, absolute protection from discovery for confidential communications made by a client to an attorney for the purpose of obtaining legal advice).  This alone provides an additional reason to quash the deposition of Bryan Hebert entirely.  It is difficult to imagine any useful question that plaintiffs could ask of Mr. Hebert that would not call for the disclosure of confidential communication made in his official capacity as Lt. Gov. Dewhurst's lawyer.  But if the Court allows the deposition to go forward, we ask the Court to issue a protective order "to protect confidential communications between Government officials and Government attorneys."  *United States v. Jicarilla Apache Nation*, 131 S. Ct. 2313, 2321 (2011).


Dated:  May 27, 2014

Respectfully submitted.

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JONATHAN F. MITCHELL
Solicitor General

ARTHUR C. D'ANDREA
Assistant Solicitor General

209 West 14th Street
P.O. Box 12548
Austin, Texas 70711-2548
(512) 475-0131

COUNSEL FOR THE THIRD-PARTY
LEGISLATORS

## CERTIFICATE OF COMPLIANCE

I hereby certify that on May 27, 2014, I conferred with Elizabeth Westfall, counsel for the United States, and she advised that the United States opposes this motion.

_____
ARTHUR C. D'ANDREA

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2014, I served a copy of this document via Federal Express and email to all counsel of record.

_____
ARTHUR C. D'ANDREA

# Exhibit A

# UNITED STATES DISTRICT COURT

### for the

### Southern District of Texas

| | | |
|---|---|---|
| United States | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.   2:13-cv-263 |
| State of Texas | ) | |
| | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:     Bryan Hebert, c/o Arthur D'Andrea, Office of the Attorney General 300 W. 15th Street, Austin, Texas 78701

_____
_(Name of person to whom this subpoena is directed)_

☑ _Testimony:_ **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Dechert LLP<br>300 West Sixth St. Suite 2010<br>Austin, Texas 78701 | Date and Time:<br>05/28/2014 9:00 am |
|---|---|

The deposition will be recorded by this method:   stenographically and possibly videotape

❏ _Production:_ You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     05/18/2014
_____

_CLERK OF COURT_

                                    OR

_____                    _____
N/A                                /s/ Elizabeth S. Westfall
_Signature of Clerk or Deputy Clerk_           _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
United States of America
_____ , who issues or requests this subpoena, are:

Elizabeth Westfall, Department of Justice, Civil Rights Division, Voting Section, 1800 G St NW, Washington, DC 20006
Tel: 202-305-7766 Email: Elizabeth.Westfall@usdoj.gov

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.  2:13-cv-263

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS AUSTIN DIVISION

MARC VEASEY, JANE HAMILTON, SERGIO DELEON, FLOYD J. CARRIER, ANNA BURNS, MICHAEL MONTEZ, PENNY POPE, OSCAR ORTIZ, KOBY OZIAS, JOHN MELLOR-CRUMLEY, PEGGY HERMAN, EVELYN BRICKNER, GORDON BENJAMIN, KEN GANDY, LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), AND DALLAS COUNTY, TEXAS,
    *Plaintiffs,*
v.

RICK PERRY, Governor of Texas; and JOHN STEEN, Texas Secretary of State,
    *Defendants.*

_____

UNITED STATES OF AMERICA,
    *Plaintiffs,*

TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, IMANI CLARK, AURICA WASHINGTON, CRYSTAL OWENS, AND MICHELLE BESSIAKE,
    *Plaintiff-Intervenors,*

TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, AND HIDALGO COUNTY,
    *Plaintiff-Intervenors,*
v.

STATE OF TEXAS, JOHN STEEN, in his official capacity as Texas Secretary of State; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety,
    *Defendants.*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

A14 MC 0487 SS

CIVIL ACTION NO.
2:13-CV-193 (NGR)
[Lead case]

CIVIL ACTION NO.
2:13-CV-263 (NGR)
[Consolidated case]

1

|  | ) |  |
| --- | --- | --- |
| TEXAS STATE CONFERENCE OF NAACP BRANCHES; and the MEXICAN AMERICAN LEGISLATIVE CAUCUS OF THE TEXAS HOUSE OF REPRESENTATIVES, | ) ) ) ) ) |  |
| *Plaintiffs,* | ) |  |
| v. | ) ) | CIVIL ACTION NO. |
| JOHN STEEN, in his official capacity as Secretary of State of Texas; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety, | ) ) ) ) ) | 2:13-CV-291 (NGR) [Consolidated case] |
| *Defendants.* | ) |  |

|  | ) |  |
| --- | --- | --- |
| BELINDA ORTIZ, LENARD TAYLOR, EULALIO MENDEZ JR., LIONEL ESTRADA; ESTELA GARCIA ESPINOSA, LYDIA LARA, MARGARITO MARTINEZ LARA, MAXIMINA MARTINEZ LARA, AND *LA UNION DEL PUEBLO ENTERO, INC.* | ) ) ) ) ) ) ) |  |
| *Plaintiffs,* | ) |  |
| v. | ) ) ) |  |
| STATE OF TEXAS; JOHN STEEN, in his Official capacity as Texas Secretary of State; And STEVE McCRAW, in his official capacity As Director of the Texas Department of Public Safety, | ) ) ) ) ) | CIVIL ACTION NO. 2:13-CV-348 (NGR) [Consolidated case] |
| *Defendants.* | ) ) |  |

|  | ) |  |
| --- | --- | --- |
| BRYAN HEBERT, | ) | CIVIL ACTION NO. |
| *Third-Party Movant,* | ) |  |
| v. | ) |  |
|  | ) | _____ |
| UNITED STATES, | ) |  |
| *Respondent.* | ) |  |

# [PROPOSED] ORDER ON MOTION TO QUASH SUBPOENA

**OF TO TESTIFY AT DEPOSTION OF BRYAN HEBERT**

Having considered Brian Hebert's motion to quash a subpoena, the Court finds that the motion should be, and hereby is, GRANTED.

SO ORDERED.

Date: _____, 2014

_____
United States District Judge

3

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

United States of America

**(b)** County of Residence of First Listed Plaintiff

*(EXCEPT IN U.S. PLAINTIFF CASES)*

A14MC0487SS

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Daniel J. Freeman, US Department of Justice
950 Pennsylvania Avenue NW, Washington, DC 20009
(202) 305-4355

## DEFENDANTS

State of Texas

County of Residence of First Listed Defendant

*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Arthur D'Andrea, Office of the Attorney General
P.O. Box 12548, Austin, Texas 78711 / Filing party is recipient of discovery and files according to FRCP

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1  U.S. Government
        Plaintiff

☐ 2  U.S. Government
        Defendant

☐ 3  Federal Question
        *(U.S. Government Not a Party)*

☐ 4  Diversity
        *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                   *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☒ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
        Proceeding

☐ 2 Removed from
        State Court

☐ 3 Remanded from
        Appellate Court

☐ 4 Reinstated or
        Reopened

☐ 5 Transferred from
        Another District
        *(specify)*

☐ 6 Multidistrict
        Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Federal Rule of Civil Procedure 45 (c), (d), and (e)

Brief description of cause:
Motion to Quash Subpoena

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
        UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes    ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE  Nelva Ramos Gonzales

DOCKET NUMBER 2:13cv193/USDC/SD of TX

DATE
05/27/2014

SIGNATURE OF ATTORNEY OF RECORD
/s/ Arthur D'Andrea

**FOR OFFICE USE ONLY**

RECEIPT # 000-2110    AMOUNT $ 46.00    APPLYING IFP    JUDGE Sparks    MAG. JUDGE

JS 44 Reverse (Rev. 12/12)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**    **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**    **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**    **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

```
DUPLICATE

Court Name: TEXAS WESTERN
Division: 1
Receipt Number: 100021104
Cashier ID: adeicher
Transaction Date: 05/27/2014
Payer Name: ATTORNEY GENERAL COURT
-----------------------------------
MISCELLANEOUS PAPERS
 For: ATTORNEY GENERAL COURT
  Amount:       $46.00
-----------------------------------
PAPER CHECK
 Amt Tendered:  $46.00
-----------------------------------
Total Due:      $46.00
Total Tendered: $46.00
Change Amt:     $0.00

1:14-MC-487-SS; VEASEY ET AL V.
PERRY ET AL
```