# EXHIBIT
# 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| STATE OF TEXAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 12-128 |
| v. | ) | (DST, RMC, RLW) |
| | ) | |
| ERIC H. HOLDER, JR., in his official | ) | |
| Capacity as Attorney General, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

The State of Texas seeks a protective order prohibiting the United States and the

defendant-intervenors (collectively, "Defendants") from (1) compelling members of the Texas

legislature to appear for depositions, and (2) seeking discovery of communications between state

legislators, communications between legislators and their staff, and communications between

legislators and their constituents. In Texas's view, all such discovery is barred by the state

legislative privilege.

The state legislative privilege is well grounded in Supreme Court case law. *Cf.*

*Tenney v. Brandhove*, 341 U.S. 367, 376 (1951) (describing legislative privilege to be free from

arrest or civil process as "a tradition so well grounded in history" and holding that section 1983

did not "overturn" the privilege); *Vill. of Arlington Heights v. Metro. Hous. Dev.*, 429 U.S. 252,

268 (1977) (noting that "[i]n some extraordinary instances the members [of the legislature] might

be called to the stand at trial to testify concerning the purpose of the official action, although

even then such testimony frequently will be barred by privilege."). Although the contours of the

Case 1:12-cv-00128-RMC-DST-RLW Document 84 Filed 04/20/12 Page 2 of 3

privilege remain somewhat uncertain, the Court's case law assumes that at least some of the

privileges and immunities afforded to federal legislators by the Speech or Debate Clause are also

afforded to state legislators. *See Supreme Court of Va. v. Consumers Union of U.S., Inc.*, 446

U.S. 719, 733 (1980) ("Although the separation-of-powers doctrine justifies a broader privilege

for Congressmen than for state legislators in criminal actions, we generally have equated the

legislative immunity to which state legislators are entitled under § 1983 to that accorded

Congressmen under the Constitution." (citations omitted)). To be sure, the privilege may be

abrogated in "extraordinary instances," *Arlington Heights*, 429 U.S. at 268, and may not be as

broad as Texas asserts.  However, we cannot agree with the United States that every litigated

Section 5 case under the Voting Rights Act, 42 U.S.C. § 1973c, constitutes an "extraordinary

instance" warranting a need to "intru[de] into the workings" of the state legislature, *see id.* at 268

n.18, and the United States' recent brief is insufficient on this point.

That said, we think it inappropriate to carve out the contours of such a privilege in

a blanket protective order that preemptively shields legislators and their staffs from discovery

requests. Such an order—which would put us in the uncomfortable position of deciding potential

issues before we even know whether they will arise—strains our preference for adjudicating

concrete issues as they come. At this point in the litigation, we have no indication that all of the

legislators Defendants seek to depose will in fact invoke the privilege. Some legislators may

choose to waive the privilege, as they have in other preclearance lawsuits, *see, e.g., Texas v.

United States*, No. 11-cv-1303, 2012 WL 11241, at *6 & n.7 (D.D.C. Jan. 2, 2012), in which

case Defendants may freely seek document discovery from and depose such legislators. Given

this, we have no grounds for barring Defendants entirely from seeking discovery from legislators

and their staffs. Moreover, whether and how the privilege applies may depend on whether Texas

chooses to rely on legislative testimony on the merits. For all of these reasons, we deny Texas's

motion for a protective order without prejudice. The parties may seek discovery from those

legislators who are willing to waive the legislative privilege. Furthermore, because Texas has

sought only protection from "discovery of communications between members of the state

legislature, communications between state legislators and their staff, and communications

between state legislators and their constituents," (*see* Proposed Order at Dkt. # 34-4; Mot. at pp.

1-2), Texas will presumably produce responsive documents from any legislators or staff

members that fall outside the scope of the aforementioned communications. If any legislators

assert the privilege in response to specific requests for depositions or to justify withholding the

production of specific communications, Defendants can move to compel in the appropriate court

and Texas can oppose the motion or renew its motion for a protective order. At that point, the

precise scope of the privilege can be determined. Accordingly, it is hereby:

**ORDERED** that Texas's motion for protective order [Dkt. #34] is **DENIED**

without prejudice; and it is

**FURTHER ORDERED** that Texas shall identify, no later than **April 24, 2012**,

those legislators from whom Defendants seek discovery who assert a legislative privilege.


Date: April 20, 2012

/s/
DAVID S. TATEL
United States Circuit Judge


/s/
ROSEMARY M. COLLYER
United States District Judge


/s/
ROBERT L. WILKINS
United States District Judge
