# EXHIBIT 5

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| STATE OF TEXAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-cv-128 |
| | ) | (DST, RMC, RLW) |
| ERIC H. HOLDER, JR., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

Before the Court is a discovery dispute regarding the State of Texas' assertions of attorney-client and legislative privilege over certain documents involving Texas Lieutenant Governor David Dewhurst ("LG"). Defendant United States Attorney General Eric H. Holder, Jr. ("AG") seeks the production of documents that Texas has withheld on the basis of these two privileges in advance of depositions of staff from the Office of the LG beginning May 29, 2012.[1] The Court has considered the parties' letter submissions (attached to this Order), the AG's list of contested documents (Dkt. No. 151-1), Texas' Notice (Dkt. No. 153), copies of the contested documents that Texas has submitted *ex parte* for *in camera* review, and the entire record. The Court rules as follows:

    1.    <u>Texas' Objection to AG's Challenge of May 11 Privilege Log Entries.</u>  Texas objects to the AG seeking to compel documents reflected in Texas' May 11, 2012 privilege log, claiming that the AG is raising new challenges to the assertion of privileges by the LG and his staff. Texas claims that, "[d]espite having the privilege log since May 11, the Department of

---

[1] The Court notes that this issue was not raised by the parties until the morning of Friday, May 25, 2012 and that the United States asked for a resolution of this issue in advance of depositions scheduled for Tuesday, May 29, 2012. Accordingly, the briefing and resolution of these issues has proceeded on an expedited basis.

1

Justice has not raised this new issue in a motion to compel production of specific documents, nor as part of its prior motion." (TX 5/25/12 Letter at 1). Texas also claims that the AG failed to timely raise a challenge to the assertion of attorney-client privilege with respect to documents produced from the LG's office. (Id. at 3).

This Court overrules Texas' objection. The AG has not waived its ability to seek production of the contested documents. As part of the motion to compel that the AG filed on May 21, the AG submitted as Exhibit 13 a "Contested Document Privilege Claim Index." (Dkt. No. 136-15). In that Index, the AG listed documents grouped together by specific categories and objections, and referred to and incorporated that Index in its Memorandum in Support of the Motion to Compel. Many of the documents in the AG's list of contested documents filed in connection with this discovery dispute (Dkt. No. 151-1) also appear in his May 21 Index with objections to Texas' assertions of attorney-client and legislative privilege. See, e.g., Dkt. No. 136-15 at 3, 5 (challenging assertion of legislative privilege over certain LG documents that are also contested documents in present dispute); Dkt. No. 136-15 at 9, 10 (challenging assertion of attorney-client privilege over certain LG documents that are also contested documents in present dispute). Moreover, the AG makes reference to the same arguments regarding the LG in its Memorandum. See, e.g., Dkt. No. 136-1 at 40 (arguing that Texas has improperly asserted the attorney-client privilege with respect to individuals who do not conceivably have an attorney-client relationship and citing as an example a document between counsel for Joe Straus and the LG). Thus, we find that the AG has not waived its right to raise these arguments with respect to the May 11 privilege log.

2. <u>Texas' Assertion of Attorney-Client Privilege</u>. The AG challenges Texas' assertion of attorney-client privilege over "communications between the Lieutenant Governor's office and legislators." The Court agrees, and will order production of any such documents.

The AG argues that the attorney-client privilege does not extend to communications between attorneys and/or staff in the LG's office and state legislators. (AG 5/25/12 Letter at 2). In support, the AG cites law from this Circuit for the proposition that the attachment of the privilege requires the existence of an attorney-client relationship. <u>See id.</u> (relying on <u>In re Sealed Case</u>, 737 F.2d 94, 98-99 (D.C. Cir. 1984)). The AG argues that Texas has provided no basis for the conclusion that such a relationship exists between the individuals involved in these communications.

Texas neither directly responds to the AG's argument nor disputes that an attorney-client relationship is necessary for the privilege to attach. Instead, Texas argues a point the AG did not raise in its letter: that "the State of Texas has properly asserted the attorney-client privilege over communications between the Lieutenant Governor and attorneys on his staff, <u>since the attorney-client relationship exists in that context</u>."[2] (TX 5/25/12 Letter at 3) (emphasis added). Texas states in conclusory fashion that it "has properly asserted the attorney-client privilege over communications between the Lieutenant Governor's staff who are attorneys and legislators themselves who sought legal advice relating to Senate Bill 14." (Letter at 3). Notably, Texas does not contend that an attorney-client relationship exists in <u>that</u> context. Because Texas has failed to demonstrate the existence of an attorney-client relationship between counsel and/or staff of the LG, on the one hand, and counsel and/or staff of any state legislators, on the other hand,

---

[2] Because the AG does not challenge Texas' assertion of the attorney-client privilege with respect to communications between counsel for the LG and the LG himself, the Court will not consider that issue here, except to note that any attachment to an otherwise privileged communication or document must independently satisfy the elements of the privilege to justify nondisclosure.

3

any documents Texas has withheld on this basis must be produced.[3] We note that the Texas Attorney General himself recognizes this principle, as his own opinions to the Office of the Governor and state legislators require that an attorney-client relationship must be demonstrated for the privilege to attach under Texas law. See Texas Atty. Gen. Op. OR2006-09500, 2006 WL 2479635 (Aug. 18, 2006) (advising that documents may not be withheld based on the attorney-client privilege because ". . . you have not demonstrated how the senator's office and the parties involved in the communications at issue come within the attorney-client relationship for purposes of the attorney-client privilege."); see also Texas Atty. Gen. Op. OR2003-8782, 2003 WL 23000878 (Dec. 8, 2003) (advising that documents may not be withheld where there was no demonstration that the individuals involved were clients or lawyers).

        3.      <u>Texas' Assertion of Legislative Privilege to "Legislative" Acts of Lieutenant Governor</u>. Finally, the AG seeks to compel production of documents in the LG's possession for which Texas asserts the state legislative privilege. Texas contends that the legislative privilege extends to the LG when he is acting in his legislative capacity as President of the Texas Senate. To the extent the LG is acting within "the sphere of legitimate legislative activity," the privilege applies. <u>Tenney v. Brandhove</u>, 341 U.S. 367, 366 (1951); <u>see also Supreme Court of Virginia v. Consumers Union of the United States, Inc.</u>, 446 U.S. 719 (1980) (holding that state legislative immunity applied to the Supreme Court of Virginia when, acting in a legislative capacity, it promulgated Virginia's Code of Professional Responsibility). The parties, however, dispute the <u>scope</u> of the LG's duties in the Senate and, thus, the scope of any applicable legislative privilege. <u>See</u> AG 5/25/12 Letter at 2 (arguing that Texas' assertion of privilege is "overbroad," not inapplicable).

---

[3] Because we find that Texas has failed to show that an attorney-client privilege arises in this context, we need not reach the AG's argument that policy advice, as opposed to legal advice, is not protected by the attorney-client privilege.

4

The AG argues that, under the Texas Constitution and Senate Rules, the LG has only limited powers and, thus, Texas' assertion of legislative privilege is overbroad. Texas responds that the LG "appoints Senate committees and effectively controls the day to day flow of business" in the Senate chamber. (Texas 5/25/12 Letter at 2). Beyond this, however, neither party attempts to parse out the specific scope of the LG's duties in the Senate. Because both parties rely on the Texas Constitution and Senate Rules, however, the parties appear to agree that these sources are authoritative as to the LG's duties in the Senate. As Texas asserts, the "scope of the Lieutenant Governor's authority, and duty, to act in the Texas Legislature is an issue of Texas law." (Dkt. No. 153 at 2) (citing Texas Senate Rules for the 82nd legislature as support).

The Senate Rules for the 82nd legislature[4] and the Texas Constitution reflect that the LG's official duties as the President of the Senate include: 1) appointing all chairs and members of committees and special committees (Senate Rules 11.01-11.05); 2) announcing each reading of a bill, including whether the bill originated in the House or Senate, and whether it is the first, second, or third reading (Senate Rule 7.03); 3) participating in the first reading and referring all bills to specific committees (Senate Rules 7.05-7.06); 4) signing all bills once they are passed by the whole legislature (Senate Rule 7.23); 5) casting a vote in the event of a Senate tie (Senate Rule 6.18); and 6) presiding over the Senate and running the operations of the Senate chamber, including recognizing members for debate and scheduling most bills for consideration (Senate Rules 1.01, 4.04, 4.06, 5.08, 5.15, Texas Citizen Handbook to the State Legislature[5] at 5-6). We find that documents or communications reflecting the LG's exercise of these specific duties are protected by the legislative privilege.

---

[4] http://www.senate.state.tx.us/rules/SenateRules82.pdf

[5] http://www.senate.state.tx.us/assets/pdf/2007_Citizen_Handbook.pdf

The LG has additional duties when the Senate sits as a Committee of the Whole ("COTW"), as it did with respect to S.B. 14. The LG has the duty of calling the COTW into session and receiving its report, as well as having the right to participate in debate and to vote on a bill. (Tx. Const., Art. IV, Section 16; Senate Rule13.03). Accordingly, Texas has pointed out, the Texas Constitution provides that the LG actually has a substantive role in legislation considered by the COTW: "The Lieutenant Governor, shall by virtue of his office, be President of the Senate, and shall have, when in Committee of the Whole, a right to debate and vote on all questions[.]" See TX 5/25/12 Letter at 2 (quoting In re Texas Senate, 36 S.W.3d 1119, 120 (Tex. 2000) (quoting Tex. Const. art. IV, sec. 16)). Given the LG's rights with respect to legislation considered by the COTW, we reject the AG's argument that, simply because the LG is not entitled to introduce legislation, "his draft legislation . . . does not constitute a legislative act." (AG 5/25/12 Letter at 2). When the LG is exercising his rights with respect to drafting or marking up legislation (such as S.B. 14) considered by the COTW, those documents are protected by the legislative privilege.

A few final points on the legislative privilege as to the LG. Some of the contested documents are communications between members of the LG's staff, or between the LG's staff and state legislators, relating otherwise publicly-available information about legislation that is to be considered by the COTW. Thus, the question arises whether the AG is entitled to discover what precise information the LG was considering or had before him prior to debating or voting on S.B. 14. Whether the legislative privilege applies in this context is a very close call. Given the constitutional concerns raised by the Supreme Court in Northwest Austin, however, we are obliged to apply the Voting Rights Act in a manner that minimizes "federal intrusion into sensitive areas of state and local policymaking" and will therefore interpret the privilege in this

6

context to cover such a communication. See Nw. Austin Mun. Util. Dist. No. One v. Holder, 557 U.S. 193, 202 (2009) (internal quotation marks omitted). An exception to our ruling is with respect to the LG's communications with an executive agency: although the LG's request for information to an executive agency with respect to S.B. 14 is privileged, purely factual information contained in an executive agency's response is not.

Finally, some of the contested documents are letters to the LG from constituents. Constituent letters reveal the constituent's (not the LG's) thoughts and opinions, and so we find that those communications do not fall within any legislative privilege. Moreover, a response to a constituent by the LG or his staff is a "public" document and is not privileged.[6]

Applying the foregoing principles to the list of contested documents, Texas is hereby **ORDERED** to produce, no later than 8:00 a.m. EST May 29, 2012, the documents listed in the chart attached to this Order as Appendix A.

**SO ORDERED**.

Date: May 28, 2012

                          /s/
DAVID S. TATEL
United States Circuit Judge

                          /s/
ROSEMARY M. COLLYER
United States District Judge

                          /s/
ROBERT L. WILKINS
United States District Judge

---

[6] Although neither a constituent letter nor a response is privileged, questions to the LG and his staff about the constituent communications' impact on his thinking and subjective motivations are privileged.

**APPENDIX A**

| Privilege Log | Bates Range | Decision |
|---|---|---|
| May 11, 2012 | TX_00034438-0034438 | Privileged |
| May 11, 2012 | TX_00034449-00034449 | Privileged |
| May 11, 2012 | TX_00034450-00034451 | Produce |
| May 11, 2012 | TX_00034453-00034453 | Produce. No legislative privilege claimed on privilege log |
| May 11, 2012 | TX_00034455-00034456 | Privileged |
| May 11, 2012 | TX_00034457-00034457 | Produce (redact subject line and first line of email) |
| May 11, 2012 | TX_00034458-00034459 | Privileged |
| May 11, 2012 | TX_00034460-00034460 | Privileged |
| May 11, 2012 | TX_00034464-00034465 | Privileged |
| May 11, 2012 | TX_00034467-00034468 | Privileged |
| May 11, 2012 | TX_00034469-00034469 | Privileged |
| May 11, 2012 | TX_00034470-00034471 | Privileged |
| May 11, 2012 | TX_00034473-00034473 | Produce (entire document not just redacted version) |
| May 11, 2012 | TX_00034474-00034476 | Produce |
| May 11, 2012 | TX_00034477-00034477 | Privileged |
| May 11, 2012 | TX_00034478-00034497 | Privileged |
| May 11, 2012 | TX_00034498-00034498 | Privileged |
| May 11, 2012 | TX_00034499-00034515 | Privileged |
| May 11, 2012 | TX_00034516-00034516 | Privileged |
| May 11, 2012 | TX_00034519-00034522 | Privileged |

8

| **Privilege Log** | **Bates Range** | **Decision** |
|---|---|---|
| May 11, 2012 | TX_00034524-00034525 | Produce |
| May 11, 2012 | TX_00034526-00034553 | Produce |
| May 11,2012 | TX_00034554-00034554 | Produce |
| May 11, 2012 | TX_00034555-00034556 | Produce. Insufficient privilege log |
| May 11, 2012 | TX_00034557-00034558 | Privileged |
| May 11, 2012 | TX_00034559-00034559 | Produce. Insufficient privilege log |
| May 11, 2012 | TX_00034560-00034560 | Privileged |
| May 11, 2012 | TX_00034561-00034562 | Privileged |
| May 11, 2012 | TX_00034563-00034565 | Privileged |
| May 11, 2012 | TX_00034566-00034566 | Privileged |
| May 11, 2012 | TX_00034567-00034569 | Privileged |
| May 11, 2012 | TX_00034570-00034571 | Privileged |
| May 11, 2012 | TX_00034572-00034574 | Privileged |
| May 11, 2012 | TX_00034575-00034575 | Privileged |
| May 11, 2012 | TX_00034576-00034576 | Privileged |
| May 11, 2012 | TX_00034577-00034577 | Privileged |
| May 11, 2012 | TX_00034578-00034579 | Privileged |
| May 11, 2012 | TX_00034580-00034581 | Privileged |
| May 11, 2012 | TX_00034582-00034589 | Privileged |
| May 11, 2012 | TX_00034590-00034591 | Privileged |
| May 21, 2012 | TX_00087007-TX_870014 | Privileged |

| Privilege Log | Bates Range | Decision |
|---|---|---|
| May 21, 2012 | TX_00087023-TX-00087027 | Produce (redact subject line and all text in TX_00087023 except url) |
| May 21, 2012 | TX_00087028-TX_00087032 | Privileged |
| May 21, 2012 | TX_00087033-TX_00087095 | Privileged |
| May 21, 2012 | TX_00087099-TX_00087099 | Privileged |
| May 21, 2012 | TX_00087166-TX_00087278 | Privileged |
| May 21, 2012 | TX_00087279-TX_00087280 | Privileged |
| May 21, 2012 | TX_00087306-TX_00087306 | Privileged |
| May 21, 2012 | TX_00087307-TX_00087308 | Privileged |
| May 21, 2012 | TX_00087309-TX_00087309 | Privileged |
| May 21, 2012 | TX_00087310-TX_00087311 | Privileged |
| May 21, 2012 | TX_00087312-TX_00087312 | Privileged |
| May 21, 2012 | TX_00087313-TX_00087315 | Privileged |
| May 21, 2012 | TX_00087348-TX_00087368 | Privileged |
| May 21, 2012 | TX_00087369-TX_00087386 | Privileged |
| May 21, 2012 | TX_00087397-TX_00087398 | Privileged |
| May 21, 2012 | TX_00087575-TX_00087578 | Produce |
| May 21, 2012 | TX_00087579-TX_00087580 | Produce |
| May 21, 2012 | TX_00087585-TX_00087586 | Produce |
| May 21, 2012 | TX_00088063-TX_00088066 | Produce |

**U.S. Department of Justice**

Civil Rights Division

*Voting Section - NWB*
*950 Pennsylvania Ave, NW*
*Washington, DC 20530*

May 25, 2012

Patrick K. Sweeten, Esq.
Office of the Attorney General
P.O. Box 12548
Austin, TX 78701
patrick.sweeten@texasattorneygeneral.gov

      Re: *Texas v. Holder*, Civil Action No 1:12-cv-00128 (D.D.C.)

Dear Mr. Sweeten:

      I write concerning the State of Texas's ("Texas") assertion of legislative privilege over certain communications involving Lieutenant Governor David Dewhurst and his staff as well as documents in the possession of the Lieutenant Governor and his staff in Texas's May 11, 2012 and May 21, 2012 privilege logs. I also write concerning Texas's assertion of attorney-client privilege over communications between the Lieutenant Governor's office and state legislators. For the reasons given below, your assertion of these privileges over numerous documents referenced in the logs is improper. Accordingly, the Attorney General requests that you produce these materials immediately. Since these documents relate to witnesses who will be deposed beginning at 9:30 a.m. on Tuesday and Wednesday, the Attorney General will seek immediate Court intervention should you refuse to comply with this request.

      It is well-settled that legislative privilege protects only legislative acts.[1] *Hutchinson v. Proxmire*, 443 U.S. 111, 125 (1979) ("The gloss going beyond a strictly literal reading of the Clause has not, however, departed from the objective of protecting only legislative activities."). Legislative acts include action taken on the legislative floor, such as introducing legislation, participating in debates and committee hearings, and voting. *See, e.g.*, *Gravel v. United States*, 408 U.S. 606, 625 (1972); *Kilbourn v. Thompson*, 103 U.S. 168 (1881). Not everything a legislator does, however, is privileged. *See Gravel*, 408 U.S. at 625 ("Legislative acts are not all-encompassing."); *Fields v. Office of Eddie Bernice Johnson*, 459 F.3d 1, 10-12 (D.C. Cir. 2006) (en banc). Rather, any assertion of legislative privilege must stem from a legislative act. *Fields*, 459 F.3d at 12 ("[C]onduct must be 'part of,' not merely 'related to,' the 'due functioning' of the 'legislative process' to be protected by the Speech or Debate Clause.").

---

[1] The Court has found that a state legislative privilege exists, "[a]lthough the contours of the privilege remain somewhat uncertain," and the privilege "may not be as broad as Texas asserts." Order, 1-2, Apr. 20, 2012 (Doc. 84). This letter in no way waives the Attorney General's objections to the general assertion of legislative privilege in cases where the government's intent is at issue; the Attorney General continues to maintain that legislative privilege does not apply in this case. *See* Mot. to Compel, May 21, 2012 (Doc. 136). Rather, this letter seeks to notify you that your assertions of legislative privilege in this area also extend well beyond even the outer boundaries of the Speech or Debate Clause protection afforded to federal legislators, and therefore are improper regardless of how the Court may resolve the Attorney General's May 21, 2012 Motion to Compel.

Here, Texas asserts legislative privilege over numerous documents and communications concerning Lieutenant Governor Dewhurst and his staff on the ground that the Lieutenant Governor is the president of the Senate. *See, e.g*., May 11, 2012 Privilege Log at 331, 434-468; May 21, 2012 Privilege Log at 202-204. Under the Texas constitution and Senate rules, however, the Lieutenant Governor has only limited, specified powers in the Senate. As an initial matter, the Texas constitution identifies the Lieutenant Governor as part of the "Executive Department of the State." Tex. Const. art. 4 § 1. Moreover, the Lieutenant Governor does not have the same legislative powers as a full Senate member—for instance, the Lieutenant Governor cannot introduce legislation. *See* Texas Senate Rules, 82nd Legislature (adopted Jan. 19, 2011). While he may cast a vote in the event of a Senate tie, he may debate and vote on all issues only when the Senate sits as a Committee of the Whole. *See id*. at 46, 98.

Given the Lieutenant Governor's limited legislative powers, your assertion of legislative privilege over all communications and documents from the Lieutenant Governor's office is overbroad. Each assertion of legislative privilege must be tied to a particular legislative act. *See Fields*, 459 F.3d at 12. Since the Lieutenant Governor's legislative powers are limited, many of the communications and documents over which you assert the privilege do not bear a direct connection to legislative acts by the Lieutenant Governor—most notably, legislative drafting. *See, e.g*., May 11 Privilege Log at 436, 438; May 21 Privilege Log at 203, 204. Rather, as the Lieutenant Governor cannot introduce legislation, his draft legislation is no different from that of other executive officers, and does not constitute a legislative act. Your assertion of legislative privilege over these materials is therefore improper, and the Attorney General asks for their immediate production.

In addition, Texas's assertion of attorney-client privilege over communications between the Lieutenant Governor's office and legislators has no basis in applicable law. *See, e.g*., May 11, 2012 Privilege Log at 331, 434-368; May 21, 2012 Privilege Log at 202-204. Assertion of the attorney-client privilege requires the existence of an attorney-client relationship. *In re Sealed Case*, 737 F.2d 94, 98-99 (D.C. Cir. 1984) (detailing elements for formation of attorney-client relationship); Order, 5-6, May 21, 2012 (Doc. 128). You have provided no basis for the conclusion that attorneys and/or staff in the Lieutenant Governor's office have an attorney-client relationship with attorneys and/or staff of Texas legislators, or the legislators themselves. Moreover, to the extent that the attorneys provided policy advice, rather than legal advice, the communications are not privileged. *See In re Lindsey,* 148 F.3d 1100, 1113 (D.C. Cir. 1998) (per curiam). Accordingly, the attorney-client privilege provides no legitimate basis for withholding these materials.

In conclusion, the Attorney General asks that Texas immediately withdraw its assertion of privilege over these materials from the Lieutenant Governor's office. Given the highly compressed discovery schedule in this case and the urgency of resolving these disputes before the depositions scheduled for early next week, the Attorney General will seek Court intervention absent an immediate oral or written response to this letter that withdraws the State's assertions of privilege identified above and guarantees the immediate production of all improperly withheld documents.

Sincerely,

*/s/Risa Berkower*

Risa Berkower
Attorney, Voting Section

cc: all counsel



## ATTORNEY GENERAL OF TEXAS
### GREG ABBOTT

May 25, 2012

*Sent Via Electronic Mail*
Hon. Rosemary M. Collyer
Hon. David S. Tatel
Hon. Robert L. Wilkins
United States District Court
for the District of Columbia
333 Constitution Avenue N.W.
Washington D.C. 20001

  Re: *Texas v. Holder*, Civil Action No. 1:12-cv-128

To the Honorable Judges Tatel, Collyer and Wilkins,

  As requested by the Court, the State of Texas submits this letter in response to the letter submitted this morning by the Department of Justice to the State of Texas and the Court, in which the Department of Justice raises concerns about certain privileges Texas has asserted. Texas appreciates this opportunity to clarify for the Court the basis for its assertion of specific privileges relating to the Lieutenant Governor's Office.

  First, as the Department of Justice recognizes, the State of Texas has asserted legislative privilege over certain communications involving the Lieutenant Governor and his staff as well as documents in his office's possession. The Department of Justice acknowledges that these documents were referenced in Texas's May 11 and May 21 privilege logs.

  The Department of Justice, though it references no specific document, requests the withdrawal of all Texas's claims of legislative privilege relating to the Lieutenant Governor and his staff. Despite having the privilege log since May 11, the Department of Justice has not raised this new issue in a motion to compel production of specific documents, nor as a part of its prior motion. Texas respectfully requests that the Court approach this newly raised issue in the same manner as it previously stated it would address other issues of legislative privilege in its Order of May 21, 2012 [<u>Order</u>, Docket No. 128], wherein the Court stated it would, "refrain from ruling on the state legislative privilege piecemeal" as the Court anticipates "additional briefing on state legislative privilege following the deposition of state legislators". <u>Id.</u> at pg. 4. Depositions of the Lieutenant Governor's staff members are scheduled to commence next week.

Case 2:13-cv-00193 Document 315-6 Filed on 06/04/14 in TXSD Page 16 of 18
Case 1:12-cv-00128-RMC-DST-RLW Document 154-2 Filed 05/28/12 Page 2 of 4

Hon. David S. Tatel
Hon. Rosemary M. Collyer
Hon. Robert L. Wilkins
May 25, 2012
Page 2

In any event, the arguments asserted by the Department of Justice miss the mark. The Department of Justice solely cites <u>federal</u> case law for general concepts of legislative privilege, but the basis of its newfound attack on legislative privilege is the application of legislative privilege to the Texas Lieutenant Governor's office. In short, the issue of whether the Lieutenant Governor of the State of Texas exercises legislative power, and thus whether the legislative privilege applies, is a question of state law, not federal law.

The Texas Constitution defines the role of the Lieutenant Governor, who in addition to being a statewide elected executive branch official, is also the President of the Senate. Unlike the Vice President in the federal system, as President of the Senate, the Lieutenant Governor does not merely sit at the front of the chamber and break ties. Rather, the Lieutenant Governor appoints Senate committees and effectively controls the day to day flow of business in the Senate chamber when the legislature is in session. The Texas Supreme Court has clarified the Lieutenant Governor's dual role:

> "In the first place, the Constitution defines the Lieutenant Governor to be a Senate officer. Article IV, section 16 states: "The Lieutenant Governor, shall by virtue of his office, be President of the Senate, and shall have, when in Committee of the Whole, a right to debate and vote on all questions; and when the Senate is equally divided to give the casting vote." Although section 16 also gives the Lieutenant Governor the powers and authority of Governor in specified circumstances, these do not detract from the express reference to the Lieutenant Governor as a Senate officer."
>
> "Moreover, article III, section 9 contemplates that the Lieutenant Governor is a Senate officer.

*In re Texas Senate,* 36 S.W.3d 119, 120 (Tex. 2000)(internal citations omitted)(noting that the Lieutenant Governor also "perform[s] the duties of a State official in the Executive Department of the government with duties beyond those as a Senate officer").

Consistent with the Texas Supreme Court's determination that the Texas Constitution defines the Texas Lieutenant Governor as a Senate officer, the State of Texas has properly asserted legislative privilege as to communications and documents involving the Lieutenant Governor and his staff, regarding pending Senate Bill 14.

Hon. David S. Tatel
Hon. Rosemary M. Collyer
Hon. Robert L. Wilkins
May 25, 2012
Page 3

The Department of Justice also asks Texas to withdraw its claim of attorney-client privilege as to documents produced from the Texas Lieutenant Governor's Office. However, the Department of Justice has not raised this issue in the context of a motion to compel the production of specific documents.

The Department of Justice fails to cite a specific instance in Texas's privilege log or in depositions where it contends Texas has improperly asserted the attorney-client privilege. Texas respectfully requests that the Court approach this privilege issue in the same manner that it previously has approached other issues of attorney-client privilege, where the Court instructed, "In the absence of a motion seeking to compel their production, the Court will not determine the extent to which each of the claimed documents is covered by the privilege." [Order, Docket No. 128, pg. 6.] As depositions of legislators and staff members from the Lieutenant Governor's office are ongoing with more scheduled for next week, Texas respectfully requests that the Court deny the invitation by the Department of Justice to issue a premature blanket order upon the attorney-client privilege issue.

Moreover, the State of Texas has properly asserted the attorney-client privilege over communications between the Lieutenant Governor and attorneys on his staff, since the attorney-client relationship exists in that context. The Lieutenant Governor maintains attorneys on his staff whose purpose is to provide legal advice and counsel. As such, communications from these attorneys is clearly protected under the attorney-client privilege. The State of Texas has also properly asserted the attorney-client privilege over communications between the Lieutenant Governor's staff who are attorneys and legislators themselves who sought legal advice relating to Senate Bill 14.

Respectfully Submitted,

/s/ Patrick K. Sweeten
Patrick K. Sweeten
Assistant Attorney General
Office of the Attorney General of Texas
(512) 936-1307 / (512) 936-0545 (fax)

Hon. David S. Tatel  
Hon. Rosemary M. Collyer  
Hon. Robert L. Wilkins  
May 25, 2012  
Page 4

PKS:apw  
cc:     All counsel of record