# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> RICK PERRY, *et al.*, <br><br> Defendants. | Civil Action No. 2:13-cv-193 (NGR) |
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, *et al.*, <br><br> Plaintiff-Intervenors, <br><br> TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, *et al.*, <br><br> Plaintiff-Intervenors, <br><br> v. <br><br> STATE OF TEXAS, *et al.*, <br><br> Defendants. | Civil Action No. 2:13-cv-263 (NGR) |

TEXAS STATE CONFERENCE OF NAACP
BRANCHES, *et al.*,

                Plaintiffs,

       v.

NANDITA BERRY, *et al.*,

                Defendants.

Civil Action No. 2:13-cv-291 (NGR)

BELINDA ORTIZ, *et al.*,

                Plaintiffs,

       v.

STATE OF TEXAS, *et al.*,

                Defendants

Civil Action No. 2:13-cv-348 (NGR)

## PLAINTIFF UNITED STATES' RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION TO PLAINTIFF UNITED STATES OF AMERICA

       Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the United States hereby responds to Defendants' First Request for Production to Plaintiff United States of America ("RFPs" or "requests").  In formulating these responses, the United States has relied on the documents available to it at this time.  Further documents may be obtained in discovery.  The United States will furnish any such documents to the extent required under Rule 26 of the Federal Rules of Civil Procedure.

- 2 -

## GENERAL OBJECTIONS

1.      The United States objects to the requests, including the instructions and definitions, to the extent they purport to impose upon the United States any obligations different from, or greater than, those established or required by the Federal Rules of Civil Procedure and to the extent that they call for disclosure of information beyond the scope of what is required to be disclosed under Rule 26(b).

2.      The United States also objects to the requests to the extent they seek documents outside the scope of or in a format different from the Agreement Concerning Production Format (ECF No. 61-6).

3.      The United States also objects to the requests to the extent that they are unduly burdensome, overly broad, vague, and not reasonably calculated to lead to the discovery of admissible evidence.

4.      The United States objects to the overbreadth of the definition of "you" and "your," to the extent that the definition includes the Department of Defense, the United States Citizenship and Immigration Services, the Department of State, the Social Security Administration, the Department of Veterans' Affairs, the Department of Homeland Security, and "any agent, department, or agency, or other entity acting on [the United States'] behalf or under its authority."   The United States also objects to the extent that the burden or expense associated with responding to requests directed to "you" or "your" outweighs the likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii).  The United States further objects to the extent that the requests applied to "you" or "your" seek documents are not reasonably calculated to lead to the discovery of admissible evidence.

5.      The United States objects to the overbreadth and vagueness of the definition of "SB 14," insofar as it extends beyond the legislation that the State of Texas enacted as SB 14 in 2011 to include "all companion and predecessor bills filed during previous sessions, whether regular or special, of the Texas Legislature, and all alternative bills or proposals, whether filed or not, relating to Texas Voter ID."  The United States also objects to the use of the term "Texas Voter ID," which the requests fail to define.  The United States further objects to the extent that the burden or expense associated with responding to requests using this definition of "SB 14" outweighs the likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii).  The United States further objects to the extent that requests using this definition of "SB 14" seek documents outside the possession, custody, and control of the United States insofar as they request "proposals" related to "Texas Voter ID" and draft bills that are unknown by the United States.  In responding to these requests, when the United States refers to "SB 14," it is referring solely to Texas Senate Bill 14 (2011).

6.      The United States objects to the overbreadth of the definition of "electronically stored information," insofar as it includes temporary files, voicemail messages and files, history files, caches, and cookies.  The United States further objects to the extent that the burden or expense associated with producing temporary files, voicemail messages and files, history files, caches, and cookies outweighs the likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii).  The United States also objects to the extent that the requests for temporary files, voicemail messages and files, history files, caches, and cookies seek documents not reasonably calculated to lead to the discovery of admissible evidence.  *See* Agreement Concerning Production Format (ECF No. 61-6).

- 4 -

7.     The United States also objects to the requests to the extent that they seek to discover internal documents prepared in anticipation of litigation by attorneys of the United States Department of Justice or non-attorney employees of the Department working under the supervision of Department attorneys.  The parties have already agreed that these specific categories of documents are privileged documents and that parties are relieved of any responsibility to log them.  Agreement Concerning Production Format at ¶ 25.  Moreover, these documents are protected from disclosure under the work product doctrine.  Fed. R. Civ. P. 26(b)(3); *In re Kaiser Aluminum & Chem. Co.*, 214 F.3d 586, 593 (5th Cir. 2000).

8.     The United States further objects to each of the requests to the extent that they seek to discover the mental impressions, conclusions, opinions, legal strategies or legal theories of attorneys of the United States Department of Justice or non-attorney employees of the Department working under the supervision of Department attorneys.  Such information is protected as attorney work product.  *See Hickman v. Taylor*, 329 U.S. 495 (1947).  This doctrine applies both to work produced by government attorneys in anticipation of litigation, *see NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 154 (1975); *United States v. Mann*, 61 F.3d 326, 331 (5th Cir. 1995), and to the work product of a staff member of a federal agency who works under the supervision of a government attorney.  *See Sterling Drug Inc. v. Harris*, 488 F. Supp. 1019, 1026-27 (S.D.N.Y. 1980); *see also Hertzberg v. Veneman*, 273 F. Supp. 2d 67, 76-78 (D.D.C. 2003).

9.     The United States also objects to the requests to the extent that they seek documents that are predecisional and deliberative.  Such documents are protected from disclosure pursuant to the deliberative process privilege.  *See, e.g.*, *May v. Dep't of Air Force*, 777 F.2d 1012, 1014-15 (5th Cir. 1984); *SEC v. Cuban*, No. 3:08-cv-2050, 2013 WL 1091233, at

*9 (N.D. Tex. Mar. 15, 2013).  Application of the deliberative process privilege is necessary to prevent injury to the quality of decisions made by federal agencies.  *See Sears, Roebuck & Co.*, 421 U.S. at 150-54; *J.H. Rutter Rex Mfg. Co. v. NLRB*, 473 F.2d 223, 234 (5th Cir. 1973); *EEOC v. Fina Oil & Chem. Co.*, 145 F.R.D. 74, 75 (E.D. Tex. 1992).

10.     The United States further objects to the requests to the extent that they seek to discover internal documents prepared during the course of an investigation.  Internal documents in the custody of the United States may be covered by recognized investigatory and law enforcement privileges.  *See In re U.S. Dep't of Homeland Sec.*, 459 F.3d 565, 569-70 (5th Cir. 2006) (recognizing law enforcement privilege); *see also Tuite v. Henry*, 181 F.R.D. 175, 176-77 (D.D.C. 1998), *aff'd*, 203 F.3d 53 (D.C. Cir. 1999); *McPeek v. Ashcroft*, 202 F.R.D. 332, 336 (D.D.C. 2001).

11.     The United States further objects to the requests to the extent that they seek to discover documents protected from disclosure by the attorney-client privilege.  *See United States v. Nelson*, 732 F.3d 504, 518 (2013).

12.     The United States further objects to the requests to the extent that they seek to discover documents protected from disclosure by the common interest doctrine, which limits waiver of the attorney-client privilege "if a privileged communication is shared with a third person who has a common legal interest with respect to the subject matter of the communication."  *Hodges, Grant & Kaufmann v. IRS*, 768 F.2d 719, 721 (5th Cir. 1985); *see also In re LTV Sec. Litig.*, 89 F.R.D. 595, 604 (N.D. Tex. 1981).

13.     The United States also objects to the requests to the extent that they seek documents and electronically stored information not within its possession, custody, or control. *See* Fed. R. Civ. P. 34(a)(1); *see also United States v. Trevino*, 556 F.2d 1265, 1271-72 (5th Cir.

1977); *United States v. Bryan*, 868 F.2d 1032, 1036 (9th Cir. 1989); *see also Kyles v. Whitley*, 514 U.S. 419, 437 (1995).  The United States further objects to the requests to the extent that they seek documents and electronically stored information in the possession of the United States Congress.  *See Trevino*, 556 F.2d at 1270; *United States v. Zavala*, 839 F.2d 523, 528 (9th Cir. 1988); *see also INS v. Chadha*, 462 U.S. 919, 951-52 (1983).

14.     The United States also objects to the requests to the extent that they seek information protected from disclosure by the Privacy Act.  5 U.S.C. § 552a(b); *Jacobs v. Nat'l Drug Intelligence Ctr.*, 423, F.3d 512, 516 (5th Cir. 2005).

15.     The United States also objects to the requests to the extent that they seek documents already in the possession, custody, or control of, or otherwise equally available to defendants, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.  Fed. R. Civ. P. 26(b)(2)(C)(i); *Cabral v. U.S. Dep't of Justice*, 587 F.3d 13, 23-24 (1st Cir. 2009).

16.     The United States also objects to the requests to the extent that the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011).

17.     By answering these requests, the United States does not concede the relevance or materiality of the documents requested, nor of the subject matter to which the request refers. Rather, the responses are made expressly subject to, and without in any way waiving or intending to waive, any question or objection as to the competency, relevancy, privilege, or admissibility as evidence, of any of the matters referred to in the responses.

18.     These general objections apply to each individual request unless specifically otherwise stated.  Reiteration of any general objection in response to a specific request shall not be construed to limit the applicability of any other general objection.  Moreover, any attempt to answer or respond to any request to which a general objection is made does not in any way waive the objection.

## RESERVATION OF RIGHTS

The United States' responses to Defendants' First Request for Production of Documents to Plaintiff United States of America are made without waiving or intending to waive, but, on the contrary, intending to preserve and preserving:

1.     All questions as to the competency, relevance, materiality, privilege, and admissibility of any response, evidence, information, or document for any purpose at any hearing in this matter or any other proceedings;

2.     The right to object on any grounds to the use of the information provided in any hearing in this matter or in any other proceeding;

3.     The right to object on any grounds at any time to other requests for production of documents or other discovery, including but not limited to demands for further responses to Defendants' First Request for Production of Documents to Plaintiff United States of America;

4.     The right to revise, correct, supplement, clarify, and amend the responses set forth herein consistent with the Federal Rules of Civil Procedure.

## SPECIFIC RESPONSES AND OBJECTIONS

In addition to the foregoing general objections, the United States asserts the following specific objections and responses to each request for production of documents:

**REQUEST FOR PRODUCTION NO. 1:**

Please produce all fields in any database in your possession, custody or control, including but not limited to databases from the: (1) Department of Defense; (2) United States Citizenship and Immigration Services; (3) Department of State; (4) United States Social Security Administration; (5) Department of Veterans' Affairs; (6) United States Census Bureau; and (7) Department of Homeland Security, that might show a person has a photographic identification acceptable for voting in Texas under current Texas law.

**RESPONSE:**

The United States objects to this request as overbroad insofar as it seeks tens of millions of records containing highly confidential personal identifying and other sensitive information, the release of which is prohibited by the Privacy Act, absent entry of a court order in compliance with the Act.  5 U.S.C. § 552a(b)(11).  The United States also objects to this request to the extent that production of databases of holders of United States passports could undermine the security of the passport issuance process and the national security of the United States.

The United States further objects to this request to the extent that it seeks information not reasonably calculated to lead to the discovery of admissible evidence, insofar as it seeks records relating to persons who are not subject to the photographic identification requirements of SB 14.  In particular, the United States objects to this request to the extent that it seeks documents related to persons who are ineligible to vote in Texas, including those who are not current or former Texas residents and those who are not of voting age, and thus not presently subject to the photographic identification requirements of SB 14.

The United States further objects to this request as vague to the extent that it fails to identify the fields of any database it requests or to define the phrase "photographic identification

- 9 -

acceptable for voting in Texas under current Texas law."  The United States also objects to this request to the extent that it seeks documents from the Department of Homeland Security relating to persons who possess a Texas driver license, which are already or should be in the possession, custody, or control of the Texas Department of Public Safety; persons who possess a United States passport, which are in the possession of the Department of State; and United States Coast Guard military identification records, which are in the possession of the Department of Defense.

Subject to and without waiving these general or specific objections, the Social Security Administration and the Census Bureau have no responsive documents.  With regard to the Department of Defense, Department of Homeland Security, United States Citizenship and Immigration Services, Department of State, and Department of Veterans' Affairs, the United States, upon entry of an appropriate order or orders, as required by the Privacy Act, will produce those responsive, non-privileged data generated pursuant to a mutually agreed upon data comparison procedure conducted against the Texas Election Administration Management (TEAM) database.  The United States will prepare and circulate an illustrative algorithm to all parties.  Once agreement is reached on the appropriate matching algorithm(s), the parties will jointly submit a copy of the TEAM database and respective algorithm to these four federal agencies.  Each agency would then append output to the TEAM database indicating the results of the comparison between individual voter records in TEAM and database records maintained by Federal agencies regarding possession of the forms of Federal identification at issue.

**REQUEST FOR PRODUCTION NO. 2:**

Please produce all documents, electronically stored information, data, database dictionaries, codes, manuals, or software necessary to facilitate use of all databases requested in Request for Production No. 1, above.

- 10 -

**RESPONSE:**

See response and objections to Request for Production No. 1. The United States also objects to this request as premature, as the Court has not entered any order, consistent with the Privacy Act, directing the Department of Defense, United States Citizenship and Immigration Services, Department of State, Department of Veterans' Affairs, or Department of Homeland Security to produce documents responsive to Request for Production No. 1. The United States further objects to this request to the extent that it seeks documents that can be obtained from some other source that is more convenient, less burdensome, or less expensive, including system of records notices published in the Federal Register pursuant to the Privacy Act.

Subject to and without waiving these general or specific objections, for each agency identified in the response to Response 1 that has responsive records, the United States will produce the system of records notices, which is published pursuant to the Privacy Act and identifies the information maintained in the databases that would be included in the data comparison procedure described in the response and objections to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce all documents, electronically stored information, data or databases (including all fields contained within the requested databases and codes used within the individual fields) used by Plaintiff to match or that could be used to match to any of the State of Texas' databases requested by Plaintiffs. This request includes but is not limited to any non-government databases such as those generated or maintained by private entities including but not limited Catalist LLC or Experian.

- 11 -

**RESPONSE:**

See response and objections to Requests for Production Nos. 1, 5, and 6.  The United States objects to this request as overbroad and vague and on the ground that it seeks information not within the United States' possession, custody, or control.  The United States also objects to this request to the extent that it seeks information not reasonably calculated to lead to the discovery of admissible evidence.

Subject to these general and specific objections, the United States will produce non-privileged documents that are relevant and responsive to this request

**REQUEST FOR PRODUCTION NO. 4:**

Please produce the United States Social Security Administration's Death Master File.

**RESPONSE:**

The United States objects to this request to the extent it seeks information not reasonably calculated to lead to the discovery of admissible evidence, insofar as it seeks death records of persons who have never been registered to vote, or eligible for voter registration, in the State of Texas and thus are not subject to the photo identification requirements of SB 14.

Subject to and without waiving these general or specific objections, the United States will produce the United States Social Security Administration Death Master File, as maintained by the National Technical Information Service (NTIS).

**REQUEST FOR PRODUCTION NO. 5:**

Please produce all documents, electronically stored information, or databases that identify those who have been determined by the United States Social Security Administration to have a disability.

- 12 -

**RESPONSE:**

The United States objects to this request as overbroad insofar as it seeks tens of millions of records containing highly confidential personal identifying and other sensitive information, the release of which is prohibited by the Privacy Act, absent entry of a court order in compliance with the Act. 5 U.S.C. § 552a(b)(11). The United States also objects to this request to the extent that it seeks information not reasonably calculated to lead to the discovery of admissible evidence, insofar as it seeks records relating to persons who are ineligible to vote in the State of Texas—and thus not subject to the photographic identification requirements of SB 14—and insofar as it seeks records of persons whose disability benefits have been terminated and are thus ineligible for an exemption from the photographic identification requirements of SB 14.

Subject to and without waiving these general or specific objections, the United States will produce responsive, non-privileged data generated pursuant to a data comparison procedure against the TEAM database described in the response and objections to Request for Production No. 1, if the Court enters an order as required by the Privacy Act and Social Security regulations, 20 C.F.R. § 401.180, directing the Social Security Administration to produce such data.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce all documents, electronically stored information, or databases that identify those who have been determined by the United States Department of Veterans Affairs to have a disability rating of at least 50 percent.

**RESPONSE:**

The United States objects to this request as overbroad insofar as it seeks tens of millions of records containing highly confidential personal identifying and other sensitive information, the release of which is prohibited by the Privacy Act, absent entry of a court order in compliance

- 13 -

with the Act.  5 U.S.C. § 552a(b)(11).  The United States also objects to this request to the extent

that it seeks information not reasonably calculated to lead to the discovery of admissible

evidence, including records relating to persons who are ineligible to vote in the State of Texas—

and thus not subject to the photographic identification requirements of SB 14—and records of

persons whose disability rating has been removed or reduced below 50 percent and are thus

ineligible for an exemption from the photographic identification requirements of SB 14.

Subject to and without waiving these general or specific objections, the United States will

produce responsive, non-privileged data generated pursuant to a data comparison procedure

against the TEAM database described in the response and objections to Request for Production

No. 1, upon entry of an order by the Court as required by the Privacy Act directing the

Department of Veterans Affairs to produce such data.

## REQUEST FOR PRODUCTION NO. 7:

Please produce all documents and electronically stored information related to the

administrative preclearance process, maintained pursuant to 28 C.F.R. § 51.50(a), for SB 14.

**RESPONSE:**

The United States objects to this request to the extent that it seeks documents that contain

attorney mental impressions, recommendations, thoughts, opinions or other attorney work

product—which are thus protected by the work product doctrine—and seeks documents that

contain the pre-decisional mental impressions, recommendations, thoughts, and opinions of

government officials—which are therefore protected by the deliberative process privilege.  The

United States also objects to this request to the extent that it seeks information not reasonably

calculated to lead to the discovery of admissible evidence, including documents that are

unrelated to the United States' claim in this action, or defenses thereto.

- 14 -

Subject to and without waiving these general or specific objections, the United States will produce non-privileged documents that are relevant and responsive to this request.

**REQUEST FOR PRODUCTION NO. 8:**

Please produce all documents and electronically stored information created, collected, received, transmitted or produced by the Department of Justice in relation to the State of Texas's request for administrative preclearance of SB 14 and the review of that request.

**RESPONSE:**

See response and objections to Request for Production No. 7.

Subject to and without waiving these general or specific objections, the United States will produce non-privileged documents that are relevant and responsive to this request.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce all communications concerning SB 14, Senate Bill 362, House Bill 218 and House Bill 1706 between you and any other parties to this litigation, or between you and the Texas Legislature including but not limited to individual Texas Legislators and their staff or representatives during the State of Texas' 82nd Legislature, or any special sessions as well as any other parties to this litigation.

**RESPONSE:**

The United States objects to this request to the extent that it is vague, overly broad, and unduly burdensome.  As set forth in General Objections Number 4 and 5, the United States objects to the definitions of "you" and "your," as used in this request to the extent that they seek communications not reasonably calculated to lead to the discovery of admissible evidence, including communications unrelated to the intent of the Texas Legislature in enacting SB 14 or whether SB 14 results in denying or abridging the right to vote on account of race or color or

membership in a language minority group.  The United States further objects insofar as the request seeks documents outside the United States' custody and control, including communications involving the United States Congress or the Executive Office of the President, to the extent that the Department of Justice was not a party to those communications.  The United States further objects to this request to the extent it seeks communications protected from disclosure by the common interest doctrine.

Subject to and without waiving these general or specific objections, the United States will produce non-privileged communications related to Texas Senate Bill 14 (2011), Senate Bill 362 (2009), House Bill 218 (2007), and House Bill 1706 (2005) between: (1) the Civil Rights Division of the Department of Justice and any Texas Legislators or their staff; (2) the Civil Rights Division of the Department of Justice and any other party, or parties, in this litigation or in the previously filed action concerning SB 14, *Texas v. Holder,* No. 1:12-cv-128 (D.D.C. filed Jan. 24, 2012) ("*Texas v. Holder*"); (3) the Office of the Attorney General of the Department of Justice and any Texas Legislator or their staff; and (4) the Office of the Attorney General of the Department of Justice and any other party, or parties, to this litigation or in the previously filed action concerning SB 14, *Texas v. Holder*.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce all documents and electronically stored information exchanged between you and any individual or group regarding SB 14, including but not limited to communications between you and Members of the U.S. Congress, either past or present, their staff, or their representatives; communications between you and other members of the United States Executive Branch; communications between you and members of the Texas Legislature, either past or

- 16 -

present, and their staff or representatives; communications between you and any media outlets;

or communications between you and any other parties to this litigation.

**RESPONSE:**

See response and objections to Request for Production No. 9.  The United States objects

to this request to the extent that it is vague, overly broad, and unduly burdensome.

The United States objects to the overbreadth of the definition of "electronically stored

information," insofar as it includes temporary files, voicemail messages and files, history files,

caches, and cookies.  *See* General Objection No. 6.  The United States further objects to this

request to the extent that it seeks documents that contain the pre-decisional mental impressions,

recommendations, thoughts, and opinions of government officials, which are protected by the

deliberative process privilege.  The United States also objects to this request to the extent that it

seeks documents that are protected from disclosure by the attorney-client privilege.  The United

States further objects to this request to the extent that it seeks to discover internal documents

prepared during the course of an investigation and protected from disclosure by law enforcement

privileges.

The United States also objects to this request to the extent that it seeks communications

not reasonably calculated to lead to the discovery of admissible evidence.  As set forth in

General Objections Number 4 and 5, the United States objects to the definitions of "you" and

"your," as used in this request to the extent that they seek communications not reasonably

calculated to lead to the discovery of admissible evidence, including communications unrelated

to the intent of the Texas Legislature in enacting SB 14 or the issue of whether SB 14 results in

denying or abridging the right to vote on account of race or color or membership in a language

minority group, including but not limited to communications related to SB 14 between the

- 17 -

Department of Justice and the United States Congress, between the Department of Justice and the Executive Office of the President, and between the United States Congress and the Executive Office of the President.  The United States further objects insofar as the request seeks documents outside the United States' custody and control, including communications involving the United States Congress or the Executive Office of the President, to the extent that the Department of Justice was not a party to those communications.  The United States further objects to this request to the extent it seeks communications protected from disclosure by the common interest doctrine.  Subject to and without waiving these general or specific objections, the United States will produce non-privileged communications related to Texas Senate Bill 14 (2011) between: (1) the Civil Rights Division of the Department of Justice and any Texas Legislator or their staff; (2) the Civil Rights Division of the Department of Justice and any other party, or parties, to this litigation or in the previously filed action concerning SB 14, *Texas v. Holder*; (3) the Office of the Attorney General of the Department of Justice and any Texas Legislator or their staff; (4) the Office of the Attorney General of the Department of Justice and any other party, or parties, to this litigation or in the previously filed action concerning SB 14, *Texas v. Holder*; and (5) the Department of Justice and any media outlets.

**REQUEST FOR PRODUCTION NO. 11:**

Please produce all documents and electronically stored information in your possession, custody or control demonstrating any registered voter in Texas has been unable to obtain photographic identification.

**RESPONSE:**

The United States objects to the definition of "your."  *See* General Objection No. 4.  The State has not yet produced a copy of its statewide voter registration database, and thus the United

States has not yet determined which registered voters do not appear to possess a form of photographic identification required by SB 14.

Subject to and without waiving these general or specific objections, the United States will produce non-privileged documents in the possession, custody, or control of the Department of Justice that are responsive to this request.  The State is already in possession of those documents and electronically stored information it provided in connection with its request for administrative review of SB 14 as well as such material exchanged between the parties in its request for judicial review in *Texas v. Holder*.

**REQUEST FOR PRODUCTION NO. 12:**

Please produce all documents and electronically stored information in your possession, custody or control identifying each registered voter in Texas that you contend has been unable to obtain photographic identification.

**RESPONSE:**

See response and objections to Request for Production No. 11.  Subject to and without waiving these general or specific objections, the United States will produce non-privileged documents in the possession, custody, or control of the Department of Justice that are responsive to this request.

**REQUEST FOR PRODUCTION 13:**

Please produce all documents and electronically stored information in your possession, custody or control demonstrating that any registered voter in Texas has been unable to vote on account of his or her inability to obtain photographic identification.

**RESPONSE:**

See response and objections to Request for Production No. 11.  Subject to and without waiving these general or specific objections, the United States will produce non-privileged documents in the possession, custody, or control of the Department of Justice that are responsive to this request.

**REQUEST FOR PRODUCTION 14:**

Please produce all documents and electronically stored information in your possession, custody or control identifying each registered voter in Texas that you contend has been unable to vote on account of his or her inability to obtain photographic identification.

**RESPONSE:**

See response and objections to Request for Production No. 11.  Subject to and without waiving these general or specific objections, the United States will produce non-privileged documents in the possession, custody, or control of the Department of Justice that are responsive to this request.

Date:  January 23, 2014

KENNETH MAGIDSON                    JOCELYN SAMUELS
United States Attorney             Acting Assistant United States
Southern District of Texas         Civil Rights Division

                                   */s/ Elizabeth S. Westfall*
                                   T. CHRISTIAN HERREN, JR.
                                   MEREDITH BELL-PLATTS
                                   ELIZABETH S. WESTFALL
                                   BRUCE I. GEAR
                                   JENNIFER L. MARANZANO
                                   ANNA M. BALDWIN
                                   DANIEL J. FREEMAN
                                   Attorneys, Voting Section
                                   Civil Rights Division
                                   Department of Justice
                                   950 Pennsylvania Avenue, N.W.
                                   Washington, D.C. 20530

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2014, I served a true and correct copy of the foregoing via electronic mail on the following counsel of record:

John B. Scott
John Reed Clay, Jr.
Gregory David Whitley
Jonathan F. Mitchell
Sean Flammer
Stephen Ronald Keister
Office of the Texas Attorney General
john.scott@texasattorneygeneral.gov
reed.clay@texasattorneygeneral.gov
david.whitley@texasattorneygeneral.gov
jonathan.mitchell@texasattorneygeneral.gov
sean.flammer@texasattorneygeneral.gov
ronny.keister@texasattorneygeneral.gov

*Counsel for Defendants*

Chad W. Dunn
Kembel Scott Brazil
Brazil & Dunn
chad@bradzilanddunn.com
scott@bazilanddunn.com

Neil G. Baron
Law Offices of Neil G. Baron
neil@ngbaronlaw.com

Armand Derfner
Derfner, Altman, & Wilborn
aderfner@dawlaw.com

Luiz Roberto Vera, Jr.
lrvlaw@sbcglobal.net

*Counsel for Veasey Plaintiffs*

Rolando L. Rios
Law Offices of Rolando L. Rios
rrios@rolandorioslaw.com

*Counsel for Texas Association of Hispanic*

*County Judges and County Commissioners*
*Plaintiff-Intervenors*

Christina Swarns
Ryan P. Haygood
Natasha M. Korgaonkar
Leah C. Aden
NAACP Legal Defense and Educational
Fund, Inc.
cswarns@naacpldf.org
rhaygood@naacpldf.org
nkorgaonkar@naacpldf.org
laden@naacpldf.org

Danielle Conley
Jonathan Paikin
Kelly P. Dunbar
Sonya L. Lebsack
Gerald J. Sinzdak
Lynn Eisenberg
M. Hasan Ali
Richard F. Shordt
WilmerHale LLP
danielle.conley@wilmerhale.com
jonathan.paikin@wilmerhale.com
kelly.dunbar@wilmerhale.com
sonya.lebsack@wilmerhale.com
Gerard.sinzdak@wilmerhale.com
Lynn.eisenberg@wilmerhale.com
hasan.ali@wilmerhale.com
richard.shordt@wilmerhale.com

*Counsel for Texas League of Young Voters*
*Plaintiff-Intervenors*

Ezra D. Rosenberg
Amy L. Rudd
Dechert LLP
ezra.rosenberg@dechert.com
amy.rudd@dechert.com

Wendy Weiser
Jennifer Clark
Vishal Agraharkar
Brennan Center for Justice at NYU School
   of Law
wendy.weiser@nyu.edu
jenniferl.clark@nyu.edu
vishal.argraharkar@nyu.edu

Mark A. Posner
Sonia Kaur Gill
Erandi Zamora
Lawyers' Committee for Civil Rights
mposner@lawyerscommittee.org
sgill@lawyerscommittee.org
ezamora@lawyerscommittee.org

*Counsel for Texas State Conference of*
*NAACP Branches Plaintiffs*

Jose Garza
Marinda van Dalen
Robert W. Doggett
Peter McGraw
Texas Rio Grande Legal Aid, Inc.
jgarza@trla.org
mvandalen@trla.org
rdoggett@trla.org
pmcgraw@trla.org

*Counsel for Ortiz Plaintiffs*

*/s/ Elizabeth S. Westfall*
Elizabeth S. Westfall
Voting Section
Civil Rights Division
Department of Justice
Room 7123 NWB
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
elizabeth.westfall@usdoj.gov