# Exhibit 5

# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, JANE HAMILTON, SERGIO DELEON, FLOYD J. CARRIER, ANNA BURNS, MICHAEL MONTEZ, PENNY POPE, OSCAR ORTIZ, KOBY OZIAS, JOHN MELLOR-CRUMLEY, JANE DOE, JOHN DOE, LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), AND DALLAS COUNTY, TEXAS,<br><br>    *Plaintiffs,*<br><br>v.<br><br>RICK PERRY, Governor of Texas; and JOHN STEEN, Texas Secretary of State,<br><br>    *Defendants.* | CIVIL ACTION NO.<br>2:13-CV-193 (NGR)<br>[Lead case] |
| UNITED STATES OF AMERICA,<br><br>    *Plaintiffs,*<br><br>v.<br><br>STATE OF TEXAS, JOHN STEEN, in his official capacity as Texas Secretary of State; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety,<br><br>    *Defendants.* | CIVIL ACTION NO.<br>2:13-CV-263 (NGR)<br>[Consolidated case] |
| TEXAS STATE CONFERENCE OF NAACP BRANCHES; and the MEXICAN AMERICAN LEGISLATIVE CAUCUS OF THE TEXAS HOUSE OF | |

| | |
|---|---|
| REPRESENTATIVES,                    )<br>                                                          )<br>    *Plaintiffs,*                              )<br>                                                          )<br>v.                                                       )   CIVIL ACTION NO.<br>                                                          )   2:13-CV-291 (NGR)<br>JOHN STEEN, in his official capacity as  )   [Consolidated case]<br>Secretary of State of Texas; and STEVE  )<br>McCRAW, in his official capacity as Director )<br>of the Texas Department of Public Safety,   )<br>                                                          )<br>    *Defendants*.                            | |

## DEFENDANTS' FIRST REQUEST FOR PRODUCTION
## TO PLAINTIFF UNITED STATES OF AMERICA.

Pursuant to the Federal Rules of Civil Procedure, Defendants, the State of Texas, Rick Perry, John Steen and Steve McCraw, by and through the Attorney General for the State of Texas requests that you identify and produce the documents and items requested below for inspection and copying and deliver copies to counsel for Defendants. Please serve your responses and any objections on the undersigned attorneys on January 4, 2014. This request is continuing in nature as provided by Rule 26(e) of the Federal Rules of Civil Procedure.

## **DEFINITIONS**

The following terms have the following meanings, unless the context requires otherwise:

1.  <u>Parties.</u> The term "parties" includes Plaintiffs, Defendants, and Intervenors, as well as a party's full or abbreviated name or a pronoun referring to a party, and, when applicable, his agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

2.  <u>Person.</u> The term "person" means any natural person, a business, a legal or governmental entity, or an association.

3.  <u>You & your.</u> The terms "you" and "your" means the United States of America or any agent, department, agency, or other entity acting on its behalf or under its authority including but not limited to the Department of Justice, the Department of Defense, the United States Citizenship and Immigration Services, the Department of State, the United States Social Security Administration, the Department of Veteran's Affairs, the United States Census Bureau, the Department of Homeland Security, and Eric H. Holder, Jr., Attorney General of the United States and his agents, representatives, attorneys, experts, and other persons acting or purporting to act on Eric H. Holder, Jr's behalf.

4.  <u>Material.</u> The term "material" means all documents, electronically stored information, or tangible things. The term is synonymous with and equal in scope to the terms "documents," "electronically stored information," and "tangible things" in Federal Rule of Civil Procedure 34(a)(1).  A draft or non-identical copy of a document, electronically stored information, or a tangible thing is a separate item within the meaning of this term.

    a. <u>Document.</u> The term "document" means information that is fixed in a tangible medium, such as paper. It includes, but is not limited to, writings, drawings, films, charts, photographs, notices, memoranda, diaries, minutes, correspondence, books, journals, ledgers, reports, worksheets, notes, printed e-mails, letters, abstracts, audits, charts, checks, diagrams, drafts, instructions, lists, logs, resumes, and summaries.

    b. <u>Electronically stored information.</u> The term "electronically stored information" means electronic information that is stored in a medium from which it can be retrieved and examined. It includes, but is not limited to, all electronic files that are electronically stored.

    (1) "Electronic file" includes, but is not limited to, the following: electronic documents, voicemail messages and files; e-mail messages and files; deleted files; temporary files; system-history files; Internet- or web-browser-

generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; computer-activity logs; metadata;

(2) "Electronic information system" refers to a computer system or network that contains electronic files and electronic storage.

(3) "Electronic storage" refers to electronic files contained on magnetic, optical, or other storage media, such as hard drives, flash drives, DVDs, CDs, tapes, cartridges, floppy diskettes, smart cards, integrated-circuit cards (e.g., SIM cards).

   c. <u>Tangible thing.</u> The term "tangible thing" means a physical object that is not a document or electronically stored information.

5. <u>Communication.</u> The term "communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

6. <u>Relating.</u> The term "relating" means concerning, referring, describing, evidencing, or constituting, either directly or indirectly.

7. <u>And & or.</u> The connectives "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

8. <u>SB 14.</u> The term "SB 14" means Texas Senate Bill 14, 82d Leg., R.S., ch 123, § 3, 2011 Tex. Gen. Laws 619, including all companion and predecessor bills filed during previous sessions, whether regular or special, of the Texas Legislature, and all alternative bills or proposals, whether filed or not, relating to Texas Voter ID.

# REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Please produce all fields in any database in your possession, custody or control, including but not limited to databases from: (1) Department of Defense; (2) United States Citizenship and Immigration Services; (3) Department of State; (4) United States Social Security Administration; (5) Department of Veteran's Affairs; (6) United States Census Bureau; and (7) Department of Homeland Security, that might show a person has a photographic identification acceptable for voting in Texas under current Texas law.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**

Please produce all documents, electronically stored information, data, database dictionaries, codes, manuals, or software necessary to facilitate use of all databases requested in Request for Production No. 1, above.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**

Please produce all documents, electronically stored information, data or databases (including all fields contained within the requested databases and codes used within the individual fields) used by Plaintiff to match or that could be used to match to any of the State of Texas' databases requested by Plaintiffs. This request includes but is not limited to any non-government databases such as those generated or maintained by private entities including but not limited Catalist LLC or Experian.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**

Please produce the United States Social Security Administration's Death Master File.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**

Please produce all documents, electronically stored information, or databases that identify those who have been determined by the United States Social Security Administration to have a disability.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**

Please produce all documents, electronically stored information, or databases that identify those who have been determined by the United States Department of Veterans Affairs to have a disability rating of at least 50 percent.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**

Please produce all documents and electronically stored information related to the administrative preclearance process, maintained pursuant to 28 C.F.R. § 51.50(a), for SB 14.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**

Please produce all documents and electronically stored information created, collected, received, transmitted or produced by the Department of Justice in relation to the State of Texas's request for administrative preclearance of SB 14 and the review of that request.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**

Please produce all communications concerning SB 14, Senate Bill 362, House Bill 218 and House Bill 1706 between you and any other parties to this litigation, or between you and the Texas Legislature including but not limited to individual Texas Legislators and their staff or representatives during the State of Texas' 82nd Legislature, or any special sessions as well as any other parties to this litigation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**

Please produce all documents and electronically stored information exchanged between you and any individual or group regarding SB 14, including but not limited to communications between you and Members of the U.S. Congress, either past or present, their staff, or their representatives; communications between you and other members of the United States Executive Branch; communications between you and members of the Texas Legislature, either past or present, and their staff or representatives; communications between you and any media outlets; or communications between you and any other parties to this litigation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**

Please produce all documents and electronically stored information in your possession, custody or control demonstrating any registered voter in Texas has been unable to obtain photographic identification.

**RESPONSE:**

**REQUEST FOR PRODUCITON NO. 12:**

Please produce all documents and electronically stored information in your possession, custody or control identifying each registered voter in Texas that you contend has been unable to obtain photographic identification.

**RESPONSE:**

**REQUEST FOR PRODUCTION 13:**

Please produce all documents and electronically stored information in your possession, custody or control demonstrating that any registered voter in Texas has been unable to vote on account of his or her inability to obtain photographic identification.

**RESPONSE:**

**REQUEST FOR PRODUCTION 14:**

Please produce all documents and electronically stored information in your possession, custody or control identifying each registered voter in Texas that you contend has been unable to vote on account of his or her inability to obtain photographic identification.

**RESPONSE:**

    Respectfully submitted.

    GREG ABBOTT
    Attorney General of Texas

    DANIEL T. HODGE
    First Assistant Attorney General

    JONATHAN F. MITCHELL
    Solicitor General

    J. REED CLAY, JR.
    Special Assistant and Senior Counsel
    to the Attorney General
    Southern District of Texas No. 1160600

    JOHN B. SCOTT
    Deputy Attorney General for Litigation
    Southern District of Texas No. 10418
    ATTORNEY-IN-CHARGE

    */s/ G. David Whitley*
    G. DAVID WHITLEY
    Assistant Deputy Attorney General
    Southern District of Texas No. 2080496

    STEPHEN RONALD KEISTER
    Assistant Attorney General
    Southern District of Texas No. 18580

SEAN PATRICK FLAMMER
Assistant Attorney General
Southern District of Texas No. 1376041

209 West 14th Street
P.O. Box 12548
Austin, Texas 70711-2548
(512) 475-0131

COUNSEL FOR THE STATE OF TEXAS, RICK PERRY, JOHN STEEN, and STEVE MCCRAW

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document is being served by electronic mail on December 4, 2012 to all counsel of record.

/s/ G. David Whitley
G. DAVID WHITLEY
Assistant Deputy Attorney General