IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*,<br><br>        Plaintiffs,<br><br>        v.<br><br>RICK PERRY, *et al.*,<br><br>        Defendants. | Civil Action No. 2:13-cv-193 (NGR) |
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, *et al.*,<br><br>        Plaintiff-Intervenors,<br><br>TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, *et al.*,<br><br>        Plaintiff-Intervenors,<br><br>        v.<br><br>STATE OF TEXAS, *et al.*,<br><br>        Defendants. | Civil Action No. 2:13-cv-263 (NGR) |

| | |
|---|---|
| TEXAS STATE CONFERENCE OF NAACP BRANCHES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> NANDITA BERRY, *et al.*, <br><br> Defendants. | Civil Action No. 2:13-cv-291 (NGR) |
| BELINDA ORTIZ, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF TEXAS, *et al.*, <br><br> Defendants | Civil Action No. 2:13-cv-348 (NGR) |

### JOINT OPPOSITION OF PRIVATE PLAINTIFFS AND PLAINTIFF-INTERVENORS[1] TO TEXAS' MOTION TO COMPEL THE PRODUCTION OF FEDERAL DATABASES

Texas' Motion to Compel the Production of the Federal Databases, ECF No. 324, has no legitimate basis and is contrary to Texas' earlier agreement about those databases, as explained below in paragraph 2. The motion has no purpose other than to jeopardize this Court's September 2nd trial date.

---

[1] The Plaintiffs joining in this brief are the Texas State Conference of NAACP Branches, the Mexican American Legislative Caucus of the Texas House of Representatives, the Texas Association of Hispanic County Judges and County Commissioners, Hidalgo County, the Texas League of Young Voters Education Fund, Imani Clark, Estela Garcia Espinosa, Lionel Estrada, Roxsanne Hernandez, La Union Del Pueblo Entero, Inc., Lydia Lara, Margarito Martinez Lara, Maximina Martinez Lara, Eulalio Mendez, Jr., Belinda Ortiz, Lenard Taylor, Marc Veasey, Floyd James Carrier, Anna Burns, Michael Montez, Penny Pope, Jane Hamilton, Sergio DeLeon, Oscar Ortiz, Koby Ozias, John Mellor-Crummey, Jane Doe, James Doe, the League of United Latin American Citizens ("LULAC") and Dallas County, Texas.

1. Texas' motion seeks to compel the production of hundreds of millions of highly sensitive records of the Departments of State, Defense, Homeland Security, and Veterans Affairs, and the Social Security Administration, covering nearly every American citizen. The United States will respond in more detail about these records, including the substantial legal protections they are accorded to ensure confidentiality and privacy, but suffice it to say here that the request for the federal databases is extreme and pointless (as explained briefly below).

2. The sole purpose of providing some limited access to the federal databases has already been achieved. That purpose was to determine the number of Texas registered voters who have been issued a photo ID specified in S.B. 14 (and the number who may qualify for the limited exception under S.B. 14 based on disability). Pursuant to agreements among the parties, the Texas registered voter list was matched against the ID databases of federal agencies that issue relevant photo ID (and the relevant federal disability databases); in addition, the registration list was matched against the Texas DPS ID databases. In the case of the federal agencies, this matching was performed as follows: the agencies were supplied with the matching algorithms (created by the Justice Department with private plaintiffs' assent and by Texas) and with the registered voter records, and the agencies then conducted the matching process; no party was allowed access to the federal agency databases, not even the Department of Justice. After this lengthy process, the results came back and were produced to all parties on May 30. The process will not be repeated, at any party's behest, and there will be no further access by anyone to the federal agency databases. There is thus no conceivable reason for any party to now seek production of the federal databases.

3.  Nor does Texas offer any reason why it should specially gain access to federal databases, saying merely that litigants do not have to give reasons for their discovery requests. But this request is so clearly irrelevant or duplicative (since the matching results have been provided to all parties) and so excessive, that Texas' request fails to meet the basic requirements of Rule 26.[2]

4.  Texas attempts a "tit-for-tat" argument that it should have the federal databases because the private plaintiffs received the voter registration records. *See* ECF No. 321. The major problem is that the two issues have nothing to do with each other. The federal databases were needed to determine which voters have been issued the necessary photo ID (or qualify for the disability exception), and that review is now complete. The voter registration records are now needed to analyze the types and categories of non-matched voters. This information, critical for each party in this case, was already available to the United States *and Texas*, and providing that information to the private plaintiffs merely allows them to perform the same types of analysis.

5.  In addition to the fact that there is no connection between providing the voter records to the private plaintiffs and Texas' claim that it should get the federal databases, Texas' statement that it never agreed that private plaintiffs could have the voter records is simply not so. Texas expressly agreed that the "algorithm responses" to be produced to all parties would include the matching results and also "the extract of the Texas Election Administration Management System database produced by the Defendants to the United States" (except that Social Security numbers would be redacted

---

[2] Rule 26(b)(1) limits discovery to relevant information; Rule 26(b)(2)(B) precludes discovery of electronically stored information that is "not reasonably accessible because of undue burden or cost"; and Rule 26(b)(2)(C) prohibits discovery that is "unreasonably cumulative or duplicative" or unduly burdensome.

3

to their final four digits). ECF No. 160-1 ¶ 13. Although that specific agreement was ultimately not entered as a court order (for unrelated reasons),[3] the Order that was subsequently entered regarding the matching process carried forward the agreement that private plaintiffs would be provided with the voter registration data. ECF No. 174 ¶ 2 ("certain information from the Texas Election Administration Management System database will be provided to other parties in these consolidated cases at the conclusion of the database comparison process . . . ."). Accordingly, in its ruling that the voter data must be produced to the private plaintiffs, ECF No. 321, this Court found that "such action is consistent with . . . ECF No. 174 . . . ."

For these reasons, Texas' motion should be denied.

Date: June 16, 2014

Respectfully submitted,

s/ Ezra Rosenberg
Ezra D. Rosenberg
Michelle Hart Yeary
DECHERT LLP
902 Carnegie Center, Suite 500
Princeton, New Jersey 08540-6531
ezra.rosenberg@dechert.com

Steven B. Weisburd
Amy L. Rudd
Lindsey Cohan
DECHERT LLP
500 W. 6th Street, Suite 2010
Austin, Texas 78701
lindsey.cohan@dechert.com

---

[3] When ECF 160-1 was jointly moved by Texas and the United States for entry by this Court, the Veasey-LULAC plaintiffs expressed concern about the length of time allowed for the matching process to be concluded. This disagreement was resolved, and a somewhat more abbreviated agreement regarding matching was entered. *See* ECF No. 174.

4

Wendy Weiser
Myrna Pérez
Vishal Agraharkar
Jennifer Clark
The Brennan Center for Justice at NYU Law School
161 Avenue of the Americas, Floor 12
New York, New York 10013-1205
wendy.weiser@nyu.edu
myrna.perez@nyu.edu
vishal.agraharkar@nyu.edu
jenniferl.clark@nyu.edu

Robert A. Kengle
Mark A. Posner
Sonia Kaur Gill
Erandi Zamora
Lawyers' Committee for Civil Rights Under Law
1401 New York Avenue, N.W., Suite 400
Washington, D.C. 20005
mposner@lawyerscommittee.org

Daniel Gavin Covich
Covich Law Firm LLC
Frost Bank Plaza
802 N Carancahua, Ste 2100
Corpus Christi, TX 78401
daniel@covichlawfirm.com

Gary Bledsoe
PotterBledsoe, L.L.P.
316 W. 12th Street, Suite 307
Austin, Texas 78701
garybledsoe@sbcglobal.net

Robert Notzon
The Law Office of Robert Notzon
1502 West Avenue
Austin, Texas 78701
Robert@NotzonLaw.com

Jose Garza
Law Office of Jose Garza
7414 Robin Rest Drive
San Antonio, Texas 98209
garzapalm@aol.com

Kim Keenan
Marshall Taylor
Victor Goode
NAACP
4805 Mt. Hope Drive
Baltimore, Maryland 21215
kkeenan@naacpnet.org
mtaylor@naaacpnet.org
vgoode@naacpnet.org

*Counsel for Plaintiffs Texas State Conference of NAACP Branches, Mexican American Legislative Caucus of the Texas House of Representatives*

Christina A. Swarns
Ryan P. Haygood
Natasha M. Korgaonkar
Leah C. Aden
Deuel Ross
NAACP Legal Defense and Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, New York 10006
cswarns@naacpldf.org
rhaygood@naacpldf.org
nkorgaonkar@naacpldf.org
laden@naacpldf.org
dross@naacpldf.org

Danielle Conley
Jonathan Paikin
Kelly P. Dunbar
Sonya L. Lebsack
Gerard J. Sinzdak
Lynn Eisenberg
M. Hasan Ali
Richard F. Shordt
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
danielle.conley@wilmerhale.com
jonathan.paikin@wilmerhale.com
kelly.dunbar@wilmerhale.com

*Counsel for Plaintiff-Intervenors Texas League of Young Voters Education Fund et al.*

Jose Garza
Law Office of Jose Garza
7414 Robin Rest Drive
San Antonio, Texas 78209
garzpalm@aol.com

Marinda van Dalen
Texas RioGrande Legal Aid, Inc.
531 East St. Francis Street
Brownsville, Texas 78529-5354
mvandalen@trla.org

Robert W. Doggett
Texas Rio Grande Legal Aid Inc
4920 North IH 35
Austin, Texas 78751
rdoggett@trla.org

*Counsel for Plaintiff-Intervenors Estela Garcia Espinosa, Lionel Estrada, Roxsanne Hernandez, La Union Del Pueblo Entero, Inc. Lydia Lara, Margarito Martinez Lara, Maximina Martinez Lara, Eulalio Mendez, Jr., Belinda Ortiz, Lenard Taylor*

7

Rolando L Rios
Attorney at Law
115 E Travis, Suite 1645
San Antonio, Texas 78205
rrios@rolandorioslaw.com

*Counsel for Plaintiff-Intervenor Texas Association of Hispanic County Judges and County Commissioners*

Preston Edward Henrichson
Attorney at Law
222 W. Cano
Edinburg, Texas 78539
preston@henrichsonlaw.com

Rolando L Rios
Attorney at Law
115 E Travis, Suite 1645
San Antonio, Texas 78205
rrios@rolandorioslaw.com

*Counsel for Plaintiff-Intervenor Hidalgo County*

Chad W. Dunn
K. Scott Brazil
Brazil & Dunn
4201 Cypress Creek Parkway, Suite 530
Houston, Texas  77068
chad@brazilanddunn.com
scott@brazilanddunn.com

J. Gerald Hebert
Campaign Legal Center
215 E Street, N.E.
Washington, D.C. 20002
GHebert@campaignlegalcenter.org
Neil G. Baron
Law Office of Neil G. Baron
914 FM 517 W, Suite 242
Dickinson, Texas 77539
neil@ngbaronlaw.com

David Richards
Richards, Rodriguez & Skeith, LLP
816 Congress Avenue, Suite 1200
Austin, Texas 78701
daverichards4@juno.com

Armand G. Derfner
Derfner, Altman & Wilborn, LLC
575 King Street, Suite B
Charleston, South Carolina 29402
aderfner@dawlegal.com

*Counsel for Plaintiffs Marc Veasey, Floyd James Carrier, Anna Burns, Michael Montez, Penny Pope, Jane Hamilton, Sergio DeLeon, Oscar Ortiz, Koby Ozias, John Mellor-Crummey, Jane Doe, James Doe, League of United Latin American Citizens ("LULAC") and Dallas County, Texas*

Luis Roberto Vera, Jr.
LULAC National General Counsel
The Law Offices of Luis Vera Jr., and Associates
1325 Riverview Towers, 111 Soledad
San Antonio, Texas 78205-2260
lrvlaw@sbcglobal.net

*Counsel for LULAC*

Craig M. Watkins
Dallas County District Attorney
Teresa G. Snelson
Chief, Civil Division
Dallas County District Attorney's Office
411 Elm Street, 5th Floor
Dallas, Texas 75202-4606
Teresa.Snelson@dallascounty.org

*Counsel for Dallas County, Texas*

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2014, I served a true and correct copy of the foregoing via the Court's ECF system on all counsel of record.

/s/ Lindsey B. Cohan
Lindsey B. Cohan
State Bar No. 24083903
DECHERT LLP
500 W. 6th Street, Suite 2010
Austin, TX 78701
Telephone: (512) 394-3000
Facsimile: (512) 394-3001
lindsey.cohan@dechert.com