IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> RICK PERRY, *et al.*, <br><br> Defendants. | Civil Action No. 2:13-cv-193 (NGR) |
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, *et al.*, <br><br> Plaintiff-Intervenors, <br><br> TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, *et al.*, <br><br> Plaintiff-Intervenors, <br><br> v. <br><br> STATE OF TEXAS, *et al.*, <br><br> Defendants. | Civil Action No. 2:13-cv-263 (NGR) |

| | |
|---|---|
| TEXAS STATE CONFERENCE OF NAACP BRANCHES, *et al.*, <br><br>    Plaintiffs, <br><br> v. <br><br> NANDITA BERRY, *et al.*, <br><br>    Defendants. | Civil Action No. 2:13-cv-291 (NGR) |
| BELINDA ORTIZ, *et al.*, <br><br>    Plaintiffs, <br><br> v. <br><br> STATE OF TEXAS, *et al.*, <br><br>    Defendants | Civil Action No. 2:13-cv-348 (NGR) |

### [Proposed] Order

Defendants have moved to compel the production of certain Federal agency databases regarding holders of Federally-issued forms of identification acceptable for voting under the State of Texas' SB 14 (2011). ECF No. 324. Having considered the briefs filed by all parties, and the arguments heard on this issue, the Court concludes that Defendants' motion must be denied, because the discovery Defendants seek:

1) contravenes this Court's Supplemental Protective Order (ECF No. 174), which established a structure to conduct sensitive data discovery "so as to avoid the disclosure of certain information contained in federal databases that may implicate privacy and data security concerns;"

1

2) unnecessarily threatens important privacy and data security interests and conflicts with certain Federal confidentiality statutes, as set forth in the United States' briefing;

3) has been effectively waived by Defendants under Rule 26(b)(2)(C)(ii), Fed. R. Civ. P., which provides that discovery should be barred when a party "has had ample opportunity to obtain the information by discovery in the action"—a circumstance that fully applies here given the significant Federal agency discovery that has already taken place in accordance with searches that Defendants themselves designed. *See* ECF Nos. 174 & 305; and

4) cannot be obtained consistent with the requirements set by Rule 26, Fed. R. Civ. P., because the totality of the federal data sought is not reasonably calculated to lead to admissible evidence under Rule 26(b)(1), and is unduly "cumulative and duplicative" given the extensive database matching that has already been completed and disclosed to all parties, such that the "burden or expense" of the additional discovery now sought by Defendants far "outweighs its likely benefit" in resolving the issues at stake. Rule 26(b)(2)(C), Fed. R. Civ. P.

So ordered this ____ day of June 2014.

_____
United States District Judge