# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> RICK PERRY, *et al.*, <br><br> Defendants. | Civil Action No. 2:13-cv-193 (NGR) |
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, *et al.*, <br><br> Plaintiff-Intervenors, <br><br> TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, *et al.*, <br><br> Plaintiff-Intervenors, <br><br> v. <br><br> STATE OF TEXAS, *et al.*, <br><br> Defendants. | Civil Action No. 2:13-cv-263 (NGR) |

| | |
|---|---|
| TEXAS STATE CONFERENCE OF NAACP BRANCHES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> NANDITA BERRY, *et al.*, <br><br> Defendants. | Civil Action No. 2:13-cv-291 (NGR) |
| BELINDA ORTIZ, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF TEXAS, *et al.*, <br><br> Defendants | Civil Action No. 2:13-cv-348 (NGR) |

### AMENDED NOTICE OF DEPOSITION

**To: COUNSEL OF RECORD**

Please take notice that pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiffs and Plaintiff-Intervenors will take the deposition of **Coby Shorter** upon oral examination on **Tuesday, June 17, 2014, beginning at 9:00 a.m**., and continuing thereafter as needed, at Dechert LLP, 300 W. 6th Street, Suite 2010, Austin, Texas 78701; Phone: (512) 394-3000.  This deposition shall be recorded by stenographic means and shall take place before a notary public or other person authorized by law to administer oaths.

The above deponent was required to produce all documents in his custody, possession, or control that are responsive to the enclosed Attachment A by **May 22, 2014**, as set forth in this Notice of Deposition.

1

Dated:  June 2, 2014

| | |
|---|---|
| KENNETH MAGIDSON<br>United States Attorney<br>Southern District of Texas | JOCELYN SAMUELS<br>Acting Assistant Attorney General<br>Civil Rights Division<br><br>*/s/ Jennifer L. Maranzano*<br>T. CHRISTIAN HERREN, JR.<br>MEREDITH BELL-PLATTS<br>ELIZABETH S. WESTFALL<br>BRUCE I. GEAR<br>JENNIFER L. MARANZANO<br>ANNA M. BALDWIN<br>DANIEL J. FREEMAN<br>Attorneys, Voting Section<br>Civil Rights Division<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530 |

# ATTACHMENT A

## INSTRUCTIONS AND DEFINITIONS

1. "Texas Legislature" and "Legislature" mean the Texas House of Representatives and the Texas State Senate.

2. "Legislator" means a current or former member of the Texas House of Representatives or the Texas State Senate, including such member's employees, staff, interns, representatives, designees, agents, or other persons acting or purporting to act on the member's behalf or on behalf of any committee on which the member serves.

3. The "Secretary of State" means Defendant Texas Secretary of State Nandita Berry, her predecessors as Secretary of State, and any of the Secretary of State's past and present agents, advisors, employees, representatives, attorneys, consultants, contractors, or other persons or entities acting on behalf of the Secretary of State or the office of the Secretary of State or subject to the control of that office.

4. The "Department of Public Safety" means the Texas Department of Public Safety ("DPS") and any of its past and present agents, advisors, employees, representatives, attorneys, consultants, contractors, or other persons or entities acting on behalf of the Department of Public Safety or subject to its control.

5. The term "person" includes, whenever appropriate, not only a natural person, but also a corporation, partnership, unincorporated association, joint venture, or other association of persons, and also a governmental agency, office, administration, board, or other body.

6. "SB 14" means 2011 Texas General Laws Chapter 123, which amends the Texas Transportation Code relating to the issuance of election identification certificates ("EIC"), and which amends the Texas Election Code relating to procedures for implementing the photographic

3

identification requirements for voting in the State of Texas. This document refers to "SB 14" and "the Texas Election Code as amended by SB 14" interchangeably.

7. "Document" is defined to be synonymous in meaning and scope as the term "document" is used under Federal Rule of Civil Procedure 34.

8. In responding to this subpoena, produce all responsive documents and electronically stored information in your possession, custody, or control. Sources of responsive documents include both email sent or received through any of your official State email accounts, as well as email messages sent or received through any of your private, non-State-issued email accounts.

9. None of these requests should be construed to request the public legislative history of any bill or statute, or documents previously produced in this litigation by Defendants.

10. In construing these requests, apply the broadest construction, so as to produce the most comprehensive response. Construe the terms "and" and "or" either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside that scope. Words used in the masculine gender include the feminine, and words used in the singular include the plural.

11. These document requests apply to the period from January 1, 2007, through the present unless otherwise limited or expanded by a particular request.

**DOCUMENTS**

1. All documents related to guidelines, regulations, policies, and procedures related to the implementation of SB 14, including those related to:

    a. Provisional ballots cast under SB 14, including the tracking, recording, and canvassing of provisional ballots, and the administration of Section 65.054(2)(B)-(C) of the Texas Election Code;

    b. Applications for and issuance of disability certificates under Sections 13.002(i) and 15.001 of the Texas Election Code;
    c. Applications for and issuance of Election Identification Certificates (EICs) as established under Texas Transportation Code § 521A.001;
    d. Affidavits executed under Section 65.054(2)(B)-(C) of the Texas Election Code;
    e. Implementation of the "substantially similar names" provision contained in Section 81.71 of Title 1 of the Texas Administrative Code;
    f. Any additional forms of ID not listed in SB 14, which the Secretary of State has asserted will qualify voters under SB 14; and,
    g. Any statutory authority which supports the Secretary of State's authority to designate additional forms of permissible ID, in addition to those specifically included in SB 14.

2. All documents related to the training of county election officials and other individuals who participate in administering elections during early voting or on election day regarding the requirements of SB 14, including all guidance, regulations, policies, procedures, training materials, election advisories, and sample forms related to the verification of a voter; the implementation of the disability certificates under Sections 13.002(i); the administration of provisional ballots cast under SB 14; the documentation to be provided to individuals casting provisional ballots; and the implementation of the "substantially similar names" provision contained in Section 81.71 of Title 1 of the Texas Administrative Code.

3. All documents designed to educate the public, including individual voters who do not possess one of the forms of identification listed in Section 63.0101 of the Texas Election Code, concerning SB 14—including but not limited to the requirements of SB 14, the availability of EICs, the availability of any underlying documentation needed to obtain SB 14-compliant IDs, the provisional ballot procedures, the use of mail-in ballots for eligible voters, the procedures for voters to sign "substantially similar name" affidavits, and any outreach or assistance provided to individual voters who do not possess one of the forms of identification under Section 63.0101 of the Texas Election Code—including the budget, dates, and locations for all such efforts, as well as the medium of any educational messages conveyed to the public or individual voters.

4. All documents, including data, provided to or requested by the Texas legislature, directly or through another Texas agency or official, related to SB 14 (2011), SB 362 (2009), HB 218 (2007), or HB 1706 (2005) during the consideration, preparation for implementation, or implementation of those bills, including but not limited to the underlying documentation or procedures required to obtain identification issued by the Department of Public Safety; the underlying documentation or procedures required to obtain other identification issued by the state or municipal entities; the identity, number, and geographic location of registered voters believed to lack forms of identification issued by the Department of Public Safety; and the identity and number of registered voters believed to lack other forms of identification issued by the state or its municipalities.

5. All documents, including data, provided to or requested by county election officials related to the identity, number, geographic location, and race, of registered voters believed to lack forms of identification issued by the Department of Public Safety.

6. All correspondence with the Department of Public Safety, the Governor's office, the Lieutenant Governor's office, or other state or county election officials regarding: (1) the administration of SB 14, including the requirements and processes for issuance of EICs; (2) coordination and placement of EIC mobile stations, including efforts to locate such stations on high school, college and university campuses, and any other locations where Texas residents could obtain IDs required by SB 14; or (3) information county election officials were required to, permitted to, or prohibited from tracking related to SB 14's implementation.

7. All documents related to any assessment or analysis of the implementation and effect of SB 14 in all elections that have occurred since June 25, 2013, including the November 2013 and March 2014 elections, such as any tracking of provisional ballots cast, provisional ballots cured, disability certificates issued, affidavits signed due to substantially similar name issue, and the racial demographics both of individuals who possess acceptable ID and any voters who were lack acceptable ID.

8. All communications, complaints, or concerns from the public about the implementation of SB 14, and any responses regarding the same.

9. All analyses of registered voters who possess a Texas driver license, Texas personal identification card, Texas license to carry a concealed handgun, United States military identification that contains the person's photograph, United States citizenship certificate, United States certificate of naturalization, or United States passport conducted between January 1, 2005 and May 27, 2011, including but not limited to analyses conducted in February or March 2011.

10. All analyses of registered voters who possess a Texas driver license, Texas personal identification card, Texas license to carry a concealed handgun, United States military identification that contains the person's photograph, United States citizenship certificate, United States certificate of naturalization, or United States passport conducted between August 31, 2012 and the present.

11. Any other analyses of the voter registration database maintained by the Secretary of State from January 1, 2011, until the date of the filing of this lawsuit, including but not limited to:
    a. Estimates of the total number of registered voters who are Anglo, African American, Latino or "other";
    b. Estimates of the total number of voters who could not be matched to entries in the State's driver's license database, personal identification card database, or license to carry database; and
    c. Estimates of the total number of Texas registered voters who lack a form of ID required by SB 14.

12. All correspondence with other entities, including non-profit corporations, institutions of higher learning, or other states, about any aspect of the implementation or evaluation of photo identification requirements, including SB 14.

## CERTIFICATE OF SERVICE

      I hereby certify that on June 2, 2014, I served a true and correct copy of the foregoing via electronic mail on the following counsel of record:

John B. Scott
John Reed Clay, Jr.
Gregory David Whitley
Jonathan F. Mitchell
Stephen Ronald Keister
Arthur D'Andrea
Jennifer Marie Roscetii
Office of the Texas Attorney General
john.scott@texasattorneygeneral.gov
reed.clay@texasattorneygeneral.gov
david.whitley@texasattorneygeneral.gov
jonathan.mitchell@texasattorneygeneral.gov
ronny.keister@texasattorneygeneral.gov
arthur.dandrea@texasattorneygeneral.gov
jennifer.roscetti@texasattorneygeneral.gov

Ben Addison Donnell
Donnell Abernethy & Kieschnick
bdonnell@dakpc.com

*Counsel for Defendants*

Chad W. Dunn
Kembel Scott Brazil
Brazil & Dunn
chad@bradzilanddunn.com
scott@bazilanddunn.com

J. Gerald Hebert
Emma Simson
Campaign Legal Center
ghebert@campaignlegalcenter.org
esimson@campaignlegalcenter.org

Neil G. Baron
Law Offices of Neil G. Baron
neil@ngbaronlaw.com

Armand Derfner
Derfner, Altman, & Wilborn
aderfner@dawlaw.com

Luiz Roberto Vera, Jr.
lrvlaw@sbcglobal.net

*Counsel for Veasey Plaintiffs*

Christina Swarns
Ryan P. Haygood
Natasha M. Korgaonkar
Leah C. Aden
Deuel Ross
NAACP Legal Defense and Educational Fund, Inc.
cswarns@naacpldf.org
rhaygood@naacpldf.org
nkorgaonkar@naacpldf.org
laden@naacpldf.org
dross@naacpldf.org

Danielle Conley
Jonathan Paikin
Kelly P. Dunbar
Sonya L. Lebsack
Ezra D. Rosenberg
Amy L. Rudd
Dechert LLP
ezra.rosenberg@dechert.com
amy.rudd@dechert.com

Wendy Weiser
Jennifer Clark
Myrna Pérez
Vishal Agraharkar
Brennan Center for Justice at NYU School of Law
wendy.weiser@nyu.edu
jenniferl.clark@nyu.edu
myrna.perez@nyu.edu
vishal.argraharkar@nyu.edu

Mark A. Posner
Sonia Kaur Gill
Erandi Zamora
Lawyers' Committee for Civil Rights
mposner@lawyerscommittee.org
sgill@lawyerscommittee.org
ezamora@lawyerscommittee.org

*Counsel for Texas State Conference of NAACP Branches Plaintiffs*

Gerald J. Sinzdak
Lynn Eisenberg
M. Hasan Ali
Richard F. Shordt
WilmerHale LLP
danielle.conley@wilmerhale.com
jonathan.paikin@wilmerhale.com
kelly.dunbar@wilmerhale.com
sonya.lebsack@wilmerhale.com
Gerard.sinzdak@wilmerhale.com
Lynn.eisenberg@wilmerhale.com
hasan.ali@wilmerhale.com
richard.shordt@wilmerhale.com

*Counsel for Texas League of Young Voters Plaintiff-Intervenors*

Jose Garza
Marinda van Dalen
Robert W. Doggett
Peter McGraw
Texas Rio Grande Legal Aid, Inc.
jgarza@trla.org
mvandalen@trla.org
rdoggett@trla.org
pmcgraw@trla.org

*Counsel for Ortiz Plaintiffs*

Rolando L. Rios
Law Offices of Rolando L. Rios
rrios@rolandorioslaw.com

Preston Edward Henrichson
Law Offices of Preston Henrichson
preston@henrichsonlaw.com

*Counsel for Texas Association of Hispanic*
*County Judges and County Commissioners*
*Plaintiff-Intervenors*

                                            */s/ Jennifer L. Maranzano*
                                            Jennifer L. Maranzano
                                            Voting Section
                                            Civil Rights Division
                                            U.S. Department of Justice
                                            jennifer.maranzano@usdoj.gov