# EXHIBIT 2

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, JANE HAMILTON, SERGIO DELEON, FLOYD J. CARRIER, ANNA BURNS, MICHAEL MONTEZ, PENNY POPE, OSCAR ORTIZ, KOBY OZIAS, JOHN MELLOR-CRUMLEY, PEGGY HERMAN, EVELYN BRICKNER, GORDON BENJAMIN, KEN GANDY, LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), AND DALLAS COUNTY, TEXAS, | ) ) ) ) ) ) ) ) ) ) ) |
| *Plaintiffs,* | ) |
| v. | ) |
| | ) |
| RICK PERRY, Governor of Texas; and JOHN STEEN, Texas Secretary of State, | ) ) |
| *Defendants.* | ) |
| | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| *Plaintiffs,* | ) |
| | ) |
| TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, IMANI CLARK, AND MICHELLE BESSIAKE, | ) ) ) |
| *Plaintiff-Intervenors,* | ) |
| | ) |
| TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, HIDALGO COUNTY, AND MARIA LONGORIA BENAVIDES, | ) ) ) ) |
| *Plaintiff-Intervenors,* | ) |
| v. | ) |
| | ) |
| STATE OF TEXAS, JOHN STEEN, in his official capacity as Texas Secretary of State; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety, | ) ) ) ) ) |
| *Defendants.* | ) |
| | ) |

CIVIL ACTION NO.
2:13-CV-193 (NGR)
[Lead case]

CIVIL ACTION NO.
2:13-CV-263 (NGR)
[Consolidated case]

TEXAS STATE CONFERENCE OF NAACP ) 
BRANCHES; and the MEXICAN ) 
AMERICAN LEGISLATIVE CAUCUS OF ) 
THE TEXAS HOUSE OF ) 
REPRESENTATIVES, ) 
     *Plaintiffs,* ) 
v. ) 
  ) CIVIL ACTION NO. 
JOHN STEEN, in his official capacity as ) 2:13-CV-291 (NGR) 
Secretary of State of Texas; and STEVE ) [Consolidated case] 
McCRAW, in his official capacity as Director ) 
of the Texas Department of Public Safety, ) 
     *Defendants.* ) 
_____ ) 
BELINDA ORTIZ, LENARD TAYLOR, ) 
EULALIO MENDEZ JR., LIONEL ) 
ESTRADA; ESTELA GARCIA ESPINOSA, ) 
LYDIA LARA, MARGARITO MARTINEZ ) 
LARA, MAXIMINA MARTINEZ LARA, AND ) 
*LA UNION DEL PUEBLO ENTERO, INC.* ) 
     *Plaintiffs,* ) 
v. ) 
  ) 
STATE OF TEXAS, JOHN STEEN, in his ) 
official capacity as Texas Secretary of State; ) CIVIL ACTION NO. 
and STEVE McCRAW, in his official capacity ) 2:13-CV-348 (NGR) 
as Director of the Texas Department of Public ) [Consolidated case] 
Safety, ) 
     *Defendants.* ) 
_____ )

## COBY SHORTER'S OBJECTIONS
## TO THE NOTICE TO PRODUCE DOCUMENTS

To:    Elizabeth Westfall, Department of Justice, Civil Rights Division, Voting Section, 1800 G St. N.W., Washington, D.C.; all Plaintiffs and Plaintiff Intervenors, by and through their counsel of record.

      **Coby Shorter** ("Shorter"), without waiving any further objections and/or

assertions of privilege to any specific documents when or if such documents are

identified, hereby serves these written objections to the notice to produce documents e-mailed to the Office of the Attorney General of Texas.

## OBJECTIONS

A.      Shorter objects to this notice as it fails to allow a reasonable time to comply. It was served on the Office of the Attorney General of Texas on May 6, 2014, and it requires document production by May 22, 2014.

B.      Shorter objects to all topics in this notice as they are intended merely to harass, embarrass, and otherwise overburden Shorter.

## C.     NONPARTY'S OBJECTIONS TO SPECIFIC DOCUMENT REQUESTS

1. All documents, including data, provided to or requested by the Texas legislature, directly or through another Texas agency or official, related to SB 14 (2011), SB 362 (2009), HB 218 (2007), or HB 1706 (2005) during the consideration, preparation for implementation, or implementation of those bills, including but not limited to the underlying documentation or procedures required to obtain identification issued by the Department of Public Safety; the underlying documentation or procedures required to obtain other identification issued by the state or municipal entities; the identity, number, and geographic location of registered voters believed to lack forms of identification issued by the Department of Public Safety; and the identity and number of registered voters believed to lack other forms of identification issued by the state or its municipalities.

**OBJECTION:  Shorter objects to this request as being overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific.   Shorter**

3

**further objects to this request as being unreasonably cumulative and duplicative as it calls upon Shorter to reproduce information that has been previously produced, or is in the process of being produced, to the Plaintiffs and Plaintiff-Intervenors in this litigation. Shorter further objects to the extent the request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence in the underlying cause of action. Shorter further objects to this request to the extent that it calls for the production of documents within the control of third-parties to this litigation. Shorter further objects to this request to the extent it requests documents that are covered by the attorney-client privilege, deliberative process privilege, legislative privilege, or attorney work-product doctrine.**

2. All documents, including data, provided to or requested by county election officials related to the identity, number, geographic location, and race, of registered voters believed to lack forms of identification issued by the Department of Public Safety.

**OBJECTION: Shorter objects to this request as being overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific. Shorter further objects to this request as being unreasonably cumulative and duplicative as it calls upon Shorter to reproduce information that has been previously produced, or is in the process of being produced, to the**

4

**Plaintiffs and Plaintiff-Intervenors in this litigation. Shorter further objects to the extent the request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence in the underlying cause of action. Shorter further objects to this request to the extent that it calls for the production of documents within the control of third-parties to this litigation. Shorter further objects to this request to the extent it requests documents that are covered by the attorney-client privilege, deliberative process privilege, or attorney work-product doctrine.**

3. All communications between, among, or with you, the office of the Governor, the office of the Lieutenant Governor, the office of the Secretary of State, the Department of Public Safety, the office of the Texas Attorney General, any Legislator or Legislators, their staff or agents, lobbyists, groups, associations, organizations, or members of the public concerning the State of Texas's consideration of a requirement that voters present photographic identification to cast a ballot, including the introduction, enactment, and implementation of SB 14, from December 1, 2010, to the present.

**OBJECTION: Shorter objects to this request as being overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific. Shorter further objects to this request as being unreasonably cumulative and duplicative as it calls upon Shorter to reproduce information that has**

**been previously produced, or is in the process of being produced, to the Plaintiffs and Plaintiff-Intervenors in this litigation.   Shorter further objects to the extent the request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence in the underlying cause of action.   Shorter further objects to this request to the extent that it calls for the production of documents within the control of third-parties to this litigation.   Shorter further objects to this request to the extent it requests documents that are covered by the attorney-client privilege, deliberative process privilege, legislative privilege, or attorney work-product doctrine.**

4. All analyses of registered voters who possess a Texas driver license, Texas personal identification card, Texas license to carry a concealed handgun, United States military identification that contains the person's photograph, United States citizenship certificate, United States certificate of naturalization, or United States passport conducted between January 1, 2005 and May 27, 2011, including but not limited to analyses conducted in February or March 2011.

**OBJECTION: Shorter objects to this request as being overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific.   Shorter further objects to this request as being unreasonably cumulative and duplicative as it calls upon Shorter to reproduce information that has been previously produced, or is in the process of being produced, to the**

6

Plaintiffs and Plaintiff-Intervenors in this litigation.  Shorter further objects to the extent the request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence in the underlying cause of action.  Shorter further objects to this request to the extent that it calls for the production of documents within the control of third-parties to this litigation.  Shorter further objects to this request to the extent it requests documents that are covered by the attorney-client privilege, deliberative process privilege, or attorney work-product doctrine.

5. All documents related to any calculations, reports, audits, estimates, projections, or other analyses related to the effect that SB 14 imposes, or that SB 14 was projected to impose, upon minority voters or on voters who are members of a language minority group, from December 1, 2010, through May 27, 2011.

OBJECTION: Shorter objects to this request as being overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific.  Shorter further objects to this request as being unreasonably cumulative and duplicative as it calls upon Shorter to reproduce information that has been previously produced, or is in the process of being produced, to the Plaintiffs and Plaintiff-Intervenors in this litigation.  Shorter further objects to the extent the request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence in

**the underlying cause of action.  Shorter further objects to this request to the extent that it calls for the production of documents within the control of third-parties to this litigation.  Shorter further objects to this request to the extent it requests documents that are covered by the attorney-client privilege, deliberative process privilege, or attorney work-product doctrine.**

6. Any other analyses of the voter registration database maintained by the Secretary of State from January 1, 2011, until the date of the filing of this lawsuit, including but not limited to:

a. Estimates of the total number of registered voters who are Anglo, African American, Latino or "other";

b. Estimates of the total number of voters who could not be matched to entries in the State's driver's license database, personal identification card database, or license to carry database; and

c. Estimates of the total number of Texas registered voters who lack a form of ID required by SB 14.

**OBJECTION:  Shorter objects to this request as being overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific.  Shorter further objects to this request as being unreasonably cumulative and duplicative as it calls upon Shorter to reproduce information that has been previously produced, or is in the process of being produced, to the**

**Plaintiffs and Plaintiff-Intervenors in this litigation. Shorter further objects to the extent the request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence in the underlying cause of action. Shorter further objects to this request to the extent that it calls for the production of documents within the control of third-parties to this litigation. Shorter further objects to this request to the extent it requests documents that are covered by the attorney-client privilege, deliberative process privilege, or attorney work-product doctrine.**

7. All documents related to any administrative regulations drafted, proposed, or finalized pertaining to SB 14.

**OBJECTION: Shorter objects to this request as being overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific. Shorter further objects to this request as being unreasonably cumulative and duplicative as it calls upon Shorter to reproduce information that has been previously produced, or is in the process of being produced, to the Plaintiffs and Plaintiff-Intervenors in this litigation. Shorter further objects to the extent the request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence in the underlying cause of action. Shorter further objects to this request to the extent that it calls for the production of documents within the control**

9

**of third-parties to this litigation.  Shorter further objects to this request to the extent it requests documents that are covered by the attorney-client privilege, deliberative process privilege, legislative privilege, or attorney work-product doctrine.**

## D.    FURTHER OBJECTIONS AND CLAIMS OF PRIVILEGE

Shorter specifically  reserves the right to lodge further objections and assert any applicable claims of privilege to any specific documents when, or if, any responsive documents are identified.

Dated:  May 22, 2014

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JONATHAN F. MITCHELL
Solicitor General

J. REED CLAY, JR.
Special Assistant and Senior Counsel
to the Attorney General
Southern District of Texas No. 1160600

*/s/ John B. Scott*
JOHN B. SCOTT
Deputy Attorney General for Civil Litigation
Southern District of Texas No. 10418
Texas State Bar No. 17901500

ATTORNEY-IN-CHARGE

G. DAVID WHITLEY
Assistant Deputy Attorney General
Southern District of Texas No. 2080496

STEPHEN RONALD KEISTER
Assistant Attorney General
Southern District of Texas No. 18580

JENNIFER MARIE ROSCETTI
Assistant Attorney General
Southern District of Texas No. 224780

209 West 14th Street
P.O. Box 12548
Austin, Texas 70711-2548
(512) 475-0131

BEN A. DONNELL
Donnell, Abernethy & Kieschnick
555 N. Carancahua, Suite 1770
Corpus Christi, Texas 78401-0853
Southern District of Texas No. 5689

COUNSEL FOR THE STATE OF TEXAS,
RICK PERRY, JOHN STEEN, and STEVE
MCCRAW

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 22, 2014, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

*<u>/s/ John B. Scott</u>*
JOHN B. SCOTT