IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*,<br><br>                    Plaintiffs,<br><br>v.<br><br>RICK PERRY, *et al.*,<br><br>                    Defendants. | Civil Actions No. 2:13-cv-193 (NGR);<br>2:14-cv-225 (NGR); 2:14-cv-237 (NGR);<br>2:14-cv-244 (NGR); 2:14-cv-245 (NGR);<br>2:14-cv-246 (NGR); 2:14-mc-632 (NGR) |

## ORDER

Having reviewed the motions to quash deposition subpoenas filed by legislators and legislative aides, *see* No. 2:13-cv-193 (ECF Nos. 290, 296, 312, 313, 317); No. 2:14-cv-225 (ECF No. 1); No. 2:14-cv-237 (ECF No. 1); No. 2:14-cv-244 (ECF No. 1); No. 2:14-cv-245 (ECF No. 1); No. 2:14-cv-246 (ECF No. 1); 2:14-mc632 (ECF No. 1), and the United States' responses thereto, the motions are hereby **DENIED**. The legislators and legislative aides may invoke a legislative privilege in response to particular questions and then answer subject to the privilege. In that case, portions of the deposition transcript may then be sealed and submitted to the Court for *in camera* review, along with a motion to compel, if the party taking the deposition wishes to use the testimony in these proceedings. Alternatively, the deponent may choose not to answer specific questions, citing the privilege. In that event, Plaintiffs may thereafter file a motion to compel and the Court will thereafter determine whether the privilege has been waived

or is outweighed by a compelling, competing interest.

**SO ORDERED.**

June 18, 2014

                                                                            Nelva Gonzales Ramos
                                                                            United States District Judge