IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al*,<br>    Plaintiffs,<br>v.<br><br>RICK PERRY, Governor of Texas, *et al*<br>    Defendants. | CIVIL ACTION NO.<br>2:13-CV-193 (NGR)<br>[Lead case] |
| UNITED STATES OF AMERICA,<br>    Plaintiffs,<br><br>TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, *et al*,<br>    Plaintiff-Intervenors,<br><br>TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, *et al*,<br>    Plaintiff-Intervenors,<br>v.<br><br>STATE OF TEXAS, *et al*,<br>    Defendants. | CIVIL ACTION NO.<br>2:13-CV-263 (NGR)<br>[Consolidated case] |
| TEXAS STATE CONFERENCE OF NAACP BRANCHES, *et al*,<br>    Plaintiffs,<br>v.<br><br>JOHN STEEN, in his official capacity as Secretary of State of Texas, *et al*,<br>    Defendants. | CIVIL ACTION NO.<br>2:13-CV-291 (NGR)<br>[Consolidated case] |

| | |
|---|---|
| BELINDA ORTIZ, *et al,*           Plaintiffs, <br> v. <br> STATE OF TEXAS, *et al,*           Defendants. | ) CIVIL ACTION NO. <br> ) 2:13-CV-348 (NGR) <br> ) [Consolidated case] <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANTS' MOTION TO COMPEL THE ORTIZ-LUPE PLAINTIFFS AND THE VEASEY-LULAC PLAINTIFFS TO ANSWER DEFENDANTS' FIRST SET OF <u>INTERROGATORIES</u>**

The Defendants respectfully seek an order from the Court compelling Plaintiffs Belinda Ortiz, Lenard Taylor, Eulalio Mendez Jr., Lionel Estrada, Estela Garcia Espinosa, Lydia Lara, Margarito Martinez Lara, and Maximina Martinez Lara ("<u>Individual Ortiz Plaintiffs</u>"), Plaintiff *La Union Del Puebo Entero* ("<u>LUPE</u>", and, together with the Individual Ortiz Plaintiffs, the "<u>Ortiz-LUPE Plaintiffs</u>"), Plaintiffs Floyd Carrier, Evelyn Brickner, Sergio DeLeon**,** Jane Hamilton, Marc Veasey, Penny Pope, Anna Burns, Ken Gandy, Gordon Benjamin, Koby Ozias, John Mellor-Crummey, Peggy Draper-Herman, Oscar Ortiz, and Michael Montez ("the <u>Individual Veasey-LULAC Plaintiffs</u>"), the League of United Latin American Citizens ("<u>LULAC</u>"), and Dallas County (together with LULAC and the Individual Veasey-LULAC Plaintiffs, the "<u>Veasey-LULAC Plaintiffs</u>") to respond to Defendants' First Set of Interrogatories[1] served on March 28, 2014. (Exhibits 1-5.)

On April 30, 2014, the Veasey-LULAC Plaintiffs served responses to Defendants' First Set of Interrogatories. (Exhibits 6-8.) On May 1, 2014, the Ortiz-

---

[1] The First Sets of Interrogatories directed to the Ortiz-LUPE Plaintiffs were combined with Defendants' Second Requests for Production.

2

LUPE Plaintiffs served responses to Defendants' discovery requests. (Exhibits 9 and 10.)

The Ortiz-LUPE Plaintiffs and the Veasey-LULAC Plaintiffs' interrogatory responses contain a litany of Objections. *See* Exhibit 6-10. Both counsel for the Ortiz-LUPE Plaintiffs and the Veasey-LULAC Plaintiffs confirmed that neither Plaintiff group intends to provide Answers to the Interrogatories, however, and will instead stand on the written Objections contained in Exhibits 6 through 10. While LULAC appears to have incorporated language from an objection raised by the Veasey-LULAC Individual Plaintiffs and the Ortiz-LUPE Plaintiffs into what appears to be an Answer, LULAC refuses to provide verification for any Answer. Defendants have attempted to confer with the Ortiz-LUPE Plaintiffs and the Veasey-LULAC Plaintiffs to obtain verified Answers to the Interrogatories; however, the parties have been unable to come to a resolution, as the Ortiz-LUPE and Veasey-LULAC Plaintiffs persist in refusing to answer the Interrogatories or swear to any such Answers under oath as required by the Federal Rules of Civil Procedure.

## I.   LEGAL STANDARD

Under the Federal Rules, a party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." FED. R. CIV. P. 26(b)(1). "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection…if…a party fails to respond to that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." FED. R. CIV. P. 37(a)(3)(B). Interrogatories to parties are a proper discovery tool.

*See* FED. R. CIV. P. 33. Parties are permited, under the Federal Rules of Civil Procedure, to use interrogatories to inquire about any matter under Rule 26(b). FED. R. CIV. P. 33(a)(2). *See also Tevino v. Celaneze Corp.*, 701 F.2d 397, 406 (5th Cir. 1983) (scope of discovery through interrogatories is limited only by relevance and burden).

Contention interrogatories "ask a party to state the facts upon which it bases a claim or defense," or, more specifically, "ask[ ] a party to state what it contends, state whether it makes a specified contention, state all the facts upon which it bases a contention, take a position and explain or defend the position concerning how the law applies to facts, or state the legal or theoretical basis for a contention." *Id.; InternetAd Sys., LLC v. ESPN, Inc.,* CIV.A.3:03CV2787-D, 2004 WL 5181346, *2 (N.D. Tex. Oct. 8, 2004). "Contention interrogatories…are a permissible form of written discovery." *Alexander v. Hartford Life & Acc. Ins. Co.*, 3-07-CV-1486-M, 2008 WL 906786, *4 (N.D. Tex. Apr. 3, 2008). Fed. R. Civ. P. 33(a)(2) provides that "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." FED R. CIV. P. 33(a)(2); *see also Alexander*, 2008 WL 906786 at *4 (citations omitted); Advisory Committee note, 1970 amendment, subdivision (b), to FED. R. CIV. P. 33. Accordingly, the Federal Rules do not excuse a party from answering a contention interrogatory.

Under Federal Rule of Civil Procedure 33(b), an interrogatory must be answered by the party to whom it is directed, or the appointed agent of a public or private entity. The interrogatory must be answered fully, in writing, and under oath. FED. R. CIV. P. 33(b)(3). Furthermore, "[t]he grounds for objecting to an interrogatory must be stated with specificity." FED. R. CIV. P. 33(b)(4). Boilerplate language is not permitted for objections, and the objecting party must explain how each request is objectionable. *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3rd Cir. 1982) (citing *Roesberg v. Johns-Mainville Corp.*, 85 F.R.D. 292, 296-97 (E.D.Pa. 1980)) (citations omitted); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quaries*, 894 F.2d 1482, 1485 (5th Cir. 1990) (citing *Josephs*, 677 F.2d at 991-92).

## II. THE ORTIZ-LULAC PLAINTIFFS' HAVE FAILED TO ANSWER DEFENDANTS' INTERROGATORIES AND SHOULD BE COMPELLED TO PROVIDE ANSWERS

The Interrogatories served on each of the Individual Ortiz Plaintffs, the Individual Veasey-LULAC Plaintiffs, and Dallas County consisted of an identical, single Interrogatory:

- **INTERROGATORY NO. 1:** Please identify and describe in detail all facts that support your claim that SB 14, as enacted by the State of Texas' 82nd Legislature, was enacted with a discriminatory purpose and intent. This interrogatory includes a request to identify any documents or tangible things you intend to rely on at trial which have not been, or will not be, produced in response to any Request for Production propounded on you or any other party by Defendants.

The Interrogatories served on LUPE and LULAC consist of the above-referenced Interrogatory (Interrogatory No. 1), plus the following Interrogatory:

- **INTERROGATORY NO. 2:** Please identify and describe in detail all facts that support your claim that SB 14, as enacted by the State of Texas' 82nd Legislature, results in denying and abridging the right to vote on account of race and language minority status. This interrogatory includes a request to identify

5

any documents or tangible things you intend to rely on at trial which have not been, or will not be, produced in response to any Request for Production propounded on you or any other party by Defendants.

The Defendants' Interrogatories to the Ortiz-LUPE Plaintiffs and the Veasey-LULAC Plaintiffs request information relating directly to allegations made by the Ortiz-LUPE and Veasey-LULAC Plaintiffs in their respective Complaints. Accordingly, the Defendants' Interrogatories are relevant under Fed. Rule Civ. P. 26(b). *See, e.g.*, FED. R. CIV. P. 26(b); Exhibit 11 (First Amended Complaint of the Ortiz-LUPE Plaintiffs) at ¶¶ 51-57; 96-99; Exhibit 12 (The Veasey-LULAC Plaintiffs' Second Amended Complaint) at ¶¶ 29; 64-69; 72.

Moreover, the Defendants' Interrogatories are contention interrogatories which are permited under the Federal Rules, as they ask Plaintiffs "to state the facts upon which it bases a claim or defense," "state all the facts upon which it bases a contention," and "explain or defend the position concerning how the law applies to facts". *See Alexander*, 2008 WL 906786 at *4; *InternetAd Sys., LLC*, 2004 WL 5181346 at *2. Notwithstanding the appropriateness of the Defendants' Interrogatories, the Veasey-LULAC Plaintiffs and the Ortiz-LUPE Plaintffs have not expressed any intention to amend their Objections to the Interrogatories to provide Responses in the future. Moreover, given that fact discovery is almost concluded, now is an appropriate time for Plaintiffs to answer the Interrogatories even if doing so in May or April was premature (which it was not).

Nor are the Objections asserted by the Ortiz-LUPE Plaintiffs and the Veasey-LULAC Plaintiffs appropriate. The Objections are boilerplate. As to Dallas

County, the Veasey-LULAC Individual Plaintiffs, and the Ortiz-LUPE Plaintiffs, language contained in Paragraph 16 of each of their respective Objections effectively parrots the Interrogatory Answer provided by Hidalgo County, of which, upon request by Defendants, Hidalgo County provided verification on June 3, 2014. (*See* Exhibit 13.) Despite the striking similarity of the Objections of Dallas County's, the Veasey-LULAC Individual Plaintiffs' and the Ortiz-LUPE Plaintiffs' to the Hidalgo County Answer, Defendants understand that this information is intended to be only part of the Objection, and not an Answer to be verified.

Moreover, the Interrogatory Answer provided by Hidalgo County is also parroted by LULAC in its responses to the Interrogatories. While this recitation of the language does not appear to be in an Objection section of its response to the Interrogatories, LULAC will not provide a verification of that language, and, accordingly, it appears LULAC is asking Defendants to also treat the language as an Objection.

The Defendants respectfully request the Court to order the Veasey-LULAC Plaintiffs and the Ortiz-LUPE Plaintiffs to answer to Defendants' Interrogatories and verify those answers. Pursuant to Local Rule 7.1(c), a proposed order granting the requested relief is attached hereto.

Dated: June 18, 2014

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JONATHAN F. MITCHELL
Solicitor General

J. REED CLAY, JR.
Special Assistant and Senior Counsel
to the Attorney General
Southern District of Texas No. 1160600

*/s/ John B. Scott*
JOHN B. SCOTT
Deputy Attorney General for Civil Litigation
Southern District of Texas No. 10418
ATTORNEY-IN-CHARGE

G. DAVID WHITLEY
Assistant Deputy Attorney General
Southern District of Texas No. 2080496

STEPHEN RONALD KEISTER
Assistant Attorney General
Southern District of Texas No. 18580

JENNIFER MARIE ROSCETTI
Assistant Attorney General
Southern District of Texas No. 224780

LINDSEY ELIZABETH WOLF
Assistant Attorney General
Southern District of Texas No. 2292940

209 West 14th Street
P.O. Box 12548
Austin, Texas 70711-2548
(512) 475-0131

        BEN A. DONNELL
        Donnell, Abernethy & Kieschnick
        555 N. Carancahua, Suite 1770
        Corpus Christi, Texas 78401-0853
        Southern District of Texas No. 5689

        COUNSEL FOR THE STATE OF TEXAS,
        RICK PERRY, JOHN STEEN, and STEVE
        MCCRAW

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(D), I hereby certify that counsel for the Defendants have conferred with counsel for the Ortiz-LUPE Plaintiffs and the Veasey-LULAC Plaintiffs regarding this Motion.

*/s/ Lindsey Elizabeth Wolf*
LINDSEY ELIZABETH WOLF

## **CERTIFICATE OF SERVICE**

  I hereby certify that on June 18, 2014, I served a true and correct copy of the foregoing document via the Court's ECF system to all counsel of record.


          */s/ John B. Scott*
          JOHN B. SCOTT