# Exhibit 2

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, JANE HAMILTON, SERGIO DELEON, FLOYD J. CARRIER, ANNA BURNS, MICHAEL MONTEZ, PENNY POPE, OSCAR ORTIZ, KOBY OZIAS, JOHN MELLOR-CRUMLEY, PEGGY HERMAN, EVELYN BRICKNER, GORDON BENJAMIN, KEN GANDY, LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), AND DALLAS COUNTY, TEXAS, *Plaintiffs,* v. RICK PERRY, Governor of Texas; and JOHN STEEN, Texas Secretary of State, *Defendants*. | CIVIL ACTION NO. 2:13-CV-193 (NGR) [Lead case] |
| UNITED STATES OF AMERICA, *Plaintiffs,* TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, IMANI CLARK, AURICA WASHINGTON, CRYSTAL OWENS, AND MICHELLE BESSIAKE, *Plaintiff-Intervenors,* TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, HIDALGO COUNTY, AND MARIA LONGORIA BENAVIDES, *Plaintiff-Intervenors,* v. STATE OF TEXAS, JOHN STEEN, in his official capacity as Texas Secretary of State; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public | CIVIL ACTION NO. 2:13-CV-263 (NGR) [Consolidated case] |

| | |
|---|---|
| Safety,<br>    *Defendants.* | )<br>)<br>) |
| TEXAS STATE CONFERENCE OF NAACP BRANCHES; and the MEXICAN AMERICAN LEGISLATIVE CAUCUS OF THE TEXAS HOUSE OF REPRESENTATIVES,<br>    *Plaintiffs,*<br>v.<br><br>JOHN STEEN, in his official capacity as Secretary of State of Texas; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety,<br>    *Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO.<br>)  2:13-CV-291 (NGR)<br>)  [Consolidated case]<br>)<br>)<br>)<br>)<br>)<br>) |
| BELINDA ORTIZ, LENARD TAYLOR, EULALIO MENDEZ JR., LIONEL ESTRADA; ESTELA GARCIA ESPINOSA, ROXANNE HERNANDEZ, LYDIA LARA, MARGARITO MARTINEZ LARA, MAXIMINA MARTINEZ LARA, AND *LA UNION DEL PUEBLO ENTERO, INC*.<br>    *Plaintiffs,*<br>v.<br><br>STATE OF TEXAS; JOHN STEEN, in his Official capacity as Texas Secretary of State; And STEVE McCRAW, in his official capacity As Director of the Texas Department of Public Safety,<br>    *Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO.<br>)  2:13-CV-348 (NGR)<br>)  [Consolidated case]<br>)<br>)<br>)<br>) |

**DEFENDANTS' COMBINED FIRST SET OF INTERROGATORIES AND SECOND REQUEST FOR PRODUCTION TO PLAINTIFF *LA UNION DEL PUEBLO ENTERO, INC.***

To: *La Union Del Pueblo Entero, Inc.*, by and through its attorneys of record, Jose Garza, Law Office of Jose Garza, 7414 Robin Rest Dr., San Antonio, TX

2

78212; Marinda van Dalen, Texas Rio Grande Legal Aid, Inc., 531 East St. Francis St., Brownsville, TX 78529-5354; Robert W. Doggett, Texas Rio Grande Legal Aid, Inc., 4920 N. IH-35, Austin, TX 78751; Peter McGraw, Texas Rio Grande Legal Aid, Inc., 3825 Agnes St., Corpus Christi, TX 78405.

Pursuant to the Federal Rules of Civil Procedure, you are directed to answer the following set of interrogatories fully, in writing and under oath, based on all information reasonably available to you or your attorney at the time your response is made. Please serve your responses and any objections on the undersigned attorneys within thirty (30) days of service of these interrogatories. These interrogatories are continuing in nature as provided by Rule 26(e) of the Federal Rules of Civil Procedure.

Also, pursuant to the Federal Rules of Civil Procedure, Defendants, by and through the Attorney General for the State of Texas, request that you identify and produce the documents and items requested below to counsel for Defendants. Please serve your responses and any objections on the undersigned attorneys within 30 days of service of these requests. This request is continuing in nature as provided by Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS

The following terms have the following meanings, unless the context requires otherwise:

1.  <u>Party or Parties</u>. The term "plaintiff" or "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party, means the party and, when applicable, his agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

3

**2.** <u>Document.</u> The term "document" means information that is fixed in a tangible medium, such as paper, or electronically stored information. It includes, but is not limited to, writings, drawings, films, charts, photographs, notices, memoranda, diaries, minutes, correspondence, books, journals, ledgers, reports, worksheets, notes, printed e-mails, letters, abstracts, audits, charts, checks, diagrams, drafts, instructions, lists, logs, resumes, and summaries.

    a. <u>Electronically Stored Information.</u> The term "electronically stored information" means electronic information that is stored in a medium from which it can be retrieved and examined. It includes, but is not limited to, all electronic files that can be retrieved from electronic storage.

        1) "Electronic file" includes, but is not limited to, the following: electronic documents; e-mail messages and files; deleted files; temporary files; and metadata.

        2) "Electronic information system" refers to a computer system or network that contains electronic files and electronic storage.

        3) "Electronic storage" refers to electronic files contained on magnetic, optical, or other storage media, such as hard drives, flash drives, DVDs, CDs, tapes, cartridges, floppy diskettes, smart cards, integrated-circuit cards (e.g., SIM cards).

**3.** <u>Tangible thing.</u> The term "tangible thing" means a physical object that is not a document.

**4.** <u>SB 14</u>. The term "SB 14" refers to Texas Senate Bill 14, 82d Leg., R.S., ch 123, § 3, 2011 Tex. Gen. Laws 619, including all companion or predecessor bills filed during previous sessions, whether regular or special, of the Texas Legislature, and all alternative bills or proposals, whether filed or not, relating to the use of photographic identification for voting in the state of Texas.  However, where SB14 is quoted from an allegation in the Federal Complaint, the term "SB 14" has the meaning ascribed to it in the Federal Complaint.

**5.** <u>And & or.</u> The connectives "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

**6.** <u>Person.</u> The term "person" means any natural person, a business, a legal or governmental entity, or an association.

**7.** <u>You & your.</u> The terms "you" and "your" means LUPE, and its members, agents, representatives, attorneys, experts, and other persons acting or purporting to act on behalf of it. "You" and "your" specifically includes any individual member of LUPE, acting in his/her capacity as an individual member of LUPE.

**8.** <u>LUPE.</u>     The term "LUPE" means *La Union del Pueblo Entero, Inc.*

**9.** <u>Federal Action.</u> The term "Federal Action" means Case 2:13-cv-00348 in the United States District Court for the Southern District of Texas, as consolidated with Case 2:13-cv-00193 in the United States District Court for the Southern District of Texas, and including other cases consolidated with Case 2:13-cv-00193 in the United States District Court for the Southern District of Texas.

**10.** <u>State Action.</u>    The term "State Action" means Cause No. C-6392-13-I, in the District Court of the 398th Judicial District, Hidalgo County, Texas, captioned *San Juanita Saldana, Aaron Alonzo, Kayleigh Rose Garcia, Daniel Singleterry, Jr., Anita Singleterry, Jose C. Saldania, Everardo Saldana, Jr., Roel Benavidez, and Juan Jose Maldonado v. Hidalgo County and Hidalgo County Elections Administrator* (2013).

11. <u>Public Information.</u>    The term "Public Information" has the same meaning as ascribed to it in Texas Gov't Code Section 552.002 (2014).

12. <u>Governmental Body.</u>    The term "Governmental Body" has the same meaning as ascribed to it in Texas Gov't Code Section 552.002 (2014).

**INTERROGATORY NO. 1**

Please identify and describe in detail all facts that support your claim that SB 14, as enacted by the State of Texas' 82nd Legislature, was enacted with a discriminatory purpose and intent. This interrogatory includes a request to identify any documents or tangible things you intend to rely on at trial which have not been, or will not be, produced in response to any Request for Production propounded on you or any other party by Defendants.

**RESPONSE:**


**INTERROGATORY NO. 2**

Please identify and describe in detail all facts that support your claim that SB 14, as enacted by the State of Texas' 82nd Legislature, results in denying and abridging the right to vote on account of race and language minority status. This interrogatory includes a request to identify any documents or tangible things you intend to rely on at trial which have not been, or will not be, produced in response to any Request for Production propounded on you or any other party by Defendants.

**RESPONSE:**

## **REQUESTS FOR PRODUCTION**

1. Please produce all documents and tangible things relating to any request by any Plaintiff in the Federal Action, or any party in the State Action, to any Governmental Body in Texas, to produce Public Information, relating to any election or demographic data from 2005 to the Present. This request includes, but is not limited to, both any request to produce Public Information propounded to a Governmental Body and any response and/or documents and tangible things received from the Governmental Body in response to any request to produce Public Information.

2. Please produce all documents and tangible things relating to any subpoena served pursuant to Fed. R. Civ. P. 45, in the Federal Action, on any municipality or county in the state of Texas or on any other entity or individual, which were not previously provided to Defendants. This request includes, but is not limited to, a request for both the subpoena served and any response and/or documents and tangible things produced in response to that subpoena. Defendants' request for the production of these documents and tangible things does not waive any rights or remedies they may have due to the failure of any Plaintiff in the Federal Action to provide notice to Defendants of any such subpoena before its service on the subpoenaed entity or individual, as required by Fed. R. Civ. P. 45 (a)(4).

Dated: March 28, 2014

    Respectfully submitted.

    GREG ABBOTT
    Attorney General of Texas

    DANIEL T. HODGE
    First Assistant Attorney General

    JONATHAN F. MITCHELL
    Solicitor General

    J. REED CLAY, JR.
    Special Assistant and Senior Counse1
    to the Attorney General

    */s/ John B. Scott*
    JOHN B. SCOTT
    Deputy Attorney General for Civil Litigation
    Southern District of Texas No. 10418
    Texas State Bar No. 17901500
    ATTORNEY-IN-CHARGE

    GREGORY DAVID WHITLEY
    Assistant Deputy Attorney General
    Southern District of Texas No. 2080496
    State of Texas Bar No. 2080492

    STEPHEN RONALD KEISTER
    Assistant Attorney General
    Southern District of Texas No. 18580

    SEAN PATRICK FLAMMER
    Assistant Attorney General
    Southern District of Texas No. 1376041

    209 West 14th Street
    P.O. Box 12548
    Austin, Texas 70711-2548
    (512) 475-0131

8

        COUNSEL FOR THE STATE OF TEXAS, RICK PERRY, THE TEXAS SECRETARY OF STATE, and STEVE MCCRAW

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document is being served by electronic mail on March 28, 2014, to all counsel of record.

*/s/ John B. Scott*
JOHN B. SCOTT