# Exhibit 3

**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | |
|---|---|
| MARC VEASEY, JANE HAMILTON, SERGIO DELEON, FLOYD J. CARRIER, ANNA BURNS, MICHAEL MONTEZ, PENNY POPE, OSCAR ORTIZ, KOBY OZIAS, JOHN MELLOR-CRUMLEY, PEGGY HERMAN, EVELYN BRICKNER, GORDON BENJAMIN, KEN GANDY, LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), AND DALLAS COUNTY, TEXAS, *Plaintiffs,* v. RICK PERRY, Governor of Texas; and JOHN STEEN, Texas Secretary of State, *Defendants.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) CIVIL ACTION NO. 2:13-CV-193 (NGR) [Lead case] |
| UNITED STATES OF AMERICA, *Plaintiffs,* TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, IMANI CLARK, AURICA WASHINGTON, CRYSTAL OWENS, AND MICHELLE BESSIAKE, *Plaintiff-Intervenors,* TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, HIDALGO COUNTY, AND MARIA LONGORIA BENAVIDES, *Plaintiff-Intervenors,* v. STATE OF TEXAS, JOHN STEEN, in his official capacity as Texas Secretary of State; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) CIVIL ACTION NO. 2:13-CV-263 (NGR) [Consolidated case] |

Safety,                                          )
     *Defendants.*                          )
_____  )
TEXAS STATE CONFERENCE OF NAACP      )
BRANCHES;   and   the   MEXICAN      )
AMERICAN  LEGISLATIVE  CAUCUS  OF     )
THE       TEXAS       HOUSE       OF   )
REPRESENTATIVES,                     )
     *Plaintiffs,*                          )
v.                                     )   CIVIL ACTION NO.
                                )   2:13-CV-291 (NGR)
JOHN STEEN, in his official capacity as   )   [Consolidated case]
Secretary  of  State  of  Texas;  and  STEVE   )
McCRAW, in his official capacity as Director   )
of the Texas Department of Public Safety,   )
     *Defendants.*                          )
_____  )
BELINDA ORTIZ, LENARD TAYLOR,        )
EULALIO MENDEZ JR., LIONEL           )
ESTRADA; ESTELA GARCIA ESPINOSA,    )
ROXANNE HERNANDEZ, LYDIA LARA,      )
MARGARITO MARTINEZ LARA,            )
MAXIMINA MARTINEZ LARA, AND         )
*LA UNION DEL PUEBLO ENTERO, INC.*    )
     *Plaintiffs,*                          )
v.                                     )
                                )   CIVIL ACTION NO.
STATE OF TEXAS; JOHN STEEN, in his    )   2:13-CV-348 (NGR)
Official capacity as Texas Secretary of State;   )   [Consolidated case]
And STEVE McCRAW, in his official capacity   )
As Director of the Texas Department of   )
Public Safety,                         )
     *Defendants.*                          )
_____

## **DEFENDANTS' FIRST INTERROGATORY TO PLAINTIFF KEN GANDY**

To:    **Ken Gandy,** by and through his attorneys of record, Armand Derfner,
       Derfner, Altman & Wilborn, LLC, P.O. Box 600, Charleston, SC 29402; Chad
       W Dunn and Kembel Scott Brazil, Brazil & Dunn, 4201 Cypress Creek Pkwy
       Ste 530, Houston, TX 77068; J. Gerald Hebert, Campaign Legal Center, 191

2

Somervelle Street #405, Alexandria, VA 22304; Neil G. Baron, Law Office of Neil G. Baron, 914 FM 517 Rd W Suite 242, Dickinson, TX 77539.

Pursuant to the Federal Rules of Civil Procedure, you are directed to answer the following interrogatory fully, in writing and under oath, based on all information reasonably available to you or your attorney at the time your response is made. Please serve your responses and any objections on the undersigned attorneys within thirty (30) days of service of this interrogatory. This interrogatory is continuing in nature as provided by Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS

The following terms have the following meanings, unless the context requires otherwise:

**1.** <u>Party or Parties</u>. The term "plaintiff" or "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party, means the party and, when applicable, his agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

**2.** <u>Document.</u> The term "document" means information that is fixed in a tangible medium, such as paper, or electronically stored information. It includes, but is not limited to, writings, drawings, films, charts, photographs, notices, memoranda, diaries, minutes, correspondence, books, journals, ledgers, reports, worksheets, notes, printed e-mails, letters, abstracts, audits, charts, checks, diagrams, drafts, instructions, lists, logs, resumes, and summaries.

    a.   <u>Electronically Stored Information.</u> The term "electronically stored information" means electronic information that is stored in a medium from which it can be retrieved and examined. It includes, but is not limited to, all electronic files that can be retrieved from electronic storage.

        1) "Electronic file" includes, but is not limited to, the following: electronic documents; e-mail messages and files; deleted files; temporary files; and metadata.

3

2) "Electronic information system" refers to a computer system or network that contains electronic files and electronic storage.

3) "Electronic storage" refers to electronic files contained on magnetic, optical, or other storage media, such as hard drives, flash drives, DVDs, CDs, tapes, cartridges, floppy diskettes, smart cards, integrated-circuit cards (e.g., SIM cards).

**3.**     <u>Tangible thing.</u> The term "tangible thing" means a physical object that is not a document.

**4.**     <u>SB 14</u>. The term "SB 14" refers to Texas Senate Bill 14, 82d Leg., R.S., ch 123, § 3, 2011 Tex. Gen. Laws 619, including all companion or predecessor bills filed during previous sessions, whether regular or special, of the Texas Legislature, and all alternative bills or proposals, whether filed or not, relating to the use of photographic identification for voting in the state of Texas.  However, where SB14 is quoted from an allegation in the Federal Complaint, the term "SB 14" has the meaning ascribed to it in the Federal Complaint.

**5.**     <u>And & or.</u> The connectives "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

**6.**     <u>Person.</u> The term "person" means any natural person, a business, a legal or governmental entity, or an association.

**7.**     <u>You & your.</u> The terms "you" and "your" mean Ken Gandy, and Ken Gandy's agents, representatives, attorneys, experts, and other persons acting or purporting to act on behalf of Ken Gandy.

**<u>INTERROGATORY NO. 1</u>**

Please identify and describe in detail all facts that support your claim that SB 14, as enacted by the State of Texas' 82nd Legislature, was enacted with a discriminatory purpose and intent. This interrogatory includes a request to identify any documents or tangible things you intend to rely on at trial which have not been, or will not be, produced in response to any Request for Production propounded on you or any other party by Defendants.

**<u>RESPONSE:</u>**

Dated: March 28, 2014

Respectfully submitted.

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JONATHAN F. MITCHELL
Solicitor General

J. REED CLAY, JR.
Special Assistant and Senior Counse1
to the Attorney General

*/s/ John B. Scott*
JOHN B. SCOTT
Deputy Attorney General for Civil Litigation
Southern District of Texas No. 10418
Texas State Bar No. 17901500
ATTORNEY-IN-CHARGE

GREGORY DAVID WHITLEY
Assistant Deputy Attorney General
Southern District of Texas No. 2080496
State of Texas Bar No. 2080492

STEPHEN RONALD KEISTER
Assistant Attorney General
Southern District of Texas No. 18580

SEAN PATRICK FLAMMER
Assistant Attorney General
Southern District of Texas No. 1376041

209 West 14th Street
P.O. Box 12548
Austin, Texas 70711-2548
(512) 475-0131

6

COUNSEL FOR THE STATE OF TEXAS, RICK PERRY, THE TEXAS SECRETARY OF STATE, and STEVE MCCRAW

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document is being served by electronic mail on March 28, 2014, to all counsel of record.


*/s/ John B. Scott*
JOHN B. SCOTT

# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

|  |  |
|---|---|
| MARC VEASEY, JANE HAMILTON, SERGIO DELEON, FLOYD J. CARRIER, ANNA BURNS, MICHAEL MONTEZ, PENNY POPE, OSCAR ORTIZ, KOBY OZIAS, JOHN MELLOR-CRUMLEY, PEGGY HERMAN, EVELYN BRICKNER, GORDON BENJAMIN, KEN GANDY, LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), AND DALLAS COUNTY, TEXAS, *Plaintiffs,* v. RICK PERRY, Governor of Texas; and JOHN STEEN, Texas Secretary of State, *Defendants.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| UNITED STATES OF AMERICA, *Plaintiffs,* TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, IMANI CLARK, AURICA WASHINGTON, CRYSTAL OWENS, AND MICHELLE BESSIAKE, *Plaintiff-Intervenors,* TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, HIDALGO COUNTY, AND MARIA LONGORIA BENAVIDES, *Plaintiff-Intervenors,* v. STATE OF TEXAS, JOHN STEEN, in his official capacity as Texas Secretary of State; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

CIVIL ACTION NO.
2:13-CV-193 (NGR)
[Lead case]

CIVIL ACTION NO.
2:13-CV-263 (NGR)
[Consolidated case]

Safety,
  *Defendants.*

_____

TEXAS STATE CONFERENCE OF NAACP
BRANCHES; and the MEXICAN
AMERICAN LEGISLATIVE CAUCUS OF
THE TEXAS HOUSE OF
REPRESENTATIVES,
  *Plaintiffs,*

v.

JOHN STEEN, in his official capacity as
Secretary of State of Texas; and STEVE
McCRAW, in his official capacity as Director
of the Texas Department of Public Safety,
  *Defendants.*

_____

CIVIL ACTION NO.
2:13-CV-291 (NGR)
[Consolidated case]

BELINDA ORTIZ, LENARD TAYLOR,
EULALIO MENDEZ JR., LIONEL
ESTRADA; ESTELA GARCIA ESPINOSA,
ROXANNE HERNANDEZ, LYDIA LARA,
MARGARITO MARTINEZ LARA,
MAXIMINA MARTINEZ LARA, AND
*LA UNION DEL PUEBLO ENTERO, INC.*
  *Plaintiffs,*

v.

STATE OF TEXAS; JOHN STEEN, in his
Official capacity as Texas Secretary of State;
And STEVE McCRAW, in his official capacity
As Director of the Texas Department of
Public Safety,
  *Defendants.*

_____

CIVIL ACTION NO.
2:13-CV-348 (NGR)
[Consolidated case]

## DEFENDANTS' FIRST INTERROGATORY TO PLAINTIFF JOHN MELLOR CRUMMY

To: **John Mellor Crummy,** by and through his attorneys of record, Armand
   Derfner, Derfner, Altman & Wilborn, LLC, P.O. Box 600, Charleston, SC
   29402; Chad W Dunn and Kembel Scott Brazil, Brazil & Dunn, 4201 Cypress

Creek Pkwy Ste 530, Houston, TX 77068; J. Gerald Hebert, Campaign Legal Center, 191 Somervelle Street #405, Alexandria, VA 22304; Neil G. Baron, Law Office of Neil G. Baron, 914 FM 517 Rd W Suite 242, Dickinson, TX 77539.

Pursuant to the Federal Rules of Civil Procedure, you are directed to answer the following interrogatory fully, in writing and under oath, based on all information reasonably available to you or your attorney at the time your response is made. Please serve your responses and any objections on the undersigned attorneys within thirty (30) days of service of this interrogatory. This interrogatory is continuing in nature as provided by Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS

The following terms have the following meanings, unless the context requires otherwise:

**1.** <u>Party or Parties</u>. The term "plaintiff" or "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party, means the party and, when applicable, his agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

**2.** <u>Document.</u> The term "document" means information that is fixed in a tangible medium, such as paper, or electronically stored information. It includes, but is not limited to, writings, drawings, films, charts, photographs, notices, memoranda, diaries, minutes, correspondence, books, journals, ledgers, reports, worksheets, notes, printed e-mails, letters, abstracts, audits, charts, checks, diagrams, drafts, instructions, lists, logs, resumes, and summaries.

a. <u>Electronically Stored Information.</u> The term "electronically stored information" means electronic information that is stored in a medium from which it can be retrieved and examined. It includes, but is not limited to, all electronic files that can be retrieved from electronic storage.

3

1) "Electronic file" includes, but is not limited to, the following: electronic documents; e-mail messages and files; deleted files; temporary files; and metadata.

2) "Electronic information system" refers to a computer system or network that contains electronic files and electronic storage.

3) "Electronic storage" refers to electronic files contained on magnetic, optical, or other storage media, such as hard drives, flash drives, DVDs, CDs, tapes, cartridges, floppy diskettes, smart cards, integrated-circuit cards (e.g., SIM cards).

**3.** <u>Tangible thing.</u> The term "tangible thing" means a physical object that is not a document.

**4.** <u>SB 14</u>. The term "SB 14" refers to Texas Senate Bill 14, 82d Leg., R.S., ch 123, § 3, 2011 Tex. Gen. Laws 619, including all companion or predecessor bills filed during previous sessions, whether regular or special, of the Texas Legislature, and all alternative bills or proposals, whether filed or not, relating to the use of photographic identification for voting in the state of Texas.  However, where SB14 is quoted from an allegation in the Federal Complaint, the term "SB 14" has the meaning ascribed to it in the Federal Complaint.

**5.** <u>And & or.</u> The connectives "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

**6.** <u>Person.</u> The term "person" means any natural person, a business, a legal or governmental entity, or an association.

**7.** <u>You & your.</u> The terms "you" and "your" mean John Mellor Crummy, and John Mellor Crummy's agents, representatives, attorneys, experts, and other persons acting or purporting to act on behalf of John Mellor Crummy.

## INTERROGATORY NO. 1

Please identify and describe in detail all facts that support your claim that SB 14, as enacted by the State of Texas' 82nd Legislature, was enacted with a discriminatory purpose and intent.  This interrogatory includes a request to identify any documents or tangible things you intend to rely on at trial which have not been, or will not be, produced in response to any Request for Production propounded on you or any other party by Defendants.

## RESPONSE:

Dated: March 28, 2014

Respectfully submitted.

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JONATHAN F. MITCHELL
Solicitor General

J. REED CLAY, JR.
Special Assistant and Senior Counse1
to the Attorney General

*/s/ John B. Scott*
JOHN B. SCOTT
Deputy Attorney General for Civil Litigation
Southern District of Texas No. 10418
Texas State Bar No. 17901500
ATTORNEY-IN-CHARGE

GREGORY DAVID WHITLEY
Assistant Deputy Attorney General
Southern District of Texas No. 2080496
State of Texas Bar No. 2080492

STEPHEN RONALD KEISTER
Assistant Attorney General
Southern District of Texas No. 18580

SEAN PATRICK FLAMMER
Assistant Attorney General
Southern District of Texas No. 1376041

209 West 14th Street
P.O. Box 12548
Austin, Texas 70711-2548
(512) 475-0131

6

COUNSEL FOR THE STATE OF TEXAS,
RICK PERRY, THE TEXAS SECRETARY
OF STATE, and STEVE MCCRAW

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document is being served by electronic mail on March 28, 2014, to all counsel of record.

<u>/s/ John B. Scott</u>
JOHN B. SCOTT

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, JANE HAMILTON, SERGIO DELEON, FLOYD J. CARRIER, ANNA BURNS, MICHAEL MONTEZ, PENNY POPE, OSCAR ORTIZ, KOBY OZIAS, JOHN MELLOR-CRUMLEY, PEGGY HERMAN, EVELYN BRICKNER, GORDON BENJAMIN, KEN GANDY, LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), AND DALLAS COUNTY, TEXAS, *Plaintiffs,* v. RICK PERRY, Governor of Texas; and JOHN STEEN, Texas Secretary of State, *Defendants.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) CIVIL ACTION NO. 2:13-CV-193 (NGR) [Lead case] |

UNITED STATES OF AMERICA,
     *Plaintiffs,*       )

TEXAS LEAGUE OF YOUNG VOTERS
EDUCATION FUND, IMANI CLARK,
AURICA WASHINGTON, CRYSTAL
OWENS, AND MICHELLE BESSIAKE,
     *Plaintiff-Intervenors,*     )

TEXAS ASSOCIATION OF HISPANIC
COUNTY JUDGES AND COUNTY
COMMISSIONERS, HIDALGO COUNTY,
AND MARIA LONGORIA BENAVIDES,
     *Plaintiff-Intervenors,*     )
v.

STATE OF TEXAS, JOHN STEEN, in his
official capacity as Texas Secretary of State;
and STEVE McCRAW, in his official capacity
as Director of the Texas Department of Public

CIVIL ACTION NO.
2:13-CV-263 (NGR)
[Consolidated case]

Safety,                                                    )
     *Defendants.*                         )
_____ )
TEXAS STATE CONFERENCE OF NAACP   )
BRANCHES;   and   the   MEXICAN   )
AMERICAN  LEGISLATIVE  CAUCUS  OF  )
THE       TEXAS       HOUSE      OF )
REPRESENTATIVES,                   )
     *Plaintiffs,*                        )
v.                                                          )   CIVIL ACTION NO.
                                          )   2:13-CV-291 (NGR)
JOHN STEEN, in his official capacity as )   [Consolidated case]
Secretary of State of Texas; and STEVE )
McCRAW, in his official capacity as Director )
of the Texas Department of Public Safety, )
     *Defendants.*                         )
_____ )
BELINDA ORTIZ, LENARD TAYLOR,      )
EULALIO MENDEZ JR., LIONEL          )
ESTRADA; ESTELA GARCIA ESPINOSA,  )
ROXANNE HERNANDEZ, LYDIA LARA,    )
MARGARITO MARTINEZ LARA,           )
MAXIMINA MARTINEZ LARA, AND       )
*LA UNION DEL PUEBLO ENTERO, INC.*  )
     *Plaintiffs,*                        )
v.                                                          )
                                          )   CIVIL ACTION NO.
STATE OF TEXAS; JOHN STEEN, in his )   2:13-CV-348 (NGR)
Official capacity as Texas Secretary of State; )   [Consolidated case]
And STEVE McCRAW, in his official capacity )
As Director of the Texas Department of )
Public Safety,                                          )
     *Defendants.*                         )
_____

## DEFENDANTS' FIRST INTERROGATORY TO PLAINTIFF GORDON BENJAMIN

To:    **Gordon Benjamin,** by and through his attorneys of record, Armand
        Derfner, Derfner, Altman & Wilborn, LLC, P.O. Box 600, Charleston, SC
        29402; Chad W Dunn and Kembel Scott Brazil, Brazil & Dunn, 4201 Cypress

Creek Pkwy Ste 530, Houston, TX 77068; J. Gerald Hebert, Campaign Legal Center, 191 Somervelle Street #405, Alexandria, VA 22304; Neil G. Baron, Law Office of Neil G. Baron, 914 FM 517 Rd W Suite 242, Dickinson, TX 77539.

Pursuant to the Federal Rules of Civil Procedure, you are directed to answer the following interrogatory fully, in writing and under oath, based on all information reasonably available to you or your attorney at the time your response is made.   Please serve your responses and any objections on the undersigned attorneys within thirty (30) days of service of this interrogatory.  This interrogatory is continuing in nature as provided by Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS

The following terms have the following meanings, unless the context requires otherwise:

**1.**     <u>Party or Parties</u>. The term "plaintiff" or "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party, means the party and, when applicable, his agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

**2.**     <u>Document.</u> The term "document" means information that is fixed in a tangible medium, such as paper, or electronically stored information. It includes, but is not limited to, writings, drawings, films, charts, photographs, notices, memoranda, diaries, minutes, correspondence, books, journals, ledgers, reports, worksheets, notes, printed e-mails, letters, abstracts, audits, charts, checks, diagrams, drafts, instructions, lists, logs, resumes, and summaries.

     a.     <u>Electronically Stored Information.</u> The term "electronically stored information" means electronic information that is stored in a medium from which it can be retrieved and examined. It includes, but is not limited to, all electronic files that can be retrieved from electronic storage.

3

1) "Electronic file" includes, but is not limited to, the following: electronic documents; e-mail messages and files; deleted files; temporary files; and metadata.

2) "Electronic information system" refers to a computer system or network that contains electronic files and electronic storage.

3) "Electronic storage" refers to electronic files contained on magnetic, optical, or other storage media, such as hard drives, flash drives, DVDs, CDs, tapes, cartridges, floppy diskettes, smart cards, integrated-circuit cards (e.g., SIM cards).

**3.**   Tangible thing. The term "tangible thing" means a physical object that is not a document.

**4.**   SB 14. The term "SB 14" refers to Texas Senate Bill 14, 82d Leg., R.S., ch 123, § 3, 2011 Tex. Gen. Laws 619, including all companion or predecessor bills filed during previous sessions, whether regular or special, of the Texas Legislature, and all alternative bills or proposals, whether filed or not, relating to the use of photographic identification for voting in the state of Texas.  However, where SB14 is quoted from an allegation in the Federal Complaint, the term "SB 14" has the meaning ascribed to it in the Federal Complaint.

**5.**   And & or. The connectives "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

**6.**   Person. The term "person" means any natural person, a business, a legal or governmental entity, or an association.

**7.**   You & your. The terms "you" and "your" mean Gordon Benjamin, and Gordon Benjamin's agents, representatives, attorneys, experts, and other persons acting or purporting to act on behalf of Gordon Benjamin.

**INTERROGATORY NO. 1**

Please identify and describe in detail all facts that support your claim that SB 14, as enacted by the State of Texas' 82nd Legislature, was enacted with a discriminatory purpose and intent.  This interrogatory includes a request to identify any documents or tangible things you intend to rely on at trial which have not been, or will not be, produced in response to any Request for Production propounded on you or any other party by Defendants.

**RESPONSE:**

Dated: March 28, 2014

Respectfully submitted.

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JONATHAN F. MITCHELL
Solicitor General

J. REED CLAY, JR.
Special Assistant and Senior Counsel
to the Attorney General

*/s/ John B. Scott*
JOHN B. SCOTT
Deputy Attorney General for Civil Litigation
Southern District of Texas No. 10418
Texas State Bar No. 17901500
ATTORNEY-IN-CHARGE

GREGORY DAVID WHITLEY
Assistant Deputy Attorney General
Southern District of Texas No. 2080496
State of Texas Bar No. 2080492

STEPHEN RONALD KEISTER
Assistant Attorney General
Southern District of Texas No. 18580

SEAN PATRICK FLAMMER
Assistant Attorney General
Southern District of Texas No. 1376041

209 West 14th Street
P.O. Box 12548
Austin, Texas 70711-2548
(512) 475-0131

6

COUNSEL FOR THE STATE OF TEXAS,
RICK PERRY, THE TEXAS SECRETARY
OF STATE, and STEVE MCCRAW

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document is being served by electronic mail on March 28, 2014, to all counsel of record.

_/s/ John B. Scott_
JOHN B. SCOTT

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, JANE HAMILTON, SERGIO DELEON, FLOYD J. CARRIER, ANNA BURNS, MICHAEL MONTEZ, PENNY POPE, OSCAR ORTIZ, KOBY OZIAS, JOHN MELLOR-CRUMLEY, PEGGY HERMAN, EVELYN BRICKNER, GORDON BENJAMIN, KEN GANDY, LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), AND DALLAS COUNTY, TEXAS, *Plaintiffs,* v. RICK PERRY, Governor of Texas; and JOHN STEEN, Texas Secretary of State, *Defendants.* | CIVIL ACTION NO. 2:13-CV-193 (NGR) [Lead case] |
| UNITED STATES OF AMERICA, *Plaintiffs,* TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, IMANI CLARK, AURICA WASHINGTON, CRYSTAL OWENS, AND MICHELLE BESSIAKE, *Plaintiff-Intervenors,* TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, HIDALGO COUNTY, AND MARIA LONGORIA BENAVIDES, *Plaintiff-Intervenors,* v. STATE OF TEXAS, JOHN STEEN, in his official capacity as Texas Secretary of State; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public | CIVIL ACTION NO. 2:13-CV-263 (NGR) [Consolidated case] |

Safety,                                                                  )
          *Defendants.*                                                  )
_____                                        )
TEXAS STATE CONFERENCE OF NAACP                                          )
BRANCHES;   and   the   MEXICAN                                          )
AMERICAN  LEGISLATIVE  CAUCUS  OF                                        )
THE          TEXAS          HOUSE      OF                                )
REPRESENTATIVES,                                                         )
          *Plaintiffs,*                                                  )
v.                                                                       )   CIVIL ACTION NO.
                                                                         )   2:13-CV-291 (NGR)
JOHN STEEN, in his official capacity as                                  )   [Consolidated case]
Secretary of State of Texas; and STEVE                                   )
McCRAW, in his official capacity as Director                             )
of the Texas Department of Public Safety,                                )
          *Defendants.*                                                  )
_____                                        )
BELINDA ORTIZ, LENARD TAYLOR,                                            )
EULALIO MENDEZ JR., LIONEL                                               )
ESTRADA; ESTELA GARCIA ESPINOSA,                                         )
ROXANNE HERNANDEZ, LYDIA LARA,                                           )
MARGARITO MARTINEZ LARA,                                                 )
MAXIMINA MARTINEZ LARA, AND                                              )
*LA UNION DEL PUEBLO ENTERO, INC.*                                       )
          *Plaintiffs,*                                                  )
v.                                                                       )
                                                                         )   CIVIL ACTION NO.
STATE OF TEXAS; JOHN STEEN, in his                                       )   2:13-CV-348 (NGR)
Official capacity as Texas Secretary of State;                           )   [Consolidated case]
And STEVE McCRAW, in his official capacity                               )
As Director of the Texas Department of                                   )
Public Safety,                                                           )
          *Defendants.*                                                  )
_____

## DEFENDANTS' FIRST INTERROGATORY TO PLAINTIFF EVELYN BRICKNER

To:   **Evelyn Brickner,** by and through her attorneys of record, Armand Derfner,
      Derfner, Altman & Wilborn, LLC, P.O. Box 600, Charleston, SC 29402; Chad
      W Dunn and Kembel Scott Brazil, Brazil & Dunn, 4201 Cypress Creek Pkwy

Ste 530, Houston, TX 77068; J. Gerald Hebert, Campaign Legal Center, 191 Somervelle Street #405, Alexandria, VA 22304; Neil G. Baron, Law Office of Neil G. Baron, 914 FM 517 Rd W Suite 242, Dickinson, TX 77539.

Pursuant to the Federal Rules of Civil Procedure, you are directed to answer the following interrogatory fully, in writing and under oath, based on all information reasonably available to you or your attorney at the time your response is made.   Please serve your responses and any objections on the undersigned attorneys within thirty (30) days of service of this interrogatory.   This interrogatory is continuing in nature as provided by Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS

The following terms have the following meanings, unless the context requires otherwise:

**1.**   Party or Parties. The term "plaintiff" or "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party, means the party and, when applicable, his agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

**2.**   Document. The term "document" means information that is fixed in a tangible medium, such as paper, or electronically stored information. It includes, but is not limited to, writings, drawings, films, charts, photographs, notices, memoranda, diaries, minutes, correspondence, books, journals, ledgers, reports, worksheets, notes, printed e-mails, letters, abstracts, audits, charts, checks, diagrams, drafts, instructions, lists, logs, resumes, and summaries.

a.   Electronically Stored Information. The term "electronically stored information" means electronic information that is stored in a medium from which it can be retrieved and examined. It includes, but is not limited to, all electronic files that can be retrieved from electronic storage.

3

1) "Electronic file" includes, but is not limited to, the following: electronic documents; e-mail messages and files; deleted files; temporary files; and metadata.

2) "Electronic information system" refers to a computer system or network that contains electronic files and electronic storage.

3) "Electronic storage" refers to electronic files contained on magnetic, optical, or other storage media, such as hard drives, flash drives, DVDs, CDs, tapes, cartridges, floppy diskettes, smart cards, integrated-circuit cards (e.g., SIM cards).

**3.**    <u>Tangible thing.</u> The term "tangible thing" means a physical object that is not a document.

**4.**    <u>SB 14</u>. The term "SB 14" refers to Texas Senate Bill 14, 82d Leg., R.S., ch 123, § 3, 2011 Tex. Gen. Laws 619, including all companion or predecessor bills filed during previous sessions, whether regular or special, of the Texas Legislature, and all alternative bills or proposals, whether filed or not, relating to the use of photographic identification for voting in the state of Texas.  However, where SB14 is quoted from an allegation in the Federal Complaint, the term "SB 14" has the meaning ascribed to it in the Federal Complaint.

**5.**    <u>And & or.</u> The connectives "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

**6.**    <u>Person.</u> The term "person" means any natural person, a business, a legal or governmental entity, or an association.

**7.**    <u>You & your.</u> The terms "you" and "your" mean Evelyn Brickner, and Evelyn Brickner's agents, representatives, attorneys, experts, and other persons acting or purporting to act on behalf of Evelyn Brickner.

4

## INTERROGATORY NO. 1

Please identify and describe in detail all facts that support your claim that SB 14, as enacted by the State of Texas' 82nd Legislature, was enacted with a discriminatory purpose and intent.  This interrogatory includes a request to identify any documents or tangible things you intend to rely on at trial which have not been, or will not be, produced in response to any Request for Production propounded on you or any other party by Defendants.

## RESPONSE:

Dated: March 28, 2014

Respectfully submitted.

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JONATHAN F. MITCHELL
Solicitor General

J. REED CLAY, JR.
Special Assistant and Senior Counse1
to the Attorney General

*/s/ John B. Scott*
JOHN B. SCOTT
Deputy Attorney General for Civil Litigation
Southern District of Texas No. 10418
Texas State Bar No. 17901500
ATTORNEY-IN-CHARGE

GREGORY DAVID WHITLEY
Assistant Deputy Attorney General
Southern District of Texas No. 2080496
State of Texas Bar No. 2080492

STEPHEN RONALD KEISTER
Assistant Attorney General
Southern District of Texas No. 18580

SEAN PATRICK FLAMMER
Assistant Attorney General
Southern District of Texas No. 1376041

209 West 14th Street
P.O. Box 12548
Austin, Texas 70711-2548
(512) 475-0131

6

COUNSEL FOR THE STATE OF TEXAS,
RICK PERRY, THE TEXAS SECRETARY
OF STATE, and STEVE MCCRAW

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document is being served by electronic mail on March 28, 2014, to all counsel of record.

*/s/ John B. Scott*
JOHN B. SCOTT

**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | |
|---|---|
| MARC VEASEY, JANE HAMILTON, SERGIO DELEON, FLOYD J. CARRIER, ANNA BURNS, MICHAEL MONTEZ, PENNY POPE, OSCAR ORTIZ, KOBY OZIAS, JOHN MELLOR-CRUMLEY, PEGGY HERMAN, EVELYN BRICKNER, GORDON BENJAMIN, KEN GANDY, LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), AND DALLAS COUNTY, TEXAS, | ) ) ) ) ) ) ) ) ) ) ) |
| *Plaintiffs,* | ) CIVIL ACTION NO. |
| v. | ) 2:13-CV-193 (NGR) |
| | ) [Lead case] |
| RICK PERRY, Governor of Texas; and JOHN STEEN, Texas Secretary of State, | ) ) ) |
| *Defendants.* | ) |
| | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| *Plaintiffs,* | ) |
| | ) |
| TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, IMANI CLARK, AURICA WASHINGTON, CRYSTAL OWENS, AND MICHELLE BESSIAKE, | ) ) ) ) |
| *Plaintiff-Intervenors,* | ) |
| | ) |
| TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, HIDALGO COUNTY, AND MARIA LONGORIA BENAVIDES, | ) ) ) ) |
| *Plaintiff-Intervenors,* | ) CIVIL ACTION NO. |
| v. | ) 2:13-CV-263 (NGR) |
| | ) [Consolidated case] |
| STATE OF TEXAS, JOHN STEEN, in his official capacity as Texas Secretary of State; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public | ) ) ) ) |

Safety,                                                    )
         *Defendants.*                                     )
_____                       )
TEXAS STATE CONFERENCE OF NAACP                            )
BRANCHES;   and   the   MEXICAN                            )
AMERICAN LEGISLATIVE CAUCUS OF                             )
THE         TEXAS         HOUSE         OF                 )
REPRESENTATIVES,                                           )
         *Plaintiffs,*                                     )
v.                                                         )   CIVIL ACTION NO.
                                                           )   2:13-CV-291 (NGR)
JOHN STEEN, in his official capacity as                    )   [Consolidated case]
Secretary of State of Texas; and STEVE                     )
McCRAW, in his official capacity as Director               )
of the Texas Department of Public Safety,                  )
         *Defendants.*                                     )
_____                       )
BELINDA ORTIZ, LENARD TAYLOR,                              )
EULALIO MENDEZ JR., LIONEL                                 )
ESTRADA; ESTELA GARCIA ESPINOSA,                           )
ROXANNE HERNANDEZ, LYDIA LARA,                             )
MARGARITO MARTINEZ LARA,                                   )
MAXIMINA MARTINEZ LARA, AND                                )
*LA UNION DEL PUEBLO ENTERO, INC.*                         )
         *Plaintiffs,*                                     )
v.                                                         )
                                                           )   CIVIL ACTION NO.
STATE OF TEXAS; JOHN STEEN, in his                         )   2:13-CV-348 (NGR)
Official capacity as Texas Secretary of State;             )   [Consolidated case]
And STEVE McCRAW, in his official capacity                 )
As Director of the Texas Department of                     )
Public Safety,                                             )
         *Defendants.*                                     )
_____

## DEFENDANTS' FIRST INTERROGATORY TO PLAINTIFF ANNA BURNS

To:   **Anna Burns,** by and through her attorneys of record, Armand Derfner,
      Derfner, Altman & Wilborn, LLC, P.O. Box 600, Charleston, SC 29402; Chad
      W Dunn and Kembel Scott Brazil, Brazil & Dunn, 4201 Cypress Creek Pkwy
      Ste 530, Houston, TX 77068; J. Gerald Hebert, Campaign Legal Center, 191

2

Somervelle Street #405, Alexandria, VA 22304; Neil G. Baron, Law Office of Neil G. Baron, 914 FM 517 Rd W Suite 242, Dickinson, TX 77539.

Pursuant to the Federal Rules of Civil Procedure, you are directed to answer the following interrogatory fully, in writing and under oath, based on all information reasonably available to you or your attorney at the time your response is made. Please serve your responses and any objections on the undersigned attorneys within thirty (30) days of service of this interrogatory. This interrogatory is continuing in nature as provided by Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS

The following terms have the following meanings, unless the context requires otherwise:

**1.** <u>Party or Parties</u>. The term "plaintiff" or "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party, means the party and, when applicable, his agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

**2.** <u>Document.</u> The term "document" means information that is fixed in a tangible medium, such as paper, or electronically stored information. It includes, but is not limited to, writings, drawings, films, charts, photographs, notices, memoranda, diaries, minutes, correspondence, books, journals, ledgers, reports, worksheets, notes, printed e-mails, letters, abstracts, audits, charts, checks, diagrams, drafts, instructions, lists, logs, resumes, and summaries.

a. <u>Electronically Stored Information.</u> The term "electronically stored information" means electronic information that is stored in a medium from which it can be retrieved and examined. It includes, but is not limited to, all electronic files that can be retrieved from electronic storage.

1) "Electronic file" includes, but is not limited to, the following: electronic documents; e-mail messages and files; deleted files; temporary files; and metadata.

3

2) "Electronic information system" refers to a computer system or network that contains electronic files and electronic storage.

3) "Electronic storage" refers to electronic files contained on magnetic, optical, or other storage media, such as hard drives, flash drives, DVDs, CDs, tapes, cartridges, floppy diskettes, smart cards, integrated-circuit cards (e.g., SIM cards).

**3.**  <u>Tangible thing.</u> The term "tangible thing" means a physical object that is not a document.

**4.**  <u>SB 14</u>. The term "SB 14" refers to Texas Senate Bill 14, 82d Leg., R.S., ch 123, § 3, 2011 Tex. Gen. Laws 619, including all companion or predecessor bills filed during previous sessions, whether regular or special, of the Texas Legislature, and all alternative bills or proposals, whether filed or not, relating to the use of photographic identification for voting in the state of Texas.  However, where SB14 is quoted from an allegation in the Federal Complaint, the term "SB 14" has the meaning ascribed to it in the Federal Complaint.

**5.**  <u>And & or.</u> The connectives "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

**6.**  <u>Person.</u> The term "person" means any natural person, a business, a legal or governmental entity, or an association.

**7.**  <u>You & your.</u> The terms "you" and "your" mean Anna Burns, and Anna Burns' agents, representatives, attorneys, experts, and other persons acting or purporting to act on behalf of Anna Burns.

**INTERROGATORY NO. 1**

Please identify and describe in detail all facts that support your claim that SB 14, as enacted by the State of Texas' 82nd Legislature, was enacted with a discriminatory purpose and intent.  This interrogatory includes a request to identify any documents or tangible things you intend to rely on at trial which have not been, or will not be, produced in response to any Request for Production propounded on you or any other party by Defendants.

**RESPONSE:**

Dated: March 28, 2014

Respectfully submitted.

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JONATHAN F. MITCHELL
Solicitor General

J. REED CLAY, JR.
Special Assistant and Senior Counsel
to the Attorney General

*/s/ John B. Scott*
JOHN B. SCOTT
Deputy Attorney General for Civil Litigation
Southern District of Texas No. 10418
Texas State Bar No. 17901500
ATTORNEY-IN-CHARGE

GREGORY DAVID WHITLEY
Assistant Deputy Attorney General
Southern District of Texas No. 2080496
State of Texas Bar No. 2080492

STEPHEN RONALD KEISTER
Assistant Attorney General
Southern District of Texas No. 18580

SEAN PATRICK FLAMMER
Assistant Attorney General
Southern District of Texas No. 1376041

209 West 14th Street
P.O. Box 12548
Austin, Texas 70711-2548
(512) 475-0131

6

COUNSEL FOR THE STATE OF TEXAS, RICK PERRY, THE TEXAS SECRETARY OF STATE, and STEVE MCCRAW

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document is being served by electronic mail on March 28, 2014, to all counsel of record.


<u>*/s/ John B. Scott*</u>
JOHN B. SCOTT

# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, JANE HAMILTON, SERGIO DELEON, FLOYD J. CARRIER, ANNA BURNS, MICHAEL MONTEZ, PENNY POPE, OSCAR ORTIZ, KOBY OZIAS, JOHN MELLOR-CRUMLEY, PEGGY HERMAN, EVELYN BRICKNER, GORDON BENJAMIN, KEN GANDY, LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), AND DALLAS COUNTY, TEXAS, *Plaintiffs,* v. RICK PERRY, Governor of Texas; and JOHN STEEN, Texas Secretary of State, *Defendants.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) CIVIL ACTION NO. 2:13-CV-193 (NGR) [Lead case] |
| UNITED STATES OF AMERICA, *Plaintiffs,* TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, IMANI CLARK, AURICA WASHINGTON, CRYSTAL OWENS, AND MICHELLE BESSIAKE, *Plaintiff-Intervenors,* TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, HIDALGO COUNTY, AND MARIA LONGORIA BENAVIDES, *Plaintiff-Intervenors,* v. STATE OF TEXAS, JOHN STEEN, in his official capacity as Texas Secretary of State; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) CIVIL ACTION NO. 2:13-CV-263 (NGR) [Consolidated case] |

Safety,
  *Defendants.*
_____

TEXAS STATE CONFERENCE OF NAACP
BRANCHES; and the MEXICAN
AMERICAN LEGISLATIVE CAUCUS OF
THE TEXAS HOUSE OF
REPRESENTATIVES,
  *Plaintiffs,*
v.

JOHN STEEN, in his official capacity as
Secretary of State of Texas; and STEVE
McCRAW, in his official capacity as Director
of the Texas Department of Public Safety,
  *Defendants.*
_____

BELINDA ORTIZ, LENARD TAYLOR,
EULALIO MENDEZ JR., LIONEL
ESTRADA; ESTELA GARCIA ESPINOSA,
ROXANNE HERNANDEZ, LYDIA LARA,
MARGARITO MARTINEZ LARA,
MAXIMINA MARTINEZ LARA, AND
*LA UNION DEL PUEBLO ENTERO, INC.*
  *Plaintiffs,*
v.

STATE OF TEXAS; JOHN STEEN, in his
Official capacity as Texas Secretary of State;
And STEVE McCRAW, in his official capacity
As Director of the Texas Department of
Public Safety,
  *Defendants.*
_____

CIVIL ACTION NO.
2:13-CV-291 (NGR)
[Consolidated case]

CIVIL ACTION NO.
2:13-CV-348 (NGR)
[Consolidated case]

## DEFENDANTS' FIRST INTERROGATORY TO PLAINTIFF FLOYD J. CARRIER

To: **Floyd J. Carrier,** by and through his attorneys of record, Armand Derfner,
  Derfner, Altman & Wilborn, LLC, P.O. Box 600, Charleston, SC 29402; Chad
  W Dunn and Kembel Scott Brazil, Brazil & Dunn, 4201 Cypress Creek Pkwy

Ste 530, Houston, TX 77068; J. Gerald Hebert, Campaign Legal Center, 191 Somervelle Street #405, Alexandria, VA 22304; Neil G. Baron, Law Office of Neil G. Baron, 914 FM 517 Rd W Suite 242, Dickinson, TX 77539.

Pursuant to the Federal Rules of Civil Procedure, you are directed to answer the following interrogatory fully, in writing and under oath, based on all information reasonably available to you or your attorney at the time your response is made. Please serve your responses and any objections on the undersigned attorneys within thirty (30) days of service of this interrogatory. This interrogatory is continuing in nature as provided by Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS

The following terms have the following meanings, unless the context requires otherwise:

**1.**    Party or Parties. The term "plaintiff" or "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party, means the party and, when applicable, his agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

**2.**    Document. The term "document" means information that is fixed in a tangible medium, such as paper, or electronically stored information. It includes, but is not limited to, writings, drawings, films, charts, photographs, notices, memoranda, diaries, minutes, correspondence, books, journals, ledgers, reports, worksheets, notes, printed e-mails, letters, abstracts, audits, charts, checks, diagrams, drafts, instructions, lists, logs, resumes, and summaries.

a.    Electronically Stored Information. The term "electronically stored information" means electronic information that is stored in a medium from which it can be retrieved and examined. It includes, but is not limited to, all electronic files that can be retrieved from electronic storage.

3

1) "Electronic file" includes, but is not limited to, the following: electronic documents; e-mail messages and files; deleted files; temporary files; and metadata.

2) "Electronic information system" refers to a computer system or network that contains electronic files and electronic storage.

3) "Electronic storage" refers to electronic files contained on magnetic, optical, or other storage media, such as hard drives, flash drives, DVDs, CDs, tapes, cartridges, floppy diskettes, smart cards, integrated-circuit cards (e.g., SIM cards).

**3.**    <u>Tangible thing.</u> The term "tangible thing" means a physical object that is not a document.

**4.**    <u>SB 14</u>. The term "SB 14" refers to Texas Senate Bill 14, 82d Leg., R.S., ch 123, § 3, 2011 Tex. Gen. Laws 619, including all companion or predecessor bills filed during previous sessions, whether regular or special, of the Texas Legislature, and all alternative bills or proposals, whether filed or not, relating to the use of photographic identification for voting in the state of Texas.  However, where SB14 is quoted from an allegation in the Federal Complaint, the term "SB 14" has the meaning ascribed to it in the Federal Complaint.

**5.**    <u>And & or.</u> The connectives "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

**6.**    <u>Person.</u> The term "person" means any natural person, a business, a legal or governmental entity, or an association.

**7.**    <u>You & your.</u> The terms "you" and "your" mean Floyd J. Carrier, and Floyd J. Carrier's agents, representatives, attorneys, experts, and other persons acting or purporting to act on behalf of Floyd J. Carrier.

**INTERROGATORY NO. 1**

Please identify and describe in detail all facts that support your claim that SB 14, as enacted by the State of Texas' 82nd Legislature, was enacted with a discriminatory purpose and intent.  This interrogatory includes a request to identify any documents or tangible things you intend to rely on at trial which have not been, or will not be, produced in response to any Request for Production propounded on you or any other party by Defendants.

**RESPONSE:**

Dated: March 28, 2014

Respectfully submitted.

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JONATHAN F. MITCHELL
Solicitor General

J. REED CLAY, JR.
Special Assistant and Senior Counsel
to the Attorney General

*/s/ John B. Scott*
JOHN B. SCOTT
Deputy Attorney General for Civil Litigation
Southern District of Texas No. 10418
Texas State Bar No. 17901500
ATTORNEY-IN-CHARGE

GREGORY DAVID WHITLEY
Assistant Deputy Attorney General
Southern District of Texas No. 2080496
State of Texas Bar No. 2080492

STEPHEN RONALD KEISTER
Assistant Attorney General
Southern District of Texas No. 18580

SEAN PATRICK FLAMMER
Assistant Attorney General
Southern District of Texas No. 1376041

209 West 14th Street
P.O. Box 12548
Austin, Texas 70711-2548
(512) 475-0131

6

COUNSEL FOR THE STATE OF TEXAS,
RICK PERRY, THE TEXAS SECRETARY
OF STATE, and STEVE MCCRAW

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document is being served by electronic mail on March 28, 2014, to all counsel of record.

<u>*/s/ John B. Scott*</u>
JOHN B. SCOTT

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, JANE HAMILTON, SERGIO DELEON, FLOYD J. CARRIER, ANNA BURNS, MICHAEL MONTEZ, PENNY POPE, OSCAR ORTIZ, KOBY OZIAS, JOHN MELLOR-CRUMLEY, PEGGY HERMAN, EVELYN BRICKNER, GORDON BENJAMIN, KEN GANDY, LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), AND DALLAS COUNTY, TEXAS, | ) ) ) ) ) ) ) ) ) ) ) |
|     *Plaintiffs,* | ) CIVIL ACTION NO. |
| v. | ) 2:13-CV-193 (NGR) |
| | ) [Lead case] |
| RICK PERRY, Governor of Texas; and JOHN STEEN, Texas Secretary of State, | ) ) |
|     *Defendants.* | ) ) |
| | ) |
| UNITED STATES OF AMERICA, | ) ) |
|     *Plaintiffs,* | ) ) |
| TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, IMANI CLARK, AURICA WASHINGTON, CRYSTAL OWENS, AND MICHELLE BESSIAKE, | ) ) ) ) |
|     *Plaintiff-Intervenors,* | ) ) |
| TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, HIDALGO COUNTY, AND MARIA LONGORIA BENAVIDES, | ) ) ) ) |
|     *Plaintiff-Intervenors,* | ) CIVIL ACTION NO. |
| v. | ) 2:13-CV-263 (NGR) |
| | ) [Consolidated case] |
| STATE OF TEXAS, JOHN STEEN, in his official capacity as Texas Secretary of State; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public | ) ) ) ) |

Safety,                                                    )
     *Defendants.*                                          )
_____    )
TEXAS STATE CONFERENCE OF NAACP    )
BRANCHES;    and    the    MEXICAN    )
AMERICAN LEGISLATIVE CAUCUS OF    )
THE        TEXAS        HOUSE        OF    )
REPRESENTATIVES,                           )
     *Plaintiffs,*                                          )
v.                                                          )    CIVIL ACTION NO.
                                                             )    2:13-CV-291 (NGR)
JOHN STEEN, in his official capacity as    )    [Consolidated case]
Secretary of State of Texas; and STEVE    )
McCRAW, in his official capacity as Director    )
of the Texas Department of Public Safety,    )
     *Defendants.*                                          )
_____    )
BELINDA ORTIZ, LENARD TAYLOR,    )
EULALIO MENDEZ JR., LIONEL    )
ESTRADA; ESTELA GARCIA ESPINOSA,    )
ROXANNE HERNANDEZ, LYDIA LARA,    )
MARGARITO MARTINEZ LARA,    )
MAXIMINA MARTINEZ LARA, AND    )
*LA UNION DEL PUEBLO ENTERO, INC.*    )
     *Plaintiffs,*                                          )
v.                                                          )
                                                             )    CIVIL ACTION NO.
STATE OF TEXAS; JOHN STEEN, in his    )    2:13-CV-348 (NGR)
Official capacity as Texas Secretary of State;    )    [Consolidated case]
And STEVE McCRAW, in his official capacity    )
As Director of the Texas Department of    )
Public Safety,                                        )
     *Defendants.*                                          )
_____

## DEFENDANTS' FIRST INTERROGATORY TO PLAINTIFF SERGIO DELEON

To:    **Sergio DeLeon,** by and through his attorneys of record, Armand Derfner,
       Derfner, Altman & Wilborn, LLC, P.O. Box 600, Charleston, SC 29402; Chad
       W Dunn and Kembel Scott Brazil, Brazil & Dunn, 4201 Cypress Creek Pkwy

2

Ste 530, Houston, TX 77068; J. Gerald Hebert, Campaign Legal Center, 191 Somervelle Street #405, Alexandria, VA 22304; Neil G. Baron, Law Office of Neil G. Baron, 914 FM 517 Rd W Suite 242, Dickinson, TX 77539.

Pursuant to the Federal Rules of Civil Procedure, you are directed to answer the following interrogatory fully, in writing and under oath, based on all information reasonably available to you or your attorney at the time your response is made. Please serve your responses and any objections on the undersigned attorneys within thirty (30) days of service of this interrogatory. This interrogatory is continuing in nature as provided by Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS

The following terms have the following meanings, unless the context requires otherwise:

**1.**   Party or Parties. The term "plaintiff" or "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party, means the party and, when applicable, his agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

**2.**   Document. The term "document" means information that is fixed in a tangible medium, such as paper, or electronically stored information. It includes, but is not limited to, writings, drawings, films, charts, photographs, notices, memoranda, diaries, minutes, correspondence, books, journals, ledgers, reports, worksheets, notes, printed e-mails, letters, abstracts, audits, charts, checks, diagrams, drafts, instructions, lists, logs, resumes, and summaries.

a.   Electronically Stored Information. The term "electronically stored information" means electronic information that is stored in a medium from which it can be retrieved and examined. It includes, but is not limited to, all electronic files that can be retrieved from electronic storage.

3

1) "Electronic file" includes, but is not limited to, the following: electronic documents; e-mail messages and files; deleted files; temporary files; and metadata.

2) "Electronic information system" refers to a computer system or network that contains electronic files and electronic storage.

3) "Electronic storage" refers to electronic files contained on magnetic, optical, or other storage media, such as hard drives, flash drives, DVDs, CDs, tapes, cartridges, floppy diskettes, smart cards, integrated-circuit cards (e.g., SIM cards).

**3.**   Tangible thing. The term "tangible thing" means a physical object that is not a document.

**4.**   SB 14. The term "SB 14" refers to Texas Senate Bill 14, 82d Leg., R.S., ch 123, § 3, 2011 Tex. Gen. Laws 619, including all companion or predecessor bills filed during previous sessions, whether regular or special, of the Texas Legislature, and all alternative bills or proposals, whether filed or not, relating to the use of photographic identification for voting in the state of Texas.  However, where SB14 is quoted from an allegation in the Federal Complaint, the term "SB 14" has the meaning ascribed to it in the Federal Complaint.

**5.**   And & or. The connectives "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

**6.**   Person. The term "person" means any natural person, a business, a legal or governmental entity, or an association.

**7.**   You & your. The terms "you" and "your" mean Sergio DeLeon, and Sergio DeLeon's agents, representatives, attorneys, experts, and other persons acting or purporting to act on behalf of Sergio DeLeon.

**<u>INTERROGATORY NO. 1</u>**

Please identify and describe in detail all facts that support your claim that SB 14, as enacted by the State of Texas' 82nd Legislature, was enacted with a discriminatory purpose and intent.  This interrogatory includes a request to identify any documents or tangible things you intend to rely on at trial which have not been, or will not be, produced in response to any Request for Production propounded on you or any other party by Defendants.

**<u>RESPONSE:</u>**

Dated: March 28, 2014

Respectfully submitted.

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JONATHAN F. MITCHELL
Solicitor General

J. REED CLAY, JR.
Special Assistant and Senior Counse1
to the Attorney General

*/s/ John B. Scott*
JOHN B. SCOTT
Deputy Attorney General for Civil Litigation
Southern District of Texas No. 10418
Texas State Bar No. 17901500
ATTORNEY-IN-CHARGE

GREGORY DAVID WHITLEY
Assistant Deputy Attorney General
Southern District of Texas No. 2080496
State of Texas Bar No. 2080492

STEPHEN RONALD KEISTER
Assistant Attorney General
Southern District of Texas No. 18580

SEAN PATRICK FLAMMER
Assistant Attorney General
Southern District of Texas No. 1376041

209 West 14th Street
P.O. Box 12548
Austin, Texas 70711-2548
(512) 475-0131

6

COUNSEL FOR THE STATE OF TEXAS,
RICK PERRY, THE TEXAS SECRETARY
OF STATE, and STEVE MCCRAW

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document is being served by electronic mail on March 28, 2014, to all counsel of record.


*<u>/s/ John B. Scott</u>*
JOHN B. SCOTT

**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | |
|---|---|
| MARC VEASEY, JANE HAMILTON, SERGIO DELEON, FLOYD J. CARRIER, ANNA BURNS, MICHAEL MONTEZ, PENNY POPE, OSCAR ORTIZ, KOBY OZIAS, JOHN MELLOR-CRUMLEY, PEGGY HERMAN, EVELYN BRICKNER, GORDON BENJAMIN, KEN GANDY, LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), AND DALLAS COUNTY, TEXAS, <br>  *Plaintiffs,* <br> v. <br><br> RICK PERRY, Governor of Texas; and JOHN STEEN, Texas Secretary of State, <br>  *Defendants.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) CIVIL ACTION NO. 2:13-CV-193 (NGR) [Lead case] |
| UNITED STATES OF AMERICA, <br>  *Plaintiffs,* <br><br> TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, IMANI CLARK, AURICA WASHINGTON, CRYSTAL OWENS, AND MICHELLE BESSIAKE, <br>  *Plaintiff-Intervenors,* <br><br> TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, HIDALGO COUNTY, AND MARIA LONGORIA BENAVIDES, <br>  *Plaintiff-Intervenors,* <br> v. <br><br> STATE OF TEXAS, JOHN STEEN, in his official capacity as Texas Secretary of State; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) CIVIL ACTION NO. 2:13-CV-263 (NGR) [Consolidated case] |

Safety,                                        )
       *Defendants.*                      )
_____ )
TEXAS STATE CONFERENCE OF NAACP )
BRANCHES;   and   the   MEXICAN )
AMERICAN LEGISLATIVE CAUCUS OF )
THE        TEXAS        HOUSE        OF )
REPRESENTATIVES,                        )
       *Plaintiffs,*                         )
v.                                             )   CIVIL ACTION NO.
                             )   2:13-CV-291 (NGR)
JOHN STEEN, in his official capacity as )   [Consolidated case]
Secretary of State of Texas; and STEVE )
McCRAW, in his official capacity as Director )
of the Texas Department of Public Safety, )
       *Defendants.*                      )
_____ )
BELINDA ORTIZ, LENARD TAYLOR, )
EULALIO MENDEZ JR., LIONEL )
ESTRADA; ESTELA GARCIA ESPINOSA, )
ROXANNE HERNANDEZ, LYDIA LARA, )
MARGARITO MARTINEZ LARA, )
MAXIMINA MARTINEZ LARA, AND )
*LA UNION DEL PUEBLO ENTERO, INC.* )
       *Plaintiffs,*                         )
v.                                             )
                             )   CIVIL ACTION NO.
STATE OF TEXAS; JOHN STEEN, in his )   2:13-CV-348 (NGR)
Official capacity as Texas Secretary of State; )   [Consolidated case]
And STEVE McCRAW, in his official capacity )
As Director of the Texas Department of )
Public Safety,                                )
       *Defendants.*                      )
_____

## DEFENDANTS' FIRST SET OF INTERROGATORY TO PLAINTIFF PEGGY DRAPER HERMAN

To:   **Peggy Draper Herman,** by and through her attorneys of record, Armand Derfner, Derfner, Altman & Wilborn, LLC, P.O. Box 600, Charleston, SC 29402; Chad W Dunn and Kembel Scott Brazil, Brazil & Dunn, 4201 Cypress

2

Creek Pkwy Ste 530, Houston, TX 77068; J. Gerald Hebert, Campaign Legal Center, 191 Somervelle Street #405, Alexandria, VA 22304; Neil G. Baron, Law Office of Neil G. Baron, 914 FM 517 Rd W Suite 242, Dickinson, TX 77539..

Pursuant to the Federal Rules of Civil Procedure, you are directed to answer the following set of interrogatory fully, in writing and under oath, based on all information reasonably available to you or your attorney at the time your response is made.  Please serve your responses and any objections on the undersigned attorneys within thirty (30) days of service of these interrogatory.  These interrogatory are continuing in nature as provided by Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS

The following terms have the following meanings, unless the context requires otherwise:

**1.**  <u>Party or Parties</u>. The term "plaintiff" or "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party, means the party and, when applicable, his agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

**2.**  <u>Document.</u> The term "document" means information that is fixed in a tangible medium, such as paper, or electronically stored information. It includes, but is not limited to, writings, drawings, films, charts, photographs, notices, memoranda, diaries, minutes, correspondence, books, journals, ledgers, reports, worksheets, notes, printed e-mails, letters, abstracts, audits, charts, checks, diagrams, drafts, instructions, lists, logs, resumes, and summaries.

a.  <u>Electronically Stored Information.</u> The term "electronically stored information" means electronic information that is stored in a medium from which it can be retrieved and examined. It includes, but is not limited to, all electronic files that can be retrieved from electronic storage.

3

1) "Electronic file" includes, but is not limited to, the following: electronic documents; e-mail messages and files; deleted files; temporary files; and metadata.

2) "Electronic information system" refers to a computer system or network that contains electronic files and electronic storage.

3) "Electronic storage" refers to electronic files contained on magnetic, optical, or other storage media, such as hard drives, flash drives, DVDs, CDs, tapes, cartridges, floppy diskettes, smart cards, integrated-circuit cards (e.g., SIM cards).

**3.**    <u>Tangible thing.</u> The term "tangible thing" means a physical object that is not a document.

**4.**    <u>SB 14</u>. The term "SB 14" refers to Texas Senate Bill 14, 82d Leg., R.S., ch 123, § 3, 2011 Tex. Gen. Laws 619, including all companion or predecessor bills filed during previous sessions, whether regular or special, of the Texas Legislature, and all alternative bills or proposals, whether filed or not, relating to the use of photographic identification for voting in the state of Texas.  However, where SB14 is quoted from an allegation in the Federal Complaint, the term "SB 14" has the meaning ascribed to it in the Federal Complaint.

**5.**    <u>And & or.</u> The connectives "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

**6.**    <u>Person.</u> The term "person" means any natural person, a business, a legal or governmental entity, or an association.

**7.**    <u>You & your.</u> The terms "you" and "your" mean Peggy Draper Herman, and Peggy Draper Herman's agents, representatives, attorneys, experts, and other persons acting or purporting to act on behalf of Peggy Draper Herman.

## INTERROGATORY NO. 1

Please identify and describe in detail all facts that support your claim that SB 14, as enacted by the State of Texas' 82nd Legislature, was enacted with a discriminatory purpose and intent. This interrogatory includes a request to identify any documents or tangible things you intend to rely on at trial which have not been, or will not be, produced in response to any Request for Production propounded on you or any other party by Defendants.

## RESPONSE:

Dated: March 28, 2014

Respectfully submitted.

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JONATHAN F. MITCHELL
Solicitor General

J. REED CLAY, JR.
Special Assistant and Senior Counse1
to the Attorney General

*/s/ John B. Scott*
JOHN B. SCOTT
Deputy Attorney General for Civil Litigation
Southern District of Texas No. 10418
Texas State Bar No. 17901500
ATTORNEY-IN-CHARGE

GREGORY DAVID WHITLEY
Assistant Deputy Attorney General
Southern District of Texas No. 2080496
State of Texas Bar No. 2080492

STEPHEN RONALD KEISTER
Assistant Attorney General
Southern District of Texas No. 18580

SEAN PATRICK FLAMMER
Assistant Attorney General
Southern District of Texas No. 1376041

209 West 14th Street
P.O. Box 12548
Austin, Texas 70711-2548
(512) 475-0131

6

COUNSEL FOR THE STATE OF TEXAS,
RICK PERRY, THE TEXAS SECRETARY
OF STATE, and STEVE MCCRAW

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document is being served by electronic mail on March 28, 2014, to all counsel of record.


_/s/ John B. Scott_
JOHN B. SCOTT

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, JANE HAMILTON, SERGIO DELEON, FLOYD J. CARRIER, ANNA BURNS, MICHAEL MONTEZ, PENNY POPE, OSCAR ORTIZ, KOBY OZIAS, JOHN MELLOR-CRUMLEY, PEGGY HERMAN, EVELYN BRICKNER, GORDON BENJAMIN, KEN GANDY, LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), AND DALLAS COUNTY, TEXAS, *Plaintiffs,* v. | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| RICK PERRY, Governor of Texas; and JOHN STEEN, Texas Secretary of State, *Defendants.* | ) ) ) ) |
| UNITED STATES OF AMERICA, *Plaintiffs,* | ) ) ) ) |
| TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, IMANI CLARK, AURICA WASHINGTON, CRYSTAL OWENS, AND MICHELLE BESSIAKE, *Plaintiff-Intervenors,* | ) ) ) ) ) ) |
| TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, HIDALGO COUNTY, AND MARIA LONGORIA BENAVIDES, *Plaintiff-Intervenors,* v. | ) ) ) ) ) ) ) |
| STATE OF TEXAS, JOHN STEEN, in his official capacity as Texas Secretary of State; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public | ) ) ) ) |

CIVIL ACTION NO.
2:13-CV-193 (NGR)
[Lead case]

CIVIL ACTION NO.
2:13-CV-263 (NGR)
[Consolidated case]

Safety,                                          )
    *Defendants.*                          )
_____  )
TEXAS STATE CONFERENCE OF NAACP  )
BRANCHES;      and      the      MEXICAN  )
AMERICAN  LEGISLATIVE  CAUCUS  OF  )
THE          TEXAS          HOUSE          OF  )
REPRESENTATIVES,                      )
    *Plaintiffs,*                          )
v.                                              )   CIVIL ACTION NO.
                                        )   2:13-CV-291 (NGR)
JOHN STEEN, in his official capacity as  )   [Consolidated case]
Secretary of State of Texas; and STEVE  )
McCRAW, in his official capacity as Director  )
of the Texas Department of Public Safety,  )
    *Defendants.*                          )
_____  )
BELINDA ORTIZ, LENARD TAYLOR,  )
EULALIO MENDEZ JR., LIONEL  )
ESTRADA; ESTELA GARCIA ESPINOSA,  )
ROXANNE HERNANDEZ, LYDIA LARA,  )
MARGARITO MARTINEZ LARA,  )
MAXIMINA MARTINEZ LARA, AND  )
*LA UNION DEL PUEBLO ENTERO, INC.*  )
    *Plaintiffs,*                          )
v.                                              )
                                        )   CIVIL ACTION NO.
STATE OF TEXAS; JOHN STEEN, in his  )   2:13-CV-348 (NGR)
Official capacity as Texas Secretary of State;  )   [Consolidated case]
And STEVE McCRAW, in his official capacity  )
As Director of the Texas Department of  )
Public Safety,                          )
    *Defendants.*                          )
_____

### **DEFENDANTS' FIRST INTERROGATORY TO PLAINTIFF JANE HAMILTON**

To:   **Jane Hamilton,** by and through her attorneys of record, Armand Derfner, Derfner, Altman & Wilborn, LLC, P.O. Box 600, Charleston, SC 29402; Chad W Dunn and Kembel Scott Brazil, Brazil & Dunn, 4201 Cypress Creek Pkwy

2

Ste 530, Houston, TX 77068; J. Gerald Hebert, Campaign Legal Center, 191 Somervelle Street #405, Alexandria, VA 22304; Neil G. Baron, Law Office of Neil G. Baron, 914 FM 517 Rd W Suite 242, Dickinson, TX 77539.

Pursuant to the Federal Rules of Civil Procedure, you are directed to answer the following interrogatory fully, in writing and under oath, based on all information reasonably available to you or your attorney at the time your response is made.   Please serve your responses and any objections on the undersigned attorneys within thirty (30) days of service of this interrogatory.   This interrogatory is continuing in nature as provided by Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS

The following terms have the following meanings, unless the context requires otherwise:

**1.**     Party or Parties. The term "plaintiff" or "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party, means the party and, when applicable, his agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

**2.**     Document. The term "document" means information that is fixed in a tangible medium, such as paper, or electronically stored information. It includes, but is not limited to, writings, drawings, films, charts, photographs, notices, memoranda, diaries, minutes, correspondence, books, journals, ledgers, reports, worksheets, notes, printed e-mails, letters, abstracts, audits, charts, checks, diagrams, drafts, instructions, lists, logs, resumes, and summaries.

        a.     Electronically Stored Information. The term "electronically stored information" means electronic information that is stored in a medium from which it can be retrieved and examined. It includes, but is not limited to, all electronic files that can be retrieved from electronic storage.

3

1) "Electronic file" includes, but is not limited to, the following: electronic documents; e-mail messages and files; deleted files; temporary files; and metadata.

2) "Electronic information system" refers to a computer system or network that contains electronic files and electronic storage.

3) "Electronic storage" refers to electronic files contained on magnetic, optical, or other storage media, such as hard drives, flash drives, DVDs, CDs, tapes, cartridges, floppy diskettes, smart cards, integrated-circuit cards (e.g., SIM cards).

**3.**    Tangible thing. The term "tangible thing" means a physical object that is not a document.

**4.**    SB 14. The term "SB 14" refers to Texas Senate Bill 14, 82d Leg., R.S., ch 123, § 3, 2011 Tex. Gen. Laws 619, including all companion or predecessor bills filed during previous sessions, whether regular or special, of the Texas Legislature, and all alternative bills or proposals, whether filed or not, relating to the use of photographic identification for voting in the state of Texas.  However, where SB14 is quoted from an allegation in the Federal Complaint, the term "SB 14" has the meaning ascribed to it in the Federal Complaint.

**5.**    And & or. The connectives "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

**6.**    Person. The term "person" means any natural person, a business, a legal or governmental entity, or an association.

**7.**    You & your. The terms "you" and "your" mean Jane Hamilton, and Jane Hamilton's agents, representatives, attorneys, experts, and other persons acting or purporting to act on behalf of Jane Hamilton.

**INTERROGATORY NO. 1**

Please identify and describe in detail all facts that support your claim that SB 14, as enacted by the State of Texas' 82nd Legislature, was enacted with a discriminatory purpose and intent.  This interrogatory includes a request to identify any documents or tangible things you intend to rely on at trial which have not been, or will not be, produced in response to any Request for Production propounded on you or any other party by Defendants.

**RESPONSE:**

Dated: March 28, 2014

Respectfully submitted.

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JONATHAN F. MITCHELL
Solicitor General

J. REED CLAY, JR.
Special Assistant and Senior Counse1
to the Attorney General

*/s/ John B. Scott*
JOHN B. SCOTT
Deputy Attorney General for Civil Litigation
Southern District of Texas No. 10418
Texas State Bar No. 17901500
ATTORNEY-IN-CHARGE

GREGORY DAVID WHITLEY
Assistant Deputy Attorney General
Southern District of Texas No. 2080496
State of Texas Bar No. 2080492

STEPHEN RONALD KEISTER
Assistant Attorney General
Southern District of Texas No. 18580

SEAN PATRICK FLAMMER
Assistant Attorney General
Southern District of Texas No. 1376041

209 West 14th Street
P.O. Box 12548
Austin, Texas 70711-2548
(512) 475-0131

6

COUNSEL FOR THE STATE OF TEXAS, RICK PERRY, THE TEXAS SECRETARY OF STATE, and STEVE MCCRAW

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document is being served by electronic mail on March 28, 2014, to all counsel of record.


*/s/ John B. Scott*
JOHN B. SCOTT

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, JANE HAMILTON, SERGIO DELEON, FLOYD J. CARRIER, ANNA BURNS, MICHAEL MONTEZ, PENNY POPE, OSCAR ORTIZ, KOBY OZIAS, JOHN MELLOR-CRUMLEY, PEGGY HERMAN, EVELYN BRICKNER, GORDON BENJAMIN, KEN GANDY, LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), AND DALLAS COUNTY, TEXAS, *Plaintiffs,* v. RICK PERRY, Governor of Texas; and JOHN STEEN, Texas Secretary of State, *Defendants.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) CIVIL ACTION NO. 2:13-CV-193 (NGR) [Lead case] |
| UNITED STATES OF AMERICA, *Plaintiffs,* TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, IMANI CLARK, AURICA WASHINGTON, CRYSTAL OWENS, AND MICHELLE BESSIAKE, *Plaintiff-Intervenors,* TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, HIDALGO COUNTY, AND MARIA LONGORIA BENAVIDES, *Plaintiff-Intervenors,* v. STATE OF TEXAS, JOHN STEEN, in his official capacity as Texas Secretary of State; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) CIVIL ACTION NO. 2:13-CV-263 (NGR) [Consolidated case] |

Safety,                                                       )
     *Defendants.*                 )
_____  )
TEXAS STATE CONFERENCE OF NAACP   )
BRANCHES;   and   the   MEXICAN   )
AMERICAN   LEGISLATIVE   CAUCUS   OF   )
THE   TEXAS   HOUSE   OF   )
REPRESENTATIVES,                             )
     *Plaintiffs,*                 )
v.                                                             )   CIVIL ACTION NO.
                                 )   2:13-CV-291 (NGR)
JOHN STEEN, in his official capacity as   )   [Consolidated case]
Secretary of State of Texas; and STEVE   )
McCRAW, in his official capacity as Director   )
of the Texas Department of Public Safety,   )
     *Defendants.*                 )
_____  )
BELINDA ORTIZ, LENARD TAYLOR,      )
EULALIO MENDEZ JR., LIONEL          )
ESTRADA; ESTELA GARCIA ESPINOSA,  )
ROXANNE HERNANDEZ, LYDIA LARA,   )
MARGARITO MARTINEZ LARA,            )
MAXIMINA MARTINEZ LARA, AND        )
*LA UNION DEL PUEBLO ENTERO, INC.*  )
     *Plaintiffs,*                 )
v.                                                             )
                                 )
STATE OF TEXAS; JOHN STEEN, in his   )   CIVIL ACTION NO.
Official capacity as Texas Secretary of State;   )   2:13-CV-348 (NGR)
And STEVE McCRAW, in his official capacity   )   [Consolidated case]
As Director of the Texas Department of   )
Public Safety,                                      )
     *Defendants.*                 )
_____

## DEFENDANTS' FIRST INTERROGATORY TO PLAINTIFF MICHAEL MONTEZ

To:   **Michael Montez,** by and through his attorneys of record, Armand Derfner, Derfner, Altman & Wilborn, LLC, P.O. Box 600, Charleston, SC 29402; Chad W Dunn and Kembel Scott Brazil, Brazil & Dunn, 4201 Cypress Creek Pkwy

2

Ste 530, Houston, TX 77068; J. Gerald Hebert, Campaign Legal Center, 191 Somervelle Street #405, Alexandria, VA 22304; Neil G. Baron, Law Office of Neil G. Baron, 914 FM 517 Rd W Suite 242, Dickinson, TX 77539.

Pursuant to the Federal Rules of Civil Procedure, you are directed to answer the following interrogatory fully, in writing and under oath, based on all information reasonably available to you or your attorney at the time your response is made.   Please serve your responses and any objections on the undersigned attorneys within thirty (30) days of service of this interrogatory.   This interrogatory is continuing in nature as provided by Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS

The following terms have the following meanings, unless the context requires otherwise:

**1.**     <u>Party or Parties</u>. The term "plaintiff" or "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party, means the party and, when applicable, his agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

**2.**     <u>Document.</u> The term "document" means information that is fixed in a tangible medium, such as paper, or electronically stored information. It includes, but is not limited to, writings, drawings, films, charts, photographs, notices, memoranda, diaries, minutes, correspondence, books, journals, ledgers, reports, worksheets, notes, printed e-mails, letters, abstracts, audits, charts, checks, diagrams, drafts, instructions, lists, logs, resumes, and summaries.

a.     <u>Electronically Stored Information.</u> The term "electronically stored information" means electronic information that is stored in a medium from which it can be retrieved and examined. It includes, but is not limited to, all electronic files that can be retrieved from electronic storage.

3

1) "Electronic file" includes, but is not limited to, the following: electronic documents; e-mail messages and files; deleted files; temporary files; and metadata.

2) "Electronic information system" refers to a computer system or network that contains electronic files and electronic storage.

3) "Electronic storage" refers to electronic files contained on magnetic, optical, or other storage media, such as hard drives, flash drives, DVDs, CDs, tapes, cartridges, floppy diskettes, smart cards, integrated-circuit cards (e.g., SIM cards).

**3.**     <u>Tangible thing.</u> The term "tangible thing" means a physical object that is not a document.

**4.**     <u>SB 14</u>. The term "SB 14" refers to Texas Senate Bill 14, 82d Leg., R.S., ch 123, § 3, 2011 Tex. Gen. Laws 619, including all companion or predecessor bills filed during previous sessions, whether regular or special, of the Texas Legislature, and all alternative bills or proposals, whether filed or not, relating to the use of photographic identification for voting in the state of Texas.  However, where SB14 is quoted from an allegation in the Federal Complaint, the term "SB 14" has the meaning ascribed to it in the Federal Complaint.

**5.**     <u>And & or.</u> The connectives "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

**6.**     <u>Person.</u> The term "person" means any natural person, a business, a legal or governmental entity, or an association.

**7.**     <u>You & your.</u> The terms "you" and "your" mean Michael Montez, and Michael Montez's agents, representatives, attorneys, experts, and other persons acting or purporting to act on behalf of Michael Montez.

## INTERROGATORY NO. 1

Please identify and describe in detail all facts that support your claim that SB 14, as enacted by the State of Texas' 82nd Legislature, was enacted with a discriminatory purpose and intent.  This interrogatory includes a request to identify any documents or tangible things you intend to rely on at trial which have not been, or will not be, produced in response to any Request for Production propounded on you or any other party by Defendants.

## RESPONSE:

Dated: March 28, 2014

Respectfully submitted.

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JONATHAN F. MITCHELL
Solicitor General

J. REED CLAY, JR.
Special Assistant and Senior Counse1
to the Attorney General

*/s/ John B. Scott*
JOHN B. SCOTT
Deputy Attorney General for Civil Litigation
Southern District of Texas No. 10418
Texas State Bar No. 17901500
ATTORNEY-IN-CHARGE

GREGORY DAVID WHITLEY
Assistant Deputy Attorney General
Southern District of Texas No. 2080496
State of Texas Bar No. 2080492

STEPHEN RONALD KEISTER
Assistant Attorney General
Southern District of Texas No. 18580

SEAN PATRICK FLAMMER
Assistant Attorney General
Southern District of Texas No. 1376041

209 West 14th Street
P.O. Box 12548
Austin, Texas 70711-2548
(512) 475-0131

6

COUNSEL FOR THE STATE OF TEXAS,
RICK PERRY, THE TEXAS SECRETARY
OF STATE, and STEVE MCCRAW

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document is being served by electronic mail on March 28, 2014, to all counsel of record.

*/s/ John B. Scott*
JOHN B. SCOTT

**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | |
|---|---|
| MARC VEASEY, JANE HAMILTON, SERGIO DELEON, FLOYD J. CARRIER, ANNA BURNS, MICHAEL MONTEZ, PENNY POPE, OSCAR ORTIZ, KOBY OZIAS, JOHN MELLOR-CRUMLEY, PEGGY HERMAN, EVELYN BRICKNER, GORDON BENJAMIN, KEN GANDY, LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), AND DALLAS COUNTY, TEXAS,<br>        *Plaintiffs,*<br>v.<br><br>RICK PERRY, Governor of Texas; and JOHN STEEN, Texas Secretary of State,<br>        *Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>CIVIL ACTION NO.<br>2:13-CV-193 (NGR)<br>[Lead case] |
| UNITED STATES OF AMERICA,<br>        *Plaintiffs,*<br><br>TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, IMANI CLARK, AURICA WASHINGTON, CRYSTAL OWENS, AND MICHELLE BESSIAKE,<br>        *Plaintiff-Intervenors,*<br><br>TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, HIDALGO COUNTY, AND MARIA LONGORIA BENAVIDES,<br>        *Plaintiff-Intervenors,*<br>v.<br><br>STATE OF TEXAS, JOHN STEEN, in his official capacity as Texas Secretary of State; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>CIVIL ACTION NO.<br>2:13-CV-263 (NGR)<br>[Consolidated case] |

Safety, )
    *Defendants.* )
_____ )
TEXAS STATE CONFERENCE OF NAACP )
BRANCHES;    and    the    MEXICAN )
AMERICAN LEGISLATIVE CAUCUS OF )
THE        TEXAS        HOUSE        OF )
REPRESENTATIVES, )
    *Plaintiffs,* )
v. )   CIVIL ACTION NO.
 )   2:13-CV-291 (NGR)
JOHN STEEN, in his official capacity as )   [Consolidated case]
Secretary of State of Texas; and STEVE )
McCRAW, in his official capacity as Director )
of the Texas Department of Public Safety, )
    *Defendants.* )
_____ )
BELINDA ORTIZ, LENARD TAYLOR, )
EULALIO MENDEZ JR., LIONEL )
ESTRADA; ESTELA GARCIA ESPINOSA, )
ROXANNE HERNANDEZ, LYDIA LARA, )
MARGARITO MARTINEZ LARA, )
MAXIMINA MARTINEZ LARA, AND )
*LA UNION DEL PUEBLO ENTERO, INC.* )
    *Plaintiffs,* )
v. )
 )   CIVIL ACTION NO.
STATE OF TEXAS; JOHN STEEN, in his )   2:13-CV-348 (NGR)
Official capacity as Texas Secretary of State; )   [Consolidated case]
And STEVE McCRAW, in his official capacity )
As Director of the Texas Department of )
Public Safety, )
    *Defendants.* )
_____

## **DEFENDANTS' FIRST INTERROGATORY TO PLAINTIFF KOBY OZIAS**

To:   **Koby Ozias,** by and through his attorneys of record, Armand Derfner, Derfner, Altman & Wilborn, LLC, P.O. Box 600, Charleston, SC 29402; Chad W Dunn and Kembel Scott Brazil, Brazil & Dunn, 4201 Cypress Creek Pkwy Ste 530, Houston, TX 77068; J. Gerald Hebert, Campaign Legal Center, 191

Somervelle Street #405, Alexandria, VA 22304; Neil G. Baron, Law Office of Neil G. Baron, 914 FM 517 Rd W Suite 242, Dickinson, TX 77539.

Pursuant to the Federal Rules of Civil Procedure, you are directed to answer the following interrogatory fully, in writing and under oath, based on all information reasonably available to you or your attorney at the time your response is made. Please serve your responses and any objections on the undersigned attorneys within thirty (30) days of service of this interrogatory. This interrogatory is continuing in nature as provided by Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS

The following terms have the following meanings, unless the context requires otherwise:

1.  Party or Parties. The term "plaintiff" or "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party, means the party and, when applicable, his agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

2.  Document. The term "document" means information that is fixed in a tangible medium, such as paper, or electronically stored information. It includes, but is not limited to, writings, drawings, films, charts, photographs, notices, memoranda, diaries, minutes, correspondence, books, journals, ledgers, reports, worksheets, notes, printed e-mails, letters, abstracts, audits, charts, checks, diagrams, drafts, instructions, lists, logs, resumes, and summaries.

   a.  Electronically Stored Information. The term "electronically stored information" means electronic information that is stored in a medium from which it can be retrieved and examined. It includes, but is not limited to, all electronic files that can be retrieved from electronic storage.

      1) "Electronic file" includes, but is not limited to, the following: electronic documents; e-mail messages and files; deleted files; temporary files; and metadata.

3

2) "Electronic information system" refers to a computer system or network that contains electronic files and electronic storage.

3) "Electronic storage" refers to electronic files contained on magnetic, optical, or other storage media, such as hard drives, flash drives, DVDs, CDs, tapes, cartridges, floppy diskettes, smart cards, integrated-circuit cards (e.g., SIM cards).

**3.** <u>Tangible thing.</u> The term "tangible thing" means a physical object that is not a document.

**4.** <u>SB 14</u>. The term "SB 14" refers to Texas Senate Bill 14, 82d Leg., R.S., ch 123, § 3, 2011 Tex. Gen. Laws 619, including all companion or predecessor bills filed during previous sessions, whether regular or special, of the Texas Legislature, and all alternative bills or proposals, whether filed or not, relating to the use of photographic identification for voting in the state of Texas. However, where SB14 is quoted from an allegation in the Federal Complaint, the term "SB 14" has the meaning ascribed to it in the Federal Complaint.

**5.** <u>And & or.</u> The connectives "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

**6.** <u>Person.</u> The term "person" means any natural person, a business, a legal or governmental entity, or an association.

**7.** <u>You & your.</u> The terms "you" and "your" mean Koby Ozias, and Koby Ozias' agents, representatives, attorneys, experts, and other persons acting or purporting to act on behalf of Koby Ozias.

## INTERROGATORY NO. 1

Please identify and describe in detail all facts that support your claim that SB 14, as enacted by the State of Texas' 82nd Legislature, was enacted with a discriminatory purpose and intent.  This interrogatory includes a request to identify any documents or tangible things you intend to rely on at trial which have not been, or will not be, produced in response to any Request for Production propounded on you or any other party by Defendants.

## RESPONSE:

Dated: March 28, 2014

Respectfully submitted.

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JONATHAN F. MITCHELL
Solicitor General

J. REED CLAY, JR.
Special Assistant and Senior Counse1
to the Attorney General

*/s/ John B. Scott*
JOHN B. SCOTT
Deputy Attorney General for Civil Litigation
Southern District of Texas No. 10418
Texas State Bar No. 17901500
ATTORNEY-IN-CHARGE

GREGORY DAVID WHITLEY
Assistant Deputy Attorney General
Southern District of Texas No. 2080496
State of Texas Bar No. 2080492

STEPHEN RONALD KEISTER
Assistant Attorney General
Southern District of Texas No. 18580

SEAN PATRICK FLAMMER
Assistant Attorney General
Southern District of Texas No. 1376041

209 West 14th Street
P.O. Box 12548
Austin, Texas 70711-2548
(512) 475-0131

6

COUNSEL FOR THE STATE OF TEXAS, RICK PERRY, THE TEXAS SECRETARY OF STATE, and STEVE MCCRAW

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document is being served by electronic mail on March 28, 2014, to all counsel of record.

_/s/ John B. Scott_
JOHN B. SCOTT

**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | |
|---|---|
| MARC VEASEY, JANE HAMILTON, SERGIO DELEON, FLOYD J. CARRIER, ANNA BURNS, MICHAEL MONTEZ, PENNY POPE, OSCAR ORTIZ, KOBY OZIAS, JOHN MELLOR-CRUMLEY, PEGGY HERMAN, EVELYN BRICKNER, GORDON BENJAMIN, KEN GANDY, LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), AND DALLAS COUNTY, TEXAS, ) ) ) ) ) ) ) ) ) ) ) | |
| *Plaintiffs,* ) | CIVIL ACTION NO. |
| v. ) | 2:13-CV-193 (NGR) |
| ) | [Lead case] |
| RICK PERRY, Governor of Texas; and JOHN STEEN, Texas Secretary of State, ) ) | |
| *Defendants.* ) | |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| *Plaintiffs,* ) | |
| ) | |
| TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, IMANI CLARK, AURICA WASHINGTON, CRYSTAL OWENS, AND MICHELLE BESSIAKE, ) ) ) ) | |
| *Plaintiff-Intervenors,* ) | |
| ) | |
| TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, HIDALGO COUNTY, AND MARIA LONGORIA BENAVIDES, ) ) ) ) | |
| *Plaintiff-Intervenors,* ) | CIVIL ACTION NO. |
| v. ) | 2:13-CV-263 (NGR) |
| ) | [Consolidated case] |
| STATE OF TEXAS, JOHN STEEN, in his official capacity as Texas Secretary of State; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public ) ) ) ) | |

Safety,                                            )
     *Defendants.*                              )
_____            )
TEXAS STATE CONFERENCE OF NAACP                    )
BRANCHES;   and   the   MEXICAN                    )
AMERICAN LEGISLATIVE CAUCUS OF                     )
THE        TEXAS        HOUSE        OF            )
REPRESENTATIVES,                                   )
     *Plaintiffs,*                              )
v.                                                 )   CIVIL ACTION NO.
                                                   )   2:13-CV-291 (NGR)
JOHN STEEN, in his official capacity as            )   [Consolidated case]
Secretary of State of Texas; and STEVE             )
McCRAW, in his official capacity as Director       )
of the Texas Department of Public Safety,          )
     *Defendants.*                              )
_____            )
BELINDA ORTIZ, LENARD TAYLOR,                      )
EULALIO MENDEZ JR., LIONEL                         )
ESTRADA; ESTELA GARCIA ESPINOSA,                   )
ROXANNE HERNANDEZ, LYDIA LARA,                     )
MARGARITO MARTINEZ LARA,                           )
MAXIMINA MARTINEZ LARA, AND                        )
*LA UNION DEL PUEBLO ENTERO, INC.*                 )
     *Plaintiffs,*                              )
v.                                                 )
                                                   )
STATE OF TEXAS; JOHN STEEN, in his                 )   CIVIL ACTION NO.
Official capacity as Texas Secretary of State;     )   2:13-CV-348 (NGR)
And STEVE McCRAW, in his official capacity         )   [Consolidated case]
As Director of the Texas Department of             )
Public Safety,                                     )
     *Defendants.*                              )
_____

## **DEFENDANTS' FIRST INTERROGATORY TO PLAINTIFF PENNY POPE**

To:   **Penny Pope,** by and through her attorneys of record, Armand Derfner, Derfner, Altman & Wilborn, LLC, P.O. Box 600, Charleston, SC 29402; Chad W Dunn and Kembel Scott Brazil, Brazil & Dunn, 4201 Cypress Creek Pkwy Ste 530, Houston, TX 77068; J. Gerald Hebert, Campaign Legal Center, 191

Somervelle Street #405, Alexandria, VA 22304; Neil G. Baron, Law Office of Neil G. Baron, 914 FM 517 Rd W Suite 242, Dickinson, TX 77539.

Pursuant to the Federal Rules of Civil Procedure, you are directed to answer the following interrogatory fully, in writing and under oath, based on all information reasonably available to you or your attorney at the time your response is made.  Please serve your responses and any objections on the undersigned attorneys within thirty (30) days of service of this interrogatory.  This interrogatory is continuing in nature as provided by Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS

The following terms have the following meanings, unless the context requires otherwise:

**1.**   <u>Party or Parties</u>. The term "plaintiff" or "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party, means the party and, when applicable, his agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

**2.**   <u>Document.</u> The term "document" means information that is fixed in a tangible medium, such as paper, or electronically stored information. It includes, but is not limited to, writings, drawings, films, charts, photographs, notices, memoranda, diaries, minutes, correspondence, books, journals, ledgers, reports, worksheets, notes, printed e-mails, letters, abstracts, audits, charts, checks, diagrams, drafts, instructions, lists, logs, resumes, and summaries.

a.   <u>Electronically Stored Information.</u> The term "electronically stored information" means electronic information that is stored in a medium from which it can be retrieved and examined. It includes, but is not limited to, all electronic files that can be retrieved from electronic storage.

1) "Electronic file" includes, but is not limited to, the following: electronic documents; e-mail messages and files; deleted files; temporary files; and metadata.

3

2) "Electronic information system" refers to a computer system or network that contains electronic files and electronic storage.

3) "Electronic storage" refers to electronic files contained on magnetic, optical, or other storage media, such as hard drives, flash drives, DVDs, CDs, tapes, cartridges, floppy diskettes, smart cards, integrated-circuit cards (e.g., SIM cards).

**3.** <u>Tangible thing.</u> The term "tangible thing" means a physical object that is not a document.

**4.** <u>SB 14</u>. The term "SB 14" refers to Texas Senate Bill 14, 82d Leg., R.S., ch 123, § 3, 2011 Tex. Gen. Laws 619, including all companion or predecessor bills filed during previous sessions, whether regular or special, of the Texas Legislature, and all alternative bills or proposals, whether filed or not, relating to the use of photographic identification for voting in the state of Texas.  However, where SB14 is quoted from an allegation in the Federal Complaint, the term "SB 14" has the meaning ascribed to it in the Federal Complaint.

**5.** <u>And & or.</u> The connectives "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

**6.** <u>Person.</u> The term "person" means any natural person, a business, a legal or governmental entity, or an association.

**7.** <u>You & your.</u> The terms "you" and "your" mean Penny Pope, and Penny Pope's agents, representatives, attorneys, experts, and other persons acting or purporting to act on behalf of Penny Pope.

**INTERROGATORY NO. 1**

Please identify and describe in detail all facts that support your claim that SB 14, as enacted by the State of Texas' 82nd Legislature, was enacted with a discriminatory purpose and intent.  This interrogatory includes a request to identify any documents or tangible things you intend to rely on at trial which have not been, or will not be, produced in response to any Request for Production propounded on you or any other party by Defendants.

**RESPONSE:**

Dated: March 28, 2014

Respectfully submitted.

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JONATHAN F. MITCHELL
Solicitor General

J. REED CLAY, JR.
Special Assistant and Senior Counsel
to the Attorney General

*/s/ John B. Scott*
JOHN B. SCOTT
Deputy Attorney General for Civil Litigation
Southern District of Texas No. 10418
Texas State Bar No. 17901500
ATTORNEY-IN-CHARGE

GREGORY DAVID WHITLEY
Assistant Deputy Attorney General
Southern District of Texas No. 2080496
State of Texas Bar No. 2080492

STEPHEN RONALD KEISTER
Assistant Attorney General
Southern District of Texas No. 18580

SEAN PATRICK FLAMMER
Assistant Attorney General
Southern District of Texas No. 1376041

209 West 14th Street
P.O. Box 12548
Austin, Texas 70711-2548
(512) 475-0131

6

COUNSEL FOR THE STATE OF TEXAS,
RICK PERRY, THE TEXAS SECRETARY
OF STATE, and STEVE MCCRAW

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document is being served by electronic mail on March 28, 2014, to all counsel of record.


_/s/ John B. Scott_
JOHN B. SCOTT

# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, JANE HAMILTON, SERGIO DELEON, FLOYD J. CARRIER, ANNA BURNS, MICHAEL MONTEZ, PENNY POPE, OSCAR ORTIZ, KOBY OZIAS, JOHN MELLOR-CRUMLEY, PEGGY HERMAN, EVELYN BRICKNER, GORDON BENJAMIN, KEN GANDY, LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), AND DALLAS COUNTY, TEXAS, | ) ) ) ) ) ) ) ) ) |
| *Plaintiffs,* | ) |
| v. | ) |
| | ) |
| RICK PERRY, Governor of Texas; and JOHN STEEN, Texas Secretary of State, | ) ) |
| *Defendants.* | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| *Plaintiffs,* | ) |
| | ) |
| TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, IMANI CLARK, AURICA WASHINGTON, CRYSTAL OWENS, AND MICHELLE BESSIAKE, | ) ) ) ) |
| *Plaintiff-Intervenors,* | ) |
| | ) |
| TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, HIDALGO COUNTY, AND MARIA LONGORIA BENAVIDES, | ) ) ) ) |
| *Plaintiff-Intervenors,* | ) |
| v. | ) |
| | ) |
| STATE OF TEXAS, JOHN STEEN, in his official capacity as Texas Secretary of State; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public | ) ) ) ) |

CIVIL ACTION NO.
2:13-CV-193 (NGR)
[Lead case]

CIVIL ACTION NO.
2:13-CV-263 (NGR)
[Consolidated case]

Safety,                                          )
      *Defendants.*                               )
_____ )
TEXAS STATE CONFERENCE OF NAACP      )
BRANCHES;   and   the   MEXICAN      )
AMERICAN LEGISLATIVE CAUCUS OF       )
THE        TEXAS        HOUSE     OF )
REPRESENTATIVES,                     )
      *Plaintiffs,*                               )
v.                                   )   CIVIL ACTION NO.
                                     )   2:13-CV-291 (NGR)
JOHN STEEN, in his official capacity as  )   [Consolidated case]
Secretary of State of Texas; and STEVE   )
McCRAW, in his official capacity as Director )
of the Texas Department of Public Safety, )
      *Defendants.*                               )
_____ )
BELINDA ORTIZ, LENARD TAYLOR,        )
EULALIO MENDEZ JR., LIONEL           )
ESTRADA; ESTELA GARCIA ESPINOSA,     )
ROXANNE HERNANDEZ, LYDIA LARA,       )
MARGARITO MARTINEZ LARA,             )
MAXIMINA MARTINEZ LARA, AND          )
*LA UNION DEL PUEBLO ENTERO, INC.*    )
      *Plaintiffs,*                               )
v.                                   )
                                     )   CIVIL ACTION NO.
STATE OF TEXAS; JOHN STEEN, in his   )   2:13-CV-348 (NGR)
Official capacity as Texas Secretary of State; )   [Consolidated case]
And STEVE McCRAW, in his official capacity )
As Director of the Texas Department of )
Public Safety,                       )
      *Defendants.*                               )
_____

## **DEFENDANTS' FIRST INTERROGATORY TO PLAINTIFF MARC VEASEY**

To:   **Marc Veasey,** by and through his attorneys of record, Armand Derfner,
     Derfner, Altman & Wilborn, LLC, P.O. Box 600, Charleston, SC 29402; Chad
     W Dunn and Kembel Scott Brazil, Brazil & Dunn, 4201 Cypress Creek Pkwy
     Ste 530, Houston, TX 77068; J. Gerald Hebert, Campaign Legal Center, 191

Somervelle Street #405, Alexandria, VA 22304; Neil G. Baron, Law Office of Neil G. Baron, 914 FM 517 Rd W Suite 242, Dickinson, TX 77539.

Pursuant to the Federal Rules of Civil Procedure, you are directed to answer the following interrogatory fully, in writing and under oath, based on all information reasonably available to you or your attorney at the time your response is made.  Please serve your responses and any objections on the undersigned attorneys within thirty (30) days of service of this interrogatory.  This interrogatory is continuing in nature as provided by Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS

The following terms have the following meanings, unless the context requires otherwise:

**1.**   <u>Party or Parties</u>. The term "plaintiff" or "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party, means the party and, when applicable, his agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

**2.**   <u>Document.</u> The term "document" means information that is fixed in a tangible medium, such as paper, or electronically stored information. It includes, but is not limited to, writings, drawings, films, charts, photographs, notices, memoranda, diaries, minutes, correspondence, books, journals, ledgers, reports, worksheets, notes, printed e-mails, letters, abstracts, audits, charts, checks, diagrams, drafts, instructions, lists, logs, resumes, and summaries.

a.   <u>Electronically Stored Information.</u> The term "electronically stored information" means electronic information that is stored in a medium from which it can be retrieved and examined. It includes, but is not limited to, all electronic files that can be retrieved from electronic storage.

1) "Electronic file" includes, but is not limited to, the following: electronic documents; e-mail messages and files; deleted files; temporary files; and metadata.

3

2) "Electronic information system" refers to a computer system or network that contains electronic files and electronic storage.

3) "Electronic storage" refers to electronic files contained on magnetic, optical, or other storage media, such as hard drives, flash drives, DVDs, CDs, tapes, cartridges, floppy diskettes, smart cards, integrated-circuit cards (e.g., SIM cards).

**3.**    <u>Tangible thing.</u> The term "tangible thing" means a physical object that is not a document.

**4.**    <u>SB 14</u>. The term "SB 14" refers to Texas Senate Bill 14, 82d Leg., R.S., ch 123, § 3, 2011 Tex. Gen. Laws 619, including all companion or predecessor bills filed during previous sessions, whether regular or special, of the Texas Legislature, and all alternative bills or proposals, whether filed or not, relating to the use of photographic identification for voting in the state of Texas.  However, where SB14 is quoted from an allegation in the Federal Complaint, the term "SB 14" has the meaning ascribed to it in the Federal Complaint.

**5.**    <u>And & or.</u> The connectives "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

**6.**    <u>Person.</u> The term "person" means any natural person, a business, a legal or governmental entity, or an association.

**7.**    <u>You & your.</u> The terms "you" and "your" mean Marc Veasey, and Marc Veasey's agents, representatives, attorneys, experts, and other persons acting or purporting to act on behalf of Marc Veasey.

## INTERROGATORY NO. 1

Please identify and describe in detail all facts that support your claim that SB 14, as enacted by the State of Texas' 82nd Legislature, was enacted with a discriminatory purpose and intent.  This interrogatory includes a request to identify any documents or tangible things you intend to rely on at trial which have not been, or will not be, produced in response to any Request for Production propounded on you or any other party by Defendants.

## RESPONSE:

Dated: March 28, 2014

Respectfully submitted.

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JONATHAN F. MITCHELL
Solicitor General

J. REED CLAY, JR.
Special Assistant and Senior Counse1
to the Attorney General

*/s/ John B. Scott*
JOHN B. SCOTT
Deputy Attorney General for Civil Litigation
Southern District of Texas No. 10418
Texas State Bar No. 17901500
ATTORNEY-IN-CHARGE

GREGORY DAVID WHITLEY
Assistant Deputy Attorney General
Southern District of Texas No. 2080496
State of Texas Bar No. 2080492

STEPHEN RONALD KEISTER
Assistant Attorney General
Southern District of Texas No. 18580

SEAN PATRICK FLAMMER
Assistant Attorney General
Southern District of Texas No. 1376041

209 West 14th Street
P.O. Box 12548
Austin, Texas 70711-2548
(512) 475-0131

COUNSEL FOR THE STATE OF TEXAS, RICK PERRY, THE TEXAS SECRETARY OF STATE, and STEVE MCCRAW

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document is being served by electronic mail on March 28, 2014, to all counsel of record.


<u>*/s/ John B. Scott*</u>
JOHN B. SCOTT

8

# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

MARC VEASEY, JANE HAMILTON, SERGIO DELEON, FLOYD J. CARRIER, ANNA BURNS, MICHAEL MONTEZ, PENNY POPE, OSCAR ORTIZ, KOBY OZIAS, JOHN MELLOR-CRUMLEY, PEGGY HERMAN, EVELYN BRICKNER, GORDON BENJAMIN, KEN GANDY, LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), AND DALLAS COUNTY, TEXAS,
     *Plaintiffs,*
v.

RICK PERRY, Governor of Texas; and JOHN STEEN, Texas Secretary of State,
     *Defendants.*

UNITED STATES OF AMERICA,
     *Plaintiffs,*

TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, IMANI CLARK, AURICA WASHINGTON, CRYSTAL OWENS, AND MICHELLE BESSIAKE,
     *Plaintiff-Intervenors,*

TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, HIDALGO COUNTY, AND MARIA LONGORIA BENAVIDES,
     *Plaintiff-Intervenors,*
v.

STATE OF TEXAS, JOHN STEEN, in his official capacity as Texas Secretary of State; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION NO.
2:13-CV-193 (NGR)
[Lead case]

CIVIL ACTION NO.
2:13-CV-263 (NGR)
[Consolidated case]

| | |
|---|---|
| Safety,<br>    *Defendants.* | )<br>) |
| _____ | ) |
| TEXAS STATE CONFERENCE OF NAACP BRANCHES; and the MEXICAN AMERICAN LEGISLATIVE CAUCUS OF THE TEXAS HOUSE OF REPRESENTATIVES,<br>    *Plaintiffs,* | )<br>)<br>)<br>)<br>)<br>) |
| v. | )<br>) |
| JOHN STEEN, in his official capacity as Secretary of State of Texas; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety,<br>    *Defendants.* | )<br>)<br>)<br>)<br>)<br>) |
| _____ | ) |
| BELINDA ORTIZ, LENARD TAYLOR, EULALIO MENDEZ JR., LIONEL ESTRADA; ESTELA GARCIA ESPINOSA, ROXANNE HERNANDEZ, LYDIA LARA, MARGARITO MARTINEZ LARA, MAXIMINA MARTINEZ LARA, AND *LA UNION DEL PUEBLO ENTERO, INC.*<br>    *Plaintiffs,* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| v. | )<br>) |
| STATE OF TEXAS; JOHN STEEN, in his Official capacity as Texas Secretary of State; And STEVE McCRAW, in his official capacity As Director of the Texas Department of Public Safety,<br>    *Defendants.* | )<br>)<br>)<br>)<br>)<br>) |

CIVIL ACTION NO. 2:13-CV-291 (NGR) [Consolidated case]

CIVIL ACTION NO. 2:13-CV-348 (NGR) [Consolidated case]

_____

## **DEFENDANTS' FIRST INTERROGATORY TO PLAINTIFF OSCAR ORTIZ**

To:    **Oscar Ortiz,** by and through his attorneys of record, Armand Derfner, Derfner, Altman & Wilborn, LLC, P.O. Box 600, Charleston, SC 29402; Chad W Dunn and Kembel Scott Brazil, Brazil & Dunn, 4201 Cypress Creek Pkwy Ste 530, Houston, TX 77068; J. Gerald Hebert, Campaign Legal Center, 191

2

Somervelle Street #405, Alexandria, VA 22304; Neil G. Baron, Law Office of
Neil G. Baron, 914 FM 517 Rd W Suite 242, Dickinson, TX 77539.

Pursuant to the Federal Rules of Civil Procedure, you are directed to answer
the following interrogatory fully, in writing and under oath, based on all
information reasonably available to you or your attorney at the time your response
is made.   Please serve your responses and any objections on the undersigned
attorneys within thirty (30) days of service of this interrogatory.   This interrogatory
is continuing in nature as provided by Rule 26(e) of the Federal Rules of Civil
Procedure.

## DEFINITIONS

The following terms have the following meanings, unless the context requires
otherwise:

**1.**   <u>Party or Parties</u>. The term "plaintiff" or "defendant" as well as a party's full
or abbreviated name or a pronoun referring to a party, means the party and, when
applicable, his agents, representatives, officers, directors, employees, partners,
corporate parent, subsidiaries, or affiliates. This definition is not intended to impose
a discovery obligation on any person who is not a party to the litigation.

**2.**   <u>Document.</u> The term "document" means information that is fixed in a
tangible medium, such as paper, or electronically stored information. It includes,
but is not limited to, writings, drawings, films, charts, photographs, notices,
memoranda, diaries, minutes, correspondence, books, journals, ledgers, reports,
worksheets, notes, printed e-mails, letters, abstracts, audits, charts, checks,
diagrams, drafts, instructions, lists, logs, resumes, and summaries.

a.   <u>Electronically Stored Information.</u> The term "electronically stored
information" means electronic information that is stored in a medium from which it
can be retrieved and examined. It includes, but is not limited to, all electronic files
that can be retrieved from electronic storage.

1) "Electronic file" includes, but is not limited to, the following:
electronic documents; e-mail messages and files; deleted files; temporary
files; and metadata.

3

       2) "Electronic information system" refers to a computer system or network that contains electronic files and electronic storage.

       3) "Electronic storage" refers to electronic files contained on magnetic, optical, or other storage media, such as hard drives, flash drives, DVDs, CDs, tapes, cartridges, floppy diskettes, smart cards, integrated-circuit cards (e.g., SIM cards).

**3.**   <u>Tangible thing.</u> The term "tangible thing" means a physical object that is not a document.

**4.**   <u>SB 14</u>. The term "SB 14" refers to Texas Senate Bill 14, 82d Leg., R.S., ch 123, § 3, 2011 Tex. Gen. Laws 619, including all companion or predecessor bills filed during previous sessions, whether regular or special, of the Texas Legislature, and all alternative bills or proposals, whether filed or not, relating to the use of photographic identification for voting in the state of Texas.  However, where SB14 is quoted from an allegation in the Federal Complaint, the term "SB 14" has the meaning ascribed to it in the Federal Complaint.

**5.**   <u>And & or.</u> The connectives "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

**6.**   <u>Person.</u> The term "person" means any natural person, a business, a legal or governmental entity, or an association.

**7.**   <u>You & your.</u> The terms "you" and "your" mean Oscar Ortiz, and Oscar Ortiz's agents, representatives, attorneys, experts, and other persons acting or purporting to act on behalf of Oscar Ortiz.

**INTERROGATORY NO. 1**

Please identify and describe in detail all facts that support your claim that SB 14, as enacted by the State of Texas' 82nd Legislature, was enacted with a discriminatory purpose and intent.  This interrogatory includes a request to identify any documents or tangible things you intend to rely on at trial which have not been, or will not be, produced in response to any Request for Production propounded on you or any other party by Defendants.

**RESPONSE:**

Dated: March 28, 2014

Respectfully submitted.

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JONATHAN F. MITCHELL
Solicitor General

J. REED CLAY, JR.
Special Assistant and Senior Counsel1
to the Attorney General

*/s/ John B. Scott*
JOHN B. SCOTT
Deputy Attorney General for Civil Litigation
Southern District of Texas No. 10418
Texas State Bar No. 17901500
ATTORNEY-IN-CHARGE

GREGORY DAVID WHITLEY
Assistant Deputy Attorney General
Southern District of Texas No. 2080496
State of Texas Bar No. 2080492

STEPHEN RONALD KEISTER
Assistant Attorney General
Southern District of Texas No. 18580

SEAN PATRICK FLAMMER
Assistant Attorney General
Southern District of Texas No. 1376041

209 West 14th Street
P.O. Box 12548
Austin, Texas 70711-2548
(512) 475-0131

6

COUNSEL FOR THE STATE OF TEXAS, RICK PERRY, THE TEXAS SECRETARY OF STATE, and STEVE MCCRAW

<u>**CERTIFICATE OF SERVICE**</u>

     I hereby certify that a true and correct copy of the foregoing document is being served by electronic mail on March 28, 2014, to all counsel of record.

<u>*/s/ John B. Scott*</u>
JOHN B. SCOTT