# Exhibit 6

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | |
|---|---|
| **MARC VEASEY, JANE HAMILTON, SERGIO DELEON, FLOYD J. CARRIER, ANNA BURNS, MICHAEL MONTEZ, PENNY POPE, OSCAR ORTIZ, KOBY OZIAS, JOHN MELLOR-CRUMLEY, PEGGY HERMAN, EVELYN BRICKNER, GORDON BENJAMIN, KEN GANDY, LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), AND DALLAS COUNTY, TEXAS** *Plaintiffs,* § § § § § § § § § § § § § § | |
| **v.** § § § | **CIVIL ACTION NO. 2:13-CV-193 (NGR) [Lead case]** |
| **RICK PERRY, Governor of Texas; and JOHN STEEN, Texas Secretary of State,** *Defendants.* § § § § § | |
| **UNITED STATES OF AMERICA,** *Plaintiff,* § § § § | |
| **TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, IMANI CLARK, AURICA WASHINGTON, CRYSTAL OWENS, AND MICHELLE BESSIAKE,** *Plaintiff-Intervenors,* § § § § § § | |
| **TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, HIDALGO COUNTY AND MARIA LONGORIA BENAVIDES,** *Plaintiff-Intervenors,* § § § § § § | **CIVIL ACTION NO. 2:13-CV-263 (NGR) [Consolidated Case]** |
| **v.** § § § | |
| **STATE OF TEXAS, JOHN STEEN, in his official capacity as the Texas Secretary of State, and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety,** *Defendants.* § § § § § § § | |
| **TEXAS STATE CONFERENCE OF NAACP BRANCHES; and the MEXICAN AMERICAN** § § § | |

| | | |
|---|---|---|
| LEGISLATIVE CAUCUS OF THE TEXAS HOUSE OF REPRESENTATIVES,<br>        *Plaintiffs,*<br><br>v.<br><br>JOHN STEEN, in his official capacity as Secretary of State of Texas; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety,<br>        *Defendants.* | § § § § § § § § § § § § | CIVIL ACTION NO. 2:13-CV-291 (NGR) [Consolidated Case] |
| BELINDA ORTIZ, LENARD TAYLOR, EULALIO MENDEZ JR., LIONEL ESTRADA; ESTELA GARCIA ESPINOSA; ROXANNE HERNANDEZ, LYDIA LARA, MARGARITO MARTINEZ LARA, MAXIMA MARTINEZ LARA, and *LA UNION DEL PUEBLR ENTERO, INC.*,<br>        *Plaintiffs,*<br><br>v.<br><br>STATE OF TEXAS; JOHN STEEN, in his official capacity as Texas Secretary of State, and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety,<br>        *Defendants.* | § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 2:13-CV-348 (NGR) [Consolidated Case] |

## PLAINTIFF, SERGIO DELEON'S, RESPONSE TO DEFENDANTS' FIRST INTERROGATORY

TO: Defendants State of Texas, Rick Perry, the Texas Secretary of State, and Steve McCraw by and through their attorney, John Scott, Deputy Attorney for Civil Litigation, Office of the Attorney General,  via first class mail, return receipt requested to 209 West 14th Street, P.O. Box 12548, Austin, TX 70711-2548

COMES NOW Plaintiff, SERGIO DELEON'S, pursuant to Fed.R.Civ.P. 34, and submits

his response to Defendants' First Request for Interrogatory.

## OBJECTIONS TO DEFINITIONS

1.     Plaintiff objects to the definition of the term "Electronically Stored Information" on the grounds that the definition is overly broad and unduly burdensome. Plaintiff further objects to this definition to the extent that it seeks information not in Plaintiff's possession, custody, or control.   Accordingly, Plaintiff interprets the term "Electronically Stored Information" as synonymous in meaning and equal in scope to the usage of the term "electronically stored information" in Rule 34 of the Federal Rules of Civil Procedure.

2.     Plaintiff objects to the definition of the term "document" on grounds that the definition is overly broad and unduly burdensome.  Plaintiff further objects to this definition to the extent that it seeks information not in Plaintiff's possession, custody, or control.  Plaintiff interprets the term "document" as synonymous in meaning and equal in scope to the usage of the term "document" in Rule 34 of the Federal Rules of Civil Procedure.

3.     Plaintiff objects to the definition of "you and your" on grounds that the definition is overly broad and unduly burdensome.   Plaintiff further objects to this definition to the extent that it includes within the definition individuals who are not parties to this litigation.  Plaintiff interprets for purposes of these document requests "you and your" to respectively refer to any individual.

## INTERROGATORY NO. 1:

Please identify and describe in detail all facts that support your claim that SB 14, as enacted by the State of Texas' 82nd Legislature, was enacted with a discriminatory purpose and intent. This interrogatory includes a request to identify any documents or tangible things you intend to rely on at trial which have not been, or will not be, produced in response to any Request for Production propounded on you or any other party by Defendants.

## OBJECTIONS

1.      Plaintiff objects to Defendants' First Interrogatory to the extent it seeks information or the disclosure of information which is protected by any privilege or immunity including the attorney-client privilege, work product doctrine, common interest privilege or any other statutory or common law privilege.  Plaintiff reserves the right to withhold such information.  Any inadvertent disclosure of such privileged or otherwise protected information shall not be deemed a waiver of any privilege or work product immunity.  The Clawback Order entered in this matter on November 4, 2013 governs any such disclosure.  See Agreement Concerning Production Format, ECF No. 61-6.

2.      Plaintiff objects to Defendants' First Interrogatory to the extent Defendants attempt or purport to impose greater or different obligations in discovery than are required by the Federal Rules of Civil Procedure or the Local Rules of this Court.

3.      Plaintiff objects to Defendants' First Interrogatory to the extent Defendants seek information that calls for a legal conclusion.

4.      Plaintiff objects to Defendants' First Interrogatory on the grounds that it is vague, ambiguous, and makes responding impossible without speculation.

5.      Plaintiff objects to Defendants' First Interrogatory to the extent that it seeks

information not within Plaintiff's possession, custody or control.

6.    Plaintiff objects to Defendants' First Interrogatory to the extent that it is premature at this stage of discovery.  For example, but not limited to, the identification of documents to be produced at trial is governed by the Court's scheduling order.

7.    Plaintiff's consent herein to respond to Defendants' First Interrogatory shall not be construed as an admission by Plaintiff that such information, in fact, exists or that such information, if it exists, is in Plaintiff's possession, custody or control.

8.    Plaintiff responds solely for the purpose of and in relation to this action. Plaintiff's Response to Defendants' First Interrogatory is made subject to any and all objections to competence, relevance, materiality, and admissibility that would require the exclusion at the time of trial of any statement and/or document produced in response to the First Interrogatory.  Plaintiff reserves the right to interpose such objections at the time of trial, if any.

9.    Plaintiff reserves the right to amend, revise or supplement its responses at any time prior to trial or otherwise permitted by applicable law or under the Court's Scheduling Order.

10.    To the extent Plaintiff's response to the Defendants' First Interrogatory requires the disclosure of protected material, including but not limited to confidential information or any information implicating privacy interests, Plaintiff's response shall be subject to the Consent Protective Order entered in this matter on December 5, 2013, ECF No. 105, or any subsequent revisions to the Protective Order agreed upon by the parties. Plaintiff further objects to the extent Defendants' First Interrogatory seeks confidential or

personal information of a third party, the disclosure of which is not permitted by reason of privacy laws or other binding legal obligation.

11.     Plaintiff objects to Defendants' First Interrogatory to the extent that it seeks documents that are neither relevant to the issues in this dispute nor reasonably calculated to lead to the discovery of admissible evidence.   To the extent Plaintiff identifies documents in response to the Interrogatory, Plaintiff does not concede that the documents are admissible in evidence or relevant to this action.

12.     Plaintiff objects to Defendants' First Interrogatory as vague, ambiguous, overly broad, and unduly burdensome.  Plaintiff's response is with respect to the time period from January 1, 2012 to the present, unless otherwise indicated.

13.     Plaintiff objects to Defendants' First Interrogatory insofar as it seeks identification of documents that are unreasonably cumulative or duplicative, already in the possession of Defendants, primarily or exclusively within Defendants' knowledge or control, or obtainable from some other source that is less burdensome or less expensive. Plaintiff objects to Defendants' First Interrogatory to the extent it seeks identification of documents beyond those in Plaintiff's possession, custody, or control.

14.     Plaintiff objects to Defendants' First Interrogatory to the extent that it is unclear, ambiguous, overly broad, or unduly burdensome.

15.     Plaintiff objects to Defendants' First Interrogatory requesting "all," "each," or "any" identification of documents and/or facts on grounds that such requests are overly broad and unduly burdensome, seek irrelevant information, and seek to impose obligations beyond those imposed by law.   Plaintiff will construe the terms of the

Interrogatory to request that they use reasonable diligence to identify responsive non-privileged documents, based on examination of those sources that may reasonably be expected to yield such documents and of course Plaintiff reserves the right to continue to supplement these responses to the extent additional documents are located.

16. Plaintiff objects to this First Interrogatory as harassing and burdensome. The above objections, and those made by other parties, are incorporated by reference herein. Dallas County further objects to this Interrogatory as a premature contention interrogatory that seeks a comprehensive identification of relevant facts before the close of discovery. *See* Fed. R. Civ. P. 33(a)(2); *Wallace v. GEO Grp., Inc.*, No. 2:12-cv-2745, 2013 WL 6490320, at *3 (W.D. La. Dec. 10, 2013); *Brassell v. Turner*, No. 3:05-cv-476, 2006 WL 1806465, at *3 (S.D. Miss. June 29, 2006). Furthermore, the discriminatory purpose underlying SB 14 is described in substantial detail in the Private Plaintiffs and United States' Responses in Opposition to Defendants' Motion to Dismiss filed in this case(ECF. No. 92); the Defendant-Intervenors' and U.S.'s Proposed Findings of Fact in *Texas v. Holder*, No. 1:12-CV-00128 (D.D.C. June 25, 2012) (ECF. No. 223); the expert report and supplemental expert reports of all expert witnesses produced in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the depositions taken in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the exhibits entered into evidence in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the transcript of the trial conducted in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the findings of fact and opinion of the court in *Texas v. Holder*, 888 F. Supp. 2d 113, 138, 144 (D.D.C. 2012), *vacated*, 133 S. Ct. 2886 (2013)); the materials included in the Private Plaintiffs' and United States' Initial Disclosures. All of the aforementioned

documents are in Defendants' possession.

Additionally, please see the voluminous emails and other documents generated by Texas State Legislators and/or their respective staff members relating to various Texas' efforts to legislatively enact a photo ID bill in the legislative sessions of 2007, 2009, 2011 and 2013. Additionally, please see Attorney General, Greg Abbott's announcement that Senate Bill 14 would be immediately implemented, which was issued on or about June 25th, 2014, the same day that the United States Supreme Court issued its opinion in *Shelby County v. Holder*.

Plaintiff's counsel reserves the right to supplement this Interrogatory answer and specifically directs Defendants' attention to the deposition of Keith Ingram completed on April 23rd, 2014, which was the first deposition completed in this case. As Defendant knows there will be many depositions completed in this case that will contain information responsive to this interrogatory and many expert reports produced, which will also contain information responsive to this interrogatory, all of which are incorporated by reference in Plaintiff's response to this Interrogatory.

Dated this 30th day of April, 2014.

Respectfully submitted,

**BRAZIL & DUNN LLP**


 /s/ Chad W. Dunn
Chad W. Dunn
TBN 24036507; Fed. I.D. No. 33467
K. Scott Brazil
TBN 02934050; Fed. I.D. No. 2585
4201 Cypress Creek Parkway, Suite 530
Houston, Texas 77068
Telephone: (281) 580-6310
Facsimile: (281) 580-6362
E-Mail: chad@brazilanddunn.com
E-Mail: scott@brazilanddunn.com

Neil G. Baron
State Bar No.: 017970180
Law Office of Neil G. Baron
914 FM 517 W., Ste. 242
Dickinson, Texas  77539
281/534-2748 – Main
281/534-4309 – Fax
neil@ngbaronlaw.com – E-mail

J. Gerald Hebert
District of Columbia State Bar No.: 447676
Campaign Legal Center
215 E. Street, NE
Washington, DC  20002
202/736-2200, ext. 12 – Main
202/736-2222 – Fax
ghebert@campaignlegalcenter.org – E-mail

David Richards
State Bar No.: 16846000
Richards, Rodriguez & Skeith, LLP
816 Congress Avenue, Ste. 1200
Austin, Texas  78701
512/476-0005 – Main
512/476-1513 – Fax

daverichards@june.com – E-mail

Armand G. Derfner
Derfner, Altman & Wilborn, LLC
P.O. Box 600
Charleston, S.C.  29402
843/723-9804 – Main
aderfner@dawlegal.com – E-mail

**ATTORNEYS FOR PLAINTIFFS**

Craig M. Watkins
Dallas County District Attorney
State Bar No. 00791886
Teresa G. Snelson
Chief, Civil Division
Dallas County District Attorney's Office
State Bar. No. 08577250
411 Elm Street, 5th Floor
Dallas, TX 75202-4606
Telephone (214) 653-7358
Facsimile (214) 653-6134
Teresa.Snelson@dallascounty.org

**ATTORNEYS FOR DALLAS COUNTY,
TEXAS**

## CERTIFICATE OF SERVICE

The undersigned here by certifies that a true and correct copy of the foregoing has been sent by electronic mail in accordance with the Federal Rules of Civil Procedure, this 30th day of April, 2014 to all counsel of record:

_____ */s/ Chad W. Dunn* _____
Chad W. Dunn

*Plaintiff, Sergio DeLeon's, Response to Defendants' First Interrogatory – Page 10 of 10*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

|  |  |  |
|---|---|---|
| **MARC VEASEY, JANE HAMILTON, SERGIO DELEON, FLOYD J. CARRIER, ANNA BURNS, MICHAEL MONTEZ, PENNY POPE, OSCAR ORTIZ, KOBY OZIAS, JOHN MELLOR-CRUMLEY, PEGGY HERMAN, EVELYN BRICKNER, GORDON BENJAMIN, KEN GANDY, LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), AND DALLAS COUNTY, TEXAS**<br>  *Plaintiffs,*<br><br>v.<br><br>**RICK PERRY, Governor of Texas; and JOHN STEEN, Texas Secretary of State,**<br>  *Defendants.* | § § § § § § § § § § § § § § § § § § | **CIVIL ACTION NO. 2:13-CV-193 (NGR) [Lead case]** |
| **UNITED STATES OF AMERICA,**<br>  *Plaintiff,*<br><br>**TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, IMANI CLARK, AURICA WASHINGTON, CRYSTAL OWENS, AND MICHELLE BESSIAKE,**<br>  *Plaintiff-Intervenors,*<br><br>**TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, HIDALGO COUNTY AND MARIA LONGORIA BENAVIDES,**<br>  *Plaintiff-Intervenors,*<br><br>v.<br><br>**STATE OF TEXAS, JOHN STEEN, in his official capacity as the Texas Secretary of State, and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety,**<br>  *Defendants.* | § § § § § § § § § § § § § § § § § § § § § § § | **CIVIL ACTION NO. 2:13-CV-263 (NGR) [Consolidated Case]** |
| **TEXAS STATE CONFERENCE OF NAACP BRANCHES; and the MEXICAN AMERICAN** | § § | |

| | | |
|---|---|---|
| LEGISLATIVE CAUCUS OF THE TEXAS HOUSE OF REPRESENTATIVES,<br>          *Plaintiffs,*<br><br>v.<br><br>JOHN STEEN, in his official capacity as Secretary of State of Texas; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety,<br>          *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.<br>2:13-CV-291 (NGR)<br>[Consolidated Case] |
| BELINDA ORTIZ, LENARD TAYLOR, EULALIO MENDEZ JR., LIONEL ESTRADA; ESTELA GARCIA ESPINOSA; ROXANNE HERNANDEZ, LYDIA LARA, MARGARITO MARTINEZ LARA, MAXIMA MARTINEZ LARA, and *LA UNION DEL PUBELR ENTERO, INC.*,<br>          *Plaintiffs,*<br><br>v.<br><br>STATE OF TEXAS; JOHN STEEN, in his official capacity as Texas Secretary of State, and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety,<br>          *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.<br>2:13-CV-348 (NGR)<br>[Consolidated Case] |

## PLAINTIFF, ANNA BURNS' RESPONSE TO DEFENDANTS' FIRST INTERROGATORY

**TO: Defendants State of Texas, Rick Perry, the Texas Secretary of State, and Steve McCraw by and through their attorney, John Scott, Deputy Attorney for Civil Litigation, Office of the Attorney General,  via first class mail, return receipt requested to 209 West 14th Street, P.O. Box 12548, Austin, TX 70711-2548**

COMES NOW Plaintiff, ANNA BURNS, pursuant to Fed.R.Civ.P. 34, and submits her

response to Defendants' First Request for Interrogatory.

## OBJECTIONS TO DEFINITIONS

1.      Plaintiff objects to the definition of the term "Electronically Stored Information" on the grounds that the definition is overly broad and unduly burdensome. Plaintiff further objects to this definition to the extent that it seeks information not in Plaintiff's possession, custody, or control.   Accordingly, Plaintiff interprets the term "Electronically Stored Information" as synonymous in meaning and equal in scope to the usage of the term "electronically stored information" in Rule 34 of the Federal Rules of Civil Procedure.

2.      Plaintiff objects to the definition of the term "document" on grounds that the definition is overly broad and unduly burdensome.  Plaintiff further objects to this definition to the extent that it seeks information not in Plaintiff's possession, custody, or control.  Plaintiff interprets the term "document" as synonymous in meaning and equal in scope to the usage of the term "document" in Rule 34 of the Federal Rules of Civil Procedure.

3.      Plaintiff objects to the definition of "you and your" on grounds that the definition is overly broad and unduly burdensome.   Plaintiff further objects to this definition to the extent that it includes within the definition individuals who are not parties to this litigation.  Plaintiff interprets for purposes of these document requests "you and your" to respectively refer to any individual.

## INTERROGATORY NO. 1:

Please identify and describe in detail all facts that support your claim that SB 14, as enacted by the State of Texas' 82nd Legislature, was enacted with a discriminatory purpose and intent. This interrogatory includes a request to identify any documents or tangible things you intend to rely on at trial which have not been, or will not be, produced in response to any Request for Production propounded on you or any other party by Defendants.

## OBJECTIONS

1.     Plaintiff objects to Defendants' First Interrogatory to the extent it seeks information or the disclosure of information which is protected by any privilege or immunity including the attorney-client privilege, work product doctrine, common interest privilege or any other statutory or common law privilege.  Plaintiff reserves the right to withhold such information.  Any inadvertent disclosure of such privileged or otherwise protected information shall not be deemed a waiver of any privilege or work product immunity.  The Clawback Order entered in this matter on November 4, 2013 governs any such disclosure.  See Agreement Concerning Production Format, ECF No. 61-6.

2.     Plaintiff objects to Defendants' First Interrogatory to the extent Defendants attempt or purport to impose greater or different obligations in discovery than are required by the Federal Rules of Civil Procedure or the Local Rules of this Court.

3.     Plaintiff objects to Defendants' First Interrogatory to the extent Defendants seek information that calls for a legal conclusion.

4.     Plaintiff objects to Defendants' First Interrogatory on the grounds that it is vague, ambiguous, and makes responding impossible without speculation.

5.     Plaintiff objects to Defendants' First Interrogatory to the extent that it seeks

information not within Plaintiff's possession, custody or control.

6.      Plaintiff objects to Defendants' First Interrogatory to the extent that it is premature at this stage of discovery.  For example, but not limited to, the identification of documents to be produced at trial is governed by the Court's scheduling order.

7.      Plaintiff's consent herein to respond to Defendants' First Interrogatory shall not be construed as an admission by Plaintiff that such information, in fact, exists or that such information, if it exists, is in Plaintiff's possession, custody or control.

8.      Plaintiff responds solely for the purpose of and in relation to this action. Plaintiff's Response to Defendants' First Interrogatory is made subject to any and all objections to competence, relevance, materiality, and admissibility that would require the exclusion at the time of trial of any statement and/or document produced in response to the First Interrogatory.  Plaintiff reserves the right to interpose such objections at the time of trial, if any.

9.      Plaintiff reserves the right to amend, revise or supplement its responses at any time prior to trial or otherwise permitted by applicable law or under the Court's Scheduling Order.

10.      To the extent Plaintiff's response to the Defendants' First Interrogatory requires the disclosure of protected material, including but not limited to confidential information or any information implicating privacy interests, Plaintiff's response shall be subject to the Consent Protective Order entered in this matter on December 5, 2013, ECF No. 105, or any subsequent revisions to the Protective Order agreed upon by the parties. Plaintiff further objects to the extent Defendants' First Interrogatory seeks confidential or

personal information of a third party, the disclosure of which is not permitted by reason of privacy laws or other binding legal obligation.

11.     Plaintiff objects to Defendants' First Interrogatory to the extent that it seeks documents that are neither relevant to the issues in this dispute nor reasonably calculated to lead to the discovery of admissible evidence.   To the extent Plaintiff identifies documents in response to the Interrogatory, Plaintiff does not concede that the documents are admissible in evidence or relevant to this action.

12.     Plaintiff objects to Defendants' First Interrogatory as vague, ambiguous, overly broad, and unduly burdensome.  Plaintiff's response is with respect to the time period from January 1, 2012 to the present, unless otherwise indicated.

13.     Plaintiff objects to Defendants' First Interrogatory insofar as it seeks identification of documents that are unreasonably cumulative or duplicative, already in the possession of Defendants, primarily or exclusively within Defendants' knowledge or control, or obtainable from some other source that is less burdensome or less expensive. Plaintiff objects to Defendants' First Interrogatory to the extent it seeks identification of documents beyond those in Plaintiff's possession, custody, or control.

14.     Plaintiff objects to Defendants' First Interrogatory to the extent that it is unclear, ambiguous, overly broad, or unduly burdensome.

15.     Plaintiff objects to Defendants' First Interrogatory requesting "all," "each," or "any" identification of documents and/or facts on grounds that such requests are overly broad and unduly burdensome, seek irrelevant information, and seek to impose obligations beyond those imposed by law.   Plaintiff will construe the terms of the

Interrogatory to request that they use reasonable diligence to identify responsive non-privileged documents, based on examination of those sources that may reasonably be expected to yield such documents and of course Plaintiff reserves the right to continue to supplement these responses to the extent additional documents are located.

16.    Plaintiff objects to this First Interrogatory as harassing and burdensome. The above objections, and those made by other parties, are incorporated by reference herein. Dallas County further objects to this Interrogatory as a premature contention interrogatory that seeks a comprehensive identification of relevant facts before the close of discovery. *See* Fed. R. Civ. P. 33(a)(2); *Wallace v. GEO Grp., Inc.*, No. 2:12-cv-2745, 2013 WL 6490320, at *3 (W.D. La. Dec. 10, 2013); *Brassell v. Turner*, No. 3:05-cv-476, 2006 WL 1806465, at *3 (S.D. Miss. June 29, 2006). Furthermore, the discriminatory purpose underlying SB 14 is described in substantial detail in the Private Plaintiffs and United States' Responses in Opposition to Defendants' Motion to Dismiss  filed in this case(ECF. No. 92); the Defendant-Intervenors' and U.S.'s Proposed Findings of Fact in *Texas v. Holder*, No. 1:12-CV-00128 (D.D.C. June 25, 2012) (ECF. No. 223); the expert report and supplemental expert reports of all expert witnesses produced in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the depositions taken in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the exhibits entered into evidence in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the transcript of the trial conducted in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the findings of fact and opinion of the court in *Texas v. Holder*, 888 F. Supp. 2d 113, 138, 144 (D.D.C. 2012), *vacated*, 133 S. Ct. 2886 (2013)); the materials included in the Private Plaintiffs' and United States' Initial Disclosures. All of the aforementioned

documents are in Defendants' possession.

Additionally, please see the voluminous emails and other documents generated by Texas State Legislators and/or their respective staff members relating to various Texas' efforts to legislatively enact a photo ID bill in the legislative sessions of 2007, 2009, 2011 and 2013. Additionally, please see Attorney General, Greg Abbott's announcement that Senate Bill 14 would be immediately implemented, which was issued on or about June 25th, 2014, the same day that the United States Supreme Court issued its opinion in *Shelby County v. Holder*.

Plaintiff's counsel reserves the right to supplement this Interrogatory answer and specifically directs Defendants' attention to the deposition of Keith Ingram completed on April 23rd, 2014, which was the first deposition completed in this case. As Defendant knows there will be many depositions completed in this case that will contain information responsive to this interrogatory and many expert reports produced, which will also contain information responsive to this interrogatory, all of which are incorporated by reference in Plaintiff's response to this Interrogatory.

Dated this 30th day of April, 2014.

*Plaintiff, Anna Burns' Response to Defendants' First Interrogatory – Page 8 of 10*

Respectfully submitted,

**BRAZIL & DUNN LLP**


    /s/ Chad W. Dunn
Chad W. Dunn
TBN 24036507; Fed. I.D. No. 33467
K. Scott Brazil
TBN 02934050; Fed. I.D. No. 2585
4201 Cypress Creek Parkway, Suite 530
Houston, Texas 77068
Telephone: (281) 580-6310
Facsimile: (281) 580-6362
E-Mail: chad@brazilanddunn.com
E-Mail: scott@brazilanddunn.com

Neil G. Baron
State Bar No.: 017970180
Law Office of Neil G. Baron
914 FM 517 W., Ste. 242
Dickinson, Texas  77539
281/534-2748 – Main
281/534-4309 – Fax
neil@ngbaronlaw.com – E-mail

J. Gerald Hebert
District of Columbia State Bar No.: 447676
Campaign Legal Center
215 E. Street, NE
Washington, DC  20002
202/736-2200, ext. 12 – Main
202/736-2222 – Fax
ghebert@campaignlegalcenter.org – E-mail

David Richards
State Bar No.: 16846000
Richards, Rodriguez & Skeith, LLP
816 Congress Avenue, Ste. 1200
Austin, Texas  78701
512/476-0005 – Main
512/476-1513 – Fax

daverichards@june.com – E-mail

Armand G. Derfner
Derfner, Altman & Wilborn, LLC
P.O. Box 600
Charleston, S.C.  29402
843/723-9804 – Main
aderfner@dawlegal.com – E-mail

**ATTORNEYS FOR PLAINTIFFS**

Craig M. Watkins
Dallas County District Attorney
State Bar No. 00791886
Teresa G. Snelson
Chief, Civil Division
Dallas County District Attorney's Office
State Bar. No. 08577250
411 Elm Street, 5th Floor
Dallas, TX 75202-4606
Telephone (214) 653-7358
Facsimile (214) 653-6134
Teresa.Snelson@dallascounty.org

**ATTORNEYS FOR DALLAS COUNTY,
TEXAS**

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned here by certifies that a true and correct copy of the foregoing has been sent by electronic mail in accordance with the Federal Rules of Civil Procedure, this 30th day of April, 2014 to all counsel of record:

_____*/s/ Chad W. Dunn*_____
Chad W. Dunn

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, JANE HAMILTON, SERGIO DELEON, FLOYD J. CARRIER, ANNA BURNS, MICHAEL MONTEZ, PENNY POPE, OSCAR ORTIZ, KOBY OZIAS, JOHN MELLOR-CRUMLEY, PEGGY HERMAN, EVELYN BRICKNER, GORDON BENJAMIN, KEN GANDY, LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), AND DALLAS COUNTY, TEXAS<br>　　　*Plaintiffs,*<br><br>v.<br><br>RICK PERRY, Governor of Texas; and JOHN STEEN, Texas Secretary of State,<br>　　　*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**CIVIL ACTION NO.
2:13-CV-193 (NGR)
[Lead case]**

UNITED STATES OF AMERICA,
　　　*Plaintiff,*

TEXAS LEAGUE OF YOUNG VOTERS
EDUCATION FUND, IMANI CLARK, AURICA
WASHINGTON, CRYSTAL OWENS, AND
MICHELLE BESSIAKE,
　　　*Plaintiff-Intervenors,*

TEXAS ASSOCIATION OF HISPANIC COUNTY
JUDGES AND COUNTY COMMISSIONERS,
HIDALGO COUNTY AND MARIA LONGORIA
BENAVIDES,
　　　*Plaintiff-Intervenors,*

v.

STATE OF TEXAS, JOHN STEEN, in his official
capacity as the Texas Secretary of State, and
STEVE McCRAW, in his official capacity as
Director of the Texas Department of Public Safety,
　　　*Defendants.*

**CIVIL ACTION NO.
2:13-CV-263 (NGR)
[Consolidated Case]**

TEXAS STATE CONFERENCE OF NAACP
BRANCHES; and the MEXICAN AMERICAN

| | | |
|---|---|---|
| **LEGISLATIVE CAUCUS OF THE TEXAS** | § | |
| **HOUSE OF REPRESENTATIVES,** | § | |
| *Plaintiffs,* | § | **CIVIL ACTION NO.** |
| | § | **2:13-CV-291 (NGR)** |
| **v.** | § | **[Consolidated Case]** |
| | § | |
| **JOHN STEEN, in his official capacity as Secretary** | § | |
| **of State of Texas; and STEVE McCRAW, in his** | § | |
| **official capacity as Director of the Texas** | § | |
| **Department of Public Safety,** | § | |
| *Defendants.* | § | |
| | § | |

| | | |
|---|---|---|
| **BELINDA ORTIZ, LENARD TAYLOR, EULALIO** | § | |
| **MENDEZ JR., LIONEL ESTRADA; ESTELA** | § | |
| **GARCIA ESPINOSA; ROXANNE HERNANDEZ,** | § | |
| **LYDIA LARA, MARGARITO MARTINEZ LARA,** | § | |
| **MAXIMA MARTINEZ LARA, and** *LA UNION* | § | |
| *DEL PUBELR ENTERO, INC.*, | § | **CIVIL ACTION NO.** |
| *Plaintiffs,* | § | **2:13-CV-348 (NGR)** |
| | § | **[Consolidated Case]** |
| **v.** | § | |
| | § | |
| **STATE OF TEXAS; JOHN STEEN, in his official** | § | |
| **capacity as Texas Secretary of State, and STEVE** | § | |
| **McCRAW, in his official capacity as Director of the** | § | |
| **Texas Department of Public Safety,** | § | |
| *Defendants.* | § | |
| | § | |

## PLAINTIFF, EVELYN BRICKNER'S, RESPONSE TO
## DEFENDANTS' FIRST INTERROGATORY

**TO: Defendants State of Texas, Rick Perry, the Texas Secretary of State, and Steve McCraw by and through their attorney, John Scott, Deputy Attorney for Civil Litigation, Office of the Attorney General,  via first class mail, return receipt requested to 209 West 14th Street, P.O. Box 12548, Austin, TX 70711-2548**

COMES NOW Plaintiff, EVELYN BRICKNER, pursuant to Fed.R.Civ.P. 34, and

submits her response to Defendants' First Request for Interrogatory.

## OBJECTIONS TO DEFINITIONS

1.     Plaintiff objects to the definition of the term "Electronically Stored Information" on the grounds that the definition is overly broad and unduly burdensome. Plaintiff further objects to this definition to the extent that it seeks information not in Plaintiff's possession, custody, or control.   Accordingly, Plaintiff interprets the term "Electronically Stored Information" as synonymous in meaning and equal in scope to the usage of the term "electronically stored information" in Rule 34 of the Federal Rules of Civil Procedure.

2.     Plaintiff objects to the definition of the term "document" on grounds that the definition is overly broad and unduly burdensome.  Plaintiff further objects to this definition to the extent that it seeks information not in Plaintiff's possession, custody, or control.  Plaintiff interprets the term "document" as synonymous in meaning and equal in scope to the usage of the term "document" in Rule 34 of the Federal Rules of Civil Procedure.

3.     Plaintiff objects to the definition of "you and your" on grounds that the definition is overly broad and unduly burdensome.   Plaintiff further objects to this definition to the extent that it includes within the definition individuals who are not parties to this litigation.  Plaintiff interprets for purposes of these document requests "you and your" to respectively refer to any individual.

## INTERROGATORY NO. 1:

Please identify and describe in detail all facts that support your claim that SB 14, as enacted by the State of Texas' 82nd Legislature, was enacted with a discriminatory purpose and intent. This interrogatory includes a request to identify any documents or tangible things you intend to rely on at trial which have not been, or will not be, produced in response to any Request for Production propounded on you or any other party by Defendants.

## OBJECTIONS

1.      Plaintiff objects to Defendants' First Interrogatory to the extent it seeks information or the disclosure of information which is protected by any privilege or immunity including the attorney-client privilege, work product doctrine, common interest privilege or any other statutory or common law privilege.  Plaintiff reserves the right to withhold such information.  Any inadvertent disclosure of such privileged or otherwise protected information shall not be deemed a waiver of any privilege or work product immunity.  The Clawback Order entered in this matter on November 4, 2013 governs any such disclosure.  See Agreement Concerning Production Format, ECF No. 61-6.

2.      Plaintiff objects to Defendants' First Interrogatory to the extent Defendants attempt or purport to impose greater or different obligations in discovery than are required by the Federal Rules of Civil Procedure or the Local Rules of this Court.

3.      Plaintiff objects to Defendants' First Interrogatory to the extent Defendants seek information that calls for a legal conclusion.

4.      Plaintiff objects to Defendants' First Interrogatory on the grounds that it is vague, ambiguous, and makes responding impossible without speculation.

5.      Plaintiff objects to Defendants' First Interrogatory to the extent that it seeks

information not within Plaintiff's possession, custody or control.

6.      Plaintiff objects to Defendants' First Interrogatory to the extent that it is premature at this stage of discovery.  For example, but not limited to, the identification of documents to be produced at trial is governed by the Court's scheduling order.

7.      Plaintiff's consent herein to respond to Defendants' First Interrogatory shall not be construed as an admission by Plaintiff that such information, in fact, exists or that such information, if it exists, is in Plaintiff's possession, custody or control.

8.      Plaintiff responds solely for the purpose of and in relation to this action. Plaintiff's Response to Defendants' First Interrogatory is made subject to any and all objections to competence, relevance, materiality, and admissibility that would require the exclusion at the time of trial of any statement and/or document produced in response to the First Interrogatory.  Plaintiff reserves the right to interpose such objections at the time of trial, if any.

9.      Plaintiff reserves the right to amend, revise or supplement its responses at any time prior to trial or otherwise permitted by applicable law or under the Court's Scheduling Order.

10.     To the extent Plaintiff's response to the Defendants' First Interrogatory requires the disclosure of protected material, including but not limited to confidential information or any information implicating privacy interests, Plaintiff's response shall be subject to the Consent Protective Order entered in this matter on December 5, 2013, ECF No. 105, or any subsequent revisions to the Protective Order agreed upon by the parties. Plaintiff further objects to the extent Defendants' First Interrogatory seeks confidential or

personal information of a third party, the disclosure of which is not permitted by reason of privacy laws or other binding legal obligation.

11.     Plaintiff objects to Defendants' First Interrogatory to the extent that it seeks documents that are neither relevant to the issues in this dispute nor reasonably calculated to lead to the discovery of admissible evidence.  To the extent Plaintiff identifies documents in response to the Interrogatory, Plaintiff does not concede that the documents are admissible in evidence or relevant to this action.

12.     Plaintiff objects to Defendants' First Interrogatory as vague, ambiguous, overly broad, and unduly burdensome.  Plaintiff's response is with respect to the time period from January 1, 2012 to the present, unless otherwise indicated.

13.     Plaintiff objects to Defendants' First Interrogatory insofar as it seeks identification of documents that are unreasonably cumulative or duplicative, already in the possession of Defendants, primarily or exclusively within Defendants' knowledge or control, or obtainable from some other source that is less burdensome or less expensive. Plaintiff objects to Defendants' First Interrogatory to the extent it seeks identification of documents beyond those in Plaintiff's possession, custody, or control.

14.     Plaintiff objects to Defendants' First Interrogatory to the extent that it is unclear, ambiguous, overly broad, or unduly burdensome.

15.     Plaintiff objects to Defendants' First Interrogatory requesting "all," "each," or "any" identification of documents and/or facts on grounds that such requests are overly broad and unduly burdensome, seek irrelevant information, and seek to impose obligations beyond those imposed by law.  Plaintiff will construe the terms of the

Interrogatory to request that they use reasonable diligence to identify responsive non-privileged documents, based on examination of those sources that may reasonably be expected to yield such documents and of course Plaintiff reserves the right to continue to supplement these responses to the extent additional documents are located.

16.    Plaintiff objects to this First Interrogatory as harassing and burdensome. The above objections, and those made by other parties, are incorporated by reference herein. Dallas County further objects to this Interrogatory as a premature contention interrogatory that seeks a comprehensive identification of relevant facts before the close of discovery. *See* Fed. R. Civ. P. 33(a)(2); *Wallace v. GEO Grp., Inc.*, No. 2:12-cv-2745, 2013 WL 6490320, at *3 (W.D. La. Dec. 10, 2013); *Brassell v. Turner*, No. 3:05-cv-476, 2006 WL 1806465, at *3 (S.D. Miss. June 29, 2006). Furthermore, the discriminatory purpose underlying SB 14 is described in substantial detail in the Private Plaintiffs and United States' Responses in Opposition to Defendants' Motion to Dismiss  filed in this case(ECF. No. 92); the Defendant-Intervenors' and U.S.'s Proposed Findings of Fact in *Texas v. Holder*, No. 1:12-CV-00128 (D.D.C. June 25, 2012) (ECF. No. 223); the expert report and supplemental expert reports of all expert witnesses produced in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the depositions taken in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the exhibits entered into evidence in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the transcript of the trial conducted in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the findings of fact and opinion of the court in *Texas v. Holder*, 888 F. Supp. 2d 113, 138, 144 (D.D.C. 2012), *vacated*, 133 S. Ct. 2886 (2013)); the materials included in the Private Plaintiffs' and United States' Initial Disclosures. All of the aforementioned

documents are in Defendants' possession.

Additionally, please see the voluminous emails and other documents generated by Texas State Legislators and/or their respective staff members relating to various Texas' efforts to legislatively enact a photo ID bill in the legislative sessions of 2007, 2009, 2011 and 2013.  Additionally, please see Attorney General, Greg Abbott's announcement that Senate Bill 14 would be immediately implemented, which was issued on or about June 25th, 2014, the same day that the United States Supreme Court issued its opinion in *Shelby County v. Holder*.

Plaintiff's counsel reserves the right to supplement this Interrogatory answer and specifically directs Defendants' attention to the deposition of Keith Ingram completed on April 23rd, 2014, which was the first deposition completed in this case.  As Defendant knows there will be many depositions completed in this case that will contain information responsive to this interrogatory and many expert reports produced, which will also contain information responsive to this interrogatory, all of which are incorporated by reference in Plaintiff's response to this Interrogatory.

Dated this 30th day of April, 2014.

Respectfully submitted,

**BRAZIL & DUNN LLP**


_____ /s/ Chad W. Dunn_____
Chad W. Dunn
TBN 24036507; Fed. I.D. No. 33467
K. Scott Brazil
TBN 02934050; Fed. I.D. No. 2585
4201 Cypress Creek Parkway, Suite 530
Houston, Texas 77068
Telephone: (281) 580-6310
Facsimile: (281) 580-6362
E-Mail: chad@brazilanddunn.com
E-Mail: scott@brazilanddunn.com

Neil G. Baron
State Bar No.: 017970180
Law Office of Neil G. Baron
914 FM 517 W., Ste. 242
Dickinson, Texas  77539
281/534-2748 – Main
281/534-4309 – Fax
neil@ngbaronlaw.com – E-mail

J. Gerald Hebert
District of Columbia State Bar No.: 447676
Campaign Legal Center
215 E. Street, NE
Washington, DC  20002
202/736-2200, ext. 12 – Main
202/736-2222 – Fax
ghebert@campaignlegalcenter.org – E-mail

David Richards
State Bar No.: 16846000
Richards, Rodriguez & Skeith, LLP
816 Congress Avenue, Ste. 1200
Austin, Texas  78701
512/476-0005 – Main
512/476-1513 – Fax

daverichards@june.com – E-mail

Armand G. Derfner
Derfner, Altman & Wilborn, LLC
P.O. Box 600
Charleston, S.C.  29402
843/723-9804 – Main
aderfner@dawlegal.com – E-mail

**ATTORNEYS FOR PLAINTIFFS**

Craig M. Watkins
Dallas County District Attorney
State Bar No. 00791886
Teresa G. Snelson
Chief, Civil Division
Dallas County District Attorney's Office
State Bar. No. 08577250
411 Elm Street, 5th Floor
Dallas, TX 75202-4606
Telephone (214) 653-7358
Facsimile (214) 653-6134
Teresa.Snelson@dallascounty.org

**ATTORNEYS FOR DALLAS COUNTY,
TEXAS**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned here by certifies that a true and correct copy of the foregoing has been sent by electronic mail in accordance with the Federal Rules of Civil Procedure, this 30th day of April, 2014 to all counsel of record:

_____*/s/ Chad W. Dunn*_____
Chad W. Dunn

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| **MARC VEASEY, JANE HAMILTON, SERGIO DELEON, FLOYD J. CARRIER, ANNA BURNS, MICHAEL MONTEZ, PENNY POPE, OSCAR ORTIZ, KOBY OZIAS, JOHN MELLOR-CRUMLEY, PEGGY HERMAN, EVELYN BRICKNER, GORDON BENJAMIN, KEN GANDY, LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), AND DALLAS COUNTY, TEXAS** *Plaintiffs,* <br><br> v. <br><br> **RICK PERRY, Governor of Texas; and JOHN STEEN, Texas Secretary of State,** *Defendants.* | § § § § § § § § § § § § § § § § § § § § § |

**CIVIL ACTION NO. 2:13-CV-193 (NGR) [Lead case]**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *Plaintiff,* <br><br> **TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, IMANI CLARK, AURICA WASHINGTON, CRYSTAL OWENS, AND MICHELLE BESSIAKE,** *Plaintiff-Intervenors,* <br><br> **TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, HIDALGO COUNTY AND MARIA LONGORIA BENAVIDES,** *Plaintiff-Intervenors,* <br><br> v. <br><br> **STATE OF TEXAS, JOHN STEEN, in his official capacity as the Texas Secretary of State, and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety,** *Defendants.* | § § § § § § § § § § § § § § § § § § § § § § § § § |

**CIVIL ACTION NO. 2:13-CV-263 (NGR) [Consolidated Case]**

**TEXAS STATE CONFERENCE OF NAACP BRANCHES; and the MEXICAN AMERICAN**

*Plaintiff, Floyd Carrier's, Response to Defendants' First Interrogatory – Page 1 of 10*

| | | |
|---|---|---|
| LEGISLATIVE CAUCUS OF THE TEXAS | § | |
| HOUSE OF REPRESENTATIVES, | § | |
| *Plaintiffs,* | § | CIVIL ACTION NO. |
| | § | 2:13-CV-291 (NGR) |
| v. | § | [Consolidated Case] |
| | § | |
| JOHN STEEN, in his official capacity as Secretary | § | |
| of State of Texas; and STEVE McCRAW, in his | § | |
| official capacity as Director of the Texas | § | |
| Department of Public Safety, | § | |
| *Defendants.* | § | |
| | § | |
| | § | |
| | § | |
| BELINDA ORTIZ, LENARD TAYLOR, EULALIO | § | |
| MENDEZ JR., LIONEL ESTRADA; ESTELA | § | |
| GARCIA ESPINOSA; ROXANNE HERNANDEZ, | § | |
| LYDIA LARA, MARGARITO MARTINEZ LARA, | § | |
| MAXIMA MARTINEZ LARA, and *LA UNION* | § | |
| *DEL PUEBLR ENTERO, INC.*, | § | CIVIL ACTION NO. |
| *Plaintiffs,* | § | 2:13-CV-348 (NGR) |
| | § | [Consolidated Case] |
| v. | § | |
| | § | |
| STATE OF TEXAS; JOHN STEEN, in his official | § | |
| capacity as Texas Secretary of State, and STEVE | § | |
| McCRAW, in his official capacity as Director of the | § | |
| Texas Department of Public Safety, | § | |
| *Defendants.* | § | |
| | § | |

## PLAINTIFF, FLOYD CARRIER'S, RESPONSE TO
## DEFENDANTS' FIRST INTERROGATORY

TO: Defendants State of Texas, Rick Perry, the Texas Secretary of State, and Steve McCraw by and through their attorney, John Scott, Deputy Attorney for Civil Litigation, Office of the Attorney General,  via first class mail, return receipt requested to 209 West 14th Street, P.O. Box 12548, Austin, TX 70711-2548

COMES NOW Plaintiff, FLOYD CARRIER, pursuant to Fed.R.Civ.P. 34, and submits his response to Defendants' First Request for Interrogatory.

## OBJECTIONS TO DEFINITIONS

1.      Plaintiff objects to the definition of the term "Electronically Stored Information" on the grounds that the definition is overly broad and unduly burdensome. Plaintiff further objects to this definition to the extent that it seeks information not in Plaintiff's possession, custody, or control.   Accordingly, Plaintiff interprets the term "Electronically Stored Information" as synonymous in meaning and equal in scope to the usage of the term "electronically stored information" in Rule 34 of the Federal Rules of Civil Procedure.

2.      Plaintiff objects to the definition of the term "document" on grounds that the definition is overly broad and unduly burdensome.  Plaintiff further objects to this definition to the extent that it seeks information not in Plaintiff's possession, custody, or control.  Plaintiff interprets the term "document" as synonymous in meaning and equal in scope to the usage of the term "document" in Rule 34 of the Federal Rules of Civil Procedure.

3.      Plaintiff objects to the definition of "you and your" on grounds that the definition is overly broad and unduly burdensome.   Plaintiff further objects to this definition to the extent that it includes within the definition individuals who are not parties to this litigation.  Plaintiff interprets for purposes of these document requests "you and your" to respectively refer to any individual.

**INTERROGATORY NO. 1:**

Please identify and describe in detail all facts that support your claim that SB 14, as enacted by the State of Texas' 82nd Legislature, was enacted with a discriminatory purpose and intent. This interrogatory includes a request to identify any documents or tangible things you intend to rely on at trial which have not been, or will not be, produced in response to any Request for Production propounded on you or any other party by Defendants.

## OBJECTIONS

1.     Plaintiff objects to Defendants' First Interrogatory to the extent it seeks information or the disclosure of information which is protected by any privilege or immunity including the attorney-client privilege, work product doctrine, common interest privilege or any other statutory or common law privilege.  Plaintiff reserves the right to withhold such information.  Any inadvertent disclosure of such privileged or otherwise protected information shall not be deemed a waiver of any privilege or work product immunity.  The Clawback Order entered in this matter on November 4, 2013 governs any such disclosure.  See Agreement Concerning Production Format, ECF No. 61-6.

2.     Plaintiff objects to Defendants' First Interrogatory to the extent Defendants attempt or purport to impose greater or different obligations in discovery than are required by the Federal Rules of Civil Procedure or the Local Rules of this Court.

3.     Plaintiff objects to Defendants' First Interrogatory to the extent Defendants seek information that calls for a legal conclusion.

4.     Plaintiff objects to Defendants' First Interrogatory on the grounds that it is vague, ambiguous, and makes responding impossible without speculation.

5.     Plaintiff objects to Defendants' First Interrogatory to the extent that it seeks

information not within Plaintiff's possession, custody or control.

6.      Plaintiff objects to Defendants' First Interrogatory to the extent that it is premature at this stage of discovery.  For example, but not limited to, the identification of documents to be produced at trial is governed by the Court's scheduling order.

7.      Plaintiff's consent herein to respond to Defendants' First Interrogatory shall not be construed as an admission by Plaintiff that such information, in fact, exists or that such information, if it exists, is in Plaintiff's possession, custody or control.

8.      Plaintiff responds solely for the purpose of and in relation to this action. Plaintiff's Response to Defendants' First Interrogatory is made subject to any and all objections to competence, relevance, materiality, and admissibility that would require the exclusion at the time of trial of any statement and/or document produced in response to the First Interrogatory.  Plaintiff reserves the right to interpose such objections at the time of trial, if any.

9.      Plaintiff reserves the right to amend, revise or supplement its responses at any time prior to trial or otherwise permitted by applicable law or under the Court's Scheduling Order.

10.     To the extent Plaintiff's response to the Defendants' First Interrogatory requires the disclosure of protected material, including but not limited to confidential information or any information implicating privacy interests, Plaintiff's response shall be subject to the Consent Protective Order entered in this matter on December 5, 2013, ECF No. 105, or any subsequent revisions to the Protective Order agreed upon by the parties. Plaintiff further objects to the extent Defendants' First Interrogatory seeks confidential or

personal information of a third party, the disclosure of which is not permitted by reason of privacy laws or other binding legal obligation.

11.     Plaintiff objects to Defendants' First Interrogatory to the extent that it seeks documents that are neither relevant to the issues in this dispute nor reasonably calculated to lead to the discovery of admissible evidence.   To the extent Plaintiff identifies documents in response to the Interrogatory, Plaintiff does not concede that the documents are admissible in evidence or relevant to this action.

12.     Plaintiff objects to Defendants' First Interrogatory as vague, ambiguous, overly broad, and unduly burdensome.  Plaintiff's response is with respect to the time period from January 1, 2012 to the present, unless otherwise indicated.

13.     Plaintiff objects to Defendants' First Interrogatory insofar as it seeks identification of documents that are unreasonably cumulative or duplicative, already in the possession of Defendants, primarily or exclusively within Defendants' knowledge or control, or obtainable from some other source that is less burdensome or less expensive. Plaintiff objects to Defendants' First Interrogatory to the extent it seeks identification of documents beyond those in Plaintiff's possession, custody, or control.

14.     Plaintiff objects to Defendants' First Interrogatory to the extent that it is unclear, ambiguous, overly broad, or unduly burdensome.

15.     Plaintiff objects to Defendants' First Interrogatory requesting "all," "each," or "any" identification of documents and/or facts on grounds that such requests are overly broad and unduly burdensome, seek irrelevant information, and seek to impose obligations beyond those imposed by law.   Plaintiff will construe the terms of the

Interrogatory to request that they use reasonable diligence to identify responsive non-privileged documents, based on examination of those sources that may reasonably be expected to yield such documents and of course Plaintiff reserves the right to continue to supplement these responses to the extent additional documents are located.

16.     Plaintiff objects to this First Interrogatory as harassing and burdensome. The above objections, and those made by other parties, are incorporated by reference herein. Dallas County further objects to this Interrogatory as a premature contention interrogatory that seeks a comprehensive identification of relevant facts before the close of discovery. *See* Fed. R. Civ. P. 33(a)(2); *Wallace v. GEO Grp., Inc.*, No. 2:12-cv-2745, 2013 WL 6490320, at *3 (W.D. La. Dec. 10, 2013); *Brassell v. Turner*, No. 3:05-cv-476, 2006 WL 1806465, at *3 (S.D. Miss. June 29, 2006). Furthermore, the discriminatory purpose underlying SB 14 is described in substantial detail in the Private Plaintiffs and United States' Responses in Opposition to Defendants' Motion to Dismiss filed in this case(ECF. No. 92); the Defendant-Intervenors' and U.S.'s Proposed Findings of Fact in *Texas v. Holder*, No. 1:12-CV-00128 (D.D.C. June 25, 2012) (ECF. No. 223); the expert report and supplemental expert reports of all expert witnesses produced in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the depositions taken in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the exhibits entered into evidence in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the transcript of the trial conducted in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the findings of fact and opinion of the court in *Texas v. Holder*, 888 F. Supp. 2d 113, 138, 144 (D.D.C. 2012), *vacated*, 133 S. Ct. 2886 (2013)); the materials included in the Private Plaintiffs' and United States' Initial Disclosures. All of the aforementioned

documents are in Defendants' possession.

Additionally, please see the voluminous emails and other documents generated by Texas State Legislators and/or their respective staff members relating to various Texas' efforts to legislatively enact a photo ID bill in the legislative sessions of 2007, 2009, 2011 and 2013.  Additionally, please see Attorney General, Greg Abbott's announcement that Senate Bill 14 would be immediately implemented, which was issued on or about June 25th, 2014, the same day that the United States Supreme Court issued its opinion in *Shelby County v. Holder*.

Plaintiff's counsel reserves the right to supplement this Interrogatory answer and specifically directs Defendants' attention to the deposition of Keith Ingram completed on April 23rd, 2014, which was the first deposition completed in this case.  As Defendant knows there will be many depositions completed in this case that will contain information responsive to this interrogatory and many expert reports produced, which will also contain information responsive to this interrogatory, all of which are incorporated by reference in Plaintiff's response to this Interrogatory.

Dated this 30th day of April, 2014.

*Plaintiff, Floyd Carrier's, Response to Defendants' First Interrogatory – Page 8 of 10*

Respectfully submitted,

**BRAZIL & DUNN LLP**


_____/s/ Chad W. Dunn_____
Chad W. Dunn
TBN 24036507; Fed. I.D. No. 33467
K. Scott Brazil
TBN 02934050; Fed. I.D. No. 2585
4201 Cypress Creek Parkway, Suite 530
Houston, Texas 77068
Telephone: (281) 580-6310
Facsimile: (281) 580-6362
E-Mail: chad@brazilanddunn.com
E-Mail: scott@brazilanddunn.com

Neil G. Baron
State Bar No.: 017970180
Law Office of Neil G. Baron
914 FM 517 W., Ste. 242
Dickinson, Texas  77539
281/534-2748 – Main
281/534-4309 – Fax
neil@ngbaronlaw.com – E-mail

J. Gerald Hebert
District of Columbia State Bar No.: 447676
Campaign Legal Center
215 E. Street, NE
Washington, DC  20002
202/736-2200, ext. 12 – Main
202/736-2222 – Fax
ghebert@campaignlegalcenter.org – E-mail

David Richards
State Bar No.: 16846000
Richards, Rodriguez & Skeith, LLP
816 Congress Avenue, Ste. 1200
Austin, Texas  78701
512/476-0005 – Main
512/476-1513 – Fax

daverichards@june.com – E-mail

Armand G. Derfner
Derfner, Altman & Wilborn, LLC
P.O. Box 600
Charleston, S.C.  29402
843/723-9804 – Main
aderfner@dawlegal.com – E-mail

**ATTORNEYS FOR PLAINTIFFS**

Craig M. Watkins
Dallas County District Attorney
State Bar No. 00791886
Teresa G. Snelson
Chief, Civil Division
Dallas County District Attorney's Office
State Bar. No. 08577250
411 Elm Street, 5th Floor
Dallas, TX 75202-4606
Telephone (214) 653-7358
Facsimile (214) 653-6134
Teresa.Snelson@dallascounty.org

**ATTORNEYS FOR DALLAS COUNTY, TEXAS**

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned here by certifies that a true and correct copy of the foregoing has been sent by electronic mail in accordance with the Federal Rules of Civil Procedure, this 30th day of April, 2014 to all counsel of record:


_____*/s/ Chad W. Dunn*_____
Chad W. Dunn

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | |
|---|---|
| **MARC VEASEY, JANE HAMILTON, SERGIO DELEON, FLOYD J. CARRIER, ANNA BURNS, MICHAEL MONTEZ, PENNY POPE, OSCAR ORTIZ, KOBY OZIAS, JOHN MELLOR-CRUMLEY, PEGGY HERMAN, EVELYN BRICKNER, GORDON BENJAMIN, KEN GANDY, LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), AND DALLAS COUNTY, TEXAS** §§§§§§§§§§§§ | |
| *Plaintiffs,* | |
| | **CIVIL ACTION NO.** |
| **v.** | **2:13-CV-193 (NGR)** |
| | **[Lead case]** |
| **RICK PERRY, Governor of Texas; and JOHN STEEN, Texas Secretary of State,** | |
| *Defendants.* | |

**UNITED STATES OF AMERICA,**
*Plaintiff,*

**TEXAS LEAGUE OF YOUNG VOTERS
EDUCATION FUND, IMANI CLARK, AURICA
WASHINGTON, CRYSTAL OWENS, AND
MICHELLE BESSIAKE,**
*Plaintiff-Intervenors,*

**TEXAS ASSOCIATION OF HISPANIC COUNTY
JUDGES AND COUNTY COMMISSIONERS,
HIDALGO COUNTY AND MARIA LONGORIA
BENAVIDES,**
*Plaintiff-Intervenors,*

**v.**

**CIVIL ACTION NO.
2:13-CV-263 (NGR)
[Consolidated Case]**

**STATE OF TEXAS, JOHN STEEN, in his official
capacity as the Texas Secretary of State, and
STEVE McCRAW, in his official capacity as
Director of the Texas Department of Public Safety,**
*Defendants.*

**TEXAS STATE CONFERENCE OF NAACP
BRANCHES; and the MEXICAN AMERICAN**

*Plaintiff, Gordon Benjamin's, Response to Defendants' First Interrogatory – Page 1 of 10*

| | | |
|---|---|---|
| **LEGISLATIVE CAUCUS OF THE TEXAS** | § | |
| **HOUSE OF REPRESENTATIVES,** | § | |
| *Plaintiffs,* | § | **CIVIL ACTION NO.** |
| | § | **2:13-CV-291 (NGR)** |
| **v.** | § | **[Consolidated Case]** |
| | § | |
| **JOHN STEEN, in his official capacity as Secretary** | § | |
| **of State of Texas; and STEVE McCRAW, in his** | § | |
| **official capacity as Director of the Texas** | § | |
| **Department of Public Safety,** | § | |
| *Defendants.* | § | |
| | § | |
| | § | |
| **BELINDA ORTIZ, LENARD TAYLOR, EULALIO** | § | |
| **MENDEZ JR., LIONEL ESTRADA; ESTELA** | § | |
| **GARCIA ESPINOSA; ROXANNE HERNANDEZ,** | § | |
| **LYDIA LARA, MARGARITO MARTINEZ LARA,** | § | |
| **MAXIMA MARTINEZ LARA, and *LA UNION*** | § | |
| ***DEL PUBELR ENTERO, INC.,*** | § | **CIVIL ACTION NO.** |
| *Plaintiffs,* | § | **2:13-CV-348 (NGR)** |
| | § | **[Consolidated Case]** |
| **v.** | § | |
| | § | |
| **STATE OF TEXAS; JOHN STEEN, in his official** | § | |
| **capacity as Texas Secretary of State, and STEVE** | § | |
| **McCRAW, in his official capacity as Director of the** | § | |
| **Texas Department of Public Safety,** | § | |
| *Defendants.* | § | |
| | § | |

## PLAINTIFF, GORDON BENJAMIN'S, RESPONSE TO
## DEFENDANTS' FIRST INTERROGATORY

**TO: Defendants State of Texas, Rick Perry, the Texas Secretary of State, and Steve McCraw by and through their attorney, John Scott, Deputy Attorney for Civil Litigation, Office of the Attorney General,  via first class mail, return receipt requested to 209 West 14th Street, P.O. Box 12548, Austin, TX 70711-2548**

COMES NOW Plaintiff, GORDON BENJAMIN, pursuant to Fed.R.Civ.P. 34, and

submits his response to Defendants' First Request for Interrogatory.

## OBJECTIONS TO DEFINITIONS

1. Plaintiff objects to the definition of the term "Electronically Stored Information" on the grounds that the definition is overly broad and unduly burdensome. Plaintiff further objects to this definition to the extent that it seeks information not in Plaintiff's possession, custody, or control. Accordingly, Plaintiff interprets the term "Electronically Stored Information" as synonymous in meaning and equal in scope to the usage of the term "electronically stored information" in Rule 34 of the Federal Rules of Civil Procedure.

2. Plaintiff objects to the definition of the term "document" on grounds that the definition is overly broad and unduly burdensome. Plaintiff further objects to this definition to the extent that it seeks information not in Plaintiff's possession, custody, or control. Plaintiff interprets the term "document" as synonymous in meaning and equal in scope to the usage of the term "document" in Rule 34 of the Federal Rules of Civil Procedure.

3. Plaintiff objects to the definition of "you and your" on grounds that the definition is overly broad and unduly burdensome. Plaintiff further objects to this definition to the extent that it includes within the definition individuals who are not parties to this litigation. Plaintiff interprets for purposes of these document requests "you and your" to respectively refer to any individual.

## INTERROGATORY NO. 1:

Please identify and describe in detail all facts that support your claim that SB 14, as enacted by the State of Texas' 82nd Legislature, was enacted with a discriminatory purpose and intent. This interrogatory includes a request to identify any documents or tangible things you intend to rely on at trial which have not been, or will not be, produced in response to any Request for Production propounded on you or any other party by Defendants.

## OBJECTIONS

1.     Plaintiff objects to Defendants' First Interrogatory to the extent it seeks information or the disclosure of information which is protected by any privilege or immunity including the attorney-client privilege, work product doctrine, common interest privilege or any other statutory or common law privilege.  Plaintiff reserves the right to withhold such information.  Any inadvertent disclosure of such privileged or otherwise protected information shall not be deemed a waiver of any privilege or work product immunity.  The Clawback Order entered in this matter on November 4, 2013 governs any such disclosure.  See Agreement Concerning Production Format, ECF No. 61-6.

2.     Plaintiff objects to Defendants' First Interrogatory to the extent Defendants attempt or purport to impose greater or different obligations in discovery than are required by the Federal Rules of Civil Procedure or the Local Rules of this Court.

3.     Plaintiff objects to Defendants' First Interrogatory to the extent Defendants seek information that calls for a legal conclusion.

4.     Plaintiff objects to Defendants' First Interrogatory on the grounds that it is vague, ambiguous, and makes responding impossible without speculation.

5.     Plaintiff objects to Defendants' First Interrogatory to the extent that it seeks

information not within Plaintiff's possession, custody or control.

6.     Plaintiff objects to Defendants' First Interrogatory to the extent that it is premature at this stage of discovery.  For example, but not limited to, the identification of documents to be produced at trial is governed by the Court's scheduling order.

7.     Plaintiff's consent herein to respond to Defendants' First Interrogatory shall not be construed as an admission by Plaintiff that such information, in fact, exists or that such information, if it exists, is in Plaintiff's possession, custody or control.

8.     Plaintiff responds solely for the purpose of and in relation to this action. Plaintiff's Response to Defendants' First Interrogatory is made subject to any and all objections to competence, relevance, materiality, and admissibility that would require the exclusion at the time of trial of any statement and/or document produced in response to the First Interrogatory.  Plaintiff reserves the right to interpose such objections at the time of trial, if any.

9.     Plaintiff reserves the right to amend, revise or supplement its responses at any time prior to trial or otherwise permitted by applicable law or under the Court's Scheduling Order.

10.     To the extent Plaintiff's response to the Defendants' First Interrogatory requires the disclosure of protected material, including but not limited to confidential information or any information implicating privacy interests, Plaintiff's response shall be subject to the Consent Protective Order entered in this matter on December 5, 2013, ECF No. 105, or any subsequent revisions to the Protective Order agreed upon by the parties. Plaintiff further objects to the extent Defendants' First Interrogatory seeks confidential or

personal information of a third party, the disclosure of which is not permitted by reason of privacy laws or other binding legal obligation.

11.     Plaintiff objects to Defendants' First Interrogatory to the extent that it seeks documents that are neither relevant to the issues in this dispute nor reasonably calculated to lead to the discovery of admissible evidence.   To the extent Plaintiff identifies documents in response to the Interrogatory, Plaintiff does not concede that the documents are admissible in evidence or relevant to this action.

12.     Plaintiff objects to Defendants' First Interrogatory as vague, ambiguous, overly broad, and unduly burdensome.  Plaintiff's response is with respect to the time period from January 1, 2012 to the present, unless otherwise indicated.

13.     Plaintiff objects to Defendants' First Interrogatory insofar as it seeks identification of documents that are unreasonably cumulative or duplicative, already in the possession of Defendants, primarily or exclusively within Defendants' knowledge or control, or obtainable from some other source that is less burdensome or less expensive. Plaintiff objects to Defendants' First Interrogatory to the extent it seeks identification of documents beyond those in Plaintiff's possession, custody, or control.

14.     Plaintiff objects to Defendants' First Interrogatory to the extent that it is unclear, ambiguous, overly broad, or unduly burdensome.

15.     Plaintiff objects to Defendants' First Interrogatory requesting "all," "each," or "any" identification of documents and/or facts on grounds that such requests are overly broad and unduly burdensome, seek irrelevant information, and seek to impose obligations beyond those imposed by law.   Plaintiff will construe the terms of the

Interrogatory to request that they use reasonable diligence to identify responsive non-privileged documents, based on examination of those sources that may reasonably be expected to yield such documents and of course Plaintiff reserves the right to continue to supplement these responses to the extent additional documents are located.

16.     Plaintiff objects to this First Interrogatory as harassing and burdensome. The above objections, and those made by other parties, are incorporated by reference herein. Dallas County further objects to this Interrogatory as a premature contention interrogatory that seeks a comprehensive identification of relevant facts before the close of discovery. *See* Fed. R. Civ. P. 33(a)(2); *Wallace v. GEO Grp., Inc.*, No. 2:12-cv-2745, 2013 WL 6490320, at *3 (W.D. La. Dec. 10, 2013); *Brassell v. Turner*, No. 3:05-cv-476, 2006 WL 1806465, at *3 (S.D. Miss. June 29, 2006). Furthermore, the discriminatory purpose underlying SB 14 is described in substantial detail in the Private Plaintiffs and United States' Responses in Opposition to Defendants' Motion to Dismiss  filed in this case(ECF. No. 92); the Defendant-Intervenors' and U.S.'s Proposed Findings of Fact in *Texas v. Holder*, No. 1:12-CV-00128 (D.D.C. June 25, 2012) (ECF. No. 223); the expert report and supplemental expert reports of all expert witnesses produced in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the depositions taken in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the exhibits entered into evidence in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the transcript of the trial conducted in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the findings of fact and opinion of the court in *Texas v. Holder*, 888 F. Supp. 2d 113, 138, 144 (D.D.C. 2012), *vacated*, 133 S. Ct. 2886 (2013)); the materials included in the Private Plaintiffs' and United States' Initial Disclosures. All of the aforementioned

documents are in Defendants' possession.

Additionally, please see the voluminous emails and other documents generated by Texas State Legislators and/or their respective staff members relating to various Texas' efforts to legislatively enact a photo ID bill in the legislative sessions of 2007, 2009, 2011 and 2013.  Additionally, please see Attorney General, Greg Abbott's announcement that Senate Bill 14 would be immediately implemented, which was issued on or about June 25th, 2014, the same day that the United States Supreme Court issued its opinion in *Shelby County v. Holder*.

Plaintiff's counsel reserves the right to supplement this Interrogatory answer and specifically directs Defendants' attention to the deposition of Keith Ingram completed on April 23rd, 2014, which was the first deposition completed in this case.  As Defendant knows there will be many depositions completed in this case that will contain information responsive to this interrogatory and many expert reports produced, which will also contain information responsive to this interrogatory, all of which are incorporated by reference in Plaintiff's response to this Interrogatory.

Dated this 30th day of April, 2014.

Respectfully submitted,

**BRAZIL & DUNN LLP**

_____/s/ Chad W. Dunn_____
Chad W. Dunn
TBN 24036507; Fed. I.D. No. 33467
K. Scott Brazil
TBN 02934050; Fed. I.D. No. 2585
4201 Cypress Creek Parkway, Suite 530
Houston, Texas 77068
Telephone: (281) 580-6310
Facsimile: (281) 580-6362
E-Mail: chad@brazilanddunn.com
E-Mail: scott@brazilanddunn.com

Neil G. Baron
State Bar No.: 017970180
Law Office of Neil G. Baron
914 FM 517 W., Ste. 242
Dickinson, Texas  77539
281/534-2748 – Main
281/534-4309 – Fax
neil@ngbaronlaw.com – E-mail

J. Gerald Hebert
District of Columbia State Bar No.: 447676
Campaign Legal Center
215 E. Street, NE
Washington, DC  20002
202/736-2200, ext. 12 – Main
202/736-2222 – Fax
ghebert@campaignlegalcenter.org – E-mail

David Richards
State Bar No.: 16846000
Richards, Rodriguez & Skeith, LLP
816 Congress Avenue, Ste. 1200
Austin, Texas  78701
512/476-0005 – Main
512/476-1513 – Fax

daverichards@june.com – E-mail

Armand G. Derfner
Derfner, Altman & Wilborn, LLC
P.O. Box 600
Charleston, S.C.  29402
843/723-9804 – Main
aderfner@dawlegal.com – E-mail

**ATTORNEYS FOR PLAINTIFFS**

Craig M. Watkins
Dallas County District Attorney
State Bar No. 00791886
Teresa G. Snelson
Chief, Civil Division
Dallas County District Attorney's Office
State Bar. No. 08577250
411 Elm Street, 5th Floor
Dallas, TX 75202-4606
Telephone (214) 653-7358
Facsimile (214) 653-6134
Teresa.Snelson@dallascounty.org

**ATTORNEYS FOR DALLAS COUNTY,
TEXAS**


## CERTIFICATE OF SERVICE

The undersigned here by certifies that a true and correct copy of the foregoing has been sent by electronic mail in accordance with the Federal Rules of Civil Procedure, this 30th day of April, 2014 to all counsel of record:


_____*/s/ Chad W. Dunn*_____
Chad W. Dunn

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | |
|---|---|
| **MARC VEASEY, JANE HAMILTON, SERGIO DELEON, FLOYD J. CARRIER, ANNA BURNS, MICHAEL MONTEZ, PENNY POPE, OSCAR ORTIZ, KOBY OZIAS, JOHN MELLOR-CRUMLEY, PEGGY HERMAN, EVELYN BRICKNER, GORDON BENJAMIN, KEN GANDY, LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), AND DALLAS COUNTY, TEXAS** §<br>        *Plaintiffs,* §<br> §<br> §<br>**v.** §<br> §<br>**RICK PERRY, Governor of Texas; and JOHN STEEN, Texas Secretary of State,** §<br>        *Defendants.* §<br> §<br> §<br>**UNITED STATES OF AMERICA,** §<br>        *Plaintiff,* §<br> §<br>**TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, IMANI CLARK, AURICA WASHINGTON, CRYSTAL OWENS, AND MICHELLE BESSIAKE,** §<br>        *Plaintiff-Intervenors,* §<br> §<br>**TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, HIDALGO COUNTY AND MARIA LONGORIA BENAVIDES,** §<br>        *Plaintiff-Intervenors,* §<br> §<br>**v.** §<br> §<br>**STATE OF TEXAS, JOHN STEEN, in his official capacity as the Texas Secretary of State, and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety,** §<br>        *Defendants.* §<br> §<br>**TEXAS STATE CONFERENCE OF NAACP BRANCHES; and the MEXICAN AMERICAN** | **CIVIL ACTION NO. 2:13-CV-193 (NGR) [Lead case]**<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**CIVIL ACTION NO. 2:13-CV-263 (NGR) [Consolidated Case]** |

| | | |
|---|---|---|
| **LEGISLATIVE CAUCUS OF THE TEXAS** | § | |
| **HOUSE OF REPRESENTATIVES,** | § | |
| *Plaintiffs,* | § | **CIVIL ACTION NO.** |
| | § | **2:13-CV-291 (NGR)** |
| **v.** | § | **[Consolidated Case]** |
| | § | |
| **JOHN STEEN, in his official capacity as Secretary** | § | |
| **of State of Texas; and STEVE McCRAW, in his** | § | |
| **official capacity as Director of the Texas** | § | |
| **Department of Public Safety,** | § | |
| *Defendants.* | § | |
| | § | |
| | § | |
| | § | |
| **BELINDA ORTIZ, LENARD TAYLOR, EULALIO** | § | |
| **MENDEZ JR., LIONEL ESTRADA; ESTELA** | § | |
| **GARCIA ESPINOSA; ROXANNE HERNANDEZ,** | § | |
| **LYDIA LARA, MARGARITO MARTINEZ LARA,** | § | |
| **MAXIMA MARTINEZ LARA, and *LA UNION*** | § | |
| ***DEL PUEBLR ENTERO, INC.*,** | § | **CIVIL ACTION NO.** |
| *Plaintiffs,* | § | **2:13-CV-348 (NGR)** |
| | § | **[Consolidated Case]** |
| **v.** | § | |
| | § | |
| **STATE OF TEXAS; JOHN STEEN, in his official** | § | |
| **capacity as Texas Secretary of State, and STEVE** | § | |
| **McCRAW, in his official capacity as Director of the** | § | |
| **Texas Department of Public Safety,** | § | |
| *Defendants.* | § | |
| | § | |

## PLAINTIFF, JANE HAMILTON'S, RESPONSE TO
## DEFENDANTS' FIRST INTERROGATORY

**TO: Defendants State of Texas, Rick Perry, the Texas Secretary of State, and Steve McCraw by and through their attorney, John Scott, Deputy Attorney for Civil Litigation, Office of the Attorney General,  via first class mail, return receipt requested to 209 West 14th Street, P.O. Box 12548, Austin, TX 70711-2548**

        COMES NOW Plaintiff, JANE HAMILTON, pursuant to Fed.R.Civ.P. 34, and submits

her response to Defendants' First Request for Interrogatory.

## OBJECTIONS TO DEFINITIONS

1.      Plaintiff objects to the definition of the term "Electronically Stored Information" on the grounds that the definition is overly broad and unduly burdensome. Plaintiff further objects to this definition to the extent that it seeks information not in Plaintiff's possession, custody, or control.   Accordingly, Plaintiff interprets the term "Electronically Stored Information" as synonymous in meaning and equal in scope to the usage of the term "electronically stored information" in Rule 34 of the Federal Rules of Civil Procedure.

2.      Plaintiff objects to the definition of the term "document" on grounds that the definition is overly broad and unduly burdensome.  Plaintiff further objects to this definition to the extent that it seeks information not in Plaintiff's possession, custody, or control.  Plaintiff interprets the term "document" as synonymous in meaning and equal in scope to the usage of the term "document" in Rule 34 of the Federal Rules of Civil Procedure.

3.      Plaintiff objects to the definition of "you and your" on grounds that the definition is overly broad and unduly burdensome.   Plaintiff further objects to this definition to the extent that it includes within the definition individuals who are not parties to this litigation.  Plaintiff interprets for purposes of these document requests "you and your" to respectively refer to any individual.

**INTERROGATORY NO. 1:**

Please identify and describe in detail all facts that support your claim that SB 14, as enacted by the State of Texas' 82nd Legislature, was enacted with a discriminatory purpose and intent. This interrogatory includes a request to identify any documents or tangible things you intend to rely on at trial which have not been, or will not be, produced in response to any Request for Production propounded on you or any other party by Defendants.

## OBJECTIONS

1.      Plaintiff objects to Defendants' First Interrogatory to the extent it seeks information or the disclosure of information which is protected by any privilege or immunity including the attorney-client privilege, work product doctrine, common interest privilege or any other statutory or common law privilege.  Plaintiff reserves the right to withhold such information.  Any inadvertent disclosure of such privileged or otherwise protected information shall not be deemed a waiver of any privilege or work product immunity.  The Clawback Order entered in this matter on November 4, 2013 governs any such disclosure.  See Agreement Concerning Production Format, ECF No. 61-6.

2.      Plaintiff objects to Defendants' First Interrogatory to the extent Defendants attempt or purport to impose greater or different obligations in discovery than are required by the Federal Rules of Civil Procedure or the Local Rules of this Court.

3.      Plaintiff objects to Defendants' First Interrogatory to the extent Defendants seek information that calls for a legal conclusion.

4.      Plaintiff objects to Defendants' First Interrogatory on the grounds that it is vague, ambiguous, and makes responding impossible without speculation.

5.      Plaintiff objects to Defendants' First Interrogatory to the extent that it seeks

information not within Plaintiff's possession, custody or control.

6.      Plaintiff objects to Defendants' First Interrogatory to the extent that it is premature at this stage of discovery.  For example, but not limited to, the identification of documents to be produced at trial is governed by the Court's scheduling order.

7.      Plaintiff's consent herein to respond to Defendants' First Interrogatory shall not be construed as an admission by Plaintiff that such information, in fact, exists or that such information, if it exists, is in Plaintiff's possession, custody or control.

8.      Plaintiff responds solely for the purpose of and in relation to this action. Plaintiff's Response to Defendants' First Interrogatory is made subject to any and all objections to competence, relevance, materiality, and admissibility that would require the exclusion at the time of trial of any statement and/or document produced in response to the First Interrogatory.  Plaintiff reserves the right to interpose such objections at the time of trial, if any.

9.      Plaintiff reserves the right to amend, revise or supplement its responses at any time prior to trial or otherwise permitted by applicable law or under the Court's Scheduling Order.

10.      To the extent Plaintiff's response to the Defendants' First Interrogatory requires the disclosure of protected material, including but not limited to confidential information or any information implicating privacy interests, Plaintiff's response shall be subject to the Consent Protective Order entered in this matter on December 5, 2013, ECF No. 105, or any subsequent revisions to the Protective Order agreed upon by the parties. Plaintiff further objects to the extent Defendants' First Interrogatory seeks confidential or

personal information of a third party, the disclosure of which is not permitted by reason of privacy laws or other binding legal obligation.

11.     Plaintiff objects to Defendants' First Interrogatory to the extent that it seeks documents that are neither relevant to the issues in this dispute nor reasonably calculated to lead to the discovery of admissible evidence.   To the extent Plaintiff identifies documents in response to the Interrogatory, Plaintiff does not concede that the documents are admissible in evidence or relevant to this action.

12.     Plaintiff objects to Defendants' First Interrogatory as vague, ambiguous, overly broad, and unduly burdensome.  Plaintiff's response is with respect to the time period from January 1, 2012 to the present, unless otherwise indicated.

13.     Plaintiff objects to Defendants' First Interrogatory insofar as it seeks identification of documents that are unreasonably cumulative or duplicative, already in the possession of Defendants, primarily or exclusively within Defendants' knowledge or control, or obtainable from some other source that is less burdensome or less expensive. Plaintiff objects to Defendants' First Interrogatory to the extent it seeks identification of documents beyond those in Plaintiff's possession, custody, or control.

14.     Plaintiff objects to Defendants' First Interrogatory to the extent that it is unclear, ambiguous, overly broad, or unduly burdensome.

15.     Plaintiff objects to Defendants' First Interrogatory requesting "all," "each," or "any" identification of documents and/or facts on grounds that such requests are overly broad and unduly burdensome, seek irrelevant information, and seek to impose obligations beyond those imposed by law.   Plaintiff will construe the terms of the

Interrogatory to request that they use reasonable diligence to identify responsive non-privileged documents, based on examination of those sources that may reasonably be expected to yield such documents and of course Plaintiff reserves the right to continue to supplement these responses to the extent additional documents are located.

16.     Plaintiff objects to this First Interrogatory as harassing and burdensome. The above objections, and those made by other parties, are incorporated by reference herein. Dallas County further objects to this Interrogatory as a premature contention interrogatory that seeks a comprehensive identification of relevant facts before the close of discovery. *See* Fed. R. Civ. P. 33(a)(2); *Wallace v. GEO Grp., Inc.*, No. 2:12-cv-2745, 2013 WL 6490320, at \*3 (W.D. La. Dec. 10, 2013); *Brassell v. Turner*, No. 3:05-cv-476, 2006 WL 1806465, at \*3 (S.D. Miss. June 29, 2006). Furthermore, the discriminatory purpose underlying SB 14 is described in substantial detail in the Private Plaintiffs and United States' Responses in Opposition to Defendants' Motion to Dismiss  filed in this case(ECF. No. 92); the Defendant-Intervenors' and U.S.'s Proposed Findings of Fact in *Texas v. Holder*, No. 1:12-CV-00128 (D.D.C. June 25, 2012) (ECF. No. 223); the expert report and supplemental expert reports of all expert witnesses produced in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the depositions taken in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the exhibits entered into evidence in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the transcript of the trial conducted in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the findings of fact and opinion of the court in *Texas v. Holder*, 888 F. Supp. 2d 113, 138, 144 (D.D.C. 2012), *vacated*, 133 S. Ct. 2886 (2013)); the materials included in the Private Plaintiffs' and United States' Initial Disclosures. All of the aforementioned

documents are in Defendants' possession.

Additionally, please see the voluminous emails and other documents generated by Texas State Legislators and/or their respective staff members relating to various Texas' efforts to legislatively enact a photo ID bill in the legislative sessions of 2007, 2009, 2011 and 2013.  Additionally, please see Attorney General, Greg Abbott's announcement that Senate Bill 14 would be immediately implemented, which was issued on or about June 25th, 2014, the same day that the United States Supreme Court issued its opinion in *Shelby County v. Holder*.

Plaintiff's counsel reserves the right to supplement this Interrogatory answer and specifically directs Defendants' attention to the deposition of Keith Ingram completed on April 23rd, 2014, which was the first deposition completed in this case.  As Defendant knows there will be many depositions completed in this case that will contain information responsive to this interrogatory and many expert reports produced, which will also contain information responsive to this interrogatory, all of which are incorporated by reference in Plaintiff's response to this Interrogatory.

Dated this 30th day of April, 2014.

*Plaintiff, Jane Hamilton's, Response to Defendants' First Interrogatory – Page 8 of 10*

Respectfully submitted,

**BRAZIL & DUNN LLP**


_____/s/ Chad W. Dunn_____
Chad W. Dunn
TBN 24036507; Fed. I.D. No. 33467
K. Scott Brazil
TBN 02934050; Fed. I.D. No. 2585
4201 Cypress Creek Parkway, Suite 530
Houston, Texas 77068
Telephone: (281) 580-6310
Facsimile: (281) 580-6362
E-Mail: chad@brazilanddunn.com
E-Mail: scott@brazilanddunn.com

Neil G. Baron
State Bar No.: 017970180
Law Office of Neil G. Baron
914 FM 517 W., Ste. 242
Dickinson, Texas  77539
281/534-2748 – Main
281/534-4309 – Fax
neil@ngbaronlaw.com – E-mail

J. Gerald Hebert
District of Columbia State Bar No.: 447676
Campaign Legal Center
215 E. Street, NE
Washington, DC  20002
202/736-2200, ext. 12 – Main
202/736-2222 – Fax
ghebert@campaignlegalcenter.org – E-mail

David Richards
State Bar No.: 16846000
Richards, Rodriguez & Skeith, LLP
816 Congress Avenue, Ste. 1200
Austin, Texas  78701
512/476-0005 – Main
512/476-1513 – Fax

daverichards@june.com – E-mail

Armand G. Derfner
Derfner, Altman & Wilborn, LLC
P.O. Box 600
Charleston, S.C.  29402
843/723-9804 – Main
aderfner@dawlegal.com – E-mail

**ATTORNEYS FOR PLAINTIFFS**

Craig M. Watkins
Dallas County District Attorney
State Bar No. 00791886
Teresa G. Snelson
Chief, Civil Division
Dallas County District Attorney's Office
State Bar. No. 08577250
411 Elm Street, 5th Floor
Dallas, TX 75202-4606
Telephone (214) 653-7358
Facsimile (214) 653-6134
Teresa.Snelson@dallascounty.org

**ATTORNEYS FOR DALLAS COUNTY, TEXAS**

## CERTIFICATE OF SERVICE

The undersigned here by certifies that a true and correct copy of the foregoing has been sent by electronic mail in accordance with the Federal Rules of Civil Procedure, this 30th day of April, 2014 to all counsel of record:

_____/s/ Chad W. Dunn_____
Chad W. Dunn

*Plaintiff, Jane Hamilton's, Response to Defendants' First Interrogatory – Page 10 of 10*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **MARC VEASEY, JANE HAMILTON, SERGIO DELEON, FLOYD J. CARRIER, ANNA BURNS, MICHAEL MONTEZ, PENNY POPE, OSCAR ORTIZ, KOBY OZIAS, JOHN MELLOR-CRUMLEY, PEGGY HERMAN, EVELYN BRICKNER, GORDON BENJAMIN, KEN GANDY, LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), AND DALLAS COUNTY, TEXAS** | § § § § § § § § § § § | |
|    *Plaintiffs,* | § § | |
| | § | **CIVIL ACTION NO.** |
| **v.** | § § | **2:13-CV-193 (NGR)** |
| | § | **[Lead case]** |
| **RICK PERRY, Governor of Texas; and JOHN STEEN, Texas Secretary of State,** | § § | |
|    *Defendants.* | § § | |
| | § § | |
| **UNITED STATES OF AMERICA,** | § § | |
|    *Plaintiff,* | § § | |
| | § | |
| **TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, IMANI CLARK, AURICA WASHINGTON, CRYSTAL OWENS, AND MICHELLE BESSIAKE,** | § § § § § | |
|    *Plaintiff-Intervenors,* | § § | |
| | § | |
| **TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, HIDALGO COUNTY AND MARIA LONGORIA BENAVIDES,** | § § § § | |
|    *Plaintiff-Intervenors,* | § § | **CIVIL ACTION NO.** |
| | § | **2:13-CV-263 (NGR)** |
| **v.** | § § | **[Consolidated Case]** |
| | § | |
| **STATE OF TEXAS, JOHN STEEN, in his official capacity as the Texas Secretary of State, and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety,** | § § § § § | |
|    *Defendants.* | § § | |
| | § § | |
| **TEXAS STATE CONFERENCE OF NAACP BRANCHES; and the MEXICAN AMERICAN** | § § | |

*Plaintiff, John Mellor-Crumley's, Response to Defendants' First Interrogatory – Page 1 of 10*

| | |
|---|---|
| **LEGISLATIVE CAUCUS OF THE TEXAS** § | |
| **HOUSE OF REPRESENTATIVES,** § | |
| *Plaintiffs,* § | **CIVIL ACTION NO.** |
| § | **2:13-CV-291 (NGR)** |
| **v.** § | **[Consolidated Case]** |
| § | |
| **JOHN STEEN, in his official capacity as Secretary** § | |
| **of State of Texas; and STEVE McCRAW, in his** § | |
| **official capacity as Director of the Texas** § | |
| **Department of Public Safety,** § | |
| *Defendants.* § | |
| § | |

| | |
|---|---|
| § | |
| **BELINDA ORTIZ, LENARD TAYLOR, EULALIO** § | |
| **MENDEZ JR., LIONEL ESTRADA; ESTELA** § | |
| **GARCIA ESPINOSA; ROXANNE HERNANDEZ,** § | |
| **LYDIA LARA, MARGARITO MARTINEZ LARA,** § | |
| **MAXIMA MARTINEZ LARA, and** *LA UNION* § | |
| *DEL PUBELR ENTERO, INC.,* § | **CIVIL ACTION NO.** |
| *Plaintiffs,* § | **2:13-CV-348 (NGR)** |
| § | **[Consolidated Case]** |
| **v.** § | |
| § | |
| **STATE OF TEXAS; JOHN STEEN, in his official** § | |
| **capacity as Texas Secretary of State, and STEVE** § | |
| **McCRAW, in his official capacity as Director of the** § | |
| **Texas Department of Public Safety,** § | |
| *Defendants.* § | |
| § | |

## PLAINTIFF, JOHN MELLOR-CRUMLEY'S, RESPONSE TO DEFENDANTS' FIRST INTERROGATORY

**TO: Defendants State of Texas, Rick Perry, the Texas Secretary of State, and Steve McCraw by and through their attorney, John Scott, Deputy Attorney for Civil Litigation, Office of the Attorney General,  via first class mail, return receipt requested to 209 West 14th Street, P.O. Box 12548, Austin, TX 70711-2548**

COMES NOW Plaintiff, JOHN MELLOR-CRUMLEY, pursuant to Fed.R.Civ.P. 34, and

submits his response to Defendants' First Request for Interrogatory.

## OBJECTIONS TO DEFINITIONS

1.      Plaintiff objects to the definition of the term "Electronically Stored Information" on the grounds that the definition is overly broad and unduly burdensome. Plaintiff further objects to this definition to the extent that it seeks information not in Plaintiff's possession, custody, or control.   Accordingly, Plaintiff interprets the term "Electronically Stored Information" as synonymous in meaning and equal in scope to the usage of the term "electronically stored information" in Rule 34 of the Federal Rules of Civil Procedure.

2.      Plaintiff objects to the definition of the term "document" on grounds that the definition is overly broad and unduly burdensome.  Plaintiff further objects to this definition to the extent that it seeks information not in Plaintiff's possession, custody, or control.  Plaintiff interprets the term "document" as synonymous in meaning and equal in scope to the usage of the term "document" in Rule 34 of the Federal Rules of Civil Procedure.

3.      Plaintiff objects to the definition of "you and your" on grounds that the definition is overly broad and unduly burdensome.   Plaintiff further objects to this definition to the extent that it includes within the definition individuals who are not parties to this litigation.  Plaintiff interprets for purposes of these document requests "you and your" to respectively refer to any individual.

## INTERROGATORY NO. 1:

Please identify and describe in detail all facts that support your claim that SB 14, as enacted by the State of Texas' 82nd Legislature, was enacted with a discriminatory purpose and intent. This interrogatory includes a request to identify any documents or tangible things you intend to rely on at trial which have not been, or will not be, produced in response to any Request for Production propounded on you or any other party by Defendants.

## OBJECTIONS

1.      Plaintiff objects to Defendants' First Interrogatory to the extent it seeks information or the disclosure of information which is protected by any privilege or immunity including the attorney-client privilege, work product doctrine, common interest privilege or any other statutory or common law privilege.  Plaintiff reserves the right to withhold such information.  Any inadvertent disclosure of such privileged or otherwise protected information shall not be deemed a waiver of any privilege or work product immunity.  The Clawback Order entered in this matter on November 4, 2013 governs any such disclosure.  See Agreement Concerning Production Format, ECF No. 61-6.

2.      Plaintiff objects to Defendants' First Interrogatory to the extent Defendants attempt or purport to impose greater or different obligations in discovery than are required by the Federal Rules of Civil Procedure or the Local Rules of this Court.

3.      Plaintiff objects to Defendants' First Interrogatory to the extent Defendants seek information that calls for a legal conclusion.

4.      Plaintiff objects to Defendants' First Interrogatory on the grounds that it is vague, ambiguous, and makes responding impossible without speculation.

5.      Plaintiff objects to Defendants' First Interrogatory to the extent that it seeks


information not within Plaintiff's possession, custody or control.

6.      Plaintiff objects to Defendants' First Interrogatory to the extent that it is premature at this stage of discovery.  For example, but not limited to, the identification of documents to be produced at trial is governed by the Court's scheduling order.

7.      Plaintiff's consent herein to respond to Defendants' First Interrogatory shall not be construed as an admission by Plaintiff that such information, in fact, exists or that such information, if it exists, is in Plaintiff's possession, custody or control.

8.      Plaintiff responds solely for the purpose of and in relation to this action. Plaintiff's Response to Defendants' First Interrogatory is made subject to any and all objections to competence, relevance, materiality, and admissibility that would require the exclusion at the time of trial of any statement and/or document produced in response to the First Interrogatory.  Plaintiff reserves the right to interpose such objections at the time of trial, if any.

9.      Plaintiff reserves the right to amend, revise or supplement its responses at any time prior to trial or otherwise permitted by applicable law or under the Court's Scheduling Order.

10.     To the extent Plaintiff's response to the Defendants' First Interrogatory requires the disclosure of protected material, including but not limited to confidential information or any information implicating privacy interests, Plaintiff's response shall be subject to the Consent Protective Order entered in this matter on December 5, 2013, ECF No. 105, or any subsequent revisions to the Protective Order agreed upon by the parties. Plaintiff further objects to the extent Defendants' First Interrogatory seeks confidential or

personal information of a third party, the disclosure of which is not permitted by reason of privacy laws or other binding legal obligation.

11.     Plaintiff objects to Defendants' First Interrogatory to the extent that it seeks documents that are neither relevant to the issues in this dispute nor reasonably calculated to lead to the discovery of admissible evidence.   To the extent Plaintiff identifies documents in response to the Interrogatory, Plaintiff does not concede that the documents are admissible in evidence or relevant to this action.

12.     Plaintiff objects to Defendants' First Interrogatory as vague, ambiguous, overly broad, and unduly burdensome.   Plaintiff's response is with respect to the time period from January 1, 2012 to the present, unless otherwise indicated.

13.     Plaintiff objects to Defendants' First Interrogatory insofar as it seeks identification of documents that are unreasonably cumulative or duplicative, already in the possession of Defendants, primarily or exclusively within Defendants' knowledge or control, or obtainable from some other source that is less burdensome or less expensive. Plaintiff objects to Defendants' First Interrogatory to the extent it seeks identification of documents beyond those in Plaintiff's possession, custody, or control.

14.     Plaintiff objects to Defendants' First Interrogatory to the extent that it is unclear, ambiguous, overly broad, or unduly burdensome.

15.     Plaintiff objects to Defendants' First Interrogatory requesting "all," "each," or "any" identification of documents and/or facts on grounds that such requests are overly broad and unduly burdensome, seek irrelevant information, and seek to impose obligations beyond those imposed by law.   Plaintiff will construe the terms of the

Interrogatory to request that they use reasonable diligence to identify responsive non-privileged documents, based on examination of those sources that may reasonably be expected to yield such documents and of course Plaintiff reserves the right to continue to supplement these responses to the extent additional documents are located.

16.     Plaintiff objects to this First Interrogatory as harassing and burdensome. The above objections, and those made by other parties, are incorporated by reference herein. Dallas County further objects to this Interrogatory as a premature contention interrogatory that seeks a comprehensive identification of relevant facts before the close of discovery. *See* Fed. R. Civ. P. 33(a)(2); *Wallace v. GEO Grp., Inc.*, No. 2:12-cv-2745, 2013 WL 6490320, at *3 (W.D. La. Dec. 10, 2013); *Brassell v. Turner*, No. 3:05-cv-476, 2006 WL 1806465, at *3 (S.D. Miss. June 29, 2006). Furthermore, the discriminatory purpose underlying SB 14 is described in substantial detail in the Private Plaintiffs and United States' Responses in Opposition to Defendants' Motion to Dismiss  filed in this case(ECF. No. 92); the Defendant-Intervenors' and U.S.'s Proposed Findings of Fact in *Texas v. Holder*, No. 1:12-CV-00128 (D.D.C. June 25, 2012) (ECF. No. 223); the expert report and supplemental expert reports of all expert witnesses produced in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the depositions taken in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the exhibits entered into evidence in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the transcript of the trial conducted in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the findings of fact and opinion of the court in *Texas v. Holder*, 888 F. Supp. 2d 113, 138, 144 (D.D.C. 2012), *vacated*, 133 S. Ct. 2886 (2013)); the materials included in the Private Plaintiffs' and United States' Initial Disclosures. All of the aforementioned

documents are in Defendants' possession.

Additionally, please see the voluminous emails and other documents generated by Texas State Legislators and/or their respective staff members relating to various Texas' efforts to legislatively enact a photo ID bill in the legislative sessions of 2007, 2009, 2011 and 2013.  Additionally, please see Attorney General, Greg Abbott's announcement that Senate Bill 14 would be immediately implemented, which was issued on or about June 25th, 2014, the same day that the United States Supreme Court issued its opinion in *Shelby County v. Holder*.

Plaintiff's counsel reserves the right to supplement this Interrogatory answer and specifically directs Defendants' attention to the deposition of Keith Ingram completed on April 23rd, 2014, which was the first deposition completed in this case.  As Defendant knows there will be many depositions completed in this case that will contain information responsive to this interrogatory and many expert reports produced, which will also contain information responsive to this interrogatory, all of which are incorporated by reference in Plaintiff's response to this Interrogatory.

Dated this 30th day of April, 2014.

Respectfully submitted,

**BRAZIL & DUNN LLP**


     /s/ Chad W. Dunn
Chad W. Dunn
TBN 24036507; Fed. I.D. No. 33467
K. Scott Brazil
TBN 02934050; Fed. I.D. No. 2585
4201 Cypress Creek Parkway, Suite 530
Houston, Texas 77068
Telephone: (281) 580-6310
Facsimile: (281) 580-6362
E-Mail: chad@brazilanddunn.com
E-Mail: scott@brazilanddunn.com

Neil G. Baron
State Bar No.: 017970180
Law Office of Neil G. Baron
914 FM 517 W., Ste. 242
Dickinson, Texas  77539
281/534-2748 – Main
281/534-4309 – Fax
neil@ngbaronlaw.com – E-mail

J. Gerald Hebert
District of Columbia State Bar No.: 447676
Campaign Legal Center
215 E. Street, NE
Washington, DC  20002
202/736-2200, ext. 12 – Main
202/736-2222 – Fax
ghebert@campaignlegalcenter.org – E-mail

David Richards
State Bar No.: 16846000
Richards, Rodriguez & Skeith, LLP
816 Congress Avenue, Ste. 1200
Austin, Texas  78701
512/476-0005 – Main
512/476-1513 – Fax

daverichards@june.com – E-mail

Armand G. Derfner
Derfner, Altman & Wilborn, LLC
P.O. Box 600
Charleston, S.C.  29402
843/723-9804 – Main
aderfner@dawlegal.com – E-mail

**ATTORNEYS FOR PLAINTIFFS**

Craig M. Watkins
Dallas County District Attorney
State Bar No. 00791886
Teresa G. Snelson
Chief, Civil Division
Dallas County District Attorney's Office
State Bar. No. 08577250
411 Elm Street, 5th Floor
Dallas, TX 75202-4606
Telephone (214) 653-7358
Facsimile (214) 653-6134
Teresa.Snelson@dallascounty.org

**ATTORNEYS FOR DALLAS COUNTY,
TEXAS**

## CERTIFICATE OF SERVICE

The undersigned here by certifies that a true and correct copy of the foregoing has been sent by electronic mail in accordance with the Federal Rules of Civil Procedure, this 30th day of April, 2014 to all counsel of record:


_____/s/ Chad W. Dunn_____
Chad W. Dunn

*Plaintiff, John Mellor-Crumley's, Response to Defendants' First Interrogatory – Page 10 of 10*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | |
|---|---|
| **MARC VEASEY, JANE HAMILTON, SERGIO DELEON, FLOYD J. CARRIER, ANNA BURNS, MICHAEL MONTEZ, PENNY POPE, OSCAR ORTIZ, KOBY OZIAS, JOHN MELLOR-CRUMLEY, PEGGY HERMAN, EVELYN BRICKNER, GORDON BENJAMIN, KEN GANDY, LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), AND DALLAS COUNTY, TEXAS** *Plaintiffs*, | |
| **v.** | **CIVIL ACTION NO. 2:13-CV-193 (NGR) [Lead case]** |
| **RICK PERRY, Governor of Texas; and JOHN STEEN, Texas Secretary of State,** *Defendants.* | |
| **UNITED STATES OF AMERICA,** *Plaintiff*, | |
| **TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, IMANI CLARK, AURICA WASHINGTON, CRYSTAL OWENS, AND MICHELLE BESSIAKE,** *Plaintiff-Intervenors,* | |
| **TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, HIDALGO COUNTY AND MARIA LONGORIA BENAVIDES,** *Plaintiff-Intervenors,* | **CIVIL ACTION NO. 2:13-CV-263 (NGR) [Consolidated Case]** |
| **v.** | |
| **STATE OF TEXAS, JOHN STEEN, in his official capacity as the Texas Secretary of State, and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety,** *Defendants.* | |
| **TEXAS STATE CONFERENCE OF NAACP BRANCHES; and the MEXICAN AMERICAN** | |

*Plaintiff, Ken Gandy's, Response to Defendants' First Interrogatory – Page 1 of 10*

| | | |
|---|---|---|
| **LEGISLATIVE CAUCUS OF THE TEXAS** | § | |
| **HOUSE OF REPRESENTATIVES,** | § | |
| *Plaintiffs,* | § | **CIVIL ACTION NO.** |
| | § | **2:13-CV-291 (NGR)** |
| **v.** | § | **[Consolidated Case]** |
| | § | |
| **JOHN STEEN, in his official capacity as Secretary** | § | |
| **of State of Texas; and STEVE McCRAW, in his** | § | |
| **official capacity as Director of the Texas** | § | |
| **Department of Public Safety,** | § | |
| *Defendants.* | § | |
| | § | |
| | § | |
| | § | |
| **BELINDA ORTIZ, LENARD TAYLOR, EULALIO** | § | |
| **MENDEZ JR., LIONEL ESTRADA; ESTELA** | § | |
| **GARCIA ESPINOSA; ROXANNE HERNANDEZ,** | § | |
| **LYDIA LARA, MARGARITO MARTINEZ LARA,** | § | |
| **MAXIMA MARTINEZ LARA, and *LA UNION*** | § | |
| ***DEL PUBELR ENTERO, INC.*,** | § | **CIVIL ACTION NO.** |
| *Plaintiffs,* | § | **2:13-CV-348 (NGR)** |
| | § | **[Consolidated Case]** |
| **v.** | § | |
| | § | |
| **STATE OF TEXAS; JOHN STEEN, in his official** | § | |
| **capacity as Texas Secretary of State, and STEVE** | § | |
| **McCRAW, in his official capacity as Director of the** | § | |
| **Texas Department of Public Safety,** | § | |
| *Defendants.* | § | |
| | § | |

## PLAINTIFF, KEN GANDY'S, RESPONSE TO
## DEFENDANTS' FIRST INTERROGATORY

**TO: Defendants State of Texas, Rick Perry, the Texas Secretary of State, and Steve McCraw by and through their attorney, John Scott, Deputy Attorney for Civil Litigation, Office of the Attorney General, via first class mail, return receipt requested to 209 West 14th Street, P.O. Box 12548, Austin, TX 70711-2548**

COMES NOW Plaintiff, KEN GANDY, pursuant to Fed.R.Civ.P. 34, and submits his

response to Defendants' First Request for Interrogatory.

*Plaintiff, Ken Gandy's, Response to Defendants' First Interrogatory – Page 2 of 10*

## OBJECTIONS TO DEFINITIONS

1.      Plaintiff objects to the definition of the term "Electronically Stored Information" on the grounds that the definition is overly broad and unduly burdensome. Plaintiff further objects to this definition to the extent that it seeks information not in Plaintiff's possession, custody, or control.   Accordingly, Plaintiff interprets the term "Electronically Stored Information" as synonymous in meaning and equal in scope to the usage of the term "electronically stored information" in Rule 34 of the Federal Rules of Civil Procedure.

2.      Plaintiff objects to the definition of the term "document" on grounds that the definition is overly broad and unduly burdensome.  Plaintiff further objects to this definition to the extent that it seeks information not in Plaintiff's possession, custody, or control.  Plaintiff interprets the term "document" as synonymous in meaning and equal in scope to the usage of the term "document" in Rule 34 of the Federal Rules of Civil Procedure.

3.      Plaintiff objects to the definition of "you and your" on grounds that the definition is overly broad and unduly burdensome.  Plaintiff further objects to this definition to the extent that it includes within the definition individuals who are not parties to this litigation.  Plaintiff interprets for purposes of these document requests "you and your" to respectively refer to any individual.

## INTERROGATORY NO. 1:

Please identify and describe in detail all facts that support your claim that SB 14, as enacted by the State of Texas' 82nd Legislature, was enacted with a discriminatory purpose and intent. This interrogatory includes a request to identify any documents or tangible things you intend to rely on at trial which have not been, or will not be, produced in response to any Request for Production propounded on you or any other party by Defendants.

## OBJECTIONS

1.      Plaintiff objects to Defendants' First Interrogatory to the extent it seeks information or the disclosure of information which is protected by any privilege or immunity including the attorney-client privilege, work product doctrine, common interest privilege or any other statutory or common law privilege.  Plaintiff reserves the right to withhold such information.  Any inadvertent disclosure of such privileged or otherwise protected information shall not be deemed a waiver of any privilege or work product immunity.  The Clawback Order entered in this matter on November 4, 2013 governs any such disclosure.  See Agreement Concerning Production Format, ECF No. 61-6.

2.      Plaintiff objects to Defendants' First Interrogatory to the extent Defendants attempt or purport to impose greater or different obligations in discovery than are required by the Federal Rules of Civil Procedure or the Local Rules of this Court.

3.      Plaintiff objects to Defendants' First Interrogatory to the extent Defendants seek information that calls for a legal conclusion.

4.      Plaintiff objects to Defendants' First Interrogatory on the grounds that it is vague, ambiguous, and makes responding impossible without speculation.

5.      Plaintiff objects to Defendants' First Interrogatory to the extent that it seeks

information not within Plaintiff's possession, custody or control.

6.      Plaintiff objects to Defendants' First Interrogatory to the extent that it is premature at this stage of discovery.  For example, but not limited to, the identification of documents to be produced at trial is governed by the Court's scheduling order.

7.      Plaintiff's consent herein to respond to Defendants' First Interrogatory shall not be construed as an admission by Plaintiff that such information, in fact, exists or that such information, if it exists, is in Plaintiff's possession, custody or control.

8.      Plaintiff responds solely for the purpose of and in relation to this action. Plaintiff's Response to Defendants' First Interrogatory is made subject to any and all objections to competence, relevance, materiality, and admissibility that would require the exclusion at the time of trial of any statement and/or document produced in response to the First Interrogatory.  Plaintiff reserves the right to interpose such objections at the time of trial, if any.

9.      Plaintiff reserves the right to amend, revise or supplement its responses at any time prior to trial or otherwise permitted by applicable law or under the Court's Scheduling Order.

10.     To the extent Plaintiff's response to the Defendants' First Interrogatory requires the disclosure of protected material, including but not limited to confidential information or any information implicating privacy interests, Plaintiff's response shall be subject to the Consent Protective Order entered in this matter on December 5, 2013, ECF No. 105, or any subsequent revisions to the Protective Order agreed upon by the parties. Plaintiff further objects to the extent Defendants' First Interrogatory seeks confidential or

personal information of a third party, the disclosure of which is not permitted by reason of privacy laws or other binding legal obligation.

11.     Plaintiff objects to Defendants' First Interrogatory to the extent that it seeks documents that are neither relevant to the issues in this dispute nor reasonably calculated to lead to the discovery of admissible evidence.   To the extent Plaintiff identifies documents in response to the Interrogatory, Plaintiff does not concede that the documents are admissible in evidence or relevant to this action.

12.     Plaintiff objects to Defendants' First Interrogatory as vague, ambiguous, overly broad, and unduly burdensome.  Plaintiff's response is with respect to the time period from January 1, 2012 to the present, unless otherwise indicated.

13.     Plaintiff objects to Defendants' First Interrogatory insofar as it seeks identification of documents that are unreasonably cumulative or duplicative, already in the possession of Defendants, primarily or exclusively within Defendants' knowledge or control, or obtainable from some other source that is less burdensome or less expensive. Plaintiff objects to Defendants' First Interrogatory to the extent it seeks identification of documents beyond those in Plaintiff's possession, custody, or control.

14.     Plaintiff objects to Defendants' First Interrogatory to the extent that it is unclear, ambiguous, overly broad, or unduly burdensome.

15.     Plaintiff objects to Defendants' First Interrogatory requesting "all," "each," or "any" identification of documents and/or facts on grounds that such requests are overly broad and unduly burdensome, seek irrelevant information, and seek to impose obligations beyond those imposed by law.   Plaintiff will construe the terms of the

Interrogatory to request that they use reasonable diligence to identify responsive non-privileged documents, based on examination of those sources that may reasonably be expected to yield such documents and of course Plaintiff reserves the right to continue to supplement these responses to the extent additional documents are located.

16.    Plaintiff objects to this First Interrogatory as harassing and burdensome. The above objections, and those made by other parties, are incorporated by reference herein. Dallas County further objects to this Interrogatory as a premature contention interrogatory that seeks a comprehensive identification of relevant facts before the close of discovery. *See* Fed. R. Civ. P. 33(a)(2); *Wallace v. GEO Grp., Inc.*, No. 2:12-cv-2745, 2013 WL 6490320, at *3 (W.D. La. Dec. 10, 2013); *Brassell v. Turner*, No. 3:05-cv-476, 2006 WL 1806465, at *3 (S.D. Miss. June 29, 2006). Furthermore, the discriminatory purpose underlying SB 14 is described in substantial detail in the Private Plaintiffs and United States' Responses in Opposition to Defendants' Motion to Dismiss  filed in this case(ECF. No. 92); the Defendant-Intervenors' and U.S.'s Proposed Findings of Fact in *Texas v. Holder*, No. 1:12-CV-00128 (D.D.C. June 25, 2012) (ECF. No. 223); the expert report and supplemental expert reports of all expert witnesses produced in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the depositions taken in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the exhibits entered into evidence in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the transcript of the trial conducted in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the findings of fact and opinion of the court in *Texas v. Holder*, 888 F. Supp. 2d 113, 138, 144 (D.D.C. 2012), *vacated*, 133 S. Ct. 2886 (2013)); the materials included in the Private Plaintiffs' and United States' Initial Disclosures. All of the aforementioned

documents are in Defendants' possession.

Additionally, please see the voluminous emails and other documents generated by Texas State Legislators and/or their respective staff members relating to various Texas' efforts to legislatively enact a photo ID bill in the legislative sessions of 2007, 2009, 2011 and 2013.  Additionally, please see Attorney General, Greg Abbott's announcement that Senate Bill 14 would be immediately implemented, which was issued on or about June 25th, 2014, the same day that the United States Supreme Court issued its opinion in *Shelby County v. Holder*.

Plaintiff's counsel reserves the right to supplement this Interrogatory answer and specifically directs Defendants' attention to the deposition of Keith Ingram completed on April 23rd, 2014, which was the first deposition completed in this case.  As Defendant knows there will be many depositions completed in this case that will contain information responsive to this interrogatory and many expert reports produced, which will also contain information responsive to this interrogatory, all of which are incorporated by reference in Plaintiff's response to this Interrogatory.

Dated this 30th day of April, 2014.

*Plaintiff, Ken Gandy's, Response to Defendants' First Interrogatory – Page 8 of 10*

Respectfully submitted,

**BRAZIL & DUNN LLP**


    /s/ Chad W. Dunn
Chad W. Dunn
TBN 24036507; Fed. I.D. No. 33467
K. Scott Brazil
TBN 02934050; Fed. I.D. No. 2585
4201 Cypress Creek Parkway, Suite 530
Houston, Texas 77068
Telephone: (281) 580-6310
Facsimile: (281) 580-6362
E-Mail: chad@brazilanddunn.com
E-Mail: scott@brazilanddunn.com

Neil G. Baron
State Bar No.: 017970180
Law Office of Neil G. Baron
914 FM 517 W., Ste. 242
Dickinson, Texas  77539
281/534-2748 – Main
281/534-4309 – Fax
neil@ngbaronlaw.com – E-mail

J. Gerald Hebert
District of Columbia State Bar No.: 447676
Campaign Legal Center
215 E. Street, NE
Washington, DC  20002
202/736-2200, ext. 12 – Main
202/736-2222 – Fax
ghebert@campaignlegalcenter.org – E-mail

David Richards
State Bar No.: 16846000
Richards, Rodriguez & Skeith, LLP
816 Congress Avenue, Ste. 1200
Austin, Texas  78701
512/476-0005 – Main
512/476-1513 – Fax

daverichards@june.com – E-mail

Armand G. Derfner
Derfner, Altman & Wilborn, LLC
P.O. Box 600
Charleston, S.C.  29402
843/723-9804 – Main
aderfner@dawlegal.com – E-mail

**ATTORNEYS FOR PLAINTIFFS**

Craig M. Watkins
Dallas County District Attorney
State Bar No. 00791886
Teresa G. Snelson
Chief, Civil Division
Dallas County District Attorney's Office
State Bar. No. 08577250
411 Elm Street, 5th Floor
Dallas, TX 75202-4606
Telephone (214) 653-7358
Facsimile (214) 653-6134
Teresa.Snelson@dallascounty.org

**ATTORNEYS FOR DALLAS COUNTY,
TEXAS**

## CERTIFICATE OF SERVICE

The undersigned here by certifies that a true and correct copy of the foregoing has been sent by electronic mail in accordance with the Federal Rules of Civil Procedure, this 30th day of April, 2014 to all counsel of record:

_/s/ Chad W. Dunn_
Chad W. Dunn

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

|  |  |  |
|---|---|---|
| **MARC VEASEY, JANE HAMILTON, SERGIO DELEON, FLOYD J. CARRIER, ANNA BURNS, MICHAEL MONTEZ, PENNY POPE, OSCAR ORTIZ, KOBY OZIAS, JOHN MELLOR-CRUMLEY, PEGGY HERMAN, EVELYN BRICKNER, GORDON BENJAMIN, KEN GANDY, LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), AND DALLAS COUNTY, TEXAS** | § § § § § § § § § § § § |  |
| *Plaintiffs,* | § § | **CIVIL ACTION NO.** |
| v. | § § | **2:13-CV-193 (NGR)** |
| | § | **[Lead case]** |
| **RICK PERRY, Governor of Texas; and JOHN STEEN, Texas Secretary of State,** | § § § |  |
| *Defendants.* | § § |  |
| | § § |  |
| **UNITED STATES OF AMERICA,** | § § |  |
| *Plaintiff,* | § § |  |
| | § |  |
| **TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, IMANI CLARK, AURICA WASHINGTON, CRYSTAL OWENS, AND MICHELLE BESSIAKE,** | § § § § § |  |
| *Plaintiff-Intervenors,* | § § |  |
| | § |  |
| **TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, HIDALGO COUNTY AND MARIA LONGORIA BENAVIDES,** | § § § § | |
| *Plaintiff-Intervenors,* | § § | **CIVIL ACTION NO.** |
| | § | **2:13-CV-263 (NGR)** |
| v. | § § | **[Consolidated Case]** |
| **STATE OF TEXAS, JOHN STEEN, in his official capacity as the Texas Secretary of State, and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety,** | § § § § § |  |
| *Defendants.* | § § |  |
| | § § |  |
| **TEXAS STATE CONFERENCE OF NAACP BRANCHES; and the MEXICAN AMERICAN** | § § § |  |

| | | |
|---|---|---|
| **LEGISLATIVE CAUCUS OF THE TEXAS** | § | |
| **HOUSE OF REPRESENTATIVES,** | § | |
| *Plaintiffs,* | § | **CIVIL ACTION NO.** |
| | § | **2:13-CV-291 (NGR)** |
| **v.** | § | **[Consolidated Case]** |
| | § | |
| **JOHN STEEN, in his official capacity as Secretary** | § | |
| **of State of Texas; and STEVE McCRAW, in his** | § | |
| **official capacity as Director of the Texas** | § | |
| **Department of Public Safety,** | § | |
| *Defendants.* | § | |
| | § | |
| | § | |
| | § | |
| **BELINDA ORTIZ, LENARD TAYLOR, EULALIO** | § | |
| **MENDEZ JR., LIONEL ESTRADA; ESTELA** | § | |
| **GARCIA ESPINOSA; ROXANNE HERNANDEZ,** | § | |
| **LYDIA LARA, MARGARITO MARTINEZ LARA,** | § | |
| **MAXIMA MARTINEZ LARA, and *LA UNION*** | § | |
| ***DEL PUBELR ENTERO, INC.*,** | § | **CIVIL ACTION NO.** |
| *Plaintiffs,* | § | **2:13-CV-348 (NGR)** |
| | § | **[Consolidated Case]** |
| **v.** | § | |
| | § | |
| **STATE OF TEXAS; JOHN STEEN, in his official** | § | |
| **capacity as Texas Secretary of State, and STEVE** | § | |
| **McCRAW, in his official capacity as Director of the** | § | |
| **Texas Department of Public Safety,** | § | |
| *Defendants.* | § | |
| | § | |

## PLAINTIFF, KOBY OZIAS', RESPONSE TO
## DEFENDANTS' FIRST INTERROGATORY

**TO: Defendants State of Texas, Rick Perry, the Texas Secretary of State, and Steve McCraw by and through their attorney, John Scott, Deputy Attorney for Civil Litigation, Office of the Attorney General,  via first class mail, return receipt requested to 209 West 14th Street, P.O. Box 12548, Austin, TX 70711-2548**

COMES NOW Plaintiff, KOBY OZIAS, pursuant to Fed.R.Civ.P. 34, and submits his

response to Defendants' First Request for Interrogatory.

## OBJECTIONS TO DEFINITIONS

1.     Plaintiff objects to the definition of the term "Electronically Stored Information" on the grounds that the definition is overly broad and unduly burdensome. Plaintiff further objects to this definition to the extent that it seeks information not in Plaintiff's possession, custody, or control.   Accordingly, Plaintiff interprets the term "Electronically Stored Information" as synonymous in meaning and equal in scope to the usage of the term "electronically stored information" in Rule 34 of the Federal Rules of Civil Procedure.

2.     Plaintiff objects to the definition of the term "document" on grounds that the definition is overly broad and unduly burdensome.   Plaintiff further objects to this definition to the extent that it seeks information not in Plaintiff's possession, custody, or control.   Plaintiff interprets the term "document" as synonymous in meaning and equal in scope to the usage of the term "document" in Rule 34 of the Federal Rules of Civil Procedure.

3.     Plaintiff objects to the definition of "you and your" on grounds that the definition is overly broad and unduly burdensome.   Plaintiff further objects to this definition to the extent that it includes within the definition individuals who are not parties to this litigation.   Plaintiff interprets for purposes of these document requests "you and your" to respectively refer to any individual.

**INTERROGATORY NO. 1:**

Please identify and describe in detail all facts that support your claim that SB 14, as enacted by the State of Texas' 82nd Legislature, was enacted with a discriminatory purpose and intent. This interrogatory includes a request to identify any documents or tangible things you intend to rely on at trial which have not been, or will not be, produced in response to any Request for Production propounded on you or any other party by Defendants.

## OBJECTIONS

1.      Plaintiff objects to Defendants' First Interrogatory to the extent it seeks information or the disclosure of information which is protected by any privilege or immunity including the attorney-client privilege, work product doctrine, common interest privilege or any other statutory or common law privilege.  Plaintiff reserves the right to withhold such information.  Any inadvertent disclosure of such privileged or otherwise protected information shall not be deemed a waiver of any privilege or work product immunity.  The Clawback Order entered in this matter on November 4, 2013 governs any such disclosure.  See Agreement Concerning Production Format, ECF No. 61-6.

2.      Plaintiff objects to Defendants' First Interrogatory to the extent Defendants attempt or purport to impose greater or different obligations in discovery than are required by the Federal Rules of Civil Procedure or the Local Rules of this Court.

3.      Plaintiff objects to Defendants' First Interrogatory to the extent Defendants seek information that calls for a legal conclusion.

4.      Plaintiff objects to Defendants' First Interrogatory on the grounds that it is vague, ambiguous, and makes responding impossible without speculation.

5.      Plaintiff objects to Defendants' First Interrogatory to the extent that it seeks

information not within Plaintiff's possession, custody or control.

6.    Plaintiff objects to Defendants' First Interrogatory to the extent that it is premature at this stage of discovery.  For example, but not limited to, the identification of documents to be produced at trial is governed by the Court's scheduling order.

7.    Plaintiff's consent herein to respond to Defendants' First Interrogatory shall not be construed as an admission by Plaintiff that such information, in fact, exists or that such information, if it exists, is in Plaintiff's possession, custody or control.

8.    Plaintiff responds solely for the purpose of and in relation to this action. Plaintiff's Response to Defendants' First Interrogatory is made subject to any and all objections to competence, relevance, materiality, and admissibility that would require the exclusion at the time of trial of any statement and/or document produced in response to the First Interrogatory.  Plaintiff reserves the right to interpose such objections at the time of trial, if any.

9.    Plaintiff reserves the right to amend, revise or supplement its responses at any time prior to trial or otherwise permitted by applicable law or under the Court's Scheduling Order.

10.    To the extent Plaintiff's response to the Defendants' First Interrogatory requires the disclosure of protected material, including but not limited to confidential information or any information implicating privacy interests, Plaintiff's response shall be subject to the Consent Protective Order entered in this matter on December 5, 2013, ECF No. 105, or any subsequent revisions to the Protective Order agreed upon by the parties. Plaintiff further objects to the extent Defendants' First Interrogatory seeks confidential or

personal information of a third party, the disclosure of which is not permitted by reason of privacy laws or other binding legal obligation.

11.     Plaintiff objects to Defendants' First Interrogatory to the extent that it seeks documents that are neither relevant to the issues in this dispute nor reasonably calculated to lead to the discovery of admissible evidence.   To the extent Plaintiff identifies documents in response to the Interrogatory, Plaintiff does not concede that the documents are admissible in evidence or relevant to this action.

12.     Plaintiff objects to Defendants' First Interrogatory as vague, ambiguous, overly broad, and unduly burdensome.   Plaintiff's response is with respect to the time period from January 1, 2012 to the present, unless otherwise indicated.

13.     Plaintiff objects to Defendants' First Interrogatory insofar as it seeks identification of documents that are unreasonably cumulative or duplicative, already in the possession of Defendants, primarily or exclusively within Defendants' knowledge or control, or obtainable from some other source that is less burdensome or less expensive. Plaintiff objects to Defendants' First Interrogatory to the extent it seeks identification of documents beyond those in Plaintiff's possession, custody, or control.

14.     Plaintiff objects to Defendants' First Interrogatory to the extent that it is unclear, ambiguous, overly broad, or unduly burdensome.

15.     Plaintiff objects to Defendants' First Interrogatory requesting "all," "each," or "any" identification of documents and/or facts on grounds that such requests are overly broad and unduly burdensome, seek irrelevant information, and seek to impose obligations beyond those imposed by law.   Plaintiff will construe the terms of the

Interrogatory to request that they use reasonable diligence to identify responsive non-privileged documents, based on examination of those sources that may reasonably be expected to yield such documents and of course Plaintiff reserves the right to continue to supplement these responses to the extent additional documents are located.

16.     Plaintiff objects to this First Interrogatory as harassing and burdensome. The above objections, and those made by other parties, are incorporated by reference herein. Dallas County further objects to this Interrogatory as a premature contention interrogatory that seeks a comprehensive identification of relevant facts before the close of discovery. *See* Fed. R. Civ. P. 33(a)(2); *Wallace v. GEO Grp., Inc.*, No. 2:12-cv-2745, 2013 WL 6490320, at *3 (W.D. La. Dec. 10, 2013); *Brassell v. Turner*, No. 3:05-cv-476, 2006 WL 1806465, at *3 (S.D. Miss. June 29, 2006). Furthermore, the discriminatory purpose underlying SB 14 is described in substantial detail in the Private Plaintiffs and United States' Responses in Opposition to Defendants' Motion to Dismiss  filed in this case(ECF. No. 92); the Defendant-Intervenors' and U.S.'s Proposed Findings of Fact in *Texas v. Holder*, No. 1:12-CV-00128 (D.D.C. June 25, 2012) (ECF. No. 223); the expert report and supplemental expert reports of all expert witnesses produced in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the depositions taken in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the exhibits entered into evidence in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the transcript of the trial conducted in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the findings of fact and opinion of the court in *Texas v. Holder*, 888 F. Supp. 2d 113, 138, 144 (D.D.C. 2012), *vacated*, 133 S. Ct. 2886 (2013)); the materials included in the Private Plaintiffs' and United States' Initial Disclosures. All of the aforementioned

documents are in Defendants' possession.

Additionally, please see the voluminous emails and other documents generated by Texas State Legislators and/or their respective staff members relating to various Texas' efforts to legislatively enact a photo ID bill in the legislative sessions of 2007, 2009, 2011 and 2013.  Additionally, please see Attorney General, Greg Abbott's announcement that Senate Bill 14 would be immediately implemented, which was issued on or about June 25th, 2014, the same day that the United States Supreme Court issued its opinion in *Shelby County v. Holder*.

Plaintiff's counsel reserves the right to supplement this Interrogatory answer and specifically directs Defendants' attention to the deposition of Keith Ingram completed on April 23rd, 2014, which was the first deposition completed in this case.  As Defendant knows there will be many depositions completed in this case that will contain information responsive to this interrogatory and many expert reports produced, which will also contain information responsive to this interrogatory, all of which are incorporated by reference in Plaintiff's response to this Interrogatory.

Dated this 30th day of April, 2014.

*Plaintiff, Koby Ozias', Response to Defendants' First Interrogatory – Page 8 of 10*

Respectfully submitted,

**BRAZIL & DUNN LLP**


    /s/ Chad W. Dunn
Chad W. Dunn
TBN 24036507; Fed. I.D. No. 33467
K. Scott Brazil
TBN 02934050; Fed. I.D. No. 2585
4201 Cypress Creek Parkway, Suite 530
Houston, Texas 77068
Telephone: (281) 580-6310
Facsimile: (281) 580-6362
E-Mail: chad@brazilanddunn.com
E-Mail: scott@brazilanddunn.com

Neil G. Baron
State Bar No.: 017970180
Law Office of Neil G. Baron
914 FM 517 W., Ste. 242
Dickinson, Texas  77539
281/534-2748 – Main
281/534-4309 – Fax
neil@ngbaronlaw.com – E-mail

J. Gerald Hebert
District of Columbia State Bar No.: 447676
Campaign Legal Center
215 E. Street, NE
Washington, DC  20002
202/736-2200, ext. 12 – Main
202/736-2222 – Fax
ghebert@campaignlegalcenter.org – E-mail

David Richards
State Bar No.: 16846000
Richards, Rodriguez & Skeith, LLP
816 Congress Avenue, Ste. 1200
Austin, Texas  78701
512/476-0005 – Main
512/476-1513 – Fax

daverichards@june.com – E-mail

Armand G. Derfner
Derfner, Altman & Wilborn, LLC
P.O. Box 600
Charleston, S.C.  29402
843/723-9804 – Main
aderfner@dawlegal.com – E-mail

**ATTORNEYS FOR PLAINTIFFS**

Craig M. Watkins
Dallas County District Attorney
State Bar No. 00791886
Teresa G. Snelson
Chief, Civil Division
Dallas County District Attorney's Office
State Bar. No. 08577250
411 Elm Street, 5th Floor
Dallas, TX 75202-4606
Telephone (214) 653-7358
Facsimile (214) 653-6134
Teresa.Snelson@dallascounty.org

**ATTORNEYS FOR DALLAS COUNTY,
TEXAS**

## CERTIFICATE OF SERVICE

The undersigned here by certifies that a true and correct copy of the foregoing has been sent by electronic mail in accordance with the Federal Rules of Civil Procedure, this 30th day of April, 2014 to all counsel of record:

_____ */s/ Chad W. Dunn*_____
Chad W. Dunn

*Plaintiff, Koby Ozias', Response to Defendants' First Interrogatory – Page 10 of 10*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | |
|---|---|
| **MARC VEASEY, JANE HAMILTON, SERGIO DELEON, FLOYD J. CARRIER, ANNA BURNS, MICHAEL MONTEZ, PENNY POPE, OSCAR ORTIZ, KOBY OZIAS, JOHN MELLOR-CRUMLEY, PEGGY HERMAN, EVELYN BRICKNER, GORDON BENJAMIN, KEN GANDY, LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), AND DALLAS COUNTY, TEXAS** §§§§§§§§§§§ | |
|      *Plaintiffs,* §§ | |
| **v.** §§§ | **CIVIL ACTION NO. 2:13-CV-193 (NGR) [Lead case]** |
| **RICK PERRY, Governor of Texas; and JOHN STEEN, Texas Secretary of State,** §§§ | |
|      *Defendants.* §§§ | |
| **UNITED STATES OF AMERICA,** §§§ | |
|      *Plaintiff,* §§ | |
| **TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, IMANI CLARK, AURICA WASHINGTON, CRYSTAL OWENS, AND MICHELLE BESSIAKE,** §§§§ | |
|      *Plaintiff-Intervenors,* §§§ | |
| **TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, HIDALGO COUNTY AND MARIA LONGORIA BENAVIDES,** §§§§ | |
|      *Plaintiff-Intervenors,* §§§ | **CIVIL ACTION NO. 2:13-CV-263 (NGR) [Consolidated Case]** |
| **v.** §§§ | |
| **STATE OF TEXAS, JOHN STEEN, in his official capacity as the Texas Secretary of State, and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety,** §§§§§ | |
|      *Defendants.* §§ | |
| **TEXAS STATE CONFERENCE OF NAACP BRANCHES; and the MEXICAN AMERICAN** §§ | |

| | | |
|---|---|---|
| LEGISLATIVE CAUCUS OF THE TEXAS HOUSE OF REPRESENTATIVES, | § § | |
| *Plaintiffs*, | § | CIVIL ACTION NO. |
| | § | 2:13-CV-291 (NGR) |
| v. | § | [Consolidated Case] |
| | § | |
| JOHN STEEN, in his official capacity as Secretary of State of Texas; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety, | § § § § | |
| *Defendants.* | § | |
| | § | |
| | § | |
| | § | |
| BELINDA ORTIZ, LENARD TAYLOR, EULALIO MENDEZ JR., LIONEL ESTRADA; ESTELA GARCIA ESPINOSA; ROXANNE HERNANDEZ, LYDIA LARA, MARGARITO MARTINEZ LARA, MAXIMA MARTINEZ LARA, and *LA UNION DEL PUBELR ENTERO, INC.*, | § § § § § § § | |
| *Plaintiffs*, | § | CIVIL ACTION NO. |
| | § | 2:13-CV-348 (NGR) |
| v. | § | [Consolidated Case] |
| | § | |
| STATE OF TEXAS; JOHN STEEN, in his official capacity as Texas Secretary of State, and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety, | § § § § | |
| *Defendants.* | § | |
| | § | |

## PLAINTIFF, MARC VEASEY'S, RESPONSE TO DEFENDANTS' FIRST INTERROGATORY

**TO: Defendants State of Texas, Rick Perry, the Texas Secretary of State, and Steve McCraw by and through their attorney, John Scott, Deputy Attorney for Civil Litigation, Office of the Attorney General,  via first class mail, return receipt requested to 209 West 14th Street, P.O. Box 12548, Austin, TX 70711-2548**

COMES NOW Plaintiff, MARC VEASEY, pursuant to Fed.R.Civ.P. 34, and submits his response to Defendants' First Request for Interrogatory.

## OBJECTIONS TO DEFINITIONS

1.      Plaintiff objects to the definition of the term "Electronically Stored Information" on the grounds that the definition is overly broad and unduly burdensome. Plaintiff further objects to this definition to the extent that it seeks information not in Plaintiff's possession, custody, or control.  Accordingly, Plaintiff interprets the term "Electronically Stored Information" as synonymous in meaning and equal in scope to the usage of the term "electronically stored information" in Rule 34 of the Federal Rules of Civil Procedure.

2.      Plaintiff objects to the definition of the term "document" on grounds that the definition is overly broad and unduly burdensome.  Plaintiff further objects to this definition to the extent that it seeks information not in Plaintiff's possession, custody, or control.  Plaintiff interprets the term "document" as synonymous in meaning and equal in scope to the usage of the term "document" in Rule 34 of the Federal Rules of Civil Procedure.

3.      Plaintiff objects to the definition of "you and your" on grounds that the definition is overly broad and unduly burdensome.  Plaintiff further objects to this definition to the extent that it includes within the definition individuals who are not parties to this litigation.  Plaintiff interprets for purposes of these document requests "you and your" to respectively refer to any individual.

**INTERROGATORY NO. 1:**

Please identify and describe in detail all facts that support your claim that SB 14, as enacted by the State of Texas' 82nd Legislature, was enacted with a discriminatory purpose and intent. This interrogatory includes a request to identify any documents or tangible things you intend to rely on at trial which have not been, or will not be, produced in response to any Request for Production propounded on you or any other party by Defendants.

## OBJECTIONS

1.      Plaintiff objects to Defendants' First Interrogatory to the extent it seeks information or the disclosure of information which is protected by any privilege or immunity including the attorney-client privilege, work product doctrine, common interest privilege or any other statutory or common law privilege.  Plaintiff reserves the right to withhold such information.  Any inadvertent disclosure of such privileged or otherwise protected information shall not be deemed a waiver of any privilege or work product immunity.  The Clawback Order entered in this matter on November 4, 2013 governs any such disclosure.  See Agreement Concerning Production Format, ECF No. 61-6.

2.      Plaintiff objects to Defendants' First Interrogatory to the extent Defendants attempt or purport to impose greater or different obligations in discovery than are required by the Federal Rules of Civil Procedure or the Local Rules of this Court.

3.      Plaintiff objects to Defendants' First Interrogatory to the extent Defendants seek information that calls for a legal conclusion.

4.      Plaintiff objects to Defendants' First Interrogatory on the grounds that it is vague, ambiguous, and makes responding impossible without speculation.

5.      Plaintiff objects to Defendants' First Interrogatory to the extent that it seeks

information not within Plaintiff's possession, custody or control.

6.      Plaintiff objects to Defendants' First Interrogatory to the extent that it is premature at this stage of discovery.  For example, but not limited to, the identification of documents to be produced at trial is governed by the Court's scheduling order.

7.      Plaintiff's consent herein to respond to Defendants' First Interrogatory shall not be construed as an admission by Plaintiff that such information, in fact, exists or that such information, if it exists, is in Plaintiff's possession, custody or control.

8.      Plaintiff responds solely for the purpose of and in relation to this action. Plaintiff's Response to Defendants' First Interrogatory is made subject to any and all objections to competence, relevance, materiality, and admissibility that would require the exclusion at the time of trial of any statement and/or document produced in response to the First Interrogatory.  Plaintiff reserves the right to interpose such objections at the time of trial, if any.

9.      Plaintiff reserves the right to amend, revise or supplement its responses at any time prior to trial or otherwise permitted by applicable law or under the Court's Scheduling Order.

10.      To the extent Plaintiff's response to the Defendants' First Interrogatory requires the disclosure of protected material, including but not limited to confidential information or any information implicating privacy interests, Plaintiff's response shall be subject to the Consent Protective Order entered in this matter on December 5, 2013, ECF No. 105, or any subsequent revisions to the Protective Order agreed upon by the parties. Plaintiff further objects to the extent Defendants' First Interrogatory seeks confidential or

personal information of a third party, the disclosure of which is not permitted by reason of privacy laws or other binding legal obligation.

11.     Plaintiff objects to Defendants' First Interrogatory to the extent that it seeks documents that are neither relevant to the issues in this dispute nor reasonably calculated to lead to the discovery of admissible evidence.  To the extent Plaintiff identifies documents in response to the Interrogatory, Plaintiff does not concede that the documents are admissible in evidence or relevant to this action.

12.     Plaintiff objects to Defendants' First Interrogatory as vague, ambiguous, overly broad, and unduly burdensome.  Plaintiff's response is with respect to the time period from January 1, 2012 to the present, unless otherwise indicated.

13.     Plaintiff objects to Defendants' First Interrogatory insofar as it seeks identification of documents that are unreasonably cumulative or duplicative, already in the possession of Defendants, primarily or exclusively within Defendants' knowledge or control, or obtainable from some other source that is less burdensome or less expensive. Plaintiff objects to Defendants' First Interrogatory to the extent it seeks identification of documents beyond those in Plaintiff's possession, custody, or control.

14.     Plaintiff objects to Defendants' First Interrogatory to the extent that it is unclear, ambiguous, overly broad, or unduly burdensome.

15.     Plaintiff objects to Defendants' First Interrogatory requesting "all," "each," or "any" identification of documents and/or facts on grounds that such requests are overly broad and unduly burdensome, seek irrelevant information, and seek to impose obligations beyond those imposed by law.  Plaintiff will construe the terms of the

Interrogatory to request that they use reasonable diligence to identify responsive non-privileged documents, based on examination of those sources that may reasonably be expected to yield such documents and of course Plaintiff reserves the right to continue to supplement these responses to the extent additional documents are located.

16.     Plaintiff objects to this First Interrogatory as harassing and burdensome. The above objections, and those made by other parties, are incorporated by reference herein. Dallas County further objects to this Interrogatory as a premature contention interrogatory that seeks a comprehensive identification of relevant facts before the close of discovery. *See* Fed. R. Civ. P. 33(a)(2); *Wallace v. GEO Grp., Inc.*, No. 2:12-cv-2745, 2013 WL 6490320, at *3 (W.D. La. Dec. 10, 2013); *Brassell v. Turner*, No. 3:05-cv-476, 2006 WL 1806465, at *3 (S.D. Miss. June 29, 2006). Furthermore, the discriminatory purpose underlying SB 14 is described in substantial detail in the Private Plaintiffs and United States' Responses in Opposition to Defendants' Motion to Dismiss  filed in this case(ECF. No. 92); the Defendant-Intervenors' and U.S.'s Proposed Findings of Fact in *Texas v. Holder*, No. 1:12-CV-00128 (D.D.C. June 25, 2012) (ECF. No. 223); the expert report and supplemental expert reports of all expert witnesses produced in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the depositions taken in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the exhibits entered into evidence in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the transcript of the trial conducted in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the findings of fact and opinion of the court in *Texas v. Holder*, 888 F. Supp. 2d 113, 138, 144 (D.D.C. 2012), *vacated*, 133 S. Ct. 2886 (2013)); the materials included in the Private Plaintiffs' and United States' Initial Disclosures. All of the aforementioned

documents are in Defendants' possession.

Additionally, please see the voluminous emails and other documents generated by Texas State Legislators and/or their respective staff members relating to various Texas' efforts to legislatively enact a photo ID bill in the legislative sessions of 2007, 2009, 2011 and 2013. Additionally, please see Attorney General, Greg Abbott's announcement that Senate Bill 14 would be immediately implemented, which was issued on or about June 25th, 2014, the same day that the United States Supreme Court issued its opinion in *Shelby County v. Holder*.

Plaintiff's counsel reserves the right to supplement this Interrogatory answer and specifically directs Defendants' attention to the deposition of Keith Ingram completed on April 23rd, 2014, which was the first deposition completed in this case. As Defendant knows there will be many depositions completed in this case that will contain information responsive to this interrogatory and many expert reports produced, which will also contain information responsive to this interrogatory, all of which are incorporated by reference in Plaintiff's response to this Interrogatory.

Dated this 30th day of April, 2014.

*Plaintiff, Marc Veasey's, Response to Defendants' First Interrogatory – Page 8 of 10*

Respectfully submitted,

**BRAZIL & DUNN LLP**


    /s/ Chad W. Dunn
Chad W. Dunn
TBN 24036507; Fed. I.D. No. 33467
K. Scott Brazil
TBN 02934050; Fed. I.D. No. 2585
4201 Cypress Creek Parkway, Suite 530
Houston, Texas 77068
Telephone: (281) 580-6310
Facsimile: (281) 580-6362
E-Mail: chad@brazilanddunn.com
E-Mail: scott@brazilanddunn.com

Neil G. Baron
State Bar No.: 017970180
Law Office of Neil G. Baron
914 FM 517 W., Ste. 242
Dickinson, Texas  77539
281/534-2748 – Main
281/534-4309 – Fax
neil@ngbaronlaw.com – E-mail

J. Gerald Hebert
District of Columbia State Bar No.: 447676
Campaign Legal Center
215 E. Street, NE
Washington, DC  20002
202/736-2200, ext. 12 – Main
202/736-2222 – Fax
ghebert@campaignlegalcenter.org – E-mail

David Richards
State Bar No.: 16846000
Richards, Rodriguez & Skeith, LLP
816 Congress Avenue, Ste. 1200
Austin, Texas  78701
512/476-0005 – Main
512/476-1513 – Fax

daverichards@june.com – E-mail

Armand G. Derfner
Derfner, Altman & Wilborn, LLC
P.O. Box 600
Charleston, S.C.  29402
843/723-9804 – Main
aderfner@dawlegal.com – E-mail

**ATTORNEYS FOR PLAINTIFFS**

Craig M. Watkins
Dallas County District Attorney
State Bar No. 00791886
Teresa G. Snelson
Chief, Civil Division
Dallas County District Attorney's Office
State Bar. No. 08577250
411 Elm Street, 5th Floor
Dallas, TX 75202-4606
Telephone (214) 653-7358
Facsimile (214) 653-6134
Teresa.Snelson@dallascounty.org

**ATTORNEYS FOR DALLAS COUNTY, TEXAS**

## CERTIFICATE OF SERVICE

The undersigned here by certifies that a true and correct copy of the foregoing has been sent by electronic mail in accordance with the Federal Rules of Civil Procedure, this 30th day of April, 2014 to all counsel of record:

_____/s/ Chad W. Dunn_____
Chad W. Dunn

*Plaintiff, Marc Veasey's, Response to Defendants' First Interrogatory – Page 10 of 10*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | |
|---|---|
| **MARC VEASEY, JANE HAMILTON, SERGIO DELEON, FLOYD J. CARRIER, ANNA BURNS, MICHAEL MONTEZ, PENNY POPE, OSCAR ORTIZ, KOBY OZIAS, JOHN MELLOR-CRUMLEY, PEGGY HERMAN, EVELYN BRICKNER, GORDON BENJAMIN, KEN GANDY, LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), AND DALLAS COUNTY, TEXAS** §§§§§§§§§§§§ | |
| *Plaintiffs,* § | |
| § | **CIVIL ACTION NO.** |
| **v.** § | **2:13-CV-193 (NGR)** |
| § | **[Lead case]** |
| **RICK PERRY, Governor of Texas; and JOHN STEEN, Texas Secretary of State,** §§ | |
| *Defendants.* §§ | |
| § | |
| **UNITED STATES OF AMERICA,** §§ | |
| *Plaintiff,* § | |
| § | |
| **TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, IMANI CLARK, AURICA WASHINGTON, CRYSTAL OWENS, AND MICHELLE BESSIAKE,** §§§§§ | |
| *Plaintiff-Intervenors,* § | |
| § | |
| **TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, HIDALGO COUNTY AND MARIA LONGORIA BENAVIDES,** §§§§ | |
| *Plaintiff-Intervenors,* § | **CIVIL ACTION NO.** |
| § | **2:13-CV-263 (NGR)** |
| **v.** § | **[Consolidated Case]** |
| § | |
| **STATE OF TEXAS, JOHN STEEN, in his official capacity as the Texas Secretary of State, and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety,** §§§§§ | |
| *Defendants.* § | |
| § | |
| **TEXAS STATE CONFERENCE OF NAACP BRANCHES; and the MEXICAN AMERICAN** §§ | |

*Plaintiff, Michael Montez's, Response to Defendants' First Interrogatory – Page 1 of 10*

LEGISLATIVE CAUCUS OF THE TEXAS            §
HOUSE OF REPRESENTATIVES,                  §
     *Plaintiffs,*                          §     CIVIL ACTION NO.
                                            §     2:13-CV-291 (NGR)
**v.**                                     §     [Consolidated Case]
                                            §
JOHN STEEN, in his official capacity as Secretary §
of State of Texas; and STEVE McCRAW, in his §
official capacity as Director of the Texas §
Department of Public Safety,               §
     *Defendants.*                          §
                                            §
_____        §
                                            §
BELINDA ORTIZ, LENARD TAYLOR, EULALIO      §
MENDEZ JR., LIONEL ESTRADA; ESTELA         §
GARCIA ESPINOSA; ROXANNE HERNANDEZ,        §
LYDIA LARA, MARGARITO MARTINEZ LARA,       §
MAXIMA MARTINEZ LARA, and *LA UNION*       §
*DEL PUBELR ENTERO, INC.*,                 §     CIVIL ACTION NO.
     *Plaintiffs,*                          §     2:13-CV-348 (NGR)
                                            §     [Consolidated Case]
**v.**                                     §
                                            §
STATE OF TEXAS; JOHN STEEN, in his official §
capacity as Texas Secretary of State, and STEVE §
McCRAW, in his official capacity as Director of the §
Texas Department of Public Safety,         §
     *Defendants.*                          §
                                            §

## PLAINTIFF, MICHAEL MONTEZ'S, RESPONSE TO
## DEFENDANTS' FIRST INTERROGATORY

**TO: Defendants State of Texas, Rick Perry, the Texas Secretary of State, and Steve McCraw by and through their attorney, John Scott, Deputy Attorney for Civil Litigation, Office of the Attorney General, via first class mail, return receipt requested to 209 West 14th Street, P.O. Box 12548, Austin, TX 70711-2548**

     COMES NOW Plaintiff, MICHAEL MONTEZ, pursuant to Fed.R.Civ.P. 34, and

submits his response to Defendants' First Request for Interrogatory.

## <u>OBJECTIONS TO DEFINITIONS</u>

1.      Plaintiff objects to the definition of the term "Electronically Stored Information" on the grounds that the definition is overly broad and unduly burdensome. Plaintiff further objects to this definition to the extent that it seeks information not in Plaintiff's possession, custody, or control.   Accordingly, Plaintiff interprets the term "Electronically Stored Information" as synonymous in meaning and equal in scope to the usage of the term "electronically stored information" in Rule 34 of the Federal Rules of Civil Procedure.

2.      Plaintiff objects to the definition of the term "document" on grounds that the definition is overly broad and unduly burdensome.  Plaintiff further objects to this definition to the extent that it seeks information not in Plaintiff's possession, custody, or control.  Plaintiff interprets the term "document" as synonymous in meaning and equal in scope to the usage of the term "document" in Rule 34 of the Federal Rules of Civil Procedure.

3.      Plaintiff objects to the definition of "you and your" on grounds that the definition is overly broad and unduly burdensome.   Plaintiff further objects to this definition to the extent that it includes within the definition individuals who are not parties to this litigation.  Plaintiff interprets for purposes of these document requests "you and your" to respectively refer to any individual.

**INTERROGATORY NO. 1:**

Please identify and describe in detail all facts that support your claim that SB 14, as enacted by the State of Texas' 82nd Legislature, was enacted with a discriminatory purpose and intent. This interrogatory includes a request to identify any documents or tangible things you intend to rely on at trial which have not been, or will not be, produced in response to any Request for Production propounded on you or any other party by Defendants.

## OBJECTIONS

1.      Plaintiff objects to Defendants' First Interrogatory to the extent it seeks information or the disclosure of information which is protected by any privilege or immunity including the attorney-client privilege, work product doctrine, common interest privilege or any other statutory or common law privilege.  Plaintiff reserves the right to withhold such information.  Any inadvertent disclosure of such privileged or otherwise protected information shall not be deemed a waiver of any privilege or work product immunity.  The Clawback Order entered in this matter on November 4, 2013 governs any such disclosure.  See Agreement Concerning Production Format, ECF No. 61-6.

2.      Plaintiff objects to Defendants' First Interrogatory to the extent Defendants attempt or purport to impose greater or different obligations in discovery than are required by the Federal Rules of Civil Procedure or the Local Rules of this Court.

3.      Plaintiff objects to Defendants' First Interrogatory to the extent Defendants seek information that calls for a legal conclusion.

4.      Plaintiff objects to Defendants' First Interrogatory on the grounds that it is vague, ambiguous, and makes responding impossible without speculation.

5.      Plaintiff objects to Defendants' First Interrogatory to the extent that it seeks

information not within Plaintiff's possession, custody or control.

6.      Plaintiff objects to Defendants' First Interrogatory to the extent that it is premature at this stage of discovery.  For example, but not limited to, the identification of documents to be produced at trial is governed by the Court's scheduling order.

7.      Plaintiff's consent herein to respond to Defendants' First Interrogatory shall not be construed as an admission by Plaintiff that such information, in fact, exists or that such information, if it exists, is in Plaintiff's possession, custody or control.

8.      Plaintiff responds solely for the purpose of and in relation to this action. Plaintiff's Response to Defendants' First Interrogatory is made subject to any and all objections to competence, relevance, materiality, and admissibility that would require the exclusion at the time of trial of any statement and/or document produced in response to the First Interrogatory.  Plaintiff reserves the right to interpose such objections at the time of trial, if any.

9.      Plaintiff reserves the right to amend, revise or supplement its responses at any time prior to trial or otherwise permitted by applicable law or under the Court's Scheduling Order.

10.     To the extent Plaintiff's response to the Defendants' First Interrogatory requires the disclosure of protected material, including but not limited to confidential information or any information implicating privacy interests, Plaintiff's response shall be subject to the Consent Protective Order entered in this matter on December 5, 2013, ECF No. 105, or any subsequent revisions to the Protective Order agreed upon by the parties. Plaintiff further objects to the extent Defendants' First Interrogatory seeks confidential or

personal information of a third party, the disclosure of which is not permitted by reason of privacy laws or other binding legal obligation.

11.    Plaintiff objects to Defendants' First Interrogatory to the extent that it seeks documents that are neither relevant to the issues in this dispute nor reasonably calculated to lead to the discovery of admissible evidence.   To the extent Plaintiff identifies documents in response to the Interrogatory, Plaintiff does not concede that the documents are admissible in evidence or relevant to this action.

12.    Plaintiff objects to Defendants' First Interrogatory as vague, ambiguous, overly broad, and unduly burdensome.  Plaintiff's response is with respect to the time period from January 1, 2012 to the present, unless otherwise indicated.

13.    Plaintiff objects to Defendants' First Interrogatory insofar as it seeks identification of documents that are unreasonably cumulative or duplicative, already in the possession of Defendants, primarily or exclusively within Defendants' knowledge or control, or obtainable from some other source that is less burdensome or less expensive. Plaintiff objects to Defendants' First Interrogatory to the extent it seeks identification of documents beyond those in Plaintiff's possession, custody, or control.

14.    Plaintiff objects to Defendants' First Interrogatory to the extent that it is unclear, ambiguous, overly broad, or unduly burdensome.

15.    Plaintiff objects to Defendants' First Interrogatory requesting "all," "each," or "any" identification of documents and/or facts on grounds that such requests are overly broad and unduly burdensome, seek irrelevant information, and seek to impose obligations beyond those imposed by law.   Plaintiff will construe the terms of the

Interrogatory to request that they use reasonable diligence to identify responsive non-privileged documents, based on examination of those sources that may reasonably be expected to yield such documents and of course Plaintiff reserves the right to continue to supplement these responses to the extent additional documents are located.

16.     Plaintiff objects to this First Interrogatory as harassing and burdensome. The above objections, and those made by other parties, are incorporated by reference herein. Dallas County further objects to this Interrogatory as a premature contention interrogatory that seeks a comprehensive identification of relevant facts before the close of discovery. *See* Fed. R. Civ. P. 33(a)(2); *Wallace v. GEO Grp., Inc.*, No. 2:12-cv-2745, 2013 WL 6490320, at *3 (W.D. La. Dec. 10, 2013); *Brassell v. Turner*, No. 3:05-cv-476, 2006 WL 1806465, at *3 (S.D. Miss. June 29, 2006). Furthermore, the discriminatory purpose underlying SB 14 is described in substantial detail in the Private Plaintiffs and United States' Responses in Opposition to Defendants' Motion to Dismiss  filed in this case(ECF. No. 92); the Defendant-Intervenors' and U.S.'s Proposed Findings of Fact in *Texas v. Holder*, No. 1:12-CV-00128 (D.D.C. June 25, 2012) (ECF. No. 223); the expert report and supplemental expert reports of all expert witnesses produced in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the depositions taken in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the exhibits entered into evidence in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the transcript of the trial conducted in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the findings of fact and opinion of the court in *Texas v. Holder*, 888 F. Supp. 2d 113, 138, 144 (D.D.C. 2012), *vacated*, 133 S. Ct. 2886 (2013)); the materials included in the Private Plaintiffs' and United States' Initial Disclosures. All of the aforementioned

documents are in Defendants' possession.

Additionally, please see the voluminous emails and other documents generated by Texas State Legislators and/or their respective staff members relating to various Texas' efforts to legislatively enact a photo ID bill in the legislative sessions of 2007, 2009, 2011 and 2013.  Additionally, please see Attorney General, Greg Abbott's announcement that Senate Bill 14 would be immediately implemented, which was issued on or about June 25th, 2014, the same day that the United States Supreme Court issued its opinion in *Shelby County v. Holder*.

Plaintiff's counsel reserves the right to supplement this Interrogatory answer and specifically directs Defendants' attention to the deposition of Keith Ingram completed on April 23rd, 2014, which was the first deposition completed in this case.  As Defendant knows there will be many depositions completed in this case that will contain information responsive to this interrogatory and many expert reports produced, which will also contain information responsive to this interrogatory, all of which are incorporated by reference in Plaintiff's response to this Interrogatory.

Dated this 30th day of April, 2014.

*Plaintiff, Michael Montez's, Response to Defendants' First Interrogatory – Page 8 of 10*

Respectfully submitted,

**BRAZIL & DUNN LLP**


    /s/ Chad W. Dunn
Chad W. Dunn
TBN 24036507; Fed. I.D. No. 33467
K. Scott Brazil
TBN 02934050; Fed. I.D. No. 2585
4201 Cypress Creek Parkway, Suite 530
Houston, Texas 77068
Telephone: (281) 580-6310
Facsimile: (281) 580-6362
E-Mail: chad@brazilanddunn.com
E-Mail: scott@brazilanddunn.com

Neil G. Baron
State Bar No.: 017970180
Law Office of Neil G. Baron
914 FM 517 W., Ste. 242
Dickinson, Texas  77539
281/534-2748 – Main
281/534-4309 – Fax
neil@ngbaronlaw.com – E-mail

J. Gerald Hebert
District of Columbia State Bar No.: 447676
Campaign Legal Center
215 E. Street, NE
Washington, DC  20002
202/736-2200, ext. 12 – Main
202/736-2222 – Fax
ghebert@campaignlegalcenter.org – E-mail

David Richards
State Bar No.: 16846000
Richards, Rodriguez & Skeith, LLP
816 Congress Avenue, Ste. 1200
Austin, Texas  78701
512/476-0005 – Main
512/476-1513 – Fax

daverichards@june.com – E-mail

Armand G. Derfner
Derfner, Altman & Wilborn, LLC
P.O. Box 600
Charleston, S.C.  29402
843/723-9804 – Main
aderfner@dawlegal.com – E-mail

**ATTORNEYS FOR PLAINTIFFS**

Craig M. Watkins
Dallas County District Attorney
State Bar No. 00791886
Teresa G. Snelson
Chief, Civil Division
Dallas County District Attorney's Office
State Bar. No. 08577250
411 Elm Street, 5th Floor
Dallas, TX 75202-4606
Telephone (214) 653-7358
Facsimile (214) 653-6134
Teresa.Snelson@dallascounty.org

**ATTORNEYS FOR DALLAS COUNTY,
TEXAS**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned here by certifies that a true and correct copy of the foregoing has been sent by electronic mail in accordance with the Federal Rules of Civil Procedure, this 30th day of April, 2014 to all counsel of record:

_____*/s/ Chad W. Dunn*_____
Chad W. Dunn

*Plaintiff, Michael Montez's, Response to Defendants' First Interrogatory – Page 10 of 10*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

|  |  |
|---|---|
| MARC VEASEY, JANE HAMILTON, SERGIO DELEON, FLOYD J. CARRIER, ANNA BURNS, MICHAEL MONTEZ, PENNY POPE, OSCAR ORTIZ, KOBY OZIAS, JOHN MELLOR-CRUMLEY, PEGGY HERMAN, EVELYN BRICKNER, GORDON BENJAMIN, KEN GANDY, LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), AND DALLAS COUNTY, TEXAS<br>      *Plaintiffs,*<br><br>v.<br><br>RICK PERRY, Governor of Texas; and JOHN STEEN, Texas Secretary of State,<br>      *Defendants.* | **CIVIL ACTION NO. 2:13-CV-193 (NGR) [Lead case]** |
| UNITED STATES OF AMERICA,<br>      *Plaintiff,*<br><br>TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, IMANI CLARK, AURICA WASHINGTON, CRYSTAL OWENS, AND MICHELLE BESSIAKE,<br>      *Plaintiff-Intervenors,*<br><br>TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, HIDALGO COUNTY AND MARIA LONGORIA BENAVIDES,<br>      *Plaintiff-Intervenors,*<br><br>v.<br><br>STATE OF TEXAS, JOHN STEEN, in his official capacity as the Texas Secretary of State, and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety,<br>      *Defendants.* | **CIVIL ACTION NO. 2:13-CV-263 (NGR) [Consolidated Case]** |
| TEXAS STATE CONFERENCE OF NAACP BRANCHES; and the MEXICAN AMERICAN | |

*Plaintiff, Oscar Ortiz's, Response to Defendants' First Interrogatory – Page 1 of 10*

| | | |
|---|---|---|
| **LEGISLATIVE CAUCUS OF THE TEXAS** | § | |
| **HOUSE OF REPRESENTATIVES,** | § | |
| *Plaintiffs,* | § | **CIVIL ACTION NO.** |
| | § | **2:13-CV-291 (NGR)** |
| **v.** | § | **[Consolidated Case]** |
| | § | |
| **JOHN STEEN, in his official capacity as Secretary** | § | |
| **of State of Texas; and STEVE McCRAW, in his** | § | |
| **official capacity as Director of the Texas** | § | |
| **Department of Public Safety,** | § | |
| *Defendants.* | § | |
| | § | |

| | | |
|---|---|---|
| **BELINDA ORTIZ, LENARD TAYLOR, EULALIO** | § | |
| **MENDEZ JR., LIONEL ESTRADA; ESTELA** | § | |
| **GARCIA ESPINOSA; ROXANNE HERNANDEZ,** | § | |
| **LYDIA LARA, MARGARITO MARTINEZ LARA,** | § | |
| **MAXIMA MARTINEZ LARA, and *LA UNION*** | § | |
| ***DEL PUBELR ENTERO, INC.*,** | § | **CIVIL ACTION NO.** |
| *Plaintiffs,* | § | **2:13-CV-348 (NGR)** |
| | § | **[Consolidated Case]** |
| **v.** | § | |
| | § | |
| **STATE OF TEXAS; JOHN STEEN, in his official** | § | |
| **capacity as Texas Secretary of State, and STEVE** | § | |
| **McCRAW, in his official capacity as Director of the** | § | |
| **Texas Department of Public Safety,** | § | |
| *Defendants.* | § | |
| | § | |

## PLAINTIFF, OSCAR ORTIZ'S, RESPONSE TO
## DEFENDANTS' FIRST INTERROGATORY

**TO: Defendants State of Texas, Rick Perry, the Texas Secretary of State, and Steve McCraw by and through their attorney, John Scott, Deputy Attorney for Civil Litigation, Office of the Attorney General,  via first class mail, return receipt requested to 209 West 14th Street, P.O. Box 12548, Austin, TX 70711-2548**

COMES NOW Plaintiff, OSCAR ORTIZ, pursuant to Fed.R.Civ.P. 34, and submits his

response to Defendants' First Request for Interrogatory.

## OBJECTIONS TO DEFINITIONS

1.      Plaintiff objects to the definition of the term "Electronically Stored Information" on the grounds that the definition is overly broad and unduly burdensome. Plaintiff further objects to this definition to the extent that it seeks information not in Plaintiff's possession, custody, or control.  Accordingly, Plaintiff interprets the term "Electronically Stored Information" as synonymous in meaning and equal in scope to the usage of the term "electronically stored information" in Rule 34 of the Federal Rules of Civil Procedure.

2.      Plaintiff objects to the definition of the term "document" on grounds that the definition is overly broad and unduly burdensome.  Plaintiff further objects to this definition to the extent that it seeks information not in Plaintiff's possession, custody, or control.  Plaintiff interprets the term "document" as synonymous in meaning and equal in scope to the usage of the term "document" in Rule 34 of the Federal Rules of Civil Procedure.

3.      Plaintiff objects to the definition of "you and your" on grounds that the definition is overly broad and unduly burdensome.  Plaintiff further objects to this definition to the extent that it includes within the definition individuals who are not parties to this litigation.  Plaintiff interprets for purposes of these document requests "you and your" to respectively refer to any individual.

## INTERROGATORY NO. 1:

Please identify and describe in detail all facts that support your claim that SB 14, as enacted by the State of Texas' 82nd Legislature, was enacted with a discriminatory purpose and intent. This interrogatory includes a request to identify any documents or tangible things you intend to rely on at trial which have not been, or will not be, produced in response to any Request for Production propounded on you or any other party by Defendants.

## OBJECTIONS

1.     Plaintiff objects to Defendants' First Interrogatory to the extent it seeks information or the disclosure of information which is protected by any privilege or immunity including the attorney-client privilege, work product doctrine, common interest privilege or any other statutory or common law privilege.  Plaintiff reserves the right to withhold such information.  Any inadvertent disclosure of such privileged or otherwise protected information shall not be deemed a waiver of any privilege or work product immunity.  The Clawback Order entered in this matter on November 4, 2013 governs any such disclosure.  See Agreement Concerning Production Format, ECF No. 61-6.

2.     Plaintiff objects to Defendants' First Interrogatory to the extent Defendants attempt or purport to impose greater or different obligations in discovery than are required by the Federal Rules of Civil Procedure or the Local Rules of this Court.

3.     Plaintiff objects to Defendants' First Interrogatory to the extent Defendants seek information that calls for a legal conclusion.

4.     Plaintiff objects to Defendants' First Interrogatory on the grounds that it is vague, ambiguous, and makes responding impossible without speculation.

5.     Plaintiff objects to Defendants' First Interrogatory to the extent that it seeks

information not within Plaintiff's possession, custody or control.

6.      Plaintiff objects to Defendants' First Interrogatory to the extent that it is premature at this stage of discovery.  For example, but not limited to, the identification of documents to be produced at trial is governed by the Court's scheduling order.

7.      Plaintiff's consent herein to respond to Defendants' First Interrogatory shall not be construed as an admission by Plaintiff that such information, in fact, exists or that such information, if it exists, is in Plaintiff's possession, custody or control.

8.      Plaintiff responds solely for the purpose of and in relation to this action. Plaintiff's Response to Defendants' First Interrogatory is made subject to any and all objections to competence, relevance, materiality, and admissibility that would require the exclusion at the time of trial of any statement and/or document produced in response to the First Interrogatory.  Plaintiff reserves the right to interpose such objections at the time of trial, if any.

9.      Plaintiff reserves the right to amend, revise or supplement its responses at any time prior to trial or otherwise permitted by applicable law or under the Court's Scheduling Order.

10.     To the extent Plaintiff's response to the Defendants' First Interrogatory requires the disclosure of protected material, including but not limited to confidential information or any information implicating privacy interests, Plaintiff's response shall be subject to the Consent Protective Order entered in this matter on December 5, 2013, ECF No. 105, or any subsequent revisions to the Protective Order agreed upon by the parties. Plaintiff further objects to the extent Defendants' First Interrogatory seeks confidential or

personal information of a third party, the disclosure of which is not permitted by reason of privacy laws or other binding legal obligation.

11.     Plaintiff objects to Defendants' First Interrogatory to the extent that it seeks documents that are neither relevant to the issues in this dispute nor reasonably calculated to lead to the discovery of admissible evidence.   To the extent Plaintiff identifies documents in response to the Interrogatory, Plaintiff does not concede that the documents are admissible in evidence or relevant to this action.

12.     Plaintiff objects to Defendants' First Interrogatory as vague, ambiguous, overly broad, and unduly burdensome.   Plaintiff's response is with respect to the time period from January 1, 2012 to the present, unless otherwise indicated.

13.     Plaintiff objects to Defendants' First Interrogatory insofar as it seeks identification of documents that are unreasonably cumulative or duplicative, already in the possession of Defendants, primarily or exclusively within Defendants' knowledge or control, or obtainable from some other source that is less burdensome or less expensive. Plaintiff objects to Defendants' First Interrogatory to the extent it seeks identification of documents beyond those in Plaintiff's possession, custody, or control.

14.     Plaintiff objects to Defendants' First Interrogatory to the extent that it is unclear, ambiguous, overly broad, or unduly burdensome.

15.     Plaintiff objects to Defendants' First Interrogatory requesting "all," "each," or "any" identification of documents and/or facts on grounds that such requests are overly broad and unduly burdensome, seek irrelevant information, and seek to impose obligations beyond those imposed by law.   Plaintiff will construe the terms of the

Interrogatory to request that they use reasonable diligence to identify responsive non-privileged documents, based on examination of those sources that may reasonably be expected to yield such documents and of course Plaintiff reserves the right to continue to supplement these responses to the extent additional documents are located.

16.     Plaintiff objects to this First Interrogatory as harassing and burdensome. The above objections, and those made by other parties, are incorporated by reference herein. Dallas County further objects to this Interrogatory as a premature contention interrogatory that seeks a comprehensive identification of relevant facts before the close of discovery. *See* Fed. R. Civ. P. 33(a)(2); *Wallace v. GEO Grp., Inc.*, No. 2:12-cv-2745, 2013 WL 6490320, at *3 (W.D. La. Dec. 10, 2013); *Brassell v. Turner*, No. 3:05-cv-476, 2006 WL 1806465, at *3 (S.D. Miss. June 29, 2006). Furthermore, the discriminatory purpose underlying SB 14 is described in substantial detail in the Private Plaintiffs and United States' Responses in Opposition to Defendants' Motion to Dismiss filed in this case(ECF. No. 92); the Defendant-Intervenors' and U.S.'s Proposed Findings of Fact in *Texas v. Holder*, No. 1:12-CV-00128 (D.D.C. June 25, 2012) (ECF. No. 223); the expert report and supplemental expert reports of all expert witnesses produced in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the depositions taken in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the exhibits entered into evidence in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the transcript of the trial conducted in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the findings of fact and opinion of the court in *Texas v. Holder*, 888 F. Supp. 2d 113, 138, 144 (D.D.C. 2012), *vacated*, 133 S. Ct. 2886 (2013)); the materials included in the Private Plaintiffs' and United States' Initial Disclosures. All of the aforementioned

documents are in Defendants' possession.

Additionally, please see the voluminous emails and other documents generated by Texas State Legislators and/or their respective staff members relating to various Texas' efforts to legislatively enact a photo ID bill in the legislative sessions of 2007, 2009, 2011 and 2013.  Additionally, please see Attorney General, Greg Abbott's announcement that Senate Bill 14 would be immediately implemented, which was issued on or about June 25th, 2014, the same day that the United States Supreme Court issued its opinion in *Shelby County v. Holder*.

Plaintiff's counsel reserves the right to supplement this Interrogatory answer and specifically directs Defendants' attention to the deposition of Keith Ingram completed on April 23rd, 2014, which was the first deposition completed in this case.  As Defendant knows there will be many depositions completed in this case that will contain information responsive to this interrogatory and many expert reports produced, which will also contain information responsive to this interrogatory, all of which are incorporated by reference in Plaintiff's response to this Interrogatory.

Dated this 30th day of April, 2014.

*Plaintiff, Oscar Ortiz's, Response to Defendants' First Interrogatory – Page 8 of 10*

Respectfully submitted,

**BRAZIL & DUNN LLP**


    /s/ Chad W. Dunn
Chad W. Dunn
TBN 24036507; Fed. I.D. No. 33467
K. Scott Brazil
TBN 02934050; Fed. I.D. No. 2585
4201 Cypress Creek Parkway, Suite 530
Houston, Texas 77068
Telephone: (281) 580-6310
Facsimile: (281) 580-6362
E-Mail: chad@brazilanddunn.com
E-Mail: scott@brazilanddunn.com

Neil G. Baron
State Bar No.: 017970180
Law Office of Neil G. Baron
914 FM 517 W., Ste. 242
Dickinson, Texas  77539
281/534-2748 – Main
281/534-4309 – Fax
neil@ngbaronlaw.com – E-mail

J. Gerald Hebert
District of Columbia State Bar No.: 447676
Campaign Legal Center
215 E. Street, NE
Washington, DC  20002
202/736-2200, ext. 12 – Main
202/736-2222 – Fax
ghebert@campaignlegalcenter.org – E-mail

David Richards
State Bar No.: 16846000
Richards, Rodriguez & Skeith, LLP
816 Congress Avenue, Ste. 1200
Austin, Texas  78701
512/476-0005 – Main
512/476-1513 – Fax

daverichards@june.com – E-mail

Armand G. Derfner
Derfner, Altman & Wilborn, LLC
P.O. Box 600
Charleston, S.C.  29402
843/723-9804 – Main
aderfner@dawlegal.com – E-mail

**ATTORNEYS FOR PLAINTIFFS**

Craig M. Watkins
Dallas County District Attorney
State Bar No. 00791886
Teresa G. Snelson
Chief, Civil Division
Dallas County District Attorney's Office
State Bar. No. 08577250
411 Elm Street, 5th Floor
Dallas, TX 75202-4606
Telephone (214) 653-7358
Facsimile (214) 653-6134
Teresa.Snelson@dallascounty.org

**ATTORNEYS FOR DALLAS COUNTY,
TEXAS**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned here by certifies that a true and correct copy of the foregoing has been sent by electronic mail in accordance with the Federal Rules of Civil Procedure, this 30th day of April, 2014 to all counsel of record:

_____ */s/ Chad W. Dunn* _____
Chad W. Dunn

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

MARC VEASEY, JANE HAMILTON, SERGIO
DELEON, FLOYD J. CARRIER, ANNA BURNS,
MICHAEL MONTEZ, PENNY POPE, OSCAR
ORTIZ, KOBY OZIAS, JOHN MELLOR-
CRUMLEY, PEGGY HERMAN, EVELYN
BRICKNER, GORDON BENJAMIN, KEN
GANDY, LEAGUE OF UNITED LATIN
AMERICAN CITIZENS (LULAC), AND DALLAS
COUNTY, TEXAS
    *Plaintiffs,*

v.

RICK PERRY, Governor of Texas; and JOHN
STEEN, Texas Secretary of State,
    *Defendants.*

CIVIL ACTION NO.
2:13-CV-193 (NGR)
[Lead case]

UNITED STATES OF AMERICA,
    *Plaintiff,*

TEXAS LEAGUE OF YOUNG VOTERS
EDUCATION FUND, IMANI CLARK, AURICA
WASHINGTON, CRYSTAL OWENS, AND
MICHELLE BESSIAKE,
    *Plaintiff-Intervenors,*

TEXAS ASSOCIATION OF HISPANIC COUNTY
JUDGES AND COUNTY COMMISSIONERS,
HIDALGO COUNTY AND MARIA LONGORIA
BENAVIDES,
    *Plaintiff-Intervenors,*

v.

STATE OF TEXAS, JOHN STEEN, in his official
capacity as the Texas Secretary of State, and
STEVE McCRAW, in his official capacity as
Director of the Texas Department of Public Safety,
    *Defendants.*

CIVIL ACTION NO.
2:13-CV-263 (NGR)
[Consolidated Case]

TEXAS STATE CONFERENCE OF NAACP
BRANCHES; and the MEXICAN AMERICAN

| | | |
|---|---|---|
| **LEGISLATIVE CAUCUS OF THE TEXAS HOUSE OF REPRESENTATIVES,** | § § § | |
| *Plaintiffs,* | § § | **CIVIL ACTION NO.** **2:13-CV-291 (NGR)** |
| **v.** | § § | **[Consolidated Case]** |
| **JOHN STEEN, in his official capacity as Secretary of State of Texas; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety,** | § § § § § | |
| *Defendants.* | § § | |
| | § | |
| **BELINDA ORTIZ, LENARD TAYLOR, EULALIO MENDEZ JR., LIONEL ESTRADA; ESTELA GARCIA ESPINOSA; ROXANNE HERNANDEZ, LYDIA LARA, MARGARITO MARTINEZ LARA, MAXIMA MARTINEZ LARA, and *LA UNION DEL PUEBLR ENTERO, INC.*,** | § § § § § § § § | |
| *Plaintiffs,* | § § | **CIVIL ACTION NO.** **2:13-CV-348 (NGR)** |
| **v.** | § § | **[Consolidated Case]** |
| **STATE OF TEXAS; JOHN STEEN, in his official capacity as Texas Secretary of State, and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety,** | § § § § § § | |
| *Defendants.* | § § | |

## PLAINTIFF, PEGGY DRAPER HERMAN'S, RESPONSE TO DEFENDANTS' FIRST INTERROGATORY

**TO: Defendants State of Texas, Rick Perry, the Texas Secretary of State, and Steve McCraw by and through their attorney, John Scott, Deputy Attorney for Civil Litigation, Office of the Attorney General,  via first class mail, return receipt requested to 209 West 14th Street, P.O. Box 12548, Austin, TX 70711-2548**

COMES NOW Plaintiff, PEGGY DRAPER HERMAN, pursuant to Fed.R.Civ.P. 34, and

submits her response to Defendants' First Request for Interrogatory.

## OBJECTIONS TO DEFINITIONS

1.     Plaintiff objects to the definition of the term "Electronically Stored Information" on the grounds that the definition is overly broad and unduly burdensome. Plaintiff further objects to this definition to the extent that it seeks information not in Plaintiff's possession, custody, or control.   Accordingly, Plaintiff interprets the term "Electronically Stored Information" as synonymous in meaning and equal in scope to the usage of the term "electronically stored information" in Rule 34 of the Federal Rules of Civil Procedure.

2.     Plaintiff objects to the definition of the term "document" on grounds that the definition is overly broad and unduly burdensome.  Plaintiff further objects to this definition to the extent that it seeks information not in Plaintiff's possession, custody, or control.  Plaintiff interprets the term "document" as synonymous in meaning and equal in scope to the usage of the term "document" in Rule 34 of the Federal Rules of Civil Procedure.

3.     Plaintiff objects to the definition of "you and your" on grounds that the definition is overly broad and unduly burdensome.   Plaintiff further objects to this definition to the extent that it includes within the definition individuals who are not parties to this litigation.  Plaintiff interprets for purposes of these document requests "you and your" to respectively refer to any individual.

**INTERROGATORY NO. 1:**

Please identify and describe in detail all facts that support your claim that SB 14, as enacted by the State of Texas' 82nd Legislature, was enacted with a discriminatory purpose and intent. This interrogatory includes a request to identify any documents or tangible things you intend to rely on at trial which have not been, or will not be, produced in response to any Request for Production propounded on you or any other party by Defendants.

## OBJECTIONS

1.     Plaintiff objects to Defendants' First Interrogatory to the extent it seeks information or the disclosure of information which is protected by any privilege or immunity including the attorney-client privilege, work product doctrine, common interest privilege or any other statutory or common law privilege.  Plaintiff reserves the right to withhold such information.  Any inadvertent disclosure of such privileged or otherwise protected information shall not be deemed a waiver of any privilege or work product immunity.  The Clawback Order entered in this matter on November 4, 2013 governs any such disclosure.  See Agreement Concerning Production Format, ECF No. 61-6.

2.     Plaintiff objects to Defendants' First Interrogatory to the extent Defendants attempt or purport to impose greater or different obligations in discovery than are required by the Federal Rules of Civil Procedure or the Local Rules of this Court.

3.     Plaintiff objects to Defendants' First Interrogatory to the extent Defendants seek information that calls for a legal conclusion.

4.     Plaintiff objects to Defendants' First Interrogatory on the grounds that it is vague, ambiguous, and makes responding impossible without speculation.

5.     Plaintiff objects to Defendants' First Interrogatory to the extent that it seeks

information not within Plaintiff's possession, custody or control.

6.      Plaintiff objects to Defendants' First Interrogatory to the extent that it is premature at this stage of discovery.  For example, but not limited to, the identification of documents to be produced at trial is governed by the Court's scheduling order.

7.      Plaintiff's consent herein to respond to Defendants' First Interrogatory shall not be construed as an admission by Plaintiff that such information, in fact, exists or that such information, if it exists, is in Plaintiff's possession, custody or control.

8.      Plaintiff responds solely for the purpose of and in relation to this action. Plaintiff's Response to Defendants' First Interrogatory is made subject to any and all objections to competence, relevance, materiality, and admissibility that would require the exclusion at the time of trial of any statement and/or document produced in response to the First Interrogatory.  Plaintiff reserves the right to interpose such objections at the time of trial, if any.

9.      Plaintiff reserves the right to amend, revise or supplement its responses at any time prior to trial or otherwise permitted by applicable law or under the Court's Scheduling Order.

10.      To the extent Plaintiff's response to the Defendants' First Interrogatory requires the disclosure of protected material, including but not limited to confidential information or any information implicating privacy interests, Plaintiff's response shall be subject to the Consent Protective Order entered in this matter on December 5, 2013, ECF No. 105, or any subsequent revisions to the Protective Order agreed upon by the parties. Plaintiff further objects to the extent Defendants' First Interrogatory seeks confidential or

personal information of a third party, the disclosure of which is not permitted by reason of privacy laws or other binding legal obligation.

11.     Plaintiff objects to Defendants' First Interrogatory to the extent that it seeks documents that are neither relevant to the issues in this dispute nor reasonably calculated to lead to the discovery of admissible evidence.   To the extent Plaintiff identifies documents in response to the Interrogatory, Plaintiff does not concede that the documents are admissible in evidence or relevant to this action.

12.     Plaintiff objects to Defendants' First Interrogatory as vague, ambiguous, overly broad, and unduly burdensome.   Plaintiff's response is with respect to the time period from January 1, 2012 to the present, unless otherwise indicated.

13.     Plaintiff objects to Defendants' First Interrogatory insofar as it seeks identification of documents that are unreasonably cumulative or duplicative, already in the possession of Defendants, primarily or exclusively within Defendants' knowledge or control, or obtainable from some other source that is less burdensome or less expensive. Plaintiff objects to Defendants' First Interrogatory to the extent it seeks identification of documents beyond those in Plaintiff's possession, custody, or control.

14.     Plaintiff objects to Defendants' First Interrogatory to the extent that it is unclear, ambiguous, overly broad, or unduly burdensome.

15.     Plaintiff objects to Defendants' First Interrogatory requesting "all," "each," or "any" identification of documents and/or facts on grounds that such requests are overly broad and unduly burdensome, seek irrelevant information, and seek to impose obligations beyond those imposed by law.   Plaintiff will construe the terms of the

Interrogatory to request that they use reasonable diligence to identify responsive non-privileged documents, based on examination of those sources that may reasonably be expected to yield such documents and of course Plaintiff reserves the right to continue to supplement these responses to the extent additional documents are located.

16.     Plaintiff objects to this First Interrogatory as harassing and burdensome. The above objections, and those made by other parties, are incorporated by reference herein. Dallas County further objects to this Interrogatory as a premature contention interrogatory that seeks a comprehensive identification of relevant facts before the close of discovery. *See* Fed. R. Civ. P. 33(a)(2); *Wallace v. GEO Grp., Inc.*, No. 2:12-cv-2745, 2013 WL 6490320, at *3 (W.D. La. Dec. 10, 2013); *Brassell v. Turner*, No. 3:05-cv-476, 2006 WL 1806465, at *3 (S.D. Miss. June 29, 2006). Furthermore, the discriminatory purpose underlying SB 14 is described in substantial detail in the Private Plaintiffs and United States' Responses in Opposition to Defendants' Motion to Dismiss  filed in this case(ECF. No. 92); the Defendant-Intervenors' and U.S.'s Proposed Findings of Fact in *Texas v. Holder*, No. 1:12-CV-00128 (D.D.C. June 25, 2012) (ECF. No. 223); the expert report and supplemental expert reports of all expert witnesses produced in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the depositions taken in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the exhibits entered into evidence in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the transcript of the trial conducted in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the findings of fact and opinion of the court in *Texas v. Holder*, 888 F. Supp. 2d 113, 138, 144 (D.D.C. 2012), *vacated*, 133 S. Ct. 2886 (2013)); the materials included in the Private Plaintiffs' and United States' Initial Disclosures. All of the aforementioned

documents are in Defendants' possession.

Additionally, please see the voluminous emails and other documents generated by Texas State Legislators and/or their respective staff members relating to various Texas' efforts to legislatively enact a photo ID bill in the legislative sessions of 2007, 2009, 2011 and 2013.  Additionally, please see Attorney General, Greg Abbott's announcement that Senate Bill 14 would be immediately implemented, which was issued on or about June 25th, 2014, the same day that the United States Supreme Court issued its opinion in *Shelby County v. Holder*.

Plaintiff's counsel reserves the right to supplement this Interrogatory answer and specifically directs Defendants' attention to the deposition of Keith Ingram completed on April 23rd, 2014, which was the first deposition completed in this case.  As Defendant knows there will be many depositions completed in this case that will contain information responsive to this interrogatory and many expert reports produced, which will also contain information responsive to this interrogatory, all of which are incorporated by reference in Plaintiff's response to this Interrogatory.

Dated this 30th day of April, 2014.

Respectfully submitted,

**BRAZIL & DUNN LLP**


_____/s/ Chad W. Dunn_____
Chad W. Dunn
TBN 24036507; Fed. I.D. No. 33467
K. Scott Brazil
TBN 02934050; Fed. I.D. No. 2585
4201 Cypress Creek Parkway, Suite 530
Houston, Texas 77068
Telephone: (281) 580-6310
Facsimile: (281) 580-6362
E-Mail: chad@brazilanddunn.com
E-Mail: scott@brazilanddunn.com

Neil G. Baron
State Bar No.: 017970180
Law Office of Neil G. Baron
914 FM 517 W., Ste. 242
Dickinson, Texas  77539
281/534-2748 – Main
281/534-4309 – Fax
neil@ngbaronlaw.com – E-mail

J. Gerald Hebert
District of Columbia State Bar No.: 447676
Campaign Legal Center
215 E. Street, NE
Washington, DC  20002
202/736-2200, ext. 12 – Main
202/736-2222 – Fax
ghebert@campaignlegalcenter.org – E-mail

David Richards
State Bar No.: 16846000
Richards, Rodriguez & Skeith, LLP
816 Congress Avenue, Ste. 1200
Austin, Texas  78701
512/476-0005 – Main
512/476-1513 – Fax

daverichards@june.com – E-mail

Armand G. Derfner
Derfner, Altman & Wilborn, LLC
P.O. Box 600
Charleston, S.C.  29402
843/723-9804 – Main
aderfner@dawlegal.com – E-mail

**ATTORNEYS FOR PLAINTIFFS**

Craig M. Watkins
Dallas County District Attorney
State Bar No. 00791886
Teresa G. Snelson
Chief, Civil Division
Dallas County District Attorney's Office
State Bar. No. 08577250
411 Elm Street, 5th Floor
Dallas, TX 75202-4606
Telephone (214) 653-7358
Facsimile (214) 653-6134
Teresa.Snelson@dallascounty.org

**ATTORNEYS FOR DALLAS COUNTY,
TEXAS**


<u>**CERTIFICATE OF SERVICE**</u>

The undersigned here by certifies that a true and correct copy of the foregoing has been sent by electronic mail in accordance with the Federal Rules of Civil Procedure, this 30th day of April, 2014 to all counsel of record:


_____*/s/ Chad W. Dunn*_____
Chad W. Dunn

*Plaintiff, Peggy Draper Herman's, Response to Defendants' First Interrogatory – Page 10 of 10*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

|  |  |  |
|---|---|---|
| **MARC VEASEY, JANE HAMILTON, SERGIO DELEON, FLOYD J. CARRIER, ANNA BURNS, MICHAEL MONTEZ, PENNY POPE, OSCAR ORTIZ, KOBY OZIAS, JOHN MELLOR-CRUMLEY, PEGGY HERMAN, EVELYN BRICKNER, GORDON BENJAMIN, KEN GANDY, LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), AND DALLAS COUNTY, TEXAS** | § § § § § § § § § § § | |
| *Plaintiffs,* | § § | **CIVIL ACTION NO.** |
| v. | § § | **2:13-CV-193 (NGR)** |
|  | § | **[Lead case]** |
| **RICK PERRY, Governor of Texas; and JOHN STEEN, Texas Secretary of State,** | § § | |
| *Defendants.* | § | |
|  | § | |
| **UNITED STATES OF AMERICA,** | § § | |
| *Plaintiff,* | § | |
|  | § | |
| **TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, IMANI CLARK, AURICA WASHINGTON, CRYSTAL OWENS, AND MICHELLE BESSIAKE,** | § § § § | |
| *Plaintiff-Intervenors,* | § | |
|  | § | |
| **TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, HIDALGO COUNTY AND MARIA LONGORIA BENAVIDES,** | § § § § | |
| *Plaintiff-Intervenors,* | § | **CIVIL ACTION NO.** |
|  | § | **2:13-CV-263 (NGR)** |
| v. | § | **[Consolidated Case]** |
|  | § | |
| **STATE OF TEXAS, JOHN STEEN, in his official capacity as the Texas Secretary of State, and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety,** | § § § § | |
| *Defendants.* | § | |
|  | § | |
| **TEXAS STATE CONFERENCE OF NAACP BRANCHES; and the MEXICAN AMERICAN** | § § | |

| | | |
|---|---|---|
| **LEGISLATIVE CAUCUS OF THE TEXAS** | § | |
| **HOUSE OF REPRESENTATIVES,** | § | |
| *Plaintiffs,* | § | **CIVIL ACTION NO.** |
| | § | **2:13-CV-291 (NGR)** |
| **v.** | § | **[Consolidated Case]** |
| | § | |
| **JOHN STEEN, in his official capacity as Secretary** | § | |
| **of State of Texas; and STEVE McCRAW, in his** | § | |
| **official capacity as Director of the Texas** | § | |
| **Department of Public Safety,** | § | |
| *Defendants.* | § | |
| | § | |
| | § | |
| | § | |
| **BELINDA ORTIZ, LENARD TAYLOR, EULALIO** | § | |
| **MENDEZ JR., LIONEL ESTRADA; ESTELA** | § | |
| **GARCIA ESPINOSA; ROXANNE HERNANDEZ,** | § | |
| **LYDIA LARA, MARGARITO MARTINEZ LARA,** | § | |
| **MAXIMA MARTINEZ LARA, and** *LA UNION* | § | |
| *DEL PUBELR ENTERO, INC.*, | § | **CIVIL ACTION NO.** |
| *Plaintiffs,* | § | **2:13-CV-348 (NGR)** |
| | § | **[Consolidated Case]** |
| **v.** | § | |
| | § | |
| **STATE OF TEXAS; JOHN STEEN, in his official** | § | |
| **capacity as Texas Secretary of State, and STEVE** | § | |
| **McCRAW, in his official capacity as Director of the** | § | |
| **Texas Department of Public Safety,** | § | |
| *Defendants.* | § | |
| | § | |

## PLAINTIFF, PENNY POPE'S, RESPONSE TO
## DEFENDANTS' FIRST INTERROGATORY

**TO: Defendants State of Texas, Rick Perry, the Texas Secretary of State, and Steve McCraw by and through their attorney, John Scott, Deputy Attorney for Civil Litigation, Office of the Attorney General,  via first class mail, return receipt requested to 209 West 14th Street, P.O. Box 12548, Austin, TX 70711-2548**

COMES NOW Plaintiff, PENNY POPE, pursuant to Fed.R.Civ.P. 34, and submits her

response to Defendants' First Request for Interrogatory.

## OBJECTIONS TO DEFINITIONS

1.      Plaintiff objects to the definition of the term "Electronically Stored Information" on the grounds that the definition is overly broad and unduly burdensome. Plaintiff further objects to this definition to the extent that it seeks information not in Plaintiff's possession, custody, or control.   Accordingly, Plaintiff interprets the term "Electronically Stored Information" as synonymous in meaning and equal in scope to the usage of the term "electronically stored information" in Rule 34 of the Federal Rules of Civil Procedure.

2.      Plaintiff objects to the definition of the term "document" on grounds that the definition is overly broad and unduly burdensome.  Plaintiff further objects to this definition to the extent that it seeks information not in Plaintiff's possession, custody, or control.  Plaintiff interprets the term "document" as synonymous in meaning and equal in scope to the usage of the term "document" in Rule 34 of the Federal Rules of Civil Procedure.

3.      Plaintiff objects to the definition of "you and your" on grounds that the definition is overly broad and unduly burdensome.   Plaintiff further objects to this definition to the extent that it includes within the definition individuals who are not parties to this litigation.  Plaintiff interprets for purposes of these document requests "you and your" to respectively refer to any individual.

**INTERROGATORY NO. 1:**

Please identify and describe in detail all facts that support your claim that SB 14, as enacted by the State of Texas' 82nd Legislature, was enacted with a discriminatory purpose and intent. This interrogatory includes a request to identify any documents or tangible things you intend to rely on at trial which have not been, or will not be, produced in response to any Request for Production propounded on you or any other party by Defendants.

## OBJECTIONS

1.      Plaintiff objects to Defendants' First Interrogatory to the extent it seeks information or the disclosure of information which is protected by any privilege or immunity including the attorney-client privilege, work product doctrine, common interest privilege or any other statutory or common law privilege.  Plaintiff reserves the right to withhold such information.  Any inadvertent disclosure of such privileged or otherwise protected information shall not be deemed a waiver of any privilege or work product immunity.  The Clawback Order entered in this matter on November 4, 2013 governs any such disclosure.  See Agreement Concerning Production Format, ECF No. 61-6.

2.      Plaintiff objects to Defendants' First Interrogatory to the extent Defendants attempt or purport to impose greater or different obligations in discovery than are required by the Federal Rules of Civil Procedure or the Local Rules of this Court.

3.      Plaintiff objects to Defendants' First Interrogatory to the extent Defendants seek information that calls for a legal conclusion.

4.      Plaintiff objects to Defendants' First Interrogatory on the grounds that it is vague, ambiguous, and makes responding impossible without speculation.

5.      Plaintiff objects to Defendants' First Interrogatory to the extent that it seeks

information not within Plaintiff's possession, custody or control.

6.      Plaintiff objects to Defendants' First Interrogatory to the extent that it is premature at this stage of discovery.  For example, but not limited to, the identification of documents to be produced at trial is governed by the Court's scheduling order.

7.      Plaintiff's consent herein to respond to Defendants' First Interrogatory shall not be construed as an admission by Plaintiff that such information, in fact, exists or that such information, if it exists, is in Plaintiff's possession, custody or control.

8.      Plaintiff responds solely for the purpose of and in relation to this action. Plaintiff's Response to Defendants' First Interrogatory is made subject to any and all objections to competence, relevance, materiality, and admissibility that would require the exclusion at the time of trial of any statement and/or document produced in response to the First Interrogatory.  Plaintiff reserves the right to interpose such objections at the time of trial, if any.

9.      Plaintiff reserves the right to amend, revise or supplement its responses at any time prior to trial or otherwise permitted by applicable law or under the Court's Scheduling Order.

10.      To the extent Plaintiff's response to the Defendants' First Interrogatory requires the disclosure of protected material, including but not limited to confidential information or any information implicating privacy interests, Plaintiff's response shall be subject to the Consent Protective Order entered in this matter on December 5, 2013, ECF No. 105, or any subsequent revisions to the Protective Order agreed upon by the parties. Plaintiff further objects to the extent Defendants' First Interrogatory seeks confidential or

*Plaintiff, Penny Pope's, Response to Defendants' First Interrogatory – Page 5 of 10*

personal information of a third party, the disclosure of which is not permitted by reason of privacy laws or other binding legal obligation.

11.    Plaintiff objects to Defendants' First Interrogatory to the extent that it seeks documents that are neither relevant to the issues in this dispute nor reasonably calculated to lead to the discovery of admissible evidence.   To the extent Plaintiff identifies documents in response to the Interrogatory, Plaintiff does not concede that the documents are admissible in evidence or relevant to this action.

12.    Plaintiff objects to Defendants' First Interrogatory as vague, ambiguous, overly broad, and unduly burdensome.  Plaintiff's response is with respect to the time period from January 1, 2012 to the present, unless otherwise indicated.

13.    Plaintiff objects to Defendants' First Interrogatory insofar as it seeks identification of documents that are unreasonably cumulative or duplicative, already in the possession of Defendants, primarily or exclusively within Defendants' knowledge or control, or obtainable from some other source that is less burdensome or less expensive. Plaintiff objects to Defendants' First Interrogatory to the extent it seeks identification of documents beyond those in Plaintiff's possession, custody, or control.

14.    Plaintiff objects to Defendants' First Interrogatory to the extent that it is unclear, ambiguous, overly broad, or unduly burdensome.

15.    Plaintiff objects to Defendants' First Interrogatory requesting "all," "each," or "any" identification of documents and/or facts on grounds that such requests are overly broad and unduly burdensome, seek irrelevant information, and seek to impose obligations beyond those imposed by law.   Plaintiff will construe the terms of the

*Plaintiff, Penny Pope's, Response to Defendants' First Interrogatory – Page 6 of 10*

Interrogatory to request that they use reasonable diligence to identify responsive non-privileged documents, based on examination of those sources that may reasonably be expected to yield such documents and of course Plaintiff reserves the right to continue to supplement these responses to the extent additional documents are located.

16.   Plaintiff objects to this First Interrogatory as harassing and burdensome. The above objections, and those made by other parties, are incorporated by reference herein. Dallas County further objects to this Interrogatory as a premature contention interrogatory that seeks a comprehensive identification of relevant facts before the close of discovery. *See* Fed. R. Civ. P. 33(a)(2); *Wallace v. GEO Grp., Inc.*, No. 2:12-cv-2745, 2013 WL 6490320, at *3 (W.D. La. Dec. 10, 2013); *Brassell v. Turner*, No. 3:05-cv-476, 2006 WL 1806465, at *3 (S.D. Miss. June 29, 2006). Furthermore, the discriminatory purpose underlying SB 14 is described in substantial detail in the Private Plaintiffs and United States' Responses in Opposition to Defendants' Motion to Dismiss  filed in this case(ECF. No. 92); the Defendant-Intervenors' and U.S.'s Proposed Findings of Fact in *Texas v. Holder*, No. 1:12-CV-00128 (D.D.C. June 25, 2012) (ECF. No. 223); the expert report and supplemental expert reports of all expert witnesses produced in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the depositions taken in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the exhibits entered into evidence in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the transcript of the trial conducted in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the findings of fact and opinion of the court in *Texas v. Holder*, 888 F. Supp. 2d 113, 138, 144 (D.D.C. 2012), *vacated*, 133 S. Ct. 2886 (2013)); the materials included in the Private Plaintiffs' and United States' Initial Disclosures. All of the aforementioned

documents are in Defendants' possession.

Additionally, please see the voluminous emails and other documents generated by Texas State Legislators and/or their respective staff members relating to various Texas' efforts to legislatively enact a photo ID bill in the legislative sessions of 2007, 2009, 2011 and 2013.  Additionally, please see Attorney General, Greg Abbott's announcement that Senate Bill 14 would be immediately implemented, which was issued on or about June 25th, 2014, the same day that the United States Supreme Court issued its opinion in *Shelby County v. Holder*.

Plaintiff's counsel reserves the right to supplement this Interrogatory answer and specifically directs Defendants' attention to the deposition of Keith Ingram completed on April 23rd, 2014, which was the first deposition completed in this case.  As Defendant knows there will be many depositions completed in this case that will contain information responsive to this interrogatory and many expert reports produced, which will also contain information responsive to this interrogatory, all of which are incorporated by reference in Plaintiff's response to this Interrogatory.

Dated this 30th day of April, 2014.

*Plaintiff, Penny Pope's, Response to Defendants' First Interrogatory – Page 8 of 10*

Respectfully submitted,

**BRAZIL & DUNN LLP**


    /s/ Chad W. Dunn
Chad W. Dunn
TBN 24036507; Fed. I.D. No. 33467
K. Scott Brazil
TBN 02934050; Fed. I.D. No. 2585
4201 Cypress Creek Parkway, Suite 530
Houston, Texas 77068
Telephone: (281) 580-6310
Facsimile: (281) 580-6362
E-Mail: chad@brazilanddunn.com
E-Mail: scott@brazilanddunn.com

Neil G. Baron
State Bar No.: 017970180
Law Office of Neil G. Baron
914 FM 517 W., Ste. 242
Dickinson, Texas  77539
281/534-2748 – Main
281/534-4309 – Fax
neil@ngbaronlaw.com – E-mail

J. Gerald Hebert
District of Columbia State Bar No.: 447676
Campaign Legal Center
215 E. Street, NE
Washington, DC  20002
202/736-2200, ext. 12 – Main
202/736-2222 – Fax
ghebert@campaignlegalcenter.org – E-mail

David Richards
State Bar No.: 16846000
Richards, Rodriguez & Skeith, LLP
816 Congress Avenue, Ste. 1200
Austin, Texas  78701
512/476-0005 – Main
512/476-1513 – Fax

daverichards@june.com – E-mail

Armand G. Derfner
Derfner, Altman & Wilborn, LLC
P.O. Box 600
Charleston, S.C.  29402
843/723-9804 – Main
aderfner@dawlegal.com – E-mail

**ATTORNEYS FOR PLAINTIFFS**

Craig M. Watkins
Dallas County District Attorney
State Bar No. 00791886
Teresa G. Snelson
Chief, Civil Division
Dallas County District Attorney's Office
State Bar. No. 08577250
411 Elm Street, 5th Floor
Dallas, TX 75202-4606
Telephone (214) 653-7358
Facsimile (214) 653-6134
Teresa.Snelson@dallascounty.org

**ATTORNEYS FOR DALLAS COUNTY,
TEXAS**


## CERTIFICATE OF SERVICE

The undersigned here by certifies that a true and correct copy of the foregoing has been sent by electronic mail in accordance with the Federal Rules of Civil Procedure, this 30th day of April, 2014 to all counsel of record:


_____*/s/ Chad W. Dunn*_____
Chad W. Dunn

*Plaintiff, Penny Pope's, Response to Defendants' First Interrogatory – Page 10 of 10*