# Exhibit 13

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiffs* | §<br>§<br>§ |
| TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, HIDALGO COUNTY and MARIA LONGORIA BENEVIDES, ET AL.<br>*Plaintiff-Intervenors,* | §<br>§<br>§<br>§<br>§<br>§  CIVIL ACTION NO. 2:13-cv-00193<br>§  CONSOLIDATED 2:13-cv-00263<br>§ |
| V. | § |
| RICK PERRY, Governor of Texas; and JOHN STEEN, Texas Secretary of State; STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety,<br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFF-INTERVENOR HIDALGO COUNTY'S FIRST AMENDED ANSWERS TO DEFENDANTS' FIRST INTERROGATORIES

TO:   DEFENDANTS, by and through their counsel of record:

John B. Scott, Deputy Attorney General for Civil Litigation
OFFICE OF TEXAS ATTORNEY GENERAL
209 West 14th Street
P.O. Box 12548
Austin, TX 70711-2548

NOW COMES Plaintiff-Intervenor, HIDALGO COUNTY, and serves its first amended answers to Defendants' First Interrogatories.

Respectfully Submitted,

LAW OFFICES OF ROLANDO L. RIOS
115 E. Travis, Suite 1645
San Antonio, Texas 78205
Ph:    (210) 222-2102
Fax:   (210) 222-2898
E-mail:*rrios@rolandorioslaw.com*

LAW OFFICE OF FERNANDO G. MANCIAS
4428 South McColl Road
Edinburg, Texas 78539
Telephone: (956) 686-0385
Telecopier: (956) 686-0707

Attorneys for the TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, MARIA LONGORIA BENEVIDES, ET. AL.

By: _____/S/_____
    Rolando L. Rios
    SBN 1693500
    Attorney in Charge

LAW OFFICES OF PRESTON HENRICHSON P.C.
222 West Cano
Edinburg, TX 78539
Fax 956/383-3585
Phone 956/383-3535
preston@henrichsonlaw.com
eservices@henrichsonlaw.com

By: _____
   Preston Henrichson
   Texas Bar No. 09477000
   Federal I.D. # 1922
   Attorney in charge for HIDALGO COUNTY

## CERTIFICATE OF SERVICE

This is to certify that on this the 3rd day of June, 2014, a true and correct copy of the above and foregoing was forwarded to all counsel of record.

_____
For the Firm

John B. Scott
john.scott@texasattorneygeneral.gov
John Reed Clay, Jr.
reed.clay@texasattorneygeneral.gov
Gregory David Whitley
david.whitley@texasattorneygeneral.gov
Jonathan F. Mitchell
jonathanmitchell@texasattorneygeneral.gov
Sean Flammer
sean.flammer@texasattorneygeneral.gov
Stephen Ronald Keiser
Ronny.keiser@texasattorneygeneral.gov
Office of Texas Attorney General

COUNSEL FOR DEFENDANTS

Jose Garza
jgarza@trla.org
Marinda van Dalen
mvandalen@trla.org
Robert W. Doggett
rdogett@trla.org
Peter McGraw
pmcgraw@trla.org

COUNSEL FOR ORTIZ PLAINTIFFS

Christina Swarms
csswarns@naacpldf.org
Ryan P. Haygood
rhaygood@naacpldf.org
Natasha M. Korgaonkar
nkorgaonkar@naacpldf.org
Leah C. Aden
laden@naacpldf.org
Deuel Ross
dross@naacpldf.org
NAACP Legal Defense & Educational Fund, Inc.

Danielle Conley
danielle.conley@wilmerhale.com
Jonathan Paikin
jonathan.paikin@wilmerhale.com
Kelly P. Dunbar
kelly.dunbar@wilmerhale.com
Sonya L. Lebsack
sonya.lebsack@wilmerhale.com
Gerald J. Sinzdak
gerald.sinsdak@wilmerhale.com
Lynn Eisenberg
lynn.eisenberg@wilmerhale.com
M. Hasan Ali
hasan.ali@wilmerhale.com
Richard F. Shordt
richard.shordt@wilmerhale.com

COUNSEL FOR TEXAS LEAGUE OF YOUNG VOTERS, PLAINTIFF-INTERVENORS

Ezra D. Rosenberg
ezra.rosenberg@dechert.com
Amy L. Rudd
amy.rudd@dechert.com
Dechert, LLP

Wendy Weiser
wendy.weiser@nyu.edu
Jennifer Clark
jenniferl.clark@nyu.edu
Myrna Perez
myrna.perez@nyu.edu
Vishal Agraharkar
vishal.agraharkar@nyu.edu
Brennan Center for Justice at NYU School of Law

Mark A. Posner
mposner@lawyerscommittee.org
Sonia Kaur Gill
sgill@lawyerscommittee.org
Erandi Zamora
ezamora@lawyerscommittee.org
Lawyers' Committee for Civil Rights

COUNSEL FOR TEXAS STATE CONFERENCE OF NAACP BRANCHES PLAINTIFFS

Elizabeth Westfall
elizabeth.westfall@usdoj.gov
Daniel J. Freeman
daniel.freeman@usdoj.gov
Jennifer L. Maranzano
jennifer.maranzano@usdoj.gov
John Albert Smith, III
john.a.smith@usdoj.gov
Meredith Bell-Platts
meredith.bell-platts@usdoj.gov

COUNSEL FOR CONSOLIDATED PLAINTIFF UNITED STATES OF AMERICA

Joseph M. Nixon
jnixon@bmpllp.com

COUNSEL FOR TRUE THE VOTE

Chad W. Dunn
chad@brazilanddunn.com
Kembel Scott Brazil
scott@brazilanddunn.com
Brazil & Dunn

J. Gerald Hebert
ghebert@campaignlegalcenter.org
Law Offices of J. Gerald Hebert

Neil G. Baron
neil@ngbaronlaw.com
Law Offices of Neil G. Baron

Armand Derfner
aderfner@dawlaw.com
Derfner, Altman & Wilborn

David Richards
daverichards4@juno.com
Richards, Rodriguez & Skeith, LLP

COUNSEL FOR VEASEY PLAINTIFFS

Craig M. Watkins
teresa.snelson@dallascounty.org
Dallas County District Attorney

COUNSEL FOR DALLAS COUNTY

Luis Roberto Vera, Jr.
lrvlaw@sbcglobal.net

COUNSEL FOR LULAC PLAINTIFFS

## OBJECTIONS TO DEFINITIONS

1. Plaintiff-Intervenor objects to the definition of "you" and "your" on grounds that the definition is overly broad and unduly burdensome. Plaintiff-Intervenor further objects to this definition to the extent that it includes within the definition individuals who are not parties to this litigation. Plaintiff interprets for purposes of these document requests "you and your" to respectively refer to Hidalgo County.

2. By answering these Interrogatories, Plaintiff-Intervenors do not concede the relevance or materiality of the information requested or of the subject matter to which the Interrogatory refers. Rather, the responses are made expressly subject to, and without in any way waiving or intending to waive, any objection as to the competency, relevance, privilege, or admissibility as evidence of any of the matters referred to in the responses.

3. These general objections apply to each individual Interrogatory unless specifically otherwise stated. Reiteration of any general objection in response to a specific Interrogatory shall not be construed to limit the applicability of any other general objection. Moreover, any attempt to answer or respond to any Interrogatory to which a general objection is made does not in any way waive the objection.

## GENERAL OBJECTIONS TO INTERROGATORIES

1. Plaintiff-Intervenor objects to Defendants' First Interrogatories to the extent they seek information or the disclosure of information which is protected by any privilege or immunity, including: the attorney-client privilege, work product doctrine, common interest privilege or any other statutory or common law privilege. Plaintiff-Intervenor reserves the right to withhold such information. Any inadvertent disclosure of such privileged or otherwise protected information shall not be deemed a waiver of any privilege or work product immunity.

2. Plaintiff-Intervenor objects to Defendants' First Interrogatories to the extent Defendants attempt or purport to impose greater or different obligations in discovery than are required by the Federal Rules of Civil Procedure or the Local Rules of this Court.

3. Plaintiff-Intervenor objects to Defendants' First Interrogatories to the extent Defendants seek information that calls for a legal conclusion.

4. Plaintiff-Intervenor objects to Defendants' First Interrogatories on the grounds that they are vague, ambiguous, and make responding impossible without speculation.

5. Plaintiff-Intervenor objects to Defendants' First Interrogatories to the extent that they seek information not within Plaintiff-Intervenor's possession, custody or control.

6. Plaintiff-Intervenor objects to Defendants' First Interrogatories to the extent that they are premature at this stage of discovery. For example, but not limited to, the identification of documents to be produced at trial is governed by the Court's scheduling order.

7. Plaintiff-Intervenor's consent herein to respond to Defendants' First

Interrogatories shall not be construed as an admission by Plaintiff-Intervenor that such information, in fact, exists or that such information, if it exists, is in Plaintiff-Intervenor's possession, custody or control.

8. Plaintiff-Intervenor responds solely for the purpose of and in relation to this action. Plaintiff-Intervenor's Response to Defendants' First Interrogatories is made subject to any and all objections to competence, relevance, materiality, and admissibility that would require the exclusion at the time of trial of any statement and/or document produced in response to the First Interrogatory. Plaintiff-Intervenor reserves the right to interpose such objections at the time of trial, if any.

9. Plaintiff-Intervenor reserves the right to amend, revise or supplement its responses at any time prior to trial or otherwise permitted by applicable law or under the Court's Scheduling Order.

10. To the extent Plaintiff-Intervenor's responses to the Defendants' First Interrogatories require the disclosure of protected material, including but not limited to confidential information or any information implicating privacy interests, Plaintiff-Intervenor's response shall be subject to the Consent Protective Order entered in this matter on December 5, 2013, ECF No. 105, or any subsequent revisions to the Protective Order agreed upon by the parties. Plaintiff-Intervenor further objects to the extent Defendants' First Interrogatories seek confidential or personal information of a third party, the disclosure of which is not permitted by reason of privacy laws or other binding legal obligation.

11. Plaintiff-Intervenor objects to Defendants' First Interrogatories to the extent that they seek documents that are neither relevant to the issues in this dispute nor reasonably

calculated to lead to the discovery of admissible evidence. To the extent Plaintiff-Intervenor identifies documents in response to the Interrogatory, Plaintiff-Intervenor does not concede that the documents are admissible in evidence or relevant to this action.

12. Plaintiff-Intervenor objects to Defendants' First Interrogatories as vague, ambiguous, overly broad, and unduly burdensome. Plaintiff-Intervenor's response is with respect to the time period from January 1, 2012 to the present, unless otherwise indicated.

13. Plaintiff-Intervenor objects to Defendants' First Interrogatories insofar as it seeks identification of documents that are unreasonably cumulative or duplicative, already in the possession of Defendants, primarily or exclusively within Defendants' knowledge or control, or obtainable from some other source that is less burdensome or less expensive. Plaintiff-Intervenor objects to Defendants' First Interrogatories to the extent they seek identification of documents beyond those in Plaintiff's possession, custody, or control.

14. Plaintiff-Intervenor objects to Defendants' First Interrogatories to the extent that it is unclear, ambiguous, overly broad, or unduly burdensome.

15. Plaintiff-Intervenor objects to Defendants' First Interrogatories requesting "all," or "any" identification of documents and/or facts on grounds that such requests are overly broad and unduly burdensome, seek irrelevant information, and seek to impose obligations beyond those imposed by law. Plaintiff-Intervenor will construe the terms of the Interrogatories to request that they use reasonable diligence to identify responsive non-privileged documents, based on examination of those sources that may reasonably be expected to yield such documents and of course Plaintiff-Intervenor reserves the right to continue to supplement these responses to the extent additional documents are located.

16. Plaintiff-Intervenor objects to the First Interrogatories as harassing and

burdensome. The above objections, and those made by other parties, are incorporated by reference herein. Plaintiff-Intervenor further objects to these Interrogatories as a premature contention interrogatory that seeks a comprehensive identification of relevant facts before the close of discovery. *See* Fed. R. Civ. P. 33(a)(2); *Wallace v. GEO Grp., Inc.*, No. 2:12-cv-2745, 2013 WL 6490320, at *3 (W.D. La. Dec. 10, 2013); *Brassell v. Turner*, No. 3:05-cv-476, 2006 WL 1806465, at *3 (S.D. Miss. June 29, 2006).

17. Plaintiff-Intervenor objects and asserts the common interest privilege, to the extent that From February 2, 2014 through the present, there have been thousands of emails between and among counsel for the plaintiffs in this action, all of which pertained to discovery issues, drafts of pleadings and briefs, pretrial and trial strategy. Because of the number of these communications, the clear privileged nature of each of these communications, and the clear irrelevance of these communications, it would be unduly burdensome to individually log these communications.

PLAINTIFF-INTERVENOR HIDALGO COUNTY'S ANSWERS TO DEFENDANTS' FIRST INTERROGATORIES

**INTERROGATORY NO. 1**

**Please identify and describe in detail all facts that support your claim that SB 14, as enacted by the State of Texas' 82nd Legislature, was enacted with a discriminatory purpose and intent. This interrogatory includes a request to identify any documents or tangible things you intend to rely on at trial which have not been, or will not be, produced in response to any Request for Production propounded on you or any other party by Defendants.**

**ANSWER:**

Subject to and without waiving the above objections, Plaintiff-Intervenor responds as follows:

The discriminatory purpose underlying SB 14 is described in substantial detail in the Private Plaintiffs' and United States' Responses in Opposition to Defendants' Motion to Dismiss filed in this case (ECF. No. 92); the Defendant-Intervenors' and U.S.'s Proposed Findings of Fact in *Texas v. Holder*, No. 1:12-CV-00128 (D.D.C. June 25, 2012) (ECF. No. 223); the expert report and supplemental expert reports of all expert witnesses produced in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the depositions taken in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the exhibits entered into evidence in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the transcript of the trial conducted in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the findings of fact and opinion of the court in *Texas v. Holder*, 888 F. Supp. 2d 113, 138, 144 (D.D.C. 2012), *vacated*, 133 S. Ct. 2886 (2013)); the materials included in the Private Plaintiffs' and United States' Initial Disclosures. All of the aforementioned documents are in Defendants' possession.

Additionally, please see the voluminous emails and other documents generated by Texas State Legislators and/or their respective staff members relating to various Texas's

efforts to legislatively enact a photo ID bill in the legislative sessions of 2007, 2009, 2011 and 2013. Additionally, please see Attorney General Greg Abbott's announcement that Senate Bill 14 would be immediately implemented, which was issued on or about June 25th, 2013, the same day that the United States Supreme Court issued its opinion in *Shelby County v. Holder*.

Plaintiff-Intervenor's counsel reserves the right to supplement this Interrogatory answer and specifically directs Defendants' attention to the deposition of Keith Ingram completed on April 23rd, 2014, which was the first deposition completed in this case. As Defendant knows, there will be many depositions completed in this case that will contain information responsive to this interrogatory and many expert reports produced, which will also contain information responsive to this interrogatory, all of which are incorporated by reference in Plaintiff-Intervenor's response to this Interrogatory.

## INTERROGATORY NO. 2

**Please identify and describe in detail all facts that support your claim that SB 14, as enacted by the State of Texas' 82nd Legislature, results in denying and abridging the right to vote on account of race and language minority status. This interrogatory includes a request to identify any documents or tangible things you intend to rely on at trial which have not been, or will not be, produced in response to any Request for Production propounded on you or any other party by Defendants.**

**ANSWER:**

Plaintiff incorporates by reference all of the foregoing objections on pp. 5-9, *supra*. Subject to and without waiving the above objections, Plaintiff-Intervenor responds as follows:

The discriminatory results of SB 14 are described in substantial detail in the Private Plaintiffs and United States' Responses in Opposition to Defendants' Motion to Dismiss filed in this case (ECF. No. 92); the Defendant-Intervenors' and U.S.'s Proposed Findings of

Fact in *Texas v. Holder*, No. 1:12-CV-00128 (D.D.C. June 25, 2012) (ECF. No. 223); the expert report and supplemental expert reports of all expert witnesses produced in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the depositions taken in *Texas v. Holder*, No. 1:12-cv- 128 (D.D.C.); the exhibits entered into evidence in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the transcript of the trial conducted in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.); the findings of fact and opinion of the court in *Texas v. Holder*, 888 F. Supp. 2d 113, 138, 144 (D.D.C. 2012), *vacated*, 133 S. Ct. 2886 (2013)); the materials included in the Private Plaintiffs' and United States' Initial Disclosures. All of the aforementioned documents are in Defendants' possession.

Additionally, please see the voluminous emails and other documents generated by Texas State Legislators and/or their respective staff members relating to various Texas's efforts to legislatively enact a photo ID bill in the legislative sessions of 2007, 2009, 2011 and 2013. Additionally, please see Attorney General, Greg Abbott's announcement that Senate Bill 14 would be immediately implemented, which was issued on or about June 25th, 2013, the same day that the United States Supreme Court issued its opinion in *Shelby County v. Holder*.

Plaintiff-Intervenor's counsel reserves the right to supplement this Interrogatory answer and specifically directs Defendants' attention to the deposition of Keith Ingram completed on April 23rd, 2014, which was the first deposition completed in this case. As Defendant knows there will be many depositions completed in this case that will contain information responsive to this interrogatory and many expert reports produced, which will also contain information responsive to this interrogatory, all of which are incorporated by reference in Plaintiff-Intervenor's response to this Interrogatory.

Plaintiff-Intervenor will produce a trial exhibit list in accordance with the Court's scheduling order.

_____
Preston Henrichson
Texas Bar No. 09477000
Federal I.D. # 1922
Attorney in charge for HIDALGO COUNTY

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | VERIFICATION |
| COUNTY OF HIDALGO | § | |

The undersigned, being duly sworn, deposes and says that I am a duly authorized agent for Hidalgo County, Texas, Plaintiff Intervenor in this action. I am authorized to make this verification on behalf of Hidalgo County, Texas.

I have read the foregoing answers to interrogatories and I am familiar with the contents thereof. The answers to said interrogatories were prepared by counsel for Hidalgo County, Texas, upon whose advice the County relies. The answers to said interrogatories were based upon documents referred to in such answers. I am informed and believe that the matters stated in the responses are true and accurate, and on that ground I allege to the best of my knowledge and belief that the matters therein stated are true and correct.

Hidalgo County, Texas and I reserve the right to make any changes in such interrogatory answers, if it should appear at any time that omissions or errors have been made.

_____
Valde Guerra
Executive Officer

SUBSCRIBED TO and SWORN BEFORE ME on this the 3rd day of June, 2014, to certify which witness my hand and official seal.

_____
Notary Public, State of Texas