DELIVERED THIS ___ DAY OF ___

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

PROFESSIONAL CIVIL PROCESS

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| | |
|---|---|
| Veasey, et al. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 2:13-CV-193 (NGR)[Lead Case] |
| Perry, et al. ) | |
| ) | |
| *Defendant* ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Kirk Watson
1100 S. Congress Avenue
Austin, TX 78704

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All documents, electronically stored information and other materials requested in the attached Exhibit A.

| Place: Office of the Attorney General, P.O. Box 12548, 209 West 14th Street, Austin, Texas 78711 | Date and Time: 06/11/2014 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/28/2014

*CLERK OF COURT*

OR

| N/A | /s/ John B. Scott |
|---|---|
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* The State of Texas, Rick Perry, The Texas Secretary of State, and Steve McCraw , who issues or requests this subpoena, are:
John B. Scott, Deputy Attorney General for Civil Litigation, 209 West 14th Street, P.O. Box 12548, Austin, Texas 78711

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:13-CV-193 (NGR)[Lead Case]

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

The following terms have the following meanings, unless the context requires otherwise:

1. <u>You & your</u>. The terms "you" and "your" mean yourself in both an individual capacity and an official capacity as a member of the Texas Legislature, and employees, agents, representatives, attorneys, experts, and other persons acting or purporting to act on your behalf in your individual or official capacity.

2. <u>Document</u>. The term "document" means information that is fixed in a tangible medium, such as paper, or electronically stored information. It includes, but is not limited to, writings, drawings, films, charts, photographs, notices, memoranda, diaries, minutes, correspondence, books, journals, ledgers, reports, worksheets, notes, printed e-mails, letters, abstracts, audits, charts, checks, diagrams, drafts, instructions, lists, logs, resumes, and summaries.

3. <u>Electronically Stored Information</u>. The term "electronically stored information" means electronic information that is stored in a medium from which it can be retrieved and examined. It includes, but is not limited to, all electronic files that can be retrieved from electronic storage.

   a. "Electronic file" includes, but is not limited to, the following: electronic documents; e-mail messages and files; deleted files; temporary files; and metadata.

   b. "Electronic information system" refers to a computer system or network that contains electronic files and electronic storage.

   c. "Electronic storage" refers to electronic files contained on magnetic, optical, or other storage media, such as hard drives, flash drives, DVDs, CDs, tapes, cartridges, floppy diskettes, smart cards, integrated-circuit cards (e.g., SIM cards).

4. <u>Tangible thing</u>. The term "tangible thing" means a physical object that is not a document.

5. <u>Communication</u>. The term "communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

6. <u>Relating</u>. The term "relating" means concerning, referring, describing, evidencing, supporting, refuting, or constituting, either directly or indirectly.

7. <u>And & or</u>. The connectives "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of this subpoena all responses that might otherwise be construed to be outside its scope.

8. <u>Present</u>. The term "Present" means the date on which this subpoena is served on you.

9. <u>Federal Action</u>. The term "Federal Action" means:

    a. Civil Action No. 2:13-cv-00193 [Lead Case] in the United States District Court for the Southern District of Texas, captioned *Marc Veasey, Jane Hamilton, Sergio Deleon, Floyd J. Carrier, Anna Burns, Michael Montez, Penny Pope, Oscar Ortiz, Koby Ozias, John Mellor-Crumley, Peggy Herman, Evelyn Brickner, Gordon Benjamin, Ken Gandy, League of United Latin American Citizens (LULAC), and Dallas County, Texas v. Rick Perry and John Steen;*

    b. Civil Action No. 2:13-cv-263 [Consolidated Case] in the United States District Court for the Southern District of Texas, captioned *United States of America; Texas League of Young Voters Education Fund, Imani Clark, and Michelle Bessiake; Texas Association of Hispanic County Commissioners, Hidalgo County, and Maria Longoria Benevides v. State of Texas, John Steen, and Steve McGraw;*

    c. Civil Action No. 2:13-cv-00291 [Consolidated Case] in the United States District Court for the Southern District of Texas, captioned *Texas State Conference of NAACP Branches; and the Mexican American Legislative Caucus of the Texas House of Representatives v. John Steen and Steve McGraw;* as consolidated with Case 2:13-cv-00193;

    d. Civil Action No. 2:13-cv-00348 [Consolidated Case] in the United States District Court for the Southern District of Texas, captioned *Belinda Ortiz, Lenard Taylor, Eulalio Mendez Jr., Lionel Estrada, Estela Garcia Espinosa, Lydia Lara, Margarito Martinez Lara, Maximina Martinez Lara, and La Union Del Pueblo Entero, Inc. v. State of Texas, John Steen, and Steve McGraw.*

10. <u>State Action.</u> The term "State Action" means Cause No. C-6392-13-I, in the District Court of the 398th Judicial District, Hidalgo County, Texas, captioned *San Juanita Saldana, Aaron Alonzo, Kayleigh Rose Garcia, Daniel Singleterry, Jr., Anita Singleterry, Jose C. Saldania, Everardo Saldana, Jr., Roel Benavidez, and Juan Jose Maldonado v. Hidalgo County and Hidalgo County Elections Administrator* (2013).

11. <u>SB 14</u>. The term "SB 14" means Texas Senate Bill 14, 82d Leg., R.S., ch. 123, § 3, 2011 Tex. Gen. Laws 619, including all companion and predecessor bills filed during previous sessions, whether regular or special, of the Texas Legislature, and all alternative bills or proposals, whether filed or not, relating to the use of photographic identification for voting in the state of Texas.

12. <u>Party or Parties</u>. The term "party" or "parties" refers to the named parties to the Federal Action or the State Action, as applicable, and his or her agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

13. <u>Texas Legislature or Legislature</u>. The terms "Texas Legislature" or "Legislature" mean the Texas House of Representatives and the Texas State Senate.

14. <u>Department of Justice</u>. The term "Department of Justice" means the United States Department of Justice, its agents, representatives, employees, attorneys, experts, and other persons acting or purporting to act on behalf of it.

15. <u>Dallas County</u>. The term "Dallas County" means the political subdivision of Dallas County, Texas, including but not limited to its commissioners, agents, representatives, employees, attorneys, experts, and other persons acting or purporting to act on behalf of it.

16. <u>Hidalgo County</u>. The term "Hidalgo County" means the political subdivision of Hidalgo County, Texas, including but not limited to its commissioners, agents, representatives, employees, attorneys, experts, and other persons acting or purporting to act on behalf of it.

17. Unless otherwise limited or expanded in a particular request, a request for documents and tangible things related to communications includes, but is not limited to, communications between you and any individual or group; other current or former members of the Texas Legislature, including their staff or representatives; lobbyists, interest groups, political associations, or other members of the public; your current or former constituents; and any media outlets.

18. If any of the requested information, either in whole or in part, constitutes Electronically Stored Information, it shall be provided in the electronic form consistent with the Agreement Concerning Production Format (ECF No. 61-6), attached hereto, applicable to all parties to the Federal Action.

19. Those portions of documents available, either in whole or in part, only in paper or hardcopy should, if possible, be scanned into electronic format and produced consistent with the Agreement Concerning Production Format (ECF No. 61-6), attached hereto, applicable to all parties to the Federal Action.

20. If any document requested was, but is no longer, either in your possession, custody, or control, or in existence, state whether it: (a) is missing or lost; (b) has been destroyed; (c) has been transferred, voluntarily or involuntarily, to others; or (d) has been otherwise disposed of and explain the circumstances surrounding the disposition, and identify the names of those persons with knowledge of such circumstances.

## DOCUMENT REQUESTS

1. All documents and tangible things that are in your custody, possession, or control relating to all communications on the subject of voter identification requirements from 2005 to the Present.

2. All documents and tangible things that are in your custody, possession, or control relating to all communications regarding SB 14.

3. All documents and tangible things that are in your custody, possession, or control relating to all communications regarding SB 14 between any party to the Federal Action or the State Action and current or former members of the Texas Legislature, including their staff or representatives.

4. All documents and tangible things that are in your custody, possession, or control relating to all written testimony, talking points, and public statements made by you regarding SB 14. This includes but is not limited to notes, drafts, working papers, and any other document or tangible thing upon which the written testimony, talking points, and public statements are based.

5. All documents and tangible things that are in your custody, possession, or control relating to all bills and amendments drafted, researched, proposed, or requested by you regarding SB 14.

6. All documents and tangible things that are in your custody, possession, or control relating to any calculations, reports, audits, estimates, projections, or other analyses related to the effect of SB 14 on minority voters or on voters who are members of a language minority group.

7. All documents and tangible things that are in your custody, possession, or control demonstrating that any registered voter in Texas has been unable to obtain one of the forms of photographic identification specified by SB 14.

8. All documents and tangible things that are in your custody, possession, or control identifying each registered voter in Texas known to you at Present who is unable to vote on account of his or her inability to obtain photographic identification specified by SB 14. This includes, but is not limited to, documents and tangible things identifying any such voter's date of birth or place of birth.

9. All documents and tangible things identifying each registered voter in Texas known to you during the consideration of SB 14 to have been unable to vote on account of his or her inability to obtain one of the forms of photographic identification specified by those bills. This includes but is not limited to, documents and tangible things identifying any such voter's date of birth or place of birth.

10. All documents and tangible things that are in your custody, possession, or control relating to all communications regarding House Bill 178, House Bill 1706, or other voter identification proposals during the 79th Texas Legislature (2005).

11. All documents and tangible things that are in your custody, possession, or control relating to all communications regarding House Bill 218, House Bill 626, Senate Bill 1464, or other voter identification proposals during the 80th Texas Legislature (2007).

12. All documents and tangible things that are in your custody, possession, or control relating to all communications regarding House Bill 208, House Bill 4422, Senate Bill 362, Senate Bill 1970, or other voter identification proposals during the 81st Texas Legislature (2009).

13. All documents and tangible things that are in your custody, possession, or control relating to all communications regarding House Bill 174, House Bill 1975, House Bill 2875, Senate Bill 3498, Senate Bill 849, or other voter identification proposals during the 82nd Texas Legislature (2011).

14. All documents and tangible things that are in your custody, possession, or control relating to all communications regarding House Bill 208, House Bill 466, House Bill 2665, Senate Bill 910, or other voter identification proposals during the 83rd Texas Legislature (2013).

15. All documents and tangible things that are in your custody, possession, or control relating to all communications regarding the Federal Action or the State Action, including the initiation of those lawsuits.

16. All documents and tangible things that are in your custody, possession, or control relating to all communications between you and the Department of

Justice regarding SB 14, the Federal Action, or the State Action, including the initiation of those lawsuits.

17. All documents and tangible things that are in your custody, possession, or control relating to all communications between you and Dallas County regarding SB 14, the Federal Action, or the State Action, including the initiation of those lawsuits.

18. All documents and tangible things that are in your custody, possession, or control relating to all communications between you and Hidalgo County regarding SB 14, the Federal Action, or the State Action, including the initiation of those lawsuits.

19. All documents and tangible things that are in your custody, possession, or control relating to all communications between you and any other parties to the Federal Action or State Action regarding SB 14, the Federal Action, or State Action, including the initiation of those lawsuits.

20. All documents and tangible things that are in your custody, possession, or control that you have provided to any potential expert in the Federal Action or the State Action.

Dated: May 27, 2014

Respectfully submitted.

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JONATHAN F. MITCHELL
Solicitor General

J. REED CLAY, JR.
Special Assistant and Senior Counsel
to the Attorney General

/s/ John B. Scott
JOHN B. SCOTT
Deputy Attorney General for Civil Litigation
Southern District of Texas No. 10418
Texas State Bar No. 17901500
ATTORNEY-IN-CHARGE

GREGORY DAVID WHITLEY
Assistant Deputy Attorney General
Southern District of Texas No. 2080496
State of Texas Bar No. 2080492

STEPHEN RONALD KEISTER
Assistant Attorney General
Southern District of Texas No. 18580

JENNIFER MARIE ROSCETTI
Assistant Attorney General
Southern District of Texas No. 224780

209 West 14th Street
P.O. Box 12548
Austin, Texas 70711-2548
(512) 475-0131

COUNSEL FOR THE STATE OF TEXAS;
RICK PERRY, THE TEXAS SECRETARY
OF STATE, and STEVE MCCRAW