IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> RICK PERRY, *et al.*, <br><br> Defendants. | Civil Action No. 2:13-cv-193 (NGR) |
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, *et al.*, <br><br> Plaintiff-Intervenors, <br><br> TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, *et al.*, <br><br> Plaintiff-Intervenors, <br><br> v. <br><br> STATE OF TEXAS, *et al.*, <br><br> Defendants. | Civil Action No. 2:13-cv-263 (NGR) |

| | |
|---|---|
| TEXAS STATE CONFERENCE OF NAACP BRANCHES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> NANDITA BERRY, *et al.*, <br><br> Defendants. | Civil Action No. 2:13-cv-291 (NGR) |
| BELINDA ORTIZ, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF TEXAS, *et al.*, <br><br> Defendants. | Civil Action No. 2:13-cv-348 (NGR) |

**UNITED STATES' MOTION FOR A PROTECTIVE ORDER FROM DEFENDANTS' RULE 30(B)(6) NOTICE OF DEPOSITION TO THE DEPARTMENT OF JUSTICE'S OFFICE OF INSPECTOR GENERAL**

On June 20, 2014, Defendants served a Rule 30(b)(6) Notice of Deposition on the United States Department of Justice's Office of Inspector General ("OIG"). *See* Ex. A (Defs.' Not. of Rule 30(b)(6) Dep.). The deposition is noticed for June 27, 2014, in Corpus Christi, Texas. It seeks testimony on one topic: "A Review of the Operations of the Voting Section of the Civil Rights Division, dated March 2013 and available at http://www.justice.gov/oig/reports/ 2013/s1303.pdf" (hereinafter, "OIG Report").

That topic is plainly irrelevant to any claim or defense asserted in this litigation and unlikely to lead to the discovery of admissible evidence. The OIG Report, which reviewed the operations of a component of the Department of Justice, neither mentions Texas nor relates in

1

any way to voter identification statutes, alleged voter fraud, or any other issue pending before this Court. And while Defendants hint that the Report may relate to as-yet-unidentified affirmative defenses, this Court should not permit discovery as to defenses that have not been asserted. Nor should this Court and the United States be forced to guess what those affirmative defenses might be. Moreover, the burden of a deposition of an OIG representative on that topic would outweigh its likely benefit, within the meaning of Rule 26(b)(2)(C)(iii), inasmuch as the OIG Report is published, readily available, and speaks for itself. Such a deposition would also likely subject the Department of Justice to undue annoyance, oppression, and harassment, in violation of Rule 26(c), particularly to the extent it sought testimony relating to matters protected by governmental privileges. Accordingly, the United States respectfully requests that the Court grant a protective order prohibiting Texas' Rule 30(b)(6) deposition of OIG.

## I.     LEGAL STANDARDS

### A.  Scope of Discovery Pursuant to Fed. R. Civ. P. 26(b)(1).

Under Rule 26(b)(1), parties are ordinarily allowed to obtain discovery "regarding any *nonprivileged* matter that is *relevant* to any party's claim or defense." Fed. R. Civ. P. 26(b)(1) (emphasis added). Although relevance is construed broadly in the discovery context, it does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351-52 (1978). In particular, where discovery is not "reasonably calculated to lead to the discovery of admissible evidence," Fed. R. Civ. P. 26(b)(1), it falls outside the scope of permissible discovery. *Oppenheimer Fund*, 437 U.S. at 352; *Shaw Group, Inc. v. Zurich American Ins. Co.*, No. 12–257–JJB–RLB, 2014 WL 1784046, *4 (M.D. La. May 5, 2014). Likewise, where discovery seeks to inquire into privileged matters, it is beyond the bounds of

permissible discovery. *Reedhycalog UK, Ltd. v. Baker Hughes Oilfield Operations Inc.*, 251 F.R.D. 238, 241 (E.D.Tex. 2008).

### B. Limitations on Discovery Pursuant to Fed. R. Civ. P. 26(b)(2) and (c).

Pursuant to Rule 26, a district court "must limit the frequency or extent of discovery otherwise allowed" under the Federal Rules where "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C). For good cause, a court may issue a protective order "to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense," including by "forbidding" discovery outright or by "prescribing a discovery method other than the one selected by the party seeking discovery." Fed. R. Civ. P. 26(c).

### II. ARGUMENT

This is not the first time this Court has considered the OIG Report that is the subject of Defendants' Rule 30(b)(6) notice. On May 9, 2014, Defendants sought judicial notice of the contents of the OIG Report. *See* ECF No. 272. At that time, Defendants offered no explanation as to how the Report—which undertakes a broad review of the operations of the Voting Section of the Department of Justice's Civil Rights Division over the course of more than a decade—is in any way relevant to the claims or defenses asserted in this litigation. The United States and all other Plaintiffs in this consolidated action objected to the Defendants' request because, *inter alia,* the OIG Report was irrelevant to any issue in this case. *See* ECF Nos. 277, 278.

3

At a telephone hearing on May 15, 2014, Defendants' counsel represented to the Court that the OIG Report related to some possible, as-yet-unarticulated affirmative defense that Defendants might file in the future:

> [T]he OIG findings report, the facts in that report are going to be highly relevant to the affirmative defenses that the State is likely to raise, if and when we file an Answer. Those findings document pretty clearly a long history of the (indiscernible) of the enforcement of both Section 2 and Section 5 [of the Voting Rights Act]. Obviously this is a Section 2 enforcement case against voter ID by the Department of Justice. And so those findings will prove to be relevant to our affirmative defenses in this case should we file -- need to file an Answer.

05/15/2014 Hearing Tr. at 19:2-11. Significantly, Defendants appear to concede the Report's irrelevance to the actual claims currently pending before the Court, which arise under Section 2 of the Voting Rights Act and the Fourteenth and Fifteenth Amendments to the U.S. Constitution. The Court denied Defendants' motion for judicial notice without prejudice, ostensibly to allow Defendants an opportunity to articulate a basis in the future for the relevance and admissibility of specific portions of the OIG Report. *Id.* at 19:12-17.

Nearly six weeks have passed, and Defendants have asserted no affirmative defenses. Nor have they given the Court or the other parties any clue as to what defenses they *might* assert. The OIG Report, therefore, remains irrelevant to any issue in this case. And it is axiomatic that discovery geared toward a non-existent defense cannot be "reasonably calculated to lead to the discovery of admissible evidence," Fed. R. Civ. P. 26(b)(1).

Defendants' failure to assert any affirmative defenses—while at the same time seeking discovery as to defenses they have declined to assert—is illogical and improper under Fed. R. Civ. P. 26. Moreover, it puts the United States and this Court in the untenable position of trying to guess what possible defenses the Defendants *might* assert. Such guessing games are an

inappropriate basis for determining relevance under Fed. R. Civ. P 26.  This Court should grant the protective order on that basis alone.

But to the extent this Court is willing to countenance such inappropriate guesswork, the United States surmises the Defendants may be contemplating an affirmative defense asserting some claim of an impermissible motive by the Department of Justice affecting this or other cases.  If that is so, such a purported affirmative defense would be insufficient as a matter of law.  A plaintiff governmental agency's motives or reasons for pursuing a civil enforcement action bear no relation to whether the defendant, especially a state defendant, has actually violated the federal law at issue.  *See EEOC v. First Nat. Bank of Jackson*, 614 F.2d 1004, 1008 (5th Cir. 1980) (rejecting bank's "so-called affirmative defense of malicious prosecution and harassment" by the EEOC in a Title VII race discrimination enforcement action); *see also EEOC v. Product Fabricators, Inc.*, 873 F. Supp. 2d 1093 (D. Minn. 2012) (striking defendant's purported affirmative defenses of unclean hands, contributory negligence, and assumption of the risk).

In any event, nothing in the publically available OIG Report would support such an affirmative defense, even if it were legally cognizable.  The Report specifically concluded that the OIG "found no evidence…of any improper racial or political considerations in the decisions of [DOJ's Civil Rights] Division management in Section 2 or 11(b) matters" and that "throughout the period of [OIG's] review and through different administrations, Division leadership acted within its enforcement discretion with respect to the enforcement of Sections 2 and 11(b)."  OIG Report at 80 (ECF No. 272-1 at 89).

And even assuming this Rule 30(b)(6) deposition of OIG did not seek discovery on a plainly irrelevant topic, it should still be prohibited because the burden and expense associated with it would outweigh any likely benefit considering the importance of the issues at stake in this

5

lawsuit. *Cf.* Fed. R. Civ. P. 26(b)(2)(C)(iii). If the Court permits this deposition to proceed, the OIG will provide only that information already contained in the publicly available "A Review of the Operations of the Voting Section of the Civil Rights Division." The Inspector General ("IG") is the individual authorized to testify about reviews and audits conducted by his office. When the United States Congress calls on the IG to testify in oversight hearings, it has long been the practice of the IG to confine his or her testimony to publicly available information related to the matter about which Congress seeks testimony. The Department is unaware of a situation in which the IG has testified before Congress about privileged information related to an audit or review report. Similarly, the Department is unaware of a situation in which the IG has testified in a civil suit about an audit or review report. In the event that Texas seeks only the information contained within "A Review of the Operations of the Voting Section of the Civil Rights Division," a deposition of the IG would provide it with no additional information and would waste the resources of the Court and the Parties.

Furthermore, Texas cannot seek testimony from the IG about privileged information without intruding upon a host of governmental privileges accorded to the Department of Justice, including but not limited to, the deliberative process privilege, the confidential informant privilege, and the investigatory files privilege. *See, e.g., In re United States*, 397 F.2d 274, 285-86 (5th Cir. 2005) (granting mandamus relief from district court's order allowing discovery into the government's charging practices in capital crime cases, on grounds that such testimony would impermissibly intrude upon deliberative process, attorney-client, and work product privileges); *In re Perez*, 749 F.3d 849 (9th Cir. 2014) (granting mandamus relief from district court's order allowing discovery into the identity of employees who gave information to Department of Labor in a wage and hour investigation); *Puerto Rico v. United States*, 490 F.3d

50 (1st Cir. 2007) (upholding the FBI's refusal to disclose law enforcement and investigatory documents). To the extent there is any relevant and nonprivileged information in the OIG Report, that information is already publicly available to Defendants and speaks for itself. No deposition of OIG is necessary to obtain that information.[1]

### III.  CONCLUSION

For the reasons set out above, the United States respectfully requests that this Court grant its request for a protective order barring the Rule 30(b)(6) deposition of the Department of Justice's Office of Inspector General. Pursuant to Local Rule 7.4(D), a proposed order granting this motion is attached hereto.

### CERTIFICATE OF CONFERRAL

I hereby certify, pursuant to Fed. R. Civ. P 26(c)(1), that the United States has in good faith conferred with Defendants in an effort to resolve this dispute without court action.

*s/ Bradley E. Heard*
Attorney, Voting Section
Civil Rights Division
U.S. Department of Justice

---

[1] Should the Court permit the deposition, the United States respectfully asserts that, for reasons of burden and expense, the deposition should occur at the Department of Justice in Washington, DC, where OIG's offices and Plaintiffs' counsel are located, and not in Corpus Christi, Texas.

Date:  June 26, 2014

                    Respectfully submitted,

| | |
|---|---|
| KENNETH MAGIDSON<br>United States Attorney<br>Southern District of Texas | JOCELYN SAMUELS<br>Acting Assistant Attorney General<br>Civil Rights Division<br><br>*s/ Bradley E. Heard*<br>T. CHRISTIAN HERREN, JR.<br>RICHARD A. DELLHEIM<br>MEREDITH BELL-PLATTS<br>ELIZABETH S. WESTFALL<br>BRUCE I. GEAR<br>BRADLEY E. HEARD<br>JENNIFER L. MARANZANO<br>ANNA M. BALDWIN<br>DANIEL J. FREEMAN<br>Attorneys, Voting Section<br>Civil Rights Division<br>U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530<br>Telephone: (202) 305-4196<br>Fax: (202) 307-3961<br>E-mail: Bradley.Heard@usdoj.gov |

## **CERTIFICATE OF SERVICE**

This certifies that I have this day filed the within and foregoing **United States' Motion for Protective Order from Defendants' Rule 30(b)(6) Notice of Deposition to the Department of Justice's Office of Inspector General** electronically using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record through the Court's electronic filing system.

This 26th day of June, 2014.

        *s/ Bradley E. Heard*
        BRADLEY E. HEARD
        Attorney, Voting Section
        Civil Rights Division
        U.S. Department of Justice
        bradley.heard@usdoj.gov