# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*,<br><br>  Plaintiffs,<br><br>  v.<br><br>RICK PERRY, *et al.*,<br><br>  Defendants. | Civil Action No. 2:13-cv-193 (NGR) |
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, *et al.*,<br><br>  Plaintiff-Intervenors,<br><br>TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, *et al.*,<br><br>  Plaintiff-Intervenors,<br><br>  v.<br><br>STATE OF TEXAS, *et al.*,<br><br>  Defendants. | Civil Action No. 2:13-cv-263 (NGR) |

1

| | |
|---|---|
| TEXAS STATE CONFERENCE OF NAACP BRANCHES, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>NANDITA BERRY, *et al.*,<br><br>    Defendants. | Civil Action No. 2:13-cv-291 (NGR) |
| BELINDA ORTIZ, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>STATE OF TEXAS, *et al.*,<br><br>    Defendants | Civil Action No. 2:13-cv-348 (NGR) |

**PLAINTIFFS' AND PLAINTIFF-INTERVENORS' NOTICE OF RULE 45 SUBPOENA TO THE OFFICE OF THE TEXAS ATTORNEY GENERAL**

PLEASE TAKE NOTICE THAT, pursuant to Federal Rules of Civil Procedure 45 and 30(b)(6), the attached subpoena, and the exhibits thereto, Plaintiffs and Plaintiff-Intervenors[1] intend to depose and request documents from the Office of the Texas Attorney General. The deposition shall take place on April 23, 2014, at 9:00 a.m., at 300 West 6th Street, Suite 2010, Austin, TX 78701.

---

[1] This Notice and the attached subpoena is served on behalf of the Texas League of Young Voters group, the Veasey group, the Texas NAACP group, the Ortiz group, and the Texas Association of Hispanic Judges group.

2

Date: April 7, 2014

Respectfully submitted,

*/s/ M. Hasan Ali*

Christina Swarns
Ryan P. Haygood
Natasha M. Korgaonkar
Leah C. Aden
Deuel Ross
NAACP Legal Defense and Educational
 Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006
cswarns@naacpldf.org
rhaygood@naacpldf.org
nkorgaonkar@naacpldf.org
laden@naacpldf.org
dross@naacpldf.org

Danielle Conley
Jonathan Paikin
Kelly P. Dunbar
Sonya L. Lebsack
M. Hasan Ali
WilmerHale LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
danielle.conley@wilmerhale.com
jonathan.paikin@wilmerhale.com
kelly.dunbar@wilmerhale.com
sonya.lebsack@wilmerhale.com
hasan.ali@wilmerhale.com

*Counsel for Texas League of Young Voters, Imani Clark, Aurica Washington, Crystal Owens, and Michelle Bessiake Plaintiff-Intervenors*


*/s/ Gerald Hebert*
J. Gerald Hebert
Law Offices of J. Gerald Hebert
ghebert@campaignlegalcenter.com

Chad W. Dunn

Brazil & Dunn
chad@bradzilanddunn.com

Luiz Roberto Vera, Jr.
lrvlaw@sbcglobal.net

Armand Derfner
Derfner, Altman, & Wilborn
aderfner@dawlaw.com

Neil G. Baron
Law Offices of Neil G. Baron
neil@ngbaronlaw.com

*Counsel for the Veasey Plaintiffs*

*/s/ Rolando L. Rios*
Rolando L. Rios
Law Offices of Rolando L. Rios
rrios@rolandorioslaw.com

*Counsel for the Texas Association of Hispanic County Judges and County Commissioners Plaintiff-Intervenors*

*/s/ Jose Garza*
Jose Garza
Marinda van Dalen
Robert W. Doggett
Peter McGraw
Texas Rio Grande Legal Aid, Inc.
jgarza@trla.org
mvandalen@trla.org
rdoggett@trla.org
pmcgraw@trla.org

*Counsel for the Ortiz Plaintiffs*

*/s/ Ezra D. Rosenberg*
Ezra D. Rosenberg
Amy L. Rudd
Dechert LLP
ezra.rosenberg@dechert.com
amy.rudd@dechert.com

Wendy Weiser
Jennifer Clark
Vishal Agraharkar
Brennan Center for Justice at NYU School of Law

wendy.weiser@nyu.edu
jenniferl.clark@nyu.edu
vishal.argraharkar@nyu.edu

Mark A. Posner
Sonia Kaur Gill
Lawyers' Committee for Civil Rights
mposner@lawyerscommittee.org
sgill@lawyerscommittee.org

*Counsel for the Texas State Conference of the NAACP Plaintiffs*

4

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 7, 2014, I served a true and correct copy of the foregoing via electronic mail on the counsel of record in this case.

                                               */s/   M. Hasan Ali*
                                               M. Hasan Ali
                                               WilmerHale LLP
                                             1875 Pennsylvania Avenue NW
                                             Washington, DC 20006
                                             hasan.ali@wilmerhale.com

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of Texas

| United States of America | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:13-cv-263 |
| | ) | |
| State of Texas, et al., | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
The Office of the Texas Attorney General
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
All topics listed in the attached Exhibit A

| Place: Dechert LLP, 300 West 6th Street, Suite 2010, Austin, TX 78701 | Date and Time: 04/23/2014 9:00 am |
|---|---|

The deposition will be recorded by this method: Stenographic

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
All documents, electronically stored information, and other materials requested in the attached Exhibit B.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/07/2014

*CLERK OF COURT*

OR

*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff-Intervenors Texas League of Young Voters Education Fund, et al. , who issues or requests this subpoena, are:

M. Hasan Ali, WilmerHale LLP, 1875 Pennsylvania Ave. NW, Washington, D.C. 20006; Hasan.Ali@wilmerhale.com; 202-663-6671

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 2:13-cv-263

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

EXHIBIT A

RULE 30(b)(6) DEPOSITION
OF THE OFFICE OF THE TEXAS ATTORNEY GENERAL

DEFINITIONS

The following rules of construction apply to all subjects listed below:

1. As used herein, the term "document" is defined to be synonymous in meaning and scope as the term "document" is used under Federal Rule of Civil Procedure 34.

2. As used herein, the terms "all" and "each" shall be construed as all and each.

3. As used herein, the terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the deposition subject all matters that might otherwise be construed to be outside the scope.

4. As used herein, the use of the singular form of any word includes the plural and vice versa.

5. "Concerning" means, without limitation: about; referring to; relating to; regarding; evidencing; constituting; comprising; containing; setting forth; arising out of; summarizing; reflecting; stating; describing; noting; embodying; showing; supporting; mentioning; studying; analyzing; discussing or evaluating.

MATTERS FOR EXAMINATION

1. Any and all complaints, allegations, referrals for investigation, investigations, charges, and/or prosecutions, either through the Texas Attorney General's office or in conjunction with local, county, or municipal law enforcement and prosecutorial authorities, concerning alleged, actual, or attempted voting and/or election fraud occurring within the State of Texas from January 1, 2000 to the present, including, but not limited to

    a. alleged voter impersonation (including in-person voter impersonation), mail-in ballot fraud, voting by non-citizens, or other instances of illegal voting or obstruction of voting in violation of the Texas Election or Penal Code, or any other applicable law;

    b. the date(s), election, person(s) involved, nature of offense, and location of such instances of voting or election fraud; and,

    c. the ultimate findings and/or disposition of any such complaints, allegations, referrals, investigations, or prosecutions.

2. Any and all guidelines, regulations, policies and procedures relating to the handling, referral, investigation, and prosecution of incidents of alleged, actual, or attempted voting and/or

   election fraud, including any documents, policies, manuals, presentations, or other material prepared for training individuals acting under the purview of the Texas Attorney General's office or for training local, county, or municipal law enforcement and prosecutorial authorities.

3. Any human, financial, and/or other resources devoted by the Texas Attorney General's office to investigating, pursuing, and/or prosecuting voting and/or election fraud from January 1, 2000 to the present, including, but not limited to

    a. the budget or other monetary resources devoted to investigate or otherwise combat voting and/or election fraud;

    b. the number of investigators, law enforcement officials, or other individuals assigned to investigate or otherwise combat instances of voting and/or election fraud; and,

    c. any assistance or grants received from other Texas or federal entities for such purpose.

4. Any and all analyses, manuals, studies, databases, or spreadsheets concerning voting and/or election fraud, including, but not limited to, voter impersonation (including in-person voter impersonation), mail-in ballot fraud, voting by non-citizens, or other instances of illegal voting or obstruction of voting in violation of the Texas Election or Penal Code, or any other applicable law.

5. Any and all communications, discussions, collaborations, coordination, documents, or correspondence from January 1, 2002 to the present with the Governor's office, the Lieutenant Governor's office, the Texas Secretary of State, the Department of Public Safety, the Public Safety Commission, or other entity within the executive branch of the state of Texas concerning:

    a. voter impersonation (including in-person voter impersonation), mail-in ballot fraud, voting by non-citizens, or other instances of illegal voting or obstruction of voting in violation of the Texas Election or Penal Code, or any other applicable law;

    b. guidelines, regulations, policies, and procedures put forth by other state agencies relating to the manner in which elections are held or voting is conducted within the state of Texas;

    c. prospective or enacted legislation concerning enhanced procedures for voter identification, including, but not limited to, S.B. 14 (2011), S.B. 362 (2009), H.B. 218 (2007), or H.B. 1706 (2005), and,

    d. the implementation of procedures for voter identification, including, but not limited to, S.B. 14 (2011).

6. Any and all communication, discussion, collaboration, coordination, documents, or correspondence from January 1, 2000 to the present with members of the Texas Legislature or their staff, including, but not limited to, caucuses, committees, or entities within the legislative branch of the state of Texas, concerning:

    a. voter impersonation (including in-person voter impersonation), mail-in ballot fraud, voting by non-citizens, or other instances of illegal voting in violation of the Texas Election and Penal Code, or any other applicable law;

    b. guidelines, regulations, policies, and procedures put forth by other state agencies relating to the manner in which elections are held or voting is conducted within the state of Texas;

    c. prospective or enacted legislation relating to enhanced procedures for voter identification, including, but not limited to, S.B. 14 (2011), S.B. 362 (2009), H.B. 218 (2007), or H.B. 1706 (2005);

    d. the implementation of procedures for voter identification, including, but not limited to, S.B. 14 (2011); and,

    e. the enforceability of SB 14 following the U.S. District Court of the District of Columbia's decision to vacate its previous denial of preclearance to SB 14, *Texas v. Holder*, No. 12-cv-128 (D.D.C. Aug. 27, 2013), ECF No. 382.

7. Any and all communication, discussion, collaboration, coordination, documents, or correspondence from January 1, 2000 to the present with non-governmental organizations or other states' officials and agencies concerning:

    a. voting and election fraud, including voter impersonation (including in-person voter impersonation), mail-in ballot fraud, voting by non-citizens, or other instances of alleged, actual, or attempted voting and/or election fraud or illegal voting in violation of the Texas Election and Penal Code, or any other applicable law;

    b. the impact of voter identification laws generally or on specific subgroups, including any reports, studies, or data provided or requested by non-governmental organizations or other states' officials and agencies; and,

    c. prospective or enacted legislation concerning enhanced procedures for voter identification in Texas or in other states, including, but not limited to, S.B. 14 (2011), S.B. 362 (2009), H.B. 218 (2007), or H.B. 1706 (2005).

8. Any and all communication, discussion, collaboration, coordination, documents, or correspondence from January 1, 2000 to the present with members of the media (including, without limitation, all print, television, or internet media) or public concerning:

    a. voting and election fraud, including voter impersonation (including in-person voter impersonation), mail-in ballot fraud, voting by non-citizens, or other instances of alleged, actual, or attempted voting and/or election fraud or illegal voting in violation of the Texas Election and Penal Code, or any other applicable law; and,

    b. prospective or enacted legislation concerning enhanced procedures for voter identification, including, but not limited to, S.B. 14 (2011), S.B. 362 (2009), H.B. 218 (2007), or H.B. 1706 (2005).

9. All information, reports, studies, and data provided to or requested by the Texas legislature, whether directly or through a caucus, committee, other legislative entity, Texas agency or official, concerning S.B. 14 (2011), S.B. 362 (2009), H.B. 218 (2007), or H.B. 1706 (2005) during the consideration, preparation for implementation, or implementation of those bills.

10. Any and all initiatives, trainings, or programs to educate the public about voting and/or election fraud and S.B. 14, including the acceptable forms of photo identification under that law.

11. Any and all initiatives, trainings, or programs to educate or train poll workers, and/or election officials about voting and/or election fraud and S.B. 14, including how to identify voting and/or election fraud, and the required forms of photo identification and procedures under S.B. 14.

12. Any studies, reports, documents, or analyses concerning the effectiveness of any and all initiatives, trainings, or programs identified in response to Topic Numbers 10 and 11 listed above.

**EXHIBIT B**

**RULE 30(b)(6) DEPOSITION
OF THE OFFICE OF THE TEXAS ATTORNEY GENERAL**

**DEFINITIONS**

The following rules of construction apply to all subjects listed below:

1. As used herein, the term "document" is defined to be synonymous in meaning and scope as the term "document" is used under Federal Rule of Civil Procedure 34.

2. As used herein, the terms "all" and "each" shall be construed as "all and each."

3. As used herein, the terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the deposition subject all matters that might otherwise be construed to be outside the scope.

4. As used herein, the use of the singular form of any word includes the plural and vice versa.

5. "Concerning" means, without limitation: about; referring to; relating to; regarding; evidencing; constituting; comprising; containing; setting forth; arising out of; summarizing; reflecting; stating; describing; noting; embodying; showing; supporting; mentioning; studying; analyzing; discussing or evaluating.

**REQUEST FOR DOCUMENTS**

1. Any and all documents pertaining to complaints, allegations, referrals for investigation, investigations, charges, and/or prosecutions, either through the Texas Attorney General's office or in conjunction with local, county, or municipal law enforcement and prosecutorial authorities, concerning alleged, actual, or attempted voting and/or election fraud occurring within the State of Texas from January 1, 2000 to the present, including, but not limited to

    a. alleged voter impersonation (including in-person voter impersonation), mail-in ballot fraud, voting by non-citizens, or other instances of illegal voting or obstruction of voting in violation of the Texas Election or Penal Code, or any other applicable law;

    b. the date(s), election, person(s) involved, nature of offense, and location of such instances of voting or election fraud; and

    c. the ultimate findings and/or disposition of any such complaints, allegations, referrals, investigations, or prosecutions.

2. Any and all documents pertaining to guidelines, regulations, policies and procedures relating to the handling, referral, investigation, and prosecution of incidents of alleged, actual, or

attempted voting and/or election fraud, including any documents, policies, manuals, presentations, or other material prepared for training individuals acting under the purview of the Texas Attorney General's office or for training local, county, or municipal law enforcement and prosecutorial authorities.

3. Any and all documents pertaining to the human, financial, and/or other resources devoted by the Texas Attorney General's office to investigating, pursuing, and/or prosecuting voting and/or election fraud from January 1, 2000 to the present, including, but not limited to

    a. the budget or other monetary resources devoted to investigate or otherwise combat voting and/or election fraud;

    b. the number of investigators, law enforcement officials, or other individuals assigned to investigate or otherwise combat instances of voting and/or election fraud; and

    c. any assistance or grants received from other Texas or federal entities for such purpose.

4. Any and all documents concerning voting and/or election fraud, including, but not limited to, voter impersonation (including in-person voter impersonation), mail-in ballot fraud, voting by non-citizens, or other instances of illegal voting or obstruction of voting in violation of the Texas Election or Penal Code, or any other applicable law.

5. Any and all documents pertaining to communications, discussions, collaborations, coordination, or correspondence from January 1, 2002 to the present with the Governor's office, the Lieutenant Governor's office, the Texas Secretary of State, the Department of Public Safety, the Public Safety Commission, or other entity within the executive branch of the state of Texas concerning:

    a. voter impersonation (including in-person voter impersonation), mail-in ballot fraud, voting by non-citizens, or other instances of illegal voting or obstruction of voting in violation of the Texas Election or Penal Code, or any other applicable law;

    b. guidelines, regulations, policies, and procedures put forth by other state agencies relating to the manner in which elections are held or voting is conducted within the state of Texas;

    c. prospective or enacted legislation concerning enhanced procedures for voter identification, including, but not limited to, S.B. 14 (2011), S.B. 362 (2009), H.B. 218 (2007), or H.B. 1706 (2005), and

    d. the implementation of procedures for voter identification, including, but not limited to, S.B. 14 (2011).

6. Any and all documents pertaining to communication, discussion, collaboration, coordination, or correspondence from January 1, 2000 to the present with members of the Texas Legislature or their staff, including, but not limited to, caucuses, committees, or entities within the legislative branch of the state of Texas, concerning:

    a. voter impersonation (including in-person voter impersonation), mail-in ballot fraud, voting by non-citizens, or other instances of illegal voting in violation of the Texas Election and Penal Code, or any other applicable law;

    b. guidelines, regulations, policies, and procedures put forth by other state agencies relating to the manner in which elections are held or voting is conducted within the state of Texas;

    c. prospective or enacted legislation relating to enhanced procedures for voter identification, including, but not limited to, S.B. 14 (2011), S.B. 362 (2009), H.B. 218 (2007), or H.B. 1706 (2005);

    d. the implementation of procedures for voter identification, including, but not limited to, S.B. 14 (2011); and

    e. the enforceability of SB 14 following the U.S. District Court of the District of Columbia's decision to vacate its previous denial of preclearance to SB 14, *Texas v. Holder*, No. 12-cv-128 (D.D.C. Aug. 27, 2013), ECF No. 382.

7. Any and all documents pertaining to communication, discussion, collaboration, coordination, or correspondence from January 1, 2000 to the present with non-governmental organizations or other states' officials and agencies concerning:

    a. voting and election fraud, including voter impersonation (including in-person voter impersonation), mail-in ballot fraud, voting by non-citizens, or other instances of alleged, actual, or attempted voting and/or election fraud or illegal voting in violation of the Texas Election and Penal Code, or any other applicable law;

    b. the impact of voter identification laws generally or on specific subgroups, including any reports, studies, or data provided or requested by non-governmental organizations or other states' officials and agencies; and

    c. prospective or enacted legislation concerning enhanced procedures for voter identification in Texas or in other states, including, but not limited to, S.B. 14 (2011), S.B. 362 (2009), H.B. 218 (2007), or H.B. 1706 (2005).

8. Any and all documents pertaining to communication, discussion, collaboration, coordination, or correspondence from January 1, 2000 to the present with members of the media (including, without limitation, all print, television, or internet media) or public concerning:

    a. voting and election fraud, including voter impersonation (including in-person voter impersonation), mail-in ballot fraud, voting by non-citizens, or other instances of alleged, actual, or attempted voting and/or election fraud or illegal voting in violation of the Texas Election and Penal Code, or any other applicable law; and

    b. prospective or enacted legislation concerning enhanced procedures for voter identification, including, but not limited to, S.B. 14 (2011), S.B. 362 (2009), H.B. 218 (2007), or H.B. 1706 (2005).

9. Any and all documents provided to or requested by the Texas legislature, whether directly or through a caucus, committee, other legislative entity, Texas agency or official, concerning S.B. 14 (2011), S.B. 362 (2009), H.B. 218 (2007), or H.B. 1706 (2005) during the consideration, preparation for implementation, or implementation of those bills.

10. Any and all documents concerning any initiatives, trainings, or programs to educate the public about voting and/or election fraud and S.B. 14, including the acceptable forms of photo identification under that law.

11. Any and all documents concerning initiatives, trainings, or programs to educate or train poll workers, and/or election officials about voting and/or election fraud and S.B. 14, including how to identify voting and/or election fraud, and the required forms of photo identification and procedures under S.B. 14.

12. Any and all documents concerning the effectiveness of any and all initiatives, trainings, or programs identified in response to Topic Numbers 10 and 11 listed above.