Exhibit 4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>RICK PERRY, *et al.*,<br><br>    Defendants. | Civil Action No. 2:13-cv-193 (NGR) |
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>TEXAS LEAGUE OF YOUNG VOTERS<br>EDUCATION FUND, *et al.*,<br><br>    Plaintiff-Intervenors,<br><br>TEXAS ASSOCIATION OF HISPANIC<br>COUNTY JUDGES AND COUNTY<br>COMMISSIONERS, *et al.*,<br><br>    Plaintiff-Intervenors,<br><br>  v.<br><br>STATE OF TEXAS, *et al.*,<br><br>    Defendants. | Civil Action No. 2:13-cv-263 (NGR) |

TEXAS STATE CONFERENCE OF NAACP
BRANCHES, *et al.*,

          Plaintiffs,

       v.

NANDITA BERRY, *et al.*,

          Defendants.

Civil Action No. 2:13-cv-291 (NGR)

---

BELINDA ORTIZ, *et al.*,

          Plaintiffs,

       v.

STATE OF TEXAS, *et al.*,

          Defendants

Civil Action No. 2:13-cv-348 (NGR)

### PLAINTIFF UNITED STATES' RESPONSES AND OBJECTIONS TO DEFENDANTS' FOURTH REQUEST FOR PRODUCTION TO PLAINTIFF UNITED STATES OF AMERICA

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the United States hereby responds to Defendants' Fourth Request for Production to Plaintiff United States of America ("RFPs" or "requests").  In formulating these responses, the United States has relied on the documents available to it at this time.  Additional documents may be obtained in discovery.  The United States will furnish any such documents to the extent required under Rule 26 of the Federal Rules of Civil Procedure.

### GENERAL OBJECTIONS

1.     The United States objects to the requests, including the instructions and definitions, to the extent they purport to impose upon the United States any obligations different

from, or greater than, those established or required by the Federal Rules of Civil Procedure and to the extent that they call for disclosure of information beyond the scope of what is required to be disclosed under Rule 26(b).

2.      The United States also objects to the requests to the extent they seek documents outside the scope of or in a format different from the Agreement Concerning Production Format (ECF No. 61-6).

3.      The United States also objects to the requests to the extent that they are unduly burdensome, overly broad, vague, and not reasonably calculated to lead to the discovery of admissible evidence.

4.      The United States objects to the overbreadth of the definition of "you" and "your," to the extent that the definition includes the Federal Bureau of Investigation; the United States Citizenship and Immigration Services; the United States Department of State; the United States Social Security Administration; the United States Department of Veterans Affairs; the United States Department of Defense; other independent federal agencies; other executive branch federal agencies outside of the Department of Justice; and the United States Congress. *See* Apr. 1 Tr. at 65-66; Mot. for Protective Order (ECF No. 180); Reply Br. (ECF No. 204). The United States also objects to the extent that the burden or expense associated with responding to requests directed to "you" or "your" outweighs the likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii).  The United States further objects to the extent that the requests applied to "you" or "your" seek documents that are not reasonably calculated to lead to the discovery of admissible evidence.

5.      The United States objects to the overbreadth and vagueness of the definition of "SB 14," insofar as it extends beyond the legislation that the State of Texas enacted as SB 14 in

3

2011 to include "all companion or predecessor bills filed during previous sessions, whether regular or special, of the Texas Legislature, and all alternative bills or proposals, whether filed or not, relating to the use of photographic identification for voting in the state of Texas."  The United States also objects to the use of the term "photographic identification for voting in the state of Texas," which the requests fail to define.  The United States further objects to the extent that the burden or expense associated with responding to requests using this definition of "SB 14" outweighs the likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii).  The United States further objects to the extent that requests using this definition of "SB 14" seek documents outside the possession, custody, and control of the United States insofar as they request "proposals" related to "photographic identification for voting in the State of Texas" and draft bills that are unknown by the United States.

6.     The United States objects to the overbreadth of the definition of "electronically stored information," insofar as it includes deleted files and temporary files.  The United States further objects to the extent that the burden or expense associated with producing deleted files and temporary files outweighs the likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii).  The United States also objects to the extent that the requests for deleted files and temporary files seek documents not reasonably calculated to lead to the discovery of admissible evidence.  *See* Agreement Concerning Production Format (ECF No. 61-6); Mot. for Protective Order (ECF No. 180).

7.     The United States further objects to the requests to the extent that they seek to discover internal documents prepared in anticipation of litigation by attorneys of the United States Department of Justice or non-attorney employees of the Department working under the supervision of Department attorneys.  Such information is protected as attorney work product.

4

*See Hickman v. Taylor*, 329 U.S. 495 (1947).  This doctrine applies both to work produced by government attorneys in anticipation of litigation, *see NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 154 (1975); *United States v. Mann*, 61 F.3d 326, 331 (5th Cir. 1995), and to the work product of a staff member of a federal agency who works under the supervision of a government attorney.  *See Sterling Drug Inc. v. Harris*, 488 F. Supp. 1019, 1026-27 (S.D.N.Y. 1980); *see also Hertzberg v. Veneman*, 273 F. Supp. 2d 67, 76-78 (D.D.C. 2003).  The parties have already agreed that these specific categories of documents are privileged documents and that parties are relieved of any responsibility to log them.  Agreement Concerning Production Format ¶ 25.

8.     The United States also objects to the requests to the extent that they seek documents that are predecisional and deliberative.  Such documents are protected from disclosure pursuant to the deliberative process privilege.  *See, e.g.*, *May v. Dep't of Air Force*, 777 F.2d 1012, 1014-15 (5th Cir. 1984); *SEC v. Cuban*, No. 3:08-cv-2050, 2013 WL 1091233, at *9 (N.D. Tex. Mar. 15, 2013).  Application of the deliberative process privilege is necessary to prevent injury to the quality of decisions made by federal agencies.  *See Sears, Roebuck & Co.*, 421 U.S. at 150-54; *J.H. Rutter Rex Mfg. Co. v. NLRB*, 473 F.2d 223, 234 (5th Cir. 1973); *EEOC v. Fina Oil & Chem. Co.*, 145 F.R.D. 74, 75 (E.D. Tex. 1992).

9.     The United States further objects to the requests to the extent that they seek documents related to the Attorney General's review of voting changes submitted for administrative preclearance under Section 5 of the Voting Rights Act.  42 U.S.C. § 1973c(a); 28 C.F.R. pt. 51 app.  The Attorney General's decision-making process is not relevant to a determination in this case; nor is discovery directed toward that process reasonably calculated to lead to the discovery of admissible evidence.  *See Morris v. Gressette*, 432 U.S. 491, 505-07 & n.24 (1977); *Cofield v. City of LaGrange*, 913 F. Supp. 608, 616-17 (D.D.C. 1996).

5

10.     The United States further objects to the requests to the extent that they seek to discover internal documents prepared during the course of an investigation.  Internal documents in the custody of the United States may be covered by recognized investigatory and law enforcement privileges.  *See In re U.S. Dep't of Homeland Sec.*, 459 F.3d 565, 569-70 (5th Cir. 2006) (recognizing law enforcement privilege); *see also Tuite v. Henry*, 181 F.R.D. 175, 176-77 (D.D.C. 1998), *aff'd*, 203 F.3d 53 (D.C. Cir. 1999); *McPeek v. Ashcroft*, 202 F.R.D. 332, 336 (D.D.C. 2001).

11.     The United States further objects to the requests to the extent that they seek to discover documents protected from disclosure by the attorney-client privilege.  *See United States v. Nelson*, 732 F.3d 504, 518 (2013).

12.     The United States further objects to the requests to the extent that they seek to discover documents protected from disclosure by the common interest doctrine, which limits waiver of the attorney-client privilege "if a privileged communication is shared with a third person who has a common legal interest with respect to the subject matter of the communication." *Hodges, Grant & Kaufmann v. IRS*, 768 F.2d 719, 721 (5th Cir. 1985); *see also In re LTV Sec. Litig.*, 89 F.R.D. 595, 604 (N.D. Tex. 1981).

13.     The United States also objects to the requests to the extent that they seek documents and electronically stored information not within its possession, custody, or control. *See* Fed. R. Civ. P. 34(a)(1); *see also United States v. Trevino*, 556 F.2d 1265, 1271-72 (5th Cir. 1977); *United States v. Bryan*, 868 F.2d 1032, 1036 (9th Cir. 1989); *see also Kyles v. Whitley*, 514 U.S. 419, 437 (1995).  The United States further objects to the requests to the extent that they seek documents and electronically stored information in the possession of the United States Congress.  *See Trevino*, 556 F.2d at 1270; *United States v. Zavala*, 839 F.2d 523, 528 (9th Cir.

1988); *see also INS v. Chadha*, 462 U.S. 919, 951-52 (1983).  *See generally* Reply Br. (ECF No. 2014).

14.     The United States also objects to the requests to the extent that they seek information protected from disclosure by the Privacy Act.  5 U.S.C. § 552a (b); *Jacobs v. Nat'l Drug Intelligence Ctr.*, 423 F.3d 512, 516 (5th Cir. 2005).

15.     The United States also objects to the requests to the extent that they seek documents already in the possession, custody, or control of, or otherwise equally available to Defendants and to the extent that "[t]he discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."  Fed. R. Civ. P. 26(b)(2)(C)(i); *Cabral v. U.S. Dep't of Justice*, 587 F.3d 13, 23-24 (1st Cir. 2009).

16.     The United States also objects to the requests to the extent that the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011).

17.     By answering these requests, the United States does not concede the relevance or materiality of the documents requested, nor of the subject matter to which the request refers. Rather, the responses are made expressly subject to, and without in any way waiving or intending to waive, any question or objection as to the competency, relevancy, privilege, or admissibility as evidence of any of the matters referred to in the responses.

18.     These general objections apply to each individual request unless specifically otherwise stated.  Reiteration of any general objection in response to a specific request shall not

7

be construed to limit the applicability of any other general objection.  Moreover, any attempt to answer or respond to any request to which a general objection is made does not in any way waive the objection.

## RESERVATION OF RIGHTS

The United States' responses to Defendants' requests are made without waiving or intending to waive, but, on the contrary, intending to preserve and preserving:

1.      All questions as to the competency, relevance, materiality, privilege, and admissibility of any response, evidence, information, or document for any purpose at any hearing in this matter or any other proceedings;

2.      The right to object on any grounds to the use of the information provided in any hearing in this matter or in any other proceeding;

3.      The right to object on any grounds at any time to other requests for production of documents or other discovery, including but not limited to demands for further responses to Defendants' requests;

4.      The right to revise, correct, supplement, clarify, and amend the responses set forth herein consistent with the Federal Rules of Civil Procedure.

## SPECIFIC RESPONSES AND OBJECTIONS

In addition to the foregoing general objections, the United States asserts the following specific objections and responses to each request for production of documents:

## REQUEST FOR PRODUCTION NO. 1:

Please produce all documents and tangible things relating to any request by any Plaintiff in the Federal Action, or any party in the State Action, to any Governmental Body in Texas, to produce Public Information, relating to any election or demographic data from 2005 to the

Present.  This request includes, but is not limited to, both any request to produce Public Information propounded to a Governmental Body and any response and/or documents and tangible things received from the Governmental Body in response to any request to produce Public Information.

**RESPONSE:**

The United States objects to this request on the ground that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and therefore is outside of the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1).  The United States also objects to this request on the ground that it is overly broad and unduly burdensome.

The United States further objects to this request to the extent that it seeks documents that contain attorney mental impressions, recommendations, thoughts, opinions or other attorney work product, which are thus protected by the work product doctrine, and seeks documents that contain the pre-decisional mental impressions, recommendations, thoughts, and opinions of government officials, which are protected by the deliberative process privilege.

The United States further objects to this request on the ground that it seeks information not within the United States' possession, custody, or control.  The United States further objects to this request on the ground that it seeks documents already in the possession, custody, or control of, or otherwise equally available to Defendants.  The United States also objects to this request on the ground that the term "State Action" is not defined.

Subject to and without waiving these general or specific objections, see Response and Objections to Request for Production No. 2.

9

**REQUEST FOR PRODUCTION NO. 2:**

Please produce all documents and tangible things relating to any subpoena served

pursuant to Fed. R. Civ. P. 45, in the Federal Action, on any municipality or county in the state

of Texas or on any other entity or individual, which were not previously provided to Defendants.

This request includes, but is not limited to, a request for both the subpoena served and any

response and/or documents and tangible things produced in response to that subpoena.

Defendants' request for the production of these documents and tangible things does not waive

any rights or remedies they may have due to the failure of any Plaintiff in the Federal Action to

provide notice to Defendants of any such subpoena before its service on the subpoenaed entity or

individual, as required by Fed. R. Civ. P. 45 (a)(4).

    **RESPONSE:**

The United States objects to this request on the ground that it seeks documents already in

the possession, custody, or control of, or otherwise equally available to Defendants.  In

particular, Defendants already possess copies of the subpoenas served by the United States in

this litigation on certain counties in the State of Texas.

    Subject to and without waiving these general or specific objections, the United States will

produce non-privileged documents that are relevant and responsive to this request.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce all documents and tangible things relating to any data regarding voter

demographics in Texas compiled by you, since 2005.

    **RESPONSE:**

The United States objects to this request to the extent that it seeks data that is not relevant

to any claim or defenses in this action insofar as it seeks demographic data unrelated to race or

membership in a language minority group.  The United States also objects to this request as premature insofar as it seeks documents that are expert disclosures, *see* Fed. R. Civ. P. 26(a)(2) (B), which must be produced according to the deadlines set forth in the Amended Scheduling Order.  *See* Amended Scheduling Order (ECF No. 231).  The United States further objects to this request on the ground that it seeks information not within the United States' possession, custody, or control.

Subject to and without waiving these general or specific objections, the United States will produce non-privileged documents that are relevant and responsive to this request.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce all documents and tangible things relating to any data regarding voter turnout in Texas compiled by you, since 2005.

**RESPONSE:**

The United States objects to this request on the ground that it seeks information that is not relevant to any claims or defenses in this action.  The United States also objects to this request on the ground that it seeks documents already in the possession, custody, or control of, or otherwise equally available to Defendants.  The United States also objects to this request as premature insofar as it seeks documents that are part of expert disclosures, *see* Fed. R. Civ. P. 26(a)(2) (B), which must be produced according to the deadlines set forth in the Amended Scheduling Order.  *See* Amended Scheduling Order (ECF No. 231).

Subject to and without waiving these general or specific objections, the United States will produce non-privileged documents that are relevant and responsive to this request.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce all documents and tangible things relating to any data regarding voter fraud in Texas compiled by you, since 2005.

**RESPONSE:**

The United States objects to this request to the extent that it seeks information not reasonably calculated to lead to the discovery of admissible evidence.  The United States further objects to this request on the ground that it seeks documents already in the possession, custody, or control of, or otherwise equally available to Defendants.

The United States also objects to this request as vague to the extent that it fails to define the terms "voter fraud" and unduly burdensome to the extent that it seeks documents relating to unsubstantiated allegations of voter fraud.

The United States further objects to this request to the extent that it seeks to discover internal documents prepared during the course of any investigation and protected from disclosure by law enforcement privileges.  The United States also objects to this request to the extent that it seeks documents that contain the pre-decisional mental impressions, recommendations, thoughts, and opinions of government officials—which are therefore protected by the deliberative process privilege.

The United States also objects to this request to the extent that it is duplicative of Request No. 10 of Defendants' Second Request for Production to Plaintiff United States of America.  The United States further objects on the ground that the Court has ordered the United States to provide additional responses to Defendants' earlier requests for documents by May 16, 2014, *see* Tr. Hr'g 10:9-12:23 (Apr. 16, 2014).  Subject to and without waiving these objections, the United States will produce (1) non-privileged correspondence related to voter fraud in the

12

possession of the Civil Rights Division and (2) non-privileged Public Integrity Reports submitted

by the Department of Justice to Congress that have not been previously produced.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce all documents and tangible things relating to any data regarding voter

impersonation in Texas compiled by you, since 2005.

**RESPONSE:**

The United States objects to this request to the extent that it seeks information not

reasonably calculated to lead to the discovery of admissible evidence.  The United States further

objects to this request on the ground that it seeks documents already in the possession, custody,

or control of, or otherwise equally available to Defendants.

The United States further objects to this request to the extent that it seeks to discover

internal documents prepared during the course of any investigation and protected from disclosure

by law enforcement privileges.  The United States also objects to this request to the extent that it

seeks documents that contain the pre-decisional mental impressions, recommendations, thoughts,

and opinions of government officials—which are therefore protected by the deliberative process

privilege.

The United States also objects to this request to the extent that it is duplicative of Request

No. 10 of Defendants' Second Request for Production to Plaintiff United States of America.  The

United States further objects on the ground that the Court has ordered the United States to

provide additional responses to Defendants' earlier requests for documents by May 16, 2014, *see*

Tr. Hr'g 10:9-12:23 (Apr. 16, 2014).  Subject to and without waiving these objections, the

United States will produce (1) non-privileged correspondence related to voter fraud in the

13

possession of the Civil Rights Division and (2) non-privileged Public Integrity Reports submitted by the Department of Justice to Congress that have not been previously produced.

**REQUEST FOR PRODUCTION NO. 7:**

Please produce all documents and tangible things relating to any calculations, reports, audits, estimates, projections, or other analyses related to the effect of SB 14 on minority voters or on voter[s] who are members of a language minority group, from 2005 to the Present.

**RESPONSE:**

The United States objects to this request as premature, insofar as it seeks expert materials prior to the expert disclosure deadline established in the Amended Scheduling Order (ECF No. 231). The United States also objects to this request on the ground that it seeks information not within the United States' possession, custody, or control. The United States further objects to this request on the ground that it seeks documents already in the possession, custody, or control of, or otherwise equally available to Defendants.

The United States also objects to this request to the extent that it seeks documents that contain attorney mental impressions, recommendations, thoughts, opinions or other attorney work product, which are thus protected by the work product doctrine, and seeks documents that contain the pre-decisional mental impressions, recommendations, thoughts, and opinions of government officials, which are protected by the deliberative process privilege. The United States further objects to this request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege.

Subject to and without waiving these general or specific objections, the United States will produce non-privileged documents that are relevant and responsive to this request.

**REQUEST FOR PRODUCTION NO. 8:**

Please produce all documents and tangible things relating to Administrative Preclearance of any state's law, maintained pursuant to 28 C.F.R. § 51.50(a), from 2005 to the present.

**RESPONSE:**

The United States objects to this request to the extent that it seeks information not reasonably calculated to lead to the discovery of admissible evidence, namely documents unrelated to the claim or defenses in this litigation.  The Attorney General's decision-making process is not relevant to a determination in this case; nor is discovery directed toward that process reasonably calculated to lead to the discovery of admissible evidence.  *See Morris v. Gressette*, 432 U.S. 491, 505-07 & n.24 (1977).

The United States also objects to this request on the ground that it is overly broad and unduly burdensome.  The United States further objects to this request to the extent that it seeks internal documents, contained in submission files, that contain attorney mental impressions, recommendations, thoughts, opinions or other attorney work product—and which are thus protected by the work product doctrine—and seeks internal documents, contained in submission files, that contain the predecisional mental impressions, recommendations, thoughts, and opinions of government officials—and which are therefore protected by the deliberative process privilege.

The United States further objects to this request insofar as it seeks documents previously requested by Defendants and produced by the United States.

Subject to and without waiving these objections, see responses and objections to Requests Nos. 7 and 8 of Defendants' First Request for Production to Plaintiff United States of America.

15

**REQUEST FOR PRODUCTION NO. 9:**

      Please produce all documents and tangible things created, collected, received, transmitted or produced by the Department of Justice in relating to any state's request for Administrative Preclearance, from 2005 to the present.

**RESPONSE:**

      See responses and objections to Request No. 8.

      Subject to and without waiving these objections, see responses and objections to Requests Nos. 7 and 8 of Defendants' First Request for Production to Plaintiff United States of America.

**REQUEST FOR PRODUCTION NO. 10:**

      Please produce all documents and tangible things relating to any communications to and from the e-mail address vot1973c@usdoj.gov relating to voting in the State of Texas in any election, date from 2005 to the Present.

**RESPONSE:**

      The United States objects to this request to the extent that it seeks information not reasonably calculated to lead to the discovery of admissible evidence, namely documents unrelated to the claim or defenses in this litigation.

      The United States further objects to this request on the ground that it is overly broad and unduly burdensome.  The United States further objects to this request insofar as it seeks documents previously requested by Defendants and produced by the United States.

      Subject to and without waiving these objections, see responses and objections to Requests No. 10 of Defendants' First Request for Production to Plaintiff United States of America.

16

**REQUEST FOR PRODUCTION NO. 11:**

Please produce all documents and tangible things relating to any communications to and from the e-mail address vot1973c@usdoj.gov relating to voting in any United States state (other than Texas), United States territory or outlying possession, or the District of Columbia, in any election.

**RESPONSE:**

The United States objects to this request to the extent that it seeks information not reasonably calculated to lead to the discovery of admissible evidence, namely documents unrelated to the claim or defenses in this litigation.  In particular, this request seeks communications unrelated to the intent of the Texas Legislature in enacting SB 14 or the issue of whether SB 14 results in denying or abridging the right to vote on account of race or color or membership in a language minority group, and therefore is outside of the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1).

The United States further objects to this request on the ground that it is overly broad and unduly burdensome.  The United States also objects to this request on the ground that it has no limitation temporally.  Accordingly, subject to and without waiving these objections, the United States will not produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 12:**

Please produce all documents and tangible things that you intend to present as evidence at trial, to the extent not otherwise encompassed by these Discovery Requests, or the Defendants' First, Second and Third Request for Production to Plaintiff The United States of America.

**RESPONSE:**

The United States objects to this request as duplicative with the United States'

obligations pursuant to Rule 26(a) of the Federal Rules of Civil Procedure.

The United States also objects to this request as premature, insofar as it seeks documents

that the United States intends to present at trial prior to the close of fact discovery, and in

advance of the deadline for submission of the Joint Pretrial Order. *See* Amended Scheduling

Order (ECF No. 231).

The United States further objects to this request to the extent that it seeks materials that

the United States may produce as evidence related solely to impeachment, insofar as such

materials are not otherwise relevant to the claims and defenses in this case and are not likely to

lead to the discovery of such relevant evidence.

Subject to and without waiving these general or specific objections, the United States will

produce non-privileged documents that are relevant and responsive to this request.

Date: April 30, 2014

KENNETH MAGIDSON
United States Attorney
Southern District of Texas

JOCELYN SAMUELS
Acting Assistant United States
Civil Rights Division

 */s/ Bruce I. Gear*
T. CHRISTIAN HERREN, JR.
MEREDITH BELL-PLATTS
ELIZABETH S. WESTFALL
BRUCE I. GEAR
JENNIFER L. MARANZANO
ANNA M. BALDWIN
DANIEL J. FREEMAN
Attorneys, Voting Section
Civil Rights Division
Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

18

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on April 30, 2014, I served a true and correct copy of the foregoing via electronic mail on the following counsel of record:

John B. Scott
John Reed Clay, Jr.
Gregory David Whitley
Jonathan F. Mitchell
Stephen Ronald Keister
Arthur D'Andrea
Jennifer Marie Roscetii
Office of the Texas Attorney General
john.scott@texasattorneygeneral.gov
reed.clay@texasattorneygeneral.gov
david.whitley@texasattorneygeneral.gov
jonathan.mitchell@texasattorneygeneral.gov
sean.flammer@texasattorneygeneral.gov
ronny.keister@texasattorneygeneral.gov
arthur.dandrea@texasattorneygeneral.gov
jennifer.roscetti@texasattorneygeneral.gov

Ben Addison Donnell
Donnell Abernethy & Kieschnick
bdonnell@dakpc.com

*Counsel for Defendants*

Chad W. Dunn
Kembel Scott Brazil
Brazil & Dunn
chad@bradzilanddunn.com
scott@bazilanddunn.com

J. Gerald Hebert
Emma Simson
Campaign Legal Center
ghebert@campaignlegalcenter.org
esimson@campaignlegalcenter.org

Neil G. Baron
Law Offices of Neil G. Baron
neil@ngbaronlaw.com

Armand Derfner
Derfner, Altman, & Wilborn
aderfner@dawlaw.com

Luiz Roberto Vera, Jr.
lrvlaw@sbcglobal.net

*Counsel for Veasey Plaintiffs*

Christina Swarns
Ryan P. Haygood
Natasha M. Korgaonkar
Leah C. Aden
Deuel Ross
NAACP Legal Defense and Educational
    Fund, Inc.
cswarns@naacpldf.org
rhaygood@naacpldf.org
nkorgaonkar@naacpldf.org
laden@naacpldf.org
dross@naacpldf.org

Danielle Conley
Jonathan Paikin
Kelly P. Dunbar
Sonya L. Lebsack
Ezra D. Rosenberg
Amy L. Rudd
Dechert LLP
ezra.rosenberg@dechert.com
amy.rudd@dechert.com

Wendy Weiser
Jennifer Clark
Myrna Pérez
Vishal Agraharkar
Brennan Center for Justice at NYU School of
    Law
wendy.weiser@nyu.edu
jenniferl.clark@nyu.edu
myrna.perez@nyu.edu
vishal.argraharkar@nyu.edu

Mark A. Posner
Sonia Kaur Gill
Erandi Zamora
Lawyers' Committee for Civil Rights
mposner@lawyerscommittee.org
sgill@lawyerscommittee.org
ezamora@lawyerscommittee.org

*Counsel for Texas State Conference of*
*NAACP Branches Plaintiffs*

Gerald J. Sinzdak
Lynn Eisenberg
M. Hasan Ali
Richard F. Shordt
WilmerHale LLP
danielle.conley@wilmerhale.com
jonathan.paikin@wilmerhale.com
kelly.dunbar@wilmerhale.com
sonya.lebsack@wilmerhale.com
Gerard.sinzdak@wilmerhale.com
Lynn.eisenberg@wilmerhale.com
hasan.ali@wilmerhale.com
richard.shordt@wilmerhale.com

*Counsel for Texas League of Young Voters*
*Plaintiff-Intervenors*

Jose Garza
Marinda van Dalen
Robert W. Doggett
Peter McGraw
Texas Rio Grande Legal Aid, Inc.
jgarza@trla.org
mvandalen@trla.org
rdoggett@trla.org
pmcgraw@trla.org

*Counsel for Ortiz Plaintiffs*

Rolando L. Rios
Law Offices of Rolando L. Rios
rrios@rolandorioslaw.com

Preston Edward Henrichson
Law Offices of Preston Henrichson
preston@henrichsonlaw.com

*Counsel for Texas Association of Hispanic*
*County Judges and County Commissioners*
*Plaintiff-Intervenors*

*/s/ Elizabeth S. Westfall*
Elizabeth S. Westfall
Voting Section
Civil Rights Division
U.S. Department of Justice
elizabeth.westfall@usdoj.gov