# Exhibit 7

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, JANE HAMILTON, SERGIO DELEON, FLOYD J. CARRIER, ANNA BURNS, MICHAEL MONTEZ, PENNY POPE, OSCAR ORTIZ, KOBY OZIAS, JOHN MELLOR-CRUMLEY, PEGGY HERMAN, EVELYN BRICKNER, GORDON BENJAMIN, KEN GANDY, LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), AND DALLAS COUNTY, TEXAS,<br>    *Plaintiffs*,<br>v.<br><br>RICK PERRY, Governor of Texas; and JOHN STEEN, Texas Secretary of State,<br>    *Defendants*. | CIVIL ACTION NO.<br>2:13-CV-193 (NGR)<br>[Lead case] |
| UNITED STATES OF AMERICA,<br>    *Plaintiffs*,<br><br>TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, IMANI CLARK, AURICA WASHINGTON, CRYSTAL OWENS, AND MICHELLE BESSIAKE,<br>    *Plaintiff-Intervenors*,<br><br>TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, HIDALGO COUNTY, AND MARIA LONGORIA BENAVIDES,<br>    *Plaintiff-Intervenors*,<br>v.<br><br>STATE OF TEXAS, JOHN STEEN, in his official capacity as Texas Secretary of State; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety,<br>    *Defendants*. | CIVIL ACTION NO.<br>2:13-CV-263 (NGR)<br>[Consolidated case] |

1

| | |
|---|---|
| TEXAS STATE CONFERENCE OF NAACP BRANCHES; and the MEXICAN AMERICAN LEGISLATIVE CAUCUS OF THE TEXAS HOUSE OF REPRESENTATIVES,<br>　　*Plaintiffs,*<br>v.<br><br>JOHN STEEN, in his official capacity as Secretary of State of Texas; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety,<br>　　*Defendants.* | CIVIL ACTION NO.<br>2:13-CV-291 (NGR)<br>[Consolidated case] |
| BELINDA ORTIZ, LENARD TAYLOR, EULALIO MENDEZ JR., LIONEL ESTRADA; ESTELA GARCIA ESPINOSA, ROXANNE HERNANDEZ, LYDIA LARA, MARGARITO MARTINEZ LARA, MAXIMINA MARTINEZ LARA, AND *LA UNION DEL PUEBLO ENTERO, INC.*<br>　　*Plaintiffs,*<br>v.<br><br>STATE OF TEXAS; JOHN STEEN, in his Official capacity as Texas Secretary of State; And STEVE McCRAW, in his official capacity As Director of the Texas Department of Public Safety,<br>　　*Defendants.* | CIVIL ACTION NO.<br>2:13-CV-348 (NGR)<br>[Consolidated case] |

**DEFENDANTS' CORRECTED NOTICE OF INTENTION TO TAKE ORAL DEPOSITION OF THE UNITED STATES OF AMERICA**

To:　**The United States of America**, by and through its attorneys of record Anna Baldwin, Robert Berman, Richard Dellheim, Elizabeth S. Westfall, Avner Shapiro, Daniel Freeman, Jennifer Maranzano, John A. Smith, Meredith Bell-Platts, and Bruce Gear, Voting Section, Civil Rights Division, United

2

States Department of Justice, Room 7254 NWB, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530.

Please take notice that on May 14, 2014 beginning at 9:30 A.M., at the United States Attorney's Office, Western District of Texas, 816 Congress Avenue, Suite 1000 Austin, Texas 78701, Defendants the State of Texas, Rick Perry, the Texas Secretary of State[1] and Steve McCraw, by and through the Attorney General for the State of Texas, will take the oral deposition of the United States of America, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.  For purposes of this Corrected Notice of Intention to Take Oral Deposition of the United States of America, the "United States of America" is defined as the United States Department of Justice (a) Civil Rights Division, Voting Section; (b) Criminal Division, Public Integrity Section (including, but not limited to, the Election Crimes Branch); (c) United States Attorney's Office for the Eastern District of Texas; (d) United States Attorney's Office for the Western District of Texas; (e) United States Attorney's Office for the Northern District of Texas; (f) United States Attorney's Office for the Southern District of Texas; (g) United States Department of Homeland Security; and (h) United States Marshal Service, except where the context requires otherwise.[2]

This deposition will be recorded by stenographic means, conducted before an individual authorized to administer oaths, and used for any purpose permitted under the Federal Rules of Civil Procedure or court order.  The deposition may be

---

[1] Various complaints identify the Texas Secretary of State as John Steen.  The current Secretary of State, however, is Nandita Berry.
[2] The "United States" standing alone is used herein to refer geographically to the United States of America.

3

videotaped. The deposition will continue from time to time and place to place until concluded.

    The United States of America is directed to designate a person or persons to testify on its behalf on the matters identified in Exhibit A.

# EXHIBIT A

# DEFINITIONS

The following terms have the following meanings, unless the context requires otherwise:

1. <u>SB 14</u>. The term "SB 14" has the meaning ascribed to it in the United States' Complaint.

2. <u>Administrative Preclearance.</u> The term "Administrative Preclearance" refers to the process, pursuant to Section 5 of the Voting Rights Act, by which the United States Attorney General or a three-judge court of the U.S. District Court for the District of Columbia reviews "changes to enact or seek to administer any voting qualification or prerequisite to voting, or standard, practice, or procedure with respect to voting different from that in force or effect [on certain dates, depending on the state]," as that process existed prior to the date of the United States Supreme Court's decision in *Shelby County v. Holder*, 133 S.Ct. 2612 (2013).

3. <u>Voting Rights Act</u>. The Voting Rights Act refers to 42 U.S.C. §§ 1973 - 1973aa-6.

4. <u>And & or.</u> The connectives "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

5. <u>Federal Complaint.</u> The term "Federal Complaint" means Document 1 in Case 2:13-cv-00263 in the United States District Court for the Southern District of Texas.

6. <u>Election Crimes.</u> The term "Election Crimes" means intentional acts or willful failures to act, prohibited by state or federal law, that are designed to cause ineligible persons to participate in the election process; eligible persons to be excluded from the election process; ineligible votes to be cast in an election; eligible votes not to be cast or counted; or other interference with or invalidation of election results. "Election Crimes" includes any criminal form of Voter Fraud.

7. <u>Voter Fraud.</u> The term "Voter Fraud" is defined as fraudulent or deceptive acts committed to influence the act of voting, and includes both criminal and civil offenses and violations. "Voter Fraud" includes, but is not limited to, (1) making or knowingly possession a counterfeit of an official election ballot; (2) signing a name other than one's own to a petition proposing an initiative, referendum, recall, or nomination of a candidate for office; (3) knowingly signing more than once for the

5

proposition, question, or candidate in one election; (4) signing a petition proposing an initiative or referendum when the signer is not a qualified voter; (5) voting or attempting to vote in the name of another person; (6) voting or attempting to vote more than once during the same election; (7) intentionally making a false affidavit, swearing falsely, or falsely affirming under an oath required by statute regarding one's voting status, including when registering to vote, requesting an absentee ballot or presenting to vote in person; (8) registering to vote without being entitled to register; (9) knowingly making a materially false statement on an application for voter registration or re-registration; (10) voting or attempting to vote in an election after being disqualified or when the person knows that he/she is not eligible to vote; and/or (11) knowingly soliciting or encouraging a person who is not qualified to vote in an election.

8. <u>Present.</u> The term "Present" means May 14, 2014, or any date on which the oral deposition of the United States of America is taken in the above-captioned litigation.

9. <u>Relating.</u> The term "Relating" means concerning, referring, describing, evidencing, supporting, refuting, or constituting, either directly or indirectly.

10. <u>Federal building.</u> The term "Federal Building" means a building owned or occupied by any federal agency or entity, including, but not limited to, any entity which is part of the legislative, judicial, or executive branches of the government of the United States, in the United States, and includes both structures commonly referred to as "buildings" and also tracts of real property.

11. <u>Court.</u> The term "Court" means a Federal Building which is also a federal courthouse or any part of any federal courthouse, in the United States.

12. <u>Requirement.</u> The term "Requirement" means any regulation, statute, guideline, common law, or other legal authority.

# MATTERS

1. Administrative Preclearance of the law of any state, territory or outlying possession of the United States, or the District of Columbia.

2. Enforcement of Section 2 of the Voting Rights Act.

3. The United States of America's allegations in Paragraph 35 of its Federal Complaint that "SB 14 will disproportionately impact Hispanic and African-American voters in the State of Texas, resulting in their being disenfranchised at a greater rate than Anglo voters."

4. The United States of America's allegations in Paragraphs 67, 68 and 69 of its Federal Complaint that "SB 14…violat[es]" Section 2 of the Voting Rights Act as a "voting qualification or prerequisite to voting or any standard, practice, or procedure that has either the purpose or the result of denying or abridging the right to vote on account of race, color, or membership in a language minority group."

5. The use of federal observers or examiners under the Voting Rights Act.

6. Election monitoring under the Voting Rights Act.

7. The Public Integrity Reports submitted to the Congress of the United States annually pursuant to the Ethics in Government Act of 1978, since 2004.

8. The Ballot Access and Voting Integrity Initiative, which may also be known as the Ballot Integrity Initiative, for the 2002 general election and subsequent elections, implemented by the Public Integrity Section of the Criminal Division of the United States Department of Justice, in or around September 2002.

9. The United States of America's allegations in Paragraph 41 of its Federal Complaint that "[t]he political processes in the State of Texas…are not equally open to participation by African-American and Hispanic voters…"

10. The Voting Section of the Civil Rights Division of the United States Department of Justice complaint in-take phone logs and data, as well as the Interactive Case Management (ICM) system, including but not limited to, communications to and from vot1973c@usdoj.gov.

11. Any instance of any Election Crime in Texas, from 2004 to the Present.

12. Any prosecution for any Election Crime in Texas, from 2004 to the Present.

13. Any potential prosecution for any Election Crime in Texas, from 2004 to the Present.

14. Any investigation of any Election Crime in Texas, from 2004 to the Present.

15. Any allegation (substantiated or unsubstantiated) of any Election Crime in Texas, from 2004 to the Present.

16. Any instance of any Election Crime in any state, territory or outlying possession of the United States, or the District of Columbia, other than Texas, from 2004 to the Present.

17. Any prosecution for any Election Crime in any state, territory or outlying possession of the United States, or the District of Columbia, other than Texas, from 2004 to the Present.

18. Any potential prosecution for any Election Crime in any state, territory or outlying possession of the United States, or the District of Columbia, other than Texas, from 2004 to the Present.

19. Any investigation of any Election Crime in any state, territory or outlying possession of the United States, or the District of Columbia, other than Texas, from 2004 to the Present.

20. Any allegation (substantiated or unsubstantiated) of any Election Crime in any state, territory or outlying possession of the United States, or the District of Columbia, other than Texas, from 2004 to the Present.

21. Any instance of Voter Fraud in Texas, from 2004 to the Present.

22. Any prosecution for Voter Fraud in Texas, from 2004 to the Present.

23. Any potential prosecution for Voter Fraud in Texas, from 2004 to the Present.

24. Any investigation of Voter Fraud in Texas, from 2004 to the Present.

25. Any allegation (substantiated or unsubstantiated) of Voter Fraud in Texas, from 2004 to the Present.

26. Any instance of Voter Fraud in any state, territory or outlying possession of the United States, or the District of Columbia, other than Texas, from 2004 to the Present.

27. Any prosecution for Voter Fraud in any state, territory or outlying possession of the United States, or the District of Columbia, other than Texas, from 2004 to the Present.

28. Any potential prosecution for Voter Fraud in any in any state, territory or outlying possession of the United States, or the District of Columbia, other than Texas, from 2004 to the Present.

29. Any investigation of Voter Fraud in any state, territory or outlying possession of the United States, or the District of Columbia, other than Texas, from 2004 to the Present.

30. Any allegation (substantiated or unsubstantiated) of Voter Fraud in any state, territory or outlying possession of the United States, or the District of Columbia, other than Texas, from 2004 to the Present.

31. Any requirement to present a form of photographic identification in order to enter any Federal Building or part of any Federal Building, including but not limited to, the purpose of any such requirement or the intent behind the requirement for the photographic identification. This topic includes, but is not limited to, any list of acceptable and/or unacceptable photographic identification required to enter any Federal Building.

32. Any requirement to present a form of photographic identification to the Transportation Security Administration, in order to board an aircraft to or from any state, territory or outlying possession of the United States, or the District of Columbia, including but not limited to, the purpose of any such requirement or the intent behind any requirement to present the photographic identification.

33. Any calculations, reports, audits, estimates, projections, or other analyses done by, commissioned by, or in the possession, custody or control of, the United States of America relating to the effect of any requirements to present photographic identification in order to enter any Federal Building or part of any Federal Building, including but not limited to, calculations, reports, audits, estimates, projections, or other analyses done by or commissioned by the United States of America relating to whether such requirements would

have the effect of denying or abridging the right to vote on account of race, color, or membership in a language minority group. This topic includes, but is not limited to, the effect of any list of acceptable and/or unacceptable photographic identification required to enter any Federal Building.

34. Any calculations, reports, audits, estimates, projections, or other analyses done by, commissioned by, or in the possession, custody, or control of, the United States of America relating to the effect of any requirements to present photographic identification to the Transportation Security Administration in order to board an aircraft to or from any state, territory or outlying possession of the United States, or the District of Columbia, including but not limited to, calculations, reports, audits, estimates, projections, or other analyses done by or commissioned by the United States of America relating to whether such requirements would have the effect of denying or abridging the right to vote on account of race, color, or membership in a language minority group.

35. Any requirement to provide photographic identification to enter a Court, in order for an individual to exercise his or her fundamental right to access courts. *See Boddie v. Connecticut,* 401 U.S. 371 (1971). This topic includes, but is not limited to, the requirements under 41 C.F.R. § 74.375. This topic also includes, but is not limited to, the purpose of or the intent behind any requirement to provide the photographic identification. This topic further includes, but is not limited to, any list of acceptable and/or unacceptable photographic identification required to enter the Courts.

36. Any calculations, reports, audits, estimates, projections, or other analyses done by, commissioned by, or in the possession, custody, or control of, the United States of America relating to the effect of any requirement to provide photographic identification to enter a Court, in order for an individual to exercise his or her fundamental right to access courts, including but not limited to, calculations, reports, audits, estimates, projections, or other analyses done by or commissioned by, or in the possession, custody, or control of the United States of America relating to whether such requirements would have the effect of denying or abridging the right to vote on account of race, color, or membership in a language minority group.

37. Any calculations, reports, audits, estimates, projections, or other analyses done by, commissioned by, or in the possession, custody, or control of, the United States of America, relating to the effect of SB 14 or any other law

which requires photographic identification for voting, including but not limited to, calculations, reports, audits, estimates, projections, or other analyses done by or commissioned by, or in the possession, custody, or control of the United States of America, relating to the effect of SB 14 or any other law which contains a requirement to provide photographic identification for voting (1) on minority voters or on voters who are members of a language minority group, from 2004 to the Present; (2) on instances of Voter Fraud; and/or (3) on instances of Election Crimes.

38. Data relating to voter turnout in Texas, compiled by the United States of America, since 2004.

39. Data relating to voter demographics in Texas, compiled by the United States of America, since 2004.

Dated:     April 18, 2014

>Respectfully submitted,
>
>GREG ABBOTT
>Attorney General of Texas
>
>DANIEL T. HODGE
>First Assistant Attorney General
>
>JONATHAN F. MITCHELL
>Solicitor General
>
>J. REED CLAY, JR.
>Special Assistant and Senior Counsel
>to the Attorney General
>Southern District of Texas No. 1160600
>
>*/s/ John B. Scott*
>JOHN B. SCOTT
>Deputy Attorney General for Civil Litigation
>Southern District of Texas No. 10418
>Texas State Bar No. 17901500
>ATTORNEY-IN-CHARGE
>
>G. DAVID WHITLEY
>Assistant Deputy Attorney General
>Southern District of Texas No. 2080496
>
>STEPHEN RONALD KEISTER
>Assistant Attorney General
>Southern District of Texas No. 18580
>
>JENNIFER MARIE ROSCETTI
>Assistant Attorney General
>Southern District of Texas No. 224780
>
>209 West 14th Street
>P.O. Box 12548
>Austin, Texas 70711-2548
>(512) 475-0131
>
>COUNSEL FOR THE STATE OF TEXAS,
>RICK PERRY, JOHN STEEN, and STEVE
>MCCRAW

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 18, 2014, I served a true and correct copy of the foregoing document is being served via electronic mail to all counsel of record.

*/s/ John B. Scott*
JOHN B. SCOTT