IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>RICK PERRY, *et al.*,<br><br>　　　　Defendants. | Civil Action No. 2:13-cv-193 (NGR) |

**DECLARATION OF RICHARD C. PILGER**

DIRECTOR, ELECTIONS CRIMES BRANCH
PUBLIC INTEGRITY SECTION
CRIMINAL DIVISION, UNITED STATES DEPARTMENT OF JUSTICE

　　I, Richard C. Pilger, Director, Elections Crimes Branch, Public Integrity Section, Criminal Division, United States Department of Justice, make the following declaration pursuant to 28 U.S.C. § 1746:

1. Since in or about March 2010, I have served as the Director of the Elections Crimes Branch of the Public Integrity Section of the Criminal Division of the United States Department of Justice.

2. The Department of Justice (DOJ) participates in enforcing federal statutes concerning election fraud. *See generally* "Federal Prosecution of Election Offenses," (Seventh Edition, August 2007) at Chapter Two. The Public Integrity Section may participate either directly as a litigating component or indirectly by consulting with and advising the United States Attorneys' Offices (USAOs) and the Federal Bureau of Investigation (FBI). Under DOJ policy reflected in the United States Attorneys' Manual, USAOs must consult the Public Integrity Section before seeking to expand an election fraud investigation beyond a preliminary inquiry. U.S.A.M. § 9-85.210 ("With regard to all other election crime matters . . . namely, alleged election fraud or patronage offenses, United States Attorneys shall consult with the Public Integrity Section before an investigation beyond a preliminary inquiry is requested or conducted.") (Attached).

3. My duties as Director of the Elections Crimes Branch of the Public Integrity Section of the Criminal Division include both directly litigating election offenses and providing required consultations and general advice about election offenses to USAOs and the FBI.

4. In my experience, DOJ has investigated and prosecuted a wide variety of election fraud offenses.

5. To the best of my knowledge, from March 2010 to the present, the Public Integrity Section has neither investigated nor consulted in any cases of election fraud through in–person voter impersonation (i.e., the use of the name of another person to obtain and vote a ballot while physically present at the polls) that have proceeded beyond a preliminary inquiry anywhere in the United States, including the State of Texas.

6. To the best of my knowledge, upon a review by myself and other DOJ staff of information from the Automated Case Tracking System of the Criminal Division of DOJ, and of certain publicly available and related court records, there have been no apparent cases of in–person voter impersonation (i.e., use of the name of another person to obtain and vote a ballot while physically present at the polls) charged by the Criminal Division of DOJ anywhere in the United States, including the State of Texas, from 2004 to the present.

7. To the best of my knowledge, upon a review by myself and other DOJ staff of information from the Legal Information Office Network System managed by the Executive Office for United States Attorneys of DOJ, and of certain publicly available and related court records, there have been no apparent cases of in–person voter impersonation (i.e., use of the name of another person to obtain and vote a ballot while physically present at the polls) charged by the United States Attorneys' Offices anywhere in the United States, including the State of Texas, from 2004 to the present.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 3rd day of July, 2014.

*Richard Pilger* (signature)

Richard C. Pilger, Director
Elections Crimes Branch
Public Integrity Section
Criminal Division
United States Department of Justice

US Attorneys > USAM > Title 9 > USAM Chapter 9-85.000

**9-85.210**     **Violations of Campaign Financing Laws, Federal Patronage Laws, and Corruption of the Electional Process— Consultation Requirement**

Consultation with the Public Integrity Section of the Criminal Division is required in all federal criminal matters that focus on violations of federal or state campaign financing laws, federal patronage crimes, and corruption of the election process. These offenses include, but are not limited to, offenses described in: 18 U.S.C. §§ 241 to 242, 592 to 611; 42 U.S.C. §§ 1973i(c), 1973i(e), and 1973gg-10; 2 U.S.C. §§ 431 to 455; and prosecutive theories that focus on election fraud or campaign fund raising violations using 18 U.S.C. §§ 1341, 1343, and 1346; 18 U.S.C. § 1952; 18 U.S.C. §§ 1956 and 1957.

With regard to federal campaign financing matters arising under 2 U.S.C. §§ 431-455, United States Attorneys shall consult with the Public Integrity Section before any inquiry or preliminary investigation is requested or conducted. United States Attorneys shall also consult with the Public Integrity Section before instituting grand jury proceedings, filing an information, or seeking an indictment charging a campaign financing crime.

With regard to all other election crime matters (other than those described in USAM 9-85.200 (Federally Protected Activities)), namely, alleged election fraud or patronage offenses, United States Attorneys shall consult with the Public Integrity Section before an investigation beyond a preliminary inquiry is requested or conducted. In this connection, the Department views any voter interviews in the preelection and balloting periods—other than interviews of a complainant and any witnesses he or she may identify—as beyond a preliminary investigation. Thus, the Public Integrity Section should be consulted before such interviews.

Finally, as with campaign financing matters, United States Attorneys also shall consult with the Public Integrity Section before instituting grand jury proceedings, filing an information, or seeking an indictment charging an election fraud or patronage offense.

[updated July 2005] [cited in USAM 9-43.100]