**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | |
|---|---|
| MARC VEASEY, *et al.*, <br><br>             Plaintiffs, <br><br>           v. <br><br> RICK PERRY, *et al.*, <br><br>             Defendants. | Civil Action No. 2:13-cv-193 (NGR) |

**UNOPPOSED REQUEST FOR JUDICIAL NOTICE
BY ALL PRIVATE PLAINTIFFS AND PLAINTIFF-INTERVENORS**

Pursuant to Rule 201(b)(2) of the Federal Rules of Evidence, all private Plaintiffs and Plaintiff-Intervenors ("Plaintiffs") in these consolidated actions respectfully ask this Court to take judicial notice of certain population data for the State of Texas, as reported by the United States Bureau of the Census in the 2010 decennial Census ("Census facts"). These Census facts are intended to supplement population data this Court previously judicially noticed (Minute Order, May 28, 2014) at the request of the United States (ECF No. 252). This motion is not opposed by the United States or by Defendants.

The same exact Census facts that are the subject of this motion were judicially noticed by the three-judge district court in *Texas v. Holder*, 888 F. Supp. 2d 113 (D.D.C. 2012), the litigation brought by Texas under Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c, regarding SB 14. Minute Order, No. 1:12-cv-128 (July 10, 2012) *granting* ECF No. 239 as amended by ECF No. 296 (motion for judicial notice). That court then relied in part on these facts when it denied Section 5 preclearance to SB 14. 888 F. Supp. 2d at 141-42.

2

Rule 201(b)(2) provides for judicial notice of facts "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned."  Under Rule 201(d), this Court "may take judicial notice at any stage of the proceeding."  Courts routinely take judicial notice of Census data.  *See, e.g.*, *Hollinger v. Home State Mut. Ins.* Co., 654 F.3d 564, 572-73 (5th Cir. 2011).

The Census facts for which judicial notice is requested concern the number of persons in Texas who are age 65 or older (by race/ethnicity), and the share of Texas' total population and voting age population (by race/ethnicity) that is 65 or older.

The facts as to which judicial notice is requested are as follows:[1]

1.  According to the 2010 Census, the State of Texas has a total population age 65 or older of 2,601,886 persons, including 1,760,065 non-Hispanic White persons (67.6%), 532,921 Hispanic persons (20.5%), 220,837 non-Hispanic Black persons (8.5%), and 65,804 non-Hispanic Asian persons (2.5%).  Exhibit 1.

2.  According to the 2010 Census, the State of Texas has a total population of 25,145,561 persons, including 11,397,345 non-Hispanic White persons (45.3%), 9,460,921 Hispanic persons (37.6%), 2,886,825 non-Hispanic Black persons (11.5%), and 948,426 non-Hispanic Asian persons (3.8%).  Exhibit 2.

3.  According to the 2010 Census, the State of Texas has a voting-age population of 18,279,737, including 9,074,684 non-Hispanic White persons (49.6%), 6,143,144 Hispanic persons (33.6%), 2,076,282 non-Hispanic Black persons (11.4%), and 716,968 non-Hispanic Asian persons (3.9%).  Exhibit 3.

---

[1]  Consistent with the approach taken by the United States in its request for judicial notice of Census population data, Plaintiffs attach as exhibits to this request the tables downloaded from the U.S. Census Bureau website that reflect the data for which judicial notice is being requested.

3

4.      Among non-Hispanic White persons of voting age, 19.4% are age 65 or older

(1,760,065 divided by 9,074,684).  *See* Exhibits 1 and 3.

5.      Among Hispanic persons of voting age, 8.7% are age 65 or older (532,921

divided by 6,143,144).  *See* Exhibits 1 and 3.

6.      Among non-Hispanic Black persons of voting age, 10.6% are age 65 or older

(220,837 divided by 2,076,282).  *See* Exhibits 1 and 3.

7.      Among non-Hispanic Asian persons of voting age, 9.2% are age 65 or older

(65,804 divided by 716,968).  *See* Exhibits 1 and 3.[2]

For these reasons, Plaintiffs respectfully request that this motion be granted.

Date: July 10, 2014                              Respectfully submitted,


                                                 s/ Ezra Rosenberg
                                                 Ezra D. Rosenberg
                                                 Michelle Hart Yeary
                                                 DECHERT LLP
                                                 902 Carnegie Center, Suite 500
                                                 Princeton, New Jersey 08540-6531
                                                 ezra.rosenberg@dechert.com

---

[2]  Plaintiffs note one technical difference between the Census data that are the subject of this request and the data included in the United States' request (ECF No. 252).  In reporting the Census data for Black and Asian individuals in its request, the United States included individuals who self-identified in the Census as "Black alone" or "Asian alone" and, in addition, the relatively small number of individuals who self-identified as Black in combination with White, or as Asian in combination with White.  (ECF No. 252, at 2.)  The instant request relies only on the "Black alone" and "Asian alone" numbers to report the Census data for Black and Asian individuals because the 2010 Census data most readily available for persons age 65 or older do not include information for the "in combination with" categories.  This issue does not affect the other data included in this request (*i.e.*, for Texas' total population and voting age population, non-Hispanic Whites, and Hispanics), and thus the instant request reports data for those groups that are identical to the data in the United States' request.

4

Amy L. Rudd
Lindsey Cohan
DECHERT LLP
500 W. 6th Street, Suite 2010
Austin, Texas 78701
lindsey.cohan@dechert.com

Wendy Weiser
Myrna Pérez
Vishal Agraharkar
Jennifer Clark
The Brennan Center for Justice at NYU Law
School
161 Avenue of the Americas, Floor 12
New York, New York 10013-1205
wendy.weiser@nyu.edu
myrna.perez@nyu.edu
vishal.agraharkar@nyu.edu
jenniferl.clark@nyu.edu

Robert A. Kengle
Mark A. Posner
Sonia Kaur Gill
Erandi Zamora
Lawyers' Committee for Civil Rights Under
Law
1401 New York Avenue, N.W., Suite 400
Washington, D.C. 20005
mposner@lawyerscommittee.org

Daniel Gavin Covich
Covich Law Firm LLC
Frost Bank Plaza
802 N Carancahua, Ste 2100
Corpus Christi, TX 78401
daniel@covichlawfirm.com

Gary Bledsoe
PotterBledsoe, L.L.P.
316 W. 12th Street, Suite 307
Austin, Texas 78701
garybledsoe@sbcglobal.net

5

Robert Notzon
The Law Office of Robert Notzon
1502 West Avenue
Austin, Texas 78701
Robert@NotzonLaw.com

Jose Garza
Law Office of Jose Garza
7414 Robin Rest Drive
San Antonio, Texas 98209
garzapalm@aol.com

Kim Keenan
Marshall Taylor
Victor Goode
NAACP
4805 Mt. Hope Drive
Baltimore, Maryland 21215
kkeenan@naacpnet.org
mtaylor@naaacpnet.org
vgoode@naacpnet.org

*Counsel for Plaintiffs Texas State
Conference of NAACP Branches, Mexican
American Legislative Caucus of the Texas
House of Representatives*

Christina A. Swarns
Ryan P. Haygood
Natasha M. Korgaonkar
Leah C. Aden
Deuel Ross
NAACP Legal Defense and Educational
Fund, Inc.
40 Rector Street, 5th Floor
New York, New York 10006
cswarns@naacpldf.org
rhaygood@naacpldf.org
nkorgaonkar@naacpldf.org
laden@naacpldf.org
dross@naacpldf.org

6

Danielle Conley
Jonathan Paikin
Kelly P. Dunbar
Sonya L. Lebsack
Lynn Eisenberg
Richard F. Shordt
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
danielle.conley@wilmerhale.com
jonathan.paikin@wilmerhale.com
kelly.dunbar@wilmerhale.com

*Counsel for Plaintiff-Intervenors Texas
League of Young Voters Education Fund, et
al.*

Jose Garza
Law Office of Jose Garza
7414 Robin Rest Drive
San Antonio, Texas 78209
garzpalm@aol.com

Marinda van Dalen
Texas RioGrande Legal Aid, Inc.
531 East St. Francis Street
Brownsville, Texas 78529-5354
mvandalen@trla.org

Robert W. Doggett
Texas Rio Grande Legal Aid Inc
4920 North IH 35
Austin, Texas 78751
rdoggett@trla.org

*Counsel for Plaintiff-Intervenors Estela
Garcia Espinosa, Lionel Estrada, Roxsanne
Hernandez, La Union Del Pueblo Entero,
Inc. Lydia Lara, Margarito Martinez Lara,
Maximina Martinez Lara, Eulalio Mendez,
Jr., Belinda Ortiz, Lenard Taylor*

7

Rolando L Rios
Attorney at Law
115 E Travis, Suite 1645
San Antonio, Texas 78205
rrios@rolandorioslaw.com

*Counsel for Plaintiff-Intervenor Texas*
*Association of Hispanic County Judges and*
*County Commissioners*

Chad W. Dunn
K. Scott Brazil
Brazil & Dunn
4201 Cypress Creek Parkway, Suite 530
Houston, Texas  77068
chad@brazilanddunn.com
scott@brazilanddunn.com

J. Gerald Hebert
Campaign Legal Center
215 E Street, N.E.
Washington, D.C. 20002
GHebert@campaignlegalcenter.org

Neil G. Baron
Law Office of Neil G. Baron
914 FM 517 W, Suite 242
Dickinson, Texas 77539
neil@ngbaronlaw.com

David Richards
Richards, Rodriguez & Skeith, LLP
816 Congress Avenue, Suite 1200
Austin, Texas 78701
daverichards4@juno.com

8

Armand G. Derfner
Derfner, Altman & Wilborn, LLC
575 King Street, Suite B
Charleston, South Carolina 29402
aderfner@dawlegal.com

*Counsel for Plaintiffs Marc Veasey, Floyd
James Carrier, Anna Burns, Michael
Montez, Penny Pope, Jane Hamilton, Sergio
DeLeon, Oscar Ortiz, Koby Ozias, John
Mellor-Crummey, and League of United
Latin American Citizens ("LULAC")*

Luis Roberto Vera, Jr.
LULAC National General Counsel
The Law Offices of Luis Vera Jr., and
Associates
1325 Riverview Towers, 111 Soledad
San Antonio, Texas 78205-2260
lrvlaw@sbcglobal.net

*Counsel for LULAC*

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 10, 2014, I served a true and correct copy of the foregoing

via the Court's ECF system on all counsel of record.

/s/ Lindsey B. Cohan
Lindsey B. Cohan
State Bar No. 24083903
DECHERT LLP
500 W. 6th Street, Suite 2010
Austin, TX 78701
Telephone:  (512) 394-3000
Facsimile:  (512) 394-3001
lindsey.cohan@dechert.com
