# Exhibit 2

**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | |
|---|---|
| MARC VEASEY, JANE HAMILTON, SERGIO DELEON, FLOYD J. CARRIER, ANNA BURNS, MICHAEL MONTEZ, PENNY POPE, OSCAR ORTIZ, KOBY OZIAS, JOHN MELLOR-CRUMLEY, PEGGY HERMAN, EVELYN BRICKNER, GORDON BENJAMIN, KEN GANDY, LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), AND DALLAS COUNTY, TEXAS, *Plaintiffs,* v. RICK PERRY, Governor of Texas; and JOHN STEEN, Texas Secretary of State, *Defendants.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| UNITED STATES OF AMERICA, *Plaintiffs,* TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, IMANI CLARK, AURICA WASHINGTON, CRYSTAL OWENS, AND MICHELLE BESSIAKE, *Plaintiff-Intervenors,* TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, HIDALGO COUNTY, AND MARIA LONGORIA BENAVIDES, *Plaintiff-Intervenors,* v. STATE OF TEXAS, JOHN STEEN, in his official capacity as Texas Secretary of State; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety, *Defendants.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

CIVIL ACTION NO.
2:13-CV-193 (NGR)
[Lead case]

CIVIL ACTION NO.
2:13-CV-263 (NGR)
[Consolidated case]

TEXAS STATE CONFERENCE OF NAACP     )
BRANCHES;     and     the     MEXICAN     )
AMERICAN  LEGISLATIVE  CAUCUS  OF     )
THE          TEXAS          HOUSE          OF     )
REPRESENTATIVES,     )
     *Plaintiffs,*     )
v.     )     CIVIL ACTION NO.
      )     2:13-CV-291 (NGR)
      )     [Consolidated case]
JOHN  STEEN,  in  his  official  capacity  as     )
Secretary  of  State  of  Texas;  and  STEVE     )
McCRAW, in his official capacity as Director     )
of the Texas Department of Public Safety,     )
     *Defendants.*     )
_____     )
BELINDA ORTIZ, LENARD TAYLOR,     )
EULALIO MENDEZ JR., LIONEL     )
ESTRADA; ESTELA GARCIA ESPINOSA,     )
ROXANNE HERNANDEZ, LYDIA LARA,     )
MARGARITO MARTINEZ LARA,     )
MAXIMINA MARTINEZ LARA, AND     )
*LA UNION DEL PUEBLO ENTERO, INC.*     )
     *Plaintiffs,*     )
v.     )
      )     CIVIL ACTION NO.
      )     2:13-CV-348 (NGR)
STATE OF TEXAS; JOHN STEEN, in his     )     [Consolidated case]
Official capacity as Texas Secretary of State;     )
and STEVE McCRAW, in his official capacity     )
as Director of the Texas Department of     )
Public Safety,     )
     *Defendants.*     )
_____

## OFFICE OF THE TEXAS ATTORNEY GENERAL'S NONPARTY OBJECTIONS TO THE SUBPOENA TO PRODUCE DOCUMENTS

To: Texas League of Young Voters Education Fund and Imani Clark, by and through its attorneys of record, Kelly Dunbar, Danielle Conley, Sonya Lebsack, and Jonathan E. Paikin, Wilmer Cutler Pickering, et al, 1875 Pennsylvania Avenue, NW, Washington DC 2006 and Christina A. Swarns, Deuel Ross, Leah Aden, Natasah Korgaonkar, and Ryan Haygood, 40 Rector Street, 5th Floor, New York, NY 10006.

The Office of the Attorney General for the State of Texas, a nonparty in the above styled and numbered cause of action, pursuant to Rule 45(d)(2)(B) of the Federal Rules of Civil Procedure, and without waiving any further objection and/or assertions of privilege to any specific documents when or if such documents are identified, hereby serves these written objection to Plaintiff and Plaintiff-Intervenors' subpoena to produce documents.

## OBJECTIONS

**A.**    Nonparty objects to this subpoena as it fails to allow reasonable time to comply.

**B.**    Nonparty objects to this subpoena as it subjects the nonparty to undue burden. The document request is unreasonably overbroad and in many respects the nonparty can do no more than guess as to the information which is being sought to be produced.  Furthermore, the Office of the Attorney General's records retention schedule for much of the requested material is five years. Plaintiff and Plaintiff-Intervenors' requests span a 14 year time period from the present to 2000.  Trying to search, locate and reconstruct backup drives for this material is extremely burdensome, time-consuming, labor intensive and expensive for a Nonparty. Nonparty further objects to the subpoena to the extent it requires the nonparty to conduct an extensive search of the Governor's Office, the Lieutenant Governor's Office, the Texas Secretary of State, the Department of Public Safety and various other local and state agencies, none of which are under the control of the Office of the Texas Attorney General.  Assuming the nonparty had the authority to conduct such

searches, which it does not, such an extensive search poses an undue burden in time, labor and expense.

### C.    NONPARTY'S OBJECTIONS TO SPECIFIC DOCUMENTS REQUESTS:

1.  Any and all documents pertaining to complaints, allegations, referrals for investigation, investigations, charges, and/or prosecutions, either through the Texas Attorney General's office or in conjunction with local, county, or municipal law enforcement and prosecutorial authorities, concerning alleged, actual, or attempted voting and/or election fraud occurring within the State of Texas from January 1, 2000 to the present, including, but not limited to

    a.  alleged voter impersonation (including in-person voter impersonation), mail-in ballot fraud, voting by non-citizens, or other instances of illegal voting or obstruction of voting in violation of the Texas Election or Penal Code, or any other applicable law;

    b.  the date(s), election, person(s) involved, nature of offense, and location of such instances of voting or election fraud; and

    c.  the ultimate findings and/or disposition of any such complaints, allegations, referrals, investigations, or prosecutions.

**OBJECTION: Nonparty objects to this request as it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific as it requests "[a]ny and all documents relating to complaints, allegations, referrals for investigation, investigations, charges, and/or prosecutions" "concerning alleged, actual, or attempted voting and/or election fraud" "from January 1,**

2000 to the present". Nonparty objects to this request as being unreasonably cumulative and duplicative as it calls upon Nonparty to reproduce documents that have been previously produced in *Texas v. Holder*, or are in the process of being produced, to the United States of America and made available to all parties in this litigation. Nonparty objects to this request as seeking discovery cumulative of documents already in the possession, custody or control of Plaintiff and Plaintiff-Intervenors as all documents relating to allegations, investigations and prosecutions of voter and/or election fraud previously disclosed in *Texas v. Holder* were reproduced by Defendants to all parties to the instant litigation. Further, Nonparty objects to this request as it seeks items that are not relevant to claims in this case and not reasonably calculated to lead to the discovery of admissible evidence. Nonparty further objects to the extent it calls for production of documents that are not in the Nonparty's possession, custody or control but are within the possession, custody or control of third parties. Nonparty further objects to this request to the extent it requests documents that are publicly available or equally accessible to the plaintiffs. Further, nonparty objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege, legislative privilege, investigative and law enforcement privilege, attorney work-product doctrine, and any other applicable privileges.

2.  Any and all documents pertaining to guidelines, regulations, policies and
    procedures relating to the handling, referral, investigation, and prosecution of
    incidents of alleged, actual, or attempted voting and/or election fraud,
    including any documents, policies, manuals, presentations, or other material
    prepared for training individuals acting under the purview of the Texas
    Attorney General's office or for training local, county, or municipal law
    enforcement and prosecutorial authorities.

**OBJECTION: Nonparty objects to this request as it is overly broad, unduly
burdensome, vague, ambiguous, and not reasonably specific as it requests
"[a]ny and all documents" "relating to the handling, referral, investigation,
and prosecution of incidents of alleged, actual, or attempted voting and/or
election fraud." Nonparty objects to this request as being unreasonably
cumulative and duplicative as it calls upon Nonparty to reproduce
documents that have been previously produced in *Texas v. Holder*, or are in
the process of being produced, to the United States of America and made
available to all parties in this litigation.  Nonparty objects to this request as
seeking discovery cumulative of documents already in the possession,
custody or control of Plaintiff and Plaintiff-Intervenors as all documents
relating to allegations, investigations and prosecutions of voter and/or
election fraud previously disclosed in *Texas v. Holder* were reproduced by
Defendants to all parties to the instant litigation.  Further, Nonparty
objects to this request as it seeks items that are not relevant to claims in
this case and not reasonably calculated to lead to the discovery of**

**admissible evidence.  Nonparty further objects to the extent it calls for production of documents that are not in the Nonparty's possession, custody or control but are within the possession, custody or control of third parties. Nonparty further objects to this request to the extent it requests documents that are publicly available or equally accessible to the Plaintiffs.  Further, Nonparty objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege, legislative privilege, investigative and law enforcement privilege, attorney work-product doctrine, and any other applicable privileges.**

3.  Any and all documents pertaining to the human, financial, and/or other resources devoted by the Texas Attorney General's office to investigating, pursuing, and/or prosecuting voting and/or election fraud from January 1, 2000 to the present, including, but not limited to

   a.  the budget or other monetary resources devoted to investigate or otherwise combat voting and/or election fraud;

   b.  the number of investigators, law enforcement officials, or other individuals assigned to investigate or otherwise combat instances of voting and/or election fraud; and

   c.  any assistance or grants received from other Texas or federal entities for such purpose.

**OBJECTION: Nonparty objects to this request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific as it requests**

**"[a]ny and all documents pertaining to" "resources devoted" "to investigating, pursing, and/or prosecuting voting and/or election fraud from January 1, 2000." Nonparty objects to this request as being unreasonably cumulative and duplicative as it calls upon Nonparty to reproduce documents that have been previously produced in *Texas v. Holder*, or are in the process of being produced, to the United States of America and made available to all parties in this litigation. Nonparty objects to this request as seeking discovery cumulative of documents already in the possession, custody or control of Plaintiff and Plaintiff-Intervenors as all documents relating to allegations, investigations and prosecutions of voter and/or election fraud previously disclosed in *Texas v. Holder* were reproduced by Defendants to all parties to the instant litigation. Further, Nonparty objects to this request as it seeks items that are not relevant to the claims in this case and not reasonably calculated to lead to the discovery of admissible evidence. Nonparty further objects to the extent it calls for production of documents that are not in the Nonparty's possession, custody or control but are within the possession, custody or control of third parties. Nonparty further objects to this request to the extent it requests documents that are publicly available or equally accessible to the Plaintiffs. Further, Nonparty objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege, legislative privilege, investigative and law enforcement privilege, attorney work-product doctrine, and any other applicable privileges.**

4.  Any and all documents concerning voting and/or election fraud, including, but not limited to, voter impersonation (including in-person voter impersonation), mail-in ballot fraud, voting by non-citizens, or other instances of illegal voting or obstruction of voting in violation of the Texas Election or Penal Code, or any other applicable law.

**OBJECTION: Nonparty objects to this request as it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific as it requests "[a]ny and all documents concerning voting and/or election fraud." Nonparty objects to this request as being unreasonably cumulative and duplicative as it calls upon Nonparty to reproduce documents that have been previously produced in *Texas v. Holder*, or are in the process of being produced, to the United States of America and made available to all parties in this litigation.  Nonparty objects to this request as seeking discovery cumulative of documents already in the possession, custody or control of Plaintiff and Plaintiff-Intervenors as all documents relating to allegations, investigations and prosecutions of voter and/or election fraud previously disclosed in *Texas v. Holder* was reproduced by Defendants to all parties to the instant litigation.  Further, Nonparty objects to this request as it seeks items that are not relevant to the claims in this case and not reasonably calculated to lead to the discovery of admissible evidence.  Nonparty further objects to the extent it calls for production of documents that are not in the Nonparty's possession, custody or control but are within the possession, custody or control of third parties.  Nonparty further objects to**

**this request to the extent it requests documents that are publicly available or equally accessible to the Plaintiffs.  Further, Nonparty objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege, investigative and law enforcement privilege, attorney work-product doctrine, and any other applicable privileges.**

5. Any and all documents pertaining to communications, discussions, collaborations, coordination, or correspondence from January 1, 2002 to the present with the Governor's office, the Lieutenant Governor's office, the Texas Secretary of State, the Department of Public Safety, the Public Safety Commission, or other entity within the executive branch of the state of Texas concerning:

   a. voter impersonation (including in-person voter impersonation), mail-in ballot fraud, voting by non-citizens, or other instances of illegal voting or obstruction of voting in violation of the Texas Election or Penal Code, or any other applicable law;

   b. guidelines, regulations, policies, and procedures put forth by other state agencies relating to the manner in which elections are held or voting is conducted within the state of Texas;

   c. prospective or enacted legislation concerning enhanced procedures for voter identification, including, but not limited to, S.B. 14 (2011), S.B. 362 (2009), H.B. 218 (2007), or H.B. 1706 (2005), and

   d. the implementation of procedures for voter identification, including, but

not limited to, S.B. 14 (2011).

**OBJECTION: Nonparty objects to this request as it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific as it requests "[a]ny and all documents pertaining to communications, discussions, collaborations, or correspondence" "with the Governor's office, the Lieutenant Governor's office, the Texas Secretary of State, the Department of Public Safety, the Public Safety Commission, or any other entity within the executive branch" "concerning voter impersonation" "the manner in which elections are held" "legislation concerning enhanced procedures for voter identification" and "the implementation of procedures for voter identification" "from January 1, 2002." Nonparty objects to this request as being unreasonably cumulative and duplicative as it calls upon Nonparty to reproduce documents that have been previously produced in *Texas v. Holder*, or are in the process of being produced, to the United States of America and made available to all parties in this litigation.  Nonparty objects to this request as seeking discovery cumulative of documents already in the possession, custody or control of Plaintiff and Plaintiff-Intervenors as all documents relating to allegations, investigations and prosecutions of voter and/or election fraud previously disclosed in *Texas v. Holder* was reproduced by Defendants to all parties to the instant litigation. Further, Nonparty objects to this request as it seeks items that are not relevant to the claims in this case and not reasonably calculated to lead to the discovery of admissible evidence.  Nonparty further objects to the**

**extent it calls for production of documents that are not in the Nonparty's possession, custody or control but are within the possession, custody or control of third parties.  Nonparty further objects to this request to the extent it requests documents that are publicly available or equally accessible to the Plaintiffs.  Further, Nonparty objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege, legislative privilege, investigative and law enforcement privilege, attorney work-product doctrine, joint defense privilege, and any other applicable privilege.**

6.  Any and all documents pertaining to communication, discussion, collaboration, coordination, or correspondence from January 1, 2000 to the present with members of the Texas Legislature or their staff, including, but not limited to, caucuses, committees, or entities within the legislative branch of the state of Texas, concerning:

   a.  voter impersonation (including in-person voter impersonation), mail-in ballot fraud, voting by non-citizens, or other instances of illegal voting in violation of the Texas Election and Penal Code, or any other applicable law;

   b.  guidelines, regulations, policies, and procedures put forth by other state agencies relating to the manner in which elections are held or voting is conducted within the state of Texas;

   c.  prospective or enacted legislation relating to enhanced procedures for

voter identification, including, but not limited to, S.B. 14 (2011), S.B. 362
(2009), H.B. 218 (2007), or H.B. 1706 (2005);

d.  the implementation of procedures for voter identification, including, but
not limited to, S.B. 14 (2011); and

e.  the enforceability of SB 14 following the U.S. District Court of the
District of Columbia's decision to vacate its previous denial of
preclearance to SB 14, *Texas v. Holder*, No. 12-cv-128 (D.D.C. Aug. 27,
2013), ECF No. 382.

**OBJECTION: Nonparty objects to this request as overly broad, unduly
burdensome, vague, ambiguous, and not reasonably specific as it requests
"[a]ny and all documents pertaining to communication[s]" "with members
of the Texas Legislature or their staff" "concerning voter impersonation
"the manner in which elections are held" "legislation relating to enhanced
procedures for voter identification" "implementation of procedures for
voter identification" and "the enforceability of SB 14" "from January 1,
2000." Nonparty objects to this request as being unreasonably cumulative
and duplicative as it calls upon Nonparty to reproduce documents that
have been previously produced in *Texas v. Holder*, or are in the process of
being produced, to the United States of America and made available to all
parties in this litigation.  Nonparty further objects to this request as
seeking discovery cumulative of documents already in the possession,
custody or control of Plaintiff and Plaintiff-Intervenors as all documents
relating to communications between the Office of the Attorney General and**

**members of the Texas Legislature and their staff previously disclosed in**
***Texas v. Holder*** **were reproduced by Defendants to all parties to the instant
litigation.  Further, Nonparty objects to this request as it seeks items that
are not relevant to the claims in this case and not reasonably calculated to
lead to the discovery of admissible evidence.  Nonparty further objects to
the extent it calls for production of documents that are not in the
Nonparty's possession, custody or control but are within the possession,
custody or control of third parties.  Nonparty further objects to this request
to the extent it requests documents that are publicly available or equally
accessible to the Plaintiffs.  Further, Nonparty objects to this request to the
extent that it calls for the production of documents subject to the attorney-
client privilege, legislative privilege, investigative and law enforcement
privilege, attorney work-product doctrine, joint defense privileges, and any
other applicable privileges.**

7. Any and all documents pertaining to communication, discussion, collaboration, coordination, or correspondence from January 1, 2000 to the present with non-governmental organizations or other states' officials and agencies concerning:

   a. voting and election fraud, including voter impersonation (including in-person voter impersonation), mail-in ballot fraud, voting by non-citizens, or other instances of alleged, actual, or attempted voting and/or election fraud or illegal voting in violation of the Texas Election and Penal Code, or any other applicable law;

b.  the impact of voter identification laws generally or on specific
    subgroups, including any reports, studies, or data provided or requested
    by non-governmental organizations or other states' officials and agencies;
    and

c.  prospective or enacted legislation concerning enhanced procedures for
    voter identification in Texas or in other states, including, but not limited
    to, S.B. 14 (2011), S.B. 362 (2009), H.B. 218 (2007), or H.B. 1706 (2005).

**OBJECTION: Nonparty objects to this request as overly broad, unduly
burdensome, vague, ambiguous, and not reasonably specific as it requests
"[a]ny and all documents pertaining to communication" "coordination or
correspondence" "with non-governmental organizations or other states'
officials and agencies concerning voting and election fraud" "the impact of
voter identification laws" and "legislation concerning enhanced procedures
for voter identification in Texas or in other states" "from January 1, 2000."
Nonparty objects to this request as being unreasonably cumulative and
duplicative as it calls upon Nonparty to reproduce documents that have
been previously produced in *Texas v. Holder*, or are in the process of being
produced, to the United States of America and made available to all parties
in this litigation.  Nonparty objects to this request as seeking discovery
cumulative of documents already in the possession, custody or control of
Plaintiff and Plaintiff-Intervenors as all documents previously disclosed in
*Texas v. Holder* were reproduced by Defendants to all parties to the instant
litigation.  Further, Nonparty objects to this request as it seeks items that**

**are not relevant to the claims in this case and not reasonably calculated to lead to the discovery of admissible evidence.  Nonparty further objects to the extent it calls for production of documents that are not in the Nonparty's possession, custody or control but are within the possession, custody or control of third parties.  Nonparty further objects to this request to the extent it requests documents that are publicly available or equally accessible to the Plaintiffs.  Further, Nonparty objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege, legislative privilege, investigative and law enforcement privilege, attorney work-product doctrine, and any other applicable privileges.**

8. Any and all documents pertaining to communication, discussion, collaboration, coordination, or correspondence from January 1, 2000 to the present with members of the media (including, without limitation, all print, television, or internet media) or public concerning:

   a. voting and election fraud, including voter impersonation (including in-person voter impersonation), mail-in ballot fraud, voting by non-citizens, or other instances of alleged, actual, or attempted voting and/or election fraud or illegal voting in violation of the Texas Election and Penal Code, or any other applicable law; and

   b. prospective or enacted legislation concerning enhanced procedures for voter identification, including, but not limited to, S.B. 14 (2011), S.B. 362

(2009), H.B. 218 (2007), or H.B. 1706 (2005).

**OBJECTION: Nonparty objects to this request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific as it requests "[a]ny and all documents pertaining to communication" "with members of the media" "or public concerning voting an election fraud" and "legislation concerning enhanced procedures for voter identification" "from January 1, 2000." Nonparty objects to this request as being unreasonably cumulative and duplicative as it calls upon Nonparty to reproduce documents that have been previously produced in *Texas v. Holder*, or are in the process of being produced, to the United States of America and made available to all parties in this litigation.  Nonparty objects to this request as seeking discovery cumulative of documents already in the possession, custody or control of Plaintiff and Plaintiff-Intervenors as all documents previously disclosed in *Texas v. Holder* were reproduced by Defendants to all parties to the instant litigation.  Further, Nonparty objects to this request as it seeks items that are not relevant to the claims in this case and not reasonably calculated to lead to the discovery of admissible evidence.  Nonparty further objects to the extent it calls for production of documents that are not in the Nonparty's possession, custody or control but are within the possession, custody or control of third parties.  Nonparty further objects to this request to the extent it requests documents that are publicly available or equally accessible to the Plaintiffs and Plaintiff-Intervenors.**

9. Any and all documents provided to or requested by the Texas legislature, whether directly or through a caucus, committee, other legislative entity, Texas agency or official, concerning S.B. 14 (2011), S.B. 362 (2009), H.B. 218 (2007), or H.B. 1706 (2005) during the consideration, preparation for implementation, or implementation of those bills.

**OBJECTION: Nonparty objects to this request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific as it requests "[a]ny and all documents provided to or requested by the Texas legislature" "through a caucus, committee , other legislative entity, Texas agency or official concerning S.B. 14 (2011), S.B. 362 (2009), H.B. 218 (2007), or H.B. 1706 (2005)." Nonparty objects to this request as being unreasonably cumulative and duplicative as it calls upon Nonparty to reproduce documents that have been previously produced in *Texas v. Holder*, or are in the process of being produced, to the United States of America and made available to all parties in this litigation. Nonparty objects to this request as seeking discovery cumulative of documents already in the possession, custody or control of Plaintiff and Plaintiff-Intervenors as all documents previously disclosed in *Texas v. Holder* were reproduced by Defendants to all parties to the instant litigation. Further, Nonparty objects to this request as it seeks items that are not relevant to the claims in this case and not reasonably calculated to lead to the discovery of admissible evidence. Nonparty further objects to the extent it calls for production of documents**

**that are not in the Nonparty's possession, custody or control but are within
the possession, custody or control of third parties.  Nonparty further
objects to this request to the extent it requests documents that are publicly
available or equally accessible to the Plaintiffs.  Further, Nonparty objects
to this request to the extent that it calls for the production of documents
subject to the attorney-client privilege, legislative privilege, attorney work-
product doctrine, joint defense privileges, and any other applicable
privileges.**

10. Any and all documents concerning any initiatives, trainings, or programs to
educate the public about voting and/or election fraud and S.B. 14, including
the acceptable forms of photo identification under that law.

**OBJECTION: Nonparty objects to this request as overly broad, unduly
burdensome, vague, ambiguous, and not reasonably specific as it requests
"[a]ny and all documents concerning" "educat[ing] the public about voting
and/or election fraud and S.B. 14." Nonparty objects to this request as being
unreasonably cumulative and duplicative as it calls upon Nonparty to
reproduce documents that have been previously produced in *Texas v.
Holder*, or are in the process of being produced, to the United States of
America and made available to all parties in this litigation.  Nonparty
objects to this request as seeking discovery cumulative of documents
already in the possession, custody or control of Plaintiff and Plaintiff-
Intervenors as all documents previously disclosed in *Texas v. Holder* were**

**reproduced by Defendants to all parties to the instant litigation.  Further, Nonparty objects to this request as it seeks items that are not relevant to the claims in this case and not reasonably calculated to lead to the discovery of admissible evidence.  Nonparty further objects to the extent it calls for production of documents that are not in the Nonparty's possession, custody or control but are within the possession, custody or control of third parties, specifically the Secretary of State and the Department of Public Safety, and these requests should be directed towards those entities. Nonparty further objects to this request to the extent it requests documents that are publicly available or equally accessible to the Plaintiffs.  Further, Nonparty objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege, legislative privilege, deliberative process privilege, attorney work-product doctrine, joint defense privileges, and any other applicable privileges.**

11. Any and all documents concerning initiatives, trainings, or programs to educate or train poll workers, and/or election officials about voting and/or election fraud and S.B. 14, including how to identify voting and/or election fraud, and the required forms of photo identification and procedures under S.B. 14.

**OBJECTION: Nonparty objects to this request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific as it requests "[a]ny and all documents concerning" "educat[ing]" "poll workers, and/or election officials about voting and/or election fraud and S.B. 14." Nonparty**

objects to this request as being unreasonably cumulative and duplicative as it calls upon Nonparty to reproduce documents that have been previously produced in *Texas v. Holder*, or are in the process of being produced, to the United States of America and made available to all parties in this litigation. Nonparty objects to this request as seeking discovery cumulative of documents already in the possession, custody or control of Plaintiff and Plaintiff-Intervenors as all documents previously disclosed in *Texas v. Holder* were reproduced by Defendants to all parties to the instant litigation. Further, Nonparty objects to this request as it seeks items that are not relevant to the claims in this case and not reasonably calculated to lead to the discovery of admissible evidence. Nonparty further objects to the extent it calls for production of documents that are not in the Nonparty's possession, custody or control but are within the possession, custody or control of third parties, specifically the Secretary of State and the Department of Public Safety, and these requests should be directed towards those entities. Nonparty further objects to this request to the extent it requests documents that are publicly available or equally accessible to the Plaintiffs. Further, Nonparty objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege, legislative privilege, deliberative process privilege, attorney work-product doctrine, joint defense privileges and any other applicable privileges.

12. Any and all documents concerning the effectiveness of any and all initiatives, trainings, or programs identified in response to Topic Numbers 10 and 11 listed above.

**OBJECTION: Nonparty objects to this request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific as it requests "[a]ny and all documents concerning the effectiveness of" "programs to educate the public about voting and/or election fraud" and "programs to educate or train poll workers, and/or election officials about voting and/or election fraud and S.B. 14." Nonparty objects to this request as being unreasonably cumulative and duplicative as it calls upon Nonparty to reproduce documents that have been previously produced in *Texas v. Holder*, or are in the process of being produced, to the United States of America and made available to all parties in this litigation.  Nonparty objects to this request as seeking discovery cumulative of documents already in the possession, custody or control of Plaintiff and Plaintiff-Intervenors as all documents previously disclosed in *Texas v. Holder* was reproduced by Defendants to all parties to the instant litigation.  Further, Nonparty objects to this request as it seeks items that are not relevant to the claims in this case and not reasonably calculated to lead to the discovery of admissible evidence.  Nonparty further objects to the extent it calls for production of documents that are not in the Nonparty's possession, custody or control but are within the possession, custody or control of third parties, specifically the Secretary of State and the Department of Public**

**Safety, and these requests should be directed towards those entities. Nonparty further objects to this request to the extent it requests documents that are publicly available or equally accessible to the Plaintiffs. Further, Nonparty objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege, legislative privilege, deliberative process privilege, attorney work-product doctrine, joint defense privileges, and any other applicable privileges.**

### D.    FURTHER OBJECTIONS AND CLAIMS OF PRIVILEGE:

Nonparty specifically reserves the right to lodge further bjections and assert any applicable claims of privilege to any specific documents when, or if, any responsive documents are identified.

Dated:        April 23, 2014

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JONATHAN F. MITCHELL
Solicitor General

*/s/ J.Reed Clay Jr.*
J. REED CLAY, JR.
Special Assistant and Senior Counsel
to the Attorney General
Southern District of Texas No. 1160600

JOHN B. SCOTT
Deputy Attorney General for Civil Litigation

Southern District of Texas No. 10418
Texas State Bar No. 17901500
ATTORNEY-IN-CHARGE

G. DAVID WHITLEY
Assistant Deputy Attorney General
Southern District of Texas No. 2080496

STEPHEN RONALD KEISTER
Assistant Attorney General
Southern District of Texas No. 18580

JENNIFER MARIE ROSCETTI
Assistant Attorney General
Southern District of Texas No. 224780

209 West 14th Street
P.O. Box 12548
Austin, Texas 70711-2548
(512) 475-0131

COUNSEL FOR THE OFFICE OF THE
ATTORNEY GENERAL OF TEXAS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 23, 2014, I served a true and correct copy of the foregoing document is being served via electronic mail to all counsel of record.

<u>*/s/ J.Reed Clay Jr.*</u>
J. REED CLAY, JR.