UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARC VEASEY, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-00193 |
| | § | |
| RICK PERRY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' RESPONSE IN OPPOSITION TO NON-PARTY SENATOR'S MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER

Defendants have issued 40 subpoenas to legislators with knowledge relating to allegations that form the core of Plaintiffs' claims in this case. Each legislator was directly involved in the crafting and debate of Senate Bill 14 (2011) (SB 14) and predecessor voter identification bill, and therefore may have information shedding light on both the purpose of the Legislature's enactment of SB 14 and the political machinations behind repeated, successful efforts of Democrat legislators to block passage of a voter ID bill, even though the initiative garnered overwhelming support from Texas voters. Moreover, each of the Non-Party Senators (Senators) has been identified in Plaintiffs' and Plaintiff-Intervenors' initial disclosures as potential witnesses with personal knowledge and information regarding the legislative history and motivations behind Senate Bill 14 (2011) (SB 14). *See* Veasey Pls. Initial Disclosures. at 3 (Ex. 1); Pls. TX NAACP and MALC Initial Disclosures at 5–6 (Ex. 2); Pls TX Ass'n of Hisp. Judges and Co. Comm'rs Initial Disclosures at 1–2 (Ex. 3); Ortiz Pls. Initial Disclosures at 2 (Ex. 4); U.S. Second

1

Supp. Initial Disclosures at 3 (Ex. 5). Nonetheless, the Senators broadly and improperly assert a variety of objections and privileges in an attempt to prevent discovery of highly relevant documents and information relating to the alleged effects of, and purposes behind, SB 14.

This Court has already heard and disposed of Non-Party Senators' arguments concerning legislative privilege, burden, and relevance in its prior orders regarding documents withheld during the Section 5 preclearance litigation and motions to quash Rule 45 legislative subpoenas propounded by the United States. *See* ECF No. 226; Mot. Hr'g Tr. at 31 (May 1, 2014) (Ex. 6). Moreover, the Senators' legislative privilege and separation of powers arguments based on the Texas Constitution have no force in Federal Court. This Court has consistently maintained that "what applies to one side applies to the other." Mot. Hr'g Tr. at 44-45 (May 15, 2014) (Ex. 7). Defendants respectfully request that the law of the case apply equally to all non-party legislators regardless of political disposition and Non-Party Senators' Motion to Quash and Motion for Protective Order ("Motion") be denied in its entirety.

## ARGUMENT

I. **This Court Previously Ruled That Legislative Documents May Reflect Upon the Texas Legislature's Intent in Enacting SB 14, Are Highly Relevant to This Litigation, And Cannot Be Withheld Based on Legislative Privilege.**

This Court has ruled that any state legislative privilege is both qualified and limited in scope. *See* ECF No. 226 at 2–3 (Order on Motion to Compel, Apr. 3, 2014). In its April 3, 2014 Order, this Court adopted the *Perez* court's five-factor

balancing test to determine whether legislative privilege should be pierced for discovery purposes. *Id.* at 2. Granting in part the United States' Motion to Compel, this Court found that while "ensuring that legislators maintain the privilege of confidential communication with their aides, staff members, and other legislators in the discharge of their duties is vital to the legislative process . . . the unique nature of this case, the significance of the subject matter of this litigation, and the importance of developing an accurate factual record" favored disclosure on a confidential basis. *Id.* at 2-3. During the May 1, 2014 Hearing, this Court adopted its prior legislative privilege analysis in denying motions by other non-party legislators to quash nearly identical subpoenas propounded by the United States. *See* Ex. 6 at 31; *see also* ECF No. 341 (denying motions to quash subpoenas for deposition testimony based on legislative privilege). Defendants request that the Court follow the "sound policy that when an issue is once litigated and decided, that should be the end of the matter." *U.S. v. U.S. Smelting Refining & Mining Co.*, 339 U.S. 186, 198 (1950).

This Court already determined that "[t]he motive and intent of the state legislature when it enacted SB 14 is the crux of this Voting Rights Act case," finding identical requested documents "highly relevant" to Plaintiffs' claims. ECF No. 226 at 5. Law of the case compels the same result for three reasons. First, the Senators were directly engaged in the debate and development of SB 14. Their personal knowledge of the facts and circumstances surrounding the enactment of SB 14 are uncontested. Moreover, virtually every subpoenaed Senator authored and

3

introduced amendments to SB 14.  *See* Ex. 8, Texas Legislature Online, Amendments to SB 14 (82R), available at http://www.capitol.state.tx.us/BillLookup/Amendments.aspx?LegSess=82R&Bill=SB14.  Several of the Senators' amendments were adopted and incorporated into the final version of SB 14 passed into law.  *See id.*  (listing adopted amendments authored by Senators Kirk Watson, Eddie Lucio, Jr., Juan Hinojosa, Judith Zaffarini, Mario Gallegos).  The Senators thus played a direct role in crafting SB 14.  Their motives and intent in drafting and offering these amendments are no less relevant because they ultimately decided to vote against the final amended version.

Second, Plaintiffs' discriminatory purpose claims rely directly on the knowledge and intent underlying the Senators' public statements and proposed amendments regarding SB 14.  *See* Complaint of the United States of America ("U.S. Complaint") at ¶ 28, 30–33 (ECF No. 230.11); Veasey-LULAC Plaintiffs' Second Amended Complaint, ("Veasey-LULAC Complaint") at ¶ 42, 53 (ECF No. 109); Amended Complaint in Intervention of Plaintiff-Intervenors the Texas League of Young Voters Education Fund, et. al. ("TLYVEF Complaint") at ¶ 50, 54-55 (ECF No. 73); First Amended Complaint in Intervention of the Texas Association of Hispanic County Judges and County Commissioners, et al. ("HCJCC Complaint") at ¶ 33, 36-37 (ECF No. 153).

It is critical that Defendants be afforded the opportunity to investigate the motive, veracity and foundation underlying the Senators' statements, including whether the Senators were in possession of factual information at odds with their

public pronouncements. Plaintiffs' further allege that the Texas legislature rejected several amendments offered by the Senators which were allegedly intended to, and would have the effect of, ameliorating the alleged discriminatory impact of the law. *See* U.S. Complaint at ¶ 28, 30-33; Veasey-LULAC Complaint at ¶ 42, 53; TLYVEF Complaint at ¶ 50-51; HCJCC Complaint at ¶ 32-33. The Senators' motivations in drafting and proposing these amendments are thus highly relevant to Plaintiff's claims.

Third, the Senators' played central roles in defeating voter identification bills considered during past legislative sessions which are likely to shed light on the legislative intent behind SB 14. The Senators were directly responsible for defeating House Bill 218 (80R) ("HB 218"), a previous iteration of voter ID passed out of the Texas House. The Senators coordinated to prevent the bill from overcoming the procedural hurdle commonly referred to as the "two-thirds rule" necessary to allow the bill passage in the Texas Senate, even though a majority of the Senate supported passage of H.B. 218. *See* HB 218 (79R) Senate Floor Debate Transcript at 12 (May 5, 2007) (Ex. 8). The Senators' motivations and strategy driving the use of the "two-thirds rule" to defeat HB 218 is highly relevant to the Texas Senate's decision to amend the Senate Rules to exempt voter identification bills from the "two-thirds rule" requirement in subsequent sessions.

Democratic legislators were similarly responsible for defeating Senate Bill 362 (81R) ("SB 362"), which passed through the Texas Senate and the House Committee on Elections in 2009 during the 81st Texas Legislature. House Democrats employed

an extraordinary procedural maneuver known as "chubbing" during the last days of the 81st Legislature to prevent SB 362 from reaching the floor of the Texas House for debate. The Senators are likely to have contemporaneous communications and materials relevant to the motivations behind the defeat of HB 218 and SB 362. The requested documents reflect upon the Senators' motivations for supporting these measures and are likely to shed light on the legislative intent underlying SB 14's passage during the 82nd Legislature.

Furthermore, this Court has determined that the lack of an alternative source for evidence of the Senators' contemporaneous and candid discussions with their staff, other Democratic legislators, or outside interests weighs in favor of disclosure. Indeed, Plaintiffs' initial disclosures and responses to Defendants' requests for production have failed to provide any non-public communications between the Senators or their staff.

## II. This Court Previously Ruled That Requests Seeking Legislative Documents Regarding Prior and Subsequent Voter Identification Bills Are Relevant and Not Overly Burdensome.

The Senators urge this Court to quash Defendants' subpoena requests as overly broad, irrelevant, and inconsistent with Rules 26 and 45 of the Federal Rules of Civil Procedure. Motion at 8–13. This Court previously addressed identical arguments raised in non-party legislators' motion to quash Rule 45 subpoenas issued by the United States. *See* ECF. No. 251 at 6-10 (Motion to Quash Subpoenas

of Current and Former Legislators); Ex. 6 at 6-8.[1]  Then, the non-party legislators specifically urged this Court to quash or modify requests seeking documents regarding voter ID legislation considered by former and subsequent Texas Legislatures as irrelevant and overly burdensome. ECF. No. 251 at 6-7, 10; Ex. 6 at 26-28.  Nonetheless, the Plaintiffs argued, and this Court agreed, that voter identification bills considered in past and subsequent legislative sessions are relevant to the passage of SB 14, despite the failure of those bills to win passage.  Ex. 6 at 31.  This Court specifically overruled the non-party legislators' arguments that the United States' requests seeking documents spanning more than a decade were unduly burdensome.  *Id.*

Furthermore, as discussed above, the relevance of past legislative sessions takes on added importance here.  The subpoenas here are directed, at least in part, at legislators who were part of a coalition of Democrat legislators who repeatedly blocked, in successive legislative sessions, previous versions of Voter ID.  Those actions, and the motivations behind them, may shed light on the legislative record and motivations behind legislative procedures relating to the passage of S.B. 14.

The Senators cannot demonstrate any substantive difference between the Defendants' subpoena requests and those previously issued by the United States and upheld by this Court.  Defendants' requests directly parallel the scope and subject matter of documents previously sought by the United States. Compare Subpoena of Judith Zaffirini at 8-10 (Ex. 10) with Subpoena of Dan Patrick at 6-10

---

[1] Defendants' subpoenas do not seek documents pertaining to campaign materials or immigrations legislation, as per this Court's prior ruling granting in part non-party legislator's motion to quash subpoenas issued by the United States.  Ex. 7 at 16.

(Ex. 11). If anything, documents regarding past legislative sessions and previous versions of voter ID are *more* relevant when sought from legislators who repeatedly colluded (over the course of years) to block a politically popular legislative initiative. The Senators have provided no meaningful distinction warranting differential treatment.

### III. The Senators' State Constitutional Objections Have No Force In Federal Court.

The Senators argue the State of Texas is foreclosed from seeking discovery under the Federal Rules of Civil Procedure based on the Texas Constitution's Separation of Powers and Speech and Debate clauses. *See* Motion at 4–6 (requesting the Court quash Defendants' Rule 45 subpoenas for violating Tex. Const. Art. II, § 1 and Art. I, § 21). The Federal Rules are clear that parties may seek discovery regarding any non-privileged matter that is relevant to any party's claim or defense, Fed. R. Civ. P. 26(b)(1), including issuing subpoenas to individuals to obtain "documents, electronically stored information, or tangible things." Fed. R. Civ. P. 45(a)(1)(C). A subpoena may only be quashed or modified if it "(1) fails to allow a reasonable time for compliance; (2) requires a person who is not a party to travel more than 100 miles from where the person resides; (3) requires disclosure of privileged or protected matter; or (4) subjects a person to undue burden." *Texas Keystone, Inc. v. Prime Nat. Res., Inc.*, 694 F.3d 548, 554 (5th Cir. 2012). Moreover, in seeking a protective order, "[t]he burden is upon the movant to show the necessity of the issuance, which contemplates a particular and specific

8

demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l Inc.*, 134 F.3d 302, 306 (5th Cir. 1998).

The Senators cannot simply assert that Defendants violate state law to foreclose discovery in federal court regarding a federal claim. As this Court recognized in its Order on Motions to Dismiss, "this Court has no jurisdiction to enjoin state officials from violating state law." *See* ECF No. 388 at 44 (citing *Pennhurst State School & Hosp. v. Haldermann*, 465 U.S. 89, 106 (1984)). "[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment." *Pennhurst St. School & Hosp,* 465 U.S. at 106. Moreover, the Senators' attempt to bar discovery based on the Texas Constitution's Speech and Debate Clause is mere window dressing on an attempt to re-litigate legislative privilege and circumvent the law of the case. The only legislative privilege that has any recognition in federal court is the legislative privilege from federal common law. Fed. R. Evid. 501 ("The common law—as interpreted by United States courts in the light of reason and experience—governs a claim of privilege."). This Court has squarely addressed the applicability of that privilege. *See* ECF No. 226. The Senators' mere citation to state law fails to change this Court's analysis.

## CONCLUSION

For the reasons set out above, the Defendants respectfully request that this Court deny the Non-Party Senators Motion to Quash and Motion for Protective

9

Order.  Defendants further request this Court order the Non-Party Senators to produce responsive documents subject to highly confidential designation pursuant to the Consent Protective Order, ECF No. 105.

Dated:  July 11, 2014

    Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JONATHAN F. MITCHELL
Solicitor General

J. REED CLAY, JR.
Special Assistant and Senior Counsel
to the Attorney General
Southern District of Texas No. 1160600

*/s/ John B. Scott*
JOHN B. SCOTT
Deputy Attorney General for Civil Litigation
Southern District of Texas No. 10418
ATTORNEY-IN-CHARGE

G. DAVID WHITLEY
Assistant Deputy Attorney General
Southern District of Texas No. 2080496

STEPHEN RONALD KEISTER
Assistant Attorney General
Southern District of Texas No. 18580

JENNIFER MARIE ROSCETTI
Assistant Attorney General
Southern District of Texas No. 224780

LINDSEY ELIZABETH WOLF
Assistant Attorney General
Southern District of Texas No. 2292940

FRANCES WHITNEY DEASON
Assistant Attorney General
Southern District of Texas No. 2302872

209 West 14th Street
P.O. Box 12548
Austin, Texas 70711-2548
(512) 475-0131

BEN A. DONNELL
Donnell, Abernethy & Kieschnick
555 N. Carancahua, Suite 1770
Corpus Christi, Texas 78401-0853
Southern District of Texas No. 5689

COUNSEL FOR THE STATE OF TEXAS,
RICK PERRY, JOHN STEEN, and STEVE
MCCRAW

11

## **CERTIFICATE OF SERVICE**

    I hereby certify that on July 11, 2014, a true and correct copy of the foregoing document was served to all counsel of record via the Court's ECF system.


                                  */s/ John B. Scott*
                                  JOHN B. SCOTT