IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*,<br><br>                Plaintiffs,<br><br>        v.<br><br>RICK PERRY, *et al.*,<br><br>                Defendants. | Civil Action No. 2:13-cv-193 (NGR)<br>(Consolidated Action) |

**UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTION ON THE AMENDED NOTICE OF DEPOSITION OF COBY SHORTER**

Plaintiff United States of America respectfully opposes the Defendants' Motion for Protection on the Amended Notice of Deposition of Coby Shorter, ECF No. 335.

## I.   INTRODUCTION

On June 2, 2014, the United States served an amended notice of deposition for Coby Shorter, which was set for June 17, 2014, in Austin, Texas.[1]  *See* ECF No. 335-1.  Mr. Shorter is the Deputy Secretary of State of Texas.  Defendants advised the United States they would not produce Mr. Shorter and moved for a protective order on June 17.  ECF No. 335.  The sole basis asserted for seeking the Court's protection is that "Mr. Shorter is an apex witness," or a high agency official, and that exceptional circumstances do not exist to justify his deposition.  Defs.' Mot. at 3-4.  Defendants argue no such circumstances exist here because the United States has

---

[1] The deposition notice included a notice to produce documents, which had been served with the previous deposition notice to Mr. Shorter on May 6.  Defendants objected to the document request on a number of grounds.  *See* ECF No. 335-2.  None are appropriate.

already taken the Rule 30(b)(6) deposition of the Secretary of State's Office, wherein Elections Director Keith Ingram was the office's designated representative. *Id.*[2]

As discussed below, Defendants are not entitled to a protective order. Mr. Shorter has unique and personal knowledge of highly relevant information that cannot be obtained from another source. Moreover, Defendants do not even attempt to meet their burden of demonstrating that harm will result if a protective order is not issued. That being said, the United States will seek to accommodate Mr. Shorter regarding his deposition's scheduling, timing, and location.

## II.  LEGAL STANDARD

Rule 26(b)(1) permits parties to obtain discovery that is relevant to a claim or defense when the information sought "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). For good cause, however, a court may issue an order "to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). A party seeking a protective order generally must show "the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Intern., Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (internal quotations and citations omitted); *accord Campos v. Webb County, Tex.*, 288 F.R.D. 134, 136 (S.D. Tex. 2012).

Pursuant to the "apex doctrine," high government or corporate officials may be shielded from deposition unless exceptional circumstances exist to justify the deposition. *See, e.g., In re FDIC*, 58 F.3d 1055, 1060 (5th Cir. 1995). Such circumstances exist when "conduct and

---

[2] Defendants later informed counsel for the United States that Mr. Shorter's son had suffered an injury, and that his son's ongoing recovery needs might limit Mr. Shorter's availability for a deposition.

knowledge" at the highest corporate or governmental levels "are relevant in the case." *Turner v. Novartis Pharmaceuticals*, No. 10–0175, 2010 WL 5055828, *3 (E.D. La. Dec. 2, 2010); *see also Payne v. Dist. of Columbia*, 859 F. Supp. 2d 125 (D.D.C. 2012) (ordering deposition of District of Columbia mayor); *Coleman v. Schwarzenegger*, No. Civ S-90 0520, 2008 WL 3843292 (E.D. Cal. Aug. 14, 2008) (ordering deposition of California governor); *Bagley v. Blagojevich*, 486 F. Supp. 2d 786 (C.D. Ill. 2007) (requiring deposition of Illinois governor).

In reviewing "apex doctrine" requests, courts consider "(1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." *Apple, Inc. v. Samsung Elec. Co.*, 282 F.R.D. 259, 263 (N.D. Cal. 2012); *see also Alexander v. FBI*, 186 F.R.D. 1, 4 (D.D.C. 1998) (apex official must possess "personal knowledge about the matter" that "cannot be obtained elsewhere").

As a general matter, when a witness has "personal knowledge of facts relevant to the lawsuit, even a corporate president or CEO is subject to deposition." *Apple, Inc.*, 282 F.R.D. at 263. An apex official's mere claim of lack of personal knowledge is, by itself, insufficient to preclude his deposition. *See Apple, Inc.*, 282 F.R.D. at 263; *Naftchi v. New York University Medical Center*, 172 F.R.D. 130, 132 (S.D.N.Y.1997) ("Nor, in ordinary circumstances, does it matter that the proposed [apex] witness is a busy person or professes lack of knowledge of the matters at issue, as the party seeking discovery is entitled to test the asserted lack of knowledge.") (internal citations omitted).

### III.  ARGUMENT

Mr. Shorter's deposition should proceed.  Record evidence demonstrates Mr. Shorter's "unique first-hand, non-repetitive knowledge" of multiple relevant facts that go to the heart of

3

this case. Moreover, no other individual is competent to testify about the matters within Mr. Shorter's exclusive personal knowledge. For instance:

- In 2009, Mr. Shorter served as a resource witness to the Texas Senate on SB 362, a predecessor photo ID bill to SB 14, the bill that was ultimately enacted during the 2011 legislative session. Following that Senate testimony, Mr. Shorter wrote Senator Leticia Van de Putte to respond to several questions posed by senators. S. JOURNAL, 81ST LEG., REG. SESS. 589-91 (S.C. Mar. 18, 2009) (attached as **Ex. 1**). Significantly, Mr. Shorter opined in that letter that Texas might have to obtain and examine racial demographic information to determine any potential adverse impacts of the new photo ID bill on minority voters prior to submitting such a bill for preclearance review under Section 5 of the Voting Rights Act. *Id.* at 591. The United States seeks to examine Mr. Shorter about the information in his letter to the Texas Senate, as well as his earlier testimony on the possible need for an analysis of SB 362's racial impact. As the sole author of the letter and the individual who actually testified to the Texas Senate, Mr. Shorter is the only witness competent to testify as to these highly relevant and discoverable matters.

- Prior deposition and document discovery in this case indicates that in January 2011, Mr. Shorter was likely given an analysis prepared by technical staff of the Office of Secretary of State regarding the number of registered voters in Texas who lacked a Texas driver's license or identification card issued by the Department of Public Safety, and that he was in turn supposed to transmit this analysis to legislators who were then considering SB 14. *See, e.g.,* Dep. of Lee Guyette at 29:4-6 (Jun. 19, 2012) (attached as **Ex. 2**). The United States seeks to

4

examine Mr. Shorter about this analysis, whether he in fact received and transmitted it to legislators (and if he did not transmit the analysis, his reasons for not doing so), and what follow-up communications, if any, he had with anyone to whom he transmitted this analysis. Only Mr. Shorter is competent to testify about these matters, which relate directly to the State's knowledge of the potential racial impact of SB 14.

- Prior deposition and document discovery in this case indicates that Mr. Shorter had discussions with the Texas Governor's Office concerning implementation of SB 14. *See* Dep. of Keith Ingram at 350:11–351:21 (Apr. 23, 2014) (attached as **Ex. 3**). Mr. Ingram testified, however, that he did not know the full extent of those communications. *Id*. The United States seeks to examine Mr. Shorter about those discussions. Only he is able to testify competently as to his recollection of those discussions, which relate directly to the claims before this Court.

Mr. Shorter possesses exclusive personal knowledge of key events, facts, testimony, and conversations that are intensely relevant to consideration of voter identification legislation in Texas, and to the implementation of SB 14. Mr. Shorter's distinct role in events related to voter identification legislation in Texas and his personal knowledge of relevant facts is, moreover, unique to him and "cannot be obtained elsewhere." *Alexander*, 186 F.R.D. at 4. And while Defendants argue that Mr. Ingram's testimony on behalf of the Secretary of State's Office is an apt substitute for Mr. Shorter's, they are incorrect. To start, Mr. Shorter's tenure with the Secretary of State's Office stretches back far longer than Mr. Ingram's. Mr. Shorter became Deputy Secretary of State in 2007. *See Coby Shorter, III* (biography page), TEXAS STATE DIRECTORY, http://www.txdirectory.com/online/person/?id=24940 (last visited Jul. 11, 2014).

5

Mr. Ingram, on the other hand, assumed his duties in 2012, long after SB 14 passed.  *See* Ex. 3, Ingram Dep. at 221:18–222:5.  Accordingly, Mr. Ingram -- by his own admission -- lacks personal knowledge of certain key events and conversations in which Mr. Shorter played a critical part.  *See, e.g., id.* at 350:11–351:21 (Mr. Ingram testifying to conversations between Mr. Shorter and the Governor's office, but lacked first-hand knowledge of the full extent of those communications).  Mr. Ingram did not testify as a resource witness before the Texas Senate, did not advise a Texas Senator of the possible need to determine the racial impact of a proposed voter identification law, and did not review an analysis of registered voters in Texas who lacked Department of Public Safety identification or potentially communicate with other legislators about that analysis.  Mr. Shorter did all those things.  Mr. Shorter's individualized words, deeds, and awareness related to Texas voter identification legislation typify "the type of hands-on action" necessary to demonstrate "the unique personal knowledge required to compel a deposition" of an apex witness.  *See Doble v. Mega Life & Health Ins. Co.*, C 09–1611 CRB (JL), 2010 WL 1998904, at *3 (N.D. Cal. May 18, 2010).

  Importantly, Defendants do not attempt to argue any "particular and specific demonstration[s] of fact as distinguished from stereotyped and conclusory statements," *cf., In re Terra Intern., Inc.*, 134 F.3d at 306,  that actual harm will result from Mr. Shorter's deposition.  They are, in fact, silent as to any potential harm.  Instead, Defendants merely assert without support that Mr. Shorter "has no unique knowledge relating to this litigation," *see* Defs.' Mot. at 4.  That assertion alone does not suffice to bar his deposition.  *Apple, Inc.*, 282 F.R.D. at 26 ("A claimed lack of knowledge, by itself it is insufficient to preclude a deposition."); *Naftchi*, 172 F.R.D. at 132.  Moreover, that assertion is belied by ample record evidence establishing Mr. Shorter's singular knowledge of facts leading to SB 14's passage.  These issues lie at the heart of

6

this case, and Mr. Shorter played an active role in their development.  *Apple, Inc.*, 282 F.R.D. at 262-63.  Accordingly, Mr. Shorter's deposition should go forward and Defendants' motion should be denied.

Finally, while Mr. Shorter's deposition is appropriate, the United States respectfully avers that, should this Court approve that deposition, it will work closely with Defendants' counsel to schedule that deposition in a manner as flexible and convenient for Mr. Shorter as reasonably possible.

## IV.     CONCLUSION

For the foregoing reasons, the United States respectfully submits that Defendants' Motion for Protection, ECF No. 335, should be DENIED.  Pursuant to Local Rule 7.4(D), a proposed order denying Defendants' motion is attached hereto.

Date:  July 11, 2014

                                       Respectfully submitted,

KENNETH MAGIDSON                 JOCELYN SAMUELS
United States Attorney                    Acting Assistant Attorney General
Southern District of Texas               Civil Rights Division

                                       *s/ Bradley E. Heard*
                                       T. CHRISTIAN HERREN, JR.
                                       RICHARD A. DELLHEIM
                                       MEREDITH BELL-PLATTS
                                       ELIZABETH S. WESTFALL
                                       BRUCE I. GEAR
                                       BRADLEY E. HEARD
                                       JENNIFER L. MARANZANO
                                       ANNA M. BALDWIN
                                       DANIEL J. FREEMAN
                                       Attorneys, Voting Section
                                       Civil Rights Division
                                       U.S. DEPARTMENT OF JUSTICE
                                       950 Pennsylvania Avenue, N.W.
                                       Washington, D.C. 20530
                                       Telephone: (202) 305-4196
                                       Fax: (202) 307-3961
                                       E-mail: Bradley.Heard@usdoj.gov

## CERTIFICATE OF SERVICE

This certifies that I have this day filed the within and foregoing **United States' Opposition to Defendants' Motion for Protection on the Amended Notice of Deposition of Coby Shorter** electronically using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record through the Court's electronic filing system.

This 11th day of July, 2014.

                                                    *s/ Bradley E. Heard*
                                                    BRADLEY E. HEARD
                                                    Attorney, Voting Section
                                                    Civil Rights Division
                                                    U.S. Department of Justice
                                                    bradley.heard@usdoj.gov