1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

MARC VEASEY, et al.,        )
                            )
     Plaintiffs,            )
                            )
v.                          ) CIVIL ACTION NUMBER
                            )  2:13-cv-193(NGR)
RICK PERRY, et al.,         )
                            )
     Defendants.            )

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ORAL DEPOSITION OF

KEITH INGRAM

APRIL 23, 2014

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ORAL DEPOSITION OF KEITH INGRAM, produced as a witness at the instance of PLAINTIFF UNITED STATES OF AMERICA and duly sworn, was taken in the above-styled and numbered cause on the 23rd day of April, 2014, from 9:02 a.m. to 6:13 p.m. before TEENA L. HARMON-DAVIS, a Certified Shorthand Reporter in and for the State of Texas, reported by machine shorthand at the offices of Dechert LLP, 300 West Sixth Street, Suite 2010, Austin, Texas, pursuant to the Federal Rules of Civil Procedure and/or the provisions stated on the record or attached hereto.

2

1              A P P E A R A N C E S
2
3  FOR PLAINTIFF UNITED STATES OF AMERICA:
4         Ms. Elizabeth S. Westfall
          Ms. Jennifer Maranzano
5         U.S. DEPARTMENT OF JUSTICE
          Civil Rights Division
6         950 Pennsylvania Avenue, NW
          Washington, DC  20530
7         elizabeth.westfall@usdoj.gov
          jennifer.maranzano@usdoj.gov
8
9  FOR THE VEASEY PLAINTIFFS:
10        Mr. Neil G. Baron
          LAW OFFICE OF NEIL G. BARON
11        914 FM 517 West, Suite 242
          Dickinson, Texas  77539
12        neil@ngbaronlaw.com
13 and-
14        Mr. Scott Brazil
          BRAZIL & DUNN, LLP
15        4201 Cypress Creek Parkway, Suite 530
          Houston, Texas  77068
16        scott@brazilanddunn.com
17
   FOR THE TEXAS STATE CONFERENCE OF NAACP BRANCHES
18 PLAINTIFFS:
19        Mr. Vishal Agraharkar
          BRENNAN CENTER FOR JUSTICE
20        161 Avenue of the Americas, 12th Floor
          New York, New York  10013
21        vishal.agraharkar@nyu.edu
22 and-
23        Mr. Ezra D. Rosenberg
          DECHERT LLP
24        902 Carnegie Center, Suite 500
          Princeton, New Jersey  08540
25        ezra.rosenberg@dechert.com

```
 1  APPEARANCES/continued:
 2  FOR THE TEXAS LEAGUE OF YOUNG VOTERS
    PLAINTIFF-INTERVENORS:
 3
        Mr. Deuel Ross
 4      Ms. Natasha M. Korgaonkar
        NAACP LEGAL DEFENSE AND EDUCATIONAL FUND, INC.
 5      40 Rector Street, Fifth Floor
        New York, New York  10006
 6      dross@naacpldf.org
        nkorgaonkar@naacpldf.org
 7
    and-
 8
        Ms. Lynn Eisenberg
 9      WILMER CUTLER PICKERING HALE & DORR, LLP
        1875 Pennsylvania Avenue, NW
10      Washington, DC  20006
        lynn.eisenberg@wilmerhale.com
11
    FOR THE ORTIZ PLAINTIFFS:
12
        Mr. Robert W. Doggett
13      Mr. Jose Garza
        TEXAS RIO GRANDE LEGAL AID, INC.
14      4920 North IH-35
        Austin, Texas  78751
15      rdoggett@trla.org
        jgarza@trla.org
16
    FOR THE TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND
17  COUNTY COMMISSIONERS PLAINTIFF-INTERVENORS:
18      Mr. Rolando L. Rios
        ROLANDO L. RIOS & ASSOCIATES, PLLC
19      115 East Travis, Suite 1645
        San Antonio, Texas  78205
20      rrios@rolandorioslaw.com
21  FOR THE DEFENDANTS:
22      Mr. S. Ronald Keister
        Ms. Whitney Deason
23      Ms. Lindsey Wolf
        OFFICE OF THE ATTORNEY GENERAL OF TEXAS
24      P.O. Box 12548
        Austin, Texas  78711
25      ronny.keister@oag.state.tx.us
```

```
                                                                        4
 1   APPEARANCES/continued:
 2        Mr. Wroe Jackson
          OFFICE OF THE SECRETARY OF STATE
 3        Capitol Building, Room 1E.8
          P.O. Box 12697
 4        Austin, Texas   78711
          wjackson@sos.state.tx.us
 5
 6   ALSO PRESENT:
 7        Ms. Kathleen Murphy-Darveau
          TEXAS DEPARTMENT OF PUBLIC SAFETY
 8        (512) 424-2890
          kathleen.murphy@dps.texas.gov
 9
     and -
10
          Ms. Teena L. Harmon-Davis, Court Reporter
11        US LEGAL SUPPORT
          701 Brazos, Suite 380
12        Austin, Texas   78701
          (512) 292-4249
13
14   VIA TELEPHONE:
15        Ms. Jennifer Clark, Brennan Center for Justice
16        Ms. Emma Simpson, Campaign Legal Center
17        Ms. Myrna Perez, NAACP
18
19
20
21
22
23
24
25
```

KEITH INGRAM                                                    4/23/2014

```
                                                                      5
 1                              INDEX
 2                                                                 Page
 3   Appearances ...................................    2
 4   KEITH INGRAM
 5        Examination by Ms. Westfall ...............   10
 6        Examination by Mr. Baron ..................  191
 7        Examination by Mr. Brazil .................  237
 8        Further Examination by Mr. Baron ..........  266
 9        Examination by Mr. Agraharkar .............  273
10        Examination by Mr. Rosenberg ..............  306
11        Examination by Mr. Ross ...................  308
12        Examination by Ms. Korgaonkar .............  342
13        Further Examination by Mr. Rosenberg ......  343
14        Further Examination by Mr. Baron ..........  352
15   Reporter's Certificate .......................... 356
16
17
18                            EXHIBITS
19   No.  Description                                              Page
20    1   Plaintiffs' and Plaintiff-Intervenors'
          Amended Notice of Rule 30(b)(6) Deposition
21        of The Texas Office of the Secretary of
          State and Request for Documents Relied
22        Upon by 30(b)(6) Designees
          ..............................................  10
23
      2   Defendants' Objections and Responses to
24        Plaintiffs and Plaintiff-Intervenors'
          First Set of Interrogatories
25        ..............................................  17
```

1  combination form.
2      A.   Sure.  Yeah, C says that if in making a
3  determination under this subsection an election officer
4  determines under standards adopted by the Secretary of
5  State that the voter's name --
6           THE REPORTER:  Would you slow down.
7      A.   I'm sorry.  I think the reading is boring, so I
8  try to go through it quickly.
9           If in making a determination under this
10 subsection the election officer determines under
11 standards adopted by the Secretary of State that the
12 voter's name on the documentation is substantially
13 similar to, but does not match exactly with, the name on
14 the list, the voter shall be selected for voting under
15 subsection (d) if the voter submits an affidavit stating
16 that the voter is the person on the list of registered
17 voters.
18     Q.   And I think starting in 2011, and probably
19 continuing for a while, various people, including
20 counties, raised concerns about the procedure that was
21 going to be necessary to implement that.
22     A.   Well, I don't know --
23     Q.   The actual signing of an affidavit.
24     A.   Sure.  And I don't know exactly what concerns
25 might have been raised in that regard from counties

222

1  because I arrived in the office on January 5, 2012, and
2  the folks who were here before that aren't here anymore.
3  But I will say that when I arrived the proposed form of
4  the affidavit was a separate piece of paper that was --
5  looked like an affidavit.
6       Q.   Going to be actually notarized.
7       A.   Well, the election judge has the discretion of
8  a district court judge on election day, and so the
9  election judge would be the one that would be actually
10 attesting to all these signatures.  But it would be a
11 very troublesome process to have a separate piece of
12 paper in the election kit that would now have to be used
13 for who knows how many voters, and because of the power
14 of the election judge to witness signatures I asked
15 Elizabeth Winn at the time, why can't we just put this on
16 the combo form; they used to -- before SB 14 they used to
17 have to sign an affidavit that you've lost your
18 certificate if you show up to vote with another form of
19 ID besides your certificate, and that was on the combo
20 form, why can't we do this that way.  And I talked to
21 Steve Rayburn in Tarrant County.  He thought that would
22 be a much better way to handle it, so that is what we
23 started working toward with changing the combo form to
24 add that as a place for the voter to initial.  And
25 Harris County wanted to use their own version of the

350

1    He can give you the ultimate implementation decision, you
2    know, but in terms of giving the discussions I'm going to
3    instruct him not to answer.
4        A.   They strongly supported the effort.
5        Q.   Did you have discussions with anyone in the
6    Governor's Office concerning any locations of the mobile
7    EIC units?
8        A.   I don't believe so.
9        Q.   Do you know if anyone in your office did?
10       A.   I don't believe so.
11       Q.   Do you know if anyone in your office other than
12   yourself had discussions with anyone in the Governor's
13   Office concerning implementation of SB 14?
14       A.   Yes.
15       Q.   And who was that?
16       A.   Our general counsel, Wroe Jackson, and our
17   deputy secretary of state, Coby Shorter, as well as
18   Secretary Steen.
19       Q.   And were you privy to those discussions?
20       A.   I was privy to the ones that I was privy to.
21   I don't know if I was privy to all of them.
22       Q.   Were you aware of what the subject matters are
23   of the discussions where you were not privy?
24       A.   I don't know what I don't know.
25       Q.   Meaning did they tell you after the

351

1  discussions?
2       A.   I think that our -- our discussions with the
3  Governor's Office regarding the implementation of photo
4  ID centered around the interpretation of the secretary's
5  office about the list of acceptable IDs and the mobile
6  EIC unit program.
7       Q.   So other than those two issues, as far as
8  you're aware no one in your office had discussions with
9  anyone in the Governor's Office concerning the
10 implementation of SB 14?
11      A.   We could have.  I'm not sure about this, but
12 our office could have communicated with the Governor's
13 Office about voter education in the fall of 2013 and
14 funds to pay for that effort.
15      Q.   And when you say you could have, you mean you
16 think you might have or you --
17      A.   I don't know if that was the case or not.  If
18 it was, it would have been communication with
19 Mike Morrissey in the Governor's Office.
20      Q.   And who would have had that communication?
21      A.   Mr. Jackson and Mr. Shorter.
22      Q.   One last question I have -- I don't know if
23 anyone else has any follow-up.  In your -- in your view,
24 in the construction of SB 14, the education program that
25 is mandated by the statute, does it specifically mandate