IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, et al., <br>  *Plaintiffs,* <br> v. <br><br> RICK PERRY, et al., <br>  *Defendants.* | CIVIL ACTION NO. <br> 2:13-CV-193 (NGR) <br> [Lead case] |
| UNITED STATES OF AMERICA, <br>  *Plaintiffs,* <br><br> TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, et al., <br>  *Plaintiff-Intervenors,* <br><br> TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, et al., <br>  *Plaintiff-Intervenors,* <br> v. <br><br> STATE OF TEXAS, et al., <br>  *Defendants.* | CIVIL ACTION NO. <br> 2:13-CV-263 (NGR) <br> [Consolidated case] |
| TEXAS STATE CONFERENCE OF NAACP BRANCHES, et al., <br>  *Plaintiffs,* <br> v. <br><br> JOHN STEEN, et al, <br>  *Defendants.* | CIVIL ACTION NO. <br> 2:13-CV-291 (NGR) <br> [Consolidated case] |
| BELINDA ORTIZ, et al. <br>  *Plaintiffs,* <br> v. <br><br> STATE OF TEXAS, et al., <br>  *Defendants.* | CIVIL ACTION NO. <br> 2:13-CV-348 (NGR) <br> [Consolidated case] |

### Non-Party Senator's Reply to Defendants' Response to the Motion to Quash and Motion for Protective Order

The movant, non-party Senators have served privilege logs and produced all public documents in their possession. The purpose of providing the privilege log is to allow the party issuing the discovery to determine specifically which documents it seeks. The objective is to focus the discovery disputes on particular documents rather than arguing theoretically about discovery issues. *Fed. R. Civ. Proc. 26, Advisory Committee Note 34.* Defendants disregard the individual Senators' privilege logs and urge this court to render rulings without considering the actual documents at issue or the specific objections or privileges asserted. The Defendants also suggest that this court should deny the Senators' the privileges and protections afforded by the Texas constitution.

I. **The Court's Previous Ruling was Based on Different Facts, Different Requests, and Different Litigants so the Court Can not Apply the Previous Ruling without Considering the Facts Underlying the Senators' Motions.**

Previously, the Court heard a Motion for Protective Order filed by the Defendants who sought to quash discovery sought by the Department of Justice ("DOJ"). The Court ruled that the legislators who were proponents of the legislation which is the subject of the litigation must turn over the documents that were "highly relevant" to the proponents' motive and intent. By sharp contrast, the Senators seeking protection here are the opponents of the legislation at issue and as their privilege logs reveal, have no documents that are pertinent to the "motive and intent" of those who advocated for the legislation. Another contrast of major significance is that the DOJ demonstrated the necessity of proving the proponents' motive and intent, persuading the Court that the evidence was highly relevant to its case. The Defendants, in the instant case, do not meet this same burden. The Defendants have not articulated any defense or plausible

argument that would explain why the oppositional strategy of the nonparty Senators would shed light on any matter to be decided by the Court in the trial of this case. Would the Court be persuaded that the legislation is discriminatory or not discriminatory if it knew why these eight Senators opposed the legislation or how they procedurally planned their failed opposition?

Each of the Senators who join in this motion has separately filed a privilege log and each of the Senators had a different level of involvement in the history of SB 14. Some merely voted against it, while others drafted amendments and some spoke out against the bill at the public hearing. Each of these Senators has a separate legislative privilege that should be considered in light of their individually filed privilege logs. The Defendants needs to articulate why each Senator's documents are highly relevant to the issues to be addressed at trial. It is insufficient to hypothetically suggest that as a group these Senators might have pertinent documents.

In particular, the Defendants suggest that they need to know if the Senators "were in possession of factual information at odds with their public pronouncements." *Defendants' Response, p. 4-5.* Presumably, this would be impeachment information. The Court should note, however, that none of the Movant, non-party Senators has been named as a trial witness and none have been contacted by the parties to attend or participate in the trial. Although the Plaintiffs have generically identified "all members of the legislature" as persons with knowledge, there is no indication that any parties have specifically identified Senators Rodney Ellis, Juan Hinojosa, Jose Rodriguez, Carlos Uresti, Kirk Watson, Royce West, John Whitmire or Judith Zaffirini as witnesses who have some information pertinent to any particular defense or theory of the case.

With regard to the assertion that several of the Senators authored amendments to SB 14 that were adopted, the Defendants exhibit 8 shows that of the eight movant Senators only

3

Senators Watson, Zaffirini and Hinojosa had amendments that were adopted. These amendments are attached as Exhibit 1. None of these amendments are being used by either Plaintiffs or Defendants as proof that the bill is either discriminatory or non-discriminatory. These amendments are tangential to any issue that will be litigated at the time of trial. Accordingly, the defendants argument that all eight Senators should be required to produce all of their legislative work because they had some role in drafting amendments that were adopted is on its face not true as to Senators Ellis, Rodriguez, Uresti, West, or Whitmire. With regard, to Senators Watson, Zaffirini and Hinojosa, the Court can see that the amendments are so unrelated to the alleged discriminatory impact of the bill that they warrant, at most, a limited order to produce documents related to the amendments and nothing more.

Defendants also suggest that the Senators might know something about the House members "chubbing" of the House Bill 362. This is theoretical speculation of the Senators' knowledge about something that happened in the House . The privilege log tells the Defendants the precise documents that the Senators have and rather than suggesting that the Court should base its rulings on things that might be potentially relevant, the Court should either limit the Defendants discovery to "any knowledge of the House's conduct on HB 362" or grant the motion for protective order because the Defendants have failed to show that the documents listed on the privilege log are specifically relevant or likely to lead to relevant evidence important to a defense being presented at trial.

The non-party, movant Senators also raised objections to producing constituent generated communications, litigation related communications which occurred subsequent to the enactment of SB 14, and any document that is "missing." The Court did not previously consider objections

4

to producing such information and has made no order pertinent to the nonparty, movants' objections.

It is also important for the Court to recall that the Defendants Counsel took the position that all documents related to SB 14 have previously been produced during discovery among the parties. He stated:

> "They have all the documents from the Governor, the Lieutenant Governor, the Speaker of the House, former Speaker Craddick, the bill offered in the Senate, the bill sponsor in the House, every single member of a relevant House committee, and *every other legislator in the House and Senate who played any role whatsoever crafting the voter ID law.*"

ECF Document 399-6, p. 6. Having made this representation to the Court, it is incongruous to now claim that they need additional discovery from the eight non-party, movant Senators.

Since the Court is now presented with different parties, raising different objections, and asserting different notions of why the discovery is relevant, the Court should consider the objections in this new light and review the applicability of the legislative privilege. Furthermore, the parties, in the previous hearing, did not provide privilege logs to enable the court to focus on specific documents. In this instance, if the Defendants seek specific documents they must articulate why the specific documents are "highly relevant" to any defenses being asserted. The Court has determined that the legislative privilege will only be waived where the requested documents are highly relevant. Since the nonparty, movant Senators do not have essential information about the "motive and intent" of those who enacted the bill, the Court's previous ruling does not eliminate the necessity of reviewing the fact questions which have been raised in the Senators' Motion to Quash.

    II.    **Defendants cannot use Federal Courts to circumvent State Constitutional prohibitions on separation of Powers and the Protections of the Speech and Debate Clause.**

A subpoena may be quashed if it "requires disclosure of privileged or protected matter. *Fed. R. Civ. P. 45(d)(3)(A)(iii).* Federal Courts are given flexibility to develop the rules of privilege and to identify privileges on a case-by-case basis. *University of Pa. v. EEOC,* 493 U.S. 182, 189. Generally, courts have recognized privileges when there is a relationship requiring confidence and trust, a public interest is at stake, and a majority of states recognize the privilege being asserted. *See Jaffee v. Redmond,* 518 U.S. 1, at 10-12.

In this case, Defendants do not dispute that the Executive branch of the State of Texas is constitutionally barred from interfering with or intimidating the other branches of state government. There is no question that the Attorney General seeking to subpoena the files of Senators is just the type of interference or intimidation that the Texas Constitution seeks to prohibit. Instead of defending its conduct, Defendants, instead, suggest that they cannot be stopped because they are pursuing this course of conduct with the authority of the federal courts. The Defendants cite *Pennhurst State School & Hospital v. Haldermann,* 465 U.S. 89, 106. The *Pennhurst* case does not support the Defendants position. In *Pennhurst*, a civil plaintiff asserted a cause of action seeking to enjoin the State from abusive conduct within a mental institution. The Court focused on whether it could provide a remedy based on State law. The *Pennhurst* facts are distinguishable from this case. In this case, the non-party movants are not seeking a cause of action, or a remedy for wrongful conduct. The Senators are asking for the court to act under the authority of the Federal Rules of Civil Procedure which allow it to quash a subpoena when the requested information is "privileged or protected." *Fed. R. Civ. P. 45(d)(3)(A)(iii).*

In this case, the Court is well within its authority to recognize the importance of protecting legislators from overstepping by the executive branch and the Court can recognize that the State's Texas speech and debate clause provides a well recognized privilege or

protection for legislators. The policy interest of such widely accepted concepts as 'separation of powers' is important enough that this Court may quash the subpoena.

                                    Respectfully submitted,

                                    BISHOP LONDON & DODDS
                                    3701 Bee Cave Road, Suite 200
                                    Austin, Texas 78746
                                    512/479-5900
                                    512/479-5934 (Facsimile)

BY: _____
       Alice London
       State Bar No. 15292000

AND

Office of the Attorney General
PO Box 12548
Austin, Texas 78711
512-936-1105
512-320-0167 (FAX)

BY: _____  *signed w/permission*
       David A. Talbot, Jr.
       State Bar No. 19618500

ATTORNEYS FOR NON-PARTY
SENATORS RODNEY ELLIS, JUAN
HINOJOSA, JOSE RODRIGUEZ,
CARLOS URESTI, KIRK WATSON,
ROYCE WEST, AND JUDITH ZAFFIRINI

7

## CERTIFICATE OF SERVICE

I certify that on 7.18.14 a copy of **Non-Party Senator's Reply to Defendants' Response to the Motion to Quash and Motion for Protective Order** was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing to all counsel of record.

_____
Alice London