IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al*., <br><br> Plaintiffs, <br><br> vs. <br><br> RICK PERRY, *et al*., <br><br> Defendants. | Civil Action No. 2:13-cv-00193 (NGR) |

**RESPONSE TO DEFENDANTS' MOTION TO COMPEL ORTIZ PLAINTIFFS TO ANSWER TWO INTERROGATORIES**

Plaintiffs Belinda Ortiz, Lenard Taylor, Eulalio Mendez, Jr., Lionel Estrada, Estela Garcia Espinosa, Lydia Lara, Margarito Martinez Lara, Maximina Martinez Lara, and La Union Del Pueblo Entero, Inc. (LUPE) ("Ortiz Plaintiffs") file this Response to Defendants' Motion to Compel, and in support thereof would show the Court the following:

1.      Defendants seek to compel Ortiz Plaintiffs to answer two contention interrogatories essentially requesting all facts to support their claim that SB 14 was enacted with a discriminatory purpose and intent, and identify all documents intended for use in trial not previously produced. *See Defendants' Motion*, at 5 (ECF No. 343). Plaintiffs contend that such a request is objectionable on the grounds stated in its May 1, 2014 response, and moreover because these matters have been adequately addressed through deposition testimony.

2.      First, the interrogatory answers Defendants seek to compel are duplicative of the deposition testimony already provided by Plaintiffs in the present suit. *See In re*

1

*Norplant Contraceptive Products Liab. Litig.*, 170 F.R.D. 427, 430 (E.D. Tex. 1997) (where plaintiffs attached excerpts of deposition testimony to a response to motion to compel, interrogatories were sufficiently answered).  Defendant has deposed or soon will depose each of the Plaintiffs[1], and had the opportunity to conduct extensive examinations as to all the facts they claim support their case.

3.  For example, the following deposition questions and responses, which are characteristic of each of the depositions taken, address the information Defendants purportedly seek to obtain:

>  **Eulalio Mendez, Jr.:**
>
>  **Q: Why do you think the … use of the election identification certificates is discrimination?** See Mendez Deposition, at 22:8-9; *See also* Plaintiff's answer and follow-up questions and responses *Id.* at 22:10- 23:2.
>
>  **Q. And what do you understand this case for which we're here today to be about?** See Mendez Deposition, at 56:16-17; *See also* Plaintiff's answer and follow-up questions and responses *Id.* at 56:18-57:7.
>
>  **Lionel Estrada:**
>
>  **Q: And do you have an understanding of the Voter ID law?** *See* Estrada Deposition, at 73:4-5; *See also* Plaintiff's answer and follow-up questions and responses *Id.* at 73:6- 20.

---

[1] Defendants have already deposed Plaintiffs Eulalio Mendez, Jr., Lionel Estrada, Estela Garcia Espinosa, Margarito Martinez Lara, Lenard Taylor, and La Union Del Pueblo Entero, Inc. (LUPE).  Plaintiff Maximina Martinez Lara is scheduled to be deposed on July 22, 2014. Plaintiff Lydia Lara is in very poor health and will be dismissed from the case, and Belinda Ortiz has likely decided to no longer participate in the case.

**Q: Okay. What obstacles, if any, does the Voter ID law place between you and voting?** *See* Estrada Deposition, at 75:18-19; *See also* Plaintiff's answer. *Id.* at 75:20- 21.

<u>Estela Garcia Espinosa</u>:

**Q: And can you tell me a little bit about what you understand this lawsuit to be about….** *See* Espinosa Deposition, at 35: 14-15; *See also* Plaintiff's answer. *Id.* at 35:19- 23.

**Q: …Why do you think that your ability to vote has been affected by the State of Texas?** *See* Espinosa Deposition, at 50: 23-25; *See also* Plaintiff's answer and follow-up questions and responses *Id.* at 51: 1-13.

<u>Margarito Martinez Lara</u>:

**Q: And can you tell me what you understand the lawsuit for which you're sitting here getting asked questions about today, what you understand that to be about?** *See* Margarito Lara Deposition, at 65: 20-23; *See also* Plaintiff's answer and follow-up questions and responses *Id.* at 65: 24 – 66:2.

**Q: Do you think that the law that requires you to present photo ID to vote, do you think that that-- that that was passed in order to discriminate against people?** *See* Margarito Lara Deposition, at 73: 22-25; *See also* Plaintiff's answer and follow-up questions and responses *Id.* at 74: 1-10.

*[Each of the deposition excerpts have been compiled into a single Exhibit and submitted with this response.]*

Ortiz Plaintiffs have specifically inquired whether the testimony provided in deposition will satisfy their requests (and provided the exact citations noted above) and Ortiz Plaintiffs have not received a response as of the time of this filing.

4. Second, the contention interrogatories used by Defendants in this case are just too broad. *See Stovall v. Gulf & S. Am. S. S. Co.*, 30 F.R.D. 152 (S.D. Tex. 1961) (holding that contention interrogatories that seek "all facts" supporting a claim are too general and all-inclusive to be answered).[2]

5. In addition, the discovery rules require proportionality and sensible limitations in instances of undue burden. *See e.g. Power Mosfet Technologies v. Siemens AG,* 206 F.R.D. 422 (E.D. Tex. 2000). Requiring Plaintiffs to prepare and verify duplicative statements or statements that would require a laborious, time-consuming analysis, research, and description of every detail that might support their claims would impose an undue burden and cost on the litigants, and would not serve the purpose of clarifying and narrowing the issues in litigation. See *B. & S. Drilling Co. v. Halliburton Oil Well Cementing Co.*, 24 F.R.D. 1, 4-5 (S.D. Tex. 1959).

6. While contention interrogatories can provide a method of narrowing the issues and provide the parties and the court with some other benefit, no such benefit is apparent here. Indeed, for other Plaintiffs in this case, Defendants have been satisfied with references to other documents in the case:

---

[2] "It is not difficult to discern a significant difference between an interrogatory which, for example, asks a plaintiff to 'state all facts upon which you base your contention that defendant is liable in this action' and an interrogatory which asks a plaintiff to 'state all facts upon which you base your contention that defendant was in attendance at the meeting of January 10, 1989'. The latter is a reasonable interrogatory and the former is not. The difficulty is that there is a substantial middle ground between these extremes and, therefore, each interrogatory has to be judged in terms of its scope and in terms of the overall context of the case at the time it is asked." *Roberts v. Heim*, 130 F.R.D. 424, 427 (N.D. Cal. 1989).

4

**INTERROGATORY NO. 1:**

Please identify and describe in detail all facts that support your claim that SB 14, as enacted by the State of Texas' 82nd Legislature, was enacted with a discriminatory purpose and intent. This interrogatory includes a request to identify any documents or tangible things you intend to rely on at trial which have not been, or will not be, produced in response to any Request for Production propounded on you or any other party by Defendants.

**RESPONSE:**

…

Subject to the foregoing general and specific objections, pursuant to Rule 33(d), Plaintiff refers to the documents that have been or will be produced in this litigation, including those by Defendants and third parties, which are as readily available to Defendants as to plaintiffs-intervenors, and further states that she will supplement her response with expert disclosures and otherwise at the appropriate time under the Court's scheduling orders. Plaintiff further refers to the opinion of the court in *Texas v. Holder*, 888 F. Supp. 2d 113 (D.D.C. 2012), *vacated*, 133 S. Ct. 2886 (2013), as well as all evidence entered into the trial record or otherwise presented in that litigation through deposition testimony, declarations, expert reports, and proposed findings of fact.

Interrogatory Response of Plaintiff Imani Clark

**RESPONSE:**

…

Subject to the foregoing general and specific objections, pursuant to Rule 33(d), Plaintiff refers to the documents that have been or will be produced in this litigation, including those by Defendants and third parties, which are as readily available to Defendants as to plaintiffs intervenors, and further states that she will supplement her response with expert disclosures and otherwise at the appropriate time under the Court's scheduling orders. Plaintiff further refers to (1) the opinion of the court in *Texas v. Holder*, 888 F. Supp. 2d 113 (D.D.C. 2012), *vacated*, 133 S. Ct. 2886 (2013); (2) the Proposed Findings of Fact and Conclusions of Law submitted by the Department of Justice and the Defendant-Intervenors' in *Texas v. Holder*; (3) Exhibit A to the Amended Complaint in Intervention of Plaintiff-Intervenors The Texas League of Young Voters Education Fund, *et al*., *see* ECF No. 73, Ex.

> A, Nina Perales, et al., *Voting Rights in Texas 1982-2006* (June 2006); as well as (4) responses to interrogatories propounded on other plaintiffs and plaintiff-intervenors in the instant litigation, including responses provided by Plaintiff Mexican American Legislative Caucus of the Texas House of Representatives on May 8, 2014, *see Pl. MALC's Resps. and Objections to Defs.' Combined First Interrogs. and Second Req. for Produc.* dated May 8, 2014, at 5-8.
>
> Interrogatory Response of Plaintiff Michelle Bessiake

Thus, it would appear that Defendants are merely demanding written verifications to answers of overly broad interrogatories – verifications that place a significant burden on these indigent Plaintiffs to provide who are scattered across south Texas. (Ortiz Plaintiffs each responded with an objection that did not require verification.) The value to providing a verified answer beyond what was stated in deposition under oath is outweighed by the cost to each Ortiz Plaintiff and counsel.

7. This Court has very broad discretion regarding answers to contention interrogatories. *InternetAd Sys., LLC v. ESPN, Inc.*, 3:03CV2787-D, 2004 WL 5181346 (N.D. Tex. Oct. 8, 2004) (J. Fitzwater) citing *Nestle Foods Corp. v. Aetna Cas. & Sur. Co.,* 135 F.R.D. 101, 110 (D.N.J.1990) (rules "clearly confer the court with considerable discretion in deciding when, if ever, a party must answer contention interrogatories.").

Given the burden required to obtain the answers outweighs any conceivable benefit, Ortiz Plaintiffs respectfully request that this Court deny Defendants' motion, and for such other and further relief, at law or in equity, to which Plaintiffs may show themselves justly entitled.

Dated:  July 21, 2014                           Respectfully submitted,

                                                /s/ Robert W. Doggett
                                                Jose Garza

Texas Bar No. 07731950
S. Dist. No. 1959
1111 N. Main Ave.
San Antonio, Texas 78212
Telephone 210-212-3701
Fax 210-212-3772
jgarza@trla.org

Marinda van Dalen
Texas Bar No. 00789698
S. Dist. No. 17577
531 East St. Francis St.
Brownsville, Texas 78529
Telephone 956-982-5540
Fax 956-541-1410
mvandalen@trla.org

Robert W. Doggett
Texas Bar No. 05945650
4920 N. IH-35
Austin, Texas 78751
Telephone 512-374-2725
rdoggett@trla.org

Kathryn Newell
Texas Bar No. 24060330
S. Dist. No. 2258609
1111 N. Main Ave.
San Antonio, Texas 78212
Telephone 210-212-3711
Fax 210-212-3772
knewell@trla.org

Priscilla Noriega
Texas Bar No. 24074821
S. Dist. No. 1134642
531 East Saint Francis St.
Brownsville, TX 78521
Ph. (956) 982-5545
Fax (956) 541-1410
pnoriega@trla.org

Attorneys for "Ortiz Plaintiffs"
(BELINDA ORTIZ, LENARD TAYLOR,

7

EULALIO MENDEZ JR., LIONEL ESTRADA, ESTELA GARCIA ESPINOSA, LYDIA LARA MARGARITO MARTINEZ LARA, MAXIMINA MARTINEZ LARA, and *LA UNION DEL PUEBLO ENTERO, INC.*)

## CERTIFICATE OF SERVICE

I hereby certify that on the date of filing, I requested the ECF system serve all counsel of record with a copy of this response.

/s/ Robert W. Doggett
Robert W. Doggett