UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISON

MARC VEASEY, *et al.*,

        Plaintiffs,

    v.

RICK PERRY, *et al.*,

        Defendants.

Civil Action No. 2:13-cv-00193

**RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL
VEASEY-LULAC PLAINTIFFS TO ANSWER INTERROGATORY**

The Veasey-LULAC Plaintiffs file this Response in Opposition to the Defendants' Motion to Compel Interrogatory Answers (ECF No. 343). The Defendants' motion seeks to compel each of the plaintiffs to answer a single, extremely broad contention interrogatory, which requests all facts to support the claim that SB 14 was enacted with a discriminatory purpose and intent, and which further requests the identity of all documents intended for use at trial that were not previously produced. *See* Defs.' Mot. to Compel, at 5. The motion also seeks to compel LULAC to answer a second, extremely broad contention interrogatory, which requests all facts to support the claim that SB 14 results in the denial or abridgment of the right to vote on account of race or language minority status, and which further requests the identity of all documents intended for use at trial that were not previously produced. *Id.* In opposition, the Veasey-LULAC Plaintiffs adopt, by reference, the arguments stated in the LUPE-Ortiz Plaintiffs' response (ECF No. 427). In addition, the Veasey-LULAC Plaintiffs state the following:

1

1. The defendants' request is objectionable on the grounds stated in the Veasey-LULAC Plaintiffs' April 30, 2014 responses and objections. Contrary to the assertion in the Defendants' motion to compel, the Plaintiffs' objections are not boilerplate. Moreover, even if the objections were "boilerplate," they are certainly no more "boilerplate" than the interrogatory itself.

2. The interrogatories are inappropriate contention interrogatories. Contention interrogatories are acceptable under certain circumstances, but they must (as with all discovery) be clear, narrowly tailored, and not unduly burdensome on the responding party. Contention discovery may not be used to require the responding party to marshal all the evidence it intends to offer at trial, as the defendants' interrogatories do. Contention interrogatories should ask about specific allegations and be tailored to narrow or exclude certain issues from a suit. *See Stovall v. Gulf & S. Am. S. S. Co.*, 30 F.R.D. 152 (S.D. Tex. 1961). Clearly, these interrogatories are an attempt to marshal all the evidence in one fell swoop, not to narrow the claims, and, as such, they are improper and cannot be reasonably answered.

3. Individual verifications are unnecessary. The purpose of verification is to satisfy the requirement that all interrogatories be answered under oath. There are, however, no statements of fact proffered in the Plaintiffs' responses, only objections. Moreover, to the extent that the Plaintiffs' responses reference deposition testimony, such testimony was taken under oath, certainly a sufficient form of verification under the Federal Rules of Evidence. The plaintiffs should therefore not need to verify the responses. Additionally, defendants have taken or will take the depositions of all Veasey-LULAC Plaintiffs and will have investigated the subject thoroughly. The defendants' request for verification appears to be nothing more than busy work.

4.      This Court has very broad discretion regarding answers to contention interrogatories.  Given that (1) the interrogatories are inappropriate contention interrogatories and cannot be reasonably answered; (2) the defendants have had an opportunity to depose the plaintiffs about the facts that support their claims; (3) verification is not required for objections; (4) verification should not be required for references to other, previously produced and independently verified evidence; and (5) the burden required to obtain verifiable answers to such a vague interrogatory outweighs any conceivable benefit, the Veasey-LULAC Plaintiffs respectfully request this Court exercise its discretion and deny the defendants' motion.

Respectfully submitted,

 /s/ Chad W. Dunn
Chad W. Dunn
State Bar No. 24036507
K. Scott Brazil
State Bar No. 02934050
Brazil & Dunn
4201 Cypress Creek Parkway, Suite 530
Houston, Texas  77068
Telephone:  (281) 580-6310
Facsimile:   (281) 580-6362
chad@brazilanddunn.com
scott@brazilanddunn.com

J. Gerald Hebert
D.C. Bar No. 447676
Emma Simson
Maryland Bar
Campaign Legal Center
215 E Street NE
Washington DC 20002
Telephone (202) 736-2200
ghebert@campaignlegalcenter.org
esimson@campaignlegalcenter.org

Neil G. Baron
State Bar No. 01797080
Law Office of Neil G. Baron

3

914 FM 517 W, Suite 242
Dickinson, Texas 77539
Telephone (281) 534-2748
Facsimile  (281) 534-4309
neil@ngbaronlaw.com

David Richards
State Bar No. 16846000
Richards, Rodriguez & Skeith, LLP
816 Congress Avenue, Suite 1200
Austin, Texas 78701
Telephone (512) 476-0005
Facsimile  (512) 476-1513
daverichards4@juno.com

Armand G. Derfner
Derfner, Altman & Wilborn, LLC
P.O. Box 600
Charleston, S.C. 29402
Telephone (843) 723-9804
aderfner@dawlegal.com

*Attorneys for All Plaintiffs*

LUIS ROBERTO VERA, JR.
LULAC National General Counsel
State Bar No.  20546740
The Law Offices of Luis Vera Jr., and Associates
1325 Riverview Towers, 111 Soledad
San Antonio, Texas 78205-2260
Telephone (210) 225-3300
Facsimile (210) 225-2060
lrvlaw@sbcglobal.net

*Attorney for LULAC Plaintiffs*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of July, 2014, I served a copy of the foregoing on all counsel of record by filing a copy of the same in this Court's ECF system.

          */s/ Chad W. Dunn*
          Chad W. Dunn