UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARC VEASEY, *et al.*, § | | |
| § | | |
| Plaintiffs, § | | |
| VS. § | CIVIL ACTION NO. 2:13-CV-00193 | |
| § | | |
| RICK PERRY, *et al.*, § | | |
| § | | |
| Defendants. § | | |

## DEFENDANTS' RESPONSE IN OPPOSITION TO NON-PARTY STATE REPRESENTATIVES' MOTION TO QUASH SUBPOENAS AND MOTION FOR PROTECTION

Defendants have issued 40 subpoenas to legislators with knowledge relating to allegations that form the core of Plaintiffs' claims in this case. Each legislator was directly involved in the crafting and debate of Senate Bill 14 (2011) (SB 14) or predecessor voter identification bills, and therefore may have information shedding light on both the purpose of the Legislature's enactment of SB 14 and the political machinations behind repeated, coordinated efforts by Democrat legislators to block passage of a voter ID bill, even though the initiative garnered overwhelming support from Texas voters. Moreover, each of the Movant Non-Party State Representatives ("Movant Representatives") has been identified in Plaintiffs' and Plaintiff-Intervenors' initial disclosures as potential witnesses with personal knowledge and information regarding the legislative history and motivations behind Senate Bill 14 (2011) (SB 14). *See* ECF No. 399.1 at 3 (Veasey Pls. Initial Disclosures); ECF No. 399.2 at 5–6 (Pls. TX NAACP and MALC Initial Disclosures);

1

ECF No. 399.3 at 1–2 (Pls. TX Ass'n of Hisp. Judges and Co. Comm'rs Initial Disclosures); ECF No. 399.4 at 2 (Ortiz Pls. Initial Disclosures); ECF No. 399.5 at 3 (U.S. Second Supp. Initial Disclosures).  Nonetheless, the Representatives broadly and improperly assert a variety of objections and privileges in an attempt to prevent discovery of documents and information that this Court has already ruled are relevant and discoverable.

This Court has already heard and disposed of Movant Representatives' arguments concerning legislative privilege, burden, and relevance in its prior orders regarding documents withheld during the Section 5 preclearance litigation and motions to quash Rule 45 legislative subpoenas propounded by the United States. *See* ECF No. 226; ECF No. 399.6 at 31 (Mot. Hr'g Tr. (May 1, 2014)).  Further, this Court has consistently maintained that "what applies to one side applies to the other."  ECF No. 399.7 at 44–45 (Mot. Hr'g Tr. (May 15, 2014)).  Defendants respectfully request that the law of the case apply equally to all non-party legislators regardless of political disposition and Movant Representatives' Motion to Quash Subpoenas and Motion for Protection ("Motion"), ECF No. 386, be denied in its entirety.

## ARGUMENT

**I.   This Court Previously Ruled That Legislative Documents May Reflect Upon the Texas Legislature's Intent in Enacting SB 14, Are Highly Relevant to This Litigation, And Cannot Be Withheld Based on Legislative Privilege.**

This Court has ruled that any state legislative privilege is both qualified and limited in scope.  *See* ECF No. 226 at 2–3 (Order on Motion to Compel, Apr. 3,

2014). In its April 3, 2014 Order, this Court adopted the *Perez* court's five-factor balancing test to determine whether legislative privilege should be pierced for discovery purposes. *Id.* at 2. Granting in part the United States' Motion to Compel, this Court found that while "ensuring that legislators maintain the privilege of confidential communication with their aides, staff members, and other legislators in the discharge of their duties is vital to the legislative process . . . the unique nature of this case, the significance of the subject matter of this litigation, and the importance of developing an accurate factual record" favored disclosure on a confidential basis. *Id.* at 2-3. During the May 1, 2014 Hearing, this Court adopted its prior legislative privilege analysis in denying motions by other non-party legislators to quash nearly identical subpoenas propounded by the United States. *See* ECF No. 399.6 at 31; *see also* ECF No. 341 (denying motions to quash subpoenas for deposition testimony based on legislative privilege). Defendants request that the Court follow the "sound policy that when an issue is once litigated and decided, that should be the end of the matter." *U.S. v. U.S. Smelting Refining & Mining Co.*, 339 U.S. 186, 198 (1950).

This Court already determined that "[t]he motive and intent of the state legislature when it enacted SB 14 is the crux of this Voting Rights Act case," finding identical requested documents "highly relevant" to Plaintiffs' claims. ECF No. 226 at 5. Law of the case compels the same result for three reasons. First, the Representatives were directly engaged in the debate and development of SB 14. Their personal knowledge of the facts and circumstances surrounding the

3

enactment of SB 14 is uncontested. Moreover, nearly every movant Representative authored or introduced amendments to SB 14. *See* ECF 399.8 (Texas Legislature Online, Amendments to SB 14 (82R), available at http://www.capitol.state.tx.us/BillLookup/Amendments.aspx?LegSess=82R&Bill=SB 14.). Some of the Representatives' amendments were adopted and incorporated into the final version of SB 14 passed into law. *See id.* (listing adopted amendments authored by Representatives Helen Giddings, Yvonne Davis, Roberto R. Alonzo, and Borris Miles). The Representatives thus played a direct role in crafting SB 14. Their motives and intent in drafting and offering these amendments are no less relevant because they ultimately decided to vote against the final amended version.

Second, Plaintiffs' discriminatory purpose claims rely directly on the knowledge and intent underlying the Representatives' public statements and proposed amendments regarding SB 14. *See* Complaint of the United States of America ("U.S. Complaint") at ¶¶ 28, 30–33 (ECF No. 230.11); Veasey-LULAC Plaintiffs' Second Amended Complaint, ("Veasey-LULAC Complaint") at ¶¶ 42, 53 (ECF No. 109); Amended Complaint in Intervention of Plaintiff-Intervenors the Texas League of Young Voters Education Fund, et al. ("TLYVEF Complaint") at ¶¶ 50, 54–55 (ECF No. 73); First Amended Complaint in Intervention of the Texas Association of Hispanic County Judges and County Commissioners, et al. ("HCJCC Complaint") at ¶¶ 33, 36–37 (ECF No. 153).

It is critical that Defendants be afforded the opportunity to investigate the motive, veracity and foundation underlying the Representatives' statements,

including whether the Representatives were in possession of factual information at odds with their public pronouncements.  Plaintiffs further allege that the Texas legislature rejected several amendments offered by the Representatives which were allegedly intended to, and would have the effect of, ameliorating the alleged discriminatory impact of the law. *See* U.S. Complaint at ¶¶ 28, 30–33; Veasey-LULAC Complaint at ¶¶ 42, 53; TLYVEF Complaint at ¶¶ 50–51; HCJCC Complaint at ¶¶ 32–33.  The Representatives' motivations in drafting and proposing these amendments are thus highly relevant to Plaintiff's claims.

Third, the Movant Representatives played central roles in defeating voter identification bills considered during past legislative sessions which are likely to shed light on the legislative intent behind SB 14.  For example, Democratic legislators were responsible for defeating Senate Bill 363 (81R) ("SB 362"), which passed through the Texas Senate and the House Committee on Elections in 2009 during the 81st Texas Legislature.  House Democrats employed an extraordinary procedural maneuver known as "chubbing" during the last days of the 81st Legislature to prevent SB 362 from reaching the floor of the Texas House for debate.  The Representatives are likely to have contemporaneous communications and materials relevant to the motivations behind the defeat of SB 362.  The requested documents reflect upon the Representatives' motivations for supporting these measures and are likely to shed light on the legislative intent underlying SB 14's passage during the 82nd Legislature.

Furthermore, this Court has determined that the lack of an alternative source for evidence of the Representatives' contemporaneous and candid discussions with their staff, other Democratic legislators, or outside interests weighs in favor of disclosure. Indeed, Plaintiffs' initial disclosures and responses to Defendants' requests for production have failed to provide any non-public communications between the Representatives or their staff.

## II. This Court Previously Ruled That Requests Seeking Legislative Documents Regarding Prior and Subsequent Voter Identification Bills Are Relevant and Not Overly Burdensome.

The Representatives urge this Court to quash Defendants subpoena requests as overly broad, irrelevant, and inconsistent with Rules 26 and 45 of the Federal Rules of Civil Procedure. Motion at 4–9. This Court previously addressed identical arguments raised in non-party legislators' motion to quash Rule 45 subpoenas issued by the United States. *See* ECF No. 251 at 6–10 (Motion to Quash Subpoenas of Current and Former Legislators); ECF No. 399.6 at 6–8.[1] Then, the non-party legislators specifically urged this Court to quash or modify requests seeking documents regarding voter ID legislation considered by former and subsequent Texas Legislatures as irrelevant and overly burdensome. ECF. No. 251 at 6–7, 10; ECF No. 399.6 at 26–28. Nonetheless, the Plaintiffs argued, and this Court agreed, that voter identification bills considered in past and subsequent legislative sessions are relevant to the passage of SB 14, despite the failure of those bills to win passage. *Id.* at 31. This Court specifically overruled the non-party legislators'

---

[1] Defendants' subpoenas do not seek documents pertaining to campaign materials or immigrations legislation, as per this Court's prior ruling granting in part non-party legislator's motion to quash subpoenas issued by the United States. ECF No. 399.7 at 16.

arguments that the United States' requests seeking documents spanning more than a decade were unduly burdensome. *Id.*

Furthermore, as discussed above, the relevance of past legislative sessions takes on added importance here. The subpoenas here are directed, at least in part, at legislators who were part of a coalition of Democrat legislators who repeatedly blocked, in successive legislative sessions, previous versions of Voter ID. Those actions, and the motivations behind them, may shed light on the legislative record and motivations behind legislative procedures relating to the passage of S.B. 14.

Finally, the Representatives cannot demonstrate any substantive difference between the Defendants' subpoena requests and those previously issued by the United States and upheld by this Court. Defendants' requests directly parallel the scope and subject matter of documents previously sought by the United States. *Compare* Defendants' Subpoena of Alma Allen at 8–10 (Document Requests 1–20) (Ex. 1)[2] with United States' Subpoena of Debbie Riddle at 6–10 (Document Requests 1–22) (Ex. 2). The Representatives have provided no meaningful distinction warranting differential treatment.

## **CONCLUSION**

For the reasons set out above, the Defendants respectfully request that this Court deny the Non-Party Representatives Motion to Quash Subpoenas and Motion for Protection. Defendants further request this Court order the Non-Party

---

[2] Defendants' subpoenas issued to Representatives are identical, so only one example is attached here.

Representatives to produce responsive documents subject to highly confidential designation pursuant to the Consent Protective Order, ECF No. 105.

Dated: July 23, 2014

                      Respectfully submitted,

                      GREG ABBOTT
                      Attorney General of Texas

                      DANIEL T. HODGE
                      First Assistant Attorney General

                      JONATHAN F. MITCHELL
                      Solicitor General

                      J. REED CLAY, JR.
                      Special Assistant and Senior Counsel
                      to the Attorney General
                      Southern District of Texas No. 1160600

                      */s/ John B. Scott*
                      JOHN B. SCOTT
                      Deputy Attorney General for Civil Litigation
                      Southern District of Texas No. 10418
                      ATTORNEY-IN-CHARGE

                      G. DAVID WHITLEY
                      Assistant Deputy Attorney General
                      Southern District of Texas No. 2080496

                      STEPHEN RONALD KEISTER
                      Assistant Attorney General
                      Southern District of Texas No. 18580

                      JENNIFER MARIE ROSCETTI
                      Assistant Attorney General
                      Southern District of Texas No. 224780

                      LINDSEY ELIZABETH WOLF
                      Assistant Attorney General
                      Southern District of Texas No. 2292940

FRANCES WHITNEY DEASON
Assistant Attorney General
Southern District of Texas No. 2302872

209 West 14th Street
P.O. Box 12548
Austin, Texas 70711-2548
(512) 475-0131

BEN A. DONNELL
Donnell, Abernethy & Kieschnick
555 N. Carancahua, Suite 1770
Corpus Christi, Texas 78401-0853
Southern District of Texas No. 5689

COUNSEL FOR THE STATE OF TEXAS, RICK PERRY, JOHN STEEN, and STEVE MCCRAW

## **CERTIFICATE OF SERVICE**

    I hereby certify that on July 23, 2014, a true and correct copy of the foregoing document was served to all counsel of record via the Court's ECF system.

                         */s/ John B. Scott*
                         JOHN B. SCOTT