SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARC VEASEY, *et al*, | § § | |
| Plaintiffs, | § | |
| VS. | § § | CIVIL ACTION NO. 2:13-CV-00193 |
| RICK PERRY, *et al*, | § § | |
| Defendants. | § § | |

**DEFENDANTS' OPPOSED MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS RESPONSIVE TO THE DEFENDANTS' SECOND AND FOURTH REQUESTS FOR PRODUCTION TO THE UNITED STATES OF AMERICA RELATED TO ELECTION CRIMES AND VOTER FRAUD**

Defendants respectfully seek an order from the Court compelling the production of documents related to election crimes and voter fraud as requested in Defendants' Second and Fourth Requests for Production to the United States. Ex. 1 (Defs.' 2d Req. for Produc. to the United States (Feb. 3, 2014)); Ex. 2 (Defs.' 4th Req. for Produc. to the United States (Mar. 28, 2014)). The Department of Justice has failed to produced (and appears not to have searched) those areas of the Department that are most likely to have responsive documents. Defendants have conferred on numerous occasions with the Department, but these efforts have yielded no progress. Indeed, despite this Court's determination at its most recent status conference that it was "going to allow the Defense . . . to ask for documents beyond just the in-person voter fraud," Ex. 4 at 18:17–19 (Status Conf. Tr. (July 24, 2014)), the Department of Justice continues to run interference. After the Court's pronouncements, Defendants have requested one final time that the United States confirm that it would renew and broaden its search for voter fraud documents. The United States refused. Ex. 10 (Email from A. Baldwin

1

to R. Clay (July 25, 2014), stating that "We [the Department of Justice] stand by the reasonableness of the searches . . . . We do not understand the court to have ordered us to conduct further searches, and thus we do not plan to conduct further searches."). Thus, Defendants now file this motion to compel seeking precisely what the Plaintiffs have sought from the Defendants: the extent to which the Department of Justice is engaged in investigating and prosecuting incidents and allegations of voter fraud, and election crimes more generally; and the extent that citizens of the United States have voiced concern regarding voter fraud and election crimes to the Department of Justice. Given the allegations regarding voter fraud in the plaintiffs' complaints, the plaintiffs' own requests for documents and testimony from the Texas Office of the Attorney General regarding similar topics, and the Supreme Court's ruling in *Crawford v. Marion County School Board*, 553 U.S. 181, 194–96 (2008), there can be no doubt about the reasonableness of the Defendants' request.

Because Defendants first requested these documents nearly 6 months ago, Defendants request that this Court set an expedited briefing schedule that would permit this Court to rule on this Motion at the status conference scheduled for Thursday, July 31, 2014 (or even before). Further, Defendants request that this Court instruct the United States to produce such documents no later than August 14, 2014. Such a time frame is imperative in order for Defendants to obtain and review such documents in time for trial. Given this Court's familiarity with these issues, Defendants believe no oral argument is necessary. S*ee, e.g.,* Ex. 3 (Status Conf. Tr. (Jun. 18, 2014)); Ex. 4 (Status Conf. Tr. (Jul. 24, 2014)).

## BACKGROUND

Defendants' Second Request for Production sought (among other things) "all documents and tangible things relating to any allegation (substantiated or unsubstantiated) of voter fraud in any national, state, or local election within the United States of America." Ex. 1 at 6 (Request No. 10). Defendants' Fourth Request for Production specifically requested "documents and tangible things relating to any data regarding voter fraud" and "voter impersonation in Texas compiled by [the United States] since 2005." Ex. 2 at 6 (Req. Nos. 5, 6). Defendants also requested "documents and tangible things relating to any communications between the United States and the email address vot1973c@usdoj.gov relating to voting in the State of Texas" since 2005 or "in any other United States state, . . . territory or outlying possession, or the District of Columbia, in any election." *Id.* at 7 (Req. Nos. 10, 11). Defendants' Fourth Request for Production also specifically defined "you" and "your" to include the Department of Justice, and it defined "Department of Justice" to include the Federal Bureau of Investigations, the Criminal Division's Public Integrity Section, and United States Attorneys' Offices. *Id.* at 3.

These definitions were a direct result of conferences undertaken by the Defendants and the Department of Justice regarding the Department's objections to previous document requests made by the defendants. During those conferences, the Department notified Defendants that the Public Integrity Section, the FBI and the United States Attorneys' Offices were the primary agencies charged with investigating

and prosecuting voter fraud and other election crimes in the United States.[1] Counsel for Defendants and counsel for the United States conferred regarding the definitions of "you" and "your" as they related to Defendants' First Request for Production to the United States. *See* Ex. 9 (Letter from A. Shapiro to D. Whitley (Mar. 13, 2014)). In an effort to effectively negotiate this issue, Plaintiffs proposed narrowing the definition of the terms "you" and "your" as used in Defendants' *First* Request for Production. *Id*. In the same vein, Defendants' Fourth Request for Production, which was served sometime after these discussions, attempted to limit the definition to "you" and "your" to the negotiated agreement reached regarding the definition of those terms as used in Defendants' First Request for Production. Not surprisingly, the Department did not object that Fourth Request defined "you" and "your" to include the Department of Justice. *See* Ex. 8 (United States' Resp. and Obj. to Defs.' 4th Req. for Produc. to the United States of America (Apr. 30, 2014)). Nor did it object to the definition of the Department of Justice. *See id.*

Despite those discussions, the Department never once disclosed that it would not search the very sub-agencies that it identified as being the likely locus for documents related to election crimes and voter fraud. Indeed, after Defendants filed a motion to compel these very documents,[2] and after this Court gave the United States

---

[1] Recent media releases from the Department regarding voter fraud investigations and prosecutions confirm the involvement of these three sub-parts of the Department in the investigation and prosecution of voter fraud and election crimes. *See* Ex. 6 (FBI Press Release (June 6, 2014) (acknowledging investigation of an voter fraud crime by the FBI and subsequent prosecution by the Criminal Division's Public Integrity Section and the U.S. Attorney's Office)); Ex. 7 (DOJ Press Release (Aug. 20, 2013) (acknowledging an investigation of voter fraud by the FBI and subsequent prosecution by the U.S. Attorney's Office)).

[2] ECF No. 230 (Defs.' Mot. to Compel the Produc. of Docs. Resp. to Defs.' 1st and 2nd RFPs to the United States (Apr. 7, 2014)).

4

30 days to produce them,[3] Defendants were shocked to hear the Department of Justice tell the Court during a status conference that it had only searched for communications to a single email address within the Voting Section.

In response to those representations, Defendants reached out to confer further. In a July 1, 2014 phone call with attorneys for the United States, it became evident that the Department had not properly searched the Public Integrity Section for all responsive documents and had produced nothing from the FBI or the various U.S. Attorneys' offices around the country that prosecute election crimes and voter fraud.

On the July 1, 2014 phone call, counsel for Plaintiff United States inexplicably claimed that it was appropriate to limit the definition of the "Department of Justice" only to the Voting Section, the Office of the Attorney General, the Associate Attorney General, and the Civil Rights division for *all* Requests for Production based on the negotiations of the definition of "you" and "your" relating to Defendants' *First* Request for Production. But Defendants never agreed to limit their request for documents concerning voter fraud to exclude a search of the DOJ Criminal Division's Public Integrity Section, the Federal Bureau of Investigation, and the United States Attorneys' Offices.[4] To the contrary, based upon the Department's representations, these were precisely the areas Defendants believed should and would be searched. But the Department of Justice continues to refuse to search those areas of the

---

[3] Ex. 11 at 10:9–12:23 (Status Conf. Tr. (Apr. 16, 2014)).
[4] Any agreement regarding the definition of "you" and "your" with respect to Defendants' Second Request for Production would not have impacted the Defendants' Request No. 10 anyhow. Request No. 10 does not use the term "you" or "your." Ex. 1 at 6. Instead, it asks the United States to "produce all documents and tangible things relating to any allegations (substantiated or unsubstantiated) of voter fraud in any national, state, or local election within the United States."

Department where responsive documents are, according to the Department's own words, most likely to be found.

## ARGUMENT

I. **PLAINTIFF, THE UNITED STATES, HAS FAILED TO PROVIDE OR MAKE A GOOD FAITH EFFORT TO SEARCH FOR RESPONSIVE DOCUMENTS RELATING TO VOTER FRAUD.**

When making representations to this Court regarding the production of documents related to voter fraud, the Department of Justice chooses its words carefully. During the June 18, 2014 Status Conference, counsel for the United States represented to this Court that the United States has "produced in document discovery every complaint . . . received related to photo ID or SB 14 from Texas or regarding Texas and . . . every allegation of voter fraud related to Texas that . . . came in through the email address [vot1973c@usdoj.gov]." Ex. 3 at 27:21–25. Later, with similar precision, the Department of Justice told the Court that "it ha[d] already searched for all communications to and from the Voting Section regarding S.B. 14, voter fraud in the State of Texas, and allegations of in-person impersonation nationwide." ECF No. 379 (U.S. Motion for Protective Order (June 30, 2014)). We suppose that these statements may be true, but it provides a woefully incomplete story. Parsing the Department's words demonstrates that their production is deficient in several ways.

First, the Department of Justice has failed to search the sub-agencies of the Department whose duty it is to investigate and prosecute in-person voter fraud and other election crimes. During conference with the Department, Defendants were informed that only a few parts of the Department of Justice have authority to

investigate or prosecute voter fraud and election crimes: the Public Integrity Section, the U.S. Attorney's offices, and the Federal Bureau of Investigation. Notably absent from that list: the Voting Section, Civil Rights Division. But incredibly the Department decided to search *only* the Voting Section (who is not charged with investigating or prosecuting election crimes). In essence, the United States searched for a ski lift at the seashore.

Second, even within the Voting Section, the Department looked only for *communications* sent to a single email address. To be sure, Defendants did specifically request that that email address be searched. But Defendants never limited its request to simply "communications," much less communications *only to that address*. The Defendants are requesting any information that helps demonstrate the true universe of incidents and allegations of voter fraud and election crimes more generally. Searching for email communications to a single email address in the Voting Section hardly scratches the surface.

Last, the Department adopted an incredibly narrow (and no doubt self-serving) view of the type of voter fraud that it thought relevant to this case. The Department hopes to convince this Court that the only valid purpose of S.B. 14 would be to prevent a particular type of voter fraud: in-person voter impersonation, and that if no evidence of such fraud is introduced into evidence, then surely the Texas Legislature must be lying about its true motives. Although the Department's reasoning is not surprising given the Voting Section's habit of ignoring Supreme Court case law, *see* ECF No. 417 at 13–17 (¶¶ 1–24) (Defendants' Corrected Answer to Plaintiff United States' Complaint), this sophomoric interpretation of the relevant universe of voter fraud

ignores the Supreme Court's decision in *Crawford v. Marion County School Board*, 553 U.S. 181 (2008). Even setting aside that the *Crawford* Court found several valid purposes for voter identification laws, the Supreme Court also found that all kinds of voter fraud and election crimes were relevant to determining the constitutionality of a voter ID law. *Crawford*, 553 U.S. at 191. And, it was irrelevant to the Supreme Court whether the voter fraud or election crimes occurred in-state or out-of-state. *Id*. at 194–96. In other words, the Supreme Court determined that, to the extent actual evidence of voter fraud was relevant at all, incidents and allegations of voter fraud and election crimes *nationwide*[5] was the relevant universe of evidence. *Id*. at 195–96 (discussing examples of in-person voter impersonation "in other parts of the country . . . throughout this Nation's history" and examples of other types of voter fraud in Indiana). Yet, the Department of Justice has decided only to search for communications regarding "voter fraud in the State of Texas" and "in-person voter impersonation nationwide" from a single email address in a small part of the Department of Justice that is not even charged with investigating or prosecuting voter fraud.

The Department of Justice and the other plaintiffs have made allegations regarding the "absence" of voter fraud a central tenet of their case. And they have made discovery requests of the OAG that are identical in subject matter to the requests at issue here. Defendants cannot be denied discovery into whatever

---

[5] In many cases in recent history, Texas has reacted to instances of Voter Fraud or Election Crimes in other states by enacting laws to try and prevent those occurrences from happening in Texas. *See, e.g., Voting for Am., Inc. v. Andrade*, 488 F. App'x 890, 901 (5th Cir. 2012) (referring to Texas' "legitimate interest in preventing fraud" including addressing "an incentive for fake voter registration applications such as those made through the Project Vote scandal…") (internal citation omitted).

knowledge the Department of Justice has regarding voter fraud and election crimes. Defendants' requests plainly meet the standard for discoverability.

## II. THE UNITED STATES' REMAINING OBJECTIONS ARE UNFOUNDED.

The United States' remaining objections to the Defendants' Requests are simply a means to avoid searching and producing documents responsive to the requests. The United States objected to the request as vague to the extent that the term "voter fraud" is not defined and as "unduly burdensome to the extent that it seeks documents relating to unsubstantiated allegations of voter fraud." Ex. 8 at 12. The United States had no problem using search terms relating to voter fraud for searching vot1973c@usdoj.gov; thus, there is no reason why it cannot develop search terms for the FBI, Public Integrity Section, and U.S. Attorneys' Offices and produce responsive documents to Defendants. Defendants' requests seek documents that demonstrate whether or not the Department of Justice investigates, alleges, and prosecutes voter fraud; documents that help provide an overall picture of the amount and type of election crimes occurring within Texas and the United States, including reports, convictions, indictments; and documents that demonstrate the enforcement priorities of the Department of Justice, including reports regarding the deployment of human resources and budgets. This type of requested information is not unreasonable, vague, or unduly burdensome.

The United States also asserts the law enforcement privilege and the deliberative process privilege as a means to withhold the requested documents and materials. However, the United States' "mere assertion that the [deliberative process] privilege applies, without more, is not sufficient to meet their burden." *S.L. ex rel.*

9

*Lenderman v. St. Louis Metro. Police Dep't Bd. of Commissioners*, 4:10-CV-2163 CEJ, 2011 WL 1899211, *3 (E.D. Mo. May 19, 2011). Not only has the United States failed to provide a privilege log so that Defendants could adequately assess these privileges, the United States entirely failed to search for these documents. Moreover, by their very terms, much of what Defendants seek does not fall within these privileges as they will likely be public documents or non-substantive documents that do not reveal details of particular cases.

### III. CONCLUSION

The Defendants respectfully request the Court to order the United States to produce the improperly withheld documents relating to election crimes and voter fraud.

Pursuant to Local Rule 7.1(c), a proposed order granting the requested relief is attached hereto.

Dated: July 27, 2014

        Respectfully submitted,

        GREG ABBOTT
        Attorney General of Texas

        DANIEL T. HODGE
        First Assistant Attorney General

        JONATHAN F. MITCHELL
        Solicitor General

        J. REED CLAY, JR.
        Special Assistant and Senior Counsel
        to the Attorney General
        Southern District of Texas No. 1160600

        */s/ John B. Scott*
        JOHN B. SCOTT
        Deputy Attorney General for Civil Litigation
        Southern District of Texas No. 10418
        ATTORNEY-IN-CHARGE

        G. DAVID WHITLEY
        Assistant Deputy Attorney General
        Southern District of Texas No. 2080496

        STEPHEN RONALD KEISTER
        Assistant Attorney General
        Southern District of Texas No. 18580

        JENNIFER MARIE ROSCETTI
        Assistant Attorney General
        Southern District of Texas No. 224780

        LINDSEY ELIZABETH WOLF
        Assistant Attorney General
        Southern District of Texas No. 2292940

        FRANCES WHITNEY DEASON
        Assistant Attorney General
        Southern District of Texas No.2302872

209 West 14th Street
P.O. Box 12548
Austin, Texas 70711-2548
(512) 475-0131

COUNSEL FOR THE STATE OF TEXAS,
RICK PERRY, JOHN STEEN, and STEVE
MCCRAW

## **CERTIFICATE OF CONFERENCE**

      Pursuant to Local Rule 7.1(D), I hereby certify that counsel for the Defendants have conferred with counsel for the United States regarding this motion. The United States is opposed.

                                          */s/ J. Reed Clay, Jr.*
                                          J. Reed. Clay, Jr.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 27, 2014, I served a true and correct copy of the foregoing document via the Court's ECF system to all counsel of record.

                              */s/ John B. Scott*
                              JOHN B. SCOTT