**EXHIBIT 2**

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, JANE HAMILTON, SERGIO DELEON, FLOYD J. CARRIER, ANNA BURNS, MICHAEL MONTEZ, PENNY POPE, OSCAR ORTIZ, KOBY OZIAS, JOHN MELLOR-CRUMLEY, PEGGY HERMAN, EVELYN BRICKNER, GORDON BENJAMIN, KEN GANDY, LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), AND DALLAS COUNTY, TEXAS, <br>    *Plaintiffs,* <br>v. <br><br>RICK PERRY, Governor of Texas; and JOHN STEEN, Texas Secretary of State, <br>    *Defendants.* | CIVIL ACTION NO. <br> 2:13-CV-193 (NGR) <br> [Lead case] |
| UNITED STATES OF AMERICA, <br>    *Plaintiffs,* <br><br> TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, IMANI CLARK, AURICA WASHINGTON, CRYSTAL OWENS, AND MICHELLE BESSIAKE, <br>    *Plaintiff-Intervenors,* <br><br> TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, HIDALGO COUNTY, AND MARIA LONGORIA BENAVIDES, <br>    *Plaintiff-Intervenors,* <br>v. <br><br>STATE OF TEXAS, JOHN STEEN, in his official capacity as Texas Secretary of State; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety, <br>    *Defendants.* | CIVIL ACTION NO. <br> 2:13-CV-263 (NGR) <br> [Consolidated case] |

1

| | |
|---|---|
| TEXAS STATE CONFERENCE OF NAACP BRANCHES; and the MEXICAN AMERICAN LEGISLATIVE CAUCUS OF THE TEXAS HOUSE OF REPRESENTATIVES,<br>    *Plaintiffs,*<br>v.<br><br>JOHN STEEN, in his official capacity as Secretary of State of Texas; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety,<br>    *Defendants.* | CIVIL ACTION NO.<br>2:13-CV-291 (NGR)<br>[Consolidated case] |
| BELINDA ORTIZ, LENARD TAYLOR, EULALIO MENDEZ JR., LIONEL ESTRADA; ESTELA GARCIA ESPINOSA, ROXANNE HERNANDEZ, LYDIA LARA, MARGARITO MARTINEZ LARA, MAXIMINA MARTINEZ LARA, AND *LA UNION DEL PUEBLO ENTERO, INC.*<br>    *Plaintiffs,*<br>v.<br><br>STATE OF TEXAS; JOHN STEEN, in his Official capacity as Texas Secretary of State; And STEVE McCRAW, in his official capacity As Director of the Texas Department of Public Safety,<br>    *Defendants.* | CIVIL ACTION NO.<br>2:13-CV-348 (NGR)<br>[Consolidated case] |

### DEFENDANTS' FOURTH REQUEST FOR PRODUCTION
### TO PLAINTIFF UNITED STATES OF AMERICA

Pursuant to the Federal Rules of Civil Procedure, Defendants, the State of Texas, Rick Perry, John Steen and Steve McCraw, by and through the Attorney General for the State of Texas requests that you identify and produce the documents and items requested below to counsel for Defendants. Please serve your

2

responses and any objections on the undersigned attorneys within 30 days of service of these requests. This request is continuing in nature as provided by Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS

The following terms have the following meanings, unless the context requires otherwise:

1.   You & your. The terms "you" and "your" mean the Department of Justice, the Department of Defense, the United States Citizenship and Immigration Services, the Department of State, the United States Social Security Administration, the Department of Veteran's Affairs, and the United States Congress.

2.   Department of Justice. The term "Department of Justice" means the following Department of Justice agencies, including their attorneys, agents, experts, and support personnel: the Federal Bureau of Investigation, the Office of the Attorney General, the Deputy Attorney General, the Associate Attorney General, the Civil Rights Division, the Criminal Division's Public Integrity Section, and United States Attorneys' Offices.

3.   United States Congress. The term "United States Congress" means the following current or former United States Representatives and Senators, including their attorneys, agents, experts, and support personnel: Al Green (TX-09), Ruben Hinojosa (TX-15), Silvestre Reyes (TX-16), Beto O'Rourke (TX-16), Chet Edwards (TX-17), Sheila Jackson Lee (TX-18), Charles A. Gonzalez (TX-20), Joaquin Castro (TX-20), Nick Lampson (TX-22), Ciro Rodriguez (TX-23), Pete Gallego (TX-23), Lloyd Doggett (TX-25 and TX-35), Solomon P. Ortiz (TX-27), Henry Cuellar (TX-28), Gene Green (TX-29), Eddie Bernice Johnson (TX-30), Marc Veasey (TX-33), Filemon Vela (TX-34), Nancy Pelosi (CA-8 and CA-12), Bob Casey (Pa.), Harry Reid (Nev.), and Kay Hagan (N.C.).

3.   Document. The term "document" means information that is fixed in a tangible medium, such as paper, or electronically stored information. It includes, but is not limited to, writings, drawings, films, charts, photographs, notices, memoranda, diaries, minutes, correspondence, books, journals, ledgers, reports, worksheets, notes, printed e-mails, letters, abstracts, audits, charts, checks, diagrams, drafts, instructions, lists, logs, resumes, and summaries.

   a.   Electronically Stored Information. The term "electronically stored information" means electronic information that is stored in a medium from

which it can be retrieved and examined. It includes, but is not limited to, all electronic files that can be retrieved from electronic storage.

> 1) "Electronic file" includes, but is not limited to, the following: electronic documents; e-mail messages and files; deleted files; temporary files; and metadata.
>
> 2) "Electronic information system" refers to a computer system or network that contains electronic files and electronic storage.
>
> 3) "Electronic storage" refers to electronic files contained on magnetic, optical, or other storage media, such as hard drives, flash drives, DVDs, CDs, tapes, cartridges, floppy diskettes, smart cards, integrated-circuit cards (e.g., SIM cards).

4.   <u>Tangible thing.</u> The term "tangible thing" means a physical object that is not a document.

5.   <u>Communication.</u> The term "communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

6.   <u>Relating.</u>  The term "relating" means concerning, referring, describing, evidencing, supporting, refuting, or constituting, either directly or indirectly.

7.   <u>SB 14</u>.      The term "SB 14" refers to Texas Senate Bill 14, 82d Leg., R.S., ch 123, § 3, 2011 Tex. Gen. Laws 619, including all companion or predecessor bills filed during previous sessions, whether regular or special, of the Texas Legislature, and all alternative bills or proposals, whether filed or not, relating to the use of photographic identification for voting in the state of Texas.

8.   <u>Administrative Preclearance.</u>  The term "Administrative Preclearance" refers to the process, pursuant to Section 5 of the Voting Rights Act, by which the United States Attorney General or a three-judge court of the U.S. District Court for the District of Columbia reviews "changes to enact or seek to administer any voting qualification or prerequisite to voting, or standard, practice, or procedure with respect to voting different from that in force or effect [on certain dates , depending on the state]," as that process existed prior to the date of the United States Supreme Court's decision in *Shelby County v. Holder*, 133 S.Ct. 2612 (2013).

9.   <u>Voting Rights Act</u>.  The Voting Rights Act refers to 42 U.S.C. §§ 1973 - 1973aa-6.

10.     And & or.  The connectives "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11.     Present.  The term "Present" refers to the date these Discovery Requests are served on the United States of America.

11.     Public Information.  The term "Public Information" has the same meaning as ascribed to it in Texas Gov't Code Section 552.002 (2014).

12.     Governmental Body.  The term "Governmental Body" has the same meaning as ascribed to it in Texas Gov't Code Section 552.002 (2014).

13.     Federal Action.  The term "Federal Action" means Case 2:13-cv-00193 in the United States District Court for the Southern District of Texas, and includes all cases consolidated into Case 2:13-cv-00193 in the United States District Court for the Southern District of Texas.

**REQUESTS FOR PRODUCTION**

1. Please produce all documents and tangible things relating to any request by any Plaintiff in the Federal Action, or any party in the State Action, to any Governmental Body in Texas, to produce Public Information, relating to any election or demographic data from 2005 to the Present. This request includes, but is not limited to, both any request to produce Public Information propounded to a Governmental Body and any response and/or documents and tangible things received from the Governmental Body in response to any request to produce Public Information.

2. Please produce all documents and tangible things relating to any subpoena served pursuant to Fed. R. Civ. P. 45, in the Federal Action, on any municipality or county in the state of Texas or on any other entity or individual, which were not previously provided to Defendants. This request includes, but is not limited to, a request for both the subpoena served and any response and/or documents and tangible things produced in response to that subpoena. Defendants' request for the production of these documents and tangible things does not waive any rights or remedies they may have due to the failure of any Plaintiff in the Federal Action to provide notice to Defendants of any such subpoena before its service on the subpoenaed entity or individual, as required by Fed. R. Civ. P. 45 (a)(4).

3. Please produce all documents and tangible things relating to any data regarding voter demographics in Texas compiled by you, since 2005.

4. Please produce all documents and tangible things relating to any data regarding voter turnout in Texas compiled by you, since 2005.

5. Please produce all documents and tangible things relating to any data regarding voter fraud in Texas compiled by you, since 2005.

6. Please produce all documents and tangible things relating to any data regarding voter impersonation in Texas compiled by you, since 2005.

7. Please produce all documents and tangible things relating to any calculations, reports, audits, estimates, projections, or other analyses related

      to the effect of SB 14 on minority voters or on voter who are members of a language minority group, from 2005 to the Present.

8. Please produce all documents and tangible things relating to Administrative Preclearance of any state's law, maintained pursuant to 28 C.F.R. § 51.50(a), from 2005 to the present.

9. Please produce all documents and tangible things created, collected, received, transmitted or produced by the Department of Justice in relating to any state's request for Administrative Preclearance, from 2005 to the present.

10. Please produce all documents and tangible things relating to any communications to and from the e-mail address vot1973c@usdoj.gov relating to voting in the State of Texas in any election, date from 2005 to the Present.

11. Please produce all documents and tangible things relating to any communications to and from the e-mail address vot1973c@usdoj.gov relating to voting in any United States state (other than Texas), United States territory or outlying possession, or the District of Columbia, in any election.

12. Please produce all documents and tangible things that you intend to present as evidence at trial, to the extent not otherwise encompassed by these Discovery Requests, or the Defendants' First, Second and Third Request for Production to Plaintiff The United States of America.

Dated: March 28, 2014

                        Respectfully submitted,

                        GREG ABBOTT
                        Attorney General of Texas

                        DANIEL T. HODGE
                        First Assistant Attorney General

                        JONATHAN F. MITCHELL
                        Solicitor General

J. REED CLAY, JR.
Special Assistant and Senior Counsel
to the Attorney General
Southern District of Texas No. 1160600

*/s/ John B. Scott*
JOHN B. SCOTT
Deputy Attorney General for Civil Litigation
Southern District of Texas No. 10418
Texas State Bar No. 17901500
ATTORNEY-IN-CHARGE

G. DAVID WHITLEY
Assistant Deputy Attorney General
Southern District of Texas No. 2080496

STEPHEN RONALD KEISTER
Assistant Attorney General
Southern District of Texas No. 18580

SEAN PATRICK FLAMMER
Assistant Attorney General
Southern District of Texas No. 1376041

209 West 14th Street
P.O. Box 12548
Austin, Texas 70711-2548
(512) 475-0131

COUNSEL FOR THE STATE OF TEXAS,
RICK PERRY, JOHN STEEN, and STEVE
MCCRAW

## CERTIFICATE OF SERVICE

    I hereby certify that on March 28, 2014, I served a true and correct copy of the foregoing document to all counsel of record via electronic mail.

                        */s/ John B. Scott*
                        JOHN B. SCOTT