UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARC VEASEY, ET AL., | ) | CASE NO: 2:13-CV-00193 |
| | ) | |
| Plaintiffs, | ) | CIVIL |
| | ) | |
| vs. | ) | Corpus Christi, Texas |
| | ) | |
| RICK PERRY, ET AL., | ) | Wednesday, July 30, 2014 |
| | ) | |
| Defendants. | ) | (2:01 p.m. to 2:11 p.m.) |

STATUS CONFERENCE

BEFORE THE HONORABLE NELVA GONZALES RAMOS,
UNITED STATES DISTRICT JUDGE

**Appearances:**          See Next Page

**Court Recorder:**       Genay Rogan

**Clerk:**                Brandy Cortez

**Transcribed by:**       Exceptional Reporting Services, Inc.
                          P.O. Box 18668
                          Corpus Christi, TX 78480-8668
                          361 949-2988

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

**APPEARANCES FOR:**

Plaintiffs:  ARMAND DERFNER, ESQ.
P.O. Box 600
Charleston, SC 29402

CHAD W. DUNN, ESQ.
SCOTT BRAZIL, ESQ.
Brazil and Dunn
4201 Cypress Creek Parkway, Suite 530
Houston, TX 77068

NEIL G. BARON, ESQ.
914 FM 517 Rd. W., Suite 242
Dickinson, TX 77539

J. GERALD HEBERT, ESQ.
191 Somervelle Street, Suite 405
Alexandria, VA 22304

EMMA SIMPSON, ESQ.

Mexican American  EZRA D. ROSENBERG, ESQ.
Legislative Caucus,  Dechert, LLP
et al.:  902 Carnegie Center, Suite 500
Princeton, NJ 08540-6531

MARK A. POSNER, ESQ.
Lawyers' Committee for Civil Rights
1401 New York Ave. NW, Suite 400
Washington, DC 20005

Texas League of Young  NATASHA KORGAONKAR, ESQ.
Voters Education Fund:  NAACP Legal Defendant and Educational
Funds, Inc.
40 Rector Street
5th Floor
New York, NY 10006

State of Texas:  JOHN BARRET SCOTT, ESQ.
Scott, Yung, L.L.P.
208 N. Market Street
Suite 200
Dallas, TX 75202

**APPEARANCES FOR:**      (CONTINUED)


State of Texas:          GREGORY D. WHITLEY, ESQ.
                         Office of the Attorney General
                         P.O. Box 12548
                         MC001
                         Austin, TX 78711

                         BEN DONNELL, ESQ.

United States            ANNA BALDWIN, ESQ.
of America:              BRADLEY HEARD, ESQ.
                         U. S. Department of Justice
                         950 Pennsylvania Avenue, N.W.
                         NWB Room 7125
                         Washington, DC 20530

Texas Association of     ROLANDO L. RIOS, ESQ.
Hispanic County Judges   115 E. Travis
and County               Suite 1654
Commissioners:           San Antonio, TX 78205

Oscar Ortiz, et al.:     MARINDA VAN DALEN, ESQ.
                         ROBERT W. DOGGETT, ESQ.
                         Texas Rio Grande Legal Aid
                         4920 North IH 35
                         Austin, TX 78751

4

1 **Corpus Christi, Texas; Wednesday, July 30, 2014; 2:01 p.m.**

2 **(Call to order)**

3 **(In Progress)**

4     **THE COURT:** ...*et al versus Perry et al*.

5     **THE CLERK:** Your Honor, for the individual Veaseys we
6 have Mr. Dunn, Mr. Derfner, Mr. Baron, Mr. Hebert, Mr. Brazil,
7 and Ms. Simpson present. For the United States of America we
8 have Ms. Baldwin and Mr. Heard present. For the Mexican
9 American Legislative Caucus we have Mr. Rosenberg and
10 Mr. Posner present. For Ortiz, et al., Ms. Van Dalen. For the
11 Association of County Judges, Mr. Rios. For the League of
12 Young Voters, Ms. Korgaonkar. For the State of Texas,
13 Mr. Scott, Mr. Whitley, and Mr. Donnell present in the
14 courtroom.

15     **THE COURT:** All right, okay. I guess what's before
16 the Court is the advisory that was filed by the Defendants
17 regarding the DPS records. I'm not sure where you all are on
18 that. We agreed to convene Thursday. Today -- the Court
19 needed to do the hearing today if we needed a hearing. So who
20 is going to speak on that?

21     **MR. ROSENBERG:** Your Honor, Ezra Rosenberg on behalf
22 of Texas NAACP and MALC. We've over the last hour I think had
23 a very productive session among the private parties -- private
24 plaintiffs, the State, and DOJ, and the parties are continuing
25 discussions and are, I think, fairly close. We probably need

**EXCEPTIONAL REPORTING SERVICES, INC**

1  another day or so to come back to your Honor with a slight
2  modification of the schedule which does not in any way change
3  the pretrial date or the trial date, but it adds a few extra
4  days on expert reports, finding of facts, expert depositions,
5  and provides dates for transcripts designations.  There is some
6  complexity because we're dealing with changes in some very
7  critical data and -- but I think the parties are negotiating in
8  good faith and I think we are fairly close to an agreement.
9             **THE COURT:**  Okay.  So the Court does not need to
10 address anything on that today --
11            **MR. ROSENBERG:**  I think that's so, and I think the
12 State and DOJ and the other parties can --
13            **THE COURT:**  Okay, if anyone disagrees, speak up now.
14 I don't hear anyone.  Now, were you all able to come to an
15 agreement on the Defendants' motion to compel some of the
16 Plaintiffs to answer some interrogatories, or are you all still
17 conferring on that?
18            **MR. SCOTT:**  Your Honor, John Scott for the
19 Defendants.  David Whitley is prepared to argue that.  We
20 attempted to try and resolve some other issues, but it's my
21 understanding the U. S. is going to stick by their position
22 that they've already made full production.  So I think
23 negotiations are at a standstill.
24            **THE COURT:**  So we need to address that?
25            **UNIDENTIFIED FEMALE:**  Your Honor --

1       **MR. WHITLEY:**  Your Honor, this is David Whitley.  I
2  think if your Honor is referring to --
3       **THE COURT:**  DE 343.
4       **MR. WHITLEY:**  Okay, 343.
5       **THE COURT:**  Right.  That was a motion to compel the
6  Ortiz/LUPI (phonetic) Plaintiffs and Veasey/LULAC Plaintiffs to
7  answer Defendants' first set of interrogatories.  Is that what
8  you were referring to, Mr. Scott?
9       **MR. SCOTT:**  No, ma'am, I'm sorry.
10      **THE COURT:**  Okay.  I'm sorry.
11      **MR. SCOTT:**  That was related to the Department of
12 Justice documents.
13      **THE COURT:**  Okay.  No, no, no, I was -- there was one
14 -- when we conferred last week, there was a motion left hanging
15 that you all said you all were still conferring on, and so I
16 just didn't know.  Are you all still conferring on that one?  I
17 don't need to address anything today on that?
18      **MR. SCOTT:**  That's correct, yes, ma'am.
19      **THE COURT:**  Okay.  So then the -- I guess maybe what
20 you were referring to, Mr. Scott, was DE 441, the Defendants'
21 motion to compel the United States' production of documents
22 regarding election crimes and voter fraud.  I know that was
23 filed on it looks like Sunday, so I'm not sure what the
24 Government's position is on that.  I don't have a response yet,
25 but --

1        **MR. HEARD:**  Your Honor, Brad Heard for the United
2   States.  We are not prepared to address that motion at this
3   hearing today.  We have reviewed the motion obviously and we've
4   gone back and taken another look at the Court's order from July
5   24th.  What we are trying to do at this point is we are in
6   consultation with the public integrity section as well as the
7   executive office of U. S. attorneys to try and determine
8   whether there is a ready way to search for and produce non-
9   privileged documents related to voter election crimes
10  consistent with the scope that the Court explained in its July
11  24th order.  We expect to be in touch with the Defendants
12  shortly as to a proposed resolution of that motion that will
13  hopefully resolve the motion.
14       **THE COURT:**  Okay.  When might you know, or when can
15  you get a response on file, because maybe if it's not agreed
16  to, we should address that next week.
17       **MR. HEARD:**  Exactly, your Honor.  That's what I was
18  about to say, that we would be prepared to file a response at
19  the end of next week on the 8th, if that's acceptable to the
20  Court.
21       **THE COURT:**  Mr. Scott?
22       **MR. HEARD:**  That is if we're not able to resolve it.
23  Again, the goal is to try to find out the information from the
24  USA and the public integrity section and hopefully try to get
25  this matter resolved.

1         **THE COURT:** Mr. Scott, any comments on that?

2         **MR. WHITLEY:** Your Honor, this is David Whitley --

3         **THE COURT:** Okay.

4         **MR. WHITLEY:** -- for the Defendants.

5         **THE COURT:** All right.

6         **MR. WHITLEY:** The issues on this matter are -- should

7 be familiar to both the Court and the United States, and we

8 would request a more expedited briefing schedule and actually

9 request a ruling from your Honor sooner than that. We're

10 working with, as you know, a very compressed discovery schedule

11 that has passed and now has kind of remained open now --

12         **THE COURT:** Okay. I think let's -- it sounds like

13 they're looking into it to see if there could be an agreement.

14 I'll give you until Friday on that. There needs to be a

15 response by Monday if there's not an agreement regarding this

16 issue.

17         **MR. SPEAKER:** Next Monday?

18         **MR. WHITLEY:** By this Monday?

19         **THE COURT:** By this coming Monday, which would be the

20 4th?

21         **MR. WHITLEY:** All right.

22         **THE COURT:** And then at the end of this conference

23 here, we can discuss when we're going to reconvene next week.

24 All right, anything else on that then? Hopefully you all can

25 resolve the issue. I know there's a pending motion for Dallas

1  to participate as an *amicus curiae*, and it's not ripe yet, so
2  I'm not going to address it, but that is on the table still,
3  correct? I'm assuming it's going to be opposed by the
4  Defendants?
5  **MR. SCOTT:** Your Honor, John Scott. I think the
6  information we had is just as a carte blanche to participate in
7  amicus, yes, but we -- I think we had relayed to Mr. Hebert was
8  we really don't have any opposition at all to the extent they
9  want to do it on an ad hoc basis based upon some pleading the
10 Court was fixing to consider, just obviously as an attempt to
11 understand better what they're trying to do an amicus on.
12 **THE COURT:** Okay. Was that Mr. Dunn? Was that your
13 motion?
14 **MR. DUNN:** Yes, your Honor, this is Chad Dunn for the
15 record. I do understand that that was the State's position,
16 and I guess where we were at on it is we didn't want to have to
17 file a motion at, you know, each time that Dallas County wanted
18 to file a pleading. But what we did say in our motion for
19 amicus participation is that we were interested in making one
20 filing and that we would keep it, you know, to ten or 15 pages
21 or smaller in the Court's guideline. And so that's still what
22 we're asking for, and perhaps that's something that Mr. Scott
23 and I can work out now based upon what I'm hearing you say.
24 **THE COURT:** Okay. I'm going to let you all visit
25 about that then, and just let me know about -- if there's

1 something I need to do on that motion. Now, it's my
2 understanding the non-party motions to quash are going to be
3 addressed next week; is that correct, Mr. Scott?
4       **MR. SCOTT:** Well, I think one set of them has already
5 been identified as being ripe, and that's the House of
6 Representatives issues.
7       **THE COURT:** Okay.
8       **MR. SCOTT:** It's my understanding Ms. London wants to
9 wait until she gets back in from England, pun not intended. So
10 -- actually she is in London. I think that from our
11 standpoint, we're not asking the Court to rule on the
12 legislative privilege. We're really -- I mean, short term, we
13 think that the proper procedure would be that which has already
14 been used in this case, which is legislators turn over their
15 documents; and, to the extent someone wants to make use of it
16 in a discovery proceeding that's highly confidential, and to
17 the extent they try to get it into evidence, we would have to
18 come to the Court first.
19       **THE COURT:** Yeah. I just feel a little uncomfortable
20 addressing that without those attorneys either being on the
21 phone -- specifically I believe Ms. London or someone from her
22 office has let Brandy know that she's requesting a hearing.
23       **MR. SCOTT:** Yes. No, that --
24       **THE COURT:** Okay.
25       **MR. SCOTT:** -- again, that is absolutely correct --

11

1   **THE COURT:** Yeah.

2   **MR. SCOTT:** -- from the senators', I guess,

3   perspective.

4   **THE COURT:** Now I don't think I've heard anything.

5   Is it Mr. Eccles (phonetic)?  I'm -- I don't think we've heard

6   anything from him, Brandy; is that correct?

7   **THE CLERK:** We have not, your Honor, and he's been

8   copied in the emails.

9   **THE COURT:** So it sounds like then the Court can rule

10  on that one without a hearing.  I don't -- I looked at those a

11  little earlier.  I'll go back and look at it and just -- I'm a

12  little uncomfortable without -- I don't want to rule if they

13  were expecting --  I mean, I guess I've got their motion, I've

14  got a response, and I can go forward on that one at least.

15  Okay, is there anything else for today?

16  **MR. SCOTT:** Nothing from Defendants, your Honor –

17  **THE COURT:** Okay.  The --

18  **MR. ROSENBERG:** Ezra Rosenberg, nothing from our

19  clients, thank you.

20  **THE COURT:** Okay.  I propose maybe a gathering on

21  Wednesday, August the 6th at 3:00 p.m.  Is that acceptable?

22  **MR. ROSENBERG:** That's fine, your Honor.

23  **THE COURT:** Okay.

24  **MR. SCOTT:** Yes, ma'am.

25  **MS. BALDWIN:** This is Ms. Baldwin, that's fine with

12

1 the United States, your Honor.
2 **THE COURT:** All right. Well, keep talking and
3 conferring and we'll talk to you next week. Thank you.
4 **MR. ROSENBERG:** Thank you very much.
5 **MS. BALDWIN:** Thank you.
6 **(This proceeding was adjourned at 2:11 p.m.)**

CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____     <u>July 31, 2014</u>

TONI HUDSON, TRANSCRIBER

EXCEPTIONAL REPORTING SERVICES, INC