IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>RICK PERRY, *et al.*,<br><br>    Defendants. | Civil Action No. 2:13-cv-193 (NGR)<br>(Consolidated Action) |

**UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL
DOCUMENTS RELATED TO ELECTION CRIMES AND VOTER FRAUD
AND CROSS-MOTION FOR A PROTECTIVE ORDER**

The United States respectfully opposes Defendants' Motion to Compel the Production of Documents Responsive to the Defendants' Second and Fourth Requests for Production to the United States of America Related to Election Crimes and Voter Fraud, ECF No. 441 (hereinafter, "Defs.' Mot."). Additionally, the United States cross-moves herein for a protective order limiting further discovery by Defendants relating to election crimes and voter fraud in a manner consistent with its August 1, 2014, proposal to Defendants. *See* Ex. 1 (Ltr. from B. Heard to J. Scott, Aug. 1, 2014).

## I.    INTRODUCTION

Defendants' motion to compel is premised upon Request No. 10 of their Second Request for Production, served on February 3, 2014, and Request Nos. 5, 6, 10, and 11 of their Fourth Requests for Production, served on March 28, 2014. *See* Defs.' Mot. at 3; Defs.' 2nd Req. for Prod. at 6 (ECF No. 441-1); Defs.' 4th Req. for Prod. at 6-7 (ECF No. 441-2). Each of these requests is essentially subsumed in Request No. 10 of Defendants' Second Request for

Production, which seeks "all documents and tangible things relating to any allegations (substantiated *or unsubstantiated*) of voter fraud in any national, state, or local election within the United States of America." Defs.' 2nd Req. for Prod. at 6 (emphasis added). On March 10 and April 30, 2014, United States objected to Defendants' requests on the grounds that they are vague, overly broad, and unduly burdensome insofar as they contain no geographic or temporal limitation; are not reasonably calculated to lead to the discovery of admissible evidence; and seek documents protected by the attorney-client, work-product, law enforcement, and deliberative process privileges, among others.[1] *See* U.S. Resp. to Defs.' 2nd Req. for Prod. at 12 (ECF No. 230-4); U.S. Resp. to Defs' 4th Req. for Prod. at 12-14, 16-17 (ECF No. 441-8).

### A. The Court's Prior Ruling Limiting the Scope of Appropriate Discovery of Federal Election Fraud-Related Law Enforcement Activities.

Less than two weeks ago, this Court considered another of Defendants' discovery requests pertaining to the same subject matter—i.e., nationwide voter fraud and election crime information—in connection with the United States' motion for a protective order against the Rule 30(b)(6) deposition of the United States. *See* U.S. Mot. for Protective Order, ECF No. 276. Defendants sought to depose a designee of the Department of Justice regarding (among other topics): the reports and activities of the Public Integrity Section of the Department of Justice's

---

[1] The United States also produced a voluminous amount of documents in response to Defendants' Second Request on May 16. Although Defendants moved to compel further responses to its document requests in April, *see* ECF Nos. 230, 240, they did not seek to compel further production of election crime and voter fraud documents at that time. Having once raised a motion to compel as to Defendants' Second Requests, Defendants have arguably waived their right to file *another* motion to compel related to the same discovery request. In any event, Defendants have chosen to wait until the eve of trial to seek a massive production of documents from the United States that would require a nationwide search of Department of Justice offices. As discussed *infra,* the discovery that Defendants request would entail countess hours of personnel time and would consume the Court's energy with resolving inevitable privilege issues—all of which would imperil the trial date. Defendants' dilatory conduct should not be countenanced by this Court.

Criminal Division, including the Department's "Ballot Access and Voting Integrity Initiative"; the process by which the Civil Rights Division's Voting Section processed complaints, including communications to and from the Section's vot1973c@usdoj.gov email box; and "allegations," "instances," "investigations," and "prosecutions" of voter fraud and election crimes—actual or potential, substantiated or unsubstantiated—throughout Texas and the United States, from 2004 through the present.  *See* Defs.' Rule 30(b)(6) Deposition Notice to the United States, ECF No. 276-1, at 7-9 (Topics 7-8, 10-30).

This Court generally sustained the United States' objections and entered a protective order prohibiting deposition testimony relating to those topics, finding that they were overly broad, unduly burdensome, not relevant, cumulative of documents already produced, and protected by governmental privileges.  *See* Order of Aug. 24, 2014, ECF No. 438.

The Court did, however, allow deposition testimony regarding (1) "factual and ministerial matters of how the records are maintained and searched for inclusion in and compilation of" the Criminal Division's Public Integrity Section reports submitted to Congress pursuant to the Ethics in Government Act of 1978 since 2004, and any reports relating to the Ballot Access and Voting Integrity Initiative;[2] (2) "how the summary information contained [in those reports] is generated"; and (3) "factual and ministerial matters of how the records are maintained and searched for inclusion in and compilation of reports" made by the Department concerning prosecutions of election crimes and voter fraud in the United States from 2004 through the present.  *Id.*

---

[2] There are no "reports" of which the United States is aware that pertain to the Ballot Access and Voting Integrity Initiative (BAVI), and none have been produced in this litigation.  The BAVI materials previously produced to Defendants constitute various Department training materials, which are beyond the scope of the Court's July 24 Order.

In an analogous context, therefore, this Court has already considered and sustained the core of the United States' objections to the unbridled scope of the document requests at issue in Defendants' motion to compel, and the threat they pose to privileged law enforcement practices. Thus, what the United States seeks here is simply a logical corollary of the protective order entered by the Court on July 24 that would similarly limit Defendants' document discovery relating to the topic of nationwide voter fraud and election crime.

**B. The United States' Efforts to Provide Relevant Information to the Defendants.**

On July 24, the Court disagreed with the United States' view that the only kind of election fraud relevant to this case related to in-person voter impersonation fraud. *See* 7/24/2014 Hearing Tr. at 18:9-19. The United States thus advised the Court during the July 30 status conference that it would consult with two components of the Department of Justice that maintain records regarding prosecutions involving election crimes such as election fraud—the Criminal Division's Public Integrity Section and the Executive Office for United States Attorneys (EOUSA)—"to try and determine whether there is a ready way to search for and produce non-privileged documents related to voter election crimes consistent with the scope that the Court explained in its July 24th order," and that it would propose a negotiated resolution to Defendants shortly. *See* 07/30/2014 Hearing Tr. at 7:5-13. The Court directed the parties to attempt to resolve Defendants' motion to compel by Friday, August 1, and further directed that if the parties were unable to resolve the matter by then, the United States would need to file a written response to Defendants' motion by Monday, August 4. *Id.* at 8:12-16.

As promised, counsel for the United States consulted with the Public Integrity Section and the EOUSA and confirmed that it was possible and not unduly burdensome for appropriate Department officials to search the electronic databases of those two components for information

4

relating to election crime prosecutions brought by the United States and to produce a nonprivileged report to Defendants with information relating to those prosecutions from 2004 through the present.  That report would present Defendants with the fairest possible picture of "whether or not the Department of Justice investigates, alleges, and prosecutes voter fraud" and should "help provide an overall picture of the amount and type of election crimes occurring within Texas and the United States."  *Cf.* Defs.' Mot. at 9.[3]

Counsel for the United States proposed the above resolution to Defendants on August 1, and the parties have since conferred without reaching agreement.  The parties' discussions are ongoing.

## II.     ARGUMENT

Pursuant to Fed. R. Civ. P. 26(b)(2)(C), a district court "must limit the frequency or extent of discovery otherwise allowed" under the Federal Rules where "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit."  For good cause, a court may issue a protective order "to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense," including by "forbidding . . . discovery" outright or by "prescribing a discovery method other than the one selected by the party seeking discovery."  Fed. R. Civ. P. 26(c).

---

[3] Additionally, some information regarding the Department's law enforcement activities is available on the Department's public website.  *See* DOJ, EOUSA, National Caseload Statistical Data, available at http://www.justice.gov/usao/reading_room/data/CaseStats.htm (last accessed Aug. 4, 2014).

This Court should deny Defendants' motion to compel and grant the United States' cross-motion for a protective order to limit further document discovery by Defendants relating to voter fraud and election crimes to the searches of the Public Integrity Section and EOUSA databases that the United States offered to perform in its letter of August 1, 2014. *See* Ex. 1. Such reports would provide Defendants with a fair summary of the election crimes charged by the United States, nationwide, over the past decade. Such a protective order would be fully consistent with the Court's July 24 Order, which prohibits Defendants from inquiring into "the substance of any matters reported or excluded." *Cf.* Order of July 24 at 2.

As the Court noted earlier, in connection with Defendants' Rule 30(b)(6) deposition notice to the United States, the Defendants' discovery requests at issue are impermissibly overbroad, and complying with such requests would impose a huge and unreasonable burden on the United States. It would be next to impossible, within any reasonable period of time and at any reasonable cost to the United States, for Department of Justice officials to conduct a nationwide search of every U.S. Attorney's Office and FBI field office around the country, as well as the records of the Public Integrity Section (and conceivably every other litigating component of the Department) to obtain every single piece of paper and every electronic record that in any way mentions *potential* voter fraud or election crimes, determine which such records are protected by governmental privileges, list such documents on a privilege log (which log and documents would in all likelihood need to be filed under seal and submitted to the Court *in camera* for an individual document-by-document inspection and determination), and then to reproduce and Bates-label all such nonprivileged records for production to Defendants.[4] Such an

---

[4] There are 93 United States Attorneys, many of whom maintain multiple offices. *See* Office of
(Cont'd…)

expedition would require tens of thousands of staff-hours and months of time—and would imperil the trial date. Moreover, given those burdens and the inevitable encroachment upon sensitive and privileged law enforcement practices, the United States would consider every option available to it, including possible appeal from allowance of such unprecedented discovery—a possibility that could itself impact this case's September 2, 2014 trial date.

The burden of such oppressive and boundless discovery completely outweighs any possible relevance and benefit that such information could have in this case. Defendants appear to seek such information only in support of the Supreme Court's observation in *Crawford v. Marion County School Board*, 533 U.S. 181, 194-96 (2008), that both actual and perceived voter fraud within and without the jurisdiction is relevant, for purposes of a facial constitutional challenge to the validity of a voter identification law, to determine whether the state had a rational basis for its enactment. However, allegations of fraud that were completely unknown to bill proponents cannot substantiate their purported sole purpose in enacting SB 14. To the extent that Defendants claim that even unknown allegations are relevant to the purpose of SB 14, the United States has already acknowledged that voter fraud *unrelated to* in-person voter impersonation at the polls has occurred within the past 10 years. *See, e.g.,* Ex. 2, U.S. Resp. to Defs.' Req. for Admission, Response Nos. 10, 26-29.

---

the United States Attorneys, *Executive Office for United States Attorneys*, www.justice.gov/usao/eousa. The Federal Bureau of Investigation maintains 56 field offices across the United States. *See* Federal Bureau of Investigations, *Map of Field Offices*, *at* www.fbi.gov/contact-us/field. At present, the United States Department of Justice employs approximately 5,400 Assistant United States Attorneys and 13,600 FBI special agents. *See* National Association of Assistant United States Attorneys, *About Us*, *at* www.naausa.org/2013/index.php/about-us; Federal Bureau of Investigation, *Quick Facts*, *at* www.fbi.gov/about-us/quick-facts.

Most importantly, however, the United States has offered to search the Criminal Division and EOUSA databases to determine every case of election fraud prosecuted by the United States since 2004. Hence, Defendants' document requests are also needlessly cumulative and unnecessary.[5]

### III. CONCLUSION

For the foregoing reasons, the United States respectfully submits that Defendants' Motion to Compel, ECF No. 441, should be DENIED, and requests that the United States' cross-motion for a protective order, set forth above, be GRANTED. Pursuant to Local Rule 7.4, a proposed order is attached hereto.

Date: August 4, 2014

Respectfully submitted,

KENNETH MAGIDSON
United States Attorney
Southern District of Texas

JOCELYN SAMUELS
Acting Assistant Attorney General
Civil Rights Division

*s/ Bradley E. Heard*
T. CHRISTIAN HERREN, JR.
RICHARD A. DELLHEIM
MEREDITH BELL-PLATTS
ELIZABETH S. WESTFALL
BRUCE I. GEAR
BRADLEY E. HEARD
JENNIFER L. MARANZANO
ANNA M. BALDWIN
DANIEL J. FREEMAN
Attorneys, Voting Section

---

[5] For additional points and authorities in support of the United States' objections to the Defendants' document requests at issue, the United States' opposition to the Defendants' motion to compel, and the United States' cross-motion for a protective order, the United States incorporates the arguments and citations referenced with respect to its opposition to Defendants' 30(b)(6) deposition topics 7-8 and 10-30. *See* U.S. Mot. for Prot. Order at 7-13 (ECF No. 276).

Civil Rights Division
U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
Telephone: (202) 305-4196
Fax: (202) 307-3961
E-mail: Bradley.Heard@usdoj.gov

## CERTIFICATE OF SERVICE

This certifies that I have this day filed the within and foregoing **United States' Opposition to Defendants' Motion to Compel Documents Related to Election Crimes and Voter Fraud, and Cross-Motion for a Protective Order** electronically using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record through the Court's electronic filing system.

This 4th day of August, 2014.

*s/ Bradley E. Heard*
BRADLEY E. HEARD
Attorney, Voting Section
Civil Rights Division
U.S. Department of Justice
bradley.heard@usdoj.gov