**U.S. Department of Justice**

Civil Rights Division

*Voting Section - NWB*
*950 Pennsylvania Ave, NW*
*Washington, DC 20530*

August 1, 2014

**VIA ELECTRONIC MAIL**

John B. Scott, Esq.
Deputy Attorney General for Civil Litigation
Office of the Attorney General of Texas
209 West 14th Street
P.O. Box 12548
Austin, TX 78711-2548

Re:  *Veasey v. Perry*, No. 2:13-CV-193-NGR (S.D. Tex.)

Dear Mr. Scott:

     We write to follow up regarding (1) the Defendants' Rule 30(b)(6) notice of deposition of the United States, and (2) Defendants' motion to compel documents relating to election crimes and voter fraud, ECF No. 441.

### 30(b)(6) Deposition

     With regard to the 30(b)(6) deposition, we propose to make appropriate designees for the Department of Justice available at our offices, 1800 G Street, NW, 7th Floor Conference Room, Washington, DC 20006. We will confirm convenient dates for those depositions shortly. If you prefer to take the deposition by telephone, as you did with several of the federal agency depositions last month, or by videoconference, we are amenable to that.

     In accordance with the Court's July 24 Order, ECF No. 438, we believe that the scope of this deposition is limited to: (1) "factual and ministerial matters of how the records are maintained and searched for inclusion in and compilation of" the Criminal Division's Public Integrity Section reports submitted to Congress pursuant to the Ethics in Government Act of 1978 since 2004, and any reports relating to the Ballot Access and Voting Integrity Initiative;[1] (2) "how the summary information contained [in those reports] is generated"; and (3) "factual and ministerial matters of how the records are maintained and searched for inclusion in and compilation of reports" made by the Department concerning prosecutions of election crimes and voter fraud in the United States from 2004 through the present.

---

[1] Please be advised that there are no reports of which we are aware that pertain to the Ballot Access and Voting Integrity Initiative, and none have been produced in this litigation. The BAVI materials previously produced to you constitute internal training materials, which are beyond the scope of the Court's July 24 Order.

## **Motion to Compel**

Defendants' motion to compel documents related to election crimes and voter fraud is premised upon Request No. 10 in Defendants' Second Request for Production of Documents and Request Nos. 5, 6, 10, and 11 in Defendants' Fourth Request for Production of Documents.

With respect to Requests 10 and 11 in the Fourth Request, we have searched for and produced all nonprivileged responsive documents relating to voter fraud generally in the State of Texas, and to in-person voter impersonation nationwide, as determined by our electronic searches of the vot1973c@usdoj.gov and the voting.section@usdoj.gov email boxes and from a variety of other Civil Rights Division email addresses. *See* ECF No. 390 at 6 n.3. In many ways, this search was broader than what was requested in Requests 10 and 11. We did not produce to you all documents from vot1973c@usdoj.gov that would have referenced the word "fraud" in proximity to voting because that search would have yielded an unreasonably high volume of irrelevant results (e.g., form letter comments from citizens supporting or opposing various voter ID bills submitted for preclearance). We therefore stand by our objections relating to undue burden and expense as they relate to those additional documents. Additionally, we do not read Defendants' motion to compel to request correspondence from the vot1973c@usdoj.gov email box that is unrelated to voter fraud. To the extent it does, we would maintain our objections relating to vagueness and overbreadth.

With respect to the remaining requests (No. 10 in the Second Request and Nos. 5-6 in the Fourth Request), the United States stands by its objections that the requests are vague and overly broad as drafted, and that conducting a nationwide search of every U.S. Attorney's Office and FBI office around the country, or even a Department-wide search, of all paper and electronic records that may possibly mention potential voter fraud or election crimes would be unduly burdensome and frankly impossible as a practical matter. The United States further stands by its objections that such requests call for the production of privileged matters. We note that the Court has already sustained the United States' objections and entered a protective order in these regards as they relate to the 30(b)(6) deposition topics. *See* Order of July 24. Given that order, we see no basis for the Defendants' motion to compel a similar scope of highly privileged documents.

However, in a good-faith effort to resolve the Motion to Compel, we have consulted with officials in two components of the Department of Justice that maintain records regarding prosecutions involving election crimes such as election fraud: the Public Integrity Section of the Criminal Division of the Department of Justice and the Executive Office of United States Attorneys. Both of those components maintain electronic databases that track prosecutions initiated involving their respective jurisdiction (e.g., the Criminal Division and the U.S. Attorney's Offices). The United States is willing to search those databases and produce to Defendants a report of the election fraud-related prosecutions initiated by the Department between 2004 and the present. To the extent such information is contained in those databases, the report will likely provide: the case name, docket number, judicial district, and, if available, the election crime(s) or statute(s) charged in the indictment or information.

This report should present Defendants with the fairest possible picture of "whether or not the Department of Justice investigates, alleges, and prosecutes voter fraud" and should "help

provide an overall picture of the amount and type of election crimes occurring within Texas and the United States." *Cf.* Defs.' Mot. to Compel at 9.

      We trust, therefore, that the above proposal will suffice to resolve Defendants' motion, such that it can be withdrawn. Pursuant to the Court's directive Wednesday, we would like to meet and confer about this before the close of business today. Please let us know a convenient time for us to talk.

      We look forward to hearing from you.

      Sincerely,

      */s/ **Bradley E. Heard***

      Bradley E. Heard
      Attorney, Voting Section
      (202) 305-4196
      bradley.heard@usdoj.gov

cc:    All Counsel of Record