IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 2:13-cv-193 (NGR) |
| RICK PERRY, *et al.*, | |
| Defendants. | |
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, *et al.*, | |
| Plaintiff-Intervenors, | |
| TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, *et al.*, | Civil Action No. 2:13-cv-263 (NGR) |
| Plaintiff-Intervenors, | |
| v. | |
| STATE OF TEXAS, *et al.*, | |
| Defendants. | |

<table>
<tr><td>

TEXAS STATE CONFERENCE OF NAACP BRANCHES, *et al.*,

            Plaintiffs,

    v.

NANDITA BERRY, *et al.*,

            Defendants.

</td><td>

Civil Action No. 2:13-cv-291 (NGR)

</td></tr>
<tr><td>

BELINDA ORTIZ, *et al.*,

            Plaintiffs,

    v.

STATE OF TEXAS, *et al.*,

            Defendants

</td><td>

Civil Action No. 2:13-cv-348 (NGR)

</td></tr>
</table>

## PLAINTIFF UNITED STATES' OBJECTIONS AND ANSWERS TO DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION

Pursuant to Federal Rule of Civil Procedure 26 and 36, Plaintiff United States responds to Defendants' First Set of Requests for Admission as follows:

## GENERAL OBJECTIONS

1.    The United States objects to the Requests for Admission, including the definitions, to the extent they purport to impose upon the United States any obligations different from, or greater than, those established or required by the Federal Rules of Civil Procedure and to the extent that they call for disclosure of information beyond the scope of what is required to be disclosed under Rule 26(b) and 36(a)(1).

2.      The United States objects to the overbreadth of the definition of "you" and "your," to the extent that the definition includes the United States Citizenship and Immigration Services; the Department of State; the Social Security Administration; the Department of Veterans Affairs; and the United States Congress.  The United States further objects to the extent that the requests applied to "you" or "your" seek discovery that is not reasonably calculated to lead to the discovery of admissible evidence.  The United States also objects based on the reasoning set forth in its motion seeking a protective order, and reply in support thereof, concerning a similar definition of "you" and "your" in Defendants' First Set of Request for Production of Documents (ECF Nos. 180, 204).  The United States further objects insofar as Defendants previously agreed to exclude members of the United States Congress from the definition of "you" in Defendants' First Set of Request for Production.  *See* Trans. at 65:14-66:10, 4/1/2014.

3.      The United States objects to the overbreadth of the definition of the term "Department of Justice" to the extent that the definition includes the Federal Bureau of Investigation, the Criminal Division's Public Integrity Section, and the United States Attorneys' Offices.  The United States also objects based on the reasoning set forth in its motion seeking a protective order, and reply in support thereof, concerning a similar definition of "you" and "your" in the Defendants' First Set of Request for Production of Documents (ECF Nos. 180, 204).  The United States further objects insofar as Defendants previously agreed to exclude the Federal Bureau of Investigation, the Criminal Division's Public Integrity Section, and the United States Attorneys' Offices from the definition of "you" in Defendants' First Set of Request for Production.  *See* Letter from D. Whitley to E. Westfall (Mar. 11, 2014); Letter from A. Shapiro to D. Whitley (Mar. 13, 2014).

4.      The United States objects to the overbreadth of the definition of the term "voter fraud" to the extent that the definition includes numerous offenses unrelated to in-person voter impersonation, the sole election crime that SB 14 could prevent.

5.      By answering these Requests for Admission, the United States does not concede the relevance or materiality of the information requested or of the subject matter to which the Requests for Admission refer.  Rather, the responses are made expressly subject to, and without in any way waiving or intending to waive, any objection as to the competency, relevancy, privilege, or admissibility as evidence of any of the matters referenced in the responses.

6.      These general objections apply to each individual Request for Admission unless specifically stated otherwise.  Reiteration of any general objection in response to a Request for Admission shall not be construed to limit the applicability of any other general objection.  Moreover, any attempt to answer or respond to a Request for Admission to which a general objection is made does not waive the objection.

## SPECIFIC OBJECTIONS AND RESPONSES

In addition to the foregoing general objections, the United States asserts the following specific objections and answer to each Request for Admission:

## REQUEST FOR ADMISSION NO. 1

Admit or deny that having a Hispanic surname means that an individual is either of Latino or Hispanic ethnicity.

**ANSWER**:

The United States objects to this request because it contains language that is overly broad, vague and ambiguous, rendering it difficult to fairly admit or deny.  *See, e.g., Dubin v.*

*E.F. Hutton Group, Inc*., 125 F.R.D. 372, 375 (S.D.N.Y. 1989) (sustaining objection on this basis).  The term "Hispanic surname" is not defined and is subject to multiple interpretations.

Subject to and without waiving these objections, the United States provides the following answer:  Admit to the extent that having a surname that has been identified by the United States Census Bureau as a Hispanic surname can be an accurate indicator that an individual is of Latino or Hispanic ethnicity.  A correct application of Spanish-surname analysis to determine the number of persons of Spanish origin or descent will address the effect of any error of commission or of omission.  Population Division Working Paper Number 4, U.S. Bureau of the Census (1993).  The United States further avers that Spanish surname analysis is a methodology employed by the State of Texas itself to indicate whether an individual is of Latino or Hispanic ethnicity.

## REQUEST FOR ADMISSION NO. 2

Admit or deny that the Department of Justice has not identified any qualified voter in Texas for whom it would be impossible to obtain the photo identification required by SB 14 to vote in a Texas Election.

**ANSWER**:

The United States objects to this request because it contains language that is overly broad, vague and ambiguous, rendering it difficult to fairly admit or deny.  *See, e.g., Dubin v. E.F. Hutton Group, Inc*., 125 F.R.D. 372, 375 (S.D.N.Y. 1989) (sustaining objection on this basis).  The terms "impossible" and "identified" are not defined and are subject to multiple interpretations.  The United States further objects to this request because it calls for a legal conclusion as to what is "impossible."  Federal Rule of Civil Procedure 36 prohibits requests for admission that require a party to admit the truth of a legal conclusion.  *See*

*Derivative & ERISA Litig.*, 762 F. Supp. 2d 942, 959 (S.D. Tex. 2010) ("Rule 36 cannot be used to compel an admission of a conclusion of law.")  The United States further objects insofar as this request incorrectly implies that proof of a violation under Section 2 of the Voting Rights Act requires that the United States identify a voter for whom it is "impossible" to obtain the photo identification required by SB 14.  It does not.  *Operation Push*, *Mississippi State Chapter, Operation PUSH v. Mabus*, 932 F.2d 400, 409 (5th Cir. 1991); *see also Salas v. Sw. Tex. Junior College Dist.*, 964 F.2d 1542, 1555-56 (5th Cir. 1992).

Subject to and without waiving these objections, the United States provides the following answer: The United States denies this request to the extent that it calls for a legal conclusion and is thus not proper under Fed. R. Civ. P. 36(a)(1).  The United States further responds that insofar as the request's use of the words "impossible" and "identified" is vague and ambiguous, the United States lacks knowledge or information sufficient to admit or deny and therefore denies.

## REQUEST FOR ADMISSION NO. 3

Admit or deny that the Texas Election Code permits qualified voters to vote early by mail if they are over 65, disabled, confined in jail, or expect to be absent from their country of residence on election day.  *See* TEX. ELEC. CODE §§ 82.001-004.

**ANSWER**:

The United States objects to this request on the ground that it calls for a legal conclusion and is thus not proper under Fed. R. Civ. P. 36(a)(1)(A).  *See Enron Corp. Sec., Derivative & ERISA Litig.*, 762 F. Supp. 2d 942, 959 (S.D. Tex. 2010) ("Rule 36 cannot be used to compel an admission of a conclusion of law").  The United States further objects insofar as this request incorrectly implies that the availability, for certain voters, of early voting by mail under the Texas Election Code is relevant to the United States' claim.

6

Subject to and without waiving that objection, the United States provides the following answer:  Denied.  The request does not fully or accurately describe the circumstances under which a voter may vote early by mail.  *See* TEX. ELEC. CODE § 82.002 (circumstances under which one may qualify for early voting by mail due to "a sickness or physical condition that prevents the voter from appearing at the polling place on election day without a likelihood of needing personal assistance or of injuring the voter's health" or "expected or likely confinement for childbirth on election day").  By way of further response, the United States avers that the Texas Election Code is a writing that speaks for itself.

**REQUEST FOR ADMISSION NO. 4**

Admit or deny that the State of Georgia has a Voter ID law that was pre-cleared by the Department of Justice.

**ANSWER**:

The United States objects to this request because it contains language that is vague and ambiguous, rendering it difficult to fairly admit or deny.  *See, e.g., Dubin v. E.F. Hutton Group, Inc.*, 125 F.R.D. 372, 375 (S.D.N.Y. 1989) (sustaining objection on this basis).   The term "Georgia . . . Voter ID law" is not defined.  The United States further objects to this request on the ground that it seeks an admission that is not likely to lead to the discovery of admissible evidence.  *See* Fed. R. Civ. P. 26(b), 36(a)(1).  The United States also objects insofar as this request incorrectly implies that the legal standards under Section 5 of the Voting Rights Act and Section 2 of the Voting Rights Act are the same.  The United States also objects to the extent that this request incorrectly implies that any voter identification requirement in Georgia is the same as or similar to the Texas statute at issue, SB 14, or that the two statutes impose the same or similar burdens.

Subject to and without waiving these objections, the United States provides the following answer: Admit that the Attorney General did not interpose an objection under Section 5 of the Voting Rights Act to Georgia Act No. 53 (H.B. 244) (2005) or Georgia Act No. 432 (S.B. 84) (2006).

**REQUEST FOR ADMISSION NO. 5**

Admit or deny that voter turnout in the State of Georgia for the Hispanic citizens voting age population has increased since the implementation of the State of Georgia's Voter ID law.

**ANSWER**:

The United States objects to this request because it contains language that is vague and ambiguous, rendering it difficult to fairly admit or deny. *See, e.g., Dubin v. E.F. Hutton Group, Inc*., 125 F.R.D. 372, 375 (S.D.N.Y. 1989) (sustaining objection on this basis). The terms "Georgia's Voter ID law" and "voter turnout" are not defined and are subject to multiple interpretations. Moreover, the request regarding "voter turnout" is not directed to any particular election contest or year. The United States further objects to this request on the ground that it seeks an admission that is not likely to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b), 36(a)(1). The United States also objects to this request on grounds that it seeks an admission based on information not readily available to the United States and is unduly burdensome. The United States also objects to this request insofar as it incorrectly implies that any voter identification requirement in Georgia is the same as or similar to the Texas statute at issue, SB 14, or that the two statutes impose the same or similar burdens.

Subject to and without waiving these objections the United States provides the following answer: The United States lacks knowledge or information sufficient to admit or deny and therefore denies.

**REQUEST FOR ADMISSION NO. 6**

Admit or deny that voter turnout in the State of Georgia for the African-American citizens voting age population has increased since the implementation of the State of Georgia's Voter ID law.

**ANSWER**:

The United States objects to this request because it contains language that is vague and ambiguous, rendering it difficult to fairly admit or deny.  *See, e.g., Dubin v. E.F. Hutton Group, Inc.*, 125 F.R.D. 372, 375 (S.D.N.Y. 1989) (sustaining objection on this basis).   The terms "Georgia's Voter ID law" and "voter turnout" are not defined and are subject to multiple interpretations.  Moreover, the request regarding "voter turnout" is not directed to any particular election contest or year.  The United States further objects to this request on the ground that it seeks an admission that is not likely to lead to the discovery of admissible evidence.  *See* Fed. R. Civ. P. 26(b), 36(a)(1).  The United States also objects to this request on grounds that it seeks an admission based on information not readily available to the United States and is unduly burdensome.  The United States also objects insofar as this request incorrectly implies that the "Georgia's Voter ID law" and SB 14 are the same.

Subject to and without waiving these objections, the United States provides the following answer: The United States lacks knowledge or information sufficient to admit or deny and therefore denies.

**REQUEST FOR ADMISSION NO. 7**

Admit or deny that the United States Supreme Court upheld the State of Indiana's Voter ID against constitutional challenge.  *See Crawford v. Marion County Election Bd.*, 553 U.S. 181, (2008).

**ANSWER:**

The United States objects to this request because it contains language that is vague and ambiguous, rendering it difficult to fairly admit or deny.  *See, e.g., Dubin v. E.F. Hutton Group, Inc.*, 125 F.R.D. 372, 375 (S.D.N.Y. 1989) (sustaining objection on this basis).  The term "Indiana's Voter ID" is not defined and is subject to multiple interpretations.  The United States further objects to this request insofar as it seeks an admission that is not relevant to the United States' claim under Section 2 of the Voting Rights Act.  *See* Fed. R. Civ. P. 26(b), 36(a)(1).  The United States further objects to this request because it is misleading, insofar as it incorrectly implies that the legal standards employed in *Crawford v. Marion County Election Board*, 553 U.S. 181, 195 (2008), and those to be applied in this lawsuit under Section 2 of the Voting Rights Act are the same.  The United States also objects to Request No. 7 insofar as it seeks admission of an abstract concept and not concrete facts adduced in this case.  The United States further objects to this request insofar as it incorrectly implies that the intent behind the passage of "Indiana's Voter ID law," and the effects of that law, mirror those of SB 14.  Finally, the United States objects to this request on the ground that it calls for a legal conclusion and is thus not proper under Fed. R. Civ. P. 36(a)(1)(A).  *See Enron Corp. Sec., Derivative & ERISA Litig.*, 762 F. Supp. 2d 942, 959 (S.D. Tex. 2010) ("Rule 36 cannot be used to compel an admission of a conclusion of law").

Subject to and without waiving these objections, the United States provides the following answer: Admit that in *Crawford v. Marion County Election Bd.*, 553 U.S. 181 (2008), and based on the record before it, the Supreme Court denied a facial challenge to the constitutionality of an Indiana statute requiring citizens voting in person on election day to present certain forms of photographic identification, with certain exceptions.  By way of further response, the United

States avers that the Supreme Court's decision in *Crawford v. Marion County Election Bd.*, 553 U.S. 181 (2008), is a writing that speaks for itself.

**REQUEST FOR ADMISSION NO. 8**

Admit or deny that voter turnout in the State of Indiana for the Hispanic citizens voting age population has increased since the implementation of the State of Indiana's Voter ID law.

**ANSWER**:

The United States objects to this request because it contains language that is vague and ambiguous, rendering it difficult to fairly admit or deny. *See, e.g., Dubin v. E.F. Hutton Group, Inc.*, 125 F.R.D. 372, 375 (S.D.N.Y. 1989) (sustaining objection on this basis). The terms "Indiana's Voter ID law" and "voter turnout" are not defined and are subject to multiple interpretations. The United States further objects to this request on the ground that it seeks an admission that is not likely to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b), 36(a)(1). The United States also objects to this request on grounds that it seeks an admission based on information not readily available to the United States and is unduly burdensome. The United States further objects to this request insofar as it incorrectly implies that the requirements of "Indiana's Voter ID law" and those of SB 14 are the same. The United States further objects to this request insofar as it incorrectly implies that the intent behind the passage of "Indiana's Voter ID law," and the effects of that law, mirror those of SB 14.

Subject to and without waiving these objections, the United States provides the following answer: The United States lacks knowledge or information sufficient to admit or deny and therefore denies.

**REQUEST FOR ADMISSION NO. 9**

Admit or deny that voter turnout in the State of Indiana has increased for the African-American citizens voting age population since the implementation of the State of Indiana's Voter ID law.

**ANSWER**:

The United States objects on grounds that the terms "Indiana's Voter ID law" and "voter turnout" are not defined and are subject to multiple interpretations.  The United States further objects to this request on the ground that it seeks an admission that is not likely to lead to the discovery of admissible evidence.  *See* Fed. R. Civ. P. 26(b), 36(a)(1).  The United States also objects to this request on grounds that it seeks an admission based on information not readily available to the United States and is unduly burdensome.  The United States further objects to this request insofar as it incorrectly implies that the requirements of "Indiana's Voter ID law" and those of SB 14 are the same.  The United States further objects to this request insofar as it incorrectly implies that the intent behind the passage of "Indiana's Voter ID law," and the effects of that law, mirror those of SB 14.

Subject to and without waiving these objections, the United States provides the following answer: The United States lacks knowledge or information sufficient to admit or deny and therefore denies.

**REQUEST FOR ADMISSION NO. 10**

Admit or deny that the Department of Justice has investigated and substantiated allegations of voter fraud.  "Voter fraud" in this request includes, but is not limited to in-person voter impersonation or attempted in-person voter impersonation.

**ANSWER**:

12

The United States objects to this request on grounds that it is overly broad and has no temporal or geographic limitation.  The United States further object to this request insofar as it seeks an admission that is not likely to lead to admissible evidence.  *See* Fed. R. Civ. P. 26(b), 36(a)(1).  The United States further objects to this request because it contains language that is vague and ambiguous, rendering it difficult to fairly admit or deny.  *See, e.g., Dubin v. E.F. Hutton Group, Inc.*, 125 F.R.D. 372, 375 (S.D.N.Y. 1989) (sustaining objection on this basis). The conjunctive phrase "investigated and substantiated" is not defined and is subject to multiple interpretations.  Therefore, the request cannot be answered because the meaning of the request is uncertain.

Subject to and without waiving these objections, the United States provides the following answer: Insofar as the request's use of the conjunctive phrase "investigated and substantiated" is vague and ambiguous, the United States lacks knowledge or information sufficient to admit or deny and therefore denies.  To the extent that the conjunctive phrase "investigated and substantiated" means that the United States Department of Justice has at some point prosecuted certain persons for committing some kinds of voter fraud offenses prohibited by federal criminal law, it is admitted.

## REQUEST FOR ADMISSION NO. 11

Admit or deny that a majority of Texas registered voters are in favor of SB 14.

**ANSWER:**

The United States objects to this request on the ground that it seeks an admission that is not likely to lead to the discovery of admissible evidence insofar as public support for SB 14 is not relevant to whether SB 14 has the purpose or the result of denying or abridging the right to vote on account of race, color, or membership in a language minority group.  *See* Fed. R. Civ. P.

26(b), 36(a)(1).  The United States further objects on grounds that the request contains language that is vague and ambiguous, rendering it difficult to fairly admit or deny.

Subject to and without waiving these objections, the United States provides the following answer: The United States lacks knowledge or information sufficient to admit or deny and therefore denies.

## REQUEST FOR ADMISSION NO. 12

Admit or deny that the Department of Justice's Expert, Stephen Ansolabehere in the *Texas v. Holder* Case 1:12-cv-00128-RMC-DST-RLW, attempted to determine whether Texas voters possessed a passport card, in his statistical analysis.

**ANSWER**:

The United States objects to this request on grounds that the phrase "attempted to determine" is not defined and is subject to multiple interpretations.  The United States also objects to this request on the ground that it seeks an admission that is not likely to lead to the discovery of admissible evidence.  *See* Fed. R. Civ. P. 26(b), 36(a)(1). The United States further objects to this request insofar as it incorrectly implies that the legal standard employed in *Texas v. Holder* and the legal standard to be applied in this case are the same.

Subject to and without waiving these objections, the United States provides the following answer: Deny that Dr. Stephen Ansolabehere conducted any analysis of whether Texas voters possessed a passport card in his statistical analysis in *Texas v. Holder*, 1:12-cv-00128-RMC-DST-RLW.  By way of further response, the United States avers that the three-judge court in that case found that the State of Texas was "dilatory" in its discovery request seeking data regarding the three types of federal ID permitted by SB 14: U.S. passports, military ID cards, and

citizenship certificates.  *See Texas v. Holder,* 888 F. Supp.2d 113, 120 (D.D.C. 2012), *vacated,* 133 S. Ct. 2886 (2013).

## REQUEST FOR ADMISSION NO. 13

Admit or deny that the Department of Justice's Expert, Stephen Ansolabehere in the *Texas v. Holder* Case 1:12-cv-00128-RMC-DST-RLW, attempted to determine whether Texas voters possessed a passport book, in his statistical analysis.

**ANSWER:**

The United States objects to this request on grounds that the phrase "attempted to determine" is not defined and is subject to multiple interpretations.  The United States also objects to this request on the ground that it seeks an admission that is not likely to lead to the discovery of admissible evidence.  *See* Fed. R. Civ. P. 26(b), 36(a)(1). The United States further objects to this request insofar as it incorrectly implies that the legal standard employed in *Texas v. Holder* and the legal standard to be applied here are the same.

Subject to and without waiving these objections, the United States provides the following answer: Deny that Dr. Stephen Ansolabehere conducted any analysis of whether Texas voters possessed a passport book in his statistical analysis in *Texas v. Holder*, 1:12-cv-00128-DST-RLW.  By way of further response, the United States avers that the three-judge court in that case found that the State of Texas was "dilatory" in its discovery request seeking data regarding the three types of federal ID permitted by SB 14: U.S. passports, military ID cards, and citizenship certificates.  *See Texas v. Holder,* 888 F. Supp.2d 113, 120 (D.D.C. 2012), *vacated,* 133 S. Ct. 2886 (2013).

## REQUEST FOR ADMISSION NO. 14

Admit or deny that the Department of Justice's Expert, Stephen Ansolabehere in the *Texas v. Holder* Case 1:12-cv-00128-RMC-DST-RLW, attempted to determine whether Texas voters possessed a United States military identification card, in his statistical analysis.

**ANSWER**:

The United States objects to this request on grounds that the phrase "attempted to determine" is not defined and is subject to multiple interpretations.  The United States also objects to this request on the ground that it seeks an admission that is not likely to lead to the discovery of admissible evidence.  *See* Fed. R. Civ. P. 26(b), 36(a)(1). The United States further objects to this request insofar as it incorrectly implies that the legal standard employed in *Texas v. Holder* and the legal standard to be applied here are the same.

Subject to and without waiving these objections, the United States provides the following answer: Deny that Dr. Stephen Ansolabehere conducted any analysis of whether Texas voters possessed a United States military identification card in his statistical analysis in *Texas v. Holder*, 1:12-cv-00128-RMC-DST-RLW.  By way of further response, the United States avers that the three-judge court in that case found that the State of Texas was "dilatory" in its discovery request seeking data regarding the three types of federal ID permitted by SB 14: U.S. passports, military ID cards, and citizenship certificates.  *See Texas v. Holder,* 888 F. Supp.2d 113, 120 (D.D.C. 2012), *vacated*, 133 S. Ct. 2886 (2013).

**REQUEST FOR ADMISSION NO. 15**

Admit or deny that the Department of Justice's Expert, Stephen Ansolabehere in the *Texas v. Holder* Case 1:12-cv-00128-RMC-DST-RLW, attempted to determine whether Texas voters possessed an United States Citizenship Certificate with a photograph, in his statistical analysis.

**ANSWER**:

The United States objects to this request on grounds that the phrase "attempted to determine" is not defined and is subject to multiple interpretations.  The United States also objects to this request on the ground that it seeks an admission that is not likely to lead to the discovery of admissible evidence.  *See* Fed. R. Civ. P. 26(b), 36(a)(1). The United States further objects to this request insofar as it incorrectly implies that the legal standard employed in *Texas v. Holder* and the legal standard to be applied here are the same.

Subject to and without waiving these objections, the United States provides the following answer: Deny that Dr. Stephen Ansolabehere conducted any analysis of whether Texas voters possessed a United States Citizenship Certificate in his statistical analysis in *Texas v. Holder*, 1:12-cv-00128-RMC-DST-RLW.  By way of further response, the United States avers that the three-judge court in that case found that the State of Texas was "dilatory" in its discovery request seeking data regarding the three types of federal ID permitted by SB 14: U.S. passports, military ID cards, and citizenship certificates.  *See Texas v. Holder,* 888 F. Supp.2d 113, 120 (D.D.C. 2012), *vacated*, 133 S. Ct. 2886 (2013).

**REQUEST FOR ADMISSION NO. 16**

Admit or deny that the Department of Justice's Expert, Stephen Ansolabehere in the *Texas v. Holder*, Case 1:12-cv-00128-RMC-DST-RLW, attempted to determine whether Texas voters possessed an United States Certificate of Naturalization with a photograph, in his statistical analysis.

**ANSWER**:

The United States objects to this request on grounds that the phrase "attempted to determine" is not defined and is subject to multiple interpretations.  The United States also

objects to this request on the ground that it seeks an admission that is not likely to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b), 36(a)(1). The United States further objects to this request insofar as it incorrectly implies that the legal standard employed in *Texas v. Holder* and the legal standard to be applied here are the same.

Subject to and without waiving these objections, the United States provides the following answer: Deny that Dr. Stephen Ansolabehere conducted any analysis of whether Texas voters possessed a United States Certificate of Naturalization in his statistical analysis in *Texas v. Holder*, 1:12-cv-00128-RMC-DST-RLW.  By way of further response, the three-judge court in that case found that the State of Texas was "dilatory" in its discovery request seeking data regarding the three types of federal ID permitted by SB 14: U.S. passports, military ID cards, and citizenship certificates. *See Texas v. Holder,* 888 F. Supp.2d 113, 120 (D.D.C. 2012), *vacated*, 133 S. Ct. 2886 (2013).

## REQUEST FOR ADMISSION NO. 17

Admit or deny that Hispanic registered voters possess passports at higher rates than Anglo registered voters.

**ANSWER**:

The United States objects to this request as overly broad to the extent it is not limited in time or to Texas registered voters and therefore seeks information not likely to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b), 36(a)(1).  The United States further objects to this request because it contains language that is vague and ambiguous, rendering it difficult to fairly admit or deny. *See, e.g., Dubin v. E.F. Hutton Group, Inc.*, 125 F.R.D. 372, 375 (S.D.N.Y. 1989) (sustaining objection on this basis).   The request's use of the terms "Hispanic registered voters," "possess," and "Anglo registered voters" are not defined and are

subject to multiple interpretations.  The United States also objects because the request lacks any geographic limitations and is not expressly limited to voters in Texas.

Subject to and without waiving these objections, the United States provides the following answer: The United States lacks knowledge or information sufficient to admit or deny and therefore denies.

## REQUEST FOR ADMISSION NO. 18

Admit or deny that Hispanic registered voters possess United States citizenship certificates at higher rates than Anglo registered voters.

**ANSWER**:

The United States objects to this request as overly broad to the extent it is not limited in time or to Texas registered voters and therefore seeks information not likely to lead to the discovery of admissible evidence.  *See* Fed. R. Civ. P. 26(b), 36(a)(1).  The United States further objects to this request because it contains language that is vague and ambiguous, rendering it difficult to fairly admit or deny.  *See, e.g., Dubin v. E.F. Hutton Group, Inc*., 125 F.R.D. 372, 375 (S.D.N.Y. 1989) (sustaining objection on this basis).   The request's use of the terms "Hispanic registered voters," "possess," and "Anglo registered voters" are not defined and are subject to multiple interpretations.  The United States also objects because the request lacks any geographic limitations and is not expressly limited to voters in Texas.

Subject to and without waiving these objections, the United States provides the following answer: The United States lacks knowledge or information sufficient to admit or deny and therefore denies.

## REQUEST FOR ADMISSION NO. 19

Admit or deny that African-American registered voters are more likely to qualify for SB 14's disability exemption than Anglo voters.

**ANSWER**:

The United States objects to this request because it contains language that is vague and ambiguous, rendering it difficult to fairly admit or deny.  *See, e.g., Dubin v. E.F. Hutton Group, Inc.*, 125 F.R.D. 372, 375 (S.D.N.Y. 1989) (sustaining objection on this basis).  The request's use of the terms "qualify" and "Anglo voters" is not defined and is subject to multiple interpretations.  The United States also objects because the request lacks any geographic limitations and is not expressly limited to voters in Texas.

Subject to and without waiving these objections, the United States provides the following answer: The United States lacks knowledge or information sufficient to admit or deny and therefore denies.

### REQUEST FOR ADMISSION NO. 20

Admit or deny that the United States Supreme Court has held that States are not required to present evidence that in-person voter impersonation has occurred at the polls to justify a photo-identification requirement.  *See Crawford v. Marion County Election Bd.*, 553 U.S. 181, 194-96 (2008).

**ANSWER**:

The United States objects to this request insofar as it seeks an admission that is not relevant to the United States' claim under Section 2 of the Voting Rights Act.  *See* Fed. R. Civ. P. 26(b), 36(a)(1).  The United States further objects insofar as this request incorrectly implies that the legal standards employed in *Crawford* and those to be applied in this case are the same and insofar as it incorrectly implies that the Indiana photo identification law at issue in *Crawford*

20

and SB 14 are the same.  The United States further objects to this request on the ground that it calls for a legal conclusion and is thus not proper under Fed. R. Civ. P. 36(a)(1)(A).  *See Enron Corp. Sec., Derivative & ERISA Litig.*, 762 F. Supp. 2d 942, 959 (S.D. Tex. 2010) ("Rule 36 cannot be used to compel an admission of a conclusion of law").

Subject to and without waiving these objections, the United States provides the following answer:  Denied.  By way of further response, the United States avers that the Supreme Court's decision in *Crawford v. Marion County Election Bd*., 553 U.S. 181 (2008), is a writing that speaks for itself.

**REQUEST FOR ADMISSION NO. 21**

Admit or deny that non-citizens are eligible to vote.

**ANSWER**:

The United States objects to this request as overly broad to the extent it is not limited in time or to Texas registered voters and therefore seeks information not likely to lead to the discovery of admissible evidence.  *See* Fed. R. Civ. P. 26(b), 36(a)(1).  The United States further objects to this request as excessively burdensome insofar it seeks information about voter qualifications nationwide for all states, counties, and local jurisdictions that is not readily available to United States.  The United States also objects to this request as it calls for a legal conclusion and is thus not proper under Fed. R. Civ. P. 36(a)(1).  *See Enron Corp. Sec., Derivative & ERISA Litig.*, 762 F. Supp. 2d 942, 959 (S.D. Tex. 2010) ("Rule 36 cannot be used to compel an admission of a conclusion of law").

Subject to and without waiving this objection, the United States provides the following answer: Admit in part, deny in part.  Admitted to the extent that non-citizens are not eligible to vote under the Texas election code.  By way of further response, the United States avers that

non-citizens are eligible to vote under state or local law in some jurisdictions for certain non-federal offices.

**REQUEST FOR ADMISSION NO. 22**

Admit or deny that non-citizens are registered to vote in the United States.

**ANSWER:**

The United States objects to this request because it contains language that is overly broad, vague, and ambiguous, rendering it difficult to fairly admit or deny. *See, e.g., Dubin v. E.F. Hutton Group, Inc*., 125 F.R.D. 372, 375 (S.D.N.Y. 1989) (sustaining objection on this basis). The request is not limited in time or to Texas registered voters and therefore seeks information not likely to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b), 36(a)(1). Nor does the request specify which elections it speaks to. As noted previously, the United States avers that non-citizens are eligible to vote in certain elections. The United States further objects to this request as irrelevant insofar as it seeks information concerning voter registration, which SB 14 does not purport to regulate. *Id.* The United States also objects to this request as excessively burdensome insofar it seeks information about voter qualifications and voter registration nationwide for all states, counties, and local jurisdictions. Finally, the United States objects to this request on the ground that it seeks an admission concerning facts in the possession of states, counties, and local jurisdictions that are not readily available to United States.

Subject to and without waiving these objections, the United States provides the following answer: The United States lacks knowledge or information sufficient to admit or deny and therefore denies.

**REQUEST FOR ADMISSION NO. 23**

Admit or deny that non-citizens are registered to vote in the State of Texas.

**ANSWER**:

The United States further objects to this request as irrelevant insofar as it seeks information concerning voter registration, which SB 14 does not purport to regulate.   *See* Fed. R. Civ. P. 26(b), 36(a)(1).  The United States further objects to this request on the ground that it seeks an admission concerning facts in the possession of state, county, and local  officials that are not readily available to United States.

Subject to and without waiving these objections, the United States provides the following answer: The United States lacks knowledge or information sufficient to admit or deny and therefore denies.

**REQUEST FOR ADMISSION NO. 24**

Admit or deny that the State of Texas does not require an individual to provide proof of citizenship for that individual to be able to register to vote.

**ANSWER**:

The United States objects to this request because it contains language that is vague and ambiguous, rendering it difficult to fairly admit or deny.  *See, e.g., Dubin v. E.F. Hutton Group, Inc*., 125 F.R.D. 372, 375 (S.D.N.Y. 1989) (sustaining objection on this basis).  The phrase "proof of citizenship" is not defined and is subject to multiple interpretations.  The United States further objects to this request as irrelevant insofar as it seeks information concerning requirements related to voter registration, which SB 14 does not purport to regulate.  *See* Fed. R. Civ. P. 26(b), 36(a)(1).

Subject to and without waiving these objections, the United States provides the following answer: Deny that the State of Texas does not require voter registration applicants to provide

proof of citizenship to be eligible for voter registration.  By way of further response, the United

States avers that an individual who seeks to register to vote in Texas must affirm under penalty

of perjury that he or she is a citizen of the United States.

**REQUEST FOR ADMISSION NO. 25**

Admit or deny that the REAL ID Act - Title II requires the state issuing a driver's license

or identification card to verify the lawful immigration status of the individual receiving the

driver's license or identification card.  *See* REAL ID Act § 202(c)(2)(B).

**ANSWER:**

The United States objects to this request on the ground that it calls for a legal conclusion

and is thus not proper under Fed. R. Civ. P. 36(a)(1)(A).  *See Enron Corp. Sec., Derivative &*

*ERISA Litig.*, 762 F. Supp. 2d 942, 959 (S.D. Tex. 2010) ("Rule 36 cannot be used to compel an

admission of a conclusion of law").  The United States further objects insofar as this request

implies that he REAL ID Act - Title II has any relevance to the United States' claim.

Subject to and without waiving these objections, the United States provides the following

answer: Denied.  The request does not fully or accurately describe REAL ID Act - Title II. *See*

REAL ID Act § 202(c)(2)(B).  By way of further response, the United States avers that the

document referenced in Request No. 25 is a writing that speaks for itself.

**REQUEST FOR ADMISSION NO. 26**

Admit or deny that voter fraud has occurred in the United States.

**ANSWER**:

The United States objects to this request as overly broad to the extent it is not limited in

time or geographically and is not limited to in-person voter impersonation, the only voter fraud

that SB 14 purports to address.  Therefore, the request improperly seeks information not likely to

lead to the discovery of admissible evidence.  *See* Fed. R. Civ. P. 26(b), 36(a)(1).  The United States further objects to this request on the ground that it seeks an admission concerning facts in the possession of states, counties, and local jurisdictions that are not readily available to the United States.  The United States further objects to this request because it contains language that is vague and ambiguous, rendering it difficult to fairly admit or deny.  *See, e.g., Dubin v. E.F. Hutton Group, Inc.*, 125 F.R.D. 372, 375 (S.D.N.Y. 1989) (sustaining objection on this basis).  It is unclear whether the request is asking whether anyone has ever been accused of committing voter fraud, whether anyone has ever been adjudicated to have committed voting fraud, or whether anyone has ever committed fraudulent acts related to voting without being accused, indicted, or convicted.

Subject to and without waiving these objections, the United States provides the following answer: Admit in part, deny in part.  To the extent that this request asserts that at some time, some form of voter fraud has occurred somewhere in the United States, the United States admits.  To the extent that this request asserts any additional facts, and given the request's lack of clarity and lack of specificity, the United States lacks knowledge or information sufficient to admit or deny and therefore denies.

**REQUEST FOR ADMISSION NO. 27**

Admit or deny that in-person voter fraud has occurred in the United States.

**ANSWER**:

The United States objects to this request as overly broad to the extent it is not limited in time or geographically and is not limited to in-person voter impersonation, the only voter fraud that SB 14 purports to address.  Therefore, the request improperly seeks information not likely to lead to the discovery of admissible evidence.  *See* Fed. R. Civ. P. 26(b), 36(a)(1).  The United

States further objects to this request on the ground that it seeks an admission concerning facts in the possession of states, counties, and local jurisdictions that are not readily available to the United States.  The United States further objects on the grounds that "in-person voter fraud" is not defined and is subject to multiple interpretations.  The United States further objects to this request because it contains language that is vague and ambiguous, rendering it difficult to fairly admit or deny.  *See, e.g., Dubin v. E.F. Hutton Group, Inc*., 125 F.R.D. 372, 375 (S.D.N.Y. 1989) (sustaining objection on this basis).  It is unclear whether the request is asking whether anyone in the United States has ever been accused of committing "in-person voter fraud," whether anyone in the United States has ever been adjudicated to have committed "in-person voter fraud," or whether anyone in the United States has committed fraudulent acts related to in-person voter impersonation without ever being accused, indicted, or convicted.

Subject to and without waiving these objections, the United States provides the following answer: Admit that trial testimony taken in *Texas v. Holder* concerned the possible existence of some form in-person voter fraud in Texas.  To the extent that this request asserts any additional facts, and given the request's lack of clarity and lack of specificity, the United States lacks knowledge or information sufficient to admit or deny and therefore denies.

## REQUEST FOR ADMISSION NO. 28

Admit or deny that voter fraud has occurred in the State of Texas.

**ANSWER**:

The United States objects to this request as overly broad to the extent it is not limited in time and is not limited to in-person voter impersonation, the only voter fraud that SB 14 may prevent.  Therefore, the request improperly seeks information not likely to lead to the discovery of admissible evidence.  *See* Fed. R. Civ. P. 26(b), 36(a)(1).  The United States further objects to

this request on the ground that it seeks an admission concerning facts in the possession of the State of Texas, counties, and local jurisdictions that are not readily available to the United States. The United States further objects to this request because it contains language that is vague and ambiguous, rendering it difficult to fairly admit or deny. *See, e.g., Dubin v. E.F. Hutton Group, Inc.*, 125 F.R.D. 372, 375 (S.D.N.Y. 1989) (sustaining objection on this basis).  It is unclear whether the request is asking whether anyone in Texas has ever been accused of committing some form of voter fraud, whether anyone in Texas has ever been adjudicated to have committed some form of voter fraud, or whether anyone in Texas has ever committed fraudulent acts related to voter without being accused, indicted, or convicted.

Subject to and without waiving these objections, the United States provides the following answer: Admit in part, deny in part.  To the extent that this request asserts that somewhere in Texas at some time, some form of voter fraud has occurred, the United States admits.  To the extent that this request asserts any additional facts, and given the request's lack of clarity and lack of specificity, the United States lacks knowledge or information sufficient to admit or deny and therefore denies.

## REQUEST FOR ADMISSION NO. 29

Admit or deny that in-person voter fraud has occurred in the State of Texas.

**ANSWER:**

The United States objects to this request as overly broad to the extent it is not limited in time or geographically and is not limited to in-person voter impersonation, the only voter fraud that SB 14 purports to address.  Therefore, the request improperly seeks information not likely to lead to the discovery of admissible evidence.  *See* Fed. R. Civ. P. 26(b), 36(a)(1).  The United States further objects to this request on the ground that it seeks an admission concerning facts in

27

the possession of states, counties, and local jurisdictions that are not readily available to the

United States.  The United States further objects on the grounds that "in-person voter fraud" is

not defined and is subject to multiple interpretations.  The United States further objects to this

request because it contains language that is vague and ambiguous, rendering it difficult to fairly

admit or deny.  *See, e.g., Dubin v. E.F. Hutton Group, Inc*., 125 F.R.D. 372, 375 (S.D.N.Y.

1989) (sustaining objection on this basis).  It is unclear whether the request is asking whether

anyone in the United States has ever been accused of committing "in-person voter fraud,"

whether anyone in the United States has ever been adjudicated to have committed "in-person

voter fraud," or whether anyone in the United States has committed fraudulent acts related to in-

person voter impersonation without ever being accused, indicted, or convicted.

Subject to and without waiving these objections, the United States provides the following

answer: Admit that trial testimony taken in *Texas v. Holder* concerned the possible existence of

some form in-person voter fraud in Texas.  To the extent that this request asserts any additional

facts, and given the request's lack of clarity and lack of specificity, the United States lacks

knowledge or information sufficient to admit or deny and therefore denies.

**REQUEST FOR ADMISSION NO. 30**

Admit or deny that in-person voter impersonation occurs in the United States.

**ANSWER**:

The United States objects to this request on the ground that "in-person voter

impersonation" and "occurs" are not defined and are subject to multiple interpretations,

including those relating to the time period during which something "occurs."  The United States

further objects to this request on the ground that it seeks an admission concerning facts in the

possession of states, counties, and local jurisdictions that are not readily available to the United

States.  The United States further objects to this request because it contains language that is vague and ambiguous, rendering it difficult to fairly admit or deny.  *See, e.g., Dubin v. E.F. Hutton Group, Inc.*, 125 F.R.D. 372, 375 (S.D.N.Y. 1989) (sustaining objection on this basis).  It is unclear whether the request is asking whether anyone in the United States is presently accused of committing some form of voter fraud, whether anyone in the United States has recently been adjudicated to have committed some form of voter fraud, or whether anyone in the United States is presently committing fraudulent acts related to voting without being accused, indicted, or convicted.

Subject to and without waiving these objections, the United States provides the following answer: The United States lacks knowledge or information sufficient to admit or deny and therefore denies.

**REQUEST FOR ADMISSION NO. 31**

Admit or deny that in-person voter impersonation occurs in the State of Texas.

**ANSWER**:

The United States objects to this request on the grounds that the terms "in-person voter impersonation" and "occurs" are not defined and are subject to multiple interpretations, including those relating to the time period during which something "occurs."  The United States further objects to this request on the ground that it seeks an admission concerning facts in the possession of the State of Texas, counties, and local jurisdictions that are not readily available to the United States.  The United States further objects to this request because it contains language that is vague and ambiguous, rendering it difficult to fairly admit or deny.  *See, e.g., Dubin v. E.F. Hutton Group, Inc.*, 125 F.R.D. 372, 375 (S.D.N.Y. 1989) (sustaining objection on this basis).  It is unclear whether the request is asking whether anyone in Texas is presently, or has

recently been, accused of committing some form of voter fraud, whether anyone in Texas is

presently being, or recently been, adjudicated to have committed some form of voter fraud, or

whether anyone in Texas is presently committing, or has recently committed, fraudulent acts

related to in-person voter impersonation without being accused, indicted, or convicted.

Subject to and without waiving these objections, the United States provides the following

answer: The United States lacks knowledge or information sufficient to admit or deny and

therefore denies.

**REQUEST FOR ADMISSION NO. 32**

Admit or deny that the Texas public legislative record as it pertains to SB 14 shows that

preserving public confidence in the electoral system was a purpose underlying the passages of

SB 14.

**ANSWER**:

The United States objects to this request because it contains language that is vague and

ambiguous, rendering it difficult to fairly admit or deny. *See, e.g., Dubin v. E.F. Hutton Group,

Inc*., 125 F.R.D. 372, 375 (S.D.N.Y. 1989) (sustaining objection on this basis). The phrases and

terms "public legislative record," "preserving public confidence," and "a purpose" are not

defined and are subject to multiple interpretations. The United States further objects to the

extent that the request is misleading insofar as it incorrectly implies that a stated purpose in the

public record reflects a legitimate, nondiscriminatory motive, rather than a pretextual purpose

that masks racially discriminatory intent. The United States further objects to the extent that this

request incorrectly implies that evidence of one nondiscriminatory purpose is a defense to a

claim of intentional discrimination under Section 2 of the Voting Rights Act. To the contrary,

"[r]acial discrimination need only be one purpose, and not even a primary purpose, of an official

act" for a violation to occur.  *United States v. Brown*, 561 F.3d 420, 433 (5th Cir. 2009) (citing

*Velasquez v. City of Abilene*, 725 F.2d 1017, 1022 (5th Cir. 1984)); *see also Reno v. Bossier*

*Parish Sch. Bd.*, 520 U.S. 471, 488 (1997) (adopting *Arlington Heights* framework for

determining discriminatory purpose under Section 5 of the Act).  Finally, the United States

objects to this request on the ground that it calls for a legal conclusion and is thus not proper

under Fed. R. Civ. P. 36(a)(1)(A).  *See Enron Corp. Sec., Derivative & ERISA Litig.*, 762 F.

Supp. 2d 942, 959 (S.D. Tex. 2010) ("Rule 36 cannot be used to compel an admission of a

conclusion of law").

Subject to and without waiving these objections, the United States provides the following

answer: The United States denies this request to the extent that it calls for a legal conclusion and

is thus not proper under Fed. R. Civ. P. 36(a)(1).  The United States further responds that, insofar

as the request's use of the word "purpose" is vague and ambiguous, the United States lacks

knowledge or information sufficient to admit or deny and therefore denies.  By way of further

response, the United States avers that public legislative records include written documents that

speak for themselves.

## REQUEST FOR ADMISSION NO. 33

Admit or deny that Texas public legislative record as it pertains to SB 14 contains no

evidence of racially discriminatory rhetoric.

**ANSWER**:

The United States objects to this request because it contains language that is vague and

ambiguous, rendering it difficult to fairly admit or deny.  *See, e.g., Dubin v. E.F. Hutton Group,*

*Inc.*, 125 F.R.D. 372, 375 (S.D.N.Y. 1989) (sustaining objection on this basis).  The phrases

"Texas public legislative record" and "racially discriminatory rhetoric" are not defined and are

subject to multiple interpretations.  The United States further objects to this request on the ground that it calls for a legal conclusion and is thus not proper under Fed. R. Civ. P. 36(a)(1)(A).  *See Enron Corp. Sec., Derivative & ERISA Litig.*, 762 F. Supp. 2d 942, 959 (S.D. Tex. 2010) ("Rule 36 cannot be used to compel an admission of a conclusion of law").

Subject to and without waiving these objections, the United States provides the following answer:  Denied.  The public legislative record as it pertains to SB 14 includes exchanges between members that may be fairly construed as racially insensitive.  By way of further response, the United States avers that public legislative records include written documents that speak for themselves.

## REQUEST FOR ADMISSION NO. 34

Admit or deny that the Texas legislative record contains no evidence that SB 14 was enacted for the purpose of abridging the right to vote.

**ANSWER**:

The United States objects to this request on the ground that it calls for a legal conclusion and is thus not proper under Fed. R. Civ. P. 36(a)(1).  *See Enron Corp. Sec., Derivative & ERISA Litig.*, 762 F. Supp. 2d 942, 959 (S.D. Tex. 2010) ("Rule 36 cannot be used to compel an admission of a conclusion of law").

Subject to and without waiving these objections, the United States provides the following answer: Deny that the Texas legislative record contains no evidence that SB 14 was enacted for the purpose of abridging the right to vote.

## REQUEST FOR ADMISSION NO. 35

Admit or deny that SB 14, as enacted by the State of Texas' 82nd Legislature, has been in effect for 2 elections in Texas.

**ANSWER**:

The United States objects to this request because it contains language that is vague and ambiguous, rendering it difficult to fairly admit or deny. *See, e.g., Dubin v. E.F. Hutton Group, Inc.*, 125 F.R.D. 372, 375 (S.D.N.Y. 1989) (sustaining objection on this basis). The term "2 elections" is not defined and is subject to multiple interpretations. It is unclear whether the request is speaking to individual elections for office, a single election cycle comprising two elections, or two election cycles. The United States further objects to this request on the ground that it seeks an admission concerning facts in the possession of county election officials and local officials that are not readily available to the United States.

Subject to and without waiving these objections, the United States provides the following answer: Admit that SB 14 has been in effect during one statewide general election and one statewide primary election for each of the two major political parties, including a statewide runoff in the Republican primary.

**REQUEST FOR ADMISSION NO. 36**

Admit or deny that the United States Supreme Court vacated the judgment in *Texas v. Holder*, Case 1:12-cv-00128-RMC-DST-RLW. *See Texas v. Holder*, 133 S.Ct. 2886 (2013).

**ANSWER**:

The United States objects to this request on the ground that it calls for a legal conclusion and is thus not proper under Fed. R. Civ. P. 36(a)(1). *See Enron Corp. Sec., Derivative & ERISA Litig.*, 762 F. Supp. 2d 942, 959 (S.D. Tex. 2010) ("Rule 36 cannot be used to compel an admission of a conclusion of law"). The United States further objects to this request insofar as it incorrectly implies that the legal standard employed in *Texas v. Holder* under Section 5 of the

Voting Rights Act is the same and appropriate standard to be applied in this case brought under Section 2 of the Voting Rights Act and the United States Constitution.

Subject to and without waiving these objections, the United States provides the following answer: The Supreme Court's order set forth at 133 S. Ct. 2886 (2013) is a writing that speaks for itself.

## REQUEST FOR ADMISSION NO. 37

Admit or deny that the Texas Department of Public Safety does not issue Election Identification Certificate free of charge.

**ANSWER**:

The United States objects to this request because it contains language that is vague and ambiguous, rendering it difficult to fairly admit or deny.  *See, e.g., Dubin v. E.F. Hutton Group, Inc.*, 125 F.R.D. 372, 375 (S.D.N.Y. 1989) (sustaining objection on this basis).  The terms "issue" and "free of charge" are not defined and are subject to multiple interpretations.  The United States further objects that the request is misleading insofar as it incorrectly implies that there are no attendant costs associated with obtaining an Election Identification Certification.

Subject to and without waiving these objections, the United States provides the following answer: The United States admits that SB 14 prohibits the Texas Department of Public Safety from charging an issuance fee for Election Identification Certificates.  By way of further response, the United States avers that it is not cost free for many citizens to obtain an Election Identification Certificate.

## REQUEST FOR ADMISSION NO. 38

Admit or deny that under SB 14, as enacted by the State of Texas' 82nd Legislature, if a voter does not have the requisite photo-identification the voter can vote by provisional ballot. *See* TEX. ELEC. CODE § 13.002.

**ANSWER**:

The United States objects to this request on the ground that it calls for a legal conclusion and is thus not proper under Fed. R. Civ. P. 36(a)(1).   *See Enron Corp. Sec., Derivative & ERISA Litig.*, 762 F. Supp. 2d 942, 959 (S.D. Tex. 2010) ("Rule 36 cannot be used to compel an admission of a conclusion of law").  The United States further objects to this request because it contains language that is vague and ambiguous, rendering it difficult to fairly admit or deny. *See, e.g., Dubin v. E.F. Hutton Group, Inc*., 125 F.R.D. 372, 375 (S.D.N.Y. 1989) (sustaining objection on this basis).  The term "can vote" is not defined and is subject to multiple interpretations.  For instance, it is unclear whether the term "can vote" merely refers to the ability to cast a ballot, even when that ballot will not be counted, or whether it refers to the ability to cast a ballot that is entitled to be counted.

Subject to and without waiving these objections, the United States provides the following answer: The United States denies this request to the extent that it calls for a legal conclusion and is thus not proper under Fed. R. Civ. P. 36(a)(1).  By way of further response, the United States avers that any individual who declares that he or she is a registered and eligible voter in the jurisdiction in which he or she is presenting to vote but whose eligibility to vote in an election for federal office is disputed by an election official is entitled to vote by provisional ballot in such federal election.  *See* 42 U.S.C. § 15482(a).  The United States further avers that persons casting provisional ballots due to lack of requisite photo identification will not have their provisional ballots counted unless the voter appears in person at the voter registrar's office during business

35

hours within six days of the election and presents requisite photo identification or affirms a religious objection to being photographed or loss of identification because of a natural disaster within the prior 45 days.  Tex. Elec. Code §§ 65.054(b)(2), 65.0541.

**REQUEST FOR ADMISSION NO. 39**

Admit or deny that the Texas Department of Public Safety has provided mobile outreach programs for purposes of providing Texas with additional opportunities to apply for an Election Identification Certificate.

**ANSWER**:

The United States further objects to this request because it contains language that is vague and ambiguous, rendering it difficult to fairly admit or deny.  *See, e.g., Dubin v. E.F. Hutton Group, Inc*., 125 F.R.D. 372, 375 (S.D.N.Y. 1989) (sustaining objection on this basis). The terms "mobile outreach program," "purposes," and "additional opportunities" are not defined and are subject to multiple interpretations.  The United States further objects to this request on the ground that the request seeks an admission concerning facts in possession of Defendants and county and local officials that are not readily available to the United States.

Subject to and without waiving these objections, the United States provides the following answer: To the extent that this request seeks an admission concerning the past existence of a "mobile outreach program" related to Election Identification Certificates, the United States admits that such a program has existed at some point in time.  To the extent the request seeks information about the extent or purpose of the program, the United States does not have sufficient information to admit or deny and therefore denies.

**REQUEST FOR ADMISSION NO. 40**

Admit or deny that the monetary cost of obtaining a birth certificate for purposes of obtaining an Election Identification Certificate has decreased from $22.00.

**ANSWER**:

The United States objects to this request on grounds that it is overly broad and is not limited geographically.  The United States further objects to this request because it contains language that is vague and ambiguous, rendering it difficult to fairly admit or deny.  *See, e.g., Dubin v. E.F. Hutton Group, Inc.*, 125 F.R.D. 372, 375 (S.D.N.Y. 1989) (sustaining objection on this basis).  The terms "monetary cost," "birth certificate," and "purposes" are not defined and are subject to multiple interpretations.  The United States further objects to this request on the ground that it seeks an admission concerning facts in the possession of state, county, and local officials that are not readily available to the United States.  The United States further objects that the request is misleading insofar as it incorrectly implies that there are no attendant costs associated with obtaining a birth certificate.

Subject to and without waiving these objections, the United States provides the following answer: Deny this request as stated.  By way of further response, the United States avers that it is aware that the Texas Department of State Health Services agreed, effective October 21, 2013, to waive some but not all of the fees for obtaining a Texas birth certificate so long as that birth certificate may be used solely for the purpose of obtaining an Election Identification Certificate ("EIC").  *See* 38 Tex. Reg. 7310.  The birth certificate applicant must travel to certain offices to apply in person, must be able to establish identity through presentation of specific documents (notwithstanding the lack of identifying documents that necessitates obtaining an EIC), and must be aware that a reduced cost birth certificate is available (notwithstanding the lack of publicity or signage).  Fees have been partially waived in a small number of instances, and there are

additional costs associated with obtaining a birth certificate.  Voters born outside of the State of Texas are not eligible to obtain a birth certificate for a reduced fee.

## REQUEST FOR ADMISSION NO. 41

Admit or deny that the Texas Department of Public Safety does not currently require Election Identification Certificate applicants to provide their fingerprints.

## ANSWER:

The United States further objects to this request on the ground that it seeks an admission concerning facts in the possession of state, county, and local officials that are not readily available to United States.

Subject to and without waiving these objections, the United States provides the following answer: The United States does not have sufficient information to admit or deny and therefore denies.  By way of further response, the United States avers that based on the limited evidence available, the United States is unable to determine whether the Texas Department of Public Safety ("DPS") "currently" requires fingerprinting of EIC applicants.  The United States has no knowledge of the operations, actions, and procedures implemented at every DPS office or mobile EIC unit in the State of Texas that issues EICs.  Moreover, the Texas Administrative Code requires applicants to submit fingerprints in order to obtain an EIC.  *See* 37 Tex. Admin. Code § 15.183(c)(3) (2012) ("An application for an election identification certificate must include . . . the fingerprints of the applicant[.]").

## REQUEST FOR ADMISSION NO. 42

Admit or deny that the polling data indicated that voter identification requirements were very popular among Texas voters.  *See* April 6, 2009 House Committee on Elections (testimony regarding Rasmussen report stating that 57% of Americans favor voter identification laws).

**ANSWER**:

The United States further objects to this request because it contains language that is vague and ambiguous, rendering it difficult to fairly admit or deny. *See, e.g., Dubin v. E.F. Hutton Group, Inc.*, 125 F.R.D. 372, 375 (S.D.N.Y. 1989) (sustaining objection on this basis). The term "very popular" is not defined and is subject to multiple interpretations. The United States further objects to this request on the ground that it seeks information not likely to lead to the discovery of admissible evidence. Specifically, polling data for SB 14 is not relevant to whether SB 14 has the purpose or the result of denying or abridging the right to vote on account of race, color, or membership in a language minority group. *See* Fed. R. Civ. P. 26(b), 36(a)(1).

Subject to and without waiving these objections, the United States provides the following answer: The United States lacks knowledge or information sufficient to admit or deny and therefore denies. In further response, the United States avers that the survey referenced is a writing that speaks for itself, that may or may not accurately reflect the sentiments measured, that does not speak to Texas voters specifically, and that does not define which of numerous voter identification requirements the request speaks to.

Date: June 25, 2014

KENNETH MAGIDSON
United States Attorney
Southern District of Texas

JOCELYN SAMUELS
Acting Assistant Attorney General
Civil Rights Division

*/s/ Jennifer L. Maranzano*
T. CHRISTIAN HERREN, JR.
MEREDITH BELL-PLATTS
ELIZABETH S. WESTFALL
BRUCE I. GEAR
JENNIFER L. MARANZANO
ANNA M. BALDWIN
DANIEL J. FREEMAN

Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 25, 2014, I served a true and correct copy of the foregoing via

electronic mail on the following counsel of record:

John B. Scott
John Reed Clay, Jr.
Gregory David Whitley
Jonathan F. Mitchell
Sean Flammer
Stephen Ronald Keister
Arthur D'Andrea
Jennifer Marie Roscetii
Lindsey Elizabeth Wolf
Office of the Texas Attorney General
john.scott@texasattorneygeneral.gov
reed.clay@texasattorneygeneral.gov
david.whitley@texasattorneygeneral.gov
jonathan.mitchell@texasattorneygeneral.gov
sean.flammer@texasattorneygeneral.gov
ronny.keister@texasattorneygeneral.gov
arthur.dandrea@texasattorneygeneral.gov
jennifer.roscetti@texasattorneygeneral.gov
lindsey.wolf@texasattorneygeneral.gov

Ben Addison Donnell
Donnell Abernethy & Kieschnick
bdonnell@dakpc.com

*Counsel for Defendants*

Chad W. Dunn
Kembel Scott Brazil
Brazil & Dunn
chad@bradzilanddunn.com
scott@bazilanddunn.com

J. Gerald Hebert
Emma Simson
Campaign Legal Center
ghebert@campaignlegalcenter.org
esimson@campaignlegalcenter.org

Neil G. Baron
Law Offices of Neil G. Baron
neil@ngbaronlaw.com

Armand Derfner
Derfner, Altman, & Wilborn
aderfner@dawlaw.com

Luiz Roberto Vera, Jr.
lrvlaw@sbcglobal.net

*Counsel for Veasey Plaintiffs*

Christina Swarns
Ryan P. Haygood
Natasha M. Korgaonkar
Leah C. Aden
Deuel Ross
NAACP Legal Defense and Educational
    Fund, Inc.
cswarns@naacpldf.org
rhaygood@naacpldf.org
nkorgaonkar@naacpldf.org
laden@naacpldf.org
dross@naacpldf.org

Danielle Conley
Jonathan Paikin
Kelly P. Dunbar
Sonya L. Lebsack
Gerald J. Sinzdak
Lynn Eisenberg
M. Hasan Ali
Richard F. Shordt
WilmerHale LLP
danielle.conley@wilmerhale.com
jonathan.paikin@wilmerhale.com
kelly.dunbar@wilmerhale.com
sonya.lebsack@wilmerhale.com
Gerard.sinzdak@wilmerhale.com
Lynn.eisenberg@wilmerhale.com
hasan.ali@wilmerhale.com
richard.shordt@wilmerhale.com

*Counsel for Texas League of Young Voters
Plaintiff-Intervenors*

Ezra D. Rosenberg
Amy L. Rudd
Lindsey Cohan
Dechert LLP
ezra.rosenberg@dechert.com
amy.rudd@dechert.com
lindsey.cohan@dechert.com

Wendy Weiser
Jennifer Clark
Myrna Pérez
Vishal Agraharkar
Brennan Center for Justice at NYU School of
    Law
wendy.weiser@nyu.edu
jenniferl.clark@nyu.edu
myrna.perez@nyu.edu
vishal.argraharkar@nyu.edu

Mark A. Posner
Sonia Kaur Gill
Erandi Zamora
Lawyers' Committee for Civil Rights
mposner@lawyerscommittee.org
sgill@lawyerscommittee.org
ezamora@lawyerscommittee.org

*Counsel for Texas State Conference of
NAACP Branches Plaintiffs*

Jose Garza
Marinda van Dalen
Robert W. Doggett
Peter McGraw
Kathryn Newell
Priscilla Noriega
Texas Rio Grande Legal Aid, Inc.
jgarza@trla.org
mvandalen@trla.org
rdoggett@trla.org
pmcgraw@trla.org
knewell@trla.org
pnoriega@trla.org

*Counsel for Ortiz Plaintiffs*

Rolando L. Rios
Law Offices of Rolando L. Rios
rrios@rolandorioslaw.com

Preston Edward Henrichson
Law Offices of Preston Henrichson
preston@henrichsonlaw.com

*Counsel for Texas Association of Hispanic
County Judges and County Commissioners
Plaintiff-Intervenors*

*/s/ Jennifer L. Maranzano*
Jennifer L. Maranzano
Voting Section
Civil Rights Division
U.S. Department of Justice
jennifer.maranzano@usdoj.gov