# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARC VEASEY, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-00193 |
| | § | |
| RICK PERRY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' OPPOSED MOTION TO COMPEL THE UNITED STATES, VEASEY-LULAC, AND TEXAS NAACP-MALC TO PRODUCE EXPERT DISCLOSURES AND THE UNITED STATES TO PRODUCE DOCUMENTS RESPONSIVE TO THE DEFENDANTS' FOURTH REQUESTS FOR PRODUCTION

Defendants respectfully seek an order from the Court compelling the United States, the Veasey-LULAC plaintiffs, and the Texas NAACP-MALC plaintiffs to provide Defendants with complete sets of expert disclosures, and to compel the United States to produce documents and tangible things delineated in Defendants' Fourth Request for Production to Plaintiff United States. *See* Ex. 1, (Defs.' 4th Req. for Produc. to Pl. US, (Mar. 28, 2014)) ("Defendants' Request"). Specifically, Defendants seek (1) a list of respondents, with contact information, of all the individuals who responded to the survey undertaken by Drs. Barreto and Sanchez, *see* ECF No. 370, designated by Veasey-LULAC and Texas NAACP-MALC, ECF No. 371; (2) all "No-Match" lists created by Dr. Ansolabehere, *see* ECF No. 383; and (3) the Catalist database considered by the United States' experts.

1

The current Second Amended Scheduling Order provides that the plaintiffs' expert reports were due on June 27, 2014.  ECF No. 415.  More than a month has passed since their expert disclosure deadline; however, the United States, Veasey-LULAC, and Texas NAACP-MALC have failed to provide Defendants with complete sets of expert disclosures as required by Federal Rule of Civil Procedure 26(a)(2)(B).

Additionally, the United States refuses to supplement its responses and objections to documents requests served more than four months ago specifically seeking any "calculations, reports, audits, estimates, projections, or other analyses related to the effect of SB 14".  Ex. 1 at 6–7.  The United States initially objected to Defendants' Request "as premature, insofar as it seeks expert materials prior to the expert disclosure deadline established in the Amended Scheduling Order (ECF No. 231)."  Ex. 2 at 14 (Plaintiff United States' Responses and Objections to Defendant's Fourth Request for Production) ("US Responses").   Despite the passage of the expert disclosure deadline and the United States' stated intent to supplement its responses and objections, Ex. 2 at 1, Defendants continue to be denied access to critical information underlying the plaintiffs' expert witnesses reports.  While the United States provided Defendants with a copy of the 13 million records contained in the Texas TEAM database on June 30, 2014, with its expert disclosures, it has failed to provide any of the iterations, subsets, or other forms of the data created, considered, or relied upon by Dr. Ansoabehere.

Specifically, Defendants have repeatedly requested (*see* Ex. 4) the United States provide all iterations of  Dr. Stephen Ansolabehere's "No-Match" list of

2

registered Texas voters he identifies as lacking any acceptable identification to vote in his expert report.  ECF No. 383, Ansolabehere Corrected Sealed Report at 29 ("No matching record was found on any of the state of Federal identification databases and no disability exemption was granted for 1,232,242 records on the TEAM database.").  Despite Defendants' repeated attempts to obtain such critical underlying information, the United States has refused to provide it.  It is important that they do so.  The entire purpose of allowing the United States' access to the State's databases was to the facilitate the generation of a single, common list of persons who the Plaintiffs believe lack S.B. 14 identification.  Without that list, the defendants must attempt to derive the same list from a much larger set of data, opening up the possibility that the lists will not match.  Moreover, the defendants are entitled to see any and all iterations of Dr. Ansolabehere's work—not simply the final product.  This is particularly true since it appears that the plaintiffs' other experts relied on such lists.  *See, e.g.,* EFC 378.1 at 3, 42, 46, para. 4, 66–67 (Declaration fo Dr. Gerald R. Webster) ("I examined the distribution of registered voters who lack appropriate identification from the 'no match list' developed by Professor Stephen Ansolabehere.").

For the longest time, DOJ used carefully crafted words, telling the defendants that they had all the "underlying data" and that that was sufficient. Such an answer is no answer at all as it does not fully address whether or not such a list—or lists—exist.  Yesterday, after a month of pressing, the Department of Justice finally mustered that "to the best of their knowledge" such a list did not

3

exist—suggesting that such documentation had never been requested from their experts. But there are good reasons to believe that such a list does exist. This "No-Match" list is even defined in his report. *Id.* at ¶ 4. This suggests a subset of data that Dr. Ansolabehere either created or consulted. Further, Dr. Ansolabehere states that he conducted the matching process done between the TEAM database and the DPS database, again suggesting the use of a subset of data either created or used by Dr. Ansolabehere for consideration in his expert report. *Id.* at ¶13.

Defendants have further confirmed that Veasey-LULAC and Texas NAACP-MALC have not produced, and will not produce, to Defendants the list of respondents, with contact information, of all the individuals who responded to the survey undertaken by Drs. Barreto and Sanchez. For Defendants not to have the underlying information from this survey to be able to check whether the respondents' answers were accurate undermines the entire expert discovery process.

Last, Defendants request the Catalist database considered by the United States' experts. *See* ECF No. 360.1 (Declaration of Yair Ghitza). The United States claims to have provided this information to Defendants in Dr Ansolabehere's report. But Defendants have not received the any of the underlying data accessed by Catalist (designated by the United States as an expert) to arrive at the information that was given to the United States and produced with Dr. Anosloabehere's report. *See, e.g.,* Ghitza report, ECF No. 360.1 at paras. 15, 21, and 22.

Defendants respectfully request that the Court compel the United States, Veasey-LULAC, and Texas NAACP-MALC to produce all withheld data, information, and materials transmitted to, relied upon, or considered by their experts.

Pursuant to Local Rule 7.1(c), a proposed order granting the requested relief is attached hereto.

Dated: August 6, 2014

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JONATHAN F. MITCHELL
Solicitor General

J. REED CLAY, JR.
Special Assistant and Senior Counsel
to the Attorney General
Southern District of Texas No. 1160600

*/s/ John B. Scott*
JOHN B. SCOTT
Deputy Attorney General for Civil Litigation
Southern District of Texas No. 10418
ATTORNEY-IN-CHARGE

G. DAVID WHITLEY
Assistant Deputy Attorney General
Southern District of Texas No. 2080496

STEPHEN RONALD KEISTER
Assistant Attorney General
Southern District of Texas No. 18580

5

JENNIFER MARIE ROSCETTI
Assistant Attorney General
Southern District of Texas No. 224780

LINDSEY ELIZABETH WOLF
Assistant Attorney General
Southern District of Texas No. 2292940

FRANCES WHITNEY DEASON
Assistant Attorney General
Southern District of Texas No.2302872

209 West 14th Street
P.O. Box 12548
Austin, Texas 70711-2548
(512) 475-0131

COUNSEL FOR THE STATE OF TEXAS,
RICK PERRY, JOHN STEEN, and STEVE
MCCRAW

## <u>CERTIFICATE OF CONFERENCE</u>

Pursuant to Local Rule 7.1(D), I hereby certify that counsel for Defendants have conferred with counsel for the United States, counsel for Veasey-LULAC, and counsel for Texas NAACP-MALC regarding this motion.  The motion is opposed.


*/s/ John B. Scott*
JOHN B. SCOTT

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 6, 2014, I served a true and correct copy of the foregoing document via the Court's ECF system to all counsel of record.

*<u>/s/ John B. Scott</u>*
JOHN B. SCOTT