# Exhibit 4

# Whitley, David

| | |
|---|---|
| **From:** | Baldwin, Anna (CRT) <Anna.Baldwin@usdoj.gov> |
| **Sent:** | Thursday, July 17, 2014 12:40 PM |
| **To:** | Whitley, David; Scott, John; Clay, Reed; Roscetti, Jennifer; Wolf, Lindsey; Tatum, Stephen; Hayes, Kevin; Ried, Lisa; Keister, Ronny; Deason, Whitney |
| **Cc:** | Dellheim, Richard (CRT); Westfall, Elizabeth (CRT); Freeman, Daniel (CRT); Maranzano, Jennifer (CRT); Gear, Bruce (CRT); King, Ryan (CRT); 'Ezra Rosenberg'; 'Chad Dunn'; 'Armand Derfner'; Emma Simson; 'Ryan Haygood'; 'Rolando Rios'; 'Jose Garza'; 'Robert W Doggett' |
| **Subject:** | RE: Veasey v. Perry |
| **Attachments:** | Letter to Defendants 20140530.pdf |

David,

With respect to the Federal agencies, I am glad that Defendants now understand what we would have long ago confirmed had we been directly asked—yes, Defendants do have all data produced from the Federal agencies, and all Federal data that was provided to our experts.

Defendants also have all the match/no-match data regarding matches conducted between TEAM and the DPS databases. It is thus not true that Defendants "have not received any discreet reports or data corresponding only to that matching process" as to TEAM and the DPS databases that Dr. Ansolabehere conducted, as you write below. In fact, Defendants have possessed the results of the Team to DPS matches since June 2. The United States produced all such data on May 30, and informed Defendants of this in a letter emailed to counsel for Defendants on May 30. That letter is reattached here. Pasted below is the relevant portion of a chart from that letter showing exactly what Defendants received.

| **Folder Name (Data Source)** | **File name** | **Description** |
|---|---|---|
| DOJ | vf_matched_4_datasets_ | Plaintiffs' algorithm results from TEAM to DPS data comparison |
| | vf_derivative_fields_051214 | Identifier fields used in Plaintiffs' algorithm for TEAM to DPS data comparis |
| | tx_vf_matched_4_datasets | Defendants' algorithm results from TEAM to DPS data comparison |
| | tx_vf_derivative_fields_051214 | Identifier fields used in Defendants' algorithm for TEAM to DPS data compa |
| | codebook_doj_matches | File Definition |
| | freq_missing_tx_databases.xlsx | Missing variable frequencies for TEAM and DPS data |

Defendants have, and have had for weeks, all matching data created, used, and relied on by the United States' expert in this case.

Sincerely,
Anna Baldwin

---

**From:** Whitley, David [mailto:david.whitley@texasattorneygeneral.gov]
**Sent:** Wednesday, July 16, 2014 2:21 PM
**To:** Baldwin, Anna (CRT); Scott, John; Clay, Reed; Roscetti, Jennifer; Wolf, Lindsey; Tatum, Stephen; Hayes, Kevin; Ried, Lisa; Keister, Ronny; Deason, Whitney
**Cc:** Dellheim, Richard (CRT); Westfall, Elizabeth (CRT); Freeman, Daniel (CRT); Maranzano, Jennifer (CRT); Gear, Bruce (CRT); King, Ryan (CRT); 'Ezra Rosenberg'; 'Chad Dunn'; 'Armand Derfner'; Emma Simson; 'Ryan Haygood'; 'Rolando

1

Rios'; 'Jose Garza'; 'Robert W Doggett'
**Subject:** RE: Veasey v. Perry

Anna,

Truthfully, we were surprised to find that the file we received from DOJ on June 30, despite being named "fed_and_state_nomatches06092014.txt", was not a standalone no-match list. It was after we became aware that the file contained the over 13 million records from TEAM that we became concerned about (1) the real possibility of not having received all the supporting documentation with your expert reports and (2) our capacity to complete our expert reports on time. Your email makes reference to the fact that Defendants are in possession of all the *underlying data*, but respectfully we are concerned that we do not have all iterations of the data, including subsets of the data and other formats of the data.

With respect to the federal database matching process, if it is your representation that all the information that was received by Defendants on June 2, 2014, is all that was produced from the federal agencies and all that was used or reviewed by your experts, and that those reports and data were not used to create any other document or information that has not already been produced, then that is all well and good.

With respect to the matching process conducted by Dr. Ansolabehere's between TEAM and the DPS databases, we have not received any discreet reports or data corresponding only to that matching process. We are told only that the underlying data is contained in "fed_and_state_nomatches06092014.txt" file. Respectfully, the claim that we have all the "underlying data" is not responsive to our request. Again, we are looking for *all* sets of data whether they be repetitive in part or different iterations of data that is ultimately contained in Dr. Ansolabehere's "fed_and_state_nomatches06092014.txt". This might include subsets of data that correspond only to the matching process conducted by Dr. Ansolabehere. This might include the data in formats other than .txt. Or, this might include, as his report suggests, a single data set (which was later subsumed, along with other data, in the .txt file you produced) that lists only those persons in TEAM that do not match any or even a particular database, i.e. a list of no-matches and only no-matches. This information is both responsive to our requests for production and required to be disclosed under the Federal Rules of Civil Procedure.

One last point of clarification, at no point did DOJ offer to make data available to us on Friday, June 27, 2014. Your email (received at 3:25 CDT on Friday afternoon) offered two options: FedEx delivery to our office in Austin or FedEx delivery to the U.S. Attorney's office in Austin. Either option resulted in the data physically in our hands on Monday, June 30th because both offices are closed on the weekend. Of course, further time was needed to transmit the data to our own experts, which is why compliance with the Court's deadline of Friday, June 27th was so important. Moreover, we find it disingenuous for you to suggest now that a handoff in DC would have been possible on Friday, June 30, both because it was never suggested and because the Department had not even finalized and filed the reports until nearly midnight on Friday. In any event, the burden to timely comply with the Court's scheduling order as it applies to the deadline for Plaintiffs' Expert Reports falls upon the Department of Justice, not the Defendants.

Regards,
David

---

**From:** Baldwin, Anna (CRT) [mailto:Anna.Baldwin@usdoj.gov]
**Sent:** Tuesday, July 15, 2014 3:57 PM
**To:** Whitley, David; Scott, John; Clay, Reed; Roscetti, Jennifer; Wolf, Lindsey; Tatum, Stephen; Hayes, Kevin; Ried, Lisa; Keister, Ronny; Deason, Whitney
**Cc:** Dellheim, Richard (CRT); Westfall, Elizabeth (CRT); Freeman, Daniel (CRT); Maranzano, Jennifer (CRT); Gear, Bruce (CRT); King, Ryan (CRT); 'Ezra Rosenberg'; 'Chad Dunn'; 'Armand Derfner'; Emma Simson; 'Ryan Haygood'; 'Rolando Rios'; 'Jose Garza'; 'Robert W Doggett'
**Subject:** RE: Veasey v. Perry

David,

2

Let us start with the third paragraph of your email. It is simply incorrect. Defendants have all data that was incorporated into Dr. Ansolabehere's match and no-match lists. First, Defendants have all the same underlying match results that Dr. Ansolabehere used. These underlying data are the match results sent to all parties on May 30, regarding the TEAM to DPS and TEAM to Federal agency matches. Defendants have had a much longer period of time to analyze the agency-by-agency results than the plaintiffs had under the current expert deadlines. In addition, Defendants have all data showing how Dr. Ansolabehere combined those results to produce his match and no match lists; those are the data produced on June 27. It is inaccurate to suggest that there is a "subset of data that was used by Dr. Ansolabehere that has not been provided to Defendants" with respect to the Federal agencies. Ever since the May 30 production (which Defendants picked up in person in Austin on June 2), Defendants have had all the same Federal data that Dr. Ansolabehere used. There are no matching data that the United States have withheld. Defendants have it all. And if Defendants really believed that the "keystone" of the plaintiffs' case was not produced, we are at a loss to understand why you never contacted us – if even to comply with the Court's meet–and-confer rules. At any rate, we reiterate: there are no matching data that Defendants do not have.

Had Defendants requested to pick up the match/no-match list in Washington DC on Friday, June 27th, we would have accommodated that request. We likewise would have sent those data to a different address via overnight delivery that would have allowed for in-person receipt on Saturday, June 28th. On June 27, we informed Defendants of the manner in which we would make the production absent receiving a different instructions. No such requests were made and so the data was sent in the same manner that Defendants have previously requested that the United States make productions containing highly confidential personal information—by sending the data via Federal Express to the U.S. Attorney's office in Austin.

Sincerely,

Anna Baldwin

---

**From:** Whitley, David [mailto:david.whitley@texasattorneygeneral.gov]
**Sent:** Tuesday, July 15, 2014 3:37 PM
**To:** Baldwin, Anna (CRT); Scott, John; Clay, Reed; Roscetti, Jennifer; Wolf, Lindsey; Tatum, Stephen; Hayes, Kevin; Ried, Lisa; Keister, Ronny; Deason, Whitney
**Cc:** Dellheim, Richard (CRT); Westfall, Elizabeth (CRT); Freeman, Daniel (CRT); Maranzano, Jennifer (CRT); Gear, Bruce (CRT); King, Ryan (CRT); 'Ezra Rosenberg'; 'Chad Dunn'; 'Armand Derfner'; Emma Simson; 'Ryan Haygood'; 'Rolando Rios'; 'Jose Garza'; 'Robert W Doggett'
**Subject:** RE: Veasey v. Perry

Anna,

The match/no-match data that was produced to the defendants on June 30th—three days the plaintiffs' expert report deadline—contains 13,564,416 records. It is true that you offered the choice of having it Fedex'd to our office or the U.S. Attorney's office. That is a distinction without a difference. Either way, Defendants would have been deprived of 3 days (out of a total of 28 days) to respond to expert reports that Plaintiffs have had months to prepare.

In addition to that fairly large handicap, it appears the plaintiffs have not fully complied with document requests and that Defendants lack essential output data relied on by Dr. Ansolabehere and other experts. Defendants long ago asked for "all documents and tangible things relating to any calculations, reports, audits, estimates, projections, or other analyses related to the effect of SB 14 on minority voters or on voter[s] who are members of a language minority group, from 2005 to the Present." *See* Defs. 4th RFPs Nos. 3-7. The United States objected, stating, among other things, that the request was "premature, insofar as it seeks expert materials prior to the expert disclosure deadline." *See* U.S. Resp. and Obj. to Defs. 4th RFPs. Federal Rule 26(b)(4)(C)(ii-iii) allows for the discovery of those documents and communications relating to facts, data, or assumptions provided to or relied up on by experts. We are more than

3

halfway through the time allotted to Defendants to respond to the dozens of expert reports filed by the plaintiffs and yet it appears that the plaintiffs, and in particular DOJ, have not yet produced documents responsive to this request.

In Dr. Ansolabehere's report, he states that "[o]f these [13,564,416] records, 1,232,242 were not matched to any record in a State of Texas or Federal identification database or had not already received the disability exemption. These records make up the NO MATCH list for my analysis." Ansolabehere Report at Para. 16. "NO MATCH" is even defined in his report. Report at Para. 24. This suggests a subset that Dr. Ansolabehere either created or consulted that contains only a list of those persons that failed to match any database. Further, Dr. Ansolabehere states that he conducted the matching process done between the TEAM database and the DPS database. Report at Para. 13. Again, this suggests some subset of information created or used by Dr. Ansolabehere in creating his report that we have not been given. Finally, Dr. Ansolabehere did not conduct the matching process between the TEAM database and the various federal databases. In fact, these were performed separately by the individual federal agencies as evidenced by their declarations sent May 30, 2014, by Dr. Ansolabehere's Report, and by your emails confirming the completion of the process with respect to each federal agency. The fact that this process was done separately suggests, again, a subset of data that was used by Dr. Ansolabehere that has not been provided to Defendants. To date, the defendants have not received any of this data, all of which is responsive to timely propounded requests for production.

Regards,

David Whitley

---

**From:** Baldwin, Anna (CRT) [mailto:Anna.Baldwin@usdoj.gov]
**Sent:** Tuesday, July 15, 2014 9:04 AM
**To:** Scott, John; Whitley, David; Clay, Reed; Roscetti, Jennifer; Wolf, Lindsey; Tatum, Stephen
**Cc:** Dellheim, Richard (CRT); Westfall, Elizabeth (CRT); Freeman, Daniel (CRT); Maranzano, Jennifer (CRT); Gear, Bruce (CRT); King, Ryan (CRT); 'Ezra Rosenberg'; 'Chad Dunn'; 'Armand Derfner'; Emma Simson; 'Ryan Haygood'; 'Rolando Rios'; 'Jose Garza'; 'Robert W Doggett'
**Subject:** Veasey v. Perry

John and David,

I write with respect to Defendants' motion to extend the deadline by which to file their expert reports. Defendants' filing states that "[t]he defendants are now 17 days into a 28-day timeline for filing their expert reports, and the keystone of the plaintiffs' reports—their list of no-matches between the TEAM database and the databases that hold the acceptable forms of identification on election day—has not yet been produced."

That representation is not correct. The United States produced its match/no-match data on the same date as our reports and disclosures were due: June 27, 2014. On June 27, 2014, we advised Defendants that we were sending data later that day by Federal Express and would address the package for pick-up at the U.S. Attorney's Office in Austin on June 30, 2014, unless Defendants requested that the disc (which contained highly confidential information including complete social security numbers) be sent directly to your office. No such request was made, and so we sent the disc to the U.S. Attorney's Office. After I received notice that it had been delivered, I alerted David Whitley by email on Monday, June 30 that the disc was ready to be picked up. Mr. Whitley confirmed by email that he would retrieve the disc personally. Later in the afternoon, the U.S. Attorney's Office in Austin confirmed that Mr. Whitley had in fact picked up the disc.

The attached excel codebook—which was included with this production—lists all information included in the data file that you received. As you can see, the information produced shows whether each TEAM record was matched to any Federal or DPS database according to the United States' algorithm. In addition, and as the codebook makes clear, the demographic data that the United States relies on from Catalist is also provided on this disc.

Because the Defendants have in fact possessed the United States' "list of no-matches between the TEAM database and the databases that hold the acceptable forms of identification on election day" since June 30, 2014, we ask that Defendants correct their misrepresentation to the Court, and that this be done by 5 pm CDT today, July 15, 2014.  We would also appreciate the opportunity to confer with you about this matter this morning.  You may contact Elizabeth Westfall by phone.

Sincerely,

 Anna Baldwin