IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

MARC VEASEY, *et al.*,

        Plaintiffs,

     v.

RICK PERRY, *et al.*,

        Defendants.

Civil Action No. 2:13-cv-193 (NGR)
(Consolidated Action)

## UNITED STATES' MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE ALLEGATIONS AND DEFENSES

On August 22, 2013, the United States filed a Complaint against the State of Texas and certain state officials alleging violations of Section 2 of the Voting Rights Act, 42 U.S.C. § 1973. Compl. (ECF No. 1).  On July 17, 2014, Defendants filed a Corrected Answer to that Complaint that included an 11-page section entitled "Affirmative Allegations and Defenses."  *See* Corrected Ans. at 13–23 (ECF No. 417).

Defendants' "Affirmative Allegations and Defenses," however, do not relate to any element of a Section 2 claim or remedy, do not in fact assert any recognized affirmative defenses, and do not allege any cognizable counterclaim.  Instead, Defendants merely assert a litany of immaterial, misleading, and inapt critiques of the Department of Justice's Voting Rights Act enforcement and internal operations.  Because Defendants' "Affirmative Allegations and Defenses" are not tied to any claim or potential remedy pending before this Court—including the core issue of whether SB 14 violates Section 2—and because litigating such immaterial matters

will unfairly prejudice the United States at trial, the United States respectfully moves to strike them pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

## I.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) authorizes the Court to "strike from a pleading an insufficient defense or any . . . immaterial [or] impertinent . . . matter." Fed. R. Civ. P. 12(f). Rule 12(f)'s purpose is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Zytax, Inc. v. Green Plains Renewable Energy, Inc.*, No. H-09-cv-2582, 2010 WL 2219179, at *5 (S.D. Tex. May 28, 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)). Rule 12(f) is also designed to "reinforce the requirement in Rule 8(e) that pleadings be simple, concise, and direct." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 (3d. ed. 2014). Although not generally favored, motions to strike should nonetheless be granted if the asserted defenses are insufficient as a matter of law, will confuse the issues in the case, or will otherwise prejudice the moving party. *See, e.g.*, *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057–61 (5th Cir. 1982); *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001); *Rodriguez v. Physician Lab. Servs., LLC*, No. 7:13-cv-622, 2014 WL 847126, at *2–3 (S.D. Tex. Mar. 4, 2014); *Rice v. Reliastar Life Ins. Co.*, No. 11-cv-44-BAJ-M2, 2011 WL 1168520, at *2–4 (M.D. La. Mar. 29, 2011). *See generally* 5C Wright & Miller, *supra*, § 1381.

A defense is insufficient under Rule 12(f) when, assuming the truth of all facts alleged, the defense remains facially invalid as a matter of law. *Kaiser Aluminum*, 677 F.2d at 1057; *see also EEOC v. First Nat'l Bank of Jackson*, 614 F.2d 1004, 1008 (5th Cir. 1980) ("An affirmative

defense is not valid if it appears to a certainty that the plaintiff would succeed despite any set of facts which could be proved in support of the defense.").

"'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded."  5C Wright & Miller, *supra*, § 1382; *see also Marceaux v. Lafayette Consol. Gov't*, No. 6:12-cv-01532, 2012 WL 5197667, at *1 (W.D. La. Oct. 18, 2012); *Adm'rs of the Tulane Educ. Fund v. Biomeasure, Inc.*, No. 08-cv-5096, 2011 WL 3268108, at *4 (E.D. La. July 28, 2011).  Striking immaterial allegations ensures that later proceedings will focus only on claims that are actually relevant to the litigation.  *See Corley v. Louisiana*, No. 06-882-SCR, 2010 WL 3259376, at *2 (M.D. La. Aug. 16, 2010).  Similarly, "'impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question."  5C Wright & Miller, *supra*, § 1382; *see also Marceaux*, 2012 WL 5197667, at *1.

## II.    ARGUMENT

The Court should strike Defendants' "Affirmative Allegations and Defenses" as insufficient, immaterial, and impertinent under Rule 12(f) of the Federal Rules of Civil Procedure.  First, Defendant's so-called "defenses" implicate no claim or remedy before this Court, and thus are immaterial to the Court's consideration of the Section 2 issues before it.  Second, Defendants' allegations cannot provide an affirmative defense against liability under the Voting Rights Act.  Finally, given the trial schedule set by this Court, which strictly limits the time allocated to the parties, the United States will be prejudiced if it must divert time from proving its affirmative case in order to respond to immaterial critiques.

**A.**  **Defendants' "Affirmative Allegations and Defenses" Are Irrelevant to the Question in this Case: Whether SB14 Was Enacted With a Discriminatory Purpose or Has a Discriminatory Result.**

This case is about whether SB 14 violates Section 2 of the Voting Rights Act.  Compl. ¶¶ 68–69.  Section 2 prohibits the imposition or application of any "voting qualification or prerequisite to voting or standard, practice, or procedure" that has either the purpose or the result of denying or abridging the right to vote on account of race, color, or membership in a language minority group.  42 U.S.C. § 1973.  At issue, therefore, is whether Texas violated Section 2 by adopting and maintaining SB 14 "for the purpose of denying Hispanics and African Americans equal access to the political process," or whether, regardless of Texas' intent, SB 14 in fact results "in a denial of the right to vote in violation of Section 2."  Compl. ¶¶ 68–69.  Thus, it is the Defendants' conduct alone that determines the liability and relief issues pending before the Court.

Defendants' "Affirmative Allegations and Defenses" have literally nothing to do with their conduct.  Indeed, none of the "Affirmative Allegations and Defenses" relate to the Texas legislature's intent in enacting SB 14, the result of SB 14 on voters, the totality of circumstances under which SB 14 operates, or any other element of a Section 2 claim, defense, or remedy.  Instead, Defendants' allegations amount to little more than unjustified ad hominem attacks on the Department of Justice, its operations, and its enforcement of the Voting Rights Act.  But most importantly, those allegations—covering several decades—have no bearing on the core issues before this Court:  whether Texas violated federal law by adopting and maintaining SB 14 for the purpose of denying Hispanics and African Americans equal access to the political process or whether SB 14 in fact has a discriminatory effect.  Compl. ¶¶ 68–69.

4

Nor do the Defendants' allegations relate to the United States' requests for relief under Section 3(a) and 3(c) of the Voting Rights Act.  Under Section 3(a), this Court may appoint Federal observers "as part of any final judgment if the court finds that violations of the fourteenth or fifteenth amendment justifying equitable relief," absent conditions indicating immediate and permanent correction by the offending jurisdiction.  42 U.S.C. § 1973a(a)(2). Similarly, under Section 3(c), the court "shall retain jurisdiction for such period as it may deem appropriate" to impose preclearance requirements in "any proceeding instituted by the Attorney General or an aggrieved person under any statute to enforce the voting guarantees of the fourteenth or fifteenth amendment in any State or political subdivision the court finds that violations of the fourteenth or fifteenth amendment justifying equitable relief have occurred within the territory . . . ."  *Id.* § 1973a(c).  Because Defendants' so-called "affirmative defense" "d[oes] not relate to the primary issue" in this action, it should be stricken.  *First Nat'l Bank of Jackson,* 614 F.2d at 1008; *see also Hawkins v. Montague Cnty.*, No. 7:10-cv-10-o ECF, 2010 WL 4514641, at *6 (N.D. Tex. Nov. 1, 2010) (striking allegations that bore "no relation to any" issues before the Court); *Corley*, 2010 WL 3259376, at *2) (striking "immaterial allegations").[1]

---

[1] To the extent Defendants are attempting to assert counterclaims against the United States based on their abstract, hypothetical, and non-particularized belief that the Attorney General and the Department of Justice will act in an unlawful manner against them at some point in the future, such claims would neither be ripe nor particularized, and would therefore be nonjusticiable.  *See, e.g., Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.") (internal quotations omitted); *Choice Inc. of Texas v. Greenstein*, 691 F.3d 710, 714-15 (5th Cir. 2012) (basic rationale of the ripeness doctrine is "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements")(quoting *Abbot Labs v. Gardner*, 387 U.S. 136, 148 (1967)); *Miss. State Democratic Party v. Barbour*, 529 F.3d 538, 547 (5th Cir. 2008) (pre-enforcement challenges are generally ripe only if purely legal questions are present; case is not ripe for judicial review if further factual development is required).

Nor is this Court obligated to wade through Defendants' Corrected Answer to discover a

(Cont'd…)

**B.      Defendants Have Failed To State a Proper Affirmative Defense.**

Defendants' assertions on pages 13–23 of their Corrected Answer are an "insufficient" defense within the meaning of Rule 12(f) of the Rules of Civil Procedure.  The allegations they make bear no relation to the generally recognized affirmative defenses contained in Fed. R. Civ. P. 8(c).  Rather, they are simply untethered factual allegations about the behavior of the Department of Justice in matters entirely unconnected to whether Texas enacted SB14 for a discriminatory purpose or whether the law has a discriminatory result.

For the Defendants' allegations to create an affirmative defense, they would have to show that those facts, if proved, would defeat the United States' claims even if this Court were to find that SB14 was enacted for a racially discriminatory purpose or will result in a denial of equal opportunity to participate in the political process.  *See* 2 James Wm. Moore et al., Moore's Federal Practice ¶ 8.07[1] (3d ed. 2006) (explaining affirmative defenses).

But that simply is not the case here.  Even if Defendants' factual allegations were accurate (and they are not), they would not excuse Texas's violation of Section 2.  None of their allegations relates to any element of, or otherwise constitutes a cognizable defense to, the United States' Section 2 claims (which of course relate solely to SB 14 and the State of Texas).  They thus do not state a proper affirmative defense.  Since these allegations serve no permissible purpose with respect to the issues in this case, they should be stricken.  *See First Nat'l Bank*, 614

---

counterclaim that Defendants themselves chose not to bring.  *See Passic v. Michigan*, 98 F. Supp. 1015, 1016–17 (E.D. Mich. 1951) (finding that courts have no obligation to "grope through . . . matters foreign to the issue involved . . . in order to determine the grounds for [Defendants'] complaint"; *cf. Iafrate v. Compagnie Generale Transatlantique*, 12 F.R.D. 71, 71 (S.D.N.Y. 1951) (striking "fourteen pages full of foolscap").

F.2d at 1008 (finding that allegations lodged against plaintiff that "did not relate to the primary issue" before the Court "cannot be considered an affirmative defense").

**C.      Defendants' "Affirmative Allegations and Defenses" Prejudice the United States.**

The material on pages 13–23 of Defendants' Corrected Answer should be stricken because it is prejudicial. Keeping these allegations in the case will force the United States and this Court to expend scarce time and resources on issues immaterial to the core questions at issue. This Court has already granted the United States a protective order prohibiting Defendants' improper discovery on exactly these questions. *See* 07/24/2014 Hearing Tr. at 40:4-11 (granting the United States' motion for protective order against the Rule 30(b)(6) deposition of the Department of Justice's Office of Inspector General, ECF No. 355); *see also* 05/15/2014 Hearing Tr. at 19:12-17 (denying Defendants' request for judicial notice of the Department's 2013 OIG Report); 7/24/2014 Order (granting the United States' motion for protective order against the Rule 30(b)(6) deposition of Department deponent regarding the Department's Section 2 and Section 5 enforcement practices). If Defendants' allegations are not stricken, the United States and this Court will likely be compelled to devote many more hours revisiting the very issues that have already been deemed irrelevant to this case. This on-going waste of judicial and governmental resources is not in the interests of justice. *See Corley*, 2010 WL 3259376, at *2 ("Striking the immaterial allegations will ensure that the remaining discovery will focus on the only claims that can be litigated in this case.").

Moreover, given the limited time available to the Plaintiffs collectively at trial to meet their burdens of proof, every trial hour diverted to addressing baseless and irrelevant matters is one less hour available to address the core issues before the Court. That prejudice is palpable.

This case is not about the Defendants' disapprobation of the Department of Justice. It is instead about whether the State of Texas, by enacting and maintaining a particular strict voter photo identification law, has discriminated against Hispanic and African American Texans by denying them equal access to the political process. 42 U.S.C. § 1973(a). Adjudication of this profoundly serious issue is in no way served by transforming the proceeding into one Defendants would prefer to litigate instead.

## III.    CONCLUSION

For the reasons set forth above, the United States respectfully requests that this Court grant its motion to strike Defendants' "Affirmative Allegations and Defenses" pursuant to Federal Rule of Civil Procedure 12(f). Pursuant to Local Rule 7.1(C), a proposed order granting the requested relief is attached hereto.

## <u>CERTIFICATE OF CONFERRAL</u>

I hereby certify that the United States has in good faith conferred with Defendants in an effort to resolve this dispute without court action.

<u>*s/ Bradley E. Heard*</u>
Attorney, Voting Section
Civil Rights Division
U.S. Department of Justice

Date:  August 7, 2014

Respectfully submitted,

KENNETH MAGIDSON
United States Attorney
Southern District of Texas

MOLLY J. MORAN
Acting Assistant Attorney General
Civil Rights Division

*s/ Bradley E. Heard*
T. CHRISTIAN HERREN, JR.
RICHARD A. DELLHEIM
MEREDITH BELL-PLATTS
ELIZABETH S. WESTFALL
BRUCE I. GEAR
BRADLEY E. HEARD
JENNIFER L. MARANZANO
ANNA M. BALDWIN
DANIEL J. FREEMAN
Attorneys, Voting Section
Civil Rights Division
U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
Telephone: (202) 305-4196
Fax: (202) 307-3961
E-mail: Bradley.Heard@usdoj.gov

9

## <u>CERTIFICATE OF SERVICE</u>

This certifies that I have this day filed the within and foregoing **United States' Motion to Strike Defendants "Affirmative Allegations and Defenses"** electronically using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record through the Court's electronic filing system.

This 7th day of August, 2014.

*s/ Bradley E. Heard*
BRADLEY E. HEARD
Attorney, Voting Section
Civil Rights Division
U.S. Department of Justice
bradley.heard@usdoj.gov
