IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>RICK PERRY, *et al.*,<br><br>    Defendants. | Civil Action No. 2:13-cv-193 (NGR)<br>(Consolidated Action) |

## **ORDER**

  THIS MATTER is before the Court on the United States' Motion to Determine the Sufficiency of Defendants' Responses to the United States Corrected Second Set of Requests for Admission.  Upon due consideration of the parties' submissions and arguments and the extraordinary circumstances presented here, the Court finds that the boilerplate objections asserted by Defendants to 768 of the 770 admission requests should be disregarded, particularly given that, in each case, they are followed by substantive responses.  *See Porto Venezia Condominium Ass'n, Inc. v. WB Fort Lauderdale, LLC*, No. 11–60665–CIV, 2012 WL 7635868, at *4 (S.D. Fla. Aug. 13, 2012); *Old Reliable Wholesale, Inc. v. Cornell Corp.*, 5:06-CV-02389-DDD, 2008 WL 2323777, at *1 (N.D. Ohio Jun. 4, 2008).

  As to the substantive responses, Defendants' assertion of lack of knowledge or information as to 768 of the 770 requests is not accompanied by any indication or evidence that Defendants made a reasonable inquiry of information known or readily obtainable to the State of Texas; accordingly, the Court finds that Defendants' assertions are insufficient as a matter of law and equivalent to no response.  *See, e.g., Han v. Food and Nutrition Serv.*, 580 F. Supp. 1564,

1566 (D. N.J. 1984). In reaching this determination, the Court has considered that the requests in question relate primarily to documents created by the Office of the Texas Attorney General and the Texas Legislative Council, the latter being an arm of the Texas Legislature, and produced by the State of Texas to the United States in prior litigation. Under these circumstances, the Court finds that Defendants' assertion of lack of knowledge or information is untenable. *See, e.g., Stark-Romero v. Nat'l R.R. Passenger Co.*, 275 F.R.D. 551, 558 (D.N.M. 2011) (party must consult with their attorneys in responding to RFAs and provide information known by attorneys); *see also Adkins Energy, LLC v. Farmland Mut. Ins. Co.*, No. 04 C 50482, 2009 WL 1259344, at *6 (N.D. Ill. May 6, 2009) (duty to consult with former counsel).

Having found Defendants' responses to the United States' requests for admission be insufficient, and given the imminence of trial and the exceptional circumstances presented here, the Court therefore **GRANTS** the United States' motion and **ORDERS** that the 768 responses as to which Defendants have improperly asserted lack of knowledge or information are hereby deemed admitted. *Seals v. Wiman*, 304 F.2d 53, 64 (5th Cir. 1962), *cert. denied*, 372 U.S. 915 (1963), *and cert. denied*, 372 U.S. 924 (1963); *Brown v. Arlen Mgmt. Corp.*, 663 F.2d 575, 580 (5th Cir. 1981); *Two Guys Recycling, LLC v. Will Transport, Inc.*, No. 11-0048, 2011 WL 4502658, at *7-9 (W.D. La. 2011).

**SO ORDERED** this _____ day of _____, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE