IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 2:13-cv-193 (NGR) |
| RICK PERRY, *et al.*, | |
| Defendants. | |

**JOINT RESPONSE IN OPPOSITION TO MOTION TO COMPEL**

This brief is submitted by the Veasey-LULAC and Texas NAACP-MALC plaintiffs in opposition to that portion of Defendants' Motion to Compel (ECF No. 454), in which they seek "a list of respondents, with contact information, of all the individuals who responded to the survey undertaken by Drs. Barreto and Sanchez." As Texas should know, having relied on two public opinion surveys in the Section 5 litigation over SB 14 without disclosing "a list of [the survey] respondents, with contact information," this sort of information is not discoverable because:

- It violates the expectation of confidentiality of the survey respondents and the ethical obligations of the survey takers;

- It imperils the recognized utility of surveys as evidence;

- It is not needed to assess the validity and weight to be given to the survey;

- Texas has been provided with everything it needs to challenge the validity and weight to be given to the survey.

Sample surveys have become a staple of a wide variety of litigation because they provide "an economical and systematic way to gather information and draw inferences about a large number of individuals. . . ." FEDERAL JUDICIAL CENTER, REFERENCE MANUAL ON SCIENTIFIC 364 (3d Ed. 2011). They have featured prominently in voter identification cases. *See*, *e.g.*, *Frank v. Scott*, 2014 WL 1775432 (E.D. Wis. Apr. 29, 2014) (relying on Dr. Barreto's survey results); *Applewhite v. Pennsylvania*, 2014 WL 184988 (Pa. Commw. Ct. Jan. 17, 2014) (relying on Dr. Barreto's survey). Indeed, in *Texas v. Holder*, 888 F.Supp.2d 113 (D.D.C. 2012), the case brought by Texas seeking preclearance of SB 14 under Section 5 of the Voting Rights Act, Texas itself tried to rely on a survey of voters.[1] In none of these cases were the identities of the survey respondents revealed to the opposing party. In *Frank*, defendant's motion to compel production of that information was denied. Decision & Order, *Frank v. Walker*, No. 11-cv-01128 (E.D. Wis. Sept. 27, 2013) (Exh. 1 hereto). In *Holder v. Texas*, if Texas believed that a party offering a survey expert had a Rule 26 obligation to produce the respondents' identities, it certainly did not act that way.

The reasons are obvious, and go to the essence of courts' acceptance of survey evidence. As explained with great specificity in the Federal Judicial Center's REFERENCE MANUAL ON SCIENTIFIC EVIDENCE (3rd Ed. 2011):

> Because failure to extend confidentiality may bias both the willingness of potential respondents to participate in a survey and their responses, the professional standards for survey researchers generally prohibit disclosure of respondents' identities. . . . Although no surveyor-respondent privilege currently is recognized, the need for surveys and the availability of other means to examine and ensure their trustworthiness argue for deference to legitimate claims for confidentiality in order to avoid seriously compromising the ability of surveys of produce accurate information.

---

[1] The court in *Texas v. Holder* found the reliability of Texas' survey "seriously undermined by [its] extraordinarily low response rates" of 2%. 888 F.Supp.2d at 131. The Barreto/Sanchez survey has a response rate of 26.3% and a cooperation rate of 39.2%. ECF No. 370 at 16.

> Copies of all questionnaires should be made available upon request so that the opposing party has an opportunity to evaluate the raw data. <u>All identifying information, such as the respondent's name, address, and telephone number, should be removed to ensure respondent confidentiality.</u>

*Id*. at 417-18 (emphasis added). Accordingly, courts have consistently refused to allow the discovery sought by Defendants here. *See, e.g.*, *Applera Corp. v. MJ Research, Inc.*, 389 F.Supp.2d 344, 350 (D. Conn. 2005) (citing to REFERENCE MANUAL); Order, *Oklahoma v. Tyson Foods, Inc.*, No. 05-cv-329 (N.D. Okl. March 11, 2009) (Exh. 2 hereto) (citing to REFERENCE MANUAL and denying discovery on the basis that confidentiality is not outweighed by the need for information); *Frank v. Walker*, *supra*, Exh. 1 (ruling that because Dr. Barreto did not rely on the identities of the respondents in reaching his opinions, "[t]he participant's names will not help defendants understand Barreto's testimony"); *Lampshire v. Procter & Gamble Co.*, 94 F.R.D. 58, 59-60 (N.D. Ga. 1982) (refusing to allow discovery of personal identifying information from CDC study, because "the validity of the CDC studies can be addressed without actually contacting the subjects"); *Jewel Companies, Inc. v. GranJewel Jewelers & Distributors, Inc.*, 1975 WL 21140 (M.D. Fla. 1975) (denying motion to compel discovery seeking production of identities of interviewees in a trademark survey on work product grounds).[2] Despite this authority, Defendants cite not a single case in support of its motion.

The Barreto/Sanchez survey was conducted in accordance with the best practices of social science research groups, such as the American Association of Public Opinion Research

---

[2] The only decisions which Plaintiffs have found that allowed remotely similar discovery were affirmances of Magistrate's decisions under the "clearly erroneous" standard under circumstances dealing with commercial litigation surveys, *U.S. Surgical Corp. v. Orris, Inc.*, 983 F. Supp. 963, 969-70 (D. Kan. 1997) (survey of surgeons to see if they could differentiate between new and re-sterilized instruments); *Static Control Components, Inc. v. Lexmark International, Inc.*, 2007 WL 102088 (E.D. Ky. 2007) (noting that "the Court may have come to a different conclusion"), and one other Magistrate Judge decision, *Comm-Tract Corp. v. Northern Telecom, Inc.,* 143 F.R.D. 20, (D. Mass. 1992) (Magistrate decision allowing partial discovery on basis that survey responses constituted hearsay).

("AAPOR"). ECF No. 370, at 13, 16 and n.12. The AAPOR Code of Ethics is explicit on the issue of expectations of confidentiality:

> 5. Unless the respondent explicitly waives confidentiality for specified uses, we shall hold as privileged and confidential all information that could be used, alone or in combination with other reasonably available information, to identify a respondent with his or her responses. We also shall not disclose or use the names of respondents or any other personally-identifying information for non-research purposes unless the respondents grant us permission to do so.
>
> 6. We understand that the use of our research results in a legal proceeding does not relieve us of our ethical obligation to keep confidential all respondent-identifying information (unless waived explicitly by the respondent) or lessen the importance of respondent confidentiality.

AAPOR Code of Ethics (Rev. May 2010), *available at* http://www.aapor.org/AM/Template.cfm?Section=Standards_and_Ethics&Template=/CM/ContentDisplay.cfm&ContentID=3140.

Against this clear expectation of confidentiality, Defendants have offered no reason for needing this information. Indeed, Defendants' entire argument in support of their motion is contained in a single sentence, that the information is needed to allow them "to check whether the respondents' answers were accurate. . . ." ECF No. 454 at 4. That argument fails, because it is clear from the face of their report that Drs. Barreto and Sanchez did not rely on the individual identification information of any respondents, but rather on their anonymous responses. In order to adjudge the weight and admissibility of the surveys, this Court will inquire into only (1) the format of the questions, and (2) the manner of conducting the survey, including the adequacy of the universe surveyed. *Scott Fetzer Co. v. House of Vacuums, Inc.*, 381 F.3d 477, 487 (5th Cir. 2004); *Exxon Corp. v. Texas Motor Exch. of Houston, Inc.*, 628 F.2d 500, 506 (5th Cir. 1980). *See also* FED. R. EVID. 703, Advisory Committee Note (noting that, under the rule, in addressing the admissibility of public opinion poll evidence: "Attention is directed to the validity of the techniques employed rather than to relatively fruitless inquiries whether hearsay is involved.")

Here, Plaintiffs produced, <u>simultaneously with their production of the report on June 27</u>,[3] a complete description of the Barreto/Sanchez methodology, the precise questions asked of respondents, and the complete database in electronic form, which has allowed Defendants' experts to analyze each respondent's response. The <u>only</u> things that Defendants did not receive were the names and addresses of the respondents. And the <u>only</u> possible uses that Defendants might make of that information are to use the resources of the State to investigate these individuals through confidential State records or contact them directly, which would not only breach the respondents' expectations of confidentiality and violate the public policy favoring the use of surveys in courts, but also run the risk of intimidation of these citizens. These uses are illegitimate and this discovery should not be allowed.

## **CONCLUSION**

For the reasons set forth above, Defendants' Motion to Compel should be denied.

Date: August 12, 2014                    Respectfully submitted,

                                         s/ Ezra Rosenberg
                                         Ezra D. Rosenberg
                                         Michelle Hart Yeary
                                         DECHERT LLP
                                         902 Carnegie Center, Suite 500
                                         Princeton, New Jersey 08540-6531
                                         ezra.rosenberg@dechert.com

---

[3] We emphasize that this information was produced over six weeks ago, because, in their brief, Defendants write that "[m]ore than a month has passed since their expert disclosure deadline; however, . . . Veasey-LULAC, and Texas NAACP-MALC have failed to provide Defendants with complete sets of expert disclosures as required by Federal Rule of Civil Procedure 26(a)(2)(B)." (Br. at 4). As noted above, in the Section 5 litigation, Texas did not view Rule 26(a)(2)(B) as requiring disclosure of the identities of the respondents to its expert's surveys. Further, having been provided with the report and back-up information on June 27, Defendants waited until August 4 to write: "[D]id you guys provide identifying information, including contact information, for the Barreto-Sanchez survey respondents? If not, can we get that information as soon as possible?" (Exh. 3 hereto).

Amy L. Rudd
Lindsey Cohan
DECHERT LLP
500 W. 6th Street, Suite 2010
Austin, Texas 78701
lindsey.cohan@dechert.com

Wendy Weiser
Myrna Pérez
Vishal Agraharkar
Jennifer Clark
The Brennan Center for Justice at NYU Law School
161 Avenue of the Americas, Floor 12
New York, New York 10013-1205
wendy.weiser@nyu.edu
myrna.perez@nyu.edu
vishal.agraharkar@nyu.edu
jenniferl.clark@nyu.edu

Robert A. Kengle
Mark A. Posner
Sonia Kaur Gill
Erandi Zamora
Lawyers' Committee for Civil Rights Under Law
1401 New York Avenue, N.W., Suite 400
Washington, D.C. 20005
mposner@lawyerscommittee.org

Daniel Gavin Covich
Covich Law Firm LLC
Frost Bank Plaza
802 N Carancahua, Ste 2100
Corpus Christi, TX 78401
daniel@covichlawfirm.com

Gary Bledsoe
PotterBledsoe, L.L.P.
316 W. 12th Street, Suite 307
Austin, Texas 78701
garybledsoe@sbcglobal.net

Robert Notzon
The Law Office of Robert Notzon
1502 West Avenue
Austin, Texas 78701
Robert@NotzonLaw.com

Jose Garza
Law Office of Jose Garza
7414 Robin Rest Drive
San Antonio, Texas 98209
garzapalm@aol.com

Kim Keenan
Marshall Taylor
Victor Goode
NAACP
4805 Mt. Hope Drive
Baltimore, Maryland 21215
kkeenan@naacpnet.org
mtaylor@naaacpnet.org
vgoode@naacpnet.org

*Counsel for Plaintiffs Texas State Conference of NAACP Branches, Mexican American Legislative Caucus of the Texas House of Representatives*

Chad W. Dunn
K. Scott Brazil
Brazil & Dunn
4201 Cypress Creek Parkway, Suite 530
Houston, Texas  77068
chad@brazilanddunn.com
scott@brazilanddunn.com

J. Gerald Hebert
Campaign Legal Center
215 E Street, N.E.
Washington, D.C. 20002
GHebert@campaignlegalcenter.org

Neil G. Baron
Law Office of Neil G. Baron
914 FM 517 W, Suite 242
Dickinson, Texas 77539
neil@ngbaronlaw.com

7

David Richards
Richards, Rodriguez & Skeith, LLP
816 Congress Avenue, Suite 1200
Austin, Texas 78701
daverichards4@juno.com

Armand G. Derfner
Derfner, Altman & Wilborn, LLC
575 King Street, Suite B
Charleston, South Carolina 29402
aderfner@dawlegal.com

*Counsel for Plaintiffs Marc Veasey, Floyd James Carrier, Anna Burns, Michael Montez, Penny Pope, Jane Hamilton, Sergio DeLeon, Oscar Ortiz, Koby Ozias, John Mellor-Crummey, and League of United Latin American Citizens ("LULAC")*

Luis Roberto Vera, Jr.
LULAC National General Counsel
The Law Offices of Luis Vera Jr., and Associates
1325 Riverview Towers, 111 Soledad
San Antonio, Texas 78205-2260
lrvlaw@sbcglobal.net

*Counsel for LULAC*

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2014, I served a true and correct copy of the foregoing via the Court's ECF system on all counsel of record.

/s/ Lindsey B. Cohan
Lindsey B. Cohan
State Bar No. 24083903
DECHERT LLP
500 W. 6th Street, Suite 2010
Austin, TX 78701
Telephone: (512) 394-3000
Facsimile: (512) 394-3001
lindsey.cohan@dechert.com