UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARC VEASEY, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-00193 |
| | § | |
| RICK PERRY, *et al*, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND ADDITIONAL DEPOSITION TESTIMONY FROM VARIOUS INDIVIDUAL AND ORGANIZATIONAL PLAINTIFFS**

Defendants find themselves before the Court, on the eve of trial, forced to move to compel the production of documents, and additional deposition testimony, from various Individual and Organizational Plaintiffs.[1] These Plaintiffs have, in bad faith, refused to live up to representations and agreements they made during the meet-and-confer process over the past three months. The documents include: (1) documents which could be used to obtain a Birth Certificate ("Birth Certificate Documents"); (2) certain Documents which could be used to obtain Election Identification Certificates and/or a Texas Driver's License or Personal Identification Card ("SB 14 IDs" and "Identification Documents"); and (3) documents relating to the membership of the Organizational Plaintiffs ("Membership Documents", and, collectively, the "Contested Categories").

---

[1] The Individual Plaintiffs include Lionel Estrada, Eulalio Mendez, Jr., Lenard Taylor, Margarito Martinez Lara, and Estela Garcia Espinoza (the "Ortiz Individuals"), Gordon Benjamin, Floyd J. Carrier, Ken Gandy (the "Veasey-LULAC Individuals"), and Imani Clark. The Organizational Plaintiffs include *La Union Del Pueblo Entero* ("LUPE"), the League of United Latin American Citizens ("LULAC"), the Texas League of Young Voters Education Fund ("TLYVEF"), and the Texas Association of NAACP Branches ("Texas NAACP").

1

Defendants requested these documents in March.[2] Since May, Defendants had gone to great lengths to confer with all the Plaintiffs regarding their various objections. (*See* Ex. 1.)  Until August 12, Defendants understood that the Individual and Organizational Plaintiffs were amenable to utilizing stipulations to substitute for documents in the Contested Categories.  Now, these Plaintiffs have either ignored Defendants' requests to confer on draft Stipulations Defendants provided, or, in the case of the Ortiz Plaintiffs (and the Texas NAACP and TLYVEF, as respects the Membership Documents only), refused to enter into any fact stipulations.  (*See* Ex. 1 at 107, 111.)  Defendants are thus without plainly relevant discovery which proves whether or not the Individual and Organizational Plaintiffs are affected by SB 14, or whether they have any legitimate *legal*, as opposed to political or policy reason, for being a part of this litigation.  Defendants should not be deprived of such discovery because of the dilatory, hide-and-seek tactics of the Plaintiffs in responding to Defendants' legitimate and relevant discovery requests.  As the narrative below makes clear, further conference with the Plaintiffs would only serve to prejudice the Defendants more. It is now clear that nothing short of an order from this Court will compel Plaintiffs to comply with their obligations under the Federal Rules of Civil Procedure.

## I.     Documents Requested From The Individual Plaintiffs

---

[2] Defendants have not included citations to each specific request.  Defendants note that the bulk of the documents to which Defendants proposed to have Plaintiffs stipulate are either explicitly requested in the Defendants' First RFP to each of the Individual Plaintiffs, or, alternatively, are responsive to Defendants' Second RFPs to each of the Individual Plaintiffs, requesting documents responsive to various allegations in the Individual Plaintiffs' Complaints.  Defendants move this Court to compel production of Birth Certificate, Identifying, and Membership Documents which are responsive to the Plaintiffs' First and Second RFPs to the Individual Plaintiffs.

Defendants requested the production of documents which can used as to obtain an Election Identification Certificate ("EIC") or a Texas Driver's License ("DL") or Personal Identification Card ("PIC")[3] from each of the individual Plaintiffs in this litigation who alleged they are disenfranchised by SB 14.  In addition, since a Birth Certificate is a form of Secondary Identification which can be used to obtain an EIC or a Texas DL or PIC, Defendants also requested documents identified in 25 T.A.C. § 181.28.  Plaintiffs objected to producing several of these documents,[4] and only produced a cherry-picked, arbitrary handful of documents responsive to the various requests, which did not give Defendants a full picture of the documents the individual Plaintiffs possess which would allow them to obtain SB 14 IDs.

During the meet-and-confer process, Defendants communicated to Plaintiffs that proof of whether or not the individual Plaintiffs had, or were able to obtain an SB 14 ID, was relevant to their asserted injury here. *See, e.g., Lujan v. Defendants of Wildlife*, 504 U.S. 555, 560-61 (1992)(footnote and citations omitted). Defendants attempted to work with Plaintiffs, and, in May 2014, circulated draft checklists of Birth Certificate and Identification Documents, which certain of the individual Plaintiffs, who either alleged they did not have an original or certified copy of their birth certificate, an SB 14 ID, or both, would execute under penalty of perjury (the "May Lists"). (*See* Ex. 1 at 12-23.)

---

[3] Including, for purposes of the Texas Driver's License or Personal Identification Card, documents which could be used as proof of residency, which is not required to obtain an EIC.
[4] For example, Plaintiffs refused to produce school records, medical records, insurance policies, court orders, government identification documents, and certain tax documents.  In addition, Plaintiffs refuse to produce certain employment-related and immigration-related documents which could otherwise demonstrate that they at some point had, or were able to obtain, an SB 14 ID.

In June 2014, counsel for the Veasey-LULAC Individuals expressed concerns with the May Lists, arguing they (1) were too broad; (2) required client signature under penalty of perjury; (3) lacked a qualification regarding a reasonable and diligent search; and also that (4) certain of the Plaintiffs were not born in Texas, so Texas' requirements to obtain a birth certificate were not relevant to them. (*See* Ex. 1 at 48-49.) Counsel for Ms. Clark also took issue with client signature and to Defendants' proposed eventual right to request production of the documents, and in discussions, represented that she would be more amenable to a stipulation procedure. (*See* Ex. 1 at 36-39; 56-57.) Counsel for the Ortiz Plaintiffs responded by representing that their clients' Birth Certificate and Identification Documents had been produced (*see* Ex. 1 at 50-54), but other counsel for the Ortiz Plaintiffs had previously, and later indicated that was not in fact the case, and that only some of these documents had been produced. (*See, e.g.,* Ex. 2 at 14:3-14.) Counsel for the Ortiz Plaintiffs also represented that various allegations in their First Amended Complaint were no longer true, but did not seek to amend that Complaint (or provide any evidence of counsel's representations). (*See* Ex. 1 at 50-54.) Moreover, Ortiz Plaintiff Mr. Taylor walked out of his deposition after approximately 2 hours of questioning, without allowing counsel for Defendants to complete his questioning. (*See* Ex. 3 at 65:8 – 66:13.)

On August 11, Defendants circulated Proposed Stipulations, which addressed each of Plaintiffs' concerns, by eliminating the need for client signature, including "reasonable and diligent search" language, and significantly narrowing the

documents requested, by, for example, only requiring Plaintiffs to stipulate to four forms of certain documents. (*See* Ex. 1 at 62-106.)  Defendants requested only five Individual Plaintiffs complete Birth Certificate Stipulations: Lionel Estrada, Eulalio Mendez, Jr., Lenard Taylor, Margarito Martinez Lara, and Gordon Benjamin (the "Birth Certificate Plaintiffs"), all of whom themselves, or through counsel, alleged that they neither had an SB 14 ID nor a certified copy or original birth certificate.[5]  Defendants requested that four other Plaintiffs who alleged in their respective Complaints that they lack an SB 14 ID, but who had produced or testified they have certified copies of their birth certificates, fill out the Identification Documents Stipulations: Floyd J. Carrier, Ken Gandy, Imani Clark, and Estela Garcia Espinosa, in addition to the Birth Certificate Plaintiffs.

## II.  Documents Requested from The Organizational Plaintiffs

In their RFPs to the Organizational Plaintiffs, Defendants also requested all documents and tangible things relating to the "database(s) of all members of [the organization]" as those databases existed on the respective dates the organizations filed their original and amended Complaints, as well as the "present"[6]; and (2) "any change in the number of voters who are members of [the organization] and

---

[5] The Birth Certificate Stipulations were tailored to each Plaintiff; for example, Mr. Lara's accounted for his allegation that a birth certificate was never issued for him, and Mr. Benjamin's accounted for his birth in Louisiana. Defendants originally proposed to not require individuals over 75, who were not alleging that they would need to obtain a delayed birth certificate, to fill out a birth certificate stipulation, as these birth certificates are considered public records.  *See* http://www.dshs.state.tx.us/vs/reqproc/faq/birthdeath.shtm.

[6] The same information was requested, and provided (in the form of links), in at least some form, by the Texas Association of Hispanic County Judges and County Commissioners and the Mexican American Legislative Caucus,

5

participated in elections between 2011 and 2013".[7] All of the Organizational Plaintiffs refused to provide any membership information which was responsive to the first category of Membership Documents, and the Texas NAACP asserted a similar objection to the second category of Membership Documents.

Whether any member of the Organizational Plaintiffs has allegedly been harmed by SB 14 is plainly relevant to their legal rights to participate in this lawsuit. *See, e.g.*, *Lujan*, 504 U.S. at 560-61 (footnote and citations omitted). Defendants understand a significant portion of the Organizational Plaintiffs oppose SB 14 on policy or political grounds (many of them lobbied Democratic members of the Legislature to defeat voter identification bills for years). Plaintiffs, however, have the burden of demonstrating that they have a legally cognizable injury, and Defendants must be able to defend against such showing by the Plaintiffs by having the evidence that proves otherwise.

Defendants communicated the relevance of the membership information to the Organizational Plaintiffs during the meet-and-confer process, and, on May 29, Defendants memorialized their understanding that counsel for the Texas NAACP provide "draft stipulation" language on each of their behalf. (Ex. 1 at 8-11.) Defendants received the "draft stipulation" from counsel for the Texas NAACP, which was eventually negotiated to require Plaintiffs to stipulate to the following facts (the "June 3 Agreement"):

---

[7] The Request for Production to LUPE mistakenly referred to November 7, 2013, as the filing date of LUPE's Original Complaint, as opposed to November 5, 2013.

> To the extent that a plaintiff organization has alleged that its standing is based in whole or in part on injury to any of its members, said plaintiff organization may respond to a request by defendants for production of membership lists by either (1) identifying the member or members of whom the plaintiff organization is aware who have been or may be injured by implementation of SB 14 or (2) stating that it is either unaware of the identity of any particular member who has been or may be injured by implementation of SB 14 or that it does not maintain sufficient information to identify any particular member who has been or may be injured by implementation of SB 14.[8]

(*See* Ex. 1 at 8-11; 24-34; 40-47.)

Counsel for the Organizational Plaintiffs have provided certain representations regarding the membership of the Organizational Plaintiffs. There has been very limited testimony on the membership of the Organization Plaintiffs which have been deposed to date (LUPE, TLYVEF, and the Texas NAACP), as counsel for Defendants limited deposition questioning of the Organizational Plaintiffs on the grounds that a stipulation would eventually be executed. Importantly, however, none of the Organizational Plaintiffs have identified, by name, a single member

---

[8] The June 3 Agreement also provided that "Any plaintiff organization identifying a particular person as a member of its organization may designate the person's membership in the organization and/or related information as Highly Confidential under the Protective Order entered in this case. Other than the information set forth in this paragraph, defendants will not be entitled to any other information, unless otherwise publicly disclosed, as to who is a member of any plaintiff organization. The foregoing does not prohibit defendants from inquiring further at depositions about the information provided pursuant to (1) and (2) above, in which case plaintiff organizations may assert any objection (including any applicable privilege) as may be appropriate. Plaintiffs understand that notwithstanding the foregoing, Defendants may inquire at a deposition as to how an organization's members join the organization (without reference to the specific identity of any members whom Plaintiffs are not alleging to have been or may be injured by the implementation of SB 14), subject to any objection (including any applicable privilege) as may be appropriate. Defendants request that the League of United Latin American Citizens, The Texas League of Young Voters Education Fund, and La Union Del Pueblo Entero produce their responses to Defendants at least one week in advance of their respective depositions. In light of the Texas State Conference of NAACP Branches ("Texas NAACP") deposition scheduled for tomorrow, Defendants request that the Texas NAACP produce its response by the close of business today, or, alternatively, that it bring its response to tomorrow's deposition. Please advise as to when the Texas NAACP will produce its response." (*See* Ex. 1 at 45.)

they allege to have been harmed by SB 14 at the time of the deposition, prior to the deposition, or even at present, beyond a cursory representation by counsel for the Texas NAACP in an August 12 e-mail, [9] for which not a single piece of supportive evidence has been presented (including in that individual's videotaped deposition). (*See* Ex. 1 at 110.) On August 5, 2014, Defendants circulated Membership Stipulations, reflecting the June 3 Agreement, to be filled out by the Organizational Plaintiffs. (*See* Ex. 1 at 114-133.) Defendants also circulated a revised Stipulation to LUPE on August 11, reflecting counsel for LUPE's representation that it could not sign the August 5 stipulation because it was not basing its standing in whole or in part on alleged injury to its members, despite explicit allegations in their First Amended Complaint to the contrary (which has never been amended), and counsel's representation on August 7 that LUPE was not opposed to entering into a stipulation to that effect. (*See* Ex. 1 at 58-61.)

III. **The Eleventh Hour Refusal to Discuss the Proposed Stipulations**

At the eleventh hour before trial, no Individual or Organizational Plaintiff is willing to enter into any fact stipulations.[10] Counsel for the Individual Veasey-LULAC Plaintiff and LULAC have simply ignored Defendants' e-mails requesting conferral prior to the close of business on August 13. (*See* Ex. 1 at 108-113.)

---

[9] Counsel for the Texas NAACP, contrary to what had been previously negotiated by that very counsel, also told Defendants that the Texas NAACP would not be entering into any stipulation, but if it were relying on the individual counsel had identified in an e-mail as a member of the NAACP for standing, it would present evidence to that effect despite that this individual had not been questioned in her videotaped deposition whether she was a member of the Texas NAACP, and there are no documents to that effect which have been produced to Defendants.

[10] Defendants circulated an additional stipulation regarding Document Production on August 11 to which no Plaintiff has agreed, but in the spirit of compromise, and based on written representations from Counsel, Defendants are not seeking relief from the Court as to the subject of that stipulation.

8

Counsel for LUPE and the Individual Ortiz Plaintiffs, in a complete 180, informed Defendants on August 12 that they would not sign any stipulation (including the one which contained language explicitly discussed on August 7). (*See* Ex. 1 at 107.) Counsel for the TLYVEF and Imani Clark, in an e-mail sent past the close of business on August 13, ignored the Defendants' Proposed Birth Certificate and Identification Document Stipulations, and refused to enter into any Membership Stipulation. As of this time of this filing, Defendants were unable to resolve issues with the Texas NAACP.

The party invoking the federal jurisdiction bears the burden of meeting the standing requirements. *Lujan,* 504 U.S. at 561. Defendants were amenable to their not searching for the documents if they stipulated to certain facts. Plaintiffs seemed agreeable, but now are reneging. Defendants are again left in a position where Plaintiffs represent that they will endeavor to cooperate in one way, but ultimately after the passage of much time refuse to do so. In essence, it appears that meet-and-confer process not as a method for cooperation and resolution, but as a tool to prejudice the Defendants' discovery rights.

### IV. Conclusion

The Defendants respectfully seek an order from the Court compelling the Individual and Organizational Plaintiffs to produce the Birth Certificate, Identification, and Membership Documents to Defendants, and to permit Defendants to re-open depositions as Defendants deem necessary, in Austin, to

9

inquire as to the Contested Categories. Pursuant to Local Rule 7.1(c), a proposed order granting the requested relief is attached hereto.

Dated: August 13, 2014

        Respectfully submitted,

        GREG ABBOTT
        Attorney General of Texas

        DANIEL T. HODGE
        First Assistant Attorney General

        JONATHAN F. MITCHELL
        Solicitor General

        J. REED CLAY, JR.
        Special Assistant and Senior Counsel
        to the Attorney General
        Southern District of Texas No. 1160600

        */s/ John B. Scott*
        JOHN B. SCOTT
        Deputy Attorney General for Civil Litigation
        Southern District of Texas No. 10418
        Texas State Bar No. 17901500
        ATTORNEY-IN-CHARGE

        G. DAVID WHITLEY
        Assistant Deputy Attorney General
        Southern District of Texas No. 2080496

        STEPHEN RONALD KEISTER
        Assistant Attorney General
        Southern District of Texas No. 18580

        JENNIFER MARIE ROSCETTI
        Assistant Attorney General
        Southern District of Texas No. 224780

        LINDSEY ELIZABETH WOLF
        Assistant Attorney General
        Southern District of Texas No. 2292940

FRANCES WHITNEY DEASON
Assistant Attorney General
Southern District of Texas No. 2302872

STEPHEN LYLE TATUM, JR.
Assistant Attorney General
Southern District of Texas No. 2338090

209 West 14th Street
P.O. Box 12548
Austin, Texas 70711-2548
(512) 475-0131

BEN A. DONNELL
Donnell, Abernethy & Kieschnick
555 N. Carancahua, Suite 1770
Corpus Christi, Texas 78401-0853
Southern District of Texas No. 5689

COUNSEL FOR THE STATE OF TEXAS, RICK PERRY, JOHN STEEN, and STEVE MCCRAW

11

## **CERTIFICATE OF CONFERENCE**

      Pursuant to Local Rule 7.1(D), I hereby certify that counsel for the Defendants have conferred with counsel for the Organizational and Individual Plaintiffs regarding this motion.

                                              */s/ Lindsey E. Wolf*
                                              LINDSEY E. WOLF

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2014, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

*/s/ John B. Scott*
JOHN B. SCOTT