# Exhibit 1

ATTORNEY GENERAL OF TEXAS
GREG ABBOTT

May 8, 2014

LINDSEY E. WOLF
ASSISTANT ATTORNEY GENERAL

Ryan S. Haygood                                                *Via Electronic Mail*
NAACP Legal Defense and Educational Fund, Inc.
40 Rector Street, 5th Floor,
New York, New York 10006

M. Hasan Ali
Wilmer Cutler Pickering Hale & Dorr, LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006

Marinda Van Dalen
Texas Riogrande Legal Aid, Inc.
531 East St. Francis St.
Brownsville, Texas 78529

Chad W. Dunn
Brazil & Dunn LLP
4201 Cypress Creek Parkway, Suite 530
Houston, Texas 77068

J. Gerald Herbert
Campaign Legal Center
215 E Street, NE, Washington, DC 20002

Neil G. Baron, Law Office of Neil G. Baron
914 FM 517 W, Suite 242
Dickinson, Texas 77539;

Armand G. Derfner
Derfner, Altman & Wilborn, LLC
575 King Street
Suite B
Charleston, South Carolina 29403

Luis Roberto Vera, Jr.
LULAC National General Counsel
The Law Offices of Luis Vera Jr., and Associates
1325 Riverview Towers, 111 Soledad
San Antonio, Texas 78205-2260.

POST OFFICE BOX 12548, AUSTIN, TEXAS 78711-2548 WEB: WWW.TEXASATTORNEYGENERAL.GOV
*An Equal Employment Opportunity Employer · Printed on Recycled Paper*

1

Counsel for the Individual Ortiz Plaintiffs, LUPE, TLYVEF, Imani Clark, Michelle Bessiake, the
Individual Voter Veasey Plaintiffs, LULAC, Dallas County, and Plaintiffs Marc Veasey, Jane
Hamilton, Sergio DeLeon, Michael Montez, Peggy Pope and Oscar Ortiz
May 8, 2014

Re: *Veasey v. Perry*, No. 2:13-cv-193 (S.D. Tex.)

Dear Counsel:

Defendants write concerning the recent service of certain Responses and Objections ("R&Os") to
various discovery requests propounded by Defendants.[1]  These R&Os include R&Os to (1)
Defendants' First Request for the Production of Documents ("RFP(s)") to (a) Plaintiffs Belinda
Ortiz, Lenard Taylor, Eulalio Mendez Jr., Lionel Estrada, Estela Garcia Espinosa, Lydia Lara,
Margarito Martinez Lara, and Maximina Martinez Lara) (the "Individual Ortiz Plaintiffs"); (b)
Anna Burns, Evelyn Brickner, Floyd Carrier, Gordon Benjamin, John Mellor-Crummey, Ken
Gandy, Koby Ozias, and Peggy Draper-Herman (the "Individual Voter Veasey Plaintiffs"); and
(c) Plaintiffs Michelle Bessiake and Imani Clark.  In addition, Defendants write regarding the
respective R&Os to Defendants' First RFP to (a) *La Union Del Pueblo Entero* ("LUPE"); (b) the
League of United Latin American Citizens ("LULAC") and (c) the Texas League of Young
Voters Education Fund ("TLYVEF").  Defendants also write concerning the R&Os to
Defendants' Combined Second RFP and First Set of Interrogatories to (a) the Individual Ortiz
Plaintiffs; (b) LUPE; (c) Plaintiffs Michelle Bessiake and Imani Clark; and (d) TLYVEF, and the
R&Os to Defendants' Second RFPs to the Individual Voter Veasey Plaintiffs (collectively,
"Plaintiffs' R&Os").

Defendants have identified the following significant issues with the Plaintiffs' R&Os.
Defendants reserve the right to bring to Plaintiffs' attention and assert additional issues as they
arise in Defendants' review of Plaintiffs' R&Os and related production materials.

- **Assertion of the Common Interest Privilege:** Plaintiffs assert the common interest
  privilege over communications between and among Plaintiffs, which, as reflected in
  specific R&Os, appears to be inconsistently applied as between the LUPE, LULAC, and
  TLYVEF plaintiffs.  The common interest privilege among Plaintiffs has not been
  recognized by Courts in the Fifth Circuit.  Moreover, even assuming Plaintiffs could
  assert such a privilege, Plaintiffs refuse to produce a privilege log for "thousands" of
  communications they allege are protected by the "common interest privilege", in direct
  violation of Paragraph 24 of the Agreement Concerning Production Format in this
  matter.  E.g., ECF # 61-1; General Objections, Para. 1 of LUPE's and TLYVEF's, and
  Para. 4 of LULAC's, respective R&Os to Defendants' First RFP to each respective
  organizational Plaintiff; Para 2. of the Individual Voter Veasey Plaintiffs' R&Os to
  Defendants' Second RFP; Para 1. of each Individual Ortiz Plaintiff's R&Os to
  Defendants' Second RFP; Para. 1 of Plaintiffs Michelle Bessiake's, Imani Clark's, and
  TLYVEF's respective R&Os to Defendants' Combined Second RFP and First Set of
  Interrogatories.

- **Refusal to Provide Non-Privileged Documents Regarding Immediate Family
  Members Who Have a Direct, Tangible Interest in the Individual Plaintiffs' Birth
  Certificates:** Plaintiffs refuse to provide non-privileged documents responsive to

---

[1] Defendants gave Plaintiffs LUPE and the Individual Ortiz Plaintiffs (as defined herein) extensions until May 12,
2014, and May 9, 2014, respectively, to respond to the various RFPs served on them, and accordingly, the issues
identified herein with respect to those Plaintiffs are limited to the written R&Os received to date from LUPE and the
Individual Ortiz Plaintiffs.

Counsel for the Individual Ortiz Plaintiffs, LUPE, TLYVEF, Imani Clark, Michelle Bessiake, the Individual Voter Veasey Plaintiffs, LULAC, Dallas County, and Plaintiffs Marc Veasey, Jane Hamilton, Sergio DeLeon, Michael Montez, Peggy Pope and Oscar Ortiz
May 8, 2014

requests seeking documents relating to immediate family members, or other individuals with a direct, tangible interest in an individual Plaintiff's birth certificate. Plaintiffs refuse to provide the documents despite that the RFPs are specifically tailored to determine whether those family members or other individuals with a direct, tangible interest in the individual Plaintiff's birth certificate, would be able to obtain a certified copy of the individual Plaintiff's birth certificate on the individual Plaintiff's behalf. Further, the documents are being withheld by Plaintiffs despite that such RFPs only seek documents which are also in each respective individual Plaintiff's possession, custody, or control, and despite that any confidential information of any third party would be protected by the Consent Protective Order entered into between the parties to this matter. See ECF #105.

- **Individual Plaintiffs' Refusal to Provide (1) Documents Identified As "Supporting Documents" Under 37 T.A.C. § 15.181; (2) Documents Which Might Be Used to Obtain Another Form of Identification Identified in SB 14, as enacted by the State of Texas' 82nd Legislature and (3) Documents Which Would Demonstrate That Plaintiffs May Have Had Documents Required by SB 14 as enacted by the State of Texas' 82nd Legislature, or The Ability to Obtain One of Those Documents, following the passage of SB 14 as enacted by the State of Texas' 82nd Legislature:** Plaintiffs refuse to produce copies of documents which would serve as a "supporting document" pursuant to 37 T.A.C. § 15.181, or, which might be used to obtain another form of identification identified in SB 14 as enacted by the State of Texas' 82nd Legislature, such as school records, medical records, insurance policies, court orders, government identification documents, and certain tax documents. In addition, Plaintiffs refuse to produce certain employment- and immigration-related documents which could otherwise demonstrate that at some point, they had, or were able to obtain, a form of identification identified in SB 14 as enacted by the State of Texas' 82nd Legislature. The Plaintiffs refuse to provide these documents despite that each Plaintiff alleges that he/she lacks one of the forms of identification acceptable under SB 14 as enacted by the State of Texas' 82nd Legislature, or is unable to change the name on a form of identification acceptable under SB 14 as enacted by the State of Texas' 82nd Legislature he/she possesses, in each Plaintiff's respective Complaint See, e.g., Veasey-LULAC Plaintiffs' Second Amended Complaint at Para. 8; TLYVEF et. al Amended Complaint in Intervention at Paras. 10, 25; Ortiz et al First Amended Complaint at Paras. 59, 65, 69, 72, 75, 80, 84, 88.

- **Arbitrary Date Limitations and Objection to the Definition of SB 14:** Plaintiffs' refuse to produce, compile, or include in a privilege log any documents responsive to Defendants' requests for documents and tangible things dated prior to January 1, 2012. Moreover, in their R&Os to Defendants' Second RFP, the Individual Ortiz Plaintiffs refuse to produce documents responsive to the two discovery requests in that RFP dated prior to January 1, 2013. LUPE and LULAC, and, in their Responses and Objections to Defendants' Second RFP (but notably not the First), the Individual Ortiz Plaintiffs and the Individual Voter Veasey Plaintiffs, also contend that they cannot agree to the Defendants' definition of SB 14 because they are unable to identify predecessor bills to SB 14, and, accordingly, interpret SB 14 only to mean SB 14, as enacted by the State of Texas' 82nd Legislature.

Counsel for the Individual Ortiz Plaintiffs, LUPE, TLYVEF, Imani Clark, Michelle Bessiake, the
Individual Voter Veasey Plaintiffs, LULAC, Dallas County, and Plaintiffs Marc Veasey, Jane
Hamilton, Sergio DeLeon, Michael Montez, Peggy Pope and Oscar Ortiz
May 8, 2014

First, even assuming SB 14 as enacted by the State of Texas' 82nd Legislature is the
appropriate definition of SB 14, which it is not, SB 14 itself was passed in May 2011,
and statements were made by individuals and organizations, and their attorneys,
including individuals and organizations involved in this matter, prior to the passage of
SB 14 in 2011, and long prior to January 1, 2012.  In addition, various forms of
identification and other documents which could be used as supporting documentation to
obtain an EIC or other form of identification specified in SB 14 as enacted by the State
of Texas' 82nd Legislature never expire.  Accordingly, Plaintiffs' across the board date
limitation of January 1, 2012 or January 1, 2013 is without merit.

Plaintiffs' attempts to limit the definition of SB 14 to the bill enacted by the State of
Texas' 82nd Legislature are also inappropriate.  Plaintiffs argued before the Court less
than a week ago that legislative proceedings prior to 2011, and predecessor bills to SB
14 regarding photographic identification for voting, are relevant to their claims, and the
Court made a ruling that documents from that time frame are relevant.  See, e.g., Tr. of
May 1, 2014 Hearing, 19:20 – 20:2 (D. Freeman: "So to say that a legislator who wasn't
around in 2014 could have no understanding of what the ultimate voter ID bill was
doesn't take into account the fact that there was a bill that almost passed in a prior
session, and that legislators resorted to an extraordinary procedure to prevent that. Two
years before that, there was a bill that almost passed that was filibustered. And so this is
not simply restricted to legislative proceedings in 2011."); Id. at 31:13-15 (The Court: "I
do think the pre-enactment and post-enactment documents are relevant.").  Various
plaintiffs explicit rely on predecessor bills in their answers to Defendants'
Interrogatories, and/or in their Amended Complaints.  See, e.g., Ortiz et al First
Amended Complaint at 42 ("the Texas Legislature advanced increasingly stringent and
burdensome voter ID bills over several legislative sessions beginning in 2005") (ECF #
4 in Case No. 2:13-cv-00348); TLYVEF et al Amended Complaint in Intervention at 45
("the State legislature sought to implement increasingly restrictive, unnecessary, and
burdensome Voter ID bills over several legislative sessions in the previous decade")
(ECF # 73 in Case No. 2:13-cv-00193); each Ortiz Individual Plaintiff's Answer to
Defendants' First Interrogatory ("please see the voluminous emails and other documents
generated by Texas State Legislators and/or their respective staff members relating to
various Texas' efforts to legislatively enact a photo ID bill in the legislative sessions of
2007, 2009, 2011 and 2013."); the Individual Veasey Voter Plaintiffs Answers to
Defendants' First Interrogatory (same); LULAC Answers to Defendants' First Set of
Interrogatories (same).[2]

- **Refusal to Provide Membership Lists:** LULAC, LUPE, and TLYVEF refuse to
  produce their membership lists as of the dates of the filing of the various Complaints and
  Amended Complaints.  These lists, however, are relevant to the issue of whether
  LULAC, LUPE, and TLYVEF each have a direct, substantial, and legally protectable
  interest in this matter.  E.g., LULAC Responses and Objections to Defendants' First

---

[2] There appears to be a typographic error in the Ortiz Individual Plaintiffs' R&Os to Defendants' First Set of
Interrogatories in that the answer to the Interrogatory appears to be included in an objection, but, since the answer
tracks that of the other Plaintiffs, Defendants assume that text is each respective Ortiz Individual Plaintiff's Answer
to the Interrogatory.

Counsel for the Individual Ortiz Plaintiffs, LUPE, TLYVEF, Imani Clark, Michelle Bessiake, the
Individual Voter Veasey Plaintiffs, LULAC, Dallas County, and Plaintiffs Marc Veasey, Jane
Hamilton, Sergio DeLeon, Michael Montez, Peggy Pope and Oscar Ortiz
May 8, 2014

> Request for the Production of Documents, Response and Objection Nos. 16-19; LUPE
> Req. Nos. 12-14; TLYVEF 15-17; 21.

- **Inconsistent Responses to Requests For, And Refusal to Produce, Documents Allegedly Provided to, Used By, or Created By Experts, But Which Are Also In the Possession, Custody, And Control of Plaintiffs, And Other Documents Which May Be In A Similar Format:** LULAC refuses to produce certain "calculations, reports, audits, estimates, projections" requested in Defendants' First RFP, other than apparently in connection with expert disclosures. LUPE, TLYVEF, and the Individual Voter Veasey Plaintiffs agree to produce responsive documents in response to this type of request (as well as referring to expert disclosures and objecting on those grounds). LULAC, LUPE, and TLYVEF also refuse to produce documents they have provided to experts in this action, despite that these organizations do not allege they do not have such documents in their possession, custody, or control.[3]  LULAC, for example, alleges that this case is "obviously determined by experts" and thus "[n]umerous reports and other documents utilized, relied upon and created by experts have been and/or will be provided during the course of discovery in compliance with the trial court's docket control order.  R&O to Second RFP to Individual Voter Veasey Plaintiffs at Para. 17. However, Defendants are not seeking what experts have utilized, relied upon, or created at this juncture; they are seeking what each of the three respective Plaintiff organizations has provided to any potential expert.  Merely because a document which is also in the possession, custody, or control of a Plaintiff, which is otherwise responsive to an RFP, may also have been provided to a potential expert who may or may not be called at trial, does not permit withholding the document in the normal course of discovery on the grounds that it may possibly be disclosed at the time of expert disclosure.

- **LULAC's and the Individual Voter Veasey Plaintiffs' Refusal to Timely Respond to Hundreds of Requests By Referring Defendants to Documents Produced In Response to Other Requests And Agreeing to Supplement At The Close of Discovery:** LULAC and the Individual Voter Veasey Plaintiffs refuse to respond to hundreds of what they characterize as "contention" requests (which are requests crafted directly from facts and questions LULAC and the Individual Voter Veasey Plaintiffs have put at issue in their Third Amended Complaint), in Defendants' First RFP to LULAC and its Second RFP to the Individual Voter Veasey Plaintiffs, merely providing that

> Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related. Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced

---

[3] The Individual Voter Veasey Plaintiffs, the Individual Ortiz Plaintiffs, and Plaintiffs Michelle Bessiake and Imani Clark similarly object to the RFPs relating to materials provided to potential experts, but represent that they do not have any responsive, non-privileged documents to these RFPs.

Counsel for the Individual Ortiz Plaintiffs, LUPE, TLYVEF, Imani Clark, Michelle Bessiake, the
Individual Voter Veasey Plaintiffs, LULAC, Dallas County, and Plaintiffs Marc Veasey, Jane
Hamilton, Sergio DeLeon, Michael Montez, Peggy Pope and Oscar Ortiz
May 8, 2014

in response to other requests but reserves the right to supplement its responses
pursuant to F.R.C.P. 26 at the close of discovery.

See, e.g., R&O to Defendants' First FRP to LULAC at Request No. 165. Troublingly,
however, in Defendants' First RFP propounded to LULAC, and Defendants' Second RFP
propounded to the Individual Voter Veasey Plaintiffs, LULAC only explicitly agrees to
produce documents in response to approximately forty of the hundreds of other requests
propounded by Defendants, and the Individual Voter Veasey Plaintiffs only explicitly
agree to produce documents in response to five of the hundreds of other requests
propounded by Defendants (not including R&Os which refer Defendants to documents
already produced, the public domain, SB 14, or documents in the possession, custody,
and control of the State of Texas). In contrast, LUPE, for example, makes the same so-
called "contention" objection to a multitude of similar RFPs, but still agrees to produce
responsive documents to all RFPs to which it makes this objection.

- **LULAC and the Individual Voter Veasey Plaintiffs' Refusal to Respond to Several
  Requests in the First RFP to LULAC and the Second RFP to the Voter Veasey
  Plaintiffs Because They Allege Documents Are In Possession, Custody, and Control
  of the State of Texas, but Which Relate to Factual Allegations Not Made Upon
  Information and Belief in LULAC and the Individual Voter Veasey Plaintiffs'
  Complaint:** LULAC, in response to Defendants' First RFP, and the Individual Voter
  Veasey Plaintiffs, in response to Defendants' Second RFP, refuse to produce documents
  relating to several of their allegations in their Second Amended Complaint, which were
  not made upon information and belief in the Second Amended Complaint, on the
  grounds that all relevant information is in the possession, custody, and control of
  Defendants. E.g., LULAC's R&Os to Request Nos. 25 and 27.

- **TLYVEF's refusal to respond to 62 requests**: TLYVEF improperly refuses to respond
  in its Responses and Objections to Defendants' First Request for the Production of
  Documents are crafted directly from facts and questions the TLYVEF has put at issue in
  its Amended Complaint. TLYVEF contends that the "Requests that as written will
  divulge work product" and "may be obtained through other legal tools", notwithstanding
  that the requests call for the production of documents related to facts and questions
  TLYVEF itself has put at issue in its Amended Complaint. E.g., TLYVEF's R&O to
  Request Nos. 66-68.

- **Plaintiffs' Narrowing Objections to Definitions:** In (1) the Individual Voter Veasey
  Plaintiffs' R&Os to Defendants' First and Second RFPs, (2) each of the Individual Ortiz
  Plaintiffs' R&Os to Defendants' First RFP and Second Combined RFP and
  Interrogatory, and (3) Ms. Bessiake and Ms. Clark's R&Os to Defendants First RFP
  (though notably, not in their R&Os to Second Combined RFPs and Interrogatory),
  Plaintiffs seek to unreasonably narrow certain of the Defendants' definitions in the
  various Requests for Production.

  o Plaintiffs object to the definition of "electronically stored information" ("ESI") in
    the Second RFPs, where the definition in each request conforms exactly to the
    definition of ESI previously agreed to between the United States and Defendants.

6                                                                                          6

Counsel for the Individual Ortiz Plaintiffs, LUPE, TLYVEF, Imani Clark, Michelle Bessiake, the Individual Voter Veasey Plaintiffs, LULAC, Dallas County, and Plaintiffs Marc Veasey, Jane Hamilton, Sergio DeLeon, Michael Montez, Peggy Pope and Oscar Ortiz
May 8, 2014

> To the extent Plaintiffs' object to the definition of ESI in the First RFP, Defendants take issue with such objection the extent the definition employed by the Plaintiffs is more limited than the definition of ESI previously agreed to between the United States and Defendants.
>
> o Plaintiffs' object to the definition of Document, and seek to limit it to any definition in Fed. R. Civ. P. 34. However, there is nothing in Fed. R. Civ. P. 34 which limits a "document" to the examples listed in the Fed R. Civ. P. 34.
>
> o Plaintiffs' object to the definition of "you and your" for the individual plaintiffs to not include their agents, representatives, attorneys, or other individuals acting on their behalf. Defendants contend that to the extent documents held by those individuals would be considered to be in the possession, custody, or control of the Plaintiffs, they must be produced.

- **Dallas County's Refusal to Comply with the Agreement Concerning Production Format:** The format in which Dallas County produced documents (including documents relating to individual plaintiffs which were included on the flash drive provided by Dallas County), is not compliant with the Agreement Concerning Production Format (ECF # 61.6).

Given the similarities between the R&Os to the above-referenced RFPs, please provide times on May 9 for a telephonic meet-and-confer with Defendants to discuss the above-referenced issues.

Defendants also note that they have not received R&Os to their First RFPs to Marc Veasey, Jane Hamilton, Sergio DeLeon, Michael Montez, Penny Pope, and Oscar Ortiz, which were due on May 1, 2014. We expect those R&Os to be served by the close of business on May 9, 2014. Finally, Defendants have not received R&Os to their First RFP to Dallas County, beyond an actual production of documents, and, accordingly, presume Dallas County has no objections to the First RFP propounded to them by Defendants.

Regards,

*/s/ Lindsey E. Wolf*
Lindsey E. Wolf
Assistant Attorney General

Cc: All Counsel of Record

**Wolf, Lindsey**

| | |
|---|---|
| **From:** | Roscetti, Jennifer |
| **Sent:** | Thursday, May 29, 2014 7:03 PM |
| **To:** | Wolf, Lindsey; Robert Doggett (AUS); Ali, Hasan; Neil Baron; Rosenberg, Ezra; EXT Chad Dunn; EXT Armand Derfner; EXTLuis Vera Jr; EXT mvandalen; EXT Gerry Hebert; rhaygood@naacpldf.org; EXT Rolando L. Rios; sian@henrichsonlaw.com; EXT Preston E.Henrichson; EXT Scott Brazil; pnoriega@trla.org; knewell@trla.org; cswarns@naacpldf.org; EXT Deuel Ross; EXT Leah Aden; EXT Natasha Korgaonkar; Conley, Danielle; Shordt, Richard; Paikin, Jonathan; Dunbar, Kelly P.; Sinzdak, Gerard; Lebsack, Sonya L; Eisenberg, Lynn; EXT EmmaSimson; anna.baldwin@usdoj.gov; robert.berman@usdoj.gov; richard.dellheim@usdoj.gov; elizabeth.westfall@usdoj.gov; avner.shapiro@usdoj.gov; daniel.freeman@usdoj.gov; jennifer.maranzano@usdoj.gov; john.a.smith@usdoj.gov; meredith.bell-platts@usdoj.gov; bruce.gear@usdoj.gov; Rudd, Amy; Yeary, Michelle; ttrainor@bmpllp.com; jnixon@bmpllp.com; jenniferl.clark@nyu.edu; EXT Vishal Agraharkar; EXT Wendy Weiser; EXT Myrna Perez; EXT Erandi Zamora; mposner@lawyerscommittee.org; EXT Sonia Gill; EXT Jose Garza; pmcgraw@trla.org; bdonnell@dakpc.com; Scott, John; Clay, Reed; Whitley, David; Keister, Ronny; Deason, Whitney; Hayes, Kevin; Tatum, Stephen; Wilson, Anne; Ried, Lisa; D'Andrea, Arthur |
| **Subject:** | RE: Veasey v. Perry - Follow to Meet and Confer |

Dear Counsel,

I am emailing on behalf of Ms. Wolf to follow up regarding outstanding issues from our past teleconferences concerning Plaintiffs' responses to Defendants' Requests for Production.

The first outstanding issue relates to Defendants providing a list of documents that individual Plaintiffs will then review to determine whether they have possession, custody, or control of the documents rather than having to produce all the requested materials. This is the category of documents Ms. Wolf refers to as "supporting documents" for obtaining an EIC, Driver License, or other form of identification.  Defendants are actively compiling this list and plan to provide it to Plaintiffs on Friday, May 30, 2014 by 2:00 p.m. CST. Please confirm by 2:00 p.m. CST, on Monday, June 2, 2014 whether Plaintiffs approve of the Defendants' list and  will agree to comply with this procedure instead of providing documents responsive to Defendants' requests for production.

The next outstanding issue relates to what Ms. Wolf has previously referred to as "family member documents." Defendants have proposed the following procedure for the individual Plaintiffs who have not, or have been unable to produce their birth certificate.  Defendants will provide a list of underlying documents that Plaintiffs' can review and affirm whether or not Plaintiffs have possession, custody, or control of documents relating to immediate family members that would allow those immediate family members to obtain a birth certificate for the Plaintiffs. Defendants will provide this list to Plaintiffs by Friday, May 30 at 2:00 p.m. CST for review.  Defendants request confirmation by 2:00 p.m. CST, on Monday, June 2, 2014 whether or not Plaintiffs will approve of Defendants' proposed list and will agree to comply with this procedure rather than providing the documents responsive to Defendants' requests for production.

Defendants would like to clarify that this procedure does not need to apply to (1) individual Plaintiffs who have not alleged that they lack forms of identification under SB 14 (i.e., politicians and community organizers); (2) individual voters who have alleged to have been disenfranchised who have either (a) produced a birth certificate, or (b) a form of identification which would be permissible for voting under SB 14.  As a result, this approach would apply to: Peggy Draper Herman, Ken Gandy, John Mellor-Crummey, Koby Ozias, Gordon Benjamin, Belinda Ortiz, Lionel Estrada, and Margarito Martinez Lara.  If any of these individuals are over 75 years of age, they also do not have to comply with this

1

8

procedure. Defendants request confirmation that this procedure will be complied with (as well as whether any of these individuals are over 75 years of age, and are thus exempt) by 2:00 p.m. CST, on Monday, June 2, 2014.

The third outstanding issue relates to Plaintiffs' objection to the definition of SB 14 and the date requirements under Defendants' requests. More specifically, Plaintiffs objected to producing any documents prior to January 2012 or that relate to any other previous voter id bill.  It is Defendants' understanding that Plaintiffs are still confirming whether or not their clients are withholding documents based on objections to the definition of SB 14 or the date of January 2012. Defendants request that Plaintiffs confirm, in writing, by 2:00 p.m. CST on Monday, June 2, 2014 whether or not documents have been searched for and been produced, or in the alternative, have been searched for and are being withheld.

The next outstanding issue concerns Plaintiffs' objections to providing Defendants membership lists. As an alternative to the Plaintiff organizations producing a complete membership list, Defendants have proposed to Plaintiffs two options. These options include either (1) producing a list of members who Plaintiffs allege have been injured by SB 14; or  (2) Plaintiffs providing a stipulation that the organization does not have the ability to respond to the request (without waiving any objections) because it does not maintain a membership record detailing which members possess the acceptable SB 14 identification. It is Defendants' understanding that Mr. Rosenberg is drafting the stipulation language, and that depending on the language the other organizational Plaintiffs will either use the stipulation procedure, or stand on their objections. Defendants request that Mr. Rosenberg provide the draft stipulation by 2:00 p.m. CST, on Monday, June 2, 2014. Defendants also request that the other Plaintiffs provide a definitive answer, in writing, as to whether or not this stipulation procedure will be an acceptable alternative to providing documents responsive to the requests for production by 2:00 p.m. CST, on Monday, June 2, 2014.

The last issue relates to what has collectively been referred to as the "contention requests." Defendants' understanding is that the proposed procedure to handle responses to these contentions requests is to allow Plaintiffs to provide a global document response. More specifically, Plaintiffs would produce the documents that are responsive to the contention requests and rather than identifying each request the documents are responsive to, Plaintiffs would accompany the document production with a statement that Plaintiffs were not withholding documents that were responsive to the contention requests. Furthermore, it is our understanding that Mr. Dunn was working on the language for this statement, and while Mr. Dunn was not available for the May 27, 2014 meet and confer, Mr. Baron would consult with him regarding this issue. Defendants request that Plaintiffs provide a written procedure for handling this matter, including any proposed language regarding their productions, by 2:00 p.m. CST, on Monday, June 2, 2014.

Defendants are more than willing to work with the Plaintiffs on all these discovery issues, but unfortunately due to the imminent discovery deadlines we need written responses to ensure the progression of the conference process.  If Defendants do not receive responses to these issues by the June 2 deadline, we will have to move forward with Motions to Compel.


Sincerely,

Jennifer M. Roscetti
Assistant Attorney General
Office of the Attorney General
Consumer Protection Division
300 W.15th Street, 9th Floor
Austin, Texas 78701
512.475.4183 (t)
512.473.8301 (f)


-----Original Message-----
From: Wolf, Lindsey

Sent: Wednesday, May 28, 2014 9:43 AM
To: Robert Doggett (AUS); Ali, Hasan
Cc: Neil Baron; Rosenberg, Ezra; EXT Chad Dunn; EXT Armand Derfner; EXTLuis Vera Jr; EXT mvandalen; EXT Gerry Hebert; rhaygood@naacpldf.org; EXT Rolando L. Rios; sian@henrichsonlaw.com; EXT Preston E.Henrichson; EXT Scott Brazil; pnoriega@trla.org; knewell@trla.org; cswarns@naacpldf.org; EXT Deuel Ross; EXT Leah Aden; EXT Natasha Korgaonkar; Conley, Danielle; Shordt, Richard; Paikin, Jonathan; Dunbar, Kelly P.; Sinzdak, Gerard; Lebsack, Sonya L; Eisenberg, Lynn; EXT EmmaSimson; anna.baldwin@usdoj.gov; robert.berman@usdoj.gov; richard.dellheim@usdoj.gov; elizabeth.westfall@usdoj.gov; avner.shapiro@usdoj.gov; daniel.freeman@usdoj.gov; jennifer.maranzano@usdoj.gov; john.a.smith@usdoj.gov; meredith.bell-platts@usdoj.gov; bruce.gear@usdoj.gov; Rudd, Amy; Yeary, Michelle; ttrainor@bmpllp.com; jnixon@bmpllp.com; jenniferl.clark@nyu.edu; EXT Vishal Agraharkar; EXT Wendy Weiser; EXT Myrna Perez; EXT Erandi Zamora; mposner@lawyerscommittee.org; EXT Sonia Gill; EXT Jose Garza; pmcgraw@trla.org; bdonnell@dakpc.com; Scott, John; Clay, Reed; Whitley, David; Roscetti, Jennifer; Keister, Ronny; Deason, Whitney; Hayes, Kevin; Tatum, Stephen; Wilson, Anne; Ried, Lisa; D'Andrea, Arthur
Subject: RE: Veasey v. Perry - Follow-Up Meet-and-Confer from Meet-and-Confer of Thursday, May 22

Thanks, counsel.  I will assume any other representatives for the non-U.S. Plaintiffs and Plaintiff-Intervenors who would like to participate are also available at 1 P.M. CST, unless I hear otherwise.  We can use the following dial-in for the call:

888-387-8235
Passcode:  7930356#

Thanks,

Lindsey E. Wolf | Assistant Attorney General | Financial Litigation, Tax, and Charitable Trusts Division |300 West 15th Street, 6th Floor, Austin, Texas 78701 | Mail: P O Box 12548 | Austin, TX 78711-2548 | (512) 475-4233 | Fax: (512) 370-9126 | e-mail: Lindsey.Wolf@texasattorneygeneral.gov

-----Original Message-----
From: Robert Doggett (AUS) [mailto:rdoggett@trla.org]
Sent: Wednesday, May 28, 2014 7:50 AM
To: Ali, Hasan
Cc: Neil Baron; Rosenberg, Ezra; Wolf, Lindsey; EXT Chad Dunn; EXT Armand Derfner; EXTLuis Vera Jr; EXT mvandalen; EXT Gerry Hebert; rhaygood@naacpldf.org; EXT Rolando L. Rios; sian@henrichsonlaw.com; EXT Preston E.Henrichson; EXT Scott Brazil; pnoriega@trla.org; knewell@trla.org; cswarns@naacpldf.org; EXT Deuel Ross; EXT Leah Aden; EXT Natasha Korgaonkar; Conley, Danielle; Shordt, Richard; Paikin, Jonathan; Dunbar, Kelly P.; Sinzdak, Gerard; Lebsack, Sonya L; Eisenberg, Lynn; EXT EmmaSimson; anna.baldwin@usdoj.gov; robert.berman@usdoj.gov; richard.dellheim@usdoj.gov; elizabeth.westfall@usdoj.gov; avner.shapiro@usdoj.gov; daniel.freeman@usdoj.gov; jennifer.maranzano@usdoj.gov; john.a.smith@usdoj.gov; meredith.bell-platts@usdoj.gov; bruce.gear@usdoj.gov; Rudd, Amy; Yeary, Michelle; ttrainor@bmpllp.com; jnixon@bmpllp.com; jenniferl.clark@nyu.edu; EXT Vishal Agraharkar; EXT Wendy Weiser; EXT Myrna Perez; EXT Erandi Zamora; mposner@lawyerscommittee.org; EXT Sonia Gill; EXT Jose Garza; pmcgraw@trla.org; bdonnell@dakpc.com; Scott, John; Clay, Reed; Whitley, David; Roscetti, Jennifer; Keister, Ronny; Deason, Whitney; Hayes, Kevin; Tatum, Stephen; Wilson, Anne; Ried, Lisa; D'Andrea, Arthur
Subject: Re: Veasey v. Perry - Follow-Up Meet-and-Confer from Meet-and-Confer of Thursday, May 22

I am available.

Robert

> On May 28, 2014, at 6:20 AM, "Ali, Hasan" <Hasan.Ali@wilmerhale.com> wrote:
>
> Natasha and I are also available at 1pm.
>
> Thanks,
> Hasan
>
>> On May 27, 2014, at 8:48 PM, "Neil Baron" <neil@ngbaronlaw.com> wrote:
>>
>> I am
>>
>> Sent from my iPhone
>>
>>> On May 27, 2014, at 5:53 PM, "Rosenberg, Ezra" <ezra.rosenberg@dechert.com> wrote:
>>>
>>> I am, Lindsey.
>>>
>>> Sent from my iPad
>>>
>>> On May 27, 2014, at 6:41 PM, "Wolf, Lindsey"
<Lindsey.Wolf@texasattorneygeneral.gov<mailto:Lindsey.Wolf@texasattorneygeneral.gov>> wrote:
>>>
>>> Counsel:
>>>
>>> Are counsel for the non-US Plaintiffs and Plaintiff-Intervenors available tomorrow afternoon at 1 P.M. CST,  for a
follow-up Meet-And-Confer call (from last Thursday's Meet-and-Confer call)?  If so, I will circulate a dial-in.
>>>
>>> Thanks,
>>>
>>>
>>> <image001.gif>
>>>
>>> Lindsey E. Wolf | Assistant Attorney General | Financial Litigation,
>>> Tax, and Charitable Trusts Division |300 West 15th Street, 6th
>>> Floor, Austin, Texas 78701 | Mail: P O Box 12548 | Austin, TX
>>> 78711-2548 | (512) 475-4233 | Fax: (512) 370-9126 | e-mail:
>>> Lindsey.Wolf@texasattorneygeneral.gov<mailto:Lindsey.Wolf@texasattor
>>> neygeneral.gov>
>>>
>>>
>>>
>>> ***********************************************************************
>>> ** This e-mail is from Dechert LLP, a law firm, and may contain
>>> information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute
the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

## Wolf, Lindsey

| | |
|---|---|
| **From:** | Deason, Whitney |
| **Sent:** | Friday, May 30, 2014 2:02 PM |
| **To:** | Roscetti, Jennifer; Wolf, Lindsey; Robert Doggett (AUS); Ali, Hasan; Neil Baron; Rosenberg, Ezra; EXT Chad Dunn; EXT Armand Derfner; EXTLuis Vera Jr; EXT mvandalen; EXT Gerry Hebert; rhaygood@naacpldf.org; EXT Rolando L. Rios; sian@henrichsonlaw.com; EXT Preston E.Henrichson; EXT Scott Brazil; pnoriega@trla.org; knewell@trla.org; cswarns@naacpldf.org; EXT Deuel Ross; EXT Leah Aden; EXT Natasha Korgaonkar; Conley, Danielle; Shordt, Richard; Paikin, Jonathan; Dunbar, Kelly P.; Sinzdak, Gerard; Lebsack, Sonya L; Eisenberg, Lynn; EXT EmmaSimson; anna.baldwin@usdoj.gov; robert.berman@usdoj.gov; richard.dellheim@usdoj.gov; elizabeth.westfall@usdoj.gov; avner.shapiro@usdoj.gov; daniel.freeman@usdoj.gov; jennifer.maranzano@usdoj.gov; john.a.smith@usdoj.gov; meredith.bell-platts@usdoj.gov; bruce.gear@usdoj.gov; Rudd, Amy; Yeary, Michelle; ttrainor@bmpllp.com; jnixon@bmpllp.com; jenniferl.clark@nyu.edu; EXT Vishal Agraharkar; EXT Wendy Weiser; EXT Myrna Perez; EXT Erandi Zamora; mposner@lawyerscommittee.org; EXT Sonia Gill; EXT Jose Garza; pmcgraw@trla.org; bdonnell@dakpc.com; Scott, John; Clay, Reed; Whitley, David; Keister, Ronny; Hayes, Kevin; Tatum, Stephen; Wilson, Anne; Ried, Lisa; D'Andrea, Arthur |
| **Subject:** | RE: Veasey v. Perry - Follow to Meet and Confer |
| **Attachments:** | Birth Certificate Documents List.pdf; Supporting Documents List.pdf |

Counsel,

Attached please find the lists we promised to provide you by  2 p.m. CST today as part of our ongoing Meet and Confer.

The Supporting Documents List contains a list of documents  for obtaining an EIC, Driver License, or other form of identification.  Defendants propose the following procedure: Plaintiffs will review this list and indicate under penalty of perjury, by checking the appropriate boxes, which documents are in Plaintiff's possession, custody or control.  This list assumes that Plaintiffs do not possess any form of SB 14 identification prescribed under Texas Election Code § 63.0101. Any individual Plaintiff who already possesses a form of identification acceptable for voting need not fill out this list; however, we presume that those individuals have produced any form of SB 14 identification prescribed under Texas Election Code § 63.0101 in their possession, custody, or control.  Please confirm that the Plaintiff has searched for and is not withholding such identification, and that these documents will be produced to Defendants in a timely manner.  We would request that if the Plaintiffs do in fact have these documents, have yet to produce the documents, and the Plaintiffs are going to participate in a deposition that these documents be produced 2 days prior to the noticed deposition date.   Furthermore, in the event that any individual Plaintiff acquires a form of SB 14 identification prescribed under Texas Election Code § 63.0101 in the future, Defendants assume it will be produced in accordance with Plaintiffs' duty to supplement their responses to discovery requests under the Federal Rules.  Please confirm that any form of SB 14 identification prescribed under Texas Election Code § 63.0101 and acquired by a Plaintiff in the future, will be produced to Defendants.

The Birth Certificate Documents List contains a list of documents that a Plaintiff or a Plaintiff's immediate family member can use to obtain a birth certificate for the Plaintiff.  Defendants propose the following procedure: Plaintiffs will review this list and indicate under penalty of perjury, by checking the appropriate boxes, which documents are in Plaintiff's possession, custody, or control that would allow either Plaintiff or Plaintiff's immediate family members to obtain a birth certificate for the Plaintiff.  As detailed in yesterday's email, the Birth Certificate Documents List need only be provided to the following individuals:  Peggy Draper Herman, Ken Gandy, Gordon Benjamin, Belinda Ortiz, Lionel Estrada, and Margarito Martinez Lara.  Please advise if any of these named individuals are over 75 years of age, as they are exempt from this procedure.

Please be advised that Defendants reserve their right to request production at a future date of any document that Plaintiffs indicate are in their possession, custody, or control by checking a box on the Supporting Documents List or the Birth Certificate Documents List.

Please reply by 2:00 p.m. CST, on Monday, June 2, 2014, confirming whether or not Plaintiffs will approve of Defendants' proposed lists and will agree to comply with the proposed procedures.

Regards,

Whitney Deason
Assistant Attorney General
Office of the Texas Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2780/Telephone
(512) 936-2866/Fax

This message and any attachment(s) may be confidential and/or privileged pursuant to Government Code sections 552.101, 552.103, 552.107, and 552.111, and should not be disclosed without the express authorization of the Attorney General of Texas.

-----Original Message-----
From: Roscetti, Jennifer
Sent: Thursday, May 29, 2014 7:03 PM
To: Wolf, Lindsey; Robert Doggett (AUS); Ali, Hasan; Neil Baron; Rosenberg, Ezra; EXT Chad Dunn; EXT Armand Derfner; EXTLuis Vera Jr; EXT mvandalen; EXT Gerry Hebert; rhaygood@naacpldf.org; EXT Rolando L. Rios; sian@henrichsonlaw.com; EXT Preston E.Henrichson; EXT Scott Brazil; pnoriega@trla.org; knewell@trla.org; cswarns@naacpldf.org; EXT Deuel Ross; EXT Leah Aden; EXT Natasha Korgaonkar; Conley, Danielle; Shordt, Richard; Paikin, Jonathan; Dunbar, Kelly P.; Sinzdak, Gerard; Lebsack, Sonya L; Eisenberg, Lynn; EXT EmmaSimson; anna.baldwin@usdoj.gov; robert.berman@usdoj.gov; richard.dellheim@usdoj.gov; elizabeth.westfall@usdoj.gov; avner.shapiro@usdoj.gov; daniel.freeman@usdoj.gov; jennifer.maranzano@usdoj.gov; john.a.smith@usdoj.gov; meredith.bell-platts@usdoj.gov; bruce.gear@usdoj.gov; Rudd, Amy; Yeary, Michelle; ttrainor@bmpllp.com; jnixon@bmpllp.com; jenniferl.clark@nyu.edu; EXT Vishal Agraharkar; EXT Wendy Weiser; EXT Myrna Perez; EXT Erandi Zamora; mposner@lawyerscommittee.org; EXT Sonia Gill; EXT Jose Garza; pmcgraw@trla.org; bdonnell@dakpc.com; Scott, John; Clay, Reed; Whitley, David; Keister, Ronny; Deason, Whitney; Hayes, Kevin; Tatum, Stephen; Wilson, Anne; Ried, Lisa; D'Andrea, Arthur
Subject: RE: Veasey v. Perry - Follow to Meet and Confer

Dear Counsel,

I am emailing on behalf of Ms. Wolf to follow up regarding outstanding issues from our past teleconferences concerning Plaintiffs' responses to Defendants' Requests for Production.

The first outstanding issue relates to Defendants providing a list of documents that individual Plaintiffs will then review to determine whether they have possession, custody, or control of the documents rather than having to produce all the requested materials. This is the category of documents Ms. Wolf refers to as "supporting documents" for obtaining an EIC, Driver License, or other form of identification. Defendants are actively compiling this list and plan to provide it to Plaintiffs on Friday, May 30, 2014 by 2:00 p.m. CST. Please confirm by 2:00 p.m. CST, on Monday, June 2, 2014 whether Plaintiffs approve of the Defendants' list and will agree to comply with this procedure instead of providing documents responsive to Defendants' requests for production.

The next outstanding issue relates to what Ms. Wolf has previously referred to as "family member documents." Defendants have proposed the following procedure for the individual Plaintiffs who have not, or have been unable to produce their birth certificate. Defendants will provide a list of underlying documents that Plaintiffs' can review and affirm whether or not Plaintiffs have possession, custody, or control of documents relating to immediate family members that would allow those immediate family members to obtain a birth certificate for the Plaintiffs. Defendants will provide this list to Plaintiffs by Friday, May 30 at 2:00 p.m. CST for review. Defendants request confirmation by 2:00 p.m. CST, on Monday, June 2, 2014 whether or not Plaintiffs will approve of Defendants' proposed list and will agree to comply with this procedure rather than providing the documents responsive to Defendants' requests for production.

Defendants would like to clarify that this procedure does not need to apply to (1) individual Plaintiffs who have not alleged that they lack forms of identification under SB 14 (i.e., politicians and community organizers); (2) individual voters who have alleged to have been disenfranchised who have either (a) produced a birth certificate, or (b) a form of identification which would be permissible for voting under SB 14. As a result, this approach would apply to: Peggy Draper Herman, Ken Gandy, John Mellor-Crummey, Koby Ozias, Gordon Benjamin, Belinda Ortiz, Lionel Estrada, and Margarito Martinez Lara. If any of these individuals are over 75 years of age, they also do not have to comply with this procedure. Defendants request confirmation that this procedure will be complied with (as well as whether any of these individuals are over 75 years of age, and are thus exempt) by 2:00 p.m. CST, on Monday, June 2, 2014.

The third outstanding issue relates to Plaintiffs' objection to the definition of SB 14 and the date requirements under Defendants' requests. More specifically, Plaintiffs objected to producing any documents prior to January 2012 or that relate to any other previous voter id bill. It is Defendants' understanding that Plaintiffs are still confirming whether or not their clients are withholding documents based on objections to the definition of SB 14 or the date of January 2012. Defendants request that Plaintiffs confirm, in writing, by 2:00 p.m. CST on Monday, June 2, 2014 whether or not documents have been searched for and been produced, or in the alternative, have been searched for and are being withheld.

The next outstanding issue concerns Plaintiffs' objections to providing Defendants membership lists. As an alternative to the Plaintiff organizations producing a complete membership list, Defendants have proposed to Plaintiffs two options. These options include either (1) producing a list of members who Plaintiffs allege have been injured by SB 14; or (2) Plaintiffs providing a stipulation that the organization does not have the ability to respond to the request (without waiving any objections) because it does not maintain a membership record detailing which members possess the acceptable SB 14 identification. It is Defendants' understanding that Mr. Rosenberg is drafting the stipulation language, and that depending on the language the other organizational Plaintiffs will either use the stipulation procedure, or stand on their objections. Defendants request that Mr. Rosenberg provide the draft stipulation by 2:00 p.m. CST, on Monday, June 2, 2014. Defendants also request that the other Plaintiffs provide a definitive answer, in writing, as to whether or not this stipulation procedure will be an acceptable alternative to providing documents responsive to the requests for production by 2:00 p.m. CST, on Monday, June 2, 2014.

The last issue relates to what has collectively been referred to as the "contention requests." Defendants' understanding is that the proposed procedure to handle responses to these contentions requests is to allow Plaintiffs to provide a global document response. More specifically, Plaintiffs would produce the documents that are responsive to the contention requests and rather than identifying each request the documents are responsive to, Plaintiffs would accompany the document production with a statement that Plaintiffs were not withholding documents that were responsive to the contention requests. Furthermore, it is our understanding that Mr. Dunn was working on the language for this statement, and while Mr. Dunn was not available for the May 27, 2014 meet and confer, Mr. Baron would consult with him regarding this issue. Defendants request that Plaintiffs provide a written procedure for handling this matter, including any proposed language regarding their productions, by 2:00 p.m. CST, on Monday, June 2, 2014.

Defendants are more than willing to work with the Plaintiffs on all these discovery issues, but unfortunately due to the imminent discovery deadlines we need written responses to ensure the progression of the conference process. If

Defendants do not receive responses to these issues by the June 2 deadline, we will have to move forward with Motions to Compel.


Sincerely,

Jennifer M. Roscetti
Assistant Attorney General
Office of the Attorney General
Consumer Protection Division
300 W.15th Street, 9th Floor
Austin, Texas 78701
512.475.4183 (t)
512.473.8301 (f)

-----Original Message-----
From: Wolf, Lindsey
Sent: Wednesday, May 28, 2014 9:43 AM
To: Robert Doggett (AUS); Ali, Hasan
Cc: Neil Baron; Rosenberg, Ezra; EXT Chad Dunn; EXT Armand Derfner; EXTLuis Vera Jr; EXT mvandalen; EXT Gerry Hebert; rhaygood@naacpldf.org; EXT Rolando L. Rios; sian@henrichsonlaw.com; EXT Preston E.Henrichson; EXT Scott Brazil; pnoriega@trla.org; knewell@trla.org; cswarns@naacpldf.org; EXT Deuel Ross; EXT Leah Aden; EXT Natasha Korgaonkar; Conley, Danielle; Shordt, Richard; Paikin, Jonathan; Dunbar, Kelly P.; Sinzdak, Gerard; Lebsack, Sonya L; Eisenberg, Lynn; EXT EmmaSimson; anna.baldwin@usdoj.gov; robert.berman@usdoj.gov; richard.dellheim@usdoj.gov; elizabeth.westfall@usdoj.gov; avner.shapiro@usdoj.gov; daniel.freeman@usdoj.gov; jennifer.maranzano@usdoj.gov; john.a.smith@usdoj.gov; meredith.bell-platts@usdoj.gov; bruce.gear@usdoj.gov; Rudd, Amy; Yeary, Michelle; ttrainor@bmpllp.com; jnixon@bmpllp.com; jenniferl.clark@nyu.edu; EXT Vishal Agraharkar; EXT Wendy Weiser; EXT Myrna Perez; EXT Erandi Zamora; mposner@lawyerscommittee.org; EXT Sonia Gill; EXT Jose Garza; pmcgraw@trla.org; bdonnell@dakpc.com; Scott, John; Clay, Reed; Whitley, David; Roscetti, Jennifer; Keister, Ronny; Deason, Whitney; Hayes, Kevin; Tatum, Stephen; Wilson, Anne; Ried, Lisa; D'Andrea, Arthur
Subject: RE: Veasey v. Perry - Follow-Up Meet-and-Confer from Meet-and-Confer of Thursday, May 22

Thanks, counsel.  I will assume any other representatives for the non-U.S. Plaintiffs and Plaintiff-Intervenors who would like to participate are also available at 1 P.M. CST, unless I hear otherwise.  We can use the following dial-in for the call:

888-387-8235
Passcode:  7930356#

Thanks,



Lindsey E. Wolf | Assistant Attorney General | Financial Litigation, Tax, and Charitable Trusts Division |300 West 15th Street, 6th Floor, Austin, Texas 78701 | Mail: P O Box 12548 | Austin, TX 78711-2548 | (512) 475-4233 | Fax: (512) 370-9126 | e-mail: Lindsey.Wolf@texasattorneygeneral.gov



-----Original Message-----
From: Robert Doggett (AUS) [mailto:rdoggett@trla.org]

Sent: Wednesday, May 28, 2014 7:50 AM
To: Ali, Hasan
Cc: Neil Baron; Rosenberg, Ezra; Wolf, Lindsey; EXT Chad Dunn; EXT Armand Derfner; EXTLuis Vera Jr; EXT mvandalen; EXT Gerry Hebert; rhaygood@naacpldf.org; EXT Rolando L. Rios; sian@henrichsonlaw.com; EXT Preston E.Henrichson; EXT Scott Brazil; pnoriega@trla.org; knewell@trla.org; cswarns@naacpldf.org; EXT Deuel Ross; EXT Leah Aden; EXT Natasha Korgaonkar; Conley, Danielle; Shordt, Richard; Paikin, Jonathan; Dunbar, Kelly P.; Sinzdak, Gerard; Lebsack, Sonya L; Eisenberg, Lynn; EXT EmmaSimson; anna.baldwin@usdoj.gov; robert.berman@usdoj.gov; richard.dellheim@usdoj.gov; elizabeth.westfall@usdoj.gov; avner.shapiro@usdoj.gov; daniel.freeman@usdoj.gov; jennifer.maranzano@usdoj.gov; john.a.smith@usdoj.gov; meredith.bell-platts@usdoj.gov; bruce.gear@usdoj.gov; Rudd, Amy; Yeary, Michelle; ttrainor@bmpllp.com; jnixon@bmpllp.com; jenniferl.clark@nyu.edu; EXT Vishal Agraharkar; EXT Wendy Weiser; EXT Myrna Perez; EXT Erandi Zamora; mposner@lawyerscommittee.org; EXT Sonia Gill; EXT Jose Garza; pmcgraw@trla.org; bdonnell@dakpc.com; Scott, John; Clay, Reed; Whitley, David; Roscetti, Jennifer; Keister, Ronny; Deason, Whitney; Hayes, Kevin; Tatum, Stephen; Wilson, Anne; Ried, Lisa; D'Andrea, Arthur
Subject: Re: Veasey v. Perry - Follow-Up Meet-and-Confer from Meet-and-Confer of Thursday, May 22

I am available.

Robert

> On May 28, 2014, at 6:20 AM, "Ali, Hasan" <Hasan.Ali@wilmerhale.com> wrote:
>
> Natasha and I are also available at 1pm.
>
> Thanks,
> Hasan
>
>> On May 27, 2014, at 8:48 PM, "Neil Baron" <neil@ngbaronlaw.com> wrote:
>>
>> I am
>>
>> Sent from my iPhone
>>
>>> On May 27, 2014, at 5:53 PM, "Rosenberg, Ezra" <ezra.rosenberg@dechert.com> wrote:
>>>
>>> I am, Lindsey.
>>>
>>> Sent from my iPad
>>>
>>> On May 27, 2014, at 6:41 PM, "Wolf, Lindsey"
<Lindsey.Wolf@texasattorneygeneral.gov<mailto:Lindsey.Wolf@texasattorneygeneral.gov>> wrote:
>>>
>>> Counsel:
>>>
>>> Are counsel for the non-US Plaintiffs and Plaintiff-Intervenors available tomorrow afternoon at 1 P.M. CST,  for a follow-up Meet-And-Confer call (from last Thursday's Meet-and-Confer call)?  If so, I will circulate a dial-in.
>>>
>>> Thanks,
>>>
>>>
>>> <image001.gif>
>>>
>>> Lindsey E. Wolf | Assistant Attorney General | Financial Litigation,

>>> Tax, and Charitable Trusts Division |300 West 15th Street, 6th
>>> Floor, Austin, Texas 78701 | Mail: P O Box 12548 | Austin, TX
>>> 78711-2548 | (512) 475-4233 | Fax: (512) 370-9126 | e-mail:
>>> Lindsey.Wolf@texasattorneygeneral.gov<mailto:Lindsey.Wolf@texasattor
>>> neygeneral.gov>
>>>
>>>
>>>
>>>
>>> *****************************************************************
>>> ** This e-mail is from Dechert LLP, a law firm, and may contain
>>> information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute
the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

17

## Wolf, Lindsey

| | |
|---|---|
| **From:** | Deason, Whitney |
| **Sent:** | Friday, May 30, 2014 2:25 PM |
| **To:** | Roscetti, Jennifer; Wolf, Lindsey; Robert Doggett (AUS); Ali, Hasan; Neil Baron; Rosenberg, Ezra; EXT Chad Dunn; EXT Armand Derfner; EXTLuis Vera Jr; EXT mvandalen; EXT Gerry Hebert; rhaygood@naacpldf.org; EXT Rolando L. Rios; sian@henrichsonlaw.com; EXT Preston E.Henrichson; EXT Scott Brazil; pnoriega@trla.org; knewell@trla.org; cswarns@naacpldf.org; EXT Deuel Ross; EXT Leah Aden; EXT Natasha Korgaonkar; Conley, Danielle; Shordt, Richard; Paikin, Jonathan; Dunbar, Kelly P.; Sinzdak, Gerard; Lebsack, Sonya L; Eisenberg, Lynn; EXT EmmaSimson; anna.baldwin@usdoj.gov; robert.berman@usdoj.gov; richard.dellheim@usdoj.gov; elizabeth.westfall@usdoj.gov; avner.shapiro@usdoj.gov; daniel.freeman@usdoj.gov; jennifer.maranzano@usdoj.gov; john.a.smith@usdoj.gov; meredith.bell-platts@usdoj.gov; bruce.gear@usdoj.gov; Rudd, Amy; Yeary, Michelle; ttrainor@bmpllp.com; jnixon@bmpllp.com; jenniferl.clark@nyu.edu; EXT Vishal Agraharkar; EXT Wendy Weiser; EXT Myrna Perez; EXT Erandi Zamora; mposner@lawyerscommittee.org; EXT Sonia Gill; EXT Jose Garza; pmcgraw@trla.org; bdonnell@dakpc.com; Scott, John; Clay, Reed; Whitley, David; Keister, Ronny; Hayes, Kevin; Tatum, Stephen; Wilson, Anne; Ried, Lisa; D'Andrea, Arthur |
| **Subject:** | RE: Veasey v. Perry - Follow to Meet and Confer |

Counsel,

Please take note of one clarification regarding the Birth Certificate Documents List.  As described in the previous email and as detailed in yesterday's email, the Birth Certificate Documents List need only be filled out by the following individuals:  Peggy Draper Herman, Ken Gandy, Gordon Benjamin, Belinda Ortiz, Lionel Estrada, and Margarito Martinez Lara.  Please advise if any of these named individuals are over 75 years of age and are not alleging that they need a Delayed Birth Certificate.  <u>Individuals over 75 years of age who allege they would need to obtain a Delayed Birth Certificate will still need to fill out page 5 of the Birth Certificate Documents List.</u>

Regards,

Whitney Deason

-----Original Message-----
From: Deason, Whitney
Sent: Friday, May 30, 2014 2:01 PM
To: Roscetti, Jennifer; Wolf, Lindsey; Robert Doggett (AUS); Ali, Hasan; Neil Baron; Rosenberg, Ezra; EXT Chad Dunn; EXT Armand Derfner; EXTLuis Vera Jr; EXT mvandalen; EXT Gerry Hebert; rhaygood@naacpldf.org; EXT Rolando L. Rios; sian@henrichsonlaw.com; EXT Preston E.Henrichson; EXT Scott Brazil; pnoriega@trla.org; knewell@trla.org; cswarns@naacpldf.org; EXT Deuel Ross; EXT Leah Aden; EXT Natasha Korgaonkar; Conley, Danielle; Shordt, Richard; Paikin, Jonathan; Dunbar, Kelly P.; Sinzdak, Gerard; Lebsack, Sonya L; Eisenberg, Lynn; EXT EmmaSimson; anna.baldwin@usdoj.gov; robert.berman@usdoj.gov; richard.dellheim@usdoj.gov; elizabeth.westfall@usdoj.gov; avner.shapiro@usdoj.gov; daniel.freeman@usdoj.gov; jennifer.maranzano@usdoj.gov; john.a.smith@usdoj.gov; meredith.bell-platts@usdoj.gov; bruce.gear@usdoj.gov; Rudd, Amy; Yeary, Michelle; ttrainor@bmpllp.com; jnixon@bmpllp.com; jenniferl.clark@nyu.edu; EXT Vishal Agraharkar; EXT Wendy Weiser; EXT Myrna Perez; EXT Erandi Zamora; mposner@lawyerscommittee.org; EXT Sonia Gill; EXT Jose Garza; pmcgraw@trla.org; bdonnell@dakpc.com; Scott, John; Clay, Reed; Whitley, David; Keister, Ronny; Hayes, Kevin; Tatum, Stephen; Wilson, Anne; Ried, Lisa;

D'Andrea, Arthur
Subject: RE: Veasey v. Perry - Follow to Meet and Confer

Counsel,

Attached please find the lists we promised to provide you by 2 p.m. CST today as part of our ongoing Meet and Confer.

The Supporting Documents List contains a list of documents for obtaining an EIC, Driver License, or other form of identification. Defendants propose the following procedure: Plaintiffs will review this list and indicate under penalty of perjury, by checking the appropriate boxes, which documents are in Plaintiff's possession, custody or control. This list assumes that Plaintiffs do not possess any form of SB 14 identification prescribed under Texas Election Code § 63.0101. Any individual Plaintiff who already possesses a form of identification acceptable for voting need not fill out this list; however, we presume that those individuals have produced any form of SB 14 identification prescribed under Texas Election Code § 63.0101 in their possession, custody, or control. Please confirm that the Plaintiff has searched for and is not withholding such identification, and that these documents will be produced to Defendants in a timely manner. We would request that if the Plaintiffs do in fact have these documents, have yet to produce the documents, and the Plaintiffs are going to participate in a deposition that these documents be produced 2 days prior to the noticed deposition date. Furthermore, in the event that any individual Plaintiff acquires a form of SB 14 identification prescribed under Texas Election Code § 63.0101 in the future, Defendants assume it will be produced in accordance with Plaintiffs' duty to supplement their responses to discovery requests under the Federal Rules. Please confirm that any form of SB 14 identification prescribed under Texas Election Code § 63.0101 and acquired by a Plaintiff in the future, will be produced to Defendants.

The Birth Certificate Documents List contains a list of documents that a Plaintiff or a Plaintiff's immediate family member can use to obtain a birth certificate for the Plaintiff. Defendants propose the following procedure: Plaintiffs will review this list and indicate under penalty of perjury, by checking the appropriate boxes, which documents are in Plaintiff's possession, custody, or control that would allow either Plaintiff or Plaintiff's immediate family members to obtain a birth certificate for the Plaintiff. As detailed in yesterday's email, the Birth Certificate Documents List need only be provided to the following individuals: Peggy Draper Herman, Ken Gandy, Gordon Benjamin, Belinda Ortiz, Lionel Estrada, and Margarito Martinez Lara. Please advise if any of these named individuals are over 75 years of age, as they are exempt from this procedure.

Please be advised that Defendants reserve their right to request production at a future date of any document that Plaintiffs indicate are in their possession, custody, or control by checking a box on the Supporting Documents List or the Birth Certificate Documents List.

Please reply by 2:00 p.m. CST, on Monday, June 2, 2014, confirming whether or not Plaintiffs will approve of Defendants' proposed lists and will agree to comply with the proposed procedures.

Regards,

Whitney Deason
Assistant Attorney General
Office of the Texas Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2780/Telephone
(512) 936-2866/Fax

This message and any attachment(s) may be confidential and/or privileged pursuant to Government Code sections 552.101, 552.103, 552.107, and 552.111, and should not be disclosed without the express authorization of the Attorney General of Texas.

-----Original Message-----
From: Roscetti, Jennifer
Sent: Thursday, May 29, 2014 7:03 PM
To: Wolf, Lindsey; Robert Doggett (AUS); Ali, Hasan; Neil Baron; Rosenberg, Ezra; EXT Chad Dunn; EXT Armand Derfner; EXTLuis Vera Jr; EXT mvandalen; EXT Gerry Hebert; rhaygood@naacpldf.org; EXT Rolando L. Rios; sian@henrichsonlaw.com; EXT Preston E.Henrichson; EXT Scott Brazil; pnoriega@trla.org; knewell@trla.org; cswarns@naacpldf.org; EXT Deuel Ross; EXT Leah Aden; EXT Natasha Korgaonkar; Conley, Danielle; Shordt, Richard; Paikin, Jonathan; Dunbar, Kelly P.; Sinzdak, Gerard; Lebsack, Sonya L; Eisenberg, Lynn; EXT EmmaSimson; anna.baldwin@usdoj.gov; robert.berman@usdoj.gov; richard.dellheim@usdoj.gov; elizabeth.westfall@usdoj.gov; avner.shapiro@usdoj.gov; daniel.freeman@usdoj.gov; jennifer.maranzano@usdoj.gov; john.a.smith@usdoj.gov; meredith.bell-platts@usdoj.gov; bruce.gear@usdoj.gov; Rudd, Amy; Yeary, Michelle; ttrainor@bmpllp.com; jnixon@bmpllp.com; jenniferl.clark@nyu.edu; EXT Vishal Agraharkar; EXT Wendy Weiser; EXT Myrna Perez; EXT Erandi Zamora; mposner@lawyerscommittee.org; EXT Sonia Gill; EXT Jose Garza; pmcgraw@trla.org; bdonnell@dakpc.com; Scott, John; Clay, Reed; Whitley, David; Keister, Ronny; Deason, Whitney; Hayes, Kevin; Tatum, Stephen; Wilson, Anne; Ried, Lisa; D'Andrea, Arthur
Subject: RE: Veasey v. Perry - Follow to Meet and Confer

Dear Counsel,

I am emailing on behalf of Ms. Wolf to follow up regarding outstanding issues from our past teleconferences concerning Plaintiffs' responses to Defendants' Requests for Production.

The first outstanding issue relates to Defendants providing a list of documents that individual Plaintiffs will then review to determine whether they have possession, custody, or control of the documents rather than having to produce all the requested materials. This is the category of documents Ms. Wolf refers to as "supporting documents" for obtaining an EIC, Driver License, or other form of identification.  Defendants are actively compiling this list and plan to provide it to Plaintiffs on Friday, May 30, 2014 by 2:00 p.m. CST. Please confirm by 2:00 p.m. CST, on Monday, June 2, 2014 whether Plaintiffs approve of the Defendants' list and  will agree to comply with this procedure instead of providing documents responsive to Defendants' requests for production.

The next outstanding issue relates to what Ms. Wolf has previously referred to as "family member documents." Defendants have proposed the following procedure for the individual Plaintiffs who have not, or have been unable to produce their birth certificate.  Defendants will provide a list of underlying documents that Plaintiffs' can review and affirm whether or not Plaintiffs have possession, custody, or control of documents relating to immediate family members that would allow those immediate family members to obtain a birth certificate for the Plaintiffs. Defendants will provide this list to Plaintiffs by Friday, May 30 at 2:00 p.m. CST for review.  Defendants request confirmation by 2:00 p.m. CST, on Monday, June 2, 2014 whether or not Plaintiffs will approve of Defendants' proposed list and will agree to comply with this procedure rather than providing the documents responsive to Defendants' requests for production.

Defendants would like to clarify that this procedure does not need to apply to (1) individual Plaintiffs who have not alleged that they lack forms of identification under SB 14 (i.e., politicians and community organizers); (2) individual voters who have alleged to have been disenfranchised who have either (a) produced a birth certificate, or (b) a form of identification which would be permissible for voting under SB 14.  As a result, this approach would apply to: Peggy Draper Herman, Ken Gandy, John Mellor-Crummey, Koby Ozias, Gordon Benjamin, Belinda Ortiz, Lionel Estrada, and Margarito Martinez Lara.  If any of these individuals are over 75 years of age, they also do not have to comply with this procedure.  Defendants request confirmation that this procedure will be complied with (as well as whether any of these individuals are over 75 years of age, and are thus exempt) by 2:00 p.m. CST, on Monday, June 2, 2014.

The third outstanding issue relates to Plaintiffs' objection to the definition of SB 14 and the date requirements under Defendants' requests. More specifically, Plaintiffs objected to producing any documents prior to January 2012 or that

3

relate to any other previous voter id bill. It is Defendants' understanding that Plaintiffs are still confirming whether or not their clients are withholding documents based on objections to the definition of SB 14 or the date of January 2012. Defendants request that Plaintiffs confirm, in writing, by 2:00 p.m. CST on Monday, June 2, 2014 whether or not documents have been searched for and been produced, or in the alternative, have been searched for and are being withheld.

The next outstanding issue concerns Plaintiffs' objections to providing Defendants membership lists. As an alternative to the Plaintiff organizations producing a complete membership list, Defendants have proposed to Plaintiffs two options. These options include either (1) producing a list of members who Plaintiffs allege have been injured by SB 14; or (2) Plaintiffs providing a stipulation that the organization does not have the ability to respond to the request (without waiving any objections) because it does not maintain a membership record detailing which members possess the acceptable SB 14 identification. It is Defendants' understanding that Mr. Rosenberg is drafting the stipulation language, and that depending on the language the other organizational Plaintiffs will either use the stipulation procedure, or stand on their objections. Defendants request that Mr. Rosenberg provide the draft stipulation by 2:00 p.m. CST, on Monday, June 2, 2014. Defendants also request that the other Plaintiffs provide a definitive answer, in writing, as to whether or not this stipulation procedure will be an acceptable alternative to providing documents responsive to the requests for production by 2:00 p.m. CST, on Monday, June 2, 2014.

The last issue relates to what has collectively been referred to as the "contention requests." Defendants' understanding is that the proposed procedure to handle responses to these contentions requests is to allow Plaintiffs to provide a global document response. More specifically, Plaintiffs would produce the documents that are responsive to the contention requests and rather than identifying each request the documents are responsive to, Plaintiffs would accompany the document production with a statement that Plaintiffs were not withholding documents that were responsive to the contention requests. Furthermore, it is our understanding that Mr. Dunn was working on the language for this statement, and while Mr. Dunn was not available for the May 27, 2014 meet and confer, Mr. Baron would consult with him regarding this issue. Defendants request that Plaintiffs provide a written procedure for handling this matter, including any proposed language regarding their productions, by 2:00 p.m. CST, on Monday, June 2, 2014.

Defendants are more than willing to work with the Plaintiffs on all these discovery issues, but unfortunately due to the imminent discovery deadlines we need written responses to ensure the progression of the conference process. If Defendants do not receive responses to these issues by the June 2 deadline, we will have to move forward with Motions to Compel.


Sincerely,

Jennifer M. Roscetti
Assistant Attorney General
Office of the Attorney General
Consumer Protection Division
300 W.15th Street, 9th Floor
Austin, Texas 78701
512.475.4183 (t)
512.473.8301 (f)

-----Original Message-----
From: Wolf, Lindsey
Sent: Wednesday, May 28, 2014 9:43 AM
To: Robert Doggett (AUS); Ali, Hasan
Cc: Neil Baron; Rosenberg, Ezra; EXT Chad Dunn; EXT Armand Derfner; EXTLuis Vera Jr; EXT mvandalen; EXT Gerry Hebert; rhaygood@naacpldf.org; EXT Rolando L. Rios; sian@henrichsonlaw.com; EXT Preston E.Henrichson; EXT Scott Brazil; pnoriega@trla.org; knewell@trla.org; cswarns@naacpldf.org; EXT Deuel Ross; EXT Leah Aden; EXT Natasha

Korgaonkar; Conley, Danielle; Shordt, Richard; Paikin, Jonathan; Dunbar, Kelly P.; Sinzdak, Gerard; Lebsack, Sonya L; Eisenberg, Lynn; EXT EmmaSimson; anna.baldwin@usdoj.gov; robert.berman@usdoj.gov; richard.dellheim@usdoj.gov; elizabeth.westfall@usdoj.gov; avner.shapiro@usdoj.gov; daniel.freeman@usdoj.gov; jennifer.maranzano@usdoj.gov; john.a.smith@usdoj.gov; meredith.bell-platts@usdoj.gov; bruce.gear@usdoj.gov; Rudd, Amy; Yeary, Michelle; ttrainor@bmpllp.com; jnixon@bmpllp.com; jenniferl.clark@nyu.edu; EXT Vishal Agraharkar; EXT Wendy Weiser; EXT Myrna Perez; EXT Erandi Zamora; mposner@lawyerscommittee.org; EXT Sonia Gill; EXT Jose Garza; pmcgraw@trla.org; bdonnell@dakpc.com; Scott, John; Clay, Reed; Whitley, David; Roscetti, Jennifer; Keister, Ronny; Deason, Whitney; Hayes, Kevin; Tatum, Stephen; Wilson, Anne; Ried, Lisa; D'Andrea, Arthur
Subject: RE: Veasey v. Perry - Follow-Up Meet-and-Confer from Meet-and-Confer of Thursday, May 22

Thanks, counsel.  I will assume any other representatives for the non-U.S. Plaintiffs and Plaintiff-Intervenors who would like to participate are also available at 1 P.M. CST, unless I hear otherwise.  We can use the following dial-in for the call:

888-387-8235
Passcode:  7930356#

Thanks,

Lindsey E. Wolf | Assistant Attorney General | Financial Litigation, Tax, and Charitable Trusts Division |300 West 15th Street, 6th Floor, Austin, Texas 78701 | Mail: P O Box 12548 | Austin, TX 78711-2548 | (512) 475-4233 | Fax: (512) 370-9126 | e-mail: Lindsey.Wolf@texasattorneygeneral.gov

-----Original Message-----
From: Robert Doggett (AUS) [mailto:rdoggett@trla.org]
Sent: Wednesday, May 28, 2014 7:50 AM
To: Ali, Hasan
Cc: Neil Baron; Rosenberg, Ezra; Wolf, Lindsey; EXT Chad Dunn; EXT Armand Derfner; EXTLuis Vera Jr; EXT mvandalen; EXT Gerry Hebert; rhaygood@naacpldf.org; EXT Rolando L. Rios; sian@henrichsonlaw.com; EXT Preston E.Henrichson; EXT Scott Brazil; pnoriega@trla.org; knewell@trla.org; cswarns@naacpldf.org; EXT Deuel Ross; EXT Leah Aden; EXT Natasha Korgaonkar; Conley, Danielle; Shordt, Richard; Paikin, Jonathan; Dunbar, Kelly P.; Sinzdak, Gerard; Lebsack, Sonya L; Eisenberg, Lynn; EXT EmmaSimson; anna.baldwin@usdoj.gov; robert.berman@usdoj.gov; richard.dellheim@usdoj.gov; elizabeth.westfall@usdoj.gov; avner.shapiro@usdoj.gov; daniel.freeman@usdoj.gov; jennifer.maranzano@usdoj.gov; john.a.smith@usdoj.gov; meredith.bell-platts@usdoj.gov; bruce.gear@usdoj.gov; Rudd, Amy; Yeary, Michelle; ttrainor@bmpllp.com; jnixon@bmpllp.com; jenniferl.clark@nyu.edu; EXT Vishal Agraharkar; EXT Wendy Weiser; EXT Myrna Perez; EXT Erandi Zamora; mposner@lawyerscommittee.org; EXT Sonia Gill; EXT Jose Garza; pmcgraw@trla.org; bdonnell@dakpc.com; Scott, John; Clay, Reed; Whitley, David; Roscetti, Jennifer; Keister, Ronny; Deason, Whitney; Hayes, Kevin; Tatum, Stephen; Wilson, Anne; Ried, Lisa; D'Andrea, Arthur
Subject: Re: Veasey v. Perry - Follow-Up Meet-and-Confer from Meet-and-Confer of Thursday, May 22

I am available.

Robert

> On May 28, 2014, at 6:20 AM, "Ali, Hasan" <Hasan.Ali@wilmerhale.com> wrote:
>
> Natasha and I are also available at 1pm.

>
> Thanks,
> Hasan
>
>> On May 27, 2014, at 8:48 PM, "Neil Baron" <neil@ngbaronlaw.com> wrote:
>>
>> I am
>>
>> Sent from my iPhone
>>
>>> On May 27, 2014, at 5:53 PM, "Rosenberg, Ezra" <ezra.rosenberg@dechert.com> wrote:
>>>
>>> I am, Lindsey.
>>>
>>> Sent from my iPad
>>>
>>> On May 27, 2014, at 6:41 PM, "Wolf, Lindsey"
<Lindsey.Wolf@texasattorneygeneral.gov<mailto:Lindsey.Wolf@texasattorneygeneral.gov>> wrote:
>>>
>>> Counsel:
>>>
>>> Are counsel for the non-US Plaintiffs and Plaintiff-Intervenors available tomorrow afternoon at 1 P.M. CST,  for a
follow-up Meet-And-Confer call (from last Thursday's Meet-and-Confer call)?  If so, I will circulate a dial-in.
>>>
>>> Thanks,
>>>
>>>
>>> <image001.gif>
>>>
>>> Lindsey E. Wolf | Assistant Attorney General | Financial Litigation,
>>> Tax, and Charitable Trusts Division |300 West 15th Street, 6th
>>> Floor, Austin, Texas 78701 | Mail: P O Box 12548 | Austin, TX
>>> 78711-2548 | (512) 475-4233 | Fax: (512) 370-9126 | e-mail:
>>> Lindsey.Wolf@texasattorneygeneral.gov<mailto:Lindsey.Wolf@texasattor
>>> neygeneral.gov>
>>>
>>>
>>>
>>>
>>> ********************************************************************
>>> ** This e-mail is from Dechert LLP, a law firm, and may contain
>>> information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute
the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.