## Wolf, Lindsey

| | |
|---|---|
| **From:** | Rosenberg, Ezra <ezra.rosenberg@dechert.com> |
| **Sent:** | Monday, June 02, 2014 8:21 AM |
| **To:** | Roscetti, Jennifer; Wolf, Lindsey; EXT rdoggett; EXT Hasan Ali; EXT Neil Baron; EXT Chad Dunn; EXT Armand Derfner; EXT Luis Vera Jr; EXT mvandalen; EXT Gerry Hebert; EXT Ryan Haygood; EXT Rolando L. Rios; sian@henrichsonlaw.com; EXT Preston E. Henrichson; EXT Scott Brazil; pnoriega@trla.org; knewell@trla.org; cswarns@naacpldf.org; EXT Deuel Ross; EXT Leah  Aden; EXT Natasha Korgaonkar; EXT Danielle Conley; EXT Richard Shordt; Paikin, Jonathan; EXT Kelly Dunbar; EXT Gerry Sinzdak; EXT Sonya Lebsack; EXT Lynn Eisenberg; EXT Emma Simson; anna.baldwin@usdoj.gov; robert.berman@usdoj.gov; richard.dellheim@usdoj.gov; elizabeth.westfall@usdoj.gov; avner.shapiro@usdoj.gov; daniel.freeman@usdoj.gov; jennifer.maranzano@usdoj.gov; john.a.smith@usdoj.gov; meredith.bell-platts@usdoj.gov; bruce.gear@usdoj.gov; Rudd, Amy; Yeary, Michelle; ttrainor@bmpllp.com; jnixon@bmpllp.com; jenniferl.clark@nyu.edu; EXT Vishal Agraharkar; EXT Wendy Weiser; EXT Myrna Perez; EXT Erandi Zamora; EXT Mark Posner; EXT Sonia Gill; EXT Jose Garza; pmcgraw@trla.org; bdonnell@dakpc.com; Scott, John; Clay, Reed; Whitley, David; Keister, Ronny; Deason, Whitney; Hayes, Kevin; Tatum, Stephen; Wilson, Anne; Ried, Lisa; D'Andrea, Arthur |
| **Subject:** | RE: Veasey v. Perry - Follow to Meet and Confer |

Jennifer -- As per the issue of membership lists, organizational plaintiffs Texas State Conference of NAACP Branches, League of United Latin American Citizens, The Texas League of Young Voters Education Fund, and La Union Del Pueblo Entero, will agree to the following:

To the extent that a plaintiff organization has alleged that its standing is based in whole or in part on injury to any of its members, said plaintiff organization may respond to a request by defendants for production of membership lists by either (1) identifying the member or members of whom the plaintiff organization is aware who have been or may be injured by implementation of SB 14 or (2) stating that it is either unaware of the identity of any particular member who has been or may be injured by implementation of SB 14 or that it does not maintain sufficient information to identify any particular member who has been or may be injured by implementation of SB 14. Any plaintiff organization identifying a particular person as a member of its organization may designate the person's membership in the organization and/or related information as Highly Confidential under the Protective Order entered in this case.  Other than the information set forth in this paragraph, defendants will not be entitled to any other information, unless otherwise publicly disclosed, as to who is a member of any plaintiff organization.

Please confirm Defendants' agreement.  Thanks. - Ezra

-----Original Message-----
From: Roscetti, Jennifer [mailto:jennifer.roscetti@texasattorneygeneral.gov]
Sent: Thursday, May 29, 2014 8:03 PM
To: Wolf, Lindsey; EXT rdoggett; EXT Hasan Ali; EXT Neil Baron; Rosenberg, Ezra; EXT Chad Dunn; EXT Armand Derfner; EXT Luis Vera Jr; EXT mvandalen; EXT Gerry Hebert; EXT Ryan Haygood; EXT Rolando L. Rios; sian@henrichsonlaw.com; EXT Preston E. Henrichson; EXT Scott Brazil; pnoriega@trla.org; knewell@trla.org; cswarns@naacpldf.org; EXT Deuel Ross; EXT Leah Aden; EXT Natasha Korgaonkar; EXT Danielle Conley; EXT Richard Shordt; Paikin, Jonathan; EXT Kelly Dunbar; EXT Gerry Sinzdak; EXT Sonya Lebsack; EXT Lynn Eisenberg; EXT Emma Simson; anna.baldwin@usdoj.gov; robert.berman@usdoj.gov; richard.dellheim@usdoj.gov; elizabeth.westfall@usdoj.gov; avner.shapiro@usdoj.gov; daniel.freeman@usdoj.gov; jennifer.maranzano@usdoj.gov; john.a.smith@usdoj.gov; meredith.bell-platts@usdoj.gov; bruce.gear@usdoj.gov; Rudd, Amy; Yeary, Michelle; ttrainor@bmpllp.com; jnixon@bmpllp.com; jenniferl.clark@nyu.edu; EXT Vishal Agraharkar; EXT Wendy Weiser; EXT Myrna Perez; EXT Erandi Zamora; EXT Mark

Posner; EXT Sonia Gill; EXT Jose Garza; pmcgraw@trla.org; bdonnell@dakpc.com; Scott, John; Clay, Reed; Whitley, David; Keister, Ronny; Deason, Whitney; Hayes, Kevin; Tatum, Stephen; Wilson, Anne; Ried, Lisa; D'Andrea, Arthur
Subject: RE: Veasey v. Perry - Follow to Meet and Confer

Dear Counsel,

I am emailing on behalf of Ms. Wolf to follow up regarding outstanding issues from our past teleconferences concerning Plaintiffs' responses to Defendants' Requests for Production.

The first outstanding issue relates to Defendants providing a list of documents that individual Plaintiffs will then review to determine whether they have possession, custody, or control of the documents rather than having to produce all the requested materials. This is the category of documents Ms. Wolf refers to as "supporting documents" for obtaining an EIC, Driver License, or other form of identification.  Defendants are actively compiling this list and plan to provide it to Plaintiffs on Friday, May 30, 2014 by 2:00 p.m. CST. Please confirm by 2:00 p.m. CST, on Monday, June 2, 2014 whether Plaintiffs approve of the Defendants' list and  will agree to comply with this procedure instead of providing documents responsive to Defendants' requests for production.

The next outstanding issue relates to what Ms. Wolf has previously referred to as "family member documents." Defendants have proposed the following procedure for the individual Plaintiffs who have not, or have been unable to produce their birth certificate.  Defendants will provide a list of underlying documents that Plaintiffs' can review and affirm whether or not Plaintiffs have possession, custody, or control of documents relating to immediate family members that would allow those immediate family members to obtain a birth certificate for the Plaintiffs. Defendants will provide this list to Plaintiffs by Friday, May 30 at 2:00 p.m. CST for review.  Defendants request confirmation by 2:00 p.m. CST, on Monday, June 2, 2014 whether or not Plaintiffs will approve of Defendants' proposed list and will agree to comply with this procedure rather than providing the documents responsive to Defendants' requests for production.

Defendants would like to clarify that this procedure does not need to apply to (1) individual Plaintiffs who have not alleged that they lack forms of identification under SB 14 (i.e., politicians and community organizers); (2) individual voters who have alleged to have been disenfranchised who have either (a) produced a birth certificate, or (b) a form of identification which would be permissible for voting under SB 14.  As a result, this approach would apply to: Peggy Draper Herman, Ken Gandy, John Mellor-Crummey, Koby Ozias, Gordon Benjamin, Belinda Ortiz, Lionel Estrada, and Margarito Martinez Lara.  If any of these individuals are over 75 years of age, they also do not have to comply with this procedure.  Defendants request confirmation that this procedure will be complied with (as well as whether any of these individuals are over 75 years of age, and are thus exempt) by 2:00 p.m. CST, on Monday, June 2, 2014.

The third outstanding issue relates to Plaintiffs' objection to the definition of SB 14 and the date requirements under Defendants' requests. More specifically, Plaintiffs objected to producing any documents prior to January 2012 or that relate to any other previous voter id bill.  It is Defendants' understanding that Plaintiffs are still confirming whether or not their clients are withholding documents based on objections to the definition of SB 14 or the date of January 2012. Defendants request that Plaintiffs confirm, in writing, by 2:00 p.m. CST on Monday, June 2, 2014 whether or not documents have been searched for and been produced, or in the alternative, have been searched for and are being withheld.

The next outstanding issue concerns Plaintiffs' objections to providing Defendants membership lists. As an alternative to the Plaintiff organizations producing a complete membership list, Defendants have proposed to Plaintiffs two options. These options include either (1) producing a list of members who Plaintiffs allege have been injured by SB 14; or  (2) Plaintiffs providing a stipulation that the organization does not have the ability to respond to the request (without waiving any objections) because it does not maintain a membership record detailing which members possess the acceptable SB 14 identification. It is Defendants' understanding that Mr. Rosenberg is drafting the stipulation language, and that depending on the language the other organizational Plaintiffs will either use the stipulation procedure, or stand on their objections. Defendants request that Mr. Rosenberg provide the draft stipulation by 2:00 p.m. CST, on Monday, June 2, 2014. Defendants also request that the other Plaintiffs provide a definitive answer, in writing, as to whether or

25

not this stipulation procedure will be an acceptable alternative to providing documents responsive to the requests for production by 2:00 p.m. CST, on Monday, June 2, 2014.

The last issue relates to what has collectively been referred to as the "contention requests." Defendants' understanding is that the proposed procedure to handle responses to these contentions requests is to allow Plaintiffs to provide a global document response. More specifically, Plaintiffs would produce the documents that are responsive to the contention requests and rather than identifying each request the documents are responsive to, Plaintiffs would accompany the document production with a statement that Plaintiffs were not withholding documents that were responsive to the contention requests. Furthermore, it is our understanding that Mr. Dunn was working on the language for this statement, and while Mr. Dunn was not available for the May 27, 2014 meet and confer, Mr. Baron would consult with him regarding this issue. Defendants request that Plaintiffs provide a written procedure for handling this matter, including any proposed language regarding their productions, by 2:00 p.m. CST, on Monday, June 2, 2014.

Defendants are more than willing to work with the Plaintiffs on all these discovery issues, but unfortunately due to the imminent discovery deadlines we need written responses to ensure the progression of the conference process.  If Defendants do not receive responses to these issues by the June 2 deadline, we will have to move forward with Motions to Compel.


Sincerely,

Jennifer M. Roscetti
Assistant Attorney General
Office of the Attorney General
Consumer Protection Division
300 W.15th Street, 9th Floor
Austin, Texas 78701
512.475.4183 (t)
512.473.8301 (f)


-----Original Message-----
From: Wolf, Lindsey
Sent: Wednesday, May 28, 2014 9:43 AM
To: Robert Doggett (AUS); Ali, Hasan
Cc: Neil Baron; Rosenberg, Ezra; EXT Chad Dunn; EXT Armand Derfner; EXTLuis Vera Jr; EXT mvandalen; EXT Gerry Hebert; rhaygood@naacpldf.org; EXT Rolando L. Rios; sian@henrichsonlaw.com; EXT Preston E.Henrichson; EXT Scott Brazil; pnoriega@trla.org; knewell@trla.org; cswarns@naacpldf.org; EXT Deuel Ross; EXT Leah Aden; EXT Natasha Korgaonkar; Conley, Danielle; Shordt, Richard; Paikin, Jonathan; Dunbar, Kelly P.; Sinzdak, Gerard; Lebsack, Sonya L; Eisenberg, Lynn; EXT EmmaSimson; anna.baldwin@usdoj.gov; robert.berman@usdoj.gov; richard.dellheim@usdoj.gov; elizabeth.westfall@usdoj.gov; avner.shapiro@usdoj.gov; daniel.freeman@usdoj.gov; jennifer.maranzano@usdoj.gov; john.a.smith@usdoj.gov; meredith.bell-platts@usdoj.gov; bruce.gear@usdoj.gov; Rudd, Amy; Yeary, Michelle; ttrainor@bmpllp.com; jnixon@bmpllp.com; jenniferl.clark@nyu.edu; EXT Vishal Agraharkar; EXT Wendy Weiser; EXT Myrna Perez; EXT Erandi Zamora; mposner@lawyerscommittee.org; EXT Sonia Gill; EXT Jose Garza; pmcgraw@trla.org; bdonnell@dakpc.com; Scott, John; Clay, Reed; Whitley, David; Roscetti, Jennifer; Keister, Ronny; Deason, Whitney; Hayes, Kevin; Tatum, Stephen; Wilson, Anne; Ried, Lisa; D'Andrea, Arthur
Subject: RE: Veasey v. Perry - Follow-Up Meet-and-Confer from Meet-and-Confer of Thursday, May 22

Thanks, counsel.  I will assume any other representatives for the non-U.S. Plaintiffs and Plaintiff-Intervenors who would like to participate are also available at 1 P.M. CST, unless I hear otherwise.  We can use the following dial-in for the call:

888-387-8235
Passcode:  7930356#

Thanks,

Lindsey E. Wolf | Assistant Attorney General | Financial Litigation, Tax, and Charitable Trusts Division |300 West 15th Street, 6th Floor, Austin, Texas 78701 | Mail: P O Box 12548 | Austin, TX 78711-2548 | (512) 475-4233 | Fax: (512) 370-9126 | e-mail: Lindsey.Wolf@texasattorneygeneral.gov

-----Original Message-----
From: Robert Doggett (AUS) [mailto:rdoggett@trla.org]
Sent: Wednesday, May 28, 2014 7:50 AM
To: Ali, Hasan
Cc: Neil Baron; Rosenberg, Ezra; Wolf, Lindsey; EXT Chad Dunn; EXT Armand Derfner; EXTLuis Vera Jr; EXT mvandalen; EXT Gerry Hebert; rhaygood@naacpldf.org; EXT Rolando L. Rios; sian@henrichsonlaw.com; EXT Preston E.Henrichson; EXT Scott Brazil; pnoriega@trla.org; knewell@trla.org; cswarns@naacpldf.org; EXT Deuel Ross; EXT Leah Aden; EXT Natasha Korgaonkar; Conley, Danielle; Shordt, Richard; Paikin, Jonathan; Dunbar, Kelly P.; Sinzdak, Gerard; Lebsack, Sonya L; Eisenberg, Lynn; EXT EmmaSimson; anna.baldwin@usdoj.gov; robert.berman@usdoj.gov; richard.dellheim@usdoj.gov; elizabeth.westfall@usdoj.gov; avner.shapiro@usdoj.gov; daniel.freeman@usdoj.gov; jennifer.maranzano@usdoj.gov; john.a.smith@usdoj.gov; meredith.bell-platts@usdoj.gov; bruce.gear@usdoj.gov; Rudd, Amy; Yeary, Michelle; ttrainor@bmpllp.com; jnixon@bmpllp.com; jenniferl.clark@nyu.edu; EXT Vishal Agraharkar; EXT Wendy Weiser; EXT Myrna Perez; EXT Erandi Zamora; mposner@lawyerscommittee.org; EXT Sonia Gill; EXT Jose Garza; pmcgraw@trla.org; bdonnell@dakpc.com; Scott, John; Clay, Reed; Whitley, David; Roscetti, Jennifer; Keister, Ronny; Deason, Whitney; Hayes, Kevin; Tatum, Stephen; Wilson, Anne; Ried, Lisa; D'Andrea, Arthur
Subject: Re: Veasey v. Perry - Follow-Up Meet-and-Confer from Meet-and-Confer of Thursday, May 22

I am available.

Robert

> On May 28, 2014, at 6:20 AM, "Ali, Hasan" <Hasan.Ali@wilmerhale.com> wrote:
>
> Natasha and I are also available at 1pm.
>
> Thanks,
> Hasan
>
>> On May 27, 2014, at 8:48 PM, "Neil Baron" <neil@ngbaronlaw.com> wrote:
>>
>> I am
>>
>> Sent from my iPhone
>>
>>> On May 27, 2014, at 5:53 PM, "Rosenberg, Ezra" <ezra.rosenberg@dechert.com> wrote:
>>>
>>> I am, Lindsey.
>>>
>>> Sent from my iPad

>>>
>>> On May 27, 2014, at 6:41 PM, "Wolf, Lindsey"
<Lindsey.Wolf@texasattorneygeneral.gov<mailto:Lindsey.Wolf@texasattorneygeneral.gov>> wrote:
>>>
>>> Counsel:
>>>
>>> Are counsel for the non-US Plaintiffs and Plaintiff-Intervenors available tomorrow afternoon at 1 P.M. CST,  for a
follow-up Meet-And-Confer call (from last Thursday's Meet-and-Confer call)?  If so, I will circulate a dial-in.
>>>
>>> Thanks,
>>>
>>>
>>> <image001.gif>
>>>
>>> Lindsey E. Wolf | Assistant Attorney General | Financial Litigation,
>>> Tax, and Charitable Trusts Division |300 West 15th Street, 6th
>>> Floor, Austin, Texas 78701 | Mail: P O Box 12548 | Austin, TX
>>> 78711-2548 | (512) 475-4233 | Fax: (512) 370-9126 | e-mail:
>>> Lindsey.Wolf@texasattorneygeneral.gov<mailto:Lindsey.Wolf@texasattor
>>> neygeneral.gov>
>>>
>>>
>>>
>>>
>>> ******************************************************************
>>> ** This e-mail is from Dechert LLP, a law firm, and may contain
>>> information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute
the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

******************************************************************
This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not
the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender
and delete the e-mail and any attachments. Thank you.

28

## Wolf, Lindsey

| | |
|---|---|
| **From:** | Wolf, Lindsey |
| **Sent:** | Monday, June 02, 2014 12:53 PM |
| **To:** | Rosenberg, Ezra; Roscetti, Jennifer; EXT rdoggett; EXT Hasan Ali; EXT Neil Baron; EXT Chad Dunn; EXT Armand Derfner; EXT Luis Vera Jr; EXT mvandalen; EXT Gerry Hebert; EXT Ryan Haygood; EXT Rolando L. Rios; sian@henrichsonlaw.com; EXT Preston E. Henrichson; EXT Scott Brazil; pnoriega@trla.org; knewell@trla.org; cswarns@naacpldf.org; EXT Deuel Ross; EXT Leah  Aden; EXT Natasha Korgaonkar; EXT Danielle Conley; EXT Richard Shordt; Paikin, Jonathan; EXT Kelly Dunbar; EXT Gerry Sinzdak; EXT Sonya Lebsack; EXT Lynn Eisenberg; EXT Emma Simson; anna.baldwin@usdoj.gov; robert.berman@usdoj.gov; richard.dellheim@usdoj.gov; elizabeth.westfall@usdoj.gov; avner.shapiro@usdoj.gov; daniel.freeman@usdoj.gov; jennifer.maranzano@usdoj.gov; john.a.smith@usdoj.gov; meredith.bell-platts@usdoj.gov; bruce.gear@usdoj.gov; Rudd, Amy; Yeary, Michelle; ttrainor@bmpllp.com; jnixon@bmpllp.com; jenniferl.clark@nyu.edu; EXT Vishal Agraharkar; EXT Wendy Weiser; EXT Myrna Perez; EXT Erandi Zamora; EXT Mark Posner; EXT Sonia Gill; EXT Jose Garza; pmcgraw@trla.org; bdonnell@dakpc.com; Scott, John; Clay, Reed; Whitley, David; Keister, Ronny; Deason, Whitney; Hayes, Kevin; Tatum, Stephen; Wilson, Anne; Ried, Lisa; D'Andrea, Arthur |
| **Subject:** | RE: Veasey v. Perry - Follow to Meet and Confer |

Ezra,

Defendants would be agreeable to your proposal, subject to one minor modification italicized and bolded in red below:

> To the extent that a plaintiff organization has alleged that its standing is based in whole or in part on injury to any of its members, said plaintiff organization may respond to a request by defendants for production of membership lists by either (1) identifying the member or members of whom the plaintiff organization is aware who have been or may be injured by implementation of SB 14 or (2) stating that it is either unaware of the identity of any particular member who has been or may be injured by implementation of SB 14 or that it does not maintain sufficient information to identify any particular member who has been or may be injured by implementation of SB 14. Any plaintiff organization identifying a particular person as a member of its organization may designate the person's membership in the organization and/or related information as Highly Confidential under the Protective Order entered in this case.  Other than the information set forth in this paragraph, defendants will not be entitled to any other *written* information, unless otherwise publicly disclosed, as to who is a member of any plaintiff organization.

Please advise by 2 P.M. tomorrow, whether organizational plaintiffs Texas State Conference of NAACP Branches, League of United Latin American Citizens, The Texas League of Young Voters Education Fund, and La Union Del Pueblo Entero, are agreeable to the proposal as modified.

Regards,

1

29



ATTORNEY GENERAL OF TEXAS
GREG ABBOTT

Lindsey E. Wolf | Assistant Attorney General | Financial Litigation, Tax, and Charitable Trusts Division | 300 West 15th Street, 6th Floor, Austin, Texas 78701 | Mail: P O Box 12548 | Austin, TX 78711-2548 | (512) 475-4233 | Fax: (512) 370-9126 | e-mail: **Lindsey.Wolf@texasattorneygeneral.gov**

-----Original Message-----
From: Rosenberg, Ezra [mailto:ezra.rosenberg@dechert.com]
Sent: Monday, June 02, 2014 8:21 AM
To: Roscetti, Jennifer; Wolf, Lindsey; EXT rdoggett; EXT Hasan Ali; EXT Neil Baron; EXT Chad Dunn; EXT Armand Derfner; EXT Luis Vera Jr; EXT mvandalen; EXT Gerry Hebert; EXT Ryan Haygood; EXT Rolando L. Rios; sian@henrichsonlaw.com; EXT Preston E. Henrichson; EXT Scott Brazil; pnoriega@trla.org; knewell@trla.org; cswarns@naacpldf.org; EXT Deuel Ross; EXT Leah Aden; EXT Natasha Korgaonkar; EXT Danielle Conley; EXT Richard Shordt; Paikin, Jonathan; EXT Kelly Dunbar; EXT Gerry Sinzdak; EXT Sonya Lebsack; EXT Lynn Eisenberg; EXT Emma Simson; anna.baldwin@usdoj.gov; robert.berman@usdoj.gov; richard.dellheim@usdoj.gov; elizabeth.westfall@usdoj.gov; avner.shapiro@usdoj.gov; daniel.freeman@usdoj.gov; jennifer.maranzano@usdoj.gov; john.a.smith@usdoj.gov; meredith.bell-platts@usdoj.gov; bruce.gear@usdoj.gov; Rudd, Amy; Yeary, Michelle; ttrainor@bmpllp.com; jnixon@bmpllp.com; jenniferl.clark@nyu.edu; EXT Vishal Agraharkar; EXT Wendy Weiser; EXT Myrna Perez; EXT Erandi Zamora; EXT Mark Posner; EXT Sonia Gill; EXT Jose Garza; pmcgraw@trla.org; bdonnell@dakpc.com; Scott, John; Clay, Reed; Whitley, David; Keister, Ronny; Deason, Whitney; Hayes, Kevin; Tatum, Stephen; Wilson, Anne; Ried, Lisa; D'Andrea, Arthur
Subject: RE: Veasey v. Perry - Follow to Meet and Confer

Jennifer -- As per the issue of membership lists, organizational plaintiffs Texas State Conference of NAACP Branches, League of United Latin American Citizens, The Texas League of Young Voters Education Fund, and La Union Del Pueblo Entero, will agree to the following:

To the extent that a plaintiff organization has alleged that its standing is based in whole or in part on injury to any of its members, said plaintiff organization may respond to a request by defendants for production of membership lists by either (1) identifying the member or members of whom the plaintiff organization is aware who have been or may be injured by implementation of SB 14 or (2) stating that it is either unaware of the identity of any particular member who has been or may be injured by implementation of SB 14 or that it does not maintain sufficient information to identify any particular member who has been or may be injured by implementation of SB 14. Any plaintiff organization identifying a particular person as a member of its organization may designate the person's membership in the organization and/or related information as Highly Confidential under the Protective Order entered in this case.  Other than the information set forth in this paragraph, defendants will not be entitled to any other information, unless otherwise publicly disclosed, as to who is a member of any plaintiff organization.

Please confirm Defendants' agreement.  Thanks. - Ezra

-----Original Message-----
From: Roscetti, Jennifer [mailto:jennifer.roscetti@texasattorneygeneral.gov]
Sent: Thursday, May 29, 2014 8:03 PM
To: Wolf, Lindsey; EXT rdoggett; EXT Hasan Ali; EXT Neil Baron; Rosenberg, Ezra; EXT Chad Dunn; EXT Armand Derfner; EXT Luis Vera Jr; EXT mvandalen; EXT Gerry Hebert; EXT Ryan Haygood; EXT Rolando L. Rios; sian@henrichsonlaw.com; EXT Preston E. Henrichson; EXT Scott Brazil; pnoriega@trla.org; knewell@trla.org; cswarns@naacpldf.org; EXT Deuel Ross; EXT Leah Aden; EXT Natasha Korgaonkar; EXT Danielle Conley; EXT Richard Shordt; Paikin, Jonathan; EXT Kelly

Dunbar; EXT Gerry Sinzdak; EXT Sonya Lebsack; EXT Lynn Eisenberg; EXT Emma Simson; anna.baldwin@usdoj.gov; robert.berman@usdoj.gov; richard.dellheim@usdoj.gov; elizabeth.westfall@usdoj.gov; avner.shapiro@usdoj.gov; daniel.freeman@usdoj.gov; jennifer.maranzano@usdoj.gov; john.a.smith@usdoj.gov; meredith.bell-platts@usdoj.gov; bruce.gear@usdoj.gov; Rudd, Amy; Yeary, Michelle; ttrainor@bmpllp.com; jnixon@bmpllp.com; jenniferl.clark@nyu.edu; EXT Vishal Agraharkar; EXT Wendy Weiser; EXT Myrna Perez; EXT Erandi Zamora; EXT Mark Posner; EXT Sonia Gill; EXT Jose Garza; pmcgraw@trla.org; bdonnell@dakpc.com; Scott, John; Clay, Reed; Whitley, David; Keister, Ronny; Deason, Whitney; Hayes, Kevin; Tatum, Stephen; Wilson, Anne; Ried, Lisa; D'Andrea, Arthur
Subject: RE: Veasey v. Perry - Follow to Meet and Confer

Dear Counsel,

I am emailing on behalf of Ms. Wolf to follow up regarding outstanding issues from our past teleconferences concerning Plaintiffs' responses to Defendants' Requests for Production.

The first outstanding issue relates to Defendants providing a list of documents that individual Plaintiffs will then review to determine whether they have possession, custody, or control of the documents rather than having to produce all the requested materials. This is the category of documents Ms. Wolf refers to as "supporting documents" for obtaining an EIC, Driver License, or other form of identification.  Defendants are actively compiling this list and plan to provide it to Plaintiffs on Friday, May 30, 2014 by 2:00 p.m. CST. Please confirm by 2:00 p.m. CST, on Monday, June 2, 2014 whether Plaintiffs approve of the Defendants' list and  will agree to comply with this procedure instead of providing documents responsive to Defendants' requests for production.

The next outstanding issue relates to what Ms. Wolf has previously referred to as "family member documents." Defendants have proposed the following procedure for the individual Plaintiffs who have not, or have been unable to produce their birth certificate.  Defendants will provide a list of underlying documents that Plaintiffs' can review and affirm whether or not Plaintiffs have possession, custody, or control of documents relating to immediate family members that would allow those immediate family members to obtain a birth certificate for the Plaintiffs. Defendants will provide this list to Plaintiffs by Friday, May 30 at 2:00 p.m. CST for review.  Defendants request confirmation by 2:00 p.m. CST, on Monday, June 2, 2014 whether or not Plaintiffs will approve of Defendants' proposed list and will agree to comply with this procedure rather than providing the documents responsive to Defendants' requests for production.

Defendants would like to clarify that this procedure does not need to apply to (1) individual Plaintiffs who have not alleged that they lack forms of identification under SB 14 (i.e., politicians and community organizers); (2) individual voters who have alleged to have been disenfranchised who have either (a) produced a birth certificate, or (b) a form of identification which would be permissible for voting under SB 14.  As a result, this approach would apply to: Peggy Draper Herman, Ken Gandy, John Mellor-Crummey, Koby Ozias, Gordon Benjamin, Belinda Ortiz, Lionel Estrada, and Margarito Martinez Lara.  If any of these individuals are over 75 years of age, they also do not have to comply with this procedure.  Defendants request confirmation that this procedure will be complied with (as well as whether any of these individuals are over 75 years of age, and are thus exempt) by 2:00 p.m. CST, on Monday, June 2, 2014.

The third outstanding issue relates to Plaintiffs' objection to the definition of SB 14 and the date requirements under Defendants' requests. More specifically, Plaintiffs objected to producing any documents prior to January 2012 or that relate to any other previous voter id bill. It is Defendants' understanding that Plaintiffs are still confirming whether or not their clients are withholding documents based on objections to the definition of SB 14 or the date of January 2012. Defendants request that Plaintiffs confirm, in writing, by 2:00 p.m. CST on Monday, June 2, 2014 whether or not documents have been searched for and been produced, or in the alternative, have been searched for and are being withheld.

The next outstanding issue concerns Plaintiffs' objections to providing Defendants membership lists. As an alternative to the Plaintiff organizations producing a complete membership list, Defendants have proposed to Plaintiffs two options. These options include either (1) producing a list of members who Plaintiffs allege have been injured by SB 14; or  (2) Plaintiffs providing a stipulation that the organization does not have the ability to respond to the request (without

waiving any objections) because it does not maintain a membership record detailing which members possess the acceptable SB 14 identification. It is Defendants' understanding that Mr. Rosenberg is drafting the stipulation language, and that depending on the language the other organizational Plaintiffs will either use the stipulation procedure, or stand on their objections. Defendants request that Mr. Rosenberg provide the draft stipulation by 2:00 p.m. CST, on Monday, June 2, 2014. Defendants also request that the other Plaintiffs provide a definitive answer, in writing, as to whether or not this stipulation procedure will be an acceptable alternative to providing documents responsive to the requests for production by 2:00 p.m. CST, on Monday, June 2, 2014.

The last issue relates to what has collectively been referred to as the "contention requests." Defendants' understanding is that the proposed procedure to handle responses to these contentions requests is to allow Plaintiffs to provide a global document response. More specifically, Plaintiffs would produce the documents that are responsive to the contention requests and rather than identifying each request the documents are responsive to, Plaintiffs would accompany the document production with a statement that Plaintiffs were not withholding documents that were responsive to the contention requests. Furthermore, it is our understanding that Mr. Dunn was working on the language for this statement, and while Mr. Dunn was not available for the May 27, 2014 meet and confer, Mr. Baron would consult with him regarding this issue. Defendants request that Plaintiffs provide a written procedure for handling this matter, including any proposed language regarding their productions, by 2:00 p.m. CST, on Monday, June 2, 2014.

Defendants are more than willing to work with the Plaintiffs on all these discovery issues, but unfortunately due to the imminent discovery deadlines we need written responses to ensure the progression of the conference process.  If Defendants do not receive responses to these issues by the June 2 deadline, we will have to move forward with Motions to Compel.


Sincerely,

Jennifer M. Roscetti
Assistant Attorney General
Office of the Attorney General
Consumer Protection Division
300 W.15th Street, 9th Floor
Austin, Texas 78701
512.475.4183 (t)
512.473.8301 (f)

-----Original Message-----
From: Wolf, Lindsey
Sent: Wednesday, May 28, 2014 9:43 AM
To: Robert Doggett (AUS); Ali, Hasan
Cc: Neil Baron; Rosenberg, Ezra; EXT Chad Dunn; EXT Armand Derfner; EXTLuis Vera Jr; EXT mvandalen; EXT Gerry Hebert; rhaygood@naacpldf.org; EXT Rolando L. Rios; sian@henrichsonlaw.com; EXT Preston E.Henrichson; EXT Scott Brazil; pnoriega@trla.org; knewell@trla.org; cswarns@naacpldf.org; EXT Deuel Ross; EXT Leah Aden; EXT Natasha Korgaonkar; Conley, Danielle; Shordt, Richard; Paikin, Jonathan; Dunbar, Kelly P.; Sinzdak, Gerard; Lebsack, Sonya L; Eisenberg, Lynn; EXT EmmaSimson; anna.baldwin@usdoj.gov; robert.berman@usdoj.gov; richard.dellheim@usdoj.gov; elizabeth.westfall@usdoj.gov; avner.shapiro@usdoj.gov; daniel.freeman@usdoj.gov; jennifer.maranzano@usdoj.gov; john.a.smith@usdoj.gov; meredith.bell-platts@usdoj.gov; bruce.gear@usdoj.gov; Rudd, Amy; Yeary, Michelle; ttrainor@bmpllp.com; jnixon@bmpllp.com; jenniferl.clark@nyu.edu; EXT Vishal Agraharkar; EXT Wendy Weiser; EXT Myrna Perez; EXT Erandi Zamora; mposner@lawyerscommittee.org; EXT Sonia Gill; EXT Jose Garza; pmcgraw@trla.org; bdonnell@dakpc.com; Scott, John; Clay, Reed; Whitley, David; Roscetti, Jennifer; Keister, Ronny; Deason, Whitney; Hayes, Kevin; Tatum, Stephen; Wilson, Anne; Ried, Lisa; D'Andrea, Arthur
Subject: RE: Veasey v. Perry - Follow-Up Meet-and-Confer from Meet-and-Confer of Thursday, May 22

Thanks, counsel.  I will assume any other representatives for the non-U.S. Plaintiffs and Plaintiff-Intervenors who would like to participate are also available at 1 P.M. CST, unless I hear otherwise.  We can use the following dial-in for the call:

888-387-8235
Passcode:  7930356#

Thanks,

Lindsey E. Wolf | Assistant Attorney General | Financial Litigation, Tax, and Charitable Trusts Division |300 West 15th Street, 6th Floor, Austin, Texas 78701 | Mail: P O Box 12548 | Austin, TX 78711-2548 | (512) 475-4233 | Fax: (512) 370-9126 | e-mail: Lindsey.Wolf@texasattorneygeneral.gov

-----Original Message-----
From: Robert Doggett (AUS) [mailto:rdoggett@trla.org]
Sent: Wednesday, May 28, 2014 7:50 AM
To: Ali, Hasan
Cc: Neil Baron; Rosenberg, Ezra; Wolf, Lindsey; EXT Chad Dunn; EXT Armand Derfner; EXTLuis Vera Jr; EXT mvandalen; EXT Gerry Hebert; rhaygood@naacpldf.org; EXT Rolando L. Rios; sian@henrichsonlaw.com; EXT Preston E.Henrichson; EXT Scott Brazil; pnoriega@trla.org; knewell@trla.org; cswarns@naacpldf.org; EXT Deuel Ross; EXT Leah Aden; EXT Natasha Korgaonkar; Conley, Danielle; Shordt, Richard; Paikin, Jonathan; Dunbar, Kelly P.; Sinzdak, Gerard; Lebsack, Sonya L; Eisenberg, Lynn; EXT EmmaSimson; anna.baldwin@usdoj.gov; robert.berman@usdoj.gov; richard.dellheim@usdoj.gov; elizabeth.westfall@usdoj.gov; avner.shapiro@usdoj.gov; daniel.freeman@usdoj.gov; jennifer.maranzano@usdoj.gov; john.a.smith@usdoj.gov; meredith.bell-platts@usdoj.gov; bruce.gear@usdoj.gov; Rudd, Amy; Yeary, Michelle; ttrainor@bmpllp.com; jnixon@bmpllp.com; jenniferl.clark@nyu.edu; EXT Vishal Agraharkar; EXT Wendy Weiser; EXT Myrna Perez; EXT Erandi Zamora; mposner@lawyerscommittee.org; EXT Sonia Gill; EXT Jose Garza; pmcgraw@trla.org; bdonnell@dakpc.com; Scott, John; Clay, Reed; Whitley, David; Roscetti, Jennifer; Keister, Ronny; Deason, Whitney; Hayes, Kevin; Tatum, Stephen; Wilson, Anne; Ried, Lisa; D'Andrea, Arthur
Subject: Re: Veasey v. Perry - Follow-Up Meet-and-Confer from Meet-and-Confer of Thursday, May 22

I am available.

Robert

> On May 28, 2014, at 6:20 AM, "Ali, Hasan" <Hasan.Ali@wilmerhale.com> wrote:
>
> Natasha and I are also available at 1pm.
>
> Thanks,
> Hasan
>
>> On May 27, 2014, at 8:48 PM, "Neil Baron" <neil@ngbaronlaw.com> wrote:
>>
>> I am
>>
>> Sent from my iPhone
>>

>>> On May 27, 2014, at 5:53 PM, "Rosenberg, Ezra" <ezra.rosenberg@dechert.com> wrote:
>>>
>>> I am, Lindsey.
>>>
>>> Sent from my iPad
>>>
>>> On May 27, 2014, at 6:41 PM, "Wolf, Lindsey"
<Lindsey.Wolf@texasattorneygeneral.gov<mailto:Lindsey.Wolf@texasattorneygeneral.gov>> wrote:
>>>
>>> Counsel:
>>>
>>> Are counsel for the non-US Plaintiffs and Plaintiff-Intervenors available tomorrow afternoon at 1 P.M. CST,  for a
follow-up Meet-And-Confer call (from last Thursday's Meet-and-Confer call)?  If so, I will circulate a dial-in.
>>>
>>> Thanks,
>>>
>>>
>>> <image001.gif>
>>>
>>> Lindsey E. Wolf | Assistant Attorney General | Financial Litigation,
>>> Tax, and Charitable Trusts Division |300 West 15th Street, 6th
>>> Floor, Austin, Texas 78701 | Mail: P O Box 12548 | Austin, TX
>>> 78711-2548 | (512) 475-4233 | Fax: (512) 370-9126 | e-mail:
>>> Lindsey.Wolf@texasattorneygeneral.gov<mailto:Lindsey.Wolf@texasattor
>>> neygeneral.gov>
>>>
>>>
>>>
>>>
>>> ********************************************************************
>>> ** This e-mail is from Dechert LLP, a law firm, and may contain
>>> information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute
the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

********************************************************************
This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not
the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender
and delete the e-mail and any attachments. Thank you.

## Wolf, Lindsey

| | |
|---|---|
| **From:** | Natasha Korgaonkar <NKorgaonkar@NAACPLDF.ORG> |
| **Sent:** | Monday, June 02, 2014 2:03 PM |
| **To:** | EXT Jose Garza; jnixon@bmpllp.com; ttrainor@bmpllp.com; EXT Chad Dunn; EXT Scott Brazil; EXT EmmaSimson; EXT Gerry Hebert; bdonnell@dakpc.com; EXT Armand Derfner; Amy Rudd; Ezra Rosenberg; Michelle Yeary; EXT Preston E.Henrichson; sian@henrichsonlaw.com; EXT Erandi Zamora; mposner@lawyerscommittee.org; EXT Sonia Gill; Christina Swarns; Deuel Ross; Leah Aden; Neil Baron; jenniferl.clark@nyu.edu; EXT Myrna Perez; EXT Vishal Agraharkar; EXT Wendy Weiser; EXT Rolando L. Rios; EXTLuis Vera Jr; Wilson, Anne; D'Andrea, Arthur; Whitley, David; Roscetti, Jennifer; Scott, John; Hayes, Kevin; Wolf, Lindsey; Ried, Lisa; Clay, Reed; Keister, Ronny; Tatum, Stephen; Deason, Whitney; knewell@trla.org; EXTmvandalen; pmcgraw@trla.org; pnoriega@trla.org; Robert Doggett(AUS); anna.baldwin@usdoj.gov; avner.shapiro@usdoj.gov; bruce.gear@usdoj.gov; daniel.freeman@usdoj.gov; elizabeth.westfall@usdoj.gov; jennifer.maranzano@usdoj.gov; john.a.smith@usdoj.gov; meredith.bell-platts@usdoj.gov; richard.dellheim@usdoj.gov; robert.berman@usdoj.gov; Danielle Conley; Gerard Sinzdak; Hasan Ali; Jonathan Paikin; Kelly P. Dunbar; Lynn Eisenberg; Richard Shordt; Sonya L Lebsack |
| **Cc:** | RYAN HAYGOOD |
| **Subject:** | RE: Veasey v. Perry - Follow to Meet and Confer |

Lindsey and Jennifer,

I write on behalf of the Texas League of Young Voters group in response to your May 29 emails regarding outstanding issues from the meet and confer regarding document productions.

1. "Supporting documents" - Counsel for Texas, in past meet and confers, have stated that they would refer to Ms. Clark and Ms. Bessiake's deposition transcripts to confirm that our clients have already produced and/or answered questions relating to their possession of many such documents. *See* Clark Dep. Tr. p. 68:6-9 (unexpired TX DL; temporary receipt for TX DL); p. 68:22-69:1 (unexpired TX PID; temporary receipt for TX PID); 69:15-17 (US citizenship/naturalization); 73: 6-12 (VR card); 73:15 - 25 (school records); 74:9 - 19 (Texas vehicle title); 73: 16 - 18 (Social Security card; *see also* Clark Dep. Ex. 6); 75: 12- 15 (unexpired CA DL); 75: 16 - 18 (expired CA PID); 75: 19 - 25 (W-2/Form 1099); 68:6-9 (expired TX DL); 68:22-69:1 (expired TX PID); 76: 19 - 22 (professional license by TX agency or other government agency-issued ID); 76:23-77:8 (immunization records); 74:9-10 (automobile insurance policy); 69:9-11 (unexpired or expired CHL); Clark Dep. Ex. 1 (birth certificate). *See* Bessiake Dep. Tr. p. 53:25, 54:1-2 (unexpired TX DL); 54:5-7 (unexpired TX PID); 54:17-19, 57:14-16 (US citizenship/naturalization); 57:17-19 (VR card); 58:8-12 (school records); 59:22-24 (Texas vehicle title); 60:2-3 (Social Security card; *see also* Bessiake Dep. Ex. 4); 60:20-22 (unexpired IN DL; *see also* Bessiake Dep. Ex. 5); 61:3-5 (expired IN DL or PID); 61:6-7 (W-2/Form 1099); 54:3-4 (expired TX DL); 54:8-10 (expired TX PID);  62:1-5 (professional license by TX agency or other government agency-issued ID); 62:6-10 (immunization records); 59:1-6 (checking statements); 54:11-13 (unexpired or expired CHL); 56:25, 57:1-5 (birth certificate; *see also* Bessiake Dep. Ex. 1); 57:6-13 (United States Dept. State Cert. of Birth); 59:9-19 (insurance policy); 54:14-16 (expired military dependent identification card); 14:17-20 (residential lease); *see* LYV00000105.

Notwithstanding that the proposed checklist exercise will largely be duplicative of the depositions of Ms. Clark and Ms. Bessiake, the TLYVEF group is amenable to following the checklist procedure for supporting documents, instead of producing the documents themselves. However, Defendants' proposal in Whitney Deason's 5/29/14 email that Defendants' right to request production of check-marked documents in clients' possession, custody, or control "at any future date" is overbroad, and would impermissibly extend fact discovery long past the June 27 deadline ordered by the Court. The TLYVEF group, accordingly, asks that Defendants propose a manner in which the checklist procedure is limited in date to the fact discovery period.

1

2. Withholding documents based on 2012 date - The TLYVEF group is not withholding documents based on a January 2012 cut-off date. Additionally, as I discussed with Whitney on Friday, the Texas League will be producing more League documents this week.

3. Membership lists - Please see Mr. Rosenberg's email from this morning.

Please don't hesitate to reach back out as necessary to discuss further.

Thanks,
Natasha Korgaonkar


>>> "Roscetti, Jennifer" <jennifer.roscetti@texasattorneygeneral.gov> 5/29/2014 8:03 PM >>>
Dear Counsel,

I am emailing on behalf of Ms. Wolf to follow up regarding outstanding issues from our past teleconferences concerning Plaintiffs' responses to Defendants' Requests for Production.

The first outstanding issue relates to Defendants providing a list of documents that individual Plaintiffs will then review to determine whether they have possession, custody, or control of the documents rather than having to produce all the requested materials. This is the category of documents Ms. Wolf refers to as "supporting documents" for obtaining an EIC, Driver License, or other form of identification.  Defendants are actively compiling this list and plan to provide it to Plaintiffs on Friday, May 30, 2014 by 2:00 p.m. CST. Please confirm by 2:00 p.m. CST, on Monday, June 2, 2014 whether Plaintiffs approve of the Defendants' list and  will agree to comply with this procedure instead of providing documents responsive to Defendants' requests for production.

The next outstanding issue relates to what Ms. Wolf has previously referred to as "family member documents." Defendants have proposed the following procedure for the individual Plaintiffs who have not, or have been unable to produce their birth certificate.  Defendants will provide a list of underlying documents that Plaintiffs' can review and affirm whether or not Plaintiffs have possession, custody, or control of documents relating to immediate family members that would allow those immediate family members to obtain a birth certificate for the Plaintiffs. Defendants will provide this list to Plaintiffs by Friday, May 30 at 2:00 p.m. CST for review.  Defendants request confirmation by 2:00 p.m. CST, on Monday, June 2, 2014 whether or not Plaintiffs will approve of Defendants' proposed list and will agree to comply with this procedure rather than providing the documents responsive to Defendants' requests for production.

Defendants would like to clarify that this procedure does not need to apply to (1) individual Plaintiffs who have not alleged that they lack forms of identification under SB 14 (i.e., politicians and community organizers); (2) individual voters who have alleged to have been disenfranchised who have either (a) produced a birth certificate, or (b) a form of identification which would be permissible for voting under SB 14.  As a result, this approach would apply to: Peggy Draper Herman, Ken Gandy, John Mellor-Crummey, Koby Ozias, Gordon Benjamin, Belinda Ortiz, Lionel Estrada, and Margarito Martinez Lara.  If any of these individuals are over 75 years of age, they also do not have to comply with this procedure.  Defendants request confirmation that this procedure will be complied with (as well as whether any of these individuals are over 75 years of age, and are thus exempt) by 2:00 p.m. CST, on Monday, June 2, 2014.

The third outstanding issue relates to Plaintiffs' objection to the definition of SB 14 and the date requirements under Defendants' requests. More specifically, Plaintiffs objected to producing any documents prior to January 2012 or that relate to any other previous voter id bill.  It is Defendants' understanding that Plaintiffs are still confirming whether or not their clients are withholding documents based on objections to the definition of SB 14 or the date of January 2012. Defendants request that Plaintiffs confirm, in writing, by 2:00 p.m. CST on Monday, June 2, 2014 whether or not documents have been searched for and been produced, or in the alternative, have been searched for and are being withheld.

The next outstanding issue concerns Plaintiffs' objections to providing Defendants membership lists. As an alternative to the Plaintiff organizations producing a complete membership list, Defendants have proposed to Plaintiffs two options. These options include either (1) producing a list of members who Plaintiffs allege have been injured by SB 14; or  (2) Plaintiffs providing a stipulation that the organization does not have the ability to respond to the request (without waiving any objections) because it does not maintain a membership record detailing which members possess the acceptable SB 14 identification. It is Defendants' understanding that Mr. Rosenberg is drafting the stipulation language,

and that depending on the language the other organizational Plaintiffs will either use the stipulation procedure, or stand on their objections. Defendants request that Mr. Rosenberg provide the draft stipulation by 2:00 p.m. CST, on Monday, June 2, 2014. Defendants also request that the other Plaintiffs provide a definitive answer, in writing, as to whether or not this stipulation procedure will be an acceptable alternative to providing documents responsive to the requests for production by 2:00 p.m. CST, on Monday, June 2, 2014.

The last issue relates to what has collectively been referred to as the "contention requests." Defendants' understanding is that the proposed procedure to handle responses to these contentions requests is to allow Plaintiffs to provide a global document response. More specifically, Plaintiffs would produce the documents that are responsive to the contention requests and rather than identifying each request the documents are responsive to, Plaintiffs would accompany the document production with a statement that Plaintiffs were not withholding documents that were responsive to the contention requests. Furthermore, it is our understanding that Mr. Dunn was working on the language for this statement, and while Mr. Dunn was not available for the May 27, 2014 meet and confer, Mr. Baron would consult with him regarding this issue. Defendants request that Plaintiffs provide a written procedure for handling this matter, including any proposed language regarding their productions, by 2:00 p.m. CST, on Monday, June 2, 2014.

Defendants are more than willing to work with the Plaintiffs on all these discovery issues, but unfortunately due to the imminent discovery deadlines we need written responses to ensure the progression of the conference process.  If Defendants do not receive responses to these issues by the June 2 deadline, we will have to move forward with Motions to Compel.


Sincerely,

Jennifer M. Roscetti
Assistant Attorney General
Office of the Attorney General
Consumer Protection Division
300 W.15th Street, 9th Floor
Austin, Texas 78701
512.475.4183 (t)
512.473.8301 (f)

-----Original Message-----
From: Wolf, Lindsey
Sent: Wednesday, May 28, 2014 9:43 AM
To: Robert Doggett (AUS); Ali, Hasan
Cc: Neil Baron; Rosenberg, Ezra; EXT Chad Dunn; EXT Armand Derfner; EXTLuis Vera Jr; EXT mvandalen; EXT Gerry Hebert; rhaygood@naacpldf.org; EXT Rolando L. Rios; sian@henrichsonlaw.com; EXT Preston E.Henrichson; EXT Scott Brazil; pnoriega@trla.org; knewell@trla.org; cswarns@naacpldf.org; EXT Deuel Ross; EXT Leah Aden; EXT Natasha Korgaonkar; Conley, Danielle; Shordt, Richard; Paikin, Jonathan; Dunbar, Kelly P.; Sinzdak, Gerard; Lebsack, Sonya L; Eisenberg, Lynn; EXT EmmaSimson; anna.baldwin@usdoj.gov; robert.berman@usdoj.gov; richard.dellheim@usdoj.gov; elizabeth.westfall@usdoj.gov; avner.shapiro@usdoj.gov; daniel.freeman@usdoj.gov; jennifer.maranzano@usdoj.gov; john.a.smith@usdoj.gov; meredith.bell-platts@usdoj.gov; bruce.gear@usdoj.gov; Rudd, Amy; Yeary, Michelle; ttrainor@bmpllp.com; jnixon@bmpllp.com; jenniferl.clark@nyu.edu; EXT Vishal Agraharkar; EXT Wendy Weiser; EXT Myrna Perez; EXT Erandi Zamora; mposner@lawyerscommittee.org; EXT Sonia Gill; EXT Jose Garza; pmcgraw@trla.org; bdonnell@dakpc.com; Scott, John; Clay, Reed; Whitley, David; Roscetti, Jennifer; Keister, Ronny; Deason, Whitney; Hayes, Kevin; Tatum, Stephen; Wilson, Anne; Ried, Lisa; D'Andrea, Arthur
Subject: RE: Veasey v. Perry - Follow-Up Meet-and-Confer from Meet-and-Confer of Thursday, May 22

Thanks, counsel.   I will assume any other representatives for the non-U.S. Plaintiffs and Plaintiff-Intervenors who would like to participate are also available at 1 P.M. CST, unless I hear otherwise.  We can use the following dial-in for the call:

888-387-8235
Passcode:  7930356#

Thanks,

Lindsey E. Wolf | Assistant Attorney General | Financial Litigation, Tax, and Charitable Trusts Division |300 West 15th Street, 6th Floor, Austin, Texas 78701 | Mail: P O Box 12548 | Austin, TX 78711-2548 | (512) 475-4233 | Fax: (512) 370-9126 | e-mail: Lindsey.Wolf@texasattorneygeneral.gov


-----Original Message-----
From: Robert Doggett (AUS) [mailto:rdoggett@trla.org]
Sent: Wednesday, May 28, 2014 7:50 AM
To: Ali, Hasan
Cc: Neil Baron; Rosenberg, Ezra; Wolf, Lindsey; EXT Chad Dunn; EXT Armand Derfner; EXTLuis Vera Jr; EXT mvandalen; EXT Gerry Hebert; rhaygood@naacpldf.org; EXT Rolando L. Rios; sian@henrichsonlaw.com; EXT Preston E.Henrichson; EXT Scott Brazil; pnoriega@trla.org; knewell@trla.org; cswarns@naacpldf.org; EXT Deuel Ross; EXT Leah Aden; EXT Natasha Korgaonkar; Conley, Danielle; Shordt, Richard; Paikin, Jonathan; Dunbar, Kelly P.; Sinzdak, Gerard; Lebsack, Sonya L; Eisenberg, Lynn; EXT EmmaSimson; anna.baldwin@usdoj.gov; robert.berman@usdoj.gov; richard.dellheim@usdoj.gov; elizabeth.westfall@usdoj.gov; avner.shapiro@usdoj.gov; daniel.freeman@usdoj.gov; jennifer.maranzano@usdoj.gov; john.a.smith@usdoj.gov; meredith.bell-platts@usdoj.gov; bruce.gear@usdoj.gov; Rudd, Amy; Yeary, Michelle; ttrainor@bmpllp.com; jnixon@bmpllp.com; jenniferl.clark@nyu.edu; EXT Vishal Agraharkar; EXT Wendy Weiser; EXT Myrna Perez; EXT Erandi Zamora; mposner@lawyerscommittee.org; EXT Sonia Gill; EXT Jose Garza; pmcgraw@trla.org; bdonnell@dakpc.com; Scott, John; Clay, Reed; Whitley, David; Roscetti, Jennifer; Keister, Ronny; Deason, Whitney; Hayes, Kevin; Tatum, Stephen; Wilson, Anne; Ried, Lisa; D'Andrea, Arthur
Subject: Re: Veasey v. Perry - Follow-Up Meet-and-Confer from Meet-and-Confer of Thursday, May 22

I am available.

Robert

> On May 28, 2014, at 6:20 AM, "Ali, Hasan" <Hasan.Ali@wilmerhale.com> wrote:
>
> Natasha and I are also available at 1pm.
>
> Thanks,
> Hasan
>
>> On May 27, 2014, at 8:48 PM, "Neil Baron" <neil@ngbaronlaw.com> wrote:
>>
>> I am
>>
>> Sent from my iPhone
>>
>>> On May 27, 2014, at 5:53 PM, "Rosenberg, Ezra" <ezra.rosenberg@dechert.com> wrote:
>>>
>>> I am, Lindsey.
>>>
>>> Sent from my iPad
>>>
>>> On May 27, 2014, at 6:41 PM, "Wolf, Lindsey"
<Lindsey.Wolf@texasattorneygeneral.gov<mailto:Lindsey.Wolf@texasattorneygeneral.gov>> wrote:
>>>
>>> Counsel:
>>>
>>> Are counsel for the non-US Plaintiffs and Plaintiff-Intervenors available tomorrow afternoon at 1 P.M. CST,  for a follow-up Meet-And-Confer call (from last Thursday's Meet-and-Confer call)?  If so, I will circulate a dial-in.
>>>

>>> Thanks,
>>>
>>>
>>> <image001.gif>
>>>
>>> Lindsey E. Wolf | Assistant Attorney General | Financial Litigation,
>>> Tax, and Charitable Trusts Division |300 West 15th Street, 6th
>>> Floor, Austin, Texas 78701 | Mail: P O Box 12548 | Austin, TX
>>> 78711-2548 | (512) 475-4233 | Fax: (512) 370-9126 | e-mail:
>>> Lindsey.Wolf@texasattorneygeneral.gov<mailto:Lindsey.Wolf@texasattor
>>> neygeneral.gov>
>>>
>>>
>>>
>>>
>>> ****************************************************************
>>> ** This e-mail is from Dechert LLP, a law firm, and may contain
>>> information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute
the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

## Wolf, Lindsey

| | |
|---|---|
| **From:** | Rosenberg, Ezra <ezra.rosenberg@dechert.com> |
| **Sent:** | Monday, June 02, 2014 3:57 PM |
| **To:** | Wolf, Lindsey |
| **Subject:** | Suggested language |

How's this?  I'm still waiting to hear if the other groups are ok with it, but wanted to run it by you.

To the extent that a plaintiff organization has alleged that its standing is based in whole or in part on injury to any of its members, said plaintiff organization may respond to a request by defendants for production of membership lists by either (1) identifying the member or members of whom the plaintiff organization is aware who have been or may be injured by implementation of SB 14 or (2) stating that it is either unaware of the identity of any particular member who has been or may be injured by implementation of SB 14 or that it does not maintain sufficient information to identify any particular member who has been or may be injured by implementation of SB 14. Any plaintiff organization identifying a particular person as a member of its organization may designate the person's membership in the organization and/or related information as Highly Confidential under the Protective Order entered in this case.  Other than the information set forth in this paragraph, defendants will not be entitled to any other information, unless otherwise publicly disclosed, as to who is a member of any plaintiff organization.  **The foregoing does not prohibit defendants from inquiring further at depositions about the information provided pursuant to (1) above, in which case plaintiff organizations may assert any objection (including any applicable privilege) as may be appropriate.**

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

40

## Wolf, Lindsey

| | |
|---|---|
| **From:** | Wolf, Lindsey |
| **Sent:** | Monday, June 02, 2014 5:48 PM |
| **To:** | 'Rosenberg, Ezra' |
| **Subject:** | RE: Suggested language |

Ezra,

I think we're close – please advise as to your thoughts on the below (changes underlined and in italics)?

To the extent that a plaintiff organization has alleged that its standing is based in whole or in part on injury to any of its members, said plaintiff organization may respond to a request by defendants for production of membership lists by either (1) identifying the member or members of whom the plaintiff organization is aware who have been or may be injured by implementation of SB 14 or (2) stating that it is either unaware of the identity of any particular member who has been or may be injured by implementation of SB 14 or that it does not maintain sufficient information to identify any particular member who has been or may be injured by implementation of SB 14. Any plaintiff organization identifying a particular person as a member of its organization may designate the person's membership in the organization and/or related information as Highly Confidential under the Protective Order entered in this case.  Other than the information set forth in this paragraph, defendants will not be entitled to any other information, unless otherwise publicly disclosed, as to who is a member of any plaintiff organization.  **The foregoing does not prohibit defendants from inquiring further at depositions about the information provided pursuant to (1) _and (2)_ above, in which case plaintiff organizations may assert any objection (including any applicable privilege) as may be appropriate.** _Plaintiffs understand that notwithstanding the foregoing, Defendants may inquire at a deposition as to how an organization's members join the organization (without reference to the specific identity of any members whom Plaintiffs are not alleging to have been or may be injured by the implementation of SB 14), subject to any objection (including any applicable privilege) as may be appropriate._

I'm still at my desk and can be reached at (512) 475-4233 if you'd like to discuss.

Thanks,

Lindsey

**From:** Rosenberg, Ezra [mailto:ezra.rosenberg@dechert.com]
**Sent:** Monday, June 02, 2014 3:57 PM
**To:** Wolf, Lindsey
**Subject:** Suggested language

How's this?  I'm still waiting to hear if the other groups are ok with it, but wanted to run it by you.

To the extent that a plaintiff organization has alleged that its standing is based in whole or in part on injury to any of its members, said plaintiff organization may respond to a request by defendants for production of membership lists by either (1) identifying the member or members of whom the plaintiff organization is aware who have been or may be injured by implementation of SB 14 or (2) stating that it is either unaware of the identity of any particular member who has been or may be injured by implementation of SB 14 or that it does not maintain sufficient information to identify any particular member who has been or may be injured by implementation of SB 14. Any plaintiff organization identifying a particular person as a member of its organization may designate the person's membership in the

organization and/or related information as Highly Confidential under the Protective Order entered in this case.  Other than the information set forth in this paragraph, defendants will not be entitled to any other information, unless otherwise publicly disclosed, as to who is a member of any plaintiff organization.  **The foregoing does not prohibit defendants from inquiring further at depositions about the information provided pursuant to (1) above, in which case plaintiff organizations may assert any objection (including any applicable privilege) as may be appropriate.**

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

## Wolf, Lindsey

| | |
|---|---|
| **From:** | Rosenberg, Ezra <ezra.rosenberg@dechert.com> |
| **Sent:** | Monday, June 02, 2014 7:47 PM |
| **To:** | Wolf, Lindsey |
| **Cc:** | EXT Gerry Hebert; EXT Natasha Korgaonkar; EXT mvandalen; EXT rdoggett; EXT Mark Posner; EXT Myrna Perez; Rudd, Amy; Yeary, Michelle; Cohan, Lindsey; EXT Gary Bledsoe |
| **Subject:** | Re: Suggested language |

All the organization plaintiffs whom I listed before are okay with this language, Lindsey.  Thanks -- Ezra

Sent from my iPad

On Jun 2, 2014, at 6:48 PM, "Wolf, Lindsey"
<Lindsey.Wolf@texasattorneygeneral.gov<mailto:Lindsey.Wolf@texasattorneygeneral.gov>> wrote:

Ezra,

I think we're close – please advise as to your thoughts on the below (changes underlined and in italics)?

To the extent that a plaintiff organization has alleged that its standing is based in whole or in part on injury to any of its members, said plaintiff organization may respond to a request by defendants for production of membership lists by either (1) identifying the member or members of whom the plaintiff organization is aware who have been or may be injured by implementation of SB 14 or (2) stating that it is either unaware of the identity of any particular member who has been or may be injured by implementation of SB 14 or that it does not maintain sufficient information to identify any particular member who has been or may be injured by implementation of SB 14. Any plaintiff organization identifying a particular person as a member of its organization may designate the person's membership in the organization and/or related information as Highly Confidential under the Protective Order entered in this case.  Other than the information set forth in this paragraph, defendants will not be entitled to any other information, unless otherwise publicly disclosed, as to who is a member of any plaintiff organization.  The foregoing does not prohibit defendants from inquiring further at depositions about the information provided pursuant to (1) and (2) above, in which case plaintiff organizations may assert any objection (including any applicable privilege) as may be appropriate. Plaintiffs understand that notwithstanding the foregoing, Defendants may inquire at a deposition as to how an organization's members join the organization (without reference to the specific identity of any members whom Plaintiffs are not alleging to have been or may be injured by the implementation of SB 14), subject to any objection (including any applicable privilege) as may be appropriate.

I'm still at my desk and can be reached at (512) 475-4233 if you'd like to discuss.

Thanks,

Lindsey


From: Rosenberg, Ezra [mailto:ezra.rosenberg@dechert.com]
Sent: Monday, June 02, 2014 3:57 PM
To: Wolf, Lindsey
Subject: Suggested language

1

43

How's this?  I'm still waiting to hear if the other groups are ok with it, but wanted to run it by you.

To the extent that a plaintiff organization has alleged that its standing is based in whole or in part on injury to any of its members, said plaintiff organization may respond to a request by defendants for production of membership lists by either (1) identifying the member or members of whom the plaintiff organization is aware who have been or may be injured by implementation of SB 14 or (2) stating that it is either unaware of the identity of any particular member who has been or may be injured by implementation of SB 14 or that it does not maintain sufficient information to identify any particular member who has been or may be injured by implementation of SB 14. Any plaintiff organization identifying a particular person as a member of its organization may designate the person's membership in the organization and/or related information as Highly Confidential under the Protective Order entered in this case.  Other than the information set forth in this paragraph, defendants will not be entitled to any other information, unless otherwise publicly disclosed, as to who is a member of any plaintiff organization.  The foregoing does not prohibit defendants from inquiring further at depositions about the information provided pursuant to (1) above, in which case plaintiff organizations may assert any objection (including any applicable privilege) as may be appropriate.

_____

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

*********************************************************************

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

44

## Wolf, Lindsey

| | |
|---|---|
| **From:** | Wolf, Lindsey |
| **Sent:** | Tuesday, June 03, 2014 12:12 PM |
| **To:** | 'Rosenberg, Ezra' |
| **Cc:** | EXT Gerry Hebert; EXT Natasha Korgaonkar; EXT mvandalen; EXT rdoggett; EXT Mark Posner; EXT Myrna Perez; Rudd, Amy; Yeary, Michelle; Cohan, Lindsey; EXT Gary Bledsoe; Scott, John; Clay, Reed; Whitley, David; Tatum, Stephen |
| **Subject:** | RE: Suggested language |

Thank you, Ezra.  This e-mail serves to confirm Defendants' agreement as to the following language:

> **To the extent that a plaintiff organization has alleged that its standing is based in whole or in part on injury to any of its members, said plaintiff organization may respond to a request by defendants for production of membership lists by either (1) identifying the member or members of whom the plaintiff organization is aware who have been or may be injured by implementation of SB 14 or (2) stating that it is either unaware of the identity of any particular member who has been or may be injured by implementation of SB 14 or that it does not maintain sufficient information to identify any particular member who has been or may be injured by implementation of SB 14. Any plaintiff organization identifying a particular person as a member of its organization may designate the person's membership in the organization and/or related information as Highly Confidential under the Protective Order entered in this case.  Other than the information set forth in this paragraph, defendants will not be entitled to any other information, unless otherwise publicly disclosed, as to who is a member of any plaintiff organization.  The foregoing does not prohibit defendants from inquiring further at depositions about the information provided pursuant to (1) and (2) above, in which case plaintiff organizations may assert any objection (including any applicable privilege) as may be appropriate.  Plaintiffs understand that notwithstanding the foregoing, Defendants may inquire at a deposition as to how an organization's members join the organization (without reference to the specific identity of any members whom Plaintiffs are not alleging to have been or may be injured by the implementation of SB 14), subject to any objection (including any applicable privilege) as may be appropriate.**

Defendants request that the League of United Latin American Citizens, The Texas League of Young Voters Education Fund, and *La Union Del Pueblo Entero* produce their responses to Defendants at least one week in advance of their respective depositions.  In light of the Texas State Conference of NAACP Branches ("Texas NAACP") deposition scheduled for tomorrow, Defendants request that the Texas NAACP produce its response by the close of business today, or, alternatively, that it bring its response to tomorrow's deposition.  Please advise as to when the Texas NAACP will produce its response.

Thank you,



ATTORNEY GENERAL OF TEXAS
GREG ABBOTT

1

Lindsey E. Wolf | Assistant Attorney General | Financial Litigation, Tax, and Charitable Trusts Division | 300 West 15th Street, 6th Floor, Austin, Texas 78701 | Mail: P O Box 12548 | Austin, TX 78711-2548 | (512) 475-4233 | Fax: (512) 370-9126 | e-mail: **Lindsey.Wolf@texasattorneygeneral.gov**

-----Original Message-----
From: Rosenberg, Ezra [mailto:ezra.rosenberg@dechert.com]
Sent: Monday, June 02, 2014 7:47 PM
To: Wolf, Lindsey
Cc: EXT Gerry Hebert; EXT Natasha Korgaonkar; EXT mvandalen; EXT rdoggett; EXT Mark Posner; EXT Myrna Perez; Rudd, Amy; Yeary, Michelle; Cohan, Lindsey; EXT Gary Bledsoe
Subject: Re: Suggested language

All the organization plaintiffs whom I listed before are okay with this language, Lindsey.  Thanks -- Ezra

Sent from my iPad

On Jun 2, 2014, at 6:48 PM, "Wolf, Lindsey"
<Lindsey.Wolf@texasattorneygeneral.gov<mailto:Lindsey.Wolf@texasattorneygeneral.gov>> wrote:

Ezra,

I think we're close – please advise as to your thoughts on the below (changes underlined and in italics)?

To the extent that a plaintiff organization has alleged that its standing is based in whole or in part on injury to any of its members, said plaintiff organization may respond to a request by defendants for production of membership lists by either (1) identifying the member or members of whom the plaintiff organization is aware who have been or may be injured by implementation of SB 14 or (2) stating that it is either unaware of the identity of any particular member who has been or may be injured by implementation of SB 14 or that it does not maintain sufficient information to identify any particular member who has been or may be injured by implementation of SB 14. Any plaintiff organization identifying a particular person as a member of its organization may designate the person's membership in the organization and/or related information as Highly Confidential under the Protective Order entered in this case.  Other than the information set forth in this paragraph, defendants will not be entitled to any other information, unless otherwise publicly disclosed, as to who is a member of any plaintiff organization.  The foregoing does not prohibit defendants from inquiring further at depositions about the information provided pursuant to (1) and (2) above, in which case plaintiff organizations may assert any objection (including any applicable privilege) as may be appropriate. Plaintiffs understand that notwithstanding the foregoing, Defendants may inquire at a deposition as to how an organization's members join the organization (without reference to the specific identity of any members whom Plaintiffs are not alleging to have been or may be injured by the implementation of SB 14), subject to any objection (including any applicable privilege) as may be appropriate.

I'm still at my desk and can be reached at (512) 475-4233 if you'd like to discuss.

Thanks,

Lindsey

From: Rosenberg, Ezra [mailto:ezra.rosenberg@dechert.com]
Sent: Monday, June 02, 2014 3:57 PM
To: Wolf, Lindsey
Subject: Suggested language

How's this?  I'm still waiting to hear if the other groups are ok with it, but wanted to run it by you.

To the extent that a plaintiff organization has alleged that its standing is based in whole or in part on injury to any of its members, said plaintiff organization may respond to a request by defendants for production of membership lists by either (1) identifying the member or members of whom the plaintiff organization is aware who have been or may be injured by implementation of SB 14 or (2) stating that it is either unaware of the identity of any particular member who has been or may be injured by implementation of SB 14 or that it does not maintain sufficient information to identify any particular member who has been or may be injured by implementation of SB 14. Any plaintiff organization identifying a particular person as a member of its organization may designate the person's membership in the organization and/or related information as Highly Confidential under the Protective Order entered in this case.  Other than the information set forth in this paragraph, defendants will not be entitled to any other information, unless otherwise publicly disclosed, as to who is a member of any plaintiff organization.  The foregoing does not prohibit defendants from inquiring further at depositions about the information provided pursuant to (1) above, in which case plaintiff organizations may assert any objection (including any applicable privilege) as may be appropriate.

_____

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

*********************************************************************

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

47

## Wolf, Lindsey

| | |
|---|---|
| **From:** | Scott, John |
| **Sent:** | Wednesday, June 04, 2014 10:23 AM |
| **To:** | Ried, Lisa |
| **Subject:** | FW: Veasey v Perry |

**From:** Neil G Baron
**Sent:** Wednesday, June 04, 2014 10:22:46 AM (UTC-06:00) Central Time (US & Canada)
**To:** Scott, John; Clay, Reed; Wolf, Lindsey; Deason, Whitney; Whitley, David; Mitchell, Jonathan; Ronny.Keister@texasattorneygneral.gov
**Cc:** Chad Dunn; Scott Brazil; Emma P Simson; J Gerald Hebert; Armand Derfner; Neil Baron
**Subject:** Veasey v Perry

Dear Counsel:

This email will follow my email from yesterday regarding the various issues addressed in the several Meet and Confer phone conferences. I have now had an opportunity to review the supporting documents list and birth certificate documents list which respectively contain 53 and 47 separate forms of identification that our clients are supposed to indicate "under penalty of perjury" are in their possession, custody or control. In the first place, these lists and the proposed procedure is even more onerous than your original set of requests for production. I just do not see how it is reasonable to require our individual clients including those who are elderly to search for 100 separate categories of documents and then swear under oath that they do or do not possess the document. Your procedure does not even provide an option for the individual clients to aver that they have made a reasonable search for the particular category of documents and are unable to determine whether such documents are in their possession, custody or control.

Additionally, with regard to the supporting documents list it is our understanding that the law and/or state regulations would allow a person to establish his or her identity to obtain an EIC or a driver's license by presenting a primary ID, 2 forms of secondary ID, or 1 form of secondary ID and 2 supporting documents. Only 4 of our Plaintiffs (Floyd Carrier, Peggy Draper Hermann, Ken Gandy and Gordon Benjamin) allege injury as a result of SB 14 because they do not possess any form of SB ID. Therefore, this process should only apply to those four individuals and we are willing to enter into a stipulation that all 4 of them either have or could obtain two of the supporting documents included on your list of supporting documents. This stipulation does not address whether they have any of the primary or secondary documents to establish identity, or whether they have proof of citizenship. That should make any further inquiry with regard to the supporting documents list unnecessary.

With regard to the birth certificate documents list (or "family member documents"), Ms. Deason's email indicated that only Peggy Draper Herman, Ken Gandy and Gordon Benjamin were subject to this category. However, Ms. Roscetti's follow up email for some reason added John Mellor Crummey (who, as our complaint alleges, has a driver's license) and Koby Ozias (who, as our complaint alleges, has a passport) to the list of Plaintiffs who would be required to review the birth certificate documents list. Peggy Draper Herman is over the age of 75 and Ken Gandy and Gordon Benjamin were not born in Texas therefore they are either exempt from the procedure that would allow a Plaintiff or Plaintiffs' immediate family member to obtain a birth certificate with these documents or they are not qualified under Texas law. Again, this would clearly appear to make any further inquiry with regard to the documents of immediate family members for these individuals (and in fact for any of the individuals represented by the Veasey team) unnecessary, irrelevant, and unduly burdensome.

With regard to the objection to the definition of SB14 and the date requirements we have confirmed that none of our individual clients are currently withholding any documents based on the objection to the definition of SB14 or the date

of January 2012.  We will supplement if any such documents are located.  With regard to Dallas County, it is my understanding that personnel with Dallas County are currently working with you to address the issue of preparing the documents for production in the format that complies with the existing discovery order and that the documents should be produced in short order.  With regard to LULAC, we are continuing to work with them to determine whether responsive documents exist and to arrange for their production in the format required by the court order.

It is my understanding that the issue regarding providing Defendants' membership lists is being addressed separately through communications with Ezra Rosenberg so I will not deal with that issue in this email.  The last issue relates to the contention requests.  Please note that we are not withholding any documents other than those documents protected by work product, attorney-client privilege and other applicable privileges and we will continue to supplement our discovery responses with documents that support our various allegations as discovery continues.

There is one additional issue that was raised by email yesterday which I also wanted to clarify.  The Veasey Plaintiffs responses to the single Interrogatory sent to each individual Plaintiff consisted solely of objections without any factual statement or answer made by the clients.  It is our position that the single interrogatory was clearly overbroad and harassing and otherwise objectionable as stated.  Therefore, since the response was purely an objection made by the lawyers there was no verification required.  As usual I can be reached on my cell phone (281-910-0108) for further discussion.


Neil G Baron
Law Office of Neil G. Baron
914 FM 517 Rd W, Suite 242
Dickinson, Texas 77539
Telephone No.: (281) 534-2748
Facsimile No.: (281) 534-4309
neil@ngbaronlaw.com
www.ngbaronlaw.com

***CONFIDENTIALITY NOTICE***
IRS NOTICE: To ensure compliance with U.S. Treasury Department Regulations, be advised that any federal tax advice contained in this communication (including attachments) is not intended or written to be used, and may not be used for the purposes of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any tax-related matters addressed herein.

CONFIDENTIALITY NOTICE: This email message and any attachments may contain information that is confidential or subject to the attorney-client privilege.  The message is intended to be delivered to the person to whom it is addressed; any disclosure to another person is unintentional.  If you are not the intended recipient, you must not disclose, copy, distribute, or use the information contained in this message or any attachments in any way.  If you have received this message in error, please notify the sender by telephone or email immediately and delete the message and all attachments.

## Wolf, Lindsey

| | |
|---|---|
| **From:** | Robert Doggett (TRLA AUS) <rdoggett@trla.org> |
| **Sent:** | Monday, June 02, 2014 4:12 PM |
| **To:** | Roscetti, Jennifer; Deason, Whitney; Wolf, Lindsey |
| **Cc:** | Marinda van Dalen |
| **Subject:** | Re: Veasey v. Perry - Follow to Meet and Confer |

Sorry this response is a couple hours later than you requested.

1. Our clients have produced and will continue to produce SB 14 supporting documents and birth certificate documents requested by the state in the discovery previously propounded and thus any alternative procedure is inapplicable.  We will make every effort to produce them to the extent we have not already, two days prior to the deposition.

2. Regarding the SB 14 definition and the date issues, the our clients do not have any such documents, but will supplement if any are discovered.

3. We are ok with the membership compromise being worked out with y'all and Ezra, and another issue you are working on with Chad.  Please advise if this is still a problem.

4. Please be advised that Belinda Ortiz has now obtained id that complies with SB 14.  Also, that Leonard Taylor and Eulalio Mendez do not have certified copies of their birth certificates.

Is there anything else you need from us?

Robert Doggett

On 5/29/2014 7:03 PM, Roscetti, Jennifer wrote:
> Dear Counsel,
>
> I am emailing on behalf of Ms. Wolf to follow up regarding outstanding issues from our past teleconferences concerning Plaintiffs' responses to Defendants' Requests for Production.
>
> The first outstanding issue relates to Defendants providing a list of documents that individual Plaintiffs will then review to determine whether they have possession, custody, or control of the documents rather than having to produce all the requested materials. This is the category of documents Ms. Wolf refers to as "supporting documents" for obtaining an EIC, Driver License, or other form of identification.  Defendants are actively compiling this list and plan to provide it to Plaintiffs on Friday, May 30, 2014 by 2:00 p.m. CST. Please confirm by 2:00 p.m. CST, on Monday, June 2, 2014 whether Plaintiffs approve of the Defendants' list and  will agree to comply with this procedure instead of providing documents responsive to Defendants' requests for production.
>
> The next outstanding issue relates to what Ms. Wolf has previously referred to as "family member documents." Defendants have proposed the following procedure for the individual Plaintiffs who have not, or have been unable to produce their birth certificate.  Defendants will provide a list of underlying documents that Plaintiffs' can review and affirm whether or not Plaintiffs have possession, custody, or control of documents relating to immediate family members that would allow those immediate family members to obtain a birth certificate for the Plaintiffs. Defendants will provide this list to Plaintiffs by Friday, May 30 at 2:00 p.m. CST for review.  Defendants request confirmation by 2:00 p.m. CST, on Monday, June 2, 2014 whether or not Plaintiffs will approve of Defendants' proposed list and will agree to comply with this procedure rather than providing the documents responsive to Defendants' requests for production.
>

> Defendants would like to clarify that this procedure does not need to apply to (1) individual Plaintiffs who have not alleged that they lack forms of identification under SB 14 (i.e., politicians and community organizers); (2) individual voters who have alleged to have been disenfranchised who have either (a) produced a birth certificate, or (b) a form of identification which would be permissible for voting under SB 14.  As a result, this approach would apply to: Peggy Draper Herman, Ken Gandy, John Mellor-Crummey, Koby Ozias, Gordon Benjamin, Belinda Ortiz, Lionel Estrada, and Margarito Martinez Lara.  If any of these individuals are over 75 years of age, they also do not have to comply with this procedure.  Defendants request confirmation that this procedure will be complied with (as well as whether any of these individuals are over 75 years of age, and are thus exempt) by 2:00 p.m. CST, on Monday, June 2, 2014.
>
> The third outstanding issue relates to Plaintiffs' objection to the definition of SB 14 and the date requirements under Defendants' requests. More specifically, Plaintiffs objected to producing any documents prior to January 2012 or that relate to any other previous voter id bill.  It is Defendants' understanding that Plaintiffs are still confirming whether or not their clients are withholding documents based on objections to the definition of SB 14 or the date of January 2012. Defendants request that Plaintiffs confirm, in writing, by 2:00 p.m. CST on Monday, June 2, 2014 whether or not documents have been searched for and been produced, or in the alternative, have been searched for and are being withheld.
>
> The next outstanding issue concerns Plaintiffs' objections to
> providing Defendants membership lists. As an alternative to the
> Plaintiff organizations producing a complete membership list,
> Defendants have proposed to Plaintiffs two options. These options
> include either (1) producing a list of members who Plaintiffs allege
> have been injured by SB 14; or  (2) Plaintiffs providing a stipulation
> that the organization does not have the ability to respond to the
> request (without waiving any objections) because it does not maintain
> a membership record detailing which members possess the acceptable SB
> 14 identification. It is Defendants' understanding that Mr. Rosenberg
> is drafting the stipulation language, and that depending on the
> language the other organizational Plaintiffs will either use the
> stipulation procedure, or stand on their objections. Defendants
> request that Mr. Rosenberg provide the draft stipulation by 2:00 p.m.
> CST, on Monday, June 2, 2014. Defendants also requ
est that the other Plaintiffs provide a definitive answer, in writing, as to whether or not this stipulation procedure will be an acceptable alternative to providing documents responsive to the requests for production by 2:00 p.m. CST, on Monday, June 2, 2014.
>
> The last issue relates to what has collectively been referred to as
> the "contention requests." Defendants' understanding is that the
> proposed procedure to handle responses to these contentions requests
> is to allow Plaintiffs to provide a global document response. More
> specifically, Plaintiffs would produce the documents that are
> responsive to the contention requests and rather than identifying each
> request the documents are responsive to, Plaintiffs would accompany
> the document production with a statement that Plaintiffs were not
> withholding documents that were responsive to the contention requests.
> Furthermore, it is our understanding that Mr. Dunn was working on the
> language for this statement, and while Mr. Dunn was not available for
> the May 27, 2014 meet and confer, Mr. Baron would consult with him
> regarding this issue. Defendants request that Plaintiffs provide a
> written procedure for handling this matter, including any proposed
> language regarding their producti
ons, by 2:00 p.m. CST, on Monday, June 2, 2014.

51

>
> Defendants are more than willing to work with the Plaintiffs on all these discovery issues, but unfortunately due to the imminent discovery deadlines we need written responses to ensure the progression of the conference process.  If Defendants do not receive responses to these issues by the June 2 deadline, we will have to move forward with Motions to Compel.
>
>
> Sincerely,
>
> Jennifer M. Roscetti
> Assistant Attorney General
> Office of the Attorney General
> Consumer Protection Division
> 300 W.15th Street, 9th Floor
> Austin, Texas 78701
> 512.475.4183 (t)
> 512.473.8301 (f)
>
> -----Original Message-----
> From: Wolf, Lindsey
> Sent: Wednesday, May 28, 2014 9:43 AM
> To: Robert Doggett (AUS); Ali, Hasan
> Cc: Neil Baron; Rosenberg, Ezra; EXT Chad Dunn; EXT Armand Derfner;
> EXTLuis Vera Jr; EXT mvandalen; EXT Gerry Hebert;
> rhaygood@naacpldf.org; EXT Rolando L. Rios; sian@henrichsonlaw.com;
> EXT Preston E.Henrichson; EXT Scott Brazil; pnoriega@trla.org;
> knewell@trla.org; cswarns@naacpldf.org; EXT Deuel Ross; EXT Leah Aden;
> EXT Natasha Korgaonkar; Conley, Danielle; Shordt, Richard; Paikin,
> Jonathan; Dunbar, Kelly P.; Sinzdak, Gerard; Lebsack, Sonya L;
> Eisenberg, Lynn; EXT EmmaSimson; anna.baldwin@usdoj.gov;
> robert.berman@usdoj.gov; richard.dellheim@usdoj.gov;
> elizabeth.westfall@usdoj.gov; avner.shapiro@usdoj.gov;
> daniel.freeman@usdoj.gov; jennifer.maranzano@usdoj.gov;
> john.a.smith@usdoj.gov; meredith.bell-platts@usdoj.gov;
> bruce.gear@usdoj.gov; Rudd, Amy; Yeary, Michelle; ttrainor@bmpllp.com;
> jnixon@bmpllp.com; jenniferl.clark@nyu.edu; EXT Vishal Agraharkar; EXT
> Wendy Weiser; EXT Myrna Perez; EXT Erandi Zamora;
> mposner@lawyerscommittee.org; EXT Sonia Gill; EXT Jose Garza; pmcgra
w@trla.org; bdonnell@dakpc.com; Scott, John; Clay, Reed; Whitley, David; Roscetti, Jennifer; Keister, Ronny; Deason, Whitney; Hayes, Kevin; Tatum, Stephen; Wilson, Anne; Ried, Lisa; D'Andrea, Arthur
> Subject: RE: Veasey v. Perry - Follow-Up Meet-and-Confer from
> Meet-and-Confer of Thursday, May 22
>
> Thanks, counsel.   I will assume any other representatives for the non-U.S. Plaintiffs and Plaintiff-Intervenors who would like to participate are also available at 1 P.M. CST, unless I hear otherwise.  We can use the following dial-in for the call:
>
> 888-387-8235
> Passcode:  7930356#
>
> Thanks,
>

3

>
>
>
> Lindsey E. Wolf | Assistant Attorney General | Financial Litigation,
> Tax, and Charitable Trusts Division |300 West 15th Street, 6th Floor,
> Austin, Texas 78701 | Mail: P O Box 12548 | Austin, TX 78711-2548 |
> (512) 475-4233 | Fax: (512) 370-9126 | e-mail:
> Lindsey.Wolf@texasattorneygeneral.gov
>
>
>
>
> -----Original Message-----
> From: Robert Doggett (AUS) [mailto:rdoggett@trla.org]
> Sent: Wednesday, May 28, 2014 7:50 AM
> To: Ali, Hasan
> Cc: Neil Baron; Rosenberg, Ezra; Wolf, Lindsey; EXT Chad Dunn; EXT
> Armand Derfner; EXTLuis Vera Jr; EXT mvandalen; EXT Gerry Hebert;
> rhaygood@naacpldf.org; EXT Rolando L. Rios; sian@henrichsonlaw.com;
> EXT Preston E.Henrichson; EXT Scott Brazil; pnoriega@trla.org;
> knewell@trla.org; cswarns@naacpldf.org; EXT Deuel Ross; EXT Leah Aden;
> EXT Natasha Korgaonkar; Conley, Danielle; Shordt, Richard; Paikin,
> Jonathan; Dunbar, Kelly P.; Sinzdak, Gerard; Lebsack, Sonya L;
> Eisenberg, Lynn; EXT EmmaSimson; anna.baldwin@usdoj.gov;
> robert.berman@usdoj.gov; richard.dellheim@usdoj.gov;
> elizabeth.westfall@usdoj.gov; avner.shapiro@usdoj.gov;
> daniel.freeman@usdoj.gov; jennifer.maranzano@usdoj.gov;
> john.a.smith@usdoj.gov; meredith.bell-platts@usdoj.gov;
> bruce.gear@usdoj.gov; Rudd, Amy; Yeary, Michelle; ttrainor@bmpllp.com;
> jnixon@bmpllp.com; jenniferl.clark@nyu.edu; EXT Vishal Agraharkar; EXT
> Wendy Weiser; EXT Myrna Perez; EXT Erandi Zamora;
> mposner@lawyerscommittee.org; EXT Sonia Gill; EXT Jos
e Garza; pmcgraw@trla.org; bdonnell@dakpc.com; Scott, John; Clay, Reed; Whitley, David; Roscetti, Jennifer; Keister,
Ronny; Deason, Whitney; Hayes, Kevin; Tatum, Stephen; Wilson, Anne; Ried, Lisa; D'Andrea, Arthur
> Subject: Re: Veasey v. Perry - Follow-Up Meet-and-Confer from
> Meet-and-Confer of Thursday, May 22
>
> I am available.
>
> Robert
>
>> On May 28, 2014, at 6:20 AM, "Ali, Hasan"<Hasan.Ali@wilmerhale.com> wrote:
>>
>> Natasha and I are also available at 1pm.
>>
>> Thanks,
>> Hasan
>>
>>> On May 27, 2014, at 8:48 PM, "Neil Baron"<neil@ngbaronlaw.com> wrote:
>>>
>>> I am
>>>

>>> Sent from my iPhone

>>>

>>>> On May 27, 2014, at 5:53 PM, "Rosenberg, Ezra"<ezra.rosenberg@dechert.com> wrote:

>>>>

>>>> I am, Lindsey.

>>>>

>>>> Sent from my iPad

>>>>

>>>> On May 27, 2014, at 6:41 PM, "Wolf,

Lindsey"<Lindsey.Wolf@texasattorneygeneral.gov<mailto:Lindsey.Wolf@texasattorneygeneral.gov>> wrote:

>>>>

>>>> Counsel:

>>>>

>>>> Are counsel for the non-US Plaintiffs and Plaintiff-Intervenors available tomorrow afternoon at 1 P.M. CST,  for a follow-up Meet-And-Confer call (from last Thursday's Meet-and-Confer call)?  If so, I will circulate a dial-in.

>>>>

>>>> Thanks,

>>>>

>>>>

>>>> <image001.gif>

>>>>

>>>> Lindsey E. Wolf | Assistant Attorney General | Financial

>>>> Litigation, Tax, and Charitable Trusts Division |300 West 15th

>>>> Street, 6th Floor, Austin, Texas 78701 | Mail: P O Box 12548 |

>>>> Austin, TX

>>>> 78711-2548 | (512) 475-4233 | Fax: (512) 370-9126 | e-mail:

>>>> Lindsey.Wolf@texasattorneygeneral.gov<mailto:Lindsey.Wolf@texasatto

>>>> r

>>>> neygeneral.gov>

>>>>

>>>>

>>>>

>>>>

>>>> ***************************************************************

>>>> *

>>>> ** This e-mail is from Dechert LLP, a law firm, and may contain

>>>> information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

## Wolf, Lindsey

| | |
|---|---|
| **From:** | Wolf, Lindsey |
| **Sent:** | Sunday, June 08, 2014 4:50 AM |
| **To:** | Natasha Korgaonkar |
| **Subject:** | Re: US v. Texas - Texas League |

Sure, Natasha.  How about 1:30 or 4 PM CDT on Monday?

Thanks,


Lindsey


On Jun 6, 2014, at 2:54 PM, "Natasha Korgaonkar" <nkorgaonkar@NAACPLDF.ORG> wrote:

> Lindsey, it might be helpful to discuss this last issue by phone. I'm out of the office today, but is there a time Monday afternoon that you can do?
>
>
>
> Thanks,
>
> Natasha
>
>
> Natasha M. Korgaonkar
>
> NAACP Legal Defense Fund
>
> 40 Rector Street, Floor 5
>
> New York, New York 10006
>
> Phone: 212-965-2200
>
> Direct: 212-965-2236
>
> nkorgaonkar@naacpldf.org
>
>
> On Jun 4, 2014, at 3:55 PM, "Wolf, Lindsey" <Lindsey.Wolf@texasattorneygeneral.gov> wrote:
>
>> Thanks, Natasha.  Your understanding regarding the supporting documents proposal comports with our understanding.  We are in the process of drafting proposed language for a Stipulation for your review.

1

55

Also, we appreciate that you will provide the membership information at least one week in advance of the TLYVEF deposition.

Please note as to the other issue raised in Jennifer Roscetti's e-mail of June 2, 2014, regarding what we refer to as the "contention" requests, we understand that your clients were waiting for Chad Dunn to propose a solution to us.  We received an e-mail this morning from Neil Baron (which was only cc'd to counsel for the Veasey-LULAC plaintiffs) on that issue, which needs to be discussed further with him, but we're not clear as to TLYVEF's, Ms. Clark's and Ms. Bessiake's current position on the "contention" request issue.    Might you be able to provide us with an update?  I'm happy to discuss by phone if it is more convenient.

Thanks,

<image001.gif>

Lindsey E. Wolf | Assistant Attorney General | Financial Litigation, Tax, and Charitable Trusts Division |300 West 15th Street, 6th Floor, Austin, Texas 78701 | Mail: P O Box 12548 | Austin, TX 78711-2548 | (512) 475-4233 | Fax: (512) 370-9126 | e-mail: **Lindsey.Wolf@texasattorneygeneral.gov**

**From:** Natasha Korgaonkar [mailto:NKorgaonkar@NAACPLDF.ORG]
**Sent:** Wednesday, June 04, 2014 12:00 PM
**To:** Wolf, Lindsey
**Cc:** RYAN HAYGOOD; danielle.conley@wilmerhale.com; Kelly Dunbar
**Subject:** US v. Texas - Texas League

Lindsey,

I write to follow up on the issues we discussed yesterday on the phone.

With respect to the supporting documents list, I want to ensure that we're on the same page about the process. The process you proposed, as I understood it, is that individual Plaintiff-Intervenors fill out the checklist, and then that list will be filed with the Court with a stipulation using language that the parties will have agreed upon. The documents checked on the list will not be requested by Defendants from the Plaintiff-Intervenors, but Plaintiff-Intervenors agree that the stipulation and list will be amended if Plaintiff-Intervenors' possession of any of the documents on the list changes. Additionally, if Plaintiff-Intervenors acquire any of the seven SB 14-required IDs, we will provide a copy of such ID to Defendants. Please confirm that this accurately reflects your understanding too.

We will also provide a response re: membership a week before the Texas League's deposition, consistent with the language sent around earlier this week by Mr. Rosenberg.

Thanks,
Natasha


Natasha M. Korgaonkar
Assistant Counsel
NAACP Legal Defense & Educational Fund, Inc. (LDF)
40 Rector Street, Floor 5
New York, New York 10013
nkorgaonkar@naacpldf.org
(212) 965-2236 (direct)

57