**Ried, Lisa**

| | |
|---|---|
| **From:** | Wolf, Lindsey |
| **Sent:** | Monday, August 11, 2014 3:39 PM |
| **To:** | 'EXT mvandalen' |
| **Cc:** | Whitley, David; Ried, Lisa |
| **Subject:** | LUPE - Draft Stipulation re Membership |
| **Attachments:** | Draft Stipulation Regarding Membership Lists - LUPE - Texas - Defendant DRAFT 8-11-14.docx |

Marinda,

Based on our conversation last week and your representation that LUPE is <u>not</u> basing its standing in this action in whole or in part on any alleged injury to its members, please advise, by the close of business tomorrow, whether LUPE would be willing to enter into the attached draft stipulation.

Thanks,



**Lindsey E. Wolf | Assistant Attorney General | Financial Litigation, Tax, and Charitable Trusts Division |** 300 West 15th Street, 6th Floor, Austin, Texas 78701 | Mail: P O Box 12548 | Austin, TX 78711-2548 | (512) 475-4233 | Fax: (512) 370-9126 | e-mail: Lindsey.Wolf@texasattorneygeneral.gov

1

58

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARC VEASEY, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-00193 |
| | § | |
| RICK PERRY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## STIPULATION OF FACTS REGARDING *LA UNION DEL PUEBLO ENTERO'S* MEMBERSHIP

Plaintiff *La Union Del Pueblo Entero* ("LUPE") and Defendants stipulate to the following undisputed fact:

1.  LUPE is not basing its standing in the above-captioned action in whole or in part on any alleged injury to any of its members.

Dated:

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JONATHAN F. MITCHELL
Solicitor General

J. REED CLAY, JR.
Special Assistant and Senior Counsel
to the Attorney General
Southern District of Texas No. 1160600

*/s/ John B. Scott*
JOHN B. SCOTT
Deputy Attorney General for Civil Litigation
Southern District of Texas No. 10418

1

Texas State Bar No. 17901500
ATTORNEY-IN-CHARGE

G. DAVID WHITLEY
Assistant Deputy Attorney General
Southern District of Texas No. 2080496

STEPHEN RONALD KEISTER
Assistant Attorney General
Southern District of Texas No. 18580

JENNIFER MARIE ROSCETTI
Assistant Attorney General
Southern District of Texas No. 224780

LINDSEY ELIZABETH WOLF
Assistant Attorney General
Southern District of Texas No. 2292940

FRANCES WHITNEY DEASON
Assistant Attorney General
Southern District of Texas No. 2302872

209 West 14th Street
P.O. Box 12548
Austin, Texas 70711-2548
(512) 475-0131

BEN A. DONNELL
Donnell, Abernethy & Kieschnick
555 N. Carancahua, Suite 1770
Corpus Christi, Texas 78401-0853
Southern District of Texas No. 5689

COUNSEL FOR THE STATE OF TEXAS,
RICK PERRY, JOHN STEEN, and STEVE
MCCRAW

[SIGNATURE BLOCK FOR PLAINTIFF'S
COUNSEL]

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August ___, 2014, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

<u>*/s/ John B. Scott*</u>
JOHN B. SCOTT

3

**Ried, Lisa**

---

| | |
|---|---|
| **From:** | Wolf, Lindsey |
| **Sent:** | Monday, August 11, 2014 3:53 PM |
| **To:** | Ried, Lisa; chad@brazilanddunn.com; scott@brazilanddunn.com; aderfner@dawlegal.com; neil@ngbaronlaw.com; lrvlaw@sbcglobal.net; anna.baldwin@usdoj.gov; robert.berman@usdoj.gov; richard.dellheim@usdoj.gov; elizabeth.westfall@usdoj.gov; avner.shapiro@usdoj.gov; daniel.freeman@usdoj.gov; jennifer.maranzano@usdoj.gov; john.a.smith@usdoj.gov; meredith.bell-platts@usdoj.gov; bruce.gear@usdoj.gov; cswarns@naacpldf.org; dross@naacpldf.org; laden@naacpldf.org; nkorgaonkar@naacpldf.org; rhaygood@naacpldf.org; danielle.conley@wilmerhale.com; richard.shordt@wilmerhale.com; jonathan.paikin@wilmerhale.com; kelly.dunbar@wilmerhale.com; sonya.lebsack@wilmerhale.com; lynn.eisenberg@wilmerhale.com; amy.rudd@dechert.com; ezra.rosenberg@dechert.com; michelle.yeary@dechert.com; ttrainor@bmpllp.com; jnixon@bmpllp.com; jenniferl.clark@nyu.edu; vishal.agraharkar@nyu.edu; wendy.weiser@nyu.edu; myrna.perez@nyu.edu; ezamora@lawyerscommittee.org; mposner@lawyerscommittee.org; sgill@lawyerscommittee.org; mvandalen@trla.org; rdoggett@trla.org; ghebert@campaignlegalcenter.org; garzpalm@aol.com; esimson@campaignlegalcenter.org; bdonnell@dakpc.com; knewell@trla.org; pnoriega@trla.org; rrios@rolandorioslaw.com; Bradley.heard@usdoj.gov; ttrainor@bmpllp.com; Tania.faransso@wilmerhale.com; Lindsey.cohan@dechert.com; Richard.Shordt@wilmerhale.com; Elisabeth.Schroeder@wilmerhale.com; Ryan.King@usdoj.gov; D'Andrea, Arthur |
| **Cc:** | Clay, Reed; Deason, Whitney; Keister, Ronny; O'Neill, Lori; Roscetti, Jennifer; Scott, John; Tatum, Stephen; Whitley, David; Wilson, Anne; Ried, Lisa |
| **Subject:** | Draft Stipulations |
| **Attachments:** | Draft Stipulation Regarding Documents Possessed by Individual Plaintiffs - Defendant DRAFT 8-11-14.docx; A2756090.docx; Draft Stipulation Regarding Documents Possessed by Individual Plaintiffs Who Do Not Currently Have Certified Copies of Birth Certificates  - Defendant DRAFT 8-11-14.docx; Draft Stipulation Regarding Documents Possessed by Plainitff Gordon Benjamin for Birth Certificate - Overlap Documents Only - Defendant DRAFT 8-11-14.docx; Draft Stipulation Regarding Document Production - Defendant DRAFT 8-11-14.docx |

Counsel:

Please find attached five draft stipulations resulting from previous meet-and-confers regarding RFPs served on various individual and organizational Plaintiffs.  Please be advised that the stipulations dealing with Birth Certificates and Documents Possessed by Individual Plaintiffs have been significantly revised from previous proposals, in a good faith attempt to reduce the amount of documents for which each Plaintiff would have to check boxes.  We've also included a representation that each Plaintiff has made a "reasonable and diligent search" based on a comment made by Mr. Baron after we sent the first drafts of the Birth Certificates and Documents Possessed by Individual Plaintiff stipulations.  We have included neither Plaintiffs Peggy Draper Herman nor Belinda Ortiz on the lists of Plaintiffs with respect to whom we would ask counsel to fill these out, for the time being, because we understand those two Plaintiffs may move to be dismissed from the action.

The Documents Possessed by Individual Plaintiff Stipulations should be filled out by the following current Plaintiffs to this action, who allege in their respective Complaints that they do not have SB 14 IDs:

1. Floyd J. Carrier
2. Gordon Benjamin
3. Ken Gandy
4. Imani Clark
5. Lenard Taylor
6. Eulalio Mendez, Jr.
7. Lionel Estrada
8. Estela Garcia Espinoza
9. Margarito Martinez Lara

If any of these Plaintiffs currently has an SB 14 ID (as defined in the Stipulation), we would ask that it be produced as soon as possible.  Please also confirm that no other Plaintiffs who are currently parties to this action, who are alleging that they do not have an SB 14 ID (though since they will likely be dismissed, there is no need to confirm for either Ms. Draper Herman and Ms. Ortiz).

The Birth Certificate Stipulation for those individuals who are not alleging a birth certificate was never issued (i.e., the "Draft Stipulation Regarding Documents Possessed by Individual Plaintiffs Who Do Not Currently Have Certified  Copies of Birth Certificates") should be filled out by the following current Plaintiffs in this action, who allege in their respective Complaints, and/or with respect to whom, counsel has made a representation that, and/or they have indicated in deposition, they do not have a certified copy  or the original of their Birth Certificate, and they were born in Texas, but do not allege that a birth certificate was never issued for them, and they do not have an SB 14 ID.

1. Lionel Estrada
2. Eulalio Mendez, Jr. (based on Counsel's representation of 6/2/14 and at deposition that a produced copy of a birth certificate appears to be a copy of a copy of a certified copy)
3. Lenard Taylor (based on Counsel's representation of 6/2/14; Mr. Taylor testified at deposition he has a copy of his birth certificate).

The delayed Birth Certificate Stipulation  (Document "A2756090") should be filled out on behalf of Plaintiff Margarito Martinez Lara, who we understand is the only remaining Plaintiff alleging a birth certificate was never issued for him and also that he does not have an SB 14 ID.

We have also drafted a Birth Certificate Stipulation relating to Plaintiff Gordon Benjamin, who we understand was born in Louisiana, is alleging he does not have the original or a certified copy of his birth certificate, and is alleging he does not have an SB 14 ID.  This stipulation incorporates documents which one can present in Louisiana to obtain a birth certificate, which overlap with documents we requested from Mr. Benjamin in Requests for Production.

Please confirm that no other current Plaintiffs besides the Messrs. Estrada, Mendez, Taylor, Lara, and Benjamin are alleging that they neither have an SB 14 ID nor a certified copy or the original of their birth certificates, both of which are responsive to Defendants' Requests for Production.

As to the Stipulation Regarding Document Production, we would ask that those stipulations be executed by counsel for each of LULAC, LUPE, TLYVEF, MALC, and the Texas NAACP, as well as counsel for each of the remaining individual Plaintiffs who we do not understand will be moving to be dismissed from this litigation, including Marc Veasey, Jane Hamilton, Sergio DeLeon, Floyd J. Carrier, Anna Burns, Michael Montez, Penny Pope, Oscar Ortiz, Koby Ozias, John Mellor-Crummey, Evelyn Brickner, Gordon Benjamin, Ken Gandy, Imani Clark, Lenard Taylor, Eulalio Mendez, Jr., Lionel Estrada, Estela Garcia Espinoza, Margarito Martinez Lara, and Maximina Martinez Lara.  We have not included HCJCC in this group, as we understand HCJCC did not originally make the objections referred to in the "Document Production" stipulation and thus did not initially refuse to produce documents responsive to contention requests or on objection to the date range or definition of SB 14.

We would ask that these stipulations be executed by the close of business on Wednesday, August 13.  Please advise me prior to that time if counsel would like to discuss.  We are also waiting on signatures on the stipulations regarding membership, by counsel for LULAC, LUPE, TLYVEF, and the Texas NAACP, for which we originally asked for signatures by Friday, August 8.  Please advise at your earliest convenience, but no later than close of business tomorrow, Tuesday, August 12, when we can expect signatures on those stipulations, or, alternatively, when on Wednesday, August 13, counsel is available to confer on those stipulations.

Thanks,



**Lindsey E. Wolf | Assistant Attorney General | Financial Litigation, Tax, and Charitable Trusts Division |** 300 West 15th Street, 6th Floor, Austin, Texas 78701 | Mail: P O Box 12548 | Austin, TX 78711-2548 | (512) 475-4233 | Fax: (512) 370-9126 | e-mail: Lindsey.Wolf@texasattorneygeneral.gov

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARC VEASEY, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-00193 |
| | § | |
| RICK PERRY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## STIPULATION OF FACTS REGARDING PLAINTIFF [INSERT NAME]

Plaintiff  [INSERT NAME] ("Plaintiff") and Defendants stipulate to the following undisputed facts:

1. Plaintiff does not currently have, in [his/her] possession, custody, or control,[1] a form of identification acceptable for voting under Texas Election Code 63.0101 (including (a) an unexpired Texas Driver's License (or an expired Texas Driver's License which has expired in the past 60 days); (b) an unexpired Texas Personal Identification Card (or an expired Texas Personal Identification Card which has expired in the past 60 days); (c) an unexpired United States Military Identification Card (or an expired United States Military Identification Card which has expired within the past 60 days); (d) a United States citizenship certificate issued to the person that contains the person's photograph; (e) an unexpired United States passport (or an expired United States passport which has expired in the past 60 days); (f) an unexpired Texas license to carry a concealed handgun (or an expired Texas license to carry a concealed handgun which has expired in the past 60 days) ("SB 14 ID").

2. Plaintiff does not currently have, in [his/her] possession, custody, or control, an original or a certified copy of Plaintiff's birth certificate.

---

[1] Where "possession, custody, or control" is used herein, it is as referred to in Rule 34(a)(1) of the Federal Rules of Civil Procedure, and as interpreted by Courts in the Fifth Circuit to include documents of which "a party either has 'actual possession, custody or control' … or if that party 'has the legal right to obtain the documents on demand or has the practical ability to obtain the documents from a non-party to the action.'" *F & A APLC v. Core Funding Grp., L.P.*, CIV.A.07-543-D-M2, 2009 WL 2214184 (M.D. La. July 23, 2009) (citing *Monroe's Estate v. Bottle Rock Power Corp.*, 2004 WL 737463, *10 (E.D.La.2004)).

3. Plaintiff was born in Texas.  Plaintiff alleges that an original birth certificate was never issued to [him/her].

4. Plaintiff has in [his/her] possession, custody, or control, the following "[s]uggested types of supporting documents" that may be used to obtain a Delayed Certificate of Birth in Texas, or, as respects the "Affidavit of Birth Facts," a living parent, grandparent, or older brother or sister,[2] for which there is a check or "X" in the box:

☐ Birth Certificate of Adult Children (18 years or older);

☐ School Enrollment Record/Transcript;

☐ Expired or unexpired DD-214 Certificate of Release;

☐ Marriage or Divorce Records;

☐ Social Security Application;

☐ Baptismal Certificate Original;

☐ Selective Service Record;

☐ Voter's Registration Application;

☐ Hospital Record;

☐ Application for Driver's License;

☐ Application for State Issued ID;

☐ A living parent, grandparent, or older brother or sister (for purposes of signature of an Affidavit of Birth Facts).

5. Plaintiff has in [his/her] possession, custody, or control the below Primary Identification documents,[3] which are not also SB 14 IDs, issued to Plaintiff, which can be used to request a certified copy of Plaintiff's Birth Certificate pursuant to 25 T.A.C. § 181.28, in order to file a Delayed Certificate of Birth, for which there is a check or "X" in the box:

---

[2] *See* http://www.dshs.state.tx.us/VS/delayed/default.shtm.
[3] *See* 25 T.A.C. § 181.28.

☐  Unexpired driver license issued by another U.S. state (other than Texas), U.S. territory, or the District of Columbia;

☐  Unexpired identification card issued by any U. S. state (other than Texas), United States territory or outlying possession, or the District of Columbia;

☐  Unexpired Concealed Handgun License issued by any U.S. state (other than Texas), United States territory or outlying possession, or the District of Columbia;

☐  Unexpired Federal Identification card;

☐  Unexpired Pilot's license;

☐  Unexpired United States Department of Homeland Security or United States Citizenship and Immigration Services-issued Employment Authorization Document (EAD), Permanent Resident Card (green card), Re-entry Permit, Refugee Travel Permit, Advance Parole document, SENTRI Card, or U.S. Citizen Identification Card;

☐  Unexpired United States Department of State-issued Visa or a Border Crossing Card (B1 for business or pleasure or B2 medical purposes));

☐  Unexpired Federal, State or City law enforcement employment identification card, or employment badge accompanied by employment identification card;

☐  Unexpired Offender Identification card issued by the Department of Criminal Justice correctional facility or institution.

6.  Plaintiff has in [his/her] possession, custody, or control the below-listed "Acceptable Secondary Identification" documents, issued to Plaintiff, two of which (or one of which, with two forms of Acceptable Supporting Identification[4]), can be used to request a certified copy of Plaintiff's Birth Certificate pursuant to 25 T.A.C. § 181.28, in order to file a Delayed Certificate of Birth, for which there is a check or "X" in the box.  Plaintiff stipulates that while [he/she] may have more than four "Acceptable Secondary Identification" documents, Plaintiff  need not check more than four boxes and need not stipulate that [he/she] has more than four "Acceptable Secondary Identification" documents.

☐  Expired Texas driver license, which has been expired for more than 60 days;

---

[4] Pursuant to 25 T.A.C. § 181.28, "Supporting identification" is "[o]ther records or documents that verify the applicant's identity," and "[t]he examining or supervisory personnel may determine that a supporting identification document may meet the department's requirements in establishing identity."

3

☐ Expired Texas personal identification card, which has been expired for more than 60 days;

☐ Expired Texas concealed handgun license, which has been expired for more than 60 days;

☐ Expired driver license issued by another U.S. state, U.S. territory, or the District of Columbia;

☐ Expired identification card issued by any U. S. state (other than Texas or its counties or cities), United States territory or outlying possession, or the District of Columbia;

☐ Expired Concealed Handgun License issued by any U.S. state (other than Texas), United States territory or outlying possession, or the District of Columbia;

☐ Expired Federal Identification card;

☐ Expired United States Military Identification card, which has been expired for more than 60 days;

☐ Expired United States Passport, which has been expired for more than 60 days;

☐ Expired Pilot's license;

☐ Expired United States Department of Homeland Security or United States Citizenship and Immigration Services-issued Employment Authorization Document (EAD), Permanent Resident Card (green card), Re-entry Permit, Refugee Travel Permit, Advance Parole document, SENTRI Card, or U.S. Citizen Identification Card);

☐ Expired  United States Department of State-issued Visa or a Border Crossing Card (B1 for business or pleasure or B2 medical purposes));

☐ Expired Federal, State or City law enforcement employment identification card, or employment badge accompanied by employment identification card;

☐ Expired Offender Identification card issued by the Department of Criminal Justice correctional facility or institution;

☐ Current Student identification;

☐ Expired or unexpired Private Company Employment Identification Card;

☐ Expired or unexpired DD-214 Certificate of Release;

☐ Certified birth certificate from the Department of State (FS-240, DS-1350 or FS-545);

☐ Signed Social Security card;

☐ Medicare or Medicaid card;

4

☐ Veteran's Affairs Card;

☐ Numident record issued by the Social Security Administration;

☐ Mexican voter registration card;

☐ Expired or unexpired medical insurance card;

☐ Passport issued by any foreign country, (1) as well as a Visa issued by the United States Department of State, or (2) issued in accordance with the United States Department of State, Visa Waiver Program; or (3) as well as a Form I-94;

☐ Foreign identification document with identifiable photo.

7.  At least one of Plaintiff's immediate family members[5] has possession, custody, or control of the below-listed Primary Identification documents, issued to such immediate family member(s), which can be used to request a certified copy of Plaintiff's Birth Certificate pursuant to 25 T.A.C. § 181.28, in order to file a Delayed Certificate of Birth, for which there is a check or "X" in the box:

☐ Unexpired Texas driver license;

☐ Unexpired Texas identification card;

☐ Unexpired United States Passport;

☐ Unexpired Texas Concealed Handgun License;

☐ Expired United States Military Identification card;

☐ Unexpired driver license issued by another U.S. state, U.S. territory, or the District of Columbia;

☐ Unexpired identification card issued by any U. S. state (other than Texas), United States territory or outlying possession, or the District of Columbia;

☐ Unexpired Concealed Handgun License issued by any U.S. state (other than Texas), United States territory or outlying possession, or the District of Columbia;

☐ Unexpired Federal Identification card;

☐ Unexpired Pilot's license;

☐ Unexpired United States Department of Homeland Security or United States Citizenship and Immigration Services-issued Employment Authorization Document (EAD), Permanent

---

[5] The term "immediate family members" includes Plaintiff's guardian, or [his/her] children, spouses, parents, siblings, or grandparents. *See* 25 T.A.C. § 181.1 (13).

Resident Card (green card), Re-entry Permit, Refugee Travel Permit, Advance Parole document, SENTRI Card, or U.S. Citizen Identification Card);

☐   Unexpired  United States Department of State-issued Visa or a Border Crossing Card (B1 for business or pleasure or B2 medical purposes));

☐   Unexpired Federal, State or City law enforcement employment identification card, or employment badge accompanied by employment identification card;

☐   Unexpired Offender Identification card issued by the Department of Criminal Justice correctional facility or institution.

8.  At least one of Plaintiff's immediate family members has possession, custody, or control of the below-listed "Acceptable Secondary Identification" documents, issued to such immediate family member, two of which (or one of which, with two forms of Acceptable Supporting Identification[6]), can be used to request a certified copy of Plaintiff's Birth Certificate pursuant to 25 T.A.C. § 181.28, in order to file a Delayed Certificate of Birth, for which there is a check or "X" in the box.  Plaintiff stipulates that while his immediate family members may have more than four forms of "Acceptable Secondary Identification" documents, there need not be more than four boxes checked, and thus no stipulation that Plaintiff's immediate family members have more than four forms of "Acceptable Secondary Identification" documents, with the exception of the representation in Paragraph 8 below.

☐   Expired Texas driver license, which has been expired for more than 60 days;

☐   Expired Texas personal identification card, which has been expired for more than 60 days;

☐   Expired Texas concealed handgun license, which has been expired for more than 60 days;

☐   Expired driver license issued by another U.S. state, U.S. territory, or the District of Columbia;

☐   Expired identification card issued by any U. S. state (other than Texas or its counties or cities), United States territory or outlying possession, or the District of Columbia;

☐   Expired Concealed Handgun License issued by any U.S. state (other than Texas), United States territory or outlying possession, or the District of Columbia;

---

[6] Pursuant to 25 T.A.C. § 181.28, "Supporting identification" is "[o]ther records or documents that verify the applicant's identity," and "[t]he examining or supervisory personnel may determine that a supporting identification document may meet the department's requirements in establishing identity."

6

☐ Expired Federal Identification card;

☐ Expired United States Military Identification card, which has been expired for more than 60 days;

☐ Expired United States Passport, which has been expired for more than 60 days;

☐  Expired Pilot's license;

☐  Expired United States Department of Homeland Security or United States Citizenship and Immigration Services-issued (including: Employment Authorization Document (EAD), Permanent Resident Card (green card), Re-entry Permit, Refugee Travel Permit, Advance Parole document, SENTRI Card, or U.S. Citizen Identification Card);

☐ Expired  United States Department of State–issued Visa or a Border Crossing Card (B1 for business or pleasure or B2 medical purposes));

☐  Expired Federal, State or City law enforcement employment identification card, or employment badge accompanied by employment identification card;

☐ Expired Offender Identification card issued by the Department of Criminal Justice correctional facility or institution;

☐ Current Student identification;

☐ Expired or unexpired Private Company Employment Identification Card;

☐ Expired or unexpired DD-214 Certificate of Release;

☐ Certified birth certificate from the Department of State (FS-240, DS-1350 or FS-545);

☐ Signed Social Security card;

☐ Medicare or Medicaid card;

☐ Veteran's Affairs Card;

☐ Numident record issued by the Social Security Administration;

☐ Mexican voter registration card;

☐ Expired or unexpired medical insurance card;

☐ Passport issued by any foreign country, (1) as well as a Visa issued by the United States Department of State, or (2) issued in accordance with the United States Department of State, Visa Waiver Program; or (3) as well as a Form I-94;

☐ Foreign identification document with identifiable photo.

7

9.  To the extent boxes were marked in Paragraph 8, at least one of Plaintiff's Immediate Family Members who has possession, custody, or control of one of the "Acceptable Secondary Identification" documents listed above issued to him/her, also has possession, custody, or control of at least one other "Acceptable Secondary Identification" document listed in Paragraph 8, issued to him/her.

10. Plaintiff and, at the direction of Plaintiff, [his/her] immediate family members, represent that they completed a reasonable and diligent search for the above-referenced documents.   After completing such reasonable and diligent search, Plaintiff represents, by his/her counsel's signature below, that [he/she], nor [his/her] immediate family members, do not currently have the documents in Paragraph 1, 2, and 3, and the documents not checked in Paragraphs 4 through 9, in their possession, custody, or control.  If four boxes were checked in Paragraphs 6 and 8, Plaintiff makes no representation as to whether more than four documents listed in Paragraphs 6 and 8 are in Plaintiff or his/her immediate family member(s)' possession, custody, or control, with the exception of the representation made by Plaintiff in Paragraph 9.

Plaintiff represents that if [he/she] acquires an SB 14 ID between now and the conclusion of trial in this matter, that Plaintiff will produce a copy of such SB 14 ID to Defendants.  Plaintiff also represents that if [he/she] acquires any of the documents for which boxes are not checked, Plaintiff will amend this Stipulation in accordance with his/her obligations to supplement discovery under the Federal Rules of Civil Procedure.

Dated:


                                    Respectfully submitted,

                                    GREG ABBOTT
                                    Attorney General of Texas

                                    DANIEL T. HODGE
                                    First Assistant Attorney General

8

72

JONATHAN F. MITCHELL
Solicitor General

J. REED CLAY, JR.
Special Assistant and Senior Counsel
to the Attorney General
Southern District of Texas No. 1160600

JOHN B. SCOTT
Deputy Attorney General for Civil Litigation
Southern District of Texas No. 10418
Texas State Bar No. 17901500
ATTORNEY-IN-CHARGE

G. DAVID WHITLEY
Assistant Deputy Attorney General
Southern District of Texas No. 2080496

STEPHEN RONALD KEISTER
Assistant Attorney General
Southern District of Texas No. 18580

JENNIFER MARIE ROSCETTI
Assistant Attorney General
Southern District of Texas No. 224780

LINDSEY ELIZABETH WOLF
Assistant Attorney General
Southern District of Texas No. 2292940

FRANCES WHITNEY DEASON
Assistant Attorney General
Southern District of Texas No. 2302872

STEPHEN LYLE TATUM, JR.
Assistant Attorney General
Southern District of Texas No. 2338090

209 West 14th Street
P.O. Box 12548
Austin, Texas 70711-2548
(512) 475-0131

BEN A. DONNELL

9

73

Donnell, Abernethy & Kieschnick
555 N. Carancahua, Suite 1770
Corpus Christi, Texas 78401-0853
Southern District of Texas No. 5689

COUNSEL FOR THE STATE OF TEXAS,
RICK PERRY, JOHN STEEN, and STEVE
MCCRAW

[SIGNATURE
BLOCK FOR PLAINTIFF'S COUNSEL]

10

74

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August ___, 2014, a true and correct copy of the
foregoing document was served via the Court's ECF system to all counsel of record.

JOHN B. SCOTT

11

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARC VEASEY, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-00193 |
| | § | |
| RICK PERRY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## STIPULATION OF FACTS REGARDING PLAINTIFF GORDON BENJAMIN

Plaintiff Gordon Benjamin ("Plaintiff") and Defendants stipulate to the following undisputed facts:

1. Plaintiff does not currently have, in his possession, custody, or control, [1]  a form of identification acceptable for voting under Texas Election Code § 63.0101 (including (a) an unexpired Texas Driver's License (or an expired Texas Driver's License which has expired in the past 60 days); (b) an unexpired Texas Personal Identification Card (or an expired Texas Personal Identification Card which has expired in the past 60 days); (c) an unexpired United States Military Identification Card (or an expired United States Military Identification Card which has expired within the past 60 days); (d) a United States citizenship certificate issued to the person that contains the person's photograph; (e) an unexpired United States passport (or an expired United States passport which has expired in the past 60 days); (f) an unexpired Texas license to carry a concealed handgun (or an expired Texas license to carry a concealed handgun which has expired in the past 60 days) ("SB 14 ID").

2. Plaintiff does not currently have, in his possession, custody, or control, an original or a certified copy of Plaintiff's birth certificate.

---

[1] Where "possession, custody, or control" is used herein, it is as referred to in Rule 34(a)(1) of the Federal Rules of Civil Procedure, and as interpreted by Courts in the Fifth Circuit to include documents of which "a party either has 'actual possession, custody or control' … or if that party 'has the legal right to obtain the documents on demand or has the practical ability to obtain the documents from a non-party to the action.'" *F & A APLC v. Core Funding Grp., L.P.*, CIV.A.07-543-D-M2, 2009 WL 2214184 (M.D. La. July 23, 2009) (citing *Monroe's Estate v. Bottle Rock Power Corp.,* 2004 WL 737463, *10 (E.D.La.2004)).

1

3.  Plaintiff was born in Louisiana.  An original birth certificate was issued for Plaintiff.

4.  Plaintiff has in his possession, custody, or control the below Primary Documents, which are not also SB 14 IDs, issued to Plaintiff, which can be used to obtain a certified copy of Plaintiff's Birth Certificate in the State of Louisiana,[2] and which were also requested in Defendants' First Request for Production of Documents to Plaintiff Gordon Benjamin, for which there is a check or "X" in the box:

    ☐  Unexpired driver license issued by another U.S. state, U.S. territory, or the District of Columbia;

    ☐  Unexpired personal identification document issued by any U. S. state, county, city (other than Texas or its counties or cities), United States territory or outlying possession, or the District of Columbia;

    ☐  Unexpired Passport issued by any foreign country;

    ☐  United States Certificate of Naturalization (Form N-550, N-570, or N-578);

5.  Plaintiff has in his possession, custody, or control of the below-listed Secondary Documents, issued to Plaintiff, two of which can be used to obtain a certified copy of Plaintiff's Birth Certificate in Louisiana[3], and which were also requested in Defendants' First Request for Production of Documents to Plaintiff Gordon Benjamin, for which there is a check or "X" in the box.  Plaintiff and Defendants stipulate that while Plaintiff may have more than four Secondary Documents, Plaintiff need not check more than four boxes and need not represent that he has more than four Secondary Documents in his possession, custody, or control.

    ☐  Current Student picture identification documents issued by a college or university and 100% fee paid receipt for the current semester of a college or university (counts as two documents);

    ☐  A W-2 form issued within the last two years and an original signed Social Security Card (counts as two documents);

    ☐  Original certified deeds or title to property dated from January 1, 2005 to the present;

    ☐  Certificate of vehicle title for any motor vehicle that Plaintiff has owned for any period of time since 2005;

---

[2] *See* http://new.dhh.louisiana.gov/index.cfm/page/636
[3] *See* http://new.dhh.louisiana.gov/index.cfm/page/636

☐   Expired or unexpired DD-214 Certificate of Release;

☐   Insurance policy containing name of Plaintiff (Health, Home, Life, and Auto), and, as respects Life and Auto insurance, has been held for at least 2 years;

☐   Payroll stub (cannot be handwritten) showing the name and social security number of the Plaintiff dated from January 1, 2005 to the present;

☐   Current United States military dependent identification card that displays a photograph which clearly identifies the Plaintiff.

6. At least one of Plaintiff's immediate family members[4] has in his/her possession, custody, or control the below Primary Documents, issued to such immediate family member(s), which can be used to obtain a certified copy of Plaintiff's Birth Certificate in the State of Louisiana,[5] and which were also requested in Defendants' First Request for Production of Documents to Plaintiff Gordon Benjamin, for which there is a check or "X" in the box:

☐   Unexpired Texas driver license;

☐   Unexpired driver license issued by another U.S. state, U.S. territory, or the District of Columbia;

☐   Unexpired Texas personal identification card;

☐   Unexpired personal identification document issued by any U. S. state, county, city (other than Texas or its counties or cities), United States territory or outlying possession, or the District of Columbia;

☐   Unexpired United States Military Identification card that displays a photograph;

☐   Unexpired United States Passport;

☐   Unexpired Passport issued by any foreign country;

☐   United States Certificate of Naturalization (Form N-550, N-570, or N-578);

☐   United States Certificate of Citizenship (Form N-560 or N-578).

7. At least one of Plaintiff's immediate family members has in [his/her] possession, custody, or control the below-listed Secondary Documents, issued to such

---

[4] For purposes of this stipulation, in conformity with the definition in Defendants' First Request for Production to Gordon Benjamin, "immediate family member" includes Plaintiff's adult children, spouses, parents, siblings, or grandparents. *See* http://new.dhh.louisiana.gov/index.cfm/page/635 (also including adult grandchild of the person named on the document as a proper applicant).
[5] *See* http://new.dhh.louisiana.gov/index.cfm/page/636.

immediate family member(s), two of which can be used to obtain a certified copy of Plaintiff's Birth Certificate in Louisiana[6], and which were also requested in Defendants' First Request for Production of Documents to Plaintiff Gordon Benjamin, for which there is a check or "X" in the box.  Plaintiff and Defendants stipulate that while Plaintiff's immediate family members may have more than four forms of Secondary Documents, there need not be more than four boxes checked, and thus no representation that Plaintiff's immediate family members have more than four forms of Secondary Documents in their possession, custody, and control, with the exception of the representation in Paragraph 8 below:

☐   Current Student picture identification documents issued by a college or university and 100% fee paid receipt for the current semester of a college or university (counts as two documents);

☐   A W-2 form issued within the last two years and an original signed Social Security Card (counts as two documents);

☐   Original certified deeds or title to property dated from January 1, 2005 to the present;

☐   Certificate of vehicle title for any motor vehicle that the immediate family member has owned for any period of time since 2005;

☐   Expired or unexpired DD-214 Certificate of Release;

☐   Insurance policy containing name of the immediate family member (Health, Home, Life, and Auto), and, as respects Life and Auto insurance, has been held for at least 2 years;

☐   Payroll stub (cannot be handwritten) showing the name and social security number of the immediate family member dated from January 1, 2005 to the present;

☐   Current United States military dependent identification card that displays a photograph which clearly identifies the immediate family member.

8.   To the extent boxes (other than those relating to "current student picture identification documents" and a "W-2 form") are marked in Paragraph 7, at least one of Plaintiff's Immediate Family Members who has possession, custody, or control of one of the Secondary Documents marked above issued to him/her, also has possession, custody, or control of at least one other "Secondary Document" listed in Paragraph 7, issued to him/her.

9.   Plaintiff and, at the direction of Plaintiff, his immediate family members, represent that they completed a reasonable and diligent search for the above-

---

[6] *See* http://new.dhh.louisiana.gov/index.cfm/page/636

referenced documents.   After completing such reasonable and diligent search, Plaintiff represents, by his counsel's signature below, that he, nor his immediate family members, do not currently have the documents in Paragraphs 1 and 2, and the documents not checked in Paragraphs 4 through 8.  If four boxes were checked in Paragraphs 5 and 7, Plaintiff makes no representation as to whether more than four documents listed in Paragraphs 5 and 7 are in Plaintiff or his immediate family member(s)' possession, custody, or control, with the exception of the representation made by Plaintiff in Paragraph 8.

Plaintiff represents that if he acquires an SB 14 ID between now and the

conclusion of trial in this matter, that Plaintiff will produce a copy of such SB 14 ID

to Defendants.  Plaintiff also represents that if he acquires any of the documents for

which boxes are not checked, Plaintiff will amend this Stipulation in accordance

with his obligations to supplement discovery under the Federal Rules of Civil

Procedure.

Dated:


                                              Respectfully submitted,

                                              GREG ABBOTT
                                              Attorney General of Texas

                                              DANIEL T. HODGE
                                              First Assistant Attorney General

                                              JONATHAN F. MITCHELL
                                              Solicitor General

                                              J. REED CLAY, JR.
                                              Special Assistant and Senior Counsel
                                              to the Attorney General
                                              Southern District of Texas No. 1160600

                                              JOHN B. SCOTT
                                              Deputy Attorney General for Civil Litigation

Southern District of Texas No. 10418
Texas State Bar No. 17901500
ATTORNEY-IN-CHARGE

G. DAVID WHITLEY
Assistant Deputy Attorney General
Southern District of Texas No. 2080496

STEPHEN RONALD KEISTER
Assistant Attorney General
Southern District of Texas No. 18580

JENNIFER MARIE ROSCETTI
Assistant Attorney General
Southern District of Texas No. 224780

LINDSEY ELIZABETH WOLF
Assistant Attorney General
Southern District of Texas No. 2292940

FRANCES WHITNEY DEASON
Assistant Attorney General
Southern District of Texas No. 2302872

STEPHEN LYLE TATUM, JR.
Assistant Attorney General
Southern District of Texas No. 2338090

209 West 14th Street
P.O. Box 12548
Austin, Texas 70711-2548
(512) 475-0131

BEN A. DONNELL
Donnell, Abernethy & Kieschnick
555 N. Carancahua, Suite 1770
Corpus Christi, Texas 78401-0853
Southern District of Texas No. 5689

COUNSEL FOR THE STATE OF TEXAS,
RICK PERRY, JOHN STEEN, and STEVE
MCCRAW

6

[SIGNATURE
BLOCK FOR PLAINTIFF'S COUNSEL]

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on August ___, 2014, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.


JOHN B. SCOTT

8

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| MARC VEASEY, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-00193 |
| | § | |
| RICK PERRY, *et al*, | § | |
| | § | |
| Defendants. | § | |

**STIPULATION REGARDING DOCUMENT PRODUCTION**

Plaintiff [INSERT NAME] and Defendants stipulate to the following undisputed facts:

1. Plaintiff has conducted a reasonable and diligent search for all documents relating to the allegations contained in Plaintiff's [Name of] Complaint.

2. Plaintiff is not withholding any documents which relate to allegations contained in Plaintiff's [Name of Complaint], other than those documents Plaintiff represents are protected by work product, attorney-client privilege and other applicable privileges.

3. Plaintiff will continue to supplement [his/her/its] discovery responses with documents that support [his/her/its] various allegations in the Complaint which [he/she/it] finds in the future, pursuant to its/his/her obligations under the Federal Rules of Civil Procedure.

4. Plaintiff has conducted a reasonable and diligent search for all documents responsive to Defendants' Requests for Production to Plaintiff within the date ranges specified in those Requests for Production, and the definition of SB 14 contained therein, notwithstanding Plaintiff's initial objection to certain of those date ranges and the definition of SB 14.

5. Plaintiff is not withholding, and will not in the future withhold (including in any supplemental document productions), any documents on the basis of

1

Plaintiff's initial objection to certain date ranges and the definition of SB 14
in Defendants' Requests for Production to Plaintiff.

Dated:

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JONATHAN F. MITCHELL
Solicitor General

J. REED CLAY, JR.
Special Assistant and Senior Counsel
to the Attorney General
Southern District of Texas No. 1160600

JOHN B. SCOTT
Deputy Attorney General for Civil Litigation
Southern District of Texas No. 10418
Texas State Bar No. 17901500
ATTORNEY-IN-CHARGE

G. DAVID WHITLEY
Assistant Deputy Attorney General
Southern District of Texas No. 2080496

STEPHEN RONALD KEISTER
Assistant Attorney General
Southern District of Texas No. 18580

JENNIFER MARIE ROSCETTI
Assistant Attorney General
Southern District of Texas No. 224780

LINDSEY ELIZABETH WOLF
Assistant Attorney General
Southern District of Texas No. 2292940

FRANCES WHITNEY DEASON
Assistant Attorney General

2

Southern District of Texas No. 2302872

STEPHEN LYLE TATUM, JR.
Assistant Attorney General
Southern District of Texas No. 2338090


209 West 14th Street
P.O. Box 12548
Austin, Texas 70711-2548
(512) 475-0131

BEN A. DONNELL
Donnell, Abernethy & Kieschnick
555 N. Carancahua, Suite 1770
Corpus Christi, Texas 78401-0853
Southern District of Texas No. 5689

COUNSEL FOR THE STATE OF TEXAS,
RICK PERRY, JOHN STEEN, and STEVE
MCCRAW

[SIGNATURE BLOCK FOR PLAINTIFF'S
COUNSEL]

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August ___, 2014, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.


JOHN B. SCOTT

4

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARC VEASEY, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-00193 |
| | § | |
| RICK PERRY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## STIPULATION OF FACTS REGARDING PLAINTIFF [INSERT NAME]

Plaintiff  [INSERT NAME] ("Plaintiff") and Defendants stipulate to the following undisputed facts:

1.  Plaintiff does not currently have, in Plaintiff's possession, custody, or control, [1]  a form of identification acceptable for voting under Texas Election Code § 63.0101 (including (a) an unexpired Texas Driver's License (or an expired Texas Driver's License which has expired in the past 60 days); (b) an unexpired Texas Personal Identification Card (or an expired Texas Personal Identification Card which has expired in the past 60 days); (c) an unexpired United States Military Identification Card (or an expired United States Military Identification Card which has expired within the past 60 days); (d) a United States citizenship certificate issued to the person that contains the person's photograph; (e) an unexpired United States passport (or an expired United States passport which has expired in the past 60 days); (f) an unexpired Texas license to carry a concealed handgun (or an expired Texas license to carry a concealed handgun which has expired in the past 60 days) ("SB 14 ID").

---

[1] Where "possession, custody, or control" is used herein, it is as referred to in Rule 34(a)(1) of the Federal Rules of Civil Procedure, and as interpreted by Courts in the Fifth Circuit to include documents of which "a party either has 'actual possession, custody or control' … or if that party 'has the legal right to obtain the documents on demand or has the practical ability to obtain the documents from a non-party to the action.'" *F & A APLC v. Core Funding Grp., L.P.*, CIV.A.07-543-D-M2, 2009 WL 2214184 (M.D. La. July 23, 2009) (citing *Monroe's Estate v. Bottle Rock Power Corp.,* 2004 WL 737463, *10 (E.D.La.2004)).

2. Plaintiff does not currently have, in [his/her] possession, custody, or control, an original or a certified copy of Plaintiff's birth certificate.

3. Plaintiff was born in Texas.  An original birth certificate was issued for Plaintiff.

4. Plaintiff has in [his/her] possession, custody, or control the below Primary Identification documents,[2] which are not also SB 14 IDs, issued to Plaintiff, which can be used to obtain a certified copy of Plaintiff's Birth Certificate pursuant to 25 T.A.C. § 181.28, for which there is a check or "X" in the box:

☐ Unexpired driver license issued by another U.S. state (other than Texas), U.S. territory, or the District of Columbia;

☐ Unexpired identification card issued by any U. S. state (other than Texas), United States territory or outlying possession, or the District of Columbia;

☐ Unexpired Concealed Handgun License issued by any U.S. state (other than Texas), United States territory or outlying possession, or the District of Columbia;

☐ Unexpired Federal Identification card;

☐ Unexpired Pilot's license;

☐ Unexpired United States Department of Homeland Security or United States Citizenship and Immigration Services-issued Employment Authorization Document (EAD), Permanent Resident Card (green card), Re-entry Permit, Refugee Travel Permit, Advance Parole document, SENTRI Card, or U.S. Citizen Identification Card;

☐ Unexpired United States Department of State-issued Visa or a Border Crossing Card (B1 for business or pleasure or B2 medical purposes));

☐ Unexpired Federal, State or City law enforcement employment identification card, or employment badge accompanied by employment identification card;

☐ Unexpired Offender Identification card issued by the Department of Criminal Justice correctional facility or institution.

5. Plaintiff has in [his/her] possession, custody, or control the below-listed "Acceptable Secondary Identification" documents, issued to Plaintiff, two of which, of different types (or one of which, with two forms of Acceptable Supporting Identification[3]), can be used to obtain a certified copy of Plaintiff's

---

[2] *See* 25 T.A.C. § 181.28.
[3] Pursuant to 25 T.A.C. § 181.28, "Supporting identification" is "[o]ther records or documents that verify the applicant's identity," and "[t]he examining or supervisory personnel may determine that a supporting identification document may meet the department's requirements in establishing identity."

2

Birth Certificate pursuant to 25 T.A.C. § 181.28, for which there is a check or "X" in the box.  Plaintiff stipulates that while [he/she] may have more than four "Acceptable Secondary Identification" documents, Plaintiff need not check more than four boxes and need not stipulate that [he/she] has more than four "Acceptable Secondary Identification" documents.

☐ Expired Texas driver license, which has been expired for more than 60 days;

☐ Expired Texas personal identification card, which has been expired for more than 60 days;

☐ Expired Texas concealed handgun license, which has been expired for more than 60 days;

☐ Expired driver license issued by another U.S. state, U.S. territory, or the District of Columbia;

☐ Expired identification card issued by any U. S. state (other than Texas or its counties or cities), United States territory or outlying possession, or the District of Columbia;

☐ Expired Concealed Handgun License issued by any U.S. state (other than Texas), United States territory or outlying possession, or the District of Columbia;

☐ Expired Federal Identification card;

☐ Expired United States Military Identification card, which has been expired for more than 60 days;

☐ Expired United States Passport, which has been expired for more than 60 days;

☐ Expired Pilot's license;

☐ Expired United States Department of Homeland Security or United States Citizenship and Immigration Services-issued Employment Authorization Document (EAD), Permanent Resident Card (green card), Re-entry Permit, Refugee Travel Permit, Advance Parole document, SENTRI Card, or U.S. Citizen Identification Card);

☐ Expired  United States Department of State-issued Visa or a Border Crossing Card (B1 for business or pleasure or B2 medical purposes));

☐ Expired Federal, State or City law enforcement employment identification card, or employment badge accompanied by employment identification card;

☐ Expired Offender Identification card issued by the Department of Criminal Justice correctional facility or institution;

☐ Current Student identification;

3

☐ Expired or unexpired Private Company Employment Identification Card;

☐ Expired or unexpired DD-214 Certificate of Release;

☐ Certified birth certificate from the Department of State (FS-240, DS-1350 or FS-545);

☐ Signed Social Security card;

☐ Medicare or Medicaid card;

☐ Veteran's Affairs Card;

☐ Numident record issued by the Social Security Administration;

☐ Mexican voter registration card;

☐ Expired or unexpired medical insurance card;

☐ Passport issued by any foreign country, (1) as well as a Visa issued by the United States Department of State, or (2) issued in accordance with the United States Department of State, Visa Waiver Program; or (3) as well as a Form I-94;

☐ Foreign identification document with identifiable photo.

6. At least one of Plaintiff's immediate family members[4] has possession, custody, or control of the below-listed Primary Identification documents, issued to such immediate family member(s), which can be used to obtain a certified copy of Plaintiff's Birth Certificate pursuant to 25 T.A.C. § 181.28, for which there is a check or "X" in the box:

☐ Unexpired Texas driver license;

☐ Unexpired Texas identification card;

☐ Unexpired United States Passport;

☐ Unexpired Texas Concealed Handgun License;

☐ Expired United States Military Identification card;

☐ Unexpired driver license issued by another U.S. state, U.S. territory, or the District of Columbia;

☐ Unexpired identification card issued by any U. S. state (other than Texas), United States territory or outlying possession, or the District of Columbia;

---

[4] The term "immediate family members" includes Plaintiff's guardian, or [his/her] children, spouses, parents, siblings, or grandparents. *See* 25 T.A.C. § 181.1 (13).

4

☐ Unexpired Concealed Handgun License issued by any U.S. state (other than Texas), United States territory or outlying possession, or the District of Columbia;

☐ Unexpired Federal Identification card;

☐ Unexpired Pilot's license;

☐ Unexpired United States Department of Homeland Security or United States Citizenship and Immigration Services-issued Employment Authorization Document (EAD), Permanent Resident Card (green card), Re-entry Permit, Refugee Travel Permit, Advance Parole document, SENTRI Card, or U.S. Citizen Identification Card);

☐ Unexpired  United States Department of State-issued Visa or a Border Crossing Card (B1 for business or pleasure or B2 medical purposes));

☐ Unexpired Federal, State or City law enforcement employment identification card, or employment badge accompanied by employment identification card;

☐ Unexpired Offender Identification card issued by the Department of Criminal Justice correctional facility or institution.

7. At least one of Plaintiff's immediate family members has possession, custody, or control of the below-listed "Acceptable Secondary Identification" documents, issued to such immediate family member, two of which, of different types (or one of which, with two forms of Acceptable Supporting Identification[5]), can be used to obtain a certified copy of Plaintiff's Birth Certificate pursuant to 25 T.A.C. § 181.28, for which there is a check or "X" in the box.  Plaintiff stipulates that while his immediate family members may have more than four forms of "Acceptable Secondary Identification" documents, there need not be more than four boxes checked, and thus no stipulation that Plaintiff's immediate family members have more than four forms of "Acceptable Secondary Identification" documents, with the exception of the representation in Paragraph 8 below.

☐ Expired Texas driver license, which has been expired for more than 60 days;

☐ Expired Texas personal identification card, which has been expired for more than 60 days;

☐ Expired Texas concealed handgun license, which has been expired for more than 60 days;

---

[5] Pursuant to 25 T.A.C. § 181.28, "Supporting identification" is "[o]ther records or documents that verify the applicant's identity," and "[t]he examining or supervisory personnel may determine that a supporting identification document may meet the department's requirements in establishing identity."

☐ Expired driver license issued by another U.S. state, U.S. territory, or the District of Columbia;

☐ Expired identification card issued by any U. S. state (other than Texas or its counties or cities), United States territory or outlying possession, or the District of Columbia;

☐ Expired Concealed Handgun License issued by any U.S. state (other than Texas), United States territory or outlying possession, or the District of Columbia;

☐ Expired Federal Identification card;

☐ Expired United States Military Identification card, which has been expired for more than 60 days;

☐ Expired United States Passport, which has been expired for more than 60 days;

☐ Expired Pilot's license;

☐ Expired United States Department of Homeland Security or United States Citizenship and Immigration Services-issued (including: Employment Authorization Document (EAD), Permanent Resident Card (green card), Re-entry Permit, Refugee Travel Permit, Advance Parole document, SENTRI Card, or U.S. Citizen Identification Card);

☐ Expired  United States Department of State–issued Visa or a Border Crossing Card (B1 for business or pleasure or B2 medical purposes));

☐ Expired Federal, State or City law enforcement employment identification card, or employment badge accompanied by employment identification card;

☐ Expired Offender Identification card issued by the Department of Criminal Justice correctional facility or institution;

☐ Current Student identification;

☐ Expired or unexpired Private Company Employment Identification Card;

☐ Expired or unexpired DD-214 Certificate of Release;

☐ Certified birth certificate from the Department of State (FS-240, DS-1350 or FS-545);

☐ Signed Social Security card;

☐ Medicare or Medicaid card;

☐ Veteran's Affairs Card;

☐ Numident record issued by the Social Security Administration;

☐ Mexican voter registration card;

6

93

☐  Expired or unexpired medical insurance card;

☐  Passport issued by any foreign country, (1) as well as a Visa issued by the United States Department of State, or (2) issued in accordance with the United States Department of State, Visa Waiver Program; or (3) as well as a Form I-94;

☐  Foreign identification document with identifiable photo.

8.  To the extent boxes were marked in Paragraph 7, at least one of Plaintiff's Immediate Family Members who has possession, custody, or control of one of the "Acceptable Secondary Identification" documents listed above issued to him/her, also has possession, custody, or control of at least one other "Acceptable Secondary Identification" document listed in Paragraph 7, issued to him/her.

9.  Plaintiff and, at the direction of Plaintiff, [his/her] immediate family members, represent that they completed a reasonable and diligent search for the above-referenced documents.   After completing such reasonable and diligent search, Plaintiff represents, by his/her counsel's signature below, that he/she, nor his/her immediate family members, do not currently have the documents in Paragraph 1 and 2, and the documents not checked in Paragraphs 4 through 8, in their possession, custody, or control.  If four boxes were checked in Paragraphs 5 and 7, Plaintiff makes no representation as to whether more than four documents listed in Paragraphs 5 and 7 are in Plaintiff's or [his/her] immediate family members' possession, custody, or control, with the exception of the representation made by Plaintiff in Paragraph 8.

Plaintiff represents that if [he/she] acquires an SB 14 ID between now and the conclusion of trial in this matter, that Plaintiff will produce a copy of such SB 14 ID to Defendants.  Plaintiff also represents that if [he/she] acquires any of the documents for which boxes are not checked, Plaintiff will amend this Stipulation in accordance with his/her obligations to supplement discovery under the Federal Rules of Civil Procedure.

Dated:

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JONATHAN F. MITCHELL
Solicitor General

J. REED CLAY, JR.
Special Assistant and Senior Counsel
to the Attorney General
Southern District of Texas No. 1160600

JOHN B. SCOTT
Deputy Attorney General for Civil Litigation
Southern District of Texas No. 10418
Texas State Bar No. 17901500
ATTORNEY-IN-CHARGE

G. DAVID WHITLEY
Assistant Deputy Attorney General
Southern District of Texas No. 2080496

STEPHEN RONALD KEISTER
Assistant Attorney General
Southern District of Texas No. 18580

JENNIFER MARIE ROSCETTI
Assistant Attorney General
Southern District of Texas No. 224780

LINDSEY ELIZABETH WOLF
Assistant Attorney General
Southern District of Texas No. 2292940

FRANCES WHITNEY DEASON
Assistant Attorney General
Southern District of Texas No. 2302872

STEPHEN LYLE TATUM, JR.
Assistant Attorney General

8

95

Southern District of Texas No. 2338090


209 West 14th Street
P.O. Box 12548
Austin, Texas 70711-2548
(512) 475-0131

BEN A. DONNELL
Donnell, Abernethy & Kieschnick
555 N. Carancahua, Suite 1770
Corpus Christi, Texas 78401-0853
Southern District of Texas No. 5689

COUNSEL FOR THE STATE OF TEXAS,
RICK PERRY, JOHN STEEN, and STEVE
MCCRAW

[SIGNATURE
BLOCK FOR PLAINTIFF'S COUNSEL]

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August ___, 2014, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.


JOHN B. SCOTT

10

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARC VEASEY, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-00193 |
| | § | |
| RICK PERRY, *et al*, | § | |
| | § | |
| Defendants. | § | |

### STIPULATION OF FACTS REGARDING PLAINTIFF [INSERT NAME]

Plaintiff  [INSERT NAME] ("Plaintiff") and Defendants stipulate to the following undisputed facts:

1.  Plaintiff does not currently have, in Plaintiff's possession, custody, or control, [1] a form of identification acceptable for voting under Texas Election Code 63.0101 (including (a) an unexpired Texas Driver's License (or an expired Texas Driver's License which has expired in the past 60 days); (b) an unexpired Texas Personal Identification Card (or an expired Texas Personal Identification Card which has expired in the past 60 days); (c) an unexpired United States Military Identification Card (or an expired United States Military Identification Card which has expired within the past 60 days); (d) a United States citizenship certificate issued to the person that contains the person's photograph; (e) an unexpired United States passport (or an expired United States passport which has expired in the past 60 days); (f) an unexpired Texas license to carry a concealed handgun (or an expired Texas license to carry a concealed handgun which has expired in the past 60 days) ("SB 14 ID").

---

[1] Where "possession, custody, or control" is used herein, it is as referred to in Rule 34(a)(1) of the Federal Rules of Civil Procedure, and as interpreted by Courts in the Fifth Circuit to include documents of which "a party either has 'actual possession, custody or control' … or if that party 'has the legal right to obtain the documents on demand or has the practical ability to obtain the documents from a non-party to the action.'" *F & A APLC v. Core Funding Grp., L.P.,* CIV.A.07-543-D-M2, 2009 WL 2214184 (M.D. La. July 23, 2009) (citing *Monroe's Estate v. Bottle Rock Power Corp.,* 2004 WL 737463, *10 (E.D.La.2004)).

2. Plaintiff was born in the United States.  Plaintiff [has/does not have], in [his/her] possession, custody, or control, an original or certified copy of a birth certificate issued by the appropriate State Bureau of Vital Statistics or equivalent agency.

3. Plaintiff has, in [his/her] possession, custody, or control, the below-listed "Primary Identification" document issued to Plaintiff, which are not SB 14 IDs, and which can be used to identify an applicant in order to obtain an Election Identification Certificate (if expired more than 60 days), pursuant to 37 T.A.C. § 15.182, unless otherwise indicated, or which can be used as proof of identity in order to obtain a Texas Driver's License or Personal Identification Card.

   ☐ Expired Texas driver license that is within two years of expiration date;

   Please indicate date of expiration: _____

   ☐ Expired Texas personal identification card that is within two years of expiration date;

   Please indicate date of expiration: _____

   ☐ United States citizenship (naturalization) certificate with identifiable photo;[2]

   ☐ unexpired document issued by the United States Citizenship and Immigration Services or successor federal immigration agency, which contains verifiable data and an identifiable photo;[3]

   ☐ foreign passport with a visa issued by the United States Department of State (valid or expired) with unexpired I-94 marked valid for a fixed duration (unless the applicant was not required by federal law to obtain a visa to enter the United States, in which case just the foreign passport);[4]

   ☐ foreign passport with a visa issued by the United States Department of State (valid or expired) with an I-94 marked valid for the duration of stay accompanied by appropriate documentation (unless the applicant was not required by federal law to obtain a visa to enter the United States, in which case just the foreign passport).[5]

4. Plaintiff has, in [his/her] possession, custody, or control, the below-listed "Secondary Identification" documents which are not a birth certificate, and which are not an SB 14 IDs, for which there is a check or "X" in the box, two of which (or one of which, with two "Supporting Identification" documents or a

---

[2] This document can only be used to obtain a Texas Driver's License or Personal Identification Card.
[3] This document can only be used to obtain a Texas Driver's License or Personal Identification Card.
[4] This document can only be used to obtain a Texas Driver's License or Personal Identification Card.
[5] This document can only be used to obtain a Texas Driver's License or Personal Identification Card.

birth certificate), unless otherwise indicated, can be used as "Proof of Identity" to obtain a Texas Driver License or Personal Identification Card, or, alternatively, to obtain an Election Identification Certificate, pursuant to 37 T.A.C. § 15.181 and 37 T.A.C. § 15.24.

☐   Original or certified copy of court order with name and date of birth indicating an official change of name and/or gender;

☐ Original or certified copy of United States Department of State Certification of Birth (issued to United States citizens born abroad);

☐   United States citizenship or naturalization papers without identifiable photo[6]

5.  Plaintiff has, in [his/her] possession, custody, or control, the below-listed "Supporting Identification" documents issued to Plaintiff, which are not a birth certificate, and which are not an SB 14 ID, for which there is a check or "X" in the box, two of which, with one form of Secondary Identification, unless otherwise indicated, can be used as "Proof of Identity" to obtain an Election Identification Certificate (and which, except where otherwise indicated, may also be used as "Supporting Identification" to obtain a Texas Driver License or Personal Identification Card, pursuant to 37 T.A.C. § 15.24, and http://www.txdps.state.tx.us/internetforms/Forms/DL-57.pdf). Plaintiff and Defendants stipulates that while Plaintiff may have more than four "Supporting Identification" documents in [his/her] possession, custody, or control, Plaintiff need not check more than four boxes and need not represent that [he/she] has more than four "Supporting Identification" documents in [his/her] possession, custody, or control.[7]

---

[6] United States citizenship or naturalization papers without identifiable photo can only be used as Secondary Identification to obtain an Election Identification Certificate; these documents are not specifically listed as a form of Secondary Identification which can be used to obtain a Texas Driver License or Personal Identification Card.  See 37 T.A.C. § 15.182; 37 T.A.C. §15.24.

[7] 37 T.A.C. § 15.182 specifically provides that "Supporting Identification" to obtain an Election Identification Certificate includes "any document that may be added to § 15.24 of this title (relating to the Identification of Applicants) other than those issued to persons who are not citizens of the U.S."  Moreover, the list provided in 37 T.A.C. § 15.24 is "not all inclusive".  This stipulation only lists documents which are specifically listed in 37 T.A.C. § 15.182 as "Supporting Identification."  It does not purport to represent each and every "Supporting Identification" document that may be presented to obtain a form of identification from the Texas Department of Public Safety (which may also include, for example, temporary receipts for a Texas driver license or personal identification card).

☐   Voter registration card with a disability exemption[8]

☐   Voter registration card without a disability exemption[9]

☐   School records

☐   Insurance policy (at least two years old)

☐   Texas vehicle title and/or registration

☐   Texas boat title and/or registration

☐   Military records

☐   Unexpired military dependent identification card

☐   Original or certified copy of marriage license

☐   Original or certified copy of divorce decree

☐   Social Security card

☐   Pilot's license[10]

☐   Unexpired photo driver license or photo identification issued by another U.S. state, U.S. territory, or the District of Columbia[11]

☐   Expired photo driver license or photo identification issued by another U.S. state, U.S. territory, or the District of Columbia[12]
Please indicate date of expiration:_____

☐   Offender identification card, Texas Inmate ID card, or similar form of identification issued by Texas Department of Criminal Justice

☐   United States Federal Income Tax Form W-2 or Form 1099

☐   Numident record from the Social Security Administration

☐   Expired Texas driver license
Please indicate date of expiration: _____

☐   Expired Texas personal identification card
Please indicate date of expiration:_____

☐   Professional license issued by Texas state agency

---

[8] For purposes of obtaining a Driver License or Personal Identification Card,
http://www.txdps.state.tx.us/internetforms/Forms/DL-57.pdf provides that this be issued by an institution, entity or government from a U.S. state, a U.S. territory, the District of Columbia or a Canadian province.
[9] For purposes of obtaining a Driver License or Personal Identification Card,
http://www.txdps.state.tx.us/internetforms/Forms/DL-57.pdf provides that this be issued by an institution, entity or government from a U.S. state, a U.S. territory, the District of Columbia or a Canadian province.
[10] For purposes of obtaining a Driver License or Personal Identification Card,
http://www.txdps.state.tx.us/internetforms/Forms/DL-57.pdf provides that this be issued by an institution, entity or government from a U.S. state, a U.S. territory, the District of Columbia or a Canadian province.
[11] This can be issued by Canadian province to obtain a Driver License.
[12] This can be issued by Canadian province to obtain a Driver License.

☐ Identification card issued by government agency[13]

☐ Parole or mandatory release certificate issued by Texas Department of Criminal Justice

☐ Federal inmate identification card

☐ Federal parole or release certificate

☐ Medicare or Medicaid card

☐ Selective Service card

☐ Immunization records[14]

☐ Tribal membership card from federally recognized tribe

☐ Certificate of Degree of Indian Blood

☐ Veteran's Administration card

☐ Hospital issued birth record[15]

6. Plaintiff has, in [his/her] possession, custody, or control, the below-listed "documents issued to Plaintiff, which are not an SB 14 ID, or a "Supporting Document",[16] for which there is a check or "X" in the box, two forms of which can be used as "Proof of Residency" to to obtain a Texas Driver License or Personal Identification Card pursuant to 37 T.A.C. § 15.24, and http://www.txdps.state.tx.us/internetforms/Forms/DL-57.pdf.  Plaintiff and Defendants stipulate that while Plaintiff may have more than four "Proof of Residency" documents in [his/her] possession, custody, or control, Plaintiff  need not check more than four boxes and need not represent that [he/she] has more than four "Proof of Residency" documents in [his/her] possession, custody, or control.

☐ Current Deed, mortgage, monthly mortgage statement, mortgage payment booklet, or residential lease agreement;

☐ Utilities bill or statement (including electric, water, natural gas, satellite television, cable television, or non-cellular telephone statement) dated within 90 days of the date of this Stipulation;

☐ Current Homeowners or renters insurance policy or statement;

---

[13] For purposes of obtaining a Driver License or Personal Identification Card, this must be issued by an institution, entity or government from a U.S. state, a U.S. territory, the District of Columbia or a Canadian province.

[14] For purposes of obtaining a Driver License or Personal Identification Card, this must be issued by an institution, entity or government from a U.S. state, a U.S. territory, the District of Columbia or a Canadian province.

[15] For purposes of obtaining a Driver License or Personal Identification Card, this must be issued by an institution, entity or government from a U.S. state, a U.S. territory, the District of Columbia or a Canadian province.

[16] A valid, unexpired Texas voter registration card, motor vehicle and boat registration and title, Selective Service card, current homeowners or renters or automobile insurance policy, W-2 or 1099 tax form for the current year may also be used as proof of residency.

☐   Current Automobile insurance policy or statement;

☐   Checking, savings, investment account, or credit card statement dated within 90 days of the date of this Stipulation;

☐   Mail you have received from a federal, state, county, or city government agency dated within 90 days of the date of this Stipulation;

☐   Current automobile payment booklet maintained by you or for you;

☐   Pre-printed paycheck or pay stub dated within 90 days of the date of this Stipulation;

☐   Medical or health card;

☐   Expired concealed handgun license from a U.S. state, a U.S. territory, the District of Columbia or a Canadian province

Please indicate date of expiration:_____

☐   Current documents issued by the U.S. Military indicating residential address

☐   Texas Department of Criminal Justice document indicating applicant's recent release or parole;

☐   Current Form DS2019, I-20, or a document issued by the United States Citizenship and Immigration Services.

7.   Plaintiff completed a reasonable and diligent search for the above-referenced documents.  After completing such reasonable and diligent search, Plaintiff represents, by his/her counsel's signature below, that [he/she] does not currently have the documents referenced above in [his/her] possession, custody, or control. If four boxes were checked in Paragraphs 5 and 6, Plaintiff makes no representation as to whether more than four documents listed in Paragraphs 5 and 6 are in Plaintiff's possesssion, custody, or control.

Plaintiff represents that if [he/she] acquires an SB 14 ID between now and the

conclusion of trial in this matter, that Plaintiff will produce a copy of such SB 14 ID

to Defendants.  Plaintiff also represents that if [he/she] acquires any of the

documents for which boxes are not checked, Plaintiff will amend this Stipulation in

accordance with his/her obligations to supplement discovery under the Federal

Rules of Civil Procedure.

6

103

Dated:

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JONATHAN F. MITCHELL
Solicitor General

J. REED CLAY, JR.
Special Assistant and Senior Counsel
to the Attorney General
Southern District of Texas No. 1160600

_____
JOHN B. SCOTT
Deputy Attorney General for Civil Litigation
Southern District of Texas No. 10418
Texas State Bar No. 17901500
ATTORNEY-IN-CHARGE

G. DAVID WHITLEY
Assistant Deputy Attorney General
Southern District of Texas No. 2080496

STEPHEN RONALD KEISTER
Assistant Attorney General
Southern District of Texas No. 18580

JENNIFER MARIE ROSCETTI
Assistant Attorney General
Southern District of Texas No. 224780

LINDSEY ELIZABETH WOLF
Assistant Attorney General
Southern District of Texas No. 2292940

FRANCES WHITNEY DEASON
Assistant Attorney General
Southern District of Texas No. 2302872

7

STEPHEN LYLE TATUM, JR.
Assistant Attorney General
Southern District of Texas No. 2338090


209 West 14th Street
P.O. Box 12548
Austin, Texas 70711-2548
(512) 475-0131

BEN A. DONNELL
Donnell, Abernethy & Kieschnick
555 N. Carancahua, Suite 1770
Corpus Christi, Texas 78401-0853
Southern District of Texas No. 5689

COUNSEL FOR THE STATE OF TEXAS,
RICK PERRY, JOHN STEEN, and STEVE
MCCRAW


[SIGNATURE
BLOCK FOR PLAINTIFF'S COUNSEL]

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August ____, 2014, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.


_____
JOHN B. SCOTT

**Ried, Lisa**

| | |
|---|---|
| **From:** | Marinda van Dalen <mvandalen@trla.org> |
| **Sent:** | Tuesday, August 12, 2014 3:22 PM |
| **To:** | Wolf, Lindsey; Robert Doggett(AUS) |
| **Subject:** | Stipulations |

Lindsey,

We will not be entering the stipulations you have requested. We can, of course, discuss any further concerns you may have about discovery.

Regards,

Marinda