# Exhibit 3

```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF TEXAS
                 CORPUS CHRISTI DIVISION

 MARC VEASEY, et al.,           )
        Plaintiffs              )
                                )   CIVIL ACTION
 VS.                            )   NO. 2:13-CV-00193
                                )
 RICK PERRY, et al.,            )
        Defendants              )
```

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ORAL DEPOSITION OF

LENARD TAYLOR

TAKEN ON JULY 18, 2014

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ORAL DEPOSITION of LENARD TAYLOR, produced as a witness at the instance of the Defendants, and duly sworn, was taken in the above-styled and numbered cause on the 18th day of July, 2014, from 1:15 p.m. to 2:38 p.m., before SYLVIA KERR, CSR, RPR, CRR in and for the State of Texas, reported by machine shorthand, at the offices of Texas Rio Grande Legal Aid, Inc., 3825 Agnes Street, Corpus Christi, Nueces County, Texas, pursuant to the Federal Rules of Civil Procedure and the provisions attached hereto.

62

1  A.  I refuse to answer.
2      MR. WHITLEY:  Objection, nonresponsive.
3  Q.  (By Mr. Whitley)  I'll ask you again.
4  A.  You don't have to ask me because I'm not going
5  to answer that.  I told you and you heard what I said.
6  Why ask me again and get me aggravated?
7  Q.  I'm going to --
8  A.  I'm taking pills. I'm under the doctor. I'm
9  taking medication.  I do know right from wrong.  Okay.
10 Don't ask me nothing that's going to fuel me up, please.
11     MR. WHITLEY:  I object, nonresponsive.
12 Q.  (By Mr. Whitley)  Have you ever communicated
13 with your state rep or state senator about any issue?
14     MS. VAN DALEN:  David, he's already given
15 his answer.  If you have a problem with the answer, you
16 can take it to the Court.  But I think he's not going to
17 change his answer so we can move on, if you don't mind.
18     MR. WHITLEY:  Okay.  I'm just trying to
19 help him get there.
20 Q.  (By Mr. Whitley)  Will you be seeking
21 attorneys' fees in this lawsuit?
22 A.  Didn't my answer say no yesterday -- I mean, a
23 while ago?  It's still the same answer today.  Right now
24 I'm telling you:  I told you a while ago, you asked me
25 the same question in a different way.  It said what I

63

1  mean and it mean what I say.  I'm not going to answer no
2  twisted up question from you no more.
3  Q.  When did you hire your attorneys who are here
4  with you now?
5  A.  I don't recall.
6  Q.  Was it more than six months ago?
7  A.  (No response.)
8      MS. VAN DALEN:  Mr. Taylor, do you
9  remember whether it was more than six months ago that we
10 started representing you?
11 A.  Yes.
12 Q.  It was more than six months ago?
13 A.  Yeah.
14 Q.  And did they contact you?
15     MR. McGRAW:  Object, privilege.
16 Q.  (By Mr. Whitley)  I'm not asking for any
17 content.  I'm asking whether or not they contacted you?
18     MR. McGRAW:  Object, advise not to answer.
19 Q.  (By Mr. Whitley)  Did you ever consider hiring
20 a different attorney?
21 A.  What does that have to do with registration to
22 vote?  What do this have to do with registration to
23 vote?  Can you tell me that?
24     MR. WHITLEY:  I object.
25 A.  Why am I sitting here?

64

1      MR. WHITLEY:  I'll object, nonresponsive.
2  A.  Okay.  Then let's do it on all the rest of your
3  papers you've got waiting to ask me questions, too,
4  because we're about ready to walk out of here.  Not that
5  I'm not being cooperative, I know bull crap what we call
6  something else when I hear it and when I see it.  I
7  don't have time for this.
8      MR. McGRAW:  Maybe if we get a sense for
9  how much longer it's going to be.
10     MR. WHITLEY:  Objection, nonresponsive.
11     MR. McGRAW:  We might want to take a break
12 and maybe just cool down a bit.  We can come back and
13 finish it out.  Would that work for you, Mr. Taylor?
14     THE WITNESS:  What would work out is if we
15 finish out here and take a break and get the hell home.
16 And you can call it whatever you want to call it because
17 I'm already pissed off because of what you-all doing to
18 the people that's not eligible to vote already, okay.
19     MR. McGRAW:  It doesn't look like we're
20 going to be able to go much farther with Mr. Taylor.  Do
21 you want to give me --
22     MR. WHITLEY:  I can do another break.
23     MS. VAN DALEN:  No.  I think we're just
24 going to wrap it up for today.
25     THE WITNESS:  We're going to wrap me it up

65

1  forever if you're try to mess me up, man, because I
2  don't think that I got a voter registration card, I got
3  a search out in Cuero, Texas and it's not right that I
4  can't vote.  And nothing you can tell me that can make
5  it right.  And I'm listening and trying to find out why
6  you're doing it.  I mean, why are you doing it?  Who
7  told you to do it?  That's what I need to be asking you.
8      MS. VAN DALEN:  Okay.  We're going to --
9  we're going to terminate this deposition now.  Thank
10 you.
11     MR. WHITLEY:  I have a couple more
12 questions.
13     MS. VAN DALEN:  You can state on the
14 record that it's being terminated by Plaintiff's counsel
15 against your wishes, that's fine.
16     MR. WHITLEY:  Okay.
17     MS. VAN DALEN:  You can state anything you
18 want on the record right now.
19     MR. WHITLEY:  Let me look real quick and
20 see if I can --
21     THE WITNESS:  Don't ask me no more
22 questions.
23     MS. VAN DALEN:  No, we're done with the
24 questions.
25     THE WITNESS:  Don't ask me nothing else

## 66

```
 1  because I see where this is going, and it's not no good.
 2  And I don't like this.
 3          MR. WHITLEY:  Okay.  Well, for the record,
 4  this deposition is ending --
 5          THE WITNESS:  Go off the record for
 6  whatever reason.
 7          MR. WHITLEY:  -- ending against my wishes.
 8          THE WITNESS:  Yeah, I know bullshit when I
 9  see it.  Man, you're talking to a 65 -- almost a
10  66-year-old man.  I mean, you're running races around a
11  rabbit.
12          MS. VAN DALEN:  We're off the record.
13          MR. WHITLEY:  We can go off the record.
14
15
16              * * * * * * *
17
18
19
20
21
22
23
24
25
```

## 67

```
 1              CHANGES AND SIGNATURE
 2  WITNESS NAME:  LENARD TAYLOR
 3  DATE OF DEPOSITION:  JULY 18, 2014
 4  PAGE     LINE      CHANGE            REASON
 5  _____
 6  _____
 7  _____
 8  _____
 9  _____
10  _____
11  _____
12  _____
13  _____
14  _____
15  _____
16  _____
17  _____
18  _____
19  _____
20  _____
21  _____
22  _____
23  _____
24  _____
25  _____
```

## 68

```
 1       I, LENARD TAYLOR, have read the foregoing
 2  deposition and hereby affix my signature that same is
 3  true and correct, except as noted above.
 4
 5          _____
 6          LENARD TAYLOR
 7
 8  THE STATE OF TEXAS:
 9  COUNTY OF _____:
10
11       Before me, _____, on this
12  day personally appeared LENARD TAYLOR, known to me (or
13  proved to me under oath or through _____)
14  (description of identity card or other document) to be
15  the person whose name is subscribed to the foregoing
16  instrument and acknowledged to me that they executed the
17  same for the purposes and consideration therein
18  expressed.
19       Given under my hand and seal of office this
20  _____ day of _____, 2014.
21
22
23          _____
            NOTARY PUBLIC IN AND FOR
24          THE STATE OF TEXAS
            COMMISSION EXPIRES:  _____
25
```

## 69

```
 1         UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF TEXAS
 2         CORPUS CHRISTI DIVISION
 3  MARC VEASEY, et al.,    )
        Plaintiffs      )
 4                          ) CIVIL ACTION
    VS.                     ) NO. 2:13-CV-00193
 5                          )
    RICK PERRY, et al.,     )
 6      Defendants      )
 7
           REPORTER'S CERTIFICATION
 8         DEPOSITION OF LENARD TAYLOR
           TAKEN ON JULY 18, 2014
 9
10       I, SYLVIA KERR, Certified Shorthand Reporter in and
11  for the State of Texas, hereby certify to the following:
12       That the witness, LENARD TAYLOR, was duly sworn by
13  the officer and that the transcript of the oral
14  deposition is a true record of the testimony given by
15  the witness;
16       That the deposition transcript was submitted on
17  _____, 2014 to MR. PETER McGRAW for the witness
18  to examine, sign and return to Integrity Legal Support
19  Solutions by _____, 2014;
20       That the amount of time used by each party at the
21  deposition is as follows:
22       MR. G. DAVID WHITLEY - 01:10:16
23       That pursuant to information given to the deposition
24  officer at the time said testimony was taken, the
25  following includes counsel for all parties of record:
```