**Ried, Lisa**

| | |
|---|---|
| **From:** | Wolf, Lindsey |
| **Sent:** | Tuesday, August 12, 2014 6:49 PM |
| **To:** | Rosenberg, Ezra; Ried, Lisa; EXT Chad Dunn; EXT Scott Brazil; EXT Armand Derfner; EXT Neil Baron; EXT Luis Vera Jr; anna.baldwin@usdoj.gov; robert.berman@usdoj.gov; richard.dellheim@usdoj.gov; elizabeth.westfall@usdoj.gov; avner.shapiro@usdoj.gov; daniel.freeman@usdoj.gov; jennifer.maranzano@usdoj.gov; john.a.smith@usdoj.gov; meredith.bell-platts@usdoj.gov; bruce.gear@usdoj.gov; cswarns@naacpldf.org; EXT Deuel Ross; EXT Leah  Aden; EXT Natasha Korgaonkar; EXT Ryan Haygood; EXT Danielle Conley; EXT Richard Shordt; jonathan.paikin@wilmerhale.com; EXT Kelly Dunbar; EXT Sonya Lebsack; EXT Lynn Eisenberg; Rudd, Amy; Yeary, Michelle; ttrainor@bmpllp.com; jnixon@bmpllp.com; jenniferl.clark@nyu.edu; EXT Vishal Agraharkar; EXT Wendy Weiser; EXT Myrna Perez; EXT Erandi Zamora; EXT Mark Posner; EXT Sonia Gill; EXT mvandalen; EXT rdoggett; EXT Gerry Hebert; EXT Jose Garza; EXT Emma Simson; bdonnell@dakpc.com; knewell@trla.org; EXT Priscilla Noriega; EXT Rolando L. Rios; Bradley.heard@usdoj.gov; ttrainor@bmpllp.com; EXT Tania Faransso; Cohan, Lindsey; EXT Richard Shordt; EXT Elisabeth Schroeder; Ryan.King@usdoj.gov; D'Andrea, Arthur |
| **Cc:** | Clay, Reed; Deason, Whitney; Keister, Ronny; O'Neill, Lori; Roscetti, Jennifer; Scott, John; Tatum, Stephen; Whitley, David; Wilson, Anne; Ried, Lisa |
| **Subject:** | RE: Draft Stipulations |

Ezra:

Defendants proposed the stipulations referenced in my August 5 and 11 e-mails (the "Proposed Stipulations"), in a good faith attempt to conclude the meet-and-confer process over the last few months regarding various Plaintiffs' objections to Defendants' Requests for Production, on the understanding that the stipulation process had been explicitly discussed as the avenue through which to resolve the objections.  Specifically, various counsel for Plaintiffs asked us to provide proposed stipulation language to them, which we provided in the Proposed Stipulations.

On the basis of our understanding that the Plaintiffs too were acting in good faith during that meet-and-confer process, over the past few months, we relieved the Plaintiffs of numerous production requirements for documents which are clearly relevant to the claims asserted by the Plaintiffs in this litigation, and also limited our deposition questioning.  For example, the Proposed Stipulations reflected, among other things, edited lists of Supporting Documents and Birth Certificate Documents we provided in May to counsel, in response to comments we received from counsel.  These Proposed Stipulations request less information than both our Requests for Production and the lists of documents circulated in May, and  require execution by counsel as fact stipulations, as opposed to Plaintiff signature under penalty of perjury.  We further note that it is Plaintiffs' burden to provide evidence that they have standing.  The representations from counsel on which MALC and the Texas NAACP now rely, for example, are not the same as factual evidence. Sammie Bates, for example, was never asked in her deposition, whether she was a member of the Texas NAACP, never gave such testimony, and she was not disclosed as a member of the Texas NAACP on its Supplemental Initial Disclosures.  As to the Ortiz Plaintiffs, for example, there are allegations in the First Amended Complaint (which was never amended), which counsel have represented are not true, which the Proposed Stipulations further address.

We are disappointed to learn that now, after months of what we saw as good faith negotiations and progress, certain of the Plaintiffs (at least from correspondence I've received to date, the Texas NAACP, MALC, and the Ortiz Plaintiffs) appear to be rejecting any further resolution of the meet-and-confer process on our Requests for Production, without any further discussion regarding the Proposed Stipulations.  We are not certain of the position of other Plaintiffs, as we have not received any correspondence from them today regarding the Proposed Stipulations.  We would ask that counsel who has indicated they will not confer with us on the Proposed Stipulations (and any counsel who plans to do so) reconsider that position and provide a time by tomorrow morning, which is before the close of business tomorrow,

during which they are available to confer; we are available late afternoon, as you suggest below.  Absent such a conference, Defendants will raise this issue with the Court on Thursday.  Defendants will move to compel the production of documents which are responsive to the Requests for Production these Proposed Stipulations intended to address.  Finally, Defendants will also move to re-open depositions, in Austin, in order to obtain testimony from fact witnesses which, in good faith, Defendants did not seek, in light of Defendants' understanding that this information would be obtainable through other means.

Regards,



**Lindsey E. Wolf | Assistant Attorney General | Financial Litigation, Tax, and Charitable Trusts Division |** 300 West 15th Street, 6th Floor, Austin, Texas 78701 | Mail: P O Box 12548 | Austin, TX 78711-2548 | (512) 475-4233 | Fax: (512) 370-9126 | e-mail: Lindsey.Wolf@texasattorneygeneral.gov

---

**From:** Rosenberg, Ezra [mailto:ezra.rosenberg@dechert.com]
**Sent:** Tuesday, August 12, 2014 12:31 PM
**To:** Wolf, Lindsey; Ried, Lisa; EXT Chad Dunn; EXT Scott Brazil; EXT Armand Derfner; EXT Neil Baron; EXT Luis Vera Jr; anna.baldwin@usdoj.gov; robert.berman@usdoj.gov; richard.dellheim@usdoj.gov; elizabeth.westfall@usdoj.gov; avner.shapiro@usdoj.gov; daniel.freeman@usdoj.gov; jennifer.maranzano@usdoj.gov; john.a.smith@usdoj.gov; meredith.bell-platts@usdoj.gov; bruce.gear@usdoj.gov; cswarns@naacpldf.org; EXT Deuel Ross; EXT Leah Aden; EXT Natasha Korgaonkar; EXT Ryan Haygood; EXT Danielle Conley; EXT Richard Shordt; jonathan.paikin@wilmerhale.com; EXT Kelly Dunbar; EXT Sonya Lebsack; EXT Lynn Eisenberg; Rudd, Amy; Yeary, Michelle; ttrainor@bmpllp.com; jnixon@bmpllp.com; jenniferl.clark@nyu.edu; EXT Vishal Agraharkar; EXT Wendy Weiser; EXT Myrna Perez; EXT Erandi Zamora; EXT Mark Posner; EXT Sonia Gill; EXT mvandalen; EXT rdoggett; EXT Gerry Hebert; EXT Jose Garza; EXT Emma Simson; bdonnell@dakpc.com; knewell@trla.org; EXT Priscilla Noriega; EXT Rolando L. Rios; Bradley.heard@usdoj.gov; ttrainor@bmpllp.com; EXT Tania Faransso; Cohan, Lindsey; EXT Richard Shordt; EXT Elisabeth Schroeder; Ryan.King@usdoj.gov; D'Andrea, Arthur
**Cc:** Clay, Reed; Deason, Whitney; Keister, Ronny; O'Neill, Lori; Roscetti, Jennifer; Scott, John; Tatum, Stephen; Whitley, David; Wilson, Anne; Ried, Lisa
**Subject:** RE: Draft Stipulations

Lindsey – We're in receipt of your August 5 request for entry of a "Stipulation of Facts Regarding Texas State Conference of NAACP Branches"  and your August 11 request for entry into a "Stipulation Regarding Document Production."  For reasons that we will explain at length below, we decline your invitation to enter into these stipulations.  We're happy to talk about this with you, although we don't see the need for a "meet and confer," if that implies that you will proceed with some sort of motion, because we don't believe that any party has the right to move to compel a stipulation of fact - - other than to which the parties agree, that you have no right to these sorts of stipulations, and that this will be an unnecessary burden on the Court.

1.  As to the Stipulation of Facts Regarding Texas State Conference of NAACP Branches: As set forth in our email traffic, which you appended to your August 5 request, on June 3, we entered into an agreement on behalf of our clients, Texas NAACP and MALC, in order to resolve a discovery dispute.  That agreement is fully memorialized in that email traffic, and you are free to use that agreement as you see fit, without the need for more.

In furtherance of that agreement, at the deposition of  Linda Lydia, on June 6, Amy Rudd made the following statement on the record:

109

"[W]e're not presently aware of any particular – the identity of any particular member who has been or will be injured by Senate Bill for the purposes of proving standing in this case.  But we will supplement that response if and when we identify such a member.  So I think that's consistent with what we agreed to, and it's consistent with what Mr. Banks testified to in terms of not having yet identified any particular member who suffered injury as a result of Senate Bill 14." (Tr. 129:10-21).

"So I think when we're talking about that agreement -- . . . we're falling under Number 2, Stephen." (Tr. 129:24 to 130:3).

And Mr. Tatum from your offices continued:

"Okay. And, Angela, we're talking about the e-mail chain between Ezra and Lindsey Wolf. . . . The agreement that's encompassed in that email chain." (Tr. 130:4-9).

Mr Tatum added: "Right now we're under Number 2, that Texas NAACP is either unaware of the identity of any particular member who has been or may be injured by the implementation of SB 145 or that it does not maintain sufficient information to identify a particular member who has been or may be injured by implementation of SB 14." (Tr. 130: 11-18).

To which Ms. Rudd responded:  "Correct. And the only caveat to that, I will add, is that it's a present awareness. So there may be a time where we do become aware of a particular member's identity, at which point we will give you that information, as well, subject to the highly confidential designation."

(Tr. 130:19-25).

Defendants are, of course, free to use these representations made by Ms. Rudd on behalf of Texas NAACP as they see fit, which takes care of your requests for Stipulations 2 and 3, as they are to use any admissible testimony of the two 30(b)(6) Texas NAACP witnesses that were taken on June 4 and 6, without burdening the Court with unnecessary paper.

Subsequently, on June 17, Texas NAACP filed Supplemental Disclosures, listing additional persons with knowledge.

On June 26, Mr. Tatum wrote to Ms. Rudd, asking her to confirm "that it is the position of the TX NAACP that it is either unaware of the identity of any particular member who has or may be injured by implementation of SB 14 or that it does not maintain sufficient information to identify any particular member who has been or may be injured by implementation of SB 14."  (E-mail, Tatum to Rudd, June 26).

Ms. Rudd responded the same day, informing Defendants that:  "Although at the time of the depositions of Yannis Banks and Linda Lydia, the Texas NAACP was unable to identify by name any particular member who had been injured by the implementation of SB 14, I explained at Ms. Lydia' deposition that the Texas NAACXP would supplement its response if it became aware of the identity of affected members.  Consistent with the representation, the Texas NAACP has since identified members affected by the implementation of SB 14.  Those individuals were identified in Texas NAACP's supplemental disclosures served on June 17, 2014."  (E-mail, Rudd to Tatum, June 26).

███████████████████████████████████████████████████████

██████████████████████████

The additional information requested in your proposed stipulation goes beyond the original stipulation, and should have been requested at the deposition or by some other means during the course of discovery.  Specifically, the State could have asked whether Texas NAACP could identify anyone who was injured as of September 17, 2013, but has never asked that question. (Proposed Stipulation No. 1).  We decline to enter into a stipulation to that effect.  Proposed Stipulations 2 and 3 were already placed on the record at the deposition of Ms. Lydia as noted  above.  The proposed Stipulations Nos. 4 and 5 are inaccurate, as per the above-referenced email correspondence and other discovery that has occurred in this case.

Moreover, as a general matter, we are not inclined to engage in piecemeal stipulations of fact.  We are certain that there are a myriad of facts that we would like the State to stipulate to, but, judging from its responses to DOJ's Requests for Admission, such an attempt would be an exercise in futility, and the parties don't have the time to quibble over this.

2.  As to your proposed Stipulation Regarding Document Production, largely, it asks counsel and parties to stipulate that they're complying with their obligations under the Federal Rules of Procedure.  We are well aware of our discovery obligations, and find it odd, if not at least mildly insulting, that you are requesting that we stipulate that we are complying with the rules.  We could spend a lot of time asking the State to so stipulate and, indeed, ask you and Mr. D'Andrea to obtain similar stipulations from each of the legislators whose documents the State and he produced, but there is absolutely no basis to request such stipulations from any party or to waste the parties' time doing so.  To the extent that paras. 4 and 5 purport to memorialize an agreement between the parties as to the "date ranges and the definition of SB 14," those agreements have been memorialized in other emails, and they are not appropriate for a Stipulation any more than are the dozens of other agreements defining the scope of discovery requests that have been reached between the parties in the course of this litigation.

We've written at length because we hope this puts an end to this discussion.  You have our representations and agreements and can make use of them as you see fit.  If you have a basis to believe that we've not lived up to our agreements, then please let us know, and we can discuss that.  But otherwise, this is not a useful exercise particularly in this extraordinarily pressured litigation, and an additional burden on the Court, which does not need any more burdens.

As noted above, we're happy to talk about this, if you wish, but tomorrow is a difficult day for me. I'm happy to talk to you about this late this afternoon, if that works for you.  Thanks. - Ezra

---

**From:** Wolf, Lindsey [mailto:Lindsey.Wolf@texasattorneygeneral.gov]
**Sent:** Monday, August 11, 2014 4:53 PM
**To:** Ried, Lisa; EXT Chad Dunn; EXT Scott Brazil; EXT Armand Derfner; EXT Neil Baron; EXT Luis Vera Jr; anna.baldwin@usdoj.gov; robert.berman@usdoj.gov; richard.dellheim@usdoj.gov; elizabeth.westfall@usdoj.gov; avner.shapiro@usdoj.gov; daniel.freeman@usdoj.gov; jennifer.maranzano@usdoj.gov; john.a.smith@usdoj.gov; meredith.bell-platts@usdoj.gov; bruce.gear@usdoj.gov; cswarns@naacpldf.org; EXT Deuel Ross; EXT Leah Aden; EXT Natasha Korgaonkar; EXT Ryan Haygood; EXT Danielle Conley; EXT Richard Shordt; jonathan.paikin@wilmerhale.com; EXT Kelly Dunbar; EXT Sonya Lebsack; EXT Lynn Eisenberg; Rudd, Amy; Rosenberg, Ezra; Yeary, Michelle; ttrainor@bmpllp.com; jnixon@bmpllp.com; jenniferl.clark@nyu.edu; EXT Vishal Agraharkar; EXT Wendy Weiser; EXT Myrna Perez; EXT Erandi Zamora; EXT Mark Posner; EXT Sonia Gill; EXT mvandalen; EXT rdoggett; EXT Gerry Hebert; EXT Jose Garza; EXT Emma Simson; bdonnell@dakpc.com; knewell@trla.org; EXT Priscilla Noriega; EXT Rolando L. Rios; Bradley.heard@usdoj.gov; ttrainor@bmpllp.com; EXT Tania Faransso; Cohan, Lindsey; EXT Richard Shordt; EXT Elisabeth Schroeder; Ryan.King@usdoj.gov; D'Andrea, Arthur
**Cc:** Clay, Reed; Deason, Whitney; Keister, Ronny; O'Neill, Lori; Roscetti, Jennifer; Scott, John; Tatum, Stephen; Whitley, David; Wilson, Anne; Ried, Lisa
**Subject:** Draft Stipulations

Counsel:

Please find attached five draft stipulations resulting from previous meet-and-confers regarding RFPs served on various individual and organizational Plaintiffs.  Please be advised that the stipulations dealing with Birth Certificates and Documents Possessed by Individual Plaintiffs have been significantly revised from previous proposals, in a good faith attempt to reduce the amount of documents for which each Plaintiff would have to check boxes.  We've also included a representation that each Plaintiff has made a "reasonable and diligent search" based on a comment made by Mr. Baron after we sent the first drafts of the Birth Certificates and Documents Possessed by Individual Plaintiff stipulations.  We have included neither Plaintiffs Peggy Draper Herman nor Belinda Ortiz on the lists of Plaintiffs with respect to whom we would ask counsel to fill these out, for the time being, because we understand those two Plaintiffs may move to be dismissed from the action.

The Documents Possessed by Individual Plaintiff Stipulations should be filled out by the following current Plaintiffs to this action, who allege in their respective Complaints that they do not have SB 14 IDs:

1. Floyd J. Carrier
2. Gordon Benjamin

3. Ken Gandy
4. Imani Clark
5. Lenard Taylor
6. Eulalio Mendez, Jr.
7. Lionel Estrada
8. Estela Garcia Espinoza
9. Margarito Martinez Lara

If any of these Plaintiffs currently has an SB 14 ID (as defined in the Stipulation), we would ask that it be produced as soon as possible.  Please also confirm that no other Plaintiffs who are currently parties to this action, who are alleging that they do not have an SB 14 ID (though since they will likely be dismissed, there is no need to confirm for either Ms. Draper Herman and Ms. Ortiz).

The Birth Certificate Stipulation for those individuals who are not alleging a birth certificate was never issued (i.e., the "Draft Stipulation Regarding Documents Possessed by Individual Plaintiffs Who Do Not Currently Have Certified  Copies of Birth Certificates") should be filled out by the following current Plaintiffs in this action, who allege in their respective Complaints, and/or with respect to whom, counsel has made a representation that, and/or they have indicated in deposition, they do not have a certified copy  or the original of their Birth Certificate, and they were born in Texas, but do not allege that a birth certificate was never issued for them, and they do not have an SB 14 ID.

1. Lionel Estrada
2. Eulalio Mendez, Jr. (based on Counsel's representation of 6/2/14 and at deposition that a produced copy of a birth certificate appears to be a copy of a copy of a certified copy)
3. Lenard Taylor (based on Counsel's representation of 6/2/14; Mr. Taylor testified at deposition he has a copy of his birth certificate).

The delayed Birth Certificate Stipulation  (Document "A2756090") should be filled out on behalf of Plaintiff Margarito Martinez Lara, who we understand is the only remaining Plaintiff alleging a birth certificate was never issued for him and also that he does not have an SB 14 ID.

We have also drafted a Birth Certificate Stipulation relating to Plaintiff Gordon Benjamin, who we understand was born in Louisiana, is alleging he does not have the original or a certified copy of his birth certificate, and is alleging he does not have an SB 14 ID.  This stipulation incorporates documents which one can present in Louisiana to obtain a birth certificate, which overlap with documents we requested from Mr. Benjamin in Requests for Production.

Please confirm that no other current Plaintiffs besides the Messrs. Estrada, Mendez, Taylor, Lara, and Benjamin are alleging that they neither have an SB 14 ID nor a certified copy or the original of their birth certificates, both of which are responsive to Defendants' Requests for Production.

As to the Stipulation Regarding Document Production, we would ask that those stipulations be executed by counsel for each of LULAC, LUPE, TLYVEF, MALC, and the Texas NAACP, as well as counsel for each of the remaining individual Plaintiffs who we do not understand will be moving to be dismissed from this litigation, including Marc Veasey, Jane Hamilton, Sergio DeLeon, Floyd J. Carrier, Anna Burns, Michael Montez, Penny Pope, Oscar Ortiz, Koby Ozias, John Mellor-Crummey, Evelyn Brickner, Gordon Benjamin, Ken Gandy, Imani Clark, Lenard Taylor, Eulalio Mendez, Jr., Lionel Estrada, Estela Garcia Espinoza, Margarito Martinez Lara, and Maximina Martinez Lara.  We have not included HCJCC in this group, as we understand HCJCC did not originally make the objections referred to in the "Document Production" stipulation and thus did not initially refuse to produce documents responsive to contention requests or on objection to the date range or definition of SB 14.

We would ask that these stipulations be executed by the close of business on Wednesday, August 13.  Please advise me prior to that time if counsel would like to discuss.  We are also waiting on signatures on the stipulations regarding membership, by counsel for LULAC, LUPE, TLYVEF, and the Texas NAACP, for which we originally asked for signatures by

112

Friday, August 8.  Please advise at your earliest convenience, but no later than close of business tomorrow, Tuesday, August 12, when we can expect signatures on those stipulations, or, alternatively, when on Wednesday, August 13, counsel is available to confer on those stipulations.

Thanks,



**Lindsey E. Wolf | Assistant Attorney General | Financial Litigation, Tax, and Charitable Trusts Division |** 300 West 15th Street, 6th Floor, Austin, Texas 78701 | Mail: P O Box 12548 | Austin, TX 78711-2548 | (512) 475-4233 | Fax: (512) 370-9126 | e-mail: **Lindsey.Wolf@texasattorneygeneral.gov**

---

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

113

**Ried, Lisa**

| | |
|---|---|
| **From:** | Wolf, Lindsey |
| **Sent:** | Tuesday, August 05, 2014 7:21 PM |
| **To:** | 'Rosenberg, Ezra'; 'EXT Gerry Hebert'; 'EXT Natasha Korgaonkar'; 'EXT mvandalen'; 'EXT rdoggett'; 'EXT Mark Posner'; 'EXT Myrna Perez'; 'Rudd, Amy'; 'Yeary, Michelle'; 'Cohan, Lindsey'; 'EXT Gary Bledsoe' |
| **Cc:** | Scott, John; Clay, Reed; Whitley, David; Tatum, Stephen; Roscetti, Jennifer; Deason, Whitney; Keister, Ronny; Ried, Lisa |
| **Subject:** | RE: Suggested language |

Counsel:

In light of the agreement referenced below, which addressed the Defendants' various Requests for Production of the membership lists of the League of United Latin American Citizens, The Texas League of Young Voters Education Fund, Texas State Conference of NAACP Branches and *La Union Del Pueblo Entero* (the "Organizational Plaintiffs"), please find attached draft Stipulations Defendants propose to have counsel for the Organizational Plaintiffs sign, and then file with the Court.  Draft stipulations regarding other issues discussed in the Meet-and-Confer process regarding the Defendants' Requests for Production will be forthcoming as well for your review.

Please execute the attached Stipulations prior to the close of business on Friday, August 8, so that we can get them on file.  Please let me know if you would like to discuss prior to that time.

Regards,



**Lindsey E. Wolf | Assistant Attorney General | Financial Litigation, Tax, and Charitable Trusts Division |** 300 West 15th Street, 6th Floor, Austin, Texas 78701 | Mail: P O Box 12548 | Austin, TX 78711-2548 | (512) 475-4233 | Fax: (512) 370-9126 | e-mail: Lindsey.Wolf@texasattorneygeneral.gov



---

**From:** Wolf, Lindsey
**Sent:** Tuesday, June 03, 2014 12:12 PM
**To:** Rosenberg, Ezra
**Cc:** EXT Gerry Hebert; EXT Natasha Korgaonkar; EXT mvandalen; EXT rdoggett; EXT Mark Posner; EXT Myrna Perez; Rudd, Amy; Yeary, Michelle; Cohan, Lindsey; EXT Gary Bledsoe; Scott, John; Clay, Reed; Whitley, David; Tatum, Stephen
**Subject:** RE: Suggested language

Thank you, Ezra.  This e-mail serves to confirm Defendants' agreement as to the following language:

114

**To the extent that a plaintiff organization has alleged that its standing is based in whole or in part on injury to any of its members, said plaintiff organization may respond to a request by defendants for production of membership lists by either (1) identifying the member or members of whom the plaintiff organization is aware who have been or may be injured by implementation of SB 14 or (2) stating that it is either unaware of the identity of any particular member who has been or may be injured by implementation of SB 14 or that it does not maintain sufficient information to identify any particular member who has been or may be injured by implementation of SB 14. Any plaintiff organization identifying a particular person as a member of its organization may designate the person's membership in the organization and/or related information as Highly Confidential under the Protective Order entered in this case.  Other than the information set forth in this paragraph, defendants will not be entitled to any other information, unless otherwise publicly disclosed, as to who is a member of any plaintiff organization.  The foregoing does not prohibit defendants from inquiring further at depositions about the information provided pursuant to (1) and (2) above, in which case plaintiff organizations may assert any objection (including any applicable privilege) as may be appropriate.  Plaintiffs understand that notwithstanding the foregoing, Defendants may inquire at a deposition as to how an organization's members join the organization (without reference to the specific identity of any members whom Plaintiffs are not alleging to have been or may be injured by the implementation of SB 14), subject to any objection (including any applicable privilege) as may be appropriate.**

Defendants request that the League of United Latin American Citizens, The Texas League of Young Voters Education Fund, and *La Union Del Pueblo Entero* produce their responses to Defendants at least one week in advance of their respective depositions.  In light of the Texas State Conference of NAACP Branches ("Texas NAACP") deposition scheduled for tomorrow, Defendants request that the Texas NAACP produce its response by the close of business today, or, alternatively, that it bring its response to tomorrow's deposition.  Please advise as to when the Texas NAACP will produce its response.

Thank you,

<< OLE Object: Picture (Device Independent Bitmap) >>

**Lindsey E. Wolf | Assistant Attorney General | Financial Litigation, Tax, and Charitable Trusts Division |** 300 West 15th Street, 6th Floor, Austin, Texas 78701 | Mail: P O Box 12548 | Austin, TX 78711-2548 | (512) 475-4233 | Fax: (512) 370-9126 | e-mail: Lindsey.Wolf@texasattorneygeneral.gov

-----Original Message-----
From: Rosenberg, Ezra [mailto:ezra.rosenberg@dechert.com]
Sent: Monday, June 02, 2014 7:47 PM
To: Wolf, Lindsey
Cc: EXT Gerry Hebert; EXT Natasha Korgaonkar; EXT mvandalen; EXT rdoggett; EXT Mark Posner; EXT Myrna Perez; Rudd, Amy; Yeary, Michelle; Cohan, Lindsey; EXT Gary Bledsoe
Subject: Re: Suggested language

All the organization plaintiffs whom I listed before are okay with this language, Lindsey.  Thanks -- Ezra

Sent from my iPad

On Jun 2, 2014, at 6:48 PM, "Wolf, Lindsey"
<Lindsey.Wolf@texasattorneygeneral.gov<mailto:Lindsey.Wolf@texasattorneygeneral.gov>> wrote:

Ezra,

I think we're close – please advise as to your thoughts on the below (changes underlined and in italics)?

To the extent that a plaintiff organization has alleged that its standing is based in whole or in part on injury to any of its members, said plaintiff organization may respond to a request by defendants for production of membership lists by either (1) identifying the member or members of whom the plaintiff organization is aware who have been or may be injured by implementation of SB 14 or (2) stating that it is either unaware of the identity of any particular member who has been or may be injured by implementation of SB 14 or that it does not maintain sufficient information to identify any particular member who has been or may be injured by implementation of SB 14. Any plaintiff organization identifying a particular person as a member of its organization may designate the person's membership in the organization and/or related information as Highly Confidential under the Protective Order entered in this case.  Other than the information set forth in this paragraph, defendants will not be entitled to any other information, unless otherwise publicly disclosed, as to who is a member of any plaintiff organization.  The foregoing does not prohibit defendants from inquiring further at depositions about the information provided pursuant to (1) and (2) above, in which case plaintiff organizations may assert any objection (including any applicable privilege) as may be appropriate. Plaintiffs understand that notwithstanding the foregoing, Defendants may inquire at a deposition as to how an organization's members join the organization (without reference to the specific identity of any members whom Plaintiffs are not alleging to have been or may be injured by the implementation of SB 14), subject to any objection (including any applicable privilege) as may be appropriate.

I'm still at my desk and can be reached at (512) 475-4233 if you'd like to discuss.

Thanks,

Lindsey


From: Rosenberg, Ezra [mailto:ezra.rosenberg@dechert.com]
Sent: Monday, June 02, 2014 3:57 PM
To: Wolf, Lindsey
Subject: Suggested language

How's this?  I'm still waiting to hear if the other groups are ok with it, but wanted to run it by you.

To the extent that a plaintiff organization has alleged that its standing is based in whole or in part on injury to any of its members, said plaintiff organization may respond to a request by defendants for production of membership lists by either (1) identifying the member or members of whom the plaintiff organization is aware who have been or may be injured by implementation of SB 14 or (2) stating that it is either unaware of the identity of any particular member who has been or may be injured by implementation of SB 14 or that it does not maintain sufficient information to identify any particular member who has been or may be injured by implementation of SB 14. Any plaintiff organization identifying a particular person as a member of its organization may designate the person's membership in the organization and/or related information as Highly Confidential under the Protective Order entered in this case.  Other

than the information set forth in this paragraph, defendants will not be entitled to any other information, unless otherwise publicly disclosed, as to who is a member of any plaintiff organization.  The foregoing does not prohibit defendants from inquiring further at depositions about the information provided pursuant to (1) above, in which case plaintiff organizations may assert any objection (including any applicable privilege) as may be appropriate.

_____

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

************************************************************************

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

117

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| MARC VEASEY, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-00193 |
| | § | |
| RICK PERRY, *et al*, | § | |
| | § | |
| Defendants. | § | |

**STIPULATION OF FACTS REGARDING *LA UNION DEL PUEBLO ENTERO'S* MEMBERSHIP**

Plaintiff *La Union Del Pueblo Entero* ("LUPE") and Defendants stipulate to the following undisputed facts:

1. As of November 5, 2013, LUPE could not identify a single member of its organization who has been or may be injured as a result of the implementation of SB 14.

2. As of November 14, 2013, LUPE could not identify a single member of its organization who has been or may be injured as a result of the implementation of SB 14.

3. As of June 25, 2014, LUPE could not identify a single member of its organization who has been or may be injured as a result of the implementation of SB 14.

4. LUPE currently cannot identify a single member of its organization who has been or may be injured as a result of the implementation of SB 14.

5. LUPE represents that if it is able to identify a single member of its organization who has been or may be injured as a result of the implementation of SB 14 between now and the conclusion of trial in this matter, LUPE will amend this Stipulation in accordance with its obligations to supplement discovery under the Federal Rules of Civil Procedure.  Until such time (if at all) that LUPE amends this Stipulation to reflect that it is able to identify a single member of its organization who has been or may be injured as a result of the implementation of SB 14, LUPE stipulates that it continues to be unable to identify a single

1

member of its organization who has been or may be injured as a result of the implementation of SB 14.

Dated:

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JONATHAN F. MITCHELL
Solicitor General

J. REED CLAY, JR.
Special Assistant and Senior Counsel
to the Attorney General
Southern District of Texas No. 1160600

*/s/ John B. Scott*
JOHN B. SCOTT
Deputy Attorney General for Civil Litigation
Southern District of Texas No. 10418
Texas State Bar No. 17901500
ATTORNEY-IN-CHARGE

G. DAVID WHITLEY
Assistant Deputy Attorney General
Southern District of Texas No. 2080496

STEPHEN RONALD KEISTER
Assistant Attorney General
Southern District of Texas No. 18580

JENNIFER MARIE ROSCETTI
Assistant Attorney General
Southern District of Texas No. 224780

LINDSEY ELIZABETH WOLF
Assistant Attorney General
Southern District of Texas No. 2292940

FRANCES WHITNEY DEASON

2

119

Assistant Attorney General
Southern District of Texas No. 2302872

209 West 14th Street
P.O. Box 12548
Austin, Texas 70711-2548
(512) 475-0131

BEN A. DONNELL
Donnell, Abernethy & Kieschnick
555 N. Carancahua, Suite 1770
Corpus Christi, Texas 78401-0853
Southern District of Texas No. 5689

COUNSEL FOR THE STATE OF TEXAS,
RICK PERRY, JOHN STEEN, and STEVE
MCCRAW

[SIGNATURE BLOCK FOR PLAINTIFF'S
COUNSEL]

3

120

## <u>CERTIFICATE OF SERVICE</u>

  I hereby certify that on July ___, 2014, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.


        <u>*/s/ John B. Scott*</u>
        JOHN B. SCOTT

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARC VEASEY, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-00193 |
| | § | |
| RICK PERRY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## STIPULATION OF FACTS REGARDING TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND'S MEMBERSHIP

Plaintiff The Texas League of Young Voters Education Fund ("TLYVEF") and Defendants stipulate to the following undisputed facts:

1. TLYVEF does not have members or individual associates.

2. Accordingly:

    a. As of August 26, 2013, TLYVEF could not identify a single member of its organization who has been or may be injured as a result of the implementation of SB 14.

    b. As of September 20, 2013, TLYVEF could not identify a single member of its organization who has been or may be injured as a result of the implementation of SB 14.

    c. As of November 14, 2013, TLYVEF could not identify a single member of its organization who has been or may be injured as a result of the implementation of SB 14.

    d. As of June 18, 2014, TLYVEF could not identify a single member of its organization who has been or may be injured as a result of the implementation of SB 14.

    e. TLYVEF currently cannot identify a single member of its organization who has been or may be injured as a result of the implementation of SB 14.

3. TLYVEF represents that if it is able to identify a single member of its organization who has been or may be injured as a result of the implementation of SB 14 between now and the conclusion of trial in this matter, TLYVEF will amend this Stipulation in accordance with its obligations to supplement discovery under the Federal Rules of Civil Procedure.  Until such time (if at all) that TLYVEF amends this Stipulation to reflect that it is able to identify a single member of its organization who has been or may be injured as a result of the implementation of SB 14, TLYVEF stipulates that it continues to be unable to identify a single member of its organization who has been or may be injured as a result of the implementation of SB 14.

Dated:

                        Respectfully submitted,

                        GREG ABBOTT
                        Attorney General of Texas

                        DANIEL T. HODGE
                        First Assistant Attorney General

                        JONATHAN F. MITCHELL
                        Solicitor General

                        J. REED CLAY, JR.
                        Special Assistant and Senior Counsel
                        to the Attorney General
                        Southern District of Texas No. 1160600

                        */s/ John B. Scott*
                        JOHN B. SCOTT
                        Deputy Attorney General for Civil Litigation
                        Southern District of Texas No. 10418
                        Texas State Bar No. 17901500
                        ATTORNEY-IN-CHARGE

                        G. DAVID WHITLEY
                        Assistant Deputy Attorney General
                        Southern District of Texas No. 2080496

                        STEPHEN RONALD KEISTER
                        Assistant Attorney General

2

Southern District of Texas No. 18580

JENNIFER MARIE ROSCETTI
Assistant Attorney General
Southern District of Texas No. 224780

LINDSEY ELIZABETH WOLF
Assistant Attorney General
Southern District of Texas No. 2292940

FRANCES WHITNEY DEASON
Assistant Attorney General
Southern District of Texas No. 2302872

209 West 14th Street
P.O. Box 12548
Austin, Texas 70711-2548
(512) 475-0131

BEN A. DONNELL
Donnell, Abernethy & Kieschnick
555 N. Carancahua, Suite 1770
Corpus Christi, Texas 78401-0853
Southern District of Texas No. 5689

COUNSEL FOR THE STATE OF TEXAS,
RICK PERRY, JOHN STEEN, and STEVE
MCCRAW

[SIGNATURE BLOCK FOR PLAINTIFF'S
COUNSEL]

3

## <u>CERTIFICATE OF SERVICE</u>

  I hereby certify that on July ___, 2014, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.


          <u>*/s/ John B. Scott*</u>
          JOHN B. SCOTT

125

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

MARC VEASEY, *et al*,                    §
                                         §
            Plaintiffs,                  §
VS.                                      §            CIVIL ACTION NO. 2:13-CV-00193
                                         §
RICK PERRY, *et al*,                     §
                                         §
            Defendants.                  §

**STIPULATION OF FACTS REGARDING TEXAS STATE CONFERENCE OF
NAACP BRANCHES**

Plaintiff The Texas State Conference of NAACP Branches ("Texas NAACP")
and Defendants stipulate to the following undisputed facts:

1. As of September 17, 2013, the Texas NAACP could not identify a single
   member of its organization who has been or may be injured as a result of
   the implementation of SB 14.

2. As of June 4, 2014, the Texas NAACP could not identify a single member
   of its organization who has been or may be injured as a result of the
   implementation of SB 14.

3. As of June 6, 2014, the Texas NAACP could not identify a single member
   of its organization who has been or may be injured as a result of the
   implementation of SB 14.

4. The Texas NAACP currently cannot identify a single member of its
   organization member of its organization who has been or may be injured
   as a result of the implementation of SB 14.

5. The Texas NAACP represents that if it is able to identify a single member
   of its organization who has been or may be injured as a result of the
   implementation of SB 14 between now and the conclusion of trial in this
   matter, the Texas NAACP will amend this Stipulation in accordance with
   its obligations to supplement discovery under the Federal Rules of Civil
   Procedure.  Until such time (if at all) that the Texas NAACP amends this

1

Stipulation to reflect that it is able to identify a single member of its organization who has been or may be injured as a result of the implementation of SB 14, the Texas NAACP stipulates that it continues to be unable to identify a single member of its organization who has been or may be injured as a result of the implementation of SB 14.

Dated:

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JONATHAN F. MITCHELL
Solicitor General

J. REED CLAY, JR.
Special Assistant and Senior Counsel
to the Attorney General
Southern District of Texas No. 1160600

*/s/ John B. Scott*
JOHN B. SCOTT
Deputy Attorney General for Civil Litigation
Southern District of Texas No. 10418
Texas State Bar No. 17901500
ATTORNEY-IN-CHARGE

G. DAVID WHITLEY
Assistant Deputy Attorney General
Southern District of Texas No. 2080496

STEPHEN RONALD KEISTER
Assistant Attorney General
Southern District of Texas No. 18580

JENNIFER MARIE ROSCETTI
Assistant Attorney General
Southern District of Texas No. 224780

LINDSEY ELIZABETH WOLF

2

127

Assistant Attorney General
Southern District of Texas No. 2292940

FRANCES WHITNEY DEASON
Assistant Attorney General
Southern District of Texas No. 2302872

209 West 14th Street
P.O. Box 12548
Austin, Texas 70711-2548
(512) 475-0131

BEN A. DONNELL
Donnell, Abernethy & Kieschnick
555 N. Carancahua, Suite 1770
Corpus Christi, Texas 78401-0853
Southern District of Texas No. 5689

COUNSEL FOR THE STATE OF TEXAS,
RICK PERRY, JOHN STEEN, and STEVE
MCCRAW

[SIGNATURE BLOCK FOR PLAINTIFF'S
COUNSEL]

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July ___, 2014, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.


*<u>/s/ John B. Scott</u>*
JOHN B. SCOTT

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| MARC VEASEY, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-00193 |
| | § | |
| RICK PERRY, *et al*, | § | |
| | § | |
| Defendants. | § | |

**STIPULATION OF FACTS REGARDING THE LEAGUE OF UNITED LATIN
AMERICAN CITZENS' MEMBERSHIP**

Plaintiff The League of United Latin American Citizens ("LULAC") and
Defendants stipulate to the following undisputed facts:

1. As of June 26, 2013, LULAC could not identify a single member of its
   organization who has been or may be injured as a result of the
   implementation of SB 14.

2. As of August 22, 2013, LULAC could not identify a single member of its
   organization who has been or may be injured as a result of the
   implementation of SB 14.

3. As of December 6, 2013, LULAC could not identify a single member of its
   organization who has been or may be injured as a result of the
   implementation of SB 14.

4. As of [*date of deposition, if it occurs before stipulation is filed]*, LULAC
   could not identify a single member of its organization who has been or
   may be injured as a result of the implementation of SB 14.

5. LULAC currently cannot identify a single member of its organization who
   has been or may be injured as a result of the implementation of SB 14.

6. LULAC represents that if it is able to identify a single member of its
   organization who has been or may be injured as a result of the
   implementation of SB 14 between now and the conclusion of trial in this
   matter, LULAC will amend this Stipulation in accordance with its
   obligations to supplement discovery under the Federal Rules of Civil

Procedure.  Until such time (if at all) that LULAC amends this Stipulation to reflect that it is able to identify a single member of its organization who has been or may be injured as a result of the implementation of SB 14, LULAC stipulates that it continues to be unable to identify a single member of its organization who has been or may be injured as a result of the implementation of SB 14.

Dated:

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JONATHAN F. MITCHELL
Solicitor General

J. REED CLAY, JR.
Special Assistant and Senior Counsel
to the Attorney General
Southern District of Texas No. 1160600

*/s/ John B. Scott*
JOHN B. SCOTT
Deputy Attorney General for Civil Litigation
Southern District of Texas No. 10418
Texas State Bar No. 17901500
ATTORNEY-IN-CHARGE

G. DAVID WHITLEY
Assistant Deputy Attorney General
Southern District of Texas No. 2080496

STEPHEN RONALD KEISTER
Assistant Attorney General
Southern District of Texas No. 18580

JENNIFER MARIE ROSCETTI
Assistant Attorney General
Southern District of Texas No. 224780

LINDSEY ELIZABETH WOLF

2

Assistant Attorney General
Southern District of Texas No. 2292940

FRANCES WHITNEY DEASON
Assistant Attorney General
Southern District of Texas No. 2302872

209 West 14th Street
P.O. Box 12548
Austin, Texas 70711-2548
(512) 475-0131

BEN A. DONNELL
Donnell, Abernethy & Kieschnick
555 N. Carancahua, Suite 1770
Corpus Christi, Texas 78401-0853
Southern District of Texas No. 5689

COUNSEL FOR THE STATE OF TEXAS,
RICK PERRY, JOHN STEEN, and STEVE
MCCRAW

[SIGNATURE BLOCK FOR PLAINTIFF'S
COUNSEL]

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July ___, 2014, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

*/s/ John B. Scott*
JOHN B. SCOTT

133