UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARC VEASEY, *et al*, | § § | |
| Plaintiffs, | § | |
| VS. | § § | CIVIL ACTION NO. 2:13-CV-00193 |
| RICK PERRY, *et al*, | § § | |
| Defendants. | § § | |

### DEFENDANTS' ADVISORY REGARDING MEET-AND-CONFER DISCUSSIONS RELATING TO DEFENDANTS' MOTION TO COMPEL PRODUCTION OF ELECTION CRIMES AND VOTER FRAUD DOCUMENTS

The United States has represented to the Court that it has offered to provide Defendants "comparable information" to that contained in three spreadsheets provided by Defendants (attached hereto as Exhibits 1, 2, and 3). This is not the case.

First, the United States refuses to provide geographical locations as part of the basic, summary information relating to "matters" (*i.e.*, issues either an Assistant U.S. Attorney ("AUSA") or an attorney in the Criminal Division of the U.S. Department of Justice has worked on for more than one hour or a half hour, respectively) it has agreed to produce from the Executive Office of U.S. Attorney's ("EOUSA") LIONS database, and the Department of Justice Criminal Division's ACTS database (the "ACTS and LIONS Matters Data"). Defendants, in good faith, and despite the lack of reciprocity, have now agreed to such a limitation in order to avoid burdening the Court.

1

Second, the United States refuses to provide the same type of summary information (*i.e.*, date opened, date closed, and the relevant election crime(s) or statute(s)) sought by Defendants regarding election crimes and voter fraud since 2004 from two discrete sources: (1) the Federal Bureau of Investigation ("FBI")'s SENTINEL database ("FBI Information"); and (2) the U.S. Attorney's Offices, to the extent such information is not contained in the LIONS database (*i.e.*, relating to issues an Assistant United States Attorney worked on for less than an hour) ("AUSA Information"), on a nationwide basis.[1] This withheld FBI and AUSA Information would include any referrals the FBI or the U.S. Attorney's Offices received which were not subsequently prosecuted or investigated, which notably is information the Texas Office of the Attorney General ("OAG") provided to the United States in Exhibits 1, 2, and 3.

In an effort to avoid burdening the Court with this dispute, on August 14, Defendants proposed that the United States only produce the FBI Information and AUSA Information relating to the State of Texas since 2004. (*See* Ex. 9.) The United States refused to agree to provide even that extremely narrowed universe of information. (*See* Ex. 5.) Defendants now respectfully ask the Court to order the United States to produce the FBI Information and the AUSA Information, on a nationwide basis, by the close of business on August 22, 2014. [2]

---

[1] The United States has also not agreed to produce this basic information relating to matters an attorney in the Criminal Division of the U.S. Department of Justice worked on for less than half an hour, which would not have made it into the ACTS database.

[2] The United States has represented that it will produce the ACTS and LIONS Data by August 21, 2014, and make its 30(b)(6) designees available on August 26, 2014, one day before the Pre-Trial Conference in this matter, and a mere seven days before Trial. Despite the severe burden

### I.     Information Provided by Defendants to The United States

Exhibits 1, 2, and 3, which were provided in this litigation (the "Section 2 Case") and (as then current) in the *Texas v. Holder* litigation (the "Section 5 Case"), contain the following basic, high-level information regarding violations of the Texas Election Code as received by the Texas Office of the Attorney General ("OAG"):

- **Prosecutions Resolved**: County, Defendant, Allegation, Election Involved, Cause Number, Charge(s), Resolution Date, Election Code/Penal Code Provision, Disposition;

- **Election Code Referrals:** County, Election Involved, Allegation(s); and either SOS Date (if it was a Secretary of State referral) or Source of Referral (if it came from a Voter or another source, including local district and county attorneys, local law enforcement (*i.e.*, sheriffs and police departments), and local election officials);

- **Charges Pending Resolution:** County, Defendant, Allegation, Election Involved, Cause Number, Charge(s), Charging Date, Election Code/Penal Code Provision.

(*See* Exs. 1, 2, and 3.)[3]

### II.    Information the United States Refuses to Provide

The same information is not being offered to Defendants by the United States. The United States, choosing its words carefully, uses several qualifiers in its correspondence to justify the lack of reciprocity in not providing the FBI and AUSA Information, apparently alleging that Defendants are only entitled to information regarding "what the United States considers to be *bona fide* instances of voter fraud", and "substantive FBI investigation(s)," and Defendants are not entitled to

---

on Defendants caused by the United States, Defendants intend to notice the deposition of the United States' 30(b)(6) designees for August 26, 2014 in Corpus Christi.

[3]     In this Section 2 Case, including Exhibits 1, 2, and 3, Defendants have produced over 450 pages of documents responsive to the 30(b)(6) Notice of Deposition served on OAG relating to voter fraud and election crimes.

3

information regarding "mere allegations of misconduct considered too insubstantial to trigger a formal investigation." (*See* Exs. 4 and 5.). Importantly, however, any "FBI investigation," any reported "instance of voter fraud" and any "allegations of misconduct" are relevant to whether the public believed that voter fraud and election crimes were occurring nationwide, which in turn is relevant to the Texas Legislature's motivations in passing SB 14 in response to concerns expressed by its constituents. (*See* Ex. 6.) [4]

Moreover, as the deposition testimony of OAG's Major Mitchell in both the Section 5 case (taken primarily by Mr. Gear on behalf of the United States), and the Section 2 case indicates, the referrals reported by OAG in Exhibit 2 were neither necessarily investigated, nor prosecuted [5] (*See* Deposition Transcript of Forrest Mitchell, June 15, 2012 (hereinfter "2012 Depo. Tr.") at 149:22-150:1; Deposition Transcript of Forrest Mitchell, August 12, 2014 (hereinafter "2014 Depo. Tr.") at 139:16-22; 2014 Depo. Tr. at 141:21-142.3).[6] In fact, like the FBI, Major Mitchell's Special Investigations Unit does not "prosecute the cases that it investigates". (*See* 2012 Depo Tr. at 66:6-9.) As noted *supra*, Defendants are willing to accept the FBI and AUSA information on a nationwide basis, without specifying geographic

---

[4] *See also Crawford v. Marion Cnty. Election Bd.*, 553 U.S. 181, 197, 128 S. Ct. 1610, 1620, 170 L. Ed. 2d 574 (2008) ("While that interest [in protecting public confidence 'in the intergrity and legitimacy of representative government'] is closely related to the State's interest in preventing voter fraud, public confidence in the integrity of the electoral process has independent significance, because it encourages citizen participation in the democratic process").

[5] As part of their resolution of the Texas League of Young Voters Education Fund's Motion regarding the 30(b)(6) Notice to OAG (D.E. 395), Defendants have agreed that Major Mitchell's deposition in the Section 5 Case may be used in this Section 2 Case. This does not mean, however, that Defendants consent to the use of any other deposition transcript from the Section 5 Case in this Section 2 Case.

[6] The excerpts from the 2012 Depo. Tr. and the 2014 Depo. Tr. cited herein are attached hereto as Exhibits 7 and 8, respectively.

location, even though that information was provided by OAG. Defendants cannot, however, accept that the United States refuses to provide the very same referral information Defendants have provided to them.

As is apparent from Major Mitchell's deposition testimony in both the Section 5 and the Section 2 Cases, an agency's failure to investigate an election crimes matter referred to it may merely indicate that there were not enough resources or strong enough facts to move forward, or the Statute of Limitations had expired. (*See* 2012 Depo. Tr. at 186:2-6; 2014 Depo. Tr. at 67:11-20; 68:2-11.) An uninvestigated or prosecuted referral neither rules out that a voter identification requirement could have been effective in deterring the conduct, nor that election crimes and voter fraud were occurring.

Nor does the USAO and FBI Information implicate governmental privileges. Defendants are not asking the United States why the FBI or the U.S. Attorney's Office chose not to prosecute or investigate the referral or even where the alleged conduct took place; Defendants are merely asking for very basic information regarding date and reference to an offense or statute which would indicate that the referral was received or the matter investigated.[7] This type of information as provided by Defendants in Exhibit 2, has been shared with members of the news media and legislators. (*See* 2012 Dep. Tr. at 101:17-23; 104:10-16.)

---

[7] Defendants also understand from Major Mitchell's testimony that the OAG, for example, could receive referrals from the FBI. (2014 Depo. Tr. at 60:11-14.) Defendants do not know whether the FBI also shares its referrals to state Attorney General's Offices, which may be prosecuted by state authorities, with the EOUSA or the Justice Department's Criminal Division, such that they would be contained in LIONS and ACTS. This is yet another example of how the LIONS and ACTS databases may not provide a complete picture of the United States' knowledge of election crimes and voter fraud.

Accordingly, Defendants respectfully seek an order from this Court compelling the United States to provide the FBI and USAO Information, by the close of business on August 22, 2014, so that Defendants may review it in advance of the deposition currently scheduled for August 26, 2014.

Dated: August 20, 2014

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JONATHAN F. MITCHELL
Solicitor General

J. REED CLAY, JR.
Special Assistant and Senior Counsel
to the Attorney General
Southern District of Texas No. 1160600

*/s/ John B. Scott*
JOHN B. SCOTT
Deputy Attorney General for Civil Litigation
Southern District of Texas No. 10418
Texas State Bar No. 17901500
ATTORNEY-IN-CHARGE

G. DAVID WHITLEY
Assistant Deputy Attorney General
Southern District of Texas No. 2080496

STEPHEN RONALD KEISTER
Assistant Attorney General
Southern District of Texas No. 18580

JENNIFER MARIE ROSCETTI
Assistant Attorney General
Southern District of Texas No. 224780

LINDSEY ELIZABETH WOLF
Assistant Attorney General
Southern District of Texas No. 2292940

FRANCES WHITNEY DEASON
Assistant Attorney General
Southern District of Texas No. 2302872

STEPHEN LYLE TATUM, JR.
Assistant Attorney General
Southern District of Texas No. 2338090

209 West 14th Street
P.O. Box 12548
Austin, Texas 70711-2548
(512) 475-0131

BEN A. DONNELL
Donnell, Abernethy & Kieschnick
555 N. Carancahua, Suite 1770
Corpus Christi, Texas 78401-0853
Southern District of Texas No. 5689

COUNSEL FOR THE STATE OF TEXAS,
RICK PERRY, JOHN STEEN, and STEVE
MCCRAW

**CERTIFICATE OF SERVICE**

  I hereby certify that on August 20, 2014, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.


            */s/ John B. Scott*
            JOHN B. SCOTT