# Exhibit 4


**U.S. Department of Justice**

Civil Rights Division

*Voting Section - NWB*
*950 Pennsylvania Ave, NW*
*Washington, DC 20530*

August 13, 2014

**VIA ELECTRONIC MAIL**

G. David Whitley, Esq.
Assistant Deputy Attorney General
Office of the Attorney General of Texas
209 West 14th Street
P.O. Box 12548
Austin, TX 78711-2548

Re:     *Veasey v. Perry*, No. 2:13-CV-193-NGR (S.D. Tex.)

Dear Mr. Whitley:

    We write to follow up on your August 12 request for additional information regarding the United States' preservation efforts relating to Defendants' document requests for election fraud information and the United States' proposals for resolving Defendants' pending motion to compel election fraud information.  Your request follows our two meet-and-confer calls on August 11 and 12.

<h3 align="center"><u>Record Retention and Preservation</u></h3>

    With respect to record retention and preservation, we discussed with you the scope of our specific litigation hold correspondence during our initial Rule 26(f) conference in November 2013.  Defendants raised no objections to the scope of our contemplated litigation holds at that time or at any time since, until yesterday.  If you are now asking whether we have sent litigation hold notices to every executive branch agency and office and to Congress simply because Defendants requested documents from the entire United States government in its Second and Fourth Requests for Production, the answer is no.

    The United States, like any other civil litigant, has a responsibility to preserve documents that it reasonably believes are <u>relevant</u> to pending litigation matters.  Nothing about Defendants' document requests for nationwide discovery of every executive agency and office and Congress leads the United States to a reasonable belief that additional and more specific litigation hold notices are appropriate in this case. We have consistently maintained that such requests were overly broad, unduly burdensome, irrelevant to this case, and posed a profound threat to well-established governmental privileges.[1]

---

[1] That view was bolstered by the Court's recent grant of a protective order, sought by the United States, finding that Defendants' deposition requests relating to nationwide voter fraud were overly broad, unduly

With that said, we also note that federal government agencies are subject to extensive recordkeeping and preservation protocols pursuant to the Federal Records Act. You may find additional information relating to federal recordkeeping at the National Archives' website: http://www.archives.gov/records-mgmt/. In particular, we note that the master database files for ACTS and LIONS, the Department of Justice databases that were the subject of our recent conversations, are permanent records. Defendants' unsupported concerns regarding potential spoliation of evidence are unfounded.

### **Proposed Database Searches**

In light of the Court's July 24 order, which clarified for the first time that some information related to the maintenance of records regarding the existence of voter fraud nationwide may be appropriate for discovery, the United States has offered to search the Department's LIONS and ACTS databases and produce to Defendants a report of the non-sealed election fraud-related prosecutions initiated by the Department between 2004 and the present. *See* U.S. Ltr. to Tex. (Aug. 1, 2014). To the extent such information is contained in those databases, the report will likely provide: the case name, docket number, judicial district, and, if available, the election crime(s) or statute(s) charged in the indictment or information. To the extent that Defendants wish to review information that the United States possesses regarding what the United States considers to be *bona fide* instances of voter fraud nationwide, this information seems most probative.

Defendants have also indicated they wish to have some sense of "numbers" relating to investigations of alleged election fraud between 2004 and the present. To that end, and because information relating to investigations is highly sensitive and implicates privileged law enforcement activity, the United States proposes to search the ACTS and LIONS databases for opened and closed matters between 2004 and the present and to provide Defendants with the numbers of such investigations during the relevant time frame.[2] The United States does not propose to search the FBI's investigatory case tracking system, SENTINEL, because (a) the FBI is not a prosecuting component of the Department; (b) the SENTINEL database is not easily searchable for investigations specifically relating to voter fraud; and (c) the FBI is required by Department policy to consult with the Criminal Division or a U.S. Attorney's Office prior to commencing any full field investigation relating to any election offense. In other words, if there is a substantive FBI investigation involving an election offense, there should be a corresponding ACTS or LIONS record for that investigation.

We believe that the above proposal sufficiently addresses Defendants' requests for information relating to the Department's investigation of potential voter fraud over the relevant timeframe. It also comports with the United States' requirement to preserve its privileges,

---

burdensome, not relevant, cumulative of documents already produced, and protected by governmental privileges. *See* Order of Jul. 24, 2014, ECF No. 438.

[2] For purposes of the ACTS database, a "matter" is defined as any investigation on which a Criminal Division staff person has worked a minimum of 30 minutes. For purposes of the LIONS database, a "matter" is defined as any investigation on which an USAO attorney has worked a minimum of one hour. If an allegation is looked into and disposed of in less than 30 minutes or an hour, it is not logged as a "matter" in ACTS or LIONS, respectively.

including those related to investigations, deliberative process, and prosecutorial discretion.  It is an appropriate compromise.  Accordingly, we again request that Defendants withdraw their motion to compel.


                                         Sincerely,

                                         */s/ Bradley E. Heard*

                                         Bradley E. Heard
                                         Attorney, Voting Section
                                         (202) 305-4196
                                         bradley.heard@usdoj.gov


cc:     All Counsel of Record