UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARC VEASEY, ET AL., | ) | CASE NO: 2:13-CV-00193 |
| | ) | |
| Plaintiffs, | ) | CIVIL |
| | ) | |
| vs. | ) | Corpus Christi, Texas |
| | ) | |
| RICK PERRY, ET AL., | ) | Thursday, August 21, 2014 |
| | ) | |
| Defendants. | ) | (9:30 a.m. to 9:45 a.m.) |

MOTION HEARING

BEFORE THE HONORABLE NELVA GONZALES RAMOS,
UNITED STATES DISTRICT JUDGE

Appearances:          See Next Page

Court Recorder:       Genay Rogan

Clerk:                Brandy Cortez

Transcriber:          Exceptional Reporting Services, Inc.
                      P.O. Box 18668
                      Corpus Christi, TX 78480-8668
                      361 949-2988

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

**APPEARANCES FOR:**

| | |
|---|---|
| Plaintiffs: | CHAD W. DUNN, ESQ.<br>Brazil and Dunn<br>4201 Cypress Creek Parkway, Suite 530<br>Houston, TX 77068 |
| Mexican American Legislative Caucus, et al.: | EZRA D. ROSENBERG, ESQ.<br>Dechert, LLP<br>902 Carnegie Center, Suite 500<br>Princeton, NJ 08540-6531 |
| Texas League of Young Voters Education Fund: | NATASHA KORGAONKAR, ESQ.<br>KELLY DUNBAR, ESQ.<br>DEUEL ROSS, ESQ.<br>NAACP Legal Defendant and Educational Funds, Inc.<br>40 Rector Street<br>5th Floor<br>New York, NY 10006 |
| State of Texas: | LINDSEY WOLF, ESQ.<br>BEN DONNELL, ESQ.<br>DAVID WHITLEY, ESQ. |
| United States of America: | BRADLEY HEARD, ESQ.<br>U. S. Department of Justice<br>950 Pennsylvania Avenue, N.W.<br>NWB Room 7125<br>Washington, DC 20530 |
| Texas Association of Hispanic County Judges and County Commissioners: | ROLANDO L. RIOS, ESQ.<br>115 E. Travis<br>Suite 1654<br>San Antonio, TX 78205 |
| Oscar Ortiz, et al.: | MARINDA VAN DALEN, ESQ.<br>Texas Rio Grande Legal Aid<br>4920 North IH 35<br>Austin, TX 78751 |

1    **Corpus Christi, Texas; Thursday, August 21, 2014; 9:30 a.m.**

2                              **(Call to Order)**

3         **THE MARSHAL:**  All rise.

4     **(Voices off the record)**

5         **THE COURT:**  Let me call the case.  Then you can do

6    that.  The Court calls cause number 2:13-193, *Veasey, et al.*

7    *versus Perry, et al.*

8         **COURT RECORDER:**  Yes.  This is Genay Rogan, and who

9    we have present for United -- I'm sorry -- individuals Veasey,

10   League of United Latin American Citizens is Chad Dunn.  For

11   U.S.A. is Bradley Heard.  For Mexican American Legislative

12   Caucus is Ezra Rosenberg.  For Ortiz, et al., Marinda Van

13   Dalen.  For Texas Association of Hispanic County Judges,

14   Rolando Rios.  For Texas League of Young Voters Education,

15   Natasha Korgaonkar, Deuel Ross and Kelly Dunbar.  For State of

16   Texas Defendants Lindsey Wolf, David Whitley, and Mr. Donnell

17   is present in the courtroom.  And that's all that's present.

18        **THE COURT:**  All right. Good morning.  I think the

19   only matter before the Court this morning is the Defendant's

20   Motion to Compel the documents regarding the election crimes

21   and voter fraud.  We've discussed that motion at various Status

22   Hearings.  It's my understanding the parties have continued to

23   confer.  We've narrowed the issues.  I've reviewed everything

24   that's now before the Court, the updates filed in the last

25   couple of dates -- days.  Is there anything further from the

1  Defendant on that issue?

2          **MS. WOLF:** Yes.  Your Honor, this is Lindsey Wolf.  I

3  think our advisory speaks to where we are and (indiscernible)

4  your Honor has an understanding of the information that we're

5  seeking.  I think we can just rely on what we filed.

6          **THE COURT:** Okay.  What about from the government?

7          **MR. HEARD:** Good morning, your Honor.  We just wanted

8  to clarify a few things.  As your Honor is aware, we have

9  agreed to provide and Texas has agreed to accept, information

10 from the Criminal Division Act database both nationwide from

11 2004 to present.  They've also agreed to accept and we've

12 agreed to provide information from the Executive Officer, U.S.

13 Attorneys and (indiscernible) database, both for cases that

14 were charged between 2004 to the present, as well as

15 information regarding investigations that were opened or closed

16 between those time frames as well.  We've taken great pains to

17 provide this information, and nationwide information, and in a

18 manner that reasonably protects the government law enforcement

19 privileges and prosecutory discretion of the delivery process.

20 But now, the essential dispute has come down to the fact that

21 the State of Texas wants this Court to Order the United States

22 a two days' time to literally rummage through every United

23 States Attorney's Office in the nation and search for a catalog

24 and produce information regarding phone calls, random inquiries

25 and complaints of election law violations that prosecutors

1   immediately deserve (indiscernible) to have no merit because,
2   your Honor, they were worthy of an investigation if they were
3   being meritorious.  They would already appear in the act
4   (indiscernible) government have agreed to provide.  And worse
5   than that, they want the Court to Order the United States to
6   poll the FBI's Sentinel database which contains classified
7   information and is accessible only to people with a security
8   clearance and presumably a hand search of every FBI appeals
9   office in the country to search for information regarding
10  allegations and complaints of alleged law violations.  Again,
11  that investigation is not being credible enough to refer to a
12  prosecutive component of the Department of Justice because,
13  again, if they -- if the investigators thought the allegations
14  were credible enough to merit a full field investigation,
15  they'd be required to consult with the Criminal Division,
16  Public Integrity Section or with the United States Attorney's
17  Office prior to commencing the investigation.  So as a
18  practical matter, the search that Texas wants the Court to
19  Order the United States to make could not even be accomplished
20  in two days' time or two weeks' time or likely even two months'
21  time.  But even if they could, the burden of engaging of such a
22  scavenger hunt would be -- would far outweigh any probative
23  value of the discovery it would yield.  The defense is seeking
24  information, your Honor, relating to the least probative, least
25  credible and most unreliable allegations of alleged crime.

1   This is the stuff that federal prosecutors and federal
2   investigators have essentially rejected out of hand for lack of
3   credibility.  So even if the United States believes this type
4   of discovery were relevant to any issue in this case, which it
5   doesn't, the relevance is not the only issue the Court has to
6   consider.  The Court has a duty to protect litigants from
7   unduly burdensome, harassing, cumulative, inefficient forms of
8   (indiscernible) of discovery, which is what they, in fact --
9   this is requesting here.  Additionally, while the United States
10  was willing to review the information Texas chose to provide
11  the Plaintiffs in this case, we cannot see our own evaluation
12  of government privileges to our adversary in litigation.  The
13  Defendant -- we -- the United States has an independent
14  obligation to protect its own privileges no matter what Texas
15  chooses to provide to the parties.  And it's important to note,
16  as we've noted before, that the United States has not requested
17  any information from Texas and neither in the course of it
18  being confers, we've indicated to Texas that to the extent that
19  the United States is not willing to produce certain
20  information, for instance, geographical information, that it
21  would not object to the State of Texas calling back -- you
22  know, calling back that information that is produced in
23  response to other Plaintiffs' discovery requests.
24           **THE COURT:**  Okay.
25           **MR. HEARD:**  Uh --

1        **THE COURT:**  Anything further, Ms. Lindsey?

2        **MS. WOLF:**  Yes, your Honor.

3        **THE COURT:**  Ms. Wolf -- I'm sorry.

4        **MS. WOLF:**  It's okay.  Your Honor, I'd just like to

5   respond to that.  I mean, I think there's a difference here.

6   As your Honor instructs from the beginning of this process,

7   what we've been trying to work with the DOJ, that it is a proxy

8   issue.  The Defendants have provided this particular type of

9   information regarding referrals which neither have been

10  investigated nor prosecuted on a very, very general level

11  (indiscernible) referral and the geographic location where the

12  (indiscernible) referral has taken place.  And Mr. Heard

13  instructs two days' time but, your Honor, we served these

14  discovery requests -- I think the first one was served back in

15  March.  So, you know, what -- how the United States chose to

16  object without a basis for the particular document requests.

17  We don't think it's now our -- you know, that we should have to

18  suffer because they improperly objected to those document

19  requests.  With respect to Mr. Heard's point regarding the fact

20  that this information was requested by other Plaintiffs, that

21  maybe the case in this particular litigation, but

22  (indiscernible) referenced some testimony by DOJ Agent Mitchell

23  in the Section 5 case.  And it's my understanding that in the

24  Section 5 case, the United States (indiscernible) requested the

25  particular (indiscernible) --

1    **THE COURT:** Hold on, Ms. Wolf. Hold on. Hold on.

2    **COURT RECORDER:** I'm sorry. Could you slow down just
3 a little bit, please?

4    **MS. WOLF:** Sure.

5    **COURT RECORDER:** And you're not coming in clear on
6 some of the words.

7    **MS. WOLF:** Sure. It's my understanding in the
8 Section 5 case, that the United States had requested a
9 particular type of information and counsel for the United
10 States in the Section 5 case questioned Major Mitchell
11 extensively as to this particular type of information. So, I
12 don't think this is information that the United States
13 (indiscernible) requested in the past. I would also instruct
14 the Defendants have tried to be reasonable. We've tried to
15 work with the United States. We offered to limit the FBI
16 information and the information from the U.S. Attorney's Office
17 to the State of Texas, thereby elimination information from 49
18 other states, which we thought was highly generous. And the
19 United States came back and said, "No, even with that narrow
20 search parameter, we can't do that either." We offered
21 (indiscernible), "That's okay. You don't have (indiscernible)
22 geographical location, even though we gave that to you," which,
23 again, was (indiscernible) issues. And I think to respond to
24 Mr. Heard's point regarding relevance, it -- the Court --
25 (indiscernible) Texas is if the members of the public think

1 that election crimes and voter fraud is a crime and they're
2 referring that to relevant authorities. That, in turn, is
3 relevant to the legislature's actions in responding to the
4 concerns of its constituents to enact --
5    **THE COURT:** And I agree with that, and I think we are
6 where we are at this point because of that and a lot of that
7 information has already been produced. I mean, I -- you know,
8 we've tried to whittle this down now. I've continued
9 conferring because I think everyone understood the Court did
10 believe that that was relevant to an extent. So, anything
11 further?
12    **MR. HEARD:** Well, your Honor, in terms of -- the fact
13 of (indiscernible) relevance that allegation --
14    **COURT RECORDER:** I'm sorry. Can you identify
15 yourself?
16    **THE COURT:** Can you -- you'll need to identify
17 yourself before you speak.
18    **MR. HEARD:** I'm sorry, your Honor. Brad Heard for
19 the United States.
20    **THE COURT:** Just for the record. I don't think I
21 need to hear any more. The Court is going to grant the Motion
22 to Compel only as to what has already been produced by the
23 government regarding this issue and as to what the government
24 has further agreed to produce. My understanding, the
25 government has agreed to some further production; is that

10

1 right? Maybe today or --
2     **MR. HEARD:** Yes, your Honor.
3     **THE COURT:** Okay.
4     **MR. HEARD:** We will have documents to produce to the
5 Defendant today.
6     **THE COURT:** And the Court's going to --
7     **MR. HEARD:** Brad Heard for the United States --
8 sorry.
9     **THE COURT:** All right. The Court's going to deny the
10 remainder of that motion. The Court finds that the Defendant's
11 request, I guess as it now stands before the Court after the
12 parties have conferred and agreed to some matters, and the
13 Court has made some rulings on some of those -- the Court finds
14 that request at this point what's still left outstanding,
15 unduly burdensome regarding the search required in relation to
16 or in light of the type or nature of information that's being
17 requested at this time. And to a certain extent, the request
18 is duplicative or cumulative of what's already been produced.
19 Now, does this denial, then, regarding the remainder of the
20 motion moot the government's Motion for a Protective Order
21 which I believe is on this very issue?
22     **MR. HEARD:** I think it does, your Honor.
23     **THE COURT:** Okay. Is there anything else that I need
24 to address this morning? There's various motions pending.
25 We're kind of getting to the end here. I'm just going to

1  assume you-all are still either conferring on that or the Court
2  doesn't need to address those unless you all let the Court
3  know.
4          **MR. ROSENBERG:**  Your Honor?  Ezra Rosenberg for Texas
5  NAACP and (indiscernible).  One issue which isn't contested at
6  all, but actually a question of your Honor because of the
7  filing that (indiscernible) the next couple of days.  The
8  parties have agreed to electronic copies of exhibits could be
9  filed but if your Honor wants or is expecting hard copies, it
10 would be good for us to know that because it would be a lot of
11 copying that has to be done right now.  And also, we wanted to
12 confirm whether you wanted excerpts of any prior testimony,
13 deposition designations or trial designations or witness
14 designation?
15         **THE COURT:**  Okay.  Brandy, were you going to address
16 the exhibits?
17         **THE CLERK:**  Your Honor, I believe we can -- if you
18 guys want to place the exhibits on a CD and just maybe make
19 three copies for the Court.  I think that would be sufficient.
20         **THE COURT:**  Okay.
21         **THE CLERK:**  Then we can pull up (indiscernible)
22         **MR. ROSENBERG:**  So, I'm sorry -- three hard copies
23 with the Court?
24         **THE CLERK:**  Three copies of (indiscernible)
25         **MR. ROSENBERG:**  Three copies of the disc?

12

1       **THE CLERK:**  Yes, sir.

2       **MR. ROSENBERG:**  Okay.  Great.  And for deposition
3  designations, do you need any actual excerpts or the
4  designations, themselves, with transcripts on discs as well?

5       **THE COURT:**  Disc is fine on that also.

6       **MR. DONNELL:**  Do you need the actual testimony or
7  just the line and page?

8       **THE COURT:**  I'm okay with just line and page.  You
9  know, I'm going -- I'm assuming you-all are going to present
10 that to the Court; is that right?  As --

11      **MR. ROSENBERG:**  That's right, your Honor.

12      **THE COURT:**  I don't need the whole -- I only need
13 what's going to be coming into evidence.  Is that what the
14 question was, whether I need the whole transcript or just page
15 and line?

16      **MR. ROSENBERG:**  Just the page and line that we're
17 offering to designate.

18      **THE COURT:**  Right.  Because I'm assuming if there's
19 an issue with that, the other side is going to have their own
20 page and line, correct?  To clarify?

21      **MR. ROSENBERG:**  Right.  We have a schedule for
22 designations and (indiscernible) designations.

23      **THE COURT:**  Right.  So, I don't need to see the whole
24 transcript.  I only need -- you know, you-all are going to
25 present what I need to see and hear I'm assuming, correct?

1       **MR. ROSENBERG:** That's right, your Honor.

2       **THE COURT:** Okay. Yeah, I'm all right with that.

3       **MR. ROSENBERG:** Thank you very much.

4       **THE COURT:** Can I ask, is everyone planning to be

5 here; is it Wednesday or Thursday, Brandy? Final Pretrial?

6       **THE CLERK:** It's Wednesday, your Honor.

7       **THE COURT:** Is everyone planning to be here in

8 person?

9       **MR. SCOTT:** John Scott for the State of Texas. We'll

10 be there.

11       **THE COURT:** Okay. Are all the Plaintiffs?

12       **MR. SPEAKER:** Yes, we intend to attend in person.

13       **THE COURT:** Okay. And let me just ask, was anyone

14 not planning to be here?

15     **(No response.)**

16       **THE COURT:** Okay. It just gets kind of difficult to

17 do some matters by phone so I -- that was what I had envisioned

18 and thought, but I thought I should ask since we've been doing

19 so much of this by phone. Anything else to address this

20 morning?

21       **MR. SCOTT:** Your Honor, John Scott. One more thing

22 and it relates to a number of -- as a result of the scheduling.

23 We're still conducting discovery. We will be doing depositions

24 after our Pretrial Hearing. With regard to evidence, we need

25 to file a motion on that. How would you like us to handle that

14

1 because we've got, I think, all of our exhibits are due this
2 Friday to each other.  Not really (indiscernible).  The Order
3 doesn't really consider the fact that discovery is going to be
4 going on and maybe up to the date before trial.
5         **THE COURT:**  I mean, I'm assuming that that's all
6 agreed to by the parties, correct?  And we'll just --
7         **MR. SCOTT:**  Yeah, I think that's right.
8         **THE COURT:**  -- take it as it is.
9         **MR. ROSENBERG:**  I mean, one -- Ezra Rosenberg -- one
10 thing that we did agree to was that (indiscernible) could be
11 supplemented (indiscernible) deposition.
12         **MR. SPEAKER:**  Yes.
13         **THE COURT:**  Yes.  Okay.
14         **MR. SCOTT:**  So, probably just want to put that on the
15 radar and didn't know how the Court -- as long as the parties
16 are in agreement on how to handle that, if that's acceptable to
17 the Court?
18         **THE COURT:**  Yes.  That's fine.  Now, when is the
19 dispositive deadline motion?
20         **MR. SCOTT:**  It may be tomorrow.
21         **THE COURT:**  Was there going to be --
22         **MR. SCOTT:**  I don't expect that there will be any
23 filing from the State of Texas Defendants, your Honor.
24         **THE COURT:**  Okay.  And I just -- I know -- because at
25 one time we had talked about with it being that late in the

15

1  game, I had said, I believe in this case, that if anything was
2  filed, it would just be carried through the trial and we would
3  address it like that.  But it doesn't sound like that's going
4  to be an issue.  Anything else, counsel?
5          **MR. SCOTT:**  No, your Honor.  Thank you.
6          **THE COURT:**  All right.
7          **MR. SPEAKER:**  Thank you, your Honor.
8          **MS. SPEAKER:**  Thank you, your Honor.
9          **THE COURT:**  Thank you.  You're excused.
10         **MR. SPEAKER:**  Thank you, your Honor.
11     **(This proceeding was adjourned at 9:45 a.m.)**
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____                August 22, 2014

TONI HUDSON, TRANSCRIBER

EXCEPTIONAL REPORTING SERVICES, INC