**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| MARC VEASEY, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-00193 |
| | § | |
| RICK PERRY, *et al*, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' MOTION TO COMPEL THE UNITED STATES TO**
**PRODUCE ITS 30(B)(6) DESIGNEES IN CORPUS CHRISTI ON**
**AUGUST 26, 2014**

Defendants learned late yesterday afternoon, for the first time, that the United States was refusing to produce its party deponents, two 30(b)(6) designees, in Corpus Christi, Texas, and the deponents would only be made available in Washington, D.C., one day before the Pre-Trial Conference scheduled for August 27, at which counsel for the Defendants will appear in person. Defendants originally noticed this 30(b)(6) deposition in April 2014, for Austin, Texas. (*See* Ex. 1.) The letter accompanying the first Notice, served on April 16, asked that the United States "respond by the close of business on April 18, 2014 if the United States of America would like to discuss an alternate date and/or location; otherwise, Defendants will presume that the date and location in the Notice of Deposition is acceptable to the United States of America." (*See* Ex. 2.) A slightly corrected Notice ("30(b)(6) Notice") was issued on April 18, which still provided for a location in Austin, Texas. (*See* Ex. 3.)

1

Counsel for the United States sent emails on April 18 and April 25 indicating that they were continuing to review the corrected Notice, and on May 7, 2014, sent a letter raising various objections to the Topics in the Notice.  Nothing in that letter or those e-mails objected in any form to having the deposition take place in Texas. (*See* Exs. 4-6.)  Since that time, Defendants have spent hours conferring with the United States, and appearing before this Court, to attempt to resolve various issues surrounding the 30(b)(6) Notice.  The United States filed a Motion for a Protective Order regarding the 30(b)(6) Notice, but that Motion never referenced any issue relating to the deposition taking place in Texas.  (*See* Ex. 7.)  On  July 24, 2014, the Court ordered the United States to produce 30(b)(6) designee(s).  (*See* Ex. 8.)

Following the Court's ruling on the 30(b)(6) Notice, and while conferring on the related Motion to Compel the Production of Documents Relating to Voter Fraud and Election Crimes, Defendants first proposed dates for the deposition on August 14.  (Ex. 9.)[1]  In a letter dated August 15, the United States informed Defendants that its designees would be made available on August 26, with no reference to location.  (Ex. 10.) Later that evening, on August 15, Defendants informed the United States that since the witnesses would not be produced until August 26 (one day before the Pre-Trial Conference in Corpus Christi), they would "notice the depositions for Corpus Christi." (Ex. 11.) [2]  Defendants received no response to that

---

[1] Counsel for the United States on August 1 informed Defendants that they would make the witnesses available in Washington, D.C. whenever the deposition was to take place, but there was no date set or proposed at that time, and Defendants never agreed to take the depositions in Washington, D.C.

[2] Defendants also informed the United States that they would "reserve August 27 in the event that we need a full 7 hours with each designee."  While Defendants will attempt to complete the

e-mail in five days that followed, or any indication that the United States disagreed with the Defendants' decision to notice the deposition in Corpus Christi. Defendants issued a proper, Amended 30(b)(6) Notice to the United States on August 21, 2014, for a deposition in Corpus Christi on August 26.   (*See* Ex. 12.)  It was only then, six days after the August 15 e-mail, and five days before the deposition, that the United States informed Defendants that the witnesses would not be made available in Corpus Christi, the location where counsel for the United States and Defendants will be for the August 27 Pre-Trial Conference, and where the United States chose to file its lawsuit against Defendants. [3]

This Court has authority, and "wide discretion" to control the place of party depositions.  *See Lord v. Flanagan*, CV 13-26-BU-DLC-JCL, 2014 WL 51655 (D. Mont. Jan. 7, 2014) ("[T]he Federal Rules of Civil Procedure do not specify where a party's deposition is to take place. As a general rule, 'the examining party may set the place for the deposition of another party wherever he or she wishes subject to the power of the court to grant a protective order under Rule 26(c)(1)(B) designating a different place' On a motion the court has a wide discretion in selecting the place of examination.") (citations omitted);  *Hyde & Drath v. Baker,* 24 F.3d 1162, 1166 (9th Cir.1994) ("A district court has wide discretion to establish the time and place of depositions.").  Thus, the Court may compel compliance with a deposition notice

---

deposition of these two witnesses in one day, Defendants reserve the right to continue the depositions until completed.

[3] While the United States has offered to conduct the depositions via videoconference or telephone, Defendants do not equate videoconferenced, or telephone deposition, with live testimony, and should not be required to agree to such a format unless the Court so-orders them to do so. *See* Fed. R. Civ. P. 30.

properly issued under Fed. R. Civ. P. 30 "without regard to the geographical limitations on compliance with a subpoena". *See* F.R.C.P. Rule 45, Advisory Committee Notes, at (c).[4] As that Advisory Committee Note makes clear:

> Depositions of parties, and officers, directors, and managing agents of parties need not involve use of a subpoena. Under Rule 37(d)(1)(A)(i), failure of such a witness whose deposition was properly noticed to appear for the deposition can lead to Rule 37(b) sanctions (including dismissal or default but not contempt) without regard to service of a subpoena and without regard to the geographical limitations on compliance with a subpoena. These amendments do not change that existing law; the courts retain their authority to control the place of party depositions and impose sanctions for failure to appear under Rule 37(b).

Moreover, the District in which the action is filed is considered a "normal", and one of the "most convenient location[s]" for a party's deposition. *Douglas v. Shasta Cnty.*, CIV S082058FCDCMK, 2010 WL 760643 (E.D. Cal. Mar. 4, 2010). Finally, if the United States takes issue with scheduling the deposition in Corpus Christi, the proper remedy is to file a Motion for A ProtectiveOrder, not "simply inform[ ] Defense counsel they would not be there." *See id.* ("Because the deposing party has some discretion as to the location of a party's deposition, especially as it was set within the district where the action is pending, if Plaintiff's counsel believed

---

[4] While Defendants understand that Fed. R. Civ. P. 45, as amended in 2013, may no longer compel a party or a party's officers to travel more than 100 miles, or to another state, the Advisory Committee Notes make clear this does not affect the Court's power to control the location of party depositions. In addition, while cases under the previous Rule 45 imply that there is a presumption that a deposition take place for a corporate defendant "at the place of business or where the officer's residence is located…[a] party may overcome this presumption by satisfying a three factor test to determine whether 'peculiar circumstances' have been shown. The three factors to be considered are cost, convenience, and litigation efficiency." RP Family, Inc. v. Commonwealth Land Title Ins. Co., 10 CV 1149 DLI CLP, 2011 WL 6020154 (E.D.N.Y. Nov. 30, 2011) (citations omitted). Here, all three of those factors weigh in favor of conducting the deposition in Corpus Christi on August 26 due to the simple fact that counsel for the United States will presumably be in Corpus Christi for the Pre-Trial Conference scheduled for 9AM on August 27.

4

there were reasons not to hold the deposition in Redding, he could have file a request for a protective order. Instead, he simply informed Defense counsel they would not be there.")

Defendants have gone out of their way in this litigationto accommodate Plaintiffs' location requests for depositions, sending three attorneys, less than 2 weeks before trial, to Washington, D.C. to complete a series of expert depositions, traveling to Washington, D.C. to conduct various depositions of other federal agencies, and conducting depositions in Plaintiffs' and third party witnesses identified on the United States' initial disclosures in residences.   Defendants attempted to work with the United States for months to resolve the United States' issues with the 30(b)(6) Notice, prior to the Court issuing its order in July. Moreover, Defendants have properly noticed the 30(b)(6) Deposition of the party, United States, in the district in which that party filed its lawsuit against Defendants, on a day that is one day before counsel for the United States is required to appear in person in court in that district.

Given the imminence of trial, Defendants cannot wait for the United States' designees to fail to show up in Corpus Christi on Tuesday, and then file a motion for sanctions under Rule 37(d).   Accordingly, Defendants respectfully request that the Court order the United States' 30(b)(6) designees to appear for deposition in Corpus Christi at 9:30 AM on August 26, 2014.   In accordance with Local Rule 7.1(c), a proposed order granting the relief requested is attached hereto.

Dated: August 22, 2014

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JONATHAN F. MITCHELL
Solicitor General

J. REED CLAY, JR.
Special    Assistant    and    Senior    Counsel
to the Attorney General
Southern District of Texas No. 1160600

*/s/ John B. Scott*
JOHN B. SCOTT
Deputy Attorney General for Civil Litigation
Southern District of Texas No. 10418
Texas State Bar No. 17901500
ATTORNEY-IN-CHARGE

G. DAVID WHITLEY
Assistant Deputy Attorney General
Southern District of Texas No. 2080496

STEPHEN RONALD KEISTER
Assistant Attorney General
Southern District of Texas No. 18580

JENNIFER MARIE ROSCETTI
Assistant Attorney General
Southern District of Texas No. 224780

LINDSEY ELIZABETH WOLF
Assistant Attorney General
Southern District of Texas No. 2292940

FRANCES WHITNEY DEASON
Assistant Attorney General
Southern District of Texas No. 2302872

6

STEPHEN LYLE TATUM, JR.
Assistant Attorney General
Southern District of Texas No. 2338090

209 West 14th Street
P.O. Box 12548
Austin, Texas 70711-2548
(512) 475-0131

BEN A. DONNELL
Donnell, Abernethy & Kieschnick
555 N. Carancahua, Suite 1770
Corpus Christi, Texas 78401-0853
Southern District of Texas No. 5689

COUNSEL FOR THE STATE OF TEXAS,
RICK PERRY, JOHN STEEN, and STEVE
MCCRAW

## <u>CERTIFICATE OF CONFERENCE</u>

Pursuant to Local Rule 7.1(D), I hereby certify that counsel for the Defendants have conferred with counsel for the United States regarding this motion.

_/s/ Lindsey E. Wolf_
LINDSEY E. WOLF

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 22, 2014, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

*/s/ John B. Scott*
JOHN B. SCOTT