Exhibit 6

**U.S. Department of Justice**

Civil Rights Division

*Voting Section - NWB*
*950 Pennsylvania Ave, NW*
*Washington, DC  20530*

May 7, 2014

John B. Scott
Reed Clay
David Whitley
Office of the Texas Attorney General
209 West 14th Street
Austin, Texas 78711

      Re: *Veasey v. Perry*, 2:13-cv-193 (S.D. Tex.); *United States v. Texas*, 2:13-cv-263 (S.D. Tex.); *Texas State Conference of NAACP Branches v. Steen*, 2:13-cv-291 (S.D. Tex.); *Ortiz v. Texas*, 2:13-cv-348 (S.D. Tex.)

Dear Counsel:

      We are writing pursuant to Rule 26(c)(1) to request that Defendants withdraw the Rule 30(b)(6) Notice of Deposition of the United States that was served on April 16, 2014.  Nearly all of the topics are irrelevant, overly broad, cumulative, and unduly burdensome.  Several threaten to invade protected opinion work product of counsel for the United States.  We describe below a non-exhaustive list of concerns regarding the notice.

      Topic 1, for example, requests the designation of a deponent to testify as to all administrative preclearance submissions considered by the Department of Justice under Section 5 of the Voting Rights Act from any and all States.  The Attorney General's prior administrative decisionmaking under Section 5 is not at issue in this case.  See *Morris v. Gressette*, 432 U.S. 491, 505-07 & n.24 (1977).  This topic is also patently overbroad, as it extends to submissions of thousands of voting changes from jurisdictions all over the country across decades of time.  In addition, the United States has already produced vast amounts of non-privileged information from its Section 5 files to Defendants, making this request for deposition testimony particularly unreasonable.

      Topics 3, 4, and 9 are statements of certain legal conclusions that the United States intends to prove in this case.  Such topics are wholly unfit for a 30(b)(6) deposition because they constitute an impermissible attempt by Defendants to inquire into the mental processes and strategies of the Department of Justice lawyers litigating this case on behalf of the United States.

      Topics 7 and 8 request the designation of a deponent to testify as to certain publicly available reports submitted to Congress, and a long-running, widely-publicized nationwide federal criminal law enforcement initiative.  These requests are vague, cumulative, overly broad, and unduly burdensome.  The United States has already produced many of the already publicly

available Public Integrity reports, and also provided hundreds of pages of presentations from the Ballot Access and Voting Integrity Initiative. Deposition testimony on these subjects is cumulative and serves no purpose because such topics are unrelated to SB 14.

Topics 2, 5, and 6 address various aspects of nationwide enforcement of the Voting Rights Act, a federal statute enacted in 1965. The manner in which the Department of Justice carries out its statutory enforcement responsibilities under the Voting Rights Act is not at issue in this case. As such, these topics appear to be another improper attempt to depose opposing counsel regarding the nature and scope of the Department's enforcement priorities.

Topic 10 is irrelevant, cumulative and unduly burdensome. Notwithstanding its general irrelevance, by May 16, 2014, the United States will have produced various information, including paper and email communications as well as phone complaint logs, using relevant keyword searches. Further discovery on this topic is unreasonable and unwarranted.

Topics 11 – 30 are overly broad, unduly burdensome and generally irrelevant. Taken together, these topics seek testimony on every single substantiated or unsubstantiated instance of "election crime" or "voter fraud" nationwide since 2004. This case is not about every instance of election criminality (much less unsubstantiated alleged criminality) of which one or more Federal law enforcement officials may be aware. This case is about a single Texas law which addresses a single type of voter fraud—in-person voter impersonation in Texas.

Topics 31 to 36 are irrelevant to this case. Counsel for the United States is unaware of any analysis relating to whether purported photo identification requirements to enter Federal buildings, courts, or airplanes have any effect on the right to vote on account of race, color or language minority status. There is no reason to burden the United States with sitting for a deposition to provide that same—irrelevant—information.

Topic 37 is vague, overly broad, and unduly burdensome. To the extent that the United States has any analyses about SB 14's effects that are not privileged, or do not constitute premature expert witness disclosures, they have already been produced, or are a matter of public record. Defendants are not entitled to a deposition to pierce work product protections to gather the thoughts and impressions of counsel for the United States regarding those already-produced reports (such as expert reports from *Texas v. Holder*) about SB 14.

Topics 38 and 39 concern information that is primarily in Defendants' possession. To the extent that the United States has relevant information on these topics, it is based on data that is publicly available (*e.g.*, census data), data from Texas itself (*e.g.*, information from the Texas Secretary of State's voter registration database), or expert analysis. Given that such data is equally accessible to Defendants, or will be disclosed in due course as part of expert discovery, deposition on these topics would impose an undue burden on the United States.

We request that Defendants withdraw the Notice in its entirety. Please inform us by May 8, 2014, if you will do so.

3

          Sincerely,

          */s/ Anna M. Baldwin*
          Anna M. Baldwin
          Voting Section
          Civil Rights Division

cc: all counsel (via electronic mail)