# Exhibit 10

**U.S. Department of Justice**

Civil Rights Division

*Voting Section - NWB*
*950 Pennsylvania Ave, NW*
*Washington, DC  20530*

August 15, 2014

**VIA ELECTRONIC MAIL**

Lindsey E. Wolf, Esq.
Assistant Attorney General
Office of the Attorney General of Texas
209 West 14th Street
P.O. Box 12548
Austin, TX 78711-2548

Re:   *Veasey v. Perry*, No. 2:13-CV-193-NGR (S.D. Tex.)

Dear Ms. Wolf:

      This letter follows your email of last evening and our telephone conferrals earlier yesterday regarding Defendants' pending motion to compel election fraud information.  Based on what you have set out in your email, it appears that the United States and Defendants have largely resolved their original disputes as to what should be produced in this litigation regarding election crimes prosecuted or investigated by the Department of Justice between 2004-present.

      It appears our remaining areas of disagreement are quite narrow and concern only the least probative, least credible, and most unsubstantiated allegations of potential election crimes that the Department has encountered in the past decade.  The burden of searching for and producing the additional information Texas seeks regarding these allegations would far exceed any possible probative value in this litigation and would simply be cumulative of the substantive investigations of alleged election crimes that the Department has conducted over that same 10-year period.  We do not believe that a dispute over the least credible voter fraud allegations received by the Department of Justice is worth troubling the Court about, and we would urge Defendants to withdraw their motion to compel and accept the United States' offer as described in our letter of August 14.

      To respond more specifically to the points in your email:

- The United States is not willing to search the FBI's SENTINEL database for election crime investigations occurring in Texas between 2004-present.  As we have explained, our understanding is that the SENTINEL database is not organized like ACTS and LIONS and is not as easily searchable for election crime investigations.  Additionally, per Department policy, any substantial investigation of a possible election offense conducted by the FBI would generally require consultation with the Criminal Division and/or a U.S. Attorney's Office and, therefore, would already appear in the ACTS and LIONS searches that we have agreed to run.  Moreover, as with the ACTS and LIONS searches, the disclosure of Texas-specific FBI investigations would reveal geographical information relating to investigations that could compromise the investigation, intrude upon the United States' investigatory

-2-

and deliberative process privileges and prosecutorial discretion, and perhaps endanger individuals' personal safety. That risk is too great, particularly for the least probative information relating to potential election crimes that exists. Stated another way, the information Texas seeks from Sentinel—which relates to mere allegations of misconduct considered too insubstantial to trigger a formal investigation—cannot reasonably be considered probative here, especially give the attendant burdens and risks of providing it.

- The United States is not willing to search for and provide information regarding investigations of potential election crimes in Texas that an Assistant United States Attorney was able to resolve in less than an hour's time. As an initial matter, and as noted above with respect to the FBI searches, the United States is unwilling to identify geographically-specific information relating to any uncharged investigations, including those in Texas. Additionally, a truly comprehensive search for such information would require every employee of a United States Attorney's Office in Texas to search his or her personal files for any information that they may happen to have relating to such topics, and then it would require someone sifting through that information to discern the potential election crimes involved. There would be no open or close date to report, because there would have been no "matter" opened in the first place, as the investigation would have taken less than an hour to resolve. Again, such a search would be completely unreasonable and unduly burdensome under the circumstances.

As to the information that the United States has agreed to produce, we anticipate that such information should be available to be produced by COB Thursday, August 21. We will attempt to schedule the 30(b)(6) deposition for Tuesday, August 26, and to provide appropriate designees who are available on that date to testify regarding the matters set forth in our August 1 correspondence. If we run into problems in that regard, we will let you know.

Again, we hope that this will suffice to resolve this particular discovery dispute. We are, of course, available to discuss this matter further, if you feel that would be helpful. I am working away from the office today, but am available at the BlackBerry number previously provided to you. Thanks.

Sincerely,

*/s/ Bradley E. Heard*

Bradley E. Heard
Attorney, Voting Section
(202) 305-4196
bradley.heard@usdoj.gov

cc: All Counsel of Record