IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> RICK PERRY, *et al.*, <br><br> Defendants. | Civil Action No. 2:13-cv-193 (NGR) <br> (Consolidated Action) |

**MOTION TO ADMIT DEPOSITION AND TRIAL TESTIMONY**

The United States moves in limine for the admission of sworn deposition testimony and trial testimony from *Texas v. Holder*, No. 12-cv-128 (D.D.C.), a prior case involving the same subject matter and many of the same parties as the present action, including the State of Texas.

Much of the proposed deposition testimony is admissible under Federal Rule of Civil Procedure 32(a)(4)(B), particularly in light of Defendants' agreement to waive any 100-mile limitation. As this Court and Defendants have recognized, it would be a waste of time and resources to take identical testimony from every witness about issues on which the witness has already testified in a matter involving the same subject and the same parties (or their predecessors in interest). Prior trial testimony presents even greater guarantees of trustworthiness than deposition transcripts, given the incentives at trial for thorough cross-examination. Therefore, under Federal Rule of Evidence 807, trial testimony taken in *Texas v. Holder* should also be admitted.

1

I.  **SWORN DEPOSITION TESTIMONY FROM *TEXAS V. HOLDER* MAY BE ENTERED INTO EVIDENCE UNDER RULE 32.**

This Court should admit prior sworn deposition testimony taken in *Texas v. Holder* under Rule 32(a)(4) of the Federal Rules of Civil Procedure. Under Rule 32, a deposition transcript can be admitted at trial where the "the witness is more than 100 miles from the place of . . . trial" and the opposing party "was present or represented at the taking of the deposition or had reasonable notice of it." Fed. R. Civ. P. 32(a)(4)(B), 32(a)(1)(A). A deposition transcript from a prior case "may be used in a later action involving the same subject matter between the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action." Fed. R. Civ. P. 32(a)(8). "Rule 32(a) creates of its own force an exception to the hearsay rule," independent of the exceptions created by Rules 804 and 807 of the Federal Rules of Evidence. 8A Charles Alan Wright, Arthur R. Miller, et al., *Federal Practice and Procedure* § 2143 & n.3.

Deposition testimony taken in *Texas v. Holder* involved the same subject matter as the present case. The question in *Texas v. Holder* was whether, under Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c, SB 14 had a racially discriminatory purpose or would have a retrogressive effect. *See* 888 F. Supp. 2d 113, 123 (D.D.C. 2012) (three-judge court), *vacated*, 133 S. Ct. 2886 (2013). In the instant case, the claims include whether, under Section 2 of the Voting Rights Act, 42 U.S.C. § 1973, SB 14 has a racially discriminatory purpose or will interact with social and historical conditions in Texas to have a discriminatory result of denying or abridging equal opportunities for Hispanic and African-American voters to participate in the political process. The parties to the two cases also overlap: The State of Texas, a defendant in this case, was the plaintiff in *Texas v. Holder*, was present at the depositions, and had a motive similar (if not identical) to Defendants here to cross-examine the witnesses. Moreover, other

Defendants in this case who were not parties to *Texas v. Holder* are similarly situated to the State with respect to the claims at issue and have the same interest and motive as Texas did in cross-examining the witnesses. *See, e.g.*, *Battle v. Memorial Hosp.*, 228 F.3d 544, 552-53 (5th Cir. 2000).[1]

Defendants have also agreed to stipulate that "deposition testimony of any non-expert witness who resides within 100 miles of the Court may be received into evidence." Email from Ezra Rosenberg to John Scott (June 19, 2014) (Ex. 1); Email from John Scott to Ezra Rosenberg (July 9, 2014) (Ex. 2). This eliminates any barrier that may remain to admission of designated excerpts of depositions taken in *Texas v. Holder*.

Texas objects to the admission of prior deposition testimony taken in *Texas v. Holder* due to its origin in a Section 5 proceeding, but the fact that the litigation was ultimately dismissed does not place depositions lawfully taken in that case outside the scope of Rule 32. Trustworthiness is determined by the opportunity and motive for cross-examination or development of the witness's testimony, regardless of the outcome or validity of the prior action. *See Weinstein's Federal Evidence* § 804.04[3][a] ("Even if it is determined that the tribunal conducting the original hearing lacked jurisdiction, admission of the prior testimony should depend on whether the sworn statements of the witness, now dead or unavailable, about the facts of which he had knowledge, were made under such circumstances of opportunity and motive for

---

[1] Although some Defendants in the present action were not plaintiffs in *Texas v. Holder* (namely, Rick Perry, Governor of Texas, John Steen, Texas Secretary of State, and Steve McCraw, Director of the Texas Department of Public Safety), the State of Texas as plaintiff in *Texas v. Holder*, had the same motive in that case to develop testimony as all of these Texas state officials who are Defendants in this case have, and are thus predecessors in interest under Rule 804(b)(1). *See, e.g.*, *United States v. McDonald*, 837 F.2d 1287, 1292 (5th Cir. 1988) (adopting "similarity of motive" test for determining whether a party is a predecessor in interest under Rule 804(b)(1)); *Flores v. Bodden*, No. G-07-88, 2009 WL 2982803, at *2 (S.D. Tex. Sept. 10, 2009) (admitting testimony under Rule 804(b)(1) where party in prior action had the "same motive to develop" the testimony).

cross-examination as to make them sufficiently trustworthy to be used in the effort to ascertain the truth.") (internal quotation marks omitted).[2]

Notably, counsel for the state legislators who moved to quash depositions in this case, an attorney from the Office of the Texas Attorney General (which also represents the Defendants), objected vigorously in this case to "[f]orcing the Legislators to sit for repetitive questioning when they have already voluntarily answered DOJ's questions." Mot. to Quash at 12 (ECF No. 290). The United States respected this request by limiting depositions in this case to questions that were not answered during depositions in *Texas v. Holder* and matters that have arisen since that litigation. The Office of the Texas Attorney General's newfound objections to admission of testimony on the basis that it arose in *Texas v. Holder* do not serve to help "administer [this] proceeding fairly [or] eliminate unjustifiable expense and delay"; rather they serve to delay the "securing [of] a just determination." Fed. R. Evid. 102; *cf. Rice v. Certain Underwriters at Lloyds*, No. Civ. H-10-4660, 2012 WL 966637, at *3-4 (S.D. Tex. Mar. 19, 2012) (precluding adoption of contradictory positions at different points in litigation).

Therefore, the United States respectfully requests that this Court authorize the admission of deposition testimony from *Texas v. Holder*.

## II. TRIAL TESTIMONY FROM *TEXAS V. HOLDER* SHOULD BE ADMITTED UNDER FED. R. EVID. 807.

Sworn trial testimony from *Texas v. Holder* should be admitted into evidence in this case under Federal Rule of Evidence 807. Rule 807 establishes a residual exception to the general bar

---

[2] The requirement that the deposition was "lawfully taken," Fed. R. Civ. P. 32(a)(8), also does foreclose consideration of deposition testimony taken in *Texas v. Holder*. A "deposition lawfully taken" simply denotes a deposition taken under Rule 30 in which the witness was sworn to speak truthfully. *See Lewis v. Likens*, No. 3:12-cv-1675, 2013 WL 366208, at *2 (S.D. W.Va. Feb. 20, 2013).

on the admission of hearsay, even if the statement is not covered by a specific hearsay exception. Rule 807 permits the admission of hearsay if

> (1) the statement has equivalent circumstantial guarantees of trustworthiness [as evidence that falls under the specific exceptions in Rules 803 and 804]; (2) it is offered as evidence of a material fact; (3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and (4) admitting it will best serve the purposes of these rules and the interests of justice.

Fed. R. Evid. 807(a).

"The 'equivalent circumstantial guarantees of trustworthiness' requirement is the 'lodestar of the residual hearsay exception analysis.'" *Payne v. Univ. of S. Miss.*, No. 1:12-cv-41, 2014 WL 1404732, at *6 (S.D. Miss. Apr. 10, 2014) (quoting *United States v. El-Mezain*, 664 F.3d 467, 498 (5th Cir. 2011)). Here, the prior trial testimony easily meets this requirement because it was sworn testimony that Defendants here, as the Plaintiff in *Texas v. Holder* and as similarly represented by the Office of the Texas Attorney General, had "an opportunity and similar motive to develop . . . by direct, cross, or redirect examination" as required by the exception for former testimony under Rule 804(b)(1). *Dartez v. Fibreboard Corp.*, 765 F.2d 456, 462-63 (5th Cir. 1985) (admitting "sworn testimony taken at [a previous] adversary proceeding"); *Perez v. Perry*, No. 11-CA-360, 2013 WL 4784917, at *2-3 (W.D. Tex. Sept. 6, 2013) (three-judge panel) (concluding that similar motive requirement was satisfied where plaintiffs in a proceeding under Section 2 of the Voting Rights Act sought to admit trial testimony from a related proceeding brought under Section 5 of the Voting Rights Act).[3]

---

[3] Because the testimony at issue consists of trial transcripts from the prior trial, Defendants have received adequate notice of the particulars of the hearsay to be offered. *See* Fed. R. Evid. 807(b).

There is no more probative evidence on these points that can be obtained "through reasonable efforts." Fed. R. Evid. 807(a)(4). The witnesses whose prior testimony is offered here are uniquely qualified to provide information on these topics. More importantly, during discovery, the Office of the Texas Attorney General resisted "[f]orcing the Legislators to sit for repetitive questioning when they have already voluntarily answered DOJ's questions." Mot. to Quash at 12. The Office of the Texas Attorney General's arguments, asserted in multiple motions to quash, would have made no sense had there not been an expectation that prior relevant testimony would be used in this proceeding. Moreover, it would be an unreasonable use of the time and resources of the Court, the parties, and the witnesses to require every witness to testify at trial to elicit the same testimony on the same issues in a trial between the same parties. *See Dartez*, 765 F.2d at 463 (noting that refusing to admit the prior testimony would "be an overly technical and arbitrary ruling, contrary to the spirit of the Federal Rules of Evidence which were designed to admit all trustworthy proof").

The conduct of the case to date indicates that Defendants regard prior sworn testimony as trustworthy. As noted above, Defendants have agreed to stipulate that "deposition testimony of any non-expert witness who resides within 100 miles of the Court may be received into evidence." 6/19/14 Email from Ezra Rosenberg to John Scott; 7/9/14 Email from John Scott to Ezra Rosenberg. This indicates the parties' acknowledgement that under the circumstances of this case, admission of prior sworn statements is reliable and appropriate. While the parties did not agree on a stipulation as to trial testimony, prior trial testimony is even more trustworthy than deposition testimony because the parties have the maximum motivation to develop testimony fully when it occurs in front of a fact-finder. Under the circumstances, there is no principled distinction between admitting deposition testimony gathered in this case (to which Defendants

have agreed) and trial testimony from a closely related proceeding (which Defendants want excluded).

While this Court has discretion under Rule 807(a)(4) to limit the introduction of prior trial testimony, *see United States v. Turner*, 561 Fed. App'x 312, 321 (5th Cir. 2014) (unpub.), the better course here is to permit admission of prior trial testimony where both discovery and trial time is limited. *See, e.g.*, *Pendergest-Holt v. Certain Underwriters at Lloyd's of London*, 751 F. Supp. 2d 876, 881 n.10 (S.D. Tex. 2010); *see also* Fed. R. Evid. 611(a) ("The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to . . . avoid wasting time."). While the Court will not have an opportunity to observe the witnesses' demeanors in the absence of live testimony, "this effect is tempered by the fact that this will be a non-jury trial." *Flores v. Bodden*, No. Civ. G-07-088, 2009 WL 2982803, at *2 (S.D. Tex. Sept. 10, 2009), *aff'd*, 488 Fed. App'x 770, 773-74 (5th Cir. 2012) (unpub.). The weight to be accorded such testimony is a matter for the Court's discretion.[4]

## III. CONCLUSION

For the reasons set forth above, the United States respectfully requests that this Court admit into evidence sworn deposition testimony and trial testimony from *Texas v. Holder*. A proposed order granting this motion is attached hereto.

---

[4] Although the *Perez* Court required that witnesses who had testified at trial in the related Section 5 litigation testify at trial in the Section 2 matter as well, *Perez*, 2013 WL 4784917, at *3, the circumstances there were dramatically different. First, the *Perez* Court declined to limit the duration of trial, yielding a schedule that has included several different trial sittings, six-day trial weeks, trial days longer than 10 hours, and phases of trial that have yet to be scheduled. Second, many of the witnesses who testified in the Section 5 litigation had testified in a two-week hearing conducted by the *Perez* Court in 2011. Therefore, less of the Section 5 trial testimony remained to be elicited live before the *Perez* court.

Date: August 22, 2014

KENNETH MAGIDSON
United States Attorney
Southern District of Texas

Respectfully submitted,

MOLLY J. MORAN
Acting Assistant Attorney General
Civil Rights Division


*/s/ Daniel J. Freeman*
T. CHRISTIAN HERREN, JR.
MEREDITH BELL-PLATTS
ELIZABETH S. WESTFALL
BRUCE I. GEAR
JENNIFER L. MARANZANO
ANNA M. BALDWIN
DANIEL J. FREEMAN
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

## **CERTIFICATE OF CONFERRAL**

  I hereby certify that over the course of multiple days, I attempted to meet and confer with counsel for the Defendants.  The attorney who I did reach was unable to meet and confer.  Attorneys with authority to meet and confer declined multiple attempts to discuss the substance of the instant motion.  Defendants have previously taken a position contrary to the instant motion, and it is the understanding of the United States that they continue to be opposed.

            */s/ Daniel J. Freeman*
            DANIEL J. FREEMAN
            Attorney, Voting Section
            Civil Rights Division
            U.S. Department of Justice
            950 Pennsylvania Avenue, N.W.
            Washington, D.C. 20530
            daniel.freeman@usdoj.gov

## **CERTIFICATE OF SERVICE**

   I hereby certify that on August 22, 2014, I served a true and correct copy of the foregoing via the Court's ECF system on the following counsel of record:

John B. Scott
John Reed Clay, Jr.
Gregory David Whitley
Jonathan F. Mitchell
Sean Flammer
Stephen Ronald Keister
Arthur D'Andrea
Jennifer Marie Roscetii
Lindsey Elizabeth Wolf
Stephen Tatum, Jr.
Office of the Texas Attorney General
john.scott@texasattorneygeneral.gov
reed.clay@texasattorneygeneral.gov
david.whitley@texasattorneygeneral.gov
jonathan.mitchell@texasattorneygeneral.gov
sean.flammer@texasattorneygeneral.gov
ronny.keister@texasattorneygeneral.gov
arthur.dandrea@texasattorneygeneral.gov
jennifer.roscetti@texasattorneygeneral.gov
lindsey.wolf@texasattorneygeneral.gov
stephen.tatum@texasattorneygeneral.gov

Ben Addison Donnell
Donnell Abernethy & Kieschnick
bdonnell@dakpc.com

*Counsel for Defendants*

Chad W. Dunn
Kembel Scott Brazil
Brazil & Dunn
chad@bradzilanddunn.com
scott@bazilanddunn.com

J. Gerald Hebert
Emma Simson
Campaign Legal Center
ghebert@campaignlegalcenter.org
esimson@campaignlegalcenter.org

Neil G. Baron
Law Offices of Neil G. Baron
neil@ngbaronlaw.com

Armand Derfner
Derfner, Altman, & Wilborn
aderfner@dawlaw.com

Luiz Roberto Vera, Jr.
lrvlaw@sbcglobal.net

*Counsel for Veasey Plaintiffs*

Christina Swarns
Ryan P. Haygood
Natasha M. Korgaonkar
Leah C. Aden
Deuel Ross
NAACP Legal Defense and Educational
  Fund, Inc.
cswarns@naacpldf.org
rhaygood@naacpldf.org
nkorgaonkar@naacpldf.org
laden@naacpldf.org
dross@naacpldf.org

Danielle Conley
Jonathan Paikin
Kelly P. Dunbar
Sonya L. Lebsack
Gerald J. Sinzdak
Lynn Eisenberg
Richard F. Shordt
WilmerHale LLP
danielle.conley@wilmerhale.com
jonathan.paikin@wilmerhale.com
kelly.dunbar@wilmerhale.com
sonya.lebsack@wilmerhale.com
Gerard.sinzdak@wilmerhale.com
Lynn.eisenberg@wilmerhale.com
richard.shordt@wilmerhale.com

*Counsel for Texas League of Young Voters Plaintiff-Intervenors*

Ezra D. Rosenberg
Amy L. Rudd
Lindsey Cohan
Dechert LLP
ezra.rosenberg@dechert.com
amy.rudd@dechert.com
lindsey.cohan@dechert.com

Wendy Weiser
Jennifer Clark
Myrna Pérez
Vishal Agraharkar
Brennan Center for Justice at NYU School of
  Law
wendy.weiser@nyu.edu
jenniferl.clark@nyu.edu
myrna.perez@nyu.edu
vishal.argraharkar@nyu.edu

Mark A. Posner
Sonia Kaur Gill
Erandi Zamora
Lawyers' Committee for Civil Rights
mposner@lawyerscommittee.org
sgill@lawyerscommittee.org
ezamora@lawyerscommittee.org

*Counsel for Texas State Conference of NAACP Branches Plaintiffs*

| | |
|---|---|
| Jose Garza<br>Marinda van Dalen<br>Robert W. Doggett<br>Peter McGraw<br>Kathryn Newell<br>Priscilla Noriega<br>Texas Rio Grande Legal Aid, Inc.<br>jgarza@trla.org<br>mvandalen@trla.org<br>rdoggett@trla.org<br>pmcgraw@trla.org<br>knewell@trla.org<br>pnoriega@trla.org<br><br>*Counsel for Ortiz Plaintiffs* | Rolando L. Rios<br>Law Offices of Rolando L. Rios<br>rrios@rolandorioslaw.com<br><br>*Counsel for Plaintiff-Intervenor Texas Association of Hispanic County Judges*<br><br><br>*/s/ Daniel J. Freeman*<br>Daniel J. Freeman<br>Voting Section<br>Civil Rights Division<br>U.S. Department of Justice<br>daniel.freeman@usdoj.gov |