IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> RICK PERRY, *et al.*, <br><br> Defendants. | Civil Action No. 2:13-cv-193 (NGR) <br> (Consolidated Action) |

**UNITED STATES' MOTION TO ADMIT DECLARATIONS OF COUNTY OFFICIALS**

The United States moves in limine for the admission of forty-four declarations from county officials who accept and process applications for election identification certificates (EICs) in counties in which the Texas Department of Public Safety (DPS) does not maintain a permanent driver license office.  *See* County Official Decls. (Ex. 1).  The declarations solely describe each official's job title and responsibilities, the location and hours of their office (including any plans to change them), the absence of a state driver license office in their county, the requirement for applying in-person for an EIC in their county, the number of EIC applications received in that county, and—in a limited number of cases—other simple details regarding program administration.

Federal Rule of Evidence 807 permits the admission of hearsay where the statement is trustworthy, offered as evidence of a material fact, and more probative than any other reasonably obtainable evidence and where admission serves the interest of justice.  The declarations at issue are signed under the penalty of perjury by disinterested government officials and address simple facts within the scope of the declarants' employment.  The declarations provide objective facts

from which the Court can draw conclusions about the actual effectiveness of the EIC program,

which is a material to determining the nature of the barriers that SB 14 poses to registered voters

who lack SB 14 identification.  Finally, county officials are in unique positions to provide

information regarding the administration of the county EIC program, and live testimony would

be unfeasible under the expedited trial schedule.  Accordingly, the United States respectfully

requests that this Court admit into evidence the attached declarations pursuant to Federal Rule of

Evidence 807.[1]

## I.     RULE 807 PERMITS THE ADMISSION OF RELIABLE HEARSAY MEETING SPECIFIED REQUIREMENTS.

Rule 807 establishes a residual exception to the general bar on the admission of hearsay,

even if the statement is not specifically covered by a hearsay exception in Rule 803 or 804.  The

Rule permits admission if:

> (1) the statement has equivalent circumstantial guarantees of
> trustworthiness; (2) it is offered as evidence of a material fact; (3)
> it is more probative on the point for which it is offered than any
> other evidence that the proponent can obtain through reasonable
> efforts; and (4) admitting it will best serve the purposes of [the
> Federal Rules of Evidence] and the interests of justice.

Fed. R. Evid. 807(a).  Rule 807 also requires fair notice of the hearsay statement prior to the trial

or hearing.  Fed. R. Evid. 807(b).

Trustworthiness—the "lodestar of the residual hearsay exception analysis," *United States*

*v. Walker*, 410 F.3d 754, 758 (5th Cir. 2005)—requires courts to examine "the totality of

circumstances that surround the making of the statement."  *Idaho v. Wright*, 497 U.S. 805, 820

(1990).  "[I]f the declarant's truthfulness is so clear from the surrounding circumstances that the

---

[1] This Court's Third Amended Scheduling Order contemplates the parties can pre-file any written direct examination or written declarations from witnesses by August 27, in lieu of live testimony, where they are made available for cross-examination at trial.  ECF No. 466 at para. 11 (S.D.Tex. Aug 11, 2014).  For the reasons described herein, the United States submits it is both unnecessary and impractical for the parties to devote trial time to these witnesses.

test of cross-examination would be of marginal utility, then the hearsay rule does not bar admission of the statement at trial." *Id.*

> [T]here are three sets of circumstances when hearsay is trustworthy enough to serve as a practicable substitute for the ordinary test of cross-examination: "Where the circumstances are such that a sincere and accurate statement would naturally be uttered, and no plan of falsification be formed; where, even though a desire to falsify might present itself, other considerations, such as the danger of easy detection on the fear of punishment, would probably counteract its force; where the statement was made under such conditions of publicity that an error, if it had occurred, would probably have been detected and corrected."

*Dallas Cnty. v. Comm'l Union Assur. Co.*, 286 F.2d 388, 397 (5th Cir. 1961) (quoting 5 *Wigmore on Evidence* § 1422 (3d ed. 1940)).

The Fifth Circuit has traditionally looked to the character of the declarant and has upheld the admission of statements by neutral government officials. *See, e.g.*, *United States v. Loalza-Vasquez*, 735 F.2d 153, 157 (5th Cir. 1984). Similarly, the Fifth Circuit has assessed whether a declarant has a motive towards truth or falsity. *See Dallas Cnty.*, 286 F.2d at 397; *see also United States v. Walker*, 410 F.3d 754, 758 (5th Cir. 2005) (distinguishing statements made when declarants "were already subject to deportation and had no incentive to lie"); *Malley v. Wal-Mart Stores, Inc.*, No. 1:12-cv-127, 2013 WL 2099917, at *4 (S.D. Miss. May 14, 2013) (finding untrustworthy a written statement produced "in anticipation of litigation in which [the declarant] had a pecuniary interest"). Courts within this Circuit have also assessed whether declarants were under oath, *see Walker*, 410 F.3d at 758, the declaration's proximity in time to the events it describes, *see Hicks v. Charles Pfizer & Co.*, 466 F. Supp. 2d 799, 809 (E.D. Tex. 2005), the simplicity of the evidence offered, *see id.*, and whether the declarant has "first-hand personal knowledge" of the facts in the declaration, *United States v. Skilling*, No. H:04-cr-25, 2006 WL 1155566, at *8 n.42 (S.D. Tex. Apr. 27, 2006).

The materiality requirement of Rule 807 simply mandates that hearsay statements constitute actual evidence relevant to a claim or defense at issue.  *See, e.g.*, *Dartez v. Fibreboard Corp.*, 765 F.2d 456, 463 (5th Cir. 1985); *Hicks*, 466 F. Supp. 2d at 811.  The required comparison between the hearsay offered and other evidence that could be offered "through reasonable efforts" allows for the admission of hearsay where "cross examination . . . would be of marginal utility."  *United States v. Ismoila*, 100 F.3d 380, 393 (5th Cir. 1996); *see also Loalza-Vasquez*, 735 F.2d at 158.  Most directly relevant to this case, the Fifth Circuit has permitted the use of declarations to establish straightforward facts from credible witnesses too numerous to offer at trial.  *See Ismoila*, 100 F.3d at 394 (permitting admission of declarations from 265 victims); *see also FTC v. Army Travel. Serv., Inc.*, 875 F.2d 564, 576 (7th Cir. 1989) (affirming admission of affidavits from alleged victims of a telephone scam because "it would be cumbersome and unnecessarily expensive to bring all the consumers in for live testimony").

## II.   THE DECLARATIONS OF COUNTY OFFICIALS MEET THE REQUIREMENTS OF RULE 807.

The declarations signed by county officials currently accepting EIC applications meet Rule 807requirements , as they bear strong circumstantial guarantees of trustworthiness, are offered as evidence of the failure to mitigate impediments to minority voting created by SB 14, and cannot be reasonably supplanted by an offer of live testimony.  Admitting the declarations is consistent with the purposes of the Federal Rules of Evidence and the interests of justice.

Declarations offered by disinterested, third-party officials are by their nature replete with circumstantial guarantees of trustworthiness.  *Cf.* Fed. R. Evid. 803(8).  The declarations concern information well within the scope of the county officials' employment and contain no "difficult, qualitative issues that would involve complicated issues of perception and description," nor any statements "tainted" by the passage of time.  *Hicks*, 466 F. Supp. 2d at 809.  In addition, the

4

declarants had strong incentives to tell the truth, most plainly because of the sworn nature of the declarations and the potential to be called and cross-examined at trial.  If anything, the county declarations here tend to be against interest, since it would be expected that county officials would tout any successes of their own county-based and county-funded EIC programs.  *Cf.* Fed. R. Evid. 804(b)(3).  The declarations tell the opposite story.

The declarations are substantial evidence concerning the question of effectiveness of the State of Texas's recruitment of county officials to accept EIC applications in counties where there are no DPS offices.  The effectiveness of this program is material evidence regarding the United States' claim under Section 2 of the Voting Rights Act, 42 U.S.C. § 1973.  *See Veasey v. Perry*, ___ F. Supp. 2d ___, 2014 WL 3002413, at *20-21 (S.D. Tex. July 2, 2014) (ECF No. 385) ("There is no reason to believe that the distance of DPS offices would not affect voters' ability to obtain an EIC.").  The declarations establish the locations and limited operating hours of the county offices at issue, which is information that is not available from DPS.  *See* Driver License Division, *County Locations Issuing Election Identification Certificates* (Ex. 2).  More critically, the declarations establish that thirty-two of the forty-four counties that agreed to sign declarations have received zero EIC applications and that no such county has received more than nine EIC applications.

These declarations are also the best source of evidence for the facts they state.  The declarants are uniquely qualified to provide evidence regarding the county EIC program, and "the trustworthiness of the statements at issue is so clear" that there would be no added probative value to live testimony.  *Ismoila*, 100 F.3d at 393.  Observation of demeanor and cross-examination would provide little to no value with regard to the dry facts set out in the declarations.  Because live testimony would provide at best a marginal benefit to the Court,

5

seriatim testimony from forty-four county officials would be an unreasonable waste of both the Court's and the county officials' time and resources. *Cf.* Fed. R. Evid. 102 ("These rules should be construed so as to . . . eliminate unjustifiable expense and delay.").

Because the county officials' declarations are trustworthy, material, and probative, their admission will best serve the purposes of the Federal Rules of Evidence and the interests of justice. *See, e.g.*, *Pendergest-Holt v. Certain Underwriters at Lloyd's of London*, 751 F. Supp. 2d 876, 881 n.10 (S.D. Tex. 2010); *see also* Fed. R. Evid. 102 ("These rules should be construed so as to administer every proceeding fairly, eliminate unjustifiable expense and delay, and promote the development of evidence law, to the end of ascertaining the truth and securing a just determination.").

The United States provided Defendants with copies of the declarations on June 27, *see* App'x 3 to Expert Report of Gerald R. Webster (ECF No. 359-4), and has directed Defendants to the declarations during the conferral process. Therefore, the United States has provided "reasonable notice of the intent to offer the statement[s] and [their] particulars." Fed. R. Evid. 807(b).

## III.    <u>CONCLUSION</u>

For the reasons set forth above, the United States respectfully requests that this Court admit into evidence the declarations of county administrators attached hereto. A proposed order granting this motion is attached hereto.

Date:  August 22, 2014

Respectfully submitted,

KENNETH MAGIDSON
United States Attorney
Southern District of Texas

MOLLY J. MORAN
Acting Assistant Attorney General
Civil Rights Division

_/s/ Daniel J. Freeman_____
T. CHRISTIAN HERREN, JR.
MEREDITH BELL-PLATTS
ELIZABETH S. WESTFALL
BRUCE I. GEAR
JENNIFER L. MARANZANO
ANNA M. BALDWIN
DANIEL J. FREEMAN
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

## CERTIFICATE OF CONFERRAL

I hereby certify that over the course of multiple days, I attempted to meet and confer with counsel for the Defendants.  Counsel for the Defendants have stated that Defendants are unable to meet and confer because they have been unable to review the declarations, notwithstanding the fact that they first received the declarations in June 2014.

*/s/ Daniel J. Freeman*
DANIEL J. FREEMAN
Attorney, Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
daniel.freeman@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2014, I served a true and correct copy of the foregoing via the Court's ECF system on the following counsel of record:

John B. Scott
John Reed Clay, Jr.
Gregory David Whitley
Jonathan F. Mitchell
Sean Flammer
Stephen Ronald Keister
Arthur D'Andrea
Jennifer Marie Roscetii
Lindsey Elizabeth Wolf
Stephen Tatum, Jr.
Office of the Texas Attorney General
john.scott@texasattorneygeneral.gov
reed.clay@texasattorneygeneral.gov
david.whitley@texasattorneygeneral.gov
jonathan.mitchell@texasattorneygeneral.gov
sean.flammer@texasattorneygeneral.gov
ronny.keister@texasattorneygeneral.gov
arthur.dandrea@texasattorneygeneral.gov
jennifer.roscetti@texasattorneygeneral.gov
lindsey.wolf@texasattorneygeneral.gov
stephen.tatum@texasattorneygeneral.gov

Ben Addison Donnell
Donnell Abernethy & Kieschnick
bdonnell@dakpc.com

*Counsel for Defendants*

Chad W. Dunn
Kembel Scott Brazil
Brazil & Dunn
chad@bradzilanddunn.com
scott@bazilanddunn.com

J. Gerald Hebert
Emma Simson
Campaign Legal Center
ghebert@campaignlegalcenter.org
esimson@campaignlegalcenter.org

Neil G. Baron
Law Offices of Neil G. Baron
neil@ngbaronlaw.com

Armand Derfner
Derfner, Altman, & Wilborn
aderfner@dawlaw.com

Luiz Roberto Vera, Jr.
lrvlaw@sbcglobal.net

*Counsel for Veasey Plaintiffs*

Christina Swarns
Ryan P. Haygood
Natasha M. Korgaonkar
Leah C. Aden
Deuel Ross
NAACP Legal Defense and Educational
    Fund, Inc.
cswarns@naacpldf.org
rhaygood@naacpldf.org
nkorgaonkar@naacpldf.org
laden@naacpldf.org
dross@naacpldf.org

Danielle Conley
Jonathan Paikin
Kelly P. Dunbar
Sonya L. Lebsack
Gerald J. Sinzdak
Lynn Eisenberg
Richard F. Shordt
WilmerHale LLP
danielle.conley@wilmerhale.com
jonathan.paikin@wilmerhale.com
kelly.dunbar@wilmerhale.com
sonya.lebsack@wilmerhale.com
Gerard.sinzdak@wilmerhale.com
Lynn.eisenberg@wilmerhale.com
richard.shordt@wilmerhale.com

*Counsel for Texas League of Young Voters*
*Plaintiff-Intervenors*

Ezra D. Rosenberg
Amy L. Rudd
Lindsey Cohan
Dechert LLP
ezra.rosenberg@dechert.com
amy.rudd@dechert.com
lindsey.cohan@dechert.com

Wendy Weiser
Jennifer Clark
Myrna Pérez
Vishal Agraharkar
Brennan Center for Justice at NYU School of
    Law
wendy.weiser@nyu.edu
jenniferl.clark@nyu.edu
myrna.perez@nyu.edu
vishal.argraharkar@nyu.edu

Mark A. Posner
Sonia Kaur Gill
Erandi Zamora
Lawyers' Committee for Civil Rights
mposner@lawyerscommittee.org
sgill@lawyerscommittee.org
ezamora@lawyerscommittee.org

*Counsel for Texas State Conference of*
*NAACP Branches Plaintiffs*

Jose Garza
Marinda van Dalen
Robert W. Doggett
Peter McGraw
Kathryn Newell
Priscilla Noriega
Texas Rio Grande Legal Aid, Inc.
jgarza@trla.org
mvandalen@trla.org
rdoggett@trla.org
pmcgraw@trla.org
knewell@trla.org
pnoriega@trla.org

*Counsel for Ortiz Plaintiffs*

Rolando L. Rios
Law Offices of Rolando L. Rios
rrios@rolandorioslaw.com

*Counsel for Plaintiff-Intervenor Texas
Association of Hispanic County Judges*



*/s/ Daniel J. Freeman*
Daniel J. Freeman
Voting Section
Civil Rights Division
U.S. Department of Justice
daniel.freeman@usdoj.gov