UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARC VEASEY, *et al.*, § | | |
| § | | |
| Plaintiffs, § | | |
| VS. § | CIVIL ACTION NO. 2:13-CV-00193 | |
| § | | |
| RICK PERRY, *et al.*, § | | |
| § | | |
| Defendants. § | | |

**DEFENDANTS' RESPONSE TO PLAINTIFF UNITED STATES' MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE ALLEGATIONS AND DEFENSES AND/OR MOTION FOR LEAVE TO AMEND THEIR CORRECTED ANSWER**

In their Corrected Answer to Plaintiff United States' Complaint, Defendants have asserted certain Affirmative Allegations and Defenses ("allegations and defenses") related to equitable relief under section 3(c) of the Voting Rights Act ("VRA"). (ECF No. 417 at 13-23). The United States moves to strike the allegations and defenses on grounds that they "are not tied to any claim or potential remedy pending before this Court" and "serve no permissible purpose with respect to the issues in this case." (ECF No. 456 at 6). The motion should be denied in full because the allegations and defenses bear directly on the issue of whether bail-in under section 3(c), a remedy the United States seeks in this case, is appropriate.

Courts do not favor and rarely grant motions to strike, viewing them "as a potentially dilatory tactic." *See Reedy v. CITGO Petroleum Corp.*, No. H.-10-cv-2971, 2011 WL 797498, at *2 (S.D. Tex. Feb. 28, 2011) (citing *Pucket v. United States*, 82 F.Supp.2d 660, 662 (S.D. Tex. 1999)). As the Fifth Circuit has long held,

1

"[m]atter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation." *Pan Am. Life Ins. Co. v. Blanco*, 311 F.2d 424, 428 n.13 (5th Cir. 1962). "If there is any doubt as to whether under any contingency the matter may raise an issue, the motion should be denied." *Id.*

As with motions to strike, bail-in under Section 3(c) is rarely granted. Bail-in is an equitable remedy that requires a State to obtain "preclearance" from federal officials before any new law relating to voting can take effect. Under the plain language of section 3(c), a court may not order bail-in unless there is a finding of a Fourteenth or Fifteenth Amendment violation "justifying equitable relief." 42 U.S.C. § 1973a(c). Even if constitutional violations are found, the Supreme Court has cautioned that the bail-in remedy must be reserved for only the most extraordinary situations, those in which a jurisdiction is found to practice "'pervasive,' 'flagrant,' 'widespread,' and 'rampant' discrimination" that cannot be remedied through normal litigation. *Shelby County, Ala. v. Holder*, 133 S. Ct. 2612, 2629 (2013). The party seeking bail-in bears the significant burden of demonstrating that "there exists some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive." *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1959). Unless the party can show that some "real or immediate" irreparable injury will result from the allegedly discriminatory practice sought to be enjoined, bail-in is not justified. *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983).

2

The United States seeks bail-in and must therefore prove that it is justified. Defendants, in turn, must respond and demonstrate that it is not. *See* Fed. R. Civ. Pro. 8(b)(1)(A) ("In responding to a pleading, a party must state in short and plain terms its defenses to each claim asserted against it."). Given the rare and serious nature of bail-in as a remedy, a court weighing its justification should consider all relevant factors, including among other things the manner in which the VRA is enforced by the entity charged with enforcing it. Defendants allege in plain and simple terms that the Voting Section, Civil Rights Division of the Department of Justice enforces the VRA in a partisan and racially discriminatory manner, particularly with regard to voting laws in Texas. *See, e.g.,* ECF No. 417 at 22 (stating that DOJ has declined to use section 2 to challenge similar voter ID laws enacted in eleven other states). Equitable relief under section 3(c) cannot be justified where the body of law under which it exists is enforced inequitably.

Moreover, DOJ's unequal application of the VRA raises equal protection concerns under the Fourteenth Amendment—concerns that are particularly relevant to a section 3(c) analysis in the wake of *Shelby County*, where the Supreme Court placed the entire preclearance regime on tenuous constitutional grounds. *See Shelby County*, 133 S. Ct. at 2620 (holding that the very existence of a "preclearance" requirement raises grave constitutional questions"). Defendants' allegations and defenses are not offered for nothing; each one of them bears directly on these serious and relevant issues underlying the extraordinary act of bailing-in a State under section 3(c).

In its motion to strike, the United States makes generalized, nebulous assertions about the prejudicial effects of Defendants' allegations and defenses. *See* ECF No. 456 at 7-8 (referring generally to the expenditure of time and resources). But none of these alleged effects appear to prejudice the United States in any specific or meaningful way. *Cf. Rodriguez v. Physician Laboratory Services, LLC*, No. 7:13-cv-622, 2014 WL 847126, at *2 (S.D. Tex. Mar. 4, 2014) (citing another federal court's recognition of "the low likelihood that motions to strike affirmative defenses would expedite the litigation") (internal citations omitted). More than mere conclusory statements about unfair prejudice are needed to justify a motion to strike under Rule 12(f) of the Rules of Civil Procedure. *See Auto Wax Co., Ins. v. Mothers Polishes Waxes Auto Wax Co.*, 2002 WL 368526, at *8 (N.D. Tex. Mar. 5, 2002).

## **Conclusion**

Defendants' Affirmative Allegations and Defenses relate directly to the issue of whether bail-in under section 3(c) of the Voting Rights Act, which the United States seeks, is justified. Therefore, Defendants respectfully request that the Court deny United States' Motion to Strike, or, in the alternative, grant Defendants leave under Rule 15(a)(2) of the Rules of Civil Procedure to amend their Corrected Answer to include a counterclaim challenging the constitutionality of section 3(c). *See also Jebaco Inc. v. Harrah's Operating Co., Inc.*, 587 F.3d 314, 322 (5th Cir. 2009) (stating generally that leave to amend should be freely granted).

Pursuant to Local Rule 7.4(D), a proposed order denying the United States Motion to Strike Defendants' Affirmative Allegations and Defenses and/or granting Defendants' Motion for Leave to Amend Its Corrected Answer is attached hereto.

Dated:  August 22, 2014

    Respectfully submitted,

    GREG ABBOTT
    Attorney General of Texas

    DANIEL T. HODGE
    First Assistant Attorney General

    JONATHAN F. MITCHELL
    Solicitor General

    J. REED CLAY, JR.
    Special Assistant and Senior Counsel
    to the Attorney General
    Southern District of Texas No. 1160600

    */s/ John B. Scott*
    JOHN B. SCOTT
    Deputy Attorney General for Civil Litigation
    Southern District of Texas No. 10418
    ATTORNEY-IN-CHARGE

    G. DAVID WHITLEY
    Assistant Deputy Attorney General
    Southern District of Texas No. 2080496

    STEPHEN RONALD KEISTER
    Assistant Attorney General
    Southern District of Texas No. 18580

    JENNIFER MARIE ROSCETTI
    Assistant Attorney General
    Southern District of Texas No. 224780

LINDSEY ELIZABETH WOLF
Assistant Attorney General
Southern District of Texas No. 2292940

FRANCES WHITNEY DEASON
Assistant Attorney General
Southern District of Texas No. 2302872

STEPHEN LYLE TATUM, JR.
Assistant Attorney General
Southern District of Texas No. 2338090

209 West 14th Street
P.O. Box 12548
Austin, Texas 70711-2548
(512) 475-0131

BEN A. DONNELL
Donnell, Abernethy & Kieschnick
555 N. Carancahua, Suite 1770
Corpus Christi, Texas 78401-0853
Southern District of Texas No. 5689

COUNSEL FOR THE STATE OF TEXAS, RICK PERRY, JOHN STEEN, and STEVE MCCRAW

## **CERTIFICATE OF SERVICE**

    I hereby certify that on August 22, 2014, a true and correct copy of the foregoing document was served to all counsel of record via the Court's ECF system.

                                             */s/ John B. Scott*
                                             JOHN B. SCOTT