# Exhibit 2

**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | |
|---|---|
| MARC VEASEY, JANE HAMILTON, SERGIO DELEON, FLOYD J. CARRIER, ANNA BURNS, MICHAEL MONTEZ, PENNY POPE, OSCAR ORTIZ, KOBY OZIAS, JOHN MELLOR-CRUMLEY, PEGGY HERMAN, EVELYN BRICKNER, GORDON BENJAMIN, KEN GANDY, LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), AND DALLAS COUNTY, TEXAS,<br>*Plaintiffs,*<br>v.<br><br>RICK PERRY, Governor of Texas; and JOHN STEEN, Texas Secretary of State,<br>*Defendants.* | CIVIL ACTION NO. 2:13-CV-193 (NGR) [Lead case] |

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiffs,*<br><br>TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND AND IMANI CLARK,<br>*Plaintiff-Intervenors,*<br><br>TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, AND HIDALGO COUNTY,<br>*Plaintiff-Intervenors,*<br>v.<br><br>STATE OF TEXAS, JOHN STEEN, in his official capacity as Texas Secretary of State; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety,<br>*Defendants.* | CIVIL ACTION NO. 2:13-CV-263 (NGR) [Consolidated case] |

| | |
|---|---|
| TEXAS STATE CONFERENCE OF NAACP BRANCHES; and the MEXICAN AMERICAN LEGISLATIVE CAUCUS OF THE TEXAS HOUSE OF REPRESENTATIVES,<br>        *Plaintiffs,*<br>v.<br><br>JOHN STEEN, in his official capacity as Secretary of State of Texas; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety,<br>        *Defendants.* | CIVIL ACTION NO.<br>2:13-CV-291 (NGR)<br>[Consolidated case] |
| BELINDA ORTIZ, LENARD TAYLOR, EULALIO MENDEZ JR., LIONEL ESTRADA; ESTELA GARCIA ESPINOSA, LYDIA LARA, MARGARITO MARTINEZ LARA, MAXIMINA MARTINEZ LARA, AND *LA UNION DEL PUEBLO ENTERO, INC.*<br>        *Plaintiffs,*<br>v.<br><br>STATE OF TEXAS, JOHN STEEN, in his official capacity as Texas Secretary of State; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety,<br>        *Defendants.* | CIVIL ACTION NO.<br>2:13-CV-348 (NGR)<br>[Consolidated case] |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF UNITED STATES' CORRECTED SECOND SET OF REQUESTS FOR ADMISSION**

**TO:**   All Plaintiffs and Plaintiff-Intervenors, by and through their attorneys of record.

        Pursuant to Rule 36 of the Federal Rules of Civil Procedure, the State of Texas, Rick Perry, John Steen and Steve McCraw, serve these Objections and Responses to Plaintiff United States' Corrected Second Set of Requests for Admission.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JONATHAN F. MITCHELL
Solicitor General

J. REED CLAY, JR.
Special Assistant and Senior Counsel
to the Attorney General
Southern District of Texas No. 1160600

*/s/ John B. Scott*
JOHN B. SCOTT
Deputy Attorney General for Civil Litigation
Southern District of Texas No. 10418
Texas State Bar No. 17901500
ATTORNEY-IN-CHARGE

G. DAVID WHITLEY
Assistant Deputy Attorney General
Southern District of Texas No. 2080496

STEPHEN RONALD KEISTER
Assistant Attorney General
Southern District of Texas No. 18580

JENNIFER MARIE ROSCETTI
Assistant Attorney General
Southern District of Texas No. 224780

LINDSEY ELIZABETH WOLF
Assistant Attorney General
Southern District of Texas No. 2292940

FRANCES WHITNEY DEASON
Assistant Attorney General
Southern District of Texas No. 2302872

209 West 14th Street
P.O. Box 12548
Austin, Texas 70711-2548
(512) 475-0131

BEN A. DONNELL
Donnell, Abernethy & Kieschnick
555 N. Carancahua, Suite 1770
Corpus Christi, Texas 78401-0853
Southern District of Texas No. 5689

COUNSEL FOR THE STATE OF TEXAS,
RICK PERRY, JOHN STEEN, and STEVE
MCCRAW

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF UNITED STATES'
CORRECTED SECOND SET OF REQUESTS FOR ADMISSION**

1.   Admit that during the pendency of Texas v. United States, the State of Texas produced to the United States the document attached as Exhibit A, entitled "Racially Polarized Voting Analysis."

**OBJECTION:**   The language "during the pendency" and "produced" is undefined, vague and ambiguous rendering this request difficult to fairly admit or deny.   Further, Defendants object to this request as it calls upon them to make an admission with respect to documents that were not authored, created or otherwise generated by the Defendants to this litigation.   Further, "Exhibit A" contains approximately 745 pages of what appears to be statistical data and does not bear sufficient identification necessary to support its authenticity or to support the assertion that the particular pages were in fact "produced" in prior litigation; thus, rendering the request difficult to fairly admit or deny.   Further, Defendants object as the request is beyond the scope of permissible discovery because the request seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to conduct and actions in a cause of action that is not before the court.

   Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

2.   Admit the document attached as Exhibit A, entitled "Racially Polarized Voting Analysis" regards Texas Senate Plan 148.

**OBJECTION:**   The language "regards Texas Senate Plan 148" is undefined, vague and ambiguous rendering this request difficult to fairly admit or deny.   Further, the Plaintiff has not attached a document styled "Texas Senate Plan 148" as an exhibit to its request.   Further, Defendants object to this request as it calls upon them to make an admission with respect to documents that were not authored, created or otherwise generated by the Defendants to this litigation.   Further, "Exhibit A" appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data.   Thus, any admission by the Defendants with respect to the creation or interpretation of "Exhibit A" would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the creation and interpretation of documents that were not authored, created or otherwise generated by the Defendants, and are not relevant to this cause of action.

   Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

3.   Admit the document attached as Exhibit A, entitled "Racially Polarized Voting Analysis"

is dated 5/18/2011.

**OBJECTION:** The language "is dated 5/18/2011" is undefined, vague and ambiguous rendering this request difficult to fairly admit or deny. Further, Defendants object to this request as it calls upon them to make an admission with respect to documents that were not authored, created or otherwise generated by the Defendants to this litigation. Further, "Exhibit A" appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data. Thus, any admission by the Defendants with respect to the creation or interpretation of "Exhibit A" would be based upon conjecture and speculation, not based upon facts. Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the creation and interpretation of documents that were not authored, created or otherwise generated by the Defendants, and are not relevant to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

4. Admit that the document attached as Exhibit A, entitled "Racially Polarized Voting Analysis," is a true and correct copy of a document produced to the United States by the State of Texas in Texas v. United States.

**OBJECTION:** The language "produced to the United States" is undefined, vague and ambiguous rendering this request difficult to fairly admit or deny. Further, Defendants object to this request as it calls upon them to make an admission with respect to documents that were not authored, created or otherwise generated by the Defendants to this litigation. Further, "Exhibit A" contains approximately 745 pages of what appears to be statistical data and does not bear sufficient identification necessary to support its authenticity or to support the assertion that the particular pages were in fact "produced" in prior litigation; thus, rendering the request difficult to fairly admit or deny. Further, Defendants object as the request is beyond the scope of permissible discovery because the request seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to conduct and action in a cause of action that is not before the court.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

5. Admit that the document attached as Exhibit A, entitled "Racially Polarized Voting Analysis," and dated 5/18/2011, was created by staff of the Texas Office of the Attorney General.

**OBJECTION:** The language "and dated 5/18/2011" and "created by staff of the Texas Office of the Attorney General" is undefined, vague and ambiguous rendering this request difficult to fairly

admit or deny.  Further, Defendants object to this request as it calls upon them to make an admission with respect to documents that were not authored, created or otherwise generated by the Defendants to this litigation.   Further, "Exhibit A" appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data.   Thus, any admission by the Defendants with respect to the creation or interpretation of "Exhibit A" would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the creation and interpretation of documents that were not authored, created or otherwise generated by the Defendants, and are not relevant to this cause of action. Further, Defendants object as this request calls upon them to make an admission with respect to the conduct or actions of an entity that is not a party defendant to this cause of action.  Such an admission would be based upon speculation and /or hearsay, not knowledge of facts.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

6.      Admit that the document attached as Exhibit A, entitled "Racially Polarized Voting Analysis," and dated 5/18/2011, was created in the Texas Office of the Attorney General using the computer program SAS.

**OBJECTION:**        The language "and dated 5/18/2011", "created in the Texas Office of the Attorney General", and "computer program SAS" is undefined, vague and ambiguous rendering this request difficult to fairly admit or deny.   Further, Defendants object to this request as it calls upon them to make an admission with respect to documents that were not authored, created or otherwise generated by the Defendants to this litigation.   Further, "Exhibit A" appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data.   Thus, any admission by the Defendants with respect to the creation or interpretation of "Exhibit A" would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the creation and interpretation of documents that were not authored, created or otherwise generated by the Defendants, and are not relevant to this cause of action. Further, Defendants object as this request calls upon them to make an admission with respect to the conduct or actions of an entity that is not a party defendant to this cause of action.  Such an admission would be based upon speculation and /or hearsay, not knowledge of facts.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

7.      Admit that Joshua Zahn wrote the computer program for SAS that was used to create the

document attached as Exhibit A, entitled "Racially Polarized Voting Analysis," and dated 5/18/2011.

**OBJECTION:** The language "Joshua Zahn wrote the computer program for SAS that was used to create the document attached" and "dated 5/18/2011" is undefined, vague and ambiguous rendering this request difficult to fairly admit or deny. Further, Defendants object to this request as it calls upon them to make an admission with respect to documents that were not authored, created or otherwise generated by the Defendants to this litigation. Further, "Exhibit A" appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data. Thus, any admission by the Defendants with respect to the creation or interpretation of "Exhibit A" would be based upon conjecture and speculation, not based upon facts. Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the creation and interpretation of documents that were not authored, created or otherwise generated by the Defendants, and are not relevant to this cause of action. Further, Defendants object as this request calls upon them to make an admission with respect to the conduct or actions of an entity that is not a party defendant to this cause of action. Such an admission would be based upon speculation and /or hearsay, not knowledge of facts.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

8.  Admit that Joshua Zahn was employed by the Legal Technical Support Division of the Texas Office of the Attorney General at the time that he wrote the computer program for SAS that was used to create the document attached as Exhibit A, entitled "Racially Polarized Voting Analysis," and dated 5/18/2011.

**OBJECTION:** The language "Joshua Zahn was employed by the Legal Technical Support Division of the Texas Office of the Attorney General", "wrote the computer program for SAS that was used to create the document attached", and "and dated 5/18/2011" is undefined, vague and ambiguous rendering this request difficult to fairly admit or deny. Further, Defendants object to this request as it calls upon them to make an admission with respect to documents that were not authored, created or otherwise generated by the Defendants to this litigation. Further, "Exhibit A" appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data. Thus, any admission by the Defendants with respect to the creation or interpretation of "Exhibit A" would be based upon conjecture and speculation, not based upon facts. Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the creation and interpretation of documents that were not authored, created or otherwise generated by the Defendants, and are not relevant to this cause of action. Further, Defendants object as this request

calls upon them to make an admission with respect to the conduct or actions of an entity that is not a party defendant to this cause of action. Such an admission would be based upon speculation and /or hearsay, not knowledge of facts.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

9.     Admit that "PlanS148," as used in the document attached as Exhibit A, is the name of the legislatively-enacted redistricting plan for the Texas Senate that was passed by the Texas Legislature in 2011.

**OBJECTION:** The language "PlanS148," as used in the document attached" is undefined, vague and ambiguous rendering this request difficult to fairly admit or deny. Further, the Plaintiff has not attached a document styled "PlanS148" as an exhibit to this request. Further, Defendants object to this request as it calls upon them to make an admission with respect to documents that were not authored, created or otherwise generated by the Defendants to this litigation. Further, "Exhibit A" appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data. Thus, any admission by the Defendants with respect to the creation or interpretation of "Exhibit A" would be based upon conjecture and speculation, not based upon facts. Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the creation and interpretation of documents that were not authored, created or otherwise generated by the Defendants, and are not relevant to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

10.     Admit that the document attached as Exhibit A, entitled "Racially Polarized Voting Analysis," regarding Texas Senate Plan 148 and dated 5/18/2011, was made available to members of the Texas Legislature.

**OBJECTION:** The language "regarding Texas Senate Plan 148 and dated 5/18/2011" and "made available to members of the Texas Legislature" is undefined, vague and ambiguous rendering this request difficult to fairly admit or deny. Further, Plaintiff has not attached a document styled "Texas Senate Plan 148" as an exhibit to this request. Further, Defendants object to this request as it calls upon them to make an admission with respect to documents that were not authored, created or otherwise generated by the Defendants to this litigation. Further, "Exhibit A" appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data. Thus, any admission by the Defendants with respect to the creation or interpretation of "Exhibit A" would be based upon conjecture and speculation, not based upon facts. Further, Defendants object as the request is beyond the scope

of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the creation and interpretation of documents that were not authored, created or otherwise generated by the Defendants, and are not relevant to this cause of action. Further, Defendants object as this request calls upon them to make an admission with respect to the conduct or actions of an entity that is not a party defendant to this cause of action. Such an admission would be based upon speculation and /or hearsay, not knowledge of facts.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

11.    Admit that the document attached as Exhibit A, entitled "Racially Polarized Voting Analysis," regarding Texas Senate Plan 148 and dated 5/18/2011, was made available to members of the Texas Legislature by the Office of the Texas Attorney General.

**OBJECTION:** The language "regarding Texas Senate Plan 148 and dated 5/18/2011", and "made available to members of the Texas Legislature" is undefined, vague and ambiguous rendering this request difficult to fairly admit or deny. Further, Plaintiff has not attached a document styled "Texas Senate Plan 148" as an exhibit to this request. Further, Defendants object to this request as it calls upon them to make an admission with respect to documents that were not authored, created or otherwise generated by the Defendants to this litigation. Further, "Exhibit A" appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data. Thus, any admission by the Defendants with respect to the creation or interpretation of "Exhibit A" would be based upon conjecture and speculation, not based upon facts. Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the creation and interpretation of documents that were not authored, created or otherwise generated by the Defendants, and are not relevant to this cause of action. Further, Defendants object as this request calls upon them to make an admission with respect to the conduct or actions of an entity that is not a party defendant to this cause of action. Such an admission would be based upon speculation and /or hearsay, not knowledge of facts.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

12.    Admit that the document attached as Exhibit A, entitled "Racially Polarized Voting Analysis," regarding Texas Senate Plan 148 and dated 5/18/2011, was made available to staff of the House Redistricting Committee of the Texas Legislature.

**OBJECTION:**   The language "regarding Texas Senate Plan 148 and dated 5/18/2011" and "was made available to staff" is undefined, vague and ambiguous rendering this request difficult to

fairly admit or deny.  Further, Plaintiff has not attached a document styled "Texas Senate Plan 148" as an exhibit to this request.  Further, Defendants object to this request as it calls upon them to make an admission with respect to documents that were not authored, created or otherwise generated by the Defendants to this litigation.  Further, "Exhibit A" appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data.  Thus, any admission by the Defendants with respect to the creation or interpretation of "Exhibit A" would be based upon conjecture and speculation, not based upon facts.  Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the creation and interpretation of documents that were not authored, created or otherwise generated by the Defendants, and are not relevant to this cause of action.  Further, Defendants object as this request calls upon them to make an admission with respect to the conduct or actions of an entity that is not a party defendant to this cause of action.  Such an admission would be based upon speculation and /or hearsay, not knowledge of facts.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

13.     Admit that the document attached as Exhibit A, entitled "Racially Polarized Voting Analysis," regarding Texas Senate Plan 148 and dated 5/18/2011, was made available to staff of the Senate Select Committee on Redistricting.

**OBJECTION:**  The language "regarding Texas Senate Plan 148 and dated 5/18/2011" and "was made available to staff" is undefined, vague and ambiguous rendering this request difficult to fairly admit or deny.  Further, Plaintiff has not attached a document styled "Texas Senate Plan 148" as an exhibit to this request.  Further, Defendants object to this request as it calls upon them to make an admission with respect to documents that were not authored, created or otherwise generated by the Defendants to this litigation.  Further, "Exhibit A" appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data.  Thus, any admission by the Defendants with respect to the creation or interpretation of "Exhibit A" would be based upon conjecture and speculation, not based upon facts.  Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the creation and interpretation of documents that were not authored, created or otherwise generated by the Defendants, and are not relevant to this cause of action.  Further, Defendants object as this request calls upon them to make an admission with respect to the conduct or actions of an entity that is not a party defendant to this cause of action.  Such an admission would be based upon speculation and /or hearsay, not knowledge of facts.

Subject to and without waiving the above objections, and as demonstrated above, the

Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

14.   Admit that the document attached as Exhibit B, entitled "Racially Polarized Voting Analysis," regarding Texas Board of Education Plan 120 and dated 4/27/2011, is a true and correct copy of a document produced to the United States by the State of Texas in *Texas v. United States*.

**OBJECTION:**   The language "regarding Texas Board of Education Plan 120", "and dated 4/27/2011", and "produced to the United States" is undefined, vague and ambiguous rendering this request difficult to fairly admit or deny.   Further, the Plaintiff has not attached a document styled "Texas Board of Education Plan 120" as an exhibit to this request.   Further, Defendants object to this request as it calls upon them to make an admission with respect to documents that were not authored, created or otherwise generated by the Defendants to this litigation.   Further, "Exhibit B" contains approximately 376 pages of what appears to be statistical data and does not bear sufficient identification necessary to support its authenticity or to support the assertion that the particular pages were in fact "produced" in prior litigation; thus, rendering the request difficult to fairly admit or deny.   Further, Defendants object as the request is beyond the scope of permissible discovery because the request seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to conduct and action in a cause of action that is not before the court.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

15.   Admit that the document attached as Exhibit B, entitled "Racially Polarized Voting Analysis," and dated 4/27/2011, was created by staff of the Texas Office of the Attorney General.

**OBJECTION:**   The language "and dated 4/27/2011" and "created by staff of the Texas Office of the Attorney General" is undefined, vague and ambiguous rendering this request difficult to fairly admit or deny.   Further, Defendants object to this request as it calls upon them to make an admission with respect to documents that were not authored, created or otherwise generated by the Defendants to this litigation.   Further, "Exhibit B" appears to contain approximately 376 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data.   Thus, any admission by the Defendants with respect to the creation or interpretation of "Exhibit B" would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the creation and interpretation of documents that were not authored, created or otherwise generated by the Defendants, and are not relevant to this cause of action. Further, Defendants object as this request calls upon them to make an admission with respect to the

conduct or actions of an entity that is not a party defendant to this cause of action.  Such an admission would be based upon speculation and /or hearsay, not knowledge of facts.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

16.    Admit that the document attached as Exhibit B, entitled "Racially Polarized Voting Analysis," and dated 4/27/2011, was created in the Texas Office of the Attorney General using the computer program SAS.

**OBJECTION:**  The language "and dated 4/27/2011", "created in the Texas Office of the Attorney General", and "computer program SAS" is undefined, vague and ambiguous rendering this request difficult to fairly admit or deny.   Further, Defendants object to this request as it calls upon them to make an admission with respect to documents that were not authored, created or otherwise generated by the Defendants to this litigation.   Further, "Exhibit B" appears to contain approximately 376 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data.   Thus, any admission by the Defendants with respect to the creation or interpretation of "Exhibit B" would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the creation and interpretation of documents that were not authored, created or otherwise generated by the Defendants, and are not relevant to this cause of action. Further, Defendants object as this request calls upon them to make an admission with respect to the conduct or actions of an entity that is not a party defendant to this cause of action.   Such an admission would be based upon speculation and /or hearsay, not knowledge of facts.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

17.    Admit that Joshua Zahn wrote the computer program for SAS that was used to create the document attached as Exhibit B, entitled "Racially Polarized Voting Analysis," and dated 4/27/2011.

**OBJECTION:**  The language "Joshua Zahn wrote the computer program for SAS that was used to create the document attached"   and "dated 4/27/2011" is undefined, vague and ambiguous rendering this request difficult to fairly admit or deny.   Further, Defendants object to this request as it calls upon them to make an admission with respect to documents that were not authored, created or otherwise generated by the Defendants to this litigation.   Further, "Exhibit B" appears to contain approximately 376 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data.   Thus, any admission by the Defendants with respect to the creation or interpretation of "Exhibit B" would be based upon conjecture and speculation, not

based upon facts. Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the creation and interpretation of documents that were not authored, created or otherwise generated by the Defendants, and are not relevant to this cause of action. Further, Defendants object as this request calls upon them to make an admission with respect to the conduct or actions of an entity that is not a party defendant to this cause of action. Such an admission would be based upon speculation and /or hearsay, not knowledge of facts.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

18. Admit that Joshua Zahn was employed by the Legal Technical Support Division of the Texas Office of the Attorney General at the time that he wrote the computer program for SAS that was used to create the document attached as Exhibit B, entitled "Racially Polarized Voting Analysis," and dated 4/27/2011.

**OBJECTION:** The language "Joshua Zahn was employed by the Legal Technical Support Division of the Texas Office of the Attorney General", "wrote the computer program for SAS that was used to create the document attached", and "and dated 4/27/2011" is undefined, vague and ambiguous rendering this request difficult to fairly admit or deny. Further, Defendants object to this request as it calls upon them to make an admission with respect to documents that were not authored, created or otherwise generated by the Defendants to this litigation. Further, "Exhibit B" appears to contain approximately 376 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data. Thus, any admission by the Defendants with respect to the creation or interpretation of "Exhibit B" would be based upon conjecture and speculation, not based upon facts. Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the creation and interpretation of documents that were not authored, created or otherwise generated by the Defendants, and are not relevant to this cause of action. Further, Defendants object as this request calls upon them to make an admission with respect to the conduct or actions of an entity that is not a party defendant to this cause of action. Such an admission would be based upon speculation and /or hearsay, not knowledge of facts.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

19. Admit that "PlanE120," as used in the document attached as Exhibit B, is the name of the legislatively-enacted redistricting plan for the Texas Board of Education that was passed by the Texas Legislature in 2011.

**OBJECTION:**   The language "PlanE120," as used in the document attached" is undefined, vague and ambiguous rendering this request difficult to fairly admit or deny.   Further, the Plaintiff has not attached a document styled "PlanE120" as an exhibit to this request.   Further, Defendants object to this request as it calls upon them to make an admission with respect to documents that were not authored, created or otherwise generated by the Defendants to this litigation.   Further, "Exhibit B" appears to contain approximately 376 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data.   Thus, any admission by the Defendants with respect to the creation or interpretation of "Exhibit B" would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the creation and interpretation of documents that were not authored, created or otherwise generated by the Defendants, and are not relevant to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

20.   Admit that the document attached as Exhibit B, entitled "Racially Polarized Voting Analysis," regarding Texas Board of Education Plan 120 and dated 4/27/2011, was made available to members of the Texas Legislature.

**OBJECTION:**   The language "regarding Texas Board of Education Plan 120 and dated 4/27/2011" and "made available to members of the Texas Legislature" is undefined, vague and ambiguous rendering this request difficult to fairly admit or deny.   Further, Plaintiff has not attached a document styled "Texas Board of Education Plan 120" as an exhibit to this request.   Further, Defendants object to this request as it calls upon them to make an admission with respect to documents that were not authored, created or otherwise generated by the Defendants to this litigation.   Further, "Exhibit B" appears to contain approximately 376 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data.   Thus, any admission by the Defendants with respect to the creation or interpretation of "Exhibit B" would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the creation and interpretation of documents that were not authored, created or otherwise generated by the Defendants, and are not relevant to this cause of action.   Further, Defendants object as this request calls upon them to make an admission with respect to the conduct or actions of an entity that is not a party defendant to this cause of action.   Such an admission would be based upon speculation and /or hearsay, not knowledge of facts.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

21.     Admit that the document attached as Exhibit B, entitled "Racially Polarized Voting Analysis," regarding Texas Board of Education Plan 120 and dated 4/27/2011, was made available to members of the Texas Legislature by the Office of the Texas Attorney General.

**OBJECTION:**   The language "regarding Texas Board of Education Plan 120 and dated 4/27/2011" and "made available to members of the Texas Legislature" is undefined, vague and ambiguous rendering this request difficult to fairly admit or deny.   Further, Plaintiff has not attached a document styled "Texas Board of Education Plan 120" as an exhibit to this request. Further, Defendants object to this request as it calls upon them to make an admission with respect to documents that were not authored, created or otherwise generated by the Defendants to this litigation.   Further, "Exhibit B" appears to contain approximately 376 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data.   Thus, any admission by the Defendants with respect to the creation or interpretation of "Exhibit B" would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the creation and interpretation of documents that were not authored, created or otherwise generated by the Defendants, and are not relevant to this cause of action.   Further, Defendants object as this request calls upon them to make an admission with respect to the conduct or actions of an entity that is not a party defendant to this cause of action.   Such an admission would be based upon speculation and /or hearsay, not knowledge of facts.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

22.     Admit that the document attached as Exhibit B, entitled "Racially Polarized Voting Analysis," regarding Texas Board of Education Plan 120 and dated 4/27/2011, was made available to staff of the House Redistricting Committee of the Texas Legislature.

**OBJECTION:**   The language "regarding Texas Board of Education Plan 120 and dated 4/27/2011" and "was made available to staff" is undefined, vague and ambiguous rendering this request difficult to fairly admit or deny.   Further, Plaintiff has not attached a document styled "Texas Board of Education Plan 120" as an exhibit to this request.   Further, Defendants object to this request as it calls upon them to make an admission with respect to documents that were not authored, created or otherwise generated by the Defendants to this litigation.   Further, "Exhibit B" appears to contain approximately 376 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data.   Thus, any admission by the Defendants with respect to the creation or interpretation of "Exhibit B" would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the creation and interpretation of documents that were not authored, created or otherwise generated by the

Defendants, and are not relevant to this cause of action.   Further, Defendants object as this request calls upon them to make an admission with respect to the conduct or actions of an entity that is not a party defendant to this cause of action.   Such an admission would be based upon speculation and /or hearsay, not knowledge of facts.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

23.   Admit that the document attached as Exhibit B, entitled "Racially Polarized Voting Analysis," regarding Texas Board of Education Plan 120 and dated 4/27/2011, was made available to staff of the Senate Select Committee on Redistricting.

**OBJECTION:**   The language "regarding Texas Board of Education Plan 120 and dated 4/27/2011" and "was made available to staff" is undefined, vague and ambiguous rendering this request difficult to fairly admit or deny.   Further, Plaintiff has not attached a document styled "Texas Board of Education Plan 120" as an exhibit to this request.   Further, Defendants object to this request as it calls upon them to make an admission with respect to documents that were not authored, created or otherwise generated by the Defendants to this litigation.   Further, "Exhibit B" appears to contain approximately 376 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data.   Thus, any admission by the Defendants with respect to the creation or interpretation of "Exhibit B" would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the creation and interpretation of documents that were not authored, created or otherwise generated by the Defendants, and are not relevant to this cause of action.   Further, Defendants object as this request calls upon them to make an admission with respect to the conduct or actions of an entity that is not a party defendant to this cause of action.   Such an admission would be based upon speculation and /or hearsay, not knowledge of facts.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

24.   Admit that the document attached as Exhibit C, entitled "Racially Polarized Voting Analysis," regarding Texas House of Representatives Plan 283 and dated 4/29/2011, is a true and correct copy of a document produced to the United States by the State of Texas in *Texas v. United States*.

**OBJECTION:**   The language "regarding Texas House of Representatives Plan 283", "and dated 4/29/2011", and "produced to the United States" is undefined, vague and ambiguous rendering this request difficult to fairly admit or deny.   Further, the Plaintiff has not attached a document styled "Texas House of Representatives Plan 283" as an exhibit to this request.   Further, Defendants object to this request as it calls upon them to make an admission with respect to documents that

were not authored, created or otherwise generated by the Defendants to this litigation.   Further, "Exhibit C" contains approximately 4051 pages of what appears to be statistical data and does not bear sufficient identification necessary to support its authenticity or to support the assertion that the particular pages were in fact "produced" in prior litigation; thus, rendering the request difficult to fairly admit or deny.   Further, Defendants object as the request is beyond the scope of permissible discovery because the request seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to conduct and action in a cause of action that is not before the court.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

25.   Admit that the document attached as Exhibit C, entitled "Racially Polarized Voting Analysis," and dated 4/29/2011, was created by staff of the Texas Office of the Attorney General.

**OBJECTION:**   The language "and dated 4/29/2011" and "created by staff of the Texas Office of the Attorney General" is undefined, vague and ambiguous rendering this request difficult to fairly admit or deny.   Further, Defendants object to this request as it calls upon them to make an admission with respect to documents that were not authored, created or otherwise generated by the Defendants to this litigation.   Further, "Exhibit C" appears to contain approximately 4051 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data. Thus, any admission by the Defendants with respect to the creation or interpretation of "Exhibit C" would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the creation and interpretation of documents that were not authored, created or otherwise generated by the Defendants, and are not relevant to this cause of action. Further, Defendants object as this request calls upon them to make an admission with respect to the conduct or actions of an entity that is not a party defendant to this cause of action.   Such an admission would be based upon speculation and /or hearsay, not knowledge of facts.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

26.   Admit that the document attached as Exhibit C, entitled "Racially Polarized Voting Analysis," and dated 4/29/2011, was created in the Texas Office of the Attorney General using the computer program SAS.

**OBJECTION:**   The language "and dated 4/29/2011", "created in the Texas Office of the Attorney General", and "computer program SAS" is undefined, vague and ambiguous rendering this request difficult to fairly admit or deny.   Further, Defendants object to this request as it calls

upon them to make an admission with respect to documents that were not authored, created or otherwise generated by the Defendants to this litigation.   Further, "Exhibit C" appears to contain approximately 4051 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data.   Thus, any admission by the Defendants with respect to the creation or interpretation of "Exhibit C" would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the creation and interpretation of documents that were not authored, created or otherwise generated by the Defendants, and are not relevant to this cause of action. Further, Defendants object as this request calls upon them to make an admission with respect to the conduct or actions of an entity that is not a party defendant to this cause of action.   Such an admission would be based upon speculation and /or hearsay, not knowledge of facts.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

27.     Admit that Joshua Zahn wrote the computer program for SAS that was used to create the document attached as Exhibit C, entitled "Racially Polarized Voting Analysis," and dated 4/29/2011.

**OBJECTION:**   The language "Joshua Zahn wrote the computer program for SAS that was used to create the document attached"   and "dated 4/29/2011" is undefined, vague and ambiguous rendering this request difficult to fairly admit or deny.   Further, Defendants object to this request as it calls upon them to make an admission with respect to documents that were not authored, created or otherwise generated by the Defendants to this litigation.   Further, "Exhibit C" appears to contain approximately 4051 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data.   Thus, any admission by the Defendants with respect to the creation or interpretation of "Exhibit C" would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the creation and interpretation of documents that were not authored, created or otherwise generated by the Defendants, and are not relevant to this cause of action. Further, Defendants object as this request calls upon them to make an admission with respect to the conduct or actions of an entity that is not a party defendant to this cause of action.   Such an admission would be based upon speculation and /or hearsay, not knowledge of facts.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

28.    Admit that Joshua Zahn was employed by the Legal Technical Support Division of the Texas Office of the Attorney General at the time that he wrote the computer program for SAS that was used to create the document attached as Exhibit C, entitled "Racially Polarized Voting Analysis," and dated 4/29/2011.

**OBJECTION:**   The language "Joshua Zahn was employed by the Legal Technical Support Division of the Texas Office of the Attorney General", "wrote the computer program for SAS that was used to create the document attached", and "and dated 4/29/2011" is undefined, vague and ambiguous rendering this request difficult to fairly admit or deny.   Further, Defendants object to this request as it calls upon them to make an admission with respect to documents that were not authored, created or otherwise generated by the Defendants to this litigation.   Further, "Exhibit C" appears to contain approximately 4051 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data.   Thus, any admission by the Defendants with respect to the creation or interpretation of "Exhibit C" would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the creation and interpretation of documents that were not authored, created or otherwise generated by the Defendants, and are not relevant to this cause of action.   Further, Defendants object as this request calls upon them to make an admission with respect to the conduct or actions of an entity that is not a party defendant to this cause of action.   Such an admission would be based upon speculation and /or hearsay, not knowledge of facts.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

29.    Admit that "PlanH283," as used in the document attached as Exhibit C, is the name of the legislatively-enacted redistricting plan for the Texas House of Representatives that was passed by the Texas Legislature in 2011.

**OBJECTION:**   The language "PlanH283," as used in the document attached" is undefined, vague and ambiguous rendering this request difficult to fairly admit or deny.   Further, the Plaintiff has not attached a document styled "PlanH283" as an exhibit to this request.   Further, Defendants object to this request as it calls upon them to make an admission with respect to documents that were not authored, created or otherwise generated by the Defendants to this litigation.   Further, "Exhibit C" appears to contain approximately 4051 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data.   Thus, any admission by the Defendants with respect to the creation or interpretation of "Exhibit C" would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the creation and interpretation of documents that were not authored, created or otherwise generated by the

Defendants, and are not relevant to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

30.   Admit that the document attached as Exhibit C, entitled "Racially Polarized Voting Analysis," regarding Texas House of Representatives Plan 283 and dated 4/29/2011, was made available to members of the Texas Legislature.

**OBJECTION:**   The language "regarding Texas House of Representatives Plan 283 and dated 4/29/2011" and "made available to members of the Texas Legislature" is undefined, vague and ambiguous rendering this request difficult to fairly admit or deny.  Further, Plaintiff has not attached a document styled "Texas House of Representatives Plan 283" as an exhibit to this request. Further, Defendants object to this request as it calls upon them to make an admission with respect to documents that were not authored, created or otherwise generated by the Defendants to this litigation.   Further, "Exhibit C" appears to contain approximately 4051 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data.   Thus, any admission by the Defendants with respect to the creation or interpretation of "Exhibit C" would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the creation and interpretation of documents that were not authored, created or otherwise generated by the Defendants, and are not relevant to this cause of action.   Further, Defendants object as this request calls upon them to make an admission with respect to the conduct or actions of an entity that is not a party defendant to this cause of action.   Such an admission would be based upon speculation and /or hearsay, not knowledge of facts.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

31.   Admit that the document attached as Exhibit C, entitled "Racially Polarized Voting Analysis," regarding Texas House of Representatives Plan 283 and dated 4/29/2011, was made available to members of the Texas Legislature by the Texas Office of the Attorney General.

**OBJECTION:**   The language "regarding Texas House of Representatives Plan 283 and dated 4/29/2011" and "made available to members of the Texas Legislature" is undefined, vague and ambiguous rendering this request difficult to fairly admit or deny.  Further, Plaintiff has not attached a document styled "Texas House of Representatives Plan 283" as an exhibit to this request. Further, Defendants object to this request as it calls upon them to make an admission with respect to documents that were not authored, created or otherwise generated by the Defendants to this litigation.   Further, "Exhibit C" appears to contain approximately 4051 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or

interpretation and without any authentication of the documents or the underlying data. Thus, any admission by the Defendants with respect to the creation or interpretation of "Exhibit C" would be based upon conjecture and speculation, not based upon facts. Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the creation and interpretation of documents that were not authored, created or otherwise generated by the Defendants, and are not relevant to this cause of action. Further, Defendants object as this request calls upon them to make an admission with respect to the conduct or actions of an entity that is not a party defendant to this cause of action. Such an admission would be based upon speculation and /or hearsay, not knowledge of facts.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.


32.     Admit that the document attached as Exhibit C, entitled "Racially Polarized Voting Analysis," regarding Texas House of Representatives Plan 283 and dated 4/29/2011, was made available to staff of the House Redistricting Committee.

**OBJECTION:** The language "regarding Texas House of Representatives Plan 283 and dated 4/29/2011" and "was made available to staff" is undefined, vague and ambiguous rendering this request difficult to fairly admit or deny. Further, Plaintiff has not attached a document styled "Texas House of Representatives Plan 283" as an exhibit to this request. Further, Defendants object to this request as it calls upon them to make an admission with respect to documents that were not authored, created or otherwise generated by the Defendants to this litigation. Further, "Exhibit C" appears to contain approximately 4051 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data. Thus, any admission by the Defendants with respect to the creation or interpretation of "Exhibit C" would be based upon conjecture and speculation, not based upon facts. Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the creation and interpretation of documents that were not authored, created or otherwise generated by the Defendants, and are not relevant to this cause of action. Further, Defendants object as this request calls upon them to make an admission with respect to the conduct or actions of an entity that is not a party defendant to this cause of action. Such an admission would be based upon speculation and /or hearsay, not knowledge of facts.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.


33.     Admit that the document attached as Exhibit C, entitled "Racially Polarized Voting Analysis," regarding Texas House of Representatives Plan 283 and dated 4/29/2011, was

made available to staff of the Senate Select Committee on Redistricting.

**OBJECTION:**   The language "regarding Texas House of Representatives Plan 283 and dated 4/29/2011" and "was made available to staff" is undefined, vague and ambiguous rendering this request difficult to fairly admit or deny.  Further, Plaintiff has not attached a document styled "Texas House of Representatives Plan 283" as an exhibit to this request.  Further, Defendants object to this request as it calls upon them to make an admission with respect to documents that were not authored, created or otherwise generated by the Defendants to this litigation.  Further, "Exhibit C" appears to contain approximately 4051 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data.   Thus, any admission by the Defendants with respect to the creation or interpretation of "Exhibit C" would be based upon conjecture and speculation, not based upon facts.  Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the creation and interpretation of documents that were not authored, created or otherwise generated by the Defendants, and are not relevant to this cause of action.  Further, Defendants object as this request calls upon them to make an admission with respect to the conduct or actions of an entity that is not a party defendant to this cause of action.  Such an admission would be based upon speculation and /or hearsay, not knowledge of facts.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

34.   Admit that the document attached as Exhibit D, entitled "Racially Polarized Voting Analysis," regarding Texas Congressional Plan 185 and dated 7/01/2011, is a true and correct copy of a document produced to the United States by the State of Texas in *Texas v. United States*.

**OBJECTION:**   The language "regarding Texas Congressional Plan 185", "and dated 7/01/2011", and "produced to the United States" is undefined, vague and ambiguous rendering this request difficult to fairly admit or deny.   Further, the Plaintiff has not attached a document styled "Texas Congressional Plan 185" as an exhibit to this request.   Further, Defendants object to this request as it calls upon them to make an admission with respect to documents that were not authored, created or otherwise generated by the Defendants to this litigation.   Further, "Exhibit D" contains approximately 865 pages of what appears to be statistical data and does not bear sufficient identification necessary to support its authenticity or to support the assertion that the particular pages were in fact "produced" in prior litigation; thus, rendering the request difficult to fairly admit or deny.   Further, Defendants object as the request is beyond the scope of permissible discovery because the request seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to conduct and action in a cause of action that is not before the court.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this

request.

35.     Admit that the document attached as Exhibit D, entitled "Racially Polarized Voting
        Analysis," and dated 7/01/2011, was created by staff of the Texas Office of the Attorney
        General.

**OBJECTION:**   The language "and dated 7/01/2011" and "created by staff of the Texas Office of the Attorney General" is undefined, vague and ambiguous rendering this request difficult to fairly admit or deny.   Further, Defendants object to this request as it calls upon them to make an admission with respect to documents that were not authored, created or otherwise generated by the Defendants to this litigation.   Further, "Exhibit D" appears to contain approximately 865 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data.   Thus, any admission by the Defendants with respect to the creation or interpretation of "Exhibit D" would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the creation and interpretation of documents that were not authored, created or otherwise generated by the Defendants, and are not relevant to this cause of action. Further, Defendants object as this request calls upon them to make an admission with respect to the conduct or actions of an entity that is not a party defendant to this cause of action.   Such an admission would be based upon speculation and /or hearsay, not knowledge of facts.

        Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

36.     Admit that the document attached as Exhibit D, entitled "Racially Polarized Voting
        Analysis," and dated 7/01/2011, was created in the Texas Office of the Attorney General
        using the computer program SAS.

**OBJECTION:**   The language "and dated 7/01/2011", "created in the Texas Office of the Attorney General", and "computer program SAS" is undefined, vague and ambiguous rendering this request difficult to fairly admit or deny.   Further, Defendants object to this request as it calls upon them to make an admission with respect to documents that were not authored, created or otherwise generated by the Defendants to this litigation.   Further, "Exhibit D" appears to contain approximately 865 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data.   Thus, any admission by the Defendants with respect to the creation or interpretation of "Exhibit D" would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the creation and interpretation of documents that were not authored, created or otherwise generated by the Defendants, and are not

relevant to this cause of action. Further, Defendants object as this request calls upon them to make an admission with respect to the conduct or actions of an entity that is not a party defendant to this cause of action.   Such an admission would be based upon speculation and /or hearsay, not knowledge of facts.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

37.    Admit that Joshua Zahn wrote the computer program for SAS that was used to create the document attached as Exhibit D, entitled "Racially Polarized Voting Analysis," and dated 7/01/2011.

**OBJECTION:** The language "Joshua Zahn wrote the computer program for SAS that was used to create the document attached"   and "dated 7/01/2011" is undefined, vague and ambiguous rendering this request difficult to fairly admit or deny.   Further, Defendants object to this request as it calls upon them to make an admission with respect to documents that were not authored, created or otherwise generated by the Defendants to this litigation.   Further, "Exhibit D" appears to contain approximately 865 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data.   Thus, any admission by the Defendants with respect to the creation or interpretation of "Exhibit D" would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the creation and interpretation of documents that were not authored, created or otherwise generated by the Defendants, and are not relevant to this cause of action. Further, Defendants object as this request calls upon them to make an admission with respect to the conduct or actions of an entity that is not a party defendant to this cause of action.   Such an admission would be based upon speculation and /or hearsay, not knowledge of facts.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

38.    Admit that Joshua Zahn was employed by the Legal Technical Support Division of the Texas Office of the Attorney General at the time that he wrote the computer program for SAS that was used to create the document attached as Exhibit D, entitled "Racially Polarized Voting Analysis," and dated 7/01/2011.

**OBJECTION:**   The language "Joshua Zahn was employed by the Legal Technical Support Division of the Texas Office of the Attorney General", "wrote the computer program for SAS that was used to create the document attached", and "and dated 7/01/2011" is undefined, vague and ambiguous rendering this request difficult to fairly admit or deny.   Further, Defendants object to this request as it calls upon them to make an admission with respect to documents that were not authored, created or otherwise generated by the Defendants to this litigation.   Further,