Attorney General estimated that the majority of Black voters casting ballots and the majority of Anglo voters casting ballots preferred different candidates in the 2002 General Election contest for Governor. See Ex. A.

**OBJECTION:**   The language used in this request is vague, ambiguous and confusing rendering this request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission based upon documentation of a plan that is not attached as an exhibit to the request, rendering the request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission with respect to the interpretation of the conduct, actions, work product, strategy, thought processes and data interpretation of a non-party to this cause of action, the Office of the Texas Attorney General.   Such request is improper as an admission by the Defendants and would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts.   Further, this request states:  "See Ex. A".   While the request does not elaborate on why the Defendants should "See Ex. A.", to the extent this request may be calling upon the Defendants to make an admission with respect to "Ex. A.", the Defendants object as "Ex. A." was not authored, created or otherwise generated by any party to this litigation or for use in this litigation.   Further, "Ex. A." appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data. Thus, any admission by the Defendants with respect to the interpretation of "Ex. A." would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategies, thought processes and data interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

337.   Admit that for Texas Senate District 2, as drawn under PlanS148, the Office of the Texas Attorney General estimated that the majority of Hispanic voters casting ballots and the majority of Anglo voters casting ballots preferred different candidates in the 2002 General Election contest for Governor. See Ex. A.

**OBJECTION:**   The language used in this request is vague, ambiguous and confusing rendering this request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission based upon documentation of a plan that is not attached as an exhibit to the request, rendering the request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission with respect to the interpretation of the conduct, actions, work product, strategy, thought processes and data interpretation of a non-party to this cause of action, the Office of the Texas Attorney General.   Such request is improper as an admission by the Defendants and would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts.   Further, this request states:  "See Ex. A".   While the request does not elaborate on why the Defendants should "See Ex. A.", to the extent this request may be calling upon the Defendants to make an admission with respect to "Ex. A.", the

Defendants object as "Ex. A." was not authored, created or otherwise generated by any party to this litigation or for use in this litigation. Further, "Ex. A." appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data. Thus, any admission by the Defendants with respect to the interpretation of "Ex. A." would be based upon conjecture and speculation, not based upon facts. Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategies, thought processes and data interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.


338. Admit that for Texas Senate District 2, as drawn under PlanS148, the Office of the Texas Attorney General estimated that the majority of Black and the majority of Hispanic voters casting ballots preferred the Hispanic Democratic candidate while the majority of Anglo voters casting ballots preferred the Anglo Republican candidate in the 2002 General Election contest for Governor. See Ex. A.

**OBJECTION:** The language used in this request is vague, ambiguous and confusing rendering this request difficult to fairly admit or deny. The request improperly calls upon the Defendants to make an admission based upon documentation of a plan that is not attached as an exhibit to the request, rendering the request difficult to fairly admit or deny. The request improperly calls upon the Defendants to make an admission with respect to the interpretation of the conduct, actions, work product, strategy, thought processes and data interpretation of a non-party to this cause of action, the Office of the Texas Attorney General. Such request is improper as an admission by the Defendants and would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts. Further, this request states: "See Ex. A". While the request does not elaborate on why the Defendants should "See Ex. A.", to the extent this request may be calling upon the Defendants to make an admission with respect to "Ex. A.", the Defendants object as "Ex. A." was not authored, created or otherwise generated by any party to this litigation or for use in this litigation. Further, "Ex. A." appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data. Thus, any admission by the Defendants with respect to the interpretation of "Ex. A." would be based upon conjecture and speculation, not based upon facts. Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategies, thought processes and data interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this

request.

339.     Admit that for Texas Senate District 2, as drawn under PlanS148, the Office of the Texas Attorney General estimated that the majority of Black voters casting ballots and the majority of Anglo voters casting ballots preferred different candidates in the 2004 General Election contest for Court of Criminal Appeals, Place 6. See Ex. A.

**OBJECTION:**   The language used in this request is vague, ambiguous and confusing rendering this request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission based upon documentation of a plan that is not attached as an exhibit to the request, rendering the request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission with respect to the interpretation of the conduct, actions, work product, strategy, thought processes and data interpretation of a non-party to this cause of action, the Office of the Texas Attorney General.   Such request is improper as an admission by the Defendants and would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts.   Further, this request states:   "See Ex. A".   While the request does not elaborate on why the Defendants should "See Ex. A.", to the extent this request may be calling upon the Defendants to make an admission with respect to "Ex. A.", the Defendants object as "Ex. A." was not authored, created or otherwise generated by any party to this litigation or for use in this litigation.   Further, "Ex. A." appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data. Thus, any admission by the Defendants with respect to the interpretation of "Ex. A." would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategies, thought processes and data interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

340.     Admit that for Texas Senate District 2, as drawn under PlanS148, the Office of the Texas Attorney General estimated that the majority of Hispanic voters casting ballots and the majority of Anglo voters casting ballots preferred different candidates in the 2004 General Election contest for Court of Criminal Appeals, Place 6. See Ex. A.

**OBJECTION:**   The language used in this request is vague, ambiguous and confusing rendering this request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission based upon documentation of a plan that is not attached as an exhibit to the request, rendering the request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission with respect to the interpretation of the conduct, actions, work product, strategy, thought processes and data interpretation of a non-party to this cause of action, the Office of the Texas Attorney General.   Such request is improper as an admission by the

Defendants and would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts.  Further, this request states:  "See Ex. A".  While the request does not elaborate on why the Defendants should "See Ex. A.", to the extent this request may be calling upon the Defendants to make an admission with respect to "Ex. A.", the Defendants object as "Ex. A." was not authored, created or otherwise generated by any party to this litigation or for use in this litigation.   Further, "Ex. A." appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data.  Thus, any admission by the Defendants with respect to the interpretation of "Ex. A." would be based upon conjecture and speculation, not based upon facts.  Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategies, thought processes and data interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

341.   Admit that for Texas Senate District 2, as drawn under PlanS148, the Office of the Texas Attorney General estimated that the majority of Black and the majority of Hispanic voters casting ballots preferred the Hispanic Democratic candidate while the majority of Anglo voters casting ballots preferred the Anglo Republican candidate in the 2004 General Election contest for Court of Criminal Appeals, Place 6. See Ex. A.

**OBJECTION:**   The language used in this request is vague, ambiguous and confusing rendering this request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission based upon documentation of a plan that is not attached as an exhibit to the request, rendering the request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission with respect to the interpretation of the conduct, actions, work product, strategy, thought processes and data interpretation of a non-party to this cause of action, the Office of the Texas Attorney General.   Such request is improper as an admission by the Defendants and would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts.  Further, this request states:  "See Ex. A".  While the request does not elaborate on why the Defendants should "See Ex. A.", to the extent this request may be calling upon the Defendants to make an admission with respect to "Ex. A.", the Defendants object as "Ex. A." was not authored, created or otherwise generated by any party to this litigation or for use in this litigation.   Further, "Ex. A." appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data.  Thus, any admission by the Defendants with respect to the interpretation of "Ex. A." would be based upon conjecture and speculation, not based upon facts.  Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategies, thought processes and data

interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

342.  Admit that for Texas Senate District 2, as drawn under PlanS148, the Office of the Texas Attorney General estimated that the majority of Black voters casting ballots and the majority of Anglo voters casting ballots preferred different candidates in the 2006 General Election contest for Lt. Governor. See Ex. A.

**OBJECTION:**   The language used in this request is vague, ambiguous and confusing rendering this request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission based upon documentation of a plan that is not attached as an exhibit to the request, rendering the request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission with respect to the interpretation of the conduct, actions, work product, strategy, thought processes and data interpretation of a non-party to this cause of action, the Office of the Texas Attorney General.   Such request is improper as an admission by the Defendants and would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts.   Further, this request states:   "See Ex. A".   While the request does not elaborate on why the Defendants should "See Ex. A.", to the extent this request may be calling upon the Defendants to make an admission with respect to "Ex. A.", the Defendants object as "Ex. A." was not authored, created or otherwise generated by any party to this litigation or for use in this litigation.   Further, "Ex. A." appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data. Thus, any admission by the Defendants with respect to the interpretation of "Ex. A." would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategies, thought processes and data interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

343.  Admit that for Texas Senate District 2, as drawn under PlanS148, the Office of the Texas Attorney General estimated that the majority of Hispanic voters casting ballots and the majority of Anglo voters casting ballots preferred different candidates in the 2006 General Election contest for Lt. Governor. See Ex. A.

**OBJECTION:**   The language used in this request is vague, ambiguous and confusing rendering this request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission based upon documentation of a plan that is not attached as an exhibit to the request, rendering the request difficult to fairly admit or deny.   The request improperly calls upon

the Defendants to make an admission with respect to the interpretation of the conduct, actions, work product, strategy, thought processes and data interpretation of a non-party to this cause of action, the Office of the Texas Attorney General.   Such request is improper as an admission by the Defendants and would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts.   Further, this request states:  "See Ex. A".   While the request does not elaborate on why the Defendants should "See Ex. A.", to the extent this request may be calling upon the Defendants to make an admission with respect to "Ex. A.", the Defendants object as "Ex. A." was not authored, created or otherwise generated by any party to this litigation or for use in this litigation.   Further, "Ex. A." appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data. Thus, any admission by the Defendants with respect to the interpretation of "Ex. A." would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategies, thought processes and data interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

344.    Admit that for Texas Senate District 2, as drawn under PlanS148, the Office of the Texas Attorney General estimated that the majority of Black and the majority of Hispanic voters casting ballots preferred the Hispanic Democratic candidate while the majority of Anglo voters casting ballots preferred the Anglo Republican candidate in the 2006 General Election contest for Lt. Governor. See Ex. A.

**OBJECTION:**   The language used in this request is vague, ambiguous and confusing rendering this request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission based upon documentation of a plan that is not attached as an exhibit to the request, rendering the request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission with respect to the interpretation of the conduct, actions, work product, strategy, thought processes and data interpretation of a non-party to this cause of action, the Office of the Texas Attorney General.   Such request is improper as an admission by the Defendants and would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts.   Further, this request states:  "See Ex. A".   While the request does not elaborate on why the Defendants should "See Ex. A.", to the extent this request may be calling upon the Defendants to make an admission with respect to "Ex. A.", the Defendants object as "Ex. A." was not authored, created or otherwise generated by any party to this litigation or for use in this litigation.   Further, "Ex. A." appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data. Thus, any admission by the Defendants with respect to the interpretation of "Ex. A." would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to

this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategies, thought processes and data interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

345.   Admit that for Texas Senate District 2, as drawn under PlanS148, the Office of the Texas Attorney General estimated that the majority of Black voters casting ballots and the majority of Anglo voters casting ballots preferred different candidates in the 2008 General Election contest for U.S. Senate. See Ex. A.

**OBJECTION:**   The language used in this request is vague, ambiguous and confusing rendering this request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission based upon documentation of a plan that is not attached as an exhibit to the request, rendering the request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission with respect to the interpretation of the conduct, actions, work product, strategy, thought processes and data interpretation of a non-party to this cause of action, the Office of the Texas Attorney General.   Such request is improper as an admission by the Defendants and would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts.   Further, this request states:  "See Ex. A".   While the request does not elaborate on why the Defendants should "See Ex. A.", to the extent this request may be calling upon the Defendants to make an admission with respect to "Ex. A.", the Defendants object as "Ex. A." was not authored, created or otherwise generated by any party to this litigation or for use in this litigation.   Further, "Ex. A." appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data. Thus, any admission by the Defendants with respect to the interpretation of "Ex. A." would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategies, thought processes and data interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

346.   Admit that for Texas Senate District 2, as drawn under PlanS148, the Office of the Texas Attorney General estimated that the majority of Hispanic voters casting ballots and the majority of Anglo voters casting ballots preferred different candidates in the 2008 General Election contest for U.S. Senate. See Ex. A.

**OBJECTION:**   The language used in this request is vague, ambiguous and confusing rendering

this request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission based upon documentation of a plan that is not attached as an exhibit to the request, rendering the request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission with respect to the interpretation of the conduct, actions, work product, strategy, thought processes and data interpretation of a non-party to this cause of action, the Office of the Texas Attorney General.   Such request is improper as an admission by the Defendants and would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts.   Further, this request states:   "See Ex. A".   While the request does not elaborate on why the Defendants should "See Ex. A.", to the extent this request may be calling upon the Defendants to make an admission with respect to "Ex. A.", the Defendants object as "Ex. A." was not authored, created or otherwise generated by any party to this litigation or for use in this litigation.   Further, "Ex. A." appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data. Thus, any admission by the Defendants with respect to the interpretation of "Ex. A." would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategies, thought processes and data interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

347.    Admit that for Texas Senate District 2, as drawn under PlanS148, the Office of the Texas Attorney General estimated that the majority of Black and the majority of Hispanic voters casting ballots preferred the Hispanic Democratic candidate while the majority of Anglo voters casting ballots preferred the Anglo Republican candidate in the 2008 General Election contest for U.S. Senate. See Ex. A.

**OBJECTION:**   The language used in this request is vague, ambiguous and confusing rendering this request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission based upon documentation of a plan that is not attached as an exhibit to the request, rendering the request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission with respect to the interpretation of the conduct, actions, work product, strategy, thought processes and data interpretation of a non-party to this cause of action, the Office of the Texas Attorney General.   Such request is improper as an admission by the Defendants and would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts.   Further, this request states:   "See Ex. A".   While the request does not elaborate on why the Defendants should "See Ex. A.", to the extent this request may be calling upon the Defendants to make an admission with respect to "Ex. A.", the Defendants object as "Ex. A." was not authored, created or otherwise generated by any party to this litigation or for use in this litigation.   Further, "Ex. A." appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data.

Thus, any admission by the Defendants with respect to the interpretation of "Ex. A." would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategies, thought processes and data interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

348.    Admit that for Texas Senate District 2, as drawn under PlanS148, the Office of the Texas Attorney General estimated that the majority of Black voters casting ballots and the majority of Anglo voters casting ballots preferred different candidates in the 2010 General Election contest for Lt. Governor. See Ex. A.

**OBJECTION:**   The language used in this request is vague, ambiguous and confusing rendering this request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission based upon documentation of a plan that is not attached as an exhibit to the request, rendering the request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission with respect to the interpretation of the conduct, actions, work product, strategy, thought processes and data interpretation of a non-party to this cause of action, the Office of the Texas Attorney General.   Such request is improper as an admission by the Defendants and would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts.   Further, this request states:   "See Ex. A".   While the request does not elaborate on why the Defendants should "See Ex. A.", to the extent this request may be calling upon the Defendants to make an admission with respect to "Ex. A.", the Defendants object as "Ex. A." was not authored, created or otherwise generated by any party to this litigation or for use in this litigation.   Further, "Ex. A." appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data. Thus, any admission by the Defendants with respect to the interpretation of "Ex. A." would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategies, thought processes and data interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

349.    Admit that for Texas Senate District 2, as drawn under PlanS148, the Office of the Texas Attorney General estimated that the majority of Hispanic voters casting ballots and the

majority of Anglo voters casting ballots preferred different candidates in the 2010 General Election contest for Lt. Governor. See Ex. A.

**OBJECTION:**   The language used in this request is vague, ambiguous and confusing rendering this request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission based upon documentation of a plan that is not attached as an exhibit to the request, rendering the request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission with respect to the interpretation of the conduct, actions, work product, strategy, thought processes and data interpretation of a non-party to this cause of action, the Office of the Texas Attorney General.   Such request is improper as an admission by the Defendants and would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts.   Further, this request states:  "See Ex. A".   While the request does not elaborate on why the Defendants should "See Ex. A.", to the extent this request may be calling upon the Defendants to make an admission with respect to "Ex. A.", the Defendants object as "Ex. A." was not authored, created or otherwise generated by any party to this litigation or for use in this litigation.   Further, "Ex. A." appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data. Thus, any admission by the Defendants with respect to the interpretation of "Ex. A." would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategies, thought processes and data interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

350.   Admit that for Texas Senate District 2, as drawn under PlanS148, the Office of the Texas Attorney General estimated that the majority of Black and the majority of Hispanic voters casting ballots preferred the Hispanic Democratic candidate while the majority of Anglo voters casting ballots preferred the Anglo Republican candidate in the 2010 General Election contest for Lt. Governor. See Ex. A.

**OBJECTION:**   The language used in this request is vague, ambiguous and confusing rendering this request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission based upon documentation of a plan that is not attached as an exhibit to the request, rendering the request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission with respect to the interpretation of the conduct, actions, work product, strategy, thought processes and data interpretation of a non-party to this cause of action, the Office of the Texas Attorney General.   Such request is improper as an admission by the Defendants and would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts.   Further, this request states:  "See Ex. A".   While the request does not elaborate on why the Defendants should "See Ex. A.", to the extent this request may be calling upon the Defendants to make an admission with respect to "Ex. A.", the

Defendants object as "Ex. A." was not authored, created or otherwise generated by any party to this litigation or for use in this litigation.   Further, "Ex. A." appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data. Thus, any admission by the Defendants with respect to the interpretation of "Ex. A." would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategies, thought processes and data interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

351.    Admit that for Texas Senate District 3, as drawn under PlanS148, the Office of the Texas Attorney General estimated that the majority of Black voters casting ballots and the majority of Anglo voters casting ballots preferred different candidates in the 2002 General Election contest for Governor. See Ex. A.

**OBJECTION:**   The language used in this request is vague, ambiguous and confusing rendering this request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission based upon documentation of a plan that is not attached as an exhibit to the request, rendering the request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission with respect to the interpretation of the conduct, actions, work product, strategy, thought processes and data interpretation of a non-party to this cause of action, the Office of the Texas Attorney General.   Such request is improper as an admission by the Defendants and would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts.   Further, this request states:   "See Ex. A".   While the request does not elaborate on why the Defendants should "See Ex. A.", to the extent this request may be calling upon the Defendants to make an admission with respect to "Ex. A.", the Defendants object as "Ex. A." was not authored, created or otherwise generated by any party to this litigation or for use in this litigation.   Further, "Ex. A." appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data. Thus, any admission by the Defendants with respect to the interpretation of "Ex. A." would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategies, thought processes and data interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

352.   Admit that for Texas Senate District 3, as drawn under PlanS148, the Office of the Texas Attorney General estimated that the majority of Black voters casting ballots preferred the Hispanic Democratic candidate while the majority of Anglo voters casting ballots preferred the Anglo Republican candidate in the 2002 General Election contest for Governor. See Ex. A.

**OBJECTION:**   The language used in this request is vague, ambiguous and confusing rendering this request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission based upon documentation of a plan that is not attached as an exhibit to the request, rendering the request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission with respect to the interpretation of the conduct, actions, work product, strategy, thought processes and data interpretation of a non-party to this cause of action, the Office of the Texas Attorney General.   Such request is improper as an admission by the Defendants and would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts.   Further, this request states:   "See Ex. A".   While the request does not elaborate on why the Defendants should "See Ex. A.", to the extent this request may be calling upon the Defendants to make an admission with respect to "Ex. A.", the Defendants object as "Ex. A." was not authored, created or otherwise generated by any party to this litigation or for use in this litigation.   Further, "Ex. A." appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data. Thus, any admission by the Defendants with respect to the interpretation of "Ex. A." would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategies, thought processes and data interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

353.   Admit that for Texas Senate District 3, as drawn under PlanS148, the Office of the Texas Attorney General estimated that the majority of Black voters casting ballots and the majority of Anglo voters casting ballots preferred different candidates in the 2004 General Election contest for Court of Criminal Appeals, Place 6. See Ex. A.

**OBJECTION:**   The language used in this request is vague, ambiguous and confusing rendering this request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission based upon documentation of a plan that is not attached as an exhibit to the request, rendering the request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission with respect to the interpretation of the conduct, work product, strategy, thought processes and data interpretation of a non-party to this cause of action, the Office of the Texas Attorney General.   Such request is improper as an admission by the Defendants and would be based upon conjecture and speculation by the Defendants and/or

hearsay, not based upon knowledge of facts.  Further, this request states:  "See Ex. A".  While the request does not elaborate on why the Defendants should "See Ex. A.", to the extent this request may be calling upon the Defendants to make an admission with respect to "Ex. A.", the Defendants object as "Ex. A." was not authored, created or otherwise generated by any party to this litigation or for use in this litigation.  Further, "Ex. A." appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data.  Thus, any admission by the Defendants with respect to the interpretation of "Ex. A." would be based upon conjecture and speculation, not based upon facts.  Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategies, thought processes and data interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

354.   Admit that for Texas Senate District 3, as drawn under PlanS148, the Office of the Texas Attorney General estimated that the majority of Black voters casting ballots preferred the Hispanic Democratic candidate while the majority of Anglo voters casting ballots preferred the Anglo Republican candidate in the 2004 General Election contest for Court of Criminal Appeals, Place 6. See Ex. A.

**OBJECTION:**   The language used in this request is vague, ambiguous and confusing rendering this request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission based upon documentation of a plan that is not attached as an exhibit to the request, rendering the request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission with respect to the interpretation of the conduct, actions, work product, strategy, thought processes and data interpretation of a non-party to this cause of action, the Office of the Texas Attorney General.   Such request is improper as an admission by the Defendants and would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts.  Further, this request states:  "See Ex. A".  While the request does not elaborate on why the Defendants should "See Ex. A.", to the extent this request may be calling upon the Defendants to make an admission with respect to "Ex. A.", the Defendants object as "Ex. A." was not authored, created or otherwise generated by any party to this litigation or for use in this litigation.  Further, "Ex. A." appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data.  Thus, any admission by the Defendants with respect to the interpretation of "Ex. A." would be based upon conjecture and speculation, not based upon facts.  Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategies, thought processes and data interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

355.    Admit that for Texas Senate District 3, as drawn under PlanS148, the Office of the Texas Attorney General estimated that the majority of Black voters casting ballots and the majority of Anglo voters casting ballots preferred different candidates in the 2006 General Election contest for Lt. Governor. See Ex. A.

**OBJECTION:**   The language used in this request is vague, ambiguous and confusing rendering this request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission based upon documentation of a plan that is not attached as an exhibit to the request, rendering the request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission with respect to the interpretation of the conduct, actions, work product, strategy, thought processes and data interpretation of a non-party to this cause of action, the Office of the Texas Attorney General.   Such request is improper as an admission by the Defendants and would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts.   Further, this request states:   "See Ex. A".   While the request does not elaborate on why the Defendants should "See Ex. A.", to the extent this request may be calling upon the Defendants to make an admission with respect to "Ex. A.", the Defendants object as "Ex. A." was not authored, created or otherwise generated by any party to this litigation or for use in this litigation.   Further, "Ex. A." appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data. Thus, any admission by the Defendants with respect to the interpretation of "Ex. A." would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategies, thought processes and data interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

356.    Admit that for Texas Senate District 3, as drawn under PlanS148, the Office of the Texas Attorney General estimated that the majority of Black voters casting ballots preferred the Hispanic Democratic candidate while the majority of Anglo voters casting ballots preferred the Anglo Republican candidate in the 2006 General Election contest for Lt. Governor. See Ex. A.

**OBJECTION:**   The language used in this request is vague, ambiguous and confusing rendering this request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission based upon documentation of a plan that is not attached as an exhibit to the request, rendering the request difficult to fairly admit or deny.   The request improperly calls upon

the Defendants to make an admission with respect to the interpretation of the conduct, actions, work product, strategy, thought processes and data interpretation of a non-party to this cause of action, the Office of the Texas Attorney General. Such request is improper as an admission by the Defendants and would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts. Further, this request states: "See Ex. A". While the request does not elaborate on why the Defendants should "See Ex. A.", to the extent this request may be calling upon the Defendants to make an admission with respect to "Ex. A.", the Defendants object as "Ex. A." was not authored, created or otherwise generated by any party to this litigation or for use in this litigation. Further, "Ex. A." appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data. Thus, any admission by the Defendants with respect to the interpretation of "Ex. A." would be based upon conjecture and speculation, not based upon facts. Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategies, thought processes and data interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

357. Admit that for Texas Senate District 3, as drawn under PlanS148, the Office of the Texas Attorney General estimated that the majority of Black voters casting ballots and the majority of Anglo voters casting ballots preferred different candidates in the 2008 General Election contest for U.S. Senate. See Ex. A.

**OBJECTION:** The language used in this request is vague, ambiguous and confusing rendering this request difficult to fairly admit or deny. The request improperly calls upon the Defendants to make an admission based upon documentation of a plan that is not attached as an exhibit to the request, rendering the request difficult to fairly admit or deny. The request improperly calls upon the Defendants to make an admission with respect to the interpretation of the conduct, actions, work product, strategy, thought processes and data interpretation of a non-party to this cause of action, the Office of the Texas Attorney General. Such request is improper as an admission by the Defendants and would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts. Further, this request states: "See Ex. A". While the request does not elaborate on why the Defendants should "See Ex. A.", to the extent this request may be calling upon the Defendants to make an admission with respect to "Ex. A.", the Defendants object as "Ex. A." was not authored, created or otherwise generated by any party to this litigation or for use in this litigation. Further, "Ex. A." appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data. Thus, any admission by the Defendants with respect to the interpretation of "Ex. A." would be based upon conjecture and speculation, not based upon facts. Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence

as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategies, thought processes and data interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

358.  Admit that for Texas Senate District 3, as drawn under PlanS148, the Office of the Texas Attorney General estimated that the majority of Black voters casting ballots preferred the Hispanic Democratic candidate while the majority of Anglo voters casting ballots preferred the Anglo Republican candidate in the 2008 General Election contest for U.S. Senate. See Ex. A.

**OBJECTION:**   The language used in this request is vague, ambiguous and confusing rendering this request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission based upon documentation of a plan that is not attached as an exhibit to the request, rendering the request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission with respect to the interpretation of the conduct, actions, work product, strategy, thought processes and data interpretation of a non-party to this cause of action, the Office of the Texas Attorney General.   Such request is improper as an admission by the Defendants and would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts.   Further, this request states:   "See Ex. A".   While the request does not elaborate on why the Defendants should "See Ex. A.", to the extent this request may be calling upon the Defendants to make an admission with respect to "Ex. A.", the Defendants object as "Ex. A." was not authored, created or otherwise generated by any party to this litigation or for use in this litigation.   Further, "Ex. A." appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data. Thus, any admission by the Defendants with respect to the interpretation of "Ex. A." would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategies, thought processes and data interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

359.  Admit that for Texas Senate District 3, as drawn under PlanS148, the Office of the Texas Attorney General estimated that the majority of Black voters casting ballots and the majority of Anglo voters casting ballots preferred different candidates in the 2010 General Election contest for Lt. Governor. See Ex. A.

**OBJECTION:**   The language used in this request is vague, ambiguous and confusing rendering

this request difficult to fairly admit or deny. The request improperly calls upon the Defendants to make an admission based upon documentation of a plan that is not attached as an exhibit to the request, rendering the request difficult to fairly admit or deny. The request improperly calls upon the Defendants to make an admission with respect to the interpretation of the conduct, actions, work product, strategy, thought processes and data interpretation of a non-party to this cause of action, the Office of the Texas Attorney General. Such request is improper as an admission by the Defendants and would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts. Further, this request states: "See Ex. A". While the request does not elaborate on why the Defendants should "See Ex. A.", to the extent this request may be calling upon the Defendants to make an admission with respect to "Ex. A.", the Defendants object as "Ex. A." was not authored, created or otherwise generated by any party to this litigation or for use in this litigation. Further, "Ex. A." appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data. Thus, any admission by the Defendants with respect to the interpretation of "Ex. A." would be based upon conjecture and speculation, not based upon facts. Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategies, thought processes and data interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.


360.    Admit that for Texas Senate District 3, as drawn under PlanS148, the Office of the Texas Attorney General estimated that the majority of Black voters casting ballots preferred the Hispanic Democratic candidate while the majority of Anglo voters casting ballots preferred the Anglo Republican candidate in the 2010 General Election contest for Lt. Governor. See Ex. A.

**OBJECTION:** The language used in this request is vague, ambiguous and confusing rendering this request difficult to fairly admit or deny. The request improperly calls upon the Defendants to make an admission based upon documentation of a plan that is not attached as an exhibit to the request, rendering the request difficult to fairly admit or deny. The request improperly calls upon the Defendants to make an admission with respect to the interpretation of the conduct, actions, work product, strategy, thought processes and data interpretation of a non-party to this cause of action, the Office of the Texas Attorney General. Such request is improper as an admission by the Defendants and would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts. Further, this request states: "See Ex. A". While the request does not elaborate on why the Defendants should "See Ex. A.", to the extent this request may be calling upon the Defendants to make an admission with respect to "Ex. A.", the Defendants object as "Ex. A." was not authored, created or otherwise generated by any party to this litigation or for use in this litigation. Further, "Ex. A." appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data.

Thus, any admission by the Defendants with respect to the interpretation of "Ex. A." would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategies, thought processes and data interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

361.   Admit that for Texas Senate District 4, as drawn under PlanS148, the Office of the Texas Attorney General estimated that the majority of Black voters casting ballots and the majority of Anglo voters casting ballots preferred different candidates in the 2002 General Election contest for Governor. See Ex. A.

**OBJECTION:**   The language used in this request is vague, ambiguous and confusing rendering this request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission based upon documentation of a plan that is not attached as an exhibit to the request, rendering the request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission with respect to the interpretation of the conduct, actions, work product, strategy, thought processes and data interpretation of a non-party to this cause of action, the Office of the Texas Attorney General.   Such request is improper as an admission by the Defendants and would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts.   Further, this request states:   "See Ex. A".   While the request does not elaborate on why the Defendants should "See Ex. A.", to the extent this request may be calling upon the Defendants to make an admission with respect to "Ex. A.", the Defendants object as "Ex. A." was not authored, created or otherwise generated by any party to this litigation or for use in this litigation.   Further, "Ex. A." appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data. Thus, any admission by the Defendants with respect to the interpretation of "Ex. A." would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategies, thought processes and data interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

362.   Admit that for Texas Senate District 4, as drawn under PlanS148, the Office of the Texas Attorney General estimated that the majority of Black voters casting ballots preferred the

Hispanic Democratic candidate while the majority of Anglo voters casting ballots preferred the Anglo Republican candidate in the 2002 General Election contest for Governor. See Ex. A.

**OBJECTION:**  The language used in this request is vague, ambiguous and confusing rendering this request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission based upon documentation of a plan that is not attached as an exhibit to the request, rendering the request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission with respect to the interpretation of the conduct, actions, work product, strategy, thought processes and data interpretation of a non-party to this cause of action, the Office of the Texas Attorney General.   Such request is improper as an admission by the Defendants and would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts.   Further, this request states:  "See Ex. A".  While the request does not elaborate on why the Defendants should "See Ex. A.", to the extent this request may be calling upon the Defendants to make an admission with respect to "Ex. A.", the Defendants object as "Ex. A." was not authored, created or otherwise generated by any party to this litigation or for use in this litigation.   Further, "Ex. A." appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data.   Thus, any admission by the Defendants with respect to the interpretation of "Ex. A." would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategies, thought processes and data interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

363.  Admit that for Texas Senate District 4, as drawn under PlanS148, the Office of the Texas Attorney General estimated that the majority of Black voters casting ballots and the majority of Anglo voters casting ballots preferred different candidates in the 2004 General Election contest for Court of Criminal Appeals, Place 6. See Ex. A.

**OBJECTION:**  The language used in this request is vague, ambiguous and confusing rendering this request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission based upon documentation of a plan that is not attached as an exhibit to the request, rendering the request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission with respect to the interpretation of the conduct, actions, work product, strategy, thought processes and data interpretation of a non-party to this cause of action, the Office of the Texas Attorney General.   Such request is improper as an admission by the Defendants and would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts.   Further, this request states:  "See Ex. A".  While the request does not elaborate on why the Defendants should "See Ex. A.", to the extent this request may be calling upon the Defendants to make an admission with respect to "Ex. A.", the

Defendants object as "Ex. A." was not authored, created or otherwise generated by any party to this litigation or for use in this litigation.   Further, "Ex. A." appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data. Thus, any admission by the Defendants with respect to the interpretation of "Ex. A." would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategies, thought processes and data interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

364.   Admit that for Texas Senate District 4, as drawn under PlanS148, the Office of the Texas Attorney General estimated that the majority of Black voters casting ballots preferred the Hispanic Democratic candidate while the majority of Anglo voters casting ballots preferred the Anglo Republican candidate in the 2004 General Election contest for Court of Criminal Appeals, Place 6. See Ex. A.

**OBJECTION:**   The language used in this request is vague, ambiguous and confusing rendering this request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission based upon documentation of a plan that is not attached as an exhibit to the request, rendering the request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission with respect to the interpretation of the conduct, actions, work product, strategy, thought processes and data interpretation of a non-party to this cause of action, the Office of the Texas Attorney General.   Such request is improper as an admission by the Defendants and would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts.   Further, this request states:  "See Ex. A".   While the request does not elaborate on why the Defendants should "See Ex. A.", to the extent this request may be calling upon the Defendants to make an admission with respect to "Ex. A.", the Defendants object as "Ex. A." was not authored, created or otherwise generated by any party to this litigation or for use in this litigation.   Further, "Ex. A." appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data. Thus, any admission by the Defendants with respect to the interpretation of "Ex. A." would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategies, thought processes and data interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this

request.

365. Admit that for Texas Senate District 4, as drawn under PlanS148, the Office of the Texas Attorney General estimated that the majority of Black voters casting ballots and the majority of Anglo voters casting ballots preferred different candidates in the 2006 General Election contest for Lt. Governor. See Ex. A.

**OBJECTION:**   The language used in this request is vague, ambiguous and confusing rendering this request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission based upon documentation of a plan that is not attached as an exhibit to the request, rendering the request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission with respect to the interpretation of the conduct, actions, work product, strategy, thought processes and data interpretation of a non-party to this cause of action, the Office of the Texas Attorney General.   Such request is improper as an admission by the Defendants and would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts.   Further, this request states:   "See Ex. A".   While the request does not elaborate on why the Defendants should "See Ex. A.", to the extent this request may be calling upon the Defendants to make an admission with respect to "Ex. A.", the Defendants object as "Ex. A." was not authored, created or otherwise generated by any party to this litigation or for use in this litigation.   Further, "Ex. A." appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data. Thus, any admission by the Defendants with respect to the interpretation of "Ex. A." would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategies, thought processes and data interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

366. Admit that for Texas Senate District 4, as drawn under PlanS148, the Office of the Texas Attorney General estimated that the majority of Black voters casting ballots preferred the Hispanic Democratic candidate while the majority of Anglo voters casting ballots preferred the Anglo Republican candidate in the 2006 General Election contest for Lt. Governor. See Ex. A.

**OBJECTION:**   The language used in this request is vague, ambiguous and confusing rendering this request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission based upon documentation of a plan that is not attached as an exhibit to the request, rendering the request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission with respect to the interpretation of the conduct, actions, work product, strategy, thought processes and data interpretation of a non-party to this cause of

action, the Office of the Texas Attorney General.   Such request is improper as an admission by the Defendants and would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts.   Further, this request states:   "See Ex. A".   While the request does not elaborate on why the Defendants should "See Ex. A.", to the extent this request may be calling upon the Defendants to make an admission with respect to "Ex. A.", the Defendants object as "Ex. A." was not authored, created or otherwise generated by any party to this litigation or for use in this litigation.   Further, "Ex. A." appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data. Thus, any admission by the Defendants with respect to the interpretation of "Ex. A." would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategies, thought processes and data interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

367.   Admit that for Texas Senate District 4, as drawn under PlanS148, the Office of the Texas Attorney General estimated that the majority of Black voters casting ballots and the majority of Anglo voters casting ballots preferred different candidates in the 2008 General Election contest for U.S. Senate. See Ex. A.

**OBJECTION:**   The language used in this request is vague, ambiguous and confusing rendering this request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission based upon documentation of a plan that is not attached as an exhibit to the request, rendering the request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission with respect to the interpretation of the conduct, actions, work product, strategy, thought processes and data interpretation of a non-party to this cause of action, the Office of the Texas Attorney General.   Such request is improper as an admission by the Defendants and would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts.   Further, this request states:   "See Ex. A".   While the request does not elaborate on why the Defendants should "See Ex. A.", to the extent this request may be calling upon the Defendants to make an admission with respect to "Ex. A.", the Defendants object as "Ex. A." was not authored, created or otherwise generated by any party to this litigation or for use in this litigation.   Further, "Ex. A." appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data. Thus, any admission by the Defendants with respect to the interpretation of "Ex. A." would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategies, thought processes and data

interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

368.   Admit that for Texas Senate District 4, as drawn under PlanS148, the Office of the Texas Attorney General estimated that the majority of Black voters casting ballots preferred the Hispanic Democratic candidate while the majority of Anglo voters casting ballots preferred the Anglo Republican candidate in the 2008 General Election contest for U.S. Senate. See Ex. A.

**OBJECTION:**   The language used in this request is vague, ambiguous and confusing rendering this request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission based upon documentation of a plan that is not attached as an exhibit to the request, rendering the request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission with respect to the interpretation of the conduct, actions, work product, strategy, thought processes and data interpretation of a non-party to this cause of action, the Office of the Texas Attorney General.   Such request is improper as an admission by the Defendants and would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts.   Further, this request states:   "See Ex. A".   While the request does not elaborate on why the Defendants should "See Ex. A.", to the extent this request may be calling upon the Defendants to make an admission with respect to "Ex. A.", the Defendants object as "Ex. A." was not authored, created or otherwise generated by any party to this litigation or for use in this litigation.   Further, "Ex. A." appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data. Thus, any admission by the Defendants with respect to the interpretation of "Ex. A." would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategies, thought processes and data interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

369.   Admit that for Texas Senate District 4, as drawn under PlanS148, the Office of the Texas Attorney General estimated that the majority of Black voters casting ballots and the majority of Anglo voters casting ballots preferred different candidates in the 2010 General Election contest for Lt. Governor. See Ex. A.

**OBJECTION:**   The language used in this request is vague, ambiguous and confusing rendering this request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission based upon documentation of a plan that is not attached as an exhibit to the

request, rendering the request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission with respect to the interpretation of the conduct, actions, work product, strategy, thought processes and data interpretation of a non-party to this cause of action, the Office of the Texas Attorney General.   Such request is improper as an admission by the Defendants and would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts.   Further, this request states:   "See Ex. A".   While the request does not elaborate on why the Defendants should "See Ex. A.", to the extent this request may be calling upon the Defendants to make an admission with respect to "Ex. A.", the Defendants object as "Ex. A." was not authored, created or otherwise generated by any party to this litigation or for use in this litigation.   Further, "Ex. A." appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data. Thus, any admission by the Defendants with respect to the interpretation of "Ex. A." would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategies, thought processes and data interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

370. Admit that for Texas Senate District 4, as drawn under PlanS148, the Office of the Texas Attorney General estimated that the majority of Black voters casting ballots preferred the Hispanic Democratic candidate while the majority of Anglo voters casting ballots preferred the Anglo Republican candidate in the 2010 General Election contest for Lt. Governor. See Ex. A.

**OBJECTION:**   The language used in this request is vague, ambiguous and confusing rendering this request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission based upon documentation of a plan that is not attached as an exhibit to the request, rendering the request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission with respect to the interpretation of the conduct, actions, work product, strategy, thought processes and data interpretation of a non-party to this cause of action, the Office of the Texas Attorney General.   Such request is improper as an admission by the Defendants and would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts.   Further, this request states:   "See Ex. A".   While the request does not elaborate on why the Defendants should "See Ex. A.", to the extent this request may be calling upon the Defendants to make an admission with respect to "Ex. A.", the Defendants object as "Ex. A." was not authored, created or otherwise generated by any party to this litigation or for use in this litigation.   Further, "Ex. A." appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data. Thus, any admission by the Defendants with respect to the interpretation of "Ex. A." would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the

request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategies, thought processes and data interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

371.   Admit that for Texas Senate District 5, as drawn under PlanS148, the Office of the Texas Attorney General estimated that the majority of Black voters casting ballots and the majority of Anglo voters casting ballots preferred different candidates in the 2002 General Election contest for Governor. See Ex. A.

**OBJECTION:**   The language used in this request is vague, ambiguous and confusing rendering this request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission based upon documentation of a plan that is not attached as an exhibit to the request, rendering the request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission with respect to the interpretation of the conduct, actions, work product, strategy, thought processes and data interpretation of a non-party to this cause of action, the Office of the Texas Attorney General.   Such request is improper as an admission by the Defendants and would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts.   Further, this request states:   "See Ex. A".   While the request does not elaborate on why the Defendants should "See Ex. A.", to the extent this request may be calling upon the Defendants to make an admission with respect to "Ex. A.", the Defendants object as "Ex. A." was not authored, created or otherwise generated by any party to this litigation or for use in this litigation.   Further, "Ex. A." appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data. Thus, any admission by the Defendants with respect to the interpretation of "Ex. A." would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategies, thought processes and data interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

372.   Admit that for Texas Senate District 5, as drawn under PlanS148, the Office of the Texas Attorney General estimated that the majority of Black voters casting ballots preferred the Hispanic Democratic candidate while the majority of Anglo voters casting ballots preferred the Anglo Republican candidate in the 2002 General Election contest for