the Defendants to make an admission with respect to the interpretation of the conduct, actions, work product, strategy, thought processes and data interpretation of a non-party to this cause of action, the Office of the Texas Attorney General.   Such request is improper as an admission by the Defendants and would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts.   Further, this request states:  "See Ex. A".   While the request does not elaborate on why the Defendants should "See Ex. A.", to the extent this request may be calling upon the Defendants to make an admission with respect to "Ex. A.", the Defendants object as "Ex. A." was not authored, created or otherwise generated by any party to this litigation or for use in this litigation.   Further, "Ex. A." appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data. Thus, any admission by the Defendants with respect to the interpretation of "Ex. A." would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategies, thought processes and data interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

698.   Admit that for Texas Senate District 30, as drawn under PlanS 148, the Office of the Texas Attorney General estimated that the majority of Black voters casting ballots and the majority of Anglo voters casting ballots preferred different candidates in the 2008 General Election contest for U.S. Senate. See Ex. A.

**OBJECTION:**   The language used in this request is vague, ambiguous and confusing rendering this request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission based upon documentation of a plan that is not attached as an exhibit to the request, rendering the request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission with respect to the interpretation of the conduct, actions, work product, strategy, thought processes and data interpretation of a non-party to this cause of action, the Office of the Texas Attorney General.   Such request is improper as an admission by the Defendants and would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts.   Further, this request states:  "See Ex. A".   While the request does not elaborate on why the Defendants should "See Ex. A.", to the extent this request may be calling upon the Defendants to make an admission with respect to "Ex. A.", the Defendants object as "Ex. A." was not authored, created or otherwise generated by any party to this litigation or for use in this litigation.   Further, "Ex. A." appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data. Thus, any admission by the Defendants with respect to the interpretation of "Ex. A." would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence

as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategies, thought processes and data interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

699.    Admit that for Texas Senate District 30, as drawn under PlanS 148, the Office of the Texas Attorney General estimated that the majority of Hispanic voters casting ballots and the majority of Anglo voters casting ballots preferred different candidates in the 2008 General Election contest for U.S. Senate. See Ex. A.

**OBJECTION:**   The language used in this request is vague, ambiguous and confusing rendering this request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission based upon documentation of a plan that is not attached as an exhibit to the request, rendering the request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission with respect to the interpretation of the conduct, actions, work product, strategy, thought processes and data interpretation of a non-party to this cause of action, the Office of the Texas Attorney General.   Such request is improper as an admission by the Defendants and would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts.   Further, this request states:   "See Ex. A".   While the request does not elaborate on why the Defendants should "See Ex. A.", to the extent this request may be calling upon the Defendants to make an admission with respect to "Ex. A.", the Defendants object as "Ex. A." was not authored, created or otherwise generated by any party to this litigation or for use in this litigation.   Further, "Ex. A." appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data. Thus, any admission by the Defendants with respect to the interpretation of "Ex. A." would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategies, thought processes and data interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

700.    Admit that for Texas Senate District 30, as drawn under PlanS 148, the Office of the Texas Attorney General estimated that the majority of Black and the majority of Hispanic voters casting ballots preferred the Hispanic Democratic candidate while the majority of Anglo voters casting ballots preferred the Anglo Republican candidate in the 2008 General Election contest for U.S. Senate. See Ex. A.

**OBJECTION:**   The language used in this request is vague, ambiguous and confusing rendering

this request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission based upon documentation of a plan that is not attached as an exhibit to the request, rendering the request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission with respect to the interpretation of the conduct, actions, work product, strategy, thought processes and data interpretation of a non-party to this cause of action, the Office of the Texas Attorney General.   Such request is improper as an admission by the Defendants and would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts.   Further, this request states:   "See Ex. A".   While the request does not elaborate on why the Defendants should "See Ex. A.", to the extent this request may be calling upon the Defendants to make an admission with respect to "Ex. A.", the Defendants object as "Ex. A." was not authored, created or otherwise generated by any party to this litigation or for use in this litigation.   Further, "Ex. A." appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data. Thus, any admission by the Defendants with respect to the interpretation of "Ex. A." would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategies, thought processes and data interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.


701.   Admit that for Texas Senate District 30, as drawn under PlanS 148, the Office of the Texas Attorney General estimated that the majority of Black voters casting ballots and the majority of Anglo voters casting ballots preferred different candidates in the 2010 General Election contest for Lt. Governor. See Ex. A.

**OBJECTION:**   The language used in this request is vague, ambiguous and confusing rendering this request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission based upon documentation of a plan that is not attached as an exhibit to the request, rendering the request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission with respect to the interpretation of the conduct, actions, work product, strategy, thought processes and data interpretation of a non-party to this cause of action, the Office of the Texas Attorney General.   Such request is improper as an admission by the Defendants and would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts.   Further, this request states:   "See Ex. A".   While the request does not elaborate on why the Defendants should "See Ex. A.", to the extent this request may be calling upon the Defendants to make an admission with respect to "Ex. A.", the Defendants object as "Ex. A." was not authored, created or otherwise generated by any party to this litigation or for use in this litigation.   Further, "Ex. A." appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data. Thus, any admission by the Defendants with respect to the interpretation of "Ex. A." would be

based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategies, thought processes and data interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

702.   Admit that for Texas Senate District 30, as drawn under PlanS 148, the Office of the Texas Attorney General estimated that the majority of Black voters casting ballots preferred the Hispanic Democratic candidate while the majority of Anglo voters casting ballots preferred the Anglo Republican candidate in the 2010 General Election contest for Lt. Governor. See Ex. A.

**OBJECTION:**   The language used in this request is vague, ambiguous and confusing rendering this request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission based upon documentation of a plan that is not attached as an exhibit to the request, rendering the request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission with respect to the interpretation of the conduct, actions, work product, strategy, thought processes and data interpretation of a non-party to this cause of action, the Office of the Texas Attorney General.   Such request is improper as an admission by the Defendants and would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts.   Further, this request states:   "See Ex. A".   While the request does not elaborate on why the Defendants should "See Ex. A.", to the extent this request may be calling upon the Defendants to make an admission with respect to "Ex. A.", the Defendants object as "Ex. A." was not authored, created or otherwise generated by any party to this litigation or for use in this litigation.   Further, "Ex. A." appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data. Thus, any admission by the Defendants with respect to the interpretation of "Ex. A." would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategies, thought processes and data interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

703.   Admit that for Texas Senate District 31, as drawn under PlanS 148, the Office of the Texas Attorney General estimated that the majority of Black voters casting ballots and the

majority of Anglo voters casting ballots preferred different candidates in the 2002 General Election contest for Governor. See Ex. A.

**OBJECTION:**   The language used in this request is vague, ambiguous and confusing rendering this request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission based upon documentation of a plan that is not attached as an exhibit to the request, rendering the request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission with respect to the interpretation of the conduct, actions, work product, strategy, thought processes and data interpretation of a non-party to this cause of action, the Office of the Texas Attorney General.   Such request is improper as an admission by the Defendants and would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts.   Further, this request states:  "See Ex. A".   While the request does not elaborate on why the Defendants should "See Ex. A.", to the extent this request may be calling upon the Defendants to make an admission with respect to "Ex. A.", the Defendants object as "Ex. A." was not authored, created or otherwise generated by any party to this litigation or for use in this litigation.   Further, "Ex. A." appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data. Thus, any admission by the Defendants with respect to the interpretation of "Ex. A." would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategies, thought processes and data interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

704.   Admit that for Texas Senate District 31, as drawn under PlanS 148, the Office of the Texas Attorney General estimated that the majority of Hispanic voters casting ballots and the majority of Anglo voters casting ballots preferred different candidates in the 2002 General Election contest for Governor. See Ex. A.

**OBJECTION:**   The language used in this request is vague, ambiguous and confusing rendering this request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission based upon documentation of a plan that is not attached as an exhibit to the request, rendering the request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission with respect to the interpretation of the conduct, actions, work product, strategy, thought processes and data interpretation of a non-party to this cause of action, the Office of the Texas Attorney General.   Such request is improper as an admission by the Defendants and would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts.   Further, this request states:  "See Ex. A".   While the request does not elaborate on why the Defendants should "See Ex. A.", to the extent this request may be calling upon the Defendants to make an admission with respect to "Ex. A.", the Defendants object as "Ex. A." was not authored, created or otherwise generated by any party to

this litigation or for use in this litigation.   Further, "Ex. A." appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data. Thus, any admission by the Defendants with respect to the interpretation of "Ex. A." would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategies, thought processes and data interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

705.   Admit that for Texas Senate District 31, as drawn under PlanS 148, the Office of the Texas Attorney General estimated that the majority of Black and the majority of Hispanic voters casting ballots preferred the Hispanic Democratic candidate while the majority of Anglo voters casting ballots preferred the Anglo Republican candidate in the 2002 General Election contest for Governor. See Ex. A.

**OBJECTION:**   The language used in this request is vague, ambiguous and confusing rendering this request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission based upon documentation of a plan that is not attached as an exhibit to the request, rendering the request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission with respect to the interpretation of the conduct, actions, work product, strategy, thought processes and data interpretation of a non-party to this cause of action, the Office of the Texas Attorney General.   Such request is improper as an admission by the Defendants and would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts.   Further, this request states:   "See Ex. A".   While the request does not elaborate on why the Defendants should "See Ex. A.", to the extent this request may be calling upon the Defendants to make an admission with respect to "Ex. A.", the Defendants object as "Ex. A." was not authored, created or otherwise generated by any party to this litigation or for use in this litigation.   Further, "Ex. A." appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data. Thus, any admission by the Defendants with respect to the interpretation of "Ex. A." would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategies, thought processes and data interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

706.   Admit that for Texas Senate District 31, as drawn under PlanS 148, the Office of the Texas Attorney General estimated that the majority of Black voters casting ballots and the majority of Anglo voters casting ballots preferred different candidates in the 2004 General Election contest for Court of Criminal Appeals, Place 6. See Ex. A.

**OBJECTION:**   The language used in this request is vague, ambiguous and confusing rendering this request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission based upon documentation of a plan that is not attached as an exhibit to the request, rendering the request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission with respect to the interpretation of the conduct, actions, work product, strategy, thought processes and data interpretation of a non-party to this cause of action, the Office of the Texas Attorney General.   Such request is improper as an admission by the Defendants and would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts.   Further, this request states:  "See Ex. A".   While the request does not elaborate on why the Defendants should "See Ex. A.", to the extent this request may be calling upon the Defendants to make an admission with respect to "Ex. A.", the Defendants object as "Ex. A." was not authored, created or otherwise generated by any party to this litigation or for use in this litigation.   Further, "Ex. A." appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data.  Thus, any admission by the Defendants with respect to the interpretation of "Ex. A." would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategies, thought processes and data interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

707.   Admit that for Texas Senate District 31, as drawn under PlanS 148, the Office of the Texas Attorney General estimated that the majority of Hispanic voters casting ballots and the majority of Anglo voters casting ballots preferred different candidates in the 2004 General Election contest for Court of Criminal Appeals, Place 6. See Ex. A.

**OBJECTION:**   The language used in this request is vague, ambiguous and confusing rendering this request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission based upon documentation of a plan that is not attached as an exhibit to the request, rendering the request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission with respect to the interpretation of the conduct, actions, work product, strategy, thought processes and data interpretation of a non-party to this cause of action, the Office of the Texas Attorney General.   Such request is improper as an admission by the Defendants and would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts.   Further, this request states:  "See Ex. A".   While

the request does not elaborate on why the Defendants should "See Ex. A.", to the extent this request may be calling upon the Defendants to make an admission with respect to "Ex. A.", the Defendants object as "Ex. A." was not authored, created or otherwise generated by any party to this litigation or for use in this litigation.   Further, "Ex. A." appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data. Thus, any admission by the Defendants with respect to the interpretation of "Ex. A." would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategies, thought processes and data interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

708.    Admit that for Texas Senate District 31, as drawn under PlanS 148, the Office of the Texas Attorney General estimated that the majority of Black and the majority of Hispanic voters casting ballots preferred the Hispanic Democratic candidate while the majority of Anglo voters casting ballots preferred the Anglo Republican candidate in the 2004 General Election contest for Court of Criminal Appeals, Place 6. See Ex. A.

**OBJECTION:**   The language used in this request is vague, ambiguous and confusing rendering this request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission based upon documentation of a plan that is not attached as an exhibit to the request, rendering the request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission with respect to the interpretation of the conduct, actions, work product, strategy, thought processes and data interpretation of a non-party to this cause of action, the Office of the Texas Attorney General.   Such request is improper as an admission by the Defendants and would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts.   Further, this request states:   "See Ex. A".   While the request does not elaborate on why the Defendants should "See Ex. A.", to the extent this request may be calling upon the Defendants to make an admission with respect to "Ex. A.", the Defendants object as "Ex. A." was not authored, created or otherwise generated by any party to this litigation or for use in this litigation.   Further, "Ex. A." appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data. Thus, any admission by the Defendants with respect to the interpretation of "Ex. A." would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategies, thought processes and data interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

709.   Admit that for Texas Senate District 31, as drawn under PlanS 148, the Office of the Texas Attorney General estimated that the majority of Black voters casting ballots and the majority of Anglo voters casting ballots preferred different candidates in the 2006 General Election contest for Lt. Governor. See Ex. A.

**OBJECTION:**   The language used in this request is vague, ambiguous and confusing rendering this request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission based upon documentation of a plan that is not attached as an exhibit to the request, rendering the request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission with respect to the interpretation of the conduct, actions, work product, strategy, thought processes and data interpretation of a non-party to this cause of action, the Office of the Texas Attorney General.   Such request is improper as an admission by the Defendants and would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts.   Further, this request states:   "See Ex. A".   While the request does not elaborate on why the Defendants should "See Ex. A.", to the extent this request may be calling upon the Defendants to make an admission with respect to "Ex. A.", the Defendants object as "Ex. A." was not authored, created or otherwise generated by any party to this litigation or for use in this litigation.   Further, "Ex. A." appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data. Thus, any admission by the Defendants with respect to the interpretation of "Ex. A." would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategies, thought processes and data interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

710.   Admit that for Texas Senate District 31, as drawn under PlanS 148, the Office of the Texas Attorney General estimated that the majority of Hispanic voters casting ballots and the majority of Anglo voters casting ballots preferred different candidates in the 2006 General Election contest for Lt. Governor. See Ex. A.

**OBJECTION:**   The language used in this request is vague, ambiguous and confusing rendering this request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission based upon documentation of a plan that is not attached as an exhibit to the request, rendering the request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission with respect to the interpretation of the conduct, actions,

work product, strategy, thought processes and data interpretation of a non-party to this cause of action, the Office of the Texas Attorney General.   Such request is improper as an admission by the Defendants and would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts.   Further, this request states:   "See Ex. A".   While the request does not elaborate on why the Defendants should "See Ex. A.", to the extent this request may be calling upon the Defendants to make an admission with respect to "Ex. A.", the Defendants object as "Ex. A." was not authored, created or otherwise generated by any party to this litigation or for use in this litigation.   Further, "Ex. A." appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data. Thus, any admission by the Defendants with respect to the interpretation of "Ex. A." would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategies, thought processes and data interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

711.    Admit that for Texas Senate District 31, as drawn under PlanS 148, the Office of the Texas Attorney General estimated that the majority of Black and the majority of Hispanic voters casting ballots preferred the Hispanic Democratic candidate while the majority of Anglo voters casting ballots preferred the Anglo Republican candidate in the 2006 General Election contest for Lt. Governor. See Ex. A.

**OBJECTION:**   The language used in this request is vague, ambiguous and confusing rendering this request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission based upon documentation of a plan that is not attached as an exhibit to the request, rendering the request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission with respect to the interpretation of the conduct, actions, work product, strategy, thought processes and data interpretation of a non-party to this cause of action, the Office of the Texas Attorney General.   Such request is improper as an admission by the Defendants and would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts.   Further, this request states:   "See Ex. A".   While the request does not elaborate on why the Defendants should "See Ex. A.", to the extent this request may be calling upon the Defendants to make an admission with respect to "Ex. A.", the Defendants object as "Ex. A." was not authored, created or otherwise generated by any party to this litigation or for use in this litigation.   Further, "Ex. A." appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data. Thus, any admission by the Defendants with respect to the interpretation of "Ex. A." would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence

as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategies, thought processes and data interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

712.  Admit that for Texas Senate District 31, as drawn under PlanS 148, the Office of the Texas Attorney General estimated that the majority of Black voters casting ballots and the majority of Anglo voters casting ballots preferred different candidates in the 2008 General Election contest for U.S. Senate. See Ex. A.

**OBJECTION:**  The language used in this request is vague, ambiguous and confusing rendering this request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission based upon documentation of a plan that is not attached as an exhibit to the request, rendering the request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission with respect to the interpretation of the conduct, actions, work product, strategy, thought processes and data interpretation of a non-party to this cause of action, the Office of the Texas Attorney General.   Such request is improper as an admission by the Defendants and would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts.   Further, this request states:   "See Ex. A".   While the request does not elaborate on why the Defendants should "See Ex. A.", to the extent this request may be calling upon the Defendants to make an admission with respect to "Ex. A.", the Defendants object as "Ex. A." was not authored, created or otherwise generated by any party to this litigation or for use in this litigation.   Further, "Ex. A." appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data. Thus, any admission by the Defendants with respect to the interpretation of "Ex. A." would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategies, thought processes and data interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

713.  Admit that for Texas Senate District 31, as drawn under PlanS148, the Office of the Texas Attorney General estimated that the majority of Hispanic voters casting ballots and the majority of Anglo voters casting ballots preferred different candidates in the 2008 General Election contest for U.S. Senate. See Ex. A.

**OBJECTION:**  The language used in this request is vague, ambiguous and confusing rendering this request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to

make an admission based upon documentation of a plan that is not attached as an exhibit to the request, rendering the request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission with respect to the interpretation of the conduct, actions, work product, strategy, thought processes and data interpretation of a non-party to this cause of action, the Office of the Texas Attorney General.   Such request is improper as an admission by the Defendants and would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts.   Further, this request states:   "See Ex. A".   While the request does not elaborate on why the Defendants should "See Ex. A.", to the extent this request may be calling upon the Defendants to make an admission with respect to "Ex. A.", the Defendants object as "Ex. A." was not authored, created or otherwise generated by any party to this litigation or for use in this litigation.   Further, "Ex. A." appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data.   Thus, any admission by the Defendants with respect to the interpretation of "Ex. A." would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategies, thought processes and data interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

714.   Admit that for Texas Senate District 31, as drawn under PlanS 148, the Office of the Texas Attorney General estimated that the majority of Black and the majority of Hispanic voters casting ballots preferred the Hispanic Democratic candidate while the majority of Anglo voters casting ballots preferred the Anglo Republican candidate in the 2008 General Election contest for U.S. Senate. See Ex. A.

**OBJECTION:**   The language used in this request is vague, ambiguous and confusing rendering this request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission based upon documentation of a plan that is not attached as an exhibit to the request, rendering the request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission with respect to the interpretation of the conduct, actions, work product, strategy, thought processes and data interpretation of a non-party to this cause of action, the Office of the Texas Attorney General.   Such request is improper as an admission by the Defendants and would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts.   Further, this request states:   "See Ex. A".   While the request does not elaborate on why the Defendants should "See Ex. A.", to the extent this request may be calling upon the Defendants to make an admission with respect to "Ex. A.", the Defendants object as "Ex. A." was not authored, created or otherwise generated by any party to this litigation or for use in this litigation.   Further, "Ex. A." appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data.   Thus, any admission by the Defendants with respect to the interpretation of "Ex. A." would be

based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategies, thought processes and data interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

715.    Admit that for Texas Senate District 31, as drawn under PlanS 148, the Office of the Texas Attorney General estimated that the majority of Black voters casting ballots and the majority of Anglo voters casting ballots preferred different candidates in the 2010 General Election contest for Lt. Governor. See Ex. A.

**OBJECTION:**   The language used in this request is vague, ambiguous and confusing rendering this request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission based upon documentation of a plan that is not attached as an exhibit to the request, rendering the request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission with respect to the interpretation of the conduct, actions, work product, strategy, thought processes and data interpretation of a non-party to this cause of action, the Office of the Texas Attorney General.   Such request is improper as an admission by the Defendants and would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts.   Further, this request states:   "See Ex. A".   While the request does not elaborate on why the Defendants should "See Ex. A.", to the extent this request may be calling upon the Defendants to make an admission with respect to "Ex. A.", the Defendants object as "Ex. A." was not authored, created or otherwise generated by any party to this litigation or for use in this litigation.   Further, "Ex. A." appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data. Thus, any admission by the Defendants with respect to the interpretation of "Ex. A." would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategies, thought processes and data interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

716.    Admit that for Texas Senate District 31, as drawn under PlanS 148, the Office of the Texas Attorney General estimated that the majority of Hispanic voters casting ballots and the majority of Anglo voters casting ballots preferred different candidates in the 2010 General

Election contest for Lt. Governor. See Ex. A.

**OBJECTION:**   The language used in this request is vague, ambiguous and confusing rendering this request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission based upon documentation of a plan that is not attached as an exhibit to the request, rendering the request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission with respect to the interpretation of the conduct, actions, work product, strategy, thought processes and data interpretation of a non-party to this cause of action, the Office of the Texas Attorney General.   Such request is improper as an admission by the Defendants and would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts.   Further, this request states:   "See Ex. A".   While the request does not elaborate on why the Defendants should "See Ex. A.", to the extent this request may be calling upon the Defendants to make an admission with respect to "Ex. A.", the Defendants object as "Ex. A." was not authored, created or otherwise generated by any party to this litigation or for use in this litigation.   Further, "Ex. A." appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data. Thus, any admission by the Defendants with respect to the interpretation of "Ex. A." would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategies, thought processes and data interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

717.   Admit that for Texas Senate District 31, as drawn under PlanS 148, the Office of the Texas Attorney General estimated that the majority of Black and the majority of Hispanic voters casting ballots preferred the Hispanic Democratic candidate while the majority of Anglo voters casting ballots preferred the Anglo Republican candidate in the 2010 General Election contest for Lt. Governor. See Ex. A.

**OBJECTION:**   The language used in this request is vague, ambiguous and confusing rendering this request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission based upon documentation of a plan that is not attached as an exhibit to the request, rendering the request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission with respect to the interpretation of the conduct, actions, work product, strategy, thought processes and data interpretation of a non-party to this cause of action, the Office of the Texas Attorney General.   Such request is improper as an admission by the Defendants and would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts.   Further, this request states:   "See Ex. A".   While the request does not elaborate on why the Defendants should "See Ex. A.", to the extent this request may be calling upon the Defendants to make an admission with respect to "Ex. A.", the Defendants object as "Ex. A." was not authored, created or otherwise generated by any party to

this litigation or for use in this litigation.   Further, "Ex. A." appears to contain approximately 745 pages of what appears to be statistical data without any explanation of the manner or methods of its creation or interpretation and without any authentication of the documents or the underlying data. Thus, any admission by the Defendants with respect to the interpretation of "Ex. A." would be based upon conjecture and speculation, not based upon facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategies, thought processes and data interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

718.   Admit that the majority of African American voters who cast ballots in the 2004 statewide primary elections in Texas chose to participate in the Democratic Party primary election.

**OBJECTION:**   The language "majority of African American voters", "the 2004 statewide primary elections", "chose to participate", and "Democratic Party primary election" is overbroad, undefined, vague and ambiguous rendering this request difficult to fairly admit or deny.   Further, Defendants object to this request as it is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence.   Further, the request calls upon the Defendants to make an admission with respect to an argument by the Plaintiff which is not shown to be supported by any factual basis and is conjecture or speculation by the Plaintiff.   Therefore, an admission by the Defendants would be based upon conjecture, speculation and/or hearsay, not based upon facts.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

719.   Admit that the majority of African American voters who cast ballots in the 2006 statewide primary elections in Texas chose to participate in the Democratic Party primary election. Admit that the majority of African American voters who cast ballots in the 2008 statewide primary elections in Texas chose to participate in the Democratic Party primary election.

**OBJECTION:**   The language "majority of African American voters", "the 2006 statewide primary elections", "the 2008 statewide primary elections", "chose to participate", and "Democratic Party primary election" is overbroad, undefined, vague and ambiguous rendering this request difficult to fairly admit or deny.   Further, Defendants object to this request as it is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence.   Further, the request calls upon the Defendants to make an admission with respect to an argument by the Plaintiff which is not shown to be supported by any factual basis and is conjecture or speculation by the Plaintiff.   Therefore, an admission by the Defendants would be based upon conjecture, speculation and/or hearsay, not based upon facts.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

720.   Admit that the majority of African American voters who cast ballots in the 2010 statewide primary elections in Texas chose to participate in the Democratic Party primary election.

**OBJECTION:**   The language "majority of African American voters", "the 2010 statewide primary elections", "chose to participate", and "Democratic Party primary election" is overbroad, undefined, vague and ambiguous rendering this request difficult to fairly admit or deny.   Further, Defendants object to this request as it is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence.   Further, the request calls upon the Defendants to make an admission with respect to an argument by the Plaintiff which is not shown to be supported by any factual basis and is conjecture or speculation by the Plaintiff.   Therefore, an admission by the Defendants would be based upon conjecture, speculation and/or hearsay, not based upon facts.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

721.   Admit that the majority of African American voters who cast ballots in the 2012 statewide primary elections in Texas chose to participate in the Democratic Party primary election.

**OBJECTION:**   The language "majority of African American voters", "the 2012 statewide primary elections", "chose to participate", and "Democratic Party primary election" is overbroad, undefined, vague and ambiguous rendering this request difficult to fairly admit or deny.   Further, Defendants object to this request as it is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence.   Further, the request calls upon the Defendants to make an admission with respect to an argument by the Plaintiff which is not shown to be supported by any factual basis and is conjecture or speculation by the Plaintiff.   Therefore, an admission by the Defendants would be based upon conjecture, speculation and/or hearsay, not based upon facts.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

722.   Admit that the majority of African American voters who cast ballots in the 2014 statewide primary elections in Texas chose to participate in the Democratic Party primary election.

**OBJECTION:**   The language "majority of African American voters", "the 2014 statewide primary elections", "chose to participate", and "Democratic Party primary election" is overbroad, undefined, vague and ambiguous rendering this request difficult to fairly admit or deny.   Further, Defendants object to this request as it is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence.   Further, the request calls upon the Defendants to make an admission with respect to an argument by the Plaintiff which is not shown to be supported by any

factual basis and is conjecture or speculation by the Plaintiff.  Therefore, an admission by the Defendants would be based upon conjecture, speculation and/or hearsay, not based upon facts.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

723.   Admit that the majority of Hispanic voters who cast ballots in the 2004 statewide primary elections in Texas chose to participate in the Democratic Party primary election.

**OBJECTION:**   The language "majority of Hispanic voters", "the 2004 statewide primary elections", "chose to participate", and "Democratic Party primary election" is overbroad, undefined, vague and ambiguous rendering this request difficult to fairly admit or deny.   Further, Defendants object to this request as it is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence.  Further, the request calls upon the Defendants to make an admission with respect to an argument by the Plaintiff which is not shown to be supported by any factual basis and is conjecture or speculation by the Plaintiff.  Therefore, an admission by the Defendants would be based upon conjecture, speculation and/or hearsay, not based upon facts.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

724.   Admit that the majority of Hispanic voters who cast ballots in the 2006 statewide primary elections in Texas chose to participate in the Democratic Party primary election.

**OBJECTION:**   The language "majority of Hispanic voters", "the 2006 statewide primary elections", "chose to participate", and "Democratic Party primary election" is overbroad, undefined, vague and ambiguous rendering this request difficult to fairly admit or deny.   Further, Defendants object to this request as it is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence.  Further, the request calls upon the Defendants to make an admission with respect to an argument by the Plaintiff which is not shown to be supported by any factual basis and is conjecture or speculation by the Plaintiff.  Therefore, an admission by the Defendants would be based upon conjecture, speculation and/or hearsay, not based upon facts.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

725.   Admit that the majority of Hispanic voters who cast ballots in the 2008 statewide primary elections in Texas chose to participate in the Democratic Party primary election.

**OBJECTION:**   The language "majority of Hispanic voters", "the 2008 statewide primary elections", "chose to participate", and "Democratic Party primary election" is overbroad, undefined, vague and ambiguous rendering this request difficult to fairly admit or deny.   Further,

Defendants object to this request as it is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence.  Further, the request calls upon the Defendants to make an admission with respect to an argument by the Plaintiff which is not shown to be supported by any factual basis and is conjecture or speculation by the Plaintiff.  Therefore, an admission by the Defendants would be based upon conjecture, speculation and/or hearsay, not based upon facts.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

726.    Admit that the majority of Hispanic voters who cast ballots in the 2010 statewide primary elections in Texas chose to participate in the Democratic Party primary election.

**OBJECTION:**   The language "majority of Hispanic voters", "the 2010 statewide primary elections", "chose to participate", and "Democratic Party primary election" is overbroad, undefined, vague and ambiguous rendering this request difficult to fairly admit or deny.   Further, Defendants object to this request as it is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence.  Further, the request calls upon the Defendants to make an admission with respect to an argument by the Plaintiff which is not shown to be supported by any factual basis and is conjecture or speculation by the Plaintiff.  Therefore, an admission by the Defendants would be based upon conjecture, speculation and/or hearsay, not based upon facts.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

727.    Admit that the majority of Hispanic voters who cast ballots in the 2012 statewide primary elections in Texas chose to participate in the Democratic Party primary election.

**OBJECTION:**   The language "majority of Hispanic voters", "the 2012 statewide primary elections", "chose to participate", and "Democratic Party primary election" is overbroad, undefined, vague and ambiguous rendering this request difficult to fairly admit or deny.   Further, Defendants object to this request as it is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence.  Further, the request calls upon the Defendants to make an admission with respect to an argument by the Plaintiff which is not shown to be supported by any factual basis and is conjecture or speculation by the Plaintiff.  Therefore, an admission by the Defendants would be based upon conjecture, speculation and/or hearsay, not based upon facts.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

728.    Admit that the majority of Hispanic voters who cast ballots in the 2014 statewide primary elections in Texas chose to participate in the Democratic Party primary election.

**OBJECTION:**   The language "majority of Hispanic voters", "the 2014 statewide primary elections", "chose to participate", and "Democratic Party primary election" is overbroad, undefined, vague and ambiguous rendering this request difficult to fairly admit or deny.   Further, Defendants object to this request as it is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence.   Further, the request calls upon the Defendants to make an admission with respect to an argument by the Plaintiff which is not shown to be supported by any factual basis and is conjecture or speculation by the Plaintiff.   Therefore, an admission by the Defendants would be based upon conjecture, speculation and/or hearsay, not based upon facts.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

729.   Admit that the majority of voters with Spanish surnames who cast ballots in the 2004 statewide primary elections in Texas chose to participate in the Democratic Party primary election.

**OBJECTION:**   The language "majority of voters with Spanish surnames", "the 2004 statewide primary elections", "chose to participate", and "Democratic Party primary election" is overbroad, undefined, vague and ambiguous rendering this request difficult to fairly admit or deny.   Further, Defendants object to this request as it is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence.   Further, the request calls upon the Defendants to make an admission with respect to an argument by the Plaintiff which is not shown to be supported by any factual basis and is conjecture or speculation by the Plaintiff.   Therefore, an admission by the Defendants would be based upon conjecture, speculation and/or hearsay, not based upon facts.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

730.   Admit that the majority of voters with Spanish surnames who cast ballots in the 2006 statewide primary elections in Texas chose to participate in the Democratic Party primary election.

**OBJECTION:**   The language "majority of voters with Spanish surnames", "the 2006 statewide primary elections", "chose to participate", and "Democratic Party primary election" is overbroad, undefined, vague and ambiguous rendering this request difficult to fairly admit or deny.   Further, Defendants object to this request as it is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence.   Further, the request calls upon the Defendants to make an admission with respect to an argument by the Plaintiff which is not shown to be supported by any factual basis and is conjecture or speculation by the Plaintiff.   Therefore, an admission by the Defendants would be based upon conjecture, speculation and/or hearsay, not based upon facts.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this

request.

731.     Admit that the majority of voters with Spanish surnames who cast ballots in the 2008 statewide primary elections in Texas chose to participate in the Democratic Party primary election.

**OBJECTION:**   The language "majority of voters with Spanish surnames", "the 2008 statewide primary elections", "chose to participate", and "Democratic Party primary election" is overbroad, undefined, vague and ambiguous rendering this request difficult to fairly admit or deny.   Further, Defendants object to this request as it is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence.   Further, the request calls upon the Defendants to make an admission with respect to an argument by the Plaintiff which is not shown to be supported by any factual basis and is conjecture or speculation by the Plaintiff.   Therefore, an admission by the Defendants would be based upon conjecture, speculation and/or hearsay, not based upon facts.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

732.     Admit that the majority of voters with Spanish surnames who cast ballots in the 2010 statewide primary elections in Texas chose to participate in the Democratic Party primary election.

**OBJECTION:**   The language "majority of voters with Spanish surnames", "the 2010 statewide primary elections", "chose to participate", and "Democratic Party primary election" is overbroad, undefined, vague and ambiguous rendering this request difficult to fairly admit or deny.   Further, Defendants object to this request as it is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence.   Further, the request calls upon the Defendants to make an admission with respect to an argument by the Plaintiff which is not shown to be supported by any factual basis and is conjecture or speculation by the Plaintiff.   Therefore, an admission by the Defendants would be based upon conjecture, speculation and/or hearsay, not based upon facts.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

733.     Admit that the majority of voters with Spanish surnames who cast ballots in the 2012 statewide primary elections in Texas chose to participate in the Democratic Party primary election.

**OBJECTION:**   The language "majority of voters with Spanish surnames", "the 2012 statewide primary elections", "chose to participate", and "Democratic Party primary election" is overbroad, undefined, vague and ambiguous rendering this request difficult to fairly admit or deny.   Further, Defendants object to this request as it is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence.   Further, the request calls upon the Defendants to make an

admission with respect to an argument by the Plaintiff which is not shown to be supported by any factual basis and is conjecture or speculation by the Plaintiff.  Therefore, an admission by the Defendants would be based upon conjecture, speculation and/or hearsay, not based upon facts.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

734.    Admit that the majority of voters with Spanish surnames who cast ballots in the 2014 statewide primary elections in Texas chose to participate in the Democratic Party primary election.

**OBJECTION:**  The language "majority of voters with Spanish surnames", "the 2014 statewide primary elections", "chose to participate", and "Democratic Party primary election" is overbroad, undefined, vague and ambiguous rendering this request difficult to fairly admit or deny.   Further, Defendants object to this request as it is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence.  Further, the request calls upon the Defendants to make an admission with respect to an argument by the Plaintiff which is not shown to be supported by any factual basis and is conjecture or speculation by the Plaintiff.  Therefore, an admission by the Defendants would be based upon conjecture, speculation and/or hearsay, not based upon facts.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

735.    Admit that the majority of Anglo voters who cast ballots in the 2006 statewide primary elections in Texas chose to participate in the Republican Party primary election.

**OBJECTION:**    The language "majority of Anglo voters", "the 2006 statewide primary elections", "chose to participate", and "Republican Party primary election" is overbroad, undefined, vague and ambiguous rendering this request difficult to fairly admit or deny.   Further, Defendants object to this request as it is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence.  Further, the request calls upon the Defendants to make an admission with respect to an argument by the Plaintiff which is not shown to be supported by any factual basis and is conjecture or speculation by the Plaintiff.  Therefore, an admission by the Defendants would be based upon conjecture, speculation and/or hearsay, not based upon facts.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

736.    Admit that the majority of Anglo voters who cast ballots in the 2008 statewide primary elections in Texas chose to participate in the Republican Party primary election.

**OBJECTION:**    The language "majority of Anglo voters", "the 2008 statewide primary

elections", "chose to participate", and "Republican Party primary election" is overbroad, undefined, vague and ambiguous rendering this request difficult to fairly admit or deny.   Further, Defendants object to this request as it is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence.   Further, the request calls upon the Defendants to make an admission with respect to an argument by the Plaintiff which is not shown to be supported by any factual basis and is conjecture or speculation by the Plaintiff.   Therefore, an admission by the Defendants would be based upon conjecture, speculation and/or hearsay, not based upon facts.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.


737.    Admit that the majority of Anglo voters who cast ballots in the 2010 statewide primary elections in Texas chose to participate in the Republican Party primary election.

**OBJECTION:**    The language "majority of Anglo voters", "the 2010 statewide primary elections", "chose to participate", and "Republican Party primary election" is overbroad, undefined, vague and ambiguous rendering this request difficult to fairly admit or deny.   Further, Defendants object to this request as it is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence.   Further, the request calls upon the Defendants to make an admission with respect to an argument by the Plaintiff which is not shown to be supported by any factual basis and is conjecture or speculation by the Plaintiff.   Therefore, an admission by the Defendants would be based upon conjecture, speculation and/or hearsay, not based upon facts.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.


738.    Admit that the majority of Anglo voters who cast ballots in the 2012 statewide primary elections in Texas chose to participate in the Republican Party primary election.

**OBJECTION:**    The language "majority of Anglo voters", "the 2012 statewide primary elections", "chose to participate", and "Republican Party primary election" is overbroad, undefined, vague and ambiguous rendering this request difficult to fairly admit or deny.   Further, Defendants object to this request as it is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence.   Further, the request calls upon the Defendants to make an admission with respect to an argument by the Plaintiff which is not shown to be supported by any factual basis and is conjecture or speculation by the Plaintiff.   Therefore, an admission by the Defendants would be based upon conjecture, speculation and/or hearsay, not based upon facts.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

739.   Admit that the majority of Anglo voters who cast ballots in the 2014 statewide primary elections in Texas chose to participate in the Republican Party primary election.

**OBJECTION:**   The language "majority of Anglo voters", "the 2014 statewide primary elections", "chose to participate", and "Republican Party primary election" is overbroad, undefined, vague and ambiguous rendering this request difficult to fairly admit or deny.   Further, Defendants object to this request as it is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence.   Further, the request calls upon the Defendants to make an admission with respect to an argument by the Plaintiff which is not shown to be supported by any factual basis and is conjecture or speculation by the Plaintiff.   Therefore, an admission by the Defendants would be based upon conjecture, speculation and/or hearsay, not based upon facts.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

740.   In all general elections for statewide office in Texas since 2006, the majority of African American voters casting ballots in each such election have voted for the Democratic candidate.

**OBJECTION:**   The language "all general elections for statewide office in Texas since 2006", "majority of African American voters", "each such election" and "Democratic candidate" is overbroad, undefined, vague and ambiguous rendering this request difficult to fairly admit or deny.   Further, Defendants object to this request as it is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence.   Further, the request calls upon the Defendants to make an admission with respect to an argument of the Plaintiff which is not shown to be supported by any factual basis and is conjecture or speculation by the Plaintiff.   Therefore, any admission by the Defendants would be based upon conjecture, speculation and/or hearsay, not based upon facts.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

741.   In all general elections for statewide office in Texas since 2006, the majority of Hispanic voters casting ballots in each such election have voted for the Democratic candidate.

**OBJECTION:**   The language "all general elections for statewide office in Texas since 2006", "majority of Hispanic voters", "each such election" and "Democratic candidate" is overbroad, undefined, vague and ambiguous rendering this request difficult to fairly admit or deny.   Further, Defendants object to this request as it is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence.   Further, the request calls upon the Defendants to make an admission with respect to an argument of the Plaintiff which is not shown to be supported by any factual basis and is conjecture or speculation by the Plaintiff.   Therefore, any admission by the Defendants would be based upon conjecture, speculation and/or hearsay, not based upon facts.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

742.  In all general elections for statewide office in Texas since 2006, the majority of voters casting ballots in each such election who have been classified as having a Spanish Surname in Texas's voter registration database have voted for the Democratic candidate.

**OBJECTION:** The language "all general elections for statewide office in Texas since 2006", "who have been classified as having a Spanish Surname in Texas's voter registration database", "each such election" and "Democratic candidate" is overbroad, undefined, vague and ambiguous rendering this request difficult to fairly admit or deny.   Further, Defendants object to this request as it is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence.   Further, the request calls upon the Defendants to make an admission with respect to an argument of the Plaintiff which is not shown to be supported by any factual basis and is conjecture or speculation by the Plaintiff.   Therefore, any admission by the Defendants would be based upon conjecture speculation and/or hearsay, not based upon facts.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

743.  In all general elections for statewide office in Texas since 2006, the majority of Anglo voters casting ballots in each such election have voted for the Republican candidate.

**OBJECTION:**  The language "all general elections for statewide office in Texas since 2006", "majority of Anglo voters", "each such election" and "Republican candidate" is overbroad, undefined, vague and ambiguous rendering this request difficult to fairly admit or deny.   Further, Defendants object to this request as it is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence.   Further, the request calls upon the Defendants to make an admission with respect to an argument of the Plaintiff which is not shown to be supported by any factual basis and is conjecture or speculation by the Plaintiff.   Therefore, any admission by the Defendants would be based upon conjecture speculation and/or hearsay, not based upon facts.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants deny this request.

744.  The Texas Secretary of State's office classifies Texas registered voters based on whether or not they have a Spanish Surname, as defined by the 2000 Census Bureau List of Spanish Surnames.

**RESPONSE:**  Deny

745.  The Texas Secretary of State's office uses Spanish Surname classifications to identify

voters likely to be Hispanic.

**RESPONSE:**   Deny


746.   The Texas Legislative Council used data regarding voter registration in Texas by persons with Spanish Surnames, as set out in the 2000 Census Bureau List of Spanish Surnames, during the course of the 2011 redistricting.

**OBJECTION:**   The language "used data", "regarding voter registration in Texas by persons with Spanish Surnames", "as set out in the 2000 Census Bureau List of Spanish Surnames", and "during the course of the 2011 redistricting" is overbroad, undefined, vague, ambiguous and confusing rendering this request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission based upon documentation that is not attached as an exhibit to this request, rendering the request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission with respect to the interpretation of the conduct, actions, work product, strategy, thought processes and data interpretation of a non-party to this cause of action.   Such request is improper as an admission by the Defendants would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategy, thought process and data interpretation of a non-party to this cause of action.

Subject to and without waiving the above objections, and as demonstrated above, the Defendants do not have sufficient knowledge to admit or deny; therefore, the Defendants den this request.


747.   The Texas Office of the Attorney General used Spanish Surname classifications, as set out in the 2000 Census Bureau List of Spanish Surnames, to identify voters for purposes of the 2011 redistricting.

**OBJECTION:**   The language "used Spanish Surname classifications", "as set out in the 2000 Census Bureau List of Spanish Surnames", "to identify voters", and "for purposes of the 2011 redistricting" is overbroad, undefined, vague, ambiguous and confusing rendering this request difficult to fairly admit or deny. The request improperly calls upon the Defendants to make an admission based upon documentation that is not attached as an exhibit to this request, rendering the request difficult to fairly admit or deny.   The request improperly calls upon the Defendants to make an admission with respect to the interpretation of the conduct, actions, work product, strategy, thought processes and data interpretation of a non-party to this cause of action.   Such request is improper as an admission by the Defendants would be based upon conjecture and speculation by the Defendants and/or hearsay, not based upon knowledge of facts.   Further, Defendants object as the request is beyond the scope of permissible discovery as it seeks an admission that is not relevant to this cause of action and is not reasonably calculated to lead to the discovery of admissible evidence as it calls upon the Defendants to make an admission with respect to the Plaintiff's argument of the interpretation of the conduct, actions, work product, strategy, thought process and data interpretation of a non-party to this cause of action.