IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*, <br><br>    Plaintiffs, <br><br>  v. <br><br>RICK PERRY, *et al.*, <br><br>    Defendants. | Civil Action No. 2:13-cv-193 (NGR) <br> (Consolidated Action) |

## UNITED STATES' REPLY BRIEF IN SUPPORT OF ITS MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE ALLEGATIONS AND DEFENSES AND IN OPPOSITION TO DEFENDANTS' ALTERNATIVE MOTION FOR LEAVE TO AMEND

The United States respectfully submits this short reply in support of its Motion to Strike Defendants' Affirmative Allegations and Defenses (ECF No. 456) and in opposition to Defendants' alternative motion for leave to amend their corrected answer to assert a counterclaim against the United States (ECF No. 500).

### I. DEFENDANTS EFFECTIVELY CONCEDE THEIR ALLEGATIONS AND DEFENSES ARE INSUFFICIENT, IMMATERIAL, AND IRRELEVANT.

By offering nothing in response to the United States' arguments in these regards, Defendants effectively concede in their response that the 11-page appendage attached to their Answer, labeled "Affirmative Allegations and Defenses," (1) states no sufficient affirmative defense to the Section 2 claims alleged in the United States' Complaint, and (2) is irrelevant and immaterial to the issue of whether Defendants have violated the voting guarantees of the Fourteenth or Fifteenth Amendments so as to warrant the imposition of bail-in and federal

observer relief under Section 3 of the Voting Rights Act.  Rather, Defendants' allegations constitute nothing more than an irrelevant critique of Department of Justice enforcement.

Defendants posit that their allegations "bear directly on the issue of whether bail-in under section 3(c), a remedy the United States seeks in this case, is appropriate."  Defs.' Resp. Br. at 1 (ECF No. 500).  Not so.  The plain language of Section 3(c) directs courts to consider whether "violations of the fourteenth or fifteenth amendment justifying equitable relief have occurred within the territory of such State or political subdivision," 42 U.S.C. § 1973a(c).  None of Texas's allegations speak to the relevant questions about possible Section 3(c) relief, since they do not refer to *Texas's* conduct.  Defendants further assert that "the manner in which the VRA is enforced by the entity charged with enforcing it" is a relevant factor for the Court to consider in determining whether the imposition of Section 3(c) relief is appropriate.  *Id.* at 3.  Defendants point to nothing in the text of the Voting Rights Act or any prior caselaw to support that assertion.

Nowhere does the statute authorize this Court to scrutinize the Department of Justice's prosecutorial discretion—i.e., its determinations about whether, when, where, and against whom to initiate civil or criminal enforcement actions or how it makes administrative decisions—in connection with a determination of the appropriateness of bail-in relief under Section 3(c).  "Just as in his determination whether to prosecute a criminal case, the Attorney General must have wide discretion to determine whether" to bring civil rights enforcement actions.  *United States v. Northside Realty Associates, Inc.*, 474 F.2d 1164, 1168 (5th Cir. 1973).  Judicial inquiries into the Attorney General's decision-making process are generally impermissible.  *See, e.g., United States v. Bob Lawrence Realty, Inc.*, 474 F.2d 115, 125 n.14 (5th Cir. 1973) (noting that, even under a civil rights statute limiting participation to cases where the Attorney General has

2

certified that the case "is of general public importance," 42 U.S.C. § 3613(e), "[i]t is not for the District Court to determine when an issue of public importance justifying the intervention of the Attorney General is raised," because that decision is confided to the Attorney General's discretion); *Hantzis v. Grantland*, 772 F.Supp.2d 1, 3 (D.D.C. 2009) ("Attorney General has absolute discretion in deciding whether to investigate claims for possible criminal or civil prosecution. As a general rule…such decisions are not subject to judicial review.").  In short, Defendants' apparent allegations regarding the Department of Justice's enforcement of the Voting Rights Act are simply irrelevant to any issue relating to the possible bail-in remedy under Section 3(c).

Because Defendants have not shown either that their so-called "affirmative allegations and defenses" are relevant or material to any issue raised in the Complaint or that they are sufficient to constitute an affirmative defense, this Court should grant the United States' motion and strike that material from Defendants' Answer in accordance with Rule 12(f), Fed. R. Civ. P.

## II.  DEFENDANTS' ALTERNATIVE MOTION FOR LEAVE TO AMEND THEIR ANSWER IS UNSUPPORTED AND SHOULD BE DENIED

In a throw-away sentence in the conclusion paragraph of their four-page response brief, Defendants move in the alternative for leave to amend their Answer, pursuant to Rule 15(a)(2), Fed. R. Civ. P., to assert "a counterclaim challenging the constitutionality of section 3(c)." Defs.' Resp. Br. at 4 (ECF No. 500).  The Court should summarily deny Defendants' alternative motion both because Defendants failed to articulate their proposed counterclaim and because such a counterclaim would likely be futile in any event.

A throw-away sentence asking for leave to amend a pleading is not sufficient.  Rather, a motion for leave to amend a pleading must be accompanied by a proposed amended pleading

3

that satisfies basic pleading requirements.  *See, e.g., In re 2007 Novastar Financial Inc.,*

*Securities Litigation*, 579 F.3d 878, 884 -885 (8th Cir. 2009) (affirming denial of leave to amend

where moving party did not include proposed amended pleading with motion); *Bownes v. City of*

*Gary*, 112 F.R.D. 424, 425 (N.D. Ind.1986) (denying leave to amend).  Defendants' alternative

motion gives no clue as to the basis for any justiciable counterclaim against the United States

based on the constitutionality of Section 3(c).

More to the point, this Court would lack jurisdiction over Texas' apparent proposed

counterclaim.  Section 14(b) of the Voting Rights Act provides that "[n]o court other than the

District Court for the District of Columbia shall have jurisdiction to issue any . . . temporary or

permanent injunction against the execution or enforcement of any provision of [the Voting

Rights Act] or any action of any Federal officer or employee pursuant hereto."  42 U.S.C. §

1973*l*(b).  *See Reich v. Larson*, 695 F.2d 1147, 1149-50 (9th Cir. 1983) ("'All challenges to the

constitutionality or legality of any provision of this bill or any action taken pursuant to it must be

litigated in the District Court for the District of Columbia'", citing S. Rep. No. 162, Pt. 3, 89th

Cong., 1st Sess. 30-31 (1965)).  If Defendants really believe that Section 3(c) is unconstitutional,

they must bring such a claim in the D.C. District Court.

In any event, Defendants' suggestion of unconstitutionality is meritless.  Section 3(c) is a

preclearance remedy that can be lawfully imposed by a court where it has found intentional

racial discrimination in voting.  Such a tailored remedy involves a court retaining jurisdiction for

such time period as the court deems necessary, and with respect to such voting changes as the

court deems necessary, in order to ensure review by the court that ordered the remedy (or

alternatively, the Attorney General) of new covered voting changes before they are implemented.

See, e.g., *Jeffers v. Clinton*, 740 F. Supp. 585 (E.D. Ark. 1990) (three-judge court).  The

Supreme Court has upheld the constitutionality of the Act's preclearance mechanism on a number of occasions. *See, e.g., Lopez v. Monterey County*, 525 U.S. 266, 282-283 (1999) (citing *South Carolina v. Katzenbach*, 383 U.S. 301, 334-35 (1966), in upholding preclearance under Section 5 of the Voting Rights Act); *Shelby County v. Holder*, 811 F. Supp. 2d 424, 498-99 (D.D.C. 2011) (same), *aff'd*, 679 F.3d 848 (D.C. Cir. 2012) (same), *rev'd on other grounds,* 133 S. Ct. 2612 (2013) (issuing "no holding on § 5 itself").

And to the extent Defendants wished to lodge an as-applied challenge to Section 3(c), such a counterclaim is not ripe, inasmuch as Defendants have not yet been found liable for intentional racial discrimination (which is a necessary antecedent to potentially imposing a remedy under Section 3(c)), not yet been subjected to a Section 3(c) remedy by this Court, and not yet been subject to any action undertaken by this Court or the Attorney General with respect to any voting change that might be subject to Section 3(c). *See, e.g., Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.") (internal quotations omitted); *Choice Inc. of Texas v. Greenstein*, 691 F.3d 710, 714-15 (5th Cir. 2012) (basic rationale of the ripeness doctrine is "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements") (quoting *Abbot Labs v. Gardner*, 387 U.S. 136, 148 (1967)).

Given that Defendants have not supplied any proposed amended pleading with their alternative motion, and because Defendants' purported counterclaim would likely be futile in any event, this Court should deny Defendants' alternative motion for leave to amend.

### III.    CONCLUSION

For the reasons set forth above, and those set forth in its motion (ECF No. 456), the

United States respectfully requests that this Court grant its motion to strike Defendants'

"Affirmative Allegations and Defenses" pursuant to Federal Rule of Civil Procedure 12(f), and

requests that this Court deny Defendants' alternative motion for leave to amend their Answer.

Date:  August 26, 2014

Respectfully submitted,

KENNETH MAGIDSON                         MOLLY J. MORAN
United States Attorney                        Acting Assistant Attorney General
Southern District of Texas                     Civil Rights Division

_s/ Bradley E. Heard_____
T. CHRISTIAN HERREN, JR.
RICHARD A. DELLHEIM
MEREDITH BELL-PLATTS
ELIZABETH S. WESTFALL
BRUCE I. GEAR
BRADLEY E. HEARD
JENNIFER L. MARANZANO
ANNA M. BALDWIN
DANIEL J. FREEMAN
Attorneys, Voting Section
Civil Rights Division
U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
Telephone: (202) 305-4196
Fax: (202) 307-3961
E-mail: Bradley.Heard@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

This certifies that I have this day filed the within and foregoing **United States' Reply Brief in Support of Its Motion to Strike Defendants "Affirmative Allegations and Defenses" and in Opposition to Defendants' Alternative Motion for Leave to Amend** electronically using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record through the Court's electronic filing system.

This 26th day of August, 2014.

<u>*s/ Bradley E. Heard*</u>
BRADLEY E. HEARD
Attorney, Voting Section
Civil Rights Division
U.S. Department of Justice
bradley.heard@usdoj.gov