IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, et al., <br>     *Plaintiffs,* <br> v. <br><br> RICK PERRY, et al., <br>     *Defendants*. | ) <br> ) <br> ) CIVIL ACTION NO. <br> ) 2:13-cv-193 (NGR) <br> ) (Consolidated Action) <br> ) <br> ) <br> ) |

**THIRD-PARTY LEGISLATORS' OPPOSITION TO PLAINTIFFS'
MOTION TO UNSEAL DOCUMENTS AND TESTIMONY**

I. **THE COURT SHOULD DENY PLAINTIFFS' MOTION TO UNSEAL DOCUMENTS AND TESTIMONY.**

The Third-Party Legislators are opposed for reasons that have been fully briefed in this Court, *see, e.g.*, Doc. 183; Doc. 190; Doc. 251, and we will not burden the Court with those reasons again. It will suffice to say that searching legislators' files and emails and forcing them to sit for depositions is "extraordinary," *Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 268 (1977), and yet the test DOJ urges on this Court would make such discovery routine. Every year Texas and other states defend numerous high-profile lawsuits that turn on legislative intent or motive. The balancing test DOJ urges on this Court was created for the "official information" privilege, which shields the decision-making process of administrative agencies, not for the legislative privilege. *See Perez v. Perry*, 2014 WL 106927 (W.D. Tex. 2014), *adopting the balancing test from*,

*Rodriguez v. Pataki*, 280 F.Supp.2d 89, 93–94 (S.D.N.Y. 2003), *adopting the balancing test from*, *In re Franklin Nat'l Bank Secs. Litig.*, 478 F.Supp. 577, 583 (E.D.N.Y. 1979) ("The official information privilege is a qualified privilege; it is not absolute."). *Rodriguez* adopts the balancing test without any mention of its origin and without any attempt to equate the legislative privilege, which is firmly rooted in the both the Texas and U.S. constitutions, with a much weaker privilege designed to protect administrative memoranda.

We would like to make the Court aware of some new matters, however. First, DOJ's discovery in this case already has profoundly chilled legislative communication, and the use of that discovery at trial will only make matters worse. The plaintiffs forced the legislators to sit for a full seven hours of questioning about the content of once-private emails. Can anyone doubt that these legislators immediately committed themselves to never put anything in writing again? The free flow of information and persuasion is critical to lawmaking, particularly to a legislature that only meets every two years, and DOJ's demands threaten to reduce the Texas Legislature to an institution that deliberates only by word of mouth. And the idea that partisan opponents need simply file a lawsuit to rummage through their political opponents files threatens the debate and compromise that is the trademark of legislative business.

That said, the Legislators are somewhat ambivalent about plaintiffs' motion, and it is an ambivalence of two parts. First, there is little harm left for DOJ and the legislators' political adversaries to inflict. Elected officials were forced to turn

over confidential documents from their office files; they were forced to produce privileged emails from their work and gmail accounts; and they were forced to sit for depositions of little substance whatsoever, at best, and undignified questioning at worst, *viz*:

> Q. (By Ms. Baldwin) Are you aware of Ted Nugent, in public remarks, calling President Obama a "subhuman mongrel"?
>
> \* \* \*
>
> A. (By Senator Patrick) I don't know what this has to do with Senate Bill 14. I don't mind sitting here for six hours and answering your questions, or seven hours. I feel like this question is way out of bounds and I think I've given you an honest answer. I find it distasteful. If that's what he said, I think it was very inappropriate, and I can surely see how it could be viewed as being racist, absolutely.
>
> \* \* \*
>
> A. (By Senator Patrick) I feel like I'm now being attacked by you on a political basis.

Patrick Depo. 193:2-195:17.

And for all this the plaintiffs have nothing. After tens of thousands of privileged documents and weeks of intrusive depositions, plaintiffs *cannot produce a single document or statement* from a legislator or staffer even suggesting that SB 14 was enacted for the purpose of suppressing the minority vote or yielding a partisan advantage.

That failure leads to the second part of our ambivalence. Plaintiffs' lawsuit publically accuses the legislators who voted for SB 14 as having a racist purpose, and plaintiffs' lawyers often suggested that discovery into privileged matters would be dispositive. *See, e.g.*, Hr'g of February 12, 2014, at 29:19-22 ) (Doc # 168) (Ms.

3

Baldwin: ". . . and also the legislative documents, which are documents that are at the heart of the United States' claim that this law was passed in part based on a discriminatory intent"); Hr'g of May 1, 2014, at 28:4-10 (Doc #263) ("Mr. Rosenberg: That evidence is going to be very, very important in this case dealing with the intent behind S.B. 14 itself."); U.S. Opp'n to Mtn to Quash, at 1 (Doc # 254) (demanding this "vital discovery from current and former legislators"). If the Court overrules our objection to plaintiffs' motion, then at least plaintiffs will be made to answer for coming home from a fishing expedition without any fish. The evidence they promised was of vital importance to this Court's determination exonerates the legislators of the plaintiffs' accusations.

Dated: August 26, 2014

Respectfully submitted.

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

*/s/ Arthur C. D'Andrea*
ARTHUR C. D'ANDREA
Assistant Solicitor General

209 West 14th Street
P.O. Box 12548
Austin, Texas 70711-2548
(512) 963 2868

COUNSEL FOR THE THIRD-PARTY LEGISLATORS

4

## CERTIFICATE OF SERVICE

     I hereby certify that on August 26, 2014, I served a copy of this opposition via the Court's electronic filing system to all counsel of record.

*/s/ Arthur C. D'Andrea*
ARTHUR C. D'ANDREA
Assistant Solicitor General
