UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 2:13-CV-00193 |
| § | |
| RICK PERRY, *et al.*, § | |
| § | |
| Defendants. § | |

**DEFENDANTS' OPPOSED REQUEST FOR JUDICIAL NOTICE OF TWO CRIMINAL COMPLAINTS ALLEGING ELECTION CRIMES**

Defendants respectfully request that the Court take judicial notice pursuant to Federal Rule of Evidence 201(b) of the following facts:

1. A criminal complaint was filed against Belinda Solis on August 28, 2014, in the Southern District of Texas. *See* Ex. 1 (*United States of America v. Belinda Solis*, No. 7:14-mj-01683; S. Dist. Tex. (Aug. 28, 2014)).

    a. The offense description in the Solis complaint states that "[w]hoever knowingly or willfully gives false information as to his name, address or period of residence in the voting district for the purpose of establishing his eligibility to register to vote, or conspires with another individual for the purpose of encouraging his false registration to vote or illegal voting, or pays or offers to pay or accepts payment either for registration to vote or for voting in Federal election shall be fined not more than $10,000 or imprisoned not more than five years, or both." *Id.*

1

b.     The affidavit in support of the Solis complaint alleges that "it is believed that Solis worked as a *politiquera* during the 2012 Primary Election and November 2012 General Election." *Id.* at para. 5.

c.     The affidavit further alleges that Campaign Worker 1 was interviewed and "Campaign Worker 1 said he bought an eight ball ($50 worth of cocaine), split it up, and gave it to two *politiqueras*, including Solis, to give to voters to vote for the Hidalgo County Commissioner." *Id.* at para. 6.

d.     The affidavit further alleges that FBI agents interviewed Solis and "Solis said that on two separate occasions during the 2012 General Election, Campaign Worker 1 gave Solis a clear plastic bag with twenty dollars [sic] worth of cocaine in it to give to voters to vote for Donna School Board candidates. Further, Solis advised that Campaign Worker 1 gave Solis forty dollars with the instruction to pay each voter ten dollars to vote for the Donna School Board candidates." *Id.* at para. 7.

e.     The affidavit further alleges that "Solis advised that she did use that money to pay four voters to vote. Specifically, Solis paid three people ten dollars in exchange for their vote and paid her ex-husband five dollars in exchange for his vote. During a later interview, Solis recalled paying another voter a dime bag of cocaine in exchange for his vote in the 2012 General Election." *Id.* at para 8.

f. The affidavit further alleges that FBI agents interviewed Voter 1 and that "Solis admitted to paying Voter 1 and Voter 1's brother ten dollars each to vote for the Donna School Board candidates in the 2012 General Election." Ex. 1 at para 9.

g. The affidavit further alleges that "Solis advised that she was a *politiquera* during the 2012 Primary Election and recalled that a campaign manager gave ziplock bags containing dime bags of cocaine to *politiqueras* Solis and another *politiquera* to give to voters in exchange for their votes." *Id.* at para 10.

h. The affidavit further alleges that on March 11, 2014, FBI agents interviewed Voter 2 and that "Solis paid her money for Voter 2's vote in both the 2012 primary and general elections. For one of those elections, Voter 2 advised that Solis picked up Voter 2 from Voter 2's home and took Voter 2 to vote. Solis then served as Voter 2's voting assistant and told Voter 2 who to vote for. After voting, Solis drove Voter 2 to where Voter 2 worked, and Solis then paid Voter 2 ten dollars for voting for the candidates Solis supported. *Id.* at para. 11.

i. The affidavit further alleges that "[o]n August 15, 2014, FBI agents interviewed Solis at her home to collaborate the information Solis previously provided. Solis advised that the information previously reported to the FBI was accurate: Solis was a *politiquera* during the 2012 General Election and received both cocaine and cash from

      Campaign Worker 1 during the 2012 General Election to pay to voters in exchange for their vote. Solis specifically recalled receiving forty dollars from Campaign Worker 1 with the instruction to use the money to pay voters to vote for Donna School Board candidates. Solis then used that money to pay four voters ten dollars each to vote for the Donna School Board candidates. *Id.* at para 12.

2. A criminal complaint was filed against Veronica Saldivar on August 28, 2014, in the Southern District of Texas. *See* Ex. 2 (*United States of America v. Veronica Saldivar*, No. M-14-1683-M-02; S. Dist. Tex. (Aug. 28, 2014)).

   a. The offense description in the Salidvar complaint provides the following: "Knowingly or willfully paid or offered to pay either for registration to vote or for voting in a general, special, or primary election held solely or in part for the purpose of selecting or electing any candidate for the office of President, Vice President, presidential elector, Member of the United States Senate, or a Member of the United States House of Representatives." *Id.*

   b. The affidavit in support of the Saldivar complaint alleges that ""it is believed that Solis worked as a *politiquera* during the 2012 Primary Election." *Id.* at para. 5.

   c. The Saldivar affidavit further alleges "Campaign Worker 1, who stated that he worked for a Hidalgo County Commissioner in the 2012 Primary Election . . . said he bought an eight ball ($50 worth of

      cocaine), split it up, and gave it to *politiqueras* Salidvar and Campaign Worker 2 to give to voters to vote for the Hidalgo County Commissioner. *Id.* at para. 6.

d.   The Saldivar affidavit further alleges that "Campaign Worker 2 stated said that a campaign manager for one of the candidates gave ziplock bags containing dime bags of cocaine to *politiqueras* Salidvar and Campaign Worker 2 to give to voters in exchange for their votes." *Id.* at para. 7.

e.   The Saldivar affidavit further alleges that "[o]n March 17, 2014, FBI agents interviewed Voter 1. Voter 1 stated that she voted in the 2012 Primary Election and that Veronica Last Name Unknown ('LNU') promised to pay Voter 1 ten dollars for voting for the candidates Veronica LNU was supporting. Veronica LNU paid Voter 1 five dollars after voting and advised she would pay the remaining five dollars later in the day. When Veronica LNU found out Voter 1 did not vote for the candidates Veronica LNU was supporting, she refused to pay Voter 1 the five dollars. Agents showed Voter 1 a photograph of Saldivar, which Voter 1 identified as Veronica LNU. *Id.* at 8.

f.   The Saldivar affidavit further alleges that [o]n February 6, 2014, FBI agents interviewed Saldivar. Saldivar stated that she worked as a *politiquera* during the 2012 Primary elections and recalled paying approximately seventeen (17) to twenty-nine (29) voters in exchange

      for their vote during 2012 Primary Elections. Saldivar recalled personally giving baggies of cocaine to two voters in exchange for their vote during the 2012 Primary Elections. Saldivar provided a list of individuals she recalled paying with cash, beer, cigarettes, or cocaine in exchange for their vote. Saldivar stated that she either paid the voters or brought them to Campaign Worker 1 to be paid. *Id.* at para. 9.

g. The Saldivar affidavit further alleges that "[o]n August 15, 2014, FBI agents interviewed Saldivar at her home to corroborate the information Saldivar previously provided. Saldivar advised that the information previously reported to the FBI was accurate: Saldivar was a *politiquera* in the 2012 Primary Election and that Saldivar did pay voters in exchange for their votes during the 2012 Primary Election." *Id.* at para. 10.

It is appropriate for this Court to take judicial notice of the complaints.

Dated: September 11, 2014

                          Respectfully submitted,

                          GREG ABBOTT
                          Attorney General of Texas

                          DANIEL T. HODGE
                          First Assistant Attorney General

JONATHAN F. MITCHELL
Solicitor General

J. REED CLAY, JR.
Special Assistant and Senior Counsel
to the Attorney General
Southern District of Texas No. 1160600

*/s/ John B. Scott*
JOHN B. SCOTT
Deputy Attorney General for Civil Litigation
Southern District of Texas No. 10418
Texas State Bar No. 17901500
ATTORNEY-IN-CHARGE

G. DAVID WHITLEY
Assistant Deputy Attorney General
Southern District of Texas No. 2080496

STEPHEN RONALD KEISTER
Assistant Attorney General
Southern District of Texas No. 18580

JENNIFER MARIE ROSCETTI
Assistant Attorney General
Southern District of Texas No. 224780

LINDSEY ELIZABETH WOLF
Assistant Attorney General
Southern District of Texas No. 2292940

FRANCES WHITNEY DEASON
Assistant Attorney General
Southern District of Texas No. 2302872

STEPHEN LYLE TATUM, JR.
Assistant Attorney General
Southern District of Texas No. 2338090

209 West 14th Street
P.O. Box 12548
Austin, Texas 70711-2548
(512) 475-0131

7

BEN A. DONNELL
Donnell, Abernethy & Kieschnick
555 N. Carancahua, Suite 1770
Corpus Christi, Texas 78401-0853
Southern District of Texas No. 5689

COUNSEL FOR THE STATE OF TEXAS, RICK PERRY, JOHN STEEN, and STEVE MCCRAW

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2014, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

*/s/ John B. Scott*
JOHN B. SCOTT

## **CERTIFICATE OF CONFERENCE**

I hereby certify that counsel for Defendants and counsel for Plaintiffs have conferred about this request. Counsel for Plaintiffs are opposed.

*/s/ J. Reed Clay, Jr.*
J. REED CLAY, JR.