2:13cv193

-1-

SEPTEMBER 8, 2014

THE HONORABLE NELVA GONZALES, U.S. DISTRICT FEDERAL JUDGE
FEDERAL COURT HOUSE
1133 NORTH SHORELINE BLVD.
CORPUS CHRISTI, TEXAS 78401

United States Courts
Southern District of Texas
FILED
SEP 12 2014
David J. Bradley, Clerk of Court

NOTE: COPY IS BEING SENT TO THE ELECTIONS DIVISION, OFFICE OF THE SECRETARY OF STATE, ATTN: CAROLYN.

DEAR JUDGE GONZALES:

RE: AMICUS CURIAE BRIEF IN THE VOTER ID MATTER BEFORE YOUR COURT.

ATTACHED PLEASE FIND DOCUMENTS THAT I, JUST A FEW DAYS AGO, SENT TO TRAVIS COUNTY DISTRICT ATTORNEY ROSEMARY LEHMBERG. JUST NOW I READ IN A WEST TEXAS NEWSPAPER THAT THIS ID MATTER IS BEFORE YOUR COURT. AS I SEE IT, THERE IS CONSIDERABLE CONFUSION IN THE OFFICE OF THE TEXAS'S SECRETARY OF STATE AS TO HOW TO HANDLE THIS ID SITUATION. MY POSITION IS THAT IT MUST BE ALL OR NONE: IF VOTER ID IS NOT REQUIRED FOR VOTING BY MAIL, IT CANNOT BE REQUIRED AT THE POLLING PLACES. THE SAFEST THING IN THIS ELECTION YEAR MAY VERY WELL BE TO NOT REQUIRE ID AT THE POLLING PLACES. THIS HAS BEEN TOO MUCH OF A "RUSH JOB". ALLOW TIME FOR THE ELECTION DIVISION OF THE OFFICE OF SECRETARY OF STATE TO THINK THIS MATTER THROUGH!

RESPECTFULLY YOURS,

C. Riel Jurrle

COPY TO MS. LEHMBERG, ET AL.

SEPTEMBER 5, 2014

THE HONORABLE ROSEMARY LEHMBERG
DISTRICT ATTORNEY FOR TRAVIS COUNTY
TRAVIS COUNTY COURTHOUSE
AUSTIN, TEXAS 78701

COPY ALSO TO
BRIAN NEWBY

DEAR DISTRICT ATTORNEY LEHMBERG:

ON 9-2-2014, I MAILED TO YOU AND MR. McCRUM SOME DOCUMENTS THAT I WAS OF THE OPINION WERE RELEVANT TO GOVERNOR PERRY'S SITUATION. ENCLOSED ARE THREE (3) ADDITIONAL DOCUMENTS RELATED TO ELECTIONS IN TEXAS, IN ONE OF WHICH GOVERNOR PERRY IS AN EXPLICIT PARTY. THESE ENCLOSED DOCUMENTS ARE

- AN INJUNCTION FILED THE DAY AFTER THE 11-2010 GENERAL ELECTION. THIS INJUNCTION WAS ASSIGNED TO JUDGE LES HATCH'S COURT. I MENTION IT IN MY LETTER OF 9-2-2014 TO YOU. THIS DOCUMENT IS RELATED TO THE 11-2010 RE-ELECTION OF GOVERNOR PERRY.
- A 5-6-2014 DOCUMENT TO THE U.S. SUPREME COURT IN THE FORM OF AN <u>AMICUS CURIAE BRIEF</u>.
- A FOLLOW-UP ADDENDUM TO THE 5-6-2014 BRIEF.

IN ORDER TO KEEP JUDGE HATCH ALERTED TO MY ACTIONS IN THE MATTER OF THESE ELECTIONS, A COPY OF THIS "COVERING LETTER" IS GOING TO HIM. HE HAS ALREADY RECEIVED COPIES OF THE ENCLOSED DOCUMENTS. A COPY OF THIS LETTER IS ALSO GOING TO UNIVERSITY OF OKLAHOMA PRESIDENT DAVID BOREN. I DO EVERYTHING THAT I CAN TO KEEP HIM INFORMED OF THE IRREGULARITIES OF A LEGAL NATURE THAT INVOLVE MRS. GUADE AND I THAT TAKE PLACE WITHIN THE CITY OF LUBBOCK AND THEREFORE LUBBOCK COUNTY.

WITH THIS LETTER I CONSIDER THESE MATTERS WHICH I PERCEIVE AS "ELECTION IRREGULARITIES" TRANSFERRED FROM THE LUBBOCK COUNTY COURTHOUSE TO THE TRAVIS COUNTY COURTHOUSE. THIS HAS THE ADVANTAGES 1) YOU HANDLE SUCH MATTERS ON A DAY-TO-DAY BASIS; 2) YOU HAVE INVESTIGATIVE POWERS THAT I DO NOT HAVE; AND, 3) THE PROBLEM HAS TO BE "STATE WIDE," THEREFORE NOT RESTRICTED TO LUBBOCK COUNTY. THANK YOU FOR YOUR ATTENTION.

RESPECTFULLY YOURS,

C. Richard [signature]

3105 21ST STREET
LUBBOCK, TEXAS 79410

MAY 6, 2014

TO THE SUPREME COURT OF THE UNITED STATES OF AMERICA
% CHIEF JUSTICE JOHN G. ROBERTS, JR.
SUPREME COURT BUILDING
WASHINGTON, DISTRICT OF COLUMBIA 20543

RE: AMICUS CURIAE BRIEF IN THE MATTER OF VOTING PRACTICES IN THE STATE OF TEXAS, SPECIFICALLY, BUT NOT LIMITED TO LUBBOCK COUNTY INCLUDING USE OF "VOTER ID" AT THE POLLS.

COPIES TO DOROTHY KENNEDY, ELECTION JUDGE FOR LUBBOCK COUNTY, TEXAS, AND BRIAN NEWBY, FORMER GENERAL COUNSEL AND CHIEF OF STAFF TO THE GOVERNOR OF THE STATE OF TEXAS.

SUBMITTED BY C. RICHARD QUADE; RESIDENCE: 3105 21ST STREET, LUBBOCK, TEXAS 79410; C. RICHARD QUADE IS A CITIZEN BY BIRTH OF THE UNITED STATES OF AMERICA. HE HAS BEEN A RESIDENT OF LUBBOCK COUNTY AT THE ABOVE ADDRESS SINCE 9-1-1965 EXCEPT WHEN ON TEMPORARY LEAVE AS A PROFESSOR.

IN A PREVIOUS BRIEF, CRQ POINTED OUT TO THE COURT THAT THE VOTING MACHINES

IN USE IN LUBBOCK COUNTY WERE NOT "HANDICAP FRIENDLY" IN A MANNER CONSISTENT WITH PROVISION 1466.001 AND ALSO 1466.002(?) SEC. "WRITE-IN CANDIDACY" OF THE STATE OF TEXAS ELECTION CODE. ATTACHED IS A COPY OF AN INJUNCTION FILED AFTER THE 11-2012 GENERAL ELECTION THAT WAS ASSIGNED TO THE 237TH DISTRICT COURT OF THE STATE OF TEXAS. THE PETITIONER, GEM, NEVER RECEIVED NOTICE ABOUT HOW AND WHETHER OR NOT THERE WERE FORMAL PROCEEDINGS IN THE COURT. AS A MATTER OF COURTESY, THIS BRIEF IS ALSO BEING SENT TO THE HON-ORABLE LES HATCH, JUDGE FOR THE 237TH DISTRICT COURT.

AS A FOUNDATION, ELECTIONS IN THE STATE OF TEXAS ARE ORGANIZED AND SUPERVISED BY THE SECRETARY OF STATE, AN APPOINTEE BY THE GOVERNOR OF TEXAS. RELATIVELY RECENTLY A FORMER SECRETARY TOOK THESE UNUSUAL AC-TIONS:

- SECURED A LIST FROM THE HEAD OF U.S. SOCIAL SECURITY OF INDIVIDUALS WHO WERE PRESUMABLY DECEASED* THE HEAD OF SOCIAL SECURITY INCLUDED A DISCLAIMER THAT THE ROLLS WERE NOT ACCURATE. THE SECRETARY USED THIS LIST TO WRITE TO THOSE WHO WERE PRESUMABLY DEAD TO RESPOND, TO SEE IF, IN FACT, THEY WERE STILL ALIVE. AGAIN,

[illegible] SEEMS THAT THE [illegible] [illegible]ING THE VOTER REGISTRATION ROLLS OF DE-[illegible] INDIVIDUALS, THIS WILL BE SPOKEN TO LATER IN THE BRIEF. THIS APPROACH TO THE SITUATION OF PURGING VOTER REGISTRATION ROLLS, WAS TAKEN [illegible] COURT AND THE SECRETARY OF STATE LOST.

– SUBSEQUENTLY, BEFORE THE COURT HEARING ON THE ABOVE, THE SECRETARY WENT TO THE [illegible] IN ORDER TO [illegible] WHO ON THE VOTER REGISTRATION ROLLS WERE NOT CITIZENS OF THE U.S., THE HEAD OF HOMELAND SECURITY [illegible] TO COOPERATE. THIS MATTER OF "VOTER ELIGIBILITY" [illegible] YOUR COURT [illegible] YOU "[illegible] TO THE STATES" – FEDERAL [illegible] OR NOT AN INDIVIDUAL WAS ELIGIBLE FOR PRACTICAL REASONS SINCE, IN ANOTHER MATTER BEFORE YOUR COURT, THE U.S. SOLICITOR GENERAL POINTED OUT THAT, WHEN IT COMES TO U.S. CITIZENSHIP, THE U.S. GOVERNMENT CAN ONLY CERTIFY TO THOSE WHO HAVE PASSPORTS SINCE, FOR EXAMPLE, BIRTHS ARE REGISTERED AT THE STATE AND NOT THE FEDERAL LEVEL. (CLARENCE THOMAS AND ONE OTHER(?) DISSENTED FROM THE POINT OF VIEW THAT THE FEDERAL GOVERNMENT SHOULD NOT DEFAULT TO THE

STATES WHEN ENFORCING FEDERAL LAW.

IN THE LAST TWO ELECTIONS IN WHICH HE HAS PARTICIPATED, CRA HAS "VOTED BY MAIL" ON A PAPER BALLOT AND HAS WRITTEN IN NAMES, POINTING OUT PROVISION 146A.001 OF THE TEXAS ELECTION CODE. HE HAS NO IDEA AS TO HOW THESE BALLOTS ARE/WERE HANDLED. THERE ARE TWO BASES "TO VOTE BY MAIL:"

- ABSENTEE, AND
- OVER AGE 65 YEARS.

THE OVER 65 YEARS OF AGE SEEMS TO BE HANDLED THIS WAY FOR MOST: EARLY IN AN ELECTION YEAR THE INDIVIDUAL, BY MAIL, GETS A REQUEST "DO YOU WANT TO VOTE BY MAIL IN THIS YEAR'S ELECTIONS RATHER THAN GOING TO THE POLLS?" ONE RESPONDS BY MAIL AND, IF YES, WILL AUTOMATICLY GET "MAIL IN BALLOTS" FOR ALL ELECTIONS FOR THE YEAR. CRA DID NOT RESPOND BUT FOR THE MAY LOCAL GENERAL ELECTION WENT TO THE ELECTIONS OFFICE TO GET THE REQUEST TO PARTICIPATE BY MAIL IN THE REMAINDER OF ELECTIONS. <u>THIS REQUEST HAD TO BE MAILED IN AND THE MAY BALLOT WAS RECEIVED BY MAIL AND SUBMITTED BY MAIL. AT NO POINT WAS "VOTER ID"</u>

REQUIRED! IN TEXAS, "VOTER ID" IS REQUIRED IF ONE "GOES TO THE POLLS" ON ELECTION DAY. AT THIS TIME, IT APPEARS TO CRH THAT "VOTING BY MAIL" IS EASILY SUBJECT TO "ELECTION FRAUD," AND THIS IS THE PURPOSE OF THIS BRIEF SINCE YOUR COURT HAS RULED IN FAVOR OF "VOTER ID."

AT THE SAME TIME, CRH NOTES TO YOU THAT TEXAS ELECTION CODE IS NOT BEING FOLLOWED IN LUBBOCK COUNTY WITH THE CURRENT VOTING MACHINES IN SITUATIONS OF "WRITE-INS," EVEN IN ELECTIONS FOR FEDERAL OFFICE. SINCE YOUR COURT HAS "KICKED THE MATTER OF HOLDING AND OVERSIGHT OF ELECTIONS BACK TO THE STATES," SHOULD THE FEDERAL GOVERNMENT NOT PROVIDE OVERSIGHT TO ENSURE THAT ELECTIONS ARE HELD IN A MANNER CONSISTENT WITH THE STATE'S ELECTION CODE?

RESPECTFULLY SUBMITTED,

C. Reid Jones

*NOTE, PAGE 2. DEATHS, AS WELL AS BIRTHS, ARE NOT RECORDED AT THE FEDERAL LEVEL BUT WITHIN THE STATES. I HAVE OBTAINED DEATH CERTIFICATES, FOR EXAMPLE, AT THE DALLAS, TEXAS CITY HALL AND THE LUBBOCK, TEXAS COUNTY COURTHOUSE. (FURTHER, OUR MARRIAGE LICENSE/CONTRACT IS "ON FILE" IN AN OKLAHOMA COUNTY COURTHOUSE.)

MAY 15, 2014

TO THE SUPREME COURT OF THE UNITED STATES OF AMERICA
C/O CHIEF JUSTICE JOHN G. ROBERTS, JR.
SUPREME COURT BUILDING
WASHINGTON, DISTRICT OF COLUMBIA 20543

RE: ADDENDUM TO THE AMICUS CURIAE BRIEF MAILED 5-6-2014 CONCERNING 2014 VOTING PRACTICES IN THE STATE OF TEXAS. THE MAILING LIST IS THE SAME AS BEFORE PLUS A COPY TO THE SECRETARY OF STATE FOR THE STATE OF TEXAS. (THE 5-6-2014 BRIEF HAS ALSO BEEN SENT TO THE LUBBOCK CITY COUNCIL AND THE LISD BOARD WHOSE "ELECTION DATE" WAS 5-10-2014).

ATTACHED IS A COPY OF INFORMATION SUPPLIED BY THE LUBBOCK COUNTY ELECTIONS ADMINISTRATOR. WHEN I BECAME AWARE OF THE STATEMENT AT THE BOTTOM OF THE PAGE, I IMMEDIATELY CALLED THE TELEPHONE NUMBER GIVEN. I SPOKE WITH A LADY NAMED CAROLYN. THIS WAS LAST WEEK BEFORE SATURDAY'S ELECTION

AT THE POLLS. I TOLD HER THAT I WAS CONCERNED - ABOUT THE LACK OF WRITE-IN PROVISION WHEN VOTING BY MACHINE OR EVEN "MAIL-IN BALLOT." SHE SAID "ONE CAN ONLY VOTE FOR INDIVIDUALS LISTED ON THE BALLOT WHICH WOULD INCLUDE "WRITE-IN CANDIDATES." I TOLD HER THAT I WAS "WRITING-IN" NAMES CONSISTENT WITH PROVISION 146A.001 OF THE TEXAS ELECTION CODE. THE CODE DOES PROVIDE THAT "WRITE-INS" ARE NOT ALLOWED IN RUN-OFFS. SECTION 146B DEALS WITH "WRITE-IN CANDIDATES." - THAT "VOTING BY MAIL" DID NOT REQUIRE VOTER ID AS WAS REQUIRED AT THE POLLS. IN TEXAS, THE ID PRESENTED MUST BE EXACTLY THE SAME NAME AS ON THE "VOTER REGISTRATION CARD." AGAIN, THIS MAIL-IN VOTING EASILY LENDS ITSELF TO "ELECTION FRAUD." IT IS MY OPINION THAT "MAIL-IN VOTING" SHOULD NOT BE ALLOWED FOR THOSE OVER AGE 65 YEARS UNLESS THEY ARE SUFFICIENTLY INCAPACITATED THAT THEY CANNOT GO TO THE POLLS. FOR EXAMPLE, MRS. QUADE (76 GOING ON 77) AND I (77 GOING ON 78) DRIVE EVERYWHERE. FOR SOME REASON MRS. QUADE

STARTED "VOTING BY MAIL." I "VOTE BY MAIL" IN ORDER TO "WRITE-IN" NAMES.

IT IS NOT YET CLEAR TO ME HOW THIS IS GOING TO PLAY OUT. HOWEVER, I PERSONALLY HAVE BEEN HARMED IF

- MY "WRITE-IN" NAMES ARE NOT TABULATED, AND

- ONE PIECE OF VOTING CORRUPTION HAS SET IN VIA THE "VOTING BY MAIL" PROCESS.

THANK YOU FOR YOUR ATTENTION. SOMEHOW INCORRECT VOTING PRACTICES HAVE GONE WAY TO FAR OUT OF KILTER. IN CONCLUSION, I WANT TO POINT OUT THAT IN THE MAYOR'S RACE IN THE CITY OF LUBBOCK ONLY THE INCUMBENT'S NAME WAS ON THE BALLOT. ALSO ON THIS SPACE OF THE BALLOT WAS THE STATEMENT TO THE EFFECT "THIS INDIVIDUAL IS ALREADY ELECTED SINCE HE IS UNOPPOSED." FURTHER, LUBBOCK OFFICIALS ARE IN THE PRACTICE OF INTIMIDATING PEOPLE FROM RUNNING FOR ELECTIVE OFFICE, SUCH TO THE EXTENT OF HAVING THEM WITHDRAW AFTER FILING.

(OVER)

[signature] CPA

NOTE: CIRCA 1966, A MAYOR OF LUBBOCK WAS ELECTED VIA "WRITE-IN," NOT AS A "WRITE-IN CANDIDATE." "A WRITE-IN CANDIDATE" FILES FOR OFFICE WHERE-AS "A WRITE-IN" DOES NOT. THEREFORE, "A WRITE-IN CANDIDATE" CAMPAIGNS FOR OFFICE WHERE-AS, TECHNICALLY "A WRITE-IN" DOES NOT. IN THE 1966 MAYOR'S RACE, THE SUCCESSFUL INDIVIDUAL WAS "OUT OF TOWN" AT ELECTION TIME AND RETURNED TO LUBBOCK "SURPRISED" THAT HE WAS TO BE THE NEW MAYOR.

CRA

-1-

5-12-2014

LISD BOARD, c/o THE PRESIDENT
LUBBOCK CITY COUNCIL, c/o THE MAYOR

RE: THE RECENT SCHOOL BOARD AND CITY COUNCIL ELECTIONS.

ENCLOSED PLEASE FIND A COPY OF A DOCUMENT THAT I SUBMITTED TO THE U.S. SUPREME COURT LAST TUESDAY. THE ENCLOSURE THAT IS REFERRED TO YOU CAN RETRIEVE FROM THE DISTRICT CLERK'S ARCHIVES YOURSELVES, IF YOU SO DESIRE. THE ONLY THING OF INTEREST TO YOU WOULD BE THE "VOTING MACHINES" WHICH I WILL SPEAK TO IN THIS NOTE.

THE REASON THAT THIS DOCUMENT IS BEING SENT TO YOU IS THAT BOTH LISD AND THE CITY COUNCIL ARE RESPONSIBLE FOR YOUR OWN ELECTIONS. BUT FOR SEVERAL REASONS YOU "CONTRACT OUT" TO THE LUBBOCK COUNTY ELECTION BUREAU. THEREFORE, AT SOME MEETING AFTER LAST SATURDAY'S ELECTION, YOU WILL BE CANVASING THE RETURNS SUPPLIED TO YOU BY THE LUBBOCK COUNTY ELECTIONS ADMINISTRATOR AND THEN CERTIFY THE ELECTIONS, IF YOU ARE SATISFIED WITH HOW THE ELECTIONS WERE RUN, ETC.

⇒ (COPIES SENT BOTH PLACES.) ⇐

SINCE THE LUBBOCK COUNTY ELECTIONS BUREAU REPORTS TO THE TEXAS' SECRETARY OF STATE-- AND YOU DON'T EVEN THOUGH YOU MUST RUN YOUR ELECTIONS CONSISTENT WITH THE TEXAS' ELECTION CODE-- THE LCEB HAS A DIFFERENT STATUS THAN YOU WHEN IT COMES TO HOLDING ELECTIONS. THE LCEB MUST FOLLOW ALL RULES PUT FORWARD BY THE SECRETARY OF STATE. BUT THEY ARE SUBJECT TO CHALLENGE. SO, THE ENCLOSED DOCUMENT IS BEING SENT TO YOU SINCE YOU ARE RESPONSIBLE FOR YOUR OWN ELECTIONS, INDEPENDENT OF LCEB.

NOW FOR SOME BACKGROUND: I FIRST USED THE DIAL-UP VOTING MACHINES IN THE LOCAL ELECTIONS OF MAY, 2006. I DID FIND THEM SOMEWHAT CUMBERSOME AND HAD A FEW QUESTIONS ABOUT THEIR OPERATION. IN THE MAY, 2010 LISD BOARD ELECTION I FOUND THEM DEFINITELY CUMBERSOME SINCE MY "BALLOT NAME" NEEDED TO BE DIALED IN. I WAS A "WRITE-IN CANDIDATE" PRESCRIBED BY ELECTION CODE 146A.002, AS I RECALL. IN THE MAY, 2012 CITY COUNCIL ELECTION I WANTED TO VOTE "WRITE-IN" AS PRESCRIBED BY THE 146A.001 SECTION OF THE ELECTION CODE AND

FOUND THAT THE VOTING MACHINES COULD NOT HANDLE THAT AT ALL.

SO THAT IS MOST OF THE BACKGROUND ON THE 5-6-2014 DOCUMENT TO THE U.S. SUPREME COURT. IN PREVIOUS DOCUMENTS I HAVE SPOKEN TO

- THE CUMBERSOME NATURE OF THE VOTING MACHINES
- VOTER I.D. REQUIREMENTS AT THE POLLS, AND
- THE NEED FOR SOMETHING LIKE A "NATIONAL IDENTITY CARD" SINCE THE FEDERAL GOVERNMENT DOES NOT HAVE A DIRECTORY OF WHO IS A CITIZEN. THIS CAME OUT IN THE "ARIZONA IMMIGRATION CASE." SO, THAT IS THE RATIONAL TO WHICH ASSOCIATE JUSTICE THOMAS OBJECTED -- THE STATES DO HAVE THE RECORDS ON CITIZENSHIP VIA BIRTHS WHERE-AS THE FEDERAL GOVERNMENT DOES NOT!

THANK YOU FOR YOUR ATTENTION. I CERTAINLY HOPE THAT YOU WILL READ THE ENCLOSED DOCUMENT; IF FOR PEDAGOGICAL REASONS IF NONE OTHER.

RESPECTFULLY YOURS,

C. Rich Teele

PETITION 11-2-2010

A REQUEST FOR AN INJUNCTION AGAINST THE VOTE COUNT FOR TEXAS STATE REPRESENTATIVE FROM DISTRICT 83.

PLAINTIFF: C. RICHARD QUADE
DEFENDANT: DOROTHY KENEDY, ELECTION JUDGE, LUBBOCK COUNTY, TEXAS

? FOR FILING IN THE 13?TH DISTRICT ? COURT OF THE STATE OF TEXAS.

IN THE EARLY DAYS OF "EARLY VOTING" FOR THE NOVEMBER 2, 2010 GENERAL ELECTION, THE PLAINTIFF ASKED THE DEFENDANT IF THE VOTING MACHINES FOR LUBBOCK COUNTY COULD HANDLE A WRITE-IN VOTE AS PROVIDED FOR BY SECTION 146A.001 OF THE STATE OF TEXAS ELECTION CODE. THE GIST OF THE DEFENDENT'S REPLY WAS THAT THE COMPUTER SOFTWARE WAS NOT REQUIRED TO HANDLE SUCH VOTING BY ORDER OF THE SECRETARY OF STATE OF THE STATE OF TEXAS. THE REASON

FOR THE PLAINTIFFS REQUEST WAS
THAT HE DESIRED TO CAST A VOTE
FOR HIMSELF FOR THE DISTRICT 83
SEAT IN THE TEXAS HOUSE. AFTER
VISITING WITH THE DEFENDENT, HE
FIRST BROUGT THE MATTER TO THE AT-
TENTION OF ATTORNEY BRIAN NEWBY
OF FT. WORTH, WHOM THE PLAINTIFF
IS UNDER THE IMPRESSION HAS SER-
VED AS GOVERNOR PERRY'S GENERAL
COUNSEL AND CHIEF OF STAFF-- TWO
STATE EXECUTIVE POSITIONS. NEXT THE
PLAINTIFF BROUGHT THE MATTER TO
THE ATTENTION OF JUDGE PURYEAR
OF THIS 137TH DISTRICT COURT. THEN
HE BROUGHT THE MATTER TO THE
ATTENTION OF FEDERAL JUDGE CUM-
MINS WITH OFFICE IN LUBBOCK, TEXAS.
WHETHER OR NOT THE SOFTWARE FOR
THE VOTING MACHINES IN LUBBOCK
COUNTY WOULD BE SO-MODIFIED TO
ACCOMODATE WRITE-INS AS PRESCRIBED

BY SECTION 146A.008 OF THE STATE
ELECTION CODE, I LEFT IN THE DEFEN-
DENT'S HANDS. I TOLD HER THAT ON
NOV. 2, I WOULD APPEAR AT THE AP-
PROPRIATE POLLING PLACE, ASK IF
THE VOTING MACHINES WOULD HANDLE
WRITE-INS AS PRESCRIBED BY LAW,
THAT MORE THAN LIKELY THE LOCAL
ELECTION JUDGE WOULD NOT BE
KNOWLEDGEABLE IN THE MATTER AND THAT
THE DEFENDENT WOULD HAVE TO BE
ASKED TO CLARIFY THE SITUATION.
THAT PATTERN WAS FOLLOWED THIS
AFTERNOON BETWEEN 3 AND 4 O'CLOCK
AT THE PLAINTIFF'S POLLING PLACE. FUR-
THER, THE PLAINTIFF DID GET A
VOTING "PIN NUMBER" ATTACHED, BUT
DID NOT ENTER A VOTING BOOTH.
THIS IS WHAT THE PLAIN-
TIFF IS REQUESTING:

Clave de Acceso
2274

Date: 11-02-2010
Time: 15:50:23
Place:Vote Centers
Pct:015

1) THAT THE VOTES FOR STATE
OF TEXAS HOUSE SEAT FROM

DISTRICT 83 NOT BE CERTIFIED BY THE DEFENDENT UNTIL THE PLAINTIFF'S VOTE, A WRITE-IN, IS ADDED TO THE VOTE COUNT;

AND 2) THAT THE SOFTWARE FOR THE LUBBOCK COUNTY VOTING MACHINES BE UPGRADED TO ALLOW FOR CONVENTIONAL WRITE-IN BALLOTING, IN THE HISTORICAL SENSE OF THE PHRASE, AS PROVIDED FOR BY SECTION 146A.001 OF THE STATE ELECTION CODE.

THE PLAINTIFF IS WELL-AWARE OF THE CATEGORY "WRITE-IN CANDIDATE AS DEFINED IN SECTION 146B OF THE STATE ELECTION CODE. HE WAS SUCH A CANDIDATE IN THE SPRING, 2010 LISD SCHOOL BOARD ELECTION. AS AN ASIDE, HE FOUND THE TECHNIQUE ON THE COMPUTER VOTING MACHINES TO BE SO CUMBERSOME

THAT NEITHE CATEGORY OF WRITE-IN -- THE OLD FASHION ONE, HISTORICALLY, PROVIDED FOR BY SECTION 146A NOR THE MORE FORMAL ONE OF SECTION 146B-- ALLOWS FOR SUCH CANDIDATES TO HAVE ANY SUCCESS IN AN ELECTION. OF COURSE, FILING UNDER SECTION 146B DOES ALLOW FOR CAMPAIGN EXPENDITURES, AMONG OTHER THINGS, WHILE 146A DOES NOT.

IF AND WHEN THIS MATTER IS TAKEN UP "IN COURT", THE PLAINTIFF DOES HAVE OTHER SUPPORTING COMMENTS TO MAKE.

RESPECTFULLY SUBMITTED

C. RICHARD QUADE
3105 21ST STREET
LUBBOCK, TEXAS 79410


USPS CERTIFIED MAIL
420 78401 9507 1000 1940 4252 0000 10
ZIP
THE HONORABLE NELVA GONZALES, U.S.
DISTRICT FEDERAL JUDGE
1133 NORTH SHORELINE BLVD.
CORPUS CHRISTI, TEXAS
78401-2003
CRG
3105-21
79410