# United States Court of Appeals
For the Seventh Circuit
Chicago, Illinois 60604

September 12, 2014

Before

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

| | |
|---|---|
| Nos. 14-2058 and 14-2059 | Appeals from the United States District Court for the Eastern District of Wisconsin. |
| RUTHELLE FRANK, *et al.*, *Plaintiffs-Appellees*, | |
| v. | Nos. 11-CV-01128 and 12-CV-00185 |
| SCOTT WALKER, in his official capacity as Governor of State of Wisconsin, *et al.*, *Defendants-Appellants*. | Lynn Adelman, *Judge*. |
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS OF WISCONSIN, *et al.*, *Plaintiffs-Appellees*, | |
| v. | |
| DAVID G. DEININGER, *et al.*, *Defendants-Appellants*. | |

## Order

On August 21, 2014, this court issued an order providing that the motion for a stay would be considered by the panel assigned to decide the case on the merits. This order further provided that the state was free, in the interim, to implement the changes to the procedures for obtaining (or excusing reliance on) birth certificates, and similar documents, that the Supreme Court of Wisconsin adopted in *Milwaukee Branch of NAACP v. Walker*, 2014 WI 98 (July 31, 2014).

Having read the briefs and heard oral argument, this court now stays the injunction issued by the district court. The State of Wisconsin may, if it wishes (and if it is appropriate under rules of state law), enforce the photo ID requirement in this November's elections.

The district court held the state law invalid, and enjoined its implementation, even though it is materially identical to Indiana's photo ID statute, which the Supreme Court held valid in *Crawford v. Marion County Election Board*, 553 U.S. 181 (2008). It did this based on findings that it thought showed that Wisconsin did not need this law to promote an important governmental interest, and that persons of lower income (disproportionately minorities) are less likely to have driver's licenses, other acceptable photo ID, or the birth certificates needed to obtain them, which led the court to hold that the statute violates §2 of the Voting Rights Act, 42 U.S.C. §1973.

After the district court's decision, the Supreme Court of Wisconsin revised the procedures to make it easier for persons who have difficulty affording any fees to obtain the birth certificates or other documentation needed under the law, or to have the need for documentation waived. *Milwaukee Branch of NAACP v. Walker*, 2014 WI 98 (July 31, 2014). This reduces the likelihood of irreparable injury, and it also changes the balance of equities and thus the propriety of federal injunctive relief. The panel has concluded that the state's probability of success on the merits of this appeal is sufficiently great that the state should be allowed to implement its law, pending further order of this court.

The appeals remain under advisement, and an opinion on the merits will issue in due course.