# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit
**FILED**
August 5, 2014
Lyle W. Cayce
Clerk

No. 14-40003

Clerk, U.S. District Court
Southern District of Texas
FILED
OCT 0 3 2014
David J. Bradley, Clerk of Court

MARC VEASEY; JANE HAMILTON; SERGIO DELEON; FLOYD CARRIER; ANNA BURNS; MICHAEL MONTEZ; PENNY POPE; OSCAR ORTIZ; KOBY OZIAS; LEAGUE OF UNITED LATIN AMERICAN CITIZENS; JOHN MELLOR-CRUMLEY; DALLAS COUNTY, TEXAS,

           Plaintiffs–Appellees,

versus

RICK PERRY, in His Official Capacity as Governor of Texas; et al.,

           Defendants.

---

UNITED STATES OF AMERICA,

           Plaintiff–Appellee

TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND;
IMANI CLARK;
TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES
AND COUNTY COMMISSIONERS; AURICA WASHINGTON;
CRYSTAL OWENS; MICHELLE BESSIAKE;
MARIA LONGORIA BENAVIDES,

           Intervenor Plaintiffs–Appellees,

versus

STATE OF TEXAS; et al.,

           Defendants.

TRUE THE VOTE,

                    Movant–Appellant.

---

Appeals from the United States District Court
for the Southern District of Texas
No. 2:13-CV-193

---

Before DAVIS, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:*

This expedited appeal, which included briefing and oral argument, involves Texas's recently enacted Voter ID law, which True the Vote supported and sponsored as a public-interest group. Various plaintiffs' groups and the United States have sued the state, claiming the law violates the Voting Rights Act and the Fourteenth and Fifteenth Amendments. Several other groups were permitted to intervene on behalf of the plaintiffs. True the Vote timely moved to intervene as of right to defend the statute. The United States opposed the motion, and the district judge, without issuing an independent opinion but relying almost exclusively on a Florida court order in a different case, denied intervention. Because True the Vote has not shown that the State of Texas cannot adequately represent its interests in this litigation, we affirm the order denying intervention as of right.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

A party seeking to intervene as of right must satisfy four requirements: (1) The application must be timely; (2) the applicant must have an interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest; and (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Brumfield v. Dodd*, 749 F.3d 339, 341 (5th Cir. 2014) (citations omitted). There is no dispute about timeliness, so we focus on the other three factors and review the district court's decision *de novo*. *Sierra Club v. Espy*, 18 F.3d 1202, 1207 (5th Cir. 1994).

II.

We assume, without deciding, that True the Vote may have a sufficient interest in the litigation that might be impaired by the disposition of the action. But it has not shown that Texas will inadequately represent its interests. In all of our cases permitting intervention, the incongruity of interests was far more pronounced. In *City of Houston v. American Traffic Solutions, Inc.*, 668 F.3d 291, 294 (5th Cir. 2012), the city had an interest in *not* upholding the charter amendment eliminating traffic cameras because the camera program had generated millions of dollars in revenue. The proponents of the charter amendment were allowed to intervene as a result. In *Sierra Club*, 18 F.3d at 1208, the Forest Service had the public interest in mind whereas the intervenors—a group of loggers—had only their economic interests to advance. In *Edwards v. City of Houston*, 78 F.3d 983, 1005 (5th Cir. 1996) (en banc), and other similar cases, the government had an incentive to come to agreement with the plaintiffs, whereas the intervenors wanted to maintain the government program without change.

3

No. 14-40003

In *Brumfield*, 749 F.3d at 346, the court held that although both Louisiana and the parents had the same objective in upholding a state voucher program, Louisiana's interests were broader because it had to maintain relations with the federal government and the courts with continuing desegregation jurisdiction; moreover, the parents raised jurisdictional arguments not urged by the state.

True the Vote avers that this case is similar to *Brumfield*: "The State of Texas has many interests in this case that include not only maintaining [the Voter ID law], but also its relationship with the federal government and the courts that have continuing jurisdiction over voting rights matters." But "continuing jurisdiction" over federal questions generally is not the same thing as continuing jurisdiction of a desegregation court, which must approve in advance changes that may affect the order. True the Vote also maintains that it will show evidence of voter fraud which Texas is not willing to produce because doing so would be an admission of National Voter Registration Act violations, but Texas has shown evidence of such fraud in the related preclearance litigation and in the legislature.

True the Vote next contends that it has a unique interest in the case because plaintiffs have pointed to statements and communications made by True the Vote to prove intentional discrimination. But the state has the same interest in rebutting any such inference of discrimination from these statements. True the Vote claims that its interests would not be adequately represented at the remedial stage because its evidence would allow the court to permit the legislature to cure the law in various ways. True the Vote does not explain, however, why Texas would not have the same interest in such a cure. Finally, True the Vote claims it needs to intervene to defend its reputation. Nothing in the caselaw, however, recognizes such an abstractly defined

4

No. 14-40003

interest.

Although the burden to show inadequate representation is "minimal," *Sierra Club*, 18 F.3d at 1207; *Brumfield*, 749 F.3d at 345, this requirement must have some teeth. Hence we normally presume that when the existing party has the same ultimate objective as the proposed intervenor, intervention should be denied unless the proposed intervenor shows "adversity of interest, collusion, or nonfeasance on the part of the existing party to overcome the presumption." *Brumfield*, 749 F.3d at 345 (quoting *Edwards*, 78 F.3d at 1005). Here the ultimate objective is the same and True the Vote has not shown a sufficient disalignment of interest to warrant intervention. Moreover, True the Vote will be able to assist the district court and promote its interests to the extent that it is permitted to participate as *amicus curiae*.

The order denying intervention as of right is AFFIRMED.