Sim Lake, US District Judge TXS  Oct 9 14
515 Rusk St Rm 9535
Houston TX 77002
713-250-5177, Fax 5010   PEREZ V TEXAS 5:11cv360 SAN ANTONIO
                         ALA LEG BLACK CAUCUS v ALA ARG NOV 12

LET THE VOTERS ENDORSE & ENABLE A LIMITED VOTING BACKUP BALLOT.
I am the interested party pro se with notice (I got orders) in
VEASEY v PERRY 2:13cv193 suggesting a limited voting backup ballot
for the Texas (and now with arg Nov 12 Alabama) State House with
candidates paying a filing deposit to get on the backup ballot in
their own and 2-4 add'l dists. 20+ docs are letters from me.
Docs 127 thru 129 in RODRIGUEZ v HARRIS CO TX 4:11 cv 2907-VDG
USCA5 13-20491 are letters from me. I want doc sheets for 13-20491.

Trial started Sep 2 in Corpus Christi with followup in San Antonio
which is freezing me out.

Voters who like the primary (machine) winners may omit the backup
ballot but those who don't may foment violence mayhem and chaos.
Is violence the price of liberty? The backup ballot may promote
good behavior by winners and inhibit tyranny mayhem and chaos.

See HUNTER v UNDERWOOD on ALABAMA.
CALERA AL elects six city councilmen by limited voting.
    Ginsburg's comments in SHELBY CO are misleading.
GUIN AL seven by cumulative voting since about 1987.
PEORIA IL five by cum voting and five by wards since 1991.
JAPAN elected its lower house by limited voting from multi-
member districts from about 1947 (McArther) to about 1987.
I suggest single member districts w/limited voting backup.
I suggest 7 w/backup for Irving TX ISD (Fitzwater).
Same for Ferguson MO , city in turmoil.

Similar copies some repeated: US Supreme Ct Justices, Chief US
Circuit Judges, Chief US District Judges, others.

Arg set for Nov 12 14      Robert M Allensworth B14522
ALA LEG BLACK CAUCUS v ALA   BMRCC 251 N IL 37 S
                             Ina IL 62846 2419

violation of Section 2 of the Voting Rights Act. Finally, Plaintiffs contend that the County's Plan violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, because it allegedly was drawn (i) with the motive of intentional discrimination against Hispanics and (ii) with excessive and unjustified use of race and racial data. *See* (Instrument No. 19).

On October 19, 2011, a three-judge panel, composed of Judge Jennifer Elrod of the United States Court of Appeals for the Fifth Circuit, United States District Judge Sim Lake of the Southern District of Texas, and United States District Judge Vanessa Gilmore of the Southern District of Texas, was convened to consider Plaintiffs' Section 5 claims. On November 7, 2011, the three-judge panel determined the County was seeking preclearance of the Revised Plan A-1 and did not intend to implement the Revised Plan A-1 unless it obtained preclearance from the Justice Department. Accordingly, the three-judge panel concluded that the Section 5 claims should be held in abeyance unless the County attempted to implement a non-precleared plan.

On November 14, 2011, this Court, acting of its own accord without the three-judge panel, held trial on the constitutionality of conducting the 2012 elections using the 2001 map, which was, at the time, the last precleared plan. At the end of trial, the Court found that the use of the existing plan would violate the constitution's guarantee of one man, one vote and therefore concluded that the continued use of the existing plan was unconstitutional. Because the Revised Plan A-1 had not at that time obtained preclearance from the Department of Justice, the County could not use that plan to conduct the 2012 election. Accordingly, the Court fashioned an interim map that was used to conduct the 2012 election (the "Interim Map"). *See* (Instrument No. 66). After slight modifications, neither party objected to the Court's interim map. The interim map is depicted in the next diagram.[7]

United States Courts
Southern District of Texas
FILED

OCT 20 2014

David J. Bradley, Clerk of Court

---

[7] Source: Plaintiffs' Ex. 60.

15

