PL001
9/2/2014
2:13-cv-00193

2011S0078-1 01/12/11

By: Fraser, et al.                                          S.B. No. 14

A BILL TO BE ENTITLED
AN ACT

relating to requirements to vote, including presenting proof of
identification; providing criminal penalties.

BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

SECTION 1.  Subchapter A, Chapter 15, Election Code, is
amended by adding Section 15.005 to read as follows:

Sec. 15.005.  NOTICE OF IDENTIFICATION REQUIREMENTS.
(a)  The voter registrar of each county shall provide notice of the
identification requirements for voting prescribed by Chapter 63 and
a detailed description of those requirements with each voter
registration certificate issued under Section 13.142 or renewal
registration certificate issued under Section 14.001.

(b)  The secretary of state shall prescribe the wording of
the notice to be included on the certificate under this section.

SECTION 2.  Subsection (a), Section 15.022, Election Code,
is amended to read as follows:

(a)  The registrar shall make the appropriate corrections in
the registration records, including, if necessary, deleting a
voter's name from the suspense list:

(1)  after receipt of a notice of a change in
registration information under Section 15.021;

(2)  after receipt of a voter's reply to a notice of
investigation given under Section 16.033;

(3)  after receipt of a registration omissions list and
any affidavits executed under Section 63.006 [63.007], following an
election;

(4)  after receipt of a voter's statement of residence
executed under Section 63.0011;

(5)  before the effective date of the abolishment of a
county election precinct or a change in its boundary;

(6)  after receipt of United States Postal Service
information indicating an address reclassification;

(7)  after receipt of a voter's response under Section
15.053; or

(8)  after receipt of a registration application or
change of address under Chapter 20.

SECTION 3.  Subchapter A, Chapter 31, Election Code, is
amended by adding Section 31.012 to read as follows:

Sec. 31.012.  VOTER IDENTIFICATION EDUCATION. (a)  The
secretary of state and the voter registrar of each county that
maintains a website shall provide notice of the identification
requirements for voting prescribed by Chapter 63 on each entity's
respective website. The secretary of state shall prescribe the
wording of the notice to be included on the websites.

(b)  The secretary of state shall conduct a statewide effort
to educate voters regarding the identification requirements for
voting prescribed by Chapter 63.

SECTION 4.  Section 32.111, Election Code, is amended by
adding Subsection (c) to read as follows:

(c)  The training standards adopted under Subsection (a)
must include provisions on the acceptance and handling of the
identification presented by a voter to an election officer under

TX_00003602

USA_00014883

Section 63.001.

SECTION 5.  Subsection (a), Section 32.114, Election Code, is amended to read as follows:

(a)  The county clerk shall provide one or more sessions of training using the standardized training program and materials developed and provided by the secretary of state under Section 32.111 for the election judges and clerks appointed to serve in elections ordered by the governor or a county authority.  Each election judge shall complete the training program.  Each election clerk shall complete the part of the training program relating to the acceptance and handling of the identification presented by a voter to an election officer under Section 63.001.

SECTION 6.  Chapter 62, Election Code, is amended by adding Section 62.016 to read as follows:

Sec. 62.016.  NOTICE OF ACCEPTABLE IDENTIFICATION OUTSIDE POLLING PLACES. The presiding judge shall post in a prominent place on the outside of each polling location a list of the acceptable forms of identification.  The notice and list must be printed using a font that is at least 24-point.

SECTION 7.  Section 63.001, Election Code, is amended by amending Subsections (b), (c), (d), and (f) and adding Subsections (g) and (h) to read as follows:

(b)  Except as provided by Subsection (h), on [On] offering to vote, a voter must present to an election officer at the polling place one form of identification listed in Section 63.0101 [the voter's voter registration certificate to an election officer at the polling place].

(c)  On presentation of the documentation required by Subsection (b) [a registration certificate], an election officer shall determine whether the voter's name on the documentation [registration certificate] is on the list of registered voters for the precinct.

(d)  If the voter's name is on the precinct list of registered voters and the voter's identity can be verified from the documentation presented under Subsection (b), the voter shall be accepted for voting.

(f)  After determining whether to accept a voter, an election officer shall return the voter's documentation [registration certificate] to the voter.

(g)  If the requirements for identification prescribed by Subsection (b) are not met, the voter may be accepted for provisional voting only under Section 63.011. For a voter who is not accepted for voting under this section, an election officer shall:

(1)  inform the voter of the voter's right to cast a provisional ballot under Section 63.011; and

(2)  provide the voter with written information, in a form prescribed by the secretary of state, that:

(A)  lists the requirements for identification;

(B)  states the procedure for presenting identification under Section 65.0541;

(C)  includes a map showing the location where identification must be presented; and

(D)  includes notice that even if all procedures are followed, there is no guarantee a provisional ballot will be accepted.

(h)  The requirements for identification prescribed by

TX_00003603
JA_000002

TX_00003603

USA_00014884

Subsection (b) do not apply to a voter who:
    (1) presents the voter's voter registration certificate on offering to vote; and
    (2) was 70 years of age or older on January 1, 2012, as indicated by the date of birth on the voter's voter registration certificate.
    SECTION 8. Subsection (a), Section 63.0011, Election Code, is amended to read as follows:
    (a) Before a voter may be accepted for voting, an election officer shall ask the voter if the voter's residence address on the precinct list of registered voters is current and whether the voter has changed residence within the county. If the voter's address is omitted from the precinct list under Section 18.005(c), the officer shall ask the voter if the voter's residence, if [as] listed, on identification presented by the voter under Section 63.001(b) [the voter's voter registration certificate] is current and whether the voter has changed residence within the county.
    SECTION 9. Chapter 63, Election Code, is amended by adding Section 63.0012 to read as follows:
    Sec. 63.0012. NOTICE OF IDENTIFICATION REQUIREMENTS TO CERTAIN VOTERS. (a) An election officer shall distribute written notice of the identification that will be required to vote in elections held after January 1, 2012, and information on obtaining identification without a fee under Section 521.422, Transportation Code, to each voter who, when offering to vote, presents a form of identification that will not be sufficient for acceptance as a voter under this chapter beginning with those elections.
    (b) The secretary of state shall prescribe the wording of the notice and establish guidelines for distributing the notice.
    (c) This section expires September 1, 2013.
    SECTION 10. Section 63.006, Election Code, is amended to read as follows:
    Sec. 63.006. VOTER WITH REQUIRED DOCUMENTATION [CORRECT CERTIFICATE] WHO IS NOT ON LIST. (a) A voter who, when offering to vote, presents the documentation required under Section 63.001(b) [a voter registration certificate indicating that the voter is currently registered in the precinct in which the voter is offering to vote], but whose name is not on the precinct list of registered voters, shall be accepted for voting if the voter also presents a voter registration certificate indicating that the voter is currently registered:
    (1) in the precinct in which the voter is offering to vote; or
    (2) in a different precinct from the one in which the voter is offering to vote and the voter executes an affidavit stating that the voter:
        (A)(i) is a resident of the precinct in which the voter is offering to vote or is otherwise entitled by law to vote in that precinct; or
        (ii) was a resident of the precinct in which the voter is offering to vote at the time the information on the voter's residence address was last provided to the voter registrar;
    (B) did not deliberately provide false information to secure registration in a precinct in which the voter does not reside; and
        (C) is voting only once in the election.
    (b) After the voter is accepted, an election officer shall:

TX_00003604

USA_00014885

(1) indicate beside the voter's name on the poll list
that the voter was accepted under this section; and
(2) if applicable, enter on the registration omissions
list the precinct of the voter's registration as indicated by the
voter's registration certificate.
SECTION 11. Section 63.009, Election Code, is amended to
read as follows:
Sec. 63.009. VOTER WITHOUT CERTIFICATE WHO IS NOT ON LIST.
A [(a) Except as provided by Subsection (b), a] voter who does not
present a voter registration certificate when offering to vote, and
whose name is not on the list of registered voters for the precinct
in which the voter is offering to vote, shall be accepted for
provisional voting if the voter executes an affidavit in accordance
with Section 63.011.
[(b) If an election officer can determine from the voter
registrar that the person is a registered voter of the county and
the person presents proof of identification, the affidavits
required by Sections 63.007 and 63.008 are substituted for the
affidavit required by Section 63.011 in complying with that
section. After the voter is accepted under this subsection, an
election officer shall also indicate beside the voter's name on the
poll list that the voter was accepted under this section.]
SECTION 12. Section 63.0101, Election Code, is amended to
read as follows:
Sec. 63.0101. DOCUMENTATION OF PROOF OF IDENTIFICATION.
The following documentation is an acceptable form [as proof] of
photo identification under this chapter:
(1) a driver's license or personal identification card
issued to the person by the Department of Public Safety that has not
[or a similar document issued to the person by an agency of another
state, regardless of whether the license or card has] expired;
(2) a United States military identification card that
contains the person's photograph that has not expired [form of
identification containing the person's photograph that establishes
the person's identity];
(3) a [birth certificate or other document confirming
birth that is admissible in a court of law and establishes the
person's identity;
[(4)] United States citizenship certificate [papers]
issued to the person that contains the person's photograph; or
(4) [(5)] a United States passport issued to the
person that has not expired[;
[(6) official mail addressed to the person by name
from a governmental entity;
[(7) a copy of a current utility bill, bank statement,
government check, paycheck, or other government document that shows
the name and address of the voter; or
[(8) any other form of identification prescribed by
the secretary of state].
SECTION 13. Subsections (a) and (b), Section 63.011,
Election Code, are amended to read as follows:
(a) A person to whom Section 63.001(g) [63.008(b)] or 63.009
[63.009(a)] applies may cast a provisional ballot if the person
executes an affidavit stating that the person:
(1) is a registered voter in the precinct in which the
person seeks to vote; and
(2) is eligible to vote in the election.

USA_00014886

(b) A form for an affidavit required by this section shall be printed on an envelope in which the provisional ballot voted by the person may be placed and must include a space for entering the identification number of the provisional ballot voted by the person and a space for an election officer to indicate whether the person presented a form of identification described by Section 63.0101. The affidavit form may include space for disclosure of any necessary information to enable the person to register to vote under Chapter 13. The secretary of state shall prescribe the form of the affidavit under this section.

SECTION 14. Subsection (b), Section 64.012, Election Code, is amended to read as follows:

(b) An offense under this section is a felony of the second [third] degree unless the person is convicted of an attempt. In that case, the offense is a state jail felony [Class A misdemeanor].

SECTION 15. Subsection (b), Section 65.054, Election Code, is amended to read as follows:

(b) A provisional ballot shall [may] be accepted [only] if the board determines that, from the information in the affidavit or contained in public records, the person is eligible to vote in the election and has not previously voted in that election and the person meets the identification requirements of Section 63.001(b) in the period prescribed under Section 65.0541.

SECTION 16. Subchapter B, Chapter 65, Election Code, is amended by adding Section 65.0541 to read as follows:

Sec. 65.0541. PRESENTATION OF IDENTIFICATION FOR CERTAIN PROVISIONAL BALLOTS. (a) A voter who is accepted for provisional voting under Section 63.011 because the voter does not meet the identification requirements of Section 63.001(b) may, not later than the sixth day after the date of the election, present proof of identification to the voter registrar for examination by the early voting ballot board.

(b) The secretary of state shall prescribe procedures as necessary to implement this section.

SECTION 17. Section 66.0241, Election Code, is amended to read as follows:

Sec. 66.0241. CONTENTS OF ENVELOPE NO. 4. Envelope no. 4 must contain:

(1) the precinct list of registered voters;
(2) the registration correction list;
(3) the registration omissions list;
(4) any statements of residence executed under Section 63.0011; and
(5) any affidavits executed under Section 63.006 [63.007] or 63.011.

SECTION 18. Section 521.422, Transportation Code, is amended by amending Subsection (a) and adding Subsection (d) to read as follows:

(a) Except as provided by Subsection (d), the [The] fee for a personal identification certificate is:

(1) $15 for a person under 60 years of age;
(2) $5 for a person 60 years of age or older; and
(3) $20 for a person subject to the registration requirements under Chapter 62, Code of Criminal Procedure.

(d) The department may not collect a fee for a personal identification certificate issued to a person who states that the person is obtaining the personal identification certificate for the

purpose of satisfying Section 63.001(b), Election Code, and:
          (1)  who is a registered voter in this state and
presents a valid voter registration certificate; or
          (2)  who is eligible for registration under Section
13.001, Election Code, and submits a registration application to
the department.
          SECTION 19.  Effective January 1, 2012, Sections 63.007 and
63.008, Election Code, are repealed.
          SECTION 20.  As soon as practicable after the effective date
of this section:
          (1)  the secretary of state shall adopt the training
standards and develop the training materials required to implement
the change in law made by this Act to Section 32.111, Election Code;
and
          (2)  the county clerk of each county shall provide a
session of training under Section 32.114, Election Code, using the
standards adopted and materials developed to implement the change
in law made by this Act to Section 32.111, Election Code.
          SECTION 21.  The change in law made by this Act applies only
to an offense committed on or after January 1, 2012.  An offense
committed before January 1, 2012, is covered by the law in effect
when the offense was committed, and the former law is continued in
effect for that purpose.  For purposes of this section, an offense
is committed before January 1, 2012, if any element of the offense
occurs before that date.
          SECTION 22.  State funds disbursed under Chapter 19,
Election Code, for the purpose of defraying expenses of the voter
registrar's office in connection with voter registration may also
be used for additional expenses related to coordinating voter
registration drives or other activities designed to expand voter
registration. This section expires January 1, 2013.
          SECTION 23.  (a)  Except as provided by Subsection (b) of
this section, this Act takes effect January 1, 2012.
          (b)  The changes in law made by Sections 1, 3, 4, 5, 9, 20,
and 22 of this Act take effect September 1, 2011.

TX_00003607

USA_00014888

FILE 82nd-'11

S.B. No. 14

By: Fraser

A BILL TO BE ENTITLED

AN ACT

relating to requirements to vote, including presenting proof of identification; providing criminal penalties.

BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

SECTION 1. Subchapter A, Chapter 15, Election Code, is amended by adding Section 15.005 to read as follows:

Sec. 15.005. NOTICE OF IDENTIFICATION REQUIREMENTS. (a) The voter registrar of each county shall provide notice of the identification requirements for voting prescribed by Chapter 63 and a detailed description of those requirements with each voter registration certificate issued under Section 13.142 or renewal registration certificate issued under Section 14.001.

(b) The secretary of state shall prescribe the wording of the notice to be included on the certificate under this section.

SECTION 2. Subsection (a), Section 15.022, Election Code, is amended to read as follows:

(a) The registrar shall make the appropriate corrections in the registration records, including, if necessary, deleting a voter's name from the suspense list:

(1) after receipt of a notice of a change in registration information under Section 15.021;

(2) after receipt of a voter's reply to a notice of investigation given under Section 16.033;

(3) after receipt of a registration omissions list and

2011S0078-1 01/12/11                    1

1  any affidavits executed under Section 63.006 [63.007], following an

2  election;

3         (4)  after receipt of a voter's statement of residence

4  executed under Section 63.0011;

5         (5)  before the effective date of the abolishment of a

6  county election precinct or a change in its boundary;

7         (6)  after receipt of United States Postal Service

8  information indicating an address reclassification;

9         (7)  after receipt of a voter's response under Section

10  15.053; or

11         (8)  after receipt of a registration application or

12  change of address under Chapter 20.

13         SECTION 3.  Subchapter A, Chapter 31, Election Code, is

14  amended by adding Section 31.012 to read as follows:

15         Sec. 31.012.  VOTER IDENTIFICATION EDUCATION.  (a)  The

16  secretary of state and the voter registrar of each county that

17  maintains a website shall provide notice of the identification

18  requirements for voting prescribed by Chapter 63 on each entity's

19  respective website.  The secretary of state shall prescribe the

20  wording of the notice to be included on the websites.

21         (b)  The secretary of state shall conduct a statewide effort

22  to educate voters regarding the identification requirements for

23  voting prescribed by Chapter 63.

24         SECTION 4.  Section 32.111, Election Code, is amended by

25  adding Subsection (c) to read as follows:

26         (c)  The training standards adopted under Subsection (a)

27  must include provisions on the acceptance and handling of the

TX_00003668

USA_00014890

1   any affidavits executed under Section 63.006 [63.007], following an

2   election;

3           (4)  after receipt of a voter's statement of residence

4   executed under Section 63.0011;

5           (5)  before the effective date of the abolishment of a

6   county election precinct or a change in its boundary;

7           (6)  after receipt of United States Postal Service

8   information indicating an address reclassification;

9           (7)  after receipt of a voter's response under Section

10  15.053; or

11          (8)  after receipt of a registration application or

12  change of address under Chapter 20.

13      SECTION 3.  Subchapter A, Chapter 31, Election Code, is

14  amended by adding Section 31.012 to read as follows:

15      Sec. 31.012.  VOTER IDENTIFICATION EDUCATION.  (a)  The

16  secretary of state and the voter registrar of each county that

17  maintains a website shall provide notice of the identification

18  requirements for voting prescribed by Chapter 63 on each entity's

19  respective website.  The secretary of state shall prescribe the

20  wording of the notice to be included on the websites.

21      (b)  The secretary of state shall conduct a statewide effort

22  to educate voters regarding the identification requirements for

23  voting prescribed by Chapter 63.

24      SECTION 4.  Section 32.111, Election Code, is amended by

25  adding Subsection (c) to read as follows:

26      (c)  The training standards adopted under Subsection (a)

27  must include provisions on the acceptance and handling of the

TX_00003669
JA_000009

TX_00003669

USA_00014891

_.B. No. _____

1  identification presented by a voter to an election officer under

2  Section 63.001.

3      SECTION 5.  Subsection (a), Section 32.114, Election Code,

4  is amended to read as follows:

5      (a)  The county clerk shall provide one or more sessions of

6  training using the standardized training program and materials

7  developed and provided by the secretary of state under Section

8  32.111 for the election judges and clerks appointed to serve in

9  elections ordered by the governor or a county authority.  Each

10 election judge shall complete the training program. Each election

11 clerk shall complete the part of the training program relating to

12 the acceptance and handling of the identification presented by a

13 voter to an election officer under Section 63.001.

14     SECTION 6.  Chapter 62, Election Code, is amended by adding

15 Section 62.016 to read as follows:

16     Sec. 62.016.  NOTICE OF ACCEPTABLE IDENTIFICATION OUTSIDE

17 POLLING PLACES. The presiding judge shall post in a prominent place

18 on the outside of each polling location a list of the acceptable

19 forms of identification. The notice and list must be printed using

20 a font that is at least 24-point.

21     SECTION 7.  Section 63.001, Election Code, is amended by

22 amending Subsections (b), (c), (d), and (f) and adding Subsections

23 (g) and (h) to read as follows:

24     (b)  Except as provided by Subsection (h), on [On] offering

25 to vote, a voter must present to an election officer at the polling

26 place one form of identification listed in Section 63.0101 [the

27 voter's voter registration certificate to an election officer at

2011S0078-1 01/12/11          3

TX_00003670

USA_00014892

Case 2:13-cv-00193 Document 660-2 Filed 06/17/12 TXSD Page 51 of 59

___.B. No. _____

1  ~~the polling place~~].

2      (c) On presentation of <u>the documentation required by</u>

3  <u>Subsection (b)</u> [~~a registration certificate~~], an election officer

4  shall determine whether the voter's name on the <u>documentation</u>

5  [~~registration certificate~~] is on the list of registered voters for

6  the precinct.

7      (d) If the voter's name is on the precinct list of

8  registered voters <u>and the voter's identity can be verified from the</u>

9  <u>documentation presented under Subsection (b)</u>, the voter shall be

10  accepted for voting.

11      (f) After determining whether to accept a voter, an election

12  officer shall return the voter's <u>documentation</u> [~~registration~~

13  ~~certificate~~] to the voter.

14      <u>(g) If the requirements for identification prescribed by</u>

15  <u>Subsection (b) are not met, the voter may be accepted for</u>

16  <u>provisional voting only under Section 63.011. For a voter who is</u>

17  <u>not accepted for voting under this section, an election officer</u>

18  <u>shall:</u>

19          <u>(1) inform the voter of the voter's right to cast a</u>

20  <u>provisional ballot under Section 63.011; and</u>

21          <u>(2) provide the voter with written information, in a</u>

22  <u>form prescribed by the secretary of state, that:</u>

23              <u>(A) lists the requirements for identification;</u>

24              <u>(B) states the procedure for presenting</u>

25  <u>identification under Section 65.0541;</u>

26              <u>(C) includes a map showing the location where</u>

27  <u>identification must be presented; and</u>

2011S0078-1  01/12/11          4

TX_00003671

USA_00014893

_.B. No. _____

1     (D)  includes notice that even if all procedures

2  are followed, there is no guarantee a provisional ballot will be

3  accepted.

4     (h)  The requirements for identification prescribed by

5  Subsection (b) do not apply to a voter who:

6     (1)  presents the voter's voter registration

7  certificate on offering to vote; and

8     (2)  was 70 years of age or older on January 1, 2012, as

9  indicated by the date of birth on the voter's voter registration

10  certificate.

11     SECTION 8.  Subsection (a), Section 63.0011, Election Code,

12  is amended to read as follows:

13     (a)  Before a voter may be accepted for voting, an election

14  officer shall ask the voter if the voter's residence address on the

15  precinct list of registered voters is current and whether the voter

16  has changed residence within the county.  If the voter's address is

17  omitted from the precinct list under Section 18.005(c), the officer

18  shall ask the voter if the voter's residence, if [as] listed, on

19  identification presented by the voter under Section 63.001(b) [the

20  voter's voter registration certificate] is current and whether the

21  voter has changed residence within the county.

22     SECTION 9.  Chapter 63, Election Code, is amended by adding

23  Section 63.0012 to read as follows:

24     Sec. 63.0012.  NOTICE OF IDENTIFICATION REQUIREMENTS TO

25  CERTAIN VOTERS.  (a)  An election officer shall distribute written

26  notice of the identification that will be required to vote in

27  elections held after January 1, 2012, and information on obtaining

TX_00003672
JA_000012

TX_00003672

USA_00014894

1   identification without a fee under Section 521.422, Transportation

2   Code, to each voter who, when offering to vote, presents a form of

3   identification that will not be sufficient for acceptance as a

4   voter under this chapter beginning with those elections.

5      (b)  The secretary of state shall prescribe the wording of

6   the notice and establish guidelines for distributing the notice.

7      (c)  This section expires September 1, 2013.

8      SECTION 10.  Section 63.006, Election Code, is amended to

9   read as follows:

10      Sec. 63.006.  VOTER WITH REQUIRED DOCUMENTATION [CORRECT

11   CERTIFICATE] WHO IS NOT ON LIST.  (a)  A voter who, when offering to

12   vote, presents the documentation required under Section 63.001(b)

13   [a voter registration certificate indicating that the voter is

14   currently registered in the precinct in which the voter is offering

15   to vote], but whose name is not on the precinct list of registered

16   voters, shall be accepted for voting if the voter also presents a

17   voter registration certificate indicating that the voter is

18   currently registered:

19      (1)  in the precinct in which the voter is offering to

20   vote; or

21      (2)  in a different precinct from the one in which the

22   voter is offering to vote and the voter executes an affidavit

23   stating that the voter:

24      (A)(i)  is a resident of the precinct in which the

25   voter is offering to vote or is otherwise entitled by law to vote in

26   that precinct; or

27      (ii)  was a resident of the precinct in which

TX_00003673
JA_000013

TX_00003673

USA_00014895

1   the voter is offering to vote at the time the information on the

2   voter's residence address was last provided to the voter registrar;

3                    (B)    did    not    deliberately    provide    false

4   information to secure registration in a precinct in which the voter

5   does not reside; and

6                    (C)   is voting only once in the election.

7        (b)   After the voter is accepted, an election officer shall:

8                    (1)   indicate beside the voter's name on the poll list

9   that the voter was accepted under this section; and

10                   (2)   if applicable, enter on the registration omissions

11  list the precinct of the voter's registration as indicated by the

12  voter's registration certificate.

13       SECTION 11.   Section 63.009, Election Code, is amended to

14  read as follows:

15       Sec. 63.009.   VOTER WITHOUT CERTIFICATE WHO IS NOT ON LIST.

16  A [(a)  Except as provided by Subsection (b), a] voter who does not

17  present a voter registration certificate when offering to vote, and

18  whose name is not on the list of registered voters for the precinct

19  in which the voter is offering to vote, shall be accepted for

20  provisional voting if the voter executes an affidavit in accordance

21  with Section 63.011.

22       [(b)  If an election officer can determine from the voter

23  registrar that the person is a registered voter of the county and

24  the person presents proof of identification, the affidavits

25  required by Sections 63.007 and 63.008 are substituted for the

26  affidavit required by Section 63.011 in complying with that

27  section.  After the voter is accepted under this subsection, an

TX_00003674
JA_000014

TX_00003674
USA_00014896

1  election officer shall also indicate beside the voter's name on the

2  poll list that the voter was accepted under this section.]

3      SECTION 12.  Section 63.0101, Election Code, is amended to

4  read as follows:

5      Sec. 63.0101.  DOCUMENTATION OF PROOF OF IDENTIFICATION.

6  The following documentation is an acceptable form [as proof] of

7  photo identification under this chapter:

8          (1)  a driver's license or personal identification card

9  issued to the person by the Department of Public Safety that has not

10 [or a similar document issued to the person by an agency of another

11 state, regardless of whether the license or card has] expired;

12         (2)  a United States military identification card that

13 contains the person's photograph that has not expired [form of

14 identification containing the person's photograph that establishes

15 the person's identity];

16         (3)  a [birth certificate or other document confirming

17 birth that is admissible in a court of law and establishes the

18 person's identity;

19         [(4)] United States citizenship certificate [papers]

20 issued to the person that contains the person's photograph; or

21         (4) [(5)]  a United States passport issued to the

22 person that has not expired[;

23         [(6)  official mail addressed to the person by name

24 from a governmental entity;

25         [(7)  a copy of a current utility bill, bank statement,

26 government check, paycheck, or other government document that shows

27 the name and address of the voter; or

2011S0078-1  01/12/11                    8

TX_00003675

USA_00014897

1 [(8) any other form of identification prescribed by
2 the secretary of state].

3     SECTION 13. Subsections (a) and (b), Section 63.011,
4 Election Code, are amended to read as follows:

5     (a) A person to whom Section 63.001(g) [63.008(b)] or 63.009
6 [63.009(a)] applies may cast a provisional ballot if the person
7 executes an affidavit stating that the person:

8     (1) is a registered voter in the precinct in which the
9 person seeks to vote; and

10     (2) is eligible to vote in the election.

11     (b) A form for an affidavit required by this section shall
12 be printed on an envelope in which the provisional ballot voted by
13 the person may be placed and must include a space for entering the
14 identification number of the provisional ballot voted by the person
15 and a space for an election officer to indicate whether the person
16 presented a form of identification described by Section 63.0101.
17 The affidavit form may include space for disclosure of any
18 necessary information to enable the person to register to vote
19 under Chapter 13. The secretary of state shall prescribe the form
20 of the affidavit under this section.

21     SECTION 14. Subsection (b), Section 64.012, Election Code,
22 is amended to read as follows:

23     (b) An offense under this section is a felony of the second
24 [third] degree unless the person is convicted of an attempt. In
25 that case, the offense is a state jail felony [Class A misdemeanor].

26     SECTION 15. Subsection (b), Section 65.054, Election Code,
27 is amended to read as follows:

TX_00003676
JA_000016

TX_00003676

USA_00014898

___.B. No. _____

1      (b)  A provisional ballot shall [may] be accepted [only] if

2  the board determines that, from the information in the affidavit or

3  contained in public records, the person is eligible to vote in the

4  election and has not previously voted in that election and the

5  person meets the identification requirements of Section 63.001(b)

6  in the period prescribed under Section 65.0541.

7      SECTION 16.  Subchapter B, Chapter 65, Election Code, is

8  amended by adding Section 65.0541 to read as follows:

9      Sec. 65.0541.  PRESENTATION OF IDENTIFICATION FOR CERTAIN

10  PROVISIONAL BALLOTS.  (a)  A voter who is accepted for provisional

11  voting under Section 63.011 because the voter does not meet the

12  identification requirements of Section 63.001(b) may, not later

13  than the sixth day after the date of the election, present proof of

14  identification to the voter registrar for examination by the early

15  voting ballot board.

16      (b)  The secretary of state shall prescribe procedures as

17  necessary to implement this section.

18      SECTION 17.  Section 66.0241, Election Code, is amended to

19  read as follows:

20      Sec. 66.0241.  CONTENTS OF ENVELOPE NO. 4.  Envelope no. 4

21  must contain:

22          (1)  the precinct list of registered voters;

23          (2)  the registration correction list;

24          (3)  the registration omissions list;

25          (4)  any statements of residence executed under Section

26  63.0011; and

27          (5)  any affidavits executed under Section 63.006

TX_00003677
JA_000017

TX_00003677

USA_00014899

__.B. No. _____

1   [63.007] or 63.011.

2       SECTION 18.  Section 521.422, Transportation Code, is

3   amended by amending Subsection (a) and adding Subsection (d) to

4   read as follows:

5       (a)  Except as provided by Subsection (d), the [The] fee for

6   a personal identification certificate is:

7           (1)  $15 for a person under 60 years of age;

8           (2)  $5 for a person 60 years of age or older; and

9           (3)  $20 for a person subject to the registration

10  requirements under Chapter 62, Code of Criminal Procedure.

11      (d)  The department may not collect a fee for a personal

12  identification certificate issued to a person who states that the

13  person is obtaining the personal identification certificate for the

14  purpose of satisfying Section 63.001(b), Election Code, and:

15          (1)  who is a registered voter in this state and

16  presents a valid voter registration certificate; or

17          (2)  who is eligible for registration under Section

18  13.001, Election Code, and submits a registration application to

19  the department.

20      SECTION 19.  Effective January 1, 2012, Sections 63.007 and

21  63.008, Election Code, are repealed.

22      SECTION 20.  As soon as practicable after the effective date

23  of this section:

24          (1)  the secretary of state shall adopt the training

25  standards and develop the training materials required to implement

26  the change in law made by this Act to Section 32.111, Election Code;

27  and

TX_00003678
JA_000018

TX_00003678

USA_00014900

__.B. No. _____

1          (2)  the county clerk of each county shall provide a

2 session of training under Section 32.114, Election Code, using the

3 standards adopted and materials developed to implement the change

4 in law made by this Act to Section 32.111, Election Code.

5       SECTION 21.  The change in law made by this Act applies only

6 to an offense committed on or after January 1, 2012.  An offense

7 committed before January 1, 2012, is covered by the law in effect

8 when the offense was committed, and the former law is continued in

9 effect for that purpose.  For purposes of this section, an offense

10 is committed before January 1, 2012, if any element of the offense

11 occurs before that date.

12       SECTION 22.  State  funds  disbursed  under  Chapter  19,

13 Election Code, for the purpose of defraying expenses of the voter

14 registrar's office in connection with voter registration may also

15 be used for additional expenses related to coordinating voter

16 registration drives or other activities designed to expand voter

17 registration. This section expires January 1, 2013.

18       SECTION 23.  (a)  Except as provided by Subsection (b) of

19 this section, this Act takes effect January 1, 2012.

20      (b)  The changes in law made by Sections 1, 3, 4, 5, 9, 20,

21 and 22 of this Act take effect September 1, 2011.

2011S0078-1 01/12/11       12

TX_00003679

USA_00014901

TX_00003680
JA_000020

TX_00003680

USA_00014902

## BILL ANALYSIS

Senate Research Center                                                                                  S.B. 14
                                                                                          By: Fraser et al.
                                                                                  Committee of the Whole
                                                                                              1/21/2011
                                                                                               As Filed

**AUTHOR'S / SPONSOR'S STATEMENT OF INTENT**

Under current law, to vote a regular ballot, voters are only required to present a voter registration certificate to a poll worker. While this practice attempts to ensure that only registered voters receive a regular ballot on Election Day, it leaves a potential loophole for fraud. With the current process, no statutory standards exist to verify the identity of individuals at the polling place when they present a voter registration certificate. On Election Day, an election judge must accept a voter if a voter registration certificate is valid, even if the judge suspects that the voter is not the person listed on the certificate.

As proposed, S.B. 14 amends current law relating to requirements to vote, including presenting proof of identification, and provides criminal penalties.

**RULEMAKING AUTHORITY**

This bill does not expressly grant any additional rulemaking authority to a state officer, institution, or agency.

**SECTION BY SECTION ANALYSIS**

SECTION 1.  Amends Subchapter A, Chapter 15, Election Code, by adding Section 15.005, as follows:

>        Sec. 15.005. NOTICE OF IDENTIFICATION REQUIREMENTS.  (a) Requires the voter registrar of each county (registrar) to provide notice of the identification requirements for voting prescribed by Chapter 63 (Accepting Voter) and a detailed description of those requirements with each voter registration certificate issued under Section 13.142 (Initial Registration Certificate) or renewal registration certificate issued under Section 14.001 (Renewal Registration Certificate).

>        (b) Requires the secretary of state to prescribe the wording of the notice to be included on the certificate under this section.

SECTION 2.  Amends Section 15.022(a), Election Code, as follows:

>        (a) Requires the registrar to make the appropriate corrections in the registration records, including, if necessary, deleting a voter's name from the suspense list:

>        (1) after receipt of a notice of a change in registration information under Section 15.021 (Notice Of Change In Registration Information By Voter);

>        (2) after receipt of a voter's reply to a notice of investigation given under Section 16.033 (Cancellation Following Investigation By Registrar);

>        (3) after receipt of a registration omissions list and any affidavits executed under Section 63.006 (Voter With Correct Certificate Who Is Not On List), rather than Section 63.007 (Voter With Incorrect Certificate Who Is Not On List), following an election;

SRC-GSM S.B. 14 82(R)                                                                    Page 1 of 6

TX_00003681

USA_00014903

TX_00003682
JA_000022

TX_00003682

USA_00014904

(4) after receipt of a voter's statement of residence executed under Section 63.0011 (Statement Of Residence Required);

(5) before the effective date of the abolishment of a county election precinct or a change in its boundary;

(6) after receipt of United States Postal Service information indicating an address reclassification;

(7) after receipt of a voter's response under Section 15.053 (Response To Confirmation Notice); or

(8) after receipt of a registration application or change of address under Chapter 20 (Voter Registration Agencies).

SECTION 3. Amends Subchapter A, Chapter 31, Election Code, by adding Section 31.012, as follows:

Sec. 31.012. VOTER IDENTIFICATION EDUCATION. (a) Requires the secretary of state and the registrar of each county that maintains a website to provide notice of the identification requirements for voting prescribed by Chapter 63 on each entity's respective website. Requires the secretary of state to prescribe the wording of the notice to be included on the websites.

(b) Requires the secretary of state to conduct a statewide effort to educate voters regarding the identification requirements for voting prescribed by Chapter 63.

SECTION 4. Amends Section 32.111, Election Code, by adding Subsection (c), as follows:

(c) Requires that the training standards adopted under Subsection (a) (relating to a requirement that the secretary of state adopt standards of training in election law and procedure for presiding or alternate election judges, develop materials for a standardized curriculum for that training, and distribute the materials to certain entities that hold certain elections) include provisions on the acceptance and handling of the identification presented by a voter to an election officer under Section 63.001 (Regular Procedure For Accepting Voter).

SECTION 5. Amends Section 32.114(a), Election Code, to require each election clerk to complete the part of the training program relating to the acceptance and handling of the identification presented by a voter to an election officer under Section 63.001.

SECTION 6. Amends Chapter 62, Election Code, by adding Section 62.016, as follows:

Sec. 62.016. NOTICE OF ACCEPTABLE IDENTIFICATION OUTSIDE POLLING PLACES. Requires the presiding judge to post in a prominent place on the outside of each polling location a list of the acceptable forms of identification. Requires that the notice and list be printed using a font that is at least 24-point.

SECTION 7. Amends Section 63.001, Election Code, by amending Subsections (b), (c), (d), and (f) and adding Subsections (g) and (h), as follows:

(b) Requires a voter, except as provided by Subsection (h), on offering to vote, to present to an election officer at the polling place one form of identification listed in Section 63.0101 (Documentation Of Proof Of Identification), rather than the voter's voter registration certificate.

(c) Requires an election officer, on presentation of the documentation required by Subsection (b), rather than on presentation of a registration certificate, to determine whether the voter's name on the documentation, rather than on the registration certificate, is on the list of registered voters for the precinct.

TX_00003683
JA_000023

TX_00003683

USA_00014905

TX_00003684
JA_000024

TX_00003684

USA_00014906

(d) Requires that the voter be accepted for voting, if the voter's name is on the precinct list of registered voters and the voter's identity can be verified from the documentation presented under Subsection (b).

(f) Requires an election officer, after determining whether to accept a voter, to return the voter's documentation, rather than the voter's registration certificate, to the voter.

(g) Provides that if the requirements for identification prescribed by Subsection (b) are not met, the voter may be accepted for provisional voting only under Section 63.011 (Provisional Voting). Requires an election officer, for a voter who is not accepted for voting under this section, to:

(1) inform the voter of the voter's right to cast a provisional ballot under Section 63.011; and

(2) provide the voter with written information, in a form prescribed by the secretary of state, that:

(A) lists the requirements for identification;

(B) states the procedure for presenting identification under Section 65.0541;

(C) includes a map showing the location where identification must be presented; and

(D) includes notice that even if all procedures are followed, there is no guarantee a provisional ballot will be accepted.

(h) Provides that the requirements for identification prescribed by Subsection (b) do not apply to a voter who presents the voter's voter registration certificate on offering to vote and was 70 years of age or older on January 1, 2012, as indicated by the date of birth on the voter's voter registration certificate.

SECTION 8. Amends Section 63.0011(a), Election Code, to require the election officer, if the voter's address is omitted from the precinct list under Section 18.005(c) (relating to the exclusion, under certain conditions, from the original or supplemental list of registered voters the residence address of a voter who is a federal judge, a state judge, or the spouse of a federal judge or state judge), to ask the voter if the voter's residence, if listed on identification presented by the voter under Section 63.001(b), rather than as listed on the voter's voter registration certificate, is current and whether the voter has changed residence within the county.

SECTION 9. Amends Chapter 63, Election Code, by adding Section 63.0012, as follows:

Sec. 63.0012. NOTICE OF IDENTIFICATION REQUIREMENTS TO CERTAIN VOTERS. (a) Requires an election officer to distribute written notice of the identification that will be required to vote in elections held after January 1, 2012, and information on obtaining identification without a fee under Section 521.422 (Personal Identification Certificate Fee), Transportation Code, to each voter who, when offering to vote, presents a form of identification that will not be sufficient for acceptance as a voter under this chapter beginning with those elections.

(b) Requires the secretary of state to prescribe the wording of the notice and establish guidelines for distributing the notice.

(c) Provides that this section expires on September 1, 2013.

SECTION 10. Amends Section 63.006, Election Code, as follows:

SRC-GSM S.B. 14 82(R)                                                          Page 3 of 6

TX_00003685

USA_00014907

TX_00003686

TX_00003686

USA_00014908

Sec. 63.006. New heading: VOTER WITH REQUIRED DOCUMENTATION WHO IS NOT ON LIST. (a) Requires that a voter who, when offering to vote, presents the documentation required under Section 63.001(b), rather than presents a voter registration certificate indicating that the voter is currently registered in the precinct in which the voter is offering to vote, but whose name is not on the precinct list of registered voters, be accepted for voting if the voter also presents a voter registration certificate indicating that the voter is currently registered in the precinct in which the voter is offering to vote, or in a different precinct from the one in which the voter is offering to vote and the voter executes an affidavit stating that the voter is a resident of the precinct in which the voter is offering to vote or is otherwise entitled by law to vote in that precinct or was a resident of the precinct in which the voter is offering to vote at the time the information on the voter's residence address was last provided to the voter registrar, did not deliberately provide false information to secure registration in a precinct in which the voter does not reside, and is voting only once in the election.

(b) Requires an election officer, after the voter is accepted, to indicate beside the voter's name on the poll list that the voter was accepted under this section and, if applicable, enter on the registration omissions list the precinct of the voter's registration as indicated by the voter's registration certificate.

SECTION 11. Amends Section 63.009, Election Code, as follows:

Sec. 63.009. VOTER WITHOUT CERTIFICATE WHO IS NOT ON LIST. Deletes the existing designation of Subsection (a). Requires that a voter who does not present a voter registration certificate when offering to vote, and whose name is not on the list of registered voters for the precinct in which the voter is offering to vote, be accepted for provisional voting if the voter executes an affidavit in accordance with Section 63.011, and deletes an exception under existing Subsection (b). Deletes existing Subsection (b) providing that, if an election officer can determine from the voter registrar that the person is a registered voter of the county and the person presents proof of identification, the affidavits required by Sections 63.007 and 63.008 are substituted for the affidavit required by Section 63.011 in complying with that section, and requiring an election officer, after the voter is accepted under this subsection, to also indicate beside the voter's name on the poll list that the voter was accepted under this section.

SECTION 12. Amends Section 63.0101, Election Code, as follows:

Sec. 63.0101. DOCUMENTATION OF PROOF OF IDENTIFICATION. Provides that the following documentation is an acceptable form of photo identification under this chapter: a driver's license or personal identification card issued to the person by the Department of Public Safety (DPS) that has not expired; a United States military identification card that contains the person's photograph that has not expired; a United States citizenship certificate issued to the person that contains the person's photograph; or a United States passport issued to the person that has not expired. Deletes existing text providing that the following documentation is acceptable as proof of identification under this chapter: a driver's license or personal identification card issued to the person by the DPS or a similar document issued to the person by an agency of another state, regardless of whether the license or card has expired; a form of identification containing the person's photograph that establishes the person's identity; a birth certificate or other document confirming birth that is admissible in a court of law and establishes the person's identity; United States citizenship papers issued to the person; a United States passport issued to the person; official mail addressed to the person by name from a governmental entity; a copy of a current utility bill, bank statement, government check, paycheck, or other government document that shows the name and address of the voter; or any other form of identification prescribed by the secretary of state.

SECTION 13. Amends Sections 63.011(a) and (b), Election Code, as follows:

(a) Authorizes a person to whom Section 63.001(g) or 63.009, rather than Section 63.008(b) or 63.009(a), applies to cast a provisional ballot if the person executes an

SRC-GSM S.B. 14 82(R)

TX_00003687
JA_000027

TX_00003687

USA_00014909

TX_00003688
JA_000028

TX_00003688
USA_00014910

affidavit stating that the person is a registered voter in the precinct in which the person seeks to vote and is eligible to vote in the election.

(b) Requires that a form for an affidavit required by this section be printed on an envelope in which the provisional ballot voted by the person may be placed and include a space for entering the identification number of the provisional ballot voted by the person and a space for an election officer to indicate whether the person presented a form of identification described by Section 63.0101.

SECTION 14. Amends Section 64.012(b), Election Code, to provide that an offense under this section is a felony of the second, rather than third, degree unless the person is convicted of an attempt. Provides that in that case, the offense is a state jail felony, rather than a Class A misdemeanor.

SECTION 15. Amends Section 65.054(b), Election Code, to require, rather than authorize, that a provisional ballot be accepted if the early voting ballot board (board) determines, rather than only if the board determines, that from the information in the affidavit or contained in public records, the person is eligible to vote in the election and has not previously voted in that election and the person meets the identification requirements of Section 63.001(b) in the period prescribed under Section 65.0541.

SECTION 16. Amends Subchapter B, Chapter 65, Election Code, by adding Section 65.0541, as follows:

Sec. 65.0541. PRESENTATION OF IDENTIFICATION FOR CERTAIN PROVISIONAL BALLOTS. (a) Authorizes a voter who is accepted for provisional voting under Section 63.011 because the voter does not meet the identification requirements of Section 63.001(b) to, not later than the sixth day after the date of the election, present proof of identification to the voter registrar for examination by the board.

(b) Requires the secretary of state to prescribe procedures as necessary to implement this section.

SECTION 17. Amends Section 66.0241, Election Code, to require that Envelope no. 4 contain the precinct list of registered voters, the registration correction list, the registration omissions list, any statements of residence executed under Section 63.0011, and any affidavits executed under Section 63.006 or 63.011, rather than Section 63.007 or 63.011.

SECTION 18. Amends Section 521.422, Transportation Code, by amending Subsection (a) and adding Subsection (d), as follows:

(a) Provides that the fee for a personal identification certificate, except as provided under Subsection (d), is $15 for a person under 60 years of age, $5 for a person 60 years of age or older, and $20 for a person subject to the registration requirements under Chapter 62 (Sex Offender Registration Program), Code of Criminal Procedure.

(d) Prohibits DPS from collecting a fee for a personal identification certificate issued to a person who states that the person is obtaining the personal identification certificate for the purpose of satisfying Section 63.001(b), Election Code, and who is a registered voter in this state and presents a valid voter registration certificate, or who is eligible for registration under Section 13.001 (Eligibility For Registration), Election Code, and submits a registration application to DPS.

SECTION 19. Repealer, effective January 1, 2012: Sections 63.007 (Voter With Incorrect Certificate Who Is Not On List) and 63.008 (Voter Without Certificate Who Is On List), Election Code.

SECTION 20. Requires the secretary of state, as soon as practicable after the effective date of this section, to adopt the training standards and develop the training materials required to

SRC-GSM S.B. 14 82(R)

TX_00003689
JA_000029

TX_00003689

USA_00014911

TX_00003690
JA_000030

TX_00003690

USA_00014912

implement the change in law made by this Act to Section 32.111 (Training Standards For Election Judges), Election Code. Requires the county clerk of each county, as soon as practicable after the effective date of this section, to provide a session of training under Section 32.114 (Public County Training Program), Election Code, using the standards adopted and materials developed to implement the change in law made by this Act to Section 32.111, Election Code.

SECTION 21. Provides that the change in law made by this Act applies only to an offense committed on or after January 1, 2012. Provides that an offense committed before January 1, 2012, is covered by the law in effect when the offense was committed and the former law is continued in effect for that purpose. Provides that for purposes of this section, an offense is committed before January 1, 2012, if any element of the offense occurs before that date.

SECTION 22. Authorizes state funds disbursed under Chapter 19 (Financing Voter Registration), Election Code, for the purpose of defraying expenses of the voter registrar's office in connection with voter registration to also be used for additional expenses related to coordinating voter registration drives or other activities designed to expand voter registration. Provides that this section expires January 1, 2013.

SECTION 23. (a) Effective date, except as provided by Subsection (b) of this section: January 1, 2012.

(b) Effective date, for the changes in law made by Sections 1, 3, 4, 5, 9, 20, and 22 of this Act: September 1, 2011.

TX_00003691
JA_000031

TX_00003691

USA_00014913

TX_00003692
JA_000032

TX_00003692

USA_00014914

**LEGISLATIVE BUDGET BOARD**
Austin, Texas

**FISCAL NOTE, 82ND LEGISLATIVE REGULAR SESSION**

January 24, 2011

**TO:** Honorable Robert Duncan, Chair, Senate Committee of the Whole Senate

**FROM:** John S O'Brien, Director, Legislative Budget Board

**IN RE:** **SB14** by Fraser (Relating to requirements to vote, including presenting proof of identification; providing criminal penalties.), **As Introduced**

---

**Estimated Two-year Net Impact to General Revenue Related Funds** for SB14, As Introduced: a negative impact of ($2,000,000) through the biennium ending August 31, 2013.

The bill would make no appropriation but could provide the legal basis for an appropriation of funds to implement the provisions of the bill.

---

**General Revenue-Related Funds, Five-Year Impact:**

| Fiscal Year | Probable Net Positive/(Negative) Impact to General Revenue Related Funds |
|---|---|
| 2012 | ($2,000,000) |
| 2013 | $0 |
| 2014 | $0 |
| 2015 | $0 |
| 2016 | $0 |

**All Funds, Five-Year Impact:**

| Fiscal Year | Probable Savings/(Cost) from *General Revenue Fund* 1 |
|---|---|
| 2012 | ($2,000,000) |
| 2013 | $0 |
| 2014 | $0 |
| 2015 | $0 |
| 2016 | $0 |

**Fiscal Analysis**

The bill would require the voter registrar of each county to provide a notice of identification requirements for voting with each initial voter registration certificate or renewal registration certificate issued. The Secretary of State (SOS) and the voter registrar of each county that maintains a website would be required to post on their websites a notice of the identification requirements. SOS would be required to prescribe the wording of these notices. SOS would also be required to establish a statewide effort to educate voters regarding the identification requirements for voting.

The bill would require training standards to include instructions on the acceptance and handling of the identification presented by a voter to an election officer and each election clerk would be required to complete this training.

The presiding judge at each polling place would be required to post in a prominent location outside of the

TX_00003693
JA_000033

TX_00003693

USA_00014915

TX_00003694
JA_000034

TX_00003694

USA_00014916

location a list of the acceptable forms of identification. The Secretary of State would be required to prescribe the wording for written notifications of the identification requirements to vote in elections after January 1, 2012 and election officers would be required to provide this written notification of voting identification requirements to voters who do not meet identification requirements.

The Department of Public Safety (DPS) would be prohibited from collecting a fee for a personal identification certificate issued to a person who states that they are obtaining the personal identification certificate to meet voting identification requirements and that person meets certain other voter registration criteria.

The bill would change an offense under this section after January 1, 2012 to a second degree felony from a third degree felony unless the person is convicted of an attempt, in which case, the offense would be a state jail felony instead of a Class A misdemeanor.

The Secretary of State would be required to prescribe procedures for voters who provisionally vote without proper identification to present proof of identification to the voter registrar not later than the sixth day after the date of the election.

The bill would repeal Sections 63.007 and 63.008 of the Election Code related to voters with incorrect certificates who are not on the voter list and voters without certificates who are not on the voter list.

The Secretary of State (SOS) would be required to adopt the training standards and to develop training materials as soon as practicable after September 1, 2011. Each county clerk would be required to provide a session of training using the standards adopted by and the materials developed by SOS as soon as practicable as well.

The bill would expand the uses of state funds disbursed under Chapter 19 of the Election Code to include additional expenses related to coordinating voter registration drives or other activities designed to expand voter registration. This section would expire January 1, 2013.

Sections 1, 3, 4, 5, 9, 20, and 22 pertaining to providing notice of voter identification requirements, providing voter identification training, providing voter education to the public, and expanding the uses of voter registration funds would be effective September 1, 2011. The rest of the bill would be effective January 1, 2012.

**Methodology**

The total fiscal impact of the bill is estimated to be $2 million for fiscal year 2012 out of the General Revenue Fund. This estimate includes $0.5 million to research and develop ways to inform the public of the new identification requirements. Additional costs are estimated to be $1.5 million for media advertisements: television ($750,000), radio ($300,000), print ($300,000), and internet ($150,000).

The Secretary of State would also be required to prescribe the wording for voter identification requirement notifications and to develop training materials on voter identification requirements. It is assumed that any fiscal implication associated with these responsibilities could be absorbed within existing resources.

The fiscal impact of expanding the uses of funds disbursed under Chapter 19 of the Election Code to include coordinating voter registration drives or other activities designed to expand voter registration is unknown because it is not known how many voter registration drives or other activities designed to expand voter registration would occur.

The fiscal impact of the revenue loss from the prohibition of DPS to collect a fee for a personal identification certificate issued to a person seeking the certificate for the purpose of voting is unknown because it is not known how many people would make a request for a personal identification certificate for voting.

**Local Government Impact**

The bill would require counties to notify registered voters of changes online if the county maintains a website, at polling locations, and included with voter registration certificates. Election clerks would be required to undergo training regarding accepted forms of voter identification.

According to Texas Association of Counties (TAC), Tarrant County anticipated a one-time cost to reprint provisional balloting materials and provide new notices ($8,000); Bexar County stated that due to limited space on current registration certificates, larger cards would be necessary resulting in additional costs for cards,

TX_00003695

USA_00014917

TX_00003696

USA_00014918

printing and postage ($381,256); however, Comal County reported the costs associated with the provisions of the bill could be absorbed within existing resources.

**Source Agencies:**     304 Comptroller of Public Accounts, 307 Secretary of State, 405 Department of Public Safety

**LBB Staff:** JOB, SD, MS, BTA

TX_00003697

USA_00014919

TX_00003698
JA_000038

TX_00003698

USA_00014920

**LEGISLATIVE BUDGET BOARD**
Austin, Texas

**CRIMINAL JUSTICE IMPACT STATEMENT**

**82ND LEGISLATIVE REGULAR SESSION**
Revision 1

**January 24, 2011**

**TO:** Honorable Robert Duncan, Chair, Senate Committee of the Whole Senate

**FROM:** John S O'Brien, Director, Legislative Budget Board

**IN RE: SB14** by Fraser (Relating to requirements to vote, including presenting proof of identification; providing criminal penalties.), **As Introduced**

The bill would amend the Elections Code as it relates to requirements to vote. The provisions of the bill that create new punishment or enhance existing punishment for criminal offenses are the subject of this analysis. Under the provisions of the bill, the punishment for attempting to vote illegally would be enhanced from a Class A Misdemeanor to a State Jail Felony and the punishment for illegal voting would be enhanced from a third degree felony to a second degree felony.

A Class A Misdemeanor is punishable by confinement in a county jail for any term of not more than one year, or, in addition to confinement, a fine not to exceed $4,000.

A state jail felony is punishable by confinement in a state jail for any term of not more than two years or less than 180 days, or, in addition to confinement, a fine not to exceed $10,000.

A felony of the third degree is punishable by imprisonment in the institutional division for any term of not more than 10 years or less than 2 years, or, in addition to confinement, a fine not to exceed $10,000.

A felony of the second degree is punishable by imprisonment in the institutional division for any term of not more than 20 years or less than 2 years, or, in addition to confinement, a fine not to exceed $10,000.

Increasing the penalty for any criminal offense is expected to result in increased demands upon the correctional resources of counties or of the State due to longer terms of probation, or longer terms of confinement in county jails or prison. When an offense is changed from a misdemeanor to a felony, there is a transfer of the burden of confinement or of convicted offenders from the counties to the State. In fiscal year 2010, less than five offenders were admitted to prison and less than five offenders were released from prison for illegal voting. In fiscal year 2010, less than five people were under parole supervision for illegal voting. In fiscal year 2010, five offenders were placed on community supervision and less than five offenders were released from community supervision for illegal voting or attempting to vote illegally. In fiscal year 2010, less than five people were arrested for illegal voting or attempting to vote illegally. It is assumed the number of offenders convicted under this statute would not result in a significant impact on the programs and workload of State corrections agencies or on the demand for resources and services of those agencies.

**Source Agencies:**
**LBB Staff:** JOB, GG, LM, ADM, ESi

TX_00003699

USA_00014921

TX_00003700

USA_00014922

**LEGISLATIVE BUDGET BOARD**
Austin, Texas

**CRIMINAL JUSTICE IMPACT STATEMENT**

**82ND LEGISLATIVE REGULAR SESSION**

**January 24, 2011**

**TO:** Honorable Robert Duncan, Chair, Senate Committee on Committee of the Whole Senate

**FROM:** John S O'Brien, Director, Legislative Budget Board

**IN RE: SB14** by Fraser (Relating to requirements to vote, including presenting proof of identification; providing criminal penalties.), **As Introduced**

The bill would amend the Elections Code as it relates to requirements to vote. The provisions of the bill that create new punishment or enhance existing punishment for criminal offenses are the subject of this analysis. Under the provisions of the bill, the punishment for attempting to vote illegally would be enhanced from a Class A Misdemeanor to a State Jail Felony and the punishment for illegal voting would be enhanced from a third degree felony to a second degree felony.

A Class A Misdemeanor is punishable by confinement in a county jail for any term of not more than one year, or, in addition to confinement, a fine not to exceed $4,000.

A state jail felony is punishable by confinement in a state jail for any term of not more than two years or less than 180 days, or, in addition to confinement, a fine not to exceed $10,000.

A felony of the third degree is punishable by imprisonment in the institutional division for any term of not more than 10 years or less than 2 years, or, in addition to confinement, a fine not to exceed $10,000.

A felony of the second degree is punishable by imprisonment in the institutional division for any term of not more than 20 years or less than 2 years, or, in addition to confinement, a fine not to exceed $10,000.

Increasing the penalty for any criminal offense is expected to result in increased demands upon the correctional resources of counties or of the State due to longer terms of probation, or longer terms of confinement in county jails or prison. When an offense is changed from a misdemeanor to a felony, there is a transfer of the burden of confinement of convicted offenders from the counties to the State. In fiscal year 2010, less than five offenders were admitted to prison and less than five offenders were released from prison for illegal voting. In fiscal year 2010, less than five people were under parole supervision for illegal voting. In fiscal year 2010, five offenders were placed on community supervision and less than five offenders were released from community supervision for illegal voting or attempting to vote illegally. In fiscal year 2010, less than five people were arrested for illegal voting or attempting to vote illegally. It is assumed the number of offenders convicted under this statute would not result in a significant impact on the programs and workload of State corrections agencies or on the demand for resources and services of those agencies.

**Source Agencies:**
**LBB Staff:** JOB, GG, LM, ADM, ESi

TX_00003701

USA_00014923

TX_00003702
JA_000042

TX_00003702

USA_00014924

Case 2:13-cv-00193 Document 660-2 Filed on 11/11/14 in TXSD Page 43 of 59
Case 1:12-cv-00128-RMC-DST-RLW Document 206-1 Filed 06/20/12 Page 44 of 156
PL003
9/2/2014
2:13-cv-00193

## SENATE

## NOTICE OF PUBLIC HEARING

COMMITTEE:      Committee of the Whole Senate

TIME & DATE:    1:30 PM, Monday, January 24, 2011

PLACE:          Senate Chamber

---

**PLEASE NOTE THAT THE SENATE WILL CONVENE AT 1:30 P.M.

Upon adoption of the appropriate motion, the Senate will resolve into the Committee of the Whole Senate to consider the following:

SB 14      Fraser/et al.

Relating to requirements to vote, including presenting proof of identification; providing criminal penalties.

The Committee will hear invited testimony only on SB 14.

The public is invited to observe the proceedings of the Committee from the Senate Gallery on the 3rd Floor.

For any questions regarding the hearing, please contact Patsy Spaw (512) 463-0100.

---

TX_00002662

USA_00014925

PL004
9/2/2014
2:13-cv-00193

# SENATE JOURNAL

## EIGHTY-SECOND LEGISLATURE — REGULAR SESSION

### AUSTIN, TEXAS

### PROCEEDINGS

### FOURTH DAY

(Monday, January 24, 2011)

The Senate met at 1:38 p.m. pursuant to adjournment and was called to order by the President.

The roll was called and the following Senators were present: Birdwell, Carona, Davis, Deuell, Duncan, Ellis, Eltife, Estes, Fraser, Gallegos, Harris, Hinojosa, Huffman, Jackson, Lucio, Nelson, Nichols, Ogden, Patrick, Rodriguez, Seliger, Shapiro, Uresti, Van de Putte, Watson, Wentworth, West, Whitmire, Williams, Zaffirini.

Absent-excused: Hegar.

The President announced that a quorum of the Senate was present.

Chaplain Steven Vaughn, Texas Army National Guard, offered the invocation as follows:

I will say of the Lord, He is my refuge and my fortress, my God, in whom I trust. (Psalm 91:2) Father, today we pause to honor a group of men and women who by their very sacrifice have set themselves apart from all others. We cannot bestow more honor and dignity upon them than they themselves have already earned, but we can say "thank you." We can and do ask Your hand of mercy and love be around them. For those still recovering we ask that You give the doctors the wisdom needed to assist these patriots in their recovery process. We ask also for their families that will walk this road alongside them. Grant them the wisdom and strength to be a pillar of support and love as their loved one makes his or her journey. Now, Father, we humbly ask Your blessings upon our country and our service members currently serving in harm's way. We ask that they might soon be returned to their loved ones. We ask in Your blessed and holy name. Amen.

Senator Whitmire moved that the reading of the Journal of the proceedings of the previous day be dispensed with and the Journal be approved as printed.

The motion prevailed without objection.

TX_00002663
USA_00014926

## LEAVE OF ABSENCE

On motion of Senator Whitmire, Senator Hegar was granted leave of absence for today on account of illness.

## RESOLUTION SIGNED

The President announced the signing of the following enrolled resolution in the presence of the Senate:  **SCR 6**.

## SENATE BILLS ON FIRST READING

The following bills were introduced, read first time, and referred to the committees indicated:

**SB 1** by Ogden
General Appropriations Bill.
To Committee on Finance.

**SB 14** by Fraser, Birdwell, Carona, Deuell, Duncan, Eltife, Estes, Harris, Hegar, Huffman, Jackson, Nelson, Nichols, Ogden, Patrick, Seliger, Shapiro, Wentworth, Williams
Relating to requirements to vote, including presenting proof of identification; providing criminal penalties.
To Committee of the Whole Senate.

## MESSAGES FROM THE GOVERNOR

The following Messages from the Governor were read and were filed with the Secretary of the Senate:

Austin, Texas
January 20, 2011

STATE OF TEXAS
OFFICE OF THE GOVERNOR

TO THE SENATE AND HOUSE OF REPRESENTATIVES OF THE EIGHTY-SECOND TEXAS LEGISLATURE, REGULAR SESSION:

I, RICK PERRY, Governor of the State of Texas, pursuant to Article III, Section 5, of the Texas Constitution and by this special message, do hereby submit the following emergency matter for immediate consideration to the Senate and House of Representatives of the 82nd Legislature, now convened:

Legislation that requires a voter to present proof of identification when voting.

Respectfully submitted,

/s/Rick Perry
Governor

Austin, Texas
January 20, 2011

STATE OF TEXAS
OFFICE OF THE GOVERNOR

TO THE SENATE AND HOUSE OF REPRESENTATIVES OF THE EIGHTY-SECOND TEXAS LEGISLATURE, REGULAR SESSION:

TX_00002664
JA_000045

TX_00002664

USA_00014927

Case 2:13-cv-00193 Document 660-2 Filed on 11/11/14 in TXSD Page 46 of 59
e 1:12-cv-00128-RMC-DST-RLW Document 206-1 Filed 06/20/12 Page 47 of
Monday, January 24, 2011 SENATE JOURNAL 55

I, RICK PERRY, Governor of the State of Texas, pursuant to Article III, Section 5, of the Texas Constitution and by this special message, do hereby submit the following emergency matter for immediate consideration to the Senate and House of Representatives of the 82nd Legislature, now convened:

> Legislation that will provide for a federal balanced budget amendment to the United States Constitution.

Respectfully submitted,

/s/Rick Perry
Governor

Austin, Texas
January 21, 2011

STATE OF TEXAS
OFFICE OF THE GOVERNOR

TO THE SENATE AND HOUSE OF REPRESENTATIVES OF THE EIGHTY-SECOND TEXAS LEGISLATURE, REGULAR SESSION:

I, RICK PERRY, Governor of the State of Texas, pursuant to Article III, Section 5, of the Texas Constitution and by this special message, do hereby submit the following emergency matter for immediate consideration to the Senate and House of Representatives of the 82nd Legislature, now convened:

> Legislation that requires a sonogram before a woman elects to have an abortion so that she may be fully medically informed.

Respectfully submitted,

/s/Rick Perry
Governor

**SENATE RESOLUTION 31**

Senator Uresti offered the following resolution:

WHEREAS, The Senate of the State of Texas is pleased to join the citizens of Real County and Texans across the state in celebrating Real County Day at the State Capitol on January 24, 2011; and

WHEREAS, Real County was established in 1913 from parts of Edwards, Bandera, and Kerr Counties, and it was named for Julius Real, the only Republican in the Texas Senate at that time; and

WHEREAS, Situated on the Balcones Escarpment, on the southern edge of the Edwards Plateau, Real County is marked by the rugged terrain and scenic canyons of the Frio and Nueces Rivers; and

WHEREAS, Anglo-American settlers first came to the area in the 1850s, and the military post Camp Wood was established in 1857; ranching soon came to dominate the local economy, with the raising of angora goats and sheep playing a major role; and

TX_00002665
JA_000046

WHEREAS, Today, ranching continues to play a vital role in the economy of Real County, with tourism and hunting also contributing greatly to its prosperity; the county is also known for its pecans; Leakey, the county seat, annually hosts the July Jubilee; and

WHEREAS, Real County Day at the Capitol is an excellent opportunity to celebrate the history and the fine qualities of this area; now, therefore, be it

RESOLVED, That the Senate of the State of Texas, 82nd Legislature, hereby commend the people of Real County on their many contributions to the rich historical legacy of our state and extend to them best wishes for a memorable Real County Day at the State Capitol; and, be it further

RESOLVED, That a copy of this Resolution be prepared for them as an expression of esteem from the Texas Senate.

**SR 31** was read and was adopted without objection.

### GUESTS PRESENTED

Senator Uresti was recognized and introduced to the Senate Garry Merritt, Real County Judge; Charles Reagor, Trustee of Leakey ISD; Carl Jensen, Leakey City Councilmember; Charles Hunger, Trustee of Nueces Canyon Consolidated ISD; and Karen Dean, City of Camp Wood.

The Senate welcomed its guests.

### PHYSICIANS OF THE DAY

Senator Watson was recognized and presented Drs. John and Judith Egerton of Austin as the Physicians of the Day.

The Senate welcomed the Egertons and thanked them for their participation in the Physician of the Day program sponsored by the Texas Academy of Family Physicians.

### GUESTS PRESENTED

Senator Zaffirini was recognized and introduced to the Senate members of the Mariachi Los Tigres del Sur of Martin High School in Laredo.

The Senate welcomed its guests.

### SENATE RESOLUTION 53

Senator Van de Putte offered the following resolution:

WHEREAS, The Senate of the State of Texas is pleased to recognize and pay tribute to the members of the United States military who have so honorably served our great nation and state in the armed services and join all Texans in observing January 24, 2011, as Wounded Warrior Day at the Texas State Capitol; and

WHEREAS, The soldiers, sailors, airmen, and Marines of the United States military and their families have made extraordinary sacrifices to serve our nation both abroad and within our own borders; and

WHEREAS, Of the 253,049 members of the United States military who are currently deployed around the world, 19,413 are from Texas, and of the 42,167 service members who have been wounded since 2001 in the Iraqi Freedom, Enduring Freedom, and New Dawn Conflicts, 3,622 have been from Texas; and

TX_00002666

USA_00014929

Case 2:13-cv-00193 Document 660-2 Filed on 11/11/14 in TXSD Page 48 of 59
e 1:12-cv-00128-RMC-DST-RLW Document 206-1 Filed 06/20/12 Page 49 of
Monday, January 24, 2011     SENATE JOURNAL     57

WHEREAS, We are blessed to honor today the wounded warriors who have returned from these conflicts, including Major John J. Ploch, Staff Sergeant Richard Groff, Staff Sergeant Frank Lamar, Sergeant Juan Carrion, Sergeant Chris Goebel, and Private First Class Kevin Macari; without their willingness to serve and the contributions made by them and their families, we could not enjoy many of the freedoms that make this nation great; and

WHEREAS, These veterans have bravely and selflessly served in defense of our nation and its democratic ideals; with silent dedication and unmatched grit, they ensure our safety and security, and it is indeed fitting that all Texans recognize, honor, and reaffirm their gratitude to these true American heroes; and

WHEREAS, Although these veterans represent many different hometowns and backgrounds, what unites them is greater than what divides them–a deep and abiding love of their country; it is for America and all Americans that they leave their homes and their family and friends in order to guarantee the continuation of those freedoms etched into the Declaration of Independence and ensured by our Constitution; and

WHEREAS, It is for our service members' willingness to serve to protect these freedoms that we honor them; now, therefore, be it

RESOLVED, That the Senate of the State of Texas, 82nd Legislature, hereby commend the wounded warriors of our nation for their sacrifice, dedication, and patriotism, recognizing them, honoring them, and reaffirming the gratitude of all Texans to these true American heroes; and, be it further

RESOLVED, That a copy of this Resolution be prepared in honor of the dedication and sacrifice of the men and women of the United States armed services and their families.

**SR 53** was read and was adopted by a rising vote of the Senate.

### GUESTS PRESENTED

Senator Van de Putte, joined by Senators Estes, Ogden, Davis, and Birdwell, was recognized and introduced to the Senate Sergeant Juan Carrion, Sergeant Chris Goebel, Staff Sergeant Frank Lamar, Private First Class Kevin Macari, and the Purple Heart Warriors present.

The Senate welcomed its guests.

### GUEST PRESENTED

Senator Wentworth was recognized and introduced to the Senate Staff Sergeant Richard Groff.

The Senate welcomed its guest.

### GUEST PRESENTED

Senator Zaffirini was recognized and introduced to the Senate Major John J. Ploch.

The Senate welcomed its guest.

### GUEST PRESENTED

Senator Fraser was recognized and introduced to the Senate Staff Sergeant Floyd L. Hall.

The Senate welcomed its guest.

Case 2:13-cv-00193 Document 660-2 Filed on 11/11/14 in TXSD Page 49 of 59
e 1:12-cv-00128-RMC-DST-RLW Document 206-1 Filed 06/20/12 Page 50 of
58                    82nd Legislature — Regular Session                    4th Day

## GUEST PRESENTED

Senator Birdwell was recognized and introduced to the Senate Lieutenant Colonel Tim Karcher of Copperas Cove.

The Senate welcomed its guest.

## GUEST PRESENTED

Senator West was recognized and introduced to the Senate Chaplain Roger Benimoff of Dallas County.

The Senate welcomed its guest.

## GUESTS PRESENTED

Senator Estes was recognized and introduced to the Senate Army veterans Joel Jimenez, Paul Miller, and Paul VanLinder.

The Senate welcomed its guests.

## GUESTS PRESENTED

Senator Van de Putte was again recognized and introduced to the Senate T. P. O'Mahoney, Chair, Texas Veterans Commission; Tom Palladino, Executive Director, Texas Veterans Commission; and Adjutant General Jose Mayorga.

The Senate welcomed its guests.

## ACKNOWLEDGMENT

Senator Whitmire acknowledged the following Senators who are veterans: Senator Birdwell, United States Army; Senator Hinojosa, United States Marines; Senator Ogden, United States Marines; and Senator Uresti, United States Marines.

## ACKNOWLEDGMENT

Senator Van de Putte acknowledged Lieutenant Governor David Dewhurst, a veteran of the United States Air Force.

## SENATE RESOLUTION 41

Senator Williams offered the following resolution:

**SR 41,** Commending Sergeant James Eddie Wright on his service to our nation.

The resolution was read and was adopted without objection.

## GUEST PRESENTED

Senator Williams was recognized and introduced to the Senate Sergeant James Eddie Wright of Conroe.

The Senate welcomed its guest.

## SENATE RESOLUTIONS

Senator Hinojosa offered the following resolutions:

**SR 75,** Commending Ram Chavez on his service to our nation.

The resolution was read.

TX_00002668

USA_00014931

**SR 76,** Commending Frank Alaniz on his service to our nation.

The resolution was read.

**SR 78,** Commending Roberto Callejo on his service to our nation.

The resolution was read.

**SR 75, SR 76,** and **SR 78** were adopted without objection.

### GUESTS PRESENTED

Senator Hinojosa was recognized and introduced to the Senate Ram Chavez, United States Army, and Frank Alaniz and Roberto Callejo, United States Marine Corps.

The Senate welcomed its guests.

### SENATE RESOLUTION 49

Senator Davis offered the following resolution:

**SR 49,** Commending Master Sergeant Richard Ruffert on his service to our nation.

The resolution was read and was adopted without objection.

### GUEST PRESENTED

Senator Davis was recognized and introduced to the Senate Richard Ruffert of Fort Worth, United States Army.

The Senate welcomed its guest.

### SENATE RESOLUTION 69

Senator Uresti offered the following resolution:

**SR 69,** Commending First Sergeant Ruperto Cruz, Jr., on his service to our nation.

The resolution was read and was adopted without objection.

### GUEST PRESENTED

Senator Uresti was recognized and introduced to the Senate Ruperto Cruz, Jr., United States Army, Retired, of San Antonio.

The Senate welcomed its guest.

### STANDING COMMITTEE APPOINTED

The President announced the appointment of the following committee for the 82nd Legislature:

FINANCE
Ogden, Chair; Hinojosa, Vice-chair; Deuell, Duncan, Eltife, Estes, Lucio, Nelson, Patrick, Seliger, Shapiro, West, Whitmire, Williams, Zaffirini.

TX_00002669

USA_00014932

Case 2:13-cv-00193   Document 660-2   Filed on 11/11/14 in TXSD   Page 51 of 59
e 1:12-cv-00128-RMC-DST-RLW   Document 206-1   Filed 06/20/12   Page 52 of
60                          82nd Legislature — Regular Session                          4th Day

### SENATE RESOLUTION 79

Senator Duncan offered the following resolution:

WHEREAS, Article III, Section 9, and Article IV, Section 16, of the Texas Constitution and Article XIII of the Senate Rules recognize the existence of the Committee of the Whole Senate; and

WHEREAS, Pursuant to Senate Rule 7.06, the President referred Senate Bill 14, relating to voter identification requirements, directly to the Committee of the Whole Senate; and

WHEREAS, Senate Rule 13.01 provides that it is in order for the Senate at any time after bills and resolutions have been called to resolve itself into a Committee of the Whole Senate; and

WHEREAS, The Senate may adopt by resolution specific procedures to govern the operation of the Committee of the Whole Senate during its consideration of Senate Bill 14; now, therefore, be it

RESOLVED, That the Senate resolve itself into a Committee of the Whole Senate on Monday, January 24, 2011, at the conclusion of the morning call for the consideration of Senate Bill 14; and

RESOLVED, That the Senate may meet as in Committee of the Whole Senate from day to day as necessary; and

RESOLVED, That the following procedures shall apply when in Committee of the Whole Senate for the duration of its consideration of Senate Bill 14:

1. The Committee shall afford reasonable opportunity to interested parties to appear and testify before the Committee.

2. The Chair shall require all parties appearing at the meeting to swear or affirm that the testimony they give to the Committee is true and correct.

3. The Chair may fix the order of appearance and time allotted for each witness unless a majority of the members present directs otherwise.

4. Senate Rules addressing access to the Senate Floor shall be enforced by the Chair while the Committee is meeting, except as follows:

(a) Witnesses appearing before the committee may be admitted to the floor of the Senate as their names are called by the Chair, and may remain only until their testimony is completed.

(b) Each Senator may be assisted by one employee of the Senate within the brass rail at any given time. The Sergeant-at-Arms shall provide seating next to a requesting senator for such authorized employees.

5. Senate Rule 3.04, relating to posters, placards, banners and signs, and Senate Rule 3.05, relating to applause, outbursts, and demonstrations, shall be strictly enforced by the Chair. Subject to approval by the Chair, witnesses may use visual aids as necessary in the presentation of their testimony.

6. Senate Rule 3.01, relating to attire, shall not apply to witnesses.

SR 79 was read and was adopted by the following vote: Yeas 18, Nays 12.

Yeas: Birdwell, Carona, Deuell, Duncan, Eltife, Estes, Fraser, Harris, Huffman, Jackson, Nelson, Nichols, Ogden, Patrick, Seliger, Shapiro, Wentworth, Williams.

Nays: Davis, Ellis, Gallegos, Hinojosa, Lucio, Rodriguez, Uresti, Van de Putte, Watson, West, Whitmire, Zaffirini.

Absent-excused: Hegar.

## NOTICE FILED BY LEGISLATOR CONCERNING
## RELATIVE WHO IS A LOBBYIST

Name of Legislator: John Whitmire

A legislator must file a notice before introducing, sponsoring, or voting on a measure or bill if the legislator's spouse, parent, or child is registered as a lobbyist with respect to the subject matter of the measure or bill. Gov't Code § 572.0531.

The notice must be filed with the Texas Ethics Commission and the chief clerk of the house or the secretary of the senate, as applicable. In addition, the spouse or relative must file a notice with the Texas Ethics Commission. A legislator uses this form to provide the notice. A spouse or relative uses FORM LOB-REL.

LOBBYIST NAME AND BILL/MEASURE INFORMATION

Name of registered lobbyist: Whitney Whitmire

Bill, measure, or class of bills or measures with respect to which this notice is required. See attached.

I give notice that I intend to introduce, sponsor, or vote on a bill or measure and my spouse, parent, or child is registered as a lobbyist under Chapter 305 of the Government Code with respect to the subject matter of the bill or measure.

/s/John Whitmire                                          January 10, 2011

Attachment:

amusements, games, sports; business and commerce; coastal affairs and beaches; communications and press; consumer protection; corporations and associations; disaster preparedness and relief; economic and industrial development; energy; environment; fees and other non-tax revenue; gambling; health and healthcare; highways and roads; insurance; oil and gas; product liability; property interests; taxation; transportation; utilities; vehicles and traffic.

Received by Texas Ethics Commission on January 20, 2011

## COMMITTEE OF THE WHOLE SENATE

On motion of Senator Duncan and by unanimous consent, the Senate at 4:18 p.m. resolved into a Committee of the Whole Senate to consider SB 14 with Senator Duncan presiding.

### (Tuesday, January 25, 2011)
### IN LEGISLATIVE SESSION

The President called the Senate to order at 10:44 a.m. as In Legislative Session.

### COMMITTEE OF THE WHOLE SENATE REPORT

Senator Duncan was recognized and reported that the Committee of the Whole Senate had met and would continue consideration of **SB 14**.

### CO-AUTHOR OF SENATE BILL 121

On motion of Senator Ellis, Senator Carona will be shown as Co-author of **SB 121**.

### CO-AUTHORS OF SENATE BILL 124

On motion of Senator Patrick, Senators Carona and Nelson will be shown as Co-authors of **SB 124**.

### CO-AUTHORS OF SENATE BILL 178

On motion of Senator Fraser, Senators Deuell, Hegar, and Nichols will be shown as Co-authors of **SB 178**.

### CO-AUTHORS OF SENATE BILL 321

On motion of Senator Hegar, Senators Deuell and Eltife will be shown as Co-authors of **SB 321**.

### CO-AUTHOR OF SENATE CONCURRENT RESOLUTION 5

On motion of Senator Hinojosa, Senator Lucio will be shown as Co-author of **SCR 5**.

### CO-AUTHOR OF SENATE JOINT RESOLUTION 15

On motion of Senator Wentworth, Senator Eltife will be shown as Co-author of **SJR 15**.

### RESOLUTIONS OF RECOGNITION

The following resolutions were adopted by the Senate:

### Memorial Resolutions

**SR 51** by Van de Putte, In memory of Mary Espiritu of San Antonio.

**SR 54** by West, In memory of Charles Key.

**SR 57** by Watson, In memory of Hunter Mason Morris.

**SR 61** by Uresti, In memory of Maria Rosa Pena of San Antonio.

### Congratulatory Resolutions

**SR 29** by Harris, Recognizing Danny F. Vance of Arlington on the occasion of his retirement from the Trinity River Authority of Texas.

**SR 39** by Ellis, Recognizing East Bethel Missionary Baptist Church in Houston on the occasion of its 85th anniversary.

TX_00002672
## JA_000053

TX_00002672

USA_00014935

**SR 42** by Van de Putte, Recognizing John J. Ploch for his service to his country.

**SR 43** by Van de Putte, Recognizing Juan Carrion for his service to his country.

**SR 44** by Van de Putte, Recognizing Frank Lamar for his service to his country.

**SR 45** by Van de Putte, Recognizing Kevin Macari for his service to his country.

**SR 46** by Van de Putte, Recognizing Chris Goebel for his service to his country.

**SR 47** by Van de Putte, Recognizing Richard Groff for his service to his country.

**SR 58** by Watson, Recognizing Carlota Vasquez of Austin on the occasion of her 90th birthday.

**SR 59** by Ellis, Recognizing Minnie J. and Delbert Ray Jefferson for their 25 years of service to Christian Home Missionary Baptist Church.

**SR 62** by Uresti, Recognizing Glenn Ratliff of Monahans on the occasion of his 100th birthday.

**SR 63** by West, Recognizing Holy Cross Catholic Church in Dallas on the occasion of the dedication ceremony for the new church sanctuary.

**SR 64** by West, Congratulating Travis T. Howard Lewis on being honored by the Alpha Xi Omega Chapter of Alpha Kappa Alpha Sorority, Incorporated.

**SR 65** by Ogden, Recognizing Mark Evans on the occasion of his retirement as Trinity County Judge.

**SR 67** by Nelson, Fraser, Huffman, and Lucio, Recognizing the Turquoise Council of Americans and Eurasians on the occasion of its Turkic-Texan Friendship Reception and Awards Dinner.

**SR 68** by Ellis, Congratulating Kalamu Ryo Johnson and Jatoi Jones Johnson on the birth of their daughter, Kailah Ryonne Johnson.

**SR 70** by Lucio, Recognizing Jose M. Mendoza on the occasion of his retirement from the Brownsville Police Department.

**SR 77** by Hinojosa, Recognizing Richard Valent for his service to his country.

**SR 80** by Davis, Recognizing James Cash, Jr., for his career as a leader in academia and business.

### Official Designation Resolutions

**SR 40** by Birdwell, Celebrating January 25, 2011, as Hewitt Day at the State Capitol.

**SR 50** by West, Recognizing January of 2011 as National Slavery and Human Trafficking Prevention Month.

**SR 66** by Whitmire, Recognizing the Texas Chapter of Paralyzed Veterans Annual BBQ Cook-Off as a Texas State Barbecue Championship competition.

**SR 71** by Lucio, Celebrating January 30 through February 5, 2011, as Catholic Schools Week.

**SR 73** by Nelson, Recognizing January 23 through January 29, 2011, as Texas Nurse Anesthetists Week.

TX_00002673

USA_00014936

**SR 74** by Nelson, Proclaiming January, 2011, Communities In Schools Month and January 26, 2011, Communities In Schools Day at the State Capitol.

## ADJOURNMENT

On motion of Senator Whitmire, the Senate at 10:45 a.m. Tuesday, January 25, 2011, adjourned until 11:00 a.m. today.

---

## APPENDIX

---

### RESOLUTIONS ENROLLED

January 19, 2011

**SCR 6, SR 24, SR 26, SR 27, SR 28, SR 30, SR 32, SR 33, SR 35, SR 36, SR 37, SR 38**

### SENT TO GOVERNOR

January 20, 2011

**SCR 3**

### SENT TO SECRETARY OF STATE

January 24, 2011

**SCR 6**

PL005
9/2/2014
2:13-cv-00193

# MINUTES

## SENATE COMMITTEE ON COMMITTEE OF THE WHOLE SENATE
Monday, January 24, 2011
1:30 PM
Senate Chamber

\*\*\*\*\*

Pursuant to Article XIII, Senate Rule 13.01, the Senate resolved into the Committee of the Whole at 4:16 p.m., Monday, January 24, 2011, in the Senate Chamber for a public hearing on SB 14.

Pursuant to Senate Rule 13.02, Senator Robert Duncan was named Chair of the Committee of the Whole Senate.

\*\*\*\*\*

| MEMBERS PRESENT: | MEMBERS ABSENT: |
|---|---|
| Lt. Governor David Dewhurst | Senator Glenn Hegar |
| Senator Brian Birdwell | |
| Senator John Carona | |
| Senator Wendy Davis | |
| Senator Bob Deuell | |
| Senator David Dewhurst | |
| Senator Robert Duncan | |
| Senator Rodney Ellis | |
| Senator Kevin Eltife | |
| Senator Craig Estes | |
| Senator Troy Fraser | |
| Senator Mario Gallegos, Jr. | |
| Senator Chris Harris | |
| Senator Juan Hinojosa | |
| Senator Joan Huffman | |
| Senator Mike Jackson | |
| Senator Eddie Lucio, Jr. | |
| Senator Jane Nelson | |
| Senator Robert Nichols | |
| Senator Steve Ogden | |
| Senator Dan Patrick | |

TX_00002658

USA_00014938

**Senate Committee on Committee of the Whole Senate**
Minutes
Monday, January 24, 2011
Page 2

Senator Jose Rodriguez
Senator Kel Seliger
Senator Florence Shapiro
Senator Carlos Uresti
Senator Leticia Van de Putte
Senator Kirk Watson
Senator Jeff Wentworth
Senator Royce West
Senator John Whitmire
Senator Tommy Williams
Senator Judith Zaffirini

*****

Pursuant to the passage of Senate Resolution 79, Senator Robert Duncan called the Committee of the Whole Senate to order at 4:16 p.m. There being a quorum present, the following business was transacted:

Senator Duncan outlined the procedures and process for the Committee of the Whole Senate.

The Chair laid out SB 14 by Senator Troy Fraser, relating to requirements to vote, including presenting proof of identification; providing criminal penalties.

The Chair asked Senator Fraser if a committee substitute would be laid out or considered for SB 14. Senator Fraser responded that there would be no committee substitute considered.

Senators Van de Putte raised a parliamentary inquiry about submitting amendments to SB 14. Senator Duncan announced that amendments would be accepted at any time, there would be no deadline for submitting committee amendments to SB 14. Senator Van de Putte asked if members of the public could begin registering at 7:30 a.m. on Tuesday, January 25, 2011. Senator Duncan responded that the public would be able to begin registering at 7:30 a.m. and announced that invited testimony would be limited to ten minutes per person while the time limits for public testimony would be three minutes per person, pending the adoption of the appropriate motion on Tuesday, January 25, 2011.

Senator Ellis was recognized for a question regarding invited testimony and requested that an equal amount of proponents and opponents offering invited testimony on SB 14 be allowed. Senator Duncan responded that he would consider the issue at the appropriate time.

Senator Uresti was recognized for a question regarding whether a list of invited persons would be provided to the members. Senator Duncan responded by announcing the names of the resources witnesses that would be available (David Maxwell, Office of the Attorney General's Office; Ann McGeehan, Secretary of State's Office; and Rebecca Davio, Department of Public Safety) and stated that invited persons would be recognized, as follows, one proponent and then one opponent.

Senator Gallegos was recognized for a question about whether or not Spanish speaking staff would be available to assist Spanish speaking members of the public. Senator Duncan responded that arrangements were being made to address his question. Senator Gallegos also asked about the procedures for submitting written testimony, especially, if members of the public cannot attend the hearing. Senator Duncan responded that written testimony can only be submitted and made part of the record up until the bill has been voted out of committee.

With no further questions, at 4:36 p.m., Senator Duncan moved that the Committee of the Whole stand at ease until 8 a.m. on Tuesday, January 25, 2011.

On Tuesday, January 25, 2011, Senator Duncan called the Committee on the Whole to order at 8:05 a.m. There being a quorum present, the following business was transacted:

Senator Duncan once again outlined the procedures and process of SB 14; namely, a ten minute time limit for persons providing invited testimony, the availability of resource witnesses to provide answers for members, and a time limit of three minutes for persons providing public testimony. Senator Duncan recognized the court reporters: Aloma Kennedy and Lorrie Schnoor.

Senator Van de Putte asked Senator Duncan about access to the Senate Chamber for individuals with disabilities. Senator Duncan responded that a wireless microphone and table would be made available to individuals with disabilities.

Senator Duncan recognized Senator Fraser to lay out and explain SB 14, relating to requirements to vote, including presenting proof of identification; providing criminal penalties.

Senator Huffman was recognized for a motion to enter exhibit #1 into the public record (invited and public testimony, exhibits and transcripts on SB 362 as considered by the Texas Senate in March, 2009). Without objection, the motion was adopted by unanimous consent. Senator Davis inquired whether exhibit #1 included the responses received after the March 2009 hearing.

USA_00014940

**Senate Committee on Committee of the Whole Senate**
Minutes
Monday, January 24, 2011
Page 4

Senator Eltife assumed presiding duties at 8:58 a.m.

Senator Duncan resumed presiding duties at 9:05 a.m.

Senator Van de Putte moved to enter exhibit #2 into the record, (all actions contained in the Senate Journals of SB 362, 81st Legislature, 2009, including motions, remarks, written responses, exhibits, and any other materials directly related to SB 362). Without objection, the motion was adopted by unanimous consent.

Senator Fraser moved to enter exhibit #3 into the record, (letter from Hope Andrade, Texas Secretary of State, re: HAVA funds). Without objection, the motion was adopted by unanimous consent.

Senator Seliger moved that the Committee of the Whole rise and report progress at 10:43 a.m. Without objection, it was so ordered.

_____
Senator Robert Duncan, Chair

_____
Patsy Spaw, Secretary of the Senate