By:  Fraser, et al.                                   S.B. No. 14

A BILL TO BE ENTITLED

1                          AN ACT

2    relating to requirements to vote, including presenting proof of

3    identification; providing criminal penalties.

4        BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

5        SECTION 1.  Section 13.002, Election Code, is amended by

6    adding Subsection (i) to read as follows:

7        (i)  An applicant who wishes to receive an exemption on the

8    basis of disability from the requirements of Section 63.001(b) must

9    include a certification from a physician that the person has a

10   disability as defined by Section 21.002, Labor Code, with the

11   person's application.

12       SECTION 2.  Section 15.001, Election Code, is amended by

13   adding Subsection (c) to read as follows:

14       (c)  A certificate issued to a voter who meets the

15   certification requirements of Section 13.002(i) must contain an

16   indication that the voter is exempt from the requirement to present

17   identification other than the registration certificate before

18   being accepted for voting.

19       SECTION 3.  Subchapter A, Chapter 15, Election Code, is

20   amended by adding Section 15.005 to read as follows:

21       Sec. 15.005.  NOTICE  OF  IDENTIFICATION  REQUIREMENTS.

22   (a)  The voter registrar of each county shall provide notice of the

23   identification requirements for voting prescribed by Chapter 63 and

24   a detailed description of those requirements with each voter

1

USA_00016311

S.B. No. 14

1  registration certificate issued under Section 13.142 or renewal
2  registration certificate issued under Section 14.001.
3      (b)  The secretary of state shall prescribe the wording of
4  the notice to be included on the certificate under this section.
5      SECTION 4.  Subsection (a), Section 15.022, Election Code,
6  is amended to read as follows:
7      (a)  The registrar shall make the appropriate corrections in
8  the registration records, including, if necessary, deleting a
9  voter's name from the suspense list:
10          (1)  after receipt of a notice of a change in
11  registration information under Section 15.021;
12          (2)  after receipt of a voter's reply to a notice of
13  investigation given under Section 16.033;
14          (3)  after receipt of a registration omissions list and
15  any affidavits executed under Section 63.006 [63.007], following an
16  election;
17          (4)  after receipt of a voter's statement of residence
18  executed under Section 63.0011;
19          (5)  before the effective date of the abolishment of a
20  county election precinct or a change in its boundary;
21          (6)  after receipt of United States Postal Service
22  information indicating an address reclassification;
23          (7)  after receipt of a voter's response under Section
24  15.053; or
25          (8)  after receipt of a registration application or
26  change of address under Chapter 20.
27      SECTION 5.  Subchapter A, Chapter 31, Election Code, is

2

USA_00016312

1 amended by adding Section 31.012 to read as follows:

2     Sec. 31.012. VOTER IDENTIFICATION EDUCATION. (a) The

3 secretary of state and the voter registrar of each county that

4 maintains a website shall provide notice of the identification

5 requirements for voting prescribed by Chapter 63 on each entity's

6 respective website in each language in which voter registration

7 materials are available. The secretary of state shall prescribe

8 the wording of the notice to be included on the websites.

9     (b) The secretary of state shall conduct a statewide effort

10 to educate voters regarding the identification requirements for

11 voting prescribed by Chapter 63.

12     (c) The county clerk of each county shall post in a

13 prominent location at the clerk's office a physical copy of the

14 notice prescribed under Subsection (a) in each language in which

15 voter registration materials are available.

16     SECTION 6. Section 32.111, Election Code, is amended by

17 adding Subsection (c) to read as follows:

18     (c) The training standards adopted under Subsection (a)

19 must include provisions on the acceptance and handling of the

20 identification presented by a voter to an election officer under

21 Section 63.001.

22     SECTION 7. Subsection (a), Section 32.114, Election Code,

23 is amended to read as follows:

24     (a) The county clerk shall provide one or more sessions of

25 training using the standardized training program and materials

26 developed and provided by the secretary of state under Section

27 32.111 for the election judges and clerks appointed to serve in

USA_00016313

S.B. No. 14

1 elections ordered by the governor or a county authority.  Each
2 election judge shall complete the training program.  Each election
3 clerk shall complete the part of the training program relating to
4 the acceptance and handling of the identification presented by a
5 voter to an election officer under Section 63.001.

6     SECTION 8.  Chapter 62, Election Code, is amended by adding
7 Section 62.016 to read as follows:

8     Sec. 62.016.  NOTICE OF ACCEPTABLE IDENTIFICATION OUTSIDE
9 POLLING PLACES. The presiding judge shall post in a prominent place
10 on the outside of each polling location a list of the acceptable
11 forms of identification.  The notice and list must be printed using
12 a font that is at least 24-point.  The notices required under this
13 section shall be posted separately from all other notices required
14 by state or federal law.

15     SECTION 9.  Section 63.001, Election Code, is amended by
16 amending Subsections (b), (c), (d), and (f) and adding Subsections
17 (g) and (h) to read as follows:

18     (b)  Except as provided by Subsection (h), on [On] offering
19 to vote, a voter must present to an election officer at the polling
20 place one form of identification listed in Section 63.0101 [the
21 voter's voter registration certificate to an election officer at
22 the polling place].

23     (c)  On presentation of the documentation required by
24 Subsection (b) [a registration certificate], an election officer
25 shall determine whether the voter's name on the documentation
26 [registration certificate] is on the list of registered voters for
27 the precinct.  If in determining whether a voter's name is on the

4

USA_00016314

1 list of registered voters the election officer determines that the

2 voter's name on the documentation is substantially similar but does

3 not match exactly the name on the list, the voter shall be accepted

4 for voting as otherwise required by this section if the voter

5 submits an affidavit stating that the voter is the person on the

6 list of registered voters.

7     (d)  If the voter's name is on the precinct list of

8 registered voters and the voter's identity can be verified from the

9 documentation presented under Subsection (b), the voter shall be

10 accepted for voting.

11     (f)  After determining whether to accept a voter, an election

12 officer shall return the voter's documentation [registration

13 certificate] to the voter.

14     (g)  If the requirements for identification prescribed by

15 Subsection (b) are not met, the voter may be accepted for

16 provisional voting only under Section 63.011. For a voter who is

17 not accepted for voting under this section, an election officer

18 shall:

19         (1)  inform the voter of the voter's right to cast a

20 provisional ballot under Section 63.011; and

21         (2)  provide the voter with written information, in a

22 form prescribed by the secretary of state, that:

23             (A)  lists the requirements for identification;

24             (B)  states the procedure for presenting

25 identification under Section 65.0541;

26             (C)  includes a map showing the location where

27 identification must be presented; and

USA_00016315

S.B. No. 14

1          (D) includes notice that even if all procedures
2 are followed, there is no guarantee that a provisional ballot will
3 be accepted.
4     (h) The requirements for identification prescribed by
5 Subsection (b) do not apply to a voter who presents the voter's
6 voter registration certificate on offering to vote and:
7          (1) was 70 years of age or older on January 1, 2012, as
8 indicated by the date of birth on the voter's voter registration
9 certificate; or
10          (2) is disabled and the voter's voter registration
11 certificate contains the indication described by Section
12 15.001(c).
13     SECTION 10. Subsection (a), Section 63.0011, Election Code,
14 is amended to read as follows:
15     (a) Before a voter may be accepted for voting, an election
16 officer shall ask the voter if the voter's residence address on the
17 precinct list of registered voters is current and whether the voter
18 has changed residence within the county. If the voter's address is
19 omitted from the precinct list under Section 18.005(c), the officer
20 shall ask the voter if the voter's residence, if [as] listed, on
21 identification presented by the voter under Section 63.001(b) [the
22 voter's voter registration certificate] is current and whether the
23 voter has changed residence within the county.
24     SECTION 11. Chapter 63, Election Code, is amended by adding
25 Section 63.0012 to read as follows:
26     Sec. 63.0012. NOTICE OF IDENTIFICATION REQUIREMENTS TO
27 CERTAIN VOTERS. (a) An election officer shall distribute written

6

JA_001434

USA_00016316

S.B. No. 14

1 notice of the identification that will be required to vote in

2 elections held after January 1, 2012, and information on obtaining

3 identification without a fee under Section 521.422, Transportation

4 Code, to each voter who, when offering to vote, presents a form of

5 identification that will not be sufficient for acceptance as a

6 voter under this chapter beginning with those elections.

7     (b)  The secretary of state shall prescribe the wording of

8 the notice and establish guidelines for distributing the notice.

9     (c)  This section expires September 1, 2017.

10    SECTION 12.  Section 63.006, Election Code, is amended to

11 read as follows:

12    Sec. 63.006.  VOTER WITH REQUIRED DOCUMENTATION [CORRECT

13 CERTIFICATE] WHO IS NOT ON LIST. (a)  A voter who, when offering to

14 vote, presents the documentation required under Section 63.001(b)

15 [a voter registration certificate indicating that the voter is

16 currently registered in the precinct in which the voter is offering

17 to vote], but whose name is not on the precinct list of registered

18 voters, shall be accepted for voting if the voter also presents a

19 voter registration certificate indicating that the voter is

20 currently registered:

21         (1)  in the precinct in which the voter is offering to

22 vote; or

23         (2)  in a different precinct from the one in which the

24 voter is offering to vote and the voter executes an affidavit

25 stating that the voter:

26             (A)(i)  is a resident of the precinct in which the

27 voter is offering to vote or is otherwise entitled by law to vote in

7

USA_00016317

S.B. No. 14

1  that precinct; or

2                      (ii)  was a resident of the precinct in which

3  the voter is offering to vote at the time the information on the

4  voter's residence address was last provided to the voter registrar;

5                (B)  did   not   deliberately   provide   false

6  information to secure registration in a precinct in which the voter

7  does not reside; and

8                (C)  is voting only once in the election.

9     (b)  After the voter is accepted, an election officer shall:

10         (1)  indicate beside the voter's name on the poll list

11  that the voter was accepted under this section; and

12         (2)  if applicable, enter on the registration omissions

13  list the precinct of the voter's registration as indicated by the

14  voter's registration certificate.

15     SECTION 13.  Section 63.009, Election Code, is amended to

16  read as follows:

17     Sec. 63.009.  VOTER WITHOUT CERTIFICATE WHO IS NOT ON LIST.

18  A [(a)  Except as provided by Subsection (b), a] voter who does not

19  present a voter registration certificate when offering to vote, and

20  whose name is not on the list of registered voters for the precinct

21  in which the voter is offering to vote, shall be accepted for

22  provisional voting if the voter executes an affidavit in accordance

23  with Section 63.011.

24     [(b)  If an election officer can determine from the voter

25  registrar that the person is a registered voter of the county and

26  the person presents proof of identification, the affidavits

27  required by Sections 63.007 and 63.008 are substituted for the

8

JA_001436

USA_00016318

Case 2:13-cv-00193 Document 660-22 Filed on 11/10/14 in TXSD Page 9 of 24

S.B. No. 14

1  ~~affidavit required by Section 63.011 in complying with that~~
2  ~~section.  After the voter is accepted under this subsection, an~~
3  ~~election officer shall also indicate beside the voter's name on the~~
4  ~~poll list that the voter was accepted under this section.~~]

5  SECTION 14.  Section 63.0101, Election Code, is amended to
6  read as follows:

7  Sec. 63.0101.  DOCUMENTATION OF PROOF OF IDENTIFICATION.
8  The following documentation is an acceptable form [~~as proof~~] of
9  photo identification under this chapter:

10  (1)  a driver's license or personal identification card
11  issued to the person by the Department of Public Safety that has not
12  [~~or a similar document issued to the person by an agency of another~~
13  ~~state, regardless of whether the license or card has~~] expired or
14  that expired no earlier than 60 days before the date of
15  presentation;

16  (2)  a United States military identification card that
17  contains the person's photograph that has not expired or that
18  expired no earlier than 60 days before the date of presentation
19  [~~form of identification containing the person's photograph that~~
20  ~~establishes the person's identity~~];

21  (3)  a [~~birth certificate or other document confirming~~
22  ~~birth that is admissible in a court of law and establishes the~~
23  ~~person's identity;~~

24  [~~(4)~~] United States citizenship certificate [~~papers~~]
25  issued to the person that contains the person's photograph;

26  (4) [~~(5)~~] a United States passport issued to the
27  person that has not expired or that expired no earlier than 60 days

9

JA_001437

USA_00016319

1 before the date of presentation; or

2         (5) a license to carry a concealed handgun issued to

3 the person by the Department of Public Safety

4         [~~(6) official mail addressed to the person by name~~

5 ~~from a governmental entity;~~

6         [~~(7) a copy of a current utility bill, bank statement,~~

7 ~~government check, paycheck, or other government document that shows~~

8 ~~the name and address of the voter; or~~

9         [~~(8) any other form of identification prescribed by~~

10 ~~the secretary of state~~].

11     SECTION 15. Subsections (a) and (b), Section 63.011,

12 Election Code, are amended to read as follows:

13     (a) A person to whom Section 63.001(g) [~~63.008(b)~~] or 63.009

14 [~~63.009(a)~~] applies may cast a provisional ballot if the person

15 executes an affidavit stating that the person:

16         (1) is a registered voter in the precinct in which the

17 person seeks to vote; and

18         (2) is eligible to vote in the election.

19     (b) A form for an affidavit required by this section shall

20 be printed on an envelope in which the provisional ballot voted by

21 the person may be placed and must include a space for entering the

22 identification number of the provisional ballot voted by the person

23 and a space for an election officer to indicate whether the person

24 presented a form of identification described by Section 63.0101.

25 The affidavit form may include space for disclosure of any

26 necessary information to enable the person to register to vote

27 under Chapter 13. The secretary of state shall prescribe the form

USA_00016320

S.B. No. 14

1  of the affidavit under this section.

2      SECTION 16.  Subsection (b), Section 64.012, Election Code,

3  is amended to read as follows:

4      (b)  An offense under this section is a felony of the second

5  [third] degree unless the person is convicted of an attempt.  In

6  that case, the offense is a state jail felony [Class A misdemeanor].

7      SECTION 17.  Section 65.054, Election Code, is amended by

8  amending Subsection (b) and adding Subsection (e) to read as

9  follows:

10      (b)  A provisional ballot shall [may] be accepted [only] if

11  the board determines that:

12          (1)  [,] from the information in the affidavit or

13  contained in public records, the person is eligible to vote in the

14  election and has not previously voted in that election; and

15          (2)  the person:

16              (A)  meets the identification requirements of

17  Section 63.001(b) in the period prescribed under Section 65.0541;

18  or

19              (B)  executes an affidavit under penalty of

20  perjury stating that:

21                  (i)  the voter:

22                      (a)  is indigent and is unable to

23  obtain proof of identification without the payment of a fee; or

24                      (b)  has a religious objection to being

25  photographed; and

26                  (ii)  the voter has not been challenged or

27  required to vote a provisional ballot for any other reason.

11

USA_00016321

S.B. No. 14

1     (e)  In this section, "indigent" has the meaning assigned by

2  Section 51.941(e), Government Code.

3     SECTION 18.  Subchapter B, Chapter 65, Election Code, is

4  amended by adding Section 65.0541 to read as follows:

5     Scc. 65.0541.  PRESENTATION OF IDENTIFICATION FOR CERTAIN

6  PROVISIONAL BALLOTS.  (a)  A voter who is accepted for provisional

7  voting under Section 63.011 because the voter does not meet the

8  identification requirements of Section 63.001(b) may, not later

9  than the sixth day after the date of the election:

10     (1)  present proof of identification described by

11  Section 63.0101 to the voter registrar for examination; or

12     (2)  execute an affidavit described by Section

13  65.054(b)(2)(B) in the presence of the voter registrar.

14     (b)  The secretary of state shall prescribe procedures as

15  necessary to implement this section.

16     SECTION 19.  Section 66.0241, Election Code, is amended to

17  read as follows:

18     Sec. 66.0241.  CONTENTS OF ENVELOPE NO. 4.  Envelope no. 4

19  must contain:

20     (1)  the precinct list of registered voters;

21     (2)  the registration correction list;

22     (3)  the registration omissions list;

23     (4)  any statements of residence executed under Section

24  63.0011; and

25     (5)  any affidavits executed under Section 63.006

26  [63.007] or 63.011.

27     SECTION 20.  Section 521.422, Transportation Code, is

12

JA_001440

USA_00016322

S.B. No. 14

1  amended by amending Subsection (a) and adding Subsection (d) to
2  read as follows:
3      (a)  Except as provided by Subsection (d), the [The] fee for
4  a personal identification certificate is:
5          (1)  $15 for a person under 60 years of age;
6          (2)  $5 for a person 60 years of age or older; and
7          (3)  $20 for a person subject to the registration
8  requirements under Chapter 62, Code of Criminal Procedure.
9      (d)  The department may not collect a fee for a personal
10 identification certificate issued to a person who states that the
11 person is obtaining the personal identification certificate for the
12 purpose of satisfying Section 63.001(b), Election Code, and:
13         (1)  who is a registered voter in this state and
14 presents a valid voter registration certificate; or
15         (2)  who is eligible for registration under Section
16 13.001, Election Code, and submits a registration application to
17 the department.
18     SECTION 21.  Effective January 1, 2012, Sections 63.007 and
19 63.008, Election Code, are repealed.
20     SECTION 22.  As soon as practicable after the effective date
21 of this section:
22         (1)  the secretary of state shall adopt the training
23 standards and develop the training materials required to implement
24 the change in law made by this Act to Section 32.111, Election Code;
25 and
26         (2)  the county clerk of each county shall provide a
27 session of training under Section 32.114, Election Code, using the

13

USA_00016323

S.B. No. 14

1   standards adopted and materials developed to implement the change
2   in law made by this Act to Section 32.111, Election Code.

3       SECTION 23.  The change in law made by this Act applies only
4   to an offense committed on or after January 1, 2012.  An offense
5   committed before January 1, 2012, is covered by the law in effect
6   when the offense was committed, and the former law is continued in
7   effect for that purpose.  For purposes of this section, an offense
8   is committed before January 1, 2012, if any element of the offense
9   occurs before that date.

10      SECTION 24.  State   funds   disbursed   under   Chapter   19,
11  Election Code, for the purpose of defraying expenses of the voter
12  registrar's office in connection with voter registration may also
13  be used for additional expenses related to coordinating voter
14  registration drives or other activities designed to expand voter
15  registration. This section expires January 1, 2013.

16      SECTION 25.  This Act does not make an appropriation.  This
17  Act  takes  effect  only  if  a  specific  appropriation  for  the
18  implementation of the Act is provided in a general appropriations
19  act of the 82nd Legislature.

20      SECTION 26.  (a)  Except as provided by Subsection (b) of
21  this section, this Act takes effect January 1, 2012.

22      (b)  The changes in law made by Sections 3, 5, 6, 7, 11, 22,
23  and 24 of this Act take effect September 1, 2011.

14

USA_00016324

# LEGISLATIVE BUDGET BOARD
## Austin, Texas

### FISCAL NOTE, 82ND LEGISLATIVE REGULAR SESSION
### Revision 1

### March 21, 2011

**TO:** Honorable Dennis Bonnen, Chair, House Committee on Voter Identification & Voter Fraud, Select

**FROM:** John S O'Brien, Director, Legislative Budget Board

**IN RE:** SB14 by Fraser (Relating to requirements to vote, including presenting proof of identification; providing criminal penalties.), **As Engrossed**

---

**Estimated Two-year Net Impact to General Revenue Related Funds** for SB14, As Engrossed: a negative impact of ($2,024,000) through the biennium ending August 31, 2013.

The bill would make no appropriation but could provide the legal basis for an appropriation of funds to implement the provisions of the bill.

---

**General Revenue-Related Funds, Five-Year Impact:**

| Fiscal Year | Probable Net Positive/(Negative) Impact to General Revenue Related Funds |
|---|---|
| 2012 | ($2,024,000) |
| 2013 | $0 |
| 2014 | $0 |
| 2015 | $0 |
| 2016 | $0 |

**All Funds, Five-Year Impact:**

| Fiscal Year | Probable Savings/(Cost) from *General Revenue Fund* 1 |
|---|---|
| 2012 | ($2,024,000) |
| 2013 | $0 |
| 2014 | $0 |
| 2015 | $0 |
| 2016 | $0 |

**Fiscal Analysis**

The bill would exempt certain disabled voters from presenting additional identification for voting, other than the voter registration certificate, if the voter submits to the voter registrar proper certification from a physician of the disability. The bill would also require voter registration certificates to contain an indication that the disabled voter is exempted from presenting additional identification, other than the voter registration certificate, before being accepted for voting.

The bill would require the voter registrar of each county to provide a notice of identification requirements for voting with each initial voter registration certificate or renewal registration certificate issued. The Secretary of State (SOS) and the voter registrar of each county that maintains a website would be required to post on their websites, in each language in which voter registration materials are available, a notice of the identification

USA_00016325

requirements, and county clerks would be required to post a physical copy in each language voter registration materials are available. SOS would be required to prescribe the wording of these notices. SOS would also be required to establish a statewide effort to educate voters regarding the identification requirements for voting.

The bill would require training standards to include instructions on the acceptance and handling of the identification presented by a voter to an election officer and each election clerk would be required to complete this training.

The presiding judge at each polling place would be required to post in a prominent location outside of the location a list of the acceptable forms of identification and the list would have to be separate from all other notices. The Secretary of State would be required to prescribe the wording for written notifications of the identification requirements to vote in elections after January 1, 2012 and election officers would be required to provide this written notification of voting identification requirements to voters who do not meet identification requirements.

The Department of Public Safety (DPS) would be prohibited from collecting a fee for a personal identification certificate issued to a person who states that they are obtaining the personal identification certificate to meet voting identification requirements and that person meets certain other voter registration criteria.

The bill would change an offense under this section after January 1, 2012 to a second degree felony from a third degree felony unless the person is convicted of an attempt, in which case, the offense would be a state jail felony instead of a Class A misdemeanor.

The Secretary of State would be required to prescribe procedures for voters who provisionally vote without proper identification to present proof of identification to the voter registrar not later than the sixth day after the date of the election.

The bill would repeal Sections 63.007 and 63.008 of the Election Code related to voters with incorrect certificates who are not on the voter list and voters without certificates who are not on the voter list.

The Secretary of State (SOS) would be required to adopt the training standards and to develop training materials as soon as practicable after September 1, 2011. Each county clerk would be required to provide a session of training using the standards adopted by and the materials developed by SOS as soon as practicable as well.

The bill would expand the uses of state funds disbursed under Chapter 19 of the Election Code to include additional expenses related to coordinating voter registration drives or other activities designed to expand voter registration. This section would expire January 1, 2013.

Sections 1, 3, 4, 5, 9, 20, and 22 pertaining to providing notice of voter identification requirements, providing voter identification training, providing voter education to the public, and expanding the uses of voter registration funds would be effective September 1, 2011. The remainder of the bill would be effective January 1, 2012.

**Methodology**

The fiscal impact of the bill excluding technology costs is estimated to be $2,000,000 million for fiscal year 2012 out of the General Revenue Fund. The estimate includes $0.5 million to research and develop ways to inform the public of the new identification requirements. Additional costs are estimated to be $1.5 million for media advertisements: television ($750,000), radio ($300,000), print ($300,000), and internet ($150,000). The Secretary of State indicates that federal funds associated with the Help America Vote Act (HAVA) may be available for use but the agency would first need to verify this with the federal government.

The Secretary of State would also be required to prescribe the wording for voter identification requirement notifications in each language voter registration materials are available and develop training materials on voter identification requirements. It is assumed that any fiscal implication associated with these responsibilities could be absorbed within existing resources.

The fiscal impact of expanding the uses of funds disbursed under Chapter 19 of the Election Code to include coordinating voter registration drives or other activities designed to expand voter registration is unknown because it is not known how many voter registration drives or other activities designed to expand voter registration would occur.

The fiscal impact of the revenue loss from the prohibition of DPS to collect a fee for a personal identification

USA_00016326

certificate issued to a person seeking the certificate for the purpose of voting is unknown because it is not known how many people would make a request for a personal identification certificate for voting.

**Technology**

The technology fiscal impact of the bill is estimated to be $24,000 for programming costs associated with creating an indicator on voter registration certificates for voters with certain disabilities. The notification would inform election officers at polling places that voters with certain disabilities are exempted from presenting additional identification other than the voter registration certificate. The Secretary of State indicates that federal funds associated with the Help America Vote Act (HAVA) may be available for use but the agency would first need to verify this with the federal government.

**Local Government Impact**

The bill would require counties to notify registered voters of changes online if the county maintains a website, at polling locations, and included with voter registration certificates. Election clerks would be required to undergo training regarding accepted forms of voter identification.

According to Texas Association of Counties (TAC), Tarrant County anticipated a one-time cost to reprint provisional balloting materials and provide new notices ($8,000); Bexar County stated that due to limited space on current registration certificates, larger cards would be necessary resulting in additional costs for cards, printing and postage ($381,256); however, Comal County reported the costs associated with the provisions of the bill could be absorbed within existing resources.

**Source Agencies:** 307 Secretary of State, 405 Department of Public Safety
**LBB Staff:** JOB, JT, MS, BTA, SD, KKR

USA_00016327

PL018
9/2/2014
2:13-cv-00193

## HOUSE OF REPRESENTATIVES

## NOTICE OF PUBLIC HEARING

COMMITTEE:    Voter Identification & Voter Fraud, Select

TIME & DATE:  8:00 AM, Tuesday, March 01, 2011

PLACE:        JHR 140

CHAIR:        Rep. Dennis Bonnen

---

SB 14          Fraser | et al.
Relating to requirements to vote, including presenting proof of
identification; providing criminal penalties.

---

1

TX_00002768

USA_00016328

PL019
9/2/2014
2:13-cv-00193

**The House Committee on Voter Identification & Voter Fraud, Select**
82nd Legislature
March 1, 2011
8:00 a.m.
JHR 140

## CORRECTED MINUTES

On March 15, 2011, the House Committee on Voter Identification & Voter Fraud, Select authorized the correction of the  minutes for the meeting of the House Committee on Voter Identification & Voter Fraud, Select held on March 1, 2011. The following are the corrected minutes for that meeting:

Pursuant to a notice posted on February 22, 2011, the House Committee on Voter Identification & Voter Fraud, Select met in a public hearing and was called to order by the chair, Representative Bonnen, at 8:00 a.m.

The initial quorum call was answered as follows: Representatives Bonnen; Aliseda; Harless; Hochberg; and Pena.

A quorum was present.

The chair made opening remarks.

The chair directed an additional quorum call which was answered as follows: Representatives Bonnen; Aliseda; Harless; Hochberg; and Pena.

A quorum was present.

TX_00002765

USA_00016329

**House Committee on Voter Identification & Voter Fraud, Select**
3/1/2011

## SB 14

The chair laid out SB 14.

Representative Harless offered a complete committee substitute.

The chair recognized Representative Harless to explain CSSB 14.

Testimony taken/registration recorded.  (See attached witness list.)

(Representative Taylor, Larry now present.)

(Representative Hilderbran now present.)

(Representative Gutierrez now present.)

(Representative Veasey now present.)

Testimony taken/registration recorded.  (See attached witness list.)

The committee substitute was withdrawn without objection.

SB 14 was left pending without objection.

At 9:53 a.m., on the motion of the chair and without objection, the meeting was recessed until upon final adjourn./recess.

The committee reconvened at 12:30 p.m. and was called to order by the chair, Representative Bonnen.

The quorum call was answered as follows: Representatives Bonnen; Aliseda; Gutierrez; Harless; Hochberg; and Pena.

A quorum was present.

The chair laid out SB 14 as pending business.

Representative Harless offered a complete committee substitute.

Testimony taken/registration recorded.  (See attached witness list.)

(Representative Taylor, Larry now present.)

(Representative Hilderbran now present.)

2

**House Committee on Voter Identification & Voter Fraud, Select**
3/1/2011

(Representative Veasey now present.)

Testimony taken/registration recorded. (See attached witness list.)

The chair recognized Representative Harless to close on CSSB 14.

The committee substitute was withdrawn without objection.

SB 14 was left pending without objection.

At 5:48 p.m., on the motion of the chair and without objection, the meeting was adjourned subject to the call of the chair.

_____
Rep. Bonnen, Chair


_____
Steven Schar, Clerk

TX_00002767
JA_001449

TX_00002767

USA_00016331

PL020
9/2/2014
2:13-cv-00193

## WITNESS LIST

Voter Identification & Voter Fraud, Select Committee
March 1, 2011 - 8:00 AM

### SB 14 - Committee Substitute (Harless)

For:

Barnes, Elizabeth (Self)
Bradford, Rebecca (Texas Federation of Republican Women)
Buelter, Kenneth (Goliad County Republican Party)
Carter, David (Self)
Collins, Mary Ann (Self)
Duerstine, Russ (Tom Green County G.O.P. and Election Support Association of T. G. County)
Gorman, Diane (Self)
Green, Robert (Self)
Kitson, Carol (Self)
Le Pori, Cynthia (Self)
Marsalis, William (Butch) (Self; Panola County Conservatives)
McClaugherty, Fern (Self)
Smith, Tonja "Michelle" (Concerned Women for America)
Thornton, Verona (Self)
Townsend, Virginia (Self)
Vera, Alan (Self)
Vera, Colleen (Self)
Wallace, B. R. (Skipper) (Texas Republican County Chairman's Association)
Whitlock, Bea (Self)
Williamson, Mark (Self)

Against:

Bledsoe, Gary (Texas NAACP)
DasGupta, Sumit (Network of Asian American Organizations)
Figueroa, Luis (Mexican American Legal Defense & Educational Fund (MALDEF))
Joseph, Andrew (Self)
Ko, Ramey (Self)
Levitt, Justin (Self)
Privett, Anita (LWV - TX (League of Women Voters of Texas))
Santana, Sonia (ACLU-TX)
Wang, Tova (DEMOS)

On:

Davio, Rebecca (Department of Public Safety)
Gomez, Jessica (Disability Rights Texas, formerly Advocacy, Inc.)
Kemp, Brian (Self)
Maxwell, David (Texas OAG (Office of the Attorney General))
Mc Geehan, Ann (Elections Division - Office of Secretary of State)
Moore, Toby (Self)
O'Brien, John (Legislative Budget Board)

1

WITNESS LIST

On:

>Ward, Chris (Self)
>Wheeler, Thomas (Self)
>Woods, John (Self; Graduate School, Student Government of the University of Texas at Austin)

Registering, but not testifying:

For:

>Anderson, Erin (Self)
>Ayers, Pam (Self)
>Blakemore, Allen (Conservative Republicans of Texas)
>Burgess, Judith (Self)
>Burgess, Wayne (Self)
>Cassady, Bill (Self)
>Cassady, Leila (Self)
>Curry, Carol (Self)
>Dashiell, Toni Anne (Self)
>Dickerson, Gerald (Self)
>Doyle, William R. (Self)
>Edwards, Rosemary (Self)
>Engelbrecht, Catherine (King Street Patriots)
>Giacomazza, Robert (Self)
>Griffin, Travis (Republican Party of Texas)
>Hindelang, Paul (Self)
>Hotze, Steven (Conservative Republicans of Texas)
>Johnson, Cheryl (Gal Co. Tax Office)
>Landis, Donald (Self)
>Lindsey, Mack (Self)
>Lockhoof, Michelle (Self)
>Marler, John (Williamson County Liberty Alliance)
>Marsalis, Karen (Self; Panola County Republican Women)
>McCaig, Mark (Self)
>Moore, Bill (Organizing for Liberty, Inc. Sugarland, TX.)
>Rogers, Linda (Texas Republican Co. Chairmen's Assn.)
>Rousselot, Reid (Self)
>Saenz, Jonathan (Liberty Institute)
>Stair, Margy (Self)
>Stockbauer, Catherine (Self)
>Swift, Sheryl (Galveston County Tax Office)
>Tarver, Maudie (Self)
>Van der Pol, Kathryn (Self)
>Van der Pol, Sybren (Self)
>Vest, Linda (Self)
>Walker, Jim (Self)
>Ward, Jerri Lynn (Self)
>Ward, Robert (Self)

2

TX_00002770
JA_001451

TX_00002770

USA_00016333

## WITNESS LIST

For:

       Wright, Maggie (Self)

Against:

       Arabie, Joseph (Texas AFL-CIO)
       Brown, Mary (Self)
       Ekstrand, Tracy (Self)
       Fischer, Huey (Self)
       Flores, Juan (La Fe Policy Research and Education Center)
       Gutierrez, Anthony (Boyd Richie Texas Democratic Party)
       Haenschen, Katherine (Self)
       Hill, Kathleen (Self)
       Kaplan, Austin (Self; The Liberal Austin Democrats)
       Lara, Rene (Texas AFL-CIO)
       Meredith, Katrina (Self)
       Van Cleve, Genevieve (Capital Area Democratic Women)
       Weinberg, David (Texas League of Conservation Voters)

TX_00002771
JA_001452

TX_00002771

USA_00016334