PL034
9/2/2014
2:13-cv-00193

# HOUSE JOURNAL

## EIGHTY-SECOND LEGISLATURE, REGULAR SESSION

### PROCEEDINGS

#### FORTIETH DAY — WEDNESDAY, MARCH 23, 2011

The house met at 10 a.m. and was called to order by the speaker.

The roll of the house was called and a quorum was announced present (Record 105).

Present — Mr. Speaker; Aliseda; Allen; Alonzo; Alvarado; Anchia; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Burnam; Button; Cain; Callegari; Carter; Castro; Chisum; Christian; Coleman; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Davis, Y.; Deshotel; Driver; Dukes; Dutton; Eissler; Elkins; Farias; Farrar; Fletcher; Flynn; Frullo; Gallego; Garza; Geren; Giddings; Gonzales, L.; Gonzales, V.; Gonzalez; Gooden; Guillen; Gutierrez; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hernandez Luna; Hilderbran; Hochberg; Hopson; Howard, C.; Howard, D.; Huberty; Hughes; Hunter; Isaac; Jackson; Johnson; Keffer; King, P.; King, S.; King, T.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lozano; Lucio; Lyne; Madden; Mallory Caraway; Margo; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Miller, D.; Miller, S.; Morrison; Muñoz; Murphy; Naishtat; Nash; Oliveira; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pickett; Pitts; Price; Quintanilla; Raymond; Reynolds; Riddle; Ritter; Rodriguez; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Strama; Taylor, L.; Taylor, V.; Thompson; Torres; Truitt; Turner; Veasey; Villarreal; Vo; Walle; Weber; White; Woolley; Workman; Zedler; Zerwas.

Absent, Excused — Eiland.

Absent — Cook.

The invocation was offered by William Eudy, pastor, Southside Church of Christ, Mineral Wells.

The speaker recognized Representative Lyne who led the house in the pledges of allegiance to the United States and Texas flags.

#### LEAVE OF ABSENCE GRANTED

The following member was granted leave of absence temporarily for today because of family business:

Eiland on motion of Landtroop.

TX_00002925
JA_002073

TX_00002925
USA_00016955

Case 2:13-cv-00193 Document 661-1 Filed on 11/11/14 in TXSD Page 2 of 65
e 1:12-cv-00128-RMC-DST-RLW Document 208-4 Filed 06/20/12 Page 24 of
544     82nd LEGISLATURE — REGULAR SESSION

### REGULAR ORDER OF BUSINESS SUSPENDED

On motion of Representative Lyne and by unanimous consent, the reading and referral of bills was postponed until just prior to adjournment.

### CAPITOL PHYSICIAN

The speaker recognized Representative Christian who presented Dr. Keith Miller of Center as the "Doctor for the Day."

The house welcomed Dr. Miller and thanked him for his participation in the Physician of the Day Program sponsored by the Texas Academy of Family Physicians.

(Cook now present)

### MESSAGE FROM THE SENATE

A message from the senate was received at this time (see the addendum to the daily journal, Messages from the Senate, Message No. 1).

### HCR 118 - ADOPTED
### (by V. Taylor, et al.)

Representative V. Taylor moved to suspend all necessary rules to take up and consider at this time **HCR 118**.

The motion prevailed.

The following resolution was laid before the house:

**HCR 118**, Honoring Congressman Sam Johnson on the 38th anniversary of his release as a North Vietnamese Prisoner of War.

**HCR 118** was read and was adopted.

On motion of Representatives Sheets and Madden, the names of all the members of the house were added to **HCR 118** as signers thereof.

### INTRODUCTION OF GUEST

The speaker recognized Representative V. Taylor who introduced the Honorable Sam Johnson.

(Cain in the chair)

### FIVE-DAY POSTING RULE SUSPENDED

Representative Hunter moved to suspend the five-day posting rule and all necessary rules to allow the Committee on Calendars to set a calendar at 10:20 a.m. today in 3W.15.

The motion prevailed.

### COMMITTEE GRANTED PERMISSION TO MEET

Representative Hunter requested permission for the Committee on Calendars to meet while the house is in session, at 10:20 a.m. today, in 3W.15, to set a calendar.

Permission to meet was granted.

TX_00002926
USA_00016956

## COMMITTEE MEETING ANNOUNCEMENT

The following committee meeting was announced:

Calendars, 10:20 a.m. today, 3W.15, for a formal meeting, to set a calendar.

## HR 1012 - ADOPTED
### (by Eissler)

Representative Eissler moved to suspend all necessary rules to take up and consider at this time **HR 1012**.

The motion prevailed.

The following resolution was laid before the house:

**HR 1012**, Recognizing March 20-26, 2011, as Early College High School Week.

**HR 1012** was adopted.

## RESOLUTIONS ADOPTED

Representative Dukes moved to suspend all necessary rules to take up and consider at this time **SCR 28** and **SCR 29**.

The motion prevailed.

The following resolutions were laid before the house:

**SCR 28** (Dukes - House Sponsor), Commending Joe E. Gonzales for his career in education and for his contributions to the success of Austin Can! Academy.

**SCR 29** (Dukes - House Sponsor), Recognizing Austin Can! Academy, a dropout recovery charter high school serving at-risk students of Travis County.

The resolutions were read and were adopted.

## HR 828 - ADOPTED
### (by Truitt)

Representative Truitt moved to suspend all necessary rules to take up and consider at this time **HR 828**.

The motion prevailed.

The following resolution was laid before the house:

**HR 828**, Recognizing March 21 through 25, 2011, as Texas Retired Teachers Week.

**HR 828** was read and was adopted.

On motion of Representative Patrick, the names of all the members of the house were added to **HR 828** as signers thereof.

Case 2:13-cv-00193 Document 661-1 Filed on 11/11/14 in TXSD Page 4 of 65
e 1:12-cv-00128-RMC-DST-RLW Document 208-4 Filed 06/20/12 Page 26 of
946    82nd LEGISLATURE — REGULAR SESSION

## INTRODUCTION OF GUESTS

The chair recognized Representative Truitt who introduced members of the Texas Retired Teachers Association, speaking as follows:

Mr. Speaker, members, this resolution provides an opportunity for this body to show our appreciation for our retired public educators who have provided an invaluable service to the people of this great state. We have some very special guests joining us today, both in the gallery and on the dais. We have TRTA representatives on the dais: Tim Lee, the executive director; Bill Barnes, TRTA legislative coordinator; Carlos Ortiz, state legislative chairman for District 20; Ms. Francis Plemmons, secretary/treasurer; and last but not least, my constituent and good friend, Bill Skinner, TRTA member and a dear friend. And joining us in the gallery are several members of TRTA that have taken the time to come to Austin to be with us today. I especially want to welcome those of you who are here from my district, and I'd ask you all to please stand up and be recognized. Thank you very much for being here.

Members, TRTA has a membership base of approximately 70,000 retirees that continually work to improve their local communities throughout the state. In 2010, TRTA members selflessly gave approximately 5.8 million hours of volunteer service, equivalent to a value of more than $121 million. For this, and the many other things they do, we are all forever indebted to them, to you. TRTA members will be visiting our offices this afternoon, and I encourage you and your staff to take the time to visit with them. TRTA members, we owe you a great deal of gratitude. Thank you for what you have done for our children. Thank you for what you have done for us. We understand what you are going through. We are listening. We are getting your hundreds of letters. We are reading them. We are hearing what you say. And please know, together we are going to get through this. Mr. Speaker, members, thank you for your consideration.

## REMARKS ORDERED PRINTED

Representative Lozano moved to print remarks by Representative Truitt on **HR 828**.

The motion prevailed.

## HR 812 - PREVIOUSLY ADOPTED
### (by White)

The chair laid out the following previously adopted resolution:

**HR 812**, Recognizing the Texas Forestry Association on the occasion of its seedling giveaway and commending association members for their reforestation efforts and advocacy.

On motion of Representatives White and Christian, the names of all the members of the house were added to **HR 812** as signers thereof.

## HR 147 - PREVIOUSLY ADOPTED
### (by Giddings)

The chair laid out and had read the following previously adopted resolution:

**HR 147**, Honoring the life of Dan S. Petty of Dallas.

On motion of Representative Branch, the names of all the members of the house were added to **HR 147** as signers thereof.

TX_00002928
USA_00016958

Case 2:13-cv-00193   Document 661-1   Filed on 11/11/14 in TXSD   Page 5 of 65
e 1:12-cv-00128-RMC-DST-RLW   Document 208-4   Filed 06/20/12   Page 27 of
Wednesday, March 23, 2011     HOUSE JOURNAL — 40th Day     947

## INTRODUCTION OF GUESTS

The chair recognized Representative Giddings who introduced family members of Dan S. Petty.

### HR 857 - ADOPTED
### (by S. King)

Representative S. King moved to suspend all necessary rules to take up and consider at this time **HR 857**.

The motion prevailed.

The following resolution was laid before the house:

**HR 857**, Recognizing March 23, 2011, as Parent Association for the Retarded of Texas Day at the State Capitol.

**HR 857** was read and was adopted.

### HR 240 - ADOPTED
### (by Patrick, et al.)

Representative Patrick moved to suspend all necessary rules to take up and consider at this time **HR 240**.

The motion prevailed.

The following resolution was laid before the house:

**HR 240**, In memory of former Arlington mayor, U.S. representative, and Tarrant County judge Tom J. Vandergriff.

**HR 240** was read and was unanimously adopted by a rising vote.

On motion of Representatives Anchia and Nash, the names of all the members of the house were added to **HR 240** as signers thereof.

## INTRODUCTION OF GUESTS

The chair recognized Representative Patrick who introduced family members of the Honorable Tom J. Vandergriff.

### HR 739 - PREVIOUSLY ADOPTED
### (by Burkett)

The chair laid out and had read the following previously adopted resolution:

**HR 739**, Recognizing March 23, 2011, as Sunnyvale Day at the State Capitol.

### HR 979 - ADOPTED
### (by Keffer)

Representative Keffer moved to suspend all necessary rules to take up and consider at this time **HR 979**.

The motion prevailed.

The following resolution was laid before the house:

TX_00002929

USA_00016959

**HR 979**, Commending the firefighters of Texas and paying tribute to the volunteer firefighters who have died in the line of duty.

**HR 979** was adopted.

On motion of Representative C. Anderson, the names of all the members of the house were added to **HR 979** as signers thereof.

### HR 320 - PREVIOUSLY ADOPTED
### (by L. Gonzales)

The chair laid out and had read the following previously adopted resolution:

**HR 320**, Recognizing March 23, 2011, as Hutto Day at the State Capitol.

### INTRODUCTION OF GUESTS

The chair recognized Representative L. Gonzales who introduced a delegation from Hutto.

### HCR 114 - ADOPTED
### (by Craddick)

Representative Craddick moved to suspend all necessary rules to take up and consider at this time **HCR 114**.

The motion prevailed.

The following resolution was laid before the house:

**HCR 114**, Designating April 2011 as Distracted Driving Awareness Month in Texas.

**HCR 114** was adopted.

On motion of Representative Phillips, the names of all the members of the house were added to **HCR 114** as signers thereof.

### HR 564 - PREVIOUSLY ADOPTED
### (by Kuempel)

The chair laid out and had read the following previously adopted resolution:

**HR 564**, Congratulating the football team of the Byron P. Steele II High School in Cibolo on winning the UIL 5A Division II state championship.

On motion of Representative Kuempel, the names of all the members of the house were added to **HR 564** as signers thereof.

### INTRODUCTION OF GUESTS

The chair recognized Representative Kuempel who introduced players and coaches of the Byron P. Steele II High School football team.

### HB 3822 - PERMISSION TO INTRODUCE

Representative Workman requested permission to introduce and have placed on first reading **HB 3822**.

Permission to introduce was granted by (Record 106): 145 Yeas, 0 Nays, 2 Present, not voting.

TX_00002930
JA_002078

TX_00002930

USA_00016960

Case 2:13-cv-00193   Document 661-1   Filed on 11/11/14 in TXSD   Page 7 of 65
e 1:12-cv-00128-RMC-DST-RLW   Document 208-4   Filed 06/20/12   Page 29 of
Wednesday, March 23, 2011          HOUSE JOURNAL — 40th Day          949

Yeas — Aliseda; Allen; Alonzo; Alvarado; Anchia; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Burnam; Button; Callegari; Carter; Chisum; Christian; Coleman; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Davis, Y.; Deshotel; Driver; Dukes; Dutton; Eissler; Elkins; Farias; Farrar; Fletcher; Flynn; Frullo; Gallego; Garza; Geren; Giddings; Gonzales, L.; Gonzales, V.; Gonzalez; Gooden; Guillen; Gutierrez; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hernandez Luna; Hilderbran; Hochberg; Hopson; Howard, C.; Howard, D.; Huberty; Hughes; Hunter; Isaac; Jackson; Johnson; Keffer; King, P.; King, S.; King, T.; Kleinschmidt; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lozano; Lucio; Lyne; Madden; Mallory Caraway; Margo; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Miller, D.; Miller, S.; Morrison; Muñoz; Murphy; Naishtat; Nash; Oliveira; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pickett; Pitts; Price; Quintanilla; Raymond; Reynolds; Riddle; Ritter; Rodriguez; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Strama; Taylor, L.; Taylor, V.; Thompson; Torres; Truitt; Turner; Veasey; Villarreal; Vo; Walle; Weber; White; Woolley; Workman; Zedler; Zerwas.

Present, not voting — Mr. Speaker; Cain(C).

Absent, Excused — Eiland.

Absent — Castro; Kolkhorst.

### STATEMENT OF VOTE

When Record No. 106 was taken, I was temporarily out of the house chamber. I would have voted yes.

Kolkhorst

### HB 3823 - PERMISSION TO INTRODUCE

Representative Thompson requested permission to introduce and have placed on first reading **HB 3823**.

Permission to introduce was granted by (Record 107): 146 Yeas, 0 Nays, 2 Present, not voting.

Yeas — Aliseda; Allen; Alonzo; Alvarado; Anchia; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Burnam; Button; Callegari; Carter; Castro; Chisum; Christian; Coleman; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Davis, Y.; Deshotel; Driver; Dukes; Dutton; Eissler; Elkins; Farias; Farrar; Fletcher; Flynn; Frullo; Gallego; Garza; Geren; Giddings; Gonzales, L.; Gonzales, V.; Gonzalez; Gooden; Guillen; Gutierrez; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hernandez Luna; Hilderbran; Hochberg; Hopson; Howard, C.; Howard, D.; Huberty; Hughes; Hunter; Isaac; Jackson; Johnson; Keffer; King, P.; King, S.; King, T.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lozano; Lucio; Lyne; Madden; Mallory Caraway; Margo; Marquez; Martinez; Martinez Fischer;

Case 2:13-cv-00193  Document 661-1  Filed on 11/11/14 in TXSD  Page 8 of 65
e 1:12-cv-00128-RMC-DST-RLW  Document 208-4  Filed 06/20/12  Page 30 of

950        82nd LEGISLATURE — REGULAR SESSION

Menendez; Miles; Miller, D.; Miller, S.; Morrison; Muñoz; Murphy; Naishtat; Nash; Oliveira; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pickett; Pitts; Price; Quintanilla; Raymond; Reynolds; Riddle; Ritter; Rodriguez; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Strama; Taylor, L.; Taylor, V.; Thompson; Torres; Truitt; Turner; Veasey; Villarreal; Vo; Walle; Weber; White; Woolley; Workman; Zedler; Zerwas.

Present, not voting — Mr. Speaker; Cain(C).

Absent, Excused — Eiland.

Absent — McClendon.

### STATEMENT OF VOTE

When Record No. 107 was taken, I was in the house but away from my desk. I would have voted yes.

McClendon

### HR 980 - ADOPTED
### (by Sheffield)

Representative Sheffield moved to suspend all necessary rules to take up and consider at this time **HR 980**.

The motion prevailed.

The following resolution was laid before the house:

**HR 980**, Recognizing March 23, 2011, as Salad Day and commending the owner/operators of Texas McDonald's restaurants.

**HR 980** was adopted.

On motion of Representative D. Howard, the names of all the members of the house were added to **HR 980** as signers thereof.

### FIVE-DAY POSTING RULE SUSPENDED

Representative Cook moved to suspend the five-day posting rule to allow the Committee on State Affairs to consider **HB 162** 30 minutes after adjournment today in JHR 140.

The motion prevailed.

(Eiland now present)

(Speaker in the chair)

### EMERGENCY CALENDAR
### SENATE BILLS
### SECOND READING

The following bills were laid before the house and read second time:

TX_00002932<br>JA_002080

Case 2:13-cv-00193 Document 661-1 Filed on 11/11/14 in TXSD Page 9 of 65
e 1:12-cv-00128-RMC-DST-RLW Document 208-4 Filed 06/20/12 Page 31 of
Wednesday, March 23, 2011        HOUSE JOURNAL — 40th Day        951

## CSSB 14 ON SECOND READING
### (Harless, L. Taylor, Peña, Truitt, T. Smith, et al. - House Sponsors)

**CSSB 14**, A bill to be entitled An Act relating to requirements to vote, including presenting proof of identification; providing criminal penalties.

### CSSB 14 - POINT OF ORDER

Representative Walle raised a point of order against further consideration of **CSSB 14** under Rule 6, Section 16 of the House Rules on the grounds that the calendar is ineligible for consideration.

The speaker overruled the point of order, speaking as follows:

Mr. Walle raises a point of order pursuant to Rule 6, Section 16 that the initial printing of the calendar contained an error that prevents further consideration. The chair has reviewed the original and revised calendar and finds that the purpose of Rule 6, Section 16 has been complied with. The point of order is respectfully overruled.

### CSSB 14 - POINT OF ORDER

Representative Walle raised a point of order against further consideration of **CSSB 14** under Rule 6, Section 16 of the House Rules on the grounds that the calendar is ineligible for consideration.

The speaker overruled the point of order, speaking as follows:

Mr. Walle raises a point of order under Rule 6, Section 16 on the grounds that the corrected calendar is not properly in order for consideration and is not eligible for consideration at this time. A similar error occurred in **HB 1111** during the 79th Legislature. In that case, an error was discovered and a new calendar was printed and considered after a two-hour layout. The chair noted in that case that the error in the calendar was corrected and was laid out more than two hours. The chair finds no violation under Rule 6, Section 16. The point of order is respectfully overruled.

### PARLIAMENTARY INQUIRY

REPRESENTATIVE GALLEGO: Mr. Speaker, just a parliamentary inquiry so that I, if you don't mind, can understand the line of reasoning behind the—Mr. Walle's point of order was that Rule 6, Section 16 doesn't provide, as I read the rule. The rule indicates that "deviations from the calendar as posted shall not be permitted, except that the Committee on Calendars shall be authorized to prepare and post, not later than two hours before the house convenes, a supplemental daily calendar." So the two-hour notice under the rules applies to the supplemental daily calendar, is that not correct?

SPEAKER STRAUS: Mr. Gallego, under Rule 6, Section 16, deviations from the calendar are permitted, if they are permitted by the Committee on Calendars.

GALLEGO: Mr. Speaker, the sentence reads "deviations from the calendars as posted shall not be permitted, except in the case of the supplemental calendar."

TX_00002933
JA_002081

TX_00002933
USA_00016963

Case 2:13-cv-00193 Document 661-1 Filed on 11/11/14 in TXSD Page 10 of 65
e 1:12-cv-00128-RMC-DST-RLW Document 208-4 Filed 06/20/12 Page 32 of
952          82nd LEGISLATURE — REGULAR SESSION

SPEAKER: Mr. Gallego, the phrase "except" means there are deviations that are permitted.

GALLEGO: But, the exception is listed, is it not, Mr. Speaker? The exception is the supplemental daily calendar, which can be printed two hours before the house convenes.

SPEAKER: Mr. Gallego, there was a printing error in this calendar that was discovered and it's been corrected.

GALLEGO: The issue, Mr. Speaker, as I understand Mr. Walle's point of order, is that under the rules, revised calendars don't exist; supplemental calendars exist. And this was not remedied through a supplemental calendar, it was remedied so that the posting should—if we're going to do the supplemental calendar, and the posting, and the two-hour notice, then this was not a supplemental calendar which we all receive on our desks. As the routine course of the house's business, we receive supplemental calendars. And in this instance, we didn't receive a supplemental calendar, we received a revised calendar, which would seem to indicate that—I guess the difficulty for me is that you can't have it—the argument that you can't have it both ways. If it is a supplemental calendar, and there is a two-hour notice, and there is a deviation, that's fine, but if the argument is that it's a revised calendar and all this revised calendar does is take the place of the first one, then it seems that that timing should relate back. The posting notice should relate back, as well.

SPEAKER: Thank you, Mr. Gallego, for your inquiry. This is not the first time that a printing error has occurred in our calendars. On May 15 of 1997, for instance, an error in the printing was corrected under the title "Corrected Daily House Calendar." On May 20 of 1999, a correction was made under the "Corrected Daily House Calendar." And, similarly, on Tuesday, July 19, 2005, the correction was made under "Revised Daily House Calendar."

### REMARKS ORDERED PRINTED

Representative Walle moved to print remarks between Representative Gallego and the speaker.

The motion prevailed.

### CSSB 14 - POINT OF ORDER

Representative Farrar raised a point of order against further consideration of **CSSB 14** under Rule 4, Section 11 and Rule 4, Section 12 of the House Rules on the grounds that proper notice of the committee meeting was not given and the committee meeting was not open to the public.

The speaker overruled the point of order, speaking as follows:

Representative Farrar raises a point of order under Rule 4, Section 11 and 12. Representative Farrar indicates that the meeting of the Calendars Committee began at 10:07 p.m., and that the Capitol was closed and access to the meeting room may have been denied. While the Calendars Committee did not begin meeting until 10:07 p.m., the meeting was initially posted for 9 p.m. As noted on

Case 2:13-cv-00193   Document 661-1   Filed on 11/11/14 in TXSD   Page 11 of 65
e 1:12-cv-00128-RMC-DST-RLW   Document 208-4   Filed 06/20/12   Page 33 of
Wednesday, March 23, 2011          HOUSE JOURNAL — 40th Day          953

the State Preservation Board website, the hours of the Capitol are normally between 7 a.m. and 10 p.m. but are extended during legislative sessions, including during house committee meetings. It appears that the provisions of Rule 4, Section 11, were complied with. The point of order is respectfully overruled.

### CSSB 14 - POINT OF ORDER

Representative Martinez Fischer raised a point of order against further consideration of **CSSB 14** under Rule 4, Section 32(c) and Rule 4, Section 32(f) of the House Rules on the grounds that the bill analysis is incorrect.

The speaker overruled the point of order, speaking as follows:

Representative Martinez Fischer raises a point of order under Rule 4, Section 32 in that the bill analysis fails to discuss changes on page 11, line 7 and page 11, line 27 of the bill. Specifically, Representative Martinez Fischer argues that the bill analysis fails to compare the bill to existing law and fails to list revision on page 11, line 27 as an express repeal. The chair has reviewed the bill and the bill analysis. The chair finds that the language of the bill analysis is not materially or substantially misleading and that the bill analysis, which is a summary, accurately reflects the substance of the bill. The point of order is respectfully overruled.

### PARLIAMENTARY INQUIRY

REPRESENTATIVE MARTINEZ FISCHER: Thank you, Mr. Speaker—parliamentary inquiry.

SPEAKER STRAUS: State your inquiry.

MARTINEZ FISCHER: In the last part of your ruling you made reference to the bill analysis being a summary, did I hear that right?

SPEAKER: That's correct.

MARTINEZ FISCHER: Could you repeat that last line, would you indulge me? I couldn't hear back here.

SPEAKER: The bill analysis, which is a summary, accurately reflects the substance of the bill.

MARTINEZ FISCHER: And, Mr. Speaker, parliamentary inquiry.

SPEAKER: State your inquiry.

MARTINEZ FISCHER: As I read Rule 4, Section 32(c), I don't see—I don't see in the rules where members are given the opportunity to summarize the bill in the bill analysis. Fact is, I read Rule 4, Section 32(c), it says that the bill analysis must include in summary or section-by-section form a detailed analysis, not a summary analysis, a detailed analysis, and so did the chair misunderstand me when I made that argument? Is the chair under the impression that I am arguing that there should be a lesser standard than a detailed analysis? Because I didn't argue there should be a summary analysis—in fact, the rules are contrary to any

TX_00002935
## JA_002083

members providing a summary analysis, it says it must be detailed, it can be in a summary or a section-by-section form, but the analysis must be detailed. Is the chair in agreement with that reading of the rule, as I see it?

SPEAKER: The chair has applied the precedence from prior sessions.

MARTINEZ FISCHER: And what precedence would that be, Mr. Chairman, Mr. Speaker?

SPEAKER: For instance, Mr. Martinez Fischer, there's a precedent from the 81st Session.

MARTINEZ FISCHER: The 81st Session, would the chair be inclined as to tell me what day of the journal that was?

SPEAKER: It was May 20th, 2009.

MARTINEZ FISCHER: May 20th, 2009. Okay, now in chair's ruling—

SPEAKER: It was on **SB 865**.

MARTINEZ FISCHER: **SB 865**? Thank you, Mr. Speaker. In the chair's ruling, in effect, the chair is saying that if we—if there is an express strike-through on a bill that changes the current state of the law, there is no requirement under Rule 4, Section 32(c) or Rule 4, Section 32(c)(3) that requires a member to notify the body and the general public that we are expressly changing a legal standard.

SPEAKER: Rule 4, Section 32, Subsection (c), Subsection (2) requires a list of provisions expressly, expressly repealed by the bill or resolution.

MARTINEZ FISCHER: So, the chair's interpretation, which I would deem to be narrow—is it the chair's interpretation that what triggers an express statement of a repeal of a law is the words in a bill or resolution that says, this article or this section is expressly repealed? Is that how the chair interprets Rule 4, Section 32(c)(2)?

SPEAKER: Just one moment, Mr. Martinez Fischer. Mr. Martinez Fischer, the point of order that you raised did not point us to a section of the law that contained an express repeal.

MARTINEZ FISCHER: Then the chair may have misunderstood my point of order. Shall I reassert it, Mr. Chairman? Because I crystal clearly remember arguing to the chair that when you take two sections of the bill and take us from a discretionary standard and change it to a mandatory standard, the strike-through of the discretionary is a repeal of a statute—in fact, guts the statute—and then I argued secondarily that when you go from a "shall" standard to a "must" standard, you again are expressly repealing a statute by a strike-through and, in fact, you are gutting the existing law. I offered that, and if the chair did not analyze the point of order under that analysis, then I would like to raise that point of order again.

SPEAKER: Mr. Martinez Fischer, the chair has already ruled on the point of order. You are welcome to lodge another point and I will request, the chair would request that the exchange be reduced to writing and entered into the journal.

TX_00002936
JA_002084

Case 2:13-cv-00193   Document 661-1   Filed on 11/11/14 in TXSD   Page 13 of 65
e 1:12-cv-00128-RMC-DST-RLW   Document 208-4   Filed 06/20/12   Page 35 of
Wednesday, March 23, 2011      HOUSE JOURNAL — 40th Day      953

MARTINEZ FISCHER:  I'm sorry, what about the last part, Mr. Speaker?

SPEAKER:  I would request that the exchange between you and the chair be reduced to writing and entered into the journal.

MARTINEZ FISCHER:  Thank you, Mr. Speaker, I was going to do the same thing.  And so—but I don't have to raise another point of order—but the chair has suggested that portion of that argument was not considered by the chair because the chair was unaware that that was, that that objection was being raised, and if the chair has properly considered that, I'd like the chair to tell me there would be no need to raise an additional point of order.

SPEAKER:  Mr. Martinez Fischer, the chair appreciates your arguments and the chair respectfully has overruled your point of order.

MARTINEZ FISCHER:  I understand that Mr. Speaker, but on what grounds?

SPEAKER:  That Rule 4, Section 32(c) has been complied with.

MARTINEZ FISCHER:  In all aspects?

SPEAKER:  And that the bill analysis is not substantially or materially misleading.

MARTINEZ FISCHER:  And with regard to Rule 4, Section 32(c)(2), a repeal of a statute that's not explained in a detailed bill analysis, that's part of your ruling, as well?

SPEAKER:  Yes, sir, it is.

MARTINEZ FISCHER:  Thank you, Mr. Speaker.

### REMARKS ORDERED PRINTED

The speaker moved to print remarks between Representative Martinez Fischer and the speaker.

The motion prevailed.

### CSSB 14 - POINT OF ORDER

Representative Coleman raised a point of order against further consideration of **CSSB 14** under Rule 4, Section 32(c) of the House Rules on the grounds that the bill analysis is materially or substantially misleading.

The speaker overruled the point of order, speaking as follows:

Mr. Coleman raises a point of order under Rule 4, Section 32.  Specifically, the provision relating to the use of passports found on page 1 of the bill analysis is not sufficiently detailed enough continuously through the bill analysis.  The chair has reviewed the bill and the bill analysis and finds that the provision complained of, relating to passports, is contained in the bill analysis and is not materially or substantially misleading.  Accordingly, the point of order is respectfully overruled.

Case 2:13-cv-00193 Document 661-1 Filed on 11/11/14 in TXSD Page 14 of 65
e 1:12-cv-00128-RMC-DST-RLW Document 208-4 Filed 06/20/12 Page 36 of
956                    82nd LEGISLATURE — REGULAR SESSION

### CSSB 14 - POINT OF ORDER

Representative Martinez Fischer raised a point of order against further consideration of **CSSB 14** under Article III, Section 49-k of the Texas Constitution on the grounds that the bill reduces, rescinds, or repeals the Texas Mobility Fund.

The speaker overruled the point of order, speaking as follows:

Mr. Martinez Fischer raises a point of order under Article III, Section 49-k of the Texas Constitution. Specifically, Mr. Martinez Fischer argues that the bill reduces, rescinds, or repeals authority to collect funds under the Texas Mobility Fund. The chair has reviewed the argument, the question raised by Mr. Martinez Fischer was a provision that was constitutional whether any infirmity must be addressed in this bill or any bill if the bill is effective unless changed. It's precisely the type of constitutional points of order traditionally not ruled on. The chair will continue that tradition and the point of order is respectfully overruled.

### PARLIAMENTARY INQUIRY

REPRESENTATIVE MARTINEZ FISCHER: The chair, in his ruling, failed to indicate whether they found this to be a substantive challenge or a procedural challenge to the constitution and I'd like to know which it is.

SPEAKER STRAUS: Mr. Martinez Fischer, the chair found that this deals with a substantive constitutional issue.

MARTINEZ FISCHER: Mr. Speaker, parliamentary inquiry.

SPEAKER: State your inquiry.

MARTINEZ FISCHER: Is the constitutional article that says bills must be read on three several days, is that procedural or substantive?

SPEAKER: That is a point of order that has traditionally been ruled on by the chair.

MARTINEZ FISCHER: As procedural or substantive?

SPEAKER: As a discussion of legislative procedure.

MARTINEZ FISCHER: And Mr. Speaker, further inquiry, is the constitutional provision saying that all bills must pass both houses of the legislature, is that procedural or substantive?

SPEAKER: Again, Mr. Martinez Fischer, that is a point of order that has been ruled on, on legislative procedure.

MARTINEZ FISCHER: Okay, and the constitutional provisions related to the two-subject rule, is that also procedural, or is it substantive?

SPEAKER: Mr. Martinez Fischer, in ruling on Article III, Section 49-k of the constitution, we found that that did not fall within classes of legislative procedures traditionally ruled on by the chair.

TX_00002938
JA_002086

TX_00002938

USA_00016968

Case 2:13-cv-00193 Document 661-1 Filed on 11/11/14 in TXSD Page 15 of 65

e 1:12-cv-00128-RMC-DST-RLW Document 208-4 Filed 06/20/12 Page 37 of
Wednesday, March 23, 2011     HOUSE JOURNAL — 40th Day     957

MARTINEZ FISCHER: With respect to the substantive ruling of this chair, there was not a substantive claim made in the point of order, in fact, the point of order was launched because the procedure by which a bill comes to the floor that repeals, rescinds, or reduces constitutionally dedicated monies—my argument is, procedurally, no bill can come to the floor that does that unless they comply with the constitution, which requires them to explain how they plan to reallocate the monies they deprive from the mobility fund. And so, procedurally, that is what my point is. I'm not arguing the substantive matter, as to whether or not the Article III, Section 49 even applies in this instance. I am saying—I am saying that procedurally, just like procedurally we read bills on three separate days, just like procedurally we pass bills out of the house and senate, this is also a procedure by which we bring bills to the floor that are in order and not in order. And my procedural argument is that the bill is not in order, because procedurally it deprives the mobility fund of its dedicated source of funding, and the only way, procedurally, that we can proceed is if we allocate monies to replenish what we take. I'm not arguing as to the substantive merits of that, I'm arguing that is a necessary step for a bill to be in order. So if the chair wants to rule that procedurally I am overruled, I will sit down. But my point of order is specific to this procedural component of the constitutional article and not the substantive interpretation.

SPEAKER: Mr. Martinez Fischer, we have reviewed and heard your arguments, we've looked for precedent, there is none. And the point of order is respectfully overruled and I'd be happy to take this exchange between me and you and have it entered into the journal.

MARTINEZ FISCHER: We can put it on the journal, we can put it on a billboard, but we're here today, and just because there isn't precedent, that's not a reason to overrule the point of order. And I will say that the reason why you may not find a precedent is that the creation of the mobility fund is relatively new and I think that only in two instances in our Texas Constitution do we place the procedural hurdle of protecting dedicated funds. One is for the mobility fund, and one is for the rail relocation fund. We have an obligation, as lawmakers, to not submit the full faith and credit of the State of Texas to bond holders when we take money that they are relying on to pay for construction bonds. And so I'm not arguing the substantive part of that, I am wanting the chair to make a ruling that, procedurally, you do not have to replenish money that you procedurally take out of the mobility fund, not the substantive interpretation of the fund itself. And so if the chair wants to put in its ruling we've reviewed the procedural argument and we find, procedurally, there's nothing there, then I will sit down.

SPEAKER: Mr. Martinez Fischer, the chair will revise its ruling to include the arguments you've made, thank you.

MARTINEZ FISCHER: So that will be, in fact, the chair's ruling? Will the chair please read that ruling to me?

SPEAKER: Point of order is respectfully overruled.

MARTINEZ FISCHER: On procedural grounds?

TX_00002939
JA_002087

Case 2:13-cv-00193   Document 661-1   Filed on 11/11/14 in TXSD   Page 16 of 65
e 1:12-cv-00128-RMC-DST-RLW   Document 208-4   Filed 06/20/12   Page 38 of
958          82nd LEGISLATURE — REGULAR SESSION

SPEAKER:   The chair has listened respectfully to your arguments and respectfully overrules your point of order.

MARTINEZ FISCHER:   If the chair is making its ruling on the substantive interpretation of Article III, Section 49, then the chair has not heard my argument. My argument is on the procedural hurdle that exists with respect to Article III, Section 49.   And so, procedurally, once again, Mr. Speaker, if there is an overruling of the procedural point of order, I will stand by the chair's ruling.  But I need to hear that to be the chair's ruling.

SPEAKER:  Mr. Martinez Fischer, the chair overrules on all grounds that you've raised.  Thank you.

### REMARKS ORDERED PRINTED

Representative Martinez Fischer moved to print remarks between the speaker and Representative Martinez Fischer.

The motion prevailed.

(Geren in the chair)

Pursuant to Rule 5, Section 28 of the House Rules, Representative Anchia requested a second extension of speaking time on **CSSB 14**.

There being objection, the request was not granted.

### Amendment No. 1

Representative Anchia offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) by striking the enacting clause (page 1, line 4).

Amendment No. 1 was withdrawn.

### Amendment No. 2

Representative Anchia offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) as follows:

(1) Strike SECTIONS 1 and 2 of the bill (page 1, line 5, through page 2, line 2) and renumber the remaining SECTIONS of the bill accordingly.

(2) In SECTION 9 of the bill, strike amended Section 63.001(b), Election Code (page 5, lines 2 through 6), and substitute the following:

(b) On offering to vote, a voter must present to an election officer at the polling place:

(1) one form of photo identification described by Section 63.0101; or

(2) the voter's voter registration certificate, accompanied by the affidavit described by Subsection (h) [to an election officer at the polling place].

(3) In SECTION 9 of the bill, strike added Section 63.001(h), Election Code (page 6, lines 15 through 23), and substitute the following:

(h) If the requirement for identification prescribed by Subsection (b)(1) is not met, an election officer shall notify the voter that the voter may be accepted for voting if the voter executes an affidavit under penalty of perjury stating that the voter is the person named on the voter registration certificate.

TX_00002940
## JA_002088

Case 2:13-cv-00193  Document 661-1  Filed on 11/11/14 in TXSD  Page 17 of 65
e 1:12-cv-00128-RMC-DST-RLW  Document 208-4  Filed 06/20/12  Page 39 of
Wednesday, March 23, 2011    HOUSE JOURNAL — 40th Day    959

(4) Strike SECTION 17 of the bill (page 11, line 24, through page 12, line 20) and substitute the following:

SECTION 17. Section 65.054(b), Election Code, is amended to read as follows:

(b) A provisional ballot shall [may] be accepted [only] if the board determines that:

(1) [,] from the information in the affidavit or contained in public records, the person is eligible to vote in the election and has not previously voted in that election; and

(2) the person meets the identification requirements of Section 63.001(b) at the time the ballot was cast or in the period prescribed under Section 65.0541.

(5) In SECTION 18 of the bill, strike added Section 65.0541(a), Election Code (page 12, line 24, through page 13, line 4) and substitute the following:

(a) A voter who is accepted for provisional voting under Section 63.011 because the voter does not meet the identification requirements of Section 63.001(b) may, not later than the sixth day after the date of the election, present a form of identification described by Section 63.0101 to the voter registrar for examination.

Amendment No. 2 was withdrawn.

**Amendment No. 3**

Representatives Giddings and Bonnen offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) as follows:

(1) In the recital to SECTION 9 of the bill (page 5, line 1), strike "(g) and (h)" and substitute "(g), (h), and (i)".

(2) In SECTION 9 of the bill, in amended Section 63.001(b), Election Code (page 5, line 2), strike "Subsection (h)" and substitute "Subsection (h) or (i)".

(3) In SECTION 9 of the bill, following added Section 63.001(h), Election Code (page 6, between lines 23 and 24), add the following:

(i) A voter who would otherwise be accepted for voting under this chapter but for the requirements of Subsection (b) shall be accepted for voting if, instead of presenting the identification required by Subsection (b), the voter executes an affidavit under penalty of perjury that asserts that the voter's proof of identification meeting the requirements of Subsection (b) has been stolen and the voter presents to an election officer a copy of an official police report, dated not earlier than the 45th day before the date on which the voter seeks to vote, alleging that the voter was a victim of an offense described by Section 32.51, Penal Code. The voter may redact personal information on the report relating to the voter, other than the voter's name, address, or date of birth. A report presented under this section is not required to contain the voter's date of birth.

Amendment No. 3 was adopted.

TX_00002941
JA_002089


TX_00002941
USA_00016971

Case 2:13-cv-00193 Document 661-1 Filed on 11/11/14 in TXSD Page 18 of 65
e 1:12-cv-00128-RMC-DST-RLW Document 208-4 Filed 06/20/12 Page 40 of
82nd LEGISLATURE — REGULAR SESSION

**Amendment No. 4**

Representative Turner offered the following amendment to **CSSB 14**:

Amend **CSSB 14** as follows:

(1) SECTION 9, page 5, line 3, after "election officer" add the following language:

<u>in a county with more than 4 million people, whom meets the requirements as set out in Chapter 85, Section 85.009 Elections Code for early voting; and Chapter 32, Section 32.002 for non-early voting or any other election governed by Chapter 32.</u>

(2) by adding the following appropriately numbered SECTION to the bill and renumbering subsequent SECTIONS of the bill accordingly:

SECTION ____. Chapter 32, Sec. 32.002 (2)(c), Elections Code, is amended to read as follows:

(c) The presiding judge and alternate presiding judge must be affiliated or aligned with different political parties, subject to this subsection. Before July of each year in a county to which Subsection (a)(1) applies or before August of each year in a county to which Subsection (a)(2) applies, the county chair of a political party whose candidate for governor received the highest or second highest number of votes in the county in the most recent gubernatorial general election shall submit in writing to the commissioners court a list of names of persons in order of preference for each precinct who are eligible for appointment as an election judge. The county chair may supplement the list of names of persons until the 20th day before a general election or the 15th day before a special election in case an appointed election judge becomes unable to serve. The commissioners court shall appoint the first person meeting the applicable eligibility requirements from the list submitted in compliance with this subsection <u>by the same party as the state representative in the district where the voting place is located,</u> and the first person meeting the applicable eligibility requirements from the list submitted in compliance with this subsection by the other political parties list ~~party with the second highest number of votes in the precinct~~ as the alternate presiding judge. The commissioners court may reject the list if the persons whose names are submitted on the list are determined not to meet the applicable eligibility requirements.

(3) by adding the following appropriately numbered SECTION to the bill and renumbering subsequent SECTIONS of the bill accordingly:

SECTION ____. Chapter 85, Elections Code, is amended to read as follows:

Sec. 85.009. ELECTION OFFICERS FOR GENERAL ELECTION FOR STATE AND COUNTY OFFICERS. (a) The county clerk shall select election officers for the main early voting polling place and any branch polling place from a list provided under Subsection (b), in a manner that provides equal representation to the extent possible for each political party holding a primary election in the county.

(b) Before July of each year, the county chair of each political party holding a primary election in the county shall submit in writing to the county clerk a list of names of persons in order of preference for each early voting polling place

TX_00002942
USA_00016972

Case 2:13-cv-00193   Document 661-1   Filed on 11/11/14 in TXSD   Page 19 of 65
e 1:12-cv-00128-RMC-DST-RLW   Document 208-4   Filed 06/20/12   Page 41 of

Wednesday, March 23, 2011        HOUSE JOURNAL — 40th Day        961

who are eligible for selection as an election officer. The county chair may supplement the list of names of persons until the 30th day before early voting begins in case an appointed election officer becomes unable to serve.

(1) The county clerk shall appoint the first person meeting the applicable eligibility requirements from the list submitted in compliance with this subsection by the party with the highest number of votes in the county as the presiding election officer of that polling place and the first person meeting the applicable eligibility requirements from the list submitted in compliance with this subsection by the party with the second highest number of votes in the county as the alternate presiding election officer of that polling place.

(2) The county clerk shall appoint additional election officers for each polling place in the manner described ~~by Subsection (a). The county clerk may reject the list if the persons whose names are submitted on the list are determined not to meet the applicable eligibility requirements.~~ as follows: The county clerk shall appoint the first person meeting the applicable eligibility requirements from the list submitted by the same political party as the state representative in the district where the voting place is located and the first person meeting the applicable eligibility requirements from the list submitted in compliance with this subsection by the other political parties list as the alternate presiding judge.

Amendment No. 4 was withdrawn.

## Amendment No. 5

Representative Hochberg offered the following amendment to **CSSB 14**:

Amend **CSSB 14** on page 5, line 14, by inserting "under standards adopted by the secretary of state" between "list" and the comma.

Amendment No. 5 was adopted.

## Amendment No. 6

Representative Y. Davis offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) is amended as follows:
(1) Strike lines 12 thru 14 on page 6 and replace the following:
(D) includes notice that if all procedures are followed, the voter's provisional ballot will be accepted.

(Speaker in the chair)

Amendment No. 6 was withdrawn.

## Amendment No. 7

Representatives Bonnen, Zedler, Simpson, Creighton, S. Miller, Lyne, Otto, Chisum, Madden, T. Smith, W. Smith, D. Miller, Jackson, Berman, Lewis, Hartnett, Landtroop, Kleinschmidt, J. Davis, Zerwas, Flynn, Crownover, Isaac, Parker, Larson, Orr, Hopson, Truitt, Brown, Scott, Morrison, V. Taylor, P. King, Callegari, S. King, Sheets, Laubenberg, L. Gonzales, Margo, Schwertner, Price, Harper-Brown, Driver, Shelton, Aliseda, Smithee, Aycock, Hancock, and Garza offered the following amendment to **CSSB 14**:

TX_00002943
USA_00016973

Case 2:13-cv-00193  Document 661-1  Filed on 11/11/14 in TXSD  Page 20 of 65
e 1:12-cv-00128-RMC-DST-RLW  Document 208-4  Filed 06/20/12  Page 42 of
562  82nd LEGISLATURE — REGULAR SESSION

Amend **CSSB 14** (house committee printing) in SECTION 9 of the bill, in added Section 63.001(h), Election Code (page 6, lines 17-21), by striking the following:

⋮

    (1) was 70 years of age or older on January 1, 2012, as indicated by the date of birth on the voter's voter registration certificate; or

    (2)

### Amendment No. 8

Representative Eiland offered the following amendment to Amendment No. 7:

Amend Amendment No. 7 by Bonnen by striking the text of the amendment and substituting the following:

Amend **CSSB 14** (house committee printing) in SECTION 9 of the bill, by striking added Section 63.001(h)(1), Election Code (page 6, lines 18-20), and substituting the following:

    (1) is considered elderly under rules adopted for this purpose by the executive commissioner of the health and human services commission, consistent with the definition of elderly used in the Government Code and the Penal Code; or

Representative Bonnen moved to table Amendment No. 8.

The motion to table prevailed by (Record 108): 99 Yeas, 50 Nays, 1 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Peña; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker(C).

TX_00002944
USA_00016974

### Amendment No. 9

Representative Alonzo offered the following amendment to Amendment No. 7:

Amend Amendment No. 7 by Bonnen by striking the text of the amendment and substituting the following:

Amend **CSSB 14** (house committee printing) in SECTION 9 of the bill, in added Section 63.001(h), Election Code (page 6, line 18), by striking "70" and substituting "65".

### AMENDMENT NO. 9 - STATEMENT OF LEGISLATIVE INTENT

REPRESENTATIVE ALONZO: Mr. Veasey, one of the reasons Mr. Eiland and myself brought up this amendment is to pay particular attention to part of our state which are 65 and over, and you pointed out—and it might seem easy to some people while anybody can vote—is that part of your argument? That nobody should be set aside, especially on this law, is that right?

REPRESENTATIVE VEASEY: That is exactly right and I think the point that everybody is missing is that if you were born in 1941, which is what this bill covers. When you were born, you were born into a time when it was legal to discriminate against African Americans and Hispanics, particularly here in this state. And you were routinely denied the right to vote if you were born during that time period and if you lived during that time period and those are the people we are trying to protect by making these amendments better. I do not want my grandmother who is 98 years old, who was born during a time of rampant discrimination. I do not want the people that know her at the school house at Como Elementary School when she goes to vote in Fort Worth, the people that know her, that have known her, those folks are now in their sixties and pushing 70-years-old and my grandmother used to baby-sit them and watch after them, they know who she is. And my grandmother does not have a current driver's license and luckily she usually votes by mail. But if it were an emergency and I needed to take her up to the school to vote, I would not want them to deny her the right to cast a ballot, particularly the people who have known her and know that she is not committing voter fraud. I do not want them to have the right to say no she cannot vote. That is absolutely un-American and ridiculous and discriminatory.

ALONZO: And you know talking about that, isn't it true the reason we set up the Voting Rights Act in the United States was because what part of the United States needed to be reminded and have another hammer to make sure people are allowed to vote. What part of the United States?

VEASEY: The south and Texas.

ALONZO: Right and we can argue for ages and time that it doesn't happen, but isn't it true after we did redistricting in 2003 the supreme court said there was discrimination here in Texas?

VEASEY: Now say that again, I'm sorry.

TX_00002945
JA_002093

TX_00002945

USA_00016975

Case 2:13-cv-00193   Document 661-1   Filed on 11/11/14 in TXSD   Page 22 of 65
e 1:12-cv-00128-RMC-DST-RLW   Document 208-4   Filed 06/20/12   Page 44 of
564          82nd LEGISLATURE — REGULAR SESSION

ALONZO:  That there was discrimination here in Texas after the supreme court ruled on our redistricting in San Antonio.

VEASEY:  Absolutely, rampant.

ALONZO:  And the reason we want to do this amendment, the reason we are for this amendment, and we're going to vote no on the Bonnen amendment is because the elderly should be protected.  The elderly, as pointed out, there is more of a chance that they're not going to renew their driver's license, is that right?

VEASEY:  Absolutely, if you don't have to drive, if you're on a fixed income, why would you go and spend money to get your driver's license renewed?  It may not be a problem in some areas but it surely is a lot—it surely would be a problem in many rural and urban areas, where people just don't have the same access to resources and the same access to cash as others do, particularly for those who are sick and shut-in and rely on social services.

Representative Bonnen moved to table Amendment No. 9.

The motion to table prevailed by (Record 109): 98 Yeas, 50 Nays, 1 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Peña; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker(C).

Absent — Crownover.

### STATEMENT OF VOTE

When Record No. 109 was taken, I was in the house but away from my desk. I would have voted yes.

Crownover

TX_00002946
## JA_002094

Case 2:13-cv-00193 Document 661-1 Filed on 11/11/14 in TXSD Page 23 of 65
e 1:12-cv-00128-RMC-DST-RLW Document 208-4 Filed 06/20/12 Page 45 of
Wednesday, March 23, 2011 HOUSE JOURNAL — 40th Day 963

### AMENDMENT NO. 7 - STATEMENT OF LEGISLATIVE INTENT

REPRESENTATIVE VEASEY: Members, I want to speak against the amendment, because obviously the prior two amendments that were sent up trying to protect old people, to preserve their right, for it to be easy for them to vote, and I think that's all we're asking, is just for a little flexibility on this. We're getting absolutely none at all and I think that's unfortunate because when the bill was laid out, I was under the impression that there wouldn't be different amendments added that would make the bill even more adverse than it already is, and I think we're setting up a bad precedent by voting for this.

REPRESENTATIVE BERMAN: Mr. Veasey, I'm one of those old people that you're talking about. I'm 75, and I've got lots of friends who are 75, and they want to go to the polls and vote just like everybody else, and there are provisions in the bill for the disabled, if you can't get to the polls, there are provisions to vote. I thought it was ridiculous, really, to set a limit of 70. You know, I don't need any protection, and all my friends don't need any protection. I think Mr. Bonnen has got a great amendment.

VEASEY: I think everybody's circumstances are different. I think that's what makes the legislative perspective unique. Some people may live in a rural area and it may take a long time to reach certain areas to go vote. Some people, you know, may have been born during a time where they don't have access to certain documents to obtain driver's licenses and things of that nature. You know, everybody has a different story, a different perspective, our state has not always been as urban as it is now, it has not always been as integrated as it is now.

BERMAN: Well, you're absolutely right, but Ms. Harless has many, many points in the bill that will take care of everyone and any age group. And we don't want to discriminate on age—you're discriminating against me. I want to go to the polls and vote, I don't need to be exempt.

VEASEY: Well, that's different, Leo—you may not have been affected the same way, like my grandmother, my constituents that are African American. The laws that were passed back then may have not had the same adverse impact on you as a white male as they did on other people, and that's what this is about today.

BERMAN: That's true, but there are provisions in the bill that take care of that though.

(Geren in the chair)

Amendment No. 7 was adopted by (Record 110): 97 Yeas, 50 Nays, 2 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop;

TX_00002947

USA_00016977

Case 2:13-cv-00193   Document 661-1   Filed on 11/11/14 in TXSD   Page 24 of 65
e 1:12-cv-00128-RMC-DST-RLW   Document 208-4   Filed 06/20/12   Page 46 of
560          82nd LEGISLATURE — REGULAR SESSION

Larson; Laubenberg; Lavender; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Legler; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Peña; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker; Geren(C).

Absent — Gallego.

STATEMENT OF VOTE

When Record No. 110 was taken, I was in the house but away from my desk. I would have voted no.

Gallego

REMARKS ORDERED PRINTED

Representative Veasey moved to print remarks between Representative Alonzo and Representative Veasey and between Representative Berman and Representative Veasey.

The motion prevailed.

**Amendment No. 10**

Representative Y. Davis offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) by striking lines 12 through 14 of page 6 and substituting the following:

(D)  includes notice that if all procedures are followed and the voter is found to be eligible to vote in the election, the voter's provisional ballot will be counted.

Amendment No. 10 was adopted.

**Amendment No. 11**

Representative Veasey offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) as follows:

(1)  In SECTION 9 of the bill, in added Section 63.001(h)(1), Election Code (page 6, line 20), strike "or".

(2)  In SECTION 9 of the bill, following added Section 63.001(h)(2), Election Code (page 6, line 23), between "15.001(c)" and the period, insert the following:

; or

TX_00002948
JA_002096

TX_00002948

USA_00016978

Case 2:13-cv-00193 Document 661-1 Filed on 11/11/14 in TXSD Page 25 of 65
e 1:12-cv-00128-RMC-DST-RLW Document 208-4 Filed 06/20/12 Page 47 of
Wednesday, March 23, 2011   HOUSE JOURNAL — 40th Day   967

(3)  executes an affidavit under penalty of perjury stating that the voter is the same person named on the list of registered voters for the precinct

Representative Harless moved to table Amendment No. 11.

The motion to table prevailed by (Record 111): 99 Yeas, 48 Nays, 2 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker; Geren(C).

Absent — Turner.

**Amendment No. 12**

Representative Dutton offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) as follows:
(1)  In SECTION 9 of the bill, in added Section 63.001(h)(1), Election Code (page 6, line 20), strike "or".
(2)  In SECTION 9 of the bill, following added Section 63.001(h)(2), Election Code (page 6, line 23), between "15.001(c)" and the period, insert the following:
; or

(3)  the election judge affirms that the judge knows personally

Representative Hancock moved to table Amendment No. 12.

The motion to table prevailed by (Record 112): 100 Yeas, 48 Nays, 2 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.;

TX_00002949
USA_00016979

Case 2:13-cv-00193 Document 661-1 Filed on 11/11/14 in TXSD Page 26 of 65
e 1:12-cv-00128-RMC-DST-RLW Document 208-4 Filed 06/20/12 Page 48 of
568 82nd LEGISLATURE — REGULAR SESSION

Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Gonzales, L.; Gonzalez; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker; Geren(C).

## Amendment No. 13

Representative Eiland offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) as follows:

(1) In SECTION 9 of the bill, in added Section 63.001(h), Election Code (page 6, line 20), strike "or".

(2) In SECTION 9 of the bill, following added Section 63.001(h)(2), Election Code (page 6, line 23), between "15.001(c)" and the period, insert the following:

; or

(3) executes an affidavit under penalty of perjury that asserts the voter does not have identification meeting the requirements of Subsection (b) as a result of a natural disaster declared by the president of the United States or the governor

Amendment No. 13 was adopted.

## Amendment No. 14

Representative Raymond offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) as follows:

(1) In SECTION 9 of the bill, in added Section 63.001(h), Election Code (page 6, line 20), strike "or".

(2) In SECTION 9 of the bill, in added Section 63.001(h), Election Code (page 6, line 23), between "15.001(c)" and the underscored period, insert the following:

"; or

Case 2:13-cv-00193  Document 661-1  Filed on 11/11/14 in TXSD  Page 27 of 65
e 1:12-cv-00128-RMC-DST-RLW  Document 208-4  Filed 06/20/12  Page 49 of
Wednesday, March 23, 2011    HOUSE JOURNAL — 40th Day    969

(3) presents a paycheck or copy of another official employment document that includes the information of the voter's employer and informs the election officer that:

(A) the voter's employer does not permit the voter to be absent from work for the purpose of obtaining photo identification; and

(B) offices of the Department of Public Safety are not open for at least two consecutive hours outside of the voter's working hours

### MESSAGE FROM THE SENATE

A message from the senate was received at this time (see the addendum to the daily journal, Messages from the Senate, Message No. 2).

### CSSB 14 - (consideration continued)

Amendment No. 14 was withdrawn.

**Amendment No. 15**

Representative Martinez offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) as follows:

(1) In SECTION 11 of the bill, in added Section 63.0012(a), Election Code (page 7, lines 15 and 16), strike "Section 521.422, Transportation Code," and substitute "Section 63.010".

(2) Strike SECTION 20 of the bill, amending Section 521.422, Transportation Code (page 13, line 18, through page 14, line 10).

(3) Add the following appropriately numbered SECTION to the bill and renumber the remaining SECTIONS of the bill accordingly:

SECTION ____. Chapter 63, Election Code, is amended by adding Section 63.010 to read as follows:

Sec. 63.010. FEES PROHIBITED FOR CERTAIN FORMS OF IDENTIFICATION DOCUMENTATION. Notwithstanding any other law, an agency, institution, or political subdivision of this state may not charge any fee for the issuance of any document that may be used:

(1) as proof of identification under this chapter; or

(2) to obtain a document that may be used as proof of identification under this chapter.

(Speaker in the chair)

Representative Harless moved to table Amendment No. 15.

The motion to table prevailed by (Record 113): 100 Yeas, 49 Nays, 1 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel;

Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker(C).

## Amendment No. 16

Representative Raymond offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) as follows:

(1) In SECTION 9 of the bill, in added Section 63.001(h), Election Code (page 6, line 20), strike "or".

(2) In SECTION 9 of the bill, in added Section 63.001(h), Election Code (page 6, line 23), between "15.001(c)" and the underscored period, insert the following:

"; or

(3) presents a paycheck or copy of another official employment document that includes the information of the voter's employer and informs the election officer that:

(A) the voter's employer does not permit the voter to be absent from work for the purpose of obtaining photo identification; and

(B) offices of the Department of Public Safety are not open for at least two consecutive hours outside of the voter's working hours

### AMENDMENT NO. 16 - STATEMENT OF LEGISLATIVE INTENT

REPRESENTATIVE V. TAYLOR:   Mr. Speaker and members, I rise in opposition to this amendment.  This deals with people who already have jobs, and in order to have a job in this country, an individual must fill out an I-9 form.  An I-9 form requires identification, so I'm not really sure where this is coming from because these people already had ID to get a job in the first place.  I move to table this amendment.

REPRESENTATIVE RAYMOND:   Repeat that, Mr. Taylor, because I didn't quite hear you, I apologize.

V. TAYLOR:  Sure.  For an individual, for a U.S. citizen—and there are, only U.S. citizens should be registered to vote in this state—to have a job, they must fill out an I-9 form for their employer.  To fill out an I-9 form, they have to have some form of identification.

TX_00002952

USA_00016982

Case 2:13-cv-00193 Document 661-1 Filed on 11/11/14 in TXSD Page 29 of 65
e 1:12-cv-00128-RMC-DST-RLW Document 208-4 Filed 06/20/12 Page 51 of
Wednesday, March 23, 2011 HOUSE JOURNAL — 40th Day 971

RAYMOND: Okay, so is there a scenario that you can envision, Mr. Taylor, where somebody went to work for you, let's say, 10 years ago, right, and they had to fill out the proper forms and show you the proper ID, etcetera, right? Ten years ago. Can you imagine that there would be an instance in this state of 25 million people where registered and eligible voters might, for some reason, 10 years later, might not have the ID required by this bill. Could you imagine that scenario?

V. TAYLOR: Yes.

RAYMOND: Okay, so, you can imagine what I'm trying to get to here which is, you're exactly right. If they work for Van Taylor, and they show up at the polling place, and they have a voter registration card, and they have something from Van Taylor, Inc. saying, you know, I did not provide them time to go get a new ID as required by this bill.

V. TAYLOR: There was a question there somewhere, I'm sure.

RAYMOND: Yes, I just said, you can imagine, then, if somebody worked for you, you hired them legally 10 years ago, some point since then they lost the ID, if this bill passes, this bill becomes law, they lost their ID, but Van Taylor, Inc. didn't give them time during the day to go get the ID that they needed. You could also imagine, in a state of 25 million people, that there could be instances like that.

V. TAYLOR: Well, in the example you just gave, there are opportunities for someone to get, you know, to get their driver's license either online, as many of us have done, or by mail.

RAYMOND: I'm not sure you can go get your, the—what you're asking for in this bill—that you could get it online.

V. TAYLOR: The original form of identification, which is what you would have to have for the I-9 form, since we're only talking about employed people who are U.S. citizens, you can—you have to show up in person to get your first driver's license, to get photo ID, to take your picture somehow, of course. Subsequently, after we've gotten your picture, you can renew up to a number of times online or by mail.

RAYMOND: So if you've had your driver's license for six years—stop the clock, please.

V. TAYLOR: There's extensive training for poll workers and election judges on how to handle it when somebody doesn't have identification. We already have—we have a provisional ballot system, but the supposition that you're making, that people may show up to the polls without ID—which could happen, and this bill envisions that and gives the voter the opportunity to take care of that, but your original premise that people who are employed in this state don't have photo ID doesn't hold up when you look at the federal requirement for the I-9 form.

TX_00002953

USA_00016983

Case 2:13-cv-00193   Document 661-1   Filed on 11/11/14 in TXSD   Page 30 of 65
e 1:12-cv-00128-RMC-DST-RLW   Document 208-4   Filed 06/20/12   Page 52 of
572           82nd LEGISLATURE — REGULAR SESSION

RAYMOND: Well, it does, as you acknowledged a minute ago, that if somebody went to work for you 10 years ago, and you hired them legally, that 10 years later they might not have the ID that they had 10 years ago, they might have lost it. Would you—you acknowledged that earlier, would you acknowledge that now?

V. TAYLOR: I do.

RAYMOND: Finally, let me ask this, Mr. Taylor, you know what those of us who are opposed to this legislation are trying to do, we're trying to protect voter rights. You recognize that, right?

V. TAYLOR: Absolutely, as are the proponents of this bill. We seek to protect voting rights by protecting the 15th Amendment by making sure every vote counts. That's what this bill is ultimately about and we seek to do in our support of voter ID.

RAYMOND: Let me ask you a question, do you believe the Voting Rights Act is a good law?

V. TAYLOR: I believe the Voting Rights Act is a great thing to protect Americans' right to vote. All Americans, regardless of—

RAYMOND: So you believe the Voting Rights Act is still necessary?

V. TAYLOR: Yes.

RAYMOND: Is that because you believe discrimination still exists?

V. TAYLOR: I think the Voting Rights Act—there are many aspects of it to protect our ability to vote, protect the 15th Amendment—

RAYMOND: Protecting discrimination in the voting place though, if you believe it's a good law, if you believe discrimination in the voting place still exists?

V. TAYLOR: I'm not sure where you're going with this, chairman.

RAYMOND: No, no, I'm not going anywhere, it's very simple, this is about protecting voting rights and I asked you if you believed the Voting Rights Act was a good law and you said yes, right?

V. TAYLOR: This bill that we're debating right here on the floor is about voter identification at the polling stations when people vote in the State of Texas.

RAYMOND: And any time you deal with a law that has to do with voting, you have to take into consideration the rights of people to vote. Any time you deal with a law as comprehensive and big as this—as comprehensive and big as this—you have to take into account people's voting rights. You would agree with that, right?

V. TAYLOR: I think that it is important to remember that this bill is about making sure that the right people show up on election day and vote—

RAYMOND: That the right people show up on election day? Who are the right people?

TX_00002954

USA_00016984

V. TAYLOR: The people who are registered to vote and can demonstrate that they are who they say they are through voter—through having proper voter identification.

RAYMOND: Again, and I'll let you go after this, but I just want to establish—you and I have served on committee together, it's been great getting to know you. You acknowledge that we still need the Voting Rights Act because the Voting Rights Act prevents discrimination in the polling place, and if you still think we need it, presumably, you believe there's still problems.

V. TAYLOR: Mr. Chairman, as you well know, this type of legislation, this voter identification has been approved under the Voter Rights Act in other states. I mean, this has already been litigated by other states. But the point of your amendment, coming back to what I think you wanted to talk about here today, which is the ability of people who have jobs who somehow might not have identification—those people, in this country, who have jobs, have to fill out an I-9 form, and that requires identification.

RAYMOND: And along those lines, according to the workforce commission, it says, in order to get an I-9 you have to have a voter registration card and a social security account number to get an I-9, which means those are the two things you need to get a photo ID.

V. TAYLOR: That is—those are two possible accommodations for List A, excuse me, List B or List C.

RAYMOND: That's what you need, so to get an I-9 you need a voter registration card, a social security card, so would you agree, then, that if somebody has a voter registration card, a social security card, they ought to be able to vote, too? If they're registered to vote, obviously.

V. TAYLOR: Clearly.

RAYMOND: You do? Then I can offer that amendment. You want to tell Ms. Harless back there—

V. TAYLOR: No. I still think—look, we—it is important that we have a voter registration—a voter identification requirement in this state to make sure that when people show up to vote, they are who they say they are. And—

RAYMOND: Do you think that this will—do you think it is sufficient, as it is under law, that in order to get an I-9 card, which you hang this whole thing on, that all you need is a voter registration card and a social security number? Do you think that's sufficient to get an I-9 card? That's what the law is, do you agree with the law or do you disagree with it?

V. TAYLOR: Mr. Chairman, this is a narrowly defined bill that is designed to make sure that the people who show up to vote are, in fact, who they say they are. The fact is, it is too simple to steal a voter identification card and use that for in-person ballot fraud, I have witnessed it with my own eyes—we talked about this on Monday—in Representative Anchia's district, and I watched somebody walk in and say somebody took my voter registration card, I'm here to vote, and they had been denied the right to vote.

TX_00002955
JA_002103

TX_00002955

USA_00016985

### REMARKS ORDERED PRINTED

Representative Raymond moved to print remarks between Representative V. Taylor and Representative Raymond.

The motion prevailed.

Representative V. Taylor moved to table Amendment No. 16.

The motion to table prevailed by (Record 114): 101 Yeas, 48 Nays, 1 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pickett; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker(C).

### Amendment No. 17

Representative Dukes offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) as follows:

(1) In SECTION 14 of the bill, in amended Section 63.0101, Election Code (page 9, line 21), strike "photo".

(2) In SECTION 14 of the bill, in amended Section 63.0101, Election Code (page 10, line 13), strike "or".

(3) In SECTION 14 of the bill, in amended Section 63.0101, Election Code (page 10, line 17), following "presentation", insert:
; or
          (6)  a temporary driving permit issued to the person by the Department of Public Safety

(L. Taylor in the chair)

Representative Harless moved to table Amendment No. 17.

TX_00002956
JA_002104

TX_00002956

USA_00016986

Case 2:13-cv-00193 Document 661-1 Filed on 11/11/14 in TXSD Page 33 of 65
e 1:12-cv-00128-RMC-DST-RLW Document 208-4 Filed 06/20/12 Page 55 of
Wednesday, March 23, 2011 HOUSE JOURNAL — 40th Day 973

The motion to table prevailed by (Record 115): 99 Yeas, 49 Nays, 2 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker; Taylor, L.(C).

**Amendment No. 18**

Representative Dutton offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) as follows:

(1) In SECTION 14 of the bill, in amended Section 63.0101(1), Election Code (page 9, line 22), strike "personal identification card" and substitute "personal identification voter certificate [card]".

(2) In SECTION 20 of the bill, in the recital (page 13, line 19), strike "Subsection (d)" and substitute "Subsections (d) and (e)".

(3) In SECTION 20 of the bill, following added Section 521.422(d), Transportation Code (page 14, between lines 10 and 11), insert the following:

(e) The department shall designate a personal identification certificate issued to a person under this section a personal identification voter certificate.

(4) Add the following appropriately numbered SECTION to the bill and renumber the remaining SECTIONS of the bill accordingly:

SECTION ____. Section 1.005, Election Code, is amended by adding Subdivision (25) to read as follows:

(25) "Personal identification card" means a personal identification voter certificate issued by the Department of Public Safety.

Representative Harless moved to table Amendment No. 18.

The motion to table prevailed by (Record 116): 96 Yeas, 49 Nays, 2 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker; Taylor, L.(C).

Absent — Beck; Harper-Brown; Hughes.

### STATEMENTS OF VOTE

When Record No. 116 was taken, my vote failed to register. I would have voted yes.

Beck

When Record No. 116 was taken, I was in the house but away from my desk. I would have voted yes.

Harper-Brown

### Amendment No. 19

Representative Allen offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) in SECTION 14 of the bill, by striking amended Section 63.0101(1), Election Code (page 9, lines 22-27), and substituting the following:
    (1)  a driver's license or personal identification card issued to the person by the Department of Public Safety [or a similar document issued to the person by an agency of another state], regardless of whether the license or card has expired;

Amendment No. 19 failed of adoption by (Record 117): 56 Yeas, 89 Nays, 2 Present, not voting.

Yeas — Allen; Alonzo; Alvarado; Anchia; Beck; Bohac; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Elkins; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Harless; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Paxton; Pickett; Quintanilla; Raymond; Reynolds; Riddle; Rodriguez; Simpson; Strama; Turner; Veasey; Villarreal; Vo; Walle; White.

Nays — Aliseda; Anderson, C.; Anderson, R.; Aycock; Berman; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Hamilton; Hancock; Hardcastle; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Murphy; Nash; Orr; Otto; Parker; Patrick; Peña; Perry; Phillips; Pitts; Price; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, V.; Thompson; Torres; Truitt; Weber; Woolley; Workman; Zedler; Zerwas.

Present, not voting — Mr. Speaker; Taylor, L.(C).

Absent — Gooden; King, P.; Morrison.

### STATEMENTS OF VOTE

I was shown voting yes on Record No. 117. I intended to vote no.

Bohac

When Record No. 117 was taken, my vote failed to register. I would have voted no.

Gooden

I was shown voting yes on Record No. 117. I intended to vote no.

Paxton

**Amendment No. 20**

Representative Alonzo offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) in SECTION 14 of the bill as follows:

(1) In amended Section 63.0101, Election Code (page 10, line 13), strike "or".

(2) In amended Section 63.0101, Election Code (page 10, line 17), following "presentation", insert:

; or

(6) an identification card that contains the person's photograph and is issued or approved by this state

Amendment No. 20 was adopted.

TX_00002959

USA_00016989

**Amendment No. 21**

Representative Veasey offered the following amendment to **CSSB 14**:

Amend **CSSB 14** as follows:

(1) In SECTION 14 of the bill, in amended Section 63.0101, Election Code (page 10, line 13), strike "or".

(2) In SECTION 14 of the bill, in amended Section 63.0101, Election Code, following added Subdivision (5) (page 10, line 17), insert the following:
; or

(6) a valid employee identification card that contains the person's photograph and is issued by an employer of the person in the ordinary course of the employer's business

Representative Harless moved to table Amendment No. 21.

The motion to table prevailed by (Record 118): 101 Yeas, 47 Nays, 2 Present, not voting.

Yeas — Aliseda; Allen; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Gutierrez; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker; Taylor, L.(C).

**STATEMENT OF VOTE**

I was shown voting yes on Record No. 118. I intended to vote no.

Gutierrez

**Amendment No. 22**

Representative Gonzalez offered the following amendment to **CSSB 14**:

Amend **CSSB 14** as follows:

TX_00002960
JA_002108

TX_00002960

USA_00016990

Case 2:13-cv-00193   Document 661-1   Filed on 11/11/14 in TXSD   Page 37 of 65
e 1:12-cv-00128-RMC-DST-RLW   Document 208-4   Filed 06/20/12   Page 59 of
Wednesday, March 23, 2011   HOUSE JOURNAL — 40th Day   979

(1) In SECTION 14 of the bill, in amended Section 63.0101, Election Code (page 10, line 13), strike "or".

(2) In SECTION 14 of the bill, in amended Section 63.0101, Election Code, following added Subdivision (5) (page 10, line 17), insert the following:
; or
(6)  a valid identification card that contains the person's photograph and is issued by a tribal organization

Amendment No. 22 was withdrawn.

**Amendment No. 23**

Representative Dutton offered the following amendment to **CSSB 14**:

Amend **CSSB 14** as follows:

(1) In SECTION 14 of the bill, in amended Section 63.0101, Election Code (page 10, line 13), strike "or".

(2) In SECTION 14 of the bill, in amended Section 63.0101, Election Code, following added Subdivision (5) (page 10, line 17), insert the following:
; or
(6)  a student  identification  card  issued  by  a  public  or  private high school or institution of higher education that contains the person's photograph

Representative Phillips moved to table Amendment No. 23.

The motion to table prevailed by (Record 119): 99 Yeas, 49 Nays, 2 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker; Taylor, L.(C).

Case 2:13-cv-00193 Document 661-1 Filed on 11/11/14 in TXSD Page 38 of 65
e 1:12-cv-00128-RMC-DST-RLW Document 208-4 Filed 06/20/12 Page 60 of
980          82nd LEGISLATURE — REGULAR SESSION

### Amendment No. 24

Representative Martinez Fischer offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) as follows:

(1) In amended Section 63.0101, Election Code (page 10, line 13), strike "or".

(2) In amended Section 63.0101, Election Code (page 10, line 17), following "presentation", insert:

; or

(6) a valid identification card that contains the person's photograph and is issued by this state

Representative Phillips moved to table Amendment No. 24.

The motion to table prevailed by (Record 120): 97 Yeas, 50 Nays, 2 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Simpson; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker; Taylor, L.(C).

Absent — Morrison.

### Amendment No. 25

Representative Hernandez Luna offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) in SECTION 14 of the bill as follows:

(1) In amended Section 63.0101, Election Code (page 10, line 13), strike "or".

TX_00002962
USA_00016992

Case 2:13-cv-00193   Document 661-1   Filed on 11/11/14 in TXSD   Page 39 of 65
e 1:12-cv-00128-RMC-DST-RLW   Document 208-4   Filed 06/20/12   Page 61 of
Wednesday, March 23, 2011    HOUSE JOURNAL — 40th Day    981

(2) In amended Section 63.0101, Election Code (page 10, line 17), following "presentation" insert:

; or

    (6) a valid identification card that contains the person's photograph and is issued by:

        (A) an agency or institution of the federal government; or

        (B) an agency, institution, or political subdivision of this state

Representative Phillips moved to table Amendment No. 25.

The motion to table prevailed by (Record 121): 99 Yeas, 49 Nays, 2 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker; Taylor, L.(C).

**Amendment No. 26**

Representative V. Gonzales offered the following amendment to **CSSB 14**:

Amend **CSSB 14** as follows:

(1) In the recital to SECTION 15 of the bill (page 10, line 26), strike "Subsection (b-1)" and subsitute "Subsections (b-1) and (f)".

(2) In SECTION 15 of the bill, add the following after added Section 63.011(b-1), Election Code (page 11, between lines 18 and 19):

(f) In addition to the affidavit required by this section, a person who casts a provisional ballot under this section and is described by Section 65.054(b)(2)(B) may execute an affidavit under that section at the polling place. Forms for affidavits under Section 65.054(b)(2)(B) must be available at each polling place.

TX_00002963

USA_00016993

Case 2:13-cv-00193  Document 661-1  Filed on 11/11/14 in TXSD  Page 40 of 65
e 1:12-cv-00128-RMC-DST-RLW  Document 208-4  Filed 06/20/12  Page 62 of
982          82nd LEGISLATURE — REGULAR SESSION

(3) In SECTION 18 of the bill, in added Section 65.0541(a)(2), Election Code (page 13, line 4), between "presence of" and "the voter registrar", insert "an election officer at the polling place or".

### AMENDMENT NO. 26 - STATEMENT OF LEGISLATIVE INTENT

REPRESENTATIVE HARLESS:  I wanted to clarify what our conversation was—you talked about having these affidavits at the polling place that they have to sign if they are casting a provisional ballot.  You're not in any way trying to cut out the photo ID requirements, are you?

REPRESENTATIVE V. GONZALES:  Not with this particular amendment.  This amendment would simply say, your bill already includes the requirement that an affidavit be signed if they have to fill out a provisional ballot.  All this would say is, let's make it available to them at the polling places, so that they don't have to be traveling to another location to fill out an affidavit.

HARLESS:  Right, so they show up at a polling place, and they don't have one of the subscribed forms of identification, and they fill out a provisional ballot and have to sign an affidavit.  You're saying that when they're at that polling place, if they want to cast the provisional ballot that requires affidavits signed, that that polling place should have those affidavits there on the location site.

V. GONZALES:  That's correct.

### REMARKS ORDERED PRINTED

Representative Harless moved to print remarks between Representative V. Gonzales and Representative Harless.

The motion prevailed.

Amendment No. 26 was adopted.

### Amendment No. 27

Representative Miles offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) in SECTION 5 of the bill, in added Section 31.012(b), Election Code (page 3, line 21), by adding after the period: "The statewide effort shall include education targeted at low-income and minority voters."

Amendment No. 27 was adopted.

### Amendment No. 28

Representatives Harper-Brown, Legler, Zerwas, Creighton, Orr, D. Miller, Sheffield, Jackson, Scott, Price, L. Taylor, P. King, Landtroop, Burkett, Weber, Isaac, Laubenberg, Huberty, Riddle, V. Taylor, Cain, Nash, Darby, Parker, Carter, C. Anderson, Crownover, Chisum, Madden, Hancock, Beck, W. Smith, Fletcher, Lewis, Margo, Workman, Button, R. Anderson, L. Gonzales, Sheets, Larson, White, and Kuempel offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) as follows:

TX_00002964
JA_002112

TX_00002964

USA_00016994

(1) Strike SECTION 17 of the bill (page 11, line 24, through page 12, line 20) and substitute the following:

SECTION 17. Section 65.054(b), Election Code, is amended to read as follows:

(b) A provisional ballot shall [may] be accepted [only] if the board determines that:

(1) [,] from the information in the affidavit or contained in public records, the person is eligible to vote in the election and has not previously voted in that election; and

(2) the person meets the identification requirements of Section 63.001(b) at the time the ballot was cast or in the period prescribed under Section 65.0541.

(2) In SECTION 18 of the bill, strike added Section 65.0541(a), Election Code (page 12, line 24, through page 13, line 4) and substitute the following:

(a) A voter who is accepted for provisional voting under Section 63.011 because the voter does not meet the identification requirements of Section 63.001(b) may, not later than the sixth day after the date of the election, present a form of identification described by Section 63.0101 to the voter registrar for examination.

Amendment No. 28 was adopted by (Record 122): 107 Yeas, 40 Nays, 2 Present, not voting.

Yeas — Aliseda; Anchia; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Castro; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gonzales, V.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Howard, D.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Marquez; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Rodriguez; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Strama; Taylor, V.; Torres; Truitt; Vo; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Burnam; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Thompson; Turner; Veasey; Villarreal; Walle.

Present, not voting — Mr. Speaker; Taylor, L.(C).

Absent — Giddings.

TX_00002965
JA_002113

TX_00002965

USA_00016995

Case 2:13-cv-00193   Document 661-1   Filed on 11/11/14 in TXSD   Page 42 of 65
e 1:12-cv-00128-RMC-DST-RLW   Document 208-4   Filed 06/20/12   Page 64 of
984                    82nd LEGISLATURE — REGULAR SESSION

## STATEMENTS OF VOTE

I was shown voting yes on Record No. 122. I intended to vote no.

Anchia

I was shown voting yes on Record No. 122. I intended to vote no.

V. Gonzales

I was shown voting yes on Record No. 122. I intended to vote no.

Marquez

I was shown voting yes on Record No. 122. I intended to vote no.

Rodriguez

**Amendment No. 29**

Representative Dutton offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) as follows:

(1) In SECTION 18 of the bill, in added Section 65.0541(a), Election Code (page 12, line 27), strike "sixth" and substitute "seventh business".

(2) Add the following appropriately numbered SECTIONS to the bill and renumber subsequent SECTIONS of the bill accordingly:

SECTION ____. Section 65.051(a), Election Code, is amended to read as follows:

(a) The early voting ballot board shall verify and count provisional ballots as provided by this subchapter not later than the ninth [seventh] day after the date of an election.

SECTION ____. Section 67.003, Election Code, is amended to read as follows:

Sec. 67.003. TIME FOR LOCAL CANVASS. (a) Except as provided by Subsection (b), each local canvassing authority shall convene to conduct the local canvass at the time set by the canvassing authority's presiding officer not earlier than the 10th [eighth] day or later than the 11th day after election day.

(b) For an election held on the uniform election date in May, the local canvass must occur not later than the 11th day after election day and not earlier than the later of:

(1) the third day after election day;

(2) the date on which the early voting ballot board has verified and counted all provisional ballots after giving voters of provisional ballots the opportunity to present identification as provided by Section 65.0541, if a provisional ballot has been cast in the election; or

(3) the date on which all timely received ballots cast from addresses outside of the United States are counted, if a ballot to be voted by mail in the election was provided to a person outside of the United States.

Amendment No. 29 was withdrawn.

**Amendment No. 30**

Representative Gonzalez offered the following amendment to **CSSB 14**:

TX_00002966

USA_00016996

Amend **CSSB 14** as follows:

(1) In SECTION 14 of the bill, in amended Section 63.0101, Election Code (page 10, line 13), strike "or".

(2) In SECTION 14 of the bill, in amended Section 63.0101, Election Code, following added Subdivision (5) (page 10, line 17), insert the following:

; or

(6)  a valid identification card that contains the person's photograph and is issued by a tribal organization

Amendment No. 30 was adopted.

**Amendment No. 31**

Representative Dutton offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) in SECTION 20 of the bill, in amended Section 521.422(a), Transportation Code, by striking Subdivision (1) of that subsection (page 13, line 23), and substituting:

(1)  $10 [$15] for a person under 60 years of age;

Representative Harless moved to table Amendment No. 31.

The motion to table prevailed by (Record 123): 99 Yeas, 47 Nays, 2 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker; Taylor, L.(C).

Absent — McClendon; Reynolds.

TX_00002967

JA_002115

TX_00002967

USA_00016997

### STATEMENTS OF VOTE

When Record No. 123 was taken, I was in the house but away from my desk. I would have voted no.

McClendon

When Record No. 123 was taken, I was in the house but away from my desk. I would have voted no.

Reynolds

**Amendment No. 32**

Representative Dukes offered the following amendment to **CSSB 14**:

Amend **CSSB 14** on page 13, line 27, by striking "may" and substituting "shall".

Amendment No. 32 was adopted.

**Amendment No. 33**

Representative Dutton offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) by striking SECTION 20 of the bill (page 13, line 18, through page 14, line 10) and substituting the following:

SECTION 20. Section 521.422, Transportation Code, is amended to read as follows:

Sec. 521.422. PERSONAL IDENTIFICATION CERTIFICATE FEE. [(a)] The department may not collect a fee for a personal identification certificate [is:

[(1) $15 for a person under 60 years of age;

[(2) $5 for a person 60 years of age or older; and

[(3) $20 for a person subject to the registration requirements under Chapter 62, Code of Criminal Procedure].

[(b) The department shall collect an additional fee of $1 for the issuance or renewal of a personal identification card to fund the Blindness Education, Screening, and Treatment Program established under Section 91.027, Human Resources Code, if the person applying for or renewing a personal identification card opts to pay the additional fee.

[(c) The department shall collect an additional fee of $1 for the issuance or renewal of a personal identification card, including a duplicate personal identification card or a personal identification card issued or renewed over the Internet or by other electronic means, to pay the costs of the Donor Education, Awareness, and Registry Program of Texas, established under Chapter 49, Health and Safety Code, and, subject to Section 113.104, Health and Safety Code, of the Texas Organ, Tissue, and Eye Donor Council, established under Chapter 113, Health and Safety Code, if the person applying for or renewing a personal identification card opts to pay the additional fee. The department shall remit fees collected under this subsection to the comptroller, who shall maintain the identity

TX_00002968

USA_00016998

Case 2:13-cv-00193   Document 661-1   Filed on 11/11/14 in TXSD   Page 45 of 65
e 1:12-cv-00128-RMC-DST-RLW   Document 208-4   Filed 06/20/12   Page 67 of
Wednesday, March 23, 2011      HOUSE JOURNAL — 40th Day      987

~~of the source of the fees. Subject to appropriation, the department may retain three percent of the money collected under this subsection to cover the costs in administering this subsection.~~]

Amendment No. 33 was withdrawn.

### Amendment No. 34

Representative Raymond offered the following amendment to **CSSB 14**:

Amend **CSSB 14** as follows:

(1) On page 15, line 11, insert the following new section and renumber the subsection appropriately:

SECTION 25.  This Act is legally unenforceable if it does not comply with Section 5, Section 203, and Section (4)(f)(4) of the Voting Rights Act.

### AMENDMENT NO. 34 - STATEMENT OF LEGISLATIVE INTENT

REPRESENTATIVE HARLESS:  Mr. Speaker, members, the Voting Rights Act either does or does not apply to various sections of this bill.  This is for the supreme court to determine and not the Texas Legislature.  I move to table.

REPRESENTATIVE RAYMOND:   Ms. Harless, do you believe the Voting Rights Act is a good law?

HARLESS:  I do.

RAYMOND:  So you believe there is still discrimination in the voting place?

HARLESS:  I'm sorry?

RAYMOND:  So you believe there is still discrimination in the voting place?

HARLESS:  No, I do not think there is.

RAYMOND:  Then why do you think the Voting Rights Act is a good law?

HARLESS:  I think at the time, when it was passed, it was very effective.  Texas is a Section 5 state; it's going to have to go for pre-clearance either before the Department of Justice or the three federal judges in the District of Columbia.  They will decide if we have met the standards of the Voting Rights Act.  This is not the venue for us to decide.  We've got the lines that they have drawn in the cases we have already seen.  We know that—we know the standards they've set, we've complied with that in our bill.  This is not the venue to have this—

RAYMOND:  Are you telling me we don't need the Voting Rights Act anymore?

HARLESS:  You're putting words into my mouth.

RAYMOND:  I'm asking.  Do you believe we still need the Voting Rights Act?

HARLESS:  I don't think this is the place to debate that.

RAYMOND:  Yes ma'am, it is entirely the place to debate that.  Would you agree this is a major piece of legislation dealing with voting in the State of Texas?

HARLESS:  I do.

RAYMOND:   And you do not believe that the Voting Rights Act should be discussed in this context?

TX_00002969

USA_00016999

HARLESS:  We have discussed it.

RAYMOND:  Okay, then let's continue to discuss it for a minute.  Do you believe the Voting Rights Act is still necessary?

HARLESS:  I believe we're still under the regulations of the Voting Rights Act.

RAYMOND:  I'm asking you, because you are the author of this very important bill, and I think this is very important for people to understand your intent.  Do you believe the Voting Rights Act is still necessary?

HARLESS:  As I've said before, this is a federal issue to be decided by the federal courts.  This isn't for us and the Texas Legislature to discuss right now.

RAYMOND:  Ma'am, you are dealing with legislation here—you are proposing a bill that would affect every single voter in the State of Texas, including minorities.  You would agree with that, right?

HARLESS:  Say that one more time.  It's hard to hear.

RAYMOND:  You are presenting a bill that would affect the voting rights of every voter in the State of Texas, including minorities, would you agree with that?

HARLESS:  I do not agree with that.

RAYMOND:  Really, your bill doesn't apply to minorities?

HARLESS:  I think we increase access to the polls by putting some checks and balances—that voters actually show ID, that they are who they are when they show up to vote in person.

RAYMOND:  I have a very simple question.  Does your bill apply to minorities in the State of Texas?

HARLESS:  My bill applies to everyone equally across the state.

RAYMOND:  Including minorities, is that right?

HARLESS:  Everyone.

RAYMOND:  Including minorities?

HARLESS:  All Texans.

RAYMOND:  Including minorities?

HARLESS:  All Texans.

RAYMOND:  Including minorities?

HARLESS:  All Texans.

RAYMOND:  You won't even acknowledge whether or not your bill affects—

HARLESS:  I said it applies to all Texans.

RAYMOND:  Including minorities, right?

HARLESS:  All Texans.  Every voter in the State of Texas.

RAYMOND:  Minorities are Texans, right?

TX_00002970
JA_002118

TX_00002970

USA_00017000

HARLESS: Do you want to go back and forth all day on this? I've answered your question.

RAYMOND: With all due respect, I feel like you are being flippant about something that's very important to millions of Texans.

HARLESS: I absolutely don't mean to be flippant. If I'm coming across that way I apologize.

RAYMOND: It's a very simple question.

HARLESS: And I gave you a very simple answer. It applies to all Texans.

RAYMOND: I'll ask you one more time. Does your bill apply to minorities in the State of Texas?

REPRESENTATIVE VEASEY: Mr. Raymond, why don't you think Representative Harless would answer your questions directly? It was a very important question dealing with the Voting Rights Act. We know that we are a Section 5 state. I hope that she knows we're a Section 5 state if she's carrying this bill, and could you maybe elaborate on why she did not want to answer your question directly?

RAYMOND: You know, it's hard to read someone else's mind. But, I will tell you that in 2006, I'm not sure every member in here knows this, but in 2006 a man named George W. Bush signed into law the extension of the Voting Rights Act for 25 years and he said, "Although we've come a long way, there's still a ways to go." And for the author of this bill not to acknowledge what a president from this state was willing to acknowledge a mere five years ago, and that is, the Voting Rights Act is still necessary. And that her bill would in fact affect millions of Texans who are minorities and who are protected by Section 2 of the Voting Rights Act is troubling. I mean I don't know what else to tell you, but I think that it should certainly give people pause to think about what's going on here.

VEASEY: If you're the author of a bill like this that's going to drastically change election law in your state, don't you think you should have a good understanding of the Voting Rights Act and the history of the Act and why it was passed before you embark on a piece of legislation that could have the type of consequences that I believe this piece of legislation will have?

RAYMOND: Well, I would expect that in the year 2011, but you just heard the exchange. It was surprising and troubling to me that the author of this bill was not willing to acknowledge the importance of the Voting Rights Act and the fact that her bill would affect millions of Texans who are protected by it.

VEASEY: You have a good amendment and because of all the good amendments that have been turned down tonight, we can see exactly where this bill is headed. Thank you, Representative Raymond.

RAYMOND: Thank you.

REPRESENTATIVE BERMAN: Richard, you're a good guy, and Richard, are you a minority?

RAYMOND: I am.

BERMAN: Is Mr. Veasey a minority?

RAYMOND: Yes, sir.

BERMAN: Are you both Texans?

RAYMOND: Yes, sir, we are.

BERMAN: Ms. Harless answered the question then. She said "all Texans."

RAYMOND: You know, Leo, and I'm glad you call me Richard, because I like for us to talk to each other in the—

BERMAN: Because I like you.

RAYMOND: You were listening to it, Leo, and you've been around 75 years, as you've just mentioned. She specifically would not answer, she specifically would not say, when I asked a simple question, "Will this affect minorities? Will your bill include minorities?" In other words, I'm a minority, is this going to apply to me? I'm going to need a voter ID to go vote, right?

BERMAN: Yes, but you're a Texan.

RAYMOND: No, but listen to it, Leo. You listen to us, you listen to us. I said well tell me, does this affect minorities? "It affects all Texans." Well, just if it would affect minorities—she wouldn't say it.

BERMAN: I think you hit her too hard, really.

RAYMOND: She's not a shrinking violet, she's a tough lady.

BERMAN: But she said "all Texans," and all Texans include every minority in Texas. Of course they do.

RAYMOND: Let me ask you, Leo. Do you believe this bill applies to minorities in the State of Texas?

BERMAN: Yes, I do.

RAYMOND: You see, you were willing to answer it.

BERMAN: But she didn't have to, she said "all Texans."

### REMARKS ORDERED PRINTED

Representative Raymond moved to print remarks between Representative Harless and Representative Raymond, between Representative Veasey and Representative Raymond, and between Representative Berman and Representative Raymond.

The motion prevailed.

Representative Harless moved to table Amendment No. 34.

The motion to table prevailed by (Record 124): 99 Yeas, 48 Nays, 2 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.;

TX_00002972
JA_002120

Case 2:13-cv-00193   Document 661-1   Filed on 11/11/14 in TXSD   Page 49 of 65
e 1:12-cv-00128-RMC-DST-RLW   Document 208-4   Filed 06/20/12   Page 71 of
Wednesday, March 23, 2011   HOUSE JOURNAL — 40th Day   991

Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker; Taylor, L.(C).

Absent — Burnam.

(Speaker in the chair)

## Amendment No. 35

Representative Raymond offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee report) in SECTION 5 of the bill, in added Section 31.012, Election Code (page 3, between lines 25 and 26), by inserting the following new Subsection (d) and relettering the subsequent subsections of added Section 31.012, Election Code, accordingly:

(d) Sections 203 and 14(f)(4) of the Voting Rights Act apply to this section.

### AMENDMENT NO. 35 - STATEMENT OF LEGISLATIVE INTENT

REPRESENTATIVE RAYMOND:  Very simply, I guess I want to ask you, do you believe that this bill should comply with the Voting Rights Act?

REPRESENTATIVE PHILLIPS:  I believe that we need to follow the law and make sure that we comply with every constitutional requirement that is imposed on us as a body.  Now, what you're—this is a specific section and portion of the Voting Rights Act.  I don't know if those sections apply to this, that will be up to the—that will be up to, ultimately, the supreme court to determine, and that's who we need to let determine.  I don't think we need to by trying to second-guess what they do mean and don't mean and whether all of these provisions apply.

RAYMOND:  Well, let me ask, because I see a troubling pattern here—

PHILLIPS:  I can't hear you—

RAYMOND:  Let me ask, because I see a troubling pattern, simple question: Do you believe that the Voting Rights Act is a good law?

TX_00002973
JA_002121

TX_00002973
USA_00017003

Case 2:13-cv-00193   Document 661-1   Filed on 11/11/14 in TXSD   Page 50 of 65
e 1:12-cv-00128-RMC-DST-RLW   Document 208-4   Filed 06/20/12   Page 72 of
592          82nd LEGISLATURE — REGULAR SESSION

PHILLIPS: That is not a question before us. There are issues of whether all of the Voting Rights Act are necessary at this time. There are parts of it that have been important to transform elections in this nation.

RAYMOND: So you believe, so you don't believe the Voting Rights Act is necessary?

PHILLIPS: I'm not going to get into—

RAYMOND: This is important—we're—

PHILLIPS: Let me answer.

RAYMOND: Let me ask my question, and then you can answer.

PHILLIPS: You asked a question, then you answered a question, then you asked a question again—

RAYMOND: No, no, I'll ask—

PHILLIPS: —but you won't let me answer.

RAYMOND: Let me—because I didn't ask it clearly I think. Do you believe—do you believe—Mr. Phillips—

PHILLIPS: Go ahead, I'm waiting for your question.

RAYMOND: Let me ask this, you recognize that Texas is a protected—do you know or do you recognize that Texas is a protected state under the Voting Rights Act? Just yes or no.

PHILLIPS: Yes, I do. The federal government, under George Bush, they voted to extend the Voting Rights Act for 25 years; yes, they did.

RAYMOND: Okay, so you recognize that we're covered by that then?

PHILLIPS: And that's the whole point, we're covered by that and we don't need to say—you're trying to impose something on this bill from a federal perspective. We either are or we aren't.

RAYMOND: Exactly, and all I'm saying with this amendment—all I'm saying with this amendment—and this is why I'm baffled why you would move to table it, is that if we don't comply with the Voting Rights Act, it should not become law. Is it your position that if it does not comply with the Voting Rights Act it should still become law?

PHILLIPS: You're bringing sections in and saying this has to apply to every provision, and that's not the—

RAYMOND: No, no, no, no—

PHILLIPS: That's not what we need to do, we need to leave that for the federal government. I mean, for the courts to decide whether we comply. Because the lawyers have worked through this to craft this, and we do not want to do anything that's going to viol—so that's what we're going to do.

RAYMOND: This, very specifically, what you just said is not accurate, Larry. This amendment very specifically applies to one section of the bill.

TX_00002974
JA_002122

TX_00002974

USA_00017004

Case 2:13-cv-00193 Document 661-1 Filed on 11/11/14 in TXSD Page 51 of 65
e 1:12-cv-00128-RMC-DST-RLW Document 208-4 Filed 06/20/12 Page 73 of
Wednesday, March 23, 2011 HOUSE JOURNAL — 40th Day 993

PHILLIPS: Right.

RAYMOND: The voter identification education section. That's all. If you look at the amendment.

PHILLIPS: You're asking to include, and say this section of federal law applies to what we're doing. That's part of the—I don't know—I mean, from my perspective, I don't know that we need to be here saying, well, gosh, we want everything to apply to everything we do. If it's covered by it, it's covered by it, Mr. Raymond. We don't need to include it. They'll determine that.

RAYMOND: Surely—I want to make sure I'm hearing you right—surely you would want us to comply with federal voting rights?

PHILLIPS: Mr. Raymond, that's exactly the point we've been making.

RAYMOND: You do want us to comply with the—so, I'm clear, you do want this—you do, you do want this—

PHILLIPS: No, we want to comply with federal law. And that's exactly the intent and purpose of what we're doing here today in trying to comply with federal law. That's why we're trying to keep this bill simple, and the whole procedure simple, instead of adding stuff to it that may trigger a section that does or does not apply. I don't see the problem.

RAYMOND: Well, you—again, are you saying that **SB 14**, the section that I—the voter identification education section—do you want it to comply with the federal voting rights laws?

PHILLIPS: I want this to comply with federal laws, and if the voting rights laws that are in effect apply to this and they're constitutional, the supreme court will uphold it, and if they don't, they won't.

RAYMOND: Well, then all my amendment says—

PHILLIPS: Your amendment says this has to apply here, and that's something we're saying we're not going to start doing. We could go through and say we want the entire constitution of the United States to apply to this law. It either does, or it doesn't. We don't need to do that as a state. The federal government passes the laws that they do, and we're either going to follow those laws or not. We either have to or we don't, and that's part of the debate that is going on across this nation of what we do and we do not want to—we don't want to incorporate—we're trying to stop federal laws that we don't agree with—

RAYMOND: So, you believe that—so I'm clear—you believe that this section of the bill, which deals with language, right, voter identification education, and the words language are used in that section of the bill, you believe that they may not need to comply with the Voting Rights Act, is that correct?

PHILLIPS: Either they—either do or they don't.

RAYMOND: And if they don't, it should not—it should not—

PHILLIPS: No, then you're starting to put a requirement or a hurdle that may or may not need to be there.

TX_00002975
JA_002123

TX_00002975
USA_00017005

Case 2:13-cv-00193   Document 661-1   Filed on 11/11/14 in TXSD   Page 52 of 65
e 1:12-cv-00128-RMC-DST-RLW   Document 208-4   Filed 06/20/12   Page 74 of
594                    82nd LEGISLATURE — REGULAR SESSION

RAYMOND:  Larry, how could you honestly look at me and say we're talking about—let me finish my question—how could you honestly look at me and say we have a major piece of legislation here and the section of the bill that deals with voter identification and uses the words language, because, obviously in the State of Texas, there are people like my grandmother who didn't speak English, but who was a United States citizen her whole life, that that would not be covered and should not be covered by the Voting Rights Act?  How can you honestly say that, Larry?

Again members, it is frustrating in the year 2011, to stand up here and be debating members of this legislature who do not want—who appear to me—do not want the Voting Rights Act to apply to this bill.  It is disheartening, it is wrong, and I think in the end you will not prevail.  We shall overcome.

### REMARKS ORDERED PRINTED

Representative Raymond moved to print remarks between Representative Phillips and Representative Raymond.

The motion prevailed.

Representative Phillips moved to table Amendment No. 35.

The motion to table prevailed by (Record 125): 100 Yeas, 49 Nays, 1 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker(C).

### Amendment No. 36

Representative Dutton offered the following amendment to **CSSB 14**:

TX_00002976
## JA_002124

TX_00002976

USA_00017006

Case 2:13-cv-00193  Document 661-1  Filed on 11/11/14 in TXSD  Page 53 of 65
e 1:12-cv-00128-RMC-DST-RLW  Document 208-4  Filed 06/20/12  Page 75 of
Wednesday, March 23, 2011  HOUSE JOURNAL — 40th Day  993

Amend **CSSB 14** (house committee printing) as follows:

(1)  In SECTION 18 of the bill, in added Section 65.0541(a), Election Code (page 12, line 27), strike "sixth" and substitute "seventh business".

(2)  Add the following appropriately numbered SECTIONS to the bill and renumber subsequent SECTIONS of the bill accordingly:

SECTION ____.  Section 65.051(a), Election Code, is amended to read as follows:

(a)  The early voting ballot board shall verify and count provisional ballots as provided by this subchapter not later than the ninth [seventh] day after the date of an election.

SECTION ____.  Section 67.003, Election Code, is amended to read as follows:

Sec. 67.003.  TIME FOR LOCAL CANVASS. (a) Except as provided by Subsection (b), each local canvassing authority shall convene to conduct the local canvass at the time set by the canvassing authority's presiding officer not earlier than the 10th [eighth] day or later than the 11th day after election day.

(b)  For an election held on the uniform election date in May, the local canvass must occur not later than the 11th day after election day and not earlier than the later of:

(1)  the third day after election day;

(2)  the date on which the early voting ballot board has verified and counted all provisional ballots after giving voters of provisional ballots the opportunity to present identification as provided by Section 65.0541, if a provisional ballot has been cast in the election; or

(3)  the date on which all timely received ballots cast from addresses outside of the United States are counted, if a ballot to be voted by mail in the election was provided to a person outside of the United States.

Representative Harless moved to table Amendment No. 36.

The motion to table prevailed by (Record 126): 99 Yeas, 48 Nays, 1 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; White; Workman; Zedler; Zerwas.

TX_00002977
USA_00017007

Case 2:13-cv-00193   Document 661-1   Filed on 11/11/14 in TXSD   Page 54 of 65
e 1:12-cv-00128-RMC-DST-RLW   Document 208-4   Filed 06/20/12   Page 76 of
596          82nd LEGISLATURE — REGULAR SESSION

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker(C).

Absent — Menendez; Woolley.

### RULES SUSPENDED

Representative Hunter moved to suspend all necessary rules to allow the Committee on Calendars to set a calendar at 6:45 p.m. today in 3W.15.

The motion prevailed.

### COMMITTEE GRANTED PERMISSION TO MEET

Representative Hunter requested permission for the Committee on Calendars to meet while the house is in session, at 6:45 p.m. today, in 3W.15, to set a calendar.

Permission to meet was granted.

### COMMITTEE MEETING ANNOUNCEMENTS

The following committee meetings were announced:

Calendars, 6:45 p.m. today, 3W.15, for a formal meeting, to set a calendar.

Transportation is rescheduled for 9 a.m. Monday, March 28.

### CSSB 14 - (consideration continued)

**Amendment No. 37**

Representative Hernandez Luna offered the following amendment to **CSSB 14:**

Amend **CSSB 14** (house committee printing) in SECTION 9 of the bill, in amended Section 63.001(c), Election Code (page 5, line 17), by adding after the period "If in determining whether a voter's name is on the list of registered voters the election officer determines that the voter's name on the documentation does not match the name on the list, the voter shall be accepted for voting as otherwise required by this section if the voter submits an affidavit stating that the voter is the person on the list of registered voters and that the voter has legally changed the voter's name after marriage or divorce."

Amendment No. 37 failed of adoption by (Record 127): 49 Yeas, 99 Nays, 1 Present, not voting.

Yeas — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez;

TX_00002978
USA_00017008

Case 2:13-cv-00193 Document 661-1 Filed on 11/11/14 in TXSD Page 55 of 65
e 1:12-cv-00128-RMC-DST-RLW Document 208-4 Filed 06/20/12 Page 77 of
Wednesday, March 23, 2011 HOUSE JOURNAL — 40th Day 997

Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Nays — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Present, not voting — Mr. Speaker(C).

Absent — Bonnen.

**Amendment No. 38**

Representative Burnam offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) in SECTION 9 of the bill as follows:

(1) In amended Section 63.001(h), Election Code (page 6, line 20), strike "or".

(2) In amended Section 63.001, Elections Code (page 6, line 23), between "15.001(c)" and the period, insert the following:

; or

(3) a temporary driving permit issued by the Department of Public Safety following the revocation of a driver's license

Amendment No. 38 failed of adoption by (Record 128): 48 Yeas, 100 Nays, 1 Present, not voting.

Yeas — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Vo; Walle.

Nays — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac;

TX_00002979
USA_00017009

Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Present, not voting — Mr. Speaker(C).

Absent — Villarreal.

**Amendment No. 39**

Representatives Anchia and Strama offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) as follows:

(1) Strike SECTIONS 1 and 2 of the bill (page 1, line 5, through page 2, line 2) and renumber the remaining SECTIONS of the bill accordingly.

(2) In SECTION 9 of the bill, in amended Section 63.001(b), Election Code (page 5, line 2), strike "Except as provided by Subsection (h), on [On]" and substitute "On".

(3) In SECTION 9 of the bill, strike added Sections 63.001(g) and (h), Election Code (page 5, line 25 through page 6, line 23), and substitute the following:

(g) If the requirements for identification prescribed by Subsection (b) are not met, the voter may be accepted for provisional voting only under Section 63.011. An election officer shall provide a voter who presents the voter's voter registration certificate an affidavit to execute under penalty of perjury that, in addition to meeting the requirements of Section 63.011(a), states the voter is the person named on the voter registration certificate.

(h) For a voter who is not accepted for voting under this section, an election officer shall:

(1) inform the voter of the voter's right to cast a provisional ballot under Section 63.011; and

(2) provide the voter with written information, in a form prescribed by the secretary of state, that lists the requirements for identification.

(4) Strike SECTION 17 of the bill (page 11, line 24, through page 12, line 20) and substitute the following:

SECTION 17. Section 65.054(b), Election Code, is amended to read as follows:

(b) A provisional ballot shall [may] be accepted [only] if the board determines that, from the information in the affidavit or contained in public records, the person is eligible to vote in the election and has not previously voted in that election and:

(1) the voter meets the identification requirements of Section 63.001(b) at the time the ballot was cast; or

TX_00002980
JA_002128

TX_00002980

USA_00017010

(2)  the voter presented the voter's voter registration certificate with the affidavit described by Section 63.001(g) and the signature on the voter's provisional voting affidavit is substantially similar to the signature on the voter's voter registration application or other public record in the possession of the voter registrar.

(5)  Strike SECTION 18 of the bill (page 12, line 21, through page 13, line 6) and renumber the remaining SECTIONS accordingly.

### LEAVES OF ABSENCE GRANTED

The following members were granted leaves of absence temporarily for today to attend a meeting of the Committee on Calendars:

Bonnen on motion of Hancock.

Branch on motion of Patrick.

Cook on motion of Patrick.

Geren on motion of Hancock.

Hunter on motion of Patrick.

Keffer on motion of Hancock.

Kolkhorst on motion of Hancock.

Lucio on motion of Patrick.

Rodriguez on motion of Patrick.

Truitt on motion of Patrick.

### CSSB 14 - (consideration continued)

Representative Hancock moved to table Amendment No. 39.

(Bonnen and Truitt now present)

The motion to table prevailed by (Record 129): 94 Yeas, 47 Nays, 1 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Isaac; Jackson; King, P.; King, S.; Kleinschmidt; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg;

TX_00002981

USA_00017011

Case 2:13-cv-00193   Document 661-1   Filed on 11/11/14 in TXSD   Page 58 of 65
e 1:12-cv-00128-RMC-DST-RLW   Document 208-4   Filed 06/20/12   Page 80 of
1600        82nd LEGISLATURE — REGULAR SESSION

Howard, D.; Johnson; King, T.; Lozano; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker(C).

Absent, Excused, Committee Meeting — Branch; Cook; Geren; Hunter; Keffer; Kolkhorst; Lucio; Rodriguez.

(Cook and Rodriguez now present)

## Amendment No. 40

Representative Menendez offered the following amendment to **CSSB 14**:

Amend **CSSB 14** by adding the following appropriately numbered section and by renumbering the existing sections as appropriate:

SECTION ____. The provisions of this Act requiring a voter to provide a photo identification in order to be accepted for voting do not apply to an election held in a county in which the commissioners court of the county finds that the implementation of the photo identification requirement would be a financial burden on the county.

(Geren, Hunter, Keffer, Kolkhorst, and Lucio now present)

(Brown in the chair)

Representative Phillips moved to table Amendment No. 40.

The motion to table prevailed by (Record 130): 98 Yeas, 48 Nays, 2 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker; Brown(C).

TX_00002982
JA_002130

TX_00002982
USA_00017012

Absent, Excused, Committee Meeting — Branch.

Absent — Martinez.

(Branch now present)

**Amendment No. 41**

Representative Anchia offered the following amendment to **CSSB 14**:

Amend **CSSB 14** by adding the following appropriately numbered section and by renumbering the existing sections as appropriate:

SECTION ____. Section 521.424, Transportation Code, is amended to read as follows:

Sec. 521.424. DUPLICATE LICENSE OR CERTIFICATE FEE. (a) Except as provided by Subsection (b), the [The] fee for a duplicate driver's license or duplicate personal identification certificate is $10.

(b) The department may not collect a fee for a duplicate personal identification certificate from a person who meets the requirements of Section 521.422(d).

Amendment No. 41 was withdrawn.

**Amendment No. 42**

Representative Walle offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) as follows:

(1) Add the following appropriately numbered SECTIONS to the bill and renumber subsequent SECTIONS of the bill accordingly:

SECTION ____. Section 15.001, Election Code, is amended by amending Subsection (a) and adding Subsection (d) to read as follows:

(a) Each voter registration certificate issued must contain:

(1) the voter's name in the form indicated by the voter, subject to applicable requirements prescribed by Section 13.002 and by rule of the secretary of state;

(2) the voter's residence address or, if the residence has no address, the address at which the voter receives mail and a concise description of the location of the voter's residence;

(3) the month, day, and year of the voter's birth;

(4) the number of the county election precinct in which the voter resides;

(5) the voter's effective date of registration if an initial certificate;

(6) the voter's registration number;

(7) an indication of the period for which the certificate is issued;

(8) a statement explaining the circumstances under which the voter will receive a new certificate;

(9) a space for stamping the voter's political party affiliation;

(10) a statement that voting with the certificate by a person other than the person in whose name the certificate is issued is a felony;

(11) a space for the voter's signature;

Case 2:13-cv-00193 Document 661-1 Filed on 11/11/14 in TXSD Page 60 of 65
e 1:12-cv-00128-RMC-DST-RLW Document 208-4 Filed 06/20/12 Page 82 of
1602 82nd LEGISLATURE — REGULAR SESSION

(12) a statement that the voter must sign the certificate personally, if able to sign, immediately on receipt;

(13) a space for the voter to correct the information on the certificate followed by a signature line;

(14) the statement: "If any information on this certificate changes or is incorrect, correct the information in the space provided, sign below, and return this certificate to the voter registrar.";

(15) the registrar's mailing address and telephone number; [and]

(16) the jurisdictional or distinguishing number for the following territorial units in which the voter resides, as determined by the voter registrar:

    (A) congressional district;

    (B) state senatorial district;

    (C) state representative district;

    (D) commissioners precinct;

    (E) justice precinct;

    (F) city election precinct; and

    (G) school district election precinct; and

(17) if applicable to the county in which the voter resides, the photograph of the voter to whom the certificate is issued.

(d) The commissioners court of a county may adopt an order requiring the voter registrar to:

(1) obtain a photograph of each county voter to include on the voter's voter registration certificate; or

(2) issue to each county voter a voter registration identification card instead of a voter registration certificate containing the information required by this section and the voter's photograph.

SECTION ____. Subchapter A, Chapter 31, Election Code, is amended by adding Section 31.013 to read as follows:

Sec. 31.013. PHOTO IDENTIFICATION ACCESS. (a) The secretary of state shall establish methods for a voter registrar, if required, to obtain a photograph of each registered voter from a driver's license or other identification issued by the state to that voter for use on the voter's voter registration certificate or voter registration identification card.

(b) For purposes of this section, the secretary of state may enter into agreements with the Department of Public Safety or other state agencies and governmental entities for assistance with assigning photographs to the appropriate voter's voter registration certificate or voter registration identification card.

SECTION ____. (a) As soon as practicable after the effective date of this Act, the secretary of state shall establish, subject to Subsection (b) of this section, the method for obtaining photographs for use on voter registration certificates or voter registration identification cards required by Section 31.013, Election Code, as added by this Act.

TX_00002984

USA_00017014

(b)  The method described by Subsection (a) of this section must allow for voter registration certificates or voter registration identification cards including photographs to be issued beginning with the general election for state and county officers held in 2012.

(2)  In SECTION 14 of the bill, in amended Section 63.0101, Election Code (page 10, line 13), strike "or".

(3)  In SECTION 14 of the bill, in amended Section 63.0101, Election Code, following added Subdivision (5) (page 10, line 17), insert the following:
; or
(6)  a voter registration certificate or voter registration identification card that contains the voter's photograph

Representative Phillips moved to table Amendment No. 42.

The motion to table prevailed by (Record 131): 95 Yeas, 52 Nays, 2 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, J.; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hilderbran; Hochberg; Hopson; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Simpson; Strama; Thompson; Turner; Veasey; Vo; Walle.

Present, not voting — Mr. Speaker; Brown(C).

Absent — Villarreal.

**Amendment No. 43**

Representative Rodriguez offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) by adding the following appropriately numbered SECTION to the bill and renumbering the remaining SECTIONS of the bill accordingly:

SECTION ____.  Chapter 63, Election Code, is amended by adding Section 63.0091 to read as follows:

Case 2:13-cv-00193 Document 661-1 Filed on 11/11/14 in TXSD Page 62 of 65
e 1:12-cv-00128-RMC-DST-RLW Document 208-4 Filed 06/20/12 Page 84 of
1004      82nd LEGISLATURE — REGULAR SESSION

Sec. 63.0091. REGISTRATION AT POLLING PLACE; VOTING PROCEDURES. (a) This section applies to the conduct of voting and to the registration of voters notwithstanding and in addition to other applicable provisions of this code.

(b) A person who would be eligible to vote in an election under Section 11.001, but for the requirement to be a registered voter, shall be accepted for voting in the precinct of the person's residence if, on the day the person offers to vote, the person:

(1) submits a voter registration application that complies with Section 13.002; and

(2) presents proof of identification in a form described by Section 63.0101 that also establishes the person's residence.

(c) Persons voting under this section shall be processed separately at the polling place from persons who are voting under regular procedures.

(d) The secretary of state shall prescribe the procedures necessary to implement this section and to ensure the proper and orderly conduct of elections.

Representative Phillips moved to table Amendment No. 43.

The motion to table prevailed by (Record 132): 96 Yeas, 50 Nays, 2 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Truitt; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hartnett; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle; Weber.

Present, not voting — Mr. Speaker; Brown(C).

Absent — Marquez; Torres.

TX_00002986
JA_002134

TX_00002986

USA_00017016

Case 2:13-cv-00193 Document 661-1 Filed on 11/11/14 in TXSD Page 63 of 65
e 1:12-cv-00128-RMC-DST-RLW Document 208-4 Filed 06/20/12 Page 85 of
Wednesday, March 23, 2011 HOUSE JOURNAL — 40th Day 1003

## STATEMENT OF VOTE

When Record No. 132 was taken, I was in the house but away from my desk. I would have voted no.

Marquez

(Speaker in the chair)

### Amendment No. 44

Representative Gallego offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) by adding the following appropriately numbered SECTION to the bill and renumbering the remaining SECTIONS of the bill accordingly:

SECTION _____. The changes in law made by this Act do not apply to any county in which the Department of Public Safety of the State of Texas has not established a full service driver's license office.

Representative Harless moved to table Amendment No. 44.

The motion to table prevailed by (Record 133): 100 Yeas, 49 Nays, 1 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Villarreal; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Gooden; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Vo; Walle.

Present, not voting — Mr. Speaker(C).

### Amendment No. 45

Representative Anchia offered the following amendment to **CSSB 14**:

Amend **CSSB 14** by adding the following appropriately numbered section and by renumbering the existing sections as appropriate:

TX_00002987
## JA_002135

Case 2:13-cv-00193 Document 661-1 Filed on 11/11/14 in TXSD Page 64 of 65
e 1:12-cv-00128-RMC-DST-RLW Document 208-4 Filed 06/20/12 Page 86 of
1606          82nd LEGISLATURE — REGULAR SESSION

SECTION ____. Section 521.424, Transportation Code, is amended to read as follows:

Sec. 521.424. DUPLICATE LICENSE OR CERTIFICATE FEE. (a) Except as provided by Subsection (b), the [The] fee for a duplicate driver's license or duplicate personal identification certificate is $10.

(b) The department may not collect a fee for a duplicate personal identification certificate from a person who meets the requirements of Section 521.422(d).

Amendment No. 45 was adopted.

**Amendment No. 46**

Representative Martinez offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) by adding the following appropriately numbered SECTION to the bill and renumbering the remaining SECTIONS of the bill accordingly:

SECTION ____. Subchapter A, Chapter 521, Transportation Code, is amended by adding Section 521.007 to read as follows:

Sec. 521.007. NOTICE OF IDENTIFICATION FOR VOTING PURPOSES. The department shall provide notice to each applicant for an original or renewal driver's license or personal identification certificate that the department may not collect a fee for a personal identification certificate issued to a person who states that the person is obtaining the personal identification certificate for the purpose of satisfying Section 63.001(b), Election Code, and meets the requirements of Section 521.422(d).

Representative Harless moved to table Amendment No. 46.

The motion to table prevailed by (Record 134): 100 Yeas, 45 Nays, 1 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eiland; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Dukes; Dutton; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer;

TX_00002988

USA_00017018

Case 2:13-cv-00193 Document 661-1 Filed on 11/11/14 in TXSD Page 65 of 65
e 1:12-cv-00128-RMC-DST-RLW Document 208-4 Filed 06/20/12 Page 87 of
Wednesday, March 23, 2011          HOUSE JOURNAL — 40th Day          1007

McClendon; Menendez; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker(C).

Absent — Alonzo; Deshotel; Miles; Peña.

## STATEMENTS OF VOTE

When Record No. 134 was taken, I was in the house but away from my desk. I would have voted no.

Deshotel

When Record No. 134 was taken, I was in the house but away from my desk. I would have voted yes.

Peña

**Amendment No. 47**

Representative Alonzo offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) by adding the following appropriately numbered SECTION to the bill and renumbering the remaining SECTIONS of the bill accordingly:

SECTION ____. Chapter 63, Election Code, is amended by adding Section 63.0091 to read as follows:

Sec. 63.0091. REGISTRATION AT POLLING PLACE; VOTING PROCEDURES. (a) This section applies to the conduct of voting and to the registration of voters notwithstanding and in addition to other applicable provisions of this code.

(b) A person who would be eligible to vote in an election under Section 11.001, but for the requirement to be a registered voter, shall be accepted for voting in the precinct of the person's residence if, on the day the person offers to vote, the person:

(1) submits a voter registration application that complies with Section 13.002; and

(2) presents proof of identification in a form described by Section 63.0101 that also establishes the person's residence.

(c) Persons voting under this section shall be processed separately at the polling place from persons who are voting under regular procedures.

(d) The secretary of state shall prescribe the procedures necessary to implement this section and to ensure the proper and orderly conduct of elections.

Amendment No. 47 was withdrawn.

**Amendment No. 48**

Representatives Bonnen, Bohac, and T. Smith offered the following amendment to **CSSB 14**:

TX_00002989
USA_00017019