Amend **CSSB 14** (house committee printing) by adding the following appropriately numbered SECTION to the bill and renumbering the remaining SECTIONS of the bill accordingly:

SECTION ____. Every provision in this Act and every application of the provisions in this Act are severable from each other. If any application of any provision in this Act to any person or group of persons or circumstances is found by a court to be invalid, the remainder of this Act and the application of the Act's provisions to all other persons and circumstances may not be affected. All constitutionally valid applications of this Act shall be severed from any applications that a court finds to be invalid, leaving the valid applications in force, because it is the legislature's intent and priority that the valid applications be allowed to stand alone. Even if a reviewing court finds a provision of this Act invalid in a large or substantial fraction of relevant cases, the remaining valid applications shall be severed and allowed to remain in force.

Amendment No. 48 was adopted. (The vote was reconsidered later today, and Amendment No. 48 was adopted by Record No. 146.)

**Amendment No. 49**

Representative Alonzo offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) by adding the following appropriately numbered SECTION to the bill and renumbering the remaining SECTIONS of the bill accordingly:

SECTION ____. Chapter 63, Election Code, is amended by adding Section 63.0091 to read as follows:

Sec. 63.0091. REGISTRATION AT POLLING PLACE; VOTING PROCEDURES. (a) This section applies to the conduct of voting and to the registration of voters notwithstanding and in addition to other applicable provisions of this code.

(b) A person who would be eligible to vote in an election under Section 11.001, but for the requirement to be a registered voter, shall be accepted for voting in the precinct of the person's residence if, on the day the person offers to vote, the person:

(1) submits a voter registration application that complies with Section 13.002; and

(2) presents proof of identification in a form described by Section 63.0101 that also establishes the person's residence.

(c) Persons voting under this section shall be processed separately at the polling place from persons who are voting under regular procedures.

(d) The secretary of state shall prescribe the procedures necessary to implement this section and to ensure the proper and orderly conduct of elections.

Representative Harless moved to table Amendment No. 49.

The motion to table prevailed by (Record 135): 99 Yeas, 48 Nays, 1 Present, not voting.

TX_00002990

USA_00017020

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker(C).

Absent — Frullo; Lucio.

### STATEMENTS OF VOTE

When Record No. 135 was taken, I was in the house but away from my desk. I would have voted yes.

Frullo

When Record No. 135 was taken, I was in the house but away from my desk. I would have voted no.

Lucio

### Amendment No. 50

Representative Raymond offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) by adding the following appropriately numbered SECTIONS to the bill and renumber subsequent SECTIONS of the bill accordingly:

SECTION ____. Effective September 1, 2011, Subchapter C, Chapter 20, Election Code, is amended by adding Section 20.067 to read as follows:

Sec. 20.067. TRAVEL REIMBURSEMENT PROGRAM. (a) The Department of Public Safety shall establish and operate a travel reimbursement program, under which an individual who earns not more than 100 percent of the income standard established by applicable federal poverty guidelines may submit an application for reimbursement to the department to recover the expenses incurred by the individual in traveling to and from the department office to obtain a photo identification for purposes of voting.

TX_00002991

USA_00017021

Case 2:13-cv-00193  Document 661-2  Filed on 11/11/14 in TXSD  Page 3 of 65
e 1:12-cv-00128-RMC-DST-RLW  Document 208-4  Filed 06/20/12  Page 90 of
1010      82nd LEGISLATURE — REGULAR SESSION

(b)  The department shall reimburse an individual meeting the requirements described by Subsection (a).

(c)  The department shall adopt necessary rules to implement the program required by this section.

## AMENDMENT NO. 50 - STATEMENT OF LEGISLATIVE INTENT

REPRESENTATIVE RAYMOND:  Mr. Phillips, you know that the State of Texas, in the last year, it was reported that we had an additional around half a million, or 428,000 more people, fell into poverty in the State of Texas, are you aware of that?

REPRESENTATIVE PHILLIPS:  We had a population that has continued to grow.  Yes, we have.

RAYMOND:  But last year it was reported, official figures reported that over 400,000 more people in the State of Texas fell under the poverty level.

PHILLIPS:  We have a much larger state and much more populous state.  That's correct.

RAYMOND:  Right, so we've got over four million people that I would call poor. I mean this would be someone who earns, if you're an individual, someone who earned $10,800 year.  If you're a family of two, it'd be $14,000 a year.  Families of three, $18,000 a year.

PHILLIPS:  Mr. Raymond, we've clearly—clearly in the bill, it affords those who can't afford a voter ID card.  I think we're getting far afield from this legislation—

RAYMOND:  Well, here's what concerns me, and I hope would concern you. Minorities in the State of Texas outnumber Anglos about three to one in terms of those who fall under the poverty level, all right?  So what I am seeking to do here is to help anyone who is poor, who would have a hardship being able to drive. As I said, I grew up in Benavides, 26 miles from the closest office.  And there are a lot of people in Benavides, where I grew up, who are poorer than poor.  There are a lot of people who are from San Isidro, where my grandparents were, 33 miles away from the closest DPS office.  There are a lot of people out there who were poorer than poor, who are United States citizens, who are qualified and registered voters, but if this law were to pass, would have to go far away.  Now, I know you're not poor, but surely you recognize that that can be a hardship on people?  That, you know, when you had the poll tax and you had to pay a dollar or two dollars, people said, "Oh, a dollar, two dollars to be able to vote, that's not that much."  In this case, you're saying with your bill, that you're supporting here, that if it costs you $10 or $15 or $20 to travel to be able to go get what you need to get to allow you to vote, well then suck it up.  You're going to have to do it, if you want to vote.

PHILLIPS:  Mr. Raymond, for a long time people make decisions, they plan ahead and I don't think this is—

RAYMOND:  They plan ahead?

TX_00002992
JA_002140

TX_00002992
USA_00017022

PHILLIPS: They plan ahead.

RAYMOND: They plan ahead to be poor?

PHILLIPS: No, they plan ahead when they need to register to vote and run into town. You're talking about traveling far when they're going to get services and so what you're doing is you're trying to create a certain class and I respectfully disagree that that's necessary here. You're talking about people traveling far and not being able to get there.

RAYMOND: Well, let me just ask you—you really believe that there will not be people in the State of Texas, because they are poor, who will not be able to afford to get what you're asking them to get to be able to vote?

PHILLIPS: And we've had some people here, from our own body, that testify about how important it is for the security and confidence in elections. And they will go and they proudly will obtain the right to vote.

RAYMOND: Would you just answer the question honestly, Larry?

PHILLIPS: No, I don't think so.

RAYMOND: You really believe, of the four million poor people in the State of Texas, two-thirds who are—nearly three-fourths, of which are minority. And that's why I believe this is aimed at minorities. You really believe that many of those people—you think they're all going to be able to vote?

PHILLIPS: No, I just think you're just raising an issue and I think it's a red herring. I think it's clear. The polls in this state show that minorities by a majority—

### REMARKS ORDERED PRINTED

Representative Raymond moved to print remarks by Representative Phillips and Representative Raymond.

The motion prevailed.

Representative Phillips moved to table Amendment No. 50.

The motion to table prevailed by (Record 136): 100 Yeas, 46 Nays, 1 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner;

TX_00002993
USA_00017023

Case 2:13-cv-00193 Document 661-2 Filed on 11/11/14 in TXSD Page 5 of 65
e 1:12-cv-00128-RMC-DST-RLW Document 208-4 Filed 06/20/12 Page 92 of
1612 82nd LEGISLATURE — REGULAR SESSION

Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Dukes; Dutton; Eiland; Farias; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker(C).

Absent — Deshotel; Farrar; Pickett.

## CSSB 14 - AMENDMENTS LIMITED

Representative Geren moved to limit amendments to **CSSB 14** to those pending on the speaker's desk.

The motion was seconded.

The motion to limit amendments prevailed.

## Amendment No. 51

Representative Gutierrez offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) by adding the following appropriately numbered SECTION to the bill and renumbering subsequent SECTIONS of the bill accordingly:

SECTION ____. Section 1.014, Election Code, is amended by adding Subsection (c) to read as follows:

(c) The secretary of state shall reimburse each county for any cost incurred by the county in implementing the voter identification requirements under Section 63.001.

Representative Harless moved to table Amendment No. 51.

The motion to table prevailed by (Record 137): 99 Yeas, 47 Nays, 1 Present, not voting.

Yeas — Aliseda; Alvarado; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner;

TX_00002994
USA_00017024

Case 2:13-cv-00193 Document 661-2 Filed on 11/11/14 in TXSD Page 6 of 65
e 1:12-cv-00128-RMC-DST-RLW Document 208-4 Filed 06/20/12 Page 93 of
Wednesday, March 23, 2011 HOUSE JOURNAL — 40th Day 1013

Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker(C).

Absent — Cain; Dutton; White.

### STATEMENTS OF VOTE

I was shown voting yes on Record No. 137. I intended to vote no.

Alvarado

When Record No. 137 was taken, I was in the house but away from my desk. I would have voted yes.

White

### COMMITTEE GRANTED PERMISSION TO MEET

Representative Keffer requested permission for the Committee on Energy Resources to meet while the house is in session, at 1 p.m. tomorrow, in E2.036, to consider pending business.

Permission to meet was granted.

### FIVE-DAY POSTING RULE SUSPENDED

Representative Keffer moved to suspend the five-day posting rule to allow the Committee on Energy Resources to consider pending business at 1 p.m. tomorrow in E2.036.

The motion prevailed.

### COMMITTEE MEETING ANNOUNCEMENTS

The following committee meetings were announced:

State Affairs meeting is cancelled.

Energy Resources meeting is cancelled.

### CSSB 14 - (consideration continued)

#### Amendment No. 52

Representative Castro offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) by adding the following appropriately numbered SECTION to the bill and renumbering subsequent SECTIONS of the bill accordingly:

TX_00002995
USA_00017025

Case 2:13-cv-00193 Document 661-2 Filed on 11/11/14 in TXSD Page 7 of 65
e 1:12-cv-00128-RMC-DST-RLW Document 208-4 Filed 06/20/12 Page 94 of
1614 82nd LEGISLATURE — REGULAR SESSION

SECTION \_\_\_\_. Chapter 63, Election Code, is amended by adding Section 63.014 to read as follows:

Sec. 63.014. UNLAWFULLY REQUIRING PRESENTATION OF IDENTIFICATION. (a) Only an election officer may require a voter to present proof of identification at the polling place. A person, other than an election officer, who asserts that a voter must present proof of identification to the person in order to be allowed to vote or who for purposes of harassing a voter requests that the voter present proof of identification to the person, commits an offense.

(b) An offense under this section is a felony of the third degree unless the person is convicted of an attempt. In that case, the offense is a Class A misdemeanor.

(L. Taylor in the chair)

Representative Harless moved to table Amendment No. 52.

The motion to table prevailed by (Record 138): 99 Yeas, 49 Nays, 2 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker; Taylor, L.(C).

**Amendment No. 53**

Representative Lucio offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) as follows:

(1) Add the following appropriately numbered SECTION to the bill and renumbering the remaining SECTIONS of the bill accordingly:

SECTION \_\_\_\_. Section 521.124, Transportation Code, is amended to read as follows:

TX_00002996

USA_00017026

Case 2:13-cv-00193  Document 661-2  Filed on 11/11/14 in TXSD  Page 8 of 65
e 1:12-cv-00128-RMC-DST-RLW  Document 208-4  Filed 06/20/12  Page 95 of
Wednesday, March 23, 2011    HOUSE JOURNAL — 40th Day    1013

Sec. 521.124. TEMPORARY LICENSE[; ISSUED WITHOUT PHOTOGRAPH]. (a) The department may issue a temporary license without a photograph of the license holder[:

[(1)] to an applicant who is out of state or a member of the armed forces of the United States[; or

[(2) if the department otherwise determines that a temporary license is necessary].

(b) A temporary license issued under Subsection (a) is valid only until the applicant has time to appear and be photographed and a license with a photograph is issued.

(c) Except as provided by Subsection (a), a temporary license issued by the department must include the photograph of the person to whom the license is issued.

(d) If all application requirements are met, a temporary license must be issued by the department on the day of application.

(2) In SECTION 17 of the bill, in added Section 65.054(b)(2)(A), Election Code (page 12, line 7), between "Section 65.0541" and the underscored semicolon insert "or presents a temporary license issued by the Department of Public Safety that contains the voter's photograph in the period prescribed under Section 65.0541".

(3) In SECTION 18 of the bill, in added Section 65.0541(a)(1), Election Code (page 13, line 2), between "63.0101" and "to the voter registrar" insert "or a temporary license issued by the Department of Public Safety that contains the voter's photograph"

Amendment No. 53 was adopted.

**Amendment No. 54**

Representative Alvarado offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) by adding the following appropriately numbered SECTION to the bill and renumbering subsequent SECTIONS of the bill accordingly:

SECTION _____.  Chapter 63, Election Code, is amended by adding Section 63.014 to read as follows:

Sec. 63.014. SECRETARY OF STATE RECORDKEEPING. (a) The secretary of state shall keep detailed records showing, for the state and for each county and each election precinct, demographic information relating to:

(1) the eligible voters who were prevented from voting as a result of failing to meet the requirements for being accepted to vote; and

(2) the eligible voters who were required to file provisional ballots as a result of the requirements for being accepted to vote that include the number of those provisional ballots that were not counted.

(b) The secretary of state may adopt rules to implement this section, including rules requiring other state agencies and authorities holding elections to record information relevant to the record required by this section.

Representative Harless moved to table Amendment No. 54.

TX_00002997

USA_00017027

The motion to table prevailed by (Record 139): 98 Yeas, 49 Nays, 2 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker; Taylor, L.(C).

Absent — Margo.

**Amendment No. 55**

Representative Veasey offered the following amendment to **CSSB 14**:

Amend **CSSB 14** by adding the following appropriately numbered section to read as follows and by renumbering the existing sections as appropriate:

SECTION        . Chapter 63, Election Code, is amended by adding Section 63.0013 to read as follows:

Sec. 63.0013. USE OF VOTER REGISTRATION CERTIFICATE FOLLOWING CERTAIN ELECTIONS. (a) Following a general election for state and county officers, the secretary of state shall determine whether, throughout the state, a majority of the persons who were required to cast a provisional vote under Section 63.011 because the voter lacked the photo identification required by Section 63.001(b), were members of a racial or ethnic minority protected by Section 5 of the federal Voting Rights Act.

(b) If the secretary of state makes the determination under Subsection (a) that a majority of voters who lacked photo identification were members of a racial or ethnic minority, in all subsequent elections held in the state, a voter may be accepted for voting under Section 63.001(b) by providing the voter's voter registration certificate to an election officer at the polling place.

(c) The secretary of state shall prescribe procedures as necessary to implement this section.

TX_00002998

USA_00017028

Case 2:13-cv-00193 Document 661-2 Filed on 11/11/14 in TXSD Page 10 of 65
e 1:12-cv-00128-RMC-DST-RLW Document 208-4 Filed 06/20/12 Page 97 of
Wednesday, March 23, 2011 HOUSE JOURNAL — 40th Day 1017

## AMENDMENT NO. 55 - STATEMENT OF LEGISLATIVE INTENT

REPRESENTATIVE LOZANO: Representative Veasey, are you familiar with the supreme court decision that upheld the Indiana voter ID law?

REPRESENTATIVE VEASEY: I am familiar with it, yes.

LOZANO: And, do you recall that the justices, the 6-3 decision, the six in favor of upholding, didn't they make statements to that effect that if it was proven to disproportionately impact one racial or ethnic group, that then this issue should be revisited?

VEASEY: Absolutely, and that is exactly what this amendment addresses. It says that if there's discrimination that takes place, and we know that it would be discrimination if most of the people that were denied the right to vote were black and Hispanic, because Ms. Harless had said that that is not going to happen. That, in fact, people will have confidence in what is taking place during election process and that confidence will actually bolster turnout, so there's nothing to fear by this amendment.

LOZANO: Yes, okay, thank you.

VEASEY: So, members, I give you a chance to come and stand with me, just in case real discrimination takes place, which, I think, probably will. But here's your chance to prove, once and for all, that you will come and stand with me. I move passage.

REPRESENTATIVE HARLESS: Members, I'm not a big fan of talk radio. I don't listen to it, and I don't believe everything they say, but I move to table.

LOZANO: Representative Harless, are you familiar with the supreme court decision in which the United States Supreme Court upheld the Indiana voter ID law?

HARLESS: Yes.

LOZANO: And are you familiar that was a 6-3 decision, six in favor of opposing the law?

HARLESS: Yes.

LOZANO: Are you familiar with the opinions issued—the majority opinion?

HARLESS: The what?

LOZANO: Are you familiar with the majority opinion that justices issued in the supreme court decision?

HARLESS: Yes.

LOZANO: Do you recall anywhere in there where the majority opinion said that even though upholding the integrity of the ballot was paramount, that if the law showed to be disproportionately impacting a minority group, then the issues should be revisited?

HARLESS: Yes.

TX_00002999

USA_00017029

Case 2:13-cv-00193 Document 661-2 Filed on 11/11/14 in TXSD Page 11 of 65
e 1:12-cv-00128-RMC-DST-RLW Document 208-4 Filed 06/20/12 Page 98 of

82nd LEGISLATURE — REGULAR SESSION

LOZANO: So wouldn't this amendment actually be an extension of what the majority of that supreme court held in that ruling?

HARLESS: In the *Marion v.—Crawford v. Marion County Election Board*, the court ruled the requirement to produce photo ID imposes only a limited burden on the voter and justifies by the states interest in restoring confidence in elections and deterring fraud.

VEASEY: Members, especially my friends on the other side of the aisle that are republican, I ask you to please join me in defeating Ms. Harless' motion to table and support this amendment. This is a very easy amendment. All it says is that if people have really been discriminated against that you will come and stand with me and that you will come and join me. That is the argument that is made over and over and over on the republican talk radio shows—on WBAP, that's what republican friends say—that if you can prove real discrimination, I will come and stand with you. Now, this amendment says that if the secretary of state determines that most of the people are denied the right to vote are black and Hispanic, that the law will no longer exist. Ms. Harless has said, over and over that that will not happen. That, in fact, more people will go out to vote, because they will have confidence in the voting process. So, why not accept this amendment, so we can move along, and we can all feel good that we stood up against discrimination.

LOZANO: Mr. Veasey, I understand the significance of this amendment, and I really hope everyone's listening, because this amendment could potentially save this bill from adverse actions from the United States Supreme Court. We should not, and I think you would agree, be sending out bills that are probably going to get overturned by the United States Supreme Court. Based on their ruling, this behooves us— it would behoove us to support this amendment. Based on the six justices in favor of the voter ID law in Indiana saying exactly what your amendment says, I think it would be in our best interest, in the house of representatives, to support this amendment. I strongly urge everyone to vote against tabling this amendment.

VEASEY: I think that this is the amendment that definitely follows the supreme court decision, and I also believe that this is the amendment that makes you feel good about not committing discrimination against your neighbor. Taking an overseas mission, or fellowshipping with the church across town once a year, and passing this bill is not the way to feel good. The way to feel good is to stand up for civil rights when you have the opportunity to. I move to defeat Ms. Harless' amendment—please vote no on the motion to table.

Representative Harless moved to table Amendment No. 55.

The motion to table prevailed by (Record 140): 99 Yeas, 48 Nays, 2 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren;

TX_00003000
JA_002148

Case 2:13-cv-00193 Document 661-2 Filed on 11/11/14 in TXSD Page 12 of 65
e 1:12-cv-00128-RMC-DST-RLW Document 208-4 Filed 06/20/12 Page 99 of
Wednesday, March 23, 2011 HOUSE JOURNAL — 40th Day 1019

Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker; Taylor, L.(C).

Absent — Marquez.

### STATEMENT OF VOTE

When Record No. 140 was taken, I was in the house but away from my desk. I would have voted no.

Marquez

### REMARKS ORDERED PRINTED

Representative Lozano moved to print remarks between Representative Harless and Representative Lozano and between Representative Veasey and Representative Lozano.

The motion prevailed.

(Speaker in the chair)

### Amendment No. 56

Representative Anchia offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) by adding the following appropriately numbered SECTION to the bill and renumbering subsequent SECTIONS of the bill accordingly:

SECTION ____. The changes in law made by this Act do not take effect unless the comptroller certifies that the changes will not reduce the revenue made available to the Texas mobility fund under Section 49-k, Article III, Texas Constitution.

Representative Harless moved to table Amendment No. 56.

The motion to table prevailed by (Record 141): 99 Yeas, 48 Nays, 1 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pickett; Pitts; Price; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker(C).

Absent — Hopson; Riddle.

### STATEMENTS OF VOTE

When Record No. 141 was taken, my vote failed to register. I would have voted yes.

Hopson

When Record No. 141 was taken, I was in the house but away from my desk. I would have voted yes.

Riddle

**Amendment No. 57**

Representative Anchia offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) by adding the following appropriately numbered SECTION to the bill and renumbering subsequent SECTIONS of the bill accordingly:

SECTION ____. This Act does not make an appropriation. This Act takes effect only if a specific appropriation for the implementation of this Act is provided in a general appropriations act of the 82nd Legislature.

Representative Harless moved to table Amendment No. 57.

The motion to table prevailed by (Record 142): 99 Yeas, 48 Nays, 1 Present, not voting.

TX_00003002

USA_00017032

Case 2:13-cv-00193 Document 661-2 Filed on 11/11/14 in TXSD Page 14 of 65
e 1:12-cv-00128-RMC-DST-RLW Document 208-4 Filed 06/20/12 Page 101 of
Wednesday, March 23, 2011 HOUSE JOURNAL — 46th Day 1021

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pickett; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker(C).

Absent — Howard, C.; Smith, W.

**Amendment No. 58**

Representative Anchia offered the following amendment to **CSSB 14**:

Amend **CSSB 14** by striking SECTION 25 of the bill (house committee printing, page 15, lines 11-12) and substituting the following:

SECTION 25. Except as otherwise provided by this Act, this Act takes effect on the later of:

(1) January 1, 2012; or

(2) the date on which the secretary of state completes a study that:

(A) provides an analysis, disaggregated by ethnicity and county, of the access to photo identification by state residents, including the availability of, location of offices for, and cost of obtaining the following:

(i) a passport;

(ii) a driver's license or personal identification card; and

(iii) citizenship documents that include the person's photograph; and

(B) provides an analysis of the potential impact on voter turnout if the changes in law made by this Act take effect based on:

(i) aggregate turnout data at the county level; and

(ii) individual-level survey data from current population surveys conducted by the United States Census Bureau for source data.

Representative Harless moved to table Amendment No. 58.

Case 2:13-cv-00193 Document 661-2 Filed on 11/11/14 in TXSD Page 15 of 65
e 1:12-cv-00128-RMC-DST-RLW Document 208-4 Filed 06/20/12 Page 102 of
1022          82nd LEGISLATURE — REGULAR SESSION

The motion to table prevailed by (Record 143): 101 Yeas, 48 Nays, 1 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pickett; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker(C).

**Amendment No. 59**

Representative Dutton offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) as follows:

(1) Add the following appropriately numbered SECTION to the bill and renumber subsequent SECTIONS of the bill accordingly:

SECTION ____. Section 1.005, Election Code, is amended by adding Subdivision (25) to read as follows:

(25) "Early voting ballot board" means the early voting and provisional voting ballot board.

(2) In the recital to SECTION 17 of the bill (page 11, line 25), strike "Subsection (b)" and substitute "Subsections (a) and (b)".

(3) In SECTION 17 of the bill, before amended Section 65.054(b), Election Code (page 11, between lines 26 and 27), add the following:

(a) The early voting and provisional voting ballot board shall examine each affidavit executed under Section 63.011 and determine whether to accept the provisional ballot of the voter who executed the affidavit.

Amendment No. 59 was adopted.

**Amendment No. 60**

Representative Reynolds offered the following amendment to **CSSB 14**:

TX_00003004
JA_002152

TX_00003004

USA_00017034

Amend **CSSB 14** by adding the following appropriately numbered SECTION and renumbering the existing SECTIONS as appropriate:

SECTION _____. Effective January 1, 2012, Subchapter A, Chapter 61, Election Code, is amended by adding Section 61.015 to read as follows:

Sec. 61.015. ILLEGAL REMOVAL OF VOTER FROM CERTAIN DOCUMENTS. (a) An election officer commits an offense if the officer knowingly removes the name of an eligible voter from the list of registered voters or the poll list for a precinct.

(b) An offense under this section is a state jail felony.

Representative Hancock moved to table Amendment No. 60.

The motion to table prevailed by (Record 144): 99 Yeas, 48 Nays, 1 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Vo; Walle; White.

Present, not voting — Mr. Speaker(C).

Absent — Eiland; Villarreal.

**Amendment No. 61**

Representative Martinez offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) by inserting the following appropriately-numbered SECTION and updating any cross-references accordingly:

SECTION _____. The changes in law made by this Act do not apply to a lineal descendant of a person who was not permitted to vote:

TX_00003005

USA_00017035

Case 2:13-cv-00193  Document 661-2  Filed on 11/11/14 in TXSD  Page 17 of 65
e 1:12-cv-00128-RMC-DST-RLW  Document 208-4  Filed 06/20/12  Page 104 of
1024        82nd LEGISLATURE — REGULAR SESSION

(1) by law or party resolution adopted on or after January 1, 1923, in a primary election of any political party required by law to hold a primary because of the person's race, color, or previous condition of servitude; or

(2) by law or party resolution adopted after March 2, 1836, because of a presumption based on the person's race, nationality, or color.

Representative Harless moved to table Amendment No. 61.

The motion to table prevailed by (Record 145): 100 Yeas, 44 Nays, 2 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Thompson; Turner; Veasey; Vo; Walle.

Present, not voting — Mr. Speaker(C); Anchia.

Absent — Eiland; King, T.; Strama; Villarreal.

### CSSB 14 - POINT OF ORDER

Representative Castro raised a point of order against further consideration of **CSSB 14** under Rule 4, Section 32(c)(4) of the House Rules on the grounds that the bill analysis is incorrect.

The speaker overruled the point of order, speaking as follows:

Representative Castro raises a point of order against further consideration of **SB 14**. Specifically, he alleges the bill analysis violates Rule 4, Section 32 in that it fails to identify the effective dates of the bill, including a website providing notice of identification requirements. The chair has reviewed the bill and the bill analysis. The chair finds the bill analysis was not substantially or materially misleading as it relates to the effective date of the bill. The point of order is respectfully overruled.

TX_00003006

USA_00017036

### Amendment No. 48 - Vote Reconsidered

Representative Veasey moved to reconsider the vote by which Amendment No. 48 was adopted.

The motion to reconsider prevailed.

Amendment No. 48 was adopted by (Record 146): 100 Yeas, 49 Nays, 1 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker(C).

### COMMITTEE MEETING ANNOUNCEMENT

The following committee meeting was announced:

Urban Affairs meeting is cancelled.

### CSSB 14 - (consideration continued)

### Amendment No. 62

Representative Strama offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) by striking all below the enacting clause and substituting the following:

SECTION 1. Subchapter A, Chapter 31, Election Code, is amended by adding Section 31.012 to read as follows:

Sec. 31.012. ELECTION INTEGRITY TRAINING. The secretary of state shall annually conduct, in at least four different geographic regions of the state, election integrity training for election officers, law enforcement personnel, and prosecutors in detecting, investigating, and prosecuting instances of voter fraud in which a person impersonates another person for the purpose of voting.

TX_00003007

USA_00017037

SECTION 2. Subchapter A, Chapter 273, Election Code, is amended by adding Sections 273.005 and 273.006 to read as follows:

Sec. 273.005. ELECTION INTEGRITY TASK FORCE. Each district attorney or criminal district attorney shall create an election integrity task force to investigate and prosecute instances of voter fraud in which a person impersonates another person for purposes of voting.

Sec. 273.006. POST-ELECTION INTEGRITY AUDIT. (a) Following the general election for state and county officers, the county clerk of each county shall conduct a post-election integrity audit to examine and investigate any evidence of voter fraud in which a person impersonates another person for purposes of voting.

(b) The county clerk shall:

(1) not later than the 90th day after the date of the general election for state and county officers, file a report with the secretary of state and the commissioners court of the county providing details of the evidence collected in the audit; and

(2) refer any evidence of voter fraud collected under the audit to the county or district attorney with jurisdiction in the county.

SECTION 3. This Act takes effect September 1, 2011.

## Amendment No. 62 - Point of Order

Representative Phillips raised a point of order against further consideration of Amendment No. 62 under Rule 11, Section 2 and Rule 11, Section 3 of the House Rules on the grounds that the amendment is not germane to the bill and the amendment would change the original purpose of the bill.

The point of order was withdrawn.

Representative Harless moved to table Amendment No. 62.

The motion to table prevailed by (Record 147): 100 Yeas, 49 Nays, 1 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg;

TX_00003008

USA_00017038

Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker(C).

**Amendment No. 63**

Representative Eiland offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) by striking all below the enacting clause and substituting the following:

SECTION 1. Title 2, Election Code, is amended by adding Chapter 11A to read as follows:

CHAPTER 11A. VOTER IDENTIFICATION

Sec. 11A.001. APPLICABILITY. (a) Except as provided by Subsection (b), this chapter supersedes a provision of this code or a statute outside this code to the extent of any conflict.

(b) This chapter does not apply to the voter registration of a person who is 65 years of age or older. This subsection expires September 1, 2031.

Sec. 11A.002. DEFINITION. In this chapter, "department" means the Department of Public Safety.

Sec. 11A.003. VOTER IDENTIFICATION ISSUED BY DEPARTMENT. (a) The secretary of state shall adopt rules in conjunction with the department to establish a process by which the issuance of a driver's license or a personal identification card by the department is the sole means of voter identification for the purposes of being accepted for voting.

(b) The process established under this section must:

(1) phase out the use of voter registration certificates; and

(2) provide for the encryption of a person's voter registration number on the person's driver's license or personal identification card.

Sec. 11A.004. RULES. (a) The secretary of state shall adopt rules as necessary for the implementation and administration of this chapter.

(b) The department shall adopt rules as necessary for the implementation and administration of this chapter.

SECTION 2. Subchapter A, Chapter 12, Election Code, is amended by adding Section 12.007 to read as follows:

Sec. 12.007. CERTAIN ELECTION OFFICERS ARE VOTER REGISTRARS. An election officer serving a polling place for early voting by personal appearance is a deputy voter registrar and has the same authority as a regular deputy registrar.

SECTION 3. Section 65.054, Election Code, is amended by amending Subsection (b) and adding Subsection (b-1) to read as follows:

(b) Except as provided by Subsection (b-1), a [A] provisional ballot may be accepted only if the board determines that, from the information in the affidavit or contained in public records, the person is eligible to vote in the election and has not previously voted in that election.

TX_00003009

USA_00017039

Case 2:13-cv-00193 Document 661-2 Filed on 11/11/14 in TXSD Page 21 of 65
e 1:12-cv-00128-RMC-DST-RLW Document 208-4 Filed 06/20/12 Page 108 of
1028 82nd LEGISLATURE — REGULAR SESSION

(b-1) A provisional ballot cast under Section 85.0312 shall be accepted if the voter registrar determines the applicant is eligible for registration under Section 85.0312(d).

SECTION 4. Subchapter B, Chapter 85, Election Code, is amended by adding Section 85.0312 to read as follows:

Sec. 85.0312. REGISTRATION AT POLLING PLACE DURING EARLY VOTING. (a) A person who would be eligible to vote in an election under Section 11.001, but for the requirement to be a registered voter, shall be accepted during early voting by personal appearance for voting the ballot for the precinct of the person's residence as shown by the identification presented if, on the day the person offers to vote, the person:

(1) submits a voter registration application that complies with Section 13.002 to an election officer at the polling place; and

(2) presents as proof of residence:

(A) a Texas driver's license, including a temporary license or instruction permit, or personal identification card issued to the person by the Department of Public Safety that states the person's current address on the day the person seeks to vote; or

(B) a utility bill addressed to the person dated not earlier than the 30th day before the date the person seeks to vote, and:

(i) a Texas driver's license, including a temporary license or instruction permit, or personal identification card issued to the person by the Department of Public Safety, regardless of whether the address stated on the license or card is current on the day the person seeks to vote;

(ii) a United States passport issued to the person; or

(iii) a United States military identification card that contains the person's photograph.

(b) The election officer shall make a copy of the proof of residence submitted under Subsection (a)(2) and attach it to the registration application. The election officer shall return the original proof of residence to the voter.

(c) A person voting under this section shall vote a provisional ballot in the manner provided by Section 63.011 except that the person is not required to submit the affidavit under Section 63.011(a).

(d) For each registration corresponding to a ballot cast under this section, the voter registrar shall review the application and copy of the proof of residence and determine whether the applicant is eligible for registration as provided by Subchapter C, Chapter 13. The registrar shall inform the early voting ballot board of a determination made under this subsection. A registration approved under this subsection takes effect on the date the vote was cast.

(e) The secretary of state may by rule:

(1) designate additional documents that a person may offer to prove the person's residence to register and vote under this section; and

(2) prescribe procedures to implement this section.

SECTION 5. Section 521.422, Transportation Code, is amended by amending Subsection (a) and adding Subsection (d) to read as follows:

TX_00003010
USA_00017040

(a) Except as provided by Subsection (d), the [The] fee for a personal identification certificate is:

(1) $15 for a person under 60 years of age;

(2) $5 for a person 60 years of age or older; and

(3) $20 for a person subject to the registration requirements under Chapter 62, Code of Criminal Procedure.

(d) The department may not collect a fee for a personal identification certificate issued to a person who states that the person is obtaining the personal identification certificate for the purpose of being accepted for voting and does not have another form of identification for that purpose, and:

(1) who is a registered voter in this state and presents a valid voter registration certificate; or

(2) who is eligible for registration under Section 13.001, Election Code, and submits a registration application to the department.

SECTION 6. Not later than January 1, 2012, the secretary of state and the Department of Public Safety shall adopt rules required to implement the changes in law made by this Act.

SECTION 7. This Act takes effect September 1, 2011.

Representative Harless moved to table Amendment No. 63.

The motion to table prevailed by (Record 148): 100 Yeas, 49 Nays, 1 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker(C).

TX_00003011

USA_00017041

## CSSB 14 - REMARKS

REPRESENTATIVE ALISEDA: Members, Mr. Speaker, it is such an honor to be standing here representing my district as a state representative and supporting Representative Harless and this voter ID bill. As I stated earlier today, I am a Mexican immigrant. I came to this country at the age of four and became a United States citizen at the age of 17. I want to show you what they use in Mexico to vote. This is a Mexican, federally issued, biometric ID card. It has on the front, a picture, on the back, a magnetic strip containing additional information, and a fingerprint. I'm a proud American now, and using an ID to vote just makes common sense, and we need it here and need it now. We need an ID in this country to do anything in today's society—to cash a check, to open a bank account, to do something as simple as rent a movie. Americans expect it, Americans want it. They want it because they want to believe their voting system is at least as safe as renting a movie at Blockbuster.

Do I believe that there are some Americans who do not vote because they feel it is useless because of fraud? Yes. How do I know that? Because they have told me so. I served this country for five years as a United States naval officer—my country. I did not do that so some dead person could vote, or so that Mickey Mouse registered by ACORN could vote. I served my home county, Bee County, as county attorney for eight years. In 1990, as a young democrat county attorney, I had investigated and I had prosecuted voter fraud cases. I actually had convictions. I did not do that just to bring the perpetrators to justice. I did it because my citizens needed to believe they had a clean and fair election system and that someone was fighting for that. That is exactly why I strongly support this bill.

My district is comprised of seven counties south of San Antonio, west of Corpus Christi. According to 2008 statistics, one county in my district, Goliad County, had more people registered to vote than persons eligible to vote. Under current laws, the opportunity for fraud is there. In 2008, a high-water mark for voter registration, Texas had an overall registration rate of 76 percent of eligible voters. In McMullen County, another one of my counties, in 2008, we had a voter registration percent of 97.9, 21.4 percent above the state average. The opportunity for fraud was probably there. In Jim Wells County—some of you may have heard of Jim Wells County, that's the home of the infamous "Box 13." In 2008, they had an eligible voter registration of 90.44 percent, or 14 percent above the state average. The opportunity for fraud was probably there. In 2004, in Bee County, we had a woman cast a ballot as if she was her deceased mother. In 2007, the Texas State Auditors Office found that Texas had 49,049 registered voters who may have been ineligible to vote. Of those, there were 23,500 voters on the rolls who were probably deceased. Would voter ID probably have stopped them if they had tried to vote? I think so. There were also 2,359 voters identified as having duplicate records. I believe voter ID would have helped there also. In the voter ID committee, I heard testimony from election officials that in-person voter fraud had probably occurred and that they had witnessed it. They testified that they had voters show up with multiple ID cards. Do I believe voter fraud has

TX_00003012

USA_00017042

occurred? Yes. I believe that the majority of my constituents in my district, democrats, independents, and republicans want this, and I intend to vote for it and I ask that you do, also.

## REMARKS ORDERED PRINTED

Representative Peña moved to print remarks by Representative Aliseda.

The motion prevailed.

REPRESENTATIVE VEASEY: Members, I'm not going to talk long. We've had a very, very long evening. Of course, you know I'm in opposition of this bill, it discriminates and I think it will disenfranchise. And I was just kind of thinking about the history of the Texas House of Representatives and what has changed over the last 100 years or so. Obviously, the chamber has changed. It wasn't too long ago that there were no African Americans or no Hispanics at all that served in this body and it was largely because of the discrimination that took place at the polling place. And there was time when this body upheld certain segregationist policies that dealt with integrated schools and interracial marriage and other things like that, that obviously we would find despicable today. But, what hasn't changed, even though the parties have changed, is that when it comes time to doing the right thing on decisions that largely involve race, that conservatives just cannot do the right thing. It's too hard. People didn't do the right thing in regards to school desegregation, people just stuck with their communities. People didn't want to go against, people thought they weren't going to be able to come back here when it dealt with segregation, when it dealt with whether our colleges and universities were going to be integrated. People didn't do the right thing. When it came time to take a stance on slavery, people couldn't do the right thing. But I guarantee you, the people that served here in the 1950s and 60s, they'll look back and say, "You know what? That was wrong. When I was in the Texas Legislature, I should have done something. I should have stood up. I thought school segregation was right then. I thought that segregated water fountains were right then. I should have stood up and done the right thing." And I can guarantee you, after this bill passes, and we see who is discriminated against and we see who suffers because of the strict requirements in this bill, that just like the people who served here in the 1950s, just like the people who served here in the in 1930s and the people who served here during reconstruction and before. They had to look back in shame. They didn't have a good story to tell their kids and their grandkids about how they dealt with the issue of race. We are making the same mistake.

REPRESENTATIVE BURNAM: Representative Veasey, you and I were raised on the west side of Fort Worth, is that correct?

VEASEY: That is correct.

BURNAM: And while you're younger than I, we have very similar experiences in and around the Lake Como community neighborhood and what they have endured over the years. A couple of weeks ago, when we had the immigrant rights rally here, I was speaking in the crowd and I made mention to the fact of legislators of the 50s and 60s in Jim Crow times. And I said, this session was

TX_00003013

USA_00017043

shaping up to be the most overtly racist session that I have witnessed in 25 or 30 years. Do you think what we have seen and heard today bears up on my comment?

VEASEY: I think that what is being done here today is no different from the things that were done here in the 50s, no different from the things that were done here previous to that. The things that were done here during reconstruction or before. I think it's horrible, I think it discriminates against people. I think that we'll look back in shame and I think we'll all look back and say, that's wrong. Because, people always do that. There is not a person here that will say what happened in the 50s and what happened in the 60s was the right thing. Back then everybody thought it was the right thing. But nobody would say it's the right thing, today. Back then it was very socially acceptable, it was the right thing to do. As a matter of fact, if you weren't against school desegregation back in the 1950s, then you were seen as an oddity in your community. You probably weren't invited to come back to the Lions Club.

BURNAM: Mr. Veasey, you know I am extremely proud to have your grandmother and your mother as my constituents, and I bet you also know that they are extremely proud of you today.

VEASEY: Thank you very much and I think it's time to close. I want to thank my colleagues for joining me. But, the people that will lose out, because of this bill, will mainly be Hispanics and blacks, poor, elderly, rural, and it's a shame that we are traveling back in history instead of moving forward and winning the future.

REPRESENTATIVE MARTINEZ: The foundation has been laid and the bricks and the mortar to start the building of wall has commenced. And although this is not a wall for a building, this is a wall built as yet another barrier, another obstacle, for minorities. This voter ID bill, or should I say, this voter restriction bill, voter suppression bill, is one of the toughest in the country. A bill that oppresses minorities and their right to vote. A bill written and fortified on pure speculation. For those members that have come up here and have talked about seeing voter fraud, why didn't you do anything about it? Pure speculation, members. Many of you who are in this chamber have never had the experience of not being served at a restaurant, or having to pick up the order at the back door, or being treated differently because of your race or the color of your skin. I can still remember growing up and hearing my grandparents and my parents saying they couldn't go to the south side of town after 10 o'clock because of their race. I can remember my grandfather saying that he couldn't pick up his order in a restaurant or be seated because he was Hispanic, because he was Mexican American. And all this is, and all this happened because of their race. This bill, members, is a personal attack on minorities. This bill undermines every civil rights movement, the work of every civil rights leader, and most of all undermines every minority in this state. Some members in this chamber can go back and check off your political agenda. You've done what you've had to do, you're going to vote on this bill. But to some of us, it is personal. This is our voice, this is the voice of the minorities I represent in my district, the voice of

TX_00003014

USA_00017044

Case 2:13-cv-00193  Document 661-2  Filed on 11/11/14 in TXSD  Page 26 of 65
e 1:12-cv-00128-RMC-DST-RLW  Document 208-4  Filed 06/20/12  Page 113 of
Wednesday, March 23, 2011     HOUSE JOURNAL — 40th Day     1039

minorities across the State of Texas. And we are taking a stand against the continuous oppression and persecution that this bill brings. For the minority members in this house, I ask you to stand with me today. To members who care about the minorities you represent, I ask you to stand with me today, so we can together against the continued oppression, persecution, and voter suppression in this state.

REPRESENTATIVE REYNOLDS: Are you familiar with Proverbs 31:8-9?

MARTINEZ: I would like for you to please refresh my memory on that, Representative Reynolds.

REYNOLDS: Well, I would say that Proverbs 31:8-9 simply says, "Speak out for the one who cannot speak, for the rights of those who are doomed. Speak out, judge fairly, and defend the right of oppressed and needy people." Would you say that that scripture pretty much summarizes the sentiments of the statement that you made in opposition of this, **SB 14**?

MARTINEZ: Absolutely representative, and I'm on a roll if you give it to me, I'll recite it right now.

REYNOLDS: Proverbs 31:8-9. Thank you.

### REMARKS ORDERED PRINTED

Representative Martinez Fischer moved to print remarks by Representative Veasey and between Representative Reynolds and Representative Martinez.

The motion prevailed.

REPRESENTATIVE Y. DAVIS: Thank you, Ms. Harless, I just want to get on the record, because there had been some discussion with regard to the cost of the bill and funding for the bill. So, I'd like to ask you, if you could explain to me, who's going to pay for this legislation we're passing? What is your understanding—who will pay for it?

REPRESENTATIVE HARLESS: My understanding is that there is a $2,024,000 fiscal note on it. We have money in the general appropriations bill, and we have a contingency rider. There's HAVA funds available if we request them and we are approved.

Y. DAVIS: Is it your explanation that there are actually two riders then?

HARLESS: One—

Y. DAVIS: Okay, so you mentioned two, so it's just the one contingency rider that deals with HAVA funds, is that correct?

HARLESS: I don't remember mentioning two—there's only one rider.

Y. DAVIS: I'm sorry—

HARLESS: I don't remember mentioning two. There's only—there always has been— and there's only one rider.

Y. DAVIS: Okay, and so if those HAVA funds, and those HAVA funds represent federal funding from the Obama administration, is that correct?

HARLESS: Yes, they do.

Y. DAVIS: Okay, if those HAVA funds are not funded at the 2.024 level or if they are not funded at all, is there money for implementation of this bill, to your knowledge?

HARLESS: Yes.

Y. DAVIS: Okay, and could you explain what that funding source would be?

HARLESS: I think we have general appropriations funds set aside for the funding of this bill to educate voters.

Y. DAVIS: Okay, and is that a different rider than the one we just talked about?

HARLESS: In the appropriations bill that was laid out in January or February on page I-92, there is $39 million of HAVA funds and underneath the secretary of state and for this coming year and $9 million for the next year.

Y. DAVIS: So, it is your representation that we don't have to have the funds associated with this contingency law, but that they will be using funds that have already been received and will be used for a new program?

HARLESS: They're received and they're used for election training.

Y. DAVIS: But are they already obligated, or are they additional funds—they are existing funds that are not obligated, is that your understanding?

HARLESS: Yes.

Y. DAVIS: And so we, in fact, would not have to apply for this money under Rider No. 11, the contingency appropriations, based on what you just articulated, is that correct?

HARLESS: We have to ask for approval from the election administration to use those funds for this source. That was the testimony in committee.

Y. DAVIS: Okay, so we would—so, I guess I want to make sure I understand—your representation is that the secretary of state already has HAVA funds that have not been appropriated that we can utilize for this program, whether we get additional funds or not won't matter. Is that what you're saying?

HARLESS: I'm not on the finance committee, but I know what's in the appropriations bill. There is money there for that.

Y. DAVIS: Okay, but I want to make sure I'm asking it correctly, because in the bill that we're going to take up next week, are you suggesting that, based on that bill that—the bill that's going to come to us—funds have not been appropriated, so if we don't get new funds, we have funds available for this program.

HARLESS: If we don't get new funds, we already have the HAVA money sitting in the general revenue. The testimony in committee, secretary of state Ann McGeehan, stated that we have received some $2 million of HAVA funds. We have spent up to—whatever the difference is—that equals the $43 million, and that money is to be spent for election training. It's in the general appropriations

TX_00003016

USA_00017046

bill that Chairman Pitts laid out at the beginning of the session. I'm not sure what the next appropriations bill that we'll vote on will actually have in it, because I don't serve on Appropriations.

Y. DAVIS: Okay, for members—for those of us who don't serve on Appropriations either, I don't either, so I'm trying to understand where the money's going to come from, and to the extent that we don't need these funds, do we already have money allocated? I just want to make sure that I ask a question. If we don't get additional funds, will we have—will there be an issue with regard to this bill being passed down to our counties and they then are responsible to implement this without additional resources from the state?

HARLESS: The county passed what the secretary of state passes down, they receive funds for this, this is part of their normal duties. Every session, there are some election law changes. It is my understanding, from testimony from Harris County, that this has been their normal practice.

Y. DAVIS: This is a little bit more than normal practice because we're altering the entire process. And so, to the extent that this is a totally new program, the cost would be much greater than they traditionally would have as programs that were continuations of our existing program, wouldn't you say?

HARLESS: Yes, there was testimony in committee, the secretary of state spent a lot of time talking about what they wanted to do and what they would look to other states for best practices. They have budgets set aside every single year to enact new changes in election code.

Y. DAVIS: And my last question is, based on that deal, we really don't need this contingency rider? Is that what you're suggesting based on your comments?

HARLESS: It could be possible, but I didn't want to take any chance.

Y. DAVIS: Okay, but—and you're sure we don't have to worry about counties contacting us with regard to additional expenses for the implementing a new voter plan without having received money from the state? Is that your representation?

HARLESS: That is my understanding. The county receives money from the secretary of state that comes from the HAVA funds.

Y. DAVIS: That's a different question. My question is, based on implementing a new program, do we expect that the counties will incur additional costs to implement the new program that we will not fund?

HARLESS: I do not expect them to, but I cannot say for sure that they won't have additional costs.

Y. DAVIS: And if there are additional costs based on us passing this new bill, you're suggesting that the counties would then be responsible for those costs.

HARLESS: Excuse me, say that one more time.

Y. DAVIS: Are you suggesting that the counties could have additional costs associated with implementation of this program if we would not send funds to the counties for this program? Is that—

TX_00003017

USA_00017047

HARLESS:  The counties have additional costs on a lot of legislation we've passed, and a lot of it's election.  Every other session we pass new election laws that the county has to implement.  I don't know if they will with this bill.

Y. DAVIS:  Is it your intent that this bill would not put another—an additional cost on the counties with regard to implementation of this new program?

HARLESS:  I—that is my intent.

### REMARKS ORDERED PRINTED

Representative Y. Davis moved to print remarks between Representative Harless and Representative Y. Davis.

The motion prevailed.

REPRESENTATIVE L. GONZALES:  First of all, thank you.

HARLESS:  You're welcome.

L. GONZALES:  Thank you for all you've done, for all your hard work—we appreciate it very much.  I stand here before you as a very proud Latino, and I've got some questions for you.

HARLESS:  Okay.

L. GONZALES:  Is it your intention for this bill to disenfranchise ethnic minority voters?

HARLESS:  No, sir.

L. GONZALES:  Is it your intention, or anybody who has joint-authored or coauthored this bill, to disenfranchise ethnic minority voters?

HARLESS:  No, sir.

L. GONZALES:  Is it your intention for this bill to disenfranchise any voter, regardless of race, ethnicity, socioeconomic status, disability, age, or any combination thereof?

HARLESS:  No.

L. GONZALES:  Is it the intention of anybody who has joint-authored or coauthored this bill to disenfranchise any voter, regardless of race, ethnicity, socioeconomic status, disability, age, or any combination thereof?

HARLESS:  No, it is not.

L. GONZALES:  So we are not targeting my Hispanic 86-year-old grandfather?

HARLESS:  No, we're not.

L. GONZALES:  So we are not targeting my Hispanic 84-year-old grandmother?

HARLESS:  No.

L. GONZALES:  Does this bill in any way disenfranchise any voter?

HARLESS:  No.

TX_00003018

USA_00017048

Case 2:13-cv-00193 Document 661-2 Filed on 11/11/14 in TXSD Page 30 of 65
e 1:12-cv-00128-RMC-DST-RLW Document 208-4 Filed 06/20/12 Page 117 of
Wednesday, March 23, 2011 HOUSE JOURNAL — 40th Day 1039

L. GONZALES: Would you agree that the heart and the soul of our republic is the elections process? That these results determine our policy makers, and the decisions they make, which affect our everyday lives, that it is imperative that the voters of Texas have confidence in the integrity of the elections process, and that **SB 14** goes a very long way to accomplish and secure this confidence?

HARLESS: I think it absolutely does.

### REMARKS ORDERED PRINTED

Representative L. Gonzales moved to print remarks between Representative Harless and Representative L. Gonzales.

The motion prevailed.

REPRESENTATIVE GARZA: Representative Harless, I wanted to echo the sentiments of Representative Gonzales. I come from the west side of San Antonio; my father was a first generation Hispanic who served in the military for over 20 years. And I came to this place, the house of representatives, to basically—the attitude that minorities, especially we, as Hispanics, are disabled in our ability to get an identification, a driver's license, to be able to do what it takes to exercise our right to vote, it's seems insulting. We have the ability and we have the right, and my father and many of the Hispanics that are here are examples that we are able, and we want to begin to proclaim the ability of our people to achieve the many things that we have as a race. So, I think the positive part is that we are able, and our people are able, to achieve these things that have been said that they're not able or disenfranchised or unable to do. And being a Texan and being Hispanic, I know that we are to overcome, and we have overcome, and we will continue to overcome. But to answer some of the questions that caused some confusion to some of the representatives, I wanted to ask you specifically, will this bill encourage voter participation by all Texans, regardless of race, ethnicity, socioeconomic status, their disability, their age, or any of the combinations thereof, by giving them confidence in the election process that Representative Aliseda spoke about?

HARLESS: I believe it will.

GARZA: And let me ask you again, with the passage of this bill, will all Texans, including those mentioned, have equal access to this election process with the passage of this bill?

HARLESS: Yes.

GARZA: So, the Hispanic voters in my district, House District 117, will have full confidence that their vote will count in a trustworthy election process?

HARLESS: Yes.

GARZA: And the African American voters in my district—they'll have full confidence that their vote will count in this trustworthy election process?

HARLESS: Yes.

TX_00003019
USA_00017049

Case 2:13-cv-00193 Document 661-2 Filed on 11/11/14 in TXSD Page 31 of 65
e 1:12-cv-00128-RMC-DST-RLW Document 208-4 Filed 06/20/12 Page 118 of
1038 82nd LEGISLATURE — REGULAR SESSION

GARZA: Okay, and finally, every voter in my district of 117 in San Antonio, and every house district in the State of Texas, regardless of race, ethnicity, their socioeconomic status, their disability, age, or, again, any combination thereof, will have full confidence that their vote will count in a trustworthy election process.

HARLESS: Absolutely, yes.

### REMARKS ORDERED PRINTED

Representative Garza moved to print remarks between Representative Harless and Representative Garza.

The motion prevailed.

REPRESENTATIVE COLEMAN: Thank you, Ms. Harless, and you know you and I are really good friends.

HARLESS: We are.

COLEMAN: And I respect you greatly, and this is nothing personal to you.

HARLESS: I know that, and I appreciate that. Thank you, I feel the same.

COLEMAN: Do you know if the members who said that they represent people of color, did they come from districts that are a majority of color?

HARLESS: Say that one more time, the end part.

COLEMAN: Do they come from the districts that are majority of color? Do they have districts that are more people that are black and brown or other ethnicities than non black and brown?

HARLESS: I can't answer that, Garnet.

COLEMAN: Are they from majority minority districts? This is important for the record. You may not be able to answer it, but that is important for the record.

HARLESS: I would say that they probably think that their district is majority minority. I don't know that, I'm not advised of that.

COLEMAN: Well, we're thinking it's not the case and they're speaking on behalf of their opinion, but in terms of how we do law in this state, it is based on the number of people who reside in a district and whether or not that is protected. Ms. Harless, is that true?

HARLESS: Say the last—

COLEMAN: The Voting Rights Act. Isn't that based on the number of people of color that reside in a district that are protected under the Voting Rights Act?

HARLESS: I'm not advised.

COLEMAN: Okay. So the answer is yes. You may not be advised, but I can tell you under the law that the answer is yes. I'm advising you that is the case.

HARLESS: Okay.

TX_00003020
JA_002168

TX_00003020

USA_00017050

COLEMAN: Now, when you say that the individuals in this room did not believe that they were disenfranchised, is that because you didn't hear them or you didn't see them or you didn't know that was the majority of the sentiment of the people who represent majority minority districts that actually were making comment on this floor? I know you may not be advised, but I can tell you right now and you can see that the majority of them do believe that they were disenfranchised, and they are the majority of the people in this house that are districts' representatives from districts that are districts that are majority minority. Isn't that correct?

HARLESS: I think the record speaks for itself. They've testified on record. We have transcripts of it. A lot of the communication—

COLEMAN: The record speaks for itself, but it's clear that the members standing around me right now, and the members that have been there today actually did say that they believe this bill disenfranchised their constituents, and that disenfranchisement was a reason why they didn't want to vote for this bill and thought this bill needed to be changed. And, since you aren't advised I will let you know that is the case. Thank you, Ms. Harless, for doing such a great job on a difficult subject.

HARLESS: Thank you.

### REMARKS ORDERED PRINTED

Representative Coleman moved to print remarks between Representative Harless and Representative Coleman.

The motion prevailed.

**CSSB 14**, as amended, was passed to third reading by (Record 149): 101 Yeas, 48 Nays, 1 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pickett; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez;

TX_00003021

USA_00017051

Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker(C).

## REASONS FOR VOTE

Numerous amendments to improve **SB 14** would have made the bill more fair by reducing the risk of disenfranchising eligible, registered Texas voters. Unfortunately, the majority rejected amendments to expand the types of photo identification acceptable for voting. They rejected an amendment that would have allowed voters to sign an affidavit swearing to their identity, and to cast a provisional ballot with the assurance that their ballot would be counted if the signature on the affidavit matched the signature on the voter registration file. The majority also voted against exemptions for seniors, the indigent, people with religious objections, and women who have had their names changed due to marriage or divorce. High school students over 18 will not be able to vote with their school IDs. College students legally registered in Texas will not be able to vote with out-of-state driver's licenses. In addition, this bill is a vast unfunded mandate on counties. **SB 14** also unconstitutionally and illegally raids the Texas mobility fund. In light of our historic budget shortfall, this bill is fiscally irresponsible. Finally, these disadvantages of the bill must be weighed against its purported advantages in terms of reducing voter impersonation. In the absence of evidence of voter fraud of a type that would be prevented by the provisions in this bill, it is clear that this bill would do more harm than good to the integrity of our elections system.

> Anchia, Castro, Dukes, Gallego, Hernandez Luna, Hochberg, D. Howard, Lozano, Lucio, Martinez, Martinez Fischer, McClendon, Muñoz, and Vo

Numerous amendments to improve **SB 14** would have made the bill more fair by reducing the risk of disenfranchising eligible, registered Texas voters. Unfortunately, the majority rejected amendments to expand the types of photo identification acceptable for voting. They rejected an amendment that would have allowed voters to sign an affidavit swearing to their identity, and to cast a provisional ballot with the assurance that their ballot would be counted if the signature on the affidavit matched the signature on the voter registration file. The majority also voted against exemptions for seniors, the indigent, people with religious objections, and women who have had their names changed due to marriage or divorce. High school students over 18 will not be able to vote with their school IDs. College students legally registered in Texas will not be able to vote with out-of-state driver's licenses. In addition, this bill is a vast unfunded mandate on counties. In light of our historic budget shortfall, this bill is fiscally irresponsible. Finally, these disadvantages of the bill must be weighed against its

TX_00003022

USA_00017052

purported advantages in terms of reducing voter impersonation. In the absence of evidence of voter fraud of a type that would be prevented by the provisions in this bill, it is clear that this bill would do more harm than good to the integrity of our elections system.

Menendez

Numerous amendments to improve **SB 14** would have made the bill more fair by reducing the risk of disenfranchising eligible, registered Texas voters. Unfortunately, the majority rejected amendments to expand the types of photo identification acceptable for voting. They rejected an amendment that would have allowed voters to sign an affidavit swearing to their identity, and to cast a provisional ballot with the assurance that their ballot would be counted if the signature on the affidavit matched the signature on the voter registration file.

Villarreal

### HB 4 - COMMITTEE ON CALENDARS RULE ADOPTED

Pursuant to Rule 3, Section 5(2) and Rule 6, Section 16(f) of the House Rules, Representative Hunter moved to adopt the following rule governing floor consideration of **HB 4**:

Section 1. All original amendments that will be offered during second reading consideration of the bill must be filed with the chief clerk by 10 a.m. on Monday, March 28.

Section 2. (a) During second and third reading consideration of the bill, any amendment that adds or increases an item of appropriation in the bill is not in order unless the amendment contains an equal or greater reduction in one or more items of appropriation in the bill from the fund or funds against which the appropriation is to be certified.

(b) The provisions of this section do not apply to an amendment that makes an adjustment in an item of appropriations solely to correct a technical clerical error.

The Committee on Calendars rule was adopted by (Record 150): 144 Yeas, 0 Nays, 1 Present, not voting.

Yeas — Aliseda; Allen; Alonzo; Alvarado; Anchia; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Castro; Chisum; Christian; Coleman; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Davis, Y.; Driver; Dukes; Dutton; Eiland; Eissler; Elkins; Farias; Farrar; Fletcher; Flynn; Frullo; Gallego; Garza; Geren; Giddings; Gonzales, L.; Gonzales, V.; Gonzalez; Gooden; Gutierrez; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hernandez Luna; Hilderbran; Hochberg; Hopson; Howard, C.; Howard, D.; Huberty; Hughes; Hunter; Isaac; Jackson; Johnson; Keffer; King, P.; King, S.; King, T.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lozano; Lucio; Lyne; Madden; Mallory Caraway; Margo; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Miller, D.; Miller, S.; Morrison; Muñoz; Murphy; Naishtat; Nash; Orr; Otto;

TX_00003023

USA_00017053

Parker; Patrick; Paxton; Peña; Perry; Phillips; Pickett; Pitts; Price; Quintanilla; Raymond; Reynolds; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Strama; Taylor, L.; Taylor, V.; Thompson; Torres; Truitt; Turner; Veasey; Villarreal; Vo; Walle; Weber; White; Woolley; Workman; Zedler; Zerwas.

Present, not voting — Mr. Speaker(C).

Absent — Burnam; Deshotel; Guillen; Oliveira; Rodriguez.

### HB 275 - COMMITTEE ON CALENDARS RULE ADOPTED

Pursuant to Rule 3, Section 5(2) and Rule 6, Section 16(f) of the House Rules, Representative Hunter moved to adopt the following rule governing floor consideration of **HB 275**:

All original amendments that will be offered during second reading consideration of the bill must be filed with the chief clerk by 10 a.m. on Monday, March 28.

The Committee on Calendars rule was adopted by (Record 151): 147 Yeas, 0 Nays, 1 Present, not voting.

Yeas — Aliseda; Allen; Alonzo; Alvarado; Anchia; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Castro; Chisum; Christian; Coleman; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Davis, Y.; Deshotel; Driver; Dukes; Dutton; Eiland; Eissler; Elkins; Farias; Farrar; Fletcher; Flynn; Frullo; Gallego; Garza; Geren; Giddings; Gonzales, L.; Gonzales, V.; Gonzalez; Gooden; Gutierrez; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hernandez Luna; Hilderbran; Hochberg; Hopson; Howard, C.; Howard, D.; Huberty; Hughes; Hunter; Isaac; Jackson; Johnson; Keffer; King, P.; King, S.; King, T.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lozano; Lucio; Lyne; Madden; Mallory Caraway; Margo; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Miller, D.; Miller, S.; Morrison; Muñoz; Murphy; Naishtat; Nash; Oliveira; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pickett; Pitts; Price; Quintanilla; Raymond; Reynolds; Riddle; Ritter; Rodriguez; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Strama; Taylor, L.; Taylor, V.; Thompson; Torres; Truitt; Turner; Veasey; Villarreal; Vo; Walle; Weber; White; Woolley; Workman; Zedler; Zerwas.

Present, not voting — Mr. Speaker(C).

Absent — Burnam; Guillen.

### GENERAL STATE CALENDAR
### HOUSE BILLS
### SECOND READING

The following bills were laid before the house and read second time:

TX_00003024
## JA_002172

TX_00003024

USA_00017054

Case 2:13-cv-00193 Document 661-2 Filed on 11/11/14 in TXSD Page 36 of 65
e 1:12-cv-00128-RMC-DST-RLW Document 208-4 Filed 06/20/12 Page 123 of
Wednesday, March 23, 2011      HOUSE JOURNAL — 40th Day      1043

### HB 71 ON SECOND READING
### (by Martinez and Hughes)

**HB 71**, A bill to be entitled An Act relating to the fee charged for the Texas Airport Directory.

Representative Martinez moved to postpone consideration of **HB 71** until 9:59 a.m. Thursday, March 31.

The motion prevailed.

### HB 229 ON SECOND READING
### (by Solomons)

**HB 229**, A bill to be entitled An Act relating to the duties of the county tax assessor-collector and voter registrar regarding exemptions from jury service.

Representative Solomons moved to postpone consideration of **HB 229** until 9:59 a.m. Thursday, March 31.

The motion prevailed.

### HB 451 ON SECOND READING
### (by Lucio, Creighton, Branch, and Bohac)

**HB 451**, A bill to be entitled An Act relating to the creation of a Don't Mess with Texas Water program to prevent illegal dumping that affects the surface waters of this state.

**Amendment No. 1**

Representative Lucio offered the following amendment to **HB 451**:

Amend **HB 451** on page 1, between lines 22 and 23, by inserting:

(e)  The Texas Department of Transportation shall post a sign that complies with program requirements at a major highway water crossing at the time a previously posted sign identifying the crossing or prohibiting dumping at the crossing is scheduled to be replaced.

Amendment No. 1 was adopted.

**HB 451**, as amended, was passed to engrossment by (Record 152): 122 Yeas, 21 Nays, 1 Present, not voting.

Yeas — Aliseda; Allen; Alonzo; Alvarado; Anchia; Anderson, R.; Beck; Bohac; Branch; Brown; Burkett; Burnam; Button; Callegari; Carter; Castro; Chisum; Christian; Coleman; Cook; Craddick; Creighton; Crownover; Davis, J.; Davis, S.; Davis, Y.; Deshotel; Driver; Dukes; Dutton; Eissler; Elkins; Farias; Farrar; Flynn; Frullo; Gallego; Garza; Geren; Giddings; Gonzales, L.; Gonzales, V.; Gonzalez; Gooden; Guillen; Gutierrez; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hernandez Luna; Hilderbran; Hochberg; Hopson; Howard, D.; Huberty; Hunter; Isaac; Jackson; Keffer; King, S.; King, T.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Lewis; Lozano; Lucio; Mallory Caraway; Margo; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Miller, D.; Morrison; Muñoz; Murphy; Naishtat; Nash; Oliveira; Orr; Otto; Patrick; Peña; Perry; Phillips; Pickett; Pitts; Price;

TX_00003025

USA_00017055

Quintanilla; Raymond; Reynolds; Riddle; Ritter; Rodriguez; Schwertner; Scott; Sheets; Sheffield; Smith, W.; Smithee; Solomons; Strama; Taylor, L.; Taylor, V.; Torres; Truitt; Turner; Veasey; Vo; Walle; Weber; Woolley; Zerwas.

Nays — Anderson, C.; Aycock; Berman; Bonnen; Cain; Darby; Fletcher; Howard, C.; King, P.; Legler; Lyne; Madden; Miller, S.; Parker; Paxton; Shelton; Simpson; Smith, T.; White; Workman; Zedler.

Present, not voting — Mr. Speaker(C).

Absent — Eiland; Hughes; Johnson; Marquez; Thompson; Villarreal.

### STATEMENTS OF VOTE

I was shown voting yes on Record No. 152. I intended to vote no.

Flynn

I was shown voting yes on Record No. 152. I intended to vote no.

Phillips

I was shown voting yes on Record No. 152. I intended to vote no.

Weber

### FIVE-DAY POSTING RULE SUSPENDED

Representative Kolkhorst moved to suspend the five-day posting rule to allow the Committee on Public Health to consider the previously posted agenda and pending business at 8 a.m. March 24, in E2.030.

The motion prevailed.

### COMMITTEE GRANTED PERMISSION TO MEET

Representative Branch requested permission for the Committee on Higher Education to meet while the house is in session, during bill referral today, in E1.014, to consider the previously posted agenda.

Permission to meet was granted.

### COMMITTEE MEETING ANNOUNCEMENTS

The following committee meetings were announced:

Public Health, 8 a.m. March 24, E2.030, for a public hearing, to consider the previously posted agenda and pending business.

Energy Resources, 1 p.m. March 24, E2.036, for a public hearing, to consider pending business.

(Lozano in the chair)

### COMMITTEE GRANTED PERMISSION TO MEET

Representative Deshotel requested permission for the Committee on Culture, Recreation, and Tourism to meet while the house is in session, during bill referral today, in E1.026, to consider pending business.

Permission to meet was granted.

TX_00003026

USA_00017056

## PROVIDING FOR ADJOURNMENT

Representative S. Davis moved that, at the conclusion of the reading of bills and resolutions on first reading and referral to committees, the house adjourn until 10 a.m. today, Thursday, March 24.

The motion prevailed.

## BILLS AND JOINT RESOLUTIONS ON FIRST READING
## AND REFERRAL TO COMMITTEES
## CORRECTIONS IN REFERRAL

Bills and joint resolutions were at this time laid before the house, read first time, and referred to committees. Pursuant to Rule 1, Section 4 of the House Rules, the chair at this time corrected the referral of measures to committees. (See the addendum to the daily journal, Referred to Committees, List No. 1.)

(V. Taylor in the chair)

## ADJOURNMENT

In accordance with a previous motion, the house, at 12:14 a.m. Thursday, March 24, adjourned until 10 a.m. today.

---

## ADDENDUM

---

## REFERRED TO COMMITTEES

The following bills and joint resolutions were today laid before the house, read first time, and referred to committees, and the following resolutions were today laid before the house and referred to committees. If indicated, the chair today corrected the referral of the following measures:

**List No. 1**

**HB 1295** (By Shelton), Relating to a pilot project to increase enrollee access to primary care services and simplify enrollment procedures under the child health plan program.

To Human Services.

**HB 1338** (By T. Smith), Relating to the requirement that a voter provide proof of citizenship when registering to vote.

To Elections.

**HB 1412** (By Chisum), Relating to requiring a voter to present proof of identification; providing penalties.

To Elections.

**HB 1458** (By Harless), Relating to requiring a voter to present proof of identification; providing penalties.

To Elections.

TX_00003027

USA_00017057

Case 2:13-cv-00193 Document 661-2 Filed on 11/11/14 in TXSD Page 39 of 65
e 1:12-cv-00128-RMC-DST-RLW Document 208-4 Filed 06/20/12 Page 126 of
1046          82nd LEGISLATURE — REGULAR SESSION

**HB 1533** (By Eiland), Relating to voter registration.
To Elections.

**HB 2665** (By P. King), Relating to abolishing the Texas Funeral Service Commission and the Texas State Board of Plumbing Examiners and transferring the functions of those agencies to the Texas Department of Licensing and Regulation.
To State Affairs.

**HB 2825** (By Otto), Relating to the investment management of the permanent university fund.
To Higher Education.

**HB 3166** (By Callegari), Relating to the abolition and consolidation of state agencies.
To Government Efficiency and Reform.

**HB 3167** (By Callegari), Relating to the repeal of occupational licensing requirements.
To Government Efficiency and Reform.

**HB 3168** (By Callegari), Relating to the operation of state agencies
To Government Efficiency and Reform.

**HB 3266** (By S. Miller), Relating to the audit of retail and mail order pharmacy claims of certain public employees.
To Insurance.

**HB 3413** (By Darby), Relating to the property and funding of the Texas Department of Motor Vehicles.
To Transportation.

**HB 3414** (By Darby), Relating to certain fiscal matters relating to the Department of Agriculture.
To Appropriations.

**HB 3415** (By Darby), Relating to the authority of the Texas Animal Health Commission to set and collect fees.
To Appropriations.

**HB 3416** (By Darby), Relating to eliminating a requirement that the Texas Alcoholic Beverage Commission transfer certain funds to the Department of Agriculture for the Texas Wine Marketing Assistance Program.
To Appropriations.

**HB 3417** (By Darby), Relating to state fiscal matters regarding business and economic development.
To Appropriations.

**HB 3418** (By Darby), Relating to state fiscal matters related to natural resources and the environment.
To Appropriations.

**HB 3419** (By Darby), Relating to state fiscal matters related to certain regulatory agencies.

To Appropriations.

**HB 3420** (By Darby), Relating to the fee on delivery of certain petroleum products.

To Appropriations.

**HB 3547** (By Alvarado), Relating to enforcement by a local government of fire safety standards at certain child-care facilities.

To Urban Affairs.

**HB 3569** (By Lucio), Relating to the review of certain documents by the attorney general; imposing certain fees.

To Government Efficiency and Reform.

**HB 3570** (By Smithee), Relating to insurance coverage requirements for certain amusement rides.

To Insurance.

**HB 3571** (By Phillips), Relating to the use of revenue sharing as a means of repayment of Texas Department of Transportation cost participation in a toll facility of a public entity.

To Transportation.

**HB 3572** (By S. King), Relating to the creation of the 1st Multicounty Court at Law composed of Fisher and Nolan Counties and the abolishment of the County Court at Law of Nolan County.

To Judiciary and Civil Jurisprudence.

**HB 3573** (By S. King), Relating to limiting the disclosure of certain information regarding certain charitable organizations, trusts, private foundations, and grant-making organizations.

To Business and Industry.

**HB 3574** (By Torres), Relating to the Texas Back to Work initiative.

To Economic and Small Business Development.

**HB 3575** (By Thompson), Relating to the operation of casino gaming in this state by federally recognized Indian tribes on certain land; providing penalties.

To Licensing and Administrative Procedures.

**HB 3576** (By Thompson), Relating to the operation of casino gaming in this state by federally recognized Indian tribes on certain land and by licensed operators at horse and greyhound racetracks and licensed locations; providing penalties.

To Licensing and Administrative Procedures.

**HB 3577** (By L. Gonzales), Relating to eligibility requirements for the Texas Educational Opportunity Grant.

To Higher Education.

TX_00003029

USA_00017059

**HB 3578** (By L. Gonzales), Relating to clarification of the authorized uses for loans under public institution of higher education emergency loan programs.
To Higher Education.

**HB 3579** (By L. Gonzales), Relating to repayment assistance for certain physician education loans.
To Higher Education.

**HB 3580** (By Frullo), Relating to the issuance of specialty license plates for surviving spouses of disabled veterans of the United States armed forces.
To Defense and Veterans' Affairs.

**HB 3581** (By Driver), Relating to authorizing the sale of beer by wineries.
To Licensing and Administrative Procedures.

**HB 3582** (By Harless), Relating to the allocation to a school district of the expenses of a joint election.
To Elections.

**HB 3583** (By Harless), Relating to the authority of local law enforcement authorities to enforce certain laws regulating coin-operated machines; providing criminal penalties.
To Licensing and Administrative Procedures.

**HB 3584** (By Strama), Relating to the Texas emerging technology fund.
To Technology.

**HB 3585** (By V. Taylor), Relating to the adoption of voting procedures necessary to implement the federal Military and Overseas Voter Empowerment Act.
To Elections.

**HB 3586** (By V. Taylor), Relating to unit operations for oil, gas, or oil and gas production or carbon dioxide storage.
To Energy Resources.

**HB 3587** (By Callegari), Relating to the functions of the Texas Guaranteed Student Loan Corporation.
To Higher Education.

**HB 3588** (By Coleman), Relating to the use of a county risk management pool by certain county and district officers instead of the execution of bonds.
To County Affairs.

**HB 3589** (By Hancock), Relating to claim-handling deadlines in the event of certain weather-related catastrophes or natural disasters.
To Insurance.

**HB 3590** (By Hancock), Relating to the cancellation of homeowners insurance policies.
To Insurance.

**HB 3591** (By D. Howard), Relating to the confidentiality of information obtained by a compliance office of an institution of higher education.
To Higher Education.

**HB 3592** (By D. Howard), Relating to the Lower Colorado River Authority.
To Natural Resources.

**HB 3593** (By W. Smith), Relating to providing notice of foreclosure to certain lien holders.
To Business and Industry.

**HB 3594** (By Aliseda), Relating to the termination of a volunteer deputy registrar for the submission of late or incomplete applications for voter registration.
To Elections.

**HB 3595** (By Chisum), Relating to energy efficiency goals and energy efficiency programs.
To Energy Resources.

**HB 3596** (By Hancock), Relating to public school finance and the allocation of state funds.
To Public Education.

**HB 3597** (By Larson), Relating to the powers and duties of certain public improvement districts.
To Urban Affairs.

**HB 3598** (By Huberty), Relating to the criminal registration procedure for a convicted arsonist.
To Criminal Jurisprudence.

**HB 3599** (By Garza), Relating to contracting with emerging fund managers by the State Board of Education for investment of the permanent school fund.
To Public Education.

**HB 3600** (By Garza), Relating to municipal and county authority to enforce a solid waste collection and transportation services franchise.
To Environmental Regulation.

**HB 3601** (By Garza), Relating to the issuance of cease and desist orders by the Texas Medical Board.
To Public Health.

**HB 3602** (By Garza), Relating to a restriction on permits authorizing direct discharges of waste or pollutants into water in certain areas associated with the Barton Springs segment of the Edwards Aquifer.
To Natural Resources.

**HB 3603** (By Garza), Relating to the distribution of money appropriated from a municipal court building security fund.
To Criminal Jurisprudence.

**HB 3604** (By Smithee), Relating to enforcement of certain insurance provisions in construction contracts.
To Business and Industry.

TX_00003031

USA_00017061

Case 2:13-cv-00193 Document 661-2 Filed on 11/11/14 in TXSD Page 43 of 65
e 1:12-cv-00128-RMC-DST-RLW Document 208-4 Filed 06/20/12 Page 130 of
1030          82nd LEGISLATURE — REGULAR SESSION

**HB 3605** (By Smithee), Relating to the payment of losses by the Texas Windstorm Insurance Association

To Insurance.

**HB 3606** (By Kuempel), Relating to the payment of development impact fees by certain political subdivisions or governmental entities.

To Urban Affairs.

**HB 3607** (By Kuempel), Relating to construction managers-at-risk used by local governments.

To Urban Affairs.

**HB 3608** (By Kuempel), Relating to a franchise tax credit for contributions to programs for at-risk youth.

To Ways and Means.

**HB 3609** (By Smithee), Relating to insurance premium and maintenance taxes, and payment of excess losses of the Texas Windstorm Insurance Association.

To Insurance.

**HB 3610** (By Thompson), Relating to periodic rate adjustments by electric utilities.

To State Affairs.

**HB 3611** (By Truitt), Relating to the administration of medications for persons with intellectual and developmental disabilities.

To Public Health.

**HB 3612** (By Turner), Relating to the administration of the Texas Save and Match Program to assist qualifying beneficiaries under the state's prepaid tuition plans and college savings plans and to the treatment of a beneficiary's assets under prepaid tuition plans and college savings plans in determining eligibility for student financial assistance and other assistance programs.

To Higher Education.

**HB 3613** (By Walle), Relating to the operation of the Texas Windstorm Insurance Association.

To Insurance.

**HB 3614** (By Hughes), Relating to the interest rate on a refund of ad valorem taxes made following the final determination of an appeal that decreases a property owner's tax liability.

To Ways and Means.

**HB 3615** (By Hughes), Relating to the authority of the chief appraiser of an appraisal district to increase the appraised value of property if the appraised value of the property was reduced in an appeal in a prior year.

To Ways and Means.

**HB 3616** (By Naishtat), Relating to designating October as Disability History and Awareness Month.

To Human Services.

TX_00003032
USA_00017062

**HB 3617** (By Madden), Relating to abolishing the Texas Commission on Fire Protection, the Commission on Jail Standards, and the Commission on Law Enforcement Officer Standards and Education and transferring certain of the powers and duties of those agencies to the newly created Public Safety Licensing Commission.
To Homeland Security and Public Safety.

**HB 3618** (By S. Miller), Relating to the regulation of restricted fireworks.
To County Affairs.

**HB 3619** (By S. Miller), Relating to the application of certain concealed handgun license laws to certain statewide elected officials and members of the legislature.
To Homeland Security and Public Safety.

**HB 3620** (By Isaac), Relating to changes in participation in public utility agencies.
To Natural Resources.

**HB 3621** (By Bonnen), Relating to the Gulf Coast Water Authority.
To Natural Resources.

**HB 3622** (By R. Anderson), Relating to liability for the death of a pet.
To Judiciary and Civil Jurisprudence.

**HB 3623** (By Darby), Relating to the environmental review of certain transportation projects by the Texas Department of Transportation.
To Transportation.

**HB 3624** (By Hochberg), Relating to the eligibility of educational aides for tuition exemptions at public institutions of higher education.
To Higher Education.

**HB 3625** (By Carter), Relating to a task force on school district administrative efficiency.
To Public Education.

**HB 3626** (By Kolkhorst), Relating to the Texas Economic Development Act.
To Ways and Means.

**HB 3627** (By Aliseda), Relating to the use of audio and visual recording devices in a polling place.
To Elections.

**HB 3628** (By Aliseda), Relating to the offense of unacknowledged assistance to a voter in completing an application for a ballot to be voted by mail.
To Elections.

**HB 3629** (By Shelton), Relating to abolishing the Department of Assistive and Rehabilitative Services and transferring its powers and duties to the Department of Aging and Disability Services and the Department of State Health Services.
To Human Services.

Case 2:13-cv-00193  Document 661-2  Filed on 11/11/14 in TXSD  Page 45 of 65
e 1:12-cv-00128-RMC-DST-RLW  Document 208-4  Filed 06/20/12  Page 132 of

1052            82nd LEGISLATURE — REGULAR SESSION

**HB 3630** (By Hunter), Relating to certain unprofessional conduct by a health care provider.

To Public Health.

**HB 3631** (By Branch), Relating to the imposition of certain conditions and limitations on the receipt of tuition and fee exemptions at public institutions of higher education.

To Higher Education.

**HB 3632** (By Hamilton), Relating to the effect on local regulation of the use and sale of fireworks.

To Land and Resource Management.

**HB 3633** (By Legler), Relating to participation in retirement programs by certain employees.

To Pensions, Investments, and Financial Services.

**HB 3634** (By Villarreal), Relating to including additional territory in the state in a junior college district.

To Higher Education.

**HB 3635** (By Dutton), Relating to the registration of and taxes and fees imposed on sexually oriented businesses; providing a civil penalty.

To Licensing and Administrative Procedures.

**HB 3636** (By Dutton), Relating to safety measures for culverts or other similar flood or drainage systems maintained by governmental entities.

To Urban Affairs.

**HB 3637** (By S. Miller), Relating to the regulation of equine dental technicians; providing penalties.

To Agriculture and Livestock.

**HB 3638** (By Hancock), Relating to telecommunications and the universal service fund.

To State Affairs.

**HB 3639** (By Pitts), Relating to state fiscal matters related to public and higher education.

To Appropriations.

**HB 3640** (By Pitts), Relating to the remittance and allocation of certain taxes and fees.

To Appropriations.

**HB 3641** (By Pitts), Relating to the remittance and allocation of gasoline and diesel fuel tax collections.

To Appropriations.

**HB 3642** (By Pitts), Relating to the dates on which franchise tax payments are due from certain taxable entities.

To Appropriations.

TX_00003034

USA_00017064

**HB 3643** (By Pitts), Relating to the remittance of mixed beverage taxes and taxes and fees on certain alcoholic beverages.

To Appropriations.

**HB 3644** (By Pitts), Relating to the creation and re-creation of funds and accounts in the state treasury, the dedication and rededication of revenue, and the exemption of unappropriated money from use for general governmental purposes.

To Appropriations.

**HB 3645** (By Pitts), Relating to state contributions made to fund the Teacher Retirement System of Texas and certain group benefits for retired school employees.

To Pensions, Investments, and Financial Services.

**HB 3646** (By Turner), Relating to the powers and duties of the Legislative Budget Board, including the receipt of reports by the board.

To State Affairs.

**HB 3647** (By Turner), Relating to directing payment, after approval, of certain miscellaneous claims and judgments against the state out of funds designated by this Act; making appropriations.

To Appropriations.

**HB 3648** (By Otto), Relating to state fiscal matters related to the judiciary.

To Appropriations.

**HB 3649** (By Otto), Relating to state fiscal matters related to law enforcement and criminal justice.

To Appropriations.

**HB 3650** (By Otto), Relating to cash payments provided to an inmate released on parole, mandatory supervision, or conditional pardon from the Texas Department of Criminal Justice.

To Appropriations.

**HB 3651** (By Otto), Relating to the appropriation of certain revenue for information technology projects.

To Appropriations.

**HB 3652** (By Otto), Relating to handling fees imposed by the comptroller for processing unclaimed property.

To Appropriations.

**HB 3653** (By Otto), Relating to the registration fee and registration renewal fee for lobbyists.

To Appropriations.

**HB 3654** (By Otto), Relating to the review of certain documents by the attorney general; imposing certain fees.

To Appropriations.

**HB 3655** (By Otto), Relating to the State Bar of Texas membership dues and minimum continuing legal education requirements for an attorney employed by the office of the attorney general.

To Appropriations.

**HB 3656** (By Otto), Relating to reimbursement to a county for payment to a person who reports for jury service.

To Appropriations.

**HB 3657** (By Otto), Relating to the collection of certain fees by the Commission on Jail Standards.

To Appropriations.

**HB 3658** (By Otto), Relating to the judicial and court personnel training fund.

To Appropriations.

**HB 3659** (By Otto), Relating to contributions by public retirement systems to the State Pension Review Board fund.

To Appropriations.

**HB 3660** (By Otto), Relating to requiring the secretary of state to publish the session laws of the legislature electronically and eliminating certain requirements for publishing and distributing volumes of the session laws.

To Appropriations.

**HB 3661** (By Otto), Relating to abolishing the state boot camp program.

To Appropriations.

**HB 3662** (By Otto), Relating to fees for process server certification.

To Appropriations.

**HB 3663** (By Otto), Relating to the use and management of the Texas preservation trust fund account.

To Appropriations.

**HB 3664** (By Otto), Relating to the calculation of the amount of state aid to be received by community supervision and corrections departments.

To Appropriations.

**HB 3665** (By Otto), Relating to state fiscal matters related to general government.

To Appropriations.

**HB 3666** (By Zerwas), Relating to state fiscal matters related to health and human services and state agencies administering health and human services programs.

To Appropriations.

**HB 3667** (By Peña), Relating to the establishment and administration of an employment verification compliance program, deterring the use of unauthorized foreign workers, imposing powers and duties on executive agencies, and providing for remedies.

To State Affairs.

TX_00003036

USA_00017066

**HB 3668** (By Callegari), Relating to certificates of public convenience and necessity for water or sewer services.

To Natural Resources.

**HB 3669** (By Carter), Relating to the funding for and user friendliness of the website operated by the Public Utility Commission of Texas to provide information regarding the power to choose retail electric providers.

To State Affairs.

**HB 3670** (By Carter), Relating to accreditation standards for child care training.

To Human Services.

**HB 3671** (By W. Smith), Relating to the development, financing, construction, and operation of toll projects.

To Transportation.

**HB 3672** (By Dutton), Relating to requiring the comptroller to provide notice to a person who will be regarded as a retailer or seller for purposes of sales and use tax.

To Ways and Means.

**HB 3673** (By Dutton), Relating to offers of settlement in civil cases.

To Judiciary and Civil Jurisprudence.

**HB 3674** (By Eiland), Relating to the use of unsworn declarations.

To Judiciary and Civil Jurisprudence.

**HB 3675** (By Eiland), Relating to assessments and taxes on subscription video service providers.

To State Affairs.

**HB 3676** (By Brown), Relating to procuring contracts for certain professional services by a governmental entity.

To State Affairs.

**HB 3677** (By Brown), Relating to the administrative fee charged by the Department of Information Resources to other entities for the purchase of certain commodity items.

To State Affairs.

**HB 3678** (By Brown), Relating to implementation of certain cost-saving measures for the Medicaid vendor drug program and child health plan program prescription drug benefits.

To Public Health.

**HB 3679** (By Martinez Fischer), Relating to a prohibition on the marketing of foods of minimal nutritional value on public school campuses.

To Public Health.

**HB 3680** (By Martinez Fischer), Relating to the types of food or beverages that may be sold to students on public school campuses.

To Public Health.

TX_00003037

USA_00017067

Case 2:13-cv-00193 Document 661-2 Filed on 11/11/14 in TXSD Page 49 of 65
e 1:12-cv-00128-RMC-DST-RLW Document 208-4 Filed 06/20/12 Page 136 of
1656                82nd LEGISLATURE — REGULAR SESSION

**HB 3681** (By Martinez Fischer), Relating to assessments of physical fitness of public school students and campus ratings based on that assessment.

To Public Education.

**HB 3682** (By Martinez Fischer), Relating to physical activity requirements applicable to public school students.

To Public Education.

**HB 3683** (By Martinez Fischer), Relating to hearings and appeals in connection with the insurance commissioner's disapproval of a property and casualty insurance rate.

To Insurance.

**HB 3684** (By Callegari), Relating to evaluating and providing for efficient government resource allocation.

To Government Efficiency and Reform.

**HB 3685** (By Aliseda), Relating to the collection and distribution of sales taxes and the hours of operation for certain retailers.

To Ways and Means.

**HB 3686** (By Brown), Relating to allowing certain identifiable communities in the extraterritorial jurisdiction of a municipality to incorporate.

To County Affairs.

**HB 3687** (By Perry), Relating to the closed formulary for workers' compensation pharmaceutical benefits.

To State Affairs.

**HB 3688** (By Hochberg), Relating to the collection of contributions by the Teacher Retirement System of Texas.

To Pensions, Investments, and Financial Services.

**HB 3689** (By Oliveira), Relating to the partnership agreement between The University of Texas at Brownsville and the Texas Southmost College District.

To Higher Education.

**HB 3690** (By Anchia), Relating to the boundaries and financing of a public improvement district.

To Urban Affairs.

**HB 3691** (By Gallego), Relating to the provision of certain programs and services by a community supervision and corrections department.

To Corrections.

**HB 3692** (By Gallego), Relating to peace officer interaction with persons with mental illness and to a person's incompetency to stand trial.

To Criminal Jurisprudence.

**HB 3693** (By Gallego), Relating to the supplemental compensation of certain local administrative district judges.

To Judiciary and Civil Jurisprudence.

TX_00003038
USA_00017068

Case 2:13-cv-00193 Document 661-2 Filed on 11/11/14 in TXSD Page 50 of 65
e 1:12-cv-00128-RMC-DST-RLW Document 208-4 Filed 06/20/12 Page 137 of
Wednesday, March 23, 2011   HOUSE JOURNAL — 46th Day   1039

**HB 3694** (By Gallego), Relating to certain requirements of sports officials by the University Interscholastic League.

To Public Education.

**HB 3695** (By Gallego), Relating to confidentiality of Class C misdemeanor records related to the conviction of a child.

To Criminal Jurisprudence.

**HB 3696** (By Gallego), Relating to concurrent state and federal legislative jurisdiction over units of the national park system in this state.

To Culture, Recreation, and Tourism.

**HB 3697** (By Gallego), Relating to the establishment of a Service to Texas requirement for undergraduate students at public institutions of higher education and the establishment of a Service to Texas program.

To Higher Education.

**HB 3698** (By Gallego), Relating to jurisdiction of district courts and criminal district courts in certain criminal proceedings.

To Criminal Jurisprudence.

**HB 3699** (By Turner), Relating to the disposal of nonparty compact low-level radioactive waste at the Texas Low-Level Radioactive Waste Disposal Compact waste disposal facility.

To Environmental Regulation.

**HB 3700** (By Larson), Relating to the conversion of a nontolled state highway or segment of the state highway system to a toll project.

To Transportation.

**HB 3701** (By Fletcher), Relating to the confidentiality of certain personal information.

To State Affairs.

**HB 3702** (By Raymond), Relating to sales and use tax imposed by boards of certain municipal transit departments.

To Ways and Means.

**HB 3703** (By Raymond), Relating to the use of certain aviation and air transportation-related tax proceeds for aviation facilities development.

To Ways and Means.

**HB 3704** (By Brown), Relating to the taxation of political subdivisions of the state.

To Ways and Means.

**HB 3705** (By Hamilton), Relating to the creation of the disaster reconstruction coordination office within the governor's office; creating the disaster contingency account.

To Homeland Security and Public Safety.

**HB 3706** (By Callegari), Relating to measures in anticipation of federal legislation that would recognize the sovereignty of the states by providing each state with autonomy in determining whether and to what extent certain federal programs or mandates would apply in that state.

To Select State Sovereignty.

**HB 3707** (By Christian), Relating to the waiting period for certain spouses filing for divorce on the grounds of insupportability.

To Judiciary and Civil Jurisprudence.

**HB 3708** (By Hochberg), Relating to the Early High School Graduation Scholarship Program.

To Public Education.

**HB 3709** (By Hochberg), Relating to reducing costs in public school extracurricular activities.

To Public Education.

**HB 3710** (By Lewis), Relating to filling vacancies in appellate judicial offices by appointment, partisan elections for all judicial offices, and nonpartisan elections for the retention or rejection for all judicial offices.

To Judiciary and Civil Jurisprudence.

**HB 3711** (By D. Howard), Relating to requirements for the coordinated admission program at The University of Texas at Austin.

To Higher Education.

**HB 3712** (By Giddings), Relating to the reporting of information by a school district relating to certain offenses committed by certain students.

To Public Education.

**HB 3713** (By Giddings), Relating to a grant program to promote good citizenship.

To Public Education.

**HB 3714** (By McClendon), Relating to the regulation of controlled substances and the establishment of an electronic system for monitoring controlled substances; providing criminal penalties.

To Public Health.

**HB 3715** (By Workman), Relating to standards applicable to propane distribution system retailers.

To Energy Resources.

**HB 3716** (By Guillen), Relating to the evaluation of applications for certain financial assistance administered by the Texas Department of Housing and Community Affairs.

To Urban Affairs.

**HB 3717** (By Guillen), Relating to fees for emergency first response service provided by certain counties.

To Border and Intergovernmental Affairs.

TX_00003040

USA_00017070

**HB 3718** (By Gutierrez), Relating to the sale of real property.
To Business and Industry.

**HB 3719** (By Gutierrez), Relating to truancy and the jurisdiction of justice courts
To Public Education.

**HB 3720** (By Turner), Relating to the transfer of housing funds from the Texas Department of Housing and Community Affairs to the Texas Veterans Commission.
To Defense and Veterans' Affairs.

**HB 3721** (By Patrick), Relating to formula funding for certain semester credit hours earned for dual course credit.
To Higher Education.

**HB 3722** (By Guillen), Relating to the boater education program at the parks and wildlife department.
To Culture, Recreation, and Tourism.

**HB 3723** (By Guillen), Relating to optional fees on the registration of a vehicle imposed by a county.
To Transportation.

**HB 3724** (By Guillen), Relating to the Chronic Kidney Disease Task Force
To Public Health.

**HB 3725** (By Guillen), Relating to the preservation and maintenance of the Alamo by the Texas Historical Commission.
To Culture, Recreation, and Tourism.

**HB 3726** (By Guillen), Relating to an annual report of the private entity granted care and custody of the Alamo.
To Culture, Recreation, and Tourism.

**HB 3727** (By Hilderbran), Relating to the computation of the property tax on temporary production aircraft.
To Ways and Means.

**HB 3728** (By Jackson), Relating to the composition of and powers and duties of the Commission on Jail Standards.
To County Affairs.

**HB 3729** (By Martinez), Relating to the expansion of extraterritorial jurisdiction in certain municipalities.
To Land and Resource Management.

**HB 3730** (By Martinez), Relating to the department of transportation's privatization of maintenance contracts.
To Transportation.

**HB 3731** (By Martinez), Relating to the accommodation of bicycles, pedestrians, and mass transit riders on streets and highways.
To Transportation.

TX_00003041
USA_00017071

Case 2:13-cv-00193  Document 661-2  Filed on 11/11/14 in TXSD  Page 53 of 65
e 1:12-cv-00128-RMC-DST-RLW  Document 208-4  Filed 06/20/12  Page 140 of
1060               82nd LEGISLATURE — REGULAR SESSION

**HB 3732** (By Martinez), Relating to the authority of a regional mobility authority to enter into a comprehensive development agreement.
To Transportation.

**HB 3733** (By Martinez), Relating to the creation of Texas Task Force 3 in the Rio Grande Valley.
To Homeland Security and Public Safety.

**HB 3734** (By Martinez), Relating to certain comprehensive development agreements of the Texas Department of Transportation.
To Transportation.

**HB 3735** (By Martinez), Relating to the composition of the Texas Commission on Fire Protection and the disposition of certain fees collected by the commission.
To Urban Affairs.

**HB 3736** (By Martinez), Relating to appointment of a department head of a fire or police department in certain municipalities.
To Urban Affairs.

**HB 3737** (By Martinez), Relating to broadcasting of athletic competitions sponsored or sanctioned by the University Interscholastic League.
To Public Education.

**HB 3738** (By Martinez), Relating to the designation of the Mid Valley Airport as the disaster relief headquarters for the Rio Grande Valley.
To Homeland Security and Public Safety.

**HB 3739** (By Morrison), Relating to exempting the sale of certain property used for research and development from the sales tax.
To Ways and Means.

**HB 3740** (By Guillen), Relating to the preservation and maintenance of the Alamo and the financial accountability and transparency of persons granted care and custody over certain historic state real properties.
To Culture, Recreation, and Tourism.

**HB 3741** (By Brown), Relating to an intercollegiate athletics fee at Texas A&M University.
To Higher Education.

**HB 3742** (By Schwertner), Relating to the environmental review of certain transportation projects by the Texas Department of Transportation
To Transportation.

**HB 3743** (By Workman), Relating to the rights, powers, functions, and duties of the West Travis County Municipal Utility District No. 5.
To Natural Resources.

**HB 3744** (By V. Gonzales), Relating to the reimbursement methodology used for certain services provided to Medicaid recipients.
To Public Health.

**HB 3745** (By Eiland), Relating to the participation of certain retirees under the proportionate retirement program in the Texas Public School Employees Group Benefits Program.

To Pensions, Investments, and Financial Services.

**HB 3746** (By Frullo), Relating to providing resources designed to combat crimes against children, especially crimes regarding child exploitation and child pornography trafficking involving the Internet.

To Criminal Jurisprudence.

**HB 3747** (By McClendon), Relating to the selection of certain members of the board of trustees of the Teacher Retirement System of Texas.

To Pensions, Investments, and Financial Services.

**HB 3748** (By Phillips), Relating to creating the division of forensic services; abolishing the Texas Forensic Science Commission and transferring certain duties of the commission and the Department of Public Safety to the division of forensic services.

To Homeland Security and Public Safety.

**HB 3749** (By Oliveira), Relating to establishing certain rights of an owner of the surface estate in land who does not own any interest in the mineral estate in the land in connection with the exploration for and production of the minerals.

To Energy Resources.

**HB 3750** (By Dutton), Relating to the waiver of sovereign immunity of a school district for certain claims arising from the provision of community education child care services.

To Judiciary and Civil Jurisprudence.

**HB 3751** (By Harper-Brown), Relating to the presiding officers of the early voting ballot board and a recount committee used in certain elections.

To Elections.

**HB 3752** (By Harper-Brown), Relating to a financial institution's action regarding certain withdrawals and deposits.

To Pensions, Investments, and Financial Services.

**HB 3753** (By P. King), Relating to the employment of physicians and other staff by certain municipal hospital authorities.

To Urban Affairs.

**HB 3754** (By Hilderbran), Relating to the powers and duties of the Office of Public Utility Counsel.

To State Affairs.

**HB 3755** (By Cook), Relating to management of certain metropolitan rapid transit authorities.

To Transportation.

**HB 3756** (By Carter), Relating to imposing liens for labor and materials provided by interior designers.

To Business and Industry.

TX_00003043

USA_00017073

**HB 3757** (By Callegari), Relating to the coordination of rural and small community initiatives.

To Economic and Small Business Development.

**HB 3758** (By Giddings), Relating to the issuance of citations to certain public school students on school property during regular school hours or on a vehicle owned or operated by a county or independent school district.

To Public Education.

**HB 3759** (By White), Relating to the criminal offenses for which and the circumstances under which certain communication devices may be detected and communications may be intercepted.

To Criminal Jurisprudence.

**HB 3760** (By Oliveira), Relating to home loans that are not federally related mortgage loans; providing civil penalties.

To Pensions, Investments, and Financial Services.

**HB 3761** (By Marquez), Relating to the treatment of and services provided to certain inmates in the custody of the Texas Department of Criminal Justice, to the provision of medical care to inmates in the custody of the department, to the release of inmates on parole and other forms of supervised release, and to certain other matters affecting the department.

To Corrections.

**HB 3762** (By Marquez), Relating to creating a transparent and deliberative process by which execution procedures are determined.

To Corrections.

**HB 3763** (By Marquez), Relating to the release of inmates in the custody of the Texas Department of Criminal Justice on parole or other forms of supervised release.

To Corrections.

**HB 3764** (By Marquez), Relating to the policies of the Texas Department of Criminal Justice regarding the use of, and treatment of inmates confined in, administrative segregation.

To Corrections.

**HB 3765** (By Pitts), Relating to the date on which certain payments are made by the state under the Foundation School Program.

To Appropriations.

**HB 3766** (By Pitts), Relating to the use of proceeds from a county jail's commissary operation.

To Appropriations.

**HB 3767** (By Pitts), Relating to the exemption from the sales and use tax for tangible personal property or a taxable service that is resold or otherwise transferred.

To Appropriations.

TX_00003044

USA_00017074

**HB 3768** (By Peña), Relating to a lien on a cause of action or claim of an individual who receives emergency medical services in certain counties.

To Judiciary and Civil Jurisprudence.

**HB 3769** (By Smithee), Relating to allowing driver education courses to be delivered by course providers.

To Public Education.

**HB 3770** (By Burkett), Relating to unstructured activity requirements for public elementary school students.

To Public Education.

**HB 3771** (By Harper-Brown), Relating to the authority of the Texas Department of Transportation to approve safety standards for high-speed rail; authorizing a fee.

To Transportation.

**HB 3772** (By Pitts), Relating to tax records.

To Appropriations.

**HB 3773** (By Pitts), Relating to the duties of the comptroller of public accounts to audit the Office of Court Administration's Collection Improvement Program.

To Appropriations.

**HB 3774** (By Pitts), Relating to the administration, collection, enforcement of various taxes and fees; providing penalties.

To Appropriations.

**HB 3775** (By Guillen), Relating to deer breeder operations; providing penalties.

To Culture, Recreation, and Tourism.

**HB 3776** (By Guillen), Relating to deer identification and deer breeder operations.

To Culture, Recreation, and Tourism.

**HB 3777** (By Gallego), Relating to collection, storage, and distribution of criminal history record information; providing penalties.

To Criminal Jurisprudence.

**HB 3778** (By Guillen), Relating to deer removal, destruction, and deer breeder operations; providing penalties.

To Culture, Recreation, and Tourism.

**HB 3779** (By Guillen), Relating to licensing of deer breeder operations; providing penalties.

To Culture, Recreation, and Tourism.

**HB 3780** (By Alonzo), Relating to compliance with rules, bylaws, and written policies adopted by a school district's board of trustees.

To Public Education.

Case 2:13-cv-00193 Document 661-2 Filed on 11/11/14 in TXSD Page 57 of 65
e 1:12-cv-00128-RMC-DST-RLW Document 208-4 Filed 06/20/12 Page 144 of
1064 82nd LEGISLATURE — REGULAR SESSION

**HB 3781** (By Naishtat), Relating to the maintenance by certain hospitals of records regarding certain uncompensated care costs.

To Public Health.

**HB 3782** (By Guillen), Relating to deer breeder operations; providing penalties.

To Culture, Recreation, and Tourism.

**HB 3783** (By Callegari), Relating to cost-saving and efficiency in government.

To Public Education.

**HB 3784** (By Callegari), Relating to the ethics and financial disclosure requirements and audits of certain governmental bodies.

To Government Efficiency and Reform.

**HB 3785** (By Callegari), Relating to a tax exemption for inactive oil and gas wells.

To Ways and Means.

**HB 3786** (By Craddick), Relating to the requirements for certain extensions of credit to consumers.

To Pensions, Investments, and Financial Services.

**HB 3787** (By Allen), Relating to the salary paid to certain professional employees of public schools.

To Public Education.

**HB 3788** (By Marquez), Relating to the authority of a county civil service commission to administer oaths and issue subpoenas; providing a penalty.

To County Affairs.

**HB 3789** (By Phillips), Relating to the development of toll projects through public-private partnerships.

To Transportation.

**HB 3790** (By Pitts), Relating to state fiscal matters.

To Appropriations.

**HB 3791** (By Pitts), Relating to the interest on certain tax refunds or credits.

To Appropriations.

**HB 3792** (By Burnam), Relating to municipal authority to regulate gas pipelines located within the municipality.

To Energy Resources.

**HB 3793** (By Phillips), Relating to the permissible uses of the state highway fund.

To Ways and Means.

**HB 3794** (By Burkett), Relating to disputes under insurance policies.

To Insurance.

TX_00003046

USA_00017076

**HB 3795** (By Elkins), Relating to authorized investments for governmental entities.

To Pensions, Investments, and Financial Services.

**HB 3796** (By Gallego), Relating to the composition of certain judicial districts.

To Judiciary and Civil Jurisprudence.

**HB 3797** (By Gallego), Relating to the validation of the creation, operation, and dissolution of, and certain acts related to, a venue project.

To Ways and Means.

**HB 3798** (By Martinez Fischer), Relating to the franchise tax, franchise tax rates and computation; alternative revenue sources and spending priorities for this state; certain taxes affecting businesses; making an appropriation; providing penalties.

To Ways and Means.

**HB 3799** (By S. Miller), Relating to timely filing of surplus lines policy; providing penalties.

To Insurance.

**HB 3800** (By Paxton), Relating to the licensing and regulation of professional fitness trainers; providing a penalty.

To Licensing and Administrative Procedures.

**HB 3801** (By S. Davis), Relating to the exception of certain personal information from disclosure under the public information law.

To State Affairs.

**HB 3802** (By S. Davis), Relating to liability of certain public utilities that allow recreational use of land that the public utility owns, occupies, or leases.

To Judiciary and Civil Jurisprudence.

**HB 3803** (By Phillips), Relating to the creation of the Cottonwood Municipal Utility District No. 2 of Grayson County; providing authority to impose a tax and issue bonds; granting a limited power of eminent domain.

To Natural Resources.

**HB 3804** (By Gallego), Relating to the creation of the Lajitas Utility District No. 1 of Brewster County; providing authority to impose taxes and issue bonds; granting a limited power of eminent domain.

To Natural Resources.

**HB 3805** (By Morrison), Relating to director elections and powers of the Texana Groundwater Conservation District.

To Natural Resources.

**HB 3806** (By Hardcastle), Relating to the authority of the board of directors of the Haskell County Hospital District to employ health care providers.

To County Affairs.

TX_00003047

USA_00017077

**HB 3807** (By Woolley), Relating to the option of providing electronic recordings of proceedings in the municipal court of record for the City of Houston.

To Judiciary and Civil Jurisprudence.

**HB 3808** (By T. King), Relating to fishing with certain archery equipment in certain counties.

To Culture, Recreation, and Tourism.

**HB 3809** (By Hardcastle), Relating to the authority of the board of directors of the Muenster Hospital District to employ physicians and other health care providers.

To County Affairs.

**HJR 12** (By Larson), Proposing a constitutional amendment providing that a member of the legislature or person holding a statewide elective office automatically vacates office on announcing a candidacy or becoming a candidate for another elective office before the final full year of the person's term of office.

To State Affairs.

**HJR 13** (By Legler), Proposing a constitutional amendment authorizing garnishment of wages for the recovery of fraudulently obtained unemployment benefits or of taxes or fees owed to the state.

To Economic and Small Business Development.

**HJR 14** (By Veasey), Proposing a constitutional amendment authorizing the legislature to create a social loan program.

To Human Services.

**HJR 15** (By Rodriguez), Proposing a constitutional amendment increasing the rates of taxes imposed on gasoline and diesel fuel, adjusting those rates annually for inflation, and dedicating certain revenue from those taxes to the design, construction, and maintenance of public roadways.

To Ways and Means.

**HJR 129** (By Naishtat), Proposing a constitutional amendment requiring a state senator or state representative to forfeit office on the final conviction of a felony.

To State Affairs.

**HJR 130** (By Branch), Meeting requirements of the United States Department of Education concerning federal student aid by naming private institutions of higher education in the State of Texas that are authorized to operate educational programs beyond secondary education, including programs leading to a degree or certificate.

To Higher Education.

**HJR 131** (By Rodriguez), Proposing a constitutional amendment allowing the expenditure of motor vehicle fuel taxes, registration fees, and federal reimbursement for those revenues for passenger rail, transit, and freight rail.

To Transportation.

**HJR 132** (By Landtroop), Proposing a constitutional amendment relating to the right to life beginning at fertilization.

To State Affairs.

**HJR 133** (By Gonzalez), Proposing a constitutional amendment authorizing a federally recognized Indian tribe in a county along the Texas-Mexico international border to conduct certain gaming activity on certain tribal lands.

To Licensing and Administrative Procedures.

**HJR 134** (By Oliveira), Proposing a constitutional amendment authorizing a county to regulate land development if approved by a majority vote in a countywide election.

To Land and Resource Management.

**HJR 135** (By Phillips), Proposing a constitutional amendment relating to an individual's or a religious organization's free exercise of religion.

To State Affairs.

**HJR 136** (By Price), Proposing a constitutional amendment providing that a legislator who is absent without excuse for an extended period during a legislative session vacates office and is not counted in determining a quorum of the applicable house of the legislature.

To State Affairs.

**HJR 137** (By Ritter), Proposing constitutional amendments relating to the funding of certain water projects.

To Natural Resources.

**HJR 140** (By Hunter), Proposing a constitutional amendment on the length of legislative terms and number of years a person may serve in the legislature.

To State Affairs.

**HJR 144** (By Raymond), Proposing a constitutional amendment regarding the dedication by general law of revenue of or money received by this state and money held in or deposited to an account or fund inside or outside the state treasury and the authorized expenditure or appropriation of revenue or money dedicated by general law.

To Ways and Means.

**HJR 145** (By Raymond), Proposing a constitutional amendment providing honesty in state taxation.

To Ways and Means.

**HJR 146** (By V. Taylor), Proposing a constitutional amendment to repeal the provision that requires the automatic resignation of certain county, municipal, or district officeholders if they become candidates for another office.

To Elections.

**HJR 147** (By Hamilton), Proposing a constitutional amendment authorizing the legislature to legalize and regulate the conduct of gaming in this state and authorizing the conduct of gaming by certain federally recognized Indian tribes.

To Licensing and Administrative Procedures.

Case 2:13-cv-00193  Document 661-2  Filed on 11/11/14 in TXSD  Page 61 of 65
e 1:12-cv-00128-RMC-DST-RLW  Document 208-4  Filed 06/20/12  Page 148 of
1068              82nd LEGISLATURE — REGULAR SESSION

**HJR 148** (By Ritter), Proposing a constitutional amendment relating to county delegation of authority regarding the disposition of county school lands and proceeds of a county permanent school fund.

To Public Education.

**HJR 149** (By Larson), Proposing a constitutional amendment to require the comptroller of public accounts to make a state revenue report after the first year of a state fiscal biennium and the governor to call a special session of the legislature if actual state revenue for that fiscal year was at least five percent less than projected revenue.

To Appropriations.

**HJR 150** (By Kleinschmidt), Proposing a constitutional amendment authorizing the legislature to provide for a four-year term for the chief appraiser of an appraisal district.

To Ways and Means.

**HJR 151** (By Thompson), Proposing a constitutional amendment authorizing the operation of casino games in this state by federally recognized Indian tribes on certain land.

To Licensing and Administrative Procedures.

**HJR 152** (By Thompson), Proposing a constitutional amendment authorizing the operation of casino games in this state by federally recognized Indian tribes on certain land and by licensed operators at horse and greyhound racetracks and licensed locations.

To Licensing and Administrative Procedures.

**HJR 153** (By Villarreal), Proposing a constitutional amendment authorizing the legislature to pass laws relating to junior college districts, including laws for the assessment and collection of taxes by a junior college district without the necessity of an election.

To Higher Education.

**HJR 154** (By Dutton), Proposing a constitutional amendment increasing the number of state senators from 31 to 41.

To State Affairs.

**HJR 155** (By Lewis), Proposing a constitutional amendment for filling vacancies in appellate judicial offices by appointment, for partisan elections for all judicial offices, and for subsequent nonpartisan retention elections for all judicial offices.

To Judiciary and Civil Jurisprudence.

**HJR 156** (By C. Howard), Proposing a constitutional amendment to require that taxation be fair and equal and that the full cash value of property, calculated only when property is purchased, constructed, or exchanged, be used for purposes of ad valorem taxation.

To Ways and Means.

TX_00003050

USA_00017080

Case 2:13-cv-00193 Document 661-2 Filed on 11/11/14 in TXSD Page 62 of 65
e 1:12-cv-00128-RMC-DST-RLW Document 208-4 Filed 06/20/12 Page 149 of
Wednesday, March 23, 2011 HOUSE JOURNAL — 40th Day 1069

**HJR 157** (By Phillips), Proposing a constitutional amendment limiting the purposes for which revenue from taxes on motor fuels and lubricants may be used.

To Ways and Means.

Pursuant to Rule 1, Section 4 of the House Rules, the chair corrects the referral of the following bills and resolutions:

**HB 16** (By Riddle), Relating to requiring a voter to present proof of identification.

To Elections.

**HB 112** (By Harless), Relating to requiring a voter to present proof of identification.

To Elections.

**HB 186** (By Perry), Relating to requiring a voter to present proof of identification; creating a penalty.

To Elections.

**HB 239** (By Parker), Relating to the offense of paying or receiving certain forms of compensation for facilitating the registration of voters; providing criminal penalties.

To Elections.

**HB 248** (By Chisum), Relating to requirements to vote, including presenting proof of identification; providing criminal penalties.

To Elections.

**HB 250** (By Hilderbran), Relating to requiring a voter to present proof of identification; providing penalties.

To Elections.

**HB 369** (By Hochberg), Relating to procedures concerning verification of certain information submitted in a voter registration application.

To Elections.

**HB 401** (By T. Smith), Relating to requiring a voter to present proof of identification.

To Elections.

**HB 539** (By C. Anderson), Relating to requiring a voter to present proof of identification.

To Elections.

**HB 624** (By Bonnen), Relating to requiring a voter to present proof of identification.

To Elections.

**HB 715** (By Hochberg), Relating to automatic voter registration on issuance or change of a driver's license or identification card by the Department of Public Safety.

To Elections.

TX_00003051
USA_00017081

Case 2:13-cv-00193 Document 661-2 Filed on 11/11/14 in TXSD Page 63 of 65
e 1:12-cv-00128-RMC-DST-RLW Document 208-4 Filed 06/20/12 Page 150 of
1070          82nd LEGISLATURE — REGULAR SESSION

**HB 1596** (By Isaac), Relating to documentation acceptable as proof of identification for voting.

To Elections.

**HB 1912** (By Bonnen), Relating to transferring the Texas Department of Rural Affairs to the Office of Rural Affairs within the Department of Agriculture and abolishing the board of the Texas Department of Rural Affairs.

To Government Efficiency and Reform.

## MESSAGES FROM THE SENATE

The following messages from the senate were today received by the house:

**Message No. 1**

MESSAGE FROM THE SENATE
SENATE CHAMBER
Austin, Texas
Wednesday, March 23, 2011

The Honorable Speaker of the House
House Chamber
Austin, Texas

Mr. Speaker:

I am directed by the senate to inform the house that the senate has taken the following action:

THE SENATE HAS PASSED THE FOLLOWING MEASURES:

**SB 240**              Huffman
Relating to examination requirements for certain applicants for a license to practice medicine.

**SB 313**              Seliger
Relating to priority groundwater management areas.

**SB 411**              Estes
Relating to the amount of wine certain wineries may sell directly to consumers.

**SB 461**              Williams
Relating to the design and issuance of license plates for United States paratroopers.

**SB 493**              Fraser
Relating to the idling of motor vehicles.

**SB 576**              Eltife
Relating to reports filed with the comptroller regarding certain alcoholic beverage sales; providing a penalty.

**SB 777**              Williams
Relating to re-creating the scholarship trust fund for fifth-year accounting students as a trust fund outside the state treasury.

**SB 832**              Rodriguez

TX_00003052

USA_00017082

Relating to voter eligibility and registration in El Paso County Water Improvement District No. 1.

Respectfully,
Patsy Spaw
Secretary of the Senate

**Message No. 2**

MESSAGE FROM THE SENATE
SENATE CHAMBER
Austin, Texas
Wednesday, March 23, 2011 - 2

The Honorable Speaker of the House
House Chamber
Austin, Texas

Mr. Speaker:

I am directed by the senate to inform the house that the senate has taken the following action:

THE SENATE HAS PASSED THE FOLLOWING MEASURES:

**SB 24**                      Van de Putte
Relating to the prosecution, punishment, and certain criminal and civil consequences of offenses involving or related to the trafficking of persons and to certain protections for victims of those offenses.

**SB 144**                     West
Relating to allowing a person who successfully completes a term of deferred adjudication community supervision to be eligible for a pardon.

**SB 181**                     Shapiro
Relating to the calculation and reporting of water usage by municipalities and water utilities for state water planning and other purposes.

**SB 248**                     Estes
Relating to the regulation of public grain warehouse operators.

**SB 329**                     Watson
Relating to the sale, recovery, and recycling of certain television equipment; providing administrative penalties.

**SB 390**                     Hegar
Relating to the continuing issuance of freshwater fishing stamps by the Parks and Wildlife Department.

**SB 524**                     Hegar
Relating to the issuance of certain permits for the movement of oversize or overweight vehicles.

**SB 801**                     Hegar
Relating to the authority of the seawall commission in Matagorda County to build and maintain recreational facilities near the seawall.

1072          82nd LEGISLATURE — REGULAR SESSION

**SJR 9**                      West

Proposing a constitutional amendment authorizing the governor to grant a pardon to a person who successfully completes a term of deferred adjudication community supervision.

Respectfully,
Patsy Spaw
Secretary of the Senate

---

## APPENDIX

---

### STANDING COMMITTEE REPORTS

Favorable reports have been filed by committees as follows:

**March 22**

Appropriations - **HB 4, HB 275**

Border and Intergovernmental Affairs - **HB 397, HCR 68**

Defense and Veterans' Affairs - **HB 447**

Elections - **HB 174, HB 185, HB 1570**

Government Efficiency and Reform - **HB 682**

Judiciary and Civil Jurisprudence - **HB 149, HB 345, HB 372, HB 713**

State Affairs - **HB 12, HB 197, HB 804**

Ways and Means - **HB 645, HB 658, HB 843, HB 1040**

### ENGROSSED

**March 22 - HB 314**

### ENROLLED

**March 22 - HCR 47**

TX_00003054
USA_00017084