Case 2:13-cv-00193 Document 661-8 Filed on 11/11/14 in TXSD Page 1 of 66
e 1:12-cv-00128-RMC-DST-RLW Document 209-1 Filed 06/20/12 Page 187 of

PL036
9/2/2014
2:13-cv-00193

# HOUSE JOURNAL

## EIGHTY-SECOND LEGISLATURE, REGULAR SESSION

### PROCEEDINGS

#### FORTY-FIRST DAY — THURSDAY, MARCH 24, 2011

The house met at 10 a.m. and was called to order by the speaker.

The roll of the house was called and a quorum was announced present (Record 153).

Present — Mr. Speaker; Aliseda; Allen; Alonzo; Alvarado; Anchia; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Burnam; Button; Cain; Callegari; Carter; Castro; Chisum; Christian; Coleman; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Davis, Y.; Deshotel; Driver; Dukes; Dutton; Eiland; Eissler; Elkins; Farias; Farrar; Fletcher; Flynn; Frullo; Gallego; Garza; Geren; Giddings; Gonzales, L.; Gonzales, V.; Gonzalez; Gooden; Guillen; Gutierrez; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hernandez Luna; Hilderbran; Hochberg; Hopson; Howard, C.; Howard, D.; Huberty; Hughes; Hunter; Isaac; Jackson; Johnson; Keffer; King, P.; King, S.; King, T.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lozano; Lucio; Lyne; Madden; Mallory Caraway; Margo; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Miller, D.; Miller, S.; Morrison; Muñoz; Murphy; Naishtat; Nash; Oliveira; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pickett; Pitts; Price; Quintanilla; Raymond; Reynolds; Riddle; Ritter; Rodriguez; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Strama; Taylor, L.; Taylor, V.; Thompson; Torres; Truitt; Turner; Veasey; Villarreal; Vo; Walle; Weber; White; Woolley; Workman; Zedler; Zerwas.

The invocation was offered by Toby Castleberry, senior pastor, Calvary Baptist Church, Vernon, as follows:

Dear Heavenly Father, today we come into your presence recognizing you, honoring you, and worshipping you. We acknowledge you as our creator, as our sustainer, as our provider, and most of all, as our redeemer. Today we lift up your high and holy name.

Dear Heavenly Father, today we thank you. We thank you for your blessings poured out upon us as a nation, poured out upon us as a state. We thank you for your grace, for your mercy, and for your love.

Father, as we see you this morning we also see ourselves, and we ask that you forgive us. Forgive us when we fail you. Forgive us when we forsake you. Forgive us when we live in neglect of you.

Lord, now today, I pray for those who will labor in this house, for those who will make decisions today, for those who represent our state. I pray that you lead them. I pray that you guide them. I pray that you encourage them. I pray that you will strengthen them. I pray for their families, for their spouses, for their kids, and their grandkids. I pray that you greatly bless them. I pray all of this for your purpose and for your glory. In my king's name, I pray. In Jesus' name. Amen.

The speaker recognized Representative Lozano who led the house in the pledges of allegiance to the United States and Texas flags.

### REGULAR ORDER OF BUSINESS SUSPENDED

On motion of Representative Lozano and by unanimous consent, the reading and referral of bills was postponed until just prior to adjournment.

### CAPITOL PHYSICIAN

The speaker recognized Representative Larson who presented Dr. Tamara Dominguez of San Antonio as the "Doctor for the Day."

The house welcomed Dr. Dominguez and thanked her for her participation in the Physician of the Day Program sponsored by the Texas Academy of Family Physicians.

### HB 1 - COMMITTEE ON CALENDARS RULE ADOPTED

Pursuant to Rule 3, Section 5(2) and Rule 6, Section 16(f) of the House Rules, Representative Hunter moved to adopt the following rule governing floor consideration of **HB 1** (the general appropriations bill):

During second reading and third reading consideration of the bill, any amendment that adds or increases an item of appropriation in Articles I-X is not in order unless the amendment contains an equal or greater reduction in one or more other items of appropriation in one of those articles from the fund or funds against which the appropriation is to be certified. The provisions of this rule do not apply to an amendment that makes an adjustment in an item of appropriations solely to correct a technical clerical error.

The Committee on Calendars rule was adopted by (Record 154): 143 Yeas, 0 Nays, 1 Present, not voting. (The vote was reconsidered later today, and the Committee on Calendars rule was adopted by Record No. 155.)

Yeas — Aliseda; Allen; Alonzo; Alvarado; Anchia; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Burkett; Burnam; Button; Cain; Callegari; Carter; Castro; Chisum; Christian; Coleman; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Davis, Y.; Deshotel; Driver; Dukes; Dutton; Eiland; Eissler; Elkins; Farias; Farrar; Fletcher; Flynn; Frullo; Gallego; Garza; Geren; Giddings; Gonzales, L.; Gonzales, V.; Gonzalez; Gooden; Guillen; Gutierrez; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hochberg; Hopson; Howard, C.; Howard, D.; Huberty; Hughes; Hunter; Isaac; Jackson; Johnson; Keffer; King, P.; King, S.; King, T.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg;

Lavender; Legler; Lewis; Lozano; Lyne; Madden; Margo; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Miller, D.; Miller, S.; Morrison; Muñoz; Murphy; Naishtat; Nash; Oliveira; Orr; Otto; Parker; Paxton; Peña; Perry; Phillips; Pickett; Pitts; Price; Quintanilla; Raymond; Reynolds; Riddle; Ritter; Rodriguez; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Strama; Taylor, L.; Taylor, V.; Thompson; Truitt; Turner; Veasey; Villarreal; Vo; Walle; Weber; White; Woolley; Workman; Zedler; Zerwas.

Present, not voting — Mr. Speaker(C).

Absent — Brown; Hernandez Luna; Lucio; Mallory Caraway; Patrick; Torres.

## STATEMENTS OF VOTE

When Record No. 154 was taken, my vote failed to register. I would have voted yes.

Hernandez Luna

When Record No. 154 was taken, my vote failed to register. I would have voted yes.

Lucio

When Record No. 154 was taken, my vote failed to register. I would have voted yes.

Mallory Caraway

When Record No. 154 was taken, my vote failed to register. I would have voted yes.

Patrick

(Torres in the chair)

### HR 298 - PREVIOUSLY ADOPTED
### (by Hardcastle)

The chair laid out and had read the following previously adopted resolution:

**HR 298**, Recognizing March 24, 2011, as Wilbarger County and City of Vernon Day at the State Capitol.

### INTRODUCTION OF GUESTS

The chair recognized Representative Hardcastle who introduced a delegation from Wilbarger County.

### HR 937 - ADOPTED
### (by Walle)

Representative Walle moved to suspend all necessary rules to take up and consider at this time **HR 937**.

The motion prevailed.

The following resolution was laid before the house:

**HR 937**, Welcoming students, parents, teachers, and administrators from Assumption Catholic School in Houston to the State Capitol.

**HR 937** was adopted.

### INTRODUCTION OF GUESTS

The chair recognized Representative Workman who introduced players and coaches of the Regents School of Austin football team.

### HCR 62 - PREVIOUSLY ADOPTED
### (by Workman, et al.)

The chair laid out and had read the following previously adopted resolution:

**HCR 62**, Congratulating the Regents School of Austin football team on winning the 2010 TAPPS Division III state championship.

On motion of Representative Flynn, the names of all the members of the house were added to **HCR 62** as signers thereof.

### HR 130 - ADOPTED
### (by P. King)

Representative P. King moved to suspend all necessary rules to take up and consider at this time **HR 130**.

The motion prevailed.

The following resolution was laid before the house:

**HR 130**, Honoring the Grace After Fire organization for providing support and resources to women veterans.

**HR 130** was read and was adopted.

On motion of Representative Berman, the names of all the members of the house were added to **HR 130** as signers thereof.

### RESOLUTIONS ADOPTED

Representative Gallego moved to suspend all necessary rules to take up and consider at this time **HR 860**, **HR 891 - HR 893**, and **HR 1009 - HR 1011**.

The motion prevailed.

The following resolutions were laid before the house:

**HR 860** (by Cain), Honoring Robert William Coldwell of Mount Pleasant High School on his visit to the State Capitol.

**HR 891** (by Gallego), Honoring Joe Trevino for his contributions to the state champion San Felipe High School golf team of 1957.

**HR 892** (by Gallego), Honoring Felipe Romero for his contributions to the state champion San Felipe High School golf team of 1957.

**HR 893** (by Gallego), Honoring Higinio "Gene" Vasquez for his contributions to the state champion San Felipe High School golf team of 1957.

TX_00003058

USA_00017643

**HR 1009** (by Gallego), Honoring Mario Reyes Lomas for his contributions to the state champion San Felipe High School golf team of 1957.

**HR 1010** (by Gallego), Honoring Lupe Felan for his contributions to the San Felipe High School golf teams of 1956 and 1957.

**HR 1011** (by Gallego), Honoring Humberto G. Garcia of Del Rio, the author of the book Mustang Miracle about the state champion San Felipe High School golf team of 1957.

The resolutions were adopted.

On motion of Representative Castro, the names of all the members of the house were added to **HR 860, HR 891 - HR 893,** and **HR 1009 - HR 1011** as signers thereof.

### HR 1008 - ADOPTED
### (by Gallego)

Representative Gallego moved to suspend all necessary rules to take up and consider at this time **HR 1008**.

The motion prevailed.

The following resolution was laid before the house:

**HR 1008**, Honoring the 1957 San Felipe High School state champion golf team and Humberto Garcia, who tells the team's story in the book Mustang Miracle.

**HR 1008** was read and was adopted.

On motion of Representative Castro, the names of all the members of the house were added to **HR 1008** as signers thereof.

### INTRODUCTION OF GUESTS

The chair recognized Representative Gallego who introduced Humberto Garcia and members of the 1957 San Felipe High School golf team.

### MESSAGE FROM THE SENATE

A message from the senate was received at this time (see the addendum to the daily journal, Messages from the Senate, Message No. 1).

### HR 1016 - ADOPTED
### (by Bonnen)

Representative Bonnen moved to suspend all necessary rules to take up and consider at this time **HR 1016**.

The motion prevailed.

The following resolution was laid before the house:

**HR 1016**, Recognizing March 25, 2011, as Greek Independence Day.

**HR 1016** was adopted.

<h3 style="text-align:center">HR 1022 - ADOPTED<br>(by Geren)</h3>

Representative Geren moved to suspend all necessary rules to take up and consider at this time **HR 1022**.

The motion prevailed.

The following resolution was laid before the house:

**HR 1022**, In memory of former Texas state senator Don Kennard.

**HR 1022** was unanimously adopted by a rising vote.

<h3 style="text-align:center">HR 882 - ADOPTED<br>(by L. Taylor)</h3>

Representative L. Taylor moved to suspend all necessary rules to take up and consider at this time **HR 882**.

The motion prevailed.

The following resolution was laid before the house:

**HR 882**, Welcoming members of Leadership Friendswood to the State Capitol on March 24, 2011.

**HR 882** was read and was adopted.

<h3 style="text-align:center">HR 936 - ADOPTED<br>(by Smithee and Price)</h3>

Representative Price moved to suspend all necessary rules to take up and consider at this time **HR 936**.

The motion prevailed.

The following resolution was laid before the house:

**HR 936**, Honoring Wales H. Madden, Jr., of Amarillo.

**HR 936** was adopted.

<h3 style="text-align:center">HR 1013 - ADOPTED<br>(by Lozano)</h3>

Representative Lozano moved to suspend all necessary rules to take up and consider at this time **HR 1013**.

The motion prevailed.

The following resolution was laid before the house:

**HR 1013**, Honoring Dr. Louis Agnese, Jr., on the occasion of the 25th anniversary of his inauguration as president of the University of the Incarnate Word.

**HR 1013** was adopted.

Case 2:13-cv-00193 Document 661-8 Filed on 11/11/14 in TXSD Page 7 of 66
e 1:12-cv-00128-RMC-DST-RLW Document 209-1 Filed 06/20/12 Page 193 of
Thursday, March 24, 2011 HOUSE JOURNAL — 41st Day 1079

## HR 989 - ADOPTED
### (by D. Howard)

Representative D. Howard moved to suspend all necessary rules to take up and consider at this time **HR 989**.

The motion prevailed.

The following resolution was laid before the house:

**HR 989**, Recognizing the Texas Council of Teachers of English Language Arts on the occasion of its Legislative Advocacy Day at the State Capitol.

**HR 989** was read and was adopted.

### BILLS AND RESOLUTIONS SIGNED BY THE SPEAKER

Notice was given at this time that the speaker had signed bills and resolutions in the presence of the house (see the addendum to the daily journal, Signed by the Speaker, Senate List No. 11).

### HB 1 - VOTE RECONSIDERED

Representative Hunter moved to reconsider the vote by which the Committee on Calendars rule on **HB 1** was adopted.

The motion to reconsider prevailed.

The Committee on Calendars rule was adopted by (Record 155): 104 Yeas, 44 Nays, 2 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Coleman; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eiland; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Giddings; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hochberg; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; King, T.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Truitt; Turner; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Davis, Y.; Deshotel; Dukes; Dutton; Farias; Farrar; Gallego; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Howard, D.; Johnson; Lozano; Lucio; Lyne; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker; Torres(C).

TX_00003061
JA_002764

## STATEMENT OF VOTE

I was shown voting yes on Record No. 155. I intended to vote no.

T. King

### HR 967 - ADOPTED
### (by Alvarado, Hernandez Luna, and Farrar)

Representative Alvarado moved to suspend all necessary rules to take up and consider at this time **HR 967**.

The motion prevailed.

The following resolution was laid before the house:

**HR 967**, Honoring Father William Culpeper Davis on his 80th birthday.

**HR 967** was adopted.

On motion of Representative Hernandez Luna, the names of all the members of the house were added to **HR 967** as signers thereof.

### COMMITTEE GRANTED PERMISSION TO MEET

Representative Kolkhorst requested permission for the Committee on Public Health to meet while the house is in session, during bill referral today, in E2.030, to consider the previously posted agenda and pending business.

Permission to meet was granted.

(McClendon in the chair)

### CONGRATULATORY AND MEMORIAL CALENDAR

The following congratulatory resolutions were laid before the house:

**SCR 28** was previously adopted.

**SCR 29** was previously adopted.

**HR 513** (by Phillips), Recognizing February 24, 2011, as Texas Farm Bureau District 4 Day at the State Capitol.

**HR 580** (by Flynn), Recognizing May 2011 as Motorcycle Safety and Awareness Month.

**HR 611** (by P. King), Recognizing March 2011 as American Red Cross Month and honoring the Parker County Branch of the Chisholm Trail Regional Chapter of the American Red Cross.

**HR 618** (by Landtroop), Recognizing March 1, 2011, as Texas Farm Bureau District 2 Day at the State Capitol.

**HR 656** (by Lavender), Welcoming students from Texas Middle School in Texarkana to the State Capitol.

**HR 658** (by Zerwas), Welcoming members of the West I-10 Chamber of Commerce to the State Capitol.

**HR 684** (by Flynn), Congratulating Chester and Clara Lee of Greenville on their 50th wedding anniversary.

**HR 749** (by Veasey), Commemorating the Read Across America celebration of Dr. Seuss's 107th birthday at Sunrise McMillian Elementary School in Fort Worth.

The resolutions were adopted.

The following memorial resolutions were laid before the house:

**HR 793** (by Veasey), In memory of Juanita Maurine Cash of Fort Worth.

**HR 794** (by Veasey), In memory of Laura Castleberry of Fort Worth.

The resolutions were unanimously adopted by a rising vote.

(Huberty in the chair)

## FIVE-DAY POSTING RULE SUSPENDED

Representative Phillips moved to suspend the five-day posting rule to allow the Committee on Transportation to consider **HB 3413** at 9 a.m. Monday, March 28 in E2.036.

The motion prevailed.

Representative Cook moved to suspend the five-day posting rule to allow the Committee on State Affairs to consider bills and resolutions previously scheduled for the March 23 public hearing, 30 minutes after adjournment today in JHR 140.

The motion prevailed.

Representative Sheffield moved to suspend the five-day posting rule to allow the Committee on Energy Resources to consider bills previously scheduled for March 23 at 1 p.m or upon adjournment today in E2.036.

The motion prevailed.

## LEAVE OF ABSENCE GRANTED

The following member was granted leave of absence for the remainder of today because of important business in the district:

Chisum on motion of Otto.

(Speaker in the chair)

## EMERGENCY CALENDAR
## SENATE BILLS
## THIRD READING

The following bills were laid before the house and read third time:

## SB 14 ON THIRD READING
### (Harless, L. Taylor, Peña, Truitt, T. Smith, et al. - House Sponsors)

**SB 14**, A bill to be entitled An Act relating to requirements to vote, including presenting proof of identification; providing criminal penalties.

(Chisum now present)

TX_00003063

USA_00017648

Case 2:13-cv-00193  Document 661-8  Filed on 11/11/14 in TXSD  Page 10 of 66
e 1:12-cv-00128-RMC-DST-RLW  Document 209-1  Filed 06/20/12  Page 196 of
1082  82nd LEGISLATURE — REGULAR SESSION

**SB 14** was passed by (Record 156): 101 Yeas, 48 Nays, 1 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pickett; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker(C).

### GENERAL STATE CALENDAR
### HOUSE BILLS
### THIRD READING

The following bills were laid before the house and read third time:

### HB 451 ON THIRD READING
### (by Lucio, Creighton, Branch, and Bohac)

**HB 451**, A bill to be entitled An Act relating to the creation of a Don't Mess with Texas Water program to prevent illegal dumping that affects the surface waters of this state.

**HB 451** was passed by (Record 157): 132 Yeas, 17 Nays, 1 Present, not voting.

Yeas — Aliseda; Allen; Alonzo; Alvarado; Anchia; Anderson, C.; Anderson, R.; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Burnam; Button; Carter; Castro; Chisum; Christian; Coleman; Cook; Craddick; Creighton; Crownover; Davis, J.; Davis, S.; Davis, Y.; Deshotel; Driver; Dukes; Dutton; Eiland; Eissler; Elkins; Farias; Farrar; Fletcher; Flynn; Frullo; Gallego; Garza; Geren; Giddings; Gonzales, L.; Gonzales, V.; Gonzalez; Gooden; Guillen; Gutierrez; Hamilton; Hancock; Harless; Harper-Brown; Hartnett; Hernandez Luna; Hilderbran; Hochberg; Hopson; Howard, D.; Huberty; Hughes; Hunter; Isaac; Johnson; Keffer; King, P.; King, S.; King, T.; Kleinschmidt; Kolkhorst;

TX_00003064
JA_002767

TX_00003064
USA_00017649

Kuempel; Larson; Laubenberg; Lavender; Legler; Lewis; Lozano; Lucio; Madden; Mallory Caraway; Margo; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Miller, D.; Morrison; Muñoz; Murphy; Naishtat; Nash; Oliveira; Orr; Otto; Parker; Patrick; Peña; Pickett; Pitts; Price; Quintanilla; Raymond; Reynolds; Riddle; Ritter; Rodriguez; Schwertner; Scott; Sheets; Sheffield; Shelton; Smith, T.; Smith, W.; Smithee; Solomons; Strama; Taylor, L.; Taylor, V.; Thompson; Torres; Truitt; Turner; Veasey; Villarreal; Vo; Walle; Woolley; Workman; Zerwas.

Nays — Aycock; Cain; Callegari; Darby; Hardcastle; Howard, C.; Jackson; Landtroop; Lyne; Miller, S.; Paxton; Perry; Phillips; Simpson; Weber; White; Zedler.

Present, not voting — Mr. Speaker(C).

## PROVIDING FOR A LOCAL, CONSENT, AND RESOLUTIONS CALENDAR

Representative Thompson moved to set a local, consent, and resolutions calendar for 10 a.m. Wednesday, March 30.

The motion prevailed.

## COMMITTEE MEETING ANNOUNCEMENTS

The following committee meetings were announced:

Local and Consent Calendars, upon adjournment today, 3W.15, for a formal meeting, to set a calendar.

Public Education, upon adjournment today, Desk 56, for a formal meeting, to consider pending business.

Natural Resources, upon adjournment today, 1W.14, for a formal meeting, to consider pending business.

Human Services, upon adjournment today, Desk 12, for a formal meeting, to consider pending business.

Energy Resources, 1 p.m. or upon adjournment today, E2.036, for a public hearing, to consider bills previously scheduled for March 23.

Corrections, upon adjournment today, Desk 50, for a formal meeting, to consider pending business.

Higher Education, upon adjournment today, Desk 94, for a formal meeting, to consider **HB 2631**, **HB 2909**, and pending business.

Environmental Regulation, upon adjournment today, 3W.9, for a formal meeting, to consider pending business.

Technology, upon adjournment today, 3W.15, for a formal meeting, to consider pending business.

State Affairs, 30 minutes after adjournment today, JHR 140, for a public hearing, to consider bills and resolutions previously scheduled for March 23.

Case 2:13-cv-00193 Document 661-8 Filed on 11/11/14 in TXSD Page 12 of 66
e 1:12-cv-00128-RMC-DST-RLW Document 209-1 Filed 06/20/12 Page 198 of
1084        82nd LEGISLATURE — REGULAR SESSION

## FIVE-DAY POSTING RULE SUSPENDED

Representative Coleman moved to suspend the five-day posting rule and all necessary rules to allow the Committee on County Affairs to consider **HB 1869** at 10:30 a.m. or upon adjournment today in E2.016.

The motion prevailed.

## COMMITTEE MEETING ANNOUNCEMENT

The following committee meeting was announced:

County Affairs, upon adjournment today, E2.016, for a public hearing, to consider **HB 1869** and the posted agenda.

## ADJOURNMENT

Representative Price moved that the house adjourn until 1 p.m. Monday, March 28.

The motion prevailed.

The house accordingly, at 11:44 a.m., adjourned until 1 p.m. Monday, March 28.

---

## ADDENDUM

---

### SIGNED BY THE SPEAKER

The following bills and resolutions were today signed in the presence of the house by the speaker:

**Senate List No. 11**

**SCR 28**, **SCR 29**

### MESSAGES FROM THE SENATE

The following messages from the senate were today received by the house:

**Message No. 1**

MESSAGE FROM THE SENATE
SENATE CHAMBER
Austin, Texas
Thursday, March 24, 2011

The Honorable Speaker of the House
House Chamber
Austin, Texas

Mr. Speaker:

I am directed by the senate to inform the house that the senate has taken the following action:

THE SENATE HAS PASSED THE FOLLOWING MEASURES:
LOCAL AND UNCONTESTED CALENDAR

**SB 37**                         Zaffirini
Relating to the duration of the interagency task force on ensuring appropriate care
settings for persons with disabilities.

**SB 61**                         Zaffirini
Relating to juvenile case managers.

**SB 72**                         Nelson
Relating to streamlining of and utilization management in Medicaid long-term
care waiver programs.

**SB 77**                         Nelson
Relating to certain requirements for certain sponsoring organizations and other
institutions participating in the Child and Adult Care Food Program.

**SB 80**                         Nelson
Relating to public health laboratories administered by the Department of State
Health Services.

**SB 101**                        Van de Putte
Relating to the regulation of nonjudicial foreclosure on residences owned by
certain members of the military, including foreclosure by a property owners'
association.

**SB 132**                        Wentworth
Relating to registration with the Selective Service System of certain applicants for
a driver's license or personal identification certificate.

**SB 193**                        Nelson
Relating to the regulation of the practice of nursing.

**SB 221**                        Nelson
Relating to the Department of Family and Protective Services, including
protective services and investigations of alleged abuse, neglect, or exploitation
for certain adults who are elderly or disabled; providing a criminal penalty.

**SB 228**                        Nelson
Relating to reporting requirements for institutions of higher education conducting
human stem cell research.

**SB 250**                        Zaffirini
Relating to protective orders for stalking victims.

**SB 256**                        Nelson
Relating to requiring a private autopsy facility to post a notice for filing a
complaint against a physician; providing a penalty.

**SB 279**                        Davis
Relating to inclusion of pets and other companion animals in protective orders;
providing a penalty.

**SB 282**                        Zaffirini

TX_00003067

USA_00017652

Relating to eliminating certain reporting, planning, student developmental, and other requirements imposed on the Texas Higher Education Coordinating Board or public institutions of higher education.

**SB 283**                    Harris

Relating to the appointment of associate judges in child protective services cases.

**SB 286**                    Harris

Relating to attorney's fees and other amounts taxed as costs in guardianship proceedings.

**SB 333**                    Fraser

Relating to election procedures and qualifications of members of boards of directors for water supply or sewer service corporations.

**SB 335**                    Fraser

Relating to an exemption from regulation as health spas for certain governmental hospitals and clinics.

**SB 351**                    Williams

Relating to the maximum capacity of a container of wine sold to a retail dealer.

**SB 360**                    Fraser

Relating to the composition and use of money in the rural water assistance fund.

**SB 398**                    Duncan

Relating to the board of hospital managers of the Lubbock County Hospital District.

**SB 400**                    Shapiro

Relating to the entities eligible to make purchases using the cooperative purchasing program administered by the comptroller.

**SB 439**                    Van de Putte

Relating to an exclusion from unemployment compensation chargebacks for certain employers of uniformed service members.

**SB 458**                    Seliger

Relating to initial claims under the unemployment compensation system.

**SB 481**                    Harris

Relating to the removal of a guardian of an incapacitated person ordered by a court.

**SB 485**                    Huffman

Relating to proper venue for certain criminal prosecutions of mortgage fraud.

**SB 488**                    Van de Putte

Relating to criminal background checks on users of online dating services and to disclosures of online dating safety measures; providing a civil penalty.

**SB 490**                    Fraser

Relating to the Hamilton County Hospital District.

**SB 494**                    Fraser

Relating to the authority of certain local governmental entities to borrow money for a public hospital.

TX_00003068

USA_00017653

Case 2:13-cv-00193 Document 661-8 Filed on 11/11/14 in TXSD Page 15 of 66
e 1:12-cv-00128-RMC-DST-RLW Document 209-1 Filed 06/20/12 Page 201 of
Thursday, March 24, 2011 HOUSE JOURNAL — 41st Day 1089

**SB 502** West
Relating to determinations of paternity; creating an offense.

**SB 503** Jackson
Relating to coverage for certain towing and storage expenses under a motor vehicle insurance policy.

**SB 542** Hegar
Relating to the regulation of law enforcement officers by the Commission on Law Enforcement Officer Standards and Education.

**SB 543** Hegar
Relating to a probate fee exemption for estates of certain law enforcement officers, firefighters, and others killed in the line of duty.

**SB 545** Seliger
Relating to employment records for law enforcement officers, including procedures to correct employment termination reports; providing an administrative penalty.

**SB 558** Duncan
Relating to the Swisher Memorial Hospital District.

**SB 559** Duncan
Relating to the Rankin County Hospital District.

**SB 563** Jackson
Relating to information regarding job matching services provided by the Texas Workforce Commission; providing a criminal penalty.

**SB 567** Williams
Relating to the Texas Life, Accident, Health, and Hospital Service Insurance Guaranty Association.

**SB 582** Harris
Relating to service of process on certain domestic and foreign entities for the collection of delinquent property taxes.

**SB 594** Van de Putte
Relating to certain procedures applicable to electronic prescriptions for Schedule II controlled substances.

**SB 633** Hinojosa
Relating to the educational scope of Texas A&M University–Corpus Christi.

**SB 638** Jackson
Relating to the computation of a surplus credit for certain successor employing units.

**SB 716** Harris
Relating to the periodic review of the child support guidelines.

**SB 761** West
Relating to the employment of physicians by certain hospitals associated with nonprofit fraternal organizations.

**SB 764** Williams

TX_00003069
USA_00017654

Relating to a prohibition against use of school district resources for a hotel.

**SB 785**                    Harris
Relating to the termination of the parent-child relationship and the duty to pay child support in circumstances involving mistaken paternity.

**SB 792**                    Duncan
Relating to the duties of the secretary of state.

**SB 799**                    Nelson
Relating to the definition of "first sale" for purposes of the taxes imposed on certain liquor.

**SB 850**                    Zaffirini
Relating to formula funding for certain semester credit hours earned for dual course credit.

**SB 851**                    Zaffirini
Relating to a uniform deadline for student financial assistance for public institutions of higher education other than public junior colleges.

**SB 859**                    Duncan
Relating to small and large employer health group cooperatives.

**SB 886**                    Carona
Relating to the execution docket and other records of certain court clerks.

**SB 890**                    Carona
Relating to certain promotional activities for certain alcoholic beverage permit holders.

**SB 892**                    Carona
Relating to the approval of designs, plans, and specifications of industrialized housing and buildings.

**SB 918**                    Wentworth
Relating to immunity for reporting insurance fraud.

**SB 944**                    Jackson
Relating to the creation of an advisory committee to make recommendations to the commissioner of insurance regarding certain automobile insurance claims.

**SB 983**                    Carona
Relating to the elimination of certain requirements for certain customer-specific communications contracts.

**SCR 11**                    Hegar
Designating May 22 of each year from 2011 through 2020 as William Elmo Merrem Day in honor of the first Eagle Scout from Texas.

**SCR 16**                    Nelson
Designating the month of March each year from 2011 through 2020 as Women Veterans Month in tribute to the immeasurable contributions that women in the military have made to this nation.

Respectfully,
Patsy Spaw
Secretary of the Senate

TX_00003070
JA_002773

TX_00003070

USA_00017655

Case 2:13-cv-00193   Document 661-8   Filed on 11/11/14 in TXSD   Page 17 of 66
Case 1:12-cv-00128-RMC-DST-RLW   Document 209-1   Filed 06/20/12   Page 203 of
Thursday, March 24, 2011     HOUSE JOURNAL — 41st Day     1089

---

## APPENDIX

---

### STANDING COMMITTEE REPORTS

Favorable reports have been filed by committees as follows:

**March 23**

Appropriations - **HB 1**

Insurance - **HB 1157**

Judiciary and Civil Jurisprudence - **HB 289**, **HB 906**, **HB 942**, **HB 1209**, **HB 1438**, **HB 1674**, **HB 1970**

Natural Resources - **HB 1120**, **HB 1524**

Ways and Means - **HB 258**

### SENT TO THE GOVERNOR

**March 23 - HCR 47**

TX_00003071

JA_002774

TX_00003071

USA_00017656

TX_00003072
JA_002775

TX_00003072

USA_00017657

Case 2:13-cv-00193 Document 661-8 Filed on 11/11/14 in TXSD Page 19 of 66
Case 1:12-cv-00128-RMC-DST-RLW Document 209-1 Filed 06/20/12 Page 205 of 262

PL037
9/2/2014
2:13-cv-00193

TEXAS HOUSE OF REPRESENTATIVES

THIRD READING SB-14

MARCH 24, 2011

Transcribed by Rhonda Howard, CSR

April 24, 2012



Toll Free: 800.211.DEPO
Facsimile: 512.328.8139

Suite 220
3101 Bee Caves Road
Austin, TX 78746
www.esquiresolutions.com

TX_00212586

USA_00017658

Case 2:13-cv-00193 Document 661-8 Filed on 11/11/14 in TXSD Page 20 of 66
Case 1:12-cv-00128-RMC-DST-RLW Document 209-1 Filed 06/20/12 Page 208 of 262
Third Reading SB - 14                                    March 24, 2011

2

1          MR. SPEAKER:  SB-14.  Clerk, read the
2     bill.
3          THE CLERK:  SB-14 by Fraser, letting
4     requirements to vote included for something photo
5     identification, providing criminal penalties.
6          MR. SPEAKER:  Chair recognizes
7     Representative Harless.
8          REPRESENTATIVE HARLESS:  Mr. Speaker,
9     Members, this is the bill we debated yesterday.  I
10    have a few things I want to say quickly.
11         First, I wanted to thank the Speaker and
12    his staff for the commitment of getting this
13    legislation to the floor for debate.
14         Also, to Chairman Bonnen and for his
15    experience and calm.  And I know that's an oxymoron,
16    Dennis calm, but his calm helped manage the many
17    facets of the complicated process.  And he invested
18    so much time in making sure that this was a good
19    piece of legislation.
20         The floor debate was a team effort.  I
21    know naming people is always dangerous, but the
22    10-plus hours of debate would have taken much longer
23    if it weren't for Vicky Truitt, (inaudible) Larry
24    Phillips, Linda Harper-Brown, Lois and so many
25    others.  Thank you so much.



Toll Free: 800.211.DEPO
Facsimile: 512.328.8139

Suite 220
3101 Bee Caves Road
Austin, TX 78746
www.esquiresolutions.com

JA_002777

TX_00212587

USA_00017659

Case 2:13-cv-00193 Document 661-8 Filed on 11/11/14 in TXSD Page 21 of 66
Case 1:12-cv-00128-RMC-DST-RLW Document 209-1 Filed 06/20/12 Page 207 of 262
Third Reading SB - 14                                    March 24, 2011

3

```
 1           To my colleagues on both sides of the
 2    aisle, you give your time, your talent and your
 3    heart for representing your constituency.  We may
 4    not agree on every issue, but I appreciate and
 5    respect your passion and compassion for representing
 6    your district and our state.
 7           Lastly, I want to say there were some good
 8    amendments offered last night that didn't get placed
 9    on this bill.  I would hope that this body would
10    commit to bringing those standalone bills to the
11    floor.  Every member in this body wants to preserve
12    the integrity of our election process.
13           I move passage of SB-14.
14           MR. SPEAKER:  Members, question
15    occurs on final passage of SB-14?
16           It's a record vote.  Clerk, read the bill.
17           MR. SPEAKER:  Show Mr. Hunter voting
18    aye.  Have all voted?
19           UNIDENTIFIED REPRESENTATIVE:
20    Representative Taylor, are you a "no"?
21           MR. SPEAKER:  There being 101 ayes
22    and 48 nays, SB-14 is finally passed.
23           CHARLIE HOWARD:  Get that number.
24           UNIDENTIFIED REPRESENTATIVE:  Yeah, I
25    think you should.  I think you should.
```



Toll Free: 800.211.DEPO
Facsimile: 512.328.8139

Suite 220
3101 Bee Caves Road
Austin, TX 78746
www.esquiresolutions.com

ESQUIRE
DEPOSITION SOLUTIONS

TX_00212588

USA_00017660

Case 2:13-cv-00193  Document 661-8  Filed on 11/11/14 in TXSD  Page 22 of 66
Case 1:12-cv-00128-RMC-DST-RLW  Document 209-1  Filed 06/20/12  Page 208 of 262
Third Reading SB - 14                                    March 24, 2011

4

```
 1    IN THE COUNTY OF TRAVIS  )

 2    STATE OF TEXAS            )

 3              I, Rhonda Howard, Certified Shorthand

 4    Reporter in and for the State of Texas, hereby

 5    certify to the following:

 6              That the CD entitled, "Texas House of

 7    Representatives Third Reading of SB-14, March 24,

 8    2011," was transcribed at the request of Anne

 9    Wilson, 209 West 14th Street, 8th Floor, Attorney

10    General's Office, Austin, Texas 78701, and the

11    amount due is $_____.

12              That the aforementioned CD was transcribed
      to the best of my ability to hear and understand the
13    CD;

14              That the transcript was submitted by

15    E-trans on April  , 2012, to Anne Wilson, 209 West

16    14th Street, Attorney Generals' Office, Austin,
      Texas  78701;

17              I further certify that I am neither

18    counsel for, related to, nor employed by any of the

19    parties or attorneys in the action in which this

20    proceeding was taken, and further that I am not

21    financially or otherwise interested in the outcome

22    of the action.

23              Certified to by me, this 24th day of

24    April, 2012.

25
```



Toll Free: 800.211.DEPO
Facsimile: 512.328.8139

Suite 220
3101 Bee Caves Road
Austin, TX 78746
www.esquiresolutions.com

TX_00212589

USA_00017661

Case 2:13-cv-00193 Document 661-8 Filed on 11/11/14 in TXSD Page 23 of 66
Case 1:12-cv-00128-RMC-DST-RLW Document 209-1 Filed 06/20/12 Page 209 of 262

Third Reading SB - 14                                    March 24, 2011

5

1

2          Rhonda Howard

3          RHONDA HOWARD, Texas CSR No.

4          Expiration Date 12/31/12

5          FIRM REGISTRATION NO: 283

6          ESQUIRE DEPOSITION SERVICES

7          100 Congress, Suite 2000

8          Austin, Texas  78701

9          (512) 328-5557

10

11   Job No. 333729RH

12

13

14

15

16

17

18

19

20

21

22

23

24

25



Toll Free: 800.211.DEPO
Facsimile: 512.328.8139

Suite 220
3101 Bee Caves Road
Austin, TX 78746
www.esquiresolutions.com

TX_00212590

USA_00017662

**A**

ability
4:12
action
4:19,22
aforemention...
4:12
agree
3:4
aisle
3:2
amendments
3:8
amount
4:11
Anne
4:8,15
appreciate
3:4
April
1:13 4:15,24
Attorney
4:9,16
attorneys
4:19
Austin
4:10,16 5:8
aye
3:18
ayes
3:21

**B**

best
4:12
bill
2:2,9 3:9,16
bills
3:10
body
3:9,11
Bonnen
2:14
bringing
3:10

**C**

calm
2:15,16,16
CD
4:6,12,13
Certified
4:3,23
certify
4:5,17
Chair
2:6
Chairman
2:14
CHARLIE
3:23
Clerk
2:1,3 3:16
colleagues
3:1
commit
3:10
commitment
2:12
compassion
3:5
complicated
2:17
Congress
5:7
constituency
3:3
counsel
4:18
COUNTY
4:1
criminal
2:5
CSR
1:13 5:3

**D**

dangerous
2:21
Date
5:4
day
4:23
debate

2:13,20,22
debated
2:9
Dennis
2:16
DEPOSITION
5:6
district
3:6
due
4:11

**E**

effort
2:20
election
3:12
employed
4:18
entitled
4:6
ESQUIRE
5:6
experience
2:15
Expiration
5:4
E-trans
4:15

**F**

facets
2:17
final
3:15
finally
3:22
financially
4:21
FIRM
5:5
First
2:11
floor
2:13,20 3:11
4:9
following

4:5
Fraser
2:3
further
4:17,20

**G**

Generals
4:16
General's
4:10
getting
2:12
give
3:2
good
2:18 3:7

**H**

Harless
2:7,8
Harper-Brown
2:24
hear
4:12
heart
3:3
helped
2:16
hope
3:9
hours
2:22
House
1:1 4:6
Howard
1:13 3:23
4:3 5:3
Hunter
3:17

**I**

identific...
2:5
inaudible
2:23
included

2:4
integrity
3:12
interested
4:21
invested
2:17
issue
3:4

**J**

Job
5:11

**K**

know
2:15,21

**L**

Larry
2:23
Lastly
3:7
legislation
2:13,19
letting
2:3
Linda
2:24
Lois
2:24
longer
2:22

**M**

making
2:18
manage
2:16
March
1:3 4:7
member
3:11
Members
2:9 3:14
move
3:13



Toll Free: 800.211.DEPO
Facsimile: 512.328.8139

Suite 220
3101 Bee Caves Road
Austin, TX 78746
www.esquiresolutions.com

JA_002781

TX_00212591

USA_00017663

| N | proceeding | 3:13,15,22 | Third | 2:9 |
|---|---|---|---|---|
| naming | 4:20 | 4:7 | 1:2 4:7 | **1** |
| 2:21 | process | SERVICES | time | 10-plus |
| nays | 2:17 3:12 | 5:6 | 2:18 3:2 | 2:22 |
| 3:22 | providing | Shorthand | transcribed | 100 |
| neither | 2:5 | 4:3 | 1:13 4:8,12 | 5:7 |
| 4:17 | | Show | transcript | 101 |
| night | **Q** | 3:17 | 4:14 | 3:21 |
| 3:8 | question | sides | TRAVIS | 12/31/12 |
| number | 3:14 | 3:1 | 4:1 | 5:4 |
| 3:23 | quickly | Speaker | Truitt | 14th |
| | 2:10 | 2:1,6,8,11 | 2:23 | 4:9,16 |
| **O** | | 3:14,17,21 | | |
| occurs | **R** | staff | **U** | **2** |
| 3:15 | read | 2:12 | understand | 2000 |
| offered | 2:1 3:16 | standalone | 4:12 | 5:7 |
| 3:8 | Reading | 3:10 | UNIDENTIFIED | 2011 |
| Office | 1:2 4:7 | state | 3:19,24 | 1:3 4:8 |
| 4:10,16 | recognizes | 3:6 4:2,4 | | 2012 |
| outcome | 2:6 | Street | **V** | 1:13 4:15,24 |
| 4:21 | record | 4:9,16 | Vicky | 209 |
| oxymoron | 3:16 | submitted | 2:23 | 4:9,15 |
| 2:15 | REGISTRATION | 4:14 | vote | 24 |
| | 5:5 | Suite | 2:4 3:16 | 1:3,13 4:7 |
| **P** | related | 5:7 | voted | 24th |
| parties | 4:18 | sure | 3:18 | 4:23 |
| 4:19 | Reporter | 2:18 | voting | 283 |
| passage | 4:4 | | 3:17 | 5:5 |
| 3:13,15 | Represent... | **T** | | |
| passed | 2:7,8 3:19 | taken | **W** | **3** |
| 3:22 | 3:20,24 | 2:22 4:20 | want | 328-5557 |
| passion | Represent... | talent | 2:10 3:7 | 5:9 |
| 3:5 | 1:1 4:7 | 3:2 | wanted | 333729RH |
| penalties | representing | Taylor | 2:11 | 5:11 |
| 2:5 | 3:3,5 | 3:20 | wants | |
| people | request | team | 3:11 | **4** |
| 2:21 | 4:8 | 2:20 | weren't | 4136 |
| Phillips | requirements | Texas | 2:23 | 5:3 |
| 2:24 | 2:4 | 1:1 4:2,4,6 | West | 48 |
| photo | respect | 4:10,16 5:3 | 4:9,15 | 3:22 |
| 2:4 | 3:5 | 5:8 | Wilson | |
| piece | Rhonda | thank | 4:9,15 | **5** |
| 2:19 | 1:13 4:3 5:3 | 2:11,25 | | 512 |
| placed | | things | **Y** | 5:9 |
| 3:8 | **S** | 2:10 | Yeah | |
| preserve | SB-14 | think | 3:24 | **7** |
| 3:11 | 1:2 2:1,3 | 3:25,25 | yesterday | |



Toll Free: 800.211.DEPO
Facsimile: 512.328.8139

Suite 220
3101 Bee Caves Road
Austin, TX 78746
www.esquiresolutions.com

Third Reading SB - 14                                March 24, 2011

8

| 78701 | | | | |
| 4:10,16 5:8 | | | | |
| **8** | | | | |
| **8th** | | | | |
| 4:9 | | | | |



Toll Free: 800.211.DEPO
Facsimile: 512.328.8139

Suite 220
3101 Bee Caves Road
Austin, TX 78746
www.esquiresolutions.com

JA_002783

TX_00212593

USA_00017665

PL038
9/2/2014
2:13-cv-00193

# SENATE JOURNAL

## EIGHTY-SECOND LEGISLATURE — REGULAR SESSION

### AUSTIN, TEXAS

### PROCEEDINGS

### THIRTY-SEVENTH DAY

(Tuesday, April 5, 2011)

The Senate met at 11:09 a.m. pursuant to adjournment and was called to order by the President.

The roll was called and the following Senators were present: Birdwell, Carona, Davis, Deuell, Duncan, Ellis, Eltife, Estes, Fraser, Gallegos, Harris, Hegar, Hinojosa, Huffman, Jackson, Lucio, Nelson, Nichols, Ogden, Patrick, Rodriguez, Seliger, Shapiro, Uresti, Van de Putte, Watson, Wentworth, West, Whitmire, Williams, Zaffirini.

The President announced that a quorum of the Senate was present.

Pastor Jim Gray, First Baptist Church, Woodway, was introduced by Senator Birdwell and offered the invocation as follows:

God of the ages, we humbly enter Your presence today. Thank You for the many ways You bless us and for Your unconditional love for us. Thank You for the families and friends who pray for us and support us. Thank You for the nation and for the state in which we are blessed to live. I thank You, Lord, for these men and women who have answered the call to serve our great state as Senators. I lift them and their families and staffs up to You as they make difficult decisions which help us navigate these difficult days. During the birthing of our nation, Thomas Paine uttered the words, "These are the times that try men's souls." Those same words seem profoundly appropriate for today. I pray that these Senators will seek Your guidance as they make decisions, decisions that will impact our state not only in the short term but also for the ultimate benefit of future generations. God, help us as we face these challenging days. In the name above all names. Amen.

Senator Whitmire moved that the reading of the Journal of the proceedings of the previous day be dispensed with and the Journal be approved as printed.

The motion prevailed without objection.

### MESSAGES FROM THE GOVERNOR

The following Messages from the Governor were read and were referred to the Committee on Nominations:

TX_00001183
JA_002784

TX_00001183
USA_00017666

April 4, 2011
Austin, Texas

TO THE SENATE OF THE EIGHTY-SECOND LEGISLATURE, REGULAR
SESSION:

I ask the advice, consent and confirmation of the Senate with respect to the
following appointments:

To be members of the Brazos River Authority Board of Directors for terms to expire
February 1, 2017:

Christopher S. Adams, Jr.
Granbury, Texas
(General Adams is being reappointed)

Cynthia Olson Bourland
Round Rock, Texas
(replacing Jon Sloan of Round Rock whose term expired)

Robert M. Christian
Marquez, Texas
(Colonel Christian is being reappointed)

Christopher D. DeCluitt
Waco, Texas
(Mr. DeCluitt is being reappointed)

Carolyn H. Johnson
Freeport, Texas
(Ms. Johnson is being reappointed)

Roberta Jean Killgore
Somerville, Texas
(Ms. Killgore is being reappointed)

To be a member of the Manufactured Housing Board for a term to expire January 31,
2017:

Anthony Burks
Fort Worth, Texas

Mr. Burks is replacing Devora Mitchell of Kermit who resigned.

Respectfully submitted,

/s/Rick Perry
Governor

April 4, 2011
Austin, Texas

TO THE SENATE OF THE EIGHTY-SECOND LEGISLATURE, REGULAR
SESSION:

On March 29, 2011, I submitted the name of Bobby L. Limmer for appointment
to the Lower Colorado River Authority for a term to expire February 1, 2017.

TX_00001184
JA_002785

TX_00001184

USA_00017667

Because he resigned, I hereby withdraw his nomination and request that the Senate return the appointment to me.

Respectfully submitted,

/s/Rick Perry
Governor

## PHYSICIAN OF THE DAY

Senator Rodriguez was recognized and presented Dr. David Palafox of El Paso as the Physician of the Day.

The Senate welcomed Dr. Palafox and thanked him for his participation in the Physician of the Day program sponsored by the Texas Academy of Family Physicians.

## GUESTS PRESENTED

Senator Rodriguez was recognized and introduced to the Senate an El Paso County Medical Society delegation.

The Senate welcomed its guests.

## GUESTS PRESENTED

Senator Eltife, joined by Senators Deuell and West, was recognized and introduced to the Senate a Lamar County delegation.

The Senate welcomed its guests.

## REPORT OF COMMITTEE ON NOMINATIONS

Senator Deuell submitted the following report from the Committee on Nominations:

We, your Committee on Nominations, to which were referred the following appointments, have had same under consideration and report them back to the Senate with a recommendation that they be confirmed:

Judge, Court of Criminal Appeals: Elsa R. Alcala, Harris County.

Member, Judicial Districts Board: Craig T. Enoch, Travis County.

Members, Board of Directors, Lower Colorado River Authority: James Scott Arbuckle, Wharton County; Steve K. Balas, Colorado County; John Mark Franklin, Burnet County; Jett Jay Johnson, Mills County.

Inspector General, Office of Inspector General, Health and Human Services Commission: Douglas Wilson, Travis County.

Director, Office of State-Federal Relations: Charles Eugene Roy, Collin County.

Members, Statewide Health Coordinating Council: James L. Alexander, Burleson County; Richard L. Beard, Dallas County; Abigail Hollis Blackburn, Travis County; Fred Sinclair Brinkley, Travis County; Janet Buckley Claborn, Bailey County; Brenda Dever-Armstrong, Bexar County; Steven Ngoethang Nguyen, Dallas County; Roger Michael Ragain, Lubbock County.

Members, Texas Appraiser Licensing and Certification Board: Walker Rankin Beard, El Paso County; Malachi Obadiah Boyuls, Dallas County; Luis F. De La Garza, Webb County; Laurie Carden Fontana, Harris County; Shannon K. McClendon, Hays County; Sheryl Rigsby Swift, Galveston County; Donna Lee Walz, Lubbock County; Jamie Lou Sanders Wickliffe, Ellis County.

Members, Texas Board of Physical Therapy Examiners: Robert Gary Gray, Midland County; Kathleen Ann Luedtke-Hoffmann, Dallas County; Daniel Reyna, McLennan County.

Members, Texas Board of Professional Geoscientists: Becky Lynn Johnson, Tarrant County; Justin Lynn McNamee, Dallas County; Judy Ann Reeves, Tarrant County; Gregory Clayton Ulmer, Harris County.

Members, Texas Commission on Fire Protection: Elroy Carson, Lubbock County; Christopher Martin Connealy, Williamson County; Louis Anthony Cortes, Bexar County; John Kelly Gillette, Collin County; John Weldon Green, Galveston County; John Tilden McMakin, Henderson County; Leonardo L. Perez, Cameron County.

Members, Texas Diabetes Council: Maria O. Duarte-Gardea, El Paso County; John W. Griffin, Victoria County; Don E. Yarborough, Dallas County.

Members, Texas Optometry Board: John Dale Coble, Rockwall County; Larry Wayne Fields, Panola County; Mario Gutierrez, Bexar County.

### NOTICE OF CONSIDERATION OF NOMINATIONS

Senator Deuell gave notice that he would tomorrow at the conclusion of morning call submit to the Senate for consideration nominations to agencies, boards, and commissions of the state.

### SENATE RESOLUTION 693

Senator Duncan offered the following resolution:

**SR 693**, Recognizing Randell Keith Resneder, founder and executive director of Disability Awareness Programs of Texas.

The resolution was read and was adopted without objection.

### GUESTS PRESENTED

Senator Duncan was recognized and introduced to the Senate a Disability Awareness Programs of Texas delegation: Randell Keith Resneder, Norma Resneder, Morris Arnold, Sheila Arnold, and Robert Resneder.

The Senate welcomed its guests.

### HOUSE BILL ON FIRST READING

The following bill received from the House was read first time and referred to the committee indicated:

**HB 15** to Committee on State Affairs.

## GUESTS PRESENTED

Senator West was recognized and introduced to the Senate a group of students from The University of Texas Southwestern Medical Center at Dallas.

The Senate welcomed its guests.

## SENATE BILL 14 WITH HOUSE AMENDMENTS

Senator Fraser called **SB 14** from the President's table for consideration of the House amendments to the bill.

The President laid the bill and the House amendments before the Senate.

**Amendment**

Amend **SB 14** by substituting in lieu thereof the following:

A BILL TO BE ENTITLED

AN ACT

relating to requirements to vote, including presenting proof of identification; providing criminal penalties.

BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

SECTION 1. Section 13.002, Election Code, is amended by adding Subsection (i) to read as follows:

(i) An applicant who wishes to receive an exemption from the requirements of Section 63.001(b) on the basis of disability must include with the person's application:

(1) written documentation:

(A) from the United States Social Security Administration evidencing the applicant has been determined to have a disability; or

(B) from the United States Department of Veterans Affairs evidencing the applicant has a disability rating of at least 50 percent; and

(2) a statement in a form prescribed by the secretary of state that the applicant does not have a form of identification acceptable under Section 63.0101.

SECTION 2. Section 15.001, Election Code, is amended by adding Subsection (c) to read as follows:

(c) A certificate issued to a voter who meets the certification requirements of Section 13.002(i) must contain an indication that the voter is exempt from the requirement to present identification other than the registration certificate before being accepted for voting.

SECTION 3. Effective September 1, 2011, Subchapter A, Chapter 15, Election Code, is amended by adding Section 15.005 to read as follows:

Sec. 15.005. NOTICE OF IDENTIFICATION REQUIREMENTS. (a) The voter registrar of each county shall provide notice of the identification requirements for voting prescribed by Chapter 63 and a detailed description of those requirements with each voter registration certificate issued under Section 13.142 or renewal registration certificate issued under Section 14.001.

(b) The secretary of state shall prescribe the wording of the notice to be included on the certificate under this section.

SECTION 4. Section 15.022(a), Election Code, is amended to read as follows:

TX_00001187

USA_00017670

(a) The registrar shall make the appropriate corrections in the registration records, including, if necessary, deleting a voter's name from the suspense list:

(1) after receipt of a notice of a change in registration information under Section 15.021;

(2) after receipt of a voter's reply to a notice of investigation given under Section 16.033;

(3) after receipt of a registration omissions list and any affidavits executed under Section 63.006 [63.007], following an election;

(4) after receipt of a voter's statement of residence executed under Section 63.0011;

(5) before the effective date of the abolishment of a county election precinct or a change in its boundary;

(6) after receipt of United States Postal Service information indicating an address reclassification;

(7) after receipt of a voter's response under Section 15.053; or

(8) after receipt of a registration application or change of address under Chapter 20.

SECTION 5. Effective September 1, 2011, Subchapter A, Chapter 31, Election Code, is amended by adding Section 31.012 to read as follows:

Sec. 31.012. VOTER IDENTIFICATION EDUCATION. (a) The secretary of state and the voter registrar of each county that maintains a website shall provide notice of the identification requirements for voting prescribed by Chapter 63 on each entity's respective website in each language in which voter registration materials are available. The secretary of state shall prescribe the wording of the notice to be included on the websites.

(b) The secretary of state shall conduct a statewide effort to educate voters regarding the identification requirements for voting prescribed by Chapter 63.

(c) The county clerk of each county shall post in a prominent location at the clerk's office a physical copy of the notice prescribed under Subsection (a) in each language in which voter registration materials are available.

SECTION 6. Effective September 1, 2011, Section 32.111, Election Code, is amended by adding Subsection (c) to read as follows:

(c) The training standards adopted under Subsection (a) must include provisions on the acceptance and handling of the identification presented by a voter to an election officer under Section 63.001.

SECTION 7. Effective September 1, 2011, Section 32.114(a), Election Code, is amended to read as follows:

(a) The county clerk shall provide one or more sessions of training using the standardized training program and materials developed and provided by the secretary of state under Section 32.111 for the election judges and clerks appointed to serve in elections ordered by the governor or a county authority. Each election judge shall complete the training program. Each election clerk shall complete the part of the training program relating to the acceptance and handling of the identification presented by a voter to an election officer under Section 63.001.

SECTION 8. Chapter 62, Election Code, is amended by adding Section 62.016 to read as follows:

Case 2:13-cv-00193 Document 661-8 Filed on 11/11/14 in TXSD Page 33 of 66
e 1:12-cv-00128-RMC-DST-RLW Document 209-1 Filed 06/20/12 Page 219 of
Tuesday, April 5, 2011          SENATE JOURNAL          909

Sec. 62.016. NOTICE OF ACCEPTABLE IDENTIFICATION OUTSIDE POLLING PLACES. The presiding judge shall post in a prominent place on the outside of each polling location a list of the acceptable forms of identification. The list must be printed using a font that is at least 24-point. The notice required under this section must be posted separately from any other notice required by state or federal law.

SECTION 9. Section 63.001, Election Code, is amended by amending Subsections (b), (c), (d), and (f) and adding Subsections (g) and (h) to read as follows:

(b) Except as provided by Subsection (h), on [On] offering to vote, a voter must present to an election officer at the polling place one form of identification described by Section 63.0101 [the voter's voter registration certificate to an election officer at the polling place].

(c) On presentation of the documentation required under Subsection (b) [a registration certificate], an election officer shall determine whether the voter's name on the documentation [registration certificate] is on the list of registered voters for the precinct. If in making a determination under this subsection the election officer determines that the voter's name on the documentation is substantially similar to but does not match exactly with the name on the list, the voter shall be accepted for voting under Subsection (d) if the voter submits an affidavit stating that the voter is the person on the list of registered voters.

(d) If, as determined under Subsection (c), the voter's name is on the precinct list of registered voters and the voter's identity can be verified from the documentation presented under Subsection (b), the voter shall be accepted for voting.

(f) After determining whether to accept a voter, an election officer shall return the voter's documentation [registration certificate] to the voter.

(g) If the requirements for identification prescribed by Subsection (b) are not met, the voter may be accepted for provisional voting only under Section 63.011. For a voter who is not accepted for voting under this section, an election officer shall:

(1) inform the voter of the voter's right to cast a provisional ballot under Section 63.011; and

(2) provide the voter with written information, in a form prescribed by the secretary of state, that:

(A) lists the requirements for identification;

(B) states the procedure for presenting identification under Section 65.0541;

(C) includes a map showing the location where identification must be presented; and

(D) includes notice that even if all procedures are followed, there is no guarantee that the voter's provisional ballot will be accepted.

(h) The requirements for identification prescribed by Subsection (b) do not apply to a voter who presents the voter's voter registration certificate on offering to vote and:

(1) was 70 years of age or older on January 1, 2012, as indicated by the date of birth on the voter's voter registration certificate; or

(2) is disabled and the voter's voter registration certificate contains the indication described by Section 15.001(c).

TX_00001189
JA_002790

TX_00001189

USA_00017672

SECTION 10.  Section 63.0011(a), Election Code, is amended to read as follows:

(a)  Before a voter may be accepted for voting, an election officer shall ask the voter if the voter's residence address on the precinct list of registered voters is current and whether the voter has changed residence within the county.  If the voter's address is omitted from the precinct list under Section 18.005(c), the officer shall ask the voter if the voter's residence, if [as] listed, on identification presented by the voter under Section 63.001(b) [the voter's voter registration certificate] is current and whether the voter has changed residence within the county.

SECTION 11.  Effective September 1, 2011, Chapter 63, Election Code, is amended by adding Section 63.0012 to read as follows:

Sec. 63.0012.  NOTICE  OF  IDENTIFICATION  REQUIREMENTS  TO CERTAIN VOTERS. (a) An election officer shall distribute written notice of the identification that will be required for voting beginning with elections held after January 1, 2012, and information on obtaining identification without a fee under Section 521.422, Transportation Code, to each voter who, when offering to vote, presents a form of identification that will not be sufficient for acceptance as a voter under this chapter beginning with those elections.

(b)  The secretary of state shall prescribe the wording of the notice and establish guidelines for distributing the notice.

(c)  This section expires September 1, 2017.

SECTION 12.  Section 63.006, Election Code, is amended to read as follows:

Sec. 63.006.  VOTER  WITH  REQUIRED  DOCUMENTATION  [CORRECT CERTIFICATE] WHO IS NOT ON LIST.  (a)  A voter who, when offering to vote, presents  the documentation required under Section 63.001(b) [a voter registration certificate indicating that the voter is currently registered in the precinct in which the voter is offering to vote,] but whose name is not on the precinct list of registered voters[,] shall be accepted for voting if the voter also presents a voter registration certificate indicating that the voter is currently registered:

(1)  in the precinct in which the voter is offering to vote; or

(2)  in a different precinct in the same county as the precinct in which the voter is offering to vote and the voter executes an affidavit stating that the voter:

(A)  is a resident of the precinct in which the voter is offering to vote or is otherwise entitled by law to vote in that precinct;

(B)  was a resident of the precinct in which the voter is offering to vote at the time the information on the voter's residence address was last provided to the voter registrar;

(C)  did not deliberately provide false information to secure registration in a precinct in which the voter does not reside; and

(D)  is voting only once in the election.

(b)  After the voter is accepted, an election officer shall:

(1)  indicate beside the voter's name on the poll list that the voter was accepted under this section; and

(2)  enter the voter's name on the registration omissions list.

SECTION 13.  Section 63.009, Election Code, is amended to read as follows:

TX_00001190
JA_002791

Case 2:13-cv-00193 Document 661-8 Filed on 11/11/14 in TXSD Page 35 of 66
e 1:12-cv-00128-RMC-DST-RLW Document 209-1 Filed 06/20/12 Page 221 of
Tuesday, April 5, 2011 SENATE JOURNAL 5115

Sec. 63.009. VOTER WITHOUT CERTIFICATE WHO IS NOT ON LIST. A [(a) Except as provided by Subsection (b), a] voter who does not present a voter registration certificate when offering to vote, and whose name is not on the list of registered voters for the precinct in which the voter is offering to vote, shall be accepted for provisional voting if the voter executes an affidavit in accordance with Section 63.011.

[(b) If an election officer can determine from the voter registrar that the person is a registered voter of the county and the person presents proof of identification, the affidavits required by Sections 63.007 and 63.008 are substituted for the affidavit required by Section 63.011 in complying with that section. After the voter is accepted under this subsection, an election officer shall also indicate beside the voter's name on the poll list that the voter was accepted under this section.]

SECTION 14. Section 63.0101, Election Code, is amended to read as follows:

Sec. 63.0101. DOCUMENTATION OF PROOF OF IDENTIFICATION. The following documentation is an acceptable form [as proof] of photo identification under this chapter:

(1) a driver's license or personal identification card issued to the person by the Department of Public Safety that has not [or a similar document issued to the person by an agency of another state, regardless of whether the license or card has] expired or that expired no earlier than 60 days before the date of presentation;

(2) a United States military identification card that contains the person's photograph that has not expired or that expired no earlier than 60 days before the date of presentation [form of identification containing the person's photograph that establishes the person's identity];

(3) a [birth certificate or other document confirming birth that is admissible in a court of law and establishes the person's identity;

[(4)] United States citizenship certificate [papers] issued to the person that contains the person's photograph;

(4) [(5)] a United States passport issued to the person that has not expired or that expired no earlier than 60 days before the date of presentation; or

(5) a license to carry a concealed handgun issued to the person by the Department of Public Safety that has not expired or that expired no earlier than 60 days before the date of presentation

[(6) official mail addressed to the person by name from a governmental entity;

[(7) a copy of a current utility bill, bank statement, government check, paycheck, or other government document that shows the name and address of the voter; or

[(8) any other form of identification prescribed by the secretary of state].

SECTION 15. Section 63.011, Election Code, is amended by amending Subsections (a) and (b) and adding Subsection (b-1) to read as follows:

(a) A person to whom Section 63.001(g) [63.008(b)] or 63.009 [63.009(a)] applies may cast a provisional ballot if the person executes an affidavit stating that the person:

(1) is a registered voter in the precinct in which the person seeks to vote; and

(2) is eligible to vote in the election.

(b) A form for an affidavit required by this section must [shall] be printed on an envelope in which the provisional ballot voted by the person may be placed and must include:

(1) a space for entering the identification number of the provisional ballot voted by the person; and

(2) a space for an election officer to indicate whether the person presented a form of identification described by Section 63.0101.

(b-1) The affidavit form may include space for disclosure of any necessary information to enable the person to register to vote under Chapter 13. The secretary of state shall prescribe the form of the affidavit under this section.

SECTION 16.  Section 64.012(b), Election Code, is amended to read as follows:

(b) An offense under this section is a felony of the second [third] degree unless the person is convicted of an attempt. In that case, the offense is a state jail felony [Class A misdemeanor].

SECTION 17.  Section 65.054, Election Code, is amended by amending Subsection (b) and adding Subsection (e) to read as follows:

(b) A provisional ballot shall [may] be accepted [only] if the board determines that:

(1) [,] from the information in the affidavit or contained in public records, the person is eligible to vote in the election and has not previously voted in that election; and

(2) the person:

(A) meets the identification requirements of Section 63.001(b) at the time the ballot was cast or in the period prescribed under Section 65.0541; or

(B) executes an affidavit under penalty of perjury stating that:

(i) the voter:

(a) is indigent and is unable to obtain proof of identification without the payment of a fee; or

(b) has a religious objection to being photographed; and

(ii) the voter has not been challenged and voted a provisional ballot solely because the voter did not meet the requirements for identification prescribed by Section 63.001(b).

(e) In this section, "indigent" has the meaning assigned by Section 51.941(e), Government Code.

SECTION 18.  Subchapter B, Chapter 65, Election Code, is amended by adding Section 65.0541 to read as follows:

Sec. 65.0541. PRESENTATION OF IDENTIFICATION FOR CERTAIN PROVISIONAL BALLOTS. (a) A voter who is accepted for provisional voting under Section 63.011 because the voter does not meet the identification requirements of Section 63.001(b) may, not later than the sixth day after the date of the election:

(1) present a form of identification described by Section 63.0101 to the voter registrar for examination; or

(2) execute an affidavit described by Section 65.054(b)(2)(B) in the presence of the voter registrar.

TX_00001192

USA_00017675

Case 2:13-cv-00193  Document 661-8  Filed on 11/11/14 in TXSD  Page 37 of 66
e 1:12-cv-00128-RMC-DST-RLW  Document 209-1  Filed 06/20/12  Page 223 of
Tuesday, April 5, 2011  SENATE JOURNAL  913

(b)  The secretary of state shall prescribe procedures as necessary to implement this section.

SECTION 19.  Section 66.0241, Election Code, is amended to read as follows:

Sec. 66.0241.  CONTENTS OF ENVELOPE NO. 4.  Envelope no. 4 must contain:

(1)  the precinct list of registered voters;

(2)  the registration correction list;

(3)  the registration omissions list;

(4)  any statements of residence executed under Section 63.0011; and

(5)  any affidavits executed under Section 63.006 [63.007] or 63.011.

SECTION 20.  Section 521.422, Transportation Code, is amended by amending Subsection (a) and adding Subsection (d) to read as follows:

(a)  Except as provided by Subsection (d), the [The] fee for a personal identification certificate is:

(1)  $15 for a person under 60 years of age;

(2)  $5 for a person 60 years of age or older; and

(3)  $20 for a person subject to the registration requirements under Chapter 62, Code of Criminal Procedure.

(d)  The department may not collect a fee for a personal identification certificate issued to a person who states that the person is obtaining the personal identification certificate for the purpose of satisfying Section 63.001(b), Election Code, and does not have another form of identification described by Section 63.0101, Election Code, and:

(1)  who is a registered voter in this state and presents a valid voter registration certificate; or

(2)  who is eligible for registration under Section 13.001, Election Code, and submits a registration application to the department.

SECTION 21.  Sections 63.007 and 63.008, Election Code, are repealed.

SECTION 22.  Effective September 1, 2011:

(1)  as soon as practicable, the secretary of state shall adopt the training standards and develop the training materials required to implement the change in law made by this Act to Section 32.111, Election Code; and

(2)  as soon as practicable, the county clerk of each county shall provide a session of training under Section 32.114, Election Code, using the standards adopted and materials developed to implement the change in law made by this Act to Section 32.111, Election Code.

SECTION 23.  The change in law made by this Act in amending Section 64.012(b), Election Code, applies only to an offense committed on or after January 1, 2012.  An offense committed before January 1, 2012, is covered by the law in effect when the offense was committed, and the former law is continued in effect for that purpose.  For purposes of this section, an offense is committed before January 1, 2012, if any element of the offense occurs before that date.

TX_00001193
USA_00017676

Case 2:13-cv-00193 Document 661-8 Filed on 11/11/14 in TXSD Page 38 of 66
e 1:12-cv-00128-RMC-DST-RLW Document 209-1 Filed 06/20/12 Page 224 of
914     82nd Legislature — Regular Session     37th Day

SECTION 24. Effective September 1, 2011, state funds disbursed under Chapter 19, Election Code, for the purpose of defraying expenses of the voter registrar's office in connection with voter registration may also be used for additional expenses related to coordinating voter registration drives or other activities designed to expand voter registration. This section expires January 1, 2013.

SECTION 25. Except as otherwise provided by this Act, this Act takes effect January 1, 2012.

### Floor Amendment No. 3

Amend **CSSB 14** (House committee printing) as follows:

(1) In the recital to SECTION 9 of the bill (page 5, line 1), strike "(g) and (h)" and substitute "(g), (h), and (i)".

(2) In SECTION 9 of the bill, in amended Section 63.001(b), Election Code (page 5, line 2), strike "Subsection (h)" and substitute "Subsection (h) or (i)".

(3) In SECTION 9 of the bill, following added Section 63.001(h), Election Code (page 6, between lines 23 and 24), add the following:

(i) A voter who would otherwise be accepted for voting under this chapter but for the requirements of Subsection (b) shall be accepted for voting if, instead of presenting the identification required by Subsection (b), the voter executes an affidavit under penalty of perjury that asserts that the voter's proof of identification meeting the requirements of Subsection (b) has been stolen and the voter presents to an election officer a copy of an official police report, dated not earlier than the 45th day before the date on which the voter seeks to vote, alleging that the voter was a victim of an offense described by Section 32.51, Penal Code. The voter may redact personal information on the report relating to the voter, other than the voter's name, address, or date of birth. A report presented under this section is not required to contain the voter's date of birth.

### Floor Amendment No. 5

Amend **CSSB 14** on page 5, line 14, by inserting "under standards adopted by the secretary of state" between "list" and the comma.

### Floor Amendment No. 7

Amend **CSSB 14** (house committee printing) in SECTION 9 of the bill, in added Section 63.001(h), Election Code (page 6, lines 17-21), by striking the following:

:

(1) was 70 years of age or older on January 1, 2012, as indicated by the date of birth on the voter's voter registration certificate; or

(2)

### Floor Amendment No. 10

Amend **CSSB 14** (House committee printing) by striking lines 12 through 14 of page 6 and substituting the following:

(D) includes notice that if all procedures are followed and the voter is found to be eligible to vote in the election, the voter's provisional ballot will be counted.

### Floor Amendment No. 13

Amend **CSSB 14** (house committee printing) as follows:

(1) In SECTION 9 of the bill, in added Section 63.001(h), Election Code (page 6, line 20), strike "or".

TX_00001194
JA_002795

TX_00001194

USA_00017677

(2) In SECTION 9 of the bill, following added Section 63.001(h)(2), Election Code (page 6, line 23), between "15.001(c)" and the period, insert the following: ; or

(3) executes an affidavit under penalty of perjury that asserts the voter does not have identification meeting the requirements of Subsection (b) as a result of a natural disaster declared by the president of the United States or the governor

**Floor Amendment No. 20**

Amend **CSSB 14** (house committee printing) in SECTION 14 of the bill as follows:

(1) In amended Section 63.0101, Election Code (page 10, line 13), strike "or".

(2) In amended Section 63.0101, Election Code (page 10, line 17), following "presentation", insert:
; or

(6) an identification card that contains the person's photograph and is issued or approved by this state

**Floor Amendment No. 26**

Amend **CSSB 14** as follows:

(1) In the recital to SECTION 15 of the bill (page 10, line 26), strike "Subsection (b-1)" and subsitute "Subsections (b-1) and (f)".

(2) In SECTION 15 of the bill, add the following after added Section 63.011(b-1), Election Code (page 11, between lines 18 and 19):

(f) In addition to the affidavit required by this section, a person who casts a provisional ballot under this section and is described by Section 65.054(b)(2)(B) may execute an affidavit under that section at the polling place. Forms for affidavits under Section 65.054(b)(2)(B) must be available at each polling place.

(3) In SECTION 18 of the bill, in added Section 65.0541(a)(2), Election Code (page 13, line 4), between "presence of" and "the voter registrar", insert "an election officer at the polling place or".

**Floor Amendment No. 27**

Amend **CSSB 14** (House committee printing) in SECTION 5 of the bill, in added Section 31.012(b), Election Code (page 3, line 21), by adding after the period: "The statewide effort shall include education targeted at low-income and minority voters."

**Floor Amendment No. 28**

Amend **CSSB 14** (House committee printing) as follows:

(1) Strike SECTION 17 of the bill (page 11, line 24, through page 12, line 20) and substitute the following:

SECTION 17.  Section 65.054(b), Election Code, is amended to read as follows:

(b) A provisional ballot shall [may] be accepted [only] if the board determines that:

(1) [,] from the information in the affidavit or contained in public records, the person is eligible to vote in the election and has not previously voted in that election; and

TX_00001195

USA_00017678

Case 2:13-cv-00193  Document 661-8  Filed on 11/11/14 in TXSD  Page 40 of 66
e 1:12-cv-00128-RMC-DST-RLW  Document 209-1  Filed 06/20/12  Page 226 of
916  82nd Legislature — Regular Session  37th  Day

(2)  the person meets the identification requirements of Section 63.001(b) at the time the ballot was cast or in the period prescribed under Section 65.0541.

(2)  In SECTION 18 of the bill, strike added Section 65.0541(a), Election Code (page 12, line 24, through page 13, line 4) and substitute the following:

(a)  A voter who is accepted for provisional voting under Section 63.011 because the voter does not meet the identification requirements of Section 63.001(b) may, not later than the sixth day after the date of the election, present a form of identification described by Section 63.0101 to the voter registrar for examination.

**Floor Amendment No. 30**

Amend **CSSB 14** as follows:

(1)  In SECTION 14 of the bill, in amended Section 63.0101, Election Code (page 10, line 13), strike "or".

(2)  In SECTION 14 of the bill, in amended Section 63.0101, Election Code, following added Subdivision (5) (page 10, line 17), insert the following:

; or

(6)  a valid identification card that contains the person's photograph and is issued by a tribal organization

**Floor Amendment No. 32**

Amend **CSSB 14** on page 13, line 27, by striking "may" and substituting "shall".

**Floor Amendment No. 45**

Amend **CSSB 14** by adding the following appropriately numbered section and by renumbering the existing sections as appropriate:

SECTION _____.  Section 521.424, Transportation Code, is amended to read as follows:

Sec. 521.424.  DUPLICATE LICENSE OR CERTIFICATE FEE. (a) Except as provided by Subsection (b), the [The] fee for a duplicate driver's license or duplicate personal identification certificate is $10.

(b)  The department may not collect a fee for a duplicate personal identification certificate from a person who meets the requirements of Section 521.422(d).

**Floor Amendment No. 48**

Amend **CSSB 14** (house committee printing) by adding the following appropriately numbered SECTION to the bill and renumbering the remaining SECTIONS of the bill accordingly:

SECTION _____.  Every provision in this Act and every application of the provisions in this Act are severable from each other. If any application of any provision in this Act to any person or group of persons or circumstances is found by a court to be invalid, the remainder of this Act and the application of the Act's provisions to all other persons and circumstances may not be affected. All constitutionally valid applications of this Act shall be severed from any applications that a court finds to be invalid, leaving the valid applications in force, because it is the legislature's intent and priority that the valid applications be allowed to stand alone.

TX_00001196
USA_00017679

Even if a reviewing court finds a provision of this Act invalid in a large or substantial fraction of relevant cases, the remaining valid applications shall be severed and allowed to remain in force.

### Floor Amendment No. 53

Amend **CSSB 14** (House committee printing) as follows:

(1) Add the following appropriately numbered SECTION to the bill and renumbering the remaining SECTIONS of the bill accordingly:

SECTION ____. Section 521.124, Transportation Code, is amended to read as follows:

Sec. 521.124. TEMPORARY LICENSE[; ISSUED WITHOUT PHOTOGRAPH]. (a) The department may issue a temporary license without a photograph of the license holder[:

[(1)] to an applicant who is out of state or a member of the armed forces of the United States[; or

[(2) if the department otherwise determines that a temporary license is necessary].

(b) A temporary license issued under Subsection (a) is valid only until the applicant has time to appear and be photographed and a license with a photograph is issued.

(c) Except as provided by Subsection (a), a temporary license issued by the department must include the photograph of the person to whom the license is issued.

(d) If all application requirements are met, a temporary license must be issued by the department on the day of application.

(2) In SECTION 17 of the bill, in added Section 65.054(b)(2)(A), Election Code (page 12, line 7), between "Section 65.0541" and the underscored semicolon insert "or presents a temporary license issued by the Department of Public Safety that contains the voter's photograph in the period prescribed under Section 65.0541".

(3) In SECTION 18 of the bill, in added Section 65.0541(a)(1), Election Code (page 13, line 2), between "63.0101" and "to the voter registrar" insert "or a temporary license issued by the Department of Public Safety that contains the voter's photograph"

### Floor Amendment No. 59

Amend **CSSB 14** (house committee printing) as follows:

(1) Add the following appropriately numbered SECTION to the bill and renumber subsequent SECTIONS of the bill accordingly:

SECTION ____. Section 1.005, Election Code, is amended by adding Subdivision (25) to read as follows:

(25) "Early voting ballot board" means the early voting and provisional voting ballot board.

(2) In the recital to SECTION 17 of the bill (page 11, line 25), strike "Subsection (b)" and substitute "Subsections (a) and (b)".

(3) In SECTION 17 of the bill, before amended Section 65.054(b), Election Code (page 11, between lines 26 and 27), add the following:

TX_00001197

USA_00017680

(a) The early voting and provisional voting ballot board shall examine each affidavit executed under Section 63.011 and determine whether to accept the provisional ballot of the voter who executed the affidavit.

The amendments were read.

Senator Fraser moved that the Senate do not concur in the House amendments, but that a conference committee be appointed to adjust the differences between the two Houses on the bill.

The motion prevailed without objection.

The President asked if there were any motions to instruct the conference committee on **SB 14** before appointment.

There were no motions offered.

The President announced the appointment of the following conferees on the part of the Senate: Senators Fraser, Chair; Huffman, Williams, Birdwell, and Van de Putte.

### CONCLUSION OF MORNING CALL

The President at 11:31 a.m. announced the conclusion of morning call.

### COMMITTEE SUBSTITUTE
### SENATE BILL 656 ON SECOND READING

On motion of Senator Huffman and by unanimous consent, the regular order of business was suspended to take up for consideration **CSSB 656** at this time on its second reading:

**CSSB 656**, Relating to the abolition of the Coastal Coordination Council and the transfer of its functions to the General Land Office.

The bill was read second time.

Senator Huffman offered the following amendment to the bill:

**Floor Amendment No. 1**

Amend **CSSB 656** (senate committee printing) as follows:

(1) In SECTION 11 of the bill, strike amended Section 33.205(c), Natural Resources Code (page 3, line 49, through page 4, line 3), and substitute the following:

(c) The commissioner [council] may [not] review a proposed agency or subdivision action subject to the requirements of Subsections (a) and (b) [of this section] for consistency with the goals and policies of the coastal management program if [unless]:

(1) the consistency determination for the proposed action was contested by:

(A) a [council] member of the committee or an agency that was a party in a formal hearing under Chapter 2001, Government Code, or in an alternative dispute resolution process; or

(B) another [a council member or other] person by the filing of written comments with the agency before the action was proposed if the proposed action is one for which a formal hearing under Chapter 2001, Government Code, is not available;

TX_00001198
JA_002799

USA_00017681

Case 2:13-cv-00193 Document 661-8 Filed on 11/11/14 in TXSD Page 43 of 66
e 1:12-cv-00128-RMC-DST-RLW Document 209-1 Filed 06/20/12 Page 229 of
Tuesday, April 5, 2011 SENATE JOURNAL 9199

(2) a person described by Subdivision (1) [of this subsection] files a request for referral alleging a significant unresolved dispute regarding the proposed action's consistency with the goals and policies of the coastal management program; and

(3) any three members of the committee [council] other than the representative [director] of the Texas [A&M University] Sea Grant College Program agree that there is a significant unresolved dispute regarding the proposed action's consistency with the goals and policies of the coastal management program and the matter is referred to the commissioner for review [placed on the agenda for a council meeting].

(2) In SECTION 15 of the bill, in amended Section 33.206(g), Natural Resources Code (page 7, lines 15-19), strike the first sentence of the subsection and substitute the following:

Notwithstanding the other provisions of this subchapter, on request for referral, the commissioner may not review a consistency determination of the land office, the commissioner, or the board.

The amendment to **CSSB 656** was read and was adopted by a viva voce vote.

All Members are deemed to have voted "Yea" on the adoption of Floor Amendment No. 1.

On motion of Senator Huffman and by unanimous consent, the caption was amended to conform to the body of the bill as amended.

**CSSB 656** as amended was passed to engrossment by a viva voce vote.

All Members are deemed to have voted "Yea" on the passage to engrossment.

### COMMITTEE SUBSTITUTE
### SENATE BILL 656 ON THIRD READING

Senator Huffman moved that Senate Rule 7.18 and the Constitutional Rule requiring bills to be read on three several days be suspended and that **CSSB 656** be placed on its third reading and final passage.

The motion prevailed by the following vote: Yeas 30, Nays 1.

Nays: Wentworth.

### Reason for Vote

Senator Wentworth submitted the following reason for vote on suspension of the Constitutional Three-day Rule:

I cast a "No" vote on the procedural motion to suspend the Constitutional Rule requiring that bills be read on three several days in order to take up and consider **CSSB 656**, because in my judgment no circumstance exists in this case to justify the extraordinary act of suspending a requirement of the Texas Constitution. The suspension of this Constitutional Rule has the direct and immediate effect of denying the people of Texas knowledge and notice of the passage of this measure until it has already been finally passed on third reading. Were we to have followed the requirement of the Texas Constitution, third reading and a vote on **CSSB 656** would have occurred on the next legislative day, allowing for Texans to have learned through news reports of our second reading vote exactly what we had tentatively passed.

TX_00001199
USA_00017682

Third reading and a vote on the next legislative day would also have allowed our professional staff an opportunity overnight to make sure any amendments passed on second reading are technically correct.

WENTWORTH

The bill was read third time and was passed by the following vote: Yeas 31, Nays 0.

## COMMITTEE SUBSTITUTE
## SENATE BILL 1097 ON SECOND READING

Senator Eltife moved to suspend the regular order of business to take up for consideration **CSSB 1097** at this time on its second reading:

**CSSB 1097**, Relating to single certification in incorporated or annexed areas served by water or sewer utilities.

The motion prevailed.

Senators Birdwell, Estes, and Huffman asked to be recorded as voting "Nay" on suspension of the regular order of business.

The bill was read second time and was passed to engrossment by a viva voce vote.

All Members are deemed to have voted "Yea" on the passage to engrossment except as follows:

Nays: Birdwell, Estes, Huffman.

## COMMITTEE SUBSTITUTE
## SENATE BILL 1097 ON THIRD READING

Senator Eltife moved that Senate Rule 7.18 and the Constitutional Rule requiring bills to be read on three several days be suspended and that **CSSB 1097** be placed on its third reading and final passage.

The motion prevailed by the following vote: Yeas 27, Nays 4.

Yeas: Carona, Davis, Deuell, Duncan, Ellis, Eltife, Fraser, Gallegos, Harris, Hegar, Hinojosa, Jackson, Lucio, Nelson, Nichols, Ogden, Patrick, Rodriguez, Seliger, Shapiro, Uresti, Van de Putte, Watson, West, Whitmire, Williams, Zaffirini.

Nays: Birdwell, Estes, Huffman, Wentworth.

### Reason for Vote

Senator Wentworth submitted the following reason for vote on suspension of the Constitutional Three-day Rule:

I cast a "No" vote on the procedural motion to suspend the Constitutional Rule requiring that bills be read on three several days in order to take up and consider **CSSB 1097**, because in my judgment no circumstance exists in this case to justify the extraordinary act of suspending a requirement of the Texas Constitution. The suspension of this Constitutional Rule has the direct and immediate effect of denying the people of Texas knowledge and notice of the passage of this measure until it has already been finally passed on third reading. Were we to have followed the

TX_00001200
JA_002801

TX_00001200

USA_00017683

requirement of the Texas Constitution, third reading and a vote on **CSSB 1097** would have occurred on the next legislative day, allowing for Texans to have learned through news reports of our second reading vote exactly what we had tentatively passed. Third reading and a vote on the next legislative day would also have allowed our professional staff an opportunity overnight to make sure any amendments passed on second reading are technically correct.

WENTWORTH

The bill was read third time and was passed by the following vote: Yeas 28, Nays 3.

Yeas: Carona, Davis, Deuell, Duncan, Ellis, Eltife, Fraser, Gallegos, Harris, Hegar, Hinojosa, Jackson, Lucio, Nelson, Nichols, Ogden, Patrick, Rodriguez, Seliger, Shapiro, Uresti, Van de Putte, Watson, Wentworth, West, Whitmire, Williams, Zaffirini.

Nays: Birdwell, Estes, Huffman.

### SENATE BILL 315 ON SECOND READING

On motion of Senator Carona and by unanimous consent, the regular order of business was suspended to take up for consideration **SB 315** at this time on its second reading:

**SB 315**, Relating to the agencies and entities responsible for compiling and maintaining information pertaining to criminal combinations and criminal street gangs.

The bill was read second time and was passed to engrossment by a viva voce vote.

All Members are deemed to have voted "Yea" on the passage to engrossment.

### SENATE BILL 315 ON THIRD READING

Senator Carona moved that Senate Rule 7.18 and the Constitutional Rule requiring bills to be read on three several days be suspended and that **SB 315** be placed on its third reading and final passage.

The motion prevailed by the following vote: Yeas 30, Nays 1.

Nays: Wentworth.

#### Reason for Vote

Senator Wentworth submitted the following reason for vote on suspension of the Constitutional Three-day Rule:

I cast a "No" vote on the procedural motion to suspend the Constitutional Rule requiring that bills be read on three several days in order to take up and consider **SB 315**, because in my judgment no circumstance exists in this case to justify the extraordinary act of suspending a requirement of the Texas Constitution. The suspension of this Constitutional Rule has the direct and immediate effect of denying the people of Texas knowledge and notice of the passage of this measure until it has already been finally passed on third reading. Were we to have followed the

TX_00001201
JA_002802

requirement of the Texas Constitution, third reading and a vote on **SB 315** would have occurred on the next legislative day, allowing for Texans to have learned through news reports of our second reading vote exactly what we had tentatively passed. Third reading and a vote on the next legislative day would also have allowed our professional staff an opportunity overnight to make sure any amendments passed on second reading are technically correct.

WENTWORTH

The bill was read third time and was passed by the following vote: Yeas 31, Nays 0.

## COMMITTEE SUBSTITUTE
## SENATE BILL 73 ON SECOND READING

On motion of Senator Nelson and by unanimous consent, the regular order of business was suspended to take up for consideration **CSSB 73** at this time on its second reading:

**CSSB 73**, Relating to debt issuance authority of and funding for the Cancer Prevention and Research Institute of Texas.

The bill was read second time and was passed to engrossment by a viva voce vote.

All Members are deemed to have voted "Yea" on the passage to engrossment.

## COMMITTEE SUBSTITUTE
## SENATE BILL 73 ON THIRD READING

Senator Nelson moved that Senate Rule 7.18 and the Constitutional Rule requiring bills to be read on three several days be suspended and that **CSSB 73** be placed on its third reading and final passage.

The motion prevailed by the following vote: Yeas 30, Nays 1.

Nays:  Wentworth.

### Reason for Vote

Senator Wentworth submitted the following reason for vote on suspension of the Constitutional Three-day Rule:

I cast a "No" vote on the procedural motion to suspend the Constitutional Rule requiring that bills be read on three several days in order to take up and consider **CSSB 73**, because in my judgment no circumstance exists in this case to justify the extraordinary act of suspending a requirement of the Texas Constitution.  The suspension of this Constitutional Rule has the direct and immediate effect of denying the people of Texas knowledge and notice of the passage of this measure until it has already been finally passed on third reading.  Were we to have followed the requirement of the Texas Constitution, third reading and a vote on **CSSB 73** would have occurred on the next legislative day, allowing for Texans to have learned through news reports of our second reading vote exactly what we had tentatively passed.

TX_00001202
JA_002803

TX_00001202

USA_00017685

Case 2:13-cv-00193 Document 661-8 Filed on 11/11/14 in TXSD Page 47 of 66
e 1:12-cv-00128-RMC-DST-RLW Document 209-1 Filed 06/20/12 Page 233 of
Tuesday, April 5, 2011    SENATE JOURNAL    923

Third reading and a vote on the next legislative day would also have allowed our professional staff an opportunity overnight to make sure any amendments passed on second reading are technically correct.

WENTWORTH

The bill was read third time and was passed by the following vote: Yeas 31, Nays 0.

### SENATE BILL 907 ON SECOND READING

On motion of Senator Seliger and by unanimous consent, the regular order of business was suspended to take up for consideration **SB 907** at this time on its second reading:

**SB 907**, Relating to the management, operation, rulemaking authority, and oversight of groundwater conservation districts.

The bill was read second time and was passed to engrossment by a viva voce vote.

All Members are deemed to have voted "Yea" on the passage to engrossment.

### SENATE BILL 907 ON THIRD READING

Senator Seliger moved that Senate Rule 7.18 and the Constitutional Rule requiring bills to be read on three several days be suspended and that **SB 907** be placed on its third reading and final passage.

The motion prevailed by the following vote: Yeas 30, Nays 1.

Nays: Wentworth.

#### Reason for Vote

Senator Wentworth submitted the following reason for vote on suspension of the Constitutional Three-day Rule:

I cast a "No" vote on the procedural motion to suspend the Constitutional Rule requiring that bills be read on three several days in order to take up and consider **SB 907**, because in my judgment no circumstance exists in this case to justify the extraordinary act of suspending a requirement of the Texas Constitution. The suspension of this Constitutional Rule has the direct and immediate effect of denying the people of Texas knowledge and notice of the passage of this measure until it has already been finally passed on third reading. Were we to have followed the requirement of the Texas Constitution, third reading and a vote on **SB 907** would have occurred on the next legislative day, allowing for Texans to have learned through news reports of our second reading vote exactly what we had tentatively passed. Third reading and a vote on the next legislative day would also have allowed our professional staff an opportunity overnight to make sure any amendments passed on second reading are technically correct.

WENTWORTH

The bill was read third time and was passed by the following vote: Yeas 31, Nays 0.

TX_00001203
USA_00017686

**(President Pro Tempore Ogden in Chair)**

## COMMITTEE SUBSTITUTE
## SENATE BILL 142 ON SECOND READING

On motion of Senator West and by unanimous consent, the regular order of business was suspended to take up for consideration **CSSB 142** at this time on its second reading:

**CSSB 142**, Relating to real property that is subject to restrictive covenants and the operation of property owners' associations of subdivisions that are subject to restrictive covenants.

The bill was read second time.

Senator West offered the following amendment to the bill:

**Floor Amendment No. 1**

Amend **CSSB 142** (senate committee printing) as follows:

(1) In SECTION 20 of the bill, insert the following appropriately designated subsection and redesignate subsections of the SECTION accordingly:

(___) Section 51.015, Property Code, as amended by this Act, applies only to the levy of an assessment or assessments as described by Section 51.015, Property Code, as amended by this Act, the effective date of which is on or after the effective date of this Act. A levy of an assessment or assessments the effective date of which is before the effective date of this Act is governed by the law as it existed immediately before the effective date of this Act, and that law is continued in effect for that purpose.

(2) Insert the following appropriately numbered SECTIONS in the bill and renumber SECTIONS of the bill accordingly:

SECTION ___. Section 51.002, Property Code, is amended by adding Subsection (i) to read as follows:

(i)  Notice served under Subsection (b)(3) or (d) must state the name and address of the sender of the notice and contain a statement that is conspicuous, printed in boldface or underlined type, and substantially similar to the following: "Assert and protect your rights as a member of the armed forces of the United States. If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately."

SECTION ___. Subsection (a), Section 51.015, Property Code, is amended by adding Subdivision (1-a) to read as follows:

(1-a) "Assessment" and "assessments" have the meanings assigned by Sections 82.113(a) and 209.002, as applicable.

SECTION ___. Subsection (b), Section 51.015, Property Code, is amended to read as follows:

(b)  This section applies only to an obligation:

TX_00001204
JA_002805

TX_00001204

USA_00017687

Case 2:13-cv-00193  Document 661-8  Filed on 11/11/14 in TXSD  Page 49 of 66
e 1:12-cv-00128-RMC-DST-RLW   Document 209-1   Filed 06/20/12   Page 235 of
Tuesday, April 5, 2011        SENATE JOURNAL        923

(1) that is secured by a mortgage, deed of trust, or other contract lien, including a lien securing payment of an assessment or assessments, as applicable, on real property or personal property that is a dwelling owned by a military servicemember;

(2) that originates before the date on which the servicemember's active duty military service commences; and

(3) for which the servicemember is still obligated.

> WEST
> PATRICK
> VAN DE PUTTE

The amendment to **CSSB 142** was read and was adopted by a viva voce vote.

All Members are deemed to have voted "Yea" on the adoption of Floor Amendment No. 1.

Senator West offered the following amendment to the bill:

**Floor Amendment No. 2**

Amend **CSSB 142** (senate committee printing) as follows:

(1) In SECTION 2 of the bill, in added Section 5.012(g), Property Code (page 2, line 14), between "otherwise agreed" and the period, insert "by the purchaser and seller of the property".

(2) In SECTION 8 of the bill, in amended Section 207.003(c), Property Code (page 5, line 27), between "otherwise agreed" and the period, insert "by the purchaser and seller of the property".

(3) In SECTION 11 of the bill, strike added Sections 209.0041(g), (h), and (i), Property Code (page 5, line 68, through page 6, line 9), and substitute the following:

(g) Except as provided by this subsection, a declaration may be amended only by a vote of 67 percent of the total votes allocated to property owners in the property owners' association, in addition to any governmental approval required by law. If the declaration contains a lower percentage, the percentage in the declaration controls.

(h) A bylaw may not be amended to conflict with the declaration.

(4) In SECTION 12 of the bill, in amended Section 209.005(c), Property Code (page 6, lines 22 and 23), strike "an owner's agent" and substitute "a person designated in a writing signed by the owner as the owner's agent".

(5) In SECTION 12 of the bill, strike added Sections 209.005(i) and (j), Property Code (page 7, lines 23-45), and substitute the following:

(i) A property owners' association board must adopt a records production and copying policy that prescribes the costs the association will charge for the compilation, production, and reproduction of information requested under this section. The prescribed charges may include all reasonable costs of materials, labor, and overhead but may not exceed costs that would be applicable for an item under Section 552.261, Government Code. The policy required by this subsection must be recorded as a dedicatory instrument in accordance with Section 202.006. An association may not charge an owner for the compilation, production, or reproduction of information requested under this section unless the policy prescribing those costs has been recorded as required by this subsection. An owner is responsible for costs related to

TX_00001205
USA_00017688

the compilation, production, and reproduction of the requested information in the amounts prescribed by the policy adopted under this subsection. The association may require advance payment of the estimated costs of compilation, production, and reproduction of the requested information. If the estimated costs are lesser or greater than the actual costs, the association shall submit a final invoice to the owner on or before the 30th business day after the date the information is delivered. If the final invoice includes additional amounts due from the owner, the additional amounts, if not reimbursed to the association before the 30th business day after the date the invoice is sent to the owner, may be added to the owner's account as an assessment. If the estimated costs exceeded the final invoice amount, the owner is entitled to a refund, and the refund shall be issued to the owner not later than the 30th business day after the date the invoice is sent to the owner.

(j) A property owners' association must estimate costs under this section using amounts prescribed by the policy adopted under Subsection (i).

(6) In SECTION 12 of the bill, in added Section 209.005(k), Property Code (page 7, line 46), between "Subsection (l)" and the comma, insert "and to the extent the information is provided in the meeting minutes".

(7) In SECTION 12 of the bill, in added Section 209.005(k), Property Code (page 7, line 47), strike ", other than in meeting minutes,".

(8) In SECTION 13 of the bill, in the recital (page 8, line 48), strike "and 209.00592" and substitute "209.00592, and 209.00593".

(9) In SECTION 13 of the bill, in added Section 209.0051(b), Property Code (page 8, lines 58-61), strike the following:

⋮

(1) the gathering of a quorum of the board at a board workshop where formal action is not taken; or

(2)

(10) In SECTION 13 of the bill, in added Section 209.0051(c), Property Code (page 9, line 8), between "summarized orally" and the comma, insert "and placed in the minutes".

(11) In SECTION 13 of the bill, strike added Section 209.0051(h), Property Code (page 9, line 59, through page 10, line 9), and substitute the following:

(h) A board may meet by any method of communication, including electronic and telephonic, without prior notice to owners under Subsection (e), if each director may hear and be heard by every other director, or the board may take action by unanimous written consent to consider routine and administrative matters or a reasonably unforeseen emergency or urgent necessity that requires immediate board action. Any action taken without notice to owners under Subsection (e) must be summarized orally, including an explanation of any known actual or estimated expenditures approved at the meeting, and documented in the minutes of the next regular or special board meeting. The board may not, without prior notice to owners under Subsection (e), consider or vote on:

(1) fines;

(2) damage assessments;

(3) initiation of foreclosure actions;

TX_00001206
JA_002807

TX_00001206

USA_00017689

Case 2:13-cv-00193  Document 661-8  Filed on 11/11/14 in TXSD  Page 51 of 66
e 1:12-cv-00128-RMC-DST-RLW  Document 209-1  Filed 06/20/12  Page 237 of
Tuesday, April 5, 2011  SENATE JOURNAL  929

(4) initiation of enforcement actions, excluding temporary restraining orders or violations involving a threat to health or safety;

(5) increases in assessments;

(6) levying of special assessments;

(7) appeals from a denial of architectural control approval; or

(8) a suspension of a right of a particular owner before the owner has an opportunity to attend a board meeting to present the owner's position, including any defense, on the issue.

(12) In SECTION 13 of the bill, strike added Section 209.0056(a), Property Code (page 10, lines 25-28), and substitute the following:

(a) Not later than the 10th day or earlier than the 60th day before the date of an election or vote, a property owners' association shall give written notice of the election or vote to:

(1) each owner of property in the property owners' association, for purposes of an association-wide election or vote; or

(2) each owner of property in the property owners' association entitled under the dedicatory instruments to vote in a particular representative election, for purposes of a vote that involves election of representatives of the association who are vested under the dedicatory instruments of the property owners' association with the authority to elect or appoint board members of the property owners' association.

(13) In SECTION 13 of the bill, in added Section 209.0057(d), Property Code (page 11, line 4), between "cost of the recount." and "Any action", insert "The property owners' association shall provide the results of the recount to each owner who requested the recount."

(14) In SECTION 13 of the bill, after added Section 209.00592, Property Code (page 12, between lines 24 and 25), insert the following:

Sec. 209.00593. ELECTION OF BOARD MEMBERS. (a)  Notwithstanding any provision in a dedicatory instrument, any board member whose term has expired must be elected by owners who are members of the property owners' association. A board member may be appointed by the board only to fill a vacancy caused by a resignation, death, or disability. A board member appointed to fill a vacant position shall serve the unexpired term of the predecessor board member.

(b) The board of a property owners' association may amend the bylaws of the property owners' association to provide for elections to be held as required by Subsection (a).

(c) The appointment of a board member in violation of this section is void.

(d) This section does not apply to the appointment of a board member during a development period, as defined by Section 202.011.

(e) This section does not apply to a representative board whose members or delegates are elected or appointed by representatives of a property owners' association who are elected by owner members of a property owners' association.

(15) In SECTION 15 of the bill, in added Section 209.0062(c), Property Code (page 13, line 5), strike "12 months" and substitute "18 months".

(16) In SECTION 15 of the bill, in added Section 209.0063(a), Property Code (page 13, lines 23-24), strike "or otherwise provided in writing by the property owner at the time payment is made".

TX_00001207

USA_00017690

(17) In SECTION 15 of the bill, strike added Section 209.0064, Property Code (page 13, lines 45-58), and substitute the following:

Sec. 209.0064. THIRD PARTY COLLECTIONS. Before a property owners' association may assess the account of an owner for reimbursement of reasonable attorney's fees and other reasonable costs payable by the association to another party or billed by a third party to the association on a contingency basis and that are related to collecting assessments or other amounts owed the association by the owner, the association must provide a notice to the owner by certified mail, return receipt requested, that:

(1) specifies each delinquent amount and the total amount of the payment required to make the account current;

(2) describes the options the owner has to avoid liability for attorney's fees or other costs related to collection of those amounts, including information regarding the availability of a payment plan through the association; and

(3) provides a period of at least 30 days for the owner to cure the delinquency before further action is taken by the association.

(18) In SECTION 16 of the bill, in added Section 209.0091(a), Property Code (page 13, line 63), between "as provided by Subsection (c)" and the comma, insert "and subject to Section 209.009".

(19) Strike SECTION 3 of the bill.

(20) Insert the following appropriately numbered SECTION in the bill:

SECTION ____. Section 209.009, Property Code, is amended to read as follows:

Sec. 209.009. FORECLOSURE SALE PROHIBITED IN CERTAIN CIRCUMSTANCES. A property owners' association may not foreclose a property owners' association's assessment lien if the debt securing the lien consists solely of:

(1) fines assessed by the association; [or]

(2) attorney's fees incurred by the association solely associated with fines assessed by the association; or

(3) amounts added to the owner's account as an assessment under Section 209.005(i).

(21) Renumber SECTIONS of the bill appropriately.

The amendment to **CSSB 142** was read and was adopted by a viva voce vote.

All Members are deemed to have voted "Yea" on the adoption of Floor Amendment No. 2.

Senator West offered the following amendment to the bill:

**Floor Amendment No. 3**

Amend **CSSB 142** (senate committee printing) as follows:

(1) In SECTION 13 of the bill, strike added Section 209.00591(c), Property Code (page 11, lines 33-36), and substitute the following:

(c) The declaration may provide for a period of declarant control of the association during which a declarant, or persons designated by the declarant, may appoint and remove board members and the officers of the association, other than board members or officers elected by members of the property owners' association.

TX_00001208
JA_002809

TX_00001208

USA_00017691

Case 2:13-cv-00193 Document 661-8 Filed on 11/11/14 in TXSD Page 53 of 66
e 1:12-cv-00128-RMC-DST-RLW Document 209-1 Filed 06/20/12 Page 239 of
Tuesday, April 5, 2011 SENATE JOURNAL 5239

Regardless of the period of declarant control provided by the declaration, on or before the 120th day after the date 75 percent of the lots that may be created and made subject to the declaration are conveyed to owners other than a declarant, at least one-third of the board members must be elected by owners other than the declarant. If the declaration does not include the number of lots that may be created and made subject to the declaration, at least one-third of the board members must be elected by owners other than the declarant not later than the 10th anniversary of the date the declaration was recorded.

(2) In SECTION 18 of the bill, strike added Section 209.014, Property Code (page 14, lines 42-60), and substitute the following:

Sec. 209.014. MANDATORY ELECTION REQUIRED AFTER FAILURE TO CALL REGULAR MEETING. (a) Notwithstanding any provision in a dedicatory instrument, a board of a property owners' association shall call an annual meeting of the members of the association.

(b) If a board of a property owners' association does not call an annual meeting of the association members, an owner may demand that a meeting of the association members be called not later than the 30th day after the date of the owner's demand. The owner's demand must be made in writing and sent by certified mail, return receipt requested, to the registered agent of the property owners' association and to the association at the address for the association according to the most recently filed management certificate. A copy of the notice must be sent to each property owner who is a member of the association.

(c) If the board does not call a meeting of the members of the property owners' association on or before the 30th day after the date of a demand under Subsection (b), three or more owners may form an election committee. The election committee shall file written notice of the committee's formation with the county clerk of each county in which the subdivision is located.

(d) A notice filed by an election committee must contain:

(1) a statement that an election committee has been formed to call a meeting of owners who are members of the property owners' association for the sole purpose of electing board members;

(2) the name and residential address of each committee member; and

(3) the name of the subdivision over which the property owners' association has jurisdiction under a dedicatory instrument.

(e) Each committee member must sign and acknowledge the notice before a notary or other official authorized to take acknowledgments.

(f) The county clerk shall enter on the notice the date the notice is filed and record the notice in the county's real property records.

(g) Only one committee in a subdivision may operate under this section at one time. If more than one committee in a subdivision files a notice, the first committee that files a notice, after having complied with all other requirements of this section, is the committee with the power to act under this section. A committee that does not hold or conduct a successful election within four months after the date the notice is filed with the county clerk is dissolved by operation of law. An election held or conducted by a dissolved committee is ineffective for any purpose under this section.

TX_00001209
JA_002810

(h) The election committee may call meetings of the owners who are members of the property owners' association for the sole purpose of electing board members. Notice, quorum, and voting provisions contained in the bylaws of the property owners' association apply to any meeting called by the election committee.

The amendment to **CSSB 142** was read and was adopted by a viva voce vote.

All Members are deemed to have voted "Yea" on the adoption of Floor Amendment No. 3.

### (President in Chair)

Senator Ellis offered the following amendment to the bill:

### Floor Amendment No. 4

Amend **CSSB 142** (senate committee printing) as follows:

(1) In SECTION 5 of the bill, strike the recital (page 2, lines 58-59) and substitute the following:

Section 202.004, Property Code, is amended by amending Subsection (c) and adding Subsections (d), (e), (f), (g), (h), and (i) to read as follows:

(2) In SECTION 5 of the bill, after amended Section 202.004(c), Property Code (page 2, between lines 66 and 67), insert the following:

(d) In evaluating an alleged or potential violation of a restrictive covenant, a property owners' association board may, notwithstanding any provision in a dedicatory instrument, elect to not enforce the restrictive covenant if the board, in the board's reasonable judgment, determines:

(1) the property owners' association's position is not sufficiently strong to justify taking any action or further action;

(2) the provision alleged to have been violated may be inconsistent with applicable law;

(3) the alleged violation is not of such a material or visible nature as to be objectionable to a reasonable person or to justify expending the property owners' association's resources;

(4) enforcement of the provision is not in the association's best interests, based on hardship, expense, or other reasonable criteria; or

(5) the facts of the particular circumstances, such as topography of the owner's land or unforeseen circumstances unique to the particular owner, justify the board's election to not enforce the restrictive covenant.

(e) In evaluating an alleged or potential violation of a restrictive covenant, a property owners' association board shall make reasonable accommodations with respect to persons with disabilities and, in the absence of a showing of compelling necessity, may not enforce a restrictive covenant in a manner that imposes an undue hardship on persons with disabilities.

(f) A determination by the property owners' association board to not enforce a restrictive covenant under Subsection (d) or (e) may not be considered a waiver of the association's authority to enforce any dedicatory instrument provision in the future.

TX_00001210
JA_002811

TX_00001210

USA_00017693

Case 2:13-cv-00193 Document 661-8 Filed on 11/11/14 in TXSD Page 55 of 66
e 1:12-cv-00128-RMC-DST-RLW Document 209-1 Filed 06/20/12 Page 241 of
Tuesday, April 5, 2011 SENATE JOURNAL 931

(g) A property owners' association board shall document each election by the board to not enforce a restrictive covenant under Subsection (d) made by the board at a meeting by noting in the minutes of the board meeting at which the election was made:

(1) the person who was not subjected to enforcement of the covenant;

(2) the specific covenant the board did not enforce; and

(3) the board's rationale for not enforcing the covenant.

(h) A property owners' association board shall document the following information in the minutes of the board meeting and provide a copy of the minutes to a person subject to an enforcement of a restrictive covenant under circumstances described by Subsection (e):

(1) the specific facts and circumstances constituting a compelling necessity under Subsection (e);

(2) the person subjected to the enforcement of the covenant; and

(3) the board members voting for and against the enforcement of the covenant.

(i) A determination made in violation of Subsection (e) or (h) is void and unenforceable.

The amendment to **CSSB 142** was read.

Senator Ellis withdrew Floor Amendment No. 4.

Senator Gallegos offered the following amendment to the bill:

**Floor Amendment No. 5**

Amend **CSSB 142** (senate committee printing) by adding the following appropriately numbered SECTION to the bill and renumbering the subsequent SECTIONS of the bill accordingly:

SECTION _____. Chapter 209, Property Code, is amended by adding Section 209.0031 to read as follows:

Sec. 209.0031. DISCRIMINATION PROHIBITED; INJUNCTION. (a) A person may not refuse any person for membership in a property owners' association because of race, color, religion, sex, familial status, or national origin.

(b) A property owners' association may not bar a property owner from voting in an association election because of race, color, religion, sex, familial status, or national origin.

(c) If a property owners' association or other representative designated by the property owners' association has violated, is violating, or is threatening to violate this section, a person who is refused membership as described by Subsection (a), a property owner barred from voting as described by Subsection (b), or any member of the property owners' association may bring a civil action against the property owners' association for injunctive relief.

(d) A person described by Subsection (c) who prevails in an action brought under this section is entitled to recover reasonable attorney's fees and court costs.

(e) A remedy under this section is not exclusive and is in addition to any other remedy provided by other law.

The amendment to **CSSB 142** was read.

TX_00001211
USA_00017694

Case 2:13-cv-00193   Document 661-8   Filed on 11/11/14 in TXSD   Page 56 of 66
e 1:12-cv-00128-RMC-DST-RLW   Document 209-1   Filed 06/20/12   Page 242 of
932                    82nd Legislature — Regular Session              37th Day

Senator Gallegos withdrew Floor Amendment No. 5.

On motion of Senator West and by unanimous consent, the caption was amended to conform to the body of the bill as amended.

**CSSB 142** as amended was passed to engrossment by a viva voce vote.

All Members are deemed to have voted "Yea" on the passage to engrossment.

### COMMITTEE SUBSTITUTE
### SENATE BILL 142 ON THIRD READING

Senator West moved that Senate Rule 7.18 and the Constitutional Rule requiring bills to be read on three several days be suspended and that **CSSB 142** be placed on its third reading and final passage.

The motion prevailed by the following vote: Yeas 30, Nays 1.

Nays: Wentworth.

### Reason for Vote

Senator Wentworth submitted the following reason for vote on suspension of the Constitutional Three-day Rule:

I cast a "No" vote on the procedural motion to suspend the Constitutional Rule requiring that bills be read on three several days in order to take up and consider **CSSB 142**, because in my judgment no circumstance exists in this case to justify the extraordinary act of suspending a requirement of the Texas Constitution. The suspension of this Constitutional Rule has the direct and immediate effect of denying the people of Texas knowledge and notice of the passage of this measure until it has already been finally passed on third reading. Were we to have followed the requirement of the Texas Constitution, third reading and a vote on **CSSB 142** would have occurred on the next legislative day, allowing for Texans to have learned through news reports of our second reading vote exactly what we had tentatively passed. Third reading and a vote on the next legislative day would also have allowed our professional staff an opportunity overnight to make sure any amendments passed on second reading are technically correct.

WENTWORTH

The bill was read third time and was passed by the following vote: Yeas 31, Nays 0.

### GUESTS PRESENTED

Senator Williams was recognized and introduced to the Senate a Montgomery County Teen Republicans delegation.

The Senate welcomed its guests.

TX_00001212
JA_002813

Case 2:13-cv-00193 Document 661-8 Filed on 11/11/14 in TXSD Page 57 of 66
e 1:12-cv-00128-RMC-DST-RLW Document 209-1 Filed 06/20/12 Page 243 of
Tuesday, April 5, 2011          SENATE JOURNAL          9539

## MESSAGE FROM THE HOUSE

HOUSE CHAMBER
Austin, Texas
Tuesday, April 5, 2011 - 1

The Honorable President of the Senate
Senate Chamber
Austin, Texas

Mr. President:

I am directed by the House to inform the Senate that the House has taken the following action:

THE HOUSE HAS PASSED THE FOLLOWING MEASURES:

**HCR 68**                              Hunter
Requesting the lieutenant governor and the speaker of the house of representatives to create a joint interim committee to study human trafficking in Texas.

Respectfully,

/s/Robert Haney, Chief Clerk
House of Representatives

### SENATE BILL 1702 ON SECOND READING

On motion of Senator Williams and by unanimous consent, the regular order of business was suspended to take up for consideration **SB 1702** at this time on its second reading:

**SB 1702**, Relating to the establishment of a task force to enhance the prosecution and tracking of money laundering in this state.

The bill was read second time and was passed to engrossment by a viva voce vote.

All Members are deemed to have voted "Yea" on the passage to engrossment.

### SENATE BILL 1702 ON THIRD READING

Senator Williams moved that Senate Rule 7.18 and the Constitutional Rule requiring bills to be read on three several days be suspended and that **SB 1702** be placed on its third reading and final passage.

The motion prevailed by the following vote:  Yeas 30, Nays 1.

Nays:  Wentworth.

#### Reason for Vote

Senator Wentworth submitted the following reason for vote on suspension of the Constitutional Three-day Rule:

I cast a "No" vote on the procedural motion to suspend the Constitutional Rule requiring that bills be read on three several days in order to take up and consider **SB 1702**, because in my judgment no circumstance exists in this case to justify the extraordinary act of suspending a requirement of the Texas Constitution.  The

TX_00001213
JA_002814

Case 2:13-cv-00193 Document 661-8 Filed on 11/11/14 in TXSD Page 58 of 66
e 1:12-cv-00128-RMC-DST-RLW Document 209-1 Filed 06/20/12 Page 244 of
934                    82nd Legislature — Regular Session            37th Day

suspension of this Constitutional Rule has the direct and immediate effect of denying the people of Texas knowledge and notice of the passage of this measure until it has already been finally passed on third reading. Were we to have followed the requirement of the Texas Constitution, third reading and a vote on **SB 1702** would have occurred on the next legislative day, allowing for Texans to have learned through news reports of our second reading vote exactly what we had tentatively passed. Third reading and a vote on the next legislative day would also have allowed our professional staff an opportunity overnight to make sure any amendments passed on second reading are technically correct.

WENTWORTH

The bill was read third time and was passed by the following vote: Yeas 31, Nays 0.

**COMMITTEE SUBSTITUTE**
**SENATE BILL 1230 ON SECOND READING**

On motion of Senator Estes and by unanimous consent, the regular order of business was suspended to take up for consideration **CSSB 1230** at this time on its second reading:

**CSSB 1230**, Relating to the construction and operation of combined heating and power facilities in certain municipalities.

The bill was read second time and was passed to engrossment by a viva voce vote.

All Members are deemed to have voted "Yea" on the passage to engrossment.

**COMMITTEE SUBSTITUTE**
**SENATE BILL 1230 ON THIRD READING**

Senator Estes moved that Senate Rule 7.18 and the Constitutional Rule requiring bills to be read on three several days be suspended and that **CSSB 1230** be placed on its third reading and final passage.

The motion prevailed by the following vote: Yeas 30, Nays 1.

Nays: Wentworth.

**Reason for Vote**

Senator Wentworth submitted the following reason for vote on suspension of the Constitutional Three-day Rule:

I cast a "No" vote on the procedural motion to suspend the Constitutional Rule requiring that bills be read on three several days in order to take up and consider **CSSB 1230**, because in my judgment no circumstance exists in this case to justify the extraordinary act of suspending a requirement of the Texas Constitution. The suspension of this Constitutional Rule has the direct and immediate effect of denying the people of Texas knowledge and notice of the passage of this measure until it has already been finally passed on third reading. Were we to have followed the requirement of the Texas Constitution, third reading and a vote on **CSSB 1230** would have occurred on the next legislative day, allowing for Texans to have learned through

TX_00001214
## JA_002815

Case 2:13-cv-00193 Document 661-8 Filed on 11/11/14 in TXSD Page 59 of 66
e 1:12-cv-00128-RMC-DST-RLW Document 209-1 Filed 06/20/12 Page 245 of

Tuesday, April 5, 2011                    SENATE JOURNAL                                933

news reports of our second reading vote exactly what we had tentatively passed. Third reading and a vote on the next legislative day would also have allowed our professional staff an opportunity overnight to make sure any amendments passed on second reading are technically correct.

WENTWORTH

The bill was read third time and was passed by the following vote: Yeas 31, Nays 0.

## COMMITTEE SUBSTITUTE
## SENATE BILL 27 ON SECOND READING

Senator Zaffirini moved to suspend the regular order of business to take up for consideration **CSSB 27** at this time on its second reading:

**CSSB 27**, Relating to policies of school districts and open-enrollment charter schools for the care of certain students at risk for anaphylaxis.

The motion prevailed.

Senator Ogden asked to be recorded as voting "Nay" on suspension of the regular order of business.

The bill was read second time and was passed to engrossment by a viva voce vote.

All Members are deemed to have voted "Yea" on the passage to engrossment except as follows:

Nays: Ogden.

## COMMITTEE SUBSTITUTE
## SENATE BILL 27 ON THIRD READING

Senator Zaffirini moved that Senate Rule 7.18 and the Constitutional Rule requiring bills to be read on three several days be suspended and that **CSSB 27** be placed on its third reading and final passage.

The motion prevailed by the following vote: Yeas 29, Nays 2.

Yeas: Birdwell, Carona, Davis, Deuell, Duncan, Ellis, Eltife, Estes, Fraser, Gallegos, Harris, Hegar, Hinojosa, Huffman, Jackson, Lucio, Nelson, Nichols, Patrick, Rodriguez, Seliger, Shapiro, Uresti, Van de Putte, Watson, West, Whitmire, Williams, Zaffirini.

Nays: Ogden, Wentworth.

### Reason for Vote

Senator Wentworth submitted the following reason for vote on suspension of the Constitutional Three-day Rule:

I cast a "No" vote on the procedural motion to suspend the Constitutional Rule requiring that bills be read on three several days in order to take up and consider **CSSB 27**, because in my judgment no circumstance exists in this case to justify the extraordinary act of suspending a requirement of the Texas Constitution. The suspension of this Constitutional Rule has the direct and immediate effect of denying

TX_00001215<br>
JA_002816

TX_00001215

USA_00017698

the people of Texas knowledge and notice of the passage of this measure until it has already been finally passed on third reading.  Were we to have followed the requirement of the Texas Constitution, third reading and a vote on **CSSB 27** would have occurred on the next legislative day, allowing for Texans to have learned through news reports of our second reading vote exactly what we had tentatively passed. Third reading and a vote on the next legislative day would also have allowed our professional staff an opportunity overnight to make sure any amendments passed on second reading are technically correct.

WENTWORTH

The bill was read third time and was passed by the following vote: Yeas 30, Nays 1.

Nays:  Ogden.

**SENATE BILL 153 ON SECOND READING**

On motion of Senator Huffman and by unanimous consent, the regular order of business was suspended to take up for consideration **SB 153** at this time on its second reading:

**SB 153**, Relating to the authority of a judge to suspend the imposition of a sentence and place a defendant on community supervision.

The bill was read second time.

Senator Huffman offered the following amendment to the bill:

**Floor Amendment No. 1**

Amend **SB 153** (senate committee report) in SECTION 1 of the bill in amended Article 42.12(a), Code of Criminal Procedure (page 1, line 18), between "." and "<u>A</u>", insert "<u>Where a defendant elects to have the jury assess the sentence,</u>"

The amendment to **SB 153** was read and was adopted by a viva voce vote.

All Members are deemed to have voted "Yea" on the adoption of Floor Amendment No. 1.

On motion of Senator Huffman and by unanimous consent, the caption was amended to conform to the body of the bill as amended.

**SB 153** as amended was passed to engrossment by a viva voce vote.

All Members are deemed to have voted "Yea" on the passage to engrossment.

**SENATE BILL 153 ON THIRD READING**

Senator Huffman moved that Senate Rule 7.18 and the Constitutional Rule requiring bills to be read on three several days be suspended and that **SB 153** be placed on its third reading and final passage.

The motion prevailed by the following vote: Yeas 30, Nays 1.

Nays:  Wentworth.

TX_00001216

JA_002817

TX_00001216

USA_00017699

### Reason for Vote

Senator Wentworth submitted the following reason for vote on suspension of the Constitutional Three-day Rule:

I cast a "No" vote on the procedural motion to suspend the Constitutional Rule requiring that bills be read on three several days in order to take up and consider **SB 153**, because in my judgment no circumstance exists in this case to justify the extraordinary act of suspending a requirement of the Texas Constitution. The suspension of this Constitutional Rule has the direct and immediate effect of denying the people of Texas knowledge and notice of the passage of this measure until it has already been finally passed on third reading. Were we to have followed the requirement of the Texas Constitution, third reading and a vote on **SB 153** would have occurred on the next legislative day, allowing for Texans to have learned through news reports of our second reading vote exactly what we had tentatively passed. Third reading and a vote on the next legislative day would also have allowed our professional staff an opportunity overnight to make sure any amendments passed on second reading are technically correct.

WENTWORTH

The bill was read third time and was passed by the following vote: Yeas 31, Nays 0.

### COMMITTEE SUBSTITUTE
### SENATE BILL 597 ON SECOND READING

On motion of Senator Shapiro and by unanimous consent, the regular order of business was suspended to take up for consideration **CSSB 597** at this time on its second reading:

**CSSB 597**, Relating to the guarantee of open-enrollment charter school bonds by the permanent school fund.

The bill was read second time and was passed to engrossment by a viva voce vote.

All Members are deemed to have voted "Yea" on the passage to engrossment.

### COMMITTEE SUBSTITUTE
### SENATE BILL 597 ON THIRD READING

Senator Shapiro moved that Senate Rule 7.18 and the Constitutional Rule requiring bills to be read on three several days be suspended and that **CSSB 597** be placed on its third reading and final passage.

The motion prevailed by the following vote: Yeas 30, Nays 1.

Nays:  Wentworth.

### Reason for Vote

Senator Wentworth submitted the following reason for vote on suspension of the Constitutional Three-day Rule:

TX_00001217
## JA_002818

TX_00001217

USA_00017700

Case 2:13-cv-00193 Document 661-8 Filed on 11/11/14 in TXSD Page 62 of 66
e 1:12-cv-00128-RMC-DST-RLW Document 209-1 Filed 06/20/12 Page 248 of

938          82nd Legislature — Regular Session          37th Day

I cast a "No" vote on the procedural motion to suspend the Constitutional Rule requiring that bills be read on three several days in order to take up and consider **CSSB 597**, because in my judgment no circumstance exists in this case to justify the extraordinary act of suspending a requirement of the Texas Constitution. The suspension of this Constitutional Rule has the direct and immediate effect of denying the people of Texas knowledge and notice of the passage of this measure until it has already been finally passed on third reading. Were we to have followed the requirement of the Texas Constitution, third reading and a vote on **CSSB 597** would have occurred on the next legislative day, allowing for Texans to have learned through news reports of our second reading vote exactly what we had tentatively passed. Third reading and a vote on the next legislative day would also have allowed our professional staff an opportunity overnight to make sure any amendments passed on second reading are technically correct.

WENTWORTH

The bill was read third time and was passed by the following vote: Yeas 31, Nays 0.

**MOTION TO PLACE**
**SENATE BILL 1308 ON SECOND READING**

Senator Seliger moved to suspend the regular order of business to take up for consideration **SB 1308** at this time on its second reading:

**SB 1308**, Relating to the standards for attorneys representing indigent defendants in capital cases.

Senator Seliger withdrew the motion to suspend the regular order of business.

**COMMITTEE SUBSTITUTE**
**SENATE BILL 626 ON SECOND READING**

On motion of Senator Carona and by unanimous consent, the regular order of business was suspended to take up for consideration **CSSB 626** at this time on its second reading:

**CSSB 626**, Relating to lottery winnings, including assignment of winnings, periodic payments of winnings, and the deduction of child support delinquency amounts from winnings paid to a prize winner.

The bill was read second time and was passed to engrossment by a viva voce vote.

All Members are deemed to have voted "Yea" on the passage to engrossment.

**COMMITTEE SUBSTITUTE**
**SENATE BILL 626 ON THIRD READING**

Senator Carona moved that Senate Rule 7.18 and the Constitutional Rule requiring bills to be read on three several days be suspended and that **CSSB 626** be placed on its third reading and final passage.

The motion prevailed by the following vote: Yeas 30, Nays 1.

Nays: Wentworth.

TX_00001218
JA_002819

### Reason for Vote

Senator Wentworth submitted the following reason for vote on suspension of the Constitutional Three-day Rule:

I cast a "No" vote on the procedural motion to suspend the Constitutional Rule requiring that bills be read on three several days in order to take up and consider **CSSB 626**, because in my judgment no circumstance exists in this case to justify the extraordinary act of suspending a requirement of the Texas Constitution. The suspension of this Constitutional Rule has the direct and immediate effect of denying the people of Texas knowledge and notice of the passage of this measure until it has already been finally passed on third reading. Were we to have followed the requirement of the Texas Constitution, third reading and a vote on **CSSB 626** would have occurred on the next legislative day, allowing for Texans to have learned through news reports of our second reading vote exactly what we had tentatively passed. Third reading and a vote on the next legislative day would also have allowed our professional staff an opportunity overnight to make sure any amendments passed on second reading are technically correct.

WENTWORTH

The bill was read third time and was passed by the following vote: Yeas 31, Nays 0.

### SENATE BILL 1308 ON SECOND READING

Senator Seliger again moved to suspend the regular order of business to take up for consideration **SB 1308** at this time on its second reading:

**SB 1308**, Relating to the standards for attorneys representing indigent defendants in capital cases.

The motion prevailed without objection.

The bill was read second time and was passed to engrossment by a viva voce vote.

All Members are deemed to have voted "Yea" on the passage to engrossment.

### SENATE BILL 1308 ON THIRD READING

Senator Seliger moved that Senate Rule 7.18 and the Constitutional Rule requiring bills to be read on three several days be suspended and that **SB 1308** be placed on its third reading and final passage.

The motion prevailed by the following vote: Yeas 30, Nays 1.

Nays: Wentworth.

### Reason for Vote

Senator Wentworth submitted the following reason for vote on suspension of the Constitutional Three-day Rule:

I cast a "No" vote on the procedural motion to suspend the Constitutional Rule requiring that bills be read on three several days in order to take up and consider **SB 1308**, because in my judgment no circumstance exists in this case to justify the

extraordinary act of suspending a requirement of the Texas Constitution.  The suspension of this Constitutional Rule has the direct and immediate effect of denying the people of Texas knowledge and notice of the passage of this measure until it has already been finally passed on third reading.  Were we to have followed the requirement of the Texas Constitution, third reading and a vote on **SB 1308** would have occurred on the next legislative day, allowing for Texans to have learned through news reports of our second reading vote exactly what we had tentatively passed. Third reading and a vote on the next legislative day would also have allowed our professional staff an opportunity overnight to make sure any amendments passed on second reading are technically correct.

WENTWORTH

The bill was read third time and was passed by the following vote: Yeas 31, Nays 0.

## NOTICE GIVEN FOR
## LOCAL AND UNCONTESTED CALENDAR

Senator Eltife announced that a Local and Uncontested Calendar had been furnished to each Member of the Senate.  He then gave notice that the Local and Uncontested Calendar Session would be held at 8:00 a.m. Thursday, April 7, 2011, and that all bills and resolutions would be considered on second and third reading in the order in which they were listed.

## SENATE RULE 11.10(a) SUSPENDED
### (Public Notice of Committee Meetings)

On motion of Senator Williams and by unanimous consent, Senate Rule 11.10(a) was suspended in order that the Finance Subcommittee on Articles VI and VII might meet today.

## CO-AUTHOR OF SENATE BILL 6

On motion of Senator Shapiro, Senator Van de Putte will be shown as Co-author of **SB 6**.

## CO-AUTHOR OF SENATE BILL 27

On motion of Senator Zaffirini, Senator Davis will be shown as Co-author of **SB 27**.

## CO-AUTHORS OF SENATE BILL 142

On motion of Senator West, Senators Davis and Nelson will be shown as Co-authors of **SB 142**.

## CO-AUTHOR OF SENATE BILL 293

On motion of Senator Watson, Senator Nelson will be shown as Co-author of **SB 293**.

## CO-AUTHOR OF SENATE BILL 469

On motion of Senator Nelson, Senator Harris will be shown as Co-author of **SB 469**.

Case 2:13-cv-00193   Document 661-8   Filed on 11/11/14 in TXSD   Page 65 of 66
e 1:12-cv-00128-RMC-DST-RLW   Document 209-1   Filed 06/20/12   Page 251 of
Tuesday, April 5, 2011        SENATE JOURNAL        941

### CO-AUTHOR OF SENATE BILL 915

On motion of Senator Wentworth, Senator West will be shown as Co-author of **SB 915**.

### CO-AUTHOR OF SENATE BILL 1309

On motion of Senator Hinojosa, Senator Eltife will be shown as Co-author of **SB 1309**.

### CO-AUTHOR OF SENATE BILL 1572

On motion of Senator Watson, Senator Ellis will be shown as Co-author of **SB 1572**.

### CO-AUTHOR OF SENATE BILL 1649

On motion of Senator Watson, Senator Davis will be shown as Co-author of **SB 1649**.

### CO-AUTHOR OF SENATE CONCURRENT RESOLUTION 20

On motion of Senator Fraser, Senator Harris will be shown as Co-author of **SCR 20**.

### CO-AUTHOR OF SENATE CONCURRENT RESOLUTION 36

On motion of Senator Williams, Senator Watson will be shown as Co-author of **SCR 36**.

### RESOLUTIONS OF RECOGNITION

The following resolutions were adopted by the Senate:

#### Congratulatory Resolutions

**SR 703** by Hinojosa, Commending the Veterans Band of Corpus Christi and the Port of Corpus Christi for hosting an event for Vietnam veterans from South Texas.

**SR 711** by Wentworth, Uresti, Van de Putte, and Zaffirini, Recognizing the groups and individuals who make possible Fiesta San Antonio.

**SR 712** by Fraser, Recognizing the Students In Free Enterprise team from Central Texas College in Killeen for winning its 15th consecutive regional championship.

#### Official Designation Resolutions

**SR 702** by Hinojosa, Recognizing the Alice Evening Lions Club's Barbeque Turkey Throwdown Cook-off as a Texas State Barbecue Championship competition.

**SR 705** by Uresti, Recognizing Winkler County Day at the State Capitol.

**SR 706** by Uresti, Celebrating Kinney County Day at the State Capitol.

**SR 708** by Uresti, Proclaiming May 2011 as Community Action Month in the State of Texas.

**SR 709** by Nelson and Uresti, Proclaiming April of 2011 to be Child Abuse Prevention Month in Texas.

**SR 710** by Nelson, Celebrating April 6, 2011, as National Start! Walking Day.

TX_00001221
USA_00017704

## ADJOURNMENT

On motion of Senator Whitmire, the Senate at 1:05 p.m. adjourned, in memory of Sergio Shearer and Flavia Hernandez, Senator Gallegos' aunt, until 11:00 a.m. tomorrow.

## APPENDIX

### COMMITTEE REPORTS

The following committee reports were received by the Secretary of the Senate in the order listed:

April 5, 2011

TRANSPORTATION AND HOMELAND SECURITY — **CSSB 565**

NATURAL RESOURCES — **SB 1625**

FINANCE — **CSSB 758, SJR 12, SJR 16**

ADMINISTRATION — **SB 1338**

STATE AFFAIRS — **SJR 37, SB 1545**

CRIMINAL JUSTICE — **CSSB 354**

AGRICULTURE AND RURAL AFFAIRS — **SB 897, SB 1044, SB 1157**

INTERNATIONAL RELATIONS AND TRADE — **SB 1462, SB 1364**

### BILLS ENGROSSED

April 4, 2011

**SB 76, SB 385, SB 497, SB 655, SB 871, SB 875, SB 899, SB 990, SB 1034, SB 1133, SB 1150, SB 1187**

### RESOLUTIONS ENROLLED

April 4, 2011

**SR 379, SR 656, SR 685, SR 686, SR 687, SR 688, SR 690, SR 691, SR 692, SR 694, SR 695, SR 697, SR 698, SR 699, SR 700, SR 704**