PL061
9/2/2014
2:13-cv-00193

# SENATE JOURNAL

## EIGHTY-FIRST LEGISLATURE — REGULAR SESSION

### AUSTIN, TEXAS

### PROCEEDINGS

### TWENTY-SECOND DAY
(Tuesday, March 17, 2009)

The Senate met at 9:10 a.m. pursuant to adjournment and was called to order by the President.

The roll was called and the following Senators were present: Averitt, Carona, Davis, Deuell, Duncan, Ellis, Eltife, Estes, Fraser, Gallegos, Harris, Hegar, Hinojosa, Huffman, Jackson, Lucio, Nelson, Nichols, Ogden, Patrick, Seliger, Shapiro, Shapleigh, Uresti, Van de Putte, Watson, Wentworth, West, Whitmire, Williams, Zaffirini.

The President announced that a quorum of the Senate was present.

The Reverend Dr. Jacquelyn Donald-Mims, Imani Community Church, Austin, offered the invocation as follows:

Good and gracious God, eternal God, our Lord, we praise You for the glory of this outstanding new day, a day of opportunity and a day of the good life. O Lord, we pray, seek, and invite, therefore honor Your presence to superintend the proceedings, deliberation, and the decisions of the session. God, we pray You endow each official with Your wisdom, Your justice, Your will, Your compassion, Your grace, so that there might be for all people of this state and all families, all individuals, a cataclysmic eruption of hope for the future and, certainly, the abundant life that You designed for every life from the very beginning. Continually remind us that they that wait upon the Lord shall renew their strength, they will mount up with wings as eagles, they will run and not be weary, they will walk and not faint. In this we pray, in the name of our lord and savior.  Amen.

Senator Whitmire moved that the reading of the Journal of the proceedings of yesterday be dispensed with and the Journal be approved as printed.

The motion prevailed without objection.

### CO-AUTHOR OF SENATE BILL 9

On motion of Senator Zaffirini, Senator Gallegos will be shown as Co-author of **SB 9**.

### CO-AUTHORS OF SENATE BILL 19

On motion of Senator Patrick, Senators Carona, Eltife, Estes, Hegar, Huffman, Jackson, Nelson, Nichols, and Van de Putte will be shown as Co-authors of **SB 19**.

TX_00002830
USA_00020293

## CO-AUTHOR OF SENATE BILL 21

On motion of Senator Zaffirini, Senator Gallegos will be shown as Co-author of **SB 21**.

## CO-AUTHOR OF SENATE BILL 41

On motion of Senator Zaffirini, Senator Gallegos will be shown as Co-author of **SB 41**.

## CO-AUTHORS OF SENATE BILL 49

On motion of Senator Zaffirini, Senators Gallegos and West will be shown as Co-authors of **SB 49**.

## CO-AUTHOR OF SENATE BILL 89

On motion of Senator Van de Putte, Senator Carona will be shown as Co-author of **SB 89**.

## CO-AUTHORS OF SENATE BILL 90

On motion of Senator Van de Putte, Senators Carona, Gallegos, Lucio, Seliger, Watson, and West will be shown as Co-authors of **SB 90**.

## CO-AUTHOR OF SENATE BILL 182

On motion of Senator Patrick, Senator Lucio will be shown as Co-author of **SB 182**.

## CO-AUTHOR OF SENATE BILL 451

On motion of Senator Van de Putte, Senator West will be shown as Co-author of **SB 451**.

## CO-AUTHOR OF SENATE BILL 499

On motion of Senator Lucio, Senator Gallegos will be shown as Co-author of **SB 499**.

## CO-AUTHORS OF SENATE BILL 605

On motion of Senator Deuell, Senators Carona, Lucio, and Watson will be shown as Co-authors of **SB 605**.

## CO-AUTHOR OF SENATE BILL 688

On motion of Senator Wentworth, Senator Van de Putte will be shown as Co-author of **SB 688**.

## CO-AUTHOR OF SENATE BILL 843

On motion of Senator Uresti, Senator Watson will be shown as Co-author of **SB 843**.

## CO-AUTHOR OF SENATE BILL 1060

On motion of Senator Ellis, Senator Lucio will be shown as Co-author of **SB 1060**.

Case 2:13-cv-00193 Document 662-24 Filed on 11/11/14 in TXSD Page 3 of 72
e 1:12-cv-00128-RMC-DST-RLW Document 213-1 Filed 06/20/12 Page 99 of
Tuesday, March 17, 2009 SENATE JOURNAL 513

### CO-AUTHOR OF SENATE BILL 1146

On motion of Senator Zaffirini, Senator Uresti will be shown as Co-author of **SB 1146**.

### CO-AUTHOR OF SENATE BILL 1425

On motion of Senator Williams, Senator Watson will be shown as Co-author of **SB 1425**.

### CO-AUTHOR OF SENATE BILL 1569

On motion of Senator Eltife, Senator Watson will be shown as Co-author of **SB 1569**.

### CO-AUTHOR OF SENATE BILL 1659

On motion of Senator Averitt, Senator Shapiro will be shown as Co-author of **SB 1659**.

### CO-AUTHOR OF SENATE BILL 1785

On motion of Senator Carona, Senator Wentworth will be shown as Co-author of **SB 1785**.

### CO-AUTHOR OF SENATE BILL 1923

On motion of Senator Watson, Senator Davis will be shown as Co-author of **SB 1923**.

### CO-AUTHOR OF SENATE JOINT RESOLUTION 14

On motion of Senator Wentworth, Senator Zaffirini will be shown as Co-author of **SJR 14**.

### MESSAGE FROM THE HOUSE

HOUSE CHAMBER
Austin, Texas
March 17, 2009

The Honorable President of the Senate
Senate Chamber
Austin, Texas

Mr. President:

I am directed by the House to inform the Senate that the House has taken the following action:

THE HOUSE HAS PASSED THE FOLLOWING MEASURES:

**HCR 63,** Honoring former first lady Laura Bush and welcoming her back to Texas.

**HCR 68,** In memory of Leslie Nix of Clarksville.

**HCR 69,** In memory of Douglas Keith Parsons of Pattonville.

Respectfully,

/s/Robert Haney, Chief Clerk
House of Representatives

## MESSAGES FROM THE GOVERNOR

The following Messages from the Governor were read and were referred to the Committee on Nominations:

Austin, Texas
March 12, 2009

TO THE SENATE OF THE EIGHTY-FIRST LEGISLATURE, REGULAR SESSION:

On March 5, 2009, I submitted the name of Robert E. Tesch for appointment to the Central Texas Regional Mobility Authority for a term to expire February 1, 2011.

Because he resigned, I hereby withdraw this nomination and request that the Senate return the appointment to me.

On January 22, 2009, I submitted the name of Charles Frederick Wilson, Jr., for appointment to the Industrialized Building Code Council for a term to expire February 1, 2010.

Because he resigned, I hereby withdraw his nomination and request that the Senate return the appointment to me.

Respectfully submitted,

/s/Rick Perry
Governor

Austin, Texas
March 13, 2009

TO THE SENATE OF THE EIGHTY-FIRST LEGISLATURE, REGULAR SESSION:

On January 22, 2009, I submitted the name of Thomas H. Gann for appointment to the Angelina and Neches River Authority Board of Directors for a term to expire September 5, 2013.

Because he resigned, I hereby withdraw his nomination and request that the Senate return the appointment to me.

Respectfully submitted,

/s/Rick Perry
Governor

Austin, Texas
March 13, 2009

TO THE SENATE OF THE EIGHTY-FIRST LEGISLATURE, REGULAR SESSION:

I ask the advice, consent and confirmation of the Senate with respect to the following appointments:

To be a member of the Angelina and Neches River Authority Board of Directors for a term to expire September 5, 2013:

Joseph Anderson II
Lufkin, Texas

(Mr. Anderson is replacing Tom Gann who resigned)

TX_00002833
JA_005414

TX_00002833

USA_00020296

To be members of the Texas Department of Housing and Community Affairs for terms to expire January 31, 2015:

C. Kent Conine
Dallas, Texas
(Mr. Conine is being reappointed)

Thomas H. Gann
Lufkin, Texas
(replacing Sonny Flores of Houston whose term expired)

To be members of the Texas Southern University Board of Regents for terms to expire February 1, 2015:

Dionicio "Don" Flores
El Paso, Texas
(replacing E. Javier Loya of Houston whose term expired)

Curtistene McCowan
DeSoto, Texas
(Ms. McCowan is being reappointed)

Tracye McDaniel
Houston, Texas
(Ms. McDaniel is being reappointed)

> Respectfully submitted,
>
> /s/Rick Perry
> Governor
>
> Austin, Texas
> March 16, 2009

TO THE SENATE OF THE EIGHTY-FIRST LEGISLATURE, REGULAR SESSION:

I ask the advice, consent and confirmation of the Senate with respect to the following appointments:

To be members of the Texas Racing Commission for terms to expire February 1, 2015:

Vicki Smith Weinberg
Colleyville, Texas
(replacing Charles Sowell of Houston whose term expired)

Thomas R. Latham
Sunnyvale, Texas
(replacing Jesse Adams of Helotes whose term expired)

> Respectfully submitted,
>
> /s/Rick Perry
> Governor

## MESSAGE FROM THE ATTORNEY GENERAL

The following Message from the Attorney General was read and was referred to the Committee on Nominations:

ATTORNEY GENERAL OF TEXAS
GREG ABBOTT

March 3, 2009

The Honorable Patsy Spaw
Secretary of the Texas Senate
Texas State Capitol
Room 2E.22
1200 Congress Avenue
Austin, Texas 78701

Madam Secretary and Members of the Senate Nominations Committee:

The Office of the Attorney General of Texas has made the following reappointment which requires the advice and consent of the Senate:

To the School Land Board of Texas:
Mr. David Herrmann
6 Renwick Court
San Antonio, Texas  78218

Appointments to the School Land Board by the Attorney General are governed by Section 32.012(a)(3) of the Texas Natural Resources Code.  In February 2007, I appointed Mr. Herrmann for a two-year term that will expire on August 31, 2009.

Should you have any questions regarding this reappointment please contact Amy Jones in my Intergovernmental Relations Division at (512) 936-7940.  The advice, consent, and confirmation of the Senate is requested for this reappointment.

Sincerely,

/s/Greg Abbott
Attorney General of Texas

## PHYSICIAN OF THE DAY

Senator Fraser was recognized and presented Dr. Todd Howell of Fredericksburg as the Physician of the Day.

The Senate welcomed Dr. Howell and thanked him for his participation in the Physician of the Day program sponsored by the Texas Academy of Family Physicians.

## INTRODUCTION OF
## BILLS AND RESOLUTIONS POSTPONED

The President announced that the introduction of bills and resolutions on first reading would be postponed until the end of today's session.

There was no objection.

TX_00002835
JA_005416

TX_00002835

USA_00020298

Case 2:13-cv-00193   Document 662-24   Filed on 11/11/14 in TXSD   Page 7 of 72
e 1:12-cv-00128-RMC-DST-RLW   Document 213-1   Filed 06/20/12   Page 103 of
Tuesday, March 17, 2009   SENATE JOURNAL   5179

## SENATE CONCURRENT RESOLUTION 44

The President laid before the Senate the following resolution:

WHEREAS, The Texas Legislative Council is marking the 60th anniversary of its founding in 2009; and

WHEREAS, Created by statute in 1949, the council was established to gather information for the use of the legislature and to assist in drafting legislation; the agency operates under the guidance of a 14-member governing body composed of the lieutenant governor and the speaker, who serve as joint chairs, together with the chair of the house administration committee, five other state representatives, and six senators; the agency's executive director oversees the council staff, which is organized into six major divisions: administration, document production, information systems, legal, policy and planning, and research; and

WHEREAS, Through the years, the council has continued to evolve to meet the needs of the legislative branch; today, its staff conducts research, drafts legislation, provides computer services, offers technical support for redistricting, produces publications, reports, and maps, and maintains a number of public and legislative websites; moreover, the council is responsible for the engrossing and enrolling of house bills and resolutions and for the distribution of all house documents; additionally, since 1963 the council has been charged with operating a permanent statutory revision program that involves reorganizing the statutes in topical codes, eliminating invalid, duplicative, and other ineffective provisions, and improving the draftsmanship of the law if practicable, and thus far, 25 codes have been adopted; and

WHEREAS, Over the course of its history, the Texas Legislative Council has remained a nonpartisan, professional organization committed to the highest standards of public service, and it is indeed fitting that the agency be recognized for its immeasurable contributions to the Lone Star State; now, therefore, be it

RESOLVED, That the 81st Legislature of the State of Texas hereby commemorate the 60th anniversary of the creation of the Texas Legislative Council and extend to the council and its staff sincere appreciation for their exemplary efforts.

NELSON

**SCR 44** was read.

On motion of Senator Nelson, the resolution was considered immediately and was adopted by a viva voce vote.

All Members are deemed to have voted "Yea" on the adoption of the resolution.

## GUESTS PRESENTED

Senator Nelson was recognized and introduced to the Senate representatives of the Texas Legislative Council: Carolyn Trigg, Debbie Irvine, Kathy Clarkson, and Rita Arneil, accompanied by a delegation of Texas Legislative Council employees.

The Senate welcomed its guests.

TX_00002836
JA_005417

TX_00002836
USA_00020299

## SENATE RESOLUTION 394

Senator Gallegos offered the following resolution:

WHEREAS, The Senate of the State of Texas takes pleasure in recognizing Dr. Joseph S. Galati for his outstanding work as a physician, clinical researcher, and medical director; and

WHEREAS, A native of Long Island, New York, Joseph Galati graduated from Saint George's University School of Medicine and was a resident in internal medicine at State University of New York Health Science Center-Brooklyn and Kings County Hospital Center; he pursued fellowship training in gastroenterology, hepatology, and transplant medicine at the University of Nebraska Medical Center; and

WHEREAS, In 1994, Dr. Galati was recruited by The University of Texas Medical School at Houston, and in 1996, he became medical director of Transplant Hepatology; in 1999, he was named medical director of Saint Luke's Texas Liver Institute, and in 2001, he formed Liver Specialists of Texas, one of America's largest liver practices; and

WHEREAS, He was appointed medical director of the Center of Liver Disease and Transplantation at Methodist Hospital in Houston in 2007; renowned as a clinical researcher, he has conducted numerous studies in viral hepatitis and other forms of liver disease; he has collaborated with colleagues in his field from around the world and is a much-sought-after speaker nationally and internationally; he is also a founding board member of the Texas Liver Coalition; and

WHEREAS, In addition, Dr. Galati is a leader in his community, and for the past five years, he has been working with Clear Channel Radio to create consumer-oriented radio programming that covers topics of health and wellness; now, therefore, be it

RESOLVED, That the Senate of the State of Texas, 81st Legislature, hereby commend Dr. Joseph S. Galati on his exceptional career in the field of liver disease and transplantation and on his many contributions to his profession; and, be it further

RESOLVED, That a copy of this Resolution be prepared for Dr. Galati as an expression of esteem from the Texas Senate.

**SR 394** was read and was adopted without objection.

## GUESTS PRESENTED

Senator Gallegos, joined by Senators Deuell, Whitmire, and Zaffirini, was recognized and introduced to the Senate Dr. Joseph S. Galati; his wife, Geraldine Galati; and his children, Joseph and Elizabeth.

The Senate welcomed its guests.

## CONCLUSION OF MORNING CALL

The President at 9:39 a.m. announced the conclusion of morning call.

## SENATE BILL 362 ON SECOND READING

The President laid before the Senate **SB 362** by Senator Fraser at this time on its second reading (set as special order):

**SB 362**, Relating to requiring a voter to present proof of identification.

The bill was read second time.

## POINT OF ORDER

**Senator West:**  I raise a point of order that this bill not be considered, pursuant to Senate Rule 7.09, more specifically, the fiscal note rule that we commonly refer to, and that it violates the fiscal rule.  Two things, there has been testimony during the hearing that many of the core principles associated with this bill were considered during the 80th legislative session with a similar type bill.  In addition to that, I would raise the issue for consideration specifically under 7.09(f) basically saying that a fiscal note for a bill or joint resolution which authorizes or requires expenditure or diversion of any state funds for any purpose shall estimate the fiscal implications and probable cost of the measure each year.  Yesterday in Finance, the Finance Committee took up and passed a contingency rider for Senate Bill 362 and let me, for purposes of the record, let me read it in here:  Contingent upon the passage of Senate Bill 362, similar legislation relating to requiring a voter to present proof of identification by the 81st Legislature, Regular Session, the Secretary of State is appropriated $2 million for fiscal year 2010 from the General Revenue Fund for voter education.  If indeed the testimony of the Secretary of State is correct as it relates to putting together the fiscal note that LBB has provided for this particular bill, that there's no fiscal implication, then the issue of appropriating $2 million is certainly evidence that there is, in fact, a fiscal note and thus is violative of the particular rule that I just quoted.  And for those reasons, I would ask that this bill not be considered.

## POINT OF ORDER RULING

**President:**  After conferring with you, several other Senators, and the Parliamentarian, Rule 7.09, in my judgment, has been complied with.  Therefore your point of order is overruled.

## POINT OF ORDER AND RULING ORDERED PRINTED

On motion of Senator West and by unanimous consent, his point of order and the ruling by the President were ordered reduced to writing and printed in the *Senate Journal*.

Senator Fraser offered the following amendment to the bill:

## Floor Amendment No. 1

Amend **SB 362** (Senate committee printing) as follows:

(1)  In SECTION 6 of the bill, in amended Section 63.001(b), Election Code (page 1, lines 57-58), strike "the voter's voter registration certificate and either" and substitute "either [the voter's voter registration certificate]".

(2)  In SECTION 8 of the bill, in amended Section 63.007(a), Election Code (page 2, lines 26-27), strike "a voter registration certificate indicating that" and substitute "documentation required under Section 63.001(b) that indicates [a voter registration certificate indicating that]".

(3)  In SECTION 8 of the bill, in amended Section 63.007(a), Election Code (page 2, lines 31-32), strike "presented under Section 63.001(b)".

(4)  Strike SECTION 9 of the bill (page 2, lines 44-55).

TX_00002838
JA_005419

TX_00002838

USA_00020301

Case 2:13-cv-00193 Document 662-24 Filed on 11/11/14 in TXSD Page 10 of 72
e 1:12-cv-00128-RMC-DST-RLW Document 213-1 Filed 06/20/12 Page 106 of
520                        81st Legislature — Regular Session                        22nd Day

(5) In SECTION 10 of the bill, in proposed Section 63.0101(b)(1), Election Code (page 3, line 21), following "(1)", insert "the voter's voter registration certificate or".

(6) In SECTION 11 of the bill, in amended Section 63.011(a), Election Code (page 3, lines 52-53), strike "63.001(g), 63.008(b), or 63.009(a)" and substitute "63.001(g) [63.008(b) or 63.009(a)]".

(7) Insert the following appropriately numbered SECTIONS:

SECTION ____. Effective January 1, 2010, Section 63.0011(a), Election Code, is amended to read as follows:

(a) Before a voter may be accepted for voting, an election officer shall ask the voter if the voter's residence address on the precinct list of registered voters is current and whether the voter has changed residence within the county. If the voter's address is omitted from the precinct list under Section 18.005(c), the officer shall ask the voter if the voter's residence as listed on identification presented by the voter under Section 63.001(b) [the voter's voter registration certificate] is current and whether the voter has changed residence within the county.

SECTION ____. Effective January 1, 2010, Sections 63.008 and 63.009, Election Code, are repealed.

(8) Renumber the SECTIONS of the bill accordingly, and in SECTION 14(b) of the bill (page 4, lines 20-21), correct the cross-references to the SECTIONS of the bill accordingly.

The amendment to **SB 362** was read and was adopted by the following vote: Yeas 31, Nays 0.

Senator Fraser offered the following amendment to the bill:

**Floor Amendment No. 2**

Amend **SB 362** (Senate committee printing) by striking SECTION 2 of the bill (page 1, lines 20-27), and substituting the following:

SECTION 2. Subchapter A, Chapter 31, Election Code, is amended by adding Section 31.012 to read as follows:

Sec. 31.012. VOTER IDENTIFICATION EDUCATION. (a) The secretary of state and the voter registrar of each county that maintains a website shall provide notice of the identification requirements for voting prescribed by Chapter 63 on each entity's respective website. The secretary of state shall prescribe the wording of the notice to be included on the websites.

(b) The secretary of state, in cooperation with appropriate nonprofit organizations as determined by the secretary of state and with each party whose nominee for governor in the most recent gubernatorial general election received 20 percent or more of the total number of votes received by all candidates for governor in the election, shall establish a statewide effort to educate voters regarding the identification requirements for voting prescribed by Chapter 63. The secretary of state may use any available funds, including federal funds, for the purposes of this section.

**(Senator Carona in Chair)**

The amendment to **SB 362** was read and was adopted by the following vote: Yeas 19, Nays 12.

TX_00002839

USA_00020302

Yeas: Averitt, Carona, Deuell, Duncan, Eltife, Estes, Fraser, Harris, Hegar, Huffman, Jackson, Nelson, Nichols, Ogden, Patrick, Seliger, Shapiro, Wentworth, Williams.

Nays: Davis, Ellis, Gallegos, Hinojosa, Lucio, Shapleigh, Uresti, Van de Putte, Watson, West, Whitmire, Zaffirini.

### (President in Chair)

On motion of Senator Fraser and by unanimous consent, the caption was amended to conform to the body of the bill as amended.

**SB 362** as amended was passed to engrossment by the following vote: Yeas 19, Nays 12.

Yeas: Averitt, Carona, Deuell, Duncan, Eltife, Estes, Fraser, Harris, Hegar, Huffman, Jackson, Nelson, Nichols, Ogden, Patrick, Seliger, Shapiro, Wentworth, Williams.

Nays: Davis, Ellis, Gallegos, Hinojosa, Lucio, Shapleigh, Uresti, Van de Putte, Watson, West, Whitmire, Zaffirini.

### REMARKS ORDERED PRINTED

On motion of Senator Williams and by unanimous consent, his remarks and exhibits regarding **SB 362** were ordered reduced to writing and printed in the *Senate Journal*.

The remarks will be printed in an addendum to this day's journal.

On motion of Senator Shapleigh and by unanimous consent, all other remarks regarding **SB 362** were ordered reduced to writing and printed in the *Senate Journal*.

The remarks will be printed in an addendum to this day's journal.

### GUEST PRESENTED

Senator Zaffirini was recognized and introduced to the Senate Brennan Mohrer, her nephew and a student at United Day School in Laredo, serving today as an Honorary Senate Page.

The Senate welcomed its guest.

### GUESTS PRESENTED

Senator Van de Putte was recognized and introduced to the Senate Angel Ortiz and Andrew Villarreal, students at Central Catholic High School in San Antonio, serving today as Honorary Senate Pages.

The Senate welcomed its guests.

### GUESTS PRESENTED

Senator Huffman was recognized and introduced to the Senate a delegation of students from The University of Texas Medical Branch at Galveston.

The Senate welcomed its guests.

## GUESTS PRESENTED

Senator Ellis, joined by Senator Shapiro, was recognized and introduced to the Senate a delegation representing Teach For America, Incorporated.

The Senate welcomed its guests.

## MESSAGE FROM THE HOUSE

### HOUSE CHAMBER
Austin, Texas
March 17, 2009

The Honorable President of the Senate
Senate Chamber
Austin, Texas

Mr. President:

I am directed by the House to inform the Senate that the House has taken the following action:

THE HOUSE HAS PASSED THE FOLLOWING MEASURES:

**HCR 97,** Welcoming German exchange student Carolin Bosche on the occasion of her visit to the State Capitol on March 16 and 17, 2009.

**HCR 98,** Commending Michael William Heskett for his 26 years of service to the Texas State Library and Archives Commission.

Respectfully,

/s/Robert Haney, Chief Clerk
House of Representatives

## GUESTS PRESENTED

Senator West was recognized and introduced to the Senate Pastor Anthony Noland, Sr., accompanied by a delegation representing Paradise Missionary Baptist Church in Dallas.

The Senate welcomed its guests.

## COMMITTEE SUBSTITUTE
## SENATE BILL 90 ON SECOND READING

On motion of Senator Van de Putte and by unanimous consent, the regular order of business was suspended to take up for consideration **CSSB 90** at this time on its second reading:

**CSSB 90,** Relating to adoption of the Interstate Compact on Educational Opportunity for Military Children.

The bill was read second time.

TX_00002841
JA_005422

Senator Van de Putte offered the following amendment to the bill:

**Floor Amendment No. 1**

Amend **CSSB 90** (committee printing) by striking all text below the enacting clause and substituting the following:

SECTION 1. Title 4, Education Code, is amended by adding Chapter 162 to read as follows:

CHAPTER 162. INTERSTATE COMPACT ON EDUCATIONAL OPPORTUNITY FOR MILITARY CHILDREN

Sec. 162.001. DEFINITIONS. In this chapter:

(1) "Compact" means the Interstate Compact on Educational Opportunity for Military Children executed under Section 162.002.

(2) "Compact commissioner" means the individual appointed under Section 162.004.

Sec. 162.002. EXECUTION OF COMPACT. This state enacts the Interstate Compact on Educational Opportunity for Military Children and enters into the compact with all other states legally joining in the compact in substantially the following form:

INTERSTATE COMPACT ON EDUCATIONAL OPPORTUNITY FOR MILITARY CHILDREN

ARTICLE I. PURPOSE

It is the purpose of this compact to remove barriers to educational success imposed on children of military families because of frequent moves and deployment of their parents by:

A. Facilitating the timely enrollment of children of military families and ensuring that they are not placed at a disadvantage due to difficulty in the transfer of education records from the previous school district(s) or variations in entrance/age requirements.

B. Facilitating the student placement process through which children of military families are not disadvantaged by variations in attendance requirements, scheduling, sequencing, grading, course content or assessment.

C. Facilitating the qualification and eligibility for enrollment, educational programs, and participation in extracurricular academic, athletic, and social activities.

D. Facilitating the on-time graduation of children of military families.

E. Providing for the promulgation and enforcement of administrative rules implementing the provisions of this compact.

F. Providing for the uniform collection and sharing of information between and among member states, schools, and military families under this compact.

G. Promoting coordination between this compact and other compacts affecting military children.

H. Promoting flexibility and cooperation between the educational system, parents, and the student in order to achieve educational success for the student.

ARTICLE II. DEFINITIONS

As used in this compact, unless the context clearly requires a different construction:

TX_00002842
JA_005423

A. "Active duty" means: full-time duty status in the active uniformed service of the United States, including members of the National Guard and Reserve on active duty orders pursuant to 10 U.S.C. Sections 1209 and 1211.

B. "Children of military families" means: a school-aged child(ren), enrolled in kindergarten through twelfth (12th) grade, in the household of an active duty member.

C. "Compact commissioner" means: the voting representative of each compacting state appointed pursuant to Article VIII of this compact.

D. "Deployment" means: the period one (1) month prior to the service members' departure from their home station on military orders through six (6) months after return to their home station.

E. "Education(al) records" means: those official records, files, and data directly related to a student and maintained by the school or local education agency, including but not limited to records encompassing all the material kept in the student's cumulative folder such as general identifying data, records of attendance and of academic work completed, records of achievement and results of evaluative tests, health data, disciplinary status, test protocols, and individualized education programs.

F. "Extracurricular activities" means: a voluntary activity sponsored by the school or local education agency or an organization sanctioned by the local education agency. Extracurricular activities include, but are not limited to, preparation for and involvement in public performances, contests, athletic competitions, demonstrations, displays, and club activities.

G. "Interstate Commission on Educational Opportunity for Military Children" means: the commission that is created under Article IX of this compact, which is generally referred to as Interstate Commission.

H. "Local education agency" means: a public authority legally constituted by the state as an administrative agency to provide control of and direction for kindergarten through twelfth (12th) grade public educational institutions.

I. "Member state" means: a state that has enacted this compact.

J. "Military installation" means: a base, camp, post, station, yard, center, homeport facility for any ship, or other activity under the jurisdiction of the Department of Defense, including any leased facility, which is located within any of the several states, the District of Columbia, the Commonwealth of Puerto Rico, the United States Virgin Islands, Guam, American Samoa, the Northern Marianas Islands and any other United States territory. Such term does not include any facility used primarily for civil works, rivers and harbors projects, or flood control projects.

K. "Non-member state" means: a state that has not enacted this compact.

L. "Receiving state" means: the state to which a child of a military family is sent, brought, or caused to be sent or brought.

M. "Rule" means: a written statement by the Interstate Commission promulgated pursuant to Article XII of this compact that is of general applicability, implements, interprets, or prescribes a policy or provision of the compact, or an organizational, procedural, or practice requirement of the Interstate Commission, and has the force and effect of statutory law in a member state, and includes the amendment, repeal, or suspension of an existing rule.

TX_00002843
JA_005424

TX_00002843

USA_00020306

Case 2:13-cv-00193 Document 662-24 Filed on 11/11/14 in TXSD Page 15 of 72
e 1:12-cv-00128-RMC-DST-RLW Document 213-1 Filed 06/20/12 Page 111 of
Tuesday, March 17, 2009 SENATE JOURNAL 523

N. "Sending state" means: the state from which a child of a military family is sent, brought, or caused to be sent or brought.

O. "State" means: a state of the United States, the District of Columbia, the Commonwealth of Puerto Rico, the United States Virgin Islands, Guam, American Samoa, the Northern Marianas Islands and any other United States territory.

P. "Student" means: the child of a military family for whom the local education agency receives public funding and who is formally enrolled in kindergarten through twelfth (12th) grade.

Q. "Transition" means: (1) the formal and physical process of transferring from school to school; or (2) the period of time in which a student moves from one school in the sending state to another school in the receiving state.

R. "Uniformed service(s)" means: the Army, Navy, Air Force, Marine Corps, Coast Guard, as well as the Commissioned Corps of the National Oceanic and Atmospheric Administration, and Public Health Services.

S. "Veteran" means: a person who served in the uniformed services and who was discharged or released therefrom under conditions other than dishonorable.

## ARTICLE III. APPLICABILITY

A. Except as otherwise provided in Section B, this compact shall apply to the children of:

1. active duty members of the uniformed services as defined in this compact, including members of the National Guard and Reserve on active duty orders pursuant to 10 U.S.C. Sections 1209 and 1211;

2. members or veterans of the uniformed services who are severely injured and medically discharged or retired for a period of one (1) year after medical discharge or retirement; and

3. members of the uniformed services who die on active duty or as a result of injuries sustained on active duty for a period of one (1) year after death.

B. The provisions of this interstate compact shall only apply to local education agencies as defined in this compact.

C. The provisions of this compact shall not apply to the children of:

1. inactive members of the national guard and military reserves;

2. members of the uniformed services now retired, except as provided in Section A;

3. veterans of the uniformed services, except as provided in Section A; and

4. other U.S. Department of Defense personnel and other federal agency civilian and contract employees not defined as active duty members of the uniformed services.

## ARTICLE IV. EDUCATIONAL RECORDS AND ENROLLMENT

A. Unofficial or "hand-carried" education records–In the event that official education records cannot be released to the parents for the purpose of transfer, the custodian of the records in the sending state shall prepare and furnish to the parent a complete set of unofficial education records containing uniform information as determined by the Interstate Commission. Upon receipt of the unofficial education records by a school in the receiving state, the school shall enroll and appropriately place the student based on the information provided in the unofficial records pending validation by the official records, as quickly as possible.

Case 2:13-cv-00193   Document 662-24   Filed on 11/11/14 in TXSD   Page 16 of 72
e 1:12-cv-00128-RMC-DST-RLW   Document 213-1   Filed 06/20/12   Page 112 of
526                           81st Legislature — Regular Session                    22nd  Day

B.  Official education records/transcripts–Simultaneous with the enrollment and conditional placement of the student, the school in the receiving state shall request the student's official education record from the school in the sending state. Upon receipt of this request, the school in the sending state will process and furnish the official education records to the school in the receiving state within ten (10) days or within such time as is reasonably determined under the rules promulgated by the Interstate Commission.

C.  Immunizations–Compacting states shall give thirty (30) days from the date of enrollment or within such time that does not exceed thirty (30) days as is reasonably determined under the rules promulgated by the Interstate Commission, for students to obtain any immunization(s) required by the receiving state. For a series of immunizations, initial vaccinations must be obtained within thirty (30) days or within such time that does not exceed thirty (30) days as is reasonably determined under the rules promulgated by the Interstate Commission.  The collection and exchange of information pertaining to immunizations shall be subject to confidentiality provisions prescribed by federal law.

D.  Kindergarten and first grade entrance age–Students shall be allowed to continue their enrollment at grade level in the receiving state commensurate with their grade level (including kindergarten) from a local education agency in the sending state at the time of transition, regardless of age. A student that has satisfactorily completed the prerequisite grade level in the local education agency in the sending state shall be eligible for enrollment in the next highest grade level in the receiving state, regardless of age. A student transferring after the start of the school year in the receiving state shall enter the school in the receiving state on their validated level from an accredited school in the sending state.

ARTICLE V.  PLACEMENT AND ATTENDANCE

A.  Course placement–When the student transfers before or during the school year, the receiving state school shall initially honor placement of the student in educational courses based on the student's enrollment in the sending state school and/or educational assessments conducted at the school in the sending state if the courses are offered. Course placement includes but is not limited to honors, international baccalaureate, advanced placement, vocational, technical, and career pathways courses. Continuing the student's academic program from the previous school and promoting placement in academically and career challenging courses should be paramount when considering placement. This does not preclude the school in the receiving state from performing subsequent evaluations to ensure appropriate placement and continued enrollment of the student in the course(s).

B.  Educational program placement–The receiving state school shall initially honor placement of the student in educational programs based on current educational assessments conducted at the school in the sending state or participation/placement in like programs in the sending state. Such programs include, but are not limited to: (1) gifted and talented programs; and (2) English as a second language (ESL). This does not preclude the school in the receiving state from performing subsequent evaluations to ensure appropriate placement of the student.

TX_00002845

USA_00020308

Case 2:13-cv-00193 Document 662-24 Filed on 11/11/14 in TXSD Page 17 of 72
e 1:12-cv-00128-RMC-DST-RLW Document 213-1 Filed 06/20/12 Page 113 of
Tuesday, March 17, 2009 SENATE JOURNAL 529

C. Special education services–(1) In compliance with the federal requirements of the Individuals with Disabilities Education Act (IDEA) (20 U.S.C. Section 1400 et seq.), the receiving state shall initially provide comparable services to a student with disabilities based on his/her current Individualized Education Program (IEP); and (2) In compliance with the requirements of Section 504 of the Rehabilitation Act (29 U.S.C.A. Section 794), and with Title II of the Americans with Disabilities Act (42 U.S.C.A. Sections 12131-12165), the receiving state shall make reasonable accommodations and modifications to address the needs of incoming students with disabilities, subject to an existing 504 or Title II Plan, to provide the student with equal access to education. This does not preclude the school in the receiving state from performing subsequent evaluations to ensure appropriate placement of the student.

D. Placement flexibility–Local education agency administrative officials shall have flexibility in waiving course/program prerequisites, or other preconditions for placement in courses/programs offered under the jurisdiction of the local education agency.

E. Absence as related to deployment activities–A student whose parent or legal guardian is an active duty member of the uniformed services, as defined by the compact, and has been called to duty for, is on leave from, or immediately returned from deployment to a combat zone or combat support posting, shall be granted additional excused absences at the discretion of the local education agency superintendent to visit with his or her parent or legal guardian relative to such leave or deployment of the parent or guardian.

## ARTICLE VI. ELIGIBILITY

A. Eligibility for enrollment

1. Special power of attorney, relative to the guardianship of a child of a military family and executed under applicable law, shall be sufficient for the purposes of enrollment and all other actions requiring parental participation and consent.

2. A local education agency shall be prohibited from charging local tuition to a transitioning military child placed in the care of a non-custodial parent or other person standing in loco parentis who lives in a jurisdiction other than that of the custodial parent.

3. A transitioning military child, placed in the care of a non-custodial parent or other person standing in loco parentis who lives in a jurisdiction other than that of the custodial parent, may continue to attend the school in which he/she was enrolled while residing with the custodial parent.

B. Eligibility for extracurricular participation–State and local education agencies shall facilitate the opportunity for transitioning military children's inclusion in extracurricular activities, regardless of application deadlines, to the extent they are otherwise qualified.

## ARTICLE VII. GRADUATION

In order to facilitate the on-time graduation of children of military families, states and local education agencies shall incorporate the following procedures:

A. Waiver requirements–Local education agency administrative officials shall waive specific courses required for graduation if similar coursework has been satisfactorily completed in another local education agency or shall provide reasonable

TX_00002846

USA_00020309

Case 2:13-cv-00193   Document 662-24   Filed on 11/11/14 in TXSD   Page 18 of 72
e 1:12-cv-00128-RMC-DST-RLW   Document 213-1   Filed 06/20/12   Page 114 of
528                          81st Legislature — Regular Session                          22nd Day

justification for denial. Should a waiver not be granted to a student who would qualify to graduate from the sending school, the local education agency shall provide an alternative means of acquiring required coursework so that graduation may occur on time.

B.  Exit exams–States shall accept: (1) exit or end-of-course exams required for graduation from the sending state; or (2) national norm-referenced achievement tests; or (3) alternative testing, in lieu of testing requirements for graduation in the receiving state. In the event the above alternatives cannot be accommodated by the receiving state for a student transferring in his or her senior year, then the provisions of Article VII, Section C, shall apply.

C.  Transfers during senior year–Should a military student transferring at the beginning or during his or her senior year be ineligible to graduate from the receiving local education agency after all alternatives have been considered, the sending and receiving local education agencies shall ensure the receipt of a diploma from the sending local education agency, if the student meets the graduation requirements of the sending local education agency. In the event that one of the states in question is not a member of this compact, the member state shall use best efforts to facilitate the on-time graduation of the student in accordance with Sections A and B of this article.

The commissioner of education shall adopt a passing standard on one or more national norm-referenced achievement tests for purposes of permitting a student to whom this compact applies to meet that standard as a substitute for completing a specific course or achieving a score on an assessment instrument otherwise required by this state for graduation. Each passing standard must be at least as rigorous as the applicable requirement otherwise imposed by this state for graduation, and be consistent with college readiness standards adopted under Section 28.008. Before adopting or revising a passing standard, the commissioner of education must consider any comments submitted by the Texas Higher Education Coordinating Board or the State Board of Education.

A passing standard adopted by the commissioner of education is available only for a student who enrolls in a public school in this state for the first time after completing the ninth grade or who reenrolls in a public school in this state at or above the 10th grade level after an absence of at least two years from the public schools of this state. Each passing standard in effect when a student first enrolls in a public high school in this state remains applicable to the student for the duration of the student's high school enrollment, regardless of any subsequent revision of the standard.

The commissioner of education may adopt rules as necessary to implement the commissioner's duties and authority under this article of the compact.

The Texas Higher Education Coordinating Board shall monitor the postsecondary educational performance in this state of students permitted to graduate in accordance with passing standards adopted by the commissioner of education for purposes of this compact. Based on the educational performance of those students in private and public institutions, the coordinating board shall make recommendations to the commissioner of education regarding appropriate revisions of the passing standards.

Case 2:13-cv-00193 Document 662-24 Filed on 11/11/14 in TXSD Page 19 of 72
e 1:12-cv-00128-RMC-DST-RLW Document 213-1 Filed 06/20/12 Page 115 of
Tuesday, March 17, 2009 SENATE JOURNAL 529

## ARTICLE VIII. STATE COORDINATION

A. Each member state shall, through the creation of a State Council or use of an existing body or board, provide for the coordination among its agencies of government, local education agencies, and military installations concerning the state's participation in, and compliance with, this compact and Interstate Commission activities. While each member state may determine the membership of its own State Council, its membership must include at least: the state superintendent of education, superintendent of a school district with a high concentration of military children, representative from a military installation, one representative each from the legislative and executive branches of government, and other offices and stakeholder groups the State Council deems appropriate. A member state that does not have a school district deemed to contain a high concentration of military children may appoint a superintendent from another school district to represent local education agencies on the State Council.

B. The State Council of each member state shall appoint or designate a military family education liaison to assist military families and the state in facilitating the implementation of this compact.

C. The compact commissioner responsible for the administration and management of the state's participation in the compact shall be appointed by the governor or as otherwise determined by each member state.

D. The compact commissioner and the military family education liaison designated herein shall be ex-officio members of the State Council, unless either is already a full voting member of the State Council.

## ARTICLE IX. INTERSTATE COMMISSION ON EDUCATIONAL OPPORTUNITY FOR MILITARY CHILDREN

The member states hereby create the "Interstate Commission on Educational Opportunity for Military Children." The activities of the Interstate Commission are the formation of public policy and are a discretionary state function. The Interstate Commission shall:

A. Be a body corporate and joint agency of the member states and shall have all the responsibilities, powers, and duties set forth herein, and such additional powers as may be conferred upon it by a subsequent concurrent action of the respective legislatures of the member states in accordance with the terms of this compact.

B. Consist of one Interstate Commission voting representative from each member state who shall be that state's compact commissioner.

1. Each member state represented at a meeting of the Interstate Commission is entitled to one vote.

2. A majority of the total member states shall constitute a quorum for the transaction of business, unless a larger quorum is required by the bylaws of the Interstate Commission.

3. A representative shall not delegate a vote to another member state. In the event the compact commissioner is unable to attend a meeting of the Interstate Commission, the governor or State Council may delegate voting authority to another person from their state for a specified meeting.

4. The bylaws may provide for meetings of the Interstate Commission to be conducted by telecommunication or electronic communication.

C. Consist of ex-officio, non-voting representatives who are members of interested organizations. Such ex-officio members, as defined in the bylaws, may include but not be limited to, members of the representative organizations of military family advocates, local education agency officials, parent and teacher groups, the U.S. Department of Defense, the Education Commission of the States, the Interstate Agreement on the Qualification of Educational Personnel, and other interstate compacts affecting the education of children of military members.

D. Meet at least once each calendar year. The chairperson may call additional meetings and, upon the request of a simple majority of the member states, shall call additional meetings.

E. Establish an executive committee, whose members shall include the officers of the Interstate Commission and such other members of the Interstate Commission as determined by the bylaws. Members of the executive committee shall serve a one year term. Members of the executive committee shall be entitled to one vote each. The executive committee shall have the power to act on behalf of the Interstate Commission, with the exception of rulemaking, during periods when the Interstate Commission is not in session. The executive committee shall oversee the day-to-day activities of the administration of the compact including enforcement and compliance with the provisions of the compact, its bylaws and rules, and other such duties as deemed necessary. The U.S. Department of Defense shall serve as an ex-officio, non-voting member of the executive committee.

F. Establish bylaws and rules that provide for conditions and procedures under which the Interstate Commission shall make its information and official records available to the public for inspection or copying. The Interstate Commission may exempt from disclosure information or official records to the extent they would adversely affect personal privacy rights or proprietary interests.

G. Give public notice of all meetings and all meetings shall be open to the public, except as set forth in the rules or as otherwise provided in the compact. The Interstate Commission and its committees may close a meeting, or portion thereof, where it determines by two-thirds vote that an open meeting would be likely to:

1. Relate solely to the Interstate Commission's internal personnel practices and procedures;

2. Disclose matters specifically exempted from disclosure by federal and state statute;

3. Disclose trade secrets or commercial or financial information which is privileged or confidential;

4. Involve accusing a person of a crime, or formally censuring a person;

5. Disclose information of a personal nature where disclosure would constitute a clearly unwarranted invasion of personal privacy;

6. Disclose investigative records compiled for law enforcement purposes; or

7. Specifically relate to the Interstate Commission's participation in a civil action or other legal proceeding.

H. Shall cause its legal counsel or designee to certify that a meeting may be closed and shall reference each relevant exemptible provision for any meeting, or portion of a meeting, which is closed pursuant to this provision. The Interstate

TX_00002849

USA_00020312

Commission shall keep minutes which shall fully and clearly describe all matters discussed in a meeting and shall provide a full and accurate summary of actions taken, and the reasons therefore, including a description of the views expressed and the record of a roll call vote. All documents considered in connection with an action shall be identified in such minutes. All minutes and documents of a closed meeting shall remain under seal, subject to release by a majority vote of the Interstate Commission.

I.  Shall collect standardized data concerning the educational transition of the children of military families under this compact as directed through its rules which shall specify the data to be collected, the means of collection and data exchange, and reporting requirements. Such methods of data collection, exchange, and reporting shall, in so far as is reasonably possible, conform to current technology and coordinate its information functions with the appropriate custodian of records as identified in the bylaws and rules.

J.  Shall create a process that permits military officials, education officials, and parents to inform the Interstate Commission if and when there are alleged violations of the compact or its rules or when issues subject to the jurisdiction of the compact or its rules are not addressed by the state or local education agency. This section shall not be construed to create a private right of action against the Interstate Commission or any member state.

ARTICLE X.  POWERS AND DUTIES OF THE INTERSTATE COMMISSION

The Interstate Commission shall have the following powers:

A.  To provide for dispute resolution among member states.

B.  To promulgate rules and take all necessary actions to effect the goals, purposes, and obligations as enumerated in this compact. The rules shall have the force and effect of statutory law and shall be binding in the compact states to the extent and in the manner provided in this compact.

C.  To issue, upon request of a member state, advisory opinions concerning the meaning or interpretation of the interstate compact, its bylaws, rules, and actions.

D.  To enforce compliance with the compact provisions, the rules promulgated by the Interstate Commission, and the bylaws, using all necessary and proper means, including but not limited to the use of judicial process.

E.  To establish and maintain offices which shall be located within one or more of the member states.

F.  To purchase and maintain insurance and bonds.

G.  To borrow, accept, hire, or contract for services of personnel.

H.  To establish and appoint committees including, but not limited to, an executive committee as required by Article IX, Section E, which shall have the power to act on behalf of the Interstate Commission in carrying out its powers and duties hereunder.

I.  To elect or appoint such officers, attorneys, employees, agents, or consultants, and to fix their compensation, define their duties, and determine their qualifications; and to establish the Interstate Commission's personnel policies and programs relating to conflicts of interest, rates of compensation, and qualifications of personnel.

J.  To accept any and all donations and grants of money, equipment, supplies, materials, and services, and to receive, utilize, and dispose of it.

TX_00002850

USA_00020313

K. To lease, purchase, accept contributions or donations of, or otherwise to own, hold, improve or use any property, real, personal, or mixed.

L. To sell, convey, mortgage, pledge, lease, exchange, abandon, or otherwise dispose of any property, real, personal or mixed.

M. To establish a budget and make expenditures.

N. To adopt a seal and bylaws governing the management and operation of the Interstate Commission.

O. To report annually to the legislatures, governors, judiciary, and state councils of the member states concerning the activities of the Interstate Commission during the preceding year. Such reports shall also include any recommendations that may have been adopted by the Interstate Commission.

P. To coordinate education, training, and public awareness regarding the compact, its implementation and operation for officials and parents involved in such activity.

Q. To establish uniform standards for the reporting, collecting, and exchanging of data.

R. To maintain corporate books and records in accordance with the bylaws.

S. To perform such functions as may be necessary or appropriate to achieve the purposes of this compact.

T. To provide for the uniform collection and sharing of information between and among member states, schools, and military families under this compact.

ARTICLE XI. ORGANIZATION AND OPERATION OF THE INTERSTATE COMMISSION

A. The Interstate Commission shall, by a majority of the members present and voting, within 12 months after the first Interstate Commission meeting, adopt bylaws to govern its conduct as may be necessary or appropriate to carry out the purposes of the compact, including, but not limited to:

1. Establishing the fiscal year of the Interstate Commission;

2. Establishing an executive committee, and such other committees as may be necessary;

3. Providing for the establishment of committees and for governing any general or specific delegation of authority or function of the Interstate Commission;

4. Providing reasonable procedures for calling and conducting meetings of the Interstate Commission, and ensuring reasonable notice of each such meeting;

5. Establishing the titles and responsibilities of the officers and staff of the Interstate Commission;

6. Providing a mechanism for concluding the operations of the Interstate Commission and the return of surplus funds that may exist upon the termination of the compact after the payment and reserving of all of its debts and obligations;

7. Providing "start up" rules for initial administration of the compact.

B. The Interstate Commission shall, by a majority of the members, elect annually from among its members a chairperson, a vice-chairperson, and a treasurer, each of whom shall have such authority and duties as may be specified in the bylaws. The chairperson or, in the chairperson's absence or disability, the vice-chairperson, shall preside at all meetings of the Interstate Commission. The officers so elected shall serve without compensation or remuneration from the Interstate Commission;

TX_00002851
JA_005432

TX_00002851

USA_00020314

Case 2:13-cv-00193  Document 662-24  Filed on 11/11/14 in TXSD  Page 23 of 72
e 1:12-cv-00128-RMC-DST-RLW  Document 213-1  Filed 06/20/12  Page 119 of
Tuesday, March 17, 2009          SENATE JOURNAL          539

provided that, subject to the availability of budgeted funds, the officers shall be
reimbursed for ordinary and necessary costs and expenses incurred by them in the
performance of their responsibilities as officers of the Interstate Commission.

    C.  Executive Committee, Officers, and Personnel

        1.  The executive committee shall have such authority and duties as may be
set forth in the bylaws, including but not limited to:

            a. Managing the affairs of the Interstate Commission in a manner
consistent with the bylaws and purposes of the Interstate Commission;

            b. Overseeing an organizational structure within, and appropriate
procedures for the Interstate Commission to provide for the creation of rules,
operating procedures, and administrative and technical support functions; and

            c. Planning, implementing, and coordinating communications and
activities with other state, federal, and local government organizations in order to
advance the goals of the Interstate Commission.

        2.  The executive committee may, subject to the approval of the Interstate
Commission, appoint or retain an executive director for such period, upon such terms
and conditions and for such compensation, as the Interstate Commission may deem
appropriate.  The executive director shall serve as secretary to the Interstate
Commission, but shall not be a member of the Interstate Commission. The executive
director shall hire and supervise such other persons as may be authorized by the
Interstate Commission.

    D.  The Interstate Commission's executive director and its employees shall be
immune from suit and liability, either personally or in their official capacity, for a
claim for damage to or loss of property or personal injury or other civil liability
caused or arising out of or relating to an actual or alleged act, error, or omission that
occurred, or that such person had a reasonable basis for believing occurred, within the
scope of Interstate Commission employment, duties, or responsibilities; provided, that
such person shall not be protected from suit or liability for damage, loss, injury, or
liability caused by the intentional or wilful and wanton misconduct of such person.

        1.  The liability of the Interstate Commission's executive director and
employees or Interstate Commission representatives, acting within the scope of such
person's employment or duties for acts, errors, or omissions occurring within such
person's state may not exceed the limits of liability set forth under the constitution and
laws of that state for state officials, employees, and agents.  The Interstate
Commission is considered to be an instrumentality of the states for the purposes of
any such action. Nothing in this subsection shall be construed to protect such person
from suit or liability for damage, loss, injury, or liability caused by the intentional or
wilful and wanton misconduct of such person.

        2.  The Interstate Commission shall defend the executive director and its
employees and, subject to the approval of the attorney general or other appropriate
legal counsel of the member state represented by an Interstate Commission
representative, shall defend such Interstate Commission representative in any civil
action seeking to impose liability arising out of an actual or alleged act, error, or
omission that occurred within the scope of Interstate Commission employment,
duties, or responsibilities, or that the defendant had a reasonable basis for believing

TX_00002852

USA_00020315

occurred within the scope of Interstate Commission employment, duties, or responsibilities, provided that the actual or alleged act, error, or omission did not result from intentional or wilful and wanton misconduct on the part of such person.

3. To the extent not covered by the state involved, the member state, or the Interstate Commission, the representatives or employees of the Interstate Commission shall be held harmless in the amount of a settlement or judgment, including attorney's fees and costs, obtained against such persons arising out of an actual or alleged act, error, or omission that occurred within the scope of Interstate Commission employment, duties, or responsibilities, or that such persons had a reasonable basis for believing occurred within the scope of Interstate Commission employment, duties, or responsibilities, provided that the actual or alleged act, error, or omission did not result from intentional or wilful and wanton misconduct on the part of such persons.

## ARTICLE XII.  RULEMAKING FUNCTIONS OF THE INTERSTATE COMMISSION

A. Rulemaking Authority–The Interstate Commission shall promulgate reasonable rules in order to effectively and efficiently achieve the purposes of this compact.  Notwithstanding the foregoing, in the event the Interstate Commission exercises its rulemaking authority in a manner that is beyond the scope of the purposes of this Act, or the powers granted hereunder, then such an action by the Interstate Commission shall be invalid and have no force or effect.

B. Rulemaking Procedure–Rules shall be made pursuant to a rulemaking process that substantially conforms to the "Model State Administrative Procedure Act," of 1981 Act, Uniform Laws Annotated, Volume 15, page 1 (2000), as amended, as may be appropriate to the operations of the Interstate Commission.

C. Not later than thirty (30) days after a rule is promulgated, any person may file a petition for judicial review of the rule; provided, that the filing of such a petition shall not stay or otherwise prevent the rule from becoming effective unless the court finds that the petitioner has a substantial likelihood of success.  The court shall give deference to the actions of the Interstate Commission consistent with applicable law and shall not find the rule to be unlawful if the rule represents a reasonable exercise of the Interstate Commission's authority.

D. If a majority of the legislatures of the compacting states rejects a rule by enactment of a statute or resolution in the same manner used to adopt the compact, then such rule shall have no further force and effect in any compacting state.

## ARTICLE XIII.  OVERSIGHT, ENFORCEMENT, AND DISPUTE RESOLUTION

A. Oversight

1. The executive, legislative, and judicial branches of state government in each member state shall enforce this compact and shall take all actions necessary and appropriate to effectuate the compact's purposes and intent.  The provisions of this compact and the rules promulgated hereunder shall have standing as statutory law.

2. All courts shall take judicial notice of the compact and the rules in any judicial or administrative proceeding in a member state pertaining to the subject matter of this compact which may affect the powers, responsibilities, or actions of the Interstate Commission.

TX_00002853

USA_00020316

Case 2:13-cv-00193   Document 662-24   Filed on 11/11/14 in TXSD   Page 25 of 72
e 1:12-cv-00128-RMC-DST-RLW   Document 213-1   Filed 06/20/12   Page 121 of
Tuesday, March 17, 2009                     SENATE JOURNAL                                  533

3. The Interstate Commission shall be entitled to receive all service of process in any such proceeding, and shall have standing to intervene in the proceeding for all purposes. Failure to provide service of process to the Interstate Commission shall render a judgment or order void as to the Interstate Commission, this compact, or promulgated rules.

B. Default, Technical Assistance, Suspension, and Termination–If the Interstate Commission determines that a member state has defaulted in the performance of its obligations or responsibilities under this compact, or the bylaws or promulgated rules, the Interstate Commission shall:

1. Provide written notice to the defaulting state and other member states, of the nature of the default, the means of curing the default and any action taken by the Interstate Commission.  The Interstate Commission shall specify the conditions by which the defaulting state must cure its default.

2. Provide remedial training and specific technical assistance regarding the default.

3. If the defaulting state fails to cure the default, the defaulting state shall be terminated from the compact upon an affirmative vote of a majority of the member states and all rights, privileges, and benefits conferred by this compact shall be terminated from the effective date of termination.  A cure of the default does not relieve the offending state of obligations or liabilities incurred during the period of the default.

4. Suspension or termination of membership in the compact shall be imposed only after all other means of securing compliance have been exhausted. Notice of intent to suspend or terminate shall be given by the Interstate Commission to the governor, the majority and minority leaders of the defaulting state's legislature, and each of the member states.

5. The state which has been suspended or terminated is responsible for all assessments, obligations, and liabilities incurred through the effective date of suspension or termination including obligations, the performance of which extends beyond the effective date of suspension or termination.

6. The Interstate Commission shall not bear any costs relating to any state that has been found to be in default or which has been suspended or terminated from the compact, unless otherwise mutually agreed upon in writing between the Interstate Commission and the defaulting state.

7. The defaulting state may appeal the action of the Interstate Commission by petitioning the U.S. District Court for the District of Columbia or the federal district where the Interstate Commission has its principal offices.  The prevailing party shall be awarded all costs of such litigation including reasonable attorney's fees.

C. Dispute Resolution

1. The Interstate Commission shall attempt, upon the request of a member state, to resolve disputes which are subject to the compact and which may arise among member states and between member and non-member states.

2. The Interstate Commission shall promulgate a rule providing for both mediation and binding dispute resolution for disputes as appropriate.

D. Enforcement

TX_00002854
JA_005435

TX_00002854

USA_00020317

Case 2:13-cv-00193 Document 662-24 Filed on 11/11/14 in TXSD Page 26 of 72
1:12-cv-00128-RMC-DST-RLW Document 213-1 Filed 06/20/12 Page 122 of
556      81st Legislature — Regular Session      22nd Day

1. The Interstate Commission, in the reasonable exercise of its discretion, shall enforce the provisions and rules of this compact.

2. The Interstate Commission may, by majority vote of the members, initiate legal action in the U.S. District Court for the District of Columbia or, at the discretion of the Interstate Commission, in the federal district where the Interstate Commission has its principal offices, to enforce compliance with the provisions of the compact, its promulgated rules and bylaws, against a member state in default. The relief sought may include both injunctive relief and damages. In the event judicial enforcement is necessary, the prevailing party shall be awarded all costs of such litigation including reasonable attorney's fees.

3. The remedies herein shall not be the exclusive remedies of the Interstate Commission. The Interstate Commission may avail itself of any other remedies available under state law or the regulation of a profession.

ARTICLE XIV. FINANCING OF THE INTERSTATE COMMISSION

A. The Interstate Commission shall pay, or provide for the payment of the reasonable expenses of its establishment, organization, and ongoing activities.

B. The Interstate Commission may levy on and collect an annual assessment from each member state to cover the cost of the operations and activities of the Interstate Commission and its staff, which must be in a total amount sufficient to cover the Interstate Commission's annual budget as approved each year. The aggregate annual assessment amount shall be allocated based upon a formula to be determined by the Interstate Commission, which shall promulgate a rule binding upon all member states.

C. The Interstate Commission shall not incur obligations of any kind prior to securing the funds adequate to meet the same; nor shall the Interstate Commission pledge the credit of any of the member states, except by and with the authority of the member state.

D. The Interstate Commission shall keep accurate accounts of all receipts and disbursements. The receipts and disbursements of the Interstate Commission shall be subject to the audit and accounting procedures established under its bylaws. However, all receipts and disbursements of funds handled by the Interstate Commission shall be audited yearly by a certified or licensed public accountant and the report of the audit shall be included in and become part of the annual report of the Interstate Commission.

ARTICLE XV. MEMBER STATES, EFFECTIVE DATE, AND AMENDMENT

A. Any state is eligible to become a member state.

B. The compact shall become effective and binding upon legislative enactment of the compact into law by no less than ten (10) of the states. The effective date shall be no earlier than December 1, 2007. Thereafter it shall become effective and binding as to any other member state upon enactment of the compact into law by that state. The governors of non-member states or their designees shall be invited to participate in the activities of the Interstate Commission on a non-voting basis prior to adoption of the compact by all states.

TX_00002855

USA_00020318

Case 2:13-cv-00193  Document 662-24  Filed on 11/11/14 in TXSD  Page 27 of 72
e 1:12-cv-00128-RMC-DST-RLW  Document 213-1  Filed 06/20/12  Page 123 of
Tuesday, March 17, 2009  SENATE JOURNAL  539

C. The Interstate Commission may propose amendments to the compact for enactment by the member states. No amendment shall become effective and binding upon the Interstate Commission and the member states unless and until it is enacted into law by unanimous consent of the member states.

## ARTICLE XVI. WITHDRAWAL AND DISSOLUTION

A. Withdrawal

1. Once effective, the compact shall continue in force and remain binding upon each and every member state; provided that a member state may withdraw from the compact by specifically repealing the statute which enacted the compact into law.

2. Withdrawal from this compact shall be by the enactment of a statute repealing the same, but shall not take effect until one (1) year after the effective date of such statute and until written notice of the withdrawal has been given by the withdrawing state to the governor of each other member jurisdiction.

3. The withdrawing state shall immediately notify the chairperson of the Interstate Commission in writing upon the introduction of legislation repealing this compact in the withdrawing state. The Interstate Commission shall notify the other member states of the withdrawing state's intent to withdraw within sixty (60) days of its receipt thereof.

4. The withdrawing state is responsible for all assessments, obligations, and liabilities incurred through the effective date of withdrawal, including obligations, the performance of which extend beyond the effective date of withdrawal.

5. Reinstatement following withdrawal of a member state shall occur upon the withdrawing state reenacting the compact or upon such later date as determined by the Interstate Commission.

B. Dissolution of Compact

1. This compact shall dissolve effective upon the date of the withdrawal or default of the member state which reduces the membership in the compact to one (1) member state.

2. Upon the dissolution of this compact, the compact becomes null and void and shall be of no further force or effect, and the business and affairs of the Interstate Commission shall be concluded and surplus funds shall be distributed in accordance with the bylaws.

## ARTICLE XVII. SEVERABILITY AND CONSTRUCTION

A. The provisions of this compact shall be severable, and if any phrase, clause, sentence, or provision is deemed unenforceable, the remaining provisions of the compact shall be enforceable.

B. The provisions of this compact shall be liberally construed to effectuate its purposes.

C. Nothing in this compact shall be construed to prohibit the applicability of other interstate compacts to which the states are members.

## ARTICLE XVIII. BINDING EFFECT OF COMPACT AND OTHER LAWS

A. Other Laws

1. Nothing herein prevents the enforcement of any other law of a member state that is not inconsistent with this compact.

2. All member states' laws conflicting with this compact are superseded to the extent of the conflict.

TX_00002856
JA_005437


TX_00002856

USA_00020319

Case 2:13-cv-00193 Document 662-24 Filed on 11/11/14 in TXSD Page 28 of 72
e 1:12-cv-00128-RMC-DST-RLW Document 213-1 Filed 06/20/12 Page 124 of
538                    81st Legislature — Regular Session                22nd Day

B.  Binding Effect of the Compact

1.  All lawful actions of the Interstate Commission, including all rules and bylaws promulgated by the Interstate Commission, are binding upon the member states.

2.  All agreements between the Interstate Commission and the member states are binding in accordance with their terms.

3.  In the event any provision of this compact exceeds the constitutional limits imposed on the legislature of any member state, such provision shall be ineffective to the extent of the conflict with the constitutional provision in question in that member state.

Sec. 162.003.  EFFECT ON TEXAS LAWS. If the laws of this state conflict with the compact or a rule adopted under that compact, the compact or rule controls, except that if a conflict exists between the compact or rule and the Texas Constitution, as determined by the courts of this state, the Texas Constitution controls.

Sec. 162.004.  COMPACT COMMISSIONER. (a) The governor shall appoint a compact commissioner to be responsible for administration and management of this state's participation in the compact.

(b)  If the compact commissioner is unable to attend a specific meeting of the Interstate Commission created under the compact, the governor shall delegate voting authority for that meeting to another individual from this state.

(c)  The compact commissioner serves at the will of the governor.

Sec. 162.005.  STATE COORDINATION. (a) The Texas Education Agency shall provide for coordination among state agencies, school districts, and military installations concerning this state's participation in compliance with the compact and compact activities, as required by Article VIII of the compact.

(b)  To the extent that the compact requires or authorizes a State Council created in accordance with Article VIII of the compact to perform a duty or function, the Texas Education Agency or the commissioner of education, as appropriate, shall perform that duty or function.

SECTION 2.  Section 25.005(a), Education Code, is amended to read as follows:

(a)  To facilitate the transfer of military personnel and their dependents to and from the public schools of this state, the agency shall pursue reciprocity agreements [with other states] governing the terms of those transfers with other states that are not parties to the Interstate Compact on Educational Opportunity for Military Children adopted under Chapter 162.

SECTION 3.  This Act takes effect immediately if it receives a vote of two-thirds of all the members elected to each house, as provided by Section 39, Article III, Texas Constitution.  If this Act does not receive the vote necessary for immediate effect, this Act takes effect September 1, 2009.

The amendment to **CSSB 90** was read and was adopted by a viva voce vote.

All Members are deemed to have voted "Yea" on the adoption of Floor Amendment No. 1.

On motion of Senator Van de Putte and by unanimous consent, the caption was amended to conform to the body of the bill as amended.

**CSSB 90** as amended was passed to engrossment by a viva voce vote.

All Members are deemed to have voted "Yea" on the passage to engrossment.

TX_00002857
JA_005438

TX_00002857

USA_00020320

Case 2:13-cv-00193 Document 662-24 Filed on 11/11/14 in TXSD Page 29 of 72
e 1:12-cv-00128-RMC-DST-RLW Document 213-1 Filed 06/20/12 Page 125 of
Tuesday, March 17, 2009     SENATE JOURNAL     5539

## COMMITTEE SUBSTITUTE
## SENATE BILL 33 ON SECOND READING

On motion of Senator Zaffirini and by unanimous consent, the regular order of business was suspended to take up for consideration **CSSB 33** at this time on its second reading:

**CSSB 33**, Relating to school district requirements regarding parental notification and documentation in connection with disciplinary alternative education programs.

The bill was read second time and was passed to engrossment by a viva voce vote.

All Members are deemed to have voted "Yea" on the passage to engrossment.

## COMMITTEE SUBSTITUTE
## SENATE BILL 33 ON THIRD READING

Senator Zaffirini moved that Senate Rule 7.18 and the Constitutional Rule requiring bills to be read on three several days be suspended and that **CSSB 33** be placed on its third reading and final passage.

The motion prevailed by the following vote: Yeas 30, Nays 1.

Nays: Wentworth.

### Reason for Vote

Senator Wentworth submitted the following reason for vote on suspension of the Constitutional Three-day Rule:

I cast a "No" vote on the procedural motion to suspend the Constitutional Rule requiring that bills be read on three several days in order to take up and consider **CSSB 33**, because in my judgment no circumstance exists in this case to justify the extraordinary act of suspending a requirement of the Texas Constitution. The suspension of this Constitutional Rule has the direct and immediate effect of denying the people of Texas knowledge and notice of the passage of this measure until it has already been finally passed on third reading. Were we to have followed the requirement of the Texas Constitution, third reading and a vote on **CSSB 33** would have occurred on the next legislative day, allowing for Texans to have learned through news reports of our second reading vote exactly what we had tentatively passed. Third reading and a vote on the next legislative day would also have allowed our professional staff an opportunity overnight to make sure any amendments passed on second reading are technically correct.

/s/Jeff Wentworth
Senator, District 25

The bill was read third time and was passed by the following vote: Yeas 31, Nays 0.

## SENATE BILL 189 ON SECOND READING

On motion of Senator Shapleigh and by unanimous consent, the regular order of business was suspended to take up for consideration **SB 189** at this time on its second reading:

**SB 189**, Relating to the extension of consumer credit to certain members of the Texas National Guard and armed forces of the United States and their dependents; providing a penalty.

TX_00002858

USA_00020321

The bill was read second time and was passed to engrossment by a viva voce vote.

All Members are deemed to have voted "Yea" on the passage to engrossment.

### SENATE BILL 189 ON THIRD READING

Senator Shapleigh moved that Senate Rule 7.18 and the Constitutional Rule requiring bills to be read on three several days be suspended and that **SB 189** be placed on its third reading and final passage.

The motion prevailed by the following vote: Yeas 30, Nays 1.

Nays: Wentworth.

### Reason for Vote

Senator Wentworth submitted the following reason for vote on suspension of the Constitutional Three-day Rule:

I cast a "No" vote on the procedural motion to suspend the Constitutional Rule requiring that bills be read on three several days in order to take up and consider **SB 189**, because in my judgment no circumstance exists in this case to justify the extraordinary act of suspending a requirement of the Texas Constitution. The suspension of this Constitutional Rule has the direct and immediate effect of denying the people of Texas knowledge and notice of the passage of this measure until it has already been finally passed on third reading. Were we to have followed the requirement of the Texas Constitution, third reading and a vote on **SB 189** would have occurred on the next legislative day, allowing for Texans to have learned through news reports of our second reading vote exactly what we had tentatively passed. Third reading and a vote on the next legislative day would also have allowed our professional staff an opportunity overnight to make sure any amendments passed on second reading are technically correct.

/s/Jeff Wentworth
Senator, District 25

The bill was read third time and was passed by the following vote: Yeas 31, Nays 0.

### COMMITTEE SUBSTITUTE
### SENATE BILL 93 ON SECOND READING

On motion of Senator Van de Putte and by unanimous consent, the regular order of business was suspended to take up for consideration **CSSB 93** at this time on its second reading:

**CSSB 93**, Relating to tuition and fee exemptions for certain military personnel and their dependents.

The bill was read second time and was passed to engrossment by a viva voce vote.

All Members are deemed to have voted "Yea" on the passage to engrossment.

## COMMITTEE SUBSTITUTE
## SENATE BILL 93 ON THIRD READING

Senator Van de Putte moved that Senate Rule 7.18 and the Constitutional Rule requiring bills to be read on three several days be suspended and that **CSSB 93** be placed on its third reading and final passage.

The motion prevailed by the following vote: Yeas 30, Nays 1.

Nays: Wentworth.

### Reason for Vote

Senator Wentworth submitted the following reason for vote on suspension of the Constitutional Three-day Rule:

I cast a "No" vote on the procedural motion to suspend the Constitutional Rule requiring that bills be read on three several days in order to take up and consider **CSSB 93**, because in my judgment no circumstance exists in this case to justify the extraordinary act of suspending a requirement of the Texas Constitution. The suspension of this Constitutional Rule has the direct and immediate effect of denying the people of Texas knowledge and notice of the passage of this measure until it has already been finally passed on third reading. Were we to have followed the requirement of the Texas Constitution, third reading and a vote on **CSSB 93** would have occurred on the next legislative day, allowing for Texans to have learned through news reports of our second reading vote exactly what we had tentatively passed. Third reading and a vote on the next legislative day would also have allowed our professional staff an opportunity overnight to make sure any amendments passed on second reading are technically correct.

/s/Jeff Wentworth
Senator, District 25

The bill was read third time and was passed by the following vote: Yeas 31, Nays 0.

### REPORT OF COMMITTEE ON NOMINATIONS

Senator Jackson submitted the following revised report from the Committee on Nominations:

We, your Committee on Nominations, to which were referred the following appointments, have had same under consideration and report them back to the Senate with a recommendation that they be confirmed:

Member, State Preservation Board: Charlotte C. Foster, Harris County.

Presiding Judge, First Administrative Judicial Region: John David Ovard, Dallas County.

Members, Advisory Board of Athletic Trainers: Martin Ray Akins, Travis County; Rebecca Spurlock, Tarrant County.

Commissioners, Board of Pilot Commissioners for Galveston County Ports: Vandy Anderson, Galveston County; Sally H. Prill, Galveston County; James Earl Toups, Galveston County.

TX_00002860

USA_00020323

Members, Board of Directors, Gulf Coast Waste Disposal Authority: Zoe Milian Barinaga, Harris County; Randy Jarrell, Galveston County; Lamont Edward Meaux, Chambers County.

Member, Gulf States Marine Fisheries Commission: David Austin McKinney, Blanco County.

Commissioners, Board of Pilot Commissioners for Jefferson and Orange County: Martin E. Broussard, Jefferson County; George W. Brown III, Jefferson County; Russell S. Covington, Orange County; Travis Miller, D.D.S., Orange County; William F. Scott, Jefferson County.

Members, Public Safety Commission: Carin Marcy Barth, Harris County; Ada Brown, Dallas County; Carleton Thomas Clowe, Jr., McLennan County; John Thomas Steen, Jr., Bexar County.

Member, State Cemetery Committee: Scott Philen Sayers, Jr., Travis County.

Members, Task Force on Indigent Defense: Jon H. Burrows, Bell County; Knox Fitzpatrick, Dallas County; Anthony C. "Tony" Odiorne, Potter County; Olen U. Underwood, Montgomery County; B. Glen Whitley, Tarrant County.

Members, Telecommunications Planning and Oversight Council: Jennifer Nash Anderson, Chambers County; Dennis M. Donelson, Bexar County; Johanne Ibsen-Wolford, Travis County; Alice E. Owen, Ph.D., Dallas County.

Members, Texas Alcoholic Beverage Commission: Melinda Susan Fredricks, Montgomery County; Steven M. Weinberg, Tarrant County.

Members, Texas Funeral Service Commission: Elwynn "Gene" Allen, Kerr County; Carol M. Becker, Parker County; Sue Evenwel, Titus County; Jess Alan Fields, Sr., Harris County; Joyce McCown Odom, Bexar County; Norberto Salinas, Hildago County.

Members, Texas Historical Commission: Thomas E. Alexander, Kerr County; A. Mario Castillo, Tom Green County; Leslie "Kirk" Courson, Ochiltree County; John W. Crain, Dallas County; David Alfred Gravelle, Dallas County; Jon T. Hansen, El Paso County; Lisa A. Hembry, Dallas County; Steven Lee Highlander, Travis County; Sheri Shelby Krause, Travis County; Gilbert Eric Peterson III, Brewster County; Nancy M. Steves, Bexar County.

Members, Texas State Board of Plumbing Examiners: Dave Lilley, Wichita County; Alejandro "Alex" Meade III, Cameron County; Edward Don Thompson, Smith County.

Members, Board of Directors, Texas Underground Facility Notification Corporation: Christian A. Alvarado, Travis County; Joseph F. Berry, Brazoria County; Barry Calhoun, Dallas County; Judith H. Devenport, Midland County; John Linton, Denton County; James "Jim" Wynn, Midland County.

TX_00002861

USA_00020324

### SENATE RULE 11.13 SUSPENDED
#### (Consideration of Bills in Committees)

On motion of Senator Carona and by unanimous consent, Senate Rule 11.13 was suspended to grant all committees permission to meet while the Senate is meeting today.

### SENATE RULE 11.18(a) SUSPENDED
#### (Public Hearings)

On motion of Senator Nelson and by unanimous consent, Senate Rule 11.18(a) was suspended in order that the Committee on Health and Human Services might consider **SB 680** today.

### MOTION TO ADJOURN

On motion of Senator Whitmire and by unanimous consent, the Senate at 12:58 p.m. agreed to adjourn, in memory of John Andrew Collins of The Woodlands and Matthew Virgel of Greenville, upon completion of the introduction of bills and resolutions on first reading, until 11:00 a.m. tomorrow.

### RECESS

On motion of Senator Whitmire, the Senate at 12:58 p.m. recessed until 5:00 p.m. today.

### AFTER RECESS

The Senate met at 5:55 p.m. and was called to order by Senator Huffman.

### SENATE BILLS ON FIRST READING

The following bills, filed on or before Friday, March 13, 2009, were introduced, read first time, and referred to the committees indicated:

**SB 1221** by Shapiro
Relating to the exclusion of certain commercial lease revenue in determining a taxable entity's total revenue for purposes of the revised franchise tax.
To Committee on Finance.

**SB 1222** by Eltife
Relating to certain powers of the Red River Redevelopment Authority.
To Committee on Intergovernmental Relations.

**SB 1223** by Eltife
Relating to the creation, administration, powers, duties, and operation of the Riverbend Water Resources District; providing authority to issue bonds and exercise the power of eminent domain.
To Committee on Natural Resources.

**SB 1224** by Huffman
Relating to a waiver of the fee imposed for certain expunctions.
To Committee on Criminal Justice.

TX_00002862

USA_00020325

**SB 1225** by Huffman, Hinojosa
Relating to faculty temporary licenses to practice medicine.
To Committee on Health and Human Services.

**SB 1226** by Fraser
Relating to the authority of certain counties to regulate the location of wind energy
electric generating facilities.
To Committee on Business and Commerce.

**SB 1227** by Fraser
Relating to the location of wind energy electric generating facilities.
To Committee on Business and Commerce.

**SB 1228** by Hinojosa
Relating to the jurisdiction of the State Office of Administrative Hearings in contested
case hearings involving certain contract claims against the state.
To Committee on State Affairs.

**SB 1229** by Van de Putte
Relating to creating an advisory committee on child protective services in the region
that includes Bexar County for the Department of Family and Protective Services.
To Committee on Health and Human Services.

**SB 1230** by Van de Putte
Relating to the establishment of the Legislative Committee on Aging.
To Committee on Health and Human Services.

**SB 1231** by Watson
Relating to a requirement that a school district develop and adopt a site selection
policy before selecting a site for construction of a new school; providing a penalty.
To Committee on Education.

**SB 1232** by Watson
Relating to increasing public awareness of the benefits of native plant species.
To Committee on Agriculture and Rural Affairs.

**SB 1233** by Davis
Relating to the use of certain money received by the Texas Department of
Transportation from certain transportation projects or systems.
To Committee on Transportation and Homeland Security.

**SB 1234** by Davis
Relating to the allocation of the distribution of surplus revenue of a toll project or
system.
To Committee on Transportation and Homeland Security.

**SB 1235** by Davis
Relating to the issuance and use of temporary tags on vehicles.
To Committee on Transportation and Homeland Security.

**SB 1236** by Seliger
Relating to admonishments given to a person charged with a misdemeanor.
To Committee on Criminal Justice.

TX_00002863

USA_00020326

**SB 1237** by Estes
Relating to the authority of certain juvenile probation officers to carry firearms.
To Committee on Criminal Justice.

**SB 1238** by Ogden
Relating to a study regarding the Carrizo-Wilcox aquifer.
To Committee on Natural Resources.

**SB 1239** by Van de Putte
Relating to discount programs for certain veterans provided by toll project entities.
To Committee on Veteran Affairs and Military Installations.

**SB 1240** by Van de Putte, Shapleigh
Relating to the temporary occupational licensing of members of the military and their spouses.
To Committee on Veteran Affairs and Military Installations.

**SB 1241** by Hegar
Relating to the creation of the Fort Bend County Water Control and Improvement District No. 10; providing authority to impose a tax and issue bonds; granting a limited power of eminent domain.
To Committee on Natural Resources.

**SB 1242** by Carona
Relating to the area near a polling place within which electioneering and loitering are prohibited.
To Committee on State Affairs.

**SB 1243** by Wentworth
Relating to the regulation of heir finders by the Texas Private Security Board.
To Committee on Jurisprudence.

**SB 1244** by Carona
Relating to the regulation of investigations companies and the performance of investigative services.
To Committee on Business and Commerce.

**SB 1245** by Carona
Relating to the regulation of the business of private security.
To Committee on Business and Commerce.

**SB 1246** by Jackson
Relating to fees for certain licenses issued by the Texas Parks and Wildlife Department.
To Committee on Natural Resources.

**SB 1247** by Harris
Relating to the definition of eligible central municipality for purposes of the municipal hotel occupancy tax.
To Committee on Economic Development.

**SB 1248** by Zaffirini
Relating to the reimbursement rate for certain ambulance services provided under the medical assistance program.
To Committee on Health and Human Services.

**SB 1249** by Zaffirini
Relating to the creation of a pilot program to improve curricula alignment between junior colleges and general academic teaching institutions for engineering degree programs.
To Committee on Higher Education.

**SB 1250** by Zaffirini
Relating to the administration of certain programs to assist certain foster children in obtaining postsecondary education and training.
To Committee on Health and Human Services.

**SB 1251** by Zaffirini
Relating to information submitted to, maintained in, and released from the immunization registry.
To Committee on Health and Human Services.

**SB 1252** by Zaffirini
Relating to improving application and eligibility determination processes and efficiencies for certain benefits programs.
To Committee on Health and Human Services.

**SB 1253** by Seliger
Relating to the repeal of the power of certain districts and water supply corporations to allow the use of right-of-way easements for certain energy-related purposes.
To Committee on Natural Resources.

**SB 1254** by Seliger
Relating to limits on the purpose and power of a fresh water supply district.
To Committee on Natural Resources.

**SB 1255** by Shapiro
Relating to additional guarantees for certain bonds issued by school districts.
To Committee on Education.

**SB 1256** by Carona, Davis, Hegar, Huffman, Nelson, Shapiro
Relating to the prosecution of and punishment prescribed for engaging in organized criminal activity in a gang-free zone.
To Committee on Criminal Justice.

**SB 1257** by Averitt
Relating to the regulation of certain market conduct activities of certain life, accident, and health insurers and health benefit plan issuers; providing civil liability and administrative and criminal penalties.
To Committee on State Affairs.

Case 2:13-cv-00193 Document 662-24 Filed on 11/11/14 in TXSD Page 37 of 72
e 1:12-cv-00128-RMC-DST-RLW Document 213-1 Filed 06/20/12 Page 133 of
Tuesday, March 17, 2009          SENATE JOURNAL          5479

**SB 1258** by Hegar
Relating to identification requirements for certain fire hydrants and flush valves.
To Committee on Intergovernmental Relations.

**SB 1259** by Hegar
Relating to the electronic storage of records by the clerks of the supreme court and the courts of appeals.
To Committee on Jurisprudence.

**SB 1260** by Duncan
Relating to the abolishment of the Lower Concho River Water and Soil Conservation Authority.
To Committee on Natural Resources.

**SB 1261** by Uresti
Relating to the ineligibility for employment by a school district, open-enrollment charter school, or shared services arrangement of persons convicted of certain offenses.
To Committee on Education.

**SB 1262** by Uresti
Relating to a documented member of the Kickapoo Traditional Tribe of Texas hunting certain deer.
To Committee on Natural Resources.

**SB 1263** by Watson
Relating to certain mass transit entities.
To Committee on Transportation and Homeland Security.

**SB 1264** by Watson
Relating to the participation of certain transportation entities in the comptroller's travel services contracts.
To Committee on Government Organization.

**SB 1265** by Watson
Relating to obtaining an exemption from the motor vehicle sales tax for motor vehicles driven by persons who have orthopedic handicaps.
To Committee on Finance.

**SB 1266** by Watson
Relating to erecting an off-premise sign adjacent to and visible from certain roads.
To Committee on Transportation and Homeland Security.

**SB 1267** by Hinojosa
Relating to transfer of certain probate matters and guardianship matters.
To Committee on Jurisprudence.

TX_00002866

USA_00020329

Case 2:13-cv-00193   Document 662-24   Filed on 11/11/14 in TXSD   Page 38 of 72
1:12-cv-00128-RMC-DST-RLW   Document 213-1   Filed 06/20/12   Page 134 of
948                         81st Legislature — Regular Session                22nd   Day

**SB 1268** by Shapleigh
Relating to an exemption from ad valorem taxation of the residence homesteads of certain totally disabled veterans and to continuing the exemption on the same property for the surviving spouse of such a veteran, and to the amount of the exemption from ad valorem taxation to which a disabled veteran is entitled based on disability rating.
To Committee on Finance.

**SB 1269** by Shapleigh
Relating to setting aside for TEXAS grant funding tuition paid by students at campuses maintained by public institutions of higher education outside the United States.
To Committee on Higher Education.

**SB 1270** by Shapleigh
Relating to the online availability of state agency reports required by law.
To Committee on Government Organization.

**SB 1271** by Uresti
Relating to the requirement that an orthotist or a prosthetist be licensed as a device manufacturer if fabricating or assembling without an order from certain health care professionals.
To Committee on Health and Human Services.

**SB 1272** by Carona
Relating to ad valorem and sales and use tax exemptions for high-speed passenger rail facilities.
To Committee on Finance.

**SB 1273** by Carona
Relating to the prosecution of and punishment for the theft of certain electronic equipment and interference with certain radio frequencies.
To Committee on Criminal Justice.

**SB 1274** by Gallegos
Relating to the summoning of jurors to justice of the peace courts in certain counties.
To Committee on Jurisprudence.

**SB 1275** by Gallegos
Relating to the first day of instruction for a school year in certain school districts.
To Committee on Education.

**SB 1276** by Gallegos
Relating to the regulation of service of process; providing criminal and administrative penalties.
To Committee on Jurisprudence.

**SB 1277** by Gallegos
Relating to birth records of adopted children.
To Committee on Jurisprudence.

TX_00002867
JA_005448

TX_00002867
USA_00020330

Case 2:13-cv-00193 Document 662-24 Filed on 11/11/14 in TXSD Page 39 of 72
e 1:12-cv-00128-RMC-DST-RLW Document 213-1 Filed 06/20/12 Page 135 of
Tuesday, March 17, 2009 SENATE JOURNAL 549

**SB 1278** by Huffman, Deuell
Relating to the authority of a judge to suspend the imposition of a sentence and place a defendant on community supervision.
To Committee on Criminal Justice.

**SB 1279** by Shapiro
Relating to the deadline for providing absentee ballots for the general election for state and county officers; making conforming changes.
To Committee on State Affairs.

**SB 1280** by Shapiro
Relating to the establishment of a program to provide a ballot by electronic mail to military personnel serving overseas.
To Committee on State Affairs.

**SB 1281** by Williams
Relating to the fraudulent obtaining of a controlled substance from a practitioner; providing a penalty.
To Committee on Criminal Justice.

**SB 1282** by Williams
Relating to the powers of certain freight rail districts.
To Committee on Transportation and Homeland Security.

**SB 1283** by Williams
Relating to the supervision by the Texas Department of Transportation of money appropriated by the federal government for the construction and maintenance of rail facilities.
To Committee on Transportation and Homeland Security.

**SB 1284** by Shapleigh
Relating to home loans and foreclosures on residential real property.
To Committee on Business and Commerce.

**SB 1285** by Davis
Relating to the interest and fees that may be charged for certain consumer loans; providing a criminal penalty.
To Committee on Business and Commerce.

**SB 1286** by West
Relating to the continuity of care for juveniles with mental impairments in the juvenile justice system.
To Committee on Criminal Justice.

**SB 1287** by West
Relating to certain health-related reports, records, and information.
To Committee on Health and Human Services.

**SB 1288** by West
Relating to the floodplain management account.
To Committee on Finance.

TX_00002868
USA_00020331

**SB 1289** by West
Relating to the fee based on admissions to certain sexually oriented businesses.
To Committee on Criminal Justice.

**SB 1290** by Van de Putte
Relating to authorization for school districts to provide mentors for teachers assigned to a new subject or grade level.
To Committee on Education.

**SB 1291** by Van de Putte
Relating to access to certain licensed mental health practitioners.
To Committee on State Affairs.

**SB 1292** by Hinojosa
Relating to the calculation of current market value of certain water rights by the Rio Grande Regional Water Authority.
To Committee on Natural Resources.

**SB 1293** by Jackson
Relating to the duty of the General Land Office to clean, maintain, and clear debris from a public beach affected by a declared disaster.
To Committee on Natural Resources.

**SB 1294** by Jackson
Relating to the deadline for reallocating local sales and use taxes.
To Committee on Finance.

**SB 1295** by Hegar
Relating to the creation of the Aliana Management District; providing authority to impose a tax and issue bonds.
To Committee on Intergovernmental Relations.

**SB 1296** by Hegar
Relating to the certification of a county jailer as a special officer for offenders with mental impairments.
To Committee on Criminal Justice.

**SB 1297** by Huffman
Relating to the imposition of consecutive fines in sentencing a defendant for offenses arising out of the same criminal episode.
To Committee on Criminal Justice.

**SB 1298** by Huffman
Relating to the authority of an animal control officer to carry a bite prevention stick in the performance of official duties.
To Committee on Criminal Justice.

**SB 1299** by Watson
Relating to the regulation of stormwater management by certain counties.
To Subcommittee on Flooding and Evacuations.

TX_00002869

USA_00020332

**SB 1300** by Watson
Relating to the duty of the comptroller to provide sales and use tax information to an emergency services district.
To Committee on Intergovernmental Relations.

**SB 1301** by Shapiro
Relating to the accessibility of services for certain students with autism or autism spectrum disorder.
To Committee on Education.

**SB 1302** by Shapiro
Relating to the accessibility of services for certain students with autism or autism spectrum disorder.
To Committee on Education.

**SB 1303** by Seliger
Relating to the requirement that certain state and local governmental entities designate a firearms proficiency officer and require weapons proficiency.
To Committee on Criminal Justice.

**SB 1304** by Patrick
Relating to eliminating the set-aside of a portion of designated tuition for student financial assistance at public institutions of higher education.
To Committee on Higher Education.

**SB 1305** by Patrick
Relating to insurance premium payment assistance for certain persons who have hemophilia and are unable to pay the entire cost of treatment.
To Committee on State Affairs.

**SB 1306** by Carona
Relating to the punishment for the offense of employment harmful to children.
To Committee on Criminal Justice.

**SB 1307** by Carona
Relating to activities that constitute common nuisance.
To Committee on Criminal Justice.

**SB 1308** by Carona
Relating to the on-premises consumption of certain alcoholic beverages; providing a penalty.
To Committee on Business and Commerce.

**SB 1309** by Hegar
Relating to the regulation of commercial fertilizer.
To Committee on Agriculture and Rural Affairs.

**SB 1310** by Duncan
Relating to a program allowing for countywide voting locations in certain elections.
To Committee on State Affairs.

TX_00002870

USA_00020333

**SB 1311** by Duncan
Relating to the authority of the commissioners court of a county to enter into an ad valorem tax abatement agreement with certain property owners.
To Committee on Economic Development.

**SB 1312** by Shapiro
Relating to programs and funding to support adult and postsecondary education and workforce development at public junior colleges and public technical institutes.
To Committee on Higher Education.

**SB 1313** by Shapiro, Harris
Relating to the quality and accessibility of public school career and technical education programs.
To Committee on Education.

**SB 1314** by Harris
Relating to the regulation of the practice of acupuncture.
To Committee on Economic Development.

**SB 1315** by Wentworth
Relating to the computation of taxable margin for purposes of the franchise tax by a taxable entity principally engaged in Internet hosting.
To Committee on Finance.

**SB 1316** by Wentworth
Relating to the appraisal for ad valorem tax purposes of certain open-space land devoted principally to ecological research.
To Committee on Finance.

**SB 1317** by Wentworth
Relating to education and examination requirements for the issuance of a driver's license to certain persons.
To Committee on Transportation and Homeland Security.

**SB 1318** by Wentworth
Relating to erecting an off-premise sign adjacent to and visible from certain roads.
To Committee on Transportation and Homeland Security.

**SB 1319** by Wentworth
Relating to the prohibition of signs along certain roads.
To Committee on Transportation and Homeland Security.

**SB 1320** by Wentworth
Relating to notice by a governmental entity regarding certain geospatial data products.
To Committee on Intergovernmental Relations.

**SB 1321** by Whitmire
Relating to discharging or releasing inmates from the Texas Department of Criminal Justice at or near certain department facilities.
To Committee on Criminal Justice.

TX_00002871

USA_00020334

**SB 1322** by Whitmire
Relating to the exchange of information among certain governmental entities
concerning at-risk youth.
To Committee on Criminal Justice.

**SB 1323** by Whitmire
Relating to the amount of a surcharge assessed on conviction of certain intoxicated
driver offenses on the driver's license of certain persons who complete a drug court
program.
To Committee on Criminal Justice.

**SB 1324** by Nelson
Relating to enhancing penalties for assaulting a family member by strangulation or
suffocation.
To Committee on Criminal Justice.

**SB 1325** by Nelson
Relating to the creation of a mental health intervention program for military veterans.
To Committee on Veteran Affairs and Military Installations.

**SB 1326** by Nelson
Relating to the functions of the Statewide Health Coordinating Council; providing
civil penalties.
To Committee on Health and Human Services.

**SB 1327** by Nelson
Relating to the disposition of surplus data processing equipment of a university
system or an institution or agency of higher education.
To Committee on Higher Education.

**SB 1328** by Nelson
Relating to a study on the feasibility of providing vaccines to first responders
deployed to a disaster area.
To Committee on Health and Human Services.

**SB 1329** by Nelson
Relating to control of food-borne illnesses and microorganisms that cause food-borne
illnesses or are otherwise injurious to health.
To Committee on Health and Human Services.

**SB 1330** by Nelson
Relating to mutual aid agreements for newborn screening laboratory services.
To Committee on Health and Human Services.

**SB 1331** by Nelson
Relating to the creation of the Texas Physician Health Program.
To Committee on Health and Human Services.

**SB 1332** by Nelson
Relating to the placement of certain children who are in the managing conservatorship
of the state.
To Committee on Health and Human Services.

TX_00002872

USA_00020335

**SB 1333** by Nelson
Relating to the purchase and sale of certain alcoholic beverages by the holder of a winery permit.
To Committee on Business and Commerce.

**SB 1334** by Hegar
Relating to continuation of the intercollegiate athletics fee for students at Prairie View A&M University.
To Committee on Higher Education.

**SB 1335** by Hegar
Relating to notice of acceptance or rejection of an insurance claim.
To Committee on Business and Commerce.

**SB 1336** by Carona
Relating to the tax imposed on certain tobacco products.
To Committee on Finance.

**SB 1337** by Estes
Relating to the creation of the Van Alstyne Municipal Utility District No. 1 of Grayson County; providing authority to impose a tax and issue bonds; granting a limited power of eminent domain.
To Committee on Intergovernmental Relations.

**SB 1338** by Whitmire
Relating to the rights of certain county law enforcement officers.
To Committee on Criminal Justice.

**SB 1339** by Gallegos
Relating to authorizing the issuance of revenue bonds for the University of Houston Multi-Cultural Studies and Classroom Complex.
To Committee on Finance.

**SB 1340** by Gallegos
Relating to the holidays for members of fire and police departments in certain municipalities.
To Committee on Intergovernmental Relations.

**SB 1341** by Gallegos
Relating to work performed in sports and community venue districts in certain municipalities.
To Committee on Economic Development.

**SB 1342** by Hinojosa
Relating to authorization for an exemption from tuition and fees charged by a junior college district for employees of the district and for state reimbursement of the district's revenue loss from the exemption.
To Committee on Higher Education.

TX_00002873

USA_00020336

**SB 1343** by Hinojosa
Relating to the formula funding for public institutions of higher education for certain credit hours that do not count toward a degree.
To Committee on Higher Education.

**SB 1344** by Watson
Relating to an alcohol awareness component of the health curriculum used in public schools.
To Committee on Education.

**SB 1345** by Watson
Relating to health benefit plan coverage for certain orally administered anticancer medications.
To Committee on State Affairs.

**SB 1347** by Van de Putte
Relating to the imposition of the sales and use tax on taxable items sold or provided under certain contracts.
To Committee on Finance.

**SB 1348** by Van de Putte
Relating to health benefit plan coverage for acquired brain injuries.
To Committee on State Affairs.

**SB 1349** by Van de Putte
Relating to eligibility for public school prekindergarten classes of children residing with a grandparent.
To Committee on Education.

**SB 1350** by Carona
Relating to the creation, administration, financing, and use of a Texas Transportation Revolving Fund; granting the authority to issue bonds.
To Committee on Finance.

**SB 1351** by Carona
Relating to the terms of the members of the Texas Transportation Commission.
To Committee on Transportation and Homeland Security.

**SB 1352** by Carona
Relating to the authority of certain counties to construct, acquire, improve, operate, or maintain causeways, bridges, tunnels, turnpikes, ferries, and highways.
To Committee on Transportation and Homeland Security.

**SB 1353** by Carona
Relating to contract provisions in comprehensive development agreements.
To Committee on Transportation and Homeland Security.

**SB 1354** by Jackson
Relating to the licensing and regulation of plumbers.
To Committee on Business and Commerce.

TX_00002874

USA_00020337

**SB 1355** by Lucio
Relating to the authority of an ad valorem tax collector to waive penalties for failing to file certain statements.
To Committee on Finance.

**SB 1356** by Lucio
Relating to a fee associated with the assignment of a vehicle identification number by the Texas Department of Transportation.
To Committee on Transportation and Homeland Security.

**SB 1357** by Lucio
Relating to a joint statement relating to the transfer of a motor vehicle as the result of a gift.
To Committee on Transportation and Homeland Security.

**SB 1358** by Seliger
Relating to optional annuity increases for certain retirees and beneficiaries of the Texas Municipal Retirement System.
To Committee on State Affairs.

**SB 1359** by Seliger
Relating to forfeiture of remedy for nonpayment of ad valorem taxes.
To Committee on Finance.

**SB 1360** by Nichols
Relating to the deadlines for commencement and completion of the Lake Columbia reservoir project.
To Committee on Natural Resources.

**SB 1361** by Nichols
Relating to certificates of public convenience and necessity for water or sewer services.
To Committee on Natural Resources.

**SB 1362** by Shapiro
Relating to a Texas Youth Commission comprehensive plan to improve student reading skills and behavior.
To Committee on Education.

**SB 1363** by Shapiro
Relating to clarification of the essential knowledge and skills of the public school curriculum and the evaluation of conforming curriculum management systems.
To Committee on Education.

**SB 1364** by Shapiro
Relating to minimum public school attendance for class credit or a grade.
To Committee on Education.

**SB 1365** by Shapleigh
Relating to development regulations in certain flood-prone counties; providing civil and criminal penalties.
To Subcommittee on Flooding and Evacuations.

TX_00002875
JA_005456

**SB 1366** by Ellis
Relating to health benefit plan coverage for certain serious mental illnesses and mental disorders.
To Committee on State Affairs.

**SB 1367** by Carona
Relating to parking placard applications by persons with a mobility problem caused by an impairment of vision.
To Committee on Transportation and Homeland Security.

**SB 1368** by Shapleigh
Relating to the creation of a county ethics commission in certain counties; providing civil and criminal penalties.
To Committee on International Relations and Trade.

**SB 1369** by Lucio
Relating to the appointment of attorneys ad litem.
To Committee on Jurisprudence.

**SB 1370** by Lucio
Relating to authorizing certain counties and municipalities to regulate land development; providing a penalty.
To Committee on International Relations and Trade.

**SB 1371** by Lucio
Relating to the colonia self-help program.
To Committee on International Relations and Trade.

**SB 1372** by Lucio
Relating to withdrawal and restriction plans for certain insurers.
To Committee on Business and Commerce.

**SB 1373** by Lucio
Relating to the operation and continuation of the law authorizing the issuance of oversize or overweight vehicle permits by certain port authorities.
To Committee on International Relations and Trade.

**SB 1374** by West
Relating to community-based programs for juveniles in certain counties.
To Committee on Criminal Justice.

**SB 1375** by West
Relating to the establishment of the Texas savvy homeowner program.
To Committee on Intergovernmental Relations.

**SB 1376** by Uresti
Relating to the care and protection of foster children committed to or released under supervision by the Texas Youth Commission.
To Committee on Criminal Justice.

TX_00002876

USA_00020339

**SB 1377** by Harris, Seliger
Relating to the administration of the compensation to victims of crime fund and the compensation to victims of crime auxiliary fund.
To Committee on Criminal Justice.

**SB 1378** by Duncan, Averitt
Relating to the plugging of inactive oil or gas wells.
To Committee on Natural Resources.

**SB 1379** by Hinojosa, Williams
Relating to the establishment, funding, and operation of the Texas natural disaster catastrophe fund and the disaster preparedness and mitigation grant council.
To Committee on Business and Commerce.

**SB 1380** by Shapiro
Relating to the right of certain child crime victims to a speedy trial and to be considered with respect to a defendant's motion for continuance.
To Committee on Criminal Justice.

**SB 1381** by Shapiro
Relating to the conditions of bond for a defendant charged with committing certain offenses against a child and to the denial of bail pending trial with respect to certain defendants who violate those conditions.
To Committee on Criminal Justice.

**SB 1382** by Carona
Relating to the coordination of the planning, construction, operation, and maintenance of a statewide passenger rail system by the Texas Department of Transportation.
To Committee on Transportation and Homeland Security.

**SB 1383** by Carona
Relating to the creation and administration of the Texas Local Participation Transportation Program.
To Committee on Transportation and Homeland Security.

**SB 1384** by Huffman
Relating to permissive interlocutory appeals in civil actions.
To Committee on Jurisprudence.

**SB 1385** by Seliger
Relating to the calculation of the rollback tax rate of a school district.
To Committee on Finance.

**SB 1386** by Seliger
Relating to priority groundwater management areas.
To Committee on Natural Resources.

**SB 1387** by Seliger
Relating to the injection and geologic storage of anthropogenic carbon dioxide.
To Committee on Natural Resources.

**SB 1388** by Wentworth
Relating to process server certification and the establishment of a certification division within the Office of Court Administration of the Texas Judicial System.
To Committee on Jurisprudence.

**SB 1389** by Wentworth
Relating to the penalty for the offense of reckless driving.
To Committee on Transportation and Homeland Security.

**SB 1390** by Wentworth
Relating to the regulation of fireworks during a declared local state of disaster.
To Committee on Intergovernmental Relations.

**SB 1391** by Wentworth
Relating to the prosecution and punishment of the offense of criminal trespass.
To Committee on Criminal Justice.

**SB 1392** by Wentworth
Relating to toll collection and enforcement.
To Committee on Transportation and Homeland Security.

**SB 1393** by Wentworth
Relating to the conditions for release on bond of a defendant charged with certain intoxication offenses.
To Committee on Criminal Justice.

**SB 1394** by Zaffirini
Relating to notification of an applicant for admission to a general academic teaching institution regarding the availability of degree programs in the applicant's preferred major field of study offered by other institutions.
To Committee on Higher Education.

**SB 1395** by Zaffirini
Relating to the use of person first respectful language in reference to individuals with disabilities.
To Committee on Health and Human Services.

**SB 1396** by Deuell
Relating to required procedures regarding the ranking of physicians by health benefit plan issuers.
To Committee on State Affairs.

**SB 1397** by Deuell
Relating to establishing the equivalency of competency-based nursing education programs in other states that meet standards of quality equivalent to nursing education programs approved by the Texas Board of Nursing.
To Committee on Health and Human Services.

**SB 1398** by West
Relating to the requirement by a municipality of a license or permit to occupy or lease a residence.
To Committee on Intergovernmental Relations.

**SB 1399** by Seliger
Relating to delinquent payment of an alcoholic beverage retailer's account for liquor.
To Committee on Business and Commerce.

**SB 1400** by Van de Putte
Relating to excused absences from public schools for voting in certain elections.
To Committee on Education.

**SB 1401** by Deuell
Relating to taking or attempting to take a weapon from an employee or official of a
correctional facility that is operated by a county or municipality.
To Committee on Criminal Justice.

**SB 1402** by Hinojosa
Relating to requiring certain political subdivisions to enter a contract with the county
elections administrator to perform election services.
To Committee on State Affairs.

**SB 1403** by Averitt
Relating to changing the Texas Health Insurance Risk Pool to the Texas Health
Insurance Pool, and to the operation of that pool.
To Committee on State Affairs.

**SB 1404** by Duncan
Relating to the powers and duties of the Employees Retirement System of Texas.
To Committee on State Affairs.

**SB 1405** by Shapleigh
Relating to the establishment of an advisory committee to assist the Texas Water
Development Board in incorporating the potential effects of climate variability into
the state water plan.
To Committee on Natural Resources.

**SB 1406** by Shapleigh
Relating to the consideration of the effects of climate variability on water supplies in
regional and state water plans.
To Committee on Natural Resources.

**SB 1407** by Shapleigh
Relating to the creation of the State Developmental Center Evaluation Authority and
the residential placement of individuals with mental retardation.
To Committee on Health and Human Services.

**SB 1408** by Shapleigh
Relating to compensation and employment benefits for members of the Texas State
Guard called to state active duty.
To Committee on Veteran Affairs and Military Installations.

**SB 1409** by Shapleigh
Relating to the definition of first responder for purposes of the immunization registry.
To Committee on Health and Human Services.

TX_00002879

USA_00020342

Case 2:13-cv-00193  Document 662-24  Filed on 11/11/14 in TXSD  Page 51 of 72
e 1:12-cv-00128-RMC-DST-RLW  Document 213-1  Filed 06/20/12  Page 147 of
Tuesday, March 17, 2009        SENATE JOURNAL        561

**SB 1410** by Jackson
Relating to the licensing and regulation of plumbers.
To Committee on Business and Commerce.

**SB 1411** by West
Relating to financial assistance programs in connection with certain children in the conservatorship of the Department of Family and Protective Services.
To Committee on Health and Human Services.

**SB 1412** by Williams
Relating to scholarships for fifth-year accounting students.
To Committee on Higher Education.

**SB 1413** by Williams
Relating to the punishment for tampering with certain governmental records concerning forensic analyses.
To Committee on Criminal Justice.

**SB 1414** by Williams
Relating to the regulation of certain aggregate production operations by the Texas Commission on Environmental Quality; providing penalties.
To Committee on Natural Resources.

**SB 1415** by Hegar
Relating to the creation of a pilot program on deferred disciplinary action.
To Committee on Health and Human Services.

**SB 1416** by Hegar
Relating to certain contracts between pharmacy benefit managers and the Employees Retirement System of Texas, the Teacher Retirement System of Texas, The Texas A&M University System, or The University of Texas System.
To Committee on State Affairs.

**SB 1417** by Shapiro
Relating to transportation planning and the creation and membership of planning organizations and funding allocations for transportation projects.
To Committee on Transportation and Homeland Security.

**SB 1418** by Shapiro
Relating to the issuance of AMBER alert system specialty license plates.
To Committee on Transportation and Homeland Security.

**SB 1419** by Lucio
Relating to this state's goal for renewable energy.
To Committee on Business and Commerce.

**SB 1420** by Lucio
Relating to the sale of electric energy produced by distributed renewable generation owners.
To Committee on Business and Commerce.

TX_00002880
USA_00020343

**SB 1421** by Lucio, Ellis, Van de Putte
Relating to the adoption of modernizations to unemployment compensation benefit
eligibility.
To Committee on Economic Development.

**SB 1422** by Huffman
Relating to the eligibility of certain persons to receive a sentence of community
supervision, including deferred adjudication community supervision.
To Committee on Criminal Justice.

**SB 1423** by Huffman
Relating to goals for renewable energy capacity derived from renewable energy
sources other than sources using wind energy.
To Committee on Business and Commerce.

**SB 1424** by Seliger
Relating to a person's eligibility to possess or carry a concealed handgun or other
firearm.
To Committee on Criminal Justice.

**SB 1425** by Williams
Relating to the creation of alternative fuel programs to be funded by the Texas
Emissions Reduction Plan Fund.
To Committee on Natural Resources.

**SB 1426** by Williams
Relating to the installation, operation, and maintenance of automatic license plate
identification cameras on a highway.
To Committee on Transportation and Homeland Security.

**SB 1427** by Williams
Relating to the regulation of staff leasing services.
To Committee on Business and Commerce.

**SB 1428** by Williams
Relating to the power of the Texas Department of Licensing and Regulation to issue
emergency orders and temporary and emergency licenses.
To Committee on Business and Commerce.

**SB 1429** by Williams
Relating to tax credits for business development in low-income communities.
To Committee on Economic Development.

**SB 1430** by Williams
Relating to election through secret ballot of a labor union as the exclusive bargaining
representative.
To Committee on State Affairs.

**SB 1431** by Hinojosa
Relating to the licensing and regulation of towing companies and vehicle storage
facilities; providing penalties.
To Committee on Transportation and Homeland Security.

Case 2:13-cv-00193   Document 662-24   Filed on 11/11/14 in TXSD   Page 53 of 72
e 1:12-cv-00128-RMC-DST-RLW   Document 213-1   Filed 06/20/12   Page 149 of
Tuesday, March 17, 2009          SENATE JOURNAL          563

**SB 1432** by Nichols
Relating to the investigation, prosecution, and punishment of criminal Medicaid fraud and certain other offenses related to Medicaid fraud; providing penalties.
To Committee on Health and Human Services.

**SB 1433** by Watson
Relating to the delivery of prescription drugs for certain state health plans by mail order; providing an administrative penalty.
To Committee on State Affairs.

**SB 1434** by Watson
Relating to the administration of and eligibility for the child health plan program.
To Committee on Finance.

**SB 1435** by Watson
Relating to family violence and protective orders.
To Committee on Criminal Justice.

**SB 1436** by Watson
Relating to the appeal of a censure issued by the State Commission on Judicial Conduct.
To Committee on Jurisprudence.

**SB 1437** by Watson
Relating to the powers of an associate judge in a Title IV-D case.
To Committee on Jurisprudence.

**SB 1438** by Watson
Relating to compliance requirements for candidates for judicial office.
To Committee on State Affairs.

**SB 1439** by Watson
Relating to the travel, board, and lodging expenses of a person appointed to assist the State Commission on Judicial Conduct.
To Committee on Jurisprudence.

**SB 1440** by Watson
Relating to orders and judgments rendered by associate judges in child support and child protection cases.
To Committee on Jurisprudence.

**SB 1441** by Watson
Relating to the terms of the members of the Court Reporters Certification Board.
To Committee on Jurisprudence.

**SB 1442** by Fraser
Relating to business entities and associations.
To Committee on Business and Commerce.

TX_00002882
USA_00020345

**SB 1443** by Zaffirini
Relating to the academic costs charged to resident undergraduate students by general academic teaching institutions and certain reports regarding the operational costs of those institutions.
To Committee on Higher Education.

**SB 1444** by Shapiro
Relating to exempting the sale of certain property used for research and development from the sales tax.
To Committee on Finance.

**SB 1445** by Zaffirini
Relating to the transfer of a student from the school district of the student's residence to another district.
To Committee on Education.

**SB 1446** by Zaffirini
Relating to the authority of the Texas Education Agency to seek, accept, determine eligibility for, and distribute grants available for the benefit of public education.
To Committee on Education.

**SB 1447** by West
Relating to civil remedy of violations of certain municipal health and safety ordinances.
To Committee on Intergovernmental Relations.

**SB 1448** by West
Relating to the enforcement of municipal building and safety ordinances by tenants of buildings; providing civil penalties.
To Committee on Intergovernmental Relations.

**SB 1449** by West
Relating to the appointment of a receiver to remedy hazardous properties.
To Committee on Intergovernmental Relations.

**SB 1450** by West
Relating to the right of certain municipalities to maintain local control over wages, hours, and other terms and conditions of employment.
To Committee on Intergovernmental Relations.

**SB 1451** by West
Relating to limiting use of money in the Texas Enterprise Fund to recipients that provide health benefit plans.
To Committee on Economic Development.

**SB 1452** by West
Relating to a residential property insurance premium discount for certain dwellings.
To Committee on Business and Commerce.

TX_00002883

USA_00020346

**SB 1453** by West
Relating to the eligibility of certain individuals with a terminally ill parent for unemployment compensation.
To Committee on Economic Development.

**SB 1454** by West
Relating to the right to an expunction of records and files relating to a person's arrest.
To Committee on Criminal Justice.

**SB 1455** by West
Relating to the operation of prison diversion progressive sanctions programs.
To Committee on Criminal Justice.

**SB 1456** by Duncan
Relating to the time for bringing an action on a consumer debt.
To Committee on State Affairs.

**SB 1457** by Carona
Relating to a waiver of sovereign or governmental immunity by governmental entities that fail to make a timely payment under the Prompt Payment Act.
To Committee on State Affairs.

**SB 1458** by Seliger
Relating to the authority of the commissioners court of a county to enter into an ad valorem tax abatement agreement.
To Committee on Economic Development.

**SB 1459** by Shapiro
Relating to education initiatives for students of limited English proficiency and students at risk of dropping out of school.
To Committee on Education.

**SB 1460** by Shapiro
Relating to professional development academies designed for public school teachers who provide instruction to certain students of limited English proficiency.
To Committee on Education.

**SB 1461** by Duncan
Relating to the registration of diagnostic imaging equipment, the accreditation of diagnostic imaging facilities, and the regulation of diagnostic imaging providers; providing penalties.
To Committee on Health and Human Services.

**SB 1462** by Carona
Relating to the use of public facilities as emergency shelters during disasters.
To Subcommittee on Flooding and Evacuations.

**SB 1463** by Lucio
Relating to the provision of information regarding health care and other benefits for veterans.
To Committee on Veteran Affairs and Military Installations.

TX_00002884

USA_00020347

**SB 1464** by Williams
Relating to the creation of the Harris County Municipal Utility District No. 525; providing authority to impose a tax and issue bonds; granting a limited power of eminent domain.
To Committee on Intergovernmental Relations.

**SB 1465** by Lucio
Relating to refund of excess unearned premiums by insurance premium finance companies.
To Committee on Business and Commerce.

**SB 1466** by Davis
Relating to the purchase of cement by the Texas Department of Transportation.
To Committee on Natural Resources.

**SB 1467** by Davis
Relating to governmental agency contracts that involve the production of cement.
To Committee on Government Organization.

**SB 1468** by Davis
Relating to notice of expiration and price change in retail electric service contracts.
To Committee on Business and Commerce.

**SB 1469** by Davis
Relating to the redemption of real property sold at an ad valorem tax sale.
To Committee on Finance.

**SB 1470** by Gallegos
Relating to the creation of a separate local workforce development board for certain counties.
To Committee on Economic Development.

**SB 1471** by Gallegos
Relating to the composition of certain regional planning commissions.
To Committee on Intergovernmental Relations.

**SB 1472** by Gallegos
Relating to public meetings for permit applications under the Texas Clean Air Act.
To Committee on Natural Resources.

**SB 1473** by Nichols
Relating to employment services programs for certain residents receiving services from public hospitals or hospital districts.
To Committee on Health and Human Services.

**SB 1474** by Nichols
Relating to compensation for certain emergency services personnel.
To Committee on Transportation and Homeland Security.

**SB 1475** by Ellis, Van de Putte, Watson
Relating to the notice required by certain mortgage servicers before foreclosing a contract lien on certain real property; providing civil penalties.
To Committee on Business and Commerce.

TX_00002885

USA_00020348

**SB 1476** by Ellis
Relating to the authority of a community health center to contract with or employ an optometrist or therapeutic optometrist.
To Committee on Health and Human Services.

**SB 1477** by Uresti
Relating to certain judicial findings required before a court may order a person to receive extended outpatient mental health services.
To Committee on Jurisprudence.

**SB 1478** by Carona
Relating to the authority of hospital districts to lease undeveloped real property.
To Committee on Intergovernmental Relations.

**SB 1479** by Carona
Relating to exemptions from certain mandated benefit requirements in supplemental or limited coverage health benefit plans.
To Committee on State Affairs.

**SB 1480** by Davis
Relating to regulation of electric generation capacity ownership in the electric power market.
To Committee on Business and Commerce.

**SB 1481** by Davis
Relating to energy aggregation by political subdivisions.
To Committee on Business and Commerce.

**SB 1482** by Davis
Relating to the development and implementation of a wholesale market structure for ERCOT.
To Committee on Business and Commerce.

**SB 1483** by Huffman
Relating to the creation of the Galveston County Municipal Utility District No. 76; providing authority to impose a tax and issue bonds; granting a limited power of eminent domain.
To Committee on Intergovernmental Relations.

**SB 1484** by Watson
Relating to delivery of certain services through consumer direction to elderly persons and persons with disabilities.
To Committee on Health and Human Services.

**SB 1485** by Watson
Relating to the sale of used, surplus, or salvage property and firefighting equipment by an emergency services district.
To Committee on Intergovernmental Relations.

**SB 1486** by Watson
Relating to the qualifications of special education personnel in public schools.
To Committee on Education.

TX_00002886

USA_00020349

**SB 1487** by Watson
Relating to the statewide plan for delivery of services to public school students with disabilities and resources for teachers of public school students with special health needs.
To Committee on Education.

**SB 1488** by Watson
Relating to a grant available to school districts to provide services to students with disabilities.
To Committee on Education.

**SB 1489** by Watson
Relating to optional dispute resolution methods for school districts and parents of students seeking or receiving special education services.
To Committee on Education.

**SB 1490** by Watson
Relating to requirements for the conduct of Texas Education Agency special education due process hearings.
To Committee on Education.

**SB 1491** by Williams
Relating to the definition of supplemental environmental projects.
To Committee on Natural Resources.

**SB 1492** by Williams
Relating to the delay of retail electric competition in the areas of the state covered by the Southeastern Electric Reliability Council and to the recovery of certain transmission costs by electric utilities in those areas.
To Committee on Business and Commerce.

**SB 1493** by Williams
Relating to certain amounts payable by the Texas Life, Accident, Health, and Hospital Service Insurance Guaranty Association.
To Committee on State Affairs.

**SB 1494** by Williams
Relating to the disclosure of certain ad valorem tax appraisal information and other confidential information.
To Committee on Finance.

**SB 1495** by Williams
Relating to the taxation of motor fuels.
To Committee on Finance.

**SB 1496** by Williams
Relating to the revocation and reinstatement of an end user number for purposes of purchasing dyed diesel fuel.
To Committee on Finance.

TX_00002887

USA_00020350

Case 2:13-cv-00193 Document 662-24 Filed on 11/11/14 in TXSD Page 59 of 72
e 1:12-cv-00128-RMC-DST-RLW Document 213-1 Filed 06/20/12 Page 155 of
Tuesday, March 17, 2009 SENATE JOURNAL 569

**SB 1497** by Williams
Relating to binding arbitration of certain appraisal review board orders.
To Committee on Finance.

**SB 1498** by Van de Putte
Relating to veteran's employment preferences.
To Committee on Veteran Affairs and Military Installations.

**SB 1499** by Van de Putte
Relating to eligibility of certain children for public school prekindergarten classes.
To Committee on Education.

**SB 1500** by Duncan
Relating to the employment of physicians by certain hospitals.
To Committee on State Affairs.

**SB 1501** by West
Relating to the eligibility of nonprofit organizations that partner with certain schools to receive grants for agricultural projects.
To Committee on Agriculture and Rural Affairs.

**SB 1502** by Seliger
Relating to the authority of the Martin County Hospital District to employ physicians and other health care providers.
To Committee on Intergovernmental Relations.

**SB 1503** by Seliger
Relating to the authority of the board of directors of the Dallam-Hartley Counties Hospital District to employ health care providers.
To Committee on Intergovernmental Relations.

**SB 1504** by Whitmire
Relating to the concurrent jurisdiction of certain municipal courts in certain criminal cases punishable by fine only.
To Committee on Criminal Justice.

**SB 1505** by Whitmire
Relating to the arrest and release on bail or other form of bond of certain criminal defendants with a mental illness or with mental retardation.
To Committee on Criminal Justice.

**SB 1506** by Whitmire
Relating to the payment of the costs associated with certain conditions of bond.
To Committee on Criminal Justice.

**SB 1507** by Carona
Relating to motor vehicles; providing penalties.
To Committee on Transportation and Homeland Security.

TX_00002888

USA_00020351

**SB 1508** by Carona
Relating to the authority of certain transportation and transit authorities to enforce compliance with high occupancy vehicle lane restrictions by an automated enforcement system; providing for the imposition of penalties.
To Committee on Transportation and Homeland Security.

**SB 1509** by Carona
Relating to the Correctional Facility Capacity Commission.
To Committee on Criminal Justice.

**SB 1510** by West, Carona
Relating to the authorization to designate and the designation of a portion of Interstate Highway 20 in Dallas County as the President Barack Obama Freeway.
To Committee on Transportation and Homeland Security.

**SB 1511** by Watson
Relating to participation in, contributions to, and the benefits and administration of retirement systems for police officers in certain municipalities.
To Committee on State Affairs.

**SB 1512** by Watson
Relating to participation in and benefits and administration of retirement systems for firefighters in certain municipalities.
To Committee on State Affairs.

**SB 1513** by Watson
Relating to long-term care consumer information made available through the Internet.
To Committee on Health and Human Services.

**SB 1514** by Watson
Relating to child support arrearages and a counterclaim or offset based on certain disability payments.
To Committee on Jurisprudence.

**SB 1515** by Watson
Relating to a major events trust fund and an events trust fund for sporting and non-sporting events.
To Committee on Economic Development.

**SB 1516** by Watson
Relating to certain costs and fees in a Title IV-D case.
To Committee on Jurisprudence.

**SB 1517** by Shapleigh
Relating to the right to an expunction of records and files relating to a person's arrest.
To Committee on Criminal Justice.

**SB 1518** by Shapleigh
Relating to the regulation of tax refund anticipation loans.
To Committee on Business and Commerce.

Case 2:13-cv-00193 Document 662-24 Filed on 11/11/14 in TXSD Page 61 of 72
e 1:12-cv-00128-RMC-DST-RLW Document 213-1 Filed 06/20/12 Page 157 of
Tuesday, March 17, 2009    SENATE JOURNAL    5719

**SB 1519** by Shapleigh
Relating to the regulation of debt collection agencies; imposing criminal penalties.
To Committee on Business and Commerce.

**SB 1520** by Shapleigh
Relating to the protection and care of individuals with mental retardation residing in certain residential care facilities.
To Committee on Health and Human Services.

**SB 1521** by Shapleigh
Relating to the regulation of certain boarding houses and assisted living facilities; providing penalties.
To Committee on Health and Human Services.

**SB 1522** by Shapleigh
Relating to the exemption of certain school districts from the drainage charge imposed by a municipal drainage utility system.
To Committee on Intergovernmental Relations.

**SB 1523** by Shapleigh
Relating to requiring satisfactory completion of a course in the Leadership in Energy and Environmental Design (LEED) Green Building Rating System as a requisite for a degree in architecture at certain public institutions of higher education.
To Committee on Higher Education.

**SB 1524** by Shapleigh
Relating to a report regarding research funds received by public institutions of higher education or employees of those institutions from pharmaceutical companies.
To Committee on Higher Education.

**SB 1525** by Shapleigh
Relating to physical education and physical activity requirements in public schools.
To Committee on Education.

**SB 1526** by Shapleigh
Relating to financial and status reporting requirements for the Border Health Institute.
To Committee on International Relations and Trade.

**SB 1527** by Shapleigh
Relating to the creation of an electronic medical record for certain individuals enrolled in the Medicaid or child health plan program.
To Committee on Health and Human Services.

**SB 1528** by Shapleigh
Relating to advertising to promote good health by certain persons who advertise food or beverages in public schools.
To Committee on Education.

TX_00002890

USA_00020353

**SB 1529** by Whitmire
Relating to criminal asset forfeiture, the disposition of proceeds and property from criminal asset forfeiture, and accountability for that disposition; providing civil penalties.
To Committee on Criminal Justice.

**SB 1530** by Whitmire
Relating to including playgrounds in the designation of certain places as drug-free zones for purposes of the criminal penalties that apply to certain drug-related offenses.
To Committee on Criminal Justice.

**SB 1531** by Whitmire
Relating to the definition of a playground for purposes of certain places protected from certain criminal activities.
To Committee on Criminal Justice.

**SB 1532** by Hegar
Relating to certain construction liens under the Texas Residential Construction Commission Act.
To Committee on Business and Commerce.

**SB 1533** by Hegar
Relating to persons subject to liability for residential construction defects or regulation as a builder of residential construction.
To Committee on Business and Commerce.

**SB 1534** by Hegar
Relating to county assistance districts.
To Committee on Intergovernmental Relations.

**SB 1535** by Hinojosa
Relating to nonpayment of hospitals under the state Medicaid program for certain preventable adverse events and to the reporting of occurrences of those events at certain health care facilities.
To Committee on Health and Human Services.

**SB 1536** by Uresti
Relating to preferred drug lists, including confidentiality, supplemental rebate, prior authorization, and publication requirements.
To Committee on Health and Human Services.

**SB 1537** by Van de Putte
Relating to tuition and fee exemptions at public institutions of higher education for certain military personnel and the spouses of certain deceased and missing military personnel.
To Committee on Veteran Affairs and Military Installations.

**SB 1538** by Van de Putte
Relating to establishing veterans resource centers at certain institutions of higher education.
To Committee on Veteran Affairs and Military Installations.

TX_00002891

USA_00020354

**SB 1539** by Carona
Relating to in-casket identification of a deceased person.
To Committee on Health and Human Services.

**SB 1540** by Carona
Relating to a nonsubstantive revision of statutes relating to railroads; including conforming amendments.
To Committee on Administration.

**SB 1541** by Gallegos
Relating to measuring, monitoring, and reporting emissions.
To Committee on Natural Resources.

**SB 1542** by Uresti
Relating to the conduct of investigations, prepayment reviews, and payment holds in cases of suspected fraud, waste, or abuse in the provision of health and human services.
To Committee on Health and Human Services.

**SB 1543** by Uresti
Relating to the establishment of the Interagency Literacy Council for the study, promotion, and enhancement of literacy in this state.
To Committee on Economic Development.

**SB 1544** by Averitt
Relating to the creation of the Prairielands Groundwater Conservation District; providing authority to issue bonds and granting the power of eminent domain.
To Committee on Natural Resources.

**SB 1545** by Averitt
Relating to health benefit coverage for children and grandchildren.
To Committee on State Affairs.

**SB 1546** by Uresti
Relating to the creation and administration of a community-based at-risk youth program.
To Committee on Education.

**SB 1547** by Ogden
Relating to claims or actions against the state for which legislative consent to a settlement or compromise may be required.
To Committee on Finance.

**SB 1549** by Van de Putte
Relating to the calculation by a school district of a high school student's grade point average.
To Committee on Education.

**SB 1550** by Carona
Relating to the regulation of certain life settlement contracts; providing penalties.
To Committee on State Affairs.

TX_00002892

USA_00020355

**SB 1551** by Carona
Relating to the operation and regulation of certain consolidated insurance programs.
To Committee on State Affairs.

**SB 1552** by Lucio
Relating to unenforceable restrictive covenants affecting residential homes.
To Committee on Intergovernmental Relations.

**SB 1553** by Wentworth
Relating to the creation of district courts in certain counties.
To Committee on Jurisprudence.

**SB 1554** by Gallegos
Relating to the authority of officers in certain counties to designate a person to receive fees, commissions, or costs.
To Committee on Intergovernmental Relations.

**SB 1555** by Gallegos
Relating to the conditions of employment for firefighters employed by certain airport districts; providing penalties.
To Committee on Intergovernmental Relations.

**SB 1556** by Gallegos
Relating to the promotion and marketing of alcoholic beverages.
To Committee on Business and Commerce.

**SB 1557** by Duncan
Relating to the early identification of criminal defendants who are or may be persons with mental illness or mental retardation.
To Committee on Criminal Justice.

**SB 1558** by Carona
Relating to including in the computerized criminal history system certain forensic DNA test results that indicate the person committed another offense.
To Committee on Criminal Justice.

**SB 1559** by Shapiro
Relating to the public awareness campaign promoting higher education.
To Committee on Higher Education.

**SB 1561** by Shapiro
Relating to developing a developmental education plan for students entering public institutions of higher education.
To Committee on Higher Education.

**SB 1562** by Shapleigh
Relating to contracts entered into for the employment of the chief executive officer of a public institution of higher education.
To Committee on Higher Education.

TX_00002893

USA_00020356

**SB 1563** by Shapleigh
Relating to the liability of a public utility that allows recreational use of land that the public utility owns, occupies, or leases.
To Committee on State Affairs.

**SB 1564** by Shapleigh
Relating to Tier One Challenge funding to support the development and enhancement of national research universities in this state.
To Committee on Higher Education.

**SB 1565** by Van de Putte
Relating to the administration of immunizations and vaccinations by therapeutic optometrists.
To Committee on Health and Human Services.

**SB 1566** by Shapleigh
Relating to the acquisition, dissemination, and use of certain geographic information system data.
To Committee on Natural Resources.

**SB 1567** by Shapleigh
Relating to creating a pilot project to reduce the need for developmental education required for certain students entering higher education.
To Committee on Education.

**SB 1568** by Davis
Relating to lapsed teacher certification due to a delay in agency processing.
To Committee on Education.

**SB 1569** by Eltife
Relating to unemployment compensation modernization.
To Committee on Economic Development.

**SB 1570** by Carona
Relating to the facilitation, analysis, and implementation of high-speed passenger rail in this state.
To Committee on Transportation and Homeland Security.

**SB 1571** by Hinojosa
Relating to the issuance of certain permits for overweight vehicles.
To Committee on Transportation and Homeland Security.

**SB 1572** by Hinojosa
Relating to land reclamation projects using tires.
To Committee on Natural Resources.

**SB 1573** by Hinojosa
Relating to the governing body of the Agua Special Utility District.
To Committee on Intergovernmental Relations.

**SB 1574** by Hinojosa
Relating to the requirement that the county clerk of certain counties prepare a written records management and preservation services plan.
To Committee on Intergovernmental Relations.

**SB 1575** by Hinojosa
Relating to the random assignment of criminal and civil cases in district courts in Hidalgo County.
To Committee on Jurisprudence.

**SB 1576** by Shapiro
Relating to an algebra instruction grant program.
To Committee on Education.

**SB 1577** by Shapiro
Relating to excused absences from public school attendance for a student diagnosed with autism spectrum disorder to attend a health care appointment.
To Committee on Education.

**SB 1578** by Shapiro
Relating to service records of professional staff employed by school districts.
To Committee on Education.

**SB 1579** by Harris
Relating to the procedure for appointment of counsel for indigent defendants.
To Committee on Criminal Justice.

**SB 1580** by Harris
Relating to the imposition and use of certain court costs for breath alcohol testing programs.
To Committee on Criminal Justice.

**SB 1581** by Harris
Relating to the appointment of counsel to represent an indigent defendant in a capital case and to the reimbursement of certain expenses incurred by appointed counsel.
To Committee on Criminal Justice.

**SB 1582** by Harris
Relating to the criminal penalty for capturing, transporting, or transplanting white-tailed or mule deer without a permit.
To Committee on Agriculture and Rural Affairs.

**SB 1583** by Harris
Relating to the trapping and transport of surplus white-tailed deer.
To Committee on Agriculture and Rural Affairs.

**SB 1584** by Harris
Relating to the penalties associated with violations of laws pertaining to a deer breeder permit.
To Committee on Agriculture and Rural Affairs.

TX_00002895

USA_00020358

**SB 1585** by Harris
Relating to the approval of a biologist for a permit to trap, transport, and process deer.
To Committee on Agriculture and Rural Affairs.

**SB 1586** by Harris
Relating to the establishment of a shared database for deer breeder reporting requirements.
To Committee on Agriculture and Rural Affairs.

**SB 1587** by Van de Putte
Relating to a uniform and statewide 9-1-1 emergency services fee on the retail sale of prepaid wireless telecommunications services to consumers.
To Committee on Business and Commerce.

**SB 1588** by Ogden
Relating to directing payment, after approval, of certain miscellaneous claims and judgments against the state out of funds designated by this Act; making appropriations.
To Committee on Finance.

**SB 1589** by Ogden
Relating to the reporting of unclaimed property.
To Committee on Finance.

**SB 1590** by Ogden
Relating to the functions performed by the comptroller in connection with applications and agreements under the Texas Economic Development Act.
To Committee on Finance.

**SB 1591** by Ogden
Relating to the length of time certain property acquired by a charitable organization to provide low-income housing may be exempted from ad valorem taxation.
To Committee on Finance.

**SB 1592** by Fraser
Relating to assignment of security interests in certain collateral.
To Committee on Business and Commerce.

**SB 1593** by Seliger
Relating to agreements for limitations on appraised value under the Texas Economic Development Act.
To Committee on Economic Development.

**SB 1594** by Seliger
Relating to suspension of a driver's license for failure to pay a civil penalty imposed by the Texas Ethics Commission; providing penalties.
To Committee on State Affairs.

**SB 1595** by Seliger
Relating to direct payment by a health or automobile insurer of physicians and health care providers.
To Committee on State Affairs.

TX_00002896

USA_00020359

**SB 1596** by Watson
Relating to a title insurance company affidavit as a release of lien.
To Committee on Business and Commerce.

**SB 1597** by Watson
Relating to the analysis of greenhouse gas emissions associated with a metropolitan
planning organization's long-range plan.
To Committee on Natural Resources.

**SB 1598** by Watson
Relating to authorizing a power of attorney for a caregiver of a child.
To Committee on Jurisprudence.

**SB 1599** by Watson
Relating to the disclosure of criminal history record information to the Court
Reporters Certification Board.
To Committee on Jurisprudence.

**SB 1600** by Watson
Relating to the creation of a database to track specialized technology research projects
conducted by public universities, public university research facilities, and other state
institutions.
To Committee on Higher Education.

**SB 1601** by Watson
Relating to sanctions for public schools designated academically unacceptable.
To Committee on Education.

**SB 1602** by Shapleigh
Relating to creating a microloan guarantee program using funds appropriated to the
Texas Enterprise Fund.
To Committee on Economic Development.

**SB 1603** by Shapleigh
Relating to requiring financial disclosure concerning reports prepared by public
institutions of higher education for other entities.
To Committee on Higher Education.

**SB 1604** by Shapleigh
Relating to voting system requirements.
To Committee on State Affairs.

**SB 1605** by Shapleigh
Relating to the use of federal estate tax provisions in determining the application of
the Texas estate tax to certain transfers of property and to the allocation of Texas
estate tax revenue.
To Committee on Finance.

**SB 1606** by Eltife
Relating to the regulation of industrialized housing and buildings.
To Committee on Education.

TX_00002897

USA_00020360

**SB 1607** by West
Relating to the issuance of a search warrant for a blood specimen from certain persons
arrested for certain intoxication offenses.
To Committee on Criminal Justice.

**SB 1608** by West
Relating to the punishment for certain conduct constituting the offense of official
oppression and to the statute of limitation on prosecution of that conduct.
To Committee on Criminal Justice.

**SB 1609** by Hegar
Relating to the control of access to state highways by the Texas Department of
Transportation.
To Committee on Transportation and Homeland Security.

**SB 1610** by Hegar
Relating to liability of vehicle lessees for unpaid tolls.
To Committee on Transportation and Homeland Security.

**SB 1611** by Davis
Relating to the cancellation of a health benefit plan on the basis of misrepresentation
or a preexisting condition; providing penalties.
To Committee on State Affairs.

**SB 1612** by Lucio
Relating to the provision of information by health and human services agencies to
assist children diagnosed with velocardiofacial syndrome.
To Committee on Health and Human Services.

**SB 1613** by Lucio
Relating to establishing an Early Childhood Behavioral Consultation Grant Program.
To Committee on Health and Human Services.

**SB 1614** by Wentworth
Relating to the requirement that certain orders closing, abandoning, or vacating a
county road be filed and indexed in the deed records of the county where the road is
located.
To Committee on Transportation and Homeland Security.

**SB 1615** by Wentworth
Relating to the authorization of airport authorities and the issuance of bonds and the
exercise of eminent domain by the authorities.
To Committee on Transportation and Homeland Security.

**SB 1616** by Wentworth
Relating to the fees for certain license plates.
To Committee on Transportation and Homeland Security.

**SB 1617** by Wentworth
Relating to the titling and registration of certain motor vehicles.
To Committee on Transportation and Homeland Security.

**SB 1618** by Wentworth
Relating to the election of the governing body of certain municipalities.
To Committee on State Affairs.

**SB 1619** by Wentworth
Relating to the applicability of certain municipal home-rule charter provisions on
actions relating to the issuance of public securities by a home-rule municipality.
To Committee on Intergovernmental Relations.

**SB 1620** by Wentworth
Relating to the regulation of property tax lenders.
To Committee on Business and Commerce.

## RESOLUTIONS OF RECOGNITION

The following resolutions were adopted by the Senate:

### Memorial Resolution

**SR 442** by Nelson, In memory of Mike Rambo.

### Congratulatory Resolutions

**SCR 50** by Hinojosa, Recognizing Arturo E. Guerra, Jr., for his contributions to the
justice system in Texas.

**SR 443** by Uresti, Recognizing James E. Love for his contributions to the field of
education.

**SR 444** by Uresti, Recognizing Clarence A. Johnson for his contributions to the field
of education.

### Official Designation Resolutions

**SR 324** by Ellis, Recognizing March 17, 2009, as Teach For America Day at the
Capitol.

**HCR 87** (Jackson), Declaring March 10, 2009, Brazoria County Day at the State
Capitol.

## ADJOURNMENT

Pursuant to a previously adopted motion, the Senate at 6:45 p.m. adjourned, in
memory of John Andrew Collins of The Woodlands and Matthew Virgel of
Greenville, until 11:00 a.m. tomorrow.

---

## APPENDIX

---

## COMMITTEE REPORTS

The following committee reports were received by the Secretary of the Senate in
the order listed:

March 17, 2009

ECONOMIC DEVELOPMENT — **SB 576, SB 741**

HEALTH AND HUMAN SERVICES — **CSSB 87, CSSB 277, CSSB 345,
CSSB 346, CSSB 476, CSSB 479, CSSB 531, CSSB 584**

## RESOLUTIONS ENROLLED

March 16, 2009

**SR 315,  SR 417,  SR 418,  SR 419,  SR 420,  SR 421,  SR 422,  SR 423,  SR 424, SR 425,  SR 426,  SR 427,  SR 428,  SR 429,  SR 430,  SR 431,  SR 432,  SR 433, SR 434, SR 435, SR 436, SR 437, SR 439, SR 440, SR 441**

TX_00002901
JA_005482

TX_00002901

USA_00020364