PL088
9/2/2014
2:13-cv-00193

# HOUSE JOURNAL

EIGHTIETH LEGISLATURE, REGULAR SESSION

## PROCEEDINGS

SIXTY-FIRST DAY — TUESDAY, APRIL 24, 2007

The house met at 10 a.m. and, at the request of the speaker, was called to order by Representative Farabee.

The roll of the house was called and a quorum was announced present (Record 620).

Present — Mr. Speaker; Allen; Alonzo; Anchia; Anderson; Aycock; Bailey; Berman; Bohac; Bolton; Bonnen; Branch; Brown, B.; Brown, F.; Burnam; Callegari; Castro; Chavez; Chisum; Christian; Cohen; Coleman; Cook, B.; Cook, R.; Corte; Crabb; Creighton; Crownover; Darby; Davis, J.; Davis, Y.; Delisi; Deshotel; Driver; Dukes; Dunnam; Dutton; Eiland; Eissler; Elkins; England; Escobar; Farabee; Farias; Farrar; Flores; Flynn; Frost; Gallego; Garcia; Gattis; Geren; Giddings; Gonzales; Gonzalez Toureilles; Goolsby; Guillen; Haggerty; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Heflin; Hernandez; Herrero; Hilderbran; Hill; Hochberg; Hodge; Homer; Hopson; Howard, C.; Howard, D.; Hughes; Isett; Jackson; Jones; Keffer; King, P.; King, S.; King, T.; Kolkhorst; Krusee; Kuempel; Latham; Laubenberg; Leibowitz; Lucio; Macias; Madden; Mallory Caraway; Martinez; Martinez Fischer; McCall; McClendon; McReynolds; Menendez; Merritt; Miles; Miller; Morrison; Mowery; Murphy; Naishtat; Noriega; O'Day; Oliveira; Olivo; Orr; Ortiz; Otto; Parker; Patrick; Paxton; Peña; Phillips; Pickett; Pierson; Pitts; Puente; Quintanilla; Raymond; Riddle; Ritter; Rodriguez; Rose; Smith, T.; Smith, W.; Smithee; Solomons; Strama; Straus; Swinford; Talton; Taylor; Thompson; Truitt; Turner; Van Arsdale; Vaught; Veasey; Villarreal; Vo; West; Woolley; Zedler; Zerwas.

Absent, Excused — Moreno.

The invocation was offered by Reverend Jimmy Drennan, St. Paul Catholic Church, San Antonio, as follows:

Loving and Faithful God, we turn to you on this morning and begin by acknowledging how wonderful and generous you are. We thank you for the gift of life and the boundless resources you provide our world. As we gather this day to contemplate the choices we will make, we choose to first pray for the needs of others. We pray for an end to the violence and war that plague our world. We pray for the soldiers from all countries who have been summoned to fight for peace and justice. We pray for those who have given their lives in combat and for all victims of war. May we soon find lasting peace.

JA_008003

USA_00022885

Faithful God, we still pray for the victims of the Virginia Tech shooting, for those who died, those who are healing, and those who are struggling to put their lives back in order. Give courage and strength to each of them and assist us all in the healing so needed in our country.

Lord and God, we now direct our prayers to the elected officials of our state—these representatives who gather this day to make choices for the needs of all people in our state. Inspire them not to focus on a few but on the whole. Give them limitless sight and age-old wisdom to realize we must step back and view the whole tapestry of our state, our needs and hopes, our strength and weakness, our young and old, our native born and our immigrant, to appreciate and serve the needs of everyone.

Give them understanding to realize the choices they make this day and everyday may provide the opportunity for a child to be born, a family to obtain a home, a high school graduate to attend college, a single mother to earn a living wage, an elderly Texan to die with dignity. Give them the ability to understand the value and weight of each choice they make—so profound they may approach every choice as if it were the first choice, the last choice, and the only choice they will ever make in their legislative career.

Your blessings we ask upon their work, the blessings of the God who created us, the God who redeemed us, and the God who sanctifies us, both now and forever and ever. Amen.

The chair recognized Representative Martinez Fischer who led the house in the pledges of allegiance to the United States and Texas flags.

## LEAVE OF ABSENCE GRANTED

The following member was granted leave of absence for today and the remainder of the week because of illness:

Moreno on motion of Escobar.

## CAPITOL PHYSICIAN

The chair recognized Representative Kolkhorst who presented Dr. Henry Boehm of Brenham as the "Doctor for the Day."

The house welcomed Dr. Boehm and thanked him for his participation in the Physician of the Day Program sponsored by the Texas Academy of Family Physicians.

(Speaker in the chair)

## MESSAGE FROM THE SENATE

A message from the senate was received at this time (see the addendum to the daily journal, Messages from the Senate, Message No. 1).

## HR 1615 - ADOPTED
## (by Martinez Fischer)

Representative Martinez Fischer moved to suspend all necessary rules to take up and consider at this time **HR 1615**.

The motion prevailed.

JA_008004

USA_00022886

The following resolution was laid before the house:

**HR 1615**, Recognizing Father Jimmy David Drennan for his service as Pastor of the Day on April 24, 2007.

**HR 1615** was read and was adopted.

(D. Howard in the chair)

### LEAVE OF ABSENCE GRANTED

The following member was granted leave of absence temporarily for today because of important business in the district:

Branch on motion of Straus.

### BILLS AND RESOLUTIONS SIGNED BY THE SPEAKER

Notice was given at this time that the speaker had signed bills and resolutions in the presence of the house (see the addendum to the daily journal, Signed by the Speaker, House List No. 25).

### HR 369 - ADOPTED
### (by Berman)

Representative Berman moved to suspend all necessary rules to take up and consider at this time **HR 369**.

The motion prevailed.

The following resolution was laid before the house:

**HR 369**, Congratulating The University of Texas at Tyler baseball team on winning a Jostens/National Association of Division III Athletic Administrators Community Service Award.

**HR 369** was read and was adopted.

On motion of Representatives Merritt and Hopson, the names of all the members of the house were added to **HR 369** as signers thereof.

(Hardcastle in the chair)

### INTRODUCTION OF GUESTS

The chair recognized Representative Berman who introduced players of The University of Texas at Tyler baseball team.

### HR 1607 - ADOPTED
### (by Hodge)

Representative Hodge moved to suspend all necessary rules to take up and consider at this time **HR 1607**.

The motion prevailed.

The following resolution was laid before the house:

**HR 1607**, Honoring boxer Angelica "Angel" Martinez of Dallas.

**HR 1607** was read and was adopted.

JA_008005

USA_00022887

On motion of Representative McClendon, the names of all the members of the house were added to **HR 1607** as signers thereof.

### INTRODUCTION OF GUESTS

The chair recognized Representative Hodge who introduced Angelica "Angel" Martinez, her mother Enriqueta Martinez, and Lindsay Throp.

### HR 1654 - ADOPTED
### (by Patrick)

Representative Patrick moved to suspend all necessary rules to take up and consider at this time **HR 1654**.

The motion prevailed.

The following resolution was laid before the house:

**HR 1654**, Welcoming graduate students and faculty from The University of Texas at Arlington to the State Capitol.

**HR 1654** was adopted.

### INTRODUCTION OF GUESTS

The chair recognized Representative Patrick who introduced faculty from The University of Texas at Arlington.

### REGULAR ORDER OF BUSINESS SUSPENDED

On motion of Representative Kuempel and by unanimous consent, the reading and referral of bills was postponed until just prior to adjournment.

### HR 15 - READ
### (by Callegari)

The chair laid out and had read the following previously adopted resolution:

**HR 15**, In memory of Walter Max Mischer of Houston.

### HR 15 - MOTION TO ADD NAMES

On motion of Representative Gallego, the names of all the members of the house were added to **HR 15** as signers thereof.

### INTRODUCTION OF GUESTS

The chair recognized Representative Callegari who introduced family members of Walter Max Mischer.

### HCR 168 - ADOPTED
### (by Strama)

Representative Strama moved to suspend all necessary rules to take up and consider at this time **HCR 168**.

The motion prevailed.

The following resolution was laid before the house:

JA_008006

USA_00022888

**HCR 168**, Extending appreciation to the professionals of the juvenile probation system on Texas Juvenile Probation Day at the State Capitol.

**HCR 168** was adopted.

### POSTPONED BUSINESS

The following bills were laid before the house as postponed business:

### CSHB 1443 ON SECOND READING
### (by J. Davis)

**CSHB 1443**, A bill to be entitled An Act relating to restrictions on the interchange of transplant immunosuppressant drugs.

**CSHB 1443** was read second time on April 18 and was postponed until 2 p.m. April 23.

Representative J. Davis moved to postpone consideration of **CSHB 1443** until 9 a.m. Friday, April 27.

The motion prevailed.

### HB 1556 ON SECOND READING
### (by Pickett)

**HB 1556**, A bill to be entitled An Act relating to the management of certain public land.

**HB 1556** was read second time on March 20, postponed until March 26, postponed until April 17, and was again postponed until 10 a.m. today.

Representative Pickett moved to postpone consideration of **HB 1556** until 10 a.m. Tuesday, May 8.

The motion prevailed.

### CSSB 370 ON SECOND READING
### (Eissler - House Sponsor)

**CSSB 370**, A bill to be entitled An Act relating to a school district employee's immunity from liability and responsibility for certain materials.

**CSSB 370** was considered in lieu of **CSHB 974**.

**CSSB 370** was read second time and was passed to third reading. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

### CSHB 974 - LAID ON THE TABLE SUBJECT TO CALL

Representative Eissler moved to lay **CSHB 974** on the table subject to call.

The motion prevailed.

USA_00022889

## MAJOR STATE CALENDAR
## HOUSE BILLS
## THIRD READING

The following bills were laid before the house and read third time:

(Isett in the chair)

### HB 218 ON THIRD READING
### (by B. Brown, Berman, Bohac, Riddle, et al.)

**HB 218**, A bill to be entitled An Act relating to requiring a voter to present proof of identification.

(Speaker in the chair)

A record vote was requested.

**HB 218** was passed by (Record 621): 76 Yeas, 69 Nays, 2 Present, not voting.

Yeas — Anderson; Aycock; Berman; Bohac; Bonnen; Brown, B.; Brown, F.; Callegari; Chisum; Christian; Cook, B.; Corte; Crabb; Crownover; Darby; Davis, J.; Delisi; Driver; Eissler; Elkins; England; Flynn; Gattis; Geren; Goolsby; Haggerty; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hill; Howard, C.; Hughes; Isett; Jackson; Keffer; King, P.; King, S.; Kolkhorst; Krusee; Kuempel; Latham; Laubenberg; Macias; Madden; McCall; Miller; Morrison; Mowery; Murphy; O'Day; Orr; Otto; Parker; Patrick; Paxton; Phillips; Pitts; Riddle; Smith, T.; Smith, W.; Smithee; Solomons; Straus; Swinford; Talton; Taylor; Truitt; Van Arsdale; West; Woolley; Zedler; Zerwas.

Nays — Allen; Alonzo; Anchia; Bailey; Bolton; Burnam; Castro; Chavez; Cohen; Coleman; Cook, R.; Davis, Y.; Deshotel; Dukes; Dunnam; Dutton; Eiland; Escobar; Farabee; Farias; Farrar; Frost; Gallego; Garcia; Giddings; Gonzales; Gonzalez Toureilles; Guillen; Heflin; Hernandez; Herrero; Hochberg; Hodge; Homer; Hopson; Howard, D.; Jones; King, T.; Leibowitz; Lucio; Mallory Caraway; Martinez; Martinez Fischer; McClendon; McReynolds; Menendez; Merritt; Miles; Naishtat; Noriega; Oliveira; Olivo; Ortiz; Peña; Pickett; Pierson; Puente; Quintanilla; Raymond; Ritter; Rodriguez; Rose; Strama; Thompson; Turner; Vaught; Veasey; Villarreal; Vo.

Present, not voting — Mr. Speaker(C); Flores.

Absent, Excused — Branch; Moreno.

Absent — Creighton.

### PAIRED VOTES

Flores (present), who would vote no, with Branch (absent), who would vote yes.

JA_008008

USA_00022890

## STATEMENT OF VOTE

When Record No. 621 was taken, I was in the house but away from my desk. I would have voted yes.

Creighton

## GENERAL STATE CALENDAR
## SENATE BILLS
## THIRD READING

The following bills were laid before the house and read third time:

### SB 740 ON THIRD READING
### (Driver, Latham, et al. - House Sponsors)

**SB 740**, A bill to be entitled An Act relating to personnel records of commissioned officers of the Department of Public Safety of the State of Texas.

A record vote was requested.

**SB 740** was passed by (Record 622): 144 Yeas, 0 Nays, 1 Present, not voting.

Yeas — Allen; Alonzo; Anchia; Anderson; Aycock; Bailey; Berman; Bohac; Bolton; Bonnen; Brown, B.; Brown, F.; Burnam; Callegari; Castro; Chavez; Chisum; Christian; Cohen; Coleman; Cook, B.; Cook, R.; Corte; Crabb; Creighton; Crownover; Darby; Davis, J.; Davis, Y.; Delisi; Deshotel; Driver; Dukes; Dunnam; Dutton; Eiland; Eissler; Elkins; England; Escobar; Farabee; Farias; Farrar; Flores; Flynn; Frost; Gallego; Gattis; Geren; Giddings; Gonzales; Gonzalez Toureilles; Goolsby; Guillen; Haggerty; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Heflin; Hernandez; Herrero; Hilderbran; Hill; Hochberg; Hodge; Homer; Hopson; Howard, D.; Hughes; Isett; Jackson; Jones; Keffer; King, P.; King, S.; King, T.; Kolkhorst; Krusee; Kuempel; Latham; Laubenberg; Leibowitz; Lucio; Macias; Madden; Mallory Caraway; Martinez; Martinez Fischer; McCall; McClendon; McReynolds; Menendez; Merritt; Miles; Miller; Morrison; Mowery; Murphy; Naishtat; Noriega; O'Day; Oliveira; Olivo; Orr; Ortiz; Otto; Parker; Patrick; Paxton; Peña; Phillips; Pickett; Pitts; Puente; Quintanilla; Raymond; Riddle; Ritter; Rodriguez; Rose; Smith, T.; Smith, W.; Smithee; Solomons; Strama; Straus; Swinford; Talton; Taylor; Thompson; Truitt; Turner; Van Arsdale; Vaught; Veasey; Villarreal; Vo; West; Woolley; Zedler; Zerwas.

Present, not voting — Mr. Speaker(C).

Absent, Excused — Branch; Moreno.

Absent — Garcia; Howard, C.; Pierson.

## STATEMENT OF VOTE

When Record No. 622 was taken, I was in the house but away from my desk. I would have voted yes.

Garcia

JA_008009

USA_00022891

## SB 657 ON THIRD READING
### (Puente - House Sponsor)

**SB 657**, A bill to be entitled An Act relating to the threshold amount at which certain water districts are required to solicit competitive bids before awarding certain contracts and to the ability of such districts to enter those contracts.

A record vote was requested.

**SB 657** was passed by (Record 623): 145 Yeas, 0 Nays, 1 Present, not voting.

Yeas — Allen; Alonzo; Anchia; Anderson; Aycock; Bailey; Berman; Bohac; Bolton; Bonnen; Brown, B.; Brown, F.; Burnam; Callegari; Castro; Chavez; Chisum; Christian; Cohen; Coleman; Cook, B.; Cook, R.; Corte; Crabb; Creighton; Crownover; Darby; Davis, J.; Davis, Y.; Delisi; Deshotel; Driver; Dukes; Dunnam; Dutton; Eiland; Eissler; Elkins; England; Escobar; Farabee; Farias; Farrar; Flores; Flynn; Frost; Gallego; Garcia; Gattis; Geren; Giddings; Gonzales; Gonzalez Toureilles; Goolsby; Guillen; Haggerty; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Heflin; Hernandez; Herrero; Hilderbran; Hill; Hochberg; Homer; Hopson; Howard, C.; Howard, D.; Hughes; Isett; Jackson; Jones; Keffer; King, P.; King, S.; King, T.; Kolkhorst; Krusee; Kuempel; Latham; Laubenberg; Leibowitz; Lucio; Macias; Madden; Mallory Caraway; Martinez; Martinez Fischer; McCall; McClendon; McReynolds; Menendez; Merritt; Miles; Miller; Morrison; Mowery; Murphy; Naishtat; Noriega; O'Day; Oliveira; Olivo; Orr; Ortiz; Otto; Parker; Patrick; Paxton; Peña; Phillips; Pickett; Pitts; Puente; Quintanilla; Raymond; Riddle; Ritter; Rodriguez; Rose; Smith, T.; Smith, W.; Smithee; Solomons; Strama; Straus; Swinford; Talton; Taylor; Thompson; Truitt; Turner; Van Arsdale; Vaught; Veasey; Villarreal; Vo; West; Woolley; Zedler; Zerwas.

Present, not voting — Mr. Speaker(C).

Absent, Excused — Branch; Moreno.

Absent — Hodge; Pierson.

### LEAVE OF ABSENCE GRANTED

The following member was granted leave of absence for the remainder of today because of important business in the district:

Menendez on motion of Pickett.

### GENERAL STATE CALENDAR
### HOUSE BILLS
### THIRD READING

The following bills were laid before the house and read third time:

JA_008010

USA_00022892

Case 2:13-cv-00193   Document 664-2   Filed on 11/11/14 in TXSD   Page 9 of 56
e 1:12-cv-00128-RMC-DST-RLW   Document 215-3   Filed 06/20/12   Page 140 of
Tuesday, April 24, 2007          HOUSE JOURNAL — 61st Day          2249

### HB 2136 ON THIRD READING
### (by Hancock, et al.)

**HB 2136**, A bill to be entitled An Act relating to public disclosure of student referrals for services made by counselors in public schools.

A record vote was requested.

**HB 2136** was passed by (Record 624): 73 Yeas, 62 Nays, 3 Present, not voting.

Yeas — Anderson; Aycock; Berman; Bohac; Bonnen; Brown, B.; Brown, F.; Callegari; Chisum; Christian; Cook, B.; Corte; Crabb; Creighton; Crownover; Darby; Delisi; Deshotel; Driver; Eissler; Elkins; Flores; Flynn; Gattis; Haggerty; Hamilton; Hancock; Hardcastle; Hartnett; Heflin; Hilderbran; Howard, C.; Hughes; Isett; Jackson; Keffer; King, P.; Kolkhorst; Krusee; Latham; Laubenberg; Macias; Madden; McCall; McClendon; Merritt; Miller; Morrison; Mowery; Murphy; O'Day; Orr; Otto; Parker; Patrick; Paxton; Pickett; Pitts; Riddle; Ritter; Smith, T.; Smith, W.; Smithee; Solomons; Swinford; Talton; Taylor; Truitt; Van Arsdale; West; Woolley; Zedler; Zerwas.

Nays — Allen; Alonzo; Anchia; Bolton; Burnam; Castro; Chavez; Cohen; Coleman; Cook, R.; Davis, Y.; Dunnam; Dutton; Eiland; England; Escobar; Farabee; Farias; Farrar; Frost; Gallego; Garcia; Geren; Giddings; Gonzales; Gonzalez Toureilles; Goolsby; Guillen; Harless; Hernandez; Herrero; Hochberg; Hodge; Hopson; Howard, D.; Jones; King, T.; Leibowitz; Lucio; Mallory Caraway; Martinez; Martinez Fischer; McReynolds; Miles; Naishtat; Oliveira; Olivo; Ortiz; Peña; Phillips; Pierson; Puente; Quintanilla; Raymond; Rodriguez; Strama; Straus; Thompson; Turner; Veasey; Villarreal; Vo.

Present, not voting — Mr. Speaker(C); Harper-Brown; Homer.

Absent, Excused — Branch; Menendez; Moreno.

Absent — Bailey; Davis, J.; Dukes; Hill; King, S.; Kuempel; Noriega; Rose; Vaught.

### STATEMENTS OF VOTE

When Record No. 624 was taken, I was in the house but away from my desk. I would have voted no.

Dukes

I was shown voting yes on Record No. 624. I intended to vote no.

Flores

I was shown voting present, not voting on Record No. 624. I intended to vote no.

Homer

When Record No. 624 was taken, my vote failed to register. I would have voted no.

S. King

USA_00022893

When Record No. 624 was taken, I was temporarily out of the house chamber. I would have voted yes.

Kuempel

I was shown voting yes on Record No. 624. I intended to vote no.

McClendon

When Record No. 624 was taken, I was in the house but away from my desk. I would have voted no.

Rose

## POSTPONED BUSINESS

The following bills were laid before the house as postponed business:

### CSSB 277 ON SECOND READING
### (Harper-Brown - House Sponsor)

**CSSB 277**, A bill to be entitled An Act relating to the use in an advertisement of a name or picture of a member of the United States armed forces or the state military forces; providing a criminal penalty.

**CSSB 277** was considered in lieu of **CSHB 331**.

**CSSB 277** was read second time and was passed to third reading. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

### CSHB 331 - LAID ON THE TABLE SUBJECT TO CALL

Representative Harper-Brown moved to lay **CSHB 331** on the table subject to call.

The motion prevailed.

### MAJOR STATE CALENDAR
### HOUSE BILLS
### SECOND READING

The following bills were laid before the house and read second time:

### CSHB 3140 ON SECOND READING
### (by Flynn, B. Cook, Truitt, Kolkhorst, McClendon, et al.)

**CSHB 3140**, A bill to be entitled An Act relating to the review and functions of the Veterans' Land Board.

**CSHB 3140** was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

JA_008012

USA_00022894

## HB 3249 ON SECOND READING
### (by Truitt, B. Cook, McClendon, Kolkhorst, and Flynn)

**HB 3249**, A bill to be entitled An Act relating to the powers and duties of, and the entities reviewed by, the Sunset Advisory Commission.

**Amendment No. 1**

Representative Truitt offered the following amendment to **HB 3249**:

Amend **HB 3249** by adding the following ARTICLE, appropriately numbered, and renumbering the subsequent ARTICLES and SECTIONS of the bill accordingly:

ARTICLE ____. ENTITY GIVEN 2009 SUNSET DATE

SECTION ____.01. PARKS AND WILDLIFE DEPARTMENT. Section 11.0111, Parks and Wildlife Code, is amended to read as follows:

Sec. 11.0111. SUNSET PROVISION. The Parks and Wildlife Department is subject to Chapter 325, Government Code (Texas Sunset Act). Unless continued in existence as provided by that chapter, the department is abolished September 1, 2009 [2013].

Amendment No. 1 was adopted.

**HB 3249**, as amended, was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

## GENERAL STATE CALENDAR
## HOUSE BILLS
## SECOND READING

The following bills were laid before the house and read second time:

## CSHB 2605 ON SECOND READING
### (by Hochberg, Woolley, and Hernandez)

**CSHB 2605**, A bill to be entitled An Act relating to the existence of a common nuisance on premises for which certain alcoholic beverage permits or licenses are held or sought.

**CSHB 2605** was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

## CSHB 1439 ON SECOND READING
### (by Chisum)

**CSHB 1439**, A bill to be entitled An Act relating to authorizing the Texas Department of Public Safety to establish a driver record monitoring pilot program and enter into contracts for the periodic reporting of certain information in the department's driver's license files; providing penalties.

JA_008013

USA_00022895

## CSHB 1439 - POINT OF ORDER

Representative Dunnam raised a point of order against further consideration of **CSHB 1439** under Rule 4, Section 18(c) of the House Rules on the grounds that the committee minutes are incorrect.

The point of order was withdrawn.

Representative Chisum moved to postpone consideration of **CSHB 1439** until the end of today's calendar.

The motion prevailed.

### HB 461 ON SECOND READING
### (by Miller, Kolkhorst, Hughes, Anderson, R. Cook, et al.)

**HB 461**, A bill to be entitled An Act relating to prohibiting mandatory participation in an animal identification system.

Representative Miller moved to postpone consideration of **HB 461** until the end of today's calendar.

The motion prevailed.

### HB 1355 ON SECOND READING
### (by Gattis, Anchia, Naishtat, Delisi, Rose, et al.)

**HB 1355**, A bill to be entitled An Act relating to dog attacks on persons; creating an offense.

**Amendment No. 1**

Representative Gattis offered the following amendment to **HB 1355**:

Amend **HB 1355** (House Committee Report) on page 3, by striking lines 22 through 25 and substituting the following:

(e) It is a defense to prosecution under Section 822.005(a) that the person attacked by the dog was at the time of the attack engaged in conduct prohibited by Chapters 19, 20, 21, 22, 28, 29, and 30, Penal Code.

Amendment No. 1 was adopted.

**Amendment No. 2**

Representative Gattis offered the following amendment to **HB 1355**:

Amend **HB 1355** (House Committee Report) by adding the following appropriately numbered SECTION to the bill and renumbering subsequent SECTIONS of the bill accordingly:

SECTION ____. Subchapter A, Chapter 822, Health and Safety Code, is amended by adding Section 822.0011 to read as follows:

Sec. 822.0011. APPLICATION TO CERTAIN PROPERTY. For purposes of this subchapter, a person's property includes property the person is entitled to possess or occupy under a lease or other agreement.

Amendment No. 2 was adopted.

JA_008014

USA_00022896

Case 2:13-cv-00193 Document 664-2 Filed on 11/11/14 in TXSD Page 13 of 56

e 1:12-cv-00128-RMC-DST-RLW Document 215-3 Filed 06/20/12 Page 144 of
Tuesday, April 24, 2007          HOUSE JOURNAL — 61st Day          2259

## Amendment No. 3

Representative Miles offered the following amendment to **HB 1355**:

Amend **HB 1355** (House Committee Report) on page 1, line 5, following the period, by inserting "This Act is also dedicated to the memory of Mrs. Fannie Pearl Pharms, Ms. Cheryl Marie Floyd, and all other victims of unprovoked dog attacks."

Amendment No. 3 was adopted.

## Amendment No. 4

Representative Gattis offered the following amendment to **HB 1355**:

Amend **HB 1355** (House Committee Report) on page 3, line 2, between "veterinarian," and "a peace", by inserting "a veterinary clinic employee,".

Amendment No. 4 was adopted.

### HB 1355 - STATEMENT OF LEGISLATIVE INTENT

REPRESENTATIVE GOOLSBY: Mr. Gattis, I've had over 100 calls and letters concerning this bill, and most of them have been on the first bite. They use the term, "their Pekinese," or "their little puppy." Are those bites, the first bites, are they considered those will be under a $10,000 fine?

REPRESENTATIVE GATTIS: No, sir. This bill is very narrowly crafted to consider only those most egregious of dog attacks that we think of, those which seriously maim or kill somebody. And so let's say you're riding your bicycle down the street and a dog comes out and bites you on the heel. Even if it drew blood, from that scenario, it would not really fall under this bill. What we're talking about is that type of injury that talks about ripping of flesh, tearing of muscle, would cause somebody to possibly, potentially face death, and would have to go to the hospital because of that. That's the type of injuries that we are talking about. It's defined well in the bill, or death itself. And so we didn't want to criminalize every dog bite, we want to take care of these most serious things that are happening across our state, and I appreciate your question.

GOOLSBY: Okay, so Mr. Gattis, it's obvious I have a lot of small dog lovers, and I'm one of them, in my district. So I can go back and tell them that your answer is no, that they will not be prosecuted for a $10,000 fine?

GATTIS: This does not affect those, a puppy nip or somebody or something along those lines, a small bite, this is not going to make them subject to anything. What we're talking about, and where this most often comes into play, is we're talking about a dog along the lines of a pit bull, or a rottweiler, or something like that, attacking somebody to where they're in fear of their life scenario or situation.

### REMARKS ORDERED PRINTED

Representative Goolsby moved to print remarks between Representative Gattis and Representative Goolsby.

The motion prevailed.

JA_008015

USA_00022897

Case 2:13-cv-00193 Document 664-2 Filed on 11/11/14 in TXSD Page 14 of 56
e 1:12-cv-00128-RMC-DST-RLW Document 215-3 Filed 06/20/12 Page 145 of
2294          80th LEGISLATURE — REGULAR SESSION

**HB 1355**, as amended, was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. Members registering votes are as follows: Laubenberg recorded voting no.)

### HR 1625 - ADOPTED
### (by Flores)

Representative Flores moved to suspend all necessary rules to take up and consider at this time **HR 1625**.

The motion prevailed.

The following resolution was laid before the house:

**HR 1625**, Recognizing April 24, 2007, as Texas Charity Day at the State Capitol.

**HR 1625** was adopted.

### HB 4062 ON SECOND READING
### (by Miller)

**HB 4062**, A bill to be entitled An Act relating to certain administrative duties and responsibilities of the Department of Agriculture.

**Amendment No. 1**

Representative Miller offered the following amendment to **HB 4062**:

Amend **HB 4062** (House committee printing) on page 1, line 7, by striking "shall" and substituting "may".

Amendment No. 1 was adopted.

**HB 4062**, as amended, was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

### CSHB 1196 ON SECOND READING
### (by Kolkhorst, Parker, et al.)

**CSHB 1196**, A bill to be entitled An Act relating to restrictions on the use of certain public subsidies.

**Amendment No. 1**

Representative Kolkhorst offered the following amendment to **CSHB 1196**:

Amend **CSHB 1196** as follows:
(1)  On page 1, line 22, strike "bonds,".
(2)  On page 3, line 22, between "business" and the period, insert ", or by a person with whom the business contracts".

Amendment No. 1 was adopted.

JA_008016

USA_00022898

Case 2:13-cv-00193   Document 664-2   Filed on 11/11/14 in TXSD   Page 15 of 56
Case 1:12-cv-00128-RMC-DST-RLW   Document 215-3   Filed 06/20/12   Page 146 of
Tuesday, April 24, 2007        HOUSE JOURNAL — 61st Day        2253

## Amendment No. 2

Representative Anchia offered the following amendment to **CSHB 1196**:

Amend **CSHB 1196** on page 2, line 24, by striking "Section 1324a" and substituting "Section 1324a(f)".

Amendment No. 2 was adopted.

## Amendment No. 3

Representative Herrero offered the following amendment to **CSHB 1196**:

Amend **CSHB 1196** as follows:
(1)  On page 2, strike line 4, and substitute the following:
      (4)  "Undocumented worker" means an individual who, at the
(2)  On page 2, line 12, strike "UNAUTHORIZED ALIENS" and substitute "UNDOCUMENTED WORKERS".
      (3)  On page 2, line 19, strike "unauthorized alien" and substitute "undocumented worker".

Amendment No. 3 was adopted.

## Amendment No. 4

Representative Homer offered the following amendment to **CSHB 1196**:

Amend **CSHB 1196** on page 3, line 18, by striking "may" and substituting "shall".

Amendment No. 4 was adopted.

**CSHB 1196**, as amended, was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. Members registering votes are as follows: Alonzo recorded voting no.)

### CSHB 1005 ON SECOND READING
### (by Giddings)

**CSHB 1005**, A bill to be entitled An Act relating to the timely submission of a claim for payment by a workers' compensation health care provider.

**CSHB 1005** was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

### CSHB 1472 ON SECOND READING
### (by Miller, Orr, R. Cook, et al.)

**CSHB 1472**, A bill to be entitled An Act relating to the annexation of land for which property taxes are imposed based on the land's value for agricultural or wildlife management purposes.

## Amendment No. 1

Representative Miller offered the following amendment to **CSHB 1472**:

JA_008017

USA_00022899

Amend **CSHB 1472** as follows:

(1) On page 2, line 6, strike "adjacent" and substitute "adjacent or contiguous".

(2) On page 2, line 7, strike "adjacent" and substitute "adjacent or contiguous".

(3) On page 2, between lines 8 and 9, insert the following:

(d) A provision of a development agreement described by Subsection (b)(1) that restricts or otherwise limits the annexation of all or part of the area that is the subject of the agreement is void if the landowner files any type of subdivision plat or related development document for the area with a governmental entity that has jurisdiction over the area, regardless of how the area is appraised for ad valorem tax purposes.

(e) A development agreement described by Subsection (b)(1) is not a permit for purposes of Chapter 245.

Amendment No. 1 was adopted.

**Amendment No. 2**

Representative McReynolds offered the following amendment to **CSHB 1472**:

Amend **CSHB 1472** on page 1 as follows:

(1) On line 9, between "USE" and the period, insert "OR AS TIMBER LAND".

(2) On line 15, between "Code" and the period, insert ", or as timber land under Subchapter E of that chapter".

(3) Strike line 24 and substitute "with the use of the area for agriculture, wildlife management, or timber; and".

Amendment No. 2 was adopted.

**CSHB 1472**, as amended, was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

### LEAVE OF ABSENCE GRANTED

The following member was granted leave of absence for the remainder of today because of important business:

Farrar on motion of Hernandez.

### POINT OF ORDER

Representative Thompson raised a point of order against further consideration of the calendar under Rule 6, Section 16 of the House Rules.

The speaker overruled the point of order, and submitted the following statement:

On April 24, 2007, Representative Thompson raised a point of order against further consideration of the house calendar under Rule 6, Section 16, House Rules, on the grounds that **HB 3170** was improperly placed on the calendar and

USA_00022900

Case 2:13-cv-00193 Document 664-2 Filed on 11/11/14 in TXSD Page 17 of 56
e 1:12-cv-00128-RMC-DST-RLW Document 215-3 Filed 06/20/12 Page 148 of
Tuesday, April 24, 2007    HOUSE JOURNAL — 61st Day    2239

that its placement rendered the entire calendar ineligible for consideration by the house. Ms. Thompson argued that **HB 3170** should not have appeared on the Daily House Calendar or the Supplemental House Calendar because the bill had been recommitted to committee. The chair overruled the point of order, and enters its rationale into the journal at the request of Ms. Thompson.

A review of the House Journal indicates **HB 3170** appeared on the house calendar on April 24, 2007, and was recommitted to Local Government Ways and Means on the same day. In instances such as these where a bill is set on a calendar and then is recommitted after the calendar for the day is printed and distributed and eligible for consideration by the house, the chair has observed the longstanding practice of simply notifying the members that the bill is ineligible for consideration because it has been recommitted to committee. The chair, with the assistance of the chief clerk, notifies the members of this fact before the bill is even laid before the house.

In this instance, **HB 3170** was treated in the same matter procedurally as other bills that have appeared on the calendar but that have also been recommitted to committee in that such bills are, at the time they are to be reached for consideration, not laid before the house. According to the journal, Ms. Thompson raised her point of order against the calendar shortly after **HB 1472** passed to engrossment, before **HB 3170** was reached on the calendar, and before the chair could inform the members that **HB 3170** had been recommitted to committee. If **HB 3170** had actually been laid out and considered by the house, such consideration would have been in direct violation of the House Rules, and a point of order against further consideration of **HB 3170** and all bills considered after **HB 3170** might have been sustainable. (See 75 H.J. Reg. 3810, 1997, where a point of order raised by Representative Wohlgemuth which emanated from a defect in the committee process was sustained and precluded consideration of the remainder of the calendar from the point at which the point of order was raised). Ms. Thompson's point of order was not timely because it was raised before **HB 3170** was even eligible to be laid before the house for consideration and before the chair could notify the house of such (i.e. that the bill was ineligible).

Accordingly, the point of order was overruled.

### HB 3170 - RECOMMITTED

Representative Swinford moved to recommit **HB 3170** to the Committee on Local Government Ways and Means.

The motion prevailed.

### HB 401 ON SECOND READING
### (by B. Brown, et al.)

**HB 401**, A bill to be entitled An Act relating to the use of text messages and other electronic media to commit certain sexual offenses against minors or certain students.

JA_008019

**HB 401** was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

### BILLS AND RESOLUTIONS SIGNED BY THE SPEAKER

Notice was given at this time that the speaker had signed bills and resolutions in the presence of the house (see the addendum to the daily journal, Signed by the Speaker, Senate List No. 26).

### COMMITTEE MEETING ANNOUNCEMENTS

The following committee meetings were announced:

Elections, upon lunch recess today, Desk 21, for a formal meeting, to consider **HB 1462** and pending business.

Civil Practices, upon lunch recess today, Desk 26, for a formal meeting.

County Affairs, upon lunch recess today, Desk 105, for a formal meeting, to consider pending business.

### RECESS

At 12:08 p.m., the speaker announced that the house would stand recessed until 1:15 p.m. today.

### AFTERNOON SESSION

The house met at 1:15 p.m. and was called to order by the speaker.

### SB 362 ON SECOND READING
### (Gattis - House Sponsor)

**SB 362**, A bill to be entitled An Act relating to civil remedies and qui tam provisions under the Medicaid fraud prevention act.

**SB 362** was considered in lieu of **HB 2732**.

**SB 362** was passed to third reading. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

### HB 2732 - LAID ON THE TABLE SUBJECT TO CALL

Representative Gattis moved to lay **HB 2732** on the table subject to call.

The motion prevailed.

### CSHB 2735 ON SECOND READING
### (by Berman)

**CSHB 2735**, A bill to be entitled An Act relating to lobbying expenditures that are made jointly.

USA_00022902

CSHB 2735 was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. Members registering votes are as follows: Herrero and Leibowitz recorded voting no.)

### CSHB 3352 ON SECOND READING
### (by Woolley)

CSHB 3352, A bill to be entitled An Act relating to municipal civil service for firefighters and police officers in certain municipalities.

CSHB 3352 was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

### HB 3310 ON SECOND READING
### (by Jackson)

HB 3310, A bill to be entitled An Act relating to fraud investigations and criminal offenses involving the Medicaid program; providing criminal penalties.

Representative Jackson moved to postpone consideration of HB 3310 until 9 a.m. Thursday, May 3.

The motion prevailed.

### CSHB 1735 ON SECOND READING
### (by Truitt, Anchia, and Gonzales)

CSHB 1735, A bill to be entitled An Act relating to ethics training for legislators.

Representative Truitt moved to postpone consideration of CSHB 1735 until the end of today's calendar.

The motion prevailed.

### CSHB 2559 ON SECOND READING
### (by Otto)

CSHB 2559, A bill to be entitled An Act relating to the authority of a dealer to conduct certain motor vehicle sales outside of a dealership.

**Amendment No. 1**

Representative Otto offered the following amendment to CSHB 2559:

Amend CSHB 2559 as follows:
On page 1, lines 7 and 8, between "by" and "Subsection", insert "other law, including".

Amendment No. 1 was adopted.

CSHB 2559, as amended, was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

JA_008021

USA_00022903

## CSHB 1170 ON SECOND READING
### (by Flynn and Farabee)

**CSHB 1170**, A bill to be entitled An Act relating to the regulation and limitation of liability of persons engaged in certain liquefied petroleum gas-related activities, including requirements concerning consumer safety notification.

### CSHB 1170 - POINT OF ORDER

Representative Thompson raised a point of order against further consideration of **CSHB 1170** under Rule 4, Section 18(a)(4) of the House Rules on the grounds that the committee minutes are incomplete.

The point of order was withdrawn.

Representative Flynn moved to postpone consideration of **CSHB 1170** until the end of today's calendar.

The motion prevailed.

## HB 2983 ON SECOND READING
### (by Creighton)

**HB 2983**, A bill to be entitled An Act relating to a petition for the creation of a fresh water supply district.

**HB 2983** was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

## HB 2984 ON SECOND READING
### (by Creighton)

**HB 2984**, A bill to be entitled An Act relating to the qualification of supervisors of a fresh water supply district.

**HB 2984** was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

## CSHB 2818 ON SECOND READING
### (by Ritter, Hamilton, Deshotel, Otto, and McReynolds)

**CSHB 2818**, A bill to be entitled An Act relating to the delay of retail electric competition in the areas of the state covered by the Southeastern Electric Reliability Council.

(Berman in the chair)

**Amendment No. 1**

Representative Ritter offered the following amendment to **CSHB 2818**:

Amend **CSHB 2818** (House Committee Printing) as follows:
(1) On page 1, between lines 13 and 14, insert the following:

JA_008022

USA_00022904

Case 2:13-cv-00193  Document 664-2  Filed on 11/11/14 in TXSD  Page 21 of 56
e 1:12-cv-00128-RMC-DST-RLW  Document 215-3  Filed 06/20/12  Page 152 of
Tuesday, April 24, 2007          HOUSE JOURNAL — 61st Day          2260

(b)  Notwithstanding any other provision of this chapter, an area included in the Southeastern Electric Reliability Council must remain in the Southeastern Electric Reliability Council.

(2)  On page 1, line 14, strike "(b)" and substitute "(c)".

Amendment No. 1 was adopted.

(Speaker in the chair)

**Amendment No. 2**

Representative Ritter offered the following amendment to **CSHB 2818**:

Amend **CSHB 2818** by adding the following SECTION, appropriately numbered, and renumbering the subsequent SECTIONS of the bill accordingly:

SECTION ____.  Section 36.209(a), Utilities Code, is amended to read as follows:

(a)  This section applies only to an electric utility that operates solely outside of ERCOT in areas of this state included in the Southeastern Electric Reliability Council, the Southwest Power Pool, or the Western Electricity Coordinating Council and that owns or operates transmission facilities.

Amendment No. 2 was adopted.

**CSHB 2818**, as amended, was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

**SB 339 ON SECOND READING**
**(Bailey - House Sponsor)**

**SB 339**, A bill to be entitled An Act relating to entrance examination procedures for certain police officers under municipal civil service.

**SB 339** was considered in lieu of **HB 2269**.

**SB 339** was passed to third reading. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

**HB 2269 - LAID ON THE TABLE SUBJECT TO CALL**

Representative Bailey moved to lay **HB 2269** on the table subject to call.

The motion prevailed.

**HB 3410 ON SECOND READING**
**(by Gattis, et al.)**

**HB 3410**, A bill to be entitled An Act relating to alternative procedures for plat revision of residential areas by a county.

**Amendment No. 1**

Representative Gattis offered the following amendment to **HB 3410**:

JA_008023

USA_00022905

Case 2:13-cv-00193 Document 664-2 Filed on 11/11/14 in TXSD Page 22 of 56
e 1:12-cv-00128-RMC-DST-RLW Document 215-3 Filed 06/20/12 Page 153 of
2262        80th LEGISLATURE — REGULAR SESSION

Amend **HB 3410** by striking page 1, line 22, through page 2, line 3, and substituting:

(1) the changes do not affect applicable county regulations, including zoning regulations if the county has authority to adopt zoning regulations; and

(2) the changes do not attempt to amend or remove any covenants or restrictions.

Amendment No. 1 was adopted.

**HB 3410**, as amended, was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

### HB 1804 ON SECOND READING
### (by Gattis, Coleman, et al.)

**HB 1804**, A bill to be entitled An Act relating to the prosecution of the offense of improper photography or visual recording.

**Amendment No. 1**

Representative Coleman offered the following amendment to **HB 1804**:

Amend **HB 1804** by striking page 1, lines 5 through 17, and substituting the following:

SECTION 1. Section 21.15, Penal Code, is amended by amending Subsection (b) and adding Subsection (e) to read as follows:

(b) A person commits an offense if the person:

(1) photographs or by videotape or other electronic means [visually] records, broadcasts, or transmits a visual image of another at a location that is not a bathroom or private dressing room:

(A) without the other person's consent; and

(B) with intent to arouse or gratify the sexual desire of any person;

(2) photographs or by videotape or other electronic means records, broadcasts, or transmits a visual image of another at a location that is a bathroom or private dressing room:

(A) without the other person's consent; and

(B) with intent to:

(i) invade the privacy of the other person; or

(ii) arouse or gratify the sexual desire of any person; or

(3) [(2)] knowing the character and content of the photograph, [or] recording, broadcast, or transmission, promotes a photograph, [or visual] recording, broadcast, or transmission described by Subdivision (1) or (2).

(e) For purposes of Subsection (b)(2), a sign or signs posted indicating that the person is being photographed or that a visual image of the person is being recorded, broadcast, or transmitted is not sufficient to establish the person's consent under that subdivision.

Amendment No. 1 was adopted.

JA_008024

USA_00022906

Case 2:13-cv-00193 Document 664-2 Filed on 11/11/14 in TXSD Page 23 of 56
e 1:12-cv-00128-RMC-DST-RLW Document 215-3 Filed 06/20/12 Page 154 of
Tuesday, April 24, 2007     HOUSE JOURNAL — 61st Day     2269

**HB 1804**, as amended, was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

### CSHB 530 ON SECOND READING
### (by Madden, Rodriguez, Peña, Hodge, and Woolley)

**CSHB 530**, A bill to be entitled An Act relating to the operation and funding of drug court programs.

## Amendment No. 1

Representative Phillips offered the following amendment to **CSHB 530**:

Amend **CSHB 530** (house committee printing) on page 2, line 14, by striking "the court shall enter an order" and substituting "the court may enter an order".

Amendment No. 1 was adopted.

## Amendment No. 2

Representative Hochberg offered the following amendment to **CSHB 530**:

Amend **CSHB 530** (house committee printing) as follows:

(1) On page 5, line 2, strike "by adding Subsection (c)".

(2) On page 5, between lines 2 and 3, insert:

Sec. 469.003. OVERSIGHT. (a) The lieutenant governor and the speaker of the house of representatives may assign to appropriate legislative committees duties relating to the oversight of drug court programs established under this chapter [Section 469.002].

(b) A legislative committee or the governor may request the state auditor to perform a management, operations, or financial or accounting audit of a drug court program established under this chapter [Section 469.002].

(3) On page 5, line 3, strike "Section 469.002" and substitute "this chapter".

(4) On page 5, line 12, strike "Section 469.002" and substitute "this chapter [Section 469.002]".

(5) Add appropriately numbered SECTIONS to the bill to read as follows and renumber subsequent SECTIONS of the bill accordingly:

SECTION ____. Section 469.007, Health and Safety Code, is amended to read as follows:

Sec. 469.007. USE OF OTHER DRUG AND ALCOHOL AWARENESS PROGRAMS. In addition to using a drug court program established under this chapter [Section 469.002], the commissioners court of a county or a court may use other drug awareness or drug and alcohol driving awareness programs to treat persons convicted of drug or alcohol related offenses.

SECTION ____. Chapter 469, Health and Safety Code, is amended by adding Sections 469.005, 469.008, and 469.009 to read as follows:

USA_00022907

Sec. 469.005. DRUG COURT PROGRAMS EXCLUSIVELY FOR CERTAIN INTOXICATION OFFENSES. (a)  The commissioners court of a county may establish under this chapter a drug court program exclusively for persons arrested for, charged with, or convicted of an offense involving the operation of a motor vehicle while intoxicated.

(b) A county that establishes a drug court program under this chapter but does not establish a separate program under this section must employ procedures designed to ensure that a person arrested for, charged with, or convicted of a second or subsequent offense involving the operation of a motor vehicle while intoxicated participates in the county's existing drug court program.

Sec. 469.008. SUSPENSION OR DISMISSAL OF COMMUNITY SERVICE REQUIREMENT. (a)  Notwithstanding Sections 13 and 16, Article 42.12, Code of Criminal Procedure, to encourage participation in a drug court program established under this chapter, the judge or magistrate administering the program may suspend any requirement that, as a condition of community supervision, a participant in the program work a specified number of hours at a community service project or projects.

(b)  On successful completion of a drug court program, a judge or magistrate may excuse the participant from any condition of community supervision previously suspended under Subsection (a).

Sec. 469.009. OCCUPATIONAL DRIVER'S LICENSE. Notwithstanding Section 521.242, Transportation Code, if a participant's driver's license has been suspended as a result of an alcohol-related or drug-related enforcement contact, as defined by Section 524.001, Transportation Code, or as a result of a conviction under Section 49.04, 49.07, or 49.08, Penal Code, the judge or magistrate administering a drug court program under this chapter may order that an occupational license be issued to the participant. An order issued under this section is subject to Sections 521.248-521.252, Transportation Code, except that any reference to a petition under Section 521.242 of that code does not apply.

(6) On page 11, line 27, through page 12, line 1, strike "The change in law made by this Act in amending Section 469.001" and substitute "Except as otherwise provided by this section, the change in law made by this Act in amending Chapter 469".

Amendment No. 2 was adopted.

**Amendment No. 3**

Representative B. Cook offered the following amendment to **CSHB 530**:

Amend **CSHB 530** (house committee printing) on page 8 by striking the language on lines 12 through 19 and substituting the following:

(2)  retain in addition to the 10 percent authorized by Subdivision (1) another 50 percent of the funds collected under this article by an officer of the county or municipality during the calendar quarter to be used exclusively for:

(A) the development and maintenance of drug court programs operated within the county or municipality, if the county or municipality has established a drug court program or establishes a drug court program before the expiration of the calendar quarter; or

JA_008026

USA_00022908

(B) the development and operation of any programs within the county or municipality that are designed to prevent or provide education concerning alcohol and drug abuse, if the county or municipality has not established a drug court program and does not establish a drug court program before the expiration of the calendar quarter.

Amendment No. 3 was adopted.

**CSHB 530**, as amended, was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

(Phillips in the chair)

### CSHB 2641 ON SECOND READING
### (by Solomons)

**CSHB 2641**, A bill to be entitled An Act relating to the selection of depositories for certain county funds, including funds held by a county or district clerk.

**CSHB 2641** was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

### HB 2010 ON SECOND READING
### (by Rose)

**HB 2010**, A bill to be entitled An Act relating to declaratory relief for businesses in this state for liability for sales and use taxes of other states.

**Amendment No. 1**

Representative Rose offered the following amendment to **HB 2010**:

Amend **HB 2010** on page 1, by striking lines 16 and 17 and substituting:
(B) a retailer registered with the comptroller under Section 151.106, Tax Code; and

Amendment No. 1 was adopted.

**HB 2010**, as amended, was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

### CSHB 3132 ON SECOND READING
### (by R. Cook)

**CSHB 3132**, A bill to be entitled An Act relating to the authority of certain counties to impose a county hotel occupancy tax.

JA_008027

Case 2:13-cv-00193   Document 664-2   Filed on 11/11/14 in TXSD   Page 26 of 56
e 1:12-cv-00128-RMC-DST-RLW   Document 215-3   Filed 06/20/12   Page 157 of
2206                8th LEGISLATURE — REGULAR SESSION

**CSHB 3132** was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

### HB 4094 ON SECOND READING
### (by Swinford)

**HB 4094**, A bill to be entitled An Act relating to the fees assessed in certain cases filed in the Midland County courts at law.

**HB 4094** was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

### POSTPONED BUSINESS

The following bills were laid before the house as postponed business:

### CSHB 2814 ON SECOND READING
### (by Eissler, Oliveira, et al.)

**CSHB 2814**, A bill to be entitled An Act relating to a language immersion pilot project in certain school districts.

**CSHB 2814** was read second time on April 18, postponed until April 23, and was again postponed until this time.

**Amendment No. 1**

Representative Eissler offered the following amendment to **CSHB 2814**:

Amend **CSHB 2814** as follows:

(1)  Strike all below the enacting clause and substitute the following:

SECTION 1. Chapter 29, Education Code, is amended by adding Subchapter J to read as follows:

SUBCHAPTER J. LANGUAGE IMMERSION PILOT PROJECT

Sec. 29.351.  ESTABLISHMENT OF PILOT PROJECT. The commissioner shall establish a pilot project under which the agency examines language immersion programs and the effect of those programs on a student's ability to advance to high school, graduate from high school, or prepare for college coursework or postgraduation employment.  The commissioner shall select to participate in the pilot project established under this subchapter:

(1)  school districts; and

(2)  campuses for which a charter is granted under Subchapter C, Chapter 12.

Sec. 29.352.  PILOT PROJECT ADMINISTRATION. (a)  The commissioner shall establish a procedure and adopt criteria for the agency to administer the pilot project.

(b)  In adopting criteria under this section, the commissioner shall require the agency to select only school districts or campuses that:

JA_008028

USA_00022910

(1)  demonstrate parent, teacher, and community support for a language immersion program;

(2)  will commit to a language immersion program in English and a language other than English as selected by the district for a minimum of three years in elementary grades;

(3)  will offer in secondary grades at least one language program in addition to the language other than English used in the language immersion program provided under Subdivision (2); and

(4)  demonstrate the potential for expanding the programs provided under Subdivisions (2) and (3) across primary and secondary grades, including:

(A)  incorporating the program provided under Subdivision (2) in kindergarten; and

(B)  offering the program provided under Subdivision (3) for four years in high school.

(c)  The agency shall require a school district or campus selected under this subchapter to provide annual self-evaluations of progress toward language immersion program goals.

Sec. 29.353.  PILOT PROJECT IMPLEMENTATION.  (a)  The commissioner by rule shall require a school district or campus to limit activities of the language immersion program during the first year of the program to:

(1)  planning activities, including:

(A)  hiring and training teachers and other professional development activities as determined by the commissioner; and

(B)  acquiring adequate instructional and technological materials in each program language, including software; and

(2)  expanding or improving existing language immersion programs.

(b)  The commissioner by rule shall develop procedures to assign a technical assistance team that includes university faculty with expertise in language learning to assist participating school districts and campuses in program development, implementation, and assessment.

Sec. 29.354.  SCHOOL DISTRICT OR CAMPUS SELECTION. (a)  The agency shall select school districts and campuses to participate in the pilot project using the criteria provided by Section 29.352(b) and based on the readiness of the district or campus to incorporate language immersion programs into classrooms as demonstrated by the past performance of the district or campus relating to language instruction.

(b)  In selecting participants, the agency shall consider geographic diversity.

(c)  The agency shall select not more than 10 school districts and not more than 30 campuses to participate in the pilot project.

(d)  A school district or campus that applies for the expansion of an existing language immersion program is eligible for a grant under this subchapter.

Sec. 29.355.  PILOT PROJECT FUNDING.  (a)  To implement the pilot project, the agency may use only undedicated and unobligated money from the general revenue fund for purposes of the pilot project.

JA_008029

USA_00022911

Case 2:13-cv-00193  Document 664-2  Filed on 11/11/14 in TXSD  Page 28 of 56
e 1:12-cv-00128-RMC-DST-RLW  Document 215-3  Filed 06/20/12  Page 159 of
2268                    80th LEGISLATURE — REGULAR SESSION

(b)  The agency may not spend an amount more than $5 million per year for the language immersion pilot project under this subchapter.  The spending limitation imposed by this subsection does not apply to an expenditure made by the commissioner under Section 29.356(c).

(c)  To supplement the funding for the pilot project, the agency may use any gift, grant, or donation given for the pilot project. The agency may solicit and accept a gift, grant, or donation of any kind from any source, including from a foundation, private entity, governmental entity, or institution of higher education, for the implementation of the pilot project.

(d)  Funds for the pilot project may not be used for the construction of a building or other facility.

(e)  The agency shall use funds under this subchapter for:

(1)  teacher training in implementing the language immersion programs;

(2)  hiring technical support staff for school districts or campuses participating in the pilot project;  and

(3)  purchasing technology-based instructional materials and resources.

Sec. 29.356.  PILOT PROJECT GRANTS. (a) From amounts appropriated to the agency, including foundation school program funds, the commissioner shall award grants to school districts and campuses that participate in the program.  A grant under this section must be in an amount sufficient to pay the costs to the district or campus of participating in the program, as determined by the commissioner.  A determination of the commissioner under this subsection is final and may not be appealed.

(b)  During the 2007-2008 school year, the commissioner may award grants to school districts and campuses under this section only for the purpose of planning activities described by Section 29.355(e) in an amount not to exceed five percent of the total amount required to fully implement the pilot program for the 2008-2009 school year.

(c)  To expand language learning opportunities for all public school students and school district or campus employees, including students and employees in school districts or campuses not participating in the pilot project, the commissioner shall enter into a contract to license language-learning software using language immersion methods. Expenditures under this subsection must be sufficient to support language learning opportunities for a maximum of one million public school students and employees for a maximum of three years.  The commissioner shall make the software available online to public school students and employees across the state not later than January 1, 2008.  The commissioner may not spend more than $4 million each year to comply with this subsection.

Sec. 29.357.  COMMUNITY EDUCATIONAL PIPELINE PROGRESS TEAM. (a) Each participating school district or campus shall establish a community educational pipeline progress team to assist in developing and implementing the language immersion pilot project.

(b)  The board of trustees of a participating school district or of a school district in which a participating campus is located shall appoint individuals to the team. The team may be composed of:

(1)  educators;

JA_008030

USA_00022912

(2)  district-level administrators;

(3)  community leaders;

(4)  parents of students who attend a participating campus; and

(5)  any other individual the board finds appropriate.

(c)  The team shall develop an academic improvement plan that describes the manner in which the pilot project should be implemented in the participating school district or campus.  In developing the academic improvement plan, the team shall consider:

(1)  the educational problems in the district or at the campus that could be mitigated through the implementation of the pilot project; and

(2)  the technological and nontechnological resources that are necessary to ensure successful implementation of the pilot project.

(d)  The team shall recommend to the board of trustees the manner in which the pilot project funds should be used to implement the academic improvement plan developed under Subsection (c).  Annually, the team may recommend to the board any necessary changes in the academic improvement plan.  The agency must approve the academic improvement plan or any changes to the plan before disbursing pilot project funds to the board.

(e)  The board of trustees of each district participating in the pilot project shall provide an annual progress report to the agency not later than August 1 of each year that the district or campus is participating in the pilot project.  The report must state in detail the type of plan used in the district or at the campus and the effect of the pilot project on the district or campus, including:

(1)  any effect on the academic progress of students who are participating in a pilot project, as measured by performance on assessment instruments, including assessment instruments administered under Section 39.023;

(2)  if applicable, a comparison of student progress at a campus or in a classroom in a school district or campus that is participating in the pilot project as compared to student progress at a campus or in a classroom in that same district or campus that is not participating in the pilot project;

(3)  any elements of the pilot project that contribute to improved student performance on assessment instruments administered under Section 39.023 or any other assessment instrument required by the agency;

(4)  any cost savings or improved efficiency relating to school personnel or the maintenance of school facilities;

(5)  any effect on student attendance or dropout rates;

(6)  any effect on student enrollment in high school;

(7)  any effect on teacher performance or retention;

(8)  any improvement in communications among students, parents, teachers, and administrators;

(9)  any improvement in parental involvement in the education of the parent's child;

(10)  any effect on community involvement and support for the district or campus; and

JA_008031

USA_00022913

Case 2:13-cv-00193  Document 664-2  Filed on 11/11/14 in TXSD  Page 30 of 56
e 1:12-cv-00128-RMC-DST-RLW  Document 215-3  Filed 06/20/12  Page 161 of
2270                    80th LEGISLATURE — REGULAR SESSION

(11)  any increase in student proficiency in technology that would help prepare students for becoming members of the workforce.

Sec. 29.358.  PARENT OPTION. The parent of a student may prevent the student from participating in a language immersion program under this subchapter.

Sec. 29.359.  PILOT PROJECT EVALUATION. (a)  The agency shall perform an annual review of the language immersion pilot project based on the reports the agency receives from the board of trustees of participating school districts or campuses.  The agency shall include a summary of the review of the pilot project in the comprehensive annual report required under Section 39.182.

(b)  During the 2010-2011 school year, the agency shall contract with one or more educational research centers to evaluate the efficacy of the pilot project to determine whether the pilot project should be continued. The cost of the evaluation may not exceed $250,000.

Sec. 29.360.  DUTIES AND RESPONSIBILITIES OF CHARTER CAMPUS GOVERNING BODY.  For purposes of this subchapter, the governing body of a campus for which a charter is granted under Subchapter C, Chapter 12, has the duties and responsibilities assigned to the board of trustees of a school district under Sections 29.357 and 29.359.

Sec. 29.361.  EXPIRATION.  This subchapter expires September 1, 2011.

SECTION 2. This Act takes effect immediately if it receives a vote of two-thirds of all the members elected to each house, as provided by Section 39, Article III, Texas Constitution.  If this Act does not receive the vote necessary for immediate effect, this Act takes effect September 1, 2007.

(2)  Strike all above the enacting clause and substitute the following:
relating to a pilot project for language immersion in English and another language in certain school districts.

(Speaker in the chair)

**Amendment No. 2**

Representative Eissler offered the following amendment to Amendment No. 1:

Amend the Eissler amendment to **CSHB 2814** as follows:

(1)  On page 1, line 25, between "to" and "a", insert ":
      (A)".

(2)  On page 1, line 27, after the semicolon, insert the following:
and
      (B)  a requirement that the English immersion component of the program will comprise at least 50 percent of the average instructional time;

Amendment No. 2 was adopted.

(Truitt in the chair)

Amendment No. 1, as amended, was adopted.

A record vote was requested.

JA_008032

**CSHB 2814**, as amended, was passed to engrossment by (Record 625): 125 Yeas, 15 Nays, 2 Present, not voting.

Yeas — Allen; Alonzo; Anchia; Aycock; Bailey; Berman; Bohac; Bolton; Brown, B.; Brown, F.; Burnam; Castro; Chavez; Chisum; Christian; Cohen; Coleman; Cook, B.; Cook, R.; Corte; Creighton; Darby; Davis, J.; Davis, Y.; Delisi; Deshotel; Driver; Dukes; Dunnam; Dutton; Eiland; Eissler; Elkins; England; Escobar; Farabee; Farias; Flores; Frost; Gallego; Garcia; Gattis; Geren; Giddings; Gonzales; Gonzalez Toureilles; Goolsby; Guillen; Haggerty; Hamilton; Hancock; Hardcastle; Hartnett; Heflin; Hernandez; Herrero; Hilderbran; Hill; Hochberg; Hodge; Homer; Hopson; Howard, C.; Howard, D.; Isett; Jones; Keffer; King, P.; King, S.; King, T.; Krusee; Kuempel; Latham; Leibowitz; Lucio; Macias; Madden; Mallory Caraway; Martinez; Martinez Fischer; McCall; McClendon; Merritt; Miles; Morrison; Mowery; Murphy; Naishtat; Noriega; O'Day; Oliveira; Olivo; Orr; Ortiz; Otto; Parker; Patrick; Peña; Pickett; Pierson; Pitts; Puente; Quintanilla; Raymond; Ritter; Rodriguez; Rose; Smith, T.; Smith, W.; Smithee; Solomons; Strama; Straus; Swinford; Talton; Thompson; Turner; Vaught; Veasey; Villarreal; Vo; West; Woolley; Zedler; Zerwas.

Nays — Anderson; Bonnen; Callegari; Crabb; Flynn; Harless; Harper-Brown; Hughes; Jackson; Kolkhorst; Laubenberg; Miller; Riddle; Taylor; Van Arsdale.

Present, not voting — Mr. Speaker; Truitt(C).

Absent, Excused — Branch; Farrar; Menendez; Moreno.

Absent — Crownover; McReynolds; Paxton; Phillips.

### STATEMENTS OF VOTE

I was shown voting yes on Record No. 625. I intended to vote no.

Bohac

When Record No. 625 was taken, I was in the house but away from my desk. I would have voted no.

Paxton

### MESSAGE FROM THE SENATE

A message from the senate was received at this time (see the addendum to the daily journal, Messages from the Senate, Message No. 2).

### GENERAL STATE CALENDAR
### (consideration continued)

### HB 1248 ON SECOND READING
### (by Taylor)

**HB 1248**, A bill to be entitled An Act relating to the sale of mixed beverages aboard certain passenger vessels.

JA_008033

**HB 1248** was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. Members registering votes are as follows: Flynn and Hancock recorded voting no.)

### HB 1519 ON SECOND READING
### (by T. Smith and Peña)

**HB 1519**, A bill to be entitled An Act relating to including within the offense of barratry and solicitation of professional employment certain solicitations made during certain periods.

**HB 1519** was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. Members registering votes are as follows: Flynn recorded voting no.)

### CSHB 522 ON SECOND READING
### (by Woolley, Hartnett, et al.)

**CSHB 522**, A bill to be entitled An Act relating to adoption and operation of requirements regarding health benefit plan identification cards.

**Amendment No. 1**

Representative Woolley offered the following amendment to **CSHB 522**:

Amend **CSHB 522** by striking all below the enacting clause and substituting the following:

SECTION 1. Title 8, Insurance Code, is amended by adding Subtitle J to read as follows:

SUBTITLE J. HEALTH INFORMATION TECHNOLOGY
CHAPTER 1660. ELECTRONIC DATA EXCHANGE
SUBCHAPTER A. GENERAL PROVISIONS

Sec. 1660.001. FINDINGS AND PURPOSE. (a) The legislature finds that patients deserve accurate, instantaneous information about coverage and financial responsibility to make well-informed decisions about their treatment and spending.

(b) The legislature finds that the ability of health benefit plan issuers and administrators to exchange eligibility and benefit information with physicians, health care providers, hospitals, and patients will ensure a more efficient and effective health care delivery system.

(c) The legislature finds that electronic access to eligibility information will reduce the amount of time and resources spent on administrative functions, prevent abuse and fraud, streamline and simplify processing of insurance claims, and increase transparency in premium cost and health care cost.

(d) The legislature finds that patients often request information about their health care coverage from their health care providers and that health care providers therefore need access to real-time information about their patients'

JA_008034

USA_00022916

eligibility to receive health care under the health benefit plan, coverage of health care under the health benefit plan, and the benefits associated with the health benefit plan.

(e) The legislature finds that adoption of technology by insurers, health maintenance organizations, and health care providers to facilitate use of electronic data exchange standards currently available will make coverage and health care electronic transactions more predictable, reliable, and consistent.

Sec. 1660.002.  DEFINITIONS. In this chapter:

(1)  "Administrator" has the meaning assigned by Section 4151.001.

(2)  "Advisory committee" means the technical advisory committee on electronic data exchange.

(3)  "Enrollee" means an individual who is insured by or enrolled in a health benefit plan.

(4)  "Health benefit plan" means an individual, group, blanket, or franchise insurance policy or insurance agreement, a group hospital service contract, or an evidence of coverage that provides health insurance or health care benefits.

(5)  "Transaction standards" means the Health Insurance Portability and Accountability Act of 1996 (Pub. L. No. 104-191) transaction standards of the Centers for Medicare and Medicaid Services under 45 C.F.R. Part 162.

Sec. 1660.003.  APPLICABILITY. (a) This chapter applies only to a health benefit plan that provides benefits for medical or surgical expenses incurred as a result of a health condition, accident, or sickness, including an individual, group, blanket, or franchise insurance policy or insurance agreement, a group hospital service contract, or an individual or group evidence of coverage or similar coverage document that is offered by:

(1)  an insurance company;

(2)  a group hospital service corporation operating under Chapter 842;

(3)  a fraternal benefit society operating under Chapter 885;

(4)  a stipulated premium insurance company operating under Chapter 884;

(5)  a reciprocal exchange operating under Chapter 942;

(6)  a health maintenance organization operating under Chapter 843;

(7)  a multiple employer welfare arrangement that holds a certificate of authority under Chapter 846; or

(8)  an approved nonprofit health corporation that holds a certificate of authority under Chapter 844.

(b)  This chapter does not apply to:

(1)  a Medicaid managed care program operated under Chapter 533, Government Code;

(2)  a Medicaid program operated under Chapter 32, Human Resources Code; or

(3)  the state child health plan or any similar plan operated under Chapter 62 or 63, Health and Safety Code.

JA_008035

Case 2:13-cv-00193 Document 664-2 Filed on 11/11/14 in TXSD Page 34 of 56
e 1:12-cv-00128-RMC-DST-RLW Document 215-3 Filed 06/20/12 Page 165 of
2274          80th LEGISLATURE — REGULAR SESSION

Sec. 1660.004. GENERAL RULEMAKING. The commissioner may adopt rules as necessary to implement this chapter, including rules requiring the implementation and provision of the technology recommended by the advisory committee.

[Sections 1660.005-1660.050 reserved for expansion]

SUBCHAPTER B. ADVISORY COMMITTEE

Sec. 1660.051. ADVISORY COMMITTEE; COMPOSITION. (a) The commissioner shall appoint a technical advisory committee on electronic data exchange.

(b) The advisory committee is composed of:

(1) at least one representative from each of the following groups or entities:

(A) health benefit coverage consumers;

(B) physicians;

(C) hospital trade associations;

(D) representatives of medical units of institutions of higher education;

(E) representatives of health benefit plan issuers;

(F) health care providers; and

(G) administrators; and

(2) representatives from:

(A) the office of public insurance counsel;

(B) the Texas Health Insurance Risk Pool; and

(C) the Department of Information Resources.

(c) Members of the advisory committee serve without compensation.

Sec. 1660.052. APPLICABILITY OF CERTAIN LAWS. The following laws do not apply to the advisory committee:

(1) Section 39.003(a); and

(2) Chapter 2110, Government Code.

Sec. 1660.053. ADVISORY COMMITTEE POWERS AND DUTIES. The advisory committee shall advise the commissioner on technical aspects of using the transaction standards and the rules of the Council for Affordable Quality Healthcare Committee on Operating Rules for Information Exchange to require health benefit plan issuers and administrators to provide access to information technology that will enable physicians and other health care providers, at the point of service, to generate a request for eligibility information that is compliant with the transaction standards.

Sec. 1660.054. DATA ELEMENTS. (a) The advisory committee shall advise the commissioner on data elements required to be made available by health benefit plan issuers and administrators. To the extent possible, the committee shall use the framework adopted by the Council for Affordable Quality Healthcare Committee on Operating Rules for Information Exchange.

(b) The advisory committee shall consider inclusion in the required information of the following data elements:

(1) the name, date of birth, member identification number, and coverage status of the patient;

USA_00022918

Case 2:13-cv-00193   Document 664-2   Filed on 11/11/14 in TXSD   Page 35 of 56
e 1:12-cv-00128-RMC-DST-RLW   Document 215-3   Filed 06/20/12   Page 166 of
Tuesday, April 24, 2007        HOUSE JOURNAL — 61st Day        2275

(2)  identification of the payor, insurer, issuer, and administrator, as applicable;

(3)  the name and telephone number of the payor's contact person;

(4)  the payor's address;

(5)  the name and address of the subscriber;

(6)  the patient's relationship to the subscriber;

(7)  the type of service;

(8)  the type of health benefit plan or product;

(9)  the effective date of the coverage;

(10)  for professional services:

(A)  copayment amounts;

(B)  individual deductible amounts;

(C)  family deductible amounts; and

(D)  benefit limitations and maximums;

(11)  for facility services:

(A)  copayment and coinsurance amounts;

(B)  individual deductible amounts;

(C)  family deductible amounts; and

(D)  benefit limitations and maximums;

(12)  precertification or prior authorization requirements;

(13)  policy maximum limits;

(14)  patient liability for a proposed service; and

(15)  the health benefit plan coverage amount for a proposed service.

Sec. 1660.055.  RECOMMENDATIONS REGARDING ADOPTION OF CERTAIN TECHNOLOGIES; REPORT. (a) The advisory committee shall:

(1)  make recommendations regarding the use by health benefit plan issuers or administrators of Internet website technologies, smart card technologies, magnetic strip technologies, biometric technologies, or other information technologies to facilitate the generation of a request for eligibility information that is compliant with the transaction standards and the rules of the Council for Affordable Quality Healthcare Committee on Operating Rules for Information Exchange;

(2)  ensure that a recommendation made under Subdivision (1) does not endorse or otherwise confine health benefit plan issuers and administrators to any single product or vendor; and

(3)  recommend time frames for implementation of the recommendations.

(b)  The advisory committee shall:

(1)  recommend specific provisions that could be included in a department-issued request for information relating to electronic data exchange, including identification card programs;

(2)  provide those recommendations to the commissioner not later than four months after the date on which the committee is appointed; and

(3)  issue a final report to the commissioner containing the committee's recommendations for implementation by September 1, 2009.

JA_008037

USA_00022919

[Sections 1660.056-1660.100 reserved for expansion]

SUBCHAPTER C. IDENTIFICATION CARD PILOT PROGRAM

Sec. 1660.101. PILOT PROGRAM. (a) The commissioner shall designate a county or counties for initial participation in an identification card pilot program to begin not later than September 1, 2008.

(b) The commissioner shall require the issuer of a health benefit plan that is offered in the county or counties selected for initial participation in the identification card pilot program to issue identification cards that comply with commissioner rules to each enrollee of the plan.

(c) The commissioner may implement the identification card pilot program before, during, or simultaneously with the appointment and formation of the advisory committee.

Sec. 1660.102. PILOT PROGRAM RULES. (a) The commissioner shall adopt rules as necessary to implement the identification card pilot program, including the coordination of a testing phase and incorporation of changes identified in the testing phase.

(b) The commissioner may consider the recommendations of the advisory committee or any information provided in response to a department-issued request for information relating to electronic data exchange, including identification card programs, before adopting rules regarding:

(1) information to be included on the identification cards;

(2) technology to be used to implement the identification card pilot program; and

(3) confidentiality and accuracy of the information required to be included on the identification cards.

(c) The commissioner shall consider the requirements of any federal program requiring health benefit plan issuers and administrators to provide point-of-service access to physicians and other health care providers regarding eligibility information before adopting rules to implement this section.

Sec. 1660.103. REQUESTS FOR INFORMATION. The commissioner may issue requests for information as needed to implement the identification card pilot program under this subchapter.

Sec. 1660.104. HEALTH BENEFIT PLAN ISSUER COMPLIANCE. (a) Each issuer of a health benefit plan that offers a health benefit plan in a county or counties designated by the commissioner under Section 1660.101 for initial participation in the identification card pilot program shall comply with this subchapter and rules adopted under this subchapter.

(b) To ensure timely compliance with the requirements of this subchapter, the commissioner may require the issuer of a health benefit plan to submit its procedures for implementation of the requirements to the department in the form prescribed by the commissioner.

SECTION 2. This Act takes effect immediately if it receives a vote of two-thirds of all the members elected to each house, as provided by Section 39, Article III, Texas Constitution. If this Act does not receive the vote necessary for immediate effect, this Act takes effect September 1, 2007.

Amendment No. 1 was adopted.

JA_008038

USA_00022920

**CSHB 522**, as amended, was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

### HB 1928 ON SECOND READING
### (by Flores)

**HB 1928**, A bill to be entitled An Act relating to the exemption from ad valorem taxation of certain travel trailers.

**HB 1928** was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. Members registering votes are as follows: Gonzales, Leibowitz, and Martinez recorded voting no.)

### HB 1250 ON SECOND READING
### (by C. Howard)

**HB 1250**, A bill to be entitled An Act relating to prohibiting discrimination based on a student's secondary school in awarding certain financial aid for higher education.

**HB 1250** was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

### CSHB 1678 ON SECOND READING
### (by Madden, Turner, Haggerty, McReynolds, Hochberg, et al.)

**CSHB 1678**, A bill to be entitled An Act relating to the operation of a system of community supervision.

**CSHB 1678** was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. Members registering votes are as follows: Harper-Brown, Laubenberg, and Talton recorded voting no.)

### CSHB 3446 ON SECOND READING
### (by Rose, Keffer, Deshotel, McCall, Gonzales, et al.)

**CSHB 3446**, A bill to be entitled An Act relating to the promotion by the comptroller of Texas manufactured products; providing civil and administrative penalties.

Representative Rose moved to postpone consideration of **CSHB 3446** until the end of today's calendar.

The motion prevailed.

USA_00022921

## HB 3486 ON SECOND READING
## (by Kolkhorst)

**HB 3486**, A bill to be entitled An Act relating to the authority of the asset management division of the General Land Office to sell real property to an economic development corporation.

Representative Kolkhorst moved to postpone consideration of **HB 3486** until 7 a.m. Tuesday, May 1.

The motion prevailed.

## CSHB 3158 ON SECOND READING
## (by W. Smith)

**CSHB 3158**, A bill to be entitled An Act relating to the name, powers, and board of directors of the Chambers County-Cedar Bayou Navigation District.

**Amendment No. 1**

Representative W. Smith offered the following amendment to **CSHB 3158**:

Amend **CSHB 3158** as follows:

(1)  On page 4, line 23, strike "and amending Subsection (d)".

(2)  Strike page 5, line 8, through page 6, line 1.

(3)  On page 2, between lines 11 and 12, insert the following:

(b-1)  The directors serving in director positions 1 and 2 must be representatives of a company or business in the district that has the highest and second highest taxable value of real and personal property located in the district, as certified by the Chambers County Appraisal District. The directors serving in director positions 3 and 4 must be representatives of a company or business in the district that owns real or personal property that has a taxable value of at least $25,000,000 but less than $250,000,000, as certified by the Chambers County Appraisal District. The director serving in director position 5 must be a representative of a company or business that owns real or personal property in the district that has a taxable value of at least $5,000,000 but less than $25,000,000, as certified by the Chambers County Appraisal District.

(b-2)  The directors shall elect a chairperson from the directors. The person elected serves a term of four years as chairperson. Beginning September 1, 2007, the chairperson shall be elected by the directors from among the directors in positions 1, 2, 3, 4, and 5. At the conclusion of the term of the initial chairperson elected under this subsection, the chairperson shall be elected by the directors from among the directors in positions 6 and 7. The group of directors from which the chairperson is elected shall continue to alternate between the directors in positions 1, 2, 3, 4, and 5, and the directors in positions 6 and 7.

Amendment No. 1 was adopted.

**CSHB 3158**, as amended, was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

JA_008040

USA_00022922

Case 2:13-cv-00193   Document 664-2   Filed on 11/11/14 in TXSD   Page 39 of 56
e 1:12-cv-00128-RMC-DST-RLW   Document 215-3   Filed 06/20/12   Page 170 of
Tuesday, April 24, 2007   HOUSE JOURNAL — 61st Day   2279

### CSHB 3226 ON SECOND READING
**(by Branch, Woolley, Eiland, and D. Howard)**

**CSHB 3226**, A bill to be entitled An Act relating to the equalization of property wealth in certain school districts.

**CSHB 3226** was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

### CSHB 2144 ON SECOND READING
**(by Flores)**

**CSHB 2144**, A bill to be entitled An Act relating to the regulation of the practice of public accountancy by certain out-of-state license holders.

**CSHB 2144** was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

(Speaker in the chair)

### HB 2341 ON SECOND READING
**(by Truitt)**

**HB 2341**, A bill to be entitled An Act relating to certain investment products made available to certain public school employees.

**Amendment No. 1**

Representative Truitt offered the following amendment to **HB 2341**:

Amend **HB 2341** (committee printing) as follows:
(1) On page 2, line 23, strike "or".
(2) On page 2, line 26, between "2007" and the underlined period, insert:
; or
      (D) any change to this Act that becomes effective after January 1, 2007.

Amendment No. 1 was adopted.

**HB 2341**, as amended, was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

### CSHB 921 ON SECOND READING
**(by Delisi)**

**CSHB 921**, A bill to be entitled An Act relating to the sharing of information among state agencies.

**Amendment No. 1**

Representative Delisi offered the following amendment to **CSHB 921**:

JA_008041

USA_00022923

Amend **CSHB 921** as follows:

(1) On page 3, lines 12 and 13, strike "for sharing information" and substitute insert "for the secure sharing of information ".

(2) On page 3, line 17, between "to" and "confidentiality" insert "the security and".

(3) On page 3, line 19, between "the" and "protection" insert "security of personally identifiable information and the".

(4) On page 4, line 11, between "the" and "sharing" insert "secure".

(5) On page 4, line 14, between "state" and the period insert ", while ensuring the protection of personally identifiable information from inappropriate release".

(6) On page 4, line 23, strike "and" .

(7) On page 4, line 27, between "expense" and the period insert the following:

; and

(4) emphasize that data shared under this subchapter must comply with any federal or state law relating to confidentiality of the information maintained or received by a participating agency.

Sec. 113.055. USE OF DATA. Information gathered or shared under this subchapter may not be used to enforce Title 8 of the United States Code

(8) On page 5, line 1, strike "113.055" and substitute "113.056".

Amendment No. 1 was adopted.

**CSHB 921**, as amended, was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

### HB 2655 ON SECOND READING
### (by Puente)

**HB 2655**, A bill to be entitled An Act relating to certificates of public convenience and necessity for water service and sewer service.

**Amendment No. 1**

Representative Puente offered the following amendment to **HB 2655**:

Amend **HB 2655**, on page 2, line 1 (House Committee Report Printing), by inserting after the word "chapter." To the extent of a conflict between this section and Section 13.245, Section 13.245 prevails.

Amendment No. 1 was adopted.

**Amendment No. 2**

Representative Hilderbran offered the following amendment to **HB 2655**:

Amend **HB 2655** by amending SECTION 2 to read as follows:
SECTION 2. Section 13.2451, Water Code, is amended to read as follows:

JA_008042

USA_00022924

Case 2:13-cv-00193  Document 664-2  Filed on 11/11/14 in TXSD  Page 41 of 56
e 1:12-cv-00128-RMC-DST-RLW  Document 215-3  Filed 06/20/12  Page 172 of
Tuesday, April 24, 2007     HOUSE JOURNAL — 61st Day     2289

Sec. 13.2451. EXTENSION BEYOND EXTRATERRITORIAL JURISDICTION. (a) Subject to the provisions of Section 13.245, [(a) Except as provided by Subsection (b), if] if a municipality extends its extraterritorial jurisdiction to include an area certificated to a retail public utility, the retail public utility may continue and extend service in its area of public convenience and necessity under the rights granted by its certificate and this chapter.

(b) A retail public utility or a municipality that seeks to extend a certificate of public convenience and necessity beyond the retail public utility's corporate boundaries, if applicable, or beyond a municipality's extraterritorial jurisdiction must ensure that the area for which a certificate of public convenience and necessity is sought complies with the requirements of Water Code §13.241. [(b) The commission may not extend a municipality's certificate of public convenience and necessity beyond its extraterritorial jurisdiction without the written consent of the landowner who owns the property in which the certificate is to be extended. The portion of any certificate of public convenience and necessity that extends beyond the extraterritorial jurisdiction of the municipality without the consent of the landowner is void.]

(c) If service to an area outside a municipality's extraterritorial jurisdiction is not provided within five years from the date of obtaining a certificate of public convenience and necessity for that area, then after notice to the municipality and a hearing, the Commission may decertify the portion outside of a municipality's extraterritorial jurisdiction for which the municipality is not providing service. This subsection (c) is not applicable to a certificate of public convenience and necessity service area transferred to a municipality and approved by the Commission for which public funds were expended.

The change is sought to ensure that retail public utilities and municipalities seeking certificates of public convenience and necessity prove that the entire service territories comply with Water Code §13.241. The change will prevent CCN "land grabs" from municipalities.

Amendment No. 2 was adopted.

**HB 2655**, as amended, was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. Members registering votes are as follows:  C. Howard recorded voting no.)

### MESSAGE FROM THE SENATE

A message from the senate was received at this time (see the addendum to the daily journal, Messages from the Senate, Message No. 3).

### HB 957 ON SECOND READING
### (by Orr)

**HB 957**, A bill to be entitled An Act relating to participation by certain state employees in a default investment product under a deferred compensation plan.

JA_008043

USA_00022925

**HB 957** was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. Members registering votes are as follows:  Herrero and Leibowitz recorded voting no.)

## CSHB 1517 ON SECOND READING
### (by Paxton, Bailey, Flynn, Eiland, et al.)

**CSHB 1517**, A bill to be entitled An Act relating to the reporting of expenditures for lobbying and legislative communication by local governmental entities.

## CSHB 1517 - POINT OF ORDER

Representative Y. Davis raised a point of order against further consideration of **CSHB 1517** under Rule 4, Section 32(c) of the House Rules on the grounds that the bill analysis is incorrect.

The point of order was withdrawn.

Representative Paxton moved to postpone consideration of **CSHB 1517** until the end of today's calendar.

The motion prevailed.

## HB 2308 ON SECOND READING
### (by Rose)

**HB 2308**, A bill to be entitled An Act relating to the requirement that certain economic development corporations hold a hearing before spending funds to undertake a project.

Representative Rose moved to postpone consideration of **HB 2308** until 10 a.m. tomorrow.

The motion prevailed.

## HB 2338 ON SECOND READING
### (by Bailey)

**HB 2338**, A bill to be entitled An Act relating to the authority of a municipality to regulate a vehicle operating as a limousine.

**Amendment No. 1**

Representative Bailey offered the following amendment to **HB 2338**:

Amend **HB 2338** on page 1 by striking lines 7-15 and substituting the following:

Sec. 215.004.  TAXICABS AND LIMOUSINES.  (a) To protect the public health, safety, and welfare, a municipality by ordinance:

(1)   shall license, control, and otherwise regulate each private passenger vehicle, regardless of how it is propelled, that provides passenger taxicab transportation services for compensation and [,] is designed for carrying no more than eight passengers; and

JA_008044

USA_00022926

Case 2:13-cv-00193  Document 664-2  Filed on 11/11/14 in TXSD  Page 43 of 56
e 1:12-cv-00128-RMC-DST-RLW  Document 215-3  Filed 06/20/12  Page 174 of
Tuesday, April 24, 2007      HOUSE JOURNAL — 61st Day      2289

(2) may license, control, and otherwise regulate each private passenger vehicle, regardless of how it is propelled, that provides passenger limousine transportation services for compensation and is designed for carrying no more than 15 passengers.

(a-1) Subsection (a) applies to a taxicab or limousine service that [, and] is operated:

Amendment No. 1 was adopted.

**Amendment No. 2**

Representative Bailey offered the following amendment to **HB 2338**:

Amend **HB 2338** on page 2, between lines 15 and 16, by inserting the following:

(d) The provisions of this section relating to the regulation of limousine transportation services apply only to a municipality with a population of more than 1.9 million.

Amendment No. 2 was adopted.

**HB 2338**, as amended, was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. Members registering votes are as follows: Zedler recorded voting no.)

## HB 1274 ON SECOND READING
## (by Jackson, Harper-Brown, et al.)

**HB 1274**, A bill to be entitled An Act relating to the requirement of speaking and reading the English language as a condition for the issuance of a commercial driver's license.

## HB 1274 - POINT OF ORDER

Representative Lucio raised a point of order against further consideration of **HB 1274** under Rule 4, Section 32(c) of the House Rules on the grounds that the bill analysis is incorrect.

The point of order was withdrawn.

Representative Jackson moved to postpone consideration of **HB 1274** until the end of today's calendar.

The motion prevailed.

## HB 2636 ON SECOND READING
## (by Smithee)

**HB 2636**, A bill to be entitled An Act relating to the nonsubstantive revision of statutes relating to the Texas Department of Insurance, the business of insurance, and certain related businesses, to nonsubstantive additions to and corrections in the codified Insurance Code, and to conforming the provisions of that code that were codified by the 79th Legislature to other Acts of that legislature, including conforming amendments, repeals, and penalties.

JA_008045

USA_00022927

**Amendment No. 1**

Representative Smithee offered the following amendment to **HB 2636**:

Amend **HB 2636** (house committee printing) as follows:

(1) On page 41, line 13, strike "Chapter 843" and substitute "Section 1367.053, Subchapter A, Chapter 1452, Subchapter B, Chapter 1507, Chapter 222, 251, or 258, as applicable to a health maintenance organization, Chapter 843, Chapter 1271, and Chapter 1272".

(2) On page 43, line 6, strike "Chapter 843" and substitute "Section 1367.053, Subchapter A, Chapter 1452, Subchapter B, Chapter 1507, Chapter 222, 251, or 258, as applicable to a health maintenance organization, Chapter 843, Chapter 1271, and Chapter 1272".

(3) On page 44, line 16, strike "Chapter 843" and substitute "Section 1367.053, Subchapter A, Chapter 1452, Subchapter B, Chapter 1507, Chapter 222, 251, or 258, as applicable to a health maintenance organization, Chapter 843, Chapter 1271, and Chapter 1272".

(4) On page 135, line 23, strike "Chapter 843" and substitute "Section 1367.053, Subchapter A, Chapter 1452, Subchapter B, Chapter 1507, Chapter 222, 251, or 258, as applicable to a health maintenance organization, Chapter 843, Chapter 1271, and Chapter 1272".

(5) On page 146, line 3, between "a cross-reference" and "to read", insert "and to conform more closely to the source law from which the section is derived".

(6) Strike page 146, line 9, and substitute the following:

(3) [(4)] Section 1367.053, Subchapter A, Chapter 1452, Subchapter B, Chapter 1507, Chapter 222, 251, or 258, as applicable to a health maintenance organization, Chapter 843, Chapter 1271, or Chapter 1272;

(7) Strike page 199, lines 22 and 23, and substitute the following: coverage authorized by:

(A) Title 7;

(B) Chapter 3, 704, 841, 846, 982, 1201, 1202, 1203, 1210, 1251, 1252, 1253, 1254, 1301, 1351, 1354, 1359, 1364, 1368, 1501, 1504, 1505, 1506, 1552, 1575, 1576, 1577, 1579, 1581, 1625, 1651, 1652, or 1701;

(C) Chapter 492, other than Sections 492.051(b) and (c);

(D) Subchapter B, Chapter 38, Subchapter D, Chapter 425, Subchapter A or F, Chapter 1204, Subchapter A, Chapter 1273, Subchapter A, B, or D, Chapter 1355, Subchapter A, Chapter 1366, Subchapter A, Chapter 1507;

(E) Section 1204.151, 1204.153, 1204.154, or 1451.051; or

(F) Chapter 177, Local Government Code; or

(8) On page 200, line 5, strike "Subchapters A-E,".

(9) On page 200, line 12, strike "Subchapters A-E,".

(10) On page 200, line 16, strike "Subchapters A-E,".

(11) On page 221, line 9, strike "401.061".

(12) On page 353, line 13, strike "Subchapters A-D,".

(13) On page 354, line 9, strike "Subchapters A-D,".

Amendment No. 1 was adopted.

JA_008046

USA_00022928

Case 2:13-cv-00193 Document 664-2 Filed on 11/11/14 in TXSD Page 45 of 56
e 1:12-cv-00128-RMC-DST-RLW Document 215-3 Filed 06/20/12 Page 176 of
Tuesday, April 24, 2007 HOUSE JOURNAL — 61st Day 2283

**HB 2636**, as amended, was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.) (The vote was reconsidered later today, and **HB 2636**, as amended, was passed to engrossment.)

**SB 1665 ON SECOND READING**
**(Bonnen - House Sponsor)**

**SB 1665**, A bill to be entitled An Act relating to regulation of emissions from residential water heaters.

**SB 1665** was considered in lieu of **HB 2712**.

**SB 1665** was passed to third reading. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

**HB 2712 - LAID ON THE TABLE SUBJECT TO CALL**

Representative Bonnen moved to lay **HB 2712** on the table subject to call.

The motion prevailed.

**CSHB 1886 ON SECOND READING**
**(by Callegari)**

**CSHB 1886**, A bill to be entitled An Act relating to the procurement methods of certain political subdivisions and certain other entities for the construction, rehabilitation, alteration, or repair of certain projects.

**Amendment No. 1**

Representative Puente offered the following amendment to **CSHB 1886**:

Amend **CSHB 1886** on page 7, line 24, after the period, by inserting the following:

If a metropolitan transit authority created under Chapter 451, Transportation Code, enters into a contract for a project involving a bus rapid transit system created under Chapter 451, Transportation Code, the bus rapid transit system is a single integrated project for purposes of this subsection.

Amendment No. 1 was adopted.

**Amendment No. 2**

Representative Callegari offered the following amendment to **CSHB 1886**:

Amend **CSHB 1886** as follows:
(1) Strike SECTIONS 1-5, 7, and 9 of the bill and renumber subsequent SECTIONS of the bill appropriately.
(2) Strike page 5, line 27 through page 6, line 7 and substitute the following:

JA_008047

Case 2:13-cv-00193   Document 664-2   Filed on 11/11/14 in TXSD   Page 46 of 56
e 1:12-cv-00128-RMC-DST-RLW   Document 215-3   Filed 06/20/12   Page 177 of
2286                    80th LEGISLATURE — REGULAR SESSION

(6)  "Local governmental entity" means a municipality, a county, a river authority, a defense base development authority established under Chapter 379B, a municipally owned water utility with a separate governing board appointed by the governing body of a municipality, or any other special district or authority authorized by law to enter into a public works contract for a civil works project. The term does not include a water district or authority created under Section 52, Article III, or Section 59, Article XVI, Texas Constitution, with a population of less than 50,000.

(3)  On page 6, line 18, strike "25,000" and substitute "50,000".

(4)  On page 6, strike lines 20-22.

(5)  On page 16, line 10, strike "Section 1001.407" and substitute "Chapter 1001".

(6)  On page 17, between lines 1 and 2, insert the following appropriately numbered SECTION to the bill and renumber subsequent SECTIONS of the bill accordingly:

SECTION ____.  Section 271.904(a), Local Government Code, is amended to read as follows:

(a)  A covenant or promise in, in connection with, or collateral to a contract for engineering or architectural services to which a governmental agency is a party is void and unenforceable if the covenant or promise provides that a licensed engineer or registered architect whose work product is the subject of the contract must indemnify, [or] hold harmless, or defend the governmental agency against liability for damage, other than liability for damage that is caused by or results from the negligence of the indemnitor or the indemnitor's agents, consultants under contract, or others over which the indemnitor exercises control [governmental agency or its agent or employee].

Amendment No. 2 was adopted.

## Amendment No. 3

Representative Corte offered the following amendment to **CSHB 1886**:

Amend **CSHB 1886** as follows:

(1)  On page 5, line 3, between "facilities," and "airport", insert "desalination project,".

(2)  On page 10, line 12, strike "must" and substitute "may".

(3)  On page 12, line 23, strike "geotechnical baseline report" and substitute "report containing geotechnical information relating to the project site".

(4)  On page 14, line 15, between "permitting" and the semicolon, insert ", if the local governmental entity is responsible for those risks and costs by law or contract".

Amendment No. 3 was adopted.

## Amendment No. 4

Representative Eissler offered the following amendment to **CSHB 1886**:

JA_008048

USA_00022930

Amend **CSHB 1886** on page 17, between lines 15 and 16, by adding the following appropriately numbered SECTION to the bill and renumbering subsequent SECTIONS of the bill accordingly:

SECTION ____. Section 46.008, Education Code, is amended to read as follows:

Sec. 46.008.  STANDARDS. (a) The commissioner shall establish standards for adequacy of school facilities. The standards must include requirements related to space, educational adequacy, and construction quality. All new facilities constructed after September 1, 1998, must meet the standards to be eligible to be financed with state or local tax funds.

(b) Any portable, modular building capable of being relocated that is purchased or leased after September 1, 2007, for use as a school facility, regardless of whether the building is an industrialized building as defined by Section 1202.003, Occupations Code, must be inspected as provided by Subchapter E, Chapter 1202, Occupations Code, to ensure compliance with the mandatory building codes or approved designs, plans, and specifications.

Amendment No. 4 was adopted.

**CSHB 1886**, as amended, was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

### CSHB 2491 ON SECOND READING
### (by Berman)

**CSHB 2491**, A bill to be entitled An Act relating to political expenditures made by a corporation to finance the establishment and administration of a political committee.

**Amendment No. 1**

Representative Berman offered the following amendment to **CSHB 2491**:

Amend **CSHB 2491** (House Committee Report) on page 2, by striking lines 20 and 21 and substituting the following:

(4) political campaign brochures and political campaign direct mail;

Amendment No. 1 was adopted.

**Amendment No. 2**

Representative R. Cook offered the following amendment to **CSHB 2491**:

Amend **CSHB 2491** on page 3, between lines 3 and 4 by inserting a new Subsection (f) to read as follows:

"(f) Subsection (d) does not apply to a corporation or labor organization making an expenditure to communicate with its stockholders or members, as applicable, or with the families of its stockholders or members under Sec. 253.098."

Amendment No. 2 was adopted.

JA_008049

USA_00022931

**Amendment No. 3**

Representative Gallego offered the following amendment to **CSHB 2491**:

Amend **CSHB 2491** as follows:

(1) On page 2, line 24, strike "and".

(2) On page 2, line 25, strike the period and substitute the following:

:

(7) polling; and

(8) recruiting candidates.

Amendment No. 3 was adopted.

**CSHB 2491**, as amended, was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. Members registering votes are as follows: Herrero, Jones, and Leibowitz recorded voting no.)

<b>CSHB 180 ON SECOND READING<br>(by Zedler, et al.)</b>

**CSHB 180**, A bill to be entitled An Act relating to the creation and dissolution of a covenant marriage.

Representative Zedler moved to postpone consideration of **CSHB 180** until 10 a.m. Friday, April 27.

The motion prevailed.

<b>CSHB 2994 ON SECOND READING<br>(by Bonnen and O'Day)</b>

**CSHB 2994**, A bill to be entitled An Act relating to the authority of certain taxing units to enter into an agreement under the Property Redevelopment and Tax Abatement Act or the Texas Economic Development Act with the owner of certain electric power generation facilities.

(Branch now present)

(Zedler in the chair)

**Amendment No. 1**

Representative Burnam offered the following amendment to **CSHB 2994**:

Amend **CSHB 2994** (Committee printing) as follows:

(1) Strike SECTION 1 of the bill and renumber existing SECTIONS accordingly.

(2) On page 1, line 23, strike "Sections 313.021(1) and (4), Tax Code, are" and substitute "Section 313.021(1), Tax Code, is".

(3) Strike page 2, line 23, through page 3, line 7, and substitute:

(C) tangible personal property that is first

(4) On page 3, line 23, strike "(E)" and substitute "(D)".

(5) On page 3, strike line 27 and substitute "Paragraph (A), [or] (B), or (C).

(6) On page 4, strike lines 1-21 and substitute:

JA_008050

USA_00022932

Case 2:13-cv-00193 Document 664-2 Filed on 11/11/14 in TXSD Page 49 of 56
e 1:12-cv-00128-RMC-DST-RLW Document 215-3 Filed 06/20/12 Page 180 of
Tuesday, April 24, 2007 HOUSE JOURNAL — 61st Day 2289

SECTION 3. Section 313.024, Tax Code, is amended by adding Subsection (b-1) and amending Subsection (c) to read as follows:

(7) On page 4, lines 24 and 25, strike "or nuclear electric power generation".

(8) On page 5, line 3, strike "313.021(1)(E)" and substitute "313.021(1)(D)".

(9) On page 5, at the end of line 24, add "or".

(10) On page 5, strike lines 26 and 27 and substitute: gasification combined cycle technology.

(11) On page 6, line 2, strike "Subdivisions (3) and (4)" and substitute "Subdivision (3)".

(12) On page 6, strike lines 10-12.

Representative Bonnen moved to table Amendment No. 1.

A record vote was requested.

The motion to table prevailed by (Record 626): 99 Yeas, 39 Nays, 2 Present, not voting.

Yeas — Alonzo; Anderson; Aycock; Bailey; Berman; Bohac; Bonnen; Branch; Brown, B.; Brown, F.; Callegari; Chisum; Christian; Cook, B.; Cook, R.; Corte; Crabb; Creighton; Crownover; Darby; Davis, J.; Delisi; Deshotel; Driver; Dutton; Eiland; Eissler; Elkins; England; Farabee; Flynn; Frost; Gattis; Geren; Gonzales; Gonzalez Toureilles; Goolsby; Guillen; Haggerty; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Homer; Hopson; Howard, C.; Hughes; Isett; Jackson; Jones; Keffer; King, P.; Kolkhorst; Krusee; Kuempel; Latham; Laubenberg; Lucio; Macias; Madden; McCall; McReynolds; Merritt; Miller; Morrison; Mowery; Murphy; O'Day; Orr; Ortiz; Otto; Parker; Patrick; Paxton; Phillips; Pickett; Pitts; Puente; Quintanilla; Riddle; Ritter; Rose; Smith, T.; Smith, W.; Smithee; Solomons; Straus; Swinford; Talton; Taylor; Truitt; Turner; Van Arsdale; West; Woolley; Zerwas.

Nays — Allen; Anchia; Bolton; Burnam; Castro; Chavez; Coleman; Davis, Y.; Dukes; Dunnam; Escobar; Farias; Flores; Gallego; Garcia; Giddings; Heflin; Hernandez; Herrero; Hochberg; Hodge; Howard, D.; King, T.; Leibowitz; Mallory Caraway; Martinez; Martinez Fischer; McClendon; Miles; Naishtat; Oliveira; Olivo; Peña; Pierson; Raymond; Rodriguez; Strama; Vaught; Veasey.

Present, not voting — Mr. Speaker; Zedler(C).

Absent, Excused — Farrar; Menendez; Moreno.

Absent — Cohen; Hill; King, S.; Noriega; Thompson; Villarreal; Vo.

**Amendment No. 2**

Representative Villarreal offered the following amendment to **CSHB 2994**:

Amend **CSHB 2994** as follows:

On page 6, between line 12 and 13, insert the following and renumber succeeding sections accordingly:

USA_00022933

Case 2:13-cv-00193 Document 664-2 Filed on 11/11/14 in TXSD Page 50 of 56
e 1:12-cv-00128-RMC-DST-RLW Document 215-3 Filed 06/20/12 Page 181 of
2290        80th LEGISLATURE — REGULAR SESSION

SECTION 5. §313.0408. REPORT ON COMPLIANCE WITH AGREEMENTS. (a) Before the beginning of each regular session of the legislature, the comptroller shall submit to the lieutenant governor, the speaker of the house of representatives, and each other member of the legislature a report on grants made under this Chapter that states:

(1) the number of qualifying jobs each recipient of a limitation on appraised value committed to create in this state;

(2) the number of qualifying jobs each recipient created;

(3) the median wage of the jobs each recipient created;

(4) the amount of qualified investment each recipient committed to expend or allocate per project;

(5) the amount of qualified investment each recipient expended or allocated per project;

(6) the market value of the qualified property of each recipient;

(7) the limitation on appraised value for the qualified property of each recipient;

(8) the average amount of property taxes that would have been collected, if taxes were imposed on the market value of each qualified property, for each job created by each recipient;

(9) the number of jobs created by each recipient in each sector of the North American Industry Classification System (NAICS); and

(10) of the number of direct jobs each recipient created, the number of positions created that provide health benefits for employees.

(b) The report may not include information that is made confidential by law.

(c) The comptroller may require a recipient to submit, on a form the comptroller provides, information required to complete the report.

Amendment No. 2 was adopted.

A record vote was requested.

**CSHB 2994**, as amended, was passed to engrossment by (Record 627): 118 Yeas, 21 Nays, 2 Present, not voting.

Yeas — Allen; Alonzo; Anchia; Anderson; Aycock; Bailey; Berman; Bohac; Bonnen; Branch; Brown, B.; Brown, F.; Callegari; Chisum; Christian; Cohen; Coleman; Cook, B.; Cook, R.; Corte; Crabb; Creighton; Crownover; Darby; Delisi; Deshotel; Driver; Dunnam; Dutton; Eiland; Eissler; Elkins; England; Escobar; Farabee; Flores; Flynn; Frost; Garcia; Gattis; Geren; Gonzales; Gonzalez Toureilles; Goolsby; Guillen; Haggerty; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Heflin; Hilderbran; Hill; Homer; Hopson; Howard, C.; Howard, D.; Hughes; Isett; Jackson; Jones; Keffer; King, P.; King, S.; Kolkhorst; Krusee; Kuempel; Latham; Laubenberg; Lucio; Macias; Madden; Mallory Caraway; Martinez; McCall; McReynolds; Merritt; Miller; Morrison; Murphy; O'Day; Orr; Ortiz; Otto; Parker; Patrick; Paxton; Peña; Phillips; Pickett; Pitts; Puente; Quintanilla; Raymond; Riddle; Ritter; Rose; Smith, T.; Smith, W.; Smithee; Solomons; Strama; Straus; Swinford; Talton; Taylor; Thompson; Truitt; Turner; Van Arsdale; Vaught; Villarreal; Vo; West; Woolley; Zerwas.

JA_008052

USA_00022934

Case 2:13-cv-00193  Document 664-2  Filed on 11/11/14 in TXSD  Page 51 of 56
e 1:12-cv-00128-RMC-DST-RLW  Document 215-3  Filed 06/20/12  Page 182 of
Tuesday, April 24, 2007        HOUSE JOURNAL — 61st Day        2290

Nays — Bolton; Burnam; Castro; Chavez; Dukes; Farias; Gallego; Giddings; Hernandez; Herrero; Hochberg; Hodge; King, T.; Leibowitz; McClendon; Miles; Naishtat; Oliveira; Olivo; Rodriguez; Veasey.

Present, not voting — Mr. Speaker; Zedler(C).

Absent, Excused — Farrar; Menendez; Moreno.

Absent — Davis, J.; Davis, Y.; Martinez Fischer; Mowery; Noriega; Pierson.

### STATEMENT OF VOTE

I was shown voting no on Record No. 627. I intended to vote yes.

Olivo

### HB 3074 ON SECOND READING
### (by Creighton)

**HB 3074**, A bill to be entitled An Act relating to advertising of entities that contract with local workforce development boards.

**HB 3074** was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

### HB 2636 - VOTE RECONSIDERED

Representative Smithee moved to reconsider the vote by which **HB 2636**, as amended, was passed to engrossment.

The motion to reconsider prevailed.

### HB 2636 ON SECOND READING
### (by Smithee)

**HB 2636**, A bill to be entitled An Act relating to the nonsubstantive revision of statutes relating to the Texas Department of Insurance, the business of insurance, and certain related businesses, to nonsubstantive additions to and corrections in the codified Insurance Code, and to conforming the provisions of that code that were codified by the 79th Legislature to other Acts of that legislature, including conforming amendments, repeals, and penalties.

**Amendment No. 2 (Committee Amendment No. 1)**

Representative Smithee offered the following committee amendment to **HB 2636**:

Amend **HB 2636** as follows:
(1) On page 33, line 13, strike "AND CONFORMING AMENDMENTS".
(2) On page 33, strike lines 15 through 26.
(3) Strike page 33, line 27, through page 34, line 2, and substitute the following:
SECTION 1D.003. ADDITION. Chapter 542, Insurance Code, is amended by adding Subchapter C-1 to read as follows:

JA_008053

USA_00022935

Case 2:13-cv-00193 Document 664-2 Filed on 11/11/14 in TXSD Page 52 of 56
e 1:12-cv-00128-RMC-DST-RLW Document 215-3 Filed 06/20/12 Page 183 of
2292          80th LEGISLATURE — REGULAR SESSION

SUBCHAPTER C-1. REQUEST FOR CLAIMS INFORMATION BY
CERTAIN OFFICIALS

(4) On page 34, line 3, strike "Sec. 542.105" and substitute "Sec. 542.131".

(5) On page 119, strike line 1 and substitute the following:

(b) A person may not act as a responsible managing employee unless the person holds a license

(6) On page 172, strike lines 6-9 and substitute the following:

(3) Subchapter B, Chapter 1507; and

(4) Chapters 1271 and 1272 [Chapter 20A].

(7) On page 187, line 13, strike "841.705" and substitute "841.704-841.705".

(8) On page 202, line 22, strike "Subchapters A-E," and substitute "Subchapter B,".

(9) On page 203, line 1, strike "Subchapters A-E," and substitute "Subchapter B,".

(10) On page 203, strike lines 11 through 14 and substitute the following:
a license revoked under Chapter 4005 [Article 21.07 or 21.14, or

(11) On page 219, line 10, between "Subchapters A-E" and the comma, insert "and G".

(12) On page 225, line 6, strike "1305.004(11)," and substitute "1305.004(a)(11),".

(13) On page 354, between lines 19 and 20, insert the following appropriately numbered SECTION:

SECTION ____. Sections 1272.001(a)(1), (3), and (4), Insurance Code, are amended to conform more closely to the source law from which they were derived to read as follows:

(1) "Delegated entity" means an entity, other than a health maintenance organization authorized to engage in business under Chapter 843, that by itself, or through subcontracts with one or more entities, undertakes to arrange for or provide medical care or health care to an enrollee in exchange for a predetermined payment on a prospective basis and that accepts responsibility for performing on behalf of the health maintenance organization a function regulated by this chapter, Chapter 222, 251, or 258, as applicable to a health maintenance organization, Chapter 843 or [,] 1271, Section 1367.053 [or 1367], Subchapter A, Chapter 1452, or Subchapter B, Chapter 1507. The term does not include:

(A) an individual physician; or

(B) a group of employed physicians, practicing medicine under one federal tax identification number, whose total claims paid to providers not employed by the group constitute less than 20 percent of the group's total collected revenue computed on a calendar year basis.

(3) "Delegated third party" means a third party other than a delegated entity that contracts with a delegated entity, either directly or through another third party, to:

JA_008054

USA_00022936

Case 2:13-cv-00193   Document 664-2   Filed on 11/11/14 in TXSD   Page 53 of 56
e 1:12-cv-00128-RMC-DST-RLW   Document 215-3   Filed 06/20/12   Page 184 of
Tuesday, April 24, 2007                HOUSE JOURNAL — 61st Day                2293

(A) accept responsibility for performing a function regulated by this chapter, Chapter 222, 251, or 258, as applicable to a health maintenance organization, Chapter 843 or [,] 1271, Section 1367.053 [or 1367], Subchapter A, Chapter 1452, or Subchapter B, Chapter 1507; or

(B) receive, handle, or administer funds, if the receipt, handling, or administration is directly or indirectly related to a function regulated by this chapter, Chapter 222, 251, or 258, as applicable to a health maintenance organization, Chapter 843 or [,] 1271, Section 1367.053 [or 1367], Subchapter A, Chapter 1452, or Subchapter B, Chapter 1507.

(4) "Delegation agreement" means an agreement by which a health maintenance organization assigns the responsibility for a function regulated by this chapter, Chapter 222, 251, or 258, as applicable to a health maintenance organization, Chapter 843 or [,] 1271, Section 1367.053 [or 1367], Subchapter A, Chapter 1452, or Subchapter B, Chapter 1507.

Amendment No. 2 was adopted.

**HB 2636**, as amended, was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

### GENERAL STATE CALENDAR
### (consideration continued)

(Hamilton in the chair)

### CSHB 1038 ON SECOND READING
### (by Ritter)

**CSHB 1038**, A bill to be entitled An Act relating to the operation of the Texas Residential Construction Commission; providing penalties.

### Amendment No. 1

Representative Ritter offered the following amendment to **CSHB 1038**:

Amend **CSHB 1038** as follows:

(1) On page 2, line 14, strike "constructs" and substitute "sells, constructs,".

(2) On page 2, line 15, between "construction of" and the colon, insert ", or contracts for the construction of or the supervision or management of the construction of".

(3) On page 3, line 1, after "by", insert "amending Subsection (b) and".

(4) On page 3, between lines 2 and 3, insert the following:

(b)  This title does not apply to a homeowner or to a homeowner's real estate broker, agent, interior designer registered under Chapter 1053, Occupations Code, or property manager who supervises or arranges for the construction of an improvement to a home owned by the homeowner.

(5) On page 6, line 2, strike "and (e)" and substitute ", (e) , and (f)".

(6) On page 6, line 8, between "title" and the period, insert ", except as necessary to implement this title".

(7) On page 6, between lines 8 and 9, insert the following:

USA_00022937

Case 2:13-cv-00193  Document 664-2  Filed on 11/11/14 in TXSD  Page 54 of 56
e 1:12-cv-00128-RMC-DST-RLW  Document 215-3  Filed 06/20/12  Page 185 of
2294          80th LEGISLATURE — REGULAR SESSION

(f)  Notwithstanding Subsections (d) and (e), the commission may not disclose the address of an individual home registered with the commission:

(1)  on the commission's Internet website; or

(2)  in connection with an open records request under Chapter 552, Government Code.

(8)  On page 6, after line 27, insert the following appropriately numbered SECTION and renumber subsequent SECTIONS accordingly:

SECTION ____.  Section 416.010, Property Code, is amended by adding Subsection (e) to read as follows:

(e)  A builder may designate a United States Postal Service postal box for use in correspondence. The builder may not use the box as the builder's principal place of business for purposes of this section.

(9)  On page 10, line 14, strike "or".

(10)  On page 10, between lines 14 and 15, insert the following:

(22)  failure to participate in commission efforts to resolve a complaint that arises during the construction or renovation of a home;

(23)  failure to act in good faith in responding to a commission request for information; or

(11)  On page 10, line 15, strike "(22)" and substitute "(24)".

(12)  On page 11, strike lines 6 through 13 and substitute the following:

(b)  The commission must consider the factors described by Section 419.002(b) before taking disciplinary action under this chapter.

(13)  On page 12, line 21, strike "Subsection (a)" and insert "Subsections (a) and (b)".

(14)  On page 12, between lines 25 and 26, insert the following:

(b)  In determining the amount of an administrative penalty, the hearings officer or commission shall consider:

(1)  the seriousness of the violation, including the nature, circumstances, extent, and gravity of the prohibited acts;

(2)  the history of previous violations;

(3)  the amount necessary to deter a future violation;

(4)  efforts to correct the violation; [and]

(5)  the deterrent effect on others in the industry;

(6)  the economic harm to the homeowner; and

(7)  any other matter justice may require.

(15)  On page 15, lines 15-16, strike "Sections 427.001(b), (c), and (d), Property Code, are" and substitute "Section 427.001, Property Code, is".

(16)  On page 15, line 16, between "amended" and "to read" insert "by amending Subsections (b), (c), and (d) and adding Subsection (c-1)".

(17)  On page 16, between lines 2 and 3, insert the following:

(c-1)  A third-party inspector who inspects an issue involving a structural matter and an unrelated issue involving workmanship and materials matters must meet the requirements of Subsections (b) and (c).

(18)  On page 17, between lines 3 and 4, insert the following appropriately numbered SECTION and renumber subsequent SECTIONS accordingly:

JA_008056

USA_00022938

Case 2:13-cv-00193 Document 664-2 Filed on 11/11/14 in TXSD Page 55 of 56
e 1:12-cv-00128-RMC-DST-RLW Document 215-3 Filed 06/20/12 Page 186 of
Tuesday, April 24, 2007          HOUSE JOURNAL — 61st Day          2295

SECTION ____. Section 428.003(a), Property Code, is amended to read as follows:

(a) On or before the 30th [15th] day after the date the commission receives a request, the commission shall appoint the next available third-party inspector from the applicable lists of third-party inspectors maintained by the commission under Subsection (c).

(19) On page 17, line 25, strike "section" and substitute "chapter".

(20) On page 17, line 26, between "request" and "may submit", insert ", including a third-party warranty company,".

**Amendment No. 2**

Representative Solomons offered the following amendment to Amendment No. 1:

Amend Floor Amendment No. 1 (**CSHB 1038**), by Ritter, on page 2, line 13, by striking "act in good faith in responding" and substituting "respond".

Amendment No. 2 was adopted.

### MESSAGE FROM THE SENATE

A message from the senate was received at this time (see the addendum to the daily journal, Messages from the Senate, Message No. 4).

### CSHB 1038 - (consideration continued)

Amendment No. 1, as amended, was adopted.

**Amendment No. 3**

Representative Gattis offered the following amendment to **CSHB 1038**:

Amend **CSHB 1038** on page 1, between lines 4 and 5, by inserting the following appropriately numbered SECTION and renumbering subsequent SECTIONS accordingly:

SECTION ____. Subchapter A, Chapter 5, Property Code, is amended by adding Section 5.016 to read as follows:

Sec. 5.016. DISCLOSURE OF ABSENCE OF CERTAIN WARRANTIES. (a) A seller of residential real property that is exempt from Title 16 under Section 401.005 shall give to the purchaser of the property a written notice that reads substantially similar to the following:

NOTICE OF NONAPPLICABILITY OF CERTAIN WARRANTIES AND BUILDING AND PERFORMANCE STANDARDS

The property that is subject to this contract is exempt from Title 16, Property Code, including the provisions of that title that provide statutory warranties and building and performance standards.

(b) A notice required by this section shall be delivered by the seller to the purchaser on or before the effective date of an executory contract binding the purchaser to purchase the property. If a contract is entered into without the seller providing the notice, the purchaser may terminate the contract for any reason on or before the seventh day after the date the purchaser receives the notice.

(c) This section does not apply to a transfer:

JA_008057

USA_00022939

Case 2:13-cv-00193   Document 664-2   Filed on 11/11/14 in TXSD   Page 56 of 56
e 1:12-cv-00128-RMC-DST-RLW   Document 215-3   Filed 06/20/12   Page 187 of
2296                    80th LEGISLATURE — REGULAR SESSION

(1)  under a court order or foreclosure sale;

(2)  by a trustee in bankruptcy;

(3)  to a mortgagee by a mortgagor or successor in interest or to a beneficiary of a deed of trust by a trustor or successor in interest;

(4)  by a mortgagee or a beneficiary under a deed of trust who has acquired the land at a sale conducted under a power of sale under a deed of trust or a sale under a court-ordered foreclosure or has acquired the land by a deed in lieu of foreclosure;

(5)  by a fiduciary in the course of the administration of a decedent's estate, guardianship, conservatorship, or trust;

(6)  from one co-owner to another co-owner of an undivided interest in the real property;

(7)  to a spouse or a person in the lineal line of consanguinity of the seller;

(8)  to or from a governmental entity; or

(9)  of only a mineral interest, leasehold interest, or security interest.

Amendment No. 3 was adopted.

**Amendment No. 4**

Representative Gattis offered the following amendment to **CSHB 1038**:

Amend **CSHB 1038** on page 1, between lines 4 and 5, by inserting the following appropriately numbered SECTION and renumbering subsequent SECTIONS accordingly:

SECTION _____.  Section 27.002(b), Property Code, is amended to read as follows:

(b)  Except as provided by this subsection, to [To] the extent of conflict between this chapter and any other law, including the Deceptive Trade Practices-Consumer Protection Act (Subchapter E, Chapter 17, Business & Commerce Code) or a common law cause of action, this chapter prevails. To the extent of conflict between this chapter and Title 16, Title 16 prevails.

Amendment No. 4 was adopted.

**Amendment No. 5**

Representative Gattis offered the following amendment to **CSHB 1038**:

Amend **CSHB 1038** on page 1, between lines 4 and 5, by inserting the following appropriately numbered SECTION and renumbering subsequent SECTIONS accordingly:

SECTION _____.  Section 27.004(d), Property Code, is amended to read as follows:

(d)  The court or arbitration tribunal shall abate [dismiss] an action governed by this chapter if Subsection (c) does not apply and the court or tribunal, after a hearing, finds that the contractor is entitled to abatement [dismissal] because the claimant failed to comply with the requirements of Subtitle D, Title 16, if applicable, failed to provide the notice or failed to give the contractor a reasonable opportunity to inspect the property as required by Subsection (a), or

JA_008058

USA_00022940