Case 2:13-cv-00193 Document 664-3 Filed on 11/11/14 in TXSD Page 1 of 60
e 1:12-cv-00128-RMC-DST-RLW Document 215-3 Filed 06/20/12 Page 188 of
Tuesday, April 24, 2007          HOUSE JOURNAL — 61st Day          2299

failed to follow the procedures specified by Subsection (b). An action is automatically abated [dismissed] without the order of the court or tribunal beginning on the 11th day after the date a motion to abate [dismiss] is filed if the motion:

(1) is verified and alleges that the person against whom the action is pending did not receive the written notice required by Subsection (a), the person against whom the action is pending was not given a reasonable opportunity to inspect the property as required by Subsection (a), or the claimant failed to follow the procedures specified by Subsection (b) or Subtitle D, Title 16; and

(2) is not controverted by an affidavit filed by the claimant before the 11th day after the date on which the motion to abate [dismiss] is filed.

Amendment No. 5 was adopted.

## Amendment No. 6

Representative McClendon offered the following amendment to **CSHB 1038**:

Amend **CSHB 1038** as follows:

(1) On page 1, line 6, strike "Subsection (c)" and substitute "Subsections (c) and (d)".

(2) On page 2, strike lines 3 through 9 and substitute the following:

(c) A provision of a contract described by Section 41.001(b)(3) that requires the parties to submit a dispute arising under the contract to binding arbitration must:

(1) be conspicuously printed or typed in a size equal to at least 14-point bold type or the computer equivalent; and

(2) provide a space immediately adjacent to the provision for the owner's signature to indicate acknowledgment of notice of the provision.

(d) A provision described by Subsection (c) is not enforceable against the owner unless the requirements of Subsection (c) are met and the owner signs the space acknowledging notice of the provision.

(3) Strike SECTION 20 of the bill and substitute the following:

SECTION 20. Section 426.003, Property Code, is amended by amending Subsection (b) to read as follows:

(b) A builder who enters into a contract for the construction of a new home or an improvement to an existing home in which the value of the work exceeds $20,000 [transaction governed by this title, other than the transfer of title of a new home from the builder to the seller,] shall register the home involved in the transaction with the commission. The registration must:

(1) include the information required by the commission by rule;

(2) be accompanied by the fee required by Subsection (c); and

(3) be delivered to the commission not later than the 15th day after the earlier of:

(A) the date the construction is substantially completed [of the agreement that describes the transaction between the homeowner and the builder]; or

USA_00022941

Case 2:13-cv-00193 Document 664-3 Filed on 11/11/14 in TXSD Page 2 of 60
e 1:12-cv-00128-RMC-DST-RLW Document 215-3 Filed 06/20/12 Page 189 of
2298          80th LEGISLATURE — REGULAR SESSION

(B) the date the new home is occupied, if the contract is for the construction of a new home [commencement of the work on the home].

(4) Add the following appropriately numbered SECTIONS and renumber the SECTIONS of the bill accordingly:

SECTION ____. Section 162.003, Property Code, is amended to read as follows:

Sec. 162.003. BENEFICIARIES OF TRUST FUNDS. (a) An artisan, laborer, mechanic, contractor, subcontractor, or materialman who labors or who furnishes labor or material for the construction or repair of an improvement on specific real property in this state is a beneficiary of any trust funds paid or received in connection with the improvement.

(b) A homeowner, as defined by Section 401.002, is a beneficiary of trust funds paid in connection with a residential construction contract governed by Title 16 and held for the purpose of satisfying the cost of materials and workmanship for labor and materials provided by persons described by Subsection (a) for the homeowner under the contract.

SECTION ___. Section 162.006(a), Property Code, is amended to read as follows:

(a) A contractor who enters into a written contract with a property owner or homeowner, as defined by Section 401.002, to construct improvements to [a] residential property [homestead] for an amount exceeding $5,000 shall deposit the trust funds in a construction account in a financial institution.

SECTION ____. Subtitle C, Title 16, Property Code, is amended by adding Chapter 420 to read as follows:

CHAPTER 420. BUILDING CONTRACT PROVISIONS

Sec. 420.001. REQUIRED WRITTEN DISCLOSURE. Before beginning work on a project to construct a new home or an improvement to an existing home when the cost of the work exceeds $10,000, a builder must provide a notice to the homeowner in at least 14-point bold type that gives the telephone number of the commission and states:

STATE LAW REQUIRES THAT A PERSON HOLD A CERTIFICATE OF REGISTRATION FROM THE TEXAS RESIDENTIAL CONSTRUCTION COMMISSION IF THE PERSON CONTRACTS TO CONSTRUCT A NEW HOME OR IF THE PERSON CONTRACTS TO CONSTRUCT AN IMPROVEMENT TO AN EXISTING HOME AND THE TOTAL COST OF THE IMPROVEMENT IS $10,000 OR MORE (INCLUDING LABOR AND MATERIALS).

BUILDERS ARE REGULATED BY LAWS DESIGNED TO PROTECT THE PUBLIC. YOU MAY CONTACT THE COMMISSION AT [insert commission's telephone number] TO FIND OUT WHETHER THE BUILDER HAS A VALID CERTIFICATE OF REGISTRATION. THE COMMISSION HAS COMPLETE INFORMATION ON THE HISTORY OF BUILDERS, INCLUDING ANY SUSPENSION, REVOCATION, COMPLAINT, AND RESOLUTION OF COMPLAINT.

JA_008060

USA_00022942

IF YOU HAVE A COMPLAINT AGAINST A BUILDER, YOU MAY CONTACT THE TOLL-FREE TELEPHONE NUMBER TO OBTAIN A COMPLAINT FORM AND FURTHER INFORMATION.

IF THE BUILDER FAILED TO COMPLETE THE WORK OR PERFORMED POOR QUALITY WORK, YOU MAY FILE A COMPLAINT WITH THE COMMISSION BY CONTACTING THE TOLL-FREE TELEPHONE NUMBER. YOU MUST FILE ALL COMPLAINTS WITHIN TWO YEARS OF THE DATE THE BUILDER ABANDONED THE PROJECT OR PERFORMED THE POOR QUALITY WORK.

Sec. 420.002. REQUIRED CONTRACT PROVISIONS. A contract for the construction of a new home or an improvement to an existing home when the cost of the work exceeds $10,000 is not enforceable against a homeowner unless the contract:

(1) contains the builder's name, physical address, and certificate of registration number; and

(2) contains the notice required by Section 420.001.

Sec. 420.003. BINDING ARBITRATION CONTRACT PROVISION. (a) A provision in a contract for the construction of a new home, or the improvement of an existing home in which the value of the work exceeds $10,000, that requires the parties to submit a dispute arising under the contract to binding arbitration must:

(1) be conspicuously printed or typed in a size equal to at least 14-point bold type or the computer equivalent; and

(2) provide a space immediately adjacent to the provision for the homeowner's signature to indicate acceptance of the provision.

(b) A provision described by Subsection (a) is not enforceable against the homeowner unless the requirements of Subsection (a) are met and the homeowner signs the space accepting the provision.

Amendment No. 6 was adopted.

**Amendment No. 7**

Representative McClendon offered the following amendment to **CSHB 1038**:

Amend **CSHB 1038** as follows:

(1) Strike SECTION 2 of the bill and substitute the following:

SECTION 2. Section 401.003, Property Code, is amended to read as follows:

Sec. 401.003. DEFINITION OF BUILDER. (a) In this title, "builder" means any person [business entity or individual] who, for a fixed price, commission, fee, wage, or other compensation, sells, constructs, or supervises or manages the construction of:

(1) a new home;

(2) a material improvement to a home, other than an improvement solely to replace or repair a roof of an existing home; or

(3) an improvement to the interior of an existing home when the cost of the work exceeds $10,000 [$20,000].

USA_00022943

Case 2:13-cv-00193  Document 664-3  Filed on 11/11/14 in TXSD  Page 4 of 60
e 1:12-cv-00128-RMC-DST-RLW  Document 215-3  Filed 06/20/12  Page 191 of
2300        80th LEGISLATURE — REGULAR SESSION

(b)  The term includes:

(1)  an owner, officer, director, shareholder, partner, affiliate, subsidiary, or employee of the builder;

(2)  a risk retention group governed by Article 21.54, Insurance Code, that insures all or any part of a builder's liability for the cost to repair a residential construction defect; and

(3)  a third-party warranty company and its administrator.

(c)  The term does not include any person [business entity or individual] who:

(1)  has been issued a license by this state or an agency [or political subdivision] of this state to practice a trade or profession related to or affiliated with residential construction if the work being done by the entity or individual to the home is solely for the purpose for which the license was issued; or

(2)  sells a new home and:

(A)  does not construct or supervise or manage the construction of the home; and

(B)  holds a license issued under Chapter 1101, Occupations Code, or is exempt from that chapter under Section 1101.005, Occupations Code.

(2)  Strike SECTION 33 of the bill and substitute the following:

SECTION 33. Subchapter Z, Chapter 214, Local Government Code, is amended by adding Section 214.906 to read as follows:

Sec. 214.906.  CERTIFICATE  OF  REGISTRATION  NUMBER REQUIRED FOR RESIDENTIAL CONSTRUCTION PERMIT. A municipality may not issue a permit that authorizes the construction of a new single-family house or duplex or the improvement of an existing single-family house or duplex by a builder who is required to hold a certificate of registration issued by the Texas Residential Construction Commission unless the builder provides the builder's certificate of registration number to the municipality.

(3)  Add the following appropriately numbered SECTIONS and renumber the SECTIONS of the bill accordingly:

SECTION ____.  Subchapter K, Chapter 53, Property Code, is amended by adding Section 53.2555 to read as follows:

Sec. 53.2555. CERTIFICATE OF REGISTRATION NUMBER. (a) A contractor who is required to register as a builder with the Texas Residential Construction Commission shall include, in a clear and conspicuous manner, the contractor's certificate of registration number on each residential construction contract.

(b)  The failure of a contractor to comply with Subsection (a) makes void any mechanic's or materialman's lien by the contractor or a subcontractor.

SECTION ____.  Section 401.002(7), Property Code, is amended to read as follows:

(7)  "Homeowner" means an individual [a person] who owns a home and who contracts with a builder for the construction of a new home or an improvement to an existing home. The term includes an attorney-in-fact or legal representative of the individual or the individual's estate or a subrogee or assignee of the individual [a person who owns a home].

USA_00022944

Case 2:13-cv-00193 Document 664-3 Filed on 11/11/14 in TXSD Page 5 of 60
e 1:12-cv-00128-RMC-DST-RLW Document 215-3 Filed 06/20/12 Page 192 of
Tuesday, April 24, 2007 HOUSE JOURNAL — 61st Day 2300

**Amendment No. 8**

Representative McClendon offered the following amendment to Amendment No. 7:

Amend Floor Amendment No. 7, by McClendon, to **CSHB 1038** on page 2, by striking lines 14-21 and substituting the following:

Sec. 214.906. VERIFICATION OF BUILDER REGISTRATION. A municipality may not issue a building permit to a builder, as defined by Section 401.003, Property Code, for construction described by Section 401.003(a) of that code, unless the municipality has determined that the builder is registered with the Texas Residential Construction Commission under Chapter 416 of that code. A municipality shall verify that the builder's registration number is both current and valid and make a record of that registration number.

Amendment No. 8 was adopted.

Amendment No. 7, as amended, was adopted.

**Amendment No. 9**

Representative Gattis offered the following amendment to **CSHB 1038**:

Amend **CSHB 1038** as follows:

(1) On page 2, line 14, strike "constructs" and substitute "sells, constructs,".

(2) On page 2, line 15, between "construction of" and the colon, insert ", or contracts for the construction of or the supervision or management of the construction of".

Amendment No. 9 was withdrawn.

**Amendment No. 10**

Representative Geren offered the following amendment to **CSHB 1038**:

Amend **CSHB 1038** to read as follows:

1) On page 3, line 4, strike the words "with the intent to sell" and substitute "and sells"

2) On page 3, line 9, after "individual." add "Liability under this subsection does not automatically require an individual to register under Section 416.001."

3) Add the following appropriately numbered SECTION and renumber subsequent SECTIONS accordingly:

SECTION _____. Section 401.002, Property Code, is amended to read as follows:

(8) Improvement to the interior of an existing home—any modification to the interior living space of a home which includes the addition or installation of permanent fixtures inside the home. An improvement to the interior of an existing home does not include improvements to an existing home if the improvements are designed primarily to repair or replace the home's component parts.

(9) (8) "Limited statutory warranty and building and performance standards" means the limited statutory warranty and building and performance standards adopted by the commission under Section 430.001.

JA_008063

USA_00022945

Case 2:13-cv-00193  Document 664-3  Filed on 11/11/14 in TXSD  Page 6 of 60
e 1:12-cv-00128-RMC-DST-RLW  Document 215-3  Filed 06/20/12  Page 193 of
2302                    80th LEGISLATURE — REGULAR SESSION

(10) Material improvement—a modification to an existing home that either increases or decreases the home's total square footage of living space that also modifies the home's foundation, perimeter walls or roof. A material improvement does not include modifications to an existing home if the modifications are designed primarily to repair or replace the home's component parts.

(11) (9) "Nonstructural matter" has the meaning assigned by the limited statutory warranty and building and performance standards adopted by the commission under Section 430.001.

(12) (10) "Request" means a request submitted under Section 428.001.

(13) (11) "State inspector" means a person employed by the commission under Section 427.002.

(14) (12) "State-sponsored inspection and dispute resolution process" means the process by which the commission resolves a request.

(15) (13) "Structural" means the load-bearing portion of a home.

(16) (14) "Structural failure" has the meaning assigned by the limited statutory warranty and building and performance standards adopted by the commission under Section 430.001.

(17) (15) "Third-party inspector" means a person appointed by the commission under Section 428.003.

(18) (16) "Warranty of habitability" means a builder's obligation to construct a home or home improvement that is in compliance with the limited statutory warranties and building and performance standards adopted by the commission under Section 430.001 and that is safe, sanitary, and fit for humans to inhabit.

4) On page 20, line 8, after the words "Property Code" and before "." add "or is exempt from registration under Section 401.005, Property Code".

Amendment No. 10 was adopted.

**Amendment No. 11**

Representative McClendon offered the following amendment to **CSHB 1038**:

Amend **CSHB 1038** as follows:

(1) On page 5, between lines 16 and 17, insert the following:

(d) Fees paid to the commission under Subsections (b) and (c) are nonrefundable.

(e) The commission may waive or reduce the fee for an inspection under Subtitle D for a homeowner who demonstrates an inability to pay the fee.

(2) On page 6, line 10, strike "Subsection (c)" and substitute "Subsections (c) and (d)".

(3) On page 6, between lines 21 and 22, insert the following:

(d) The fees in Subsection (a) apply to each builder, including each sole proprietor, corporation, limited liability company, partnership, limited partnership, limited liability partnership, and subsidiary.

(4) Add the following appropriately numbered SECTION and renumber the SECTIONS of the bill accordingly:

USA_00022946

Case 2:13-cv-00193 Document 664-3 Filed on 11/11/14 in TXSD Page 7 of 60
e 1:12-cv-00128-RMC-DST-RLW Document 215-3 Filed 06/20/12 Page 194 of
Tuesday, April 24, 2007 HOUSE JOURNAL — 61st Day 2303

SECTION ____. Chapter 409, Property Code, is amended by adding Section 409.004 to read as follows:

Sec. 409.004. DIRECTORY OF BUILDERS. The commission shall make available to the public a list of each builder who holds a certificate of registration issued under Chapter 416.

Amendment No. 11 was adopted.

## Amendment No. 12

Representative McClendon offered the following amendment to **CSHB 1038**:

Amend **CSHB 1038** as follows:

(1) On page 6, line 22, strike "Section 416.008(d), Property Code, is" and substitute "Sections 416.008(d) and (e), Property Code, are".

(2) On page 6, following line 27, insert the following:

(e) The hearing shall be held before a hearings officer appointed by the commission. After the hearing, the hearings officer shall enter an appropriate order. [The order of the hearings officer under this subsection is a final decision.]

(3) On page 10, line 14, strike "or".

(4) On page 10, line 16, strike the period and substitute ";".

(5) On page 10, between lines 16 and 17, insert the following:

(24) failure to obtain a permit required by a political subdivision before constructing a new home or an improvement to an existing home; or

(25) abandoning or wilfully failing to perform, without justification, any home improvement contract or residential construction project engaged in or undertaken by the person, if found to have done so by a final, nonappealable judgment of a court.

(6) On page 10, lines 18 and 19, strike "or impose an administrative penalty".

(7) On page 12, line 10, strike "(a)".

(8) On page 12, strike lines 16 through 19.

Amendment No. 12 was adopted.

## Amendment No. 13

Representative Gattis offered the following amendment to **CSHB 1038**:

Amend **CSHB 1038** as follows:

(1) On page 4, line 2, between "the" and "commission", insert "attorney general or the".

(2) On page 4, between lines 7 and 8, insert the following:

(d) A suit under this section must be brought in Travis County.

(e) The attorney general and the commission may recover reasonable expenses incurred in obtaining injunctive relief under this section, including court costs, reasonable attorney's fees, investigative costs, witness fees, and deposition costs.

(3) On page 4, line 8, strike "(d)" and substitute "(f)".

Amendment No. 13 was adopted.

JA_008065

USA_00022947

(Goolsby in the chair)

**Amendment No. 14**

Representative T. Smith offered the following amendment to **CSHB 1038**:

Amend **CSHB 1038** on page 4, between lines 11 and 12, by inserting the following appropriately numbered SECTION and renumbering subsequent SECTIONS accordingly:

SECTION ____.  Section 406.001, Property Code, is amended by amending Subsection (a) and adding Subsections (c), (d), (e), and (f) to read as follows:

(a)  The Texas Residential Construction Commission consists of nine members appointed by the governor with the advice and consent of the senate as follows:

(1)  four members must be builders who each hold a certificate of registration under Chapter 416;

(2)  three members must be representatives of the general public, each of whom has demonstrated a continued interest in consumer protection;

(3)  one member must be a licensed professional engineer who practices in the area of residential construction; and

(4)  one member must be either a licensed architect who practices in the area of residential construction or a building inspector who meets the requirements set forth in Chapter 427 and practices in the area of residential construction.

(c)  A person may not be a public member of the commission if the person or the person's spouse:

(1)  is a builder registered with the commission, or is otherwise registered, certified, or licensed by a regulatory agency in the field of residential construction;

(2)  is employed by or participates in the management of a business entity or other organization regulated by or receiving money from the commission;

(3)  owns or controls, directly or indirectly, more than a 10 percent interest in a business entity or other organization regulated by or receiving money from the commission; or

(4)  uses or receives a substantial amount of tangible goods, services, or money from the commission other than compensation or reimbursement authorized by law for commission membership, attendance, or expenses.

(d)  A person may not be a member of the commission and may not be a commission employee employed in a "bona fide executive, administrative, or professional capacity," as that phrase is used for purposes of establishing an exemption to the overtime provisions of the federal Fair Labor Standards Act of 1938 (29 U.S.C. Section 201 et seq.) if:

(1)  the person is an officer, employee, manager, or paid consultant of a Texas trade association in the field of residential construction; or

(2)  the person's spouse is an officer, manager, or paid consultant of a Texas trade association in the field of residential construction.

JA_008066

USA_00022948

(e) A person may not be a member of the commission or act as general counsel to the commission if the person is required to register as a lobbyist under Chapter 305, Government Code, because of the person's activities for compensation on behalf of a profession related to the operation of the commission.

(f) In this section, "Texas trade association" means a cooperative and voluntarily joined statewide association of business or professional competitors in this state designed to assist its members and its industry or profession in dealing with mutual business or professional problems and in promoting their common interest.

Amendment No. 14 was adopted.

**Amendment No. 15**

Representative Gattis offered the following amendment to **CSHB 1038**:

Amend **CSHB 1038** on page 6, between lines 8 and 9, by inserting the following appropriately numbered SECTION and renumbering subsequent SECTIONS accordingly:

SECTION ____. Section 416.002, Property Code, is amended by adding Subsection (e) to read as follows:

(e) Based on a commission investigation of an alleged violation of Sections 418.001(a)(14) through (20), the commission may require an applicant for renewal of a certificate of registration to disclose to the commission every person with a financial or management interest in the applicant's business as a builder. This subsection does not apply to a publicly traded company.

Amendment No. 15 was adopted.

**Amendment No. 16**

Representative Gattis offered the following amendment to **CSHB 1038**:

Amend **CSHB 1038** as follows:

(1) On page 7, line 9, strike "Section 416.012" and substitute "Sections 416.012 and 416.013".

(2) On page 7, between lines 16 and 17, insert the following:

Sec. 416.013. CONTINUING EDUCATION. (a)  During the first year a builder is registered with the commission, the builder must complete five hours of continuing education, one hour of which must address ethics.

(b) After satisfying the requirements of Subsection (a), a builder must complete five hours of continuing education, one hour of which must address ethics, once every five years.

(c) Continuing education courses that satisfy the requirements of this section must address the International Residential Code for One- and Two-Family Dwellings adopted under Section 430.001 and state laws and rules that apply to builders under this chapter.

JA_008067

USA_00022949

Case 2:13-cv-00193 Document 664-3 Filed on 11/11/14 in TXSD Page 10 of 60
e 1:12-cv-00128-RMC-DST-RLW Document 215-3 Filed 06/20/12 Page 197 of
2306          80th LEGISLATURE — REGULAR SESSION

(d) The commission by rule shall approve continuing education courses, course content, and course providers. This subsection does not prohibit the commission from providing continuing education courses for a reasonable fee.

Amendment No. 16 was adopted.

**Amendment No. 17**

Representative Gattis offered the following amendment to **CSHB 1038**:

Amend **CSHB 1038** as follows:

(1) On page 10, line 14, strike "or".

(2) On page 10, between lines 14 and 15, insert the following:

(22) failure to substantially complete all the obligations under an express contract for construction without reasonable grounds for the failure, if found by a final nonappealable court judgment; or

(3) On page 10, line 15, strike "(22)" and substitute "(23)".

(Speaker in the chair)

Amendment No. 17 was adopted.

**Amendment No. 18**

Representative Gattis offered the following amendment to **CSHB 1038**:

Amend **CSHB 1038** on page 6, between lines 8 and 9, by inserting the following appropriately numbered SECTION and renumbering subsequent SECTIONS accordingly:

SECTION ____. Section 416.002, Property Code, is amended by adding Subsection (e) to read as follows:

(e) Based on a commission investigation of an alleged violation of Sections 418.001(a)(14) through (20), the commission may require an applicant for renewal of a certificate of registration to disclose to the commission every person with a financial or management interest in the applicant's business as a builder. This subsection does not apply to a publicly traded company.

Amendment No. 18 was withdrawn.

**Amendment No. 19**

Representative Eiland offered the following amendment to **CSHB 1038**:

Amend **CSHB 1038** as follows:

Add a new section after page 20, line 8 as follows:

Amend Section 426.001 of the Texas by adding subsection (d) as follows:

(d) Notwithstanding any other provision, the state-sponsored inspection and dispute resolution process is voluntary at the discretion of a homeowner until such time as a homeowner submits a request for the state-sponsored inspection and dispute resolution.

(1) A builder may not require by contract or otherwise that a homeowner use the state-sponsored inspection and dispute resolution process. The builder may not represent directly or indirectly that the state-sponsored inspection and dispute resolution process is required of a homeowner.

JA_008068

USA_00022950

Case 2:13-cv-00193   Document 664-3   Filed on 11/11/14 in TXSD   Page 11 of 60
e 1:12-cv-00128-RMC-DST-RLW   Document 215-3   Filed 06/20/12   Page 198 of
Tuesday, April 24, 2007        HOUSE JOURNAL — 61st Day        2309

(2) The provisions of subsection (d) may not be waived, voided, or nullified.

Strike in Section 22, page 14, line 8 "must" and substitute "need not."

Strike in Section 22, page 14, lines 14-18.

Representative Ritter moved to table Amendment No. 19.

A record vote was requested.

The motion to table prevailed by (Record 628): 92 Yeas, 47 Nays, 2 Present, not voting.

Yeas — Alonzo; Aycock; Berman; Bohac; Bonnen; Branch; Brown, B.; Brown, F.; Callegari; Chisum; Christian; Cook, B.; Cook, R.; Corte; Crabb; Creighton; Crownover; Darby; Davis, J.; Delisi; Driver; Eissler; Elkins; England; Escobar; Farabee; Flynn; Frost; Gattis; Geren; Goolsby; Haggerty; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Heflin; Hilderbran; Hill; Hochberg; Homer; Hopson; Isett; Jackson; Jones; Keffer; King, P.; King, S.; Kolkhorst; Krusee; Kuempel; Latham; Laubenberg; Lucio; Macias; Madden; Martinez; McReynolds; Merritt; Miller; Morrison; Mowery; Murphy; O'Day; Oliveira; Orr; Otto; Parker; Patrick; Paxton; Phillips; Pickett; Pitts; Puente; Quintanilla; Riddle; Ritter; Rose; Smith, T.; Smith, W.; Strama; Straus; Swinford; Taylor; Truitt; Turner; Van Arsdale; West; Woolley; Zedler; Zerwas.

Nays — Allen; Anchia; Anderson; Bailey; Bolton; Burnam; Castro; Chavez; Coleman; Davis, Y.; Deshotel; Dukes; Dunnam; Dutton; Eiland; Flores; Garcia; Gonzales; Gonzalez Toureilles; Guillen; Hartnett; Hernandez; Herrero; Howard, D.; Hughes; King, T.; Leibowitz; Mallory Caraway; Martinez Fischer; McCall; McClendon; Naishtat; Noriega; Olivo; Ortiz; Peña; Pierson; Raymond; Rodriguez; Smithee; Solomons; Talton; Thompson; Vaught; Veasey; Villarreal; Vo.

Present, not voting — Mr. Speaker(C); Howard, C.

Absent, Excused — Farrar; Menendez; Moreno.

Absent — Cohen; Farias; Gallego; Giddings; Hodge; Miles.

## STATEMENTS OF VOTE

When Record No. 628 was taken, I was in the house but away from my desk. I would have voted yes.

Giddings

I was shown voting yes on Record No. 628. I intended to vote no.

T. Smith

(P. King in the chair)

**Amendment No. 20**

Representative Farrar offered the following amendment to **CSHB 1038**:

Amend **CSHB 1038** as follows:

JA_008069

USA_00022951

Case 2:13-cv-00193  Document 664-3  Filed on 11/11/14 in TXSD  Page 12 of 60
e 1:12-cv-00128-RMC-DST-RLW  Document 215-3  Filed 06/20/12  Page 199 of
2308          80th LEGISLATURE — REGULAR SESSION

Amend Sec 436.002 of the property code to add section (c) and read as follows; then renumber as appropriate.

§436.002. APPLICABILITY. (a) This subtitle applies only to an arbitration of a dispute between a homeowner and a builder that involves an alleged construction defect.

(b) The requirements of this subtitle supplement Chapter 171, Civil Practice and Remedies Code, and the Federal Arbitration Act (9 U.S.C. Sections 1-16), as amended.

(c) The requirement of arbitration in a dispute involving a construction defect shall be made optional.

Amendment No. 20 was withdrawn.

**Amendment No. 21**

Representative Raymond offered the following amendment to **CSHB 1038**:

Amend **CSHB 1038** by inserting the following appropriately numbered SECTION and renumbering subsequent SECTIONS accordingly:

SECTION ____. Chapter 426, Property Code, is amended by adding Section 426.009 to read as follows:

Sec. 426.009. ABATEMENT OF PARALLEL PROCEEDING. (a) This section applies only to a suit between a homeowner and a builder in which:

(1) a request for resolution is filed with the commission under this title; and

(2) the request relates directly to the subject matter of the suit.

(b) A court shall abate a suit to which this section applies if the request for resolution is filed before the 90th day after the date the suit is filed. The court may grant or continue any temporary relief necessary to preserve the status quo pending a final determination of the suit.

(c) If the commission grants the request or reconsiders and grants a request that had previously been denied, the court may, on motion of the commission or any interested party, dismiss the suit if the issues involved in the request predominate in the suit.

Amendment No. 21 was withdrawn.

**Amendment No. 22**

Representative Leibowitz offered the following amendment to **CSHB 1038**:

Amend **CSHB 1038** by adding the following appropriately numbered SECTIONS and renumbering subsequent SECTIONS accordingly:

SECTION ____. Chapter 419, Property Code, is amended by adding Section 419.0031 to read as follows:

Sec. 419.0031. INTEREST ON UNPAID PENALTY. Interest accrues on an unpaid administrative penalty at a rate of 18 percent compounded annually beginning on the day after the date specified for payment under Section 419.003.

JA_008070

USA_00022952

Case 2:13-cv-00193 Document 664-3 Filed on 11/11/14 in TXSD Page 13 of 60
e 1:12-cv-00128-RMC-DST-RLW Document 215-3 Filed 06/20/12 Page 200 of
Tuesday, April 24, 2007 HOUSE JOURNAL — 61st Day 2369

SECTION ____. The change in law made by Section 419.0031, Property Code, as added by this Act, applies only to an administrative penalty assessed on or after the effective date of this Act. A penalty assessed before the effective date of this Act is subject to the law in effect immediately before that date, and that law is continued in effect for that purpose.

Amendment No. 22 was adopted.

**Amendment No. 23**

Representative Leibowitz offered the following amendment to **CSHB 1038**:

Amend **CSHB 1038** by adding the following appropriately numbered SECTION to the bill and renumbering subsequent SECTIONS of the bill accordingly:

SECTION ____. Chapter 409, Property Code, is amended by adding Section 409.0011 to read as follows:

Sec. 409.0011. BUILDER LIST. (a) In this section, "volume builder" means a builder who registers at least 100 homes each year as provided by Section 426.003.

(b) The commission shall create and make accessible to the public an electronic list and a hard-copy list of builders who:

(1) are registered with the commission; and

(2) provide in this state building services, including accessible floor plans, to persons with mobility-related special needs.

(c) The electronic list required under Subsection (b) shall provide, if available, the following information with respect to each listed builder:

(1) a link to the builder's website; and

(2) contact information for the builder, including the municipalities where the builder provides building services described by Subsection (b)(2).

(d) The commission shall contact all volume builders in this state who do not provide building services to persons with mobility-related special needs as described by Subsection (b)(2) and encourage those builders to develop floor plans that are designed to be accessible for persons with mobility-related special needs.

(e) Before a volume builder is included on the electronic or hard-copy list described by Subsection (b), the commission must certify the builder's floor plans designed for persons with mobility-related special needs. The commission shall establish rules, procedures, and fees necessary to certify floor plans as required by this subsection.

(f) The Veterans' Land Board shall make accessible to the public on its Internet website and in hard-copy format the electronic list required under Subsection (b).

Amendment No. 23 was adopted.

**Amendment No. 24**

Representative Flores offered the following amendment to **CSHB 1038**:

JA_008071

USA_00022953

Amend **CSHB 1038** by inserting the following appropriately numbered SECTION and renumbering subsequent SECTIONS of the bill accordingly:

SECTION ____. Chapter 430, Property Code, is amended by adding Section 430.0015 to read as follows:

Sec. 430.0015. USE OF CERTAIN MATERIALS PROHIBITED. In adopting building and performance standards under Section 430.001, the commission shall require the use of graded rebar in accordance with the requirements of the building code in effect in the political subdivision in which the residential construction occurs.

Amendment No. 24 was adopted.

**Amendment No. 25**

Representative McClendon offered the following amendment to **CSHB 1038**:

Amend **CSHB 1038** as follows:

(1)  Add the following appropriately numbered SECTION and renumber the SECTIONS of the bill accordingly:

SECTION ____. Section 426.001(a), Property Code, is amended to read as follows:

(a)  This subtitle applies to a dispute between a builder and a homeowner if:

(1)  the dispute arises out of an alleged construction defect, other than a claim solely for:

(A)  personal injury, survival, or wrongful death; or

(B)  damage to goods; and

(2)  a request is submitted to the commission not later than the 30th day after [on or before] the 10th anniversary of:

(A)  the date of the initial transfer of title from the builder to the first homeowner to own [initial owner of] the home or the improvement that is the subject of the dispute; or

(B)[,]  if there is not a closing in which title is transferred, the date on which the [contract for] construction of the improvement was substantially completed [entered into].

(2)  On page 20, line 13, after the period, insert "The speaker of the house of representatives shall appoint two additional members of the house of representatives who have expressed an interest in this issue as voting adjunct members of the committee for the purpose of participating in the study.".

Amendment No. 25 was adopted.

**Amendment No. 26**

Representative Burnam offered the following amendment to **CSHB 1038**:

Amend **CSHB 1038** by adding the following appropriately numbered SECTION to the bill and renumbering subsequent SECTIONS of the bill accordingly:

SECTION ____. Section 406.001, Property Code, is amended by amending Subsection (a) and adding Subsections (c), (d), (e), and (f) to read as follows:

USA_00022954

Case 2:13-cv-00193   Document 664-3   Filed on 11/11/14 in TXSD   Page 15 of 60
e 1:12-cv-00128-RMC-DST-RLW   Document 215-3   Filed 06/20/12   Page 202 of
Tuesday, April 24, 2007        HOUSE JOURNAL — 61st Day        231

(a) The Texas Residential Construction Commission consists of nine members appointed by the governor with the advice and consent of the senate as follows:

(1) three [four] members must be builders who each hold a certificate of registration under Chapter 416;

(2) four [three] members must be representatives of the general public, each of whom has demonstrated a continued interest in consumer protection;

(3) one member must be a licensed professional engineer who practices in the area of residential construction; and

(4) one member must be either a licensed architect who practices in the area of residential construction or a building inspector who meets the requirements set forth in Chapter 427 and practices in the area of residential construction.

(c) A person may not be a public member of the commission if the person or the person's spouse:

(1) is a builder registered with the commission, or is otherwise registered, certified, or licensed by a regulatory agency in the field of residential construction;

(2) is employed by or participates in the management of a business entity or other organization regulated by or receiving money from the commission;

(3) owns or controls, directly or indirectly, more than a 10 percent interest in a business entity or other organization regulated by or receiving money from the commission; or

(4) uses or receives a substantial amount of tangible goods, services, or money from the commission other than compensation or reimbursement authorized by law for commission membership, attendance, or expenses.

(d) A person may not be a member of the commission and may not be a commission employee employed in a "bona fide executive, administrative, or professional capacity," as that phrase is used for purposes of establishing an exemption to the overtime provisions of the federal Fair Labor Standards Act of 1938 (29 U.S.C. Section 201 et seq.), if:

(1) the person is an officer, employee, manager, or paid consultant of a Texas trade association in the field of residential construction; or

(2) the person's spouse is an officer, manager, or paid consultant of a Texas trade association in the field of residential construction.

(e) A person may not be a member of the commission or act as general counsel to the commission if the person is required to register as a lobbyist under Chapter 305, Government Code, because of the person's activities for compensation on behalf of a profession related to the operation of the commission.

(f) In this section, "Texas trade association" means a cooperative and voluntarily joined statewide association of business or professional competitors in this state designed to assist its members and its industry or profession in dealing with mutual business or professional problems and in promoting their common interest.

JA_008073

USA_00022955

Representative Ritter moved to table Amendment No. 26.

A record vote was requested.

The motion to table prevailed by (Record 629): 109 Yeas, 31 Nays, 2 Present, not voting.

Yeas — Anchia; Anderson; Aycock; Berman; Bohac; Bolton; Bonnen; Branch; Brown, B.; Brown, F.; Callegari; Chisum; Christian; Cohen; Cook, B.; Cook, R.; Corte; Crabb; Creighton; Crownover; Darby; Davis, J.; Delisi; Deshotel; Driver; Dunnam; Eissler; Elkins; England; Escobar; Farabee; Flores; Flynn; Frost; Garcia; Gattis; Geren; Giddings; Goolsby; Guillen; Haggerty; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Heflin; Hilderbran; Hill; Homer; Hopson; Howard, C.; Howard, D.; Hughes; Isett; Jackson; Jones; Keffer; King, S.; King, T.; Kolkhorst; Krusee; Kuempel; Latham; Laubenberg; Lucio; Macias; Madden; McCall; McReynolds; Merritt; Miller; Morrison; Mowery; Murphy; O'Day; Oliveira; Orr; Otto; Parker; Patrick; Paxton; Peña; Phillips; Pickett; Pitts; Puente; Quintanilla; Raymond; Riddle; Ritter; Rose; Smith, T.; Smith, W.; Smithee; Solomons; Strama; Straus; Swinford; Talton; Taylor; Truitt; Turner; Van Arsdale; West; Woolley; Zedler; Zerwas.

Nays — Allen; Alonzo; Bailey; Burnam; Castro; Chavez; Coleman; Dukes; Dutton; Eiland; Farias; Gallego; Gonzales; Gonzalez Toureilles; Hernandez; Herrero; Hochberg; Hodge; Leibowitz; Mallory Caraway; Martinez; Martinez Fischer; Miles; Naishtat; Noriega; Ortiz; Rodriguez; Thompson; Vaught; Veasey; Villarreal.

Present, not voting — Mr. Speaker; King, P.(C).

Absent, Excused — Farrar; Menendez; Moreno.

Absent — Davis, Y.; McClendon; Olivo; Pierson; Vo.

## Amendment No. 27

Representative Thompson offered the following amendment to **CSHB 1038**:

Amend **CSHB 1038** by inserting the following appropriately numbered SECTIONS and renumbering existing SECTIONS of the bill accordingly:

SECTION ____. Title 16, Property Code, is amended by adding Subtitle F to read as follows:

SUBTITLE F. HOMEOWNER REMEDIES

CHAPTER 445. NEW HOME BUYERS

Sec. 445.001. DEFINITIONS. In this chapter:

(1) "Defect" means a construction defect or any other condition that prevents a home from conforming to an applicable warranty.

(2) "Homebuyer" means a person who:

(A) purchased a home from a builder and is entitled to enforce the terms of the builder's warranty with respect to the home;

(B) is a lessor or lessee, other than a sublessee, who purchased or leased the home from the builder; or

JA_008074

Case 2:13-cv-00193  Document 664-3  Filed on 11/11/14 in TXSD  Page 17 of 60
e 1:12-cv-00128-RMC-DST-RLW  Document 215-3  Filed 06/20/12  Page 204 of
Tuesday, April 24, 2007          HOUSE JOURNAL — 61st Day          2319

(C) is a transferee or assignee of a person described by Paragraph (A) or (B) if the transferee or assignee is a resident of this state and entitled to enforce the terms of the builder's warranty.

(3) "Serious safety hazard" means a life-threatening malfunction, installation defect, or nonconformity that substantially impedes a person's ability to live in or use a home or that creates a substantial risk of fire, explosion, or exposure to a toxic substance.

(4) "Warranty" means the statutory warranties under Chapter 430 and any additional warranty provided by a builder in accordance with Sections 430.006 and 430.007.

Sec. 445.002.  APPLICABILITY OF CERTAIN OTHER LAW OR CONTRACT PROVISIONS.  (a) This chapter supersedes any other law or contract provision that conflicts with this chapter, including the Deceptive Trade Practices-Consumer Protection Act (Subchapter E, Chapter 17, Business & Commerce Code).

(b) The remedies provided by this chapter supersede remedies available under Chapter 27 or the Deceptive Trade Practices-Consumer Protection Act (Subchapter E, Chapter 17, Business & Commerce Code).

(c) If a dispute to which this chapter applies is also subject to Chapter 426, the homebuyer must comply with Subtitle D before pursuing a remedy under this chapter.

(d) Except as provided by this section, this chapter does not limit the rights or remedies otherwise available to a homebuyer under any other law.

(e) A contract provision that excludes or modifies the remedies provided by this chapter is prohibited and is void as against public policy unless the exclusion or modification is included in a settlement agreement between a homebuyer and a builder.

Sec. 445.003.  COMPLAINT.  A homebuyer may seek a remedy provided by this chapter by:

(1) providing to the builder written notice identifying each defect in the home that is covered by the builder's warranty; and

(2) filing a complaint with the commission that includes a copy of the notice provided under Subdivision (1) on or before the 30th day after the date the notice is provided.

Sec. 445.004.  HEARING.  (a) The commission may hold a hearing on any allegation in a complaint that is not privately resolved between the homebuyer and the builder.

(b) The contested case provisions of Chapter 2001, Government Code, apply to a hearing conducted under this chapter.

Sec. 445.005.  TIME FOR FILING COMPLAINT.  (a) Except as provided by Subsection (b), a homebuyer must file a complaint under this chapter before the earlier of:

(1) the date the applicable warranty period expires; or

(2) the 10th anniversary of the closing date.

JA_008075

Case 2:13-cv-00193   Document 664-3   Filed on 11/11/14 in TXSD   Page 18 of 60
e 1:12-cv-00128-RMC-DST-RLW   Document 215-3   Filed 06/20/12   Page 205 of
2314                 80th LEGISLATURE — REGULAR SESSION

(b)  If the dispute is submitted to the state-sponsored inspection and dispute resolution process, a complaint under this chapter must be submitted not later than the 30th day after the date the third-party inspector's recommendation is issued or, if the homebuyer appeals the inspector's recommendation, the 30th day after the date the appeals panel issues a ruling on the appeal.

Sec. 445.006.  AFFIRMATIVE DEFENSE.   In a hearing before the commission under this chapter, a builder may assert as an affirmative defense to an allegation of a defect made in a complaint filed under this chapter that the defect is the result of abuse, neglect, or modifications or alterations of the home made by a person other than the builder.

Sec. 445.007.  REPAIR REQUIRED.   (a) Except as provided by Section 445.009, if a defect exists, the builder shall make the repairs necessary to conform the home to the builder's warranties if:

(1)  the homebuyer or the homebuyer's designated agent reported the defect to the builder or the builder's agent before the expiration of the applicable time limit under Section 445.005; or

(2)  a breach of warranty on the home is established.

(b)  The builder must make the repairs required under Subsection (a) not later than the 120th day after the date the notice of the defect required by Section 445.003 is received by the commission.

Sec. 445.008.  RETURN OR REPLACEMENT REQUIRED.  (a) Except as provided by Section 445.009, if the builder is unable to cure a defect within the period prescribed by Section 445.007(b) and the defect creates a serious safety hazard, substantially impairs the use of the home, or decreases the home's market value by more than five percent, the builder shall at the homebuyer's option:

(1)  replace the home with a comparable home in the same neighborhood; or

(2)  accept return of the home from the homebuyer and refund to the homebuyer the full purchase price and any closing costs and reasonable moving costs.

(b)  The commission may not order a remedy under this section unless the builder has been provided at least the number of days prescribed by Section 445.007(b) to cure the defect that is subject to the remedy provided by this section.  The period required by this subsection is extended by the amount of time during which repair services are not available to a homebuyer because of a war, invasion, strike, or fire, flood, or other natural disaster.

Sec. 445.009.  MOLD CONTAMINATION. (a) Not later than the 30th day after the date of a hearing examiner's order of a remedy under this section, the builder shall accept return of the home from the homebuyer and refund to the homebuyer the full purchase price and any closing costs and reasonable moving costs if, in addition to notice of a defect required by Section 445.003, a homebuyer:

(1)  provides to the contractor and the commission written results of tests that:

(A)  are conducted by a mold testing laboratory certified for the purposes of this section; and

JA_008076

USA_00022958

(B) demonstrate proof of unacceptable levels of toxic mold contamination that pose an imminent threat to the health, safety, or welfare of the inhabitants; and

(2) establishes that the contamination arises out of the defect.

(b) The commission by rule shall designate at least one private organization that certifies mold testing laboratories from whom certification is sufficient for the purposes of this section.

Sec. 445.010. REIMBURSEMENT OF EXPENSES. (a) If a builder is ordered to replace a home or refund the purchase price under Section 445.008 or 445.009, the builder shall reimburse the homebuyer for:

(1) reasonable incidental costs resulting from the loss of the use of the home because of the defect; and

(2) lost wages resulting from time required for appointments with the builder or the builder's representative that are necessary because of the defect.

(b) As necessary to promote the public interest, the commission by rule:

(1) shall define the incidental costs that are eligible for reimbursement under Subsection (a) and specify other requirements necessary to determine an eligible cost; and

(2) may set a maximum amount that is eligible for reimbursement, either by type of eligible cost or by a total for all costs.

(c) Refunds shall be made to the homebuyer and primary lienholder, as applicable.

Sec. 445.011. OTHER REMEDIES NOT PRECLUDED. This chapter does not prevent a homebuyer from obtaining a remedy available to the homebuyer under a new home warranty that provides remedies in addition to those provided by this chapter.

Sec. 445.012. RIGHT TO FILE ACTION. (a) Except as provided by this section, a homebuyer may not seek the remedies provided by this chapter in a civil action unless the homebuyer files a complaint against the builder under this chapter and exhausts the administrative proceedings provided by this chapter. A court shall dismiss an action filed in violation of this section.

(b) If the hearing examiner does not issue a proposal for decision and make a recommendation to the commission for a final order on or before the 150th day after the date a complaint is filed under this chapter, the commission shall provide written notice, by certified mail, to the complainant and the builder.

(c) The notice must inform the recipient of:

(1) the date the period for issuing a final order under this chapter expires; and

(2) the complainant's right to file an action under this section.

(d) After receiving a notice of the right to file an action under Subsection (b), a complainant may file an action against a builder named in the complaint. The commission's failure to issue a notice of the right to file an action does not affect a complainant's right to bring an action under this section.

Sec. 445.013. JUDICIAL REVIEW. A final order of the commission under this chapter:

(1) is the final action of the commission under this chapter; and

JA_008077

USA_00022959

(2)  is subject to review only by judicial review as provided by Chapter 2001, Government Code, to the extent that chapter is not inconsistent with this chapter.

Sec. 445.014.  INITIATION OR REMOVAL OF ACTION.  (a) Except as otherwise provided by this chapter, an appeal initiated under this chapter may be removed to the Third Court of Appeals District if any party to the action files a notice of removal with the district court before the trial in the district court begins.

(b)  An appeal initiated in or removed to the Third Court of Appeals District:

(1)  must be initiated under Chapter 2001, Government Code, as if initiated in a Travis County district court; and

(2)  is governed from the time of filing by the Texas Rules of Appellate Procedure.

(c)  If evidence outside the commission's record is to be admitted in an appeal under Chapter 2001, Government Code, or otherwise, the action:

(1)  must be initiated in a Travis County district court; or

(2)  if initiated in the Third Court of Appeals District, is subject to remand to a Travis County district court for proceedings in accordance with instructions from the court of appeals.

(d)  Citation must be served on the commission and each party of record before the commission. For an appeal initiated in the Third Court of Appeals District, the court shall cause citation to be issued.

Sec. 445.015.  DILIGENCE REQUIRED.  (a) An appellant must pursue an appeal with reasonable diligence. If an appellant fails to prosecute an appeal in the six-month period after the appeal is filed, the court shall presume that the appeal has been abandoned and dismiss the appeal if a motion for dismissal is submitted by the attorney general or another party.

(b)  An appeal may not be dismissed under this section if the appellant, after receiving notice and an opportunity to be heard, demonstrates good cause for a delay.

Sec. 445.016.  DISCLOSURE REQUIRED.  (a) A builder who is ordered to refund the purchase price of or replace a home under this chapter shall provide to the first retail purchaser of the home after the home was repurchased or replaced by the builder a disclosure statement stating that the home was repurchased or replaced by the builder under this chapter.

(b)  The disclosure statement must include the toll-free telephone number established by the commission under Section 445.018.

(c)  Before a home repurchased or replaced under this chapter may be sold again, the deed that transfers title to the home must be marked with a clear statement that indicates that the home was repurchased or replaced under this chapter.

Sec. 445.017.  RESTORATION OF WARRANTY REQUIRED.  A builder who sells a home after repurchasing or replacing the home under this chapter must restore the home in a manner that conforms with the limited statutory warranties and building and performance standards.

JA_008078

USA_00022960

Case 2:13-cv-00193   Document 664-3   Filed on 11/11/14 in TXSD   Page 21 of 60
e 1:12-cv-00128-RMC-DST-RLW   Document 215-3   Filed 06/20/12   Page 208 of
Tuesday, April 24, 2007          HOUSE JOURNAL — 61st Day          2319

Sec. 445.018.  TOLL-FREE TELEPHONE NUMBER.  The commission shall establish a toll-free telephone number for providing information to persons who request information about a defect that was the basis for ordering a remedy under this chapter.  The commission shall maintain an effective method of providing information to persons who make requests.

Sec. 445.019.  ANNUAL REPORT.  (a) The commission shall publish and make available to the public an annual report relating to homes ordered repurchased or replaced by a builder under this chapter.

(b)  The report must:

(1)  list the number of homes by subdivision name, if any;

(2)  identify the builder; and

(3)  include a brief description of each defect that was the subject of a remedy provided by this chapter.

(c)  The commission may charge a reasonable fee to recover the cost of the report.

Sec. 445.020.  DISCIPLINARY PROCEEDINGS; ADMINISTRATIVE PENALTY.  A builder who violates this chapter or a rule or order adopted under this chapter is subject to disciplinary action and an administrative penalty under Chapters 418 and 419.

SECTION ____.  Subtitle F, Title 16, Property Code, as added by this Act, applies only to the sale of a new home for which the closing date is on or after the effective date of this Act.  A sale of a new home for which the closing date was before the effective date of this Act is governed by the law in effect at the time of the sale, and that law is continued in effect for that purpose.

Representative Thompson moved to extend speaking time on **CSHB 1038**.

A record vote was requested.

The motion to extend time prevailed by (Record 630): 113 Yeas, 14 Nays, 2 Present, not voting.

Yeas — Allen; Alonzo; Anchia; Anderson; Bailey; Berman; Bohac; Bolton; Bonnen; Branch; Brown, B.; Brown, F.; Burnam; Castro; Cohen; Coleman; Cook, B.; Cook, R.; Crabb; Creighton; Crownover; Darby; Davis, J.; Davis, Y.; Delisi; Deshotel; Dukes; Dunnam; Eiland; Eissler; Elkins; England; Escobar; Farabee; Farias; Flores; Flynn; Frost; Gallego; Garcia; Gattis; Geren; Giddings; Gonzales; Gonzalez Toureilles; Goolsby; Guillen; Haggerty; Hamilton; Hancock; Hardcastle; Harper-Brown; Hartnett; Heflin; Hernandez; Herrero; Hilderbran; Hill; Hochberg; Hodge; Homer; Hopson; Howard, C.; Howard, D.; Isett; Keffer; King, S.; King, T.; Kolkhorst; Kuempel; Laubenberg; Leibowitz; Lucio; Mallory Caraway; Martinez; Martinez Fischer; McCall; McClendon; McReynolds; Merritt; Miles; Naishtat; Noriega; Oliveira; Orr; Ortiz; Parker; Peña; Pickett; Pitts; Puente; Quintanilla; Raymond; Ritter; Rodriguez; Rose; Smith, T.; Smith, W.; Solomons; Strama; Straus; Swinford; Talton; Taylor; Thompson; Truitt; Turner; Vaught; Veasey; Villarreal; Vo; West; Woolley.

Nays — Callegari; Chavez; Chisum; Christian; Corte; Hughes; Jackson; Macias; Miller; Murphy; Phillips; Riddle; Smithee; Zerwas.

USA_00022961

Present, not voting — Mr. Speaker; King, P.(C).

Absent, Excused — Farrar; Menendez; Moreno.

Absent — Aycock; Driver; Dutton; Harless; Jones; Krusee; Latham; Madden; Morrison; Mowery; O'Day; Olivo; Otto; Patrick; Paxton; Pierson; Van Arsdale; Zedler.

(Speaker in the chair)

Representative Ritter moved to table Amendment No. 27.

A record vote was requested.

The motion to table prevailed by (Record 631): 83 Yeas, 60 Nays, 1 Present, not voting.

Yeas — Anchia; Aycock; Berman; Bohac; Bonnen; Branch; Brown, B.; Brown, F.; Callegari; Chisum; Christian; Cohen; Cook, B.; Cook, R.; Corte; Crabb; Creighton; Crownover; Darby; Davis, J.; Delisi; Driver; Eissler; Elkins; Farabee; Flynn; Frost; Garcia; Gattis; Goolsby; Haggerty; Hancock; Hardcastle; Harless; Harper-Brown; Heflin; Hilderbran; Hopson; Hughes; Isett; Jones; Keffer; King, P.; King, S.; King, T.; Kolkhorst; Krusee; Kuempel; Latham; Laubenberg; Lucio; Macias; Madden; McReynolds; Merritt; Miller; Morrison; Mowery; Murphy; O'Day; Orr; Otto; Parker; Patrick; Paxton; Phillips; Pitts; Quintanilla; Riddle; Ritter; Rose; Smith, W.; Smithee; Strama; Straus; Swinford; Talton; Taylor; Van Arsdale; West; Woolley; Zedler; Zerwas.

Nays — Allen; Alonzo; Anderson; Bailey; Bolton; Burnam; Castro; Chavez; Coleman; Davis, Y.; Deshotel; Dukes; Dunnam; Dutton; Eiland; England; Escobar; Farias; Flores; Gallego; Geren; Giddings; Gonzales; Gonzalez Toureilles; Guillen; Hamilton; Hartnett; Hernandez; Herrero; Hill; Hochberg; Hodge; Homer; Howard, D.; Leibowitz; Mallory Caraway; Martinez; Martinez Fischer; McCall; Miles; Naishtat; Noriega; Oliveira; Olivo; Ortiz; Peña; Pickett; Pierson; Puente; Raymond; Rodriguez; Smith, T.; Solomons; Thompson; Truitt; Turner; Vaught; Veasey; Villarreal; Vo.

Present, not voting — Mr. Speaker(C).

Absent, Excused — Farrar; Menendez; Moreno.

Absent — Howard, C.; Jackson; McClendon.

## STATEMENTS OF VOTE

I was shown voting yes on Record No. 631. I intended to vote no.

Cohen

I was shown voting no on Record No. 631. I intended to vote yes.

England

## Amendment No. 28

Representative Gattis offered the following amendment to **CSHB 1038**:

JA_008080

USA_00022962

Amend **CSHB 1038** by adding the following appropriately numbered SECTION to the bill and renumbering subsequent SECTIONS of the bill accordingly:

SECTION ____. Section 426.006, Property Code, is amended to read as follows:

Sec. 426.006. TIME FOR REQUESTING INSPECTION AND DISPUTE RESOLUTION. (a) For an alleged defect discovered during an applicable warranty period, the [The] state-sponsored inspection and dispute resolution process must be requested on or before the second anniversary of the date of discovery of the conditions claimed to be evidence of the construction defect but not later than the 90th [30th] day after the date the applicable warranty period expires.

(b) If the alleged defect would violate the statutory warranty of habitability and was not discoverable by a reasonable, prudent inspection or examination of the home or improvement within the applicable warranty period, the state-sponsored inspection and dispute resolution process must be requested:

(1) on or before the second anniversary of the date of discovery of the conditions claimed to be evidence of the construction defect; and

(2) not later than the 10th anniversary of the date of the initial transfer of title from the builder to the initial owner of the home or improvement that is the subject of the dispute or, if there is not a closing, the date on which the contract for construction of the improvement is entered into.

Amendment No. 28 was adopted.

**Amendment No. 29**

Representative Gattis offered the following amendment to **CSHB 1038**:

Amend **CSHB 1038** as follows:

(1) On page 6, between lines 8 and 9, insert the following appropriately numbered SECTION and renumber subsequent SECTIONS accordingly:

SECTION ____. Section 416.001, Property Code, is amended to read as follows:

Sec. 416.001. REGISTRATION REQUIRED. (a) A person may not act as a builder unless the person holds a certificate of registration under this chapter.

(b) A person commits an offense if the person violates Subsection (a). An offense under this section is a Class A misdemeanor.

(2) On page 21, between lines 24 and 25, insert the following appropriately numbered SECTION and renumber subsequent SECTIONS accordingly:

SECTION ____. The changes in law made by this Act to Section 416.001, Property Code, apply only to an offense committed on or after the effective date of this Act. An offense committed before the effective date of this Act is governed by the law in effect at the time the offense was committed, and the former law is continued in effect for that purpose. For the purposes of this section, an offense was committed before the effective date of this Act if any element of the offense occurred before that date.

Amendment No. 29 was adopted.

USA_00022963

Case 2:13-cv-00193 Document 664-3 Filed on 11/11/14 in TXSD Page 24 of 60
e 1:12-cv-00128-RMC-DST-RLW Document 215-3 Filed 06/20/12 Page 211 of
2320        80th LEGISLATURE — REGULAR SESSION

A record vote was requested.

**CSHB 1038**, as amended, was passed to engrossment by (Record 632): 139 Yeas, 1 Nays, 1 Present, not voting.

Yeas — Allen; Alonzo; Anchia; Anderson; Aycock; Bailey; Berman; Bohac; Bolton; Bonnen; Branch; Brown, B.; Brown, F.; Callegari; Castro; Chavez; Chisum; Christian; Cohen; Coleman; Cook, B.; Cook, R.; Corte; Crownover; Darby; Davis, J.; Davis, Y.; Delisi; Deshotel; Driver; Dukes; Dunnam; Dutton; Eiland; Eissler; Elkins; England; Escobar; Farabee; Farias; Flores; Flynn; Frost; Gallego; Garcia; Gattis; Geren; Giddings; Gonzales; Gonzalez Toureilles; Goolsby; Guillen; Haggerty; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Heflin; Hernandez; Herrero; Hilderbran; Hill; Hochberg; Hodge; Homer; Hopson; Howard, C.; Howard, D.; Hughes; Isett; Jackson; Jones; Keffer; King, P.; King, S.; King, T.; Kolkhorst; Krusee; Kuempel; Latham; Laubenberg; Leibowitz; Lucio; Macias; Madden; Mallory Caraway; Martinez; Martinez Fischer; McCall; McClendon; McReynolds; Merritt; Miles; Miller; Morrison; Mowery; Murphy; Naishtat; Noriega; O'Day; Oliveira; Olivo; Orr; Ortiz; Otto; Parker; Patrick; Paxton; Peña; Phillips; Pickett; Pitts; Puente; Quintanilla; Raymond; Riddle; Ritter; Rodriguez; Smith, T.; Smith, W.; Smithee; Solomons; Strama; Straus; Swinford; Taylor; Truitt; Turner; Van Arsdale; Vaught; Veasey; Villarreal; Vo; West; Woolley; Zedler; Zerwas.

Nays — Thompson.

Present, not voting — Mr. Speaker(C).

Absent, Excused — Farrar; Menendez; Moreno.

Absent — Burnam; Crabb; Creighton; Pierson; Rose; Talton.

### STATEMENTS OF VOTE

When Record No. 632 was taken, my vote failed to register. I would have voted yes.

Burnam

When Record No. 632 was taken, I was in the house but away from my desk. I would have voted yes.

Rose

### HB 2120 ON SECOND READING
### (by Deshotel)

**HB 2120**, A bill to be entitled An Act relating to the wages credited to an individual for the purpose of computing the individual's unemployment compensation benefits.

### Amendment No. 1

Representative Deshotel offered the following amendment to **HB 2120**:

JA_008082

USA_00022964

Case 2:13-cv-00193  Document 664-3  Filed on 11/11/14 in TXSD  Page 25 of 60
e 1:12-cv-00128-RMC-DST-RLW  Document 215-3  Filed 06/20/12  Page 212 of
Tuesday, April 24, 2007      HOUSE JOURNAL — 61st Day      232

Amend **HB 2120** by adding the following appropriately numbered SECTIONS to the bill and renumbering subsequent SECTIONS of the bill appropriately:

SECTION ____. Section 201.011(1), Labor Code, is repealed.

SECTION ____. Subchapter B, Chapter 201, Labor Code, is amended by adding Section 201.013 to read as follows:

Sec. 201.013. DEFINITION OF BASE PERIOD; ALTERNATE BASE PERIODS. (a) For purposes of this subtitle and subject to this section, an individual's base period is the four consecutive completed calendar quarters, prescribed by the commission, in the five consecutive completed calendar quarters preceding the first day of an individual's benefit year.

(b) For an individual precluded because of a medically verifiable injury or illness from working during a major part of a calendar quarter of the period that would otherwise be the individual's base period under Subsection (a), the base period is the first four calendar quarters of the five consecutive calendar quarters preceding the calendar quarter in which the illness began or the injury occurred if the individual files an initial claim for benefits not later than 24 months after the date on which the individual's injury or illness began or occurred.

(c) For an individual who does not have sufficient benefit wage credits to qualify for benefits under the computation of the base period as provided by Subsection (a) or (b), the base period is the four most recently completed calendar quarters preceding the first day of the individual's benefit year.

SECTION ____. Section 208.002, Labor Code, is amended to read as follows:

Sec. 208.002. [NOTICE OF] INITIAL CLAIM; LAST WORK. (a) When used in connection with an initial claim, "last work" and "person for whom the claimant last worked" refer to:

(1) the last person for whom the claimant actually worked, if the claimant worked for that person in six or more consecutive weeks and was paid wages by that person equal to at least six times the claimant's weekly benefit amount; or

(2) the employer, as defined by Subchapter C, Chapter 201, or by the unemployment law of any other state, for whom the claimant last worked.

(b) The commission shall mail a notice of the filing of an initial claim to the person for whom the claimant last worked before the effective date of the initial claim. If the person for whom the claimant last worked has more than one branch or division operating at different locations, the commission shall mail the notice to the branch or division at which the claimant last worked.

(c) [(b)] Mailing of a notice under this section to the correct address of the person, branch, or division for which the claimant last worked constitutes notice of the claim to the person.

Amendment No. 1 was adopted.

**Amendment No. 2**

Representative Deshotel offered the following amendment to **HB 2120**:

JA_008083

USA_00022965

On page 2, after line 21, insert the following language amending Section 208.002, Labor Code by adding new SECTION 3 and renumber subsequent SECTIONS of the bill accordingly:

Sec. 208.002. [NOTICE OF] INITIAL CLAIM; LAST WORK. (a) When used in connection with an initial claim, "last work" and "person for whom the claimant last worked" refer to:

(1) the last person for whom the claimant actually worked, if the claimant worked for that person in six or more consecutive weeks and was paid wages by that person equal to at least six times the claimant's weekly benefit amount; or

(2) the employer, as defined by Subchapter C, Chapter 201, or by the unemployment law of any other state, for whom the claimant last worked.

Amendment No. 2 was withdrawn.

**Amendment No. 3**

Representative Dukes offered the following amendment to **HB 2120**:

Amend **HB 2120** by adding the following appropriately numbered SECTIONS to the bill and renumbering subsequent SECTIONS of the bill accordingly:

SECTION _____. Section 204.022(a), Labor Code, as amended by Chapters 39, 493, and 728, Acts of the 79th Legislature, Regular Session, 2005, is reenacted and amended to read as follows:

(a) Benefits computed on benefit wage credits of an employee or former employee may not be charged to the account of an employer if the employee's last separation from the employer's employment before the employee's benefit year:

(1) was required by a federal statute;

(2) was required by a statute of this state or an ordinance of a municipality of this state;

(3) would have disqualified the employee under Section 207.044, 207.045, 207.051, or 207.053 if the employment had been the employee's last work;

(4) imposes a disqualification under Section 207.044, 207.045, 207.051, or 207.053;

(5) was caused by a medically verifiable illness of the employee or the employee's minor child;

(6) was based on a natural disaster that results in a disaster declaration by the president of the United States under the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. Section 5121 et seq.), if the employee would have been entitled to unemployment assistance benefits under Section 410 of that act (42 U.S.C. Section 5177) had the employee not received state unemployment compensation benefits;

(7) was caused by a natural disaster, fire, flood, or explosion that causes employees to be separated from one employer's employment;

(8) was based on a disaster that results in a disaster declaration by the governor under Section 418.014, Government Code;

JA_008084

USA_00022966

Case 2:13-cv-00193  Document 664-3  Filed on 11/11/14 in TXSD  Page 27 of 60
e 1:12-cv-00128-RMC-DST-RLW  Document 215-3  Filed 06/20/12  Page 214 of
Tuesday, April 24, 2007    HOUSE JOURNAL — 61st Day    2323

(9)  resulted from the employee's resigning from partial employment to accept other employment that the employee reasonably believed would increase the employee's weekly wage;

(10)  was caused by the employer being called to active military service in any branch of the United States armed forces on or after January 1, 2003;

(11)  resulted from the employee leaving the employee's workplace to protect the employee from family violence or stalking as evidenced by:

(A)  an active or recently issued protective order documenting family violence against, or the stalking of, the employee or the potential for family violence against, or the stalking of, the employee;

(B)  a police record documenting family violence against, or the stalking of, the employee; or [and]

(C)  a physician's statement or other medical documentation that describes the [of] family violence against the employee that:

(i)  is recorded in any form or medium that identifies the employee as the patient; and

(ii)  relates to the history, diagnosis, treatment, or prognosis of the patient; [or]

(12)  resulted from a move from the area of the employee's employment that:

(A)  was made with the employee's spouse who is a member of the armed forces of the United States; and

(B)  resulted from the spouse's permanent change of station of longer than 120 days or a tour of duty of longer than one year; or

(13)  [(12)] was caused by the employee being unable to perform the work as a result of a disability for which the employee is receiving disability insurance benefits under 42 U.S.C. Section 423.

SECTION _____.  Section 204.022(c), Labor Code, is amended to read as follows:

(c)  Except as provided by law, evidence regarding an employee described by Subsection (a)(11) [(a)(9)] may not be disclosed to any person without the consent of the employee.

SECTION _____.  Section 207.046(a), Labor Code, is amended to read as follows:

(a)  An individual is not disqualified for benefits under this subchapter if:

(1)  the work-related reason for the individual's separation from employment was urgent, compelling, and necessary so as to make the separation involuntary; or

(2)  the individual leaves the workplace to protect the individual from family violence or stalking as evidenced by:

(A)  an active or recently issued protective order documenting family violence against, or the stalking of, the employee or the potential for family violence against, or the stalking of, the employee;

(B)  a police record documenting family violence against, or the stalking of, the employee; or [and]

USA_00022967

(C) a physician's statement or other medical documentation that describes the [of] family violence against the employee that:

(i) is recorded in any form or medium that identifies the employee as the patient; and

(ii) relates to the history, diagnosis, treatment, or prognosis of the patient.

SECTION ____. To the extent of any conflict, this Act prevails over another Act of the 80th Legislature, Regular Session, 2007, relating to nonsubstantive additions to and corrections in enacted codes.

Amendment No. 3 was adopted. (C. Howard recorded voting no.)

(Homer in the chair)

**Amendment No. 4**

Representative Morrison offered the following amendment to **HB 2120**:

Amend **HB 2120** by adding the following appropriately numbered SECTIONS to the bill and renumbering subsequent SECTIONS of the bill appropriately:

SECTION ____. Sections 301.081(c) and (d), Labor Code, are amended to read as follows:

(c) Employment information [thus] obtained or otherwise secured under this section may not be published and is not open to public inspection, other than to a public employee in the performance of public duties, except as the commission considers necessary for the proper administration of this title or as provided by commission rule and consistent with federal law.

(d) A person commits an offense if the person [is an employee or member of the commission who] violates any provision of this section. An offense under this subsection is a Class A misdemeanor [is punishable by a fine of not less than $20 nor more than $200, confinement in jail for not more than 90 days, or both fine and confinement].

SECTION ____. Subchapter F, Chapter 301, Labor Code, is amended by adding Section 301.085 to read as follows:

Sec. 301.085. UNEMPLOYMENT COMPENSATION INFORMATION; OFFENSE; PENALTY. (a) In this section, "unemployment compensation information" means information in the records of the commission that pertains to the administration of Subtitle A, including any information collected, received, developed, or maintained in the administration of unemployment compensation benefits or the unemployment compensation tax system.

(b) Consistent with federal law, the commission shall adopt and enforce reasonable rules governing the confidentiality, custody, use, preservation, and disclosure of unemployment compensation information. The rules must include safeguards to protect the confidentiality of identifying information regarding any individual or any past or present employer or employing unit contained in unemployment compensation information, including any information that

JA_008086

USA_00022968

foreseeably could be combined with other publicly available information to reveal identifying information regarding the individual, employer, or employing unit, as applicable.

(c) Unemployment compensation information is not public information for purposes of Chapter 552, Government Code.

(d) Unless permitted by this subchapter or commission rule, a person commits an offense if the person solicits, discloses, receives, or uses, or authorizes, permits, participates in, or acquiesces in another person's use of, unemployment compensation information that reveals:

(1) identifying information regarding any individual or past or present employer or employing unit; or

(2) information that foreseeably could be combined with other publicly available information to reveal identifying information regarding any individual or past or present employer or employing unit.

(e) An offense under Subsection (d) is a Class A misdemeanor.

SECTION ____. The change in law made by this Act to Section 301.081(d), Labor Code, applies only to an offense committed on or after the effective date of this Act. An offense committed before the effective date of this Act is governed by the law in effect at the time the offense was committed, and the former law is continued in effect for that purpose. For purposes of this section, an offense was committed before the effective date of this Act if any element of the offense was committed before that date.

Amendment No. 4 was adopted.

**HB 2120**, as amended, was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

### HB 445 ON SECOND READING
### (by Phillips)

**HB 445**, A bill to be entitled An Act relating to a claim for reimbursement in a suit to dissolve a marriage.

Representative Phillips moved to postpone consideration of **HB 445** until 10 a.m. Friday, April 27.

The motion prevailed.

### CSHB 1458 ON SECOND READING
### (by Macias)

**CSHB 1458**, A bill to be entitled An Act relating to the allocation of revenue from the state hotel tax for certain purposes in certain municipalities.

### CSHB 1458 - POINT OF ORDER

Representative Veasey raised a point of order against further consideration of **CSHB 1458** under Rule 4, Section 32 of the House Rules on the grounds that the bill analysis is incorrect.

The point of order was withdrawn.

JA_008087

USA_00022969

Case 2:13-cv-00193 Document 664-3 Filed on 11/11/14 in TXSD Page 30 of 60
e 1:12-cv-00128-RMC-DST-RLW Document 215-3 Filed 06/20/12 Page 217 of
2326          80th LEGISLATURE — REGULAR SESSION

**CSHB 1458 - RECOMMITTED**

Representative Macias moved to recommit **CSHB 1458** to the Committee on Local Government Ways and Means.

The motion prevailed.

**CSHB 1871 ON SECOND READING**
**(by Giddings)**

**CSHB 1871**, A bill to be entitled An Act relating to information obtained regarding the sale of plastic bulk merchandise containers; providing civil penalties.

**CSHB 1871** was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

**CSHB 3564 ON SECOND READING**
**(by Darby, Homer, Swinford, Isett, Chavez, et al.)**

**CSHB 3564**, A bill to be entitled An Act relating to the transfer of Angelo State University to the Texas Tech University System.

(Speaker in the chair)

**Amendment No. 1**

Representative Driver offered the following amendment to **CSHB 3564**:

Amend **CSHB 3564** (house committee printing) between page 2, line 27, and page 3, line 1, by adding the following:

Sec. 109A.005. LIMITATION ON SYSTEM ADMINISTRATIVE COSTS RECOVERED FROM CERTAIN STUDENTS. In any academic year, the percentage of the tuition and mandatory fees paid by a student of Angelo State University who was enrolled at the university in the 2007-2008 academic year that is used to recover Texas Tech University System administrative costs may not exceed the percentage of the tuition and mandatory fees paid per full-time equivalent student enrolled at the university in the 2007-2008 academic year that was used to recover Texas State University System administrative costs.

Representative Morrison moved to table Amendment No. 1.

A record vote was requested.

The motion to table prevailed by (Record 633): 102 Yeas, 34 Nays, 3 Present, not voting.

Yeas — Alonzo; Aycock; Berman; Bohac; Bonnen; Branch; Brown, B.; Brown, F.; Callegari; Chavez; Chisum; Christian; Cohen; Cook, B.; Creighton; Crownover; Darby; Davis, J.; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Eissler; Escobar; Farabee; Flores; Frost; Garcia; Gattis; Geren; Giddings; Gonzales; Gonzalez Toureilles; Goolsby; Guillen; Hancock; Harless; Harper-Brown; Hartnett; Heflin; Hernandez; Hilderbran; Hill; Hodge; Homer; Hopson; Howard, D.; Hughes; Isett; Jackson; Jones; Keffer; King, P.; King, S.;

JA_008088

USA_00022970

Kolkhorst; Kuempel; Latham; Laubenberg; Lucio; Macias; Madden; Mallory Caraway; Martinez; McCall; McClendon; McReynolds; Miles; Morrison; Murphy; Noriega; O'Day; Orr; Ortiz; Otto; Parker; Patrick; Paxton; Peña; Phillips; Pickett; Pitts; Puente; Quintanilla; Ritter; Rose; Smithee; Solomons; Strama; Straus; Swinford; Talton; Taylor; Thompson; Truitt; Turner; Van Arsdale; Villarreal; Vo; West; Zedler; Zerwas.

Nays — Allen; Anderson; Bailey; Bolton; Burnam; Castro; Coleman; Cook, R.; Corte; Crabb; Driver; Dunnam; Elkins; Farias; Flynn; Gallego; Haggerty; Hamilton; Herrero; Hochberg; Howard, C.; King, T.; Krusee; Leibowitz; Martinez Fischer; Merritt; Naishtat; Olivo; Raymond; Riddle; Rodriguez; Smith, W.; Vaught; Veasey.

Present, not voting — Mr. Speaker(C); Anchia; Miller.

Absent, Excused — Farrar; Menendez; Moreno.

Absent — Delisi; England; Hardcastle; Mowery; Oliveira; Pierson; Smith, T.; Woolley.

### STATEMENT OF VOTE

I was shown voting no on Record No. 633. I intended to vote yes.

Bolton

### Amendment No. 2

Representative Morrison offered the following amendment to **CSHB 3564**:

Amend **CSHB 3564** (house committee printing) on page 12, line 10, by striking "January 1, 2008" and substituting "September 1, 2007."

Amendment No. 2 was adopted.

### CSHB 3564 - STATEMENT OF LEGISLATIVE INTENT

REPRESENTATIVE BRANCH: Thank you, Mr. Speaker and Representative Darby. We've heard talk here today about the bonded indebtedness, and you've told me there's approximately $79 million of bonded indebtedness that Angelo State has currently with the Texas State University System. Is that correct?

REPRESENTATIVE DARBY: Yes, it is.

BRANCH: And we've also heard that bond council has advised that the Texas Tech system can indemnify, and therefore there will be no unsettlement with our bond covenants that are in existence with the Texas State University System.

DARBY: That's correct.

BRANCH: That's correct. And so my concern, and I want to make sure we get legislative intent on this, so that we don't do anything Standard & Poors, or Moodys, or Finches, and to be concerned about the security of all our bonded indebtedness for our higher eds, that it is clearly the intent of this legislation that Texas Tech University System will, before this deal gets done, that they will step up and indemnify this indebtedness.

JA_008089

USA_00022971

DARBY: That's exactly right. They will be in a written agreement between the board of regents of the Texas Tech system, and the board of regents of the Texas State system, which will, among other provisions, indemnify the Texas State system against all that bonded indebtedness.

BRANCH: Is it your understanding that they have agreed in principle to this, but we don't have a written resolution yet?

DARBY: That's correct, they've agreed in principle.

### REMARKS ORDERED PRINTED

Representative Branch moved to print remarks between Representative Darby and Representative Branch.

The motion prevailed.

**CSHB 3564**, as amended, was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

### CSHB 610 ON SECOND READING
### (by F. Brown, Zedler, Flynn, Crabb, et al.)

**CSHB 610**, A bill to be entitled An Act relating to a plan to provide services to an area annexed by a municipality.

### CSHB 610 - POINT OF ORDER

Representative Thompson raised a point of order against further consideration of **CSHB 610** under Rule 4, Section 32 of the House Rules on the grounds that the bill analysis is incorrect.

The point of order was withdrawn.

Representative F. Brown moved to postpone consideration of **CSHB 610** until the end of today's calendar.

The motion prevailed.

### CSHB 1921 ON SECOND READING
### (by Keffer)

**CSHB 1921**, A bill to be entitled An Act relating to the use of certain devices in a polling place.

**CSHB 1921** was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

### CSHB 2485 ON SECOND READING
### (by Farabee)

**CSHB 2485**, A bill to be entitled An Act relating to county accounting procedures regarding certain audits, debts, and records.

JA_008090

Case 2:13-cv-00193   Document 664-3   Filed on 11/11/14 in TXSD   Page 33 of 60
e 1:12-cv-00128-RMC-DST-RLW   Document 215-3   Filed 06/20/12   Page 220 of
Tuesday, April 24, 2007          HOUSE JOURNAL — 61st Day          2329

Representative Farabee moved to postpone consideration of **CSHB 2485** until 7 a.m. Thursday, April 26.

The motion prevailed.

### HB 2738 ON SECOND READING
### (by Solomons)

**HB 2738**, A bill to be entitled An Act relating to liens on real property.

(Callegari in the chair)

**HB 2738** was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

### HB 2978 ON SECOND READING
### (by Morrison, Laubenberg, and Woolley)

**HB 2978**, A bill to be entitled An Act relating to engineering recruitment programs established by the Texas Higher Education Coordinating Board.

**Amendment No. 1**

Representative Alonzo offered the following amendment to **HB 2978**:

Amend **HB 2978** as follows:

(1) On page 1, line 17, between the period and "The" insert "In adopting rules under this subsection, the board must consider the demographics of the state and adopt rules that encourage the program to enroll students in the program that reflect the demographics of the state."

(2) On page 2, strike lines 4 through 6 and substitute the following:

(2)  have received a score:

(A) on the Scholastic Assessment Test (SAT) of at least 1,875 out of 2,400 or an equivalent score on the American College Test (ACT); or

(B) on the subject test in mathematics of the Scholastic Assessment Test (SAT) of at least 640 out of 800 or an equivalent score on the subject test in mathematics of the American College Test (ACT); and

Amendment No. 1 was adopted.

**HB 2978**, as amended, was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

### HB 3060 ON SECOND READING
### (by Peña)

**HB 3060**, A bill to be entitled An Act relating to issuance by a court of a capias or a capias pro fine.

**Amendment No. 1**

Representative Peña offered the following amendment to **HB 3060**:

JA_008091

Amend **HB 3060** (committee printing) as follows:

(1)  On page 1, line 10, strike "If" and substitute "In a prosecution pending before a court, if [H]".

(2)  On page 1, line 12, strike "If a" and substitute "In a prosecution pending before a magistrate, if the".

(3)  On page 4, line 2, strike "or on a day or at a term stated in the writ".

(4)  On page 4, line 8, between "by" and "adding", insert "amending Subsection (d) and".

(5)  On page 4, between lines 8 and 9, insert the following:

(d)  A court may not order a defendant confined under Subsection (a) of this article unless the court at a hearing makes a written determination that:

(1)  [determines that] the defendant is not indigent and has failed to make a good faith effort to discharge the fines and costs [or determines that the defendant willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay and enters that determination in writing in the court docket]; or [and]

(2)  the defendant is indigent and:

(A)  has failed to make a good faith effort to discharge the fines and costs under Article 43.09(f); and

(B)  could have discharged the fines and costs under Article 43.09 without experiencing any undue hardship [determines that no alternative method of discharging fines and costs provided by Article 43.09 of this code is appropriate for the defendant].

(6)  On page 5, lines 3 and 4, strike "the defendant appears [he can be brought] before the court" and substitute "the business day following the date of the defendant's arrest if the defendant cannot [he can] be brought before the court immediately".

(7)  On page 6, line 19, between "court" and "or", insert "immediately".

(8)  On page 6, lines 19 and 20, strike "the defendant can be brought before the court" and substitute "the business day following the date of the defendant's arrest if the defendant cannot [can] be brought before the court immediately".

(9)  On page 7, line 15, strike "determines" and substitute "at a hearing makes a written determination [determines]".

(10)  On page 7, strike lines 19-23 and substitute the following:

(2)  the defendant is [not] indigent and:

(A)  has failed to make a good faith effort to discharge the fines and costs under Article 45.049; and

(B)  could have discharged the fines and costs under Article 45.049 without experiencing any undue hardship.

(11)  On page 9, line 1, strike "43.02, 43.09(m), and 43.12" and substitute "43.09(m) and 43.12".

Amendment No. 1 was adopted.

Representative Peña moved to postpone consideration of **HB 3060** until 10 a.m. tomorrow.

The motion prevailed.

JA_008092

USA_00022974

## HB 3517 ON SECOND READING
### (by Creighton)

**HB 3517**, A bill to be entitled An Act relating to competitive purchasing requirements for local governments.

**Amendment No. 1**

Representative Orr offered the following amendment to **HB 3517**:

Amend **HB 3517** by adding the following appropriately numbered SECTION to the bill and renumbering subsequent SECTIONS of the bill accordingly:

SECTION ____. Section 775.084(a), Health and Safety Code, is amended to read as follows:

(a) Except as provided by Subsection (i), the board must submit to competitive bids an expenditure of more than $50,000 [$25,000] for:

    (1) one item or service; or

    (2) more than one of the same or a similar type of item or service in a fiscal year.

Amendment No. 1 was adopted.

**HB 3517**, as amended, was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

## HB 1767 ON SECOND READING
### (by Peña)

**HB 1767**, A bill to be entitled An Act relating to the punishment for criminal mischief committed by interfering with certain transportation signs, signals, or devices.

**HB 1767** was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

## CSHB 3782 ON SECOND READING
### (by Krusee)

**CSHB 3782**, A bill to be entitled An Act relating to the relocation of utility facilities required by improvement of a state highway.

Representative Krusee moved to postpone consideration of **CSHB 3782** until 10 a.m. Tuesday, May 1.

The motion prevailed.

## RESOLUTIONS CALENDAR

The chair laid before the house the following resolution on committee report:

USA_00022975

## HCR 97
### (by Rose and Raymond)

**HCR 97**, Urging the U.S. Department of Labor to reconsider the proposed reduction in student training slots at the Gary Job Corps Center in San Marcos, Texas.

**Amendment No. 1**

Representative Rose offered the following amendment to **HCR 97**:

Amend **HCR 97** on page 2, lines 2 and 3, by striking "by April 2007".

Amendment No. 1 was adopted.

**HCR 97**, as amended, was adopted.

## POSTPONED BUSINESS

The following bills were laid before the house as postponed business:

## CSHB 1439 ON SECOND READING
### (by Chisum)

**CSHB 1439**, A bill to be entitled An Act relating to authorizing the Texas Department of Public Safety to establish a driver record monitoring pilot program and enter into contracts for the periodic reporting of certain information in the department's driver's license files; providing penalties.

**CSHB 1439** was read second time earlier today and was postponed until this time.

## CSHB 1439 - POINT OF ORDER

Representative Dunnam raised a point of order against further consideration of **CSHB 1439** under Rule 4, Section 18(c) of the House Rules on the grounds that the committee minutes are incorrect.

The speaker overruled the point of order.

Representative Chisum moved to postpone consideration of **CSHB 1439** until the end of today's calendar.

The motion prevailed.

## HB 1048 - RECOMMITTED

Representative Peña moved to recommit **HB 1048** to the Committee on Criminal Jurisprudence.

The motion prevailed.

## HB 1613 - RECOMMITTED

Representative Paxton moved to recommit **HB 1613** to the Committee on Government Reform.

The motion prevailed.

JA_008094

USA_00022976

Case 2:13-cv-00193   Document 664-3   Filed on 11/11/14 in TXSD   Page 37 of 60

e 1:12-cv-00128-RMC-DST-RLW   Document 215-3   Filed 06/20/12   Page 224 of
Tuesday, April 24, 2007                    HOUSE JOURNAL — 61st Day                    2359

## HB 3826 - RECOMMITTED

Representative Morrison moved to recommit **HB 3826** to the Committee on Higher Education.

The motion prevailed.

### HB 461 ON SECOND READING
### (by Miller, Kolkhorst, Hughes, Anderson, R. Cook, et al.)

**HB 461**, A bill to be entitled An Act relating to prohibiting mandatory participation in an animal identification system.

**HB 461** was read second time earlier today and was postponed until this time.

### Amendment No. 1

Representative Gallego offered the following amendment to **HB 461**:

Amend **HB 461** as follows:

(1) On page 1, lines 5-6, strike "Sections 161.056(a), (c), and (d), Agriculture Code, are amended" and substitute "Section 161.056, Agriculture Code, is amended by amending Subsections (a), (c), (d), and (e) and adding Subsections (a-1), (j), and (k)".

(2) On page 1, between lines 12 and 13, insert the following:

(a-1) A person may apply for the program by submitting an annual fee determined by the commission and a signed application prescribed by the commission. An application form prescribed by the commission must include the following information:

(1) a conspicuous notice that the program is voluntary;

(2) a disclosure of the types of information collected under the program; and

(3) notice of the persons to which information the commission collects under the program may be disclosed.

(3) On page 1, lines 15-16, strike "animal disease control, animal emergency management, and other".

(4) On page 1, lines 17-18. strike "establish a date by which all participating premises must be registered and may".

(5) On page 1, between lines 20 and 21, insert the following:

(e) Information collected by the commission under this section is exempt from the public disclosure requirements of Chapter 552, Government Code. The commission may provide information to another person, including a governmental entity, without altering the confidential status of the information. The commission may release information to the following persons if the commission determines that the person has adequate protections for the confidentiality of the information:

(1) a person who owns or controls animals and seeks information regarding those animals, if the person requests the information in writing;

(2) the attorney general's office, for the purpose of law enforcement;

JA_008095

USA_00022977

Case 2:13-cv-00193   Document 664-3   Filed on 11/11/14 in TXSD   Page 38 of 60
e 1:12-cv-00128-RMC-DST-RLW   Document 215-3   Filed 06/20/12   Page 225 of
2334          80th LEGISLATURE — REGULAR SESSION

(3)  the secretary of the United States Department of Agriculture, for the purpose of animal health protection;

(4)  the secretary of the Department of Homeland Security, for the purpose of homeland security;

(5)  the Department of State Health Services, for the purpose of protecting the public health from zoonotic diseases;

(6)  any person, under an order of a court of competent jurisdiction; or

(7)  a state, municipal, or county emergency management authority, for the purpose of management or response to natural or man-made disasters[; or

[(8)  any person the executive director of the commission considers appropriate, if the executive director determines that:

[(A)  livestock may be threatened by a disease, agent, or pest; and

[(B)  the release of the information is related to actions the commission may take under this section].

(j)  A person who participates in the program may withdraw from the program at any time. The commission shall delete from the program all personal information relating to a participant when the participant withdraws from the program.

(k)  A person may not condition a service, benefit, license, payment, or permit on participation in a program under this section.

(6)  Insert the following appropriately numbered SECTION and renumber subsequent SECTIONS accordingly:

SECTION ____.  The Texas Animal Health Commission shall:

(1)  not later than November 1, 2007, provide notice of the changes to Section 161.056, Agriculture Code, made by this Act to each person registered on the effective date of this Act under that section and provide the person with the opportunity to withdraw from the program; and

(2)  not later than January 1, 2008, adopt rules as required by Section 161.056, Agriculture Code, as amended by this Act.

Amendment No. 1 was adopted.

## HB 461 - REMARKS

REPRESENTATIVE HARDCASTLE: Thank you, Mr. Speaker and members. I do not intend to yield this mic until I have finished making my remarks, and then I will be happy to yield for questions, but not before.

Last session I carried the legislation that enabled the Texas Animal Health Commission to develop an Animal ID program. The bill I carried passed this body by a vote of 142 ayes and 1 present, not voting. It passed the senate unanimously. I believe that the legislation we passed is sound public policy and I am adamantly against making any changes to that statute. The law as currently written reads as follows, "The Texas Animal Health Commission may develop and implement an animal identification program that is consistent with the USDA's National Animal Identification System." All the current statute does is give the Animal Health Commission the authority to comply with federal government.

JA_008096

Mr. Miller wants us to rewrite the statute to say that they may implement a voluntary program only. Well members, currently the USDA's program is voluntary, so that means the Animal Health Commission can only carry out a voluntary program in Texas. I think it is very important that we leave the statute as written so that the Animal Health Commission can comply with what the feds decide. Our current law is merely permissive and does not require the commission to do anything.

We wrote the statute last session so that we would be able to respond to whatever the whim of the federal government may be. We wrote it so that we would be able to have a say in how it's handled rather than letting the feds tell us what to do. I made certain that confidentiality was protected and that any database created in conjunction with an Animal ID program would only be available to governmental entities in emergency situations. I wrote the current statute with the help of the Texas Farm Bureau, the Texas and Southwestern Cattle Raisers, the Texas Sheep and Goat Raisers Association, the Texas Pork Producers Association, the Texas Poultry Federation, and the Texas Cattle Feeders Association. None of these major agriculture groups are in favor of Mr. Miller's bill.

Some of you are old enough to remember the Brucellosis outbreak back in the '80s when Texas was quarantined by the federal government because we had laws which prevented the Animal Health Commission from being able to respond to that outbreak and develop a program to manage that disease. The governor had to call a special session to change the law to give the Animal Health Commission the authority to develop a program to manage Brucellosis. The time that lagged between the quarantine and when the program was fully up and running and Texas was safe again had a very damaging effect on the cattle producers in this state. By mandating, through Mr. Miller's bill, that Texas can only have a voluntary Animal ID program, we would be allowing history to repeat itself and opening up the potential for devastating harm to our livestock industry here in the state, which has a direct impact on all of our food and clothing industries.

Texas is number one in the nation in cattle production, we're number one in sheep production, we're number one in goat production, and we're in the top five in all other species of livestock, which makes Texas the number one livestock producing state in the nation. We are diligent when it comes to putting safe food on the plates and protecting our livestock herds from disease. We are and should continue to be the leaders in this country when it comes to livestock and agriculture. Members, this is about sound public policy, public safety, and safe food on the plate.

### REMARKS ORDERED PRINTED

Representative Morrison moved to print remarks by Representative Hardcastle.

The motion prevailed.

(Speaker in the chair)

A record vote was requested.

USA_00022979

**HB 461**, as amended, was passed to engrossment by (Record 634): 88 Yeas, 51 Nays, 3 Present, not voting.

Yeas — Anchia; Anderson; Aycock; Bailey; Berman; Bohac; Bolton; Bonnen; Branch; Brown, B.; Brown, F.; Callegari; Castro; Christian; Cook, R.; Crabb; Crownover; Davis, J.; Davis, Y.; Delisi; Dukes; Dunnam; Eiland; Eissler; England; Escobar; Farabee; Flynn; Frost; Gallego; Garcia; Gattis; Goolsby; Guillen; Haggerty; Harless; Harper-Brown; Hartnett; Heflin; Herrero; Hilderbran; Homer; Hopson; Howard, D.; Hughes; Isett; Jackson; Keffer; King, P.; King, T.; Kolkhorst; Laubenberg; Macias; Madden; Mallory Caraway; Martinez; Martinez Fischer; McCall; McReynolds; Miller; Murphy; Noriega; O'Day; Oliveira; Olivo; Orr; Otto; Parker; Patrick; Paxton; Phillips; Pickett; Quintanilla; Raymond; Riddle; Ritter; Rose; Solomons; Strama; Talton; Taylor; Thompson; Truitt; Turner; Van Arsdale; Villarreal; Zedler; Zerwas.

Nays — Allen; Alonzo; Burnam; Chavez; Chisum; Cohen; Coleman; Cook, B.; Corte; Creighton; Darby; Deshotel; Driver; Elkins; Farias; Flores; Geren; Gonzalez Toureilles; Hancock; Hardcastle; Hernandez; Hill; Hodge; Howard, C.; Jones; King, S.; Krusee; Kuempel; Latham; Leibowitz; Lucio; McClendon; Merritt; Miles; Morrison; Mowery; Naishtat; Peña; Pierson; Pitts; Puente; Rodriguez; Smith, T.; Smith, W.; Smithee; Straus; Swinford; Vaught; Veasey; West; Woolley.

Present, not voting — Mr. Speaker(C); Dutton; Hochberg.

Absent, Excused — Farrar; Menendez; Moreno.

Absent — Giddings; Gonzales; Hamilton; Ortiz; Vo.

## STATEMENTS OF VOTE

I was shown voting no on Record No. 634. I intended to vote yes.

B. Cook

I was shown voting no on Record No. 634. I intended to vote yes.

C. Howard

I was shown voting no on Record No. 634. I intended to vote yes.

Rodriguez

## CSHB 1170 ON SECOND READING
### (by Flynn and Farabee)

**CSHB 1170**, A bill to be entitled An Act relating to the regulation and limitation of liability of persons engaged in certain liquefied petroleum gas-related activities, including requirements concerning consumer safety notification.

**CSHB 1170** was read second time earlier today and was postponed until this time.

JA_008098

USA_00022980

**CSHB 1170** was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. Members registering votes are as follows: Herrero and Leibowitz recorded voting no.)

### CSHB 3446 ON SECOND READING
### (by Rose, Keffer, Deshotel, McCall, Gonzales, et al.)

**CSHB 3446**, A bill to be entitled An Act relating to the promotion by the comptroller of Texas manufactured products; providing civil and administrative penalties.

**CSHB 3446** was read second time earlier today and was postponed until this time.

### CSHB 3446 - POINT OF ORDER

Representative Dunnam raised a point of order against further consideration of **CSHB 3446** under Rule 4, Section 32 of the House Rules on the grounds that the bill analysis is incorrect.

The point of order was withdrawn.

Representative Rose moved to postpone consideration of **CSHB 3446** until the end of today's calendar.

The motion prevailed.

### CSHB 1517 ON SECOND READING
### (by Paxton, Bailey, Flynn, Eiland, et al.)

**CSHB 1517**, A bill to be entitled An Act relating to the reporting of expenditures for lobbying and legislative communication by local governmental entities.

**CSHB 1517** was read second time earlier today and was postponed until this time.

### CSHB 1517 - POINT OF ORDER

Representative Y. Davis raised a point of order against further consideration of **CSHB 1517** under Rule 4, Section 32 of the House Rules on the grounds that the bill analysis is incorrect.

The speaker sustained the point of order.

**CSHB 1517** was returned to the Committee on State Affairs.

### HB 1274 ON SECOND READING
### (by Jackson, Harper-Brown, et al.)

**HB 1274**, A bill to be entitled An Act relating to the requirement of speaking and reading the English language as a condition for the issuance of a commercial driver's license.

**HB 1274** was read second time earlier today and was postponed until this time.

USA_00022981

Case 2:13-cv-00193  Document 664-3  Filed on 11/11/14 in TXSD  Page 42 of 60
e 1:12-cv-00128-RMC-DST-RLW  Document 215-3  Filed 06/20/12  Page 229 of
2358                  80th LEGISLATURE — REGULAR SESSION

## HB 1274 - POINT OF ORDER

Representative Lucio raised a point of order against further consideration of **HB 1274** under Rule 4, Section 32(c)(2) of the House Rules on the grounds that the bill analysis is incorrect.

The speaker sustained the point of order.

**HB 1274** was returned to the Committee on Transportation.

## CSHB 610 ON SECOND READING
### (by F. Brown, Zedler, Flynn, Crabb, et al.)

**CSHB 610**, A bill to be entitled An Act relating to a plan to provide services to an area annexed by a municipality.

**CSHB 610** was read second time earlier today and was postponed until this time.

**CSHB 610** was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. Members registering votes are as follows: Martinez recorded voting no.)

## CSHB 1735 ON SECOND READING
### (by Truitt, Anchia, and Gonzales)

**CSHB 1735**, A bill to be entitled An Act relating to ethics training for legislators.

**CSHB 1735** was read second time earlier today and was postponed until this time.

Representative Truitt moved to postpone consideration of **CSHB 1735** until 10 a.m. Tuesday, May 29.

The motion prevailed.

## CSHB 3446 ON SECOND READING
### (by Rose, Keffer, Deshotel, McCall, Gonzales, et al.)

**CSHB 3446**, A bill to be entitled An Act relating to the promotion by the comptroller of Texas manufactured products; providing civil and administrative penalties.

**CSHB 3446** was read second time earlier today and was postponed until this time.

Representative Rose moved to postpone consideration of **CSHB 3446** until 10 a.m. tomorrow.

The motion prevailed.

## CSHB 1439 ON SECOND READING
### (by Chisum)

**CSHB 1439**, A bill to be entitled An Act relating to authorizing the Texas Department of Public Safety to establish a driver record monitoring pilot program and enter into contracts for the periodic reporting of certain information in the department's driver's license files; providing penalties.

**CSHB 1439** was read second time earlier today and was postponed until this time.

JA_008100

USA_00022982

Case 2:13-cv-00193  Document 664-3  Filed on 11/11/14 in TXSD  Page 43 of 60
e 1:12-cv-00128-RMC-DST-RLW  Document 215-3  Filed 06/20/12  Page 230 of

Tuesday, April 24, 2007          HOUSE JOURNAL — 61st Day          2359

## Amendment No. 1

Representative Castro offered the following amendment to **CSHB 1439**:

Amend **CSHB 1439** (Committee printing) as follows:
(1) On page 2, line 25, strike "and".
(2) On page 3, strike line 6 and substitute the following:
contract; and
            (D) as soon as practicable but not later than the 15th day after the date the contract with the department is entered into, to notify each individual covered by the contract that the driver record of the individual will be monitored by the department under the contract.

Amendment No. 1 was adopted.

## Amendment No. 2

Representative Castro offered the following amendment to **CSHB 1439**:

Amend **CSHB 1439** (Committee printing) as follows:
(1) On page 2, line 25, strike "and".
(2) On page 3, strike line 6 and substitute the following:
contract; and
            (D) if an individual ceases to be, as applicable, an employee of the employer, an insured of the insurer, an employee of an employer served by the employer support organization, or an insured of an insurer served by the insurance support organization, as soon as practicable but not later than the 15th day after the termination date of the applicable relationship, to notify the department that the relationship has terminated and require the department to discontinue monitoring the driver record of the individual.

Amendment No. 2 was adopted.

A record vote was requested.

**CSHB 1439**, as amended, failed to pass to engrossment by (Record 635): 62 Yeas, 73 Nays, 1 Present, not voting.

Yeas — Anderson; Aycock; Berman; Bonnen; Branch; Brown, B.; Brown, F.; Callegari; Chisum; Christian; Cook, B.; Corte; Crabb; Creighton; Crownover; Darby; Delisi; Deshotel; Driver; Eissler; England; Flynn; Geren; Hamilton; Hancock; Harless; Hartnett; Hilderbran; Hill; Howard, C.; Isett; Keffer; King, P.; King, S.; Kolkhorst; Krusee; Latham; Laubenberg; Macias; Madden; McCall; Miller; Morrison; Murphy; O'Day; Parker; Patrick; Paxton; Phillips; Pickett; Pitts; Riddle; Smith, T.; Smith, W.; Solomons; Swinford; Talton; Taylor; West; Woolley; Zedler; Zerwas.

Nays — Allen; Alonzo; Anchia; Bailey; Bohac; Bolton; Burnam; Castro; Chavez; Cohen; Coleman; Cook, R.; Davis, Y.; Dukes; Dunnam; Dutton; Eiland; Elkins; Escobar; Farabee; Farias; Flores; Frost; Gallego; Garcia; Gattis; Giddings; Gonzales; Gonzalez Toureilles; Goolsby; Haggerty; Harper-Brown; Heflin; Hernandez; Herrero; Hochberg; Hodge; Homer; Hopson; Howard, D.; Hughes; Jones; King, T.; Kuempel; Leibowitz; Lucio; Mallory Caraway; Martinez; Martinez Fischer; McClendon; McReynolds; Merritt; Miles; Naishtat; Olivo; Ortiz; Otto; Peña; Puente; Quintanilla; Raymond; Ritter; Rodriguez; Rose; Smithee; Strama; Thompson; Truitt; Turner; Van Arsdale; Vaught; Veasey; Vo.

Present, not voting — Mr. Speaker(C).

USA_00022983

Case 2:13-cv-00193   Document 664-3   Filed on 11/11/14 in TXSD   Page 44 of 60
e 1:12-cv-00128-RMC-DST-RLW   Document 215-3   Filed 06/20/12   Page 231 of
2340                80th LEGISLATURE — REGULAR SESSION

Absent, Excused — Farrar; Menendez; Moreno.

Absent — Davis, J.; Guillen; Hardcastle; Jackson; Mowery; Noriega; Oliveira; Orr; Pierson; Straus; Villarreal.

### STATEMENTS OF VOTE

When Record No. 635 was taken, my vote failed to register. I would have voted no.

Guillen

I was shown voting yes on Record No. 635. I intended to vote no.

S. King

I was shown voting yes on Record No. 635. I intended to vote no.

Paxton

I was shown voting yes on Record No. 635. I intended to vote no.

Solomons

I was shown voting yes on Record No. 635. I intended to vote no.

Talton

### COMMITTEES GRANTED PERMISSION TO MEET

Pursuant to House Rule 4, Section 9, Representative Driver requested permission for all committees and subcommittees to meet while the house is in session, during bill referral today, pursuant to their committee postings.

Permission to meet was granted.

### COMMITTEE MEETING ANNOUNCEMENT

The following committee meeting was announced:

Regulated Industries meeting posted for today is cancelled.

### FIVE DAY POSTING RULE SUSPENDED

Representative Smithee moved to suspend the five day posting rule to allow the Committee on Civil Practices to consider **HB 3550** upon final adjournment tomorrow in E1.010.

The motion prevailed.

Representative Smithee moved to suspend the five day posting rule to allow the Committee on Natural Resources to consider **HB 1699** and **HB 4086** at 2:30 p.m. or upon final adjournment tomorrow in E2.012.

The motion prevailed.

### COMMITTEE MEETING ANNOUNCEMENTS

The following committee meetings were announced:

Pensions and Investments, during bill referral today, Ag Museum, for a formal meeting, to consider pending business.

Environmental Regulation, 9:45 a.m. tomorrow, 3W.9, for a formal meeting, to consider pending business.

Local Government Ways and Means, upon adjournment today, 3W.9, for a formal meeting, to consider **HB 1458**, **HB 3170**, and **HB 4077**.

JA_008102

USA_00022984

Case 2:13-cv-00193 Document 664-3 Filed on 11/11/14 in TXSD Page 45 of 60
e 1:12-cv-00128-RMC-DST-RLW Document 215-3 Filed 06/20/12 Page 232 of
Tuesday, April 24, 2007 HOUSE JOURNAL — 61st Day 2340

Calendars, during bill referral today, 3W.9, for a formal meeting, to consider a calendar.

Insurance, upon adjournment today, Desk 24, for a formal meeting.

## RESOLUTIONS ADOPTED

Representative Allen moved to suspend all necessary rules in order to take up and consider at this time **HR 1635 - HR 1651**.

The motion prevailed.

The following resolutions were laid before the house:

**HR 1635** (by Y. Davis), Honoring Dianne Gibson for receiving a 2007 Outstanding Texan Award from the Texas Legislative Black Caucus.

**HR 1636** (by Y. Davis), Honoring Zelma L. Ridley for receiving a 2007 Outstanding Texan Award from the Texas Legislative Black Caucus.

**HR 1637** (by Y. Davis), Congratulating the Reverend Bryan L. Carter on his receipt of a 2007 Outstanding Texan Award from the Texas Legislative Black Caucus.

**HR 1638** (by Y. Davis), Honoring Alfred Huntsberry, Jr., for receiving a 2007 Outstanding Texan Award from the Texas Legislative Black Caucus.

**HR 1639** (by Y. Davis), Honoring Constable Derick Evans for receiving a 2007 Outstanding Texan Award from the Texas Legislative Black Caucus.

**HR 1640** (by Y. Davis), Congratulating Dr. Stephen C. Nash on his receipt of a 2007 Outstanding Texan Award from the Texas Legislative Black Caucus.

**HR 1641** (by Y. Davis), Honoring the Reverend Wendell Blair, Sr., for receiving a 2007 Outstanding Texan Award from the Texas Legislative Black Caucus.

**HR 1642** (by Y. Davis), Honoring Dr. Kendell Beck for receiving a 2007 Outstanding Texan Award from the Texas Legislative Black Caucus.

**HR 1643** (by Y. Davis), Congratulating Dr. Rickie G. Rush on his receipt of a 2007 Outstanding Texan Award from the Texas Legislative Black Caucus.

**HR 1644** (by Y. Davis), Honoring Curtistene Smith McCowan for receiving a 2007 Outstanding Texan Award from the Texas Legislative Black Caucus.

**HR 1645** (by Y. Davis), Honoring Mance Zachary for receiving a 2007 Outstanding Texan Award from the Texas Legislative Black Caucus.

**HR 1646** (by Y. Davis), Congratulating Malik Aziz on his receipt of a 2007 Outstanding Texan Award from the Texas Legislative Black Caucus.

**HR 1647** (by Y. Davis), Honoring James H. Talley for receiving a 2007 Outstanding Texan Award from the Texas Legislative Black Caucus.

**HR 1648** (by Y. Davis), Congratulating Michael Moore on his receipt of a 2007 Outstanding Texan Award from the Texas Legislative Black Caucus.

**HR 1649** (by Y. Davis), Honoring Denise D. Harris for receiving a 2007 Outstanding Texan Award from the Texas Legislative Black Caucus.

**HR 1650** (by Y. Davis), Congratulating Tayler Haggerty on her receipt of a 2007 Outstanding Texan Award from the Texas Legislative Black Caucus.

USA_00022985

**HR 1651** (by Y. Davis), Honoring Dr. Mary Elizabeth Dotson Beck for receiving a 2007 Outstanding Texan Award from the Texas Legislative Black Caucus.

The resolutions were adopted.

### HR 1664 - ADOPTED
### (by Allen)

Representative Allen moved to suspend all necessary rules to take up and consider at this time **HR 1664**.

The motion prevailed.

The following resolution was laid before the house:

**HR 1664**, In memory of Doris Johnson Allen of Houston.

**HR 1664** was unanimously adopted by a rising vote.

### COMMITTEE MEETING ANNOUNCEMENT

The following committee meeting was announced:

Business and Industry will meet upon adjournment today.

### PROVIDING FOR ADJOURNMENT

Representative Allen moved that, at the conclusion of the reading of bills and resolutions on first reading and referral to committees, the house adjourn until 10 a.m. tomorrow in memory of Dorothy Pujoue of Houston.

The motion prevailed.

### BILLS AND JOINT RESOLUTIONS ON FIRST READING
### AND REFERRAL TO COMMITTEES
### RESOLUTIONS REFERRED TO COMMITTEES

Bills and joint resolutions were at this time laid before the house, read first time, and referred to committees. Resolutions were at this time laid before the house and referred to committees. (See the addendum to the daily journal, Referred to Committees, List No. 1.)

(Eiland in the chair)

### ADJOURNMENT

In accordance with a previous motion, the house, at 9:04 p.m., adjourned until 10 a.m. tomorrow.

---

### ADDENDUM

---

### REFERRED TO COMMITTEES

The following bills and joint resolutions were today laid before the house, read first time, and referred to committees, and the following resolutions were today laid before the house and referred to committees. If indicated, the chair today corrected the referral of the following measures:

JA_008104

USA_00022986

## List No. 1

**HCR 192** (By McClendon), Recognizing the National Coalition of Blacks for Reparations in America for its efforts to achieve redress for the injury caused by slavery and its continuing vestiges.

To State Affairs.

**HCR 196** (By Taylor), Honoring the Distinguished Graduates of La Marque High School of 2007.

To Rules and Resolutions.

**HCR 197** (By Eiland), Urging Congress to oppose the establishment of a federal insurance regulatory system.

To Insurance.

**HCR 199** (By Hodge), In memory of Charlotte Ragsdale of Dallas.

To Rules and Resolutions.

**HCR 200** (By Escobar), Memorializing Congress to reopen consideration of posthumously awarding WWI hero Marcelino Serna the Medal of Honor.

To Defense Affairs and State-Federal Relations.

**HCR 201** (By Kolkhorst), Designating San Felipe as the Colonial Capital of Texas.

To Culture, Recreation, and Tourism.

**HCR 203** (By Harper-Brown), Extending deepest sympathy to the families of the victims of the tragedy at Virginia Tech, and to the students, faculty, and staff of the university.

To Rules and Resolutions.

**HCR 204** (By Darby), Commemorating the 75th anniversary of the founding of Shannon Medical Center in San Angelo.

To Rules and Resolutions.

**HCR 205** (By Thompson), Acknowledging the involuntary servitude of African slaves in the State of Texas and requesting the creation of a joint interim committee to study the contributions of African slaves and their descendents.

To State Affairs.

**HR 1471** (By Alonzo), Commemorating the Dallas Mega March for American Values and Justice that took place on April 9, 2006, in support of immigration reform.

To Rules and Resolutions.

**HR 1472** (By Alonzo), Directing the Texas Department of Transportation to provide supplemental guide signs on IH-35 and IH-635 to identify the location of the Asian Trade District in northwest Dallas.

To Transportation.

**HR 1482** (By Bolton), Honoring Alison Brock, chief of staff for Representative Sylvester Turner, for her vital role in exposing allegations of abuse at a Texas Youth Commission facility.

To Corrections.

**HR 1514** (By Orr), Congratulating Jennifer Fix of Burleson on earning the Good Government Pharmacist-of-the-Year Award from the American Pharmacists Association.

To Rules and Resolutions.

USA_00022987

Case 2:13-cv-00193   Document 664-3   Filed on 11/11/14 in TXSD   Page 48 of 60
e 1:12-cv-00128-RMC-DST-RLW   Document 215-3   Filed 06/20/12   Page 235 of
2344          80th LEGISLATURE — REGULAR SESSION

**HR 1515** (By Madden), Congratulating Randy and Diana Wright of Plano on their 20th wedding anniversary.
To Rules and Resolutions.

**HR 1516** (By Strama), Honoring Larry D. Bradley of Pflugerville ISD on his election as president of the National Association of Secondary School Principals.
To Rules and Resolutions.

**HR 1517** (By Branch), Recognizing June 2007 as Scottish Heritage Month.
To Rules and Resolutions.

**HR 1518** (By W. Smith), In memory of the Honorable Sam D. Seale of Jackson County.
To Rules and Resolutions.

**HR 1519** (By W. Smith), In memory of Rhoda Magdalene Burke of Deer Park.
To Rules and Resolutions.

**HR 1520** (By W. Smith), Honoring Dr. Don Hendrix on his retirement as superintendent of Crosby ISD.
To Rules and Resolutions.

**HR 1521** (By W. Smith), Congratulating Sergeant Phillip Badillo of the Baytown Police Department on his retirement.
To Rules and Resolutions.

**HR 1522** (By W. Smith), Honoring Mike Wilson on being named Baytown's Citizen of the Year.
To Rules and Resolutions.

**HR 1523** (By Latham), Honoring Mesquite ISD teacher Fran Terry on the dedication of a school library in her name.
To Rules and Resolutions.

**HR 1526** (By Flynn), Congratulating Tim Gothard on being named the North Texas Fireman's and Fire Marshal's Association Firefighter of the Year.
To Rules and Resolutions.

**HR 1527** (By McReynolds), Recognizing April 25, 2007, as Youth Service Above Self Day at the State Capitol.
To Rules and Resolutions.

**HR 1530** (By Anchia), Honoring Jerry Moore of Dallas for saving an elderly neighbor's life.
To Rules and Resolutions.

**HR 1531** (By Anchia), In memory of Maya Andrea Hubner of Austin.
To Rules and Resolutions.

**HR 1533** (By Phillips), In memory of Fannin County Sheriff's Office Deputy Rahamy Mitchell of Bonham.
To Rules and Resolutions.

**HR 1534** (By Bohac), Commemorating the 60th anniversary of the founding of Second Baptist School in Houston.
To Rules and Resolutions.

JA_008106

USA_00022988

Case 2:13-cv-00193   Document 664-3   Filed on 11/11/14 in TXSD   Page 49 of 60
e 1:12-cv-00128-RMC-DST-RLW   Document 215-3   Filed 06/20/12   Page 236 of

Tuesday, April 24, 2007       HOUSE JOURNAL — 61st Day       2343

**HR 1536** (By R. Cook), In memory of Nancy Lee Sanders of Bastrop.
To Rules and Resolutions.

**HR 1537** (By R. Cook), Honoring the Reverend Quintus Samuel Goins on his 50th pastoral anniversary at Mt. Carmel Baptist Church.
To Rules and Resolutions.

**HR 1538** (By R. Cook), Honoring the United Evangelical Lutheran Church in Swiss Alp on the 140th anniversary of its founding.
To Rules and Resolutions.

**HR 1539** (By Zedler), Congratulating Lynn Jennings of Workman Junior High School in Arlington on being named the Kiwanis Woodrow Counts Junior High Teacher of the Year for 2006-2007.
To Rules and Resolutions.

**HR 1540** (By Zedler), Recognizing Fort Worth Spinks Airport on winning the Most Improved Airport of the Year Award.
To Rules and Resolutions.

**HR 1541** (By Zedler), Honoring Mary Irma Flores Escovedo on being named the Arlington Teacher of the Year.
To Rules and Resolutions.

**HR 1543** (By Martinez Fischer), In memory of Brigadier General Gilberto S. Pena of Weslaco.
To Rules and Resolutions.

**HR 1544** (By B. Cook), Recognizing April 12, 2007, as Corsicana/Navarro County Day at the State Capitol.
To Rules and Resolutions.

**HR 1546** (By Aycock), Congratulating the City of Killeen on being named the Association of Defense Communities 2006 Active Base Community of the Year.
To Rules and Resolutions.

**HR 1547** (By Allen), Honoring Clarence Bradford for serving as Democratic precinct chair of Precinct 652 in Harris County.
To Rules and Resolutions.

**HR 1548** (By Allen), Commending the Empowering Teen Leaders program and welcoming its members to the State Capitol.
To Rules and Resolutions.

**HR 1549** (By Allen), Honoring Patricia A. Govan for serving as Democratic precinct chair of Precinct 722 in Harris County.
To Rules and Resolutions.

**HR 1550** (By Allen), Honoring John L. Guess for serving as Democratic precinct chair of Precinct 693 in Harris County.
To Rules and Resolutions.

**HR 1551** (By Allen), Honoring King Malaki Sims for serving as Democratic precinct chair of Precinct 638 in Harris County.
To Rules and Resolutions.

USA_00022989

2346                    80th LEGISLATURE — REGULAR SESSION

**HR 1552** (By Allen), Honoring Coretta Mallet Fontenot for serving as Democratic precinct chair of Precinct 630 in Harris County.
To Rules and Resolutions.

**HR 1553** (By Allen), Honoring David H. Melasky for serving as Democratic precinct chair of Precinct 554 in Harris County.
To Rules and Resolutions.

**HR 1554** (By Allen), Honoring Vincent Sanders for serving as Democratic precinct chair of Precinct 525 in Harris County.
To Rules and Resolutions.

**HR 1555** (By Allen), Honoring Kevin Pever for serving as Democratic precinct chair of Precinct 506 in Harris County.
To Rules and Resolutions.

**HR 1556** (By Allen), Honoring Francene Shapiro for serving as Democratic precinct chair of Precinct 489 in Harris County.
To Rules and Resolutions.

**HR 1557** (By Allen), Honoring Curtis W. McDonald for serving as Democratic precinct chair of Precinct 458 in Harris County.
To Rules and Resolutions.

**HR 1558** (By Allen), Honoring Priscilla T. Bloomquist for serving as Democratic precinct chair of Precinct 453 in Harris County.
To Rules and Resolutions.

**HR 1559** (By Allen), Honoring Raka B. Ghosh for serving as Democratic precinct chair of Precinct 293 in Harris County.
To Rules and Resolutions.

**HR 1560** (By Allen), Honoring Harry "Skip" Connor for serving as Democratic precinct chair of Precinct 292 in Harris County.
To Rules and Resolutions.

**HR 1561** (By Allen), Honoring Curtis Thompson for serving as Democratic precinct chair of Precinct 286 in Harris County.
To Rules and Resolutions.

**HR 1562** (By Allen), Honoring Deidre Rasheed for serving as Democratic precinct chair of Precinct 216 in Harris County.
To Rules and Resolutions.

**HR 1563** (By Allen), Honoring Anna M. Giese for serving as Democratic precinct chair of Precinct 131 in Harris County.
To Rules and Resolutions.

**HR 1564** (By Allen), Honoring Grace Rodriguez Pendland for serving as Democratic precinct chair of Precinct 22 in Harris County.
To Rules and Resolutions.

**HR 1565** (By Allen), Honoring Ann Edwards for serving as Democratic precinct chair of Precinct 384 in Harris County.
To Rules and Resolutions.

**HR 1566** (By Allen), Honoring Nedzra J. Ward for serving as Democratic precinct chair of Precinct 402 in Harris County.
To Rules and Resolutions.

JA_008108

USA_00022990

**HR 1567** (By Allen), Honoring Betty Jean Keller for serving as Democratic precinct chair of Precinct 372 in Harris County.
To Rules and Resolutions.

**HR 1568** (By Allen), Honoring John Martin for serving as Democratic precinct chair of Precinct 336 in Harris County.
To Rules and Resolutions.

**HR 1569** (By Allen), Honoring Annie Mitchell for serving as Democratic precinct chair of Precinct 319 in Harris County.
To Rules and Resolutions.

**HR 1570** (By Allen), Honoring Mary M. Clemons for serving as Democratic precinct chair of Precinct 318 in Harris County.
To Rules and Resolutions.

**HR 1572** (By Escobar), In memory of U.S. Army Specialist Darrell Wayne Shipp.
To Rules and Resolutions.

**HR 1573** (By Escobar), In memory of longtime Raymondville resident U.S. Army Staff Sergeant Hector Leija.
To Rules and Resolutions.

**HR 1574** (By Jones), Honoring Kathryn Jay Hamilton of Lubbock County for 50 years of service as an educator.
To Rules and Resolutions.

**HR 1575** (By Jones), Honoring Carla Kay Moore of Lubbock on her retirement from James Bowie Elementary.
To Rules and Resolutions.

**HR 1576** (By Chavez), Encouraging the president of the United States and Congress to enact a free trade agreement between the United States and Taiwan.
To Border and International Affairs.

**HR 1577** (By Chavez), Congratulating Mark C. Walker of El Paso on being listed in The Best Lawyers in America.
To Rules and Resolutions.

**HR 1579** (By Guillen), Honoring Judge Alicia Pena Perez of Freer on her retirement as a municipal court judge.
To Rules and Resolutions.

**HR 1580** (By Dutton), Honoring Coach Cynthia Cooper-Dyke and the Prairie View A&M University women's basketball team.
To Rules and Resolutions.

**HR 1581** (By T. Smith), Honoring Heather Meyer for her service on the student council for Treetops Intermediate School in Euless.
To Rules and Resolutions.

**HR 1582** (By T. Smith), Honoring Emerald Arista for her service on the student council for Treetops Intermediate School in Euless.
To Rules and Resolutions.

**HR 1583** (By T. Smith), Honoring Jonathan Kleehammer for his service on the student council for Treetops Intermediate School in Euless.
To Rules and Resolutions.

JA_008109

**HR 1584** (By T. Smith), Congratulating Patricia and Fredrick M. King of Hurst on their 50th wedding anniversary.
To Rules and Resolutions.

**HR 1585** (By T. Smith), Congratulating Donald and Jeanette Gill of Hurst on their 50th wedding anniversary.
To Rules and Resolutions.

**HR 1586** (By T. Smith), Honoring Angelina McGough for her service on the student council for Treetops Intermediate School in Euless.
To Rules and Resolutions.

**HR 1587** (By T. Smith), Honoring Riley Ornelas for her service on the student council for Treetops Intermediate School in Euless.
To Rules and Resolutions.

**HR 1588** (By T. Smith), Honoring Marcel Carroll for his service on the student council for Treetops Intermediate School in Euless.
To Rules and Resolutions.

**HR 1589** (By T. Smith), Honoring Ryan Meyer for serving as a mentor to the student council members of Treetops Intermediate School in Euless.
To Rules and Resolutions.

**HR 1590** (By T. Smith), Honoring Cristie Kibler for serving as a mentor to the student council members of Treetops Intermediate School in Euless.
To Rules and Resolutions.

**HR 1591** (By T. Smith), Honoring Niccola Quiambao for her service on the student council for Treetops Intermediate School in Euless.
To Rules and Resolutions.

**HR 1592** (By T. Smith), Honoring Hunter Smith for his service on the student council for Treetops Intermediate School in Euless.
To Rules and Resolutions.

**HR 1593** (By T. Smith), Honoring Mikey Feliberti for his service on the student council for Treetops Intermediate School in Euless.
To Rules and Resolutions.

**HR 1594** (By T. Smith), Honoring Tiffiani Neuville for her service on the student council for Treetops Intermediate School in Euless.
To Rules and Resolutions.

**HR 1595** (By T. Smith), Honoring Houston Elliott for his service on the student council for Treetops Intermediate School in Euless.
To Rules and Resolutions.

**HR 1596** (By Eissler), In memory of U.S. Army Private First Class Cory C. Kosters of The Woodlands.
To Rules and Resolutions.

**HR 1598** (By Crownover), Congratulating University of North Texas vice president for finance and business affairs Phil Diebel on his upcoming retirement.
To Rules and Resolutions.

USA_00022992

**HR 1599** (By Martinez), Congratulating Karen Djoahna Palapar of Trevino Elementary School in San Juan on being named a finalist in the 2007 H-E-B Excellence in Education Awards.

To Rules and Resolutions.

**HR 1600** (By Mallory Caraway), In memory of Nathaniel Williams of Dallas.

To Rules and Resolutions.

**HR 1604** (By Hill), Honoring the 2007 Richardson ISD Capitol Scholars.

To Rules and Resolutions.

**SB 4** to Public Education.

**SB 11** to Defense Affairs and State-Federal Relations.

**SB 43** to Juvenile Justice and Family Issues.

**SB 46** to Transportation.

**SB 51** to Higher Education.

**SB 109** to Public Education.

**SB 111** to State Affairs.

**SB 157** to Criminal Jurisprudence.

**SB 161** to Higher Education.

**SB 183** to Criminal Jurisprudence.

**SB 242** to Ways and Means.

**SB 322** to Human Services.

**SB 323** to Natural Resources.

**SB 363** to Defense Affairs and State-Federal Relations.

**SB 401** to Natural Resources.

**SB 409** to Public Health.

**SB 436** to Transportation.

**SB 445** to Government Reform.

**SB 450** to Human Services.

**SB 561** to Insurance.

**SB 607** to Financial Institutions.

**SB 629** to Law Enforcement.

**SB 645** to Business and Industry.

**SB 649** to Higher Education.

**SB 658** to Government Reform.

**SB 660** to Judiciary.

**SB 671** to County Affairs.

**SB 705** to Judiciary.

**SB 706** to Judiciary.

USA_00022993

Case 2:13-cv-00193   Document 664-3   Filed on 11/11/14 in TXSD   Page 54 of 60
e 1:12-cv-00128-RMC-DST-RLW   Document 215-3   Filed 06/20/12   Page 241 of
2350          80th LEGISLATURE — REGULAR SESSION

**SB 709** to Business and Industry.
**SB 781** to Border and International Affairs.
**SB 796** to Local Government Ways and Means.
**SB 811** to Public Health.
**SB 847** to Natural Resources.
**SB 864** to Culture, Recreation, and Tourism.
**SB 874** to Defense Affairs and State-Federal Relations.
**SB 883** to State Affairs.
**SB 885** to Judiciary.
**SB 889** to State Affairs.
**SB 943** to Public Health.
**SB 952** to Licensing and Administrative Procedures.
**SB 956** to Juvenile Justice and Family Issues.
**SB 960** to Public Education.
**SB 963** to Higher Education.
**SB 968** to County Affairs.
**SB 975** to Natural Resources.
**SB 976** to Pensions and Investments.
**SB 1036** to Defense Affairs and State-Federal Relations.
**SB 1039** to Pensions and Investments.
**SB 1046** to Higher Education.
**SB 1049** to Public Education.
**SB 1050** to Higher Education.
**SB 1053** to Higher Education.
**SB 1064** to Higher Education.
**SB 1068** to Redistricting.
**SB 1085** to Transportation.
**SB 1089** to Transportation.
**SB 1104** to Urban Affairs.
**SB 1132** to Transportation.
**SB 1133** to State Affairs.
**SB 1161** to Public Education.
**SB 1165** to County Affairs.
**SB 1172** to Appropriations.
**SB 1203** to Criminal Jurisprudence.
**SB 1222** to Licensing and Administrative Procedures.
**SB 1231** to Higher Education.

JA_008112

USA_00022994

Case 2:13-cv-00193   Document 664-3   Filed on 11/11/14 in TXSD   Page 55 of 60
e 1:12-cv-00128-RMC-DST-RLW   Document 215-3   Filed 06/20/12   Page 242 of
Tuesday, April 24, 2007    HOUSE JOURNAL — 61st Day    2359

**SB 1232** to Higher Education.

**SB 1233** to Higher Education.

**SB 1236** to Border and International Affairs.

**SB 1257** to Licensing and Administrative Procedures.

**SB 1271** to Natural Resources.

**SB 1297** to Judiciary.

**SB 1306** to State Affairs.

**SB 1309** to Civil Practices.

**SB 1310** to Government Reform.

**SB 1315** to Law Enforcement.

**SB 1325** to Higher Education.

**SB 1340** to Licensing and Administrative Procedures.

**SB 1354** to Law Enforcement.

**SB 1372** to Transportation.

**SB 1389** to Business and Industry.

**SB 1390** to Defense Affairs and State-Federal Relations.

**SB 1402** to Insurance.

**SB 1412** to Judiciary.

**SB 1413** to Judiciary.

**SB 1416** to Judiciary.

**SB 1418** to Higher Education.

**SB 1424** to Economic Development.

**SB 1425** to Economic Development.

**SB 1426** to Licensing and Administrative Procedures.

**SB 1433** to Public Education.

**SB 1454** to Defense Affairs and State-Federal Relations.

**SB 1470** to Criminal Jurisprudence.

**SB 1490** to Public Education.

**SB 1496** to Higher Education.

**SB 1499** to State Affairs.

**SB 1501** to Local Government Ways and Means.

**SB 1502** to Local Government Ways and Means.

**SB 1504** to Public Education.

**SB 1519** to Judiciary.

**SB 1526** to Natural Resources.

**SB 1533** to Corrections.

**SB 1535** to Natural Resources.

JA_008113

USA_00022995

**SB 1540** to Business and Industry.

**SB 1541** to Business and Industry.

**SB 1542** to Insurance.

**SB 1548** to Transportation.

**SB 1555** to Judiciary.

**SB 1604** to Environmental Regulation.

**SB 1618** to County Affairs.

**SB 1624** to Judiciary.

**SB 1644** to Public Education.

**SB 1655** to Judiciary.

**SB 1679** to Public Education.

**SB 1688** to Transportation.

**SB 1694** to Public Health.

**SB 1697** to Public Education.

**SB 1713** to Public Education.

**SB 1722** to Law Enforcement.

**SB 1724** to Defense Affairs and State-Federal Relations.

**SB 1735** to Licensing and Administrative Procedures.

**SB 1752** to Local Government Ways and Means.

**SB 1765** to Urban Affairs.

**SB 1780** to Corrections.

**SB 1794** to Transportation.

**SB 1805** to Culture, Recreation, and Tourism.

**SB 1809** to Ways and Means.

**SB 1828** to Transportation.

**SB 1871** to Public Education.

**SB 1877** to Pensions and Investments.

**SB 1909** to Corrections.

**SB 1912** to Public Education.

**SB 1956** to Defense Affairs and State-Federal Relations.

**SB 1970** to Law Enforcement.

**SCR 17** to Defense Affairs and State-Federal Relations.

**SCR 46** to Defense Affairs and State-Federal Relations.

**SCR 54** to Rules and Resolutions.

**SCR 55** to Rules and Resolutions.

**SCR 57** to Defense Affairs and State-Federal Relations.

USA_00022996

## SIGNED BY THE SPEAKER

The following bills and resolutions were today signed in the presence of the house by the speaker:

**House List No. 25**

    **HB 5**, **HCR 26**, **HCR 167**

**Senate List No. 26**

    **SB 229**, **SB 343**, **SB 369**, **SB 679**

## MESSAGES FROM THE SENATE

The following messages from the senate were today received by the house:

**Message No. 1**

MESSAGE FROM THE SENATE
SENATE CHAMBER
Austin, Texas
Tuesday, April 24, 2007

The Honorable Speaker of the House
House Chamber
Austin, Texas

Mr. Speaker:

I am directed by the senate to inform the house that the senate has taken the following action:

THE SENATE HAS PASSED THE FOLLOWING MEASURES:

**SB 50**               Zaffirini
Relating to early childhood education.

**SB 714**             Fraser
Relating to reports regarding certain water wells required by a groundwater conservation district.

**SB 758**             Nelson
Relating to child protective services.

Respectfully,
Patsy Spaw
Secretary of the Senate

**Message No. 2**

MESSAGE FROM THE SENATE
SENATE CHAMBER
Austin, Texas
Tuesday, April 24, 2007 - 2

The Honorable Speaker of the House
House Chamber
Austin, Texas

Mr. Speaker:

I am directed by the senate to inform the house that the senate has taken the following action:

JA_008115

USA_00022997

Case 2:13-cv-00193  Document 664-3  Filed on 11/11/14 in TXSD  Page 58 of 60
e 1:12-cv-00128-RMC-DST-RLW   Document 215-3   Filed 06/20/12   Page 245 of
2354          80th LEGISLATURE — REGULAR SESSION

THE SENATE HAS PASSED THE FOLLOWING MEASURES:

**HB 8**                      Riddle                     SPONSOR: Deuell
Relating to the prosecution, punishment, and supervision of certain sex offenders
and to certain crimes involving sex offenders.
(Committee Substitute/Amended)

THE SENATE HAS CONCURRED IN HOUSE AMENDMENTS TO THE
FOLLOWING MEASURES:

**SB 456**                    (31 Yeas, 0 Nays)

Respectfully,
Patsy Spaw
Secretary of the Senate

**Message No. 3**

MESSAGE FROM THE SENATE
SENATE CHAMBER
Austin, Texas
Tuesday, April 24, 2007 - 3

The Honorable Speaker of the House
House Chamber
Austin, Texas

Mr. Speaker:

I am directed by the senate to inform the house that the senate has taken the
following action:

THE SENATE HAS PASSED THE FOLLOWING MEASURES:

**SB 691**                    Uresti
Relating to the performance of community service as a condition for a deferral of
adjudication in certain misdemeanor cases punishable by fine only.

**SB 1063**                   Williams
Relating to the authority of the governing body of a taxing unit to waive penalties
and interest on a delinquent ad valorem tax.

**SB 1405**                   Wentworth
Relating to the requirement that the chief appraiser of an appraisal district provide
an estimate of taxable value and related assistance to certain taxing units.

**SB 1761**                   Uresti
Relating to the pilot program to provide health services to state employees in state
office complexes.

**SCR 61**                    Duncan                     SPONSOR: Heflin
Commending South Plains College for its 50 years of progress.

Respectfully,
Patsy Spaw
Secretary of the Senate

JA_008116

**Message No. 4**

MESSAGE FROM THE SENATE
SENATE CHAMBER
Austin, Texas
Tuesday, April 24, 2007 - 4

The Honorable Speaker of the House
House Chamber
Austin, Texas

Mr. Speaker:

I am directed by the senate to inform the house that the senate has taken the following action:

THE SENATE HAS PASSED THE FOLLOWING MEASURES:

**SB 263**                    Ellis
Relating to the creation of a commission to investigate and prevent wrongful convictions.

**SB 1052**                    Zaffirini
Relating to tuition credits for students who complete the core curriculum at two-year public institutions of higher education.

**SB 1096**                    Janek
Relating to mandatory participation in certain TANF employment programs by certain persons.

**SB 1411**                    West, Royce
Relating to requirements for judicial training on issues regarding family violence, sexual assault, and child abuse and neglect.

**SB 1464**                    Janek
Relating to the cancellation of the voter registrations of persons who are not United States citizens.

**SB 1626**                    Watson
Relating to participation in the proportionate retirement program by certain public employees.

Respectfully,
Patsy Spaw
Secretary of the Senate

---

**APPENDIX**

---

**STANDING COMMITTEE REPORTS**

Favorable reports have been filed by committees as follows:

**April 23**

Agriculture and Livestock - **HB 3168**, **HB 3300**

Business and Industry - **HB 9**, **HB 888**, **HB 1702**, **HB 1737**, **HB 2002**, **HB 2218**, **HB 2277**, **HB 2402**, **HB 2403**, **HB 3173**, **SB 324**

JA_008117

County Affairs - **HB 880**

Criminal Jurisprudence - **HB 485, HB 649, HB 1035, HB 1123, HB 1264, HB 1340, HB 1611, HB 1658, HB 1687, HB 1800, HB 2304, HB 2307, HB 2703, HB 3558, HB 3584, HB 3692, HJR 6**

Culture, Recreation, and Tourism - **HB 1309, HB 2845**

Defense Affairs and State-Federal Relations - **SB 277**

Elections - **HB 343, HB 1648, HB 2493, HB 2589, HB 2912, HB 3723, HB 3725**

Energy Resources - **HB 3929**

Environmental Regulation - **HB 3780, SB 1665**

Financial Institutions - **HB 2137, HB 3552**

Government Reform - **HB 1613, HB 3454**

Human Services - **HB 288, HB 333, HB 405, HB 918, HB 1366, HB 2064**

Insurance - **HB 223, HB 1269, HB 1847, HB 1849, HB 1977, HB 1978, HB 2013, HB 2718, HB 3252, HB 3358, HB 3470, HB 3850**

Judiciary - **HB 1903, HB 2151, HB 3197, HB 3930, SB 593**

Law Enforcement - **HB 1503, HB 1906, HB 2077, HB 2210, HB 2300, HB 2813, HB 2952, HB 3307, HB 3635, SB 949**

Licensing and Administrative Procedures - **HB 3124, HB 3601**

Natural Resources - **HB 1292, HB 2654, HB 3017, HB 3353**

Pensions and Investments - **HB 2190, HB 2752**

Public Education - **HB 278, HB 426, HB 494, HB 828, HB 846, HB 851, HB 1137, HB 1324, HB 2504, HB 2529, HB 2532, HB 3202, HB 3259, SB 7, SB 136, SB 370, SB 389**

Public Health - **HB 1082, HB 2132, HB 2145, HB 2285, HB 2313, HB 3078, HB 3876, SB 91, SB 362**

State Affairs - **HB 2621, HB 2733**

Transportation - **HB 160, HB 1615, HB 1857, HB 2651**

## ENGROSSED

**April 23 - HB 589, HB 1022, HB 1373, HB 1623, HB 1667, HB 1668, HB 1962, HB 2400, HB 2427, HB 2458**

## ENROLLED

**April 23 - HB 5, HB 1447, HCR 26, HCR 167**

## SIGNED BY THE GOVERNOR

**April 23 - HB 674, HB 675**

JA_008118

USA_00023000