PL089
9/2/2014
2:13-cv-00193

| HOUSE | | | |
|---|---|---|---|
| RESEARCH | | | HB 218 |
| ORGANIZATION bill analysis | | 4/23/2007 | B. Brown, et al. |

SUBJECT:     Requiring voters to present proof of identification

COMMITTEE:     Elections — favorable, without amendment

VOTE:     4 ayes —  Berman, Bohac, England, C. Howard

0 nays

3 absent  —  Anchia, Burnam, Farias

WITNESSES:     For — Tina Benkiser, Republican Party of Texas; Skipper Wallace, Texas Republican County Chairman's Association; Bill Borden; Ed Johnson; (*Registered, but did not testify:* John Colyandro, Texas Conservative Coalition; Russ Duerstine, Tom Green County GOP; Carolyn Galloway, Texas Eagle Forum, Citizens for Immigration Reform; Mary Ann Collins)

Against — Lydia Camarillo, Southwest Voter Registration Education Project; John Courage and Teri Sperry, True Courage Action Network; Luis Figueroa, MALDEF; Sonia Santana, ACLU-Texas; Bryson McCall Smith, Coalition of Texans with Disabilities; Laurie Vanhoose, Advocacy, Inc.; Kenneth Flippin; (*Registered, but did not testify:* Joy Arthur, People for the American Way; Ken Bailey, Texas Democratic Party; Mario M. Champion, Latinos for Texas; Debra Cody and Connie Hooks, city of College Station; Kathryn Dean, ACLU; Mary Finch, League of Women Voters of Texas; Will Harrell, NAACP of Texas; Paula Littles, Texas AFL-CIO; Toni Milam, City of Buda; Tim Morstad, AARP; Rosa Pacheco, Gray Panthers; Jodi Park, Coalition of Texans with Disabilities; Marcelo Tafoya, LULAC; Suzy Woodford, Common Cause of Texas; Susan Barrick; Perry Dorren; Ysidro Gutierrez; Johnnie Jones)

On — Adrienne McFarland, Texas Attorney General's Office; Ann McGeehan, Secretary of State; (*Registered, but did not testify:* Marty Forte, Dallas County Republican Party; Steve Raborn, Tarrant County Elections)

BACKGROUND:     Election Code, sec. 63.001 requires a voter to present a voter registration certificate to an election officer when offering to vote at a polling place. Sec. 63.008 establishes that a voter who does not present a voter registration certificate when offering to vote, but whose name is on the list

USA_00023001

HB 218
House Research Organization
page 2

of registered voters for the precinct, shall be accepted for voting if the voter executes an affidavit stating that the voter does not have the voter registration certificate at the polling place, and the voter presents proof of identification in a form described in sec. 63.0101, including:

- a driver's license or personal identification card issued to the person by the Department of Public Safety (DPS) or a similar document issued to the person by an agency of another state, regardless of whether the license or card has expired;
- a form of identification containing the person's photograph that establishes the person's identity;
- a birth certificate or other documentation confirming birth that is admissible in a court of law and establishes the person's identity;
- U.S. citizenship papers or a U.S. passport issued to the person;
- official mail addressed to the person by name from a governmental entity;
- a copy of a current utility bill, bank statement, government check, paycheck, or other government document that shows the name and address of the voter; or
- any other form of identification prescribed by the secretary of state.

In 2002, Congress enacted the Help America Vote Act of 2002 (HAVA) (42 U.S.C. Sec. 15301 et seq.), a comprehensive law governing state electoral administration. Among other things, HAVA requires first-time registrants who register by mail and have not voted in a federal election — or in cases where a state does not have a computerized, statewide voter registration system — to present, with the registration materials or at the polls, any of the following forms of identification:

- a copy of a current and valid photo identification (the original if voting in person); or
- a copy of a current utility bill, bank statement, or government check, paycheck or other government document that shows the name and address of the voter.

No voter can be turned away at the polls for failure to produce identification, and voters without proper identification in every state have some sort of recourse to cast a vote.

The 78th Legislature in 2003 enacted HB 1549 by Denny to implement changes necessary to Texas law for HAVA compliance.

JA_008120

USA_00023002

HB 218
House Research Organization
page 3

DIGEST:    HB 218 would require a voter at the polls to present to an election officer the voter's registration certificate and a form of identification. Any one of the following forms of photo identification would satisfy the requirement:

- a driver's license or personal ID card issued by DPS that was current or had expired no more than two years earlier;
- a U.S. military ID card or a valid employee ID card;
- a U.S. citizenship certificate or a U.S. passport;
- a student ID card issued by a public or private higher education institution in Texas; or
- a concealed handgun license issued by DPS.

Alternately, the voter could satisfy the identification requirement by presenting any two of the following:

- a copy of a current utility bill, bank statement, government check, paycheck, or other government document that shows the name and address of the voter;
- official mail addressed to the person by name from a governmental entity;
- a certified copy of a birth certificate or other legal document confirming the birth and establishing the person's identify;
- U.S. citizenship papers;
- an original or certified copy of the person's marriage license or divorce decree;
- court records of the person's adoption, name change, or sex change;
- an ID card issued to the person by a state or federal governmental entity for the purpose of obtaining public benefits;
- a temporary driving permit issued by DPS;
- a pilot's license issued an authorized federal agency;
- a borrower's card from a Texas library containing the person's name; or
- a hunting or fishing license issued by the Parks and Wildlife Department.

If the voter's identity could be verified from the proof presented and the voter's name was on the precinct list of registered voters, the voter could proceed to vote.

USA_00023003

HB 218
House Research Organization
page 4

A voter whose identity was verified by presenting the proof described above also could proceed to vote if the voter:

- did not present a voter registration certificate but the voter's name appeared on the precinct list;
- presented a correct voter registration certificate but the voter's name did not appear on the precinct list; or
- presented a voter registration certificate showing registration in a different precinct, if the voter swore that he or she was a new resident of the precinct and would vote only once.

A voter with or without a voter registration certificate who did not present proof sufficient to meet the identification requirements described above would be allowed to vote a provisional ballot.

HB 218 also would amend Transportation Code, sec. 521.422, to prohibit DPS from collecting a fee for a personal identification certificate issued to an eligible or registered voter who:

- executed an affidavit stating that he or she could not afford to pay the fee, who is a registered Texas voter; and
- presented a valid voter registration certificate or a voter registration application to DPS.

The bill would take effect September 1, 2007.

SUPPORTERS SAY:

HB 218 would protect and strengthen the electoral system by requiring voters to present identification at the polls. The bill would establish a uniform, standard for voting at the polls, reduce voter fraud, bring voting in line with other transactions that require proper identification, and raise the bar in restoring election integrity.

Stricter identification requirements would not impose an unreasonable burden on voters. Instead, it would protect the rights of citizens and serve as a reasonable precaution to prevent ineligible people from voting. Proper identification is necessary to ensure that voters are who they say they are, that voters cast only one ballot each, and that ineligible voters — including illegal aliens, felons, and persons using the names of deceased voters — are denied the ability to vote. Cheating at the polls makes a mockery of the electoral process and dilutes the vote of every honest citizen.

USA_00023004

HB 218
House Research Organization
page 5

Currently, all that is needed to vote is a registration certificate, but individuals are not required to show identification in order to register to vote. According to Harris County elections officials, at least 35 foreign nationals either applied or received voter registration cards that would have allowed them to vote. In one case, one of them voted four times in a general election.

While instances of fraud or multiple voting in U.S. elections are comparatively rare, even a small amount of fraud could tip a close or disputed election, and the perception of possible fraud contributes to low confidence in the system. For this reason, the Commission on Federal Election Reform, led by former President Jimmy Carter and former Secretary of State James A Baker III, recently concluded that a properly administered identification system could deter, detect, or eliminate several potential avenues of fraud, such as multiple voting or voter impersonation. The commission, which was formed to recommend ways to raise public confidence in the electoral system, also expressed concern that differing requirements from state to state could be a source of discrimination and said that a single, uniform ID for voting purposes — along the lines of REAL ID — would be less discriminatory, by ensuring fair and equal treatment to all voters. HB 218 would put many of the sensible principles advocated by this bipartisan election reform commission to work in Texas.

HB 218 would give voters a variety of ways to fulfill the identification requirements and would not force anyone to bear great costs in obtaining the necessary identification. Those who could not afford one would be eligible for a free identification card. While many citizens undoubtedly would choose to present a Texas driver's license out of convenience, the bill would allow a voter to present copies of common documents that citizens carry or receive in their everyday lives for purposes other than voting, such as paychecks, utility bills, mail from the government, and library cards. State and local election authorities can educate voters about the forms of identification that they would have to bring to the polls, and even if there were some initial confusion, voters quickly would learn what they should bring to the polls in order to vote.

Further, the bill would make it easier for a person of modest means to obtain a driver's license or state photo ID card to use as proof of identity for voting and a host of other purposes. Many activities in everyday life require the presentation of photo ID, including air travel and cashing checks. Society has adapted to these requirements and benefited from the

JA_008123

USA_00023005

HB 218
House Research Organization
page 6

safeguards they provide. By requiring DPS to waive the fee to issue identification for a person who could not afford to pay the cost, HB 218 would enable many citizens to more fully participate in society by facilitating their ability to cash checks at banks and supermarkets, enter federal buildings, and board airplanes.

This is not an issue only for Texas. Photo identification laws are considered one of the most basic and necessary election safeguards by a host of counties, including Canada, France, Germany, Italy, Poland, Britain, India, and South Africa. But less than half of the states in the United States have photo identification requirements.

**OPPONENTS SAY:** The voter ID requirements in HB 218 would create substantial obstacles that would inhibit voter participation and likely would disproportionately affect certain groups, including the elderly, minorities, and low-income voters. By placing an extra burden on voters and creating confusion among election officials and the public alike, the bill effectively would lead to the needless disenfranchisement of many voters. Claims that voter fraud makes it necessary to demand identification at the polls are not supported by evidence. In fact, the actual impact of stricter ID requirements would not be reduction of voter fraud, but the suppression of legitimate votes. Citizens seeking to exercise their right to vote would be hassled and frustrated for no good reason.

While almost all voter fraud involves absentee and mail-in ballots, the bill would do nothing to make mail-in balloting more secure. Instead, it would attempt to address the nonexistent problem of voter impersonation at the polls. Evidence of such fraud is anecdotal at best, and the penalty for voter impersonation is a third-degree felony, a strong deterrent to anyone who might consider casting a dishonest vote. There is no question that election misconduct exists, including wrongful purges of eligible voters, vote harvesting, tampering with registration forms, and improperly handling mail-in ballots. In addition, Justice Department investigations have revealed voting irregularities related to voter confusion over eligibility, such as felons not being aware they may not vote in some states or people mistakenly filling out multiple registrations. But there is no evidence that voter impersonation at the polls is anything but a rare anomaly.

Rather than seeking to enact voter identification laws that needlessly inhibit voters, policymakers should examine empirical data to weigh the costs and benefits. Data suggest that the number of legitimate voters who

JA_008124

USA_00023006

HB 218
House Research Organization
page 7

might fail to bring required ID to the polls would be several times higher than the number of fraudulent voters. A recent study issued by Rutgers and Ohio State universities prepared for the federal Election Assistance Commission indicates that minorities could be negatively affected by identification requirements and that voter identification requirements should be limited to the minimum needed to prevent duplicate registration and ensure eligibility.

Similar legislation that passed in several other states, including Missouri, Indiana, Ohio, Georgia, and Arizona, has either been invalidated by the courts or is being challenged. In addition, while citizens are required to show proof of identification in situations ranging from boarding an airplane to renting movies, none of those activities is a constitutional right.

Texas already has taken some steps to lessen the threat of fraud, including the implementation of HAVA requirements. Current registration requirements are sufficient because registrants must swear they are U.S. citizens under penalty of perjury. In addition, falsely claiming citizenship and voting fraud are federal offenses. Texas should attempt to curb voter fraud by vigorously prosecuting any election fraud cases rather than enacting a law aimed at solving a nonexistent problem.

**OTHER OPPONENTS SAY:**

The bill should require a grace period of at least one election to allow for the education of voters and election workers. The provisions in HB 218 would be a major departure from current law, and voters and elections officials would need time to learn about the new requirements.

In addition, military discharge papers should be accepted as non-photo proof of identification in HB 218.

**NOTES:**

The author intends to offer a floor amendment to delay the photo identification requirement until September 2008.

The fiscal note anticipates a cost of $177,060 per fiscal year in general revenue-related funds to allow DPS to issue personal identification cards at no cost to certain applicants.

During the 2005 regular session, the Legislature considered similar legislation requiring voters to show identification at the polls. HB 1706 by Denny passed the House, but died in the Senate State Affairs Committee. The House amended a related bill, SB 89 by Averitt, to include provisions

JA_008125

USA_00023007

HB 218
House Research Organization
page 8

similar to HB 1706, but SB 89 died in conference committee.
HB 218 originally was set on the April 17 Major State Calendar and was
recommitted to committee on April 16. The original vote in the Elections
Committee to report HB 218 was 4 ayes, 3 nays (Anchia, Burnam, Farias).

USA_00023008

PL090
9/2/2014
2:13-cv-00193

By:  Brown of Kaufman, Berman, Bohac, Riddle,          H.B. No. 218
     et al.

A BILL TO BE ENTITLED

1                        AN ACT

2    relating to requiring a voter to present proof of identification.

3        BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

4        SECTION 1.  Section 13.122(a), Election Code, is amended to

5    read as follows:

6        (a)  In addition to the other statements and spaces for

7    entering information that appear on an officially prescribed

8    registration application form, each official form must include:

9            (1)  the statement:  "I understand that giving false

10   information to procure a voter registration is perjury and a crime

11   under state and federal law.";

12           (2)  a space for the applicant's registration number;

13           (3)  a space for the applicant's Texas driver's license

14   number or number of a personal identification card issued by the

15   Department of Public Safety;

16           (4)  a space for the applicant's telephone number;

17           (5)  a space for the applicant's social security

18   number;

19           (6)  a space for the applicant's sex;

20           (7)  a statement indicating that the furnishing of the

21   applicant's telephone number and sex is optional;

22           (8)  a space or box for indicating whether the

23   applicant or voter is submitting new registration information or a

24   change in current registration information;

1

USA_00023009

1         (9)  a statement instructing a voter who is using the

2 form to make a change in current registration information to enter

3 the voter's name and the changed information in the appropriate

4 spaces on the form;

5         (10)  a statement that if the applicant declines to

6 register to vote, that fact will remain confidential and will be

7 used only for voter registration purposes;

8         (11)  a statement that if the applicant does register

9 to vote, information regarding the agency or office to which the

10 application is submitted will remain confidential and will be used

11 only for voter registration purposes;

12         (12)  a  space  or  box  for  indicating  whether  the

13 applicant is interested in working as an election judge;

14         (13)  a statement warning that a conviction for making

15 a false statement may result in imprisonment for up to the maximum

16 amount of time provided by law, a fine of up to the maximum amount

17 provided by law, or both the imprisonment and the fine; [and]

18         (14)  a  space  or  box  for  indicating  whether  the

19 applicant served in the active military, naval, or air service, was

20 discharged or released from the service under conditions other than

21 dishonorable, and incurred or aggravated a disability in the line

22 of duty in that service;

23         (15)  a  space  or  box  for  indicating  whether  the

24 applicant is a widow or widower of a person who served in the active

25 military, naval, or air service; and

26         (16)  [(14)]  any other voter registration information

27 required by federal law or considered appropriate and required by

2

USA_00023010

H.B. No. 218

1    the secretary of state.

2         SECTION 2.  Section 15.001(a), Election Code, is amended to

3    read as follows:

4         (a)  Each   voter   registration   certificate   issued   must

5    contain:

6              (1)  the voter's name in the form  indicated  by  the

7    voter,  subject  to applicable requirements prescribed by Section

8    13.002 and by rule of the secretary of state;

9              (2)  the voter's residence address or, if the residence

10   has no address, the address at which the voter receives mail and a

11   concise description of the location of the voter's residence;

12             (3)  the month, day, and year of the voter's birth;

13             (4)  the  number  of  the  county  election  precinct  in

14   which the voter resides;

15             (5)  the  voter's  effective  date  of  registration if an

16   initial certificate;

17             (6)  the voter's registration number;

18             (7)  an  indication  of  the  period  for  which  the

19   certificate is issued;

20             (8)  a  statement  explaining  the  circumstances  under

21   which the voter will receive a new certificate;

22             (9)  a  space  for  stamping  the  voter's  political  party

23   affiliation;

24             (10)  a statement that voting with the certificate by a

25   person other than the person in whose name the certificate is issued

26   is a felony;

27             (11)  a space for the voter's signature;

3

USA_00023011

H.B. No. 218

1        (12) a statement that the voter must sign the
2 certificate personally, if able to sign, immediately on receipt;
3        (13) a space for the voter to correct the information
4 on the certificate followed by a signature line;
5        (14) the statement: "If any information on this
6 certificate changes or is incorrect, correct the information in the
7 space provided, sign below, and return this certificate to the
8 voter registrar."; [and]
9        (15) the registrar's mailing address and telephone
10 number;
11        (16) an indication that the voter is a
12 "service-disabled veteran," if the voter stated on the voter's
13 registration application that the voter served in the active
14 military, naval, or air service, was discharged or released from
15 the service under conditions other than dishonorable, and incurred
16 or aggravated a disability in the line of duty in that service; and
17        (17) an indication that the voter is a "military widow
18 or widower," if the voter stated on the voter's registration
19 application that the voter is a widow or widower of a person who
20 served in the active military, naval, or air service.
21        SECTION 3.  Section 32.111, Election Code, is amended by
22 adding Subsection (c) to read as follows:
23        (c) The training standards adopted under Subsection (a)
24 must include provisions on the acceptance and handling of the
25 identification presented by a voter to an election officer under
26 Section 63.001.
27        SECTION 4.  Section 32.114(a), Election Code, is amended to

USA_00023012

H.B. No. 218

1  read as follows:

2      (a)  The county clerk shall provide one or more sessions of

3  training using the standardized training program and materials

4  developed and provided by the secretary of state under Section

5  32.111 for the election judges and clerks appointed to serve in

6  elections ordered by the governor or a county authority.  Each

7  election judge shall complete the training program.  Each election

8  clerk shall complete the part of the training program relating to

9  the acceptance and handling of the identification presented by a

10  voter to an election officer under Section 63.001.

11      SECTION 5.  As soon as practicable after the effective date

12  of this Act:

13          (1)  the secretary of state shall adopt the training

14  standards and develop the training materials required to implement

15  the change in law made by this Act to Section 32.111, Election Code;

16  and

17          (2)  the county clerk of each county shall provide a

18  session of training under Section 32.114, Election Code, using the

19  standards adopted and materials developed to implement the change

20  in law made by this Act to Section 32.111, Election Code.

21      SECTION 6.  Chapter 62, Election Code, is amended by adding

22  Section 62.016 to read as follows:

23      Sec. 62.016.  NOTICE OF ACCEPTABLE IDENTIFICATION OUTSIDE

24  POLLING PLACES.  The presiding judge shall post in a prominent place

25  on the outside of each polling location a list of the acceptable

26  forms of photographic and nonphotographic identification.  The

27  notice and list must be printed using a font that is at least

USA_00023013

H.B. No. 218

1   24-point.

2       SECTION 7.  Section 63.001, Election Code, is amended by

3   amending Subsections (b), (c), (d), and (f) and adding Subsections

4   (g), (h), (i), (j), and (k) to read as follows:

5       (b)  On offering to vote, a voter must present to an election

6   officer  at  the  polling  place  the  voter's  voter  registration

7   certificate  and,  except  as  provided  by  Subsection  (j)  or  (k)

8   either:

9           (1)  one  form  of  identification  listed  in  Section

10   63.0101(a); or

11           (2)  two  different  forms  of  identification  listed  in

12   Section 63.0101(b) [to an election officer at the polling place].

13       (c)  On  presentation  of  the  documentation  required  by

14   Subsection  (b)  [a registration certificate], an election officer

15   shall  determine  whether  the  voter's  name  on  the  registration

16   certificate is on the list of registered voters for the precinct.

17       (d)  If  the  voter's  name  is  on  the  precinct  list  of

18   registered voters and the voter's identity can be verified from the

19   proof presented, the voter shall be accepted for voting.

20       (f)  After determining whether to accept a voter, an election

21   officer  shall  return  the  voter's  documentation  [registration

22   certificate] to the voter.

23       (g)  If  the  requirements  for  identification  prescribed  by

24   Subsection  (b)  are  not  met,  the  voter  may  be  accepted  for

25   provisional voting only under Section 63.011. An election officer

26   shall  inform  a  voter  who  is  not  accepted  for  voting  under  this

27   section of the voter's right to cast a provisional ballot under

USA_00023014

1  Section 63.011.

2       (h)   The   requirements   for   identification   prescribed   by

3  Subsection (b)(1) or (2) do not apply to a voter who:

4            (1)   presents   the   voter's   voter   registration

5  certificate on offering to vote; and

6            (2)  is 80 years of age or older as indicated by the

7  date of birth on the voter's voter registration certificate.

8       (i)   Notwithstanding Subsection (b), (c), (d), or (g), a

9  voter  shall  be  accepted  for  voting  after  presenting  a  voter

10 registration certificate or one form of identification listed in

11 Section 63.0101 if:

12           (1)  the voter's name on the registration certificate

13 or form of identification is on the list of registered voters for

14 the precinct;

15           (2)  the  precinct  is  located  in  a  county  that  the

16 governor proclaimed to be in a state of disaster under Section

17 418.014, Government Code, due to a weather-related event; and

18           (3)  the  date  of  the  election  is  before  the  first

19 anniversary of the date the state of disaster expires.

20      (j)  A voter who presents a voter registration certificate

21 indicating that the voter is a service-disabled veteran is not

22 required to provide any identification in addition to the voter's

23 voter registration certificate.

24      (k)  A voter who presents a voter registration certificate

25 indicating that the voter is a military widow or widower is not

26 required to provide any identification in addition to the voter's

27 voter registration certificate.

USA_00023015

H.B. No. 218

1     SECTION 8.  Section 63.006(a), Election Code, is amended to

2  read as follows:

3     (a)  A voter who, when offering to vote, presents a voter

4  registration certificate indicating that the voter is currently

5  registered in the precinct in which the voter is offering to vote,

6  but whose name is not on the precinct list of registered voters,

7  shall be accepted for voting if the voter's identity can be verified

8  from the proof presented.

9     SECTION 9.  Section 63.007(a), Election Code, is amended to

10  read as follows:

11     (a)  A voter who, when offering to vote, presents a voter

12  registration certificate indicating that the voter is currently

13  registered in a different precinct from the one in which the voter

14  is offering to vote, and whose name is not on the precinct list of

15  registered voters, shall be accepted for voting if the voter's

16  identity can be verified from the proof presented and the voter

17  executes an affidavit stating that the voter:

18          (1)  is a resident of the precinct in which the voter is

19  offering to vote or is otherwise entitled by law to vote in that

20  precinct;

21          (2)  was a resident of the precinct in which the voter

22  is offering to vote at the time that information on the voter's

23  residence address was last provided to the voter registrar;

24          (3)  did not deliberately provide false information to

25  secure registration in a precinct in which the voter does not

26  reside; and

27          (4)  is voting only once in the election.

USA_00023016

1      SECTION 10.  Section 63.008(a), Election Code, is amended to

2  read as follows:

3      (a)  A voter who does not present a voter registration

4  certificate when offering to vote, but whose name is on the list of

5  registered voters for the precinct in which the voter is offering to

6  vote, shall be accepted for voting if the voter executes an

7  affidavit stating that the voter does not have the voter's voter

8  registration certificate in the voter's possession at the polling

9  place at the time of offering to vote and the <u>voter's identity can</u>

10  <u>be verified from the proof presented</u> [<s>voter presents proof of</s>

11  <s>identification in a form described by Section 63.0101</s>];

12      SECTION 11.  Section 63.0101, Election Code, is amended to

13  read as follows:

14      Sec. 63.0101.  DOCUMENTATION OF PROOF OF IDENTIFICATION.

15  <u>(a)</u> The following documentation is <u>an</u> acceptable <u>form</u> [<s>as proof</s>] of

16  <u>photo</u> identification under this chapter:

17      (1)  a driver's license or personal identification card

18  issued to the person by the Department of Public Safety <u>that has not</u>

19  <u>expired or that expired no earlier than two years before the date of</u>

20  <u>presentation</u> [<s>or a similar document issued to the person by an</s>

21  <s>agency of another state, regardless of whether the license or card</s>

22  <s>has expired</s>];

23      (2)  a <u>United States military identification card that</u>

24  <u>contains the person's photograph</u> [<s>form of identification</s>

25  <s>containing the person's photograph that establishes the person's</s>

26  <s>identity</s>];

27      (3)  a <u>valid employee identification card that contains</u>

JA_008135

USA_00023017

1   the person's photograph and is issued by an employer of the person

2   in   the   ordinary   course   of   the   employer's   business   [birth

3   certificate or other document confirming birth that is admissible

4   in a court of law and establishes the person's identity];

5              (4)   a United States citizenship certificate [papers]

6   issued to the person that contains the person's photograph;

7              (5)   a United States passport issued to the person;

8              (6)   a student identification card issued by a public

9   or private institution of higher education located in the United

10  States   that   contains   the   person's   photograph   [official   mail

11  addressed to the person by name from a governmental entity];

12             (7)   a license to carry a concealed handgun issued to

13  the person by the Department of Public Safety; or

14             (8)   a   valid   identification   card   that   contains   the

15  person's photograph and is issued by:

16                  (A)   an   agency   or   institution   of   the   federal

17  government; or

18                  (B)   an   agency,   institution,   or   political

19  subdivision of this state.

20       (b)   The following documentation is acceptable as proof of

21  identification under this chapter:

22             (1)   a copy of a current utility bill, bank statement,

23  government check, paycheck, or other government document that shows

24  the name and address of the voter;

25             (2)   official mail addressed to the person by name from

26  a governmental entity;

27                  (3)   a certified copy of a birth certificate or other

JA_008136

USA_00023018

1    document confirming birth that is admissible in a court of law and

2    establishes the person's identity;

3            (4)    United States citizenship papers issued to the

4    person;

5            (5)    an original or certified copy of the person's

6    marriage license or divorce decree;

7            (6)    court records of the person's adoption, name

8    change, or sex change;

9            (7)    an identification card issued to the person by a

10   governmental entity of this state or the United States for the

11   purpose of obtaining public benefits, including veteran's

12   benefits, Medicaid, or Medicare;

13           (8)    a temporary driving permit issued to the person by

14   the Department of Public Safety;

15           (9)    a pilot's license issued to the person by the

16   Federal Aviation Administration or another authorized agency of the

17   United States;

18           (10)   a library card that contains the person's name

19   issued to the person by a public library located in this state; or

20           (11)   a hunting or fishing license issued to a person by

21   the Parks and Wildlife Department [or

22           [(8)   any other form of identification prescribed by

23   the secretary of state].

24   SECTION 12.  Section 63.011(a), Election Code, is amended to

25   read as follows:

26   (a)  A person to whom Section 63.001(g), 63.008(b), or

27   63.009(a) applies may cast a provisional ballot if the person

11

USA_00023019

1  executes an affidavit stating that the person:

2           (1)  is a registered voter in the precinct in which the

3  person seeks to vote; and

4           (2)  is eligible to vote in the election.

5       SECTION 13.  Section  521.422,  Transportation  Code,  is

6  amended by amending Subsection (a) and adding Subsection (d) to

7  read as follows:

8       (a)  Except as provided by Subsection (d), the [The] fee for

9  a personal identification certificate is:

10           (1)  $15 for a person under 60 years of age;

11           (2)  $5 for a person 60 years of age or older; and

12           (3)  $20  for  a  person  subject  to  the  registration

13  requirements under Chapter 62, Code of Criminal Procedure.

14      (d)  The department may not collect a fee for a personal

15  identification certificate issued to a person who states that the

16  person is obtaining the personal identification certificate for the

17  sole purpose of satisfying Section 63.001(b)(1), Election Code,

18  and:

19           (1)  who is a registered voter  in this  state  and

20  presents a valid voter registration certificate; or

21           (2)  who is eligible for registration under Section

22  13.001, Election Code, and submits a registration application to

23  the department.

24      SECTION 14.  The  voter  registrar  of  each  county  shall

25  provide notice of the change in identification requirements for

26  voting  contained  in  this  Act  with  each  voter  registration

27  certificate or renewal registration certificate issued on or before

USA_00023020

H.B. No. 218

1   September 1, 2008.  The secretary of state shall prescribe the form

2   of the notice required under this section.

3        SECTION 15.  This Act takes effect September 1, 2007.

13

USA_00023021

**LEGISLATIVE BUDGET BOARD**
**Austin, Texas**

**FISCAL NOTE, 80TH LEGISLATIVE REGULAR SESSION**

**April 29, 2007**

**TO:** Honorable Robert Duncan, Chair, Senate Committee on State Affairs

**FROM:** John S. O'Brien, Director, Legislative Budget Board

**IN RE: HB218** by Brown, Betty (Relating to requiring a voter to present proof of identification.), **As Engrossed**

---

**Estimated Two-year Net Impact to General Revenue Related Funds** for HB218, As Engrossed: an impact of $0 through the biennium ending August 31, 2009.

---

**General Revenue-Related Funds, Five-Year Impact:**

| Fiscal Year | Probable Net Positive/(Negative) Impact to General Revenue Related Funds |
|---|---|
| 2008 | $0 |
| 2009 | $0 |
| 2010 | $0 |
| 2011 | $0 |
| 2012 | $0 |

**All Funds, Five-Year Impact:**

| Fiscal Year | Probable Revenue Gain/(Loss) from *TEXAS MOBILITY FUND* 365 |
|---|---|
| 2008 | ($671,110) |
| 2009 | ($671,110) |
| 2010 | ($671,110) |
| 2011 | ($671,110) |
| 2012 | ($671,110) |

**Fiscal Analysis**

The bill would amend Chapter 13 of the Election Code to require changes be made to the voter registration application form.

The bill would amend Chapter 63 of the Election Code to require a voter to present qualifying identification, as described in the bill, in addition to a voter's registration certificate. The requirement would not apply to individuals 80 years of age or older who presented their voter registration certificate. The presiding election judge would be required to prominently post notices of the list of acceptable forms of identification outside each polling location. The voter registrar of each county would be required to provide notice of the changes in identification requirements with each voter registration certificate or renewal registration certificate issued on or before September 1, 2008.

As soon as practicable after the effective date of the bill, the Secretary of State would be required to adopt training standards and develop training materials related to the changes in the acceptance and

USA_00023022

handling of identification presented by a voter; and each county clerk would be required to provide a training session using those standards and materials.

The bill would amend Chapter 521 of the Transportation Code to prohibit the Texas Department of Public Safety (DPS) from collecting a fee for a personal identification certificate issued to a person who states that the person is obtaining the certificate for the sole purpose of satisfying the identification requirement that would be imposed by the bill, and the person is a registered voter in the state or is eligible for registration and submits a registration application to DPS.

The bill would take effect September 1, 2007.

Analysis by the Secretary of State indicates costs associated with changing and printing forms and creating new training materials and requirements could be absorbed using existing resources.

This analysis estimates that the provision of the bill that would exempt certain applicants from payment for an identification card would result in an annual revenue loss of $671,110 each fiscal year out of the Texas Mobility Fund.

**Methodology**

Out of the nearly 4.1 million identification card holders in the Texas driver license file, there are 536,888 identification card holders who have indicated they are a registered voter. DPS does not know how many of those card holders would choose to use their identification card solely as voter identification; therefore, DPS assumed 100 percent of those 536,888 card holders would use the card for voting purposes only. The fee that would be waived ranges from $5 to $20, depending on certain criteria. DPS assumed the $15 fee would apply to 100 percent of the persons seeking an identification card for voting purposes. This analysis assumes 50 percent of the identification card holders would seek their card solely as voter identification.

If the fee were to be waived for 50 percent all 536,888 persons applying for a renewal of their identification card totaling 268,444 persons, the estimated revenue loss for the Texas Mobility Fund over a six-year renewal period would be more than $4.0 million (268,444 x $15 = $4,026,660), which calculates to an annual revenue loss of approximately $0.7 million ($4,026,660 / 6 = $671,110).

The revenue loss could be lower if fewer people than the 50 percent assumption who currently indicate they are a registered voter on their identification card state that the card would be used solely as voter identification, or it could be higher if all other identification card holders were to state when renewing that the card would be used solely for voter identification.

**Technology**

DPS would incur technology costs for reprogramming the Driver License System, but it is assumed those costs could be absorbed within existing resources.

**Local Government Impact**

The costs to counties would vary depending on the number of polling places for which signs must be posted, the number of election workers to be trained, and the number of registered voters to be notified of identification changes. However, no significant fiscal implication to units of local government is anticipated.

**Source Agencies:**   304 Comptroller of Public Accounts, 307 Secretary of State, 405 Department of Public Safety
**LBB Staff:** JOB, KJG, GG, DB, LG

USA_00023023

PL092
9/2/2014
2:13-cv-00193

# BILL ANALYSIS

Senate Research Center

H.B. 218
By: Brown, Betty et al. (Fraser)
State Affairs
4/28/2007
Engrossed

## AUTHOR'S / SPONSOR'S STATEMENT OF INTENT

Under current law, voters are only required to present a voter registration certificate to a poll worker to vote in a regular election. While this practice attempts to ensure that only registered voters receive a ballot on Election Day, it leaves a potential loophole for fraud, as individuals are not required to show identification to register to vote. As a result, it is possible for an unscrupulous individual to submit several falsified voter registration applications and to receive the voter registration certificates for those applications. Requiring verification of an individual's identity at the polling place, in addition to the voter registration certificate, may lessen the chance of such fraud occurring.

H.B. 218 requires that a voter present proof of identification when offering to vote.

## RULEMAKING AUTHORITY

This bill does not expressly grant any additional rulemaking authority to a state officer, institution, or agency.

## SECTION BY SECTION ANALYSIS

SECTION 1. Amends Section 13.122(a), Election Code, to include a space or box for indicating whether the applicant for voter registration has served in the active military, naval, or air service, was discharged or released from the service under conditions other than dishonorable, and incurred or aggravated an injury during that service (service-disabled veteran), and to include a space or box for indicating whether the applicant is a widow or widower of a person who served in active military, naval, or air service (military widow or widower), in addition to the other statements and spaces for entering information that are required to appear on a voter registration application form. Makes conforming changes.

SECTION 2. Amends Section 15.001(a), Election Code, to include an indication on a voter registration certificate that the voter is a service-disabled veteran or a military widow or widower. Makes a conforming change.

SECTION 3. Amends Section 32.111, Election Code, by adding Subsection (c) to require the training standards adopted under Subsection (a) of this section (Training Standards for Election Judges) to include provisions on the acceptance and handling of the identification presented by a voter to an election officer under Section 63.001 (Regular Procedure for Accepting Voter), Election Code.

SECTION 4. Amends Section 32.114(a), Election Code, to require each election clerk to complete the part of the training program relating to the acceptance and handling of the identification presented by a voter to an election official under Section 63.001.

SECTION 5. Requires the secretary of state to adopt the training standards and develop the training materials required, and for the county clerk of each county to provide a session of training under Section 32.114 (Public County Training Program), Election Code, using the standards adopted and the materials developed, as soon as practicable after the effective date of this act to implement the change in law made by this Act to Section 32.111, Election Code.

SECTION 6. Amends Chapter 62, Election Code, by adding Section 62.016, as follows:

SRC-JTR H.B. 218 80(R)

Page 1 of 3

USA_00023024

Sec. 62.016. NOTICE OF ACCEPTABLE IDENTIFICATION OUTSIDE POLLING PLACES. Requires the presiding judge to post a list of the acceptable forms of photographic and nonphotographic identification in a prominent place on the outside of each polling location. Requires the notice and list to be printed in at least 24-point font.

SECTION 7. Amends Section 63.001, Election Code, by amending Subsections (b), (c), (d), and (f), and adding Subsections (g) through (k), as follows:

(b) Requires a voter to present to an election officer the voter's voter registration certificate at the polling place and, except as provided by Subsection (j) or (k), one form of identification listed in Section 63.101(a) (relating to certain acceptable forms of photo identification) or two different forms of identification listed in Section 63.101(b) (regarding certain documentation considered acceptable as proof of identification).

(c) Deletes existing text referring to a registration certificate and replaces it with text referring to the documentation required by Subsection (b).

(d) Requires the voter to be accepted for voting if the voter's name is on the precinct list of registered voters and the voter's identity can be verified from the proof presented.

(f) Makes a conforming change.

(g) Authorizes the acceptance of a voter for provisional voting only under Section 63.011 (Provisional Voting), Election Code, if the requirements for identification prescribed by Subsection (b) are not met. Requires an election officer to inform a voter who is not accepted for voting under this section of the voter's right to cast a provisional ballot under that section.

(h) Provides that the requirements for identification prescribed by Subsection (b) do not apply to a voter who presents the voter's voter registration certificate on offering to vote and is 80 years of age or older as indicated by the date of birth on the voter's voter registration certificate.

(i) Sets forth certain provisions for voting in a precinct located in a county that the governor proclaimed to be in a state of disaster due to a weather related event, notwithstanding Subsection (b), (c), (d), or (g).

(j) Provides that a voter who presents a voter registration certificate that indicates the voter is a service-disabled veteran is not required to provide any identification in addition to that certificate.

(k) Provides that a voter who presents a voter registration certificate that indicates the voter is a military widow or widower is not required to provide any identification in addition to that certificate.

SECTION 8. Amends Section 63.006(a), Election Code, to require that a voter whose registration certificate indicates that the voter is currently registered in the percent in which the voter is offering to vote, but whose name is not on the precinct list of registered voters, be accepted for voting if the voter's identity can be verified from the proof presented.

SECTION 9. Amends Section 63.007(a), Election Code, to make a conforming change.

SECTION 10. Amends Section 63.008(a), Election Code, to require that a voter who does not present a voter registration certificate when offering to vote, but whose name is on the list of registered voters for the precinct, be accepted for voting if the voter executes an affidavit stating that the voter does not have the voter's voter registration certificate in the voter's possession at the polling place at the time of offering to vote and the voter's identity can be verified from the proof presented, rather than if the voter presents proof of identification in a form described by Section 63.0101.

SECTION 11. Amends Section 63.0101, Election Code, as follows:

SRC-JTR H.B. 218 80(R)                                                    Page 2 of 3

USA_00023025

Sec. 63.0101. DOCUMENTATION OF PROOF OF IDENTIFICATION. (a) Creates this subsection from existing text. Sets forth certain documentation that constitutes an acceptable form of photo identification, rather than proof of identification, under this chapter (Accepting Voter).

(b) Sets forth certain documentation that constitutes acceptable proof of identification under this chapter.

SECTION 12. Amends Section 63.011(a), Election Code, to include a person to whom Section 63.001(g) applies as a person who is authorized to cast a provisional ballot if the person executes an affidavit with certain statements.

SECTION 13. Amends Section 521.422, Transportation Code, by amending Subsection (a) and adding Subsection (d), as follows:

(a) Sets forth certain fees for the issuance of a personal identification certificate, except as provided by Subsection (d).

(d) Prohibits the Texas Department of Transportation from collecting a fee for a personal identification certificate to a person who states the that the person is obtaining said certificate for the sole purpose of satisfying Section 63.001(b)(1), Election Code, and who meets other certain criteria.

SECTION 14. Requires the voter registrar of each county to provide notice of the change in identification requirements of voting contained in this Act with each voter registration certificate or renewal registration certificate issued on or before September 1, 2008. Requires the secretary of state to prescribe the form of such a notice.

SECTION 15. Effective date: September 1, 2007.

USA_00023026

** REVISION **

**SENATE**

**NOTICE OF PUBLIC HEARING**

COMMITTEE:        State Affairs

TIME & DATE:      9:00 AM, Monday, April 30, 2007

PLACE:            Senate Chamber

CHAIR:            Senator Robert Duncan

---

Bills to be considered:

SB 1143    Deuell
Relating to prohibiting certain ranking of physicians by health
benefit plans.

SB 1613    Duncan
Relating to the immunity from individual liability of directors
of soil and water conservation districts.

SB 2037    Ogden
Relating to the ability of the attorney general to offer
assistance to a prosecuting attorney.

SB 2040    Jackson, Mike
Relating to coverage for bariatric surgical procedures for
certain state employees.

HB 41      Paxton                        SP: Seliger
Relating to the confidentiality of home address information of
certain federal judges and their spouses and of certain state
judges.

HB 218     Brown, Betty / et al.       SP: Fraser
Relating to requiring a voter to present proof of
identification.

HB 991     Rose / et al.                SP: Deuell
Relating to the confidentiality of certain records maintained
by the Department of Public Safety regarding persons licensed

JA_008145

USA_00023027

to carry a concealed handgun.

<u>HB 1602</u>     Van Arsdale / et al.        SP: Fraser
Relating to venue in civil actions under the Jones Act.

<u>HB 2004</u>     Giddings                 SP: Lucio
Relating to requiring that a doctor who reviews a workers'
compensation case be certified in a professional specialty
appropriate to the care received by the injured employee.

<u>HJR 59</u>     Elkins / et al.           SP: Wentworth
Proposing a constitutional amendment to allow the legislature
to override a veto of the governor following a legislative
session.

Pending Bills

<u>SB 700</u>     Lucio
Relating to state agency rules affecting small businesses.

_____

...............................................................

_____

<u>SB 730</u>     Carona / et al.
Relating to a study concerning maximum lifetime benefit limits
under health benefit plan coverage applicable to hemophilia-
related services, supplies, pharmaceuticals, and biologics.

_____

Bills added after last posting:
<u>HB 41</u>
<u>SB 700</u>
<u>SB 730</u>
     ** See Committee Coordinator for previous versions of the
                         schedule **

USA_00023028

**PL094**
**9/2/2014**
**2:13-cv-00193**

## MINUTES
## SENATE COMMITTEE ON STATE AFFAIRS
Monday, April 30, 2007
9:00 a.m.
Senate Chamber

\*\*\*\*\*

Pursuant to a notice posted in accordance with Senate Rule 11.18, a public hearing of the Senate Committee on State Affairs was held on Monday, April 30, 2007, in the Senate Chamber in Austin, Texas.

\*\*\*\*\*

**MEMBERS PRESENT:**
Senator Robert Duncan
Senator Tommy Williams
Senator John Carona
Senator Rodney Ellis
Senator Troy Fraser
Senator Chris Harris
Senator Mike Jackson
Senator Eddie Lucio, Jr.
Senator Leticia Van de Putte

\*\*\*\*\*

The chair called the meeting to order at 9:05 a.m. The following business was transacted:

The chair laid out HB 41 and recognized the Senate sponsor, Senator Seliger, to explain the bill. Senator Fraser sent up a committee substitute; the chair recognized Senator Seliger to explain the difference between the committee substitute and the house bill as engrossed. Senator Duncan sent up Committee Amendment 1 to HB 41. Witnesses registering on the bill are shown on the attached list. The chair moved that the public testimony be closed; without objection, it was so ordered. The chair moved that HB 41 be left pending to await a quorum; without objection, it was so ordered.

The chair laid out SB 1143 and recognized the author, Senator Deuell, to explain the bill. Senator Fraser sent up a committee substitute; the chair recognized Senator Deuell to explain the difference between the committee substitute and the senate bill as filed. Witnesses testifying and registering on the bill are shown on the attached list. The

USA_00023029

chair moved that the public testimony be closed; without objection, it was so ordered. The chair moved that SB 1143 be left pending; without objection, it was so ordered.

The chair laid out HB 991 and recognized the Senate sponsor, Senator Deuell, to explain the bill. Witnesses testifying and registering on the bill are shown on the attached list. The chair moved that the public testimony be closed; without objection, it was so ordered. The chair moved that HB 991 be left pending; without objection, it was so ordered.

The chair laid out SB 2040 and recognized the author, Senator Jackson, to explain the bill. Senator Jackson sent up a committee substitute; the chair recognized Senator Jackson to explain the difference between the committee substitute and the senate bill as filed.

At 9:53 a.m. Senator Fraser assumed the chair.

At 9:54 a.m. Senator Duncan resumed the chair.

Witnesses testifying and registering on the bill are shown on the attached list. The chair moved that the public testimony be closed; without objection, it was so ordered. The chair moved that SB 2040 be left pending; without objection, it was so ordered.

The chair laid out HB 218 and recognized the Senate sponsor, Senator Fraser, to explain the bill. Senator Fraser sent up a committee substitute; the chair recognized Senator Fraser to explain the difference between the committee substitute and the house bill as engrossed. Witnesses testifying and registering on the bill are shown on the attached list.

Upon arrival of a quorum, the chair requested the roll call. Senators Duncan, Ellis, Fraser, Lucio, Jr., and Van de Putte were all present. A quorum was established at 11:19 a.m. Senators Williams and Carona arrived after the roll call.

The chair moved that the public testimony be closed; without objection, it was so ordered. The chair moved that HB 218 be left pending; without objection, it was so ordered.

The chair laid out HB 2004 and recognized the Senate sponsor, Senator Lucio, Jr., to explain the bill. Witnesses testifying and registering on the bill are shown on the attached list. The chair moved that the public testimony be closed; without objection, it was so ordered. Senator Duncan sent up Committee Amendment 1. The chair moved that HB 2004 be left pending; without objection, it was so ordered.

The chair laid out HJR 59 and recognized the Senate sponsor, Senator Wentworth, to explain the bill. Senator Lucio, Jr. sent up a committee substitute; the chair recognized Senator Wentworth to explain the difference between the committee substitute and the house bill as engrossed. With no witnesses registering the chair moved public testimony

USA_00023030

be closed; without objection, it was so ordered. The chair moved that HJR 59 be left pending; without objection, it was so ordered.

At 1:00 p.m. the chair moved that the committee stand recessed until after adjournment of the Senate; without objection, it was so ordered.

At 6:49 p.m. the committee reconvened.

The chair laid out SB 2037 and recognized Senator Williams, in the absence of the author, to explain the bill. Senator Williams sent up a committee substitute; the chair recognized Senator Williams to explain the difference between the committee substitute and the senate bill as filed. Senator Williams moved adoption of the committee substitute; without objection, it was so ordered. Witnesses registering on the bill are shown on the attached list. The chair moved public testimony be closed; without objection, it was so ordered. The chair moved that SB 2037 be left pending; without objection, it was so ordered.

At 6:55 p.m. Senator Williams assumed the chair.

The chair laid out SB 1613 and recognized the author, Senator Duncan, to explain the bill. Senator Duncan sent up a committee substitute; the chair recognized Senator Duncan to explain the difference between the committee substitute and the senate bill as filed. Senator Duncan moved adoption of the committee substitute; without objection, it was so ordered. Witnesses testifying and registering on the bill are shown on the attached list. The chair moved that the public testimony be closed; without objection, it was so ordered. The chair moved that SB 1613 be left pending; without objection, it was so ordered.

At 7:02 p.m. Senator Duncan resumed the chair.

Upon arrival of a quorum, the chair requested the roll call. Senators Duncan, Williams, Fraser, Harris, Jackson, and Van de Putte were all present. A quorum was established at 7:02 p.m. Senators Carona, Ellis, and Lucio, Jr., arrived after the roll call.

At 7:03 p.m. Senator Williams assumed the chair.

The chair laid out as a matter of pending business SB 1613. Senator Duncan moved that SB 1613 do not pass but that CSSB 1613 be reported back to the Senate with the recommendation that it do pass and be printed. The motion carried with a record vote of 9 ayes, 0 nays, 0 present not voting, and 0 absent. Senator Duncan moved that the bill be recommended for placement on the Local & Uncontested Calendar; without objection, it was so ordered. Senators Carona, Ellis, and Lucio, Jr., requested unanimous consent to be shown voting AYE on SB 1613; without objection, it was so ordered.

At 7:04 p.m. Senator Duncan resumed the chair.

USA_00023031

The chair laid out as a matter of pending business SB 2037.  Senator Williams moved that SB 2037 do not pass but that CSSB 2037 be reported back to the Senate with the recommendation that it do pass and be printed.  The motion carried with a record vote of 9 ayes, 0 nays, 0 present not voting, and 0 absent.  Senator Williams moved that the bill be recommended for placement on the Local & Uncontested Calendar; without objection, it was so ordered.  Senators Carona and Lucio, Jr. requested unanimous consent to be shown voting AYE on SB 2037; without objection, it was so ordered.

The chair laid out as a matter of pending business SB 2040.  Senator Jackson moved adoption of the committee substitute; without objection, it was so ordered.  Senator Jackson moved that SB 2040 do not pass but that CSSB 2040 be reported back to the Senate with the recommendation that it do pass and be printed.  The motion carried with a record vote of 9 ayes, 0 nays, 0 present not voting, and 0 absent. Senator Jackson moved that the bill be recommended for placement on the Local & Uncontested Calendar; without objection, it was so ordered.  Senators Carona and Lucio, Jr., requested unanimous consent to be shown voting AYE on SB 2040; without objection, it was so ordered.

The chair laid out as a matter of pending business HB 41.  The chair moved adoption of Committee Amendment 1 to HB 41; without objection, it was so ordered.  Senator Fraser requested unanimous consent to roll the amendment into a committee substitute; without objection, it was so ordered.  Senator Fraser then moved that the committee substitute be adopted; without objection, it was so ordered.  Senator Fraser moved that HB 41 do not pass but that CSHB 41 be reported back to the Senate with the recommendation that it do pass and be printed.  The motion carried with a record vote of 9 ayes, 0 nays, 0 present not voting, and 0 absent. Senator Fraser moved that the bill be recommended for placement on the Local & Uncontested Calendar; without objection, it was so ordered.  Senators Carona and Lucio, Jr., requested unanimous consent to be shown voting AYE on HB 41; without objection, it was so ordered.

The chair laid out as a matter of pending business HB 218.  Senator Fraser withdrew the previously offered substitute.  Senator Fraser sent up a new committee substitute; the chair recognized Senator Fraser to explain the difference between the committee substitute and the senate bill as filed.  Senator Fraser moved adoption of the committee substitute; without objection, it was so ordered.  Senator Fraser moved that HB 218 do not pass but that CSHB 218 be reported back to the Senate with the recommendation that it do pass and be printed.  The motion carried with a record vote of 6 ayes, 3 nays, 0 present not voting, and 0 absent.   Senator Lucio, Jr., requested unanimous consent to be show voting NAY on HB 218; without objection, it was so ordered.

The chair laid out as a matter of pending business HB 991.  Senator Williams moved that HB 991 be reported favorably to the Senate with the recommendation that it do pass and be printed.  The motion carried with a record vote of 7 ayes, 2 nays, 0 present not voting, and 0 absent.  Senator Lucio, Jr. requested unanimous consent to be shown voting AYE on HB 991; without objection, it was so ordered.

USA_00023032

The chair laid out as a matter of pending business HB 2004.

 At 7:13 p.m. Senator Williams assumed the chair.

Senator Duncan moved adoption of Committee Amendment 1 to HB 2004; without objection, it was so ordered. Senator Lucio, Jr., sent up Committee Amendment 2 to HB 2004.  Senator Duncan moved that HB 2004 be left pending; without objection, it was so ordered.

At 7:16 p.m. Senator Duncan resumed the chair.

The chair laid out as a matter of pending business SB 700 and recognized the author, Senator Lucio, Jr., to explain the bill.  Senator Lucio, Jr., withdrew previously offered Committee Amendment 1 to SB 700.  Senator Lucio, Jr. sent up Committee Amendment 2 to SB 700 and moved adoption; without objection, the amendment was adopted.  Senator Lucio, Jr. requested unanimous consent to roll the amendment into a committee substitute; without objection, it was so ordered.  Senator Lucio, Jr. then moved that the committee substitute be adopted; without objection, it was so ordered.  Senator Lucio, Jr. moved that SB 700 do not pass but that CSSB 700 be reported back to the Senate with the recommendation that it do pass and be printed.  The motion carried with a record vote of 9 ayes, 0 nays, 0 present not voting, and 0 absent.

The chair laid out as a matter of pending business SB 730 and recognized the author, Senator Carona, to explain the bill.  SB 730 had previously been heard in Subcommittee and reported back to the full Committee with the recommendation that it do pass.  Senator Carona moved that SB 700 be reported favorably to the Senate with the recommendation that it do pass and be printed.  The motion carried with a record vote of 9 ayes, 0 nays, 0 present not voting, and 0 absent.  Senator Carona moved that the bill be recommended for placement on the Local & Uncontested Calendar; without objection, it was so ordered.

The chair laid out as a matter of pending business SB 922.  Senator Lucio, Jr., moved adoption of the previously offered committee substitute; without objection, it was so ordered.  Senator Lucio, Jr. moved that SB 922 do not pass but that CSSB 922 be reported back to the Senate with the recommendation that it do pass and be printed.  The motion carried with a record vote of 9 ayes, 0 nays, 0 present not voting, and 0 absent.

The chair laid out as a matter of pending business HB 2004.  Senator Lucio, Jr. withdrew Committee Amendment 2 to HB 2004.  Senator Lucio, Jr. requested unanimous consent to roll Committee Amendment 1 to HB 2004 into a committee substitute; without objection, it was so ordered.  Senator Lucio, Jr. then moved that the committee substitute be adopted; without objection, it was so ordered.  Senator Lucio, Jr. moved that HB 2004 do not pass but that CSHB 2004 be reported back to the Senate with the recommendation that it do pass and be printed.  The motion carried with a record vote of 9 ayes, 0 nays, 0 present not voting, and 0 absent.

USA_00023033

The chair laid out HB 1602 and recognized the Senate sponsor, Senator Fraser, to explain the bill. Senator Fraser sent up a committee substitute; the chair recognized Senator Fraser to explain the difference between the committee substitute and the house bill as engrossed. Witnesses testifying and registering on the bill are shown on the attached list. The chair moved that the public testimony be closed; without objection, it was so ordered.

During witness testimony Senators Carona and Jackson assumed the chair temporarily for Senator Duncan.

The chair moved that HB 1602 be left pending; without objection, it was so ordered.

There being no further business, at 10:21 p.m. the chair moved that the Committee stand recessed subject to the call of the chair. Without objection, it was so ordered.


_____
Senator Robert Duncan, Chair


_____
Anna Beth White, Clerk

USA_00023034

PL095
9/2/2014
2:13-cv-00193

WITNESS LIST

State Affairs
April 30, 2007 - 09:00 AM


HB  41
    Registering, but not testifying:
    On:
            Reynolds, Carl    (Office of Court Administration, Texas Judicial
            Council),  Austin, TX
HB  218
    FOR:
            Forest, Rebecca    (Immigration Reform Coalition of Texas),  Austin, TX
            Galloway, Carolyn    (Texas Eagle Forum, Citizens for Immigration
            Reform),  Dallas, TX
    AGAINST:
            Carvell, Helen    (Self),  Austin, TX
            Courage, John    (True Courage Action Network),  Austin, TX
            Figueroa, Luis    (Mexican American Legal Defense and Educational
            Fund),  San Antonio, TX
            Garza, Jose    (LULAC),  San Antonio, TX
            Korbel, George    (Self),  San Antonio, TX
            McCloskey, Amanda    (AARP - Texas),  Austin, TX
            Perkins, Deena    (Self),  Austin, TX
            Sanchez, David    (Cameron County Democratic Party),  Harlingen, TX
            Santana, Sonia    (ACLU - Texas)
            Wood, Buck    (Self),  Austin, TX
    ON:
            Hanshaw Winn, Elizabeth    (Secretary of State),  Austin, TX
            McGeehan, Ann    (Office of Texas Secretary of State),  Austin, TX
    Registering, but not testifying:
    For:
            Connett, Brent    (Texas Conservative Coalition),  Austin, TX
            Galloway, Bruce C.    (Self),  Dallas, TX
    Against:
            Arterburn, David    (United Transportation),  Amarillo, TX


JA_008153

USA_00023035

Bailey, Ken    (Texas Democratic Party),  Austin, TX

Borel, Dennis    (Coalition of Texans with Disabilities),  Austin, TX

Cunningham, Michael    (Texas Building and Construction Trades Council, AFL-CIO),  Austin, TX

English Jr., C.M.    (United Transportation Union),  Austin, TX

Harrell, Will    (NAACP),  Austin, TX

Hill, Dr. Forest G.    (Self),  Austin, TX

Lehmann, Mary    (Self),  Austin, TX

Littles, Paula    (Texas AFLCIO),  Austin, TX

Medley, Lee    (District Council of United Steelworkers),  Santa Fe, TX

Moorhead, Bee    (Texas Impact),  Austin, TX

Neavel, Nancy T.    (Self),  Austin, TX

Parken, Judy    (Self),  Austin, TX

Privett, Anita    (Self),  Austin, TX

Sperry, Teri    (True Courage Action Network),  Austin, TX

Providing written testimony:

Against:

Arthur, Joy    (People for the American Way),  Austin, TX

Banks, Yannis    (Texas Conference of NAACP Branches),  San Marcos, TX

Finch, Mary    (The League of Women Voters of Texas),  Austin, TX

HB 991

FOR:

Tripp, Alice    (Texas State Rifle Association),  Paige, TX

Registering, but not testifying:

For:

Mica, Tara    (National Rifle Association),  Austin, TX

Against:

Schneider, Michael    (Texas Association of Broadcasters),  Austin, TX

Whalen, Ken    (Texas Daily Newspaper Association, Texas Press Association),  Austin, TX

HB 1602

FOR:

Boyd, Waymon    (King Fisher Marine Service, LP),  Port Lavaca, TX

Elizondo, Enrique    (Great Lakes D&D, LLC),  Bandera, TX

Forbes, Scott    (Port of Houston Authority),  Houston, TX

USA_00023036

       Hanson, Bill   (Maritime Jobs for Texas),  Houston, TX

       Hull, Mike   (Texans for Lawsuit Reform),  Austin, TX

       LaQuaz, Linda   (T.W. LaQuaz Dredging),  Port Lavaca, TX

       Lawrence, Berdon   (Kirby Corporation),  Houston, TX

       Patterson, Jerry   (Texas General Land Office),  Austin, TX

       Trabulsi, Jr., Richard J.   (Texans for Lawsuit Reform),  Austin, TX

       Weekley, Dick   (TLR),  Houston, TX

       Woodruff, Matt   (Texas Waterway Operators Association),  Houston, TX

AGAINST:

       Choate, Guy   (TTLA),  Austin, TX

       Plezia, Richard   (TTLA),  Houston, TX

ON:

       Bresnen, Steve   (TTLA),  Austin, TX

Registering, but not testifying:

For:

       Casals, Peter   (Lumbermen's Association of Texas),  Austin, TX

       Connett, Brent   (Texas Conservative Coalition),  Austin, TX

       Cornelison, Robert C.   (Texas Ports Association),  Los Fresnos, TX

       Fisher, Jon   (Sherwin Alumina Company),  Austin, TX

       Golemon, Kinnan   (Shell Oil Co.),  Austin, TX

       Green, Shelton   (Texas Association of Business),  Austin, TX

       Hastings, Debbie   (Texas Oil and Gas Association),  Austin, TX

       Howden, Robert   (Texas Association of Manufacturers),  Austin, TX

       Mathis, James   (Dupont),  Austin, TX

       McCauley, Cindy   (Lyondell Chemical),  Houston, TX

       Meroney, Mike   (The Huntsman Corporation),  Austin, TX

       Mintz, David   (Texas Apartment Association),  Austin, TX

       Moore, Julie W.   (Occidental Petroleum Corporation),  Austin, TX

       Newton, Will   (National Federation of Independent Business),  Austin, TX

       Olson, Kym   (El Paso Corp.),  Houston, TX

       Perryman, Larry   (Bay - Houston Towing Co.),  Friendswood, TX

       Sickels, Linda   (Trinity Ind. Inc.),  Austin, TX

       Strama, Keith   (Exxon Mobil),  Austin, TX

       Teichman, Rudy   (T&T Marine Salvage, Tug Josephine, T&T Offshore),  Galveston, TX

       Valdez, Jerry   (Greater Houston Partnership),  Austin, TX

USA_00023037

Whitehurst, Darren    (Texas Medical Association),  Austin, TX

Wisdom, Christina    (Texas Chemical Council),  Austin, TX

Against:

Arterburn, David    (United Transportation Union),  Amarillo, TX

Cunningham, Michael    (Texas Building and Construction Trades Council, AFL-CIO),  Austin, TX

English, Jr., C.M.    (United Transportation Union),  Austin, TX

Harvey, Jay    (Texas Trial Lawyers Association),  Austin, TX

House, Marc    (United Auto Workers),  Arlington, TX

Providing written testimony:

Against:

Bolton, Pamela J.    (Texas Watch),  Austin, TX

## HB 2004

FOR:

DeWitt, Cathy    (Texas Association of Business),  Austin, TX

Smith, M.D., Charlotte H.    (Texas Medical Association),  Austin, TX

AGAINST:

Smith, DO, Stephen L.    (Self),  Fredericksburg, TX

Registering, but not testifying:

For:

Arterburn, David    (United Transportation Union),  Amarillo, TX

Campbell, Ben    (TCA),  Dripping Springs, TX

Cunningham, Michael    (Texas Building and Construction Trades Council, AFL-CIO),  Austin, TX

English, Jr., C.M.    (United Transportation Union),  Austin, TX

House, Marc    (United Auto Workers),  Arlington, TX

Levy, Rick    (Texas AFL-CIO),  Austin, TX

On:

Lazaretti, Margaret    (Texas Department of Insurance),  Austin, TX

Watch, Brent    (Texas Department of Insurance, Division of Workers' Compensation),  Austin, TX

## SB 700

FOR:

Opiela, Eric    (Self),  Karnes City, TX

## SB 1143

FOR:

USA_00023038

Smith, M.D., Charlotte H.   (Texas Medical Association),  Austin, TX

AGAINST:

Wolfe, Jared   (Texas Association of Health Plans),  Austin, TX

Registering, but not testifying:

For:

Banning, Tom   (Texas Academy of Family Physicians),  Austin, TX

Kent, Chip   (Texas Chiropractic Association),  Austin, TX

Against:

Homer, Andrew   (Texas Public Employees Association),  Austin, TX

On:

Danzeisen, Doug   (Texas Department of Insurance),  Austin, TX

SB  1613

FOR:

Edmiston, Gene   (VOCA)

Richmond, Jule   (Association of Texas Soil and Water Conservation District),  Blanket, TX

Registering, but not testifying:

For:

Edmiston, Gene   (Self),  Voca, TX

Tate, Jesse   (McCulloch SWCD),  Brady, TX

Thompson, Jan   (Hays County Soil and Water Conservation),  Wimberley, TX

SB  2037

Registering, but not testifying:

On:

Nichols, Eric   (Office of the Attorney General),  Austin, TX

SB  2040

FOR:

Scott, Rona P.   (Self),  Kyle, TX

Sherrod, M.D., Mark R.   (Self),  Austin, TX

USA_00023039