PL102
9/2/2014
2:13-cv-00193

```
              ** REVISION **
         HOUSE OF REPRESENTATIVES
         NOTICE OF PUBLIC HEARING
```

COMMITTEE: Elections
SUBCOMMITTEE: Voter Verification

TIME & DATE:  2:00PM or upon final adjourn./recess
              Thursday, March 17, 2005

PLACE: E1.014

CHAIR: Rep. Dwayne Bohac

_____

HB 1269          Bohac
Relating to the manner in which a voter may make a change in the
voter's registration information.

HB 1293          Nixon
Relating to requiring a voter to present proof of identification.

HB 1382          Jones, Jesse
Relating to notice of cancellation of a voter's registration.

HB 1402          Kolkhorst
Relating to requiring a voter to present proof of identification.

HB 1706          Denny / et al.
Relating to requiring a voter to present proof of identification.

_____

BILLS DELETED AFTER LAST POSTING:

HB 1270

USA_00023423

PL103
9/2/2014
2:13-cv-00193

The House Committee on Elections
Subcommittee on Voter Verification
79th Legislature
March 17, 2005
2:00 p.m. or upon final adjourn./recess
Capitol Extension, E1.014

Pursuant to a notice posted on March 11, 2005, and revised on
March 15, 2005, the House Committee on Elections, Subcommittee
on Voter Verification, met in a public hearing and was called to
order by the chair, Representative Bohac, at 2:17 p.m.

Present:  Representatives Bohac; Anchia (2).

Absent:   Representative Hughes (1).

A quorum was present.

HB 1293

The chair laid out HB 1293.

The bill was left pending without objection.

HB 1402

The chair laid out HB 1402.

The chair recognized Representative Kolkhorst to explain the
measure.

(Representative Hughes now present.)

Testimony was taken.  (See attached witness list.)

The chair closed on the measure.

The bill was left pending without objection.

HB 1382

The chair laid out HB 1382.

Representative Hughes offered a complete committee substitute.

The chair recognized Representative Jones, Jesse to explain the
measure.

Testimony was taken.  (See attached witness list.)

The chair recognized Representative Jones, Jesse to close on the
measure.

 The committee substitute was withdrawn without objection.

The bill was left pending without objection.

USA_00023424

HB 1269

The chair laid out HB 1269 and explained the measure.

Testimony was taken. (See attached witness list.)

The chair closed on the measure.

The bill was left pending without objection.

HB 1706

The chair laid out HB 1706.

The chair recognized Representative Denny to explain the measure.

Testimony was taken. (See attached witness list.)

The chair recognized Representative Denny to close on the measure.

The bill was left pending without objection.

At 4:15 p.m., on the motion of the chair and without objection, the meeting was adjourned subject to the call of the chair.

_____
Rep. Bohac, Chair

_____
Noe Barrios, Clerk

2

USA_00023425

**PL104
9/2/2014
2:13-cv-00193**

WITNESS LIST

Elections Committee
(SUBCOMMITTEE ON Voter Verification)
March 17, 2005-2:00P

HB 1269
    For:       Borofsky, Cliff (Bexar County)
              Hammerlein, George (Harris County Tax Office)
              Woodford, Suzy (Common Cause Texas)
    Against:  Bailey, Ken (Self and Texas Democratic Party)
              Sherbet, Bruce (Self)
  Registering, but not testifying:
    For:       Alexander, Don (Self and Texas Association of Elections
                 Administrators)
    Against:  McAfee, Anne C. (Self)
    On:       Winn, Elizabeth (Sec. of State)

HB 1382
    For:       Alexander, Don (Self and Texas Association of Elections
                 Administrators)
              Bailey, Ken (Self and Texas Democratic Party)
              Borofsky, Cliff (Bexar County)
              Hammerlein, George (Paul Bettencourt, Harris County Tax
                 Office)
  Registering, but not testifying:
    For:       McAfee, Anne C. (Self)
              Woodford, Suzy (Common Cause Texas)
    On:       Winn, Elizabeth (Secretary of State)

HB 1382 - Committee Substitute (Hughes)
    For:       Sherbet, Bruce (Self)
  Registering, but not testifying:
    For:       Finch, Mary (League of Women Voters of Texas)

HB 1402
    Against:  Bailey, Ken (Self and Texas Democratic Party)
              Borofsky, Cliff (Bexar County)
              Brock, Alison (Unlock Your Vote Campaign)
              Littles, Paula (Texas AFL CIO)
    On:       Sherbet, Bruce (Self)
  Registering, but not testifying:
    For:       Alexander, Don (Self and Texas Association of Election
                 Administrators)
              Reilly, Frank (Republic Party of Texas)
    Against:  McAfee, Anne C. (Self)
              Perales, Nina (Mexican American Legal Defense and
                 Educational Fund, Inc.)
              Woodford, Suzy (Common Cause Texas)
    On:       McGeehan, Ann (TX Sec. State)

HB 1706
    For:       Alexander, Don (Self and Texas Association of Elections
                 Administrator)
              Hammerlein, George (Paul Bettencourt, Harris County Tax
                 Assessor Collector)

USA_00023426

```
            Reilly, Frank (Republican Party of Texas)
            Wallace, B.R. "Skipper" (Texas Republican County
                Chariman's Association- Legislative Comm.)
  Against:  Bailey, Ken (Self and Texas Democratic Party)
            Borofsky, Cliff (Bexar County)
            Perales, Nina (Mexican American Legal Defense and
                Educational Fund, Inc.)
            Vanhoose, Laurie (Advocacy Inc.)
            Woodford, Suzy (Common Cause TX)
  On:       McGeehan, Ann (TX SOS)
            Sherbet, Bruce (Self)
            Spinks, Margaret (Texas Department of Public
                Safety/Driver License Division)
Registering, but not testifying:
  Against:  Brock, Alison (Unlock Your Vote Campaign)
            Littles, Paula (Texas AFL-CIO)
            McAfee, Anne C. (Self)
  On:       Martinez, Germaine (TX Dept of Public Safety- Driver
                License Division)
```

USA_00023427

PL105
9/2/2014
2:13-cv-00193

By: Denny, Pitts, Woolley, Nixon, Bohac,                    H.B. No. 1706
et al.

Substitute the following for H.B. No. 1706:

By: Bohac                                                   C.S.H.B. No. 1706


A BILL TO BE ENTITLED

1                            AN ACT

2  relating to requiring a voter to present proof of identification.

3       BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

4       SECTION 1.  Section 63.001, Election Code, is amended by

5  amending Subsections (b), (c), (d), and (f) and adding Subsection

6  (g) to read as follows:

7           (b)  On offering to vote, a voter must present to an election

8  officer at the polling place the voter's voter registration

9  certificate and either:

10              (1)  one form of identification listed in Section

11  63.0101(a); or

12              (2)  two different forms of identification listed in

13  Section 63.0101(b) [to an election officer at the polling place].

14          (c)  On presentation of the documentation required by

15  Subsection (b) [a registration certificate], an election officer

16  shall determine whether the voter's name on the registration

17  certificate is on the list of registered voters for the precinct.

18          (d)  If the voter's name is on the precinct list of

19  registered voters and the voter's identity can be verified from the

20  proof presented, the voter shall be accepted for voting.

21          (f)  After determining whether to accept a voter, an election

22  officer shall return the voter's documentation [registration

23  certificate] to the voter.

24              (g)  If the requirements for identification prescribed by


79R14063 JRJ-D                        1

USA_00023428

C.S.H.B. No. 1706

1   Subsection (b)(1) or (2) are not met, the voter shall be accepted
2   for provisional voting only under Section 63.011.

3       SECTION 2.   Section 63.006(a), Election Code, is amended to
4   read as follows:

5       (a)   A voter who, when offering to vote, presents a voter
6   registration certificate indicating that the voter is currently
7   registered in the precinct in which the voter is offering to vote,
8   but whose name is not on the precinct list of registered voters,
9   shall be accepted for voting if the voter's identity can be verified
10  from the proof presented.

11      SECTION 3.   Section 63.007(a), Election Code, is amended to
12  read as follows:

13      (a)   A voter who, when offering to vote, presents a voter
14  registration certificate indicating that the voter is currently
15  registered in a different precinct from the one in which the voter
16  is offering to vote, and whose name is not on the precinct list of
17  registered voters, shall be accepted for voting if the voter's
18  identity can be verified from the proof presented and the voter
19  executes an affidavit stating that the voter:

20          (1)   is a resident of the precinct in which the voter is
21  offering to vote or is otherwise entitled by law to vote in that
22  precinct;

23          (2)   was a resident of the precinct in which the voter
24  is offering to vote at the time that information on the voter's
25  residence address was last provided to the voter registrar;

26          (3)   did not deliberately provide false information to
27  secure registration in a precinct in which the voter does not

JA_008547

USA_00023429

C.S.H.B. No. 1706

1    reside; and

2              (4)   is voting only once in the election.

3         SECTION 4.  Section 63.008(a), Election Code, is amended to

4    read as follows:

5         (a)  A voter who does not present a voter registration

6    certificate when offering to vote, but whose name is on the list of

7    registered voters for the precinct in which the voter is offering to

8    vote, shall be accepted for voting if the voter executes an

9    affidavit stating that the voter does not have the voter's voter

10   registration certificate in the voter's possession at the polling

11   place at the time of offering to vote and the voter's identity can

12   be verified from the proof presented [voter presents proof of

13   identification in a form described by Section 63.0101].

14        SECTION 5.  Section 63.0101, Election Code, is amended to

15   read as follows:

16        Sec. 63.0101.  DOCUMENTATION OF PROOF OF IDENTIFICATION.

17   (a) The following documentation is an acceptable form [as proof] of

18   photo identification under this chapter:

19             (1)  a driver's license or personal identification card

20   issued to the person by the Department of Public Safety that has not

21   expired or that expired no earlier than two years before the date of

22   presentation [or a similar document issued to the person by an

23   agency of another state, regardless of whether the license or card

24   has expired];

25             (2)  a United States military identification card that

26   contains the person's photograph [form of identification

27   containing the person's photograph that establishes the person's

3

USA_00023430

C.S.H.B. No. 1706

1    identity];

2              (3)  a valid employee identification card that contains

3    the person's photograph and is issued by an employer of the person

4    in  the  ordinary  course  of  the  employer's  business  [birth

5    certificate or other document confirming birth that is admissible

6    in a court of law and establishes the person's identity];

7              (4)  a United States citizenship certificate [papers]

8    issued to the person that contains the person's photograph;

9              (5)  a United States passport issued to the person;

10             (6)  a student identification card issued by a public

11   or private institution of higher education located in Texas that

12   contains the person's photograph [official mail addressed to the

13   person by name from a governmental entity]; or

14             (7)  a license to carry a concealed handgun issued to

15   the person by the Department of Public Safety.

16        (b)  The following documentation is acceptable as proof of

17   identification under this chapter:

18             (1)  a copy of a current utility bill, bank statement,

19   government check, paycheck, or other government document that shows

20   the name and address of the voter;

21             (2)  official mail addressed to the person by name from

22   a governmental entity;

23             (3)  a certified copy of a birth certificate or other

24   document confirming birth that is admissible in a court of law and

25   establishes the person's identity;

26             (4)  United States citizenship papers issued to the

27   person;

4

USA_00023431

C.S.H.B. No. 1706

1    (5) an original or certified copy of the person's

2 marriage license or divorce decree;

3    (6) court records of the person's adoption, name

4 change, or sex change;

5    (7) an identification card issued to the person by a

6 governmental entity of this state or the United States for the

7 purpose of obtaining public benefits, including veteran's

8 benefits, Medicaid, or Medicare;

9    (8) a temporary driving permit issued to the person by

10 the Department of Public Safety;

11    (9) a pilot's license issued to the person by the

12 Federal Aviation Administration or another authorized agency of the

13 United States;

14    (10) a library card that contains the person's name

15 issued to the person by a public library located in this state; or

16    (11) a hunting or fishing license issued to a person by

17 the Parks and Wildlife Department [or

18    [(8) any other form of identification prescribed by

19 the secretary of state].

20   SECTION 6. Sections 63.011(a) and (b), Election Code, are

21 amended to read as follows:

22   (a) A person to whom Section 63.001(g), 63.008(b), or

23 63.009(a) applies may cast a provisional ballot if the person

24 executes an affidavit stating that the person:

25    (1) is a registered voter in the precinct in which the

26 person seeks to vote; and

27    (2) is eligible to vote in the election.

USA_00023432

C.S.H.B. No. 1706

1    (b)  A form for the affidavit shall be printed on an envelope

2    in which the provisional ballot voted by the person may be placed

3    and must include a space for entering the identification number of

4    the provisional ballot voted by the person and a space for an

5    election officer to indicate whether the person presented proof of

6    identification as required by Section 63.001(b)(1) or (2).  The

7    affidavit form may include space for disclosure of any necessary

8    information to enable the person to register to vote under Chapter

9    13.   The secretary of state shall prescribe the form of the

10   affidavit under this section.

11   SECTION 7.  Section 65.054(b), Election Code, is amended to

12   read as follows:

13   (b)  A provisional ballot may be accepted only if:

14   (1)  the board determines that, from the information in

15   the affidavit or contained in public records, the person is

16   eligible to vote in the election; and

17   (2)  the voter presents proof of identification as

18   required by Section 63.001(b)(1) or (2):

19   (A)  at the time the ballot was cast; or

20   (B)  in the period prescribed under Section

21   65.0541.

22   SECTION 8.  Subchapter B, Chapter 65, Election Code, is

23   amended by adding Section 65.0541 to read as follows:

24   Sec. 65.0541.  PRESENTATION OF IDENTIFICATION FOR CERTAIN

25   PROVISIONAL BALLOTS.  (a)  A voter who is accepted for provisional

26   voting under Section 63.011 because the voter does not present

27   proof of identification as required by Section 63.001(b)(1) or (2)

6

JA_008551

USA_00023433

C.S.H.B. No. 1706

1    may present proof of identification to the voter registrar for

2    examination by the early voting ballot board not later than the

3    fifth day after the date of the election.

4         (b)  The secretary of state shall prescribe procedures as

5    necessary to implement this section.

6         SECTION 9.  Section 521.422, Transportation Code, is amended

7    by amending Subsection (a) and adding Subsection (d) to read as

8    follows:

9         (a)  Except as provided by Subsection (d), the [The] fee for

10   a personal identification certificate is:

11             (1)  $15 for a person under 60 years of age;

12             (2)  $5 for a person 60 years of age or older; and

13             (3)  $20 for a person subject to the registration

14   requirements under Chapter 62, Code of Criminal Procedure.

15        (d)  The department may not collect a fee for a personal

16   identification certificate issued to a person who executes an

17   affidavit stating that the person is financially unable to pay the

18   required fee and:

19             (1)  who is a registered voter in this state and

20   presents a valid voter registration certificate; or

21             (2)  who is eligible for registration under Section

22   13.001, Election Code, and submits a registration application to

23   the department.

24        SECTION 10.  This Act takes effect September 1, 2005.

7

USA_00023434

PL106
9/2/2014
2:13-cv-00193

# LEGISLATIVE BUDGET BOARD
## Austin, Texas

### FISCAL NOTE, 79TH LEGISLATIVE REGULAR SESSION
#### Revision 1

#### April 20, 2005

**TO:** Honorable Mary Denny, Chair, House Committee on Elections

**FROM:** John S. O'Brien, Deputy Director, Legislative Budget Board

**IN RE: HB1706** by Denny (Relating to requiring a voter to present proof of identification.),
**Committee Report 1st House, Substituted**

---

**Estimated Two-year Net Impact to General Revenue Related Funds** for HB1706, Committee Report 1st House, Substituted: an impact of $0 through the biennium ending August 31, 2007.

---

**General Revenue-Related Funds, Five-Year Impact:**

| Fiscal Year | Probable Net Positive/(Negative) Impact to General Revenue Related Funds |
|---|---|
| 2006 | $0 |
| 2007 | $0 |
| 2008 | $0 |
| 2009 | $0 |
| 2010 | $0 |

**All Funds, Five-Year Impact:**

| Fiscal Year | Probable Revenue (Loss) from *TEXAS MOBILITY FUND* 365 |
|---|---|
| 2006 | ($130,110) |
| 2007 | ($130,110) |
| 2008 | ($130,110) |
| 2009 | ($130,110) |
| 2010 | ($130,110) |

**Fiscal Analysis**

The bill amends Election Code to require a voter to present additional identification items in addition to the voter registration certificate and expands the current list of documentation acceptable as proof of identification for voting, including provisional voting. It also amends Transportation Code to allow the Department of Public Safety to issue a personal identification certificate (ID) at no cost to individuals who execute an affadavit stating they are unable to pay the required fee. A resulting revenue loss to the Texas Mobility Fund is anticipated.

**Methodology**

The estimate is based on the total number of ID holders who were registered to vote in 2004 multiplied by the product of the U.S. Concensus' estimated population living below the poverty level in Texas multiplied by the $15 cost for original and renewal issuances of a personal IDs.

USA_00023435

**Local Government Impact**

No significant fiscal implication to units of local government is anticipated.

**Source Agencies:** 307 Secretary of State, 405 Department of Public Safety
**LBB Staff:** JOB, MS, LB, SJ, NR, KJG

USA_00023436

## BILL ANALYSIS

C.S.H.B. 1706
By: Denny
Elections
Committee Report (Substituted)

### BACKGROUND AND PURPOSE

Under current law, to vote a regular ballot, voters are only required to present their voter registration certificates to a poll worker. While this practice attempts to ensure that only registered voters receive a regular ballot on election day, it leaves a potential loophole for fraud. Individuals are not required to show identification to register to vote. Because of this, it is possible for an unscrupulous individual to submit several falsified voter registration applications and to receive the voter registration certificates for the "fake" individuals. With the current process, no statutory standards exist to verify the identity of individuals at the polling place when they present a voter registration certificate. CSHB 1706 modifies provisions requiring a voter to present proof of identification when offering to vote.

### RULEMAKING AUTHORITY

It is the committee's opinion that rulemaking authority is not expressly granted to any state officer, department, agency, or institution; however, SECTION 8 (Sec. 65.0541, Election Code) of this bill requires the Secretary of State to prescribe procedures as necessary to implement that section.

### ANALYSIS

C.S.H.B. 1706 amends the Election Code by adding that on offering to vote, a voter must present either one form of photo identification or two different forms of non-photo identification. If the voter's identity can be verified from the proof presented, and the voter complies with existing provisions relating to eligibility to vote, the bill requires that the voter be accepted for voting.

The bill requires that a person who fails to show either photo identification or two forms of non-photo identification is accepted to vote a provisional ballot only, if the person completes the provisional ballot affidavit. The bill authorizes such a voter to present proof of identification to the voter registrar not later than the fifth day after the date of the election. The bill requires the secretary of state to prescribe procedures as necessary to implement this provision.

The bill adds proof of identification to the existing qualifications required for a provisional ballot to be accepted by the early voting ballot board and requires that a space for an election officer to indicate whether a person presented identification be added to the provisional ballot affidavit.

C.S.H.B. 1706 modifies the list of acceptable forms of identification for the purposes of voting. The bill provides that the following are acceptable forms of photo identification:
- driver's license or personal identification card issued by the Department of Public Safety (DPS) that has not expired or expired within two years of the date of presentation;
- U.S. military identification card containing the person's photograph;
- valid employee identification card containing the person's photograph;
- U.S. citizenship certificate that contains the person's photograph;
- U.S. passport issued to the person;
- student identification card issued by a public or private institution of higher education located in Texas that contains the person's photograph; or
- license to carry a concealed handgun issued by DPS.

C.S.H.B. 1706 79(R)

USA_00023437

The bill provides that the following are acceptable forms of non-photo identification:

- copy of a current utility bill, bank statement, government check, paycheck, or other government document that shows the name and address of the voter;
- official mail addressed to the person by name from a governmental entity;
- certified copy of a birth certificate or other acceptable document confirming birth;
- U.S. citizenship papers;
- original or certified copy of a person's marriage license or divorce decree;
- court records of a person's adoption or name or sex change;
- identification card issued by a governmental entity for the purpose of obtaining public benefits, including veteran's benefits, Medicaid, or Medicare;
- temporary driving permit issued to the person by DPS;
- pilot's license issued to the person by an authorized federal agency;
- library card, containing the person's name, issued by a public library located in this state; or
- hunting or fishing license issued to the person by the Parks and Wildlife Department.

The bill removes: driver's license or photo identification card issued by another state; any form of identification containing a person's photograph that establishes the person's identity; and any other form of identification prescribed by the secretary of state, from the list of acceptable identification.

C.S.H.B. 1706 amends the Transportation Code by prohibiting DPS from collecting a fee for a personal identification certificate if the person applying for the certificate executes an affidavit stating that the person is financially unable to pay the required fee. In order for the fee to be waived, the bill also requires the person to:

- be a registered voter and present a valid registration certificate; or
- be eligible for registration and submit a registration application.

**EFFECTIVE DATE**

September 1, 2005.

**COMPARISON OF ORIGINAL TO SUBSTITUTE**

The substitute modifies the original by adding the provisions authorizing a voter to present proof of identification to the voter registrar not later than the fifth day after the date of the election and requiring the secretary of state to prescribe procedures to implement this provision.

The substitute modifies the original by adding proof of identification to the existing qualifications required for a provisional ballot to be accepted by the early voting ballot board. The substitute also modifies the original by requiring that a space for an election officer to indicate whether a person presented identification be added to the provisional ballot affidavit.

The substitute clarifies that the provision relating to provisional voting for failure to show identification applies only to voters who fail to show photo identification or two forms of non-photo identification, not to voters who fail to show a valid voter registration certificate. The substitute also requires, rather than authorizes, that these voters be accepted for provisional voting only.

C.S.H.B. 1706 79(R)

USA_00023438

Case 2:13-cv-00193   Document 664-12   Filed on 11/11/14 in TXSD   Page 17 of 24   PL108
Case 1:12-cv-00128-RMC-DST-RLW   Document 215-4   Filed 06/20/12   Page 275 of 302
9/2/2014
2:13-cv-00193

| | |
|---|---|
| HOUSE | HB 1706 |
| RESEARCH | Denny, et al. |
| ORGANIZATION bill analysis          5/2/2005 | (CSHB 1706 by Bohac) |

**SUBJECT:**     Requiring a voter to present proof of identification at a polling place

**COMMITTEE:**   Elections — committee substitute recommended

**VOTE:**        5 ayes —  Denny, Bohac, Anderson, Hughes, T. Smith

                       1 nay —  Anchia

                       1 absent —  J. Jones

**WITNESSES:**   For — Don Alexander, Texas Association of Elections Administrators; George Hammerlein, for Paul Bettencourt, Harris County Tax Assessor Collector; Frank Reilly, Republican Party of Texas; B.R. "Skipper" Wallace, Texas Republican County Chairman's Association

                 Against — Ken Bailey, Texas Democratic Party; Cliff Borofsky, Bexar County; Nina Perales, Mexican American Legal Defense and Educational Fund, Inc.; Laurie Vanhoose, Advocacy, Inc.; Suzy Woodford, Common Cause Texas; (*Registered, but did not testify:*  Alison Brock, Unlock Your Vote Campaign; Paula Littles, Texas AFL-CIO; Anne C. McAfee)

                 On — Ann McGeehan, Secretary of State's Office; Bruce Sherbet; Margaret Spinks, Texas Department of Public Safety; *(Registered, but did not testify:*  Germaine Martinez, Texas Department of Public Safety)

**BACKGROUND:**  Election Code, sec. 63.001 says a voter must present a voter registration certificate to an election officer when offering to vote at a polling place. Sec. 63.009 establishes that a voter who does not present a voter registration certificate when offering to vote, but whose name is on the list of registered voters for the precinct, shall be accepted for voting if the voter executes an affidavit stating that the voter does not have the voter's voter registration certificate at the polling place, and:

- the voter presents proof of identification in a specified, acceptable form; or
- the affidavit is also signed by a person who is working at the polling place and who attests to the identity of the voter.

USA_00023439

HB 1706
House Research Organization
page 2

Sec. 63.0101 lists the following forms of documentation as acceptable proof of identification in lieu of a voter registration certificate or specified affidavit(s):

- a driver's license or personal identification card issued to the person by the Department of Public Safety (DPS) or a similar document issued to the person by an agency of another state, regardless of whether the license or card has expired;
- a form of identification containing the person's photograph that establishes the person's identity;
- a birth certificate or other documentation confirming birth that is admissible in a court of law and establishes the person's identity;
- U.S. citizenship papers issued to the person;
- a U.S. passport issued to the person;
- official mail addressed to the person by name from a governmental entity;
- a copy of a current utility bill, bank statement, government check, paycheck, or other government document that shows the name and address of the voter; or
- any other form of identification prescribed by the secretary of state.

The 78th Legislature in 2003 enacted HB 1549 by Denny to implement changes necessary to comply with the Help America Vote Act of 2002 (HAVA). Among those changes was a requirement that an applicant voting for the first time in a federal election who applies for voter registration by mail must provide a copy of a document described in sec. 63.0101 (listed above) that establishes the applicant's identity. This provision is due to expire at the latest on January 1, 2006, the date by which the statewide computerized voter registration list must be operational.

DIGEST:       CSHB 1706 would require a voter, upon offering to vote, to present to an election officer at the polling place the voter's voter registration certificate and either one form of specified photo identification or two different forms of specified identification without a photo. If the voter's name were on the precinct list of registered voters or if the voter was eligible under other existing eligibility provisions, and if the voter's identity could be verified from the identification proof presented, the voter would be accepted for voting without a voter registration certificate.

USA_00023440

HB 1706
House Research Organization
page 3

The bill would modify the list of acceptable proof of identification for voting purposes, specifying the following as acceptable forms of photo identification:

- driver's license or personal identification card issued to the person by the DPS that had not expired or that expired no earlier than two years before the date of presentation;
- U.S. military identification card that contained the person's photograph;
- valid employee identification card that contained the person's photograph;
- U.S. citizenship certificate that contained the person's photograph;
- U.S. passport issued to the person;
- student identification card issued by a public or private institution of higher education located in Texas that contained the person's photograph; or
- license to carry a concealed handgun issued to the person by DPS.

The following documentation without a photo would be acceptable as proof of identification:

- copy of a current utility bill, bank statement, government check, paycheck, or other government document that showed the name and address of the voter;
- official mail addressed to the person by name from a governmental entity;
- certified copy of a birth certificate or other document confirming birth that was admissible in a court of law and established the person's identity;
- U.S. citizenship papers issued to the person;
- original or certified copy of the person's marriage license or divorce decree;
- court records of the person's adoption, name change, or sex change;
- identification card issued to the person by a Texas or U.S. governmental entity for the purpose of obtaining public benefits, including veteran's benefits, Medicaid, or Medicare;
- temporary driving permit issued to the person by DPS;
- pilot's license issued to the person by the FAA or another authorized, federal agency;

USA_00023441

HB 1706
House Research Organization
page 4

- library card, containing the person's name, issued to the person by a public library located in Texas; or
- hunting or fishing license issued to a person by the Parks and Wildlife Department.

The bill would remove the following from the list of acceptable identification:

- driver's license or photo identification card issued to the person by another state;
- any form of identification containing the person's photograph that established the person's identity; and
- any other form of identification prescribed by the secretary of state.

The bill would change the specifications for a birth certificate to require that it be a certified copy and for a driver's license to require that it be current or not expired by more than two years.

The bill would require that a voter who did not show either photo identification or two forms of identification without a photo could be accepted for provisional voting if the person executed a provisional ballot affidavit.  A voter accepted for provisional voting could present proof of identification to the voter registrar for examination by the early voting ballot board not later than the fifth day after the date of the election. The secretary of state could prescribe procedures as necessary to implement identification provisions for these voters who were accepted for provisional voting.

Proof of identification would be added to requirements for a provisional ballot to be accepted by the early voting ballot board.  An election officer would indicate in the provisional ballot affidavit whether a person presented proof of identification.

CSHB 1706 also would amend Transportation Code, sec. 521.422, to prohibit DPS from collecting a fee for a personal identification certificate issued to a person who executed an affidavit stating that the person was financially unable to pay the required fee, who was a registered Texas voter and presented a valid voter registration certificate, or who was eligible for voter registration and submitted a voter registration application to DPS.

USA_00023442

HB 1706
House Research Organization
page 5

The bill would take effect September 1, 2005.

SUPPORTERS
SAY:

CSHB 1706 would set a new standard in increasing voter confidence in voter registration rolls and election outcomes. No statutory provisions now provide for verifying the identity of those who present voter registration certificates at polling places, and this bill would close a potential loophole for fraud.

Along with the right to vote, voters have an obligation to be who they say they are. Every time a vote is cast fraudulently, it disenfranchises those who cast their votes legally. In Texas, those who register to vote in person do not have to show proof of identification but simply complete voter registration cards. Nothing prevents someone from registering for a family member or friend.

More and more arenas in everyday life require photo identification, including traveling on airplanes and cashing checks. Society not only has adapted to those requirements but has benefited from the safeguards. Now it is time to conform the voting system to provide such protection.

The bill would require that voters who had a voter registration card also show photo identification (ID) from an acceptable list or show two forms of acceptable identification without a photo. Voters who did not have a voter registration card but were on the registered voter list still could vote upon presenting the required identification—in most cases, a Texas driver's license. Those not able to present the required forms of identification still could vote a provisional ballot upon completing a related affidavit. This bill would not turn any voters away from the polls.

The bill would not be an onerous burden on Texas voters. According to current information from the National Conference of State Legislators (NCSL), five states now require some form of photo ID for voter identification, and 14 more require proof of identification that does not necessarily include the voter's picture.

Under current Texas law, those who register to vote by mail must provide a copy of a specified ID. This bill would reflect changes expected in future federal laws.

Authorizing DPS to issue personal identification cards without a fee to those unable to pay would assure inclusion of the state's diverse voting

USA_00023443

HB 1706
House Research Organization
page 6

population. The fiscal note attached to the bill would be $130,110 for the cost to the Texas Mobility Fund of issuing the free ID cards. By all standards, this would be a remarkably low cost to preserve voting rights.

OPPONENTS SAY:

CSHB 1706 would address a perceived problem for which there is no evidence—voter fraud at polling places by registered voters. While anecdotes have surfaced of voter fraud in other settings, they do not involve registered voters with valid voter registration certificates. No one has quantified or even produced evidence of fraud among eligible voters at polling places, but the onerous requirements in this bill would disenfranchise some eligible voters.

The bill would discourage some voters by creating long lines at the polls as election officials tried to verify more forms of identification. It would force some people who did not have the specified photo ID or two of the other forms of identification to go home, locate acceptable identification if the voter possessed it, then return to the polls, perhaps to face even longer lines.

While a voter without proper identification could vote a provisional ballot under this bill, that could result in a voter who had voted faithfully by presenting a voter registration card for more than 60 years now having to vote a provisional ballot and wonder if it counted.

Disabled people are the largest population segment without IDs. Implementation of certain HAVA provisions—for example, having one accessible voting booth in every precinct in the state—is giving the disabled more opportunities to vote than ever before. CSHB 1706 could strip away many of those opportunities by forcing disabled voters to obtain photo IDs that they currently do not possess or otherwise need.

Granting free DPS personal identification cards to voters executing affidavits saying they were financially unable to pay for them would reach only some of the disabled population. However, the bill could create a circular path to securing proper photo identification. While the DPS card would be free under certain circumstances, obtaining one likely would require another form of identification for which there was a charge.

The bill also could discourage elderly voters who no longer drive and who live in retirement or nursing homes or with family members and who no longer receive utility bills in their names. Under the bill, the state of

JA_008562

USA_00023444

HB 1706
House Research Organization
page 7

Texas could have the distinction of throwing out the vote of a World War II veteran on a technicality.

Obtaining sanctioned forms of identification, such as a photo ID, certified birth certificate, or passport, would involve paying fees. With the cumulative fees this bill could cost some voters, it could be considered a backdoor poll tax.

This bill is inconsistent with the federal HAVA laws. HAVA requires only one form of identification and only for first-time voters who register by mail, while this bill would require two such forms of identification in order for anyone to vote. Texas need not get in front of federal legislation because of the potential for pre-emption issues until the details of any such future legislation are known.

When the state of Texas accepted HAVA federal funds, it agreed to certain conditions. As written, this bill could jeopardize additional HAVA federal funds for Texas, estimated at $103.2 million. To avoid such a problem, the Legislature might have to create two different systems of voter identification – one system for first-time voters who registered by mail and who produced one form of acceptable identification and another system for all other eligible voters that met the criteria for proof of identification under this legislation.

This bill would not address sufficiently issues of illegal voting. It would not prevent unscrupulous people from assuming someone's identity and voting as that person during early voting. Instead, it would discourage eligible voters from participating in the democratic process.

When compared with other states, this bill would make Texas' voter identification requirements among the most stringent in the country. Good government should not impose more bureaucracy than is necessary to carry out its basic functions.

OTHER
OPPONENTS
SAY:

CSHB 1706 as written could create problems with practicality and enforceability. Mandating that every person who appears at a polling place to vote have specified proof of identification—beyond a voter registration card—would be a major departure from current law. A grace period of at least one election is needed to educate election workers and voters. Even that might not be sufficient time to change

JA_008563

USA_00023445

Case 2:13-cv-00193   Document 664-12   Filed on 11/11/14 in TXSD   Page 24 of 24
Case 1:12-cv-00128-RMC-DST-RLW   Document 215-4   Filed 06/20/12   Page 282 of 302

HB 1706
House Research Organization
page 8

habits among voters accustomed to needing only voter registration certificates to vote at the polls.

While citizens are required to show proof of identification in situations ranging from flying on an airplane to renting movies, none of those is a constitutional right and only *one* ID is necessary in such settings, not *two* as this bill would require.

Allowing a concealed handgun license to become an acceptable form of photo ID for voters would cause too much of a stir. Although a polling place is one of the designated locations where handguns are illegal, poll workers could become fearful that if they did not accept such documentation from a voter that the person might be carrying a gun and be dangerous. The state of Texas would be better off accepting a photo ID from a buyer's club, as Florida does.

With respect to the list of acceptable IDs without photos, various documents, including library cards, temporary driving permits, and (junior) hunting or fishing licenses all are issued to people under 18. These forms of documentation could generate more problems with voter eligibility and underage voting than they would solve. Also, acceptable IDs without photos should include military discharge papers.

NOTES:     The committee substitute differs from the introduced version by including requirements for proof of voter identification related to provisional ballots. Under the substitute, a voter who was accepted for provisional voting because the voter did not present the required proof of identification could offer proper proof to the voter registrar not later than the fifth day after the date of the election. It would require the secretary of state to prescribe procedures as necessary to implement this provision.

The fiscal note for CSHB 1706 anticipates a cost of $130,110 each year to the Texas Mobility Fund to allow DPS to issue personal identification certificates at no cost to registered Texas voters with valid voter registration cards or who had submitted voter registration applications and executed affidavits stating they were unable to pay the required fee.

USA_00023446