PL112
9/2/2014
2:13-cv-00193

# HOUSE JOURNAL

## SEVENTY-NINTH LEGISLATURE, REGULAR SESSION

### PROCEEDINGS

SIXTY-FIRST DAY — TUESDAY, MAY 3, 2005

The house met at 10 a.m. and was called to order by the speaker.

The roll of the house was called and a quorum was announced present (Record 459).

Present — Mr. Speaker; Allen, A.; Allen, R.; Alonzo; Anderson; Bailey; Baxter; Berman; Blake; Bohac; Bonnen; Branch; Brown, B.; Brown, F.; Burnam; Callegari; Campbell; Casteel; Castro; Chavez; Chisum; Coleman; Cook, B.; Cook, R.; Corte; Crabb; Crownover; Davis, J.; Davis, Y.; Dawson; Delisi; Denny; Deshotel; Driver; Dukes; Dunnam; Dutton; Edwards; Eiland; Eissler; Elkins; Escobar; Farabee; Farrar; Flores; Flynn; Frost; Gallego; Gattis; Geren; Giddings; Gonzales; Gonzalez Toureilles; Goodman; Goolsby; Grusendorf; Guillen; Haggerty; Hamilton; Hamric; Hardcastle; Harper-Brown; Hartnett; Hegar; Herrero; Hilderbran; Hill; Hochberg; Hodge; Homer; Hope; Hopson; Howard; Hughes; Hunter; Hupp; Isett; Jackson; Jones, D.; Jones, J.; Keel; Keffer, B.; Keffer, J.; King, P.; King, T.; Kolkhorst; Krusee; Kuempel; Laney; Laubenberg; Leibowitz; Madden; Martinez; Martinez Fischer; McCall; McClendon; McReynolds; Menendez; Merritt; Miller; Moreno, J.; Moreno, P.; Morrison; Mowery; Naishtat; Nixon; Noriega, M.; Oliveira; Olivo; Orr; Otto; Paxton; Peña; Phillips; Pickett; Pitts; Puente; Quintanilla; Raymond; Reyna; Riddle; Ritter; Rodriguez; Rose; Seaman; Smith, T.; Smith, W.; Smithee; Solis; Solomons; Straus; Swinford; Talton; Taylor; Thompson; Truitt; Turner; Uresti; Van Arsdale; Veasey; Villarreal; Vo; West; Wong; Woolley; Zedler.

Absent, Excused — Griggs.

Absent — Anchia; Luna; Strama.

The invocation was offered by Dr. Fred Morgan, pastor, Hope Presbyterian Church, Austin, as follows:

Under your law we live, Holy God, and by your grace we govern ourselves. Your goodness is greater than all that is good. Your righteousness is more just beyond all that we deem to be fair. This day, we commend our state and nation to your merciful care. We are profoundly grateful to you that we live in a nation which protects the rights and liberties of her citizens.

Holy God, bless the officers and members of this legislative body, and grant them compassion in their reasoning, understanding in their attitudes, endurance in their deliberations, wisdom in their decisions, and a perspective on the future that is full of your hope. Be attentive to their personal needs as you are attentive to the needs of all people. Amen.

USA_00023752

Case 2:13-cv-00193   Document 664-17   Filed on 11/11/14 in TXSD   Page 2 of 66
e 1:12-cv-00128-RMC-DST-RLW   Document 215-5   Filed 06/20/12   Page 288 of
2324                    79th LEGISLATURE — REGULAR SESSION

The speaker recognized Representative Krusee who led the house in the pledges of allegiance to the United States and Texas flags.

### LEAVE OF ABSENCE GRANTED

The following member was granted leave of absence for today because of medical reasons:

Griggs on motion of Farabee.

### REGULAR ORDER OF BUSINESS SUSPENDED

On motion of Representative Denny and by unanimous consent, the reading and referral of bills was postponed until just prior to adjournment.

### CAPITOL PHYSICIAN

The speaker recognized Representative Herrero who presented Dr. Ricky Edwards of Corpus Christi as the "Doctor for the Day."

The house welcomed Dr. Edwards and thanked him for his participation in the Physician of the Day Program sponsored by the Texas Academy of Family Physicians.

(Strama now present)

### HR 1434 - ADOPTED
### (by Riddle)

Representative Riddle moved to suspend all necessary rules to take up and consider at this time **HR 1434**.

The motion prevailed.

The following resolution was laid before the house:

**HR 1434**, Honoring Melissa Miller on being named Miss San Antonio.

**HR 1434** was adopted.

On motion of Representative Ritter, the names of all the members of the house were added to **HR 1434** as signers thereof.

### INTRODUCTION OF GUEST

The speaker recognized Representative Riddle who introduced Melissa Miller.

### HR 1451 - ADOPTED
### (by Gonzales and Peña)

Representative Gonzales moved to suspend all necessary rules to take up and consider at this time **HR 1451**.

The motion prevailed.

The following resolution was laid before the house:

**HR 1451**, Congratulating Judge Dori Contreras Garza on being named Mother of the Year 2005 by AVANCE-Rio Grande Valley.

**HR 1451** was adopted.

USA_00023753

### HR 1456 - ADOPTED
### (by Gonzales and Peña)

Representative Peña moved to suspend all necessary rules to take up and consider at this time **HR 1456**.

The motion prevailed.

The following resolution was laid before the house:

**HR 1456**, Honoring Ana Stephens for her receipt of the SPIRIT AWARD from St. Joseph Catholic School in Edinburg.

(Miller in the chair)

**HR 1456** was read and was adopted.

### MESSAGE FROM THE SENATE

A message from the senate was received at this time (see the addendum to the daily journal, Messages from the Senate, Message No. 1).

### BILLS AND RESOLUTIONS SIGNED BY THE SPEAKER

Notice was given at this time that the speaker had signed bills and resolutions in the presence of the house (see the addendum to the daily journal, Signed by the Speaker, House List No. 35).

### HR 1412 - ADOPTED
### (by Strama)

Representative Strama moved to suspend all necessary rules to take up and consider at this time **HR 1412**.

The motion prevailed.

The following resolution was laid before the house:

**HR 1412**, Honoring public employees during Public Service Recognition Week, May 2-8, 2005.

**HR 1412** was adopted.

### HR 1464 - ADOPTED
### (by Bonnen)

Representative Bonnen moved to suspend all necessary rules to take up and consider at this time **HR 1464**.

The motion prevailed.

The following resolution was laid before the house:

**HR 1464**, Recognizing May 3, 2005, as Texas Environmental Excellence Awards Day at the Capitol.

**HR 1464** was adopted.

(Anchia now present)

USA_00023754

### HR 1351 - ADOPTED
### (by Alonzo)

Representative Edwards moved to suspend all necessary rules to take up and consider at this time **HR 1351**.

The motion prevailed.

The following resolution was laid before the house:

**HR 1351**, Recognizing the Grand Prairie Cinco de Mayo Celebration.

**HR 1351** was adopted.

### HR 1352 - ADOPTED
### (by Alonzo)

Representative Edwards moved to suspend all necessary rules to take up and consider at this time **HR 1352**.

The motion prevailed.

The following resolution was laid before the house:

**HR 1352**, Commemorating Cinco de Mayo, 2005.

**HR 1352** was adopted.

### HR 1250 - ADOPTED
### (by Naishtat)

Representative Naishtat moved to suspend all necessary rules to take up and consider at this time **HR 1250**.

The motion prevailed.

The following resolution was laid before the house:

**HR 1250**, Honoring David Wofford on his retirement from the State Board of Medical Examiners.

**HR 1250** was read and was adopted.

### HR 1292 - ADOPTED
### (by Dutton)

Representative Dutton moved to suspend all necessary rules to take up and consider at this time **HR 1292**.

The motion prevailed.

The following resolution was laid before the house:

**HR 1292**, Congratulating Dr. Doris M. Jackson of Houston on her receipt of the Elva K. Steward Alumni of the Year Award.

**HR 1292** was adopted.

JA_008873

USA_00023755

### HR 1416 - ADOPTED
### (by Dutton)

Representative Dutton moved to suspend all necessary rules to take up and consider at this time **HR 1416**.

The motion prevailed.

The following resolution was laid before the house:

**HR 1416**, Honoring Arthur C. Lilly of Houston for his accomplishments as an educator and community leader.

**HR 1416** was adopted.

### HR 1417 - ADOPTED
### (by Dutton)

Representative Dutton moved to suspend all necessary rules to take up and consider at this time **HR 1417**.

The motion prevailed.

The following resolution was laid before the house:

**HR 1417**, Congratulating Houston Style Magazine on the occasion of its Thirty Under 30 party celebrating the magazine's 15th anniversary.

**HR 1417** was adopted.

### POSTPONED BUSINESS

The following bills were laid before the house as postponed business:

### SB 1298 ON SECOND READING
### (Talton - House Sponsor)

**SB 1298**, A bill to be entitled An Act relating to restrictions on the transfer of a fuel tank to a metal recycling entity.

**SB 1298** was considered in lieu of **HB 2456**.

**SB 1298** was read second time and was passed to third reading. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

### HB 2456 - LAID ON THE TABLE SUBJECT TO CALL

Representative Talton moved to lay **HB 2456** on the table subject to call.

The motion prevailed.

### SB 461 ON SECOND READING
### (R. Allen - House Sponsor)

**SB 461**, A bill to be entitled An Act relating to the confidentiality of and access to certain personal information in instruments recorded with a county clerk.

**SB 461** was considered in lieu of **HB 1368**.

USA_00023756

**SB 461** was read second time and was passed to third reading. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

### HB 1368 - LAID ON THE TABLE SUBJECT TO CALL

Representative R. Allen moved to lay **HB 1368** on the table subject to call.

The motion prevailed.

(Speaker in the chair)

### SB 376 ON SECOND READING
### (Zedler - House Sponsor)

**SB 376**, A bill to be entitled An Act relating to a pilot program for language interpreter services under the medical assistance program.

**SB 376** was considered in lieu of **HB 1396**.

**SB 376** was read second time.

**Amendment No. 1**

Representative Zedler offered the following amendment to **SB 376**:

Amend **SB 376** (house committee printing) in SECTION 1 of the bill, in added Section 32.068(g), Human Resources Code (page 2, line 20), by striking "September 1, 2007" and substituting "September 1, 2009".

Amendment No. 1 was adopted.

**SB 376**, as amended, was passed to third reading. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

### HB 1396 - LAID ON THE TABLE SUBJECT TO CALL

Representative Zedler moved to lay **HB 1396** on the table subject to call.

The motion prevailed.

### CSSB 580 ON SECOND READING
### (Rose - House Sponsor)

**CSSB 580**, A bill to be entitled An Act relating to the installment payment of ad valorem taxes by certain veterans.

**CSSB 580** was considered in lieu of **HB 587**.

**CSSB 580** was read second time and was passed to third reading. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

JA_008875

USA_00023757

## HB 587 - LAID ON THE TABLE SUBJECT TO CALL

Representative Rose moved to lay **HB 587** on the table subject to call.

The motion prevailed.

## CSHB 1900 ON SECOND READING
### (by Bonnen)

**CSHB 1900**, A bill to be entitled An Act relating to the assessment and regulation of emissions events.

**CSHB 1900** was read second time on April 25, postponed until April 27, postponed until May 2, and was again postponed until 10 a.m. today.

## Amendment No. 1

Representative Bonnen offered the following amendment to **CSHB 1900**:

Amend **CSHB 1900** (House committee printing) as follows:
(1)  On page 3, line 27, strike "(f),".
(2)  On page 5, strike lines 9-14.

Amendment No. 1 was adopted.

## Amendment No. 2

Representative Herrero offered the following amendment to **CSHB 1900**:

Amend **CSHB 1900** (House committee printing) by adding the following appropriated numbered section to the bill and renumbering the subsequent sections accordingly:

SECTION __.  Section 5.753(b), Water Code, is amended to read as follows:
(b)  The components of compliance history must include:
(1)  enforcement orders, court judgments, consent decrees, and criminal convictions of this state and the federal government relating to compliance with applicable legal requirements under the jurisdiction of the commission or the United States Environmental Protection Agency;
(2)  notwithstanding any other provision of this code, orders issued under Section 7.070;
(3)  to the extent readily available to the commission, enforcement orders, court judgments, and criminal convictions relating to violations of environmental laws of other states; [and]
(4)  changes in ownership; and
(5)  performance under laws governing emissions, including upset events.

Representative Bonnen moved to table Amendment No. 2.

The motion to table prevailed.

## LEAVES OF ABSENCE GRANTED

The following member was granted leave of absence temporarily for today because of important business:

Branch on motion of Kuempel.

USA_00023758

Case 2:13-cv-00193 Document 664-17 Filed on 11/11/14 in TXSD Page 8 of 66
e 1:12-cv-00128-RMC-DST-RLW Document 215-5 Filed 06/20/12 Page 294 of
2330        79th LEGISLATURE — REGULAR SESSION

The following member was granted leave of absence temporarily for today because of important business in the district:

Anderson on motion of Miller.

### CSHB 1900 - (consideration continued)

**Amendment No. 3**

Representative Herrero offered the following amendment to **CSHB 1900**:

Amend **CSHB 1900** (House committee printing) by adding the following appropriated numbered section to the bill and renumbering the subsequent sections accordingly:

SECTION ___. Subchapter B, Chapter 382, Health and Safety Code, is amended by adding Section 382.0161 to read as follows:

Sec. 382.0161. ADDITIONAL MONITORING REQUIREMENT. (a) Notwithstanding any other law, to the extent practicable the commission shall require the owner or operator of a facility that has the potential to experience a reportable upset event, as defined by commission rule, to install and operate a continuous measurement and monitoring system that documents the occurrence of upset events and accurately establishes the amount of each air contaminant released during an upset event. The commission shall require each facility to which this section applies that is in operation on January 1, 2006, to comply with this section as of that date.

(b) The measurement and monitoring system must measure flow parameters for each gas or other material that is released directly into the atmosphere or indirectly through a flare or other device.

(c) A responsible official of the owner or operator of a facility to which this section applies shall include the measurements under this section in a certification that states that the responsible official has conducted a reasonable inquiry and believes that each statement or measurement included in the certification is true, accurate, and complete.

(d) Beginning September 1, 2008, a responsible official of the owner or operator of a facility to which this section applies shall submit a certification described by Subsection (c) to the commission at least once every six months, and the owner or operator shall keep a copy of the certification at the facility for at least five years from the date that the owner or operator submits the certification to the commission.

Representative Bonnen moved to table Amendment No. 3.

(Luna now present)

A record vote was requested.

The motion to table prevailed by (Record 460): 93 Yeas, 51 Nays, 1 Present, not voting.

Yeas — Allen, R.; Baxter; Berman; Blake; Bohac; Bonnen; Brown, B.; Brown, F.; Callegari; Campbell; Casteel; Chisum; Cook, B.; Cook, R.; Corte; Crabb; Crownover; Davis, J.; Dawson; Delisi; Denny; Driver; Eissler; Elkins; Farabee; Flynn; Gattis; Geren; Goolsby; Grusendorf; Haggerty; Hamilton;

JA_008877

USA_00023759

Case 2:13-cv-00193 Document 664-17 Filed on 11/11/14 in TXSD Page 9 of 66
e 1:12-cv-00128-RMC-DST-RLW Document 215-5 Filed 06/20/12 Page 295 of
Tuesday, May 3, 2005 HOUSE JOURNAL — 61st Day 2339

Hamric; Hardcastle; Harper-Brown; Hartnett; Hegar; Hilderbran; Hill; Homer; Hope; Hopson; Howard; Hughes; Hunter; Hupp; Isett; Jackson; Jones, D.; Keel; Keffer, B.; Keffer, J.; King, P.; King, T.; Kolkhorst; Krusee; Kuempel; Laney; Laubenberg; Luna; Madden; McCall; McReynolds; Merritt; Miller; Morrison; Mowery; Nixon; Orr; Otto; Paxton; Phillips; Pitts; Reyna; Riddle; Ritter; Rose; Seaman; Smith, T.; Smith, W.; Smithee; Solomons; Strama; Straus; Swinford; Talton; Taylor; Truitt; Van Arsdale; West; Wong; Woolley; Zedler.

Nays — Allen, A.; Alonzo; Anchia; Bailey; Burnam; Castro; Chavez; Coleman; Davis, Y.; Deshotel; Dukes; Dunnam; Dutton; Edwards; Eiland; Escobar; Farrar; Flores; Frost; Gallego; Giddings; Gonzales; Gonzalez Toureilles; Goodman; Guillen; Herrero; Hochberg; Hodge; Jones, J.; Leibowitz; Martinez; Martinez Fischer; McClendon; Menendez; Moreno, J.; Moreno, P.; Naishtat; Noriega, M.; Olivo; Peña; Puente; Quintanilla; Raymond; Rodriguez; Solis; Thompson; Turner; Uresti; Veasey; Villarreal; Vo.

Present, not voting — Mr. Speaker(C).

Absent, Excused — Anderson; Branch; Griggs.

Absent — Oliveira; Pickett.

**Amendment No. 4**

Representative Herrero offered the following amendment to **CSHB 1900**:

Amend **CSHB 1900** (House committee printing) as follows:

(1) Add the following appropriated numbered section to the bill and renumber the subsequent sections accordingly:

SECTION ___. Subchapter B, Chapter 382, Health and Safety Code, is amended by adding Section 382.0217 to read as follows:

Sec. 382.0217. IMPOSITION OF FEE DUE TO EMISSIONS EVENT. (a) "Emissions event" and "regulated entity" have the meanings assigned by Section 382.0215.

(b) Notwithstanding any other law, the commission may impose fees relating to an emissions event in the manner provided by this section.

(c) The commission shall impose on a regulated entity for each emissions event reported by the regulated entity under Section 382.0215 a fee in the amount of $500 or an adjusted amount as provided by Subsection (d) or (e). A fee collected by the commission under this subsection may be appropriated only to the commission for use in awarding grants to local governments for community-based air pollution reduction projects that reflect community priorities. The fee is exempt from the application of Section 403.095, Government Code.

(d) If the commission determines that a regulated entity is ranked in the top 10 percent of all regulated entities in this state in terms of the regulated entity's emissions event history, the commission may reduce the amount of an emission fee that the commission is authorized to collect from the regulated entity under this chapter by not more than 50 percent.

JA_008878

(e)  If the commission determines that a regulated entity is ranked in the bottom 20 percent of all regulated entities in this state in terms of the regulated entity's emissions event history, the commission shall increase the amount of each emission fee that the commission is authorized to collect from the regulated entity under this chapter by at least 20 percent and not more than 50 percent.

(2)  On page 5, line 24, between "Act," and "apply", insert "and Section 382.0217, Health and Safety Code, as added by this Act,".

Representative Bonnen moved to table Amendment No. 4.

A record vote was requested.

The motion to table prevailed by (Record 461): 94 Yeas, 47 Nays, 1 Present, not voting.

Yeas — Allen, R.; Baxter; Berman; Blake; Bohac; Bonnen; Brown, B.; Brown, F.; Callegari; Campbell; Casteel; Chisum; Cook, B.; Cook, R.; Corte; Crabb; Crownover; Dawson; Delisi; Denny; Driver; Eiland; Eissler; Elkins; Farabee; Flynn; Gattis; Geren; Goodman; Goolsby; Grusendorf; Haggerty; Hamilton; Hamric; Hardcastle; Harper-Brown; Hartnett; Hegar; Hilderbran; Hill; Homer; Hope; Hopson; Howard; Hughes; Hunter; Hupp; Isett; Jackson; Jones, D.; Keel; Keffer, B.; Keffer, J.; King, P.; King, T.; Kolkhorst; Krusee; Kuempel; Laney; Laubenberg; Luna; Madden; McCall; McReynolds; Merritt; Miller; Morrison; Mowery; Nixon; Orr; Otto; Paxton; Phillips; Pitts; Reyna; Riddle; Ritter; Rose; Seaman; Smith, T.; Smith, W.; Smithee; Solomons; Strama; Straus; Swinford; Talton; Taylor; Truitt; Van Arsdale; West; Wong; Woolley; Zedler.

Nays — Allen, A.; Alonzo; Anchia; Bailey; Burnam; Castro; Chavez; Coleman; Davis, Y.; Deshotel; Dukes; Dunnam; Dutton; Edwards; Escobar; Farrar; Frost; Gallego; Giddings; Gonzales; Gonzalez Toureilles; Guillen; Herrero; Hochberg; Jones, J.; Leibowitz; Martinez; Martinez Fischer; McClendon; Menendez; Moreno, J.; Moreno, P.; Naishtat; Noriega, M.; Olivo; Peña; Pickett; Puente; Quintanilla; Raymond; Rodriguez; Solis; Thompson; Uresti; Veasey; Villarreal; Vo.

Present, not voting — Mr. Speaker(C).

Absent, Excused — Anderson; Branch; Griggs.

Absent — Davis, J.; Flores; Hodge; Oliveira; Turner.

## Amendment No. 5

Representative Hochberg offered the following amendment to **CSHB 1900**:

Amend **CSHB 1900** (House committee printing) as follows:

(1)  Strike page 3, line 27, and page 4, line 1, and substitute the following:
SECTION 2.  Section 382.0216, Health and Safety Code, is amended by amending Subsections (a), (b), (c), (f), and (i) and adding Subsection (b-1) to read as follows:

(2)  On page 4, strike lines 5-18 and substitute the following:

JA_008879

(b)   The commission shall establish criteria for determining when <u>an</u> <u>emissions event or a series of</u> emissions events are excessive. The criteria must include consideration of:

        (1) [~~the frequency of the facility's emissions events;~~

        [~~(2)  the cause of the emissions event;~~

        ~~(3)~~ the quantity and impact on human health or the environment of the emissions event; <u>and</u>

        <u>(2)</u> [~~(4)~~] the duration of the emissions event [<u>.</u>

        [~~(5)  the percentage of a facility's total annual operating hours during which emissions events occur; and~~

        [~~(6)  the need for startup, shutdown, and maintenance activities~~].

    <u>(b-1)  The commission may determine that an emissions event or a series of emissions events are not excessive based on a failure to meet criteria established by the commission under Subsection (b). If the commissioner determines that an emissions event or a series of emissions events are not excessive on that basis, the commission shall evaluate the emissions event or series of emissions events based on consideration of the following factors:</u>

        <u>(1)  the frequency of the regulated entity's emissions events, taking into consideration the regulated entity's size and complexity;</u>

        <u>(2)  the cause of the emissions event;</u>

        <u>(3)  the quantity and the impact on human health or the environment of the emissions event;</u>

        <u>(4)  the duration of the emissions event;</u>

        <u>(5)  the percentage of a facility's total annual operating hours during which the emissions events occur;</u>

        <u>(6)  the need for startup, shutdown, and maintenance activities; and</u>

        <u>(7)  the impact of the emissions event on the state's compliance with the state implementation plan.</u>

    (3)  On page 5, strike lines 9-14 and substitute the following:

    (f)  <u>Consistent with the federal Clean Air Act, the commission by rule may establish an affirmative defense to a commission enforcement action if the emissions event is determined not to be excessive under this section. The commission may not authorize the use of the affirmative defense if the unauthorized emissions:</u>

        <u>(1)  caused or contributed to:</u>

            <u>(A)  a condition in which national ambient air quality standards are exceeded;</u>

            <u>(B)  the prevention of significant deterioration increments; or</u>

            <u>(C)  a condition of air pollution; or</u>

        <u>(2)  were a part of a frequent or recurring pattern indicative of inadequate design, operation, or maintenance</u> [~~The commission by rule may establish an affirmative defense to a commission enforcement action if the emissions event meets criteria defined by commission rule. In establishing rules under this subsection, the commission at a minimum must require consideration of the factors listed in Subsections (b)(1)-(6)~~].

    Amendment No. 5 was adopted.

JA_008880

USA_00023762

**Amendment No. 6**

Representative Goodman offered the following amendment to **CSHB 1900**:

Amend **CSHB 1900** (House committee printing) by adding the following appropriately numbered SECTIONS to the bill and renumbering the subsequent SECTIONS accordingly:

SECTION ___. Subchapter B, Chapter 382, Health and Safety Code, is amended by adding Section 382.042 to read as follows:

Sec. 382.042. EFFECTS SCREENING LEVELS; PENALTY. (a) The commission by rule shall adopt effects screening levels for air contaminants. Each effects screening level must:

(1) be set in a manner that takes into consideration all acute and chronic health effects on a person due to exposure to an air contaminant;

(2) be based in part on the health effects of:

(A) the one-hour, eight-hour, or 24-hour exposure of a person to the air contaminant at the fence-line of an emission source; and

(B) the lifetime exposure of a person to the air contaminant at the fence-line of an emission source; and

(3) be set at a level that does not increase the risk of cancer in a person exposed to the air contaminant by greater than one chance in one million.

(b) A person may not cause, suffer, allow, or permit the emission of any air contaminant or the performance of any activity that causes an effects screening level set by the commission to be exceeded. The commission by rule shall establish requirements for assessing a penalty or initiating an action for an injunction against a person who violates this subsection.

(c) Not later than October 1, 2007, the commission shall adopt effects screening levels that comply with the requirements of Subsection (a). Until the commission adopts effects screening levels that comply with the requirements of Subsection (a), the effects screening levels adopted by the commission as of September 1, 2005, are interim standards for purposes of this section and Section 382.085. This subsection expires November 1, 2007.

SECTION ___. Section 382.042, Health and Safety Code, as added by this Act, applies to any violation of an effects screening level set by the commission that occurs on or after the effective date of this Act. A violation of an effects screening level that occurs before the effective date of this Act is governed by the law in effect when the violation occurs, and the former law is continued in effect for that purpose.

Representative Bonnen moved to table Amendment No. 6.

A record vote was requested.

The motion to table prevailed by (Record 462): 75 Yeas, 59 Nays, 2 Present, not voting.

Yeas — Allen, R.; Berman; Blake; Bohac; Bonnen; Brown, B.; Brown, F.; Callegari; Campbell; Casteel; Chavez; Cook, B.; Corte; Crabb; Crownover; Dawson; Driver; Eissler; Elkins; Flynn; Gattis; Geren; Goolsby; Grusendorf; Haggerty; Hamilton; Hamric; Hardcastle; Harper-Brown; Hartnett; Hegar;

JA_008881

USA_00023763

Case 2:13-cv-00193  Document 664-17  Filed on 11/11/14 in TXSD  Page 13 of 66
e 1:12-cv-00128-RMC-DST-RLW  Document 215-5  Filed 06/20/12  Page 299 of
Tuesday, May 3, 2005  HOUSE JOURNAL — 61st Day  2339

Hilderbran; Hill; Hope; Hopson; Howard; Hughes; Hunter; Hupp; Isett; Jackson; Jones, D.; Keel; Keffer, B.; Keffer, J.; King, T.; Kolkhorst; Krusee; Kuempel; Laubenberg; McCall; McReynolds; Merritt; Mowery; Nixon; Orr; Otto; Paxton; Phillips; Pitts; Reyna; Riddle; Ritter; Smith, W.; Smithee; Strama; Straus; Swinford; Talton; Taylor; Truitt; Van Arsdale; West; Wong; Woolley.

Nays — Allen, A.; Alonzo; Bailey; Burnam; Castro; Coleman; Cook, R.; Davis, Y.; Delisi; Denny; Deshotel; Dukes; Dunnam; Dutton; Eiland; Escobar; Farabee; Farrar; Flores; Frost; Gallego; Giddings; Gonzales; Gonzalez Toureilles; Goodman; Guillen; Herrero; Hochberg; Hodge; Homer; Jones, J.; King, P.; Laney; Leibowitz; Luna; Madden; Martinez; Martinez Fischer; McClendon; Menendez; Moreno, J.; Moreno, P.; Naishtat; Noriega, M.; Olivo; Peña; Pickett; Raymond; Rodriguez; Rose; Smith, T.; Solis; Solomons; Thompson; Uresti; Veasey; Villarreal; Vo; Zedler.

Present, not voting — Mr. Speaker(C); Miller.

Absent, Excused — Anderson; Branch; Griggs.

Absent — Anchia; Baxter; Chisum; Davis, J.; Edwards; Morrison; Oliveira; Puente; Quintanilla; Seaman; Turner.

### STATEMENTS OF VOTE

When Record No. 462 was taken, I was in the house but away from my desk. I would have voted no.

Anchia

When Record No. 462 was taken, I was in the house but away from my desk. I would have voted no.

Baxter

I was shown voting yes on Record No. 462. I intended to vote no.

McCall

When Record No. 462 was taken, I was in the house but away from my desk. I would have voted no.

Turner

**Amendment No. 7**

Representative J. Moreno offered the following amendment to **CSHB 1900**:

Amend **CSHB 1900** as by adding the appropriately numbered sections and re-numbering the subsequent sections accordingly:

SECTION___  Section 382.085, Health and Safety Code, is amended by amending Subsection (a) to read as follows:

(a) A [Except as authorized by a commission rule or order, a] person may not cause, suffer, allow, or permit the emission of any air contaminant or the performance of any activity that causes or contributes to, or that will cause or contribute to, either in isolation or in conjunction with air contaminants from other sources, a condition of air pollution.

JA_008882

USA_00023764

Case 2:13-cv-00193   Document 664-17   Filed on 11/11/14 in TXSD   Page 14 of 66
e 1:12-cv-00128-RMC-DST-RLW   Document 215-5   Filed 06/20/12   Page 300 of
2536                    79th LEGISLATURE — REGULAR SESSION

SECTION ___   Section 382.085, Health and Safety Code, as amended by this Act, applies only to a violation of Section 382.085, Health and Safety Code, that occurs on or after the effective date of this Act. A violation of Section 382.085, Health and Safety Code, that occurs before the effective date of this Act is governed by the law in effect when the violation occurred, and the current law is continued in effect for that purpose.

Representative Bonnen moved to table Amendment No. 7.

A record vote was requested.

The motion to table prevailed by (Record 463): 89 Yeas, 53 Nays, 1 Present, not voting.

Yeas — Allen, R.; Baxter; Berman; Blake; Bohac; Bonnen; Brown, B.; Brown, F.; Callegari; Campbell; Casteel; Chisum; Cook, B.; Cook, R.; Corte; Crabb; Crownover; Davis, J.; Dawson; Delisi; Denny; Driver; Eiland; Eissler; Elkins; Flynn; Gattis; Geren; Goodman; Goolsby; Grusendorf; Haggerty; Hamilton; Hamric; Hardcastle; Harper-Brown; Hartnett; Hegar; Hilderbran; Hill; Homer; Hope; Hopson; Howard; Hughes; Hunter; Hupp; Isett; Jackson; Jones, D.; Keel; Keffer, B.; Keffer, J.; King, P.; King, T.; Kolkhorst; Krusee; Kuempel; Laubenberg; Madden; McCall; McReynolds; Miller; Morrison; Mowery; Nixon; Orr; Otto; Paxton; Phillips; Pitts; Reyna; Riddle; Ritter; Smith, T.; Smith, W.; Smithee; Solomons; Strama; Straus; Swinford; Talton; Taylor; Truitt; Van Arsdale; West; Wong; Woolley; Zedler.

Nays — Allen, A.; Alonzo; Anchia; Bailey; Burnam; Castro; Chavez; Coleman; Davis, Y.; Deshotel; Dukes; Dunnam; Dutton; Edwards; Escobar; Farabee; Farrar; Flores; Frost; Gallego; Gonzales; Gonzalez Toureilles; Guillen; Herrero; Hochberg; Hodge; Jones, J.; Laney; Leibowitz; Luna; Martinez; Martinez Fischer; McClendon; Menendez; Merritt; Moreno, J.; Moreno, P.; Naishtat; Noriega, M.; Olivo; Peña; Pickett; Quintanilla; Raymond; Rodriguez; Rose; Solis; Thompson; Turner; Uresti; Veasey; Villarreal; Vo.

Present, not voting — Mr. Speaker(C).

Absent, Excused — Anderson; Branch; Griggs.

Absent — Giddings; Oliveira; Puente; Seaman.

### STATEMENT OF VOTE

When Record No. 463 was taken, I was in the house but away from my desk. I would have voted no.

Giddings

### Amendment No. 8

Representative J. Moreno offered the following amendment to **CSHB 1900**:

Amend **CSHB 1900** as by adding the appropriately numbered sections and re-numbering the subsequent sections accordingly:

SECTION___   Subchapter A, Chapter 382, Health and Safety Code, is amended by adding Section 382.042 to read as follows:

JA_008883

USA_00023765

Sec. 382.042.  EFFECTS SCREENING LEVELS; PENALTY.

(b)  A person may not cause, suffer, allow, or permit the emission of any air contaminant or the performance of any activity that causes an effects screening level set by the commission under to be exceeded. The commission by rule shall establish requirements for the assessment of a penalty for a violation of this subsection.

SECTION ___  Not later than January 1, 2006, the Texas Commission on Environmental Quality shall adopt rules relating to penalties for the exceedence of an effect screening level as required by Section 382.042, Health and Safety Code, as added by this Act.

Representative Bonnen moved to table Amendment No. 8.

A record vote was requested.

The motion to table prevailed by (Record 464): 83 Yeas, 58 Nays, 1 Present, not voting.

Yeas — Allen, R.; Berman; Blake; Bohac; Bonnen; Brown, B.; Brown, F.; Callegari; Campbell; Chisum; Cook, B.; Corte; Crabb; Crownover; Davis, J.; Dawson; Delisi; Denny; Driver; Eissler; Elkins; Flynn; Gattis; Geren; Goolsby; Grusendorf; Haggerty; Hamilton; Hamric; Hardcastle; Harper-Brown; Hartnett; Hegar; Hilderbran; Hill; Hope; Hopson; Howard; Hughes; Hunter; Hupp; Isett; Jackson; Jones, D.; Keel; Keffer, B.; Keffer, J.; King, P.; King, T.; Kolkhorst; Krusee; Kuempel; Laubenberg; Madden; McCall; McReynolds; Merritt; Miller; Morrison; Mowery; Nixon; Orr; Otto; Paxton; Phillips; Pitts; Reyna; Riddle; Seaman; Smith, T.; Smith, W.; Smithee; Solomons; Straus; Swinford; Talton; Taylor; Truitt; Van Arsdale; West; Wong; Woolley; Zedler.

Nays — Allen, A.; Alonzo; Bailey; Baxter; Burnam; Castro; Chavez; Coleman; Cook, R.; Davis, Y.; Deshotel; Dukes; Dunnam; Dutton; Edwards; Eiland; Escobar; Farabee; Farrar; Flores; Frost; Gallego; Giddings; Gonzales; Gonzalez Toureilles; Goodman; Guillen; Herrero; Hochberg; Hodge; Homer; Jones, J.; Laney; Leibowitz; Luna; Martinez; Martinez Fischer; McClendon; Menendez; Moreno, J.; Moreno, P.; Naishtat; Noriega, M.; Olivo; Peña; Puente; Quintanilla; Raymond; Ritter; Rodriguez; Rose; Solis; Thompson; Turner; Uresti; Veasey; Villarreal; Vo.

Present, not voting — Mr. Speaker(C).

Absent, Excused — Anderson; Branch; Griggs.

Absent — Anchia; Casteel; Oliveira; Pickett; Strama.

### STATEMENTS OF VOTE

When Record No. 464 was taken, I was in the house but away from my desk. I would have voted no.

Anchia

When Record No. 464 was taken, I was in the house but away from my desk. I would have voted yes.

Casteel

USA_00023766

When Record No. 464 was taken, I was in the house but away from my desk. I would have voted yes.

Strama

**Amendment No. 9**

Representative Farrar offered the following amendment to **CSHB 1900**:

In **CSHB 1900**, add the appropriately numbered sections and re-number subsequent sections accordingly:

SECTION___  Section 382.085, Health and Safety Code, is amended by adding Subsection (d) to read as follows:

(d)  If the commission brings an action for a violation of this section, it is a refutable presumption that the burden is on the owner or operator of the facility or source, through certification by a responsible official, to demonstrate to the commission that the facility or source:

(1)  is in compliance with all technological requirements applicable to the facility or source;

(2)  is in compliance with all monitoring requirements applicable to the facility or source; and

(3)  is aware of no evidence that demonstrates that the facility or source has caused or contributed to air pollution in violation of this section.

SECTION___.  Section 382.085, Health and Safety Code, as amended by this Act, applies only to a violation of Section 382.085, Health and Safety Code, that occurs on or after the effective date of this Act. A violation of Section 382.085, Health and Safety Code, that occurs before the effective date of this Act is governed by the law in effect when the violation occurred, and the current law is continued in effect for that purpose.

Representative Bonnen moved to table Amendment No. 9.

A record vote was requested.

The motion to table prevailed by (Record 465): 86 Yeas, 57 Nays, 1 Present, not voting.

Yeas — Allen, R.; Baxter; Berman; Blake; Bohac; Bonnen; Brown, B.; Brown, F.; Callegari; Campbell; Chisum; Cook, B.; Corte; Crabb; Crownover; Davis, J.; Dawson; Delisi; Denny; Driver; Eissler; Elkins; Farabee; Flynn; Gattis; Geren; Goodman; Goolsby; Grusendorf; Haggerty; Hamilton; Hamric; Hardcastle; Harper-Brown; Hartnett; Hegar; Hilderbran; Hill; Hope; Howard; Hughes; Hunter; Hupp; Isett; Jackson; Jones, D.; Keel; Keffer, B.; Keffer, J.; King, P.; King, T.; Kolkhorst; Krusee; Kuempel; Laney; Laubenberg; Madden; McCall; Merritt; Miller; Mowery; Nixon; Orr; Otto; Paxton; Phillips; Pickett; Pitts; Reyna; Riddle; Seaman; Smith, T.; Smith, W.; Smithee; Solomons; Strama; Straus; Swinford; Talton; Taylor; Truitt; Van Arsdale; West; Wong; Woolley; Zedler.

Nays — Allen, A.; Alonzo; Anchia; Bailey; Burnam; Castro; Chavez; Coleman; Cook, R.; Davis, Y.; Deshotel; Dukes; Dunnam; Dutton; Edwards; Eiland; Escobar; Farrar; Flores; Frost; Gallego; Giddings; Gonzales; Gonzalez

JA_008885

USA_00023767

Toureilles; Guillen; Herrero; Hochberg; Hodge; Homer; Hopson; Jones, J.; Leibowitz; Luna; Martinez; Martinez Fischer; McClendon; McReynolds; Menendez; Moreno, J.; Moreno, P.; Naishtat; Noriega, M.; Olivo; Peña; Puente; Quintanilla; Raymond; Ritter; Rodriguez; Rose; Solis; Thompson; Turner; Uresti; Veasey; Villarreal; Vo.

Present, not voting — Mr. Speaker(C).

Absent, Excused — Anderson; Branch; Griggs.

Absent — Casteel; Morrison; Oliveira.

### STATEMENT OF VOTE

When Record No. 465 was taken, I was in the house but away from my desk. I would have voted yes.

Casteel

**Amendment No. 10**

Representative Farrar offered the following amendment to **CSHB 1900**:

In **CSHB 1900**, on line 8 of page 2 make the following change:

(3)  the actual emissions do not exceed the estimates submitted in the notice ~~by more than a reportable quantity.~~

Representative Bonnen moved to table Amendment No. 10.

A record vote was requested.

The motion to table prevailed by (Record 466): 82 Yeas, 52 Nays, 1 Present, not voting.

Yeas — Allen, R.; Baxter; Berman; Blake; Bohac; Bonnen; Brown, B.; Brown, F.; Callegari; Campbell; Chisum; Cook, B.; Corte; Crabb; Crownover; Davis, J.; Dawson; Delisi; Denny; Driver; Eissler; Elkins; Gattis; Geren; Goolsby; Grusendorf; Haggerty; Hamilton; Hamric; Harper-Brown; Hartnett; Hegar; Hilderbran; Hill; Homer; Hope; Hunter; Hupp; Isett; Jackson; Jones, D.; Keel; Keffer, B.; Keffer, J.; Kolkhorst; Krusee; Kuempel; Laney; Laubenberg; Madden; McCall; McReynolds; Merritt; Miller; Morrison; Mowery; Nixon; Orr; Otto; Paxton; Phillips; Pickett; Pitts; Reyna; Riddle; Ritter; Seaman; Smith, T.; Smith, W.; Smithee; Solomons; Strama; Straus; Swinford; Talton; Taylor; Truitt; Van Arsdale; West; Wong; Woolley; Zedler.

Nays — Allen, A.; Alonzo; Anchia; Bailey; Burnam; Castro; Coleman; Cook, R.; Davis, Y.; Deshotel; Dukes; Dunnam; Dutton; Edwards; Escobar; Farrar; Flores; Frost; Gallego; Giddings; Gonzales; Gonzalez Toureilles; Guillen; Herrero; Hochberg; Hodge; Hopson; Jones, J.; King, T.; Leibowitz; Luna; Martinez; Martinez Fischer; McClendon; Menendez; Moreno, J.; Moreno, P.; Naishtat; Noriega, M.; Olivo; Peña; Puente; Quintanilla; Raymond; Rodriguez; Rose; Solis; Thompson; Turner; Uresti; Veasey; Vo.

Present, not voting — Mr. Speaker(C).

Absent, Excused — Anderson; Branch; Griggs.

### JA_008886

USA_00023768

Absent — Casteel; Chavez; Eiland; Farabee; Flynn; Goodman; Hardcastle; Howard; Hughes; King, P.; Oliveira; Villarreal.

## STATEMENTS OF VOTE

When Record No. 466 was taken, I was in the house but away from my desk. I would have voted yes.

Casteel

When Record No. 466 was taken, I was temporarily out of the house chamber. I would have voted yes.

Farabee

When Record No. 466 was taken, I was in the house but away from my desk. I would have voted yes.

Flynn

## MESSAGES FROM THE SENATE

Messages from the senate were received at this time (see the addendum to the daily journal, Messages from the Senate, Message Nos. 2 and 3).

### CSHB 1900 - (consideration continued)

A record vote was requested.

**CSHB 1900**, as amended, was passed to engrossment by (Record 467): 125 Yeas, 11 Nays, 1 Present, not voting.

Yeas — Allen, R.; Alonzo; Anchia; Bailey; Baxter; Berman; Blake; Bohac; Bonnen; Brown, B.; Brown, F.; Burnam; Callegari; Campbell; Casteel; Castro; Chavez; Chisum; Coleman; Cook, B.; Cook, R.; Corte; Crabb; Crownover; Davis, J.; Dawson; Delisi; Denny; Deshotel; Driver; Dukes; Edwards; Eiland; Eissler; Elkins; Escobar; Farabee; Flores; Flynn; Frost; Gallego; Gattis; Geren; Giddings; Gonzales; Gonzalez Toureilles; Goolsby; Grusendorf; Guillen; Haggerty; Hamilton; Hamric; Hardcastle; Harper-Brown; Hartnett; Hegar; Hilderbran; Hill; Hochberg; Homer; Hope; Hopson; Howard; Hughes; Hunter; Hupp; Isett; Jackson; Jones, D.; Jones, J.; Keel; Keffer, B.; Keffer, J.; King, P.; King, T.; Kolkhorst; Krusee; Kuempel; Laney; Laubenberg; Madden; Martinez; Martinez Fischer; McCall; McReynolds; Menendez; Merritt; Miller; Morrison; Mowery; Nixon; Noriega, M.; Oliveira; Orr; Otto; Paxton; Peña; Phillips; Pitts; Puente; Raymond; Riddle; Ritter; Rose; Seaman; Smith, T.; Smith, W.; Smithee; Solis; Solomons; Strama; Straus; Swinford; Talton; Taylor; Truitt; Turner; Van Arsdale; Veasey; Villarreal; Vo; West; Wong; Woolley; Zedler.

Nays — Allen, A.; Dutton; Farrar; Goodman; Leibowitz; Moreno, J.; Moreno, P.; Naishtat; Olivo; Thompson; Uresti.

Present, not voting — Mr. Speaker(C).

Absent, Excused — Anderson; Branch; Griggs.

Absent — Davis, Y.; Dunnam; Herrero; Hodge; Luna; McClendon; Pickett; Quintanilla; Reyna; Rodriguez.

JA_008887

## STATEMENTS OF VOTE

When Record No. 467 was taken, my vote failed to register. I would have voted no.

Y. Davis

I was shown voting no on Record No. 467. I intended to vote yes.

Goodman

When Record No. 467 was taken, I was in the house but away from my desk. I would have voted yes.

Herrero

When Record No. 467 was taken, I was in the house but away from my desk. I would have voted no.

Hodge

When Record No. 467 was taken, I was in the house but away from my desk. I would have voted yes.

McClendon

When Record No. 467 was taken, I was in the house but away from my desk. I would have voted no.

Rodriguez

I was shown voting no on Record No. 467. I intended to vote yes.

Uresti

## GENERAL STATE CALENDAR
## HOUSE BILLS
## THIRD READING

The following bills were laid before the house and read third time:

### HB 1706 ON THIRD READING
### (by Denny, Pitts, Woolley, Nixon, Bohac, et al.)

**HB 1706,** A bill to be entitled An Act relating to requiring a voter to present proof of identification.

**Amendment No. 1**

Representative Leibowitz offered the following amendment to **HB 1706**:

Amend **HB 1706** (second reading engrossment) as follows:

(1) In the recital to amended Section 63.001, Election Code, strike "Subsection (g)" and substitute "Subsections (g) and (h)".

(2) In the section amending Section 63.001, Election Code, add a new Subsection (h) to read as follows:

(h) The requirements for identification prescribed by Subsection (b)(1) or (2) do not apply to a voter who:

(1) presents the voter's voter registration certificate on offering to vote; and

JA_008888

USA_00023770

(2) is 85 years of age or older as indicated by the date of birth on the voter's voter registration certificate.

Representative Denny moved to table Amendment No. 1.

A record vote was requested.

The motion to table prevailed by (Record 468): 72 Yeas, 67 Nays, 1 Present, not voting.

Yeas — Allen, R.; Baxter; Berman; Blake; Bohac; Bonnen; Brown, B.; Brown, F.; Cook, B.; Corte; Crabb; Crownover; Davis, J.; Dawson; Delisi; Denny; Driver; Eissler; Flynn; Gattis; Goodman; Grusendorf; Haggerty; Hamilton; Hamric; Hardcastle; Harper-Brown; Hartnett; Hegar; Hilderbran; Hill; Hope; Howard; Hunter; Hupp; Isett; Jackson; Jones, D.; Keel; Keffer, B.; King, P.; Krusee; Kuempel; Laubenberg; Madden; McCall; Morrison; Mowery; Nixon; Orr; Otto; Paxton; Phillips; Pitts; Reyna; Riddle; Ritter; Seaman; Smith, T.; Smith, W.; Smithee; Solomons; Straus; Swinford; Talton; Taylor; Truitt; Van Arsdale; West; Wong; Woolley; Zedler.

Nays — Allen, A.; Alonzo; Anchia; Bailey; Burnam; Campbell; Castro; Chavez; Coleman; Cook, R.; Davis, Y.; Deshotel; Dukes; Dunnam; Dutton; Edwards; Eiland; Elkins; Escobar; Farabee; Farrar; Flores; Frost; Gallego; Geren; Giddings; Gonzales; Gonzalez Toureilles; Goolsby; Guillen; Herrero; Hochberg; Hodge; Homer; Hopson; Hughes; Jones, J.; King, T.; Laney; Leibowitz; Luna; Martinez; Martinez Fischer; McClendon; McReynolds; Menendez; Merritt; Moreno, J.; Moreno, P.; Naishtat; Noriega, M.; Olivo; Peña; Pickett; Puente; Quintanilla; Raymond; Rodriguez; Rose; Solis; Strama; Thompson; Turner; Uresti; Veasey; Villarreal; Vo.

Present, not voting — Mr. Speaker(C).

Absent, Excused — Anderson; Branch; Griggs.

Absent — Callegari; Casteel; Chisum; Keffer, J.; Kolkhorst; Miller; Oliveira.

## STATEMENT OF VOTE

When Record No. 468 was taken, I was in the house but away from my desk. I would have voted yes.

Casteel

## Amendment No. 2

Representative Edwards offered the following amendment to **HB 1706**:

Amend **HB 1706** (second reading engrossment) on page 8, between lines 14 and 15 by inserting the following:

(c) The office of the voter registrar shall be open on a Saturday that falls within the five day period described by Subsection (a) for a voter to present identification as provided under this section.

Amendment No. 2 was adopted.

USA_00023771

**Amendment No. 3**

Representative Hochberg offered the following amendment to **HB 1706**:

Amend **HB 1706** (second reading engrossment) by striking added Section 65.0541, Election Code, and substituting the following:

Sec. 65.0541. PRESENTATION OF IDENTIFICATION FOR CERTAIN PROVISIONAL BALLOTS. (a) A voter who is accepted for provisional voting under Section 63.011 because the voter does not present proof of identification as required by Section 63.001(b)(1) or (2) may submit proof of identification to the voter registrar by personal delivery or by mail for examination by the early voting ballot board not later than the fifth day after the date of the election.

(b) The early voting ballot board shall accept a provisional ballot under Section 65.054 if the voter:

(1) presents proof of identification in the manner required by this section; and

(2) is otherwise eligible to vote in the election.

(c) The secretary of state shall prescribe procedures as necessary to implement this section.

Amendment No. 3 was adopted.

### HB 1706 - POINT OF ORDER

Representative Burnam raised a point of order against further consideration of **HB 1706** under Rule 6, Section 1(a); Rule 6, Section 15; and Rule 6, Section 17 of the House Rules on the grounds that the bill was placed out of order on the calendar.

### COMMITTEE MEETING ANNOUNCEMENTS

The following committee meetings were announced:

Juvenile Justice and Family Issues, upon lunch recess today, Desk 115, for a formal meeting, to consider pending business.

Local and Consent Calendars, upon lunch recess today, Desk 68, for a formal meeting, to consider placement of bills on the local and consent calendar.

Corrections, upon lunch recess today, Desk 50, for a formal meeting, to consider pending legislation.

Public Health, upon lunch recess today, Desk 39, for a formal meeting, to consider pending legislation.

Business and Industry, upon lunch recess today, Desk 103, for a formal meeting, to consider pending business.

Licensing and Administrative Procedures, upon lunch recess today, Desk 99, for a formal meeting, to consider **HB 1649** and **HB 2797**.

Pensions and Investments will reconvene upon lunch recess today, E2.010, for a public hearing, to consider pending business.

Local Government Ways and Means, upon lunch recess today, Desk 73, for a formal meeting, to consider pending business.

USA_00023772

Case 2:13-cv-00193 Document 664-17 Filed on 11/11/14 in TXSD Page 22 of 66
e 1:12-cv-00128-RMC-DST-RLW Document 215-5 Filed 06/20/12 Page 308 of
2544        79th LEGISLATURE — REGULAR SESSION

Civil Practices, upon lunch recess today, Desk 57, for a formal meeting, to consider committee business.

State Affairs, upon lunch recess today, Desk 9, for a formal meeting, to consider pending bills.

Defense Affairs and State-Federal Relations, upon lunch recess today, Desk 76, for a formal meeting, to consider pending legislation.

## FIVE DAY POSTING RULE SUSPENDED

Representative J. Davis moved to suspend the five day posting rule and all necessary rules to allow the Committee on Criminal Jurisprudence to consider **HB 1425** at 2 p.m. or upon adjournment today in E2.016.

The motion prevailed.

## RECESS

At 12:10 p.m., the speaker announced that the house would stand recessed until 1:30 p.m. today.

## AFTERNOON SESSION

The house met at 1:30 p.m. and was called to order by the speaker.

### HB 1706 - (pending business)

A point of order against further consideration of **HB 1706** was pending prior to lunch recess on the grounds that the bills were placed on today's calendar out of order.

The speaker sustained the point of order. **HB 1706** was placed on a revised calendar and was considered on third reading later today.

## RECESS

Representative Woolley moved that the house recess until 3 p.m. today.

The motion prevailed.

The house accordingly, at 1:48 p.m., recessed until 3 p.m. today.

## AFTERNOON SESSION

The house met at 3 p.m. and was called to order by the speaker.

## STATEMENT BY REPRESENTATIVE DUNNAM

Regardless of who actually makes up the supplemental daily calendar, that person(s) can only do so under the authority of the Calendars Committee because of the plain language of the rule. At the time of the making up of the "revised" supplemental daily calendar, no one had jurisdiction over the bills because the speaker had not yet sustained the point of order.

Once a bill is placed on a calendar, the Calendars Committee has no more jurisdiction over that bill, because under Rule 6, Section 16, the Calendars Committee can not alter the bill's "relative position on the calendar".

Calendars only gains jurisdiction after the bill has been printed and then referred to it by the committee coordinator under Rule 6, Section 19. The only exception is under Rule 4, Section 41, when Calendars assumes immediate jurisdiction of bill where the committee substitute is found not germane.

JA_008891

USA_00023773

Case 2:13-cv-00193 Document 664-17 Filed on 11/11/14 in TXSD Page 23 of 66
e 1:12-cv-00128-RMC-DST-RLW Document 215-5 Filed 06/20/12 Page 309 of
Tuesday, May 3, 2005          HOUSE JOURNAL — 61st Day          2343

When a point of order is sustained against a bill on third reading, it dies, because there is no committee for it to go. On second reading, the house is considering the committee report, and so a point of order sustained because of incorrect minutes returns the bill to the reporting committee.

Since the supplemental calendar was wrong, and the bill was not referred to the Calendars Committee in accordance with Rule 6, Section 19, before the making up of the "revised" supplemental calendar, Calendars had no jurisdiction over the bill and no one acting under the committee's authority may place it on another calendar.

### GENERAL STATE CALENDAR
### HOUSE BILLS
### THIRD READING

The following bills were laid before the house and read third time:

### HB 3001 ON THIRD READING
### (by Morrison, et al.)

**HB 3001**, A bill to be entitled An Act relating to the amount of the annual constitutional appropriation to certain agencies and institutions of higher education and to the allocation of those funds to those agencies and institutions.

Representative Morrison moved to postpone consideration of **HB 3001** until 10 a.m. May 5.

The motion prevailed.

### HB 283 ON THIRD READING
### (by Hope, Goolsby, and Raymond)

**HB 283**, A bill to be entitled An Act relating to the transfer of public school students who are the victims of bullying.

(Krusee in the chair)

**Amendment No. 1**

Representative Hope offered the following amendment to **HB 283**:

Amend **HB 283** on third reading as follows:

(1)  On page 2 between lines 14 and 15 insert the following new section appropriately numbered:

SECTION___.  Subsection (a), Section 37.083, Education Code, is amended to read as follows:

(a)  Each school district shall adopt and implement a discipline management program to be included in the district improvement plan under Section 11.252. The program must provide for prevention of and education concerning unwanted physical or verbal aggression, sexual harassment, and other forms of bullying in school, on school grounds, and in school vehicles.

(2)  Renumber the bill accordingly.

Amendment No. 1 was adopted.

(Branch now present)

JA_008892

**Amendment No. 2**

On behalf of Representative Isett, Representative Hope offered the following amendment to **HB 283**:

Amend **HB 283** on third reading by adding the following appropriately numbered sections to the bill and renumbering the subsequent sections accordingly:

SECTION___. Section 37.001, Education Code, is amended by amending Subsection (a) and adding Subsections (b) and (b-1) to read as follows:

(a)  The board of trustees of an independent school district shall, with the advice of its district-level committee established under Subchapter F, Chapter 11, adopt a student code of conduct for the district. The student code of conduct must be posted and prominently displayed at each school campus or made available for review at the office of the campus principal. In addition to establishing standards for student conduct, the student code of conduct must:

(1)  specify the circumstances, in accordance with this subchapter, under which a student may be removed from a classroom, campus, or disciplinary alternative education program;

(2)  specify conditions that authorize or require a principal or other appropriate administrator to transfer a student to a disciplinary alternative education program;

(3)  outline conditions under which a student may be suspended as provided by Section 37.005 or expelled as provided by Section 37.007;

(4)  specify whether consideration is given to self-defense as a factor in a decision to order suspension, removal to a disciplinary alternative education program, or expulsion;

(5)  provide guidelines for setting the length of a term of:

(A)  a removal under Section 37.006; and

(B)  an expulsion under Section 37.007; [and]

(6)  address the notification of a student's parent or guardian of a violation of the student code of conduct committed by the student that results in suspension, removal to a disciplinary alternative education program, or expulsion;

(7)  prohibit bullying, harassment, and making hit lists and ensure that district employees enforce those prohibitions; and

(8)  provide, as appropriate for students at each grade level, methods, including options, for:

(A)  managing students in the classroom and on school grounds;

(B)  disciplining students; and

(C)  preventing and intervening in student discipline problems, including bullying, harassment, and making hit lists.

(b)  In this section:

(1)  "Harassment" means threatening to cause harm or bodily injury to another student, engaging in sexually intimidating conduct, causing physical damage to the property of another student, subjecting another student to physical confinement or restraint, or maliciously taking any action that substantially harms another student's physical or emotional health or safety.

JA_008893

USA_00023775

(2)  "Hit list" means a list of people targeted to be harmed, using:

(A)  a firearm, as defined by Section 46.01(3), Penal Code;

(B)  a knife, as defined by Section 46.01(7), Penal Code; or

(C)  any other object to be used with intent to cause bodily harm.

(b-1)  The methods adopted under Subsection (a) (8) must provide that a student who is enrolled in a special education program under Subchapter A, Chapter 29, may not be disciplined for conduct prohibited in accordance with Subsection (a) (7) until an admission, review, and dismissal committee meeting has been held to review the conduct.

Amendment No. 2 was adopted.

A record vote was requested.

**HB 283**, as amended, was passed by (Record 469): 143 Yeas, 1 Nays, 2 Present, not voting.

Yeas — Allen, A.; Allen, R.; Alonzo; Anchia; Bailey; Baxter; Berman; Blake; Bohac; Bonnen; Branch; Brown, B.; Brown, F.; Burnam; Callegari; Campbell; Casteel; Castro; Chavez; Chisum; Coleman; Cook, B.; Cook, R.; Corte; Crabb; Crownover; Davis, J.; Davis, Y.; Dawson; Delisi; Denny; Deshotel; Driver; Dukes; Dunnam; Dutton; Edwards; Eiland; Eissler; Elkins; Escobar; Farabee; Farrar; Flores; Flynn; Frost; Gallego; Gattis; Geren; Giddings; Gonzalez Toureilles; Goodman; Goolsby; Grusendorf; Guillen; Haggerty; Hamilton; Hamric; Hardcastle; Harper-Brown; Hartnett; Hegar; Herrero; Hilderbran; Hill; Hochberg; Hodge; Homer; Hope; Hopson; Howard; Hughes; Hunter; Hupp; Isett; Jackson; Jones, D.; Jones, J.; Keel; Keffer, B.; Keffer, J.; King, P.; King, T.; Kolkhorst; Kuempel; Laney; Laubenberg; Leibowitz; Luna; Madden; Martinez; Martinez Fischer; McCall; McClendon; McReynolds; Menendez; Merritt; Miller; Moreno, J.; Moreno, P.; Morrison; Mowery; Naishtat; Nixon; Noriega, M.; Oliveira; Olivo; Orr; Otto; Paxton; Peña; Phillips; Pickett; Pitts; Puente; Raymond; Reyna; Riddle; Ritter; Rodriguez; Rose; Seaman; Smith, T.; Smith, W.; Smithee; Solis; Solomons; Strama; Straus; Talton; Taylor; Thompson; Truitt; Turner; Uresti; Van Arsdale; Veasey; Villarreal; Vo; West; Wong; Woolley; Zedler.

Nays — Swinford.

Present, not voting — Mr. Speaker; Krusee(C).

Absent, Excused — Anderson; Griggs.

Absent — Gonzales; Quintanilla.

## MESSAGE FROM THE SENATE

A message from the senate was received at this time (see the addendum to the daily journal, Messages from the Senate, Message No. 4).

JA_008894

### HB 1095 ON THIRD READING
### (by Menendez)

**HB 1095**, A bill to be entitled An Act relating to the offense of harassment by persons in certain correctional facilities and to creating the offense of harassment of public servant.

**Amendment No. 1**

Representative R. Allen offered the following amendment to **HB 1095**:

Amend **HB 1095** (Second Reading Engrossment) on page 1, line 14, by striking "<u>alarm, or annoy,</u>" and substituting "<u>or alarm,</u>".

Amendment No. 1 was adopted.

**HB 1095**, as amended, was passed. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

### HB 1426 ON THIRD READING
### (by Anderson)

**HB 1426**, A bill to be entitled An Act relating to the confidentiality of certain information in a rabies vaccination certificate.

**HB 1426** was passed. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

### HB 1172 ON THIRD READING
### (by F. Brown)

**HB 1172**, A bill to be entitled An Act relating to the tuition charged to resident undergraduate students of institutions of higher education for excess credit hours and to related formula funding.

**HB 1172** was passed. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

### HB 2241 ON THIRD READING
### (by Callegari)

**HB 2241**, A bill to be entitled An Act relating to the authority of certain municipalities to require a contract between a municipal utility district and the municipality before the district issues obligations.

JA_008895

USA_00023777

## HB 2241 - STATEMENT OF LEGISLATIVE INTENT

REPRESENTATIVE STRAMA: As I mentioned to you, there is a lawsuit in my district by a community in my district, suing the city of Austin under Section 54.016(f), which would be repealed by this bill. Is it your intention that this bill would only be proactive and would have no effect on pending litigation under Section 54.016(f)?

REPRESENTATIVE CALLEGARI: That's correct.

### REMARKS ORDERED PRINTED

Representative Strama moved to print remarks between Representative Callegari and Representative Strama.

The motion prevailed.

HB 2241 was passed. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. Members registering votes are as follows: Baxter, Gattis, Keel, Naishtat, Rodriguez, and Strama recorded voting no.)

### HB 159 ON THIRD READING
### (by Talton)

HB 159, A bill to be entitled An Act relating to expenditures of funds by a political subdivision to advertise a referendum.

HB 159 was passed. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

### HB 664 ON THIRD READING
### (by Isett)

HB 664, A bill to be entitled An Act relating to consideration of a bidder's principal place of business in awarding certain municipal and school district contracts.

HB 664 was passed. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

### HB 1249 ON THIRD READING
### (by Reyna)

HB 1249, A bill to be entitled An Act relating to criminal punishment for aggressive driving that results in the death of a person.

HB 1249 was passed. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

USA_00023778

### HB 1048 ON THIRD READING
### (by Chisum)

**HB 1048**, A bill to be entitled An Act relating to the forfeiture of contraband used or intended to be used in the commission of certain criminal offenses.

**HB 1048** was passed. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

### HB 2405 ON THIRD READING
### (by Keel and Hodge)

**HB 2405**, A bill to be entitled An Act relating to prohibiting a person not entitled to receive an early voting ballot by mail from casting that ballot; providing a criminal penalty.

**HB 2405** was passed. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. Members registering votes are as follows:  Herrero, Leibowitz, and Rose recorded voting no.)

### HB 1579 ON THIRD READING
### (by Kolkhorst, Eiland, Griggs, T. Smith, Berman, et al.)

**HB 1579**, A bill to be entitled An Act relating to eligibility for benefits of and reports concerning certain retired members of the Teacher Retirement System of Texas; imposing a penalty.

**HB 1579** was passed. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

### HB 2623 ON THIRD READING
### (by Phillips and R. Cook)

**HB 2623**, A bill to be entitled An Act relating to the distribution by the Texas Department of Transportation of certain assistance for the repair and maintenance of county roads.

A record vote was requested.

**HB 2623** was passed by (Record 470): 141 Yeas, 0 Nays, 2 Present, not voting.

Yeas — Allen, A.; Allen, R.; Alonzo; Anchia; Bailey; Baxter; Berman; Blake; Bohac; Bonnen; Branch; Brown, B.; Brown, F.; Burnam; Callegari; Campbell; Casteel; Castro; Chavez; Chisum; Coleman; Cook, B.; Cook, R.; Crabb; Crownover; Davis, J.; Davis, Y.; Dawson; Delisi; Denny; Deshotel; Driver; Dukes; Dunnam; Dutton; Edwards; Eiland; Eissler; Elkins; Escobar; Farabee; Farrar; Flores; Flynn; Frost; Gallego; Gattis; Geren; Giddings; Gonzales; Gonzalez Toureilles; Goodman; Goolsby; Guillen; Haggerty; Hamilton; Hamric; Hardcastle; Harper-Brown; Hartnett; Hegar; Herrero; Hill;

JA_008897

USA_00023779

Hochberg; Hodge; Homer; Hope; Hopson; Howard; Hunter; Hupp; Isett; Jackson; Jones, D.; Jones, J.; Keel; Keffer, B.; Keffer, J.; King, P.; King, T.; Kolkhorst; Kuempel; Laney; Laubenberg; Leibowitz; Luna; Madden; Martinez; Martinez Fischer; McCall; McClendon; McReynolds; Menendez; Merritt; Miller; Moreno, J.; Moreno, P.; Morrison; Mowery; Naishtat; Nixon; Noriega, M.; Oliveira; Olivo; Orr; Otto; Paxton; Peña; Phillips; Pickett; Pitts; Puente; Raymond; Reyna; Riddle; Ritter; Rodriguez; Rose; Seaman; Smith, T.; Smith, W.; Smithee; Solis; Solomons; Strama; Straus; Swinford; Talton; Taylor; Thompson; Truitt; Turner; Uresti; Van Arsdale; Veasey; Villarreal; Vo; West; Wong; Woolley; Zedler.

Present, not voting — Mr. Speaker; Krusee(C).

Absent, Excused — Anderson; Griggs.

Absent — Corte; Grusendorf; Hilderbran; Hughes; Quintanilla.

## HB 3115 ON THIRD READING
## (by Corte)

**HB 3115**, A bill to be entitled An Act relating to certain homeland security activities, including the operation of the Critical Infrastructure Protection Council by the office of the governor.

**Amendment No. 1**

Representative Corte offered the following amendment to **HB 3115**:

Amend **HB 3115** on 3rd Reading in the SECTION of the bill that amends Section 421.026, Government Code, in Subdivision (5) of that section, by striking "421.021 (a)(3)" and substituting "421.021(a)".

Amendment No. 1 was adopted.

A record vote was requested.

**HB 3115**, as amended, was passed by (Record 471): 142 Yeas, 0 Nays, 2 Present, not voting.

Yeas — Allen, A.; Allen, R.; Alonzo; Anchia; Baxter; Berman; Blake; Bohac; Bonnen; Branch; Brown, B.; Brown, F.; Burnam; Callegari; Campbell; Casteel; Castro; Chavez; Chisum; Coleman; Cook, B.; Cook, R.; Corte; Crabb; Crownover; Davis, J.; Davis, Y.; Dawson; Delisi; Denny; Deshotel; Driver; Dukes; Dunnam; Dutton; Edwards; Eiland; Eissler; Elkins; Escobar; Farabee; Farrar; Flores; Flynn; Frost; Gallego; Gattis; Geren; Giddings; Gonzales; Goodman; Goolsby; Grusendorf; Guillen; Haggerty; Hamilton; Hamric; Hardcastle; Harper-Brown; Hartnett; Hegar; Herrero; Hilderbran; Hill; Hochberg; Hodge; Homer; Hope; Hopson; Howard; Hunter; Hupp; Isett; Jackson; Jones, D.; Jones, J.; Keel; Keffer, B.; Keffer, J.; King, P.; King, T.; Kolkhorst; Kuempel; Laney; Laubenberg; Leibowitz; Luna; Madden; Martinez; Martinez Fischer; McCall; McClendon; McReynolds; Menendez; Merritt; Miller; Moreno, J.; Moreno, P.; Morrison; Mowery; Naishtat; Nixon; Noriega, M.; Oliveira; Olivo; Orr; Otto; Paxton; Peña; Phillips; Pickett; Pitts; Puente; Quintanilla; Raymond;

USA_00023780

Reyna; Riddle; Rodriguez; Rose; Seaman; Smith, T.; Smith, W.; Smithee; Solis; Solomons; Strama; Straus; Swinford; Talton; Taylor; Thompson; Truitt; Turner; Uresti; Van Arsdale; Veasey; Villarreal; Vo; West; Wong; Woolley; Zedler.

Present, not voting — Mr. Speaker; Krusee(C).

Absent, Excused — Anderson; Griggs.

Absent — Bailey; Gonzalez Toureilles; Hughes; Ritter.

### HB 3460 ON THIRD READING
### (by Baxter)

**HB 3460**, A bill to be entitled An Act relating to the interest rate to be paid on the deposits made by customers of a water, electric, gas, or telephone utility.

Representative Baxter moved to postpone consideration of **HB 3460** until the end of today's calendar.

The motion prevailed.

### LEAVE OF ABSENCE GRANTED

The following member was granted leave of absence for the remainder of today because of important business:

Hughes on motion of Harper-Brown.

### HB 1235 ON THIRD READING
### (by Paxton)

**HB 1235**, A bill to be entitled An Act relating to the notice required for a sale of real property under a contract lien.

**HB 1235** was passed. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

### HB 1919 ON THIRD READING
### (by R. Allen)

**HB 1919**, A bill to be entitled An Act relating to notice in certain real property transactions concerning public improvement districts.

**HB 1919** was passed. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

### HB 2135 ON THIRD READING
### (by Phillips, Hamric, Truitt, Homer, and Woolley)

**HB 2135**, A bill to be entitled An Act relating to the creation of a tourist-oriented directional sign program.

A record vote was requested.

USA_00023781

**HB 2135** was passed by (Record 472): 142 Yeas, 0 Nays, 3 Present, not voting.

Yeas — Allen, A.; Allen, R.; Alonzo; Anchia; Bailey; Baxter; Berman; Blake; Bohac; Bonnen; Branch; Brown, B.; Brown, F.; Burnam; Callegari; Campbell; Casteel; Castro; Chavez; Chisum; Coleman; Cook, B.; Cook, R.; Corte; Crabb; Davis, J.; Davis, Y.; Delisi; Denny; Deshotel; Driver; Dukes; Dunnam; Dutton; Edwards; Eiland; Eissler; Elkins; Escobar; Farabee; Farrar; Flores; Flynn; Frost; Gallego; Gattis; Geren; Giddings; Gonzales; Gonzalez Toureilles; Goodman; Goolsby; Grusendorf; Guillen; Haggerty; Hamilton; Hamric; Hardcastle; Harper-Brown; Hartnett; Hegar; Herrero; Hilderbran; Hill; Hochberg; Hodge; Homer; Hope; Hopson; Howard; Hunter; Hupp; Isett; Jackson; Jones, D.; Jones, J.; Keel; Keffer, B.; Keffer, J.; King, P.; King, T.; Kolkhorst; Kuempel; Laney; Laubenberg; Leibowitz; Luna; Madden; Martinez; Martinez Fischer; McCall; McClendon; McReynolds; Menendez; Merritt; Miller; Moreno, J.; Moreno, P.; Morrison; Mowery; Naishtat; Nixon; Noriega, M.; Oliveira; Olivo; Orr; Otto; Paxton; Peña; Phillips; Pickett; Pitts; Puente; Quintanilla; Raymond; Reyna; Riddle; Ritter; Rose; Seaman; Smith, T.; Smith, W.; Smithee; Solis; Solomons; Strama; Straus; Swinford; Talton; Taylor; Thompson; Truitt; Turner; Uresti; Van Arsdale; Veasey; Villarreal; Vo; West; Wong; Woolley; Zedler.

Present, not voting — Mr. Speaker; Crownover; Krusee(C).

Absent, Excused — Anderson; Griggs; Hughes.

Absent — Dawson; Rodriguez.

## HB 2966 ON THIRD READING
### (by Seaman)

**HB 2966**, A bill to be entitled An Act relating to the criminal penalty for violating certain statutes enforceable by, or ordinances, rules, or regulations of, navigation districts or port authorities.

**HB 2966** was passed. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

(Speaker in the chair)

## HB 1706 ON THIRD READING
### (by Denny, Pitts, Woolley, Nixon, Bohac, et al.)

**HB 1706**, A bill to be entitled An Act relating to requiring a voter to present proof of identification.

**HB 1706** was read third time earlier today, amended, and a point of order against the calendar precluded further consideration of **HB 1706** until this time.

## Amendment No. 4

Representative Veasey offered the following amendment to **HB 1706**:

JA_008900

USA_00023782

Case 2:13-cv-00193   Document 664-17   Filed on 11/11/14 in TXSD   Page 32 of 66
Case 1:12-cv-00128-RMC-DST-RLW   Document 215-5   Filed 06/20/12   Page 318 of
2394          79th LEGISLATURE — REGULAR SESSION

Amend **HB 1706** by adding the following appropriately numbered SECTION to the bill and renumbering subsequent SECTIONS of the bill accordingly:

SECTION _____. Chapter 63, Election Code, is amended by adding Sections 63.014 and 63.015 to read as follows:

Sec. 63.014. PROVISION OF FALSE INFORMATION ABOUT IDENTIFICATION REQUIREMENTS. (a) A person, including an election officer, commits an offense if the person knowingly provides to another person false information relating to the requirements for presenting proof of identification under this chapter.

(b) An offense under this section is a Class A misdemeanor.

Sec. 63.015. FAILURE TO DISCLOSE COMPLETE INFORMATION ABOUT IDENTIFICATION REQUIREMENTS. (a) An election officer commits an offense if the officer knowingly fails to inform a voter who does not present the form of documentation requested by the election officer:

(1) that there are other acceptable forms of documentation;

(2) which other forms of documentation are acceptable;

(3) that the voter may leave the polling place and return to the polling place at any time before the polls close with the required documentation for casting a ballot; and

(4) that the voter may cast a provisional ballot if the voter executes an affidavit as provided by Section 63.011.

(b) An offense under this section is a Class A misdemeanor.

Amendment No. 4 was withdrawn.

A record vote was requested.

**HB 1706**, as amended, was passed by (Record 473): 78 Yeas, 67 nays, 1 Present, not voting.

Yeas — Allen, R.; Baxter; Berman; Blake; Bohac; Bonnen; Branch; Brown, B.; Brown, F.; Callegari; Campbell; Casteel; Chisum; Cook, B.; Corte; Crabb; Crownover; Davis, J.; Dawson; Delisi; Denny; Driver; Eissler; Flynn; Gattis; Goodman; Goolsby; Grusendorf; Haggerty; Hamric; Hardcastle; Harper-Brown; Hartnett; Hegar; Hilderbran; Hill; Hope; Howard; Hunter; Hupp; Isett; Jackson; Keel; Keffer, J.; King, P.; Kolkhorst; Krusee; Kuempel; Laubenberg; Madden; McCall; Merritt; Miller; Morrison; Mowery; Nixon; Orr; Otto; Paxton; Phillips; Pitts; Reyna; Riddle; Seaman; Smith, T.; Smith, W.; Smithee; Solomons; Straus; Swinford; Talton; Taylor; Truitt; Van Arsdale; West; Wong; Woolley; Zedler.

Nays — Allen, A.; Alonzo; Anchia; Bailey; Burnam; Castro; Chavez; Coleman; Cook, R.; Davis, Y.; Deshotel; Dukes; Dunnam; Dutton; Edwards; Eiland; Elkins; Escobar; Farabee; Farrar; Flores; Frost; Gallego; Geren; Giddings; Gonzales; Gonzalez Toureilles; Guillen; Hamilton; Herrero; Hochberg; Hodge; Homer; Hopson; Jones, D.; Jones, J.; King, T.; Laney; Leibowitz; Luna; Martinez; Martinez Fischer; McClendon; McReynolds; Menendez; Moreno, J.;

USA_00023783

Moreno, P.; Naishtat; Noriega, M.; Oliveira; Olivo; Peña; Pickett; Puente; Quintanilla; Raymond; Ritter; Rodriguez; Rose; Solis; Strama; Thompson; Turner; Uresti; Veasey; Villarreal; Vo.

Present, not voting — Mr. Speaker(C).

Absent, Excused — Anderson; Griggs; Hughes.

Absent — Keffer, B.

### STATEMENT OF VOTE

When Record No. 473 was taken, my vote failed to register. I would have voted yes.

B. Keffer

### HB 1986 ON THIRD READING
### (by Solomons)

**HB 1986**, A bill to be entitled An Act relating to the administration and powers of a coordinated county transportation authority.

**HB 1986** was passed. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. Members registering votes are as follows:  Herrero, Leibowitz, and Rose recorded voting no.)

### HB 2799 ON THIRD READING
### (by Talton)

**HB 2799**, A bill to be entitled An Act relating to the removal of vehicles and property from a roadway in a political subdivision and to the authority of a political subdivision to establish a traffic incident management program.

A record vote was requested.

**HB 2799** was passed by (Record 474): 145 Yeas, 0 Nays, 1 Present, not voting.

Yeas — Allen, A.; Allen, R.; Alonzo; Anchia; Bailey; Baxter; Berman; Blake; Bohac; Bonnen; Branch; Brown, B.; Brown, F.; Burnam; Callegari; Campbell; Casteel; Castro; Chavez; Chisum; Coleman; Cook, B.; Cook, R.; Corte; Crabb; Crownover; Davis, J.; Davis, Y.; Dawson; Delisi; Denny; Deshotel; Driver; Dukes; Dunnam; Dutton; Edwards; Eiland; Eissler; Elkins; Escobar; Farabee; Farrar; Flores; Flynn; Frost; Gallego; Gattis; Geren; Giddings; Gonzales; Gonzalez Toureilles; Goodman; Goolsby; Grusendorf; Guillen; Haggerty; Hamilton; Hamric; Hardcastle; Harper-Brown; Hartnett; Hegar; Herrero; Hilderbran; Hill; Hochberg; Hodge; Homer; Hope; Hopson; Howard; Hunter; Hupp; Isett; Jackson; Jones, D.; Jones, J.; Keel; Keffer, B.; Keffer, J.; King, P.; King, T.; Kolkhorst; Krusee; Kuempel; Laney; Laubenberg; Leibowitz; Luna; Madden; Martinez; Martinez Fischer; McCall; McClendon; McReynolds; Menendez; Merritt; Miller; Moreno, J.; Moreno, P.; Morrison; Mowery; Naishtat; Nixon; Oliveira; Olivo; Orr; Otto; Paxton; Peña; Phillips; Pickett; Pitts; Puente; Quintanilla; Raymond; Reyna; Riddle; Ritter; Rodriguez; Rose; Seaman; Smith,

JA_008902

USA_00023784

T.; Smith, W.; Smithee; Solis; Solomons; Strama; Straus; Swinford; Talton; Taylor; Thompson; Truitt; Turner; Uresti; Van Arsdale; Veasey; Villarreal; Vo; West; Wong; Woolley; Zedler.

Present, not voting — Mr. Speaker(C).

Absent, Excused — Anderson; Griggs; Hughes.

Absent — Noriega, M.

### GENERAL STATE CALENDAR
### SENATE BILLS
### THIRD READING

The following bills were laid before the house and read third time:

### SB 446 ON THIRD READING
### (Martinez - House Sponsor)

**SB 446**, A bill to be entitled An Act relating to the reduction in value or expiration of a stored value card.

**SB 446** was passed. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

### SB 571 ON THIRD READING
### (Homer - House Sponsor)

**SB 571**, A bill to be entitled An Act relating to the hours of sale and consumption of wine at a winery.

A record vote was requested.

**SB 571** was passed by (Record 475): 124 Yeas, 15 Nays, 1 Present, not voting.

Yeas — Allen, A.; Allen, R.; Alonzo; Anchia; Bailey; Baxter; Berman; Blake; Bohac; Bonnen; Brown, F.; Campbell; Casteel; Castro; Chavez; Chisum; Coleman; Cook, B.; Cook, R.; Corte; Crownover; Davis, J.; Davis, Y.; Delisi; Denny; Deshotel; Driver; Dukes; Dunnam; Dutton; Edwards; Eiland; Eissler; Elkins; Escobar; Farabee; Farrar; Flynn; Frost; Gallego; Gattis; Geren; Giddings; Gonzales; Gonzalez Toureilles; Goodman; Goolsby; Grusendorf; Guillen; Haggerty; Hamilton; Hamric; Hardcastle; Hegar; Herrero; Hilderbran; Hill; Hochberg; Hodge; Homer; Hope; Hopson; Hunter; Hupp; Isett; Jones, D.; Jones, J.; Keel; Keffer, B.; Keffer, J.; King, P.; King, T.; Kolkhorst; Krusee; Kuempel; Laney; Leibowitz; Madden; Martinez; Martinez Fischer; McCall; McReynolds; Menendez; Merritt; Moreno, J.; Moreno, P.; Morrison; Mowery; Naishtat; Nixon; Noriega, M.; Olivo; Orr; Otto; Peña; Phillips; Pickett; Pitts; Puente; Quintanilla; Raymond; Reyna; Ritter; Rodriguez; Rose; Seaman; Smith, T.; Solis; Solomons; Strama; Straus; Swinford; Taylor; Thompson; Turner; Uresti; Van Arsdale; Veasey; Villarreal; Vo; West; Wong; Woolley; Zedler.

JA_008903

USA_00023785

Case 2:13-cv-00193   Document 664-17   Filed on 11/11/14 in TXSD   Page 35 of 66
e 1:12-cv-00128-RMC-DST-RLW   Document 215-5   Filed 06/20/12   Page 321 of
Tuesday, May 3, 2005      HOUSE JOURNAL — 61st Day      2339

Nays — Branch; Brown, B.; Callegari; Crabb; Dawson; Harper-Brown; Hartnett; Howard; Jackson; Laubenberg; Miller; Riddle; Smith, W.; Smithee; Talton.

Present, not voting — Mr. Speaker(C).

Absent, Excused — Anderson; Griggs; Hughes.

Absent — Burnam; Flores; Luna; McClendon; Oliveira; Paxton; Truitt.

### STATEMENTS OF VOTE

I was shown voting yes on Record No. 475. I intended to vote no.

Bohac

I was shown voting yes on Record No. 475. I intended to vote no.

B. Keffer

I was shown voting no on Record No. 475. I intended to vote yes.

W. Smith

### GENERAL STATE CALENDAR
### HOUSE BILLS
### SECOND READING

The following bills were laid before the house and read second time:

### CSHB 3111 ON SECOND READING
### (by Corte)

**CSHB 3111**, A bill to be entitled An Act relating to authorizing the presiding officer of a political subdivision to order an evacuation in certain emergency circumstances.

### LEAVE OF ABSENCE GRANTED

The following member was granted leave of absence for the remainder of today because of appropriations business:

F. Brown on motion of Oliveira.

### CSHB 3111 - (consideration continued)

**Amendment No. 1**

Representative Corte offered the following amendment to **CSHB 3111**:

Amend **CSHB 3111** as follows:
(1)  On page 1, line 7, strike "and (g)" and substitute ", (g), and (h)".
(2)  On page 1, between lines 17 and 18, insert the following:
(h)  For purposes of Subsections (f) and (g):
(1)  the jurisdiction and authority of the county judge includes the incorporated and unincorporated areas of the county; and
(2)  to the extent of a conflict between decisions of the county judge and the mayor, the decision of the county judge prevails.

Amendment No. 1 was adopted.

JA_008904

**CSHB 3111**, as amended, was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

### HB 3253 ON SECOND READING
### (by Ritter)

**HB 3253**, A bill to be entitled An Act relating to the use of certain electronically readable information on a driver's license or identification certificate to comply with certain alcohol and tobacco related laws; providing a penalty.

Representative Ritter moved to postpone consideration of **HB 3253** until 10 a.m. May 10.

The motion prevailed.

### HB 2420 ON SECOND READING
### (by Chavez and Solis)

**HB 2420**, A bill to be entitled An Act relating to the allocation of federal funds directed to be used to support graduate medical education in connection with the state Medicaid program.

Representative Chavez moved to postpone consideration of **HB 2420** until 10 a.m. May 6.

The motion prevailed.

### HB 1146 ON SECOND READING
### (by Chisum, Anderson, and Flynn)

**HB 1146**, A bill to be entitled An Act relating to contingent payment clauses in certain construction contracts.

**HB 1146** was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. Members registering votes are as follows: Berman and B. Brown recorded voting no.)

### CSHB 1208 ON SECOND READING
### (by Gattis)

**CSHB 1208**, A bill to be entitled An Act relating to a limitation on the use of eminent domain by municipal utility districts.

**Amendment No. 1**

Representative Hamric offered the following amendment to **CSHB 1208**:

Amend **CSHB 1208** on page 1, between lines 15 and 16, by inserting the following SECTION and renumbering subsequent SECTIONS accordingly:

JA_008905

USA_00023787

Case 2:13-cv-00193   Document 664-17   Filed on 11/11/14 in TXSD   Page 37 of 66
e 1:12-cv-00128-RMC-DST-RLW   Document 215-5   Filed 06/20/12   Page 323 of
Tuesday, May 3, 2005          HOUSE JOURNAL — 61st Day          2359

SECTION 2. Section 4.08, Chapter 1029, Acts of the 76th Legislature, Regular Session, 1999, is amended by adding Subsection (f) to read as follows:

(f)  Section 54.209, Water Code, does not apply to the district.

Amendment No. 1 was adopted.

**Amendment No. 2**

Representative Hope offered the following amendment to **CSHB 1208**:

Amend **CSHB 1208** on page 1, between lines 15 and 16, by inserting the following SECTION and renumbering subsequent SECTIONS accordingly:

SECTION 2. Subchapter D, Chapter 65, Water Code, is amended by adding Section 65.202 to read as follows:

Sec. 65.202. LIMITATION ON USE OF EMINENT DOMAIN.   A district may not exercise the power of eminent domain outside the district boundaries to acquire:

(1)  a site for a water treatment plant, water storage facility, wastewater treatment plant, or wastewater disposal plant;

(2)  a site for a park, swimming pool, or other recreational facility except a trail; or

(3)  a site for a trail on real property designated as a homestead as defined by Section 41.002, Property Code.

Amendment No. 2 was adopted.

**CSHB 1208**, as amended, was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

### CSHB 1358 ON SECOND READING
### (by Flores)

**CSHB 1358**, A bill to be entitled An Act relating to the jurisdiction of the Texas Commission on Environmental Quality over certain water supply or sewer service corporations.

**CSHB 1358** was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

### CSHB 905 ON SECOND READING
### (by Delisi)

**CSHB 905**, A bill to be entitled An Act relating to the powers and duties of the state auditor in connection with state contracts.

**CSHB 905** was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

USA_00023788

Case 2:13-cv-00193   Document 664-17   Filed on 11/11/14 in TXSD   Page 38 of 66
e 1:12-cv-00128-RMC-DST-RLW   Document 215-5   Filed 06/20/12   Page 324 of
2360          79th LEGISLATURE — REGULAR SESSION

## HB 1577 ON SECOND READING
### (by Nixon, Homer, Frost, and Farabee)

**HB 1577**, A bill to be entitled An Act relating to the provision of health care services by a physician assistant during a disaster.

**HB 1577** was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

## CSHB 1611 ON SECOND READING
### (by Chisum, Turner, R. Allen, Hochberg, and Edwards)

**CSHB 1611**, A bill to be entitled An Act relating to the use of money for the low-income vehicle repair assistance, retrofit, and accelerated vehicle retirement program.

**CSHB 1611** was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

## LEAVE OF ABSENCE GRANTED

The following member was granted leave of absence for the remainder of today because of appropriations business:

Gattis on motion of Farabee.

## HB 1831 ON SECOND READING
### (by Talton)

**HB 1831**, A bill to be entitled An Act relating to the definition of "convicted" for purposes of eligibility to carry a concealed handgun.

**HB 1831** was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

## HB 1867 ON SECOND READING
### (by Naishtat)

**HB 1867**, A bill to be entitled An Act relating to the transfer of money appropriated to provide care for certain persons in nursing facilities to provide community-based services to those persons.

**HB 1867** was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

JA_008907

## MESSAGE FROM THE SENATE

A message from the senate was received at this time (see the addendum to the daily journal, Messages from the Senate, Message No. 5).

### CSHB 1476 ON SECOND READING
### (by Edwards, Van Arsdale, Crabb, and Riddle)

**CSHB 1476,** A bill to be entitled An Act relating to regulation of certain sexually suggestive performances at public school events.

**Amendment No. 1**

Representative Talton offered the following amendment to **CSHB 1476**:

Amend **CSHB 1476** on page 1 by striking lines 13-18 and substituting the following:

(b)  The commissioner may submit to a school district a written request that the district review performances by a performance group described by Subsection (a) to determine if the performances are overtly sexually suggestive.

(c)  If the school district determines that a performance group described by Subsection (a) has performed in an overtly sexually suggestive manner, the district shall take appropriate action against the performance group and the group's sponsor, as determined by the district.

Amendment No. 1 was adopted.

### LEAVES OF ABSENCE GRANTED

The following members were granted leaves of absence for the remainder of today because of appropriations business:

Kolkhorst on motion of Solomons.

Turner on motion of Solomons.

The following member was granted leave of absence for the remainder of today because of important business:

Castro on motion of Chavez.

The following member was granted leave of absence for the remainder of today because of important business in the district:

Bailey on motion of Phillips.

### CSHB 1476 - (consideration continued)

(Anderson now present)

A record vote was requested.

The vote of the house was taken on passage to engrossment of **CSHB 1476** and the vote was announced yeas 64, nays 64.

A verification of the vote was requested and was granted.

The roll of those voting yea and nay was again called and the verified vote resulted, as follows (Record 476): 65 Yeas, 56 Nays, 4 Present, not voting.

JA_008908

USA_00023790

Case 2:13-cv-00193   Document 664-17   Filed on 11/11/14 in TXSD   Page 40 of 66
e 1:12-cv-00128-RMC-DST-RLW   Document 215-5   Filed 06/20/12   Page 326 of
2562          79th LEGISLATURE — REGULAR SESSION

Yeas — Allen, R.; Anderson; Baxter; Berman; Bohac; Branch; Brown, B.; Callegari; Campbell; Casteel; Chisum; Corte; Crabb; Crownover; Dawson; Delisi; Denny; Deshotel; Edwards; Eissler; Elkins; Gallego; Grusendorf; Guillen; Harper-Brown; Hartnett; Hegar; Hilderbran; Hochberg; Hopson; Howard; Isett; Jackson; Keel; Keffer, B.; Keffer, J.; King, P.; Kuempel; Laubenberg; Madden; Merritt; Miller; Morrison; Mowery; Nixon; Otto; Paxton; Peña; Phillips; Reyna; Riddle; Rose; Smith, T.; Smith, W.; Smithee; Solomons; Swinford; Talton; Taylor; Truitt; Van Arsdale; West; Wong; Woolley; Zedler.

Nays — Alonzo; Anchia; Blake; Burnam; Chavez; Cook, B.; Cook, R.; Davis, J.; Davis, Y.; Driver; Dukes; Dunnam; Eiland; Escobar; Farabee; Farrar; Flores; Frost; Geren; Gonzales; Gonzalez Toureilles; Goodman; Goolsby; Haggerty; Hamilton; Hamric; Hardcastle; Herrero; Hodge; Homer; Hope; Hupp; Jones, D.; Krusee; Laney; Leibowitz; Martinez Fischer; McCall; McReynolds; Menendez; Moreno, J.; Moreno, P.; Naishtat; Noriega, M.; Oliveira; Olivo; Puente; Quintanilla; Ritter; Solis; Strama; Straus; Thompson; Uresti; Veasey; Vo.

Present, not voting — Mr. Speaker(C); Bonnen; Hunter; Orr.

Absent, Excused — Bailey; Brown, F.; Castro; Griggs; Hughes.

Absent, Excused, Committee Meeting — Gattis; Kolkhorst; Turner.

Absent — Allen, A.; Coleman; Dutton; Flynn; Giddings; Hill; Jones, J.; King, T.; Luna; Martinez; McClendon; Pickett; Pitts; Raymond; Rodriguez; Seaman; Villarreal.

The speaker stated that **CSHB 1476**, as amended, was passed to engrossment by the above vote.

### STATEMENTS OF VOTE

When Record No. 476 was taken, I was in the house but away from my desk. I would have voted yes.

Flynn

I was shown voting no on Record No. 476. I intended to vote yes.

Goolsby

I was shown voting yes on Record No. 476. I intended to vote no.

Hopson

When Record No. 476 was taken, I was in the house but away from my desk. I would have voted yes.

Seaman

### REASON FOR VOTE

I agree with the author's intent to address certain sexually suggestive performances at public school events. I hope local school districts will aggressively address this problem. However, I believe it should be addressed at the local level and not at the state level.

B. Cook

### LEAVES OF ABSENCE GRANTED

The following members were granted leaves of absence for the remainder of today because of important business:

JA_008909

USA_00023791

A. Allen on motion of Hodge.

Dutton on motion of Uresti.

The following members were granted leaves of absence for the remainder of today because of important business in the district:

Flynn on motion of Berman.

Martinez on motion of Solis.

McClendon on motion of Flores.

Villarreal on motion of Homer.

The following member was granted leave of absence for the remainder of today to attend a conference committee meeting on **SB 1**:

Pitts on motion of Solomons.

### HB 2017 ON SECOND READING
### (by Swinford)

**HB 2017**, A bill to be entitled An Act relating to a nonsubstantive revision of statutes relating to the Texas Department of Insurance, the business of insurance, and certain related businesses, including conforming amendments, repeals, and penalties.

**Amendment No. 1 (Committee Amendment No. 1)**

On behalf of Representative Wong, Representative Swinford offered the following committee amendment to **HB 2017**:

Amend **HB 2017** as follows:

(1)  On page 346, strike lines 1-4 and substitute the following:

Sec. 462.255.   CERTAIN CLAIMS SUBJECT TO LIEN OR SUBROGATION; LIMIT ON TOTAL RECOVERY

[Sections 462.256–462.300 reserved for expansion]

(2)  On page 346, lines 13-14, strike "SATISFACTION OF OBLIGATION TO PAY COVERED CLAIMS;".

(3)  On page 351, line 25, strike "462.305(d)" and substitute "462.305".

(4)  On page 364, line 13, strike "462.302(b)" and substitute "462.302(d)".

(5)  On page 378, strike lines 17-23 and substitute the following:

(c)   Subject to Section 462.255, the maximum amount payable by the association is the damages incurred by the claimant, less the association's credit or offset under this section, except that the association's liability may not exceed the lesser of:

(1)  $300,000; or

(2)  the limits of the insurance policy under which the claim is made. (V.T.I.C. Art. 21.28-C, Sec. 12(a) (part).)

(6)  Strike page 379, line 17, through page 380, line 16, and substitute the following:

JA_008910

USA_00023792

(e)   Subject to Section 462.255, the maximum amount payable by the association is the amount of damages incurred by the claimant, less the credit or offset, except that the association's liability may not exceed $300,000. (V.T.I.C. Art. 21.28-C, Sec. 12(b).).

Sec. 462.255.   CERTAIN CLAIMS SUBJECT TO LIEN OR SUBROGATION; LIMIT ON TOTAL RECOVERY.   (a)   Notwithstanding Sections 462.252(c) and 462.254(e), if a claimant is seeking recovery of insurance policy benefits that, had the impaired insurer not been insolvent, would be subject to lien or subrogation by an other insurer, including a workers' compensation insurer or health insurer, regardless of whether the other insurer is impaired, the association's credit or offset is deducted from the lesser of the damages incurred by the claimant or the limits of the policy under which the claim is made.

(b)   A claimant's recovery under this chapter may not result in a total recovery to the claimant that is greater than the recovery that would have resulted had the impaired insurer not been insolvent.

(c)   Subject to Sections 462.201–462.203, 462.205–462.210, 462.213, 462.214, and 462.305 of this code and Title 5, Labor Code, a claim for workers' compensation benefits under this chapter may not result in a recovery to the claimant that is less than the recovery that would have resulted had the impaired insurer not been insolvent. (V.T.I.C. Art. 21.28-C, Secs. 12(a-1), (b-1).).

[Sections 462.256–462.300 reserved for expansion]

(7)   On page 381, between lines 13 and 14, insert the following:

(b)   The association satisfies the obligation to pay a covered claim by paying the claimant the full amount of a covered claim for benefits.

(c)   The association's liability is limited to the payment of covered claims. The association is not liable for any other claim or damages against the insured, an impaired insurer, the association, the receiver, the special deputy receiver, the commissioner, or the liquidator, including a claim for:

(1)   recovery of attorney's fees, prejudgment or postjudgment interest, or penalties;

(2)   extracontractual damages, multiple damages, or exemplary damages; or

(3)   any other amount sought in connection with the assertion or prosecution of a claim, without regard to whether the claim is a covered claim, by or on behalf of:

(A)  an insured or claimant; or

(B)   a provider of goods or services retained by an insured or claimant.

(8)   On page 381, line 14, strike "(b)" and substitute "(d)".

(9)   On page 381, strike line 17 and substitute the following:

(e)   This section does not exclude the payment of workers' compensation benefits or other liabilities or penalties authorized by Title 5, Labor Code, arising from the association's processing and paying workers' compensation benefits after the designation of impairment. (V.T.I.C. Art. 21.28-C, Secs. 8(a), (c) (part).)

JA_008911

Case 2:13-cv-00193   Document 664-17   Filed on 11/11/14 in TXSD   Page 43 of 66
e 1:12-cv-00128-RMC-DST-RLW   Document 215-5   Filed 06/20/12   Page 329 of
Tuesday, May 3, 2005          HOUSE JOURNAL — 61st Day                     2363

(10)  Strike page 382, line 23, through page 383, line 25, and substitute the following:

Sec. 462.305. LIMITATION OF ASSOCIATION'S LIABILITY.   The association is not liable to an insured or liability claimant for the association's failure to settle a liability claim within the limits of a covered claim under this chapter. A claim described by this section for failure to settle a liability claim is not a covered claim. (V.T.I.C. Art. 21.28-C, Sec. 5(8) (part).)

(11)  On page 494, line 14, strike "complies with" and substitute "is filed in accordance with the requirements of".

(12)  On page 494, line 15, between "applicable," and "that is", insert "that has not been disapproved by the commissioner, and".

(13)  On page 597, line 7, between "STANDARD POLICY FORMS" and the semicolon, insert "AND UNIFORM POLICY".

(14)  On page 597, line 18, between "STANDARD POLICY FORMS" and the semicolon, insert "AND UNIFORM POLICY".

(15)  On page 643, line 21, strike "board" and substitute "company".

(16)  On page 732, line 5, strike "Subchapter C," and substitute "Subchapters A and C,".

Amendment No. 1 was adopted.

**Amendment No. 2**

Representative Swinford offered the following amendment to **HB 2017**:

Amend **HB 2017** as follows:

(1)  On page 278, lines 6-7, strike "insurer organized or operating under Chapter 841," and substitute "insurer that is subject to any provision of a law specified in Section 841.002 or any provision of Chapter".

(2)  On page 928, line 3, strike "determined to be".

(3)  On page 934, strike lines 10-13 and substitute the following:

(b)  From the date of the filing of the rate with the department to the effective date of the new rate, the insurer's previously filed rate that is in effect on the date of the filing remains in effect.

(4)  On page 957, line 6, strike "other related forms" and substitute "related forms other than insurance policy forms and printed endorsement forms,".

Amendment No. 2 was adopted.

### LEAVE OF ABSENCE GRANTED

The following member was granted leave of absence for the remainder of today because of important business:

Coleman on motion of Dunnam.

### HB 2017 - (consideration continued)

**HB 2017**, as amended, was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

USA_00023794

Case 2:13-cv-00193 Document 664-17 Filed on 11/11/14 in TXSD Page 44 of 66
e 1:12-cv-00128-RMC-DST-RLW Document 215-5 Filed 06/20/12 Page 330 of
2366 79th LEGISLATURE — REGULAR SESSION

## HB 2018 ON SECOND READING
### (by Swinford)

**HB 2018**, A bill to be entitled An Act relating to nonsubstantive additions to and corrections in enacted codes, to the nonsubstantive codification or disposition of various laws omitted from enacted codes, and to conforming codifications enacted by the 78th Legislature to other Acts of that legislature.

**HB 2018** was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

### LEAVE OF ABSENCE GRANTED

The following member was granted leave of absence for the remainder of today to attend a meeting of the conference committee on **SB 1**:

Luna on motion of Farabee.

The following member was granted leave of absence for the remainder of today because of appropriations business:

Branch on motion of Farabee.

## HB 2019 ON SECOND READING
### (by Swinford)

**HB 2019**, A bill to be entitled An Act relating to the nonsubstantive revision of certain local laws concerning special districts, including conforming amendments.

**Amendment No. 1 (Committee Amendment No. 1)**

Representative Swinford offered the following committee amendment to **HB 2019**:

Amend **HB 2019** on page 162 by striking "[Sections 3818.109–3818.150 reserved for expansion]" and substituting:

Sec. 3818.109. NO EMINENT DOMAIN POWER. The district may not exercise the power of eminent domain. (Acts 70th Leg., R.S., Ch. 1026, Sec. 7(B) (part).)

[Sections 3818.110–3818.150 reserved for expansion]

Amendment No. 1 was adopted.

**HB 2019**, as amended, was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

### LEAVE OF ABSENCE GRANTED

The following member was granted leave of absence for the remainder of today because of important business in the district:

Rodriguez on motion of Naishtat.

JA_008913

USA_00023795

## HB 2136 ON SECOND READING
### (by Phillips)

**HB 2136**, A bill to be entitled An Act relating to certain penalties and fees imposed for operating a motor vehicle or vessel in violation of law.

**Amendment No. 1**

Representative Phillips offered the following amendment to **HB 2136**:

Amend **HB 2136**, on page 2, as follows:

(1)  On line 17, strike "$1 [$100]" and substitute "$100".

(2)  On line 21, strike "this section [Subsection (a)]" and substitute "Subsection (a)".

(3)  On line 22, strike "$1 [$25]" and substitute "$25".

(4)  Strike lines 23 and 24 and substitute "than $250 [$50]. An offense under Subsection (b) is a misdemeanor punishable by a fine of not less than $100 or more than $500 [$200].

Amendment No. 1 was adopted.

**Amendment No. 2**

Representative Phillips offered the following amendment to **HB 2136**:

Amend **HB 2136** by adding the following appropriately numbered SECTIONS to the bill and renumbering subsequent SECTIONS of the bill as appropriate:

SECTION ____. Section 502.404, Transportation Code, is amended by adding Subsections (f) and (g) to read as follows:

(f)  A justice of the peace or municipal court judge having jurisdiction of the offense may:

(1)  dismiss a charge brought under Subsection (a) if the defendant remedies the defect before the defendant's first court appearance; and

(2)  assess an administrative fee not to exceed $25 when the charge is dismissed.

(g)  A justice of the peace or municipal court judge having jurisdiction of the offense may:

(1)  dismiss a charge brought under Subsection (b) if the defendant establishes that:

(A)  the vehicle was issued a validation insignia for the license plates before the date of the offense; and

(B)  the registration insignia was attached to the vehicle before the defendant's first court appearance; and

(2)  assess an administrative fee not to exceed $25 when the charge is dismissed.

SECTION ____. Section 502.409, Transportation Code, is amended by adding Subsection (g) to read as follows:

(g)  A justice of the peace or municipal court judge having jurisdiction of the offense may:

USA_00023796

(1) dismiss a charge brought under Subsection (a)(3), (5), (6), or (7) if the defendant remedies the defect before the defendant's first court appearance; and

(2) assess an administrative fee not to exceed $25 when the charge is dismissed.

SECTION ____. Section 521.221, Transportation Code, is amended by adding Subsection (d) to read as follows:

(d) A justice of the peace or municipal court judge having jurisdiction of the offense may:

(1) dismiss a charge of driving in violation of a restriction under this section if:

(A) the restriction was imposed:

(i) because of a physical condition and that condition was surgically or otherwise medically corrected before the date of the alleged offense; or

(ii) in error and that fact is established by the defendant; and

(B) the restriction is removed before the defendant's first court appearance; and

(2) assess an administrative fee not to exceed $25 when the charge is dismissed.

SECTION ____. Section 547.004, Transportation Code, is amended by adding Subsections (c) and (d) to read as follows:

(c) A justice of the peace or municipal court judge having jurisdiction of the offense may:

(1) dismiss a charge of an equipment violation brought under this chapter if the defendant remedies the defect before the defendant's first court appearance; and

(2) assess an administrative fee not to exceed $25 when the charge is dismissed.

(d) Subsection (c) does not apply to offenses involving a commercial motor vehicle.

Amendment No. 2 was adopted.

A record vote was requested.

**HB 2136**, as amended, failed to pass to engrossment by (Record 477): 5 Yeas, 118 Nays, 3 Present, not voting.

Yeas — Campbell; Driver; Hamric; Jackson; Phillips.

Nays — Allen, R.; Alonzo; Anchia; Anderson; Baxter; Berman; Blake; Bohac; Bonnen; Brown, B.; Burnam; Callegari; Casteel; Chavez; Chisum; Cook, B.; Cook, R.; Corte; Crabb; Crownover; Davis, J.; Davis, Y.; Dawson; Delisi; Denny; Deshotel; Dukes; Dunnam; Eiland; Eissler; Elkins; Escobar; Farabee; Farrar; Flores; Frost; Gallego; Geren; Giddings; Gonzales; Gonzalez Toureilles; Goodman; Goolsby; Grusendorf; Guillen; Haggerty; Hamilton; Hardcastle; Harper-Brown; Hegar; Herrero; Hill; Hochberg; Hodge; Homer; Hope; Hopson; Howard; Hunter; Hupp; Isett; Jones, D.; Jones, J.; Keel; Keffer, B.; Keffer, J.;

USA_00023797

Case 2:13-cv-00193   Document 664-17   Filed on 11/11/14 in TXSD   Page 47 of 66
e 1:12-cv-00128-RMC-DST-RLW   Document 215-5   Filed 06/20/12   Page 333 of
Tuesday, May 3, 2005          HOUSE JOURNAL — 61st Day          2389

King, T.; Kuempel; Laney; Laubenberg; Leibowitz; Madden; Martinez Fischer; McCall; McReynolds; Menendez; Merritt; Miller; Moreno, J.; Moreno, P.; Mowery; Naishtat; Nixon; Noriega, M.; Oliveira; Olivo; Orr; Otto; Paxton; Peña; Pickett; Puente; Quintanilla; Raymond; Reyna; Riddle; Ritter; Rose; Smith, T.; Smith, W.; Smithee; Solis; Solomons; Strama; Straus; Swinford; Talton; Taylor; Thompson; Truitt; Uresti; Van Arsdale; Veasey; Vo; West; Wong; Woolley; Zedler.

Present, not voting — Mr. Speaker(C); Hartnett; Hilderbran.

Absent, Excused — Allen, A.; Bailey; Branch; Brown, F.; Castro; Coleman; Dutton; Flynn; Griggs; Hughes; Martinez; McClendon; Rodriguez; Villarreal.

Absent, Excused, Committee Meeting — Gattis; Kolkhorst; Luna; Pitts; Turner.

Absent — Edwards; King, P.; Krusee; Morrison; Seaman.

## LEAVE OF ABSENCE GRANTED

The following member was granted leave of absence for the remainder of today because of important business:

Pickett on motion of Solomons.

## CSHB 2767 ON SECOND READING
### (by Talton)

**CSHB 2767**, A bill to be entitled An Act relating to the release of a criminal defendant in certain cases and the eligibility of certain individuals to act as sureties on bail bonds.

### Amendment No. 1

Representative Talton offered the following amendment to **CSHB 2767**:

Amend **CSHB 2767** (House Committee Printing) by inserting the following appropriately numbered SECTIONS to the bill and renumbering subsequent SECTIONS accordingly:

SECTION __. Article 22.03, Code of Criminal Procedure, is amended to read as follows:

Art. 22.03. CITATION TO SURETIES. (a) Upon entry of judgment, a citation shall issue forthwith notifying the sureties of the defendant, if any, that the bond has been forfeited, and requiring them to appear and show cause why the judgment of forfeiture should not be made final.

(b) A citation to a surety who is an individual shall be served to the individual at the address shown on the face of the bond.

(c) A citation to a surety that is a corporation or other entity shall be served to the attorney designated for service of process by the corporation or entity under Chapter 804, Insurance Code.

(d) By filing the waiver or designation in writing with the clerk of the court, a surety may waive service of citation or may designate a person other than the surety or the surety's attorney to receive service of citation under this article. The waiver or designation is effective until a written revocation is filed with the clerk.

JA_008916

USA_00023798

SECTION __. Article 22.04, Code of Criminal Procedure, is amended to read as follows:

Art. 22.04. REQUISITES OF CITATION. A citation shall be sufficient if it be in the form provided for citations in civil cases in such court; provided, however, that a copy of the judgment of forfeiture entered by the court, a copy of the forfeited bond, and a copy of any power of attorney attached to the forfeited bond shall be attached to the citation and the citation shall notify the parties cited to appear and show cause why the judgment of forfeiture should not be made final.

SECTION __. Article 22.05, Code of Criminal Procedure, is amended to read as follows:

Art. 22.05. CITATION AS IN CIVIL ACTIONS. If service of citation is not waived under Article 22.03, a surety is [Sureties shall be] entitled to notice by service of citation, the length of time and in the manner required in civil actions; and the officer executing the citation shall return the same as in civil actions. It shall not be necessary to give notice to the defendant unless he has furnished his address on the bond, in which event notice to the defendant shall be deposited in the United States mail directed to the defendant at the address shown on the bond.

SECTION __. The changes in law made by this Act in amending Articles 22.03, 22.04, and 22.05, Code of Criminal Procedure, apply only to a citation of forfeiture issued on or after the effective date of this Act. A citation of forfeiture issued before the effective date of this Act is governed by the law in effect on the date the citation of forfeiture is issued, and the former law is continued in effect for that purpose.

Amendment No. 1 was adopted.

**Amendment No. 2**

Representative Alonzo offered the following amendment to **CSHB 2767**:

Amend **CSHB 2767** (House committee printing) by adding the following appropriately numbered SECTION and renumbering subsequent SECTIONS accordingly:

SECTION__. On a Class C misdemeanor attorney bond the signature of the defendant is not required.

Amendment No. 2 was adopted.

**CSHB 2767**, as amended, was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

### CSHB 2902 ON SECOND READING
### (by Hilderbran)

**CSHB 2902**, A bill to be entitled An Act relating to the maintenance and repair of courthouses that have benefited from the historic courthouse preservation program.

USA_00023799

**Amendment No. 1**

Representative Phillips offered the following amendment to **CSHB 2902**:

Amend **CSHB 2902** on page 2, between lines 7 and 8, by inserting the following appropriately numbered sections and renumbering the subsequent sections of the bill accordingly:

SECTION ___. Chapter 441, Government Code, is amended by adding Subchapter O to read as follows:

SUBCHAPTER O.  TEXAS HISTORICAL GOVERNMENT RECORDS PRESERVATION

Sec. 441.261.  DEFINITION; HISTORICAL GOVERNMENT RECORDS. (a)  In this subchapter, "commission" means the Texas State Library and Archives Commission.

(b)  For purposes of this subchapter, historical government records include:

(1)  any local government record with a retention period established as permanent or for which a review for possible historical value is required in a local government records retention schedule issued under Section 441.158; and

(2)  any state record identified as an archival state record or subject to review as a potential archival state record by the state archivist under Section 441.186.

Sec. 441.262.  TEXAS HISTORICAL GOVERNMENT RECORDS PRESERVATION GRANTS. (a)  The commission may establish a program of state grants to counties, municipalities, other local governmental entities, and state governmental entities to preserve the historically valuable records of the governments of this state.

(b)  The commission may award the grants to enable grant recipients to:

(1)  preserve, repair, restore, manage, and provide public access to historical government records in the custody of the recipient; and

(2)  establish or enhance efficient records management programs to ensure that current records of historical value or potential historical value in the custody of the recipient are identified, managed, and preserved.

(c)  The commission may adopt any necessary rules for the administration of the grant program, including rules relating to eligibility for and the terms of grants awarded under this section.

(d)  The commission shall approve any award of grants made under this section in open meetings in accordance with Chapter 551.

(e)  The commission shall determine the amount to be used for the award of grants under this section, subject to appropriations.

Sec. 441.263.  STATE ARCHIVES.  (a)  The commission may preserve, repair, restore, manage, and provide access to the historical government records in the custody of the commission, including records in any regional historical resource depository established by agreement under Section 441.153 or in any regional research center established and operated by the commission under Section 441.154.

(b)  The commission may determine the amount to be used for activities under this section, subject to appropriations.

JA_008918

USA_00023800

Sec. 441.264. EMERGENCY DISASTER RECOVERY GRANTS. (a) The commission may make emergency grants to local governments to assist them in the recovery of records damaged by fire, flood, or other natural or man-made disaster.

(b) The commission may adopt any necessary rules for the administration of emergency disaster recovery grants, including rules relating to eligibility for and the terms and conditions of an emergency grant.

(c) The commission may determine the amount to be used for emergency disaster recovery grants under this section, subject to appropriations.

Sec. 441.265. OTHER RELATED USES. (a) The commission may, subject to appropriations:

(1) provide training in archival and records management principles and practices to local government officials;

(2) provide advanced training in the preservation of electronic records of historical value;

(3) provide funding for other projects determined by the commission to be of benefit in the preservation of historical government records; and

(4) pay for personnel and administrative expenses incurred by the commission associated with grants, programs, and other activities under this subchapter.

(b) The commission may determine the amount to be used for programs and activities under this section, subject to appropriations.

Sec. 441.266. ADVISORY COMMITTEES. The local government records committee established under Section 441.161, and the Texas Historical Records Advisory Board established under Section 441.242, shall advise the commission in its adoption of rules under Sections 441.262 and 441.264.

SECTION __. Section 441.157, Government Code, is repealed.

Amendment No. 1 was adopted.

**CSHB 2902**, as amended, was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

### HB 3386 ON SECOND READING
### (by Talton)

**HB 3386**, A bill to be entitled An Act relating to the possession or shooting of a handgun on the land of the Lower Colorado River Authority by a person licensed to carry a concealed handgun.

**HB 3386** was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

JA_008919

USA_00023801

## CSHB 120 ON SECOND READING
### (by Dawson, Edwards, J. Davis, Anderson, Coleman, et al.)

**CSHB 120**, A bill to be entitled An Act relating to the creation of a donor education, awareness, and registry program, the establishment of an organ donor and tissue council, and anatomical gift donation.

**CSHB 120** was passed to engrossment. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. No members registered their position on this measure.)

## POSTPONED BUSINESS

The following bills were laid before the house as postponed business:

## HB 3460 ON THIRD READING
### (by Baxter)

**HB 3460**, A bill to be entitled An Act relating to the interest rate to be paid on the deposits made by customers of a water, electric, gas, or telephone utility.

**HB 3460** was read third time earlier today and was postponed until this time.

Representative Baxter moved to postpone consideration of **HB 3460** until 10 a.m. May 6.

The motion prevailed.

## HB 762 - HOUSE CONCURS IN SENATE AMENDMENTS
## TEXT OF SENATE AMENDMENTS

Representative Nixon called up with senate amendments for consideration at this time,

**HB 762**, A bill to be entitled An Act relating to the solicitation by state officers and employees of and recommendations regarding contributions to charitable organizations and governmental entities.

Representative Nixon moved to concur in the senate amendments to **HB 762**.

The motion to concur in senate amendments prevailed. (In accordance with House Rule 5, Section 51(b), every member present must have favored passage of the measure, but any member may register their position with the journal clerk. Members registering votes are as follows: D. Jones recorded voting no.)

**Senate Amendment No. 1 (Senate Floor Amendment No. 1)**

Amend **HB 762** (Senate committee printing) as follows:
(1) On page one line 16 strike "A" and replace with "a".
(2) On page one line 16 between "(a)" and "a" add the following language: "Unless otherwise prohibited by the Code of Judicial Conduct,"

## COMMITTEE GRANTED PERMISSION TO MEET

Representative Hartnett requested permission for the Committee on Judiciary to meet while the house is in session, during bill referral today, in 3W.9, for a formal meeting, to consider pending business.

Permission to meet was granted.

USA_00023802

Case 2:13-cv-00193   Document 664-17   Filed on 11/11/14 in TXSD   Page 52 of 66
e 1:12-cv-00128-RMC-DST-RLW   Document 215-5   Filed 06/20/12   Page 338 of
2574          79th LEGISLATURE — REGULAR SESSION

## FIVE DAY POSTING RULE SUSPENDED

Representative Delisi moved to suspend the five day posting rule to allow the Committee on Public Health to consider **HB 734** and **HB 3276** at the previously posted hearing on Wednesday, May 4.

The motion prevailed.

Representative Puente moved to suspend the five day posting rule to allow the Committee on Natural Resources to consider **HB 3578**, **HB 3579**, **HB 3580**, **HB 3582**, **HB 3583**, **HB 3584**, and **HB 3586** at 2 p.m. or upon final adjournment tomorrow in E1.026.

The motion prevailed.

Representative Hilderbran moved to suspend the five day posting rule to allow the Committee on Culture, Recreation, and Tourism to consider **HB 3572** upon adjournment today in E2.014.

The motion prevailed.

Representative Morrison moved to suspend the five day posting rule to allow the Committee on Higher Education to consider pending bills with invited testimony.

The motion prevailed.

## PROVIDING FOR A CONGRATULATORY
## AND MEMORIAL CALENDAR

Representative Edwards moved to set a congratulatory and memorial calendar for 9 a.m. Friday, May 6.

The motion prevailed.

## COMMITTEE MEETING ANNOUNCEMENTS

The following committee meetings were announced:

Judiciary, during bill referral today, 3W.9, for a formal meeting, to consider pending business.

Insurance, upon final adjournment today, Desk 24, for a formal meeting.

Transportation, upon final adjournment today, Desk 46, for a formal meeting, to consider pending business.

Human Services, upon final adjournment today, Desk 31, for a formal meeting, to consider pending business.

Licensing and Administrative Procedures, upon final adjournment today, Desk 99, for a formal meeting, to consider **HB 1085** and pending business.

Higher Education, 8 a.m. tomorrow, JHR 120, for a public hearing, to consider pending business with invited testimony.

JA_008921

USA_00023803

## PROVIDING FOR ADJOURNMENT

Representative Harper-Brown moved that, at the conclusion of the reading of bills and resolutions on first reading and referral to committees, the house adjourn until 10 a.m. tomorrow.

The motion prevailed.

## BILLS AND JOINT RESOLUTIONS ON FIRST READING
## AND REFERRAL TO COMMITTEES
## RESOLUTIONS REFERRED TO COMMITTEES
## CORRECTIONS IN REFERRAL

Bills and joint resolutions were at this time laid before the house, read first time, and referred to committees. Resolutions were at this time laid before the house and referred to committees. Pursuant to Rule 1, Section 4 of the House Rules, the chair at this time corrected the referral of measures to committees. (See the addendum to the daily journal, Referred to Committees, List No. 1.)

(Uresti in the chair)

## ADJOURNMENT

In accordance with a previous motion, the house, at 7:13 p.m., adjourned until 10 a.m. tomorrow.

---

## ADDENDUM

---

## REFERRED TO COMMITTEES

The following bills and joint resolutions were today laid before the house, read first time, and referred to committees, and the following resolutions were today laid before the house and referred to committees. If indicated, the chair today corrected the referral of the following measures:

### List No. 1

**HB 3587** (By Seaman), Relating to the creation of the La Salle Water Control and Improvement District No. 1; providing authority to impose a tax and issue bonds; granting the power of eminent domain.
To Natural Resources.

**HB 3588** (By P. King), Relating to the creation of the City of Fort Worth Municipal Utility Districts Nos. 3, 4, 5, and 6 of Denton and Wise Counties; providing authority to impose a tax and issue bonds; granting the power of eminent domain.
To Natural Resources.

**HR 8** (By Hodge, J. Jones, Giddings, and Y. Davis), In memory of Tillie Mae Parker Baylor of Dallas.
To Rules and Resolutions.

USA_00023804

**HR 10** (By Dutton), Recognizing the Houston Minority Business Council's EXPO 2005 to be held on September 15, 2005.

To Rules and Resolutions.

**HR 1300** (By Giddings), Memorializing Congress to enact legislation relating to the assessment of penalties by a financial institution for an insufficient funds check.

To Business and Industry.

**HR 1346** (By Laubenberg), Recognizing May 3, 2005, as Texas Heart Healthy Day at the State Capitol.

To Public Health.

**HR 1410** (By Burnam), Recognizing Will Harrell on his fifth anniversary as executive director of the American Civil Liberties Union of Texas.

To Rules and Resolutions.

**HR 1429** (By Morrison), Honoring Henry Samuel and Fay Maurine Jacob of Goliad County on the occasion of their 70th wedding anniversary.

To Rules and Resolutions.

**HR 1430** (By Wong), In memory of Elnora Mayeux Callegari of Cottonport, Louisiana.

To Rules and Resolutions.

**HR 1431** (By Dunnam), Opposing any proposal to close the Waco Veterans Affairs Hospital.

To Defense Affairs and State-Federal Relations.

**HR 1432** (By Menendez), Recognizing September 2005 as Tejano Heritage Month in Texas.

To Rules and Resolutions.

**HR 1433** (By Menendez), In memory of Sarah F. Beers of San Antonio.
To Rules and Resolutions.

**SB 3** to Natural Resources.

**SB 31** to Higher Education.

**SB 121** to State Affairs.

**SB 179** to Pensions and Investments.

**SB 190** to Public Education.

**SB 305** to Licensing and Administrative Procedures.

**SB 674** to Business and Industry.

**SB 728** to Transportation.

**SB 990** to Human Services.

**SB 1050** to Urban Affairs.

**SB 1102** to Agriculture and Livestock.

**SB 1302** to County Affairs.

JA_008923

USA_00023805

Case 2:13-cv-00193   Document 664-17   Filed on 11/11/14 in TXSD   Page 55 of 66
e 1:12-cv-00128-RMC-DST-RLW   Document 215-5   Filed 06/20/12   Page 341 of
Tuesday, May 3, 2005 — HOUSE JOURNAL — 61st Day   2379

**SB 1311** to Culture, Recreation, and Tourism.

**SB 1410** to Judiciary.

**SB 1481** to Defense Affairs and State-Federal Relations.

**SB 1498** to Land and Resource Management.

**SB 1510** to County Affairs.

**SB 1518** to County Affairs.

**SB 1532** to Public Education.

**SB 1533** to Government Reform.

**SB 1551** to Law Enforcement.

**SB 1552** to Law Enforcement.

**SB 1553** to Higher Education.

**SB 1555** to County Affairs.

**SB 1558** to Insurance.

**SB 1569** to Government Reform.

**SB 1573** to Government Reform.

**SB 1583** to Public Education.

**SB 1587** to Local Government Ways and Means.

**SB 1590** to Transportation.

**SB 1591** to Insurance.

**SB 1592** to Insurance.

**SB 1603** to Culture, Recreation, and Tourism.

**SB 1604** to Natural Resources.

**SB 1621** to Local Government Ways and Means.

**SB 1626** to Licensing and Administrative Procedures.

**SB 1635** to County Affairs.

**SB 1655** to Local Government Ways and Means.

**SB 1663** to Government Reform.

**SB 1668** to Regulated Industries.

**SB 1670** to Transportation.

**SB 1674** to Natural Resources.

**SB 1680** to Agriculture and Livestock.

**SB 1686** to Agriculture and Livestock.

**SB 1707** to Environmental Regulation.

**SB 1708** to Agriculture and Livestock.

**SB 1709** to Environmental Regulation.

**SB 1710** to Environmental Regulation.

**SB 1714** to Defense Affairs and State-Federal Relations.

**SB 1740** to Environmental Regulation.

**SB 1747** to Regulated Industries.

**SB 1748** to Regulated Industries.

**SB 1754** to County Affairs.

**SB 1769** to County Affairs.

**SB 1771** to Public Health.

**SB 1787** to Culture, Recreation, and Tourism.

**SB 1792** to Natural Resources.

**SB 1815** to Economic Development.

**SB 1830** to Human Services.

**SB 1831** to Natural Resources.

**SB 1841** to Urban Affairs.

**SB 1850** to Licensing and Administrative Procedures.

**SB 1851** to Natural Resources.

**SB 1853** to Natural Resources.

**SCR 14** to Civil Practices.

**SCR 33** to Rules and Resolutions.

Pursuant to Rule 1, Section 4 of the House Rules, the chair corrects the referral of the following bills and resolutions:

**HCR 159** (By P. King), Welcoming the World Congress on Information Technology to Austin in May 2006.

To Regulated Industries.

**SB 809** to Insurance.

## SIGNED BY THE SPEAKER

The following bills and resolutions were today signed in the presence of the house by the speaker:

**House List No. 35**

**HCR 136, HCR 148**

## MESSAGES FROM THE SENATE

The following messages from the senate were today received by the house:

USA_00023807

**Message No. 1**

MESSAGE FROM THE SENATE
SENATE CHAMBER
Austin, Texas
Tuesday, May 3, 2005

The Honorable Speaker of the House
House Chamber
Austin, Texas

Mr. Speaker:

I am directed by the senate to inform the house that the senate has taken the following action:

THE SENATE HAS PASSED THE FOLLOWING MEASURES:

**SB 24**                      Zaffirini
Relating to the creation of a donor education, awareness, and registry program, the establishment of an organ donor and tissue council, and anatomical gift donation.

**SB 229**                     Lucio
Relating to the Advisory Oversight Community Outreach Committee in the Department of Public Safety of the State of Texas.

**SB 520**                     Madla
Relating to the provision of health care services by a physician assistant during an emergency or a disaster.

**SB 697**                     Estes
Relating to the validation of the boundaries of certain school districts.

**SB 771**                     West, Royce
Relating to the criteria for designation of a reinvestment zone for purposes of tax increment financing and to the powers of a municipality that has created a reinvestment zone.

**SB 1071**                    West, Royce
Relating to a person's eligibility for an order of nondisclosure with respect to certain criminal history records and to certain law enforcement duties that result from the issuance of an order.

**SB 1089**                    Madla
Relating to the distribution by the Texas Department of Transportation of certain assistance for the repair and maintenance of county roads.

**SB 1090**                    Madla
Relating to the powers and duties of a defense base development authority.

**SB 1528**                    Zaffirini
Relating to the payment of tuition and fees at public institutions of higher education and the determination of Texas residency for that purpose.

JA_008926

USA_00023808

**SB 1529**                    Zaffirini
Relating to policies and measures to promote timely graduation of students from public institutions of higher education.

**SB 1538**                    Barrientos
Relating to the creation of the individual development account program to provide savings incentives and opportunities to eligible low-income, working individuals or households.

**SB 1677**                    Barrientos
Relating to the powers and duties of the board of hospital managers of the Travis County Hospital District and to health care services to be provided to certain employees of that district and to certain employees of counties within the state.

**SB 1713**                    Staples
Relating to the creation of a study commission on transportation financing.

**SB 1716**                    Van de Putte
Relating to the sale of instructional materials to students of institutions of higher education.

**SB 1741**                    Staples
Relating to an exemption for certain interbasin transfers of water from certain priority requirements.

**SB 1870**                    Seliger
Relating to the board of directors of the Permian Basin Underground Water Conservation District; validating certain district actions and proceedings.

**SCR 15**                    Janek
Requesting the Texas Department of Transportation to designate the new causeway bridge connecting Galveston Island and the Texas mainland as the Purple Heart Memorial Bridge.

Respectfully,
Patsy Spaw
Secretary of the Senate

**Message No. 2**

MESSAGE FROM THE SENATE
SENATE CHAMBER
Austin, Texas
Tuesday, May 3, 2005 - 2

The Honorable Speaker of the House
House Chamber
Austin, Texas

Mr. Speaker:

I am directed by the senate to inform the house that the senate has taken the following action:

THE SENATE HAS PASSED THE FOLLOWING MEASURES:

JA_008927

Case 2:13-cv-00193 Document 664-17 Filed on 11/11/14 in TXSD Page 59 of 66
e 1:12-cv-00128-RMC-DST-RLW Document 215-5 Filed 06/20/12 Page 345 of
Tuesday, May 3, 2005 HOUSE JOURNAL — 61st Day 2389

## LOCAL AND UNCONTESTED CALENDAR

**HB 297**               McClendon               SPONSOR: Wentworth
Relating to changing the title of assistant secretary of state to deputy secretary of state.

**HB 364**               Hegar                    SPONSOR: Brimer
Relating to the use, sale, purchase, or possession of a traffic-control signal preemption device; providing criminal penalties.

**HB 372**               Jackson, Jim             SPONSOR: Brimer
Relating to the required use of towing safety chains on certain vehicles.

**HB 708**               Bonnen                   SPONSOR: Jackson
Relating to the issuance of permits by the School Land Board authorizing continued use of certain structures on coastal public land.

**HB 747**               McReynolds               SPONSOR: Staples
Relating to the designation of the El Camino East/West Corridor.

**HB 760**               McReynolds               SPONSOR: Jackson
Relating to fees for registration and inspection of certain fuel measuring and dispensing devices.

**HB 901**               McReynolds               SPONSOR: Jackson
Relating to expiration dates for certain licenses issued or renewed by the Department of Agriculture.

**HB 932**               Taylor                   SPONSOR: Lucio
Relating to structures on coastal public land.

**HB 1099**              Chavez                   SPONSOR: Lucio
Relating to migrant labor housing facilities.

**HB 1154**              Elkins                   SPONSOR: Averitt
Relating to limited liability companies and partnerships.

**HB 1236**              Paxton                   SPONSOR: Harris
Relating to an exemption from The Real Estate License Act for persons who conduct foreclosure sales.

**HB 1319**              Giddings                 SPONSOR: Fraser
Relating to business entities and associations.

**HB 1489**              Turner                   SPONSOR: Williams
Relating to the purposes for which money in the compensation to victims of crime fund may be used.

**HB 1507**              Solomons                 SPONSOR: Fraser
Relating to the regulation of corporations; providing a penalty.

**SB 54**                Nelson
Relating to a restrictive covenant, rule, or other prohibition regulating a homeowner's display of the United States flag.

JA_008928

USA_00023810

**SB 272**                  Williams
Relating to the creation of an oyster license moratorium program.

**SB 409**                  Nelson
Relating to the continuation and functions of the Office of Public Utility Counsel.

**SB 454**                  Armbrister
Relating to commercial shrimp boat licenses and to the creation of a gulf shrimp license moratorium program.

**SB 624**                  Hinojosa
Relating to the regulation of bail bond sureties.

**SB 698**                  Van de Putte
Relating to required disclosures to health benefit plan enrollees regarding professional services provided by certain non-network health care providers.

**SB 707**                  Van de Putte
Relating to the issuance of an electrician license to certain members of the armed forces.

**SB 711**                  Carona
Relating to metering services provided to certain electricity customers.

**SB 712**                  Carona
Relating to the legislature's goal for energy efficiency in this state and related energy efficiency programs.

**SB 799**                  Lucio
Relating to the eligibility of certain retired classroom teachers for loans under the professional educators home loan program.

**SB 804**                  Averitt
Relating to the liability of license deputies for sales money held in trust for the Parks and Wildlife Department.

**SB 806**                  Averitt
Relating to the qualifications of appointed members of the State Soil and Water Conservation Board.

**SB 905**                  Whitmire
Relating to the interception of or the collection of other information from certain communications in an investigation of criminal conduct.

**SB 984**                  Van de Putte
Relating to a feasibility study regarding the provision of financial incentives to individuals who undergo training for child protective services.

**SB 1018**                 Staples
Relating to the extension or modification of residential restrictive covenants in certain counties.

**SB 1037**                 Lucio
Relating to tuition rates for Olympic athletes residing and training in Texas.

USA_00023811

**SB 1044**                    Janek
Relating to efforts by coastal counties to mitigate coastal erosion and improve public access to public beaches; authorizing the issuance of bonds by coastal counties.

**SB 1049**                    Lindsay
Relating to the efficient administration of county government.

**SB 1056**                    Lucio
Relating to the forced sale of an owner's interest in certain real property.

**SB 1104**                    Madla
Relating to the transfer of extraterritorial jurisdiction between certain home-rule and general-law municipalities and annexation of certain territory by the general-law municipalities.

**SB 1107**                    Madla
Relating to the requirements for removal of a county treasurer.

**SB 1108**                    Madla
Relating to the bond of a county treasurer.

**SB 1149**                    Harris
Relating to the electronic transmission of health benefit information between a health benefit plan issuer and a physician or health care provider.

**SB 1159**                    Harris
Relating to the regulation of persons who repossess motor vehicles; providing penalties.

**SB 1198**                    Ellis
Relating to the determination of the portion of the tax increment produced by a municipality that the municipality is required to pay into the tax increment fund for a reinvestment zone.

**SB 1199**                    Ellis
Relating to the deposit of municipal sales and use taxes into a tax increment fund.

**SB 1204**                    Madla
Relating to erecting an off-premise sign adjacent to and visible from certain roads.

**SB 1206**                    Madla
Relating to erecting an off-premise sign adjacent to and visible from certain roads.

**SB 1214**                    Barrientos
Relating to the authority of certain counties to select an insurance broker.

**SB 1275**                    Jackson, Mike
Relating to the issuance of certain court orders to protect victims of family violence.

**SB 1284**                    Armbrister
Relating to certain requirements applicable to health maintenance organizations.

**SB 1469**                    Whitmire
Relating to reporting the deaths of certain individuals.

USA_00023812

**SB 1507**                    Hinojosa
Relating to the introduction of certain evidence in the sentencing phase of a capital felony case.

**SB 1537**                    Armbrister
Relating to the administration, powers, duties, and operation of the Harris-Galveston Subsidence District and the Fort Bend Subsidence District.

**SB 1589**                    Carona
Relating to fraudulent documents offered to the county clerk or the secretary of state for filing.

**SB 1596**                    Estes
Relating to the sale and service of beer by the holder of a winery permit.

**SB 1631**                    Carona
Relating to the right of redemption after the foreclosure of certain properties.

**SB 1654**                    Staples
Relating to notice of hearing on a motion for enforcement regarding child support and child custody.

**SB 1660**                    Carona
Relating to the assumption of road district powers and duties by certain municipal utility districts; authorizing bonds.

**SB 1669**                    Estes
Relating to the composition of the wine sold or dispensed by wineries located in this state.

**SB 1693**                    Duncan
Relating to collateral for deposits of public school funds.

**SB 1751**                    Duncan
Relating to the powers and board of directors of the Lubbock Reese Redevelopment Authority; authorizing a bond or similar obligation.

**SB 1764**                    Gallegos
Relating to the creation of the Airline Improvement District; providing authority to impose a tax and issue a bond or similar obligation.

**SB 1791**                    Whitmire
Relating to the prosecution of the offense of capital murder.

**SB 1795**                    Armbrister
Relating to the creation of the Fort Bend County Municipal Utility District No. 177; providing authority to impose a tax and issue bonds; granting the power of eminent domain.

**SB 1824**                    Duncan
Relating to the expansion of the Salt Fork Water Quality District and the appointment of directors by the commissioners court of each county included within the boundaries of the district.

**SB 1826**                    Estes
Relating to the creation, administration, powers, duties, functions, operations, and financing of the Parker County Special Utility District; granting the power of eminent domain.

JA_008931

USA_00023813

Case 2:13-cv-00193   Document 664-17   Filed on 11/11/14 in TXSD   Page 63 of 66
e 1:12-cv-00128-RMC-DST-RLW   Document 215-5   Filed 06/20/12   Page 349 of
Tuesday, May 3, 2005          HOUSE JOURNAL — 61st Day          2389

**SB 1832**                    Lindsay

Relating to the assignment of judges to hear certain cases in the Harris County civil courts at law.

**SB 1847**                    Zaffirini

Relating to the creation, administration, powers, duties, operation, and financing of the Duval County Groundwater Conservation District.

**SB 1848**                    Zaffirini

Relating to the creation, administration, powers, duties, operation, and financing of the Starr County Groundwater Conservation District.

**SB 1849**                    Estes

Relating to the creation, administration, powers, duties, functions, operations, and financing of the Stephens Regional Special Utility District; granting the power of eminent domain.

**SCR 10**                     Staples

Memorializing congress to include Texas' transportation priorities in legislation to reauthorize TEA-21.

**SCR 16**                     Madla

Recognizing the Texas wine industry.

**SCR 17**                     Madla

Requesting Texas institutes of higher education to offer education and research opportunities in viticulture and enology.

**SCR 18**                     Madla

Memorializing Congress to enact legislation to provide funding to support the protection and growth of the Texas wine industry.

**SCR 19**                     Madla

Requesting the Texas Wine Marketing Research Institute at Texas Tech University include comparisons of the economic impacts of the states in the wine industry.

**SCR 27**                     West, Royce

Memorializing Congress to eliminate current caps on funded Medicare resident training slots and related limits on costs per resident used to determine Medicare graduate medical education reimbursement payments.

Respectfully,
Patsy Spaw
Secretary of the Senate

**Message No. 3**

MESSAGE FROM THE SENATE
SENATE CHAMBER
Austin, Texas
Tuesday, May 3, 2005 - 3

The Honorable Speaker of the House
House Chamber
Austin, Texas

JA_008932

Mr. Speaker:

I am directed by the senate to inform the house that the senate has taken the following action:

THE SENATE HAS PASSED THE FOLLOWING MEASURES:

**SB 1227**                    Shapiro
Relating to enrollment in public and private postsecondary educational institutions, to payment of the costs of attending those educational institutions, and to financial aid and other measures to assist students to pay those costs.

Respectfully,
Patsy Spaw
Secretary of the Senate

**Message No. 4**

MESSAGE FROM THE SENATE
SENATE CHAMBER
Austin, Texas
Tuesday, May 3, 2005 - 4

The Honorable Speaker of the House
House Chamber
Austin, Texas

Mr. Speaker:

I am directed by the senate to inform the house that the senate has taken the following action:

THE SENATE HAS PASSED THE FOLLOWING MEASURES:

**HB 729**                     Nixon                    SPONSOR: Janek
Relating to an order by a court that a judgment debtor turn over certain property for the satisfaction of the judgment.

**HB 2814**                    Bonnen                   SPONSOR: Janek
Relating to the powers and duties of the Sweeny Hospital District.
(AMENDED)

**SB 386**                     Wentworth
Relating to the ability of public school employees to communicate with members of a school district board of trustees.

THE SENATE HAS CONCURRED IN HOUSE AMENDMENTS TO THE FOLLOWING MEASURES:

**SB 481**                     (31  Yeas,  0  Nays)

Respectfully,
Patsy Spaw
Secretary of the Senate

JA_008933

USA_00023815

Case 2:13-cv-00193 Document 664-17 Filed on 11/11/14 in TXSD Page 65 of 66

e 1:12-cv-00128-RMC-DST-RLW Document 215-5 Filed 06/20/12 Page 351 of
Tuesday, May 3, 2005          HOUSE JOURNAL — 61st Day          2389

**Message No. 5**

MESSAGE FROM THE SENATE
SENATE CHAMBER
Austin, Texas
Tuesday, May 3, 2005 - 5

The Honorable Speaker of the House
House Chamber
Austin, Texas

Mr. Speaker:

I am directed by the senate to inform the house that the senate has taken the following action:

THE SENATE HAS PASSED THE FOLLOWING MEASURES:

**SB 49**                     Nelson
Relating to the electronic submission of certain health care transactions.

**SB 408**                    Nelson
Relating to the continuation and functions of the Public Utility Commission of Texas; providing a penalty.

**SB 826**                    Van de Putte
Relating to a cost-benefit analysis of providing mental health services for women with postpartum depression.

**SB 1246**                   Brimer
Relating to local option elections in certain populous areas on the sale of mixed beverages by food and beverage establishments.

**SB 1272**                   Jackson, Mike
Relating to requirements for county election precincts.

**SB 1370**                   Madla
Relating to the disposition of certain tax revenue for the protection and development of grape and wine production.

**SB 1578**                   Duncan
Relating to jurisdiction and venue in condemnation proceedings.

**SJR 3**                     Armbrister
Proposing a constitutional amendment providing for the issuance of additional general obligation bonds by the Texas Water Development Board.

Respectfully,
Patsy Spaw
Secretary of the Senate

---

**APPENDIX**

---

**STANDING COMMITTEE REPORTS**

Favorable reports have been filed by committees as follows:

JA_008934

**May 2**

Appropriations - **HB 3540**

Civil Practices - **HB 974**

County Affairs - **HB 3516, HB 3517, HB 3518**

Criminal Jurisprudence - **HB 3151, HB 3152**

Culture, Recreation, and Tourism - **HB 884, HB 886, HB 2901, SB 602**

Economic Development - **HB 3247**

Elections - **HB 963, HB 2309**

Environmental Regulation - **HB 39**

Human Services - **HB 288, HB 2459**

Insurance - **HB 1217, HB 1485, HB 2155, HB 2157, HB 2371, HB 2437, HB 2551, HB 2810, HB 3271, HB 3299, HB 3300, SB 261**

Law Enforcement - **HB 499, HB 1869**

Public Health - **HB 247, HB 772, HB 1220, HB 1502, HB 1719, HB 2180, HB 2472, HB 2500, HB 2765, HB 3099, HB 3357, SB 350, SB 376, SB 1330**

Regulated Industries - **HB 3179**

State Affairs - **HB 3563**

Transportation - **HB 1822, HB 2300, HB 3221**

Urban Affairs - **HB 2489, HB 2640, HB 3409**

Ways and Means - **HB 229, HB 2675, HB 3573**

## ENGROSSED

**May 2 - HB 920, HB 1118, HB 1248, HB 1255, HB 1391, HB 1458, HB 1800, HB 1997, HB 2027, HB 2071, HB 2200, HB 2202, HB 2243, HB 2257, HB 2266, HB 2335, HB 2348, HB 2518, HB 2581, HB 2656, HB 2685, HB 2828, HB 2928, HB 2942**

## ENROLLED

**May 2 - HCR 3**

## SENT TO THE GOVERNOR

**May 2 - HB 67, HB 423, HB 1657, HB 1815, HCR 3**

USA_00023817