PL-157
9/2/2014
2:13-cv-00193

## SENATE RESOLUTION NO. 98

BE IT RESOLVED by the Senate of Texas, 67th Legislature, That the following procedures shall apply for use of an Intent Calendar during the 67th Legislature.

No bill, joint resolution, or resolution affecting state policy may be considered out of its regular calendar order unless written notice of intent to suspend the regular order to bring up the legislation is filed with the Secretary of the Senate before 4:00 p.m. of the last preceding calendar day that the Senate was in session. The Secretary of the Senate shall provide forms for this purpose. The notice must be given from day to day; provided, however, that no member may give notice on more than three bills each day prior to May 1, 1981, nor more than five bills each day on or after May 1, 1981. The limitation on the number of bills is not applicable to those bills nominated to the Local and Uncontested Calendar by the committee which reported the bill favorably.

The Secretary of the Senate shall prepare a list of all bills on which notice has been given. The list must be made available to each member of the Senate and to the press no later than 6:30 p.m. of the calendar · day prior to the day the bill is to be considered.

The Rules of the Senate of Texas, 67th Legislature, are hereby suspended insofar as they are in conflict with the procedures provided in this resolution. No provision in this resolution may be suspended except by unanimous consent of the members present. This resolution may be amended only by a written motion or resolution adopted by the record affirmative vote of two-thirds of the members of the Senate present.

Adopted on February 5, 1981.

# RULES OF THE SENATE

## Table of Senate Rules
## 67th Legislature

Rule                                                                  Page

| 1. | Quorum | 1 |
| 2. | Absentees | 2 |
| 3. | Absences | 2 |
| 4. | Roll Call | 3 |
|    | Call Of The Senate | 3 |
|    | Senate's Right To Await Attendance Of All Absentees | 4 |
| 5. | Presiding Officer Of The Senate | 6 |
| 6. | Election Of President Pro Tempore | 7 |
| 7. | Election Of Officers | 7 |
| 8. | Open Doors | 8 |
| 9. | Order Of Business | 8 |
| 10. | Roll Call, Prayer By Chaplain, Reading Of Journal | 9 |
| 11. | Morning Call | 9 |
| 12. | Order Of Considering Bills And Resolutions | 10 |
| 13. | House Bill Days | 11 |
| 14. | Special Orders | 12 |
| 15. | Rulings By President | 14 |
| 16. | Motions And Their Precedence | 14 |
| 17. | Limitation Of Debate | 21 |
| 18. | Written Motions | 22 |
| 19. | Withdrawal Of Motion | 23 |
| 20. | Motions To Fix Sum Or State Time | 23 |
| 21. | Division Of Question | 23 |
| 22. | Reason For Vote | 24 |
| 23. | Reconsideration | 25 |
| 24. | Spreading Motion To Reconsider On Journal | 28 |
| 25. | Reading Of Papers | 29 |
| 26. | Mode of Stating And Voting Upon Questions | 30 |
| 27. | Lieutenant Governor To Give Casting Vote | 30 |
| 28. | Effect of Tie Vote When Lieutenant Governor Absent | 30 |

29.  Calls For Yeas And Nays By
     Three Members ..........................  30
30.  Members Refusing To Answer Recorded
     Present ................................  31
31.  Matters Requiring Vote Of Two-Thirds
     Of All Members ........................  32
     Vetoed Bills ..........................  32
32.  Matters Requiring Vote Of Two-Thirds
     Of Members Present ....................  33
33.  Suspension Of Three-Day Rule ...........  35
34.  Elections ...............................  36
35.  Elections ...............................  36
36.  Nominations By The Governor ............  36
37.  Nominations By The Governor ............  36
38.  Nominations By The Governor ............  37
39.  Nominations By The Governor ............  37
40.  Secrecy Of Executive Session ..........  37
41.  Secrecy Of Executive Session ..........  38
42.  Secrecy Of Executive Session ..........  38
43.  Violation Of Secrecy ..................  38
44.  Messages To The House .................  38
45.  Reception Of House Messages ...........  38
46.  Journal Of The Senate .................  38
47.  Return Of Vetoed Senate Bills .........  40
48.  Report To Governor Of Final Result
     Of Executive Session ..................  40
49.  Adjournment ...........................  40
     Adjournment Of Senate For More
     Than Three Days .......................  41
50.  When Senate Rules Are Silent ..........  42
51.  Previous Question .....................  43
52.  Demand For Immediate Ruling ...........  46
53.  Decorum--Removal Of Senator
     From Chair ............................  46
54.  Decorum And Debate ....................  48
55.  Recognition Of Members In Debate ......  48
56.  Speaking More Than Once In Single
     Debate ................................  49
57.  Member Called To Order ................  50
58.  Refusal Of Member Called To Order
     To Be Seated ..........................  50
59.  Interruption Of President .............  51
60.  Interruption Of Member Speaking .......  51
61.  Punishment For Misconduct .............  55
62.  Obstructing Proceedings Of Senate--
     Punishment ............................  56
63.  Bribery ...............................  56

64. Admittance To Senate Chamber;
    Restrictions On Dress And Behavior ..... 56
    Persons Lobbying Not Admitted ........... 57
    Press Correspondents ..................... 57
    Forfeiture Of Admittance Privilege ....... 58
    Suspension Of Admittance Rule ........... 58
    Exceptions ............................... 59
65. No Eating Or Drinking In Senate
    Chamber ................................. 60
66. Persons Must Be Properly Attired In
    Senate Chamber .......................... 60
67. Legislation--Consideration Of House
    Bill In Lieu Of Senate Bill On
    Same Subject ............................ 61
68. Procedure In Passage Of Bills ........... 62
69. Announcement Of Stage Of Bill ........... 63
70. First Reading And Reference Of Bills ..... 63
71. Motion To Pass Bill Is Not Necessary ..... 65
72. Germaneness ............................. 65
73. Seventy-Two And Twenty-Four Hour Rules ... 71
74. Printing Of Bills ....................... 71
75. Adoption Of Amendment On Final
    Passage Of Bill ......................... 73
76. Signing Of Bills And Resolutions
    By Presiding Officer .................... 73
77. House Amendments To Senate Bills ........ 73
78. Petitions And Resolutions ............... 74
79. Congratulatory, Memorial And Courtesy
    Resolutions ............................. 76
80. Amendments To The Constitution .......... 77
81. Failure Of Joint Resolution To Be
    Adopted After Third Reading ............ 78
82. Call For Yeas And Nays By
    Presiding Officer ...................... 78
83. Defeated Bill Or Resolution ............. 78
84. Course of Committee Substitute Bills ..... 79
85. Custodian Of Bills And Resolutions ...... 80
86. Periods For Introduction and
    Consideration Of Bills ................. 80
87. Suspension Of Time Limit Rule ........... 81
88. Introduction And Consideration
    Of Local Bills ......................... 81
    Meaning Of Term Local Bills As
    Used In Rules 86 And 88 ............... 81
89. Suspension Of Rule Limiting
    Consideration Of Bills ................. 82
90. Committee Reports ...................... 82

| | | |
|---|---|---|
| 91. | Recommendations Of Committees ............ | 83 |
| 92. | Motions To Refer Or Commit .............. | 84 |
| 93. | Committees ............................... | 85 |
| 94. | List Of Standing Committees .............. | 85 |
| | 94.1.  Limitation On Appropriations ...... | 89 |
| | 94.2.  Actuarial Analyses ................ | 90 |
| 95. | Conference Committees .................... | 93 |
| 96. | Instructions To Conference Committees .... | 93 |
| 97. | Committee Of The Whole ................... | 99 |
| 98. | Chairman Of Committee Of The Whole ....... | 100 |
| 99. | Right Of Lieutenant Governor To Speak And Vote In Committee Of The Whole ..... | 100 |
| 100. | Procedure In Committee Of The Whole ...... | 100 |
| 101. | Procedure In Committee Of The Whole ...... | 100 |
| 102. | Record Of Committee Attendance ........... | 101 |
| 103. | Public Notice Of Meetings ................ | 101 |
| 104. | Minutes Of Committee Meetings ............ | 101 |
| 105. | Committee Hearings ....................... | 102 |
| 106. | Quorum Of Committee ...................... | 105 |
| 107. | Filing Reports Of Committees ............. | 105 |
| 108. | Consideration Of Bills In Committees ..... | 107 |
| 109. | Minority Committee Reports ............... | 107 |
| | Appendix ................................. | 109 |

## RULES OF THE SENATE

### GENERAL PROCEDURE
### QUORUM

1. Two-thirds of all the Senators elected shall constitute a quorum, but a smaller number may adjourn (or recess) from day to day, and compel the attendance of absent Members (Constitution, Article 3, Section 10).

### Editorial Note

The exact text of Section 10 of Article 3 of the State Constitution is as follows:

"Two-thirds of each House shall constitute a quorum to do business, but a smaller number may adjourn from day to day, and compel the attendance of absent members, in such manner and under such penalties as each House may provide."

### Notes of Rulings

Twenty Members of the Senate constitute a quorum when only thirty Members have qualified (35 S.J. 2 C.S. 23, 32 (1917)).

A point of order that no quorum is present does not deter continued transaction of business by Senate if in fact a quorum is known by the Presiding Officer to be present and he so announces (50 S.J. Reg. 417 (1947)).

The raising of a point of order that no quorum is present justifies an order by the Presiding Officer that the roll be called to ascertain the presence or absence of a quorum (50 S.J. Reg. 417 (1947)).

Under Senate Rule No. 1 which states

that "two-thirds of all of the Senators
elected shall constitute a quorum, but a
smaller number may adjourn (or recess)
from day to day," a motion to recess (or
adjourn) until a later time on the same
day is a proper motion (61 S.J. Reg. 945
(1969)).

A quorum of the Senate is present when
21 Members answer the Roll Call (61 S.J.
Reg. 954 (1969)).

The Senate must have 21 Members
present or two-thirds of the elected
Members for a quorum of the Senate (61
S.J. Reg. 945, 1099, 1759 (1969)).

The Senate must have 21 Members or
two-thirds of the Members elected to the
Senate for a quorum (61 S.J. Reg. 1817
(1969)).

There is a quorum of the Senate
present when the last Roll Call taken by
the Secretary shows that a quorum was
present (61 S.J. Reg. 1926 (1969)).

## ABSENTEES

2. In case a less number shall convene,
the Members present may send the
Sergeant-at-Arms, or any other person or
persons, for any or all absent Members.

### Notes of Rulings

The attendance of absentees may be
enforced only on order of Senators
present (48 S.J. Reg. 355 (1943)).

The attendance of absentees may be
enforced although a quorum is present (48
S.J. Reg. 508 (1943)).

## ABSENCES

3. No Member shall absent himself from

the sessions of the Senate without leave
unless he be sick or unable to attend.

### Editorial Note

Rule 32, Subdivision (a), item (2)
provides that a vote of two-thirds of the
Members present shall be required "to
excuse absentees." The main effect of
granting leave to an absent Member is
that he is recorded "absent-excused" on
all votes taken instead of "absent".

### ROLL CALL

4. Upon every roll call the names of the
Members shall be called alphabetically by
surname, except when two or more have the
same surname, in which case the name of the
county shall be added.

### CALL OF THE SENATE

It shall be in order to move a call of
the Senate at any time to secure, to
maintain, or to secure and maintain a
quorum for the following purposes:

(a) for the consideration of a specific
bill, resolution or other measure;

(b) for a definite period of time or for
the consideration of any particular class
of bills.

When a call of the Senate is moved for
one of the above purposes and seconded by
five Members, and ordered by a majority of
those present, the Doorkeeper shall close
the main entrance of the Hall, and all
other doors leading out of the Hall shall
be locked and no Member be permitted to
leave the Senate without written permission
of the Presiding Officer until after the
subject matter upon which the call was
ordered has been disposed of. The

2-9-81 SR 93          3

Rule 4

Secretary shall call the roll of Members
and note the absentees and those for whom
no sufficient excuse is made may, by order
of the majority of those present, be sent
for and arrested wherever they may be
found, by the Sergeant-at-Arms or officers
appointed by him for that purpose, and
their attendance secured and retained, and
the Senate shall determine upon what
conditions they shall be discharged.
Members who voluntarily appear shall,
unless the Senate otherwise directs, be
immediately admitted to the Hall of the
Senate, and they shall report their names
to the Secretary to be entered upon the
Journal as present. Until a quorum
appears, should the roll call fail to show
one present, no business shall be done
except to compel the attendance of absent
Members or to adjourn.

### SENATE'S RIGHT TO AWAIT ATTENDANCE
### OF ALL ABSENTEES

When a quorum is shown to be present, the
Senate may proceed with the matters upon
which the call was ordered, or may enforce
and await the attendance of as many of the
absentees as it desires to have present.
If the Senate decides to proceed, the
Sergeant-at-Arms shall not be required to
bring in other absentees unless so ordered
by a majority vote of the Senate.

When a call of the Senate is ordered, as
hereinabove authorized, the Hall of the
Senate shall be held to include the Senate
Chamber, the Sergeant-at-Arms room, the
Senate reception room, the Senate cloak
room and the corridors leading thereto.

### Editorial Notes

After a call has been ordered and a
quorum has been announced present, it is
then proper for the Senate to resume the

2-9-81 SR 93                4

transaction of business, or, on the
adoption of a motion to do so, to secure
the attendance of one or more of the
Members still absent before resuming
consideration of any business.

It is, no doubt, within the province
of the Senate to adopt a rule authorizing
the Presiding Officer of the Senate
during a call of the Senate to issue to
any absentee a written demand that the
absentee attend the Senate's session and
giving to the Sergeant-at-Arms or his
deputies authority to serve and to
enforce the demand by whatever means
necessary.

### Notes of Rulings

The disclosure of the presence of a
quorum during a call to secure and
maintain a quorum does not automatically
dissolve the call (32 S.J. Reg. 1274
(1911)).

A motion for a call of the Senate may
not include a further provision to grant
leaves of absence to certain Members (43
S.J. Reg. 1654 (1933)).

A call of the Senate may not be
ordered to maintain a quorum "until the
final disposition" of a particular bill
unless that bill is "pending before the
Senate" (44 S.J. 1 C.S. 262 (1935)).

A motion for a call of Senate "to
obtain a quorum" is not in order if a
quorum is present (47 S.J. Reg. 1007
(1941)).

When under a call, the Senate may
compel and await the attendance of all or
any number of the absentees before
proceeding to transaction of business (48
S.J. Reg. 508, 553 (1943)).

A roll call, following a point of "no quorum," which reveals the absence of a quorum, prevents further consideration of a bill that is being considered on passage to third reading until a quorum is present and permits a motion to be made that a call of the Senate be ordered for the purpose of securing and maintaining a quorum until the disposition of the bill. (50 S.J. Reg. 1137 (1947); 50 S.J. Reg. 1181 (1947)).

A motion for a Call of the Senate is not debatable (61 S.J. Reg. 1759 (1969)).

### PRESIDING OFFICER OF THE SENATE

5. The Lieutenant Governor of the State shall by virtue of his office be President of the Senate (Constitution, Article 4, Section 16) and decide all questions of order subject to appeal by any Member. He shall have control of such parts of the Capitol as have been, or may be, set apart for the use of the Senate and its officers. He shall have the right to name a Member to perform the duties of the Chair, but such substitution shall not extend beyond such time as a majority of the Senators present vote to elect another Member to preside, and if a majority of the Senators present so vote, the Member called to the Chair by the Lieutenant Governor or by the President Pro Tempore of the Senate shall vacate the Chair, and the Member elected by a majority shall preside until the Lieutenant Governor or President Pro Tempore shall take the gavel and preside (Constitution, Article 3, Section 9).

### Editorial Note

The President of the Senate may refuse to rule on a point of order relating to

the constitutionality of the substance of a proposition or on one that does not relate to any question of procedure or practice. (See also Rule 15.)

### Note of Ruling

No motion is in order while a point of order is pending (43 S.J. Reg. 1156 (1933)).

### ELECTION OF PRESIDENT PRO TEMPORE

6. The Senate shall, at the beginning and close of each session, and at such other times as may be necessary, elect one of its Members President Pro Tempore, who shall perform the duties of Lieutenant Governor in any case of absence or disability of that officer and whenever the said office of Lieutenant Governor shall be vacant (Constitution, Article 3, Section 9).

### Editorial Notes

In the absence of both the Lieutenant Governor and President Pro Tempore for a short period of time, either of them may designate in writing a Senator to occupy the Chair, but in case the President Pro Tempore is compelled, for any reason, to be absent for an extended or indefinite period, the Senate elects another President Pro Tempore. For the form of the designation by the Lieutenant Governor or President Pro Tempore, see 49 S.J. Reg. 515 (1945).

### ELECTION OF OFFICERS

7. A Secretary, Journal Clerk, Calendar Clerk, Enrolling Clerk, Sergeant-at-Arms, Doorkeeper, Chaplain, and such other officers as a majority vote may determine to be necessary shall be elected at the

opening of the session of the Legislature to continue in office until discharged by the Senate, and shall perform such duties as may be incumbent upon them in their respective offices, under the direction of the Senate. Such officers may not be related to any current Member of the Texas Legislature, nor may any employee of the Senate be related to any current Member of the Texas Legislature. The Secretary of the Senate shall, in addition to his other duties, be responsible for the coordination of the other offices and divisions of the Senate.

### Editorial Note

This rule is not binding unless and until it is adopted by the Senate at its biennial session. The Senate may, of course, omit the adoption of the rule as written and provide by a simple resolution for the election of such officers as it sees fit.

### OPEN DOORS

8. The doors of the Senate shall be kept open, except when there is an Executive Session (Constitution, Article 3, Section 16 and Rules 37-43).

### Editorial Note

When the Senate is in session, the entrances to the main floor of the Senate Chamber are closed, but the galleries are always open to the public except when Senate is in executive session.

### ORDER OF BUSINESS

9. The Presiding Officer shall take the Chair at the hour to which the Senate last adjourned.

## ROLL CALL, PRAYER BY CHAPLAIN, READING OF JOURNAL

10.   The names of the Senators shall be called alphabetically; should a quorum not be in attendance, a majority of those present shall be authorized to send the Sergeant-at-Arms, or a special messenger, for the absentees; when there is a quorum present, prayer shall be offered by the Chaplain and then the Journal of the preceding day shall be read and corrected, if necessary.

### MORNING CALL

11.   The President then shall call:

(1)   for petitions and memorials;

(2)   for reports from standing committees;

(3)   for reports from select committees;

(4)   for Senate bills on first reading and referral to committee;

(5)   for introduction of resolutions;

(6)   for messages and executive communications;

(7)   for motions to print on minority report;

(8)   for other motions not provided herein, including, but not limited to motions to set a bill for special order, to reconsider, to print and not print bills, to re-refer bills, to concur in House amendments to Senate bills, to not concur in House amendments to Senate bills, to request the appointment of conference committees and to adopt conference

2-9-81 SR 93          9

committee reports.

This concludes the morning call, which the President shall announce to the Senate.

It shall not be in order, during the morning call, to move to take up a bill or resolution out of its regular order; and the Presiding Officer shall not recognize any Senator for the purpose of making any such motion or making a motion to suspend this rule.

### Editorial Notes

The last paragraph of the foregoing rule was adopted by the Senate on June 6, 1947.

A motion to set a bill for a special order may be made under item (8) of this rule, and motions to reconsider, to print or not print bills, and to re-refer bills may properly be made under item (8) of the morning call.

ORDER OF CONSIDERING BILLS AND RESOLUTIONS

12. At the conclusion of the morning call, the Senate shall proceed to consider business on the President's table, which shall be disposed of in the following order:

    (1) special orders;

    (2) unfinished business;

    (3) Senate Joint Resolutions;

    (4) Senate Resolutions;

    (5) Senate Concurrent Resolutions;

    (6) Senate bills on third reading;

(7)   Senate bills on second reading;

(8)   House Joint Resolutions;

(9)   House bills on third reading;

(10)  House bills on second reading;

(11)  House Concurrent Resolutions.

The above order is for Senate bill  days,
except  as   modified by the Joint Rules.

### Notes of Rulings

The order of  business  as  set  forth
above may be changed by a two-thirds vote
of the Senate (42 S.J. Reg. 1682 (1931)).

A House bill laid before the Senate as
an  unfinished  special  order  should be
disposed of before any other  House  bill
which has been set for a special order is
taken  up for consideration (46 S.J. Reg.
1853 (1939)).

A motion to suspend the regular  order
of  business  is·not in order while other
business  is   pending   under   a   rule
suspension (46 S.J. Reg. 1886 (1939)).

The bill next on calendar is not to be
passed  over, due to author's absence (47
S.J. Reg. 397 (1941)).

A motion to suspend the regular  order
of business is not a debatable motion (61
S.J. Reg. 1101 (1969)).

### HOUSE BILL DAYS

13.  After  the  morning  call  has  been
concluded   on   calendar   Wednesday   and
calendar Thursday of each week, House Joint
Resolutions  and  House  bills  on  special
order and on  third  and  second  readings,

2-9-81 SR 93          11

respectively, and House Concurrent
Resolutions, shall be taken up and
considered until disposed of; provided in
case one should be pending at adjournment
on Thursday, it shall go over until the
succeeding calendar Wednesday as unfinished
business.

## Notes of Rulings

A House bill, by a two-thirds vote,
may be taken up and considered by the
Senate on any day of the week (46 S.J.
Reg. 634-635 (1939)).

When the Senate adjourns on Thursday
of any week with a House bill pending,
the bill then pending, whether it is a
special order or not, may not be further
considered until Wednesday of the next
succeeding week unless the Senate by a
two-thirds vote agrees to consider it
further prior to that day (46 S.J. Reg.
1704 (1939)).

House bills may be considered in
Senate under a suspension of the regular
order of business on days other than
calendar Wednesday and calendar Thursday
(48 S.J. Reg. 1051 (1943)).

When a Member is discussing a Senate
Bill on calendar Monday or calendar
Tuesday (which are considered Senate Bill
Days in the Senate) and 12:01 o'clock
a.m. Wednesday arrives (which is
considered a House Bill Day in the
Senate), no further discussion may be had
on the Senate Bill (61 S.J. Reg. 956
(1969)).

## SPECIAL ORDERS

14. Any bill, resolution or other
measure may, on any day, be made a special
order for a future time of the session by

an affirmative vote of two-thirds of the Members present.

A special order shall be considered at the time for which it is set and considered from day to day until disposed of, unless at the time so fixed there is pending business under a special order, but such pending business may be suspended by a two-thirds vote of all the Members present. If a special order is not reached or considered at the time fixed, it shall not lose its place as a special order; provided further that all special orders shall be subject to the Joint Rules and Senate Rule 13.

### Editorial Notes

A bill once set as a special order does not lose its place on the Calendar of special orders if not taken up at the hour for which it is set.

A special order, the hour for the consideration of which has arrived, takes precedence of the unfinished business unless the unfinished business is itself a special order.

### Notes of Rulings

An affirmative vote of two-thirds of all Senators present including those who ask to be recorded as "present-not voting" is required to set a special order (49 S.J. Reg. 427 (1945)).

The motion to set a bill for a special order is not a proper substitute for a motion to suspend the regular order of business and take up a bill for immediate consideration (50 S.J. Reg. 1005 (1947)).

A bill being considered as a special order that is laid on the table subject

2-9-81 SR 93                13

to call is no longer a special order (43 S.J. Reg. 980 (1933)).

Refusal of Senate to set bill as special order for a certain hour does not prevent a motion's being made and adopted immediately thereafter to set the bill as a special order for a different specified hour (45 S.J. Reg. 860 (1937)).

The Senate, by a two-thirds vote, may take up a bill out of its regular order for immediate consideration although there is an unfinished special order on the President's table awaiting the Senate's consideration (49 S.J. Reg. 1053 (1945)).

When the business before the Senate is a Special Order, the order of business may be suspended in order to consider other business (61 S.J. Reg. 2034 (1969)).

## RULINGS BY PRESIDENT

15. Every question of order shall in the first instance be decided by the President, from whose decision any Member may appeal to the Senate. Rulings which set or alter precedent shall be printed as an annotation to the Rules.

### Editorial Note

A Member called to the Chair pending an appeal does not entertain any motions nor accept any further point of order.

See also Editorial Note following Rule 5.

## MOTIONS AND THEIR PRECEDENCE

16. When a question is under consideration by the Senate, no motion

shall be made except:

(1) to fix the day to which the Senate shall adjourn or recess;

(2) to adjourn or recess;

(3) to proceed to the transaction of executive business;

(4) the previous question;

(5) to lay on the table;

(6) to lay on the table subject to call;

(7) to postpone to a time certain;

(8) to commit;

(9) to amend;

(10) to postpone indefinitely;
which several motions have precedence in the order named. It shall be in order to make any number of the above motions before any vote is taken; but the votes shall be taken on all such motions made in the order of the precedence above stated.

### Editorial Notes

Rule 16 apparently prevents a motion to suspend a pending question for the purpose of taking up another, but the Senate's presiding officers have recently interpreted Item 5 of Rule 32 to mean that any rule of the Senate may be amended, suspended, or rescinded by a two-thirds vote at any time and that a motion to suspend Rule 16 and any other interfering rule in order to take up for immediate consideration a question different from the one pending is in order. However, an undebatable

privileged question that is pending or a question that is itself under consideration as the result of a rule suspension should be disposed of by the Senate before another question is taken up under a suspension of the rules. No rule suspension, of course, is in order during the morning call.

There are several kinds of motions to amend, which motions have precedence in the order named below:

1. Committee amendments and amendments by the author or Senator in charge of the bill offered from the floor to the body of the bill.

2. Other amendments offered from the floor to the body of the bill.

3. Amendments to the caption of the bill.

4. Amendments to strike out the enacting clause of a bill.

If a bill is considered section by section, an amendment is not in order except to the section under consideration. After all of the sections have been considered separately, the whole bill is open for amendment.

Notes of Rulings

Adjourn

(See also Rule 49.)

After a motion to adjourn has been made no business may precede a vote on the motion except by unanimous consent (43 S.J. Reg. 906 (1933)).

Table

> A motion to table report of conference
> committee is not in order (47 S.J. Reg.
> 1128 (1941)).

Table Subject to Call

> A motion to table a bill subject to
> call is not a proper substitute motion
> for a motion to set a bill as special
> order (45 S.J. Reg. 1426 (1937)).

> A motion to call from the table a bill
> tabled subject to call is not in order
> while joint resolution on passage to
> third reading is pending (49 S.J. Reg.
> 820 (1945)).

> The motion to table subject to call is
> not debatable. (51 S.J. Reg. 1336
> (1949)).

Postpone

> When the hour to which a bill
> postponed to a time certain arrives, the
> postponed measure does not immediately
> displace a special order (or other
> matter) already under consideration by
> the Senate (45 S.J. Reg. 1854 (1937)).

Commit

> A motion to recommit a bill permits
> discussion of the merits of the bill (42
> S.J. Reg. 496 (1931)).

Amend

> [For rulings relating to germaneness
> of amendments, see under Rule 72.]

> The Senate may amend a revenue bill
> from the House by adding a new field of
> taxation, and so may place a tax on

cigarettes in a bill levying certain other taxes (42 S.J. Reg. 893 (1931)).

An amendment directly contrary to and including the same subject matter as an amendment previously adopted is not in order (42 S.J. Reg. 242 (1931)).

It is not in order to attempt to take out matter inserted after the Senate has refused to reconsider the vote by which it was inserted (42 S.J. Reg. (1931)).

An amendment defeated at a particular stage of a bill may not be again submitted at the same stage of the bill (42 S.J. 1 C.S. 647 (1931)).

Amendment having the same effect as an amendment which has been defeated is not in order (42 S.J. 2 C.S. 95 (1931)).

A substitute for both an amendment and an amendment to an amendment is in order (43 S.J. Reg. 1367 (1933)).

An amendment that has been tabled may not be offered again at the same stage of the bill (44 S.J. Reg. 156 (1935)).

A substitute for a substitute is not in order (44 S.J. Reg. 613 (1935)).

Matter identical with that stricken from a bill by amendment may not be re-inserted at the same stage by further amendment (44 S.J. Reg. 867 (1935)).

A single substitute for both an amendment and an amendment to the amendment may be offered (44 S.J. 2 C.S. 24 (1935)).

An amendment accomplishing same result as defeated amendment but different in text and inserted in bill at different

place is in order (45 S.J. Reg. 622
(1937)).

An amendment containing only one of
several provisions contained in a
defeated amendment is in order (45 S.J.
Reg. 1348 (1937)).

An amendment, defeated at one stage of
a bill, is again in order when the bill
has reached another stage (45 S.J. Reg.
1642 (1937)).

An amendment to make an appropriation
from the available school fund for a
purpose not authorized by the
Constitution is not in order (45 S.J. 2
C.S. 80-81 (1937)).

An amendment changing only load limit
in bill relating to weight of trucks is
a proper substitute for amendment
striking out all after enacting clause
and inserting new text (47 S.J. Reg. 475
(1941)).

An amendment inserted in a bill by an
amendment is not subject to change at
same stage of bill (48 S.J. Reg. 841
(1943)).

A substitute for an amendment is not
in order if the substitute relates to a
different subject matter (49 S.J. Reg.
436 (1945)).

An amendment to a joint resolution,
defeated when the resolution is on
passage to engrossment, may be offered
again when resolution is on final passage
(49 S.J. Reg. 444 (1945)).

An amendment to levy tax on fuel used
in aircraft offered to bill exempting
from motor fuel tax law fuels used for
non-highway purposes subjects the bill to

the constitutional prohibition against revenue-raising measures originating in Senate and is not in order (49 S.J. Reg. 527 (1945)).

An amendment to permit a loan by the State in violation of the Constitution is not in order (49 S.J. Reg. 613 (1945)).

A point of order that a line and word reference in a proposed amendment is incorrect does not deter consideration of the amendment containing the reference (50 S.J. Reg. 422 (1947)).

An amendment making it mandatory that the salaries of certain county officers be raised is not in order, after the adoption (at the same stage of the bill) of an amendment that makes the raising of those salaries permissive instead of mandatory. (50 S.J. Reg. 826 (1947)).

An amendment that has been tabled may not be again considered at the same stage of the bill, even though it is resubmitted as only one of two distinct propositions in another amendment. (51 S.J. Reg. 183 (1949)).

An amendment substantially different in any particular from one defeated would not be out of order because of its similarity to the defeated amendment. (51 S.J. Reg. 628 (1949)).

An amendment making an appropriation for the conversion of certain properties to be donated to the State by the Southwestern Medical Foundation into a College of Medicine of The University of Texas is not in violation of Section 6 of Article 16 of the Constitution prohibiting appropriations for private or individual purposes. (51 S.J. Reg. 1127 (1949)).

An amendment which makes a revenue-raising measure of a bill further defining the term "carbon black" as used in the omnibus tax law is not in order. (51 S.J. Reg. 1641 (1949)).

An amendment that does not indicate the portion of a bill it seeks to change is not in order (51 S.J. 1 C.S. 95 (1950)).

## LIMITATION OF DEBATE

17. No debate shall be allowed on a motion to lay on the table, for the previous question, or to adjourn or recess; provided, however, that the author of a measure, or whichever one of the several authors of the same may be by them selected so to do, shall have the right, when a motion to lay on the table shall have been made, to close the debate, which privilege he may yield to any other Senator subject to all of the Rules of the Senate.

### Editorial Note

If the Member having the right to close after a motion to table yields his right to another Senator, he is not permitted himself to debate the question any further.

### Notes of Rulings

The substance of a bill may be stated under a motion to suspend the order of business to take up for consideration (35 S.J. Reg. 1149 (1917)).

The motion to reconsider is debatable unless the proposition upon which the motion to reconsider is made is not debatable (44 S.J. Reg. 368-369 (1935)).

The motion to table subject to call is not debatable (46 S.J. Reg. 479 (1939)).

A resolution to fix date of sine die adjournment is debatable (47 S.J. Reg. 1902 (1941)).

When an amendment to a bill is pending, all debate must relate to the amendment (49 S.J. Reg. 1019 (1945)).

The motion to suspend the regular order of business is not debatable, but a limited explanation of the bill to which any such motion applies is permitted. (50 S.J. Reg. 1349 (1947)).

The author of a bill who has moved to suspend a rule so that the bill might be introduced may explain it briefly. (51 S.J. Reg. 502 (1949)).

A motion for a Call of the Senate is not debatable (61 S.J. Reg. 1759 (1969)).

A congratulatory resolution when offered is not debatable and therefore may be considered immediately or referred to a committee by the Presiding Officer (61 S.J. 1 C.S. 124 (1969)).

## WRITTEN MOTIONS

18. All motions shall be reduced to writing and read by the Secretary, if desired by the Presiding Officer or any Senator present.

### Note of Ruling

After the commencement of a roll call on the question of agreeing to a motion to suspend the regular order of business, a Senator may not interrupt the roll call to demand that the motion be submitted in writing and may not then insist as a

matter of right that the motion be
reduced to writing. (50 S.J. Reg. 602
(1947)).

## WITHDRAWAL OF MOTION

19. After a motion has been stated by
the President, or read by the Secretary, it
shall be deemed to be in possession of the
Senate, but it may be withdrawn at any time
before it has been amended or decided.

### Note of Ruling

An amendment may be withdrawn by its
author at any time before it has been
voted on, even when a Senator is debating
it; and its withdrawal cuts off
immediately any further discussion of it.
(50 S.J. Reg. 1237 (1947)).

## MOTIONS TO FIX SUM OR STATE TIME

20. On a motion to fix a sum or state a
time, the largest sum and the longest time
shall have precedence.

## DIVISION OF QUESTION

21. Any Member may have the question
before the Senate divided, if it be
susceptible of a division, into distinct
questions; but on a motion to strike out
and insert, it shall not be in order to
move for a division of the question; but
the rejection of a motion to strike out and
insert one proposition shall not prevent a
motion to strike out and insert a different
proposition; nor prevent a subsequent
motion simply to strike out; nor shall the
rejection of a motion simply to strike out
prevent a subsequent motion to strike out
and insert. A motion to table shall only

affect the matter to which it is directed, and a motion to table an amendment shall never have the effect of tabling the entire measure.

### Notes of Rulings

A motion to suspend the regular order of business to take up a bill is susceptible of division when there is more than one Senate rule banning the immediate consideration of the bill, but after the motion has been made and carried by a two-thirds vote and the bill has been laid before the Senate and read second time, it is too late to call for a division of the question or to invoke the rule requiring bills to be printed before consideration. (50 S.J. Reg. 1056 (1947)). See also note of ruling following Rule 74.

A motion that Senate Rule 13 (now Rule 12) and the regular order of business be suspended and a certain general bill be laid out is not susceptible of division if Senate Rule 13 (now Rule 12), which relates to the order of business, is the only Senate rule banning the laying out of the bill and its immediate consideration by the Senate. (50 S.J. Reg. 1239 (1947)).

### REASON FOR VOTE

22. Any Member shall have the privilege to have spread upon the Journal of the Senate a brief statement of his reason for any vote he may cast.

### Editorial Note

A Senator's privilege of inserting his reasons for a vote is frequently exercised; and in some instances a considerable amount of matter quoted from

letters, newspapers, etc., is
incorporated in the reasons inserted (40
S.J. Reg. 416-418 (1927); 40 S.J. 1 C.S.
42-43 (1927); 42 S.J. 1 C.S. 24 (1931);
49 S.J. Reg. 582 (1945)).

## RECONSIDERATION

23. After a question shall have been
decided, either in the affirmative or
negative, any Member voting with the
prevailing side may, at any time on the
same legislative day in which the vote was
taken or on the next legislative day, move
the reconsideration thereof. When a bill,
resolution, report, amendment, order or
message upon which a vote was taken shall
have gone out of the possession of the
Senate and have been delivered to the House
of Representatives, or to the Governor, the
motion to reconsider shall be accompanied
by a motion to request the House or the
Governor to return same, which last motion
shall be acted upon, and if determined in
the negative shall be a final disposition
of the motion to reconsider. If the motion
to request the House to return same is
successful, the motion to reconsider shall
then be acted upon and if sustained, the
bill, resolution, report, amendment, order
or message upon which the vote was taken
and which vote was reconsidered, shall be
placed upon the calendar as unfinished
business and may be called up on the first
appropriate day on or after the return of
same to the possession of the Senate.

### Editorial Notes

If a vote on a Senate bill is
reconsidered on House bill day, the bill
itself may not be considered in the
Senate until the arrival of a Senate bill
day.

Under Senate Rule 23, recalling is

2-9-81 SR 93          25

made the first requirement for further
considering a bill passed by the Senate
and sent to the House. Hence, a motion
or resolution to recall the bill is
privileged.

### Notes of Rulings

Reconsideration of a vote recommitting
a bill has the immediate effect of
placing the bill back to its status
before the motion to recommit prevailed
(34 S.J. Reg. 250 (1915)).

Reconsideration of vote by which a
bill passed to engrossment places the
bill back before the Senate just as it
was before the vote on its engrossment
was taken (37 S.J. Reg. 578 (1921)).

A motion to reconsider a vote may be
made on the first day after the vote is
taken on which there is a quorum of the
Senate present (38 S.J. Reg. 619 (1923)).

Vote on adoption of amendment, adopted
on second reading of a bill that is later
ordered engrossed, may not be
reconsidered until vote on passage of
bill to engrossment has been reconsidered
(39 S.J. Reg. 388 (1925)).

The motion to reconsider a vote is not
debatable when the motion on which the
vote was taken is not debatable (40 S.J.
Reg. 415 (1927)).

A motion to reconsider the vote by
which the previous question has been
ordered may be made by any Senator voting
to order it; and in case the vote is not
a "yea and nay" recorded vote, it may be
made by any Senator (40 S.J. Reg. 415
(1927)).

Upon reconsideration of the vote on a

House bill, it automatically takes its
place on the calendar of House bills on
the President's table for consideration
by the Senate (42 S.J. Reg. 608 (1931)).

The vote on an amendment to a bill,
adopted before engrossment of the bill,
may not be reconsidered until the vote on
the passage of the bill to engrossment
has first been reconsidered (42 S.J. Reg.
1573 (1931)).

A motion to adopt a conference
committee report on joint resolution is
in order at any time, and without a
reconsideration of a previous adverse
vote on the report (44 S.J. Reg. (1935)).

A motion to reconsider a vote is not
debatable if at the time the vote was
taken the previous question on the
proposition voted on had been ordered (44
S.J. 1 C.S. 219 (1935)).

The motion to reconsider the vote on
the passage of a bill must be made on the
same day the bill was passed to
engrossment or 'on the next succeeding
legislative day (46 S.J. Reg. 1129
(1939)).

A bill may be recalled from the House
before motion is made to reconsider vote
on its passage (46 S.J. Reg. 1209
(1939)).

The vote by which a conference report
has been adopted by the Senate may be
reconsidered by the Senate and the bill
recalled from the Governor although the
bill has been enrolled, signed by the
presiding officers of each House and
presented to the Governor (46 S.J. Reg.
1487 (1939)).

Debate of motion to reconsider vote by

which main question ordered is not in
order (47 S.J. Reg. 2258 (1941)).

A motion to reconsider a vote must be
made on the same day the vote is taken or
on the next legislative day (49 S.J. Reg.
807 (1945)).

The motion to reconsider a vote may
not be made by a Member who is not
recorded as having voted on the
prevailing side if the vote was a yea and
nay recorded vote (49 S.J. Reg. 1019,
1214 (1945)).

A motion to reconsider the vote by
which a motion to table has prevailed may
not be made (50 S.J. Reg. 805 (1947)).

A concurrent resolution to recall for
further consideration a bill passed by
the Senate is in accord with Senate Rule
60 (now Rule 23), and is privileged. (51
S.J. 1´ C.S. 120 (1950)). (See also
Hinds' Precedents, 5, 5669-5671.)

SPREADING MOTION TO RECONSIDER ON JOURNAL

24.  At any time before the expiration of
the next legislative day following that on
which the vote was taken, a motion to
reconsider a vote may be made by any
Senator who is permitted by Rule 23 to make
it; and the maker of the motion may
accompany it with a request that it be
spread on the Journal to be called up and
acted on at a later time, which request
shall be granted unless another Senator
demands immediate action thereon. In case
a motion to reconsider that has been spread
upon the Journal is not called up to be
acted on by the Senate within five
legislative days after it has been made, it
shall not thereafter be called up or acted
upon; and any such motion that has been
made during the last six days of the

session that has not been called up before
the final 24 hours of the session shall not
thereafter be called up or acted upon by
the Senate. In all cases, a motion to
reconsider shall be decided by a majority
of the vote.

## READING OF PAPERS

25. When the reading of a paper is
called for, and the same is objected to by
any Member, it shall be determined by a
majority vote of the Senate, and without
debate.

### Notes of Rulings

The Senate may determine whether a
Senator who is explaining a bill prior to
a vote on a motion to permit its
introduction may read the bill in full
(51 S.J. Reg. 502 (1949)).

Although the Senate on a previous
occasion has ordered the full reading of
a certain bill dispensed with, a full
reading may be called for when the bill
is again before the Senate for
consideration and may be dispensed with
only on order of the Senate (51 S.J. Reg.
503 (1949)).

A Senator addressing the Senate on the
question of whether or not the Senate
shall concur in the House amendments to a
bill may read in full a legal opinion
relating to the subject matter of the
amendments unless the Senate orders its
reading discontinued (51 S.J. Reg.
603-604 (1949)).

A second reading of an amendment in
full may be dispensed with by order of
the Senate (51 S.J. Reg. 625, 628
(1949)).

## MODE OF STATING AND VOTING UPON QUESTIONS

26. All questions shall be distinctly put by the President and the Members shall signify their assent or dissent by answering "yea" or "nay."

### Note of Ruling

After a roll call has been ordered and before the calling of the roll has commenced, it is not in order for a Member to address the Senate (44 S.J. 2 C.S. 83 (1935)).

## LIEUTENANT GOVERNOR TO GIVE CASTING VOTE

27. If the Senate be equally divided on any question, the Lieutenant Governor, if present, shall give the casting vote (Constitution, Article 4, Section 16).

### Editorial Note

A vote on a motion to refer a resolution was yeas 15, nays 15. Lieutenant Governor Davidson voted "nay" and declared the motion lost. A second vote was taken on a motion to refer to another committee and resulted in a tie. Lieutenant Governor A. B. Davidson voted "nay" and declared the motion lost (32 S.J. Reg. 39 (1911)).

### EFFECT OF TIE VOTE WHEN LIEUTENANT GOVERNOR ABSENT

28. If the Senate is equally divided on any questions when the Lieutenant Governor is not present, such question or motion shall be lost.

## CALLS FOR YEAS AND NAYS BY THREE MEMBERS

29. (a) At the desire of any three Members present, the yeas and nays shall be

entered on the Journal, and the names of the Members present and not voting shall be recorded immediately after those voting in the affirmative and negative, and such Members shall be counted in determining the presence of a quorum (Constitution, Article 3, Section 12).

(b) If a Member who is absent desires to be recorded on a pending question he may cast a paired vote by signing a pair slip which indicates his yea or nay vote with a Member who is present and casting an opposite vote, if the Member who is present so desires. Pair slips must be signed by both the absent and present Member and filed with the Secretary of the Senate before the vote. The paired votes of the present and absent Members shall be recorded as an expression of opinion on the matter considered but shall not be counted in the total of votes for or against the measure or motion. However, the Member present shall be counted to make a quorum.

Editorial Note

Verification of a yea and nay vote is not provided for by any rule, but when a vote is close, it has been the practice for the presiding officer to order a verification when requested by any Member to do so.

MEMBERS REFUSING TO ANSWER RECORDED PRESENT

30. Upon a roll call of the Senate, should any Member who is in the Senate Chamber fail or refuse to answer when his name is called, the Secretary of the Senate shall, under the direction of the President of the Senate, record such Member as present.

## MATTERS REQUIRING VOTE OF TWO-THIRDS
## OF ALL MEMBERS

31. (a) A vote of two-thirds of all Members elected to the Senate shall be required:

(1) for the final passage of proposed amendments to the Constitution (Constitution, Article 17, Section 1);

(2) in cases of great public calamity to release the payment of taxes (Constitution, Article 8, Section 10);

(3) for the final passage of bills to reduce a county to a less area than nine hundred square miles (Constitution, Article 9, Section 1);

(4) for the passage of an address to the Governor for the removal of any civil officer (Constitution, Article 15, Section 8);

(5) to expel a Member (Constitution, Article 3, Section 11).

### Note of Ruling

A vote of two-thirds of the Members is not required for passage of bill to create flood control district and donate portion of taxes collected therein to the district (48 S.J. Reg. 1053 (1943)).

### VETOED BILLS

(b) A vote of two-thirds of all Members elected to the Senate shall be required for the passage of House bills that have been returned by the Governor with his objections, and a vote of two-thirds of the Members of the Senate present shall be required for the passage of Senate bills that have been returned by the Governor

2-9-81 SR 93          32

with his objections (Constitution, Article 4, Section 14).

### Note of Ruling

A specific case in which the vote of yeas and nays did not pass the bill over the Governor's veto is found at 47 S.J. Reg. 2748 (1941).

### MATTERS REQUIRING VOTE OF TWO-THIRDS OF MEMBERS PRESENT

32. (a) A vote of two-thirds of all Members present shall be required:

(1) for the impeachment of any officer (Constitution, Article 15, Section 3);

(2) to excuse absentees;

(3) to adopt an amendment at third reading of a bill or a joint resolution;

(4) to postpone or change the order of business;

(5) to suspend, rescind or amend any Rule of the Senate. Joint Rules of the two Houses may be adopted or amended by a simple majority of the Members elected to the Senate and shall take precedence over Senate Rules in conflict.

(b) A vote of two-thirds of the Members present shall be required for the confirmation of any appointee of the Governor, unless otherwise directed by law (Constitution, Article 4, Section 12).

### Historical Notes

The following rule was adopted by the Senate in 1911 (32 S.J. Reg. 790): "Rule 61a. It shall only require a majority vote of all Senators present to suspend

pending business for the purpose of taking up and considering Senate Bill No. 1 and House Bill No. 226, any other rule or order to the contrary notwithstanding."

Rule 63 as adopted at the regular session in 1911 read as follows: "Any rule or order of the Senate may be rescinded by a majority vote of all members elected. . . ."

The following rule of the preceding legislature was eliminated from the 1911 Senate rules: "No standing rule or order of the Senate shall be rescinded or changed without one day's notice being given of the motion therefor."

The following is the text of the old rule on rescinding, which was adopted by the Senate of the 34th Legislature:

"(64) Any rule, order or act of the Senate may be rescinded or changed by a two-thirds vote of all Members present, except where otherwise provided by the Constitution or the laws." (34 S.J. Reg. 977 (1915)).

The rule was later amended to require two-thirds of all Members to rescind or change a rule, and in 1939 the item (5) above was inserted in lieu of the old Rule 64.

## Note of Ruling

Pending consideration of a conference report, a motion to suspend its consideration and take up a Senate bill for immediate consideration is in order.

The motion is divisible, since it
involves the suspension of Rule 26 (now
Rule 16) and also of Rule 13 (now Rule
12), 61st Leg. (51 S.J. Reg. 1555
(1949)).

### Editorial Note

This ruling and other late Senate
precedents relative to suspending a
pending question for the purpose of
taking up another indicate that it has
become the prevailing opinion of the
Senate's presiding officers and its
Members that any pending debatable
question, even a highly privileged one or
one with high priority for consideration,
may be suspended by a two-thirds vote of
the Senate for the purpose of taking up
another matter on the President's table
for immediate consideration. Suspending
a question that has itself been taken up
under a suspension would most likely not
be permitted.

### SUSPENSION OF THREE-DAY RULE

33. It shall · require a vote of
four-fifths of the Senate to suspend the
Rule requiring bills to be read on three
several days (Constitution, Article 3,
Section 32).

### Editorial Note

"Four-fifths of the Senate" means
four-fifths of the Members present,
provided a quorum is present.

### Note of Ruling

A motion to suspend the Constitutional
Rule and Senate Rule 32 (now Rule 68)
requiring bills to be read on three
several days may be made although the
same motion has been made and defeated on

the same bill on the same legislative day
(55 S.J. Reg. 1561 (1957)).

## ELECTIONS

34. In all elections of the Senate, the
vote shall be given viva voce, except in
the election of officers of the Senate
(Constitution, Article 3, Section 41).

35. A majority of the whole number of
votes cast shall be necessary for a choice
in all elections by the Senate.

## NOMINATIONS BY THE GOVERNOR

36. When nominations shall be sent to
the Senate by the Governor, a future day
shall be assigned for action thereon,
unless the Senate unanimously direct
otherwise. They shall be referred directly
to either the Subcommittee on Nominations
or the standing committee with jurisdiction
over the subject matter involved, which
shall hold hearings and report its actions
directly back to the Senate.

37. Nominations having been reported out
of the Nominations Subcommittee, or other
appropriately designated standing committee
shall not be acted upon unless the names of
the nominees or individual nominee shall
have been printed and laid on the Members'
desks 24 hours beforehand.

### Notes of Rulings

No action can be taken on nominations
on same day submitted except by
suspending rule requiring nominations to
be considered on a "future day" (43 S.J.
Reg. 199 (1933)).

A motion that the Senate hold an
executive session the same day the motion
is made is not in order, since Rule 86

> (now Rule 36) provides that a future day
> shall be set for the consideration of
> Governor's nominations (48 S.J. Reg. 139
> (1943)).

38. Hearings on nominations by the
proper committee shall be open meetings,
unless an Executive Session is ordered by a
majority vote of the membership of that
committee.

39. All nominations approved or
definitely acted on by the Senate, shall be
returned to the Governor, by the Secretary,
from day to day, as such proceedings may
occur.

### Editorial Notes

> The Senate of the 43rd Legislature in
> open session, on a motion made by Senator
> Woodruff, granted the request of Governor
> Ferguson to withdraw certain nominations
> that had been submitted by outgoing
> Governor Sterling, but not yet acted on
> by the Senate (43 S.J. Reg. 108 (1933)).

> The Governor may re-submit a
> nomination of a particular person to a
> particular office after the Senate has
> failed to confirm the appointment of that
> person to that office. For briefs on
> this point and full text of the ruling of
> Lieutenant Governor Witt thereon, see 43
> S.J. Reg. 373 (1933).

### SECRECY OF EXECUTIVE SESSION

40. When the Senate is in Executive
Session, the Senate Chamber and gallery
shall be cleared of all persons except the
Secretary of the Senate and the
Sergeant-at-Arms who shall keep secret
proceedings of such session until the
injunction of secrecy is removed by
unanimous vote of the Senate.

Rule 41

41. Consideration of all information and remarks touching the character and qualifications of nominees for confirmation by the Senate shall be in open session unless an executive session is ordered by a proper motion adopted by a majority vote of the membership of the Senate. Members of the Senate shall vote to confirm or not confirm in open session of the Senate and the votes to confirm and not confirm shall be entered in the journal of the Senate.

42. No Member of the Senate shall be prohibited from revealing his own view on any matter, or his vote on any matter, pending or having been decided by the Senate.

## VIOLATION OF SECRECY

43. Any officer or Member convicted of violating any provisions of either Rule 40 or 41 shall be liable, if an officer, to dismissal from the service of the Senate, and, if a Member, to expulsion.

## MESSAGES TO THE HOUSE

44. Messages, bills, resolutions and other papers shall be sent to the House of Representatives by the Secretary, who shall previously endorse upon them the final determination of the Senate thereon.

## RECEPTION OF HOUSE MESSAGES

45. Messages may be received at any time, except while a question is being put, while the yeas and nays are being taken, or while the ballots are being counted.

## JOURNAL OF THE SENATE

46. The proceedings of the Senate, when not in Committee of the Whole or in

Executive Session, shall be entered on the Journal as concisely as possible, care being taken to detail a true and accurate account of the proceedings; the titles of the bill and such parts thereof only as shall be affected by proposed amendments, shall be inserted in the Journal; every report of a committee and vote of the Senate; and a brief statement of the contents of each memorial, petition, or paper presented to the Senate, shall also be inserted in the Journal. Resolutions of a congratulatory nature, and resolutions recognizing visitors to the Senate shall not be numbered or printed in the Journal, but the names of the sponsor and the persons concerned and the recognition accorded may be listed for each day at the end of the day's proceedings. Originals of congratulatory recognition and memorial resolutions shall be limited to five in number.

### Editorial Note

House amendments to any Senate Bill, Senate Joint Resolution, or Concurrent Resolution shall·be printed in the Senate Journal on the day that action is taken by the Senate thereon.

### Notes of Rulings

The Senate can take cognizance of an action by House only if officially notified of such action (35 S.J. 2 C.S. 61 (1917)).

The President of the Senate and the Senate may refuse to abide by an erroneous entry in the Journal and an erroneous endorsement on a bill and may proceed as though no such entry or endorsement had been made (37 S.J. Reg. 638 (1921)).

It is not out of order for a Member to request that the Journal show the subjects as well as the numbers of certain bills the recommitment of which has been moved (51 S.J. Reg. 562 (1949)).

A letter relating to supply of natural gas to San Antonio may be inserted in the Senate Journal and the rule relative to contents can be suspended by Member requesting same if there is no other matter pending before Senate at that time (62 S.J. 2 C.S. (1972)).

### RETURN OF VETOED SENATE BILLS

47. When a bill shall be returned to the Senate by the Governor, with his objections, they shall be entered at large upon the Journal (Constitution, Article 4, Section 14).

#### Note of Ruling

Consideration of a motion to override the Governor's veto of a particular bill may be postponed (45 S.J. Reg. 1484 (1937)).

### REPORT TO GOVERNOR OF FINAL RESULT OF EXECUTIVE SESSION

48. The proceedings of the Senate, when in Executive Session shall be kept in a separate book. The proceedings of the Senate, when in open session acting upon nominations made by the Governor, shall be entered in the journal of the Senate, and the Secretary shall report the final result to the Governor.

### ADJOURNMENT

49. A motion to adjourn or recess shall always be in order, and shall be decided without debate, and the Senate may adjourn

or recess while operating under the
previous question.

## ADJOURNMENT OF SENATE FOR MORE THAN
## THREE DAYS

The Senate shall not adjourn or recess
for more than three days, nor to any other
place than that in which it may be sitting,
without the concurrence of the House of
Representatives (Constitution, Article 3,
Section 17).

### Editorial Note

The motion to recess or adjourn is not
debatable, and the maker of either motion
may not hold the floor to the exclusion
of other Senators who might want to move
to adjourn or recess to a different hour.
After a series of such motions has been
made, the motions must be voted on
immediately.

### Notes of Rulings

Under Senate Rule 1 which states that
"two-thirds of all of the Senators
elected shall constitute a quorum but a
smaller number may adjourn (or recess)
from day to day", a motion to recess (or
adjourn) until a later time on the same
day is a proper motion (61 S.J. Reg. 945
(1969)).

The Legislature may repeal or set
aside a resolution setting a date for
sine die adjournment (42 S.J. Reg. 1656
(1931)).

A resolution setting a new time for
sine die adjournment is in order and
requires only a majority vote to adopt it
(42 S.J. 2 C.S. (1931)).

A motion to adjourn may not be made

immediately after the defeat of a series of motions to adjourn and recess (51 S.J. Reg. 577 (1949)).

A motion to adjourn or recess is not a proper motion where further business has not been transacted by the Senate since a previous motion to adjourn or recess had been made and defeated (61 S.J. Reg. 1059 (1969)).

A concurrent resolution containing a provision that "no date for adjournment be fixed until the appropriation bills have been passed and all important measures upon the calendar have been disposed of" was held out of order by Lieutenant Governor Lynch Davidson, because it sought "to deny the Legislature its constitutional right to adjourn at any time it desires" (37 S.J. Reg. 392 (1921)).

The Legislature may repeal or set aside a resolution setting a future date and hour for sine die adjournment, and a resolution setting a new time for sine die adjournment is in order, and only a majority vote is required to adopt it (42 S.J. Reg. 1656, 1682 (1931)).

An adjournment from Thursday to Monday is not for more than three days, and consent of the House to such an adjournment by the Senate is not needed (49 S.J. Reg. 640 (1945)).

### WHEN SENATE RULES ARE SILENT

50. The President of the Senate shall decide all questions not provided for by the standing Rules of Order of the Senate, and Joint Rules of Order of both Branches of the Legislature, according to parliamentary practice, laid down by

approved authors subject to appeal to the
entire Senate, as in other cases.

## Editorial Note

The rulings of the presiding officers
of the Senate as shown in the Texas
Legislative Manual, the practice in
Congress as shown in Hinds' Precedents
and in Cannon's Precedents, the practice
in the Texas House of Representatives as
shown in the Legislative Manual, and the
rules and precedents as set forth in
Jefferson's Manual, Cleaves' Manual and
the Manual of the United States Senate
have been resorted to by the presiding
officers of the Senate for guidance in
deciding questions of order.

## PREVIOUS QUESTION

51. Pending the consideration of any
question before the Senate any Senator may
call for the previous question, and if
seconded by five Senators, the Presiding
Officer shall submit the question: "Shall
the main question be now put?" And if a
majority vote is in favor of it, the main
question shall be ordered, the effect of
which shall be to cut off all further
amendments and debate, and bring the Senate
to a direct vote--first upon pending
amendments and motions, if there be any,
then upon the main proposition. The
previous question may be ordered on any
pending amendment or motion before the
Senate as a separate proposition, and be
decided by a vote upon said amendment or
motion.

## Editorial Notes

After the previous question has been
ordered, no motions are in order until
the question or questions on which it is
ordered have been voted upon, except the

2-9-81 SR 93          43

motions to adjourn, for a call of the Senate and to reconsider the vote by which the previous question was ordered, and the motion to reconsider can be made only once.

It has also been held that a motion may be withdrawn after the previous question has been ordered on it. (See Senate Journal, 46th Legislature, Regular Session, pages 2112-2113; Senate Journal, 50th Legislature, page 1237.)

### Notes of Rulings

The previous question may not be ordered on final passage of bill prior to its being placed on third reading (34 S.J. Reg. 1063 (1915)).

Ordering of the previous question does not violate the "free discussion" section of the Constitution (38 S.J. Reg. (1923)).

When the main question has been ordered but not voted on, a Member is not entitled to speak on a question of personal privilege (42 S.J. Reg. 1203; 42 S.J. 1 C.S. 675 (1931)).

The previous question may not be moved to include the votes to be taken on a bill or on any subsidiary motions applied to it at a more advanced stage (42 S.J. 1 C.S. 675 (1931)).

It is not in order to speak to a question of personal privilege after the previous question has been ordered (43 S.J. Reg. 691 (1933)).

A motion may be made (even by a Senator not voting on the prevailing side) to rescind the "action and vote of the Senate" in ordering the previous

question (45 S.J. Reg. 432 (1937)). (A vote of two-thirds of all members present is required to suspend, rescind or amend any rule of the Senate.)

The vote by which the main question is ordered on series of questions may be reconsidered after vote has been taken on one or more of the questions (45 S.J. 2 C.S. 82 (1937)).

The motion for the previous question on a bill may be made and voted on after the previous question has been ordered on a proposed amendment to the bill and before a vote has been taken on the amendment (46 S.J. Reg. 2041 (1939)).

A motion for previous question is not in order immediately after defeat of same motion (47 S.J. Reg. 1743 (1941)).

The constitutional rule (Section 32 of Article 3) calling for "free discussion" on a bill does not prevent the making of a motion for the previous question on the passage of a bill or prevent the Senate's ordering the main question on the bill as provided for in its own rule relating to the previous question. The Senate determines by its vote on the motion for the previous question whether or not the constitutional rule has been complied with (50 S.J. Reg. 1174 (1947)).

A motion for the previous question may be put at the same time on a motion to re-refer a bill from one committee to another committee and also a substitute motion that the same bill be referred from the original committee to still another committee (61 S.J. Reg. 1762 (1969)).

## DEMAND FOR IMMEDIATE RULING

52. Pending the consideration or discussion of any point of order before the Presiding Officer and the Senate, or either, any Senator may demand that the point of order be immediately decided, and if seconded by 10 Senators, the Presiding Officer shall submit the question: "Shall the point of order be now decided?" If a majority vote is in favor of it, the point of order shall immediately be decided by the Presiding Officer, and if an appeal from his decision is taken, the appeal shall be immediately decided by the Senate without debate.

### Editorial Note

The President of the Senate is required by the rules of the Senate to decide questions of order, but he is not required to rule on the constitutionality of the substance or content of any proposed law, resolution, or amendment. He usually decides questions as to the constitutionality of a certain procedure or as to the Senate's constitutional jurisdiction, but he usually submits to the Senate for its decision questions as to the constitutionality of the substances or content of any proposal. See also Rules 5 and 15 and notes following them.

### Note of Ruling

The constitutionality of a bill or resolution should not be ruled on by the Presiding Officer of the Senate (61 S.J. Reg. 2034 (1969)).

## DECORUM
### REMOVAL OF SENATOR FROM CHAIR

53. If any Senator other than the

regularly elected President Pro Tempore be
presiding and fails or refuses to recognize
any Senator to make a motion that is in
order, or to raise a point of order that it
is in order to raise, or fails or refuses
to entertain an appeal from his decision,
or to put such question to the Senate or
fails to recognize any Senator to demand
that a point of order under discussion be
immediately decided, or fails to put the
question, if seconded by 10 Senators,
"Shall the point of order be now decided?"
such Senator so offending shall be deemed
guilty of violating the high privileges of
the Senate, and until such offending
Senator shall purge himself of such
contempt and be excused by the Senate, he
shall not again be called to the Chair
during the session. If such Senator so
presiding shall refuse to recognize any
Senator when addressed in proper order, or
to entertain the motion, the point of
order, or appeal of any Senator, or to pass
upon the same, or to recognize a Senator to
make the demand when seconded by 10
Senators that a point of order under
discussion be immediately decided, then the
Senator seeking recognition may rise in his
seat, and without recognition, read a
written demand upon the Senator presiding,
provided the same is signed by a majority
of the Senators present, and if the Senator
presiding persists in his refusal, then any
number of Senators constituting a majority
of the Senators present may present such
written demand to the Sergeant-at-Arms, or
the Assistant Sergeant-at-Arms, and such
written demand shall be a full and
sufficient warrant for arrest, empowering
such officer, or either of them to arrest
said Senator so presiding and eject him
from the Chair, and retain him under arrest
until he shall be released by order of the
Senate.

Should the Sergeant-at-Arms or the

Rule 53

Assistant Sergeant-at-Arms fail or refuse
to act and carry out such demand, they
shall be removed from office on a majority
vote of the Senate.

When such Senator is removed as aforesaid
and the Chair remains vacant, the Secretary
shall call the Senate to order, and a
President Pro Tempore ad interim shall be
elected to preside until the Lieutenant
Governor or a regular elected President Pro
Tempore shall appear and take the gavel.

As soon as order is restored the Chair
shall cause a record of the fact of removal
to be made.

### Editorial Note

This rule is one of several first
adopted in 1911 to prevent the Lieutenant
Governor or any Senator occupying the
Chair temporarily and the Senators
opposing a measure from killing it by
dilatory tactics.

### DECORUM AND DEBATE

54. When a Senator is about to speak in
debate or to communicate any matter to the
Senate, he shall rise in his place and
address the President.

### Editorial Note

A Member who desires to speak on a
pending question should address the
Chair, and, having obtained recognition,
may speak, in an orderly and
parliamentary way, and subject to the
rules of the Senate, as long as he
desires.

### RECOGNITION OF MEMBERS IN DEBATE

55. When two or more Members rise at

2-9-81 SR 93          48

once, the Presiding Officer shall decide
which one shall speak first, but from his
decision an appeal without debate may be
taken to the Senate by any Member.

## Editorial Note

When a bill or other measure is before
the Senate, the President first
recognizes, for motions for its
disposition, the author or sponsor of the
bill, who is entitled at all stages to
prior recognition for motions that are in
order which are intended to expedite the
passage of the bill. In recognition for
general debate, the President alternates
between those favoring and those opposing
a measure.

## Note of Ruling

If the sponsor of a bill does not seek
recognition to debate the question of its
passage, and another Member obtains the
floor to debate it, the Member so
obtaining the floor should be permitted
to finish his remarks on the bill before
the sponsor is allowed to discuss it (46
S.J. Reg. 1869 (1939)).

## SPEAKING MORE THAN ONCE IN SINGLE DEBATE

56. No Member shall speak more than once
in any one debate until every Member
desiring to do so shall have spoken, nor
shall any Member speak more than twice in
any one debate without leave of the
Senate.

## Note of Ruling

A Senator who yields the floor for a
motion to adjourn without having
concluded his address does not have to
await the debate of all other Senators
desiring to be heard on the question

2-9-81 SR 93          49

being considered before being recognized
to resume and conclude his address (51
S.J. Reg. 181 (1949)).

## MEMBER CALLED TO ORDER

57. When a Member shall be called to
order by the President, or by a Senator, he
shall sit down and not be allowed to speak,
except to the point of order, until the
question of order is decided. If the
decision be in his favor he shall be at
liberty to proceed; if otherwise, he shall
not proceed without leave of the Senate.

### Editorial Note

In 1925, Senator Fairchild obtained
the floor to discuss a point of order
which he had raised. Pending his
remarks, Senator Wood raised the point of
order that Senator Fairchild was not
discussing the point of order but another
matter. Lieutenant Governor Barry Miller
sustained the point of order and
submitted to the Senate the question of
whether or not Senator Fairchild would be
permitted to continue his discussion.
The Senate refused to permit Senator
Fairchild to continue the discussion by a
vote of yeas 15, nays 16 (39 S.J. Reg.
1110 (1925)).

## REFUSAL OF MEMBER CALLED TO ORDER
## TO BE SEATED

58. Whenever a Member is called to order
by the President of the Senate, or by the
Presiding Officer then in the Chair, in
accordance with Rule 57 hereof, and such
Member fails to sit down and be in order,
but continues disorderly, it shall be the
duty of the Sergeant-at-Arms and/or his
assistants upon the direction of the
Presiding Officer to require such
recalcitrant Member to take his seat and be

in order.  Any Member who persists in
disorderly conduct, after being warned by
the  Presiding Officer, may, by motion duly
made and carried by two-thirds vote of  the
Members in attendance, be required to purge
himself  of  such misconduct and until such
Member  has  purged  himself  of  such
misconduct  he shall not be entitled to the
privileges of the floor.

### Editorial Note

When speaking, a Member  must  confine
himself  to the subject under debate.  In
discussing an amendment, the debate  must
be  confined  to  the  amendment  and not
include the general merits of the bill or
other proposition.

### INTERRUPTION OF PRESIDENT

59.  While the President is  putting  the
question or addressing the Senate, he shall
not be interrupted.

### INTERRUPTION OF MEMBER SPEAKING

60.  While  a  Member  has  the floor, no
Member shall  interrupt  him  or  otherwise
interrupt  the  business  of  the  Senate,
except for the purpose of making a point of
order, calling him  to  order,  moving  the
previous  question,  demanding that a point
of order under discussion or  consideration
be  immediately  decided,  or  a  motion to
adjourn or recess; and  any  Member  shall,
though  another  Member  has  the floor, be
recognized by the Presiding Officer, and be
in order to call to order  the  Member,  to
make  a  point  of  order,  or  to move the
previous question,  or  to  demand  that  a
point  of  order be immediately decided.  A
Member who has  the  floor  must  yield  to
permit  the Senate to receive messages from
the  Governor  and  from  the  House  of
Representatives  and  shall  not  lose  the

Rule 60

floor. A Member who has the floor may yield for questions from other Members and shall not lose the floor. In the event a Member is interrupted because of a motion to adjourn or recess and the motion fails, the floor shall be immediately returned to the interrupted Member. In the event the interrupted Member was speaking under the previous question and a motion to adjourn or recess prevails, he shall resume the floor and finish speaking when the bill is next considered by the Senate.

Editorial Notes

It is the custom of the President to request a Member to yield for a message.

Although there is no Senate rule by which a Member can be taken from the floor for pursuing "dilatory tactics" (40 S.J. Reg. 882 (1927)), a Senator who has been repeatedly called to order for not confining his debate to the question before the Senate, may be required by the Senate to discontinue his address.

A point of order against further debate of a question by a Senator on the ground that his remarks are not germane to the question before the Senate is often disposed of by the Chair with a warning to the Senator who has the floor to confine his remarks to the pending question.

The point of order having been raised for the third time that a Senator who had the floor was filibustering and not confining his remarks to the bill before the Senate, the Chair requested the Senate to vote on the point of order. It was sustained and the Senator speaking yielded the floor (44 S.J. Reg. 1780 (1935)).

The withdrawal of a pending motion by
its maker is a privilege that may be
exercised at any time, even while a
Member is addressing the Senate (46 S.J.
Reg. 1931, 2112-2113 (1939); 50 S.J. Reg.
1237 (1947)).

### Notes of Rulings

A Member who has the floor may not be
removed by the adoption of a motion for
the previous question (38 S.J. Reg. 1169
(1923)).

By raising a point of order, the
speaker loses his right to resume
speaking if the previous question has
been ordered (42 S.J. Reg. 1683 (1931)).

The motion for the previous question
may be made at any time, even when
another Member has the floor (42 S.J. 2
C.S. 236 (1931)).

A Member may not take the floor on a
point of personal privilege while another
Member is addressing the Senate (43 S.J.
Reg. 1430 (1933)).

A parliamentary inquiry is a
privileged matter (43 S.J. Reg. 1430
(1933)).

A speaker yielding the floor for the
reception of a message from the House
does not lose his right to resume the
floor immediately after message received
(46 S.J. Reg. 1873 (1939)).

Remarks not in the nature of an
inquiry are not in order by a Member to
whom a Senator has yielded for a question
(48 S.J. Reg. 519 (1943)).

A digression by a Senator in his
speech on a pending amendment to another

Rule 60

subject does not ban his resuming and continuing a germane discussion of the amendment (50 S.J. Reg. 417 (1947)).

A second digression by a Senator on the floor from a discussion of the pending amendment does not necessarily prevent his resuming and continuing. a germane discussion of the amendment (50 S.J. Reg. 418 (1947)).

Raising of a third point of order against further debate by a Senator on the floor who has digressed for a third time from a discussion of the pending amendment, after having been twice requested to confine his debate to the amendment, justifies the Presiding Officer in calling for a vote by the Senate on the question of whether or not he shall be permitted to resume and continue his remarks. (50 S.J. Reg. 418 (1947)).

A Senator addressing the Senate may not yield the floor temporarily except by unanimous consent to allow an address by another Senator on a point of personal privilege. (50 S.J. Reg. 483 (1947)).

When a Member has been recognized and is speaking on a motion to re-refer a bill, he must stand upright at his desk and may not lean thereon (61 S.J. Reg. 1760, 1762 (1969)).

When a Member has been recognized and is speaking on a bill or resolution, he may make a Parliamentary Inquiry but not raise a Point of Order without yielding the floor (61 S.J. Reg. 1057 (1969)).

When a Member has the floor and is speaking on a bill or resolution, he must stand upright at his desk and may not lean or sit on his desk or chair (61 S.J.

Reg. 1059 (1969)).

A Member speaking on a bill or resolution must confine his remarks to the subject of the bill or resolution (61 S.J. Reg. 1517 (1969)).

When a Member has been recognized and is speaking on an amendment to a bill or resolution, he must confine his remarks to the subject of the amendment pending before the Senate (61 S.J. Reg. 856, 857 (1969)).

When a Member has been recognized and is speaking for or against a bill or resolution, he must confine his remarks to the bill or resolution. After three warnings to do so, he must yield the floor (61 S.J. Reg. 2191 (1969)).

A Committee Report can only be submitted during the Morning Call unless the Member has the unanimous consent of the Members of the Senate and he may not interrupt a Member speaking for or against a bill or resolution for that purpose unless the Member speaking yields the floor for that specific purpose. (61 S.J. 1 C.S. 124 (1969)).

When a Member has been recognized and is speaking on a bill or resolution, he must confine his remarks to the subject of the bill and speak audibly (62 S.J. Reg. 778 (1971)).

## PUNISHMENT FOR MISCONDUCT

61. The Senate may punish any Member for disorderly conduct, and, with the consent of two-thirds of the elected Members, may expel a Member, but not a second time for the same offense (Constitution, Article 3, Section 15).

## OBSTRUCTING PROCEEDINGS OF
## SENATE--PUNISHMENT

62. The Senate, during its session, may imprison for 48 hours, any person, not a Member, for disrespectful or disorderly conduct in its presence, or for obstructing any of its proceedings (Constitution, Article 3, Section 15).

### Note of Ruling

While a Member has the floor and is speaking and there is a demonstration or applause from the gallery, the Presiding Officer shall give those persons in the gallery two Warnings to refrain from such demonstrations or applause, stating each time that it is a Warning. If a third Warning becomes necessary, the Presiding Officer is authorized to direct the Sergeant-at-Arms to clear the gallery and lock the doors leading to the Senate Chamber (55 S.J. Reg. 1117 (1957)).

### BRIBERY

63. Any Member who shall receive or offer a bribe, or who shall suffer his vote to be influenced by promise or preferment of reward, shall on conviction, be expelled (See also Article 36.02, Penal Code, as amended).

### ADMITTANCE TO SENATE CHAMBER;
### RESTRICTIONS ON DRESS AND BEHAVIOR

64. Persons hereinafter named and no others shall be admitted to the Senate Chamber while the Senate is in session provided that persons other than members of a Senator's family, Members of the House of Representatives of the State of Texas, and Pages and Sergeants-at-Arms of the Senate, shall be required to remain behind the brass rail.

(1) Members of the Senate and their families, Secretary of the Senate and his family, employees of the Senate and House of Representatives when on official business, Representatives, the Governor, his family and his private secretary, the Lieutenant Governor and his family, the President and Vice-President of the United States, United States Senators and Members of Congress, Governors of other states, judges of the Supreme Court, Secretary of State, the Courts of Criminal and Civil Appeals, duly accredited newspaper reporters and correspondents and radio commentators and television cameramen and commentators who have complied with Sections (2) and (3) of this Rule. It shall be the special duty of the President to see that officers and employees remain upon the floor of the Senate only when actually engaged in the performance of their official duties. Such persons other than the Lieutenant Governor and Members of the Senate shall not be permitted to work for or against any proposition before the Senate while on the floor.

#### PERSONS LOBBYING NOT ADMITTED

No newspaper reporter, or other person whomsoever, whether a State officer or not, who is lobbying or working for or against any pending or prospective legislative measure, shall in any event be permitted upon the floor of the Senate or in the rooms leading thereto, except the Senate reception room, when the Senate is in session.

#### PRESS CORRESPONDENTS

(2) While the Senate is in session, no person shall be admitted to the floor of the Senate or allowed its privileges, as a press correspondent or radio commentator or

television cameramen and commentators, unless said person is a regularly employed, salaried staff correspondent or reporter in the employ of a newspaper publishing general news, or press association serving newspapers, or publications requiring telegraphic coverage, or unless said person is a regularly employed, salaried employee of a duly licensed radio or television station.

## FORFEITURE OF ADMITTANCE PRIVILEGE

(3) If any person, admitted to the Senate under this rule, shall lobby or work for or against any pending or prospective legislation or shall violate any of the other rules of the Senate, the privileges extended to said person under this rule shall be suspended by a majority of the Committee on Administration. The action of the committee shall be reviewable by the Senate only if two members of the committee request an appeal from the decision of the committee, which appeal shall be in the form of a minority report, and shall be subject to the same rules that are applicable to minority reports on bills.

Every newspaper reporter and correspondent, and radio commentator and television cameramen and commentators, before being admitted to the Senate during its session, shall file with the Committee on Administration a written statement showing the paper or papers which he represents, and certifying that no part of his salary or compensation is paid by any person, firm, corporation or association except the paper or papers or radio station or television station which he represents.

## SUSPENSION OF ADMITTANCE RULE

(4) It shall be in order for the President to entertain a request, motion or

resolution for the suspension of this rule, or to present from the Chair the request of any Member for unanimous consent.

(5) It shall be the duty of the Sergeant-at-Arms and his assistants to clear the hall of all persons not entitled to the privilege thereof 30 minutes before the hour of the meeting of the Senate.

## EXCEPTIONS

(6) Provided that this rule shall not apply to persons who are invited to address the Senate when in session, nor shall it apply to any person who desires to appear before any committee, while going to or returning from the session of said committee, nor to the Governor while delivering an official message; provided further that this rule shall not apply during the inauguration of the Governor and other public ceremonies provided for by resolution of the Senate. All officers and employees of the Senate are prohibited from lobbying in favor of or against any measure or proposition pending before the Senate, and should any officer or employee violate this rule, the same shall be cause for dismissal from the service of the Senate by the President.

(7) Provided further that the privileges of the floor shall not be extended to any person or persons except Members of the Senate, and the Governor, desiring to make an address before the Senate on pending or contemplated legislation.

(8) Solicitors and collectors shall not be admitted to the Senate during its sessions.

(9) Messages or call slips shall not be delivered to Members of the Senate when

Rule 64

a roll call is in progress. Individuals desiring to pass a message to Members of the Senate must sign their names to that message.

### Editorial Notes

Section 10 of Article 183-1 of the Texas Penal Code provides: "No person who is registered or required to be registered under the provisions of this Act and no person not authorized by law shall go upon the floor of either House of the Legislature, reserved for the members thereof, while such House is in session, except on invitation of such House."

The rule relating to admission to the floor of the Senate, as written prior to 1939, provided that the rule could not be suspended.

### Note of Ruling

The rule relative to admittance to the Senate Chamber, when invoked, cannot be suspended by the Senate (42 S.J. 1 C.S. 644 (1931)). (Explanatory Note: When this ruling was made, part (4) of the rule specifically prohibited the Chair's entertaining a request for the suspension of the rule.)

### NO EATING OR DRINKING IN SENATE CHAMBER

65. No employee, Senator, Representative or other person shall be allowed to eat or drink in the Senate Chamber proper at any time. The Sergeant-at-Arms and other custodians will strictly enforce this rule.

### PERSONS MUST BE PROPERLY ATTIRED IN SENATE CHAMBER

66. While the Senate is actually in

session, no male Senator or Representative
or any other male person shall come on the
floor of the Senate without wearing a coat
and tie. The Sergeant-at-Arms and
doorkeepers are instructed to strictly
enforce this rule, and only the President
of the Senate may suspend the rule as to
any person or to all persons, and that
action to be taken in writing to the
Sergeant-at-Arms.

## LEGISLATION
### CONSIDERATION OF HOUSE BILL IN LIEU
### OF SENATE BILL ON SAME SUBJECT

67. When any Senate bill shall be
reached upon the Calendar, or shall be
before the Senate for consideration, it
shall be the duty of the President to give
the place of such bill on the Calendar to
any House bill which has been referred to
and reported from a committee of the Senate
containing the same subject, or to lay such
House bill before the Senate to be
considered in lieu of such Senate bill.

#### Editorial Notes

The purpose of this Rule is to save
the time and labor of the Legislature by
disposing of the most advanced
legislation first. The House bill is not
substituted for the Senate bill, but
simply is considered instead of the
Senate bill, which is displaced on the
Calendar by the House bill.

It is not necessary that the bills be
identical if generally they cover the
same subject and are directed to the same
end.

#### Note of Ruling

A House bill that has been reported
favorably and relates to the same subject

> as a Senate bill that has been reached on
> the calendar should be considered by
> Senate in lieu of the Senate bill if said
> House bill is "of the same general tenor"
> (38 S.J. Reg. 470 (1923)).

## PROCEDURE IN PASSAGE OF BILLS

68.  No  bill  shall  have the force of a
law until it has been read on three several
days in each House and free discussion
allowed thereon, but in case of imperative
public necessity (which necessity shall be
stated in a preamble or in the body of the
bill), four-fifths of the House in which
the bill may be pending may suspend this
Rule, the yeas and nays being taken on the
question of suspension and entered upon the
Journals (Constitution, Article 3, Section
32).

### Editorial Note

"Four-fifths of the House in which the
bill may be pending" has been interpreted
repeatedly to mean four-fifths of all of
the Senators present, a quorum being
present.

### Notes of Rulings

Only four-fifths of those present are
required to suspend constitutional rule
requiring bills to be read on three
several days (42 S.J. Reg. 253 (1931)).

A motion to suspend the Constitutional
Rule and Senate Rule requiring bills to
be read on three several days may be made
although the same motion has been made
and defeated on the same Legislative Day
(55 S.J. Reg. 1561 (1957)).

For ruling of Lieutenant Governor
Shivers during Regular Session, 50th
Legislature, relative to allowance of

"free discussion" on a bill, see notes on
rulings following Senate Rule 51.

(See ruling after Rule 33.)

ANNOUNCEMENT OF STAGE OF BILL

69. The President shall, at each
reading, announce whether the bill
originated in the Senate or House of
Representatives, and whether it be the
first, second, or third reading.

FIRST READING AND REFERENCE OF BILLS

70. (a) Beginning the first Monday
after the general election preceding the
next regular legislative session, or within
30 days prior to any special session, it
shall be in order to file with the
Secretary of the Senate bills for
introduction in that session. Upon receipt
of such bills the Secretary of the Senate
shall number them and make them a matter of
public record, available for distribution.
Once a bill has been so filed it may not be
recalled.

(b) A bill, when introduced, shall be
read and referred to a committee. The
first reading of a bill, if a Senate bill,
shall be the reading thereof when first
introduced; if a House bill, the reading
thereof when submitted to the Senate. And
all House bills, when received in the
Senate, shall be read and referred to a
committee. No action shall be taken upon
a bill accepting, rejecting or amending the
same until it has been reported upon by a
committee. And it shall be the duty of
each committee of the Senate when there has
been referred to it or is before it for
consideration a Senate bill and a House
bill containing the same subject to
consider first and report upon the House
bill. During the first 60 days of the

session, a bill may be introduced by filing same with the Secretary of the Senate at any time whether the Senate is in session or not. A bill filed with the Secretary of the Senate shall be read on first reading at the appropriate point in the morning call during the next legislative day after said bill has been filed.

### Editorial Notes

This rule clearly forbids tabling a bill that has not been reported from a Committee. The practice of tabling a bill not properly before the Senate for consideration is not in accordance with good parliamentary practice, since the practice deprives the sponsors of a fair opportunity of protecting the life of the bill.

Lieutenant Governor Barry Miller declined to refer a bill that had been presented 'for introduction at a called session, holding that it was not covered by the call of the Governor (41 S.J. 5 C.S. 9, 14 (1930)). (See also Appendix under heading Jurisdiction -- Special Sessions.)

### Notes of Rulings

The Senate may not grant by vote or by unanimous consent permission to a Member to introduce a bill not within Governor's call (43 S.J. 1 C.S. 24 (1933)).

A point of order, made and sustained at a special session, that a bill (which has been read second time) is not within the Governor's call prevents any further consideration of it at that session (43 S.J. 2 C.S. 27 (1934)).

A motion to re-refer a bill is in order at any time there is not another

question already before the Senate for
immediate consideration (51 S.J. Reg.
755-756 (1949)).

A bill making an appropriation for the
activation of an agency to distribute
surplus commodities to State hospitals
and special schools and for certain other
related purposes is within the call of
the Governor for a special session "to
make and to finance such appropriations
as the Legislature may deem necessary for
State hospitals and special
schools . . . ." (51 S.J. 1 C.S. 161
(1950)).

## MOTION TO PASS BILL IS NOT NECESSARY

71. No motion shall be necessary to pass
a bill to its second reading. The main
question on the second reading of the bill
shall be, if a Senate bill, "Shall this
bill be engrossed and passed to a third
reading?" and if it be a House bill, "Shall
this bill pass to a third reading?"

### Note of Ruling

A motion to pass to third reading a
bill not pending before the Senate is not
in order (45 S.J. Reg. 1231 (1937)).

## GERMANENESS

72. No motion or proposition on a
subject different from that under
consideration shall be admitted under color
of amendment or as a substitute for the
motion or proposition under debate
(Constitution, Article 3, Sections 30 and
35).

### Notes of Rulings

An amendment to a tax-raising measure,
which amendment has for its purpose the

reduction of appropriations already made is not germane (45 S.J. 2 C.S. 184-185 (1937)). (This ruling was sustained by the Senate by a vote of 15 to 14.)

An amendment to the rural aid bill that has for its purpose a change in a general law is not in order (46 S.J. Reg. 1633 (1939)).

An amendment relative to maximum gross weight of trucks is not germane to bill regulating private motor carriers (46 S.J. Reg. 1732 (1939)).

An amendment to general bill to exempt one senatorial district from its provisions is not germane (46 S.J. Reg. 2142-2143 (1939)).

Amendment allocating penalties and interest collected on delinquent taxes to special county fund not germane to bill remitting penalties and interest (47 S.J. Reg. 801 (1941)).

An amendment must be germane to that portion of bill proposed to be amended (47 S.J. Reg. 1062 (1941)).

Amendment to restrict site for building, etc., held germane to bill providing for new office building (47 S.J. Reg. 2282 (1941)).

Amendment to change general law not germane to bill primary purposes of which are to allocate and to appropriate certain revenues (48 S.J. Reg. 420 (1943)).

An amendment to place a tax on fuel used in aircraft is not in order to a Senate bill to exempt certain fuels from tax imposed by motor fuel tax law (49 S.J. Reg. 537 (1945)).

An amendment to increase franchise tax of any corporation availing itself of bill's provisions is germane to bill to increase rights and powers of certain corporations (49 S.J. Reg. 751 (1945)).

An amendment to require payment of all taxes due by automobile owner as prerequisite for obtaining license for car is not germane to bill to require only the payment of property taxes on car as prerequisite for license (49 S.J. Reg. 880 (1945)).

An amendment providing that a bill increasing district judges' salaries shall become effective only upon passage of another bill to redistrict the State into judicial districts is germane (50 S.J. Reg. 317 (1947)).

An amendment prescribing a penalty for effecting a sale of liability insurance by misrepresentation that the law requires such insurance of all automobile drivers is not germane to a bill relating to the financial responsibility of drivers (50 S.J. Reg. 976 (1947)).

An amendment (which is in effect a complete substitute bill) that provides a system of civil service regulations and also a system of retirement of State employees is germane to a bill providing only for a State employees retirement system (50 S.J. Reg. 1006 (1947)).

An amendment to exempt one county and one Senatorial district from the provisions of a joint resolution, the original purpose of which is to increase the compensation of all members of the Legislature, is not germane (50 S.J. Reg. 1483 (1947)).

An amendment prescribing a minimum
allocation to school districts from a
certain fund is not germane to a bill the
purpose of which is only to create the
fund (51 S.J. Reg. 338 (1949)).

An amendment prescribing a penalty for
practitioners of healing arts receiving
rebates is germane to bill prescribing
minimum basic qualifications of such
practitioners (51 S.J. Reg. 729 (1949)).

The amendment of a general
appropriation bill by inserting therein
additional matter creating a new medical
college or branch of The University of
Texas is not permissible (51 S.J. Reg.
1126 (1949)). [Note.--Lieutenant
Governor Shivers supplemented this ruling
with the further statement that in his
opinion it would be permissible to insert
in a general appropriation bill a
specific appropriation to be used by the
University Board of Regents to establish
another medical department or branch and
to include with the appropriation so
inserted detailed directions to the Board
for spending the appropriation for that
purpose pursuant to the pre-existing law
authorizing said Board to "establish the
departments of a first-class
University."]

An amendment that seeks to transfer a
State University from the Board of
Regents, State Senior Colleges, that
includes the University in the subject of
the bill is germane to the bill that
seeks to transfer another State
University from the same Board (61 S.J.
Reg. 204 (1969)).

An amendment that seeks to amend a
bill setting up a "Memorial for John F.
Kennedy in Dallas" by changing the
procedures for setting up the

2-9-81 SR 93          68

"Commission" and eliminates the appropriation of State funds therefor is germane to the subject of the bill (61 S.J. Reg. 520 (1969)).

An amendment that seeks to amend a bill setting up a "Memorial for John F. Kennedy in Dallas" by striking all below the enacting clause and setting up a "Commission to Memorialize all native and adopted Texans" is not germane to the caption (subject) of the bill (61 S.J. Reg. 521 (1969)).

An amendment that seeks to amend a Joint Resolution "to repeal the requirement that voters register annually" which sets an effective date therefor is not a proper amendment to the resolution when an amendment has previously been adopted setting such date at the same stage of the resolution (61 S.J. Reg. 693 (1969)).

An amendment that seeks to set up procedures and funds in other geographical areas of the State for "The Texas Technical Institute" is not a proper amendment to a bill which changes the name of the James Connally Technical Institute of Texas A & M University to "The Texas Technical Institute" and sets specific locations therefor (61 S.J. Reg. 708 (1969)).

An amendment that seeks to change "the age of persons eligible to vote" is germane to the caption (subject) of a Joint Resolution that "repeals the requirement that voters register annually" and since no amendment has been offered at the same stage of the resolution, it is a proper amendment (61 S.J. Reg. 720 (1969)).

An amendment that seeks to amend a

Section of the bill which has been
amended to provide for the role and scope
of the Texas State Technical Institute
may not be amended again to provide other
roles thereof at the same stage of the
bill (61 S.J. Reg. 857 (1969)).

An amendment that seeks to add an
appropriation for another school is not
germane to the caption (subject) of a
bill that "makes a supplemental
appropriation to The Coordinating Board,
Texas College and University System for
contracts with Baylor University College
of Medicine" (61 S.J. 2 C.S. 179 (1969)).

An amendment that seeks to include a
corporate income tax is germane to the
caption (subject) of a bill (omnibus tax
bill) to provide taxation for the
operation of State government (62 S.J.
Reg. 861 (1971)).

An amendment that provides for
additional schools other than those
submitted by the Governor as an emergency
matter is not germane to caption
(subject) of bill (62 S.J. Reg. 357
(1971)).

An amendment that seeks to amend a
Section of the bill that has been
previously amended at the same stage of
the bill is not a proper amendment. (62
S.J. Reg. 1168 (1971))

An amendment that seeks to amend other
sections of The Election Code is not
germane to a bill to "enact temporary
provisions relating to method of
conducting and financing primary
elections" (62 S.J. 1 C.S. 19
(1971)).

## SEVENTY-TWO AND TWENTY-FOUR HOUR RULES

73. No bill shall be considered unless it has been referred to a committee and reported thereon, and no bill shall be passed which has not been presented and referred to and reported from a committee at least three days before the final adjournment of the Legislature (Constitution, Article 3, Section 37). And no vote shall be taken upon the passage of any bill within the last 24 hours of the session unless it be to correct an error therein.

### Notes of Rulings

The twenty-four hour Senate rule forbidding vote on passage of a bill during the last 24 hours of a session may be suspended by a two-thirds vote of the Senate, and a joint rule containing the same provision may be suspended by a majority vote of each House by concurrent resolution (42 S.J. 2 C.S. 237 (1931)).

The twenty-four hour rule that prohibits a vote on a bill during the last 24 hours of a session of the Legislature makes further consideration and debate of the bill out of order when the 24th hour before final adjournment has arrived (44 S.J. Reg. 1819 (1935)).

## PRINTING OF BILLS

74. Every general bill reported favorably shall be printed, unless the Senate, on the same day it is reported or on the next legislative day, shall order it not printed. Each local bill shall be printed, unless the committee reporting it recommends that it not be printed, in which case the committee's recommendations shall be effective as an order of the Senate that

2-9-81 SR 93          71

the bill be not printed. A list of all bills ordered not printed by the Senate or ordered not printed by committee recommendation shall be listed by number, author, and caption and distributed to each member at the close of each day's business. Copies of all bills printed shall be placed on the desks of Senators on the same day the printed copies are delivered by the printer. No bill except local bills and except general bills that have been ordered not printed by the Senate shall be considered by the Senate until a printed copy thereof has been on the desk of each Senator at least 24 hours. Motions that bills be not printed are privileged when there is no other matter pending before the Senate.

74a. When a Senate bill has been received from the House with amendments all House amendments must be printed and laid on each Member's desk for 24 hours prior to a motion to concur.

### Editorial Note

The rules governing the printing of bills also apply to the printing of concurrent and joint resolutions.

### Notes of Rulings

Multigraphed copies of a bill are equivalent to printed copies so far as the 24-hour printing rule is concerned (42 S.J. Reg. 55 (1931)).

Setting a bill that has not been printed as a special order permits its consideration at the time for which it is set even though it has not been printed (43 S.J. 2 C.S. 96 (1934)).

## ADOPTION OF AMENDMENT ON FINAL
## PASSAGE OF BILL

75. No amendment shall be adopted at the third reading of a bill without the consent of two-thirds of the Members present.

### Note of Ruling

A majority vote only is necessary to adopt an amendment to a joint resolution on its final passage (45 S.J. Reg. 1849 (1937)). (See also Rule 80.)

## SIGNING OF BILLS AND RESOLUTIONS
## BY PRESIDING OFFICER

76. The Presiding Officer of each House shall, in the presence of the House over which he presides, sign all bills and joint resolutions passed by the Legislature, after their titles have been publicly read before signing, and the fact of signing shall be entered on the Journals (Constitution, Article 3, Section 38).

### HOUSE AMENDMENTS TO SENATE BILLS

77. When the House of Representatives shall adopt and send to the Senate amendments to a Senate bill, the President may refer the bill and the amendments to the Senate committee that previously had reported on the bill. The committee shall promptly report and recommend whether the Senate should concur in any or all of the House amendments.

### Editorial Note

The Editor has found no instance of a Senate bill being substituted in the House and then coming back to the Senate and taking the course in the Senate of a bill originating in the House.

## Note of Ruling

A point of order raised by Senator Caldwell against a report of conference committee on the ground that the House amendments to the bill (S.B. 147) constituted a complete substitute bill and should therefore take the course of a newly received House bill in the Senate was overruled (36 S.J. Reg. 1023 (1919)).

## PETITIONS AND RESOLUTIONS

78. (a) Every resolution that requires the approval of the Governor shall be subject to the rules that govern the proceedings on bills.

(b) Petitions, Concurrent and Joint Resolutions, and Resolutions setting or defining legislative or State policy shall be referred to an appropriate standing committee when introduced and shall not be considered immediately unless the Senate so directs by a two-thirds vote of the Members present. The motion to consider such petition or resolution immediately is not debatable.

(c) The resolution to initially adopt temporary or permanent rules of the Senate shall require a majority vote of the Members of the Senate.

## Editorial Notes

Due to the special provision in the Constitution excepting resolutions relating to adjournment and to another special provision making it the duty of each House to adopt its own rules of procedure, concurrent resolutions relating to adjournment, and probably those adopting or suspending joint rules or relating to legislative procedure do

2-9-81 SR 93          74

not require the approval of the Governor.

Joint resolutions proposing amendments to the State Constitution do not require the Governor's approval.

A Senate or a concurrent resolution providing for a rule suspension or the carrying out of a particular procedure authorized by the rules is usually regarded as privileged and is considered when introduced without a vote being taken to consider immediately. (See also note of ruling following Rule 23.)

### Notes of Rulings

Senate resolution that reflects on member of House may not be considered by Senate (35 S.J. 3 C.S. 1002 (1917)).

An appropriation cannot be made by resolution (45 S.J. Reg. 570 (1937)).

A resolution attempting to amend a general law is not in order (45 S.J. 1 C.S. 101 (1937)).

A Senate resolution which does not require the approval of both Houses may be adopted at a special session, although it relates to a subject not submitted by the Governor (41 S.J. 3 C.S. (1929)).

The only changes that can be made in a bill by resolution are corrections of typographical or clerical errors (43 S.J. Reg. 1946 (1933)). A House concurrent resolution which has been referred to a Senate standing committee during a called session, may, under a suspension of rules, be taken up and considered and adopted although no report on it has ever been submitted by the Chairman of the committee to which it was referred. (See procedure had on H.C.R. 5, 51 S.J. 1 C.S.

114 (1950)).

A motion to suspend the regular order of business to consider a resolution immediately is not debatable (54 S.J. Reg. 1433 (1955)).

A motion to take up and consider a resolution is not debatable but a limited explanation of the resolution to which the motion applies is permissible. (55 S.J. Reg. 1596 (1957)).

A corrective resolution that seeks to correct a wrong Section reference in a bill does not change the language or meaning of the bill (61 S.J. Reg. 1873 (1969)).

A congratulatory resolution when offered is not debatable and therefore may be considered immediately or referred to a committee by the Presiding Officer of the Senate (61 S.J. 1 C.S. 124 (1969)).

A resolution on which Senate Rules have been suspended for consideration thereof does not have to be referred to and considered by a committee (62 S.J. 3 C.S. (1972)).

## CONGRATULATORY, MEMORIAL AND COURTESY RESOLUTIONS

79. Congratulatory and memorial petitions and resolutions, after a brief explanation by the author or sponsor, shall be considered immediately without debate unless otherwise ordered by a majority of the Members present. Upon request by any Member, the Presiding Officer shall, at an appropriate time during the proceedings, recognize guests of such Member in the Senate Chamber or gallery. Any Member may request and the Secretary of the Senate

shall provide a maximum of five copies of a courtesy recognition certificate for each person or group so recognized by the Presiding Officer.

## Note of Ruling

A congratulatory resolution when offered is not debatable and therefore may be considered immediately or referred to a committee by the Presiding Officer of the Senate (61 S.J. 1 C.S. 124 (1969)).

## AMENDMENTS TO THE CONSTITUTION

80. All amendments proposed to the Constitution shall be subject to rules that govern the proceedings on bills, except that they shall, in all cases, be read on three several days, and shall only be passed by a vote of two-thirds of the Members elected to the Senate. When a proposed amendment to the Constitution may be under consideration, the votes of a majority of the Members present shall be sufficient to decide an amendment thereto, or any collateral or incidental questions short of the final question.

## Editorial Note

The opinion of Attorney General Cureton, dated May 17, 1913, relative to the validity of an appropriation section in a joint resolution and to the mode and manner of amending the Constitution, holds that Section 1 of Article 17 of the Constitution provides a complete formula for proposal of constitutional amendments and that any rule or resolution attempting to limit, add to, or modify that formula is null and void.

### Note of Ruling

A joint resolution that receives a vote of two-thirds of all the members of the Senate on being read second time is not finally passed by the Senate and must take the full course of a bill (44 S.J. Reg. 670 (1935)).

### FAILURE OF JOINT RESOLUTION TO BE ADOPTED AFTER THIRD READING

81. When a Joint Resolution has failed of adoption on third reading, it shall not be again considered during that session.

### CALL FOR YEAS AND NAYS BY PRESIDING OFFICER

82. Upon the final passage of all amendments proposed to the Constitution, of all bills appropriating money or lands for any purpose, and of all questions requiring a vote of two-thirds of the Members elected, the Presiding Officer shall call for the yeas and nays, and they shall be entered in the Journal. Upon all other questions requiring a vote of two-thirds of the Members present, including a motion to suspend the rules, the Presiding Officer shall determine if there is objection and, if so, call for the yeas and nays, but they shall not be entered into the Journal unless required under Rule 29. If no objection is made, the Journal entry shall reflect a unanimous consent vote of the Members present without necessity of a roll call of yeas and nays.

### DEFEATED BILL OR RESOLUTION

83. After a bill or resolution has been considered and defeated by either Branch of the Legislature, no bill or resolution containing the same substance shall be passed into a law during the same session (Constitution, Article 3, Section 34).

Editorial Note

For an exhaustive ruling by Lieutenant Governor Stevenson on the effect on other bills on the same subject of the defeat of one bill on that subject, see 46 S.J. Reg. 666-671 (1939).

Notes of Rulings

Defeat of an amendment containing same substance as a bill does not prevent consideration of the bill (35 S.J. Reg. 915 (1917)).

A joint resolution containing same substance as one that fails to pass in the House may be considered and passed by Senate (35 S.J. Reg. 1140-1148 (1917)).

Defeat of a House bill in the House does not necessarily make an amendment having the same effect as the bill out of order in the Senate (42 S.J. Reg. 1565 (1931)).

A bill substantially the same as one held unconstitutional by Supreme Court may not be considered in Senate (44 S.J. Reg. 953 (1935)).

Consideration of a bill to create a textbook committee is not in order after the House has defeated a bill containing same substance (48 S.J. Reg. 873 (1943)).

COURSE OF COMMITTEE SUBSTITUTE BILLS

84. If a committee substitute is adopted by the committee for the pending bill or resolution, and such substitute receives a favorable report, the same shall be reported back to the Senate in lieu of the original bill or resolution. The original

Rule 84

bill or resolution, for which the substitute was adopted, shall be dead unless reported to the Senate and handled under the same procedure as herein provided for minority reports. The substitute, when reported back to the Senate, shall be read with the report and shall be endorsed by the Secretary of the Senate as having been read the first time and shall take the same procedure as an original bill or resolution, and no action shall be required on the part of the Senate to confirm the substitution made by the committee.

## CUSTODIAN OF BILLS AND RESOLUTIONS

85. The Calendar Clerk shall be the official custodian of the bills and resolutions pending in the Senate, and the same may not be withdrawn from the custody of such clerk without the consent of the Senate.

## PERIODS FOR INTRODUCTION AND CONSIDERATION OF BILLS

86. During the first 60 calendar days of the session, it shall be in order to file with the Secretary of the Senate bills for introduction during that session. Such bills will be numbered upon receipt and will be introduced not later than the next legislative day; all House and Senate bills will be referred to a proper committee not later than the next legislative day after introduction; provided, however, that at any time during the session, resolutions, emergency appropriations, emergency matters specifically submitted by the Governor and special messages to the Legislature, and local bills (as defined in Rule 88) may be filed with the Secretary of the Senate, introduced and referred to the proper committee, and disposed of under the Rules of the Senate.

## SUSPENSION OF TIME LIMIT RULE

87. Except as otherwise provided in Rule 86, no bills shall be introduced after the first 60 calendar days of the session; provided, however, this rule may be suspended by the affirmative vote of four-fifths of the Members of the Senate.

### Note of Ruling

Refusal of the Senate to suspend the foregoing rule to permit the introduction of a bill does not prevent its being offered again for introduction later (43 S.J. Reg. 1656 (1933)).

## INTRODUCTION AND CONSIDERATION OF LOCAL BILLS

88. The constitutional procedure with reference to the introduction, reference to a committee, and the consideration of bills set forth in Article 3, Section 5, of the Constitution, shall not apply to local bills hereinafter defined, and the same may be introduced, referred, reported, and acted upon at any time under the general rules and order of business of the Senate.

### MEANING OF TERM LOCAL BILLS AS USED IN RULES 86 AND 88

A local bill is defined for the purposes of this rule as an Act the provisions of which relate to or affect directly a defined locality, district, or section of the State, and which do not include or require any appropriation out of State funds or which do not affect any State policies, and which do not affect directly the State at large, and the operation of which is confined solely to a particular locality, district or section of the State.

## SUSPENSION OF RULE LIMITING
## CONSIDERATION OF BILLS

89.   Except as otherwise provided in Rule 86, bills shall not be taken up, considered or acted upon by the Senate during the first 60 calendar days of the session, unless this rule be suspended by the affirmative vote of four-fifths of the Members of the Senate.

### Note of Ruling

A motion to suspend Section 5 of Article III of the Constitution to consider a bill during the first 60 days of a Regular Session requires a vote of four-fifths of the Members of the Senate (25) not four-fifths of the Members present (59 S.J. Reg. 144 (1965)).

## COMMITTEE
## REPORTS

90.   All committee reports shall be in writing.

### Notes of Rulings

A committee report properly signed, submitted, and received is conclusive as to its contents (42 S.J. 1 C.S. 718 (1931)).   (See also notes of rulings following Rule 108.)

A committee report can only be submitted during the Morning Call unless the member has the unanimous consent of the members of the Senate and he may not interrupt a member speaking for or against a bill or resolution for that purpose unless the member speaking yields the floor for that specific purpose (61 S.J. 1 C.S. 124 (1969)).

## RECOMMENDATIONS OF COMMITTEES

91. All reports of standing committees shall be advisory only, except that a recommendation in a report that a bill which is a local bill be not printed shall be effective as an order of the Senate that the bill be not printed. A recommendation in a report that a bill which is a general bill be not printed shall be advisory only, and the bill shall nevertheless be printed unless the Senate on the same day or the next legislative day orders the bill not printed, as provided in Rule 74. Bills and resolutions shall be considered on second reading and shall be listed on the daily calendars of bills and resolutions on the President's table for second reading in the order in which the committee reports on them are submitted to the Senate.

### Editorial Notes

On the very important matter of the order of considering each of the several bills reported from committees, the rules of the Senate were silent until Senate Rule 56 (now Senate Rule 91) was amended on June 6, 1947, to provide that bills be placed on the calendars of Senate and House bills on the President's table in the order in which the committee reports on the bills are submitted by the respective chairmen from the floor. Bills are listed for consideration on third reading in the order in which they have been passed by the Senate to engrossment or to third reading.

The list of bills on the President's table, shown in the order in which they are to be considered, is mimeographed daily during a legislative session and is generally known and referred to as the daily calendar.

## Notes of Rulings

A bill may not be considered by the Senate which has not been reported from a committee (44 S.J. Reg. 713 (1935)).

A report of a committee on a bill may be received only, and the question of its adoption is not voted on by the Senate (42 S.J. 1 C.S. 748 (1931)).

A motion to recommit a bill is a proper substitute motion for a motion to not print a bill (55 S.J. Reg. 1546 (1957)).

## MOTIONS TO REFER OR COMMIT

92. Any bill, petition, or resolution may be referred from one committee or subcommittee to another committee or subcommittee by a two-thirds vote of the Members present and voting. Any bill, petition or resolution may be committed to any committee or subcommittee at any stage of the proceedings on such bill, petition or resolution by a majority vote of the elected Members of the Senate. A bill or joint resolution committed to a committee or subcommittee while on third reading shall be considered as on its second reading if reported favorably back to the Senate.

When several motions shall be made for reference of a subject to a committee, they shall have preference in the following order:

First: To a Committee of the whole Senate

Second: To a Standing Committee

Third: To a Standing Subcommittee

Fourth:    To a select committee.

## COMMITTEES

93.    All committees shall be appointed by the President, unless otherwise directed by the Senate.

### LIST OF STANDING COMMITTEES

94.    (a)    The        following    standing committees and subcommittees shall be appointed and shall consist of the number of Members indicated; provided, however, that the President shall have authority to appoint other committees if necessary with the consent of two-thirds of the membership of the Senate:

(1)   a  Committee  on Administration (7 members),
        a  Subcommittee  on  Rules  (5 members);

(2)  a  Committee  on  Economic Development (9 members);

(3)  a  Committee  on Intergovernmental Relations (9 members);

(4)  a  Committee  on  Education  (11 members);

(5)  a  Committee  on  Finance  (13 members);

(6)  a Committee  on  Jurisprudence  (9 members),
        a  Subcommittee on  Civil  Matters (4 members),
        a Subcommittee on Criminal Matters (4 members);

(7)  a Committee on Human Resources (11 members),
        a Subcommittee on Consumer Affairs

(5 members),
a Subcommittee on Public Health
and Welfare (5 members);

(8) a Committee on State Affairs (13 members),
a Subcommittee on Nominations (7 members),
a Subcommittee on Elections (5 members);

(9) a Committee on Natural Resources (11 members),
a Subcommittee on Water (3 members),
a Subcommittee on Energy (3 members),
a Subcommittee on Agriculture (3 members).

(b) For each new Legislature the President shall have the authority to designate a chairman and vice-chairman for each standing committee and subcommittee. The President shall appoint the membership of all standing committees provided that three Members of each committee with 10 or less Members, and four Members of each committee with more than 10 Members must be Senators who were Members of the committee during the previous Legislature. The President shall have the authority to appoint the subcommittees set out in Rule 94(a) for each new Legislature.

(c) Each Member may serve on no more than three of the nine named standing committees provided for in Rule 94(a) hereof and may hold no more than one chairmanship of a committee. Each Member may serve on no more than one standing subcommittee within a standing committee. No member may serve on more than two of the following committees: Finance, State Affairs, and Jurisprudence.

2-9-81 SR 93                86

(d) Each committee and subcommittee shall adopt, at its first meeting, permanent rules for the operation of the committee to be filed with the Secretary of the Senate. Where applicable, the Rules of the Senate shall apply; provided however, if any committee rule shall be in conflict with a Senate Rule, the Senate Rule shall prevail. These rules must provide for, at least, the following: a written record of attendance, lack of quorum, record of meetings, bill referral and re-referral, bill setting, order of hearing of bills, public hearing, subcommittee reports, minority reports, time limit on debate and provisions for news coverage.

(e) Each committee and subcommittee shall meet regularly at an established hour and day, or give public notice at least 24 hours in advance if it will not meet or if a special meeting is held. If a committee is prohibited from meeting because of the Senate being in session, no such advance notice that the committee will not meet shall be necessary.

(f) No amendment shall be offered to any tax bill on second reading unless the subject matter it entails has been discussed at a public hearing.

(g)(1) Any bill or joint resolution which authorizes or requires the expenditure or diversion of any state funds for any purpose, except the general appropriations bill, shall have a fiscal note signed by the director of the Legislative Budget Board attached to the bill or resolution on first printing, outlining the fiscal implications and probable cost of the measure each year for the first five years after its passage and a statement as to whether or not there will be a cost involved thereafter. The fiscal note shall include the number of additional

2-9-81 SR 93          87

employees considered in arriving at the probable cost.

(2) Any bill or joint resolution that has statewide impact on units of local government of the same type or class and that authorizes or requires, presently or in the future, the expenditure or diversion of local funds, or that proposes any new local tax, fee, license charge, or penalty or any increased or decreased local tax, fee, license charge, or penalty, shall have a fiscal note signed by the director of the Legislative Budget Board attached to the bill or resolution on first printing, outlining the fiscal implications and probable cost of the measure to the affected unit or units of local government each year for the first five years after its passage and a statement as to whether or not there will be a cost involved thereafter. This requirement shall not apply to any local or special bill affecting only one unit of government.

(3) In Subdivision (2) of this subsection, "unit of local government" means county, city, town, school district, conservation district, hospital district, or any other political subdivision or special district.

(4) In preparing a fiscal note, the director of the Legislative Budget Board may utilize information or data supplied by any person, agency, organization, or governmental unit the director deems reliable, and if so, may state the source or sources of the information or data used and the extent to which the director relied on the information or data in preparing the fiscal note. If the director determines that the fiscal implications of the bill or resolution cannot be ascertained or that the bill or resolution authorizes an unlimited expenditure or diversion of funds for any period to which the fiscal note applies, he shall so state in the fiscal note, in which case the fiscal note shall

be in full compliance with this rule.

(5)  It shall be the duty of the chairman of each standing committee, immediately after the bill or resolution has been referred to the standing committee, to determine whether or not a fiscal note is required, and if so, to send a copy of the bill or resolution to the Legislative Budget Board for the preparation of the fiscal note.  The chairman shall advise the Legislative Budget Board of the standing committee to which the bill or resolution has been referred and will request that the fiscal note be returned to the committee. The fiscal note shall be attached to the affected bill or resolution before a committee hearing can be conducted.

(6)  In the event a bill or resolution is amended by the committee so as to alter its fiscal implications, either an updated fiscal note or statement prepared by the author, whichever is applicable, shall be obtained by the chairman and attached to the bill or resolution as a part of the committee report.  All fiscal notes or author's statements, original and updated, shall remain with the bill or resolution throughout the entire legislative process, including submission to the governor.

## LIMITATION ON APPROPRIATIONS

94.1.  Unless within the authority of a resolution or resolutions adopted pursuant to Article VIII, Section 22(b), of the Constitution, it is not in order for the Senate to consider for final passage on third reading, on motion to concur in House amendments, or on motion to adopt a conference committee report, a bill appropriating funds from the State Treasury in an amount that, when added to amounts previously appropriated by bills finally passed by both houses and sent to the comptroller or due to be sent to the comptroller, would exceed the limit on

appropriations established under Article
5429c-4, Revised Civil Statutes of Texas,
1925.

## ACTUARIAL ANALYSES

94.2. (a) Except as otherwise provided
by this section, a bill or joint resolution
that proposes to change benefits or
participation in benefits of a public
retirement system or that otherwise would
change the financial obligations of a
public retirement system must have an
actuarial analysis prepared in compliance
with this section, together with a
statement prepared by the Legislative
Budget Board reviewing the actuarial
analysis attached to the bill or resolution
before a committee hearing may be held on
it and attached to the bill or resolution
on first printing.

(b) An actuarial analysis is not
required for the general appropriations
bill, a bill or resolution that would
change the financial obligations of a
retirement system only by modifying the
compensation of members of the system or
modifying the administrative duties of the
system, or a bill or resolution that would
change the financial obligations of a
retirement system only by imposing an
expense on the system in the same manner
that the expense is imposed on other
agencies or units of government.

(c) In this section, "public retirement
system" means a continuing, organized
program of service retirement, disability
retirement, or death benefits for officers
or employees of the state or a political
subdivision, but does not include a program
for which benefits are administered by a
life insurance company, a program providing
only workers' compensation benefits, or a

program administered by the federal
government.

(d)  An actuarial analysis must show  the
economic  effect  of  the  proposed bill or
resolution on the public retirement system,
including  a  projection  of  the  annual
actuarial  cost or liability imposed by the
proposal on the affected system, the effect
of  the  legislation  on  the  amortization
schedule  for  liabilities  of  the  system
assuming  various  levels  of  payroll
increases,  and the estimated dollar change
in the unfunded liability of  the  system.
If  the  bill or resolution applies to more
than  one  public  retirement  system,  the
projections  in the analysis may be limited
to  each  affected  statewide  public
retirement  system and each affected system
in a city having a population of 200,000 or
more, according to the results of the  1970
federal census.

(e)  An actuarial analysis must state the
actuarial  assumptions  and  methods  of
computation used in the analysis and, using
an advanced funding actuarial cost  method,
must  state  whether  or  not  the  bill or
resolution, if it becomes  law,  will  make
the  affected  public retirement  system
actuarially unsound or, in the  case  of  a
system  already  actuarially  unsound, more
unsound.  The actuarial information  in  an
actuarial  analysis  must be prepared by an
actuary who has  at  least  five  years  of
experience  working with one or more public
retirement systems and who is a  fellow  of
the  Society  of Actuaries, a member of the
American  Academy  of  Actuaries,  or  an
enrolled  actuary  under  the  federal
Employees Retirement Income Security Act of
1974.  An actuarial analysis  must  contain
a  certification  by  the  actuary that the
contents  of  the  analysis  fulfill  the
requirements  of this section.  The actuary
may include an explanation  or  description

of the actuarial information contained in the analysis.

(f) As soon as practicable after a bill or joint resolution is referred to a standing committee, the Committee Chairman shall determine whether or not an actuarial analysis is required. If the Chairman determines that an actuarial analysis is required, the Chairman shall send a copy of the bill or resolution, with actuarial analysis attached, to the Legislative Budget Board with a request that a review of the actuarial analysis be prepared and sent to the committee, and a copy to the Pension Review Board. The director of the Legislative Budget Board shall return a copy of the actuarial analysis, together with his statement of review, to the committee that requested it, to the author or sponsor of the affected bill or resolution, and to the State Pension Review Board.

(g) If the actuarial analysis and the review of the Legislative Budget Board are attached, a committee hearing may be held on the bill or resolution without the review and comment of the Pension Review Board.

(h) If a bill or resolution for which an actuarial analysis is required is amended by a committee in a way that alters its economic implications, the Chairman of the committee shall request the Legislative Budget Board to prepare an updated actuarial analysis. An updated actuarial analysis must be attached to the affected bill or resolution as a part of the committee report and, if timely received, the updated review and comment of the Pension Review Board must also be attached. All actuarial analyses and review statements of the Legislative Budget Board must remain with the bill or resolution

throughout the legislative process, including the process of submission to the Governor.

## CONFERENCE COMMITTEES

95. All Conference Committees of the Senate shall be selected and appointed by the President or the President Pro Tempore when the latter shall be presiding. The Member authoring or sponsoring the bill for which the Conference Committee is selected shall be appointed Chairman of the Senate Conferees. The majority of the Senate Conferees must be from a standing committee which heard the bill.

## INSTRUCTIONS TO CONFERENCE COMMITTEES

96. Immediately after the Senate decides that any matter shall be submitted to a conference committee, the Presiding Officer shall state "Are there any motions to instruct the conference committee before appointment?" and the Presiding Officer shall thereupon recognize Members to make such motions to instruct and the Senate shall proceed to consider all such motions until disposed of or limited under the provisions of Rule 51.

(a) Conference committees shall limit their discussions and their actions solely to the matters in disagreement between the two Houses. A conference committee shall have no authority with respect to any bill or resolution:

(1) to change, alter, or amend text which is not in disagreement;

(2) to omit text which is not in disagreement;

(3) to add text on any matter which is

2-9-81 SR 93          93

Rule 96

not in disagreement;

(4) to add text on any matter which is not included in either the House or Senate version of the bill or resolution.

This rule shall be strictly construed by the Presiding Officer in each House to achieve the purposes hereof.

(b) Conference committees on appropriation bills, like other conference committees, shall limit their discussions and their actions solely to the matters in disagreement between the two Houses. In addition to the limitations contained elsewhere in these rules, a conference committee on appropriation bills shall be strictly limited in its authority as follows:

(1) If an item of appropriation appears in both House and Senate versions of the bill, such items must be included in the Conference Report.

(2) If an item of appropriation appears in both House and Senate versions of the bill, and in identical amounts, no change can be made in such item or the amount thereof.

(3) If an item of appropriation appears in both House and Senate versions of the bill but in different amounts, no change can be made in the item, but the amount thereof shall be at the discretion of the Conference Committee, provided that such amount shall not exceed the larger version and shall not be less than the smaller version.

(4) If an item of appropriation appears in one version of the bill and not in the other, such item can be included or omitted at the discretion of the Conference

2-9-81 SR 93       94

Committee. If the item is included, the amount thereof shall not exceed the sum specified in the version containing such item.

(5) If an item of appropriation appears in neither the House nor the Senate version of the bill, such item must not be included in the Conference Report.

This rule shall be strictly construed by the Presiding Officer in each House to achieve the purposes hereof.

(c) Conference committees on tax bills, like other conference committees, shall limit their discussions and their actions solely to the matters in disagreement between the two Houses. In addition to the limitations contained elsewhere in these rules, a conference committee on a tax bill shall be strictly limited in its authority as follows:

(1) If a tax item appears in both House and Senate versions of the bill such item must be included in the Conference Report.

(2) If a tax item appears in both House and Senate versions of the bill, and in identical form and with identical rates, no change can be made in such item or the rate therein provided.

(3) If a tax item appears in both House and Senate versions of the bill but at differing rates, no change can be made in the item, but the rate thereof shall be determined at the discretion of the Conference Committee, provided that such rate shall not exceed the higher version and shall be not less than the lower version.

(4) If a tax item appears in one

version of the bill and not in the other,
such item can be included or omitted at the
discretion of the Conference Committee.  If
the item is included, the rate thereof
shall not exceed the rate specified in the
version containing such item.

(5) If a tax item appears in neither
the House nor the Senate version of the
bill, such item must not be included in the
Conference Report.

This rule shall be strictly construed by
the Presiding Officer in each House to
achieve the purposes hereof.

(d) Conference committees on
reapportionment bills, to the extent
possible, shall limit their discussions and
their actions to the matters in
disagreement between the two Houses.  Since
the adjustment of one district in a
reapportionment bill will inevitably affect
other districts therein, the strict rule of
construction imposed on other conference
committees must be relaxed somewhat when
reapportionment bills are involved.
Accordingly, the following authority and
limitations shall apply only to conference
committees on reapportionment bills:

(1) If the matters in disagreement
affect only certain districts, and other
districts are identical in both House and
Senate versions of the bill, the Conference
Committee shall make adjustments only in
those districts whose rearrangement is
essential to the effective resolving of the
matters in disagreement.  All other
districts shall remain unchanged.

(2) If the matters in disagreement
permeate the entire bill and affect most,
if not all, of the districts therein, the
Conference Committee shall have wide
discretion in rearranging the districts to

the extent necessary to resolve all differences between the two Houses.

(3) Insofar as the actual structure of the districts is concerned, and only to that extent, the provisions of Senate Rule 96(a) shall not apply to conference committees on reapportionment bills.

(e) Conference committees on recodification bills, like other conference committees, shall limit their discussions and their actions solely to the matters in disagreement between the two Houses. The comprehensive and complicated nature of recodification bills makes necessary the relaxing of the strict rule of construction imposed on other conference committees only to the following extent:

(1) If it develops in conference committee that material has been inadvertently included in both House and Senate versions which properly has no place in such recodification, such material may be omitted from the Conference Report, if by such omission the existing statute thereon is not repealed, altered or amended.

(2) If it develops in conference committee that material has been inadvertently omitted from both the House and Senate versions which properly should be included if such recodification is to achieve its purposes of being all-inclusive of the statutes being recodified, such material may be added to the Conference Report, if by such addition the existing statute is merely restated without substantive change in existing law.

(f) Limitations imposed on certain conference committees by the provisions of Senate Rule 96(b), (c), (d) and (e) may be suspended in part, by permission of both

Houses, to enable consideration of and action on a specific matter or matters which otherwise would be in violation thereof. Such permission shall be granted only by concurrent resolutions passed by majority vote in each House, with yeas and nays thereon to be recorded in the Journals of the respective Houses. Such concurrent resolution shall specify in detail: (1) the exact nature of the matter or matters proposed to be considered; (2) the specific limitation or limitations to be suspended thereby; (3) the specific action contemplated by the Conference Committee thereon; and (4) the reasons why suspension of such limitations is being requested. Permission thus granted shall suspend such limitations only for the matter or matters clearly specified in the resolution, and action of the Conference Committee shall be in conformity therewith.

(g) All conference committee reports on the General Appropriations Bill, tax bills, reapportionment bills, and recodification bills must be reproduced and a copy thereof furnished to each Member at least 48 hours before any action thereon can be taken by either House, if convened in Regular Session, and 24 hours, if convened in Called Session.

(h) All conference committee reports on bills other than the General Appropriations Bill, and tax, reapportionment and recodification bills must be reproduced and a copy thereof furnished to each Member at least 24 hours before any action thereon can be taken by either House; provided, however, that the 24 hour delay on action by either House, as herein provided, shall not apply during the last 48 hours of any session.

(i) Each conference committee report, regardless of its subject matter, must have

attached thereto a section by section analysis showing the disagreements which have been resolved by the conference committee. This analysis must show, for each and every disagreement, in parallel columns: (1) the substance of the House version; (2) the substance of the Senate version; and (3) the substance of the recommendation thereon by the conference committee. No action shall be taken by either House on any conference committee report in the absence of such analysis except by an affirmative vote of two-thirds of the Members present, with the yeas and nays thereon to be recorded in the Journal of such House.

(j) The President of the Senate shall rule out of order any conference committee report which is in violation of any of the provisions and limitations contained in these rules.

### Notes of Rulings

The Senate conferees may be instructed immediately after their appointment and before the House had been notified of the appointment of conferees without instructions (43 S.J. Reg. (1933)).

See also annotations relating to Conference Reports in Appendix.

### COMMITTEE OF THE WHOLE

97. It shall be in order for the Senate at any time after bills and resolutions have been called to resolve itself into a Committee of the Whole.

### Editorial Note

A motion to resolve the Senate into a Committee of the Whole immediately

requires only a majority vote, inasmuch
as it is equivalent to a motion to recess
(43 S.J. Reg. 1559 (1933)).

## CHAIRMAN OF COMMITTEE OF THE WHOLE

98. In forming a Committee of the Whole
Senate, the President shall leave the
Chair, and shall appoint a chairman to
preside in committee.

## RIGHT OF LIEUTENANT GOVERNOR TO SPEAK AND VOTE IN COMMITTEE OF THE WHOLE

99. When in Committee of the Whole, the
President shall have the right to debate
and vote on all questions (Constitution,
Article 4, Section 16).

## PROCEDURE IN COMMITTEE OF THE WHOLE

100. The Rules of the Senate, as far as
applicable, shall be observed in Committee
of the Whole.

101. Upon a bill being committed to a
Committee of the Whole Senate, the bill
shall be read and debated by clauses,
leaving the preamble to be last considered;
the body of the bill shall not be defaced
or interlined; but all amendments, noting
the page or line, shall be duly entered by
the Secretary, on a separate sheet of
paper, as the same shall be agreed to by
the committee, and so reported to the
Senate; after the report the bill shall
again be subject to be debated and amended,
or committed, before a question to engross
it be taken.

### Editorial Note

No journal is kept by the Journal
Clerk of the proceedings of the Senate
when in Committee of the Whole.

## RECORD OF COMMITTEE ATTENDANCE

102. At all meetings of the Senate Committees, the Chairman shall call the roll of the Members and cause to be made a record of those present and the absentees, together with the excuses, if any, of such absentees.

## PUBLIC NOTICE OF MEETINGS

103. A bulletin board shall be prepared and placed in the hallway immediately to the rear of the Senate Chamber, upon which shall be posted the time for meetings of standing committees. Immediately after the time and place of any committee hearing have been fixed, this information shall be given to the Secretary of the Senate, who shall cause the same to be posted forthwith on said bulletin board. Public notice of the cancellation of any committee or subcommittee meeting shall be placed on the bulletin board at least 24 hours prior to the previously announced time of that meeting. No committee or subcommittee shall meet without at least 24 hours public notice.

## MINUTES OF COMMITTEE MEETINGS

104. (a) The Chairman of each committee and subcommittee shall keep, or cause to be kept under his direction, an accurate record of the proceedings of his committee, and the same shall be open for inspection to any Member of the Legislature, and to the public. Each committee meeting shall be recorded on magnetic tape.

(b) Each standing committee and subcommittee shall employ a committee clerk, and as determined by the Administration Committee, other staff necessary to coordinate and record the activities of the committee. Such

committee clerks, staff or any employee shall in no way be related to any Member of the current Texas Legislature, or be related to the person with the power of appointment for that position.

(c) It shall be the duty of the committee clerk, with the assistance of other committee staff members, to keep a permanent, accurate written record of committee proceedings, and to transcribe the magnetic tape recordings of committee hearings as ordered by the committee or subcommittee. It shall be the responsibility of the committee clerk to see that one copy of the transcript of proceedings and one copy of the permanent record be kept in the Committee Files, one copy of each be given to the Secretary of the Senate, and three copies of each be placed in the Legislative Reference Library. Such records shall be a matter of public record.

### Note of Ruling

A report on a bill that was considered at a committee meeting at which a quorum of the committee was not present (as shown by the minutes of the committee) may not be received by the Senate (46 S.J. Reg. 1548 (1939)).

(See also note of ruling following Rule 90.)

### COMMITTEE HEARINGS

105. No bill shall be reported to the floor unless it shall first have been the subject of a public hearing by committee. Any member of the Senate, whether or not a member of a Committee, may ask questions of a witness before a Committee, but this right shall not be construed to abridge a chairman's right to provide others an

opportunity to be heard, or grant such
senator more rights than those afforded a
member of such committee. Hearings on
bills before any committee or subcommittee
shall be open to the public, unless
otherwise provided by these Rules, and
reasonable opportunity shall be afforded to
interested parties to appear before the
committee or subcommittee. All parties
appearing before any committee or
subcommittee shall be administered an oath
or affirmation that the testimony they give
is true and correct. This oath or
affirmation shall be administered by the
Chairman or Acting Chairman of the
committee. Any person registered as a
lobbyist and representing a client's
interest at such hearing when possible
shall submit a written statement of his
presentation to the committee clerk to be
made part of the permanent record of the
meeting. The committee by a majority vote
shall have the right to fix the order of
appearance and the time to be allotted to
any such interested party. Any Member of
the Senate, by making timely written
requests therefor upon the Chairman of the
Committee, or Vice-Chairman in the absence
of the Chairman, shall be entitled to
receive at least 48 hours advance notice in
writing of the time and place of the
hearing on any bill or bills specified in
the demand, but the time and place of
hearing on any bill having been fixed in
response to said request, the Chairman
shall not be required to change or delay
said hearing upon subsequent requests from
other Members of the Senate. After the
receipt of such notice by the Chairman of
the Committee, or Vice-Chairman in the
absence of the Chairman, no hearing shall
be held by the Committee or action taken on
such bill or bills unless such notice has
been previously given as required herein.
To be effective under this Rule, such
notice shall also be filed for public

inspection with the Secretary of the Senate. The time and date of filing shall be noted thereon by the Secretary. Failure to so file the notice prevents it from being effective either to delay a hearing or to prevent another member from exercising the right to notice pursuant to this rule. A Member of the Senate shall not be entitled to receive at least 48 hours advance notice in writing of the time and place of the hearing on any bill or bills if a notice of the time and place of the hearing is posted at least 72 hours before the time of the hearing and the Senate is in session at any time during the first 24 hours of the 72 hour period.

### Notes of Rulings

A motion to suspend Senate Rule 106 (now Rule 105) for the purpose of permitting a hearing on a bill without giving a 48-hour notice to a Member who has requested it is not debatable (46 S.J. Reg. 1509 (1939)).

The committee's action on a bill at a meeting held without proper 48-hour notice to Member who has properly requested it is in violation of Senate Rule 106 (now Rule 105) [and void]. (Ruling sustained by vote of 13 to 12.) (49 S.J. Reg. 347, 358-359 (1945)).

Re-reference of bill from one committee to another does not vitiate a written request of a Member to the chairman of the first committee for a public hearing on the bill and a 48-hour notice of the hearing, and the request goes with the bill to the chairman of the committee to which the bill is re-referred and is binding on him. (Ruling sustained by vote of 13 to 12.) (49 S.J. Reg. 347, 358-359 (1945)).

The President of the Senate ascertains
the facts concerning the giving of notice
of a committee hearing on a bill, and his
ruling as to the sufficiency of the
notice based on the facts as ascertained
by him is a final determination of that
point when no appeal from the ruling is
made. (50 S.J. Reg. 1169 (1947)).
[Explanatory Note: Lieutenant Governor
Shivers held sufficient a notice of a
hearing at 2:00 o'clock p.m., duly given,
after ascertaining (1) that the hearing
was held at 4:00 o'clock p.m., instead of
2:00 o'clock p.m. on account of the
Senate's being in session at 2:00 o'clock
and (2) that the hearing was attended by
the Senator requesting the notice.]

## QUORUM OF COMMITTEE

106. A majority of any committee shall
constitute a quorum, and no action shall be
taken upon any bill in the absence of a
quorum. At any stated meeting of the
committee, if a roll call discloses lack of
a quorum, the members present may order the
names of the unexcused absentees turned
over to the Sergeant-at-Arms of the Senate
whose duty it shall be to secure promptly
the attendance of such absent members. The
Sergeant-at-Arms shall have the same
authority conferred upon him under the
Rules of the Senate as when the Senate is
operating under a call.

## FILING REPORTS OF COMMITTEES

107. The Chairman of the committee, or
the Vice-Chairman in the absence of the
Chairman, shall file with the Secretary of
the Senate a written report showing the
action of such committee on bills and
resolutions pending before it. Such
reports shall be signed officially by the
Chairman, or Vice-Chairman in the absence
of the Chairman. The Chairman of the

2-9-81 SR 93     105

committee, or the Vice-Chairman in the
absence of the Chairman, shall file with
the Secretary of the Senate a written
report showing the final action of the
committee on each bill and resolution
pending before it. He shall file the
report within three calendar days from the
date the final action on the bill or
resolution is taken. Sundays and days the
Senate is not in session do not count in
computing the three-day limit.

If the report is not filed within the
three-day limit, any three members of the
committee who were present when final
action was taken on the bill or resolution
may file the report without the signature
of the Chairman or Vice-Chairman.

### Editorial Note

This rule indicates that reports may
be filed with the Senate at any time by
the chairmen of the several standing
committees. However, it is the practice
in the Senate to submit reports from the
floor during the "morning call."

### Notes of Rulings

The Chair may not go behind a
committee report to ascertain if
proceedings in the committee were regular
(42 S.J. Reg. 1564, 1693 (1931)).

See also note of ruling following Rule
90.

Point of order as to validity of
committee's action on bill may be made
when bill is not before Senate for
immediate consideration (49 S.J. Reg. 347
(1945)).

## CONSIDERATION OF BILLS IN COMMITTEES

108. It shall be in order for committees to consider bills and resolutions at any time during the session, make reports thereon, and file the same with the Senate.

No bill or resolution shall be reported favorably unless it has received the affirmative vote of a majority of the membership of the committee to which it was referred, except as provided in Rule 109.

### Note of Ruling

In absence of a Senate rule or resolution suspending it, the suspension of Section 5 of Article 3 relating to consideration of bills in committee requires separate vote for each bill (42 S.J. Reg. 167 (1931)).

## MINORITY COMMITTEE REPORTS

109. When a motion to report a bill or resolution unfavorably receives the affirmative vote of a majority of the membership of the committee, the bill or resolution is dead. If a motion to report favorably or unfavorably fails to receive an affirmative vote of a majority of the membership of the committee, a favorable minority report may be made. The minority report must be filed with the Secretary of the Senate within two calendar days from the date the motion fails (Sundays and days the Senate is not in session excepted) and must be signed by three members of the committee, if the committee is composed of 10 or less, or four members if composed of more than 10, who were present and voted for the motion to report favorably or against the motion to report unfavorably. Within 10 calendar days from the date the

Rule 109

motion to report fails (Sundays and days
the Senate is not in session excepted), a
motion to have the minority report placed
on the calendar must be made by one of the
members filing the minority report or by
the sponsor of the original bill or
resolution. The motion to have the
minority report placed on the calendar must
receive the affirmative vote of two-thirds
of the members of the Senate present. If
the motion fails or is not made within the
time allowed, the bill or resolution is
dead and may not be considered again during
the session. A motion to have a minority
report placed on the calendar is
privileged.

### Notes of Rulings

Bills reported adversely but with a
favorable minority report are not to be
printed except on an order of the Senate
(38 S.J. Reg. 646 (1923)).

A favorable minority report must be
filed if a bill reported unfavorably by a
majority of a committee is to receive the
consideration of the Senate (43 S.J. Reg.
(1933)).

## RULES OF THE SENATE--APPENDIX

### SENATE PRECEDENTS RELATING TO CONFERENCES

It is immaterial whether a committee to adjust differences be termed a conference committee or a free conference committee, there being no substantial difference between the two (34 S.J. 3 C.S. 670 (1915)).

A motion having been made to adopt a conference report, a motion to reject the report is not in order (42 S.J. 3 C.S. 163 (1932)).

A conference committee may not be instructed after it has commenced its deliberations (43 S.J. Reg. 684 (1933)); (44 S.J. 3 C.S. 250-252 (1936)).

No points of order may be raised against a conference committee report (43 S.J. Reg. 1892 (1933)).

A motion to adopt a conference committee report on a joint resolution is in order at any time, and without a reconsideration of the vote by which it has once been lost (44 S.J. Reg. 1812 (1935)).

A motion to discharge a conference committee and request a new conference committee is in order before the original conference committee has submitted its report (45 S.J. 1 C.S. 44 (1937)).

Even after a conference report has been adopted and the bill as recommended in the report has been enrolled, signed and presented to the Governor, the vote by which report was adopted may be reconsidered, the report rejected, and the differences between the two Houses referred to a new conference committee for adjustment (46 S.J. Reg. 1437 (1939)).

A concurrent resolution to correct a House bill that has been passed by the Senate is in order and requires only a majority vote for adoption (46 S.J. Reg. 1891 (1939)).

Adoption of resolution to recede from Senate amendments to House bill after request made by House for conference committee and request granted but Senate conferees not appointed properly effects an adjustment of differences

between two Houses (47 S.J. Reg. 1291 (1941)).

After a bill reaches a stage when the adjustment of the differences between the two Houses on the bill is all that remains to effect its final enactment, either or both Houses' may take any action, separately or jointly, which will adjust those differences (47 S.J. Reg. 1291 (1941)).

A conference report may contain any matter germane to original bill if entire text of bill as passed in the two Houses are different (47 S.J. Reg. 2493 (1941)).

## PROCEDURE AND PRACTICE IN CONGRESS
## RELATIVE TO ADJUSTING DIFFERENCES
## BETWEEN HOUSES

### Steps Preliminary to Conference

The Senate cannot act until in possession of the papers (5, 6322, 6518-6522), and when transmitting papers should ask for or agree to conference (5, 6273).

The papers consist of the original engrossed copy of the bill attested by the Clerk of the House or the Secretary of the Senate, the engrossed amendments, and later the conference report signed by the managers.

The managers on the part of the House asking the conference bring the papers to the conference room. At the close of an effective conference the papers change hands, and the managers on the part of the House agreeing to the conference receive them and take them to their House, which first receives and considers the conference report (5, 6254; 8, 3330).

The motion to not concur yields precedence to the motion to concur (8, 3779).

The stage of disagreement between the two Houses is reached when one informs the other of disagreement (4, 3475; 6, 756, 757). A bill with amendments of the other House is

privileged after the stage of disagreement has been reached (4, 3149, 3150; 6, 756; 8, 3185, 3194).

The stage of disagreement having been reached, that motion which tends most quickly to bring the Houses into agreement is preferential, and so a motion to adopt a conference report takes precedence over a motion to recommit it (8, 3204).

A majority of the managers of a conference should represent the attitude of the majority of the House on the disagreement in issue, and on exceptional occasions the Speaker has passed over the ranking member of the committee in the appointment of conferees in order to conform to this practice (8, 3223).

Resignations of conferees are properly addressed to the President, but are acted on by the Senate, and, being accepted, the President appoints successors and directs the Secretary to notify the House (5, 6373-6376; 8, 3224, 3227).

The motion to instruct conferees is not in order after the conferees have been appointed (5, 6379-6382; 8, 3233, 3240, 3256).

The motion to instruct conferees is divisible if it contains more than one substantive proposition (74-2-7945, 7951).

Motions to instruct conferees may not include directions which would be inadmissible if offered as motions during its consideration (8, 3235); may not require conferees to report back amendments outside the subjects in disagreement between the two Houses (8, 3243, 3244).

## Conference Reports

When conference results in disagreement, conferees reporting disagreement are thereby discharged (Cannon's Procedure, 4th Ed., 124).

Supplemental reports or minority views may not be filed in connection with conference reports (8, 3302).

Conference reports may not be considered when original bill and accompanying papers are not before the House (8, 3301).

When a conference report is called up only three courses are open: (a) agree, (b) disagree, or (c) recommit (5, 6546).

Conference reports may not be--

Tabled (5, 6538-6544).

Referred to committee (5, 6558).

Amended (5,. 6534, 6535), except by concurrent resolution (5, 6536, 6537; 8, 3306-3308).

Recommitted, if House has already agreed (5, 6545-6553, 6609).

When called up for consideration the motion to agree is regarded as pending, and the motion to disagree is not admitted (2, 1473; 5, 6517; 8, 3300).

A conference report must be acted on as a whole and agreed to or disagreed to in entirety (5, 6472-6480; 8, 3304, 3305).

If either House disagrees to conference report the bill returns to position before conference was asked (5, 6526), and amendments in disagreement come up for consideration as originally (2, 1473; 5, 6525).

Clerical errors in conference reports agreed to by the House are corrected by proper enrollment of the bill (Cannon's Procedure, 4th Ed., 127).

The Speaker may rule out a conference report if it is

shown that the conferees have exceeded their authority (Sec. 547; 5, 6409, 6410, 6414-6416; 8, 3256, 3264). The Senate amendments are then before the House de novo, and motions to send to conference are again in order (Cannon's Procedure, 4th Ed., 129).

A conference report may be recommitted to the committee of conference if the House has not, by acting on the report, discharged its managers (Sec. 550; 5, 6545-6553, 6609; 8, 3310).

## PRECEDENTS ON CONSTITUTIONAL QUESTIONS

Lieutenant Governor T. W. Davidson refused to rule on the constitutionality of an amendment and stated that he would not rule on constitutionality of any amendment unless the particular part of the Constitution alleged to be violated had been carried forward in the rules of the Senate (38 S.J. Reg. 702 (1923)).

### Qualifications of Member

A person holding the office of district attorney may become candidate for Senator at a special election; and if elected, the Senate is judge of whether he is barred from serving as Senator by Section 19 of Article 3 of Constitution (44 S.J. 1 C.S. 103 (1935)).

### Amending Statutes

The Legislature, in an appropriation bill, may prescribe the qualifications of an officer or employee, for whose salary an appropriation is made (45 S.J. Reg. 1189 (1937)).

A general law may not be amended by an appropriation bill (44 S.J. 3 C.S. 50 (1936))

A section of a general statute cannot be amended except by a general bill that re-enacts at length and as amended the section amended (44 S.J. 3 C.S. 50 (1936)).

2-9-81 SR 93                     113

## Donations by State

A bill granting and donating ad valorem taxes to the counties of the State for a period of five years for the purpose of constructing improvements to prevent soil erosion, and for flood control, highway construction, etc., does not violate Section 51 of Article 3, which provides that the Legislature shall have no power to make a grant of public moneys to any municipal or other corporation (45 S.J. Reg. 933 (1937)).

An amendment to permit a loan by the State in violation of Constitution is not in order (49 S.J. Reg. 613 (1945)).

An amendment making an appropriation for the conversion and enlargement of properties donated to the State by the Southwestern Medical Foundation into a College of Medicine of The University of Texas is not in violation of Section 6 of Article 16 of the Constitution prohibiting appropriations for private or individual purposes (51 S.J. Reg. 1127 (1949)).

## Amendment by Reference

The mere inclusion or exclusion of a designated thing, individual or class from the purview of a prior enactment does not constitute an "amendment by reference" within prohibition of Constitution. (Vernon's Ann. St. Const. Art. 3, Sec. 36; S.W. Gas & Elec. Co. vs. State, 190 SW 2d, 132.)

## Exclusive Powers of House or Senate

"The specific grant of a power to each House is an express denial of it to the courts or to precedent or subsequent Legislatures."

"There are certain matters which each House determines for itself and in respect to which its decisions are conclusive"; for example, passing on the qualification of members, the adoption of rules of procedure, the confirmation of appointments by the Senate, impeachment by

2-9-81 SR 93                     114

House, trial of impeachment by Senate (35 S.J. 3 C.S. 48-49 (1917)).

## Taxation

A bill to amend an article of the Revised Civil Statutes relative to tax on menageries, etc., held not a bill to raise revenue (36 S.J. Reg. 512 (1919)).

A Senate resolution that "the Senate go on record as favoring a tax of one dollar on each pint of whiskey" is not in order because it "commits the Senate on a measure that should originate in the House". (40 S.J. 2 C.S. (1927)).

For ruling of the Attorney General relative to the adding by the Senate of a license tax to a bill providing for a gasoline tax, see (41 S.J. 1 C.S. 65-67 (1929)).

The Senate may amend a revenue bill from the House by adding a new field of taxation, and so may place a tax on the sale of cigarettes by amending a bill imposing a privilege tax on persons producing natural gas; and a tax on cement may be added to a bill levying tax on peddlers (42 S.J. Reg. 893, 1622 (1931)).

A measure which merely relates to revenue and is not a "revenue-raising measure" may originate in the Senate (45 S.J. Reg. 249 (1937)).

A Senate bill amending a revenue-raising law is a revenue-raising measure itself and cannot originate in the Senate (42 S.J. 1 C.S. 696 (1931)).

An amendment, the adoption of which will make of a Senate bill a revenue-raising measure, is not in order (45 S.J. Reg. 249 (1937)).

## Jurisdiction--Special Sessions

A bill relating to a subject not within the Governor's call for a special session, upon being submitted for

2-9-81 SR 93                    115

introduction, is out of order, and the Chair may refuse to refer it to a committee (41 S.J. 5 C.S. 9, 14 (1930)).

A bill amending a law relating to a subject not within the Governor's call may not be introduced at a called session (44 S.J. 1 C.S. 63 (1935)).

A point of order as to the Senate's jurisdiction may be raised at any time, and a point of order against consideration of a bill at a Called Session on the ground that it relates to a subject not submitted for consideration at that session or a point of order that the bill is a revenue-raising measure that cannot originate in the Senate, if upheld, prevents consideration by the Senate of any such bill (44 S.J. 2 C.S. 24 (1935)).

A bill to prohibit betting on races by pari-mutuel method and by other methods as well is within call of Governor for a special session "to outlaw and prohibit the so-called pari-mutuel betting or gaming on horse races at race tracks" (45 S.J. 1 C.S. 19-20 (1937)).

In case the Chair holds a bill may not be introduced at a called session because it relates to a subject not submitted by the Governor and an appeal is taken from the ruling and the Chair is not sustained, the bill may be introduced and considered by the Senate at that session (45 S.J. 2 C.S. 60 (1937)).

A bill revising appropriations already made comes within the Governor's call of a special session to "balance the budget, etc." (45 S.J. 2 C.S. 71 (1937)).

A concurrent resolution to permit suit against State not in order at called session unless subject of resolution submitted by Governor (47 S.J. 1 C.S. 69 (1941)).

An amendment to authorize the use of a portion of certain revenues for the benefit of the M. D. Anderson Hospital for Cancer Research is not within the Governor's call for a special session "to make and to finance such appropriations

2-9-81 SR 93                116

as the Legislature may deem necessary . . . for the agencies and institutions for which appropriations were made by Chapter 553, Acts of the 51st Legislature, Regular Session," since no reference is made in said Chapter to said M. D. Anderson Hospital for Cancer Research (51 S.J. 1 C.S. 79 (1950)).

An amendment making an appropriation to be used principally for distributing surplus commodities to the State hospitals and special schools is within the Governor's call for a special session "to make and to finance such appropriations as the Legislature may deem necessary for the State hospitals and special schools. . . ." (51 S.J. 1 C.S. 79 (1950)).

### Joint Resolution

A Senate joint resolution proposing an amendment to the Constitution is a matter that takes precedence of House bills and concurrent resolutions even on House bill days (44 S.J. Reg. 556 (1935)).

### Local Bills, Constitutionality

The message of Governor Stevenson to the 49th Legislature, Regular Session, contains excerpts from and citations to a number of court decisions holding so-called "bracket bills" to be unconstitutional (49 S.J. Reg. 286 (1945)).

### Uniform Tax Rule

Under the constitutional provision requiring all occupation taxes to be equal and uniform on same class, Legislature has power to classify subjects and court can only interfere when it is made clearly to appear that the attempted classification has no reasonable basis in the nature of businesses classified and that the law operates unequally upon subjects between which there is no real difference. (See Vernon's Annotated Constitution, Art. 8, Section 1.)

2-9-81 SR 93                   117

The resolution was read and was adopted.

### SENATE RESOLUTION 5

Senator Mauzy offered the following resolution:

BE IT RESOLVED by the Senate of the State of Texas, That the Rules of the Senate of the 67th Legislature are adopted as the Temporary Rules of the Senate of the 68th Legislature with the following modifications:

Subsections (a), (b), and (c) of Senate Rule 94 are revised to read as follows:

(a)   At the beginning of each regular session, the President shall appoint the following standing committees and subcommittees with the number of Members indicated:

   (1)   Committee on Administration (7 members)
   (2)   Committee on Economic Development (9 members)
   (3)   Committee on Intergovernmental Relations (9 members)
   (4)   Committee on Education (11 members)
   (5)   Committee on Finance (13 members)
   (6)   Committee on Jurisprudence (11 members)
       Subcommittee on Civil Matters (5 members)
       Subcommittee on Criminal Matters (5 members)
   (7)   Committee on Human Resources (9 members)
       Subcommittee on Consumer Affairs (4 members)
       Subcommittee on Public Health (4 members)
   (8)   Committee on State Affairs (13 members)
       Subcommittee on Nominations (7 members)
   (9)   Committee on Natural Resources (11 members)
       Subcommittee on Agriculture (3 members)
       Subcommittee on Energy (3 members)
       Subcommittee on Water (3 members)

(b) The President shall designate the chair and vice-chair of each committee and subcommittee. For each committee with more than 10 members the President must appoint at least four Senators who served on the committee during the previous legislative session. A Senator may not serve on more than three standing committees and may chair only one committee. A Senator may serve on only one standing subcommittee within a standing committee.

(c) The President may appoint special committees and subcommittees in addition to those listed in Subsection (a) of this section with the consent of two-thirds of the Members of the Senate.

The resolution was read and was adopted by the following vote: Yeas 31, Nays 0.