# RULES OF THE SENATE

## Table of Senate Rules

| Rule | | Page |
|---|---|---|
| 1. | Quorum | 1 |
| 2. | Absentees | 1 |
| 3. | Absences | 2 |
| 4. | Roll Call | 2 |
| | Call Of The Senate | 2 |
| | Senate's Right To Await Attendance Of All Absentees | 2 |
| 5. | Presiding Officer Of The Senate | 3 |
| 6. | Election Of President Pro Tempore | 4 |
| 7. | Election Of Officers | 4 |
| 8. | Open Doors | 5 |
| 9. | Order Of Business | 5 |
| 10. | Roll Call, Prayer By Chaplain, Reading Of Journal | 5 |
| 11. | Morning Call | 5 |
| 12. | Order Of Considering Bills And Resolutions | 6 |
| 13. | House Bill Days | 7 |
| 14. | Special Orders | 7 |
| 14.1. | Local And Uncontested Calendar | 8 |
| 14.2. | Intent Calendar | 9 |
| 15. | Rulings By President | 9 |
| 16. | Motions And Their Precedence | 10 |
| 17. | Limitation Of Debate | 13 |
| 18. | Written Motions | 14 |
| 19. | Withdrawal Of Motion | 14 |
| 20. | Motions To Fix Sum Or State Time | 14 |
| 21. | Division Of Question | 14 |
| 22. | Reason For Vote | 15 |
| 23. | Reconsideration | 15 |
| 24. | Spreading Motion To Reconsider On Journal | 17 |
| 25. | Reading Of Papers | 17 |
| 26. | Mode Of Stating And Voting Upon Questions | 18 |
| 27. | Lieutenant Governor To Give Casting Vote | 18 |
| 28. | Effect Of Tie Vote When Lieutenant Governor Absent | 18 |
| 29. | Calls For Yeas And Nays By Three Members | 18 |
| 30. | Members Refusing To Answer Recorded Present | 19 |
| 31. | Matters Requiring Vote Of Two-Thirds Of All Members | 19 |
| | Vetoed Bills | 19 |
| 32. | Matters Requiring Vote Of Two-Thirds Of Members Present | 20 |
| 32.1. | Adoption Of Rules | 21 |

33. Suspension Of Three-Day Rule ............................................................. 21
34. Elections ............................................................................................. 21
35. Elections ............................................................................................. 21
36. Nominations By The Governor ............................................................ 22
37. Nominations By The Governor ............................................................ 22
38. Nominations By The Governor ............................................................ 22
39. Nominations By The Governor ............................................................ 22
40. Secrecy Of Executive Session ............................................................ 22
41. Secrecy Of Executive Session ............................................................ 22
42. Secrecy Of Executive Session ............................................................ 22
43. Violation Of Secrecy .......................................................................... 23
44. Messages To The House ...................................................................... 23
45. Reception Of House Messages ............................................................ 23
46. Journal Of The Senate ........................................................................ 23
47. Return Of Vetoed Senate Bills ........................................................... 24
48. Report To Governor Of Final Result Of
    Executive Session ............................................................................... 24
49. Adjournment ....................................................................................... 24
    Adjournment Of Senate For More Than
    Three Days .......................................................................................... 24
50. When Senate Rules Are Silent ............................................................ 25
51. Previous Question ............................................................................... 25
52. Demand For Immediate Ruling ........................................................... 27
53. Removal Of Senator From Chair ......................................................... 27
54. Decorum And Debate .......................................................................... 28
55. Recognition Of Members In Debate .................................................... 28
56. Speaking More Than Once In Single Debate ...................................... 29
57. Member Called To Order ..................................................................... 29
58. Refusal Of Member Called To Order To Be Seated ............................ 29
59. Interruption Of President ..................................................................... 30
60. Interruption Of Member Speaking ...................................................... 30
61. Punishment For Misconduct ................................................................ 32
62. Obstructing Proceedings Of Senate—Punishment ............................. 32
63. Bribery ................................................................................................ 33
64. Admittance To Senate Chamber; Restrictions On
    Dress And Behavior ............................................................................ 33
    Persons Lobbying Not Admitted ......................................................... 33
    Press Correspondents .......................................................................... 33
    Forfeiture Of Admittance Privilege ..................................................... 33
    Suspension Of Admittance Rule .......................................................... 34
    Exceptions ........................................................................................... 34
65. No Eating Or Drinking In Senate Chamber ......................................... 35
66. Persons Must Be Properly Attired
    In Senate Chamber .............................................................................. 35
67. Consideration Of House Bill
    In Lieu Of Senate Bill On Same Subject ............................................. 35
68. Procedure In Passage Of Bills ............................................................. 36
69. Announcement Of Stage Of Bill ......................................................... 36

70.    First Reading And Reference Of Bills ................................................. 36
71.    Motion To Pass Bill Is Not Necessary ............................................... 37
72.    Germaneness ...................................................................................... 38
72.1. Amendments To Tax Bills .................................................................. 40
73.    Seventy-Two And Twenty-Four Hour Rules ...................................... 41
74.    Printing Of Bills ................................................................................ 41
74a.   Printing Of Bills (House Amendments) .............................................. 41
75.    Adoption Of Amendment On Final Passage Of Bill .......................... 42
76.    Signing Of Bills And Resolutions
           By Presiding Officer ...................................................................... 42
77.    House Amendments To Senate Bills .................................................. 42
78.    Petitions And Resolutions .................................................................. 42
79.    Congratulatory, Memorial, And Courtesy
           Resolutions ..................................................................................... 44
80.    Amendments To The Constitution ...................................................... 44
81.    Failure Of Joint Resolution To Be
           Adopted After Third Reading ........................................................ 44
82.    Call For Yeas And Nays By Presiding Officer .................................. 44
83.    Defeated Bill Or Resolution .............................................................. 45
84.    Course Of Committee Substitute Bills ............................................... 45
85.    Custodian Of Bills And Resolutions .................................................. 45
86.    Periods For Introduction And Consideration
           Of Bills .......................................................................................... 46
87.    Suspension Of Time Limit Rule ......................................................... 46
88.    Introduction And Consideration Of Local Bills ................................. 46
       Meaning Of Term Local Bills As Used In
           Rules 86 And 88 ............................................................................ 46
89.    Suspension Of Rule Limiting
           Consideration Of Bills ................................................................... 46
90.    Committee Reports ............................................................................. 47
91.    Recommendations Of Committees ..................................................... 47
92.    Motions To Refer Or Commit ............................................................ 48
93.    Committees ........................................................................................ 48
94.    List Of Standing Committees ............................................................. 48
94.1. Limitation On Appropriations ............................................................ 49
94.2. Actuarial Analyses ............................................................................. 49
94.3. Fiscal Notes ....................................................................................... 51
94.4. Format Of Bills And Resolutions
           Reported By Committees ................................................................ 52
95.    Conference Committees ...................................................................... 52
96.    Instructions To Conference Committees ............................................. 53
97.    Committee Of The Whole ................................................................... 56
98.    Chairman Of Committee Of The Whole ............................................. 56
99.    Right Of Lieutenant Governor To Speak And
           Vote In Committee Of The Whole ................................................. 56
100.   Procedure In Committee Of The Whole ............................................. 56
101.   Procedure In Committee Of The Whole ............................................. 56
101.1. Rules Governing Committee Procedures ........................................... 57

102. Record Of Committee Attendance ........................................................ 57
103. Public Notice Of Committee Meetings ................................................ 57
104. Minutes Of Committee Meetings ........................................................ 57
105. Public Hearings ............................................................................... 58
105.1. Privileged Notice Of Hearing On
        Specific Bills (Tag Rule) ................................................. 59
106. Quorum Of Committee ..................................................................... 60
107. Committee Reports ......................................................................... 60
108. Consideration Of Bills In Committees ............................................... 61
109. Minority Reports ............................................................................ 61
110. Referral Of Agency Rules ................................................................ 62
Appendix ...................................................................................................... 63

# RULES OF THE SENATE
# OF THE 69TH TEXAS LEGISLATURE

### GENERAL PROCEDURE
### QUORUM

1. Two-thirds of all the Senators elected shall constitute a quorum, but a smaller number may adjourn (or recess) from day to day, and compel the attendance of absent members (Constitution, Article 3, Section 10).

*Editorial Note*

*The exact text of Section 10 of Article 3 of the State Constitution is as follows:*

*"Two-thirds of each House shall constitute a quorum to do business, but a smaller number may adjourn from day to day, and compel the attendance of absent members, in such manner and under such penalties as each House may provide."*

*Notes of Rulings*

*Twenty members of the Senate constitute a quorum when only 30 members have qualified (35 S.J. 2 C.S. 23, 32 (1917)).*

*A point of order that no quorum is present does not deter continued transaction of business by Senate if in fact a quorum is known by the presiding officer to be present and he so announces (50 S.J. Reg. 417 (1947)).*

*The raising of a point of order that no quorum is present justifies an order by the presiding officer that the roll be called to ascertain the presence or absence of a quorum (50 S.J. Reg. 417 (1947)).*

*Under Senate Rule No. 1 . . . a motion to recess (or adjourn) until a later time on the same day is a proper motion (61 S.J. Reg. 945 (1969)).*

*A quorum of the Senate is present when 21 members answer the roll call (61 S.J. Reg. 954 (1969)).*

*There is a quorum of the Senate present when the last roll call taken by the Secretary shows that a quorum was present (61 S.J. Reg. 1926 (1969)).*

### ABSENTEES

2. In case a less number shall convene, the members present may send the Sergeant-at-Arms, or any other person or persons, for any or all absent members.

*Notes of Rulings*

*The attendance of absentees may be enforced only on order of Senators present (48 S.J. Reg. 355 (1943)).*

**RULE 3**

*The attendance of absentees may be enforced although a quorum is present (48 S.J. Reg. 508 (1943)).*

### ABSENCES

3. No member shall absent himself from the sessions of the Senate without leave unless he be sick or unable to attend.

#### Editorial Note

*Rule 32. Subdivision (a), item (2) provides that a vote of two-thirds of the members present shall be required "to excuse absentees." The main effect of granting leave to an absent member is that he is recorded "absent-excused" on all votes taken instead of "absent".*

### ROLL CALL

4. Upon every roll call the names of the members shall be called alphabetically by surname, except when two or more have the same surname, in which case the name of the county shall be added.

### CALL OF THE SENATE

It shall be in order to move a call of the Senate at any time to secure, to maintain, or to secure and maintain a quorum for the following purposes:

(a) for the consideration of a specific bill, resolution, or other measure;

(b) for a definite period of time or for the consideration of any particular class of bills.

When a call of the Senate is moved for one of the above purposes and seconded by five members and ordered by a majority of those present, the Doorkeeper shall close the main entrance of the Hall, and all other doors leading out of the Hall shall be locked and no member be permitted to leave the Senate without written permission of the presiding officer until after the subject matter upon which the call was ordered has been disposed of. The Secretary shall call the roll of members and note the absentees and those for whom no sufficient excuse is made may, by order of the majority of those present, be sent for and arrested wherever they may be found, by the Sergeant-at-Arms or officers appointed by him for that purpose, and their attendance secured and retained, and the Senate shall determine upon what conditions they shall be discharged. Members who voluntarily appear shall, unless the Senate otherwise directs, be immediately admitted to the Hall of the Senate, and they shall report their names to the Secretary to be entered upon the journal as present. Until a quorum appears, should the roll call fail to show one present, no business shall be done except to compel the attendance of absent members or to adjourn.

### SENATE'S RIGHT TO AWAIT ATTENDANCE OF ALL ABSENTEES

When a quorum is shown to be present, the Senate may proceed with the matters upon which the call was ordered or may enforce and await the attendance of as many of the absentees as it desires to have present. If the

Senate decides to proceed, the Sergeant-at-Arms shall not be required to bring in other absentees unless so ordered by a majority vote of the Senate.

When a call of the Senate is ordered, as hereinabove authorized, the Hall of the Senate shall be held to include the Senate Chamber, the Sergeant-at-Arms room, the Senate reception room, the Senate cloak room, and the corridors leading thereto.

### Editorial Notes

*After a call has been ordered and a quorum has been announced present, it is then proper for the Senate to resume the transaction of business, or, on the adoption of a motion to do so, to secure the attendance of one or more of the members still absent before resuming consideration of any business.*

*It is, no doubt, within the province of the Senate to adopt a rule authorizing the presiding officer of the Senate during a call of the Senate to issue to any absentee a written demand that the absentee attend the Senate's session and giving to the Sergeant-at-Arms or his deputies authority to serve and to enforce the demand by whatever means necessary.*

### Notes of Rulings

*The disclosure of the presence of a quorum during a call to secure and maintain a quorum does not automatically dissolve the call (32 S.J. Reg. 1274 (1911)).*

*A motion for a call of the Senate may not include a further provision to grant leaves of absence to certain members (43 S.J. Reg. 1654 (1933)).*

*A call of the Senate may not be ordered to maintain a quorum "until the final disposition" of a particular bill unless that bill is "pending before the Senate" (44 S.J. 1 C.S. 262 (1935)).*

*A motion for a call of Senate "to obtain a quorum" is not in order if a quorum is present (47 S.J. Reg. 1007 (1941)).*

*When under a call, the Senate may compel and await the attendance of all or any number of the absentees before proceeding to transaction of business (48 S.J. Reg. 508, 553 (1943)).*

*A roll call, following a point of "no quorum," which reveals the absence of a quorum, prevents further consideration of a bill that is being considered on passage to third reading until a quorum is present and permits a motion to be made that a call of the Senate be ordered for the purpose of securing and maintaining a quorum until the disposition of the bill (50 S.J. Reg. 1137 (1947); 50 S.J. Reg. 1181 (1947)).*

*A motion for a Call of the Senate is not debatable (61 S.J. Reg. 1759 (1969)).*

### PRESIDING OFFICER OF THE SENATE

5. The Lieutenant Governor of the state shall by virtue of his office be President of the Senate (Constitution, Article 4, Section 16) and decide all

- 3 -    1-28-85 SR 8

## RULE 6

questions of order subject to appeal by any member. He shall have control of such parts of the Capitol as have been, or may be, set apart for the use of the Senate and its officers. He shall have the right to name a member to perform the duties of the chair, but such substitution shall not extend beyond such time as a majority of the Senators present vote to elect another member to preside, and if a majority of the Senators present so vote, the member called to the chair by the Lieutenant Governor or by the President Pro Tempore of the Senate shall vacate the chair, and the member elected by a majority shall preside until the Lieutenant Governor or President Pro Tempore shall take the gavel and preside (Constitution, Article 3, Section 9).

### Editorial Note

*The President of the Senate may refuse to rule on a point of order relating to the constitutionality of the substance of a proposition or on one that does not relate to any question of procedure or practice. (See also Rule 15.)*

### Note of Ruling

*No motion is in order while a point of order is pending (43 S.J. Reg. 1156 (1933)).*

## ELECTION OF PRESIDENT PRO TEMPORE

6. The Senate shall, at the beginning and close of each session, and at such other times as may be necessary, elect one of its members President Pro Tempore, who shall perform the duties of Lieutenant Governor in any case of absence or disability of that officer and whenever the said office of Lieutenant Governor shall be vacant (Constitution, Article 3, Section 9).

### Editorial Note

*In the absence of both the Lieutenant Governor and President Pro Tempore for a short period of time, either of them may designate in writing a Senator to occupy the chair, but in case the President Pro Tempore is compelled, for any reason, to be absent for an extended or indefinite period, the Senate elects another President Pro Tempore. For the form of the designation by the Lieutenant Governor or President Pro Tempore, see 49 S.J. Reg. 515 (1945).*

## ELECTION OF OFFICERS

7. A Secretary, Journal Clerk, Calendar Clerk, Enrolling Clerk, Sergeant-at-Arms, Doorkeeper, Chaplain, and such other officers as a majority vote may determine to be necessary shall be elected at the opening of the session of the Legislature to continue in office until discharged by the Senate and shall perform such duties as may be incumbent upon them in their respective offices, under the direction of the Senate. Such officers may not be related to any current member of the Texas Legislature, nor may any employee of the Senate be related to any current member of the Texas Legislature. The Secretary of the Senate shall, in addition to his other duties, be responsible for the coordination of the other offices and divisions of the Senate.

*Editorial Note*

*This rule is not binding unless and until it is adopted by the Senate at its biennial session. The Senate may, of course, omit the adoption of the rule as written and provide by a simple resolution for the election of such officers as it sees fit.*

## OPEN DOORS

8. The doors of the Senate shall be kept open, except when there is an executive session (Constitution, Article 3, Section 16 and Rules 37-43).

*Editorial Note*

*When the Senate is in session, the entrances to the main floor of the Senate Chamber are closed, but the galleries are always open to the public except when Senate is in executive session.*

## ORDER OF BUSINESS

9. The presiding officer shall take the chair at the hour to which the Senate last adjourned.

### ROLL CALL, PRAYER BY CHAPLAIN, READING OF JOURNAL

10. The names of the Senators shall be called alphabetically; should a quorum not be in attendance, a majority of those present shall be authorized to send the Sergeant-at-Arms, or a special messenger, for the absentees; when there is a quorum present, prayer shall be offered by the Chaplain and then the journal of the preceding day shall be read and corrected, if necessary.

## MORNING CALL

11. The President then shall call:

(1) for petitions and memorials;

(2) for reports from standing committees;

(3) for reports from select committees;

(4) for Senate bills on first reading and referral to committee;

(5) for introduction of resolutions;

(6) for messages and executive communications;

(7) for motions to print on minority report;

(8) for other motions not provided herein, including but not limited to motions to set a bill for special order, to reconsider, to print and not print bills, to re-refer bills, to concur in House amendments to Senate bills, to not concur in House amendments to Senate bills, to request the appointment of conference committees, and to adopt conference committee reports.

This concludes the morning call, which the President shall announce to the Senate.

## RULE 12

It shall not be in order, during the morning call, to move to take up a bill or resolution out of its regular order; and the presiding officer shall not recognize any Senator for the purpose of making any such motion or making a motion to suspend this rule.

*Editorial Note*

*A motion to set a bill for a special order may be made under item (8) of this rule, and motions to reconsider, to print or not print bills, and to re-refer bills may properly be made under item (8) of the morning call.*

### ORDER OF CONSIDERING BILLS AND RESOLUTIONS

12. At the conclusion of the morning call, the Senate shall proceed to consider business on the President's table, which shall be disposed of in the following order:

(1) special orders;

(2) unfinished business;

(3) Senate Joint Resolutions;

(4) Senate Resolutions;

(5) Senate Concurrent Resolutions;

(6) Senate bills on third reading;

(7) Senate bills on second reading;

(8) House Joint Resolutions;

(9) House bills on third reading;

(10) House bills on second reading;

(11) House Concurrent Resolutions.

The above order is for Senate bill days, except as modified by the Joint Rules.

*Notes of Rulings*

*The order of business as set forth above may be changed by a two-thirds vote of the Senate (42 S.J. Reg. 1682 (1931)).*

*A House bill laid before the Senate as an unfinished special order should be disposed of before any other House bill which has been set for a special order is taken up for consideration (46 S.J. Reg. 1853 (1939)).*

*A motion to suspend the regular order of business is not in order while other business is pending under a rule suspension (46 S.J. Reg. 1886 (1939)).*

*The bill next on calendar is not to be passed over, due to author's absence (47 S.J. Reg. 397 (1941)).*

*A motion to suspend the regular order of business is not a debatable motion (61 S.J. Reg. 1101 (1969)).*

## HOUSE BILL DAYS

13. After the morning call has been concluded on calendar Wednesday and calendar Thursday of each week, House Joint Resolutions and House bills on special order and on third and second readings, respectively, and House Concurrent Resolutions, shall be taken up and considered until disposed of; provided in case one should be pending at adjournment on Thursday, it shall go over until the succeeding calendar Wednesday as unfinished business.

### Notes of Rulings

*A House bill, by a two-thirds vote, may be taken up and considered by the Senate on any day of the week (46 S.J. Reg. 634-635 (1939)).*

*When the Senate adjourns on Thursday of any week with a House bill pending, the bill then pending, whether it is a special order or not, may not be further considered until Wednesday of the next succeeding week unless the Senate by a two-thirds vote agrees to consider it further prior to that day (46 S.J. Reg. 1704 (1939)).*

*House bills may be considered in Senate under a suspension of the regular order of business on days other than calendar Wednesday and calendar Thursday (48 S.J. Reg. 1051 (1943)).*

*When a member is discussing a Senate bill on calendar Monday or calendar Tuesday (which are considered Senate bill days in the Senate) and 12:01 o'clock a.m. Wednesday arrives (which is considered a House bill day in the Senate), no further discussion may be had on the Senate bill (61 S.J. Reg. 956 (1969)).*

### SPECIAL ORDERS

14. Any bill, resolution, or other measure may, on any day, be made a special order for a future time of the session by an affirmative vote of two-thirds of the members present.

A special order shall be considered at the time for which it is set and considered from day to day until disposed of, unless at the time so fixed there is pending business under a special order, but such pending business may be suspended by a two-thirds vote of all the members present. If a special order is not reached or considered at the time fixed, it shall not lose its place as a special order; provided further that all special orders shall be subject to the Joint Rules and Senate Rule 13.

### Editorial Notes

*A bill once set as a special order does not lose its place on the calendar of special orders if not taken up at the hour for which it is set.*

*A special order, the hour for the consideration of which has arrived, takes precedence of the unfinished business unless the unfinished business is itself a special order.*

**RULE 14**

### Notes of Rulings

*An affirmative vote of two-thirds of all Senators present including those who ask to be recorded as "present-not voting" is required to set a special order (49 S.J. Reg. 427 (1945)).*

*The motion to set a bill for a special order is not a proper substitute for a motion to suspend the regular order of business and take up a bill for immediate consideration (50 S.J. Reg. 1005 (1947)).*

*A bill being considered as a special order that is laid on the table subject to call is no longer a special order (43 S.J. Reg. 980 (1933)).*

*Refusal of Senate to set bill as special order for a certain hour does not prevent a motion's being made and adopted immediately thereafter to set the bill as a special order for a different specified hour (45 S.J. Reg. 860 (1937)).*

*The Senate, by a two-thirds vote, may take up a bill out of its regular order for immediate consideration although there is an unfinished special order on the President's table awaiting the Senate's consideration (49 S.J. Reg. 1053 (1945)).*

*When the business before the Senate is a special order, the order of business may be suspended in order to consider other business (61 S.J. Reg. 2034 (1969)).*

## LOCAL AND UNCONTESTED CALENDAR

14.1. (a) At times designated by the Senate, the Senate shall meet in session to consider local and uncontested bills and resolutions listed on a calendar certified by the Administration Committee.

(b) The committee may not consider a bill or resolution for placement on the calendar unless

(1) the sponsor of the legislation applies for the placement and submits 14 copies of the bill or resolution to the committee; and

(2) the chair of the standing committee from which the bill or resolution was reported submits a written request for the placement on the calendar.

The committee may set a time after which applications for a place on the calendar may not be accepted.

(c) The committee may not place a bill or resolution on the calendar if it

(1) creates a new department or subdivision of a department, unless the bill or resolution is purely local in nature and does not require the expenditure of state funds;

(2) contains an appropriation; or

Case 2:13-cv-00193 Document 664-22 Filed on 11/11/14 in TXSD Page 13 of 140

**RULE 14**

(3)  is contested.

(d)  The calendar must be placed on the desks of members of the Senate no later than noon of the day preceding the session at which the legislation on the calendar is considered.

(e)  A bill or resolution on the calendar may not be considered if any two or more members of the Senate object in writing before the bill is laid out for the local calendar or if an amendment other than a standing committee amendment is offered.

(f)  The bills and resolutions shall be considered on second and/or third reading in the order in which they are listed on the calendar, and no motion to suspend the regular order of business is required.

(g)  The Chairman of the Administration Committee may appoint a subcommittee consisting of not less than three members to prepare and certify the calendar.

(h)  No provision of this rule may be suspended except by unanimous consent of the members present.

## INTENT CALENDAR

14.2.  (a)  During a regular session of the Legislature, no bill, joint resolution, or resolution affecting state policy may be considered out of its regular calendar order unless a written notice of intent to suspend the regular order was filed with the Secretary of the Senate prior to 4:00 p.m. on the last preceding calendar day that the Senate was in session. The Secretary shall provide forms for this purpose. Notice must be given from day to day. No member may give notice on more than three bills or resolutions prior to May 1 or on more than five bills or resolutions on or after May 1.

(b)  The Secretary shall prepare a list of all legislation for which notice has been given. The list must be made available to each member of the Senate and to the press no later than 6:30 p.m. on the day the notice is filed.

(c)  No provision of this rule may be suspended except by four-fifths consent of the members present.

## RULINGS BY PRESIDENT

15.  Every question of order shall in the first instance be decided by the President, from whose decision any member may appeal to the Senate. Rulings which set or alter precedent shall be printed as an annotation to the rules.

### Editorial Note

*A member called to the chair pending an appeal does not entertain any motions nor accept any further point of order.*

*See also Editorial Note following Rule 5.*

- 9 -    1-28-85 SR 8

**RULE 16**

## MOTIONS AND THEIR PRECEDENCE

16.  When a question is under consideration by the Senate, no motion shall be made except:

(1)  to fix the day to which the Senate shall adjourn or recess;

(2)  to adjourn or recess;

(3)  to proceed to the transaction of executive business;

(4)  the previous question;

(5)  to lay on the table;

(6)  to lay on the table subject to call;

(7)  to postpone to a time certain;

(8)  to commit;

(9)  to amend;

(10)  to postpone indefinitely;

which several motions have precedence in the order named. It shall be in order to make any number of the above motions before any vote is taken; but the votes shall be taken on all such motions made in the order of the precedence above stated.

### Editorial Notes

*Rule 16 apparently prevents a motion to suspend a pending question for the purpose of taking up another, but the Senate's presiding officers have recently interpreted Item 5 of Rule 32 to mean that any rule of the Senate may be amended, suspended, or rescinded by a two-thirds vote at any time and that a motion to suspend Rule 16 and any other interfering rule in order to take up for immediate consideration a question different from the one pending is in order. However, an undebatable privileged question that is pending or a question that is itself under consideration as the result of a rule suspension should be disposed of by the Senate before another question is taken up under a suspension of the rules. No rule suspension, of course, is in order during the morning call.*

*There are several kinds of motions to amend, which motions have precedence in the order named below:*

*1.  Committee amendments and amendments by the author or Senator in charge of the bill offered from the floor to the body of the bill.*

*2.  Other amendments offered from the floor to the body of the bill.*

*3.  Amendments to the caption of the bill.*

*4.  Amendments to strike out the enacting clause of a bill.*

*If a bill is considered section by section, an amendment is not in order except to the section under consideration. After all of the sections have been considered separately, the whole bill is open for amendment.*

1-28-85 SR 8                - 10 -

*Notes of Rulings*

*Adjourn*

> *(See also Rule 49.)*

> *After a motion to adjourn has been made no business may precede a vote on the motion except by unanimous consent (43 S.J. Reg. 906 (1933)).*

*Table*

> *A motion to table report of conference committee is not in order (47 S.J. Reg. 1128 (1941)).*

*Table Subject to Call*

> *A motion to table a bill subject to call is not a proper substitute motion for a motion to set a bill as special order (45 S.J. Reg. 1426 (1937)).*

> *A motion to call from the table a bill tabled subject to call is not in order while joint resolution on passage to third reading is pending (49 S.J. Reg. 820 (1945)).*

> *The motion to table subject to call is not debatable (51 S.J. Reg. 1336 (1949)).*

*Postpone*

> *When the hour to which a bill postponed to a time certain arrives, the postponed measure does not immediately displace a special order (or other matter) already under consideration by the Senate (45 S.J. Reg. 1854 (1937)).*

*Commit*

> *A motion to recommit a bill permits discussion of the merits of the bill (42 S.J. Reg. 496 (1931)).*

*Amend*

> *[For rulings relating to germaneness of amendments, see under Rule 72.]*

> *The Senate may amend a revenue bill from the House by adding a new field of taxation, and so may place a tax on cigarettes in a bill levying certain other taxes (42 S.J. Reg. 893 (1931)).*

> *An amendment directly contrary to and including the same subject matter as an amendment previously adopted is not in order (42 S.J. Reg. 242 (1931)).*

> *It is not in order to attempt to take out matter inserted after the Senate has refused to reconsider the vote by which it was inserted (42 S.J. Reg. 1566 (1931)).*

> *An amendment defeated at a particular stage of a bill may not be again submitted at the same stage of the bill (42 S.J. 1 C.S. 647 (1931)).*

**RULE 16**

*Amendment having the same effect as an amendment which has been defeated is not in order (42 S.J. 2 C.S. 95 (1931)).*

*A substitute for both an amendment and an amendment to an amendment is in order (43 S.J. Reg. 1367 (1933)).*

*An amendment that has been tabled may not be offered again at the same stage of the bill (44 S.J. Reg. 156 (1935)).*

*A substitute for a substitute is not in order (44 S.J. Reg. 613 (1935)).*

*Matter identical with that stricken from a bill by amendment may not be re-inserted at the same stage by further amendment (44 S.J. Reg. 867 (1935)).*

*A single substitute for both an amendment and an amendment to the amendment may be offered (44 S.J. 2 C.S. 24 (1935)).*

*An amendment accomplishing same result as defeated amendment but different in text and inserted in bill at different place is in order (45 S.J. Reg. 622 (1937)).*

*An amendment containing only one of several provisions contained in a defeated amendment is in order (45 S.J. Reg. 1348 (1937)).*

*An amendment, defeated at one stage of a bill, is again in order when the bill has reached another stage (45 S.J. Reg. 1642 (1937)).*

*An amendment changing only load limit in bill relating to weight of trucks is a proper substitute for amendment striking out all after enacting clause and inserting new text (47 S.J. Reg. 475 (1941)).*

*An amendment inserted in a bill by an amendment is not subject to change at same stage of bill (48 S.J. Reg. 841 (1943)).*

*A substitute for an amendment is not in order if the substitute relates to a different subject matter (49 S.J. Reg. 436 (1945)).*

*An amendment to a joint resolution, defeated when the resolution is on passage to engrossment, may be offered again when resolution is on final passage (49 S.J. Reg. 444 (1945)).*

*An amendment to levy tax on fuel used in aircraft offered to bill exempting from motor fuel tax law fuels used for non-highway purposes subjects the bill to the constitutional prohibition against revenue-raising measures originating in Senate and is not in order (49 S.J. Reg. 527 (1945)).*

*A point of order that a line and word reference in a proposed amendment is incorrect does not deter consideration of the amendment containing the reference (50 S.J. Reg. 422 (1947)).*

*An amendment making it mandatory that the salaries of certain county officers be raised is not in order, after the adoption (at the same stage of the bill) of an amendment that makes the raising of those salaries permissive instead of mandatory (50 S.J. Reg. 826 (1947)).*

*An amendment that has been tabled may not be again considered at the same stage of the bill, even though it is resubmitted as only one of two distinct propositions in another amendment (51 S.J. Reg. 183 (1949)).*

*An amendment substantially different in any particular from one defeated would not be out of order because of its similarity to the defeated amendment (51 S.J. Reg. 628 (1949)).*

*An amendment which makes a revenue-raising measure of a bill further defining the term "carbon black" as used in the omnibus tax law is not in order (51 S.J. Reg. 1641 (1949)).*

*An amendment that does not indicate the portion of a bill it seeks to change is not in order (51 S.J. 1 C.S. 95 (1950)).*

## LIMITATION OF DEBATE

17.  No debate shall be allowed on a motion to lay on the table, for the previous question, or to adjourn or recess; provided, however, that the author of a measure, or whichever one of the several authors of the same may be by them selected so to do, shall have the right, when a motion to lay on the table shall have been made, to close the debate, which privilege he may yield to any other Senator subject to all of the Rules of the Senate.

### Editorial Note

*If the member having the right to close after a motion to table yields his right to another Senator, he is not permitted himself to debate the question any further.*

### Notes of Rulings

*The substance of a bill may be stated under a motion to suspend the order of business to take up for consideration (35 S.J. Reg. 1149 (1917)).*

*The motion to reconsider is debatable unless the proposition upon which the motion to reconsider is made is not debatable (44 S.J. Reg. 368-369 (1935)).*

*The motion to table subject to call is not debatable (46 S.J. Reg. 479 (1939)).*

*A resolution to fix date of sine die adjournment is debatable (47 S.J. Reg. 1902 (1941)).*

*When an amendment to a bill is pending, all debate must relate to the amendment (49 S.J. Reg. 1019 (1945)).*

*The motion to suspend the regular order of business is not debatable, but a limited explanation of the bill to which any such motion applies is permitted (50 S.J. Reg. 1349 (1947)).*

*The author of a bill who has moved to suspend a rule so that the bill might be introduced may explain it briefly (51 S.J. Reg. 502 (1949)).*

*A motion for a Call of the Senate is not debatable (61 S.J. Reg. 1759 (1969)).*

## RULE 18

*A congratulatory resolution when offered is not debatable and therefore may be considered immediately or referred to a committee by the presiding officer (61 S.J. 1 C.S. 124 (1969)).*

## WRITTEN MOTIONS

18. All motions shall be reduced to writing and read by the Secretary, if desired by the presiding officer or any Senator present.

### *Note of Ruling*

*After the commencement of a roll call on the question of agreeing to a motion to suspend the regular order of business, a Senator may not interrupt the roll call to demand that the motion be submitted in writing and may not then insist as a matter of right that the motion be reduced to writing (50 S.J. Reg. 602 (1947)).*

## WITHDRAWAL OF MOTION

19. After a motion has been stated by the President or read by the Secretary, it shall be deemed to be in possession of the Senate, but it may be withdrawn at any time before it has been amended or decided.

### *Note of Ruling*

*An amendment may be withdrawn by its author at any time before it has been voted on, even when a Senator is debating it; and its withdrawal cuts off immediately any further discussion of it (50 S.J. Reg. 1237 (1947)).*

## MOTIONS TO FIX SUM OR STATE TIME

20. On a motion to fix a sum or state a time, the largest sum and the longest time shall have precedence.

## DIVISION OF QUESTION

21. Any member may have the question before the Senate divided, if it be susceptible of a division, into distinct questions; but on a motion to strike out and insert, it shall not be in order to move for a division of the question; but the rejection of a motion to strike out and insert one proposition shall not prevent a motion to strike out and insert a different proposition; nor prevent a subsequent motion simply to strike out; nor shall the rejection of a motion simply to strike out prevent a subsequent motion to strike out and insert. A motion to table shall only affect the matter to which it is directed, and a motion to table an amendment shall never have the effect of tabling the entire measure.

### *Notes of Rulings*

*A motion to suspend the regular order of business to take up a bill is susceptible of division when there is more than one Senate rule banning the immediate consideration of the bill, but after the motion has been made and carried by a two-thirds vote and the bill has been laid before the Senate and read second time, it is too late to call for a division of the question or to invoke the rule requiring bills to be printed before*

*consideration (50 S.J. Reg. 1056 (1947)). See also note of ruling following Rule 74.*

*A motion that Senate Rule 13 (now Rule 12) and the regular order of business be suspended and a certain general bill be laid out is not susceptible of division if Senate Rule 13 (now Rule 12), which relates to the order of business, is the only Senate rule banning the laying out of the bill and its immediate consideration by the Senate (50 S.J. Reg. 1239 (1947)).*

## REASON FOR VOTE

22.   Any member shall have the privilege to have spread upon the journal of the Senate a brief statement of his reason for any vote he may cast.

### Editorial Note

*A Senator's privilege of inserting his reasons for a vote is frequently exercised; and in some instances a considerable amount of matter quoted from letters, newspapers, etc., is incorporated in the reasons inserted (40 S.J. Reg. 416-418 (1927); 40 S.J. 1 C.S. 42-43 (1927); 42 S.J. 1 C.S. 24 (1931); 49 S.J. Reg. 582 (1945)).*

## RECONSIDERATION

23.   After a question shall have been decided, either in the affirmative or negative, any member voting with the prevailing side may, at any time on the same legislative day in which the vote was taken or on the next legislative day, move the reconsideration thereof. When a bill, resolution, report, amendment, order, or message upon which a vote was taken shall have gone out of the possession of the Senate and have been delivered to the House of Representatives or to the Governor, the motion to reconsider shall be accompanied by a motion to request the House or the Governor to return same, which last motion shall be acted upon, and if determined in the negative shall be a final disposition of the motion to reconsider. If the motion to request the House to return same is successful, the motion to reconsider shall then be acted upon and if sustained, the bill, resolution, report, amendment, order, or message upon which the vote was taken and which vote was reconsidered shall be placed upon the calendar as unfinished business and may be called up on the first appropriate day on or after the return of same to the possession of the Senate.

### Editorial Notes

*If a vote on a Senate bill is reconsidered on House bill day, the bill itself may not be considered in the Senate until the arrival of a Senate bill day.*

*Under Senate Rule 23, recalling is made the first requirement for further considering a bill passed by the Senate and sent to the House. Hence, a motion or resolution to recall the bill is privileged.*

RULE 23

*Notes of Rulings*

*Reconsideration of a vote recommitting a bill has the immediate effect of placing the bill back to its status before the motion to recommit prevailed (34 S.J. Reg. 250 (1915)).*

*Reconsideration of vote by which a bill passed to engrossment places the bill back before the Senate just as it was before the vote on its engrossment was taken (37 S.J. Reg. 578 (1921)).*

*A motion to reconsider a vote may be made on the first day after the vote is taken on which there is a quorum of the Senate present (38 S.J. Reg. 619 (1923)).*

*Vote on adoption of amendment, adopted on second reading of a bill that is later ordered engrossed, may not be reconsidered until vote on passage of bill to engrossment has been reconsidered (39 S.J. Reg. 388 (1925)).*

*The motion to reconsider a vote is not debatable when the motion on which the vote was taken is not debatable (40 S.J. Reg. 415 (1927)).*

*A motion to reconsider the vote by which the previous question has been ordered may be made by any Senator voting to order it; and in case the vote is not a "yea and nay" recorded vote, it may be made by any Senator (40 S.J. Reg. 415 (1927)).*

*Upon reconsideration of the vote on a House bill, it automatically takes its place on the calendar of House bills on the President's table for consideration by the Senate (42 S.J. Reg. 608 (1931)).*

*A motion to adopt a conference committee report on joint resolution is in order at any time, and without a reconsideration of a previous adverse vote on the report (44 S.J. Reg. 1812 (1935)).*

*A motion to reconsider a vote is not debatable if at the time the vote was taken the previous question on the proposition voted on had been ordered (44 S.J. 1 C.S. 219 (1935)).*

*The motion to reconsider the vote on the passage of a bill must be made on the same day the bill was passed to engrossment or on the next succeeding legislative day (46 S.J. Reg. 1129 (1939)).*

*A bill may be recalled from the House before motion is made to reconsider vote on its passage (46 S.J. Reg. 1209 (1939)).*

*The vote by which a conference report has been adopted by the Senate may be reconsidered by the Senate and the bill recalled from the Governor although the bill has been enrolled, signed by the presiding officers of each House, and presented to the Governor (46 S.J. Reg. 1487 (1939)).*

*Debate of motion to reconsider vote by which main question ordered is not in order (47 S.J. Reg. 2258 (1941)).*

*A motion to reconsider a vote must be made on the same day the vote is taken or on the next legislative day (49 S.J. Reg. 807 (1945)).*

*The motion to reconsider a vote may not be made by a member who is not recorded as having voted on the prevailing side if the vote was a "yea and nay" recorded vote (49 S.J. Reg. 1019, 1214 (1945)).*

*A motion to reconsider the vote by which a motion to table has prevailed may not be made (50 S.J. Reg. 805 (1947)).*

*A concurrent resolution to recall for further consideration a bill passed by the Senate is in accord with Senate Rule 60 (now Rule 23) and is privileged (51 S.J. 1 C.S. 120 (1950)). (See also Hinds' Precedents, 5.5669-5671.)*

## SPREADING MOTION TO RECONSIDER ON JOURNAL

24.  At any time before the expiration of the next legislative day following that on which the vote was taken, a motion to reconsider a vote may be made by any Senator who is permitted by Rule 23 to make it; and the maker of the motion may accompany it with a request that it be spread on the journal to be called up and acted on at a later time, which request shall be granted unless another Senator demands immediate action thereon. In case a motion to reconsider that has been spread upon the journal is not called up to be acted on by the Senate within five legislative days after it has been made, it shall not thereafter be called up or acted upon; and any such motion that has been made during the last six days of the session that has not been called up before the final 24 hours of the session shall not thereafter be called up or acted upon by the Senate. In all cases, a motion to reconsider shall be decided by a majority of the vote.

## READING OF PAPERS

25.  When the reading of a paper is called for and the same is objected to by any member, it shall be determined by a majority vote of the Senate, and without debate.

### Notes of Rulings

*The Senate may determine whether a Senator who is explaining a bill prior to a vote on a motion to permit its introduction may read the bill in full (51 S.J. Reg. 502 (1949)).*

*Although the Senate on a previous occasion has ordered the full reading of a certain bill dispensed with, a full reading may be called for when the bill is again before the Senate for consideration and may be dispensed with only on order of the Senate (51 S.J. Reg. 503 (1949)).*

*A Senator addressing the Senate on the question of whether or not the Senate shall concur in the House amendments to a bill may read in full a legal opinion relating to the subject matter of the amendments unless the Senate orders its reading discontinued (51 S.J. Reg. 603-604 (1949)).*

*A second reading of an amendment in full may be dispensed with by order of the Senate (51 S.J. Reg. 625, 628 (1949)).*

1-28-85 SR 8

## MODE OF STATING AND VOTING UPON QUESTIONS

26. All questions shall be distinctly put by the President and the members shall signify their assent or dissent by answering "yea" or "nay."

### Note of Ruling

*After a roll call has been ordered and before the calling of the roll has commenced, it is not in order for a member to address the Senate (44 S.J. 2 C.S. 83 (1935)).*

## LIEUTENANT GOVERNOR TO GIVE CASTING VOTE

27. If the Senate be equally divided on any question, the Lieutenant Governor, if present, shall give the casting vote (Constitution, Article 4, Section 16).

### Editorial Note

*A vote on a motion to refer a resolution was yeas 15, nays 15. Lieutenant Governor Davidson voted "nay" and declared the motion lost. A second vote was taken on a motion to refer to another committee and resulted in a tie. Lieutenant Governor A. B. Davidson voted "nay" and declared the motion lost (32 S.J. Reg. 39 (1911)).*

## EFFECT OF TIE VOTE WHEN LIEUTENANT GOVERNOR ABSENT

28. If the Senate is equally divided on any questions when the Lieutenant Governor is not present, such question or motion shall be lost.

## CALLS FOR YEAS AND NAYS BY THREE MEMBERS

29. (a) At the desire of any three members present, the yeas and nays shall be entered on the journal, and the names of the members present and not voting shall be recorded immediately after those voting in the affirmative and negative, and such members shall be counted in determining the presence of a quorum (Constitution, Article 3, Section 12).

(b) If a member who is absent desires to be recorded on a pending question he may cast a paired vote by signing a pair slip which indicates his "yea or nay" vote with a member who is present and casting an opposite vote, if the member who is present so desires. Pair slips must be signed by both the absent and present member and filed with the Secretary of the Senate before the vote. The paired votes of the present and absent members shall be recorded as an expression of opinion on the matter considered but shall not be counted in the total of votes for or against the measure or motion. However, the member present shall be counted to make a quorum.

### Editorial Note

*Verification of a "yea and nay" vote is not provided for by any rule, but when a vote is close, it has been the practice for the presiding officer to order a verification when requested by any member to do so.*

## MEMBERS REFUSING TO ANSWER RECORDED PRESENT

30.    Upon a roll call of the Senate, should any member who is in the Senate Chamber fail or refuse to answer when his name is called, the Secretary of the Senate shall, under the direction of the President of the Senate, record such member as present.

## MATTERS REQUIRING VOTE OF TWO-THIRDS OF ALL MEMBERS

31.    (a)   A vote of two-thirds of all members elected to the Senate shall be required:

(1)   for the final passage of proposed amendments to the Constitution (Constitution, Article 17, Section 1);

(2)   in cases of great public calamity to release the payment of taxes (Constitution, Article 8, Section 10);

(3)   for the final passage of bills to reduce a county to a less area than nine hundred square miles (Constitution, Article 9, Section 1);

(4)   for the passage of an address to the Governor for the removal of any civil officer (Constitution, Article 15, Section 8);

(5)   to expel a member (Constitution, Article 3, Section 11).

### Note of Ruling

*A vote of two-thirds of the members is not required for passage of bill to create flood control district and donate portion of taxes collected therein to the district (48 S.J. Reg. 1053 (1943)).*

### VETOED BILLS

(b)   A vote of two-thirds of all members elected to the Senate shall be required for the passage of House bills that have been returned by the Governor with his objections, and a vote of two-thirds of the members of the Senate present shall be required for the passage of Senate bills that have been returned by the Governor with his objections (Constitution, Article 4, Section 14).

### Note of Ruling

*A specific case in which the vote of yeas and nays did not pass the bill over the Governor's veto is found at 47 S.J. Reg. 2748 (1941).*

## MATTERS REQUIRING VOTE OF TWO-THIRDS OF MEMBERS PRESENT

32.    (a)   A vote of two-thirds of all members present shall be required:

(1)   for the impeachment of any officer (Constitution, Article 15, Section 3);

(2)   to excuse absentees;

(3)   to adopt an amendment at third reading of a bill or a joint resolution;

**RULE 32**

(4) to postpone or change the order of business;

(5) to rescind or amend any rule of the Senate.

(b) A Senate rule may be suspended by a vote of two-thirds of the members present unless the rule specifies a different majority.

(c) A vote of two-thirds of the members present shall be required for the confirmation of any appointee of the Governor, unless otherwise directed by law (Constitution, Article 4, Section 12).

### Historical Notes

*The following rule was adopted by the Senate in 1911 (32 S.J. Reg. 790): "Rule 61a. It shall only require a majority vote of all Senators present to suspend pending business for the purpose of taking up and considering Senate Bill No. 1 and House Bill No. 226, any other rule or order to the contrary notwithstanding."*

*Rule 63 as adopted at the regular session in 1911 read as follows: "Any rule or order of the Senate may be rescinded by a majority vote of all members elected . . . ."*

*The following rule of the preceding legislature was eliminated from the 1911 Senate rules: "No standing rule or order of the Senate shall be rescinded or changed without one day's notice being given of the motion therefor."*

*The following is the text of the old rule on rescinding, which was adopted by the Senate of the 34th Legislature:*

*"(64) Any rule, order or act of the Senate may be rescinded or changed by a two-thirds vote of all Members present, except where otherwise provided by the Constitution or the laws" (34 S.J. Reg. 977 (1915)).*

*The rule was later amended to require two-thirds of all members to rescind or change a rule, and in 1939 the item (5) above was inserted in lieu of the old Rule 64.*

### Note of Ruling

*Pending consideration of a conference report, a motion to suspend its consideration and take up a Senate bill for immediate consideration is in order. The motion is divisible, since it involves the suspension of Rule 26 (now Rule 16) and also of Rule 13 (now Rule 12), 61st Leg. (51 S.J. Reg. 1555 (1949)).*

### Editorial Note

*This ruling and other late Senate precedents relative to suspending a pending question for the purpose of taking up another indicate that it has become the prevailing opinion of the Senate's presiding officers and its members that any pending debatable question, even a highly privileged one or one with high priority for consideration, may be suspended by a*

*two-thirds vote of the Senate for the purpose of taking up another matter on the President's table for immediate consideration. Suspending a question that has itself been taken up under a suspension would most likely not be permitted.*

## ADOPTION OF RULES

32.1. (a) The resolution to initially adopt temporary or permanent rules of the Senate shall require a majority vote of the members of the Senate.

(b) Joint Rules of the two Houses may be adopted or amended by a simple majority of the members elected to the Senate and shall take precedence over Senate rules in conflict.

## SUSPENSION OF THREE-DAY RULE

33. It shall require a vote of four-fifths of the Senate to suspend the rule requiring bills to be read on three several days (Constitution, Article 3, Section 32).

### *Editorial Note*

*"Four-fifths of the Senate" means four-fifths of the members present, provided a quorum is present.*

### *Note of Ruling*

*A motion to suspend the constitutional rule and Senate Rule 32 (now Rule 68) requiring bills to be read on three several days may be made although the same motion has been made and defeated on the same bill on the same legislative day (55 S.J. Reg. 1561 (1957)).*

## ELECTIONS

34. In all elections of the Senate, the vote shall be given viva voce, except in the election of officers of the Senate (Constitution, Article 3, Section 41).

35. A majority of the whole number of votes cast shall be necessary for a choice in all elections by the Senate.

## NOMINATIONS BY THE GOVERNOR

36. When nominations shall be sent to the Senate by the Governor, a future day shall be assigned for action thereon, unless the Senate unanimously direct otherwise. They shall be referred directly to either the Subcommittee on Nominations or the standing committee with jurisdiction over the subject matter involved, which shall hold hearings and report its actions directly back to the Senate.

37. Nominations having been reported out of the Nominations Subcommittee, or other appropriately designated standing committee, shall not be acted upon unless the names of the nominees or individual nominee shall have been printed and laid on the members' desks 24 hours beforehand.

1-28-85 SR 8

*Notes of Rulings*

*No action can be taken on nominations on same day submitted except by suspending rule requiring nominations to be considered on a "future day" (43 S.J. Reg. 199 (1933)).*

*A motion that the Senate hold an executive session the same day the motion is made is not in order, since Rule 86 (now Rule 36) provides that a future day shall be set for the consideration of Governor's nominations (48 S.J. Reg. 132 (1943)).*

38. Hearings on nominations by the proper committee shall be open meetings, unless an executive session is ordered by a majority vote of the membership of that committee.

39. All nominations approved or definitely acted on by the Senate shall be returned to the Governor by the Secretary from day to day, as such proceedings may occur.

*Editorial Notes*

*The Senate of the 43rd Legislature in open session, on a motion made by Senator Woodruff, refused to grant the request of Governor Ferguson to withdraw certain nominations that had been submitted by outgoing Governor Sterling, but not yet acted on by the Senate (43 S.J. Reg. 108 (1933)).*

*The Governor may re-submit a nomination of a particular person to a particular office after the Senate has failed to confirm the appointment of that person to that office. For briefs on this point and full text of the ruling of Lieutenant Governor Witt thereon, see 43 S.J. Reg. 373 (1933).*

## SECRECY OF EXECUTIVE SESSION

40. When the Senate is in executive session, the Senate Chamber and gallery shall be cleared of all persons except the Secretary of the Senate and the Sergeant-at-Arms who shall keep secret proceedings of such session until the injunction of secrecy is removed by unanimous vote of the Senate.

41. Consideration of all information and remarks touching the character and qualifications of nominees for confirmation by the Senate shall be in open session unless an executive session is ordered by a proper motion adopted by a majority vote of the membership of the Senate. Members of the Senate shall vote to confirm or not to confirm in open session of the Senate and the votes to confirm and not to confirm shall be entered in the journal of the Senate.

42. No member of the Senate shall be prohibited from revealing his own view on any matter, or his vote on any matter, pending or having been decided by the Senate.

## VIOLATION OF SECRECY

43. Any officer or member convicted of violating any provisions of either Rule 40 or 41 shall be liable, if an officer, to dismissal from the service of the Senate, and, if a member, to expulsion.

## MESSAGES TO THE HOUSE

44. Messages, bills, resolutions, and other papers shall be sent to the House of Representatives by the Secretary, who shall previously endorse upon them the final determination of the Senate thereon.

## RECEPTION OF HOUSE MESSAGES

45. Messages may be received at any time, except while a question is being put, while the yeas and nays are being taken, or while the ballots are being counted.

## JOURNAL OF THE SENATE

46. The proceedings of the Senate, when not in Committee of the Whole or in executive session, shall be entered on the journal as concisely as possible, care being taken to detail a true and accurate account of the proceedings; the titles of the bill and such parts thereof only as shall be affected by proposed amendments shall be inserted in the journal; every report of a committee and vote of the Senate; and a brief statement of the contents of each memorial, petition, or paper presented to the Senate shall also be inserted in the journal. Resolutions of a congratulatory nature and resolutions recognizing visitors to the Senate shall not be numbered or printed in the journal, but the names of the sponsor and the persons concerned and the recognition accorded may be listed for each day at the end of the day's proceedings. Originals of congratulatory recognition and memorial resolutions shall be limited to five in number.

### Editorial Note

*House amendments to any Senate Bill, Senate Joint Resolution, or Concurrent Resolution shall be printed in the Senate Journal on the day that action is taken by the Senate thereon.*

### Notes of Rulings

*The Senate can take cognizance of an action by House only if officially notified of such action (35 S.J. 2 C.S. 61 (1917)).*

*The President of the Senate and the Senate may refuse to abide by an erroneous entry in the journal and an erroneous endorsement on a bill and may proceed as though no such entry or endorsement had been made (37 S.J. Reg. 638 (1921)).*

*It is not out of order for a member to request that the journal show the subjects as well as the numbers of certain bills the recommitment of which has been moved (51 S.J. Reg. 562 (1949)).*

*A letter relating to supply of natural gas to San Antonio may be inserted in the Senate Journal and the rule relative to contents can be*

*suspended by member requesting same if there is no other matter pending before Senate at that time (62 S.J. 2 C.S. (1972)).*

## RETURN OF VETOED SENATE BILLS

47. When a bill shall be returned to the Senate by the Governor, with his objections, they shall be entered at large upon the journal (Constitution, Article 4, Section 14).

### *Note of Ruling*

*Consideration of a motion to override the Governor's veto of a particular bill may be postponed (45 S.J. Reg. 1484 (1937)).*

## REPORT TO GOVERNOR OF FINAL RESULT OF EXECUTIVE SESSION

48. The proceedings of the Senate, when in executive session, shall be kept in a separate book. The proceedings of the Senate, when in open session acting upon nominations made by the Governor, shall be entered in the journal of the Senate, and the Secretary shall report the final result to the Governor.

## ADJOURNMENT

49. A motion to adjourn or recess shall always be in order and shall be decided without debate, and the Senate may adjourn or recess while operating under the previous question.

## ADJOURNMENT OF SENATE FOR MORE THAN THREE DAYS

The Senate shall not adjourn or recess for more than three days, nor to any other place than that in which it may be sitting, without the concurrence of the House of Representatives (Constitution, Article 3, Section 17).

### *Editorial Note*

*The motion to recess or adjourn is not debatable, and the maker of either motion may not hold the floor to the exclusion of other Senators who might want to move to adjourn or recess to a different hour. After a series of such motions has been made, the motions must be voted on immediately.*

### *Notes of Rulings*

*Under Senate Rule 1 which states that "two-thirds of all of the Senators elected shall constitute a quorum but a smaller number may adjourn (or recess) from day to day," a motion to recess (or adjourn) until a later time on the same day is a proper motion (61 S.J. Reg. 945 (1969)).*

*The Legislature may repeal or set aside a resolution setting a date for sine die adjournment (42 S.J. Reg. 1656 (1931)).*

*A resolution setting a new time for sine die adjournment is in order and requires only a majority vote to adopt it (42 S.J. 2 C.S. 189 (1931)).*

*A motion to adjourn may not be made immediately after the defeat of a series of motions to adjourn and recess (51 S.J. Reg. 577 (1949)).*

*A motion to adjourn or recess is not a proper motion where further business has not been transacted by the Senate since a previous motion to adjourn or recess had been made and defeated (61 S.J. Reg. 1059 (1969)).*

*A concurrent resolution containing a provision that "no date for adjournment be fixed until the appropriation bills have been passed and all important measures upon the calendar have been disposed of" was held out of order by Lieutenant Governor Lynch Davidson, because it sought "to deny the Legislature its constitutional right to adjourn at any time it desires" (37 S.J. Reg. 392 (1921)).*

*The Legislature may repeal or set aside a resolution setting a future date and hour for sine die adjournment, and a resolution setting a new time for sine die adjournment is in order, and only a majority vote is required to adopt it (42 S.J. Reg. 1656, 1682 (1931)).*

*An adjournment from Thursday to Monday is not for more than three days, and consent of the House to such an adjournment by the Senate is not needed (49 S.J. Reg. 640 (1945)).*

## WHEN SENATE RULES ARE SILENT

50.   The President of the Senate shall decide all questions not provided for by the standing Rules of Order of the Senate, and Joint Rules of Order of both branches of the Legislature, according to parliamentary practice, laid down by approved authors subject to appeal to the entire Senate, as in other cases.

### Editorial Note

*The rulings of the presiding officers of the Senate as shown in the Texas Legislative Manual, the practice in Congress as shown in Hinds' Precedents and in Cannon's Precedents, the practice in the Texas House of Representatives as shown in the Legislative Manual, and the rules and precedents as set forth in Jefferson's Manual, Cleaves' Manual, and the Manual of the United States Senate have been resorted to by the presiding officers of the Senate for guidance in deciding questions of order.*

## PREVIOUS QUESTION

51.   Pending the consideration of any question before the Senate, any Senator may call for the previous question, and if seconded by five Senators, the presiding officer shall submit the question: "Shall the main question be now put?" And if a majority vote is in favor of it, the main question shall be ordered, the effect of which shall be to cut off all further amendments and debate and bring the Senate to a direct vote—first upon pending amendments and motions, if there be any, then upon the main proposition. The previous question may be ordered on any pending amendment or motion before the Senate as a separate proposition and be decided by a vote upon said amendment or motion.

**RULE 51**

*Editorial Notes*

*After the previous question has been ordered, no motions are in order until the question or questions on which it is ordered have been voted upon, except the motions to adjourn, for a call of the Senate and to reconsider the vote by which the previous question was ordered, and the motion to reconsider can be made only once.*

*It has also been held that a motion may be withdrawn after the previous question has been ordered on it. (See Senate Journal, 46th Legislature, Regular Session, pages 2112-2113; Senate Journal, 50th Legislature, page 1237.)*

*Notes of Rulings*

*The previous question may not be ordered on final passage of bill prior to its being placed on third reading (34 S.J. Reg. 1063 (1915)).*

*Ordering of the previous question does not violate the "free discussion" section of the Constitution (38 S.J. Reg. 1169 (1923)).*

*When the main question has been ordered but not voted on, a member is not entitled to speak on a question of personal privilege (42 S.J. Reg. 1203; 42 S.J. 1 C.S. 675 (1931)).*

*The previous question may not be moved to include the votes to be taken on a bill or on any subsidiary motions applied to it at a more advanced stage (42 S.J. 1 C.S. 675 (1931)).*

*It is not in order to speak to a question of personal privilege after the previous question has been ordered (43 S.J. Reg. 691 (1933)).*

*A motion may be made (even by a Senator not voting on the prevailing side) to rescind the "action and vote of the Senate" in ordering the previous question (45 S.J. Reg. 432 (1937)). (A vote of two-thirds of all members present is required to suspend, rescind, or amend any rule of the Senate.)*

*The vote by which the main question is ordered on series of questions may be reconsidered after vote has been taken on one or more of the questions (45 S.J. 2 C.S. 82 (1937)).*

*The motion for the previous question on a bill may be made and voted on after the previous question has been ordered on a proposed amendment to the bill and before a vote has been taken on the amendment (46 S.J. Reg. 2041 (1939)).*

*A motion for previous question is not in order immediately after defeat of same motion (47 S.J. Reg. 1743 (1941)).*

*The constitutional rule (Section 32 of Article 3) calling for "free discussion" on a bill does not prevent the making of a motion for the previous question on the passage of a bill or prevent the Senate's ordering the main question on the bill as provided for in its own rule relating to the previous question. The Senate determines by its vote on the motion for*

*the previous question whether or not the constitutional rule has been complied with (50 S.J. Reg. 1174 (1947)).*

*A motion for the previous question may be put at the same time on a motion to re-refer a bill from one committee to another committee and also a substitute motion that the same bill be referred from the original committee to still another committee (61 S.J. Reg. 1762 (1969)).*

## DEMAND FOR IMMEDIATE RULING

52. Pending the consideration or discussion of any point of order before the presiding officer and the Senate, or either, any Senator may demand that the point of order be immediately decided, and if seconded by 10 Senators, the presiding officer shall submit the question: "Shall the point of order be now decided?" If a majority vote is in favor of it, the point of order shall immediately be decided by the presiding officer, and if an appeal from his decision is taken, the appeal shall be immediately decided by the Senate without debate.

### Editorial Note

*The President of the Senate is required by the rules of the Senate to decide questions of order, but he is not required to rule on the constitutionality of the substance or content of any proposed law, resolution, or amendment. He usually decides questions as to the constitutionality of a certain procedure or as to the Senate's constitutional jurisdiction, but he usually submits to the Senate for its decision questions as to the constitutionality of the substances or content of any proposal. See also Rules 5 and 15 and notes following them.*

### Note of Ruling

*The constitutionality of a bill or resolution should not be ruled on by the presiding officer of the Senate (61 S.J. Reg. 2034 (1969)).*

## DECORUM
## REMOVAL OF SENATOR FROM CHAIR

53. If any Senator other than the regularly elected President Pro Tempore be presiding and fails or refuses to recognize any Senator to make a motion that is in order, or to raise a point of order that it is in order to raise, or fails or refuses to entertain an appeal from his decision, or to put such question to the Senate or fails to recognize any Senator to demand that a point of order under discussion be immediately decided, or fails to put the question, if seconded by 10 Senators, "Shall the point of order be now decided?" such Senator so offending shall be deemed guilty of violating the high privileges of the Senate, and until such offending Senator shall purge himself of such contempt and be excused by the Senate, he shall not again be called to the chair during the session. If such Senator so presiding shall refuse to recognize any Senator when addressed in proper order, or to entertain the motion, the point of order, or appeal of any Senator, or to pass upon the same, or to recognize a Senator to make the demand when seconded by 10 Senators that a point of order under discussion be

- 27 -                                1-28-85 SR 8

## RULE 54

immediately decided, then the Senator seeking recognition may rise in his seat, and without recognition, read a written demand upon the Senator presiding, provided the same is signed by a majority of the Senators present, and if the Senator presiding persists in his refusal, then any number of Senators constituting a majority of the Senators present may present such written demand to the Sergeant-at-Arms, or the Assistant Sergeant-at-Arms, and such written demand shall be a full and sufficient warrant for arrest, empowering such officer, or either of them to arrest said Senator so presiding and eject him from the chair, and retain him under arrest until he shall be released by order of the Senate.

Should the Sergeant-at-Arms or the Assistant Sergeant-at-Arms fail or refuse to act and carry out such demand, they shall be removed from office on a majority vote of the Senate.

When such Senator is removed as aforesaid and the chair remains vacant, the Secretary shall call the Senate to order, and a President Pro Tempore ad interim shall be elected to preside until the Lieutenant Governor or a regular elected President Pro Tempore shall appear and take the gavel.

As soon as order is restored, the chair shall cause a record of the fact of removal to be made.

### Editorial Note

*This rule is one of several first adopted in 1911 to prevent the Lieutenant Governor or any Senator occupying the chair temporarily and the Senators opposing a measure from killing it by dilatory tactics.*

### DECORUM AND DEBATE

54. When a Senator is about to speak in debate or to communicate any matter to the Senate, he shall rise in his place and address the President.

### Editorial Note

*A member who desires to speak on a pending question should address the chair and, having obtained recognition, may speak, in an orderly and parliamentary way, and subject to the rules of the Senate, as long as he desires.*

### RECOGNITION OF MEMBERS IN DEBATE

55. When two or more members rise at once, the presiding officer shall decide which one shall speak first, but from his decision an appeal without debate may be taken to the Senate by any member.

### Editorial Note

*When a bill or other measure is before the Senate, the President first recognizes, for motions for its disposition, the author or sponsor of the bill, who is entitled at all stages to prior recognition for motions that are in order which are intended to expedite the passage of the bill. In recognition for general debate, the President alternates between those favoring and those opposing a measure.*

*Note of Ruling*

*If the sponsor of a bill does not seek recognition to debate the question of its passage and another member obtains the floor to debate it, the member so obtaining the floor should be permitted to finish his remarks on the bill before the sponsor is allowed to discuss it (46 S.J. Reg. 1869 (1939)).*

## SPEAKING MORE THAN ONCE IN SINGLE DEBATE

56. No member shall speak more than once in any one debate until every member desiring to do so shall have spoken, nor shall any member speak more than twice in any one debate without leave of the Senate.

*Note of Ruling*

*A Senator who yields the floor for a motion to adjourn without having concluded his address does not have to await the debate of all other Senators desiring to be heard on the question being considered before being recognized to resume and conclude his address (51 S.J. Reg. 181 (1949)).*

## MEMBER CALLED TO ORDER

57. When a member shall be called to order by the President or by a Senator, he shall sit down and not be allowed to speak, except to the point of order, until the question of order is decided. If the decision be in his favor he shall be at liberty to proceed; if otherwise, he shall not proceed without leave of the Senate.

*Editorial Note*

*In 1925, Senator Fairchild obtained the floor to discuss a point of order which he had raised. Pending his remarks, Senator Wood raised the point of order that Senator Fairchild was not discussing the point of order but another matter. Lieutenant Governor Barry Miller sustained the point of order and submitted to the Senate the question of whether or not Senator Fairchild would be permitted to continue his discussion. The Senate refused to permit Senator Fairchild to continue the discussion by a vote of yeas 15, nays 16 (39 S.J. Reg. 1110 (1925)).*

## REFUSAL OF MEMBER CALLED TO ORDER TO BE SEATED

58. Whenever a member is called to order by the President of the Senate or by the presiding officer then in the chair, in accordance with Rule 57 hereof, and such member fails to sit down and be in order, but continues disorderly, it shall be the duty of the Sergeant-at-Arms and/or his assistants upon the direction of the presiding officer to require such recalcitrant member to take his seat and be in order. Any member who persists in disorderly conduct, after being warned by the presiding officer, may, by motion duly made and carried by two-thirds vote of the members in attendance, be required to purge himself of such misconduct and until such

**RULE 59**

member has purged himself of such misconduct he shall not be entitled to the privileges of the floor.

*Editorial Note*

*When speaking, a member must confine himself to the subject under debate. In discussing an amendment, the debate must be confined to the amendment and not include the general merits of the bill or other proposition.*

## INTERRUPTION OF PRESIDENT

59. While the President is putting the question or addressing the Senate, he shall not be interrupted.

## INTERRUPTION OF MEMBER SPEAKING

60. While a member has the floor, no member shall interrupt him or otherwise interrupt the business of the Senate, except for the purpose of making a point of order, calling him to order, moving the previous question, demanding that a point of order under discussion or consideration be immediately decided, or a motion to adjourn or recess; and any member shall, though another member has the floor, be recognized by the presiding officer, and be in order to call to order the member, to make a point of order, or to move the previous question, or to demand that a point of order be immediately decided. A member who has the floor must yield to permit the Senate to receive messages from the Governor and from the House of Representatives and shall not lose the floor. A member who has the floor may yield for questions from other members and shall not lose the floor. In the event a member is interrupted because of a motion to adjourn or recess and the motion fails, the floor shall be immediately returned to the interrupted member. In the event the interrupted member was speaking under the previous question and a motion to adjourn or recess prevails, he shall resume the floor and finish speaking when the bill is next considered by the Senate.

*Editorial Notes*

*It is the custom of the President to request a member to yield for a message.*

*Although there is no Senate rule by which a member can be taken from the floor for pursuing "dilatory tactics" (40 S.J. Reg. 882 (1927)), a Senator who has been repeatedly called to order for not confining his debate to the question before the Senate may be required by the Senate to discontinue his address.*

*A point of order against further debate of a question by a Senator on the ground that his remarks are not germane to the question before the Senate is often disposed of by the chair with a warning to the Senator who has the floor to confine his remarks to the pending question.*

*The point of order having been raised for the third time that a Senator who had the floor was filibustering and not confining his remarks to the*

*bill before the Senate, the chair requested the Senate to vote on the point of order. It was sustained and the Senator speaking yielded the floor (44 S.J. Reg. 1780 (1935)).*

*The withdrawal of a pending motion by its maker is a privilege that may be exercised at any time, even while a member is addressing the Senate (46 S.J. Reg. 1931, 2112-2113 (1939); 50 S.J. Reg. 1237 (1947)).*

### Notes of Rulings

*A member who has the floor may not be removed by the adoption of a motion for the previous question (38 S.J. Reg. 1169 (1923)).*

*By raising a point of order, the speaker loses his right to resume speaking if the previous question has been ordered (42 S.J. Reg. 1683 (1931)).*

*The motion for the previous question may be made at any time, even when another member has the floor (42 S.J. 2 C.S. 236 (1931)).*

*A member may not take the floor on a point of personal privilege while another member is addressing the Senate (43 S.J. Reg. 1430 (1933)).*

*A parliamentary inquiry is a privileged matter (43 S.J. Reg. 1430 (1933)).*

*A speaker yielding the floor for the reception of a message from the House does not lose his right to resume the floor immediately after message received (46 S.J. Reg. 1873 (1939)).*

*Remarks not in the nature of an inquiry are not in order by a member to whom a Senator has yielded for a question (48 S.J. Reg. 519 (1943)).*

*A digression by a Senator in his speech on a pending amendment to another subject does not ban his resuming and continuing a germane discussion of the amendment (50 S.J. Reg. 417 (1947)).*

*A second digression by a Senator on the floor from a discussion of the pending amendment does not necessarily prevent his resuming and continuing a germane discussion of the amendment (50 S.J. Reg. 418 (1947)).*

*Raising of a third point of order against further debate by a Senator on the floor who has digressed for a third time from a discussion of the pending amendment, after having been twice requested to confine his debate to the amendment, justifies the presiding officer in calling for a vote by the Senate on the question of whether or not he shall be permitted to resume and continue his remarks (50 S.J. Reg. 418 (1947)).*

*A Senator addressing the Senate may not yield the floor temporarily except by unanimous consent to allow an address by another Senator on a point of personal privilege (50 S.J. Reg. 483 (1947)).*

*When a member has been recognized and is speaking on a motion to re-refer a bill, he must stand upright at his desk and may not lean thereon (61 S.J. Reg. 1760, 1762 (1969)).*

*When a member has been recognized and is speaking on a bill or resolution, he may make a parliamentary inquiry but not raise a point of order without yielding the floor (61 S.J. Reg. 1057 (1969)).*

*When a member has the floor and is speaking on a bill or resolution, he must stand upright at his desk and may not lean or sit on his desk or chair (61 S.J. Reg. 1059 (1969)).*

*A member speaking on a bill or resolution must confine his remarks to the subject of the bill or resolution (61 S.J. Reg. 1517 (1969)).*

*When a member has been recognized and is speaking on an amendment to a bill or resolution, he must confine his remarks to the subject of the amendment pending before the Senate (61 S.J. Reg. 856, 857 (1969)).*

*When a member has been recognized and is speaking for or against a bill or resolution, he must confine his remarks to the bill or resolution. After three warnings to do so, he must yield the floor (61 S.J. Reg. 2191 (1969)).*

*A committee report can only be submitted during the morning call unless the member has the unanimous consent of the members of the Senate and he may not interrupt a member speaking for or against a bill or resolution for that purpose unless the member speaking yields the floor for that specific purpose (61 S.J. 1 C.S. 124 (1969)).*

*When a member has been recognized and is speaking on a bill or resolution, he must confine his remarks to the subject of the bill and speak audibly (62 S.J. Reg. 778 (1971)).*

### PUNISHMENT FOR MISCONDUCT

61. The Senate may punish any member for disorderly conduct and. with the consent of two-thirds of the elected members, may expel a member. but not a second time for the same offense (Constitution, Article 3, Section 15).

### OBSTRUCTING PROCEEDINGS OF SENATE—PUNISHMENT

62. The Senate, during its session, may imprison for 48 hours, any person, not a member, for disrespectful or disorderly conduct in its presence or for obstructing any of its proceedings (Constitution, Article 3, Section 15)

#### Note of Ruling

*While a member has the floor and is speaking and there is a demonstration or applause from the gallery, the presiding officer shall give those persons in the gallery two warnings to refrain from such demonstrations or applause, stating each time that it is a warning. If a third warning becomes necessary, the presiding officer is authorized to direct the Sergeant-at-Arms to clear the gallery and lock the doors leading to the Senate Chamber (55 S.J. Reg. 1117 (1957)).*

## BRIBERY

63. Any member who shall receive or offer a bribe, or who shall suffer his vote to be influenced by promise or preferment of reward, shall on conviction, be expelled (See also Article 36.02, Penal Code, as amended).

## ADMITTANCE TO SENATE CHAMBER; RESTRICTIONS ON DRESS AND BEHAVIOR

64. Persons hereinafter named and no others shall be admitted to the Senate Chamber while the Senate is in session provided that persons other than members of a Senator's family, members of the House of Representatives of the State of Texas, and Pages and Sergeants-at-Arms of the Senate shall be required to remain behind the brass rail.

(1) Members of the Senate and their families, Secretary of the Senate and his family, employees of the Senate and House of Representatives when on official business, Representatives, the Governor, his family and his private secretary, the Lieutenant Governor and his family, the President and Vice-President of the United States, United States Senators and members of Congress, Governors of other states, judges of the Supreme Court, Secretary of State, the Courts of Criminal and Civil Appeals, duly accredited newspaper reporters and correspondents and radio commentators and television cameramen and commentators who have complied with Sections (2) and (3) of this rule. It shall be the special duty of the President to see that officers and employees remain upon the floor of the Senate only when actually engaged in the performance of their official duties. Such persons other than the Lieutenant Governor and members of the Senate shall not be permitted to work for or against any proposition before the Senate while on the floor.

## PERSONS LOBBYING NOT ADMITTED

No newspaper reporter, or other person whomsoever, whether a State officer or not, who is lobbying or working for or against any pending or prospective legislative measure, shall in any event be permitted upon the floor of the Senate or in the rooms leading thereto, except the Senate reception room, when the Senate is in session.

## PRESS CORRESPONDENTS

(2) While the Senate is in session, no person shall be admitted to the floor of the Senate or allowed its privileges, as a press correspondent or radio commentator or television cameramen and commentators, unless said person is a regularly employed, salaried staff correspondent or reporter in the employ of a newspaper publishing general news, or press association serving newspapers, or publications requiring telegraphic coverage, or unless said person is a regularly employed, salaried employee of a duly licensed radio or television station.

## FORFEITURE OF ADMITTANCE PRIVILEGE

(3) If any person, admitted to the Senate under this rule, shall lobby or work for or against any pending or prospective legislation or shall violate

**RULE 64**

any of the other rules of the Senate, the privileges extended to said person under this rule shall be suspended by a majority of the Committee on Administration. The action of the committee shall be reviewable by the Senate only if two members of the committee request an appeal from the decision of the committee, which appeal shall be in the form of a minority report, and shall be subject to the same rules that are applicable to minority reports on bills.

Every newspaper reporter and correspondent and radio commentator and television cameramen and commentators, before being admitted to the Senate during its session, shall file with the Committee on Administration a written statement showing the paper or papers which he represents and certifying that no part of his salary or compensation is paid by any person, firm, corporation, or association except the paper or papers or radio station or television station which he represents.

## SUSPENSION OF ADMITTANCE RULE

(4) It shall be in order for the President to entertain a request, motion, or resolution for the suspension of this rule or to present from the chair the request of any member for unanimous consent.

(5) It shall be the duty of the Sergeant-at-Arms and his assistants to clear the hall of all persons not entitled to the privilege thereof 30 minutes before the hour of the meeting of the Senate.

## EXCEPTIONS

(6) Provided that this rule shall not apply to persons who are invited to address the Senate when in session, nor shall it apply to any person who desires to appear before any committee, while going to or returning from the session of said committee, nor to the Governor while delivering an official message: provided further that this rule shall not apply during the inauguration of the Governor and other public ceremonies provided for by resolution of the Senate. All officers and employees of the Senate are prohibited from lobbying in favor of or against any measure or proposition pending before the Senate, and should any officer or employee violate this rule, the same shall be cause for dismissal from the service of the Senate by the President.

(7) Provided further that the privileges of the floor shall not be extended to any person or persons except members of the Senate, and the Governor, desiring to make an address before the Senate on pending or contemplated legislation.

(8) Solicitors and collectors shall not be admitted to the Senate during its sessions.

(9) Messages or call slips shall not be delivered to members of the Senate when a roll call is in progress. Individuals desiring to pass a message to members of the Senate must sign their names to that message.

*Editorial Notes*

*Section 12 of Article 6252-9c, Vernon's Texas Civil Statutes, provides: "No person who is registered or required to be registered under the provisions of this Act may go on the floor of either house of the legislature while that house is in session except on invitation of that house."*

*The rule relating to admission to the floor of the Senate, as written prior to 1939, provided that the rule could not be suspended.*

*Note of Ruling*

*The rule relative to admittance to the Senate Chamber, when invoked, cannot be suspended by the Senate (42 S.J. 1 C.S. 644 (1931)). (Explanatory Note: When this ruling was made, part (4) of the rule specifically prohibited the chair's entertaining a request for the suspension of the rule.)*

## NO EATING OR DRINKING IN SENATE CHAMBER

65.   No employee, Senator, Representative, or other person shall be allowed to eat or drink in the Senate Chamber proper at any time. The Sergeant-at-Arms and other custodians will strictly enforce this rule.

## PERSONS MUST BE PROPERLY ATTIRED IN SENATE CHAMBER

66.   While the Senate is actually in session, no male Senator or Representative or any other male person shall come on the floor of the Senate without wearing a coat and tie. The Sergeant-at-Arms and doorkeepers are instructed to strictly enforce this rule, and only the President of the Senate may suspend the rule as to any person or to all persons, and that action to be taken in writing to the Sergeant-at-Arms.

## LEGISLATION
## CONSIDERATION OF HOUSE BILL IN LIEU OF SENATE BILL ON SAME SUBJECT

67.   When any Senate bill shall be reached upon the calendar or shall be before the Senate for consideration, it shall be the duty of the President to give the place of such bill on the calendar to any House bill which has been referred to and reported from a committee of the Senate containing the same subject or to lay such House bill before the Senate to be considered in lieu of such Senate bill.

*Editorial Notes*

*The purpose of this rule is to save the time and labor of the Legislature by disposing of the most advanced legislation first. The House bill is not substituted for the Senate bill, but simply is considered instead of the Senate bill, which is displaced on the calendar by the House bill.*

*It is not necessary that the bills be identical if generally they cover the same subject and are directed to the same end.*

**RULE 68**

*Note of Ruling*

*A House bill that has been reported favorably and relates to the same subject as a Senate bill that has been reached on the calendar should be considered by Senate in lieu of the Senate bill if said House bill is "of the same general tenor" (38 S.J. Reg. 470 (1923)).*

## PROCEDURE IN PASSAGE OF BILLS

68. No bill shall have the force of a law until it has been read on three several days in each House and free discussion allowed thereon, but in case of imperative public necessity (which necessity shall be stated in a preamble or in the body of the bill), four-fifths of the House in which the bill may be pending may suspend this rule, the yeas and nays being taken on the question of suspension and entered upon the journals (Constitution, Article 3, Section 32).

*Editorial Note*

*"Four-fifths of the House in which the bill may be pending" has been interpreted repeatedly to mean four-fifths of all of the Senators present, a quorum being present.*

*Notes of Rulings*

*Only four-fifths of those present are required to suspend constitutional rule requiring bills to be read on three several days (42 S.J. Reg. 253 (1931)).*

*A motion to suspend the constitutional rule and Senate rule requiring bills to be read on three several days may be made although the same motion has been made and defeated on the same legislative day (55 S.J. Reg. 1561 (1957)).*

*For ruling of Lieutenant Governor Shivers during Regular Session, 50th Legislature, relative to allowance of "free discussion" on a bill, see notes on rulings following Senate Rule 51.*

*(See ruling after Rule 33.)*

## ANNOUNCEMENT OF STAGE OF BILL

69. The President shall, at each reading, announce whether the bill originated in the Senate or House of Representatives, and whether it be the first, second, or third reading.

## FIRST READING AND REFERENCE OF BILLS

70. (a) Beginning the first Monday after the general election preceding the next regular legislative session, or within 30 days prior to any special session, it shall be in order to file with the Secretary of the Senate bills for introduction in that session. Upon receipt of such bills the Secretary of the Senate shall number them and make them a matter of public record, available for distribution. Once a bill has been so filed it may not be recalled.

(b) A bill, when introduced, shall be read and referred to a committee. The first reading of a bill, if a Senate bill, shall be the reading thereof when

first introduced; if a House bill, the reading thereof when submitted to the Senate. And all House bills, when received in the Senate, shall be read and referred to a committee. No action shall be taken upon a bill accepting, rejecting, or amending the same until it has been reported upon by a committee. And it shall be the duty of each committee of the Senate when there has been referred to it or is before it for consideration a Senate bill and a House bill containing the same subject to consider first and report upon the House bill. During the first 60 days of the session, a bill may be introduced by filing same with the Secretary of the Senate at any time whether the Senate is in session or not. A bill filed with the Secretary of the Senate shall be read on first reading at the appropriate point in the morning call during the next legislative day after said bill has been filed.

### Editorial Notes

*This rule clearly forbids tabling a bill that has not been reported from a committee. The practice of tabling a bill not properly before the Senate for consideration is not in accordance with good parliamentary practice, since the practice deprives the sponsors of a fair opportunity of protecting the life of the bill.*

*Lieutenant Governor Barry Miller declined to refer a bill that had been presented for introduction at a called session, holding that it was not covered by the call of the Governor (41 S.J. 5 C.S. 9, 14 (1930)). (See also Appendix under heading Jurisdiction — Special Sessions.)*

### Notes of Rulings

*The Senate may not grant by vote or by unanimous consent permission to a member to introduce a bill not within Governor's call (43 S.J. 1 C.S. 24 (1933)).*

*A point of order, made and sustained at a special session, that a bill (which has been read second time) is not within the Governor's call prevents any further consideration of it at that session (43 S.J. 2 C.S. 27 (1934)).*

*A motion to re-refer a bill is in order at any time there is not another question already before the Senate for immediate consideration (51 S.J. Reg. 755-756 (1949)).*

*A bill making an appropriation for the activation of an agency to distribute surplus commodities to state hospitals and special schools and for certain other related purposes is within the call of the Governor for a special session "to make and to finance such appropriations as the Legislature may deem necessary for State hospitals and special schools. . . ." (51 S.J. 1 C.S. 161 (1950)).*

## MOTION TO PASS BILL IS NOT NECESSARY

71. No motion shall be necessary to pass a bill to its second reading. The main question on the second reading of the bill shall be, if a Senate bill, "Shall this bill be engrossed and passed to a third reading?" and if it be a House bill, "Shall this bill pass to a third reading?"

RULE 72

*Note of Ruling*

*A motion to pass to third reading a bill not pending before the Senate is not in order (45 S.J. Reg. 1231 (1937)).*

## GERMANENESS

72.   No motion or proposition on a subject different from that under consideration shall be admitted under color of amendment or as a substitute for the motion or proposition under debate (Constitution, Article 3, Sections 30 and 35).

*Notes of Rulings*

*An amendment to a tax-raising measure, which amendment has for its purpose the reduction of appropriations already made is not germane (45 S.J. 2 C.S. 184-185 (1937)). (This ruling was sustained by the Senate by a vote of 15 to 14.)*

*An amendment to the rural aid bill that has for its purpose a change in a general law is not in order (46 S.J. Reg. 1633 (1939)).*

*An amendment relative to maximum gross weight of trucks is not germane to bill regulating private motor carriers (46 S.J. Reg. 1732 (1939)).*

*An amendment to general bill to exempt one senatorial district from its provisions is not germane (46 S.J. Reg. 2142-2143 (1939)).*

*Amendment allocating penalties and interest collected on delinquent taxes to special county fund not germane to bill remitting penalties and interest (47 S.J. Reg. 801 (1941)).*

*An amendment must be germane to that portion of bill proposed to be amended (47 S.J. Reg. 1062 (1941)).*

*Amendment to restrict site for building, etc., held germane to bill providing for new office building (47 S.J. Reg. 2282 (1941)).*

*Amendment to change general law not germane to bill primary purposes of which are to allocate and to appropriate certain revenues (48 S.J. Reg. 420 (1943)).*

*An amendment to place a tax on fuel used in aircraft is not in order to a Senate bill to exempt certain fuels from tax imposed by motor fuel tax law (49 S.J. Reg. 537 (1945)).*

*An amendment to increase franchise tax of any corporation availing itself of bill's provisions is germane to bill to increase rights and powers of certain corporations (49 S.J. Reg. 751 (1945)).*

*An amendment to require payment of all taxes due by automobile owner as prerequisite for obtaining license for car is not germane to bill to require only the payment of property taxes on car as prerequisite for license (49 S.J. Reg. 880 (1945)).*

*An amendment providing that a bill increasing district judges' salaries shall become effective only upon passage of another bill to redistrict the state into judicial districts is germane (50 S.J. Reg. 317 (1947)).*

*An amendment prescribing a penalty for effecting a sale of liability insurance by misrepresentation that the law requires such insurance of all automobile drivers is not germane to a bill relating to the financial responsibility of drivers (50 S.J. Reg. 976 (1947)).*

*An amendment (which is in effect a complete substitute bill) that provides a system of civil service regulations and also a system of retirement of state employees is germane to a bill providing only for a state employees retirement system (50 S.J. Reg. 1006 (1947)).*

*An amendment to exempt one county and one senatorial district from the provisions of a joint resolution, the original purpose of which is to increase the compensation of all members of the Legislature, is not germane (50 S.J. Reg. 1483 (1947)).*

*An amendment prescribing a minimum allocation to school districts from a certain fund is not germane to a bill the purpose of which is only to create the fund (51 S.J. Reg. 338 (1949)).*

*An amendment prescribing a penalty for practitioners of healing arts receiving rebates is germane to bill prescribing minimum basic qualifications of such practitioners (51 S.J. Reg. 729 (1949)).*

*The amendment of a general appropriation bill by inserting therein additional matter creating a new medical college or branch of The University of Texas is not permissible (51 S.J. Reg. 1126 (1949)). [Note.—Lieutenant Governor Shivers supplemented this ruling with the further statement that in his opinion it would be permissible to insert in a general appropriation bill a specific appropriation to be used by the University Board of Regents to establish another medical department or branch and to include with the appropriation so inserted detailed directions to the board for spending the appropriation for that purpose pursuant to the pre-existing law authorizing said board to "establish the departments of a first-class University."]*

*An amendment that seeks to transfer a state university from the board of regents, state senior colleges, that includes the university in the subject of the bill is germane to the bill that seeks to transfer another state university from the same board (61 S.J. Reg. 204 (1969)).*

*An amendment that seeks to amend a bill setting up a "Memorial for John F. Kennedy in Dallas" by changing the procedures for setting up the "Commission" and eliminates the appropriation of state funds therefor is germane to the subject of the bill (61 S.J. Reg. 520 (1969)).*

*An amendment that seeks to amend a bill setting up a "Memorial for John F. Kennedy in Dallas" by striking all below the enacting clause and setting up a "Commission to Memorialize all native and adopted Texans" is not germane to the caption (subject) of the bill (61 S.J. Reg. 521 (1969)).*

1-28-85 SR 8

**RULE 72**

*An amendment that seeks to amend a joint resolution "to repeal the requirement that voters register annually" which sets an effective date therefor is not a proper amendment to the resolution when an amendment has previously been adopted setting such date at the same stage of the resolution (61 S.J. Reg. 693 (1969)).*

*An amendment that seeks to set up procedures and funds in other geographical areas of the state for "The Texas Technical Institute" is not a proper amendment to a bill which changes the name of the James Connally Technical Institute of Texas A&M University to "The Texas Technical Institute" and sets specific locations therefor (61 S.J. Reg. 708 (1969)).*

*An amendment that seeks to change "the age of persons eligible to vote" is germane to the caption (subject) of a joint resolution that "repeals the requirement that voters register annually" and since no amendment has been offered at the same stage of the resolution, it is a proper amendment (61 S.J. Reg. 720 (1969)).*

*An amendment that seeks to amend a Section of the bill which has been amended to provide for the role and scope of the Texas State Technical Institute may not be amended again to provide other roles thereof at the same stage of the bill (61 S.J. Reg. 857 (1969)).*

*An amendment that seeks to add an appropriation for another school is not germane to the caption (subject) of a bill that "makes a supplemental appropriation to The Coordinating Board, Texas College and University System for contracts with Baylor University College of Medicine" (61 S.J. 2 C.S. 179 (1969)).*

*An amendment that seeks to include a corporate income tax is germane to the caption (subject) of a bill (omnibus tax bill) to provide taxation for the operation of state government (62 S.J. Reg. 861 (1971)).*

*An amendment that provides for additional schools other than those submitted by the Governor as an emergency matter is not germane to caption (subject) of bill (62 S.J. Reg. 357 (1971)).*

*An amendment that seeks to amend a section of the bill that has been previously amended at the same stage of the bill is not a proper amendment (62 S.J. Reg. 1168 (1971)).*

*An amendment that seeks to amend other sections of the Election Code is not germane to a bill to "enact temporary provisions relating to method of conducting and financing primary elections" (62 S.J. 1 C.S. 19 (1971)).*

## AMENDMENTS TO TAX BILLS

72.1.   No amendment shall be offered to any tax bill on second reading unless the subject matter it entails has been discussed at a Senate committee meeting at which the bill was heard.

## SEVENTY-TWO AND TWENTY-FOUR HOUR RULES

73. No bill shall be considered unless it has been referred to a committee and reported thereon, and no bill shall be passed which has not been presented and referred to and reported from a committee at least three days before the final adjournment of the Legislature (Constitution, Article 3, Section 37). And no vote shall be taken upon the passage of any bill within the last 24 hours of the session unless it be to correct an error therein.

### Notes of Rulings

*The 24-hour Senate rule forbidding vote on passage of a bill during the last 24 hours of a session may be suspended by a two-thirds vote of the Senate, and a joint rule containing the same provision may be suspended by a majority vote of each House by concurrent resolution (42 S.J. 2 C.S. 237 (1931)).*

*The 24-hour rule that prohibits a vote on a bill during the last 24 hours of a session of the Legislature makes further consideration and debate of the bill out of order when the 24th hour before final adjournment has arrived (44 S.J. Reg. 1819 (1935)).*

## PRINTING OF BILLS

74. Every general bill reported favorably shall be printed, unless the Senate, on the same day it is reported or on the next legislative day, shall order it not printed. Each local bill shall be printed, unless the committee reporting it recommends that it not be printed, in which case the committee's recommendations shall be effective as an order of the Senate that the bill be not printed. A list of all bills ordered not printed by the Senate or ordered not printed by committee recommendation shall be listed by number, author, and caption and distributed to each member at the close of each day's business. Copies of all bills printed shall be placed on the desks of Senators on the same day the printed copies are delivered by the printer. No bill except local bills and except general bills that have been ordered not printed by the Senate shall be considered by the Senate until a printed copy thereof has been on the desk of each Senator at least 24 hours. Motions that bills be not printed are privileged when there is no other matter pending before the Senate.

74a. When a Senate bill has been received from the House with amendments all House amendments must be printed and laid on each member's desk for 24 hours prior to a motion to concur.

### Editorial Note

*The rules governing the printing of bills also apply to the printing of concurrent and joint resolutions.*

### Notes of Rulings

*Multigraphed copies of a bill are equivalent to printed copies so far as*

*the 24-hour printing rule is concerned (42 S.J. Reg. 55 (1931)).*

*Setting a bill that has not been printed as a special order permits its consideration at the time for which it is set even though it has not been printed (43 S.J. 2 C.S. 96 (1934)).*

## ADOPTION OF AMENDMENT ON FINAL PASSAGE OF BILL

75. No amendment shall be adopted at the third reading of a bill without the consent of two-thirds of the members present.

## SIGNING OF BILLS AND RESOLUTIONS BY PRESIDING OFFICER

76. The presiding officer of each House shall, in the presence of the House over which he presides, sign all bills and joint resolutions passed by the Legislature, after their titles have been publicly read before signing, and the fact of signing shall be entered on the journals (Constitution, Article 3, Section 38).

## HOUSE AMENDMENTS TO SENATE BILLS

77. When the House of Representatives shall adopt and send to the Senate amendments to a Senate bill, the President may refer the bill and the amendments to the Senate committee that previously had reported on the bill. The committee shall promptly report and recommend whether the Senate should concur in any or all of the House amendments.

### Editorial Note

*The Editor has found no instance of a Senate bill being substituted in the House and then coming back to the Senate and taking the course in the Senate of a bill originating in the House.*

### Note of Ruling

*A point of order raised by Senator Caldwell against a report of conference committee on the ground that the House amendments to the bill (S.B. 147) constituted a complete substitute bill and should therefore take the course of a newly received House bill in the Senate was overruled (36 S.J. Reg. 1023 (1919)).*

## PETITIONS AND RESOLUTIONS

78. (a) Every resolution that requires the approval of the Governor shall be subject to the rules that govern the proceedings on bills.

(b) Petitions, concurrent and joint resolutions, and resolutions setting or defining legislative or state policy shall be referred to an appropriate standing committee when introduced and shall not be considered immediately unless the Senate so directs by a two-thirds vote of the members present. The motion to consider such petition or resolution immediately is not debatable.

### Editorial Notes

*Due to the special provision in the Constitution excepting resolutions relating to adjournment and to another special provision making it the*

*duty of each House to adopt its own rules of procedure, concurrent resolutions relating to adjournment, and probably those adopting or suspending joint rules or relating to legislative procedure do not require the approval of the Governor.*

*Joint resolutions proposing amendments to the State Constitution do not require the Governor's approval.*

*A Senate or a concurrent resolution providing for a rule suspension or the carrying out of a particular procedure authorized by the rules is usually regarded as privileged and is considered when introduced without a vote being taken to consider immediately. (See also note of ruling following Rule 23.)*

### Notes of Rulings

*Senate resolution that reflects on member of House may not be considered by Senate (35 S.J. 3 C.S. 1002 (1917)).*

*An appropriation cannot be made by resolution (45 S.J. Reg. 570 (1937)).*

*A resolution attempting to amend a general law is not in order (45 S.J. 1 C.S. 101 (1937)).*

*A Senate resolution which does not require the approval of both Houses may be adopted at a special session, although it relates to a subject not submitted by the Governor (41 S.J. 3 C.S. (1929)).*

*The only changes that can be made in a bill by resolution are corrections of typographical or clerical errors (43 S.J. Reg. 1946 (1933)). A House concurrent resolution which has been referred to a Senate standing committee during a called session, may, under a suspension of rules, be taken up and considered and adopted although no report on it has ever been submitted by the chairman of the committee to which it was referred. (See procedure had on H.C.R. 5, 51 S.J. 1 C.S. 114 (1950)).*

*A motion to suspend the regular order of business to consider a resolution immediately is not debatable (54 S.J. Reg. 1433 (1955)).*

*A motion to take up and consider a resolution is not debatable but a limited explanation of the resolution to which the motion applies is permissible (55 S.J. Reg. 1596 (1957)).*

*A corrective resolution that seeks to correct a wrong section reference in a bill does not change the language or meaning of the bill (61 S.J. Reg. 1873 (1969)).*

*A congratulatory resolution when offered is not debatable and therefore may be considered immediately or referred to a committee by the presiding officer of the Senate (61 S.J. 1 C.S. 124 (1969)).*

*A resolution on which Senate rules have been suspended for consideration thereof does not have to be referred to and considered by a committee (62 S.J. 3 C.S. 125 (1972)).*

RULE 79

## CONGRATULATORY, MEMORIAL, AND COURTESY RESOLUTIONS

79. Congratulatory and memorial petitions and resolutions, after a brief explanation by the author or sponsor, shall be considered immediately without debate unless otherwise ordered by a majority of the members present. Upon request by any member, the presiding officer shall, at an appropriate time during the proceedings, recognize guests of such member in the Senate Chamber or gallery. Any member may request and the Secretary of the Senate shall provide a maximum of five copies of a courtesy recognition certificate for each person or group so recognized by the presiding officer.

### Note of Ruling

*A congratulatory resolution when offered is not debatable and therefore may be considered immediately or referred to a committee by the presiding officer of the Senate (61 S.J. 1 C.S. 124 (1969)).*

## AMENDMENTS TO THE CONSTITUTION

80. Joint resolutions proposing amendments to the Constitution shall be subject to rules that govern the proceedings on bills. They shall, in all cases, be read on three several days, and amendments to the resolutions on third reading shall require an affirmative vote of two-thirds of the members present. Final passage shall require a vote of two-thirds of the members elected to the Senate.

### Editorial Note

*The opinion of Attorney General Cureton, dated May 17, 1913, relative to the validity of an appropriation section in a joint resolution and to the mode and manner of amending the Constitution, holds that Section 1 of Article 17 of the Constitution provides a complete formula for proposal of constitutional amendments and that any rule or resolution attempting to limit, add to, or modify that formula is null and void.*

### Note of Ruling

*A joint resolution that receives a vote of two-thirds of all the members of the Senate on being read second time is not finally passed by the Senate and must take the full course of a bill (44 S.J. Reg. 670 (1935)).*

## FAILURE OF JOINT RESOLUTION TO BE ADOPTED AFTER THIRD READING

81. When a joint resolution has failed of adoption on third reading, it shall not be again considered during that session.

## CALL FOR YEAS AND NAYS BY PRESIDING OFFICER

82. Upon the final passage of all amendments proposed to the Constitution, of all bills appropriating money or lands for any purpose, and of all questions requiring a vote of two-thirds of the members elected, the presiding officer shall call for the yeas and nays, and they shall be entered in

the journal. Upon all other questions requiring a vote of two-thirds of the members present, including a motion to suspend the rules, the presiding officer shall determine if there is objection and, if so, call for the yeas and nays, but they shall not be entered into the journal unless required under Rule 29. If no objection is made, the journal entry shall reflect a unanimous consent vote of the members present without necessity of a roll call of yeas and nays.

## DEFEATED BILL OR RESOLUTION

83. After a bill or resolution has been considered and defeated by either branch of the Legislature, no bill or resolution containing the same substance shall be passed into a law during the same session (Constitution, Article 3, Section 34).

### *Editorial Note*

*For an exhaustive ruling by Lieutenant Governor 'Stevenson on the effect on other bills on the same subject of the defeat of one bill on that subject. see 46 S.J. Reg. 666-671 (1939).*

### *Notes of Rulings*

*Defeat of an amendment containing same substance as a bill does not prevent consideration of the bill (35 S.J. Reg. 915 (1917)).*

*A joint resolution containing same substance as one that fails to pass in the House may be considered and passed by Senate (35 S.J. Reg. 1140-1148 (1917)).*

*Defeat of a House bill in the House does not necessarily make an amendment having the same effect as the bill out of order in the Senate (42 S.J. Reg. 1565 (1931)).*

*A bill substantially the same as one held unconstitutional by Supreme Court may not be considered in Senate (44 S.J. Reg. 953 (1935)).*

*Consideration of a bill to create a textbook committee is not in order after the House has defeated a bill containing same substance (48 S.J. Reg. 873 (1943)).*

## COURSE OF COMMITTEE SUBSTITUTE BILLS

84. A committee may adopt and report a complete germane committee substitute containing the caption, enacting clause, and text of a bill or resolution in lieu of the original, in which event the complete substitute bill or resolution shall be laid before the Senate and shall be the matter before the Senate for its consideration instead of the original. If the substitute is defeated at any legislative stage, the bill or resolution is considered not passed.

## CUSTODIAN OF BILLS AND RESOLUTIONS

85. The Calendar Clerk shall be the official custodian of the bills and resolutions pending in the Senate, and the same may not be withdrawn from the custody of such clerk without the consent of the Senate.

## PERIODS FOR INTRODUCTION AND CONSIDERATION
OF BILLS

86. During the first 60 calendar days of the session, it shall be in order to file with the Secretary of the Senate bills for introduction during that session. Such bills will be numbered upon receipt and will be introduced not later than the next legislative day; all House and Senate bills will be referred to a proper committee not later than the next legislative day after introduction; provided, however, that at any time during the session, resolutions, emergency appropriations, emergency matters specifically submitted by the Governor and special messages to the Legislature, and local bills (as defined in Rule 88) may be filed with the Secretary of the Senate, introduced and referred to the proper committee, and disposed of under the rules of the Senate.

## SUSPENSION OF TIME LIMIT RULE

87. Except as otherwise provided in Rule 86, no bills shall be introduced after the first 60 calendar days of the session; provided, however, this rule may be suspended by the affirmative vote of four-fifths of the members of the Senate.

### Note of Ruling

*Refusal of the Senate to suspend the foregoing rule to permit the introduction of a bill does not prevent its being offered again for introduction later (43 S.J. Reg. 1656 (1933)).*

## INTRODUCTION AND CONSIDERATION
OF LOCAL BILLS

88. The constitutional procedure with reference to the introduction, reference to a committee, and the consideration of bills set forth in Article 3, Section 5, of the Constitution, shall not apply to local bills hereinafter defined, and the same may be introduced, referred, reported, and acted upon at any time under the general rules and order of business of the Senate.

## MEANING OF TERM LOCAL BILLS AS
USED IN RULES 86 AND 88

A local bill is defined for the purposes of this rule as an Act the provisions of which relate to or affect directly a defined locality, district, or section of the state, and which do not include or require any appropriation out of state funds or which do not affect any state policies, and which do not affect directly the state at large, and the operation of which is confined solely to a particular locality, district, or section of the state.

## SUSPENSION OF RULE LIMITING
CONSIDERATION OF BILLS

89. Except as otherwise provided in Rule 86, bills shall not be taken up, considered, or acted upon by the Senate during the first 60 calendar days of the session, unless this rule be suspended by the affirmative vote of four-fifths of the members of the Senate.

*Note of Ruling*

*A motion to suspend Section 5 of Article III of the Constitution to consider a bill during the first 60 days of a Regular Session requires a vote of four-fifths of the members of the Senate (25) not four-fifths of the members present (59 S.J. Reg. 144 (1965)).*

## COMMITTEE
## REPORTS

90.   All committee reports shall be in writing.

### *Notes of Rulings*

*A committee report properly signed, submitted, and received is conclusive as to its contents (42 S.J. 1 C.S. 718 (1931)). (See also notes of rulings following Rule 108.)*

*A committee report can only be submitted during the morning call unless the member has the unanimous consent of the members of the Senate and he may not interrupt a member speaking for or against a bill or resolution for that purpose unless the member speaking yields the floor for that specific purpose (61 S.J. 1 C.S. 124 (1969)).*

## RECOMMENDATIONS OF COMMITTEES

91.   All reports of standing committees shall be advisory only, except that a recommendation in a report that a bill which is a local bill be not printed shall be effective as an order of the Senate that the bill be not printed. A recommendation in a report that a bill which is a general bill be not printed shall be advisory only, and the bill shall nevertheless be printed unless the Senate on the same day or the next legislative day orders the bill not printed, as provided in Rule 74. Bills and resolutions shall be considered on second reading and shall be listed on the daily calendars of bills and resolutions on the President's table for second reading in the order in which the committee reports on them are submitted to the Senate.

### *Editorial Notes*

*On the very important matter of the order of considering each of the several bills reported from committees, the rules of the Senate were silent until Senate Rule 56 (now Senate Rule 91) was amended on June 6, 1947, to provide that bills be placed on the calendars of Senate and House bills on the President's table in the order in which the committee reports on the bills are submitted by the respective chairmen from the floor. Bills are listed for consideration on third reading in the order in which they have been passed by the Senate to engrossment or to third reading.*

*The list of bills on the President's table, shown in the order in which they are to be considered, is mimeographed daily during a legislative session and is generally known and referred to as the daily calendar.*

*Notes of Rulings*

*A bill may not be considered by the Senate which has not been reported from a committee (44 S.J. Reg. 713 (1935)).*

*A report of a committee on a bill may be received only, and the question of its adoption is not voted on by the Senate (42 S.J. 1 C.S. 748 (1931)).*

*A motion to recommit a bill is a proper substitute motion for a motion to not print a bill (55 S.J. Reg. 1546 (1957)).*

## MOTIONS TO REFER OR COMMIT

92.  Any bill, petition, or resolution may be referred from one committee or subcommittee to another committee or subcommittee by a two-thirds vote of the members present and voting. Any bill, petition or resolution may be committed to any committee or subcommittee at any stage of the proceedings on such bill, petition or resolution by a majority vote of the elected members of the Senate. A bill or joint resolution committed to a committee or subcommittee while on third reading shall be considered as on its second reading if reported favorably back to the Senate.

When several motions shall be made for reference of a subject to a committee, they shall have preference in the following order:

First:  To a committee of the whole Senate

Second:  To a standing committee

Third:  To a standing subcommittee

Fourth:  To a select committee.

## COMMITTEES

93.  All committees shall be appointed by the President, unless otherwise directed by the Senate.

## LIST OF STANDING COMMITTEES

94.  (a)  At the beginning of each regular session, the President shall appoint the following special committees and standing committees with the number of members indicated:

### SPECIAL COMMITTEES

(1)  Committee on Administration (11 members)

(2)  Committee on Nominations (7 members)

### STANDING COMMITTEES

(1)  Committee on Economic Development (11 members)

(2)  Committee on Intergovernmental Relations (11 members)

(3)  Committee on Education (11 members)

(4)  Committee on Jurisprudence (7 members)

(5)   Committee on the Criminal Justice System (7 members)

(6)   Committee on Finance (13 members)

(7)   Committee on State Affairs (13 members)

(8)   Committee on Health and Human Resources (9 members)

(9)   Committee on Natural Resources (11 members)

(b)   The President may appoint additional special committees and may appoint subcommittees within standing committees with the consent of two-thirds of the members of the Senate.

(c)   The President shall designate the chair and vice-chair of each committee and subcommittee. For each standing committee with more than 10 members the President must appoint at least four Senators who served on the committee during the previous legislative session. A Senator may not serve on more than three standing committees and may chair only one committee. A Senator may serve on only one subcommittee within a standing committee.

## LIMITATION ON APPROPRIATIONS

94.1.   Unless within the authority of a resolution or resolutions adopted pursuant to Article VIII, Section 22(b), of the Constitution, it is not in order for the Senate to consider for final passage on third reading, on motion to concur in House amendments, or on motion to adopt a conference committee report, a bill appropriating funds from the State Treasury in an amount that, when added to amounts previously appropriated by bills finally passed by both Houses and sent to the comptroller or due to be sent to the comptroller, would exceed the limit on appropriations established under Article 5429c-4, Revised Civil Statutes of Texas, 1925.

## ACTUARIAL ANALYSES

94.2.   (a)   Except as otherwise provided by this section, a bill or joint resolution that proposes to change benefits or participation in benefits of a public retirement system or that otherwise would change the financial obligations of a public retirement system must have, in addition to any fiscal note required under Section 30 of this rule, an actuarial analysis prepared in compliance with this section, together with a statement prepared by the State Pension Review Board reviewing the actuarial analysis and commenting on the legislation attached to the bill or resolution before a committee hearing may be held on it and attached to the bill or resolution on first printing.

(b)   An actuarial analysis is not required for the general appropriations bill, a bill or resolution that would change the financial obligations of a retirement system only by modifying the compensation of members of the system or modifying the administrative duties of the system, or a bill or resolution that would change the financial obligations of a retirement system only by imposing an expense on the system in the same manner that the expense is imposed on other agencies or units of government.

RULE 94

(c) In this section, "public retirement system" means a continuing, organized program of service retirement, disability retirement, or death benefits for officers or employees of the state or a political subdivision, but does not include a program for which benefits are administered by a life insurance company, a program providing only workers' compensation benefits, or a program administered by the federal government.

(d) An actuarial analysis must show the economic effect of the proposed bill or resolution on the public retirement system, including a projection of the annual actuarial cost or liability imposed by the proposal on the affected system, the effect of the legislation on the amortization schedule for liabilities of the system assuming various levels of payroll increases, and the estimated dollar change in the unfunded liability of the system. If the bill or resolution applies to more than one public retirement system, the projections in the analysis may be limited to each affected statewide public retirement system and each affected system in a city having a population of 200,000 or more, according to the results of the 1970 federal census.

(e) An actuarial analysis must state the actuarial assumptions and methods of computation used in the analysis and, using an advanced funding actuarial cost method, must state whether or not the bill or resolution, if it becomes law, will make the affected public retirement system actuarially unsound or, in the case of a system already actuarially unsound, more unsound. The actuarial information in an actuarial analysis must be prepared by an actuary who has at least five years of experience working with one or more public retirement systems and who is a fellow of the Society of Actuaries, a member of the American Academy of Actuaries, or an enrolled actuary under the federal Employees Retirement Income Security Act of 1974. An actuarial analysis must contain a certification by the actuary that the contents of the analysis fulfill the requirements of this section. The actuary may include an explanation or description of the actuarial information contained in the analysis.

(f) As soon as practicable after a bill or joint resolution is referred to a standing committee, the committee chairman shall determine whether or not an actuarial analysis is required. If the chairman determines that an actuarial analysis is required, the chairman shall send a copy of the bill or resolution, with actuarial analysis attached, to the State Pension Review Board with a request that a review of the actuarial analysis and comment on the legislation be prepared and sent to the committee. The executive director of the State Pension Review Board shall return a copy of the actuarial analysis, together with the board's statement of review and comment, to the committee that requested it, to the author or sponsor of the affected bill or resolution, and to the Legislative Budget Board.

(g) Once a bill or resolution has been referred to the State Pension Review Board, a committee hearing on, or first printing of, the bill may proceed as long as any actuarial analysis, statement of review, or comment that is available to the committee at the time is attached.

(h) If a bill or resolution for which an actuarial analysis is required is amended by a committee in a way that alters its economic implications, the chairman of the committee shall request the State Pension Review Board to obtain an updated actuarial analysis. If timely received, an updated actuarial analysis and updated review and comment by the State Pension Review Board must be attached to the affected bill or resolution as a part of the committee report. All actuarial analyses must remain with the bill or resolution throughout the legislative process, including the process of submission to the Governor.

## FISCAL NOTES

94.3. (a) Any bill or joint resolution which authorizes or requires the expenditure or diversion of any state funds for any purpose, except the general appropriations bill, shall have a fiscal note signed by the director of the Legislative Budget Office attached to the bill or resolution on first printing, outlining the fiscal implications and probable cost of the measure each year for the first five years after its passage and a statement as to whether or not there will be a cost involved thereafter. The fiscal note shall include the number of additional employees considered in arriving at the probable cost.

(b) Any bill or joint resolution that has statewide impact on units of local government of the same type or class and that authorizes or requires, presently or in the future, the expenditure or diversion of local funds, or that proposes any new local tax, fee, license charge, or penalty or any increased or decreased local tax, fee, license charge, or penalty, shall have a fiscal note signed by the director of the Legislative Budget Office attached to the bill or resolution on first printing, outlining the fiscal implications and probable cost of the measure to the affected unit or units of local government each year for the first five years after its passage and a statement as to whether or not there will be a cost involved thereafter. This requirement shall not apply to any local or special bill affecting only one unit of government.

(c) In Subsection (b) of this subsection, "unit of local government" means county, city, town, school district, conservation district, hospital district, or any other political district.

(d) In preparing a fiscal note, the director of the Legislative Budget Office may utilize information or data supplied by any person, agency, organization, or governmental unit the director deems reliable, and if so, may state the source or sources of the information or data used and the extent to which the director relied on the information or data in preparing the fiscal note. If the director determines that the fiscal implications of the bill or resolution cannot be ascertained or that the bill or resolution authorizes an unlimited expenditure or diversion of funds for any period to which the fiscal note applies, he shall so state in the fiscal note, in which case the fiscal note shall be in full compliance with this rule.

(e) It shall be the duty of the chairman of each standing committee, immediately after the bill or resolution has been referred to the standing

RULE 94

committee, to determine whether or not a fiscal note is required, and if so, to send a copy of the bill or resolution to the Legislative Budget Office for the preparation of the fiscal note. The chairman shall advise the Legislative Budget Office of the standing committee to which the bill or resolution has been referred and will request that the fiscal note be returned to the committee. The fiscal note shall be attached to the affected bill or resolution before a committee hearing can be conducted.

(f)   In the event a bill or resolution is amended by the committee so as to alter its fiscal implications, either an updated fiscal note or statement prepared by the author, whichever is applicable, shall be obtained by the chairman and attached to the bill or resolution as a part of the committee report. All fiscal notes or author's statements, original and updated, shall remain with the bill or resolution throughout the entire legislative process, including submission to the Governor.

### FORMAT OF BILLS AND RESOLUTIONS REPORTED BY COMMITTEES

94.4.   (a)   A committee may not report a bill or resolution to the Senate unless the bill or resolution complies with Subsection (b) of this section.

(b)   In any section of a bill or joint resolution that proposes to amend an existing statute or constitutional provision, language sought to be deleted must be bracketed and stricken through, and language sought to be added must be underlined. This requirement does not apply to:

(1)   an appropriation bill;

(2)   a local bill;

(3)   a recodification bill;

(4)   a redistricting bill;

(5)   a section of a bill or joint resolution not purporting to amend an existing statute or constitutional provision;

(6)   a section of a bill or joint resolution that revises the entire text of an existing statute or constitutional provision, to the extent that it would confuse rather than clarify to show deletions and additions; and

(7)   a section of a bill or joint resolution providing for severability, nonseverability, emergency, or repeal of an existing statute or constitutional provision.

(c)   The President may overrule a point of order raised as to a violation of Subsection (b) of this section if the violation is typographical or minor and does not tend to deceive or mislead.

### CONFERENCE COMMITTEES

95.   All conference committees of the Senate shall be selected and appointed by the President or the President Pro Tempore when the latter shall be presiding. The member authoring or sponsoring the bill for which

the conference committee is selected shall be appointed chairman of the Senate conferees. The majority of the Senate conferees must be from a standing committee which heard the bill.

## INSTRUCTIONS TO CONFERENCE COMMITTEES

96. Immediately after the Senate decides that any matter shall be submitted to a conference committee, the presiding officer shall state "Are there any motions to instruct the conference committee before appointment?" and the presiding officer shall thereupon recognize members to make such motions to instruct and the Senate shall proceed to consider all such motions until disposed of or limited under the provisions of Rule 51.

(a) Conference committees shall limit their discussions and their actions solely to the matters in disagreement between the two Houses. A conference committee shall have no authority with respect to any bill or resolution:

(1) to change, alter, or amend text which is not in disagreement;

(2) to omit text which is not in disagreement;

(3) to add text on any matter which is not in disagreement;

(4) to add text on any matter which is not included in either the House or Senate version of the bill or resolution.

This rule shall be strictly construed by the presiding officer in each House to achieve the purposes hereof.

(b) Conference committees on appropriation bills, like other conference committees, shall limit their discussions and their actions solely to the matters in disagreement between the two Houses. In addition to the limitations contained elsewhere in these rules, a conference committee on appropriation bills shall be strictly limited in its authority as follows:

(1) If an item of appropriation appears in both House and Senate versions of the bill, such items must be included in the Conference Report.

(2) If an item of appropriation appears in both House and Senate versions of the bill, and in identical amounts, no change can be made in such item or the amount thereof.

(3) If an item of appropriation appears in both House and Senate versions of the bill but in different amounts, no change can be made in the item, but the amount thereof shall be at the discretion of the conference committee, provided that such amount shall not exceed the larger version and shall not be less than the smaller version.

(4) If an item of appropriation appears in one version of the bill and not in the other, such item can be included or omitted at the discretion of the conference committee. If the item is included, the amount thereof shall not exceed the sum specified in the version containing such item.

1-28-85 SR 8

**RULE 96**

(5) If an item of appropriation appears in neither the House nor the Senate version of the bill, such item must not be included in the Conference Report.

This rule shall be strictly construed by the presiding officer in each House to achieve the purposes hereof.

(c) Conference committees on tax bills, like other conference committees, shall limit their discussions and their actions solely to the matters in disagreement between the two Houses. In addition to the limitations contained elsewhere in these rules, a conference committee on a tax bill shall be strictly limited in its authority as follows:

(1) If a tax item appears in both House and Senate versions of the bill such item must be included in the Conference Report.

(2) If a tax item appears in both House and Senate versions of the bill and in identical form and with identical rates, no change can be made in such item or the rate therein provided.

(3) If a tax item appears in both House and Senate versions of the bill but at differing rates, no change can be made in the item, but the rate thereof shall be determined at the discretion of the conference committee, provided that such rate shall not exceed the higher version and shall be not less than the lower version.

(4) If a tax item appears in one version of the bill and not in the other, such item can be included or omitted at the discretion of the conference committee. If the item is included, the rate thereof shall not exceed the rate specified in the version containing such item.

(5) If a tax item appears in neither the House nor the Senate version of the bill, such item must not be included in the Conference Report.

This rule shall be strictly construed by the presiding officer in each House to achieve the purposes hereof.

(d) Conference committees on reapportionment bills, to the extent possible, shall limit their discussions and their actions to the matters in disagreement between the two Houses. Since the adjustment of one district in a reapportionment bill will inevitably affect other districts therein, the strict rule of construction imposed on other conference committees must be relaxed somewhat when reapportionment bills are involved. Accordingly, the following authority and limitations shall apply only to conference committees on reapportionment bills:

(1) If the matters in disagreement affect only certain districts, and other districts are identical in both House and Senate versions of the bill, the conference committee shall make adjustments only in those districts whose rearrangement is essential to the effective resolving of the matters in disagreement. All other districts shall remain unchanged.

(2) If the matters in disagreement permeate the entire bill and affect most, if not all, of the districts therein, the conference committee shall have

wide discretion in rearranging the districts to the extent necessary to resolve all differences between the two Houses.

(3) Insofar as the actual structure of the districts is concerned and only to that extent, the provisions of Senate Rule 96(a) shall not apply to conference committees on reapportionment bills.

(e) Conference committees on recodification bills, like other conference committees, shall limit their discussions and their actions solely to the matters in disagreement between the two Houses. The comprehensive and complicated nature of recodification bills makes necessary the relaxing of the strict rule of construction imposed on other conference committees only to the following extent:

(1) If it develops in conference committee that material has been inadvertently included in both House and Senate versions which properly has no place in such recodification, such material may be omitted from the Conference Report, if by such omission the existing statute thereon is not repealed, altered, or amended.

(2) If it develops in conference committee that material has been inadvertently omitted from both the House and Senate versions which properly should be included if such recodification is to achieve its purposes of being all-inclusive of the statutes being recodified, such material may be added to the Conference Report, if by such addition the existing statute is merely restated without substantive change in existing law.

(f) Limitations imposed on certain conference committees by the provisions of Senate Rule 96(b), (c), (d), and (e) may be suspended in part, by permission of both Houses, to enable consideration of and action on a specific matter or matters which otherwise would be in violation thereof. Such permission shall be granted only by concurrent resolutions passed by majority vote in each House, with yeas and nays thereon to be recorded in the journals of the respective Houses. Such concurrent resolution shall specify in detail: (1) the exact nature of the matter or matters proposed to be considered; (2) the specific limitation or limitations to be suspended thereby; (3) the specific action contemplated by the conference committee thereon; and (4) the reasons why suspension of such limitations is being requested. Permission thus granted shall suspend such limitations only for the matter or matters clearly specified in the resolution, and action of the conference committee shall be in conformity therewith.

(g) All conference committee reports on the General Appropriations Bill, tax bills, reapportionment bills, and recodification bills must be reproduced and a copy thereof furnished to each member at least 48 hours before any action thereon can be taken by either House, if convened in Regular Session, and 24 hours, if convened in Called Session.

(h) All conference committee reports on bills other than the General Appropriations Bill, and tax, reapportionment and recodification bills must be reproduced and a copy thereof furnished to each member at least 24 hours before any action thereon can be taken by either House; provided,

**RULE 97**

however, that the 24-hour delay on action by either House, as herein provided, shall not apply during the last 48 hours of any session.

(i) Each conference committee report, regardless of its subject matter, must have attached thereto a section by section analysis showing the disagreements which have been resolved by the conference committee. This analysis must show, for each and every disagreement, in parallel columns: (1) the substance of the House version; (2) the substance of the Senate version; and (3) the substance of the recommendation thereon by the conference committee. No action shall be taken by either House on any conference committee report in the absence of such analysis except by an affirmative vote of two-thirds of the members present, with the yeas and nays thereon to be recorded in the journal of such House.

(j) The President of the Senate shall rule out of order any conference committee report which is in violation of any of the provisions and limitations contained in these rules.

### Notes of Rulings

*The Senate conferees may be instructed immediately after their appointment and before the House had been notified of the appointment of conferees without instructions (43 S.J. Reg. (1933)).*

*See also annotations relating to Conference Reports in Appendix.*

### COMMITTEE OF THE WHOLE

97. It shall be in order for the Senate at any time after bills and resolutions have been called to resolve itself into a Committee of the Whole.

### Editorial Note

*A motion to resolve the Senate into a Committee of the Whole immediately requires only a majority vote, inasmuch as it is equivalent to a motion to recess (43 S.J. Reg. 1559 (1933)).*

### CHAIRMAN OF COMMITTEE OF THE WHOLE

98. In forming a Committee of the Whole Senate, the President shall leave the chair, and shall appoint a chairman to preside in committee.

### RIGHT OF LIEUTENANT GOVERNOR TO SPEAK AND VOTE IN COMMITTEE OF THE WHOLE

99. When in Committee of the Whole, the President shall have the right to debate and vote on all questions (Constitution, Article 4, Section 16).

### PROCEDURE IN COMMITTEE OF THE WHOLE

100. The Rules of the Senate, as far as applicable, shall be observed in Committee of the Whole.

101. Upon a bill being committed to a Committee of the Whole Senate, the bill shall be read and debated by clauses, leaving the preamble to be last considered; the body of the bill shall not be defaced or interlined; but

all amendments, noting the page or line, shall be duly entered by the Secretary, on a separate sheet of paper, as the same shall be agreed to by the committee, and so reported to the Senate; after the report the bill shall again be subject to be debated and amended, or committed, before a question to engross it be taken.

### Editorial Note

*No journal is kept by the Journal Clerk of the proceedings of the Senate when in Committee of the Whole.*

### RULES GOVERNING COMMITTEE PROCEDURES

101.1. (a) At its initial meeting each committee and subcommittee shall adopt permanent rules governing its procedures.

(b) Where applicable the rules of the Senate apply to committee proceedings, and a Senate rule prevails over a conflicting committee rule.

(c) Committee rules must include, but are not limited to, provisions governing written records of attendance, lack of a quorum, records of meetings, bill referral, bill setting, order of hearing bills, public hearings, subcommittee reports, minority reports, time limits on debate, and provisions for news coverage.

### RECORD OF COMMITTEE ATTENDANCE

102. At all meetings of the Senate committees, the chairman shall call the roll of the members and cause to be made a record of those present and the absentees, together with the excuses, if any, of such absentees.

### PUBLIC NOTICE OF COMMITTEE MEETINGS

103. (a) No committee or subcommittee shall meet without at least 24 hours public notice.

(b) Each committee and subcommittee shall meet regularly at an established time and place and shall give public notice at least 24 hours in advance for special meetings.

(c) The chair of each committee and subcommittee shall notify the Secretary of the Senate immediately after the time and place for a committee meeting has been fixed or a meeting has been cancelled. The Secretary shall post notice of the time and place of the meeting on a bulletin board located outside the Secretary of the Senate's office.

### MINUTES OF COMMITTEE MEETINGS

104. (a) The chairman of each committee and subcommittee shall keep, or cause to be kept under his direction, an accurate record of the proceedings of his committee, and the same shall be open for inspection to any member of the Legislature and to the public. Each committee meeting shall be recorded on magnetic tape.

(b) Each standing committee and subcommittee shall employ a committee clerk, and as determined by the Administration Committee,

other staff necessary to coordinate and record the activities of the committee. Such committee clerks, staff, or any employee shall in no way be related to any member of the current Texas Legislature or be related to the person with the power of appointment for that position.

(c)  It shall be the duty of the committee clerk, with the assistance of other committee staff members, to keep a permanent, accurate written record of committee proceedings and to transcribe the magnetic tape recordings of committee hearings as ordered by the committee or subcommittee. It shall be the responsibility of the committee clerk to see that one copy of the transcript of proceedings and one copy of the permanent record be kept in the committee files, one copy of each be given to the Secretary of the Senate, and three copies of each be placed in the Legislative Reference Library. Such records shall be a matter of public record.

### Note of Ruling

*A report on a bill that was considered at a committee meeting at which a quorum of the committee was not present (as shown by the minutes of the committee) may not be received by the Senate (46 S.J. Reg. 1548 (1939)).*

*(See also note of ruling following Rule 90.)*

### PUBLIC HEARINGS

105.  (a)  No bill may be reported to the Senate before it has been the subject of an open public hearing before a committee or subcommittee. Notice of the hearing on the bill must be posted in a public place at least 24 hours before the hearing is to begin. The chair shall afford reasonable opportunity to interested parties to appear and testify at the hearing.

(b)  The chair shall require all parties appearing at the hearing to swear or affirm that the testimony they give to the committee or subcommittee is true and correct.

(c)  Any Senator, including one who is not a member of the committee, may question a witness at a hearing. This right shall not be construed to abridge the chair's right to provide others an opportunity to be heard or to entitle any Senator more rights than those afforded a member of the committee.

(d)  When possible a person registered as a lobbyist and representing a client's interest at a public hearing shall submit a written statement of his or her presentation to the committee clerk for inclusion in the permanent record of the meeting.

(e)  By majority vote a committee may fix the order of appearance and time allotted for each witness at a public hearing.

## PRIVILEGED NOTICE OF HEARING ON SPECIFIC BILLS
## (TAG RULE)

105.1. (a) Except as otherwise provided in this section, a Senator is entitled to receive written notice of the time and place fixed for a public hearing on a specific bill at least 48 hours before the hearing is scheduled to commence if:

(1) the Senator has presented a written request for the advance notice to the Secretary of the Senate on a form prescribed by the Secretary; and

(2) no other Senator has previously presented a similar request to the Secretary.

(b) A Senator is not entitled to such advance notice if:

(1) the time and place for a hearing on the bill has been publicly posted for a period of 72 hours and the Senate has been in session at any time during the first 24 hours of the 72-hour period; or

(2) at the request of the chair of the committee to which the bill is referred, the Secretary of the Senate notifies each Senator in writing of the time and place for the hearing on the bill at least 48 hours before the hearing begins; or

(3) the bill has been laid before the committee for consideration.

(c) Upon receipt of a written request for advance notice of a hearing, the Secretary shall note the time and date of receipt on the request and file a copy of the request for public inspection. The Secretary shall attach a copy of the request to the bill for which the advance notice is requested. The Secretary shall not accept a request for advance notice of a hearing on a bill unless the bill is in the possession of the Senate and has been referred to a committee. The Secretary shall immediately inform the chair, or the vice-chair in the chair's absence, of the request for advance notice.

(d) If a bill is included on the agenda of a committee meeting and the meeting has commenced, a request for advance notice must be presented to the chair of the committee rather than the Secretary of the Senate. The chair shall note the time the request was received and shall immediately notify the Secretary.

(e) If requests for advance notice of a hearing on a bill are presented to the Secretary simultaneously by two or more Senators, each Senator is entitled to notice.

(f) The chair of the committee to which a bill subject to advance notice is referred shall notify in writing the Secretary and the Senator requesting notice of the time and place fixed for the hearing on the bill. Notice delivered to the office of the Senator requesting 48 hours advance notice shall constitute official notice to that Senator except that notice shall be delivered between the hours of 8:00 a.m. and 5:00 p.m. during days in which the Senate is convened. Delivery of the notice to the Senator's office shall be acknowledged in writing by the Senator or by a member of his or her staff at the time of delivery as to date and hour.

**RULE 106**

(g) If a Senator withdraws his or her request for advance notice of a hearing on a bill, a subsequently filed request by another Senator is valid unless a hearing on the bill has already been posted in response to the first request.

(h) A committee may not hear or take any other action on a bill subject to advance notice until the notice has been duly given.

(i) The President of the Senate ascertains the facts concerning the giving of a notice of a committee hearing on a bill, and his ruling as to the sufficiency of the notice based on the facts as ascertained by him is the final determination of that point when no appeal from the ruling is made.

(j) If the provisions for requesting 48 hours advance notice before hearing of a Senate bill have been properly fulfilled and a House bill containing the same subject is before the committee, the House bill is considered to require the same 48 hours notice before hearing.

(k) The provisions of this rule apply to resolutions in the same manner that they apply to bills.

*Notes of Rulings*

*A motion to suspend Senate Rule 106 (now Rule 105.1) for the purpose of permitting a hearing on a bill without giving a 48-hour notice to a member who has requested it is not debatable (46 S.J. Reg. 1509 (1939)).*

*The committee's action on a bill at a meeting held without proper 48-hour notice to member who has properly requested it is in violation of Senate Rule 106 (now Rule 105.1) [and void]. (Ruling sustained by vote of 13 to 12.) (49 S.J. Reg. 347, 358-359 (1945)).*

*Re-reference of bill from one committee to another does not vitiate a written request of a member to the chairman of the first committee for a public hearing on the bill and a 48-hour notice of the hearing, and the request goes with the bill to the chairman of the committee to which the bill is re-referred and is binding on him. (Ruling sustained by vote of 13 to 12.) (49 S.J. Reg. 347, 358-359 (1945)).*

## QUORUM OF COMMITTEE

106. A majority of any committee shall constitute a quorum, and no action shall be taken upon any bill in the absence of a quorum. At any stated meeting of the committee, if a roll call discloses lack of a quorum, the members present may order the names of the unexcused absentees turned over to the Sergeant-at-Arms of the Senate whose duty it shall be to secure promptly the attendance of such absent members. The Sergeant-at-Arms shall have the same authority conferred upon him under the rules of the Senate as when the Senate is operating under a call.

## COMMITTEE REPORTS

107. (a) The chair of a committee shall sign and file with the Secretary of the Senate a written report showing the committee's final action

on bills and resolutions considered by the committee. In the chair's absence the vice-chair shall sign and file the report.

(b)   The report must be filed within three calendar days after the final action is taken, Sundays and days the Senate is not in session excluded. If the report is not filed within the three-day limit, three members of the committee who were present when the final action was taken may file the report without the signature of the chair or vice-chair.

(c)   A bill or resolution may not be reported favorably unless it has received the affirmative vote of a majority of the members of the committee, except as provided in Rule 109.

(d)   When a motion to report a bill or resolution unfavorably receives the affirmative vote of a majority of the members of the committee, the bill or resolution is dead.

### Notes of Rulings

*The chair may not go behind a committee report to ascertain if proceedings in the committee were regular (42 S.J. Reg. 1564, 1693 (1931)).*

*(See also note of ruling following Rule 90.)*

*Point of order as to validity of committee's action on bill may be made when bill is not before Senate for immediate consideration (49 S.J. Reg. 347 (1945)).*

## CONSIDERATION OF BILLS IN COMMITTEES

108.   It shall be in order for committees to consider bills and resolutions at any time during the session, make reports thereon, and file the same with the Senate.

No bill or resolution shall be reported favorably unless it has received the affirmative vote of a majority of the membership of the committee to which it was referred, except as provided in Rule 109.

### Note of Ruling

*In absence of a Senate rule or resolution suspending it, the suspension of Section 5 of Article 3 relating to consideration of bills in committee requires separate vote for each bill (42 S.J. Reg. 167 (1931)).*

## MINORITY REPORTS

109.   (a)   If a motion to report a bill or resolution favorably or unfavorably fails to receive an affirmative vote of a majority of the members of a committee, a favorable minority report may be made. The minority report must be signed by three members of the committee, if the committee is composed of less than 11 members, or four members if the committee has 11 or more members. The members signing the report must have been present and voted for the motion to report favorably or against the motion to report unfavorably.

**RULE 110**

(b)  The minority report must be filed with the Secretary of the Senate within two calendar days after the vote was taken, Sundays and days the Senate is not in session excluded.

(c)  The sponsor of a bill or resolution for which a minority report is filed, or a member signing the minority report, must move to have the bill or resolution placed on the calendar within 10 calendar days after the date on which the committee's vote was taken. An affirmative vote of two-thirds of the members present is required for the motion to carry. The motion is privileged. If the motion fails or is not made within the time allowed, the bill or resolution is dead and may not be considered again during the session.

*Note of Ruling*

*Bills reported adversely but with a favorable minority report are not to be printed except on an order of the Senate (38 S.J. Reg. 646 (1923)).*

## REFERRAL OF AGENCY RULES

110.  The President shall refer to the appropriate standing committee each proposed agency rule on which notice is filed by an agency as required by the Administrative Procedure and Texas Register Act, and the committee, on a vote of a majority of its members, may transmit to the agency a statement supporting or opposing adoption of the proposed rule.

## RULES OF THE SENATE—APPENDIX

### SENATE PRECEDENTS RELATING TO CONFERENCES

It is immaterial whether a committee to adjust differences be termed a conference committee or a free conference committee, there being no substantial difference between the two (34 S.J. 3 C.S. 670 (1915)).

A motion having been made to adopt a Conference Report, a motion to reject the report is not in order (42 S.J. 3 C.S. 163 (1932)).

A conference committee may not be instructed after it has commenced its deliberations (43 S.J. Reg. 684 (1933)); (44 S.J. 3 C.S. 250-252 (1936)).

No points of order may be raised against a conference committee report (43 S.J. Reg. 1892 (1933)).

A motion to adopt a conference committee report on a joint resolution is in order at any time and without a reconsideration of the vote by which it has once been lost (44 S.J. Reg. 1812 (1935)).

A motion to discharge a conference committee and request a new conference committee is in order before the original conference committee has submitted its report (45 S.J. 1 C.S. 44 (1937)).

Even after a Conference Report has been adopted and the bill as recommended in the report has been enrolled, signed and presented to the Governor, the vote by which report was adopted may be reconsidered, the report rejected, and the differences between the two Houses referred to a new conference committee for adjustment (46 S.J. Reg. 1437 (1939)).

A concurrent resolution to correct a House bill that has been passed by the Senate is in order and requires only a majority vote for adoption (46 S.J. Reg. 1891 (1939)).

Adoption of resolution to recede from Senate amendments to House bill after request made by House for conference committee and request granted but Senate conferees not appointed properly effects an adjustment of differences between two Houses (47 S.J. Reg. 1291 (1941)).

After a bill reaches a stage when the adjustment of the differences between the two Houses on the bill is all that remains to effect its final enactment, either or both Houses may take any action, separately or jointly, which will adjust those differences (47 S.J. Reg. 1291 (1941)).

A Conference Report may contain any matter germane to original bill if entire text of bill as passed in the two Houses are different (47 S.J. Reg. 2493 (1941)).

## PROCEDURE AND PRACTICE IN CONGRESS RELATIVE TO ADJUSTING DIFFERENCES BETWEEN HOUSES

### Steps Preliminary to Conference

The Senate cannot act until in possession of the papers (5, 6322, 6518-6522), and when transmitting papers should ask for or agree to conference (5, 6273).

The papers consist of the original engrossed copy of the bill attested by the Clerk of the House or the Secretary of the Senate, the engrossed amendments, and later the Conference Report signed by the managers.

The managers on the part of the House asking the conference bring the papers to the conference room. At the close of an effective conference the papers change hands, and the managers on the part of the House agreeing to the conference receive them and take them to their House, which first receives and considers the Conference Report (5, 6254; 8, 3330).

The motion to not concur yields precedence to the motion to concur (8, 3779).

The stage of disagreement between the two Houses is reached when one informs the other of disagreement (4, 3475; 6, 756, 757). A bill with amendments of the other House is privileged after the stage of disagreement has been reached (4, 3149, 3150; 6, 756; 8, 3185, 3194).

The stage of disagreement having been reached, that motion which tends most quickly to bring the Houses into agreement is preferential, and so a motion to adopt a Conference Report takes precedence over a motion to recommit it (8, 3204).

A majority of the managers of a conference should represent the attitude of the majority of the House on the disagreement in issue, and on exceptional occasions the Speaker has passed over the ranking member of the committee in the appointment of conferees in order to conform to this practice (8, 3223).

Resignations of conferees are properly addressed to the President, but are acted on by the Senate, and, being accepted, the President appoints successors and directs the Secretary to notify the House (5, 6373-6376; 8, 3224, 3227).

The motion to instruct conferees is not in order after the conferees have been appointed (5, 6379-6382; 8, 3233, 3240, 3256).

The motion to instruct conferees is divisible if it contains more than one substantive proposition (74-2-7945, 7951).

Motions to instruct conferees may not include directions which would be inadmissible if offered as motions during its consideration (8, 3235); may not require conferees to report back amendments outside the subjects in disagreement between the two Houses (8, 3243, 3244).

1-28-85 SR 8                    - 64 -

## Conference Reports

When conference results in disagreement, conferees reporting disagreement are thereby discharged (Cannon's Procedure, 4th Ed., 124).

Supplemental reports or minority views may not be filed in connection with Conference Reports (8, 3302).

Conference Reports may not be considered when original bill and accompanying papers are not before the House (8, 3301).

When a Conference Report is called up only three courses are open: (a) agree, (b) disagree, or (c) recommit (5, 6546).

Conference Reports may not be—

> Tabled (5, 6538-6544).
>
> Referred to committee (5, 6558).
>
> Amended (5, 6534, 6535), except by concurrent resolution (5, 6536, 6537; 8, 3306-3308).
>
> Recommitted, if House has already agreed (5, 6545-6553, 6609).

When called up for consideration the motion to agree is regarded as pending, and the motion to disagree is not admitted (2, 1473; 5, 6517; 8, 3300).

A Conference Report must be acted on as a whole and agreed to or disagreed to in entirety (5, 6472-6480; 8, 3304, 3305).

If either House disagrees to Conference Report the bill returns to position before conference was asked (5, 6526), and amendments in disagreement come up for consideration as originally (2, 1473; 5, 6525).

Clerical errors in Conference Reports agreed to by the House are corrected by proper enrollment of the bill (Cannon's Procedure, 4th Ed., 127).

The Speaker may rule out a Conference Report if it is shown that the conferees have exceeded their authority (Sec. 547; 5, 6409, 6410, 6414-6416; 8, 3256, 3264). The Senate amendments are then before the House de novo, and motions to send to conference are again in order (Cannon's Procedure, 4th Ed., 129).

A Conference Report may be recommitted to the committee of conference if the House has not, by acting on the report, discharged its managers (Sec. 550; 5, 6545-6553, 6609; 8, 3310).

## PRECEDENTS ON CONSTITUTIONAL QUESTIONS

Lieutenant Governor T. W. Davidson refused to rule on the constitutionality of an amendment and stated that he would not rule on constitutionality of any amendment unless the particular part of the

Constitution alleged to be violated had been carried forward in the rules of the Senate (38 S.J. Reg. 702 (1923)).

### Qualifications of Member

A person holding the office of district attorney may become candidate for Senator at a special election; and if elected, the Senate is judge of whether he is barred from serving as Senator by Section 19 of Article 3 of Constitution (44 S.J. 1 C.S. 103 (1935)).

### Amending Statutes

The Legislature, in an appropriation bill, may prescribe the qualifications of an officer or employee, for whose salary an appropriation is made (45 S.J. Reg. 1189 (1937)).

A general law may not be amended by an appropriation bill (44 S.J. 3 C.S. 50 (1936)).

A section of a general statute cannot be amended except by a general bill that re-enacts at length and as amended the section amended (44 S.J. 3 C.S. 50 (1936)).

### Donations by State

A bill granting and donating ad valorem taxes to the counties of the state for a period of five years for the purpose of constructing improvements to prevent soil erosion and for flood control, highway construction, etc., does not violate Section 51 of Article 3, which provides that the Legislature shall have no power to make a grant of public moneys to any municipal or other corporation (45 S.J. Reg. 933 (1937)).

An amendment to permit a loan by the state in violation of Constitution is not in order (49 S.J. Reg. 613 (1945)).

An amendment making an appropriation for the conversion and enlargement of properties donated to the state by the Southwestern Medical Foundation into a College of Medicine of The University of Texas is not in violation of Section 6 of Article 16 of the Constitution prohibiting appropriations for private or individual purposes (51 S.J. Reg. 1127 (1949)).

### Amendment by Reference

The mere inclusion or exclusion of a designated thing, individual, or class from the purview of a prior enactment does not constitute an "amendment by reference" within prohibition of Constitution. (Vernon's Ann. St. Const. Art. 3, Sec. 36; S.W. Gas & Elec. Co. vs. State, 190 SW 2d, 132.)

### Exclusive Powers of House or Senate

"The specific grant of a power to each House is an express denial of it to the courts or to precedent or subsequent Legislatures."

"There are certain matters which each House determines for itself and in respect to which its decisions are conclusive"; for example, passing on the

qualification of members, the adoption of rules of procedure, the confirmation of appointments by the Senate, impeachment by House, trial of impeachment by Senate (35 S.J. 3 C.S. 48-49 (1917)).

## Taxation

A bill to amend an article of the Revised Civil Statutes relative to tax on menageries, etc., held not a bill to raise revenue (36 S.J. Reg. 512 (1919)).

A Senate resolution that "the Senate go on record as favoring a tax of one dollar on each pint of whiskey" is not in order because it "commits the Senate on a measure that should originate in the House" (40 S.J. 2 C.S. (1927)).

For ruling of the Attorney General relative to the adding by the Senate of a license tax to a bill providing for a gasoline tax, see (41 S.J. 1 C.S. 65-67 (1929)).

The Senate may amend a revenue bill from the House by adding a new field of taxation and so may place a tax on the sale of cigarettes by amending a bill imposing a privilege tax on persons producing natural gas; and a tax on cement may be added to a bill levying tax on peddlers (42 S.J. Reg. 893, 1622 (1931)).

A measure which merely relates to revenue and is not a "revenue-raising measure" may originate in the Senate (45 S.J. Reg. 249 (1937)).

A Senate bill amending a revenue-raising law is a revenue-raising measure itself and cannot originate in the Senate (42 S.J. 1 C.S. 696 (1931)).

An amendment, the adoption of which will make of a Senate bill a revenue-raising measure, is not in order (45 S.J. Reg. 249 (1937)).

### Jurisdiction—Special Sessions

A bill relating to a subject not within the Governor's call for a special session, upon being submitted for introduction, is out of order, and the chair may refuse to refer it to a committee (41 S.J. 5 C.S. 9, 14 (1930)).

A bill amending a law relating to a subject not within the Governor's call may not be introduced at a called session (44 S.J. 1 C.S. 63 (1935)).

A point of order as to the Senate's jurisdiction may be raised at any time, and a point of order against consideration of a bill at a Called Session on the ground that it relates to a subject not submitted for consideration at that session or a point of order that the bill is a revenue-raising measure that cannot originate in the Senate, if upheld, prevents consideration by the Senate of any such bill (44 S.J. 2 C.S. 24 (1935)).

A bill to prohibit betting on races by pari-mutuel method and by other methods as well is within call of Governor for a special session "to outlaw and prohibit the so-called pari-mutuel betting or gaming on horse races at race tracks" (45 S.J. 1 C.S. 19-20 (1937)).

In case the chair holds a bill may not be introduced at a Called Session because it relates to a subject not submitted by the Governor and an appeal

**RULE 110**

is taken from the ruling and the chair is not sustained, the bill may be introduced and considered by the Senate at that session (45 S.J. 2 C.S. 60 (1937)).

A bill revising appropriations already made comes within the Governor's call of a special session to "balance the budget, etc." (45 S.J. 2 C.S. 71 (1937)).

A concurrent resolution to permit suit against State not in order at Called Session unless subject of resolution submitted by Governor (47 S.J. 1 C.S. 69 (1941)).

An amendment to authorize the use of a portion of certain revenues for the benefit of the M. D. Anderson Hospital for Cancer Research is not within the Governor's call for a special session "to make and to finance such appropriations as the Legislature may deem necessary . . . for the agencies and institutions for which appropriations were made by Chapter 553, Acts of the 51st Legislature, Regular Session," since no reference is made in said Chapter to said M. D. Anderson Hospital for Cancer Research (51 S.J. 1 C.S. 79 (1950)).

An amendment making an appropriation to be used principally for distributing surplus commodities to the state hospitals and special schools is within the Governor's call for a special session "to make and to finance such appropriations as the Legislature may deem necessary for the State hospitals and special schools. . . ." (51 S.J. 1 C.S. 79 (1950)).

### Joint Resolution

A Senate joint resolution proposing an amendment to the Constitution is a matter that takes precedence of House bills and concurrent resolutions even on House bill days (44 S.J. Reg. 556 (1935)).

### Local Bills, Constitutionality

The message of Governor Stevenson to the 49th Legislature, Regular Session, contains excerpts from and citations to a number of court decisions holding so-called "bracket bills" to be unconstitutional (49 S.J. Reg. 286 (1945)).

### Uniform Tax Rule

Under the constitutional provision requiring all occupation taxes to be equal and uniform on same class, Legislature has power to classify subjects and court can only interfere when it is made clearly to appear that the attempted classification has no reasonable basis in the nature of businesses classified and that the law operates unequally upon subjects between which there is no real difference. (See Vernon's Annotated Constitution, Art. 8, Section 1.)

9/2/2014
2:13-cv-00193
PL160

# RULES
# OF THE SENATE
## 70th Legislature
## Regular Session
## 1987

# RULES OF THE SENATE

## Table of Senate Rules

Rule                                               **Page**

| Rule | Title | Page |
|------|-------|------|
| 1. | Quorum | 1 |
| 2. | Absentees | 1 |
| 3. | Absences | 2 |
| 4. | Roll Call | 2 |
| | Call Of The Senate | 2 |
| | Senate's Right To Await Attendance Of All Absentees | 2 |
| 5. | Presiding Officer Of The Senate | 4 |
| 6. | Election Of President Pro Tempore | 4 |
| 7. | Election Of Officers | 4 |
| 8. | Open Doors | 5 |
| 9. | Order Of Business | 5 |
| 10. | Roll Call, Prayer By Chaplain, Reading Of Journal | 5 |
| 11. | Morning Call | 5 |
| 12. | Order Of Considering Bills And Resolutions | 6 |
| 13. | House Bill Days | 7 |
| 14. | Special Orders | 7 |
| 14.1. | Local And Uncontested Calendar | 8 |
| 14.2. | Intent Calendar | 9 |
| 15. | Rulings By President | 9 |
| 16. | Motions And Their Precedence | 10 |
| 17. | Limitation Of Debate | 13 |
| 18. | Written Motions | 14 |
| 19. | Withdrawal Of Motion | 14 |
| 20. | Motions To Fix Sum Or State Time | 14 |
| 21. | Division Of Question | 14 |
| 22. | Reason For Vote | 15 |
| 23. | Reconsideration | 15 |
| 24. | Spreading Motion To Reconsider On Journal | 17 |
| 25. | Reading Of Papers | 17 |
| 26. | Mode Of Stating And Voting Upon Questions | 18 |
| 27. | Lieutenant Governor To Give Casting Vote | 18 |
| 28. | Effect Of Tie Vote When Lieutenant Governor Absent | 18 |
| 29. | Calls For Yeas And Nays By Three Members | 18 |
| 30. | Members Refusing To Answer Recorded Present | 19 |
| 31. | Matters Requiring Vote Of Two-Thirds Of All Members | 19 |
| | Vetoed Bills | 19 |
| 32. | Matters Requiring Vote Of Two-Thirds Of Members Present | 19 |
| 32.1. | Adoption Of Rules | 21 |

| 33. | Suspension Of Three-Day Rule | 21 |
|---|---|---|
| 34. | Elections | 21 |
| 35. | Elections | 21 |
| 36. | Nominations By The Governor | 21 |
| 37. | Nominations By The Governor | 21 |
| 38. | Nominations By The Governor | 22 |
| 39. | Nominations By The Governor | 22 |
| 40. | Secrecy Of Executive Session | 22 |
| 41. | Secrecy Of Executive Session | 22 |
| 42. | Secrecy Of Executive Session | 22 |
| 43. | Violation Of Secrecy | 22 |
| 44. | Messages To The House | 23 |
| 45. | Reception Of House Messages | 23 |
| 46. | Journal Of The Senate | 23 |
| 47. | Return Of Vetoed Senate Bills | 24 |
| 48. | Report To Governor Of Final Result Of Executive Session | 24 |
| 49. | Adjournment | 24 |
| | Adjournment Of Senate For More Than Three Days | 24 |
| 50. | When Senate Rules Are Silent | 25 |
| 51. | Previous Question | 25 |
| 52. | Demand For Immediate Ruling | 27 |
| 53. | Removal Of Senator From Chair | 27 |
| 54. | Decorum And Debate | 28 |
| 55. | Recognition Of Members In Debate | 28 |
| 56. | Speaking More Than Once In Single Debate | 29 |
| 57. | Member Called To Order | 29 |
| 58. | Refusal Of Member Called To Order To Be Seated | 30 |
| 59. | Interruption Of President | 30 |
| 60. | Interruption Of Member Speaking | 30 |
| 61. | Punishment For Misconduct | 32 |
| 62. | Obstructing Proceedings Of Senate—Punishment | 32 |
| 63. | Bribery | 32 |
| 64. | Admittance To Senate Chamber; Restrictions On Dress And Behavior | 33 |
| | Persons Lobbying Not Admitted | 33 |
| | Press Correspondents | 33 |
| | Forfeiture Of Admittance Privilege | 33 |
| | Suspension Of Admittance Rule | 34 |
| | Exceptions | 34 |
| 65. | No Eating Or Drinking In Senate Chamber | 35 |
| 66. | Persons Must Be Properly Attired In Senate Chamber | 35 |
| 67. | Consideration Of House Bill In Lieu Of Senate Bill On Same Subject | 35 |
| 68. | Procedure In Passage Of Bills | 36 |
| 69. | Announcement Of Stage Of Bill | 36 |

70.   First Reading And Reference Of Bills .................................................. 36
71.   Motion To Pass Bill Is Not Necessary ................................................ 37
72.   Germaneness ........................................................................................ 38
72.1. Amendments To Tax Bills ..................................................................... 40
73.   Seventy-Two And Twenty-Four Hour Rules ....................................... 40
74.   Printing Of Bills ................................................................................... 41
74a.  Printing Of Bills (House Amendments) ............................................... 41
75.   Adoption Of Amendment On Final Passage Of Bill ........................... 42
76.   Signing Of Bills And Resolutions
      By Presiding Officer ............................................................................. 42
77.   House Amendments To Senate Bills .................................................... 42
78.   Petitions And Resolutions .................................................................... 42
79.   Congratulatory, Memorial, And Courtesy
      Resolutions ........................................................................................... 43
80.   Amendments To The Constitution ........................................................ 44
81.   Failure Of Joint Resolution To Be
      Adopted After Third Reading ............................................................... 44
82.   Call For Yeas And Nays By Presiding Officer .................................... 44
83.   Defeated Bill Or Resolution ................................................................. 45
84.   Course Of Committee Substitute Bills ................................................. 45
85.   Custodian Of Bills And Resolutions .................................................... 45
86.   Periods For Introduction And Consideration
      Of Bills ................................................................................................. 45
87.   Suspension Of Time Limit Rule ........................................................... 46
88.   Introduction And Consideration Of Local Bills .................................. 46
      Meaning Of Term Local Bills As Used In
      Rules 86 And 88 .................................................................................. 46
89.   Suspension Of Rule Limiting
      Consideration Of Bills .......................................................................... 46
90.   Committee Reports ............................................................................... 47
91.   Recommendations Of Committees ........................................................ 47
92.   Motions To Refer Or Commit .............................................................. 48
93.   Committees ............................................................................................ 48
94.   List Of Standing Committees ............................................................... 48
94.1. Limitation On Appropriations ............................................................... 49
94.2. Actuarial Analyses ................................................................................ 49
94.3. Fiscal Notes .......................................................................................... 51
94.4. Format Of Bills And Resolutions
      Reported By Committees ...................................................................... 52
95.   Conference Committees ........................................................................ 52
96.   Instructions To Conference Committees .............................................. 52
97.   Committee Of The Whole ..................................................................... 56
98.   Chairman Of Committee Of The Whole .............................................. 56
99.   Right Of Lieutenant Governor To Speak And
      Vote In Committee Of The Whole ....................................................... 56
100.  Procedure In Committee Of The Whole .............................................. 56
101.  Procedure In Committee Of The Whole .............................................. 56
101.1. Rules Governing Committee Procedures ............................................. 57

102. Record Of Committee Attendance ........................................................ 57
103. Public Notice Of Committee Meetings .............................................. 57
104. Minutes Of Committee Meetings ......................................................... 57
105. Public Hearings ..................................................................................... 58
105.1. Privileged Notice Of Hearing On
       Specific Bills (Tag Rule) ................................................................. 59
106. Quorum Of Committee ......................................................................... 60
107. Committee Reports ............................................................................... 60
108. Consideration Of Bills In Committees .............................................. 61
109. Minority Reports .................................................................................. 61
110. Referral Of Agency Rules .................................................................... 62
111. Subpoena And Process ......................................................................... 62
Appendix ........................................................................................................ 63

# RULES OF THE SENATE
# OF THE 70TH TEXAS LEGISLATURE

### GENERAL PROCEDURE
### QUORUM

1.  Two-thirds of all the Senators elected shall constitute a quorum, but a smaller number may adjourn (or recess) from day to day, and compel the attendance of absent members (Constitution, Article III, Section 10).

*Editorial Note*

*The exact text of Section 10 of Article III of the State Constitution is as follows:*

*"Two-thirds of each House shall constitute a quorum to do business, but a smaller number may adjourn from day to day, and compel the attendance of absent members, in such manner and under such penalties as each House may provide."*

*Notes of Rulings*

*Twenty members of the Senate constitute a quorum when only 30 members have qualified (35 S.J. 2 C.S. 23, 32 (1917)).*

*A point of order that no quorum is present does not deter continued transaction of business by Senate if in fact a quorum is known by the presiding officer to be present and he so announces (50 S.J. Reg. 417 (1947)).*

*The raising of a point of order that no quorum is present justifies an order by the presiding officer that the roll be called to ascertain the presence or absence of a quorum (50 S.J. Reg. 417 (1947)).*

*Under Senate Rule No. 1 . . . a motion to recess (or adjourn) until a later time on the same day is a proper motion (61 S.J. Reg. 945 (1969)).*

*A quorum of the Senate is present when 21 members answer the roll call (61 S.J. Reg. 954 (1969)).*

*There is a quorum of the Senate present when the last roll call taken by the Secretary shows that a quorum was present (61 S.J. Reg. 1926 (1969)).*

## ABSENTEES

2.  In case a less number shall convene, the members present may send the Sergeant-at-Arms, or any other person or persons, for any or all absent members.

*Notes of Rulings*

*The attendance of absentees may be enforced only on order of Senators present (48 S.J. Reg. 355 (1943)).*

**RULE 3**

*The attendance of absentees may be enforced although a quorum is present (48 S.J. Reg. 508 (1943)).*

### ABSENCES

3. No member shall absent himself from the sessions of the Senate without leave unless he be sick or unable to attend.

#### Editorial Note

*Rule 32, Subdivision (a), item (2) provides that a vote of two-thirds of the members present shall be required "to excuse absentees." The main effect of granting leave to an absent member is that he is recorded "absent-excused" on all votes taken instead of "absent".*

### ROLL CALL

4. Upon every roll call the names of the members shall be called alphabetically by surname, except when two or more have the same surname, in which case the name of the county shall be added.

### CALL OF THE SENATE

It shall be in order to move a call of the Senate at any time to secure, to maintain, or to secure and maintain a quorum for the following purposes:

(a) for the consideration of a specific bill, resolution, or other measure;

(b) for a definite period of time or for the consideration of any particular class of bills.

When a call of the Senate is moved for one of the above purposes and seconded by five members and ordered by a majority of those present, the Doorkeeper shall close the main entrance of the Hall, and all other doors leading out of the Hall shall be locked and no member be permitted to leave the Senate without written permission of the presiding officer until after the subject matter upon which the call was ordered has been disposed of. The Secretary shall call the roll of members and note the absentees and those for whom no sufficient excuse is made may, by order of the majority of those present, be sent for and arrested wherever they may be found, by the Sergeant-at-Arms or officers appointed by him for that purpose, and their attendance secured and retained, and the Senate shall determine upon what conditions they shall be discharged. Members who voluntarily appear shall, unless the Senate otherwise directs, be immediately admitted to the Hall of the Senate, and they shall report their names to the Secretary to be entered upon the journal as present. Until a quorum appears, should the roll call fail to show one present, no business shall be done except to compel the attendance of absent members or to adjourn.

### SENATE'S RIGHT TO AWAIT ATTENDANCE OF ALL ABSENTEES

When a quorum is shown to be present, the Senate may proceed with the matters upon which the call was ordered or may enforce and await the

attendance of as many of the absentees as it desires to have present. If the Senate decides to proceed, the Sergeant-at-Arms shall not be required to bring in other absentees unless so ordered by a majority vote of the Senate.

When a call of the Senate is ordered, as hereinabove authorized, the Hall of the Senate shall be held to include the Senate Chamber, the Sergeant-at-Arms room, the Senate reception room, the Senate cloak room, and the corridors leading thereto.

### Editorial Notes

*After a call has been ordered and a quorum has been announced present, it is then proper for the Senate to resume the transaction of business, or, on the adoption of a motion to do so, to secure the attendance of one or more of the members still absent before resuming consideration of any business.*

*It is, no doubt, within the province of the Senate to adopt a rule authorizing the presiding officer of the Senate during a call of the Senate to issue to any absentee a written demand that the absentee attend the Senate's session and giving to the Sergeant-at-Arms or his deputies authority to serve and to enforce the demand by whatever means necessary.*

### Notes of Rulings

*The disclosure of the presence of a quorum during a call to secure and maintain a quorum does not automatically dissolve the call (32 S.J. Reg. 1274 (1911)).*

*A motion for a call of the Senate may not include a further provision to grant leaves of absence to certain members (43 S.J. Reg. 1654 (1933)).*

*A call of the Senate may not be ordered to maintain a quorum "until the final disposition" of a particular bill unless that bill is "pending before the Senate" (44 S.J. 1 C.S. 262 (1935)).*

*A motion for a call of Senate "to obtain a quorum" is not in order if a quorum is present (47 S.J. Reg. 1007 (1941)).*

*When under a call, the Senate may compel and await the attendance of all or any number of the absentees before proceeding to transaction of business (48 S.J. Reg. 508, 553 (1943)).*

*A roll call, following a point of "no quorum," which reveals the absence of a quorum, prevents further consideration of a bill that is being considered on passage to third reading until a quorum is present and permits a motion to be made that a call of the Senate be ordered for the purpose of securing and maintaining a quorum until the disposition of the bill (50 S.J. Reg. 1137 (1947); 50 S.J. Reg. 1181 (1947)).*

*A motion for a Call of the Senate is not debatable (61 S.J. Reg. 1759 (1969)).*

**RULE 5**

## PRESIDING OFFICER OF THE SENATE

5.  The Lieutenant Governor of the state shall by virtue of his office be President of the Senate (Constitution, Article IV, Section 16) and decide all questions of order subject to appeal by any member. He shall have control of such parts of the Capitol as have been, or may be, set apart for the use of the Senate and its officers. He shall have the right to name a member to perform the duties of the chair, but such substitution shall not extend beyond such time as a majority of the Senators present vote to elect another member to preside, and if a majority of the Senators present so vote, the member called to the chair by the Lieutenant Governor or by the President Pro Tempore of the Senate shall vacate the chair, and the member elected by a majority shall preside until the Lieutenant Governor or President Pro Tempore shall take the gavel and preside (Constitution, Article III, Section 9).

*Editorial Note*

*The President of the Senate may refuse to rule on a point of order relating to the constitutionality of the substance of a proposition or on one that does not relate to any question of procedure or practice. (See also Rule 15.)*

*Note of Ruling*

*No motion is in order while a point of order is pending (43 S.J. Reg. 1156 (1933)).*

## ELECTION OF PRESIDENT PRO TEMPORE

6.  The Senate shall, at the beginning and close of each session, and at such other times as may be necessary, elect one of its members President Pro Tempore, who shall perform the duties of Lieutenant Governor in any case of absence or disability of that officer and whenever the said office of Lieutenant Governor shall be vacant (Constitution, Article III, Section 9).

*Editorial Note*

*In the absence of both the Lieutenant Governor and President Pro Tempore for a short period of time, either of them may designate in writing a Senator to occupy the chair, but in case the President Pro Tempore is compelled, for any reason, to be absent for an extended or indefinite period, the Senate elects another President Pro Tempore. For the form of the designation by the Lieutenant Governor or President Pro Tempore, see 49 S.J. Reg. 515 (1945).*

## ELECTION OF OFFICERS

7.  A Secretary, Journal Clerk, Calendar Clerk, Enrolling Clerk, Sergeant-at-Arms, Doorkeeper, Chaplain, and such other officers as a majority vote may determine to be necessary shall be elected at the opening of the session of the Legislature to continue in office until discharged by the Senate and shall perform such duties as may be incumbent upon them in their respective offices, under the direction of the Senate. Such officers may

not be related to any current member of the Texas Legislature, nor may any employee of the Senate be related to any current member of the Texas Legislature. The Secretary of the Senate shall, in addition to his other duties, be responsible for the coordination of the other offices and divisions of the Senate.

*Editorial Note*

*This rule is not binding unless and until it is adopted by the Senate at its biennial session. The Senate may, of course, omit the adoption of the rule as written and provide by a simple resolution for the election of such officers as it sees fit.*

## OPEN DOORS

8.   The doors of the Senate shall be kept open, except when there is an executive session (Constitution, Article III, Section 16 and Rules 37-43).

*Editorial Note*

*When the Senate is in session, the entrances to the main floor of the Senate Chamber are closed, but the galleries are always open to the public except when Senate is in executive session.*

## ORDER OF BUSINESS

9.   The presiding officer shall take the chair at the hour to which the Senate last adjourned.

## ROLL CALL, PRAYER BY CHAPLAIN, READING OF JOURNAL

10.   The names of the Senators shall be called alphabetically; should a quorum not be in attendance, a majority of those present shall be authorized to send the Sergeant-at-Arms, or a special messenger, for the absentees; when there is a quorum present, prayer shall be offered by the Chaplain and then the journal of the preceding day shall be read and corrected, if necessary.

## MORNING CALL

11.   The President then shall call:

(1)   for petitions and memorials;

(2)   for reports from standing committees;

(3)   for reports from select committees;

(4)   for Senate bills on first reading and referral to committee;

(5)   for introduction of resolutions;

(6)   for messages and executive communications;

(7)   for motions to print on minority report;

(8)   for other motions not provided herein, including but not limited to motions to set a bill for special order, to reconsider, to print and not print

**RULE 12**

bills, to re-refer bills, to concur in House amendments to Senate bills, to not concur in House amendments to Senate bills, to request the appointment of conference committees, and to adopt conference committee reports.

This concludes the morning call, which the President shall announce to the Senate.

It shall not be in order, during the morning call, to move to take up a bill or resolution out of its regular order; and the presiding officer shall not recognize any Senator for the purpose of making any such motion or making a motion to suspend this rule.

*Editorial Note*

*A motion to set a bill for a special order may be made under item (8) of this rule, and motions to reconsider, to print or not print bills, and to re-refer bills may properly be made under item (8) of the morning call.*

## ORDER OF CONSIDERING BILLS AND RESOLUTIONS

12. At the conclusion of the morning call, the Senate shall proceed to consider business on the President's table, which shall be disposed of in the following order:

(1) special orders;

(2) unfinished business;

(3) Senate Joint Resolutions;

(4) Senate Resolutions;

(5) Senate Concurrent Resolutions;

(6) Senate bills on third reading;

(7) Senate bills on second reading;

(8) House Joint Resolutions;

(9) House bills on third reading;

(10) House bills on second reading;

(11) House Concurrent Resolutions.

The above order is for Senate bill days, except as modified by the Joint Rules.

*Notes of Rulings*

*The order of business as set forth above may be changed by a two-thirds vote of the Senate (42 S.J. Reg. 1682 (1931)).*

*A House bill laid before the Senate as an unfinished special order should be disposed of before any other House bill which has been set for a special order is taken up for consideration (46 S.J. Reg. 1853 (1939)).*

*A motion to suspend the regular order of business is not in order while other business is pending under a rule suspension (46 S.J. Reg. 1886 (1939)).*

1-21-87 SR 6                          - 6 -

*The bill next on calendar is not to be passed over, due to author's absence (47 S.J. Reg. 397 (1941)).*

*A motion to suspend the regular order of business is not a debatable motion (61 S.J. Reg. 1101 (1969)).*

## HOUSE BILL DAYS

13.   After the morning call has been concluded on calendar Wednesday and calendar Thursday of each week, House Joint Resolutions and House bills on special order and on third and second readings, respectively, and House Concurrent Resolutions, shall be taken up and considered until disposed of; provided in case one should be pending at adjournment on Thursday, it shall go over until the succeeding calendar Wednesday as unfinished business.

### Notes of Rulings

*A House bill, by a two-thirds vote, may be taken up and considered by the Senate on any day of the week (46 S.J. Reg. 634-635 (1939)).*

*When the Senate adjourns on Thursday of any week with a House bill pending, the bill then pending, whether it is a special order or not, may not be further considered until Wednesday of the next succeeding week unless the Senate by a two-thirds vote agrees to consider it further prior to that day (46 S.J. Reg. 1704 (1939)).*

*House bills may be considered in Senate under a suspension of the regular order of business on days other than calendar Wednesday and calendar Thursday (48 S.J. Reg. 1051 (1943)).*

*When a member is discussing a Senate bill on calendar Monday or calendar Tuesday (which are considered Senate bill days in the Senate) and 12:01 o'clock a.m. Wednesday arrives (which is considered a House bill day in the Senate), no further discussion may be had on the Senate bill (61 S.J. Reg. 956 (1969)).*

## SPECIAL ORDERS

14.   Any bill, resolution, or other measure may, on any day, be made a special order for a future time of the session by an affirmative vote of two-thirds of the members present.

A special order shall be considered at the time for which it is set and considered from day to day until disposed of, unless at the time so fixed there is pending business under a special order, but such pending business may be suspended by a two-thirds vote of all the members present. If a special order is not reached or considered at the time fixed, it shall not lose its place as a special order; provided further that all special orders shall be subject to the Joint Rules and Senate Rule 13.

### Editorial Notes

*A bill once set as a special order does not lose its place on the calendar of special orders if not taken up at the hour for which it is set.*

*A special order, the hour for the consideration of which has arrived, takes precedence of the unfinished business unless the unfinished business is itself a special order.*

### Notes of Rulings

*An affirmative vote of two-thirds of all Senators present including those who ask to be recorded as "present-not voting" is required to set a special order (49 S.J. Reg. 427 (1945)).*

*The motion to set a bill for a special order is not a proper substitute for a motion to suspend the regular order of business and take up a bill for immediate consideration (50 S.J. Reg. 1005 (1947)).*

*A bill being considered as a special order that is laid on the table subject to call is no longer a special order (43 S.J. Reg. 980 (1933)).*

*Refusal of Senate to set bill as special order for a certain hour does not prevent a motion's being made and adopted immediately thereafter to set the bill as a special order for a different specified hour (45 S.J. Reg. 860 (1937)).*

*The Senate, by a two-thirds vote, may take up a bill out of its regular order for immediate consideration although there is an unfinished special order on the President's table awaiting the Senate's consideration (49 S.J. Reg. 1053 (1945)).*

*When the business before the Senate is a special order, the order of business may be suspended in order to consider other business (61 S.J. Reg. 2034 (1969)).*

## LOCAL AND UNCONTESTED CALENDAR

14.1. (a) At times designated by the Senate, the Senate shall meet in session to consider local and uncontested bills and resolutions listed on a calendar certified by the Administration Committee.

(b) The committee may not consider a bill or resolution for placement on the calendar unless

(1) the sponsor of the legislation applies for the placement and submits 14 copies of the bill or resolution to the committee; and

(2) the chair of the standing committee from which the bill or resolution was reported submits a written request for the placement on the calendar.

The committee may set a time after which applications for a place on the calendar may not be accepted.

(c) The committee may not place a bill or resolution on the calendar if it

(1) creates a new department or subdivision of a department, unless the bill or resolution is purely local in nature and does not require the expenditure of state funds;

(2)   contains an appropriation; or

(3)   is contested.

(d)   The calendar must be placed on the desks of members of the Senate no later than noon of the day preceding the session at which the legislation on the calendar is considered.

(e)   A bill or resolution on the calendar may not be considered if any two or more members of the Senate object in writing before the bill is laid out for the local calendar or if an amendment other than a standing committee amendment is offered.

(f)   The bills and resolutions shall be considered on second and/or third reading in the order in which they are listed on the calendar, and no motion to suspend the regular order of business is required.

(g)   Senate Rule 106, Quorum of Committee, shall not apply to the Administration Committee when it is meeting for the specific and limited purpose of preparing and certifying the calendar.

(h)   No provision of this rule may be suspended except by unanimous consent of the members present.

## INTENT CALENDAR

14.2.   (a) During a regular session of the Legislature, no bill, joint resolution, or resolution affecting state policy may be considered out of its regular calendar order unless a written notice of intent to suspend the regular order was filed with the Secretary of the Senate prior to 4:00 p.m. on the last preceding calendar day that the Senate was in session. The Secretary shall provide forms for this purpose. Notice must be given from day to day. No member may give notice on more than three bills or resolutions prior to May 1 or on more than five bills or resolutions on or after May 1.

(b)   The Secretary shall prepare a list of all legislation for which notice has been given. The list must be made available to each member of the Senate and to the press no later than 6:30 p.m. on the day the notice is filed.

(c)   No provision of this rule may be suspended except by four-fifths consent of the members present.

## RULINGS BY PRESIDENT

15.   Every question of order shall in the first instance be decided by the President, from whose decision any member may appeal to the Senate. Rulings which set or alter precedent shall be printed as an annotation to the rules.

*Editorial Note*

*A member called to the chair pending an appeal does not entertain any motions nor accept any further point of order.*

*See also Editorial Note following Rule 5.*

**RULE 16**

## MOTIONS AND THEIR PRECEDENCE

16. When a question is under consideration by the Senate, no motion shall be made except:

(1)  to fix the day to which the Senate shall adjourn or recess;

(2)  to adjourn or recess;

(3)  to proceed to the transaction of executive business;

(4)  the previous question;

(5)  to lay on the table;

(6)  to lay on the table subject to call;

(7)  to postpone to a time certain;

(8)  to commit;

(9)  to amend;

(10)  to postpone indefinitely;

which several motions have precedence in the order named. It shall be in order to make any number of the above motions before any vote is taken; but the votes shall be taken on all such motions made in the order of the precedence above stated.

### Editorial Notes

*Rule 16 apparently prevents a motion to suspend a pending question for the purpose of taking up another, but the Senate's presiding officers have recently interpreted Item 5 of Rule 32 to mean that any rule of the Senate may be amended, suspended, or rescinded by a two-thirds vote at any time and that a motion to suspend Rule 16 and any other interfering rule in order to take up for immediate consideration a question different from the one pending is in order. However, an undebatable privileged question that is pending or a question that is itself under consideration as the result of a rule suspension should be disposed of by the Senate before another question is taken up under a suspension of the rules. No rule suspension, of course, is in order during the morning call.*

*There are several kinds of motions to amend, which motions have precedence in the order named below:*

*1.  Committee amendments and amendments by the author or Senator in charge of the bill offered from the floor to the body of the bill.*

*2.  Other amendments offered from the floor to the body of the bill.*

*3.  Amendments to the caption of the bill.*

*4.  Amendments to strike out the enacting clause of a bill.*

*If a bill is considered section by section, an amendment is not in order except to the section under consideration. After all of the sections have been considered separately, the whole bill is open for amendment.*

**1-21-87 SR 6**                               - 10 -

*Notes of Rulings*

*Adjourn*

*(See also Rule 49.)*

*After a motion to adjourn has been made no business may precede a vote on the motion except by unanimous consent (43 S.J. Reg. 906 (1933)).*

*Table*

*A motion to table report of conference committee is not in order (47 S.J. Reg. 1128 (1941)).*

*Table Subject to Call*

*A motion to table a bill subject to call is not a proper substitute motion for a motion to set a bill as special order (45 S.J. Reg. 1426 (1937)).*

*A motion to call from the table a bill tabled subject to call is not in order while joint resolution on passage to third reading is pending (49 S.J. Reg. 820 (1945)).*

*The motion to table subject to call is not debatable (51 S.J. Reg. 1336 (1949)).*

*Postpone*

*When the hour to which a bill postponed to a time certain arrives, the postponed measure does not immediately displace a special order (or other matter) already under consideration by the Senate (45 S.J. Reg. 1854 (1937)).*

*Commit*

*A motion to recommit a bill permits discussion of the merits of the bill (42 S.J. Reg. 496 (1931)).*

*Amend*

*[For rulings relating to germaneness of amendments, see under Rule 72.]*

*The Senate may amend a revenue bill from the House by adding a new field of taxation, and so may place a tax on cigarettes in a bill levying certain other taxes (42 S.J. Reg. 893 (1931)).*

*An amendment directly contrary to and including the same subject matter as an amendment previously adopted is not in order (42 S.J. Reg. 242 (1931)).*

*It is not in order to attempt to take out matter inserted after the Senate has refused to reconsider the vote by which it was inserted (42 S.J. Reg. 1566 (1931)).*

*An amendment defeated at a particular stage of a bill may not be again submitted at the same stage of the bill (42 S.J. 1 C.S. 647 (1931)).*

**RULE 16**

*Amendment having the same effect as an amendment which has been defeated is not in order (42 S.J. 2 C.S. 95 (1931)).*

*A substitute for both an amendment and an amendment to an amendment is in order (43 S.J. Reg. 1367 (1933)).*

*An amendment that has been tabled may not be offered again at the same stage of the bill (44 S.J. Reg. 156 (1935)).*

*A substitute for a substitute is not in order (44 S.J. Reg. 613 (1935)).*

*Matter identical with that stricken from a bill by amendment may not be re-inserted at the same stage by further amendment (44 S.J. Reg. 867 (1935)).*

*A single substitute for both an amendment and an amendment to the amendment may be offered (44 S.J. 2 C.S. 24 (1935)).*

*An amendment accomplishing same result as defeated amendment but different in text and inserted in bill at different place is in order (45 S.J. Reg. 622 (1937)).*

*An amendment containing only one of several provisions contained in a defeated amendment is in order (45 S.J. Reg. 1348 (1937)).*

*An amendment, defeated at one stage of a bill, is again in order when the bill has reached another stage (45 S.J. Reg. 1642 (1937)).*

*An amendment changing only load limit in bill relating to weight of trucks is a proper substitute for amendment striking out all after enacting clause and inserting new text (47 S.J. Reg. 475 (1941)).*

*An amendment inserted in a bill by an amendment is not subject to change at same stage of bill (48 S.J. Reg. 841 (1943)).*

*A substitute for an amendment is not in order if the substitute relates to a different subject matter (49 S.J. Reg. 436 (1945)).*

*An amendment to a joint resolution, defeated when the resolution is on passage to engrossment, may be offered again when resolution is on final passage (49 S.J. Reg. 444 (1945)).*

*An amendment to levy tax on fuel used in aircraft offered to bill exempting from motor fuel tax law fuels used for non-highway purposes subjects the bill to the constitutional prohibition against revenue-raising measures originating in Senate and is not in order (49 S.J. Reg. 527 (1945)).*

*A point of order that a line and word reference in a proposed amendment is incorrect does not deter consideration of the amendment containing the reference (50 S.J. Reg. 422 (1947)).*

*An amendment making it mandatory that the salaries of certain county officers be raised is not in order, after the adoption (at the same stage of the bill) of an amendment that makes the raising of those salaries permissive instead of mandatory (50 S.J. Reg. 826 (1947)).*

*An amendment that has been tabled may not be again considered at the same stage of the bill, even though it is resubmitted as only one of two distinct propositions in another amendment (51 S.J. Reg. 183 (1949)).*

*An amendment substantially different in any particular from one defeated would not be out of order because of its similarity to the defeated amendment (51 S.J. Reg. 628 (1949)).*

*An amendment which makes a revenue-raising measure of a bill further defining the term "carbon black" as used in the omnibus tax law is not in order (51 S.J. Reg. 1641 (1949)).*

*An amendment that does not indicate the portion of a bill it seeks to change is not in order (51 S.J. 1 C.S. 95 (1950)).*

## LIMITATION OF DEBATE

17.   No debate shall be allowed on a motion to lay on the table, for the previous question, or to adjourn or recess; provided, however, that the author of a measure, or whichever one of the several authors of the same may be by them selected so to do, shall have the right, when a motion to lay on the table shall have been made, to close the debate, which privilege he may yield to any other Senator subject to all of the Rules of the Senate.

### Editorial Note

*If the member having the right to close after a motion to table yields his right to another Senator, he is not permitted himself to debate the question any further.*

### Notes of Rulings

*The substance of a bill may be stated under a motion to suspend the order of business to take up for consideration (35 S.J. Reg. 1149 (1917)).*

*The motion to reconsider is debatable unless the proposition upon which the motion to reconsider is made is not debatable (44 S.J. Reg. 368-369 (1935)).*

*The motion to table subject to call is not debatable (46 S.J. Reg. 479 (1939)).*

*A resolution to fix date of sine die adjournment is debatable (47 S.J. Reg. 1902 (1941)).*

*When an amendment to a bill is pending, all debate must relate to the amendment (49 S.J. Reg. 1019 (1945)).*

*The motion to suspend the regular order of business is not debatable, but a limited explanation of the bill to which any such motion applies is permitted (50 S.J. Reg. 1349 (1947)).*

*The author of a bill who has moved to suspend a rule so that the bill might be introduced may explain it briefly (51 S.J. Reg. 502 (1949)).*

*A motion for a Call of the Senate is not debatable (61 S.J. Reg. 1759 (1969)).*

**RULE 18**

*A congratulatory resolution when offered is not debatable and therefore may be considered immediately or referred to a committee by the presiding officer (61 S.J. 1 C.S. 124 (1969)).*

## WRITTEN MOTIONS

18. All motions shall be reduced to writing and read by the Secretary, if desired by the presiding officer or any Senator present.

*Note of Ruling*

*After the commencement of a roll call on the question of agreeing to a motion to suspend the regular order of business, a Senator may not interrupt the roll call to demand that the motion be submitted in writing and may not then insist as a matter of right that the motion be reduced to writing (50 S.J. Reg. 602 (1947)).*

## WITHDRAWAL OF MOTION

19. After a motion has been stated by the President or read by the Secretary, it shall be deemed to be in possession of the Senate, but it may be withdrawn at any time before it has been amended or decided.

*Note of Ruling*

*An amendment may be withdrawn by its author at any time before it has been voted on, even when a Senator is debating it; and its withdrawal cuts off immediately any further discussion of it (50 S.J. Reg. 1237 (1947)).*

## MOTIONS TO FIX SUM OR STATE TIME

20. On a motion to fix a sum or state a time, the largest sum and the longest time shall have precedence.

## DIVISION OF QUESTION

21. Any member may have the question before the Senate divided, if it be susceptible of a division, into distinct questions; but on a motion to strike out and insert, it shall not be in order to move for a division of the question; but the rejection of a motion to strike out and insert one proposition shall not prevent a motion to strike out and insert a different proposition; nor prevent a subsequent motion simply to strike out; nor shall the rejection of a motion simply to strike out prevent a subsequent motion to strike out and insert. A motion to table shall only affect the matter to which it is directed, and a motion to table an amendment shall never have the effect of tabling the entire measure.

*Notes of Rulings*

*A motion to suspend the regular order of business to take up a bill is susceptible of division when there is more than one Senate rule banning the immediate consideration of the bill, but after the motion has been made and carried by a two-thirds vote and the bill has been laid before the Senate and read second time, it is too late to call for a division of the question or to invoke the rule requiring bills to be printed before*

*consideration (50 S.J. Reg. 1056 (1947)). See also note of ruling following Rule 74.*

*A motion that Senate Rule 13 (now Rule 12) and the regular order of business be suspended and a certain general bill be laid out is not susceptible of division if Senate Rule 13 (now Rule 12), which relates to the order of business, is the only Senate rule banning the laying out of the bill and its immediate consideration by the Senate (50 S.J. Reg. 1239 (1947)).*

## REASON FOR VOTE

22. Any member shall have the privilege to have spread upon the journal of the Senate a brief statement of his reason for any vote he may cast.

### Editorial Note

*A Senator's privilege of inserting his reasons for a vote is frequently exercised; and in some instances a considerable amount of matter quoted from letters, newspapers, etc., is incorporated in the reasons inserted (40 S.J. Reg. 416-418 (1927); 40 S.J. 1 C.S. 42-43 (1927); 42 S.J. 1 C.S. 24 (1931); 49 S.J. Reg. 582 (1945)).*

## RECONSIDERATION

23. After a question shall have been decided, either in the affirmative or negative, any member voting with the prevailing side may, at any time on the same legislative day in which the vote was taken or on the next legislative day, move the reconsideration thereof. When a bill, resolution, report, amendment, order, or message upon which a vote was taken shall have gone out of the possession of the Senate and have been delivered to the House of Representatives or to the Governor, the motion to reconsider shall be accompanied by a motion to request the House or the Governor to return same, which last motion shall be acted upon, and if determined in the negative shall be a final disposition of the motion to reconsider. If the motion to request the House to return same is successful, the motion to reconsider shall then be acted upon and if sustained, the bill, resolution, report, amendment, order, or message upon which the vote was taken and which vote was reconsidered shall be placed upon the calendar as unfinished business and may be called up on the first appropriate day on or after the return of same to the possession of the Senate.

### Editorial Notes

*If a vote on a Senate bill is reconsidered on House bill day, the bill itself may not be considered in the Senate until the arrival of a Senate bill day.*

*Under Senate Rule 23, recalling is made the first requirement for further considering a bill passed by the Senate and sent to the House. Hence, a motion or resolution to recall the bill is privileged.*

**RULE 23**

*Notes of Rulings*

*Reconsideration of a vote recommitting a bill has the immediate effect of placing the bill back to its status before the motion to recommit prevailed (34 S.J. Reg. 250 (1915)).*

*Reconsideration of vote by which a bill passed to engrossment places the bill back before the Senate just as it was before the vote on its engrossment was taken (37 S.J. Reg. 578 (1921)).*

*A motion to reconsider a vote may be made on the first day after the vote is taken on which there is a quorum of the Senate present (38 S.J. Reg. 619 (1923)).*

*Vote on adoption of amendment, adopted on second reading of a bill that is later ordered engrossed, may not be reconsidered until vote on passage of bill to engrossment has been reconsidered (39 S.J. Reg. 388 (1925)).*

*The motion to reconsider a vote is not debatable when the motion on which the vote was taken is not debatable (40 S.J. Reg. 415 (1927)).*

*A motion to reconsider the vote by which the previous question has been ordered may be made by any Senator voting to order it; and in case the vote is not a "yea and nay" recorded vote, it may be made by any Senator (40 S.J. Reg. 415 (1927)).*

*Upon reconsideration of the vote on a House bill, it automatically takes its place on the calendar of House bills on the President's table for consideration by the Senate (42 S.J. Reg. 608 (1931)).*

*A motion to adopt a conference committee report on joint resolution is in order at any time, and without a reconsideration of a previous adverse vote on the report (44 S.J. Reg. 1812 (1935)).*

*A motion to reconsider a vote is not debatable if at the time the vote was taken the previous question on the proposition voted on had been ordered (44 S.J. 1 C.S. 219 (1935)).*

*The motion to reconsider the vote on the passage of a bill must be made on the same day the bill was passed to engrossment or on the next succeeding legislative day (46 S.J. Reg. 1129 (1939)).*

*A bill may be recalled from the House before motion is made to reconsider vote on its passage (46 S.J. Reg. 1209 (1939)).*

*The vote by which a conference report has been adopted by the Senate may be reconsidered by the Senate and the bill recalled from the Governor although the bill has been enrolled, signed by the presiding officers of each House, and presented to the Governor (46 S.J. Reg. 1487 (1939)).*

*Debate of motion to reconsider vote by which main question ordered is not in order (47 S.J. Reg. 2258 (1941)).*

*A motion to reconsider a vote must be made on the same day the vote is taken or on the next legislative day (49 S.J. Reg. 807 (1945)).*

*The motion to reconsider a vote may not be made by a member who is not recorded as having voted on the prevailing side if the vote was a "yea and nay" recorded vote (49 S.J. Reg. 1019, 1214 (1945)).*

*A motion to reconsider the vote by which a motion to table has prevailed may not be made (50 S.J. Reg. 805 (1947)).*

*A concurrent resolution to recall for further consideration a bill passed by the Senate is in accord with Senate Rule 60 (now Rule 23) and is privileged (51 S.J. 1 C.S. 120 (1950)). (See also Hinds' Precedents, 5, 5669-5671.)*

## SPREADING MOTION TO RECONSIDER ON JOURNAL

24.   At any time before the expiration of the next legislative day following that on which the vote was taken, a motion to reconsider a vote may be made by any Senator who is permitted by Rule 23 to make it; and the maker of the motion may accompany it with a request that it be spread on the journal to be called up and acted on at a later time, which request shall be granted unless another Senator demands immediate action thereon. In case a motion to reconsider that has been spread upon the journal is not called up to be acted on by the Senate within five legislative days after it has been made, it shall not thereafter be called up or acted upon; and any such motion that has been made during the last six days of the session that has not been called up before the final 24 hours of the session shall not thereafter be called up or acted upon by the Senate. In all cases, a motion to reconsider shall be decided by a majority of the vote.

## READING OF PAPERS

25.   When the reading of a paper is called for and the same is objected to by any member, it shall be determined by a majority vote of the Senate, and without debate.

### *Notes of Rulings*

*The Senate may determine whether a Senator who is explaining a bill prior to a vote on a motion to permit its introduction may read the bill in full (51 S.J. Reg. 502 (1949)).*

*Although the Senate on a previous occasion has ordered the full reading of a certain bill dispensed with, a full reading may be called for when the bill is again before the Senate for consideration and may be dispensed with only on order of the Senate (51 S.J. Reg. 503 (1949)).*

*A Senator addressing the Senate on the question of whether or not the Senate shall concur in the House amendments to a bill may read in full a legal opinion relating to the subject matter of the amendments unless the Senate orders its reading discontinued (51 S.J. Reg. 603-604 (1949)).*

*A second reading of an amendment in full may be dispensed with by order of the Senate (51 S.J. Reg. 625, 628 (1949)).*

**RULE 26**

## MODE OF STATING AND VOTING UPON QUESTIONS

26. All questions shall be distinctly put by the President and the members shall signify their assent or dissent by answering "yea" or "nay."

*Note of Ruling*

*After a roll call has been ordered and before the calling of the roll has commenced, it is not in order for a member to address the Senate (44 S.J. 2 C.S. 83 (1935)).*

## LIEUTENANT GOVERNOR TO GIVE CASTING VOTE

27. If the Senate be equally divided on any question, the Lieutenant Governor, if present, shall give the casting vote (Constitution, Article IV, Section 16).

*Editorial Note*

*A vote on a motion to refer a resolution was yeas 15, nays 15. Lieutenant Governor Davidson voted "nay" and declared the motion lost. A second vote was taken on a motion to refer to another committee and resulted in a tie. Lieutenant Governor A. B. Davidson voted "nay" and declared the motion lost (32 S.J. Reg. 39 (1911)).*

## EFFECT OF TIE VOTE WHEN LIEUTENANT GOVERNOR ABSENT

28. If the Senate is equally divided on any questions when the Lieutenant Governor is not present, such question or motion shall be lost.

## CALLS FOR YEAS AND NAYS BY THREE MEMBERS

29. (a) At the desire of any three members present, the yeas and nays shall be entered on the journal, and the names of the members present and not voting shall be recorded immediately after those voting in the affirmative and negative, and such members shall be counted in determining the presence of a quorum (Constitution, Article III, Section 12).

(b) If a member who is absent desires to be recorded on a pending question he may cast a paired vote by signing a pair slip which indicates his "yea or nay" vote with a member who is present and casting an opposite vote, if the member who is present so desires. Pair slips must be signed by both the absent and present member and filed with the Secretary of the Senate before the vote. The paired votes of the present and absent members shall be recorded as an expression of opinion on the matter considered but shall not be counted in the total of votes for or against the measure or motion. However, the member present shall be counted to make a quorum.

*Editorial Note*

*Verification of a "yea and nay" vote is not provided for by any rule, but when a vote is close, it has been the practice for the presiding officer to order a verification when requested by any member to do so.*

## MEMBERS REFUSING TO ANSWER RECORDED PRESENT

30.   Upon a roll call of the Senate, should any member who is in the Senate Chamber fail or refuse to answer when his name is called, the Secretary of the Senate shall, under the direction of the President of the Senate, record such member as present.

## MATTERS REQUIRING VOTE OF TWO-THIRDS OF ALL MEMBERS

31.   (a)   A vote of two-thirds of all members elected to the Senate shall be required:

(1)   for the final passage of proposed amendments to the Constitution (Constitution, Article XVII, Section 1);

(2)   in cases of great public calamity to release the payment of taxes (Constitution, Article VIII, Section 10);

(3)   for the final passage of bills to reduce a county to a less area than nine hundred square miles (Constitution, Article IX, Section 1);

(4)   for the passage of an address to the Governor for the removal of any civil officer (Constitution, Article XV, Section 8);

(5)   to expel a member (Constitution, Article III, Section 11).

### Note of Ruling

*A vote of two-thirds of the members is not required for passage of bill to create flood control district and donate portion of taxes collected therein to the district (48 S.J. Reg. 1053 (1943)).*

### VETOED BILLS

(b)   A vote of two-thirds of all members elected to the Senate shall be required for the passage of House bills that have been returned by the Governor with his objections, and a vote of two-thirds of the members of the Senate present shall be required for the passage of Senate bills that have been returned by the Governor with his objections (Constitution, Article IV, Section 14).

### Note of Ruling

*A specific case in which the vote of yeas and nays did not pass the bill over the Governor's veto is found at 47 S.J. Reg. 2748 (1941).*

## MATTERS REQUIRING VOTE OF TWO-THIRDS OF MEMBERS PRESENT

32.   (a)   A vote of two-thirds of all members present shall be required:

(1)   for the impeachment of any officer (Constitution, Article XV, Section 3);

(2)   to excuse absentees;

(3)   to adopt an amendment at third reading of a bill or a joint resolution;

**RULE 32**

    (4)   to postpone or change the order of business;

    (5)   to rescind or amend any rule of the Senate.

    (b)   A Senate rule may be suspended by a vote of two-thirds of the members present unless the rule specifies a different majority.

    (c)   A vote of two-thirds of the members present shall be required for the confirmation of any appointee of the Governor, unless otherwise directed by law (Constitution, Article IV, Section 12).

### Historical Notes

    *The following rule was adopted by the Senate in 1911 (32 S.J. Reg. 790): "Rule 61a. It shall only require a majority vote of all Senators present to suspend pending business for the purpose of taking up and considering Senate Bill No. 1 and House Bill No. 226, any other rule or order to the contrary notwithstanding."*

    *Rule 63 as adopted at the regular session in 1911 read as follows: "Any rule or order of the Senate may be rescinded by a majority vote of all members elected . . . ."*

    *The following rule of the preceding legislature was eliminated from the 1911 Senate rules: "No standing rule or order of the Senate shall be rescinded or changed without one day's notice being given of the motion therefor."*

    *The following is the text of the old rule on rescinding, which was adopted by the Senate of the 34th Legislature:*

    *"(64)   Any rule, order or act of the Senate may be rescinded or changed by a two-thirds vote of all Members present, except where otherwise provided by the Constitution or the laws" (34 S.J. Reg. 977 (1915)).*

    *The rule was later amended to require two-thirds of all members to rescind or change a rule, and in 1939 the item (5) above was inserted in lieu of the old Rule 64.*

### Note of Ruling

    *Pending consideration of a conference report, a motion to suspend its consideration and take up a Senate bill for immediate consideration is in order. The motion is divisible, since it involves the suspension of Rule 26 (now Rule 16) and also of Rule 13 (now Rule 12), 61st Leg. (51 S.J. Reg. 1555 (1949)).*

### Editorial Note

    *This ruling and other late Senate precedents relative to suspending a pending question for the purpose of taking up another indicate that it has become the prevailing opinion of the Senate's presiding officers and its members that any pending debatable question, even a highly privileged one or one with high priority for consideration, may be suspended by a*

*two-thirds vote of the Senate for the purpose of taking up another matter on the President's table for immediate consideration. Suspending a question that has itself been taken up under a suspension would most likely not be permitted.*

## ADOPTION OF RULES

32.1. (a) The resolution to initially adopt temporary or permanent rules of the Senate shall require a majority vote of the members of the Senate.

(b) Joint Rules of the two Houses may be adopted or amended by a simple majority of the members elected to the Senate and shall take precedence over Senate rules in conflict.

## SUSPENSION OF THREE-DAY RULE

33. It shall require a vote of four-fifths of the Senate to suspend the rule requiring bills to be read on three several days (Constitution, Article III, Section 32).

### Editorial Note

*"Four-fifths of the Senate" means four-fifths of the members present, provided a quorum is present.*

### Note of Ruling

*A motion to suspend the constitutional rule and Senate Rule 32 (now Rule 68) requiring bills to be read on three several days may be made although the same motion has been made and defeated on the same bill on the same legislative day (55 S.J. Reg. 1561 (1957)).*

## ELECTIONS

34. In all elections of the Senate, the vote shall be given viva voce, except in the election of officers of the Senate (Constitution, Article III, Section 41).

35. A majority of the whole number of votes cast shall be necessary for a choice in all elections by the Senate.

## NOMINATIONS BY THE GOVERNOR

36. When nominations shall be sent to the Senate by the Governor, a future day shall be assigned for action thereon, unless the Senate unanimously direct otherwise. They shall be referred directly to either the Subcommittee on Nominations or the standing committee with jurisdiction over the subject matter involved, which shall hold hearings and report its actions directly back to the Senate.

37. Nominations having been reported out of the Nominations Subcommittee, or other appropriately designated standing committee, shall not be acted upon unless the names of the nominees or individual nominee shall have been printed and laid on the members' desks 24 hours beforehand.

**RULE 38**

*Notes of Rulings*

*No action can be taken on nominations on same day submitted except by suspending rule requiring nominations to be considered on a "future day" (43 S.J. Reg. 199 (1933)).*

*A motion that the Senate hold an executive session the same day the motion is made is not in order, since Rule 86 (now Rule 36) provides that a future day shall be set for the consideration of Governor's nominations (48 S.J. Reg. 132 (1943)).*

38. Hearings on nominations by the proper committee shall be open meetings, unless an executive session is ordered by a majority vote of the membership of that committee.

39. All nominations approved or definitely acted on by the Senate shall be returned to the Governor by the Secretary from day to day, as such proceedings may occur.

*Editorial Notes*

*The Senate of the 43rd Legislature in open session, on a motion made by Senator Woodruff, refused to grant the request of Governor Ferguson to withdraw certain nominations that had been submitted by outgoing Governor Sterling, but not yet acted on by the Senate (43 S.J. Reg. 108 (1933)).*

*The Governor may re-submit a nomination of a particular person to a particular office after the Senate has failed to confirm the appointment of that person to that office. For briefs on this point and full text of the ruling of Lieutenant Governor Witt thereon, see 43 S.J. Reg. 373 (1933).*

## SECRECY OF EXECUTIVE SESSION

40. When the Senate is in executive session, the Senate Chamber and gallery shall be cleared of all persons except the Secretary of the Senate and the Sergeant-at-Arms who shall keep secret proceedings of such session until the injunction of secrecy is removed by unanimous vote of the Senate.

41. Consideration of all information and remarks touching the character and qualifications of nominees for confirmation by the Senate shall be in open session unless an executive session is ordered by a proper motion adopted by a majority vote of the membership of the Senate. Members of the Senate shall vote to confirm or not to confirm in open session of the Senate and the votes to confirm and not to confirm shall be entered in the journal of the Senate.

42. No member of the Senate shall be prohibited from revealing his own view on any matter, or his vote on any matter, pending or having been decided by the Senate.

## VIOLATION OF SECRECY

43. Any officer or member convicted of violating any provisions of either Rule 40 or 41 shall be liable, if an officer, to dismissal from the service of the Senate, and, if a member, to expulsion.

## MESSAGES TO THE HOUSE

44. Messages, bills, resolutions, and other papers shall be sent to the House of Representatives by the Secretary, who shall previously endorse upon them the final determination of the Senate thereon.

## RECEPTION OF HOUSE MESSAGES

45. Messages may be received at any time, except while a question is being put, while the yeas and nays are being taken, or while the ballots are being counted.

## JOURNAL OF THE SENATE

46. The proceedings of the Senate, when not in Committee of the Whole or in executive session, shall be entered on the journal as concisely as possible, care being taken to detail a true and accurate account of the proceedings; the titles of the bill and such parts thereof only as shall be affected by proposed amendments shall be inserted in the journal; every report of a committee and vote of the Senate; and a brief statement of the contents of each memorial, petition, or paper presented to the Senate shall also be inserted in the journal. Resolutions of a congratulatory nature and resolutions recognizing visitors to the Senate shall not be numbered or printed in the journal, but the names of the sponsor and the persons concerned and the recognition accorded may be listed for each day at the end of the day's proceedings. Originals of congratulatory recognition and memorial resolutions shall be limited to five in number.

*Editorial Note*

*House amendments to any Senate Bill, Senate Joint Resolution, or Concurrent Resolution shall be printed in the Senate Journal on the day that action is taken by the Senate thereon.*

*Notes of Rulings*

*The Senate can take cognizance of an action by House only if officially notified of such action (35 S.J. 2 C.S. 61 (1917)).*

*The President of the Senate and the Senate may refuse to abide by an erroneous entry in the journal and an erroneous endorsement on a bill and may proceed as though no such entry or endorsement had been made (37 S.J. Reg. 638 (1921)).*

*It is not out of order for a member to request that the journal show the subjects as well as the numbers of certain bills the recommitment of which has been moved (51 S.J. Reg. 562 (1949)).*

*A letter relating to supply of natural gas to San Antonio may be inserted in the Senate Journal and the rule relative to contents can be suspended by member requesting same if there is no other matter pending before Senate at that time (62 S.J. 2 C.S. (1972)).*

**RULE 47**

## RETURN OF VETOED SENATE BILLS

47. When a bill shall be returned to the Senate by the Governor, with his objections, they shall be entered at large upon the journal (Constitution, Article IV, Section 14).

*Note of Ruling*

*Consideration of a motion to override the Governor's veto of a particular bill may be postponed (45 S.J. Reg. 1484 (1937)).*

## REPORT TO GOVERNOR OF FINAL RESULT
## OF EXECUTIVE SESSION

48. The proceedings of the Senate, when in executive session, shall be kept in a separate book. The proceedings of the Senate, when in open session acting upon nominations made by the Governor, shall be entered in the journal of the Senate, and the Secretary shall report the final result to the Governor.

## ADJOURNMENT

49. A motion to adjourn or recess shall always be in order and shall be decided without debate, and the Senate may adjourn or recess while operating under the previous question.

## ADJOURNMENT OF SENATE FOR MORE THAN
## THREE DAYS

The Senate shall not adjourn or recess for more than three days, nor to any other place than that in which it may be sitting, without the concurrence of the House of Representatives (Constitution, Article III, Section 17).

*Editorial Note*

*The motion to recess or adjourn is not debatable, and the maker of either motion may not hold the floor to the exclusion of other Senators who might want to move to adjourn or recess to a different hour. After a series of such motions has been made, the motions must be voted on immediately.*

*Notes of Rulings*

*Under Senate Rule 1 which states that "two-thirds of all of the Senators elected shall constitute a quorum but a smaller number may adjourn (or recess) from day to day," a motion to recess (or adjourn) until a later time on the same day is a proper motion (61 S.J. Reg. 945 (1969)).*

*The Legislature may repeal or set aside a resolution setting a date for sine die adjournment (42 S.J. Reg. 1656 (1931)).*

*A resolution setting a new time for sine die adjournment is in order and requires only a majority vote to adopt it (42 S.J. 2 C.S. 189 (1931)).*

*A motion to adjourn may not be made immediately after the defeat of a series of motions to adjourn and recess (51 S.J. Reg. 577 (1949)).*

*A motion to adjourn or recess is not a proper motion where further business has not been transacted by the Senate since a previous motion to adjourn or recess had been made and defeated (61 S.J. Reg. 1059 (1969)).*

*A concurrent resolution containing a provision that "no date for adjournment be fixed until the appropriation bills have been passed and all important measures upon the calendar have been disposed of" was held out of order by Lieutenant Governor Lynch Davidson, because it sought "to deny the Legislature its constitutional right to adjourn at any time it desires" (37 S.J. Reg. 392 (1921)).*

*The Legislature may repeal or set aside a resolution setting a future date and hour for sine die adjournment, and a resolution setting a new time for sine die adjournment is in order, and only a majority vote is required to adopt it (42 S.J. Reg. 1656, 1682 (1931)).*

*An adjournment from Thursday to Monday is not for more than three days, and consent of the House to such an adjournment by the Senate is not needed (49 S.J. Reg. 640 (1945)).*

## WHEN SENATE RULES ARE SILENT

50.   The President of the Senate shall decide all questions not provided for by the standing Rules of Order of the Senate, and Joint Rules of Order of both branches of the Legislature, according to parliamentary practice, laid down by approved authors subject to appeal to the entire Senate, as in other cases.

### Editorial Note

*The rulings of the presiding officers of the Senate as shown in the Texas Legislative Manual, the practice in Congress as shown in Hinds' Precedents and in Cannon's Precedents, the practice in the Texas House of Representatives as shown in the Legislative Manual, and the rules and precedents as set forth in Jefferson's Manual, Cleaves' Manual, and the Manual of the United States Senate have been resorted to by the presiding officers of the Senate for guidance in deciding questions of order.*

## PREVIOUS QUESTION

51.   Pending the consideration of any question before the Senate, any Senator may call for the previous question, and if seconded by five Senators, the presiding officer shall submit the question: "Shall the main question be now put?" And if a majority vote is in favor of it, the main question shall be ordered, the effect of which shall be to cut off all further amendments and debate and bring the Senate to a direct vote—first upon pending amendments and motions, if there be any, then upon the main proposition. The previous question may be ordered on any pending amendment or motion before the Senate as a separate proposition and be decided by a vote upon said amendment or motion.

**RULE 51**

*Editorial Notes*

*After the previous question has been ordered, no motions are in order until the question or questions on which it is ordered have been voted upon, except the motions to adjourn, for a call of the Senate and to reconsider the vote by which the previous question was ordered, and the motion to reconsider can be made only once.*

*It has also been held that a motion may be withdrawn after the previous question has been ordered on it. (See Senate Journal, 46th Legislature, Regular Session, pages 2112-2113; Senate Journal, 50th Legislature, page 1237.)*

*Notes of Rulings*

*The previous question may not be ordered on final passage of bill prior to its being placed on third reading (34 S.J. Reg. 1063 (1915)).*

*Ordering of the previous question does not violate the "free discussion" section of the Constitution (38 S.J. Reg. 1169 (1923)).*

*When the main question has been ordered but not voted on, a member is not entitled to speak on a question of personal privilege (42 S.J. Reg. 1203; 42 S.J. 1 C.S. 675 (1931)).*

*The previous question may not be moved to include the votes to be taken on a bill or on any subsidiary motions applied to it at a more advanced stage (42 S.J. 1 C.S. 675 (1931)).*

*It is not in order to speak to a question of personal privilege after the previous question has been ordered (43 S.J. Reg. 691 (1933)).*

*A motion may be made (even by a Senator not voting on the prevailing side) to rescind the "action and vote of the Senate" in ordering the previous question (45 S.J. Reg. 432 (1937)). (A vote of two-thirds of all members present is required to suspend, rescind, or amend any rule of the Senate.)*

*The vote by which the main question is ordered on series of questions may be reconsidered after vote has been taken on one or more of the questions (45 S.J. 2 C.S. 82 (1937)).*

*The motion for the previous question on a bill may be made and voted on after the previous question has been ordered on a proposed amendment to the bill and before a vote has been taken on the amendment (46 S.J. Reg. 2041 (1939)).*

*A motion for previous question is not in order immediately after defeat of same motion (47 S.J. Reg. 1743 (1941)).*

*The constitutional rule (Section 32 of Article III) calling for "free discussion" on a bill does not prevent the making of a motion for the previous question on the passage of a bill or prevent the Senate's ordering the main question on the bill as provided for in its own rule relating to the previous question. The Senate determines by its vote on the motion for*

*the previous question whether or not the constitutional rule has been complied with (50 S.J. Reg. 1174 (1947)).*

*A motion for the previous question may be put at the same time on a motion to re-refer a bill from one committee to another committee and also a substitute motion that the same bill be referred from the original committee to still another committee (61 S.J. Reg. 1762 (1969)).*

### DEMAND FOR IMMEDIATE RULING

52. Pending the consideration or discussion of any point of order before the presiding officer and the Senate, or either, any Senator may demand that the point of order be immediately decided, and if seconded by 10 Senators, the presiding officer shall submit the question: "Shall the point of order be now decided?" If a majority vote is in favor of it, the point of order shall immediately be decided by the presiding officer, and if an appeal from his decision is taken, the appeal shall be immediately decided by the Senate without debate.

#### Editorial Note

*The President of the Senate is required by the rules of the Senate to decide questions of order, but he is not required to rule on the constitutionality of the substance or content of any proposed law, resolution, or amendment. He usually decides questions as to the constitutionality of a certain procedure or as to the Senate's constitutional jurisdiction, but he usually submits to the Senate for its decision questions as to the constitutionality of the substances or content of any proposal. See also Rules 5 and 15 and notes following them.*

#### Note of Ruling

*The constitutionality of a bill or resolution should not be ruled on by the presiding officer of the Senate (61 S.J. Reg. 2034 (1969)).*

### DECORUM
### REMOVAL OF SENATOR FROM CHAIR

53. If any Senator other than the regularly elected President Pro Tempore be presiding and fails or refuses to recognize any Senator to make a motion that is in order, or to raise a point of order that it is in order to raise, or fails or refuses to entertain an appeal from his decision, or to put such question to the Senate or fails to recognize any Senator to demand that a point of order under discussion be immediately decided, or fails to put the question, if seconded by 10 Senators, "Shall the point of order be now decided?" such Senator so offending shall be deemed guilty of violating the high privileges of the Senate, and until such offending Senator shall purge himself of such contempt and be excused by the Senate, he shall not again be called to the chair during the session. If such Senator so presiding shall refuse to recognize any Senator when addressed in proper order, or to entertain the motion, the point of order, or appeal of any Senator, or to pass upon the same, or to recognize a Senator to make the demand when seconded by 10 Senators that a point of order under discussion be

**RULE 54**

immediately decided, then the Senator seeking recognition may rise in his seat, and without recognition, read a written demand upon the Senator presiding, provided the same is signed by a majority of the Senators present, and if the Senator presiding persists in his refusal, then any number of Senators constituting a majority of the Senators present may present such written demand to the Sergeant-at-Arms, or the Assistant Sergeant-at-Arms, and such written demand shall be a full and sufficient warrant for arrest, empowering such officer, or either of them to arrest said Senator so presiding and eject him from the chair, and retain him under arrest until he shall be released by order of the Senate.

Should the Sergeant-at-Arms or the Assistant Sergeant-at-Arms fail or refuse to act and carry out such demand, they shall be removed from office on a majority vote of the Senate.

When such Senator is removed as aforesaid and the chair remains vacant, the Secretary shall call the Senate to order, and a President Pro Tempore ad interim shall be elected to preside until the Lieutenant Governor or a regular elected President Pro Tempore shall appear and take the gavel.

As soon as order is restored, the chair shall cause a record of the fact of removal to be made.

*Editorial Note*

*This rule is one of several first adopted in 1911 to prevent the Lieutenant Governor or any Senator occupying the chair temporarily and the Senators opposing a measure from killing it by dilatory tactics.*

## DECORUM AND DEBATE

54.   When a Senator is about to speak in debate or to communicate any matter to the Senate, he shall rise in his place and address the President.

*Editorial Note*

*A member who desires to speak on a pending question should address the chair and, having obtained recognition, may speak, in an orderly and parliamentary way, and subject to the rules of the Senate, as long as he desires.*

## RECOGNITION OF MEMBERS IN DEBATE

55.   When two or more members rise at once, the presiding officer shall decide which one shall speak first, but from his decision an appeal without debate may be taken to the Senate by any member.

*Editorial Note*

*When a bill or other measure is before the Senate, the President first recognizes, for motions for its disposition, the author or sponsor of the bill, who is entitled at all stages to prior recognition for motions that are in order which are intended to expedite the passage of the bill. In recognition for general debate, the President alternates between those favoring and those opposing a measure.*

*Note of Ruling*

*If the sponsor of a bill does not seek recognition to debate the question of its passage and another member obtains the floor to debate it, the member so obtaining the floor should be permitted to finish his remarks on the bill before the sponsor is allowed to discuss it (46 S.J. Reg. 1869 (1939)).*

## SPEAKING MORE THAN ONCE IN SINGLE DEBATE

56.   No member shall speak more than once in any one debate until every member desiring to do so shall have spoken, nor shall any member speak more than twice in any one debate without leave of the Senate.

*Note of Ruling*

*A Senator who yields the floor for a motion to adjourn without having concluded his address does not have to await the debate of all other Senators desiring to be heard on the question being considered before being recognized to resume and conclude his address (51 S.J. Reg. 181 (1949)).*

## MEMBER CALLED TO ORDER

57.   When a member shall be called to order by the President or by a Senator, he shall sit down and not be allowed to speak, except to the point of order, until the question of order is decided. If the decision be in his favor he shall be at liberty to proceed; if otherwise, he shall not proceed without leave of the Senate.

*Editorial Note*

*In 1925, Senator Fairchild obtained the floor to discuss a point of order which he had raised. Pending his remarks, Senator Wood raised the point of order that Senator Fairchild was not discussing the point of order but another matter. Lieutenant Governor Barry Miller sustained the point of order and submitted to the Senate the question of whether or not Senator Fairchild would be permitted to continue his discussion. The Senate refused to permit Senator Fairchild to continue the discussion by a vote of yeas 15, nays 16 (39 S.J. Reg. 1110 (1925)).*

## REFUSAL OF MEMBER CALLED TO ORDER TO BE SEATED

58.   Whenever a member is called to order by the President of the Senate or by the presiding officer then in the chair, in accordance with Rule 57 hereof, and such member fails to sit down and be in order, but continues disorderly, it shall be the duty of the Sergeant-at-Arms and/or his assistants upon the direction of the presiding officer to require such recalcitrant member to take his seat and be in order. Any member who persists in disorderly conduct, after being warned by the presiding officer, may, by motion duly made and carried by two-thirds vote of the members in attendance, be required to purge himself of such misconduct and until such member has purged himself of such misconduct he shall not be entitled to the privileges of the floor.

**RULE 59**

*Editorial Note*

*When speaking, a member must confine himself to the subject under debate. In discussing an amendment, the debate must be confined to the amendment and not include the general merits of the bill or other proposition.*

## INTERRUPTION OF PRESIDENT

59.   While the President is putting the question or addressing the Senate, he shall not be interrupted.

## INTERRUPTION OF MEMBER SPEAKING

60.   While a member has the floor, no member shall interrupt him or otherwise interrupt the business of the Senate, except for the purpose of making a point of order, calling him to order, moving the previous question, demanding that a point of order under discussion or consideration be immediately decided, or a motion to adjourn or recess; and any member shall, though another member has the floor, be recognized by the presiding officer, and be in order to call to order the member, to make a point of order, or to move the previous question, or to demand that a point of order be immediately decided. A member who has the floor must yield to permit the Senate to receive messages from the Governor and from the House of Representatives and shall not lose the floor. A member who has the floor may yield for questions from other members and shall not lose the floor. In the event a member is interrupted because of a motion to adjourn or recess and the motion fails, the floor shall be immediately returned to the interrupted member. In the event the interrupted member was speaking under the previous question and a motion to adjourn or recess prevails, he shall resume the floor and finish speaking when the bill is next considered by the Senate.

*Editorial Notes*

*It is the custom of the President to request a member to yield for a message.*

*Although there is no Senate rule by which a member can be taken from the floor for pursuing "dilatory tactics" (40 S.J. Reg. 882 (1927)), a Senator who has been repeatedly called to order for not confining his debate to the question before the Senate may be required by the Senate to discontinue his address.*

*A point of order against further debate of a question by a Senator on the ground that his remarks are not germane to the question before the Senate is often disposed of by the chair with a warning to the Senator who has the floor to confine his remarks to the pending question.*

*The point of order having been raised for the third time that a Senator who had the floor was filibustering and not confining his remarks to the bill before the Senate, the chair requested the Senate to vote on the point of order. It was sustained and the Senator speaking yielded the floor (44 S.J. Reg. 1780 (1935)).*

*The withdrawal of a pending motion by its maker is a privilege that may be exercised at any time, even while a member is addressing the Senate (46 S.J. Reg. 1931, 2112-2113 (1939); 50 S.J. Reg. 1237 (1947)).*

### Notes of Rulings

*A member who has the floor may not be removed by the adoption of a motion for the previous question (38 S.J. Reg. 1169 (1923)).*

*By raising a point of order, the speaker loses his right to resume speaking if the previous question has been ordered (42 S.J. Reg. 1683 (1931)).*

*The motion for the previous question may be made at any time, even when another member has the floor (42 S.J. 2 C.S. 236 (1931)).*

*A member may not take the floor on a point of personal privilege while another member is addressing the Senate (43 S.J. Reg. 1430 (1933)).*

*A parliamentary inquiry is a privileged matter (43 S.J. Reg. 1430 (1933)).*

*A speaker yielding the floor for the reception of a message from the House does not lose his right to resume the floor immediately after message received (46 S.J. Reg. 1873 (1939)).*

*Remarks not in the nature of an inquiry are not in order by a member to whom a Senator has yielded for a question (48 S.J. Reg. 519 (1943)).*

*A digression by a Senator in his speech on a pending amendment to another subject does not ban his resuming and continuing a germane discussion of the amendment (50 S.J. Reg. 417 (1947)).*

*A second digression by a Senator on the floor from a discussion of the pending amendment does not necessarily prevent his resuming and continuing a germane discussion of the amendment (50 S.J. Reg. 418 (1947)).*

*Raising of a third point of order against further debate by a Senator on the floor who has digressed for a third time from a discussion of the pending amendment, after having been twice requested to confine his debate to the amendment, justifies the presiding officer in calling for a vote by the Senate on the question of whether or not he shall be permitted to resume and continue his remarks (50 S.J. Reg. 418 (1947)).*

*A Senator addressing the Senate may not yield the floor temporarily except by unanimous consent to allow an address by another Senator on a point of personal privilege (50 S.J. Reg. 483 (1947)).*

*When a member has been recognized and is speaking on a motion to re-refer a bill, he must stand upright at his desk and may not lean thereon (61 S.J. Reg. 1760, 1762 (1969)).*

*When a member has been recognized and is speaking on a bill or resolution, he may make a parliamentary inquiry but not raise a point of order without yielding the floor (61 S.J. Reg. 1057 (1969)).*

**RULE 61**

*When a member has the floor and is speaking on a bill or resolution, he must stand upright at his desk and may not lean or sit on his desk or chair (61 S.J. Reg. 1059 (1969)).*

*A member speaking on a bill or resolution must confine his remarks to the subject of the bill or resolution (61 S.J. Reg. 1517 (1969)).*

*When a member has been recognized and is speaking on an amendment to a bill or resolution, he must confine his remarks to the subject of the amendment pending before the Senate (61 S.J. Reg. 856, 857 (1969)).*

*When a member has been recognized and is speaking for or against a bill or resolution, he must confine his remarks to the bill or resolution. After three warnings to do so, he must yield the floor (61 S.J. Reg. 2191 (1969)).*

*A committee report can only be submitted during the morning call unless the member has the unanimous consent of the members of the Senate and he may not interrupt a member speaking for or against a bill or resolution for that purpose unless the member speaking yields the floor for that specific purpose (61 S.J. 1 C.S. 124 (1969)).*

*When a member has been recognized and is speaking on a bill or resolution, he must confine his remarks to the subject of the bill and speak audibly (62 S.J. Reg. 778 (1971)).*

## PUNISHMENT FOR MISCONDUCT

61. The Senate may punish any member for disorderly conduct and, with the consent of two-thirds of the elected members, may expel a member, but not a second time for the same offense (Constitution, Article III, Section 15).

## OBSTRUCTING PROCEEDINGS OF SENATE—PUNISHMENT .

62. The Senate, during its session, may imprison for 48 hours, any person, not a member, for disrespectful or disorderly conduct in its presence or for obstructing any of its proceedings (Constitution, Article III, Section 15).

### Note of Ruling

*While a member has the floor and is speaking and there is a demonstration or applause from the gallery, the presiding officer shall give those persons in the gallery two warnings to refrain from such demonstrations or applause, stating each time that it is a warning. If a third warning becomes necessary, the presiding officer is authorized to direct the Sergeant-at-Arms to clear the gallery and lock the doors leading to the Senate Chamber (55 S.J. Reg. 1117 (1957)).*

## BRIBERY

63. Any member who shall receive or offer a bribe, or who shall suffer his vote to be influenced by promise or preferment of reward, shall on conviction, be expelled (See also Article 36.02, Penal Code, as amended).

## ADMITTANCE TO SENATE CHAMBER;
## RESTRICTIONS ON DRESS AND BEHAVIOR

64.   Persons hereinafter named and no others shall be admitted to the Senate Chamber while the Senate is in session provided that persons other than members of a Senator's family, members of the House of Representatives of the State of Texas, and Pages and Sergeants-at-Arms of the Senate shall be required to remain behind the brass rail.

(1)   Members of the Senate and their families, Secretary of the Senate and his family, employees of the Senate and House of Representatives when on official business, Representatives, the Governor, his family and his private secretary, the Lieutenant Governor and his family, the President and Vice-President of the United States, United States Senators and members of Congress, Governors of other states, judges of the Supreme Court, Secretary of State, the Courts of Criminal and Civil Appeals, duly accredited newspaper reporters and correspondents and radio commentators and television cameramen and commentators who have complied with Sections (2) and (3) of this rule. It shall be the special duty of the President to see that officers and employees remain upon the floor of the Senate only when actually engaged in the performance of their official duties. Such persons other than the Lieutenant Governor and members of the Senate shall not be permitted to work for or against any proposition before the Senate while on the floor.

### PERSONS LOBBYING NOT ADMITTED

No newspaper reporter, or other person whomsoever, whether a State officer or not, who is lobbying or working for or against any pending or prospective legislative measure, shall in any event be permitted upon the floor of the Senate or in the rooms leading thereto, except the Senate reception room, when the Senate is in session.

### PRESS CORRESPONDENTS

(2)   While the Senate is in session, no person shall be admitted to the floor of the Senate or allowed its privileges, as a press correspondent or radio commentator or television cameramen and commentators, unless said person is a regularly employed, salaried staff correspondent or reporter in the employ of a newspaper publishing general news, or press association serving newspapers, or publications requiring telegraphic coverage, or unless said person is a regularly employed, salaried employee of a duly licensed radio or television station.

### FORFEITURE OF ADMITTANCE PRIVILEGE

(3)   If any person, admitted to the Senate under this rule, shall lobby or work for or against any pending or prospective legislation or shall violate any of the other rules of the Senate, the privileges extended to said person under this rule shall be suspended by a majority of the Committee on Administration. The action of the committee shall be reviewable by the Senate only if two members of the committee request an appeal from the

1-21-87 SR 6

**RULE 64**

decision of the committee, which appeal shall be in the form of a minority report, and shall be subject to the same rules that are applicable to minority reports on bills.

Every newspaper reporter and correspondent and radio commentator and television cameramen and commentators, before being admitted to the Senate during its session, shall file with the Committee on Administration a written statement showing the paper or papers which he represents and certifying that no part of his salary or compensation is paid by any person, firm, corporation, or association except the paper or papers or radio station or television station which he represents.

## SUSPENSION OF ADMITTANCE RULE

(4) It shall be in order for the President to entertain a request, motion, or resolution for the suspension of this rule or to present from the chair the request of any member for unanimous consent.

(5) It shall be the duty of the Sergeant-at-Arms and his assistants to clear the hall of all persons not entitled to the privilege thereof 30 minutes before the hour of the meeting of the Senate.

## EXCEPTIONS

(6) Provided that this rule shall not apply to persons who are invited to address the Senate when in session, nor shall it apply to any person who desires to appear before any committee, while going to or returning from the session of said committee, nor to the Governor while delivering an official message; provided further that this rule shall not apply during the inauguration of the Governor and other public ceremonies provided for by resolution of the Senate. All officers and employees of the Senate are prohibited from lobbying in favor of or against any measure or proposition pending before the Senate, and should any officer or employee violate this rule, the same shall be cause for dismissal from the service of the Senate by the President.

(7) Provided further that the privileges of the floor shall not be extended to any person or persons except members of the Senate, and the Governor, desiring to make an address before the Senate on pending or contemplated legislation.

(8) Solicitors and collectors shall not be admitted to the Senate during its sessions.

(9) Messages or call slips shall not be delivered to members of the Senate when a roll call is in progress. Individuals desiring to pass a message to members of the Senate must sign their names to that message.

*Editorial Notes*

*Section 305.023, Title 3, Government Code, provides: "No person who is registered or required to be registered under this Chapter may go on the floor of either house of the legislature while that house is in session unless invited by that house."*

*The rule relating to admission to the floor of the Senate, as written prior to 1939, provided that the rule could not be suspended.*

### Note of Ruling

*The rule relative to admittance to the Senate Chamber, when invoked, cannot be suspended by the Senate (42 S.J. 1 C.S. 644 (1931)). (Explanatory Note: When this ruling was made, part (4) of the rule specifically prohibited the chair's entertaining a request for the suspension of the rule.)*

## NO EATING OR DRINKING IN SENATE CHAMBER

65.   No employee, Senator, Representative, or other person shall be allowed to eat or drink in the Senate Chamber proper at any time. The Sergeant-at-Arms and other custodians will strictly enforce this rule.

## PERSONS MUST BE PROPERLY
## ATTIRED IN SENATE CHAMBER

66.   While the Senate is actually in session, no male Senator or Representative or any other male person shall come on the floor of the Senate without wearing a coat and tie. The Sergeant-at-Arms and doorkeepers are instructed to strictly enforce this rule, and only the President of the Senate may suspend the rule as to any person or to all persons, and that action to be taken in writing to the Sergeant-at-Arms.

## LEGISLATION
## CONSIDERATION OF HOUSE BILL IN LIEU OF SENATE BILL
## ON SAME SUBJECT

67.   When any Senate bill shall be reached upon the calendar or shall be before the Senate for consideration, it shall be the duty of the President to give the place of such bill on the calendar to any House bill which has been referred to and reported from a committee of the Senate containing the same subject or to lay such House bill before the Senate to be considered in lieu of such Senate bill.

### Editorial Notes

*The purpose of this rule is to save the time and labor of the Legislature by disposing of the most advanced legislation first. The House bill is not substituted for the Senate bill, but simply is considered instead of the Senate bill, which is displaced on the calendar by the House bill.*

*It is not necessary that the bills be identical if generally they cover the same subject and are directed to the same end.*

### Note of Ruling

*A House bill that has been reported favorably and relates to the same subject as a Senate bill that has been reached on the calendar should be considered by Senate in lieu of the Senate bill if said House bill is "of the same general tenor" (38 S.J. Reg. 470 (1923)).*

## PROCEDURE IN PASSAGE OF BILLS

68.   No bill shall have the force of a law until it has been read on three several days in each House and free discussion allowed thereon, but in case of imperative public necessity (which necessity shall be stated in a preamble or in the body of the bill), four-fifths of the House in which the bill may be pending may suspend this rule, the yeas and nays being taken on the question of suspension and entered upon the journals (Constitution, Article III, Section 32).

### Editorial Note

*"Four-fifths of the House in which the bill may be pending" has been interpreted repeatedly to mean four-fifths of all of the Senators present, a quorum being present.*

### Notes of Rulings

*Only four-fifths of those present are required to suspend constitutional rule requiring bills to be read on three several days (42 S.J. Reg. 253 (1931)).*

*A motion to suspend the constitutional rule and Senate rule requiring bills to be read on three several days may be made although the same motion has been made and defeated on the same legislative day (55 S.J. Reg. 1561 (1957)).*

*For ruling of Lieutenant Governor Shivers during Regular Session, 50th Legislature, relative to allowance of "free discussion" on a bill, see notes on rulings following Senate Rule 51.*

*(See ruling after Rule 33.)*

## ANNOUNCEMENT OF STAGE OF BILL

69.   The President shall, at each reading, announce whether the bill originated in the Senate or House of Representatives, and whether it be the first, second, or third reading.

## FIRST READING AND REFERENCE OF BILLS

70.   (a) Beginning the first Monday after the general election preceding the next regular legislative session, or within 30 days prior to any special session, it shall be in order to file with the Secretary of the Senate bills for introduction in that session. Upon receipt of such bills the Secretary of the Senate shall number them and make them a matter of public record, available for distribution. Once a bill has been so filed it may not be recalled.

(b)   A bill, when introduced, shall be read and referred to a committee. The first reading of a bill, if a Senate bill, shall be the reading thereof when first introduced; if a House bill, the reading thereof when submitted to the Senate. And all House bills, when received in the Senate, shall be read and referred to a committee. No action shall be taken upon a bill accepting, rejecting, or amending the same until it has been reported upon by a committee. And it shall be the duty of each committee of the Senate when

there has been referred to it or is before it for consideration a Senate bill and a House bill containing the same subject to consider first and report upon the House bill. During the first 60 days of the session, a bill may be introduced by filing same with the Secretary of the Senate at any time whether the Senate is in session or not. A bill filed with the Secretary of the Senate shall be read on first reading at the appropriate point in the morning call during the next legislative day after said bill has been filed.

### Editorial Notes

*This rule clearly forbids tabling a bill that has not been reported from a committee. The practice of tabling a bill not properly before the Senate for consideration is not in accordance with good parliamentary practice, since the practice deprives the sponsors of a fair opportunity of protecting the life of the bill.*

*Lieutenant Governor Barry Miller declined to refer a bill that had been presented for introduction at a called session, holding that it was not covered by the call of the Governor (41 S.J. 5 C.S. 9, 14 (1930)). (See also Appendix under heading Jurisdiction — Special Sessions.)*

### Notes of Rulings

*The Senate may not grant by vote or by unanimous consent permission to a member to introduce a bill not within Governor's call (43 S.J. 1 C.S. 24 (1933)).*

*A point of order, made and sustained at a special session, that a bill (which has been read second time) is not within the Governor's call prevents any further consideration of it at that session (43 S.J. 2 C.S. 27 (1934)).*

*A motion to re-refer a bill is in order at any time there is not another question already before the Senate for immediate consideration (51 S.J. Reg. 755-756 (1949)).*

*A bill making an appropriation for the activation of an agency to distribute surplus commodities to state hospitals and special schools and for certain other related purposes is within the call of the Governor for a special session "to make and to finance such appropriations as the Legislature may deem necessary for State hospitals and special schools. . . ." (51 S.J. 1 C.S. 161 (1950)).*

## MOTION TO PASS BILL IS NOT NECESSARY

71. No motion shall be necessary to pass a bill to its second reading. The main question on the second reading of the bill shall be, if a Senate bill, "Shall this bill be engrossed and passed to a third reading?" and if it be a House bill, "Shall this bill pass to a third reading?"

### Note of Ruling

*A motion to pass to third reading a bill not pending before the Senate is not in order (45 S.J. Reg. 1231 (1937)).*

## GERMANENESS

72.  (a)  Each bill must include a caption beginning with the words "A Bill to be Entitled an Act," to be followed by a brief statement that gives the Legislature and the public reasonable notice of the subject of the proposed measure.

(b)  No motion or proposition on a subject different from that under consideration shall be admitted under color of amendment or as a substitute for the motion or proposition under debate (Constitution, Article III, Sections 30 and 35).

*Notes of Rulings*

*An amendment to a tax-raising measure, which amendment has for its purpose the reduction of appropriations already made is not germane (45 S.J. 2 C.S. 184-185 (1937)). (This ruling was sustained by the Senate by a vote of 15 to 14.)*

*An amendment to the rural aid bill that has for its purpose a change in a general law is not in order (46 S.J. Reg. 1633 (1939)).*

*An amendment relative to maximum gross weight of trucks is not germane to bill regulating private motor carriers (46 S.J. Reg. 1732 (1939)).*

*An amendment to general bill to exempt one senatorial district from its provisions is not germane (46 S.J. Reg. 2142-2143 (1939)).*

*Amendment allocating penalties and interest collected on delinquent taxes to special county fund not germane to bill remitting penalties and interest (47 S.J. Reg. 801 (1941)).*

*An amendment must be germane to that portion of bill proposed to be amended (47 S.J. Reg. 1062 (1941)).*

*Amendment to restrict site for building, etc., held germane to bill providing for new office building (47 S.J. Reg. 2282 (1941)).*

*Amendment to change general law not germane to bill primary purposes of which are to allocate and to appropriate certain revenues (48 S.J. Reg. 420 (1943)).*

*An amendment to place a tax on fuel used in aircraft is not in order to a Senate bill to exempt certain fuels from tax imposed by motor fuel tax law (49 S.J. Reg. 537 (1945)).*

*An amendment to increase franchise tax of any corporation availing itself of bill's provisions is germane to bill to increase rights and powers of certain corporations (49 S.J. Reg. 751 (1945)).*

*An amendment to require payment of all taxes due by automobile owner as prerequisite for obtaining license for car is not germane to bill to require only the payment of property taxes on car as prerequisite for license (49 S.J. Reg. 880 (1945)).*

*An amendment prescribing a penalty for effecting a sale of liability insurance by misrepresentation that the law requires such insurance of all automobile drivers is not germane to a bill relating to the financial responsibility of drivers (50 S.J. Reg. 976 (1947)).*

*An amendment (which is in effect a complete substitute bill) that provides a system of civil service regulations and also a system of retirement of state employees is germane to a bill providing only for a state employees retirement system (50 S.J. Reg. 1006 (1947)).*

*An amendment to exempt one county and one senatorial district from the provisions of a joint resolution, the original purpose of which is to increase the compensation of all members of the Legislature, is not germane (50 S.J. Reg. 1483 (1947)).*

*An amendment prescribing a minimum allocation to school districts from a certain fund is not germane to a bill the purpose of which is only to create the fund (51 S.J. Reg. 338 (1949)).*

*An amendment prescribing a penalty for practitioners of healing arts receiving rebates is germane to bill prescribing minimum basic qualifications of such practitioners (51 S.J. Reg. 729 (1949)).*

*The amendment of a general appropriation bill by inserting therein additional matter creating a new medical college or branch of The University of Texas is not permissible (51 S.J. Reg. 1126 (1949)). [Note.—Lieutenant Governor Shivers supplemented this ruling with the further statement that in his opinion it would be permissible to insert in a general appropriation bill a specific appropriation to be used by the University Board of Regents to establish another medical department or branch and to include with the appropriation so inserted detailed directions to the board for spending the appropriation for that purpose pursuant to the pre-existing law authorizing said board to "establish the departments of a first-class University."]*

*An amendment that seeks to transfer a state university from the board of regents, state senior colleges, that includes the university in the subject of the bill is germane to the bill that seeks to transfer another state university from the same board (61 S.J. Reg. 204 (1969)).*

*An amendment that seeks to amend a bill setting up a "Memorial for John F. Kennedy in Dallas" by changing the procedures for setting up the "Commission" and eliminates the appropriation of state funds therefor is germane to the subject of the bill (61 S.J. Reg. 520 (1969)).*

*An amendment that seeks to amend a bill setting up a "Memorial for John F. Kennedy in Dallas" by striking all below the enacting clause and setting up a "Commission to Memorialize all native and adopted Texans" is not germane to the caption (subject) of the bill (61 S.J. Reg. 521 (1969)).*

*An amendment that seeks to amend a joint resolution "to repeal the requirement that voters register annually" which sets an effective date*

*therefor is not a proper amendment to the resolution when an amendment has previously been adopted setting such date at the same stage of the resolution (61 S.J. Reg. 693 (1969)).*

*An amendment that seeks to set up procedures and funds in other geographical areas of the state for "The Texas Technical Institute" is not a proper amendment to a bill which changes the name of the James Connally Technical Institute of Texas A&M University to "The Texas Technical Institute" and sets specific locations therefor (61 S.J. Reg. 708 (1969)).*

*An amendment that seeks to change "the age of persons eligible to vote" is germane to the caption (subject) of a joint resolution that "repeals the requirement that voters register annually" and since no amendment has been offered at the same stage of the resolution, it is a proper amendment (61 S.J. Reg. 720 (1969)).*

*An amendment that seeks to amend a Section of the bill which has been amended to provide for the role and scope of the Texas State Technical Institute may not be amended again to provide other roles thereof at the same stage of the bill (61 S.J. Reg. 857 (1969)).*

*An amendment that seeks to add an appropriation for another school is not germane to the caption (subject) of a bill that "makes a supplemental appropriation to The Coordinating Board, Texas College and University System for contracts with Baylor University College of Medicine" (61 S.J. 2 C.S. 179 (1969)).*

*An amendment that seeks to include a corporate income tax is germane to the caption (subject) of a bill (omnibus tax bill) to provide taxation for the operation of state government (62 S.J. Reg. 861 (1971)).*

*An amendment that provides for additional schools other than those submitted by the Governor as an emergency matter is not germane to caption (subject) of bill (62 S.J. Reg. 357 (1971)).*

*An amendment that seeks to amend a section of the bill that has been previously amended at the same stage of the bill is not a proper amendment (62 S.J. Reg. 1168 (1971)).*

*An amendment that seeks to amend other sections of the Election Code is not germane to a bill to "enact temporary provisions relating to method of conducting and financing primary elections" (62 S.J. 1 C.S. 19 (1971)).*

### AMENDMENTS TO TAX BILLS

72.1. No amendment shall be offered to any tax bill on second reading unless the subject matter it entails has been discussed at a Senate committee meeting at which the bill was heard.

### SEVENTY-TWO AND TWENTY-FOUR HOUR RULES

73. No bill shall be considered unless it has been referred to a committee and reported thereon, and no bill shall be passed which has not been presented and referred to and reported from a Senate committee at least

three days before the final adjournment of the Legislature (Constitution, Article III, Section 37). And no vote shall be taken upon the passage of any bill within the last 24 hours of the session unless it be to correct an error therein. No provision of this rule may be suspended except by consent of four-fifths of the members present.

*Notes of Rulings*

*The 24-hour Senate rule forbidding vote on passage of a bill during the last 24 hours of a session may be suspended by a two-thirds vote of the Senate, and a joint rule containing the same provision may be suspended by a majority vote of each House by concurrent resolution (42 S.J. 2 C.S. 237 (1931)).*

*The 24-hour rule that prohibits a vote on a bill during the last 24 hours of a session of the Legislature makes further consideration and debate of the bill out of order when the 24th hour before final adjournment has arrived (44 S.J. Reg. 1819 (1935)).*

## PRINTING OF BILLS

74.   Every general bill reported favorably shall be printed, unless the Senate, on the same day it is reported or on the next legislative day, shall order it not printed. Each local bill shall be printed, unless the committee reporting it recommends that it not be printed, in which case the committee's recommendations shall be effective as an order of the Senate that the bill be not printed. A list of all bills ordered not printed by the Senate or ordered not printed by committee recommendation shall be listed by number, author, and caption and distributed to each member at the close of each day's business. Copies of all bills printed shall be placed on the desks of Senators on the same day the printed copies are delivered by the printer. No bill except local bills and except general bills that have been ordered not printed by the Senate shall be considered by the Senate until a printed copy thereof has been on the desk of each Senator at least 24 hours. Motions that bills be not printed are privileged when there is no other matter pending before the Senate.

74a.   When a Senate bill has been received from the House with amendments all House amendments must be printed and laid on each member's desk for 24 hours prior to a motion to concur.

*Editorial Note*

*The rules governing the printing of bills also apply to the printing of concurrent and joint resolutions.*

*Notes of Rulings*

*Multigraphed copies of a bill are equivalent to printed copies so far as the 24-hour printing rule is concerned (42 S.J. Reg. 55 (1931)).*

*Setting a bill that has not been printed as a special order permits its consideration at the time for which it is set even though it has not been printed (43 S.J. 2 C.S. 96 (1934)).*

## ADOPTION OF AMENDMENT ON FINAL PASSAGE OF BILL

75.   No amendment shall be adopted at the third reading of a bill without the consent of two-thirds of the members present.

## SIGNING OF BILLS AND RESOLUTIONS BY PRESIDING OFFICER

76.   The presiding officer of each House shall, in the presence of the House over which he presides, sign all bills and joint resolutions passed by the Legislature, after their titles have been publicly read before signing, and the fact of signing shall be entered on the journals (Constitution, Article III, Section 38).

## HOUSE AMENDMENTS TO SENATE BILLS

77.   When the House of Representatives shall adopt and send to the Senate amendments to a Senate bill, the President may refer the bill and the amendments to the Senate committee that previously had reported on the bill. The committee shall promptly report and recommend whether the Senate should concur in any or all of the House amendments.

### Editorial Note

*The Editor has found no instance of a Senate bill being substituted in the House and then coming back to the Senate and taking the course in the Senate of a bill originating in the House.*

### Note of Ruling

*A point of order raised by Senator Caldwell against a report of conference committee on the ground that the House amendments to the bill (S.B. 147) constituted a complete substitute bill and should therefore take the course of a newly received House bill in the Senate was overruled (36 S.J. Reg. 1023 (1919)).*

## PETITIONS AND RESOLUTIONS

78.   (a) Every resolution that requires the approval of the Governor shall be subject to the rules that govern the proceedings on bills.

(b)   Petitions, concurrent and joint resolutions, and resolutions setting or defining legislative or state policy shall be referred to an appropriate standing committee when introduced and shall not be considered immediately unless the Senate so directs by a two-thirds vote of the members present. The motion to consider such petition or resolution immediately is not debatable.

### Editorial Notes

*Due to the special provision in the Constitution excepting resolutions relating to adjournment and to another special provision making it the duty of each House to adopt its own rules of procedure, concurrent resolutions relating to adjournment, and probably those adopting or suspending joint rules or relating to legislative procedure do not require the approval of the Governor.*

*Joint resolutions proposing amendments to the State Constitution do not require the Governor's approval.*

*A Senate or a concurrent resolution providing for a rule suspension or the carrying out of a particular procedure authorized by the rules is usually regarded as privileged and is considered when introduced without a vote being taken to consider immediately. (See also note of ruling following Rule 23.)*

### Notes of Rulings

*Senate resolution that reflects on member of House may not be considered by Senate (35 S.J. 3 C.S. 1002 (1917)).*

*An appropriation cannot be made by resolution (45 S.J. Reg. 570 (1937)).*

*A resolution attempting to amend a general law is not in order (45 S.J. 1 C.S. 101 (1937)).*

*A Senate resolution which does not require the approval of both Houses may be adopted at a special session, although it relates to a subject not submitted by the Governor (41 S.J. 3 C.S. (1929)).*

*The only changes that can be made in a bill by resolution are corrections of typographical or clerical errors (43 S.J. Reg. 1946 (1933)). A House concurrent resolution which has been referred to a Senate standing committee during a called session, may, under a suspension of rules, be taken up and considered and adopted although no report on it has ever been submitted by the chairman of the committee to which it was referred. (See procedure had on H.C.R. 5, 51 S.J. 1 C.S. 114 (1950)).*

*A motion to suspend the regular order of business to consider a resolution immediately is not debatable (54 S.J. Reg. 1433 (1955)).*

*A motion to take up and consider a resolution is not debatable but a limited explanation of the resolution to which the motion applies is permissible (55 S.J. Reg. 1596 (1957)).*

*A corrective resolution that seeks to correct a wrong section reference in a bill does not change the language or meaning of the bill (61 S.J. Reg. 1873 (1969)).*

*A congratulatory resolution when offered is not debatable and therefore may be considered immediately or referred to a committee by the presiding officer of the Senate (61 S.J. 1 C.S. 124 (1969)).*

*A resolution on which Senate rules have been suspended for consideration thereof does not have to be referred to and considered by a committee (62 S.J. 3 C.S. 125 (1972)).*

## CONGRATULATORY, MEMORIAL, AND COURTESY RESOLUTIONS

79. Congratulatory and memorial petitions and resolutions, after a brief explanation by the author or sponsor, shall be considered immediately

without debate unless otherwise ordered by a majority of the members present. Upon request by any member, the presiding officer shall, at an appropriate time during the proceedings, recognize guests of such member in the Senate Chamber or gallery. Any member may request and the Secretary of the Senate shall provide a maximum of five copies of a courtesy recognition certificate for each person or group so recognized by the presiding officer.

### Note of Ruling

*A congratulatory resolution when offered is not debatable and therefore may be considered immediately or referred to a committee by the presiding officer of the Senate (61 S.J. 1 C.S. 124 (1969)).*

## AMENDMENTS TO THE CONSTITUTION

80.   Joint resolutions proposing amendments to the Constitution shall be subject to rules that govern the proceedings on bills. They shall, in all cases, be read on three several days, and amendments to the resolutions on third reading shall require an affirmative vote of two-thirds of the members present. Final passage shall require a vote of two-thirds of the members elected to the Senate.

### Editorial Note

*The opinion of Attorney General Cureton, dated May 17, 1913, relative to the validity of an appropriation section in a joint resolution and to the mode and manner of amending the Constitution, holds that Section 1 of Article 17 of the Constitution provides a complete formula for proposal of constitutional amendments and that any rule or resolution attempting to limit, add to, or modify that formula is null and void.*

### Note of Ruling

*A joint resolution that receives a vote of two-thirds of all the members of the Senate on being read second time is not finally passed by the Senate and must take the full course of a bill (44 S.J. Reg. 670 (1935)).*

## FAILURE OF JOINT RESOLUTION TO BE ADOPTED AFTER THIRD READING

81.   When a joint resolution has failed of adoption on third reading, it shall not be again considered during that session.

## CALL FOR YEAS AND NAYS BY PRESIDING OFFICER

82.   Upon the final passage of all amendments proposed to the Constitution, of all bills appropriating money or lands for any purpose, and of all questions requiring a vote of two-thirds of the members elected, the presiding officer shall call for the yeas and nays, and they shall be entered in the journal. Upon all other questions requiring a vote of two-thirds of the members present, including a motion to suspend the rules, the presiding officer shall determine if there is objection and, if so, call for the yeas and nays, but they shall not be entered into the journal unless required under Rule 29. If no objection is made, the journal entry shall reflect a unanimous

consent vote of the members present without necessity of a roll call of yeas and nays.

## DEFEATED BILL OR RESOLUTION

83. After a bill or resolution has been considered and defeated by either branch of the Legislature, no bill or resolution containing the same substance shall be passed into a law during the same session (Constitution, Article III, Section 34).

### *Editorial Note*

*For an exhaustive ruling by Lieutenant Governor Stevenson on the effect on other bills on the same subject of the defeat of one bill on that subject, see 46 S.J. Reg. 666-671 (1939).*

### *Notes of Rulings*

*Defeat of an amendment containing same substance as a bill does not prevent consideration of the bill (35 S.J. Reg. 915 (1917)).*

*A joint resolution containing same substance as one that fails to pass in the House may be considered and passed by Senate (35 S.J. Reg. 1140-1148 (1917)).*

*Defeat of a House bill in the House does not necessarily make an amendment having the same effect as the bill out of order in the Senate (42 S.J. Reg. 1565 (1931)).*

*A bill substantially the same as one held unconstitutional by Supreme Court may not be considered in Senate (44 S.J. Reg. 953 (1935)).*

*Consideration of a bill to create a textbook committee is not in order after the House has defeated a bill containing same substance (48 S.J. Reg. 873 (1943)).*

## COURSE OF COMMITTEE SUBSTITUTE BILLS

84. A committee may adopt and report a complete germane committee substitute containing the caption, enacting clause, and text of a bill or resolution in lieu of the original, in which event the complete substitute bill or resolution shall be laid before the Senate and shall be the matter before the Senate for its consideration instead of the original. If the substitute is defeated at any legislative stage, the bill or resolution is considered not passed.

## CUSTODIAN OF BILLS AND RESOLUTIONS

85. The Calendar Clerk shall be the official custodian of the bills and resolutions pending in the Senate, and the same may not be withdrawn from the custody of such clerk without the consent of the Senate.

## PERIODS FOR INTRODUCTION AND CONSIDERATION OF BILLS

86. During the first 60 calendar days of the session, it shall be in order to file with the Secretary of the Senate bills for introduction during that

session. Such bills will be numbered upon receipt and will be introduced not later than the next legislative day; all House and Senate bills will be referred to a proper committee not later than the next legislative day after introduction; provided, however, that at any time during the session, resolutions, emergency appropriations, emergency matters specifically submitted by the Governor and special messages to the Legislature, and local bills (as defined in Rule 88) may be filed with the Secretary of the Senate, introduced and referred to the proper committee, and disposed of under the rules of the Senate.

## SUSPENSION OF TIME LIMIT RULE

87. Except as otherwise provided in Rule 86, no bills shall be introduced after the first 60 calendar days of the session; provided, however, this rule may be suspended by the affirmative vote of four-fifths of the members of the Senate.

### Note of Ruling

*Refusal of the Senate to suspend the foregoing rule to permit the introduction of a bill does not prevent its being offered again for introduction later (43 S.J. Reg. 1656 (1933)).*

## INTRODUCTION AND CONSIDERATION OF LOCAL BILLS

88. The constitutional procedure with reference to the introduction, reference to a committee, and the consideration of bills set forth in Article III, Section 5, of the Constitution, shall not apply to local bills hereinafter defined, and the same may be introduced, referred, reported, and acted upon at any time under the general rules and order of business of the Senate.

## MEANING OF TERM LOCAL BILLS AS USED IN RULES 86 AND 88

A local bill is defined for the purposes of this rule as an Act the provisions of which relate to or affect directly a defined locality, district, or section of the state, and which do not include or require any appropriation out of state funds or which do not affect any state policies, and which do not affect directly the state at large, and the operation of which is confined solely to a particular locality, district, or section of the state.

## SUSPENSION OF RULE LIMITING CONSIDERATION OF BILLS

89. Except as otherwise provided in Rule 86, bills shall not be taken up, considered, or acted upon by the Senate during the first 60 calendar days of the session, unless this rule be suspended by the affirmative vote of four-fifths of the members of the Senate.

### Note of Ruling

*A motion to suspend Section 5 of Article III of the Constitution to consider a bill during the first 60 days of a Regular Session requires a*

vote of four-fifths of the members of the Senate (25) not four-fifths of the members present (59 S.J. Reg. 144 (1965)).

## COMMITTEE
## REPORTS

90. All committee reports shall be in writing.

*Notes of Rulings*

*A committee report properly signed, submitted, and received is conclusive as to its contents (42 S.J. 1 C.S. 718 (1931)). (See also notes of rulings following Rule 108.)*

*A committee report can only be submitted during the morning call unless the member has the unanimous consent of the members of the Senate and he may not interrupt a member speaking for or against a bill or resolution for that purpose unless the member speaking yields the floor for that specific purpose (61 S.J. 1 C.S. 124 (1969)).*

## RECOMMENDATIONS OF COMMITTEES

91. All reports of standing committees shall be advisory only, except that a recommendation in a report that a bill which is a local bill be not printed shall be effective as an order of the Senate that the bill be not printed. A recommendation in a report that a bill which is a general bill be not printed shall be advisory only, and the bill shall nevertheless be printed unless the Senate on the same day or the next legislative day orders the bill not printed, as provided in Rule 74. Bills and resolutions shall be considered on second reading and shall be listed on the daily calendars of bills and resolutions on the President's table for second reading in the order in which the committee reports on them are submitted to the Senate.

*Editorial Notes*

*On the very important matter of the order of considering each of the several bills reported from committees, the rules of the Senate were silent until Senate Rule 56 (now Senate Rule 91) was amended on June 6, 1947, to provide that bills be placed on the calendars of Senate and House bills on the President's table in the order in which the committee reports on the bills are submitted by the respective chairmen from the floor. Bills are listed for consideration on third reading in the order in which they have been passed by the Senate to engrossment or to third reading.*

*The Senate Agenda is prepared daily and lists the bills in their order of consideration.*

*Notes of Rulings*

*A bill may not be considered by the Senate which has not been reported from a committee (44 S.J. Reg. 713 (1935)).*

*A report of a committee on a bill may be received only, and the question of its adoption is not voted on by the Senate (42 S.J. 1 C.S. 748 (1931)).*

**RULE 92**

*A motion to recommit a bill is a proper substitute motion for a motion to not print a bill (55 S.J. Reg. 1546 (1957)).*

## MOTIONS TO REFER OR COMMIT

92.  Any bill, petition, or resolution may be referred from one committee or subcommittee to another committee or subcommittee by a two-thirds vote of the members present and voting. Any bill, petition or resolution may be committed to any committee or subcommittee at any stage of the proceedings on such bill, petition or resolution by a majority vote of the elected members of the Senate. A bill or joint resolution committed to a committee or subcommittee while on third reading shall be considered as on its second reading if reported favorably back to the Senate.

When several motions shall be made for reference of a subject to a committee, they shall have preference in the following order:

First:   To a committee of the whole Senate

Second:   To a standing committee

Third:   To a standing subcommittee

Fourth:   To a select committee.

## COMMITTEES

93.  All committees shall be appointed by the President, unless otherwise directed by the Senate.

## LIST OF STANDING COMMITTEES

94.  (a) At the beginning of each regular session, the President shall appoint the following special committees and standing committees with the number of members indicated:

## SPECIAL COMMITTEES

(1)  Committee on Administration (12 members)

(2)  Committee on Nominations (7 members)

(3)  Committee on Rules (5 members)

## STANDING COMMITTEES

(1)  Committee on Economic Development (11 members)

(2)  Committee on Intergovernmental Relations (11 members)

(3)  Committee on Education (11 members)

(4)  Committee on Jurisprudence (7 members)

(5)  Committee on the Criminal Justice System (7 members)

(6)  Committee on Finance (13 members)

(7)  Committee on State Affairs (13 members)

(8)  Committee on Health and Human Services (9 members)

(9)   Committee on Natural Resources (11 members)

(b)   The President may appoint additional special committees and may appoint subcommittees within standing committees with the consent of two-thirds of the members of the Senate.

(c)   The President shall designate the chair and vice-chair of each committee and subcommittee. For each standing committee with more than 10 members the President must appoint at least four Senators who served on the committee during the previous legislative session. A Senator may not serve on more than three standing committees and may chair only one committee. A Senator may serve on only one subcommittee within a standing committee.

## LIMITATION ON APPROPRIATIONS

94.1.   Unless within the authority of a resolution or resolutions adopted pursuant to Article VIII, Section 22(b), of the Constitution, it is not in order for the Senate to consider for final passage on third reading, on motion to concur in House amendments, or on motion to adopt a conference committee report, a bill appropriating funds from the State Treasury in an amount that, when added to amounts previously appropriated by bills finally passed by both Houses and sent to the comptroller or due to be sent to the comptroller, would exceed the limit on appropriations established under Article 5429c-4, Revised Civil Statutes of Texas, 1925.

## ACTUARIAL ANALYSES

94.2.   (a)   Except as otherwise provided by this section, a bill or joint resolution that proposes to change benefits or participation in benefits of a public retirement system or that otherwise would change the financial obligations of a public retirement system must have, in addition to any fiscal note required under Section 30 of this rule, an actuarial analysis prepared in compliance with this section, together with a statement prepared by the State Pension Review Board reviewing the actuarial analysis and commenting on the legislation attached to the bill or resolution before a committee hearing may be held on it and attached to the bill or resolution on first printing.

(b)   An actuarial analysis is not required for the general appropriations bill, a bill or resolution that would change the financial obligations of a retirement system only by modifying the compensation of members of the system or modifying the administrative duties of the system, or a bill or resolution that would change the financial obligations of a retirement system only by imposing an expense on the system in the same manner that the expense is imposed on other agencies or units of government.

(c)   In this section, "public retirement system" means a continuing, organized program of service retirement, disability retirement, or death benefits for officers or employees of the state or a political subdivision, but does not include a program for which benefits are administered by a life insurance company, a program providing only workers' compensation benefits, or a program administered by the federal government.

RULE 94

(d)  An actuarial analysis must show the economic effect of the proposed bill or resolution on the public retirement system, including a projection of the annual actuarial cost or liability imposed by the proposal on the affected system, the effect of the legislation on the amortization schedule for liabilities of the system assuming various levels of payroll increases, and the estimated dollar change in the unfunded liability of the system. If the bill or resolution applies to more than one public retirement system, the projections in the analysis may be limited to each affected statewide public retirement system and each affected system in a city having a population of 200,000 or more, according to the results of the 1970 federal census.

(e)  An actuarial analysis must state the actuarial assumptions and methods of computation used in the analysis and, using an advanced funding actuarial cost method, must state whether or not the bill or resolution, if it becomes law, will make the affected public retirement system actuarially unsound or, in the case of a system already actuarially unsound, more unsound. The actuarial information in an actuarial analysis must be prepared by an actuary who has at least five years of experience working with one or more public retirement systems and who is a fellow of the Society of Actuaries, a member of the American Academy of Actuaries, or an enrolled actuary under the federal Employees Retirement Income Security Act of 1974. An actuarial analysis must contain a certification by the actuary that the contents of the analysis fulfill the requirements of this section. The actuary may include an explanation or description of the actuarial information contained in the analysis.

(f)  As soon as practicable after a bill or joint resolution is referred to a standing committee, the committee chairman shall determine whether or not an actuarial analysis is required. If the chairman determines that an actuarial analysis is required, the chairman shall send a copy of the bill or resolution, with actuarial analysis attached, to the State Pension Review Board with a request that a review of the actuarial analysis and comment on the legislation be prepared and sent to the committee. The executive director of the State Pension Review Board shall return a copy of the actuarial analysis, together with the board's statement of review and comment, to the committee that requested it, to the author or sponsor of the affected bill or resolution, and to the Legislative Budget Board.

(g)  Once a bill or resolution has been referred to the State Pension Review Board, a committee hearing on, or first printing of, the bill may proceed as long as any actuarial analysis, statement of review, or comment that is available to the committee at the time is attached.

(h)  If a bill or resolution for which an actuarial analysis is required is amended by a committee in a way that alters its economic implications, the chairman of the committee shall request the State Pension Review Board to obtain an updated actuarial analysis. If timely received, an updated actuarial analysis and updated review and comment by the State Pension Review Board must be attached to the affected bill or resolution as a part of the

committee report. All actuarial analyses must remain with the bill or resolution throughout the legislative process, including the process of submission to the Governor.

## FISCAL NOTES

94.3. (a) Any bill or joint resolution which authorizes or requires the expenditure or diversion of any state funds for any purpose, except the general appropriations bill, shall have a fiscal note prepared by the director of the Legislative Budget Office attached to the bill or resolution on first printing, outlining the fiscal implications and probable cost of the measure each year for the first five years after its passage and a statement as to whether or not there will be a cost involved thereafter. The fiscal note shall include the number of additional employees considered in arriving at the probable cost.

(b) Any bill or joint resolution that has statewide impact on units of local government of the same type or class and that authorizes or requires, presently or in the future, the expenditure or diversion of local funds, or that proposes any new local tax, fee, license charge, or penalty or any increased or decreased local tax, fee, license charge, or penalty, shall have a fiscal note prepared by the director of the Legislative Budget Office attached to the bill or resolution on first printing, outlining the fiscal implications and probable cost of the measure to the affected unit or units of local government each year for the first five years after its passage and a statement as to whether or not there will be a cost involved thereafter. This requirement shall not apply to any local or special bill affecting only one unit of government.

(c) In Subsection (b) of this subsection, "unit of local government" means county, city, town, school district, conservation district, hospital district, or any other political district.

(d) In preparing a fiscal note, the director of the Legislative Budget Office may utilize information or data supplied by any person, agency, organization, or governmental unit the director deems reliable, and if so, may state the source or sources of the information or data used and the extent to which the director relied on the information or data in preparing the fiscal note. If the director determines that the fiscal implications of the bill or resolution cannot be ascertained or that the bill or resolution authorizes an unlimited expenditure or diversion of funds for any period to which the fiscal note applies, he shall so state in the fiscal note, in which case the fiscal note shall be in full compliance with this rule.

(e) It shall be the duty of the chairman of each standing committee, immediately after the bill or resolution has been referred to the standing committee, to determine whether or not a fiscal note is required, and if so, to send a copy of the bill or resolution to the Legislative Budget Office for the preparation of the fiscal note. The chairman shall advise the Legislative Budget Office of the standing committee to which the bill or resolution has been referred and will request that the fiscal note be returned to the committee. The fiscal note shall be attached to the affected bill or resolution before a committee hearing can be conducted.

(f) In the event a bill or resolution is amended by the committee so as to alter its fiscal implications, either an updated fiscal note or statement prepared by the author, whichever is applicable, shall be obtained by the chairman and attached to the bill or resolution as a part of the committee report. All fiscal notes or author's statements, original and updated, shall remain with the bill or resolution throughout the entire legislative process, including submission to the Governor.

## FORMAT OF BILLS AND RESOLUTIONS REPORTED BY COMMITTEES

94.4. (a) A committee may not report a bill or resolution to the Senate unless the bill or resolution complies with Subsection (b) of this section.

(b) In any section of a bill or joint resolution that proposes to amend an existing statute or constitutional provision, language sought to be deleted must be bracketed and stricken through, and language sought to be added must be underlined. This requirement does not apply to:

(1) an appropriation bill;

(2) a local bill;

(3) a recodification bill;

(4) a redistricting bill;

(5) a section of a bill or joint resolution not purporting to amend an existing statute or constitutional provision;

(6) a section of a bill or joint resolution that revises the entire text of an existing statute or constitutional provision, to the extent that it would confuse rather than clarify to show deletions and additions; and

(7) a section of a bill or joint resolution providing for severability, nonseverability, emergency, or repeal of an existing statute or constitutional provision.

(c) The President may overrule a point of order raised as to a violation of Subsection (b) of this section if the violation is typographical or minor and does not tend to deceive or mislead.

## CONFERENCE COMMITTEES

95. All conference committees of the Senate shall be selected and appointed by the President or the President Pro Tempore when the latter shall be presiding. The member authoring or sponsoring the bill for which the conference committee is selected shall be appointed chairman of the Senate conferees. The majority of the Senate conferees must be from a standing committee which heard the bill.

## INSTRUCTIONS TO CONFERENCE COMMITTEES

96. Immediately after the Senate decides that any matter shall be submitted to a conference committee, the presiding officer shall state "Are there any motions to instruct the conference committee before

appointment?" and the presiding officer shall thereupon recognize members to make such motions to instruct and the Senate shall proceed to consider all such motions until disposed of or limited under the provisions of Rule 51.

(a) Conference committees shall limit their discussions and their actions solely to the matters in disagreement between the two Houses. A conference committee shall have no authority with respect to any bill or resolution:

(1) to change, alter, or amend text which is not in disagreement;

(2) to omit text which is not in disagreement;

(3) to add text on any matter which is not in disagreement;

(4) to add text on any matter which is not included in either the House or Senate version of the bill or resolution.

This rule shall be strictly construed by the presiding officer in each House to achieve the purposes hereof.

(b) Conference committees on appropriation bills, like other conference committees, shall limit their discussions and their actions solely to the matters in disagreement between the two Houses. In addition to the limitations contained elsewhere in these rules, a conference committee on appropriation bills shall be strictly limited in its authority as follows:

(1) If an item of appropriation appears in both House and Senate versions of the bill, such items must be included in the Conference Report.

(2) If an item of appropriation appears in both House and Senate versions of the bill, and in identical amounts, no change can be made in such item or the amount thereof.

(3) If an item of appropriation appears in both House and Senate versions of the bill but in different amounts, no change can be made in the item, but the amount thereof shall be at the discretion of the conference committee, provided that such amount shall not exceed the larger version and shall not be less than the smaller version.

(4) If an item of appropriation appears in one version of the bill and not in the other, such item can be included or omitted at the discretion of the conference committee. If the item is included, the amount thereof shall not exceed the sum specified in the version containing such item.

(5) If an item of appropriation appears in neither the House nor the Senate version of the bill, such item must not be included in the Conference Report.

This rule shall be strictly construed by the presiding officer in each House to achieve the purposes hereof.

(c) Conference committees on tax bills, like other conference committees, shall limit their discussions and their actions solely to the matters in disagreement between the two Houses. In addition to the

**RULE 96**

limitations contained elsewhere in these rules, a conference committee on a tax bill shall be strictly limited in its authority as follows:

(1) If a tax item appears in both House and Senate versions of the bill such item must be included in the Conference Report.

(2) If a tax item appears in both House and Senate versions of the bill and in identical form and with identical rates, no change can be made in such item or the rate therein provided.

(3) If a tax item appears in both House and Senate versions of the bill but at differing rates, no change can be made in the item, but the rate thereof shall be determined at the discretion of the conference committee, provided that such rate shall not exceed the higher version and shall be not less than the lower version.

(4) If a tax item appears in one version of the bill and not in the other, such item can be included or omitted at the discretion of the conference committee. If the item is included, the rate thereof shall not exceed the rate specified in the version containing such item.

(5) If a tax item appears in neither the House nor the Senate version of the bill, such item must not be included in the Conference Report.

This rule shall be strictly construed by the presiding officer in each House to achieve the purposes hereof.

(d) Conference committees on reapportionment bills, to the extent possible, shall limit their discussions and their actions to the matters in disagreement between the two Houses. Since the adjustment of one district in a reapportionment bill will inevitably affect other districts therein, the strict rule of construction imposed on other conference committees must be relaxed somewhat when reapportionment bills are involved. Accordingly, the following authority and limitations shall apply only to conference committees on reapportionment bills:

(1) If the matters in disagreement affect only certain districts, and other districts are identical in both House and Senate versions of the bill, the conference committee shall make adjustments only in those districts whose rearrangement is essential to the effective resolving of the matters in disagreement. All other districts shall remain unchanged.

(2) If the matters in disagreement permeate the entire bill and affect most, if not all, of the districts therein, the conference committee shall have wide discretion in rearranging the districts to the extent necessary to resolve all differences between the two Houses.

(3) Insofar as the actual structure of the districts is concerned and only to that extent, the provisions of Senate Rule 96(a) shall not apply to conference committees on reapportionment bills.

(e) Conference committees on recodification bills, like other conference committees, shall limit their discussions and their actions solely to the matters in disagreement between the two Houses. The comprehensive

and complicated nature of recodification bills makes necessary the relaxing of the strict rule of construction imposed on other conference committees only to the following extent:

(1) If it develops in conference committee that material has been inadvertently included in both House and Senate versions which properly has no place in such recodification, such material may be omitted from the Conference Report, if by such omission the existing statute thereon is not repealed, altered, or amended.

(2) If it develops in conference committee that material has been inadvertently omitted from both the House and Senate versions which properly should be included if such recodification is to achieve its purposes of being all-inclusive of the statutes being recodified, such material may be added to the Conference Report, if by such addition the existing statute is merely restated without substantive change in existing law.

(f) Limitations imposed on certain conference committees by the provisions of this section may be suspended in part by permission of the Senate to allow consideration of and action on a specific matter or matters which otherwise would be prohibited. Permission shall be granted only by resolution passed by majority vote of the Senate, with yeas and nays recorded in the journal of the Senate. Any such resolution relating to the general appropriations bill shall be privileged in nature and shall be eligible for consideration by the Senate at any time and need not be referred to a committee. The resolution shall specify in detail:

(1) the exact nature of the matter or matters proposed to be considered;

(2) the specific limitation or limitations to be suspended;

(3) the specific action contemplated by the conference committee; and

(4) the reasons that suspension of the limitations is being requested.

In the application of this subsection to appropriations bills, the resolution shall include a general statement outlining a proposed salary plan but need not include changes in amounts resulting from the salary plan and differences in language which do not affect the substance of the bill.

Permission thus granted shall suspend the limitations only for the matter or matters clearly specified in the resolution, and the action of the conference committee shall be in conformity with the resolution.

(g) All conference committee reports on the General Appropriations Bill, tax bills, reapportionment bills, and recodification bills must be reproduced and a copy thereof furnished to each member at least 48 hours before any action thereon can be taken by either House, if convened in Regular Session, and 24 hours, if convened in Called Session.

(h) All conference committee reports on bills other than the General Appropriations Bill, and tax, reapportionment and recodification bills must be reproduced and a copy thereof furnished to each member at least 24

**RULE 97**

hours before any action thereon can be taken by either House: provided, however, that the 24-hour delay on action by either House, as herein provided, shall not apply during the last 48 hours of any session.

(i)   Each conference committee report, regardless of its subject matter, must have attached thereto a section by section analysis showing the disagreements which have been resolved by the conference committee. This analysis must show, for each and every disagreement, in parallel columns: (1) the substance of the House version; (2) the substance of the Senate version; and (3) the substance of the recommendation thereon by the conference committee. No action shall be taken by either House on any conference committee report in the absence of such analysis except by an affirmative vote of two-thirds of the members present, with the yeas and nays thereon to be recorded in the journal of such House.

(j)   The President of the Senate shall rule out of order any conference committee report which is in violation of any of the provisions and limitations contained in these rules.

*Notes of Rulings*

*The Senate conferees may be instructed immediately after their appointment and before the House had been notified of the appointment of conferees without instructions (43 S.J. Reg. (1933)).*

*See also annotations relating to Conference Reports in Appendix.*

## COMMITTEE OF THE WHOLE

97.   It shall be in order for the Senate at any time after bills and resolutions have been called to resolve itself into a Committee of the Whole.

*Editorial Note*

*A motion to resolve the Senate into a Committee of the Whole immediately requires only a majority vote, inasmuch as it is equivalent to a motion to recess (43 S.J. Reg. 1559 (1933)).*

## CHAIRMAN OF COMMITTEE OF THE WHOLE

98.   In forming a Committee of the Whole Senate, the President shall leave the chair, and shall appoint a chairman to preside in committee.

## RIGHT OF LIEUTENANT GOVERNOR TO SPEAK AND VOTE IN COMMITTEE OF THE WHOLE

99.   When in Committee of the Whole, the President shall have the right to debate and vote on all questions (Constitution, Article IV, Section 16).

## PROCEDURE IN COMMITTEE OF THE WHOLE

100.   The Rules of the Senate, as far as applicable, shall be observed in Committee of the Whole.

101.   Upon a bill being committed to a Committee of the Whole Senate, the bill shall be read and debated by clauses, leaving the preamble to

be last considered; the body of the bill shall not be defaced or interlined; but all amendments, noting the page or line, shall be duly entered by the Secretary, on a separate sheet of paper, as the same shall be agreed to by the committee, and so reported to the Senate; after the report the bill shall again be subject to be debated and amended, or committed, before a question to engross it be taken.

*Editorial Note*

*No journal is kept by the Journal Clerk of the proceedings of the Senate when in Committee of the Whole.*

## RULES GOVERNING COMMITTEE PROCEDURES

101.1.  (a)  At its initial meeting each committee and subcommittee shall adopt permanent rules governing its procedures.

(b)  Where applicable the rules of the Senate apply to committee proceedings, and a Senate rule prevails over a conflicting committee rule.

(c)  Committee rules must include, but are not limited to, provisions governing written records of attendance, lack of a quorum, records of meetings, bill referral, bill setting, order of hearing bills, public hearings, subcommittee reports, minority reports, time limits on debate, and provisions for news coverage.

## RECORD OF COMMITTEE ATTENDANCE

102.  At all meetings of the Senate committees, the chairman shall call the roll of the members and cause to be made a record of those present and the absentees, together with the excuses, if any, of such absentees.

## PUBLIC NOTICE OF COMMITTEE MEETINGS

103. (a) No committee or subcommittee shall meet without at least 24 hours public notice.

(b) Each committee and subcommittee shall meet regularly at an established time and place and shall give public notice at least 24 hours in advance for special meetings.

(c) The chair of each committee and subcommittee shall notify the Secretary of the Senate immediately after the time and place for a committee meeting has been fixed or a meeting has been cancelled. The Secretary shall post notice of the time and place of the meeting on a bulletin board located outside the Secretary of the Senate's office.

## MINUTES OF COMMITTEE MEETINGS

104.  (a)  The chairman of each committee and subcommittee shall keep, or cause to be kept under his direction, an accurate record of the proceedings of his committee, and the same shall be open for inspection to any member of the Legislature and to the public. Each committee meeting shall be recorded on magnetic tape.

(b)  Each standing committee and subcommittee shall employ a committee clerk, and as determined by the Administration Committee,

other staff necessary to coordinate and record the activities of the committee. Such committee clerks, staff, or any employee shall in no way be related to any member of the current Texas Legislature or be related to the person with the power of appointment for that position.

(c) It shall be the duty of the committee clerk, with the assistance of other committee staff members, to keep a permanent, accurate written record of committee proceedings and to transcribe the magnetic tape recordings of committee hearings as ordered by the committee or subcommittee. It shall be the responsibility of the committee clerk to see that one copy of the transcript of proceedings and one copy of the permanent record be kept in the committee files, one copy of each be given to the Secretary of the Senate, and three copies of each be placed in the Legislative Reference Library. Such records shall be a matter of public record.

### Note of Ruling

*A report on a bill that was considered at a committee meeting at which a quorum of the committee was not present (as shown by the minutes of the committee) may not be received by the Senate (46 S.J. Reg. 1548 (1939)).*

*(See also note of ruling following Rule 90.)*

### PUBLIC HEARINGS

105.  (a) No bill may be reported to the Senate before it has been the subject of an open public hearing before a committee or subcommittee. Notice of the hearing on the bill must be posted in a public place at least 24 hours before the hearing is to begin. The chair shall afford reasonable opportunity to interested parties to appear and testify at the hearing.

(b) The chair shall require all parties appearing at the hearing to swear or affirm that the testimony they give to the committee or subcommittee is true and correct.

(c) Any Senator, including one who is not a member of the committee, may question a witness at a hearing. This right shall not be construed to abridge the chair's right to provide others an opportunity to be heard or to entitle any Senator more rights than those afforded a member of the committee.

(d) When possible a person registered as a lobbyist and representing a client's interest at a public hearing shall submit a written statement of his or her presentation to the committee clerk for inclusion in the permanent record of the meeting.

(e) By majority vote a committee may fix the order of appearance and time allotted for each witness at a public hearing.

## PRIVILEGED NOTICE OF HEARING ON SPECIFIC BILLS
### (TAG RULE)

105.1. (a) Except as otherwise provided in this section, a Senator is entitled to receive written notice of the time and place fixed for a public hearing on a specific bill at least 48 hours before the hearing is scheduled to commence if:

(1) the Senator has presented a written request for the advance notice to the Secretary of the Senate on a form prescribed by the Secretary; and

(2) no other Senator has previously presented a similar request to the Secretary.

(b) A Senator is not entitled to such advance notice if:

(1) the time and place for a hearing on the bill has been publicly posted for a period of 72 hours and the Senate has been in session at any time during the first 24 hours of the 72-hour period; or

(2) at the request of the chair of the committee to which the bill is referred, the Secretary of the Senate notifies each Senator in writing of the time and place for the hearing on the bill at least 48 hours before the hearing begins; or

(3) the bill has been laid before the committee for consideration.

(c) Upon receipt of a written request for advance notice of a hearing, the Secretary shall note the time and date of receipt on the request and file a copy of the request for public inspection. The Secretary shall attach a copy of the request to the bill for which the advance notice is requested. The Secretary shall not accept a request for advance notice of a hearing on a bill unless the bill is in the possession of the Senate and has been referred to a committee. The Secretary shall immediately inform the chair, or the vice-chair in the chair's absence, of the request for advance notice.

(d) If a bill is included on the agenda of a committee meeting and the meeting has commenced, a request for advance notice must be presented to the chair of the committee rather than the Secretary of the Senate. The chair shall note the time the request was received and shall immediately notify the Secretary.

(e) If requests for advance notice of a hearing on a bill are presented to the Secretary simultaneously by two or more Senators, each Senator is entitled to notice.

(f) The chair of the committee to which a bill subject to advance notice is referred shall notify in writing the Secretary and the Senator requesting notice of the time and place fixed for the hearing on the bill.
Notice delivered to the office of the Senator requesting 48 hours advance notice shall constitute official notice to that Senator except that notice shall be delivered between the hours of 8:00 a.m. and 5:00 p.m. during days in which the Senate is convened. Delivery of the notice to the Senator's office shall be acknowledged in writing by the Senator or by a member of his or her staff at the time of delivery as to date and hour.

1-21-87 SR 6

(g) If a Senator withdraws his or her request for advance notice of a hearing on a bill, a subsequently filed request by another Senator is valid unless a hearing on the bill has already been posted in response to the first request.

(h) A committee may not hear or take any other action on a bill subject to advance notice until the notice has been duly given.

(i) The President of the Senate ascertains the facts concerning the giving of a notice of a committee hearing on a bill, and his ruling as to the sufficiency of the notice based on the facts as ascertained by him is the final determination of that point when no appeal from the ruling is made.

(j) If the provisions for requesting 48 hours advance notice before hearing of a Senate bill have been properly fulfilled and a House bill containing the same subject is before the committee, the House bill is considered to require the same 48 hours notice before hearing.

(k) The provisions of this rule apply to resolutions in the same manner that they apply to bills.

*Notes of Rulings*

*A motion to suspend Senate Rule 106 (now Rule 105.1) for the purpose of permitting a hearing on a bill without giving a 48-hour notice to a member who has requested it is not debatable (46 S.J. Reg. 1509 (1939)).*

*The committee's action on a bill at a meeting held without proper 48-hour notice to member who has properly requested it is in violation of Senate Rule 106 (now Rule 105.1) [and void]. (Ruling sustained by vote of 13 to 12.) (49 S.J. Reg. 347, 358-359 (1945)).*

*Re-reference of bill from one committee to another does not vitiate a written request of a member to the chairman of the first committee for a public hearing on the bill and a 48-hour notice of the hearing, and the request goes with the bill to the chairman of the committee to which the bill is re-referred and is binding on him. (Ruling sustained by vote of 13 to 12.) (49 S.J. Reg. 347, 358-359 (1945)).*

## QUORUM OF COMMITTEE

106. A majority of any committee shall constitute a quorum, and no action shall be taken upon any bill in the absence of a quorum. At any stated meeting of the committee, if a roll call discloses lack of a quorum, the members present may order the names of the unexcused absentees turned over to the Sergeant-at-Arms of the Senate whose duty it shall be to secure promptly the attendance of such absent members. The Sergeant-at-Arms shall have the same authority conferred upon him under the rules of the Senate as when the Senate is operating under a call.

## COMMITTEE REPORTS

107. (a) The chair of a committee shall sign and file with the Secretary of the Senate a written report showing the committee's final action

on bills and resolutions considered by the committee. In the chair's absence the vice-chair shall sign and file the report.

(b)   The report must be filed within three calendar days after the final action is taken, Sundays and days the Senate is not in session excluded. If the report is not filed within the three-day limit, three members of the committee who were present when the final action was taken may file the report without the signature of the chair or vice-chair.

(c)   A bill or resolution may not be reported favorably unless it has received the affirmative vote of a majority of the members of the committee, except as provided in Rule 109.

(d)   When a motion to report a bill or resolution unfavorably receives the affirmative vote of a majority of the members of the committee, the bill or resolution is dead.

### Notes of Rulings

*The chair may not go behind a committee report to ascertain if proceedings in the committee were regular (42 S.J. Reg. 1564, 1693 (1931)).*

*(See also note of ruling following Rule 90.)*

*Point of order as to validity of committee's action on bill may be made when bill is not before Senate for immediate consideration (49 S.J. Reg. 347 (1945)).*

## CONSIDERATION OF BILLS IN COMMITTEES

108.   It shall be in order for committees to consider bills and resolutions at any time during the session, make reports thereon, and file the same with the Senate.

No bill or resolution shall be reported favorably unless it has received the affirmative vote of a majority of the membership of the committee to which it was referred, except as provided in Rule 109.

### Note of Ruling

*In absence of a Senate rule or resolution suspending it, the suspension of Section 5 of Article III relating to consideration of bills in committee requires separate vote for each bill (42 S.J. Reg. 167 (1931)).*

## MINORITY REPORTS

109.   (a)   If a motion to report a bill or resolution favorably or unfavorably fails to receive an affirmative vote of a majority of the members of a committee, a favorable minority report may be made. The minority report must be signed by three members of the committee, if the committee is composed of less than 11 members, or four members if the committee has 11 or more members. The members signing the report must have been present and voted for the motion to report favorably or against the motion to report unfavorably.

**RULE 110**

(b)   The minority report must be filed with the Secretary of the Senate within two calendar days after the vote was taken, Sundays and days the Senate is not in session excluded.

(c)   The sponsor of a bill or resolution for which a minority report is filed, or a member signing the minority report, must move to have the bill or resolution placed on the calendar within 10 calendar days after the date on which the committee's vote was taken. An affirmative vote of two-thirds of the members present is required for the motion to carry. The motion is privileged. If the motion fails or is not made within the time allowed, the bill or resolution is dead and may not be considered again during the session.

*Note of Ruling*

*Bills reported adversely but with a favorable minority report are not to be printed except on an order of the Senate (38 S.J. Reg. 646 (1923)).*

## REFERRAL OF AGENCY RULES

110.   The President shall refer to the appropriate standing committee each proposed agency rule on which notice is filed by an agency as required by the Administrative Procedure and Texas Register Act, and the committee, on a vote of a majority of its members, may transmit to the agency a statement supporting or opposing adoption of the proposed rule.

## SUBPOENA AND PROCESS

111.   (a)   By a record vote of not less than two-thirds of its members, a standing committee of the Senate may issue process to compel the attendance of a witness or to compel a person, agency, or corporation to produce any book, record, document, or other evidence in his or its possession and control before a proceeding of the committee. The committee chairman shall issue the subpoena or other process authorized by this section in the name of the committee, and the subpoena must contain the following information:

(1)   a statement of the reason the committee is requesting the appearance of a person or the reason the committee is requesting the production of documents;

(2)   the name, address, and title or position of the person requested to appear;

(3)   the specific document or documents being requested; and

(4)   a specific time and place that the person is to appear or the specific place and time the documents are to be produced.

(b)   Except as provided by this rule, the provisions of the Legislative Reorganization Act of 1961, Sections 301.024, 301.025, 301.026, and 301.027 apply to a subpoena or other process issued under this rule.