PL167
9/2/2014
2:13-cv-00193

# RULES
# OF THE SENATE
### 77th Legislature
### Regular Session
### 2001

# TABLE OF CONTENTS

Preface      Statement of Authorization and Precedence ......................... 1

## ARTICLE I
## SENATE OFFICERS AND ELECTIONS

Rule 1.01    Presiding officer of the Senate .............................. 1
Rule 1.02    President Pro Tempore .......................................... 1
Rule 1.03    Vacancy in the office of Lieutenant Governor ..................... 2
Rule 1.04    Officers of the Senate ............................................. 2
Rule 1.05    Election of Officers ................................................ 3

## ARTICLE II
## ADMISSION TO SENATE CHAMBER

Rule 2.01    Access to Senate floor ............................................ 3
Rule 2.02    Restrictions on admission ........................................ 3
Rule 2.03    Persons lobbying not admitted ............................. 4
Rule 2.04    Press correspondents ............................................. 4
Rule 2.05    Forfeiture of admission privilege .......................... 5
Rule 2.06    Exceptions ......................................................... 5
Rule 2.07    Suspension of admission rule ............................... 5

## ARTICLE III
## SENATE DECORUM

Rule 3.01    Persons must be properly attired in Senate Chamber ........... 5
Rule 3.02    No eating or drinking in Senate Chamber ............................ 6
Rule 3.03    Messages to members ........................................... 6
Rule 3.04    Posters, placards, banners, and signs ..................... 6
Rule 3.05    Applause, outbursts, or demonstrations ................. 6
Rule 3.06    Punishment for obstructing proceedings ................. 6

## ARTICLE IV
## DECORUM AND DEBATE OF
## MEMBERS OF THE SENATE

Rule 4.01    Members to address President ............................... 6
Rule 4.02    Interruption of President ....................................... 7
Rule 4.03    Interruption of member speaking ......................... 7
Rule 4.04    Recognition of members in debate ..................... 10

Rule 4.05    Speaking more than once in single debate ........................... 10
Rule 4.06    Member called to order ........................................................ 11
Rule 4.07    Refusal of member called to order to be seated ................. 11
Rule 4.08    Removal of Senator from chair ............................................ 11
Rule 4.09    Punishment for misconduct ................................................. 12
Rule 4.10    Bribery ................................................................................. 12

## ARTICLE V
## SENATE PROCEDURAL RULES
## (ORDER OF BUSINESS)

Rule 5.01    Presiding officer to assume chair ......................................... 13
Rule 5.02    Quorum ................................................................................. 13
Rule 5.03    Absences ............................................................................... 14
Rule 5.04    Call of the Senate ................................................................ 14
Rule 5.05    Roll call ................................................................................ 16
Rule 5.06    Prayer by chaplain ............................................................... 16
Rule 5.07    Reading of journal ............................................................... 16
Rule 5.08    Morning call ......................................................................... 16
Rule 5.09    Order of considering bills and resolutions .......................... 17
Rule 5.10    House bill days ..................................................................... 18
Rule 5.11    Special orders ....................................................................... 19
Rule 5.12    Regular order of business ..................................................... 20
Rule 5.13    Suspension of the regular order of business ........................ 21
Rule 5.14    Intent calendar ..................................................................... 21
Rule 5.15    Rulings by President ............................................................. 21

## ARTICLE VI
## MOTIONS

Rule 6.01    Motions and their precedence ............................................... 22
Rule 6.02    Limitation of debate on motions .......................................... 26
Rule 6.03    Written motions .................................................................... 27
Rule 6.04    Withdrawal of motion .......................................................... 27
Rule 6.05    Motions to fix sum or state time .......................................... 27
Rule 6.06    Division of question ............................................................. 28
Rule 6.07    Motion to table ..................................................................... 28
Rule 6.08    Motions to refer or commit .................................................. 28
Rule 6.09    Previous question ................................................................. 29
Rule 6.10    Reconsideration .................................................................... 30
Rule 6.11    Spreading motion to reconsider on journal .......................... 32
Rule 6.12    Demand for immediate ruling ............................................... 33
Rule 6.13    Dispense with reading of papers ........................................... 33

Rule 6.14   Mode of stating and voting upon questions ......................... 34
Rule 6.15   Calls for yeas and nays required ........................................... 34
Rule 6.16   Members refusing to answer recorded present .................. 35
Rule 6.17   Paired votes ........................................................................... 35
Rule 6.18   Lieutenant Governor to give casting vote ........................... 35
Rule 6.19   Effect of tie vote when Lieutenant Governor absent ......... 36
Rule 6.20   Vetoed bills ............................................................................ 36
Rule 6.21   Adjournment ........................................................................... 36
Rule 6.22   Adjournment of Senate for more than three days .............. 37

## ARTICLE VII
## INTRODUCTION AND PASSAGE OF BILLS

Rule 7.01   Custodian of bills and resolutions ....................................... 38
Rule 7.02   Caption Rule ........................................................................... 38
Rule 7.03   Announcement of stage of bill .............................................. 38
Rule 7.04   Filing bills .............................................................................. 38
Rule 7.05   Introduction and first reading of bills ................................. 39
Rule 7.06   Referral of bills ...................................................................... 39
Rule 7.07   Limitations on introduction ................................................. 40
Rule 7.08   Consideration of emergency matters ................................... 40
Rule 7.09   Analysis of fiscal and other implications of bill
            or resolution .......................................................................... 40
Rule 7.10   Format of bills and resolutions reported
            by committees ........................................................................ 45
Rule 7.11   Committee substitute bills .................................................... 45
Rule 7.12   Printing of bills ...................................................................... 46
Rule 7.13   Suspension of rule limiting consideration of bills .............. 47
Rule 7.14   Consideration of House bill in lieu of Senate bill
            on same subject ..................................................................... 48
Rule 7.15   Germaneness .......................................................................... 48
Rule 7.16   Amendments to tax bills or sunset bills .............................. 51
Rule 7.17   Motion to pass a bill to second reading is not
            necessary ............................................................................... 51
Rule 7.18   Reading of bill on three several days ................................... 52
Rule 7.19   Adoption of amendment on third reading ........................... 52
Rule 7.20   Limitations on appropriations bills...................................... 53
Rule 7.21   House amendments to Senate bills ...................................... 53
Rule 7.22   Defeated bill ........................................................................... 53
Rule 7.23   Signing of bills and resolutions by presiding officer .......... 54
Rule 7.24   Deadline for report ................................................................ 54
Rule 7.25   Limitation on vote ................................................................. 55

# ARTICLE VIII
## PETITIONS AND RESOLUTIONS

Rule 8.01   Procedural rules ................................................... 55
Rule 8.02   Referral to committee .......................................... 56
Rule 8.03   Congratulatory, memorial, and courtesy resolutions .......... 57
Rule 8.04   Defeated resolution ............................................. 57

# ARTICLE IX
## LOCAL BILLS

Rule 9.01   Definition of local bill ......................................... 57
Rule 9.02   Introduction and consideration of local bills ...................... 58
Rule 9.03   Local and uncontested calendar ........................... 58
Rule 9.04   Referral to Administration Committee ................. 59
Rule 9.05   Bills and resolutions not qualified for consideration
            on the local and uncontested calendar ............................ 59
Rule 9.06   Bills and resolutions prohibited from placement
            on the local and uncontested calendar ............................ 59
Rule 9.07   Suspension of local calendar rules ...................... 60

# ARTICLE X
## AMENDMENTS TO THE CONSTITUTION

Rule 10.01   Joint resolutions subject to rules governing bills ............... 60
Rule 10.02   Votes required to amend on third reading and to
             pass constitutional amendments ...................... 60
Rule 10.03   Failure of joint resolution to be adopted on third
             reading ........................................................... 60

# ARTICLE XI
## COMMITTEES

Rule 11.01   Appointment of committees ................................ 61
Rule 11.02   List of standing committees ............................... 61
Rule 11.03   Special committees ........................................... 61
Rule 11.04   Chair and vice-chair of standing committees and
             standing subcommittees ................................... 62
Rule 11.05   Appointment of subcommittees within a standing
             committee ...................................................... 62
Rule 11.06   Recommendations of committees ........................ 62
Rule 11.07   Rules governing committee procedures ............... 62
Rule 11.08   Record of committee attendance ........................ 63

Rule 11.09    Quorum of committee ............................................................. 63
Rule 11.10    Public notice of committee meetings ................................... 63
Rule 11.11    Minutes of committee meetings ........................................... 64
Rule 11.12    Committee reports ................................................................. 64
Rule 11.13    Consideration of bills in committees ................................... 65
Rule 11.14    Consideration of House bills ............................................... 66
Rule 11.15    Votes of committee required to report favorably ............... 66
Rule 11.16    Unfavorable vote of committee ........................................... 66
Rule 11.17    Minority reports .................................................................... 66
Rule 11.18    Public hearings ..................................................................... 67
Rule 11.19    Privileged notice of hearing on specific bills
                       (Tag Rule) ............................................................................ 68
Rule 11.20    Subpoena and process .......................................................... 70

## ARTICLE XII
## CONFERENCE COMMITTEES

Rule 12.01    Appointment of conference committees ............................... 71
Rule 12.02    Instructions to conference committees ................................ 71
Rule 12.03    Limitations on conference committee actions .................... 72
Rule 12.04    Conference committees on appropriation bills ................... 72
Rule 12.05    Conference committees on tax bills .................................... 73
Rule 12.06    Conference committees on reapportionment bills .............. 74
Rule 12.07    Conference committees on recodification bills.................. 74
Rule 12.08    Suspension of conference committee rules ......................... 75
Rule 12.09    Printing and notice of conference committee
                       reports ............................................................................... 75
Rule 12.10    Section-by-section analysis ................................................. 76
Rule 12.11    Enforcement by President .................................................... 76

## ARTICLE XIII
## COMMITTEE OF THE WHOLE SENATE

Rule 13.01    Resolve into Committee of the Whole Senate .................... 76
Rule 13.02    Chair of Committee of the Whole Senate ........................... 77
Rule 13.03    Right of Lieutenant Governor to debate and vote
                       in Committee of the Whole Senate ................................... 77
Rule 13.04    Procedure in Committee of the Whole Senate .................... 77
Rule 13.05    Debate and amendments ...................................................... 77

# ARTICLE XIV
## NOMINATIONS BY THE GOVERNOR

Rule 14.01  Referral to committee ............................................. 77
Rule 14.02  Notice rule ............................................................ 78
Rule 14.03  Executive session of committee............................ 78
Rule 14.04  Report to Governor by Secretary of Senate.......... 78

# ARTICLE XV
## EXECUTIVE SESSIONS

Rule 15.01  Secrecy of executive session ................................. 79
Rule 15.02  Vote in open session .............................................. 79
Rule 15.03  Senator can disclose own views ............................ 79
Rule 15.04  Violation of secrecy .............................................. 79
Rule 15.05  Report of executive session to be recorded in
            Senate book ....................................................... 79

# ARTICLE XVI
## VOTES REQUIRED TO ADOPT MOTIONS

Rule 16.01  Definitions ............................................................ 80
Rule 16.02  Matters requiring unanimous consent ................... 80
Rule 16.03  Matters requiring vote of four-fifths of members
            of Senate ........................................................... 81
Rule 16.04  Matters requiring vote of four-fifths of members
            present .............................................................. 81
Rule 16.05  Matters requiring vote of two-thirds of members
            of Senate ........................................................... 81
Rule 16.06  Matters requiring vote of two-thirds of members
            present .............................................................. 82
Rule 16.07  Matters requiring vote of majority of members
            of Senate ........................................................... 83
Rule 16.08  Matters requiring vote of majority of members
            present .............................................................. 84
Rule 16.09  Matters requiring vote when less than a quorum
            is present.......................................................... 84

# ARTICLE XVII
## SENATE JOURNAL

Rule 17.01  Reason for vote..................................................... 85
Rule 17.02  Journal of Senate ................................................. 85
Rule 17.03  Return of vetoed Senate bills .............................. 86

## ARTICLE XVIII
## MESSAGES TO AND FROM HOUSE

Rule 18.01   Messages to the House ........................................................... 86
Rule 18.02   Messages from the House ..................................................... 86

## ARTICLE XIX
## AGENCY RULES

Rule 19.01   Referral of agency rules ....................................................... 86
Rule 19.02   Committee action ................................................................. 87

## ARTICLE XX
## WHEN SENATE RULES ARE SILENT

Rule 20.01   President of Senate decides question .................................... 87
Rule 20.02   Appeal to Senate ................................................................. 87

## ARTICLE XXI
## ADOPTION OF RULES

Rule 21.01   Senate rules ........................................................................ 88
Rule 21.02   Joint rules .......................................................................... 88

## ARTICLE XXII
## SUSPENSION, AMENDMENT, OR
## RESCISSION OF RULES

Rule 22.01   Senate rules ........................................................................ 88
Rule 22.02   Joint rules .......................................................................... 88

**APPENDIX** ............................................................................. 89

**INDEX TO RULES OF THE SENATE** ............................................... A-1

# RULES OF THE SENATE
# OF THE 77TH TEXAS LEGISLATURE

## STATEMENT OF AUTHORIZATION AND PRECEDENCE

Pursuant to and under the authority of Article III, Section 11, of the Constitution of 1876, as amended, and notwithstanding any other provision of statute, the Senate adopts the following rules to govern its operations and procedures. The provisions of these rules and of the Constitution shall be deemed the only requirements binding on the Senate, notwithstanding any other requirements expressed elsewhere in statute.

# ARTICLE I
# SENATE OFFICERS AND ELECTIONS

## PRESIDING OFFICER OF THE SENATE

**Rule 1.01.** The Lieutenant Governor of the State of Texas shall by virtue of office be President of the Senate (Constitution, Article IV, Section 16) and decide all questions of order subject to appeal by any member. The President shall have control of such parts of the Capitol as have been or may be set apart for the use of the Senate and its officers. The President shall have the right to name a member to perform the duties of the chair, but such substitution shall not extend beyond such time as a majority of the Senators present vote to elect another member to preside, and if a majority of the Senators present so vote, the member called to the chair by the Lieutenant Governor or by the President Pro Tempore of the Senate shall vacate the chair, and the member elected by a majority shall preside until the Lieutenant Governor or President Pro Tempore shall take the gavel and preside.

### Editorial Note

A member called to the chair pending an appeal does not entertain any motions nor accept any further point of order.

### Note of Ruling

No motion is in order while a point of order is pending (43 S.J. Reg. 1156 (1933)).

## PRESIDENT PRO TEMPORE

**Rule 1.02.** The Senate shall, at the beginning and close of each session, and at such other times as may be necessary, elect one of its members President Pro Tempore, who shall perform the duties of Lieutenant Governor in any case of absence or disability of the Lieutenant Governor. (Constitution, Article III, Section 9)

## VACANCY IN THE OFFICE OF LIEUTENANT GOVERNOR

**Rule 1.03.** If the office of Lieutenant Governor becomes vacant, the President Pro Tempore of the Senate shall convene the Committee of the Whole Senate within 30 days after the vacancy occurs. The Committee of the Whole Senate shall elect one of its members to perform the duties of the Lieutenant Governor in addition to the duties of Senator until the next general election. If the Senator so elected ceases to be a Senator before the election of a new Lieutenant Governor, another Senator shall be elected in the same manner to perform the duties of the Lieutenant Governor until the next general election. Until the Committee of the Whole Senate elects one of its members for this purpose, the President Pro Tempore shall perform the duties of the Lieutenant Governor. (Constitution, Article III, Section 9)

### Editorial Note

In the absence of both the Lieutenant Governor and President Pro Tempore for a short period of time, either of them may designate in writing a Senator to occupy the chair, but in case the President Pro Tempore is compelled, for any reason, to be absent for an extended or indefinite period, the Senate elects another President Pro Tempore. For the form of the designation by the Lieutenant Governor or President Pro Tempore, see 49 S.J. Reg. 515 (1945).

### OFFICERS OF THE SENATE

**Rule 1.04.** A Secretary, Journal Clerk, Calendar Clerk, Enrolling Clerk, Sergeant-at-Arms, Doorkeeper, Chaplain, and such other officers as a majority vote may determine to be necessary shall be elected at the opening of the session of the Legislature to continue in office until discharged by the Senate and shall perform such duties as may be incumbent upon them in their respective offices, under the direction of the Senate. Such officers may not be related to any current member of the Texas Legislature nor may any employee of the Senate be related to any current member of the Texas Legislature. The Secretary of the Senate shall, in addition to other duties, be responsible for the coordination of the other offices and divisions of the Senate.

### Editorial Note

This rule is not binding unless and until it is adopted by the Senate at its biennial session. The Senate may, of course, omit the adoption of the rule as written and provide by a simple resolution for the election of such officers as it sees fit.

## ELECTION OF OFFICERS

**Rule 1.05.** In all elections of the Senate, the vote shall be given viva voce, except in the election of officers of the Senate (Constitution, Article III, Section 41). A majority of the whole number of votes cast shall be necessary for a choice in all elections by the Senate.

### Editorial Note

The officers of the Senate for the purposes of Article III, Section 41, Texas Constitution, include the President Pro Tempore and a Senator elected under Rule 1.03 to perform the duties of the Lieutenant Governor. See *In re The Texas Senate and The Honorable Rodney Ellis*, No. 00-1321 (Tex. December 28, 2000); and *The Constitution of the State of Texas, An Annotated and Comparative Analysis*, Vol. 1, pp. 185-186.

# ARTICLE II
# ADMISSION TO SENATE CHAMBER

## ACCESS TO SENATE FLOOR

**Rule 2.01.** (a) The doors of the Senate shall be kept open, except when there is an executive session. (Constitution, Article III, Section 16)

### Editorial Note

When the Senate is in session, the entrances to the main floor of the Senate Chamber are closed, but the galleries are always open to the public except when Senate is in executive session.

(b) It shall be the duty of the Sergeant-at-Arms and assistants to clear the Senate Chamber of all persons not entitled to the privilege thereof 30 minutes before the hour of the meeting of the Senate and for 30 minutes after each meeting of the Senate.

## RESTRICTIONS ON ADMISSION

**Rule 2.02.** Persons hereinafter named and no others shall be admitted to the floor of the Senate while the Senate is in session provided that persons other than members of the Lieutenant Governor's family, a Senator's family, members of the House of Representatives of the State of Texas, and Sergeants-at-Arms of the Senate shall be required to remain behind the brass rail: Members of the Senate and their families, the Secretary of the Senate and family, employees of the Senate and House of Representatives when on official business, Representatives, the Governor, the Governor's family and executive staff, the Lieutenant Governor and family, the President and Vice-President of the United States, United States

Senators and members of Congress, Governors of other states, Justices of the Supreme Court, Judges of the Court of Criminal Appeals, the Secretary of State, and duly accredited newspaper reporters and correspondents and radio commentators and television camera operators and commentators who have complied with Rule 2.04. It shall be the special duty of the President to see that officers and employees remain upon the floor of the Senate only when actually engaged in the performance of their official duties. Such persons other than the Lieutenant Governor and members of the Senate shall not be permitted to work for or against any proposition before the Senate while on the floor.

## PERSONS LOBBYING NOT ADMITTED

**Rule 2.03.** (a) No newspaper reporter, or other person whosoever, whether a State officer or not, who is lobbying or working for or against any pending or prospective legislative measure, shall in any event be permitted upon the floor of the Senate when the Senate is in session.

(b) All officers and employees of the Senate are prohibited from lobbying in favor of or against any measure or proposition pending before the Senate, and should any officer or employee violate this rule, the same shall be cause for dismissal from the service of the Senate by the President.

### Editorial Note

Section 305.023, Title 3, Government Code, provides: "No person who is registered or required to be registered under this Chapter may go on the floor of either house of the legislature while that house is in session unless invited by that house."

## PRESS CORRESPONDENTS

**Rule 2.04.** While the Senate is in session, no person shall be admitted to the floor of the Senate or allowed its privileges as a press correspondent or radio commentator or television camera operator and commentator, unless said person is a regularly employed, salaried staff correspondent or reporter in the employ of a newspaper publishing general news, a press association serving newspapers, or a publication requiring telegraphic coverage or the person is a regularly employed, salaried employee of a duly licensed radio or television station.

Every newspaper reporter and correspondent and radio commentator and television camera operator and commentator, before being admitted to the Senate during its session, shall file with the Committee on Administration a written statement showing the paper or papers represented and certifying that no part of the person's salary or compensation is paid by any person, firm, corporation, or association except the paper or papers or radio station or television station represented.

## FORFEITURE OF ADMISSION PRIVILEGE

**Rule 2.05.** If any person admitted to the Senate under this article shall lobby or work for or against any pending or prospective legislation or shall violate any of the other rules of the Senate, the privileges extended to said person under this article shall be suspended by a majority of the Committee on Administration.  The action of the committee shall be reviewable by the Senate only if two members of the committee request an appeal from the decision of the committee, which appeal shall be in the form of a minority report, and shall be subject to the same rules that are applicable to minority reports on bills.

## EXCEPTIONS

**Rule 2.06.** This article shall not apply to any person who is invited to address the Senate when in session or to any person who desires to appear before any committee while going to or returning from the session of said committee or to the Governor while delivering an official message.  This article shall not apply during the inauguration of the Governor and other public ceremonies provided for by resolution of the Senate.

## SUSPENSION OF ADMISSION RULE

**Rule 2.07.** It shall be in order for the President to entertain a request, motion, or resolution for the suspension of the Admission Rules or to present from the chair the request of any member for unanimous consent to suspend the Admission Rules.

### Editorial Note

The rule relating to admission to the floor of the Senate, as written prior to 1939, provided that the rule could not be suspended.

## ARTICLE III
## SENATE DECORUM

## PERSONS MUST BE PROPERLY
## ATTIRED IN SENATE CHAMBER

**Rule 3.01.** While the Senate is actually in session, no male Senator or Representative or any other male person shall come on the floor of the Senate without wearing a coat and tie.  The Sergeant-at-Arms and doorkeepers are instructed to strictly enforce this rule, and only the President of the Senate may suspend the rule as to any person or to all persons, and that action to be taken in writing to the Sergeant-at-Arms.

## NO EATING OR DRINKING IN SENATE CHAMBER

**Rule 3.02.** No employee, Senator, Representative, or other person shall be allowed to eat or drink in the Senate Chamber proper at any time. The Sergeant-at-Arms shall strictly enforce this rule.

## MESSAGES TO MEMBERS

**Rule 3.03.** Messages or call slips shall not be delivered to members of the Senate when a roll call is in progress. Individuals desiring to pass a message to members of the Senate must sign their names to that message.

## POSTERS, PLACARDS, BANNERS, AND SIGNS

**Rule 3.04.** No poster, placard, banner, sign, or other similar material shall be carried into the Senate by any person, and no person shall attach or affix any poster, placard, banner, sign, or other similar material to the walls, rails, seats, or bannisters of the Senate Chamber. This rule shall be strictly enforced.

## APPLAUSE, OUTBURSTS, OR DEMONSTRATIONS

**Rule 3.05.** No applause, outburst, or other demonstration by any spectator shall be permitted during a session of the Senate. This rule shall be strictly enforced.

### Note of Ruling

After repeated warnings to persons in the gallery to refrain from demonstrating, the chair may direct the Sergeant-at-Arms to clear the gallery and lock the doors leading to the Senate Chamber (55 S.J. Reg. 1117 (1957)).

## PUNISHMENT FOR OBSTRUCTING PROCEEDINGS

**Rule 3.06.** The Senate, during its sessions, may imprison for 48 hours any person, not a member, for violation of the Senate rules, for disrespectful and disorderly conduct in its presence, or for obstructing any Senate proceeding. (Constitution, Article III, Section 15)

# ARTICLE IV
# DECORUM AND DEBATE OF MEMBERS OF THE SENATE

## MEMBERS TO ADDRESS PRESIDENT

**Rule 4.01.** When a Senator is about to speak in debate or to communicate any matter to the Senate, the member shall rise in his or her place and address the President of the Senate.

### Editorial Note

A member who desires to speak on a pending question should address the chair and, having obtained recognition, may speak, in an orderly and parliamentary way, and subject to the rules of the Senate, as long as he desires.

### Notes of Rulings

When a member has been recognized and is speaking on a motion to re-refer a bill, he must stand upright at his desk and may not lean thereon (61 S.J. Reg. 1760, 1762 (1969)).

When a member has the floor and is speaking on a bill or resolution, he must stand upright at his desk and may not lean or sit on his desk or chair (61 S.J. Reg. 1059 (1969)).

When speaking on a bill, a Senator may not stand at another Senator's desk or use another Senator's desk for any purpose (73 S.J. Reg. 1079 (1993)).

## INTERRUPTION OF PRESIDENT

**Rule 4.02.** The President of the Senate shall not be interrupted while putting the question or addressing the Senate.

## INTERRUPTION OF MEMBER SPEAKING

**Rule 4.03.** No member shall interrupt another Senator who has the floor or otherwise interrupt the business of the Senate, except for the purpose of making a point of order, calling the member having the floor to order, moving the previous question, demanding that a point of order under discussion or consideration be immediately decided, or making a motion to adjourn or recess. Though another member has the floor, any member shall be recognized by the presiding officer in order to call to order the member, to make a point of order, to move the previous question, or to demand that a point of order be immediately decided. A member who has the floor must yield to permit the Senate to receive messages from the Governor and from the House of Representatives and shall not lose the floor. A member who has the floor may yield for questions from other members and shall not lose the floor. In the event a member is interrupted because of a motion to adjourn or recess and the motion fails, the floor shall be immediately returned to the interrupted member. In the event the interrupted member was speaking under the previous question and a motion to adjourn or recess prevails, the member shall resume the floor and finish speaking when the bill is next considered by the Senate.

RULE 4.03

### Editorial Notes

It is the custom of the President to request a member to yield for a message.

Although there is no Senate rule by which a member can be taken from the floor for pursuing "dilatory tactics" (40 S.J. Reg. 882 (1927)), a Senator who has been repeatedly called to order for not confining his debate to the question before the Senate may be required by the Senate to discontinue his address.

A point of order against further debate of a question by a Senator on the ground that his remarks are not germane to the question before the Senate is often disposed of by the chair with a warning to the Senator who has the floor to confine his remarks to the pending question.

When speaking, a member must confine himself to the subject under debate. In discussing an amendment, the debate must be confined to the amendment and not include the general merits of the bill or other proposition.

The point of order having been raised for the third time that a Senator who had the floor was filibustering and not confining his remarks to the bill before the Senate, the chair requested the Senate to vote on the point of order. It was sustained and the Senator speaking yielded the floor (44 S.J. Reg. 1780 (1935)).

The withdrawal of a pending motion by its maker is a privilege that may be exercised at any time, even while a member is addressing the Senate (46 S.J. Reg. 1931, 2112-2113 (1939); 50 S.J. Reg. 1237 (1947)).

For an instance when the chair delayed the vote on a motion to put the previous question, see 38 S.J. Reg. 1169 (1923).

### Notes of Rulings

By raising a point of order, the speaker loses his right to resume speaking if the previous question has been ordered (42 S.J. Reg. 1683 (1931)).

The motion for the previous question may be made at any time, even when another member has the floor (42 S.J. 2 C.S. 236 (1931)).

A member may not take the floor on a point of personal privilege while another member is addressing the Senate (43 S.J. Reg. 1430 (1933)).

A parliamentary inquiry is a privileged matter (43 S.J. Reg. 1430 (1933)).

A speaker yielding the floor for the reception of a message from the House does not lose his right to resume the floor immediately after message received (46 S.J. Reg. 1873 (1939)).

Remarks not in the nature of an inquiry are not in order by a member to whom a Senator has yielded for a question (48 S.J. Reg. 519 (1943)).

A digression by a Senator in his speech on a pending amendment to another subject does not ban his resuming and continuing a germane discussion of the amendment (50 S.J. Reg. 417 (1947)).

A second digression by a Senator on the floor from a discussion of the pending amendment does not necessarily prevent his resuming and continuing a germane discussion of the amendment (50 S.J. Reg. 418 (1947)).

Raising of a third point of order against further debate by a Senator on the floor who has digressed for a third time from a discussion of the pending amendment, after having been twice requested to confine his debate to the amendment, justifies the presiding officer in calling for a vote by the Senate on the question of whether or not he shall be permitted to resume and continue his remarks (50 S.J. Reg. 418 (1947)).

A Senator addressing the Senate may not yield the floor temporarily except by unanimous consent to allow an address by another Senator on a point of personal privilege (50 S.J. Reg. 483 (1947)).

When a member has been recognized and is speaking on a bill or resolution, he may make a parliamentary inquiry but not raise a point of order without yielding the floor (61 S.J. Reg. 1057 (1969); 67 S.J. Reg. 1483-1484 (1981)).

A member speaking on a bill or resolution must confine his remarks to the subject of the bill or resolution (61 S.J. Reg. 1517 (1969)).

When a member has been recognized and is speaking on an amendment to a bill or resolution, he must confine his remarks to the subject of the amendment pending before the Senate (61 S.J. Reg. 856-857 (1969)).

**RULE 4.04**

When a member has been recognized and is speaking on a bill or resolution, he must confine his remarks to the subject of the bill and speak audibly (62 S.J. Reg. 778 (1971)).

No rule of the Senate prohibits repetitious remarks by a Senator if the remarks are germane to the matter under consideration (73 S.J. Reg. 3920 (1993)).

## RECOGNITION OF MEMBERS IN DEBATE

**Rule 4.04.** When two or more members rise at once, the presiding officer shall decide which one shall speak first, but from the presiding officer's decision an appeal without debate may be taken to the Senate by any member.

### Editorial Note

When a bill or other measure is before the Senate, the President first recognizes, for motions for its disposition, the author or sponsor of the bill, who is entitled at all stages to prior recognition for motions that are in order which are intended to expedite the passage of the bill. In recognition for general debate, the President alternates between those favoring and those opposing a measure.

### Note of Ruling

If the sponsor of a bill does not seek recognition to debate the question of its passage and another member obtains the floor to debate it, the member so obtaining the floor should be permitted to finish his remarks on the bill before the sponsor is allowed to discuss it (46 S.J. Reg. 1869 (1939)).

## SPEAKING MORE THAN ONCE IN SINGLE DEBATE

**Rule 4.05.** No member shall speak more than once in any one debate until every member desiring to do so shall have spoken and no member shall speak more than twice in any one debate without leave of the Senate.

### Note of Ruling

A Senator who yields the floor for an unsuccessful motion to adjourn without having concluded his address does not have to await the debate of all other Senators desiring to be heard on the question being considered before being recognized to resume and conclude his address (51 S.J. Reg. 181 (1949)).

## MEMBER CALLED TO ORDER

**Rule 4.06.** When a member shall be called to order by the President or by a Senator, the member shall sit down and not be allowed to speak, except to the point of order, until the question of order is decided. If the decision be in the member's favor, the member shall be at liberty to proceed; if otherwise, the member shall not proceed without leave of the Senate.

### Editorial Note

In 1925, Senator Fairchild obtained the floor to discuss a point of order which he had raised. Pending his remarks, Senator Wood raised the point of order that Senator Fairchild was not discussing the point of order but another matter. Lieutenant Governor Barry Miller sustained the point of order and submitted to the Senate the question of whether or not Senator Fairchild would be permitted to continue his discussion. The Senate refused to permit Senator Fairchild to continue the discussion by a vote of yeas 15, nays 16 (39 S.J. Reg. 1110 (1925)).

## REFUSAL OF MEMBER CALLED TO ORDER TO BE SEATED

**Rule 4.07.** Whenever a member is called to order by the President of the Senate or by the presiding officer then in the chair in accordance with Rule 4.06 and such member fails to sit down and be in order but continues disorderly, it shall be the duty of the Sergeant-at-Arms and/or the Sergeant's assistants upon the direction of the presiding officer to require such recalcitrant member to take his or her seat and be in order. Any member who persists in disorderly conduct after being warned by the presiding officer may, by motion duly made and carried by two-thirds vote of the members present, be required to purge himself or herself of such misconduct. Until such member has purged himself or herself of such misconduct, the member shall not be entitled to the privileges of the floor.

## REMOVAL OF SENATOR FROM CHAIR

**Rule 4.08.** If any Senator, other than the regularly elected President Pro Tempore, be presiding and fails or refuses to recognize any Senator to make a motion that is in order or raise a point of order that it is in order to raise, to entertain an appeal from his or her decision, to put such question to the Senate, to recognize any Senator to demand that a point of order under discussion be immediately decided, or to put the question, if seconded by 10 Senators, "Shall the point of order be now decided?" such Senator so offending shall be deemed guilty of violating the high privileges of the Senate. Until such offending Senator shall purge himself or herself of such contempt and be excused by the Senate, the member shall not again

**RULE 4.09**

be called to the chair during the session. If such Senator so presiding shall refuse to recognize any Senator when addressed in proper order or to entertain the motion, the point of order, or appeal of any Senator or to pass upon the same or to recognize a Senator to make the demand when seconded by 10 Senators that a point of order under discussion be immediately decided, then the Senator seeking recognition may rise in his or her seat and without recognition read a written demand upon the Senator presiding, provided the same is signed by a majority of the Senators present, and if the Senator presiding persists in refusal, then any number of Senators constituting a majority of the Senators present may present such written demand to the Sergeant-at-Arms or an Assistant Sergeant-at-Arms, and such written demand shall be a full and sufficient warrant for arrest, empowering such officer or assistant to arrest the Senator so presiding, eject him or her from the chair, and retain him or her under arrest until released by order of the Senate.

Should the Sergeant-at-Arms or the Assistant Sergeants-at-Arms fail or refuse to act and carry out such demand, they shall be removed from office on a majority vote of the Senate.

When such Senator is removed as aforesaid and the chair remains vacant, the Secretary shall call the Senate to order, and a President Pro Tempore ad interim shall be elected to preside until the Lieutenant Governor or a regularly elected President Pro Tempore shall appear and take the gavel.

As soon as order is restored, the chair shall cause a record of the fact of removal to be made.

### Editorial Note

This rule is one of several first adopted in 1911 to prevent the Lieutenant Governor or any Senator occupying the chair temporarily and the Senators opposing a measure from killing it by dilatory tactics.

### PUNISHMENT FOR MISCONDUCT

**Rule 4.09.** The Senate may punish any member for disorderly conduct and, with the consent of two-thirds of the elected members, may expel a member, but not a second time for the same offense.

### BRIBERY

**Rule 4.10.** Any member who shall receive or offer a bribe or who shall suffer his or her vote to be influenced by promise or preferment of reward shall on conviction be expelled. (Also see Section 36.02, Texas Penal Code.)

# ARTICLE V
## SENATE PROCEDURAL RULES
### (ORDER OF BUSINESS)

### PRESIDING OFFICER TO ASSUME CHAIR

**Rule 5.01.** The presiding officer shall take the chair at the hour to which the Senate last adjourned.

### QUORUM

**Rule 5.02.** Two-thirds of all the Senators elected shall constitute a quorum, but a smaller number may adjourn or recess from day to day and compel the attendance of absent members (Constitution, Article III, Section 10). In case a less number shall convene, the members present may send the Sergeant-at-Arms or any other person or persons for any or all absent members.

### Editorial Note

The exact text of Section 10 of Article III of the State Constitution is as follows:

"Two-thirds of each House shall constitute a quorum to do business, but a smaller number may adjourn from day to day, and compel the attendance of absent members, in such manner and under such penalties as each House may provide."

### Notes of Rulings

Twenty members of the Senate constitute a quorum when only 30 members have qualified (35 S.J. 2 C.S. 23, 32 (1917)).

A point of order that no quorum is present does not deter continued transaction of business by Senate if in fact a quorum is known by the presiding officer to be present and he so announces (50 S.J. Reg. 417 (1947)).

The raising of a point of order that no quorum is present justifies an order by the presiding officer that the roll be called to ascertain the presence or absence of a quorum (50 S.J. Reg. 417 (1947)).

Under Senate Rule No. 5.02 . . . a motion to recess (or adjourn) until a later time on the same day is a proper motion (61 S.J. Reg. 945 (1969)).

A quorum of the Senate is present when 21 members answer the roll call (61 S.J. Reg. 954 (1969)).

There is a quorum of the Senate present when the last roll call taken by the Secretary shows that a quorum was present (61 S.J. Reg. 1926 (1969); 66 S.J. Reg. 514, 664 (1979); 67 S.J. Reg. 1483 (1981)).

The attendance of absentees may be enforced only on order of Senators present (48 S.J. Reg. 355 (1943)).

The attendance of absentees may be enforced although a quorum is present (48 S.J. Reg. 508 (1943)).

## ABSENCES

**Rule 5.03.** No member shall absent himself or herself from the sessions of the Senate without leave unless the member be sick or unable to attend.

### Editorial Note

Rule 16.06, Subdivision (7), provides that a vote of two-thirds of the members present shall be required "to excuse absentees." The main effect of granting leave to an absent member is that he is recorded "absent-excused" on all votes taken instead of "absent."

### CALL OF THE SENATE

**Rule 5.04.** It shall be in order to move a call of the Senate at any time to secure, to maintain, or to secure and maintain a quorum for the following purposes:

(1) for the consideration of a specific bill, resolution, or other measure;

(2) for a definite period of time or for the consideration of any particular class of bills.

When a call of the Senate is moved for one of the above purposes and seconded by five members and ordered by a majority of those present, the Doorkeeper shall close the main entrance to the floor of the Senate. All other doors leading from the floor of the Senate shall be locked and no member shall be permitted to leave the Senate without written permission of the presiding officer until after the subject matter upon which the call was ordered has been disposed of. The Secretary shall call the roll of members and note the absentees. Those for whom no sufficient excuse is made, by order of the majority of those present, may be sent for and arrested wherever they may be found and their attendance secured and retained by the Sergeant-at-Arms or officers appointed by the Sergeant for that purpose. The Senate shall determine upon what conditions they shall

be discharged. Members who voluntarily appear shall, unless the Senate otherwise directs, be immediately admitted to the floor of the Senate, and they shall report their names to the Secretary to be entered upon the journal as present. Until a quorum appears, should the roll call fail to show one present, no business shall be done except to compel the attendance of absent members or to adjourn.

When a quorum is shown to be present, the Senate may proceed with the matters upon which the call was ordered or may enforce and await the attendance of as many of the absentees as it desires to have present. If the Senate decides to proceed, the Sergeant-at-Arms shall not be required to bring in other absentees unless so ordered by a majority vote of the Senate.

### Editorial Notes

After a call has been ordered and a quorum has been announced present, it is then proper for the Senate to resume the transaction of business, or, on the adoption of a motion to do so, to secure the attendance of one or more of the members still absent before resuming consideration of any business.

It is, no doubt, within the province of the Senate to adopt a rule authorizing the presiding officer of the Senate during a call of the Senate to issue to any absentee a written demand that the absentee attend the Senate's session and giving to the Sergeant-at-Arms or his deputies authority to serve and to enforce the demand by whatever means necessary.

### Notes of Rulings

The disclosure of the presence of a quorum during a call to secure and maintain a quorum does not automatically dissolve the call (32 S.J. Reg. 1274 (1911)).

A motion for a call of the Senate may not include a further provision to grant leaves of absence to certain members (43 S.J. Reg. 1654 (1933)).

A call of the Senate may not be ordered to maintain a quorum "until the final disposition" of a particular bill unless that bill is "pending before the Senate" (44 S.J. 1 C.S. 262 (1935)).

When under a call, the Senate may compel and await the attendance of all or any number of the absentees before proceeding to transaction of business (48 S.J. Reg. 355, 508 (1943)).

A roll call, following a point of "no quorum," which reveals the absence of a quorum, prevents further consideration of a bill that is being considered on passage to third reading until a

quorum is present and permits a motion to be made that a call of the Senate be ordered for the purpose of securing and maintaining a quorum until the disposition of the bill (50 S.J. Reg. 1137, 1181 (1947)).

A motion for a call of the Senate is not debatable (61 S.J. Reg. 1759 (1969)).

## ROLL CALL

**Rule 5.05.** Upon every roll call the names of the members shall be called alphabetically by surname, except when two or more have the same surname, in which case the name of the county shall be added.

## PRAYER BY CHAPLAIN

**Rule 5.06.** When there is a quorum present, prayer shall be offered by the Chaplain or other person designated by the President of the Senate.

## READING OF JOURNAL

**Rule 5.07.** After the prayer, the journal of the preceding day shall be read and corrected, if necessary.

## MORNING CALL

**Rule 5.08.** The President then shall call:

(1) for Senate bills and resolutions and House bills and resolutions on first reading and referral to committee;

(2) for the introduction and consideration of resolutions;

(3) for messages and executive communications;

(4) for motions to print on minority reports;

(5) for other motions not provided herein, including but not limited to motions to set a bill for special order, to reconsider, to print and not print bills, to rerefer bills, to concur in House amendments to Senate bills, to not concur in House amendments to Senate bills, to request the appointment of conference committees, and to adopt conference committee reports.

This concludes the morning call, which the President shall announce to the Senate.

It shall not be in order, during the morning call, to move to take up a bill or resolution out of its regular order, and the presiding officer shall not recognize any Senator for the purpose of making any such motion or making a motion to suspend this rule.

### Editorial Note

A motion to set a bill for a special order may be made under Item (6) of this rule, and motions to reconsider, to print or not print bills, and to re-refer bills may properly be made under Item (6) of the morning call.

## ORDER OF CONSIDERING BILLS AND RESOLUTIONS

**Rule 5.09.** At the conclusion of the morning call, the Senate shall proceed to consider business on the President's table, which shall be disposed of in the following order:

        (1)  special orders;

        (2)  unfinished business;

        (3)  Senate Joint Resolutions;

        (4)  Senate Resolutions;

        (5)  Senate Concurrent Resolutions;

        (6)  Senate bills on third reading;

        (7)  Senate bills on second reading;

        (8)  House Joint Resolutions;

        (9)  House bills on third reading;

    (10)  House bills on second reading;

    (11)  House Concurrent Resolutions.

The above order is for Senate bill days, except as modified by any Joint Rules.

### Notes of Rulings

The order of business as set forth above may be changed by a two-thirds vote of the Senate (42 S.J. Reg. 1682 (1931)).

A House bill laid before the Senate as an unfinished special order should be disposed of before any other House bill which has been set for a special order is taken up for consideration (46 S.J. Reg. 1853 (1939)).

A motion to suspend the regular order of business is not in order while other business is pending under a rule suspension (46 S.J. Reg. 1886 (1939)).

The bill next on calendar is not to be passed over, due to author's absence (47 S.J. Reg. 397 (1941)).

A motion to suspend the regular order of business is not a debatable motion (61 S.J. Reg. 1101 (1969)).

## HOUSE BILL DAYS

**Rule 5.10.** On calendar Wednesday and calendar Thursday of each week, House Joint Resolutions and House bills on special order and on third and second readings, respectively, and House Concurrent Resolutions shall be taken up and considered until disposed of; provided in case one should be pending at adjournment on Thursday, it shall go over until the succeeding calendar Wednesday as unfinished business.

### Notes of Rulings

A House bill, by a two-thirds vote, may be taken up and considered by the Senate on any day of the week (46 S.J. Reg. 635-636 (1939)).

When the Senate adjourns on Thursday of any week with a House bill pending, the bill then pending, whether it is a special order or not, may not be further considered until Wednesday of the next succeeding week unless the Senate by a two-thirds vote agrees to consider it further prior to that day (46 S.J. Reg. 1704 (1939)).

House bills may be considered in Senate under a suspension of the regular order of business on days other than calendar Wednesday and calendar Thursday (48 S.J. Reg. 1051 (1943)).

When a member is discussing a Senate bill on calendar Monday or calendar Tuesday (which are considered Senate bill days in the Senate) and 12:01 o'clock a.m. Wednesday arrives (which is considered a House bill day in the Senate), no further discussion may be had on the Senate bill (61 S.J. Reg. 956 (1969)).

Consideration of a Senate bill taken up out of order on a Senate bill day may not be continued when a House bill day arrives (66 S.J. Reg. 1355 (1979)).

A House Concurrent Resolution taken up in its calendar order on a House bill day may not be further considered when a Senate bill day arrives (71 S.J. 1 C.S. 73 (1989)).

When rules have been suspended to permit consideration of a Senate bill on a House bill day, an additional suspension is not required to permit consideration to continue when a Senate bill day arrives (73 S.J. Reg. 1082 (1993)).

## SPECIAL ORDERS

**Rule 5.11.** (a)  Any bill, resolution, or other measure may on any day be made a special order for a future time of the session by an affirmative vote of two-thirds of the members present.

(b)  A special order shall be considered at the time for which it is set and considered from day to day until disposed of, unless at the time so fixed there is pending business under a special order, but such pending business may be suspended by a two-thirds vote of all the members present.  If a special order is not reached or considered at the time fixed, it shall not lose its place as a special order.  All special orders shall be subject to any Joint Rules and Rule 5.10.

(c)  Upon the affirmative vote of four-fifths of the members present, a special order may be reset to an earlier time than previously scheduled.

### Editorial Notes

A bill once set as a special order does not lose its place on the calendar of special orders if not taken up at the hour for which it is set.

A special order, the hour for the consideration of which has arrived, takes precedence of the unfinished business  unless the unfinished business is itself a special order.

### Notes of Rulings

An affirmative vote of two-thirds of all Senators present including those who ask to be recorded as "present-not voting" is required to set a special order (49 S.J. Reg. 427 (1945)).

The motion to set a bill for a special order is not a proper substitute for a motion to suspend the regular order of business and take up a bill for immediate consideration (50 S.J. Reg. 1055 (1947)).

A bill being considered as a special order that is laid on the table subject to call is no longer a special order (43 S.J. Reg. 980 (1933)).

Refusal of Senate to set bill as special order for a certain hour does not prevent a motion's being made and adopted immediately thereafter to set the bill as a special order for a different specified hour (45 S.J. Reg. 860 (1937)).

When the business before the Senate is a special order, the order of business may be suspended in order to consider other business (61 S.J. Reg. 2034 (1969)).

A motion to set a bill for special order may be made when the Senate is not in morning call (67 S.J. Reg. 1430 (1981)).

When the time set for consideration of a special order arrives, the special order displaces pending business (67 S.J. Reg. 1449 (1981)).

A motion to suspend the regular order of business is not in order when the time set for consideration of a special order has arrived (67 S.J. Reg. 1558 (1981)).

## REGULAR ORDER OF BUSINESS

**Rule 5.12.** (a) Bills and resolutions shall be considered on second reading and shall be listed on the daily calendar of bills and resolutions on the President's table for second reading in the order in which the committee reports on them are received by the Senate. Upon the filing of a committee report on a bill or resolution as provided by Rule 11.12, the Secretary of the Senate shall note the date and time the report was filed. The Journal Clerk shall record the order in which the committee report was received in the Senate Journal for the day on which the Senate next convenes.

(b) Bills and resolutions shall be considered on third reading in the order in which they were passed on second reading.

### Editorial Notes

On the very important matter of the order of considering each of the several bills reported from committees, the rules of the Senate were silent until Senate Rule 5.12 was amended on June 6, 1947, to provide that bills be placed on the calendars of Senate and House bills on the President's table in the order in which the committee reports on the bills are submitted by the respective chairmen from the floor. Bills are listed for consideration on third reading in the order in which they have been passed by the Senate to engrossment or to third reading.

The Senate Agenda is prepared daily and lists the bills in their order of consideration.

### Notes of Rulings

A bill may not be considered by the Senate which has not been reported from a committee (44 S.J. Reg. 713 (1935)).

A report of a committee on a bill may be received only, and the question of its adoption is not voted on by the Senate (42 S.J. 1 C.S. 748 (1931)).

## SUSPENSION OF THE REGULAR ORDER OF BUSINESS

**Rule 5.13.** No bill, joint resolution, or resolution affecting state policy may be considered out of its regular calendar order unless the regular order is suspended by a vote of two-thirds of the members present.

### Notes of Rulings

By suspending the regular order of business, the Senate may take up a bill before the day to which it previously was postponed (67 S.J. Reg. 1057 (1981)).

A motion to suspend the regular order of business is not in order when the time set for consideration of a special order has arrived (67 S.J. Reg. 1558 (1981)).

### INTENT CALENDAR

**Rule 5.14.** (a) During a regular session of the Legislature, any member who desires to suspend the regular order of business and take up a bill, joint resolution, or resolution out of its regular order shall give notice of such intent to the Secretary of the Senate, in a manner specified by the Secretary, not later than 4:00 p.m. on the last preceding calendar day that the Senate was in session. Unless the printing rule has been previously suspended, no bill, joint resolution, or resolution shall be eligible to be placed on the Intent Calendar unless at the time that the notice is given to the Secretary of the Senate the bill, joint resolution, or resolution has been printed and furnished to each member of the Senate. Notice must be given from day to day. No member may give notice on more than three bills or resolutions prior to April 15 or on more than five bills or resolutions on or after April 15.

(b) The Secretary shall prepare a list of all legislation for which notice has been given. The list must be made available to each member of the Senate and to the press no later than 6:30 p.m. on the day the notice is filed.

(c) No provision of this rule may be suspended except by vote of four-fifths of the members present.

### RULINGS BY PRESIDENT

**Rule 5.15.** Every question of order shall in the first instance be decided by the President, from whose decision any member may appeal to the Senate. Rulings which set or alter precedent shall be printed as an annotation to the rules.

### Editorial Notes

A member called to the chair pending an appeal does not entertain any motions nor accept any further point of order.

**RULE 6.01**

The President of the Senate may refuse to rule on a point of order relating to the constitutionality of the substance of a proposition or on one that does not relate to any question of procedure or practice.

For an instance of when the chair refused to sustain a point of order challenging compliance with a constitutionally required procedure because the Constitution, laws, rules of the Senate, and official records of the Senate did not provide a basis on which to determine compliance, see 74 S.J. Reg. 2458-2461 (1995).

For an instance of when the chair submitted a point of order directly to the Senate for its determination, see 71 S.J. 2 C.S. 554 (1989).

### Notes of Ruling

The constitutionality of a bill or resolution should not be ruled on by the presiding officer of the Senate (61 S.J. Reg. 2034 (1969)).

For an instance of when the chair refused to rule on whether a bill authorizes suspension of laws in violation of the Constitution, see 68 S.J. Reg. 835 (1983).

# ARTICLE VI
# MOTIONS

## MOTIONS AND THEIR PRECEDENCE

**Rule 6.01.** (a) When a question is under consideration by the Senate, no motion shall be made except:

    (1) to fix the day to which the Senate shall adjourn or recess;

    (2) to adjourn or recess;

    (3) to proceed to the transaction of executive business;

    (4) the previous question;

    (5) to lay on the table;

    (6) to lay on the table subject to call;

    (7) to postpone to a time certain;

    (8) to commit;

    (9) to amend;

    (10) to postpone indefinitely.

These several motions have precedence in the order named. It shall be in order to make any number of the above motions before any vote is taken, but the votes shall be taken on all such motions made in the order of the precedence above stated.

(b) Upon compliance with pertinent Senate Rules, motions addressing House amendments to Senate bills, resolutions suspending the constitutional limitation on spending, resolutions suspending conference committee limitations, appointment of conference committees, and conference committee reports are privileged and may be taken up at any time when no other matter is pending before the Senate.

### Editorial Notes

Rule 6.01 apparently prevents a motion to suspend a pending question for the purpose of taking up another, but the Senate's presiding officers have recently interpreted Item (12) of Rule 16.06 to mean that any rule of the Senate may be amended, suspended, or rescinded by a two-thirds vote at any time and that a motion to suspend Rule 6.01 and any other interfering rule in order to take up for immediate consideration a question different from the one pending is in order. However, an undebatable privileged question that is pending or a question that is itself under consideration as the result of a rule suspension should be disposed of by the Senate before another question is taken up under a suspension of the rules. No rule suspension, of course, is in order during the morning call.

There are several kinds of motions to amend, which motions have precedence in the order named below:

1. Committee amendments and amendments by the author or Senator in charge of the bill offered from the floor to the body of the bill.

2. Other amendments offered from the floor to the body of the bill.

3. Amendments to the caption of the bill.

4. Amendments to strike out the enacting clause of a bill.

If a bill is considered section by section, an amendment is not in order except to the section under consideration. After all of the sections have been considered separately, the whole bill is open for amendment.

**RULE 6.01**

## Notes of Rulings

### Adjourn

(See also Rules 6.21 and 6.22.)

After a motion to adjourn has been made no business may precede a vote on the motion except by unanimous consent (43 S.J. Reg. 906 (1933)).

### Table

A motion to table report of conference committee is not in order (47 S.J. Reg. 1128 (1941)).

### Table Subject to Call

A motion to table a bill subject to call is not a proper substitute motion for a motion to set a bill as special order (45 S.J. Reg. 1426 (1937)).

A motion to call from the table a bill tabled subject to call is not in order while joint resolution on passage to third reading is pending (49 S.J. Reg. 820 (1945)).

The motion to table subject to call is not debatable (51 S.J. Reg. 1336 (1949)).

### Postpone

When the hour to which a bill postponed to a time certain arrives, the postponed measure does not immediately displace a special order (or other matter) already under consideration by the Senate (45 S.J. Reg. 1854 (1937)).

### Commit

A motion to recommit a bill permits discussion of the merits of the bill (42 S.J. Reg. 496 (1931)).

### Amend

[For rulings relating to germaneness of amendments, see under Rule 7.15.]

An amendment directly contrary to and including the same subject matter as an amendment previously adopted is not in order (42 S.J. Reg. 242 (1931)).

An amendment defeated at a particular stage of a bill may not be again submitted at the same stage of the bill (42 S.J. 1 C.S. 647 (1931)).

Amendment having the same effect as an amendment which has been defeated is not in order (42 S.J. 2 C.S. 95 (1931)).

A single substitute for both an amendment and an amendment to an amendment is in order (43 S.J. Reg. 1367 (1933); 44 S.J. 2 C.S. 24 (1935)).

An amendment that has been tabled may not be offered again at the same stage of the bill (44 S.J. Reg. 156 (1935)).

A substitute for a substitute is not in order (44 S.J. Reg. 613 (1935)).

Matter identical with that stricken from a bill by amendment may not be re-inserted at the same stage by further amendment (44 S.J. Reg. 867 (1935)).

An amendment accomplishing same result as defeated amendment but different in text and inserted in bill at different place is in order (45 S.J. Reg. 622 (1937)).

An amendment containing only one of several provisions contained in a defeated amendment is in order (45 S.J. Reg. 1348 (1937)).

An amendment, defeated at one stage of a bill, is again in order when the bill has reached another stage (45 S.J. Reg. 1642 (1937)).

An amendment changing only load limit in bill relating to weight of trucks is a proper substitute for amendment striking out all after enacting clause and inserting new text (47 S.J. Reg. 475 (1941)).

An amendment inserted in a bill by an amendment is not subject to change at same stage of bill (48 S.J. Reg. 841 (1943)).

A substitute for an amendment is not in order if the substitute relates to a different subject matter (49 S.J. Reg. 436 (1945)).

An amendment to a joint resolution, defeated when the resolution is on passage to engrossment, may be offered again when resolution is on final passage (49 S.J. Reg. 444 (1945)).

A point of order that a line and word reference in a proposed amendment is incorrect does not deter consideration of the amendment containing the reference (50 S.J. Reg. 422 (1947)).

An amendment making it mandatory that the salaries of certain county officers be raised is not in order, after the adoption (at the same stage of the bill) of an amendment that makes the raising of those salaries permissive instead of mandatory (50 S.J. Reg. 826 (1947)).

**RULE 6.02**

An amendment that has been tabled may not be again considered at the same stage of the bill, even though it is resubmitted as only one of two distinct propositions in another amendment (51 S.J. Reg. 183 (1949)).

An amendment substantially different in any particular from one defeated would not be out of order because of its similarity to the defeated amendment (51 S.J. Reg. 628 (1949)).

An amendment that does not indicate the portion of a bill it seeks to change is not in order (51 S.J. 1 C.S. 95 (1950)).

### LIMITATION OF DEBATE ON MOTIONS

**Rule 6.02.** No debate shall be allowed on a motion to lay on the table, for the previous question, or to adjourn or recess; provided, however, that the author of a measure or whichever one of the several authors of the same may be by them selected so to do shall have the right, when a motion to lay on the table shall have been made, to close the debate, which privilege the member may yield to any other Senator subject to all of the Rules of the Senate.

### Editorial Note

If the member having the right to close after a motion to table yields his right to another Senator, he is not permitted himself to debate the question any further.

### Notes of Rulings

The substance of a bill may be stated under a motion to suspend the order of business to take up for consideration (35 S.J. Reg. 1149 (1917)).

The motion to reconsider is debatable unless the proposition upon which the motion to reconsider is made is not debatable (44 S.J. Reg. 368-369 (1935)).

The motion to table subject to call is not debatable (46 S.J. Reg. 479 (1939)).

A resolution to fix date of sine die adjournment is debatable (47 S.J. Reg. 1902 (1941)).

When an amendment to a bill is pending, all debate must relate to the amendment (49 S.J. Reg. 1019 (1945)).

The motion to suspend the regular order of business is not debatable, but a limited explanation of the bill to which any such motion applies is permitted (50 S.J. Reg. 1349 (1947)).

The author of a bill who has moved to suspend a rule so that the bill might be introduced may explain it briefly (51 S.J. Reg. 502 (1949)).

A motion for a Call of the Senate is not debatable (61 S.J. Reg. 1759 (1969)).

A congratulatory resolution when offered is not debatable and therefore may be considered immediately or referred to a committee by the presiding officer (61 S.J. 1 C.S. 124 (1969)).

No debate is allowed on the motion to table (67 S.J. Reg. 1483 (1981)).

A motion to suspend the three-day rule is not debatable (68 S.J. Reg. 1922 (1983)).

## WRITTEN MOTIONS

**Rule 6.03.** All motions shall be reduced to writing and read by the Secretary, if desired by the presiding officer or any Senator present.

### Note of Ruling

After the commencement of a roll call on the question of agreeing to a motion to suspend the regular order of business, a Senator may not interrupt the roll call to demand that the motion be submitted in writing and may not then insist as a matter of right that the motion be reduced to writing (50 S.J. Reg. 602 (1947)).

## WITHDRAWAL OF MOTION

**Rule 6.04.** After a motion has been stated by the President or read by the Secretary, it shall be deemed to be in possession of the Senate, but it may be withdrawn at any time before it has been amended or decided.

### Note of Ruling

An amendment may be withdrawn by its author at any time before it has been voted on, even when a Senator is debating it; and its withdrawal cuts off immediately any further discussion of it (50 S.J. Reg. 1237 (1947)).

## MOTIONS TO FIX SUM OR STATE TIME

**Rule 6.05.** On a motion to fix a sum or state a time, the largest sum and the longest time shall have precedence.

### DIVISION OF QUESTION

**Rule 6.06.** Any member may have the question before the Senate divided, if it be susceptible of a division, into distinct questions. On a motion to strike out and insert, it shall not be in order to move for a division of the question, and the rejection of a motion to strike out and insert one proposition shall not prevent a motion to strike out and insert a different proposition or prevent a subsequent motion simply to strike out. The rejection of a motion simply to strike out shall not prevent a subsequent motion to strike out and insert.

#### Note of Ruling

A motion that Senate Rule 5.09 and the regular order of business be suspended and a certain general bill be laid out is not susceptible of division if Senate Rule 5.09, which relates to the order of business, is the only Senate rule banning the laying out of the bill and its immediate consideration by the Senate (50 S.J. Reg. 1239 (1947)).

### MOTION TO TABLE

**Rule 6.07.** A motion to table shall only affect the matter to which it is directed, and a motion to table an amendment shall never have the effect of tabling the entire measure.

### MOTIONS TO REFER OR COMMIT

**Rule 6.08.** Any bill, petition, or resolution may be referred from one committee or subcommittee to another committee or subcommittee if the motion is approved by the chairs of both committees involved and by a two-thirds vote of the members present and voting. Any bill, petition, or resolution may be committed to any committee or subcommittee at any stage of the proceedings on such bill, petition, or resolution by a majority vote of the elected members of the Senate. A bill or joint resolution committed to a committee or subcommittee while on third reading shall be considered as on its second reading if reported favorably back to the Senate.

When several motions shall be made for reference of a subject to a committee, they shall have preference in the following order:

First: To a Committee of the Whole Senate

Second: To a standing committee

Third: To a standing subcommittee

Fourth: To a special committee.

## PREVIOUS QUESTION

**Rule 6.09.** Pending the consideration of any question before the Senate, any Senator may call for the previous question, and if seconded by five Senators, the presiding officer shall submit the question: "Shall the main question be now put?" If a majority of the members present and voting are in favor of it, the main question shall be ordered, the effect of which shall be to cut off all further amendments and debate and bring the Senate to a direct vote--first upon pending amendments and motions, if there be any, then upon the main proposition. The previous question may be ordered on any pending amendment or motion before the Senate as a separate proposition and be decided by a vote upon said amendment or motion.

### Editorial Notes

After the previous question has been ordered, no motions are in order until the question or questions on which it is ordered have been voted upon, except the motions to adjourn, for a call of the Senate and to reconsider the vote by which the previous question was ordered, and the motion to reconsider can be made only once.

It has also been held that a motion may be withdrawn after the previous question has been ordered on it. (See Senate Journal, 46th Legislature, Regular Session, pages 2112-2113; Senate Journal, 50th Legislature, page 1237.)

### Notes of Rulings

The previous question may not be ordered on final passage of bill prior to its being placed on third reading (35 S.J. Reg. 1063 (1917)).

When the main question has been ordered but not voted on, a member is not entitled to speak on a question of personal privilege (42 S.J. Reg. 1203; 42 S.J. 1 C.S. 675 (1931)).

The previous question may not be moved to include the votes to be taken on a bill or on any subsidiary motions applied to it at a more advanced stage (42 S.J. 1 C.S. 675 (1931)).

It is not in order to speak to a question of personal privilege after the previous question has been ordered (43 S.J. Reg. 691 (1933)).

A motion may be made (even by a Senator not voting on the prevailing side) to rescind the "action and vote of the Senate" in ordering the previous question (45 S.J. Reg. 432 (1937)). (A vote of two-thirds of all members present is required to suspend, rescind, or amend any rule of the Senate.)

The vote by which the main question is ordered on series of questions may be reconsidered after vote has been taken on one or more of the questions (45 S.J. 2 C.S. 82 (1937)).

The motion for the previous question on a bill may be made and voted on after the previous question has been ordered on a proposed amendment to the bill and before a vote has been taken on the amendment (46 S.J. Reg. 2041 (1939)).

A motion for previous question is not in order immediately after defeat of same motion (47 S.J. Reg. 1743 (1941)).

The constitutional rule (Section 32 of Article III) calling for "free discussion" on a bill does not prevent the making of a motion for the previous question on the passage of a bill or prevent the Senate's ordering the main question on the bill as provided for in its own rule relating to the previous question. The Senate determines by its vote on the motion for the previous question whether or not the constitutional rule has been complied with (50 S.J. Reg. 1174 (1947)).

A motion for the previous question may be put at the same time on a motion to re-refer a bill from one committee to another committee and also a substitute motion that the same bill be referred from the original committee to still another committee (61 S.J. Reg. 1762 (1969)).

## RECONSIDERATION

**Rule 6.10.** (a) After a question shall have been decided, either in the affirmative or negative, any member voting with the prevailing side may, at any time on the same legislative day in which the vote was taken or on the next legislative day, move the reconsideration thereof. If the motion to reconsider is successful, the question shall immediately recur on the question reconsidered.

(b) When a bill, resolution, report, amendment, order, or message upon which a vote was taken shall have gone out of the possession of the Senate and have been delivered to the House of Representatives or to the Governor, the motion to reconsider shall be preceded by a motion to request the House or the Governor to return same, which if determined in the negative shall be a final disposition of the motion to reconsider. If the motion to request the House or the Governor to return same is successful, the motion to reconsider shall be acted upon after the return of the bill, resolution, report, amendment, order, or message to the possession of the Senate.

## Editorial Notes

If a vote on a Senate bill is reconsidered on House bill day, the bill itself may not be considered in the Senate until the arrival of a Senate bill day.

Under Senate Rule 6.10, recalling is made the first requirement for further considering a bill passed by the Senate and sent to the House. Hence, a motion or resolution to recall the bill is privileged.

A motion to reconsider the vote by which the previous question has been ordered may be made by any Senator voting to order it; and in case the vote is not a "yea and nay" recorded vote, it may be made by any Senator who was present for that vote.

## Notes of Rulings

Reconsideration of a vote recommitting a bill has the immediate effect of placing the bill back to its status before the motion to recommit prevailed (34 S.J. Reg. 250 (1915)).

Reconsideration of vote by which a bill passed to engrossment places the bill back before the Senate just as it was before the vote on its engrossment was taken (37 S.J. Reg. 578 (1921)).

A motion to reconsider a vote may be made on the first day after the vote is taken on which there is a quorum of the Senate present (38 S.J. Reg. 619 (1923)).

Vote on adoption of amendment, adopted on second reading of a bill that is later ordered engrossed, may not be reconsidered until vote on passage of bill to engrossment has been reconsidered (40 S.J. Reg. 388 (1927)).

The motion to reconsider a vote is not debatable when the motion on which the vote was taken is not debatable (40 S.J. Reg. 415 (1927)).

Upon reconsideration of the vote on a House bill, it automatically takes its place on the calendar of House bills on the President's table for consideration by the Senate (42 S.J. Reg. 608 (1931)).

A motion to adopt a conference committee report on joint resolution is in order at any time, and without a reconsideration of a previous adverse vote on the report (44 S.J. Reg. 1812 (1935)).

A motion to reconsider a vote is not debatable if at the time the vote was taken the previous question on the proposition voted on had been ordered (44 S.J. 1 C.S. 219 (1935)).

The motion to reconsider the vote on the passage of a bill must be made on the same day the bill was passed to engrossment or on the next succeeding legislative day (46 S.J. Reg. 1129 (1939)).

A bill may be recalled from the House before motion is made to reconsider vote on its passage (46 S.J. Reg. 1209 (1939)).

The vote by which a conference report has been adopted by the Senate may be reconsidered by the Senate and the bill recalled from the Governor although the bill has been enrolled, signed by the presiding officers of each House, and presented to the Governor (46 S.J. Reg. 1437 (1939)).

Debate of motion to reconsider vote by which main question ordered is not in order (47 S.J. Reg. 2258 (1941)).

A motion to reconsider a vote must be made on the same day the vote is taken or on the next legislative day (49 S.J. Reg. 807 (1945)).

The motion to reconsider a vote may not be made by a member who is not recorded as having voted on the prevailing side if the vote was a "yea and nay" recorded vote (49 S.J. Reg. 1019, 1214 (1945)).

A motion to reconsider the vote by which a motion to table has prevailed may not be made (50 S.J. Reg. 805 (1947)).

A concurrent resolution to recall for further consideration a bill passed by the Senate is in accord with Senate Rule 6.10 and is privileged (51 S.J. 1 C.S. 120 (1950)). (See also Hinds' Precedents, 5,5669-5671.)

## SPREADING MOTION TO RECONSIDER ON JOURNAL

**Rule 6.11.** At any time before the expiration of the next legislative day following that on which the vote was taken, a motion to reconsider a vote may be made by any Senator who is permitted by Rule 6.10 to make it, and the maker of the motion may accompany it with a request that it be spread on the journal to be called up and acted on at a later time, which request shall be granted unless another Senator demands immediate action thereon. In case a motion to reconsider that has been spread upon the journal is not called up to be acted on by the Senate within five legislative days after it

has been made, it shall not thereafter be called up or acted upon. Any such motion that has been made during the last six days of the session that has not been called up before the final 24 hours of the session shall not thereafter be called up or acted upon by the Senate. In all cases, a motion to reconsider shall be decided by a majority vote.

## DEMAND FOR IMMEDIATE RULING

**Rule 6.12.** Pending the consideration or discussion of any point of order before the presiding officer and the Senate, or either, any Senator may demand that the point of order be immediately decided, and if seconded by 10 Senators, the presiding officer shall submit the question: "Shall the point of order be now decided?" If a majority vote in favor of it, the point of order shall immediately be decided by the presiding officer, and if an appeal from the presiding officer's decision is taken, the appeal shall be immediately decided by the Senate without debate.

### Editorial Note

The President of the Senate is required by the Rules of the Senate to decide questions of order, but he is not required to rule on the constitutionality of the substance or content of any proposed law, resolution, or amendment. He usually decides questions as to the constitutionality of a certain procedure or as to the Senate's constitutional jurisdiction, but he usually submits to the Senate for its decision questions as to the constitutionality of the substances or content of any proposal. (See also Rule 5.15 and notes following it.)

## DISPENSE WITH READING OF PAPERS

**Rule 6.13.** When the reading of a paper is called for and the same is objected to by any member, it shall be determined by a majority vote of the Senate and without debate.

### Notes of Rulings

The Senate may determine whether a Senator who is explaining a bill prior to a vote on a motion to permit its introduction may read the bill in full (51 S.J. Reg. 502 (1949)).

Although the Senate on a previous occasion has ordered the full reading of a certain bill dispensed with, a full reading may be called for when the bill is again before the Senate for consideration and may be dispensed with only on order of the Senate (51 S.J. Reg. 503 (1949)).

**RULE 6.14**

A Senator addressing the Senate on the question of whether or not the Senate shall concur in the House amendments to a bill may read in full a legal opinion relating to the subject matter of the amendments unless the Senate orders its reading discontinued (51 S.J. Reg. 603-604 (1949)).

A second reading of an amendment in full may be dispensed with by order of the Senate (51 S.J. Reg. 625, 628 (1949)).

## MODE OF STATING AND VOTING UPON QUESTIONS

**Rule 6.14.** All questions shall be distinctly put by the President and the members shall signify their assent or dissent by answering "yea" or "nay."

### Note of Ruling

After a roll call has been ordered and before the calling of the roll has commenced, it is not in order for a member to address the Senate (44 S.J. 2 C.S. 83 (1935)).

## CALLS FOR YEAS AND NAYS REQUIRED

**Rule 6.15.** (a) Upon the final passage of all amendments proposed to the Constitution, all bills appropriating money or lands for any purpose, and all questions requiring a vote of two-thirds of the members elected, the presiding officer shall call for the yeas and nays, and they shall be entered in the journal. Upon all other questions requiring a vote of two-thirds of the members present, including a motion to suspend the rules, the presiding officer shall determine if there is objection and, if so, call for the yeas and nays, but they shall not be entered into the journal unless required under Subsection (b) of this rule. If no objection is made, the journal entry shall reflect a unanimous consent vote of the members present without necessity of a roll call of yeas and nays.

(b) At the desire of any three members present, the yeas and nays shall be entered on the journal, and the names of the members present and not voting shall be recorded immediately after those voting in the affirmative and negative, and such members shall be counted in determining the presence of a quorum. (Constitution, Article III, Section 12)

(c) A member must be on the floor of the Senate or in an adjacent room or hallway on the same level as the Senate floor or gallery in order to vote; but a member who is out of the Senate when a record vote is taken and who wishes to be recorded shall be permitted to do so provided:

(1) the member was out of the Senate temporarily, having been recorded earlier as present;

(2) the vote is submitted to the Secretary of the Senate prior to adjournment or recess to another calendar day; and

(3) the recording of the member's vote does not change the result as announced by the chair.

(d) Once begun, a roll call may not be interrupted for any reason.

### Editorial Note

Verification of a "yea and nay" vote is not provided for by any rule, but when a vote is close, it has been the practice for the presiding officer to order a verification when requested by any member to do so.

## MEMBERS REFUSING TO ANSWER RECORDED PRESENT

**Rule 6.16.** Upon a roll call of the Senate, should any member who is on the floor of the Senate fail or refuse to answer the call of the roll, the Secretary of the Senate shall, under the direction of the President of the Senate, record such member as present.

## PAIRED VOTES

**Rule 6.17.** If a member who is absent desires to be recorded on a pending question, the member may cast a paired vote by signing a pair slip which indicates the member's "yea" or "nay" vote with a member who is present and casting an opposite vote, if the member who is present so desires. Pair slips must be signed by both the absent and present member and filed with the Secretary of the Senate before the vote. The paired votes of the present and absent members shall be recorded as an expression of opinion on the matter considered but shall not be counted in the total of votes for or against the measure or motion. However, the member present shall be counted to make a quorum.

## LIEUTENANT GOVERNOR TO GIVE CASTING VOTE

**Rule 6.18.** If the Senate be equally divided on any question, the Lieutenant Governor, if present, shall give the casting vote. (Constitution, Article IV, Section 16)

### Editorial Note

A vote on a motion to refer a resolution was yeas 15, nays 15. Lieutenant Governor Davidson voted "nay" and declared the motion lost. A second vote was taken on a motion to refer to

another committee and resulted in a tie. Lieutenant Governor A. B. Davidson voted "nay" and declared the motion lost (32 S.J. Reg. 938-939 (1911)).

## EFFECT OF TIE VOTE WHEN LIEUTENANT GOVERNOR ABSENT

**Rule 6.19.** If the Senate is equally divided on any question when the Lieutenant Governor is not present, such question or motion shall be lost.

## VETOED BILLS

**Rule 6.20.** A vote of two-thirds of all members elected to the Senate shall be required for the passage of House bills that have been returned by the Governor with his objections, and a vote of two-thirds of the members of the Senate present shall be required for the passage of Senate bills that have been returned by the Governor with his objections. (Constitution, Article IV, Section 14)

### Editorial Note

A specific case in which the vote of yeas and nays did not pass the bill over the Governor's veto is found at 47 S.J. Reg. 2478 (1941).

## ADJOURNMENT

**Rule 6.21.** A motion to adjourn or recess shall always be in order and shall be decided without debate, and the Senate may adjourn or recess while operating under the previous question.

### Editorial Note

The motion to recess or adjourn is not debatable, and the maker of either motion may not hold the floor to the exclusion of other Senators who might want to move to adjourn or recess to a different hour. After a series of such motions has been made, the motions must be voted on immediately.

### Notes of Rulings

Under Senate Rule 5.02 which states that "two-thirds of all of the Senators elected shall constitute a quorum but a smaller number may adjourn (or recess) from day to day," a motion to recess (or adjourn) until a later time on the same day is a proper motion (61 S.J. Reg. 945 (1969)).

The Legislature may repeal or set aside a resolution setting a date for sine die adjournment (42 S.J. Reg. 1656 (1931)).

A resolution setting a new time for sine die adjournment is in order and requires only a majority vote to adopt it (42 S.J. 2 C.S. 189 (1931)).

A motion to adjourn may not be made immediately after the defeat of a series of motions to adjourn and recess (51 S.J. Reg. 577 (1949)).

A motion to adjourn or recess is not a proper motion where further business has not been transacted by the Senate since a previous motion to adjourn or recess had been made and defeated (61 S.J. Reg. 1059 (1969)).

A concurrent resolution containing a provision that "no date for adjournment be fixed until the appropriation bills have been passed and all important measures upon the calendar have been disposed of" was held out of order by Lieutenant Governor Lynch Davidson, because it sought "to deny the Legislature its constitutional right to adjourn at any time it desires" (37 S.J. Reg. 392 (1921)).

The Legislature may repeal or set aside a resolution setting a future date and hour for sine die adjournment, and a resolution setting a new time for sine die adjournment is in order, and only a majority vote is required to adopt it (42 S.J. Reg. 1656, 1682 (1931)).

## ADJOURNMENT OF SENATE FOR MORE THAN THREE DAYS

**Rule 6.22.** The Senate shall not adjourn or recess for more than three days or to any other place than that in which it may be sitting, without the concurrence of the House of Representatives. (Constitution, Article III, Section 17)

### Note of Ruling

An adjournment from Thursday to Monday is not for more than three days, and consent of the House to such an adjournment by the Senate is not needed (49 S.J. Reg. 640 (1945)).

**RULE 7.01**

# ARTICLE VII
# INTRODUCTION AND PASSAGE OF BILLS

## CUSTODIAN OF BILLS AND RESOLUTIONS

**Rule 7.01.** The Calendar Clerk shall be the official custodian of the bills and resolutions pending in the Senate, and the same may not be withdrawn from the custody of such clerk without the consent of the Senate.

## CAPTION RULE

**Rule 7.02.** Each bill must include a caption beginning with the words "A Bill to be Entitled an Act" to be followed by a brief statement that gives the Legislature and the public reasonable notice of the subject of the proposed measure. (Constitution, Article III, Sections 29 and 35)

### Note of Ruling

A bill which enacts, amends, or repeals general law may contain an appropriation necessary to accomplish the main object of the bill and does not violate the single-subject limitation of Article III, Section 35, Texas Constitution (71 S.J. 2 C.S. 43-44 (1989)).

## ANNOUNCEMENT OF STAGE OF BILL

**Rule 7.03.** The President shall, at each reading, announce whether the bill originated in the Senate or House of Representatives and whether it be the first, second, or third reading.

## FILING BILLS

**Rule 7.04.** (a) Beginning the first Monday after the general election preceding the next regular legislative session or within 30 days prior to any special session, it shall be in order to prefile with the Secretary of the Senate bills for introduction in that session.

(b) During the session bills may be filed for introduction with the Secretary at any time.

(c) Upon receipt of the bills the Secretary of the Senate shall number them and make them a matter of public record, available for distribution. Once a bill has been filed it may not be recalled.

### Notes of Rulings

The Senate may not grant by vote or by unanimous consent permission to a member to introduce a bill not within Governor's call (43 S.J. 1 C.S. 24 (1933)).

A point of order, made and sustained at a special session, that a bill (which has been read second time) is not within the Governor's call prevents any further consideration of it at that session (43 S.J. 2 C.S. 27 (1934)).

A bill making an appropriation for the activation of an agency to distribute surplus commodities to state hospitals and special schools and for certain other related purposes is within the call of the Governor for a special session "to make and to finance such appropriations as the Legislature may deem necessary for State hospitals and special schools . . . ." (51 S.J. 1 C.S. 161 (1950)).

## INTRODUCTION AND FIRST READING OF BILLS

**Rule 7.05.** (a) Senate bills shall be considered introduced when first read in the presence of the Senate.

(b) Senate bills filed for introduction, and House bills received by the Senate, shall be read on first reading at the appropriate point in the morning call.

## REFERRAL OF BILLS

**Rule 7.06.** (a) The President shall refer each bill to a proper committee or standing subcommittee and shall cause such referral to be announced when the bill is first read.

(b) No action shall be taken on a bill accepting, rejecting, or amending it until the bill has been reported on by a committee.

### Editorial Notes

This rule clearly forbids tabling a bill that has not been reported from a committee. The practice of tabling a bill not properly before the Senate for consideration is not in accordance with good parliamentary practice, since the practice deprives the sponsors of a fair opportunity of protecting the life of the bill.

Lieutenant Governor Barry Miller declined to refer a bill that had been presented for introduction at a called session, holding that it was not covered by the call of the Governor (41 S.J. 5 C.S. 9, 14 (1930)). (See also Appendix under heading Jurisdiction—Special Sessions.)

**RULE 7.07**

### Note of Ruling

A motion to re-refer a bill is in order at any time there is not another question already before the Senate for immediate consideration (51 S.J. Reg. 755-756 (1949)).

## LIMITATIONS ON INTRODUCTION

**Rule 7.07.** (a) A bill may be introduced at any time during the first 60 calendar days of the regular session and may be referred to the proper committee and disposed of under the rules of the Senate.

(b) Except as provided in Rule 7.08, no bill shall be introduced after the first 60 calendar days of the session. This provision may only be suspended by an affirmative vote of four-fifths of the members of the Senate.

(c) It shall not be in order to introduce a local bill as defined by Rule 9.01 unless notice of publication, as provided by law, is attached.

### Note of Ruling

Refusal of the Senate to suspend the foregoing rule to permit the introduction of a bill does not prevent its being offered again for introduction later (43 S.J. Reg. 1656 (1933)).

## CONSIDERATION OF EMERGENCY MATTERS

**Rule 7.08.** At any time during the session, resolutions, emergency appropriations, emergency matters specifically submitted by the Governor in special messages to the Legislature, and local bills (as defined in Rule 9.01) may be filed with the Secretary of the Senate, introduced and referred to the proper committee, and disposed of under the rules of the Senate.

## ANALYSIS OF FISCAL AND OTHER IMPLICATIONS OF BILL OR RESOLUTION

**Rule 7.09.** (a) It is the intent of this rule that all members of the Senate be timely informed to the impact of proposed legislation on the state or other units of government.

### Fiscal Notes

(b) Prior to a final vote by a committee to report any bill or joint resolution, except the general appropriations bill, there shall be attached a fiscal note signed by the director of the Legislative Budget Board.

(c) If a bill or joint resolution is amended by a committee, the committee chair shall obtain an updated fiscal note. The chair may require that the updated fiscal note be distributed to the committee members prior to the final vote to report the measure.

(d) Prior to a motion to concur in House amendments, an updated fiscal note shall be distributed to all members if the director of the Legislative Budget Board determines that a House floor amendment has altered the policy implications of the bill or resolution, except the general appropriations bill.

(e) An updated fiscal note shall be distributed to all members prior to a motion to adopt a conference committee report on any bill or joint resolution, other than the general appropriations bill; provided that an updated fiscal note is not required on a conference committee report if the text of the report is the engrossed text of either the House or Senate version and the report has attached a fiscal note outlining the fiscal implications of that version of the measure.

(f) A fiscal note for a bill or joint resolution which authorizes or requires the expenditure or diversion of any state funds for any purpose shall estimate the fiscal implications and probable cost of the measure each year for the first five years after the implementation of its provisions and state whether there will be a cost involved thereafter. The fiscal note shall include the number of additional employees considered in arriving at the probable cost.

(g) A fiscal note for any bill or joint resolution which imposes, increases, decreases, or repeals any state tax or fee shall estimate the fiscal implications of the measure for the first five years after the implementation of its provisions and state whether there will be fiscal implications thereafter. The committee chair to which the bill or resolution was referred may request the director of the Legislative Budget Board to include with the fiscal note a tax equity note estimating the general effects of the proposal on the distribution of tax and fee burdens among individuals and businesses.

(h) A fiscal note for any bill or joint resolution which has impact on units of local government of the same type or class shall estimate the fiscal implications and probable cost of the measure to the affected unit or units of local government each year for the first five years after the implementation of its provisions and state whether there will be a cost involved thereafter. As used in this rule, "unit of local government" means county, city, town, school district, conservation district, hospital district, or any other political subdivision or special district.

## Impact Statements

(i) If the director of the Legislative Budget Board determines that a bill or joint resolution proposes to change benefits or participation in benefits of a public retirement system or would otherwise change the financial obligations of a public retirement system, the director shall prepare and forward to the chair of the committee to which the measure is referred an

actuarial impact statement; provided that an actuarial impact statement is not required for the general appropriations bill, a measure that would change the financial obligations of a retirement system only by modifying the compensation of members of the system or by modifying the administrative duties of the system, or a measure that would change the financial obligations of a retirement system only by imposing an expense on the system in the same manner that the expense is imposed on other agencies or units of government.

In this rule, "public retirement system" means a continuing, organized program of service retirement, disability retirement, or death benefits for officers or employees of the state or a political subdivision, but does not include a program for which benefits are administered by a life insurance company, a program providing only workers' compensation benefits, or a program administered by the federal government.

An actuarial impact statement shall:

(1) summarize the actuarial analysis that has been prepared for the bill or resolution;

(2) identify and comment on the reasonableness of each actuarial assumption used in that actuarial analysis; and

(3) show the economic effect of the proposed bill or resolution on the public retirement system, including a projection of the actuarial cost or liability imposed by the proposal on the system, the effect of the legislation on the amortization schedule for liabilities of the system, and the estimated dollar change in the unfunded liability of the system.

(j) If the director of the Legislative Budget Board determines that a bill or resolution authorizes or requires a change in the sanctions applicable to: (1) adults convicted of felony crimes, or (2) juveniles who have been adjudicated for a misdemeanor or felony conduct; the director shall prepare and forward to the chair of the committee to which the measure is referred a Criminal Justice Policy Impact Statement. The statement shall estimate the impact of the proposed policy changes on the programs and workload of state corrections agencies and on the demand for resources and services of those agencies. In this section, "sanctions" includes sentences and dispositions, as well as adjustments to sentences and dispositions such as probation, parole, and mandatory supervision, including changes in policy or statutes related to eligibility, revocation, and good time credits as well as requirements and conditions of probation.

(k) If the director of the Legislative Budget Board determines that a bill or joint resolution authorizes or requires a change in the public school finance system, the director shall prepare and forward to the chair of the

committee to which the measure is referred an Equalized Education Funding Impact Statement. The statement shall estimate the impact of the proposed policy changes on state equalized funding requirements and policies.

(l) If the director of the Legislative Budget Board determines that a bill or joint resolution authorizes or requires a change in the classification, mission, or governance structure of an institution of higher education or would establish such an institution, the director shall, after consultation with the Higher Education Coordinating Board, prepare and forward to the chair of the committee to which the measure is referred a Higher Education Impact Statement. The statement shall estimate the need for the new or expanded institution, including information on geographic access to existing institutions, student demand for the institution and programs, the possible duplication of programs with other institutions in the geographical region, and the long-term costs to the state for the institution, including any facilities construction and maintenance. If the measure proposes change in the governance of an institution, the statement shall estimate the programmatic and economic impacts of the change to the state and the affected institutions and systems.

(m) If the director of the Legislative Budget Board determines that a bill or joint resolution expressly or impliedly amends the open records law, the open meetings law, or other law in a manner that may reduce public access to government information or to the transaction of public business, the director shall prepare and forward to the chair of the committee to which the measure is referred an open government impact statement. The statement shall estimate the impact of the proposed policy changes on public access to government information or to the transaction of public business. The provisions of this subsection do not apply if the author or sponsor certifies in writing to the chairman of the committee to which the bill was referred that the bill does not reduce public access to government information or to the transaction of public business.

(n) If the director of the Legislative Budget Board has determined that an impact statement is required, pursuant to Subsection (i), (j), (k), (l), or (m) of this rule, for any bill or joint resolution, except the general appropriations bill, the impact statement shall be attached to the measure prior to a final vote by a committee to report the measure.

(o) If a bill or joint resolution is amended by a committee other than a conference committee, the committee chair shall obtain an updated impact statement, which shall be attached to the committee report. The chair may require that the updated impact statement be distributed to the committee members prior to the final vote to report the measure.

**RULE 7.09**

(p) The director of the Legislative Budget Board may prepare an updated impact statement to reflect House amendments to a Senate bill or joint resolution or a conference committee report. Such statement shall be forwarded to the Secretary of the Senate, who shall have the impact statement printed and distributed to the members.

### General Provisions

(q) In preparing a fiscal note or an impact statement, the director of the Legislative Budget Board may use information or data supplied by any person, agency, organization, or governmental unit that the director deems reliable. The director shall state the sources of information or data used and may state the extent to which the director relied on the information or data in preparing the fiscal note or impact statement. If the director is unable to acquire or develop sufficient information to prepare a fiscal note within 15 days after receiving a bill or joint resolution, the director shall prepare the fiscal note stating that fact, and the fiscal note shall be in full compliance with the rules. If the director determines that the fiscal or other implications of a bill or joint resolution cannot be ascertained, the director shall prepare the fiscal note stating that fact, and the fiscal note shall be in full compliance with the rules.

(r) The director of the Legislative Budget Board shall forward a copy of each fiscal note or impact statement to the author or sponsor of the affected bill or joint resolution.

(s) All fiscal notes and impact statements shall be signed by the director of the Legislative Budget Board and shall remain with the measure throughout the entire legislative process, including submission to the Governor.

(t) For any statement or analysis required by this rule, the Senate Committee on Administration may adopt such necessary forms and procedures as are required to ensure that all members of the Senate are informed as to the impact of proposed legislation on the state or other unit of government. The committee may authorize the director of the Legislative Budget Board to develop the format for fiscal notes and impact statements and submit the suggested forms to the committee for its approval.

### Notes of Rulings

For an instance when the chair refused to go behind a fiscal note to determine whether it was accurate or adequate, see 67 S.J. Reg. 1297 (1981).

Consideration of a bill amended in committee so as to alter its fiscal implications is out of order in the absence of an updated fiscal note (73 S.J. Reg. 2037 (1993)).

## FORMAT OF BILLS AND RESOLUTIONS
## REPORTED BY COMMITTEES

**Rule 7.10.** (a) A committee may not report a bill or resolution to the Senate unless the bill or resolution complies with Subsection (b) of this rule.

(b) In any section of a bill or joint resolution that proposes to amend an existing statute or constitutional provision, language sought to be deleted must be bracketed and stricken through, and language sought to be added must be underlined. This requirement does not apply to:

(1) an appropriation bill;

(2) a local bill;

(3) a recodification bill;

(4) a redistricting bill;

(5) a section of a bill or joint resolution not purporting to amend an existing statute or constitutional provision;

(6) a section of a bill or joint resolution that revises the entire text of an existing statute or constitutional provision, to the extent that it would confuse rather than clarify to show deletions and additions; and

(7) a section of a bill or joint resolution providing for severability, nonseverability, or repeal of an existing statute or constitutional provision.

(c) The President may overrule a point of order raised as to a violation of Subsection (b) of this rule if the violation is typographical or minor and does not tend to deceive or mislead.

(d) The Senate Enrolling Clerk may make certain technical corrections in bills and resolutions to conform the language to requirements of Subsection (b) of this rule and of the Texas Constitution. This subsection applies to misspelled words, mistakes in citations and internal references, numbering and reprinting errors, bracketing and underlining errors, mistakes in grammar and punctuation, and insufficient captions.

## COMMITTEE SUBSTITUTE BILLS

**Rule 7.11.** (a) A committee may adopt and report a complete germane committee substitute containing the caption, enacting clause, and text of a bill or resolution in lieu of the original, in which event the complete substitute bill or resolution shall be laid before the Senate and shall be the matter before the Senate for its consideration instead of the original. If the substitute is defeated at any legislative stage, the bill or resolution is considered not passed.

(b) If a point of order is raised and sustained that a committee substitute bill is not germane or contains provisions not germane to the original bill, the bill shall be returned for further consideration to the committee from which it was reported. If the committee desires to hear additional testimony, the bill shall be posted for public hearing according to the rules of the Senate and is subject to Rule 11.19.

## PRINTING OF BILLS

**Rule 7.12.** (a) Every favorable committee report on a general bill made by a Senate committee shall be printed, unless the Senate on the same day it is reported or on the next legislative day shall order it not printed. Each committee report on a local bill shall be printed, unless the committee making the report recommends that it not be printed, in which case the committee's recommendations shall be effective as an order of the Senate that the report be not printed. A list of all bills on committee report ordered not printed by the Senate or ordered not printed by committee recommendation shall be listed by number, author, and caption and distributed to each member at the close of each day's business. Copies of all committee reports printed shall be furnished to each member of the Senate on the same day the printed copies are delivered by the printer. No bill except local bills and bills ordered not printed by the Senate shall be considered by the Senate until a printed committee report has been available to each member of the Senate for at least 24 hours and is on the desk of each Senator.

(b) Every committee report printing on a bill or resolution shall include:

(1) a copy of the committee report form showing the record vote by which the measure was reported, whether the measure was reported favorably or unfavorably, with amendment or with a substitute;

(2) a copy of the original bill or resolution, unless the committee reports a substitute measure;

(3) a copy of any substitute bill or resolution;

(4) a copy of each amendment adopted to the bill or resolution;

(5) any fiscal note on the bill or resolution, including any updated fiscal note required by Rule 7.09;

(6) any criminal justice impact statement, including any updated statement required by Rule 7.09;

(7) any equalized education funding impact statement, including any updated statement required by Rule 7.09;

(8) any higher education impact statement, including any updated statement required by Rule 7.09;

(9) any actuarial analysis, including any updated analysis required by Rule 7.09;

(10) a bill analysis, including any updated analysis to reflect any change made by amendment or substitute; and

(11) a list of witnesses testifying in favor, against, or on the bill or resolution.

### Editorial Note

The rules governing the printing of bills also apply to the printing of concurrent and joint resolutions.

### Notes of Rulings

Multigraphed copies of a bill are equivalent to printed copies so far as the 24-hour printing rule is concerned (42 S.J. Reg. 55 (1931)).

Setting a bill that has not been printed as a special order permits its consideration at the time for which it is set even though it has not been printed (43 S.J. 2 C.S. 96 (1934)).

A motion to recommit a bill is a proper substitute motion for a motion to not print a bill (55 S.J. Reg. 1546 (1957)).

Consideration of a bill is out of order if a copy is not on the members' desks, even though the Senate, by unanimous consent, has suspended the regular order of business to consider it (68 S.J. Reg. 1512 (1983)).

Suspension of "all necessary rules" to consider a bill out of its regular order suspends the printing rule (70 S.J. 2 C.S. 118 (1987)).

### SUSPENSION OF RULE LIMITING CONSIDERATION OF BILLS

**Rule 7.13.** Except as otherwise provided in Rule 7.08, bills shall not be taken up, considered, or acted upon by the Senate during the first 60 calendar days of the session, unless this rule be suspended by the affirmative vote of four-fifths of the members of the Senate.

### Note of Ruling

A motion to suspend Section 5 of Article III of the Constitution to consider a bill during the first 60 days of a Regular Session requires a vote of four-fifths of the members of the Senate (25) not four-fifths of the members present (59 S.J. Reg. 144 (1965)).

## CONSIDERATION OF HOUSE BILL IN LIEU OF
## SENATE BILL ON SAME SUBJECT

**Rule 7.14.** When any Senate bill shall be reached on the calendar or shall be before the Senate for consideration, it shall be the duty of the President to give the place of such bill on the calendar to any House bill which has been referred to and reported from a committee of the Senate containing the same subject or to lay such House bill before the Senate to be considered in lieu of such Senate bill.

### Editorial Notes

The purpose of this rule is to save the time and labor of the Legislature by disposing of the most advanced legislation first. The House bill is not substituted for the Senate bill, but simply is considered instead of the Senate bill, which is displaced on the calendar by the House bill.

It is not necessary that the bills be identical if generally they cover the same subject and are directed to the same end.

### Note of Ruling

A House bill that has been reported favorably and relates to the same subject as a Senate bill that has been reached on the calendar should be considered by the Senate in lieu of the Senate bill if said House bill is "of the same general tenor" (38 S.J. Reg. 470 (1923)).

## GERMANENESS

**Rule 7.15.** No motion or proposition on a subject different from that under consideration shall be admitted under color of amendment or as a substitute for the motion or proposition under debate. (Constitution, Article III, Section 30)

### Notes of Rulings

An amendment that repeals the authority of the highway commission to promulgate speed limits is not germane to a bill that only modifies the effect of a conviction for violating a speed limit promulgated by the commission (65 S.J. Reg. 305 (1977)).

An amendment that authorizes the board of public welfare to employ a security force and commission peace officers is not germane to a bill that only designates county park patrol and security officers as peace officers (65 S.J. Reg. 505 (1977)).

An amendment requiring affiliation with a political party in order to vote in a primary election is not germane to a bill that deals only with voter registration procedures (65 S.J. Reg. 953 (1977)).

An amendment that grants a surface owner of property a prior right of purchase if the mineral interest in the property when property taxes are delinquent is not germane to a bill that prescribes the method of valuation of certain mineral interests for tax purposes (65 S.J. Reg. 1024 (1977)).

An amendment granting general ordinance making authority to counties is not germane to a bill that only authorizes counties to enact ordinances prohibiting nudist colonies (65 S.J. Reg. 1320 (1977)).

An amendment that authorizes insurance reimbursement of the services of an optometrist is not germane to a bill that authorizes such reimbursement for the services of a psychologist (65 S.J. Reg. 1617 (1977)).

An amendment requiring affiliation with a political party in order to vote in a primary election is not germane to a bill consolidating the voter registration and election duties of county clerks and tax assessor-collectors (65 S.J. Reg. 2211 (1977)).

An amendment providing for the expiration of an act relating to tuition grants is not germane to a bill that only modifies eligibility requirements for such a grant (66 S.J. Reg. 435 (1979)).

An amendment that requires the public utility commission to redetermine electric utility rates and specifies a method for such determination is not germane to a bill that grants the commission exclusive jurisdiction over such rates (66 S.J. Reg. 1132 (1979)).

An amendment authorizing disannexation and municipal incorporation of territory under certain circumstances is not germane to a bill limiting the municipal boundaries of coastal cities (67 S.J. Reg. 1674 (1981)).

An amendment prohibiting certain psychiatric or psychological examinations of students is not germane to a bill that only specifies methods of funding skills tests in public schools (67 S.J. Reg. 1900 (1981)).

An amendment requiring continuation of health insurance coverage of dependents is not germane to a bill that relates to the filing and approval requirements for insurance policies, contracts, and forms (69 S.J. Reg. 1381 (1985)).

An amendment that establishes a state employee grievance procedure is not germane to a bill that establishes a state employee incentive program (69 S.J. Reg. 2127 (1985)).

An amendment to change an election date prescribed in one joint resolution is not germane to a different resolution (70 S.J. Reg. 2436 (1987)).

An amendment to exempt certain corporations from the franchise tax is not germane to a bill that specifies methods for calculating franchise tax liability (70 S.J. Reg. 2486 (1987)).

An amendment granting the banking commissioner regulatory authority over perpetual care cemeteries is not germane to a bill exempting certain nonprofit cemetery associations from capital stock requirements applicable to perpetual care cemeteries (71 S.J. Reg. 2046 (1989)).

An amendment requesting the Congress to propose a constitutional amendment providing for an elected federal judiciary is not germane to a resolution requesting the Congress to propose a constitutional amendment relating to flag desecration (71 S.J. 1 C.S. 240 (1989)).

An amendment providing for a state ethics commission is not germane to a joint resolution relating to compensation of members of the Legislature (71 S.J. 6 C.S. 84 (1990)).

An amendment restricting the county of residence of a parolee is not germane to a bill prohibiting the interstate transfer of parolees convicted of certain offenses (72 S.J. Reg. 1575 (1991)).

An amendment that applies to a class of governmental entities limited by population criteria is not germane to a bill that relates to a class of governmental entities limited by different population criteria (72 S.J. Reg. 1979 (1991)).

An amendment that specifies the salary and benefits of certain deputy sheriffs is not germane to a bill that relates only to the frequency of salary payments of certain county officers (72 S.J. Reg. 2036 (1991)).

An amendment relating to registration requirements and permissible locations of family residential child care facilities is not germane to a bill relating to child care services provided only to state employees (72 S.J. Reg. 2472 (1991)).

An amendment requiring annual registration of motor vehicle repair facilities that generate hazardous waste is not germane to a bill relating to the fees imposed on producers of industrial solid waste and hazardous waste and operators of hazardous waste management facilities (72 S.J. Reg. 2732 (1991)).

An amendment that would prohibit a personal income tax during a period in which a state lottery is authorized is not germane to a joint resolution proposing a constitutional amendment authorizing a state lottery (72 S.J. 1 C.S. 653 (1991)).

An amendment that classifies mountain lions as game animals and specifies conditions under which they may be killed is not germane to a bill that changes the category of animals that are permitted to be killed for bounty (73 S.J. Reg. 915 (1993)).

An amendment which imposes liability on a county for the county's costs of certain enforcement actions is not germane to a bill which specifies powers and duties of a commissioners court (73 S.J. Reg. 2962 (1993)).

An amendment that authorizes maintenance payments to a divorcing spouse who lacks means of self-support is germane to a bill relating to public assistance and programs to assist needy individuals in becoming self-dependent (74 S.J. Reg. 1265 (1995)).

### AMENDMENTS TO TAX BILLS OR SUNSET BILLS

**Rule 7.16.** No amendment shall be considered to any tax bill or sunset bill on second reading unless the subject matter it entails has been discussed at a Senate committee meeting at which the bill was heard.

### Editorial Note

If an amendment is challenged under Rule 7.16, the burden of proving compliance with the rule lies with the member offering the amendment.

### MOTION TO PASS A BILL TO SECOND READING IS NOT NECESSARY

**Rule 7.17.** No motion is necessary to pass a bill to its second reading. The main question on the second reading of the bill shall be, if a Senate bill, "Shall this bill be engrossed and passed to a third reading?" and if it be a House bill, "Shall this bill pass to a third reading?"

**RULE 7.18**

### Note of Ruling

A motion to pass to third reading a bill not pending before the Senate is not in order (45 S.J. Reg. 1231 (1937)).

## READING OF BILL ON THREE SEVERAL DAYS

**Rule 7.18.** No bill shall have the force of a law until it has been read on three several days in each House and free discussion allowed thereon; four-fifths of the House in which the bill may be pending may suspend this rule, the yeas and nays being taken on the question of suspension and entered upon the journals. (Constitution, Article III, Section 32)

### Editorial Notes

"Four-fifths of the Senate" means four-fifths of the members present, provided a quorum is present.

"Four-fifths of the House in which the bill may be pending" has been interpreted repeatedly to mean four-fifths of all of the Senators present, a quorum being present.

### Notes of Rulings

A motion to suspend the constitutional rule and Senate Rule 7.18 requiring bills to be read on three several days may be made although the same motion has been made and defeated on the same bill on the same legislative day (55 S.J. Reg. 1561 (1957)).

Only four-fifths of those present are required to suspend constitutional rule requiring bills to be read on three several days (42 S.J. Reg. 253 (1931)).

A motion to suspend the constitutional rule and Senate rule requiring bills to be read on three several days may be made although the same motion has been made and defeated on the same legislative day (55 S.J. Reg. 1561 (1957)).

A motion to suspend the three-day rule is not debatable (68 S.J. Reg. 1922 (1983)).

## ADOPTION OF AMENDMENT ON THIRD READING

**Rule 7.19.** No amendment shall be adopted at the third reading of a bill without the consent of two-thirds of the members present.

## LIMITATIONS ON APPROPRIATIONS BILLS

**Rule 7.20.** Unless within the authority of a resolution or resolutions adopted pursuant to Article VIII, Section 22(b), of the Constitution, it is not in order for the Senate to consider for final passage on third reading, on motion to concur in House amendments, or on motion to adopt a conference committee report a bill appropriating funds from the State Treasury in an amount that, when added to amounts previously appropriated by bills finally passed by both Houses and sent to the comptroller or due to be sent to the comptroller, would exceed the limit on appropriations established under Subchapter A, Chapter 316, Government Code.

## HOUSE AMENDMENTS TO SENATE BILLS

**Rule 7.21.** If a Senate bill is returned with House amendments, all House amendments must be printed and a copy furnished to each member at least 24 hours prior to a motion to concur.

### Editorial Note

The Editor has found no instance of a Senate bill being substituted in the House and then coming back to the Senate and taking the course in the Senate of a bill originating in the House.

### Notes of Rulings

A point of order raised by Senator Caldwell against a report of conference committee on the ground that the House amendments to the bill (S.B. 147) constituted a complete substitute bill and should therefore take the course of a newly received House bill in the Senate was overruled (36 S.J. Reg. 1023 (1919)).

Multigraphed copies of a bill are equivalent to printed copies so far as the 24-hour printing rule is concerned (42 S.J. Reg. 55 (1931)).

House amendments to a Senate bill are not required to have been printed and laid on Senators' desks for 24 hours prior to a motion to not concur and request appointment of a conference committee (67 S.J. Reg. 2032 (1981); 71 S.J. Reg. 2558 (1989)).

## DEFEATED BILL

**Rule 7.22.** After a bill has been considered and defeated by either branch of the Legislature, no bill containing the same substance shall be passed into a law during the same session. (Constitution, Article III, Section 34)

## Editorial Note

For an exhaustive ruling by Lieutenant Governor Stevenson on the effect on other bills on the same subject of the defeat of one bill on that subject, see 46 S.J. Reg. 666-671 (1939).

## Notes of Rulings

Defeat of an amendment containing same substance as a bill does not prevent consideration of the bill (35 S.J. Reg. 915 (1917)).

A joint resolution containing same substance as one that fails to pass in the House may be considered and passed by Senate (35 S.J. Reg. 1140-1148 (1917)).

Defeat of a House bill in the House does not necessarily make an amendment having the same effect as the bill out of order in the Senate (42 S.J. Reg. 1565 (1931)).

Consideration of a bill to create a textbook committee is not in order after the House has defeated a bill containing same substance (48 S.J. Reg. 873 (1943)).

## SIGNING OF BILLS AND RESOLUTIONS BY PRESIDING OFFICER

**Rule 7.23.** The President of the Senate or the presiding officer shall, in the presence of the Senate, sign all bills and joint resolutions passed by the Legislature. The titles of all such bills and resolutions shall be publicly read, and the fact of the signing shall be entered on the journal. (Constitution, Article III, Section 38)

## DEADLINE FOR REPORT

**Rule 7.24.** (a) No bill shall be considered, unless it has been first referred to a committee and reported thereon, and no bill shall be passed which has not been presented and referred to and reported from a committee at least three days before the final adjournment of the Legislature. (Constitution, Article III, Section 37)

(b) No bill shall be considered during a regular session which has not been presented and referred to and reported from a Senate committee at least 17 days before the final adjournment of the Legislature. It shall require a vote of four-fifths of the members present to suspend this rule.

## LIMITATION ON VOTE

**Rule 7.25.** No vote shall be taken upon the passage of any bill on its third reading after the 135th calendar day of a regular session, nor for any purpose within the last 24 hours of the session unless it be to correct an error therein. It shall require a vote of four-fifths of members present to suspend this rule.

### Note of Ruling

The 24-hour rule that prohibits a vote on a bill during the last 24 hours of a session of the Legislature makes further consideration and debate of the bill out of order when the 24th hour before final adjournment has arrived (44 S.J. Reg. 1819 (1935)).

# ARTICLE VIII
# PETITIONS AND RESOLUTIONS

## PROCEDURAL RULES

**Rule 8.01.** Every resolution that requires the approval of the Governor shall be subject to the rules that govern the proceedings on bills.

### Editorial Notes

Due to the special provision in the Constitution excepting resolutions relating to adjournment and to another special provision making it the duty of each House to adopt its own rules of procedure, concurrent resolutions relating to adjournment, and probably those adopting or suspending joint rules or relating to legislative procedure do not require the approval of the Governor.

Joint resolutions proposing amendments to the State Constitution do not require the Governor's approval.

### Notes of Rulings

An appropriation cannot be made by resolution (45 S.J. Reg. 570 (1937)).

A resolution attempting to amend a general law is not in order (45 S.J. 1 C.S. 101 (1937)).

## REFERRAL TO COMMITTEE

**Rule 8.02.** Petitions, concurrent and joint resolutions, and resolutions setting or defining legislative or state policy or amending the Senate Rules shall be referred to an appropriate standing committee when introduced and shall not be considered immediately unless the Senate so directs by a two-thirds vote of the members present. The motion to consider such petition or resolution immediately is not debatable.

### Editorial Note

A Senate or a concurrent resolution providing for a rule suspension or the carrying out of a particular procedure authorized by the rules is usually regarded as privileged and is considered when introduced without a vote being taken to consider immediately. (See also note of ruling following Rule 6.10.)

### Notes of Rulings

Senate resolution that reflects on member of House may not be considered by Senate (35 S.J. 3 C.S. 1002 (1917)).

A Senate resolution which does not require the approval of both Houses may be adopted at a special session, although it relates to a subject not submitted by the Governor (41 S.J. 3 C.S. 15 (1929)).

The only changes that can be made in a bill by resolution are corrections of typographical or clerical errors (43 S.J. Reg. 1946 (1933)). A House concurrent resolution which has been referred to a Senate standing committee during a called session, may, under a suspension of rules, be taken up and considered and adopted although no report on it has ever been submitted by the chairman of the committee to which it was referred. (See procedure had on H.C.R. 5, 51 S.J. 1 C.S. 114 (1950)).

A motion to suspend the regular order of business to consider a resolution immediately is not debatable (54 S.J. Reg. 1433 (1955)).

A motion to take up and consider a resolution is not debatable but a limited explanation of the resolution to which the motion applies is permissible (55 S.J. Reg. 1596 (1957)).

A corrective resolution that seeks to correct a wrong section reference in a bill does not change the language or meaning of the bill (61 S.J. Reg. 1873 (1969)).

A congratulatory resolution when offered is not debatable and therefore may be considered immediately or referred to a committee by the presiding officer of the Senate (61 S.J. 1 C.S. 124 (1969)).

A resolution on which Senate rules have been suspended for consideration thereof does not have to be referred to and considered by a committee (62 S.J. 3 C.S. 125 (1972)).

## CONGRATULATORY, MEMORIAL, AND COURTESY RESOLUTIONS

**Rule 8.03.** Congratulatory and memorial petitions and resolutions, after a brief explanation by the author or sponsor, shall be considered immediately without debate unless otherwise ordered by a majority of the members present. Upon request by any member, the presiding officer shall, at an appropriate time during the proceedings, recognize guests of such member in the Senate Chamber or gallery. Any member may request and the Secretary of the Senate shall provide a maximum of five copies of a courtesy recognition certificate for each person or group so recognized by the presiding officer.

### Note of Ruling

A congratulatory resolution when offered is not debatable and therefore may be considered immediately or referred to a committee by the presiding officer of the Senate (61 S.J. 1 C.S. 124 (1969)).

## DEFEATED RESOLUTION

**Rule 8.04.** After a resolution has been considered and defeated by either branch of the Legislature, no resolution containing the same substance shall be passed into a law during the same session. (Constitution, Article III, Section 34) See note to Rule 7.22.

# ARTICLE IX
# LOCAL BILLS

## DEFINITION OF LOCAL BILL

**Rule 9.01.** (a) Neither the Senate nor a committee of the Senate may consider a local bill unless notice of intention to apply for the passage of the bill was published as provided by law and evidence of the publication was attached to the bill at the time of introduction.

RULE 9.02

(b) Except as provided by Subsection (c) of this rule, "local bill" for purposes of this article means:

(1) a bill for which publication of notice is required under Article XVI, Section 59, of the Texas Constitution (water districts, etc.);

(2) a bill for which publication of notice is required under Article IX, Section 9, of the Texas Constitution (hospital districts);

(3) a bill relating to hunting, fishing, or conservation of wildlife resources of a specified locality;

(4) a bill creating or affecting a county court or statutory court or courts of one or more specified counties or municipalities;

(5) a bill creating or affecting the juvenile board or boards of a specified county or counties; or

(6) a bill creating or affecting a road utility district under the authority of Article III, Section 52, of the Texas Constitution.

(c) A bill is not considered to be a local bill under Subsection (b)(3), (4), or (5) of this rule if it affects a sufficient number of localities, counties, or municipalities so as to be of general application or of statewide importance.

## INTRODUCTION AND CONSIDERATION
## OF LOCAL BILLS

**Rule 9.02.** The constitutional procedure with reference to the introduction, reference to a committee, and the consideration of bills set forth in Article III, Section 5, of the Texas Constitution, shall not apply to local bills herein defined, and the same may be introduced, referred, reported, and acted upon at any time under the general rules and order of business of the Senate.

## LOCAL AND UNCONTESTED CALENDAR

**Rule 9.03.** (a) At times designated by the Senate, the Senate shall meet in session to consider local and uncontested bills and resolutions listed on a calendar certified by the Administration Committee.

(b) The calendar must be furnished to each member of the Senate no later than noon of the day preceding the session at which the legislation on the calendar is to be considered.

(c) A bill or resolution may not be considered if any two or more members of the Senate object in writing before the bill or resolution is laid out for passage on the local calendar or if an amendment is offered other than from the committee reporting the bill or resolution.

(d) The bills and resolutions shall be considered on second and/or third reading in the order in which they are listed on the calendar, and no motion to suspend the regular order of business is required.

## REFERRAL TO ADMINISTRATION COMMITTEE

**Rule 9.04.** (a) All local and uncontested bills and resolutions shall be referred to the Administration Committee for consideration on the Local and Uncontested Calendar.

(b) Rule 11.09, Quorum of Committee, shall not apply to the Administration Committee when it is meeting for the specific and limited purpose of preparing and certifying the local calendar.

(c) The Chair of the Administration Committee may appoint a subcommittee consisting of not less than three members to prepare and certify the Local and Uncontested Calendar.

(d) The Administration Committee may set a time after which application for placement on the Local and Uncontested Calendar may not be accepted.

## BILLS AND RESOLUTIONS NOT QUALIFIED
## FOR CONSIDERATION ON THE LOCAL
## AND UNCONTESTED CALENDAR

**Rule 9.05.** The Administration Committee may not consider a bill or resolution for placement on the Local and Uncontested Calendar unless:

(1) the sponsor of the bill or resolution applies for placement on the Local and Uncontested Calendar and submits sufficient copies of the bill or resolution as determined by the Administration Committee; and

(2) the chair of the committee from which the bill or resolution was reported submits a written request for the placement on the Local and Uncontested Calendar.

## BILLS AND RESOLUTIONS PROHIBITED FROM PLACEMENT
## ON THE LOCAL AND UNCONTESTED CALENDAR

**Rule 9.06.** The Administration Committee may not place a bill or resolution on the Local and Uncontested Calendar if it:

(1) creates a new department or subdivision of a department unless the bill or resolution is purely local in nature and does not require the expenditure of state funds; or

(2) contains an appropriation; or

(3) is contested.

RULE 9.07

## SUSPENSION OF LOCAL CALENDAR RULES

**Rule 9.07.** No provision of the Local Calendar Rules may be suspended except by the unanimous consent of the members present.

# ARTICLE X
# AMENDMENTS TO THE CONSTITUTION

## JOINT RESOLUTIONS SUBJECT TO RULES GOVERNING BILLS

**Rule 10.01.** Joint resolutions proposing amendments to the Constitution shall be subject to rules that govern the proceedings on bills. They shall, in all cases, be read on three several days.

## VOTES REQUIRED TO AMEND ON THIRD READING AND TO PASS CONSTITUTIONAL AMENDMENTS

**Rule 10.02.** Amendments on third reading to joint resolutions proposing constitutional amendments shall require an affirmative vote of two-thirds of the members present. Final passage shall require a vote of two-thirds of the members elected to the Senate. (Constitution, Article XVII, Section 1)

### Editorial Note

The opinion of Attorney General Cureton, dated May 17, 1913, relative to the validity of an appropriation section in a joint resolution and to the mode and manner of amending the Constitution, holds that Section 1 of Article 17 of the Constitution provides a complete formula for proposal of constitutional amendments and that any rule or resolution attempting to limit, add to, or modify that formula is null and void.

### Note of Ruling

A joint resolution that receives a vote of two-thirds of all the members of the Senate on being read second time is not finally passed by the Senate and must take the full course of a bill (44 S.J. Reg. 670 (1935)).

## FAILURE OF JOINT RESOLUTION TO BE ADOPTED ON THIRD READING

**Rule 10.03.** When a joint resolution has failed adoption on third reading, it shall not be considered again during that session.

## ARTICLE XI
## COMMITTEES

### APPOINTMENT OF COMMITTEES

**Rule 11.01.** All committees and standing subcommittees shall be appointed by the President of the Senate, unless otherwise directed by the Senate.

### LIST OF STANDING COMMITTEES

**Rule 11.02.** At the beginning of each regular session, the President shall appoint the following special and standing committees with the number of members indicated:

### SPECIAL COMMITTEE

(1)  Committee on Redistricting (8 members)

### STANDING COMMITTEES

(1)  Committee on Administration (5 members)

(2)  Committee on Criminal Justice (7 members)

(3)  Committee on Business and Commerce (7 members)

(4)  Committee on Education (9 members)

(5)  Committee on Finance (13 members)

(6)  Committee on Health and Human Services (9 members)

(7)  Committee on Intergovernmental Relations (7 members)

(8)  Committee on Jurisprudence (7 members)

(9)  Committee on Natural Resources (7 members)

(10)  Committee on Nominations (7 members)

(11)  Committee on State Affairs (9 members)

(12)  Committee on Veteran Affairs and Military Installations (5 members)

### SPECIAL COMMITTEES

**Rule 11.03.** (a) The President may appoint special committees and may appoint standing subcommittees within committees including subcommittees of the Committee of the Whole Senate. The number of members of these committees and subcommittees shall be determined by the President.

### RULE 11.04

(b) A special committee has the jurisdiction, authority, and duties and exists for the period of time specified in the charge of the President. A special committee has the powers granted by these rules to a standing committee except as limited by the charge of the President.

(c) The President may direct that a subcommittee of the Whole Senate appointed under this rule report directly to the Senate concerning any matter within its jurisdiction.

## CHAIR AND VICE-CHAIR OF STANDING COMMITTEES AND STANDING SUBCOMMITTEES

**Rule 11.04.** The President shall designate the chair and vice-chair of each standing committee and of each standing subcommittee appointed by the President.

## APPOINTMENT OF SUBCOMMITTEES WITHIN A STANDING COMMITTEE

**Rule 11.05.** The chair of a standing committee may appoint subcommittees within a standing committee as the chair deems necessary to accomplish the work of the committee.

## RECOMMENDATIONS OF COMMITTEES

**Rule 11.06.** All reports of standing committees shall be advisory only, except that a recommendation in a report that a bill which is a local bill be not printed shall be effective as an order of the Senate that the bill be not printed. A recommendation in a report that a bill which is a general bill be not printed shall be advisory only, and the bill shall nevertheless be printed unless the Senate on the same day or the next legislative day orders the bill not printed, as provided in Rule 7.12.

### Notes of Ruling

A motion to recommit a bill is a proper substitute motion for a motion to not print a bill (55 S.J. Reg. 1546 (1957)).

A motion to instruct a committee to report a bill favorably within a specified time is not in order (65 S.J. Reg. 959 (1977)).

## RULES GOVERNING COMMITTEE PROCEDURES

**Rule 11.07.** (a) At its initial meeting each committee and subcommittee shall adopt permanent rules governing its procedures.

(b) Where applicable the rules of the Senate apply to committee proceedings, and a Senate rule prevails over a conflicting committee rule.

(c) Committee rules must include but are not limited to provisions governing written records of attendance, lack of a quorum, records of meetings, bill referral, bill setting, order of hearing bills, public hearings, subcommittee reports, minority reports, time limits on debate, and provisions for news coverage.

## RECORD OF COMMITTEE ATTENDANCE

**Rule 11.08.** At all meetings of the Senate committees, the chair shall call the roll of the members and cause to be made a record of those present and the absentees, together with the excuses, if any, of such absentees.

## QUORUM OF COMMITTEE

**Rule 11.09.** A majority of any committee shall constitute a quorum, and no action shall be taken upon any bill in the absence of a quorum. At any stated meeting of the committee, if a roll call discloses lack of a quorum, the members present may order the names of the unexcused absentees turned over to the Sergeant-at-Arms of the Senate whose duty it shall be to secure promptly the attendance of such absent members. The Sergeant-at-Arms shall have the same authority conferred on him or her under the rules of the Senate as when the Senate is operating under a call.

## PUBLIC NOTICE OF COMMITTEE MEETINGS

**Rule 11.10.** (a) No committee or subcommittee, except a conference committee, shall meet without at least 24 hours public notice.

(b) Each committee and subcommittee shall meet regularly at an established time and place and shall give public notice at least 24 hours in advance for special meetings.

(c) The chair of each committee and subcommittee shall notify the Secretary of the Senate immediately after the time and place for a committee meeting has been fixed or a meeting has been cancelled. The Secretary shall post notice of the time and place of the meeting on a bulletin board located outside the Secretary of the Senate's office.

### Note of Ruling

A motion to suspend "the posting rule" for the purpose of allowing a committee to conduct a public hearing on a bill at a time and place stated in the motion is sufficient for suspension of both Rule 11.10 and Rule 11.18 (74 S.J. Reg. 3029-3032 (1995)).

## MINUTES OF COMMITTEE MEETINGS

**Rule 11.11.** (a) The chair of each committee and subcommittee shall keep or cause to be kept under the chair's direction an accurate record of the proceedings of his or her committee, and the same shall be open for inspection to any member of the Legislature and to the public. Each committee meeting shall be recorded on magnetic tape.

(b) Each standing committee and subcommittee shall employ a committee clerk and, as determined by the Administration Committee, other staff necessary to coordinate and record the activities of the committee. Such committee clerks, staff, or any employee shall in no way be related to any member of the current Texas Legislature or be related to the person with the power of appointment for that position.

(c) It shall be the duty of the committee clerk, with the assistance of other committee staff members, to keep a permanent, accurate written record of committee proceedings and to transcribe the magnetic tape recordings of committee hearings as ordered by the committee or subcommittee. It shall be the responsibility of the committee clerk to see that one copy of the transcript of proceedings and one copy of the permanent record be kept in the committee files, one copy of each be given to the Secretary of the Senate, and three copies of each be placed in the Legislative Reference Library. Such records shall be a matter of public record.

(d) A copy of the record or minutes of each committee meeting must be filed with the Secretary of the Senate not later than seven days after the day on which the meeting was held.

### Notes of Ruling

A report on a bill that was considered at a committee meeting at which a quorum of the committee was not present (as shown by the minutes of the committee) may not be received by the Senate (46 S.J. Reg. 1548 (1939)).

See also fifth note of ruling under Rule 11.12.

## COMMITTEE REPORTS

**Rule 11.12.** (a) The chair of a committee shall sign and file with the Secretary of the Senate a written report showing the committee's final action on bills and resolutions considered by the committee. In the chair's absence the vice-chair shall sign and file the report.

(b) The report must be filed with the Secretary of the Senate within three calendar days after the final action is taken, Sundays and days the Senate is not in session excluded. If the report is not filed within the

three-day limit, three members of the committee who were present when the final action was taken may file the report without the signature of the chair or vice-chair.

(c) The Secretary of the Senate shall note the date and time the report was filed and forward the report to be printed in compliance with Rule 7.12.

(d) The committee report and the official committee minutes are sufficient to determine whether the committee report accurately reflects the action of the committee.  The President may consider any other documents or information deemed necessary to the determination.

### Notes of Rulings

A committee report properly signed, submitted, and received is conclusive as to its contents (42 S.J. 1 C.S. 718 (1931)).  (See also Notes of Rulings following Rule 11.15.)

The chair may not go behind a committee report to ascertain if proceedings in the committee were regular (42 S.J. Reg. 1564, 1693 (1931)).

Point of order as to validity of committee's action on bill may be made when bill is not before Senate for immediate consideration (49 S.J. Reg. 347 (1945)).

A committee report can only be submitted during the morning call unless the member has the unanimous consent of the members of the Senate and he may not interrupt a member speaking for or against a bill or resolution for that purpose unless the member speaking yields the floor for that specific purpose (61 S.J. 1 C.S. 124 (1969)).

For an instance when the chair refused to go behind a committee report and official committee minutes to determine whether the committee report accurately reflected the action of the committee, see 73 S.J. Reg. 1073 (1993); 74 S.J. Reg. 2458 (1995).

## CONSIDERATION OF BILLS IN COMMITTEES

**Rule 11.13.**  Subject to Rule 7.24 and 7.25, it shall be in order for committees to consider bills and resolutions at any time during the session, make reports thereon, and file the same with the Senate; provided, however, that no Senate committee or conference committee may meet while the Senate is meeting, except by unanimous consent of the members present.

## CONSIDERATION OF HOUSE BILLS

**Rule 11.14.** (a) The Senate sponsor of a House measure shall be determined by the chair of the committee, in consultation with the House author of the measure.

(b) It shall be the duty of each committee of the Senate when there has been referred to it or is before it for consideration a Senate bill and a House bill containing the same subject to consider first and report upon the House bill.

## VOTES OF COMMITTEE REQUIRED TO REPORT FAVORABLY

**Rule 11.15.** No bill or resolution shall be reported favorably unless it has received the affirmative vote of a majority of the membership of the committee to which it was referred, except as provided in Rule 11.17.

### Note of Ruling

In absence of a Senate rule or resolution suspending it, the suspension of Section 5 of Article III relating to consideration of bills in committee requires separate vote for each bill (42 S.J. Reg. 167 (1931)).

## UNFAVORABLE VOTE OF COMMITTEE

**Rule 11.16.** When a motion to report a bill or resolution unfavorably receives the affirmative vote of a majority of the members of the committee to which it was referred, except as provided in Rule 11.17, the bill or resolution is dead.

## MINORITY REPORTS

**Rule 11.17.** (a) If a motion to report a bill or resolution unfavorably receives an affirmative vote of a majority of the members of a committee, a favorable minority report may be made. The minority report must be signed by three members of the committee if the committee is composed of less than 11 members or four members if the committee has 11 or more members. The members signing the report must have been present and voted against the motion to report unfavorably.

(b) The minority report must be filed with the Secretary of the Senate within two calendar days after the vote was taken, Sundays and days the Senate is not in session excluded.

(c) The sponsor of a bill or resolution for which a minority report is filed or a member signing the minority report must move to have the bill or resolution placed on the calendar within 10 calendar days after the date on

which the committee's vote was taken. An affirmative vote of two-thirds of the members present is required for the motion to carry. If the motion fails or is not made within the time allowed, the bill or resolution is dead and may not be considered again during the session.

### Note of Ruling

Bills reported adversely but with a favorable minority report are not to be printed except on an order of the Senate (38 S.J. Reg. 646 (1923)).

## PUBLIC HEARINGS

**Rule 11.18.** (a) No bill may be reported to the Senate before it has been the subject of an open public hearing before a committee or subcommittee. Notice of the hearing on the bill must be posted in a public place at least 24 hours before the hearing is to begin. The chair shall afford reasonable opportunity to interested parties to appear and testify at the hearing.

(b) The chair shall require all parties appearing at the hearing to swear or affirm that the testimony they give to the committee or subcommittee is true and correct.

(c) Any Senator, including one who is not a member of the committee, may question a witness at a hearing. This right shall not be construed to abridge the chair's right to provide others an opportunity to be heard or to entitle any Senator more rights than those afforded a member of the committee.

(d) When possible a person registered as a lobbyist and representing a client's interest at a public hearing shall submit a written statement of his or her presentation to the committee clerk for inclusion in the permanent record of the meeting.

(e) By majority vote a committee may fix the order of appearance and time allotted for each witness at a public hearing.

### Notes of Rulings

Consideration of a bill is out of order if it has not been afforded a public hearing in compliance with rules of the Senate (68 S.J. Reg. 1931 (1983)).

A motion to suspend "the posting rule" for the purpose of allowing a committee to conduct a public hearing on a bill at a time and place stated in the motion is sufficient for suspension of both Rule 11.10 and Rule 11.18 (74 S.J. Reg. 3029-3032 (1995)).

## PRIVILEGED NOTICE OF HEARING ON SPECIFIC BILLS
## (TAG RULE)

**Rule 11.19.** (a) Except as provided in Subsection (d) of this rule, upon the presentation of a written request to the Secretary of the Senate on a form provided by the Secretary, a Senator shall receive at least 48 hours advance written notice of the time and place set for a public hearing on a specific bill or resolution which has been referred to a Senate committee.

(b) If the bill or resolution is on the agenda of a committee and the committee meeting has already begun to consider matters on the agenda, the request shall be presented to the chair of the committee rather than the Secretary of the Senate, and the chair shall note the time of the receipt of the request on the request form and immediately deliver the form to the Secretary. After receipt of the request by the chair, the bill shall not be laid before the committee until notice is delivered to the Senator in accordance with this rule.

(c) If requests are filed simultaneously by more than one Senator, each Senator is entitled to advance notice in compliance with this rule.

(d) A Senator is not entitled to advance notice of the time and place set for a public hearing on a bill or resolution if:

(1) the time and place for a hearing on the bill has been publicly posted for a period of 72 hours and the Senate has been in session at any time during the first 24 hours of the 72-hour period;

(2) at the request of the chair of the committee or subcommittee to which the bill is referred, the Secretary of the Senate notifies each Senator in writing of the time and place for the hearing on the bill at least 48 hours before the hearing begins;

(3) the bill has been laid before a committee or subcommittee for consideration in a public hearing at which an opportunity to appear and address the subject matter of the bill or resolution was or is afforded to interested parties; or

(4) another Senator has previously presented a similar request to the Secretary or the chair and the bill or resolution has been set for public hearing in compliance with that request.

(e) Upon receipt of written request for advance notice of a hearing, the Secretary of the Senate shall:

(1) immediately inform the chair or in the absence of the chair the vice-chair of the request;

(2) note the time and date of receipt on the request and file a copy of the request for public inspection;

(3) attach a copy of the request to the bill or resolution to which it applies.

(f) The chair of the committee, upon posting a bill or resolution for public hearing in compliance with a request under this rule, shall give written notice to the Secretary of the Senate and the Senator requesting notice of the time and place fixed for the hearing on the bill or resolution.

(g) Notice delivered to the office of the Senator requesting 48 hours advance notice shall constitute official notice to that Senator:

(1) if that notice is delivered by the office of the Secretary of the Senate between the hours of 8:00 a.m. and 5:00 p.m. during days in which the Senate is convened; or

(2) if delivery of the notice to the Senator's office is acknowledged in writing by the Senator or by a member of his or her staff at the time of delivery as to date and hour.

(h) If a Senator withdraws a request for advance notice of a hearing on a bill or resolution, a subsequently filed request by another Senator shall be honored unless a hearing on the bill has already been posted in response to the first request.

(i) The President of the Senate shall ascertain the facts concerning the giving of a notice of a committee hearing on a bill, and the President's ruling as to the sufficiency of the notice based on the facts as ascertained by the President is the final determination of that point when no appeal from the ruling is made.

(j) If the provisions for requesting 48 hours advance notice before hearing of a Senate bill have been properly fulfilled and a House bill containing the same subject is before the committee, the House bill is considered to require the same 48 hours notice before hearing.

### Notes of Rulings

A motion to suspend Senate Rule 11.19 for the purpose of permitting a hearing on a bill without giving a 48-hour notice to a member who has requested it is not debatable (46 S.J. Reg. 1509 (1939)).

The committee's action on a bill at a meeting held without proper 48-hour notice to a member who has properly requested it is in violation of Senate Rule 11.19 [and void]. (Ruling sustained by vote of 13 to 12.) (49 S.J. Reg. 347, 358-359 (1945)).

Re-reference of bill from one committee to another does not vitiate a written request of a member to the chairman of the first committee for a public hearing on the bill and a 48-hour notice of the hearing, and the request goes with the bill to the chairman of the committee to which the bill is re-referred and is binding on him. (Ruling sustained by vote of 13 to 12.) (49 S.J. Reg. 347, 358-359 (1945)).

A Senator who has participated in a committee's action on a bill may not, when the bill is before the Senate, object for the first time that the committee hearing violated Rule 11.19 (tag rule) (70 S.J. Reg. 2167 (1987)).

## SUBPOENA AND PROCESS

**Rule 11.20.** (a) By a record vote of not less than two-thirds of its members, a standing committee of the Senate may issue process to compel the attendance of a witness or to compel a person, agency, or corporation to produce any book, record, document, or other evidence in his, her, or its possession and control before a proceeding of the committee. The committee chair shall issue the subpoena or other process authorized by this rule in the name of the committee, and the subpoena must contain the following information:

(1) a statement of the reason the committee is requesting the appearance of a person or the reason the committee is requesting the production of documents;

(2) the name, address, and title or position of the person requested to appear;

(3) the specific document or documents being requested; and

(4) the specific time and place that the person is to appear or the specific place and time the documents are to be produced.

(b) A committee chair may summon the governing board or other representatives of a state agency to appear and testify before the committee without issuing process under Subsection (a). The summons may be communicated in writing, orally, or electronically.

(c) Except as provided by this rule, the provisions of Sections 301.024, 301.025, 301.026, and 301.027, Government Code, apply to a subpoena or other process issued under this rule.

## ARTICLE XII
## CONFERENCE COMMITTEES

### APPOINTMENT OF CONFERENCE COMMITTEES

**Rule 12.01.** All conference committees of the Senate shall be selected and appointed by the President or the President Pro Tempore when the latter shall be presiding. The member authoring or sponsoring the bill for which the conference committee is selected shall be appointed chair of the Senate conferees. At least two of the Senate conferees must be from a standing committee which heard the bill.

#### Notes of Rulings

It is permissible to concur in one House amendment to a Senate bill and to not concur in others and request a conference committee as to those amendments only (63 S.J. Reg. 1657 (1973)).

A conference committee report is out of order if the composition of the conference committee did not comply with Rule 12.01 (66 S.J. Reg. 1873 (1979)).

The composition of a conference committee is within the discretion of the President to the extent that Senate rules do not otherwise provide (71 S.J. 2 C.S. 271-272 (1989)).

### INSTRUCTIONS TO CONFERENCE COMMITTEES

**Rule 12.02.** Immediately after the Senate decides that any matter shall be submitted to a conference committee, the presiding officer shall state "Are there any motions to instruct the conference committee before appointment?" The presiding officer shall thereupon recognize members to make such motions to instruct and the Senate shall proceed to consider all such motions until disposed of or limited under the provisions of Rule 6.09.

#### Notes of Rulings

Senate conferees may not be instructed by resolution after they have been appointed and have commenced deliberations (43 S.J. Reg. 1684 (1933)).

See also annotations relating to Conference Reports in Appendix.

A conference committee report should not be ruled out on a point of order that instructions have been disobeyed. The members of the Senate decide the question by voting to accept or reject the conference committee report (64 S.J. Reg. 1666 (1975)).

### LIMITATIONS ON CONFERENCE COMMITTEE ACTIONS

**Rule 12.03.** Except as otherwise provided in this article, conference committees shall limit their discussions and their actions solely to the matters in disagreement between the two Houses. A conference committee shall have no authority with respect to any bill or resolution to:

(1) change, alter, or amend text which is not in disagreement;

(2) omit text which is not in disagreement;

(3) add text on any matter which is not in disagreement;

(4) add text on any matter which is not included in either the House or Senate version of the bill or resolution.

This rule shall be strictly construed by the presiding officer in each House to achieve the purposes hereof.

#### Note of Ruling

Rule 12.03 does not prohibit a conference committee from adding text not in either the Senate or House version of a bill when the text added relates to a matter in disagreement between the two houses (74 S.J. Reg. 3733-3734, 3740-3741 (1995)).

### CONFERENCE COMMITTEES ON APPROPRIATION BILLS

**Rule 12.04.** Conference committees on appropriation bills, like other conference committees, shall limit their discussions and their actions solely to the matters in disagreement between the two Houses. In addition to the limitations contained elsewhere in these rules, a conference committee on appropriation bills shall be strictly limited in its authority as follows:

(1) If an item of appropriation appears in both House and Senate versions of the bill, such items must be included in the conference report.

(2) If an item of appropriation appears in both House and Senate versions of the bill and in identical amounts, no change can be made in such item or the amount thereof.

(3) If an item of appropriation appears in both House and Senate versions of the bill but in different amounts, no change can be made in the item, but the amount thereof shall be at the discretion of the conference committee, provided that such amount shall not exceed the larger version and shall not be less than the smaller version.

(4) If an item of appropriation appears in one version of the bill and not in the other, such item can be included or omitted at the discretion of the conference committee. If the item is included, the amount thereof shall not exceed the sum specified in the version containing such item.

(5) If an item of appropriation appears in neither the House nor the Senate version of the bill, such item must not be included in the conference report. However, the conference committee report may include appropriations for purposes or programs authorized by bills that have been passed and sent to the Governor and may include contingent appropriations for purposes or programs authorized by bills that have been passed by at least one House.

This rule shall be strictly construed by the presiding officer in each House to achieve the purposes hereof.

## CONFERENCE COMMITTEES ON TAX BILLS

**Rule 12.05.** Conference committees on tax bills, like other conference committees, shall limit their discussions and their actions solely to the matters in disagreement between the two Houses. In addition to the limitations contained elsewhere in these rules, a conference committee on a tax bill shall be strictly limited in its authority as follows:

(1) If a tax item appears in both House and Senate versions of the bill, such item must be included in the conference report.

(2) If a tax item appears in both House and Senate versions of the bill and in identical form and with identical rates, no change can be made in such item or the rate therein provided.

(3) If a tax item appears in both House and Senate versions of the bill but at differing rates, no change can be made in the item, but the rate thereof shall be determined at the discretion of the conference committee, provided that such rate shall not exceed the higher version and shall not be less than the lower version.

(4) If a tax item appears in one version of the bill and not in the other, such item can be included or omitted at the discretion of the conference committee. If the item is included, the rate thereof shall not exceed the rate specified in the version containing such item.

(5) If a tax item appears in neither the House nor the Senate version of the bill, such item must not be included in the conference report.

This rule shall be strictly construed by the presiding officer in each House to achieve the purposes hereof.

## CONFERENCE COMMITTEES ON
## REAPPORTIONMENT BILLS

**Rule 12.06.** Conference committees on reapportionment bills, to the extent possible, shall limit their discussions and their actions to the matters in disagreement between the two Houses. Since the adjustment of one district in a reapportionment bill will inevitably affect other districts therein, the strict rule of construction imposed on other conference committees must be relaxed somewhat when reapportionment bills are involved. Accordingly, the following authority and limitations shall apply only to conference committees on reapportionment bills:

(1) If the matters in disagreement affect only certain districts and the other districts are identical in both House and Senate versions of the bill, the conference committee shall make adjustments only in those districts whose rearrangement is essential to the effective resolving of the matters in disagreement. All other districts shall remain unchanged.

(2) If the matters in disagreement permeate the entire bill and affect most, if not all, of the districts therein, the conference committee shall have wide discretion in rearranging the districts to the extent necessary to resolve all differences between the two Houses.

(3) Insofar as the actual structure of the districts is concerned and only to that extent, the provisions of Senate Rule 12.03 shall not apply to conference committees on reapportionment bills.

## CONFERENCE COMMITTEES ON
## RECODIFICATION BILLS

**Rule 12.07.** Conference committees on recodification bills, like other conference committees, shall limit their discussions and their actions solely to the matters in disagreement between the two Houses. The comprehensive and complicated nature of recodification bills makes necessary the relaxing of the strict rule of construction imposed on other conference committees only to the following extent:

(1) If it develops in conference committee that material has been inadvertently included in both House and Senate versions which properly has no place in such recodification, such material may be omitted from the conference report, if by such omission the existing statute thereon is not repealed, altered, or amended.

(2) If it develops in conference committee that material has been inadvertently omitted from both the House and Senate versions which properly should be included if such recodification is to achieve its purposes

of being all-inclusive of the statutes being recodified, such material may be added to the conference report, if by such addition the existing statute is merely restated without substantive change in existing law.

## SUSPENSION OF CONFERENCE
## COMMITTEE RULES

**Rule 12.08.** Limitations imposed on certain conference committees by the provisions of Rules 12.03, 12.04, 12.05, 12.06, and 12.07 may be suspended, in part, by permission of the Senate to enable consideration of and action on a specific matter or matters which otherwise would be in violation thereof. Such permission shall be granted only by resolution passed by majority vote of the Senate, with yeas and nays thereon to be recorded in the journal of the Senate. Such resolution shall specify in detail: (1) the exact nature of the matter or matters proposed to be considered; (2) the specific limitation or limitations to be suspended thereby; (3) the specific action contemplated by the conference committee thereon; and (4) except for a resolution suspending the limitations on the conferees for the general appropriations bill, the reasons why suspension of such limitations is being requested. In the application of this rule to appropriations bills, the resolution need not include changes in amounts resulting from a proposed salary plan or changes in format that do not affect the amount of an appropriation or the method of finance of an appropriation, but shall include a general statement describing the salary plan or format change. The resolution need not include differences in language which do not affect the substance of the bill. Permission thus granted shall suspend such limitations only for the matter or matters clearly specified in the resolution, and action of the conference committee shall be in conformity therewith.

## PRINTING AND NOTICE OF CONFERENCE
## COMMITTEE REPORTS

**Rule 12.09.** (a) All conference committee reports on the general appropriations bill, tax bills, and reapportionment bills must be reproduced and a copy thereof furnished to each member at least 48 hours before any action thereon, if convened in regular session, and 24 hours, if convened in called session.

(b) All conference committee reports on other bills must be reproduced and a copy thereof furnished to each member at least 48 hours before any action thereon prior to the last 72 hours of a regular session, and 24 hours before any action thereon during a called session or the last 72 hours of a regular session.

1-9-01 SR 3

### Note of Ruling

The requirement that a copy of a conference committee report be furnished to the members 24 hours before action on the report no longer applies when the 48th hour prior to final adjournment is reached (71 S.J. 2 C.S. 552-553 (1989)).

### SECTION-BY-SECTION ANALYSIS

**Rule 12.10.** Each conference committee report, regardless of its subject matter, must have attached thereto a section-by-section analysis showing the disagreements which have been resolved by the conference committee. This analysis must show for each and every disagreement in parallel columns: (1) the substance of the House version; (2) the substance of the Senate version; and (3) the substance of the recommendation by the conference committee. No action shall be taken on any conference committee report in the absence of such analysis, except by an affirmative vote of two-thirds of the members present, with the yeas and nays thereon to be recorded in the journal.

### ENFORCEMENT BY PRESIDENT

**Rule 12.11.** The President of the Senate shall rule out of order any conference committee report which is in violation of any of the provisions and limitations contained in these rules.

### Note of Ruling

For an instance when the chair refused to go behind a conference committee report to determine whether the conference committee report accurately reflected the action of the conference committee, see 74 S.J. Reg. 2036 (1995).

## ARTICLE XIII
## COMMITTEE OF THE WHOLE SENATE

### RESOLVE INTO COMMITTEE OF THE WHOLE SENATE

**Rule 13.01.** It shall be in order for the Senate at any time after bills and resolutions have been called to resolve itself into a Committee of the Whole Senate.

### Editorial Note

A motion to resolve the Senate into a Committee of the Whole immediately requires only a majority vote, inasmuch as it is equivalent to a motion to recess (43 S.J. Reg. 1559 (1933)).

## CHAIR OF COMMITTEE OF THE
## WHOLE SENATE

**Rule 13.02.** In forming a Committee of the Whole Senate, the President shall leave the chair and shall appoint a chair to preside in committee.

## RIGHT OF LIEUTENANT GOVERNOR TO
## DEBATE AND VOTE IN COMMITTEE
## OF THE WHOLE SENATE

**Rule 13.03.** When in Committee of the Whole Senate, the President shall have the right to debate and vote on all questions. (Constitution, Article IV, Section 16)

## PROCEDURE IN COMMITTEE OF THE
## WHOLE SENATE

**Rule 13.04.** The rules of the Senate, as far as applicable, shall be observed in Committee of the Whole Senate.

## DEBATE AND AMENDMENTS

**Rule 13.05.** Upon a matter being referred to a Committee of the Whole Senate or a subcommittee of a Committee of the Whole Senate, the matter shall be read and debated by clauses, leaving the preamble, if any, to be last considered. The body of the bill shall not be defaced or interlined, but all amendments, noting the page or line, shall be duly entered by the Secretary of the Senate or the clerk of the subcommittee on a separate sheet of paper as the same shall be agreed to by the committee and so reported to the Senate. After the report, the bill shall again be subject to be debated and amended or committed before a question to engross it be taken.

### Editorial Note

No journal is kept by the Journal Clerk of the proceedings of the Senate when in Committee of the Whole.

# ARTICLE XIV
# NOMINATIONS BY THE GOVERNOR

## REFERRAL TO COMMITTEE

**Rule 14.01.** When nominations shall be sent to the Senate by the Governor, a future day shall be assigned for action thereon, unless the Senate unanimously directs otherwise. They shall be referred directly to either the Committee on Nominations or the standing committee with jurisdiction over the subject matter involved, which shall hold hearings and report its actions directly back to the Senate.

**RULE 14.02**

## NOTICE RULE

**Rule 14.02.** Nominations, having been reported out of the Nominations Committee or other appropriately designated standing committee, shall not be acted upon unless the names of the nominees or individual nominee shall have been printed and a copy thereof furnished to each member 24 hours beforehand.

### Note of Ruling

No action can be taken on nominations on same day submitted except by suspending rule requiring nominations to be considered on a "future day" (43 S.J. Reg. 199 (1933)).

## EXECUTIVE SESSION OF COMMITTEE

**Rule 14.03.** Hearings on nominations by the proper committee shall be open meetings, unless an executive session is ordered by a majority vote of the membership of that committee.

### Note of Ruling

A motion that the Senate hold an executive session the same day the motion is made is not in order, since Rule 14.01 provides that a future day shall be set for the consideration of Governor's nominations (48 S.J. Reg. 132 (1943)).

## REPORT TO GOVERNOR BY SECRETARY OF SENATE

**Rule 14.04.** All nominations approved or definitely acted on by the Senate shall be returned to the Governor by the Secretary of the Senate from day to day, as such proceedings may occur.

### Editorial Note

The Senate of the 43rd Legislature in open session, on a motion made by Senator Woodruff, refused to grant the request of Governor Ferguson to withdraw certain nominations that had been submitted by outgoing Governor Sterling, but not yet acted on by the Senate (43 S.J. Reg. 108 (1933)).

# ARTICLE XV
# EXECUTIVE SESSIONS

## SECRECY OF EXECUTIVE SESSION

**Rule 15.01.** When the Senate is in executive session, the Senate Chamber and gallery shall be cleared of all persons except the Secretary of the Senate and the Sergeant-at-Arms who shall keep secret proceedings of such session until the injunction of secrecy is removed by unanimous vote of the Senate.

## VOTE IN OPEN SESSION

**Rule 15.02.** Consideration of all information and remarks touching the character and qualifications of nominees for confirmation by the Senate shall be in open session unless an executive session is ordered by a proper motion adopted by a majority vote of the membership of the Senate. Members of the Senate shall vote to confirm or not to confirm in open session of the Senate, and the votes to confirm and not to confirm shall be entered in the journal of the Senate.

### Editorial Note

When a report of the nominations committee is before the Senate, and a request is made to sever a nomination to permit the Senate to act on it separately, the request to sever is granted automatically (63 S.J. Reg. 123 (1973)).

## SENATOR CAN DISCLOSE OWN VIEWS

**Rule 15.03.** No member of the Senate shall be prohibited from revealing the member's own view on any matter or the member's vote on any matter pending or having been decided by the Senate.

## VIOLATION OF SECRECY

**Rule 15.04.** Any officer or member convicted of violating any provision of either Rule 15.01 or 15.02 shall be liable, if an officer, to dismissal from the service of the Senate and, if a member, to expulsion.

## REPORT OF EXECUTIVE SESSION TO
## BE RECORDED IN SENATE BOOK

**Rule 15.05.** The proceedings of the Senate, when in executive session, shall be kept in a separate book. The proceedings of the Senate, when in open session acting upon nominations made by the Governor, shall be entered in the journal of the Senate.

# ARTICLE XVI
## VOTES REQUIRED TO ADOPT MOTIONS

### DEFINITIONS

**Rule 16.01.** The terms "unanimous consent," "four-fifths of the members of the Senate," "four-fifths of the members present," "two-thirds of the members of the Senate," "two-thirds of the members present," "a majority of the members of the Senate," and "a majority of the members present" are defined as follows:

(1) "Unanimous consent" means the consent of all of the members of the Senate who are present and voting on the issue at the time the vote is recorded.

(2) "Four-fifths of the members of the Senate" means four-fifths of the 31 elected members of the Senate.

(3) "Four-fifths of the members present" means four-fifths of the members of the Senate who are present and voting on the issue at the time the vote is recorded.

(4) "Two-thirds of the members of the Senate" means two-thirds of the 31 elected members of the Senate.

(5) "Two-thirds of the members present" means two-thirds of the members of the Senate who are present and voting on the issue at the time the vote is recorded.

(6) "A majority of the members of the Senate" means a majority of the 31 elected members of the Senate.

(7) "A majority of the members present" means a majority of the members of the Senate who are present and voting on the issue at the time the vote is recorded.

### MATTERS REQUIRING UNANIMOUS CONSENT

**Rule 16.02.** Unanimous consent of the members present shall be required to:

(1) suspend the Senate floor admission rules; Rule 2.07

(2) suspend the local calendar rules; Rule 9.07

(3) authorize committees or conference committees to meet during a session of the Senate; Rule 11.13

(4) consider a nomination of the Governor without being referred to a committee; Rule 14.01

(5) dispense with secrecy of executive session.  Rule 15.01

## MATTERS REQUIRING VOTE OF
## FOUR-FIFTHS OF MEMBERS OF SENATE

**Rule 16.03.** A vote of four-fifths of the members of the Senate shall be required to:

(1) suspend the constitutional rule prohibiting consideration of a bill during the first 60 days of a regular session; Rule 7.13 (Constitution, Article III, Section 5)  See note to Rule 7.13.

(2) suspend the constitutional rule prohibiting introduction of a bill after the first 60 days of a regular session.  Rule 7.07  (Constitution, Article III, Section 5)  See note to Rule 7.07.

## MATTERS REQUIRING VOTE OF
## FOUR-FIFTHS OF MEMBERS PRESENT

**Rule 16.04.** A vote of four-fifths of the members present shall be required to:

(1) suspend the constitutional rule requiring bills to be read on three several days; Rule 7.18 (Constitution, Article III, Section 32)  See note to Rule 7.18.

(2) suspend the requirement that a bill be reported from a Senate committee at least 17 days before final adjournment of a regular session; Rule 7.24 (Constitution, Article III, Section 37)

(3) pass a bill on third reading after the 135th calendar day of a regular session; Rule 7.25.

(4) take any action on a bill except to correct an error therein; Rule 7.25.

(5) suspend the Intent Calendar rules;  Rule 5.14.

(6) reset a special order to earlier time.  Rule 5.11.

## MATTERS REQUIRING VOTE
## OF TWO-THIRDS OF MEMBERS OF SENATE

**Rule 16.05.** A vote of two-thirds of the members of the Senate shall be required for:

(1) final passage of proposed amendment to the Constitution; Rule 10.02 (Constitution, Article XVII, Section 1)

(2)  immediate effect of a bill; (Constitution, Article III, Section 39)

(3)  the release of payment of taxes in cases of great public calamity; (Constitution, Article VIII, Section 10)

(4)  final passage of bills to reduce county to less area than 900 square miles; (Constitution, Article IX, Section 1)

(5)  passage of an address to the Governor for the removal of any civil officer; (Constitution, Article XV, Section 8)

(6)  expulsion of a member of the Senate; Rule 4.09 (Constitution, Article III, Section 11)

(7)  passage of House bills that have been returned by the Governor with objections.  Rule 6.20. (Constitution, Article IV, Section 14)

### Note of Ruling

A vote of two-thirds of the members is not required for passage of bill to create flood control district and donate portion of taxes collected therein to the district (48 S.J. Reg. 1053 (1943)).

## MATTERS REQUIRING VOTE OF
## TWO-THIRDS OF MEMBERS PRESENT

**Rule 16.06.**  A vote of two-thirds of the members present shall be required to:

(1)  impeach any officer; (Constitution, Article XV, Section 3)

(2)  pass a Senate bill that has been returned by the Governor with objections; Rule 6.20 (Constitution, Article IV, Section 14)  See note to Rule 6.20.

(3)  confirm an appointee of the Governor, unless otherwise directed by law; (Constitution, Article IV, Section 12)

(4)  adopt an amendment at third reading of a bill or a joint resolution; Rules 7.19 and 10.02

(5)  suspend the floor privileges of a member of the Senate; Rule 4.07

(6)  suspend the regular order of business; Rule 5.13

(7)  excuse absentees; Rule 5.03

(8)  set a matter for special order; Rule 5.11.  See note to Rule 5.11.

(9)  place a minority report on the calendar; Rule 11.17

(10) rerefer a bill to another committee; Rule 6.08

(11) suspend the section-by-section analysis on conference committee reports; Rule 12.10

(12) suspend or rescind any rule of the Senate unless the rules specify a different majority; Rule 22.01

(13) consider immediately petitions, concurrent and joint resolutions, or resolutions setting or defining legislative or state policy. Rule 8.02. See note to Rule 8.02.

### Editorial Note

This ruling and other late Senate precedents relative to suspending a pending question for the purpose of taking up another indicate that it has become the prevailing opinion of the Senate's presiding officers and its members that any pending debatable question, even a highly privileged one or one with high priority for consideration, may be suspended by a two-thirds vote of the Senate for the purpose of taking up another matter on the President's table for immediate consideration. Suspending a question that has itself been taken up under a suspension would most likely not be permitted.

### MATTERS REQUIRING VOTE OF MAJORITY OF MEMBERS OF SENATE

**Rule 16.07.** A vote of the majority of the members of the Senate is required to:

(1) pass a resolution initially adopting temporary or permanent rules of the Senate; Rule 21.01

(2) adopt, amend, or rescind any Joint Rules of the two Houses; Rules 21.02 and 22.02

(3) adopt resolution to suspend conference committee rules; Rule 12.08

(4) commit or recommit bill, resolution, or petition to a committee; Rule 6.08

(5) hold an executive session; Rule 15.02

(6) pass a resolution amending the Rules of the Senate.

RULE 16.08

## MATTERS REQUIRING VOTE OF
## MAJORITY OF MEMBERS PRESENT

**Rule 16.08.** A vote of the majority of members present shall be required to:

    (1) elect officers; Rule 1.05

    (2) elect a member to preside; Rule 1.01

    (3) remove a member from the chair; Rule 4.08

    (4) pass a bill on second reading; Rule 7.17

    (5) pass a bill on third reading, except to give immediate effect to the bill as required by Rule 7.18;

    (6) adopt an amendment on second reading;

    (7) adopt a motion to reconsider vote; Rules 6.10 and 6.11

    (8) dispense with reading of papers; Rule 6.13. See note to Rule 6.13.

    (9) debate a congratulatory, memorial, or courtesy resolution; Rule 8.03. See note to Rule 8.03.

    (10) adopt a motion for previous question, after five seconds; Rule 6.09. See note to Rule 6.09.

    (11) adopt a motion for immediate ruling, after 10 seconds; Rule 6.12. See note to Rule 6.12.

    (12) concur in House amendments to Senate bills, except to give immediate effect to the bill as required by Rule 16.05(2);

    (13) adopt a Conference Committee Report, except to give immediate effect to the bill as required by Rule 16.05(2).

## MATTERS REQUIRING VOTE WHEN LESS
## THAN A QUORUM IS PRESENT

**Rule 16.09.** When a quorum is not present, a majority of the members present may:

    (1) authorize a call of the Senate; Rule 5.04. See note to Rule 5.04.

    (2) authorize a call for absent members; Rule 5.02. See note to Rule 5.02.

    (3) adjourn or recess.

# ARTICLE XVII
# SENATE JOURNAL

## REASON FOR VOTE

**Rule 17.01.** Any member shall have the privilege to have spread upon the journal of the Senate a brief statement of the member's reason for any vote he or she may cast. Such statement shall not deal in personalities or contain any personal reflection on any member of the Legislature, the Speaker, the Lieutenant Governor, or the Governor and shall not in any other manner transgress the rules or traditions of the Senate.

### Editorial Note

A Senator's privilege of inserting his reasons for a vote is frequently exercised; and in some instances a considerable amount of matter quoted from letters, newspapers, etc., is incorporated in the reasons inserted (40 S.J. Reg. 416-418 (1927); 40 S.J. 1 C.S. 42-43 (1927); 42 S.J. 1 C.S. 24 (1931); 49 S.J. Reg. 582 (1945)).

## JOURNAL OF SENATE

**Rule 17.02.** The proceedings of the Senate, when not in Committee of the Whole Senate or in executive session, shall be entered on the journal as concisely as possible, care being taken to detail a true and accurate account of the proceedings. The titles of the bills and such parts thereof only as shall be affected by proposed amendments shall be inserted in the journal. Every report of a committee and vote of the Senate and a brief statement of the contents of each memorial, petition, or paper presented to the Senate shall also be inserted in the journal. Resolutions of a congratulatory nature and resolutions recognizing visitors to the Senate shall not be numbered or printed in the journal, but the names of the sponsor and the persons concerned and the recognition accorded may be listed for each day at the end of the day's proceedings.

### Editorial Note

House amendments to any Senate Bill, Senate Joint Resolution, or Concurrent Resolution shall be printed in the Senate Journal on the day that action is taken by the Senate thereon.

### Notes of Rulings

The Senate can take cognizance of an action by House only if officially notified of such action (35 S.J. 2 C.S. 61 (1917)).

It is not out of order for a member to request that the journal show the subjects as well as the numbers of certain bills the recommitment of which has been moved (51 S.J. Reg. 562 (1949)).

A letter relating to supply of natural gas to San Antonio may be inserted in the Senate Journal and the rule relative to contents can be suspended by member requesting same if there is no other matter pending before Senate at that time (62 S.J. 2 C.S. 41 (1972)).

### RETURN OF VETOED SENATE BILLS

**Rule 17.03.** When a bill shall be returned to the Senate by the Governor, with the Governor's objections, it shall be entered at large upon the journal. (Constitution, Article IV, Section 14)

### Note of Ruling

Consideration of a motion to override the Governor's veto of a particular bill may be postponed (45 S.J. Reg. 1484 (1937)).

## ARTICLE XVIII
## MESSAGES TO AND FROM HOUSE

### MESSAGES TO THE HOUSE

**Rule 18.01.** Messages, bills, resolutions, and other papers shall be sent to the House of Representatives by the Secretary of the Senate who shall previously endorse upon them the final determination of the Senate thereon.

### MESSAGES FROM THE HOUSE

**Rule 18.02.** Messages may be received at any time, except while a question is being put, while the yeas and nays are being taken, or while the ballots are being counted.

## ARTICLE XIX
## AGENCY RULES

### REFERRAL OF AGENCY RULES

**Rule 19.01.** The President shall refer to the appropriate standing committee each proposed agency rule on which notice is filed by an agency as required by the Administrative Procedure Act.

## COMMITTEE ACTION

**Rule 19.02.** The committee on a vote of a majority of its members may transmit to the agency a statement supporting or opposing adoption of the proposed rule.

# ARTICLE XX
# WHEN SENATE RULES ARE SILENT

## PRESIDENT OF SENATE DECIDES QUESTION

**Rule 20.01.** The President of the Senate shall decide all questions not provided for by the standing Rules of Order of the Senate and Joint Rules of Order of both branches of the Legislature, according to parliamentary practice laid down by approved authors.

### Editorial Notes

The rulings of the presiding officers of the Senate as shown in the Texas Legislative Manual, the practice in Congress as shown in Hinds' Precedents and in Cannon's Precedents, the practice in the Texas House of Representatives as shown in the Legislative Manual, and the rules and precedents as set forth in Mason's Manual of Legislative Procedure, Jefferson's Manual, and the Manual of the United States Senate have been resorted to by the presiding officers of the Senate for guidance in deciding questions of order.

For an instance of when the chair submitted a point of order directly to the Senate for its determination, see 71 S.J. 2 C.S. 554 (1989).

### Note of Ruling

For an instance of when the chair refused to sustain a point of order challenging compliance with a constitutionally required procedure because the Constitution, laws, rules of the Senate, and official records of the Senate did not provide a basis on which to determine compliance, see 74 S.J. Reg. 2458-2461 (1995).

## APPEAL TO SENATE

**Rule 20.02.** The President's ruling is subject to appeal to the entire Senate.

**RULE 21.01**

# ARTICLE XXI
# ADOPTION OF RULES

## SENATE RULES

**Rule 21.01.** The Senate shall at the beginning of each Legislative Session adopt temporary or permanent Senate rules by resolution of the Senate. The Senate rules shall be adopted by a majority of the members of the Senate.

## JOINT RULES

**Rule 21.02.** The House and Senate may adopt Joint Rules for the two Houses. Joint Rules may be adopted by a majority of the members of the Senate.

# ARTICLE XXII
# SUSPENSION, AMENDMENT, OR RESCISSION OF RULES

## SENATE RULES

**Rule 22.01.** It shall require a vote of two-thirds of the members present to suspend any rule of the Senate, unless the rules specify a different majority. A majority of the members of the Senate may amend the Rules of the Senate by adoption of a Senate Resolution amending the rules, which resolution has been referred to and reported from a committee as otherwise required by these rules. Rule 16.06. See note to Rule 16.06.

## JOINT RULES

**Rule 22.02.** It shall require a vote of a majority of the members of the Senate to suspend, amend, or rescind any Joint Rules of the two Houses. Rule 16.07

**PL168**

**9/2/2014**

**2:13-cv-00193**

# RULES
# OF THE SENATE
**78th Legislature**
**Regular Session**
**2003**

# TABLE OF CONTENTS

Preface     Statement of Authorization and Precedence .................... 1

## ARTICLE I
## SENATE OFFICERS AND ELECTIONS

| | | |
|---|---|---|
| Rule 1.01 | Presiding officer of the Senate .......................................... | 1 |
| Rule 1.02 | President Pro Tempore ...................................................... | 1 |
| Rule 1.03 | Vacancy in the office of Lieutenant | |
| | Governor ......................................................................... | 2 |
| Rule 1.04 | Officers of the Senate ....................................................... | 2 |
| Rule 1.05 | Election of Officers .......................................................... | 3 |

## ARTICLE II
## ADMISSION TO SENATE CHAMBER

| | | |
|---|---|---|
| Rule 2.01 | Access to Senate floor ...................................................... | 3 |
| Rule 2.02 | Restrictions on admission ................................................. | 3 |
| Rule 2.03 | Persons lobbying not admitted .......................................... | 4 |
| Rule 2.04 | Press correspondents ........................................................ | 4 |
| Rule 2.05 | Forfeiture of admission privilege ...................................... | 5 |
| Rule 2.06 | Exceptions ........................................................................ | 5 |
| Rule 2.07 | Suspension of admission rule............................................ | 5 |

## ARTICLE III
## SENATE DECORUM

| | | |
|---|---|---|
| Rule 3.01 | Persons must be properly attired in | |
| | Senate Chamber................................................................ | 5 |
| Rule 3.02 | No eating or drinking in Senate Chamber ......................... | 6 |
| Rule 3.03 | Messages to members........................................................ | 6 |
| Rule 3.04 | Posters, placards, banners, and signs ............................... | 6 |
| Rule 3.05 | Applause, outbursts, or demonstrations ............................ | 6 |
| Rule 3.06 | Punishment for obstructing proceedings .......................... | 6 |

## ARTICLE IV
## DECORUM AND DEBATE OF
## MEMBERS OF THE SENATE

| | | |
|---|---|---|
| Rule 4.01 | Members to address President .......................................... | 6 |
| Rule 4.02 | Interruption of President .................................................. | 7 |
| Rule 4.03 | Interruption of member speaking ...................................... | 7 |

Rule 4.04 Recognition of members in debate ................................... 10
Rule 4.05 Speaking more than once in single debate ...................... 10
Rule 4.06 Member called to order ................................................. 10
Rule 4.07 Refusal of member called to order to
           be seated ..................................................................... 11
Rule 4.08 Removal of Senator from chair ...................................... 11
Rule 4.09 Punishment for misconduct ............................................ 12
Rule 4.10 Bribery ......................................................................... 12

# ARTICLE V
# SENATE PROCEDURAL RULES
# (ORDER OF BUSINESS)

Rule 5.01 Presiding officer to assume chair ..................................... 12
Rule 5.02 Quorum ........................................................................ 13
Rule 5.03 Absences ...................................................................... 14
Rule 5.04 Call of the Senate .......................................................... 14
Rule 5.05 Roll call ........................................................................ 15
Rule 5.06 Prayer by chaplain ........................................................ 16
Rule 5.07 Reading of journal ......................................................... 16
Rule 5.08 Morning call .................................................................. 16
Rule 5.09 Order of considering bills and resolutions ...................... 17
Rule 5.10 House bill days .............................................................. 18
Rule 5.11 Special orders ............................................................... 19
Rule 5.12 Regular order of business .............................................. 20
Rule 5.13 Suspension of the regular order of
           business ...................................................................... 21
Rule 5.14 Intent calendar ............................................................. 21
Rule 5.15 Rulings by President ...................................................... 21

# ARTICLE VI
# MOTIONS

Rule 6.01 Motions and their precedence .......................................... 22
Rule 6.02 Limitation of debate on motions ...................................... 26
Rule 6.03 Written motions .............................................................. 27
Rule 6.04 Withdrawal of motion .................................................... 27
Rule 6.05 Motions to fix sum or state time ...................................... 28
Rule 6.06 Division of question ........................................................ 28
Rule 6.07 Motion to table .............................................................. 28
Rule 6.08 Motions to refer or commit ............................................. 28
Rule 6.09 Previous question ........................................................... 29
Rule 6.10 Reconsideration .............................................................. 30

ii

Rule 6.11   Spreading motion to reconsider on journal ...................... 32
Rule 6.12   Demand for immediate ruling ........................................... 33
Rule 6.13   Dispense with reading of papers ...................................... 33
Rule 6.14   Mode of stating and voting upon questions ..................... 34
Rule 6.15   Calls for yeas and nays required ...................................... 34
Rule 6.16   Members refusing to answer recorded present ................. 35
Rule 6.17   Paired votes ...................................................................... 35
Rule 6.18   Lieutenant Governor to give casting vote ........................ 35
Rule 6.19   Effect of tie vote when Lieutenant
            Governor absent .............................................................. 36
Rule 6.20   Vetoed bills ...................................................................... 36
Rule 6.21   Adjournment ..................................................................... 36
Rule 6.22   Adjournment of Senate for more than
            three days ........................................................................ 37

## ARTICLE VII
## INTRODUCTION AND PASSAGE OF BILLS

Rule 7.01   Custodian of bills and resolutions .................................... 38
Rule 7.02   Caption Rule ..................................................................... 38
Rule 7.03   Announcement of stage of bill ......................................... 38
Rule 7.04   Filing bills ........................................................................ 38
Rule 7.05   Introduction and first reading of bills .............................. 39
Rule 7.06   Referral of bills ................................................................ 39
Rule 7.07   Limitations on introduction ............................................. 40
Rule 7.08   Consideration of emergency matters ................................ 40
Rule 7.09   Analysis of fiscal and other implications
            of bill or resolution .......................................................... 40
Rule 7.10   Format of bills and resolutions reported
            by committees .................................................................. 45
Rule 7.11   Committee substitute bills ............................................... 46
Rule 7.12   Printing of bills ................................................................ 46
Rule 7.13   Suspension of rule limiting consideration
            of bills .............................................................................. 48
Rule 7.14   Consideration of House bill in lieu of
            Senate bill on same subject ............................................. 48
Rule 7.15   Germaneness ..................................................................... 49
Rule 7.16   Amendments to tax bills or sunset bills ........................... 52
Rule 7.17   Motion to pass a bill to second reading
            is not necessary ............................................................... 52
Rule 7.18   Reading of bill on three several days ............................... 52
Rule 7.19   Adoption of amendment on third reading ........................ 53
Rule 7.20   Limitations on appropriations bills .................................. 53
Rule 7.21   House amendments to Senate bills ................................... 53

Rule 7.22    Defeated bill ................................................................ 54
Rule 7.23    Signing of bills and resolutions by
             presiding officer ........................................................ 54
Rule 7.24    Deadline for report ..................................................... 55
Rule 7.25    Limitation on vote ...................................................... 55

## ARTICLE VIII
## PETITIONS AND RESOLUTIONS

Rule 8.01    Procedural rules .......................................................... 55
Rule 8.02    Referral to committee ................................................. 56
Rule 8.03    Congratulatory, memorial, and courtesy
             resolutions ............................................................... 57
Rule 8.04    Defeated resolution ..................................................... 57

## ARTICLE IX
## LOCAL BILLS

Rule 9.01    Definition of local bill ............................................... 58
Rule 9.02    Introduction and consideration of
             local bills ............................................................... 58
Rule 9.03    Local and uncontested calendar ................................ 59
Rule 9.04    Referral to Administration Committee ...................... 59
Rule 9.05    Bills and resolutions not qualified
             for consideration on the local and
             uncontested calendar ................................................ 59
Rule 9.06    Bills and resolutions prohibited
             from placement on the local and
             uncontested calendar ................................................ 60
Rule 9.07    Suspension of local calendar rules ........................... 60

## ARTICLE X
## AMENDMENTS TO THE CONSTITUTION

Rule 10.01   Joint resolutions subject to rules
             governing bills .......................................................... 60
Rule 10.02   Votes required to amend on third reading
             and to pass constitutional amendments .................... 60
Rule 10.03   Failure of joint resolution to be
             adopted on third reading .......................................... 61

# ARTICLE XI
## COMMITTEES

Rule 11.01   Appointment of committees ............................................... 61
Rule 11.02   List of standing committees .............................................. 61
Rule 11.03   Special committees ............................................................ 62
Rule 11.04   Chair and vice-chair of standing
             committees and standing subcommittees .......................... 62
Rule 11.05   Appointment of subcommittees within a
             standing committee ............................................................ 62
Rule 11.06   Recommendations of committees ..................................... 62
Rule 11.07   Rules governing committee procedures ............................ 63
Rule 11.08   Record of committee attendance ...................................... 63
Rule 11.09   Quorum of committee ....................................................... 63
Rule 11.10   Public notice of committee meetings ............................... 63
Rule 11.11   Minutes of committee meetings ....................................... 64
Rule 11.12   Committee reports ............................................................ 65
Rule 11.13   Consideration of bills in committees ............................... 66
Rule 11.14   Consideration of House bills ............................................ 66
Rule 11.15   Votes of committee required to report
             favorably .......................................................................... 66
Rule 11.16   Unfavorable vote of committee ........................................ 66
Rule 11.17   Minority reports ................................................................ 67
Rule 11.18   Public hearings ................................................................. 67
Rule 11.19   Privileged notice of hearing on specific
             bills (Tag Rule) ................................................................ 68
Rule 11.20   Subpoena and process ...................................................... 70

# ARTICLE XII
## CONFERENCE COMMITTEES

Rule 12.01   Appointment of conference committees ........................... 71
Rule 12.02   Instructions to conference committees ............................. 72
Rule 12.03   Limitations on conference committee
             actions .............................................................................. 72
Rule 12.04   Conference committees on appropriation
             bills .................................................................................. 73
Rule 12.05   Conference committees on tax bills ................................. 73
Rule 12.06   Conference committees on reapportionment
             bills .................................................................................. 74
Rule 12.07   Conference committees on recodification
             bills .................................................................................. 75
Rule 12.08   Suspension of conference committee rules....................... 75

Rule 12.09   Printing and notice of conference
             committee reports .............................................   76
Rule 12.10   Section-by-section analysis .............................   76
Rule 12.11   Enforcement by President ...............................   76

## ARTICLE XIII
## COMMITTEE OF THE WHOLE SENATE

Rule 13.01   Resolve into Committee of the Whole
             Senate..............................................................   77
Rule 13.02   Chair of Committee of the Whole Senate .........   77
Rule 13.03   Right of Lieutenant Governor to debate
             and vote in Committee of the Whole Senate ....   77
Rule 13.04   Procedure in Committee of the Whole Senate ................   77
Rule 13.05   Debate and amendments....................................   77

## ARTICLE XIV
## NOMINATIONS BY THE GOVERNOR

Rule 14.01   Referral to committee .......................................   78
Rule 14.02   Notice rule ........................................................   78
Rule 14.03   Executive session of committee .......................   78
Rule 14.04   Report to Governor by Secretary of Senate .....   79

## ARTICLE XV
## EXECUTIVE SESSIONS

Rule 15.01   Secrecy of executive session ...........................   79
Rule 15.02   Vote in open session .........................................   79
Rule 15.03   Senator can disclose own views ......................   80
Rule 15.04   Violation of secrecy .........................................   80
Rule 15.05   Report of executive session to be
             recorded in Senate book ...................................   80

## ARTICLE XVI
## VOTES REQUIRED TO ADOPT MOTIONS

Rule 16.01   Definitions ........................................................   80
Rule 16.02   Matters requiring unanimous consent ...............   81
Rule 16.03   Matters requiring vote of four-fifths
             of members of Senate .......................................   81
Rule 16.04   Matters requiring vote of four-fifths
             of members present ...........................................   81

Rule 16.05   Matters requiring vote of two-thirds
                 of members of Senate ........................................................ 82
Rule 16.06   Matters requiring vote of two-thirds
                 of members present ........................................................ 82
Rule 16.07   Matters requiring vote of majority
                 of members of Senate ........................................................ 84
Rule 16.08   Matters requiring vote of majority
                 of members present ........................................................ 84
Rule 16.09   Matters requiring vote when less than
                 a quorum is present ........................................................ 85

## ARTICLE XVII
## SENATE JOURNAL

Rule 17.01   Reason for vote .................................................... 85
Rule 17.02   Journal of Senate ................................................ 85
Rule 17.03   Return of vetoed Senate bills ............................ 86

## ARTICLE XVIII
## MESSAGES TO AND FROM HOUSE

Rule 18.01   Messages to the House ...................................... 86
Rule 18.02   Messages from the House ................................. 87

## ARTICLE XIX
## AGENCY RULES

Rule 19.01   Referral of agency rules ................................... 87
Rule 19.02   Committee action .............................................. 87

## ARTICLE XX
## WHEN SENATE RULES ARE SILENT

Rule 20.01   President of Senate decides question .................. 87
Rule 20.02   Appeal to Senate ................................................ 88

## ARTICLE XXI
## ADOPTION OF RULES

Rule 21.01   Senate rules ......................................................... 88
Rule 21.02   Joint rules .......................................................... 88

# ARTICLE XXII
## SUSPENSION, AMENDMENT, OR
## RESCISSION OF RULES

Rule 22.01   Senate rules .......................................................................... 89
Rule 22.02   Joint rules ............................................................................ 89

**APPENDIX** ............................................................................................ 89

**INDEX TO RULES OF THE SENATE** ............................................... A-1

# RULES OF THE SENATE
# OF THE 78TH TEXAS LEGISLATURE

## STATEMENT OF AUTHORIZATION AND PRECEDENCE

Pursuant to and under the authority of Article III, Section 11, of the Constitution of 1876, as amended, and notwithstanding any other provision of statute, the Senate adopts the following rules to govern its operations and procedures.  The provisions of these rules and of the Constitution shall be deemed the only requirements binding on the Senate, notwithstanding any other requirements expressed elsewhere in statute.

# ARTICLE I
# SENATE OFFICERS AND ELECTIONS

## PRESIDING OFFICER OF THE SENATE

**Rule 1.01.**  The Lieutenant Governor of the State of Texas shall by virtue of office be President of the Senate (Constitution, Article IV, Section 16) and decide all questions of order subject to appeal by any member.  The President shall have control of such parts of the Capitol as have been or may be set apart for the use of the Senate and its officers.  The President shall have the right to name a member to perform the duties of the chair, but such substitution shall not extend beyond such time as a majority of the Senators present vote to elect another member to preside, and if a majority of the Senators present so vote, the member called to the chair by the Lieutenant Governor or by the President Pro Tempore of the Senate shall vacate the chair, and the member elected by a majority shall preside until the Lieutenant Governor or President Pro Tempore shall take the gavel and preside.

### Editorial Note

A member called to the chair pending an appeal does not entertain any motions nor accept any further point of order.

### Note of Ruling

No motion is in order while a point of order is pending (43 S.J. Reg. 1156 (1933)).

## PRESIDENT PRO TEMPORE

**Rule 1.02.**  The Senate shall, at the beginning and close of each session, and at such other times as may be necessary, elect one of its members President Pro Tempore, who shall perform the duties of Lieutenant Governor in any case of absence or disability of the Lieutenant Governor. (Constitution, Article III, Section 9)

RULE 1.03

## VACANCY IN THE OFFICE OF LIEUTENANT GOVERNOR

**Rule 1.03.** If the office of Lieutenant Governor becomes vacant, the President Pro Tempore of the Senate shall convene the Committee of the Whole Senate within 30 days after the vacancy occurs. The Committee of the Whole Senate shall elect one of its members to perform the duties of the Lieutenant Governor in addition to the duties of Senator until the next general election. If the Senator so elected ceases to be a Senator before the election of a new Lieutenant Governor, another Senator shall be elected in the same manner to perform the duties of the Lieutenant Governor until the next general election. Until the Committee of the Whole Senate elects one of its members for this purpose, the President Pro Tempore shall perform the duties of the Lieutenant Governor. (Constitution, Article III, Section 9)

### Editorial Note

In the absence of both the Lieutenant Governor and President Pro Tempore for a short period of time, either of them may designate in writing a Senator to occupy the chair, but in case the President Pro Tempore is compelled, for any reason, to be absent for an extended or indefinite period, the Senate elects another President Pro Tempore. For the form of the designation by the Lieutenant Governor or President Pro Tempore, see 49 S.J. Reg. 515 (1945).

### OFFICERS OF THE SENATE

**Rule 1.04.** A Secretary, Journal Clerk, Calendar Clerk, Enrolling Clerk, Sergeant-at-Arms, Doorkeeper, Chaplain, and such other officers as a majority vote may determine to be necessary shall be elected at the opening of the session of the Legislature to continue in office until discharged by the Senate and shall perform such duties as may be incumbent upon them in their respective offices, under the direction of the Senate. Such officers may not be related to any current member of the Texas Legislature nor may any employee of the Senate be related to any current member of the Texas Legislature. The Secretary of the Senate shall, in addition to other duties, be responsible for the coordination of the other offices and divisions of the Senate.

### Editorial Note

This rule is not binding unless and until it is adopted by the Senate at its biennial session. The Senate may, of course, omit the adoption of the rule as written and provide by a simple resolution for the election of such officers as it sees fit.

## ELECTION OF OFFICERS

**Rule 1.05.** In all elections of the Senate, the vote shall be given viva voce, except in the election of officers of the Senate (Constitution, Article III, Section 41). A majority of the whole number of votes cast shall be necessary for a choice in all elections by the Senate.

### Editorial Note

The officers of the Senate for the purposes of Article III, Section 41, Texas Constitution, include the President Pro Tempore and a Senator elected under Rule 1.03 to perform the duties of the Lieutenant Governor. See *In re The Texas Senate and The Honorable Rodney Ellis*, 36 S.W.3d 119 (Tex. 2000); and *The Constitution of the State of Texas, An Annotated and Comparative Analysis*, Vol. 1, pp. 185-186.

# ARTICLE II
# ADMISSION TO SENATE CHAMBER

## ACCESS TO SENATE FLOOR

**Rule 2.01.** (a) The doors of the Senate shall be kept open, except when there is an executive session. (Constitution, Article III, Section 16)

### Editorial Note

When the Senate is in session, the entrances to the main floor of the Senate Chamber are closed, but the galleries are always open to the public except when Senate is in executive session.

(b) It shall be the duty of the Sergeant-at-Arms and assistants to clear the Senate Chamber of all persons not entitled to the privilege thereof 30 minutes before the hour of the meeting of the Senate and for 30 minutes after each meeting of the Senate.

## RESTRICTIONS ON ADMISSION

**Rule 2.02.** Persons hereinafter named and no others shall be admitted to the floor of the Senate while the Senate is in session provided that persons other than members of the Lieutenant Governor's family, a Senator's family, members of the House of Representatives of the State of Texas, and Sergeants-at-Arms of the Senate shall be required to remain behind the brass rail: Members of the Senate and their families, the Secretary of the Senate and family, employees of the Senate and House of Representatives when on official business, Representatives, the Governor, the Governor's family and executive staff, the Lieutenant Governor and family, the President and Vice-President of the United States, United States Senators and members of

## RULE 2.03

Congress, Governors of other states, Justices of the Supreme Court, Judges of the Court of Criminal Appeals, the Secretary of State, and duly accredited newspaper reporters and correspondents and radio commentators and television camera operators and commentators who have complied with Rule 2.04. It shall be the special duty of the President to see that officers and employees remain upon the floor of the Senate only when actually engaged in the performance of their official duties. Such persons other than the Lieutenant Governor and members of the Senate shall not be permitted to work for or against any proposition before the Senate while on the floor.

### PERSONS LOBBYING NOT ADMITTED

**Rule 2.03.** (a) No newspaper reporter, or other person whosoever, whether a State officer or not, who is lobbying or working for or against any pending or prospective legislative measure, shall in any event be permitted upon the floor of the Senate when the Senate is in session.

(b) All officers and employees of the Senate are prohibited from lobbying in favor of or against any measure or proposition pending before the Senate, and should any officer or employee violate this rule, the same shall be cause for dismissal from the service of the Senate by the President.

### Editorial Note

Section 305.023, Title 3, Government Code, provides: "No person who is registered or required to be registered under this Chapter may go on the floor of either house of the legislature while that house is in session unless invited by that house."

### PRESS CORRESPONDENTS

**Rule 2.04.** While the Senate is in session, no person shall be admitted to the floor of the Senate or allowed its privileges as a press correspondent or radio commentator or television camera operator and commentator, unless said person is a regularly employed, salaried staff correspondent or reporter in the employ of a newspaper publishing general news, a press association serving newspapers, or a publication requiring telegraphic coverage or the person is a regularly employed, salaried employee of a duly licensed radio or television station.

Every newspaper reporter and correspondent and radio commentator and television camera operator and commentator, before being admitted to the Senate during its session, shall file with the Committee on Administration a written statement showing the paper or papers represented and certifying that no part of the person's salary or compensation is paid by any person, firm, corporation, or association except the paper or papers or radio station or television station represented.

## FORFEITURE OF ADMISSION PRIVILEGE

**Rule 2.05.** If any person admitted to the Senate under this article shall lobby or work for or against any pending or prospective legislation or shall violate any of the other rules of the Senate, the privileges extended to said person under this article shall be suspended by a majority of the Committee on Administration. The action of the committee shall be reviewable by the Senate only if two members of the committee request an appeal from the decision of the committee, which appeal shall be in the form of a minority report, and shall be subject to the same rules that are applicable to minority reports on bills.

## EXCEPTIONS

**Rule 2.06.** This article shall not apply to any person who is invited to address the Senate when in session or to any person who desires to appear before any committee while going to or returning from the session of said committee or to the Governor while delivering an official message. This article shall not apply during the inauguration of the Governor and other public ceremonies provided for by resolution of the Senate.

## SUSPENSION OF ADMISSION RULE

**Rule 2.07.** It shall be in order for the President to entertain a request, motion, or resolution for the suspension of the Admission Rules or to present from the chair the request of any member for unanimous consent to suspend the Admission Rules.

### Editorial Note

The rule relating to admission to the floor of the Senate, as written prior to 1939, provided that the rule could not be suspended.

## ARTICLE III
## SENATE DECORUM

### PERSONS MUST BE PROPERLY
### ATTIRED IN SENATE CHAMBER

**Rule 3.01.** While the Senate is actually in session, no male Senator or Representative or any other male person shall come on the floor of the Senate without wearing a coat and tie. The Sergeant-at-Arms and doorkeepers are instructed to strictly enforce this rule, and only the President of the Senate may suspend the rule as to any person or to all persons, and that action to be taken in writing to the Sergeant-at-Arms.

**RULE 3.02**

## NO EATING OR DRINKING IN SENATE CHAMBER

**Rule 3.02.** No employee, Senator, Representative, or other person shall be allowed to eat or drink in the Senate Chamber proper at any time. The Sergeant-at-Arms shall strictly enforce this rule.

## MESSAGES TO MEMBERS

**Rule 3.03.** Messages or call slips shall not be delivered to members of the Senate when a roll call is in progress. Individuals desiring to pass a message to members of the Senate must sign their names to that message.

## POSTERS, PLACARDS, BANNERS, AND SIGNS

**Rule 3.04.** No poster, placard, banner, sign, or other similar material shall be carried into the Senate by any person, and no person shall attach or affix any poster, placard, banner, sign, or other similar material to the walls, rails, seats, or bannisters of the Senate Chamber. This rule shall be strictly enforced.

## APPLAUSE, OUTBURSTS, OR DEMONSTRATIONS

**Rule 3.05.** No applause, outburst, or other demonstration by any spectator shall be permitted during a session of the Senate. This rule shall be strictly enforced.

### Note of Ruling

After repeated warnings to persons in the gallery to refrain from demonstrating, the chair may direct the Sergeant-at-Arms to clear the gallery and lock the doors leading to the Senate Chamber (55 S.J. Reg. 1117 (1957)).

## PUNISHMENT FOR OBSTRUCTING PROCEEDINGS

**Rule 3.06.** The Senate, during its sessions, may imprison for 48 hours any person, not a member, for violation of the Senate rules, for disrespectful and disorderly conduct in its presence, or for obstructing any Senate proceeding. (Constitution, Article III, Section 15)

# ARTICLE IV
# DECORUM AND DEBATE OF MEMBERS OF THE SENATE

## MEMBERS TO ADDRESS PRESIDENT

**Rule 4.01.** When a Senator is about to speak in debate or to communicate any matter to the Senate, the member shall rise in his or her place and address the President of the Senate.

### Editorial Note

A member who desires to speak on a pending question should address the chair and, having obtained recognition, may speak, in an orderly and parliamentary way, and subject to the rules of the Senate, as long as he desires.

### Notes of Rulings

When a member has been recognized and is speaking on a motion to re-refer a bill, he must stand upright at his desk and may not lean thereon (61 S.J. Reg. 1760, 1762 (1969)).

When a member has the floor and is speaking on a bill or resolution, he must stand upright at his desk and may not lean or sit on his desk or chair (61 S.J. Reg. 1059 (1969)).

When speaking on a bill, a Senator may not stand at another Senator's desk or use another Senator's desk for any purpose (73 S.J. Reg. 1079 (1993)).

## INTERRUPTION OF PRESIDENT

**Rule 4.02.** The President of the Senate shall not be interrupted while putting the question or addressing the Senate.

## INTERRUPTION OF MEMBER SPEAKING

**Rule 4.03.** No member shall interrupt another Senator who has the floor or otherwise interrupt the business of the Senate, except for the purpose of making a point of order, calling the member having the floor to order, moving the previous question, demanding that a point of order under discussion or consideration be immediately decided, or making a motion to adjourn or recess. Though another member has the floor, any member shall be recognized by the presiding officer in order to call to order the member, to make a point of order, to move the previous question, or to demand that a point of order be immediately decided. A member who has the floor must yield to permit the Senate to receive messages from the Governor and from the House of Representatives and shall not lose the floor. A member who has the floor may yield for questions from other members and shall not lose the floor. In the event a member is interrupted because of a motion to adjourn or recess and the motion fails, the floor shall be immediately returned to the interrupted member. In the event the interrupted member was speaking under the previous question and a motion to adjourn or recess prevails, the member shall resume the floor and finish speaking when the bill is next considered by the Senate.

**RULE 4.03**

## Editorial Notes

It is the custom of the President to request a member to yield for a message.

Although there is no Senate rule by which a member can be taken from the floor for pursuing "dilatory tactics" (40 S.J. Reg. 882 (1927)), a Senator who has been repeatedly called to order for not confining his debate to the question before the Senate may be required by the Senate to discontinue his address.

A point of order against further debate of a question by a Senator on the ground that his remarks are not germane to the question before the Senate is often disposed of by the chair with a warning to the Senator who has the floor to confine his remarks to the pending question.

When speaking, a member must confine himself to the subject under debate. In discussing an amendment, the debate must be confined to the amendment and not include the general merits of the bill or other proposition.

The point of order having been raised for the third time that a Senator who had the floor was filibustering and not confining his remarks to the bill before the Senate, the chair requested the Senate to vote on the point of order. It was sustained and the Senator speaking yielded the floor (44 S.J. Reg. 1780 (1935)).

The withdrawal of a pending motion by its maker is a privilege that may be exercised at any time, even while a member is addressing the Senate (46 S.J. Reg. 1931, 2112-2113 (1939); 50 S.J. Reg. 1237 (1947)).

For an instance when the chair delayed the vote on a motion to put the previous question, see 38 S.J. Reg. 1169 (1923).

## Notes of Rulings

By raising a point of order, the speaker loses his right to resume speaking if the previous question has been ordered (42 S.J. Reg. 1683 (1931)).

The motion for the previous question may be made at any time, even when another member has the floor (42 S.J. 2 C.S. 236 (1931)).

A member may not take the floor on a point of personal privilege while another member is addressing the Senate (43 S.J. Reg. 1430 (1933)).

A parliamentary inquiry is a privileged matter (43 S.J. Reg. 1430 (1933)).

A speaker yielding the floor for the reception of a message from the House does not lose his right to resume the floor immediately after message received (46 S.J. Reg. 1873 (1939)).

Remarks not in the nature of an inquiry are not in order by a member to whom a Senator has yielded for a question (48 S.J. Reg. 519 (1943)).

A digression by a Senator in his speech on a pending amendment to another subject does not ban his resuming and continuing a germane discussion of the amendment (50 S.J. Reg. 417 (1947)).

A second digression by a Senator on the floor from a discussion of the pending amendment does not necessarily prevent his resuming and continuing a germane discussion of the amendment (50 S.J. Reg. 418 (1947)).

Raising of a third point of order against further debate by a Senator on the floor who has digressed for a third time from a discussion of the pending amendment, after having been twice requested to confine his debate to the amendment, justifies the presiding officer in calling for a vote by the Senate on the question of whether or not he shall be permitted to resume and continue his remarks (50 S.J. Reg. 418 (1947)).

A Senator addressing the Senate may not yield the floor temporarily except by unanimous consent to allow an address by another Senator on a point of personal privilege (50 S.J. Reg. 483 (1947)).

When a member has been recognized and is speaking on a bill or resolution, he may make a parliamentary inquiry but not raise a point of order without yielding the floor (61 S.J. Reg. 1057 (1969); 67 S.J. Reg. 1483-1484 (1981)).

A member speaking on a bill or resolution must confine his remarks to the subject of the bill or resolution (61 S.J. Reg. 1517 (1969)).

When a member has been recognized and is speaking on an amendment to a bill or resolution, he must confine his remarks to the subject of the amendment pending before the Senate (61 S.J. Reg. 856-857 (1969)).

When a member has been recognized and is speaking on a bill or resolution, he must confine his remarks to the subject of the bill and speak audibly (62 S.J. Reg. 778 (1971)).

No rule of the Senate prohibits repetitious remarks by a Senator if the remarks are germane to the matter under consideration (73 S.J. Reg. 3920 (1993)).

RULE 4.04

## RECOGNITION OF MEMBERS IN DEBATE

**Rule 4.04.** When two or more members rise at once, the presiding officer shall decide which one shall speak first, but from the presiding officer's decision an appeal without debate may be taken to the Senate by any member.

### Editorial Note

When a bill or other measure is before the Senate, the President first recognizes, for motions for its disposition, the author or sponsor of the bill, who is entitled at all stages to prior recognition for motions that are in order which are intended to expedite the passage of the bill. In recognition for general debate, the President alternates between those favoring and those opposing a measure.

### Note of Ruling

If the sponsor of a bill does not seek recognition to debate the question of its passage and another member obtains the floor to debate it, the member so obtaining the floor should be permitted to finish his remarks on the bill before the sponsor is allowed to discuss it (46 S.J. Reg. 1869 (1939)).

## SPEAKING MORE THAN ONCE IN SINGLE DEBATE

**Rule 4.05.** No member shall speak more than once in any one debate until every member desiring to do so shall have spoken and no member shall speak more than twice in any one debate without leave of the Senate.

### Note of Ruling

A Senator who yields the floor for an unsuccessful motion to adjourn without having concluded his address does not have to await the debate of all other Senators desiring to be heard on the question being considered before being recognized to resume and conclude his address (51 S.J. Reg. 181 (1949)).

## MEMBER CALLED TO ORDER

**Rule 4.06.** When a member shall be called to order by the President or by a Senator, the member shall sit down and not be allowed to speak, except to the point of order, until the question of order is decided. If the decision be in the member's favor, the member shall be at liberty to proceed; if otherwise, the member shall not proceed without leave of the Senate.

### Editorial Note

In 1925, Senator Fairchild obtained the floor to discuss a point of order which he had raised. Pending his remarks, Senator Wood raised the point of order that Senator Fairchild was not discussing the point of order but another matter. Lieutenant Governor Barry Miller sustained the point of order and submitted to the Senate the question of whether or not Senator Fairchild would be permitted to continue his discussion. The Senate refused to permit Senator Fairchild to continue the discussion by a vote of yeas 15, nays 16 (39 S.J. Reg. 1110 (1925)).

## REFUSAL OF MEMBER CALLED TO ORDER TO BE SEATED

**Rule 4.07.**  Whenever a member is called to order by the President of the Senate or by the presiding officer then in the chair in accordance with Rule 4.06 and such member fails to sit down and be in order but continues disorderly, it shall be the duty of the Sergeant-at-Arms and/or the Sergeant's assistants upon the direction of the presiding officer to require such recalcitrant member to take his or her seat and be in order. Any member who persists in disorderly conduct after being warned by the presiding officer may, by motion duly made and carried by two-thirds vote of the members present, be required to purge himself or herself of such misconduct. Until such member has purged himself or herself of such misconduct, the member shall not be entitled to the privileges of the floor.

## REMOVAL OF SENATOR FROM CHAIR

**Rule 4.08.**  If any Senator, other than the regularly elected President Pro Tempore, be presiding and fails or refuses to recognize any Senator to make a motion that is in order or raise a point of order that it is in order to raise, to entertain an appeal from his or her decision, to put such question to the Senate, to recognize any Senator to demand that a point of order under discussion be immediately decided, or to put the question, if seconded by 10 Senators, "Shall the point of order be now decided?" such Senator so offending shall be deemed guilty of violating the high privileges of the Senate. Until such offending Senator shall purge himself or herself of such contempt and be excused by the Senate, the member shall not again be called to the chair during the session. If such Senator so presiding shall refuse to recognize any Senator when addressed in proper order or to entertain the motion, the point of order, or appeal of any Senator or to pass upon the same or to recognize a Senator to make the demand when seconded by 10 Senators that a point of order under discussion be immediately decided, then the Senator seeking recognition may rise in his or her seat and without recognition read a written demand upon the Senator presiding, provided the same is signed by a majority of the Senators present, and if the

**RULE 4.09**

Senator presiding persists in refusal, then any number of Senators constituting a majority of the Senators present may present such written demand to the Sergeant-at-Arms or an Assistant Sergeant-at-Arms, and such written demand shall be a full and sufficient warrant for arrest, empowering such officer or assistant to arrest the Senator so presiding, eject him or her from the chair, and retain him or her under arrest until released by order of the Senate.

Should the Sergeant-at-Arms or the Assistant Sergeants-at-Arms fail or refuse to act and carry out such demand, they shall be removed from office on a majority vote of the Senate.

When such Senator is removed as aforesaid and the chair remains vacant, the Secretary shall call the Senate to order, and a President Pro Tempore ad interim shall be elected to preside until the Lieutenant Governor or a regularly elected President Pro Tempore shall appear and take the gavel.

As soon as order is restored, the chair shall cause a record of the fact of removal to be made.

### Editorial Note

This rule is one of several first adopted in 1911 to prevent the Lieutenant Governor or any Senator occupying the chair temporarily and the Senators opposing a measure from killing it by dilatory tactics.

## PUNISHMENT FOR MISCONDUCT

**Rule 4.09.** The Senate may punish any member for disorderly conduct and, with the consent of two-thirds of the elected members, may expel a member, but not a second time for the same offense.

## BRIBERY

**Rule 4.10.** Any member who shall receive or offer a bribe or who shall suffer his or her vote to be influenced by promise or preferment of reward shall on conviction be expelled. (Also see Section 36.02, Texas Penal Code.)

## ARTICLE V
## SENATE PROCEDURAL RULES
## (ORDER OF BUSINESS)

### PRESIDING OFFICER TO ASSUME CHAIR

**Rule 5.01.** The presiding officer shall take the chair at the hour to which the Senate last adjourned.

## QUORUM

**Rule 5.02.** Two-thirds of all the Senators elected shall constitute a quorum, but a smaller number may adjourn or recess from day to day and compel the attendance of absent members (Constitution, Article III, Section 10). In case a less number shall convene, the members present may send the Sergeant-at-Arms or any other person or persons for any or all absent members.

### Editorial Note

The exact text of Section 10 of Article III of the State Constitution is as follows:

"Two-thirds of each House shall constitute a quorum to do business, but a smaller number may adjourn from day to day, and compel the attendance of absent members, in such manner and under such penalties as each House may provide."

### Notes of Rulings

Twenty members of the Senate constitute a quorum when only 30 members have qualified (35 S.J. 2 C.S. 23, 32 (1917)).

The attendance of absentees may be enforced only on order of Senators present (48 S.J. Reg. 355 (1943)).

The attendance of absentees may be enforced although a quorum is present (48 S.J. Reg. 508 (1943)).

A point of order that no quorum is present does not deter continued transaction of business by Senate if in fact a quorum is known by the presiding officer to be present and he so announces (50 S.J. Reg. 417 (1947)).

The raising of a point of order that no quorum is present justifies an order by the presiding officer that the roll be called to ascertain the presence or absence of a quorum (50 S.J. Reg. 417 (1947)).

Under Senate Rule No. 5.02 . . . a motion to recess (or adjourn) until a later time on the same day is a proper motion (61 S.J. Reg. 945 (1969)).

A quorum of the Senate is present when 21 members answer the roll call (61 S.J. Reg. 954 (1969)).

There is a quorum of the Senate present when the last roll call taken by the Secretary shows that a quorum was present (61 S.J. Reg. 1926 (1969); 66 S.J. Reg. 514, 664 (1979); 67 S.J. Reg. 1483 (1981)).

**RULE 5.03**

## ABSENCES

**Rule 5.03.** No member shall absent himself or herself from the sessions of the Senate without leave unless the member be sick or unable to attend.

### Editorial Note

Rule 16.06, Subdivision (7), provides that a vote of two-thirds of the members present shall be required "to excuse absentees." The main effect of granting leave to an absent member is that he is recorded "absent-excused" on all votes taken instead of "absent."

## CALL OF THE SENATE

**Rule 5.04.** It shall be in order to move a call of the Senate at any time to secure, to maintain, or to secure and maintain a quorum for the following purposes:

(1) for the consideration of a specific bill, resolution, or other measure;

(2) for a definite period of time or for the consideration of any particular class of bills.

When a call of the Senate is moved for one of the above purposes and seconded by five members and ordered by a majority of those present, the Doorkeeper shall close the main entrance to the floor of the Senate. All other doors leading from the floor of the Senate shall be locked and no member shall be permitted to leave the Senate without written permission of the presiding officer until after the subject matter upon which the call was ordered has been disposed of. The Secretary shall call the roll of members and note the absentees. Those for whom no sufficient excuse is made, by order of the majority of those present, may be sent for and arrested wherever they may be found and their attendance secured and retained by the Sergeant-at-Arms or officers appointed by the Sergeant for that purpose. The Senate shall determine upon what conditions they shall be discharged. Members who voluntarily appear shall, unless the Senate otherwise directs, be immediately admitted to the floor of the Senate, and they shall report their names to the Secretary to be entered upon the journal as present. Until a quorum appears, should the roll call fail to show one present, no business shall be done except to compel the attendance of absent members or to adjourn.

When a quorum is shown to be present, the Senate may proceed with the matters upon which the call was ordered or may enforce and await the attendance of as many of the absentees as it desires to have present. If the Senate decides to proceed, the Sergeant-at-Arms shall not be required to bring in other absentees unless so ordered by a majority vote of the Senate.

## Editorial Notes

After a call has been ordered and a quorum has been announced present, it is then proper for the Senate to resume the transaction of business, or, on the adoption of a motion to do so, to secure the attendance of one or more of the members still absent before resuming consideration of any business.

It is, no doubt, within the province of the Senate to adopt a rule authorizing the presiding officer of the Senate during a call of the Senate to issue to any absentee a written demand that the absentee attend the Senate's session and giving to the Sergeant-at-Arms or his deputies authority to serve and to enforce the demand by whatever means necessary.

## Notes of Rulings

The disclosure of the presence of a quorum during a call to secure and maintain a quorum does not automatically dissolve the call (32 S.J. Reg. 1274 (1911)).

A motion for a call of the Senate may not include a further provision to grant leaves of absence to certain members (43 S.J. Reg. 1654 (1933)).

A call of the Senate may not be ordered to maintain a quorum "until the final disposition" of a particular bill unless that bill is "pending before the Senate" (44 S.J. 1 C.S. 262 (1935)).

When under a call, the Senate may compel and await the attendance of all or any number of the absentees before proceeding to transaction of business (48 S.J. Reg. 355, 508 (1943)).

A roll call, following a point of "no quorum," which reveals the absence of a quorum, prevents further consideration of a bill that is being considered on passage to third reading until a quorum is present and permits a motion to be made that a call of the Senate be ordered for the purpose of securing and maintaining a quorum until the disposition of the bill  (50 S.J. Reg. 1137, 1181 (1947)).

A motion for a call of the Senate is not debatable (61 S.J. Reg. 1759 (1969)).

## ROLL CALL

**Rule 5.05.**  Upon every roll call the names of the members shall be called alphabetically by surname, except when two or more have the same surname, in which case the name of the county shall be added.

**RULE 5.06**

## PRAYER BY CHAPLAIN

**Rule 5.06.** When there is a quorum present, prayer shall be offered by the Chaplain or other person designated by the President of the Senate.

## READING OF JOURNAL

**Rule 5.07.** After the prayer, the journal of the preceding day shall be read and corrected, if necessary.

## MORNING CALL

**Rule 5.08.** The President then shall call:

(1) for Senate bills and resolutions and House bills and resolutions on first reading and referral to committee;

(2) for the introduction and consideration of resolutions;

(3) for messages and executive communications;

(4) for motions to print on minority reports;

(5) for other motions not provided herein, including but not limited to motions to set a bill for special order, to reconsider, to print and not print bills, to rerefer bills, to concur in House amendments to Senate bills, to not concur in House amendments to Senate bills, to request the appointment of conference committees, and to adopt conference committee reports.

This concludes the morning call, which the President shall announce to the Senate.

It shall not be in order, during the morning call, to move to take up a bill or resolution out of its regular order, and the presiding officer shall not recognize any Senator for the purpose of making any such motion or making a motion to suspend this rule.

### Editorial Note

A motion to set a bill for a special order may be made under Item (5) of this rule, and motions to reconsider, to print or not print bills, and to re-refer bills may properly be made under Item (5) of the morning call.

## ORDER OF CONSIDERING BILLS AND RESOLUTIONS

**Rule 5.09.** At the conclusion of the morning call, the Senate shall proceed to consider business on the President's table, which shall be disposed of in the following order:

(1)  special orders;

(2)  unfinished business;

(3)  Senate Joint Resolutions;

(4)  Senate Resolutions;

(5)  Senate Concurrent Resolutions;

(6)  Senate bills on third reading;

(7)  Senate bills on second reading;

(8)  House Joint Resolutions;

(9)  House bills on third reading;

(10) House bills on second reading;

(11) House Concurrent Resolutions.

The above order is for Senate bill days, except as modified by any Joint Rules.

### Notes of Rulings

The order of business as set forth above may be changed by a two-thirds vote of the Senate (42 S.J. Reg. 1682 (1931)).

A House bill laid before the Senate as an unfinished special order should be disposed of before any other House bill which has been set for a special order is taken up for consideration (46 S.J. Reg. 1853 (1939)).

A motion to suspend the regular order of business is not in order while other business is pending under a rule suspension (46 S.J. Reg. 1886 (1939)).

The bill next on calendar is not to be passed over, due to author's absence (47 S.J. Reg. 397 (1941)).

A motion to suspend the regular order of business is not a debatable motion (61 S.J. Reg. 1101 (1969)).

## HOUSE BILL DAYS

**Rule 5.10.** On calendar Wednesday and calendar Thursday of each week, House Joint Resolutions and House bills on special order and on third and second readings, respectively, and House Concurrent Resolutions shall be taken up and considered until disposed of; provided in case one should be pending at adjournment on Thursday, it shall go over until the succeeding calendar Wednesday as unfinished business.

### Notes of Rulings

A House bill, by a two-thirds vote, may be taken up and considered by the Senate on any day of the week (46 S.J. Reg. 635-636 (1939)).

When the Senate adjourns on Thursday of any week with a House bill pending, the bill then pending, whether it is a special order or not, may not be further considered until Wednesday of the next succeeding week unless the Senate by a two-thirds vote agrees to consider it further prior to that day (46 S.J. Reg. 1704 (1939)).

House bills may be considered in Senate under a suspension of the regular order of business on days other than calendar Wednesday and calendar Thursday (48 S.J. Reg. 1051 (1943)).

When a member is discussing a Senate bill on calendar Monday or calendar Tuesday (which are considered Senate bill days in the Senate) and 12:01 o'clock a.m. Wednesday arrives (which is considered a House bill day in the Senate), no further discussion may be had on the Senate bill (61 S.J. Reg. 956 (1969)).

Consideration of a Senate bill taken up out of order on a Senate bill day may not be continued when a House bill day arrives (66 S.J. Reg. 1355 (1979)).

A House Concurrent Resolution taken up in its calendar order on a House bill day may not be further considered when a Senate bill day arrives (71 S.J. 1 C.S. 73 (1989)).

When rules have been suspended to permit consideration of a Senate bill on a House bill day, an additional suspension is not required to permit consideration to continue when a Senate bill day arrives (73 S.J. Reg. 1082 (1993)).

## SPECIAL ORDERS

**Rule 5.11.** (a) Any bill, resolution, or other measure may on any day be made a special order for a future time of the session by an affirmative vote of two-thirds of the members present.

(b) A special order shall be considered at the time for which it is set and considered from day to day until disposed of, unless at the time so fixed there is pending business under a special order, but such pending business may be suspended by a two-thirds vote of all the members present. If a special order is not reached or considered at the time fixed, it shall not lose its place as a special order. All special orders shall be subject to any Joint Rules and Rule 5.10.

(c) Upon the affirmative vote of four-fifths of the members present, a special order may be reset to an earlier time than previously scheduled.

### Editorial Notes

A bill once set as a special order does not lose its place on the calendar of special orders if not taken up at the hour for which it is set.

A special order, the hour for the consideration of which has arrived, takes precedence of the unfinished business unless the unfinished business is itself a special order.

### Notes of Rulings

A bill being considered as a special order that is laid on the table subject to call is no longer a special order (43 S.J. Reg. 980 (1933)).

Refusal of Senate to set bill as special order for a certain hour does not prevent a motion's being made and adopted immediately thereafter to set the bill as a special order for a different specified hour (45 S.J. Reg. 860 (1937)).

An affirmative vote of two-thirds of all Senators present including those who ask to be recorded as "present-not voting" is required to set a special order (49 S.J. Reg. 427 (1945)).

The motion to set a bill for a special order is not a proper substitute for a motion to suspend the regular order of business and take up a bill for immediate consideration (50 S.J. Reg. 1055 (1947)).

When the business before the Senate is a special order, the order of business may be suspended in order to consider other business (61 S.J. Reg. 2034 (1969)).

RULE 5.12

A motion to set a bill for special order may be made when the Senate is not in morning call (67 S.J. Reg. 1430 (1981)).

When the time set for consideration of a special order arrives, the special order displaces pending business (67 S.J. Reg. 1449 (1981)).

A motion to suspend the regular order of business is not in order when the time set for consideration of a special order has arrived (67 S.J. Reg. 1558 (1981)).

## REGULAR ORDER OF BUSINESS

**Rule 5.12.** (a) Bills and resolutions shall be considered on second reading and shall be listed on the daily calendar of bills and resolutions on the President's table for second reading in the order in which the committee reports on them are received by the Senate. Upon the filing of a committee report on a bill or resolution as provided by Rule 11.12, the Secretary of the Senate shall note the date and time the report was filed. The Journal Clerk shall record the order in which the committee report was received in the Senate Journal for the day on which the Senate next convenes.

(b) Bills and resolutions shall be considered on third reading in the order in which they were passed on second reading.

### Editorial Notes

On the very important matter of the order of considering each of the several bills reported from committees, the rules of the Senate were silent until Senate Rule 5.12 was amended on June 6, 1947, to provide that bills be placed on the calendars of Senate and House bills on the President's table in the order in which the committee reports on the bills are submitted by the respective chairmen from the floor. Bills are listed for consideration on third reading in the order in which they have been passed by the Senate to engrossment or to third reading.

The Senate Agenda is prepared daily and lists the bills in their order of consideration.

### Notes of Rulings

A bill may not be considered by the Senate which has not been reported from a committee (44 S.J. Reg. 713 (1935)).

A report of a committee on a bill may be received only, and the question of its adoption is not voted on by the Senate (42 S.J. 1 C.S. 748 (1931)).

## SUSPENSION OF THE REGULAR ORDER OF BUSINESS

**Rule 5.13.** No bill, joint resolution, or resolution affecting state policy may be considered out of its regular calendar order unless the regular order is suspended by a vote of two-thirds of the members present.

### Notes of Rulings

By suspending the regular order of business, the Senate may take up a bill before the day to which it previously was postponed (67 S.J. Reg. 1057 (1981)).

A motion to suspend the regular order of business is not in order when the time set for consideration of a special order has arrived (67 S.J. Reg. 1558 (1981)).

## INTENT CALENDAR

**Rule 5.14.** (a) During a regular session of the Legislature, any member who desires to suspend the regular order of business and take up a bill, joint resolution, or resolution out of its regular order shall give notice of such intent to the Secretary of the Senate, in a manner specified by the Secretary, not later than 3:00 p.m. on the last preceding calendar day that the Senate was in session. Unless the printing rule has been previously suspended, no bill, joint resolution, or resolution shall be eligible to be placed on the Intent Calendar unless at the time that the notice is given to the Secretary of the Senate the bill, joint resolution, or resolution has been printed and furnished to each member of the Senate. Notice must be given from day to day. No member may give notice on more than three bills or resolutions prior to April 15 or on more than five bills or resolutions on or after April 15. The Senate may not suspend the regular order of business and take up a bill, joint resolution, or resolution until the second day the bill, joint resolution, or resolution has been posted on the Intent Calendar.

(b) The Secretary shall prepare a list of all legislation for which notice has been given. The list must be made available to each member of the Senate and to the press no later than 6:30 p.m. on the day the notice is filed.

(c) No provision of this rule may be suspended except by vote of four-fifths of the members present.

## RULINGS BY PRESIDENT

**Rule 5.15.** Every question of order shall in the first instance be decided by the President, from whose decision any member may appeal to the Senate. Rulings which set or alter precedent shall be printed as an annotation to the rules.

### Editorial Notes

A member called to the chair pending an appeal does not entertain any motions nor accept any further point of order.

The President of the Senate may refuse to rule on a point of order relating to the constitutionality of the substance of a proposition or on one that does not relate to any question of procedure or practice.

For an instance of when the chair refused to sustain a point of order challenging compliance with a constitutionally required procedure because the Constitution, laws, rules of the Senate, and official records of the Senate did not provide a basis on which to determine compliance, see 74 S.J. Reg. 2458-2461 (1995).

For an instance of when the chair submitted a point of order directly to the Senate for its determination, see 71 S.J. 2 C.S. 554 (1989).

### Notes of Ruling

The constitutionality of a bill or resolution should not be ruled on by the presiding officer of the Senate (61 S.J. Reg. 2034 (1969)).

For an instance of when the chair refused to rule on whether a bill authorizes suspension of laws in violation of the Constitution, see 68 S.J. Reg. 835 (1983).

## ARTICLE VI
## MOTIONS

### MOTIONS AND THEIR PRECEDENCE

**Rule 6.01.** (a) When a question is under consideration by the Senate, no motion shall be made except:

    (1)   to fix the day to which the Senate shall adjourn or recess;

    (2)   to adjourn or recess;

    (3)   to proceed to the transaction of executive business;

    (4)   the previous question;

    (5)   to lay on the table;

    (6)   to lay on the table subject to call;

(7)  to postpone to a time certain;

(8)  to commit;

(9)  to amend;

(10) to postpone indefinitely.

These several motions have precedence in the order named.  It shall be in order to make any number of the above motions before any vote is taken, but the votes shall be taken on all such motions made in the order of the precedence above stated.

(b)  Upon compliance with pertinent Senate Rules, motions addressing House amendments to Senate bills, resolutions suspending the constitutional limitation on spending, resolutions suspending conference committee limitations, appointment of conference committees, and conference committee reports are privileged and may be taken up at any time when no other matter is pending before the Senate.

### Editorial Notes

Rule 6.01 apparently prevents a motion to suspend a pending question for the purpose of taking up another, but the Senate's presiding officers have recently interpreted Item (12) of Rule 16.06 to mean that any rule of the Senate may be amended, suspended, or rescinded by a two-thirds vote at any time and that a motion to suspend Rule 6.01 and any other interfering rule in order to take up for immediate consideration a question different from the one pending is in order.  However, an undebatable privileged question that is pending or a question that is itself under consideration as the result of a rule suspension should be disposed of by the Senate before another question is taken up under a suspension of the rules.  No rule suspension, of course, is in order during the morning call.

There are several kinds of motions to amend, which motions have precedence in the order named below:

1.  Committee amendments and amendments by the author or Senator in charge of the bill offered from the floor to the body of the bill.

2.  Other amendments offered from the floor to the body of the bill.

3.  Amendments to the caption of the bill.

4.  Amendments to strike out the enacting clause of a bill.

**RULE 6.01**

If a bill is considered section by section, an amendment is not in order except to the section under consideration. After all of the sections have been considered separately, the whole bill is open for amendment.

## Notes of Rulings

### Adjourn

(See also Rules 6.21 and 6.22.)

After a motion to adjourn has been made no business may precede a vote on the motion except by unanimous consent (43 S.J. Reg. 906 (1933)).

### Table

A motion to table report of conference committee is not in order (47 S.J. Reg. 1128 (1941)).

### Table Subject to Call

A motion to table a bill subject to call is not a proper substitute motion for a motion to set a bill as special order (45 S.J. Reg. 1426 (1937)).

A motion to call from the table a bill tabled subject to call is not in order while joint resolution on passage to third reading is pending (49 S.J. Reg. 820 (1945)).

The motion to table subject to call is not debatable (51 S.J. Reg. 1336 (1949)).

### Postpone

When the hour to which a bill postponed to a time certain arrives, the postponed measure does not immediately displace a special order (or other matter) already under consideration by the Senate (45 S.J. Reg. 1854 (1937)).

### Commit

A motion to recommit a bill permits discussion of the merits of the bill (42 S.J. Reg. 496 (1931)).

### Amend

[For rulings relating to germaneness of amendments, see under Rule 7.15.]

An amendment directly contrary to and including the same subject matter as an amendment previously adopted is not in order (42 S.J. Reg. 242 (1931)).

An amendment defeated at a particular stage of a bill may not be again submitted at the same stage of the bill (42 S.J. 1 C.S. 647 (1931)).

Amendment having the same effect as an amendment which has been defeated is not in order (42 S.J. 2 C.S. 95 (1931)).

A single substitute for both an amendment and an amendment to an amendment is in order (43 S.J. Reg. 1367 (1933); 44 S.J. 2 C.S. 24 (1935)).

An amendment that has been tabled may not be offered again at the same stage of the bill (44 S.J. Reg. 156 (1935)).

A substitute for a substitute is not in order (44 S.J. Reg. 613 (1935)).

Matter identical with that stricken from a bill by amendment may not be re-inserted at the same stage by further amendment (44 S.J. Reg. 867 (1935)).

An amendment accomplishing same result as defeated amendment but different in text and inserted in bill at different place is in order (45 S.J. Reg. 622 (1937)).

An amendment containing only one of several provisions contained in a defeated amendment is in order (45 S.J. Reg. 1348 (1937)).

An amendment, defeated at one stage of a bill, is again in order when the bill has reached another stage (45 S.J. Reg. 1642 (1937)).

An amendment changing only load limit in bill relating to weight of trucks is a proper substitute for amendment striking out all after enacting clause and inserting new text (47 S.J. Reg. 475 (1941)).

An amendment inserted in a bill by an amendment is not subject to change at same stage of bill (48 S.J. Reg. 841 (1943)).

A substitute for an amendment is not in order if the substitute relates to a different subject matter (49 S.J. Reg. 436 (1945)).

An amendment to a joint resolution, defeated when the resolution is on passage to engrossment, may be offered again when resolution is on final passage (49 S.J. Reg. 444 (1945)).

A point of order that a line and word reference in a proposed amendment is incorrect does not deter consideration of the amendment containing the reference (50 S.J. Reg. 422 (1947)).

**RULE 6.02**

An amendment making it mandatory that the salaries of certain county officers be raised is not in order, after the adoption (at the same stage of the bill) of an amendment that makes the raising of those salaries permissive instead of mandatory (50 S.J. Reg. 826 (1947)).

An amendment that has been tabled may not be again considered at the same stage of the bill, even though it is resubmitted as only one of two distinct propositions in another amendment (51 S.J. Reg. 183 (1949)).

An amendment substantially different in any particular from one defeated would not be out of order because of its similarity to the defeated amendment (51 S.J. Reg. 628 (1949)).

An amendment that does not indicate the portion of a bill it seeks to change is not in order (51 S.J. 1 C.S. 95 (1950)).

## LIMITATION OF DEBATE ON MOTIONS

**Rule 6.02.** No debate shall be allowed on a motion to lay on the table, for the previous question, or to adjourn or recess; provided, however, that the author of a measure or whichever one of the several authors of the same may be by them selected so to do shall have the right, when a motion to lay on the table shall have been made, to close the debate, which privilege the member may yield to any other Senator subject to all of the Rules of the Senate.

### Editorial Note

If the member having the right to close after a motion to table yields his right to another Senator, he is not permitted himself to debate the question any further.

### Notes of Rulings

The substance of a bill may be stated under a motion to suspend the order of business to take up for consideration (35 S.J. Reg. 1149 (1917)).

The motion to reconsider is debatable unless the proposition upon which the motion to reconsider is made is not debatable (44 S.J. Reg. 368-369 (1935)).

The motion to table subject to call is not debatable (46 S.J. Reg. 479 (1939)).

A resolution to fix date of sine die adjournment is debatable (47 S.J. Reg. 1902 (1941)).

When an amendment to a bill is pending, all debate must relate to the amendment (49 S.J. Reg. 1019 (1945)).

The motion to suspend the regular order of business is not debatable, but a limited explanation of the bill to which any such motion applies is permitted  (50 S.J. Reg. 1349 (1947)).

The author of a bill who has moved to suspend a rule so that the bill might be introduced may explain it briefly  (51 S.J. Reg. 502 (1949)).

A motion for a Call of the Senate is not debatable (61 S.J. Reg. 1759 (1969)).

A congratulatory resolution when offered is not debatable and therefore may be considered immediately or referred to a committee by the presiding officer (61 S.J. 1 C.S. 124 (1969)).

No debate is allowed on the motion to table (67 S.J. Reg. 1483 (1981)).

A motion to suspend the three-day rule is not debatable (68 S.J. Reg. 1922 (1983)).

## WRITTEN MOTIONS

**Rule 6.03.**  All motions shall be reduced to writing and read by the Secretary, if desired by the presiding officer or any Senator present.

### Note of Ruling

After the commencement of a roll call on the question of agreeing to a motion to suspend the regular order of business, a Senator may not interrupt the roll call to demand that the motion be submitted in writing and may not then insist as a matter of right that the motion be reduced to writing  (50 S.J. Reg. 602 (1947)).

## WITHDRAWAL OF MOTION

**Rule 6.04.**  After a motion has been stated by the President or read by the Secretary, it shall be deemed to be in possession of the Senate, but it may be withdrawn at any time before it has been amended or decided.

### Note of Ruling

An amendment may be withdrawn by its author at any time before it has been voted on, even when a Senator is debating it; and its withdrawal cuts off immediately any further discussion of it  (50 S.J. Reg. 1237 (1947)).

**RULE 6.05**

## MOTIONS TO FIX SUM OR STATE TIME

**Rule 6.05.** On a motion to fix a sum or state a time, the largest sum and the longest time shall have precedence.

## DIVISION OF QUESTION

**Rule 6.06.** Any member may have the question before the Senate divided, if it be susceptible of a division, into distinct questions. On a motion to strike out and insert, it shall not be in order to move for a division of the question, and the rejection of a motion to strike out and insert one proposition shall not prevent a motion to strike out and insert a different proposition or prevent a subsequent motion simply to strike out. The rejection of a motion simply to strike out shall not prevent a subsequent motion to strike out and insert.

### Note of Ruling

A motion that Senate Rule 5.09 and the regular order of business be suspended and a certain general bill be laid out is not susceptible of division if Senate Rule 5.09, which relates to the order of business, is the only Senate rule banning the laying out of the bill and its immediate consideration by the Senate (50 S.J. Reg. 1239 (1947)).

## MOTION TO TABLE

**Rule 6.07.** A motion to table shall only affect the matter to which it is directed, and a motion to table an amendment shall never have the effect of tabling the entire measure.

## MOTIONS TO REFER OR COMMIT

**Rule 6.08.** Any bill, petition, or resolution may be referred from one committee or subcommittee to another committee or subcommittee if the motion is approved by the chairs of both committees involved and by a two-thirds vote of the members present and voting. Any bill, petition, or resolution may be committed to any committee or subcommittee at any stage of the proceedings on such bill, petition, or resolution by a majority vote of the elected members of the Senate. A bill or joint resolution committed to a committee or subcommittee while on third reading shall be considered as on its second reading if reported favorably back to the Senate.

When several motions shall be made for reference of a subject to a committee, they shall have preference in the following order:

First: To a Committee of the Whole Senate

Second: To a standing committee

Third: To a standing subcommittee

Fourth: To a special committee.

## PREVIOUS QUESTION

**Rule 6.09.** Pending the consideration of any question before the Senate, any Senator may call for the previous question, and if seconded by five Senators, the presiding officer shall submit the question: "Shall the main question be now put?" If a majority of the members present and voting are in favor of it, the main question shall be ordered, the effect of which shall be to cut off all further amendments and debate and bring the Senate to a direct vote—first upon pending amendments and motions, if there be any, then upon the main proposition. The previous question may be ordered on any pending amendment or motion before the Senate as a separate proposition and be decided by a vote upon said amendment or motion.

### Editorial Notes

After the previous question has been ordered, no motions are in order until the question or questions on which it is ordered have been voted upon, except the motions to adjourn, for a call of the Senate and to reconsider the vote by which the previous question was ordered, and the motion to reconsider can be made only once.

It has also been held that a motion may be withdrawn after the previous question has been ordered on it. (See 46 S.J. Reg. 2112-2113 (1939); 50 S.J. Reg. 1237 (1947).)

### Notes of Rulings

The previous question may not be ordered on final passage of bill prior to its being placed on third reading (35 S.J. Reg. 1063 (1917)).

When the main question has been ordered but not voted on, a member is not entitled to speak on a question of personal privilege (42 S.J. Reg. 1203; 42 S.J. 1 C.S. 675 (1931)).

The previous question may not be moved to include the votes to be taken on a bill or on any subsidiary motions applied to it at a more advanced stage (42 S.J. 1 C.S. 675 (1931)).

It is not in order to speak to a question of personal privilege after the previous question has been ordered (43 S.J. Reg. 691 (1933)).

A motion may be made (even by a Senator not voting on the prevailing side) to rescind the "action and vote of the Senate" in ordering the previous question (45 S.J. Reg. 432 (1937)). (A vote of two-thirds of all members present is required to suspend, rescind, or amend any rule of the Senate.)

The vote by which the main question is ordered on series of questions may be reconsidered after vote has been taken on one or more of the questions (45 S.J. 2 C.S. 82 (1937)).

The motion for the previous question on a bill may be made and voted on after the previous question has been ordered on a proposed amendment to the bill and before a vote has been taken on the amendment (46 S.J. Reg. 2041 (1939)).

A motion for previous question is not in order immediately after defeat of same motion (47 S.J. Reg. 1743 (1941)).

The constitutional rule (Section 32 of Article III) calling for "free discussion" on a bill does not prevent the making of a motion for the previous question on the passage of a bill or prevent the Senate's ordering the main question on the bill as provided for in its own rule relating to the previous question. The Senate determines by its vote on the motion for the previous question whether or not the constitutional rule has been complied with (50 S.J. Reg. 1174 (1947)).

A motion for the previous question may be put at the same time on a motion to re-refer a bill from one committee to another committee and also a substitute motion that the same bill be referred from the original committee to still another committee (61 S.J. Reg. 1762 (1969)).

## RECONSIDERATION

**Rule 6.10.** (a) After a question shall have been decided, either in the affirmative or negative, any member voting with the prevailing side may, at any time on the same legislative day in which the vote was taken or on the next legislative day, move the reconsideration thereof. If the motion to reconsider is successful, the question shall immediately recur on the question reconsidered.

(b) When a bill, resolution, report, amendment, order, or message upon which a vote was taken shall have gone out of the possession of the Senate and have been delivered to the House of Representatives or to the Governor, the motion to reconsider shall be preceded by a motion to request the House or the Governor to return same, which if determined in the negative shall be

a final disposition of the motion to reconsider. If the motion to request the House or the Governor to return same is successful, the motion to reconsider shall be acted upon after the return of the bill, resolution, report, amendment, order, or message to the possession of the Senate.

### Editorial Notes

If a vote on a Senate bill is reconsidered on House bill day, the bill itself may not be considered in the Senate until the arrival of a Senate bill day.

Under Senate Rule 6.10, recalling is made the first requirement for further considering a bill passed by the Senate and sent to the House. Hence, a motion or resolution to recall the bill is privileged.

A motion to reconsider the vote by which the previous question has been ordered may be made by any Senator voting to order it; and in case the vote is not a "yea and nay" recorded vote, it may be made by any Senator who was present for that vote.

### Notes of Rulings

Reconsideration of a vote recommitting a bill has the immediate effect of placing the bill back to its status before the motion to recommit prevailed (34 S.J. Reg. 250 (1915)).

Reconsideration of vote by which a bill passed to engrossment places the bill back before the Senate just as it was before the vote on its engrossment was taken (37 S.J. Reg. 578 (1921)).

A motion to reconsider a vote may be made on the first day after the vote is taken on which there is a quorum of the Senate present (38 S.J. Reg. 619 (1923)).

Vote on adoption of amendment, adopted on second reading of a bill that is later ordered engrossed, may not be reconsidered until vote on passage of bill to engrossment has been reconsidered (40 S.J. Reg. 388 (1927)).

The motion to reconsider a vote is not debatable when the motion on which the vote was taken is not debatable (40 S.J. Reg. 415 (1927)).

Upon reconsideration of the vote on a House bill, it automatically takes its place on the calendar of House bills on the President's table for consideration by the Senate (42 S.J. Reg. 608 (1931)).

A motion to adopt a conference committee report on joint resolution is in order at any time, and without a reconsideration of a previous adverse vote on the report (44 S.J. Reg. 1812 (1935)).

A motion to reconsider a vote is not debatable if at the time the vote was taken the previous question on the proposition voted on had been ordered (44 S.J. 1 C.S. 219 (1935)).

The motion to reconsider the vote on the passage of a bill must be made on the same day the bill was passed to engrossment or on the next succeeding legislative day (46 S.J. Reg. 1129 (1939)).

A bill may be recalled from the House before motion is made to reconsider vote on its passage (46 S.J. Reg. 1209 (1939)).

The vote by which a conference report has been adopted by the Senate may be reconsidered by the Senate and the bill recalled from the Governor although the bill has been enrolled, signed by the presiding officers of each House, and presented to the Governor (46 S.J. Reg. 1437 (1939)).

Debate of motion to reconsider vote by which main question ordered is not in order (47 S.J. Reg. 2258 (1941)).

A motion to reconsider a vote must be made on the same day the vote is taken or on the next legislative day (49 S.J. Reg. 807 (1945)).

The motion to reconsider a vote may not be made by a member who is not recorded as having voted on the prevailing side if the vote was a "yea and nay" recorded vote (49 S.J. Reg. 1019, 1214 (1945)).

A motion to reconsider the vote by which a motion to table has prevailed may not be made (50 S.J. Reg. 805 (1947)).

A concurrent resolution to recall for further consideration a bill passed by the Senate is in accord with Senate Rule 6.10 and is privileged (51 S.J. 1 C.S. 120 (1950)). (See also Hinds' Precedents, 5, 5669-5671.)

## SPREADING MOTION TO RECONSIDER ON JOURNAL

**Rule 6.11.** At any time before the expiration of the next legislative day following that on which the vote was taken, a motion to reconsider a vote may be made by any Senator who is permitted by Rule 6.10 to make it, and the maker of the motion may accompany it with a request that it be spread on the journal to be called up and acted on at a later time, which request shall be granted unless another Senator demands immediate action thereon.

In case a motion to reconsider that has been spread upon the journal is not called up to be acted on by the Senate within five legislative days after it has been made, it shall not thereafter be called up or acted upon. Any such motion that has been made during the last six days of the session that has not been called up before the final 24 hours of the session shall not thereafter be called up or acted upon by the Senate. In all cases, a motion to reconsider shall be decided by a majority vote.

## DEMAND FOR IMMEDIATE RULING

**Rule 6.12.** Pending the consideration or discussion of any point of order before the presiding officer and the Senate, or either, any Senator may demand that the point of order be immediately decided, and if seconded by 10 Senators, the presiding officer shall submit the question: "Shall the point of order be now decided?" If a majority vote in favor of it, the point of order shall immediately be decided by the presiding officer, and if an appeal from the presiding officer's decision is taken, the appeal shall be immediately decided by the Senate without debate.

### Editorial Note

The President of the Senate is required by the Rules of the Senate to decide questions of order, but he is not required to rule on the constitutionality of the substance or content of any proposed law, resolution, or amendment. He usually decides questions as to the constitutionality of a certain procedure or as to the Senate's constitutional jurisdiction, but he usually submits to the Senate for its decision questions as to the constitutionality of the substances or content of any proposal. (See also Rule 5.15 and notes following it.)

## DISPENSE WITH READING OF PAPERS

**Rule 6.13.** When the reading of a paper is called for and the same is objected to by any member, it shall be determined by a majority vote of the Senate and without debate.

### Notes of Rulings

The Senate may determine whether a Senator who is explaining a bill prior to a vote on a motion to permit its introduction may read the bill in full (51 S.J. Reg. 502 (1949)).

Although the Senate on a previous occasion has ordered the full reading of a certain bill dispensed with, a full reading may be called for when the bill is again before the Senate for consideration and may be dispensed with only on order of the Senate (51 S.J. Reg. 503 (1949)).

**RULE 6.14**

A Senator addressing the Senate on the question of whether or not the Senate shall concur in the House amendments to a bill may read in full a legal opinion relating to the subject matter of the amendments unless the Senate orders its reading discontinued (51 S.J. Reg. 603-604 (1949)).

A second reading of an amendment in full may be dispensed with by order of the Senate (51 S.J. Reg. 625, 628 (1949)).

## MODE OF STATING AND VOTING UPON QUESTIONS

**Rule 6.14.** All questions shall be distinctly put by the President and the members shall signify their assent or dissent by answering "yea" or "nay."

### Note of Ruling

After a roll call has been ordered and before the calling of the roll has commenced, it is not in order for a member to address the Senate (44 S.J. 2 C.S. 83 (1935)).

## CALLS FOR YEAS AND NAYS REQUIRED

**Rule 6.15.** (a) Upon the final passage of all amendments proposed to the Constitution, all bills appropriating money or lands for any purpose, and all questions requiring a vote of two-thirds of the members elected, the presiding officer shall call for the yeas and nays, and they shall be entered in the journal. Upon all other questions requiring a vote of two-thirds of the members present, including a motion to suspend the rules, the presiding officer shall determine if there is objection and, if so, call for the yeas and nays, but they shall not be entered into the journal unless required under Subsection (b) of this rule. If no objection is made, the journal entry shall reflect a unanimous consent vote of the members present without necessity of a roll call of yeas and nays.

(b) At the desire of any three members present, the yeas and nays shall be entered on the journal, and the names of the members present and not voting shall be recorded immediately after those voting in the affirmative and negative, and such members shall be counted in determining the presence of a quorum. (Constitution, Article III, Section 12)

(c) A member must be on the floor of the Senate or in an adjacent room or hallway on the same level as the Senate floor or gallery in order to vote; but a member who is out of the Senate when a record vote is taken and who wishes to be recorded shall be permitted to do so provided:

(1) the member was out of the Senate temporarily, having been recorded earlier as present;

(2) the vote is submitted to the Secretary of the Senate prior to adjournment or recess to another calendar day; and

(3) the recording of the member's vote does not change the result as announced by the chair.

(d) Once begun, a roll call may not be interrupted for any reason.

### Editorial Note

Verification of a "yea and nay" vote is not provided for by any rule, but when a vote is close, it has been the practice for the presiding officer to order a verification when requested by any member to do so.

## MEMBERS REFUSING TO ANSWER
## RECORDED PRESENT

**Rule 6.16.** Upon a roll call of the Senate, should any member who is on the floor of the Senate fail or refuse to answer the call of the roll, the Secretary of the Senate shall, under the direction of the President of the Senate, record such member as present.

## PAIRED VOTES

**Rule 6.17.** If a member who is absent desires to be recorded on a pending question, the member may cast a paired vote by signing a pair slip which indicates the member's "yea" or "nay" vote with a member who is present and casting an opposite vote, if the member who is present so desires. Pair slips must be signed by both the absent and present member and filed with the Secretary of the Senate before the vote. The paired votes of the present and absent members shall be recorded as an expression of opinion on the matter considered but shall not be counted in the total of votes for or against the measure or motion. However, the member present shall be counted to make a quorum.

## LIEUTENANT GOVERNOR TO GIVE
## CASTING VOTE

**Rule 6.18.** If the Senate be equally divided on any question, the Lieutenant Governor, if present, shall give the casting vote. (Constitution, Article IV, Section 16)

**RULE 6.19**

### Editorial Note

A vote on a motion to refer a resolution was yeas 15, nays 15. Lieutenant Governor A. B. Davidson voted "nay" and declared the motion lost. A second vote was taken on a motion to refer to another committee and resulted in a tie. Lieutenant Governor Davidson voted "nay" and declared the motion lost (32 S.J. Reg. 938-939 (1911)).

## EFFECT OF TIE VOTE WHEN LIEUTENANT GOVERNOR ABSENT

**Rule 6.19.** If the Senate is equally divided on any question when the Lieutenant Governor is not present, such question or motion shall be lost.

## VETOED BILLS

**Rule 6.20.** A vote of two-thirds of all members elected to the Senate shall be required for the passage of House bills that have been returned by the Governor with his objections, and a vote of two-thirds of the members of the Senate present shall be required for the passage of Senate bills that have been returned by the Governor with his objections. (Constitution, Article IV, Section 14)

### Editorial Note

A specific case in which the vote of yeas and nays did not pass the bill over the Governor's veto is found at 47 S.J. Reg. 2478 (1941).

## ADJOURNMENT

**Rule 6.21.** A motion to adjourn or recess shall always be in order and shall be decided without debate, and the Senate may adjourn or recess while operating under the previous question.

### Editorial Note

The motion to recess or adjourn is not debatable, and the maker of either motion may not hold the floor to the exclusion of other Senators who might want to move to adjourn or recess to a different hour. After a series of such motions has been made, the motions must be voted on immediately.

### Notes of Rulings

A concurrent resolution containing a provision that "no date for adjournment be fixed until the appropriation bills have been passed and all important measures upon the calendar have been disposed of" was held out of order by Lieutenant Governor

Lynch Davidson, because it sought "to deny the Legislature its constitutional right to adjourn at any time it desires" (37 S.J. Reg. 392 (1921)).

The Legislature may repeal or set aside a resolution setting a future date and hour for sine die adjournment, and a resolution setting a new time for sine die adjournment is in order, and only a majority vote is required to adopt it (42 S.J. Reg. 1656, 1682 (1931)).

The Legislature may repeal or set aside a resolution setting a date for sine die adjournment (42 S.J. Reg. 1656 (1931)).

A resolution setting a new time for sine die adjournment is in order and requires only a majority vote to adopt it (42 S.J. 2 C.S. 189 (1931)).

A motion to adjourn may not be made immediately after the defeat of a series of motions to adjourn and recess (51 S.J. Reg. 577 (1949)).

Under Senate Rule 5.02 which states that "two-thirds of all of the Senators elected shall constitute a quorum but a smaller number may adjourn (or recess) from day to day," a motion to recess (or adjourn) until a later time on the same day is a proper motion (61 S.J. Reg. 945 (1969)).

A motion to adjourn or recess is not a proper motion where further business has not been transacted by the Senate since a previous motion to adjourn or recess had been made and defeated (61 S.J. Reg. 1059 (1969)).

## ADJOURNMENT OF SENATE FOR MORE THAN THREE DAYS

**Rule 6.22.** The Senate shall not adjourn or recess for more than three days or to any other place than that in which it may be sitting, without the concurrence of the House of Representatives.  (Constitution, Article III, Section 17)

### Note of Ruling

An adjournment from Thursday to Monday is not for more than three days, and consent of the House to such an adjournment by the Senate is not needed (49 S.J. Reg. 640 (1945)).

RULE 7.01

## ARTICLE VII
## INTRODUCTION AND PASSAGE OF BILLS

### CUSTODIAN OF BILLS AND RESOLUTIONS

**Rule 7.01.** The Calendar Clerk shall be the official custodian of the bills and resolutions pending in the Senate, and the same may not be withdrawn from the custody of such clerk without the consent of the Senate.

### CAPTION RULE

**Rule 7.02.** Each bill must include a caption beginning with the words "A Bill to be Entitled an Act" to be followed by a brief statement that gives the Legislature and the public reasonable notice of the subject of the proposed measure. (Constitution, Article III, Sections 29 and 35)

#### Note of Ruling

A bill which enacts, amends, or repeals general law may contain an appropriation necessary to accomplish the main object of the bill and does not violate the single-subject limitation of Article III, Section 35, Texas Constitution (71 S.J. 2 C.S. 43-44 (1989)).

### ANNOUNCEMENT OF STAGE OF BILL

**Rule 7.03.** The President shall, at each reading, announce whether the bill originated in the Senate or House of Representatives and whether it be the first, second, or third reading.

### FILING BILLS

**Rule 7.04.** (a) Beginning the first Monday after the general election preceding the next regular legislative session or within 30 days prior to any special session, it shall be in order to prefile with the Secretary of the Senate bills for introduction in that session.

(b) During the session bills may be filed for introduction with the Secretary at any time.

(c) Upon receipt of the bills the Secretary of the Senate shall number them and make them a matter of public record, available for distribution. Once a bill has been filed it may not be recalled.

#### Notes of Rulings

The Senate may not grant by vote or by unanimous consent permission to a member to introduce a bill not within Governor's call (43 S.J. 1 C.S. 24 (1933)).

A point of order, made and sustained at a special session, that a bill (which has been read second time) is not within the Governor's call prevents any further consideration of it at that session (43 S.J. 2 C.S. 27 (1934)).

A bill making an appropriation for the activation of an agency to distribute surplus commodities to state hospitals and special schools and for certain other related purposes is within the call of the Governor for a special session "to make and to finance such appropriations as the Legislature may deem necessary for State hospitals and special schools . . . ." (51 S.J. 1 C.S. 161 (1950)).

## INTRODUCTION AND FIRST READING OF BILLS

**Rule 7.05.** (a) Senate bills shall be considered introduced when first read in the presence of the Senate.

(b) Senate bills filed for introduction, and House bills received by the Senate, shall be read on first reading at the appropriate point in the morning call.

## REFERRAL OF BILLS

**Rule 7.06.** (a) The President shall refer each bill to a proper committee or standing subcommittee and shall cause such referral to be announced when the bill is first read.

(b) No action shall be taken on a bill accepting, rejecting, or amending it until the bill has been reported on by a committee.

### Editorial Notes

This rule clearly forbids tabling a bill that has not been reported from a committee. The practice of tabling a bill not properly before the Senate for consideration is not in accordance with good parliamentary practice, since the practice deprives the sponsors of a fair opportunity of protecting the life of the bill.

Lieutenant Governor Barry Miller declined to refer a bill that had been presented for introduction at a called session, holding that it was not covered by the call of the Governor (41 S.J. 5 C.S. 9, 14 (1930)). (See also Appendix under heading Jurisdiction— Special Sessions.)

### Note of Ruling

A motion to re-refer a bill is in order at any time there is not another question already before the Senate for immediate consideration (51 S.J. Reg. 755-756 (1949)).

## LIMITATIONS ON INTRODUCTION

**Rule 7.07.** (a) A bill may be introduced at any time during the first 60 calendar days of the regular session and may be referred to the proper committee and disposed of under the rules of the Senate.

(b) Except as provided in Rule 7.08, no bill shall be introduced after the first 60 calendar days of the session. This provision may only be suspended by an affirmative vote of four-fifths of the members of the Senate.

(c) It shall not be in order to introduce a local bill as defined by Rule 9.01 unless notice of publication, as provided by law, is attached.

### Note of Ruling

Refusal of the Senate to suspend the foregoing rule to permit the introduction of a bill does not prevent its being offered again for introduction later (43 S.J. Reg. 1656 (1933)).

## CONSIDERATION OF EMERGENCY MATTERS

**Rule 7.08.** At any time during the session, resolutions, emergency appropriations, emergency matters specifically submitted by the Governor in special messages to the Legislature, and local bills (as defined in Rule 9.01) may be filed with the Secretary of the Senate, introduced and referred to the proper committee, and disposed of under the rules of the Senate.

## ANALYSIS OF FISCAL AND OTHER IMPLICATIONS OF BILL OR RESOLUTION

**Rule 7.09.** (a) It is the intent of this rule that all members of the Senate be timely informed to the impact of proposed legislation on the state or other units of government.

### Fiscal Notes

(b) Prior to a final vote by a committee to report any bill or joint resolution, except the general appropriations bill, there shall be attached a fiscal note signed by the director of the Legislative Budget Board.

(c) If a bill or joint resolution is amended by a committee, the committee chair shall obtain an updated fiscal note. The chair may require that the updated fiscal note be distributed to the committee members prior to the final vote to report the measure.

(d) Prior to a motion to concur in House amendments, an updated fiscal note shall be distributed to all members if the director of the Legislative Budget Board determines that a House floor amendment has altered the policy implications of the bill or resolution, except the general appropriations bill.

(e) An updated fiscal note shall be distributed to all members prior to a motion to adopt a conference committee report on any bill or joint resolution, other than the general appropriations bill; provided that an updated fiscal note is not required on a conference committee report if the text of the report is the engrossed text of either the House or Senate version and the report has attached a fiscal note outlining the fiscal implications of that version of the measure.

(f) A fiscal note for a bill or joint resolution which authorizes or requires the expenditure or diversion of any state funds for any purpose shall estimate the fiscal implications and probable cost of the measure each year for the first five years after the implementation of its provisions and state whether there will be a cost involved thereafter. The fiscal note shall include the number of additional employees considered in arriving at the probable cost.

(g) A fiscal note for any bill or joint resolution which imposes, increases, decreases, or repeals any state tax or fee shall estimate the fiscal implications of the measure for the first five years after the implementation of its provisions and state whether there will be fiscal implications thereafter. The committee chair to which the bill or resolution was referred may request the director of the Legislative Budget Board to include with the fiscal note a tax equity note estimating the general effects of the proposal on the distribution of tax and fee burdens among individuals and businesses.

(h) A fiscal note for any bill or joint resolution which has impact on units of local government of the same type or class shall estimate the fiscal implications and probable cost of the measure to the affected unit or units of local government each year for the first five years after the implementation of its provisions and state whether there will be a cost involved thereafter. As used in this rule, "unit of local government" means county, city, town, school district, conservation district, hospital district, or any other political subdivision or special district.

**RULE 7.09**

## Impact Statements

(i) If the director of the Legislative Budget Board determines that a bill or joint resolution proposes to change benefits or participation in benefits of a public retirement system or would otherwise change the financial obligations of a public retirement system, the director shall prepare and forward to the chair of the committee to which the measure is referred an actuarial impact statement; provided that an actuarial impact statement is not required for the general appropriations bill, a measure that would change the financial obligations of a retirement system only by modifying the compensation of members of the system or by modifying the administrative duties of the system, or a measure that would change the financial obligations of a retirement system only by imposing an expense on the system in the same manner that the expense is imposed on other agencies or units of government.

In this rule, "public retirement system" means a continuing, organized program of service retirement, disability retirement, or death benefits for officers or employees of the state or a political subdivision, but does not include a program for which benefits are administered by a life insurance company, a program providing only workers' compensation benefits, or a program administered by the federal government.

An actuarial impact statement shall:

(1) summarize the actuarial analysis that has been prepared for the bill or resolution;

(2) identify and comment on the reasonableness of each actuarial assumption used in that actuarial analysis; and

(3) show the economic effect of the proposed bill or resolution on the public retirement system, including a projection of the actuarial cost or liability imposed by the proposal on the system, the effect of the legislation on the amortization schedule for liabilities of the system, and the estimated dollar change in the unfunded liability of the system.

(j) If the director of the Legislative Budget Board determines that a bill or resolution authorizes or requires a change in the sanctions applicable to: (1) adults convicted of felony crimes, or (2) juveniles who have been adjudicated for a misdemeanor or felony conduct; the director shall prepare and forward to the chair of the committee to which the measure is referred a Criminal Justice Policy Impact Statement. The statement shall estimate the impact of the proposed policy changes on the programs and workload of state corrections agencies and on the demand for resources and services of those agencies. In this section, "sanctions" includes sentences and dispositions, as well as adjustments to sentences and dispositions such as

probation, parole, and mandatory supervision, including changes in policy or statutes related to eligibility, revocation, and good time credits as well as requirements and conditions of probation.

(k)  If the director of the Legislative Budget Board determines that a bill or joint resolution authorizes or requires a change in the public school finance system, the director shall prepare and forward to the chair of the committee to which the measure is referred an Equalized Education Funding Impact Statement.  The statement shall estimate the impact of the proposed policy changes on state equalized funding requirements and policies.

(l)  If the director of the Legislative Budget Board determines that a bill or joint resolution authorizes or requires a change in the classification, mission, or governance structure of an institution of higher education or would establish such an institution, the director shall, after consultation with the Higher Education Coordinating Board, prepare and forward to the chair of the committee to which the measure is referred a Higher Education Impact Statement.  The statement shall estimate the need for the new or expanded institution, including information on geographic access to existing institutions, student demand for the institution and programs, the possible duplication of programs with other institutions in the geographical region, and the long-term costs to the state for the institution, including any facilities construction and maintenance.  If the measure proposes change in the governance of an institution, the statement shall estimate the programmatic and economic impacts of the change to the state and the affected institutions and systems.

(m)  If the director of the Legislative Budget Board determines that a bill or joint resolution expressly or impliedly amends the open records law, the open meetings law, or other law in a manner that may reduce public access to government information or to the transaction of public business, the director shall prepare and forward to the chair of the committee to which the measure is referred an open government impact statement.  The statement shall estimate the impact of the proposed policy changes on public access to government information or to the transaction of public business. The provisions of this subsection do not apply if the author or sponsor certifies in writing to the chairman of the committee to which the bill was referred that the bill does not reduce public access to government information or to the transaction of public business.

(n)  If the director of the Legislative Budget Board has determined that an impact statement is required, pursuant to Subsection (i), (j), (k), (l), or (m) of this rule, for any bill or joint resolution, except the general appropriations bill, the impact statement shall be attached to the measure prior to a final vote by a committee to report the measure.

**RULE 7.09**

(o)  If a bill or joint resolution is amended by a committee other than a conference committee, the committee chair shall obtain an updated impact statement, which shall be attached to the committee report. The chair may require that the updated impact statement be distributed to the committee members prior to the final vote to report the measure.

(p)  The director of the Legislative Budget Board may prepare an updated impact statement to reflect House amendments to a Senate bill or joint resolution or a conference committee report. Such statement shall be forwarded to the Secretary of the Senate, who shall have the impact statement printed and distributed to the members.

### General Provisions

(q)  In preparing a fiscal note or an impact statement, the director of the Legislative Budget Board may use information or data supplied by any person, agency, organization, or governmental unit that the director deems reliable. The director shall state the sources of information or data used and may state the extent to which the director relied on the information or data in preparing the fiscal note or impact statement. If the director is unable to acquire or develop sufficient information to prepare a fiscal note within 15 days after receiving a bill or joint resolution, the director shall prepare the fiscal note stating that fact, and the fiscal note shall be in full compliance with the rules. If the director determines that the fiscal or other implications of a bill or joint resolution cannot be ascertained, the director shall prepare the fiscal note stating that fact, and the fiscal note shall be in full compliance with the rules.

(r)  The director of the Legislative Budget Board shall forward a copy of each fiscal note or impact statement to the author or sponsor of the affected bill or joint resolution.

(s)  All fiscal notes and impact statements shall be signed by the director of the Legislative  Budget Board and shall remain with the measure throughout the entire legislative process, including submission to the Governor.

(t)  For any statement or analysis required by this rule, the Senate Committee on Administration may adopt such necessary forms and procedures as are required to ensure that all members of the Senate are informed as to the impact of proposed legislation on the state or other unit of government. The committee may authorize the director of the Legislative Budget Board to develop the format for fiscal notes and impact statements and submit the suggested forms to the committee for its approval.

## Notes of Rulings

For an instance when the chair refused to go behind a fiscal note to determine whether it was accurate or adequate, see 67 S.J. Reg. 1297 (1981).

Consideration of a bill amended in committee so as to alter its fiscal implications is out of order in the absence of an updated fiscal note (73 S.J. Reg. 2037 (1993)).

## FORMAT OF BILLS AND RESOLUTIONS REPORTED BY COMMITTEES

**Rule 7.10.** (a) A committee may not report a bill or resolution to the Senate unless the bill or resolution complies with Subsection (b) of this rule.

(b) In any section of a bill or joint resolution that proposes to amend an existing statute or constitutional provision, language sought to be deleted must be bracketed and stricken through, and language sought to be added must be underlined. This requirement does not apply to:

(1) an appropriation bill;

(2) a local bill;

(3) a recodification bill;

(4) a redistricting bill;

(5) a section of a bill or joint resolution not purporting to amend an existing statute or constitutional provision;

(6) a section of a bill or joint resolution that revises the entire text of an existing statute or constitutional provision, to the extent that it would confuse rather than clarify to show deletions and additions; and

(7) a section of a bill or joint resolution providing for severability, nonseverability, or repeal of an existing statute or constitutional provision.

(c) The President may overrule a point of order raised as to a violation of Subsection (b) of this rule if the violation is typographical or minor and does not tend to deceive or mislead.

(d) The Senate Enrolling Clerk may make certain technical corrections in bills and resolutions to conform the language to requirements of Subsection (b) of this rule and of the Texas Constitution. This subsection applies to misspelled words, mistakes in citations and internal references, numbering and reprinting errors, bracketing and underlining errors, mistakes in grammar and punctuation, and insufficient captions.

**RULE 7.11**

## COMMITTEE SUBSTITUTE BILLS

**Rule 7.11.** (a) A committee may adopt and report a complete germane committee substitute containing the caption, enacting clause, and text of a bill or resolution in lieu of the original, in which event the complete substitute bill or resolution shall be laid before the Senate and shall be the matter before the Senate for its consideration instead of the original. If the substitute is defeated at any legislative stage, the bill or resolution is considered not passed.

(b) If a point of order is raised and sustained that a committee substitute bill is not germane or contains provisions not germane to the original bill, the bill shall be returned for further consideration to the committee from which it was reported. If the committee desires to hear additional testimony, the bill shall be posted for public hearing according to the rules of the Senate and is subject to Rule 11.19.

## PRINTING OF BILLS

**Rule 7.12.** (a) Every favorable committee report on a general bill made by a Senate committee shall be printed, unless the Senate on the same day it is reported or  on the next legislative day shall order it not printed. Each committee report on a local bill shall be printed, unless the committee making the report recommends that it not be printed, in which case the committee's recommendations shall be effective as an order of the Senate that the report be not printed. A list of all bills on committee report ordered not printed by the Senate or ordered not printed by committee recommendation shall be listed by number, author, and caption and distributed to each member at the close of each day's business. Copies of all committee reports printed shall be furnished to each member of the Senate on the same day the printed copies are delivered by the printer. No bill except local bills and bills ordered not printed by the Senate shall be considered by the Senate until a printed committee report has been available to each member of the Senate for at least 24 hours and is on the desk of each Senator.

(b) Every committee report printing on a bill or resolution shall include:

(1) a copy of the committee report form showing the record vote by which the measure was reported, whether the measure was reported favorably or unfavorably, with amendment or with a substitute;

(2) a copy of the original bill or resolution, unless the committee reports a substitute measure;

(3) a copy of any substitute bill or resolution;

(4) a copy of each amendment adopted to the bill or resolution;

(5) any fiscal note on the bill or resolution, including any updated fiscal note required by Rule 7.09;

(6) any criminal justice impact statement, including any updated statement required by Rule 7.09;

(7) any equalized education funding impact statement, including any updated statement required by Rule 7.09;

(8) any higher education impact statement, including any updated statement required by Rule 7.09;

(9) any actuarial analysis, including any updated analysis required by Rule 7.09;

(10) a bill analysis, including any updated analysis to reflect any change made by amendment or substitute; and

(11) a list of witnesses testifying in favor, against, or on the bill or resolution.

### Editorial Note

The rules governing the printing of bills also apply to the printing of concurrent and joint resolutions.

### Notes of Rulings

Multigraphed copies of a bill are equivalent to printed copies so far as the 24-hour printing rule is concerned (42 S.J. Reg. 55 (1931)).

Setting a bill that has not been printed as a special order permits its consideration at the time for which it is set even though it has not been printed (43 S.J. 2 C.S. 96 (1934)).

A motion to recommit a bill is a proper substitute motion for a motion to not print a bill (55 S.J. Reg. 1546 (1957)).

Consideration of a bill is out of order if a copy is not on the members' desks, even though the Senate, by unanimous consent, has suspended the regular order of business to consider it (68 S.J. Reg. 1512 (1983)).

Suspension of "all necessary rules" to consider a bill out of its regular order suspends the printing rule (70 S.J. 2 C.S. 118 (1987)).

**RULE 7.13**

## SUSPENSION OF RULE LIMITING
## CONSIDERATION OF BILLS

**Rule 7.13.** Except as otherwise provided in Rule 7.08, bills shall not be taken up, considered, or acted upon by the Senate during the first 60 calendar days of the session, unless this rule be suspended by the affirmative vote of four-fifths of the members of the Senate.

### Note of Ruling

A motion to suspend Section 5 of Article III of the Constitution to consider a bill during the first 60 days of a Regular Session requires a vote of four-fifths of the members of the Senate (25) not four-fifths of the members present (59 S.J. Reg. 144 (1965)).

## CONSIDERATION OF HOUSE BILL IN LIEU OF
## SENATE BILL ON SAME SUBJECT

**Rule 7.14.** When any Senate bill shall be reached on the calendar or shall be before the Senate for consideration, it shall be the duty of the President to give the place of such bill on the calendar to any House bill which has been referred to and reported from a committee of the Senate containing the same subject or to lay such House bill before the Senate to be considered in lieu of such Senate bill.

### Editorial Notes

The purpose of this rule is to save the time and labor of the Legislature by disposing of the most advanced legislation first. The House bill is not substituted for the Senate bill, but simply is considered instead of the Senate bill, which is displaced on the calendar by the House bill.

It is not necessary that the bills be identical if generally they cover the same subject and are directed to the same end.

### Note of Ruling

A House bill that has been reported favorably and relates to the same subject as a Senate bill that has been reached on the calendar should be considered by the Senate in lieu of the Senate bill if said House bill is "of the same general tenor" (38 S.J. Reg. 470 (1923)).

## GERMANENESS

**Rule 7.15.**  No motion or proposition on a subject different from that under consideration shall be admitted under color of amendment or as a substitute for the motion or proposition under debate.  (Constitution, Article III, Section 30)

### Notes of Rulings

An amendment that repeals the authority of the highway commission to promulgate speed limits is not germane to a bill that only modifies the effect of a conviction for violating a speed limit promulgated by the commission (65 S.J. Reg. 305 (1977)).

An amendment that authorizes the board of public welfare to employ a security force and commission peace officers is not germane to a bill that only designates county park patrol and security officers as peace officers (65 S.J. Reg. 505 (1977)).

An amendment requiring affiliation with a political party in order to vote in a primary election is not germane to a bill that deals only with voter registration procedures (65 S.J. Reg. 953 (1977)).

An amendment that grants a surface owner of property a prior right of purchase if the mineral interest in the property when property taxes are delinquent is not germane to a bill that prescribes the method of valuation of certain mineral interests for tax purposes (65 S.J. Reg. 1024 (1977)).

An amendment granting general ordinance making authority to counties is not germane to a bill that only authorizes counties to enact ordinances prohibiting nudist colonies (65 S.J. Reg. 1320 (1977)).

An amendment that authorizes insurance reimbursement of the services of an optometrist is not germane to a bill that authorizes such reimbursement for the services of a psychologist (65 S.J. Reg. 1617 (1977)).

An amendment requiring affiliation with a political party in order to vote in a primary election is not germane to a bill consolidating the voter registration and election duties of county clerks and tax assessor-collectors (65 S.J. Reg. 2211 (1977)).

An amendment providing for the expiration of an act relating to tuition grants is not germane to a bill that only modifies eligibility requirements for such a grant (66 S.J. Reg. 435 (1979)).

**RULE 7.15**

An amendment that requires the public utility commission to redetermine electric utility rates and specifies a method for such determination is not germane to a bill that grants the commission exclusive jurisdiction over such rates (66 S.J. Reg. 1132 (1979)).

An amendment authorizing disannexation and municipal incorporation of territory under certain circumstances is not germane to a bill limiting the municipal boundaries of coastal cities (67 S.J. Reg. 1674 (1981)).

An amendment prohibiting certain psychiatric or psychological examinations of students is not germane to a bill that only specifies methods of funding skills tests in public schools (67 S.J. Reg. 1900 (1981)).

An amendment requiring continuation of health insurance coverage of dependents is not germane to a bill that relates to the filing and approval requirements for insurance policies, contracts, and forms (69 S.J. Reg. 1381 (1985)).

An amendment that establishes a state employee grievance procedure is not germane to a bill that establishes a state employee incentive program (69 S.J. Reg. 2127 (1985)).

An amendment to change an election date prescribed in one joint resolution is not germane to a different resolution (70 S.J. Reg. 2436 (1987)).

An amendment to exempt certain corporations from the franchise tax is not germane to a bill that specifies methods for calculating franchise tax liability (70 S.J. Reg. 2486 (1987)).

An amendment granting the banking commissioner regulatory authority over perpetual care cemeteries is not germane to a bill exempting certain nonprofit cemetery associations from capital stock requirements applicable to perpetual care cemeteries (71 S.J. Reg. 2046 (1989)).

An amendment requesting the Congress to propose a constitutional amendment providing for an elected federal judiciary is not germane to a resolution requesting the Congress to propose a constitutional amendment relating to flag desecration (71 S.J. 1 C.S. 240 (1989)).

An amendment providing for a state ethics commission is not germane to a joint resolution relating to compensation of members of the Legislature (71 S.J. 6 C.S. 84 (1990)).

An amendment restricting the county of residence of a parolee is not germane to a bill prohibiting the interstate transfer of parolees convicted of certain offenses (72 S.J. Reg. 1575 (1991)).

An amendment that applies to a class of governmental entities limited by population criteria is not germane to a bill that relates to a class of governmental entities limited by different population criteria (72 S.J. Reg. 1979 (1991)).

An amendment that specifies the salary and benefits of certain deputy sheriffs is not germane to a bill that relates only to the frequency of salary payments of certain county officers (72 S.J. Reg. 2036 (1991)).

An amendment relating to registration requirements and permissible locations of family residential child care facilities is not germane to a bill relating to child care services provided only to state employees (72 S.J. Reg. 2472 (1991)).

An amendment requiring annual registration of motor vehicle repair facilities that generate hazardous waste is not germane to a bill relating to the fees imposed on producers of industrial solid waste and hazardous waste and operators of hazardous waste management facilities (72 S.J. Reg. 2732 (1991)).

An amendment that would prohibit a personal income tax during a period in which a state lottery is authorized is not germane to a joint resolution proposing a constitutional amendment authorizing a state lottery (72 S.J. 1 C.S. 653 (1991)).

An amendment that classifies mountain lions as game animals and specifies conditions under which they may be killed is not germane to a bill that changes the category of animals that are permitted to be killed for bounty (73 S.J. Reg. 915 (1993)).

An amendment which imposes liability on a county for the county's costs of certain enforcement actions is not germane to a bill which specifies powers and duties of a commissioners court (73 S.J. Reg. 2962 (1993)).

An amendment that authorizes maintenance payments to a divorcing spouse who lacks means of self-support is germane to a bill relating to public assistance and programs to assist needy individuals in becoming self-dependent (74 S.J. Reg. 1265 (1995)).

**RULE 7.16**

### AMENDMENTS TO TAX BILLS OR SUNSET BILLS

**Rule 7.16.** No amendment shall be considered to any tax bill or sunset bill on second reading unless the subject matter it entails has been discussed at a Senate committee meeting at which the bill was heard.

#### Editorial Note

If an amendment is challenged under Rule 7.16, the burden of proving compliance with the rule lies with the member offering the amendment.

### MOTION TO PASS A BILL TO SECOND READING IS NOT NECESSARY

**Rule 7.17.** No motion is necessary to pass a bill to its second reading. The main question on the second reading of the bill shall be, if a Senate bill, "Shall this bill be engrossed and passed to a third reading?" and if it be a House bill, "Shall this bill pass to a third reading?"

#### Note of Ruling

A motion to pass to third reading a bill not pending before the Senate is not in order (45 S.J. Reg. 1231 (1937)).

### READING OF BILL ON THREE SEVERAL DAYS

**Rule 7.18.** No bill shall have the force of a law until it has been read on three several days in each House and free discussion allowed thereon; four-fifths of the House in which the bill may be pending may suspend this rule, the yeas and nays being taken on the question of suspension and entered upon the journals. (Constitution, Article III, Section 32)

#### Editorial Notes

"Four-fifths of the Senate" means four-fifths of the members present, provided a quorum is present.

"Four-fifths of the House in which the bill may be pending" has been interpreted repeatedly to mean four-fifths of all of the Senators present, a quorum being present.

#### Notes of Rulings

Only four-fifths of those present are required to suspend constitutional rule requiring bills to be read on three several days (42 S.J. Reg. 253 (1931)).

A motion to suspend the constitutional rule and Senate Rule 7.18 requiring bills to be read on three several days may be made although the same motion has been made and defeated on the same bill on the same legislative day (55 S.J. Reg. 1561 (1957)).

A motion to suspend the constitutional rule and Senate rule requiring bills to be read on three several days may be made although the same motion has been made and defeated on the same legislative day (55 S.J. Reg. 1561 (1957)).

A motion to suspend the three-day rule is not debatable (68 S.J. Reg. 1922 (1983)).

## ADOPTION OF AMENDMENT ON THIRD READING

**Rule 7.19.** No amendment shall be adopted at the third reading of a bill without the consent of two-thirds of the members present.

## LIMITATIONS ON APPROPRIATIONS BILLS

**Rule 7.20.** Unless within the authority of a resolution or resolutions adopted pursuant to Article VIII, Section 22(b), of the Constitution, it is not in order for the Senate to consider for final passage on third reading, on motion to concur in House amendments, or on motion to adopt a conference committee report a bill appropriating funds from the State Treasury in an amount that, when added to amounts previously appropriated by bills finally passed by both Houses and sent to the comptroller or due to be sent to the comptroller, would exceed the limit on appropriations established under Subchapter A, Chapter 316, Government Code.

## HOUSE AMENDMENTS TO SENATE BILLS

**Rule 7.21.** If a Senate bill is returned with House amendments, all House amendments must be printed and a copy furnished to each member at least 24 hours prior to a motion to concur.

### Editorial Note

The Editor has found no instance of a Senate bill being substituted in the House and then coming back to the Senate and taking the course in the Senate of a bill originating in the House.

### Notes of Rulings

A point of order raised by Senator Caldwell against a report of conference committee on the ground that the House amendments to the bill (S.B. 147) constituted a complete substitute bill and should therefore take the course of a newly received House bill in the Senate was overruled (36 S.J. Reg. 1023 (1919)).

Multigraphed copies of a bill are equivalent to printed copies so far as the 24-hour printing rule is concerned (42 S.J. Reg. 55 (1931)).

House amendments to a Senate bill are not required to have been printed and laid on Senators' desks for 24 hours prior to a motion to not concur and request appointment of a conference committee (67 S.J. Reg. 2032 (1981); 71 S.J. Reg. 2558 (1989)).

## DEFEATED BILL

**Rule 7.22.** After a bill has been considered and defeated by either branch of the Legislature, no bill containing the same substance shall be passed into a law during the same session. (Constitution, Article III, Section 34)

### Editorial Note

For an exhaustive ruling by Lieutenant Governor Stevenson on the effect on other bills on the same subject of the defeat of one bill on that subject, see 46 S.J. Reg. 666-671 (1939).

### Notes of Rulings

Defeat of an amendment containing same substance as a bill does not prevent consideration of the bill (35 S.J. Reg. 915 (1917)).

A joint resolution containing same substance as one that fails to pass in the House may be considered and passed by Senate (35 S.J. Reg. 1140-1148 (1917)).

Defeat of a House bill in the House does not necessarily make an amendment having the same effect as the bill out of order in the Senate (42 S.J. Reg. 1565 (1931)).

Consideration of a bill to create a textbook committee is not in order after the House has defeated a bill containing same substance (48 S.J. Reg. 873 (1943)).

## SIGNING OF BILLS AND RESOLUTIONS BY PRESIDING OFFICER

**Rule 7.23.** The President of the Senate or the presiding officer shall, in the presence of the Senate, sign all bills and joint resolutions passed by the Legislature. The titles of all such bills and resolutions shall be publicly read, and the fact of the signing shall be entered on the journal. (Constitution, Article III, Section 38)

## DEADLINE FOR REPORT

**Rule 7.24.** (a)  No bill shall be considered, unless it has been first referred to a committee and reported thereon, and no bill shall be passed which has not been presented and referred to and reported from a committee at least three days before the final adjournment of the Legislature. (Constitution, Article III, Section 37)

(b)  No bill shall be passed which has not been presented and referred to and reported from a Senate committee at least three days before the final adjournment of the Legislature.  It shall require a vote of four-fifths of the members present to suspend this rule.

## LIMITATION ON VOTE

**Rule 7.25.**  No vote shall be taken upon the passage of any bill on its third reading after the 135th calendar day of a regular session, nor for any purpose within the last 24 hours of the session unless it be to correct an error therein.  It shall require a vote of four-fifths of members present to suspend this rule.

### Note of Ruling

The 24-hour rule that prohibits a vote on a bill during the last 24 hours of a session of the Legislature makes further consideration and debate of the bill out of order when the 24th hour before final adjournment has arrived (44 S.J. Reg. 1819 (1935)).

# ARTICLE VIII
# PETITIONS AND RESOLUTIONS

## PROCEDURAL RULES

**Rule 8.01.**  Every resolution that requires the approval of the Governor shall be subject to the rules that govern the proceedings on bills.

### Editorial Notes

Due to the special provision in the Constitution excepting resolutions relating to adjournment and to another special provision making it the duty of each House to adopt its own rules of procedure, concurrent resolutions relating to adjournment, and probably those adopting or suspending joint rules or relating to legislative procedure do not require the approval of the Governor.

Joint resolutions proposing amendments to the State Constitution do not require the Governor's approval.

**RULE 8.02**

### Notes of Rulings

An appropriation cannot be made by resolution (45 S.J. Reg. 570 (1937)).

A resolution attempting to amend a general law is not in order (45 S.J. 1 C.S. 101 (1937)).

## REFERRAL TO COMMITTEE

**Rule 8.02.** Petitions, concurrent and joint resolutions, and resolutions setting or defining legislative or state policy or amending the Senate Rules shall be referred to an appropriate standing committee when introduced and shall not be considered immediately unless the Senate so directs by a two-thirds vote of the members present. The motion to consider such petition or resolution immediately is not debatable.

### Editorial Note

A Senate or a concurrent resolution providing for a rule suspension or the carrying out of a particular procedure authorized by the rules is usually regarded as privileged and is considered when introduced without a vote being taken to consider immediately. (See also note of ruling following Rule 6.10.)

### Notes of Rulings

Senate resolution that reflects on member of House may not be considered by Senate (35 S.J. 3 C.S. 1002 (1917)).

A Senate resolution which does not require the approval of both Houses may be adopted at a special session, although it relates to a subject not submitted by the Governor (41 S.J. 3 C.S. 15 (1929)).

The only changes that can be made in a bill by resolution are corrections of typographical or clerical errors (43 S.J. Reg. 1946 (1933)). A House concurrent resolution which has been referred to a Senate standing committee during a called session, may, under a suspension of rules, be taken up and considered and adopted although no report on it has ever been submitted by the chairman of the committee to which it was referred. (See procedure had on H.C.R. 5, 51 S.J. 1 C.S. 114 (1950)).

A motion to suspend the regular order of business to consider a resolution immediately is not debatable (54 S.J. Reg. 1433 (1955)).

A motion to take up and consider a resolution is not debatable but a limited explanation of the resolution to which the motion applies is permissible (55 S.J. Reg. 1596 (1957)).

A corrective resolution that seeks to correct a wrong section reference in a bill does not change the language or meaning of the bill (61 S.J. Reg. 1873 (1969)).

A congratulatory resolution when offered is not debatable and therefore may be considered immediately or referred to a committee by the presiding officer of the Senate (61 S.J. 1 C.S. 124 (1969)).

A resolution on which Senate rules have been suspended for consideration thereof does not have to be referred to and considered by a committee (62 S.J. 3 C.S. 125 (1972)).

## CONGRATULATORY, MEMORIAL, AND COURTESY RESOLUTIONS

**Rule 8.03.** Congratulatory and memorial petitions and resolutions, after a brief explanation by the author or sponsor, shall be considered immediately without debate unless otherwise ordered by a majority of the members present. Upon request by any member, the presiding officer shall, at an appropriate time during the proceedings, recognize guests of such member in the Senate Chamber or gallery. Any member may request and the Secretary of the Senate shall provide a maximum of five copies of a courtesy recognition certificate for each person or group so recognized by the presiding officer.

### Note of Ruling

A congratulatory resolution when offered is not debatable and therefore may be considered immediately or referred to a committee by the presiding officer of the Senate (61 S.J. 1 C.S. 124 (1969)).

### DEFEATED RESOLUTION

**Rule 8.04.** After a resolution has been considered and defeated by either branch of the Legislature, no resolution containing the same substance shall be passed into a law during the same session. (Constitution, Article III, Section 34)  See note to Rule 7.22.

RULE 9.01

# ARTICLE IX
# LOCAL BILLS

## DEFINITION OF LOCAL BILL

**Rule 9.01.** (a)  Neither the Senate nor a committee of the Senate may consider a local bill unless notice of intention to apply for the passage of the bill was published as provided by law and evidence of the publication was attached to the bill at the time of introduction.

(b)  Except as provided by Subsection (c) of this rule, "local bill" for purposes of this article means:

(1)  a bill for which publication of notice is required under Article XVI, Section 59, of the Texas Constitution (water districts, etc.);

(2)  a bill for which publication of notice is required under Article IX, Section 9, of the Texas Constitution (hospital districts);

(3)  a bill relating to hunting, fishing, or conservation of wildlife resources of a specified locality;

(4)  a bill creating or affecting a county court or statutory court or courts of one or more specified counties or municipalities;

(5)  a bill creating or affecting the juvenile board or boards of a specified county or counties; or

(6)  a bill creating or affecting a road utility district under the authority of Article III, Section 52, of the Texas Constitution.

(c)  A bill is not considered to be a local bill under Subsection (b)(3), (4), or (5) of this rule if it affects a sufficient number of localities, counties, or municipalities so as to be of general application or of statewide importance.

## INTRODUCTION AND CONSIDERATION
## OF LOCAL BILLS

**Rule 9.02.**  The constitutional procedure with reference to the introduction, reference to a committee, and the consideration of bills set forth in Article III, Section 5, of the Texas Constitution, shall not apply to local bills herein defined, and the same may be introduced, referred, reported, and acted upon at any time under the general rules and order of business of the Senate.

## LOCAL AND UNCONTESTED CALENDAR

**Rule 9.03.** (a) At times designated by the Senate, the Senate shall meet in session to consider local and uncontested bills and resolutions listed on a calendar certified by the Administration Committee.

(b) The calendar must be furnished to each member of the Senate no later than noon of the day preceding the session at which the legislation on the calendar is to be considered.

(c) A bill or resolution may not be considered if any two or more members of the Senate object in writing before the bill or resolution is laid out for passage on the local calendar or if an amendment is offered other than from the committee reporting the bill or resolution.

(d) The bills and resolutions shall be considered on second and/or third reading in the order in which they are listed on the calendar, and no motion to suspend the regular order of business is required.

## REFERRAL TO ADMINISTRATION COMMITTEE

**Rule 9.04.** (a) All local and uncontested bills and resolutions shall be referred to the Administration Committee for consideration on the Local and Uncontested Calendar.

(b) Rule 11.09, Quorum of Committee, shall not apply to the Administration Committee when it is meeting for the specific and limited purpose of preparing and certifying the local calendar.

(c) The Chair of the Administration Committee may appoint a subcommittee consisting of not less than three members to prepare and certify the Local and Uncontested Calendar.

(d) The Administration Committee may set a time after which application for placement on the Local and Uncontested Calendar may not be accepted.

## BILLS AND RESOLUTIONS NOT QUALIFIED FOR CONSIDERATION ON THE LOCAL AND UNCONTESTED CALENDAR

**Rule 9.05.** The Administration Committee may not consider a bill or resolution for placement on the Local and Uncontested Calendar unless:

(1) the sponsor of the bill or resolution applies for placement on the Local and Uncontested Calendar and submits sufficient copies of the bill or resolution as determined by the Administration Committee; and

(2) the chair of the committee from which the bill or resolution was reported submits a written request for the placement on the Local and Uncontested Calendar.

RULE 9.06

## BILLS AND RESOLUTIONS PROHIBITED FROM PLACEMENT ON THE LOCAL AND UNCONTESTED CALENDAR

**Rule 9.06.**  The Administration Committee may not place a bill or resolution on the Local and Uncontested Calendar if it:

(1)  creates a new department or subdivision of a department unless the bill or resolution is purely local in nature and does not require the expenditure of state funds; or

(2)  contains an appropriation; or

(3)  is contested.

## SUSPENSION OF LOCAL CALENDAR RULES

**Rule 9.07.**  No provision of the Local Calendar Rules may be suspended except by the unanimous consent of the members present.

# ARTICLE X
# AMENDMENTS TO THE CONSTITUTION

## JOINT RESOLUTIONS SUBJECT TO RULES GOVERNING BILLS

**Rule 10.01.**  Joint resolutions proposing amendments to the Constitution shall be subject to rules that govern the proceedings on bills. They shall, in all cases, be read on three several days.

## VOTES REQUIRED TO AMEND ON THIRD READING AND TO PASS CONSTITUTIONAL AMENDMENTS

**Rule 10.02.**  Amendments on third reading to joint resolutions proposing constitutional amendments shall require an affirmative vote of two-thirds of the members present.  Final passage shall require a vote of two-thirds of the members elected to the Senate.  (Constitution, Article XVII, Section 1)

### Editorial Note

The opinion of Attorney General Cureton, dated May 17, 1913, relative to the validity of an appropriation section in a joint resolution and to the mode and manner of amending the Constitution, holds that Section 1 of Article XVII of the Constitution provides a complete formula for proposal of constitutional amendments and that any rule or resolution attempting to limit, add to, or modify that formula is null and void.

### Note of Ruling

A joint resolution that receives a vote of two-thirds of all the members of the Senate on being read second time is not finally passed by the Senate and must take the full course of a bill (44 S.J. Reg. 670 (1935)).

### FAILURE OF JOINT RESOLUTION TO BE ADOPTED ON THIRD READING

**Rule 10.03.** When a joint resolution has failed adoption on third reading, it shall not be considered again during that session.

## ARTICLE XI
## COMMITTEES

### APPOINTMENT OF COMMITTEES

**Rule 11.01.** All committees and standing subcommittees shall be appointed by the President of the Senate, unless otherwise directed by the Senate.

### LIST OF STANDING COMMITTEES

**Rule 11.02.** At the beginning of each regular session, the President shall appoint the following standing committees with the number of members indicated:

### STANDING COMMITTEES

(1)   Committee on Administration (7 members)

(2)   Committee on Business and Commerce (9 members)

(3)   Committee on Criminal Justice (7 members)

(4)   Committee on Education (9 members)

(5)   Committee on Finance (15 members)

(6)   Committee on Government Organization (7 members)

(7)   Committee on Health and Human Services (9 members)

(8)   Committee on Infrastructure Development and Security (9 members)

(9)   Committee on Intergovernmental Relations (5 members)

(10) Committee on International Relations and Trade (7 members)

(11) Committee on Jurisprudence (7 members)

    (12)  Committee on Natural Resources (11 members)

    (13)  Committee on Nominations (7 members)

    (14)  Committee on State Affairs (9 members)

    (15)  Committee on Veteran Affairs and Military Installations (5 members)

## SPECIAL COMMITTEES

**Rule 11.03.** (a) The President may appoint special committees and may appoint standing subcommittees within committees including subcommittees of the Committee of the Whole Senate. The number of members of these committees and subcommittees shall be determined by the President.

(b) A special committee has the jurisdiction, authority, and duties and exists for the period of time specified in the charge of the President. A special committee has the powers granted by these rules to a standing committee except as limited by the charge of the President.

(c) The President may direct that a subcommittee of the Whole Senate appointed under this rule report directly to the Senate concerning any matter within its jurisdiction.

## CHAIR AND VICE-CHAIR OF STANDING COMMITTEES AND STANDING SUBCOMMITTEES

**Rule 11.04.** The President shall designate the chair and vice-chair of each standing committee and of each standing subcommittee appointed by the President.

## APPOINTMENT OF SUBCOMMITTEES WITHIN A STANDING COMMITTEE

**Rule 11.05.** The chair of a standing committee may appoint subcommittees within a standing committee as the chair deems necessary to accomplish the work of the committee.

## RECOMMENDATIONS OF COMMITTEES

**Rule 11.06.** All reports of standing committees shall be advisory only, except that a recommendation in a report that a bill which is a local bill be not printed shall be effective as an order of the Senate that the bill be not printed. A recommendation in a report that a bill which is a general bill be not printed shall be advisory only, and the bill shall nevertheless be printed unless the Senate on the same day or the next legislative day orders the bill not printed, as provided in Rule 7.12.

### Notes of Ruling

A motion to recommit a bill is a proper substitute motion for a motion to not print a bill (55 S.J. Reg. 1546 (1957)).

A motion to instruct a committee to report a bill favorably within a specified time is not in order (65 S.J. Reg. 959 (1977)).

## RULES GOVERNING COMMITTEE PROCEDURES

**Rule 11.07.** (a)  At its initial meeting each committee and subcommittee shall adopt permanent rules governing its procedures.

(b)  Where applicable the rules of the Senate apply to committee proceedings, and a Senate rule prevails over a conflicting committee rule.

(c)  Committee rules must include but are not limited to provisions governing written records of attendance, lack of a quorum, records of meetings, bill referral, bill setting, order of hearing bills, public hearings, subcommittee reports, minority reports, time limits on debate, and provisions for news coverage.

## RECORD OF COMMITTEE ATTENDANCE

**Rule 11.08.**  At all meetings of the Senate committees, the chair shall call the roll of the members and cause to be made a record of those present and the absentees, together with the excuses, if any, of such absentees.

## QUORUM OF COMMITTEE

**Rule 11.09.**  A majority of any committee shall constitute a quorum, and no action shall be taken upon any bill in the absence of a quorum.  At any stated meeting of the committee, if a roll call discloses lack of a quorum, the members present may order the names of the unexcused absentees turned over to the Sergeant-at-Arms of the Senate whose duty it shall be to secure promptly the attendance of such absent members.  The Sergeant-at-Arms shall have the same authority conferred on him or her under the rules of the Senate as when the Senate is operating under a call.

## PUBLIC NOTICE OF COMMITTEE MEETINGS

**Rule 11.10.** (a)  No committee or subcommittee, except a conference committee, shall meet without at least 24 hours public notice.

(b)  Each committee and subcommittee shall meet regularly at an established time and place and shall give public notice at least 24 hours in advance for special meetings.

**RULE 11.11**

(c) The chair of each committee and subcommittee shall notify the Secretary of the Senate immediately after the time and place for a committee meeting has been fixed or a meeting has been cancelled. The Secretary shall post notice of the time and place of the meeting on a bulletin board located outside the Secretary of the Senate's office.

### Note of Ruling

A motion to suspend "the posting rule" for the purpose of allowing a committee to conduct a public hearing on a bill at a time and place stated in the motion is sufficient for suspension of both Rule 11.10 and Rule 11.18 (74 S.J. Reg. 3029-3032 (1995)).

## MINUTES OF COMMITTEE MEETINGS

**Rule 11.11.** (a) The chair of each committee and subcommittee shall keep or cause to be kept under the chair's direction an accurate record of the proceedings of his or her committee, and the same shall be open for inspection to any member of the Legislature and to the public. Each committee meeting shall be recorded on magnetic tape.

(b) Each standing committee and subcommittee shall employ a committee clerk and, as determined by the Administration Committee, other staff necessary to coordinate and record the activities of the committee. Such committee clerks, staff, or any employee shall in no way be related to any member of the current Texas Legislature or be related to the person with the power of appointment for that position.

(c) It shall be the duty of the committee clerk, with the assistance of other committee staff members, to keep a permanent, accurate written record of committee proceedings and to transcribe the magnetic tape recordings of committee hearings as ordered by the committee or subcommittee. It shall be the responsibility of the committee clerk to see that one copy of the transcript of proceedings and one copy of the permanent record be kept in the committee files, one copy of each be given to the Secretary of the Senate, and three copies of each be placed in the Legislative Reference Library. Such records shall be a matter of public record.

(d) A copy of the record or minutes of each committee meeting must be filed with the Secretary of the Senate not later than seven days after the day on which the meeting was held.

### Notes of Ruling

A report on a bill that was considered at a committee meeting at which a quorum of the committee was not present (as shown by the minutes of the committee) may not be received by the Senate (46 S.J. Reg. 1548 (1939)).

See also fifth note of ruling under Rule 11.12.

## COMMITTEE REPORTS

**Rule 11.12.** (a) The chair of a committee shall sign and file with the Secretary of the Senate a written report showing the committee's final action on bills and resolutions considered by the committee. In the chair's absence the vice-chair shall sign and file the report.

(b) The report must be filed with the Secretary of the Senate within three calendar days after the final action is taken, Sundays and days the Senate is not in session excluded. If the report is not filed within the three-day limit, three members of the committee who were present when the final action was taken may file the report without the signature of the chair or vice-chair.

(c) The Secretary of the Senate shall note the date and time the report was filed and forward the report to be printed in compliance with Rule 7.12.

(d) The committee report and the official committee minutes are sufficient to determine whether the committee report accurately reflects the action of the committee. The President may consider any other documents or information deemed necessary to the determination.

### Notes of Rulings

A committee report properly signed, submitted, and received is conclusive as to its contents (42 S.J. 1 C.S. 718 (1931)). (See also notes of rulings following Rule 11.15.)

The chair may not go behind a committee report to ascertain if proceedings in the committee were regular (42 S.J. Reg. 1564, 1693 (1931)).

Point of order as to validity of committee's action on bill may be made when bill is not before Senate for immediate consideration (49 S.J. Reg. 347 (1945)).

A committee report can only be submitted during the morning call unless the member has the unanimous consent of the members of the Senate and he may not interrupt a member speaking for or against a bill or resolution for that purpose unless the member speaking yields the floor for that specific purpose (61 S.J. 1 C.S. 124 (1969)).

**RULE 11.13**

> For an instance when the chair refused to go behind a committee report and official committee minutes to determine whether the committee report accurately reflected the action of the committee, see 73 S.J. Reg. 1073 (1993); 74 S.J. Reg. 2458 (1995).

## CONSIDERATION OF BILLS IN COMMITTEES

**Rule 11.13.** Subject to Rule 7.24 and 7.25, it shall be in order for committees to consider bills and resolutions at any time during the session, make reports thereon, and file the same with the Senate; provided, however, that no Senate committee or conference committee may meet while the Senate is meeting, except by unanimous consent of the members present.

## CONSIDERATION OF HOUSE BILLS

**Rule 11.14.** (a) The Senate sponsor of a House measure shall be determined by the chair of the committee, in consultation with the House author of the measure.

(b) It shall be the duty of each committee of the Senate when there has been referred to it or is before it for consideration a Senate bill and a House bill containing the same subject to consider first and report upon the House bill.

## VOTES OF COMMITTEE REQUIRED TO REPORT FAVORABLY

**Rule 11.15.** No bill or resolution shall be reported favorably unless it has received the affirmative vote of a majority of the membership of the committee to which it was referred, except as provided in Rule 11.17.

### Note of Ruling

In absence of a Senate rule or resolution suspending it, the suspension of Section 5 of Article III relating to consideration of bills in committee requires separate vote for each bill (42 S.J. Reg. 167 (1931)).

## UNFAVORABLE VOTE OF COMMITTEE

**Rule 11.16.** When a motion to report a bill or resolution unfavorably receives the affirmative vote of a majority of the members of the committee to which it was referred, except as provided in Rule 11.17, the bill or resolution is dead.

## MINORITY REPORTS

**Rule 11.17.** (a) If a motion to report a bill or resolution unfavorably receives an affirmative vote of a majority of the members of a committee, a favorable minority report may be made. The minority report must be signed by three members of the committee if the committee is composed of less than 11 members or four members if the committee has 11 or more members. The members signing the report must have been present and voted against the motion to report unfavorably.

(b) The minority report must be filed with the Secretary of the Senate within two calendar days after the vote was taken, Sundays and days the Senate is not in session excluded.

(c) The sponsor of a bill or resolution for which a minority report is filed or a member signing the minority report must move to have the bill or resolution placed on the calendar within 10 calendar days after the date on which the committee's vote was taken. An affirmative vote of two-thirds of the members present is required for the motion to carry. If the motion fails or is not made within the time allowed, the bill or resolution is dead and may not be considered again during the session.

### Note of Ruling

Bills reported adversely but with a favorable minority report are not to be printed except on an order of the Senate (38 S.J. Reg. 646 (1923)).

## PUBLIC HEARINGS

**Rule 11.18.** (a) No bill may be reported to the Senate before it has been the subject of an open public hearing before a committee or subcommittee. Notice of the hearing on the bill must be posted in a public place at least 24 hours before the hearing is to begin. The chair shall afford reasonable opportunity to interested parties to appear and testify at the hearing.

(b) The chair shall require all parties appearing at the hearing to swear or affirm that the testimony they give to the committee or subcommittee is true and correct.

(c) Any Senator, including one who is not a member of the committee, may question a witness at a hearing. This right shall not be construed to abridge the chair's right to provide others an opportunity to be heard or to entitle any Senator more rights than those afforded a member of the committee.

(d) When possible a person registered as a lobbyist and representing a client's interest at a public hearing shall submit a written statement of his or her presentation to the committee clerk for inclusion in the permanent record of the meeting.

(e) By majority vote a committee may fix the order of appearance and time allotted for each witness at a public hearing.

### Notes of Rulings

Consideration of a bill is out of order if it has not been afforded a public hearing in compliance with rules of the Senate (68 S.J. Reg. 1931 (1983)).

A motion to suspend "the posting rule" for the purpose of allowing a committee to conduct a public hearing on a bill at a time and place stated in the motion is sufficient for suspension of both Rule 11.10 and Rule 11.18 (74 S.J. Reg. 3029-3032 (1995)).

## PRIVILEGED NOTICE OF HEARING ON SPECIFIC BILLS (TAG RULE)

**Rule 11.19.** (a) Except as provided in Subsection (d) of this rule, upon the presentation of a written request to the Secretary of the Senate on a form provided by the Secretary, a Senator shall receive at least 48 hours advance written notice of the time and place set for a public hearing on a specific bill or resolution which has been referred to a Senate committee.

(b) If the bill or resolution is on the agenda of a committee and the committee meeting has already begun to consider matters on the agenda, the request shall be presented to the chair of the committee rather than the Secretary of the Senate, and the chair shall note the time of the receipt of the request on the request form and immediately deliver the form to the Secretary. After receipt of the request by the chair, the bill shall not be laid before the committee until notice is delivered to the Senator in accordance with this rule.

(c) If requests are filed simultaneously by more than one Senator, each Senator is entitled to advance notice in compliance with this rule.

(d) A Senator is not entitled to advance notice of the time and place set for a public hearing on a bill or resolution if:

(1) the time and place for a hearing on the bill has been publicly posted for a period of 72 hours and the Senate has been in session at any time during the first 24 hours of the 72-hour period;

(2) at the request of the chair of the committee or subcommittee to which the bill is referred, the Secretary of the Senate notifies each Senator in writing of the time and place for the hearing on the bill at least 48 hours before the hearing begins;

(3) the bill has been laid before a committee or subcommittee for consideration in a public hearing at which an opportunity to appear and address the subject matter of the bill or resolution was or is afforded to interested parties; or

(4) another Senator has previously presented a similar request to the Secretary or the chair and the bill or resolution has been set for public hearing in compliance with that request.

(e) Upon receipt of written request for advance notice of a hearing, the Secretary of the Senate shall:

(1) immediately inform the chair or in the absence of the chair the vice-chair of the request;

(2) note the time and date of receipt on the request and file a copy of the request for public inspection;

(3) attach a copy of the request to the bill or resolution to which it applies.

(f) The chair of the committee, upon posting a bill or resolution for public hearing in compliance with a request under this rule, shall give written notice to the Secretary of the Senate and the Senator requesting notice of the time and place fixed for the hearing on the bill or resolution.

(g) Notice delivered to the office of the Senator requesting 48 hours advance notice shall constitute official notice to that Senator:

(1) if that notice is delivered by the office of the Secretary of the Senate between the hours of 8:00 a.m. and 5:00 p.m. during days in which the Senate is convened; or

(2) if delivery of the notice to the Senator's office is acknowledged in writing by the Senator or by a member of his or her staff at the time of delivery as to date and hour.

(h) If a Senator withdraws a request for advance notice of a hearing on a bill or resolution, a subsequently filed request by another Senator shall be honored unless a hearing on the bill has already been posted in response to the first request.

## RULE 11.20

(i) The President of the Senate shall ascertain the facts concerning the giving of a notice of a committee hearing on a bill, and the President's ruling as to the sufficiency of the notice based on the facts as ascertained by the President is the final determination of that point when no appeal from the ruling is made.

(j) If the provisions for requesting 48 hours advance notice before hearing of a Senate bill have been properly fulfilled and a House bill containing the same subject is before the committee, the House bill is considered to require the same 48 hours notice before hearing.

### Notes of Rulings

A motion to suspend Senate Rule 11.19 for the purpose of permitting a hearing on a bill without giving a 48-hour notice to a member who has requested it is not debatable (46 S.J. Reg. 1509 (1939)).

The committee's action on a bill at a meeting held without proper 48-hour notice to a member who has properly requested it is in violation of Senate Rule 11.19 [and void]   (Ruling sustained by vote of 13 to 12.)   (49 S.J. Reg. 347, 358-359 (1945)).

Re-reference of bill from one committee to another does not vitiate a written request of a member to the chairman of the first committee for a public hearing on the bill and a 48-hour notice of the hearing, and the request goes with the bill to the chairman of the committee to which the bill is re-referred and is binding on him  (Ruling sustained by vote of 13 to 12.)   (49 S.J. Reg. 347, 358-359 (1945)).

A Senator who has participated in a committee's action on a bill may not, when the bill is before the Senate, object for the first time that the committee hearing violated Rule 11.19 (tag rule) (70 S.J. Reg. 2167 (1987)).

### SUBPOENA AND PROCESS

**Rule 11.20.**  (a)  By a record vote of not less than two-thirds of its members, a standing committee of the Senate may issue process to compel the attendance of a witness or to compel a person, agency, or corporation to produce any book, record, document, or other evidence in his, her, or its possession and control before a proceeding of the committee.  The committee chair shall issue the subpoena or other process authorized by this rule in the name of the committee, and the subpoena must contain the following information:

(1)  a statement of the reason the committee is requesting the appearance of a person or the reason the committee is requesting the production of documents;

(2)  the name, address, and title or position of the person requested to appear;

(3)  the specific document or documents being requested; and

(4)  the specific time and place that the person is to appear or the specific place and time the documents are to be produced.

(b) A committee chair may summon the governing board or other representatives of a state agency to appear and testify before the committee without issuing process under Subsection (a).  The summons may be communicated in writing, orally, or electronically.

(c)  Except as provided by this rule, the provisions of Sections 301.024, 301.025, 301.026, and 301.027, Government Code, apply to a subpoena or other process issued under this rule.

# ARTICLE XII
# CONFERENCE COMMITTEES

## APPOINTMENT OF CONFERENCE COMMITTEES

**Rule 12.01.**  All conference committees of the Senate shall be selected and appointed by the President or the President Pro Tempore when the latter shall be presiding.  The member authoring or sponsoring the bill for which the conference committee is selected shall be appointed chair of the Senate conferees.  At least two of the Senate conferees must be from a standing committee which heard the bill.

### Notes of Rulings

It is permissible to concur in one House amendment to a Senate bill and to not concur in others and request a conference committee as to those amendments only (63 S.J. Reg. 1657 (1973)).

A conference committee report is out of order if the composition of the conference committee did not comply with Rule 12.01 (66 S.J. Reg. 1873 (1979)).

The composition of a conference committee is within the discretion of the President to the extent that Senate rules do not otherwise provide (71 S.J. 2 C.S. 271-272 (1989)).

RULE 12.02

## INSTRUCTIONS TO CONFERENCE COMMITTEES

**Rule 12.02.** Immediately after the Senate decides that any matter shall be submitted to a conference committee, the presiding officer shall state "Are there any motions to instruct the conference committee before appointment?" The presiding officer shall thereupon recognize members to make such motions to instruct and the Senate shall proceed to consider all such motions until disposed of or limited under the provisions of Rule 6.09.

### Notes of Rulings

Senate conferees may not be instructed by resolution after they have been appointed and have commenced deliberations (43 S.J. Reg. 1684 (1933)).

See also annotations relating to Conference Reports in Appendix.

A conference committee report should not be ruled out on a point of order that instructions have been disobeyed. The members of the Senate decide the question by voting to accept or reject the conference committee report (64 S.J. Reg. 1666 (1975)).

## LIMITATIONS ON CONFERENCE COMMITTEE ACTIONS

**Rule 12.03.** Except as otherwise provided in this article, conference committees shall limit their discussions and their actions solely to the matters in disagreement between the two Houses. A conference committee shall have no authority with respect to any bill or resolution to:

(1) change, alter, or amend text which is not in disagreement;

(2) omit text which is not in disagreement;

(3) add text on any matter which is not in disagreement;

(4) add text on any matter which is not included in either the House or Senate version of the bill or resolution.

This rule shall be strictly construed by the presiding officer in each House to achieve the purposes hereof.

### Note of Ruling

Rule 12.03 does not prohibit a conference committee from adding text not in either the Senate or House version of a bill when the text added relates to a matter in disagreement between the two houses (74 S.J. Reg. 3733-3734, 3740-3741 (1995)).

## CONFERENCE COMMITTEES ON APPROPRIATION BILLS

**Rule 12.04.** Conference committees on appropriation bills, like other conference committees, shall limit their discussions and their actions solely to the matters in disagreement between the two Houses. In addition to the limitations contained elsewhere in these rules, a conference committee on appropriation bills shall be strictly limited in its authority as follows:

(1) If an item of appropriation appears in both House and Senate versions of the bill, such items must be included in the conference report.

(2) If an item of appropriation appears in both House and Senate versions of the bill and in identical amounts, no change can be made in such item or the amount thereof.

(3) If an item of appropriation appears in both House and Senate versions of the bill but in different amounts, no change can be made in the item, but the amount thereof shall be at the discretion of the conference committee, provided that such amount shall not exceed the larger version and shall not be less than the smaller version.

(4) If an item of appropriation appears in one version of the bill and not in the other, such item can be included or omitted at the discretion of the conference committee. If the item is included, the amount thereof shall not exceed the sum specified in the version containing such item.

(5) If an item of appropriation appears in neither the House nor the Senate version of the bill, such item must not be included in the conference report. However, the conference committee report may include appropriations for purposes or programs authorized by bills that have been passed and sent to the Governor and may include contingent appropriations for purposes or programs authorized by bills that have been passed by at least one House.

This rule shall be strictly construed by the presiding officer in each House to achieve the purposes hereof.

## CONFERENCE COMMITTEES ON TAX BILLS

**Rule 12.05.** Conference committees on tax bills, like other conference committees, shall limit their discussions and their actions solely to the matters in disagreement between the two Houses. In addition to the limitations contained elsewhere in these rules, a conference committee on a tax bill shall be strictly limited in its authority as follows:

(1) If a tax item appears in both House and Senate versions of the bill, such item must be included in the conference report.

**RULE 12.06**

(2)  If a tax item appears in both House and Senate versions of the bill and in identical form and with identical rates, no change can be made in such item or the rate therein provided.

(3)  If a tax item appears in both House and Senate versions of the bill but at differing rates, no change can be made in the item, but the rate thereof shall be determined at the discretion of the conference committee, provided that such rate shall not exceed the higher version and shall not be less than the lower version.

(4)  If a tax item appears in one version of the bill and not in the other, such item can be included or omitted at the discretion of the conference committee.  If the item is included, the rate thereof shall not exceed the rate specified in the version containing such item.

(5)  If a tax item appears in neither the House nor the Senate version of the bill, such item must not be included in the conference report.

This rule shall be strictly construed by the presiding officer in each House to achieve the purposes hereof.

## CONFERENCE COMMITTEES ON
## REAPPORTIONMENT BILLS

**Rule 12.06.**  Conference committees on reapportionment bills, to the extent possible, shall limit their discussions and their actions to the matters in disagreement between the two Houses.  Since the adjustment of one district in a reapportionment bill will inevitably affect other districts therein, the strict rule of construction imposed on other conference committees must be relaxed somewhat when reapportionment bills are involved. Accordingly, the following authority and limitations shall apply only to conference committees on reapportionment bills:

(1)  If the matters in disagreement affect only certain districts and the other districts are identical in both House and Senate versions of the bill, the conference committee shall make adjustments only in those districts whose rearrangement is essential to the effective resolving of the matters in disagreement.  All other districts shall remain unchanged.

(2)  If the matters in disagreement permeate the entire bill and affect most, if not all, of the districts therein, the conference committee shall have wide discretion in rearranging the districts to the extent necessary to resolve all differences between the two Houses.

(3)  Insofar as the actual structure of the districts is concerned and only to that extent, the provisions of Senate Rule 12.03 shall not apply to conference committees on reapportionment bills.

## CONFERENCE COMMITTEES ON
## RECODIFICATION BILLS

**Rule 12.07.** Conference committees on recodification bills, like other conference committees, shall limit their discussions and their actions solely to the matters in disagreement between the two Houses. The comprehensive and complicated nature of recodification bills makes necessary the relaxing of the strict rule of construction imposed on other conference committees only to the following extent:

(1) If it develops in conference committee that material has been inadvertently included in both House and Senate versions which properly has no place in such recodification, such material may be omitted from the conference report, if by such omission the existing statute thereon is not repealed, altered, or amended.

(2) If it develops in conference committee that material has been inadvertently omitted from both the House and Senate versions which properly should be included if such recodification is to achieve its purposes of being all-inclusive of the statutes being recodified, such material may be added to the conference report, if by such addition the existing statute is merely restated without substantive change in existing law.

## SUSPENSION OF CONFERENCE
## COMMITTEE RULES

**Rule 12.08.** Limitations imposed on certain conference committees by the provisions of Rules 12.03, 12.04, 12.05, 12.06, and 12.07 may be suspended, in part, by permission of the Senate to enable consideration of and action on a specific matter or matters which otherwise would be in violation thereof. Such permission shall be granted only by resolution passed by majority vote of the Senate, with yeas and nays thereon to be recorded in the journal of the Senate. Such resolution shall specify in detail: (1) the exact nature of the matter or matters proposed to be considered; (2) the specific limitation or limitations to be suspended thereby; (3) the specific action contemplated by the conference committee thereon; and (4) except for a resolution suspending the limitations on the conferees for the general appropriations bill, the reasons why suspension of such limitations is being requested. In the application of this rule to appropriations bills, the resolution need not include changes in amounts resulting from a proposed salary plan or changes in format that do not affect the amount of an appropriation or the method of finance of an appropriation, but shall include a general statement describing the salary plan or format change. The resolution need not include differences in language which do not affect the substance of the bill. Permission thus granted shall suspend such limitations only for the matter or matters clearly specified in the resolution, and action of the conference committee shall be in conformity therewith.

**RULE 12.09**

## PRINTING AND NOTICE OF CONFERENCE
## COMMITTEE REPORTS

**Rule 12.09.** (a) All conference committee reports on the general appropriations bill, tax bills, and reapportionment bills must be reproduced and a copy thereof furnished to each member at least 48 hours before any action thereon, if convened in regular session, and 24 hours, if convened in called session.

(b) All conference committee reports on other bills must be reproduced and a copy thereof furnished to each member at least 48 hours before any action thereon prior to the last 72 hours of a regular session, and 24 hours before any action thereon during a called session or the last 72 hours of a regular session.

### Note of Ruling

The requirement that a copy of a conference committee report be furnished to the members 24 hours before action on the report no longer applies when the 48th hour prior to final adjournment is reached (71 S.J. 2 C.S. 552-553 (1989)).

## SECTION-BY-SECTION ANALYSIS

**Rule 12.10.** Each conference committee report, regardless of its subject matter, must have attached thereto a section-by-section analysis showing the disagreements which have been resolved by the conference committee. This analysis must show for each and every disagreement in parallel columns: (1) the substance of the House version; (2) the substance of the Senate version; and (3) the substance of the recommendation by the conference committee. No action shall be taken on any conference committee report in the absence of such analysis, except by an affirmative vote of two-thirds of the members present, with the yeas and nays thereon to be recorded in the journal.

## ENFORCEMENT BY PRESIDENT

**Rule 12.11.** The President of the Senate shall rule out of order any conference committee report which is in violation of any of the provisions and limitations contained in these rules.

### Note of Ruling

For an instance when the chair refused to go behind a conference committee report to determine whether the conference committee report accurately reflected the action of the conference committee, see 74 S.J. Reg. 2036 (1995).

## ARTICLE XIII
## COMMITTEE OF THE WHOLE SENATE

### RESOLVE INTO COMMITTEE OF THE
### WHOLE SENATE

**Rule 13.01.** It shall be in order for the Senate at any time after bills and resolutions have been called to resolve itself into a Committee of the Whole Senate.

### Editorial Note

A motion to resolve the Senate into a Committee of the Whole immediately requires only a majority vote, inasmuch as it is equivalent to a motion to recess (43 S.J. Reg. 1559 (1933)).

### CHAIR OF COMMITTEE OF THE
### WHOLE SENATE

**Rule 13.02.** In forming a Committee of the Whole Senate, the President shall leave the chair and shall appoint a chair to preside in committee.

### RIGHT OF LIEUTENANT GOVERNOR TO
### DEBATE AND VOTE IN COMMITTEE
### OF THE WHOLE SENATE

**Rule 13.03.** When in Committee of the Whole Senate, the President shall have the right to debate and vote on all questions. (Constitution, Article IV, Section 16)

### PROCEDURE IN COMMITTEE OF THE
### WHOLE SENATE

**Rule 13.04.** The rules of the Senate, as far as applicable, shall be observed in Committee of the Whole Senate.

### DEBATE AND AMENDMENTS

**Rule 13.05.** Upon a matter being referred to a Committee of the Whole Senate or a subcommittee of a Committee of the Whole Senate, the matter shall be read and debated by clauses, leaving the preamble, if any, to be last considered. The body of the bill shall not be defaced or interlined, but all amendments, noting the page or line, shall be duly entered by the Secretary of the Senate or the clerk of the subcommittee on a separate sheet of paper as the same shall be agreed to by the committee and so reported to the Senate. After the report, the bill shall again be subject to be debated and amended or committed before a question to engross it be taken.

**RULE 14.01**

### Editorial Note

No journal is kept by the Journal Clerk of the proceedings of the Senate when in Committee of the Whole.

## ARTICLE XIV
## NOMINATIONS BY THE GOVERNOR

### REFERRAL TO COMMITTEE

**Rule 14.01.** When nominations shall be sent to the Senate by the Governor, a future day shall be assigned for action thereon, unless the Senate unanimously directs otherwise. They shall be referred directly to either the Committee on Nominations or the standing committee with jurisdiction over the subject matter involved, which shall hold hearings and report its actions directly back to the Senate.

### NOTICE RULE

**Rule 14.02.** Nominations, having been reported out of the Nominations Committee or other appropriately designated standing committee, shall not be acted upon unless the names of the nominees or individual nominee shall have been printed and a copy thereof furnished to each member 24 hours beforehand.

### Note of Ruling

No action can be taken on nominations on same day submitted except by suspending rule requiring nominations to be considered on a "future day" (43 S.J. Reg. 199 (1933)).

### EXECUTIVE SESSION OF COMMITTEE

**Rule 14.03.** Hearings on nominations by the proper committee shall be open meetings, unless an executive session is ordered by a majority vote of the membership of that committee.

### Note of Ruling

A motion that the Senate hold an executive session the same day the motion is made is not in order, since Rule 14.01 provides that a future day shall be set for the consideration of Governor's nominations (48 S.J. Reg. 132 (1943)).

## REPORT TO GOVERNOR BY
## SECRETARY OF SENATE

**Rule 14.04.** All nominations approved or definitely acted on by the Senate shall be returned to the Governor by the Secretary of the Senate from day to day, as such proceedings may occur.

### Editorial Note

The Senate of the 43rd Legislature in open session, on a motion made by Senator Woodruff, refused to grant the request of Governor Ferguson to withdraw certain nominations that had been submitted by outgoing Governor Sterling, but not yet acted on by the Senate (43 S.J. Reg. 108 (1933)).

# ARTICLE XV
# EXECUTIVE SESSIONS

## SECRECY OF EXECUTIVE SESSION

**Rule 15.01.** When the Senate is in executive session, the Senate Chamber and gallery shall be cleared of all persons except the Secretary of the Senate and the Sergeant-at-Arms who shall keep secret proceedings of such session until the injunction of secrecy is removed by unanimous vote of the Senate.

## VOTE IN OPEN SESSION

**Rule 15.02.** Consideration of all information and remarks touching the character and qualifications of nominees for confirmation by the Senate shall be in open session unless an executive session is ordered by a proper motion adopted by a majority vote of the membership of the Senate. Members of the Senate shall vote to confirm or not to confirm in open session of the Senate, and the votes to confirm and not to confirm shall be entered in the journal of the Senate.

### Editorial Note

When a report of the nominations committee is before the Senate, and a request is made to sever a nomination to permit the Senate to act on it separately, the request to sever is granted automatically (63 S.J. Reg. 123 (1973)).

**RULE 15.03**

### SENATOR CAN DISCLOSE OWN VIEWS

**Rule 15.03.** No member of the Senate shall be prohibited from revealing the member's own view on any matter or the member's vote on any matter pending or having been decided by the Senate.

### VIOLATION OF SECRECY

**Rule 15.04.** Any officer or member convicted of violating any provision of either Rule 15.01 or 15.02 shall be liable, if an officer, to dismissal from the service of the Senate and, if a member, to expulsion.

### REPORT OF EXECUTIVE SESSION TO BE RECORDED IN SENATE BOOK

**Rule 15.05.** The proceedings of the Senate, when in executive session, shall be kept in a separate book. The proceedings of the Senate, when in open session acting upon nominations made by the Governor, shall be entered in the journal of the Senate.

# ARTICLE XVI
# VOTES REQUIRED TO ADOPT MOTIONS

### DEFINITIONS

**Rule 16.01.** The terms "unanimous consent," "four-fifths of the members of the Senate," "four-fifths of the members present," "two-thirds of the members of the Senate," "two-thirds of the members present," "a majority of the members of the Senate," and "a majority of the members present" are defined as follows:

(1) "Unanimous consent" means the consent of all of the members of the Senate who are present and voting on the issue at the time the vote is recorded.

(2) "Four-fifths of the members of the Senate" means four-fifths of the 31 elected members of the Senate.

(3) "Four-fifths of the members present" means four-fifths of the members of the Senate who are present and voting on the issue at the time the vote is recorded.

(4) "Two-thirds of the members of the Senate" means two-thirds of the 31 elected members of the Senate.

(5) "Two-thirds of the members present" means two-thirds of the members of the Senate who are present and voting on the issue at the time the vote is recorded.

(6) "A majority of the members of the Senate" means a majority of the 31 elected members of the Senate.

(7) "A majority of the members present" means a majority of the members of the Senate who are present and voting on the issue at the time the vote is recorded.

## MATTERS REQUIRING UNANIMOUS CONSENT

**Rule 16.02.** Unanimous consent of the members present shall be required to:

(1) suspend the Senate floor admission rules; Rule 2.07

(2) suspend the local calendar rules; Rule 9.07

(3) authorize committees or conference committees to meet during a session of the Senate; Rule 11.13

(4) consider a nomination of the Governor without being referred to a committee; Rule 14.01

(5) dispense with secrecy of executive session.  Rule 15.01

## MATTERS REQUIRING VOTE OF
## FOUR-FIFTHS OF MEMBERS OF SENATE

**Rule 16.03.** A vote of four-fifths of the members of the Senate shall be required to:

(1) suspend the constitutional rule prohibiting consideration of a bill during the first 60 days of a regular session; Rule 7.13 (Constitution, Article III, Section 5)  See note to Rule 7.13.

(2) suspend the constitutional rule prohibiting introduction of a bill after the first 60 days of a regular session.  Rule 7.07  (Constitution, Article III, Section 5)  See note to Rule 7.07.

## MATTERS REQUIRING VOTE OF
## FOUR-FIFTHS OF MEMBERS PRESENT

**Rule 16.04.** A vote of four-fifths of the members present shall be required to:

(1) suspend the constitutional rule requiring bills to be read on three several days; Rule 7.18 (Constitution, Article III, Section 32)  See note to Rule 7.18.

(2) suspend the requirement that a bill be reported from a Senate committee at least three days before final adjournment of a regular session; Rule 7.24 (Constitution, Article III, Section 37)

RULE 16.05

(3) pass a bill on third reading after the 135th calendar day of a regular session; Rule 7.25.

(4) take any action on a bill within the last 24 hours of the session except to correct an error therein; Rule 7.25.

(5) suspend the Intent Calendar rules;  Rule 5.14.

(6) reset a special order to earlier time.  Rule 5.11.

## MATTERS REQUIRING VOTE
## OF TWO-THIRDS OF MEMBERS OF SENATE

**Rule 16.05.** A vote of two-thirds of the members of the Senate shall be required for:

(1) final passage of proposed amendment to the Constitution; Rule 10.02 (Constitution, Article XVII, Section 1)

(2) immediate effect of a bill; (Constitution, Article III, Section 39)

(3) the release of payment of taxes in cases of great public calamity; (Constitution, Article VIII, Section 10)

(4) final passage of bills to reduce county to less area than 900 square miles; (Constitution, Article IX, Section 1)

(5) passage of an address to the Governor for the removal of any civil officer; (Constitution, Article XV, Section 8)

(6) expulsion of a member of the Senate; Rule 4.09 (Constitution, Article III, Section 11)

(7) passage of House bills that have been returned by the Governor with objections.  Rule 6.20. (Constitution, Article IV, Section 14)

### Note of Ruling

A vote of two-thirds of the members is not required for passage of bill to create flood control district and donate portion of taxes collected therein to the district (48 S.J. Reg. 1053 (1943)).

## MATTERS REQUIRING VOTE OF
## TWO-THIRDS OF MEMBERS PRESENT

**Rule 16.06.** A vote of two-thirds of the members present shall be required to:

(1) impeach any officer; (Constitution, Article XV, Section 3)

(2) pass a Senate bill that has been returned by the Governor with objections; Rule 6.20 (Constitution, Article IV, Section 14)  See note to Rule 6.20.

(3) confirm an appointee of the Governor, unless otherwise directed by law; (Constitution, Article IV, Section 12)

(4) adopt an amendment at third reading of a bill or a joint resolution; Rules 7.19 and 10.02

(5) suspend the floor privileges of a member of the Senate; Rule 4.07

(6) suspend the regular order of business; Rule 5.13

(7) excuse absentees; Rule 5.03

(8) set a matter for special order; Rule 5.11. See note to Rule 5.11.

(9) place a minority report on the calendar; Rule 11.17

(10) rerefer a bill to another committee; Rule 6.08

(11) suspend the section-by-section analysis on conference committee reports; Rule 12.10

(12) suspend or rescind any rule of the Senate unless the rules specify a different majority; Rule 22.01

(13) consider immediately petitions, concurrent and joint resolutions, or resolutions setting or defining legislative or state policy. Rule 8.02.  See note to Rule 8.02.

### Editorial Note

This ruling and other late Senate precedents relative to suspending a pending question for the purpose of taking up another indicate that it has become the prevailing opinion of the Senate's presiding officers and its members that any pending debatable question, even a highly privileged one or one with high priority for consideration, may be suspended by a two-thirds vote of the Senate for the purpose of taking up another matter on the President's table for immediate consideration.  Suspending a question that has itself been taken up under a suspension would most likely not be permitted.

**RULE 16.07**

## MATTERS REQUIRING VOTE OF MAJORITY
## OF MEMBERS OF SENATE

**Rule 16.07.** A vote of the majority of the members of the Senate is required to:

(1) pass a resolution initially adopting temporary or permanent rules of the Senate; Rule 21.01

(2) adopt, amend, or rescind any Joint Rules of the two Houses; Rules 21.02 and 22.02

(3) adopt resolution to suspend conference committee rules; Rule 12.08

(4) commit or recommit bill, resolution, or petition to a committee; Rule 6.08

(5) hold an executive session; Rule 15.02

(6) pass a resolution amending the Rules of the Senate.

## MATTERS REQUIRING VOTE OF
## MAJORITY OF MEMBERS PRESENT

**Rule 16.08.** A vote of the majority of members present shall be required to:

(1) elect officers; Rule 1.05

(2) elect a member to preside; Rule 1.01

(3) remove a member from the chair; Rule 4.08

(4) pass a bill on second reading; Rule 7.17

(5) pass a bill on third reading, except to give immediate effect to the bill as required by Rule 7.18;

(6) adopt an amendment on second reading;

(7) adopt a motion to reconsider vote; Rules 6.10 and 6.11

(8) dispense with reading of papers; Rule 6.13. See note to Rule 6.13.

(9) debate a congratulatory, memorial, or courtesy resolution; Rule 8.03. See note to Rule 8.03.

(10) adopt a motion for previous question, after five seconds; Rule 6.09. See note to Rule 6.09.

(11) adopt a motion for immediate ruling, after 10 seconds; Rule 6.12. See note to Rule 6.12.

(12) concur in House amendments to Senate bills, except to give immediate effect to the bill as required by Rule 16.05(2);

(13) adopt a Conference Committee Report, except to give immediate effect to the bill as required by Rule 16.05(2).

## MATTERS REQUIRING VOTE WHEN LESS THAN A QUORUM IS PRESENT

**Rule 16.09.** When a quorum is not present, a majority of the members present may:

(1)   authorize a call of the Senate; Rule 5.04.  See note to Rule 5.04.

(2)   authorize a call for absent members; Rule 5.02.  See note to Rule 5.02.

(3)   adjourn or recess.

## ARTICLE XVII
## SENATE JOURNAL

### REASON FOR VOTE

**Rule 17.01.** Any member shall have the privilege to have spread upon the journal of the Senate a brief statement of the member's reason for any vote he or she may cast.  Such statement shall not deal in personalities or contain any personal reflection on any member of the Legislature, the Speaker, the Lieutenant Governor, or the Governor and shall not in any other manner transgress the rules or traditions of the Senate.

### Editorial Note

A Senator's privilege of inserting his reasons for a vote is frequently exercised; and in some instances a considerable amount of matter quoted from letters, newspapers, etc., is incorporated in the reasons inserted (40 S.J. Reg. 416-418 (1927); 40 S.J. 1 C.S. 42-43 (1927); 42 S.J. 1 C.S. 24 (1931); 49 S.J. Reg. 582 (1945)).

### JOURNAL OF SENATE

**Rule 17.02.** The proceedings of the Senate, when not in Committee of the Whole Senate or in executive session, shall be entered on the journal as concisely as possible, care being taken to detail a true and accurate account of the proceedings.  The titles of the bills and such parts thereof only as shall be affected by proposed amendments shall be inserted in the journal. Every report of a committee and vote of the Senate and a brief statement of the

RULE 17.03

contents of each memorial, petition, or paper presented to the Senate shall also be inserted in the journal. Resolutions of a congratulatory nature and resolutions recognizing visitors to the Senate shall not be numbered or printed in the journal, but the names of the sponsor and the persons concerned and the recognition accorded may be listed for each day at the end of the day's proceedings.

### Editorial Note

House amendments to any Senate Bill, Senate Joint Resolution, or Concurrent Resolution shall be printed in the Senate Journal on the day that action is taken by the Senate thereon.

### Notes of Rulings

The Senate can take cognizance of an action by House only if officially notified of such action (35 S.J. 2 C.S. 61 (1917)).

It is not out of order for a member to request that the journal show the subjects as well as the numbers of certain bills the recommitment of which has been moved (51 S.J. Reg. 562 (1949)).

A letter relating to supply of natural gas to San Antonio may be inserted in the Senate Journal and the rule relative to contents can be suspended by member requesting same if there is no other matter pending before Senate at that time (62 S.J. 2 C.S. 41 (1972)).

## RETURN OF VETOED SENATE BILLS

**Rule 17.03.** When a bill shall be returned to the Senate by the Governor, with the Governor's objections, it shall be entered at large upon the journal. (Constitution, Article IV, Section 14)

### Note of Ruling

Consideration of a motion to override the Governor's veto of a particular bill may be postponed (45 S.J. Reg. 1484 (1937)).

## ARTICLE XVIII
## MESSAGES TO AND FROM HOUSE

### MESSAGES TO THE HOUSE

**Rule 18.01.** Messages, bills, resolutions, and other papers shall be sent to the House of Representatives by the Secretary of the Senate who shall previously endorse upon them the final determination of the Senate thereon.

## MESSAGES FROM THE HOUSE

**Rule 18.02.** Messages may be received at any time, except while a question is being put, while the yeas and nays are being taken, or while the ballots are being counted.

# ARTICLE XIX
# AGENCY RULES

## REFERRAL OF AGENCY RULES

**Rule 19.01.** The President shall refer to the appropriate standing committee each proposed agency rule on which notice is filed by an agency as required by the Administrative Procedure Act.

## COMMITTEE ACTION

**Rule 19.02.** The committee on a vote of a majority of its members may transmit to the agency a statement supporting or opposing adoption of the proposed rule.

# ARTICLE XX
# WHEN SENATE RULES ARE SILENT

## PRESIDENT OF SENATE DECIDES QUESTION

**Rule 20.01.** The President of the Senate shall decide all questions not provided for by the standing Rules of Order of the Senate and Joint Rules of Order of both branches of the Legislature, according to parliamentary practice laid down by approved authors.

### Editorial Notes

The rulings of the presiding officers of the Senate as shown in the Texas Legislative Manual, the practice in Congress as shown in Hinds' Precedents and in Cannon's Precedents, the practice in the Texas House of Representatives as shown in the Legislative Manual, and the rules and precedents as set forth in Mason's Manual of Legislative Procedure, Jefferson's Manual, and the Manual of the United States Senate have been resorted to by the presiding officers of the Senate for guidance in deciding questions of order.

For an instance of when the chair submitted a point of order directly to the Senate for its determination, see 71 S.J. 2 C.S. 554 (1989).

RULE 20.02

### Note of Ruling

For an instance of when the chair refused to sustain a point of order challenging compliance with a constitutionally required procedure because the Constitution, laws, rules of the Senate, and official records of the Senate did not provide a basis on which to determine compliance, see 74 S.J. Reg. 2458-2461 (1995).

## APPEAL TO SENATE

**Rule 20.02.** The President's ruling is subject to appeal to the entire Senate.

# ARTICLE XXI
# ADOPTION OF RULES

## SENATE RULES

**Rule 21.01.** The Senate shall at the beginning of each Legislative Session adopt temporary or permanent Senate rules by resolution of the Senate. The Senate rules shall be adopted by a majority of the members of the Senate.

## JOINT RULES

**Rule 21.02.** The House and Senate may adopt Joint Rules for the two Houses. Joint Rules may be adopted by a majority of the members of the Senate.

# ARTICLE XXII
# SUSPENSION, AMENDMENT, OR RESCISSION OF RULES

## SENATE RULES

**Rule 22.01.** It shall require a vote of two-thirds of the members present to suspend any rule of the Senate, unless the rules specify a different majority. A majority of the members of the Senate may amend the Rules of the Senate by adoption of a Senate Resolution amending the rules, which resolution has been referred to and reported from a committee as otherwise required by these rules. Rule 16.06. See note to Rule 16.06.

## JOINT RULES

**Rule 22.02.** It shall require a vote of a majority of the members of the Senate to suspend, amend, or rescind any Joint Rules of the two Houses. Rule 16.07