# RULES
# OF THE SENATE
# 79th Legislature
# 2005

# TABLE OF CONTENTS

Preface            Statement of Authorization and Precedence ..............    1

## ARTICLE I
## SENATE OFFICERS AND ELECTIONS

Rule 1.01       Presiding officer of the Senate ........................    1

Rule 1.02       President Pro Tempore .............................    2

Rule 1.03       Vacancy in the office of Lieutenant

                     Governor ..........................................    2

Rule 1.04       Officers of the Senate ..............................    3

Rule 1.05       Election of Officers ................................    3

## ARTICLE II
## ADMISSION TO SENATE CHAMBER

Rule 2.01       Access to Senate floor .............................    4

Rule 2.02       Restrictions on admission ..........................    4

Rule 2.03       Persons lobbying not admitted ......................    5

Rule 2.04       Press correspondents ..............................    5

Rule 2.05       Forfeiture of admission privilege .....................    6

Rule 2.06       Exceptions ........................................    6

Rule 2.07       Suspension of admission rule ........................    6

## ARTICLE III
## SENATE DECORUM

Rule 3.01       Persons must be properly attired in

                     Senate Chamber ..................................    7

Rule 3.02       No eating or drinking in Senate Chamber ..............    7

Rule 3.03       Messages to members ..............................    7

Rule 3.04       Posters, placards, banners, and signs ..................    7

Rule 3.05       Applause, outbursts, or demonstrations ................    7

Rule 3.06       Punishment for obstructing proceedings ................    8

## ARTICLE IV
## DECORUM AND DEBATE OF
## MEMBERS OF THE SENATE

| | | |
|---|---|---|
| Rule 4.01 | Members to address President | 8 |
| Rule 4.02 | Interruption of President | 9 |
| Rule 4.03 | Interruption of member speaking | 9 |
| Rule 4.04 | Recognition of members in debate | 12 |
| Rule 4.05 | Speaking more than once in single debate | 13 |
| Rule 4.06 | Member called to order | 13 |
| Rule 4.07 | Refusal of member called to order to be seated | 14 |
| Rule 4.08 | Removal of Senator from chair | 14 |
| Rule 4.09 | Punishment for misconduct | 15 |
| Rule 4.10 | Bribery | 16 |

## ARTICLE V
## SENATE PROCEDURAL RULES
## (Order of Business)

| | | |
|---|---|---|
| Rule 5.01 | Presiding officer to assume chair | 16 |
| Rule 5.02 | Quorum | 16 |
| Rule 5.03 | Absences | 17 |
| Rule 5.04 | Call of the Senate | 18 |
| Rule 5.05 | Roll call | 20 |
| Rule 5.06 | Prayer by chaplain | 20 |
| Rule 5.07 | Reading of journal | 20 |
| Rule 5.08 | Morning call | 20 |
| Rule 5.09 | Order of considering bills and resolutions | 21 |
| Rule 5.10 | House bill days | 22 |
| Rule 5.11 | Special orders | 24 |
| Rule 5.12 | Regular order of business | 25 |
| Rule 5.13 | Suspension of the regular order of business | 26 |
| Rule 5.14 | Intent calendar | 27 |
| Rule 5.15 | Rulings by President | 27 |

# ARTICLE VI
## MOTIONS

| | | |
|---|---|---|
| Rule 6.01 | Motions and their precedence | 28 |
| Rule 6.02 | Limitation of debate on motions | 33 |
| Rule 6.03 | Written motions | 35 |
| Rule 6.04 | Withdrawal of motion | 35 |
| Rule 6.05 | Motions to fix sum or state time | 36 |
| Rule 6.06 | Division of question | 36 |
| Rule 6.07 | Motion to table | 36 |
| Rule 6.08 | Motions to refer or commit | 36 |
| Rule 6.09 | Previous question | 37 |
| Rule 6.10 | Reconsideration | 39 |
| Rule 6.11 | Spreading motion to reconsider on journal | 42 |
| Rule 6.12 | Demand for immediate ruling | 42 |
| Rule 6.13 | Dispense with reading of papers | 43 |
| Rule 6.14 | Mode of stating and voting upon questions | 43 |
| Rule 6.15 | Calls for yeas and nays required | 44 |
| Rule 6.16 | Members refusing to answer recorded present | 45 |
| Rule 6.17 | Paired votes | 45 |
| Rule 6.18 | Lieutenant Governor to give casting vote | 45 |
| Rule 6.19 | Effect of tie vote when Lieutenant Governor absent | 46 |
| Rule 6.20 | Vetoed bills | 46 |
| Rule 6.21 | Adjournment | 46 |
| Rule 6.22 | Adjournment of Senate for more than three days | 48 |

# ARTICLE VII
## INTRODUCTION AND PASSAGE OF BILLS

| | | |
|---|---|---|
| Rule 7.01 | Custodian of bills and resolutions | 48 |
| Rule 7.02 | Caption Rule | 48 |
| Rule 7.03 | Announcement of stage of bill | 49 |
| Rule 7.04 | Filing bills | 49 |
| Rule 7.05 | Introduction and first reading of bills | 50 |
| Rule 7.06 | Referral of bills | 50 |
| Rule 7.07 | Limitations on introduction | 51 |
| Rule 7.08 | Consideration of emergency matters | 51 |

iii

Rule 7.09    Analysis of fiscal and other implications
             of bill or resolution . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    51
Rule 7.10    Format of bills and resolutions reported
             by committees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    56
Rule 7.11    Committee substitute bills  . . . . . . . . . . . . . . . . . . . . . . . . . . . .    57
Rule 7.12    Printing of bills . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    58
Rule 7.13    Suspension of rule limiting consideration
             of bills . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    60
Rule 7.14    Consideration of House bill in lieu of
             Senate bill on same subject . . . . . . . . . . . . . . . . . . . . . . . . . . . .    60
Rule 7.15    Germaneness . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    61
Rule 7.16    Amendments to tax bills or sunset bills  . . . . . . . . . . . . . . . . .    65
Rule 7.17    Motion to pass a bill to second reading
             is not necessary . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    65
Rule 7.18    Reading of bill on three several days  . . . . . . . . . . . . . . . . . . .    66
Rule 7.19    Adoption of amendment on third reading . . . . . . . . . . . . . . . .    67
Rule 7.20    Limitations on appropriations bills . . . . . . . . . . . . . . . . . . . . .    67
Rule 7.21    House amendments to Senate bills . . . . . . . . . . . . . . . . . . . . . .    67
Rule 7.22    Defeated bill . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    68
Rule 7.23    Signing of bills and resolutions by
             presiding officer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    69
Rule 7.24    Deadline for report . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    69
Rule 7.25    Limitation on vote . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    69

## ARTICLE VIII
## PETITIONS AND RESOLUTIONS

Rule 8.01    Procedural rules . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    70
Rule 8.02    Referral to committee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    70
Rule 8.03    Congratulatory, memorial, and courtesy
             resolutions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    72
Rule 8.04    Defeated resolution . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    72

## ARTICLE IX
## LOCAL BILLS

Rule 9.01    Definition of local bill  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    73

| Rule 9.02 | Introduction and consideration of |  |
| | local bills . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 74 |
| Rule 9.03 | Local and uncontested calendar . . . . . . . . . . . . . . . . . . . . . . . | 74 |
| Rule 9.04 | Referral to Administration Committee . . . . . . . . . . . . . . . . . . | 74 |
| Rule 9.05 | Bills and resolutions not qualified |  |
| | for consideration on the local and |  |
| | uncontested calendar . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 75 |
| Rule 9.06 | Bills and resolutions prohibited |  |
| | from placement on the local and |  |
| | uncontested calendar . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 75 |
| Rule 9.07 | Suspension of local calendar rules . . . . . . . . . . . . . . . . . . . . . | 76 |

## ARTICLE X
## AMENDMENTS TO THE CONSTITUTION

| Rule 10.01 | Joint resolutions subject to rules |  |
| | governing bills . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 76 |
| Rule 10.02 | Votes required to amend on third reading |  |
| | and to pass constitutional amendments . . . . . . . . . . . . . . . . . . | 76 |
| Rule 10.03 | Failure of joint resolution to be |  |
| | adopted on third reading . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 77 |

## ARTICLE XI
## COMMITTEES

| Rule 11.01 | Appointment of committees . . . . . . . . . . . . . . . . . . . . . . . . . . . | 77 |
| Rule 11.02 | List of standing committees . . . . . . . . . . . . . . . . . . . . . . . . . . . | 77 |
| Rule 11.03 | Special committees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 78 |
| Rule 11.04 | Chair and vice-chair of standing |  |
| | committees and standing subcommittees . . . . . . . . . . . . . . . . | 79 |
| Rule 11.05 | Appointment of subcommittees within a |  |
| | standing committee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 79 |
| Rule 11.06 | Recommendations of committees . . . . . . . . . . . . . . . . . . . . . . . | 79 |
| Rule 11.07 | Rules governing committee procedures . . . . . . . . . . . . . . . . . | 79 |
| Rule 11.08 | Record of committee attendance . . . . . . . . . . . . . . . . . . . . . . . | 80 |
| Rule 11.09 | Quorum of committee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 80 |
| Rule 11.10 | Public notice of committee meetings . . . . . . . . . . . . . . . . . . . | 80 |
| Rule 11.11 | Minutes of committee meetings . . . . . . . . . . . . . . . . . . . . . . . | 81 |

v

| | | |
|---|---|---|
| Rule 11.12 | Committee reports ................................. | 82 |
| Rule 11.13 | Consideration of bills in committees ................... | 83 |
| Rule 11.14 | Consideration of House bills ........................ | 83 |
| Rule 11.15 | Votes of committee required to report favorably ......................................... | 84 |
| Rule 11.16 | Unfavorable vote of committee ...................... | 84 |
| Rule 11.17 | Minority reports .................................. | 84 |
| Rule 11.18 | Public hearings ................................... | 85 |
| Rule 11.19 | Privileged notice of hearing on specific bills (Tag Rule) ................................... | 86 |
| Rule 11.20 | Subpoena and process .............................. | 89 |

## ARTICLE XII
## CONFERENCE COMMITTEES

| | | |
|---|---|---|
| Rule 12.01 | Appointment of conference committees ................ | 90 |
| Rule 12.02 | Instructions to conference committees ................. | 90 |
| Rule 12.03 | Limitations on conference committee actions .......................................... | 91 |
| Rule 12.04 | Conference committees on appropriation bills ............................................ | 92 |
| Rule 12.05 | Conference committees on tax bills ................... | 93 |
| Rule 12.06 | Conference committees on reapportionment bills ............................................ | 93 |
| Rule 12.07 | Conference committees on recodification bills ............................................ | 94 |
| Rule 12.08 | Suspension of conference committee rules .............. | 95 |
| Rule 12.09 | Printing and notice of conference committee reports ................................. | 95 |
| Rule 12.10 | Section-by-section analysis .......................... | 96 |
| Rule 12.11 | Enforcement by President ........................... | 96 |

## ARTICLE XIII
## COMMITTEE OF THE WHOLE SENATE

| | | |
|---|---|---|
| Rule 13.01 | Resolve into Committee of the Whole Senate .......................................... | 97 |
| Rule 13.02 | Chair of Committee of the Whole Senate ............... | 97 |

Rule 13.03     Right of Lieutenant Governor to debate
               and vote in Committee of the Whole Senate . . . . . . . . . . . . .   97
Rule 13.04     Procedure in Committee of the Whole Senate  . . . . . . . . . . . .   97
Rule 13.05     Debate and amendments . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   98

## ARTICLE XIV
## NOMINATIONS BY THE GOVERNOR

Rule 14.01     Referral to committee . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   98
Rule 14.02     Notice rule  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   98
Rule 14.03     Executive session of committee . . . . . . . . . . . . . . . . . . . . . .   99
Rule 14.04     Report to Governor by Secretary of Senate . . . . . . . . . . . . .   99

## ARTICLE XV
## EXECUTIVE SESSIONS

Rule 15.01     Secrecy of executive session . . . . . . . . . . . . . . . . . . . . . . . . .   100
Rule 15.02     Vote in open session . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   100
Rule 15.03     Senator can disclose own views . . . . . . . . . . . . . . . . . . . . . .   100
Rule 15.04     Violation of secrecy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   100
Rule 15.05     Report of executive session to be
               recorded in Senate book . . . . . . . . . . . . . . . . . . . . . . . . . . . .   101

## ARTICLE XVI
## VOTES REQUIRED TO ADOPT MOTIONS

Rule 16.01     Definitions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   101
Rule 16.02     Matters requiring unanimous consent . . . . . . . . . . . . . . . . . .   102
Rule 16.03     Matters requiring vote of four-fifths
               of members of Senate . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   102
Rule 16.04     Matters requiring vote of four-fifths
               of members present . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   103
Rule 16.05     Matters requiring vote of two-thirds
               of members of Senate . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   103
Rule 16.06     Matters requiring vote of two-thirds
               of members present . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   104

Rule 16.07    Matters requiring vote of majority
              of members of Senate ............................... 105
Rule 16.08    Matters requiring vote of majority
              of members present ................................. 106
Rule 16.09    Matters requiring vote when less than
              a quorum is present ................................ 107

## ARTICLE XVII
## SENATE JOURNAL

Rule 17.01    Reason for vote .................................... 107
Rule 17.02    Journal of Senate .................................. 108
Rule 17.03    Return of vetoed Senate bills ...................... 109

## ARTICLE XVIII
## MESSAGES TO AND FROM HOUSE

Rule 18.01    Messages to the House ............................. 109
Rule 18.02    Messages from the House ........................... 110

## ARTICLE XIX
## AGENCY RULES

Rule 19.01    Referral of agency rules .......................... 110
Rule 19.02    Committee action .................................. 110

## ARTICLE XX
## WHEN SENATE RULES ARE SILENT

Rule 20.01    President of Senate decides question .................. 110
Rule 20.02    Appeal to Senate ................................... 111

viii

## ARTICLE XXI
## ADOPTION OF RULES

| Rule 21.01 | Senate rules | 111 |
|---|---|---|
| Rule 21.02 | Joint rules | 112 |

## ARTICLE XXII
## SUSPENSION, AMENDMENT, OR
## RESCISSION OF RULES

| Rule 22.01 | Senate rules | 112 |
|---|---|---|
| Rule 22.02 | Joint rules | 112 |

**APPENDIX** .................................................... 112

**INDEX TO RULES OF THE SENATE** .......................... A-1

ix

# RULES OF THE SENATE
# OF THE 79TH TEXAS LEGISLATURE

## STATEMENT OF AUTHORIZATION AND PRECEDENCE

Pursuant to and under the authority of Article III, Section 11, of the Constitution of 1876, as amended, and notwithstanding any other provision of statute, the Senate adopts the following rules to govern its operations and procedures. The provisions of these rules and of the Constitution shall be deemed the only requirements binding on the Senate, notwithstanding any other requirements expressed elsewhere in statute.

## ARTICLE I
## SENATE OFFICERS AND ELECTIONS

### PRESIDING OFFICER OF THE SENATE

**Rule 1.01.** The Lieutenant Governor of the State of Texas shall by virtue of office be President of the Senate (Constitution, Article IV, Section 16) and decide all questions of order subject to appeal by any member. The President shall have control of such parts of the Capitol as have been or may be set apart for the use of the Senate and its officers. The President shall have the right to name a member to perform the duties of the chair, but such substitution shall not extend beyond such time as a majority of the Senators present vote to elect another member to preside, and if a majority of the Senators present so vote, the member called to the chair by the Lieutenant Governor or by the President Pro Tempore of the Senate shall vacate the chair, and the member elected by a majority shall preside until the Lieutenant Governor or President Pro Tempore shall take the gavel and preside.

### Editorial Note

A member called to the chair pending an appeal does not entertain any motions nor accept any further point of order.

Rule 1.01

## Note of Ruling

No motion is in order while a point of order is pending (43 S.J. Reg. 1156 (1933)).

## PRESIDENT PRO TEMPORE

**Rule 1.02.** The Senate shall, at the beginning and close of each session, and at such other times as may be necessary, elect one of its members President Pro Tempore, who shall perform the duties of Lieutenant Governor in any case of absence or disability of the Lieutenant Governor. (Constitution, Article III, Section 9)

## VACANCY IN THE OFFICE OF LIEUTENANT GOVERNOR

**Rule 1.03.** If the office of Lieutenant Governor becomes vacant, the President Pro Tempore of the Senate shall convene the Committee of the Whole Senate within 30 days after the vacancy occurs. The Committee of the Whole Senate shall elect one of its members to perform the duties of the Lieutenant Governor in addition to the duties of Senator until the next general election. If the Senator so elected ceases to be a Senator before the election of a new Lieutenant Governor, another Senator shall be elected in the same manner to perform the duties of the Lieutenant Governor until the next general election. Until the Committee of the Whole Senate elects one of its members for this purpose, the President Pro Tempore shall perform the duties of the Lieutenant Governor. (Constitution, Article III, Section 9)

## Editorial Note

In the absence of both the Lieutenant Governor and President Pro Tempore for a short period of time, either of them may designate in writing a Senator to occupy the chair, but in case the President Pro Tempore is compelled, for any reason, to be absent for an extended or indefinite period, the Senate elects another President Pro Tempore. For the form of the designation by the Lieutenant Governor or President Pro Tempore, see 49 S.J. Reg. 515 (1945).

## OFFICERS OF THE SENATE

**Rule 1.04.** A Secretary, Journal Clerk, Calendar Clerk, Enrolling Clerk, Sergeant-at-Arms, Doorkeeper, Chaplain, and such other officers as a majority vote may determine to be necessary shall be elected at the opening of the session of the Legislature to continue in office until discharged by the Senate and shall perform such duties as may be incumbent upon them in their respective offices, under the direction of the Senate. Such officers may not be related to any current member of the Texas Legislature nor may any employee of the Senate be related to any current member of the Texas Legislature. The Secretary of the Senate shall, in addition to other duties, be responsible for the coordination of the other offices and divisions of the Senate.

### Editorial Note

This rule is not binding unless and until it is adopted by the Senate at its biennial session. The Senate may, of course, omit the adoption of the rule as written and provide by a simple resolution for the election of such officers as it sees fit.

## ELECTION OF OFFICERS

**Rule 1.05.** In all elections of the Senate, the vote shall be given viva voce, except in the election of officers of the Senate (Constitution, Article III, Section 41). A majority of the whole number of votes cast shall be necessary for a choice in all elections by the Senate.

### Editorial Note

The officers of the Senate for the purposes of Article III, Section 41, Texas Constitution, include the President Pro Tempore and a Senator elected under Rule 1.03 to perform the duties of the Lieutenant Governor. See *In re The Texas Senate and The Honorable Rodney Ellis*, 36 S.W.3d 119 (Tex. 2000); and *The Constitution of the State of Texas, An Annotated and Comparative Analysis*, Vol. 1, pp. 185-186.

Rule 2.01

## ARTICLE II
## ADMISSION TO SENATE CHAMBER

### ACCESS TO SENATE FLOOR

**Rule 2.01.** (a) The doors of the Senate shall be kept open, except when there is an executive session. (Constitution, Article III, Section 16)

#### Editorial Note

When the Senate is in session, the entrances to the main floor of the Senate Chamber are closed, but the galleries are always open to the public except when Senate is in executive session.

(b) It shall be the duty of the Sergeant-at-Arms and assistants to clear the Senate Chamber of all persons not entitled to the privilege thereof 30 minutes before the hour of the meeting of the Senate and for 30 minutes after each meeting of the Senate. -

### RESTRICTIONS ON ADMISSION

**Rule 2.02.** Persons hereinafter named and no others shall be admitted to the floor of the Senate while the Senate is in session provided that persons other than members of the Lieutenant Governor's family, a Senator's family, members of the House of Representatives of the State of Texas, and Sergeants-at-Arms of the Senate shall be required to remain behind the brass rail: Members of the Senate and their families, the Secretary of the Senate and family, employees of the Senate and House of Representatives when on official business, Representatives, the Governor, the Governor's family and executive staff, the Lieutenant Governor and family, the President and Vice-President of the United States, United States Senators and members of Congress, Governors of other states, Justices of the Supreme Court, Judges of the Court of Criminal Appeals, the Secretary of State, and duly accredited newspaper reporters and correspondents and radio commentators and television camera operators and commentators who have complied with Rule 2.04. It shall be the special duty of the President to see that officers and employees remain upon the floor of the Senate only when actually engaged in the performance of their official duties. Such persons other than the Lieutenant Governor and members of the Senate shall not be permitted to work for or against any proposition before the Senate while on the floor.

- 4 -

## PERSONS LOBBYING NOT ADMITTED

**Rule 2.03.** (a) No newspaper reporter, or other person whosoever, whether a State officer or not, who is lobbying or working for or against any pending or prospective legislative measure, shall in any event be permitted upon the floor of the Senate when the Senate is in session.

(b) All officers and employees of the Senate are prohibited from lobbying in favor of or against any measure or proposition pending before the Senate, and should any officer or employee violate this rule, the same shall be cause for dismissal from the service of the Senate by the President.

### Editorial Note

Section 305.023, Title 3, Government Code, provides: "No person who is registered or required to be registered under this Chapter may go on the floor of either house of the legislature while that house is in session unless invited by that house."

## PRESS CORRESPONDENTS

**Rule 2.04.** While the Senate is in session, no person shall be admitted to the floor of the Senate or allowed its privileges as a press correspondent or radio commentator or television camera operator and commentator, unless said person is a regularly employed, salaried staff correspondent or reporter in the employ of a newspaper publishing general news, a press association serving newspapers, or a publication requiring telegraphic coverage or the person is a regularly employed, salaried employee of a duly licensed radio or television station.

Every newspaper reporter and correspondent and radio commentator and television camera operator and commentator, before being admitted to the Senate during its session, shall file with the Committee on Administration a written statement showing the paper or papers represented and certifying that no part of the person's salary or compensation is paid by any person, firm, corporation, or association except the paper or papers or radio station or television station represented.

- 5 -

Rule 2.05

## FORFEITURE OF ADMISSION PRIVILEGE

**Rule 2.05.** If any person admitted to the Senate under this article shall lobby or work for or against any pending or prospective legislation or shall violate any of the other rules of the Senate, the privileges extended to said person under this article shall be suspended by a majority of the Committee on Administration. The action of the committee shall be reviewable by the Senate only if two members of the committee request an appeal from the decision of the committee, which appeal shall be in the form of a minority report, and shall be subject to the same rules that are applicable to minority reports on bills.

## EXCEPTIONS

**Rule 2.06.** This article shall not apply to any person who is invited to address the Senate when in session or to any person who desires to appear before any committee while going to or returning from the session of said committee or to the Governor while delivering an official message. This article shall not apply during the inauguration of the Governor and other public ceremonies provided for by resolution of the Senate.

## SUSPENSION OF ADMISSION RULE

**Rule 2.07.** It shall be in order for the President to entertain a request, motion, or resolution for the suspension of the Admission Rules or to present from the chair the request of any member for unanimous consent to suspend the Admission Rules.

### Editorial Note

The rule relating to admission to the floor of the Senate, as written prior to 1939, provided that the rule could not be suspended.

- 6 -

# ARTICLE III
## SENATE DECORUM

## PERSONS MUST BE PROPERLY ATTIRED IN SENATE CHAMBER

**Rule 3.01.** While the Senate is actually in session, no male Senator or Representative or any other male person shall come on the floor of the Senate without wearing a coat and tie. The Sergeant-at-Arms and doorkeepers are instructed to strictly enforce this rule, and only the President of the Senate may suspend the rule as to any person or to all persons, and that action to be taken in writing to the Sergeant-at-Arms.

## NO EATING OR DRINKING IN SENATE CHAMBER

**Rule 3.02.** No employee, Senator, Representative, or other person shall be allowed to eat or drink in the Senate Chamber proper at any time. The Sergeant-at-Arms shall strictly enforce this rule.

## MESSAGES TO MEMBERS

**Rule 3.03.** Messages or call slips shall not be delivered to members of the Senate when a roll call is in progress. Individuals desiring to pass a message to members of the Senate must sign their names to that message.

## POSTERS, PLACARDS, BANNERS, AND SIGNS

**Rule 3.04.** No poster, placard, banner, sign, or other similar material shall be carried into the Senate by any person, and no person shall attach or affix any poster, placard, banner, sign, or other similar material to the walls, rails, seats, or bannisters of the Senate Chamber. This rule shall be strictly enforced.

## APPLAUSE, OUTBURSTS, OR DEMONSTRATIONS

**Rule 3.05.** No applause, outburst, or other demonstration by any spectator shall be permitted during a session of the Senate. This rule shall be strictly enforced.

Rule 3.05

## Note of Ruling

After repeated warnings to persons in the gallery to refrain from demonstrating, the chair may direct the Sergeant-at-Arms to clear the gallery and lock the doors leading to the Senate Chamber (55 S.J. Reg. 1117 (1957)).

## PUNISHMENT FOR OBSTRUCTING PROCEEDINGS

**Rule 3.06.** The Senate, during its sessions, may imprison for 48 hours any person, not a member, for violation of the Senate rules, for disrespectful and disorderly conduct in its presence, or for obstructing any Senate proceeding. (Constitution, Article III, Section 15)

## ARTICLE IV
## DECORUM AND DEBATE OF MEMBERS OF THE SENATE

### MEMBERS TO ADDRESS PRESIDENT

**Rule 4.01.** When a Senator is about to speak in debate or to communicate any matter to the Senate, the member shall rise in his or her place and address the President of the Senate.

### Editorial Note

A member who desires to speak on a pending question should address the chair and, having obtained recognition, may speak, in an orderly and parliamentary way, and subject to the rules of the Senate, as long as he desires.

### Notes of Rulings

When a member has been recognized and is speaking on a motion to re-refer a bill, he must stand upright at his desk and may not lean thereon (61 S.J. Reg. 1760, 1762 (1969)).

- 8 -

When a member has the floor and is speaking on a bill or resolution, he must stand upright at his desk and may not lean or sit on his desk or chair (61 S.J. Reg. 1059 (1969)).

When speaking on a bill, a Senator may not stand at another Senator's desk or use another Senator's desk for any purpose (73 S.J. Reg. 1079 (1993)).

## INTERRUPTION OF PRESIDENT

**Rule 4.02.** The President of the Senate shall not be interrupted while putting the question or addressing the Senate.

## INTERRUPTION OF MEMBER SPEAKING

**Rule 4.03.** No member shall interrupt another Senator who has the floor or otherwise interrupt the business of the Senate, except for the purpose of making a point of order, calling the member having the floor to order, moving the previous question, demanding that a point of order under discussion or consideration be immediately decided, or making a motion to adjourn or recess. Though another member has the floor, any member shall be recognized by the presiding officer in order to call to order the member, to make a point of order, to move the previous question, or to demand that a point of order be immediately decided. A member who has the floor must yield to permit the Senate to receive messages from the Governor and from the House of Representatives and shall not lose the floor. A member who has the floor may yield for questions from other members and shall not lose the floor. In the event a member is interrupted because of a motion to adjourn or recess and the motion fails, the floor shall be immediately returned to the interrupted member. In the event the interrupted member was speaking under the previous question and a motion to adjourn or recess prevails, the member shall resume the floor and finish speaking when the bill is next considered by the Senate.

### Editorial Notes

It is the custom of the President to request a member to yield for a message.

Rule 4.03

Although there is no Senate rule by which a member can be taken from the floor for pursuing "dilatory tactics" (40 S.J. Reg. 882 (1927)), a Senator who has been repeatedly called to order for not confining his debate to the question before the Senate may be required by the Senate to discontinue his address.

A point of order against further debate of a question by a Senator on the ground that his remarks are not germane to the question before the Senate is often disposed of by the chair with a warning to the Senator who has the floor to confine his remarks to the pending question.

When speaking, a member must confine himself to the subject under debate. In discussing an amendment, the debate must be confined to the amendment and not include the general merits of the bill or other proposition.

The point of order having been raised for the third time that a Senator who had the floor was filibustering and not confining his remarks to the bill before the Senate, the chair requested the Senate to vote on the point of order. It was sustained and the Senator speaking yielded the floor (44 S.J. Reg. 1780 (1935)).

The withdrawal of a pending motion by its maker is a privilege that may be exercised at any time, even while a member is addressing the Senate (46 S.J. Reg. 1931, 2112-2113 (1939); 50 S.J. Reg. 1237 (1947)).

For an instance when the chair delayed the vote on a motion to put the previous question, see 38 S.J. Reg. 1169(1923).

## Notes of Rulings

By raising a point of order, the speaker loses his right to resume speaking if the previous question has been ordered (42 S.J. Reg. 1683 (1931)).

- 10 -

Rule 4.03

The motion for the previous question may be made at any time, even when another member has the floor (42 S.J. 2 C.S. 236 (1931)).

A member may not take the floor on a point of personal privilege while another member is addressing the Senate (43 S.J. Reg. 1430 (1933)).

A parliamentary inquiry is a privileged matter (43 S.J. Reg. 1430 (1933)).

A speaker yielding the floor for the reception of a message from the House does not lose his right to resume the floor immediately after message received (46 S.J. Reg. 1873 (1939)).

Remarks not in the nature of an inquiry are not in order by a member to whom a Senator has yielded for a question (48 S.J. Reg. 519 (1943)).

A digression by a Senator in his speech on a pending amendment to another subject does not ban his resuming and continuing a germane discussion of the amendment (50 S.J. Reg. 417 (1947)).

A second digression by a Senator on the floor from a discussion of the pending amendment does not necessarily prevent his resuming and continuing a germane discussion of the amendment (50 S.J. Reg. 418 (1947)).

Raising of a third point of order against further debate by a Senator on the floor who has digressed for a third time from a discussion of the pending amendment, after having been twice requested to confine his debate to the amendment, justifies the presiding officer in calling for a vote by the Senate on the question of whether or not he shall be permitted to resume and continue his remarks (50 S.J. Reg. 418 (1947)).

Rule 4.03

A Senator addressing the Senate may not yield the floor temporarily except by unanimous consent to allow an address by another Senator on a point of personal privilege (50 S.J. Reg. 483 (1947)).

When a member has been recognized and is speaking on a bill or resolution, he may make a parliamentary inquiry but not raise a point of order without yielding the floor (61 S.J. Reg. 1057 (1969); 67 S.J. Reg. 1483-1484 (1981)).

A member speaking on a bill or resolution must confine his remarks to the subject of the bill or resolution (61 S.J. Reg. 1517 (1969)).

When a member has been recognized and is speaking on an amendment to a bill or resolution, he must confine his remarks to the subject of the amendment pending before the Senate (61 S.J. Reg. 856-857 (1969)).

When a member has been recognized and is speaking on a bill or resolution, he must confine his remarks to the subject of the bill and speak audibly (62 S.J. Reg. 778 (1971)).

No rule of the Senate prohibits repetitious remarks by a Senator if the remarks are germane to the matter under consideration (73 S.J. Reg. 3920 (1993)).

## RECOGNITION OF MEMBERS IN DEBATE

**Rule 4.04.** When two or more members rise at once, the presiding officer shall decide which one shall speak first, but from the presiding officer's decision an appeal without debate may be taken to the Senate by any member.

### Editorial Note

When a bill or other measure is before the Senate, the President first recognizes, for motions for its disposition, the author or sponsor of the bill, who is entitled at all stages to prior

recognition for motions that are in order which are intended to expedite the passage of the bill. In recognition for general debate, the President alternates between those favoring and those opposing a measure.

### Note of Ruling

If the sponsor of a bill does not seek recognition to debate the question of its passage and another member obtains the floor to debate it, the member so obtaining the floor should be permitted to finish his remarks on the bill before the sponsor is allowed to discuss it (46 S.J. Reg. 1869 (1939)).

### SPEAKING MORE THAN ONCE IN SINGLE DEBATE

**Rule 4.05.** No member shall speak more than once in any one debate until every member desiring to do so shall have spoken and no member shall speak more than twice in any one debate without leave of the Senate.

### Note of Ruling

A Senator who yields the floor for an unsuccessful motion to adjourn without having concluded his address does not have to await the debate of all other Senators desiring to be heard on the question being considered before being recognized to resume and conclude his address (51 S.J. Reg. 181 (1949)).

### MEMBER CALLED TO ORDER

**Rule 4.06.** When a member shall be called to order by the President or by a Senator, the member shall sit down and not be allowed to speak, except to the point of order, until the question of order is decided. If the decision be in the member's favor, the member shall be at liberty to proceed; if otherwise, the member shall not proceed without leave of the Senate.

Rule 4.06

## Editorial Note

In 1925, Senator Fairchild obtained the floor to discuss a point of order which he had raised. Pending his remarks, Senator Wood raised the point of order that Senator Fairchild was not discussing the point of order but another matter. Lieutenant Governor Barry Miller sustained the point of order and submitted to the Senate the question of whether or not Senator Fairchild would be permitted to continue his discussion. The Senate refused to permit Senator Fairchild to continue the discussion by a vote of yeas 15, nays 16 (39 S.J. Reg. 1110 (1925)).

## REFUSAL OF MEMBER CALLED TO ORDER TO BE SEATED

**Rule 4.07.** Whenever a member is called to order by the President of the Senate or by the presiding officer then in the chair in accordance with Rule 4.06 and such member fails to sit down and be in order but continues disorderly, it shall be the duty of the Sergeant-at-Arms and/or the Sergeant's assistants upon the direction of the presiding officer to require such recalcitrant member to take his or her seat and be in order. Any member who persists in disorderly conduct after being warned by the presiding officer may, by motion duly made and carried by two-thirds vote of the members present, be required to purge himself or herself of such misconduct. Until such member has purged himself or herself of such misconduct, the member shall not be entitled to the privileges of the floor.

## REMOVAL OF SENATOR FROM CHAIR

**Rule 4.08.** If any Senator, other than the regularly elected President Pro Tempore, be presiding and fails or refuses to recognize any Senator to make a motion that is in order or raise a point of order that it is in order to raise, to entertain an appeal from his or her decision, to put such question to the Senate, to recognize any Senator to demand that a point of order under discussion be immediately decided, or to put the question, if seconded by 10 Senators, "Shall the point of order be now decided?" such Senator so offending shall be deemed guilty of violating the high privileges of the Senate. Until such offending Senator shall purge himself or herself of such contempt and be excused by the Senate, the member shall not again be called to the chair during the session. If such Senator so presiding shall refuse to recognize any Senator when addressed in proper order or to entertain the motion, the point of order, or appeal of any Senator or to pass upon the same or to recognize a Senator to make the demand when

- 14 -

seconded by 10 Senators that a point of order under discussion be immediately decided, then the Senator seeking recognition may rise in his or her seat and without recognition read a written demand upon the Senator presiding, provided the same is signed by a majority of the Senators present, and if the Senator presiding persists in refusal, then any number of Senators constituting a majority of the Senators present may present such written demand to the Sergeant-at-Arms or an Assistant Sergeant-at-Arms, and such written demand shall be a full and sufficient warrant for arrest, empowering such officer or assistant to arrest the Senator so presiding, eject him or her from the chair, and retain him or her under arrest until released by order of the Senate.

Should the Sergeant-at-Arms or the Assistant Sergeants-at-Arms fail or refuse to act and carry out such demand, they shall be removed from office on a majority vote of the Senate.

When such Senator is removed as aforesaid and the chair remains vacant, the Secretary shall call the Senate to order, and a President Pro Tempore ad interim shall be elected to preside until the Lieutenant Governor or a regularly elected President Pro Tempore shall appear and take the gavel.

As soon as order is restored, the chair shall cause a record of the fact of removal to be made.

### Editorial Note

This rule is one of several first adopted in 1911 to prevent the Lieutenant Governor or any Senator occupying the chair temporarily and the Senators opposing a measure from killing it by dilatory tactics.

### PUNISHMENT FOR MISCONDUCT

**Rule 4.09.** The Senate may punish any member for disorderly conduct and, with the consent of two-thirds of the elected members, may expel a member, but not a second time for the same offense. (Constitution, Article III, Section 11)

A member who is absent without sufficient excuse for more than 72 hours under a call of the Senate under Rule 5.04 shall lose all privileges of accrued seniority established by Senate tradition. A member shall immediately lose the privileges of accrued seniority if the member is absent without sufficient excuse under a call of the Senate within seven calendar days of final adjournment of a regular session of the Legislature or under a call of the Senate during a special session of the Legislature.

- 15 -

Rule 4.10

## BRIBERY

**Rule 4.10.** Any member who shall receive or offer a bribe or who shall suffer his or her vote to be influenced by promise or preferment of reward shall on conviction be expelled. (Also see Section 36.02, Texas Penal Code.)

## ARTICLE V
## SENATE PROCEDURAL RULES
## (ORDER OF BUSINESS)

## PRESIDING OFFICER TO ASSUME CHAIR

**Rule 5.01.** The presiding officer shall take the chair at the hour to which the Senate last adjourned.

## QUORUM

**Rule 5.02.** Two-thirds of all the Senators elected shall constitute a quorum, but a smaller number may adjourn or recess from day to day and compel the attendance of absent members (Constitution, Article III, Section 10). In case a less number shall convene, the members present may send the Sergeant-at-Arms or any other person or persons for any or all absent members.

### Editorial Note

The exact text of Section 10 of Article III of the State Constitution is as follows:

"Two-thirds of each House shall constitute a quorum to do business, but a smaller number may adjourn from day to day, and compel the attendance of absent members, in such manner and under such penalties as each House may provide."

### Notes of Rulings

Twenty members of the Senate constitute a quorum when only 30 members have qualified (35 S.J. 2 C.S. 23, 32 (1917)).

The attendance of absentees may be enforced only on order of Senators present (48 S.J. Reg. 355 (1943)).

The attendance of absentees may be enforced although a quorum is present (48 S.J. Reg. 508 (1943)).

A point of order that no quorum is present does not deter continued transaction of business by Senate if in fact a quorum is known by the presiding officer to be present and he so announces (50 S.J. Reg. 417 (1947)).

The raising of a point of order that no quorum is present justifies an order by the presiding officer that the roll be called to ascertain the presence or absence of a quorum (50 S.J. Reg. 417 (1947)).

Under Senate Rule No. 5.02 . . . a motion to recess (or adjourn) until a later time on the same day is a proper motion (61 S.J. Reg. 945 (1969)).

A quorum of the Senate is present when 21 members answer the roll call (61 S.J. Reg. 954 (1969)).

There is a quorum of the Senate present when the last roll call taken by the Secretary shows that a quorum was present (61 S.J. Reg. 1926 (1969); 66 S.J. Reg. 514, 664 (1979); 67 S.J. Reg. 1483 (1981)).

## ABSENCES

**Rule 5.03.** The Senate determines that a member has a duty under his or her oath or affirmation of office and an obligation under the constitution and laws of this state to attend the sessions of the Senate, and a member shall not absent himself or herself from the sessions of the Senate without leave unless the member be sick or unable to attend.

### Editorial Note

Rule 16.06, Subdivision (7), provides that a vote of two-thirds of the members present shall be required "to excuse

- 17 -

Rule 5.03

> absentees." The main effect of granting leave to an absent member is that he is recorded "absent-excused" on all votes taken instead of "absent."

## CALL OF THE SENATE

**Rule 5.04.** It shall be in order to move a call of the Senate at any time to secure, to maintain, or to secure and maintain a quorum for the following purposes:

(1) for the consideration of a specific bill, resolution, or other measure;

(2) for a definite period of time or for the consideration of any particular class of bills.

When a call of the Senate is moved for one of the above purposes and seconded by five members and ordered by a majority of those present, the Doorkeeper shall close the main entrance to the floor of the Senate. All other doors leading from the floor of the Senate shall be locked and no member shall be permitted to leave the Senate without written permission of the presiding officer until after the subject matter upon which the call was ordered has been disposed of. The Secretary shall call the roll of members and note the absentees. Those for whom no sufficient excuse is made, by order of the majority of those present, may be sent for and arrested wherever they may be found and their attendance secured and retained by the Sergeant-at-Arms or officers appointed by the Sergeant for that purpose. The President of the Senate shall request a writ of mandamus from the Supreme Court of Texas compelling their return. Any service of notice or process made or required in connection with the mandamus or an order compelling the member's return adopted under this rule may be served upon the member's Capitol office and placed upon the member's desk by the Sergeant-at-Arms in lieu of personal service. The Senate shall determine upon what conditions they shall be discharged. Members who voluntarily appear shall, unless the Senate otherwise directs, be immediately admitted to the floor of the Senate, and they shall report their names to the Secretary to be entered upon the journal as present. Until a quorum appears, should the roll call fail to show one present, no business shall be done except to compel the attendance of absent members or to adjourn.

When a quorum is shown to be present, the Senate may proceed with the matters upon which the call was ordered or may enforce and await the attendance of as many of the absentees as it desires to have present. If the Senate decides to proceed, the Sergeant-at-Arms shall not be required to bring in other absentees unless so ordered by a majority vote of the Senate.

- 18 -

Rule 5.04

## Editorial Notes

After a call has been ordered and a quorum has been announced present, it is then proper for the Senate to resume the transaction of business, or, on the adoption of a motion to do so, to secure the attendance of one or more of the members still absent before resuming consideration of any business.

It is, no doubt, within the province of the Senate to adopt a rule authorizing the presiding officer of the Senate during a call of the Senate to issue to any absentee a written demand that the absentee attend the Senate's session and giving to the Sergeant-at-Arms or his deputies authority to serve and to enforce the demand by whatever means necessary.

## Notes of Rulings

The disclosure of the presence of a quorum during a call to secure and maintain a quorum does not automatically dissolve the call (32 S.J. Reg. 1274 (1911)).

A motion for a call of the Senate may not include a further provision to grant leaves of absence to certain members (43 S.J. Reg. 1654 (1933)).

A call of the Senate may not be ordered to maintain a quorum "until the final disposition" of a particular bill unless that bill is "pending before the Senate" (44 S.J. 1 C.S. 262 (1935)).

When under a call, the Senate may compel and await the attendance of all or any number of the absentees before proceeding to transaction of business (48 S.J. Reg. 355, 508 (1943)).

A roll call, following a point of "no quorum," which reveals the absence of a quorum, prevents further consideration of a bill that is being considered on passage to third reading until a quorum is present and permits a motion to be made that a call

- 19 -

Rule 5.04

> of the Senate be ordered for the purpose of securing and
> maintaining a quorum until the disposition of the bill (50 S.J.
> Reg. 1137, 1181 (1947)).
>
> A motion for a call of the Senate is not debatable (61 S.J.
> Reg. 1759 (1969)).

## ROLL CALL

**Rule 5.05.** Upon every roll call the names of the members shall be called
alphabetically by surname, except when two or more have the same surname, in which
case the name of the county shall be added.

## PRAYER BY CHAPLAIN

**Rule 5.06.** When there is a quorum present, prayer shall be offered by the
Chaplain or other person designated by the President of the Senate.

## READING OF JOURNAL

**Rule 5.07.** After the prayer, the journal of the preceding day shall be read
and corrected, if necessary.

## MORNING CALL

**Rule 5.08.** The President then shall call:

(1) for Senate bills and resolutions and House bills and resolutions
on first reading and referral to committee;

(2) for the introduction and consideration of resolutions;

(3) for messages and executive communications;

(4) for motions to print on minority reports;

(5) for other motions not provided herein, including but not limited
to motions to set a bill for special order, to reconsider, to print and not print bills, to

- 20 -

Rule 5.08

rerefer bills, to concur in House amendments to Senate bills, to not concur in House amendments to Senate bills, to request the appointment of conference committees, and to adopt conference committee reports.

This concludes the morning call, which the President shall announce to the Senate.

It shall not be in order, during the morning call, to move to take up a bill or resolution out of its regular order, and the presiding officer shall not recognize any Senator for the purpose of making any such motion or making a motion to suspend this rule.

### Editorial Note

A motion to set a bill for a special order may be made under Item (5) of this rule, and motions to reconsider, to print or not print bills, and to re-refer bills may properly be made under Item (5) of the morning call.

### ORDER OF CONSIDERING BILLS AND RESOLUTIONS

**Rule 5.09.** At the conclusion of the morning call, the Senate shall proceed to consider business on the President's table, which shall be disposed of in the following order:

(1) special orders;

(2) unfinished business;

(3) Senate Joint Resolutions;

(4) Senate Resolutions;

(5) Senate Concurrent Resolutions;

(6) Senate bills on third reading;

(7) Senate bills on second reading;

- 21 -

Rule 5.09

        (8) House Joint Resolutions;

        (9) House bills on third reading;

        (10) House bills on second reading;

        (11) House Concurrent Resolutions.

The above order is for Senate bill days, except as modified by any Joint Rules.

## Notes of Rulings

The order of business as set forth above may be changed by a two-thirds vote of the Senate (42 S.J. Reg. 1682 (1931)).

A House bill laid before the Senate as an unfinished special order should be disposed of before any other House bill which has been set for a special order is taken up for consideration (46 S.J. Reg. 1853 (1939)).

A motion to suspend the regular order of business is not in order while other business is pending under a rule suspension (46 S.J. Reg. 1886 (1939)).

The bill next on calendar is not to be passed over, due to author's absence (47 S.J. Reg. 397 (1941)).

A motion to suspend the regular order of business is not a debatable motion (61 S.J. Reg. 1101 (1969)).

## HOUSE BILL DAYS

**Rule 5.10.** On calendar Wednesday and calendar Thursday of each week, House Joint Resolutions and House bills on special order and on third and second readings, respectively, and House Concurrent Resolutions shall be taken up and considered until disposed of; provided in case one should be pending at adjournment

- 22 -

on Thursday, it shall go over until the succeeding calendar Wednesday as unfinished business.

## Notes of Rulings

A House bill, by a two-thirds vote, may be taken up and considered by the Senate on any day of the week (46 S.J. Reg. 635-636 (1939)).

When the Senate adjourns on Thursday of any week with a House bill pending, the bill then pending, whether it is a special order or not, may not be further considered until Wednesday of the next succeeding week unless the Senate by a two-thirds vote agrees to consider it further prior to that day (46 S.J. Reg. 1704 (1939)).

House bills may be considered in Senate under a suspension of the regular order of business on days other than calendar Wednesday and calendar Thursday (48 S.J. Reg. 1051 (1943)).

When a member is discussing a Senate bill on calendar Monday or calendar Tuesday (which are considered Senate bill days in the Senate) and 12:01 o'clock a.m. Wednesday arrives (which is considered a House bill day in the Senate), no further discussion may be had on the Senate bill (61 S.J. Reg. 956 (1969)).

Consideration of a Senate bill taken up out of order on a Senate bill day may not be continued when a House bill day arrives (66 S.J. Reg. 1355 (1979)).

A House Concurrent Resolution taken up in its calendar order on a House bill day may not be further considered when a Senate bill day arrives (71 S.J. 1 C.S. 73 (1989)).

When rules have been suspended to permit consideration of a Senate bill on a House bill day, an additional suspension is

Rule 5.10

> not required to permit consideration to continue when a Senate
> bill day arrives (73 S.J. Reg. 1082 (1993)).

## SPECIAL ORDERS

**Rule 5.11.** (a) Any bill, resolution, or other measure may on any day be made a special order for a future time of the session by an affirmative vote of two-thirds of the members present.

(b) A special order shall be considered at the time for which it is set and considered from day to day until disposed of, unless at the time so fixed there is pending business under a special order, but such pending business may be suspended by a two-thirds vote of all the members present. If a special order is not reached or considered at the time fixed, it shall not lose its place as a special order. All special orders shall be subject to any Joint Rules and Rule 5.10.

(c) Upon the affirmative vote of four-fifths of the members present, a special order may be reset to an earlier time than previously scheduled.

### Editorial Notes

> A bill once set as a special order does not lose its place on
> the calendar of special orders if not taken up at the hour for which
> it is set.

> A special order, the hour for the consideration of which
> has arrived, takes precedence of the unfinished business unless
> the unfinished business is itself a special order.

### Notes of Rulings

> A bill being considered as a special order that is laid on the
> table subject to call is no longer a special order (43 S.J. Reg. 980
> (1933)).

> Refusal of Senate to set bill as special order for a certain
> hour does not prevent a motion's being made and adopted

- 24 -

immediately thereafter to set the bill as a special order for a different specified hour (45 S.J. Reg. 860 (1937)).

An affirmative vote of two-thirds of all Senators present including those who ask to be recorded as "present-not voting" is required to set a special order (49 S.J. Reg. 427 (1945)).

The motion to set a bill for a special order is not a proper substitute for a motion to suspend the regular order of business and take up a bill for immediate consideration (50 S.J. Reg. 1055 (1947)).

When the business before the Senate is a special order, the order of business may be suspended in order to consider other business (61 S.J. Reg. 2034 (1969)).

A motion to set a bill for special order may be made when the Senate is not in morning call (67 S.J. Reg. 1430 (1981)).

When the time set for consideration of a special order arrives, the special order displaces pending business (67 S.J. Reg. 1449 (1981)).

A motion to suspend the regular order of business is not in order when the time set for consideration of a special order has arrived (67 S.J. Reg. 1558 (1981)).

## REGULAR ORDER OF BUSINESS

**Rule 5.12.** (a) Bills and resolutions shall be considered on second reading and shall be listed on the daily calendar of bills and resolutions on the President's table for second reading in the order in which the committee reports on them are received by the Senate. Upon the filing of a committee report on a bill or resolution as provided by Rule 11.12, the Secretary of the Senate shall note the date and time the report was filed. The Journal Clerk shall record the order in which the committee report was received in the Senate Journal for the day on which the Senate next convenes.

Rule 5.12

(b) Bills and resolutions shall be considered on third reading in the order in which they were passed on second reading.

### Editorial Notes

On the very important matter of the order of considering each of the several bills reported from committees, the rules of the Senate were silent until Senate Rule 5.12 was amended on June 6, 1947, to provide that bills be placed on the calendars of Senate and House bills on the President's table in the order in which the committee reports on the bills are submitted by the respective chairmen from the floor. Bills are listed for consideration on third reading in the order in which they have been passed by the Senate to engrossment or to third reading.

The Senate Agenda is prepared daily and lists the bills in their order of consideration.

### Notes of Rulings

A bill may not be considered by the Senate which has not been reported from a committee (44 S.J. Reg. 713 (1935)).

A report of a committee on a bill may be received only, and the question of its adoption is not voted on by the Senate (42 S.J. 1 C.S. 748 (1931)).

### SUSPENSION OF THE REGULAR ORDER OF BUSINESS

**Rule 5.13.** No bill, joint resolution, or resolution affecting state policy may be considered out of its regular calendar order unless the regular order is suspended by a vote of two-thirds of the members present.

### Notes of Rulings

By suspending the regular order of business, the Senate may take up a bill before the day to which it previously was postponed (67 S.J. Reg. 1057 (1981)).

- 26 -

A motion to suspend the regular order of business is not in order when the time set for consideration of a special order has arrived (67 S.J. Reg. 1558 (1981)).

## INTENT CALENDAR

**Rule 5.14.** (a) During a regular session of the Legislature, any member who desires to suspend the regular order of business and take up a bill, joint resolution, or resolution out of its regular order shall give notice of such intent to the Secretary of the Senate, in a manner specified by the Secretary, not later than 3:00 p.m. on the last preceding calendar day that the Senate was in session. Unless the printing rule has been previously suspended, no bill, joint resolution, or resolution shall be eligible to be placed on the Intent Calendar unless at the time that the notice is given to the Secretary of the Senate the bill, joint resolution, or resolution has been printed and furnished to each member of the Senate. Notice must be given from day to day. No member may give notice on more than three bills or resolutions prior to April 15 or on more than five bills or resolutions on or after April 15.

(b) Before the 130th calendar day of the regular session, the Senate may not suspend the regular order of business and take up a bill, joint resolution, or resolution until the second day the bill, joint resolution, or resolution has been posted on the Intent Calendar.

(c) The Secretary shall prepare a list of all legislation for which notice has been given. The list must be made available to each member of the Senate and to the press no later than 6:30 p.m. on the day the notice is filed.

(d) No provision of this rule may be suspended except by vote of four-fifths of the members present.

## RULINGS BY PRESIDENT

**Rule 5.15.** Every question of order shall in the first instance be decided by the President, from whose decision any member may appeal to the Senate. Rulings which set or alter precedent shall be printed as an annotation to the rules.

### Editorial Notes

A member called to the chair pending an appeal does not entertain any motions nor accept any further point of order.

Rule 5.15

The President of the Senate may refuse to rule on a point of order relating to the constitutionality of the substance of a proposition or on one that does not relate to any question of procedure or practice.

For an instance of when the chair refused to sustain a point of order challenging compliance with a constitutionally required procedure because the Constitution, laws, rules of the Senate, and official records of the Senate did not provide a basis on which to determine compliance, see 74 S.J. Reg. 2458-2461 (1995).

For an instance of when the chair submitted a point of order directly to the Senate for its determination, see 71 S.J. 2 C.S. 554 (1989).

## Notes of Rulings

The constitutionality of a bill or resolution should not be ruled on by the presiding officer of the Senate (61 S.J. Reg. 2034 (1969)).

For an instance of when the chair refused to rule on whether a bill authorizes suspension of laws in violation of the Constitution, see 68 S.J. Reg. 835 (1983).

## ARTICLE VI
## MOTIONS

## MOTIONS AND THEIR PRECEDENCE

**Rule 6.01.** (a) When a question is under consideration by the Senate, no motion shall be made except:

(1) to fix the day to which the Senate shall adjourn or recess;

(2) to adjourn or recess;

- 28 -

Rule 6.01

(3) to proceed to the transaction of executive business;

(4) the previous question;

(5) to lay on the table;

(6) to lay on the table subject to call;

(7) to postpone to a time certain;

(8) to commit;

(9) to amend;

(10) to postpone indefinitely.

These several motions have precedence in the order named. It shall be in order to make any number of the above motions before any vote is taken, but the votes shall be taken on all such motions made in the order of the precedence above stated.

(b) Upon compliance with pertinent Senate Rules, motions addressing House amendments to Senate bills, resolutions suspending the constitutional limitation on spending, resolutions suspending conference committee limitations, appointment of conference committees, and conference committee reports are privileged and may be taken up at any time when no other matter is pending before the Senate.

### Editorial Notes

Rule 6.01 apparently prevents a motion to suspend a pending question for the purpose of taking up another, but the Senate's presiding officers have recently interpreted Item (12) of Rule 16.06 to mean that any rule of the Senate may be amended, suspended, or rescinded by a two-thirds vote at any time and that a motion to suspend Rule 6.01 and any other interfering rule in order to take up for immediate consideration a question different from the one pending is in order. However, an undebatable privileged question that is pending or a question that is itself under consideration as the result of a rule suspension should be

Rule 6.01

disposed of by the Senate before another question is taken up under a suspension of the rules. No rule suspension, of course, is in order during the morning call.

There are several kinds of motions to amend, which motions have precedence in the order named below:

1. Committee amendments and amendments by the author or Senator in charge of the bill offered from the floor to the body of the bill.

2. Other amendments offered from the floor to the body of the bill.

3. Amendments to the caption of the bill.

4. Amendments to strike out the enacting clause of a bill.

If a bill is considered section by section, an amendment is not in order except to the section under consideration. After all of the sections have been considered separately, the whole bill is open for amendment.

### Notes of Rulings

#### Adjourn

(See also Rules 6.21 and 6.22.)

After a motion to adjourn has been made no business may precede a vote on the motion except by unanimous consent (43 S.J. Reg. 906 (1933)).

#### Table

A motion to table report of conference committee is not in order (47 S.J. Reg. 1128 (1941)).

- 30 -

Rule 6.01

## Table Subject to Call

A motion to table a bill subject to call is not a proper substitute motion for a motion to set a bill as special order (45 S.J. Reg. 1426 (1937)).

A motion to call from the table a bill tabled subject to call is not in order while joint resolution on passage to third reading is pending (49 S.J. Reg. 820 (1945)).

The motion to table subject to call is not debatable (51 S.J. Reg. 1336 (1949)).

## Postpone

When the hour to which a bill postponed to a time certain arrives, the postponed measure does not immediately displace a special order (or other matter) already under consideration by the Senate (45 S.J. Reg. 1854 (1937)).

## Commit

A motion to recommit a bill permits discussion of the merits of the bill (42 S.J. Reg. 496 (1931)).

## Amend

[For rulings relating to germaneness of amendments, see under Rule 7.15.]

An amendment directly contrary to and including the same subject matter as an amendment previously adopted is not in order (42 S.J. Reg. 242 (1931)).

An amendment defeated at a particular stage of a bill may not be again submitted at the same stage of the bill (42 S.J. 1 C.S. 647 (1931)).

- 31 -

Rule 6.01

Amendment having the same effect as an amendment which has been defeated is not in order (42 S.J. 2 C.S. 95 (1931)).

A single substitute for both an amendment and an amendment to an amendment is in order (43 S.J. Reg. 1367 (1933); 44 S.J. 2 C.S. 24 (1935)).

An amendment that has been tabled may not be offered again at the same stage of the bill (44 S.J. Reg. 156 (1935)).

A substitute for a substitute is not in order (44 S.J. Reg. 613 (1935)).

Matter identical with that stricken from a bill by amendment may not be re-inserted at the same stage by further amendment (44 S.J. Reg. 867 (1935)).

An amendment accomplishing same result as defeated amendment but different in text and inserted in bill at different place is in order (45 S.J. Reg. 622 (1937)).

An amendment containing only one of several provisions contained in a defeated amendment is in order (45 S.J. Reg. 1348 (1937)).

An amendment, defeated at one stage of a bill, is again in order when the bill has reached another stage (45 S.J. Reg. 1642 (1937)).

An amendment changing only load limit in bill relating to weight of trucks is a proper substitute for amendment striking out all after enacting clause and inserting new text (47 S.J. Reg. 475 (1941)).

An amendment inserted in a bill by an amendment is not subject to change at same stage of bill (48 S.J. Reg. 841 (1943)).

Rule 6.01

A substitute for an amendment is not in order if the substitute relates to a different subject matter (49 S.J. Reg. 436 (1945)).

An amendment to a joint resolution, defeated when the resolution is on passage to engrossment, may be offered again when resolution is on final passage (49 S.J. Reg. 444 (1945)).

A point of order that a line and word reference in a proposed amendment is incorrect does not deter consideration of the amendment containing the reference (50 S.J. Reg. 422 (1947)).

An amendment making it mandatory that the salaries of certain county officers be raised is not in order, after the adoption (at the same stage of the bill) of an amendment that makes the raising of those salaries permissive instead of mandatory (50 S.J. Reg. 826 (1947)).

An amendment that has been tabled may not be again considered at the same stage of the bill, even though it is resubmitted as only one of two distinct propositions in another amendment (51 S.J. Reg. 183 (1949)).

An amendment substantially different in any particular from one defeated would not be out of order because of its similarity to the defeated amendment (51 S.J. Reg. 628 (1949)).

An amendment that does not indicate the portion of a bill it seeks to change is not in order (51 S.J. 1 C.S. 95 (1950)).

## LIMITATION OF DEBATE ON MOTIONS

**Rule 6.02.** No debate shall be allowed on a motion to lay on the table, for the previous question, or to adjourn or recess; provided, however, that the author of a measure or whichever one of the several authors of the same may be by them selected so to do shall have the right, when a motion to lay on the table shall have been made,

- 33 -

Rule 6.02

to close the debate, which privilege the member may yield to any other Senator subject to all of the Rules of the Senate.

## Editorial Note

If the member having the right to close after a motion to table yields his right to another Senator, he is not permitted himself to debate the question any further.

## Notes of Rulings

The substance of a bill may be stated under a motion to suspend the order of business to take up for consideration (35 S.J. Reg. 1149 (1917)).

The motion to reconsider is debatable unless the proposition upon which the motion to reconsider is made is not debatable (44 S.J. Reg. 368-369 (1935)).

The motion to table subject to call is not debatable (46 S.J. Reg. 479 (1939)).

A resolution to fix date of sine die adjournment is debatable (47 S.J. Reg. 1902 (1941)).

When an amendment to a bill is pending, all debate must relate to the amendment (49 S.J. Reg. 1019 (1945)).

The motion to suspend the regular order of business is not debatable, but a limited explanation of the bill to which any such motion applies is permitted (50 S.J. Reg. 1349 (1947)).

The author of a bill who has moved to suspend a rule so that the bill might be introduced may explain it briefly (51 S.J. Reg. 502 (1949)).

A motion for a Call of the Senate is not debatable (61 S.J. Reg. 1759 (1969)).

Rule 6.02

A congratulatory resolution when offered is not debatable and therefore may be considered immediately or referred to a committee by the presiding officer (61 S.J. 1 C.S. 124 (1969)).

No debate is allowed on the motion to table (67 S.J. Reg. 1483 (1981)).

A motion to suspend the three-day rule is not debatable (68 S.J. Reg. 1922 (1983)).

## WRITTEN MOTIONS

**Rule 6.03.** All motions shall be reduced to writing and read by the Secretary, if desired by the presiding officer or any Senator present.

### Note of Ruling

After the commencement of a roll call on the question of agreeing to a motion to suspend the regular order of business, a Senator may not interrupt the roll call to demand that the motion be submitted in writing and may not then insist as a matter of right that the motion be reduced to writing  (50 S.J. Reg. 602 (1947)).

## WITHDRAWAL OF MOTION

**Rule 6.04.** After a motion has been stated by the President or read by the Secretary, it shall be deemed to be in possession of the Senate, but it may be withdrawn at any time before it has been amended or decided.

### Note of Ruling

An amendment may be withdrawn by its author at any time before it has been voted on, even when a Senator is debating it; and its withdrawal cuts off immediately any further discussion of it  (50 S.J. Reg. 1237 (1947)).

Rule 6.05

## MOTIONS TO FIX SUM OR STATE TIME

**Rule 6.05.** On a motion to fix a sum or state a time, the largest sum and the longest time shall have precedence.

## DIVISION OF QUESTION

**Rule 6.06.** Any member may have the question before the Senate divided, if it be susceptible of a division, into distinct questions. On a motion to strike out and insert, it shall not be in order to move for a division of the question, and the rejection of a motion to strike out and insert one proposition shall not prevent a motion to strike out and insert a different proposition or prevent a subsequent motion simply to strike out. The rejection of a motion simply to strike out shall not prevent a subsequent motion to strike out and insert.

### Note of Ruling

A motion that Senate Rule 5.09 and the regular order of business be suspended and a certain general bill be laid out is not susceptible of division if Senate Rule 5.09, which relates to the order of business, is the only Senate rule banning the laying out of the bill and its immediate consideration by the Senate (50 S.J. Reg. 1239 (1947)).

## MOTION TO TABLE

**Rule 6.07.** A motion to table shall only affect the matter to which it is directed, and a motion to table an amendment shall never have the effect of tabling the entire measure.

## MOTIONS TO REFER OR COMMIT

**Rule 6.08.** Any bill, petition, or resolution may be referred from one committee or subcommittee to another committee or subcommittee if the motion is approved by the chairs of both committees involved and by a two-thirds vote of the members present and voting. Any bill, petition, or resolution may be committed to any committee or subcommittee at any stage of the proceedings on such bill, petition, or resolution by a majority vote of the elected members of the Senate. A bill or joint

- 36 -

resolution committed to a committee or subcommittee while on third reading shall be considered as on its second reading if reported favorably back to the Senate.

When several motions shall be made for reference of a subject to a committee, they shall have preference in the following order:

      First:  To a Committee of the Whole Senate

      Second:  To a standing committee

      Third:  To a standing subcommittee

      Fourth:  To a special committee.

## PREVIOUS QUESTION

**Rule 6.09.** Pending the consideration of any question before the Senate, any Senator may call for the previous question, and if seconded by five Senators, the presiding officer shall submit the question: "Shall the main question be now put?" If a majority of the members present and voting are in favor of it, the main question shall be ordered, the effect of which shall be to cut off all further amendments and debate and bring the Senate to a direct vote--first upon pending amendments and motions, if there be any, then upon the main proposition.  The previous question may be ordered on any pending amendment or motion before the Senate as a separate proposition and be decided by a vote upon said amendment or motion.

### Editorial Notes

After the previous question has been ordered, no motions are in order until the question or questions on which it is ordered have been voted upon, except the motions to adjourn, for a call of the Senate and to reconsider the vote by which the previous question was ordered, and the motion to reconsider can be made only once.

It has also been held that a motion may be withdrawn after the previous question has been ordered on it. (See 46 S.J. Reg. 2112-2113 (1939); 50 S.J. Reg. 1237 (1947).)

Rule 6.09

## Notes of Rulings

The previous question may not be ordered on final passage of bill prior to its being placed on third reading (35 S.J. Reg. 1063 (1917)).

When the main question has been ordered but not voted on, a member is not entitled to speak on a question of personal privilege (42 S.J. Reg. 1203; 42 S.J. 1 C.S. 675 (1931)).

The previous question may not be moved to include the votes to be taken on a bill or on any subsidiary motions applied to it at a more advanced stage (42 S.J. 1 C.S. 675 (1931)).

It is not in order to speak to a question of personal privilege after the previous question has been ordered (43 S.J. Reg. 691 (1933)).

A motion may be made (even by a Senator not voting on the prevailing side) to rescind the "action and vote of the Senate" in ordering the previous question (45 S.J. Reg. 432 (1937)). (A vote of two-thirds of all members present is required to suspend, rescind, or amend any rule of the Senate.)

The vote by which the main question is ordered on series of questions may be reconsidered after vote has been taken on one or more of the questions (45 S.J. 2 C.S. 82 (1937)).

The motion for the previous question on a bill may be made and voted on after the previous question has been ordered on a proposed amendment to the bill and before a vote has been taken on the amendment (46 S.J. Reg. 2041 (1939)).

A motion for previous question is not in order immediately after defeat of same motion (47 S.J. Reg. 1743 (1941)).

The constitutional rule (Section 32 of Article III) calling for "free discussion" on a bill does not prevent the making of a

- 38 -

motion for the previous question on the passage of a bill or prevent the Senate's ordering the main question on the bill as provided for in its own rule relating to the previous question. The Senate determines by its vote on the motion for the previous question whether or not the constitutional rule has been complied with (50 S.J. Reg. 1174 (1947)).

A motion for the previous question may be put at the same time on a motion to re-refer a bill from one committee to another committee and also a substitute motion that the same bill be referred from the original committee to still another committee (61 S.J. Reg. 1762 (1969)).

## RECONSIDERATION

**Rule 6.10.**  (a)  After a question shall have been decided, either in the affirmative or negative, any member voting with the prevailing side may, at any time on the same legislative day in which the vote was taken or on the next legislative day, move the reconsideration thereof.  If the motion to reconsider is successful, the question shall immediately recur on the question reconsidered.

(b)  When a bill, resolution, report, amendment, order, or message upon which a vote was taken shall have gone out of the possession of the Senate and have been delivered to the House of Representatives or to the Governor, the motion to reconsider shall be preceded by a motion to request the House or the Governor to return same, which if determined in the negative shall be a final disposition of the motion to reconsider.  If the motion to request the House or the Governor to return same is successful, the motion to reconsider shall be acted upon after the return of the bill, resolution, report, amendment, order, or message to the possession of the Senate.

### Editorial Notes

If a vote on a Senate bill is reconsidered on House bill day, the bill itself may not be considered in the Senate until the arrival of a Senate bill day.

Under Senate Rule 6.10, recalling is made the first requirement for further considering a bill passed by the Senate

Rule 6.10

and sent to the House. Hence, a motion or resolution to recall the bill is privileged.

A motion to reconsider the vote by which the previous question has been ordered may be made by any Senator voting to order it; and in case the vote is not a "yea and nay" recorded vote, it may be made by any Senator who was present for that vote.

## Notes of Rulings

Reconsideration of a vote recommitting a bill has the immediate effect of placing the bill back to its status before the motion to recommit prevailed (34 S.J. Reg. 250 (1915)).

Reconsideration of vote by which a bill passed to engrossment places the bill back before the Senate just as it was before the vote on its engrossment was taken (37 S.J. Reg. 578 (1921)).

A motion to reconsider a vote may be made on the first day after the vote is taken on which there is a quorum of the Senate present (38 S.J. Reg. 619 (1923)).

Vote on adoption of amendment, adopted on second reading of a bill that is later ordered engrossed, may not be reconsidered until vote on passage of bill to engrossment has been reconsidered (40 S.J. Reg. 388 (1927)).

The motion to reconsider a vote is not debatable when the motion on which the vote was taken is not debatable (40 S.J. Reg. 415 (1927)).

Upon reconsideration of the vote on a House bill, it automatically takes its place on the calendar of House bills on the President's table for consideration by the Senate (42 S.J. Reg. 608 (1931)).

A motion to adopt a conference committee report on joint resolution is in order at any time, and without a reconsideration

- 40 -

of a previous adverse vote on the report (44 S.J. Reg. 1812 (1935)).

A motion to reconsider a vote is not debatable if at the time the vote was taken the previous question on the proposition voted on had been ordered (44 S.J. 1 C.S. 219 (1935)).

The motion to reconsider the vote on the passage of a bill must be made on the same day the bill was passed to engrossment or on the next succeeding legislative day (46 S.J. Reg. 1129 (1939)).

A bill may be recalled from the House before motion is made to reconsider vote on its passage (46 S.J. Reg. 1209 (1939)).

The vote by which a conference report has been adopted by the Senate may be reconsidered by the Senate and the bill recalled from the Governor although the bill has been enrolled, signed by the presiding officers of each House, and presented to the Governor (46 S.J. Reg. 1437 (1939)).

Debate of motion to reconsider vote by which main question ordered is not in order (47 S.J. Reg. 2258 (1941)).

A motion to reconsider a vote must be made on the same day the vote is taken or on the next legislative day (49 S.J. Reg. 807 (1945)).

The motion to reconsider a vote may not be made by a member who is not recorded as having voted on the prevailing side if the vote was a "yea and nay" recorded vote (49 S.J. Reg. 1019, 1214 (1945)).

A motion to reconsider the vote by which a motion to table has prevailed may not be made (50 S.J. Reg. 805 (1947)).

A concurrent resolution to recall for further consideration a bill passed by the Senate is in accord with Senate Rule 6.10 and

- 41 -

Rule 6.10

      is privileged (51 S.J. 1 C.S. 120 (1950)). (See also Hinds'
Precedents, 5, 5669-5671.)

## SPREADING MOTION TO RECONSIDER ON JOURNAL

**Rule 6.11.** At any time before the expiration of the next legislative day
following that on which the vote was taken, a motion to reconsider a vote may be made
by any Senator who is permitted by Rule 6.10 to make it, and the maker of the motion
may accompany it with a request that it be spread on the journal to be called up and
acted on at a later time, which request shall be granted unless another Senator demands
immediate action thereon. In case a motion to reconsider that has been spread upon the
journal is not called up to be acted on by the Senate within five legislative days after
it has been made, it shall not thereafter be called up or acted upon. Any such motion
that has been made during the last six days of the session that has not been called up
before the final 24 hours of the session shall not thereafter be called up or acted upon
by the Senate. In all cases, a motion to reconsider shall be decided by a majority vote.

## DEMAND FOR IMMEDIATE RULING

**Rule 6.12.** Pending the consideration or discussion of any point of order
before the presiding officer and the Senate, or either, any Senator may demand that the
point of order be immediately decided, and if seconded by 10 Senators, the presiding
officer shall submit the question: "Shall the point of order be now decided?" If a
majority vote in favor of it, the point of order shall immediately be decided by the
presiding officer, and if an appeal from the presiding officer's decision is taken, the
appeal shall be immediately decided by the Senate without debate.

### Editorial Note

      The President of the Senate is required by the Rules of the
Senate to decide questions of order, but he is not required to rule
on the constitutionality of the substance or content of any
proposed law, resolution, or amendment. He usually decides
questions as to the constitutionality of a certain procedure or as to
the Senate's constitutional jurisdiction, but he usually submits to
the Senate for its decision questions as to the constitutionality of
the substances or content of any proposal. (See also Rule 5.15
and notes following it.)

Rule 6.13

## DISPENSE WITH READING OF PAPERS

**Rule 6.13.** When the reading of a paper is called for and the same is objected to by any member, it shall be determined by a majority vote of the Senate and without debate.

### Notes of Rulings

The Senate may determine whether a Senator who is explaining a bill prior to a vote on a motion to permit its introduction may read the bill in full (51 S.J. Reg. 502 (1949)).

Although the Senate on a previous occasion has ordered the full reading of a certain bill dispensed with, a full reading may be called for when the bill is again before the Senate for consideration and may be dispensed with only on order of the Senate (51 S.J. Reg. 503 (1949)).

A Senator addressing the Senate on the question of whether or not the Senate shall concur in the House amendments to a bill may read in full a legal opinion relating to the subject matter of the amendments unless the Senate orders its reading discontinued (51 S.J. Reg. 603-604 (1949)).

A second reading of an amendment in full may be dispensed with by order of the Senate (51 S.J. Reg. 625, 628 (1949)).

## MODE OF STATING AND VOTING UPON QUESTIONS

**Rule 6.14.** All questions shall be distinctly put by the President and the members shall signify their assent or dissent by answering "yea" or "nay."

### Note of Ruling

After a roll call has been ordered and before the calling of the roll has commenced, it is not in order for a member to address the Senate (44 S.J. 2 C.S. 83 (1935)).

- 43 -

Rule 6.15

## CALLS FOR YEAS AND NAYS REQUIRED

**Rule 6.15.** (a) Upon the final passage of all amendments proposed to the Constitution, all bills appropriating money or lands for any purpose, all bills containing an immediate effect clause, all motions to suspend the constitutional three-day rule, and all questions requiring a vote of two-thirds of the members elected, the presiding officer shall call for the yeas and nays, and they shall be entered in the journal. Upon all other questions requiring a vote of two-thirds of the members present, including a motion to suspend the rules, the presiding officer shall determine if there is objection and, if so, call for the yeas and nays, but they shall not be entered into the journal unless required under Subsection (b) of this rule. If no objection is made, the journal entry shall reflect a unanimous consent vote of the members present without necessity of a roll call of yeas and nays.

(b) At the desire of any three members present, the yeas and nays shall be entered on the journal, and the names of the members present and not voting shall be recorded immediately after those voting in the affirmative and negative, and such members shall be counted in determining the presence of a quorum. (Constitution, Article III, Section 12)

(c)(1) Any nonprocedural motion adopted by voice vote, without objection, or with unanimous consent shall be reflected in the journal by showing members present as "yea", unless a member registers otherwise with the Secretary of the Senate.

(2) The following statement shall be entered in the journal after each vote taken as provided in Subdivision (1) of this subsection:

"All members are deemed to have voted 'Yea' except as follows:

Nays:
PNV:
Absent-Excused:
Absent:"

(d) A member must be on the floor of the Senate or in an adjacent room or hallway on the same level as the Senate floor or gallery in order to vote; but a member who is out of the Senate when a record vote is taken and who wishes to be recorded shall be permitted to do so provided:

(1) the member was out of the Senate temporarily, having been recorded earlier as present;

- 44 -

Rule 6.15

(2) the vote is submitted to the Secretary of the Senate prior to adjournment or recess to another calendar day; and

(3) the recording of the member's vote does not change the result as announced by the chair.

(e) Once begun, a roll call may not be interrupted for any reason.

### Editorial Note

Verification of a "yea and nay" vote is not provided for by any rule, but when a vote is close, it has been the practice for the presiding officer to order a verification when requested by any member to do so.

## MEMBERS REFUSING TO ANSWER
## RECORDED PRESENT

**Rule 6.16.** Upon a roll call of the Senate, should any member who is on the floor of the Senate fail or refuse to answer the call of the roll, the Secretary of the Senate shall, under the direction of the President of the Senate, record such member as present.

### PAIRED VOTES

**Rule 6.17.** If a member who is absent desires to be recorded on a pending question, the member may cast a paired vote by signing a pair slip which indicates the member's "yea" or "nay" vote with a member who is present and casting an opposite vote, if the member who is present so desires. Pair slips must be signed by both the absent and present member and filed with the Secretary of the Senate before the vote. The paired votes of the present and absent members shall be recorded as an expression of opinion on the matter considered but shall not be counted in the total of votes for or against the measure or motion. However, the member present shall be counted to make a quorum.

## LIEUTENANT GOVERNOR TO GIVE
## CASTING VOTE

**Rule 6.18.** If the Senate be equally divided on any question, the Lieutenant Governor, if present, shall give the casting vote. (Constitution, Article IV, Section 16)

Rule 6.18

### Editorial Note

A vote on a motion to refer a resolution was yeas 15, nays 15. Lieutenant Governor A. B. Davidson voted "nay" and declared the motion lost. A second vote was taken on a motion to refer to another committee and resulted in a tie. Lieutenant Governor Davidson voted "nay" and declared the motion lost (32 S.J. Reg. 938-939 (1911)).

### EFFECT OF TIE VOTE WHEN LIEUTENANT GOVERNOR ABSENT

**Rule 6.19.** If the Senate is equally divided on any question when the Lieutenant Governor is not present, such question or motion shall be lost.

### VETOED BILLS

**Rule 6.20.** A vote of two-thirds of all members elected to the Senate shall be required for the passage of House bills that have been returned by the Governor with his objections, and a vote of two-thirds of the members of the Senate present shall be required for the passage of Senate bills that have been returned by the Governor with his objections. (Constitution, Article IV, Section 14)

### Editorial Note

A specific case in which the vote of yeas and nays did not pass the bill over the Governor's veto is found at 47 S.J. Reg. 2478 (1941).

### ADJOURNMENT

**Rule 6.21.** A motion to adjourn or recess shall always be in order and shall be decided without debate, and the Senate may adjourn or recess while operating under the previous question.

### Editorial Note

The motion to recess or adjourn is not debatable, and the maker of either motion may not hold the floor to the exclusion of other Senators who might want to move to adjourn or recess to a

different hour. After a series of such motions has been made, the motions must be voted on immediately.

## Notes of Rulings

A concurrent resolution containing a provision that "no date for adjournment be fixed until the appropriation bills have been passed and all important measures upon the calendar have been disposed of" was held out of order by Lieutenant Governor Lynch Davidson, because it sought "to deny the Legislature its constitutional right to adjourn at any time it desires" (37 S.J. Reg. 392 (1921)).

The Legislature may repeal or set aside a resolution setting a future date and hour for sine die adjournment, and a resolution setting a new time for sine die adjournment is in order, and only a majority vote is required to adopt it (42 S.J. Reg. 1656, 1682 (1931)).

The Legislature may repeal or set aside a resolution setting a date for sine die adjournment (42 S.J. Reg. 1656 (1931)).

A resolution setting a new time for sine die adjournment is in order and requires only a majority vote to adopt it (42 S.J. 2 C.S. 189 (1931)).

A motion to adjourn may not be made immediately after the defeat of a series of motions to adjourn and recess (51 S.J. Reg. 577 (1949)).

Under Senate Rule 5.02 which states that "two-thirds of all of the Senators elected shall constitute a quorum but a smaller number may adjourn (or recess) from day to day," a motion to recess (or adjourn) until a later time on the same day is a proper motion (61 S.J. Reg. 945 (1969)).

A motion to adjourn or recess is not a proper motion where further business has not been transacted by the Senate since a previous motion to adjourn or recess had been made and defeated (61 S.J. Reg. 1059 (1969)).

Rule 6.22

## ADJOURNMENT OF SENATE FOR MORE THAN THREE DAYS

**Rule 6.22.** The Senate shall not adjourn or recess for more than three days or to any other place than that in which it may be sitting, without the concurrence of the House of Representatives. (Constitution, Article III, Section 17)

### Note of Ruling

An adjournment from Thursday to Monday is not for more than three days, and consent of the House to such an adjournment by the Senate is not needed (49 S.J. Reg. 640 (1945)).

## ARTICLE VII
## INTRODUCTION AND PASSAGE OF BILLS

### CUSTODIAN OF BILLS AND RESOLUTIONS

**Rule 7.01.** The Calendar Clerk shall be the official custodian of the bills and resolutions pending in the Senate, and the same may not be withdrawn from the custody of such clerk without the consent of the Senate.

### CAPTION RULE

**Rule 7.02.** Each bill must include a caption beginning with the words "A Bill to be Entitled an Act" to be followed by a brief statement that gives the Legislature and the public reasonable notice of the subject of the proposed measure. (Constitution, Article III, Sections 29 and 35)

### Note of Ruling

A bill which enacts, amends, or repeals general law may contain an appropriation necessary to accomplish the main object of the bill and does not violate the single-subject limitation of Article III, Section 35, Texas Constitution (71 S.J. 2 C.S. 43-44 (1989)).

- 48 -

## ANNOUNCEMENT OF STAGE OF BILL

**Rule 7.03.** The President shall, at each reading, announce whether the bill originated in the Senate or House of Representatives and whether it be the first, second, or third reading.

## FILING BILLS

**Rule 7.04.** (a) Beginning the first Monday after the general election preceding the next regular legislative session or within 30 days prior to any special session, it shall be in order to prefile with the Secretary of the Senate bills for introduction in that session.

(b) During the session bills may be filed for introduction with the Secretary at any time.

(c) Upon receipt of the bills the Secretary of the Senate shall number them and make them a matter of public record, available for distribution. Once a bill has been filed it may not be recalled.

### Notes of Rulings

The Senate may not grant by vote or by unanimous consent permission to a member to introduce a bill not within Governor's call (43 S.J. 1 C.S. 24 (1933)).

A point of order, made and sustained at a special session, that a bill (which has been read second time) is not within the Governor's call prevents any further consideration of it at that session (43 S.J. 2 C.S. 27 (1934)).

A bill making an appropriation for the activation of an agency to distribute surplus commodities to state hospitals and special schools and for certain other related purposes is within the call of the Governor for a special session "to make and to finance such appropriations as the Legislature may deem necessary for State hospitals and special schools . . . ." (51 S.J. 1 C.S. 161 (1950)).

- 49 -

Rule 7.05

## INTRODUCTION AND FIRST READING
## OF BILLS

**Rule 7.05.** (a) Senate bills shall be considered introduced when first read in the presence of the Senate.

(b) Senate bills filed for introduction, and House bills received by the Senate, shall be read on first reading at the appropriate point in the morning call.

## REFERRAL OF BILLS

**Rule 7.06.** (a) The President shall refer each bill to a proper committee or standing subcommittee and shall cause such referral to be announced when the bill is first read.

(b) No action shall be taken on a bill accepting, rejecting, or amending it until the bill has been reported on by a committee.

### Editorial Notes

This rule clearly forbids tabling a bill that has not been reported from a committee. The practice of tabling a bill not properly before the Senate for consideration is not in accordance with good parliamentary practice, since the practice deprives the sponsors of a fair opportunity of protecting the life of the bill.

Lieutenant Governor Barry Miller declined to refer a bill that had been presented for introduction at a called session, holding that it was not covered by the call of the Governor (41 S.J. 5 C.S. 9, 14 (1930)). (See also Appendix under heading Jurisdiction -- Special Sessions.)

### Note of Ruling

A motion to re-refer a bill is in order at any time there is not another question already before the Senate for immediate consideration (51 S.J. Reg. 755-756 (1949)).

- 50 -

## LIMITATIONS ON INTRODUCTION

**Rule 7.07.** (a) A bill may be introduced at any time during the first 60 calendar days of the regular session and may be referred to the proper committee and disposed of under the rules of the Senate.

(b) Except as provided in Rule 7.08, no bill shall be introduced after the first 60 calendar days of the session. This provision may only be suspended by an affirmative vote of four-fifths of the members of the Senate.

(c) It shall not be in order to introduce a local bill as defined by Rule 9.01 unless notice of publication, as provided by law, is attached.

### Note of Ruling

Refusal of the Senate to suspend the foregoing rule to permit the introduction of a bill does not prevent its being offered again for introduction later (43 S.J. Reg. 1656 (1933)).

## CONSIDERATION OF EMERGENCY MATTERS

**Rule 7.08.** At any time during the session, resolutions, emergency appropriations, emergency matters specifically submitted by the Governor in special messages to the Legislature, and local bills (as defined in Rule 9.01) may be filed with the Secretary of the Senate, introduced and referred to the proper committee, and disposed of under the rules of the Senate.

## ANALYSIS OF FISCAL AND OTHER IMPLICATIONS OF BILL OR RESOLUTION

**Rule 7.09.** (a) It is the intent of this rule that all members of the Senate be timely informed to the impact of proposed legislation on the state or other units of government.

Rule 7.09

## Fiscal Notes

(b) Prior to a final vote by a committee to report any bill or joint resolution, except the general appropriations bill, there shall be attached a fiscal note signed by the director of the Legislative Budget Board.

(c) If a bill or joint resolution is amended by a committee, the committee chair shall obtain an updated fiscal note. The chair may require that the updated fiscal note be distributed to the committee members prior to the final vote to report the measure.

(d) Prior to a motion to concur in House amendments, an updated fiscal note shall be distributed to all members if the director of the Legislative Budget Board determines that a House floor amendment has altered the policy implications of the bill or resolution, except the general appropriations bill.

(e) An updated fiscal note shall be distributed to all members prior to a motion to adopt a conference committee report on any bill or joint resolution, other than the general appropriations bill; provided that an updated fiscal note is not required on a conference committee report if the text of the report is the engrossed text of either the House or Senate version and the report has attached a fiscal note outlining the fiscal implications of that version of the measure.

(f) A fiscal note for a bill or joint resolution which authorizes or requires the expenditure or diversion of any state funds for any purpose shall estimate the fiscal implications and probable cost of the measure each year for the first five years after the implementation of its provisions and state whether there will be a cost involved thereafter. The fiscal note shall include the number of additional employees considered in arriving at the probable cost.

(g) A fiscal note for any bill or joint resolution which imposes, increases, decreases, or repeals any state tax or fee shall estimate the fiscal implications of the measure for the first five years after the implementation of its provisions and state whether there will be fiscal implications thereafter. The committee chair to which the bill or resolution was referred may request the director of the Legislative Budget Board to include with the fiscal note a tax equity note estimating the general effects of the proposal on the distribution of tax and fee burdens among individuals and businesses.

- 52 -

(h) A fiscal note for any bill or joint resolution which has impact on units of local government of the same type or class shall estimate the fiscal implications and probable cost of the measure to the affected unit or units of local government each year for the first five years after the implementation of its provisions and state whether there will be a cost involved thereafter. As used in this rule, "unit of local government" means county, city, town, school district, conservation district, hospital district, or any other political subdivision or special district.

## Impact Statements

(i) If the director of the Legislative Budget Board determines that a bill or joint resolution proposes to change benefits or participation in benefits of a public retirement system or would otherwise change the financial obligations of a public retirement system, the director shall prepare and forward to the chair of the committee to which the measure is referred an actuarial impact statement; provided that an actuarial impact statement is not required for the general appropriations bill, a measure that would change the financial obligations of a retirement system only by modifying the compensation of members of the system or by modifying the administrative duties of the system, or a measure that would change the financial obligations of a retirement system only by imposing an expense on the system in the same manner that the expense is imposed on other agencies or units of government.

In this rule, "public retirement system" means a continuing, organized program of service retirement, disability retirement, or death benefits for officers or employees of the state or a political subdivision, but does not include a program for which benefits are administered by a life insurance company, a program providing only workers' compensation benefits, or a program administered by the federal government.

An actuarial impact statement shall:

(1) summarize the actuarial analysis that has been prepared for the bill or resolution;

(2) identify and comment on the reasonableness of each actuarial assumption used in that actuarial analysis; and

(3) show the economic effect of the proposed bill or resolution on the public retirement system, including a projection of the actuarial cost or liability

Rule 7.09

imposed by the proposal on the system, the effect of the legislation on the amortization schedule for liabilities of the system, and the estimated dollar change in the unfunded liability of the system.

(j) If the director of the Legislative Budget Board determines that a bill or resolution authorizes or requires a change in the sanctions applicable to: (1) adults convicted of felony crimes, or (2) juveniles who have been adjudicated for a misdemeanor or felony conduct; the director shall prepare and forward to the chair of the committee to which the measure is referred a Criminal Justice Policy Impact Statement. The statement shall estimate the impact of the proposed policy changes on the programs and workload of state corrections agencies and on the demand for resources and services of those agencies. In this section, "sanctions" includes sentences and dispositions, as well as adjustments to sentences and dispositions such as probation, parole, and mandatory supervision, including changes in policy or statutes related to eligibility, revocation, and good time credits as well as requirements and conditions of probation.

(k) If the director of the Legislative Budget Board determines that a bill or joint resolution authorizes or requires a change in the public school finance system, the director shall prepare and forward to the chair of the committee to which the measure is referred an Equalized Education Funding Impact Statement. The statement shall estimate the impact of the proposed policy changes on state equalized funding requirements and policies.

(l) If the director of the Legislative Budget Board determines that a bill or joint resolution authorizes or requires a change in the classification, mission, or governance structure of an institution of higher education or would establish such an institution, the director shall, after consultation with the Higher Education Coordinating Board, prepare and forward to the chair of the committee to which the measure is referred a Higher Education Impact Statement. The statement shall estimate the need for the new or expanded institution, including information on geographic access to existing institutions, student demand for the institution and programs, the possible duplication of programs with other institutions in the geographical region, and the long-term costs to the state for the institution, including any facilities construction and maintenance. If the measure proposes change in the governance of an institution, the statement shall estimate the programmatic and economic impacts of the change to the state and the affected institutions and systems.

(m) If the director of the Legislative Budget Board determines that a bill or joint resolution expressly or impliedly amends the open records law, the open meetings law, or other law in a manner that may reduce public access to government information or to the transaction of public business, the director shall prepare and forward to the chair of the committee to which the measure is referred an open government impact statement. The statement shall estimate the impact of the proposed policy changes on public access to government information or to the transaction of public business. The provisions of this subsection do not apply if the author or sponsor certifies in writing to the chairman of the committee to which the bill was referred that the bill does not reduce public access to government information or to the transaction of public business.

(n) If the director of the Legislative Budget Board has determined that an impact statement is required, pursuant to Subsection (i), (j), (k), (l), or (m) of this rule, for any bill or joint resolution, except the general appropriations bill, the impact statement shall be attached to the measure prior to a final vote by a committee to report the measure.

(o) If a bill or joint resolution is amended by a committee other than a conference committee, the committee chair shall obtain an updated impact statement, which shall be attached to the committee report. The chair may require that the updated impact statement be distributed to the committee members prior to the final vote to report the measure.

(p) The director of the Legislative Budget Board may prepare an updated impact statement to reflect House amendments to a Senate bill or joint resolution or a conference committee report. Such statement shall be forwarded to the Secretary of the Senate, who shall have the impact statement printed and distributed to the members.

## General Provisions

(q) In preparing a fiscal note or an impact statement, the director of the Legislative Budget Board may use information or data supplied by any person, agency, organization, or governmental unit that the director deems reliable. The director shall state the sources of information or data used and may state the extent to which the director relied on the information or data in preparing the fiscal note or impact statement. If the director is unable to acquire or develop sufficient information to prepare a fiscal note within 15 days after receiving a bill or joint resolution, the director shall prepare the fiscal note stating that fact, and the fiscal note shall be in full

Rule 7.09

compliance with the rules. If the director determines that the fiscal or other implications of a bill or joint resolution cannot be ascertained, the director shall prepare the fiscal note stating that fact, and the fiscal note shall be in full compliance with the rules.

(r) The director of the Legislative Budget Board shall forward a copy of each fiscal note or impact statement to the author or sponsor of the affected bill or joint resolution.

(s) All fiscal notes and impact statements shall be signed by the director of the Legislative Budget Board and shall remain with the measure throughout the entire legislative process, including submission to the Governor.

(t) For any statement or analysis required by this rule, the Senate Committee on Administration may adopt such necessary forms and procedures as are required to ensure that all members of the Senate are informed as to the impact of proposed legislation on the state or other unit of government. The committee may authorize the director of the Legislative Budget Board to develop the format for fiscal notes and impact statements and submit the suggested forms to the committee for its approval.

## Notes of Rulings

For an instance when the chair refused to go behind a fiscal note to determine whether it was accurate or adequate, see 67 S.J. Reg. 1297 (1981).

Consideration of a bill amended in committee so as to alter its fiscal implications is out of order in the absence of an updated fiscal note (73 S.J. Reg. 2037 (1993)).

## FORMAT OF BILLS AND RESOLUTIONS REPORTED BY COMMITTEES

**Rule 7.10.** (a) A committee may not report a bill or resolution to the Senate unless the bill or resolution complies with Subsection (b) of this rule.

(b) In any section of a bill or joint resolution that proposes to amend an existing statute or constitutional provision, language sought to be deleted must be

bracketed and stricken through, and language sought to be added must be underlined. This requirement does not apply to:

          (1) an appropriation bill;

          (2) a local bill;

          (3) a recodification bill;

          (4) a redistricting bill;

          (5) a section of a bill or joint resolution not purporting to amend an existing statute or constitutional provision;

          (6) a section of a bill or joint resolution that revises the entire text of an existing statute or constitutional provision, to the extent that it would confuse rather than clarify to show deletions and additions; and

          (7) a section of a bill or joint resolution providing for severability, nonseverability, or repeal of an existing statute or constitutional provision.

          (c) The President may overrule a point of order raised as to a violation of Subsection (b) of this rule if the violation is typographical or minor and does not tend to deceive or mislead.

          (d) The Senate Enrolling Clerk may make certain technical corrections in bills and resolutions to conform the language to requirements of Subsection (b) of this rule and of the Texas Constitution. This subsection applies to misspelled words, mistakes in citations and internal references, numbering and reprinting errors, bracketing and underlining errors, mistakes in grammar and punctuation, and insufficient captions.

## COMMITTEE SUBSTITUTE BILLS

          **Rule 7.11.** (a) A committee may adopt and report a complete germane committee substitute containing the caption, enacting clause, and text of a bill or resolution in lieu of the original, in which event the complete substitute bill or resolution shall be laid before the Senate and shall be the matter before the Senate for

Rule 7.11

its consideration instead of the original. If the substitute is defeated at any legislative stage, the bill or resolution is considered not passed.

(b) If a point of order is raised and sustained that a committee substitute bill is not germane or contains provisions not germane to the original bill, the bill shall be returned for further consideration to the committee from which it was reported. If the committee desires to hear additional testimony, the bill shall be posted for public hearing according to the rules of the Senate and is subject to Rule 11.19.

## PRINTING OF BILLS

**Rule 7.12.** (a) Every favorable committee report on a general bill made by a Senate committee shall be printed, unless the Senate on the same day it is reported or on the next legislative day shall order it not printed. Each committee report on a local bill shall be printed, unless the committee making the report recommends that it not be printed, in which case the committee's recommendations shall be effective as an order of the Senate that the report be not printed. A list of all bills on committee report ordered not printed by the Senate or ordered not printed by committee recommendation shall be listed by number, author, and caption and distributed to each member at the close of each day's business. Copies of all committee reports printed shall be furnished to each member of the Senate on the same day the printed copies are delivered by the printer. No bill except local bills and bills ordered not printed by the Senate shall be considered by the Senate until a printed committee report has been available to each member of the Senate for at least 24 hours and is on the desk of each Senator.

(b) Every committee report printing on a bill or resolution shall include:

(1) a copy of the committee report form showing the record vote by which the measure was reported, whether the measure was reported favorably or unfavorably, with amendment or with a substitute;

(2) a copy of the original bill or resolution, unless the committee reports a substitute measure;

(3) a copy of any substitute bill or resolution;

(4) a copy of each amendment adopted to the bill or resolution;

- 58 -

(5) any fiscal note on the bill or resolution, including any updated fiscal note required by Rule 7.09;

(6) any criminal justice impact statement, including any updated statement required by Rule 7.09;

(7) any equalized education funding impact statement, including any updated statement required by Rule 7.09;

(8) any higher education impact statement, including any updated statement required by Rule 7.09;

(9) any actuarial analysis, including any updated analysis required by Rule 7.09;

(10) a bill analysis, including any updated analysis to reflect any change made by amendment or substitute; and

(11) a list of witnesses testifying in favor, against, or on the bill or resolution.

### Editorial Note

The rules governing the printing of bills also apply to the printing of concurrent and joint resolutions.

### Notes of Rulings

Multigraphed copies of a bill are equivalent to printed copies so far as the 24-hour printing rule is concerned (42 S.J. Reg. 55 (1931)).

Setting a bill that has not been printed as a special order permits its consideration at the time for which it is set even though it has not been printed (43 S.J. 2 C.S. 96 (1934)).

A motion to recommit a bill is a proper substitute motion for a motion to not print a bill (55 S.J. Reg. 1546 (1957)).

Rule 7.12

Consideration of a bill is out of order if a copy is not on the members' desks, even though the Senate, by unanimous consent, has suspended the regular order of business to consider it (68 S.J. Reg. 1512 (1983)).

Suspension of "all necessary rules" to consider a bill out of its regular order suspends the printing rule (70 S.J. 2 C.S. 118 (1987)).

## SUSPENSION OF RULE LIMITING CONSIDERATION OF BILLS

**Rule 7.13.** Except as otherwise provided in Rule 7.08, bills shall not be taken up, considered, or acted upon by the Senate during the first 60 calendar days of the session, unless this rule be suspended by the affirmative vote of four-fifths of the members of the Senate.

### Note of Ruling

A motion to suspend Section 5 of Article III of the Constitution to consider a bill during the first 60 days of a Regular Session requires a vote of four-fifths of the members of the Senate (25) not four-fifths of the members present (59 S.J. Reg. 144 (1965)).

## CONSIDERATION OF HOUSE BILL IN LIEU OF SENATE BILL ON SAME SUBJECT

**Rule 7.14.** When any Senate bill shall be reached on the calendar or shall be before the Senate for consideration, it shall be the duty of the President to give the place of such bill on the calendar to any House bill which has been referred to and reported from a committee of the Senate containing the same subject or to lay such House bill before the Senate to be considered in lieu of such Senate bill.

### Editorial Notes

The purpose of this rule is to save the time and labor of the Legislature by disposing of the most advanced legislation first.

The House bill is not substituted for the Senate bill, but simply is considered instead of the Senate bill, which is displaced on the calendar by the House bill.

It is not necessary that the bills be identical if generally they cover the same subject and are directed to the same end.

### Note of Ruling

A House bill that has been reported favorably and relates to the same subject as a Senate bill that has been reached on the calendar should be considered by the Senate in lieu of the Senate bill if said House bill is "of the same general tenor" (38 S.J. Reg. 470 (1923)).

### GERMANENESS

**Rule 7.15.** No motion or proposition on a subject different from that under consideration shall be admitted under color of amendment or as a substitute for the motion or proposition under debate. (Constitution, Article III, Section 30)

### Notes of Rulings

An amendment that repeals the authority of the highway commission to promulgate speed limits is not germane to a bill that only modifies the effect of a conviction for violating a speed limit promulgated by the commission (65 S.J. Reg. 305 (1977)).

An amendment that authorizes the board of public welfare to employ a security force and commission peace officers is not germane to a bill that only designates county park patrol and security officers as peace officers (65 S.J. Reg. 505 (1977)).

An amendment requiring affiliation with a political party in order to vote in a primary election is not germane to a bill that deals only with voter registration procedures (65 S.J. Reg. 953 (1977)).

Rule 7.15

An amendment that grants a surface owner of property a prior right of purchase if the mineral interest in the property when property taxes are delinquent is not germane to a bill that prescribes the method of valuation of certain mineral interests for tax purposes (65 S.J. Reg. 1024 (1977)).

An amendment granting general ordinance making authority to counties is not germane to a bill that only authorizes counties to enact ordinances prohibiting nudist colonies (65 S.J. Reg. 1320 (1977)).

An amendment that authorizes insurance reimbursement of the services of an optometrist is not germane to a bill that authorizes such reimbursement for the services of a psychologist (65 S.J. Reg. 1617 (1977)).

An amendment requiring affiliation with a political party in order to vote in a primary election is not germane to a bill consolidating the voter registration and election duties of county clerks and tax assessor-collectors (65 S.J. Reg. 2211 (1977)).

An amendment providing for the expiration of an act relating to tuition grants is not germane to a bill that only modifies eligibility requirements for such a grant (66 S.J. Reg. 435 (1979)).

An amendment that requires the public utility commission to redetermine electric utility rates and specifies a method for such determination is not germane to a bill that grants the commission exclusive jurisdiction over such rates (66 S.J. Reg. 1132 (1979)).

An amendment authorizing disannexation and municipal incorporation of territory under certain circumstances is not germane to a bill limiting the municipal boundaries of coastal cities (67 S.J. Reg. 1674 (1981)).

An amendment prohibiting certain psychiatric or psychological examinations of students is not germane to a bill that only specifies methods of funding skills tests in public schools (67 S.J. Reg. 1900 (1981)).

An amendment requiring continuation of health insurance coverage of dependents is not germane to a bill that relates to the filing and approval requirements for insurance policies, contracts, and forms (69 S.J. Reg. 1381 (1985)).

An amendment that establishes a state employee grievance procedure is not germane to a bill that establishes a state employee incentive program (69 S.J. Reg. 2127 (1985)).

An amendment to change an election date prescribed in one joint resolution is not germane to a different resolution (70 S.J. Reg. 2436 (1987)).

An amendment to exempt certain corporations from the franchise tax is not germane to a bill that specifies methods for calculating franchise tax liability (70 S.J. Reg. 2486 (1987)).

An amendment granting the banking commissioner regulatory authority over perpetual care cemeteries is not germane to a bill exempting certain nonprofit cemetery associations from capital stock requirements applicable to perpetual care cemeteries (71 S.J. Reg. 2046 (1989)).

An amendment requesting the Congress to propose a constitutional amendment providing for an elected federal judiciary is not germane to a resolution requesting the Congress to propose a constitutional amendment relating to flag desecration (71 S.J. 1 C.S. 240 (1989)).

An amendment providing for a state ethics commission is not germane to a joint resolution relating to compensation of members of the Legislature (71 S.J. 6 C.S. 84 (1990)).

- 63 -

An amendment restricting the county of residence of a parolee is not germane to a bill prohibiting the interstate transfer of parolees convicted of certain offenses (72 S.J. Reg. 1575 (1991)).

An amendment that applies to a class of governmental entities limited by population criteria is not germane to a bill that relates to a class of governmental entities limited by different population criteria (72 S.J. Reg. 1979 (1991)).

An amendment that specifies the salary and benefits of certain deputy sheriffs is not germane to a bill that relates only to the frequency of salary payments of certain county officers (72 S.J. Reg. 2036 (1991)).

An amendment relating to registration requirements and permissible locations of family residential child care facilities is not germane to a bill relating to child care services provided only to state employees (72 S.J. Reg. 2472 (1991)).

An amendment requiring annual registration of motor vehicle repair facilities that generate hazardous waste is not germane to a bill relating to the fees imposed on producers of industrial solid waste and hazardous waste and operators of hazardous waste management facilities (72 S.J. Reg. 2732 (1991)).

An amendment that would prohibit a personal income tax during a period in which a state lottery is authorized is not germane to a joint resolution proposing a constitutional amendment authorizing a state lottery (72 S.J. 1 C.S. 653 (1991)).

An amendment that classifies mountain lions as game animals and specifies conditions under which they may be killed is not germane to a bill that changes the category of animals that are permitted to be killed for bounty (73 S.J. Reg. 915 (1993)).

An amendment which imposes liability on a county for the county's costs of certain enforcement actions is not germane to a bill which specifies powers and duties of a commissioners court (73 S.J. Reg. 2962 (1993)).

An amendment that authorizes maintenance payments to a divorcing spouse who lacks means of self-support is germane to a bill relating to public assistance and programs to assist needy individuals in becoming self-dependent (74 S.J. Reg. 1265 (1995)).

## AMENDMENTS TO TAX BILLS OR SUNSET BILLS

**Rule 7.16.** No amendment shall be considered to any tax bill or sunset bill on second reading unless the subject matter it entails has been discussed at a Senate committee meeting at which the bill was heard.

### Editorial Note

If an amendment is challenged under Rule 7.16, the burden of proving compliance with the rule lies with the member offering the amendment.

## MOTION TO PASS A BILL TO SECOND READING IS NOT NECESSARY

**Rule 7.17.** No motion is necessary to pass a bill to its second reading. The main question on the second reading of the bill shall be, if a Senate bill, "Shall this bill be engrossed and passed to a third reading?" and if it be a House bill, "Shall this bill pass to a third reading?"

### Note of Ruling

A motion to pass to third reading a bill not pending before the Senate is not in order (45 S.J. Reg. 1231 (1937)).

Rule 7.18

## READING OF BILL ON THREE SEVERAL DAYS

**Rule 7.18.** No bill shall have the force of a law until it has been read on three several days in each House and free discussion allowed thereon; four-fifths of the House in which the bill may be pending may suspend this rule, the yeas and nays being taken on the question of suspension and entered upon the journals. (Constitution, Article III, Section 32)

### Editorial Notes

"Four-fifths of the Senate" means four-fifths of the members present, provided a quorum is present.

"Four-fifths of the House in which the bill may be pending" has been interpreted repeatedly to mean four-fifths of all of the Senators present, a quorum being present.

### Notes of Rulings

Only four-fifths of those present are required to suspend constitutional rule requiring bills to be read on three several days (42 S.J. Reg. 253 (1931)).

A motion to suspend the constitutional rule and Senate Rule 7.18 requiring bills to be read on three several days may be made although the same motion has been made and defeated on the same bill on the same legislative day (55 S.J. Reg. 1561 (1957)).

A motion to suspend the constitutional rule and Senate rule requiring bills to be read on three several days may be made although the same motion has been made and defeated on the same legislative day (55 S.J. Reg. 1561 (1957)).

A motion to suspend the three-day rule is not debatable (68 S.J. Reg. 1922 (1983)).

## ADOPTION OF AMENDMENT ON THIRD READING

**Rule 7.19.** No amendment shall be adopted at the third reading of a bill without the consent of two-thirds of the members present.

## LIMITATIONS ON APPROPRIATIONS BILLS

**Rule 7.20.** Unless within the authority of a resolution or resolutions adopted pursuant to Article VIII, Section 22(b), of the Constitution, it is not in order for the Senate to consider for final passage on third reading, on motion to concur in House amendments, or on motion to adopt a conference committee report a bill appropriating funds from the State Treasury in an amount that, when added to amounts previously appropriated by bills finally passed by both Houses and sent to the comptroller or due to be sent to the comptroller, would exceed the limit on appropriations established under Subchapter A, Chapter 316, Government Code.

## HOUSE AMENDMENTS TO SENATE BILLS

**Rule 7.21.** If a Senate bill is returned with House amendments, all House amendments must be printed and a copy furnished to each member at least 48 hours prior to a motion to concur prior to the last 72 hours of a regular session, and 24 hours prior to a motion to concur during a called session or the last 72 hours of a regular session.

### Editorial Note

The Editor has found no instance of a Senate bill being substituted in the House and then coming back to the Senate and taking the course in the Senate of a bill originating in the House.

### Notes of Rulings

A point of order raised by Senator Caldwell against a report of conference committee on the ground that the House amendments to the bill (S.B. 147) constituted a complete substitute bill and should therefore take the course of a newly received House bill in the Senate was overruled (36 S.J. Reg. 1023 (1919)).

Rule 7.21

Multigraphed copies of a bill are equivalent to printed copies so far as the 24-hour printing rule is concerned (42 S.J. Reg. 55 (1931)).

House amendments to a Senate bill are not required to have been printed and laid on Senators' desks for 24 hours prior to a motion to not concur and request appointment of a conference committee (67 S.J. Reg. 2032 (1981); 71 S.J. Reg. 2558 (1989)).

## DEFEATED BILL

**Rule 7.22.** After a bill has been considered and defeated by either branch of the Legislature, no bill containing the same substance shall be passed into a law during the same session. (Constitution, Article III, Section 34)

### Editorial Note

For an exhaustive ruling by Lieutenant Governor Stevenson on the effect on other bills on the same subject of the defeat of one bill on that subject, see 46 S.J. Reg. 666-671 (1939).

### Notes of Rulings

Defeat of an amendment containing same substance as a bill does not prevent consideration of the bill (35 S.J. Reg. 915 (1917)).

A joint resolution containing same substance as one that fails to pass in the House may be considered and passed by Senate (35 S.J. Reg. 1140-1148 (1917)).

Defeat of a House bill in the House does not necessarily make an amendment having the same effect as the bill out of order in the Senate (42 S.J. Reg. 1565 (1931)).

Consideration of a bill to create a textbook committee is not in order after the House has defeated a bill containing same substance (48 S.J. Reg. 873 (1943)).

## SIGNING OF BILLS AND RESOLUTIONS BY PRESIDING OFFICER

**Rule 7.23.** The President of the Senate or the presiding officer shall, in the presence of the Senate, sign all bills and joint resolutions passed by the Legislature. The titles of all such bills and resolutions shall be publicly read, and the fact of the signing shall be entered on the journal. (Constitution, Article III, Section 38)

## DEADLINE FOR REPORT

**Rule 7.24.** (a) No bill shall be considered, unless it has been first referred to a committee and reported thereon, and no bill shall be passed which has not been presented and referred to and reported from a committee at least three days before the final adjournment of the Legislature. (Constitution, Article III, Section 37)

(b) No bill shall be passed which has not been presented and referred to and reported from a Senate committee at least three days before the final adjournment of the Legislature. It shall require a vote of four-fifths of the members present to suspend this rule.

## LIMITATION ON VOTE

**Rule 7.25.** No vote shall be taken upon the passage of any bill on its third reading after the 135th calendar day of a regular session, nor for any purpose within the last 24 hours of the session unless it be to correct an error therein. It shall require a vote of four-fifths of members present to suspend this rule.

### Note of Ruling

The 24-hour rule that prohibits a vote on a bill during the last 24 hours of a session of the Legislature makes further consideration and debate of the bill out of order when the 24th hour before final adjournment has arrived (44 S.J. Reg. 1819 (1935)).

Rule 8.01

## ARTICLE VIII
## PETITIONS AND RESOLUTIONS

## PROCEDURAL RULES

**Rule 8.01.** Every resolution that requires the approval of the Governor shall be subject to the rules that govern the proceedings on bills.

### Editorial Notes

Due to the special provision in the Constitution excepting resolutions relating to adjournment and to another special provision making it the duty of each House to adopt its own rules of procedure, concurrent resolutions relating to adjournment, and probably those adopting or suspending joint rules or relating to legislative procedure do not require the approval of the Governor.

Joint resolutions proposing amendments to the State Constitution do not require the Governor's approval.

### Notes of Rulings

An appropriation cannot be made by resolution (45 S.J. Reg. 570 (1937)).

A resolution attempting to amend a general law is not in order (45 S.J. 1 C.S. 101 (1937)).

### REFERRAL TO COMMITTEE

**Rule 8.02.** Petitions, concurrent and joint resolutions, and resolutions setting or defining legislative or state policy or amending the Senate Rules shall be referred to an appropriate standing committee when introduced and shall not be considered immediately unless the Senate so directs by a two-thirds vote of the members present. The motion to consider such petition or resolution immediately is not debatable.

## Editorial Note

A Senate or a concurrent resolution providing for a rule suspension or the carrying out of a particular procedure authorized by the rules is usually regarded as privileged and is considered when introduced without a vote being taken to consider immediately. (See also note of ruling following Rule 6.10.)

## Notes of Rulings

Senate resolution that reflects on member of House may not be considered by Senate (35 S.J. 3 C.S. 1002 (1917)).

A Senate resolution which does not require the approval of both Houses may be adopted at a special session, although it relates to a subject not submitted by the Governor (41 S.J. 3 C.S. 15 (1929)).

The only changes that can be made in a bill by resolution are corrections of typographical or clerical errors (43 S.J. Reg. 1946 (1933)). A House concurrent resolution which has been referred to a Senate standing committee during a called session, may, under a suspension of rules, be taken up and considered and adopted although no report on it has ever been submitted by the chairman of the committee to which it was referred. (See procedure had on H.C.R. 5, 51 S.J. 1 C.S. 114 (1950)).

A motion to suspend the regular order of business to consider a resolution immediately is not debatable (54 S.J. Reg. 1433 (1955)).

A motion to take up and consider a resolution is not debatable but a limited explanation of the resolution to which the motion applies is permissible (55 S.J. Reg. 1596 (1957)).

Rule 8.02

A corrective resolution that seeks to correct a wrong section reference in a bill does not change the language or meaning of the bill (61 S.J. Reg. 1873 (1969)).

A congratulatory resolution when offered is not debatable and therefore may be considered immediately or referred to a committee by the presiding officer of the Senate (61 S.J. 1 C.S. 124 (1969)).

A resolution on which Senate rules have been suspended for consideration thereof does not have to be referred to and considered by a committee (62 S.J. 3 C.S. 125 (1972)).

## CONGRATULATORY, MEMORIAL, AND COURTESY RESOLUTIONS

**Rule 8.03.** Congratulatory and memorial petitions and resolutions, after a brief explanation by the author or sponsor, shall be considered immediately without debate unless otherwise ordered by a majority of the members present. Upon request by any member, the presiding officer shall, at an appropriate time during the proceedings, recognize guests of such member in the Senate Chamber or gallery. Any member may request and the Secretary of the Senate shall provide a maximum of five copies of a courtesy recognition certificate for each person or group so recognized by the presiding officer.

### Note of Ruling

A congratulatory resolution when offered is not debatable and therefore may be considered immediately or referred to a committee by the presiding officer of the Senate (61 S.J. 1 C.S. 124 (1969)).

### DEFEATED RESOLUTION

**Rule 8.04.** After a resolution has been considered and defeated by either branch of the Legislature, no resolution containing the same substance shall be passed into a law during the same session. (Constitution, Article III, Section 34) See note to Rule 7.22.

## ARTICLE IX
## LOCAL BILLS

### DEFINITION OF LOCAL BILL

**Rule 9.01.** (a) Neither the Senate nor a committee of the Senate may consider a local bill unless notice of intention to apply for the passage of the bill was published as provided by law and evidence of the publication was attached to the bill at the time of introduction.

(b) Except as provided by Subsection (c) of this rule, "local bill" for purposes of this article means:

(1) a bill for which publication of notice is required under Article XVI, Section 59, of the Texas Constitution (water districts, etc.);

(2) a bill for which publication of notice is required under Article IX, Section 9, of the Texas Constitution (hospital districts);

(3) a bill relating to hunting, fishing, or conservation of wildlife resources of a specified locality;

(4) a bill creating or affecting a county court or statutory court or courts of one or more specified counties or municipalities;

(5) a bill creating or affecting the juvenile board or boards of a specified county or counties; or

(6) a bill creating or affecting a road utility district under the authority of Article III, Section 52, of the Texas Constitution.

(c) A bill is not considered to be a local bill under Subsection (b)(3), (4), or (5) of this rule if it affects a sufficient number of localities, counties, or municipalities so as to be of general application or of statewide importance.

Rule 9.02

## INTRODUCTION AND CONSIDERATION
## OF LOCAL BILLS

**Rule 9.02.** The constitutional procedure with reference to the introduction, reference to a committee, and the consideration of bills set forth in Article III, Section 5, of the Texas Constitution, shall not apply to local bills herein defined, and the same may be introduced, referred, reported, and acted upon at any time under the general rules and order of business of the Senate.

### LOCAL AND UNCONTESTED CALENDAR

**Rule 9.03.** (a) At times designated by the Senate, the Senate shall meet in session to consider local and uncontested bills and resolutions listed on a calendar certified by the Administration Committee.

(b) The calendar must be furnished to each member of the Senate no later than noon of the day preceding the session at which the legislation on the calendar is to be considered.

(c) A bill or resolution may not be considered if any two or more members of the Senate object in writing before the bill or resolution is laid out for passage on the local calendar or if an amendment is offered other than from the committee reporting the bill or resolution.

(d) The bills and resolutions shall be considered on second and/or third reading in the order in which they are listed on the calendar, and no motion to suspend the regular order of business is required.

### REFERRAL TO ADMINISTRATION COMMITTEE

**Rule 9.04.** (a) All local and uncontested bills and resolutions shall be referred to the Administration Committee for consideration on the Local and Uncontested Calendar.

(b) Rule 11.09, Quorum of Committee, shall not apply to the Administration Committee when it is meeting for the specific and limited purpose of preparing and certifying the local calendar.

- 74 -

Rule 9.04

(c) The Chair of the Administration Committee may appoint a subcommittee consisting of not less than three members to prepare and certify the Local and Uncontested Calendar.

(d) The Administration Committee may set a time after which application for placement on the Local and Uncontested Calendar may not be accepted.

## BILLS AND RESOLUTIONS NOT QUALIFIED
## FOR CONSIDERATION ON THE LOCAL
## AND UNCONTESTED CALENDAR

**Rule 9.05.** The Administration Committee may not consider a bill or resolution for placement on the Local and Uncontested Calendar unless:

(1) the sponsor of the bill or resolution applies for placement on the Local and Uncontested Calendar and submits sufficient copies of the bill or resolution as determined by the Administration Committee; and

(2) the chair of the committee from which the bill or resolution was reported submits a written request for the placement on the Local and Uncontested Calendar.

## BILLS AND RESOLUTIONS PROHIBITED FROM
## PLACEMENT ON THE LOCAL AND UNCONTESTED
## CALENDAR

**Rule 9.06.** The Administration Committee may not place a bill or resolution on the Local and Uncontested Calendar if it:

(1) creates a new department or subdivision of a department unless the bill or resolution is purely local in nature and does not require the expenditure of state funds; or

(2) contains an appropriation; or

(3) is contested.

- 75 -

Rule 9.07

## SUSPENSION OF LOCAL CALENDAR RULES

**Rule 9.07.** No provision of the Local Calendar Rules may be suspended except by the unanimous consent of the members present.

## ARTICLE X
## AMENDMENTS TO THE CONSTITUTION

### JOINT RESOLUTIONS SUBJECT TO RULES GOVERNING BILLS

**Rule 10.01.** Joint resolutions proposing amendments to the Constitution shall be subject to rules that govern the proceedings on bills. They shall, in all cases, be read on three several days.

### VOTES REQUIRED TO AMEND ON THIRD READING AND
### TO PASS CONSTITUTIONAL AMENDMENTS

**Rule 10.02.** Amendments on third reading to joint resolutions proposing constitutional amendments shall require an affirmative vote of two-thirds of the members present. Final passage shall require a vote of two-thirds of the members elected to the Senate. (Constitution, Article XVII, Section 1)

#### Editorial Note

The opinion of Attorney General Cureton, dated May 17, 1913, relative to the validity of an appropriation section in a joint resolution and to the mode and manner of amending the Constitution, holds that Section 1 of Article XVII of the Constitution provides a complete formula for proposal of constitutional amendments and that any rule or resolution attempting to limit, add to, or modify that formula is null and void.

### Note of Ruling

A joint resolution that receives a vote of two-thirds of all the members of the Senate on being read second time is not finally passed by the Senate and must take the full course of a bill (44 S.J. Reg. 670 (1935)).

## FAILURE OF JOINT RESOLUTION TO BE ADOPTED ON THIRD READING

**Rule 10.03.** When a joint resolution has failed adoption on third reading, it shall not be considered again during that session.

## ARTICLE XI
## COMMITTEES

### APPOINTMENT OF COMMITTEES

**Rule 11.01.** All committees and standing subcommittees shall be appointed by the President of the Senate, unless otherwise directed by the Senate.

### LIST OF STANDING COMMITTEES

**Rule 11.02.** At the beginning of each regular session, the President shall appoint the following standing committees with the number of members indicated:

### STANDING COMMITTEES

(1) Committee on Administration (7 members)

(2) Committee on Business and Commerce (9 members)

(3) Committee on Criminal Justice (7 members)

(4) Committee on Education (9 members)

Rule 11.02

(5) Committee on Finance (15 members)

(6) Committee on Government Organization (7 members)

(7) Committee on Health and Human Services (9 members)

(8) Committee on Transportation and Homeland Security (9 members)

(9) Committee on Intergovernmental Relations (5 members)

(10) Committee on International Relations and Trade (7 members)

(11) Committee on Jurisprudence (7 members)

(12) Committee on Natural Resources (11 members)

(13) Committee on Nominations (7 members)

(14) Committee on State Affairs (9 members)

(15) Committee on Veteran Affairs and Military Installations (5 members)

## SPECIAL COMMITTEES

**Rule 11.03.** (a) The President may appoint special committees and may appoint standing subcommittees within committees including subcommittees of the Committee of the Whole Senate. The number of members of these committees and subcommittees shall be determined by the President.

(b) A special committee has the jurisdiction, authority, and duties and exists for the period of time specified in the charge of the President. A special committee has the powers granted by these rules to a standing committee except as limited by the charge of the President.

(c)  The President may direct that a subcommittee of the Whole Senate appointed under this rule report directly to the Senate concerning any matter within its jurisdiction.

## CHAIR AND VICE-CHAIR OF STANDING
## COMMITTEES AND STANDING SUBCOMMITTEES

**Rule 11.04.** The President shall designate the chair and vice-chair of each standing committee and of each standing subcommittee appointed by the President.

## APPOINTMENT OF SUBCOMMITTEES WITHIN
## A STANDING COMMITTEE

**Rule 11.05.** The chair of a standing committee may appoint subcommittees within a standing committee as the chair deems necessary to accomplish the work of the committee.

## RECOMMENDATIONS OF COMMITTEES

**Rule 11.06.** All reports of standing committees shall be advisory only, except that a recommendation in a report that a bill which is a local bill be not printed shall be effective as an order of the Senate that the bill be not printed.  A recommendation in a report that a bill which is a general bill be not printed shall be advisory only, and the bill shall nevertheless be printed unless the Senate on the same day or the next legislative day orders the bill not printed, as provided in Rule 7.12.

### Notes of Rulings

A motion to recommit a bill is a proper substitute motion for a motion to not print a bill (55 S.J. Reg. 1546 (1957)).

A motion to instruct a committee to report a bill favorably within a specified time is not in order (65 S.J. Reg. 959 (1977)).

## RULES GOVERNING COMMITTEE PROCEDURES

**Rule 11.07.** (a)  At its initial meeting each committee and subcommittee shall adopt permanent rules governing its procedures.

Rule 11.07

(b)    Where applicable the rules of the Senate apply to committee proceedings, and a Senate rule prevails over a conflicting committee rule.

(c)    Committee rules must include but are not limited to provisions governing written records of attendance, lack of a quorum, records of meetings, bill referral, bill setting, order of hearing bills, public hearings, subcommittee reports, minority reports, time limits on debate, and provisions for news coverage.

## RECORD OF COMMITTEE ATTENDANCE

**Rule 11.08.** At all meetings of the Senate committees, the chair shall call the roll of the members and cause to be made a record of those present and the absentees, together with the excuses, if any, of such absentees.

## QUORUM OF COMMITTEE

**Rule 11.09.** A majority of any committee shall constitute a quorum, and no action shall be taken upon any bill in the absence of a quorum. At any stated meeting of the committee, if a roll call discloses lack of a quorum, the members present may order the names of the unexcused absentees turned over to the Sergeant-at-Arms of the Senate whose duty it shall be to secure promptly the attendance of such absent members. The Sergeant-at-Arms shall have the same authority conferred on him or her under the rules of the Senate as when the Senate is operating under a call.

## PUBLIC NOTICE OF COMMITTEE MEETINGS

**Rule 11.10.** (a)    No committee or subcommittee, except a conference committee, shall meet without at least 24 hours public notice.

(b)    Each committee and subcommittee shall meet regularly at an established time and place and shall give public notice at least 24 hours in advance for special meetings.

(c)    The chair of each committee and subcommittee shall notify the Secretary of the Senate immediately after the time and place for a committee meeting has been fixed or a meeting has been cancelled. The Secretary shall post notice of the time and place of the meeting on a bulletin board located outside the Secretary of the Senate's office.

Rule 11.10

### Note of Ruling

A motion to suspend "the posting rule" for the purpose of allowing a committee to conduct a public hearing on a bill at a time and place stated in the motion is sufficient for suspension of both Rule 11.10 and Rule 11.18 (74 S.J. Reg. 3029-3032 (1995)).

## MINUTES OF COMMITTEE MEETINGS

**Rule 11.11.** (a) The chair of each committee and subcommittee shall keep or cause to be kept under the chair's direction an accurate record of the proceedings of his or her committee, and the same shall be open for inspection to any member of the Legislature and to the public. Each committee meeting shall be recorded on magnetic tape.

(b) Each standing committee and subcommittee shall employ a committee clerk and, as determined by the Administration Committee, other staff necessary to coordinate and record the activities of the committee. Such committee clerks, staff, or any employee shall in no way be related to any member of the current Texas Legislature or be related to the person with the power of appointment for that position.

(c) It shall be the duty of the committee clerk, with the assistance of other committee staff members, to keep a permanent, accurate written record of committee proceedings and to transcribe the magnetic tape recordings of committee hearings as ordered by the committee or subcommittee. It shall be the responsibility of the committee clerk to see that one copy of the transcript of proceedings and one copy of the permanent record be kept in the committee files, one copy of each be given to the Secretary of the Senate, and three copies of each be placed in the Legislative Reference Library. Such records shall be a matter of public record.

(d) A copy of the record or minutes of each committee meeting must be filed with the Secretary of the Senate not later than seven days after the day on which the meeting was held.

### Notes of Ruling

A report on a bill that was considered at a committee meeting at which a quorum of the committee was not present (as

- 81 -

Rule 11.11

shown by the minutes of the committee) may not be received by
the Senate (46 S.J. Reg. 1548 (1939)).

See also fifth note of ruling under Rule 11.12.

## COMMITTEE REPORTS

**Rule 11.12.** (a) The chair of a committee shall sign and file with the
Secretary of the Senate a written report showing the committee's final action on bills
and resolutions considered by the committee. In the chair's absence the vice-chair shall
sign and file the report.

(b) The report must be filed with the Secretary of the Senate within three
calendar days after the final action is taken, Sundays and days the Senate is not in
session excluded. If the report is not filed within the three-day limit, three members
of the committee who were present when the final action was taken may file the report
without the signature of the chair or vice-chair.

(c) The Secretary of the Senate shall note the date and time the report was
filed and forward the report to be printed in compliance with Rule 7.12.

(d) The committee report and the official committee minutes are sufficient
to determine whether the committee report accurately reflects the action of the
committee. The President may consider any other documents or information deemed
necessary to the determination.

### Notes of Rulings

A committee report properly signed, submitted, and
received is conclusive as to its contents (42 S.J. 1 C.S. 718
(1931)). (See also notes of rulings following Rule 11.15.)

The chair may not go behind a committee report to ascertain if proceedings in the committee were regular (42 S.J. Reg. 1564, 1693 (1931)).

Point of order as to validity of committee's action on bill may be made when bill is not before Senate for immediate consideration (49 S.J. Reg. 347 (1945)).

For an instance when the chair refused to go behind a committee report and official committee minutes to determine whether the committee report accurately reflected the action of the committee, see 73 S.J. Reg. 1073 (1993); 74 S.J. Reg. 2458 (1995).

## CONSIDERATION OF BILLS IN COMMITTEES

**Rule 11.13.** Subject to Rule 7.24 and 7.25, it shall be in order for committees to consider bills and resolutions at any time during the session, make reports thereon, and file the same with the Senate; provided, however, that no Senate committee or conference committee may meet while the Senate is meeting, except by unanimous consent of the members present.

## CONSIDERATION OF HOUSE BILLS

**Rule 11.14.** (a) The Senate sponsor of a House measure shall be determined by the chair of the committee, in consultation with the House author of the measure.

(b) It shall be the duty of each committee of the Senate when there has been referred to it or is before it for consideration a Senate bill and a House bill containing the same subject to consider first and report upon the House bill.

Rule 11.15

## VOTES OF COMMITTEE REQUIRED TO
## REPORT FAVORABLY

**Rule 11.15.** No bill or resolution shall be reported favorably unless it has received the affirmative vote of a majority of the membership of the committee to which it was referred, except as provided in Rule 11.17.

### Note of Ruling

In absence of a Senate rule or resolution suspending it, the suspension of Section 5 of Article III relating to consideration of bills in committee requires separate vote for each bill (42 S.J. Reg. 167 (1931)).

## UNFAVORABLE VOTE OF COMMITTEE

**Rule 11.16.** When a motion to report a bill or resolution unfavorably receives the affirmative vote of a majority of the members of the committee to which it was referred, except as provided in Rule 11.17, the bill or resolution is dead.

## MINORITY REPORTS

**Rule 11.17.** (a) If a motion to report a bill or resolution unfavorably receives an affirmative vote of a majority of the members of a committee, a favorable minority report may be made. The minority report must be signed by three members of the committee if the committee is composed of less than 11 members or four members if the committee has 11 or more members. The members signing the report must have been present and voted against the motion to report unfavorably.

(b) The minority report must be filed with the Secretary of the Senate within two calendar days after the vote was taken, Sundays and days the Senate is not in session excluded.

(c) The sponsor of a bill or resolution for which a minority report is filed or a member signing the minority report must move to have the bill or resolution placed on the calendar within 10 calendar days after the date on which the committee's vote was taken. An affirmative vote of two-thirds of the members present is required for the

- 84 -

motion to carry. If the motion fails or is not made within the time allowed, the bill or resolution is dead and may not be considered again during the session.

### Note of Ruling

Bills reported adversely but with a favorable minority report are not to be printed except on an order of the Senate (38 S.J. Reg. 646 (1923)).

### PUBLIC HEARINGS

**Rule 11.18.** (a) No bill may be reported to the Senate before it has been the subject of an open public hearing before a committee or subcommittee. Notice of the hearing on the bill must be posted in a public place at least 24 hours before the hearing is to begin. The chair shall afford reasonable opportunity to interested parties to appear and testify at the hearing.

(b) The chair shall require all parties appearing at the hearing to swear or affirm that the testimony they give to the committee or subcommittee is true and correct.

(c) Any Senator, including one who is not a member of the committee, may question a witness at a hearing. This right shall not be construed to abridge the chair's right to provide others an opportunity to be heard or to entitle any Senator more rights than those afforded a member of the committee.

(d) When possible a person registered as a lobbyist and representing a client's interest at a public hearing shall submit a written statement of his or her presentation to the committee clerk for inclusion in the permanent record of the meeting.

(e) By majority vote a committee may fix the order of appearance and time allotted for each witness at a public hearing.

Rule 11.18

## Notes of Rulings

Consideration of a bill is out of order if it has not been afforded a public hearing in compliance with rules of the Senate (68 S.J. Reg. 1931 (1983)).

A motion to suspend "the posting rule" for the purpose of allowing a committee to conduct a public hearing on a bill at a time and place stated in the motion is sufficient for suspension of both Rule 11.10 and Rule 11.18 (74 S.J. Reg. 3029-3032 (1995)).

## PRIVILEGED NOTICE OF HEARING ON SPECIFIC BILLS (TAG RULE)

**Rule 11.19.** (a) Except as provided in Subsection (d) of this rule, upon the presentation of a written request to the Secretary of the Senate on a form provided by the Secretary, a Senator shall receive at least 48 hours advance written notice of the time and place set for a public hearing on a specific bill or resolution which has been referred to a Senate committee.

(b) If the bill or resolution is on the agenda of a committee and the committee meeting has already begun to consider matters on the agenda, the request shall be presented to the chair of the committee rather than the Secretary of the Senate, and the chair shall note the time of the receipt of the request on the request form and immediately deliver the form to the Secretary. After receipt of the request by the chair, the bill shall not be laid before the committee until notice is delivered to the Senator in accordance with this rule.

(c) If requests are filed simultaneously by more than one Senator, each Senator is entitled to advance notice in compliance with this rule.

(d) A Senator is not entitled to advance notice of the time and place set for a public hearing on a bill or resolution if:

(1) the time and place for a hearing on the bill has been publicly posted for a period of 72 hours and the Senate has been in session at any time during the first 24 hours of the 72-hour period;

Rule 11.19

(2) at the request of the chair of the committee or subcommittee to which the bill is referred, the Secretary of the Senate notifies each Senator in writing of the time and place for the hearing on the bill at least 48 hours before the hearing begins;

(3) the bill has been laid before a committee or subcommittee for consideration in a public hearing at which an opportunity to appear and address the subject matter of the bill or resolution was or is afforded to interested parties; or

(4) another Senator has previously presented a similar request to the Secretary or the chair and the bill or resolution has been set for public hearing in compliance with that request.

(e) Upon receipt of written request for advance notice of a hearing, the Secretary of the Senate shall:

(1) immediately inform the chair or in the absence of the chair the vice-chair of the request;

(2) note the time and date of receipt on the request and file a copy of the request for public inspection;

(3) attach a copy of the request to the bill or resolution to which it applies.

(f) The chair of the committee, upon posting a bill or resolution for public hearing in compliance with a request under this rule, shall give written notice to the Secretary of the Senate and the Senator requesting notice of the time and place fixed for the hearing on the bill or resolution.

(g) Notice delivered to the office of the Senator requesting 48 hours advance notice shall constitute official notice to that Senator:

(1) if that notice is delivered by the office of the Secretary of the Senate between the hours of 8:00 a.m. and 5:00 p.m. during days in which the Senate is convened; or

- 87 -

Rule 11.19

(2) if delivery of the notice to the Senator's office is acknowledged in writing by the Senator or by a member of his or her staff at the time of delivery as to date and hour.

(h) If a Senator withdraws a request for advance notice of a hearing on a bill or resolution, a subsequently filed request by another Senator shall be honored unless a hearing on the bill has already been posted in response to the first request.

(i) The President of the Senate shall ascertain the facts concerning the giving of a notice of a committee hearing on a bill, and the President's ruling as to the sufficiency of the notice based on the facts as ascertained by the President is the final determination of that point when no appeal from the ruling is made.

(j) If the provisions for requesting 48 hours advance notice before hearing of a Senate bill have been properly fulfilled and a House bill containing the same subject is before the committee, the House bill is considered to require the same 48 hours notice before hearing.

## Notes of Rulings

A motion to suspend Senate Rule 11.19 for the purpose of permitting a hearing on a bill without giving a 48-hour notice to a member who has requested it is not debatable (46 S.J. Reg. 1509 (1939)).

The committee's action on a bill at a meeting held without proper 48-hour notice to a member who has properly requested it is in violation of Senate Rule 11.19 [and void]. (Ruling sustained by vote of 13 to 12.) (49 S.J. Reg. 347, 358-359 (1945)).

Re-reference of bill from one committee to another does not vitiate a written request of a member to the chairman of the first committee for a public hearing on the bill and a 48-hour notice of the hearing, and the request goes with the bill to the chairman of the committee to which the bill is re-referred and is binding on him. (Ruling sustained by vote of 13 to 12.) (49 S.J. Reg. 347, 358-359 (1945)).

A Senator who has participated in a committee's action on a bill may not, when the bill is before the Senate, object for the first time that the committee hearing violated Rule 11.19 (tag rule) (70 S.J. Reg. 2167 (1987)).

## SUBPOENA AND PROCESS

**Rule 11.20.** (a) By a record vote of not less than two-thirds of its members, a standing committee of the Senate may issue process to compel the attendance of a witness or to compel a person, agency, or corporation to produce any book, record, document, or other evidence in his, her, or its possession and control before a proceeding of the committee. The committee chair shall issue the subpoena or other process authorized by this rule in the name of the committee, and the subpoena must contain the following information:

(1) a statement of the reason the committee is requesting the appearance of a person or the reason the committee is requesting the production of documents;

(2) the name, address, and title or position of the person requested to appear;

(3) the specific document or documents being requested; and

(4) the specific time and place that the person is to appear or the specific place and time the documents are to be produced.

(b) A committee chair may summon the governing board or other representatives of a state agency to appear and testify before the committee without issuing process under Subsection (a). The summons may be communicated in writing, orally, or electronically.

(c) Except as provided by this rule, the provisions of Sections 301.024, 301.025, 301.026, and 301.027, Government Code, apply to a subpoena or other process issued under this rule.

Rule 12.01

## ARTICLE XII
## CONFERENCE COMMITTEES

### APPOINTMENT OF CONFERENCE COMMITTEES

**Rule 12.01.** All conference committees of the Senate shall be selected and appointed by the President or the President Pro Tempore when the latter shall be presiding. The member authoring or sponsoring the bill for which the conference committee is selected shall be appointed chair of the Senate conferees. At least two of the Senate conferees must be from a standing committee which heard the bill.

### Notes of Rulings

It is permissible to concur in one House amendment to a Senate bill and to not concur in others and request a conference committee as to those amendments only (63 S.J. Reg. 1657 (1973)).

A conference committee report is out of order if the composition of the conference committee did not comply with Rule 12.01 (66 S.J. Reg. 1873 (1979)).

The composition of a conference committee is within the discretion of the President to the extent that Senate rules do not otherwise provide (71 S.J. 2 C.S. 271-272 (1989)).

### INSTRUCTIONS TO CONFERENCE COMMITTEES

**Rule 12.02.** Immediately after the Senate decides that any matter shall be submitted to a conference committee, the presiding officer shall state "Are there any motions to instruct the conference committee before appointment?" The presiding officer shall thereupon recognize members to make such motions to instruct and the Senate shall proceed to consider all such motions until disposed of or limited under the provisions of Rule 6.09.

## Notes of Rulings

Senate conferees may not be instructed by resolution after they have been appointed and have commenced deliberations (43 S.J. Reg. 1684 (1933)).

See also annotations relating to Conference Reports in Appendix.

A conference committee report should not be ruled out on a point of order that instructions have been disobeyed. The members of the Senate decide the question by voting to accept or reject the conference committee report (64 S.J. Reg. 1666 (1975)).

### LIMITATIONS ON CONFERENCE COMMITTEE ACTIONS

**Rule 12.03.** Except as otherwise provided in this article, conference committees shall limit their discussions and their actions solely to the matters in disagreement between the two Houses. A conference committee shall have no authority with respect to any bill or resolution to:

(1) change, alter, or amend text which is not in disagreement;

(2) omit text which is not in disagreement;

(3) add text on any matter which is not in disagreement;

(4) add text on any matter which is not included in either the House or Senate version of the bill or resolution.

This rule shall be strictly construed by the presiding officer in each House to achieve the purposes hereof.

### Note of Ruling

Rule 12.03 does not prohibit a conference committee from adding text not in either the Senate or House version of a bill

Rule 12.03

> when the text added relates to a matter in disagreement between
> the two houses (74 S.J. Reg. 3733-3734, 3740-3741 (1995)).

## CONFERENCE COMMITTEES ON APPROPRIATION BILLS

**Rule 12.04.** Conference committees on appropriation bills, like other conference committees, shall limit their discussions and their actions solely to the matters in disagreement between the two Houses. In addition to the limitations contained elsewhere in these rules, a conference committee on appropriation bills shall be strictly limited in its authority as follows:

(1) If an item of appropriation appears in both House and Senate versions of the bill, such items must be included in the conference report.

(2) If an item of appropriation appears in both House and Senate versions of the bill and in identical amounts, no change can be made in such item or the amount thereof.

(3) If an item of appropriation appears in both House and Senate versions of the bill but in different amounts, no change can be made in the item, but the amount thereof shall be at the discretion of the conference committee, provided that such amount shall not exceed the larger version and shall not be less than the smaller version.

(4) If an item of appropriation appears in one version of the bill and not in the other, such item can be included or omitted at the discretion of the conference committee. If the item is included, the amount thereof shall not exceed the sum specified in the version containing such item.

(5) If an item of appropriation appears in neither the House nor the Senate version of the bill, such item must not be included in the conference report. However, the conference committee report may include appropriations for purposes or programs authorized by bills that have been passed and sent to the Governor and may include contingent appropriations for purposes or programs authorized by bills that have been passed by at least one House.

This rule shall be strictly construed by the presiding officer in each House to achieve the purposes hereof.

## CONFERENCE COMMITTEES ON TAX BILLS

**Rule 12.05.** Conference committees on tax bills, like other conference committees, shall limit their discussions and their actions solely to the matters in disagreement between the two Houses. In addition to the limitations contained elsewhere in these rules, a conference committee on a tax bill shall be strictly limited in its authority as follows:

(1) If a tax item appears in both House and Senate versions of the bill, such item must be included in the conference report.

(2) If a tax item appears in both House and Senate versions of the bill and in identical form and with identical rates, no change can be made in such item or the rate therein provided.

(3) If a tax item appears in both House and Senate versions of the bill but at differing rates, no change can be made in the item, but the rate thereof shall be determined at the discretion of the conference committee, provided that such rate shall not exceed the higher version and shall not be less than the lower version.

(4) If a tax item appears in one version of the bill and not in the other, such item can be included or omitted at the discretion of the conference committee. If the item is included, the rate thereof shall not exceed the rate specified in the version containing such item.

(5) If a tax item appears in neither the House nor the Senate version of the bill, such item must not be included in the conference report.

This rule shall be strictly construed by the presiding officer in each House to achieve the purposes hereof.

## CONFERENCE COMMITTEES ON
## REAPPORTIONMENT BILLS

**Rule 12.06.** Conference committees on reapportionment bills, to the extent possible, shall limit their discussions and their actions to the matters in disagreement between the two Houses. Since the adjustment of one district in a reapportionment bill will inevitably affect other districts therein, the strict rule of construction imposed on

Rule 12.06

other conference committees must be relaxed somewhat when reapportionment bills are involved. Accordingly, the following authority and limitations shall apply only to conference committees on reapportionment bills:

(1) If the matters in disagreement affect only certain districts and the other districts are identical in both House and Senate versions of the bill, the conference committee shall make adjustments only in those districts whose rearrangement is essential to the effective resolving of the matters in disagreement. All other districts shall remain unchanged.

(2) If the matters in disagreement permeate the entire bill and affect most, if not all, of the districts therein, the conference committee shall have wide discretion in rearranging the districts to the extent necessary to resolve all differences between the two Houses.

(3) Insofar as the actual structure of the districts is concerned and only to that extent, the provisions of Senate Rule 12.03 shall not apply to conference committees on reapportionment bills.

## CONFERENCE COMMITTEES ON
## RECODIFICATION BILLS

**Rule 12.07.** Conference committees on recodification bills, like other conference committees, shall limit their discussions and their actions solely to the matters in disagreement between the two Houses. The comprehensive and complicated nature of recodification bills makes necessary the relaxing of the strict rule of construction imposed on other conference committees only to the following extent:

(1) If it develops in conference committee that material has been inadvertently included in both House and Senate versions which properly has no place in such recodification, such material may be omitted from the conference report, if by such omission the existing statute thereon is not repealed, altered, or amended.

(2) If it develops in conference committee that material has been inadvertently omitted from both the House and Senate versions which properly should be included if such recodification is to achieve its purposes of being all-inclusive of the statutes being recodified, such material may be added to the conference report, if by

- 94 -

such addition the existing statute is merely restated without substantive change in existing law.

## SUSPENSION OF CONFERENCE
## COMMITTEE RULES

**Rule 12.08.** Limitations imposed on certain conference committees by the provisions of Rules 12.03, 12.04, 12.05, 12.06, and 12.07 may be suspended, in part, by permission of the Senate to enable consideration of and action on a specific matter or matters which otherwise would be in violation thereof. Such permission shall be granted only by resolution passed by majority vote of the Senate, with yeas and nays thereon to be recorded in the journal of the Senate. Such resolution shall specify in detail: (1) the exact nature of the matter or matters proposed to be considered; (2) the specific limitation or limitations to be suspended thereby; (3) the specific action contemplated by the conference committee thereon; and (4) except for a resolution suspending the limitations on the conferees for the general appropriations bill, the reasons why suspension of such limitations is being requested. In the application of this rule to appropriations bills, the resolution need not include changes in amounts resulting from a proposed salary plan or changes in format that do not affect the amount of an appropriation or the method of finance of an appropriation, but shall include a general statement describing the salary plan or format change. The resolution need not include differences in language which do not affect the substance of the bill. Permission thus granted shall suspend such limitations only for the matter or matters clearly specified in the resolution, and action of the conference committee shall be in conformity therewith.

## PRINTING AND NOTICE OF CONFERENCE
## COMMITTEE REPORTS

**Rule 12.09.** (a) All conference committee reports on the general appropriations bill, tax bills, and reapportionment bills must be reproduced and a copy thereof furnished to each member at least 48 hours before any action thereon, if convened in regular session, and 24 hours, if convened in called session.

(b) All conference committee reports on other bills must be reproduced and a copy thereof furnished to each member at least 48 hours before any action thereon prior to the last 72 hours of a regular session, and 24 hours before any action thereon during a called session or the last 72 hours of a regular session.

Rule 12.09

## Note of Ruling

The requirement that a copy of a conference committee report be furnished to the members 24 hours before action on the report no longer applies when the 48th hour prior to final adjournment is reached (71 S.J. 2 C.S. 552-553 (1989)).

## SECTION-BY-SECTION ANALYSIS

**Rule 12.10.** Each conference committee report, regardless of its subject matter, must have attached thereto a section-by-section analysis showing the disagreements which have been resolved by the conference committee. This analysis must show for each and every disagreement in parallel columns: (1) the substance of the House version; (2) the substance of the Senate version; and (3) the substance of the recommendation by the conference committee. No action shall be taken on any conference committee report in the absence of such analysis, except by an affirmative vote of two-thirds of the members present, with the yeas and nays thereon to be recorded in the journal.

## ENFORCEMENT BY PRESIDENT

**Rule 12.11.** The President of the Senate shall rule out of order any conference committee report which is in violation of any of the provisions and limitations contained in these rules.

## Note of Ruling

For an instance when the chair refused to go behind a conference committee report to determine whether the conference committee report accurately reflected the action of the conference committee, see 74 S.J. Reg. 2036 (1995).

- 96 -

Rule 13.01

## ARTICLE XIII
## COMMITTEE OF THE WHOLE SENATE

## RESOLVE INTO COMMITTEE OF THE
## WHOLE SENATE

**Rule 13.01.** It shall be in order for the Senate at any time after bills and resolutions have been called to resolve itself into a Committee of the Whole Senate.

### Editorial Note

A motion to resolve the Senate into a Committee of the Whole immediately requires only a majority vote, inasmuch as it is equivalent to a motion to recess (43 S.J. Reg. 1559 (1933)).

## CHAIR OF COMMITTEE OF THE
## WHOLE SENATE

**Rule 13.02.** In forming a Committee of the Whole Senate, the President shall leave the chair and shall appoint a chair to preside in committee.

## RIGHT OF LIEUTENANT GOVERNOR TO
## DEBATE AND VOTE IN COMMITTEE
## OF THE WHOLE SENATE

**Rule 13.03.** When in Committee of the Whole Senate, the President shall have the right to debate and vote on all questions. (Constitution, Article IV, Section 16)

## PROCEDURE IN COMMITTEE OF THE
## WHOLE SENATE

**Rule 13.04.** The rules of the Senate, as far as applicable, shall be observed in Committee of the Whole Senate.

Rule 13.05

## DEBATE AND AMENDMENTS

**Rule 13.05.** Upon a matter being referred to a Committee of the Whole Senate or a subcommittee of a Committee of the Whole Senate, the matter shall be read and debated by clauses, leaving the preamble, if any, to be last considered. The body of the bill shall not be defaced or interlined, but all amendments, noting the page or line, shall be duly entered by the Secretary of the Senate or the clerk of the subcommittee on a separate sheet of paper as the same shall be agreed to by the committee and so reported to the Senate. After the report, the bill shall again be subject to be debated and amended or committed before a question to engross it be taken.

### Editorial Note

No journal is kept by the Journal Clerk of the proceedings of the Senate when in Committee of the Whole.

## ARTICLE XIV
## NOMINATIONS BY THE GOVERNOR

### REFERRAL TO COMMITTEE

**Rule 14.01.** When nominations shall be sent to the Senate by the Governor, a future day shall be assigned for action thereon, unless the Senate unanimously directs otherwise. They shall be referred directly to either the Committee on Nominations or the standing committee with jurisdiction over the subject matter involved, which shall hold hearings and report its actions directly back to the Senate.

### NOTICE RULE

**Rule 14.02.** Nominations, having been reported out of the Nominations Committee or other appropriately designated standing committee, shall not be acted upon unless the names of the nominees or individual nominee shall have been printed and a copy thereof furnished to each member 24 hours beforehand.

### Note of Ruling

No action can be taken on nominations on same day submitted except by suspending rule requiring nominations to be considered on a "future day" (43 S.J. Reg. 199 (1933)).

## EXECUTIVE SESSION OF COMMITTEE

**Rule 14.03.** Hearings on nominations by the proper committee shall be open meetings, unless an executive session is ordered by a majority vote of the membership of that committee.

### Note of Ruling

A motion that the Senate hold an executive session the same day the motion is made is not in order, since Rule 14.01 provides that a future day shall be set for the consideration of Governor's nominations (48 S.J. Reg. 132 (1943)).

## REPORT TO GOVERNOR BY
## SECRETARY OF SENATE

**Rule 14.04.** All nominations approved or definitely acted on by the Senate shall be returned to the Governor by the Secretary of the Senate from day to day, as such proceedings may occur.

### Editorial Note

The Senate of the 43rd Legislature in open session, on a motion made by Senator Woodruff, refused to grant the request of Governor Ferguson to withdraw certain nominations that had been submitted by outgoing Governor Sterling, but not yet acted on by the Senate (43 S.J. Reg. 108 (1933)).

Rule 15.01

## ARTICLE XV
## EXECUTIVE SESSIONS

### SECRECY OF EXECUTIVE SESSION

**Rule 15.01.** When the Senate is in executive session, the Senate Chamber and gallery shall be cleared of all persons except the Secretary of the Senate and the Sergeant-at-Arms who shall keep secret proceedings of such session until the injunction of secrecy is removed by unanimous vote of the Senate.

### VOTE IN OPEN SESSION

**Rule 15.02.** Consideration of all information and remarks touching the character and qualifications of nominees for confirmation by the Senate shall be in open session unless an executive session is ordered by a proper motion adopted by a majority vote of the membership of the Senate. Members of the Senate shall vote to confirm or not to confirm in open session of the Senate, and the votes to confirm and not to confirm shall be entered in the journal of the Senate.

### Editorial Note

When a report of the nominations committee is before the Senate, and a request is made to sever a nomination to permit the Senate to act on it separately, the request to sever is granted automatically (63 S.J. Reg. 123 (1973)).

### SENATOR CAN DISCLOSE OWN VIEWS

**Rule 15.03.** No member of the Senate shall be prohibited from revealing the member's own view on any matter or the member's vote on any matter pending or having been decided by the Senate.

### VIOLATION OF SECRECY

**Rule 15.04.** Any officer or member convicted of violating any provision of either Rule 15.01 or 15.02 shall be liable, if an officer, to dismissal from the service of the Senate and, if a member, to expulsion.

## REPORT OF EXECUTIVE SESSION TO
## BE RECORDED IN SENATE BOOK

**Rule 15.05.** The proceedings of the Senate, when in executive session, shall be kept in a separate book. The proceedings of the Senate, when in open session acting upon nominations made by the Governor, shall be entered in the journal of the Senate.

## ARTICLE XVI
## VOTES REQUIRED TO ADOPT MOTIONS

### DEFINITIONS

**Rule 16.01.** The terms "unanimous consent," "four-fifths of the members of the Senate," "four-fifths of the members present," "two-thirds of the members of the Senate," "two-thirds of the members present," "a majority of the members of the Senate," and "a majority of the members present" are defined as follows:

(1) "Unanimous consent" means the consent of all of the members of the Senate who are present and voting on the issue at the time the vote is recorded.

(2) "Four-fifths of the members of the Senate" means four-fifths of the 31 elected members of the Senate.

(3) "Four-fifths of the members present" means four-fifths of the members of the Senate who are present and voting on the issue at the time the vote is recorded.

(4) "Two-thirds of the members of the Senate" means two-thirds of the 31 elected members of the Senate.

(5) "Two-thirds of the members present" means two-thirds of the members of the Senate who are present and voting on the issue at the time the vote is recorded.

(6) "A majority of the members of the Senate" means a majority of the 31 elected members of the Senate.

Rule 16.01

(7) "A majority of the members present" means a majority of the members of the Senate who are present and voting on the issue at the time the vote is recorded.

## MATTERS REQUIRING UNANIMOUS CONSENT

**Rule 16.02.** Unanimous consent of the members present shall be required to:

(1) suspend the Senate floor admission rules; Rule 2.07

(2) suspend the local calendar rules; Rule 9.07

(3) authorize committees or conference committees to meet during a session of the Senate; Rule 11.13

(4) consider a nomination of the Governor without being referred to a committee; Rule 14.01

(5) dispense with secrecy of executive session. Rule 15.01

## MATTERS REQUIRING VOTE OF
## FOUR-FIFTHS OF MEMBERS OF SENATE

**Rule 16.03.** A vote of four-fifths of the members of the Senate shall be required to:

(1) suspend the constitutional rule prohibiting consideration of a bill during the first 60 days of a regular session; Rule 7.13 (Constitution, Article III, Section 5) See note to Rule 7.13.

(2) suspend the constitutional rule prohibiting introduction of a bill after the first 60 days of a regular session. Rule 7.07 (Constitution, Article III, Section 5) See note to Rule 7.07.

Rule 16.04

## MATTERS REQUIRING VOTE OF
## FOUR-FIFTHS OF MEMBERS PRESENT

**Rule 16.04.** A vote of four-fifths of the members present shall be required to:

(1) suspend the constitutional rule requiring bills to be read on three several days; Rule 7.18 (Constitution, Article III, Section 32) See note to Rule 7.18.

(2) suspend the requirement that a bill be reported from a Senate committee at least three days before final adjournment of a regular session; Rule 7.24 (Constitution, Article III, Section 37)

(3) pass a bill on third reading after the 135th calendar day of a regular session; Rule 7.25.

(4) take any action on a bill within the last 24 hours of the session except to correct an error therein; Rule 7.25.

(5) suspend the Intent Calendar rules; Rule 5.14.

(6) reset a special order to earlier time. Rule 5.11.

## MATTERS REQUIRING VOTE
## OF TWO-THIRDS OF MEMBERS OF SENATE

**Rule 16.05.** A vote of two-thirds of the members of the Senate shall be required for:

(1) final passage of proposed amendment to the Constitution; Rule 10.02 (Constitution, Article XVII, Section 1)

(2) immediate effect of a bill; (Constitution, Article III, Section 39)

(3) the release of payment of taxes in cases of great public calamity; (Constitution, Article VIII, Section 10)

Rule 16.05

(4) final passage of bills to reduce county to less area than 900 square miles; (Constitution, Article IX, Section 1)

(5) passage of an address to the Governor for the removal of any civil officer; (Constitution, Article XV, Section 8)

(6) expulsion of a member of the Senate; Rule 4.09 (Constitution, Article III, Section 11)

(7) passage of House bills that have been returned by the Governor with objections. Rule 6.20. (Constitution, Article IV, Section 14)

### Note of Ruling

A vote of two-thirds of the members is not required for passage of bill to create flood control district and donate portion of taxes collected therein to the district (48 S.J. Reg. 1053 (1943)).

## MATTERS REQUIRING VOTE OF
## TWO-THIRDS OF MEMBERS PRESENT

**Rule 16.06.** A vote of two-thirds of the members present shall be required to:

(1) impeach any officer; (Constitution, Article XV, Section 3)

(2) pass a Senate bill that has been returned by the Governor with objections; Rule 6.20 (Constitution, Article IV, Section 14) See note to Rule 6.20.

(3) confirm an appointee of the Governor, unless otherwise directed by law; (Constitution, Article IV, Section 12)

(4) adopt an amendment at third reading of a bill or a joint resolution; Rules 7.19 and 10.02

(5) suspend the floor privileges of a member of the Senate; Rule 4.07

Rule 16.06

(6) suspend the regular order of business; Rule 5.13

(7) excuse absentees; Rule 5.03

(8) set a matter for special order; Rule 5.11. See note to Rule 5.11.

(9) place a minority report on the calendar; Rule 11.17

(10) rerefer a bill to another committee; Rule 6.08

(11) suspend the section-by-section analysis on conference committee reports; Rule 12.10

(12) suspend or rescind any rule of the Senate unless the rules specify a different majority; Rule 22.01

(13) consider immediately petitions, concurrent and joint resolutions, or resolutions setting or defining legislative or state policy. Rule 8.02. See note to Rule 8.02.

### Editorial Note

This ruling and other late Senate precedents relative to suspending a pending question for the purpose of taking up another indicate that it has become the prevailing opinion of the Senate's presiding officers and its members that any pending debatable question, even a highly privileged one or one with high priority for consideration, may be suspended by a two-thirds vote of the Senate for the purpose of taking up another matter on the President's table for immediate consideration. Suspending a question that has itself been taken up under a suspension would most likely not be permitted.

### MATTERS REQUIRING VOTE OF MAJORITY
### OF MEMBERS OF SENATE

**Rule 16.07.** A vote of the majority of the members of the Senate is required to:

(1) pass a resolution initially adopting temporary or permanent rules of the Senate; Rule 21.01

- 105 -

Rule 16.07

        (2) adopt, amend, or rescind any Joint Rules of the two Houses; Rules 21.02 and 22.02

        (3) adopt resolution to suspend conference committee rules; Rule 12.08

        (4) commit or recommit bill, resolution, or petition to a committee; Rule 6.08

        (5) hold an executive session; Rule 15.02

        (6) pass a resolution amending the Rules of the Senate. Rule 22.01.

## MATTERS REQUIRING VOTE OF
## MAJORITY OF MEMBERS PRESENT

**Rule 16.08.** A vote of the majority of members present shall be required to:

        (1) elect officers; Rule 1.05

        (2) elect a member to preside; Rule 1.01

        (3) remove a member from the chair; Rule 4.08

        (4) pass a bill on second reading; Rule 7.17

        (5) pass a bill on third reading, except to give immediate effect to the bill as required by Rule 7.18;

        (6) adopt an amendment on second reading;

        (7) adopt a motion to reconsider vote; Rules 6.10 and 6.11

        (8) dispense with reading of papers; Rule 6.13. See note to Rule 6.13.

Rule 16.08

(9) debate a congratulatory, memorial, or courtesy resolution; Rule 8.03.  See note to Rule 8.03.

(10) adopt a motion for previous question, after five seconds; Rule 6.09.  See note to Rule 6.09.

(11) adopt a motion for immediate ruling, after 10 seconds; Rule 6.12.  See note to Rule 6.12.

(12) concur in House amendments to Senate bills, except to give immediate effect to the bill as required by Rule 16.05(2);

(13) adopt a Conference Committee Report, except to give immediate effect to the bill as required by Rule 16.05(2).

## MATTERS REQUIRING VOTE WHEN LESS
## THAN A QUORUM IS PRESENT

**Rule 16.09.**  When a quorum is not present, a majority of the members present may:

(1) authorize a call of the Senate; Rule 5.04.  See note to Rule 5.04.

(2) authorize a call for absent members; Rule 5.02.  See note to Rule 5.02.

(3) adjourn or recess.  Rule 5.02.

## ARTICLE XVII
## SENATE JOURNAL

### REASON FOR VOTE

**Rule 17.01.**  Any member shall have the privilege to have spread upon the journal of the Senate a brief statement of the member's reason for any vote he or she may cast.  Such statement shall not deal in personalities or contain any personal

- 107 -

Rule 17.01

reflection on any member of the Legislature, the Speaker, the Lieutenant Governor, or the Governor and shall not in any other manner transgress the rules or traditions of the Senate.

### Editorial Note

A Senator's privilege of inserting his reasons for a vote is frequently exercised; and in some instances a considerable amount of matter quoted from letters, newspapers, etc., is incorporated in the reasons inserted (40 S.J. Reg. 416-418 (1927); 40 S.J. 1 C.S. 42-43 (1927); 42 S.J. 1 C.S. 24 (1931); 49 S.J. Reg. 582 (1945)).

### JOURNAL OF SENATE

**Rule 17.02.** The proceedings of the Senate, when not in Committee of the Whole Senate or in executive session, shall be entered on the journal as concisely as possible, care being taken to detail a true and accurate account of the proceedings. The titles of the bills and such parts thereof only as shall be affected by proposed amendments shall be inserted in the journal. Every report of a committee and vote of the Senate and a brief statement of the contents of each memorial, petition, or paper presented to the Senate shall also be inserted in the journal. Resolutions of a congratulatory nature and resolutions recognizing visitors to the Senate shall not be numbered or printed in the journal, but the names of the sponsor and the persons concerned and the recognition accorded may be listed for each day at the end of the day's proceedings.

### Editorial Note

House amendments to any Senate Bill, Senate Joint Resolution, or Concurrent Resolution shall be printed in the Senate Journal on the day that action is taken by the Senate thereon.

### Notes of Rulings

The Senate can take cognizance of an action by House only if officially notified of such action (35 S.J. 2 C.S. 61 (1917)).

It is not out of order for a member to request that the journal show the subjects as well as the numbers of certain bills the recommitment of which has been moved (51 S.J. Reg. 562 (1949)).

A letter relating to supply of natural gas to San Antonio may be inserted in the Senate Journal and the rule relative to contents can be suspended by member requesting same if there is no other matter pending before Senate at that time (62 S.J. 2 C.S. 41 (1972)).

### RETURN OF VETOED SENATE BILLS

**Rule 17.03.** When a bill shall be returned to the Senate by the Governor, with the Governor's objections, it shall be entered at large upon the journal. (Constitution, Article IV, Section 14)

### Note of Ruling

Consideration of a motion to override the Governor's veto of a particular bill may be postponed (45 S.J. Reg. 1484 (1937)).

## ARTICLE XVIII
## MESSAGES TO AND FROM HOUSE

### MESSAGES TO THE HOUSE

**Rule 18.01.** Messages, bills, resolutions, and other papers shall be sent to the House of Representatives by the Secretary of the Senate who shall previously endorse upon them the final determination of the Senate thereon.

Rule 18.02

## MESSAGES FROM THE HOUSE

**Rule 18.02.** Messages may be received at any time, except while a question is being put, while the yeas and nays are being taken, or while the ballots are being counted.

## ARTICLE XIX
## AGENCY RULES

### REFERRAL OF AGENCY RULES

**Rule 19.01.** The President shall refer to the appropriate standing committee each proposed agency rule on which notice is filed by an agency as required by the Administrative Procedure Act.

### COMMITTEE ACTION

**Rule 19.02.** The committee on a vote of a majority of its members may transmit to the agency a statement supporting or opposing adoption of the proposed rule.

## ARTICLE XX
## WHEN SENATE RULES ARE SILENT

### PRESIDENT OF SENATE DECIDES QUESTION

**Rule 20.01.** The President of the Senate shall decide all questions not provided for by the standing Rules of Order of the Senate and Joint Rules of Order of both branches of the Legislature, according to parliamentary practice laid down by approved authors.

### Editorial Notes

The rulings of the presiding officers of the Senate as shown in the Texas Legislative Manual, the practice in Congress as shown in Hinds' Precedents and in Cannon's Precedents, the practice in the Texas House of Representatives as shown in the Legislative Manual, and the rules and precedents as set forth in Mason's Manual of Legislative Procedure, Jefferson's Manual, and the Manual of the United States Senate have been resorted to by the presiding officers of the Senate for guidance in deciding questions of order.

For an instance of when the chair submitted a point of order directly to the Senate for its determination, see 71 S.J. 2 C.S. 554 (1989).

### Note of Ruling

For an instance of when the chair refused to sustain a point of order challenging compliance with a constitutionally required procedure because the Constitution, laws, rules of the Senate, and official records of the Senate did not provide a basis on which to determine compliance, see 74 S.J. Reg. 2458-2461 (1995).

### APPEAL TO SENATE

**Rule 20.02.** The President's ruling is subject to appeal to the entire Senate.

## ARTICLE XXI
## ADOPTION OF RULES

### SENATE RULES

**Rule 21.01.** The Senate shall at the beginning of each Legislative Session adopt temporary or permanent Senate rules by resolution of the Senate. The Senate rules shall be adopted by a majority of the members of the Senate.

Rule 21.02

## JOINT RULES

**Rule 21.02.** The House and Senate may adopt Joint Rules for the two Houses. Joint Rules may be adopted by a majority of the members of the Senate.

## ARTICLE XXII
## SUSPENSION, AMENDMENT, OR RESCISSION OF RULES

### SENATE RULES

**Rule 22.01.** It shall require a vote of two-thirds of the members present to suspend any rule of the Senate, unless the rules specify a different majority. A majority of the members of the Senate may amend the Rules of the Senate by adoption of a Senate Resolution amending the rules, which resolution has been referred to and reported from a committee as otherwise required by these rules. Rules 16.06 and 16.07. See note to Rule 16.06.

### JOINT RULES

**Rule 22.02.** It shall require a vote of a majority of the members of the Senate to suspend, amend, or rescind any Joint Rules of the two Houses. Rule 16.07

By:  Whitmire                                              S.R. No. 3

SENATE RESOLUTION

BE IT RESOLVED by the Senate of the State of Texas, That
the Rules of the Senate of the 79th Legislature are adopted as the
Permanent Rules of the 80th Legislature.

_____
President of the Senate

I hereby certify that the
above Resolution was adopted by
the Senate on January 9, 2007,
by the following vote:  Yeas 30,
Nays 1.

_____
Secretary of the Senate

1

PL171
9/2/2014
2:13-cv-00193



# SENATE RULES

adopted by
81st LEGISLATURE
January 14, 2009

Senate Resolution No. 14



EXHIBIT
552

# TABLE OF CONTENTS

Preface    Statement of Authorization and Precedence  . . . . . . . . . . . . 1

## ARTICLE I
## SENATE OFFICERS AND ELECTIONS

Rule 1.01  Presiding officer of the Senate . . . . . . . . . . . . . . . . . . . . . . . 1
Rule 1.02  President Pro Tempore  . . . . . . . . . . . . . . . . . . . . . . . . . . 2
Rule 1.03  Vacancy in the office of Lieutenant
     Governor . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
Rule 1.04  Officers of the Senate  . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
Rule 1.05  Election of Officers . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## ARTICLE II
## ADMISSION TO SENATE CHAMBER

Rule 2.01  Access to Senate floor . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
Rule 2.02  Restrictions on admission  . . . . . . . . . . . . . . . . . . . . . . . . . 4
Rule 2.03  Persons lobbying not admitted . . . . . . . . . . . . . . . . . . . . . . . 5
Rule 2.04  Press correspondents  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
Rule 2.05  Forfeiture of admission privilege . . . . . . . . . . . . . . . . . . . . . 6
Rule 2.06  Exceptions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
Rule 2.07  Suspension of admission rule  . . . . . . . . . . . . . . . . . . . . . . . 6

## ARTICLE III
## SENATE DECORUM

Rule 3.01  Persons must be properly attired in
     Senate Chamber . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
Rule 3.02  No eating or drinking in Senate Chamber . . . . . . . . . . . . . . 7
Rule 3.03  Messages to members  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
Rule 3.04  Posters, placards, banners, and signs . . . . . . . . . . . . . . . . . . 7
Rule 3.05  Applause, outbursts, or demonstrations . . . . . . . . . . . . . . . . 7
Rule 3.06  Punishment for obstructing proceedings  . . . . . . . . . . . . . . . 8

i

## ARTICLE IV
## DECORUM AND DEBATE OF
## MEMBERS OF THE SENATE

| | | |
|---|---|---|
| Rule 4.01 | Members to address President . . . . . . . . . . . . . . . . . . . . . . | 8 |
| Rule 4.02 | Interruption of President . . . . . . . . . . . . . . . . . . . . . . . . . . | 9 |
| Rule 4.03 | Interruption of member speaking . . . . . . . . . . . . . . . . . . . . | 9 |
| Rule 4.04 | Recognition of members in debate . . . . . . . . . . . . . . . . . . | 12 |
| Rule 4.05 | Speaking more than once in single debate . . . . . . . . . . . . . | 13 |
| Rule 4.06 | Member called to order . . . . . . . . . . . . . . . . . . . . . . . . . . . | 13 |
| Rule 4.07 | Refusal of member called to order to be seated . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 14 |
| Rule 4.08 | Removal of Senator from chair . . . . . . . . . . . . . . . . . . . . . | 14 |
| Rule 4.09 | Punishment for misconduct . . . . . . . . . . . . . . . . . . . . . . . | 15 |
| Rule 4.10 | Bribery . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 16 |

## ARTICLE V
## SENATE PROCEDURAL RULES
## (Order of Business)

| | | |
|---|---|---|
| Rule 5.01 | Presiding officer to assume chair . . . . . . . . . . . . . . . . . . . . | 16 |
| Rule 5.02 | Quorum . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 16 |
| Rule 5.03 | Absences . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 17 |
| Rule 5.04 | Call of the Senate . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 18 |
| Rule 5.05 | Roll call . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 20 |
| Rule 5.06 | Prayer by chaplain . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 20 |
| Rule 5.07 | Reading of journal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 20 |
| Rule 5.08 | Morning call . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 20 |
| Rule 5.09 | Order of considering bills and resolutions . . . . . . . . . . . . . | 21 |
| Rule 5.10 | House bill days . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 22 |
| Rule 5.11 | Special orders . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 24 |
| Rule 5.12 | Regular order of business . . . . . . . . . . . . . . . . . . . . . . . . . | 25 |
| Rule 5.13 | Suspension of the regular order of business . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 26 |
| Rule 5.14 | Intent calendar . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 27 |
| Rule 5.15 | Rulings by President . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 27 |

ii

## ARTICLE VI
## MOTIONS

| | | |
|---|---|---|
| Rule 6.01 | Motions and their precedence  . . . . . . . . . . . . . . . . . . . . . . | 28 |
| Rule 6.02 | Limitation of debate on motions  . . . . . . . . . . . . . . . . . . . . | 33 |
| Rule 6.03 | Written motions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 35 |
| Rule 6.04 | Withdrawal of motion . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 35 |
| Rule 6.05 | Motions to fix sum or state time  . . . . . . . . . . . . . . . . . . . . | 36 |
| Rule 6.06 | Division of question . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 36 |
| Rule 6.07 | Motion to table  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 36 |
| Rule 6.08 | Motions to refer or commit  . . . . . . . . . . . . . . . . . . . . . . . . | 36 |
| Rule 6.09 | Previous question . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 37 |
| Rule 6.10 | Reconsideration . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 39 |
| Rule 6.11 | Spreading motion to reconsider on journal  . . . . . . . . . . . . | 42 |
| Rule 6.12 | Demand for immediate ruling  . . . . . . . . . . . . . . . . . . . . . . | 42 |
| Rule 6.13 | Dispense with reading of papers  . . . . . . . . . . . . . . . . . . . . | 43 |
| Rule 6.14 | Mode of stating and voting upon questions . . . . . . . . . . . . | 43 |
| Rule 6.15 | When record vote required; calls for yeas and nays  . . . . . . | 44 |
| Rule 6.16 | Members refusing to answer recorded present  . . . . . . . . . . | 45 |
| Rule 6.17 | Paired votes . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 45 |
| Rule 6.18 | Lieutenant Governor to give casting vote  . . . . . . . . . . . . . | 45 |
| Rule 6.19 | Effect of tie vote when Lieutenant Governor absent . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 46 |
| Rule 6.20 | Vetoed bills . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 46 |
| Rule 6.21 | Adjournment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 46 |
| Rule 6.22 | Adjournment of Senate for more than three days  . . . . . . . . | 48 |

## ARTICLE VII
## INTRODUCTION AND PASSAGE OF BILLS

| | | |
|---|---|---|
| Rule 7.01 | Custodian of bills and resolutions  . . . . . . . . . . . . . . . . . . . | 48 |
| Rule 7.02 | Caption Rule  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 48 |
| Rule 7.03 | Announcement of stage of bill . . . . . . . . . . . . . . . . . . . . . . | 49 |
| Rule 7.04 | Filing bills . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 49 |
| Rule 7.05 | Introduction and first reading of bills  . . . . . . . . . . . . . . . . | 50 |
| Rule 7.06 | Referral of bills  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 50 |
| Rule 7.07 | Limitations on introduction . . . . . . . . . . . . . . . . . . . . . . . . | 51 |
| Rule 7.08 | Consideration of emergency matters . . . . . . . . . . . . . . . . . . | 51 |
| Rule 7.09 | Analysis of fiscal and other implications of bill or resolution  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 51 |

iii

| Rule 7.10 | Format of bills and resolutions reported | |
| | by committees | 56 |
| Rule 7.11 | Committee substitute bills | 57 |
| Rule 7.12 | Printing of bills | 58 |
| Rule 7.13 | Suspension of rule limiting consideration | |
| | of bills | 60 |
| Rule 7.14 | Consideration of House bill in lieu of | |
| | Senate bill on same subject | 60 |
| Rule 7.15 | Germaneness | 61 |
| Rule 7.16 | Amendments to tax bills or sunset bills | 65 |
| Rule 7.17 | Motion to pass a bill to second reading | |
| | is not necessary | 65 |
| Rule 7.18 | Reading of bill on three several days | 66 |
| Rule 7.19 | Adoption of amendment on third reading | 67 |
| Rule 7.20 | Limitations on appropriations bills | 67 |
| Rule 7.21 | House amendments to Senate bills | 67 |
| Rule 7.22 | Defeated bill | 68 |
| Rule 7.23 | Signing of bills and resolutions by | |
| | presiding officer | 69 |
| Rule 7.24 | Deadline for report | 69 |
| Rule 7.25 | Limitation on vote | 69 |

## ARTICLE VIII
## PETITIONS AND RESOLUTIONS

| Rule 8.01 | Procedural rules | 70 |
| Rule 8.02 | Referral to committee | 70 |
| Rule 8.03 | Congratulatory, memorial, and courtesy | |
| | resolutions | 72 |
| Rule 8.04 | Defeated resolution | 72 |

## ARTICLE IX
## LOCAL BILLS

| Rule 9.01 | Definition of local bill | 73 |
| Rule 9.02 | Introduction and consideration of | |
| | local bills | 74 |
| Rule 9.03 | Local and uncontested calendar | 74 |
| Rule 9.04 | Referral to Administration Committee | 74 |

iv

Rule 9.05    Bills and resolutions not qualified
             for consideration on the local and
             uncontested calendar . . . . . . . . . . . . . . . . . . . . . . . . . . . .   75
Rule 9.06    Bills and resolutions prohibited
             from placement on the local and
             uncontested calendar . . . . . . . . . . . . . . . . . . . . . . . . . . . .   75
Rule 9.07    Suspension of local calendar rules . . . . . . . . . . . . . . . . . . . .   76

## ARTICLE X
## AMENDMENTS TO THE CONSTITUTION

Rule 10.01    Joint resolutions subject to rules governing bills . . . . . . . . .   76
Rule 10.02    Votes required to amend on third reading
              and to pass constitutional amendments . . . . . . . . . . . . . . .   76
Rule 10.03    Failure of joint resolution to be
              adopted on third reading . . . . . . . . . . . . . . . . . . . . . . . . . .   77

## ARTICLE XI
## COMMITTEES

Rule 11.01    Appointment of committees . . . . . . . . . . . . . . . . . . . . . . . . .   77
Rule 11.02    List of standing committees . . . . . . . . . . . . . . . . . . . . . . . . .   77
Rule 11.03    Special committees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   78
Rule 11.04    Chair and vice-chair of standing
              committees and standing subcommittees . . . . . . . . . . . . . .   79
Rule 11.05    Appointment of subcommittees within a
              standing committee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   79
Rule 11.06    Recommendations of committees . . . . . . . . . . . . . . . . . . . .   79
Rule 11.07    Rules governing committee procedures . . . . . . . . . . . . . . . .   79
Rule 11.08    Record of committee attendance . . . . . . . . . . . . . . . . . . . . .   80
Rule 11.09    Quorum of committee . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   80
Rule 11.10    Public notice of committee meetings . . . . . . . . . . . . . . . . . .   80
Rule 11.11    Minutes of committee meetings . . . . . . . . . . . . . . . . . . . . . .   81
Rule 11.12    Committee reports . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   82
Rule 11.13    Consideration of bills in committees . . . . . . . . . . . . . . . . . .   83
Rule 11.14    Consideration of House bills . . . . . . . . . . . . . . . . . . . . . . . .   83
Rule 11.15    Votes of committee required to report favorably . . . . . . . . .   84
Rule 11.16    Unfavorable vote of committee . . . . . . . . . . . . . . . . . . . . . .   84
Rule 11.17    Minority reports . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   84

v

Rule 11.18    Public hearings  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    85
Rule 11.19    Privileged notice of hearing on specific
              bills (Tag Rule)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    86
Rule 11.20    Subpoena and process  . . . . . . . . . . . . . . . . . . . . . . . . . .    89

## ARTICLE XII
## CONFERENCE COMMITTEES

Rule 12.01    Appointment of conference committees  . . . . . . . . . . . . . . .    90
Rule 12.02    Instructions to conference committees . . . . . . . . . . . . . . . .    90
Rule 12.03    Limitations on conference committee
              actions  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    91
Rule 12.04    Conference committees on appropriation
              bills  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    92
Rule 12.05    Conference committees on tax bills . . . . . . . . . . . . . . . . . .    93
Rule 12.06    Conference committees on reapportionment
              bills  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    93
Rule 12.07    Conference committees on recodification
              bills  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    94
Rule 12.08    Suspension of conference committee rules  . . . . . . . . . . . . .    95
Rule 12.09    Printing and notice of conference
              committee reports  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    95
Rule 12.10    Section-by-section analysis  . . . . . . . . . . . . . . . . . . . . . . . .    96
Rule 12.11    Enforcement by President  . . . . . . . . . . . . . . . . . . . . . . . .    96

## ARTICLE XIII
## COMMITTEE OF THE WHOLE SENATE

Rule 13.01    Resolve into Committee of the Whole Senate . . . . . . . . . . .    97
Rule 13.02    Chair of Committee of the Whole Senate  . . . . . . . . . . . . .    97
Rule 13.03    Right of Lieutenant Governor to debate
              and vote in Committee of the Whole Senate  . . . . . . . . . . . .    97
Rule 13.04    Procedure in Committee of the Whole Senate . . . . . . . . . . .    97
Rule 13.05    Debate and amendments  . . . . . . . . . . . . . . . . . . . . . . . . .    98

### ARTICLE XIV
### NOMINATIONS BY THE GOVERNOR

Rule 14.01   Referral to committee . . . . . . . . . . . . . . . . . . . . . . . . . . .   98
Rule 14.02   Notice rule . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   98
Rule 14.03   Executive session of committee . . . . . . . . . . . . . . . . . . . . .   99
Rule 14.04   Report to Governor by Secretary of Senate . . . . . . . . . . . . .   99

### ARTICLE XV
### EXECUTIVE SESSIONS

Rule 15.01   Secrecy of executive session . . . . . . . . . . . . . . . . . . . . . . .   100
Rule 15.02   Vote in open session . . . . . . . . . . . . . . . . . . . . . . . . . . . .   100
Rule 15.03   Senator can disclose own views . . . . . . . . . . . . . . . . . . . . .   100
Rule 15.04   Violation of secrecy . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   100
Rule 15.05   Report of executive session to be
             recorded in Senate book . . . . . . . . . . . . . . . . . . . . . . . . . . .   101

### ARTICLE XVI
### VOTES REQUIRED TO ADOPT MOTIONS

Rule 16.01   Definitions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   101
Rule 16.02   Matters requiring unanimous consent . . . . . . . . . . . . . . . . .   102
Rule 16.03   Matters requiring vote of four-fifths
             of members of Senate . . . . . . . . . . . . . . . . . . . . . . . . . . . .   102
Rule 16.04   Matters requiring vote of four-fifths
             of members present . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   103
Rule 16.05   Matters requiring vote of two-thirds
             of members of Senate . . . . . . . . . . . . . . . . . . . . . . . . . . . .   103
Rule 16.06   Matters requiring vote of two-thirds
             of members present . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   104
Rule 16.07   Matters requiring vote of majority
             of members of Senate . . . . . . . . . . . . . . . . . . . . . . . . . . . .   105
Rule 16.08   Matters requiring vote of majority
             of members present . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   106
Rule 16.09   Matters requiring vote when less than
             a quorum is present . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   107

**ARTICLE XVII**
**SENATE JOURNAL**

Rule 17.01    Reason for vote . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   107
Rule 17.02    Journal of Senate . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   108
Rule 17.03    Return of vetoed Senate bills . . . . . . . . . . . . . . . . . . . . . . . .   109

**ARTICLE XVIII**
**MESSAGES TO AND FROM HOUSE**

Rule 18.01    Messages to the House . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   109
Rule 18.02    Messages from the House . . . . . . . . . . . . . . . . . . . . . . . . . . .   110

**ARTICLE XIX**
**AGENCY RULES**

Rule 19.01    Referral of agency rules . . . . . . . . . . . . . . . . . . . . . . . . . . . .   110
Rule 19.02    Committee action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   110

**ARTICLE XX**
**WHEN SENATE RULES ARE SILENT**

Rule 20.01    President of Senate decides question . . . . . . . . . . . . . . . . . .   110
Rule 20.02    Appeal to Senate . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   111

**ARTICLE XXI**
**ADOPTION OF RULES**

Rule 21.01    Senate rules . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   111
Rule 21.02    Joint rules . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   112

viii

**ARTICLE XXII
SUSPENSION, AMENDMENT, OR
RESCISSION OF RULES**

Rule 22.01  Senate rules ...................................... 112
Rule 22.02  Joint rules ........................................ 112


**APPENDIX** ................................................ 112

**INDEX TO RULES OF THE SENATE** ......................... A-1

ix

## RULES OF THE SENATE
## OF THE 81ST TEXAS LEGISLATURE

### STATEMENT OF AUTHORIZATION AND PRECEDENCE

Pursuant to and under the authority of Article III, Section 11, of the Constitution of 1876, as amended, and notwithstanding any other provision of statute, the Senate adopts the following rules to govern its operations and procedures. The provisions of these rules and of the Constitution shall be deemed the only requirements binding on the Senate, notwithstanding any other requirements expressed elsewhere in statute.

### ARTICLE I
### SENATE OFFICERS AND ELECTIONS

### PRESIDING OFFICER OF THE SENATE

**Rule 1.01.** The Lieutenant Governor of the State of Texas shall by virtue of office be President of the Senate (Constitution, Article IV, Section 16) and decide all questions of order subject to appeal by any member. The President shall have control of such parts of the Capitol as have been or may be set apart for the use of the Senate and its officers. The President shall have the right to name a member to perform the duties of the chair, but such substitution shall not extend beyond such time as a majority of the Senators present vote to elect another member to preside, and if a majority of the Senators present so vote, the member called to the chair by the Lieutenant Governor or by the President Pro Tempore of the Senate shall vacate the chair, and the member elected by a majority shall preside until the Lieutenant Governor or President Pro Tempore shall take the gavel and preside.

#### Editorial Note

A member called to the chair pending an appeal does not entertain any motions nor accept any further point of order.

1

Rule 1.01

### Note of Ruling

No motion is in order while a point of order is pending
(43 S.J. Reg. 1156 (1933)).

### PRESIDENT PRO TEMPORE

**Rule 1.02.** The Senate shall, at the beginning and close of each session, and at such other times as may be necessary, elect one of its members President Pro Tempore, who shall perform the duties of Lieutenant Governor in any case of absence or disability of the Lieutenant Governor. (Constitution, Article III, Section 9)

### VACANCY IN THE OFFICE OF LIEUTENANT GOVERNOR

**Rule 1.03.** If the office of Lieutenant Governor becomes vacant, the President Pro Tempore of the Senate shall convene the Committee of the Whole Senate within 30 days after the vacancy occurs. The Committee of the Whole Senate shall elect one of its members to perform the duties of the Lieutenant Governor in addition to the duties of Senator until the next general election. If the Senator so elected ceases to be a Senator before the election of a new Lieutenant Governor, another Senator shall be elected in the same manner to perform the duties of the Lieutenant Governor until the next general election. Until the Committee of the Whole Senate elects one of its members for this purpose, the President Pro Tempore shall perform the duties of the Lieutenant Governor. (Constitution, Article III, Section 9)

### Editorial Note

In the absence of both the Lieutenant Governor and President Pro Tempore for a short period of time, either of them may designate in writing a Senator to occupy the chair, but in case the President Pro Tempore is compelled, for any reason, to be absent for an extended or indefinite period, the Senate elects another President Pro Tempore. For the form of the designation by the Lieutenant Governor or President Pro Tempore, see 49 S.J. Reg. 515 (1945).

2

### OFFICERS OF THE SENATE

**Rule 1.04.** A Secretary, Journal Clerk, Calendar Clerk, Enrolling Clerk, Sergeant-at-Arms, Doorkeeper, Chaplain, and such other officers as a majority vote may determine to be necessary shall be elected at the opening of the session of the Legislature to continue in office until discharged by the Senate and shall perform such duties as may be incumbent upon them in their respective offices, under the direction of the Senate. Such officers may not be related to any current member of the Texas Legislature nor may any employee of the Senate be related to any current member of the Texas Legislature. The Secretary of the Senate shall, in addition to other duties, be responsible for the coordination of the other offices and divisions of the Senate.

#### Editorial Note

This rule is not binding unless and until it is adopted by the Senate at its biennial session. The Senate may, of course, omit the adoption of the rule as written and provide by a simple resolution for the election of such officers as it sees fit.

### ELECTION OF OFFICERS

**Rule 1.05.** In all elections of the Senate, the vote shall be given viva voce, except in the election of officers of the Senate (Constitution, Article III, Section 41). A majority of the whole number of votes cast shall be necessary for a choice in all elections by the Senate.

#### Editorial Note

The officers of the Senate for the purposes of Article III, Section 41, Texas Constitution, include the President Pro Tempore and a Senator elected under Rule 1.03 to perform the duties of the Lieutenant Governor. See *In re The Texas Senate and The Honorable Rodney Ellis*, 36 S.W.3d 119 (Tex. 2000); and *The Constitution of the State of Texas, An Annotated and Comparative Analysis*, Vol. 1, pp. 185-186.

3

## ARTICLE II
## ADMISSION TO SENATE CHAMBER

### ACCESS TO SENATE FLOOR

**Rule 2.01.** (a)  The doors of the Senate shall be kept open, except when there is an executive session.  (Constitution, Article III, Section 16)

### Editorial Note

When the Senate is in session, the entrances to the main floor of the Senate Chamber are closed, but the galleries are always open to the public except when Senate is in executive session.

(b)  It shall be the duty of the Sergeant-at-Arms and assistants to clear the Senate Chamber of all persons not entitled to the privilege thereof 30 minutes before the hour of the meeting of the Senate and for 30 minutes after each meeting of the Senate.

### RESTRICTIONS ON ADMISSION

**Rule 2.02.**  Persons hereinafter named and no others shall be admitted to the floor of the Senate while the Senate is in session provided that persons other than members of the Lieutenant Governor's family, a Senator's family, members of the House of Representatives of the State of Texas, and Sergeants-at-Arms of the Senate shall be required to remain behind the brass rail: Members of the Senate and their families, the Secretary of the Senate and family, employees of the Senate and House of Representatives when on official business, Representatives, the Governor, the Governor's family and executive staff, the Lieutenant Governor and family, the President and Vice-President of the United States, United States Senators and members of Congress, Governors of other states, Justices of the Supreme Court, Judges of the Court of Criminal Appeals, the Secretary of State, and duly accredited newspaper reporters and correspondents and radio commentators and television camera operators and commentators who have complied with Rule 2.04.  It shall be the special duty of the President to see that officers and employees remain upon the floor of the Senate only when actually engaged in the performance of their official duties.  Such persons other than the Lieutenant Governor and members of the Senate shall not be permitted to work for or against any proposition before the Senate while on the floor.

4

## PERSONS LOBBYING NOT ADMITTED

**Rule 2.03.** (a) No newspaper reporter, or other person whosoever, whether a State officer or not, who is lobbying or working for or against any pending or prospective legislative measure, shall in any event be permitted upon the floor of the Senate when the Senate is in session.

(b) All officers and employees of the Senate are prohibited from lobbying in favor of or against any measure or proposition pending before the Senate, and should any officer or employee violate this rule, the same shall be cause for dismissal from the service of the Senate by the President.

### Editorial Note

Section 305.023, Title 3, Government Code, provides: "No person who is registered or required to be registered under this Chapter may go on the floor of either house of the legislature while that house is in session unless invited by that house."

### PRESS CORRESPONDENTS

**Rule 2.04.** While the Senate is in session, no person shall be admitted to the floor of the Senate or allowed its privileges as a press correspondent or radio commentator or television camera operator and commentator, unless said person is a regularly employed, salaried staff correspondent or reporter in the employ of a newspaper publishing general news, a press association serving newspapers, or a publication requiring telegraphic coverage or the person is a regularly employed, salaried employee of a duly licensed radio or television station.

Every newspaper reporter and correspondent and radio commentator and television camera operator and commentator, before being admitted to the Senate during its session, shall file with the Committee on Administration a written statement showing the paper or papers represented and certifying that no part of the person's salary or compensation is paid by any person, firm, corporation, or association except the paper or papers or radio station or television station represented.

5

Rule 2.05

## FORFEITURE OF ADMISSION PRIVILEGE

**Rule 2.05.**  If any person admitted to the Senate under this article shall lobby or work for or against any pending or prospective legislation or shall violate any of the other rules of the Senate, the privileges extended to said person under this article shall be suspended by a majority of the Committee on Administration.  The action of the committee shall be reviewable by the Senate only if two members of the committee request an appeal from the decision of the committee, which appeal shall be in the form of a minority report, and shall be subject to the same rules that are applicable to minority reports on bills.

## EXCEPTIONS

**Rule 2.06.**  This article shall not apply to any person who is invited to address the Senate when in session or to any person who desires to appear before any committee while going to or returning from the session of said committee or to the Governor while delivering an official message.  This article shall not apply during the inauguration of the Governor and other public ceremonies provided for by resolution of the Senate.

## SUSPENSION OF ADMISSION RULE

**Rule 2.07.**  It shall be in order for the President to entertain a request, motion, or resolution for the suspension of the Admission Rules or to present from the chair the request of any member for unanimous consent to suspend the Admission Rules.

### Editorial Note

The rule relating to admission to the floor of the Senate, as written prior to 1939, provided that the rule could not be suspended.

6

## ARTICLE III
## SENATE DECORUM

### PERSONS MUST BE PROPERLY
### ATTIRED IN SENATE CHAMBER

**Rule 3.01.** While the Senate is actually in session, no male Senator or Representative or any other male person shall come on the floor of the Senate without wearing a coat and tie. The Sergeant-at-Arms and doorkeepers are instructed to strictly enforce this rule, and only the President of the Senate may suspend the rule as to any person or to all persons, and that action to be taken in writing to the Sergeant-at-Arms.

### NO EATING OR DRINKING IN SENATE CHAMBER

**Rule 3.02.** No employee, Senator, Representative, or other person shall be allowed to eat or drink in the Senate Chamber proper at any time. The Sergeant-at-Arms shall strictly enforce this rule.

### MESSAGES TO MEMBERS

**Rule 3.03.** Messages or call slips shall not be delivered to members of the Senate when a roll call is in progress. Individuals desiring to pass a message to members of the Senate must sign their names to that message.

### POSTERS, PLACARDS, BANNERS, AND SIGNS

**Rule 3.04.** No poster, placard, banner, sign, or other similar material shall be carried into the Senate by any person, and no person shall attach or affix any poster, placard, banner, sign, or other similar material to the walls, rails, seats, or bannisters of the Senate Chamber. This rule shall be strictly enforced.

### APPLAUSE, OUTBURSTS, OR DEMONSTRATIONS

**Rule 3.05.** No applause, outburst, or other demonstration by any spectator shall be permitted during a session of the Senate. This rule shall be strictly enforced.

7

Rule 3.05

### Note of Ruling

After repeated warnings to persons in the gallery to refrain from demonstrating, the chair may direct the Sergeant-at-Arms to clear the gallery and lock the doors leading to the Senate Chamber (55 S.J. Reg. 1117 (1957)).

### PUNISHMENT FOR OBSTRUCTING PROCEEDINGS

**Rule 3.06.** The Senate, during its sessions, may imprison for 48 hours any person, not a member, for violation of the Senate rules, for disrespectful and disorderly conduct in its presence, or for obstructing any Senate proceeding. (Constitution, Article III, Section 15)

### ARTICLE IV
### DECORUM AND DEBATE OF MEMBERS OF THE SENATE

### MEMBERS TO ADDRESS PRESIDENT

**Rule 4.01.** When a Senator is about to speak in debate or to communicate any matter to the Senate, the member shall rise in his or her place and address the President of the Senate.

### Editorial Note

A member who desires to speak on a pending question should address the chair and, having obtained recognition, may speak, in an orderly and parliamentary way, and subject to the rules of the Senate, as long as he desires.

### Notes of Rulings

When a member has been recognized and is speaking on a motion to re-refer a bill, he must stand upright at his desk and may not lean thereon (61 S.J. Reg. 1760, 1762 (1969)).

8

When a member has the floor and is speaking on a bill or resolution, he must stand upright at his desk and may not lean or sit on his desk or chair (61 S.J. Reg. 1059 (1969)).

When speaking on a bill, a Senator may not stand at another Senator's desk or use another Senator's desk for any purpose (73 S.J. Reg. 1079 (1993)).

### INTERRUPTION OF PRESIDENT

**Rule 4.02.** The President of the Senate shall not be interrupted while putting the question or addressing the Senate.

### INTERRUPTION OF MEMBER SPEAKING

**Rule 4.03.** No member shall interrupt another Senator who has the floor or otherwise interrupt the business of the Senate, except for the purpose of making a point of order, calling the member having the floor to order, moving the previous question, demanding that a point of order under discussion or consideration be immediately decided, or making a motion to adjourn or recess. Though another member has the floor, any member shall be recognized by the presiding officer in order to call to order the member, to make a point of order, to move the previous question, or to demand that a point of order be immediately decided. A member who has the floor must yield to permit the Senate to receive messages from the Governor and from the House of Representatives and shall not lose the floor. A member who has the floor may yield for questions from other members and shall not lose the floor. In the event a member is interrupted because of a motion to adjourn or recess and the motion fails, the floor shall be immediately returned to the interrupted member. In the event the interrupted member was speaking under the previous question and a motion to adjourn or recess prevails, the member shall resume the floor and finish speaking when the bill is next considered by the Senate.

#### Editorial Notes

It is the custom of the President to request a member to yield for a message.

9

Rule 4.03

Although there is no Senate rule by which a member can be taken from the floor for pursuing "dilatory tactics" (40 S.J. Reg. 882 (1927)), a Senator who has been repeatedly called to order for not confining his debate to the question before the Senate may be required by the Senate to discontinue his address.

A point of order against further debate of a question by a Senator on the ground that his remarks are not germane to the question before the Senate is often disposed of by the chair with a warning to the Senator who has the floor to confine his remarks to the pending question.

When speaking, a member must confine himself to the subject under debate. In discussing an amendment, the debate must be confined to the amendment and not include the general merits of the bill or other proposition.

The point of order having been raised for the third time that a Senator who had the floor was filibustering and not confining his remarks to the bill before the Senate, the chair requested the Senate to vote on the point of order. It was sustained and the Senator speaking yielded the floor (44 S.J. Reg. 1780 (1935)).

The withdrawal of a pending motion by its maker is a privilege that may be exercised at any time, even while a member is addressing the Senate (46 S.J. Reg. 1931, 2112-2113 (1939); 50 S.J. Reg. 1237 (1947)).

For an instance when the chair delayed the vote on a motion to put the previous question, see 38 S.J. Reg. 1169 (1923).

### Notes of Rulings

By raising a point of order, the speaker loses his right to resume speaking if the previous question has been ordered (42 S.J. Reg. 1683 (1931)).

10

The motion for the previous question may be made at any time, even when another member has the floor (42 S.J. 2 C.S. 236 (1931)).

A member may not take the floor on a point of personal privilege while another member is addressing the Senate (43 S.J. Reg. 1430 (1933)).

A parliamentary inquiry is a privileged matter (43 S.J. Reg. 1430 (1933)).

A speaker yielding the floor for the reception of a message from the House does not lose his right to resume the floor immediately after message received (46 S.J. Reg. 1873 (1939)).

Remarks not in the nature of an inquiry are not in order by a member to whom a Senator has yielded for a question (48 S.J. Reg. 519 (1943)).

A digression by a Senator in his speech on a pending amendment to another subject does not ban his resuming and continuing a germane discussion of the amendment (50 S.J. Reg. 417 (1947)).

A second digression by a Senator on the floor from a discussion of the pending amendment does not necessarily prevent his resuming and continuing a germane discussion of the amendment (50 S.J. Reg. 418 (1947)).

Raising of a third point of order against further debate by a Senator on the floor who has digressed for a third time from a discussion of the pending amendment, after having been twice requested to confine his debate to the amendment, justifies the presiding officer in calling for a vote by the Senate on the question of whether or not he shall be permitted to resume and continue his remarks (50 S.J. Reg. 418 (1947)).

11

Rule 4.03

A Senator addressing the Senate may not yield the floor temporarily except by unanimous consent to allow an address by another Senator on a point of personal privilege  (50 S.J. Reg. 483 (1947)).

When a member has been recognized and is speaking on a bill or resolution, he may make a parliamentary inquiry but not raise a point of order without yielding the floor (61 S.J. Reg. 1057 (1969); 67 S.J. Reg. 1483-1484 (1981)).

A member speaking on a bill or resolution must confine his remarks to the subject of the bill or resolution (61 S.J. Reg. 1517 (1969)).

When a member has been recognized and is speaking on an amendment to a bill or resolution, he must confine his remarks to the subject of the amendment pending before the Senate (61 S.J. Reg. 856-857 (1969)).

When a member has been recognized and is speaking on a bill or resolution, he must confine his remarks to the subject of the bill and speak audibly (62 S.J. Reg. 778 (1971)).

No rule of the Senate prohibits repetitious remarks by a Senator if the remarks are germane to the matter under consideration (73 S.J. Reg. 3920 (1993)).

### RECOGNITION OF MEMBERS IN DEBATE

**Rule 4.04.**  When two or more members rise at once, the presiding officer shall decide which one shall speak first, but from the presiding officer's decision an appeal without debate may be taken to the Senate by any member.

#### Editorial Note

When a bill or other measure is before the Senate, the President first recognizes, for motions for its disposition, the author or sponsor of the bill, who is entitled at all stages to prior

12

recognition for motions that are in order which are intended to expedite the passage of the bill.  In recognition for general debate, the President alternates between those favoring and those opposing a measure.

### Note of Ruling

If the sponsor of a bill does not seek recognition to debate the question of its passage and another member obtains the floor to debate it, the member so obtaining the floor should be permitted to finish his remarks on the bill before the sponsor is allowed to discuss it (46 S.J. Reg. 1869 (1939)).

## SPEAKING MORE THAN ONCE IN SINGLE DEBATE

**Rule 4.05.** No member shall speak more than once in any one debate until every member desiring to do so shall have spoken and no member shall speak more than twice in any one debate without leave of the Senate.

### Note of Ruling

A Senator who yields the floor for an unsuccessful motion to adjourn without having concluded his address does not have to await the debate of all other Senators desiring to be heard on the question being considered before being recognized to resume and conclude his address (51 S.J. Reg. 181 (1949)).

## MEMBER CALLED TO ORDER

**Rule 4.06.** When a member shall be called to order by the President or by a Senator, the member shall sit down and not be allowed to speak, except to the point of order, until the question of order is decided.  If the decision be in the member's favor, the member shall be at liberty to proceed; if otherwise, the member shall not proceed without leave of the Senate.

Rule 4.06 _____

### Editorial Note

In 1925, Senator Fairchild obtained the floor to discuss a point of order which he had raised. Pending his remarks, Senator Wood raised the point of order that Senator Fairchild was not discussing the point of order but another matter. Lieutenant Governor Barry Miller sustained the point of order and submitted to the Senate the question of whether or not Senator Fairchild would be permitted to continue his discussion. The Senate refused to permit Senator Fairchild to continue the discussion by a vote of yeas 15, nays 16 (39 S.J. Reg. 1110 (1925)).

### REFUSAL OF MEMBER CALLED TO ORDER TO BE SEATED

**Rule 4.07.** Whenever a member is called to order by the President of the Senate or by the presiding officer then in the chair in accordance with Rule 4.06 and such member fails to sit down and be in order but continues disorderly, it shall be the duty of the Sergeant-at-Arms and/or the Sergeant's assistants upon the direction of the presiding officer to require such recalcitrant member to take his or her seat and be in order. Any member who persists in disorderly conduct after being warned by the presiding officer may, by motion duly made and carried by two-thirds vote of the members present, be required to purge himself or herself of such misconduct. Until such member has purged himself or herself of such misconduct, the member shall not be entitled to the privileges of the floor.

### REMOVAL OF SENATOR FROM CHAIR

**Rule 4.08.** If any Senator, other than the regularly elected President Pro Tempore, be presiding and fails or refuses to recognize any Senator to make a motion that is in order or raise a point of order that it is in order to raise, to entertain an appeal from his or her decision, to put such question to the Senate, to recognize any Senator to demand that a point of order under discussion be immediately decided, or to put the question, if seconded by 10 Senators, "Shall the point of order be now decided?" such Senator so offending shall be deemed guilty of violating the high privileges of the Senate. Until such offending Senator shall purge himself or herself of such contempt and be excused by the Senate, the member shall not again be called to the chair during the session. If such Senator so presiding shall refuse to recognize any Senator when addressed in proper order or to entertain the motion, the point of order, or appeal of any Senator or to pass upon the same or to recognize a Senator to make the demand when

14

seconded by 10 Senators that a point of order under discussion be immediately decided, then the Senator seeking recognition may rise in his or her seat and without recognition read a written demand upon the Senator presiding, provided the same is signed by a majority of the Senators present, and if the Senator presiding persists in refusal, then any number of Senators constituting a majority of the Senators present may present such written demand to the Sergeant-at-Arms or an Assistant Sergeant-at-Arms, and such written demand shall be a full and sufficient warrant for arrest, empowering such officer or assistant to arrest the Senator so presiding, eject him or her from the chair, and retain him or her under arrest until released by order of the Senate.

Should the Sergeant-at-Arms or the Assistant Sergeants-at-Arms fail or refuse to act and carry out such demand, they shall be removed from office on a majority vote of the Senate.

When such Senator is removed as aforesaid and the chair remains vacant, the Secretary shall call the Senate to order, and a President Pro Tempore ad interim shall be elected to preside until the Lieutenant Governor or a regularly elected President Pro Tempore shall appear and take the gavel.

As soon as order is restored, the chair shall cause a record of the fact of removal to be made.

### Editorial Note

This rule is one of several first adopted in 1911 to prevent the Lieutenant Governor or any Senator occupying the chair temporarily and the Senators opposing a measure from killing it by dilatory tactics.

### PUNISHMENT FOR MISCONDUCT

**Rule 4.09.** The Senate may punish any member for disorderly conduct and, with the consent of two-thirds of the elected members, may expel a member, but not a second time for the same offense. (Constitution, Article III, Section 11)

A member who is absent without sufficient excuse for more than 72 hours under a call of the Senate under Rule 5.04 shall lose all privileges of accrued seniority established by Senate tradition. A member shall immediately lose the privileges of accrued seniority if the member is absent without sufficient excuse under a call of the Senate within seven calendar days of final adjournment of a regular session of the Legislature or under a call of the Senate during a special session of the Legislature.

15

## BRIBERY

**Rule 4.10.** Any member who shall receive or offer a bribe or who shall suffer his or her vote to be influenced by promise or preferment of reward shall on conviction be expelled. (Also see Section 36.02, Texas Penal Code.)

## ARTICLE V
## SENATE PROCEDURAL RULES
## (ORDER OF BUSINESS)

### PRESIDING OFFICER TO ASSUME CHAIR

**Rule 5.01.** The presiding officer shall take the chair at the hour to which the Senate last adjourned.

### QUORUM

**Rule 5.02.** Two-thirds of all the Senators elected shall constitute a quorum, but a smaller number may adjourn or recess from day to day and compel the attendance of absent members (Constitution, Article III, Section 10). In case a less number shall convene, the members present may send the Sergeant-at-Arms or any other person or persons for any or all absent members.

#### Editorial Note

The exact text of Section 10 of Article III of the State Constitution is as follows:

"Two-thirds of each House shall constitute a quorum to do business, but a smaller number may adjourn from day to day, and compel the attendance of absent members, in such manner and under such penalties as each House may provide."

#### Notes of Rulings

Twenty members of the Senate constitute a quorum when only 30 members have qualified (35 S.J. 2 C.S. 23, 32 (1917)).

16

The attendance of absentees may be enforced only on order of Senators present (48 S.J. Reg. 355 (1943)).

The attendance of absentees may be enforced although a quorum is present (48 S.J. Reg. 508 (1943)).

A point of order that no quorum is present does not deter continued transaction of business by Senate if in fact a quorum is known by the presiding officer to be present and he so announces (50 S.J. Reg. 417 (1947)).

The raising of a point of order that no quorum is present justifies an order by the presiding officer that the roll be called to ascertain the presence or absence of a quorum (50 S.J. Reg. 417 (1947)).

Under Senate Rule No. 5.02 . . . a motion to recess (or adjourn) until a later time on the same day is a proper motion (61 S.J. Reg. 945 (1969)).

A quorum of the Senate is present when 21 members answer the roll call (61 S.J. Reg. 954 (1969)).

There is a quorum of the Senate present when the last roll call taken by the Secretary shows that a quorum was present (61 S.J. Reg. 1926 (1969)); 66 S.J. Reg. 514, 664 (1979); 67 S.J. Reg. 1483 (1981)).

### ABSENCES

**Rule 5.03.**  The Senate determines that a member has a duty under his or her oath or affirmation of office and an obligation under the constitution and laws of this state to attend the sessions of the Senate, and a member shall not absent himself or herself from the sessions of the Senate without leave unless the member be sick or unable to attend.

### Editorial Note

Rule 16.06, Subdivision (7), provides that a vote of two-thirds of the members present shall be required "to excuse

17

Rule 5.03

absentees." The main effect of granting leave to an absent member is that he is recorded "absent-excused" on all votes taken instead of "absent."

## CALL OF THE SENATE

**Rule 5.04.** It shall be in order to move a call of the Senate at any time to secure, to maintain, or to secure and maintain a quorum for the following purposes:

(1)  for the consideration of a specific bill, resolution, or other measure;

(2)  for a definite period of time or for the consideration of any particular class of bills.

When a call of the Senate is moved for one of the above purposes and seconded by five members and ordered by a majority of those present, the Doorkeeper shall close the main entrance to the floor of the Senate. All other doors leading from the floor of the Senate shall be locked and no member shall be permitted to leave the Senate without written permission of the presiding officer until after the subject matter upon which the call was ordered has been disposed of. The Secretary shall call the roll of members and note the absentees. Those for whom no sufficient excuse is made, by order of the majority of those present, may be sent for and arrested wherever they may be found and their attendance secured and retained by the Sergeant-at-Arms or officers appointed by the Sergeant for that purpose. The President of the Senate shall request a writ of mandamus from the Supreme Court of Texas compelling their return. Any service of notice or process made or required in connection with the mandamus or an order compelling the member's return adopted under this rule may be served upon the member's Capitol office and placed upon the member's desk by the Sergeant-at-Arms in lieu of personal service. The Senate shall determine upon what conditions they shall be discharged. Members who voluntarily appear shall, unless the Senate otherwise directs, be immediately admitted to the floor of the Senate, and they shall report their names to the Secretary to be entered upon the journal as present. Until a quorum appears, should the roll call fail to show one present, no business shall be done except to compel the attendance of absent members or to adjourn.

When a quorum is shown to be present, the Senate may proceed with the matters upon which the call was ordered or may enforce and await the attendance of as many of the absentees as it desires to have present. If the Senate decides to proceed, the Sergeant-at-Arms shall not be required to bring in other absentees unless so ordered by a majority vote of the Senate.

18

### Editorial Notes

After a call has been ordered and a quorum has been announced present, it is then proper for the Senate to resume the transaction of business, or, on the adoption of a motion to do so, to secure the attendance of one or more of the members still absent before resuming consideration of any business.

It is, no doubt, within the province of the Senate to adopt a rule authorizing the presiding officer of the Senate during a call of the Senate to issue to any absentee a written demand that the absentee attend the Senate's session and giving to the Sergeant-at-Arms or his deputies authority to serve and to enforce the demand by whatever means necessary.

### Notes of Rulings

The disclosure of the presence of a quorum during a call to secure and maintain a quorum does not automatically dissolve the call (32 S.J. Reg. 1274 (1911)).

A motion for a call of the Senate may not include a further provision to grant leaves of absence to certain members (43 S.J. Reg. 1654 (1933)).

A call of the Senate may not be ordered to maintain a quorum "until the final disposition" of a particular bill unless that bill is "pending before the Senate" (44 S.J. 1 C.S. 262 (1935)).

When under a call, the Senate may compel and await the attendance of all or any number of the absentees before proceeding to transaction of business (48 S.J. Reg. 355, 508 (1943)).

A roll call, following a point of "no quorum," which reveals the absence of a quorum, prevents further consideration of a bill that is being considered on passage to third reading until a quorum is present and permits a motion to be made that a call

19

Rule 5.04

of the Senate be ordered for the purpose of securing and maintaining a quorum until the disposition of the bill (50 S.J. Reg. 1137, 1181 (1947)).

A motion for a call of the Senate is not debatable (61 S.J. Reg. 1759 (1969)).

## ROLL CALL

**Rule 5.05.**  Upon every roll call the names of the members shall be called alphabetically by surname, except when two or more have the same surname, in which case the name of the county shall be added.

## PRAYER BY CHAPLAIN

**Rule 5.06.**  When there is a quorum present, prayer shall be offered by the Chaplain or other person designated by the President of the Senate.

## READING OF JOURNAL

**Rule 5.07.**  After the prayer, the journal of the preceding day shall be read and corrected, if necessary.

## MORNING CALL

**Rule 5.08.**  The President then shall call:

(1) for Senate bills and resolutions and House bills and resolutions on first reading and referral to committee;

(2) for the introduction and consideration of resolutions;

(3) for messages and executive communications;

(4) for motions to print on minority reports;

(5) for other motions not provided herein, including but not limited to motions to set a bill for special order, to reconsider, to print and not print bills, to

20

rerefer bills, to concur in House amendments to Senate bills, to not concur in House amendments to Senate bills, to request the appointment of conference committees, and to adopt conference committee reports.

This concludes the morning call, which the President shall announce to the Senate.

It shall not be in order, during the morning call, to move to take up a bill or resolution out of its regular order, and the presiding officer shall not recognize any Senator for the purpose of making any such motion or making a motion to suspend this rule.

### Editorial Note

A motion to set a bill for a special order may be made under Item (5) of this rule, and motions to reconsider, to print or not print bills, and to re-refer bills may properly be made under Item (5) of the morning call.

## ORDER OF CONSIDERING BILLS AND RESOLUTIONS

**Rule 5.09.** At the conclusion of the morning call, the Senate shall proceed to consider business on the President's table, which shall be disposed of in the following order:

(1) special orders;

(2) unfinished business;

(3) Senate Joint Resolutions;

(4) Senate Resolutions;

(5) Senate Concurrent Resolutions;

(6) Senate bills on third reading;

(7) Senate bills on second reading;

21

Rule 5.09

    (8)  House Joint Resolutions;

    (9)  House bills on third reading;

    (10)  House bills on second reading;

    (11)  House Concurrent Resolutions.

The above order is for Senate bill days, except as modified by any Joint Rules.

### Notes of Rulings

The order of business as set forth above may be changed by a two-thirds vote of the Senate (42 S.J. Reg. 1682 (1931)).

A House bill laid before the Senate as an unfinished special order should be disposed of before any other House bill which has been set for a special order is taken up for consideration (46 S.J. Reg. 1853 (1939)).

A motion to suspend the regular order of business is not in order while other business is pending under a rule suspension (46 S.J. Reg. 1886 (1939)).

The bill next on calendar is not to be passed over, due to author's absence (47 S.J. Reg. 397 (1941)).

A motion to suspend the regular order of business is not a debatable motion (61 S.J. Reg. 1101 (1969)).

### HOUSE BILL DAYS

**Rule 5.10.**  On calendar Wednesday and calendar Thursday of each week, House Joint Resolutions and House bills on special order and on third and second readings, respectively, and House Concurrent Resolutions shall be taken up and considered until disposed of; provided in case one should be pending at adjournment on

22

Thursday, it shall go over until the succeeding calendar Wednesday as unfinished business.

### Notes of Rulings

A House bill, by a two-thirds vote, may be taken up and considered by the Senate on any day of the week (46 S.J. Reg. 635-636 (1939)).

When the Senate adjourns on Thursday of any week with a House bill pending, the bill then pending, whether it is a special order or not, may not be further considered until Wednesday of the next succeeding week unless the Senate by a two-thirds vote agrees to consider it further prior to that day (46 S.J. Reg. 1704 (1939)).

House bills may be considered in Senate under a suspension of the regular order of business on days other than calendar Wednesday and calendar Thursday (48 S.J. Reg. 1051 (1943)).

When a member is discussing a Senate bill on calendar Monday or calendar Tuesday (which are considered Senate bill days in the Senate) and 12:01 o'clock a.m. Wednesday arrives (which is considered a House bill day in the Senate), no further discussion may be had on the Senate bill (61 S.J. Reg. 956 (1969)).

Consideration of a Senate bill taken up out of order on a Senate bill day may not be continued when a House bill day arrives (66 S.J. Reg. 1355 (1979)).

A House Concurrent Resolution taken up in its calendar order on a House bill day may not be further considered when a Senate bill day arrives (71 S.J. 1 C.S. 73 (1989)).

When rules have been suspended to permit consideration of a Senate bill on a House bill day, an additional suspension is

23

Rule 5.10

not required to permit consideration to continue when a Senate bill day arrives (73 S.J. Reg. 1082 (1993)).

## SPECIAL ORDERS

**Rule 5.11.** (a)  Any bill, resolution, or other measure may on any day be made a special order for a future time of the session by an affirmative vote of two-thirds of the members present.

(b)  A special order shall be considered at the time for which it is set and considered from day to day until disposed of, unless at the time so fixed there is pending business under a special order, but such pending business may be suspended by a two-thirds vote of all the members present.  If a special order is not reached or considered at the time fixed, it shall not lose its place as a special order.  All special orders shall be subject to any Joint Rules and Rule 5.10.

(c)  Upon the affirmative vote of four-fifths of the members present, a special order may be reset to an earlier time than previously scheduled.

(d)  Notwithstanding Subsection (a) of this rule, a bill or resolution relating to voter identification requirements reported favorably from the Committee of the Whole Senate may be set as a special order for a time at least 24 hours after the motion is adopted by a majority of the members of the Senate.

### Editorial Notes

A bill once set as a special order does not lose its place on the calendar of special orders if not taken up at the hour for which it is set.

A special order, the hour for the consideration of which has arrived, takes precedence of the unfinished business unless the unfinished business is itself a special order.

### Notes of Rulings

A bill being considered as a special order that is laid on the table subject to call is no longer a special order (43 S.J. Reg. 980 (1933)).

Refusal of Senate to set bill as special order for a certain hour does not prevent a motion being made and adopted

24

immediately thereafter to set the bill as a special order for a different specified hour (45 S.J. Reg. 860 (1937)).

The motion to set a bill for a special order is not a proper substitute for a motion to suspend the regular order of business and take up a bill for immediate consideration (50 S.J. Reg. 1055 (1947)).

When the business before the Senate is a special order, the order of business may be suspended in order to consider other business (61 S.J. Reg. 2034 (1969)).

A motion to set a bill for special order may be made when the Senate is not in morning call (67 S.J. Reg. 1430 (1981)).

When the time set for consideration of a special order arrives, the special order displaces pending business (67 S.J. Reg. 1449 (1981)).

A motion to suspend the regular order of business is not in order when the time set for consideration of a special order has arrived (67 S.J. Reg. 1558 (1981)).

## REGULAR ORDER OF BUSINESS

**Rule 5.12.** (a) Bills and resolutions shall be considered on second reading and shall be listed on the daily calendar of bills and resolutions on the President's table for second reading in the order in which the committee reports on them are received by the Senate. Upon the filing of a committee report on a bill or resolution as provided by Rule 11.12, the Secretary of the Senate shall note the date and time the report was filed. The Journal Clerk shall record the order in which the committee report was received in the Senate Journal for the day on which the Senate next convenes.

25

Rule 5.12

(b) Bills and resolutions shall be considered on third reading in the order in which they were passed on second reading.

### Editorial Notes

On the very important matter of the order of considering each of the several bills reported from committees, the rules of the Senate were silent until Senate Rule 5.12 was amended on June 6, 1947, to provide that bills be placed on the calendars of Senate and House bills on the President's table in the order in which the committee reports on the bills are submitted by the respective chairmen from the floor. Bills are listed for consideration on third reading in the order in which they have been passed by the Senate to engrossment or to third reading.

The Senate Agenda is prepared daily and lists the bills in their order of consideration.

### Notes of Rulings

A bill may not be considered by the Senate which has not been reported from a committee (44 S.J. Reg. 713 (1935)).

A report of a committee on a bill may be received only, and the question of its adoption is not voted on by the Senate (42 S.J. 1 C.S. 748 (1931)).

### SUSPENSION OF THE REGULAR ORDER OF BUSINESS

**Rule 5.13.** No bill, joint resolution, or resolution affecting state policy may be considered out of its regular calendar order unless the regular order is suspended by a vote of two-thirds of the members present.

### Notes of Rulings

By suspending the regular order of business, the Senate may take up a bill before the day to which it previously was postponed (67 S.J. Reg. 1057 (1981)).

26

A motion to suspend the regular order of business is not in order when the time set for consideration of a special order has arrived (67 S.J. Reg. 1558 (1981)).

## INTENT CALENDAR

**Rule 5.14.** (a) During a regular session of the Legislature, any member who desires to suspend the regular order of business and take up a bill, joint resolution, or resolution out of its regular order shall give notice of such intent to the Secretary of the Senate, in a manner specified by the Secretary, not later than 3:00 p.m. on the last preceding calendar day that the Senate was in session. Unless the printing rule has been previously suspended, no bill, joint resolution, or resolution shall be eligible to be placed on the Intent Calendar unless at the time that the notice is given to the Secretary of the Senate the bill, joint resolution, or resolution has been printed and furnished to each member of the Senate. Notice must be given from day to day. No member may give notice on more than three bills or resolutions prior to April 15 or on more than five bills or resolutions on or after April 15.

(b) Before the 130th calendar day of the regular session, the Senate may not suspend the regular order of business and take up a bill, joint resolution, or resolution until the second day the bill, joint resolution, or resolution has been posted on the Intent Calendar.

(c) The Secretary shall prepare a list of all legislation for which notice has been given. The list must be made available to each member of the Senate and to the press no later than 6:30 p.m. on the day the notice is filed.

(d) No provision of this rule may be suspended except by vote of four-fifths of the members present.

## RULINGS BY PRESIDENT

**Rule 5.15.** Every question of order shall in the first instance be decided by the President, from whose decision any member may appeal to the Senate. Rulings which set or alter precedent shall be printed as an annotation to the rules.

### Editorial Notes

A member called to the chair pending an appeal does not entertain any motions nor accept any further point of order.

The President of the Senate may refuse to rule on a point of order relating to the constitutionality of the substance of a proposition or on one that does not relate to any question of procedure or practice.

For an instance of when the chair refused to sustain a point of order challenging compliance with a constitutionally required procedure because the Constitution, laws, rules of the Senate, and official records of the Senate did not provide a basis on which to determine compliance, see 74 S.J. Reg. 2458-2461 (1995).

For an instance of when the chair submitted a point of order directly to the Senate for its determination, see 71 S.J. 2 C.S. 554 (1989).

### Notes of Rulings

The constitutionality of a bill or resolution should not be ruled on by the presiding officer of the Senate (61 S.J. Reg. 2034 (1969)).

For an instance of when the chair refused to rule on whether a bill authorizes suspension of laws in violation of the Constitution, see 68 S.J. Reg. 835 (1983).

## ARTICLE VI
## MOTIONS

### MOTIONS AND THEIR PRECEDENCE

**Rule 6.01.** (a) When a question is under consideration by the Senate, no motion shall be made except:

(1) to fix the day to which the Senate shall adjourn or recess;

(2) to adjourn or recess;

28

(3)  to proceed to the transaction of executive business;

(4)  the previous question;

(5)  to lay on the table;

(6)  to lay on the table subject to call;

(7)  to postpone to a time certain;

(8)  to commit;

(9)  to amend;

(10)  to postpone indefinitely.

These several motions have precedence in the order named.  It shall be in order to make any number of the above motions before any vote is taken, but the votes shall be taken on all such motions made in the order of the precedence above stated.

(b)  Upon compliance with pertinent Senate Rules, motions addressing House amendments to Senate bills, resolutions suspending the constitutional limitation on spending, resolutions suspending conference committee limitations, appointment of conference committees, and conference committee reports are privileged and may be taken up at any time when no other matter is pending before the Senate.

### Editorial Notes

Rule 6.01 apparently prevents a motion to suspend a pending question for the purpose of taking up another, but the Senate's presiding officers have recently interpreted Item (12) of Rule 16.06 to mean that any rule of the Senate may be suspended or rescinded by a two-thirds vote (unless the rules specify a different majority) at any time and that a motion to suspend Rule 6.01 and any other interfering rule in order to take up for immediate consideration a question different from the one pending is in order. However, an undebatable privileged question that is pending or a question that is itself under consideration as

29

Rule 6.01

the result of a rule suspension should be disposed of by the Senate before another question is taken up under a suspension of the rules. No rule suspension, of course, is in order during the morning call.

There are several kinds of motions to amend, which motions have precedence in the order named below:

1. Committee amendments and amendments by the author or Senator in charge of the bill offered from the floor to the body of the bill.

2. Other amendments offered from the floor to the body of the bill.

3. Amendments to the caption of the bill.

4. Amendments to strike out the enacting clause of a bill.

If a bill is considered section by section, an amendment is not in order except to the section under consideration. After all of the sections have been considered separately, the whole bill is open for amendment.

### Notes of Rulings

**Adjourn**

(See also Rules 6.21 and 6.22.)

After a motion to adjourn has been made no business may precede a vote on the motion except by unanimous consent (43 S.J. Reg. 906 (1933)).

**Table**

A motion to table report of conference committee is not in order (47 S.J. Reg. 1128 (1941)).

30

**Table Subject to Call**

A motion to table a bill subject to call is not a proper substitute motion for a motion to set a bill as special order (45 S.J. Reg. 1426 (1937)).

A motion to call from the table a bill tabled subject to call is not in order while joint resolution on passage to third reading is pending (49 S.J. Reg. 820 (1945)).

The motion to table subject to call is not debatable  (51 S.J. Reg. 1336 (1949)).

**Postpone**

When the hour to which a bill postponed to a time certain arrives, the postponed measure does not immediately displace a special order (or other matter) already under consideration by the Senate (45 S.J. Reg. 1854 (1937)).

**Commit**

A motion to recommit a bill permits discussion of the merits of the bill (42 S.J. Reg. 496 (1931)).

**Amend**

[For rulings relating to germaneness of amendments, see under Rule 7.15.]

An amendment directly contrary to and including the same subject matter as an amendment previously adopted is not in order (42 S.J. Reg. 242 (1931)).

An amendment defeated at a particular stage of a bill may not be again submitted at the same stage of the bill (42 S.J. 1 C.S. 647 (1931)).

31

Rule 6.01

Amendment having the same effect as an amendment which has been defeated is not in order (42 S.J. 2 C.S. 95 (1931)).

A single substitute for both an amendment and an amendment to an amendment is in order (43 S.J. Reg. 1367 (1933); 44 S.J. 2 C.S. 24 (1935)).

An amendment that has been tabled may not be offered again at the same stage of the bill (44 S.J. Reg. 156 (1935)).

A substitute for a substitute is not in order (44 S.J. Reg. 613 (1935)).

Matter identical with that stricken from a bill by amendment may not be re-inserted at the same stage by further amendment (44 S.J. Reg. 867 (1935)).

An amendment accomplishing same result as defeated amendment but different in text and inserted in bill at different place is in order (45 S.J. Reg. 622 (1937)).

An amendment containing only one of several provisions contained in a defeated amendment is in order (45 S.J. Reg. 1348 (1937)).

An amendment, defeated at one stage of a bill, is again in order when the bill has reached another stage (45 S.J. Reg. 1642 (1937)).

An amendment changing only load limit in bill relating to weight of trucks is a proper substitute for amendment striking out all after enacting clause and inserting new text (47 S.J. Reg. 475 (1941)).

An amendment inserted in a bill by an amendment is not subject to change at same stage of bill (48 S.J. Reg. 841 (1943)).

32

A substitute for an amendment is not in order if the substitute relates to a different subject matter (49 S.J. Reg. 436 (1945)).

An amendment to a joint resolution, defeated when the resolution is on passage to engrossment, may be offered again when resolution is on final passage (49 S.J. Reg. 444 (1945)).

A point of order that a line and word reference in a proposed amendment is incorrect does not deter consideration of the amendment containing the reference (50 S.J. Reg. 422 (1947)).

An amendment making it mandatory that the salaries of certain county officers be raised is not in order, after the adoption (at the same stage of the bill) of an amendment that makes the raising of those salaries permissive instead of mandatory (50 S.J. Reg. 826 (1947)).

An amendment that has been tabled may not be again considered at the same stage of the bill, even though it is resubmitted as only one of two distinct propositions in another amendment (51 S.J. Reg. 183 (1949)).

An amendment substantially different in any particular from one defeated would not be out of order because of its similarity to the defeated amendment (51 S.J. Reg. 628 (1949)).

An amendment that does not indicate the portion of a bill it seeks to change is not in order (51 S.J. 1 C.S. 95 (1950)).

## LIMITATION OF DEBATE ON MOTIONS

**Rule 6.02.** No debate shall be allowed on a motion to lay on the table, for the previous question, or to adjourn or recess; provided, however, that the author of a measure or whichever one of the several authors of the same may be by them selected so to do shall have the right, when a motion to lay on the table shall have been made,

Rule 6.02

to close the debate, which privilege the member may yield to any other Senator subject to all of the Rules of the Senate.

### Editorial Note

If the member having the right to close after a motion to table yields his right to another Senator, he is not permitted himself to debate the question any further.

### Notes of Rulings

The substance of a bill may be stated under a motion to suspend the order of business to take up for consideration (35 S.J. Reg. 1149 (1917)).

The motion to reconsider is debatable unless the proposition upon which the motion to reconsider is made is not debatable (44 S.J. Reg. 368-369 (1935)).

The motion to table subject to call is not debatable (46 S.J. Reg. 479 (1939)).

A resolution to fix date of sine die adjournment is debatable (47 S.J. Reg. 1902 (1941)).

When an amendment to a bill is pending, all debate must relate to the amendment (49 S.J. Reg. 1019 (1945)).

The motion to suspend the regular order of business is not debatable, but a limited explanation of the bill to which any such motion applies is permitted (50 S.J. Reg. 1349 (1947)).

The author of a bill who has moved to suspend a rule so that the bill might be introduced may explain it briefly (51 S.J. Reg. 502 (1949)).

A motion for a Call of the Senate is not debatable (61 S.J. Reg. 1759 (1969)).

34

A congratulatory resolution when offered is not debatable and therefore may be considered immediately or referred to a committee by the presiding officer (61 S.J. 1 C.S. 124 (1969)).

No debate is allowed on the motion to table (67 S.J. Reg. 1483 (1981)).

A motion to suspend the three-day rule is not debatable (68 S.J. Reg. 1922 (1983)).

## WRITTEN MOTIONS

**Rule 6.03.** All motions shall be reduced to writing and read by the Secretary, if desired by the presiding officer or any Senator present.

### Note of Ruling

After the commencement of a roll call on the question of agreeing to a motion to suspend the regular order of business, a Senator may not interrupt the roll call to demand that the motion be submitted in writing and may not then insist as a matter of right that the motion be reduced to writing  (50 S.J. Reg. 602 (1947)).

## WITHDRAWAL OF MOTION

**Rule 6.04.** After a motion has been stated by the President or read by the Secretary, it shall be deemed to be in possession of the Senate, but it may be withdrawn at any time before it has been amended or decided.

### Note of Ruling

An amendment may be withdrawn by its author at any time before it has been voted on, even when a Senator is debating it; and its withdrawal cuts off immediately any further discussion of it  (50 S.J. Reg. 1237 (1947)).

35

## MOTIONS TO FIX SUM OR STATE TIME

**Rule 6.05.** On a motion to fix a sum or state a time, the largest sum and the longest time shall have precedence.

## DIVISION OF QUESTION

**Rule 6.06.** Any member may have the question before the Senate divided, if it be susceptible of a division, into distinct questions. On a motion to strike out and insert, it shall not be in order to move for a division of the question, and the rejection of a motion to strike out and insert one proposition shall not prevent a motion to strike out and insert a different proposition or prevent a subsequent motion simply to strike out. The rejection of a motion simply to strike out shall not prevent a subsequent motion to strike out and insert.

### Note of Ruling

A motion that Senate Rule 5.09 and the regular order of business be suspended and a certain general bill be laid out is not susceptible of division if Senate Rule 5.09, which relates to the order of business, is the only Senate rule banning the laying out of the bill and its immediate consideration by the Senate  (50 S.J. Reg. 1239 (1947)).

## MOTION TO TABLE

**Rule 6.07.** A motion to table shall only affect the matter to which it is directed, and a motion to table an amendment shall never have the effect of tabling the entire measure.

## MOTIONS TO REFER OR COMMIT

**Rule 6.08.** Any bill, petition, or resolution may be referred from one committee or subcommittee to another committee or subcommittee if the motion is approved by the chairs of both committees involved and by a two-thirds vote of the members present and voting.  Any bill, petition, or resolution may be committed to any committee or subcommittee at any stage of the proceedings on such bill, petition, or resolution by a majority vote of the elected members of the Senate. A bill or joint resolution

36

committed to a committee or subcommittee while on third reading shall be considered as on its second reading if reported favorably back to the Senate.

When several motions shall be made for reference of a subject to a committee, they shall have preference in the following order:

First:  To a Committee of the Whole Senate

Second:  To a standing committee

Third:  To a standing subcommittee

Fourth:  To a special committee.

## PREVIOUS QUESTION

**Rule 6.09.**  Pending the consideration of any question before the Senate, any Senator may call for the previous question, and if seconded by five Senators, the presiding officer shall submit the question: "Shall the main question be now put?"  If a majority of the members present and voting are in favor of it, the main question shall be ordered, the effect of which shall be to cut off all further amendments and debate and bring the Senate to a direct vote--first upon pending amendments and motions, if there be any, then upon the main proposition.  The previous question may be ordered on any pending amendment or motion before the Senate as a separate proposition and decided by a vote upon said amendment or motion.

### Editorial Notes

After the previous question has been ordered, no motions are in order until the question or questions on which it is ordered have been voted upon, except the motions to adjourn, for a call of the Senate and to reconsider the vote by which the previous question was ordered, and the motion to reconsider can be made only once.

It has also been held that a motion may be withdrawn after the previous question has been ordered on it.  (See 46 S.J. Reg. 2112-2113 (1939); 50 S.J. Reg. 1237 (1947).)

Rule 6.09

### Notes of Rulings

The previous question may not be ordered on final passage of bill prior to its being placed on third reading (35 S.J. Reg. 1063 (1917)).

When the main question has been ordered but not voted on, a member is not entitled to speak on a question of personal privilege (42 S.J. Reg. 1203; 42 S.J. 1 C.S. 675 (1931)).

The previous question may not be moved to include the votes to be taken on a bill or on any subsidiary motions applied to it at a more advanced stage (42 S.J. 1 C.S. 675 (1931)).

It is not in order to speak to a question of personal privilege after the previous question has been ordered (43 S.J. Reg. 691 (1933)).

A motion may be made (even by a Senator not voting on the prevailing side) to rescind the "action and vote of the Senate" in ordering the previous question (45 S.J. Reg. 432 (1937)). (A vote of two-thirds of all members present is required to suspend, rescind, or amend any rule of the Senate.)

The vote by which the main question is ordered on series of questions may be reconsidered after vote has been taken on one or more of the questions (45 S.J. 2 C.S. 82 (1937)).

The motion for the previous question on a bill may be made and voted on after the previous question has been ordered on a proposed amendment to the bill and before a vote has been taken on the amendment (46 S.J. Reg. 2041 (1939)).

A motion for previous question is not in order immediately after defeat of same motion (47 S.J. Reg. 1743 (1941)).

The constitutional rule (Section 32 of Article III) calling for "free discussion" on a bill does not prevent the making of a

38

motion for the previous question on the passage of a bill or prevent the Senate's ordering the main question on the bill as provided for in its own rule relating to the previous question. The Senate determines by its vote on the motion for the previous question whether or not the constitutional rule has been complied with (50 S.J. Reg. 1174 (1947)).

A motion for the previous question may be put at the same time on a motion to re-refer a bill from one committee to another committee and also a substitute motion that the same bill be referred from the original committee to still another committee (61 S.J. Reg. 1762 (1969)).

### RECONSIDERATION

**Rule 6.10.** (a) After a question shall have been decided, either in the affirmative or negative, any member voting with the prevailing side may, at any time on the same legislative day in which the vote was taken or on the next legislative day, move the reconsideration thereof. If the motion to reconsider is successful, the question shall immediately recur on the question reconsidered.

(b) When a bill, resolution, report, amendment, order, or message upon which a vote was taken shall have gone out of the possession of the Senate and have been delivered to the House of Representatives or to the Governor, the motion to reconsider shall be preceded by a motion to request the House or the Governor to return same, which if determined in the negative shall be a final disposition of the motion to reconsider. If the motion to request the House or the Governor to return same is successful, the motion to reconsider shall be acted upon after the return of the bill, resolution, report, amendment, order, or message to the possession of the Senate..

#### Editorial Notes

If a vote on a Senate bill is reconsidered on House bill day, the bill itself may not be considered in the Senate until the arrival of a Senate bill day.

Under Senate Rule 6.10, recalling is made the first requirement for further considering a bill passed by the Senate and

39

sent to the House. Hence, a motion or resolution to recall the bill is privileged.

A motion to reconsider the vote by which the previous question has been ordered may be made by any Senator voting to order it; and in case the vote is not a "yea and nay" recorded vote, it may be made by any Senator who was present for that vote.

### Notes of Rulings

Reconsideration of a vote recommitting a bill has the immediate effect of placing the bill back to its status before the motion to recommit prevailed (34 S.J. Reg. 250 (1915)).

Reconsideration of vote by which a bill passed to engrossment places the bill back before the Senate just as it was before the vote on its engrossment was taken (37 S.J. Reg. 578 (1921)).

A motion to reconsider a vote may be made on the first day after the vote is taken on which there is a quorum of the Senate present (38 S.J. Reg. 619 (1923)).

Vote on adoption of amendment, adopted on second reading of a bill that is later ordered engrossed, may not be reconsidered until vote on passage of bill to engrossment has been reconsidered (40 S.J. Reg. 388 (1927)).

The motion to reconsider a vote is not debatable when the motion on which the vote was taken is not debatable (40 S.J. Reg. 415 (1927)).

Upon reconsideration of the vote on a House bill, it automatically takes its place on the calendar of House bills on the President's table for consideration by the Senate (42 S.J. Reg. 608 (1931)).

A motion to adopt a conference committee report on joint resolution is in order at any time, and without a reconsideration

of a previous adverse vote on the report (44 S.J. Reg. 1812 (1935)).

A motion to reconsider a vote is not debatable if at the time the vote was taken the previous question on the proposition voted on had been ordered (44 S.J. 1 C.S. 219 (1935)).

The motion to reconsider the vote on the passage of a bill must be made on the same day the bill was passed to engrossment or on the next succeeding legislative day (46 S.J. Reg. 1129 (1939)).

A bill may be recalled from the House before motion is made to reconsider vote on its passage (46 S.J. Reg. 1209 (1939)).

The vote by which a conference report has been adopted by the Senate may be reconsidered by the Senate (on a bill recalled from the Governor) although the bill has been enrolled, signed by the presiding officers of each House, and presented to the Governor (46 S.J. Reg. 1437 (1939)).

Debate of motion to reconsider vote by which main question ordered is not in order (47 S.J. Reg. 2258 (1941)).

A motion to reconsider a vote must be made on the same day the vote is taken or on the next legislative day (49 S.J. Reg. 807 (1945)).

The motion to reconsider a vote may not be made by a member who is not recorded as having voted on the prevailing side if the vote was a "yea and nay" recorded vote (49 S.J. Reg. 1019, 1214 (1945)).

A motion to reconsider the vote by which a motion to table has prevailed may not be made (50 S.J. Reg. 805 (1947)).

A concurrent resolution to recall for further consideration a bill passed by the Senate is in accord with Senate Rule 6.10 and is

41

privileged (51 S.J. 1 C.S. 120 (1950)). (See also Hinds' Precedents, 5, 5669-5671.)

### SPREADING MOTION TO RECONSIDER ON JOURNAL

**Rule 6.11.** At any time before the expiration of the next legislative day following that on which the vote was taken, a motion to reconsider a vote may be made by any Senator who is permitted by Rule 6.10 to make it, and the maker of the motion may accompany it with a request that it be spread on the journal to be called up and acted on at a later time, which request shall be granted unless another Senator demands immediate action thereon. In case a motion to reconsider that has been spread upon the journal is not called up to be acted on by the Senate within five legislative days after it has been made, it shall not thereafter be called up or acted upon. Any such motion that has been made during the last six days of the session that has not been called up before the final 24 hours of the session shall not thereafter be called up or acted upon by the Senate. In all cases, a motion to reconsider shall be decided by a majority vote.

### DEMAND FOR IMMEDIATE RULING

**Rule 6.12.** Pending the consideration or discussion of any point of order before the presiding officer and the Senate, or either, any Senator may demand that the point of order be immediately decided, and if seconded by 10 Senators, the presiding officer shall submit the question: "Shall the point of order be now decided?" If a majority vote in favor of it, the point of order shall immediately be decided by the presiding officer, and if an appeal from the presiding officer's decision is taken, the appeal shall be immediately decided by the Senate without debate.

#### Editorial Note

The President of the Senate is required by the Rules of the Senate to decide questions of order, but he is not required to rule on the constitutionality of the substance or content of any proposed law, resolution, or amendment. He usually decides questions as to the constitutionality of a certain procedure or as to the Senate's constitutional jurisdiction, but he usually submits to the Senate for its decision questions as to the constitutionality of the substances or content of any proposal. (See also Rule 5.15 and notes following it.)

## DISPENSE WITH READING OF PAPERS

**Rule 6.13.** When the reading of a paper is called for and the same is objected to by any member, it shall be determined by a majority vote of the Senate and without debate.

### Notes of Rulings

The Senate may determine whether a Senator who is explaining a bill prior to a vote on a motion to permit its introduction may read the bill in full (51 S.J. Reg. 502 (1949)).

Although the Senate on a previous occasion has ordered the full reading of a certain bill dispensed with, a full reading may be called for when the bill is again before the Senate for consideration and may be dispensed with only on order of the Senate (51 S.J. Reg. 503 (1949)).

A Senator addressing the Senate on the question of whether or not the Senate shall concur in the House amendments to a bill may read in full a legal opinion relating to the subject matter of the amendments unless the Senate orders its reading discontinued (51 S.J. Reg. 603-604 (1949)).

A second reading of an amendment in full may be dispensed with by order of the Senate (51 S.J. Reg. 625, 628 (1949)).

## MODE OF STATING AND VOTING UPON QUESTIONS

**Rule 6.14.** All questions shall be distinctly put by the President and the members shall signify their assent or dissent by answering "yea" or "nay."

### Note of Ruling

After a roll call has been ordered and before the calling of the roll has commenced, it is not in order for a member to address the Senate (44 S.J. 2 C.S. 83 (1935)).

43

Rule 6.15

## WHEN RECORD VOTE REQUIRED; CALLS FOR YEAS AND NAYS

**Rule 6.15.** (a)(1) A vote on final passage of a bill, a resolution proposing or ratifying a constitutional amendment, or a resolution other than a resolution of a purely ceremonial or honorary nature, shall be by record vote, with the vote of each member entered in the journal.

(2) A vote on all motions to suspend the constitutional three-day rule, all questions requiring a vote of two-thirds of the members elected, all motions on whether to concur in House amendments to Senate bills, and all motions on whether to adopt a conference committee report shall be by record vote, with the vote of each member entered in the journal.

(3) Upon all other questions requiring a vote of two-thirds of the members present, including a motion to suspend the rules, the presiding officer shall determine if there is objection and, if so, call for the yeas and nays, but they shall not be entered into the journal unless required under Subsection (b) of this rule. If no objection is made, the journal entry shall reflect a unanimous consent vote of the members present without necessity of a roll call of yeas and nays.

(b) On any other question, at the desire of any three members present, the yeas and nays shall be entered on the journal, and the names of the members present and not voting shall be recorded immediately after those voting in the affirmative and negative, and such members shall be counted in determining the presence of a quorum. (Constitution, Article III, Section 12)

(c)(1) Any nonprocedural motion adopted by voice vote, without objection, or with unanimous consent shall be reflected in the journal by showing members present as "yea", unless a member registers otherwise with the Secretary of the Senate.

(2) The following statement shall be entered in the journal after each vote taken as provided in Subdivision (1) of this subsection:

"All members are deemed to have voted 'Yea' except as follows:

Nays:
PNV:
Absent-Excused:
Absent:"

(d) A member must be on the floor of the Senate or in an adjacent room or hallway on the same level as the Senate floor or gallery in order to vote; but a member who is out of the Senate when a record vote is taken and who wishes to be recorded shall be permitted to do so provided:

44

(1)   the member was out of the Senate temporarily, having been recorded earlier as present;

(2)   the vote is submitted to the Secretary of the Senate prior to adjournment or recess to another calendar day; and

(3)   the recording of the member's vote does not change the result as announced by the chair.

(e)   Once begun, a roll call may not be interrupted for any reason.

### Editorial Note

Verification of a "yea and nay" vote is not provided for by any rule, but when a vote is close, it has been the practice for the presiding officer to order a verification when requested by any member to do so.

### MEMBERS REFUSING TO ANSWER
### RECORDED PRESENT

**Rule 6.16.** Upon a roll call of the Senate, should any member who is on the floor of the Senate fail or refuse to answer the call of the roll, the Secretary of the Senate shall, under the direction of the President of the Senate, record such member as present.

### PAIRED VOTES

**Rule 6.17.** If a member who is absent desires to be recorded on a pending question, the member may cast a paired vote by signing a pair slip which indicates the member's "yea" or "nay" vote with a member who is present and casting an opposite vote, if the member who is present so desires. Pair slips must be signed by both the absent and present member and filed with the Secretary of the Senate before the vote. The paired votes of the present and absent members shall be recorded as an expression of opinion on the matter considered but shall not be counted in the total of votes for or against the measure or motion. However, the member present shall be counted to make a quorum.

### LIEUTENANT GOVERNOR TO GIVE
### CASTING VOTE

**Rule 6.18.** If the Senate be equally divided on any question, the Lieutenant Governor, if present, shall give the casting vote. (Constitution, Article IV, Section 16)

45

Rule 6.18 _____

### Editorial Note

A vote on a motion to refer a resolution was yeas 15, nays 15. Lieutenant Governor A. B. Davidson voted "nay" and declared the motion lost. A second vote was taken on a motion to refer to another committee and resulted in a tie. Lieutenant Governor Davidson voted "nay" and declared the motion lost (32 S.J. Reg. 938-939 (1911)).

## EFFECT OF TIE VOTE WHEN LIEUTENANT GOVERNOR ABSENT

**Rule 6.19.** If the Senate is equally divided on any question when the Lieutenant Governor is not present, such question or motion shall be lost.

## VETOED BILLS

**Rule 6.20.** A vote of two-thirds of all members elected to the Senate shall be required for the passage of House bills that have been returned by the Governor with his objections, and a vote of two-thirds of the members of the Senate present shall be required for the passage of Senate bills that have been returned by the Governor with his objections. (Constitution, Article IV, Section 14)

### Editorial Note

A specific case in which the vote of yeas and nays did not pass the bill over the Governor's veto is found at 47 S.J. Reg. 2478 (1941).

## ADJOURNMENT

**Rule 6.21.** A motion to adjourn or recess shall always be in order and shall be decided without debate, and the Senate may adjourn or recess while operating under the previous question.

### Editorial Note

The motion to recess or adjourn is not debatable, and the maker of either motion may not hold the floor to the exclusion of other Senators who might want to move to adjourn or recess to a

46

different hour.  After a series of such motions has been made, the motions must be voted on immediately.

## Notes of Rulings

A concurrent resolution containing a provision that "no date for adjournment be fixed until the appropriation bills have been passed and all important measures upon the calendar have been disposed of " was held out of order by Lieutenant Governor Lynch Davidson, because it sought "to deny the Legislature its constitutional right to adjourn at any time it desires" (37 S.J. Reg. 392 (1921)).

The Legislature may repeal or set aside a resolution setting a future date and hour for sine die adjournment, and a resolution setting a new time for sine die adjournment is in order, and only a majority vote is required to adopt it (42 S.J. Reg. 1656, 1682 (1931)).

The Legislature may repeal or set aside a resolution setting a date for sine die adjournment (42 S.J. Reg. 1656 (1931)).

A resolution setting a new time for sine die adjournment is in order and requires only a majority vote to adopt it (42 S.J. 2 C.S. 189 (1931)).

A motion to adjourn may not be made immediately after the defeat of a series of motions to adjourn and recess (51 S.J. Reg. 577 (1949)).

Under Senate Rule 5.02 which states that "two-thirds of all of the Senators elected shall constitute a quorum but a smaller number may adjourn (or recess) from day to day," a motion to recess (or adjourn) until a later time on the same day is a proper motion (61 S.J. Reg. 945 (1969)).

A motion to adjourn or recess is not a proper motion where further business has not been transacted by the Senate since a previous motion to adjourn or recess had been made and defeated (61 S.J. Reg. 1059 (1969)).

47

Rule 6.22

## ADJOURNMENT OF SENATE FOR MORE THAN
## THREE DAYS

**Rule 6.22.** The Senate shall not adjourn or recess for more than three days or to any other place than that in which it may be sitting, without the concurrence of the House of Representatives.  (Constitution, Article III, Section 17)

### Note of Ruling

An adjournment from Thursday to Monday is not for more than three days, and consent of the House to such an adjournment by the Senate is not needed (49 S.J. Reg. 640 (1945)).

## ARTICLE VII
## INTRODUCTION AND PASSAGE OF BILLS

### CUSTODIAN OF BILLS AND RESOLUTIONS

**Rule 7.01.** The Calendar Clerk shall be the official custodian of the bills and resolutions pending in the Senate, and the same may not be withdrawn from the custody of such clerk without the consent of the Senate.

### CAPTION RULE

**Rule 7.02.** Each bill must include a caption beginning with the words "A Bill to be Entitled an Act" to be followed by a brief statement that gives the Legislature and the public reasonable notice of the subject of the proposed measure.  (Constitution, Article III, Sections 29 and 35)

### Note of Ruling

A bill which enacts, amends, or repeals general law may contain an appropriation necessary to accomplish the main object of the bill and does not violate the single-subject limitation of Article III, Section 35, Texas Constitution (71 S.J. 2 C.S. 43-44 (1989)).

48

## ANNOUNCEMENT OF STAGE OF BILL

**Rule 7.03.** The President shall, at each reading, announce whether the bill originated in the Senate or House of Representatives and whether it be the first, second, or third reading.

## FILING BILLS

**Rule 7.04.** (a)  Beginning the first Monday after the general election preceding the next regular legislative session or within 30 days prior to any special session, it shall be in order to prefile with the Secretary of the Senate bills for introduction in that session.

(b)  During the session bills may be filed for introduction with the Secretary at any time.

(c)  Upon receipt of the bills the Secretary of the Senate shall number them and make them a matter of public record, available for distribution.  Once a bill has been filed it may not be recalled.

### Notes of Rulings

The Senate may not grant by vote or by unanimous consent permission to a member to introduce a bill not within Governor's call (43 S.J. 1 C.S. 24 (1933)).

A point of order, made and sustained at a special session, that a bill (which has been read second time) is not within the Governor's call prevents any further consideration of it at that session (43 S.J. 2 C.S. 27 (1934)).

A bill making an appropriation for the activation of an agency to distribute surplus commodities to state hospitals and special schools and for certain other related purposes is within the call of the Governor for a special session "to make and to finance such appropriations as the Legislature may deem necessary for State hospitals and special schools . . . ." (51 S.J. 1 C.S. 161 (1950)).

## INTRODUCTION AND FIRST READING
## OF BILLS

**Rule 7.05.** (a) Senate bills shall be considered introduced when first read in the presence of the Senate.

(b) Senate bills filed for introduction, and House bills received by the Senate, shall be read on first reading at the appropriate point in the morning call.

### REFERRAL OF BILLS

**Rule 7.06.** (a) The President shall refer each bill to a proper committee or standing subcommittee and shall cause such referral to be announced when the bill is first read.

(b) No action shall be taken on a bill accepting, rejecting, or amending it until the bill has been reported on by a committee.

#### Editorial Notes

This rule clearly forbids tabling a bill that has not been reported from a committee. The practice of tabling a bill not properly before the Senate for consideration is not in accordance with good parliamentary practice, since the practice deprives the sponsors of a fair opportunity of protecting the life of the bill.

Lieutenant Governor Barry Miller declined to refer a bill that had been presented for introduction at a called session, holding that it was not covered by the call of the Governor (41 S.J. 5 C.S. 9, 14 (1930)). (See also Appendix under heading Jurisdiction -- Special Sessions.)

#### Note of Ruling

A motion to re-refer a bill is in order at any time there is not another question already before the Senate for immediate consideration (51 S.J. Reg. 755-756 (1949)).

50

## LIMITATIONS ON INTRODUCTION

**Rule 7.07.** (a)  A bill may be introduced at any time during the first 60 calendar days of the regular session and may be referred to the proper committee and disposed of under the rules of the Senate.

(b) Except as provided in Rule 7.08, no bill shall be introduced after the first 60 calendar days of the session.  This provision may only be suspended by an affirmative vote of four-fifths of the members of the Senate.

(c)  It shall not be in order to introduce a local bill as defined by Rule 9.01 unless notice of publication, as provided by law, is attached.

### Note of Ruling

Refusal of the Senate to suspend the foregoing rule to permit the introduction of a bill does not prevent its being offered again for introduction later (43 S.J. Reg. 1656 (1933)).

## CONSIDERATION OF EMERGENCY MATTERS

**Rule 7.08.**   At any time during the session, resolutions, emergency appropriations, emergency matters specifically submitted by the Governor in special messages to the Legislature, and local bills (as defined in Rule 9.01) may be filed with the Secretary of the Senate, introduced and referred to the proper committee, and disposed of under the rules of the Senate.

## ANALYSIS OF FISCAL AND OTHER IMPLICATIONS OF BILL OR RESOLUTION

**Rule 7.09.** (a)  It is the intent of this rule that all members of the Senate be timely informed to the impact of proposed legislation on the state or other units of government.

51

Rule 7.09

## Fiscal Notes

(b)  Prior to a final vote by a committee to report any bill or joint resolution, except the general appropriations bill, there shall be attached a fiscal note signed by the director of the Legislative Budget Board.

(c)  If a bill or joint resolution is amended by a committee, the committee chair shall obtain an updated fiscal note. The chair may require that the updated fiscal note be distributed to the committee members prior to the final vote to report the measure.

(d)  Prior to a motion to concur in House amendments, an updated fiscal note shall be distributed to all members if the director of the Legislative Budget Board determines that a House floor amendment has altered the policy implications of the bill or resolution, except the general appropriations bill.

(e)  An updated fiscal note shall be distributed to all members prior to a motion to adopt a conference committee report on any bill or joint resolution, other than the general appropriations bill; provided that an updated fiscal note is not required on a conference committee report if the text of the report is the engrossed text of either the House or Senate version and the report has attached a fiscal note outlining the fiscal implications of that version of the measure.

(f)  A fiscal note for a bill or joint resolution which authorizes or requires the expenditure or diversion of any state funds for any purpose shall estimate the fiscal implications and probable cost of the measure each year for the first five years after the implementation of its provisions and state whether there will be a cost involved thereafter. The fiscal note shall include the number of additional employees considered in arriving at the probable cost.

(g)  A fiscal note for any bill or joint resolution which imposes, increases, decreases, or repeals any state tax or fee shall estimate the fiscal implications of the measure for the first five years after the implementation of its provisions and state whether there will be fiscal implications thereafter. The committee chair to which the bill or resolution was referred may request the director of the Legislative Budget Board to include with the fiscal note a tax equity note estimating the general effects of the proposal on the distribution of tax and fee burdens among individuals and businesses.

52

(h) A fiscal note for any bill or joint resolution which has impact on units of local government of the same type or class shall estimate the fiscal implications and probable cost of the measure to the affected unit or units of local government each year for the first five years after the implementation of its provisions and state whether there will be a cost involved thereafter. As used in this rule, "unit of local government" means county, city, town, school district, conservation district, hospital district, or any other political subdivision or special district.

### Impact Statements

(i) If the director of the Legislative Budget Board determines that a bill or joint resolution proposes to change benefits or participation in benefits of a public retirement system or would otherwise change the financial obligations of a public retirement system, the director shall prepare and forward to the chair of the committee to which the measure is referred an actuarial impact statement; provided that an actuarial impact statement is not required for the general appropriations bill, a measure that would change the financial obligations of a retirement system only by modifying the compensation of members of the system or by modifying the administrative duties of the system, or a measure that would change the financial obligations of a retirement system only by imposing an expense on the system in the same manner that the expense is imposed on other agencies or units of government.

In this rule, "public retirement system" means a continuing, organized program of service retirement, disability retirement, or death benefits for officers or employees of the state or a political subdivision, but does not include a program for which benefits are administered by a life insurance company, a program providing only workers' compensation benefits, or a program administered by the federal government.

An actuarial impact statement shall:

(1) summarize the actuarial analysis that has been prepared for the bill or resolution;

(2) identify and comment on the reasonableness of each actuarial assumption used in that actuarial analysis; and

(3) show the economic effect of the proposed bill or resolution on the public retirement system, including a projection of the actuarial cost or liability imposed

53

Rule 7.09

by the proposal on the system, the effect of the legislation on the amortization schedule for liabilities of the system, and the estimated dollar change in the unfunded liability of the system.

(j)  If the director of the Legislative Budget Board determines that a bill or resolution authorizes or requires a change in the sanctions applicable to:  (1) adults convicted of felony crimes, or (2) juveniles who have been adjudicated for a misdemeanor or felony conduct; the director shall prepare and forward to the chair of the committee to which the measure is referred a criminal justice policy impact statement.  The statement shall estimate the impact of the proposed policy changes on the programs and workload of state corrections agencies and on the demand for resources and services of those agencies.  In this section, "sanctions" includes sentences and dispositions, as well as adjustments to sentences and dispositions such as probation, parole, and mandatory supervision, including changes in policy or statutes related to eligibility, revocation, and good time credits as well as requirements and conditions of probation.

(k)  If the director of the Legislative Budget Board determines that a bill or joint resolution authorizes or requires a change in the public school finance system, the director shall prepare and forward to the chair of the committee to which the measure is referred an equalized education funding impact statement.  The statement shall estimate the impact of the proposed policy changes on state equalized funding requirements and policies.

(l)  If the director of the Legislative Budget Board determines that a bill or joint resolution authorizes or requires a change in the classification, mission, or governance structure of an institution of higher education or would establish such an institution, the director shall, after consultation with the Higher Education Coordinating Board, prepare and forward to the chair of the committee to which the measure is referred a higher education impact statement.  The statement shall estimate the need for the new or expanded institution, including information on geographic access to existing institutions, student demand for the institution and programs, the possible duplication of programs with other institutions in the geographical region, and the long-term costs to the state for the institution, including any facilities construction and maintenance.  If the measure proposes change in the governance of an institution, the statement shall estimate the programmatic and economic impacts of the change to the state and the affected institutions and systems.

54

(m)  If the director of the Legislative Budget Board determines that a bill or joint resolution expressly or impliedly amends the open records law, the open meetings law, or other law in a manner that may reduce public access to government information or to the transaction of public business, the director shall prepare and forward to the chair of the committee to which the measure is referred an open government impact statement. The statement shall estimate the impact of the proposed policy changes on public access to government information or to the transaction of public business. The provisions of this subsection do not apply if the author or sponsor certifies in writing to the chairman of the committee to which the bill was referred that the bill does not reduce public access to government information or to the transaction of public business.

(n)  If the director of the Legislative Budget Board has determined that an impact statement is required, pursuant to Subsection (i), (j), (k), (l), or (m) of this rule, for any bill or joint resolution, except the general appropriations bill, the impact statement shall be attached to the measure prior to a final vote by a committee to report the measure.

(o)  If a bill or joint resolution is amended by a committee other than a conference committee, the committee chair shall obtain an updated impact statement, which shall be attached to the committee report. The chair may require that the updated impact statement be distributed to the committee members prior to the final vote to report the measure.

(p)  The director of the Legislative Budget Board may prepare an updated impact statement to reflect House amendments to a Senate bill or joint resolution or a conference committee report. Such statement shall be forwarded to the Secretary of the Senate, who shall have the impact statement printed and distributed to the members.

### General Provisions

(q)  In preparing a fiscal note or an impact statement, the director of the Legislative Budget Board may use information or data supplied by any person, agency, organization, or governmental unit that the director deems reliable. The director shall state the sources of information or data used and may state the extent to which the director relied on the information or data in preparing the fiscal note or impact statement. If the director is unable to acquire or develop sufficient information to prepare a fiscal note within 15 days after receiving a bill or joint resolution, the director shall prepare the fiscal note stating that fact, and the fiscal note shall be in full compliance with the rules.

55

Rule 7.09

If the director determines that the fiscal or other implications of a bill or joint resolution cannot be ascertained, the director shall prepare the fiscal note stating that fact, and the fiscal note shall be in full compliance with the rules.

(r)  The director of the Legislative Budget Board shall forward a copy of each fiscal note or impact statement to the author or sponsor of the affected bill or joint resolution.

(s)  All fiscal notes and impact statements shall be signed by the director of the Legislative Budget Board and shall remain with the measure throughout the entire legislative process, including submission to the Governor.

(t)  For any statement or analysis required by this rule, the Senate Committee on Administration may adopt such necessary forms and procedures as are required to ensure that all members of the Senate are informed as to the impact of proposed legislation on the state or other unit of government.  The committee may authorize the director of the Legislative Budget Board to develop the format for fiscal notes and impact statements and submit the suggested forms to the committee for its approval.

### Notes of Rulings

For an instance when the chair refused to go behind a fiscal note to determine whether it was accurate or adequate, see 67 S.J. Reg. 1297 (1981).

Consideration of a bill amended in committee so as to alter its fiscal implications is out of order in the absence of an updated fiscal note (73 S.J. Reg. 2037 (1993)).

### FORMAT OF BILLS AND RESOLUTIONS
### REPORTED BY COMMITTEES

**Rule 7.10.**  (a)  A committee may not report a bill or resolution to the Senate unless the bill or resolution complies with Subsection (b) of this rule.

(b)  In any section of a bill or joint resolution that proposes to amend an existing statute or constitutional provision, language sought to be deleted must be

56

bracketed and stricken through, and language sought to be added must be underlined. This requirement does not apply to:

(1) an appropriation bill;

(2) a local bill;

(3) a recodification bill;

(4) a redistricting bill;

(5) a section of a bill or joint resolution not purporting to amend an existing statute or constitutional provision;

(6) a section of a bill or joint resolution that revises the entire text of an existing statute or constitutional provision, to the extent that it would confuse rather than clarify to show deletions and additions; and

(7) a section of a bill or joint resolution providing for severability, nonseverability, or repeal of an existing statute or constitutional provision.

(c) The President may overrule a point of order raised as to a violation of Subsection (b) of this rule if the violation is typographical or minor and does not tend to deceive or mislead.

(d) The Senate Enrolling Clerk may make certain technical corrections in bills and resolutions to conform the language to requirements of Subsection (b) of this rule and of the Texas Constitution. This subsection applies to misspelled words, mistakes in citations and internal references, numbering and reprinting errors, bracketing and underlining errors, mistakes in grammar and punctuation, and insufficient captions.

## COMMITTEE SUBSTITUTE BILLS

**Rule 7.11.** (a)  A committee may adopt and report a complete germane committee substitute containing the caption, enacting clause, and text of a bill or resolution in lieu of the original, in which event the complete substitute bill or resolution shall be laid before the Senate and shall be the matter before the Senate for its

57

Rule 7.11

consideration instead of the original. If the substitute is defeated at any legislative stage, the bill or resolution is considered not passed.

(b)  If a point of order is raised and sustained that a committee substitute bill is not germane or contains provisions not germane to the original bill, the bill shall be returned for further consideration to the committee from which it was reported. If the committee desires to hear additional testimony, the bill shall be posted for public hearing according to the rules of the Senate and is subject to Rule 11.19.

## PRINTING OF BILLS

**Rule 7.12.**  (a)  Every favorable committee report on a general bill made by a Senate committee shall be printed, unless the Senate on the same day it is reported or on the next legislative day shall order it not printed. Each committee report on a local bill shall be printed, unless the committee making the report recommends that it not be printed, in which case the committee's recommendations shall be effective as an order of the Senate that the report be not printed. A list of all bills on committee report ordered not printed by the Senate or ordered not printed by committee recommendation shall be listed by number, author, and caption and distributed to each member at the close of each day's business. Copies of all committee reports printed shall be furnished to each member of the Senate on the same day the printed copies are delivered by the printer. No bill except local bills and bills ordered not printed by the Senate shall be considered by the Senate until a printed committee report has been available to each member of the Senate for at least 24 hours and is on the desk of each Senator.

(b)  Every committee report printing on a bill or resolution shall include:

(1)  a copy of the committee report form showing the record vote by which the measure was reported, whether the measure was reported favorably or unfavorably, with amendment or with a substitute;

(2)  a copy of the original bill or resolution, unless the committee reports a substitute measure;

(3)  a copy of any substitute bill or resolution;

(4)  a copy of each amendment adopted to the bill or resolution;

58

(5)  any fiscal note on the bill or resolution, including any updated fiscal note required by Rule 7.09;

(6)  any criminal justice impact statement, including any updated statement required by Rule 7.09;

(7)  any equalized education funding impact statement, including any updated statement required by Rule 7.09;

(8)  any higher education impact statement, including any updated statement required by Rule 7.09;

(9)  any actuarial analysis, including any updated analysis required by Rule 7.09;

(10)  a bill analysis, including any updated analysis to reflect any change made by amendment or substitute; and

(11)  a list of witnesses testifying in favor, against, or on the bill or resolution.

### Editorial Note

The rules governing the printing of bills also apply to the printing of concurrent and joint resolutions.

### Notes of Rulings

Setting a bill that has not been printed as a special order permits its consideration at the time for which it is set even though it has not been printed (43 S.J. 2 C.S. 96 (1934)).

A motion to recommit a bill is a proper substitute motion for a motion to not print a bill (55 S.J. Reg. 1546 (1957)).

Consideration of a bill is out of order if a copy is not on the members' desks, even though the Senate, by unanimous consent, has suspended the regular order of business to consider it (68 S.J. Reg. 1512 (1983)).

Suspension of "all necessary rules" to consider a bill out of its regular order suspends the printing rule (70 S.J. 2 C.S. 118 (1987)).

## SUSPENSION OF RULE LIMITING CONSIDERATION OF BILLS

**Rule 7.13.** Except as otherwise provided in Rule 7.08, bills shall not be taken up, considered, or acted upon by the Senate during the first 60 calendar days of the session, unless this rule be suspended by the affirmative vote of four-fifths of the members of the Senate.

### Note of Ruling

A motion to suspend Section 5 of Article III of the Constitution to consider a bill during the first 60 days of a Regular Session requires a vote of four-fifths of the members of the Senate (25) not four-fifths of the members present (59 S.J. Reg. 144 (1965)).

## CONSIDERATION OF HOUSE BILL IN LIEU OF SENATE BILL ON SAME SUBJECT

**Rule 7.14.** When any Senate bill shall be reached on the calendar or shall be before the Senate for consideration, it shall be the duty of the President to give the place of such bill on the calendar to any House bill which has been referred to and reported from a committee of the Senate containing the same subject or to lay such House bill before the Senate to be considered in lieu of such Senate bill.

### Editorial Notes

The purpose of this rule is to save the time and labor of the Legislature by disposing of the most advanced legislation first. The

60

House bill is not substituted for the Senate bill, but simply is considered instead of the Senate bill, which is displaced on the calendar by the House bill.

It is not necessary that the bills be identical if generally they cover the same subject and are directed to the same end.

### Note of Ruling

A House bill that has been reported favorably and relates to the same subject as a Senate bill that has been reached on the calendar should be considered by the Senate in lieu of the Senate bill if said House bill is "of the same general tenor" (38 S.J. Reg. 470 (1923)).

## GERMANENESS

**Rule 7.15.** No motion or proposition on a subject different from that under consideration shall be admitted under color of amendment or as a substitute for the motion or proposition under debate. (Constitution, Article III, Section 30)

### Notes of Rulings

An amendment that repeals the authority of the highway commission to promulgate speed limits is not germane to a bill that only modifies the effect of a conviction for violating a speed limit promulgated by the commission (65 S.J. Reg. 305 (1977)).

An amendment that authorizes the board of public welfare to employ a security force and commission peace officers is not germane to a bill that only designates county park patrol and security officers as peace officers (65 S.J. Reg. 505 (1977)).

An amendment requiring affiliation with a political party in order to vote in a primary election is not germane to a bill that deals only with voter registration procedures (65 S.J. Reg. 953 (1977)).

61

Rule 7.15
_____

An amendment that grants a surface owner of property a prior right of purchase if the mineral interest in the property when property taxes are delinquent is not germane to a bill that prescribes the method of valuation of certain mineral interests for tax purposes (65 S.J. Reg. 1024 (1977)).

An amendment granting general ordinance making authority to counties is not germane to a bill that only authorizes counties to enact ordinances prohibiting nudist colonies (65 S.J. Reg. 1320 (1977)).

An amendment that authorizes insurance reimbursement of the services of an optometrist is not germane to a bill that authorizes such reimbursement for the services of a psychologist (65 S.J. Reg. 1617 (1977)).

An amendment requiring affiliation with a political party in order to vote in a primary election is not germane to a bill consolidating the voter registration and election duties of county clerks and tax assessor-collectors (65 S.J. Reg. 2211 (1977)).

An amendment providing for the expiration of an act relating to tuition grants is not germane to a bill that only modifies eligibility requirements for such a grant (66 S.J. Reg. 435 (1979)).

An amendment that requires the public utility commission to redetermine electric utility rates and specifies a method for such determination is not germane to a bill that grants the commission exclusive jurisdiction over such rates (66 S.J. Reg. 1132 (1979)).

An amendment authorizing disannexation and municipal incorporation of territory under certain circumstances is not germane to a bill limiting the municipal boundaries of coastal cities (67 S.J. Reg. 1674 (1981)).

62

An amendment prohibiting certain psychiatric or psychological examinations of students is not germane to a bill that only specifies methods of funding skills tests in public schools (67 S.J. Reg. 1900 (1981)).

An amendment requiring continuation of health insurance coverage of dependents is not germane to a bill that relates to the filing and approval requirements for insurance policies, contracts, and forms (69 S.J. Reg. 1381 (1985)).

An amendment that establishes a state employee grievance procedure is not germane to a bill that establishes a state employee incentive program (69 S.J. Reg. 2127 (1985)).

An amendment to change an election date prescribed in one joint resolution is not germane to a different resolution (70 S.J. Reg. 2436 (1987)).

An amendment to exempt certain corporations from the franchise tax is not germane to a bill that specifies methods for calculating franchise tax liability (70 S.J. Reg. 2486 (1987)).

An amendment granting the banking commissioner regulatory authority over perpetual care cemeteries is not germane to a bill exempting certain nonprofit cemetery associations from capital stock requirements applicable to perpetual care cemeteries (71 S.J. Reg. 2046 (1989)).

An amendment requesting the Congress to propose a constitutional amendment providing for an elected federal judiciary is not germane to a resolution requesting the Congress to propose a constitutional amendment relating to flag desecration (71 S.J. 1 C.S. 240 (1989)).

An amendment providing for a state ethics commission is not germane to a joint resolution relating to compensation of members of the Legislature (71 S.J. 6 C.S. 84 (1990)).

Rule 7.15

An amendment restricting the county of residence of a parolee is not germane to a bill prohibiting the interstate transfer of parolees convicted of certain offenses (72 S.J. Reg. 1575 (1991)).

An amendment that applies to a class of governmental entities limited by population criteria is not germane to a bill that relates to a class of governmental entities limited by different population criteria (72 S.J. Reg. 1979 (1991)).

An amendment that specifies the salary and benefits of certain deputy sheriffs is not germane to a bill that relates only to the frequency of salary payments of certain county officers (72 S.J. Reg. 2036 (1991)).

An amendment relating to registration requirements and permissible locations of family residential child care facilities is not germane to a bill relating to child care services provided only to state employees (72 S.J. Reg. 2472 (1991)).

An amendment requiring annual registration of motor vehicle repair facilities that generate hazardous waste is not germane to a bill relating to the fees imposed on producers of industrial solid waste and hazardous waste and operators of hazardous waste management facilities (72 S.J. Reg. 2732 (1991)).

An amendment that would prohibit a personal income tax during a period in which a state lottery is authorized is not germane to a joint resolution proposing a constitutional amendment authorizing a state lottery (72 S.J. 1 C.S. 653 (1991)).

An amendment that classifies mountain lions as game animals and specifies conditions under which they may be killed is not germane to a bill that changes the category of animals that are permitted to be killed for bounty (73 S.J. Reg. 915 (1993)).

64

An amendment which imposes liability on a county for the county's costs of certain enforcement actions is not germane to a bill which specifies powers and duties of a commissioners court (73 S.J. Reg. 2962 (1993)).

An amendment that authorizes maintenance payments to a divorcing spouse who lacks means of self-support is germane to a bill relating to public assistance and programs to assist needy individuals in becoming self-dependent (74 S.J. Reg. 1265 (1995)).

## AMENDMENTS TO TAX BILLS OR SUNSET BILLS

**Rule 7.16.**  No amendment shall be considered to any tax bill or sunset bill on second reading unless the subject matter it entails has been discussed at a Senate committee meeting at which the bill was heard.

### Editorial Note

If an amendment is challenged under Rule 7.16, the burden of proving compliance with the rule lies with the member offering the amendment.

## MOTION TO PASS A BILL TO SECOND READING
## IS NOT NECESSARY

**Rule 7.17.**  No motion is necessary to pass a bill to its second reading.  The main question on the second reading of the bill shall be, if a Senate bill, "Shall this bill be engrossed and passed to a third reading?" and if it be a House bill, "Shall this bill pass to a third reading?"

### Note of Ruling

A motion to pass to third reading a bill not pending before the Senate is not in order (45 S.J. Reg. 1231 (1937)).

Rule 7.18
_____

### READING OF BILL ON THREE SEVERAL DAYS

**Rule 7.18.** No bill shall have the force of a law until it has been read on three several days in each House and free discussion allowed thereon; four-fifths of the House in which the bill may be pending may suspend this rule, the yeas and nays being taken on the question of suspension and entered upon the journals. (Constitution, Article III, Section 32)

#### Editorial Notes

"Four-fifths of the Senate" means four-fifths of the members present and voting, provided a quorum is present.

"Four-fifths of the House in which the bill may be pending" has been interpreted repeatedly to mean four-fifths of all of the Senators present and voting, a quorum being present.

#### Notes of Rulings

Only four-fifths of those present are required to suspend constitutional rule requiring bills to be read on three several days (42 S.J. Reg. 253 (1931)).

A motion to suspend the constitutional rule and Senate Rule 7.18 requiring bills to be read on three several days may be made although the same motion has been made and defeated on the same bill on the same legislative day (55 S.J. Reg. 1561 (1957)).

A motion to suspend the three-day rule is not debatable (68 S.J. Reg. 1922 (1983)).

66

## ADOPTION OF AMENDMENT ON THIRD READING

**Rule 7.19.**  No amendment shall be adopted at the third reading of a bill without the consent of two-thirds of the members present.

## LIMITATIONS ON APPROPRIATIONS BILLS

**Rule 7.20.**  Unless within the authority of a resolution or resolutions adopted pursuant to Article VIII, Section 22(b), of the Constitution, it is not in order for the Senate to consider for final passage on third reading, on motion to concur in House amendments, or on motion to adopt a conference committee report a bill appropriating funds from the State Treasury in an amount that, when added to amounts previously appropriated by bills finally passed by both Houses and sent to the comptroller or due to be sent to the comptroller, would exceed the limit on appropriations established under Subchapter A, Chapter 316, Government Code.

## HOUSE AMENDMENTS TO SENATE BILLS

**Rule 7.21.**  If a Senate bill is returned with House amendments, all House amendments must be printed and a copy furnished to each member at least 48 hours prior to a motion to concur prior to the last 72 hours of a regular session, and 24 hours prior to a motion to concur during a called session or the last 72 hours of a regular session.

### Notes of Rulings

A point of order raised by Senator Caldwell against a report of conference committee on the ground that the House amendments to the bill (S.B. 147) constituted a complete substitute bill and should therefore take the course of a newly received House bill in the Senate was overruled (36 S.J. Reg. 1023 (1919)).

House amendments to a Senate bill are not required to have been printed and laid on Senators' desks for 24 hours prior to a motion to not concur and request appointment of a conference committee (67 S.J. Reg. 2032 (1981); 71 S.J. Reg. 2558 (1989)).

## DEFEATED BILL

**Rule 7.22.**  After a bill has been considered and defeated by either branch of the Legislature, no bill containing the same substance shall be passed into a law during the same session.  (Constitution, Article III, Section 34)

### Editorial Note

For an exhaustive ruling by Lieutenant Governor Stevenson on the effect on other bills on the same subject of the defeat of one bill on that subject, see 46 S.J. Reg. 666-671 (1939).

### Notes of Rulings

Defeat of an amendment containing same substance as a bill does not prevent consideration of the bill (35 S.J. Reg. 915 (1917)).

A joint resolution containing same substance as one that fails to pass in the House may be considered and passed by Senate (35 S.J. Reg. 1140-1148 (1917)).

Defeat of a House bill in the House does not necessarily make an amendment having the same effect as the bill out of order in the Senate (42 S.J. Reg. 1565 (1931)).

Consideration of a bill to create a textbook committee is not in order after the House has defeated a bill containing same substance (48 S.J. Reg. 873 (1943)).

### SIGNING OF BILLS AND RESOLUTIONS BY PRESIDING OFFICER

**Rule 7.23.** The President of the Senate or the presiding officer shall, in the presence of the Senate, sign all bills and joint resolutions passed by the Legislature. The titles of all such bills and resolutions shall be publicly read, and the fact of the signing shall be entered on the journal. (Constitution, Article III, Section 38)

### DEADLINE FOR REPORT

**Rule 7.24.** (a) No bill shall be considered, unless it has been first referred to a committee and reported thereon, and no bill shall be passed which has not been presented and referred to and reported from a committee at least three days before the final adjournment of the Legislature. (Constitution, Article III, Section 37)

(b) No bill shall be passed which has not been presented and referred to and reported from a Senate committee at least three days before the final adjournment of the Legislature. It shall require a vote of four-fifths of the members present to suspend this rule.

### LIMITATION ON VOTE

**Rule 7.25.** No vote shall be taken upon the passage of any bill on its third reading after the 135th calendar day of a regular session, nor for any purpose within the last 24 hours of the session unless it be to correct an error therein. It shall require a vote of four-fifths of members present to suspend this rule.

#### Note of Ruling

The 24-hour rule that prohibits a vote on a bill during the last 24 hours of a session of the Legislature makes further consideration and debate of the bill out of order when the 24th hour before final adjournment has arrived (44 S.J. Reg. 1819 (1935)).

Rule 8.01

# ARTICLE VIII
## PETITIONS AND RESOLUTIONS

## PROCEDURAL RULES

**Rule 8.01.** Every resolution that requires the approval of the Governor shall be subject to the rules that govern the proceedings on bills.

### Editorial Notes

Due to the special provision in the Constitution excepting resolutions relating to adjournment and to another special provision making it the duty of each House to adopt its own rules of procedure, concurrent resolutions relating to adjournment, and probably those adopting or suspending joint rules or relating to legislative procedure do not require the approval of the Governor.

Joint resolutions proposing amendments to the State Constitution do not require the Governor's approval.

### Notes of Rulings

An appropriation cannot be made by resolution (45 S.J. Reg. 570 (1937)).

A resolution attempting to amend a general law is not in order (45 S.J. 1 C.S. 101 (1937)).

### REFERRAL TO COMMITTEE

**Rule 8.02.** Petitions, concurrent and joint resolutions, and resolutions setting or defining legislative or state policy or amending the Senate Rules shall be referred to an appropriate standing committee when introduced and shall not be considered immediately unless the Senate so directs by a two-thirds vote of the members present. The motion to consider such petition or resolution immediately is not debatable.

### Editorial Note

A Senate or a concurrent resolution providing for a rule suspension or the carrying out of a particular procedure authorized by the rules is usually regarded as privileged and is considered when introduced without a vote being taken to consider immediately. (See also note of ruling following Rule 6.10.)

### Notes of Rulings

Senate resolution that reflects on member of House may not be considered by Senate (35 S.J. 3 C.S. 1002 (1917)).

A Senate resolution which does not require the approval of both Houses may be adopted at a special session, although it relates to a subject not submitted by the Governor (41 S.J. 3 C.S. 15 (1929)).

The only changes that can be made in a bill by resolution are corrections of typographical or clerical errors (43 S.J. Reg. 1946 (1933)). A House concurrent resolution which has been referred to a Senate standing committee during a called session, may, under a suspension of rules, be taken up and considered and adopted although no report on it has ever been submitted by the chairman of the committee to which it was referred. (See procedure had on H.C.R. 5, 51 S.J. 1 C.S. 114 (1950)).

A motion to suspend the regular order of business to consider a resolution immediately is not debatable (54 S.J. Reg. 1433 (1955)).

A motion to take up and consider a resolution is not debatable but a limited explanation of the resolution to which the motion applies is permissible (55 S.J. Reg. 1596 (1957)).

71

A corrective resolution that seeks to correct a wrong section reference in a bill does not change the language or meaning of the bill (61 S.J. Reg. 1873 (1969)).

A congratulatory resolution when offered is not debatable and therefore may be considered immediately or referred to a committee by the presiding officer of the Senate (61 S.J. 1 C.S. 124 (1969)).

A resolution on which Senate rules have been suspended for consideration thereof does not have to be referred to and considered by a committee (62 S.J. 3 C.S. 125 (1972)).

## CONGRATULATORY, MEMORIAL, AND COURTESY RESOLUTIONS

**Rule 8.03.** Congratulatory and memorial petitions and resolutions, after a brief explanation by the author or sponsor, shall be considered immediately without debate unless otherwise ordered by a majority of the members present. Upon request by any member, the presiding officer shall, at an appropriate time during the proceedings, recognize guests of such member in the Senate Chamber or gallery. Any member may request and the Secretary of the Senate shall provide a maximum of five copies of a courtesy recognition certificate for each person or group so recognized by the presiding officer.

### Note of Ruling

A congratulatory resolution when offered is not debatable and therefore may be considered immediately or referred to a committee by the presiding officer of the Senate (61 S.J. 1 C.S. 124 (1969)).

### DEFEATED RESOLUTION

**Rule 8.04.** After a resolution has been considered and defeated by either branch of the Legislature, no resolution containing the same substance shall be passed into a law during the same session. (Constitution, Article III, Section 34) See note to Rule 7.22.

72

# ARTICLE IX
## LOCAL BILLS

### DEFINITION OF LOCAL BILL

**Rule 9.01.** (a)  Neither the Senate nor a committee of the Senate may consider a local bill unless notice of intention to apply for the passage of the bill was published as provided by law and evidence of the publication was attached to the bill at the time of introduction.

(b)  Except as provided by Subsection (c) of this rule, "local bill" for purposes of this article means:

(1)  a bill for which publication of notice is required under Article XVI, Section 59, of the Texas Constitution (water districts, etc.);

(2)  a bill for which publication of notice is required under Article IX, Section 9, of the Texas Constitution (hospital districts);

(3)  a bill relating to hunting, fishing, or conservation of wildlife resources of a specified locality;

(4)  a bill creating or affecting a county court or statutory court or courts of one or more specified counties or municipalities;

(5)  a bill creating or affecting the juvenile board or boards of a specified county or counties; or

(6)  a bill creating or affecting a road utility district under the authority of Article III, Section 52, of the Texas Constitution.

(c)  A bill is not considered to be a local bill under Subsection (b)(3), (4), or (5) of this rule if it affects a sufficient number of localities, counties, or municipalities so as to be of general application or of statewide importance.

73

Rule 9.02

## INTRODUCTION AND CONSIDERATION
## OF LOCAL BILLS

**Rule 9.02.** The constitutional procedure with reference to the introduction, reference to a committee, and the consideration of bills set forth in Article III, Section 5, of the Texas Constitution, shall not apply to local bills herein defined, and the same may be introduced, referred, reported, and acted upon at any time under the general rules and order of business of the Senate.

### LOCAL AND UNCONTESTED CALENDAR

**Rule 9.03.** (a) At times designated by the Senate, the Senate shall meet in session to consider local and uncontested bills and resolutions listed on a calendar certified by the Administration Committee.

(b) The calendar must be furnished to each member of the Senate no later than noon of the day preceding the session at which the legislation on the calendar is to be considered.

(c) A bill or resolution may not be considered if any two or more members of the Senate object in writing before the bill or resolution is laid out for passage on the local calendar or if an amendment is offered other than from the committee reporting the bill or resolution.

(d) The bills and resolutions shall be considered on second and/or third reading in the order in which they are listed on the calendar, and no motion to suspend the regular order of business is required.

### REFERRAL TO ADMINISTRATION COMMITTEE

**Rule 9.04.** (a) All local and uncontested bills and resolutions shall be referred to the Administration Committee for consideration on the Local and Uncontested Calendar.

(b) Rule 11.09, Quorum of Committee, shall not apply to the Administration Committee when it is meeting for the specific and limited purpose of preparing and certifying the local calendar.

74

Rule 9.04

(c) The Chair of the Administration Committee may appoint a subcommittee consisting of not less than three members to prepare and certify the Local and Uncontested Calendar.

(d) The Administration Committee may set a time after which application for placement on the Local and Uncontested Calendar may not be accepted.

## BILLS AND RESOLUTIONS NOT QUALIFIED FOR CONSIDERATION ON THE LOCAL AND UNCONTESTED CALENDAR

**Rule 9.05.** The Administration Committee may not consider a bill or resolution for placement on the Local and Uncontested Calendar unless:

(1) the sponsor of the bill or resolution applies for placement on the Local and Uncontested Calendar and submits sufficient copies of the bill or resolution as determined by the Administration Committee; and

(2) the chair of the committee from which the bill or resolution was reported submits a written request for the placement on the Local and Uncontested Calendar.

## BILLS AND RESOLUTIONS PROHIBITED FROM PLACEMENT ON THE LOCAL AND UNCONTESTED CALENDAR

**Rule 9.06.** The Administration Committee may not place a bill or resolution on the Local and Uncontested Calendar if it:

(1) creates a new department or subdivision of a department unless the bill or resolution is purely local in nature and does not require the expenditure of state funds; or

(2) contains an appropriation; or

(3) is contested.

75

Rule 9.07

## SUSPENSION OF LOCAL CALENDAR RULES

**Rule 9.07.** No provision of the Local Calendar Rules may be suspended except by the unanimous consent of the members present.

## ARTICLE X
## AMENDMENTS TO THE CONSTITUTION

### JOINT RESOLUTIONS SUBJECT TO RULES GOVERNING BILLS

**Rule 10.01.** Joint resolutions proposing amendments to the Constitution shall be subject to rules that govern the proceedings on bills. They shall, in all cases, be read on three several days.

### VOTES REQUIRED TO AMEND ON THIRD READING AND
### TO PASS CONSTITUTIONAL AMENDMENTS

**Rule 10.02.** Amendments on third reading to joint resolutions proposing constitutional amendments shall require an affirmative vote of two-thirds of the members present. Final passage shall require a vote of two-thirds of the members elected to the Senate. (Constitution, Article XVII, Section 1)

#### Editorial Note

The opinion of Attorney General Cureton, dated May 17, 1913, relative to the validity of an appropriation section in a joint resolution and to the mode and manner of amending the Constitution, holds that Section 1 of Article XVII of the Constitution provides a complete formula for proposal of constitutional amendments and that any rule or resolution attempting to limit, add to, or modify that formula is null and void.

76

### Note of Ruling

A joint resolution that receives a vote of two-thirds of all the members of the Senate on being read second time is not finally passed by the Senate and must take the full course of a bill (44 S.J. Reg. 670 (1935)).

## FAILURE OF JOINT RESOLUTION TO BE ADOPTED ON THIRD READING

**Rule 10.03.** When a joint resolution has failed adoption on third reading, it shall not be considered again during that session.

## ARTICLE XI
## COMMITTEES

## APPOINTMENT OF COMMITTEES

**Rule 11.01.** All committees and standing subcommittees shall be appointed by the President of the Senate, unless otherwise directed by the Senate.

## LIST OF STANDING COMMITTEES

**Rule 11.02.** At the beginning of each regular session, the President shall appoint the following standing committees with the number of members indicated:

## STANDING COMMITTEES

(1)  Committee on Administration (7 members)

(2)  Committee on Business and Commerce (9 members)

(3)  Committee on Criminal Justice (7 members)

(4)  Committee on Education (9 members)

Rule 11.02

(5)  Committee on Finance (15 members)

(6)  Committee on Government Organization (7 members)

(7)  Committee on Health and Human Services (9 members)

(8)  Committee on Intergovernmental Relations (5 members)

(9)  Committee on International Relations and Trade (7 members)

(10)  Committee on Jurisprudence (7 members)

(11)  Committee on Natural Resources (11 members)

(12)  Committee on Nominations (7 members)

(13)  Committee on State Affairs (9 members)

(14)  Committee on Transportation and Homeland Security (9 members)

(15)  Committee on Veteran Affairs and Military Installations (5 members)

## SPECIAL COMMITTEES

**Rule 11.03.**  (a)  The President may appoint special committees and may appoint standing subcommittees within committees including subcommittees of the Committee of the Whole Senate.  The number of members of these committees and subcommittees shall be determined by the President.

(b)  A special committee has the jurisdiction, authority, and duties and exists for the period of time specified in the charge of the President.  A special committee has the powers granted by these rules to a standing committee except as limited by the charge of the President.

(c) The President may direct that a subcommittee of the Whole Senate appointed under this rule report directly to the Senate concerning any matter within its jurisdiction.

## CHAIR AND VICE-CHAIR OF STANDING COMMITTEES AND STANDING SUBCOMMITTEES

**Rule 11.04.** The President shall designate the chair and vice-chair of each standing committee and of each standing subcommittee appointed by the President.

## APPOINTMENT OF SUBCOMMITTEES WITHIN A STANDING COMMITTEE

**Rule 11.05.** The chair of a standing committee may appoint subcommittees within a standing committee as the chair deems necessary to accomplish the work of the committee.

## RECOMMENDATIONS OF COMMITTEES

**Rule 11.06.** All reports of standing committees shall be advisory only, except that a recommendation in a report that a bill which is a local bill be not printed shall be effective as an order of the Senate that the bill be not printed. A recommendation in a report that a bill which is a general bill be not printed shall be advisory only, and the bill shall nevertheless be printed unless the Senate on the same day or the next legislative day orders the bill not printed, as provided in Rule 7.12.

### Notes of Rulings

A motion to recommit a bill is a proper substitute motion for a motion to not print a bill (55 S.J. Reg. 1546 (1957)).

A motion to instruct a committee to report a bill favorably within a specified time is not in order (65 S.J. Reg. 959 (1977)).

### RULES GOVERNING COMMITTEE PROCEDURES

**Rule 11.07.** (a) At its initial meeting each committee and subcommittee shall adopt permanent rules governing its procedures.

Rule 11.07

(b)  Where applicable the rules of the Senate apply to committee proceedings, and a Senate rule prevails over a conflicting committee rule.

(c)  Committee rules must include but are not limited to provisions governing written records of attendance, lack of a quorum, records of meetings, bill referral, bill setting, order of hearing bills, public hearings, subcommittee reports, minority reports, time limits on debate, and provisions for news coverage.

### RECORD OF COMMITTEE ATTENDANCE

**Rule 11.08.**  At all meetings of the Senate committees, the chair shall call the roll of the members and cause to be made a record of those present and the absentees, together with the excuses, if any, of such absentees.

### QUORUM OF COMMITTEE

**Rule 11.09.**  A majority of any committee shall constitute a quorum, and no action shall be taken upon any bill in the absence of a quorum.  At any stated meeting of the committee, if a roll call discloses lack of a quorum, the members present may order the names of the unexcused absentees turned over to the Sergeant-at-Arms of the Senate whose duty it shall be to secure promptly the attendance of such absent members.  The Sergeant-at-Arms shall have the same authority conferred on him or her under the rules of the Senate as when the Senate is operating under a call.

### PUBLIC NOTICE OF COMMITTEE MEETINGS

**Rule 11.10.**  (a)  No committee or subcommittee, except a conference committee, shall meet without at least 24 hours public notice.

(b)  Each committee and subcommittee shall meet regularly at an established time and place and shall give public notice at least 24 hours in advance for special meetings.

(c)  The chair of each committee and subcommittee shall notify the Secretary of the Senate immediately after the time and place for a committee meeting has been fixed or a meeting has been cancelled.  The Secretary shall post notice of the time and place of the meeting on a bulletin board located outside the Secretary of the Senate's office.

80

### Note of Ruling

A motion to suspend "the posting rule" for the purpose of allowing a committee to conduct a public hearing on a bill at a time and place stated in the motion is sufficient for suspension of both Rule 11.10 and Rule 11.18 (74 S.J. Reg. 3029-3032 (1995)).

## MINUTES OF COMMITTEE MEETINGS

**Rule 11.11.** (a) The chair of each committee and subcommittee shall keep or cause to be kept under the chair's direction an accurate record of the proceedings of his or her committee, and the same shall be open for inspection to any member of the Legislature and to the public. Each committee meeting shall be recorded on magnetic tape.

(b) Each standing committee and subcommittee shall employ a committee clerk and, as determined by the Administration Committee, other staff necessary to coordinate and record the activities of the committee. Such committee clerks, staff, or any employee shall in no way be related to any member of the current Texas Legislature or be related to the person with the power of appointment for that position.

(c) It shall be the duty of the committee clerk, with the assistance of other committee staff members, to keep a permanent, accurate written record of committee proceedings and to transcribe the magnetic tape recordings of committee hearings as ordered by the committee or subcommittee. It shall be the responsibility of the committee clerk to see that one copy of the transcript of proceedings and one copy of the permanent record be kept in the committee files, one copy of each be given to the Secretary of the Senate, and three copies of each be placed in the Legislative Reference Library. Such records shall be a matter of public record.

(d) A copy of the record or minutes of each committee meeting must be filed with the Secretary of the Senate not later than seven days after the day on which the meeting was held.

### Notes of Ruling

A report on a bill that was considered at a committee meeting at which a quorum of the committee was not present (as

81

Rule 11.11

shown by the minutes of the committee) may not be received by the Senate (46 S.J. Reg. 1548 (1939)).

See also fourth note of ruling under Rule 11.12.

## COMMITTEE REPORTS

**Rule 11.12.** (a)  The chair of a committee shall sign and file with the Secretary of the Senate a written report showing the committee's final action on bills and resolutions considered by the committee. In the chair's absence the vice-chair shall sign and file the report.

(b)  The report must be filed with the Secretary of the Senate within three calendar days after the final action is taken, Sundays and days the Senate is not in session excluded. If the report is not filed within the three-day limit, three members of the committee who were present when the final action was taken may file the report without the signature of the chair or vice-chair.

(c)  The Secretary of the Senate shall note the date and time the report was filed and forward the report to be printed in compliance with Rule 7.12.

(d)  The committee report and the official committee minutes are sufficient to determine whether the committee report accurately reflects the action of the committee. The President may consider any other documents or information deemed necessary to the determination.

### Notes of Rulings

A committee report properly signed, submitted, and received is conclusive as to its contents (42 S.J. 1 C.S. 718 (1931)). (See also note of ruling following Rule 11.13.)

82

The chair may not go behind a committee report to ascertain if proceedings in the committee were regular (42 S.J. Reg. 1564, 1693 (1931)).

Point of order as to validity of committee's action on bill may be made when bill is not before Senate for immediate consideration (49 S.J. Reg. 347 (1945)).

For an instance when the chair refused to go behind a committee report and official committee minutes to determine whether the committee report accurately reflected the action of the committee, see 73 S.J. Reg. 1073 (1993); 74 S.J. Reg. 2458 (1995).

## CONSIDERATION OF BILLS IN COMMITTEES

**Rule 11.13.** Subject to Rule 7.24 and 7.25, it shall be in order for committees to consider bills and resolutions at any time during the session, make reports thereon, and file the same with the Senate; provided, however, that no Senate committee or conference committee may meet while the Senate is meeting, except by unanimous consent of the members present.

### Note of Ruling

In absence of a Senate rule or resolution suspending it, the suspension of Section 5 of Article III relating to consideration of bills in committee requires separate vote for each bill (42 S.J. Reg. 167 (1931)).

## CONSIDERATION OF HOUSE BILLS

**Rule 11.14.** (a) The Senate sponsor of a House measure shall be determined by the chair of the committee, in consultation with the House author of the measure.

(b) It shall be the duty of each committee of the Senate when there has been referred to it or is before it for consideration a Senate bill and a House bill containing the same subject to consider first and report upon the House bill.

83

Rule 11.15

## VOTES OF COMMITTEE REQUIRED TO
## REPORT FAVORABLY

**Rule 11.15.** No bill or resolution shall be reported favorably unless it has received the affirmative vote of a majority of the membership of the committee to which it was referred, except as provided in Rule 11.17.

## UNFAVORABLE VOTE OF COMMITTEE

**Rule 11.16.** When a motion to report a bill or resolution unfavorably receives the affirmative vote of a majority of the members of the committee to which it was referred, except as provided in Rule 11.17, the bill or resolution is dead.

## MINORITY REPORTS

**Rule 11.17.** (a) If a motion to report a bill or resolution unfavorably receives an affirmative vote of a majority of the members of a committee, a favorable minority report may be made. The minority report must be signed by three members of the committee if the committee is composed of less than 11 members or four members if the committee has 11 or more members. The members signing the report must have been present and voted against the motion to report unfavorably.

(b) The minority report must be filed with the Secretary of the Senate within two calendar days after the vote was taken, Sundays and days the Senate is not in session excluded.

(c) The sponsor of a bill or resolution for which a minority report is filed or a member signing the minority report must move to have the bill or resolution placed on the calendar within 10 calendar days after the date on which the committee's vote was taken. An affirmative vote of two-thirds of the members present is required for the motion to carry. If the motion fails or is not made within

84

the time allowed, the bill or resolution is dead and may not be considered again during the session.

### Note of Ruling

Bills reported adversely but with a favorable minority report are not to be printed except on an order of the Senate (38 S.J. Reg. 646 (1923)).

### PUBLIC HEARINGS

**Rule 11.18.** (a) No bill may be reported to the Senate before it has been the subject of an open public hearing before a committee or subcommittee. Notice of the hearing on the bill must be posted in a public place at least 24 hours before the hearing is to begin. The chair shall afford reasonable opportunity to interested parties to appear and testify at the hearing.

(b) The chair shall require all parties appearing at the hearing to swear or affirm that the testimony they give to the committee or subcommittee is true and correct.

(c) Any Senator, including one who is not a member of the committee, may question a witness at a hearing. This right shall not be construed to abridge the chair's right to provide others an opportunity to be heard or to entitle any Senator more rights than those afforded a member of the committee.

(d) When possible a person registered as a lobbyist and representing a client's interest at a public hearing shall submit a written statement of his or her presentation to the committee clerk for inclusion in the permanent record of the meeting.

(e) By majority vote a committee may fix the order of appearance and time allotted for each witness at a public hearing.

Rule 11.18

### Notes of Rulings

Consideration of a bill is out of order if it has not been afforded a public hearing in compliance with rules of the Senate (68 S.J. Reg. 1931 (1983)).

A motion to suspend "the posting rule" for the purpose of allowing a committee to conduct a public hearing on a bill at a time and place stated in the motion is sufficient for suspension of both Rule 11.10 and Rule 11.18 (74 S.J. Reg. 3029-3032 (1995)).

### PRIVILEGED NOTICE OF HEARING ON SPECIFIC BILLS (TAG RULE)

**Rule 11.19.** (a) Except as provided in Subsection (d) of this rule, upon the presentation of a written request to the Secretary of the Senate on a form provided by the Secretary, a Senator shall receive at least 48 hours advance written notice of the time and place set for a public hearing on a specific bill or resolution which has been referred to a Senate committee.

(b) If the bill or resolution is on the agenda of a committee and the committee meeting has already begun to consider matters on the agenda, the request shall be presented to the chair of the committee rather than the Secretary of the Senate, and the chair shall note the time of the receipt of the request on the request form and immediately deliver the form to the Secretary. After receipt of the request by the chair, the bill shall not be laid before the committee until notice is delivered to the Senator in accordance with this rule.

(c) If requests are filed simultaneously by more than one Senator, each Senator is entitled to advance notice in compliance with this rule.

(d) A Senator is not entitled to advance notice of the time and place set for a public hearing on a bill or resolution if:

(1) the time and place for a hearing on the bill has been publicly posted for a period of 72 hours and the Senate has been in session at any time during the first 24 hours of the 72-hour period;

86

(2)  at the request of the chair of the committee or subcommittee to which the bill is referred, the Secretary of the Senate notifies each Senator in writing of the time and place for the hearing on the bill at least 48 hours before the hearing begins;

(3)  the bill has been laid before a committee or subcommittee for consideration in a public hearing at which an opportunity to appear and address the subject matter of the bill or resolution was or is afforded to interested parties; or

(4)  another Senator has previously presented a similar request to the Secretary or the chair and the bill or resolution has been set for public hearing in compliance with that request.

(e)  Upon receipt of written request for advance notice of a hearing, the Secretary of the Senate shall:

(1)  immediately inform the chair or in the absence of the chair the vice-chair of the request;

(2)  note the time and date of receipt on the request and file a copy of the request for public inspection;

(3)  attach a copy of the request to the bill or resolution to which it applies.

(f)  The chair of the committee, upon posting a bill or resolution for public hearing in compliance with a request under this rule, shall give written notice to the Secretary of the Senate and the Senator requesting notice of the time and place fixed for the hearing on the bill or resolution.

(g)  Notice delivered to the office of the Senator requesting 48 hours advance notice shall constitute official notice to that Senator:

(1)  if that notice is delivered by the office of the Secretary of the Senate between the hours of 8:00 a.m. and 5:00 p.m. during days in which the Senate is convened; or

Rule 11.19

(2) if delivery of the notice to the Senator's office is acknowledged in writing by the Senator or by a member of his or her staff at the time of delivery as to date and hour.

(h)  If a Senator withdraws a request for advance notice of a hearing on a bill or resolution, a subsequently filed request by another Senator shall be honored unless a hearing on the bill has already been posted in response to the first request.

(i)  The President of the Senate shall ascertain the facts concerning the giving of a notice of a committee hearing on a bill, and the President's ruling as to the sufficiency of the notice based on the facts as ascertained by the President is the final determination of that point when no appeal from the ruling is made.

(j)  If the provisions for requesting 48 hours advance notice before hearing of a Senate bill have been properly fulfilled and a House bill containing the same subject is before the committee, the House bill is considered to require the same 48 hours notice before hearing.

### Notes of Rulings

A motion to suspend Senate Rule 11.19 for the purpose of permitting a hearing on a bill without giving a 48-hour notice to a member who has requested it is not debatable (46 S.J. Reg. 1509 (1939)).

The committee's action on a bill at a meeting held without proper 48-hour notice to a member who has properly requested it is in violation of Senate Rule 11.19 [and void]. (Ruling sustained by vote of 13 to 12.) (49 S.J. Reg. 347, 358-359 (1945)).

Re-reference of bill from one committee to another does not vitiate a written request of a member to the chairman of the first committee for a public hearing on the bill and a 48-hour notice of the hearing, and the request goes with the bill to the chairman of the committee to which the bill is re-referred and is binding on him. (Ruling sustained by vote of 13 to 12.) (49 S.J. Reg. 347, 358-359 (1945)).

88

A Senator who has participated in a committee's action on a bill may not, when the bill is before the Senate, object for the first time that the committee hearing violated Rule 11.19 (tag rule) (70 S.J. Reg. 2167 (1987)).

## SUBPOENA AND PROCESS

**Rule 11.20.** (a) By a record vote of not less than two-thirds of its members, a standing committee of the Senate may issue process to compel the attendance of a witness or to compel a person, agency, or corporation to produce any book, record, document, or other evidence in his, her, or its possession and control before a proceeding of the committee. The committee chair shall issue the subpoena or other process authorized by this rule in the name of the committee, and the subpoena must contain the following information:

    (1) a statement of the reason the committee is requesting the appearance of a person or the reason the committee is requesting the production of documents;

    (2) the name, address, and title or position of the person requested to appear;

    (3) the specific document or documents being requested; and

    (4) the specific time and place that the person is to appear or the specific place and time the documents are to be produced.

    (b) A committee chair may summon the governing board or other representatives of a state agency to appear and testify before the committee without issuing process under Subsection (a). The summons may be communicated in writing, orally, or electronically.

    (c) Except as provided by this rule, the provisions of Sections 301.024, 301.025, 301.026, and 301.027, Government Code, apply to a subpoena or other process issued under this rule.

# ARTICLE XII
## CONFERENCE COMMITTEES

### APPOINTMENT OF CONFERENCE COMMITTEES

**Rule 12.01.** All conference committees of the Senate shall be selected and appointed by the President or the President Pro Tempore when the latter shall be presiding. The member authoring or sponsoring the bill for which the conference committee is selected shall be appointed chair of the Senate conferees. At least two of the Senate conferees must be from a standing committee which heard the bill.

#### Notes of Rulings

It is permissible to concur in one House amendment to a Senate bill and to not concur in others and request a conference committee as to those amendments only (63 S.J. Reg. 1657 (1973)).

A conference committee report is out of order if the composition of the conference committee did not comply with Rule 12.01 (66 S.J. Reg. 1873 (1979)).

The composition of a conference committee is within the discretion of the President to the extent that Senate rules do not otherwise provide (71 S.J. 2 C.S. 271-272 (1989)).

### INSTRUCTIONS TO CONFERENCE COMMITTEES

**Rule 12.02.** Immediately after the Senate decides that any matter shall be submitted to a conference committee, the presiding officer shall state "Are there any motions to instruct the conference committee before appointment?" The presiding officer shall thereupon recognize members to make such motions to instruct and the Senate shall proceed to consider all such motions until disposed of or limited under the provisions of Rule 6.09.

90

### Notes of Rulings

Senate conferees may not be instructed by resolution after they have been appointed and have commenced deliberations (43 S.J. Reg. 1684 (1933)).

See also annotations relating to Conference Reports in Appendix.

A conference committee report should not be ruled out on a point of order that instructions have been disobeyed. The members of the Senate decide the question by voting to accept or reject the conference committee report (64 S.J. Reg. 1666 (1975)).

## LIMITATIONS ON CONFERENCE COMMITTEE ACTIONS

**Rule 12.03.** Except as otherwise provided in this article, conference committees shall limit their discussions and their actions solely to the matters in disagreement between the two Houses. A conference committee shall have no authority with respect to any bill or resolution to:

(1) change, alter, or amend text which is not in disagreement;

(2) omit text which is not in disagreement;

(3) add text on any matter which is not in disagreement;

(4) add text on any matter which is not included in either the House or Senate version of the bill or resolution.

This rule shall be strictly construed by the presiding officer in each House to achieve the purposes hereof.

### Note of Ruling

Rule 12.03 does not prohibit a conference committee from adding text not in either the Senate or House version of a bill when

91

Rule 12.03 _____

the text added relates to a matter in disagreement between the two Houses (74 S.J. Reg. 3733-3734, 3740-3741 (1995)).

## CONFERENCE COMMITTEES ON APPROPRIATION BILLS

**Rule 12.04.** Conference committees on appropriation bills, like other conference committees, shall limit their discussions and their actions solely to the matters in disagreement between the two Houses. In addition to the limitations contained elsewhere in these rules, a conference committee on appropriation bills shall be strictly limited in its authority as follows:

(1) If an item of appropriation appears in both House and Senate versions of the bill, such items must be included in the conference report.

(2) If an item of appropriation appears in both House and Senate versions of the bill and in identical amounts, no change can be made in such item or the amount thereof.

(3) If an item of appropriation appears in both House and Senate versions of the bill but in different amounts, no change can be made in the item, but the amount thereof shall be at the discretion of the conference committee, provided that such amount shall not exceed the larger version and shall not be less than the smaller version.

(4) If an item of appropriation appears in one version of the bill and not in the other, such item can be included or omitted at the discretion of the conference committee. If the item is included, the amount thereof shall not exceed the sum specified in the version containing such item.

(5) If an item of appropriation appears in neither the House nor the Senate version of the bill, such item must not be included in the conference report. However, the conference committee report may include appropriations for purposes or programs authorized by bills that have been passed and sent to the Governor and may include contingent appropriations for purposes or programs authorized by bills that have been passed by at least one House.

This rule shall be strictly construed by the presiding officer in each House to achieve the purposes hereof.

92

## CONFERENCE COMMITTEES ON TAX BILLS

**Rule 12.05.** Conference committees on tax bills, like other conference committees, shall limit their discussions and their actions solely to the matters in disagreement between the two Houses. In addition to the limitations contained elsewhere in these rules, a conference committee on a tax bill shall be strictly limited in its authority as follows:

(1) If a tax item appears in both House and Senate versions of the bill, such item must be included in the conference report.

(2) If a tax item appears in both House and Senate versions of the bill and in identical form and with identical rates, no change can be made in such item or the rate therein provided.

(3) If a tax item appears in both House and Senate versions of the bill but at differing rates, no change can be made in the item, but the rate thereof shall be determined at the discretion of the conference committee, provided that such rate shall not exceed the higher version and shall not be less than the lower version.

(4) If a tax item appears in one version of the bill and not in the other, such item can be included or omitted at the discretion of the conference committee. If the item is included, the rate thereof shall not exceed the rate specified in the version containing such item.

(5) If a tax item appears in neither the House nor the Senate version of the bill, such item must not be included in the conference report.

This rule shall be strictly construed by the presiding officer in each House to achieve the purposes hereof.

## CONFERENCE COMMITTEES ON
## REAPPORTIONMENT BILLS

**Rule 12.06.** Conference committees on reapportionment bills, to the extent possible, shall limit their discussions and their actions to the matters in disagreement between the two Houses. Since the adjustment of one district in a reapportionment bill will inevitably affect other districts therein, the strict rule of construction imposed on

Rule 12.06

other conference committees must be relaxed somewhat when reapportionment bills are involved.  Accordingly, the following authority and limitations shall apply only to conference committees on reapportionment bills:

(1) If the matters in disagreement affect only certain districts and the other districts are identical in both House and Senate versions of the bill, the conference committee shall make adjustments only in those districts whose rearrangement is essential to the effective resolving of the matters in disagreement.  All other districts shall remain unchanged.

(2) If the matters in disagreement permeate the entire bill and affect most, if not all, of the districts therein, the conference committee shall have wide discretion in rearranging the districts to the extent necessary to resolve all differences between the two Houses.

(3) Insofar as the actual structure of the districts is concerned and only to that extent, the provisions of Senate Rule 12.03 shall not apply to conference committees on reapportionment bills.

## CONFERENCE COMMITTEES ON RECODIFICATION BILLS

**Rule 12.07.**  Conference committees on recodification bills, like other conference committees, shall limit their discussions and their actions solely to the matters in disagreement between the two Houses.  The comprehensive and complicated nature of recodification bills makes necessary the relaxing of the strict rule of construction imposed on other conference committees only to the following extent:

(1) If it develops in conference committee that material has been inadvertently included in both House and Senate versions which properly has no place in such recodification, such material may be omitted from the conference report, if by such omission the existing statute thereon is not repealed, altered, or amended.

(2) If it develops in conference committee that material has been inadvertently omitted from both the House and Senate versions which properly should be included if such recodification is to achieve its purposes of being all-inclusive of the statutes being recodified, such material may be added to the conference report, if by such

94

addition the existing statute is merely restated without substantive change in existing law.

## SUSPENSION OF CONFERENCE
## COMMITTEE RULES

**Rule 12.08.** Limitations imposed on certain conference committees by the provisions of Rules 12.03, 12.04, 12.05, 12.06, and 12.07 may be suspended, in part, by permission of the Senate to enable consideration of and action on a specific matter or matters which otherwise would be in violation thereof. Such permission shall be granted only by resolution passed by majority vote of the Senate, with yeas and nays thereon to be recorded in the journal of the Senate. Such resolution shall specify in detail:  (1) the exact nature of the matter or matters proposed to be considered; (2) the specific limitation or limitations to be suspended thereby; (3) the specific action contemplated by the conference committee thereon; and (4) except for a resolution suspending the limitations on the conferees for the general appropriations bill, the reasons why suspension of such limitations is being requested. In the application of this rule to appropriations bills, the resolution need not include changes in amounts resulting from a proposed salary plan or changes in format that do not affect the amount of an appropriation or the method of finance of an appropriation, but shall include a general statement describing the salary plan or format change. The resolution need not include differences in language which do not affect the substance of the bill.  Permission thus granted shall suspend such limitations only for the matter or matters clearly specified in the resolution, and action of the conference committee shall be in conformity therewith.

## PRINTING AND NOTICE OF CONFERENCE
## COMMITTEE REPORTS

**Rule 12.09.**   (a)   All conference committee reports on the general appropriations bill, tax bills, and reapportionment bills must be reproduced and a copy thereof furnished to each member at least 48 hours before any action thereon, if convened in regular session, and 24 hours, if convened in called session.

(b) All conference committee reports on other bills must be reproduced and a copy thereof furnished to each member at least 48 hours before any action thereon prior to the last 72 hours of a regular session, and 24 hours before any action thereon during a called session or the last 72 hours of a regular session.

95

Rule 12.10

## SECTION-BY-SECTION ANALYSIS

**Rule 12.10.** Each conference committee report, regardless of its subject matter, must have attached thereto a section-by-section analysis showing the disagreements which have been resolved by the conference committee. This analysis must show for each and every disagreement in parallel columns:  (1) the substance of the House version; (2) the substance of the Senate version; and (3) the substance of the recommendation by the conference committee.  No action shall be taken on any conference committee report in the absence of such analysis, except by an affirmative vote of two-thirds of the members present, with the yeas and nays thereon to be recorded in the journal.

## ENFORCEMENT BY PRESIDENT

**Rule 12.11.** The President of the Senate shall rule out of order any conference committee report which is in violation of any of the provisions and limitations contained in these rules.

### Note of Ruling

For an instance when the chair refused to go behind a conference committee report to determine whether the conference committee report accurately reflected the action of the conference committee, see 74 S.J. Reg. 2036 (1995).

96

## ARTICLE XIII
## COMMITTEE OF THE WHOLE SENATE

### RESOLVE INTO COMMITTEE OF THE
### WHOLE SENATE

**Rule 13.01.**  It shall be in order for the Senate at any time after bills and resolutions have been called to resolve itself into a Committee of the Whole Senate.

#### Editorial Note

A motion to resolve the Senate into a Committee of the Whole immediately requires only a majority vote, inasmuch as it is equivalent to a motion to recess (43 S.J. Reg. 1559 (1933)).

### CHAIR OF COMMITTEE OF THE
### WHOLE SENATE

**Rule 13.02.**  In forming a Committee of the Whole Senate, the President shall leave the chair and shall appoint a chair to preside in committee.

### RIGHT OF LIEUTENANT GOVERNOR TO
### DEBATE AND VOTE IN COMMITTEE
### OF THE WHOLE SENATE

**Rule 13.03.**  When in Committee of the Whole Senate, the President shall have the right to debate and vote on all questions.  (Constitution, Article IV, Section 16)

### PROCEDURE IN COMMITTEE OF THE
### WHOLE SENATE

**Rule 13.04.** The rules of the Senate, as far as applicable, shall be observed in Committee of the Whole Senate.

### DEBATE AND AMENDMENTS

**Rule 13.05.** Upon a matter being referred to a Committee of the Whole Senate or a subcommittee of a Committee of the Whole Senate, the matter shall be read and debated by clauses, leaving the preamble, if any, to be last considered. The body of the bill shall not be defaced or interlined, but all amendments, noting the page or line, shall be duly entered by the Secretary of the Senate or the clerk of the subcommittee on a separate sheet of paper as the same shall be agreed to by the committee and so reported to the Senate. After the report, the bill shall again be subject to be debated and amended or committed before a question to engross it be taken.

#### Editorial Note

No journal is kept by the Journal Clerk of the proceedings of the Senate when in Committee of the Whole.

### ARTICLE XIV
### NOMINATIONS BY THE GOVERNOR

#### REFERRAL TO COMMITTEE

**Rule 14.01.** When nominations shall be sent to the Senate by the Governor, a future day shall be assigned for action thereon, unless the Senate unanimously directs otherwise. They shall be referred directly to either the Committee on Nominations or the standing committee with jurisdiction over the subject matter involved, which shall hold hearings and report its actions directly back to the Senate.

#### NOTICE RULE

**Rule 14.02.** Nominations, having been reported out of the Nominations Committee or other appropriately designated standing committee, shall not be acted upon unless the names of the nominees or individual nominee shall have been printed and a copy thereof furnished to each member 24 hours beforehand.

### Note of Ruling

No action can be taken on nominations on same day submitted except by suspending rule requiring nominations to be considered on a "future day" (43 S.J. Reg. 199 (1933)).

## EXECUTIVE SESSION OF COMMITTEE

**Rule 14.03.** Hearings on nominations by the proper committee shall be open meetings, unless an executive session is ordered by a majority vote of the membership of that committee.

### Note of Ruling

A motion that the Senate hold an executive session the same day the motion is made is not in order, since Rule 14.01 provides that a future day shall be set for the consideration of Governor's nominations (48 S.J. Reg. 132 (1943)).

## REPORT TO GOVERNOR BY
## SECRETARY OF SENATE

**Rule 14.04.** All nominations approved or definitely acted on by the Senate shall be returned to the Governor by the Secretary of the Senate from day to day, as such proceedings may occur.

### Editorial Note

The Senate of the 43rd Legislature in open session, on a motion made by Senator Woodruff, refused to grant the request of Governor Ferguson to withdraw certain nominations that had been submitted by outgoing Governor Sterling, but not yet acted on by the Senate (43 S.J. Reg. 108 (1933)).

### ARTICLE XV
### EXECUTIVE SESSIONS

### SECRECY OF EXECUTIVE SESSION

**Rule 15.01.** When the Senate is in executive session, the Senate Chamber and gallery shall be cleared of all persons except the Secretary of the Senate and the Sergeant-at-Arms who shall keep secret proceedings of such session until the injunction of secrecy is removed by unanimous vote of the Senate.

### VOTE IN OPEN SESSION

**Rule 15.02.** Consideration of all information and remarks touching the character and qualifications of nominees for confirmation by the Senate shall be in open session unless an executive session is ordered by a proper motion adopted by a majority vote of the membership of the Senate. Members of the Senate shall vote to confirm or not to confirm in open session of the Senate, and the votes to confirm and not to confirm shall be entered in the journal of the Senate.

#### Editorial Note

When a report of the nominations committee is before the Senate, and a request is made to sever a nomination to permit the Senate to act on it separately, the request to sever is granted automatically (63 S.J. Reg. 123 (1973)).

### SENATOR CAN DISCLOSE OWN VIEWS

**Rule 15.03.** No member of the Senate shall be prohibited from revealing the member's own view on any matter or the member's vote on any matter pending or having been decided by the Senate.

### VIOLATION OF SECRECY

**Rule 15.04.** Any officer or member convicted of violating any provision of either Rule 15.01 or 15.02 shall be liable, if an officer, to dismissal from the service of the Senate and, if a member, to expulsion.

## REPORT OF EXECUTIVE SESSION TO
## BE RECORDED IN SENATE BOOK

**Rule 15.05.**  The proceedings of the Senate, when in executive session, shall be kept in a separate book.  The proceedings of the Senate, when in open session acting upon nominations made by the Governor, shall be entered in the journal of the Senate.

## ARTICLE XVI
## VOTES REQUIRED TO ADOPT MOTIONS

### DEFINITIONS

**Rule 16.01.**  The terms "unanimous consent," "four-fifths of the members of the Senate," "four-fifths of the members present," "two-thirds of the members of the Senate," "two-thirds of the members present," "a majority of the members of the Senate," and "a majority of the members present" are defined as follows:

(1)  "Unanimous consent" means the consent of all of the members of the Senate who are present and voting on the issue at the time the vote is recorded.

(2)  "Four-fifths of the members of the Senate" means four-fifths of the 31 elected members of the Senate.

(3)  "Four-fifths of the members present" means four-fifths of the members of the Senate who are present and voting on the issue at the time the vote is recorded.

(4)  "Two-thirds of the members of the Senate" means two-thirds of the 31 elected members of the Senate.

(5)  "Two-thirds of the members present" means two-thirds of the members of the Senate who are present and voting on the issue at the time the vote is recorded.

(6)  "A majority of the members of the Senate" means a majority of the 31 elected members of the Senate.

Rule 16.01

(7)  "A majority of the members present" means a majority of the members of the Senate who are present and voting on the issue at the time the vote is recorded.

## MATTERS REQUIRING UNANIMOUS CONSENT

**Rule 16.02.**  Unanimous consent of the members present shall be required to:

(1)  suspend the Senate floor admission rules; Rule 2.07

(2)  suspend the local calendar rules; Rule 9.07

(3)  authorize committees or conference committees to meet during a session of the Senate; Rule 11.13

(4)  consider a nomination of the Governor without being referred to a committee; Rule 14.01

(5)  dispense with secrecy of executive session.  Rule 15.01

## MATTERS REQUIRING VOTE OF
## FOUR-FIFTHS OF MEMBERS OF SENATE

**Rule 16.03.**  A vote of four-fifths of the members of the Senate shall be required to:

(1)  suspend the constitutional rule prohibiting consideration of a bill during the first 60 days of a regular session; Rule 7.13 (Constitution, Article III, Section 5)  See note to Rule 7.13.

(2)  suspend the constitutional rule prohibiting introduction of a bill after the first 60 days of a regular session.  Rule 7.07 (Constitution, Article III, Section 5)  See note to Rule 7.07.

102

## MATTERS REQUIRING VOTE OF
## FOUR-FIFTHS OF MEMBERS PRESENT

**Rule 16.04.** A vote of four-fifths of the members present shall be required to:

(1) suspend the constitutional rule requiring bills to be read on three several days; Rule 7.18 (Constitution, Article III, Section 32)  See note to Rule 7.18.

(2) suspend the requirement that a bill be reported from a Senate committee at least three days before final adjournment of a regular session; Rule 7.24 (Constitution, Article III, Section 37)

(3) pass a bill on third reading after the 135th calendar day of a regular session; Rule 7.25.

(4) take any action on a bill within the last 24 hours of the session except to correct an error therein; Rule 7.25.

(5) suspend the Intent Calendar rules;  Rule 5.14.

(6) reset a special order to earlier time.  Rule 5.11.

## MATTERS REQUIRING VOTE
## OF TWO-THIRDS OF MEMBERS OF SENATE

**Rule 16.05.**  A vote of two-thirds of the members of the Senate shall be required for:

(1) final passage of proposed amendment to the Constitution; Rule 10.02 (Constitution, Article XVII, Section 1)

(2) immediate effect of a bill; (Constitution, Article III, Section 39)

(3) the release of payment of taxes in cases of great public calamity; (Constitution, Article VIII, Section 10)

103

(4)  final passage of bills to reduce county to less area than 900 square miles; (Constitution, Article IX, Section 1)

(5)  passage of an address to the Governor for the removal of any civil officer; (Constitution, Article XV, Section 8)

(6)  expulsion of a member of the Senate; Rule 4.09 (Constitution, Article III, Section 11)

(7)  passage of House bills that have been returned by the Governor with objections.  Rule 6.20. (Constitution, Article IV, Section 14)

### Note of Ruling

A vote of two-thirds of the members is not required for passage of bill to create flood control district and donate portion of taxes collected therein to the district (48 S.J. Reg. 1053 (1943)).

### MATTERS REQUIRING VOTE OF
### TWO-THIRDS OF MEMBERS PRESENT

**Rule 16.06.**  A vote of two-thirds of the members present shall be required to:

(1)  impeach any officer; (Constitution, Article XV, Section 3)

(2)  pass a Senate bill that has been returned by the Governor with objections; Rule 6.20 (Constitution, Article IV, Section 14)  See note to Rule 6.20.

(3)  confirm an appointee of the Governor, unless otherwise directed by law; (Constitution, Article IV, Section 12)

(4)  adopt an amendment at third reading of a bill or a joint resolution; Rules 7.19 and 10.02

(5)  suspend the floor privileges of a member of the Senate; Rule 4.07

104

(6)  suspend the regular order of business; Rule 5.13

(7)  excuse absentees; Rule 5.03

(8)  set a matter for special order; Rule 5.11

(9)  place a minority report on the calendar; Rule 11.17

(10)  rerefer a bill to another committee; Rule 6.08

(11)  suspend the section-by-section analysis on conference committee reports; Rule 12.10

(12)  suspend or rescind any rule of the Senate unless the rules specify a different majority; Rule 22.01

(13)  consider immediately petitions, concurrent and joint resolutions, or resolutions setting or defining legislative or state policy. Rule 8.02.  See note to Rule 8.02.

### Editorial Note

This ruling and other late Senate precedents relative to suspending a pending question for the purpose of taking up another indicate that it has become the prevailing opinion of the Senate's presiding officers and its members that any pending debatable question, even a highly privileged one or one with high priority for consideration, may be suspended by a two-thirds vote of the Senate for the purpose of taking up another matter on the President's table for immediate consideration.  Suspending a question that has itself been taken up under a suspension would most likely not be permitted.

### MATTERS REQUIRING VOTE OF MAJORITY OF MEMBERS OF SENATE

**Rule 16.07.**  A vote of the majority of the members of the Senate is required to:

(1)  pass a resolution initially adopting temporary or permanent rules of the Senate; Rule 21.01

        (2) adopt, amend, or rescind any Joint Rules of the two Houses; Rules 21.02 and 22.02

        (3)  adopt resolution to suspend conference committee rules; Rule 12.08

        (4)  commit or recommit bill, resolution, or petition to a committee; Rule 6.08

        (5)  hold an executive session; Rule 15.02

        (6)  pass a resolution amending the Rules of the Senate; Rule 22.01

        (7)  set voter identification requirement bills for special order; Rule 5.11(d).

## MATTERS REQUIRING VOTE OF
## MAJORITY OF MEMBERS PRESENT

**Rule 16.08.**  A vote of the majority of members present shall be required to:

        (1)  elect officers; Rule 1.05

        (2)  elect a member to preside; Rule 1.01

        (3)  remove a member from the chair; Rule 4.08

        (4)  pass a bill on second reading; Rule 7.17

        (5)  pass a bill on third reading, except to give immediate effect to the bill as required by Rule 7.18;

        (6)  adopt an amendment on second reading;

        (7)  adopt a motion to reconsider vote; Rules 6.10 and 6.11

        (8)  dispense with reading of papers; Rule 6.13.  See note to Rule 6.13.

(9)  debate a congratulatory, memorial, or courtesy resolution; Rule 8.03.  See note to Rule 8.03.

(10)  adopt a motion for previous question, after five seconds; Rule 6.09.  See note to Rule 6.09.

(11)  adopt a motion for immediate ruling, after 10 seconds; Rule 6.12.  See note to Rule 6.12.

(12)  concur in House amendments to Senate bills, except to give immediate effect to the bill as required by Rule 16.05(2);

(13)  adopt a Conference Committee Report, except to give immediate effect to the bill as required by Rule 16.05(2).

## MATTERS REQUIRING VOTE WHEN LESS THAN A QUORUM IS PRESENT

**Rule 16.09.**  When a quorum is not present, a majority of the members present may:

(1)  authorize a call of the Senate; Rule 5.04.  See note to Rule 5.04.

(2)  authorize a call for absent members; Rule 5.02.  See note to Rule 5.02.

(3)  adjourn or recess.  Rule 5.02.


## ARTICLE XVII
## SENATE JOURNAL

## REASON FOR VOTE

**Rule 17.01.**  Any member shall have the privilege to have spread upon the journal of the Senate a brief statement of the member's reason for any vote he or she may cast.  Such statement shall not deal in personalities or contain any personal

reflection on any member of the Legislature, the Speaker, the Lieutenant Governor, or the Governor and shall not in any other manner transgress the rules or traditions of the Senate.

### Editorial Note

A Senator's privilege of inserting his reasons for a vote is frequently exercised; and in some instances a considerable amount of matter quoted from letters, newspapers, etc., is incorporated in the reasons inserted (40 S.J. Reg. 416-418 (1927); 40 S.J. 1 C.S. 42-43 (1927); 42 S.J. 1 C.S. 24 (1931); 49 S.J. Reg. 582 (1945)).

### JOURNAL OF SENATE

**Rule 17.02.** The proceedings of the Senate, when not in Committee of the Whole Senate or in executive session, shall be entered on the journal as concisely as possible, care being taken to detail a true and accurate account of the proceedings. The titles of the bills and such parts thereof only as shall be affected by proposed amendments shall be inserted in the journal. Every report of a committee and vote of the Senate and a brief statement of the contents of each memorial, petition, or paper presented to the Senate shall also be inserted in the journal. Resolutions of a congratulatory nature and resolutions recognizing visitors to the Senate shall not be numbered or printed in the journal, but the names of the sponsor and the persons concerned and the recognition accorded may be listed for each day at the end of the day's proceedings.

### Editorial Note

House amendments to any Senate Bill, Senate Joint Resolution, or Concurrent Resolution shall be printed in the Senate Journal on the day that action is taken by the Senate thereon.

### Notes of Rulings

The Senate can take cognizance of an action by House only if officially notified of such action (35 S.J. 2 C.S. 61 (1917)).

It is not out of order for a member to request that the journal show the subjects as well as the numbers of certain bills the recommitment of which has been moved (51 S.J. Reg. 562 (1949)).

A letter relating to supply of natural gas to San Antonio may be inserted in the Senate Journal and the rule relative to contents can be suspended by member requesting same if there is no other matter pending before Senate at that time (62 S.J. 2 C.S. 41 (1972)).

### RETURN OF VETOED SENATE BILLS

**Rule 17.03.** When a bill shall be returned to the Senate by the Governor, with the Governor's objections, it shall be entered at large upon the journal. (Constitution, Article IV, Section 14)

### Note of Ruling

Consideration of a motion to override the Governor's veto of a particular bill may be postponed (45 S.J. Reg. 1484 (1937)).


## ARTICLE XVIII
## MESSAGES TO AND FROM HOUSE

### MESSAGES TO THE HOUSE

**Rule 18.01.** Messages, bills, resolutions, and other papers shall be sent to the House of Representatives by the Secretary of the Senate who shall previously endorse upon them the final determination of the Senate thereon.

Rule 18.02

## MESSAGES FROM THE HOUSE

**Rule 18.02.** Messages may be received at any time, except while a question is being put, while the yeas and nays are being taken, or while the ballots are being counted.

## ARTICLE XIX
## AGENCY RULES

### REFERRAL OF AGENCY RULES

**Rule 19.01.** The President shall refer to the appropriate standing committee each proposed agency rule on which notice is filed by an agency as required by the Administrative Procedure Act.

### COMMITTEE ACTION

**Rule 19.02.** The committee on a vote of a majority of its members may transmit to the agency a statement supporting or opposing adoption of the proposed rule.

## ARTICLE XX
## WHEN SENATE RULES ARE SILENT

### PRESIDENT OF SENATE DECIDES QUESTION

**Rule 20.01.** The President of the Senate shall decide all questions not provided for by the standing Rules of Order of the Senate and Joint Rules of Order of both branches of the Legislature, according to parliamentary practice laid down by approved authors.

110

Rule 20.01

### Editorial Notes

The rulings of the presiding officers of the Senate as shown in the Texas Legislative Manual, the practice in Congress as shown in Hinds' Precedents and in Cannon's Precedents, the practice in the Texas House of Representatives as shown in the Legislative Manual, and the rules and precedents as set forth in Mason's Manual of Legislative Procedure, Jefferson's Manual, and the Manual of the United States Senate have been resorted to by the presiding officers of the Senate for guidance in deciding questions of order.

For an instance of when the chair submitted a point of order directly to the Senate for its determination, see 71 S.J. 2 C.S. 554 (1989).

### Note of Ruling

For an instance of when the chair refused to sustain a point of order challenging compliance with a constitutionally required procedure because the Constitution, laws, rules of the Senate, and official records of the Senate did not provide a basis on which to determine compliance, see 74 S.J. Reg. 2458-2461 (1995).

### APPEAL TO SENATE

**Rule 20.02.** The President's ruling is subject to appeal to the entire Senate.

### ARTICLE XXI
### ADOPTION OF RULES

### SENATE RULES

**Rule 21.01.** The Senate shall at the beginning of each Legislative Session adopt temporary or permanent Senate rules by resolution of the Senate. The Senate rules shall be adopted by a majority of the members of the Senate.

111

Rule 21.02

## JOINT RULES

**Rule 21.02.**  The House and Senate may adopt Joint Rules for the two Houses.  Joint Rules may be adopted by a majority of the members of the Senate.

## ARTICLE XXII
## SUSPENSION, AMENDMENT, OR RESCISSION OF RULES

### SENATE RULES

**Rule 22.01.**  It shall require a vote of two-thirds of the members present to suspend any rule of the Senate, unless the rules specify a different majority.  A majority of the members of the Senate may amend the Rules of the Senate by adoption of a Senate Resolution amending the rules, which resolution has been referred to and reported from a committee as otherwise required by these rules.  Rules 16.06 and 16.07.  See note to Rule 16.06.

### JOINT RULES

**Rule 22.02.**  It shall require a vote of a majority of the members of the Senate to suspend, amend, or rescind any Joint Rules of the two Houses.  Rule 16.07

## RULES OF THE SENATE--APPENDIX

### SENATE PRECEDENTS RELATING
### TO CONFERENCES

It is immaterial whether a committee to adjust differences be termed a conference committee or a free conference committee, there being no substantial difference between the two (35 S.J. 3 C.S. 670 (1917)).

A motion having been made to adopt a conference report, a motion to reject the report is not in order (42 S.J. 3 C.S. 163 (1932)).

112

A conference committee may not be instructed after it has commenced its deliberations (43 S.J. Reg. 1684 (1933); 44 S.J. 3 C.S. 250-252 (1936)).

A motion to adopt a conference committee report on a joint resolution is in order at any time and without a reconsideration of the vote by which it has once been lost (44 S.J. Reg. 1812 (1935)).

A motion to discharge a conference committee and request a new conference committee is in order before the original conference committee has submitted its report (45 S.J. 1 C.S. 44 (1937)).

Even after a conference report has been adopted and the bill as recommended in the report has been enrolled, signed, and presented to the Governor, the vote by which report was adopted may be reconsidered, the report rejected, and the differences between the two Houses referred to a new conference committee for adjustment (46 S.J. Reg. 1437 (1939)).

A concurrent resolution to correct a House bill that has been passed by the Senate is in order and requires only a majority vote for adoption (46 S.J. Reg. 1891 (1939)).

Adoption of resolution to recede from Senate amendments to House bill after request made by House for conference committee and request granted but Senate conferees not appointed properly effects an adjustment of differences between two Houses (47 S.J. Reg. 1291 (1941)).

After a bill reaches a stage when the adjustment of the differences between the two Houses on the bill is all that remains to effect its final enactment, either or both Houses may take any action, separately or jointly, which will adjust those differences (47 S.J. Reg. 1291 (1941)).

A conference report may contain any matter germane to original bill if entire text of bill as passed in the two Houses is different (47 S.J. Reg. 2493 (1941)).

113

APPENDIX

## PROCEDURE AND PRACTICE IN CONGRESS
## RELATIVE TO ADJUSTING DIFFERENCES
## BETWEEN HOUSES

### Steps Preliminary to Conference

The Senate cannot act until in possession of the papers (5, 6322, 6518-6522), and when transmitting papers should ask for or agree to conference (5, 6273).

The papers consist of the original engrossed copy of the bill attested by the Clerk of the House or the Secretary of the Senate, the engrossed amendments, and later the conference report signed by the managers.

The managers on the part of the House asking the conference bring the papers to the conference room.  At the close of an effective conference the papers change hands, and the managers on the part of the House agreeing to the conference receive them and take them to their House, which first receives and considers the conference report (5, 6254; 8, 3330).

The motion to not concur yields precedence to the motion to concur (8, 3779).

The stage of disagreement between the two Houses is reached when one informs the other of disagreement (4, 3475; 6, 756, 757).  A bill with amendments of the other House is privileged after the stage of disagreement has been reached (4, 3149, 3150; 6, 756; 8, 3185, 3194).

The stage of disagreement having been reached, that motion which tends most quickly to bring the Houses into agreement is preferential, and so a motion to adopt a conference report takes precedence over a motion to recommit it (8, 3204).

A majority of the managers of a conference should represent the attitude of the majority of the House on the disagreement in issue, and on exceptional occasions the Speaker has passed over the ranking member of the committee in the appointment of conferees in order to conform to this practice (8, 3223).

114

APPENDIX

Resignations of conferees are properly addressed to the President, but are acted on by the Senate, and, being accepted, the President appoints successors and directs the Secretary to notify the House (5, 6373-6376; 8, 3224, 3227).

The motion to instruct conferees is not in order after the conferees have been appointed (5, 6379-6382; 8, 3233, 3240, 3256).

The motion to instruct conferees is divisible if it contains more than one substantive proposition (74-2-7945, 7951).

Motions to instruct conferees may not include directions which would be inadmissible if offered as motions during its consideration (8, 3235); may not require conferees to report back amendments outside the subjects in disagreement between the two Houses (8, 3243, 3244).

### Conference Reports

When conference results in disagreement, conferees reporting disagreement are thereby discharged (Cannon's Procedure, 4th Ed., 124).

Supplemental reports or minority views may not be filed in connection with conference reports (8, 3302).

Conference reports may not be considered when original bill and accompanying papers are not before the House (8, 3301).

When a conference report is called up only three courses are open:  (a) agree, (b) disagree, or (c) recommit (5, 6546).

Conference reports may not be--

Tabled (5, 6538-6544).

Referred to committee (5, 6558).

Amended (5, 6534, 6535), except by concurrent resolution (5, 6536, 6537; 8, 3306-3308).

115

APPENDIX

Recommitted, if House has already agreed (5, 6545-6553, 6609).

When called up for consideration the motion to agree is regarded as pending, and the motion to disagree is not admitted (2, 1473; 5, 6517; 8, 3300).

A conference report must be acted on as a whole and agreed to or disagreed to in entirety (5, 6472-6480; 8, 3304, 3305).

If either House disagrees to conference report the bill returns to position before conference was asked (5, 6526), and amendments in disagreement come up for consideration as originally (2, 1473; 5, 6525).

Clerical errors in conference reports agreed to by the House are corrected by proper enrollment of the bill (Cannon's Procedure, 4th Ed., 127).

The Speaker may rule out a conference report if it is shown that the conferees have exceeded their authority (Sec. 547; 5, 6409, 6410, 6414-6416; 8, 3256, 3264).  The Senate amendments are then before the House de novo, and motions to send to conference are again in order (Cannon's Procedure, 4th Ed., 129).

A conference report may be recommitted to the committee of conference if the House has not, by acting on the report, discharged its managers (Sec. 550; 5, 6545-6553, 6609; 8, 3310).

## PRECEDENTS ON CONSTITUTIONAL QUESTIONS

Lieutenant Governor T. W. Davidson refused to rule on the constitutionality of an amendment and stated that he would not rule on constitutionality of any amendment unless the particular part of the Constitution alleged to be violated had been carried forward in the rules of the Senate (38 S.J. Reg. 702 (1923)).

A bill which enacts, amends, or repeals general law may contain an appropriation necessary to accomplish the main object of the bill and does not violate the single-subject limitation of Article III, Section 35, Texas Constitution (71 S.J. 2 C.S. 43-44 (1989)).

116

Presiding officers have traditionally refused to rule on points of order when raised against bills that may violate "substantive" constitutional provisions. A "substantive" provision is one that establishes policy or principle. "Procedural" provisions of the Constitution (those dealing with the legislative process) may be subject to parliamentary enforcement. (See Rule 5.15 notes)

### Qualifications of Member

A person holding the office of district attorney may become candidate for Senator at a special election; and if elected, the Senate is judge of whether he is barred from serving as Senator by Section 19 of Article III of Constitution (44 S.J. 1 C.S. 103 (1935)).

### Amending Statutes

The Legislature, in an appropriation bill, may prescribe the qualifications of an officer or employee, for whose salary an appropriation is made (45 S.J. Reg. 1189 (1937)).

A general law may not be amended by an appropriation bill (44 S.J. 3 C.S. 50 (1936)).

A section of a general statute cannot be amended except by a general bill that re-enacts at length and as amended the section amended (44 S.J. 3 C.S. 50 (1936)).

### Donations by State

A bill granting and donating ad valorem taxes to the counties of the state for a period of five years for the purpose of constructing improvements to prevent soil erosion and for flood control, highway construction, etc., does not violate Section 51 of Article III, which provides that the Legislature shall have no power to make a grant of public moneys to any municipal or other corporation (45 S.J. Reg. 933 (1937)).

An amendment to permit a loan by the state in violation of Constitution is not in order (49 S.J. Reg. 613 (1945)).

An amendment making an appropriation for the conversion and enlargement of properties donated to the state by the Southwestern Medical Foundation into a

117

APPENDIX

College of Medicine of The University of Texas is not in violation of Section 6 of Article XVI of the Constitution prohibiting appropriations for private or individual purposes (51 S.J. Reg. 1127 (1949)).

## Amendment by Reference

The mere inclusion or exclusion of a designated thing, individual, or class from the purview of a prior enactment does not constitute an "amendment by reference" within prohibition of Constitution. (Vernon's Ann. St. Const. Art. III, Sec. 36; S.W. Gas & Elec. Co. v. State, 190 S.W. 2d, 132.)

## Exclusive Powers of House or Senate

"The specific grant of a power to each House is an express denial of it to the courts or to precedent or subsequent Legislatures."

"There are certain matters which each House determines for itself and in respect to which its decisions are conclusive"; for example, passing on the qualification of members, the adoption of rules of procedure, the confirmation of appointments by the Senate, impeachment by House, trial of impeachment by Senate (35 S.J. 3 C.S. 48-49 (1917)).

## Taxation

A bill to amend an article of the Revised Civil Statutes relative to tax on menageries, etc., held not a bill to raise revenue (36 S.J. Reg. 512 (1919)).

A Senate resolution that the "Senate go on record as favoring a tax of one dollar on each pint of whiskey" is not in order because it "[commits] the Senate on a measure which should originate in the House" (40 S.J. 1 C.S. 47 (1927)).

For opinion of the Attorney General relative to the adding by the Senate of a license tax to a bill providing for a gasoline tax, see 41 S.J. 1 C.S. 65-67 (1929).

The Senate may amend a revenue bill from the House by adding a new field of taxation and so may place a tax on the sale of cigarettes by amending a bill imposing a privilege tax on persons producing natural gas; and a tax on cement may be added to a bill levying tax on peddlers (42 S.J. Reg. 893, 1622 (1931)).

118

APPENDIX

A measure which merely relates to revenue and is not a "revenue-raising measure" may originate in the Senate (45 S.J. Reg. 249 (1937)).

A Senate bill amending a revenue-raising law is a revenue-raising measure itself and cannot originate in the Senate (42 S.J. 1 C.S. 696 (1931)).

An amendment, the adoption of which will make of a Senate bill a revenue-raising measure, is not in order (45 S.J. Reg. 249 (1937)).

An amendment which makes a revenue-raising measure of a bill further defining the term "carbon black" as used in the omnibus tax law is not in order (51 S.J. Reg. 1641 (1949)).

An amendment to levy tax on fuel used in aircraft offered to bill exempting from motor fuel tax law fuels used for non-highway purposes subjects the bill to the constitutional prohibition against revenue-raising measures originating in Senate and is not in order (49 S.J. Reg. 527 (1945)).

The Senate may amend a revenue bill from the House by adding a new field of taxation, and so may place a tax on cigarettes in a bill levying certain other taxes (42 S.J. Reg. 893 (1931)).

A bill which produces revenue as an incident to a different, non-revenue-producing purpose may originate in the Senate (68 S.J. Reg. 834-835 (1983); 71 S.J. 2 C.S. 44 (1989); 74 S.J. Reg. 2030-2035 (1995)).

### Jurisdiction--Special Sessions

Article III, Section 40 of the Constitution reads as follows:

"When the Legislature shall be convened in special session, there shall be no legislation upon subjects other than those designated in the proclamation of the Governor calling such session, or presented to them by the Governor, and no such session shall be of longer duration than 30 days."

119

APPENDIX

The courts have interpreted Article III, Section 40 to mean that:

(1)  the intention of this section is not to require the Governor to define with precision the detail of the legislation but only in general ways, by this call, to confine the business to the particular subjects.  Brown v. State, 32 Tex. Crim. 133, 22 S.W. 596, 601 (1893); Long v. State, 58 Tex. Crim. 209, 127 S.W. 208 (1910).

(2)  it is not necessary or proper for the Governor to suggest in detail the legislation desired.  It is for the Legislature to determine what the legislation shall be.  Brown v. State, 32 Tex. Crim. 133, 22 S.W. 596, 601 (1893).

(3)  the Constitution does not require the proclamation of the Governor to define the character and scope of legislation which may be enacted at a special session but only in a general way to present the subjects for legislation, and thus confine the business to a particular field which may be covered in such ways as the Legislature may determine.  Baldwin v. State, 21 Tex. 591, 3 S.W. 109 (1886); Deveraux v. City of Brownsville, 29 Fed. Rep. 742 (1887).

The gist of these opinions is that the Legislature is not held to strict interpretation of "subject" submitted in the Governor's call, but rather that it has the authority to determine the specific details of legislation as long as they come generally within the call.  And it seems clear that the Governor can not restrict the Legislature to a particular bill or plan of legislation.

As an example, in Baldwin v. State, a defendant found guilty of failing to pay an occupation tax attacked the constitutionality of the statute imposing the tax on the ground that it was not included in the subjects contained in the proclamation convening the special session at which it was enacted.  The proclamation stated that one of the purposes of the special session was "to reduce taxes, both ad valorem and occupation, so far as it may be consistent with the support of an efficient state government."

120

The court found that the proclamation embraced the whole subject of taxation and that the Governor's proclamation merely called attention to the subject on which legislation was desired. Thus, the statute imposing a tax was upheld as being authorized by a proclamation that spoke only to reducing taxes.

In called sessions, the chair may employ two distinct procedures in dealing with bills embodying subjects not submitted by the Governor in the proclamation or in messages to the Legislature.

Under the first option, the chair gives all bills a first reading and refers them to the appropriate committees without regard as to whether they fit within the stated purposes of the called session. This procedure does not diminish the right of any member to later challenge a measure on the grounds that it is not contained within the call.   The procedure does, however, activate the committee operations of the Senate and has proven in the past to expedite the consideration of subjects that the Governor may later submit to a called session.

Under the second option the chair reviews all bills filed with the Secretary of the Senate or received from the House, to determine if their subject matter has been submitted by the Governor.  The chair will then admit to first reading only those that are so covered.

It is generally conceded that if a bill, not within the Governor's call or later submissions, is passed by the Legislature and signed or filed by the Governor (not vetoed) it will become law.

A bill relating to a subject not within the Governor's call for a special session, upon being submitted for introduction, is out of order, and the chair may refuse to refer it to a committee (41 S.J. 5 C.S. 9, 14 (1930)).

APPENDIX

A bill amending a law relating to a subject not within the Governor's call may not be introduced at a Called Session (44 S.J. 1 C.S. 63 (1935)).

A point of order as to the Senate's jurisdiction may be raised at any time, and a point of order against consideration of a bill at a Called Session on the ground that it relates to a subject not submitted for consideration at that session or a point of order that the bill is a revenue-raising measure that cannot originate in the Senate, if upheld, prevents consideration by the Senate of any such bill (44 S.J. 2 C.S. 7 (1935)).

A bill to prohibit betting on races by pari-mutuel method and by other methods as well is within call of Governor for a special session "to outlaw and prohibit the so-called pari-mutuel betting or gaming on horse races at race tracks" (45 S.J. 1 C.S. 19-20 (1937)).

In case the chair holds a bill may not be introduced at a Called Session because it relates to a subject not submitted by the Governor and an appeal is taken from the ruling and the chair is not sustained, the bill may be introduced and considered by the Senate at that session (45 S.J. 2 C.S. 60 (1937)).

A bill revising appropriations already made comes within the Governor's call of a special session to "balance the budget, etc." (45 S.J. 2 C.S. 71 (1937)).

A concurrent resolution to permit suit against State is not in order at Called Session unless subject of resolution submitted by Governor (47 S.J. 1 C.S. 69 (1941)).

An amendment to authorize the use of a portion of certain revenues for the benefit of the M. D. Anderson Hospital for Cancer Research is not within the Governor's call for a special session "to make and to finance such appropriations as the Legislature may deem necessary . . . for the agencies and institutions for which appropriations were made by Chapter 553, Acts of the 51st Legislature, Regular Session," since no reference is made in said Chapter to said M. D. Anderson Hospital for Cancer Research (51 S.J. 1 C.S. 99 (1950)).

An amendment making an appropriation to be used principally for distributing surplus commodities to the state hospitals and special schools is within the Governor's call for a special session "to make and to finance such appropriations as the Legislature may deem necessary for the State hospitals and special schools." (51 S.J. 1 C.S. 79 (1950)).

122

APPENDIX

The Senate while in called session may consider a concurrent resolution petitioning the Congress to propose a constitutional amendment (71 S.J. 1 C.S. 72 (1989)).

## Local Bills, Constitutionality

The message of Governor Stevenson to the 49th Legislature, Regular Session, contains excerpts from and citations to a number of court decisions holding so-called "bracket bills" to be unconstitutional (49 S.J. Reg. 867 (1945)).

## Uniform Tax Rule

Under the constitutional provision requiring all occupation taxes to be equal and uniform on same class, Legislature has power to classify subjects and court can only interfere when it is made clearly to appear that the attempted classification has no reasonable basis in the nature of businesses classified and that the law operates unequally upon subjects between which there is no real difference.  (See Vernon's Annotated Constitution, Art. VIII, Section 1.)

**INDEX TO RULES OF THE SENATE**

**A**

**ABSENCE-**

Absence without leave prohibited except in case of illness or inability to attend. Rule 5.03, p. 17.

**ABSENTEES-**

See also Attendance, Call of Senate, Quorum, Sergeant-at-Arms.

Arrest of, when call of Senate ordered. Rule 5.04, p. 18.

Attendance of, may be compelled. Rules 5.02, p. 16; 16.09, p. 107.

Committee meetings, record of attendance, excuses of. Rule 11.08, p. 80.

Committee meetings; Sergeant-at-Arms to secure attendance of unexcused. Rule 11.09, p. 80.

Majority of Senators present may send for. Rules 5.02, p. 16; 16.09(2), p. 107.

Note relative to awaiting attendance. Rule 5.04, p. 19.

Notes relative to enforcing attendance. Rule 5.02, p. 16.

Two-thirds vote of Senators present to excuse. Rule 16.06(7), p. 105.

Vote paired with. Rule 6.17, p. 45.

**ACTUARIAL ANALYSES-**

Attachment of, to bills and resolutions when required. Rules 7.09(i), pp. 53-54; 7.12(b), p. 59.

Change of benefits or financial obligations of a public retirement system must have, attached. Rule 7.09(i), pp. 53-54.

**ADDRESS-**

See also Debate.

Number of times Senator may speak in one debate. Rule 4.05, p. 13.

**ADDRESS TO GOVERNOR-**

Vote required for address for removal of a civil officer. Rule 16.05(5), p. 104.

**ADJOURN-**

See also Recess.

Debate of motion to, prohibited. Rules 6.02, pp. 33-34; 6.21, p. 46.

Note relative transaction of business after motion made. Rule 6.01, pp. 29-30.

Precedence of motion to, or recess. Rule 6.01(a)(2), p. 28.

Quorum not necessary for day to day adjournment. Rule 5.02, p. 16.

**ADJOURNMENT-**

House concurrence necessary for more than three days. Rule 6.22, p. 48.

Less than quorum may adjourn, recess, or compel attendance of Members. Rules 5.02, p. 16; 5.04, p. 18.

Motion for, in order when. Rule 6.21, p. 46.

Motion for, not debatable. Rules 6.02, pp. 33-34; 6.21, p. 46.

Note relative adjournment for more than three days. Rule 6.22, p. 48.

Notes relative rescinding resolution fixing sine die adjournment hour. Rule 6.21, p. 47.

Ordering previous question does not prevent. Rules 6.01, pp. 28-29; 6.21, p. 46.

Quorum not necessary for, when Senate under call. Rule 5.04, p. 18.

**ADMISSION TO SESSIONS-**

Forfeiture of admission privilege. Rule 2.05, p. 6.

Persons lobbying not admitted. Rule 2.03, p. 5.

Persons who may be admitted. Rule 2.04, p. 5.

Press correspondents, radio commentators, or television commentators and operators to file statement with the Committee on Administration. Rule 2.04, p. 5.

Rule regarding admission not applicable to certain public ceremonies. Rule 2.06, p. 6.

Suspension of admission rules. Rules 2.07, p. 6; 16.02(1), p. 102.

A-1

**ADOPTION OF SENATE RULES-**
Resolution for adoption, vote of majority required. Rules 16.07(1), p. 105; 21.01, p. 111.

**AMEND-**
Motions allowed, when question under consideration by Senate. Rule 6.01(a)(9), p. 29.
Notes relative admission of motions to. Rule 6.01, pp. 29-30.
Precedence of motion to. Rule 6.01(a)(9), p. 29.

**AMENDMENTS-**
See also Amendments to Constitution, Committee Amendments.
Bill must be reported from committee before it is amended. Rule 7.06(b), p. 50.
Defeat of, precludes resubmission as part of another amendment (ruling). Rule 6.01, p. 31.
House amendments of Senate bills; motion privileged. Rule 6.01(b), p. 29.
House amendments of Senate bills; printing; rules for handling; time interval before consideration. Rule 7.21, p. 67.
Incorrectness does not deter consideration (ruling). Rule 6.01, p. 33.
Joint rules, vote to adopt or amend, majority of elected Members. Rule 16.07(2), p. 106.
Notes relative germaneness of. Rule 7.15, pp. 61-65.
Notes relative what, in order. Rule 6.01, pp. 31-33.
Question of adoption to be put first when main question ordered. Rules 6.09, p. 37; 16.08(10), p. 107.
Recall and reconsideration. Rule 6.10, p. 39.
Record of, in Journal. Rule 17.02, p. 108.
Report of, in Committee of the Whole. Rule 13.05, p. 98.
Restoring matter replaced by amendment not in order, when (ruling). Rule 6.01, p. 32.
Rules of Senate, vote necessary to amend. Rules 16.07(6), p. 106; 22.01, p. 112.
Second full reading dispensed with by vote of Senate (ruling 1949). Rule 6.13, p. 43.

Section-by-section amendments, procedure (note). Rule 6.01, p. 30.
Similarity of, to one defeated, effect (ruling). Rule 6.01, p. 32.
Sunset bill, discussion required in committee. Rule 7.16, p. 65.
Tabling, does not table entire measure. Rule 6.07, p. 36.
Tax bill, discussion required in committee. Rule 7.16, p. 65.
Third reading of bill or joint resolution, two-thirds vote of Members present required for amendment. Rules 7.19, p. 67; 16.06(4), p. 104.
Two-thirds vote of Members present required to adopt, to bills or joint resolutions on third reading. Rules 7.19, p. 67; 16.06(4), p. 104.
Types of amendments, order of precedence (note). Rule 6.01, p. 30.
Withdrawal of (ruling). Rule 6.04, p. 35.

**AMENDMENTS TO CONSTITUTION-**
See also Joint Resolutions.
Amendments to resolution on third reading, two-thirds vote Members present. Rules 10.02, p. 76; 16.06(4), p. 104.
Final passage shall be by two-thirds vote of Senators elected. Rule 16.05(1), p. 103.
Record vote required on final passage of. Rule 6.15(a)(1), p. 44.
Rules governing procedure on bills applicable. Rule 10.01, p. 76.
Three-day rule. Rule 10.01, p. 76.
Vote on final passage to be recorded in Journal. Rule 6.15(a)(1), p. 44.

**ANNOTATIONS-**
Rulings setting or altering precedents, required to be printed as annotations to Rules. Rule 5.15, p. 27.

**APPEAL-**
Decided without debate when ruling made pursuant to demand for immediate ruling. Rule 6.12, p. 42.
Decision of President on question of order subject to. Rules 5.15, p. 27; 20.02, p. 111.

A-2

Note relative matters in order pending. Rule 5.15, p. 27.

President's decision as to Senator entitled to recognition subject to. Rule 4.04, p. 12.

Questions not covered by Senate and Joint Rules, President's decision subject to. Rule 20.02, p. 111.

**APPEARANCE-**

See Attire.

**APPLAUSE-**

Rule 3.05, p. 7.

**APPOINTEES-**

See also Nominations of Governor; Standing Committees.

Standing committees, special committees, and subcommittees, appointment by President. Rules 11.01, p. 77; 11.02, pp. 77-78; 11.03, pp. 78-79; 12.01, p. 90.

Subcommittees, appointment by chair of standing committee. Rule 11.05, p. 79.

**APPROPRIATION BILL-**

Conference committee reports on, copies furnished before action. Rule 12.09(a), p. 95.

Conference committees, instructions. Rule 12.04, p. 92.

Limitations on. Rule 7.20, p. 67.

Suspension of conference committee rules for consideration of. Rule 12.08, p. 95.

**APPROPRIATIONS-**

Bills making emergency, may be introduced any day of session. Rule 7.08, p. 51.

Consideration of appropriation bills exceeding limit set by Subchapter A, Chapter 316, Government Code, not in order. Rule 7.20, p. 67.

**ATTENDANCE-**

See also Absentees.

Enforcement. Rules 5.02, p. 16; 5.04, p. 18; 16.09, p. 107.

Less than quorum may compel attendance of Members. Rules 5.02, p. 16; 16.09, p. 107.

Members' duty to attend sessions. Rule 5.03, p. 17.

Witness, subpoena to compel, by standing committee. Rule 11.20, p. 89.

**ATTIRE-**

Coat and tie required of male persons; Sergeant-at-Arms and doorkeepers to enforce rule; President of Senate may suspend rule. Rule 3.01, p. 7.

Requirements for male dress; suspension of rule. Rule 3.01, p. 7.

**AUTHOR-**

Appointment to Conference Committee. Rule 12.01, p. 90.

Note relative priority accorded in debate. Rule 4.04, p. 12.

Right to close, when motion is made to table. Rule 6.02, pp. 33-34.

**B**

**BANNERS-**

Rule 3.04, p. 7.

**BILLS-**

See also Bracket Bills, Local Bills, Prefiled Bills, Substitute Bills.

Account of proceedings affecting, to be entered in Journal. Rule 17.02, p. 108.

Actuarial Analysis of, when required, content, procedure, format. Rules 7.09(i), (q), (r), (s), (t), pp. 53-56; 7.12(b), pp. 58-59.

Affirmative vote of majority of committee, prerequisite to consideration of, or resolutions, except as provided for minority reports. Rule 11.15, p. 84.

Amendments to, on third reading require two-thirds vote of Members present. Rules 7.19, p. 67; 16.06(4), p. 104.

Analysis required. Rule 7.12(b), pp. 58-59.

Announcement of referral to committee. Rule 7.06(a), p. 50.

Calendar Clerk to be custodian of. Rule 7.01, p. 48.

Call of Senate for consideration of specific or particular class of. Rule 5.04(1), (2), p. 18.

Caption required. Rule 7.02, p. 48.

Committee reports. Rules 5.12(a), p. 25; 7.10, pp. 56-57; 11.12, p. 82; 11.15, p. 84; 11.16, p. 84; 11.17, pp. 84-85.

Committee substitute in lieu of original. Rule 7.11, p. 57.

Committees to consider first House, containing same subject as Senate. Rule 11.14(b), p. 83.

Consideration by Committee of the Whole. Rule 13.05, p. 98.

Consideration by committees permitted at any time, subject to end-of-session restrictions. Rule 11.13, p. 83.

Consideration during first 60 days of session limited, suspension of rule. Rules 7.13, p. 60; 16.03(1), p. 102.

Consideration following report from Committee of the Whole. Rule 13.05, p. 98.

Consideration of appropriation bill exceeding limit set by Subchapter A, Chapter 316, Government Code, not in order. Rule 7.20, p. 67.

Consideration of measure containing same substance as one defeated not in order. Rule 7.22, p. 68.

Constitutional procedure set forth in Article III, Section 5, not applicable to local bills. Rule 9.02, p. 74.

Defeated. Rule 7.22, p. 68.

Defeated substitute. Rule 7.11, p. 57.

Emergency appropriation, may be introduced any time. Rule 7.08, p. 51.

Engrossment of Senate or House, passing to third reading. Rule 7.17, p. 65.

Favorable minority report of. Rules 11.17, pp. 84-85; 16.06(9), p. 105.

Filing. Rule 7.04, p. 49.

First reading of. Rules 5.08(1), p. 20; 7.05, p. 50; 7.06(a), p. 50.

Format of reported, and resolutions. Rule 7.10, p. 56.

Free discussion allowed on. Rule 7.18, p. 66.

General bill printed unless Senate orders not printed. Rules 7.12(b), p. 58; 11.06, p. 79.

General rules relative proceedings on. Article VII, pp. 48-69.

Governor's messages vetoing, entered in Journal. Rule 17.03, p. 109.

Hearings on, in committee; privileged notice. Rules 11.18, p. 85; 11.19, pp. 86-88.

House amendments to Senate; printing. Rule 7.21, p. 67.

House, taken up on any day of week, vote required (ruling). Rule 5.10, p. 23.

House, displace Senate, on same subject. Rule 7.14, p. 60.

House, first reading, and referral to committee. Rule 5.08(1), p. 20.

House, on second reading, order of considering. Rule 5.09(10), p. 22.

House, on third reading, order of consideration. Rule 5.09(9), p. 22.

Introduction after first 60 days. Rule 7.07(b), p. 51.

Introduction during first 60 days of session. Rule 7.07(a), p. 51.

Introduction of local bills any day during session. Rule 7.08, p. 51.

Introduction of, time for. Rules 5.08(1), p. 20; 7.05, p. 50.

Local and Uncontested Calendar. Rules 9.03, p. 74; 9.05, p. 75.

Local bill defined. Rule 9.01, p. 73.

Local, acted upon at any time. Rules 7.08, p. 51; 9.02, p. 74.

Local, subject to 24-hour printing rule unless committee recommends not printing. Rule 11.06, p. 79.

Messages of Governor vetoing, entered in Journal. Rule 17.03, p. 109.

Motion to pass to second reading not necessary. Rule 7.17, p. 65.

Motions to refer from one committee to another; approval of both chairs and vote required; when allowed; effect. Rules 6.08, pp. 36-37; 16.06(10), p. 105; 16.07(4), p. 106.

Note relative motions to pass. Rule 7.17, p. 65.

Notes relative order of considering. Rule 5.09, p. 22.

Notes relative rule requiring reading on three several days. Rule 7.18, p. 66.

A-4

Notes relative what, may be introduced at called session. Rule 7.04(a), p. 49.

Order of business on Senate bill days. Rule 5.09, pp. 21-22.

Order of listing on daily calendar. Rule 5.12, pp. 25-26.

Passage of House, to third reading. Rule 7.17, p. 65.

Passage of, over Governor's veto, vote required. Rules 6.20, p. 46; 16.05(7), p. 104; 16.06(2), p. 104.

Prefiled bills, time for filing; duties of Secretary. Rule 7.04, p. 49.

President to announce where bill originated. Rule 7.03, p. 49.

Printed copies to be available to Members and on desks 24 hours before consideration. Rule 7.12(a), p. 58.

Printing of bills. Rules 7.12, pp. 58-59; 11.06, p. 79.

Public hearing by committee on bill, prerequisite to report to floor. Rule 11.18(a), p. 85.

Reading and referral to committee. Rules 5.08(1), p. 20; 7.05, p. 50; 7.06, p. 50.

Reading in full, suspension. Rule 6.13, p. 43.

Reading on three several days and suspension of rule. Rules 7.18, p. 66; 16.04(1), p. 103.

Reasons for vote on, may be spread upon Journal. Rule 17.01, pp. 107-108.

Recall from Governor or House of Representatives for reconsideration, motions necessary. Rule 6.10(b), p. 39.

Reception of messages transmitted from House. Rule 18.02, p. 110.

Reconsideration of votes on. Rules 6.10, p. 39; 6.11, p. 42; 16.08(7), p. 106.

Record vote on final passage required. Rule 6.15, pp. 44-45.

Referral of bill on third reading to committee. Rule 6.08, pp. 36-37.

Referral to committee. Rule 7.06, p. 50.

Referral to committee, announcement. Rule 7.06(a), p. 50.

Report by committee three days before final adjournment necessary. Rule 7.24, p. 69.

Reports of committees advisory only, except. Rule 11.06, p. 79.

Reports to be in writing. Rule 11.12(a), p. 82.

Requests for return of, from House or Governor. Rule 6.10(b), p. 39.

Returned by Governor with objections. Rules 6.20, p. 46; 16.05(7), p. 104; 16.06(2), p. 104.

Second reading of, place in order of business. Rule 5.09(7), (10), pp. 21, 22.

Signing. Rule 7.23, p. 69.

Special order reset to earlier time by affirmative vote of four-fifths of Members present. Rules 5.11(c), p. 24; 16.04(6), p. 103.

Special order set by affirmative vote of two-thirds Members present. Rules 5.11(a), p. 24; 16.06(8), p. 105.

Special order set by majority vote of Members for, relating to voter identification requirements. Rule 5.11(d), p. 24; 16.07(7), p. 105.

Sponsor may move to substitute minority for majority report of. Rule 11.17(c), pp. 84-85.

Suspension constitutional rule by four-fifths vote. Rule 7.18, p. 66.

Suspension of rule limiting consideration. Rules 7.13, p. 60; 16.03(1), p. 102.

Suspension of rule requiring reading on three several days by four-fifths vote. Rules 7.18, p. 66; 16.04(1), p. 103.

Suspension of time limiting introduction. Rules 7.07(b), p. 51; 16.03(2), p. 102.

Tax bill, no amendment on second reading, unless matter previously discussed in public hearing. Rule 7.16, p. 65.

Third reading, order of consideration. Rule 5.12(b), p. 26.

Third reading of, place in order of business. Rules 5.09(6), (9), pp. 21, 22.

Three-day rule suspension by four-fifths vote. Rules 7.18, p. 66; 16.04(1), p. 103.

Time limit for introduction and consideration of. Rules 7.07, p. 51; 7.08, p. 51.

Titles of, and amendments offered to, inserted in Journal. Rule 17.02, p. 108.

Transmission to House. Rule 18.01, p. 109.

A-5

Two-thirds vote of Members present to amend on third reading. Rules 7.19, p. 67; 16.06(4), p. 104.

Two-thirds vote of Members required for final passage of certain. Rules 6.20, p. 46; 16.05(2), (4), (7), pp. 103, 104.

Two-thirds vote of Members required to reduce area of county to less than 900 square miles. Rule 16.05(4), p. 104.

Vote on final passage of, and on constitutional amendments, to be recorded in Journal. Rule 6.15(a)(1), p. 44.

Vote required to suspend rule requiring reading on three several days. Rules 7.18, p. 66; 16.04(1), p. 103.

Vote upon passage on third reading after 135th calendar day of session prohibited. Rules 7.25, p. 69; 16.04(3), p. 103.

Wednesdays and Thursdays House bill days. Rule 5.10, pp. 22-23.

Witnesses, list required. Rule 7.12(b), pp. 58-59.

**BRACKET BILLS-**
See also Local Bills.
Ruling relative constitutionality. Appendix, p. 123.

**BRIBERY-**
Expulsion of Senator convicted of. Rule 4.10, p. 16.

**BUDGET BOARD-**
See Legislative Budget Board.

**BULLETIN BOARD-**
Bulletin of committee meetings. Rule 11.10(c), p. 80.

**BUSINESS-**
See also Order of Business, Pending Business, Regular Order of Business, and Unfinished Business.
None conducted during call of Senate until quorum appears. Rule 5.04, p. 18.

**C**

**CALENDAR-**
See also Local and Uncontested Calendar.
Intent. Rule 5.14, p. 27.
List of bills on President's desk constitutes. Rule 5.12(a), p. 25.
Local and Uncontested; when quorum of committee not required. Rule 9.04, pp. 74-75.
Minority report, placing bill on, after minority report. Rules 11.17(c), p. 84; 16.06(9), p. 105.
Order of business. Rules 5.08, pp. 20-21; 5.09, pp. 21-22.
Order of considering bills on President's table. Rules 5.09, pp. 21-22; 5.12(a), p. 25.
Priority of special order on. Rule 5.11, p. 24.

**CALENDAR CLERK-**
Custodian of bills and resolutions. Rule 7.01, p. 48.
Elected at opening of session. Rule 1.04, p. 3.

**CALLED SESSION-**
Jurisdiction, precedents. Appendix, pp. 119-123.
Notes relative jurisdiction. Rule 7.04(a), p. 49.

**CALLED TO ORDER-**
Member called to order; procedure; refusal to be seated, consequences. Rules 4.06, p. 13; 4.07, p. 14.

**CALL OF SENATE-**
Awaiting presence of absentee Senators after quorum secured permissible. Rule 5.04, p. 18.
Member leaving during call, written permission of Presiding Officer required. Rule 5.04, p. 18.
Motion for, seconded by five Members. Rule 5.04, p. 18.
Notes on rulings relative to. Rule 5.04, p. 19.

Ordering of, when no quorum present (ruling). Rules 5.04, p. 19; 16.09(1), p. 107.

Procedure to enforce call. Rule 5.04, p. 18.

Procedure under call after quorum secured. Rule 5.04, p. 18.

Proceeding with business after quorum obtained. Rule 5.04, p. 18.

Punishment of absent members. Rule 4.09, p. 15.

Quorum for consideration of specific bill may be secured by means of. Rule 5.04(1), p. 18.

Quorum for definite period of time or for consideration of particular class of bills may be secured by. Rule 5.04(2), p. 18.

Writ of mandamus requested during. Rule 5.04, p. 18.

Written permission required for Member to leave during. Rule 5.04, p. 18.

**CALL SLIPS-**

Delivery to members prohibited during roll call. Rule 3.03, p. 7.

**CAPITOL-**

Lieutenant Governor to have control of parts of, set apart for use of Senate. Rule 1.01, p. 1.

**CAPTION-**

Content required; purpose. Rule 7.02, p. 48.

Note relative amendment, order of precedence. Rule 6.01, pp. 28-29.

**CHAIR-**

See also President, Presiding Officer.

Demand for removal of Senator occupying. Rule 4.08, pp. 14-15.

Note relative removal of Senator from. Rule 4.08, pp. 14-15.

Points of order to be decided by, immediately, when. Rules 6.12, p. 42; 16.08(11), p. 107.

Presiding officer to take, at hour of each meeting. Rule 5.01, p. 16.

Removal of Senator presiding; record made. Rules 4.08, pp. 14-15; 16.08(3), p. 106.

Right to name a Senator to perform duties of. Rule 1.01, p. 1.

Senator named by President to perform duties of, may be replaced by majority of Senators. Rules 1.01, p. 1; 16.08(2), p. 106.

**CHAMBER, SENATE-**

Admission to. Article II, pp. 4-6.

Clearing of, 30 minutes before and after session. Rule 2.01(b), p. 4.

Closing of, for call of Senate. Rule 5.04, p. 18.

Eating and drinking forbidden. Rule 3.02, p. 7.

Male dress prescribed during session. Rule 3.01, p. 7.

**CHAPLAIN-**

Elected at opening of session. Rule 1.04, p. 3.

Prayer at opening of session. Rule 5.06, p. 20.

**CIVIL OFFICER-**

Two-thirds vote required for address for removal. Rule 16.05(5), p. 104.

**CLERKS-**

See Committee Clerks.

**COMMIT-**

See also Commitment, Re-refer.

Motion allowed, when question under consideration by Senate. Rules 6.01, pp. 28-29; 6.08, pp. 36-37.

Motion to recommit permits discussion (ruling). Rule 6.01, p. 31.

Motion (ruling) to. Rule 6.01, p. 31.

Status of bill recommitted at third reading. Rule 6.08, pp. 36-37.

**COMMITMENT-**

Bills committed on third reading and reported back to be read second time again, etc. Rule 6.08, pp. 36-37.

Precedence of motions to commit. Rules 6.01(a)(8), p. 29; 6.08, pp. 36-37.

Resolutions. Rule 6.08, pp. 36-37.

A-7

**COMMITTEE AMENDMENTS-**
Note relative precedence over other types. Rule 6.01, pp. 28-29.

**COMMITTEE CLERKS-**
Number, duties; kinship to Members or to person appointing as disqualification. Rule 11.11(b), p. 81.

**COMMITTEE HEARINGS-**
See also Hearings in Committees.
Attendance by interested persons; opportunity to give testimony; procedure; notice requirements. Rules 11.18, p. 85; 11.19, pp. 86-88.
Deadline for report. Rule 7.24, p. 69.
Fiscal Note requirements. Rule 7.09(b)-(h), pp. 52-53.
Notice to Member on request of 48 hours. Rule 11.19, pp. 86-88.
Public notice. Rule 11.10, p. 80.
Questioning of witnesses by any Member of Senate allowed. Rule 11.18, p. 85.

**COMMITTEE MEETINGS-**
Absentees may be compelled to attend. Rule 11.09, p. 80.
Meetings at regular time and place; posted notice. Rule 11.10, p. 80.
Notice of meeting, 24 hours in advance. Rule 11.10, p. 80.
Notice of meeting, conference committee excepted. Rule 11.10(a), p. 80.
Record of proceedings open for inspection. Rule 11.11, p. 81.
Records of attendance; excuses of absentees. Rule 11.08, p. 80.
Tape recordings of procedure; transcriptions; disposition. Rule 11.11(c), p. 81.

**COMMITTEE MINUTES-**
Rule 11.11(d), p. 81.

**COMMITTEE OF THE WHOLE SENATE-**
Convened when vacancy in the office of Lieutenant Governor occurs. Rule 1.03, p. 2.
Formation of, and procedure in. Article XIII, pp. 97-98.

Lieutenant Governor may debate and vote on questions under consideration in. Rule 13.03, p. 97.
Note relative majority vote for formation. Rule 13.01, p. 97.
Note relative proceedings of, not entered in Journal. Rule 13.05, p. 98.
President to leave chair and appoint a chair. Rule 13.02, p. 97.
Report by, to Senate. Rule 13.05, p. 98.
Report on voter identification requirements measures from, may be set as special order. Rule 5.11(d), p. 24.
Senate rules applicable to procedure in. Rule 13.04, p. 97.
Subcommittee of. Rules 11.03, pp. 78-79; 13.05, p. 98.

**COMMITTEE PROCEDURES-**
Adoption of governing rules. Rule 11.07(a), p. 79.
Content of rules. Rule 11.07(c), p. 80.
Senate rules applicable. Rule 11.07(b), p. 80.

**COMMITTEE RECORDS-**
Filing with Secretary. Rule 11.11(d), p. 81.

**COMMITTEE REPORTS-**
See also Conference Reports, Minority Reports, Reports of Committees.
Advisory only, except, etc. Rule 11.06, p. 79.
Affirmative vote of majority of committee prerequisite to consideration of bill or resolution, except as provided for minority reports. Rules 11.15, p. 84; 11.17, pp. 84-85.
Bill or resolution analysis required. Rule 7.12(b), pp. 58-59.
Bills listed on calendar in order reported. Rule 5.12, pp. 25-26.
Committee of the Whole, procedure in. Rules 13.04, p. 97; 13.05, p. 98.
Committee substitute bill, matter before Senate instead of original. Rule 7.11, pp. 57-58.
Conclusive as to facts stated in (ruling). Rule 11.12(d), p. 82.
Contents. Rule 7.12(b), pp. 58-59.

A-8

Effect of recommendations in. Rules 7.12(a), p. 58; 11.06, p. 79.

Filing of. Rule 11.12, p. 82.

Format of reported bills and resolutions; exceptions. Rule 7.10, pp. 56-57.

Insertion in Journal. Rule 17.02, p. 108.

Minority reports. Rule 11.17, pp. 84-85.

Note relative contents. Rule 11.12, p. 82.

Referral of bill on third reading. Rule 6.08, pp. 36-37.

Rule requiring to be in writing. Rule 11.12(a), p. 82.

Standing Committee reports. Rules 5.12(a), p. 25; 11.06, p. 79.

Validity of, may be raised, when (ruling). Rule 11.12, p. 83.

Witnesses, list required. Rule 7.12(b), pp. 58-59.

COMMITTEES-

See also Conference Committees, Special Committees, Standing Committees.

Action permitted any time during session. Rule 11.13, p. 83.

Attendance of absentees may be enforced. Rule 11.09, p. 80.

Bills committed on third reading to be on second reading when reported back. Rule 6.08, pp. 36-37.

Bills must be reported by. Rule 7.06, p. 50.

Bulletin of committee hearings. Rule 11.10(c), p. 80.

Clerks, number, duties; kinship to Members or to person appointing as disqualification. Rule 11.11, p. 81.

Hearings on nominations by Governor; open, unless executive session ordered. Rule 14.03, p. 99.

Hearings open to public. Rule 11.18, p. 85.

House amendments to Senate bills; rules for handling. Rule 7.21, p. 67.

House bill replaces Senate bill on same subject. Rule 11.14(b), p. 83.

House substitute for Senate bill to be referred to. Rule 11.14(b), p. 83.

List of standing. Rule 11.02, pp. 77-78.

Local bill, not printed when committee so recommends. Rules 7.12, pp. 58-59; 11.06, p. 79.

Local and Uncontested Calendar, subcommittee for. Rule 9.04(c), p. 75.

Minutes of meetings. Rule 11.11, p. 81.

Notice in writing of hearing may be demanded. Rule 11.19, pp. 86-88.

Precedence of motions to commit. Rules 6.01(a)(8), p. 29; 6.08, pp. 36-37.

Precedence of motions to refer. Rule 6.08, pp. 36-37.

President to appoint; exception. Rule 11.01, p. 77.

Procedure at meetings. Rules 11.07 through 11.20, pp. 79-89.

Quorum necessary; not applicable when preparing and certifying local calendar. Rules 9.04(b), p. 74; 11.09, p. 80.

Record of attendance. Rule 11.08, p. 80.

Reports may be submitted any time during session. Rule 11.13, p. 83.

Reports shall be in writing. Rule 11.12(a), p. 82.

Reports to be filed by chairman. Rule 11.12, p. 82.

Resolutions may be referred to. Rule 8.02, p. 70.

Rules for operation, adoption at first meeting; filing with Secretary of the Senate. Rules 11.07, pp. 79-80; 11.11(c), (d), p. 81.

Substitute bill, course of; consequences of defeat. Rule 7.11, pp. 57-58.

COMMITTEE SUBSTITUTE-

Action taken on, in lieu of original bills. Rule 7.11(a), pp. 57-58.

Course of. Rule 7.11(a), pp. 57-58.

Defeat, as defeat of original bill. Rule 7.11(a), pp. 57-58.

Germaneness, point of order. Rule 7.11(b), p. 58.

CONCURRENT RESOLUTIONS-

See also Resolutions.

Action on, without report by committee to which referred (ruling). Rule 8.02, p. 71.

Place on calendar, House. Rule 5.09(11), p. 22.

Place on calendar, Senate. Rule 5.09(5), p. 21.

Proceedings on concurrent and joint resolutions. Rule 8.01, p. 70.

A-9

**CONDUCT, DISORDERLY-**
See Disorderly Conduct.

**CONFERENCE COMMITTEES-**
Instruction of conferees; different types of bills. Rule 12.02, p. 90.
Lieutenant Governor or Presiding Officer authorized to appoint. Rule 12.01, p. 90.
Motion to appoint, privileged. Rule 6.01(b), p. 29.
Note relative text neither in Senate nor House version. Rule 12.03, p. 91.
Notice of meetings of, excepted. Rule 11.10(a), p. 80.
Practice in Congress relative conferences. Appendix, pp. 114-116.
Precedents. Appendix, pp. 112-113.
Reports, adoption, etc. (rulings and precedents). Appendix, pp. 112-113.
Suspension of limitations to allow consideration. Rules 12.08, p. 95; 16.07(3), p. 106.

**CONFERENCE REPORTS-**
Analysis required, content. Rule 12.10, p. 96.
Enforcement by President. Rule 12.11, p. 96.
May be recalled from Governor for reconsideration (ruling). Rule 6.10, p. 41.
Motion about, privileged. Rule 6.01(b), p. 29.
Motion to table, not in order (ruling). Rule 6.01, p. 30.
Printing and notice of. Rule 12.09, p. 95.
Record vote required on motion to adopt. Rule 6.15(a)(2), p. 44.

**CONFIRMATION-**
Consideration of nominees for confirmation in open session, unless otherwise ordered by majority vote of membership. Rules 15.02, p. 100; 16.07(5), p. 106.
Secrecy of executive sessions. Rule 15.01, p. 100.
Vote required for confirmation of Governor's appointees. Rule 16.06(3), p. 104.
Vote to confirm or not to confirm nominees in open session; entry in Journal. Rule 15.02, p. 100.

**CONGRATULATORY RESOLUTIONS-**
Procedure for introduction and handling. Rule 8.03, p. 72.

**CONSTITUTION-**
Amendment of, vote on final passage to be recorded in Journal. Rule 6.15(a)(1), p. 44.
Joint resolution on third reading, failure of. Rule 10.03, p. 77.
Notes relative procedure on proposals to amend. Rule 10.02, p. 76.
Precedents involving interpretation of provisions. Appendix, pp. 116-123.
Proposals to amend, subject to same rules as bills. Rule 10.01, p. 76.
Reading of proposed amendments on three several days. Rule 10.01, p. 76.
Rules pursuant to Article III, Section 5, of Constitution. Rules 7.04(c), p. 49; 7.05(a), p. 50; 7.06(a), p. 50; 7.07(b), p. 51; 7.08, p. 51; 7.13, p. 60; 9.02, p. 74; 16.03(2), p. 102.

**CONSTITUTIONAL AMENDMENTS-**
See Amendments to Constitution.

**CONSTITUTIONAL RULE-**
Defeated motion to suspend three-day rule may be repeated on same legislative day (ruling). Rules 7.18, p. 66; 16.04(1), p. 103.
Vote required to suspend reading of bills on three several days. Rules 7.18, p. 66; 16.04(1), p. 103.

**CONSTITUTIONALITY-**
Note relative rulings on, by President. Rule 6.12, p. 42.

**CONTEMPT-**
Imprisonment of persons not Members of Senate. Rule 3.06, p. 8.
Presiding officer guilty of, when. Rule 4.08, pp. 14-15.
Punishment of person obstructing proceedings. Rule 3.06, p. 8.

**COUNTIES-**
Reduce area, vote required. Rule 16.05(4), p. 104.

A-10

CRIMINAL JUSTICE POLICY IMPACT STATEMENT-
When required. Rules 7.09(j), p. 54; 7.12(b), pp. 58-59.

CUSTODIAN OF BILLS, RESOLUTIONS-
Calendar Clerk to be. Rule 7.01, p. 48.

D

DEADLINE FOR REPORT-
Bill not to be considered or passed unless reported from committee three days before final adjournment; vote required for suspension of rule. Rules 7.24, p. 69; 16.04(2), p. 103.

DEBATABLE-
Motions not. Rules 6.02, pp. 33-34; 6.12, p. 42; 6.13, p. 43; 8.02, p. 70.
Resolutions and petitions when directed by two-thirds majority of Members present to be considered immediately; motion not. Rules 8.02, p. 70; 16.06(13), p. 105.

DEBATE-
Appeal from ruling made pursuant to demand for immediate decision to be decided by Senate without debate. Rule 6.12, p. 42.
Free discussion to be allowed on bills. Rule 7.18, p. 66.
Interruption of Senator permitted, when. Rule 4.03, p. 9.
Leave of Senate for Member to speak more than twice. Rule 4.05, p. 13.
Limitation of. Rule 6.02, pp. 33-34.
Motion to consider petition or resolution immediately, not debatable; vote required. Rules 8.02, p. 70; 16.06(13), p. 105.
Motions that are not debatable. Rules 6.02, 33-34; 6.12, p. 42; 8.02, p. 70.
Notes relative dilatory tactics. Rule 4.03, pp. 9-12.
Notes relative interruption of Member addressing Senate. Rule 4.03, pp. 9-12.
Notes relative limitation of. Rule 6.02, pp. 34-35.
Notes relative practice as to recognition of members in debate. Rule 4.04, pp. 12-13.

Objection to reading of paper shall be decided by majority vote of Members present. Rules 6.13, p. 43; 16.08(8), p. 106.
President may debate in Committee of Whole Senate. Rule 13.03, p. 97.
Previous question may be ordered notwithstanding constitutional free discussion provision (ruling). Rule 6.09, p. 37.
Regular order, motion to suspend not debatable (ruling). Rule 6.02, pp. 34-35.
Right of author to close. Rule 6.02, pp. 33-34.
Senator called to order, may not proceed, until, etc. Rule 4.06, p. 13.
Senator may be interrupted for what purposes. Rule 4.03, p. 9.
Senators about to speak shall rise and address President. Rule 4.01, p. 8.
Withdrawal of motion, effect on debate (ruling). Rule 6.04, p. 35.
Yielding for motion to adjourn no waiver of right to resume and continue address (ruling). Rule 4.05, p. 13.

DECORUM-
See also Disorderly Conduct, Misconduct.
Member called to order by President or a Senator; procedure for determination. Rule 4.06, p. 13.
Member called to order, refusing to be seated; consequences. Rule 4.07, p. 14.
Point of order made at any time. Rule 4.03, p. 9.
President to decide questions of order. Rules 5.15, p. 27; 20.01, p. 110.
Previous question moved at any time. Rules 4.03, p. 9; 6.09, p. 37.
Removal of Senator from chair. Rule 4.08, pp. 14-15.
Senator calling another to order. Rule 4.03, p. 9.
Senator having floor may be interrupted when. Rule 4.03, p. 9.
Senators to address President when desiring to speak. Rule 4.01, p. 8.

DEFEATED AMENDMENT-
Similarity no bar to action on proposed amendment (rulings). Rule 6.01, pp. 30-33.

**DEFEATED BILL-**
Consideration of other bills containing same substance. Rule 7.22, p. 68.

**DEFEATED RESOLUTION-**
Consideration of other resolutions containing same substance. Rule 8.04, p. 72.

**DEFINITIONS OF VOTING REQUIREMENTS-**
Rule 16.01, pp. 101-102.

**DEMANDS-**
For immediate ruling. Rule 6.12, p. 42.
Seconds by 10 Senators necessary to demand immediate ruling. Rule 4.08, pp. 14-15.

**DEMONSTRATIONS-**
Rule 3.05, p. 7.

**DESKS OF SENATORS-**
Printed copies of bills placed on. Rule 7.12(a), p. 58.

**DIFFERENCES BETWEEN HOUSES-**
Precedents relative adjustment of. Appendix, p. 114.

**DIGRESSIONS-**
See Dilatory Tactics.

**DILATORY TACTICS-**
Digressions in debate (rulings). Rule 4.03, pp. 10-12.

**DISORDERLY CONDUCT-**
See also Decorum.
Imprisonment of persons not Members. Rule 3.06, p. 8.
Notes relative repeated warnings for not confining remarks to pending question may take Senator from floor. Rule 4.03, pp. 10-12.
Presiding officer guilty of, when. Rule 4.08, pp. 14-15.
Punishment of Member for. Rule 4.09, p. 15.
Refusal of Senator called to order to be seated. Rule 4.07, p. 14.
Senator may be required to purge himself of. Rule 4.07, p. 14.

**DIVISION OF QUESTION-**
Amendment to strike out and insert not divisible. Rule 6.06, p. 36.
Demand for, may be made by one Senator. Rule 6.06, p. 36.
Motion to suspend regular order, divisible, when (ruling). Rule 6.06, p. 36.
Note relative to. Rule 6.06, p. 36.
Tabling affects only matter to which it is directed. Rule 6.07, p. 36.

**DOORKEEPER-**
Duties when call of Senate ordered. Rule 5.04, p. 18.
Election at opening of session. Rule 1.04, p. 3.
To close doors during call of Senate. Rule 5.04, p. 18.

**DOORS-**
Closed during call of Senate to prohibit Members from leaving. Rule 5.04, p. 18.
Closed during executive sessions. Rule 2.01(a), p. 4.
Note relative sessions of Senate open to public, except. Rule 2.01(a), p. 4.

**DRESS-**
See Attire.

E

**EATING OR DRINKING-**
Forbidden in Senate Chamber. Rule 3.02, p. 7.

**EFFECTIVE DATE-**
Vote required for immediate. Rule 16.05(2), p. 103.

**ELECTIONS-**
Majority vote of Members present necessary for choice. Rules 1.05, p. 3; 16.08(1), p. 106.
Note relative to officers of the Senate for the purposes of Rule 1.05. Rule 1.05, p. 3.
President Pro Tempore. Rule 1.02, p. 2.
Senate officers. Rules 1.04, p. 3; 16.08(1), p. 106.
Vote to be given viva voce, except. Rule 1.05, p. 3.

A-12

**EMERGENCY MATTERS-**
Bills relating to certain, may be introduced any time. Rule 7.08, p. 51.

**EMPLOYEES OF SENATE-**
Lobbying for or against any measure prohibited. Rule 2.03(b), p. 5.

**ENACTING CLAUSE-**
Note relative amendments order of consideration. Rule 6.01, pp. 28-29.

**ENROLLING CLERK-**
Authorized to make certain technical corrections. Rule 7.10(d), p. 57.
Election at opening of session. Rule 1.04, p. 3.

**EQUALIZED EDUCATION FUNDING IMPACT STATEMENT-**
When required. Rules 7.09(k), p. 54; 7.12(b), p. 58.

**EXCUSES FOR ABSENCE-**
Two-thirds vote of Senators present needed for. Rule 16.06(7), p. 105.

**EXECUTIVE BUSINESS-**
Motion to proceed to transaction of, allowed when. Rule 6.01(a)(3), p. 29.
Precedence of motion to transact. Rule 6.01(a)(3), p. 29.

**EXECUTIVE COMMUNICATIONS-**
Called for by President at morning call. Rule 5.08(3), p. 20.

**EXECUTIVE NOMINATIONS-**
See Nominations of Governor.

**EXECUTIVE SESSIONS-**
Doors closed during. Rule 2.01(a), p. 4.
Executive nominations, consideration procedure. Rules 15.02, p. 100; 16.07(5), p. 106.
Future day to be assigned for action on nominations. Rule 14.01, p. 98.
Hearings on nominations open unless otherwise ordered. Rule 14.03, p. 99.
Officers in attendance. Rule 15.01, p. 100.

Penalties for violation of secrecy rule. Rule 15.04, p. 100.
Proceedings kept in separate book. Rule 15.05, p. 101.
Proceedings of Senate in open session acting upon nominations made by Governor, entry in Journal. Rules 15.05, p. 101; 16.02(5), p. 102.
Proceedings secret; rules governing. Rule 15.01, p. 100.
Records of proceedings in. Rule 15.05, p. 101.
Records of proceedings in, not entered in Journal. Rules 15.05, p. 101; 17.02, p. 108.
Remarks relative nominees to be open unless otherwise ordered. Rule 15.02, p. 100.
Secrecy of, may be dispensed with by unanimous consent. Rule 16.02(5), p. 102.
Secretary to report action on nominations to Governor. Rule 14.04, p. 99.
Senate Chamber and galleries to be cleared. Rule 15.01, p. 100.

**EXPLANATION-**
Motion to take up bill permits explanation only (ruling). Rule 6.02, p. 34.

**EXPULSION-**
Power of Senate to expel Member or dismiss officer. Rules 4.09, p. 15; 4.10, p. 16; 15.04, p. 100.
Two-thirds vote of elected Members necessary to expel Member. Rule 16.05(6), p. 104.

**F**

**FILIBUSTERING-**
Notes relative. Rule 4.03, pp. 9-12.

**FILING DEADLINE-**
Limitations on introduction. Rule 7.07, p. 51.

**FISCAL NOTE-**
Attachment to bills and resolutions, when required; duty of committee chairmen. Rules 7.09(b)-(h), (t), pp. 52-53, p. 56; 7.12(b), p. 58.

A-13

**FLOOR AMENDMENTS-**
Notes relative order of consideration, with reference to other types of amendments. Rule 6.01, p. 28.

**FLOOR PRIVILEGES-**
Restrictions. Rules 2.02, p. 4; 2.03, p. 5; 2.04, p. 5; 2.05, p. 6.

**FREE DISCUSSION-**
Previous question rule not violation of rule relative (ruling). Rule 6.09, p. 38.
Rulings relative. Rule 6.09, pp. 38-39.

**FUNDS, STATE-**
See State Funds.

**G**

**GENERAL BILL-**
Printing of. Rules 7.12, pp. 58-59; 11.06, p. 79.

**GERMANENESS-**
Committee substitute. Rule 7.11(b), p. 58.
Rule and notes relative to. Rule 7.15, pp. 61-65.

**GOVERNOR-**
Action taken on nominations to be communicated to. Rule 14.04, p. 99.
Admission to floor of Senate. Rules 2.02, p. 4; 2.06, p. 6.
Bills relating to emergency matters submitted by, may be introduced any time during session. Rule 7.08, p. 51.
Bills returned by, to be entered with objections in Journal. Rule 17.03, p. 109.
Confirmation of appointments, vote required. Rule 16.06(3), p. 104.
Inauguration open to public. Rule 2.06, p. 6.
Nominations by, time and manner of considering. Article XIV, pp. 98-99; Rule 16.06(3), p. 104.
Resolutions requiring approval of, procedure same as on bills. Rule 8.01, p. 70.
Vote required for passage of bills over veto, Constitution, Article IV, Section 14. Rules 6.20, p. 46; 16.05(7), p. 104; 16.06(2), p. 104.

**GOVERNOR'S NOMINATIONS-**
See Nominations of Governor.

**H**

**HEARINGS IN COMMITTEES-**
See also Committee Hearings.
Nominations by Governor, hearings on; open, unless executive session ordered. Rule 14.03, p. 99.
Notices, requisites, etc. Rules 11.10, p. 80; 11.18, p. 85; 11.19, pp. 86-88.
Sufficiency of notice, determination by President. Rule 11.19(i), p. 88.

**HIGHER EDUCATION IMPACT STATEMENT-**
When required. Rules 7.09(l), p. 54; 7.12(b)(8), p. 59.

**HOUSE-**
House amendments of Senate bills; printing. Rule 7.21, p. 67.
Messages, bills, etc., transmission to and from. Rules 18.01, p. 109; 18.02, p. 110.
Recalling matter from, when vote on passage has been reconsidered. Rule 6.10(b), p. 39.
Record vote required on motion to concur in House amendments to Senate bills. Rule 6.15(a)(2), p. 44.

**HOUSE BILLS-**
See also Bills.
Consideration in Senate of measure containing same substance as one defeated in House prohibited. Rule 7.22, p. 68.
Days for consideration of. Rule 5.10, pp. 22-23.
Determination of Senate sponsor. Rule 11.14(a), p. 83.
Displace Senate bills in Committee, when. Rule 11.14(b), p. 83.
First reading and referral to committee. Rules 5.08(1), p. 20; 7.05(b), p. 50.
Notes relative consideration in lieu of Senate bills on same subjects. Rule 7.14, p. 60.
Notes relative days for consideration. Rule 5.10, p. 22.
Precede Senate bills containing same subject. Rule 7.14, p. 61.

Precedence given, on Wednesdays and Thursdays. Rule 5.10, pp. 22-23.

Reading and reference of. Rules 7.05(b), p. 50; 7.06(a), p. 50.

Unfinished on House bill days, unfinished business on following Wednesday. Rule 5.10, pp. 22-23.

## I

**ILLNESS-**
Senators excused on account of. Rule 5.03, p. 17.

**IMPACT STATEMENTS-**
Content; when required. Rule 7.09(i)-(p), pp. 53-55.

**IMPEACHMENT-**
Two-thirds vote required. Rule 16.06(1), p. 104.

**INQUIRIES-**
See Parliamentary Inquiries.

**INTENT CALENDAR-**
Notices, number allowed. Rule 5.14(a), p. 27.

Order of consideration, notice requirements. Rule 5.14, p. 27.

Regular order may not be suspended until second day posted on, before the 130th calendar day of the regular session. Rule 5.14(b), p. 27.

**INTERRUPTION-**
Of Member on floor. Rule 4.03, p. 9.

Of President. Rule 4.02, p. 9.

## J

**JOINT RESOLUTIONS-**
Amendments to, on third reading, require two-thirds vote of Members present. Rules 10.02, p. 76; 16.06(4), p. 104.

Failure of adoption on third reading. Rule 10.03, p. 77.

Final passage constitutional amendments shall be by two-thirds vote of Senators elected. Rules 10.02, p. 76; 16.05(1), p. 103.

Note relative reconsideration of adverse vote on conference committee report. Rule 6.10, p. 40.

Notes relative procedure on. Rule 10.02, pp. 76-77.

Order of considering, House. Rule 5.09(8), p. 22.

Order of considering, Senate. Rule 5.09(3), p. 21.

Procedure on, same as on bills, except. Rules 10.01, p. 76; 10.02, p. 76.

Proposed amendment to, on third reading, two-thirds vote of Members present. Rules 10.02, p. 76; 16.06(4), p. 104.

Reconsideration not necessary to adopt conference committee report on (ruling). Rule 6.10, p. 40.

Reconsidering vote after failure on final passage. Rule 10.03, p. 77.

Record vote required on final passage of certain. Rule 6.15(a), p. 44.

Rules governing bills applicable to. Rule 10.01, p. 76.

Two-thirds vote of elected Senators necessary for passage of. Rules 10.02, p. 76; 16.05(1), p. 103.

**JOINT RULES-**
May modify order of business. Rule 5.09, pp. 21-22.

Vote to adopt, suspend, amend, or rescind, majority of elected Members; priority over Senate rules. Rules 16.07(2), p. 106; 21.02, p.112; 22.02, p. 112.

**JOURNAL-**
Entry in, of vote adopting nonprocedural motion. Rule 6.15(c), p. 44.

Entry in, of vote on final passage of bills and certain resolutions. Rule 6.15(a)(1), p. 44.

Entry in, of vote on final passage of resolution amending Constitution. Rule 6.15(a)(1), p. 44.

Entry in, of vote on motions to adopt conference committee report. Rule 6.15(a)(2), p. 44.

Entry in, of vote on motions to concur in House amendments to Senate bills. Rule 6.15(a)(2), p. 44.

Entry in, of vote on motions to suspend the constitutional three-day rule. Rule 6.15(a)(2), p. 44.

Entry in, of vote on questions requiring two-thirds vote of Members present; rules governing. Rule 6.15(a)(3), p. 44.

Executive veto published in. Rule 17.03, p. 109.

Nominees, vote to confirm or not to confirm taken in open session; entry in. Rule 15.02, p. 100.

Note relative to proceedings of Committee of the Whole. Rule 13.05, p. 98.

Proceedings of Senate in executive session, kept in separate book. Rule 15.05, p. 101.

Proceedings of Senate in open session acting upon nominations made by Governor; entry in. Rule 15.05, p. 101.

Reading and correction of. Rule 5.07, p. 20.

Reasons for vote may be entered in. Rule 17.01, pp. 107-108.

Removal of Senator from chair, record made. Rule 4.08, pp. 14-15.

Senators appearing on floor after call ordered to have names entered upon, as present. Rule 5.04, p. 18.

Signing of bills and resolutions recorded in. Rule 7.23, p. 69.

Spreading motion to reconsider on. Rule 6.11, p. 42.

Statement on vote adopting nonprocedural motion to be entered in. Rule 6.15(c), p. 44.

Subject matter to be entered in. Rule 15.05, p. 101; Article XVII, pp. 107-109.

Titles of bills acted on to be shown in. Rule 17.02, p. 108.

Vote on suspension of constitutional rule requiring reading on three several days; entered in. Rule 7.18, p. 66.

Yeas and nays entered in, at request of three Senators. Rule 6.15(b), p. 44.

Yeas and nays on questions requiring two-thirds vote of elected Members to be entered in. Rule 6.15(a)(2), p. 44.

Yeas and nays on resolutions suspending conference committee limitations to be recorded in. Rule 12.08, p. 95.

**JOURNAL CLERK-**

Election at opening of session. Rule 1.04, p. 3.

**JURISDICTION OF SENATE-**

Precedents relative, at special session. Appendix, pp. 119-123.

**L**

**LAY ON TABLE-**

See Table, Table Subject to Call.

**LEAVE OF ABSENCE-**

Note relative effect of excusing absentees. Rule 5.03, pp. 17-18.

Vote necessary for granting. Rule 16.06(7), p. 105.

**LEGISLATIVE BUDGET BOARD-**

Criminal justice policy impact statement prepared by. Rules 7.09(j), p. 54; 7.12(b), p. 58.

Equalized education funding impact statement prepared by. Rules 7.09(k), p. 54; 7.12(b), p. 58.

Fiscal notes from, required on certain bills; procedures. Rules 7.09(b)-(h), pp. 52-53; 7.12(b), p. 58.

Higher education impact statement prepared by. Rule 7.09(l), p. 54.

Open government impact statement prepared by. Rule 7.09(m), p. 55.

**LEGISLATIVE REORGANIZATION ACT OF 1961**
(Subchapter B, Chapter 301, Government Code)-

Sections applicable as required by subpoena. Rule 11.20(c), p. 89.

**LIEUTENANT GOVERNOR-**

See also President, Presiding Officer.

Committees to be appointed by. Rule 11.01, p. 77.

Conference committees appointed by, exception. Rule 12.01, p. 90.

Designation of Senator to perform duties of chair. Rule 1.01, p. 1.

Duties of. Rule 1.01, p. 1.

Note relative giving of casting vote. Rule 6.18, p. 45.

President Pro Tempore to perform duties during absence or disability. Rule 1.02, p. 2.

Procedure if vacancy in office occurs. Rule 1.03, p. 2.

Right to vote in case Senate equally divided. Rule 6.18, p. 45.

A-16

Standing committees appointed by. Rule 11.02, pp. 77-78.

Tie vote when Lieutenant Governor absent, result. Rule 6.19, p. 46.

**LIMITATION OF DEBATE-**

Motion to suspend regular order explainable (ruling). Rule 6.02, p. 34.

On motion to table; previous question; adjourn or recess. Rule 6.02, pp. 33-34.

**LIMITATION ON VOTE-**

Bill not to be passed on its third reading after the 135th calendar day of a Regular Session, or for any purpose within the last 24 hours except for corrections; suspension of four-fifths of Members required. Rules 7.25, p. 69; 16.04(3), p. 103.

Notes relative to. Rules 7.25, p. 69; 16.04(3), p. 103.

**LOBBYING-**

Note relative lobbying on floor of House or Senate while in session. Rule 2.03, p. 5.

Officers and employees forbidden to engage in. Rule 2.03(b), p. 5.

Persons engaged in, not admitted to sessions of Senate. Rule 2.03, p. 5.

**LOCAL AND UNCONTESTED CALENDAR-**

Application deadline for placement on. Rule 9.04(d), p. 75.

Bills and resolutions prohibited from placement on. Rule 9.06, pp. 75-76.

Bills and resolutions referred to Administration Committee for consideration on. Rule 9.04(a), p. 74.

Certification by Administration Committee. Rule 9.03(a), p. 74.

Certification by subcommittee. Rule 9.04(a), p. 74.

Consideration on local calendar may be objected to, requires objection in writing by two or more Members. Rule 9.03(c), p. 74.

Distribution to Members; deadline. Rule 9.03(b), p. 74.

Qualifications of bill or resolution for placement on. Rule 9.05, p. 75.

Quorum of committee not required when meeting for purpose of preparing and certifying. Rule 9.04(b), p. 74.

Rules; suspension by unanimous consent of Members present. Rule 9.07, p. 76.

**LOCAL BILLS-**

See also Bracket Bills; Local and Uncontested Calendar.

Definition. Rule 9.01, pp. 73-74.

Introduction permitted any time during session. Rules 7.08, p. 51; 9.02, p. 74.

Notice of publication attachment required for introduction. Rules 7.07(c), p. 51; 9.01(a), p. 73.

Printing. Rules 7.12, pp. 58-59; 11.06, p. 79.

Printing not prerequisite to consideration. Rule 7.12(a), p. 58.

Referral to Administration Committee. Rule 9.04(a), p. 74.

Requirements for consideration, placement on calendar; procedures. Article IX, pp. 73-76.

Ruling relative bracket bills. Appendix, p. 123.

**M**

**MAIN QUESTION-**

See Previous Question.

**MALE DRESS-**

Prescribed during session. Rule 3.01, p. 7.

**MEMBERS OF SENATE-**

See also Senators.

Calling to order. Rule 4.03, p. 9.

Duty to attend sessions. Rule 5.03, p. 17.

Expulsion by two-thirds vote of elected Members for misconduct. Rules 4.09, p. 15; 16.05(6), p. 104.

Expulsion of Member; two-thirds vote of Members elected required. Rule 16.05(6), p. 104.

Interruption allowed, when and for what purposes; resuming floor. Rule 4.03, p. 9.

Limitation of debate by. Rules 4.05, p. 13; 4.06, p. 13; 4.07, p. 14.

May send for absentees. Rules 5.02, p. 16; 16.09(2), p. 107.

A-17

Names called alphabetically at opening of meeting. Rule 5.05, p. 20.

Present and not voting counted in determining quorum. Rule 6.15(b), p. 44.

Present and paired counted in determining quorum. Rule 6.17, p. 45.

Present, failing or refusing to answer; recording as present. Rule 6.16, p. 45.

Procedure when Member called to order; restoring order; penalty for misconduct. Rules 4.06, p. 13; 4.07, p. 14.

Punishment for disorderly conduct. Rule 4.09, p. 15.

Recognition, when sought by two or more Members. Rule 4.04, p. 12.

Senate sole judge of qualifications. Appendix, p. 117.

Violation of rule relative secrecy of executive sessions permits expulsion. Rule 15.04, p. 100.

**MEMORIALS-**

Brief statement of contents entered in the Journal. Rule 17.02, p. 108.

Presentation and procedure for handling. Rule 8.03, p. 72.

**MESSAGES-**

Emergency matters, special messages, considered at any time during session. Rule 7.08, p. 51.

Message and call slips to Members; rules for delivering in Senate Chamber. Rule 3.03, p. 7.

Order of disposing of, on morning call. Rule 5.08(3), p. 20.

Recall and reconsideration. Rule 6.10, p. 39.

Secretary to send to House. Rule 18.01, p. 109.

**MESSAGES FROM HOUSE-**

Reception of. Rule 18.02, p. 110.

**MINORITY REPORT-**

Filing of, necessary to revive bill. Rule 11.17, pp. 84-85.

Motion to print on. Rule 5.08(4), p. 20.

Motion to substitute, to be made within 10 calendar days. Rule 11.17(c), pp. 84-85.

Requisites of. Rule 11.17, pp. 84-85.

Vote to place on calendar. Rules 11.17(c), pp. 84-85; 16.06(9), p. 105.

**MINUTES-**

Committee proceedings open for inspection. Rule 11.11(a), p. 81.

Staff to record activities. Rule 11.11(b), p. 81.

Tape recordings of committee proceedings; transcription; disposition. Rule 11.11(a), (c), (d), p. 81.

**MISCONDUCT-**

See also Decorum, Disorderly Conduct.

Members guilty of. Rules 4.07, p. 14; 4.09, p. 15; 4.10, p. 16.

Other persons guilty of. Rule 3.06, p. 8.

Senator, called to order, refusing to take seat; consequences. Rule 4.07, p. 14.

**MORNING CALL-**

Concluded and announced. Rule 5.08, pp. 20-21.

Motion to suspend, not in order. Rule 5.08, pp. 20-21.

Order of calling for day's business. Rule 5.08(1) through (5), p. 20.

**MOTIONS-**

See also Motions Seconding, Withdrawal of Motion, Written Motions.

Adjournment or recess; motion always in order. Rule 6.21, p. 46.

Allowed during consideration of question. Rule 6.01(a), pp. 28-29.

Bills advanced to second reading without. Rule 7.17, pp. 65-66.

Call of Senate, motion for stated purposes, seconded by five Members, ordered by majority present, effective to initiate. Rule 5.04, p. 18.

Debate of certain, prohibited. Rule 6.02, pp. 33-34.

Fixing sum, largest has precedence. Rule 6.05, p. 36.

Fixing time, longest has precedence. Rule 6.05, p. 36.

Germane, must be. Rules 7.11(b), p. 58; 7.15, p. 61.

A-18

Majority vote decides motion to reconsider in all cases. Rules 6.11, p. 42; 16.08(7), p. 106.

Motion to place minority report on calendar, privileged. Rule 11.17(c), pp. 84-85.

Motions not provided for herein, place for. Rule 5.08(5), pp. 20-21.

Nonprocedural, vote adopting reflected in Journal. Rule 6.15(c), p. 44.

Not debatable. Rules 6.02, pp. 33-34; 6.12, p. 42; 8.02, p. 71.

Note relative withdrawal of pending, privilege of maker, even when Senator on floor. Rule 4.03, p. 11.

Notes relative precedence of. Rule 6.01, p. 28.

Notes relative what, not debatable. Rule 6.02, pp. 34-35.

Precedence of, and notes relative. Rule 6.01, pp. 29-33.

Precedence of motions to fix a sum or state a time. Rule 6.05, p. 36.

President to entertain certain, when Senator has floor. Rule 4.03, p. 9.

Previous question. Rules 6.09, p. 37; 16.08(10), p. 107.

Reading, puts in possession of Senate. Rule 6.04, p. 35.

Reconsideration of vote, motion for. Rules 6.10, p. 39; 6.11, p. 42.

Refer, motion to, in order when bill is on third reading. Rule 6.08, pp. 36-37.

Removal of Senator from chair for refusing to entertain. Rule 4.08, pp. 14-15.

Request for return of matter to be reconsidered from House. Rule 6.10(b), p. 39.

Rescind any Senate rule, votes to. Rules 16.06(12), p. 105; 22.01, p. 112.

Sequence of. Rule 6.01(a), pp. 28-29.

Strike out or strike out and insert, rules governing. Rule 6.06, p. 36.

Suspension of constitutional three-day rule, vote entered in Journal. Rule 6.15(a)(2), p. 44.

Suspension of rule relating to admission to sessions of Senate. Rules 2.07, p. 6; 16.02(1), p. 102.

Table, to; as affecting only matter to which directed. Rule 6.07, p. 36.

To fix a sum or state a time. Rule 6.05, p. 36.

To instruct conference committee. Rule 12.02, p. 90.

To print on minority report. Rule 5.08(4), p. 20.

Withdrawal before amendment or decision. Rule 6.04, p. 35.

Writing of, may be demanded by President or Senator. Rule 6.03, p. 35.

Writing of, may not be demanded if roll call commenced (ruling). Rule 6.03, p. 35.

**MOTIONS, SECONDING-**

Call of Senator for consideration of specific measures requires five. Rule 5.04, p. 18.

Demand for immediate ruling requires 10. Rule 6.12, p. 42.

Previous question requires five. Rule 6.09, p. 37.

**N**

**NEWS MEDIA-**

Admission to Senate denied if engaged in lobbying. Rule 2.03(a), p. 5.

Credentials to be filed with Committee on Administration. Rule 2.04, p. 5.

Requirements for admission to Senate. Rule 2.04, p. 5.

**NOMINATIONS OF GOVERNOR-**

See also Appointees.

Confirmation of, vote required. Rule 16.06(3), p. 104.

Consideration of, in open session, rules governing. Rule 15.02, p. 100.

Future day for considering. Rule 14.01, p. 98.

Hearings in committee; open, unless executive session ordered. Rule 14.03, p. 99.

Names of nominee or nominees reported out of committee to be printed and furnished to each Member 24 hours before action on. Rule 14.02, p. 98.

Note relative withdrawal and resubmission of. Rule 14.04, p. 99.

Procedures for handling. Articles XIV, pp. 98-99; XV, pp. 100-101.

Remarks to be in open session, unless ordered otherwise. Rule 15.02, p. 100.

Secretary to make return to Governor. Rule 14.04, p. 99.

Time and manner of considering. Articles XIV, pp. 98-99; XV, pp. 100-101.

A-19

Vote required for Senate confirmation.   Rule 16.06(3), p. 104.

Votes on confirmation in open session; entry in Journal. Rule 15.02, p. 100.

**NOTICE-**

See also "Tagging" Bill.

Caption; purpose to give. Rule 7.02, pp. 48-49.

Committee hearing.  Rules 11.10, p. 80; 11.19, pp. 86-88.

Local bills, publication requirement.   Rule 7.07(c), p. 51; 9.01, p. 73.

Posting of notice of hearings. Rule 11.10, p. 80.

Suspending order of business, advance, required. Rule 5.14(a), p. 27.

**O**

**OBJECTION-**

Reading of a paper.  Rule 6.13, p. 43.

**OFFICERS OF SENATE-**

See also President, President Pro Tempore, Presiding Officer.

Attendance at executive sessions. Rule 15.01, p. 100.

Dismissal for violation of rule relative secrecy of executive sessions. Rule 15.04, p. 100.

Duties of President. Rule 1.01, p. 1.

Duties of President Pro Tempore.  Rules 1.02, p. 2; 1.03, p. 2.

Election at opening of session, duties. Rule 1.04, p. 3.

Lobbying by, prohibited.  Rule 2.03(b), p. 5.

Majority vote necessary to elect. Rules 1.05, p. 3; 16.08(1), p. 106.

Manner of voting for.  Rule 1.05, p. 3.

Note relative to officers for the purposes of Rule 1.05. Rule 1.05, p. 3.

Relatives of current Members of Texas Legislature, not eligible for offices.   Rule 1.04, p. 3.

Secretary of Senate, election, duties. Rule 1.04, p. 3.

Violation of rule relative secrecy of executive sessions permits dismissal. Rule 15.04, p. 100.

**OPEN GOVERNMENT IMPACT STATEMENT-**

When required. Rule 7.09(m), p. 55.

**OPINION OF ATTORNEY GENERAL-**

Reading in debate, permitted, when (rulings). Rule 6.13, p. 43.

**ORDER-**

President not to be interrupted when putting question or addressing Senate.  Rule 4.02, p. 9.

President shall decide questions of, appeal allowed.  Rules 1.01, p. 1; 5.15, p. 27; 20.01, p. 110; 20.02, p. 111.

Senator called to order by President or another Senator, may not proceed, until, etc. Rule 4.06, p. 13.

**ORDER OF BUSINESS-**

See also Regular Order of Business.

Adjournment. Rules 6.21, p. 46; 6.22, p. 48.

Commitment. Rules 6.08, pp. 36-37; 16.06(10), p. 105.

Committee of the Whole Senate in order after bills and resolutions called.  Rule 13.01, p. 97.

Disposition on House bill days. Rule 5.10, pp. 22-23.

Disposition on Senate bill days. Rule 5.09, pp. 21-22.

Executive nominations.   Rules 14.01, p. 98; 14.02, p. 98.

Intent calendar, rules governing. Rule 5.14, p. 27.

Joint rules may modify. Rule 5.09, pp. 21-22.

Morning call. Rule 5.08, pp. 20-21.

Motion to suspend, advance notice required. Rule 5.14(a), p. 27.

Postpone or change, vote required.   Rule 16.06(6), p. 105.

Precedence of motions to commit.  Rule 6.08, pp. 36-37.

Presiding officer shall take chair at time to which Senate last adjourned. Rule 5.01, p. 16.

Previous question, effect of ordering. Rule 6.09, p. 37.

Reception of messages from House. Rule 18.02, p. 110.

Roll call at beginning of meetings. Rule 5.05, p. 20.

Rules prescribing. Article V, pp. 16-28.

Suspending regular order, suspends rules preventing immediate consideration (ruling). Rule 6.06, p. 36.

**OUTBURSTS-**
Rule 3.05, p. 7.

**P**

**PAIRS-**
Paired vote, rules governing. Rule 6.17, p. 45.

Use when absent Member desires to be recorded; pairing with Member present and casting opposite vote. Rule 6.17, p. 45.

**PAPER-**
Reading of, by Member speaking, when permitted. Rules 6.13, p. 43; 16.08(8), p. 106.

**PARLIAMENTARY INQUIRIES-**
Privileged matter (ruling). Rule 4.03, p. 11.

**PARLIAMENTARY PRACTICE-**
See also Points of Order.

Questions on which rules silent to be governed by. Article XX, pp. 110-111.

**PENDING BUSINESS-**
See also Unfinished Business.

Notes relative suspension. Rule 6.01, p. 28.

**PERSONAL PRIVILEGE-**
Member speaking not required to yield for (ruling). Rule 4.03, p. 9.

**PETITIONS-**
Debate, not permissible, after direction to consider immediately passed by two-thirds majority Members present. Rule 8.02, p. 71.

Presentation of. Rule 8.03, p. 72.

Procedure on introduction. Rule 8.02, p. 71.

Record of contents to be inserted in Journal. Rule 17.02, p. 108.

**PLACARDS-**
Rule 3.04, p. 7.

**PLACE OF SITTING-**
Adjournment or recess to another. Rule 6.22, p. 48.

**POINTS OF ORDER-**
Appeals from decision when demand is made for immediate ruling. Rule 6.12, p. 42.

Committee substitute, not germane. Rule 7.11(b), p. 58.

Demand for immediate decision of. Rules 4.03, p. 9; 6.12, p. 42.

Demand for immediate decision on, must be acted on. Rules 4.08, pp. 14-15; 6.12, p. 42.

Immediate decision, demand for. Rules 4.03, p. 9; 6.12, p. 42.

Note relative effect of raising no quorum point. Rule 5.02, p. 16.

Parliamentary practice to govern when rules are silent. Rule 20.01, p. 110.

Refusal of decision. Rule 4.08, pp. 14-15.

**POSTERS-**
Rule 3.04, p. 7.

**POSTING RULE-**
Note relative to suspending. Rules 11.10, p. 81; 11.18, p. 85.

**POSTPONE-**
Motion to, allowed when question under consideration by Senate. Rule 6.01(a)(7), p. 29.

Note relative to postponed bill. Rule 6.01, p. 31.

Precedence of motion to, to a time certain. Rule 6.01(a)(7), p. 29.

Vote of two-thirds Members present to change or postpone order of business. Rule 16.06(6), p. 105.

**POSTPONE INDEFINITELY-**
Motion allowed when a question is under consideration by Senate. Rule 6.01(a)(10), p. 29.

Precedence of motion to. Rule 6.01(a)(10), p. 29.

A-21

**PRAYER-**
    Offered by chaplain when quorum is present. Rule 5.06, p. 20.

**PRECEDENCE-**
    Senate authorization and, determined by Senate Rules and Constitution. p. 1.
    House bill to be given place of Senate bill on same subject. Rule 7.14, p. 61.
    Largest sum, longest time, in bill to fix; precedence. Rule 6.05, p. 36.
    Of bills. Rule 5.09, pp. 21-22.
    Of motions. Rule 6.01(a), pp. 28-29.

**PREFILED BILLS-**
    Time for filing; duties of Secretary of Senate; public records. Rule 7.04(a), p. 49.

**PRESIDENT-**
    See also Presiding Officer.
    Announcement at each reading where bill originated. Rule 7.03, p. 49.
    Appeal from decision on question on which rules are silent. Rule 20.02, p. 111.
    Appointment of committees, exception. Rule 11.01, p. 77.
    Chair taken by, at time to which Senate last adjourned. Rule 5.01, p. 16.
    Chair of Committee of the Whole Senate to be appointed by. Rule 13.02, p. 97.
    Conference committees to be appointed by. Rule 12.01, p. 90.
    Decides questions not provided for by Senate and Joint Rules. Rule 20.01, p. 110.
    Duties of. Rule 1.01, p. 1.
    General powers and duties. Rule 1.01, p. 1.
    Immediate ruling on point of order may be demanded by majority. Rule 6.12, p. 42.
    Interruption of, forbidden. Rule 4.02, p. 9.
    Interruption of Senator on floor not permitted, except, etc. Rule 4.03, p. 9.
    Lieutenant Governor gives casting vote in case of tie. Rule 6.18, p. 45.
    May suspend rule as to male attire. Rule 3.01, p. 7.
    Motion may be required by, to be in writing. Rule 6.03, p. 35.
    Motion to suspend rule relative privileges of floor may be entertained by. Rule 2.07, p. 6.

Notes relative interruption. Rule 4.03, pp. 9-10.
Notice of committee hearing, sufficiency determined by (ruling). Rule 11.19, p. 88.
Order of business following morning call. Rule 5.09, pp. 21-22.
Order of business to be called by. Rule 5.08, pp. 20-21.
Points of order and motions for previous question privileged matters. Rule 4.03, p. 9.
Precedence of motions that may be entertained by. Rule 6.01(a), pp. 28-29.
Proposed agency rules to be referred to appropriate committee by. Rule 19.01, p. 110.
Purpose for which Senator may be recognized when another has floor. Rule 4.03, p. 9.
Question is lost in case of tie vote when Lieutenant Governor is absent. Rule 6.19, p. 46.
Question to be put by, distinctly. Rule 6.14, p. 43.
Questions of order to be decided by, appeal allowed. Rule 5.15, p. 27; Article XX, pp. 110-111.
Recognition in debate. Rule 4.04, p. 12.
Referral of bills to committee by. Rule 7.06(a), p. 50.
Right of Lieutenant Governor to debate and vote on questions under consideration by Committee of the Whole Senate. Rule 13.03, p. 97.
Senator called to order by, may not proceed, until, etc. Rule 4.06, p. 13.
Senator called to order by, refusing to be seated. Rule 4.07, p. 14.
Senator may be called to chair by. Rule 1.01, p. 1.
Senator refusing to vote to be marked present at direction of. Rule 6.16, p. 45.
Senator to address, when desiring to speak. Rule 4.01, p. 8.
Signing of bills and resolutions by. Rule 7.23, p. 69.
Standing committees to be appointed by. Rule 11.02, pp. 77-78.
Writ of mandamus requested by. Rule 5.04, p. 18.

**PRESIDENT PRO TEMPORE-**
>Conference committees appointed by, when. Rule 12.01, p. 90.
>Convenes Committee of the Whole if vacancy in office of the Lieutenant Governor occurs. Rule 1.03, p. 2.
>Election and duties. Rule 1.02, p. 2.
>Note relative election. Rule 1.03, p. 2.

**PRESIDENT PRO TEMPORE AD INTERIM-**
>Election after removal of Senator from chair. Rule 4.08, pp. 14-15.
>Election of, pending return to chair of President or President Pro Tempore. Rule 4.08, pp. 14-15.

**PRESIDENT'S TABLE-**
>Order of disposing of business on. Rule 5.09, pp. 21-22.
>Order of listing bills on daily calendar. Rule 5.12, pp. 25-26.

**PRESIDING OFFICER-**
>See also President.
>Causes for removal. Rule 4.08, pp. 14-15.
>Chair taken by, at beginning of each meeting. Rule 5.01, p. 16. ·
>Decision of, as to which Senator is entitled to recognition subject to appeal. Rule 4.04, p. 12.
>Demand for removal. Rule 4.08, pp. 14-15.
>Lieutenant Governor shall give casting vote in case of tie. Rule 6.18, p. 45.
>Member called to order by, refusing to be seated. Rule 4.07, p. 14.
>Order, questions of, decided by presiding officer subject to appeal by any Member. Rules 1.01, p. 1; 5.15, p. 27; Article XX, pp. 110-111.
>Points of order to be decided immediately upon demand of majority of Senators. Rule 6.12, p. 42.
>President may name Senator to perform duties of chair. Rule 1.01, p. 1.
>Recognition of guests. Rule 8.03, p. 72.
>Removal of by majority of Senate. Rules 4.08, pp. 14-15; 16.08(3), p. 106.
>Senator named by President to preside may be replaced by majority of Senators present. Rules 1.01, p. 1; 16.08(2), p. 106.

>Written permission from, for Member to leave during call of Senate. Rule 5.04, p. 18.
>Yeas and nays on certain questions to be called for by. Rule 6.15, pp. 44-45.

**PRESS-**
>See News Media.

**PREVIOUS QUESTION-**
>Debate of motion for not allowed. Rule 6.02, pp. 33-34.
>Free discussion rule of Constitution not violated by ordering of by Senate (ruling). Rule 6.09, p. 38.
>Motion allowed, when a question under consideration by the Senate. Rule 6.01(a)(4), p. 29.
>Motion for, and effect of ordering. Rules 6.09, p. 37; 16.08(10), p. 107.
>Motion for, in order, when. Rule 4.03, p. 9.
>Motion to recess or adjourn in order while operating under. Rule 6.21, p. 46.
>Motion to reconsider vote on (ruling). Rule 6.10, p. 41.
>Notes relative effect, etc. Rule 6.09, pp. 37-39.
>Precedence of motion for. Rule 6.01(a)(4), p. 29.
>Rule and practice relative ordering main question and effect thereof. Rule 6.09, p. 37.

**PRINTING BILLS AND REPORTS-**
>Committee reports printed furnished to each Member. Rule 7.12(a), p. 58.
>List of bills ordered not printed distributed to each Member. Rule 7.12(a), p. 58.
>Names of nominees reported out of committee to be printed and furnished to each Member 24 hours before action on. Rule 14.02, p. 98.
>Rules governing. Rules 7.12, pp. 58-59; 11.06, p. 79; 12.09, p. 95.
>Suspending regular order to take up bill suspends requirement for printing, etc. (ruling). Rule 6.06, p. 36.

**PRIVILEGED MATTERS-**
>Calling to order a Member. Rule 4.03, p. 9.

Demand for immediate ruling on point of order. Rules 4.03, p. 9; 4.08, pp. 14-15; 6.12, p. 42.

Motion to order bill not printed. Rule 7.12(a), p. 58.

Motions, privileged, when Senator has floor. Rule 4.03, p. 9.

Motions are privileged matters for House amendments to Senate bills, appointment of conference committees and their reports. Rule 6.01(b), p. 29.

Point of order. Rule 4.03, p. 9.

Previous question. Rule 4.03, p. 9.

Resolution recalling bill for further consideration (ruling). Rule 6.10, p. 41.

Senator having floor may be interrupted, when. Rule 4.03, p. 9.

**PRIVILEGES OF THE FLOOR-**

Address to Senate, persons and subjects limited. Rule 2.06, p. 6.

Denial of, to disorderly Member. Rule 4.07, p. 14.

Rules governing. Article II, pp. 4-6.

**PROCEDURE, PROCEEDINGS-**

In passage of bills. Article VII, pp. 48-69.

Obstruction of, punishable by imprisonment. Rule 3.06, p. 8.

Requirements determined by Senate Rules and Constitution. p. 1.

**PUBLIC HEARING-**

See also Hearings in Committees.

Committee hearing open to public. Rule 11.18(a), p. 85.

Sunset bill, no amendment on second reading; unless subject of previous discussion in. Rule 7.16, p. 65.

Tax bill, no amendment on second reading; unless subject of previous discussion in. Rule 7.16, p. 65.

**PUNISHMENT-**

Dismissal of Member or officer for violation of secrecy of executive session. Rule 15.04, p. 100.

Expulsion of Members. Rules 4.09, p. 15; 4.10, p. 16; 15.04, p. 100.

Imprisonment of persons for disrespectful conduct or obstruction of proceedings. Rule 3.06, p. 8.

Loss of privileges of accrued seniority. Rule 4.09, p. 15.

**Q**

**QUESTION-**

Consideration, motions allowed during consideration of. Rule 6.02, pp. 33-34.

Decision by President; authorities governing. Rule 20.01, p. 110.

Mode of stating and voting on. Rules 6.14, p. 43; 6.15, pp. 44-45; 6.16, p. 45; 6.17, p. 45; 6.18, p. 45; 6.19, p. 46.

President to put distinctly. Rule 6.14, p. 43.

Tie vote. Rules 6.18, p. 45; 6.19, p. 46.

**QUESTION, DIVISION OF-**

Call for, privilege of any Member. Rule 6.06, p. 36.

Motion to strike out and insert not subject to division. Rule 6.06, p. 36.

Tabling an amendment does not table entire measure. Rule 6.07, p. 36.

**QUORUM-**

Adjournment from day to day in order without. Rule 5.02, p. 16.

Committee meetings, quorum necessary. Rule 11.09, p. 80.

Less than, may adjourn or recess from day to day and compel attendance of absent Members. Rules 5.02, p. 16; 16.09, p. 107.

Notes relative business that may be transacted without. Rule 5.02, p. 16.

Notes relative effect of no quorum point of order. Rules 5.02, p. 16; 5.04, p. 19.

Presence of, necessary before beginning day's business. Rule 5.06, p. 20.

Quorum not required in preparation and certification of local calendar. Rule 9.04(b), p. 74.

Senator present and not voting counted in determining presence of. Rule 6.15(b), p. 44.

Senator present and paired counted in determining presence of. Rule 6.17, p. 45.

Smaller number may compel attendance of absent Members. Rule 5.02, p. 16.

Two-thirds majority of all Senators elected constitute. Rule 5.02, p. 16.

## R

**RADIO COMMENTATORS-**
Admission to floor of. Rule 2.04, p. 5.

**READING-**
Joint resolutions proposing constitutional amendments, reading on three several days. Rule 10.01, p. 76.

Majority vote to determine if a paper shall be read. Rules 6.13, p. 43; 16.08(8), p. 106.

President to announce whether bill is on first, second, or third reading. Rule 7.03, p. 49.

Reading bill on three several days; four-fifths vote of Members present required to suspend rule. See also rulings. Rules 7.18, p. 66; 16.04(1), p. 103.

Reading paper or document at length, when permitted (ruling). Rule 6.13, p. 43.

**REASONS FOR VOTE-**
May be spread upon Journal. Rule 17.01, pp. 107-108.

Note relative matter that may be inserted as. Rule 17.01, p. 108.

**RECALL-**
Prerequisite for reconsideration of measures sent to House (ruling). Rule 6.10, p. 41.

**RECESS-**
See also Adjournment.

Concurrence of House necessary for recess of more than three days. Rule 6.22, p. 48.

Debate of motion for, prohibited. Rule 6.02, pp. 33-34.

Less than quorum may adjourn, recess, or compel attendance of Members. Rule 5.02, p. 16.

Motion allowed during consideration of a question by Senate. Rule 6.01(a), pp. 28-29.

Motion in order when. Rules 6.01, pp. 28-29; 6.21, p. 46.

Motion not debatable. Rules 6.02, pp. 33-34; 6.21, p. 46.

Precedence of motion to. Rule 6.01(a)(2), p. 28.

Quorum not necessary to adjourn or recess. Rule 5.02, p. 16.

**RECOGNITION-**
See also Debate.

Guests in gallery, recognition at request of Member. Rule 8.03, p. 72.

Refusal of, for specified purpose, cause for removal of Senator from chair. Rule 4.08, pp. 14-15.

Two Members rising at once; ruling by presiding officer as to first speaker; appeal. Rule 4.04, p. 12.

**RECOMMIT-**
See Re-refer.

**RECONSIDER AND SPREAD ON JOURNAL-**
Entry of motion, etc. Rule 6.11, p. 42.

**RECONSIDERATION-**
Conference committee report may be recalled from Governor (ruling). Rule 6.10, p. 39.

Failure on final passage joint resolution prohibits. Rule 10.03, p. 77.

Majority vote decides motion to in all cases. Rules 6.11, p. 42; 16.08(7), p. 106.

Motion for, may be made, by whom, when. Rules 6.10(a), p. 39; 16.08(7), p. 106.

Note relative reconsidering vote ordering previous question. Rules 6.09, p. 37; 16.08(10), p. 107.

Notes of rulings relative motions for. Rule 6.10, pp. 40-42.

Notes relative status of Senate bill on which vote has been reconsidered. Rule 6.10, pp. 40-42.

Recall prerequisite for reconsideration of vote on measure sent to House (ruling). Rule 6.10, p. 40.

Spreading on Journal, motion to reconsider. Rule 6.11, p. 42.

Vote necessary to decide motion for. Rules 6.11, p. 42; 16.08(7), p. 106.

Vote on motion to table not to be reconsidered (ruling). Rule 6.10, p. 41.

**RECORD VOTE-**
See also Roll Call, Yeas and Nays.

When required. Rule 6.15, pp. 44-45.

**RECORDS-**
Committee procedures, records and transcriptions; disposition of copies. Rule 11.11, p. 81.

**REDUCTION-**
Area of county, reducing to less than 900 square miles; two-thirds vote of Members elected required. Rule 16.05(4), p. 104.

**REFER-**
Bill on third reading referred to committee takes same course as if on second reading. Rules 6.08, pp. 36-37; 16.06(10), p. 105.
Motions to refer or commit; precedence. Rules 6.08, pp. 36-37; 16.06(10), p. 105.

**REGULAR ORDER OF BUSINESS-**
See also Order of Business.
Committee reports received by Senate added to regular order. Rule 5.12(a), p. 25.
May not be suspended during morning call. Rule 5.08, pp. 20-21.
Motion to set special order not substitute for motion to suspend (ruling). Rules 5.11, p. 24; 16.06(8), p. 105.
Motion to suspend, debate on (rulings). Rule 6.02, p. 34.
Motion to suspend, may not be made when. Rule 5.08, pp. 20-21.
Note relative suspension to take up bill, effect on rules interfering with immediate consideration of bill. Rule 6.06, p. 36.
Suspension of. Rule 5.13, p. 26.

**REMISSION OF TAXES-**
Vote of two-thirds elected Members required; calamity. Rule 16.05(3), p. 103.

**REMOVAL OF CIVIL OFFICER-**
Address to Governor for removal; two-thirds vote of Members elected required. Rule 16.05(5), p. 104.

**REMOVAL OF SENATOR FROM CHAIR-**
Cause for and procedure; record made. Rules 4.08, pp. 14-15; 16.08(3), p. 106.

**REPORTERS, NEWS-**
See News Media.

**REPORTS-**
Advisory only except. Rule 11.06, p. 79.
Committee reports. Rules 11.12, p. 82; 11.16, p. 84; 11.17, pp. 84-85.
Committee reports received by Senate added to regular order. Rule 5.12(a), p. 25.
House bills containing same subject as Senate, to have precedence. Rules 7.14, p. 60; 11.14(b), p. 83.
Minority. Rules 11.17, pp. 84-85; 16.06(9), p. 105.
Note relative adoption of by Senate. Rules 5.12(a), p. 25; 11.06, p. 79.
Recall and reconsideration. Rule 6.10, p. 39.
Written committee reports to be filed with Secretary of Senate. Rules 5.12(a), p. 25; 11.12, p. 82.

**REPORTS OF COMMITTEES-**
See also Committee Reports, Conference Reports, Minority Reports.
Advisory only, except as to printing of local bill. Rule 11.06, p. 79.
Committee of the Whole. Rule 13.05, p. 98.
Conference reports, precedents relative. Appendix, pp. 112-113.
Journal to contain. Rule 17.02, p. 108.
Necessary before action taken on accepting, rejecting, or amending a bill. Rule 7.06(b), p. 50.
Recommendation in reports, effect of. Rules 5.12(a), p. 25; 7.12, pp. 58-59; 11.06, p. 79.
Required to be in writing. Rule 11.12(a), p. 82.
Substitute bill reported by, course of. Rule 7.11, p. 57.

**RE-REFER-**
See also Commit.
Motion to, in order, when (ruling). Rule 7.07, p. 51.
Motion to re-refer; approval of both chairs and vote required; when allowed; effect. Rules 6.08, pp. 36-37; 16.06(10), p. 105.

**RESCIND-**

Note relative when motion to, in order. Rule 6.09, p. 38.

Vote required to rescind Senate rule. Rules 16.06(12), p. 105; 22.01, p. 112.

**RESOLUTIONS-**

Action on, at introduction. Rule 8.02, p. 70.

Adoption of temporary or permanent rules, vote required. Rule 16.07(1), p. 105.

Affirmative vote of majority of committee, prerequisite to consideration of, except as provided for minority reports. Rule 11.15, p. 84.

Amendment of rules by resolution. Rules 16.07(6), p. 106; 22.01, p. 112.

Amendment on third reading. Rules 7.19, p. 67; 10.02, p. 76; 16.06(4), p. 106.

Analysis required. Rule 7.12(b), p. 59.

Calendar Clerk, custodian of pending; withdrawal only with consent of Senate. Rule 7.01, p. 48.

Call for by President. Rule 5.09, pp. 21-22.

Commitment of. Rules 6.08, pp. 36-37; 16.06(13), p. 105; 16.07(4), p. 106.

Commitment of concurrent and joint. Rule 8.02, p. 70.

Concurrent, to be referred to a committee, when. Rule 8.02, p. 70.

Congratulatory, listing certain information in Journal. Rule 17.02, p. 108.

Congratulatory, procedure for passage. Rule 8.03, p. 72.

Consideration by committees permitted at any time, subject to end-of-session restrictions. Rule 11.13, p. 83.

Consideration not permitted before completion of morning call. Rule 5.08, pp. 20-21.

Consideration of, containing same substance as one defeated, not in order. Rules 7.22, p. 68; 8.04, p. 73.

Consideration of resolutions and introduction. Rule 5.08(2), p. 20.

Debate, not permissible, after direction to consider immediately passed by two-thirds majority Members present. Rules 8.02, p. 70; 16.08(9), p. 107.

Defeated. Rule 8.04, p. 72.

First reading and referral to committee. Rule 5.08(1), p. 20.

House concurrent. Rule 5.09(11), p. 22.

House joint, House concurrent, consideration on House bill day. Rule 5.10, pp. 22-23.

House joint, order of considering. Rule 5.09(8), p. 22.

House resolutions, first reading and referral to committee. Rule 5.08(1), p. 20.

Introduction of. Rule 5.08(2), p. 20.

Joint, subject to same rules as bills. Rule 10.01, p. 76.

Minority committee report; procedure, effect. Rule 11.17, pp. 84-85.

Note relative privilege to consider when introduced. Rule 8.02, p. 71.

Notes relative approval by Governor. Rule 8.01, p. 70.

Notes relative certain, which may not be considered. Rule 8.02, p. 71.

Notes relative order of considering. Rule 5.09, p. 22.

Procedural rules governing. Rule 8.01, p. 70.

Recall from Governor or House, for reconsideration, motions necessary. Rule 6.10, p. 39.

Reconsideration of. Rules 6.10, p. 39; 6.11, p. 42; 16.08(7), p. 106.

Record vote required on final passage of certain. Rule 6.15(a)(1), p. 44.

Reference to committee. Rule 8.02, p. 70.

Reports on to precede consideration. Rules 11.06, p. 79; 5.12(a), p. 25.

Senate concurrent. Rule 5.09(5), p. 21.

Senate joint, order of consideration. Rule 5.09(3), p. 21.

Senate, order of consideration. Rule 5.09(4), p. 21.

Signing of joint. Rule 7.23, p. 69.

Special order set by majority vote of Members for, relating to voter identification requirements. Rule 5.11(d), p. 24.

Special order setting by two-thirds affirmative vote of Members present. Rules 5.11(a), p. 24; 16.06(8), p. 105.

Special order resetting to earlier time by affirmative vote of four-fifths Members present. Rules 5.11(c), p. 24; 16.04(6), p. 103.

A-27

Substitute, adopted by committee, procedure for handling. Rule 7.11, p. 57.

Suspension of constitutional limit on spending. Rule 6.01(b), p. 29.

Suspension of limitations imposed on conference committees, requirements for appropriations bills. Rules 12.08, p. 95; 16.07(3), p. 106.

Suspension of rule relative admittance to sessions. Rules 2.07, p. 6; 16.02(1), p. 102.

Transmission to House. Rule 18.01, p. 109.

Two-thirds vote Members present to amend joint, on third reading. Rule 16.06(13), p. 105.

Visitors, recognition of; information concerning listed in Journal. Rule 17.02, p. 108.

Witnesses, list required. Rule 7.12(b), p. 58.

**RETIREMENT SYSTEMS-**

Content; when required. Rule 7.09(i), pp. 53-54.

**REVENUE-RAISING MEASURES-**

Constitutional requirements. Appendix, pp. 118-119.

**ROLL CALL-**

Committee meetings; records of those present and absentees, with excuses of latter. Rule 11.08, p. 80.

Delivery of messages or call slips prohibited during. Rule 3.03, p. 7.

Demand by three Senators for yeas and nays. Rule 6.15(b), p. 44.

Demand that motion be in writing not effective after commencement (ruling). Rule 6.03, p. 35.

Names of Senators called alphabetically. Rule 5.05, p. 20.

Not to be interrupted. Rule 6.15(e), p. 45.

Record vote upon final passage. Rule 6.15(a)(1), p. 44.

Record vote when Member out of Senate. Rule 6.15(d), pp. 44-45.

Senator present and failing to vote counted in determining a quorum. Rule 6.15(b), p. 44.

Senator refusing to answer may be marked present. Rule 6.16, p. 45.

Vote on motions to suspend constitutional three-day rule to be recorded. Rule 6.15(a)(2), p. 44.

Vote on motions to adopt conference committee reports to be recorded. Rule 6.15(a)(2), p. 44.

Vote on constitutional amendments and other questions requiring two-thirds vote of Members elected to be recorded. Rule 6.15(a)(1) and (2), p. 44.

Vote on final passage of bills and certain resolutions to be recorded. Rule 6.15(a)(1), p. 44.

Vote on final passage of resolution to amend Constitution to be recorded. Rule 6.15(a)(1), p. 44.

Vote on motions to concur in House amendments to Senate bills to be recorded. Rule 6.15(a)(2), p. 44.

**RULES-**

See also Amendments, Suspend, Suspension.

Adoption by committees and subcommittees; content. Rule 11.07(a), p. 79.

Adoption, resolution for majority vote of Members required. Rules 16.07(1), p. 105; 21.01, p. 111.

Amendment of Senate, referral to committee. Rule 8.02, p. 70.

Committee, rules for operation, adoption, content; no conflict with Senate rules. Rule 11.07, pp. 79-80.

Constitutional rule relative days for introduction and consideration, suspension of. Rules 7.07(b), p. 51; 7.13, p. 60; 16.03(1) and (2), p. 102.

Deadline for report. Rules 7.24, p. 69; 16.04(2), p. 103.

Deadline for report from committee, three days before final adjournment, suspension. Rules 7.24, p. 69; 16.04(2), p. 103.

Joint rules, adoption or amendment, vote required. Rules 16.07(2), p. 106; 21.02, p. 112; 22.02, p. 112.

Limitation on voting on third reading, no vote after 135th day of regular session. Rules 7.25, p. 69; 16.04(3), p. 103.

Note relative guides to follow in deciding questions not covered by. Rule 20.01, p. 111.

A-28

Note relative vote required to rescind or amend. Rule 22.01, p. 112.

Parliamentary practice to govern when silent. Rule 20.01, p. 110.

Procedure in Committee of the Whole. Rule 13.04, p. 97.

Recision of Senate rule. Rules 16.06(12), p. 105; 22.01, p. 112.

Recision or suspension of Senate rules, vote required. Rules 16.06(12), p. 105; 16.07(6), p. 106; 22.01, p. 112.

Roll call on motion to suspend Senate rule, when required. Rule 6.15(a), pp. 44-45.

Silence of, how procedure determined in case of. Rules 5.15, p. 27; 20.01, p. 110; 20.02, p. 111.

Suspension constitutional rule (Section 5, Article III) relative to days for introduction and consideration of bills. Rules 7.07(b), p. 51; 7.13, p. 60; 16.03, p. 102.

Suspension of limitation on voting on third reading after 135th day of regular session. Rules 7.25, p. 69; 16.04(3), p. 103.

Suspension of Local Calendar Rules. Rule 9.07, p. 76.

Suspension of rule prohibiting vote on bills reported after three-day deadline. Rules 7.24, p. 69; 16.04(2), p. 103.

Suspension of rule relative admittance to sessions of Senate. Rules 2.07, p. 6; 16.02(1), p. 102.

Two-thirds vote of Members present, unless rule specifies different majority, to suspend rule. Rules 16.06(12), p. 105; 22.01, p. 112.

Two-thirds vote to rescind a Senate rule. Rule 22.01, p. 112.

**RULINGS-**

Annotation of rules setting or altering precedent. Rule 5.15, p. 27.

Appeal from ruling on immediate decision to be decided without debate. Rules 6.12, p. 42; 16.08(11), p. 107.

Appeals from, when the rules are silent. Rules 20.01, p. 110; 20.02, p. 111.

Decisions on questions of order; appeal allowed. Rules 1.01, p. 1; 5.15, p. 27; 20.01, p. 110.

Demand for immediate decision of point of order. Rule 6.12, p. 42.

Note relative demand for immediate. Rules 6.12, pp. 42-43; 16.08(11), p. 107.

Notes relative constitutionality of substance or content, President not required to decide. Rule 6.12, p. 42.

Notes relative decisions and appeals from. Rules 5.15, pp. 27-28; 20.01, p. 110.

Precedents, rulings setting or altering, required to be printed as annotations to Rules. Rule 5.15, p. 27.

Removal of Senator from chair for refusal to entertain point of order. Rules 4.08, pp. 14-15; 16.08(3), p. 106.

**S**

**SECRECY-**

Consideration of nominees for confirmation in open session, unless otherwise ordered by majority vote of membership. Rule 15.02, p. 100.

Executive session, secret proceedings; injunction of secrecy removed by unanimous vote of Senate. Rules 15.01, p. 100; 16.02(5), p. 102.

Member may reveal vote or view on any matter. Rule 15.03, p. 100.

Violation of, and penalty. Rules 15.01, p. 100; 15.02, p. 100; 15.04, p. 100.

Vote to confirm or not to confirm nominees in open session; entry in Journal. Rule 15.02, p. 100.

**SECRETARY OF SENATE-**

Action taken on nominations reported to Governor by. Rule 14.04, p. 99.

Amendments adopted in Committee of the Whole to be entered by. Rule 13.05, p. 98.

Attendance at executive session. Rule 15.01, p. 100.

Bills filed with Secretary, numbered. Rule 7.04, p. 49.

Committee meetings posted on bulletin board by. Rule 11.10(e), p. 80.

Coordination of other offices and divisions of Senate, among duties. Rule 1.04, p. 3.

Duties when call of Senate ordered. Rule 5.04, p. 18.

Election at opening of session. Rule 1.04, p. 3.

A-29

Endorsement of bills, etc., sent to House.  Rule 18.01, p. 109.

Executive session, keeping secret proceedings until injunction of secrecy removed.  Rule 15.01, p. 100.

Governor to be informed by, of action on nominations.  Rule 14.04, p. 99.

Motion in possession of Senate after being read by.  Rule 6.04, p. 35.

Motions in writing to be read by.  Rule 6.03, p. 35.

Prefiled bills; duties of Secretary.  Rule 7.04(a), (c), p. 49.

Record of amendments to bill during consideration in Committee of the Whole, kept on separate sheet of paper.  Rule 13.05, p. 98.

Record of committee proceedings, transcript, to be given to.  Rule 11.11(c), (d), p. 81.

Reports of committees, filed by chair or vice-chair with, within three days of action.  Rule 11.12, p. 82.

Senate called to order by, after removal of Senator from chair.  Rule 4.08, pp. 14-15.

Senator present who fails to vote to be recorded present by.  Rule 6.16, p. 45.

**SENATE-**
Elections by.  Rules 1.01, p. 1; 1.04, p. 3; 1.05, p. 3; 16.08(1), (2), p. 106.

Exclusive powers granted by Constitution.  Appendix, p. 118.

Senators required to attend sessions unless sick or unable to attend.  Rule 5.03, p. 17.

**SENATE BILLS-**
See Bills.

**SENATE CHAMBER-**
Doors closed, leaving prohibited during call of Senate.  Rule 5.04, p. 18.

Eating and drinking in, prohibited.  Rule 3.02, p. 7.

Exceptions to admittance rule.  Rule 2.06, p. 6.

Note relative closing for executive session.  Rule 2.01(a), p. 4.

Persons who may or may not be admitted when Senate in session.  Rules 2.02, p. 4; 2.03(a),

(b), p. 5; 2.04, p. 5; 2.05, p. 6; 2.06, p. 6; 2.07, p. 6; 16.02(1), p. 102.

Proper male attire required in.  Rule 3.01, p. 7.

Sergeant-at-Arms to clear, etc.  Rules 2.01(b), p. 4; 15.01, p. 100.

Suspension of rule as to admittance.  Rule 2.07, p. 6.

**SENATE COMMITTEES-**
See Committees, Standing Committees.

**SENATE JOINT RESOLUTIONS-**
Order of considering.  Rule 5.09(3), p. 21.

**SENATE JOURNAL-**
See Journal.

**SENATORS-**
See also Members of Senate.

Attendance of absent, may be compelled.  Rules 5.02, p. 16; 16.09(2), p. 107.

Bribery, expulsion if convicted.  Rule 4.10, p. 16.

Division of question may be demanded by one Member.  Rule 6.06, p. 36.

Expulsion for disorderly conduct.  Rule 4.09, p. 15.

Frequency of speeches by, in one debate.  Rule 4.05, p. 13.

Interruption of Senator on floor.  Rule 4.03, p. 9.

Majority may demand immediate decision on point of order.  Rules 6.12, p. 42; 16.08(11), p. 107.

Majority of those present may replace Senator presiding temporarily.  Rules 1.01, p. 1; 16.08(2), p. 106.

Names on roll call to be called alphabetically.  Rule 5.05, p. 20.

President may direct those refusing to vote to be marked present.  Rule 6.16, p. 45.

President to be addressed by those about to speak.  Rule 4.01, p. 8.

Printed copies of bills to be available to Members and on desks 24 hours before consideration.  Rule 7.12(a), p. 58.

Reasons for vote may be spread on Journal.  Rule 17.01, p. 107.

Reconsideration of vote may be moved only by Member voting on prevailing side. Rule 6.10, p. 39.

Removal from chair. Rules 4.08, pp. 14-15; 16.08(3), p. 106.

Secrecy of executive sessions to be kept by. Rules 15.01, p. 100; 16.02(5), p. 102.

Sergeant-at-Arms may be sent for absent. Rule 5.02, p. 16.

Two-thirds vote all Members required to expel. Rule 16.05(6), p. 104.

Verbal statement of contents of petitions may be made by. Rule 8.03, p. 72.

Violation of secrecy rule applying to executive sessions grounds for expulsion. Rule 15.04, p. 100.

Yeas and nays may be demanded by any three. Rule 6.15(b), p. 44.

### SERGEANT-AT-ARMS-

Absentees may be sent for by majority of Senators present. Rules 5.02, p. 16; 16.09(2), p. 107.

Arrest of absent Members during call of Senate. Rule 5.04, p. 18.

Arrest of Senator ordered removed from chair. Rules 4.08, pp. 14-15; 16.08(3), p. 106.

Attendance at executive session; secrecy of proceedings. Rules 15.01, p. 100; 16.02(5), p. 102.

Attendance of committee members to be enforced by. Rule 11.09, p. 80.

Duties when call of Senate ordered. Rule 5.04, p. 18.

Election at opening of session. Rule 1.04, p. 3.

Enforcing eating and drinking rule in Senate Chamber. Rule 3.02, p. 7.

Enforcing rule on proper dress; suspension of rule by President of Senate. Rule 3.01, p. 7.

Executive session, keeping secret proceedings until injunction of secrecy removed. Rules 15.01, p. 100; 16.02(5), p. 102.

Removal from office for failure to carry out demand for arrest of Senator in chair. Rules 4.08, pp. 14-15; 16.08(3), p. 106.

Senate Chamber to be cleared of persons not admitted to session. Rules 2.01(b), p. 4; 2.02, p. 4; 2.03(a), (b), p. 5; 2.04, p. 5; 2.05, p. 6; 2.06, p. 6; 2.07, p. 6; 16.02(1), p. 102.

Senator called to order may be required to take his seat. Rules 4.07, p. 14; 16.06(5), p. 104.

Senators may send, for absentees. Rules 5.02, p. 16; 16.09(2), p. 107.

Service of notice or process or order compelling return of Member. Rule 5.04, p. 18.

Written order from President to suspend rule as to male dress. Rule 3.01, p. 7.

### SESSIONS OF SENATE-

See also Special Session.

Bills filed within first 60 days of session; introduction, referral to committee. Rules 5.08(1), p. 20; 7.04, p. 49; 7.05(a), p. 50; 7.06(a), p. 50; 7.08, p. 51.

Doors shall be open except when in executive session. Rules 2.01(a), p. 4; 15.01, p. 100.

Duty and obligation of members to attend. Rule 5.03, p. 17.

President shall take chair at time to which Senate adjourned. Rule 5.01, p. 16.

Rule governing admittance. Rules 2.02, p. 4; 2.03(a), p. 5.

### SIGNING BILLS-

Bills and resolutions signed in presence of each house; entry on Journal. Rule 7.23, p. 69.

### SIGNS-

Rule 3.04, p. 7.

### SINE DIE ADJOURNMENT-

Debatable (ruling). Rule 6.02, pp. 33-34.

Notes relative. Rules 6.21, pp. 47-48; 6.22, p. 48.

### SPECIAL COMMITTEES-

Appointment by President. Rule 11.03, pp. 78-79.

Jurisdiction, powers, duration. Rule 11.03(b), p. 78.

Motion to refer to; preference. Rule 6.08, pp. 36-37.

### SPECIAL ORDERS-

Consideration precedes other business on President's table, displacement of. Rules 5.11, p. 24; 16.06(8), p. 106.

A-31

Four-fifths vote of Senators present to reset to earlier time. Rules 5.11(c), p. 24; 16.04(6), p. 103.

Intent calendar. Rules 5.14, p. 27; 16.04(5), p. 103.

Majority vote of Members required to set bill or resolution for, on voter identification requirements. Rule 5.11(d), p. 24.

Motion to set may be made during morning call. Rule 5.08(5), pp. 20-21.

Motion to set not substitute for motion to suspend regular order (ruling). Rule 5.11, p. 24.

Motion to suspend regular order; required advance notice. Rules 5.14(a), p. 27; 16.04(5), p. 103.

Notes relative precedence of. Rule 5.11, p. 24.

Place as special order not lost, when not reached or considered at time fixed. Rule 5.11(b), p. 24.

Precedence given to, after hour for consideration arrives. Rule 5.11(b), p. 24.

Precedence of. Rule 5.09(1), p. 21.

Suspension of pending special order by two-thirds vote to take up another. Rules 5.11(b), p. 24; 16.06(8), p. 105.

Two-thirds vote of Senators present to set. Rules 5.11(a), p. 24; 16.06(8), p. 105.

**SPECIAL SESSION-**
Jurisdiction of: precedents. Appendix, pp. 119-123.

Notes relative what bills may be introduced at. Rule 7.04, p. 49.

**SPEECHES, SPEAKING-**
See Debate.

**SPONSOR OF BILL-**
Appointment to Conference Committee. Rule 12.01, p. 90.

Closing debate after motion to table. Rule 6.02, pp. 33-34.

Senate sponsor of House bill, determination. Rule 11.14(a), p. 83.

Note relative priority accorded in debate. Rule 4.04, pp. 12-13.

**SPREADING ON THE JOURNAL-**
Reconsideration, request to spread on Journal; effect; time for subsequent action. Rules 6.11, p. 42; 16.08(7), p. 106.

**STANDING COMMITTEES-**
See also Committees.

Appointment by President. Rules 11.02, pp. 77-78; 11.04, p. 79; 12.01, p. 90.

Attendance of a witness or production of evidence; authority of standing committee to compel; information required. Rule 11.20, p. 89.

Chair and vice-chair appointed by President. Rule 11.04, p. 79.

Chair authorized to appoint subcommittees. Rule 11.05, p. 79.

List of. Rule 11.02, pp. 77-78.

Members appointed by Lieutenant Governor. Rule 11.01, p. 77.

President to refer proposed agency rule to. Rule 19.01, p. 110.

Reports of. Rule 11.06, p. 79.

**STANDING SUBCOMMITTEES-**
Appointment. Rules 11.01, p. 77; 11.03, p. 78.

Chair and vice-chair appointed by President. Rule 11.04, p. 79.

**STATE FUNDS-**
Fiscal note from Legislative Budget Board required on certain bills and resolutions. Rule 7.09(b)-(h), pp. 52-53.

**STATUTES-**
Constitutional requirements for amending (precedents). Appendix, p. 117.

**STRIKE OUT-**
Permissible multiple motions to strike out and to strike out and insert. Rule 6.06, p. 36.

Strike out and insert not divisible question. Rule 6.06, p. 36.

**SUBPOENA-**
Committee chair may summon representatives of state agencies without. Rule 11.20(b), p. 89.

A-32

Compelling attendance of witness or production of evidence by Senate Committee. Rule 11.20, p. 89.

Legislative Reorganization Act, when applicable. Rule 11.20(c), p. 89.

**SUBSTITUTE BILLS-**

Committee substitute bills; course of; consequences of defeat. Rule 7.11, p. 57.

**SUM-**

Motion to fix sum, largest sum has precedence. Rule 6.05, p. 36.

**SUNSET-**

Sunset bill on second reading; no amendment unless matter previously discussed in public hearing. Rule 7.16, p. 65.

**SUSPEND-**

Note relative motion to, explainable. Rule 6.02, p. 34.

Rule of Senate, vote necessary. Rule 16.06(12), p. 105.

**SUSPENSION-**

Admission rule, suspension. Rules 2.07, p. 6; 16.02(1), p. 102.

Notes relative pending question to take up another. Rule 6.01, pp. 28-29.

Of limitations on matters taken up by conference committees. Rule 12.08, p. 95.

Of regular order during morning call prohibited. Rule 5.08, pp. 20-21.

Regular order; advance notice; intent calendar. Rules 5.13, p. 26; 5.14, p. 27; 16.04(5), p. 103.

Rule requiring reading of bills on three several days. Rules 7.18, p. 66; 16.04(1), p. 103.

Time limit for considering bills. Rules 7.13, p. 60; 16.03(1), p. 102.

Time limit rule for introducing bills. Rules 7.07(b), p. 51; 16.03(2), p. 102.

Two-thirds vote Members present to suspend a Senate rule. Rule 16.06(12), p. 105.

**T**

**TABLE-**

Affecting only matter to which directed. Rule 6.07, p. 36.

Author, allowed to close debate, after motion to. Rule 6.02, pp. 33-34.

Debate of motion to lay on, prohibited. Rule 6.02, pp. 33-34.

Motion allowed, when question being considered by Senate. Rule 6.01(a)(5), (6), p. 29.

Notes relative motion to, bill. Rule 6.01, pp. 28-29.

Precedence of motion to lay on. Rule 6.01(a)(5), p. 29.

Reconsideration of vote on motion to, not in order (ruling). Rule 6.10, p. 39.

**TABLE, SUBJECT TO CALL-**

Motion to, not debatable (ruling). Rule 6.02, pp. 33-34.

Precedence of motion to. Rule 6.01(a)(6), p. 29.

Rulings relative. Rule 6.01, p. 31.

**"TAGGING" BILL-**

Forty-eight-hour written notice of hearing on bill. Rule 11.19, pp. 86-88.

Sufficiency of notice. Rule 11.19, pp. 86-88.

**TAPE RECORDINGS-**

Committee meetings, recording; transcriptions; disposition. Rule 11.11, p. 81.

**TAXATION-**

Conference committee, restriction on tax items. Rule 12.05, p. 93.

Constitutional requirements relative revenue bills. Appendix, pp. 118-119.

Fiscal note, when required. Rule 7.09(b)-(h), pp. 52-53.

Note relative vote required for donation of taxes. Rule 16.05, p. 104.

Release of payment (public calamity). Rule 16.05(3), p. 103.

Tax bill on second reading; no amendment unless matter previously discussed in public hearing. Rule 7.16, p. 65.

A-33

**THIRD READING-**
Amendment of joint resolution on. Rules 7.19, p. 67; 10.02, p. 76; 16.06(4), p. 104.
Amendment on, not allowed without consent of two-thirds Members present. Rule 7.19, p. 67; 16.06(4), p. 104.
Failure of adoption of joint resolution on; no further consideration during session. Rule 10.03, p. 77.

**THREE-DAY RULE-**
Amendments to Constitution. Rules 10.01, p. 76; 10.02, p. 76.
Defeated motion to suspend may be repeated same legislative day (ruling). Rule 7.18, p. 66.
Vote required to suspend and note. Rules 7.18, p. 66; 16.04(1), p. 103.

**TIE VOTE-**
Lieutenant Governor gives casting vote in case of. Rule 6.18, p. 45.
Question or motion lost on tie vote in absence of Lieutenant Governor. Rule 6.19, p. 46.

**U**

**UNCONTESTED BILLS AND RESOLUTIONS-**
See Local Bills.

**UNDERLINING AND BRACKETING OF AMENDMENTS-**
Format of amendments. Rule 7.10, pp. 56-57.
Format of reported bills and resolutions. Rule 7.10, pp. 56-57.

**UNFINISHED BUSINESS-**
See also Pending Business.
Order of considering. Rule 5.09(2), p. 21.
Unfinished special orders. Rules 5.11(b), p. 24; 16.06(8), p. 105.

**UNIFORM TAX RULE-**
Statement of. Appendix, p. 123.

**V**

**VERIFICATION OF VOTE-**
Note relative. Rule 6.15(b), p. 45.

**VETO-**
Governor's objections to bill to be entered in Journal. Rule 17.03, p. 109.
Note relative postponing consideration of motion to override. Rule 17.03, p. 109.
Passage over Governor's veto, vote required. Rules 6.20, p. 46; 16.05(7), p. 104; 16.06(2), p. 104.

**VISITORS-**
Resolutions recognizing, information concerning listed in Journal. Rule 17.02, p. 108.

**VOTES, VOTING-**
Absentees, excusing, two-thirds vote of Members present required. Rule 16.06(7), p. 105.
Adoption of nonprocedural motion reflected in Journal. Rule 6.15(c), p. 44.
Adoption of rules, majority vote required. Rules 16.07(1), p. 105; 21.01, p. 111.
Affirmative vote of majority of committee, prerequisite to consideration of bill or resolution, except as provided for minority reports. Rule 11.15, p. 84.
Amendment of bill at third reading; two-thirds vote of Members present required. Rule 16.06(4), p. 104.
Area of county, reducing to less than 900 square miles; two-thirds vote of Members elected required. Rule 16.05(4), p. 104.
Bill not to be passed on its third reading after the 135th calendar day of a regular session or for any purpose except correction within last 24 hours of session; suspension of rule, vote required. Rules 7.25, p. 69; 16.04(3), p. 103.
Confirmation of Governor's appointee; two-thirds vote of Members present required. Rule 16.06(3), p. 104.
Confirmation, vote for or against in open session; entry in Journal. Rules 15.02, p. 100; 16.07(5), p. 106.
Consideration of bills during first 60 days, by four-fifths vote of Members elected. Rules 7.13, p. 60; 16.03(1), p. 102.
Constitution, proposed amendment, passage on third reading, two-thirds vote of

Members elected required. Rules 10.02, p. 76; 16.05(1), p. 103.

Definitions. Rule 16.01, pp. 101-102.

Entry in Journal of vote on final passage of bills and certain resolutions. Rule 6.15(a)(1), p. 44.

Entry in Journal of vote on final passage of resolution amending Constitution. Rule 6.15(a)(1), p. 44.

Entry in Journal of vote on motion to suspend the constitutional three-day rule. Rule 6.15(a)(2), p. 44.

Entry in Journal of vote on questions requiring two-thirds vote of Members present; rules. Rule 6.15(a)(3), p. 44.

Expulsion of Member; two-thirds vote of Members elected required. Rule 16.05(6), p. 104.

Four-fifths vote of Members present to suspend limitation on voting on third reading after 135th day of regular session. Rules 7.25, p. 69; 16.04(3), p. 103.

Four-fifths vote of Members present to suspend reading of bill on three several days. Rules 7.18, p. 66; 16.04(1), p. 103.

Four-fifths vote of Members present to suspend rule prohibiting vote on bills reported after three-day deadline. Rules 7.24, p. 69; 16.04(2), p. 103.

Immediate consideration of petitions and certain resolutions, two-thirds vote required. Rules 8.02, p. 70; 16.06(13), p. 105.

Immediate ruling on point of order may be demanded by majority. Rules 6.12, p. 42; 16.08(11), p. 107.

Introduction of bills after first 60 days by four-fifths vote of Members elected. Rules 7.07(b), p. 51; 16.03(2), p. 102.

Joint rules, adoption, amendment, or rescission, majority vote. Rules 16.07(2), p. 106; 21.02, p. 112; 22.02, p. 112.

Lieutenant Governor decides question in case of tie vote. Rule 6.18, p. 45.

Location of Member for voting. Rule 6.15(d), pp. 44-45.

Majority may remove Sergeant-at-Arms from office. Rules 4.08, pp. 14-15; 16.08(3), p. 106.

Majority may request executive session for secrecy of remarks and information. Rules 15.02, p. 100; 16.07(5), p. 106.

Majority may sustain objection to reading of a paper. Rules 6.13, p. 43; 16.08(8), p. 106.

Majority necessary for choice in elections by Senate. Rules 1.05, p. 3; 16.08(1), p. 106.

Majority of Senators present may have Senator presiding temporarily removed from chair. Rules 4.08, pp. 14-15; 16.08(3), p. 106.

Majority to reconsider any vote. Rules 6.11, p. 42; 16.08(7), p. 106.

Majority vote of Members required to set special order on bill or resolution relating to voter identification requirements. Rules 5.11(d), p. 24; 16.07(7), p. 105.

Majority vote to determine what officers to be elected. Rule 1.04, p. 3.

Majority of votes of Members required to amend rules. Rules 16.07(6), p. 106; 22.01, p. 112.

Manner of voting in elections by Senate. Rule 1.05, p. 3.

Members present, not voting; recording, counting for quorum. Rule 6.15(b), p. 44.

Messages not to be received pending taking of vote. Rule 18.02, p. 110.

Note relative verification. Rule 6.15, p. 45.

Note relative vote required to pass bill creating flood control districts. Rule 16.05, p. 104.

Paired vote, rules governing. Rule 6.17, p. 45.

Passage of bill after the 135th calendar day of session, no vote allowed unless to correct error; vote required for suspension. Rules 7.25, p. 69; 16.04(3), p. 103.

Precedence of votes on subsidiary motions. Rule 6.01, pp. 28-29.

President may direct Senator not voting to be marked present. Rule 6.16, p. 45.

President shall call for yeas and nays, when required. Rule 6.15(a), p. 44.

Previous question, ordered by majority. Rules 6.09, p. 37; 16.08(10), p. 107.

Reasons for vote may be spread upon Journal. Rule 17.01, pp. 107-108.

Reconsideration of question. Rules 6.10, p. 39; 16.08(7), p. 106.

Reconsideration, spreading on Journal. Rule 6.11, p. 42.

A-35

Remission of taxes in case of calamity; two-thirds vote of Members required. Rule 16.05(3), p. 103.

Removal of civil officer, address to Governor for, two-thirds vote of Members elected required. Rule 16.05(5), p. 104.

Re-refer bills or resolutions, approval of both chairs and two-thirds vote of Members present required. Rules 6.08, p. 36; 16.06(10), p. 105; 16.07(4), p. 106.

Rescind Senate rule, vote necessary to. Rules 16.06(12), p. 105; 22.01, p. 112.

Resolution acted on immediately, when. Rule 8.02, p. 70.

Right of Lieutenant Governor to vote in Committee of the Whole. Rule 13.03, p. 97.

Secrecy of executive session, injunction removed by unanimous vote of Senate. Rules 15.01, p. 100; 16.02(5), p. 102.

Special order on bill or resolution relating to voter identification requirements set by a majority vote of Members. Rules 5.11(d), p. 24; 16.07(7), p. 105.

Special order set by two-thirds vote of Members present. Rules 5.11(b), p. 24; 16.06(8), p. 105.

Special order reset to earlier time by affirmative vote of four-fifths Members present. Rules 5.11(c), p. 24; 16.04(6), p. 103.

Subjects requiring two-thirds. Rules 16.05, pp. 103-104; 16.06, pp. 104-105.

Suspension of rules limiting introduction and consideration of bills. Rules 7.07(b), p. 51; 7.13, p. 60; 16.03(1), p. 102; 16.03(2), p. 102.

Suspension of three-day rule requires vote of four-fifths of Senate present. Rules 7.18, p. 66; 16.04(1), p. 103.

Tie vote on question in absence of Lieutenant Governor defeats it. Rule 6.19, p. 46.

Two-thirds of Members present to rescind rule. Rule 22.01, p. 112.

Two-thirds of Senators present may suspend pending special order to take up another special order, the time for the consideration of which has arrived. Rules 5.11(b), p. 24; 16.06(8), p. 105.

Two-thirds vote of Members of Senate to pass constitutional amendment. Rules 10.01, p. 76; 10.02, p. 76.

Two-thirds vote of Members present to suspend rule, unless rule specifies different majority. Rule 16.06(12), p. 105.

Two-thirds vote of Members to expel a Member. Rules 4.09, p. 15; 16.05(6), p. 104.

Two-thirds vote to adopt amendment to bill on third reading. Rule 7.19, p. 67.

Two-thirds vote of Members present to change order of business. Rule 16.06(6), p. 105.

Two-thirds vote to postpone consideration of a special order. Rules 5.11(b), p. 24; 16.06(8), p. 105.

Unanimous consent of Members present to suspend Local Calendar Rules. Rule 9.07, p. 76.

Vetoed bills, vote required for passage. Rules 6.20, p. 46; 16.05(7), p. 104; 16.06(2), p. 104.

Votes of Senate to be entered in Journal. Rule 17.02, p. 108.

Yeas and nays may be demanded by three Senators, entry on Journal. Rule 6.15(b), p. 44.

## W

WITHDRAWAL OF MOTION-
After previous question ordered (editorial note). Rules 6.09, p. 37; 16.08(10), p. 107.
Motion in possession of Senate may be withdrawn, when. Rule 6.04, p. 35.
Note relative effect of, on debate. Rule 6.04, p. 35.
Note relative privilege of maker at any time. Rule 4.03, p. 10.

WITNESS-
Compelling attendance and production of evidence by standing committee. Rule 11.20, p. 89.

WITNESSES-
List required, committee reports. Rule 7.12(b), pp. 58-59.
Order of appearance and time allotted at public hearing. Rule 11.18(e), p. 85.

Questioning by Senators at public hearing.  Rule
11.18(c), p. 85.

**WRITTEN MOTIONS-**
Demand that motions be in writing.  Rule 6.03, p.
35.
Ruling relative effect of withdrawal when Senator
on floor.  Rule 6.04, p. 35.

## Y

**YEAS AND NAYS-**
See also Votes, Voting.
Assent and dissent indicated by.  Rule 6.14, p. 43.
Demand by three Senators; entry on Journal.
Rule 6.15(b), p. 44.
On all motions to suspend the constitutional three-
day rule, to be entered in Journal.  Rule
6.15(a)(2), p. 44.
On final passage of all bills, to be entered in
Journal.  Rule 6.15(a)(1), p. 44.
On final passage of all constitutional amendments.
Rule 6.15(a)(1), p. 44.
On questions requiring two-thirds vote of
Members elected, to be entered in Journal.
Rule 6.15(a)(2), p. 44.
On questions requiring vote of two-thirds of
Members present, rules on entry in Journal.
Rule 6.15(a)(3), p. 44.
Record vote, when required.  Rule 6.15, pp. 44-
45.
Statement in Journal on adoption of
nonprocedural motion.  Rule 6.15(c), p. 44.
Suspension of three-day rule; vote required, entry
in Journal.  Rule 7.18, p. 66.

**YIELDING-**
Resuming floor after.  Rule 4.03, p. 9.