TX 00005556
HIGHLY CONFIDENTIAL

   (9) a pilot's license issued to the person by the Federal Aviation Administration or another authorized agency of the United States;

   (10) a library card that contains the person's name issued to the person by a public library located in this state; or

   (11) a hunting or fishing license issued to a person by the Parks and Wildlife Department [or

   [(8) any other form of identification prescribed by the secretary of state].

  (c) The commissioners court of a county may authorize the county elections administrator or the county clerk, as applicable, to issue photo identification cards that may be used as proof of a voter's identification under Subsection (a).

 SECTION 9. Sections 63.011(a) and (b), Election Code, are amended to read as follows:

  (a) A person to whom Section 63.001(g), 63.008(b), or 63.009(a) applies may cast a provisional ballot if the person executes an affidavit stating that the person:

   (1) is a registered voter in the precinct in which the person seeks to vote; and

   (2) is eligible to vote in the election.

  (b) A form for the affidavit shall be printed on an envelope in which the provisional ballot voted by the person may be placed and must include a space for entering the identification number of the provisional ballot voted by the person and a space for an election officer to indicate whether the person presented proof of identification as required by Section 63.001(b)(1) or (2). The

```
 1   affidavit form may include space for disclosure of any necessary
 2   information to enable the person to register to vote under Chapter
 3   13.  The secretary of state shall prescribe the form of the
 4   affidavit under this section.
 5        SECTION 10.  Section 65.054(b), Election Code, is amended to
 6   read as follows:
 7        (b)  A provisional ballot may be accepted only if:
 8             (1)  the board determines that, from the information in
 9   the affidavit or contained in public records, the person is
10   eligible to vote in the election; and
11             (2)  the voter presents proof of identification as
12   required by Section 63.001(b)(1) or (2):
13                  (A)  at the time the ballot was cast; or
14                  (B)  in the period prescribed under Section
15   65.0541.
16        SECTION 11.  Subchapter B, Chapter 65, Election Code, is
17   amended by adding Section 65.0541 to read as follows:
18        Sec. 65.0541.  PRESENTATION OF IDENTIFICATION FOR CERTAIN
19   PROVISIONAL BALLOTS.  (a)  A voter who is accepted for provisional
20   voting under Section 63.011 because the voter does not present
21   proof of identification as required by Section 63.001(b)(1) or (2)
22   may submit proof of identification to the voter registrar by
23   personal delivery or by mail for examination by the early voting
24   ballot board not later than the fifth day after the date of the
25   election.
26        (b)  The early voting ballot board shall accept a provisional
27   ballot under Section 65.054 if the voter:
```

80R340 JRJ-D                           9

HIGHLY CONFIDENTIAL

TX 00005557

TX 00005558
HIGHLY CONFIDENTIAL

```
 1              (1)  presents proof of identification in the manner
 2    required by this section; and
 3              (2)  is otherwise eligible to vote in the election.
 4         (c)  The office of the voter registrar shall be open on a
 5    Saturday that falls within the five-day period described by
 6    Subsection (a) for a voter to present identification as provided
 7    under this section.
 8         (d)  The secretary of state shall prescribe procedures as
 9    necessary to implement this section.
10         SECTION 12.  Section 521.422, Transportation Code, is
11    amended by amending Subsection (a) and adding Subsection (d) to
12    read as follows:
13         (a)  Except as provided by Subsection (d), the [The] fee for
14    a personal identification certificate is:
15              (1)  $15 for a person under 60 years of age;
16              (2)  $5 for a person 60 years of age or older; and
17              (3)  $20 for a person subject to the registration
18    requirements under Chapter 62, Code of Criminal Procedure.
19         (d)  The department may not collect a fee for a personal
20    identification certificate issued to a person who executes an
21    affidavit stating that the person is financially unable to pay the
22    required fee and:
23              (1)  who is a registered voter in this state and
24    presents a valid voter registration certificate; or
25              (2)  who is eligible for registration under Section
26    13.001, Election Code, and submits a registration application to
27    the department.
```

1    SECTION 13.  The change in law made by this Act to Section
2    13.002, Election Code, applies only to an application for voter
3    registration that is submitted on or after the effective date of
4    this Act.
5    SECTION 14.  This Act takes effect September 1, 2007.

HIGHLY CONFIDENTIAL

TX_00005559



A Principled
Approach to
Public Policy

BOARD OF DIRECTORS

Officers
Rep. Warren Chisum
President

Bill Oswold
Vice President

Paul Blanton
Secretary/Treasurer

Public Sector
Rep. Betty Brown
Sen. Bob Deuell, M.D.
Rep. Dan Gottis
Rep. Linda Harper-Brown
Rep. Bill Keffer
Rep. John Otto
Rep. Corbin Van Arsdale
Sen. Tommy Williams
Chair Diane Rath, TWC

Private Sector
Oliver Bell
Jeff Bonhorr
Bill Dowden
Tim Dunn
Lisa Eiledge
Eric Glenn
Michael Jewell
Marlene Mc Michael
Christine Davis O'Brien
John Riley
Arlene Wohlgemuth
Jared Wolfe

PO Box 2659
Austin, Texas 78768
512.474.6042
FAX 512.482.8355
www.txccri.org

March 1, 2007

The Honorable Betty Brown
The Honorable Phil King
The Honorable Debbie Riddle

RE: HB 101, 218, and 626

Dear Representatives:

Having had the opportunity to listen to testimony and comments from members of the House Committee on Elections regarding your bills laid out last evening, we want to clear up misconceptions or misstatements of fact that were offered by members and citizens speaking in opposition to your proposals.

1. Rep. Anchia asked whether members or witnesses had on their person an original or copy of a document that constitutes "acceptable proof of citizenship" as spelled out in HB 626 and HB 101.

    a). Implied in his question is the idea that it would inconvenience voters if they were required to produce evidence of citizenship and, by doing so, would create a barrier to registration. The notice of public hearing, however, did not stipulate that members of the public would be required to produce evidence as a pre-condition of providing testimony. Had the notice done so, members and witnesses would have prepared for the meeting appropriately, in the same manner that people desiring to register to vote would adequately prepare to be registered.

    b). Also implied is that there is a specific date and time at which voters must register, and that as a consequence, voters might be unprepared. A person may register to vote any day of the year, excluding holidays. People do not have to be given notice of when to register because it is always available to them. Being properly informed of registration requirements, citizens would have the time necessary to produce the required documentation. It is obvious, but very important to repeat, that each person wishing to register to vote has two years before each general election, primary election, and constitutional election to find or acquire the necessary documentation.

    c). Because exercising the right to register and the right to vote are voluntary, asking voters or potential registrants to produce documentation enhances the value of their right, rather than diminishing it.

HIGHLY CONFIDENTIAL

TX_00005572

2. Witnesses and members of the committee expressed skepticism about the magnitude of vote fraud.

   a). Because information provided on registration applications is not verified, there is neither an accurate estimate of how many people are illegally registered to vote nor an estimate of how many may have voted illegally.

   b). However, it is clear from testimony before the US Congress by Harris County Tax Assessor-Collector and Voter Registrar Paul Bettencourt that vote fraud has taken place in Harris County. Following the lead of Mr. Bettencourt, TCCRI filed open records requests of six major counties. Bexar County is the only county that complied with the request (TCCRI has asked the Office of the Attorney General to intervene with the other counties). Bexar County records also demonstrate vote fraud.

   c). The evidence of vote fraud in both Harris and Bexar Counties is based on the narrow issue of people declining to serve on juries because they claim not to be citizens. To our knowledge, there has never been a systematic review in any county to verify whether or not voter registrants are, in fact, citizens. In fact, a process does not currently exist for counties to do so.

   d). Article VI of the Texas Constitution clearly requires a person to be a citizen in order to exercise the right to vote. However, the Office of the Secretary of State confirms there is no verification of citizenship (letter dated June 15, 2006) at the state or local level.

   e). Without a systematic review at either the state or county level, it is impossible to know how extensive the fraud may be. **We strongly urge members to direct the office of the Secretary of State or the Office of the Attorney General to assess just how many non-citizens may be registered to vote or may have voted in previous elections.**

3. Rep. Burnam disputed the statement that jurors can be selected from lists of registered voters. § 62.001 Government Code reads:

JURY SOURCE; RECONSTITUTION OF JURY WHEEL.
(a) The jury wheel must be reconstituted by using, as the source:
   (1) the names of all persons on the current voter registration lists from all the precincts in the county; and
   (2) all names on a current list to be furnished by the Department of Public Safety, showing the citizens of the county who:
      (A) hold a valid Texas driver's license or a valid personal identification card or certificate issued by the department; and

P.O. Box 2910, Austin TX 78768 * 512-474-6042 * www.txccri.org     2

HIGHLY CONFIDENTIAL

TX_00005573

TCCRI

The problem this presents is two-fold.

    a). No systematic verification of citizenship exists (see point 2).

    b). Driver's Licenses, Texas Identification Cards, and SSN's are all available to non-citizens (either legally or fraudulently).

4. Witnesses claimed there are certain population groups who would be inconvenienced because they lack the requisite photo identification as would be required by House Bills 101, 216 and 626. That may be true, but only in the <u>most</u> extraordinary circumstances.

    a). In fiscal year 2005, there were 14.4 million valid unexpired Driver's Licenses issued to Texans of voting age. In November 2005, however, there were only 12.5 million registered voters. With 1.8 million *more* Drivers' Licenses held by the voting age population than there are registered voters, the argument that the voter ID proposal will be a barrier to voting is a fallacy. Add in another 3,960,249 unexpired Texas Identification Cards in the state as of April, 2006 and 87% of the *total* state population (all ages) has some form of government identification card. The odds that a person registered to vote or desiring to register is insignificant.

    b). The elderly are typically held out as a specific population group that would be unfairly burdened. Consider Senate Bill 180 by Senator Corona this session. C.S.S.B. 180 requires drivers 85 years of age and above to pass a vision and driving test in order to have their licenses renewed. The necessity of that bill alone demonstrates that elderly Texans hold a drivers license. Specifically, there are 274,357 residents over the age of 85. Over 60% of them (164,929) currently hold a Texas Driver's License.

5. Witnesses claimed that the cost of obtaining proof of citizenship (i.e. the cost of a registered birth certificate) would be a barrier to voting. The Bureau of Vital Statistics says that it costs $22 for certified copy of a birth certificate. Please compare that to cost of other government fees.

    a). Driver's License fees are $24 and the fee for a Texas ID Card is $15.

    b). Counties charge between $60 and $70 annual vehicle registration.

    c). Counties charge between $30 and $40 for marriage licenses.

Under the current system or even that anticipated by HB 626, the cost of obtaining a certified copy of the birth certificate could be waived for the indigent. The Legislature need not create a new determination of

P.O. Box 2910, Austin TX 78768 * 512-474-6042 * www.txccri.org     3

HIGHLY CONFIDENTIAL

TX_00005574

TCCRI

indigence by which the birth certificate fee may be waived. Instead, the fee waiver can be linked to the holders of a Lone Star Card.

Finally, the debate about whether to require proof of citizenship for voting is moot if the state takes advantage of the REAL ID Act.

Pursuant to the REAL ID Act of 2005 and the rules drafted by the U.S. Department of Homeland Security, the Department of Public Safety will be required to verify the citizenship or legal residency status of all applicants for a Driver's License or Texas Identification Card by May 2008. The REAL ID Act, however, does not require the cards to list citizenship status. The Texas Legislature should take the next logical step by requiring that DPS list on all Driver's Licenses and Texas Identification Cards (or on the magnetic strip) whether or not the holder of the card is a United States citizen. Taking this step would eliminate the need for voter registration because at this point all Driver's Licenses and Texas Identification Cards could substitute for voter registration cards. In that way, the state would have eliminated a major barrier to voting (meeting the concerns raised by MALDEF, LULAC and SVREP) because registration will no longer be necessary. Any person carrying a Drivers License or Texas ID could simply present either of them at the voting location and be permitted to vote when matched against the database anticipated by HB 626.

We hope these points help clarify the issues raised last night and may help prepare the bill authors for the floor debate. Please call if you have any questions.

Sincerely,

John Colyandro

Brent Connett

Cc: Rep. Leo Berman
    Rep. Dwayne Bohac

P.O. Box 2910, Austin TX 78768 * 512-474-6042 * www.txccri.org          4

HIGHLY CONFIDENTIAL

TX_00005575

Dallas Morning News MAR 0 1 2007

FIGHTING VOTER FRAUD

## Bills propose multiple IDs, proof of citizenship to register or at polls

The House Elections Committee on Wednesday heard testimony on three bills that would require various forms of identification or proof of citizenship in order to register to vote or to vote at a polling place.

**The three bills** allow for provisional voting at the polling place if the voter's identity cannot be immediately verified. Two also require proof of citizenship — a birth certificate, passport or citizenship papers — upon registering to vote.

**Sponsors are:** Rep. Debbie Riddle, R-Tomball, Rep. Phil King, R-Weatherford, and Rep. Betty Brown, R-Terrell.

**Supporters**, who include the Texas Republican Party and the socially conservative Texas Eagle Forum, say it would help crack down on voter fraud, including voter impersonation at the polls, mail-vote fraud, multiple voting and illegal immigrants voting.

"There is so much fraud going on that we want to eliminate completely," said Rep. Leo Berman, R-Tyler, chairman of the committee and sponsor of similar legislation.

**Opponents**, who include the AARP and advocates for the disabled, say that the bills disenfranchise people who don't drive; have disabilities; the elderly who may not have ready access to the necessary types of identification; and the homeless or those who don't have access to alternate forms of ID, such as utility bills. They argue that it would seriously cripple voter registration drives and other get-out-the-vote efforts due to the added requirements.

"I worry about the effect on the fundamental underpinning of democracy," said Rep. Rafael Anchia, D-Dallas, who is sponsoring bills to expand voter registration and make it easier.

**What's next:** Mr. Berman said he plans to ask the committee, which has five Republicans and three Democrats, to pass a version of the bill during next week's committee meeting. Last session, the House passed a similar bill that died in the Senate.

*Karen Brooks*

HIGHLY CONFIDENTIAL

TX_00005582