PL670
9/2/2014
2:13-cv-00193

# Rules and Precedents
## of the
# Texas House



**81st Legislature**

Exhibit
Exhibit No: US 463
Name:
Date: 6/11/12 ak
ESQUIRE

# Rules
# and
# Precedents

## of the
## Texas House

### 81st Legislature

Published by the
Texas Legislative Council
P.O. Box 12128
Austin, Texas  78711-2128



Lieutenant Governor David Dewhurst, Joint Chair
Speaker Joe Straus, Joint Chair
Milton Rister, Executive Director

**Defendant's Exhibit #**
513

DE-004961

USA_00012440

*The mission of the Texas Legislative Council is to provide professional, nonpartisan service and support to the Texas Legislature and legislative agencies.  In every area of responsibility, we strive for quality and efficiency.*

Copies of this publication have been distributed in compliance with the state depository law (Subchapter G, Chapter 441, Government Code) and are available for public use through the Texas State Publications Depository Program at the Texas State Library and other state depository libraries.  An online version of this publication can be found at http://www.house.state.tx.us.

Additional copies of this publication may be obtained from House Document Distribution:

In person:  Room B.324, Robert E. Johnson, Sr., Legislative Office Building
            1501 N. Congress Avenue
By mail:    P.O. Box 12128, Austin, TX 78711-2128
By phone:   (512) 463-1144
By fax:     (512) 463-2920
By online request form (legislative offices only):  http://bilreq.

**Defendant's Exhibit #**
513

DE-004962

USA_00012441

# Rule 1.  Duties and Rights of the Speaker

## Chapter A.  Duties as Presiding Officer

### Page 3

Section                                                                   Page

1.   Enforcement of the Rules............................................................   3
2.   Call to Order .............................................................................   3
3.   Laying Business Before the House ...........................................   3
4.   Referral of Proposed Legislation to Committee.......................   3
5.   Preservation of Order and Decorum..........................................   4
6.   Recognition of Gallery Visitors................................................   4
7.   Stating and Voting on Questions ..............................................   4
8.   Voting Rights of the Presiding Officer .....................................   4
9.   Questions of Order.....................................................................   5
10.  Appointment of Speaker Pro Tempore and Temporary Chair ...............   7
11.  Emergency Adjournment............................................................   7
12.  Postponement of Reconvening ..................................................   8
13.  Signing Bills and Resolutions ...................................................   8

## Chapter B.  Administrative Duties

### Page 8

14.  Control Over Hall of the House ................................................   8
15.  Standing Committee Appointments ...........................................   8
16.  Appointment of Select and Conference Committees ...............   9
17.  Interim Studies .........................................................................   9

## Chapter C.  Campaigns for Speaker

### Page 9

18.  Pledges for Speaker Prohibited During Regular Session .......................   9

- 1 -                                     1-28-09 HR 2

**Defendant's Exhibit #**
513

DE-004963

USA_00012442

**Defendant's Exhibit #**
513

DE-004964

USA_00012443

# Rules and Precedents
# of the
# Texas House
## 81st Legislature
## 2009

### Statement of Authorization and Precedence

Pursuant to and under the authority of Section 11, Article III, Texas Constitution, and notwithstanding any provision of statute, the House of Representatives adopts the following rules to govern its operations and procedures. The provisions of these rules shall be deemed the only requirements binding on the House of Representatives under Section 11, Article III, Texas Constitution, notwithstanding any other requirements expressed in statute.

# RULE 1

# Duties and Rights of the Speaker

## Chapter A.  Duties as Presiding Officer

**Section 1.   Enforcement of the Rules** — The speaker shall enforce, apply, and interpret the rules of the house in all deliberations of the house and shall enforce the legislative rules prescribed by the statutes and the Constitution of Texas.

**Section 2.   Call to Order** — The speaker shall take the chair on each calendar day precisely at the hour to which the house adjourned or recessed at its last sitting and shall immediately call the members to order.

**EXPLANATORY NOTES**

See Rule 6, Sec. 1, concerning the daily order of business.

**Section 3.   Laying Business Before the House** — The speaker shall lay before the house its business in the order indicated by the rules and shall receive propositions made by members and put them to the house.

**Section 4.   Referral of Proposed Legislation to Committee** — All proposed legislation shall be referred by the speaker to an appropriate standing or select committee with jurisdiction, subject to correction by a majority vote of the house. A bill or resolution may not be referred simultaneously to more than one committee.

**EXPLANATORY NOTES**

It has been the practice for speakers to correct the reference only when a bill has been referred in error to an improper committee. Such correction is done very shortly after the original reference, however, usually long before any committee action is possible.

- 3 -                              1-28-09 HR 2

**Defendant's Exhibit #**
**513**

DE-004965

USA_00012444

**Rule 1   Sec. 5**

**Section 5.   Preservation of Order and Decorum** — The speaker shall preserve order and decorum.  In case of disturbance or disorderly conduct in the galleries or in the lobby, the speaker may order that these areas be cleared. No signs, placards, or other objects of similar nature shall be permitted in the rooms, lobby, gallery, and hall of the house.  The speaker shall see that the members of the house conduct themselves in a civil manner in accordance with accepted standards of parliamentary conduct and may, when necessary, order the sergeant-at-arms to clear the aisles and seat the members of the house so that business may be conducted in an orderly manner.

**Section 6.   Recognition of Gallery Visitors** — On written request of a member, the speaker may recognize persons in the gallery.  The speaker shall afford that recognition at a convenient place in the order of business, considering the need for order and decorum and the need for continuity of debate.  The request must be made on a form prescribed by the Committee on House Administration.  The speaker may recognize, at a time he or she considers appropriate during floor proceedings, the person serving as physician of the day.

**Section 7.   Stating and Voting on Questions** — The speaker shall rise to put a question but may state it sitting.  The question shall be put substantially in this form:  "The question occurs on _____" (here state the question or proposition under consideration).  "All in favor say 'Aye,'" and after the affirmative vote is expressed, "All opposed say 'No.'"  If the speaker is in doubt as to the result, or if a division is called for, the house shall divide:  those voting in the affirmative on the question shall register "Aye" on the voting machine, and those voting in the negative on the question shall register "No."  The decision of the house on the question shall be printed in the journal and shall include the yeas and nays if a record of the yeas and nays is ordered in accordance with the rules.

EXPLANATORY NOTES

1.  Technically, under the above section, a call for a division is eligible only after a viva voce vote, the basic voting form prescribed by the rules.  Sometimes members will start calling for a division even before the question is put.  Most of the time the chair acquiesces, and the division votes are taken directly on the voting machine.  However, the above section is clear, and nothing could prevent the chair from listening first to a viva voce vote and announcing the result unless a division is called for before the result is announced, in which case it must be granted.

2.  See Rule 5, Sec. 40, concerning voting on the machine.

**Section 8.   Voting Rights of the Presiding Officer** — The speaker shall have the same right as other members to vote.  If the speaker, or a member temporarily presiding, has not voted, he or she may cast the deciding vote at the time such opportunity becomes official, whether to make or break a tie.  If a verification of the vote is called for and granted, the decision of the speaker, or a member temporarily presiding, to cast the deciding vote need not be made until the verification has been completed.  In case of error in a vote,

**Defendant's Exhibit #**
513

DE-004966

USA_00012445

if the correction leaves decisive effect to the vote of the speaker, or a member temporarily presiding, the deciding vote may be cast even though the result has been announced.

### EXPLANATORY NOTES

1.  See Sec. 10 of this rule and precedents following concerning temporary presiding officers.
2.  See Rule 5, Sec. 55, and notes following concerning verification.

**Section 9.   Questions of Order** — (a)  The speaker shall decide on all questions of order; however, such decisions are subject to an appeal to the house made by any 10 members.  Pending an appeal, the speaker shall call a member to the chair, who shall not have the authority to entertain or decide any other matter or proposition until the appeal has first been determined by the house. The question on appeal is, "Shall the chair be sustained?"

(b)   No member shall speak more than once on an appeal unless given leave by a majority of the house.  No motion shall be in order, pending an appeal, except a motion to adjourn, a motion to lay on the table, a motion for the previous question, or a motion for a call of the house.  Responses to parliamentary inquiries and decisions of recognition made by the chair may not be appealed, except as provided by Rule 5, Section 24.

(c)   Further consideration of the matter or proposition that is the subject of a question of order is prohibited until the speaker decides the question of order and any appeal of that decision has been determined by the house.  Consideration of any other matter or proposition is also prohibited while a question of order is pending, unless the question of order is temporarily withdrawn and the matter or proposition that is the subject of the question of order is postponed.  Withdrawal of the question of order does not prevent any member from raising that question of order when the matter or proposition is again before the house.

### EXPLANATORY NOTES

1.  Many points of order are raised concerning the constitutionality of bills, legislative procedures, and legislative powers.  Through many sessions the speakers have followed the plan of refusing to rule on constitutional points not related to legislative procedure, of ruling on constitutional procedural points where no doubt exists, or, where doubt exists, either submitting the points to the house for determination or overruling the points directly then passing them on to the house for determination, in effect, on the vote involved.  As a general rule the speaker does not submit points of order to the house on questions of procedure under the rules.
2.  While the speaker may, under unusual circumstances, submit a constitutional procedural point directly to the house, it is contrary to well-established parliamentary practice to submit other points of order directly to the house for a decision.
3.  The speaker may occasionally review committee proceedings for the purpose of ruling on a point of order raised against further consideration of a bill because of a violation of the house rules during committee proceedings.

1-28-09 HR 2

**Defendant's Exhibit #**
513                    DE-004967

USA_00012446

**Rule 1   Sec. 9**

4.   The purpose of Rule 1, Sec. 9(c), is to provide the chair with procedures for the prompt disposition of questions of order.

5.   See House Precedents following Rule 4, Sec. 14, concerning appeals from rulings of the chair.

## HOUSE PRECEDENTS

1.   RAISING POINTS OF ORDER AT THE PROPER TIME. — The house was considering H.B. 136, the previous question having been ordered on a sequence of motions, including engrossment of the bill. Votes were taken on all motions short of engrossment. Then a motion was made to reconsider the vote by which the previous question was ordered. This motion prevailed. Mr. Morse then raised a point of order that such motion cannot be made after one or more votes have been taken under the previous question, short of the final vote.

The speaker, Mr. Daniel, overruled the point of order on the ground that it came too late. (48 H.J. Reg. 1024 (1943)).

The point of order would have been good before the vote on reconsideration.

2.   INTERVENING BUSINESS NOT NECESSARILY PREJUDICIAL TO A POINT OF ORDER. — Mr. Hartsfield moved to reconsider the vote by which H.B. 79 passed to engrossment.  Mr. Crosthwait moved to table, and the motion failed.  Then Mr. Bell raised the point of order that Mr. Hartsfield had not voted on the prevailing side and that his motion was therefore out of order.  Opponents argued that Mr. Bell's point of order came too late, that it should have been made as soon as the motion was made.

The speaker, Mr. Senterfitt, sustained Mr. Bell's point of order, pointing out that since no action had been taken on the motion proper, the point of order had not come too late.  (52 H.J. Reg. 1918 (1951)).

## CONGRESSIONAL PRECEDENTS

DECISIONS OF THE SPEAKER. — The speaker may inquire for what purpose a member rises and then may deny recognition (6 C.P. 289), and an inquiry to ascertain for what purpose a member rises does not constitute recognition (6 C.P. 293).  While circumscribed by the rules and practice of the house, the exercise of the power of recognition is not subject to a point of order (6 C.P. 294).  The speaker may require that a question of order be presented in writing (5 H.P. 6865).  He is not required to decide a question not directly presented by the proceedings (2 H.P. 1314).  Debate on a point of order, being for his information, is within his discretion (5 H.P. 6919, 6920).  In discussing questions of order the rule of relevancy is strictly construed and debate is confined to the point of order and does not admit reference to the merits of the pending proposition (6 C.P. 3449).  Preserving the authority and binding force of parliamentary law is as much the duty of each member of the house as it is the duty of the chair (Speaker Gillett, Jan. 3, 1923, 67th Cong., 4th Session, p. 1205).  Points of order are recorded in the journal (4 H.P. 2840, 2841), but responses to parliamentary inquiries are not so recorded (4 H.P. 2842).  He does not decide on the legislative effect of propositions (2 H.P. 1274, 1323, 1324), or on the consistency of proposed action with other acts of the house (2 H.P. 1327-1336), or on the constitutional powers of the house (2 H.P. 1255, 1318-1320,

**Defendant's Exhibit #**
513

DE-004968

USA_00012447

1490; 4 H.P. 3507), or on the propriety or expediency of a proposed course of action (2 H.P. 1275, 1325, 1326, 1337; 4 H.P. 3091-3093, 3127). It is not the duty of the chair to decide hypothetical points of order or to anticipate questions which may be suggested in advance of regular order (6 C.P. 249); nor is it the duty of the chair to construe the constitution as affecting proposed legislation (6 C.P. 250). The effect or purport of a proposition is not a question to be passed on by the chair, and a point of order as to the competency or meaning of an amendment does not constitute a parliamentary question (6 C.P. 254). When precedents conflict, the chair is constrained to give greatest weight to the latest decisions (6 C.P. 248).

APPEALS. — The right of appeal cannot be taken away from the house (5 H.P. 6002). An appeal is not in order while another is pending (5 H.P. 6939-6941). Neither a motion nor an appeal may intervene between the motion to adjourn and the taking of the vote thereon (5 H.P. 5361). An appeal from the decision of the chair may be entertained during the proceedings to secure a quorum (4 H.P. 3037). A member may not speak more than once on an appeal except by permission of the house (2 H.P. 133; 5 H.P. 6938).

**Section 10.   Appointment of Speaker Pro Tempore and Temporary Chair** — The speaker shall have the right to name any member to perform the duties of the chair and may name a member to serve as speaker pro tempore by delivering a written order to the chief clerk and a copy to the journal clerk. A permanent speaker pro tempore shall, in the absence or inability of the speaker, call the house to order and perform all other duties of the chair in presiding over the deliberations of the house and perform other duties and exercise other responsibilities as may be assigned by the speaker. If the house is not in session, and a permanent speaker pro tempore has not been named, or if the speaker pro tempore is not available or for any reason is not able to function, the speaker may deliver a written order to the chief clerk, with a copy to the journal clerk, naming the member who shall call the house to order and preside during the speaker's absence. The speaker pro tempore shall serve at the pleasure of the speaker.

**CONGRESSIONAL PRECEDENTS**

SPEAKER PRO TEMPORE. — A call of the house may take place with a speaker pro tempore in the chair (4 H.P. 2989), and he may issue his warrant for the arrest of absent members under a call of the house (63rd Cong., 1st Session, p. 5498). When the speaker is not present at the opening of a session he designates a speaker pro tempore in writing (2 H.P. 1378, 1401), but he does not always name in open house the member whom he calls to the chair temporarily during the day's sitting (2 H.P. 1379, 1400).

**Section 11.   Emergency Adjournment** — In the event of an emergency of such compelling nature that the speaker must adjourn the house without fixing a date and hour of reconvening, the speaker shall have authority to determine the date and hour of reconvening and to notify the members of the house by any means the speaker considers adequate. Should the speaker be disabled or otherwise unable to exercise these emergency powers, the permanent speaker pro tempore, if one has been named, shall have authority to act. If there is no

**Defendant's Exhibit #**
513

DE-004969

USA_00012448

**Rule 1   Sec. 12**

permanent speaker pro tempore, or if that officer is unable to act, authority shall be exercised by the chair of the Committee on State Affairs, who shall preside until the house can proceed to the selection of a temporary presiding officer to function until the speaker or the speaker pro tempore is again able to exercise the duties and responsibilities of the office.

**Section 12.   Postponement of Reconvening** — When the house is not in session, if the speaker determines that it would be a hazard to the safety of the members, officers, employees, and others attending the legislature to reconvene at the time determined by the house at its last sitting, the speaker may clear the area of the capitol under the control of the house and postpone the reconvening of the house for a period of not more than 12 hours.  On making that determination, the speaker shall order the sergeant-at-arms to post an assistant at each first floor entrance to the capitol and other places and advise all persons entering of the determination and the time set for the house to reconvene.  The speaker shall also notify the journal clerk and the news media of the action, and the action shall be entered in the house journal.

**Section 13.   Signing Bills and Resolutions** — All bills, joint resolutions, and concurrent resolutions shall be signed by the speaker in the presence of the house, as required by the constitution; and all writs, warrants, and subpoenas issued by order of the house shall be signed by the speaker and attested by the chief clerk, or the person acting as chief clerk.

**EXPLANATORY NOTES**

See House Precedents following Rule 8, Sec. 13.

## Chapter B.  Administrative Duties

**Section 14.   Control Over Hall of the House** — The speaker shall have general control, except as otherwise provided by law, of the hall of the house, its lobbies, galleries, corridors, and passages, and other rooms in those parts of the capitol assigned to the use of the house; except that the hall of the house shall not be used for any meeting other than legislative meetings during any regular or special session of the legislature unless specifically authorized by resolution.

**Section 15.   Standing Committee Appointments** — (a)  The speaker shall designate the chair and vice-chair of each standing substantive committee and shall also appoint membership of the committee, subject to the provisions of Rule 4, Section 2.

(b)   If members of equal seniority request the same committee, the speaker shall decide which among them shall be assigned to that committee.

(c)   In announcing the membership of the standing substantive committees, the speaker shall designate which are appointees and which acquire membership by seniority.

(d)   The speaker shall appoint the chair and vice-chair of each standing procedural committee and the remaining membership of the committee.

**Defendant's Exhibit #**
513

DE-004970

USA_00012449

**Section 16.   Appointment of Select and Conference Committees** — (a) The speaker shall appoint all conference committees. The speaker shall name the chair of each conference committee, and may also name the vice-chair thereof.

(b)   The speaker may at any time by proclamation create a select committee. The speaker shall name the chair and vice-chair thereof. A select committee has the jurisdiction, authority, and duties and exists for the period of time specified in the proclamation. A select committee has the powers granted by these rules to a standing committee except as limited by the proclamation. A copy of each proclamation creating a select committee shall be filed with the chief clerk.

(c)   If a new speaker is elected to fill a vacancy in the office after the appointment of standing committees, the new speaker may not alter the composition of any standing committee before the end of the session, except that the new speaker may:

(1)   vacate the new speaker's membership on any committee;

(2)   make committee appointments for the member who was removed as speaker;

(3)   designate a different member of a standing committee as committee chair; and

(4)   fill vacancies that occur on a committee.

**Section 17.   Interim Studies** — When the legislature is not in session, the speaker shall have the authority to direct committees to make interim studies for such purposes as the speaker may designate, and the committees shall meet as often as necessary to transact effectively the business assigned to them. The speaker shall provide to the chief clerk a copy of interim charges made to a standing or select committee.

## Chapter C.  Campaigns for Speaker

**Section 18.   Pledges for Speaker Prohibited During Regular Session** — During a regular session of the legislature a member may not solicit written pledges from other members for their support of or promise to vote for any person for the office of speaker.

**Defendant's Exhibit #**                    DE-004971
513

USA_00012450

**Defendant's Exhibit #**
513

DE-004972

USA_00012451

| 30. | Making Adverse Reports Without Hearing the Author | 51 |
| 31. | Adverse Reports on Local Bills | 51 |
| 32. | Form of Reports | 51 |
| 33. | Fiscal Notes | 53 |
| 34. | Other Impact Statements | 54 |
| 35. | Reports on House and Concurrent Resolutions | 55 |
| 36. | Action by House on Reports Not Required | 55 |
| 37. | Referral of Reports to Committee Coordinator | 55 |
| 38. | Delivery of Reports to Calendars Committees | 55 |
| 39. | Committee Amendments | 55 |
| 40. | Substitutes | 56 |
| 41. | Germaneness of Substitute | 56 |
| 42. | Author's Right to Offer Amendments to Report | 56 |

## Chapter D.  Subcommittees

### Page 57

| 43. | Jurisdiction | 57 |
| 44. | Membership | 57 |
| 45. | Rules Governing Operations | 57 |
| 46. | Quorum | 57 |
| 47. | Power and Authority | 57 |
| 48. | Referral of Proposed Legislation to Subcommittee | 57 |
| 49. | Report by Subcommittee | 58 |
| 50. | Action on Subcommittee Reports | 58 |

## Chapter E.  Committees of the Whole House

### Page 58

| 51. | Resolution Into a Committee of the Whole House | 58 |
| 52. | Rules Governing Operations | 59 |
| 53. | Motion for a Call of the Committee of the Whole | 59 |
| 54. | Handling of a Bill | 59 |
| 55. | Failure to Complete Work at Any Sitting | 59 |
| 56. | Reports of Select Committees | 59 |

## Chapter F.  Interim Study Committees

### Page 60

| 57. | Interim Studies | 60 |
| 58. | Appointment and Membership | 60 |
| 59. | Rules Governing Operations | 60 |
| 60. | Funding and Staff | 60 |
| 61. | Study Reports | 60 |
| 62. | Joint House and Senate Interim Studies | 60 |

**Defendant's Exhibit #**
513

DE-004973

USA_00012452

# RULE 4

# Organization, Powers, and Duties of Committees

## Chapter A.  Organization

**Section 1.   Committees, Membership, and Jurisdiction** — Standing committees of the house, and the number of members and general jurisdiction of each, shall be as enumerated in Rule 3.

**Section 2.   Determination of Membership** — (a)  Membership on the standing committees shall be determined at the beginning of each regular session in the following manner:

(1)   For each standing substantive committee, a maximum of one-half of the membership, exclusive of the chair and vice-chair, shall be determined by seniority.  The remaining membership of the committee shall be appointed by the speaker.

(2)   Each member of the house, in order of seniority, may designate three committees on which he or she desires to serve, listed in order of preference.  The member is entitled to become a member of the committee of his or her highest preference on which there remains a vacant seniority position.

(3)   If members of equal seniority request the same committee, the speaker shall appoint the member from among those requesting that committee. Seniority, as the term is used in this subsection, shall mean years of cumulative service as a member of the house of representatives.

(4)   After each member of the house has selected one committee on the basis of seniority, the remaining membership on each standing committee shall be filled by appointment of the speaker, subject to the limitations imposed in this chapter.

(5)   Seniority shall not apply to a procedural committee.  For purposes of these rules, the procedural committees are the Committee on Calendars, the Committee on Local and Consent Calendars, the Committee on Rules and Resolutions, the General Investigating and Ethics Committee, the Committee on House Administration, and the Committee on Redistricting.  The entire membership of these committees shall be appointed by the speaker.

(6)   In announcing the membership of committees, the speaker shall designate those appointed by the speaker and those acquiring membership by seniority.

(7)   The speaker shall designate the chair and vice-chair from the total membership of the committee.

(b)   In the event of an election contest that is not resolved prior to the determination of the membership of standing committees, the representative of the district that is the subject of the contest is not entitled to select a committee on the basis of seniority.  Committee appointments on behalf of that district shall be designated by the district number.

(c)   In the event of a vacancy in a representative district that has not been filled at the time of the determination of the membership of standing committees,

**Defendant's Exhibit #**            DE-004974
513

USA_00012453

**Rule 4   Sec. 3**

the representative of the district who fills that vacancy shall not be entitled to select a committee on the basis of seniority.  Committee appointments on behalf of that district shall be designated by the district number.

(d)   In the event that a member-elect of the current legislature has not taken the oath of office by the end of the ninth day of the regular session, the representative of that district shall not be entitled to select a committee on the basis of seniority.  If the member-elect has not taken the oath of office by the time committee appointments are announced, committee appointments on behalf of that district shall be designated by district number.

**Section 3.   Ranking of Committee Members** — Except for the chair and vice-chair, members of a standing committee shall rank according to their seniority.

**Section 4.   Membership Restrictions** — (a) No member shall serve concurrently on more than two standing substantive committees.

(b)   A member serving as chair of the Committee on Appropriations or the Committee on State Affairs may not serve on any other substantive committee.

**Section 5.   Vacancies on Committees** — Should a vacancy occur on a standing, select, or interim committee subsequent to its organization, the speaker shall appoint an eligible member to fill the vacancy.

**Section 6.   Duties of the Chair** — The chair of each committee shall:

(1)   be responsible for the effective conduct of the business of the committee;

(2)   appoint all subcommittees and determine the number of members to serve on each subcommittee;

(3)   in consultation with members of the committee, schedule the work of the committee and determine the order in which the committee shall consider and act on bills, resolutions, and other matters referred to the committee;

(4)   have authority to employ and discharge the staff and employees authorized for the committee and have supervision and control over all the staff and employees;

(5)   direct the preparation of all committee reports.   No committee report shall be official until signed by the chair of the committee, or by the person acting as chair, or by a majority of the membership of the committee;

(6)   determine the necessity for public hearings, schedule hearings, and be responsible for directing the posting of notice of hearings as required by the rules;

(7)   preside at all meetings of the committee and control its deliberations and activities in accordance with acceptable parliamentary procedure; and

(8)   have authority to direct the sergeant-at-arms to assist, where necessary, in enforcing the will of the committee.

**Section 7.   Bill Analyses** — Except for the general appropriations bill, for each bill or joint resolution referred to the committee, the staff of the committee shall be responsible for distributing a copy of a bill analysis to each member

**Defendant's Exhibit #**
513

DE-004975

USA_00012454

of the committee and to the author of a house measure or sponsor of a senate measure at the earliest possible opportunity but not later than the first time the measure is laid out in a committee meeting. The author of the bill or joint resolution may request the Texas Legislative Council to prepare an analysis for purposes of this section suitable for distribution by committee staff to each member of the committee.

### EXPLANATORY NOTES

Note that the requirements for a bill analysis at the committee hearing phase are much less formalized than those for the detailed analysis required to be included with the committee report under Rule 4, Sec. 32.

## Chapter B.  Procedure

**Section 8.   Meetings** — (a)  As soon as practicable after standing committees are constituted and organized, the committee coordinator, under the direction of the Committee on House Administration, shall prepare a schedule for regular meetings of all standing committees.  This schedule shall be published in the house journal and posted in a convenient and conspicuous place near the entrance to the house and on other posting boards for committee meeting notices, as determined necessary by the Committee on House Administration. To the extent practicable during each regular session, standing committees shall conduct regular committee meetings in accordance with the schedule of meetings prepared by the committee coordinator under the supervision of the Committee on House Administration.

(b)   Standing committees shall meet at other times as may be determined by the committee, or as may be called by the chair.  Subcommittees of standing committees shall likewise meet at other times as may be determined by the committee, or as may be called by the chair of the committee or subcommittee.

(c)   Committees shall also meet in such places and at such times as the speaker may designate.

**Section 9.   Meeting While House in Session** — No standing committee or subcommittee shall meet during the time the house is in session without permission being given by a majority vote of the house.  No standing committee or subcommittee shall conduct its meeting on the floor of the house or in the house chamber while the house is in session, but shall, if given permission to meet while the house is in session, retire to a designated committee room for the conduct of its meeting.

### HOUSE PRECEDENTS

MOTION TO GRANT PERMISSION FOR COMMITTEE TO MEET WHILE HOUSE IN SESSION IS DEBATABLE. — In the 56th Legislature the speaker, Mr. Carr, ruled that a motion to grant such permission was debatable and subject to the three minute pro and con debate rule.

**Section 10.   Purposes for Meeting** — A committee or a subcommittee may be assembled for:

- 41 -                          1-28-09 HR 2

**Defendant's Exhibit #**
513

DE-004976

USA_00012455

**Rule 4   Sec. 11**

(1)   a public hearing where testimony is to be heard, and where official action may be taken, on bills, resolutions, or other matters;

(2)   a formal meeting where the committee may discuss and take official action on bills, resolutions, or other matters without testimony; and

(3)   a work session where the committee may discuss bills, resolutions, or other matters but take no formal action.

**EXPLANATORY NOTES**

Current house practice has been to permit committees to hear testimony from a "resource witness" at either a public hearing or a formal meeting. A resource witness is a person who is employed by an agency of the legislative branch of government (the Texas House of Representatives, the Texas Senate, the Legislative Budget Board, the Texas Legislative Council, the Sunset Advisory Commission, the State Auditor's Office, etc.) or, in very limited circumstances, by an agency of the executive branch of government, such as the Office of the Comptroller, when providing a committee with technical information on the operation of the state budget. A resource witness may provide the committee with background information or technical information on a particular bill or resolution but may not testify for or against the measure. A resource witness as defined above is not required to execute the sworn statement that is required under Section 20 of this rule, nor is a resource witness required to be listed in the committee minutes or in the summary of committee action on the bill analysis.

Many times, persons representing an association or executive branch agency will appear before a committee to testify "on" a particular measure. Such persons often refer to themselves as "resource witnesses" because they are not taking a position for or against the measure. For purposes of the rules, however, these persons are considered to be witnesses who must complete a witness affirmation form, be listed in the committee minutes and the summary of committee action on the bill analysis, and who cannot testify unless the committee is convened in a public hearing.

See Sec. 23A of this rule.

**Section 11.   Posting Notice** — (a) No committee or subcommittee, including a calendars committee, shall assemble for the purpose of a public hearing during a regular session unless notice of the hearing has been posted in accordance with the rules at least five calendar days in advance of the hearing. No committee or subcommittee, including a calendars committee, shall assemble for the purpose of a public hearing during a special session unless notice of the hearing has been posted in accordance with the rules at least 24 hours in advance of the hearing. The committee minutes shall reflect the date of each posting of notice. Notice shall not be required for a public hearing on a senate bill which is substantially the same as a house bill that has previously been the subject of a duly posted public hearing by the committee.

(b)   No committee or subcommittee, including a calendars committee, shall assemble for the purpose of a formal meeting or work session during a regular or special session unless written notice has been posted and transmitted to each member of the committee two hours in advance of the meeting or an

**Defendant's Exhibit #**
513

DE-004977

USA_00012456

announcement has been filed with the journal clerk and read by the reading clerk while the house is in session.

(c)   All committees meeting during the interim for the purpose of a formal meeting, work session, or public hearing shall post notice in accordance with the rules and notify members of the committee at least five calendar days in advance of the meeting.

### EXPLANATORY NOTES

1.   Notices of public hearings are conspicuously posted in areas designated by the Committee on House Administration.

2.   See Sec. 6(6) of this rule, concerning the chair's responsibility for directing the posting of notice.

3.   If it becomes necessary to postpone, reschedule, relocate, or cancel a committee meeting, current practice is for the chair or staff of the committee to notify the committee coordinator, so that the official posting can be updated and a notice of that fact can be posted at the entrance to the meeting room.  If the house is in session when it becomes necessary to postpone, reschedule, relocate, or cancel a committee meeting, the chair should also file an announcement with the journal clerk to be read by the reading clerk while the house is in session.

**Section 12.   Meetings Open to the Public** — All meetings of a committee or subcommittee, including a calendars committee, shall be open to other members, the press, and the public unless specifically provided otherwise by resolution adopted by the house.  However, the General Investigating and Ethics Committee or a committee considering an impeachment, an address, the punishment of a member of the house, or any other matter of a quasi-judicial nature may meet in executive session for the limited purpose of examining a witness or deliberating, considering, or debating a decision, but no decision may be made or voted on except in a meeting that is open to the public and otherwise in compliance with the rules of the house.

### HOUSE PRECEDENTS

PUBLIC HEARING NOT A PREREQUISITE TO REPORTING BY A COMMITTEE OR CONSIDERATION BY THE HOUSE. — The speaker laid before the house on second reading H.B. 40, and the caption was read.  Mr. Cato raised a point of order on further consideration of the bill on the ground that a "public hearing" had not been held before the bill was reported by the committee.  The speaker, Mr. Gilmer, overruled the point of order (49 H.J. Reg. 277 (1945)).

This point of order is raised frequently and arises through a misunderstanding of Secs. 10-12 of this rule.  Sec. 12 provides that every committee meeting shall be open to the public.  Anyone may attend committee meetings.  Committees, however, have control of their business, and there is nothing in the rules which requires committees to hold "public hearings" in the accepted meaning of the term, i.e., where numbers of persons appear to argue both sides of a question.  Public hearings should be and almost always are held on bills of outstanding importance.  If a committee elects to hold a "public hearing," then it

**Defendant's Exhibit #**
513

DE-004978

USA_00012457

**Rule 4   Sec. 13**

must set the bill and post the proper notice.  It is these two steps which characterize the "public hearing" as differentiated from the ordinary committee meeting.

**Section 13.   Rules Governing Operations** — (a) The Rules of Procedure of the House of Representatives, and to the extent applicable, the rules of evidence and procedure in the civil courts of Texas, shall govern the hearings and operations of each committee, including a calendars committee.  Subject to the foregoing, and to the extent necessary for orderly transaction of business, each committee may promulgate and adopt additional rules and procedures by which it will function.

(b)   No standing committee, including a calendars committee, or any subcommittee, shall adopt any rule of procedure, including but not limited to an automatic subcommittee rule, which will have the effect of thwarting the will of the majority of the committee or subcommittee or denying the committee or subcommittee the right to ultimately dispose of any pending matter by action of a majority of the committee or subcommittee.  A bill or resolution may not be laid on the table subject to call in committee without a majority vote of the committee.

**Section 14.   Appeals From Rulings of the Chair** — Appeals from rulings of the chair of a committee shall be in order if seconded by three members of the committee, which may include the member making the appeal.  Procedure in committee following an appeal which has been seconded shall be the same as the procedure followed in the house in a similar situation.

### HOUSE PRECEDENTS

1.   POINTS OF ORDER ON COMMITTEE PROCEDURE. — In the 51st Legislature, the speaker, Mr. Manford, held that a point of order in the house against the consideration of a bill because of some parliamentary error in committee or an erroneous ruling of a committee chairman during its consideration, is not good provided the bill was eventually voted out favorably (or unfavorably) in conformity with the rules.  Full protection against such errors or rulings in committee is provided under the rules of the house.  Failure to take advantage of such protection in a committee is no reason to prejudice consideration of the bill or other measure on the floor of the house.

2.   ERRONEOUS RULINGS BY COMMITTEE CHAIRS ARE INSUFFICIENT GROUNDS FOR SENDING BILLS BACK TO COMMITTEES ON POINTS OF ORDER, PROVIDED REPORTS ARE MADE IN ACCORDANCE WITH THE RULES. — H.B. 236 was laid before the house.  Mr. Pearson raised a point of order on further consideration because the bill was not "properly and legally" voted out of the committee.  He contended that the chairman of the committee had made certain erroneous rulings, but agreed that the bill had finally received a majority vote for favorable report and that a quorum was present.  The speaker, Mr. Reed, in overruling the point of order, held that the stated grounds were insufficient to send the bill back to committee, particularly in view of the fact that committee members have recourse to appeals from the rulings of committee chairmen, and that the committee minutes failed to show any protest or appeal (50 H.J. Reg. 1750 (1947)).

1-28-09 HR 2                              - 44 -

**Defendant's Exhibit #**
513

DE-004979

USA_00012458

**Section 15.   Previous Question** — Before the previous question can be ordered in a committee, the motion therefor must be seconded by not less than 4 members of a committee consisting of 21 or more members, 3 members of a committee consisting of less than 21 members and more than 10 members, or 2 members of a committee consisting of 10 members or less.  If the motion is properly seconded and ordered by a majority vote of the committee, further debate on the proposition under consideration shall be terminated, and the proposition shall be immediately put to a vote of the committee for its action.

**Section 16.   Quorum** — A majority of a committee shall constitute a quorum.  No action or recommendation of a committee shall be valid unless taken at a meeting of the committee with a quorum actually present, and the committee minutes shall reflect the names of those members of the committee who were actually present.  No committee report shall be made to the house nor shall bills or resolutions be placed on a calendar unless ordered by a majority of the membership of the committee, except as otherwise provided in the rules, and a quorum of the committee must be present when the vote is taken on reporting a bill or resolution, on placing bills or resolutions on a calendar, or on taking any other formal action within the authority of the committee.  No committee report shall be made nor shall bills or resolutions be placed on a calendar except by record vote of the members of the committee, with the yeas and nays to be recorded in the minutes of the committee.  Proxies cannot be used in committees.

### HOUSE PRECEDENTS

1.   NOT IN ORDER TO CIRCUMVENT COMMITTEE ACTION BY SUSPENSION OF THE RULES. — The speaker laid S.B. No. 235 before the house, and Mr. Mangum raised a point of order that the bill had not been reported properly from the committee, the minutes showing that a quorum was not present at the time.  The speaker, Mr. Reed, called for and examined the minutes and then sustained the point of order.  Mr. Miller moved to suspend all rules for the purpose of considering the bill at this time.  A point of order by Mr. Mangum against such procedure was sustained by the speaker, who held that to allow it would set a precedent whereby the constitutional requirement for committee consideration would be abrogated (50 H.J. Reg. 2732 (1947)).

2.   VALID COMMITTEE REPORT NECESSARY UNDER THE CONSTITUTION. — During the consideration of H.B. 33, a point of order was raised that the minutes of the committee reporting the bill showed that in fact a quorum was not present at the time the bill was reported.  Mr. McAllister then moved to suspend the house rule requiring the presence of a quorum of a committee at the time of reporting a bill, resolution or other measure.  Mr. Bell of DeWitt raised the point of order against such a motion on the ground that Sec. 37 of Art. 3 of the constitution requires a valid committee report.  The speaker, Mr. Gilmer, sustained the point of order and ordered the bill returned to the committee for further consideration, pointing out that to do otherwise would render meaningless the constitutional requirement of committee consideration and report (49 H.J. Reg. 1714 (1945)).

**Defendant's Exhibit #**
513                                    DE-004980

USA_00012459

**Rule 4   Sec. 17**

### CONGRESSIONAL PRECEDENTS

QUORUM REQUIRED FOR COMMITTEE ACTION. — Action of a committee is valid only when taken at a formal meeting of the committee actually assembled (8 C.P. 2209). Action of a committee is recognized by the house only when taken with a quorum actually assembled and meeting (8 C.P. 2211). Action taken by a committee in the absence of a quorum was held to be invalid when reported to the house (8 C.P. 2212).

**Section 17.   Moving a Call of a Committee** — (a) It shall be in order to move a call of a committee at any time to secure and maintain a quorum for any one or more of the following purposes:

(1)   for the consideration of a specific bill, resolution, or other matter;

(2)   for a definite period of time; or

(3)   for the consideration of any designated class of bills or other matters.

(b)   When a call of a committee is moved for one or more of the foregoing purposes and seconded by two members, one of whom may be the chair, and is ordered by a majority of the members present, no member shall thereafter be permitted to leave the committee meeting without written permission from the chair. After the call is ordered, and in the absence of a quorum, the chair shall have the authority to authorize the sergeant-at-arms to locate absent members of the committee and to compel their attendance for the duration of the call.

**Section 18.   Minutes of Proceedings** — (a) For each committee, including a calendars committee, the chair, or the member acting as chair, shall keep complete minutes of the proceedings in committee, which shall include:

(1)   the time and place of each meeting of the committee;

(2)   a roll call to determine the members present at each meeting of the committee, whether that meeting follows an adjournment or a recess from a previous committee meeting;

(3)   an accurate record of all votes taken, including a listing of the yeas and nays cast on a record vote;

(4)   the date of posting of notice of the meeting; and

(5)   other information that the chair shall determine.

(b)   The minutes for each public hearing of a committee shall also include an attachment listing the names of the persons, other than members of the legislature, and the persons or entities represented by those persons, who were recognized by the chair to address the committee. The attachment shall also list the name of each person, other than a member of the legislature, who submitted to the committee a sworn statement indicating that the person was present in favor of, in opposition to, or without taking a position on the measure or other matter, but who because of the person's departure or other reason was not recognized by the chair to address the committee; provided that the omission of the name of such a person is not a sustainable question of order.

(c)   Committee minutes shall be corrected only at the direction of the chair as authorized by a majority vote of the committee. Duplicate originals

1-28-09 HR 2                              - 46 -

**Defendant's Exhibit #**
513

DE-004981

USA_00012460

of committee minutes shall be maintained, one to remain with the committee chair and the other to be filed with the committee coordinator. The committee minutes of a meeting of the Appropriations Committee on the general appropriations bill must be filed with the committee coordinator within five days of the committee meeting. All other committee minutes must be filed with the committee coordinator within three days of the committee meeting for a substantive committee, and within one day of the committee meeting for a procedural committee. If the date on which the committee minutes are due occurs on a Saturday, Sunday, or holiday on which the house is not in session, the committee minutes shall be filed on the following working day. The time at which the minutes are filed shall be time-stamped on the duplicate originals of the minutes that are filed with the committee coordinator. The duplicate originals shall be available at all reasonable business hours for inspection by members or the public.

(d)   The committee coordinator shall maintain the minutes and records safe from loss, destruction, and alteration at all times, and may, at any time, turn them, or any portion, over to the Committee on House Administration.

**Section 19.   Recording of Testimony** — All testimony before committees and subcommittees shall be electronically recorded under the direction of the Committee on House Administration. Copies of the testimony may be released under guidelines promulgated by the Committee on House Administration.

**Section 20.   Sworn Statement of Witnesses** — (a) The committee coordinator, under the direction of the Committee on House Administration, shall prescribe the form of a sworn statement to be executed by all persons, other than members, who wish to be recognized by the chair to address the committee. The statement shall provide for showing at least:

(1)   the committee or subcommittee;

(2)   the name, address, and telephone number of the person appearing;

(3)   the person, firm, corporation, class, or group represented;

(4)   the type of business, profession, or occupation in which the person is engaged, if the person is representing himself or herself; and

(5)   the matter before the committee on which the person wishes to be recognized to address the committee and whether for, against, or neutral on the matter.

(b)   No person shall be recognized by the chair to address the committee in favor of, in opposition to, or without taking a position on a matter until the sworn statement has been filed with the chair of the committee. The chair of the committee shall indicate on the sworn statement whether the person completing the statement was recognized to address the committee.

(c)   All sworn statements for those persons recognized by the chair to address the committee shall accompany the copy of the minutes of the meeting filed with the committee coordinator.

(d)   All persons, other than members, recognized by the chair to address

- 47 -                              1-28-09 HR 2

**Defendant's Exhibit #**
513

DE-004982

USA_00012461

**Rule 4   Sec. 21**

the committee shall give their testimony under oath, and each committee may avail itself of additional powers and prerogatives authorized by law.

(e)   The committee shall ensure that an individual who is blind receives any necessary assistance in executing the sworn statement.

(f)   The committee shall inform a witness who is blind which members of the committee are present when the witness begins to testify and shall inform the witness during the testimony of the departure and arrival of committee members.

### EXPLANATORY NOTES

1.   See Section 301.011 et seq., Government Code.
2.   For matters relating to additional powers of committees, see Chapter 301, Government Code.

**Section 21.   Power to Issue Process and Summon Witnesses** — (a) By a record vote of not less than two-thirds of those present and voting, a quorum being present, each standing committee shall have the power and authority to issue process to witnesses at any place in the State of Texas, to compel their attendance, and to compel the production of all books, records, and instruments. If necessary to obtain compliance with subpoenas or other process, the committee shall have the power to issue writs of attachment. All process issued by the committee may be addressed to and served by an agent of the committee or a sergeant-at-arms appointed by the committee or by any peace officer of the State of Texas. The committee shall also have the power to cite and have prosecuted for contempt, in the manner provided by law, anyone disobeying the subpoenas or other process lawfully issued by the committee. The chair of the committee shall issue, in the name of the committee, the subpoenas and other process as the committee may direct.

(b)   The chair may summon the governing board or other representatives of a state agency to appear and testify before the committee without issuing process under Subsection (a) of this section. The summons may be communicated in writing, orally, or electronically. If the persons summoned fail or refuse to appear, the committee may issue process under Subsection (a) of this section.

**Section 22.   Mileage and Per Diem for Witnesses** — Subject to prior approval by the Committee on House Administration, witnesses attending proceedings of any committee under process of the committee shall be allowed the same mileage and per diem as are allowed members of the committee when in a travel status, to be paid out of the contingent expense fund of the house of representatives on vouchers approved by the chair of the committee, the chair of the Committee on House Administration, and the speaker of the house.

**Section 23.   Power to Request Assistance of State Agencies** — Each committee is authorized to request the assistance, when needed, of all state departments, agencies, and offices, and it shall be the duty of the departments, agencies, and offices to assist the committee when requested to do so. Each committee shall have the power and authority to inspect the records, documents,

**Defendant's Exhibit #**
513

DE-004983

USA_00012462

and files of every state department, agency, and office, to the extent necessary to the discharge of its duties within the area of its jurisdiction.

**Section 23A.   Assistance of Other Members of Legislature** — At a meeting of a committee, the chair may recognize a member of the house who is not a member of the committee to provide information to the committee, and may recognize a member of the senate for that purpose.  Recognition is solely within the discretion of the chair and is not subject to appeal by that member.

### EXPLANATORY NOTES

Section 23A allows, but does not require, the chair of a committee to recognize a member in any meeting described by Sec. 10 of this rule if, in the chair's opinion, the member will provide information that may be useful to the committee.  The rule also preserves the chair's well-established power of recognition by providing that denial of a recognition is not appealable.

## Chapter C.  Committee Functions

**Section 24.   Interim Studies** — Standing committees, en banc or by subcommittees, are hereby authorized to conduct studies that are authorized by the speaker pursuant to Rule 1, Section 17.  Studies may not be authorized by resolution.  The speaker may appoint public citizens and officials of state and local governments to standing committees to augment the membership for the purpose of interim studies and shall provide a list of such appointments to the chief clerk.  The chair of the standing committee shall have authority to name the subcommittees necessary and desirable for the conduct of the interim studies and shall also prepare a budget for interim studies for approval by the Committee on House Administration.

**Section 25.   Motion Preventing Reporting or Placement on a Calendar** — No motion is in order in a committee considering a bill, resolution, or other matter that would prevent the committee from reporting it back to the house or placing it on a calendar in accordance with the Rules of the House.

### EXPLANATORY NOTES

For example, motions to tag a bill, table a bill, postpone consideration of it indefinitely, and to postpone consideration of it beyond the time allowed are all out of order and should be ruled out by the chairman.

**Section 26.   Final Action in Form of Report** — No action by a committee on bills or resolutions referred to it shall be considered as final unless it is in the form of a favorable report, an unfavorable report, or a report of inability to recommend a course of action.

**Section 27.   Vote on Motion to Report** — Motions made in committee to report favorably or unfavorably must receive affirmative majority votes, majority negative votes to either motion being insufficient to report.  If a committee is unable to agree on a recommendation for action, as in the case of a tie vote, it should submit a statement of this fact as its report, and the house shall decide, by a majority vote, the disposition of the matter by one of the following alternatives:

- 49 -                              1-28-09 HR 2

**Defendant's Exhibit #**                    DE-004984
513

USA_00012463

**Rule 4   Sec. 28**

    (1)   leave the bill in the committee for further consideration;

    (2)   refer the bill to some other committee; or

    (3)   order the bill printed, in which case the bill shall go to the Committee on Calendars for placement on a calendar and for proposal of an appropriate rule for house consideration.

### CONGRESSIONAL PRECEDENTS

COMMITTEE UNABLE TO AGREE. — A committee being unable to agree on a recommendation for action may submit a statement of this fact as its report (4 H.P. 4665, 4666). Instance wherein a committee being equally divided, reported its inability to present a proposition for action (1 H.P. 347).

**Section 28.   Minority Reports** — The report of a minority of a committee shall be made in the same general form as a majority report. No minority report shall be recognized by the house unless it has been signed by not less than 4 members of a committee consisting of 21 or more members, 3 members of a committee consisting of less than 21 members and more than 10 members, or 2 members of a committee consisting of 10 or less members. Only members who were present when the vote was taken on the bill, resolution, or other matter being reported, and who voted on the losing side, may sign a minority report. Notice of intention to file a minority report shall be given to the assembled committee after the vote on the bill, resolution, or other matter, and before the recess or adjournment of the committee, provided ample opportunity is afforded for the giving of notice; otherwise, notice may be given in writing to the chief clerk within 24 hours after the recess or adjournment of the committee.

### EXPLANATORY NOTES

To be official, a minority report must be signed by the chair, vice-chair, or first named member, whichever presided, and the required minority, as described above. The reports are attached to the bill or resolution to which they relate.

**Section 29.   Action on Bills Reported Unfavorably** — If the majority report on a bill is unfavorable, and a favorable minority report is not signed in accordance with Section 28 of this rule and filed with the chief clerk within two calendar days, exclusive of Sunday and the date of committee action, the chief clerk shall file the bill away as dead; except during the last 15 calendar days of a regular session, or the last 7 calendar days of a special session, when the chief clerk shall hold a bill only one calendar day, exclusive of Sunday and the date of committee action, awaiting the filing of a minority report before the bill is filed away as dead. If the favorable minority report is properly signed and filed, the chief clerk shall hold the bill for five legislative days, exclusive of the legislative day in which the minority report was filed, awaiting adoption by the house of a motion to print the bill on minority report. If the motion to print is carried, the bill shall be printed as if it had been reported favorably, and shall then be immediately forwarded to the Committee on Calendars for placement on a calendar and for proposal of an appropriate rule for house consideration. If a motion to print a bill on minority report is not made within the five legislative

**Defendant's Exhibit #**
513

DE-004985

USA_00012464

days authorized above, the chief clerk shall file the bill away as dead.  It shall not be in order to move to recommit a bill adversely reported with no minority report, except as provided in Section 30 of this rule.  A two-thirds vote of the house shall be required to print on minority report a joint resolution proposing an amendment to the Constitution of Texas.

### EXPLANATORY NOTES

The chief clerk transmits one copy of a minority report to the journal clerk when received.

### HOUSE PRECEDENTS

1.   PRINTING ON MINORITY REPORT. — In the regular session of the 45th Legislature the house ordered a bill printed on minority report. The minority report contained amendments which constituted a new bill, and, upon the suggestion of the speaker, Mr. Calvert, the house ordered the amendments printed along with the original bill.

2.   MOTION TO RECOMMIT AS SUBSTITUTE FOR MOTION TO PRINT ON MINORITY REPORT. — In the 55th Legislature, regular session, Speaker Waggoner Carr ruled that a motion to recommit a bill was an acceptable substitute for a motion to print a bill on minority report, which motion had been made at a routine motion period.  He held further that the substitute motion was undebatable under the general rule that at routine motion periods three-minute pro and con debate is allowed only on an original motion (55 H.J. Reg. 761 (1957)).

**Section 30.   Making Adverse Reports Without Hearing the Author** — No adverse report shall be made on any bill or resolution by any committee without first giving the author or sponsor of the bill an opportunity to be heard.  If it becomes evident to the house that a bill has been reported adversely without the author or sponsor having had an opportunity to be heard as provided in this section, the house may, by a majority vote, order the bill recommitted even though no minority report was filed in the manner prescribed by the rules.  This provision shall have precedence over Rule 7, Section 20.

**Section 31.   Adverse Reports on Local Bills** — If a local bill is reported adversely, it shall be subject to the same rules that govern other bills reported adversely.

**Section 32.   Form of Reports** — (a)  Reports of standing committees on bills and resolutions shall be made in duplicate, with one copy to be filed with the journal clerk for printing in the journal and the other to accompany the original bill.

(b)    All committee reports must be in writing and shall:

(1)    be signed by the chair, or the member acting as chair, or a majority of the membership of the committee;

(2)    be addressed to the speaker;

(3)    contain a statement of the recommendations of the committee with reference to the matter which is the subject of the report;

(4)    contain the date the committee made its recommendation;

(5)    indicate whether a copy of a bill or resolution was forwarded to

1-28-09 HR 2

**Defendant's Exhibit #**                    DE-004986
513

USA_00012465

**Rule 4   Sec. 32**

the Legislative Budget Board for preparation of a fiscal note or other impact statement, if applicable;

(6)   contain the record vote by which the report was adopted, including the vote of each member of the committee;

(7)   contain the recommendation that the bill or resolution be sent to the Committee on Local and Consent Calendars for placement on the local, consent, and resolutions calendar if applicable;

(8)   state the name of the primary house sponsor of all senate bills and resolutions and indicate the names of all joint sponsors or cosponsors;

(9)   include a summary of the committee hearing on the bill or resolution;

(10)   include a list of the names of the persons, other than members of the legislature, and persons or entities represented by those persons, who submitted to the committee sworn statements indicating that the persons were present in favor of, in opposition to, or without taking a position on the bill or resolution. The omission from the list of the name of a person who submitted a sworn statement regarding a bill or resolution but who was not recognized by the chair to address the committee is not a sustainable question of order;

(11)   for a joint resolution proposing a constitutional amendment, include the bill number of any enabling legislation for the constitutional amendment designated as such by the author or sponsor of the joint resolution; and

(12)   for a bill that is designated by the author or sponsor of the bill as enabling legislation for a constitutional amendment proposed by a joint resolution, include the number of the joint resolution.

(c)   Except for the general appropriations bill, each committee report on a bill or joint resolution, including a complete committee substitute, and, to the extent considered necessary by the committee, a committee report on any other resolution, must include in summary or section-by-section form a detailed analysis of the subject matter of the bill or resolution, specifically including:

(1)   background information on the proposal and information on what the bill or resolution proposes to do;

(2)   an analysis of the content of the bill or resolution, including a separate statement that lists each statute or constitutional provision that is expressly repealed by the bill or resolution;

(3)   a statement indicating whether or not any rulemaking authority is expressly delegated to a state officer, department, agency, or institution, and, if so, identifying the sections of the measure in which that rulemaking authority is delegated;

(4)   a statement of substantial differences between a complete committee substitute and the original bill; and

(5)   a brief explanation of each amendment adopted by the committee.

(d)   The author of a bill or resolution for which an analysis is required by Subsection (c) of this section and the committee to which the bill or resolution is referred may request the Texas Legislative Council to prepare the analysis required by Subsection (c) of this section.

1-28-09 HR 2                           - 52 -

**Defendant's Exhibit #**
513

DE-004987

USA_00012466

(e)    A committee chair shall provide to the author of a house measure or sponsor of a senate measure a copy of the analysis required by Subsection (c) of this section as soon as the analysis is complete.

(f)    A point of order raised as to a violation of Subsection (c) of this section may be overruled if the analysis is not materially or substantially misleading.

(g)    It shall be the duty of the committee chair, on all matters reported by the committee, to see that all provisions of Rule 12 are satisfied. The chair shall strictly construe this provision to achieve the desired purposes.

### EXPLANATORY NOTES

1.   See Rule 6, Sec. 23, for the qualifications for placement of a bill on a local, consent, or resolutions calendar.

2.   Though the analysis required under Subsection (c) of this section may be prepared by the Texas Legislative Council, other entities are not prohibited from preparing the analysis.

### HOUSE PRECEDENTS

STATEMENT OF SUBSTANTIAL DIFFERENCES BETWEEN COMPLETE COMMITTEE SUBSTITUTE AND ORIGINAL BILL NOT ADEQUATE. — The speaker, Mr. Craddick, sustained a point of order that the committee report analysis of H.B. 846 did not accurately describe the substantial changes in the committee substitute as compared to the introduced bill. The speaker held that the failure of the analysis to comply with the house rule rendered it misleading. (79 H.J. Reg. 2935 (2005)).

**Section 33.   Fiscal Notes —** (a)  If the chair of a standing committee determines that a bill or joint resolution, other than the general appropriations bill, authorizes or requires the expenditure or diversion of state funds for any purpose, the chair shall send a copy of the measure to the Legislative Budget Board for the preparation of a fiscal note outlining the fiscal implications and probable cost of the measure.

(b)    If the chair of a standing committee determines that a bill or joint resolution has statewide impact on units of local government of the same type or class and authorizes or requires the expenditure or diversion of local funds, or creates or impacts a local tax, fee, license charge, or penalty, the chair shall send a copy of the measure to the Legislative Budget Board for the preparation of a fiscal note outlining the fiscal implications and probable cost of the measure.

(c)    In preparing a fiscal note, the director of the Legislative Budget Board may utilize information or data supplied by any person, agency, organization, or governmental unit that the director deems reliable. If the director determines that the fiscal implications of the measure cannot be ascertained, the director shall so state in the fiscal note, in which case the fiscal note shall be in full compliance with the rules. If the director of the Legislative Budget Board is unable to acquire or develop sufficient information to prepare the fiscal note within 15 days of receiving the measure from the chair of a committee, the director shall so state in the fiscal note, in which case the note shall be in full compliance with the rules.

**Defendant's Exhibit #**                DE-004988
513

USA_00012467

**Rule 4   Sec. 34**

(d)   If the chair determines that a fiscal note is required, copies of the fiscal note must be distributed to the members of the committee not later than the first time the measure is laid out in a committee meeting.  The fiscal note shall be attached to the measure on first printing.  If the measure is amended by the committee so as to alter its fiscal implications, the chair shall obtain an updated fiscal note, which shall also be attached to the measure on first printing.

(e)   All fiscal notes shall remain with the measure throughout the entire legislative process, including submission to the governor.

### EXPLANATORY NOTES

It is current practice that a senate fiscal note may be used by a house committee for a senate measure if the measure has not been amended since the preparation of that fiscal note.  If the measure has been amended since the senate fiscal note was prepared, the chair of the house committee should request a new fiscal note from the Legislative Budget Board.  This practice does not preclude the chair of a house committee from requesting a new fiscal note on any senate measure referred to the committee.

**Section 34.   Other Impact Statements** — (a)   It is the intent of this section that all members of the house are timely informed as to the impact of proposed legislation on the state or other unit of government.

(b)   If the chair of a standing committee determines that a bill or joint resolution:

(1)   authorizes or requires a change in the sanctions applicable to adults convicted of felony crimes, the chair shall send a copy of the measure to the Legislative Budget Board for the preparation of a criminal justice policy impact statement;

(2)   authorizes or requires a change in the public school finance system, the chair shall send a copy of the measure to the Legislative Budget Board for the preparation of an equalized education funding impact statement;

(3)   proposes to change benefits or participation in benefits of a public retirement system or change the financial obligations of a public retirement system, the chair shall send a copy of the measure to the Legislative Budget Board for the preparation of an actuarial impact statement in cooperation with the State Pension Review Board;

(4)   proposes to create a water district under the authority of Article XVI, Section 59, of the Texas Constitution, the chair shall send a copy of the measure to the Legislative Budget Board for the preparation of a water development policy impact statement; or

(5)   creates or impacts a state tax or fee, the chair shall send a copy of the measure to the Legislative Budget Board for the preparation of a tax equity note that estimates the general effects of the proposal on the distribution of tax and fee burdens among individuals and businesses.

(c)   In preparing an impact statement, the director of the Legislative Budget Board may utilize information or data supplied by any person, agency, organization, or governmental unit that the director deems reliable. If the director determines that the particular implications of the measure cannot be

1-28-09 HR 2                                    - 54 -

**Defendant's Exhibit #**
513

DE-004989

ascertained, the director shall so state in the impact statement, in which case the impact statement shall be in full compliance with the rules.

(d)   An impact statement is not required to be present before a measure is laid out in a committee meeting.  If timely received, the impact statement shall be attached to the measure on first printing.  If the measure is amended by the committee so as to alter its particular implications, the chair shall obtain an updated impact statement.  If timely received, the updated impact statement shall also be attached to the measure on first printing.

(e)   An impact statement that is received after the first printing of a measure has been distributed to the members shall be forwarded by the chair of the committee to the committee coordinator.  The committee coordinator shall have the impact statement printed and distributed to the members.

(f)   All impact statements received shall remain with the measure throughout the entire legislative process, including submission to the governor.

**Section 35.   Reports on House and Concurrent Resolutions** — Committee reports on house and concurrent resolutions shall be made in the same manner and shall follow the same procedure as provided for bills, subject to any differences otherwise authorized or directed by the rules.

**Section 36.   Action by House on Reports Not Required** — No action by the house is necessary on the report of a standing committee.  The bill, resolution, or proposition recommended or reported by the committee shall automatically be before the house for its consideration after the bill or resolution has been referred to the appropriate calendars committee for placement on a calendar and for proposal of an appropriate rule for house consideration.

**Section 37.   Referral of Reports to Committee Coordinator** — All committee reports on bills or resolutions shall be immediately referred to the committee coordinator.  The chair of the committee shall be responsible for delivery of the report to the committee coordinator.

**Section 38.   Delivery of Reports to Calendars Committees** — After printing, the chief clerk shall be responsible for delivery of a certified copy of the committee report to the appropriate calendars committee, which committee shall immediately accept the bill or resolution for placement on a calendar and for the proposal of an appropriate rule for house consideration.

**Section 39.   Committee Amendments** — No committee shall have the power to amend, delete, or change in any way the nature, purpose, or content of any bill or resolution referred to it, but may draft and recommend amendments to it, which shall become effective only if adopted by a majority vote of the house.

### EXPLANATORY NOTES

If amendments are proposed by a committee they should be numbered for printing, but they should be numbered only after they are finally approved by the committee.  That is, the order of offering and adoption in committee has no significance.  Thus, a series of committee amendments should appear in the printed bill numbered in an uninterrupted series beginning at No. 1.

- 55 -                         1-28-09 HR 2

**Defendant's Exhibit #**
513

DE-004990

USA_00012469

**Rule 4    Sec. 40**

**Section 40.    Substitutes** — The committee may adopt and report a complete germane committee substitute containing the title, enacting clause, and text of the bill in lieu of an original bill, in which event the complete substitute bill on committee report shall be laid before the house and shall be the matter then before the house for its consideration, instead of the original bill. If the substitute bill is defeated at any legislative stage, the bill is considered not passed.

### EXPLANATORY NOTES

Whenever a complete committee substitute is agreed to, and in the process of committee consideration amendments thereto have been adopted, the committee clerk should incorporate these amendments into the complete substitute before filing the bill with the chief clerk for printing. Thus, only a single and complete substitute, representing the new bill body, should be printed. The printing of committee amendments to a committee substitute results in much confusion.

**Section 41.    Germaneness of Substitute** — If a point of order is raised that a complete committee substitute is not germane, in whole or in part, and the point of order is sustained, the committee substitute shall be returned to the Committee on Calendars, which may have the original bill printed and distributed and placed on a calendar in lieu of the substitute or may return the original bill to the committee from which it was reported for further action.

### HOUSE PRECEDENTS

POINTS OF ORDER RELATIVE TO COMPLETE COMMITTEE SUBSTITUTE BEING NOT GERMANE. — Mr. Davis raised a point of order against further consideration of the complete committee substitute to H.B. 750, in that it violated Rule 18, Sec. 7 (now Rule 11, Sec. 2), the germaneness rule of the house, by the inclusion of items not found in the original bill.

The speaker, Mr. Clayton, sustained the point of order and stated that C.S.H.B. 750 comes under the provisions of Rule 5, Sec. 36 (now this section), and would be returned to the Committee on Calendars. The Committee on Calendars then returned H.B. 750, as filed with the chief clerk, to the Committee on Public Education for further consideration. (65 H.J. Reg. 1661 (1977))

Mr. Davis raised a point of order against further consideration of the complete committee substitute to S.B. 1275 in that it violated the germaneness rule of the house (now Rule 11, Section 2), by the inclusion of items not found in the original bill.

The speaker, Mr. Clayton, sustained the point of order stating that in so sustaining the point of order, C.S.S.B. 1275 comes under the provisions of Rule 5, Sec. 36 (now this section), and would be returned to the Committee on Calendars. The Committee on Calendars then ordered S.B. 1275 as received from the senate, printed, distributed, and placed on the calendar for future consideration. (65 H.J. Reg. 4093 (1977))

**Section 42.    Author's Right to Offer Amendments to Report** — Should the author or sponsor of the bill, resolution, or other proposal not be satisfied

1-28-09 HR 2                                    - 56 -

**Defendant's Exhibit #**
513

DE-004991

USA_00012470

with the final recommendation or form of the committee report, the member shall have the privilege of offering on the floor of the house such amendments or changes as he or she considers necessary and desirable, and those amendments or changes shall be given priority during the periods of time when original amendments are in order under the provisions of Rule 11, Section 7.

## Chapter D.  Subcommittees

**Section 43.   Jurisdiction** — Each committee is authorized to conduct its activities and perform its work through the use of subcommittees as shall be determined by the chair of the committee.  Subcommittees shall be created, organized, and operated in such a way that the subject matter and work area of each subcommittee shall be homogeneous and shall pertain to related governmental activities.  The size and jurisdiction of each subcommittee shall be determined by the chair of the committee.

**Section 44.   Membership** — The chair of each standing committee shall appoint from the membership of the committee the members who are to serve on each subcommittee.  Any vacancy on a subcommittee shall be filled by appointment of the chair of the standing committee.  The chair and vice-chair of each subcommittee shall be named by the chair of the committee.

**Section 45.   Rules Governing Operations** — The Rules of Procedure of the House of Representatives, to the extent applicable, shall govern the hearings and operations of each subcommittee.  Subject to the foregoing, and to the extent necessary for orderly transaction of business, each subcommittee may promulgate and adopt additional rules and procedures by which it will function.

**Section 46.   Quorum** — A majority of a subcommittee shall constitute a quorum, and no action or recommendation of a subcommittee shall be valid unless taken at a meeting with a quorum actually present.  All reports of a subcommittee must be approved by record vote by a majority of the membership of the subcommittee.  Minutes of the subcommittee shall be maintained in a manner similar to that required by the rules for standing committees.  Proxies cannot be used in subcommittees.

**Section 47.   Power and Authority** — Each subcommittee, within the area of its jurisdiction, shall have all of the power, authority, and rights granted by the Rules of Procedure of the House of Representatives to the standing committee, except subpoena power, to the extent necessary to discharge the duties and responsibilities of the subcommittee.

**Section 48.   Referral of Proposed Legislation to Subcommittee** — All bills and resolutions referred to a standing committee shall be reviewed by the chair to determine appropriate disposition of the bills and resolutions.  All bills and resolutions shall be considered by the entire standing committee unless the chair of that standing committee determines to refer the bills and resolutions to subcommittee.  If a bill or resolution is referred by the chair of the standing committee to a subcommittee, it shall be considered by the subcommittee in

**Defendant's Exhibit #**
513

DE-004992

USA_00012471

**Rule 4    Sec. 49**

the same form in which the measure was referred to the standing committee, and any action taken by the standing committee on a proposed amendment or committee substitute before a measure is referred to subcommittee is therefore voided at the time the measure is referred to subcommittee.  The subcommittee shall be charged with the duty and responsibility of conducting the hearing, doing research, and performing such other functions as the subcommittee or its parent standing committee may determine.  All meetings of the subcommittee shall be scheduled by the subcommittee chair, with appropriate public notice and notification of each member of the subcommittee under the same rules of procedure as govern the conduct of the standing committee.

**Section 49.    Report by Subcommittee** — At the conclusion of its deliberations on a bill, resolution, or other matter referred to it, the subcommittee may prepare a written report, comprehensive in nature, for submission to the full committee. The report shall include background material as well as recommended action and shall be accompanied by a complete draft of the bill, resolution, or other proposal in such form as the subcommittee shall determine.

**Section 50.    Action on Subcommittee Reports** — Subcommittee reports shall be directed to the chair of the committee, who shall schedule meetings of the standing committee from time to time as necessary and appropriate for the reception of subcommittee reports and for action on reports by the standing committee.  No subcommittee report shall be scheduled for action by the standing committee until at least 24 hours after a copy of the subcommittee report is provided to each member of the standing committee.

## Chapter E.  Committees of the
## Whole House

**Section 51.    Resolution Into a Committee of the Whole House** —The house may resolve itself into a committee of the whole house to consider any matter referred to it by the house.  In forming a committee of the whole house, the speaker shall vacate the chair and shall appoint a chair to preside in committee.

### EXPLANATORY NOTES

When the house resolves into the committee of the whole house, the minutes of the committee (except testimony, etc.) are kept by the journal clerk just as though the house were in session.  These minutes form the body of the report which the chair of the committee of the whole makes to the house when the committee rises.  Testimony taken before the committee may be printed as an appendix to the journal or may be embodied in the minutes of the committee and reported to the house by the chair.  During investigations, the chair sometimes instructs the staff to furnish the journal clerk with a complete transcript of the proceedings from the time the committee begins work until it completes its labors and rises.

1-28-09 HR 2                              - 58 -

**Defendant's Exhibit #**
513

DE-004993

USA_00012472

**Section 52.   Rules Governing Operations** — The rules governing the proceedings of the house and those governing committees shall be observed in committees of the whole, to the extent that they are applicable.

**Section 53.   Motion for a Call of the Committee of the Whole** — (a) It shall be in order to move a call of the committee of the whole at any time to secure and maintain a quorum for the following purposes:

(1)   for the consideration of a certain or specific matter; or

(2)   for a definite period of time; or

(3)   for the consideration of any designated class of bills.

(b)   When a call of the committee of the whole is moved and seconded by 10 members, of whom the chair may be one, and is ordered by majority vote, the main entrance of the hall and all other doors leading out of the hall shall be locked, and no member shall be permitted to leave the hall without written permission.  Other proceedings under a call of the committee shall be the same as under a call of the house.

**Section 54.   Handling of a Bill** — A bill committed to a committee of the whole house shall be handled in the same manner as in any other committee. The body of the bill shall not be defaced or interlined, but all amendments shall be duly endorsed by the chief clerk as they are adopted by the committee, and so reported to the house.  When a bill is reported by the committee of the whole house it shall be referred immediately to the appropriate calendars committee for placement on the appropriate calendar and shall follow the same procedure as any other bill on committee report.

**Section 55.   Failure to Complete Work at Any Sitting** — In the event that the committee of the whole, at any sitting, fails to complete its work on any bill or resolution under consideration for lack of time, or desires to take any action on that measure that is permitted under the rules for other committees, it may, on a motion made and adopted by majority vote, rise, report progress, and ask leave of the house to sit again generally, or at a time certain.

**Section 56.   Reports of Select Committees** — Reports of select committees made during a session shall be filed with the chief clerk and printed in the journal, unless otherwise determined by the house.

### EXPLANATORY NOTES

Reports of investigating committees and certain other select committees often do not make any recommendations for action on the particular subject for which the committee was appointed, and, in such case, a motion to accept the report may be made as a means of discharging the committee.  When a report carries recommendations for legislative action, the report is accepted and the committee discharged without action on the report itself.  If legislative action is desired, action or expression must be taken through introduction of a bill or concurrent resolution.

**Defendant's Exhibit #**
513                                    DE-004994

USA_00012473

**Rule 4   Sec. 57**

## Chapter F.  Interim Study Committees

**Section 57.   Interim Studies** — Pursuant to Rule 1, Section 17, the speaker may create interim study committees to conduct studies by issuing a proclamation for each committee, which shall specify the issue to be studied, committee membership, and any additional authority and duties.  A copy of each proclamation creating an interim study committee shall be filed with the chief clerk.  An interim study committee expires on release of its final report or when the next legislature convenes, whichever is earlier.  An interim study committee may not be created by resolution.

**Section 58.   Appointment and Membership** — The speaker shall appoint all members of an interim study committee, which may include public citizens and officials of state and local governments.  The speaker shall also designate the chair and vice-chair and may authorize the chair to create subcommittees and appoint citizen advisory committees.

**Section 59.   Rules Governing Operations** — The rules governing the proceedings of the house and those governing standing committees shall be observed by an interim study committee, to the extent that they are applicable.  An interim study committee shall have the power to issue process and to request assistance of state agencies as provided for a standing committee in Sections 21, 22, and 23 of this rule.

**Section 60.   Funding and Staff** — An interim study committee shall use existing staff resources of its members, standing committees, house offices, and legislative service agencies.  The chair of an interim study committee shall prepare a detailed budget for approval by the speaker and the Committee on House Administration.  An interim study committee may accept gifts, grants, and donations for the purpose of funding its activities as provided by Sections 301.032(b) and (c), Government Code.

**Section 61.   Study Reports** — (a) The final report or recommendations of an interim study committee shall be approved by a majority of the committee membership.  Dissenting members may attach statements to the final report.

(b)   An interim study committee shall submit the committee's final report to the committee coordinator in the manner prescribed by the committee coordinator. The committee coordinator shall:

(1)   distribute copies of the final report to the speaker, the Legislative Reference Library, and other appropriate agencies; and

(2)   make a copy of the final report available on the house's Internet website.

(c)   This section shall also apply to interim study reports of standing committees.

**Section 62.   Joint House and Senate Interim Studies** — Procedures may be established by a concurrent resolution adopted by both houses, by which the speaker may authorize and appoint, jointly with the senate, committees to conduct interim studies.  A copy of the authorization for and the appointments to a joint interim study committee shall be filed with the chief clerk.  Individual joint interim study committees may not be authorized or created by resolution.

1-28-09 HR 2                                    - 60 -

**Defendant's Exhibit #**
513

DE-004995

USA_00012474

**Janice McCoy**

| | |
|---|---|
| **From:** | bgp1952@gmail.com |
| **Sent:** | Thursday, January 27, 2011 8:16 AM |
| **To:** | Alternate ID Sen. Troy Fraser |
| **Subject:** | INETMAIL: Voter I.D. |

Senate Website E-Mail for SD-24
----------------------
 Name: Brenda Payne
 Title: Speech Therapist,
 Organization: AISD

----------------------
YES to voter I.D.     NO to including a school,
university, or college I.D. as proper
identification to vote.  Too many illegals have acquired these and it would defeat the
purpose.
Thank you.
----------------------



Exhibit
Exhibit No: US468
Name:
Date: 6/11/12 ade
ESQUIRE
2

TX_00009560

**Defendant's Exhibit #**
518

DE-005088

USA_00012551

# Texas Legislature
## Bills By Committee
### Voter Identification & Voter Fraud, Select
#### 82nd Legislature Regular Session
#### Report Date: 6/8/2012

Number of Bills: 1

**Bills Out of Committee (1):**

SB 14     Author:     Fraser | Birdwell | Carona | Deuell | Duncan | et al.
          Sponsor:    Harless | Taylor, Larry | Pena | Truitt | Smith, Todd
          Last Action: 05/27/2011 E See remarks for effective date
          Caption:    Relating to requirements to vote, including presenting proof of identification;
                      providing criminal penalties.



EXHIBIT
US-731
Davis 6/14/12

**Defendant's Exhibit #**                                DE-005139
535

USA_00012599