**HR 937**, Welcoming students, parents, teachers, and administrators from Assumption Catholic School in Houston to the State Capitol.

**HR 937** was adopted.

## INTRODUCTION OF GUESTS

The chair recognized Representative Workman who introduced players and coaches of the Regents School of Austin football team.

## HCR 62 - PREVIOUSLY ADOPTED
### (by Workman, et al.)

The chair laid out and had read the following previously adopted resolution:

**HCR 62**, Congratulating the Regents School of Austin football team on winning the 2010 TAPPS Division III state championship.

On motion of Representative Flynn, the names of all the members of the house were added to **HCR 62** as signers thereof.

## HR 130 - ADOPTED
### (by P. King)

Representative P. King moved to suspend all necessary rules to take up and consider at this time **HR 130**.

The motion prevailed.

The following resolution was laid before the house:

**HR 130**, Honoring the Grace After Fire organization for providing support and resources to women veterans.

**HR 130** was read and was adopted.

On motion of Representative Berman, the names of all the members of the house were added to **HR 130** as signers thereof.

## RESOLUTIONS ADOPTED

Representative Gallego moved to suspend all necessary rules to take up and consider at this time **HR 860**, **HR 891 - HR 893**, and **HR 1009 - HR 1011**.

The motion prevailed.

The following resolutions were laid before the house:

**HR 860** (by Cain), Honoring Robert William Coldwell of Mount Pleasant High School on his visit to the State Capitol.

**HR 891** (by Gallego), Honoring Joe Trevino for his contributions to the state champion San Felipe High School golf team of 1957.

**HR 892** (by Gallego), Honoring Felipe Romero for his contributions to the state champion San Felipe High School golf team of 1957.

**HR 893** (by Gallego), Honoring Higinio "Gene" Vasquez for his contributions to the state champion San Felipe High School golf team of 1957.

**HR 1009** (by Gallego), Honoring Mario Reyes Lomas for his contributions to the state champion San Felipe High School golf team of 1957.

**HR 1010** (by Gallego), Honoring Lupe Felan for his contributions to the San Felipe High School golf teams of 1956 and 1957.

**HR 1011** (by Gallego), Honoring Humberto G. Garcia of Del Rio, the author of the book Mustang Miracle about the state champion San Felipe High School golf team of 1957.

The resolutions were adopted.

On motion of Representative Castro, the names of all the members of the house were added to **HR 860, HR 891 - HR 893,** and **HR 1009 - HR 1011** as signers thereof.

### HR 1008 - ADOPTED
### (by Gallego)

Representative Gallego moved to suspend all necessary rules to take up and consider at this time **HR 1008**.

The motion prevailed.

The following resolution was laid before the house:

**HR 1008**, Honoring the 1957 San Felipe High School state champion golf team and Humberto Garcia, who tells the team's story in the book Mustang Miracle.

**HR 1008** was read and was adopted.

On motion of Representative Castro, the names of all the members of the house were added to **HR 1008** as signers thereof.

### INTRODUCTION OF GUESTS

The chair recognized Representative Gallego who introduced Humberto Garcia and members of the 1957 San Felipe High School golf team.

### MESSAGE FROM THE SENATE

A message from the senate was received at this time (see the addendum to the daily journal, Messages from the Senate, Message No. 1).

### HR 1016 - ADOPTED
### (by Bonnen)

Representative Bonnen moved to suspend all necessary rules to take up and consider at this time **HR 1016**.

The motion prevailed.

The following resolution was laid before the house:

**HR 1016**, Recognizing March 25, 2011, as Greek Independence Day.

**HR 1016** was adopted.

### HR 1022 - ADOPTED
### (by Geren)

Representative Geren moved to suspend all necessary rules to take up and consider at this time **HR 1022**.

The motion prevailed.

The following resolution was laid before the house:

**HR 1022**, In memory of former Texas state senator Don Kennard.

**HR 1022** was unanimously adopted by a rising vote.

### HR 882 - ADOPTED
### (by L. Taylor)

Representative L. Taylor moved to suspend all necessary rules to take up and consider at this time **HR 882**.

The motion prevailed.

The following resolution was laid before the house:

**HR 882**, Welcoming members of Leadership Friendswood to the State Capitol on March 24, 2011.

**HR 882** was read and was adopted.

### HR 936 - ADOPTED
### (by Smithee and Price)

Representative Price moved to suspend all necessary rules to take up and consider at this time **HR 936**.

The motion prevailed.

The following resolution was laid before the house:

**HR 936**, Honoring Wales H. Madden, Jr., of Amarillo.

**HR 936** was adopted.

### HR 1013 - ADOPTED
### (by Lozano)

Representative Lozano moved to suspend all necessary rules to take up and consider at this time **HR 1013**.

The motion prevailed.

The following resolution was laid before the house:

**HR 1013**, Honoring Dr. Louis Agnese, Jr., on the occasion of the 25th anniversary of his inauguration as president of the University of the Incarnate Word.

**HR 1013** was adopted.

## HR 989 - ADOPTED
### (by D. Howard)

Representative D. Howard moved to suspend all necessary rules to take up and consider at this time **HR 989**.

The motion prevailed.

The following resolution was laid before the house:

**HR 989**, Recognizing the Texas Council of Teachers of English Language Arts on the occasion of its Legislative Advocacy Day at the State Capitol.

**HR 989** was read and was adopted.

### BILLS AND RESOLUTIONS SIGNED BY THE SPEAKER

Notice was given at this time that the speaker had signed bills and resolutions in the presence of the house (see the addendum to the daily journal, Signed by the Speaker, Senate List No. 11).

### HB 1 - VOTE RECONSIDERED

Representative Hunter moved to reconsider the vote by which the Committee on Calendars rule on **HB 1** was adopted.

The motion to reconsider prevailed.

The Committee on Calendars rule was adopted by (Record 155): 104 Yeas, 44 Nays, 2 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Coleman; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eiland; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Giddings; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hochberg; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; King, T.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Truitt; Turner; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Davis, Y.; Deshotel; Dukes; Dutton; Farias; Farrar; Gallego; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Howard, D.; Johnson; Lozano; Lucio; Lyne; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker; Torres(C).

TX_00003061

**STATEMENT OF VOTE**

I was shown voting yes on Record No. 155. I intended to vote no.

T. King

### HR 967 - ADOPTED
### (by Alvarado, Hernandez Luna, and Farrar)

Representative Alvarado moved to suspend all necessary rules to take up and consider at this time **HR 967**.

The motion prevailed.

The following resolution was laid before the house:

**HR 967**, Honoring Father William Culpeper Davis on his 80th birthday.

**HR 967** was adopted.

On motion of Representative Hernandez Luna, the names of all the members of the house were added to **HR 967** as signers thereof.

### COMMITTEE GRANTED PERMISSION TO MEET

Representative Kolkhorst requested permission for the Committee on Public Health to meet while the house is in session, during bill referral today, in E2.030, to consider the previously posted agenda and pending business.

Permission to meet was granted.

(McClendon in the chair)

### CONGRATULATORY AND MEMORIAL CALENDAR

The following congratulatory resolutions were laid before the house:

**SCR 28** was previously adopted.

**SCR 29** was previously adopted.

**HR 513** (by Phillips), Recognizing February 24, 2011, as Texas Farm Bureau District 4 Day at the State Capitol.

**HR 580** (by Flynn), Recognizing May 2011 as Motorcycle Safety and Awareness Month.

**HR 611** (by P. King), Recognizing March 2011 as American Red Cross Month and honoring the Parker County Branch of the Chisholm Trail Regional Chapter of the American Red Cross.

**HR 618** (by Landtroop), Recognizing March 1, 2011, as Texas Farm Bureau District 2 Day at the State Capitol.

**HR 656** (by Lavender), Welcoming students from Texas Middle School in Texarkana to the State Capitol.

**HR 658** (by Zerwas), Welcoming members of the West I-10 Chamber of Commerce to the State Capitol.

**HR 684** (by Flynn), Congratulating Chester and Clara Lee of Greenville on their 50th wedding anniversary.

**HR 749** (by Veasey), Commemorating the Read Across America celebration of Dr. Seuss's 107th birthday at Sunrise McMillian Elementary School in Fort Worth.

The resolutions were adopted.

The following memorial resolutions were laid before the house:

**HR 793** (by Veasey), In memory of Juanita Maurine Cash of Fort Worth.

**HR 794** (by Veasey), In memory of Laura Castleberry of Fort Worth.

The resolutions were unanimously adopted by a rising vote.

(Huberty in the chair)

### FIVE-DAY POSTING RULE SUSPENDED

Representative Phillips moved to suspend the five-day posting rule to allow the Committee on Transportation to consider **HB 3413** at 9 a.m. Monday, March 28 in E2.036.

The motion prevailed.

Representative Cook moved to suspend the five-day posting rule to allow the Committee on State Affairs to consider bills and resolutions previously scheduled for the March 23 public hearing, 30 minutes after adjournment today in JHR 140.

The motion prevailed.

Representative Sheffield moved to suspend the five-day posting rule to allow the Committee on Energy Resources to consider bills previously scheduled for March 23 at 1 p.m or upon adjournment today in E2.036.

The motion prevailed.

### LEAVE OF ABSENCE GRANTED

The following member was granted leave of absence for the remainder of today because of important business in the district:

Chisum on motion of Otto.

(Speaker in the chair)

### EMERGENCY CALENDAR
### SENATE BILLS
### THIRD READING

The following bills were laid before the house and read third time:

### SB 14 ON THIRD READING
### (Harless, L. Taylor, Peña, Truitt, T. Smith, et al. - House Sponsors)

**SB 14**, A bill to be entitled An Act relating to requirements to vote, including presenting proof of identification; providing criminal penalties.

(Chisum now present)

**SB 14** was passed by (Record 156): 101 Yeas, 48 Nays, 1 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pickett; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker(C).

### GENERAL STATE CALENDAR
### HOUSE BILLS
### THIRD READING

The following bills were laid before the house and read third time:

### HB 451 ON THIRD READING
### (by Lucio, Creighton, Branch, and Bohac)

**HB 451**, A bill to be entitled An Act relating to the creation of a Don't Mess with Texas Water program to prevent illegal dumping that affects the surface waters of this state.

**HB 451** was passed by (Record 157): 132 Yeas, 17 Nays, 1 Present, not voting.

Yeas — Aliseda; Allen; Alonzo; Alvarado; Anchia; Anderson, C.; Anderson, R.; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Burnam; Button; Carter; Castro; Chisum; Christian; Coleman; Cook; Craddick; Creighton; Crownover; Davis, J.; Davis, S.; Davis, Y.; Deshotel; Driver; Dukes; Dutton; Eiland; Eissler; Elkins; Farias; Farrar; Fletcher; Flynn; Frullo; Gallego; Garza; Geren; Giddings; Gonzales, L.; Gonzales, V.; Gonzalez; Gooden; Guillen; Gutierrez; Hamilton; Hancock; Harless; Harper-Brown; Hartnett; Hernandez Luna; Hilderbran; Hochberg; Hopson; Howard, D.; Huberty; Hughes; Hunter; Isaac; Johnson; Keffer; King, P.; King, S.; King, T.; Kleinschmidt; Kolkhorst;

Kuempel; Larson; Laubenberg; Lavender; Legler; Lewis; Lozano; Lucio; Madden; Mallory Caraway; Margo; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Miller, D.; Morrison; Muñoz; Murphy; Naishtat; Nash; Oliveira; Orr; Otto; Parker; Patrick; Peña; Pickett; Pitts; Price; Quintanilla; Raymond; Reynolds; Riddle; Ritter; Rodriguez; Schwertner; Scott; Sheets; Sheffield; Shelton; Smith, T.; Smith, W.; Smithee; Solomons; Strama; Taylor, L.; Taylor, V.; Thompson; Torres; Truitt; Turner; Veasey; Villarreal; Vo; Walle; Woolley; Workman; Zerwas.

Nays — Aycock; Cain; Callegari; Darby; Hardcastle; Howard, C.; Jackson; Landtroop; Lyne; Miller, S.; Paxton; Perry; Phillips; Simpson; Weber; White; Zedler.

Present, not voting — Mr. Speaker(C).

## PROVIDING FOR A LOCAL, CONSENT,
## AND RESOLUTIONS CALENDAR

Representative Thompson moved to set a local, consent, and resolutions calendar for 10 a.m. Wednesday, March 30.

The motion prevailed.

## COMMITTEE MEETING ANNOUNCEMENTS

The following committee meetings were announced:

Local and Consent Calendars, upon adjournment today, 3W.15, for a formal meeting, to set a calendar.

Public Education, upon adjournment today, Desk 56, for a formal meeting, to consider pending business.

Natural Resources, upon adjournment today, 1W.14, for a formal meeting, to consider pending business.

Human Services, upon adjournment today, Desk 12, for a formal meeting, to consider pending business.

Energy Resources, 1 p.m. or upon adjournment today, E2.036, for a public hearing, to consider bills previously scheduled for March 23.

Corrections, upon adjournment today, Desk 50, for a formal meeting, to consider pending business.

Higher Education, upon adjournment today, Desk 94, for a formal meeting, to consider **HB 2631**, **HB 2909**, and pending business.

Environmental Regulation, upon adjournment today, 3W.9, for a formal meeting, to consider pending business.

Technology, upon adjournment today, 3W.15, for a formal meeting, to consider pending business.

State Affairs, 30 minutes after adjournment today, JHR 140, for a public hearing, to consider bills and resolutions previously scheduled for March 23.

### FIVE-DAY POSTING RULE SUSPENDED

Representative Coleman moved to suspend the five-day posting rule and all necessary rules to allow the Committee on County Affairs to consider **HB 1869** at 10:30 a.m. or upon adjournment today in E2.016.

The motion prevailed.

### COMMITTEE MEETING ANNOUNCEMENT

The following committee meeting was announced:

County Affairs, upon adjournment today, E2.016, for a public hearing, to consider **HB 1869** and the posted agenda.

### ADJOURNMENT

Representative Price moved that the house adjourn until 1 p.m. Monday, March 28.

The motion prevailed.

The house accordingly, at 11:44 a.m., adjourned until 1 p.m. Monday, March 28.

---

### ADDENDUM

---

### SIGNED BY THE SPEAKER

The following bills and resolutions were today signed in the presence of the house by the speaker:

**Senate List No. 11**

**SCR 28**, **SCR 29**

### MESSAGES FROM THE SENATE

The following messages from the senate were today received by the house:

**Message No. 1**

MESSAGE FROM THE SENATE
SENATE CHAMBER
Austin, Texas
Thursday, March 24, 2011

The Honorable Speaker of the House
House Chamber
Austin, Texas

Mr. Speaker:

I am directed by the senate to inform the house that the senate has taken the following action:

TX_00003066

THE SENATE HAS PASSED THE FOLLOWING MEASURES:
LOCAL AND UNCONTESTED CALENDAR

**SB 37**                    Zaffirini
Relating to the duration of the interagency task force on ensuring appropriate care settings for persons with disabilities.

**SB 61**                    Zaffirini
Relating to juvenile case managers.

**SB 72**                    Nelson
Relating to streamlining of and utilization management in Medicaid long-term care waiver programs.

**SB 77**                    Nelson
Relating to certain requirements for certain sponsoring organizations and other institutions participating in the Child and Adult Care Food Program.

**SB 80**                    Nelson
Relating to public health laboratories administered by the Department of State Health Services.

**SB 101**                   Van de Putte
Relating to the regulation of nonjudicial foreclosure on residences owned by certain members of the military, including foreclosure by a property owners' association.

**SB 132**                   Wentworth
Relating to registration with the Selective Service System of certain applicants for a driver's license or personal identification certificate.

**SB 193**                   Nelson
Relating to the regulation of the practice of nursing.

**SB 221**                   Nelson
Relating to the Department of Family and Protective Services, including protective services and investigations of alleged abuse, neglect, or exploitation for certain adults who are elderly or disabled; providing a criminal penalty.

**SB 228**                   Nelson
Relating to reporting requirements for institutions of higher education conducting human stem cell research.

**SB 250**                   Zaffirini
Relating to protective orders for stalking victims.

**SB 256**                   Nelson
Relating to requiring a private autopsy facility to post a notice for filing a complaint against a physician; providing a penalty.

**SB 279**                   Davis
Relating to inclusion of pets and other companion animals in protective orders; providing a penalty.

**SB 282**                   Zaffirini

Relating to eliminating certain reporting, planning, student developmental, and other requirements imposed on the Texas Higher Education Coordinating Board or public institutions of higher education.

**SB 283**                 Harris
Relating to the appointment of associate judges in child protective services cases.

**SB 286**                 Harris
Relating to attorney's fees and other amounts taxed as costs in guardianship proceedings.

**SB 333**                 Fraser
Relating to election procedures and qualifications of members of boards of directors for water supply or sewer service corporations.

**SB 335**                 Fraser
Relating to an exemption from regulation as health spas for certain governmental hospitals and clinics.

**SB 351**                 Williams
Relating to the maximum capacity of a container of wine sold to a retail dealer.

**SB 360**                 Fraser
Relating to the composition and use of money in the rural water assistance fund.

**SB 398**                 Duncan
Relating to the board of hospital managers of the Lubbock County Hospital District.

**SB 400**                 Shapiro
Relating to the entities eligible to make purchases using the cooperative purchasing program administered by the comptroller.

**SB 439**                 Van de Putte
Relating to an exclusion from unemployment compensation chargebacks for certain employers of uniformed service members.

**SB 458**                 Seliger
Relating to initial claims under the unemployment compensation system.

**SB 481**                 Harris
Relating to the removal of a guardian of an incapacitated person ordered by a court.

**SB 485**                 Huffman
Relating to proper venue for certain criminal prosecutions of mortgage fraud.

**SB 488**                 Van de Putte
Relating to criminal background checks on users of online dating services and to disclosures of online dating safety measures; providing a civil penalty.

**SB 490**                 Fraser
Relating to the Hamilton County Hospital District.

**SB 494**                 Fraser
Relating to the authority of certain local governmental entities to borrow money for a public hospital.

**SB 502**                     West
Relating to determinations of paternity; creating an offense.

**SB 503**                     Jackson
Relating to coverage for certain towing and storage expenses under a motor vehicle insurance policy.

**SB 542**                     Hegar
Relating to the regulation of law enforcement officers by the Commission on Law Enforcement Officer Standards and Education.

**SB 543**                     Hegar
Relating to a probate fee exemption for estates of certain law enforcement officers, firefighters, and others killed in the line of duty.

**SB 545**                     Seliger
Relating to employment records for law enforcement officers, including procedures to correct employment termination reports; providing an administrative penalty.

**SB 558**                     Duncan
Relating to the Swisher Memorial Hospital District.

**SB 559**                     Duncan
Relating to the Rankin County Hospital District.

**SB 563**                     Jackson
Relating to information regarding job matching services provided by the Texas Workforce Commission; providing a criminal penalty.

**SB 567**                     Williams
Relating to the Texas Life, Accident, Health, and Hospital Service Insurance Guaranty Association.

**SB 582**                     Harris
Relating to service of process on certain domestic and foreign entities for the collection of delinquent property taxes.

**SB 594**                     Van de Putte
Relating to certain procedures applicable to electronic prescriptions for Schedule II controlled substances.

**SB 633**                     Hinojosa
Relating to the educational scope of Texas A&M University–Corpus Christi.

**SB 638**                     Jackson
Relating to the computation of a surplus credit for certain successor employing units.

**SB 716**                     Harris
Relating to the periodic review of the child support guidelines.

**SB 761**                     West
Relating to the employment of physicians by certain hospitals associated with nonprofit fraternal organizations.

**SB 764**                     Williams

Relating to a prohibition against use of school district resources for a hotel.

**SB 785**                    Harris
Relating to the termination of the parent-child relationship and the duty to pay child support in circumstances involving mistaken paternity.

**SB 792**                    Duncan
Relating to the duties of the secretary of state.

**SB 799**                    Nelson
Relating to the definition of "first sale" for purposes of the taxes imposed on certain liquor.

**SB 850**                    Zaffirini
Relating to formula funding for certain semester credit hours earned for dual course credit.

**SB 851**                    Zaffirini
Relating to a uniform deadline for student financial assistance for public institutions of higher education other than public junior colleges.

**SB 859**                    Duncan
Relating to small and large employer health group cooperatives.

**SB 886**                    Carona
Relating to the execution docket and other records of certain court clerks.

**SB 890**                    Carona
Relating to certain promotional activities for certain alcoholic beverage permit holders.

**SB 892**                    Carona
Relating to the approval of designs, plans, and specifications of industrialized housing and buildings.

**SB 918**                    Wentworth
Relating to immunity for reporting insurance fraud.

**SB 944**                    Jackson
Relating to the creation of an advisory committee to make recommendations to the commissioner of insurance regarding certain automobile insurance claims.

**SB 983**                    Carona
Relating to the elimination of certain requirements for certain customer-specific communications contracts.

**SCR 11**                    Hegar
Designating May 22 of each year from 2011 through 2020 as William Elmo Merrem Day in honor of the first Eagle Scout from Texas.

**SCR 16**                    Nelson
Designating the month of March each year from 2011 through 2020 as Women Veterans Month in tribute to the immeasurable contributions that women in the military have made to this nation.

Respectfully,
Patsy Spaw
Secretary of the Senate

---

## APPENDIX

---

### STANDING COMMITTEE REPORTS

Favorable reports have been filed by committees as follows:

**March 23**

Appropriations - **HB 1**

Insurance - **HB 1157**

Judiciary and Civil Jurisprudence - **HB 289**, **HB 906**, **HB 942**, **HB 1209**, **HB 1438**, **HB 1674**, **HB 1970**

Natural Resources - **HB 1120**, **HB 1524**

Ways and Means - **HB 258**

### SENT TO THE GOVERNOR

**March 23** - **HCR 47**

TX_00003072
JA_002775

TX_00003072

TEXAS HOUSE OF REPRESENTATIVES

THIRD READING SB-14

MARCH 24, 2011

Transcribed by Rhonda Howard, CSR

April 24, 2012



Toll Free: 800.211.DEPO
Facsimile: 512.328.8139

Suite 220
3101 Bee Caves Road
Austin, TX 78746
www.esquiresolutions.com

JA_002776

TX_00212586

1          MR. SPEAKER:  SB-14.  Clerk, read the
2     bill.
3          THE CLERK:  SB-14 by Fraser, letting
4     requirements to vote included for something photo
5     identification, providing criminal penalties.
6          MR. SPEAKER:  Chair recognizes
7     Representative Harless.
8          REPRESENTATIVE HARLESS:  Mr. Speaker,
9     Members, this is the bill we debated yesterday.  I
10    have a few things I want to say quickly.
11         First, I wanted to thank the Speaker and
12    his staff for the commitment of getting this
13    legislation to the floor for debate.
14         Also, to Chairman Bonnen and for his
15    experience and calm.  And I know that's an oxymoron,
16    Dennis calm, but his calm helped manage the many
17    facets of the complicated process.  And he invested
18    so much time in making sure that this was a good
19    piece of legislation.
20         The floor debate was a team effort.  I
21    know naming people is always dangerous, but the
22    10-plus hours of debate would have taken much longer
23    if it weren't for Vicky Truitt, (inaudible) Larry
24    Phillips, Linda Harper-Brown, Lois and so many
25    others.  Thank you so much.



Toll Free: 800.211.DEPO
Facsimile: 512.328.8139

Suite 220
3101 Bee Caves Road
Austin, TX 78746
www.esquiresolutions.com

TX_00212587

```
 1              To my colleagues on both sides of the
 2    aisle, you give your time, your talent and your
 3    heart for representing your constituency.  We may
 4    not agree on every issue, but I appreciate and
 5    respect your passion and compassion for representing
 6    your district and our state.
 7              Lastly, I want to say there were some good
 8    amendments offered last night that didn't get placed
 9    on this bill.  I would hope that this body would
10    commit to bringing those standalone bills to the
11    floor.  Every member in this body wants to preserve
12    the integrity of our election process.
13              I move passage of SB-14.
14                    MR. SPEAKER:  Members, question
15    occurs on final passage of SB-14?
16              It's a record vote.  Clerk, read the bill.
17                    MR. SPEAKER:  Show Mr. Hunter voting
18    aye.  Have all voted?
19                    UNIDENTIFIED REPRESENTATIVE
20    Representative Taylor, are you a "no"?
21                    MR. SPEAKER:  There being 101 ayes
22    and 48 nays, SB-14 is finally passed.
23                    CHARLIE HOWARD:  Get that number.
24                    UNIDENTIFIED REPRESENTATIVE:  Yeah, I
25    think you should.  I think you should.
```



Toll Free: 800.211.DEPO
Facsimile: 512.328.8139

Suite 220
3101 Bee Caves Road
Austin, TX 78746
www.esquiresolutions.com

TX_00212588

```
 1    IN THE COUNTY OF TRAVIS  )

 2    STATE OF TEXAS           )

 3            I, Rhonda Howard, Certified Shorthand

 4    Reporter in and for the State of Texas, hereby

 5    certify to the following:

 6            That the CD entitled, "Texas House of

 7    Representatives Third Reading of SB-14, March 24,

 8    2011," was transcribed at the request of Anne

 9    Wilson, 209 West 14th Street, 8th Floor, Attorney

10    General's Office, Austin, Texas 78701, and the

11    amount due is $_____.

12            That the aforementioned CD was transcribed

      to the best of my ability to hear and understand the

13    CD;

14            That the transcript was submitted by

15    E-trans on April  , 2012, to Anne Wilson, 209 West

16    14th Street, Attorney Generals' Office, Austin,

      Texas  78701;

17            I further certify that I am neither

18    counsel for, related to, nor employed by any of the

19    parties or attorneys in the action in which this

20    proceeding was taken, and further that I am not

21    financially or otherwise interested in the outcome

22    of the action.

23            Certified to by me, this 24th day of

24    April, 2012.

25
```



Toll Free: 800.211.DEPO
Facsimile: 512.328.8139

Suite 220
3101 Bee Caves Road
Austin, TX 78746
www.esquiresolutions.com

TX_00212589

1

2 *Rhonda Howard*

3       RHONDA HOWARD, Texas CSR No.

4       Expiration Date 12/31/12

5       FIRM REGISTRATION NO: 283

6       ESQUIRE DEPOSITION SERVICES

7       100 Congress, Suite 2000

8       Austin, Texas  78701

9       (512) 328-5557

10

11   Job No. 333729RH

12

13

14

15

16

17

18

19

20

21

22

23

24

25



Toll Free: 800.211.DEPO
Facsimile: 512.328.8139

Suite 220
3101 Bee Caves Road
Austin, TX 78746
www.esquiresolutions.com

TX_00212590

Third Reading SB - 14                               March 24, 2011

**A**

ability
4:12
action
4:19,22
aforement...
4:12
agree
3:4
aisle
3:2
amendments
3:8
amount
4:11
Anne
4:8,15
appreciate
3:4
April
1:13 4:15,24
Attorney
4:9,16
attorneys
4:19
Austin
4:10,16 5:8
aye
3:18
ayes
3:21

**B**

best
4:12
bill
2:2,9 3:9,16
bills
3:10
body
3:9,11
Bonnen
2:14
bringing
3:10

**C**

calm
2:15,16,16
CD
4:6,12,13
Certified
4:3,23
certify
4:5,17
Chair
2:6
Chairman
2:14
CHARLIE
3:23
Clerk
2:1,3 3:16
colleagues
3:1
commit
3:10
commitment
2:12
compassion
3:5
complicated
2:17
Congress
5:7
constituency
3:3
counsel
4:18
COUNTY
4:1
criminal
2:5
CSR
1:13 5:3

**D**

dangerous
2:21
Date
5:4
day
4:23
debate

calm
2:13,20,22
debated
2:9
Dennis
2:16
DEPOSITION
5:6
district
3:6
due
4:11

**E**

effort
2:20
election
3:12
employed
4:18
entitled
4:6
ESQUIRE
5:6
experience
2:15
Expiration
5:4
E-trans
4:15

**F**

facets
2:17
final
3:15
finally
3:22
financially
4:21
FIRM
5:5
First
2:11
floor
2:13,20 3:11
4:9
following

4:5
Fraser
2:3
further
4:17,20

**G**

Generals
4:16
General's
4:10
getting
2:12
give
3:2
good
2:18 3:7

**H**

Harless
2:7,8
Harper-Brown
2:24
hear
4:12
heart
3:3
helped
2:16
hope
3:9
hours
2:22
House
1:1 4:6
Howard
1:13 3:23
4:3 5:3
Hunter
3:17

**I**

identific...
2:5
inaudible
2:23
included

2:4
integrity
3:12
interested
4:21
invested
2:17
issue
3:4

**J**

Job
5:11

**K**

know
2:15,21

**L**

Larry
2:23
Lastly
3:7
legislation
2:13,19
letting
2:3
Linda
2:24
Lois
2:24
longer
2:22

**M**

making
2:18
manage
2:16
March
1:3 4:7
member
3:11
Members
2:9 3:14
move
3:13



Toll Free: 800.211.DEPO
Facsimile: 512.328.8139

Suite 220
3101 Bee Caves Road
Austin, TX 78746
www.esquiresolutions.com

TX_00212591

| N | | | | |
|---|---|---|---|---|

**N**
naming 2:21
nays 3:22
neither 4:17
night 3:8
number 3:23

**O**
occurs 3:15
offered 3:8
Office 4:10,16
outcome 4:21
oxymoron 2:15

**P**
parties 4:19
passage 3:13,15
passed 3:22
passion 3:5
penalties 2:5
people 2:21
Phillips 2:24
photo 2:4
piece 2:19
placed 3:8
preserve 3:11

proceeding 4:20
process 2:17 3:12
providing 2:5

**Q**
question 3:14
quickly 2:10

**R**
read 2:1 3:16
Reading 1:2 4:7
recognizes 2:6
record 3:16
REGISTRATION 5:5
related 4:18
Reporter 4:4
Represent... 2:7,8 3:19 3:20,24
Represent... 1:1 4:7
representing 3:3,5
request 4:8
requirements 2:4
respect 3:5
Rhonda 1:13 4:3 5:3

**S**
SB-14 1:2 2:1,3

3:13,15,22 4:7
SERVICES 5:6
Shorthand 4:3
Show 3:17
sides 3:1
Speaker 2:1,6,8,11 3:14,17,21
staff 2:12
standalone 3:10
state 3:6 4:2,4
Street 4:9,16
submitted 4:14
Suite 5:7
sure 2:18

**T**
taken 2:22 4:20
talent 3:2
Taylor 3:20
team 2:20
Texas 1:1 4:2,4,6 4:10,16 5:3 5:8
thank 2:11,25
things 2:10
think 3:25,25

Third 1:2 4:7
time 2:18 3:2
transcribed 1:13 4:8,12
transcript 4:14
TRAVIS 4:1
Truitt 2:23

**U**
understand 4:12
UNIDENTIFIED 3:19,24

**V**
Vicky 2:23
vote 2:4 3:16
voted 3:18
voting 3:17

**W**
want 2:10 3:7
wanted 2:11
wants 3:11
weren't 2:23
West 4:9,15
Wilson 4:9,15

**Y**
Yeah 3:24
yesterday

2:9

**1**
10-plus 2:22
100 5:7
101 3:21
12/31/12 5:4
14th 4:9,16

**2**
2000 5:7
2011 1:3 4:8
2012 1:13 4:15,24
209 4:9,15
24 1:3,13 4:7
24th 4:23
283 5:5

**3**
328-5557 5:9
333729RH 5:11

**4**
4136 5:3
48 3:22

**5**
512 5:9

**7**



Toll Free: 800.211.DEPO
Facsimile: 512.328.8139

Suite 220
3101 Bee Caves Road
Austin, TX 78746
www.esquiresolutions.com

**78701**
4:10,16 5:8

---
**8**

**8th**
4:9



Toll Free: 800.211.DEPO
Facsimile: 512.328.8139

Suite 220
3101 Bee Caves Road
Austin, TX 78746
www.esquiresolutions.com

# SENATE JOURNAL

## EIGHTY-SECOND LEGISLATURE — REGULAR SESSION

## AUSTIN, TEXAS

### PROCEEDINGS

### THIRTY-SEVENTH DAY
(Tuesday, April 5, 2011)

The Senate met at 11:09 a.m. pursuant to adjournment and was called to order by the President.

The roll was called and the following Senators were present: Birdwell, Carona, Davis, Deuell, Duncan, Ellis, Eltife, Estes, Fraser, Gallegos, Harris, Hegar, Hinojosa, Huffman, Jackson, Lucio, Nelson, Nichols, Ogden, Patrick, Rodriguez, Seliger, Shapiro, Uresti, Van de Putte, Watson, Wentworth, West, Whitmire, Williams, Zaffirini.

The President announced that a quorum of the Senate was present.

Pastor Jim Gray, First Baptist Church, Woodway, was introduced by Senator Birdwell and offered the invocation as follows:

God of the ages, we humbly enter Your presence today. Thank You for the many ways You bless us and for Your unconditional love for us. Thank You for the families and friends who pray for us and support us. Thank You for the nation and for the state in which we are blessed to live. I thank You, Lord, for these men and women who have answered the call to serve our great state as Senators. I lift them and their families and staffs up to You as they make difficult decisions which help us navigate these difficult days. During the birthing of our nation, Thomas Paine uttered the words, "These are the times that try men's souls." Those same words seem profoundly appropriate for today. I pray that these Senators will seek Your guidance as they make decisions, decisions that will impact our state not only in the short term but also for the ultimate benefit of future generations. God, help us as we face these challenging days. In the name above all names. Amen.

Senator Whitmire moved that the reading of the Journal of the proceedings of the previous day be dispensed with and the Journal be approved as printed.

The motion prevailed without objection.

### MESSAGES FROM THE GOVERNOR

The following Messages from the Governor were read and were referred to the Committee on Nominations:

April 4, 2011
Austin, Texas

TO THE SENATE OF THE EIGHTY-SECOND LEGISLATURE, REGULAR SESSION:

I ask the advice, consent and confirmation of the Senate with respect to the following appointments:

To be members of the Brazos River Authority Board of Directors for terms to expire February 1, 2017:

Christopher S. Adams, Jr.
Granbury, Texas
(General Adams is being reappointed)

Cynthia Olson Bourland
Round Rock, Texas
(replacing Jon Sloan of Round Rock whose term expired)

Robert M. Christian
Marquez, Texas
(Colonel Christian is being reappointed)

Christopher D. DeCluitt
Waco, Texas
(Mr. DeCluitt is being reappointed)

Carolyn H. Johnson
Freeport, Texas
(Ms. Johnson is being reappointed)

Roberta Jean Killgore
Somerville, Texas
(Ms. Killgore is being reappointed)

To be a member of the Manufactured Housing Board for a term to expire January 31, 2017:

Anthony Burks
Fort Worth, Texas

Mr. Burks is replacing Devora Mitchell of Kermit who resigned.

Respectfully submitted,

/s/Rick Perry
Governor

April 4, 2011
Austin, Texas

TO THE SENATE OF THE EIGHTY-SECOND LEGISLATURE, REGULAR SESSION:

On March 29, 2011, I submitted the name of Bobby L. Limmer for appointment to the Lower Colorado River Authority for a term to expire February 1, 2017.

Because he resigned, I hereby withdraw his nomination and request that the Senate return the appointment to me.

Respectfully submitted,

/s/Rick Perry
Governor

### PHYSICIAN OF THE DAY

Senator Rodriguez was recognized and presented Dr. David Palafox of El Paso as the Physician of the Day.

The Senate welcomed Dr. Palafox and thanked him for his participation in the Physician of the Day program sponsored by the Texas Academy of Family Physicians.

### GUESTS PRESENTED

Senator Rodriguez was recognized and introduced to the Senate an El Paso County Medical Society delegation.

The Senate welcomed its guests.

### GUESTS PRESENTED

Senator Eltife, joined by Senators Deuell and West, was recognized and introduced to the Senate a Lamar County delegation.

The Senate welcomed its guests.

### REPORT OF COMMITTEE ON NOMINATIONS

Senator Deuell submitted the following report from the Committee on Nominations:

We, your Committee on Nominations, to which were referred the following appointments, have had same under consideration and report them back to the Senate with a recommendation that they be confirmed:

Judge, Court of Criminal Appeals:  Elsa R. Alcala, Harris County.

Member, Judicial Districts Board:  Craig T. Enoch, Travis County.

Members, Board of Directors, Lower Colorado River Authority: James Scott Arbuckle, Wharton County; Steve K. Balas, Colorado County; John Mark Franklin, Burnet County; Jett Jay Johnson, Mills County.

Inspector General, Office of Inspector General, Health and Human Services Commission:  Douglas Wilson, Travis County.

Director, Office of State-Federal Relations:  Charles Eugene Roy, Collin County.

Members, Statewide Health Coordinating Council: James L. Alexander, Burleson County; Richard L. Beard, Dallas County; Abigail Hollis Blackburn, Travis County; Fred Sinclair Brinkley, Travis County; Janet Buckley Claborn, Bailey County; Brenda Dever-Armstrong, Bexar County; Steven Ngocthang Nguyen, Dallas County; Roger Michael Ragain, Lubbock County.

Members, Texas Appraiser Licensing and Certification Board: Walker Rankin Beard, El Paso County; Malachi Obadiah Boyuls, Dallas County; Luis F. De La Garza, Webb County; Laurie Carden Fontana, Harris County; Shannon K. McClendon, Hays County; Sheryl Rigsby Swift, Galveston County; Donna Lee Walz, Lubbock County; Jamie Lou Sanders Wickliffe, Ellis County.

Members, Texas Board of Physical Therapy Examiners: Robert Gary Gray, Midland County; Kathleen Ann Luedtke-Hoffmann, Dallas County; Daniel Reyna, McLennan County.

Members, Texas Board of Professional Geoscientists: Becky Lynn Johnson, Tarrant County; Justin Lynn McNamee, Dallas County; Judy Ann Reeves, Tarrant County; Gregory Clayton Ulmer, Harris County.

Members, Texas Commission on Fire Protection: Elroy Carson, Lubbock County; Christopher Martin Connealy, Williamson County; Louis Anthony Cortes, Bexar County; John Kelly Gillette, Collin County; John Weldon Green, Galveston County; John Tilden McMakin, Henderson County; Leonardo L. Perez, Cameron County.

Members, Texas Diabetes Council: Maria O. Duarte-Gardea, El Paso County; John W. Griffin, Victoria County; Don E. Yarborough, Dallas County.

Members, Texas Optometry Board: John Dale Coble, Rockwall County; Larry Wayne Fields, Panola County; Mario Gutierrez, Bexar County.

### NOTICE OF CONSIDERATION OF NOMINATIONS

Senator Deuell gave notice that he would tomorrow at the conclusion of morning call submit to the Senate for consideration nominations to agencies, boards, and commissions of the state.

### SENATE RESOLUTION 693

Senator Duncan offered the following resolution:

**SR 693**, Recognizing Randell Keith Resneder, founder and executive director of Disability Awareness Programs of Texas.

The resolution was read and was adopted without objection.

### GUESTS PRESENTED

Senator Duncan was recognized and introduced to the Senate a Disability Awareness Programs of Texas delegation: Randell Keith Resneder, Norma Resneder, Morris Arnold, Sheila Arnold, and Robert Resneder.

The Senate welcomed its guests.

### HOUSE BILL ON FIRST READING

The following bill received from the House was read first time and referred to the committee indicated:

**HB 15** to Committee on State Affairs.

## GUESTS PRESENTED

Senator West was recognized and introduced to the Senate a group of students from The University of Texas Southwestern Medical Center at Dallas.

The Senate welcomed its guests.

## SENATE BILL 14 WITH HOUSE AMENDMENTS

Senator Fraser called **SB 14** from the President's table for consideration of the House amendments to the bill.

The President laid the bill and the House amendments before the Senate.

**Amendment**

Amend **SB 14** by substituting in lieu thereof the following:

A BILL TO BE ENTITLED

AN ACT

relating to requirements to vote, including presenting proof of identification; providing criminal penalties.

BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

SECTION 1. Section 13.002, Election Code, is amended by adding Subsection (i) to read as follows:

(i) An applicant who wishes to receive an exemption from the requirements of Section 63.001(b) on the basis of disability must include with the person's application:

(1) written documentation:

(A) from the United States Social Security Administration evidencing the applicant has been determined to have a disability; or

(B) from the United States Department of Veterans Affairs evidencing the applicant has a disability rating of at least 50 percent; and

(2) a statement in a form prescribed by the secretary of state that the applicant does not have a form of identification acceptable under Section 63.0101.

SECTION 2. Section 15.001, Election Code, is amended by adding Subsection (c) to read as follows:

(c) A certificate issued to a voter who meets the certification requirements of Section 13.002(i) must contain an indication that the voter is exempt from the requirement to present identification other than the registration certificate before being accepted for voting.

SECTION 3. Effective September 1, 2011, Subchapter A, Chapter 15, Election Code, is amended by adding Section 15.005 to read as follows:

Sec. 15.005. NOTICE OF IDENTIFICATION REQUIREMENTS. (a) The voter registrar of each county shall provide notice of the identification requirements for voting prescribed by Chapter 63 and a detailed description of those requirements with each voter registration certificate issued under Section 13.142 or renewal registration certificate issued under Section 14.001.

(b) The secretary of state shall prescribe the wording of the notice to be included on the certificate under this section.

SECTION 4. Section 15.022(a), Election Code, is amended to read as follows:

(a)  The  registrar  shall  make  the  appropriate  corrections  in  the  registration records, including, if necessary, deleting a voter's name from the suspense list:

(1)  after  receipt  of  a  notice  of  a  change  in  registration  information  under Section 15.021;

(2)  after  receipt  of  a  voter's  reply  to  a  notice  of  investigation  given  under Section 16.033;

(3)  after  receipt  of  a  registration  omissions  list  and  any  affidavits  executed under Section 63.006 [63.007], following an election;

(4)  after  receipt  of  a  voter's  statement  of  residence  executed  under  Section 63.0011;

(5)  before  the  effective  date  of  the  abolishment  of  a  county  election  precinct or a change in its boundary;

(6)  after  receipt  of  United  States  Postal  Service  information  indicating  an address reclassification;

(7)  after receipt of a voter's response under Section 15.053; or

(8)  after  receipt  of  a  registration  application  or  change  of  address  under Chapter 20.

SECTION 5.  Effective September 1, 2011, Subchapter A, Chapter 31, Election Code, is amended by adding Section 31.012 to read as follows:

Sec. 31.012.  VOTER  IDENTIFICATION  EDUCATION.  (a)  The  secretary  of state and the voter registrar of each county that maintains a website shall provide notice of the identification requirements for voting prescribed by Chapter 63 on each entity's respective website in each language in which voter registration materials are available.  The  secretary  of  state  shall  prescribe  the  wording  of  the  notice  to  be included on the websites.

(b)  The  secretary  of  state  shall  conduct  a  statewide  effort  to  educate  voters regarding the identification requirements for voting prescribed by Chapter 63.

(c)  The  county  clerk  of  each  county  shall  post  in  a  prominent  location  at  the clerk's office a physical copy of the notice prescribed under Subsection (a) in each language in which voter registration materials are available.

SECTION 6.  Effective September 1, 2011, Section 32.111, Election Code, is amended by adding Subsection (c) to read as follows:

(c)  The  training  standards  adopted  under  Subsection  (a)  must  include  provisions on the acceptance and handling of the identification presented by a voter to an election officer under Section 63.001.

SECTION 7.  Effective September 1, 2011, Section 32.114(a), Election Code, is amended to read as follows:

(a)  The  county  clerk  shall  provide  one  or  more  sessions  of  training  using  the standardized training program and materials developed and provided by the secretary of state under Section 32.111 for the election judges and clerks appointed to serve in elections ordered by the governor or a county authority.  Each election judge shall complete  the  training  program.  Each  election  clerk  shall  complete  the  part  of  the training  program  relating  to  the  acceptance  and  handling  of  the  identification presented by a voter to an election officer under Section 63.001.

SECTION 8.  Chapter 62, Election Code, is amended by adding Section 62.016 to read as follows:

Sec. 62.016.  NOTICE OF ACCEPTABLE IDENTIFICATION OUTSIDE POLLING PLACES.  The presiding judge shall post in a prominent place on the outside of each polling location a list of the acceptable forms of identification.  The list must be printed using a font that is at least 24-point.  The notice required under this section must be posted separately from any other notice required by state or federal law.

SECTION 9.  Section 63.001, Election Code, is amended by amending Subsections (b), (c), (d), and (f) and adding Subsections (g) and (h) to read as follows:

(b)  Except as provided by Subsection (h), on [On] offering to vote, a voter must present to an election officer at the polling place one form of identification described by Section 63.0101 [the voter's voter registration certificate to an election officer at the polling place].

(c)  On presentation of the documentation required under Subsection (b) [a registration certificate], an election officer shall determine whether the voter's name on the documentation [registration certificate] is on the list of registered voters for the precinct.  If in making a determination under this subsection the election officer determines that the voter's name on the documentation is substantially similar to but does not match exactly with the name on the list, the voter shall be accepted for voting under Subsection (d) if the voter submits an affidavit stating that the voter is the person on the list of registered voters.

(d)  If, as determined under Subsection (c), the voter's name is on the precinct list of registered voters and the voter's identity can be verified from the documentation presented under Subsection (b), the voter shall be accepted for voting.

(f)  After determining whether to accept a voter, an election officer shall return the voter's documentation [registration certificate] to the voter.

(g)  If the requirements for identification prescribed by Subsection (b) are not met, the voter may be accepted for provisional voting only under Section 63.011. For a voter who is not accepted for voting under this section, an election officer shall:

(1)  inform the voter of the voter's right to cast a provisional ballot under Section 63.011; and

(2)  provide the voter with written information, in a form prescribed by the secretary of state, that:

(A)  lists the requirements for identification;

(B)  states the procedure for presenting identification under Section 65.0541;

(C)  includes a map showing the location where identification must be presented; and

(D)  includes notice that even if all procedures are followed, there is no guarantee that the voter's provisional ballot will be accepted.

(h)  The requirements for identification prescribed by Subsection (b) do not apply to a voter who presents the voter's voter registration certificate on offering to vote and:

(1)  was 70 years of age or older on January 1, 2012, as indicated by the date of birth on the voter's voter registration certificate; or

(2)  is disabled and the voter's voter registration certificate contains the indication described by Section 15.001(c).

SECTION 10.  Section 63.0011(a), Election Code, is amended to read as follows:

(a)  Before a voter may be accepted for voting, an election officer shall ask the voter if the voter's residence address on the precinct list of registered voters is current and whether the voter has changed residence within the county.  If the voter's address is omitted from the precinct list under Section 18.005(c), the officer shall ask the voter if the voter's residence, if [as] listed, on identification presented by the voter under Section 63.001(b) [the voter's voter registration certificate] is current and whether the voter has changed residence within the county.

SECTION 11.  Effective September 1, 2011, Chapter 63, Election Code, is amended by adding Section 63.0012 to read as follows:

Sec. 63.0012.  NOTICE OF IDENTIFICATION REQUIREMENTS TO CERTAIN VOTERS. (a)  An election officer shall distribute written notice of the identification that will be required for voting beginning with elections held after January 1, 2012, and information on obtaining identification without a fee under Section 521.422, Transportation Code, to each voter who, when offering to vote, presents a form of identification that will not be sufficient for acceptance as a voter under this chapter beginning with those elections.

(b)  The secretary of state shall prescribe the wording of the notice and establish guidelines for distributing the notice.

(c)  This section expires September 1, 2017.

SECTION 12.  Section 63.006, Election Code, is amended to read as follows:

Sec. 63.006.  VOTER WITH REQUIRED DOCUMENTATION [CORRECT CERTIFICATE] WHO IS NOT ON LIST. (a)  A voter who, when offering to vote, presents the documentation required under Section 63.001(b) [a voter registration certificate indicating that the voter is currently registered in the precinct in which the voter is offering to vote,] but whose name is not on the precinct list of registered voters[,] shall be accepted for voting if the voter also presents a voter registration certificate indicating that the voter is currently registered:

(1)  in the precinct in which the voter is offering to vote; or

(2)  in a different precinct in the same county as the precinct in which the voter is offering to vote and the voter executes an affidavit stating that the voter:

(A)  is a resident of the precinct in which the voter is offering to vote or is otherwise entitled by law to vote in that precinct;

(B)  was a resident of the precinct in which the voter is offering to vote at the time the information on the voter's residence address was last provided to the voter registrar;

(C)  did not deliberately provide false information to secure registration in a precinct in which the voter does not reside; and

(D)  is voting only once in the election.

(b)  After the voter is accepted, an election officer shall:

(1)  indicate beside the voter's name on the poll list that the voter was accepted under this section; and

(2)  enter the voter's name on the registration omissions list.

SECTION 13.  Section 63.009, Election Code, is amended to read as follows:

Sec. 63.009.  VOTER WITHOUT CERTIFICATE WHO IS NOT ON LIST.  A [(a)  Except as provided by Subsection (b), a] voter who does not present a voter registration certificate when offering to vote, and whose name is not on the list of registered voters for the precinct in which the voter is offering to vote, shall be accepted for provisional voting if the voter executes an affidavit in accordance with Section 63.011.

[(b)  If an election officer can determine from the voter registrar that the person is a registered voter of the county and the person presents proof of identification, the affidavits required by Sections 63.007 and 63.008 are substituted for the affidavit required by Section 63.011 in complying with that section.  After the voter is accepted under this subsection, an election officer shall also indicate beside the voter's name on the poll list that the voter was accepted under this section.]

SECTION 14.  Section 63.0101, Election Code, is amended to read as follows:

Sec. 63.0101.  DOCUMENTATION OF PROOF OF IDENTIFICATION. The following documentation is an acceptable form [as proof] of photo identification under this chapter:

(1)  a driver's license or personal identification card issued to the person by the Department of Public Safety that has not [or a similar document issued to the person by an agency of another state, regardless of whether the license or card has] expired or that expired no earlier than 60 days before the date of presentation;

(2)  a United States military identification card that contains the person's photograph that has not expired or that expired no earlier than 60 days before the date of presentation [form of identification containing the person's photograph that establishes the person's identity];

(3)  a [birth certificate or other document confirming birth that is admissible in a court of law and establishes the person's identity;

[(4)] United States citizenship certificate [papers] issued to the person that contains the person's photograph;

(4) [(5)]  a United States passport issued to the person that has not expired or that expired no earlier than 60 days before the date of presentation; or

(5)  a license to carry a concealed handgun issued to the person by the Department of Public Safety that has not expired or that expired no earlier than 60 days before the date of presentation

[(6)  official mail addressed to the person by name from a governmental entity;

[(7)  a copy of a current utility bill, bank statement, government check, paycheck, or other government document that shows the name and address of the voter; or

[(8)  any other form of identification prescribed by the secretary of state].

SECTION 15.  Section 63.011, Election Code, is amended by amending Subsections (a) and (b) and adding Subsection (b-1) to read as follows:

(a)  A person to whom Section 63.001(g) [63.008(b)] or 63.009 [63.009(a)] applies may cast a provisional ballot if the person executes an affidavit stating that the person:

(1)  is a registered voter in the precinct in which the person seeks to vote; and

(2)  is eligible to vote in the election.

(b)  A form for an affidavit required by this section must [shall] be printed on an envelope in which the provisional ballot voted by the person may be placed and must include:

(1)  a space for entering the identification number of the provisional ballot voted by the person; and

(2)  a space for an election officer to indicate whether the person presented a form of identification described by Section 63.0101.

(b-1)  The affidavit form may include space for disclosure of any necessary information to enable the person to register to vote under Chapter 13. The secretary of state shall prescribe the form of the affidavit under this section.

SECTION 16.  Section 64.012(b), Election Code, is amended to read as follows:

(b)  An offense under this section is a felony of the second [third] degree unless the person is convicted of an attempt. In that case, the offense is a state jail felony [Class A misdemeanor].

SECTION 17.  Section 65.054, Election Code, is amended by amending Subsection (b) and adding Subsection (e) to read as follows:

(b)  A provisional ballot shall [may] be accepted [only] if the board determines that:

(1)  [,] from the information in the affidavit or contained in public records, the person is eligible to vote in the election and has not previously voted in that election; and

(2)  the person:

(A)  meets the identification requirements of Section 63.001(b) at the time the ballot was cast or in the period prescribed under Section 65.0541; or

(B)  executes an affidavit under penalty of perjury stating that:

(i)  the voter:

(a)  is indigent and is unable to obtain proof of identification without the payment of a fee; or

(b)  has a religious objection to being photographed; and

(ii)  the voter has not been challenged and voted a provisional ballot solely because the voter did not meet the requirements for identification prescribed by Section 63.001(b).

(e)  In this section, "indigent" has the meaning assigned by Section 51.941(e), Government Code.

SECTION 18.  Subchapter B, Chapter 65, Election Code, is amended by adding Section 65.0541 to read as follows:

Sec. 65.0541.  PRESENTATION OF IDENTIFICATION FOR CERTAIN PROVISIONAL BALLOTS.  (a) A voter who is accepted for provisional voting under Section 63.011 because the voter does not meet the identification requirements of Section 63.001(b) may, not later than the sixth day after the date of the election:

(1)  present a form of identification described by Section 63.0101 to the voter registrar for examination; or

(2)  execute an affidavit described by Section 65.054(b)(2)(B) in the presence of the voter registrar.

(b)  The secretary of state shall prescribe procedures as necessary to implement this section.

SECTION 19.  Section 66.0241, Election Code, is amended to read as follows:

Sec. 66.0241.  CONTENTS OF ENVELOPE NO. 4.   Envelope no. 4 must contain:

(1)  the precinct list of registered voters;

(2)  the registration correction list;

(3)  the registration omissions list;

(4)  any statements of residence executed under Section 63.0011; and

(5)  any affidavits executed under Section 63.006 [63.007] or 63.011.

SECTION 20.  Section 521.422, Transportation Code, is amended by amending Subsection (a) and adding Subsection (d) to read as follows:

(a)  Except as provided by Subsection (d), the [The] fee for a personal identification certificate is:

(1)  $15 for a person under 60 years of age;

(2)  $5 for a person 60 years of age or older; and

(3)  $20 for a person subject to the registration requirements under Chapter 62, Code of Criminal Procedure.

(d)  The department may not collect a fee for a personal identification certificate issued to a person who states that the person is obtaining the personal identification certificate for the purpose of satisfying Section 63.001(b), Election Code, and does not have another form of identification described by Section 63.0101, Election Code, and:

(1)  who is a registered voter in this state and presents a valid voter registration certificate; or

(2)  who is eligible for registration under Section 13.001, Election Code, and submits a registration application to the department.

SECTION 21.  Sections 63.007 and 63.008, Election Code, are repealed.

SECTION 22.  Effective September 1, 2011:

(1)  as soon as practicable, the secretary of state shall adopt the training standards and develop the training materials required to implement the change in law made by this Act to Section 32.111, Election Code; and

(2)  as soon as practicable, the county clerk of each county shall provide a session of training under Section 32.114, Election Code, using the standards adopted and materials developed to implement the change in law made by this Act to Section 32.111, Election Code.

SECTION 23.  The change in law made by this Act in amending Section 64.012(b), Election Code, applies only to an offense committed on or after January 1, 2012.  An offense committed before January 1, 2012, is covered by the law in effect when the offense was committed, and the former law is continued in effect for that purpose.  For purposes of this section, an offense is committed before January 1, 2012, if any element of the offense occurs before that date.

SECTION 24.  Effective September 1, 2011, state funds disbursed under Chapter 19, Election Code, for the purpose of defraying expenses of the voter registrar's office in connection with voter registration may also be used for additional expenses related to coordinating voter registration drives or other activities designed to expand voter registration. This section expires January 1, 2013.

SECTION 25.  Except as otherwise provided by this Act, this Act takes effect January 1, 2012.

## Floor Amendment No. 3

Amend **CSSB 14** (House committee printing) as follows:

(1)  In the recital to SECTION 9 of the bill (page 5, line 1), strike "(g) and (h)" and substitute "(g), (h), and (i)".

(2)  In SECTION 9 of the bill, in amended Section 63.001(b), Election Code (page 5, line 2), strike "Subsection (h)" and substitute "Subsection (h) or (i)".

(3)  In SECTION 9 of the bill, following added Section 63.001(h), Election Code (page 6, between lines 23 and 24), add the following:

(i)  A voter who would otherwise be accepted for voting under this chapter but for the requirements of Subsection (b) shall be accepted for voting if, instead of presenting the identification required by Subsection (b), the voter executes an affidavit under penalty of perjury that asserts that the voter's proof of identification meeting the requirements of Subsection (b) has been stolen and the voter presents to an election officer a copy of an official police report, dated not earlier than the 45th day before the date on which the voter seeks to vote, alleging that the voter was a victim of an offense described by Section 32.51, Penal Code. The voter may redact personal information on the report relating to the voter, other than the voter's name, address, or date of birth. A report presented under this section is not required to contain the voter's date of birth.

## Floor Amendment No. 5

Amend **CSSB 14** on page 5, line 14, by inserting "under standards adopted by the secretary of state" between "list" and the comma.

## Floor Amendment No. 7

Amend **CSSB 14** (house committee printing) in SECTION 9 of the bill, in added Section 63.001(h), Election Code (page 6, lines 17-21), by striking the following:

:

(1) was 70 years of age or older on January 1, 2012, as indicated by the date of birth on the voter's voter registration certificate; or

(2)

## Floor Amendment No. 10

Amend **CSSB 14** (House committee printing) by striking lines 12 through 14 of page 6 and substituting the following:

(D)  includes notice that if all procedures are followed and the voter is found to be eligible to vote in the election, the voter's provisional ballot will be counted.

## Floor Amendment No. 13

Amend **CSSB 14** (house committee printing) as follows:

(1)  In SECTION 9 of the bill, in added Section 63.001(h), Election Code (page 6, line 20), strike "or".

(2)  In SECTION 9 of the bill, following added Section 63.001(h)(2), Election Code (page 6, line 23), between "15.001(c)" and the period, insert the following: ; or

        (3)  executes an affidavit under penalty of perjury that asserts the voter does not have identification meeting the requirements of Subsection (b) as a result of a natural disaster declared by the president of the United States or the governor

**Floor Amendment No. 20**

Amend **CSSB 14** (house committee printing) in SECTION 14 of the bill as follows:

(1)  In amended Section 63.0101, Election Code (page 10, line 13), strike "or".

(2)  In amended Section 63.0101, Election Code (page 10, line 17), following "presentation", insert: ; or

        (6)  an identification card that contains the person's photograph and is issued or approved by this state

**Floor Amendment No. 26**

Amend **CSSB 14** as follows:

(1)  In the recital to SECTION 15 of the bill (page 10, line 26), strike "Subsection (b-1)" and subsitute "Subsections (b-1) and (f)".

(2)  In SECTION 15 of the bill, add the following after added Section 63.011(b-1), Election Code (page 11, between lines 18 and 19):

(f)  In addition to the affidavit required by this section, a person who casts a provisional ballot under this section and is described by Section 65.054(b)(2)(B) may execute an affidavit under that section at the polling place.  Forms for affidavits under Section 65.054(b)(2)(B) must be available at each polling place.

(3)  In SECTION 18 of the bill, in added Section 65.0541(a)(2), Election Code (page 13, line 4), between "presence of" and "the voter registrar", insert "an election officer at the polling place or".

**Floor Amendment No. 27**

Amend **CSSB 14** (House committee printing) in SECTION 5 of the bill, in added Section 31.012(b), Election Code (page 3, line 21), by adding after the period: "The statewide effort shall include education targeted at low-income and minority voters."

**Floor Amendment No. 28**

Amend **CSSB 14** (House committee printing) as follows:

(1)  Strike SECTION 17 of the bill (page 11, line 24, through page 12, line 20) and substitute the following:

SECTION 17.  Section 65.054(b), Election Code, is amended to read as follows:

(b)  A provisional ballot shall [may] be accepted [only] if the board determines that:

        (1)  [-] from the information in the affidavit or contained in public records, the person is eligible to vote in the election and has not previously voted in that election; and

(2)  the person meets the identification requirements of Section 63.001(b) at the time the ballot was cast or in the period prescribed under Section 65.0541.

(2)  In SECTION 18 of the bill, strike added Section 65.0541(a), Election Code (page 12, line 24, through page 13, line 4) and substitute the following:

(a)  A voter who is accepted for provisional voting under Section 63.011 because the voter does not meet the identification requirements of Section 63.001(b) may, not later than the sixth day after the date of the election, present a form of identification described by Section 63.0101 to the voter registrar for examination.

**Floor Amendment No. 30**

Amend **CSSB 14** as follows:

(1)  In SECTION 14 of the bill, in amended Section 63.0101, Election Code (page 10, line 13), strike "or".

(2)  In SECTION 14 of the bill, in amended Section 63.0101, Election Code, following added Subdivision (5) (page 10, line 17), insert the following:
; or

(6)  a valid identification card that contains the person's photograph and is issued by a tribal organization

**Floor Amendment No. 32**

Amend **CSSB 14** on page 13, line 27, by striking "may" and substituting "shall".

**Floor Amendment No. 45**

Amend **CSSB 14** by adding the following appropriately numbered section and by renumbering the existing sections as appropriate:

SECTION ____.  Section 521.424, Transportation Code, is amended to read as follows:

Sec. 521.424.  DUPLICATE LICENSE OR CERTIFICATE FEE. (a) Except as provided by Subsection (b), the [The] fee for a duplicate driver's license or duplicate personal identification certificate is $10.

(b)  The department may not collect a fee for a duplicate personal identification certificate from a person who meets the requirements of Section 521.422(d).

**Floor Amendment No. 48**

Amend **CSSB 14** (house committee printing) by adding the following appropriately numbered SECTION to the bill and renumbering the remaining SECTIONS of the bill accordingly:

SECTION ____.  Every provision in this Act and every application of the provisions in this Act are severable from each other. If any application of any provision in this Act to any person or group of persons or circumstances is found by a court to be invalid, the remainder of this Act and the application of the Act's provisions to all other persons and circumstances may not be affected. All constitutionally valid applications of this Act shall be severed from any applications that a court finds to be invalid, leaving the valid applications in force, because it is the legislature's intent and priority that the valid applications be allowed to stand alone.

Even if a reviewing court finds a provision of this Act invalid in a large or substantial fraction of relevant cases, the remaining valid applications shall be severed and allowed to remain in force.

**Floor Amendment No. 53**

Amend **CSSB 14** (House committee printing) as follows:

(1) Add the following appropriately numbered SECTION to the bill and renumbering the remaining SECTIONS of the bill accordingly:

SECTION _____. Section 521.124, Transportation Code, is amended to read as follows:

Sec. 521.124. TEMPORARY LICENSE[; ISSUED WITHOUT PHOTOGRAPH]. (a) The department may issue a temporary license without a photograph of the license holder[:

[(1)] to an applicant who is out of state or a member of the armed forces of the United States[; or

[(2) if the department otherwise determines that a temporary license is necessary].

(b) A temporary license issued under Subsection (a) is valid only until the applicant has time to appear and be photographed and a license with a photograph is issued.

(c) Except as provided by Subsection (a), a temporary license issued by the department must include the photograph of the person to whom the license is issued.

(d) If all application requirements are met, a temporary license must be issued by the department on the day of application.

(2) In SECTION 17 of the bill, in added Section 65.054(b)(2)(A), Election Code (page 12, line 7), between "Section 65.0541" and the underscored semicolon insert "or presents a temporary license issued by the Department of Public Safety that contains the voter's photograph in the period prescribed under Section 65.0541".

(3) In SECTION 18 of the bill, in added Section 65.0541(a)(1), Election Code (page 13, line 2), between "63.0101" and "to the voter registrar" insert "or a temporary license issued by the Department of Public Safety that contains the voter's photograph"

**Floor Amendment No. 59**

Amend **CSSB 14** (house committee printing) as follows:

(1) Add the following appropriately numbered SECTION to the bill and renumber subsequent SECTIONS of the bill accordingly:

SECTION _____. Section 1.005, Election Code, is amended by adding Subdivision (25) to read as follows:

(25) "Early voting ballot board" means the early voting and provisional voting ballot board.

(2) In the recital to SECTION 17 of the bill (page 11, line 25), strike "Subsection (b)" and substitute "Subsections (a) and (b)".

(3) In SECTION 17 of the bill, before amended Section 65.054(b), Election Code (page 11, between lines 26 and 27), add the following:

(a) The early voting and provisional voting ballot board shall examine each affidavit executed under Section 63.011 and determine whether to accept the provisional ballot of the voter who executed the affidavit.

The amendments were read.

Senator Fraser moved that the Senate do not concur in the House amendments, but that a conference committee be appointed to adjust the differences between the two Houses on the bill.

The motion prevailed without objection.

The President asked if there were any motions to instruct the conference committee on **SB 14** before appointment.

There were no motions offered.

The President announced the appointment of the following conferees on the part of the Senate: Senators Fraser, Chair; Huffman, Williams, Birdwell, and Van de Putte.

### CONCLUSION OF MORNING CALL

The President at 11:31 a.m. announced the conclusion of morning call.

### COMMITTEE SUBSTITUTE
### SENATE BILL 656 ON SECOND READING

On motion of Senator Huffman and by unanimous consent, the regular order of business was suspended to take up for consideration **CSSB 656** at this time on its second reading:

**CSSB 656**, Relating to the abolition of the Coastal Coordination Council and the transfer of its functions to the General Land Office.

The bill was read second time.

Senator Huffman offered the following amendment to the bill:

**Floor Amendment No. 1**

Amend **CSSB 656** (senate committee printing) as follows:

(1) In SECTION 11 of the bill, strike amended Section 33.205(c), Natural Resources Code (page 3, line 49, through page 4, line 3), and substitute the following:

(c) The commissioner [council] may [not] review a proposed agency or subdivision action subject to the requirements of Subsections (a) and (b) [of this section] for consistency with the goals and policies of the coastal management program if [unless]:

(1) the consistency determination for the proposed action was contested by:

(A) a [council] member of the committee or an agency that was a party in a formal hearing under Chapter 2001, Government Code, or in an alternative dispute resolution process; or

(B) another [a council member or other] person by the filing of written comments with the agency before the action was proposed if the proposed action is one for which a formal hearing under Chapter 2001, Government Code, is not available;

(2)  a person described by Subdivision (1) [of this subsection] files a request for referral alleging a significant unresolved dispute regarding the proposed action's consistency with the goals and policies of the coastal management program; and

(3)  any three members of the committee [council] other than the representative [director] of the Texas [A&M University] Sea Grant College Program agree that there is a significant unresolved dispute regarding the proposed action's consistency with the goals and policies of the coastal management program and the matter is referred to the commissioner for review [placed on the agenda for a council meeting].

(2)  In SECTION 15 of the bill, in amended Section 33.206(g), Natural Resources Code (page 7, lines 15-19), strike the first sentence of the subsection and substitute the following:

Notwithstanding the other provisions of this subchapter, on request for referral, the commissioner may not review a consistency determination of the land office, the commissioner, or the board.

The amendment to **CSSB 656** was read and was adopted by a viva voce vote.

All Members are deemed to have voted "Yea" on the adoption of Floor Amendment No. 1.

On motion of Senator Huffman and by unanimous consent, the caption was amended to conform to the body of the bill as amended.

**CSSB 656** as amended was passed to engrossment by a viva voce vote.

All Members are deemed to have voted "Yea" on the passage to engrossment.

### COMMITTEE SUBSTITUTE
### SENATE BILL 656 ON THIRD READING

Senator Huffman moved that Senate Rule 7.18 and the Constitutional Rule requiring bills to be read on three several days be suspended and that **CSSB 656** be placed on its third reading and final passage.

The motion prevailed by the following vote: Yeas 30, Nays 1.

Nays:  Wentworth.

### Reason for Vote

Senator Wentworth submitted the following reason for vote on suspension of the Constitutional Three-day Rule:

I cast a "No" vote on the procedural motion to suspend the Constitutional Rule requiring that bills be read on three several days in order to take up and consider **CSSB 656**, because in my judgment no circumstance exists in this case to justify the extraordinary act of suspending a requirement of the Texas Constitution.  The suspension of this Constitutional Rule has the direct and immediate effect of denying the people of Texas knowledge and notice of the passage of this measure until it has already been finally passed on third reading.  Were we to have followed the requirement of the Texas Constitution, third reading and a vote on **CSSB 656** would have occurred on the next legislative day, allowing for Texans to have learned through news reports of our second reading vote exactly what we had tentatively passed.

Third reading and a vote on the next legislative day would also have allowed our professional staff an opportunity overnight to make sure any amendments passed on second reading are technically correct.

WENTWORTH

The bill was read third time and was passed by the following vote: Yeas 31, Nays 0.

## COMMITTEE SUBSTITUTE
## SENATE BILL 1097 ON SECOND READING

Senator Eltife moved to suspend the regular order of business to take up for consideration **CSSB 1097** at this time on its second reading:

**CSSB 1097**, Relating to single certification in incorporated or annexed areas served by water or sewer utilities.

The motion prevailed.

Senators Birdwell, Estes, and Huffman asked to be recorded as voting "Nay" on suspension of the regular order of business.

The bill was read second time and was passed to engrossment by a viva voce vote.

All Members are deemed to have voted "Yea" on the passage to engrossment except as follows:

Nays: Birdwell, Estes, Huffman.

## COMMITTEE SUBSTITUTE
## SENATE BILL 1097 ON THIRD READING

Senator Eltife moved that Senate Rule 7.18 and the Constitutional Rule requiring bills to be read on three several days be suspended and that **CSSB 1097** be placed on its third reading and final passage.

The motion prevailed by the following vote: Yeas 27, Nays 4.

Yeas: Carona, Davis, Deuell, Duncan, Ellis, Eltife, Fraser, Gallegos, Harris, Hegar, Hinojosa, Jackson, Lucio, Nelson, Nichols, Ogden, Patrick, Rodriguez, Seliger, Shapiro, Uresti, Van de Putte, Watson, West, Whitmire, Williams, Zaffirini.

Nays: Birdwell, Estes, Huffman, Wentworth.

### Reason for Vote

Senator Wentworth submitted the following reason for vote on suspension of the Constitutional Three-day Rule:

I cast a "No" vote on the procedural motion to suspend the Constitutional Rule requiring that bills be read on three several days in order to take up and consider **CSSB 1097**, because in my judgment no circumstance exists in this case to justify the extraordinary act of suspending a requirement of the Texas Constitution. The suspension of this Constitutional Rule has the direct and immediate effect of denying the people of Texas knowledge and notice of the passage of this measure until it has already been finally passed on third reading. Were we to have followed the

requirement of the Texas Constitution, third reading and a vote on **CSSB 1097** would have occurred on the next legislative day, allowing for Texans to have learned through news reports of our second reading vote exactly what we had tentatively passed. Third reading and a vote on the next legislative day would also have allowed our professional staff an opportunity overnight to make sure any amendments passed on second reading are technically correct.

WENTWORTH

The bill was read third time and was passed by the following vote: Yeas 28, Nays 3.

Yeas: Carona, Davis, Deuell, Duncan, Ellis, Eltife, Fraser, Gallegos, Harris, Hegar, Hinojosa, Jackson, Lucio, Nelson, Nichols, Ogden, Patrick, Rodriguez, Seliger, Shapiro, Uresti, Van de Putte, Watson, Wentworth, West, Whitmire, Williams, Zaffirini.

Nays:  Birdwell, Estes, Huffman.

### SENATE BILL 315 ON SECOND READING

On motion of Senator Carona and by unanimous consent, the regular order of business was suspended to take up for consideration **SB 315** at this time on its second reading:

**SB 315**, Relating to the agencies and entities responsible for compiling and maintaining information pertaining to criminal combinations and criminal street gangs.

The bill was read second time and was passed to engrossment by a viva voce vote.

All Members are deemed to have voted "Yea" on the passage to engrossment.

### SENATE BILL 315 ON THIRD READING

Senator Carona moved that Senate Rule 7.18 and the Constitutional Rule requiring bills to be read on three several days be suspended and that **SB 315** be placed on its third reading and final passage.

The motion prevailed by the following vote:  Yeas 30, Nays 1.

Nays:  Wentworth.

### Reason for Vote

Senator Wentworth submitted the following reason for vote on suspension of the Constitutional Three-day Rule:

I cast a "No" vote on the procedural motion to suspend the Constitutional Rule requiring that bills be read on three several days in order to take up and consider **SB 315**, because in my judgment no circumstance exists in this case to justify the extraordinary act of suspending a requirement of the Texas Constitution.  The suspension of this Constitutional Rule has the direct and immediate effect of denying the people of Texas knowledge and notice of the passage of this measure until it has already been finally passed on third reading.  Were we to have followed the

requirement of the Texas Constitution, third reading and a vote on **SB 315** would have occurred on the next legislative day, allowing for Texans to have learned through news reports of our second reading vote exactly what we had tentatively passed. Third reading and a vote on the next legislative day would also have allowed our professional staff an opportunity overnight to make sure any amendments passed on second reading are technically correct.

WENTWORTH

The bill was read third time and was passed by the following vote: Yeas 31, Nays 0.

## COMMITTEE SUBSTITUTE
## SENATE BILL 73 ON SECOND READING

On motion of Senator Nelson and by unanimous consent, the regular order of business was suspended to take up for consideration **CSSB 73** at this time on its second reading:

**CSSB 73**, Relating to debt issuance authority of and funding for the Cancer Prevention and Research Institute of Texas.

The bill was read second time and was passed to engrossment by a viva voce vote.

All Members are deemed to have voted "Yea" on the passage to engrossment.

## COMMITTEE SUBSTITUTE
## SENATE BILL 73 ON THIRD READING

Senator Nelson moved that Senate Rule 7.18 and the Constitutional Rule requiring bills to be read on three several days be suspended and that **CSSB 73** be placed on its third reading and final passage.

The motion prevailed by the following vote:  Yeas 30, Nays 1.

Nays:  Wentworth.

### Reason for Vote

Senator Wentworth submitted the following reason for vote on suspension of the Constitutional Three-day Rule:

I cast a "No" vote on the procedural motion to suspend the Constitutional Rule requiring that bills be read on three several days in order to take up and consider **CSSB 73**, because in my judgment no circumstance exists in this case to justify the extraordinary act of suspending a requirement of the Texas Constitution.  The suspension of this Constitutional Rule has the direct and immediate effect of denying the people of Texas knowledge and notice of the passage of this measure until it has already been finally passed on third reading.  Were we to have followed the requirement of the Texas Constitution, third reading and a vote on **CSSB 73** would have occurred on the next legislative day, allowing for Texans to have learned through news reports of our second reading vote exactly what we had tentatively passed.

Third reading and a vote on the next legislative day would also have allowed our professional staff an opportunity overnight to make sure any amendments passed on second reading are technically correct.

WENTWORTH

The bill was read third time and was passed by the following vote: Yeas 31, Nays 0.

### SENATE BILL 907 ON SECOND READING

On motion of Senator Seliger and by unanimous consent, the regular order of business was suspended to take up for consideration **SB 907** at this time on its second reading:

**SB 907**, Relating to the management, operation, rulemaking authority, and oversight of groundwater conservation districts.

The bill was read second time and was passed to engrossment by a viva voce vote.

All Members are deemed to have voted "Yea" on the passage to engrossment.

### SENATE BILL 907 ON THIRD READING

Senator Seliger moved that Senate Rule 7.18 and the Constitutional Rule requiring bills to be read on three several days be suspended and that **SB 907** be placed on its third reading and final passage.

The motion prevailed by the following vote:  Yeas 30, Nays 1.

Nays:  Wentworth.

### Reason for Vote

Senator Wentworth submitted the following reason for vote on suspension of the Constitutional Three-day Rule:

I cast a "No" vote on the procedural motion to suspend the Constitutional Rule requiring that bills be read on three several days in order to take up and consider **SB 907**, because in my judgment no circumstance exists in this case to justify the extraordinary act of suspending a requirement of the Texas Constitution.  The suspension of this Constitutional Rule has the direct and immediate effect of denying the people of Texas knowledge and notice of the passage of this measure until it has already been finally passed on third reading.  Were we to have followed the requirement of the Texas Constitution, third reading and a vote on **SB 907** would have occurred on the next legislative day, allowing for Texans to have learned through news reports of our second reading vote exactly what we had tentatively passed. Third reading and a vote on the next legislative day would also have allowed our professional staff an opportunity overnight to make sure any amendments passed on second reading are technically correct.

WENTWORTH

The bill was read third time and was passed by the following vote: Yeas 31, Nays 0.

**(President Pro Tempore Ogden in Chair)**

## COMMITTEE SUBSTITUTE
## SENATE BILL 142 ON SECOND READING

On motion of Senator West and by unanimous consent, the regular order of business was suspended to take up for consideration **CSSB 142** at this time on its second reading:

**CSSB 142**, Relating to real property that is subject to restrictive covenants and the operation of property owners' associations of subdivisions that are subject to restrictive covenants.

The bill was read second time.

Senator West offered the following amendment to the bill:

**Floor Amendment No. 1**

Amend **CSSB 142** (senate committee printing) as follows:

(1) In SECTION 20 of the bill, insert the following appropriately designated subsection and redesignate subsections of the SECTION accordingly:

(___) Section 51.015, Property Code, as amended by this Act, applies only to the levy of an assessment or assessments as described by Section 51.015, Property Code, as amended by this Act, the effective date of which is on or after the effective date of this Act. A levy of an assessment or assessments the effective date of which is before the effective date of this Act is governed by the law as it existed immediately before the effective date of this Act, and that law is continued in effect for that purpose.

(2) Insert the following appropriately numbered SECTIONS in the bill and renumber SECTIONS of the bill accordingly:

SECTION ___. Section 51.002, Property Code, is amended by adding Subsection (i) to read as follows:

(i) Notice served under Subsection (b)(3) or (d) must state the name and address of the sender of the notice and contain a statement that is conspicuous, printed in boldface or underlined type, and substantially similar to the following: "Assert and protect your rights as a member of the armed forces of the United States. If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately."

SECTION ___. Subsection (a), Section 51.015, Property Code, is amended by adding Subdivision (1-a) to read as follows:

(1-a) "Assessment" and "assessments" have the meanings assigned by Sections 82.113(a) and 209.002, as applicable.

SECTION ___. Subsection (b), Section 51.015, Property Code, is amended to read as follows:

(b) This section applies only to an obligation:

(1)  that is secured by a mortgage, deed of trust, or other contract lien, including a lien securing payment of an assessment or assessments, as applicable, on real property or personal property that is a dwelling owned by a military servicemember;

(2)  that originates before the date on which the servicemember's active duty military service commences; and

(3)  for which the servicemember is still obligated.

> WEST
> PATRICK
> VAN DE PUTTE

The amendment to **CSSB 142** was read and was adopted by a viva voce vote.

All Members are deemed to have voted "Yea" on the adoption of Floor Amendment No. 1.

Senator West offered the following amendment to the bill:

**Floor Amendment No. 2**

Amend **CSSB 142** (senate committee printing) as follows:

(1)  In SECTION 2 of the bill, in added Section 5.012(g), Property Code (page 2, line 14), between "otherwise agreed" and the period, insert "by the purchaser and seller of the property".

(2)  In SECTION 8 of the bill, in amended Section 207.003(c), Property Code (page 5, line 27), between "otherwise agreed" and the period, insert "by the purchaser and seller of the property".

(3)  In SECTION 11 of the bill, strike added Sections 209.0041(g), (h), and (i), Property Code (page 5, line 68, through page 6, line 9), and substitute the following:

(g)  Except as provided by this subsection, a declaration may be amended only by a vote of 67 percent of the total votes allocated to property owners in the property owners' association, in addition to any governmental approval required by law. If the declaration contains a lower percentage, the percentage in the declaration controls.

(h)  A bylaw may not be amended to conflict with the declaration.

(4)  In SECTION 12 of the bill, in amended Section 209.005(c), Property Code (page 6, lines 22 and 23), strike "an owner's agent" and substitute "a person designated in a writing signed by the owner as the owner's agent".

(5)  In SECTION 12 of the bill, strike added Sections 209.005(i) and (j), Property Code (page 7, lines 23-45), and substitute the following:

(i)  A property owners' association board must adopt a records production and copying policy that prescribes the costs the association will charge for the compilation, production, and reproduction of information requested under this section. The prescribed charges may include all reasonable costs of materials, labor, and overhead but may not exceed costs that would be applicable for an item under Section 552.261, Government Code. The policy required by this subsection must be recorded as a dedicatory instrument in accordance with Section 202.006. An association may not charge an owner for the compilation, production, or reproduction of information requested under this section unless the policy prescribing those costs has been recorded as required by this subsection. An owner is responsible for costs related to

TX_00001205

ase 2:13-cv-00193   Document 725-18   Filed on 11/17/14 in TXSD   Page 47 of 1!

926                          82nd Legislature — Regular Session                    37th Day

the compilation, production, and reproduction of the requested information in the amounts prescribed by the policy adopted under this subsection. The association may require advance payment of the estimated costs of compilation, production, and reproduction of the requested information. If the estimated costs are lesser or greater than the actual costs, the association shall submit a final invoice to the owner on or before the 30th business day after the date the information is delivered. If the final invoice includes additional amounts due from the owner, the additional amounts, if not reimbursed to the association before the 30th business day after the date the invoice is sent to the owner, may be added to the owner's account as an assessment. If the estimated costs exceeded the final invoice amount, the owner is entitled to a refund, and the refund shall be issued to the owner not later than the 30th business day after the date the invoice is sent to the owner.

(j)  A property owners' association must estimate costs under this section using amounts prescribed by the policy adopted under Subsection (i).

(6)  In SECTION 12 of the bill, in added Section 209.005(k), Property Code (page 7, line 46), between "Subsection (l)" and the comma, insert "and to the extent the information is provided in the meeting minutes".

(7)  In SECTION 12 of the bill, in added Section 209.005(k), Property Code (page 7, line 47), strike ", other than in meeting minutes,".

(8)  In SECTION 13 of the bill, in the recital (page 8, line 48), strike "and 209.00592" and substitute "209.00592, and 209.00593".

(9)  In SECTION 13 of the bill, in added Section 209.0051(b), Property Code (page 8, lines 58-61), strike the following:

:

        (1)  the gathering of a quorum of the board at a board workshop where formal action is not taken; or
        (2)

(10)  In SECTION 13 of the bill, in added Section 209.0051(c), Property Code (page 9, line 8), between "summarized orally" and the comma, insert "and placed in the minutes".

(11)  In SECTION 13 of the bill, strike added Section 209.0051(h), Property Code (page 9, line 59, through page 10, line 9), and substitute the following:

(h)  A board may meet by any method of communication, including electronic and telephonic, without prior notice to owners under Subsection (e), if each director may hear and be heard by every other director, or the board may take action by unanimous written consent to consider routine and administrative matters or a reasonably unforeseen emergency or urgent necessity that requires immediate board action. Any action taken without notice to owners under Subsection (e) must be summarized orally, including an explanation of any known actual or estimated expenditures approved at the meeting, and documented in the minutes of the next regular or special board meeting. The board may not, without prior notice to owners under Subsection (e), consider or vote on:

        (1)  fines;
        (2)  damage assessments;
        (3)  initiation of foreclosure actions;

(4)  initiation of enforcement actions, excluding temporary restraining orders or violations involving a threat to health or safety;

(5)  increases in assessments;

(6)  levying of special assessments;

(7)  appeals from a denial of architectural control approval; or

(8)  a suspension of a right of a particular owner before the owner has an opportunity to attend a board meeting to present the owner's position, including any defense, on the issue.

(12)  In SECTION 13 of the bill, strike added Section 209.0056(a), Property Code (page 10, lines 25-28), and substitute the following:

(a)  Not later than the 10th day or earlier than the 60th day before the date of an election or vote, a property owners' association shall give written notice of the election or vote to:

(1)  each owner of property in the property owners' association, for purposes of an association-wide election or vote; or

(2)  each owner of property in the property owners' association entitled under the dedicatory instruments to vote in a particular representative election, for purposes of a vote that involves election of representatives of the association who are vested under the dedicatory instruments of the property owners' association with the authority to elect or appoint board members of the property owners' association.

(13)  In SECTION 13 of the bill, in added Section 209.0057(d), Property Code (page 11, line 4), between "cost of the recount." and "Any action", insert "The property owners' association shall provide the results of the recount to each owner who requested the recount."

(14)  In SECTION 13 of the bill, after added Section 209.00592, Property Code (page 12, between lines 24 and 25), insert the following:

Sec. 209.00593.  ELECTION OF BOARD MEMBERS.  (a)  Notwithstanding any provision in a dedicatory instrument, any board member whose term has expired must be elected by owners who are members of the property owners' association. A board member may be appointed by the board only to fill a vacancy caused by a resignation, death, or disability. A board member appointed to fill a vacant position shall serve the unexpired term of the predecessor board member.

(b)  The board of a property owners' association may amend the bylaws of the property owners' association to provide for elections to be held as required by Subsection (a).

(c)  The appointment of a board member in violation of this section is void.

(d)  This section does not apply to the appointment of a board member during a development period, as defined by Section 202.011.

(e)  This section does not apply to a representative board whose members or delegates are elected or appointed by representatives of a property owners' association who are elected by owner members of a property owners' association.

(15)  In SECTION 15 of the bill, in added Section 209.0062(c), Property Code (page 13, line 5), strike "12 months" and substitute "18 months".

(16)  In SECTION 15 of the bill, in added Section 209.0063(a), Property Code (page 13, lines 23-24), strike "or otherwise provided in writing by the property owner at the time payment is made".

(17)  In SECTION 15 of the bill, strike added Section 209.0064, Property Code (page 13, lines 45-58), and substitute the following:

Sec. 209.0064. THIRD PARTY COLLECTIONS. Before a property owners' association may assess the account of an owner for reimbursement of reasonable attorney's fees and other reasonable costs payable by the association to another party or billed by a third party to the association on a contingency basis and that are related to collecting assessments or other amounts owed the association by the owner, the association must provide a notice to the owner by certified mail, return receipt requested, that:

(1)  specifies each delinquent amount and the total amount of the payment required to make the account current;

(2)  describes the options the owner has to avoid liability for attorney's fees or other costs related to collection of those amounts, including information regarding the availability of a payment plan through the association; and

(3)  provides a period of at least 30 days for the owner to cure the delinquency before further action is taken by the association.

(18)  In SECTION 16 of the bill, in added Section 209.0091(a), Property Code (page 13, line 63), between "as provided by Subsection (c)" and the comma, insert "and subject to Section 209.009".

(19)  Strike SECTION 3 of the bill.

(20)  Insert the following appropriately numbered SECTION in the bill:

SECTION _____. Section 209.009, Property Code, is amended to read as follows:

Sec. 209.009. FORECLOSURE SALE PROHIBITED IN CERTAIN CIRCUMSTANCES. A property owners' association may not foreclose a property owners' association's assessment lien if the debt securing the lien consists solely of:

(1)  fines assessed by the association; [or]

(2)  attorney's fees incurred by the association solely associated with fines assessed by the association; or

(3)  amounts added to the owner's account as an assessment under Section 209.005(i).

(21)  Renumber SECTIONS of the bill appropriately.

The amendment to **CSSB 142** was read and was adopted by a viva voce vote.

All Members are deemed to have voted "Yea" on the adoption of Floor Amendment No. 2.

Senator West offered the following amendment to the bill:

**Floor Amendment No. 3**

Amend **CSSB 142** (senate committee printing) as follows:

(1)  In SECTION 13 of the bill, strike added Section 209.00591(c), Property Code (page 11, lines 33-36), and substitute the following:

(c)  The declaration may provide for a period of declarant control of the association during which a declarant, or persons designated by the declarant, may appoint and remove board members and the officers of the association, other than board members or officers elected by members of the property owners' association.

Regardless of the period of declarant control provided by the declaration, on or before the 120th day after the date 75 percent of the lots that may be created and made subject to the declaration are conveyed to owners other than a declarant, at least one-third of the board members must be elected by owners other than the declarant. If the declaration does not include the number of lots that may be created and made subject to the declaration, at least one-third of the board members must be elected by owners other than the declarant not later than the 10th anniversary of the date the declaration was recorded.

(2) In SECTION 18 of the bill, strike added Section 209.014, Property Code (page 14, lines 42-60), and substitute the following:

Sec. 209.014. MANDATORY ELECTION REQUIRED AFTER FAILURE TO CALL REGULAR MEETING. (a) Notwithstanding any provision in a dedicatory instrument, a board of a property owners' association shall call an annual meeting of the members of the association.

(b) If a board of a property owners' association does not call an annual meeting of the association members, an owner may demand that a meeting of the association members be called not later than the 30th day after the date of the owner's demand. The owner's demand must be made in writing and sent by certified mail, return receipt requested, to the registered agent of the property owners' association and to the association at the address for the association according to the most recently filed management certificate. A copy of the notice must be sent to each property owner who is a member of the association.

(c) If the board does not call a meeting of the members of the property owners' association on or before the 30th day after the date of a demand under Subsection (b), three or more owners may form an election committee. The election committee shall file written notice of the committee's formation with the county clerk of each county in which the subdivision is located.

(d) A notice filed by an election committee must contain:

(1) a statement that an election committee has been formed to call a meeting of owners who are members of the property owners' association for the sole purpose of electing board members;

(2) the name and residential address of each committee member; and

(3) the name of the subdivision over which the property owners' association has jurisdiction under a dedicatory instrument.

(e) Each committee member must sign and acknowledge the notice before a notary or other official authorized to take acknowledgments.

(f) The county clerk shall enter on the notice the date the notice is filed and record the notice in the county's real property records.

(g) Only one committee in a subdivision may operate under this section at one time. If more than one committee in a subdivision files a notice, the first committee that files a notice, after having complied with all other requirements of this section, is the committee with the power to act under this section. A committee that does not hold or conduct a successful election within four months after the date the notice is filed with the county clerk is dissolved by operation of law. An election held or conducted by a dissolved committee is ineffective for any purpose under this section.

(h) The election committee may call meetings of the owners who are members of the property owners' association for the sole purpose of electing board members. Notice, quorum, and voting provisions contained in the bylaws of the property owners' association apply to any meeting called by the election committee.

The amendment to **CSSB 142** was read and was adopted by a viva voce vote.

All Members are deemed to have voted "Yea" on the adoption of Floor Amendment No. 3.

### (President in Chair)

Senator Ellis offered the following amendment to the bill:

**Floor Amendment No. 4**

Amend **CSSB 142** (senate committee printing) as follows:

(1) In SECTION 5 of the bill, strike the recital (page 2, lines 58-59) and substitute the following:

Section 202.004, Property Code, is amended by amending Subsection (c) and adding Subsections (d), (e), (f), (g), (h), and (i) to read as follows:

(2) In SECTION 5 of the bill, after amended Section 202.004(c), Property Code (page 2, between lines 66 and 67), insert the following:

(d) In evaluating an alleged or potential violation of a restrictive covenant, a property owners' association board may, notwithstanding any provision in a dedicatory instrument, elect to not enforce the restrictive covenant if the board, in the board's reasonable judgment, determines:

(1) the property owners' association's position is not sufficiently strong to justify taking any action or further action;

(2) the provision alleged to have been violated may be inconsistent with applicable law;

(3) the alleged violation is not of such a material or visible nature as to be objectionable to a reasonable person or to justify expending the property owners' association's resources;

(4) enforcement of the provision is not in the association's best interests, based on hardship, expense, or other reasonable criteria; or

(5) the facts of the particular circumstances, such as topography of the owner's land or unforeseen circumstances unique to the particular owner, justify the board's election to not enforce the restrictive covenant.

(e) In evaluating an alleged or potential violation of a restrictive covenant, a property owners' association board shall make reasonable accommodations with respect to persons with disabilities and, in the absence of a showing of compelling necessity, may not enforce a restrictive covenant in a manner that imposes an undue hardship on persons with disabilities.

(f) A determination by the property owners' association board to not enforce a restrictive covenant under Subsection (d) or (e) may not be considered a waiver of the association's authority to enforce any dedicatory instrument provision in the future.

(g) A property owners' association board shall document each election by the board to not enforce a restrictive covenant under Subsection (d) made by the board at a meeting by noting in the minutes of the board meeting at which the election was made:

(1) the person who was not subjected to enforcement of the covenant;

(2) the specific covenant the board did not enforce; and

(3) the board's rationale for not enforcing the covenant.

(h) A property owners' association board shall document the following information in the minutes of the board meeting and provide a copy of the minutes to a person subject to an enforcement of a restrictive covenant under circumstances described by Subsection (e):

(1) the specific facts and circumstances constituting a compelling necessity under Subsection (e);

(2) the person subjected to the enforcement of the covenant; and

(3) the board members voting for and against the enforcement of the covenant.

(i) A determination made in violation of Subsection (e) or (h) is void and unenforceable.

The amendment to **CSSB 142** was read.

Senator Ellis withdrew Floor Amendment No. 4.

Senator Gallegos offered the following amendment to the bill:

**Floor Amendment No. 5**

Amend **CSSB 142** (senate committee printing) by adding the following appropriately numbered SECTION to the bill and renumbering the subsequent SECTIONS of the bill accordingly:

SECTION ____. Chapter 209, Property Code, is amended by adding Section 209.0031 to read as follows:

Sec. 209.0031. DISCRIMINATION PROHIBITED; INJUNCTION. (a) A person may not refuse any person for membership in a property owners' association because of race, color, religion, sex, familial status, or national origin.

(b) A property owners' association may not bar a property owner from voting in an association election because of race, color, religion, sex, familial status, or national origin.

(c) If a property owners' association or other representative designated by the property owners' association has violated, is violating, or is threatening to violate this section, a person who is refused membership as described by Subsection (a), a property owner barred from voting as described by Subsection (b), or any member of the property owners' association may bring a civil action against the property owners' association for injunctive relief.

(d) A person described by Subsection (c) who prevails in an action brought under this section is entitled to recover reasonable attorney's fees and court costs.

(e) A remedy under this section is not exclusive and is in addition to any other remedy provided by other law.

The amendment to **CSSB 142** was read.

Senator Gallegos withdrew Floor Amendment No. 5.

On motion of Senator West and by unanimous consent, the caption was amended to conform to the body of the bill as amended.

**CSSB 142** as amended was passed to engrossment by a viva voce vote.

All Members are deemed to have voted "Yea" on the passage to engrossment.

### COMMITTEE SUBSTITUTE
### SENATE BILL 142 ON THIRD READING

Senator West moved that Senate Rule 7.18 and the Constitutional Rule requiring bills to be read on three several days be suspended and that **CSSB 142** be placed on its third reading and final passage.

The motion prevailed by the following vote:  Yeas 30, Nays 1.

Nays:  Wentworth.

### Reason for Vote

Senator Wentworth submitted the following reason for vote on suspension of the Constitutional Three-day Rule:

I cast a "No" vote on the procedural motion to suspend the Constitutional Rule requiring that bills be read on three several days in order to take up and consider **CSSB 142**, because in my judgment no circumstance exists in this case to justify the extraordinary act of suspending a requirement of the Texas Constitution.  The suspension of this Constitutional Rule has the direct and immediate effect of denying the people of Texas knowledge and notice of the passage of this measure until it has already been finally passed on third reading.  Were we to have followed the requirement of the Texas Constitution, third reading and a vote on **CSSB 142** would have occurred on the next legislative day, allowing for Texans to have learned through news reports of our second reading vote exactly what we had tentatively passed. Third reading and a vote on the next legislative day would also have allowed our professional staff an opportunity overnight to make sure any amendments passed on second reading are technically correct.

WENTWORTH

The bill was read third time and was passed by the following vote:  Yeas 31, Nays 0.

### GUESTS PRESENTED

Senator Williams was recognized and introduced to the Senate a Montgomery County Teen Republicans delegation.

The Senate welcomed its guests.

## MESSAGE FROM THE HOUSE

HOUSE CHAMBER
Austin, Texas
Tuesday, April 5, 2011 - 1

The Honorable President of the Senate
Senate Chamber
Austin, Texas

Mr. President:

I am directed by the House to inform the Senate that the House has taken the following action:

THE HOUSE HAS PASSED THE FOLLOWING MEASURES:

**HCR 68**                          Hunter
Requesting the lieutenant governor and the speaker of the house of representatives to create a joint interim committee to study human trafficking in Texas.

Respectfully,

/s/Robert Haney, Chief Clerk
House of Representatives

## SENATE BILL 1702 ON SECOND READING

On motion of Senator Williams and by unanimous consent, the regular order of business was suspended to take up for consideration **SB 1702** at this time on its second reading:

**SB 1702**, Relating to the establishment of a task force to enhance the prosecution and tracking of money laundering in this state.

The bill was read second time and was passed to engrossment by a viva voce vote.

All Members are deemed to have voted "Yea" on the passage to engrossment.

## SENATE BILL 1702 ON THIRD READING

Senator Williams moved that Senate Rule 7.18 and the Constitutional Rule requiring bills to be read on three several days be suspended and that **SB 1702** be placed on its third reading and final passage.

The motion prevailed by the following vote:  Yeas 30, Nays 1.

Nays:  Wentworth.

### Reason for Vote

Senator Wentworth submitted the following reason for vote on suspension of the Constitutional Three-day Rule:

I cast a "No" vote on the procedural motion to suspend the Constitutional Rule requiring that bills be read on three several days in order to take up and consider **SB 1702**, because in my judgment no circumstance exists in this case to justify the extraordinary act of suspending a requirement of the Texas Constitution.  The

TX_00001213

suspension of this Constitutional Rule has the direct and immediate effect of denying the people of Texas knowledge and notice of the passage of this measure until it has already been finally passed on third reading. Were we to have followed the requirement of the Texas Constitution, third reading and a vote on **SB 1702** would have occurred on the next legislative day, allowing for Texans to have learned through news reports of our second reading vote exactly what we had tentatively passed. Third reading and a vote on the next legislative day would also have allowed our professional staff an opportunity overnight to make sure any amendments passed on second reading are technically correct.

WENTWORTH

The bill was read third time and was passed by the following vote: Yeas 31, Nays 0.

**COMMITTEE SUBSTITUTE**
**SENATE BILL 1230 ON SECOND READING**

On motion of Senator Estes and by unanimous consent, the regular order of business was suspended to take up for consideration **CSSB 1230** at this time on its second reading:

**CSSB 1230**, Relating to the construction and operation of combined heating and power facilities in certain municipalities.

The bill was read second time and was passed to engrossment by a viva voce vote.

All Members are deemed to have voted "Yea" on the passage to engrossment.

**COMMITTEE SUBSTITUTE**
**SENATE BILL 1230 ON THIRD READING**

Senator Estes moved that Senate Rule 7.18 and the Constitutional Rule requiring bills to be read on three several days be suspended and that **CSSB 1230** be placed on its third reading and final passage.

The motion prevailed by the following vote: Yeas 30, Nays 1.

Nays: Wentworth.

**Reason for Vote**

Senator Wentworth submitted the following reason for vote on suspension of the Constitutional Three-day Rule:

I cast a "No" vote on the procedural motion to suspend the Constitutional Rule requiring that bills be read on three several days in order to take up and consider **CSSB 1230**, because in my judgment no circumstance exists in this case to justify the extraordinary act of suspending a requirement of the Texas Constitution. The suspension of this Constitutional Rule has the direct and immediate effect of denying the people of Texas knowledge and notice of the passage of this measure until it has already been finally passed on third reading. Were we to have followed the requirement of the Texas Constitution, third reading and a vote on **CSSB 1230** would have occurred on the next legislative day, allowing for Texans to have learned through

news reports of our second reading vote exactly what we had tentatively passed. Third reading and a vote on the next legislative day would also have allowed our professional staff an opportunity overnight to make sure any amendments passed on second reading are technically correct.

WENTWORTH

The bill was read third time and was passed by the following vote: Yeas 31, Nays 0.

### COMMITTEE  SUBSTITUTE
### SENATE BILL 27 ON SECOND READING

Senator Zaffirini moved to suspend the regular order of business to take up for consideration **CSSB 27** at this time on its second reading:

**CSSB 27**, Relating to policies of school districts and open-enrollment charter schools for the care of certain students at risk for anaphylaxis.

The motion prevailed.

Senator Ogden asked to be recorded as voting "Nay" on suspension of the regular order of business.

The bill was read second time and was passed to engrossment by a viva voce vote.

All Members are deemed to have voted "Yea" on the passage to engrossment except as follows:

Nays: Ogden.

### COMMITTEE  SUBSTITUTE
### SENATE BILL 27 ON THIRD READING

Senator Zaffirini moved that Senate Rule 7.18 and the Constitutional Rule requiring bills to be read on three several days be suspended and that **CSSB 27** be placed on its third reading and final passage.

The motion prevailed by the following vote:  Yeas 29, Nays 2.

Yeas:  Birdwell, Carona, Davis, Deuell, Duncan, Ellis, Eltife, Estes, Fraser, Gallegos, Harris, Hegar, Hinojosa, Huffman, Jackson, Lucio, Nelson, Nichols, Patrick, Rodriguez, Seliger, Shapiro, Uresti, Van de Putte, Watson, West, Whitmire, Williams, Zaffirini.

Nays:  Ogden, Wentworth.

**Reason for Vote**

Senator Wentworth submitted the following reason for vote on suspension of the Constitutional Three-day Rule:

I cast a "No" vote on the procedural motion to suspend the Constitutional Rule requiring that bills be read on three several days in order to take up and consider **CSSB 27**, because in my judgment no circumstance exists in this case to justify the extraordinary act of suspending a requirement of the Texas Constitution.   The suspension of this Constitutional Rule has the direct and immediate effect of denying

TX_00001215

the people of Texas knowledge and notice of the passage of this measure until it has already been finally passed on third reading. Were we to have followed the requirement of the Texas Constitution, third reading and a vote on **CSSB 27** would have occurred on the next legislative day, allowing for Texans to have learned through news reports of our second reading vote exactly what we had tentatively passed. Third reading and a vote on the next legislative day would also have allowed our professional staff an opportunity overnight to make sure any amendments passed on second reading are technically correct.

WENTWORTH

The bill was read third time and was passed by the following vote: Yeas 30, Nays 1.

Nays: Ogden.

### SENATE BILL 153 ON SECOND READING

On motion of Senator Huffman and by unanimous consent, the regular order of business was suspended to take up for consideration **SB 153** at this time on its second reading:

**SB 153**, Relating to the authority of a judge to suspend the imposition of a sentence and place a defendant on community supervision.

The bill was read second time.

Senator Huffman offered the following amendment to the bill:

**Floor Amendment No. 1**

Amend **SB 153** (senate committee report) in SECTION 1 of the bill in amended Article 42.12(a), Code of Criminal Procedure (page 1, line 18), between "." and "A", insert "Where a defendant elects to have the jury assess the sentence,"

The amendment to **SB 153** was read and was adopted by a viva voce vote.

All Members are deemed to have voted "Yea" on the adoption of Floor Amendment No. 1.

On motion of Senator Huffman and by unanimous consent, the caption was amended to conform to the body of the bill as amended.

**SB 153** as amended was passed to engrossment by a viva voce vote.

All Members are deemed to have voted "Yea" on the passage to engrossment.

### SENATE BILL 153 ON THIRD READING

Senator Huffman moved that Senate Rule 7.18 and the Constitutional Rule requiring bills to be read on three several days be suspended and that **SB 153** be placed on its third reading and final passage.

The motion prevailed by the following vote: Yeas 30, Nays 1.

Nays: Wentworth.

### Reason for Vote

Senator Wentworth submitted the following reason for vote on suspension of the Constitutional Three-day Rule:

I cast a "No" vote on the procedural motion to suspend the Constitutional Rule requiring that bills be read on three several days in order to take up and consider **SB 153**, because in my judgment no circumstance exists in this case to justify the extraordinary act of suspending a requirement of the Texas Constitution.  The suspension of this Constitutional Rule has the direct and immediate effect of denying the people of Texas knowledge and notice of the passage of this measure until it has already been finally passed on third reading.  Were we to have followed the requirement of the Texas Constitution, third reading and a vote on **SB 153** would have occurred on the next legislative day, allowing for Texans to have learned through news reports of our second reading vote exactly what we had tentatively passed. Third reading and a vote on the next legislative day would also have allowed our professional staff an opportunity overnight to make sure any amendments passed on second reading are technically correct.

WENTWORTH

The bill was read third time and was passed by the following vote: Yeas 31, Nays 0.

### COMMITTEE  SUBSTITUTE
### SENATE BILL 597 ON SECOND READING

On motion of Senator Shapiro and by unanimous consent, the regular order of business was suspended to take up for consideration **CSSB 597** at this time on its second reading:

**CSSB 597**, Relating to the guarantee of open-enrollment charter school bonds by the permanent school fund.

The bill was read second time and was passed to engrossment by a viva voce vote.

All Members are deemed to have voted "Yea" on the passage to engrossment.

### COMMITTEE  SUBSTITUTE
### SENATE BILL 597 ON THIRD READING

Senator Shapiro moved that Senate Rule 7.18 and the Constitutional Rule requiring bills to be read on three several days be suspended and that **CSSB 597** be placed on its third reading and final passage.

The motion prevailed by the following vote:  Yeas 30, Nays 1.

Nays:  Wentworth.

### Reason for Vote

Senator Wentworth submitted the following reason for vote on suspension of the Constitutional Three-day Rule:

I cast a "No" vote on the procedural motion to suspend the Constitutional Rule requiring that bills be read on three several days in order to take up and consider **CSSB 597**, because in my judgment no circumstance exists in this case to justify the extraordinary act of suspending a requirement of the Texas Constitution.  The suspension of this Constitutional Rule has the direct and immediate effect of denying the people of Texas knowledge and notice of the passage of this measure until it has already been finally passed on third reading.  Were we to have followed the requirement of the Texas Constitution, third reading and a vote on **CSSB 597** would have occurred on the next legislative day, allowing for Texans to have learned through news reports of our second reading vote exactly what we had tentatively passed. Third reading and a vote on the next legislative day would also have allowed our professional staff an opportunity overnight to make sure any amendments passed on second reading are technically correct.

WENTWORTH

The bill was read third time and was passed by the following vote: Yeas 31, Nays 0.

## MOTION TO PLACE
## SENATE BILL 1308 ON SECOND READING

Senator Seliger moved to suspend the regular order of business to take up for consideration **SB 1308** at this time on its second reading:

**SB 1308**, Relating to the standards for attorneys representing indigent defendants in capital cases.

Senator Seliger withdrew the motion to suspend the regular order of business.

## COMMITTEE  SUBSTITUTE
## SENATE BILL 626 ON SECOND READING

On motion of Senator Carona and by unanimous consent, the regular order of business was suspended to take up for consideration **CSSB 626** at this time on its second reading:

**CSSB 626**, Relating to lottery winnings, including assignment of winnings, periodic payments of winnings, and the deduction of child support delinquency amounts from winnings paid to a prize winner.

The bill was read second time and was passed to engrossment by a viva voce vote.

All Members are deemed to have voted "Yea" on the passage to engrossment.

## COMMITTEE  SUBSTITUTE
## SENATE BILL 626 ON THIRD READING

Senator Carona moved that Senate Rule 7.18 and the Constitutional Rule requiring bills to be read on three several days be suspended and that **CSSB 626** be placed on its third reading and final passage.

The motion prevailed by the following vote: Yeas 30, Nays 1.

Nays:  Wentworth.

### Reason for Vote

Senator Wentworth submitted the following reason for vote on suspension of the Constitutional Three-day Rule:

I cast a "No" vote on the procedural motion to suspend the Constitutional Rule requiring that bills be read on three several days in order to take up and consider **CSSB 626**, because in my judgment no circumstance exists in this case to justify the extraordinary act of suspending a requirement of the Texas Constitution.  The suspension of this Constitutional Rule has the direct and immediate effect of denying the people of Texas knowledge and notice of the passage of this measure until it has already been finally passed on third reading.  Were we to have followed the requirement of the Texas Constitution, third reading and a vote on **CSSB 626** would have occurred on the next legislative day, allowing for Texans to have learned through news reports of our second reading vote exactly what we had tentatively passed.  Third reading and a vote on the next legislative day would also have allowed our professional staff an opportunity overnight to make sure any amendments passed on second reading are technically correct.

WENTWORTH

The bill was read third time and was passed by the following vote: Yeas 31, Nays 0.

### SENATE BILL 1308 ON SECOND READING

Senator Seliger again moved to suspend the regular order of business to take up for consideration **SB 1308** at this time on its second reading:

**SB 1308**, Relating to the standards for attorneys representing indigent defendants in capital cases.

The motion prevailed without objection.

The bill was read second time and was passed to engrossment by a viva voce vote.

All Members are deemed to have voted "Yea" on the passage to engrossment.

### SENATE BILL 1308 ON THIRD READING

Senator Seliger moved that Senate Rule 7.18 and the Constitutional Rule requiring bills to be read on three several days be suspended and that **SB 1308** be placed on its third reading and final passage.

The motion prevailed by the following vote:  Yeas 30, Nays 1.

Nays:  Wentworth.

### Reason for Vote

Senator Wentworth submitted the following reason for vote on suspension of the Constitutional Three-day Rule:

I cast a "No" vote on the procedural motion to suspend the Constitutional Rule requiring bills to be read on three several days in order to take up and consider **SB 1308**, because in my judgment no circumstance exists in this case to justify the

TX_00001219

extraordinary act of suspending a requirement of the Texas Constitution. The suspension of this Constitutional Rule has the direct and immediate effect of denying the people of Texas knowledge and notice of the passage of this measure until it has already been finally passed on third reading. Were we to have followed the requirement of the Texas Constitution, third reading and a vote on **SB 1308** would have occurred on the next legislative day, allowing for Texans to have learned through news reports of our second reading vote exactly what we had tentatively passed. Third reading and a vote on the next legislative day would also have allowed our professional staff an opportunity overnight to make sure any amendments passed on second reading are technically correct.

WENTWORTH

The bill was read third time and was passed by the following vote: Yeas 31, Nays 0.

## NOTICE GIVEN FOR
## LOCAL AND UNCONTESTED CALENDAR

Senator Eltife announced that a Local and Uncontested Calendar had been furnished to each Member of the Senate. He then gave notice that the Local and Uncontested Calendar Session would be held at 8:00 a.m. Thursday, April 7, 2011, and that all bills and resolutions would be considered on second and third reading in the order in which they were listed.

## SENATE RULE 11.10(a) SUSPENDED
## (Public Notice of Committee Meetings)

On motion of Senator Williams and by unanimous consent, Senate Rule 11.10(a) was suspended in order that the Finance Subcommittee on Articles VI and VII might meet today.

## CO-AUTHOR OF SENATE BILL 6

On motion of Senator Shapiro, Senator Van de Putte will be shown as Co-author of **SB 6**.

## CO-AUTHOR OF SENATE BILL 27

On motion of Senator Zaffirini, Senator Davis will be shown as Co-author of **SB 27**.

## CO-AUTHORS OF SENATE BILL 142

On motion of Senator West, Senators Davis and Nelson will be shown as Co-authors of **SB 142**.

## CO-AUTHOR OF SENATE BILL 293

On motion of Senator Watson, Senator Nelson will be shown as Co-author of **SB 293**.

## CO-AUTHOR OF SENATE BILL 469

On motion of Senator Nelson, Senator Harris will be shown as Co-author of **SB 469**.

### CO-AUTHOR OF SENATE BILL 915

On motion of Senator Wentworth, Senator West will be shown as Co-author of **SB 915**.

### CO-AUTHOR OF SENATE BILL 1309

On motion of Senator Hinojosa, Senator Eltife will be shown as Co-author of **SB 1309**.

### CO-AUTHOR OF SENATE BILL 1572

On motion of Senator Watson, Senator Ellis will be shown as Co-author of **SB 1572**.

### CO-AUTHOR OF SENATE BILL 1649

On motion of Senator Watson, Senator Davis will be shown as Co-author of **SB 1649**.

### CO-AUTHOR OF SENATE CONCURRENT RESOLUTION 20

On motion of Senator Fraser, Senator Harris will be shown as Co-author of **SCR 20**.

### CO-AUTHOR OF SENATE CONCURRENT RESOLUTION 36

On motion of Senator Williams, Senator Watson will be shown as Co-author of **SCR 36**.

### RESOLUTIONS OF RECOGNITION

The following resolutions were adopted by the Senate:

#### Congratulatory Resolutions

**SR 703** by Hinojosa, Commending the Veterans Band of Corpus Christi and the Port of Corpus Christi for hosting an event for Vietnam veterans from South Texas.

**SR 711** by Wentworth, Uresti, Van de Putte, and Zaffirini, Recognizing the groups and individuals who make possible Fiesta San Antonio.

**SR 712** by Fraser, Recognizing the Students In Free Enterprise team from Central Texas College in Killeen for winning its 15th consecutive regional championship.

#### Official Designation Resolutions

**SR 702** by Hinojosa, Recognizing the Alice Evening Lions Club's Barbeque Turkey Throwdown Cook-off as a Texas State Barbecue Championship competition.

**SR 705** by Uresti, Recognizing Winkler County Day at the State Capitol.

**SR 706** by Uresti, Celebrating Kinney County Day at the State Capitol.

**SR 708** by Uresti, Proclaiming May 2011 as Community Action Month in the State of Texas.

**SR 709** by Nelson and Uresti, Proclaiming April of 2011 to be Child Abuse Prevention Month in Texas.

**SR 710** by Nelson, Celebrating April 6, 2011, as National Start! Walking Day.

## ADJOURNMENT

On motion of Senator Whitmire, the Senate at 1:05 p.m. adjourned, in memory of Sergio Shearer and Flavia Hernandez, Senator Gallegos' aunt, until 11:00 a.m. tomorrow.

---

## APPENDIX

---

### COMMITTEE REPORTS

The following committee reports were received by the Secretary of the Senate in the order listed:

April 5, 2011

TRANSPORTATION AND HOMELAND SECURITY — **CSSB 565**

NATURAL RESOURCES — **SB 1625**

FINANCE — **CSSB 758**, **SJR 12**, **SJR 16**

ADMINISTRATION — **SB 1338**

STATE AFFAIRS — **SJR 37**, **SB 1545**

CRIMINAL JUSTICE — **CSSB 354**

AGRICULTURE AND RURAL AFFAIRS — **SB 897**, **SB 1044**, **SB 1157**

INTERNATIONAL RELATIONS AND TRADE — **SB 1462**, **SB 1364**

### BILLS ENGROSSED

April 4, 2011

**SB 76**, **SB 385**, **SB 497**, **SB 655**, **SB 871**, **SB 875**, **SB 899**, **SB 990**, **SB 1034**, **SB 1133**, **SB 1150**, **SB 1187**

### RESOLUTIONS ENROLLED

April 4, 2011

**SR 379**, **SR 656**, **SR 685**, **SR 686**, **SR 687**, **SR 688**, **SR 690**, **SR 691**, **SR 692**, **SR 694**, **SR 695**, **SR 697**, **SR 698**, **SR 699**, **SR 700**, **SR 704**

# HOUSE JOURNAL

## EIGHTY-SECOND LEGISLATURE, REGULAR SESSION

### PROCEEDINGS

FIFTY-SECOND DAY — FRIDAY, APRIL 8, 2011

The house met at 9 a.m. and was called to order by the speaker pro tempore.

The roll of the house was called and a quorum was announced present (Record 304).

Present — Mr. Speaker; Aliseda; Alonzo; Alvarado; Anchia; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Burnam; Button; Cain; Callegari; Carter; Castro; Chisum; Coleman; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Dukes; Dutton; Eiland; Eissler; Elkins; Farias; Farrar; Fletcher; Flynn; Gallego; Garza; Giddings; Gonzales, L.; Gonzales, V.; Gonzalez; Gooden; Guillen; Gutierrez; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hernandez Luna; Hilderbran; Hochberg; Hopson; Howard, C.; Howard, D.; Huberty; Hughes; Hunter; Isaac; Jackson; Johnson; Keffer; King, P.; King, S.; King, T.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lozano; Lucio; Lyne; Madden; Margo; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Miller, D.; Miller, S.; Morrison; Muñoz; Murphy; Naishtat; Nash; Oliveira; Orr; Otto; Parker; Patrick; Paxton; Peña; Phillips; Pickett; Pitts; Price; Quintanilla; Raymond; Reynolds; Riddle; Ritter; Rodriguez; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Strama; Taylor, L.; Taylor, V.; Thompson; Torres; Truitt; Turner; Veasey; Villarreal; Vo; Weber; White; Woolley; Workman; Zedler; Zerwas.

Absent, Excused — Allen; Christian; Davis, Y.; Deshotel; Frullo; Geren; Mallory Caraway; Perry; Walle.

Invocations were offered by Ray Hendricks, pastor, Primitive Baptist Church, Austin, and Keith Wright, pastor, Faith Fellowship and Christian Life Center, Harker Heights.

The chair recognized Representative Madden who led the house in the pledges of allegiance to the United States and Texas flags.

### LEAVES OF ABSENCE GRANTED

The following members were granted leaves of absence for today because of important business in the district:

Y. Davis on motion of Alonzo.

Frullo on motion of Ritter.

Geren on motion of Ritter.

Mallory Caraway on motion of Gonzalez.

Perry on motion of Ritter.

Walle on motion of Ritter.

The following member was granted leave of absence for today because of illness:

Deshotel on motion of Ritter.

### REGULAR ORDER OF BUSINESS SUSPENDED

On motion of Representative Madden and by unanimous consent, the reading and referral of bills was postponed until just prior to adjournment.

### CAPITOL PHYSICIAN

The speaker pro tempore recognized Representative L. Gonzales who presented Dr. Lamia Kadir of Austin as the "Doctor for the Day."

The house welcomed Dr. Kadir and thanked her for her participation in the Physician of the Day Program sponsored by the Texas Academy of Family Physicians.

(Ritter in the chair)

### HR 1097 - ADOPTED
### (by D. Miller)

Representative D. Miller moved to suspend all necessary rules to take up and consider at this time **HR 1097**.

The motion prevailed.

The following resolution was laid before the house:

**HR 1097**, Commemorating the 170th anniversary of the French Legation.

**HR 1097** was read and was adopted.

### INTRODUCTION OF GUESTS

The chair recognized Representative D. Miller who introduced Dr. Gayla Lawson, JoAnn Moore, Carolyn Reed, Dr. Patricia Horridge, and Cindy Anderson.

### COMMITTEE GRANTED PERMISSION TO MEET

Representative Hartnett requested permission for the Committee on Criminal Jurisprudence to meet while the house is in session, at 9:30 a.m. today, in 3W.9.

Permission to meet was granted.

### COMMITTEE MEETING ANNOUNCEMENT

The following committee meeting was announced:

Criminal Jurisprudence, 9:30 a.m. today, 3W.9, for a formal meeting, to consider pending business.

## LEAVE OF ABSENCE GRANTED

The following member was granted leave of absence for the remainder of today because of important business in the district:

Smithee on motion of C. Anderson.

## GENERAL STATE CALENDAR
## HOUSE BILLS
## THIRD READING

The following bills were laid before the house and read third time:

### HB 11 ON THIRD READING
### (by Cook, Hilderbran, Kolkhorst, Schwertner, Lozano, et al.)

**HB 11**, A bill to be entitled An Act relating to reports filed with the comptroller regarding certain alcoholic beverage sales; providing a penalty.

## LEAVES OF ABSENCE GRANTED

The following members were granted leaves of absence for the remainder of today because of important business in the district:

Castro on motion of Farrar.

Farias on motion of Alonzo.

### HB 11 - (consideration continued)

**HB 11** was passed by (Record 305): 132 Yeas, 0 Nays, 2 Present, not voting.

Yeas — Aliseda; Alonzo; Alvarado; Anchia; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Branch; Brown; Burkett; Burnam; Button; Cain; Callegari; Carter; Chisum; Coleman; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Dukes; Dutton; Eiland; Eissler; Elkins; Farrar; Fletcher; Flynn; Gallego; Garza; Giddings; Gonzales, L.; Gonzales, V.; Gonzalez; Gooden; Guillen; Gutierrez; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hernandez Luna; Hilderbran; Hochberg; Hopson; Howard, C.; Howard, D.; Huberty; Hughes; Hunter; Isaac; Jackson; Johnson; Keffer; King, P.; King, S.; King, T.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lozano; Lucio; Lyne; Madden; Margo; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Miller, D.; Miller, S.; Morrison; Muñoz; Murphy; Naishtat; Nash; Oliveira; Orr; Otto; Parker; Patrick; Paxton; Phillips; Pickett; Pitts; Price; Quintanilla; Reynolds; Riddle; Rodriguez; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Solomons; Strama; Taylor, L.; Taylor, V.; Thompson; Truitt; Turner; Veasey; Villarreal; Vo; Weber; White; Woolley; Workman; Zedler; Zerwas.

Present, not voting — Mr. Speaker; Ritter(C).

Absent, Excused — Allen; Castro; Christian; Davis, Y.; Deshotel; Farias; Frullo; Geren; Mallory Caraway; Perry; Smithee; Walle.

Absent — Bonnen; Peña; Raymond; Torres.

### STATEMENT OF VOTE

When Record No. 305 was taken, I was in the house but away from my desk. I would have voted yes.

Torres

### HB 175 ON THIRD READING
### (by Jackson, Flynn, Creighton, Hochberg, Pitts, et al.)

**HB 175**, A bill to be entitled An Act relating to the on-premises consumption of certain alcoholic beverages; providing a penalty.

### HB 175 - STATEMENT OF LEGISLATIVE INTENT

REPRESENTATIVE GIDDINGS:  For the record here, you and I have talked about this, Representative Jackson.  Chairman Jackson, I just wanted to be sure there is nothing in here that would alter the distances and so forth that Dallas has for alcohol-related business around schools.

REPRESENTATIVE JACKSON:  Let me read you that section. "CONSUMPTION NEAR CHURCH, SCHOOL OR HOSPITAL. A municipality or a county may enact regulations prohibiting the consumption of alcoholic beverages on the premises of a commercial establishments described in 76.02 near a church, public or private school, or public hospital in the same manner as the municipality or county may prohibit the sale of alcoholic beverages near a church, public school or private school, or public hospital."

GIDDINGS:  So basically, this is giving them more protection?

JACKSON:  Yes, ma'am.  This puts them under the same rules as for the sale of alcohol near churches, schools, and public hospitals.

GIDDINGS:  Yes, thank you very much, Representative Jackson.  Sometimes, we have a word here and there, and somebody takes it and runs away with it, so I just wanted to make that clear.

### REMARKS ORDERED PRINTED

Representative Giddings moved to print remarks between Representative Jackson and Representative Giddings.

The motion prevailed.

**HB 175** was passed by (Record 306): 133 Yeas, 1 Nays, 2 Present, not voting.

Yeas — Aliseda; Alonzo; Alvarado; Anchia; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Burnam; Button; Cain; Callegari; Carter; Chisum; Coleman; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Dukes; Dutton; Eiland; Eissler; Elkins; Farrar; Fletcher; Flynn; Gallego; Garza; Giddings; Gonzales, L.; Gonzales, V.; Gonzalez; Gooden; Gutierrez; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hernandez Luna; Hilderbran; Hochberg; Hopson; Howard, C.; Howard, D.; Huberty; Hughes; Hunter; Isaac; Jackson; Johnson; Keffer; King, P.; King, S.; King, T.; Kleinschmidt; Kolkhorst; Kuempel;

Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lozano; Lucio; Lyne; Madden; Margo; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Miller, D.; Miller, S.; Morrison; Muñoz; Murphy; Naishtat; Nash; Oliveira; Orr; Otto; Parker; Patrick; Paxton; Peña; Phillips; Pickett; Pitts; Price; Quintanilla; Reynolds; Riddle; Rodriguez; Schwertner; Scott; Sheets; Sheffield; Shelton; Smith, T.; Smith, W.; Solomons; Strama; Taylor, L.; Taylor, V.; Thompson; Torres; Truitt; Turner; Veasey; Villarreal; Vo; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Simpson.

Present, not voting — Mr. Speaker; Ritter(C).

Absent, Excused — Allen; Castro; Christian; Davis, Y.; Deshotel; Farias; Frullo; Geren; Mallory Caraway; Perry; Smithee; Walle.

Absent — Guillen; Raymond.

### HB 218 ON THIRD READING
### (by Gallego)

**HB 218**, A bill to be entitled An Act relating to possessing a glass container within the boundaries of certain riverbeds; providing criminal penalties.

**HB 218** was passed by (Record 307): 123 Yeas, 11 Nays, 2 Present, not voting.

Yeas — Aliseda; Alonzo; Alvarado; Anchia; Anderson, R.; Aycock; Beck; Bohac; Bonnen; Branch; Brown; Burkett; Burnam; Button; Cain; Callegari; Carter; Chisum; Coleman; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Dukes; Dutton; Eiland; Eissler; Farrar; Fletcher; Gallego; Garza; Giddings; Gonzales, L.; Gonzales, V.; Gonzalez; Gooden; Guillen; Gutierrez; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hernandez Luna; Hilderbran; Hochberg; Hopson; Howard, C.; Howard, D.; Huberty; Hunter; Isaac; Johnson; Keffer; King, P.; King, S.; King, T.; Kleinschmidt; Kolkhorst; Kuempel; Larson; Lavender; Legler; Lewis; Lozano; Lucio; Lyne; Madden; Margo; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Miller, D.; Morrison; Muñoz; Murphy; Naishtat; Nash; Oliveira; Orr; Otto; Parker; Patrick; Phillips; Pickett; Pitts; Price; Quintanilla; Raymond; Reynolds; Riddle; Rodriguez; Schwertner; Scott; Sheets; Shelton; Simpson; Smith, T.; Smith, W.; Solomons; Strama; Taylor, L.; Taylor, V.; Thompson; Torres; Truitt; Turner; Veasey; Villarreal; Vo; Weber; Woolley; Workman; Zedler; Zerwas.

Nays — Anderson, C.; Berman; Elkins; Flynn; Hughes; Landtroop; Laubenberg; Miller, S.; Paxton; Sheffield; White.

Present, not voting — Mr. Speaker; Ritter(C).

Absent, Excused — Allen; Castro; Christian; Davis, Y.; Deshotel; Farias; Frullo; Geren; Mallory Caraway; Perry; Smithee; Walle.

Absent — Jackson; Peña.

## HB 243 ON THIRD READING
### (by Craddick, Martinez Fischer, Brown, Cook, Menendez, et al.)

**HB 243**, A bill to be entitled An Act relating to the creation of an offense for certain uses of a wireless communication device while operating a motor vehicle.

Representative Craddick moved to postpone consideration of **HB 243** until the end of today's calendar.

The motion prevailed.

## HB 336 ON THIRD READING
### (by Marquez)

**HB 336**, A bill to be entitled An Act relating to the filing and posting on the Internet of reports of political contributions and expenditures required in connection with the office of member of the board of trustees of certain school districts.

**HB 336** was passed by (Record 308): 105 Yeas, 27 Nays, 2 Present, not voting.

Yeas — Aliseda; Alonzo; Alvarado; Anchia; Bonnen; Branch; Burkett; Burnam; Button; Cain; Carter; Chisum; Coleman; Cook; Craddick; Crownover; Davis, J.; Davis, S.; Driver; Dukes; Dutton; Eiland; Eissler; Farrar; Fletcher; Gallego; Garza; Giddings; Gonzales, L.; Gonzales, V.; Gonzalez; Gooden; Guillen; Gutierrez; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hernandez Luna; Hochberg; Hopson; Howard, C.; Howard, D.; Huberty; Hughes; Hunter; Isaac; Johnson; Keffer; King, P.; King, S.; King, T.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Lewis; Lozano; Lucio; Lyne; Margo; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Morrison; Muñoz; Murphy; Naishtat; Nash; Oliveira; Otto; Paxton; Phillips; Pickett; Pitts; Quintanilla; Raymond; Reynolds; Rodriguez; Schwertner; Scott; Sheets; Shelton; Simpson; Smith, T.; Smith, W.; Strama; Taylor, L.; Taylor, V.; Thompson; Torres; Truitt; Veasey; Villarreal; Vo; Woolley; Zedler; Zerwas.

Nays — Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Brown; Callegari; Creighton; Darby; Elkins; Flynn; Hartnett; Hilderbran; Madden; Miller, D.; Miller, S.; Orr; Parker; Patrick; Price; Riddle; Sheffield; Solomons; Weber; White; Workman.

Present, not voting — Mr. Speaker; Ritter(C).

Absent, Excused — Allen; Castro; Christian; Davis, Y.; Deshotel; Farias; Frullo; Geren; Mallory Caraway; Perry; Smithee; Walle.

Absent — Jackson; Legler; Peña; Turner.

## STATEMENTS OF VOTE

I was shown voting no on Record No. 308. I intended to vote yes.

Patrick

I was shown voting yes on Record No. 308. I intended to vote no.

Schwertner

## HB 341 ON THIRD READING
### (by Fletcher)

**HB 341**, A bill to be entitled An Act relating to the prosecution of and the punishment for the offense of burglary committed while evading arrest or detention.

**HB 341** was passed by (Record 309): 134 Yeas, 0 Nays, 2 Present, not voting.

Yeas — Aliseda; Alonzo; Alvarado; Anchia; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Burnam; Button; Cain; Callegari; Carter; Chisum; Coleman; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Dukes; Dutton; Eiland; Eissler; Elkins; Farrar; Fletcher; Flynn; Gallego; Garza; Giddings; Gonzales, L.; Gonzales, V.; Gonzalez; Gooden; Guillen; Gutierrez; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hernandez Luna; Hilderbran; Hochberg; Hopson; Howard, C.; Howard, D.; Huberty; Hughes; Hunter; Isaac; Jackson; Johnson; Keffer; King, P.; King, S.; King, T.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Lewis; Lozano; Lucio; Lyne; Madden; Margo; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Miller, D.; Miller, S.; Morrison; Muñoz; Murphy; Naishtat; Nash; Oliveira; Orr; Otto; Parker; Patrick; Paxton; Phillips; Pickett; Pitts; Price; Quintanilla; Raymond; Reynolds; Riddle; Rodriguez; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Solomons; Strama; Taylor, L.; Taylor, V.; Thompson; Torres; Truitt; Turner; Veasey; Villarreal; Vo; Weber; White; Woolley; Workman; Zedler; Zerwas.

Present, not voting — Mr. Speaker; Ritter(C).

Absent, Excused — Allen; Castro; Christian; Davis, Y.; Deshotel; Farias; Frullo; Geren; Mallory Caraway; Perry; Smithee; Walle.

Absent — Legler; Peña.

### LEAVE OF ABSENCE GRANTED

The following member was granted leave of absence for the remainder of today because of important business in the district:

Legler on motion of Martinez.

## HB 27 ON THIRD READING
### (by Guillen)

**HB 27**, A bill to be entitled An Act relating to the payment of fines and costs by defendants who are unable to pay the fines and costs in misdemeanor cases.

Representative Guillen moved to postpone consideration of **HB 27** until 10 a.m. today.

The motion prevailed.

### HB 125 ON THIRD READING
### (by Legler, Chisum, Callegari, et al.)

**HB 125**, A bill to be entitled An Act relating to the regulatory analysis of rules proposed by the Texas Commission on Environmental Quality.

**HB 125** was passed by (Record 310): 120 Yeas, 13 Nays, 3 Present, not voting.

Yeas — Aliseda; Alonzo; Anchia; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Dukes; Dutton; Eiland; Eissler; Elkins; Farrar; Fletcher; Flynn; Garza; Giddings; Gonzales, L.; Gonzales, V.; Gooden; Guillen; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hernandez Luna; Hilderbran; Hopson; Howard, C.; Howard, D.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; King, T.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Lewis; Lozano; Lucio; Lyne; Madden; Margo; Martinez; McClendon; Menendez; Miles; Miller, D.; Miller, S.; Morrison; Muñoz; Murphy; Nash; Oliveira; Orr; Otto; Parker; Patrick; Paxton; Phillips; Pickett; Pitts; Price; Quintanilla; Raymond; Reynolds; Riddle; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Solomons; Strama; Taylor, L.; Taylor, V.; Thompson; Torres; Truitt; Turner; Vo; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Alvarado; Burnam; Coleman; Gallego; Gutierrez; Hochberg; Johnson; Marquez; Martinez Fischer; Naishtat; Rodriguez; Veasey; Villarreal.

Present, not voting — Mr. Speaker; Gonzalez; Ritter(C).

Absent, Excused — Allen; Castro; Christian; Davis, Y.; Deshotel; Farias; Frullo; Geren; Legler; Mallory Caraway; Perry; Smithee; Walle.

Absent — Peña.

### STATEMENT OF VOTE

I was shown voting yes on Record No. 310. I intended to vote no.

D. Howard

### MAJOR STATE CALENDAR
### HOUSE BILLS
### SECOND READING

The following bills were laid before the house and read second time:

### CSHB 2271 ON SECOND READING
### (by Anchia)

**CSHB 2271**, A bill to be entitled An Act relating to the continuation and functions of the Texas Racing Commission, the abolishment of the Equine Research Account Advisory Committee, and the authority of Texas AgriLife Research; providing an administrative penalty.

Representative Anchia moved to postpone consideration of **CSHB 2271** until after consideration of **CSHB 1808**.

The motion prevailed.

## POSTPONED BUSINESS

The following bills were laid before the house as postponed business:

### CSHB 1808 ON SECOND READING
### (by Cook)

**CSHB 1808**, A bill to be entitled An Act relating to the continuation and functions of the State Soil and Water Conservation Board.

**CSHB 1808** was passed to engrossment.

### CSHB 2271 ON SECOND READING
### (by Anchia)

**CSHB 2271**, A bill to be entitled An Act relating to the continuation and functions of the Texas Racing Commission, the abolishment of the Equine Research Account Advisory Committee, and the authority of Texas AgriLife Research; providing an administrative penalty.

**CSHB 2271** was read second time earlier today and was postponed until this time.

**Amendment No. 1**

Representative Anchia offered the following amendment to **CSHB 2271**:

Floor Packet Page No. 1

Amend **CSHB 2271** (house committee printing) as follows:

(1) on page 6, lines 21 and 22, strike "determined by commission rule" and substitute "reasonably necessary, as provided by commission rule,".

(2) on page 6, line 23, insert "substantive requirements of" between the words "with" and "this"

Amendment No. 1 was adopted.

**Amendment No. 2**

Representative Anchia offered the following amendment to **CSHB 2271**:

Floor Packet Page No. 3

Amend **CSHB 2271** (house committee printing) as follows:

(1) On page 8, between lines 9 and 10, insert the following:

(d) An active license is effective until the license is designated as an inactive license or is surrendered, suspended, or revoked under this Act.

(2) On page 10, between lines 1 and 2, insert the following:

(c) The commission may not revoke an active license unless the commission reasonably determines that other disciplinary actions are inadequate to remedy the violation.

Amendment No. 2 was adopted.

**Amendment No. 3**

Representative Coleman offered the following amendment to **CSHB 2271**:

Floor Packet Page No. 2

Amend **CSHB 2271** (house committee printing) as follows:

(1) On page 7, line 11, strike "6.06(k)" and substitute "6.06"

(2) On page 7, line 12, between "amended" and "to", insert: "by amending Subsection (k) and adding Subsection (k-1)".

(3) On page 7, between lines 21 and 22, insert the following:

(k-1) Notwithstanding Subsection (k) of this section, the ownership and management of an active license that has changed ownership is not subject to review until the third anniversary of the date that the change in ownership becomes final.

(4) On page 9, lines 4-7, strike the following:

:

(1) renewal of the license is not in the best interests of the racing industry or the public; or

(2)

(5) On page 9, between lines 14 and 15, insert the following:

(f) Notwithstanding Subsection (a) of this section, an inactive license that has changed ownership is not subject to renewal until the third anniversary of the date that the change in ownership becomes final.

Representative Anchia moved to table Amendment No. 3.

The motion to table prevailed.

**Amendment No. 4**

Representative Hartnett offered the following amendment to **CSHB 2271**:

Floor Packet Page No. 15

Amend **CSHB 2271** on page 7 by striking lines 11 and 12 and substituting the following:

SECTION 9. Section 6.06, Texas Racing Act (Article 179e, Vernon's Texas Civil Statutes), is amended by adding Subsection (d-1) and amending Subsection (k) to read as follows:

(d-1) For the purposes of Subsection (d) of this section, the commission shall presume subterfuge by the racetrack license holder in the original issuance of an inactive license if the racetrack license holder has not begun the conduct of live racing at the racetrack before the third anniversary of the date of the original license issuance.

## LEAVE OF ABSENCE GRANTED

The following member was granted leave of absence for the remainder of today because of illness:

Bohac on motion of Madden.

## HB 3841 - PERMISSION TO INTRODUCE

Representative Martinez requested permission to introduce and have placed on first reading **HB 3841**.

Permission to introduce was granted by (Record 311): 130 Yeas, 1 Nays, 2 Present, not voting.

Yeas — Aliseda; Alonzo; Alvarado; Anchia; Anderson, R.; Aycock; Beck; Berman; Bonnen; Branch; Brown; Burkett; Burnam; Button; Cain; Callegari; Carter; Chisum; Coleman; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Dukes; Dutton; Eiland; Eissler; Elkins; Farrar; Fletcher; Flynn; Gallego; Garza; Giddings; Gonzales, L.; Gonzales, V.; Gooden; Guillen; Gutierrez; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hernandez Luna; Hilderbran; Hochberg; Hopson; Howard, C.; Howard, D.; Huberty; Hughes; Hunter; Isaac; Jackson; Johnson; Keffer; King, P.; King, S.; King, T.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Lewis; Lozano; Lucio; Lyne; Margo; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Miller, D.; Miller, S.; Morrison; Muñoz; Murphy; Naishtat; Nash; Oliveira; Orr; Otto; Parker; Patrick; Peña; Phillips; Pickett; Pitts; Price; Quintanilla; Raymond; Reynolds; Riddle; Rodriguez; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Solomons; Strama; Taylor, L.; Taylor, V.; Thompson; Torres; Truitt; Turner; Veasey; Villarreal; Vo; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Anderson, C.

Present, not voting — Mr. Speaker; Ritter(C).

Absent, Excused — Allen; Bohac; Castro; Christian; Davis, Y.; Deshotel; Farias; Frullo; Geren; Legler; Mallory Caraway; Perry; Smithee; Walle.

Absent — Gonzalez; Madden; Paxton.

## MAJOR STATE CALENDAR
### (consideration continued)

### CSHB 2271 - (consideration continued)

Representative Anchia moved to table Amendment No. 4.

The vote of the house was taken on the motion to table Amendment No. 4 and the vote was announced yeas 64, nays 68.

A verification of the vote was requested and was granted.

The roll of those voting yea and nay was again called and the verified vote resulted, as follows (Record 312): 66 Yeas, 62 Nays, 2 Present, not voting.

Yeas — Aliseda; Alonzo; Alvarado; Anchia; Bonnen; Branch; Brown; Burnam; Chisum; Coleman; Cook; Darby; Davis, S.; Driver; Dukes; Dutton; Eiland; Eissler; Farrar; Gallego; Garza; Gonzales, V.; Gonzalez; Gooden; Guillen; Gutierrez; Hamilton; Hernandez Luna; Hilderbran; Hochberg; Howard, D.; Hunter; Johnson; Keffer; King, S.; King, T.; Kleinschmidt; Kuempel; Larson; Lozano; Margo; Marquez; Martinez; McClendon; Menendez; Miles; Miller, D.;

Muñoz; Murphy; Naishtat; Otto; Pickett; Pitts; Price; Quintanilla; Raymond; Reynolds; Riddle; Rodriguez; Scott; Simpson; Smith, W.; Strama; Villarreal; Vo; Woolley.

Nays — Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Burkett; Button; Cain; Carter; Craddick; Creighton; Crownover; Davis, J.; Elkins; Fletcher; Flynn; Giddings; Gonzales, L.; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hopson; Howard, C.; Huberty; Hughes; Isaac; Jackson; King, P.; Kolkhorst; Landtroop; Laubenberg; Lavender; Lewis; Madden; Martinez Fischer; Miller, S.; Morrison; Nash; Orr; Parker; Patrick; Paxton; Phillips; Schwertner; Sheets; Sheffield; Shelton; Smith, T.; Solomons; Taylor, L.; Taylor, V.; Thompson; Truitt; Turner; Veasey; Weber; White; Workman; Zedler; Zerwas.

Present, not voting — Mr. Speaker; Ritter(C).

Absent, Excused — Allen; Bohac; Castro; Christian; Davis, Y.; Deshotel; Farias; Frullo; Geren; Legler; Mallory Caraway; Perry; Smithee; Walle.

Absent — Callegari; Lucio; Lyne; Oliveira; Peña; Torres.

The chair stated that the motion to table Amendment No. 4 prevailed by the above vote.

### LEAVES OF ABSENCE GRANTED

The following member was granted leave of absence for the remainder of today because of important business:

Peña on motion of Guillen.

The following member was granted leave of absence for the remainder of today because of illness:

Oliveira on motion of Lozano.

The following members were granted leaves of absence for the remainder of today because of important business in the district:

Callegari on motion of S. Miller.

Lyne on motion of Hardcastle.

### CSHB 2271 - (consideration continued)

**Amendment No. 5**

Representative Hartnett offered the following amendment to **CSHB 2271**:

Floor Packet Page No. 4

Amend **CSHB 2271** (house committee printing) on page 8 by striking lines 3-6 and substituting the following:
active license if the license holder has held a live racing event at the racetrack within the three years preceding the designation.
(c)  The commission shall designate a racetrack license as an inactive license if the license holder has not held a live racing event at the racetrack in more than three years.

(d)  Not later than the 30th day after the third anniversary of the date a new racetrack

Amendment No. 5 was withdrawn.

### LEAVE OF ABSENCE GRANTED

The following member was granted leave of absence for the remainder of today because of important business in the district:

Lucio on motion of Hernandez Luna.

### CSHB 2271 - (consideration continued)

## Amendment No. 6

Representative Coleman offered the following amendment to **CSHB 2271**:

Floor Packet Page No. 5

Amend **CSHB 2271** (house committee printing) as follows:

(1)  On page 9, between lines 14 and 15, insert the following:

(f)  Notwithstanding Subsection (a) of this section, an inactive license that has changed ownership is not subject to renewal until the fourth anniversary of that date the change in ownership becomes final.

Amendment No. 6 was withdrawn.

## Amendment No. 7

Representative Miles offered the following amendment to **CSHB 2271**:

Floor Packet Page No. 6

Amend **CSHB 2271** (house committee printing) by adding the following appropriately numbered SECTION to the bill and renumbering the remaining SECTIONS of the bill accordingly:

SECTION ____.  Article 3, Texas Racing Act (Article 179e, Vernon's Texas Civil Statutes), is amended by adding Section 3.23 to read as follows:

Sec. 3.23.  HISTORICALLY  UNDERUTILIZED  BUSINESSES. (a) The commission by rule shall establish a policy to require racetrack license holders to contract with vendors that are historically underutilized businesses under Chapter 2161, Government Code. To the extent practical, the policy must comply with that chapter.

(b)  Acceptance  of  a  racetrack  license  under  this  Act  constitutes  an agreement by the racetrack license holder to contract with vendors in accordance with the policy established under Subsection (a) of this section.

Amendment No. 7 was withdrawn.

## Amendment No. 8

Representative  Martinez  Fischer  offered  the  following  amendment  to **CSHB 2271**:

Floor Packet Page No. 7

Amend **CSHB 2271** (house committee printing) by adding the following appropriately numbered SECTION to the bill and renumbering the remaining SECTIONS of the bill accordingly:

SECTION ____. Article 6, Texas Racing Act (Article 179e, Vernon's Texas Civil Statutes), is amended by adding Section 6.011 to read as follows:

Sec. 6.011. LOCAL OPTION ELECTION FOR NEW RACETRACK LICENSE. (a) Notwithstanding any other provision of this Act, the commission may not issue an original racetrack license under this Act after September 1, 2011, unless the issuance of the racetrack license is approved at a local option election in the political subdivision in which the racetrack will be located.

(b) A racetrack license subject to this section is approved at a local option election if 60 percent or more of the qualified voters voting in the election approve issuance of the license.

(c) To the extent practicable, an election under this section shall be conducted in the manner provided by Chapter 501, Election Code, for a local option election on the sale of alcoholic beverages, except that the governing body of the political subdivision shall order the election on written notice from the commission that the commission is considering an application for a license for a racetrack in the political subdivision.

(d) The commission shall adopt rules to implement this section.

Amendment No. 8 was withdrawn.

**Amendment No. 9**

Representative Martinez Fischer offered the following amendment to **CSHB 2271**:

Floor Packet Page No. 11

Amend **CSHB 2271** (house committee printing) by adding the following appropriately numbered SECTION to the bill and renumbering the remaining SECTIONS of the bill accordingly:

SECTION ____. Section 6.093, Texas Racing Act (Article 179e, Vernon's Texas Civil Statutes), is amended by adding Subsection (c) to read as follows:

(c) Notwithstanding any other provision of this Act, the portion of a pari-mutuel pool set aside for the state under this section may not include any money retained from outstanding tickets that are not awarded.

**Amendment No. 10**

Representative Isaac offered the following amendment to Amendment No. 9:

Amend Amendment No. 9 by Martinez Fischer to **CSHB 2271** by adding the following appropriately numbered item to the amendment:

(____) Add the following section to the bill, numbered appropriately:

SECTION ____. Notwithstanding any provision of another Act of the 82nd Legislature, Regular Session, 2011, including **HB 1** or any other general appropriations bill that is enacted and becomes law, and notwithstanding the

relative effective dates of this Act and any other Act of the 82nd Legislature, Regular Session, that appropriates money to the Texas Racing Commission for the state fiscal biennium beginning September 1, 2012, the Texas Racing Commission is not appropriated any general revenue for the state fiscal biennium beginning September 1, 2012.

## Amendment No. 10 - Point of Order

Representative Anchia raised a point of order against further consideration of Amendment No. 10 under Rule 11, Section 2 of the House Rules on the grounds that the amendment is not germane to the bill.

The chair sustained the point of order.

The ruling precluded further consideration of Amendment No. 10.

Amendment No. 9 was withdrawn.

## Amendment No. 11

Representative Hamilton offered the following amendment to **CSHB 2271**:

Floor Packet Page No. 13

Amend **CSHB 2271** (house committee printing) by adding the following appropriately numbered SECTION to the bill and renumbering the remaining SECTIONS of the bill accordingly:

SECTION ____. Section 6.04, Texas Racing Act (Article 179e, Vernon's Texas Civil Statutes), is amended by adding Subsection (a-1) to read as follows:

(a-1) The commission shall issue a racetrack license to a qualified person not later than the 180th day after the date the background check of the applicant is complete under Section 6.031 of this Act.

## Amendment No. 12

Representative Hamilton offered the following amendment to Amendment No. 11:

Amend Amendment No. 11 by Hamilton to **CSHB 2271** (page 13 of the prefiled amendments packet) on page 1 of the amendment by striking lines 7-10 and substituting the following:

(a-1) The commission shall make a determination with respect to a pending application not later than the 120th day after the date on which all of the requirements of licensure for the applicant described in this article have been satisfied.

Amendment No. 12 was adopted.

Amendment No. 11, as amended, was adopted.

## Amendment No. 13

Representative Hartnett offered the following amendment to **CSHB 2271**:

Floor Packet Page No. 14

Amend **CSHB 2271** (house committee printing) by adding the following appropriately numbered SECTION to the bill and renumbering the remaining SECTIONS of the bill accordingly:

SECTION ____. Section 6.06, Texas Racing Act (Article 179e, Vernon's Texas Civil Statutes), is amended by adding Subsection (l) to read as follows:

(l) The commission shall revoke or suspend a racetrack license if, after notice and hearing, it has reasonable grounds to believe and finds that the license holder has not conducted any live or simulcast greyhound or horse racing during the four years preceding the consideration by the commission to revoke or suspend the license.

**Amendment No. 14**

Representative Hartnett offered the following amendment to Amendment No. 13:

Amend Amendment No. 13 by Hartnett to **CSHB 2271** (page 14 of the prefiled amendments packet) as follows:

(1) On page 1, lines 5-6, strike "Subsection (l)" and substitute "Subsections (l) and (m)".

(2) On page 1, line 10, strike "or simulcast".

(3) On page 1, line 10, strike "four" and substitute "three".

(4) On page 1, after line 12, insert the following:

(m) The three year period under Subsection (l) of this section begins on the later of September 1, 2011, or the date a new racetrack license is issued under this Act.

Amendment No. 14 was withdrawn.

Amendment No. 13 was withdrawn.

**Amendment No. 15**

Representative Hartnett offered the following amendment to **CSHB 2271**:

Floor Packet Page No. 16

Amend **CSHB 2271** (house committee printing) by adding the following appropriately numbered SECTION to the bill and renumbering the remaining SECTIONS of the bill accordingly:

SECTION ____. Section 6.14, Texas Racing Act (Article 179e, Vernon's Texas Civil Statutes), is amended by adding Subsection (e) to read as follows:

(e) The commission may not amend a racetrack license to change the location of a racetrack to a location that is more than 60 miles from the location for which the license was originally issued.

Representative Hamilton moved to table Amendment No. 15.

The motion to table prevailed by (Record 313): 74 Yeas, 53 Nays, 2 Present, not voting.

Yeas — Aliseda; Alonzo; Alvarado; Anderson, R.; Beck; Bonnen; Burkett; Burnam; Coleman; Cook; Crownover; Darby; Davis, S.; Driver; Dukes; Dutton; Eiland; Eissler; Farrar; Gallego; Garza; Gonzales, L.; Gonzales, V.; Gonzalez; Gooden; Gutierrez; Hamilton; Hardcastle; Harper-Brown; Hernandez Luna; Hochberg; Hopson; Howard, D.; Huberty; Hunter; Johnson; King, S.; King, T.; Kleinschmidt; Kolkhorst; Kuempel; Larson; Lozano; Margo; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Miller, D.; Miller, S.; Muñoz; Naishtat; Nash; Orr; Otto; Pickett; Pitts; Quintanilla; Reynolds; Riddle; Ritter(C); Rodriguez; Schwertner; Scott; Smith, W.; Strama; Taylor, L.; Veasey; Villarreal; Vo; Woolley; Zerwas.

Nays — Anderson, C.; Aycock; Berman; Branch; Brown; Button; Cain; Carter; Chisum; Craddick; Creighton; Davis, J.; Elkins; Fletcher; Flynn; Giddings; Guillen; Hancock; Harless; Hartnett; Hilderbran; Howard, C.; Hughes; Isaac; Jackson; Keffer; King, P.; Landtroop; Laubenberg; Lavender; Lewis; Madden; Murphy; Parker; Patrick; Paxton; Phillips; Price; Raymond; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Solomons; Taylor, V.; Thompson; Truitt; Turner; Weber; White; Workman; Zedler.

Present, not voting — Mr. Speaker; Anchia.

Absent, Excused — Allen; Bohac; Callegari; Castro; Christian; Davis, Y.; Deshotel; Farias; Frullo; Geren; Legler; Lucio; Lyne; Mallory Caraway; Oliveira; Peña; Perry; Smithee; Walle.

Absent — Morrison; Torres.

### STATEMENTS OF VOTE

I was shown voting no on Record No. 313. I intended to vote yes.

Branch

I was shown voting no on Record No. 313. I intended to vote yes.

Hilderbran

When Record No. 313 was taken, I was in the house but away from my desk. I would have voted no.

Torres

**Amendment No. 16**

Representative Martinez Fischer offered the following amendment to **CSHB 2271**:

Floor Packet Page No. 20

Amend **CSHB 2271** (house committee printing) by adding the following appropriately numbered SECTION to the bill and renumbering the remaining SECTIONS of the bill accordingly:

SECTION ____. (a) The Texas Racing Commission shall conduct a study on the importance, necessity, and effectiveness of expanding the types of gaming offered at horse and greyhound racetracks in this state and at other locations throughout this state. The study must address:

(1)  economic benefits;

(2)  the effect expanding the types of gaming would have on local areas;

(3)  gambling addiction in other states that have authorized expanded gaming; and

(4)  the economic impact on states that have expanded the types of gaming offered in those states.

(b)  Not later than December 1, 2011, the Texas Racing Commission shall:

(1)  prepare a report on the study conducted under Subsection (a) of this section, which must be signed and ratified by five of the appointed members of the commission; and

(2)  file a copy of the report with the speaker of the house of representatives, the lieutenant governor, and the governor.

(c)  Notwithstanding any other law enacted by the 82nd Legislature to expand gaming in this state, the Texas Racing Commission or any other state agency may not take actions to expand gaming in this state before January 1, 2012.

Amendment No. 16 was withdrawn.

**Amendment No. 17**

Representative Gutierrez offered the following amendment to **CSHB 2271**:

Floor Packet Page No. 21

Amend **CSHB 2271** (house committee printing) by adding the following appropriately numbered SECTION to the bill and renumbering the remaining SECTIONS of the bill accordingly:

SECTION ____.  (a)  The Texas Racing Commission shall establish a panel to conduct a comprehensive and objective study to determine the economic impact of authorizing gaming at horse and greyhound racetracks in this state other than pari-mutuel wagering on horse and greyhound races.

(b)  The panel established by the Texas Racing Commission under Subsection (a) of this section is composed of 16 members as follows:

(1)  the chair of the Texas Conservative Coalition;

(2)  the chair of the Texas Legislative Study Group;

(3)  the chair of the Republican Caucus of the house of representatives;

(4)  the chair of the Democratic Caucus of the house of representatives;

(5)  the chair of the House Committee on Licensing and Administrative Procedures;

(6)  the executive director of the Texas Racing Commission;

(7)  five senators appointed by the lieutenant governor; and

(8)  five members appointed by the governor, two of which must represent the faith-based community.

(c)  Not later than December 15, 2012, the panel established under this section shall prepare a report on the study conducted under this section, including the panel's findings, and provide a copy of the report to each member of the legislature.

## Amendment No. 18

Representative Martinez Fischer offered the following amendment to Amendment No. 17:

Amend Amendment No. 17 by Gutierrez to **CSHB 2271** (page 21 of the prefiled amendments packet) on page 1, line 8, following the period, by adding the following:

The study must address:

(1)  the effect that expanding the types of gaming would have on local areas;

(2)  gambling addiction in other states that have authorized expanded gaming; and

(3)  the economic impact on states that have expanded the types of gaming offered in those states.

Amendment No. 18 was adopted.

## Amendment No. 19

Representative Zedler offered the following amendment to Amendment No. 17:

Amend Amendment No. 17 by Gutierrez to **CSHB 2271** (page 21 of the prefiled amendments packet) as follows:

(1)  On page 1, line 5, strike "panel" and substitute "board".

(2)  On page 1, line 6, strike "gaming" and substitute "gambling".

(3)  On page 1, line 9, strike "panel" and substitute "board".

(4)  On page 1, line 10, strike "16" and substitute "17".

(5)  On page 1, strike lines 24-29, and substitute the following:

(8)  six members appointed by the governor, two of whom must represent the faith-based community and one of whom must represent the public.

(c)  The members of the board established under this section shall elect a presiding officer from among the membership. The presiding officer shall coordinate the activities of the board.

(d)  The study required by Subsection (a) of this section at a minimum must include an examination of:

(1)  the positive economic impact of legalized gambling in this state;

(2)  the negative economic impact of legalized gambling in this state;

(3)  the likely fiscal impact of legalized gambling in this state on the provision of social and criminal justice services in:

(A)  this state;

(B)  counties in this state; and

(C)  municipalities in this state; and

(4)  the economic, business, and state budgetary climate of each state that has authorized at least the same level of gambling studied by the board.

(e)  Not later than December 15, 2012, the board established under this section shall prepare a report on the study conducted under this section, including the board's findings, and provide a copy of the report to each member of the legislature and to the Legislative Reference Library.

Case 2:13-cv-00193 Document 725-18 Filed on 11/17/14 in TXSD Page 83 of 1...

1620                82nd LEGISLATURE — REGULAR SESSION

(f) The board established under this section is subject to Chapter 551, Government Code.

### LEAVE OF ABSENCE GRANTED

The following member was granted leave of absence for the remainder of today because of important business in the district:

Huberty on motion of Cook.

### CSHB 2271 - (consideration continued)

Amendment No. 19 was adopted.

**Amendment No. 20**

Representative Phillips offered the following amendment to Amendment No. 17:

Amend Amendment No. 17 by Gutierrez to **CSHB 2271** (page 21 of the prefiled amendment packet) on page 1, by striking lines 12 through 19, and substituting the following:

    (1) the chair of the House Licensing and Administration Committee;

    (2) the chair of the House Culture, Recreation, and Tourism Committee;

    (3) the chair of the House State Affairs Committee;

    (4) the chair of the House Agriculture and Livestock Committee;

    (5) the chair of the House Public Health Committee;

Amendment No. 20 was adopted.

**Amendment No. 21**

Representative Lozano offered the following amendment to Amendment No. 17:

Amend Amendment No. 17 by Gutierrez to **CSHB 2271** (page 21 of the prefiled amendments packet) as follows:

(1) On page 1, line 10, strike "16" and substitute "21".

(2) On page 1, line 23, strike "and".

(3) On page 1, between lines 23-24, insert the following:

    (8) five members of the House of Representatives appointed by the Speaker of the House of Representatives; and

(4) On page 1, line 24, strike "(8)" and substitute "(9)".

Amendment No. 21 was adopted.

Amendment No. 17, as amended, failed of adoption by (Record 314): 4 Yeas, 119 Nays, 2 Present, not voting.

Yeas — Anderson, C.; Burnam; Gutierrez; Raymond.

Nays — Aliseda; Alonzo; Alvarado; Anchia; Anderson, R.; Aycock; Beck; Berman; Bonnen; Branch; Brown; Burkett; Button; Cain; Carter; Chisum; Coleman; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Dukes; Dutton; Eiland; Eissler; Elkins; Farrar; Fletcher; Flynn; Garza;

Giddings; Gonzales, L.; Gonzales, V.; Gonzalez; Gooden; Guillen; Hamilton; Hancock; Harless; Harper-Brown; Hartnett; Hernandez Luna; Hilderbran; Hopson; Howard, C.; Howard, D.; Hughes; Hunter; Isaac; Jackson; Johnson; Keffer; King, P.; King, S.; King, T.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Lewis; Lozano; Madden; Margo; Marquez; Martinez Fischer; McClendon; Menendez; Miles; Miller, D.; Miller, S.; Morrison; Muñoz; Murphy; Naishtat; Nash; Orr; Otto; Parker; Patrick; Paxton; Phillips; Pickett; Pitts; Price; Quintanilla; Reynolds; Riddle; Rodriguez; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Solomons; Strama; Taylor, L.; Taylor, V.; Torres; Truitt; Turner; Veasey; Villarreal; Vo; Weber; White; Woolley; Workman; Zedler; Zerwas.

Present, not voting — Mr. Speaker; Ritter(C).

Absent, Excused — Allen; Bohac; Callegari; Castro; Christian; Davis, Y.; Deshotel; Farias; Frullo; Geren; Huberty; Legler; Lucio; Lyne; Mallory Caraway; Oliveira; Peña; Perry; Smithee; Walle.

Absent — Gallego; Hardcastle; Hochberg; Martinez; Thompson.

### STATEMENT OF VOTE

When Record No. 314 was taken, I was in the house but away from my desk. I would have voted no.

Gallego

### Amendment No. 22

Representative Coleman offered the following amendment to **CSHB 2271**:

Floor Packet Page No. 5

Amend **CSHB 2271** (house committee printing) as follows:

(1)  On page 9, between lines 14 and 15, insert the following:

(f)  Notwithstanding Subsection (a) of this section, an inactive license that has changed ownership is not subject to renewal until the fourth anniversary of that date the change in ownership becomes final.

### Amendment No. 23

Representative Coleman offered the following amendment to Amendment No. 22:

Amend Amendment No. 22 by Coleman to **CSHB 2271** (page 5 of the prefiled amendments packet) by striking the text of the amendment and substituting the following:

(1)  On page 9, between lines 14 and 15, insert the following:

(f)  The commission by rule shall establish criteria to make the determinations under Subsections (c)(1) and (2).

(g)  Notwithstanding any other provision of this section, any change in ownership during renewal of an inactive license or during the process to refuse renewal under this section has no effect on the renewal process timeline.

(2)  On page 17, between lines 4 and 5, insert the following:

(c) Notwithstanding Section 6.0602, Texas Racing Act (Article 179e, Vernon's Texas Civil Statutes), as added by this Act, the Texas Racing Commission may not refuse to renew an inactive racetrack license under that section before September 1, 2014.

(3) Reletter the subsequent subsections of SECTION 27 of the bill accordingly.

Amendment No. 23 was withdrawn.

Amendment No. 22 was withdrawn.

**Amendment No. 24**

Representative Miles offered the following amendment to **CSHB 2271**:

Floor Packet Page No. 6

Amend **CSHB 2271** (house committee printing) by adding the following appropriately numbered SECTION to the bill and renumbering the remaining SECTIONS of the bill accordingly:

SECTION ____.   Article 3, Texas Racing Act (Article 179e, Vernon's Texas Civil Statutes), is amended by adding Section 3.23 to read as follows:

Sec. 3.23. HISTORICALLY UNDERUTILIZED BUSINESSES. (a) The commission by rule shall establish a policy to require racetrack license holders to contract with vendors that are historically underutilized businesses under Chapter 2161, Government Code. To the extent practical, the policy must comply with that chapter.

(b) Acceptance of a racetrack license under this Act constitutes an agreement by the racetrack license holder to contract with vendors in accordance with the policy established under Subsection (a) of this section.

**Amendment No. 25**

Representative Miles offered the following amendment to Amendment No. 24:

Amend Amendment No. 24 by Miles to **CSHB 2271** (House Committee Printing) by striking lines 7 through 15 and substituting the following:

Sec. 3.23. HISTORICALLY UNDERUTILIZED BUSINESSES.   In issuing and renewing a racetrack license, the commission shall:

(1) encourage broad base participation in employment and contracting opportunities;

(2) encourage the development and implementation of a good faith plan for participation of historically underutilized businesses under Chapter 2161, Government Code; and

(3) monitor and document the commission's actions and efforts under Subdivisions (1) and (2) of this section.

## LEAVE OF ABSENCE GRANTED

The following member was granted leave of absence for the remainder of today because of important business in the district:

Woolley on motion of Kleinschmidt.

TX_00001253

## CSHB 2271 - (consideration continued)

Amendment No. 25 was adopted.

Amendment No. 24, as amended, failed of adoption by (Record 315): 41 Yeas, 81 Nays, 2 Present, not voting.

Yeas — Aliseda; Alonzo; Alvarado; Anchia; Anderson, R.; Burnam; Coleman; Dukes; Dutton; Eiland; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo.

Nays — Anderson, C.; Aycock; Beck; Berman; Branch; Brown; Burkett; Button; Cain; Carter; Chisum; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Eissler; Elkins; Fletcher; Flynn; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hopson; Howard, C.; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Lewis; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Phillips; Pitts; Price; Riddle; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; White; Workman; Zedler; Zerwas.

Present, not voting — Mr. Speaker; Ritter(C).

Absent, Excused — Allen; Bohac; Callegari; Castro; Christian; Davis, Y.; Deshotel; Farias; Frullo; Geren; Huberty; Legler; Lucio; Lyne; Mallory Caraway; Oliveira; Peña; Perry; Smithee; Walle; Woolley.

Absent — Bonnen; Driver; Garza; Hernandez Luna; Hilderbran.

### STATEMENTS OF VOTE

When Record No. 315 was taken, my vote failed to register. I would have voted no.

Bonnen

When Record No. 315 was taken, my vote failed to register. I would have voted no.

Hilderbran

## Amendment No. 26

Representative Hartnett offered the following amendment to **CSHB 2271**:

Floor Packet Page No. 14

Amend **CSHB 2271** (house committee printing) by adding the following appropriately numbered SECTION to the bill and renumbering the remaining SECTIONS of the bill accordingly:

SECTION ____. Section 6.06, Texas Racing Act (Article 179e, Vernon's Texas Civil Statutes), is amended by adding Subsection (l) to read as follows:

(l)  The commission shall revoke or suspend a racetrack license if, after notice and hearing, it has reasonable grounds to believe and finds that the license holder has not conducted any live or simulcast greyhound or horse racing during the four years preceding the consideration by the commission to revoke or suspend the license.

**Amendment No. 27**

Representative Hartnett offered the following amendment to Amendment No. 26:

Amend Amendment No. 26 by Hartnett to **CSHB 2271** (page 14 of the prefiled amendments packet) as follows:

(1)  On page 1, lines 5-6, strike "Subsection (l)" and substitute "Subsections (l) and (m)".

(2)  On page 1, line 7, strike "a racetrack" and substitute "an inactive".

(3)  On page 1, line 10, strike "or simulcast".

(4)  On page 1, line 10, strike "four" and substitute "three".

(5)  On page 1, after line 12, insert the following:

(m)  The three year period under Subsection (l) of this section begins on the later of September 1, 2011, or the date a new racetrack license is issued under this Act.

Amendment No. 27 was adopted.

### LEAVES OF ABSENCE GRANTED

The following members were granted leaves of absence for the remainder of today because of important business in the district:

Giddings on motion of Raymond.

Turner on motion of Raymond.

### CSHB 2271 - (consideration continued)

Amendment No. 26, as amended, was adopted by (Record 316): 88 Yeas, 35 Nays, 2 Present, not voting.

Yeas — Aliseda; Alvarado; Anchia; Anderson, C.; Anderson, R.; Berman; Bonnen; Branch; Brown; Burkett; Button; Cain; Carter; Chisum; Cook; Craddick; Creighton; Crownover; Davis, J.; Driver; Eissler; Elkins; Fletcher; Flynn; Gonzales, L.; Gonzalez; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hochberg; Hopson; Howard, C.; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Lewis; Madden; Margo; Menendez; Miller, D.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Phillips; Pickett; Pitts; Price; Schwertner; Scott; Sheets; Sheffield; Shelton; Smith, T.; Smith, W.; Solomons; Strama; Taylor, L.; Taylor, V.; Thompson; Torres; Truitt; Veasey; Vo; Weber; White; Workman; Zedler; Zerwas.

Nays — Alonzo; Aycock; Beck; Burnam; Coleman; Darby; Davis, S.; Dukes; Dutton; Eiland; Farrar; Gallego; Gonzales, V.; Gooden; Guillen; Gutierrez; Howard, D.; Johnson; King, T.; Lozano; Marquez; Martinez; Martinez Fischer; McClendon; Miles; Miller, S.; Muñoz; Naishtat; Quintanilla; Raymond; Reynolds; Riddle; Rodriguez; Simpson; Villarreal.

Present, not voting — Mr. Speaker; Ritter(C).

Absent, Excused — Allen; Bohac; Callegari; Castro; Christian; Davis, Y.; Deshotel; Farias; Frullo; Geren; Giddings; Huberty; Legler; Lucio; Lyne; Mallory Caraway; Oliveira; Peña; Perry; Smithee; Turner; Walle; Woolley.

Absent — Garza; Hernandez Luna.

### STATEMENTS OF VOTE

I was shown voting yes on Record No. 316. I intended to vote no.

Alvarado

I was shown voting yes on Record No. 316. I intended to vote no.

Gonzalez

I was shown voting yes on Record No. 316. I intended to vote no.

Vo

**Amendment No. 28**

Representative Coleman offered the following amendment to **CSHB 2271**:

Floor Packet Page No. 5

Amend **CSHB 2271** (house committee printing) as follows:

(1) On page 9, between lines 14 and 15, insert the following:

(f)  Notwithstanding Subsection (a) of this section, an inactive license that has changed ownership is not subject to renewal until the fourth anniversary of that date the change in ownership becomes final.

**Amendment No. 29**

Representative Coleman offered the following amendment to Amendment No. 28:

Amend Amendment No. 28 by Coleman to **CSHB 2271** (page 5 of the prefiled amendments packet) by striking the text of the amendment and substituting the following:

(1) On page 9, between lines 14 and 15, insert the following:

(f)  The commission by rule shall establish criteria to make the determinations under Subsections (c)(1) and (2).

Amendment No. 29 was adopted.

Amendment No. 28, as amended, was adopted.

ase 2:13-cv-00193   Document 725-18   Filed on 11/17/14 in TXSD   Page 89 of 1?

1626                 82nd LEGISLATURE — REGULAR SESSION

### CSHB 2271 - STATEMENT OF LEGISLATIVE INTENT

REPRESENTATIVE ISAAC:  Representative Anchia, is it your understanding that the Texas Racing Commission will not receive funding from general revenue?

REPRESENTATIVE ANCHIA: That is correct.  After this bill, we expect it to be completely self-levelling.

ISAAC: Great.  Thank you.

### REMARKS ORDERED PRINTED

Representative Isaac moved to print remarks by Representative Anchia and Representative Isaac.

The motion prevailed.

**CSHB 2271**, as amended, was passed to engrossment. (Berman, Creighton, Flynn, Lavender, Simpson, and White recorded voting no.)

### REASON FOR VOTE

I am opposed to the state's facilitation of sponsoring or involvement in gambling.

Simpson

### POSTPONED BUSINESS

The following bills were laid before the house as postponed business:

### HB 27 ON THIRD READING
### (by Guillen)

**HB 27**, A bill to be entitled An Act relating to the payment of fines and costs by defendants who are unable to pay the fines and costs in misdemeanor cases.

**HB 27** was read third time earlier today and was postponed until this time.

**Amendment No. 1**

Representative Alonzo offered the following amendment to **HB 27**:

Amend **HB 27** on third reading as follows:

(1) In SECTION 2 of the bill, strike added Article 42.15(c), Code of Criminal Procedure, and substitute the following:

(c)  When imposing a fine and costs in a misdemeanor case, if the court determines that the defendant is unable to immediately pay the fine and costs, the court shall allow the defendant to pay the fine and costs in specified portions at designated intervals.

(2) In SECTION 3 of the bill, strike added Section 45.041(b-2), Code of Criminal Procedure, and substitute the following:

(b-2)  When imposing a fine and costs, if the justice or judge determines that the defendant is unable to immediately pay the fine and costs, the justice or judge shall allow the defendant to pay the fine and costs in specified portions at designated intervals.

Amendment No. 1 was adopted.

**HB 27**, as amended, was passed by (Record 317): 80 Yeas, 42 Nays, 2 Present, not voting.

Yeas — Aliseda; Alonzo; Alvarado; Anchia; Beck; Branch; Brown; Burkett; Burnam; Chisum; Coleman; Davis, J.; Davis, S.; Driver; Dukes; Dutton; Eiland; Eissler; Farrar; Gallego; Garza; Gonzales, L.; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hamilton; Hardcastle; Harless; Hartnett; Hernandez Luna; Hilderbran; Hochberg; Hopson; Howard, D.; Hunter; Isaac; Jackson; Johnson; Keffer; King, S.; King, T.; Kolkhorst; Kuempel; Landtroop; Lozano; Madden; Margo; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Miller, D.; Muñoz; Murphy; Naishtat; Nash; Orr; Otto; Patrick; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Scott; Sheets; Shelton; Simpson; Strama; Taylor, V.; Thompson; Truitt; Veasey; Villarreal; Vo; White; Zerwas.

Nays — Anderson, C.; Anderson, R.; Aycock; Berman; Bonnen; Button; Cain; Carter; Cook; Craddick; Creighton; Crownover; Darby; Elkins; Fletcher; Flynn; Gooden; Hancock; Harper-Brown; Howard, C.; Hughes; King, P.; Kleinschmidt; Larson; Laubenberg; Lavender; Lewis; Miller, S.; Morrison; Parker; Paxton; Phillips; Pitts; Price; Riddle; Schwertner; Sheffield; Smith, T.; Smith, W.; Weber; Workman; Zedler.

Present, not voting — Mr. Speaker; Ritter(C).

Absent, Excused — Allen; Bohac; Callegari; Castro; Christian; Davis, Y.; Deshotel; Farias; Frullo; Geren; Giddings; Huberty; Legler; Lucio; Lyne; Mallory Caraway; Oliveira; Peña; Perry; Smithee; Turner; Walle; Woolley.

Absent — Solomons; Taylor, L.; Torres.

### STATEMENTS OF VOTE

I was shown voting yes on Record No. 317. I intended to vote no.

Driver

I was shown voting yes on Record No. 317. I intended to vote no.

Kuempel

When Record No. 317 was taken, I was in the house but away from my desk. I would have voted no.

L. Taylor

### GENERAL STATE CALENDAR
### HOUSE BILLS
### SECOND READING

The following bills were laid before the house and read second time:

### CSHB 362 ON SECOND READING
### (by Solomons, et al.)

**CSHB 362**, A bill to be entitled An Act relating to the regulation by a property owners' association of the installation of solar energy devices and certain roofing materials on property.

**Amendment No. 1**

Representative Solomons offered the following amendment to **CSHB 362**:

Amend **CSHB 362** (house committee printing) as follows:
(1) On page 3, line 14, after "from installing", strike the colon.
(2) Strike page 3, line 15, through page 4, line 3, and substitute the following:
shingles that:
    (1) are designed primarily to:
        (A) be wind and hail resistant;
        (B) provide heating and cooling efficiencies greater than those provided by customary composite shingles; and
        (C) provide solar generation capabilities; and
    (2) when installed:
        (A) resemble the shingles used or otherwise authorized for use on property in the subdivision;
        (B) are more durable than and are of equal or superior quality to the shingles described by Paragraph (A); and
        (C) match the aesthetics of the property surrounding the owner's property.

Amendment No. 1 was adopted.

**CSHB 362**, as amended, was passed to engrossment. (Berman and White recorded voting no.)

### HB 364 ON SECOND READING
### (by Turner)

**HB 364**, A bill to be entitled An Act relating to condominiums in certain municipalities, including the exercise of eminent domain authority by those municipalities with respect to certain condominiums.

Representative Thompson moved to postpone consideration of **HB 364** until 10 a.m. Monday, April 11.

The motion prevailed.

### CSHB 411 ON SECOND READING
### (by Laubenberg and Crownover)

**CSHB 411**, A bill to be entitled An Act relating to the confidentiality of newborn screening information.

**Amendment No. 1**

Representative Crownover offered the following amendment to **CSHB 411**:

Amend **CSHB 411** (house committee printing) on page 1 by striking lines 19-21 and substituting the following:

(5) "Public health purpose" means a purpose that relates to cancer, a birth defect, an infectious disease, a chronic disease, environmental exposure, or newborn screening.

Amendment No. 1 was adopted.

**CSHB 411**, as amended, was passed to engrossment.

### HB 443 ON SECOND READING
### (by Fletcher, Gonzalez, and White)

**HB 443**, A bill to be entitled An Act relating to the amount of the fee paid by a defendant for a peace officer's services in executing or processing an arrest warrant, capias, or capias pro fine.

Representative Fletcher moved to postpone consideration of **HB 443** until the end of today's calendar.

The motion prevailed.

### HB 630 ON SECOND READING
### (by Pickett and W. Smith)

**HB 630**, A bill to be entitled An Act relating to the authority of the Texas Department of Transportation, counties, regional tollway authorities, and regional mobility authorities to enter into funding agreements to expedite the entity's environmental review duties related to certain transportation projects.

**HB 630** was passed to engrossment.

### CSHB 2193 ON SECOND READING
### (by Truitt)

**CSHB 2193**, A bill to be entitled An Act relating to service and qualifications for membership on an advisory committee established by the Employees Retirement System of Texas to provide advice to the board of trustees on investments and investment-related issues.

**CSHB 2193** was passed to engrossment.

### RESOLUTIONS CALENDAR

The chair laid before the house the following resolutions on committee report:

### HCR 18
### (by Creighton, Raymond, Bohac, Truitt, Peña, et al.)

**HCR 18**, Urging Congress to propose and submit to the states an amendment to the United States Constitution providing for a federal balanced budget.

Representative Creighton moved to postpone consideration of **HCR 18** until 10 a.m. Wednesday, April 13.

The motion prevailed.

## POSTPONED BUSINESS

The following bills were laid before the house as postponed business:

### HB 243 ON THIRD READING
### (by Craddick, Martinez Fischer, Brown, Cook, Menendez, et al.)

**HB 243**, A bill to be entitled An Act relating to the creation of an offense for certain uses of a wireless communication device while operating a motor vehicle.

**HB 243** was read third time earlier today and was postponed until this time.

**HB 243** was passed by (Record 318): 107 Yeas, 16 Nays, 2 Present, not voting.

Yeas — Aliseda; Alonzo; Alvarado; Anchia; Anderson, C.; Aycock; Beck; Berman; Bonnen; Branch; Brown; Burkett; Burnam; Button; Cain; Carter; Chisum; Coleman; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Dukes; Eiland; Eissler; Farrar; Fletcher; Gallego; Garza; Gonzales, L.; Gonzales, V.; Gonzalez; Gooden; Guillen; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hernandez Luna; Hilderbran; Hochberg; Hopson; Howard, C.; Howard, D.; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kuempel; Landtroop; Lavender; Lewis; Lozano; Madden; Margo; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Miller, D.; Morrison; Muñoz; Murphy; Naishtat; Nash; Orr; Otto; Parker; Patrick; Phillips; Pitts; Price; Quintanilla; Raymond; Reynolds; Riddle; Rodriguez; Schwertner; Scott; Sheets; Sheffield; Shelton; Smith, T.; Smith, W.; Solomons; Strama; Taylor, L.; Thompson; Truitt; Veasey; Villarreal; Vo; White; Workman; Zedler; Zerwas.

Nays — Anderson, R.; Dutton; Elkins; Flynn; Hughes; Johnson; King, T.; Kolkhorst; Larson; Laubenberg; Miller, S.; Paxton; Simpson; Taylor, V.; Torres; Weber.

Present, not voting — Mr. Speaker; Ritter(C).

Absent, Excused — Allen; Bohac; Callegari; Castro; Christian; Davis, Y.; Deshotel; Farias; Frullo; Geren; Giddings; Huberty; Legler; Lucio; Lyne; Mallory Caraway; Oliveira; Peña; Perry; Smithee; Turner; Walle; Woolley.

Absent — Gutierrez; Pickett.

### STATEMENT OF VOTE

I was shown voting no on Record No. 318. I intended to vote yes.

Kolkhorst

### REASON FOR VOTE

While addressing the dangers of texting while driving is critical, **HB 243** is crafted in a way that will be very difficult for police to fairly enforce.  It is almost impossible to distinguish between a driver writing or sending a text message, which is prohibited in the bill, and a driver reading a text message, dialing a phone number, looking at a map, or checking the clock feature, all of which are permissible under **HB 243**, until a case is heard in a court of law.  **HB 243**

essentially gives police the ability to pull over any driver they see with a cell phone in his or her hand. This legislation in its current form is not fair to Texas drivers, especially in a state with a well-documented history of racial profiling.

Johnson

## HB 443 ON SECOND READING
### (by Fletcher, Gonzalez, and White)

**HB 443**, A bill to be entitled An Act relating to the amount of the fee paid by a defendant for a peace officer's services in executing or processing an arrest warrant, capias, or capias pro fine.

**HB 443** was read second time earlier today and was postponed until this time.

### Amendment No. 1

Representative Lozano offered the following amendment to **HB 443**:

Amend **HB 443** (house committee printing), on page 1, line 15, by striking "$75" and substituting "$95".

Amendment No. 1 was withdrawn.

**HB 443** was passed to engrossment.

### SB 14 - REQUEST OF SENATE GRANTED

On motion of Representative Harless, the house granted the request of the senate for the appointment of a Conference Committee on **SB 14**.

### SB 14 - MOTION TO INSTRUCT CONFEREES

Representative Martinez moved to instruct the Conference Committee on **SB 14** to include a provision in the bill that requires the changes in law made by the Act to not take effect until the changes are determined by the United States attorney general or the United States District Court for the District of Columbia to have neither the purpose nor the effect of denying or abridging the right to vote on account of race or color or in contravention of the guarantees set forth in 42 U.S.C. Section 1973b(f)(2).

Representative Harless moved to table the motion to instruct the Conference Committee on **SB 14**.

The motion to table prevailed by (Record 319): 83 Yeas, 37 Nays, 2 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bonnen; Branch; Brown; Burkett; Button; Cain; Carter; Chisum; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Lavender; Lewis; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Phillips; Pitts;

Price; Riddle; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; White; Workman; Zedler; Zerwas.

Nays — Alonzo; Alvarado; Anchia; Burnam; Coleman; Dukes; Dutton; Eiland; Farrar; Gallego; Gonzales, V.; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Veasey; Villarreal; Vo.

Present, not voting — Mr. Speaker; Ritter(C).

Absent, Excused — Allen; Bohac; Callegari; Castro; Christian; Davis, Y.; Deshotel; Farias; Frullo; Geren; Giddings; Huberty; Legler; Lucio; Lyne; Mallory Caraway; Oliveira; Peña; Perry; Smithee; Turner; Walle; Woolley.

Absent — Garza; Gonzalez; Laubenberg; Paxton; Smith, W.

### STATEMENT OF VOTE

When Record No. 319 was taken, my vote failed to register. I would have voted yes.

Laubenberg

### SB 14 - MOTION TO INSTRUCT CONFEREES

Representative Anchia moved to instruct the Conference Committee on **SB 14** to follow the senate version of the bill as it relates to making the Act take effect only if a specific appropriation for the implementation of the Act is provided in a general appropriations act of the 82nd Legislature.

Representative Harless moved to table the motion to instruct the Conference Committee on **SB 14**.

The motion to table prevailed by (Record 320): 86 Yeas, 36 Nays, 2 Present, not voting.

Yeas — Aliseda; Alonzo; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bonnen; Branch; Brown; Burkett; Button; Cain; Carter; Chisum; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Eissler; Elkins; Fletcher; Flynn; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Lewis; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Phillips; Pitts; Price; Riddle; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; White; Workman; Zedler; Zerwas.

Nays — Alvarado; Anchia; Burnam; Coleman; Dukes; Dutton; Eiland; Farrar; Gallego; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Veasey; Villarreal; Vo.

Present, not voting — Mr. Speaker; Ritter(C).

Absent, Excused — Allen; Bohac; Callegari; Castro; Christian; Davis, Y.; Deshotel; Farias; Frullo; Geren; Giddings; Huberty; Legler; Lucio; Lyne; Mallory Caraway; Oliveira; Peña; Perry; Smithee; Turner; Walle; Woolley.

Absent — Driver; Garza; Pickett.

### STATEMENT OF VOTE

I was shown voting yes on Record No. 320. I intended to vote no.

Alonzo

### SB 14 - CONFERENCE COMMITTEE APPOINTED

The chair announced the appointment of the following conference committee, on the part of the house, on **SB 14**:  Harless, chair; Bonnen, Truitt, Aliseda, and Veasey.

### FIVE-DAY POSTING RULE SUSPENDED

Representative Raymond moved to suspend the five-day posting rule to allow the Committee on Human Services to consider **HB 3051** at 1 p.m. or upon final adjournment/recess Tuesday, April 12 in E2.030.

The motion prevailed.

Representative Truitt moved to suspend the five-day posting rule to allow the Committee on Pensions, Investments, and Financial Services to consider **HB 3747** at 8 a.m. Tuesday, April 12 in E2.014.

The motion prevailed.

### COMMITTEE GRANTED PERMISSION TO MEET

Representative Darby requested permission for the Committee on Transportation to meet while the house is in session, during bill referral Monday, April 11, in 3W.15, to consider pending business.

Permission to meet was granted.

### FIVE-DAY POSTING RULE SUSPENDED

Representative L. Taylor moved to suspend the five-day posting rule to allow the Committee on Elections to consider **HB 1925**, **HB 1975**, **HB 2814**, and **HB 3409** at 2 p.m. or upon final adjournment/recess Monday, April 11 in E2.028.

The motion prevailed.

### COMMITTEE MEETING ANNOUNCEMENTS

The following committee meetings were announced:

Human Services, 1 p.m. or upon final adjournment Tuesday, April 12, E2.030, for a public hearing, to consider **HB 3051** and the previously posted agenda.

Transportation, during bill referral Monday, April 11, 3W.15, for a formal meeting, to consider pending business.

Elections, 2 p.m. or upon final adjournment Monday, April 11, E2.028, for a public hearing, to consider **HB 1925**, **HB 1975**, **HB 2814**, **HB 3409**, and the previously posted agenda.

Pensions, Investments, and Financial Services, 8 a.m. Tuesday, April 12, E2.014, for a public hearing, to consider **HB 3747** and the previously posted agenda.

### PROVIDING FOR ADJOURNMENT

Representative Dukes moved that, at the conclusion of the reading of bills and resolutions on first reading and referral to committees, the house adjourn until 1 p.m. Monday, April 11.

The motion prevailed.

### BILLS AND JOINT RESOLUTIONS ON FIRST READING AND REFERRAL TO COMMITTEES
### RESOLUTIONS REFERRED TO COMMITTEES

Bills and joint resolutions were at this time laid before the house, read first time, and referred to committees. Resolutions were at this time laid before the house and referred to committees. (See the addendum to the daily journal, Referred to Committees, List No. 1.)

(Hughes in the chair)

### ADJOURNMENT

In accordance with a previous motion, the house, at 1:43 p.m., adjourned until 1 p.m. Monday, April 11.

---

### ADDENDUM

---

### REFERRED TO COMMITTEES

The following bills and joint resolutions were today laid before the house, read first time, and referred to committees, and the following resolutions were today laid before the house and referred to committees. If indicated, the chair today corrected the referral of the following measures:

**List No. 1**

**HB 3838** (By Oliveira), Relating to the appointment of bailiffs for certain courts in Cameron County.
To Judiciary and Civil Jurisprudence.

**HB 3839** (By Giddings), Relating to grounds for modification of child support.
To Judiciary and Civil Jurisprudence.

**HR 1139** (By Johnson), Commending Lamontry Lott for serving as a Democratic Party precinct chair in Dallas County.

To Rules and Resolutions.

**HR 1140** (By Johnson), Commending Mark Baker for serving as a Democratic Party precinct chair in Dallas County.

To Rules and Resolutions.

**HR 1141** (By Johnson), Commending Kathryn Hines for serving as a Democratic Party precinct chair in Dallas County.

To Rules and Resolutions.

**HR 1142** (By Johnson), Commending Daniel Clayton for serving as a Democratic Party precinct chair in Dallas County.

To Rules and Resolutions.

**HR 1143** (By Johnson), Commending Deborah Parish for serving as a Democratic Party precinct chair in Dallas County.

To Rules and Resolutions.

**HR 1144** (By Johnson), Commending Lorraine Birabil for serving as a Democratic Party precinct chair in Dallas County.

To Rules and Resolutions.

**HR 1145** (By Johnson), Commending Jean Ball for serving as a Democratic Party precinct chair in Dallas County.

To Rules and Resolutions.

**HR 1146** (By Johnson), Commending Jean P. Mackaly for serving as a Democratic Party precinct chair in Dallas County.

To Rules and Resolutions.

**HR 1147** (By Johnson), Commending George Collins for serving as a Democratic Party precinct chair in Dallas County.

To Rules and Resolutions.

**HR 1148** (By Madden), Congratulating Plano Police Department volunteer Neal J. Katz on being named a 2010 Outstanding Crime Prevention Citizen by the Texas Crime Prevention Association.

To Rules and Resolutions.

**HR 1149** (By Madden), Welcoming members of the Texas Catholic Conference to the State Capitol on April 6, 2011.

To Rules and Resolutions.

**HR 1150** (By Sheffield), Recognizing April 4 through 8, 2011, as Connect a Million Minds Week.

To Rules and Resolutions.

**HR 1151** (By Sheffield), In memory of Eldo Johnson of Temple.

To Rules and Resolutions.

**HR 1152** (By Flynn), Congratulating the Martins Mill High School girls' basketball team on a successful 2010-2011 season.

To Rules and Resolutions.

**HR 1153** (By Flynn), Congratulating the Canton High School girls' powerlifting team on winning its second consecutive Class 3A state title.

To Rules and Resolutions.

**HR 1154** (By Flynn), Commemorating the 100th anniversary of the Santa Fe Depot, home of the Wolfe City Public Library.

To Rules and Resolutions.

**HR 1155** (By Eissler), Congratulating The Woodlands High School on winning the 2009-2010 UIL 5A Lone Star Cup.

To Rules and Resolutions.

**HR 1156** (By Harless), Congratulating Dr. David Anthony on his retirement as superintendent of Cypress-Fairbanks Independent School District.

To Rules and Resolutions.

**HR 1158** (By Giddings), Honoring the National Council of Negro Women, Inc., Minnie H. Goodlow Page Section on the occasion of its ninth annual Spring Hat Extravaganza and Tea.

To Rules and Resolutions.

**HR 1159** (By C. Anderson), In memory of Arthur Schaffer of Waco.

To Rules and Resolutions.

**HR 1160** (By C. Anderson), Congratulating the A. J. Moore Academy in Waco on being designated as a Distinguished Academy by the National Academy Foundation.

To Rules and Resolutions.

**HR 1161** (By C. Anderson), In memory of Eileene Musson Anders of Whitney.

To Rules and Resolutions.

**HR 1162** (By C. Anderson), In memory of Edward Maurice Arnold of Bosqueville.

To Rules and Resolutions.

**HR 1163** (By C. Anderson), In memory of Lois Mae Haynes of Waco.

To Rules and Resolutions.

**HR 1164** (By Callegari), Congratulating Dr. Mark Bing on his induction into the Texas High School Football Hall of Fame.

To Rules and Resolutions.

**HR 1165** (By Callegari), Commending Oakmont Healthcare and Rehab Center of Katy for providing an outstanding level of care.

To Rules and Resolutions.

**HR 1166** (By Workman), In memory of former Lakeway Mayor Cuth Kenneth "Ken" Shepherd.

To Rules and Resolutions.

**HR 1168** (By Flynn), Congratulating Jesse and Peggy Elmore of Caddo Mills on their 50th wedding anniversary.

To Rules and Resolutions.

**HR 1169** (By Flynn), Congratulating Calvin and Naomi Thompson of Canton on their 60th wedding anniversary.

To Rules and Resolutions.

**HR 1170** (By Flynn), Congratulating Jerry and Judy Pugh of Canton on their 50th wedding anniversary.

To Rules and Resolutions.

**HR 1171** (By Vo), Observing the 36th anniversary of the fall of Saigon.

To Rules and Resolutions.

**HR 1172** (By Landtroop), Honoring Leadership Plainview for its promotion of civic leadership and volunteerism.

To Rules and Resolutions.

**HR 1173** (By Isaac), In memory of Raymond Oren Whisenant, Sr., of Dripping Springs.

To Rules and Resolutions.

**HR 1175** (By Zedler), In memory of Peggy Darlene Carriker of Arlington.

To Rules and Resolutions.

**HR 1177** (By Craddick), Congratulating Susie's South Forty Confections, Inc., on its 20th anniversary.

To Rules and Resolutions.

**HR 1178** (By Eiland), Commemorating the reopening of the main terminal building at Scholes International Airport at Galveston.

To Rules and Resolutions.

**HR 1179** (By Madden), Honoring Conquer Chiari for its efforts in behalf of those with Chiari and syringomyelia.

To Rules and Resolutions.

**HR 1180** (By Madden), Commemorating the 40th anniversary of Edward Nahas's immigration to the United States and honoring Mr. Nahas and his wife, Alda.

To Rules and Resolutions.

**HR 1181** (By Lyne), Congratulating Taylor Levy on winning first place in the 2010-2011 Texas VFW Voice of Democracy essay contest.

To Rules and Resolutions.

**HR 1184** (By Quintanilla), Congratulating Martha Serna on her selection as the 2010-2011 Texas Adult Educator of the Year by the Texas Association for Literacy and Adult Education.

To Rules and Resolutions.

**HR 1185** (By Marquez), Congratulating the Mithoff Burton Partners advertising firm in El Paso on its 80th anniversary.

To Rules and Resolutions.

**HR 1186** (By Marquez), Congratulating Bob Kitchens on his retirement as the track coach of The University of Texas at El Paso.

To Rules and Resolutions.

**HR 1187** (By Marquez), Honoring The University of Texas at El Paso men's basketball team on its achievements during the 2010-2011 season.

To Rules and Resolutions.

**HR 1188** (By Marquez), In memory of Hector Licon of El Paso.

To Rules and Resolutions.

**HR 1189** (By Flynn), Congratulating Roy DeWitt Deen of Wills Point on his 99th birthday.

To Rules and Resolutions.

**HR 1191** (By S. King), Congratulating the Wylie High School tennis team on winning the 2011 Texas Tennis Coaches Association 3A state championship.

To Rules and Resolutions.

**HR 1192** (By McClendon), Congratulating Dr. Dianna Burns-Banks on her recognition as a Gracious Giver at the North Star Gives event.

To Rules and Resolutions.

**HR 1195** (By Creighton), Commemorating the dedication of the Lone Star Monument and Historical Flag Park in Conroe.

To Rules and Resolutions.

**HR 1199** (By Patrick), Honoring the Pantego Youth Leadership Council for its work to develop community leaders.

To Rules and Resolutions.

**HR 1200** (By L. Taylor), Commending the Friendswood Senior Citizen Program for enriching the lives of seniors in the community.

To Rules and Resolutions.

**HR 1201** (By Fletcher), In memory of Officer Craig G. Story of the Arlington Police Department.

To Rules and Resolutions.

**HR 1202** (By Fletcher), In memory of Detention Officer Dionicio M. Camacho of the Harris County Sheriff's Office.

To Rules and Resolutions.

**HR 1203** (By Fletcher), In memory of Sergeant Timothy Gerard Olsovsky of the Victoria County Sheriff's Office.

To Rules and Resolutions.

**HR 1204** (By Fletcher), In memory of Deputy Sheriff Francis David Blake of the Burnet County Sheriff's Office.

To Rules and Resolutions.

**HR 1205** (By Fletcher), In memory of Officer Jesse Thomas Hamilton of the Pasadena Police Department.

To Rules and Resolutions.

**HR 1206** (By Fletcher), In memory of Deputy Sheriff Shane Thomas Detwiler of the Chambers County Sheriff's Office.

To Rules and Resolutions.

**HR 1207** (By Fletcher), In memory of Officer Henry Canales of the Houston Police Department.

To Rules and Resolutions.

**HR 1208** (By Fletcher), In memory of Border Patrol Agent Cruz C. McGuire of U.S. Customs and Border Protection.

To Rules and Resolutions.

**HR 1209** (By Fletcher), In memory of Deputy Sheriff D. Martin Robert Harvey of the Lubbock County Sheriff's Office.

To Rules and Resolutions.

**HR 1210** (By Fletcher), In memory of Sergeant Randall Dewayne White of the Bridgeport Police Department.

To Rules and Resolutions.

**HR 1211** (By Fletcher), In memory of Lieutenant Stuart Jay Alexander of the Corpus Christi Police Department.

To Rules and Resolutions.

**HR 1212** (By Fletcher), In memory of Detention Officer Cesar Arreola of the El Paso County Sheriff's Office.

To Rules and Resolutions.

**HR 1213** (By Fletcher), In memory of Senior Corporal Norman Stephen Smith of the Dallas Police Department.

To Rules and Resolutions.

**HR 1214** (By Fletcher), In memory of Officer Jillian Michelle Smith of the Arlington Police Department.

To Rules and Resolutions.

**HR 1215** (By Fletcher), In memory of Deputy Sheriff Michael R. Schaefer of the Uvalde County Sheriff's Office.

To Rules and Resolutions.

**HR 1216** (By Fletcher), In memory of Officer Ann N. O'Donnell of the University of Houston Police Department.

To Rules and Resolutions.

**HR 1217** (By Fletcher), In memory of Officer Andrew J. Rameas of the Harker Heights Police Department.

To Rules and Resolutions.

**HR 1218** (By Fletcher), In memory of Trooper Jonathan T. McDonald of the Texas Department of Public Safety.

To Rules and Resolutions.

**HR 1219** (By Fletcher), In memory of Officer Sergio A. Antillon of the San Antonio Police Department.

To Rules and Resolutions.

**HR 1220** (By Fletcher), In memory of Deputy Sheriff Odell McDuffie, Jr., of the Liberty County Sheriff's Office.

To Rules and Resolutions.

**HR 1221** (By Fletcher), In memory of Officer Karl R. McDonough of the El Paso Police Department.

To Rules and Resolutions.

**HR 1222** (By Fletcher), In memory of Corporal David Ralph Slaton of the Texas Department of Public Safety.

To Rules and Resolutions.

**HR 1223** (By Fletcher), In memory of Corrections Officer Kellie Pena of the Texas Department of Criminal Justice.

To Rules and Resolutions.

**HR 1224** (By Fletcher), In memory of Officer Leonard Reed of the Cedar Park Police Department.

To Rules and Resolutions.

**HR 1225** (By Fletcher), In memory of Officer Craig L. Shaw of the Lancaster Police Department.

To Rules and Resolutions.

**HR 1226** (By Fletcher), In memory of Border Patrol Agent Mark Van Doren of U.S. Customs and Border Protection.

To Rules and Resolutions.

**HR 1227** (By Fletcher), In memory of Officer Eydelmen Mani of the Houston Police Department.

To Rules and Resolutions.

**HR 1228** (By Fletcher), In memory of Officer Rodney T. Holder of the Abilene Police Department.

To Rules and Resolutions.

**HR 1229** (By Fletcher), In memory of Deputy Sheriff Jacob Rene Rayos of the Reeves County Sheriff's Office.

To Rules and Resolutions.

**HR 1230** (By Fletcher), In memory of Constable John William Brown of the Calhoun County Constable's Office Precinct No. 5.

To Rules and Resolutions.

**HR 1231** (By Fletcher), In memory of Officer Timothy Joseph Zurovetz of the Forest Hill Police Department.

To Rules and Resolutions.

**HR 1232** (By Woolley), Congratulating Village Republican Women on its 50th anniversary.

To Rules and Resolutions.

**HR 1233** (By Margo), In memory of Colonel Milton Leland Haskin of El Paso.

To Rules and Resolutions.

**HR 1234** (By Landtroop), In memory of Texas Department of Public Safety trooper Jonathan Thomas McDonald of Post.

To Rules and Resolutions.

**HR 1235** (By McClendon), Honoring Fiesta San Antonio 2011 and commending the event's organizers.

To Rules and Resolutions.

**HR 1236** (By Alonzo), Congratulating the Mountain View College men's basketball team on winning the National Junior College Athletic Association Division III championship.

To Rules and Resolutions.

**HR 1237** (By Guillen), Honoring Lori Peterson Perez for her community service in Rio Grande City and Starr County.

To Rules and Resolutions.

**HR 1238** (By Guillen), Paying tribute to the life of James Edwin Peterson of Rio Grande City.

To Rules and Resolutions.

**HR 1239** (By Guillen), Congratulating the Benavides High School Lady Eagles basketball team on winning district and bi-district championships during the 2010-2011 season.

To Rules and Resolutions.

**HR 1240** (By Burkett), Congratulating Elaine Whitlock of Ed Hodges Elementary School on her selection as the 2010-2011 Elementary School Principal of the Year by the Mesquite Independent School District Council of PTAs.

To Rules and Resolutions.

**HR 1241** (By Shelton), Congratulating the Paschal High School science team in Fort Worth for winning the 2011 5A Science State Championship sponsored by the Texas Math and Science Coaches Association.

To Rules and Resolutions.

**HR 1242** (By Shelton), Congratulating scout executive Dan Clifton on his retirement from the Longhorn Council of the Boy Scouts of America.

To Rules and Resolutions.

**SB 655** to Energy Resources.

---

## APPENDIX

---

### STANDING COMMITTEE REPORTS

Favorable reports have been filed by committees as follows:

**April 7**

Agriculture and Livestock - **HB 2334**

Corrections - **HB 2004**, **HB 2734**

Criminal Jurisprudence - **HB 470**, **HB 1103**, **HB 1658**, **HB 2662**, **HB 2725**, **HJR 98**

Culture, Recreation, and Tourism - **HB 384**

Elections - **HB 1616**

Higher Education - **HB 736**

Land and Resource Management - **HB 91**

Public Education - **HB 968**

Public Health - **HB 2904**, **SB 156**

State Affairs - **HB 265**, **HB 816**, **HB 892**, **HB 966**, **HB 1774**, **HB 2499**, **HB 2632**, **HB 2680**, **HCR 69**

Transportation - **HB 1486**, **HB 1541**, **HB 1866**, **HB 1896**, **HB 2017**, **HB 2195**, **HB 2346**, **HB 2541**, **HB 2771**, **HB 2792**

## ENGROSSED

**April 7 - HB 690**, **HB 849**

## ENROLLED

**April 7 - HCR 64**, **HCR 65**, **HCR 150**

## SENT TO THE GOVERNOR

**April 7 - HCR 64**, **HCR 65**, **HCR 150**

## SIGNED BY THE GOVERNOR

**April 7 - HCR 62**, **HCR 114**

TX_00001273

# CONFERENCE COMMITTEE REPORT FORM

Austin, Texas

_5-4-11_
Date

Honorable David Dewhurst
President of the Senate

Honorable Joe Straus
Speaker of the House of Representatives

Sirs:

We, Your Conference Committee, appointed to adjust the differences between the Senate and the House of Representatives on ___**Senate Bill 14**___ have had the same under consideration, and beg to report it back with the recommendation that it do pass in the form and text hereto attached.

Troy Fraser, Chair

Patricia Harless, Chair

Brian Birdwell

Jose Aliseda

Joan Huffman

Dennis Bonnen

Leticia Van de Putte

Vicki Truitt

Tommy Williams

Marc Veasey

On the part of the Senate

On the part of the House

**Note to Conference Committee Clerk:**

Please type the names of the members of the Conference Committee under the lines provided for signature. Those members desiring to sign the report should sign each of the six copies. Attach a copy of the Conference Committee Report and a Section by Section side by side comparison to each of the six reporting forms. The original and two copies are filed in house of origin of the bill, and three copies in the other house.

# CONFERENCE
# COMMITTEE REPORT

### 3rd Printing

S.B. No. 14

A BILL TO BE ENTITLED

1          AN ACT

2   relating to requirements to vote, including presenting proof of

3   identification; providing criminal penalties.

4          BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

5          SECTION 1.  Section 13.002, Election Code, is amended by

6   adding Subsection (i) to read as follows:

7          (i)  An applicant who wishes to receive an exemption from the

8   requirements of Section 63.001(b) on the basis of disability must

9   include with the person's application:

10               (1)  written documentation:

11                    (A)  from  the  United  States  Social  Security

12   Administration evidencing the applicant has been determined to have

13   a disability; or

14                    (B)  from the United States Department of Veterans

15   Affairs  evidencing  the  applicant  has  a  disability  rating  of  at

16   least 50 percent; and

17               (2)  a statement in a form prescribed by the secretary

18   of state that the applicant does not have a form of identification

19   acceptable under Section 63.0101.

20          SECTION 2.  Section 15.001, Election Code, is amended by

21   adding Subsection (c) to read as follows:

22          (c)  A  certificate  issued  to  a  voter  who  meets  the

23   certification requirements of Section 13.002(i) must contain an

24   indication that the voter is exempt from the requirement to present

82R24861 JRJ-D                    1

S.B. No. 14

1  identification other than the registration certificate before

2  being accepted for voting.

3      SECTION 3.  Effective September 1, 2011, Subchapter A,

4  Chapter 15, Election Code, is amended by adding Section 15.005 to

5  read as follows:

6      Sec. 15.005.  NOTICE    OF    IDENTIFICATION    REQUIREMENTS.

7  (a)  The voter registrar of each county shall provide notice of the

8  identification requirements for voting prescribed by Chapter 63 and

9  a detailed  description  of  those  requirements  with  each  voter

10 registration certificate issued under Section 13.142 or renewal

11 registration certificate issued under Section 14.001.

12     (b)  The secretary of state shall prescribe the wording of

13 the notice to be included on the certificate under this section.

14     SECTION 4.  Section 15.022(a), Election Code, is amended to

15 read as follows:

16     (a)  The registrar shall make the appropriate corrections in

17 the registration records, including, if necessary, deleting a

18 voter's name from the suspense list:

19         (1)  after receipt of a notice of a change in

20 registration information under Section 15.021;

21         (2)  after receipt of a voter's reply to a notice of

22 investigation given under Section 16.033;

23         (3)  after receipt of a registration omissions list and

24 any affidavits executed under Section 63.006 [63.007], following an

25 election;

26         (4)  after receipt of a voter's statement of residence

27 executed under Section 63.0011;

82R24861 JRJ-D                    2

S.B. No. 14

1            (5)  before the effective date of the abolishment of a

2  county election precinct or a change in its boundary;

3            (6)  after  receipt  of  United  States  Postal  Service

4  information indicating an address reclassification;

5            (7)  after receipt of a voter's response under Section

6  15.053; or

7            (8)  after  receipt  of  a  registration  application  or

8  change of address under Chapter 20.

9       SECTION 5.  Effective  September  1,  2011,  Subchapter  A,

10  Chapter 31, Election Code, is amended by adding Section 31.012 to

11  read as follows:

12       Sec. 31.012.  VOTER  IDENTIFICATION  EDUCATION.   (a)  The

13  secretary of state and the voter registrar of each county that

14  maintains a website shall provide notice of the identification

15  requirements for voting prescribed by Chapter 63 on each entity's

16  respective website in each language in which voter registration

17  materials are available.  The secretary of state shall prescribe

18  the wording of the notice to be included on the websites.

19       (b)  The secretary of state shall conduct a statewide effort

20  to educate voters regarding the identification requirements for

21  voting prescribed by Chapter 63.

22       (c)  The  county  clerk  of  each  county  shall  post  in  a

23  prominent location at the clerk's office a physical copy of the

24  notice prescribed under Subsection (a) in each language in which

25  voter registration materials are available.

26       SECTION 6.  Effective  September  1,  2011,  Section  32.111,

27  Election  Code,  is  amended  by  adding  Subsection  (c)  to  read  as

82R24861 JRJ-D                          3

S.B. No. 14

1  follows:

2      (c)  The  training  standards  adopted  under  Subsection  (a)

3  must  include  provisions  on  the  acceptance  and  handling  of  the

4  identification  presented  by  a  voter  to  an  election  officer  under

5  Section 63.001.

6      SECTION 7.  Effective September 1, 2011, Section 32.114(a),

7  Election Code, is amended to read as follows:

8      (a)  The county clerk shall provide one or more sessions of

9  training  using  the  standardized  training  program  and  materials

10  developed  and  provided  by  the  secretary  of  state  under  Section

11  32.111  for  the  election  judges  and  clerks  appointed  to  serve  in

12  elections  ordered  by  the  governor  or  a  county  authority.   Each

13  election  judge  shall  complete  the  training  program.   Each election

14  clerk  shall  complete  the  part  of  the  training  program  relating  to

15  the  acceptance  and  handling  of  the  identification  presented  by  a

16  voter  to  an  election  officer  under  Section 63.001.

17      SECTION 8.  Chapter 62, Election Code, is amended by adding

18  Section 62.016 to read as follows:

19      Sec. 62.016.  NOTICE  OF  ACCEPTABLE  IDENTIFICATION  OUTSIDE

20  POLLING PLACES.  The presiding judge shall post in a prominent place

21  on  the  outside  of  each  polling  location  a  list  of  the  acceptable

22  forms  of  identification.   The  list  must  be  printed  using  a  font  that

23  is  at  least  24-point.   The  notice  required  under  this  section  must

24  be  posted  separately  from  any  other  notice  required  by  state  or

25  federal  law.

26      SECTION 9.  Section 63.001, Election Code, is amended by

27  amending Subsections (b), (c), (d), and (f) and adding Subsections

82R24861 JRJ-D                          4

S.B. No. 14

1  (g) and (h) to read as follows:

2       (b)  Except as provided by Subsection (h), on [On] offering

3  to vote, a voter must present to an election officer at the polling

4  place one form of identification described by Section 63.0101 [the

5  voter's voter registration certificate to an election officer at

6  the polling place].

7       (c)  On  presentation  of  the documentation required under

8  Subsection (b) [a registration certificate], an election officer

9  shall  determine  whether  the  voter's name  on  the  documentation

10  [registration certificate] is on the list of registered voters for

11  the precinct.  If in making a determination under this subsection

12  the  election  officer  determines  under  standards  adopted  by  the

13  secretary of state that the voter's name on the documentation is

14  substantially similar to but does not match exactly with the name on

15  the list, the voter shall be accepted for voting under Subsection

16  (d) if the voter submits an affidavit stating that the voter is the

17  person on the list of registered voters.

18       (d)  If, as determined under Subsection (c), the voter's name

19  is  on  the  precinct  list  of  registered voters  and  the  voter's

20  identity can be verified from the documentation presented under

21  Subsection (b), the voter shall be accepted for voting.

22       (f)  After determining whether to accept a voter, an election

23  officer  shall  return  the  voter's  documentation  [registration

24  certificate] to the voter.

25       (g)  If the requirements for identification prescribed by

26  Subsection  (b)  are  not  met,  the  voter  may  be  accepted  for

27  provisional voting only under Section 63.011.  For a voter who is

S.B. No. 14

1 not accepted for voting under this section, an election officer

2 shall:

3    (1) inform the voter of the voter's right to cast a

4 provisional ballot under Section 63.011; and

5    (2) provide the voter with written information, in a

6 form prescribed by the secretary of state, that:

7     (A) lists the requirements for identification;

8     (B) states the procedure for presenting

9 identification under Section 65.0541;

10    (C) includes a map showing the location where

11 identification must be presented; and

12    (D) includes notice that if all procedures are

13 followed and the voter is found to be eligible to vote and is voting

14 in the correct precinct, the voter's provisional ballot will be

15 accepted.

16  (h) The requirements for identification prescribed by

17 Subsection (b) do not apply to a voter who is disabled and presents

18 the voter's voter registration certificate containing the

19 indication described by Section 15.001(c) on offering to vote.

20  SECTION 10.  Section 63.0011(a), Election Code, is amended

21 to read as follows:

22  (a)  Before a voter may be accepted for voting, an election

23 officer shall ask the voter if the voter's residence address on the

24 precinct list of registered voters is current and whether the voter

25 has changed residence within the county.  If the voter's address is

26 omitted from the precinct list under Section 18.005(c), the officer

27 shall ask the voter if the voter's residence, if [as] listed, on

82R24861 JRJ-D     6

S.B. No. 14

1   identification presented by the voter under Section 63.001(b) [the

2   ~~voter's voter registration certificate~~] is current and whether the

3   voter has changed residence within the county.

4         SECTION 11.   Effective   September   1,   2011,   Chapter   63,

5   Election  Code,  is  amended  by  adding  Section  63.0012  to  read  as

6   follows:

7         Sec. 63.0012.   NOTICE   OF   IDENTIFICATION   REQUIREMENTS   TO

8   CERTAIN VOTERS.   (a)   An election officer shall distribute written

9   notice  of  the  identification  that  will  be  required  for  voting

10  beginning   with   elections   held   after   January   1,   2012,   and

11  information on obtaining identification without a fee under Chapter

12  521A,  Transportation  Code,  to  each  voter  who,  when  offering  to

13  vote, presents a form of identification that will not be sufficient

14  for acceptance as a voter under this chapter beginning with those

15  elections.

16        (b)   The secretary of state shall prescribe the wording of

17  the notice and establish guidelines for distributing the notice.

18        (c)   This section expires September 1, 2017.

19        SECTION 12.   Section 63.006, Election Code, is amended to

20  read as follows:

21        Sec. 63.006.   VOTER  WITH  REQUIRED DOCUMENTATION  [CORRECT

22  ~~CERTIFICATE~~] WHO IS NOT ON LIST.   (a)  A voter who, when offering to

23  vote, presents the documentation required under Section 63.001(b)

24  [~~a voter registration certificate indicating that the voter is~~

25  ~~currently registered in the precinct in which the voter is offering~~

26  ~~to vote,~~] but whose name is not on the precinct list of registered

27  voters[~~,~~] shall be accepted for voting if the voter also presents a

82R24861 JRJ-D                    7

TX_00003526

S.B. No. 14

1  voter registration certificate indicating that the voter is

2  currently registered:

3          (1)  in the precinct in which the voter is offering to

4  vote; or

5          (2)  in a different precinct in the same county as the

6  precinct in which the voter is offering to vote and the voter

7  executes an affidavit stating that the voter:

8              (A)  is a resident of the precinct in which the

9  voter is offering to vote or is otherwise entitled by law to vote in

10 that precinct;

11             (B)  was a resident of the precinct in which the

12 voter is offering to vote at the time the information on the voter's

13 residence address was last provided to the voter registrar;

14             (C)  did not deliberately provide false

15 information to secure registration in a precinct in which the voter

16 does not reside; and

17             (D)  is voting only once in the election.

18     (b)  After the voter is accepted, an election officer shall:

19          (1)  indicate beside the voter's name on the poll list

20 that the voter was accepted under this section; and

21          (2)  enter the voter's name on the registration

22 omissions list.

23     SECTION 13.  Section 63.009, Election Code, is amended to

24 read as follows:

25     Sec. 63.009.  VOTER WITHOUT CERTIFICATE WHO IS NOT ON LIST.

26 A [(a)  Except as provided by Subsection (b), a] voter who does not

27 present a voter registration certificate when offering to vote, and

82R24861 JRJ-D                    8

TX_00003527

S.B. No. 14

1   whose name is not on the list of registered voters for the precinct

2   in which the voter is offering to vote, shall be accepted for

3   provisional voting if the voter executes an affidavit in accordance

4   with Section 63.011.

5   [(b)  If an election officer can determine from the voter

6   registrar that the person is a registered voter of the county and

7   the person presents proof of identification, the affidavits

8   required by Sections 63.007 and 63.008 are substituted for the

9   affidavit required by Section 63.011 in complying with that

10   section.  After the voter is accepted under this subsection, an

11   election officer shall also indicate beside the voter's name on the

12   poll list that the voter was accepted under this section.]

13      SECTION 14.  Section 63.0101, Election Code, is amended to

14   read as follows:

15      Sec. 63.0101.  DOCUMENTATION OF PROOF OF IDENTIFICATION.

16   The following documentation is an acceptable form [as proof] of

17   photo identification under this chapter:

18          (1)  a driver's license, election identification

19   certificate, or personal identification card issued to the person

20   by the Department of Public Safety that has not [or a similar

21   document issued to the person by an agency of another state,

22   regardless of whether the license or card has] expired or that

23   expired no earlier than 60 days before the date of presentation;

24          (2)  a United States military identification card that

25   contains the person's photograph that has not expired or that

26   expired no earlier than 60 days before the date of presentation

27   [form of identification containing the person's photograph that

82R24861 JRJ-D                         9

TX_00003528

S.B. No. 14

1  ~~establishes the person's identity~~];

2            (3)  a [~~birth certificate or other document confirming~~

3  ~~birth that is admissible in a court of law and establishes the~~

4  ~~person's identity~~,

5            [~~(4)~~] United States citizenship <u>certificate</u> [~~papers~~]

6  issued to the person <u>that contains the person's photograph</u>;

7            <u>(4)</u> [~~(5)~~]  a United States passport issued to the

8  person <u>that has not expired or that expired no earlier than 60 days</u>

9  <u>before the date of presentation</u>; <u>or</u>

10            <u>(5)  a license to carry a concealed handgun issued to</u>

11  <u>the person by the Department of Public Safety that has not expired</u>

12  <u>or that expired no earlier than 60 days before the date of</u>

13  <u>presentation</u>

14            [~~(6)  official mail addressed to the person by name~~

15  ~~from a governmental entity~~,

16            [~~(7)  a copy of a current utility bill, bank statement,~~

17  ~~government check, paycheck, or other government document that shows~~

18  ~~the name and address of the voter; or~~

19            [~~(8)  any other form of identification prescribed by~~

20  ~~the secretary of state~~].

21       SECTION 15.  Section 63.011, Election Code, is amended by

22  amending Subsections (a) and (b) and adding Subsection (b-1) to

23  read as follows:

24       (a)  A person to whom Section <u>63.001(g)</u> [~~63.008(b)~~] or <u>63.009</u>

25  [~~63.009(a)~~] applies may cast a provisional ballot if the person

26  executes an affidavit stating that the person:

27            (1)  is a registered voter in the precinct in which the

TX_00003529

S.B. No. 14

1   person seeks to vote; and

2           (2)   is eligible to vote in the election.

3       (b)   A form for an affidavit required by this section must

4   [shall] be printed on an envelope in which the provisional ballot

5   voted by the person may be placed and must include:

6           (1)   a space for entering the identification number of

7   the provisional ballot voted by the person; and

8           (2)   a space for an election officer to indicate

9   whether the person presented a form of identification described by

10  Section 63.0101.

11      (b-1)   The affidavit form may include space for disclosure of

12  any necessary information to enable the person to register to vote

13  under Chapter 13.   The secretary of state shall prescribe the form

14  of the affidavit under this section.

15      SECTION 16.   Section 64.012(b), Election Code, is amended to

16  read as follows:

17      (b)   An offense under this section is a felony of the second

18  [third] degree unless the person is convicted of an attempt.    In

19  that case, the offense is a state jail felony [Class A misdemeanor].

20      SECTION 17.   Section 65.054(b), Election Code, is amended to

21  read as follows:

22      (b)   A provisional ballot shall [may] be accepted [only] if

23  the board determines that:

24          (1)   [,] from the information in the affidavit or

25  contained in public records, the person is eligible to vote in the

26  election and has not previously voted in that election;

27          (2)   the person:

S.B. No. 14

1           (A) meets the identification requirements of

2 Section 63.001(b) at the time the ballot was cast or in the period

3 prescribed under Section 65.0541;

4           (B) notwithstanding Chapter 110, Civil Practice

5 and Remedies Code, executes an affidavit under penalty of perjury

6 that states the voter has a religious objection to being

7 photographed and the voter has consistently refused to be

8 photographed for any governmental purpose from the time the voter

9 has held this belief; or

10           (C) executes an affidavit under penalty of

11 perjury that states the voter does not have any identification

12 meeting the requirements of Section 63.001(b) as a result of a

13 natural disaster that was declared by the president of the United

14 States or the governor, occurred not earlier than 45 days before the

15 date the ballot was cast, and caused the destruction of or inability

16 to access the voter's identification; and

17           (3) the voter has not been challenged and voted a

18 provisional ballot solely because the voter did not meet the

19 requirements for identification prescribed by Section 63.001(b).

20      SECTION 18. Subchapter B, Chapter 65, Election Code, is

21 amended by adding Section 65.0541 to read as follows:

22      Sec. 65.0541. PRESENTATION OF IDENTIFICATION FOR CERTAIN

23 PROVISIONAL BALLOTS. (a) A voter who is accepted for provisional

24 voting under Section 63.011 because the voter does not meet the

25 identification requirements of Section 63.001(b) may, not later

26 than the sixth day after the date of the election:

27           (1) present a form of identification described by

TX_00003531

S.B. No. 14

1    Section 63.0101 to the voter registrar for examination; or

2            (2)   execute   an   affidavit   described   by   Section

3    65.054(b)(2)(B) or (C) in the presence of the voter registrar.

4            (b)   The secretary of state shall prescribe procedures as

5    necessary to implement this section.

6            SECTION 19.  Section 66.0241, Election Code, is amended to

7    read as follows:

8            Sec. 66.0241.  CONTENTS OF ENVELOPE NO. 4.  Envelope no. 4

9    must contain:

10                   (1)   the precinct list of registered voters;

11                   (2)   the registration correction list;

12                   (3)   the registration omissions list;

13                   (4)   any statements of residence executed under Section

14   63.0011; and

15                   (5)   any  affidavits  executed  under  Section  63.006

16   [63.007] or 63.011.

17           SECTION 20.  Subtitle B, Title 7, Transportation Code, is

18   amended by adding Chapter 521A to read as follows:

19           CHAPTER 521A. ELECTION IDENTIFICATION CERTIFICATE

20           Sec. 521A.001.   ELECTION IDENTIFICATION CERTIFICATE.   (a)

21   The department shall issue an election identification certificate

22   to a person who states that the person is obtaining the certificate

23   for the purpose of satisfying Section 63.001(b), Election Code, and

24   does not have another form of identification described by Section

25   63.0101, Election Code, and:

26                   (1)  who is a registered voter in this state and

27   presents a valid voter registration certificate; or

82R24861 JRJ-D                          13

S.B. No. 14

1        (2) who is eligible for registration under Section

2   13.001, Election Code, and submits a registration application to

3   the department.

4        (b) The department may not collect a fee for an election

5   identification certificate or a duplicate election identification

6   certificate issued under this section.

7        (c) An election identification certificate may not be used

8   or accepted as a personal identification certificate.

9        (d) An election officer may not deny the holder of an

10  election identification certificate the ability to vote because the

11  holder has an election identification certificate rather than a

12  driver's license or personal identification certificate issued

13  under this subtitle.

14       (e) An election identification certificate must be similar

15  in form to, but distinguishable in color from, a driver's license

16  and a personal identification certificate. The department may

17  cooperate with the secretary of state in developing the form and

18  appearance of an election identification certificate.

19       (f) The department may require each applicant for an

20  original or renewal election identification certificate to furnish

21  to the department the information required by Section 521.142.

22       (g) The department may cancel and require surrender of an

23  election identification certificate after determining that the

24  holder was not entitled to the certificate or gave incorrect or

25  incomplete information in the application for the certificate.

26       (h) A certificate expires on a date specified by the

27  department, except that a certificate issued to a person 70 years of

TX_00003533
JA_002880

TX_00003533

S.B. No. 14

1   age or older does not expire.

2        SECTION 21.  Sections 63.007 and 63.008, Election Code, are

3   repealed.

4        SECTION 22.  Effective September 1, 2011:

5             (1)  as soon as practicable, the secretary of state

6   shall adopt the training standards and develop the training

7   materials required to implement the change in law made by this Act

8   to Section 32.111, Election Code; and

9             (2)  as soon as practicable, the county clerk of each

10  county shall provide a session of training under Section 32.114,

11  Election Code, using the standards adopted and materials developed

12  to implement the change in law made by this Act to Section 32.111,

13  Election Code.

14       SECTION 23.  The change in law made by this Act in amending

15  Section 64.012(b), Election Code, applies only to an offense

16  committed on or after January 1, 2012.  An offense committed before

17  January 1, 2012, is covered by the law in effect when the offense

18  was committed, and the former law is continued in effect for that

19  purpose.  For purposes of this section, an offense is committed

20  before January 1, 2012, if any element of the offense occurs before

21  that date.

22       SECTION 24.  Effective September 1, 2011, state funds

23  disbursed under Chapter 19, Election Code, for the purpose of

24  defraying expenses of the voter registrar's office in connection

25  with voter registration may also be used for additional expenses

26  related to coordinating voter registration drives or other

27  activities designed to expand voter registration.  This section

82R24861 JRJ-D                    15

S.B. No. 14

1  expires January 1, 2013.

2      SECTION 25.  Every  provision  in  this  Act  and  every

3  application of the provisions in this Act are severable from each

4  other.   If any application of any provision in this Act to any

5  person or group of persons or circumstances is found by a court to

6  be invalid, the remainder of this Act and the application of the

7  Act's provisions to all other persons and circumstances may not be

8  affected.   All constitutionally valid applications of this Act

9  shall be severed from any applications that a court finds to be

10 invalid, leaving the valid applications in force, because it is the

11 legislature's intent and priority that the valid applications be

12 allowed to stand alone.  Even if a reviewing court finds a provision

13 of this Act invalid in a large or substantial fraction of relevant

14 cases,  the  remaining  valid  applications  shall  be  severed  and

15 allowed to remain in force.

16      SECTION 26.  Except as otherwise provided by this Act, this

17 Act takes effect January 1, 2012.

TX_00003535
JA_002882

TX_00003535

**Senate Bill 14**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION | CONFERENCE |
|---|---|---|
| No equivalent provision. | SECTION __.  Adds Section 1.005(25), Election Code, to define "early voting ballot board" to mean the early voting and provisional voting ballot board. [FA59(1)] | Same as Senate version. |
| SECTION 1.  Section 13.002, Election Code, is amended by adding Subsection (i), requiring an applicant for voter registration who wishes to receive an exemption from voter identification requirements on the basis of disability to include with the person's application a certification from a physician that the person has a disability as defined by Section 21.002, Labor Code. | SECTION 1.  Same as Senate version, except replaces the requirement that the applicant include certification from a physician that the person has a disability with the requirement that the applicant include written documentation either from the United States Social Security Administration evidencing the applicant has been determined to have a disability or from the United States Department of Veterans Affairs evidencing the applicant has a disability rating of at least 50 percent, along with a statement in a form prescribed by the secretary of state that the applicant does not have a form of identification acceptable under Section 63.0101, Election Code, as amended by the bill. | SECTION 1.  Same as House version. |
| SECTION 2.  Amends Section 15.001, Election Code. | SECTION 2. Same as Senate version. | SECTION 2.  Same as Senate version. |
| SECTION 3.  Adds Section 15.005, Election Code. | SECTION 3. Substantially the same as Senate version, except incorporates same effective date for the section that is provided in SECTION 26(b) of Senate version. | SECTION 3.  Same as House version. |
| SECTION 4.  Amends Section 15.022(a)(3), Election Code. | SECTION 4. Same as Senate version. | SECTION 4.  Same as Senate version. |
| SECTION 5.  Subchapter A, Chapter 31, Election Code, is | SECTION 5.  Substantially the same as Senate version, except | SECTION 5.  Same as Senate version, except incorporates |

Associated CCR Draft: 82R24861

1

11.117.417

TX_00003536

**Senate Bill 14**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION | CONFERENCE |
|---|---|---|
| amended by adding Section 31.012, relating to voter identification education provided by the secretary of state and the voter registrar of each county that maintains a website. Among other provisions, requires the secretary of state to conduct a statewide effort to educate voters regarding the identification requirements for voting. | requires the secretary of state's statewide effort to include education targeted at low-income and minority voters. Incorporates same effective date for the section that is provided in SECTION 26(b) of Senate version. [FA27] | effective date same as House version. |
| SECTION 6.  Section 32.111, Election Code, is amended by adding (c). | SECTION 6. Substantially the same as Senate version, except incorporates same effective date for the section that is provided in SECTION 26(b) of Senate version. | SECTION 6.  Same as House version. |
| SECTION 7.  Amends Section 32.114(a), Election Code. | SECTION 7. Substantially the same as Senate version, except incorporates same effective date for the section that is provided in SECTION 26(b) of Senate version. | SECTION 7.  Same as House version. |
| SECTION 8.  Chapter 62, Election Code, is amended by adding Section 62.016, relating to the notice and list of acceptable identification that must be posted in a prominent place on the outside of each polling location. Requires the notice and a list of the acceptable forms of identification to be printed using a font that is at least 24-point. Establishes that *the notices* required under this section *shall be* posted separately from *all other notices* required by state or federal law. | SECTION 8.  Same as Senate version, except requires only the list to be printed using a font that is at least 24-point and establishes that *the notice* under this section *must be* posted separately from *any other notice* required by state or federal law. | SECTION 8.  Same as House version. |
| SECTION 9.  Section 63.001, Election Code, is amended by amending Subsections (b), (c), (d), and (f) and adding Subsections (g) and (h) as follows: | SECTION 9.    [FA3(1)-(3);FA5;FA7;FA10;FA13(1)-(2)] Section 63.001, Election Code, is amended by amending Subsections (b), (c), (d), and (f) and adding Subsections (g), (h), and (i) to read as follows | SECTION 9.   Section 63.001, Election Code, is amended by amending Subsections (b), (c), (d), and (f) and adding Subsections (g) and (h) as follows: |

Associated CCR Draft: 82R24861

2

11.117.417

TX_00003537

**Senate Bill 14**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION | CONFERENCE |
|---|---|---|
| (b) Among other provisions, requires a voter, on offering to vote, to present to an election officer at the polling place one form of identification *listed in* Section 63.0101, except as provided by *Subsection (h)*. | (b) Same as Senate version, except refers to the forms of identification *described by* Section 63.0101 and provides exceptions in *Subsections (h) and (i)*. | (b) Same as House version, except provides an exception in *Subsection (h)* |
| (c) Among other provisions, requires the acceptance of a voter for voting if the voter submits an affidavit stating that the voter is the person on the list of registered voters and the election officer, in determining whether a voter's name is on that list, determines that the voter's name on the documentation is substantially similar but does not match exactly the name on the list. | (c) Substantially the same as Senate version, except specifies that the acceptance of a voter for voting is under Subsection (d) of this section and specifies that the election officer's determination that the voter's name on the documentation is substantially similar to but does not match exactly with the name on the list is under standards adopted by the secretary of state. | (c) Substantially the same as House version. |
| (d) Provides that if the voter's name is on the precinct list of registered voters and the voter's identity can be verified from the presented documentation the voter shall be accepted for voting. | (d) Same as Senate version, except specifies that the acceptance for voting is as determined under Subsection (c) of this section. | (d) Same as House version. |
| (f) Requiring an election officer, after determining whether to accept a voter, to return the voter's documentation to the voter. | (f) Same as Senate version. | (f) Same as Senate version. |
| (g) Among other provisions, requires the written information relating to provisional voting that is provided to a voter accepted for provisional voting because the identification requirements are not met to include, among other information, notice that *even if* all procedures are followed, *there is no guarantee that a provisional ballot will be accepted*. | (g) Among other provisions, requires the written information relating to provisional voting that is provided to a voter accepted for provisional voting because the identification requirements are not met to include, among other information, notice that *if* all procedures are followed and *the voter is found to be eligible to vote in the election, the voter's provisional ballot will be counted*. | (g) Among other provisions, requires the written information relating to provisional voting that is provided to a voter accepted for provisional voting because the identification requirements are not met to include, among other information, notice that *if* all procedures are followed and *the voter is found to be eligible to vote and is voting in the correct precinct, the voter's provisional ballot will be accepted*. |
| (h) Exempts from the voter identification requirements prescribed by Subsection (b) of this section a voter who | (h) Same as Senate version, except omits as a ground for exemption from the voter identification requirements that the | (h) Same as Senate version, except omits as a ground for exemption from the voter identification requirements that the |

Associated CCR Draft: 82R24861

11.117.417

TX_00003538

**Senate Bill 14**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION | CONFERENCE |
|---|---|---|
| presents the voter's voter registration certificate on offering to vote and was 70 years of age or older on January 1, 2012, as indicated by the date of birth on the voter's voter registration certificate, or is disabled and the voter's voter registration certificate contains the indication described by Section 15.001(c) of the bill. | voter was 70 years of age or older on January 1, 2012, and includes as a ground for exemption that the voter executes an affidavit under penalty of perjury asserting that the voter does not have identification meeting the requirements of Subsection (b) as a result of a natural disaster declared by the president of the United States or the governor. | voter was 70 years of age or older on January 1, 2012. |
| No equivalent provision. | (i) Relating to the acceptance for voting of a voter who would otherwise be accepted but for the voter identification requirements of Subsection (b) if the voter executes an affidavit within a specified period asserting that the voter's proof of identification meeting those requirements has been stolen and the voter presents to an election officer a copy of an official police report to that effect. Provides for the redaction and exemption of certain personal information of the voter on the report. | Same as Senate version. |
| SECTION 10.   Subsection (a), Section 63.0011, Election Code, is amended. | SECTION 10. Same as Senate version. | SECTION 10. Same as Senate version. |
| SECTION 11.   Chapter 63, Election Code, is amended by adding Section 63.0012. Among other provisions, requires an election officer to distribute information on obtaining identification without a fee under *Section 521.422, Transportation Code*, to each voter who, when offering to vote, presents a form of identification that will not be sufficient for acceptance as a voter under Chapter 63, Election Code, beginning with those elections. | SECTION 11.   Substantially the same as Senate version, except incorporates same effective date for the section that is provided in SECTION 26(b) of Senate version.<br><br>. | SECTION 11.  Same as House version, except refers to information on obtaining identification without a fee under *Chapter 521A, Transportation Code*. |
| SECTION 12.   Section 63.006, Election Code, is amended, relating to the acceptance for voting of a voter who presents the required documentation for voting but is not on the precinct list of registered voters. Includes as a ground for | SECTION 12.  Same as Senate version, except specifies that the voter registration certificate presented by the voter indicates that the voter is currently registered *in a different precinct in the same county as the precinct* in which the voter | SECTION 12.  Same as House version. |

Associated CCR Draft: 82R24861

4

11.117.417

TX_00003539

**Senate Bill 14**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION | CONFERENCE |
|---|---|---|

accepting such a voter for voting that the voter also presents a voter registration certificate indicating that the voter is currently registered *in a different precinct from the one* in which the voter is offering to vote. Includes among the actions an election officer must take after the voter is accepted entering *the precinct of the voter's registration as indicated by the voter's registration certificate, if applicable,* on the registration omissions list

SECTION 13. Section 63.009, Election Code, is amended.

SECTION 14. Section 63.0101, Election Code, is amended to establish the acceptable forms of photo identification for voting. Includes among those forms of identification a license to carry a concealed handgun issued to the person by the Department of Public Safety (DPS).

SECTION 15. Section 63.011, Election Code, is amended by amending Subsections (a) and (b), as follows:

(a)  Makes conforming changes.

(b) [part] Establishes that a form for an affidavit required by this section *shall be* printed on an envelope in which the provisional ballot voted by the person may be placed and must include spaces for certain information.

---

is offering to vote. Includes among the actions an election officer must take after the voter is accepted entering *the voter's name* on the registration omissions list.

SECTION 13. Same as Senate version.

SECTION 14. Same as Senate version, except specifies that, for a license to carry a concealed handgun to be an acceptable form of photo identification for voting, the license has not expired or expired no earlier than 60 days before the date of presentation. Adds as acceptable forms of photo identification for voting a valid identification card that contains the person's photograph and is issued by a tribal organization and an identification card that contains the person's photograph and is issued or approved by this state. [FA20(1),(2);FA30(1),(2)]

SECTION 15. [FA26(1),(2)] Section 63.011, Election Code, is amended by amending Subsections (a) and (b) and adding Subsections (b-1) and (f) as follows:

(a) Same as Senate version.

(b)  Same as Senate version, except specifies that the form for the affidavit *must be* printed on such an envelope.

---

SECTION 13. Same as Senate version.

SECTION 14. Same as Senate version, except includes as an acceptable form of identification an election identification certificate and includes the specification in the House version that a license to carry a concealed handgun issued to the person by DPS refers to a license that has not expired or has expired no earlier than 60 days before the date of presentation.

SECTION 15. Section 63.011, Election Code, is amended by amending Subsections (a) and (b) and adding Subsection (b-1) as follows:

(a) Same as Senate version.

(b) Same as House version.

---

Associated CCR Draft: 82R24861

5

11.117.417

TX_00003540

**Senate Bill 14**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION | CONFERENCE |
|---|---|---|
| (b) [part] Sets out requirements for the affidavit form. | (b-1) Same as Senate version. | (b-1) Same as Senate version. |
| No equivalent provision. | (f) Provides for the execution of an affidavit under certain provisions of the bill and the availability of forms for such affidavits at each polling place. | Same as Senate version. |
| SECTION 16. Subsection (b), Section 64.012, Election Code, is amended. | SECTION 16. Same as Senate version. | SECTION 16. Same as Senate version. |
| SECTION 17. Section 65.054, Election Code, is amended by amending Subsection (b) and adding Subsection (e), as follows: | SECTION 17. [FA28(1);FA53(2);FA59(2),(3)]  Section 65.054, Election Code, is amended by amending Subsections (a) and (b), as follows: | SECTION 17. Section 65.054, Election Code, is amended by amending Subsection (b) |
| No equivalent provision. | (a) Specifies that the board examining affidavits executed under Section 63.011 for determination of acceptance of provisional ballots is the early voting and provisional voting ballot board, rather than the early voting ballot board. | Same as Senate version. |
| (b) Includes among the options for meeting the identification requirements for acceptance of a provisional ballot by the early voting ballot board the determination by the board that the person meets the identification requirements of Section 63.001(b) *in the period prescribed under Section 65.054* or executes an affidavit under penalty of perjury stating that the voter is indigent and is unable to obtain proof of identification without the payment of a fee or *has a religious objection to being photographed*. Requires the *affidavit to also state that the voter has not been challenged or required to vote a provisional ballot for any other reason*. | (b) Same as Senate version, except specifies that the determination by the board that the person meets the identification requirements of Section 63.001(b) is either *at the time the ballot was cast or in the period prescribed under Section 65.054*. Adds as an option for meeting the identification requirements that the person within the prescribed period presents a temporary license issued by DPS that contains the voter's photograph.  Omits the option to execute an affidavit relating to the voter's indigence or religious objection to being photographed and the fact that the voter has not been challenged or required to vote a provisional ballot for any other reason. | (b)  Same as Senate version, except specifies that the determination by the board that the person meets the identification requirements of Section 63.001(b) is either *at the time the ballot was cast or in the period prescribed under Section 65.054*.  Omits the option to execute an affidavit relating to the voter's indigence.  Revises the option to execute an affidavit relating to a religious objection to, notwithstanding Chapter 110, Civil Practice and Remedies Code and under penalty of perjury, state that the voter *has a religious objection to being photographed and has consistently refused to be photographed for any governmental purpose from the time the voter has held this belief*. Adds an option to execute an affidavit under penalty of perjury stating that the voter does not have any identification |

**Senate Bill 14**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION | CONFERENCE |
|---|---|---|

CONFERENCE

meeting the requirements of Section 63.001(b) as a result of a natural disaster that was declared by the president of the United States or the governor, occurred not earlier than 45 days before the date the ballot was cast, and caused the destruction of or inability to access the voter's identification. Includes as a condition for accepting a provisional ballot, rather than as a required statement in the affidavit options, *that the voter has not been challenged and voted a provisional ballot solely because the voter did not meet the requirements for identification prescribed by Section 63.001(b).* [*The conference committee may have exceeded the limitations imposed on its jurisdiction, but only the presiding officer can make the final determination on this issue.*]

**SENATE VERSION**

(e) Provides for the meaning for the term "indigent," as used in this section, by reference to the Government Code.

**HOUSE VERSION**

No equivalent provision.

**CONFERENCE**

Same as House version.

**SENATE VERSION**

SECTION 18. Subchapter B, Chapter 65, Election Code, is amended by adding Section 65.0541, relating to the presentation of identification for certain provisional ballots. Among other provisions, authorizes a voter who is accepted for provisional voting under Section 63.011 because the voter does not meet the identification requirements of Section 63.001(b) to present *proof of identification* described by Section 63.0101 to the voter registrar for examination within a prescribed period or execute one of the affidavit options described in Section 65.054(b) above.

**HOUSE VERSION**

SECTION 18. Same as Senate version, except authorizes a voter within the prescribed period to present *a form of identification* described by Section 63.0101. Adds as an option for meeting the identification requirements that the person within the prescribed period presents a temporary license issued by DPS that contains the voter's photograph. Omits the affidavit options.
[FA26(3);FA28(2);FA53(3)]

**CONFERENCE**

SECTION 18. Same as Senate version, except authorizes a voter within the prescribed period to present *a form of identification* described by Section 63.0101 or execute one of the revised affidavit options described in Section 65.054(b) above.

**SENATE VERSION**

SECTION 19. Section 66.0241, Election Code.

**HOUSE VERSION**

SECTION 19. Same as Senate version.

**CONFERENCE**

SECTION 19. Same as Senate version.

**SENATE VERSION**

No equivalent provision.

**HOUSE VERSION**

SECTION __. Section 521.124, Transportation Code, is amended, relating to a temporary license issued by DPS. [FA53(1)]

**CONFERENCE**

Same as Senate version.

Associated CCR Draft: 82R24861

7

11.117.417

TX_00003542

**Senate Bill 14**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION | CONFERENCE |
|---|---|---|
| SECTION 20.  Section 521.422, Transportation Code, is amended by amending Subsection (a) to make a conforming change and adding Subsection (d) to establish that DPS *may not* collect a fee for a personal identification certificate issued to a person who states that the person is obtaining the personal identification certificate for the purpose of satisfying Section 63.001(b), Election Code, and meets certain other requirements. | SECTION 20.  Same as Senate version, except establishes that DPS *shall not* collect a fee for a personal identification certificate issued to a person who states that the person is obtaining the personal identification certificate for the purpose of satisfying Section 63.001(b), Election Code, *and does not have another form of identification described by Section 63.0101, Election Code*, and meets certain other requirements. [FA32] | SECTION 20.  Subtitle B, Title 7, Transportation Code, is amended by adding Chapter 521A, relating to election identification certificates, as follows:<br>(a) Requires DPS to issue an election identification certificate to a person who states that the person is obtaining the certificate for the purpose of satisfying Section 63.001(b), Election Code, and does not have another form of identification described by Section 63.0101, Election Code, and who is a registered voter in this state and presents a valid voter registration certificate or who is eligible for registration under Section 13.001, Election Code, and submits a registration application to the department.<br>(b) Establishes that the department *may not* collect a fee for an election identification certificate or a duplicate election identification certificate issued under this section.<br>(c) Prohibits an election identification certificate from being used or accepted as a personal identification certificate.<br>(d) Prohibits an election officer from denying the holder of an election identification certificate the ability to vote because the holder has an election identification certificate rather than a driver's license or personal identification certificate issued under this subtitle.<br>(e) Requires an election identification certificate to be similar in form to, but distinguishable in color from, a driver's license and a personal identification certificate. Authorizes DPS to cooperate with the secretary of state in developing the form and appearance of an election identification certificate.<br>(f) Authorizes DPS to require each applicant for an original or renewal election identification certificate to furnish to the department the information required by Section 521.142, Transportation Code, relating to the application requirements for an original driver's license.<br>(g) Authorizes the department to cancel and require surrender |

**Senate Bill 14**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION | CONFERENCE |
|---|---|---|
| | | of an election identification certificate after determining that the holder was not entitled to the certificate or gave incorrect or incomplete information in the application for the certificate. (h) Establishes that a certificate expires on a date specified by DPS, except that a certificate issued to a person 70 years of age or older does not expire. [*The conference committee may have exceeded the limitations imposed on its jurisdiction, but only the presiding officer can make the final determination on this issue.*] |
| No equivalent provision. | SECTION __.  Section 521.424, Transportation Code, is amended, prohibiting DPS from collecting a fee for a duplicate personal identification certificate from a person who is obtaining the certificate for the purpose of satisfying the identification requirements for voting and that the person does not have another acceptable form of identification. [FA45] | Same as Senate version. |
| SECTION 21.  Repeals Sections 63.007 and 63.008, Election Code, effective January 1, 2012. | SECTION 21.  Same as Senate version, except omits the January 1, 2012, effective date. | SECTION 21.  Same as House version. |
| SECTION 22. Transition provision. | SECTION 22. Substantially the same as Senate version, except incorporates same effective date for the section that is provided in SECTION 26(b) of Senate version. | SECTION 22.  Same as House version. |
| SECTION 23.  Saving provision relating to the change in law made by the bill applicable to an offense. | SECTION 23.  Same as Senate version, except specifies that the change in law is to Section 64.012(b), Election Code, as amended by the bill. | SECTION 23.  Same as House version. |
| SECTION 24.   Temporary provision relating to use of state funds for voter registration. | SECTION 24.   Substantially the same as Senate version, except incorporates same effective date for the section that is | SECTION 24.  Same as House version. |

Associated CCR Draft: 82R24861

9

11.117.417

TX_00003544

**Senate Bill 14**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION | CONFERENCE |
|---|---|---|
| | provided in SECTION 26(b) of Senate version. | |
| SECTION 25.   Establishes that the bill does not make an appropriation and takes effect only if a specific appropriation for the implementation of the bill is provided in a general appropriations act of the 82nd Legislature. | No equivalent provision. | Same as House version. |
| No equivalent provision. | SECTION __.   Severability provision. [FA48] | SECTION 25.   Same as House version. |
| SECTION 26.  (a)  Except as provided by Subsection (b) of this section, this Act takes effect January 1, 2012.<br>(b) The changes in law made by Sections 3, 5, 6, 7, 11, 22, and 24 of this Act take effect September 1, 2011. | SECTION 25.   Substantially the same as Senate version, except states as otherwise provided by this Act, rather than specifying sections that are effective September 1, 2011, since the effective dates are incorporated into the individual sections in the house version. | SECTION 26.  Same as House version. |

Associated CCR Draft: 82R24861

10

11.117.417

## LEGISLATIVE BUDGET BOARD
Austin, Texas

### FISCAL NOTE, 82ND LEGISLATIVE REGULAR SESSION

### May 5, 2011

**TO:** Honorable David Dewhurst, Lieutenant Governor, Senate
Honorable Joe Straus, Speaker of the House, House of Representatives

**FROM:** John S O'Brien, Director, Legislative Budget Board

**IN RE:** **SB14** by Fraser (Relating to requirements to vote, including presenting proof of
identification; providing criminal penalties.), **Conference Committee Report**

---

**Estimated Two-year Net Impact to General Revenue Related Funds** for SB14, Conference Committee
Report: a negative impact of ($2,024,000) through the biennium ending August 31, 2013.

The bill would make no appropriation but could provide the legal basis for an appropriation of funds to
implement the provisions of the bill.

---

**General Revenue-Related Funds, Five-Year Impact:**

| Fiscal Year | Probable Net Positive/(Negative) Impact to General Revenue Related Funds |
|---|---|
| 2012 | ($2,024,000) |
| 2013 | $0 |
| 2014 | $0 |
| 2015 | $0 |
| 2016 | $0 |

**All Funds, Five-Year Impact:**

| Fiscal Year | Probable Savings/(Cost) from *General Revenue Fund* 1 |
|---|---|
| 2012 | ($2,024,000) |
| 2013 | $0 |
| 2014 | $0 |
| 2015 | $0 |
| 2016 | $0 |

**Fiscal Analysis**

The bill would exempt certain disabled voters from presenting additional identification for voting,
other than the voter registration certificate, if the voter submits written document from the United
States Social Security Administration evidencing the applicant has a disability or the Department of
Veterans Affairs evidencing the applicant has a disability rating of at least 50 percent along with a
statement that the applicant does not have an acceptable form of identification. The bill would also
require voter registration certificates to contain an indication that the disabled voter is exempted from
presenting additional identification, other than the voter registration certificate, before being accepted
for voting.

The bill would require the voter registrar of each county to provide a notice of identification

requirements for voting with each initial voter registration certificate or renewal registration certificate issued. The Secretary of State (SOS) and the voter registrar of each county that maintains a website would be required to post on their websites, in each language in which voter registration materials are available, a notice of the identification requirements, and county clerks would be required to post a physical copy in each language voter registration materials are available. SOS would be required to prescribe the wording of these notices. SOS would also be required to establish a statewide effort to educate voters regarding the identification requirements for voting.

The bill would require training standards to include instructions on the acceptance and handling of the identification presented by a voter to an election officer and each election clerk would be required to complete this training.

The presiding judge at each polling place would be required to post in a prominent location outside of the location a list of the acceptable forms of identification and the list would have to be separate from any other notices.

The Secretary of State would be required to develop standards for accepting voters when determining whether the voter's name on the voter's form of identification is substantially similar when the name does not match exactly with the name on the list of registered voters and the voter submits an affidavit stating that the voter is the person on the list of registered voters.

The Secretary of State would be required to prescribe the wording for written notifications of the identification requirements for voting beginning with elections held after January 1, 2012 and election officers would be required to provide this written notification of voting identification requirements and information on obtaining identification without a fee to voters who do not meet identification requirements. This section would expire September 1, 2017.

The Secretary of State would be required to prescribe procedures for voters who provisionally vote without proper identification to present proof of identification to the voter registrar not later than the sixth day after the date of the election.

The bill would require the Department of Public Safety (DPS) to issue an election identification certificate (certificate) to a person who states that the person is obtaining the certificate to meet voting identification requirements and presents a valid voter registration certificate or submits a valid voter registration application. DPS would be prohibited from collecting a fee for the certificate or a duplicate certificate. The certificate would not be allowed to be used or accepted as a personal identification certificate. The certificate would be required to be similar in form to, but distinguishable in color from, a driver's license and a personal identification certificate. DPS and the Secretary of State would be allowed to cooperate in developing the form and appearance of the certificate. DPS would determine the expiration date of the certificate except that a certificate issued to a person 70 years of age or older would not expire.

The bill would repeal Sections 63.007 and 63.008 of the Election Code related to voters with incorrect certificates who are not on the voter list and voters without certificates who are not on the voter list.

The Secretary of State (SOS) would be required to adopt the training standards and to develop training materials as soon as practicable after September 1, 2011. Each county clerk would be required to provide a session of training using the standards adopted by and the materials developed by SOS as soon as practicable as well.

The bill would change an offense under this section after January 1, 2012 to a second degree felony from a third degree felony unless the person is convicted of an attempt, in which case, the offense would be a state jail felony instead of a Class A misdemeanor.

The bill would expand the uses of state funds disbursed under Chapter 19 of the Election Code to include additional expenses related to coordinating voter registration drives or other activities designed to expand voter registration. This section would expire January 1, 2013.

The bill would state that if any provision in the bill is found by a court to be invalid, the remainder of

TX_00003547

the bill would be allowed to stand alone.

Certain sections would be effective September 1, 2011.  The remainder of the bill would be effective January 1, 2012.

**Methodology**

The fiscal impact of the bill excluding technology costs is estimated to be $2,000,000 million for fiscal year 2012 out of the General Revenue Fund. The estimate includes $0.5 million to research and develop ways to inform the public of the new identification requirements.  Additional costs are estimated to be $1.5 million for media advertisements: television ($750,000), radio ($300,000), print ($300,000), and internet ($150,000).  The Secretary of State indicates that federal funds associated with the Help America Vote Act (HAVA) may be available for use but the agency would first need to verify this with the federal government.

The Secretary of State would also be required to prescribe the wording for voter identification requirement notifications in each language voter registration materials are available, develop training materials on voter identification requirements, and develop standards for accepting voters when determining whether the voter's name on the voter's form of identification is substantially similar to the name on the list of registered voters.  It is assumed that any fiscal implication associated with these responsibilities could be absorbed within existing resources.

The fiscal impact of expanding the uses of funds disbursed under Chapter 19 of the Election Code to include coordinating voter registration drives or other activities designed to expand voter registration is unknown because it is not known how many voter registration drives or other activities designed to expand voter registration would occur.

The fiscal impact of the costs from the prohibition of DPS to collect a fee for an election identification certificate and duplicate certificate issued to a person seeking the certificate for the purpose of voting is unknown because it is not known how many people would make a request for an election identification certificate for voting.

**Technology**

The technology fiscal impact of the bill is estimated to be $24,000 for programming costs associated with creating an indicator on voter registration certificates for voters with certain disabilities.  The notification would inform election officers at polling places that voters with certain disabilities are exempted from presenting additional identification other than the voter registration certificate.  The Secretary of State indicates that federal funds associated with the Help America Vote Act (HAVA) may be available for use but the agency would first need to verify this with the federal government.

**Local Government Impact**

The bill would require counties to notify registered voters of changes online if the county maintains a website, at polling locations, and included with voter registration certificates. Election clerks would be required to undergo training regarding accepted forms of voter identification. The bill would also require an applicant who wishes to receive an exemption from certain voter identification requirements on the basis of disability to include with the person's application documentation that the applicant has been determined to have a disability.

Texas Association of Counties (TAC) gathered the following information from counties:

Bexar County stated that due to limited space on current registration certificates, larger cards would be necessary resulting in additional costs of $381,256 for cards, printing and postage. Bexar County also reported costs of $1,500 for providing voter ID informational posters in Spanish and English in 24-point font, and $2,500 in new costs per election regarding printing new forms and provisional envelopes for information for voters not accepted for voting because of failure to present the required identification. Bexar County also anticipates $50,000 in new costs associated with scanning disability

TX_00003548

affidavits and another $50,000 associated with being required to validate provisional envelopes.

Brazoria County estimated that the county clerk would be responsible $1,500 in new costs to reprint provisional envelopes. The Brazoria County Tax Assessor-Collector anticipates $40,159 in new costs associated with printing provisional envelopes, in addition to the costs of printing new voter information (Brazoria County reported that these costs would vary depending on the specific requirements of the information to be provided).

Tarrant County anticipated a one-time cost of $8,000 to reprint provisional balloting materials and provide new notices.

Comal County anticipated approximately $30,000 in new costs per election for staff at voting precincts and the early voting ballot board. The Comal County Tax Office reported costs of $2,860 to print identification requirements, $22,700 for envelopes, and $19,880 for postage to comply with the provisions of the bill.

**Source Agencies:**
**LBB Staff:** JOB, SD, MS, BTA

## Certification of Compliance with
## Rule 13, Section 6(b), House Rules of Procedure

Rule 13, Section 6(b), House Rules of Procedure, requires that a copy of a conference committee report signed by a majority of each committee of the conference must be furnished to each member of the committee in person or if unable to deliver in person by placing a copy in the member's newspaper mailbox at least one hour before the report is furnished to each member of the house under Section 10(a) of this rule. The paper copies of the report submitted to the chief clerk under Section 10(b) of this rule must contain a certificate that the requirement of this subsection has been satisfied, and that certificate must be attached to the printed copy of the report furnished to each member under Section 10(d) of this rule. Failure to comply with this subsection is not a sustainable point of order under this rule.

I certify that a copy of the conference committee report on ___5___ B. ___14___ was furnished to each member of the conference committee in compliance with Rule 13, Section 6(b), House Rules of Procedure, before submission of the paper copies of the report to the chief clerk under Section 10(b), Rule 13, House Rules of Procedure.

_____              _____
(name)                                                              (date)

1

RE:  Adoption of Conference Committee Report on

SB14-VOTER ID  #123308686

Transcribed by Lynne M. Rodriguez, CSR



Toll Free: 800.211.DEPO
Facsimile: 512.328.8139

Suite 220
3101 Bee Caves Road
Austin, TX 78746
www.esquiresolutions.com

TX_00056792

2

1          LIEUTENANT GOVERNOR DEWHURST:  The Chair

2     lays out the following resolution, Senate Resolution

3     Number 935 by Senator Fraser.  The secretary will read

4     the resolution.

5          SECRETARY:  Senate Resolution 935.

6     Suspending limitations on conference committee

7     jurisdiction on Senate Bill 14.

8          LIEUTENANT GOVERNOR DEWHURST:  The chair

9     recognizes Senator Fraser to explain the resolution.

10          SENATOR FRASER:  Members, Senate

11     Resolution 935 is an outside the bounds resolution.

12     This resolution will allow the conference committee

13     report on SB 14 to go outside the bounds to make a

14     couple of minor changes.

15          We have created a new free election ID to be

16     issued by the DPS instead of using a DPS issued personal

17     ID.  This change was done at the request of TXDot.

18          With the creation of this new ID, we added it

19     to the list of identification that may be acceptable at

20     a poll location.  We clarified the religious exemption,

21     exception language that Senator Duncan added as a Senate

22     floor amendment and then we made conforming changes, and

23     I would answer any questions anyone would have.

24          LIEUTENANT GOVERNOR DEWHURST:  Senator

25     Ellis, for what purpose you rise, sir?



Toll Free: 800.211.DEPO
Facsimile: 512.328.8139

Suite 220
3101 Bee Caves Road
Austin, TX 78746
www.esquiresolutions.com

JA_002899

TX_00056793

3

1          MR. ELLIS:  To ask of questions of
2     questions.
3          LIEUTENANT GOVERNOR DEWHURST:  Will
4     Senator Fraser yield?
5          SENATOR FRASER:  I will yield.
6          SENATOR ELLIS:  This is a vote ID bill, I
7     assume.
8          SENATOR FRASER:  This is the out of
9     bounds resolution to the voter ID bill, photo voter ID
10    bill, Senate Bill 14.
11         SENATOR ELLIS:  And can you walk us
12    through again a little slower and tell us what you're
13    trying to do?
14         SENATOR FRASER:  The out of bounds
15    resolution, we had a request by TXDot and we have
16    created a new free election ID to be issued by DPS
17    instead of using a DPS issued personal ID.
18         SENATOR ELLIS:  And how much will it
19    cost?
20         SENATOR FRASER:  There's no significant
21    cost on it.
22         SENATOR ELLIS:  There's no significant
23    cost to create a new voter ID?
24         SENATOR FRASER:  It's in replacement of
25    the one they were doing.



Toll Free: 800.211.DEPO
Facsimile: 512.328.8139

Suite 220
3101 Bee Caves Road
Austin, TX 78746
www.esquiresolutions.com

TX_00056794

4

    1                SENATOR ELLIS:  And what else are you
    2    doing on page two here?
    3                SENATOR FRASER:  We changed the
    4    verbiage.  We had to add this new ID to the list of
    5    things that would be accepted at the poll location.
    6                SENATOR ELLIS:  And what else are you
    7    doing?
    8                SENATOR FRASER:  We clarified the
    9    religious exemption language that Senator Duncan added
   10    as a floor amendment.
   11                SENATOR ELLIS:  That would be the top of
   12    page three and then at the bottom of page three is this
   13    identification certificate?
   14                SENATOR FRASER:  Senator, one second.
   15                SENATOR ELLIS:  Yes, I'm looking at the
   16    resolution, on page three.  So the bottom of page three
   17    is what I was asking about, where it has, "Election
   18    Identification Certificate."
   19                SENATOR FRASER:  Got it, and I'm sorry,
   20    my ears are not working well today.  You may need to --
   21                You're asking about the language on the
   22    bottom of page two of the -- Yes.
   23                SENATOR ELLIS:  Page three.
   24                SENATOR FRASER:  Page three?
   25                SENATOR ELLIS:  Yes, the bottom of page



Toll Free: 800.211.DEPO
Facsimile: 512.328.8139

Suite 220
3101 Bee Caves Road
Austin, TX 78746
www.esquiresolutions.com

TX_00056795

5

1       three.  So that's the identification certificate?

2                  SENATOR FRASER:  That is the -- that is

3       the question you asked about the DPS election

4       identification?

5                  SENATOR ELLIS:  Okay.  And then I see on

6       page four, "Certificate expires on a date specified by

7       the department, except that a certificate issued to a

8       person 70 years of age or older does not expire."

9              Is that a change, when you don't let the

10      certificate expire for someone older than 70?

11                 SENATOR FRASER:  Let me clarify

12      something.  And I'm being advised that that just says

13      that anyone that has an identification certificate, when

14      they reach 70, will not expire.

15                 SENATOR ELLIS:  Okay.  I just, I want to

16      make sure so that the members do know that by this

17      resolution to go outside the bounds, what you're going

18      to do is move that expiration date up to 70 instead of

19      65.  I think in your original bill, you had it at 65, so

20      this moves it up to 70.

21                 SENATOR FRASER:  It's always been 70, I

22      believe.  We just picked this language up and it is just

23      saying that someone 70 years of age, their certificate

24      will not expire.

25                 SENATOR ELLIS:  I'm just trying to figure



Toll Free: 800.211.DEPO
Facsimile: 512.328.8139

Suite 220
3101 Bee Caves Road
Austin, TX 78746
www.esquiresolutions.com

JA_002902

TX_00056796

6

1     out -- I knew it was a bad bill, I'm just trying to

2     decide, by going outside the bounds, if you're making it

3     any worse of is this just the same bad bill you had

4     before.  I'll ask the Secretary of State.  I'll ask the

5     Secretary of State.

6                     LIEUTENANT GOVERNOR DEWHURST:  Senator

7     Van de Putte, for what purpose do you rise?

8                     SENATOR VAN DE PUTTE:  To ask some

9     questions of the author of the resolution.

10                    LIEUTENANT GOVERNOR DEWHURST:  Will the

11    Senator Fraser yield to Senator Van de Putte?

12                    SENATOR VAN DE PUTTE:  It's okay

13    senator.  I'll wait until you're --

14                    SENATOR FRASER:  I may be able to hear

15    you.  My ears are not working today so let's try it

16    without it first.

17                    SENATOR VAN DE PUTTE:  Okay.  Thank you,

18    Senator Fraser.  Just a few questions.  This new

19    election certificate, or it's an election ID, will be

20    able to be obtained at any DPS office?

21                    SENATOR FRASER:  That is correct.

22                    SENATOR VAN DE PUTTE:  So any place now

23    where someone can go for either a driver's license or an

24    identification card, they will also be able to go to get

25    an election certificate?



Toll Free: 800.211.DEPO
Facsimile: 512.328.8139

Suite 220
3101 Bee Caves Road
Austin, TX 78746
www.esquiresolutions.com

TX_00056797

SECTION 1:46 :00 TO 2:08:30                          MAY 09, 2011

7

1              SENATOR FRASER:  That is correct.

2              SENATOR VAN DE PUTTE:  Will the same

3      identification or document requirements be requested for

4      an election identification certificate as is right now

5      an ID from the Department of Public Safety?

6              SENATOR FRASER:  Yes.

7              SENATOR VAN DE PUTTE:  And since, in our

8      -- I think it's in our DPS code right now, it says it

9      could be used a photo, or there is a biometric

10     identifier.  Your's is restricted to photo on this, but

11     is not another biometric identifier?

12             SENATOR FRASER:  I was about to ask to

13     see if Senator Williams wanted to answer that.  I'm

14     sorry, I don't know the answer to that question.  We

15     could.

16             Could I yield to Senator Williams,

17     please, on that question?

18             SENATOR VAN DE PUTTE:  Absolutely.  If

19     somebody would recognize Mr. Williams.

20             SENATOR FRASER:  Mr. President, would you

21     allow me to yield to Senator Williams to answer her

22     question?

23             LIEUTENANT GOVERNOR DEWHURST:  Senator

24     Williams is recognized.

25             SENATOR WILLIAMS:  Thank you.  Senator



Toll Free: 800.211.DEPO
Facsimile: 512.328.8139

Suite 220
3101 Bee Caves Road
Austin, TX 78746
www.esquiresolutions.com

TX_00056798

8

1    Van de Putte, I believe they're requiring a photo ID

2    here.  The personal identification card or your

3    identification card has biometric identification.  This

4    does not; cannot be used for any other purpose than to

5    go vote, so a photo will suffice, but I think usually

6    the biometric information is in the form of a

7    photograph, and so it's just encoded into the

8    photograph, so I don't think that, from a practical

9    standpoint, anyone is going to see any difference.

10              SENATOR VAN DE PUTTE:  Okay.  Thank you

11   very much.  I thought it was a photo, but since some of

12   the code in DPS statute does allow for a biometric, but

13   this biometric is the photo, I appreciate that.

14              My other question, Senator Fraser, is on

15   page three.  Let me see if I understand the out of

16   bounds legislation, how it's going to work.

17              If the voter does not meet the

18   identification requirements --

19              SENATOR FRASER:  I'm sorry, where are

20   you?

21              SENATOR VAN DE PUTTE:  Top of page three,

22   line two, section A.

23              SENATOR FRASER:  Okay, which line?

24              SENATOR VAN DE PUTTE:  Line 2, top of the

25   page.



Toll Free: 800.211.DEPO
Facsimile: 512.328.8139

Suite 220
3101 Bee Caves Road
Austin, TX 78746
www.esquiresolutions.com

TX_00056799

9

1          SENATOR FRASER:  Okay.

2          SENATOR VAN DE PUTTE:  Let me see if I

3  follow this correctly.  So a voter that's going to be

4  voting provisional because they do not have the

5  identification requirements, so they don't have a photo

6  ID, they don't meet the requirements of the new law, not

7  later than the sixth day, they have to come back and

8  show a form of identification that are all the different

9  forms there, or they can just execute an affidavit

10  described?

11          SENATOR FRASER:  Yes.

12          SENATOR VAN DE PUTTE:  Okay.  So they

13  come back -- This is what I don't understand.

14          So if you're going to vote provisionally

15  because you don't have an identification with a photo,

16  you can either come back within six days or you can just

17  execute an affidavit?

18          SENATOR FRASER:  That is correct.

19          SENATOR VAN DE PUTTE:  And now this new

20  election identification certificate, would you imagine

21  that the requirements for expiration date on that would

22  be similar to what is currently the time frame for

23  expiration of driver's license or IDs?

24          SENATOR FRASER:  I believe that is

25  correct, except with H, and the certificate expires on



ESQUIRE
DEPOSITION SOLUTIONS

Toll Free: 800.211.DEPO
Facsimile: 512.328.8139

Suite 220
3101 Bee Caves Road
Austin, TX 78746
www.esquiresolutions.com

TX_00056800

10

```
 1    the date specified with the department, except the

 2    certificate issued to a person 70 years of age or older

 3    does not expire, so if you're at 70, then once you reach

 4    70, it does not expire.

 5                 SENATOR VAN DE PUTTE:  Thank you,

 6    Senator.  I don't have any other questions.  Thank you

 7    very much.

 8                 NEW SPEAKER:  Mr. President, would the

 9    gentleman yield?

10                 NEW SPEAKER:  I'll be glad to yield.

11                 LIEUTENANT GOVERNOR DEWHURST:  Senator

12    Whitmire is recognized.

13                 NEW SPEAKER:  Would the gentleman yield?

14                 LIEUTENANT GOVERNOR DEWHURST:  Will

15    Senator Fraser yield to Senator Whitmire?

16                 SENATOR FRASER:  Yes, I will yield.

17                 SENATOR WHITMIRE:  You're using your

18    phone while you're trying to talk to me?

19                 SENATOR FRASER:  I am.  I multi-task.

20                 SENATOR WHITMIRE:  There probably ought

21    to be a law against there.  Senator Fraser, help me

22    understand how those who need the ID through the DPS

23    will access those facilities.

24                 Repeatedly in Finance, we hear testimony,

25    certainly in Harris County, it talks two or three hours
```



Toll Free: 800.211.DEPO
Facsimile: 512.328.8139

Suite 220
3101 Bee Caves Road
Austin, TX 78746
www.esquiresolutions.com

ESQUIRE
DEPOSITION SOLUTIONS

TX_00056801

11

1   to get a driver's license renewal or the initial

2   document.  In fact, Senator Williams has a very

3   promising project to do some megacenters.  We've raised

4   a significant number of fees to pay for it, but as I

5   talk to you today, is it not a real possibility, in

6   fact, a probability, that folks who are now under the

7   voter ID that are going to need a new driver's license,

8   state ID for purposes to vote, are probably looking up

9   at to a three hour wait to get that document?

10              SENATOR FRASER:  The data that I remember

11  from the hearings showed that it is in the mid to high

12  90 percentage-wise of the people that already have an

13  ID, one of the forms acceptable, so we're expecting the

14  bulk --

15              SENATOR WHITMIRE:  Obviously if you have

16  one, this wouldn't apply, but those that are now voting

17  most of their lives without these document, now you're

18  going to require everyone to have one, and your

19  legislation provides for a state ID through the DPS.

20  And are you familiar with the lines in Houston, up to

21  three hours, just to get basic driver's license renewals

22  and new driver's license permits?

23              SENATOR FRASER:  And my understanding is

24  that Senator Williams is attempting to address that, and

25  I understand in Houston, it may be a problem, but that's



Toll Free: 800.211.DEPO
Facsimile: 512.328.8139

Suite 220
3101 Bee Caves Road
Austin, TX 78746
www.esquiresolutions.com

JA_002908

TX_00056802

12

1     not true statewide.  I renewed mine in Marble Falls this

2     year and it took me about four minutes.

3              SENATOR WHITMIRE:  Well, I'm glad the

4     people in Marble Falls don't have a three hour wait like

5     we do in Harris County.  Also I think there was

6     testimony that some of the inquiries to the office is

7     80,000 calls, and Tommy Williams would have to help me,

8     it's either a month or a year, I think it's a month,

9     yes, that go unanswered at the DPS offices.

10             Let me ask about the distance that some

11    remote areas or less dense areas of west Texas would

12    have to travel to get your new document.  The sonogram

13    bill allowed a hundred mile exemption.  If you have to

14    travel a hundred miles to have a sonogram, you're not

15    covered by that legislation, or certainly you don't have

16    the 24 hour requirement.  If you have to travel over a

17    hundred miles in west Texas to get this voter ID

18    document, are you still going to have to do it or you

19    got some consideration for the Senator Uresti exception

20    the sonogram bill got?

21             I would think the right to vote is

22    pretty -- may not be as high as a priority as the

23    sonogram bill to some folks on this floor but I think

24    the precious right and your freedom to exercise your

25    right to vote would be almost that important, it


ESQUIRE
DEPOSITION SOLUTIONS

Toll Free: 800.211.DEPO
Facsimile: 512.328.8139

Suite 220
3101 Bee Caves Road
Austin, TX 78746
www.esquiresolutions.com

TX_00056803

13

1    certainly is to me.  So what about the remote areas of

2    west Texas where you might not have a DPS office for

3    hundreds of miles?

4               SENATOR FRASER:  Again, DPS, we've asked

5    them to look at that to attempt to address, and

6    obviously we're going everything we can to not --

7               SENATOR WHITMIRE:  Well, let me just ask

8    you, are you not worried about the unintended

9    consequences of this legislation?  I mean, obviously you

10   got the votes to pass it this morning, but you're not

11   worried about people who just don't have the time to

12   take off work in the more urban settings, where there's

13   more long lines, and the remote areas, so you think

14   there's some unattended consequences that would keep

15   people from exercising their right to vote?

16              SENATOR FRASER:  We are very confident

17   that these people will, you know, exercise their both

18   right and they will get the ID's and we believe they

19   will vote.

20              SENATOR WHITMIRE:  Is there any kind of

21   transition period where people, if they find themselves

22   unable to, they're still going to be able to vote?  You

23   know, I think the Justice Department might kind of frown

24   on any barriers such as distance or the unavailability

25   of offices in urban areas, being able to exercise your



ESQUIRE
DEPOSITION SOLUTIONS

Toll Free: 800.211.DEPO
Facsimile: 512.328.8139

Suite 220
3101 Bee Caves Road
Austin, TX 78746
www.esquiresolutions.com

JA_002910

14

1    right to vote.

2              I don't think the writers of our

3    Constitution ever anticipated for you to vote and

4    exercise that precious freedom having to travel across

5    Texas to get a permit to be able to vote, or go wait in

6    align in my district for three hours.  That probably

7    violates two or three Constitutional rights, would you

8    not agree?

9              SENATOR FRASER:  We believe that the bill

10   is drafted that people will be able to comply.

11             SENATOR WHITMIRE:  Have you checked with

12   the Justice Department on these requirements and the

13   requirement to wait in line for three hours not to vote

14   but to get the permit which would then you allow you to

15   go vote?

16             SENATOR FRASER:  Well, we believe

17   everybody will be able to get an ID and be able to vote.

18             SENATOR WHITMIRE:  Okay.  Well, thank you

19   for answering my questions.

20             LIEUTENANT GOVERNOR DEWHURST:  Members,

21   the question before us is the adoption of the

22   resolution, Senate Resolution Number 935.

23             If there's no further questions, the

24   secretary will call the role.

25             SECRETARY:  Birdwell, Carona, Davis.



Toll Free: 800.211.DEPO
Facsimile: 512.328.8139

Suite 220
3101 Bee Caves Road
Austin, TX 78746
www.esquiresolutions.com

TX_00056805

15

```
 1    Deuell, Duncan, Ellis, Eltife, Estes, Fraser, Gallegos,
 2    Harris, Hegar, Hinajosa, Huffman, Jackson, Lucio,
 3    Nelson, Nichols, Ogden, Patrick, Rodriguez, Seliger,
 4    Shapiro, Uresti, Van de Putte, Watson, Wentworth, West,
 5    Whitmire, Williams, Zaffirini.
 6              LIEUTENANT GOVERNOR DEWHURST:  Members,
 7    there being 19 "I's" and 12 "Nay's," the resolution is
 8    adopted.
 9              The Chair recognizes Senator Fraser for a
10    motion on the conference committee report on Senate Bill
11    14.
12              SENATOR FRASER:  Members, the Senate Bill
13    14, the bill that passed out of the Senate that that
14    almost virtually everything that was in that bill
15    carried forward, the conference committee report, the
16    committee has agreed on the following:  Require voters
17    to show a photo ID except that certain disabled people
18    may continue to vote with just their voter registration
19    card.  Except by photo ID includes an unexpired card by
20    DPS.  For most of us, this will be a driver's license, a
21    military ID, a passport, a CHL or a citizenship
22    certificate with photo.  Require the DPS to provide a
23    free photo election ID.
24              This is a new format to any requested
25    voter who requests an ID.
```



Toll Free: 800.211.DEPO
Facsimile: 512.328.8139

Suite 220
3101 Bee Caves Road
Austin, TX 78746
www.esquiresolutions.com

JA_002912

TX_00056806

16

1        Allow voter to cast a provisional vote if

2   he or she does not have a photo ID and return within six

3   days to have the ballots counted.  Provides a

4   provisional ballot to be counted if voters show

5   acceptable photo ID or signed affidavit that voter has

6   religious exemption to getting photo taken or lost ID

7   during recent natural disaster.

8        It requires the Secretary of State and

9   voter registrars to educate the public and train

10  election workers on the new requirements, including

11  mailing notice to each vote and posting notice outside

12  all polling places.  It increases the criminal penalty

13  for illegal voting, which is mandatory jail time.

14       If there's no other questions, I would

15  move adoption of the conference committee report on

16  Senate Bill 14.

17       LIEUTENANT GOVERNOR DEWHURST:  Members,

18  Senator Fraser moves the adoption of the conference

19  committee report on Senate Bill 14.  If there's no

20  additional questions, the secretary will call the role.

21       SECRETARY:  Birdwell, Carona, Davis.

22  Deuell, Duncan, Ellis, Eltife, Estes, Fraser, Gallegos,

23  Harris, Hegar, Hinajosa, Huffman, Jackson, Lucio,

24  Nelson, Nichols, Ogden, Patrick, Rodriguez, Seliger,

25  Shapiro, Uresti, Van de Putte, Watson, Wentworth, West,



**ESQUIRE**
DEPOSITION SOLUTIONS

Toll Free: 800.211.DEPO
Facsimile: 512.328.8139

Suite 220
3101 Bee Caves Road
Austin, TX 78746
www.esquiresolutions.com

JA_002913

SECTION 1:46 :00 TO 2:08:30                                    MAY 09, 2011

17

1      Whitmire, Williams, Zaffirini.

2                  LIEUTENANT GOVERNOR DEWHURST:  Members,

3      there being 19 "I's" and 12 "Nay's," the conference

4      committee report on Senate Bill 14 is adopted.  Thank

5      you, Members.

6                  (End of CD.)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25



Toll Free: 800.211.DEPO
Facsimile: 512.328.8139

Suite 220
3101 Bee Caves Road
Austin, TX 78746
www.esquiresolutions.com

JA_002914

TX_00056808