Westlaw

Ga. Code Ann., § 21-2-417                                                                                                              Page 1



**Effective: January 26, 2006**

West's Code of Georgia Annotated Currentness
  Title 21. Elections (Refs & Annos)
    Chapter 2. Elections and Primaries Generally (Refs & Annos)
      Article 11. Preparation for and Conduct of Primaries and Elections (Refs & Annos)
        Part 1. General Provisions
          →→ **§ 21-2-417. Proper identification; presentation to poll worker; provisional ballots; false affirmation; penalty**

(a) Except as provided in subsection (c) of this Code section, each elector shall present proper identification to a poll worker at or prior to completion of a voter's certificate at any polling place and prior to such person's admission to the enclosed space at such polling place. Proper identification shall consist of any one of the following:

  (1) A Georgia driver's license which was properly issued by the appropriate state agency;

  (2) A valid Georgia voter identification card issued under Code Section 21-2-417.1 or other valid identification card issued by a branch, department, agency, or entity of the State of Georgia, any other state, or the United States authorized by law to issue personal identification, provided that such identification card contains a photograph of the elector;

  (3) A valid United States passport;

  (4) A valid employee identification card containing a photograph of the elector and issued by any branch, department, agency, or entity of the United States government, this state, or any county, municipality, board, authority, or other entity of this state;

  (5) A valid United States military identification card, provided that such identification card contains a photograph of the elector; or

  (6) A valid tribal identification card containing a photograph of the elector.

(b) Except as provided in subsection (c) of this Code section, if an elector is unable to produce any of the items of identification listed in subsection (a) of this Code section, he or she shall be allowed to vote a provisional ballot pursuant to Code Section 21-2-418 upon swearing or affirming that the elector is the person identified in the elector's voter certificate. Such provisional ballot shall only be counted if the registrars are able to verify current



© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

and valid identification of the elector as provided in subsection (a) of this Code section within the time period for verifying provisional ballots pursuant to Code Section 21-2-419. Falsely swearing or affirming such statement under oath shall be punishable as a felony, and the penalty shall be distinctly set forth on the face of the statement.

(c) An elector who registered to vote by mail, but did not comply with subsection (c) of Code Section 21-2-220, and who votes for the first time in this state shall present to the poll workers either one of the forms of identification listed in subsection (a) of this Code section or a copy of a current utility bill, bank statement, government check, paycheck, or other government document that shows the name and address of such elector. If such elector does not have any of the forms of identification listed in this subsection, such elector may vote a provisional ballot pursuant to Code Section 21-2-418 upon swearing or affirming that the elector is the person identified in the elector's voter certificate. Such provisional ballot shall only be counted if the registrars are able to verify current and valid identification of the elector as provided in this subsection within the time period for verifying provisional ballots pursuant to Code Section 21-2-419. Falsely swearing or affirming such statement under oath shall be punishable as a felony, and the penalty shall be distinctly set forth on the face of the statement.

CREDIT(S)

Laws 1997, p. 662, § 3; Laws 1998, p. 295, § 1; Laws 2001, p. 230, § 15; Laws 2003, Act 209, § 48, eff. July 1, 2003; Laws 2005, Act 53, § 59, eff. July 1, 2005; Laws 2006, Act 432, § 2, eff. Jan. 26, 2006.

HISTORICAL AND STATUTORY NOTES

The 2005 amendment by Act 53 rewrote the section which had read:

"(a) Each elector shall present proper identification to a poll worker at or prior to completion of a voter's certificate at any polling place and prior to such person's admission to the enclosed space at such polling place. Proper identification shall consist of any one of the following:

   "(1) A valid Georgia driver's license;

   "(2) A valid identification card issued by a branch, department, agency, or entity of the State of Georgia, any other state, or the United States authorized by law to issue personal identification;

   "(3) A valid United States passport;

   "(4) A valid employee identification card containing a photograph of the elector and issued by any branch, department, agency, or entity of the United States government, this state, or any county, municipality, board, authority, or other entity of this state;

   "(5) A valid employee identification card containing a photograph of the elector and issued by any employer of the elector in the ordinary course of such employer's business;

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

"(6) A valid student identification card containing a photograph of the elector from any public or private college, university, or postgraduate technical or professional school located within the State of Georgia;

"(7) A valid Georgia license to carry a pistol or revolver;

"(8) A valid pilot's license issued by the Federal Aviation Administration or other authorized agency of the United States;

"(9) A valid United States military identification card;

"(10) A certified copy of the elector's birth certificate;

"(11) A valid social security card;

"(12) Certified naturalization documentation;

"(13) A certified copy of court records showing adoption, name, or sex change;

"(14) A current utility bill, or a legible copy thereof, showing the name and address of the elector;

"(15) A bank statement, or a legible copy thereof, showing the name and address of the elector;

"(16) A government check or paycheck, or a legible copy thereof, showing the name and address of the elector; or

"(17) A government document, or a legible copy thereof, showing the name and address of the elector.

"(b) If an elector is unable to produce any of the items of identification listed in subsection (a) of this Code section, he or she shall sign a statement under oath in a form approved by the Secretary of State, separate and distinct from the elector's voter certificate, swearing or affirming that he or she is the person identified on the elector's voter certificate. Such person shall be allowed to vote without undue delay; provided, however, that an elector who registered for the first time in this state by mail and did not provide one of the forms of identification set forth in subsection (a) of this Code section at the time of registration and who is voting for the first time may vote a provisional ballot pursuant to Code Section 21-2-418 upon swearing or affirming that the elector is the person identified in the elector's voter certificate. Such provisional ballot shall only be counted if the registrars are able to verify current and valid identification of the elector as provided in this Code section within the time period for verifying provisional ballots pursuant to Code Section 21-2-419. Falsely swearing or affirming such statement under oath shall be punishable as a felony, and the penalty shall be distinctly set forth on the face of the statement."

The 2006 amendment by Act 432, in subsec. (a), par. (2), substituted "A valid Georgia voter identification card issued under Code Section 21-2-417.1 or other valid identification card issued by a branch" for "A valid identification card issued by a branch".

ADMINISTRATIVE CODE REFERENCES

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

State election board, Georgia election code, see Comp. R. & Regs. § 183-1-12-.06.

LAW REVIEW AND JOURNAL COMMENTARIES

Review of Selected 2005 Georgia Legislation: Elections. 22 Ga. St. U. L. Rev. 109 (2005).

Review of Selected 2006 Georgia Legislation: Elections. 23 Ga. St. U. L. Rev. 145 (2006).

LIBRARY REFERENCES

Elections 🔑 126(6), 223, 318, 323.
Westlaw Topic No. 144.
C.J.S. Elections §§ 215 to 216, 220, 308, 329, 544, 553, 556.

RESEARCH REFERENCES

ALR Library

10 ALR, Federal 2nd Series 643, Construction and Application of Provisional Balloting Provisions of the Help America Vote Act, Pub. L. 107-252, Title III, § 302, 116 Stat. 1706 (Codified at 42 U.S.C.A. §§ 15301 et seq.)...

27 ALR 6th 541, Constitutionality of Requiring Presentation of Photographic Identification in Order to Vote.

174 ALR 549, Interest Necessary to Maintenance of Declaratory Determination of Validity of Statute or Ordinance.

Treatises and Practice Aids

Georgia Procedure Considerations in Initiating Suit § 11:5, Standing to Challenge Constitutionality of State Statute.

UNITED STATES SUPREME COURT

Photo identification,

> Equal protection, elections, right to vote, government issued photo identification, see Crawford v. Marion County Election Bd., 2008, 128 S.Ct. 1610, 170 L.Ed.2d 574.

NOTES OF DECISIONS

   Constitutional concerns 1
   Incorrect address 2.5
   Injunction 4
   Standing 3
   Valid identification card 2

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

1. Constitutional concerns

District court applied correct standard in assessing constitutional challenge to Georgia statute requiring that voters seeking to vote in person present a government-issued photo identification (ID) as a condition of being allowed to vote; the court identified the flexible standard from applicable caselaw and then weighed the character and magnitude of the asserted injury. Common Cause/Georgia v. Billups, 2009, 554 F.3d 1340, certiorari denied 129 S.Ct. 2770, 556 U.S. 1282, 174 L.Ed.2d 271. Election Law 407

Organizations, which established a substantial likelihood of success on the merits of claim that Georgia's photo identification (ID) requirement for in-person voting unconstitutionally burdened the right to vote, were entitled to preliminary injunction prohibiting enforcement of requirement in upcoming elections; fact that requirement had the likely effect of causing a significant number of voters to forego going to the polls or to forego obtaining and voting an absentee ballot demonstrated irreparable harm which outweighed the damage to the state caused by a preliminary injunction, and such injunction would serve the public interest. Common Cause/Georgia League of Women Voters of Georgia, Inc. v. Billups, 2006, 439 F.Supp.2d 1294. Injunction 1346

Organizations challenging Georgia's photo identification (ID) requirement for in-person voting failed to establish a substantial likelihood of success on the merits of their claim that the photo ID requirement violated Civil Rights Act by denying the right to vote on the basis of "an error or omission on any record or paper relating to any application, registration, or other act requisite to voting," and thus they were not entitled to preliminary injunction against enforcement of the requirement. Common Cause/Georgia League of Women Voters of Georgia, Inc. v. Billups, 2006, 439 F.Supp.2d 1294. Injunction 1346

Organizations challenging Georgia's photo identification (ID) requirement for in-person voting failed to establish a substantial likelihood of success on the merits of their claim that the photo ID requirement violated Civil Rights Act by applying different standards to absentee and in-person voters within the same county or other political subdivision, and thus they were not entitled to preliminary injunction against enforcement of the requirement; absentee voting and in-person voting were inherently different processes, for which different standards, practices, and procedures were appropriate. Common Cause/Georgia League of Women Voters of Georgia, Inc. v. Billups, 2006, 439 F.Supp.2d 1294. Injunction 1346

Organizations challenging Georgia's photo identification (ID) requirement for in-person voting failed to establish a substantial likelihood of success on the merits of their claim that incidental costs in time, transportation, and fees for obtaining a birth certificate, which might be required to comply with the statute, amounted to a constructive poll tax in violation of the Twenty-fourth Amendment with respect to federal elections, and the Equal Protection Clause with respect to State and municipal elections, and thus they were not entitled to preliminary injunction against enforcement of the photo ID requirement. Common Cause/Georgia League of Women Voters of Georgia, Inc. v. Billups, 2006, 439 F.Supp.2d 1294. Injunction 1346

Organizations, which sought to preliminarily enjoin enforcement of Georgia's photo identification (ID) requirement for in-person voting in upcoming elections, established a substantial likelihood of success on the merits of their claim that the photo ID requirement violated Equal Protection Clause under *Burdick* test; burden on affected voters to obtain a photo ID in the short period prior to the first elections was severe, and statute was not

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

sufficiently narrowly drawn to serve State interest in preventing voter fraud, given that a number of significantly less burdensome alternatives existed to address that interest. Common Cause/Georgia League of Women Voters of Georgia, Inc. v. Billups, 2006, 439 F.Supp.2d 1294. Injunction 1346

Organizations, which established a substantial likelihood of succeeding on the merits of their claims that Georgia's photo identification (ID) requirement for in-person voting was unconstitutional, were entitled to preliminary injunction prohibiting enforcement of requirement in upcoming election; organizations, which showed that requirement had the likely effect of causing a significant number of Georgia voters to forego going to the polls or to forego obtaining and voting an absentee ballot, demonstrated that they or their constituents would suffer irreparable harm if the court declined to enter a preliminary injunction, that threatened injury to organizations outweighed against the damage to the state caused by a preliminary injunction, and that entering a preliminary injunction would serve the public interest. Common Cause/Georgia v. Billups, 2005, 406 F.Supp.2d 1326. Injunction 1346

Organizations, which sought to preliminarily enjoin enforcement of Georgia's photo identification (ID) requirement for in-person voting in upcoming election, established a substantial likelihood of succeeding on the merits of their claim that, despite fee waiver affidavit option, $20 fee for a five-year photo ID card or the $35 fee for a ten-year photo ID imposed a poll tax on Georgia voters in violation of the Twenty-fourth Amendment with respect to federal elections and Equal Protection Clause with respect to State and municipal elections. Common Cause/Georgia v. Billups, 2005, 406 F.Supp.2d 1326. Injunction 1346

Organizations, which sought to preliminarily enjoin enforcement of Georgia's photo identification (ID) requirement for in-person voting in upcoming election, established a substantial likelihood of succeeding on the merits of their claim that the photo ID requirement violated Equal Protection Clause under either strict scrutiny analysis or *Burdick* test; accepting that preventing voter fraud was a legitimate and important State concern, the statute was not narrowly drawn to prevent voter fraud and a number of significantly less burdensome alternatives existed to address the state's interest. Common Cause/Georgia v. Billups, 2005, 406 F.Supp.2d 1326. Injunction 1346

State of Georgia was the real party in interest in suit against state officials seeking to preliminarily enjoin enforcement of photo identification (ID) requirement for in-person voting in upcoming election, and therefore Eleventh Amendment precluded court from entertaining claims asserted under the Georgia Constitution. Common Cause/Georgia v. Billups, 2005, 406 F.Supp.2d 1326. Federal Courts 2377; Federal Courts 2384

Not-for-profit organizations' allegations satisfied the organizational standing requirements for purposes of seeking preliminary injunction precluding Georgia from applying its photo identification (ID) requirement for in-person voting in upcoming election; organizations alleged that they were composed of members who would have standing to sue in their individual right, that the interests which each organization and their members sought to protect were germane to the purpose of each of the organizations, and neither the claim or the relief sought required participation by the individual members of the organizations. Common Cause/Georgia v. Billups, 2005, 406 F.Supp.2d 1326. Associations 20(1)

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

Statute requiring photo ID for in-person voting was a minimal, reasonable, and nondiscriminatory restriction that was warranted by the important regulatory interests of preventing voter fraud, and therefore did not violate Georgia's Equal Protection Clause. Democratic Party of Georgia, Inc. v. Perdue, 2011, 288 Ga. 720, 707 S.E.2d 67. Constitutional Law 🔑 3648; Election Law 🔑 407.

That the Supreme Court of Georgia had recognized greater protection extended under the Georgia Constitution than under the Federal Constitution in a number of other areas was not relevant to whether Georgia's Equal Protection Clause afforded greater protection than the federal clause in context of statute requiring a photo ID for in-person voting. Democratic Party of Georgia, Inc. v. Perdue, 2011, 288 Ga. 720, 707 S.E.2d 67. Constitutional Law 🔑 3006; States 🔑 4.1(1).

Voter suffered no harm from 2006 Photo-ID Act, which required in-person voters to present a photo identification verifying their identity, at the time she filed declaratory judgment complaint challenging constitutionality of the Act, and thus voter lacked standing to raise her constitutional challenge, as voter was a first-time voter who could have voted under the Act without the need to show a photo ID, any change in voter's first-time voter status after complaint was filed was irrelevant to standing inquiry, and voter possessed a photo ID acceptable for in-person voting. Perdue v. Lake, 2007, 282 Ga. 348, 647 S.E.2d 6, reconsideration denied. Declaratory Judgment 🔑 300.

2. Valid identification card

Statute requiring photo ID for in-person voting did not deprive any Georgia voter from casting a ballot in any election, and therefore was not an impermissible qualification on voting under Georgia Constitution; a registered voter who did not possess a photo ID and who desired to vote in person could obtain a free photo ID at one or more locations in the county of his or her residence, such an individual could alternatively cast a provisional ballot and have the vote counted upon presentation of an acceptable photo ID within 48 hours, and an elector who did not wish to obtain a free photo ID could vote by absentee ballot by mail. Democratic Party of Georgia, Inc. v. Perdue, 2011, 288 Ga. 720, 707 S.E.2d 67. Election Law 🔑 407.

Statute requiring photo ID for in-person voting was authorized, under provision of Georgia Constitution providing that elections shall be conducted in accordance with procedures prescribed by law, as a reasonable procedure for verifying that the individual appearing to vote in person was actually the same person who registered to vote. Democratic Party of Georgia, Inc. v. Perdue, 2011, 288 Ga. 720, 707 S.E.2d 67. Election Law 🔑 407.

Photo identification card issued by Metropolitan Atlanta Rapid Transit Authority (MARTA) to voter, which allowed voter to use paratransit services offered by MARTA pursuant to the federal ADA, qualified as a valid identification card issued by a state entity authorized to issue personal identification, and thus the card qualified as a photo ID card acceptable for in-person voting under the 2006 Photo-ID Act; MARTA was an entity of the State, and it issued the photo ID as part of a procedure to comply with regulations set forth in the ADA. Perdue v. Lake, 2007, 282 Ga. 348, 647 S.E.2d 6, reconsideration denied. Election Law 🔑 383.

2.5. Incorrect address

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

That absentee ballot regarding primary election for sheriff was mailed to in-county address other than one reflected on voter registration record did not invalidate ballot; it was reasonable to assume that voter was properly identified when she cast her absentee ballot in person at polling place. Meade v. Williamson, 2013, 293 Ga. 142, 745 S.E.2d 279. Election Law 🔑 402

3. Standing

Non-profit organization representing interests of racial minority communities had standing to challenge constitutionality of Georgia statute requiring that voters seeking to vote in person present a government-issued photo identification (ID) as a condition of being allowed to vote; organization was actively involved in voting activities and would divert resources from its regular activities to educate and assist voters in complying with the photo ID requirement. U.S.C.A. Const. Art. 3, § 2, cl. 1. Common Cause/Georgia v. Billups, 2009, 554 F.3d 1340, certiorari denied 129 S.Ct. 2770, 556 U.S. 1282, 174 L.Ed.2d 271. Constitutional Law 🔑 703

Registered voters had standing to challenge constitutionality of Georgia statute requiring that voters seeking to vote in person present a government-issued photo identification (ID) as a condition of being allowed to vote; because these voters did not possess an acceptable photo ID, they would be required to make a special trip to the county registrar's office that was not required of voters who had driver's licenses or passports, and the statute thus denied these voters equal treatment, and, even if these voters possessed an acceptable form of photo ID, they still would have had standing to challenge the statute. U.S.C.A. Const. Art. 3, § 2, cl. 1. Common Cause/Georgia v. Billups, 2009, 554 F.3d 1340, certiorari denied 129 S.Ct. 2770, 556 U.S. 1282, 174 L.Ed.2d 271. Constitutional Law 🔑 726

Requiring a registered voter either to produce photo identification to vote in person or to cast an absentee or provisional ballot is an injury sufficient for standing. U.S.C.A. Const. Art. 3, § 2, cl. 1. Common Cause/Georgia v. Billups, 2009, 554 F.3d 1340, certiorari denied 129 S.Ct. 2770, 556 U.S. 1282, 174 L.Ed.2d 271. Election Law 🔑 407; Election Law 🔑 408; Election Law 🔑 409

Just as the inability of a voter to pay a poll tax is not required to challenge a statute that imposes a tax on voting, the lack of an acceptable photo identification is not necessary to challenge a statute that requires photo identification to vote in person. U.S.C.A. Const. Art. 3, § 2, cl. 1. Common Cause/Georgia v. Billups, 2009, 554 F.3d 1340, certiorari denied 129 S.Ct. 2770, 556 U.S. 1282, 174 L.Ed.2d 271. Constitutional Law 🔑 703

4. Injunction

District court did not abuse its discretion when it declined to enjoin permanently a Georgia statute requiring that voters seeking to vote in person present a government-issued photo identification (ID) as a condition of being allowed to vote; the legitimate interest of Georgia in detecting and deterring voter fraud was sufficiently weighty to justify the burden imposed on Georgia voters who lacked photo identification, which was not undue or significant, given evidence that such voters could obtain a free photo ID with little difficulty, and the parties challenging the statute failed to produce reliable evidence quantifying the extent and scope of the burden imposed by the statute, or to identify a single individual who would be unable to vote because of the statute or who would bear a significant burden to obtain an ID card. Common Cause/Georgia v. Billups, 2009, 554 F.3d 1340, certior-

ari denied 129 S.Ct. 2770, 556 U.S. 1282, 174 L.Ed.2d 271. Injunction 🔑 1346

Ga. Code Ann., § 21-2-417, GA ST § 21-2-417

Current through Acts 343 to 346, 348 to 631, and 633 to 669 of the 2014 Regular Session.

(C) 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

END OF DOCUMENT