U.S. Department of Justice

Civil Rights Division

TCH:RSB:RPL:JLM:ZB:AAO:par
DJ 166-012-3
2011-2775

Voting Section - NWB
950 Pennsylvania Avenue, NW
Washington, DC 20530

NOV 16 2011

Ann McGeehan, Esq.
Director of Elections
P.O. Box 12060
Austin, Texas 78711-2060

Dear Ms. McGeehan:

    This refers to Chapter 123 (S.B. 14) (2011), which amends the Texas Transportation Code relating to the issuance of election identification certificates, and which amends the Texas Election Code relating to the procedures for the implementation of the photographic identification requirements, including registration procedures, provisional ballot procedures, notice requirements, and education and training requirements, for the State of Texas, submitted to the Attorney General pursuant to Section 5 of the Voting Rights Act of 1965, 42 U.S.C. 1973c. We received your partial response to our September 23, 2011, request for additional information on October 5, 2011; additional information was received through November 9, 2011.

    The information provided thus far is incomplete and does not enable us to determine that the proposed changes have neither the purpose nor will have the effect of denying or abridging the right to vote on account of race, color, or membership in a language minority group, as required under Section 5. The requested information that has not been provided and which continues to be necessary is set forth in Item 5.a. of our September 23, 2011, letter, a copy of which is enclosed for your convenience. That item sought:

> The number of registered voters in Texas, by race and Spanish surname within county of residence, who currently possess a Texas driver's license or other form of photo identification issued by [the Department of Public Safety (DPS)] that is current or has expired within sixty days.

    As we have discussed, the state has provided a partial response to this item, which included (a) the number of registered voters in each county who did not provide a Texas driver's license or personal identification card when they registered to vote; (b) the number of voters who did not provide a Texas driver's license or personal identification card when they registered to vote, but whose voter record matches a driver/personal identification card record in the DPS database; and (c) the number of voters in each county who did not provide a driver's license or personal identification card number when they registered to vote, that could not be matched with

2:13-cv-193
09/02/2014
DEF0080

PX 079

-2-

a driver's license or personal identification card in the DPS databases of licensed drivers and personal identification card holders. For each of these three categories, the state provided by county the total number of voters and the number of voters with a Spanish surname. On October 13, 2011, the state provided the total number of registered voters with a Spanish surname by precinct and county.

The state, however, has not provided any of the required data by race. In that regard, your October 5, 2011, response, noted that the voter registration process in Texas does not require an applicant to state his or her race. As a result, the state does not collect voter registration data by race. In subsequent conversations, we discussed utilizing the demographic information collected by DPS to compile the requested information. According to your October 27, 2011, letter, the state will use DPS's data to compile a breakdown, by race, in each county of voters the state previously identified as possessing a driver's license or identification. Although you did not indicate a date when this information would be available, you noted that the state will provide the results of its analysis as expeditiously as possible.

You also indicated that because DPS did not allow applicants for driver's licenses or personal identification cards to identify themselves as Hispanic until April 2009, its database may be incomplete in that regard. For that reason, we understand that the state will use its Spanish-surname list to analyze its data and to tabulate registered voters with Spanish surnames separate from the other racial categories.

The Attorney General has sixty days to consider a completed submission pursuant to Section 5. The sixty-day review period will begin when we receive the information specified above. Procedures for the Administration of Section 5 of the Voting Rights Act of 1965, 28 C.F.R. 51.37. Also, we remind you that if no response is received within sixty days of this request, the Attorney General may object to the proposed changes consistent with the burden of proof placed upon the submitting authority. 28 C.F.R. 51.40 and 51.52 (a) and (c). Changes that affect voting are legally unenforceable unless and until the appropriate Section 5 determination has been obtained. *Clark* v. *Roemer*, 500 U.S. 646 (1991); 28 C.F.R. 51.10.

If you have any questions concerning this letter or if we can assist you in obtaining the requested information, please call Zach Bromer (202-305-7798) of our staff. Refer to File No. 2011-2775 in any response to this letter so that your correspondence will be channeled properly.

Sincerely,

T. Christian Herren, Jr.
Chief, Voting Section

Enclosure