

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | |
|---|---|
| MARC VEASEY, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 2:13-cv-00193 (NGR) |
| RICK PERRY, *et al.*, | |
| Defendants. | |
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, *et al.*, | |
| Plaintiff-Intervenors, | |
| TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, *et al.*, | Civil Action No. 2:13-cv-00263 (NGR) |
| Plaintiff-Intervenors, | |
| v. | |
| STATE OF TEXAS, *et al.*, | |
| Defendants. | |

2:13-cv-193
09/02/2014
DEF0169

| | |
|---|---|
| TEXAS STATE CONFERENCE OF NAACP BRANCHES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> JOHN STEEN, *et al.*, <br><br> Defendants. | Civil Action No. 2:13-cv-00291 (NGR) |
| BELINDA ORTIZ, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF TEXAS, *et al.*, <br><br> Defendants | Civil Action No. 2:13-cv-348 (NGR) |

### PLAINTIFF-INTERVENOR MICHELLE BESSIAKE'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff-Intervenor Michelle Bessiake ("Plaintiff"), by and through undersigned counsel, hereby objects and responds to the First Request for Production of Documents of Defendants the State of Texas, Rick Perry, Nandita Berry, and Steve McCraw ("Defendants"), dated March 11, 2014, as follows.

### GENERAL OBJECTIONS

Plaintiff's General Objections, as set forth herein, are continuing objections and responses to each specific request for production that follows, whether or not the General Objections are referenced in response the specific request for production. Plaintiff's objections and responses herein shall not waive or prejudice any further objections Plaintiff may later

2

assert. The failure to list a particular general objection in a given response should not be construed as a waiver of that objection.

1.      Plaintiff objects to each of Defendants' requests for production to the extent that they seek documents protected from disclosure by any privilege or immunity, including attorney-client privilege, attorney work product protection, common interest privilege, or any other privilege, immunity, principle, doctrine, or rule of confidentiality. If any protected information or material is disclosed, such disclosure is not intentional and shall not be deemed a waiver of any privilege or protection. The Clawback Order entered in this matter on November 4, 2013 governs any such disclosure. *See* Agreement Concerning Production Format, ECF No. 61-6.

2.      Plaintiff objects to each definition, instruction, and request for production to the extent that it seeks to impose obligations on Plaintiff in excess of those set forth in the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Southern District of Texas.

3.      To the extent a request for production requires the disclosure of protected material, including but not limited to confidential information or any information implicating privacy interests, Plaintiff's response shall be subject to the Consent Protective Order entered in this matter on December 5, 2013, ECF No. 105, or any subsequent revisions to the Protective Order agreed upon by the parties. Plaintiff further objects to the extent a request for production seeks confidential or personal information of a third party, the disclosure of which is not permitted by reason of privacy laws or other binding legal obligation.

4.      Plaintiff objects to each of Defendants' requests for production to the extent that it seeks documents that are neither relevant to the issues in this dispute nor reasonably calculated to lead to the discovery of admissible evidence. To the extent Plaintiff provides documents in

response to these requests for production, Plaintiff does not concede that the documents are admissible in evidence or relevant to this action.

5.      Plaintiff objects to each request that is not limited to any reasonable time period as vague, ambiguous, overly broad, and unduly burdensome.  Plaintiff's responses are with respect to the time period from January 1, 2012 to the present, unless otherwise indicated.

6.      Plaintiff objects to each of Defendants' requests for production insofar as it seeks documents that are unreasonably cumulative or duplicative, already in the possession of Defendants, primarily or exclusively within Defendants' knowledge or control, or obtainable from some other source that is less burdensome or less expensive.  Plaintiff objects to Defendants' requests for production to the extent they seek documents beyond those in the possession, custody, or control of Plaintiff.

7.      Plaintiff objects to each of Defendants' requests for production to the extent that it is unclear, ambiguous, overly broad, or unduly burdensome.

8.      Plaintiff objects to each of Defendants' requests for production requesting "all," "each," or "any" of the referenced documents on grounds that such requests are overly broad and unduly burdensome, seek irrelevant information, and seek to impose obligations beyond those imposed by law.  Plaintiff further objects to the extent Defendants' requests for production request voluminous information that Plaintiff can locate and copy only at tremendous expense of money, or that will create a significant delay that would be disproportionate to the probative value or relevance of the material sought.  Plaintiff will construe the terms of all requests for production to request that she use reasonable diligence to locate responsive non-privileged documents, based on examination of those sources that may reasonably be expected to yield such documents.

4

9.      To the extent Plaintiff responds to these requests for production, she does not waive Plaintiff's foregoing objections nor does she concede that any documents requested or provided in response thereto are relevant to any claim or defense of a party in the pending action or admissible in the U.S. District Court for the Southern District of Texas.  Plaintiff expressly reserves:

      a.      the right to object, on grounds of competency, relevance, materiality, privilege, or any other applicable ground, to the use of responses provided to this request for production or the subject matter thereof, in any subsequent proceeding in, or the hearing of, this or any other action;

      b.      the right to object on any ground to other document requests, interrogatories, or other discovery proceedings involving or relating to the subject matter of the request for production; and

      c.      the right to supplement her responses should further investigation or discovery disclose additional information.

## GENERAL OBJECTIONS TO DEFINITIONS

1.  Plaintiff objects to the definition of the term "Electronically Stored Information" on the grounds that the definition is overly broad and unduly burdensome.  Plaintiff further objects to this definition to the extent that it seeks information not in Plaintiff's possession, custody, or control.  Plaintiff will interpret the term "Electronically Stored Information" as synonymous in meaning and equal in scope to the usage of the term "electronically stored information" in Rule 34 of the Federal Rules of Civil Procedure.

2.      Plaintiff objects to the definition of the term "document" on grounds that the definition is overly broad and unduly burdensome.  Plaintiff further objects to this definition to

5

the extent that it seeks information not in Plaintiff's possession, custody, or control. Plaintiff will interpret the term "document" as synonymous in meaning and equal in scope to the usage of the term "document" in Rule 34 of the Federal Rules of Civil Procedure.

       3.     Plaintiff objects to the definition of "you and your" on grounds that the definition is overly broad and unduly burdensome. Plaintiff further objects to this definition to the extent that it includes within the definition individuals who are not parties to this litigation. Plaintiff shall interpret for purposes of these document requests "you and your" to mean Michelle Bessiake.

**DOCUMENTS NOT PRODUCED**

     Based on the general and specific objections asserted herein, Plaintiff will *not* produce *any* of the following documents on the basis that requests for such documents are outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, have marginal or no relevance, and are intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiff indicate, *see* FED. R. CIV. P. 26(c):

1. Documents relating solely to anyone other than Plaintiff, *i.e.*, "an immediate family member, or to any individual with a direct, tangible interest in your birth certificate," as requested in Requests Nos. 7, 8, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 26, 29, 30, 31, 32, 33, 40, 41, 45, 47, 49, 58, 59, 66, 74, 76, 78, 79, 80, 81, 82, 85, 86, 88, 89, 90, 91, 96, 106, 107, and 108.

2. Any report cards, transcripts, or "school records" from any educational institution attended by Plaintiff, as requested in Requests Nos. 34, 35, and 36.

3. Documents that are only responsive to Request Nos. 37 and 38, that seeks "any mail" from 2005 to the present from "financial institutions" and "a federal, state, county or city government agency."

4. Any document associated with Plaintiff's medical records, including immunization records, as requested in Request No. 61; or Plaintiff's medical insurance, as requested in Request Nos. 58, 59, and 80.

5. Documents that are only responsive to Requests No. 98 and 111, that seek "any expired or unexpired document" or a "true and complete copy of any document" ever issued to Plaintiff by any and all U.S. government agencies, branches, or departments.

6. Any job application submitted to any employer, as requested in Request No. 104.

7. Documents that are only responsive to Requests No. 42, 43, 44, 50, 51, 84, 85, 86, 87, 89, 90, 91, 95, 96, 97, 98, 105, 106, 107, 108, 109, and 110, which seek information relating to Plaintiff's citizenship and immigration status.

8. Documents that are only responsive to Requests No. 75, 99, and 101, which seek information contained in or relating to Plaintiff's tax filings.

9. Documents that are only responsive to Requests No. 78, 79, 81, and 82, which seek information relating to Plaintiff's potential criminal record.

10. Documents that are only responsive to Requests No. 9, 39, 40, 41, 52, 55, 56, 57, 70, 71, 74, 76, 77, 83, 100, 102, 103, and 104 because those documents have marginal, if any, relevance in this case. When viewed in aggregate or in isolation, these requests impose an undue burden on Plaintiff and are designed to annoy, embarrass, or oppress her as she proceeds in this litigation. To the extent that Plaintiff's mere possession of these requested documents has any relevance, Defendants may obtain relevant information

7

through other, more appropriate discovery tools available under the Federal Rules of Civil Procedure.

## SPECIFIC OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff incorporates by reference her General Objections in response to each of Defendants' requests for production. Plaintiff also incorporates by reference her Objections to Instructions to each of Defendants' requests for production. Plaintiff states that the following responses are true and complete to the best of her knowledge at this time, while reserving the right to identify additional facts or documents, amend or supplement any answer, or raise additional objections during the course of these proceedings.

### REQUEST NO. 1:

Please produce all documents and tangible things relating to your efforts and/or attempts to obtain any of the forms of photographic identification specified by SB 14 as enacted by the State of Texas' 82nd Legislature, on or prior to November 15, 2013.

### RESPONSE TO REQUEST NO. 1:

Plaintiff objects to Request No. 1 on grounds that the term "efforts and/or attempts to obtain" renders this request overly broad, vague, and ambiguous. Plaintiff further objects to Request No. 1 to the extent that it seeks documents without any reasonable temporal limitation. Plaintiff further objects to Request No. 1 on grounds that it is unduly burdensome. Plaintiff further objects to Request No. 1 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced. Plaintiff further objects to Request No. 1

to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff will produce non-privileged documents within her possession, custody, or control that are responsive to Request No. 1 from January 1, 2012 to the present.

**REQUEST NO. 2:**

Please produce all documents and tangible things relating to your efforts to obtain any of the forms of photographic identification specified by SB 14 as enacted by the State of Texas' 82nd Legislature, on or after November 16, 2013 to the Present.

**RESPONSE TO REQUEST NO. 2:**

Plaintiff objects to Request No. 2 on grounds that the term "efforts to obtain" renders this request overly broad, vague, and ambiguous. Plaintiff further objects to Request No. 2 on grounds that it is unduly burdensome. Plaintiff further objects to Request No. 1 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced. Plaintiff further objects to Request No. 2 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff will produce non-privileged documents within her possession, custody, or control that are responsive to Request No. 2.

**REQUEST NO. 3:**

Please produce all documents and tangible things relating to all communications between you and any individual or group regarding SB 14, including but not limited to communications between and/or among (1) you and members of the Texas Legislature, either past or present, and/or their staff and/or representatives; and/or (2) you and any media outlets; and/or (3) you and any other parties to the Federal Action or the State Action, from 2005 to the Present.

**RESPONSE TO REQUEST NO. 3:**

Plaintiff objects to Request No. 3 to the extent that it seeks information or disclosure of information that is protected by attorney-client privilege, the attorney work product doctrine, or any other statutory or common law privilege or immunity. Plaintiff further objects to Request No. 3 on grounds that it is overly broad, unduly burdensome, and vague. Plaintiff further objects to Request No. 3 on grounds that the terms "all communications between you and any individual or group," "members of the Texas Legislature, either past or present, and/or their staff and/or representatives," and "media outlets," are ambiguous and vague. Plaintiff further objects to Request No. 3 to the extent that it seeks information or disclosure of information impinging on Plaintiff's right of association, which is protected by the First Amendment to the U.S. Constitution. Plaintiff further objects to Request No. 3 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced. Plaintiff further objects to Request No. 3 to the extent that it seeks documents already in the possession, custody, or control of Defendants. Plaintiff further objects to Request No. 3 to the extent that it seeks documents that are publicly available or obtainable from some other source that is less burdensome or less expensive. Plaintiff further objects to Request No. 3 to the extent that subpart (3) seeks documents protected by common interest privileges shared by certain plaintiffs and plaintiff-intervenors in this litigation. Plaintiff further objects to Request No. 3 to the extent

that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff will produce non-privileged documents within her possession, custody, or control that are responsive to Request No. 3 from January 1, 2012 to the present.

**REQUEST NO. 4:**

Please produce all documents and tangible things relating to all communications concerning SB 14 between and/or among (1) any other parties to the Federal Action or the State Action and the Texas Legislature, either past or present, and/or their staff and/or representatives; and/or (2) any other parties to the Federal Action or the State Action and/or any media outlets, from 2005 to the Present.

**RESPONSE TO REQUEST NO. 4:**

Plaintiff objects to Request No. 4 to the extent that it seeks information or disclosure of information that is protected by attorney-client privilege, the attorney work product doctrine, or any other statutory or common law privilege or immunity. Plaintiff further objects to Request No. 4 on grounds that it is overly broad, unduly burdensome, and vague. Plaintiff further objects to Request No. 4 on grounds that the term "all communication" is ambiguous. Plaintiff further objects to Request No. 4 to the extent that it seeks information or disclosure of information impinging on Plaintiff's right of association, which is protected by the First Amendment to the U.S. Constitution. Plaintiff further objects to Request No. 4 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced. Plaintiff further objects to Request No. 4 to the extent that it seeks documents that are publicly available

or obtainable from some other source that is less burdensome or less expensive. Plaintiff further objects to Request No. 4 to the extent that it seeks documents protected by common interest privilege shared by certain plaintiffs and plaintiff-intervenors in this litigation and previous litigations. Plaintiff further objects to Request No. 4 to the extent that it seeks documents not in her possession, custody, or control. Plaintiff further objects to Request No. 4 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff will produce non-privileged documents within her possession, custody, or control that are responsive to Request No. 4 from January 1, 2012 to the present.

**REQUEST NO. 5:**

Please produce all documents and tangible things relating to your registration to vote, including but not limited to, any Voter Registration Certificate or card issued to you by any County Voting Registrar in the state of Texas, or equivalent agency, department, or branch in any other United States state, United States territory or outlying possession, the District of Columbia, any Canadian province, or in Mexico.

**RESPONSE TO REQUEST NO. 5:**

Plaintiff objects to Request No. 5 on grounds that it is overly broad, unduly burdensome, and vague. Plaintiff further objects to Request No. 5 on grounds that the term "relating to your registration to vote" is ambiguous. Plaintiff further objects to Request No. 5 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced. Plaintiff further objects to Request No. 5 to the extent that it seeks documents that are

12

publicly available or obtainable from some other source that is less burdensome or less expensive.  Plaintiff further objects to Request No. 5 to the extent that it seeks documents already in the possession, custody, or control of Defendants.  Plaintiff further objects to Request No. 5 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff will produce non-privileged documents within her possession, custody, or control that are responsive to Request No. 5.


**REQUEST NO. 6:**

Please produce copies of all materials you have provided to any potential expert in the Federal Action.

**RESPONSE TO REQUEST NO. 6:**

Plaintiff objects to Request No. 6 on grounds that it seeks information protected from disclosure by Rule 26(b)(4)(C) of the Federal Rules of Civil Procedure.  Plaintiff further objects to Request No. 6 on grounds that requests for material provided to "any potential" expert renders the request overly broad.

Based on the foregoing general and specific objections, Plaintiff will not produce any documents responsive to Request No. 6 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure.  Any materials properly discoverable under Rule 26 shall be disclosed when required by the Federal Rules of Civil Procedure and under the Court's scheduling orders.  Notwithstanding Plaintiff's foregoing

objections, plaintiff represents that she does not have any non-privileged documents within her possession, custody, or control that are responsive to Request No. 6.

**REQUEST NO. 7:**

Please produce a true and complete copy of any unexpired Texas Driver's License, issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by the Texas Department of Public Safety.

**RESPONSE TO REQUEST NO. 7:**

Plaintiff objects to Request No. 7 on grounds that seeks documents and tangible items not in Plaintiff's possession, custody, or control. Plaintiff further objects to Request No. 7 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to plaintiff's family members, legal guardians, or other individuals not party to the instant litigation. Plaintiff further objects to Request No. 7 to the extent that it seeks documents already in the possession, custody, or control of Defendants. Plaintiff further objects to Request No. 7 to the extent that it seeks documents that are publicly available or obtainable from some other source that is less burdensome or less expensive. Plaintiff further objects to Request No. 7 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff represents that she does not have any non-privileged documents relating *only to her* within her possession, custody, or control that are responsive to Request No. 7.

**REQUEST NO. 8:**

14

Please produce a true and complete copy of any expired Texas Driver's Licenses issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by the Texas Department of Public Safety or any other agency or department in the state of Texas, previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 8:**

Plaintiff objects to Request No. 8 on grounds that it is overly broad and seeks documents without any reasonable temporal limitation. Plaintiff further objects to Request No. 8 on grounds that it seeks documents and tangible items not in Plaintiff's possession, custody, or control. Plaintiff further objects to Request No. 8 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to plaintiff's family members, legal guardians, or other individuals not party to the instant litigation. Plaintiff further objects to Request No. 8 to the extent that it seeks documents already in the possession, custody, or control of Defendants. Plaintiff further objects to Request No. 8 to the extent that it seeks documents that are publicly available or obtainable from some other source that is less burdensome or less expensive. Plaintiff further objects to Request No. 8 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff represents that she does not have any non-privileged documents relating *only to her* within her possession, custody, or control that are responsive to Request No. 8.

**REQUEST NO. 9:**

Please produce a true and complete copy of any Order issued by any court located in the United States, any United States territory or outlying possession, or a foreign country, documenting guardianship over you.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to Request No. 9 on grounds that it is overly broad and the term "documenting guardianship" is vague, and ambiguous.  Plaintiff further objects to Request No. 9 to the extent that it seeks documents that are publicly available or obtainable from some other source that is less burdensome or less expensive.  Plaintiff further objects to Request No. 9 to the extent that it seeks documents not in her possession, custody, or control.  Plaintiff further objects to Request No. 9 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to Request No. 9 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiff will not produce any documents responsive to Request No. 9 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiff.  *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 10:**

Please produce a true and complete copy of any temporary receipts for a Texas Driver's License or Texas Identification Certificate, also referred to as a card, issued to you by the Texas

Department of Public Safety or any other agency or department in the state of Texas, previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to Request No. 10 on grounds that it is overly broad and seeks documents without any reasonable temporal limitation. Plaintiff further objects to Request No. 10 on grounds that it is unduly burdensome. Plaintiff further objects to Request No. 10 on grounds that the term "temporary receipts" is vague and ambiguous. Plaintiff further objects to Request No. 10 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced. Plaintiff further objects to Request No. 10 to the extent that it seeks documents already in the possession, custody, or control of Defendants. Plaintiff further objects to Request No. 10 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff represents that she does not have any non-privileged documents relating *only to her* within her possession, custody, or control that are responsive to Request No. 10.

**REQUEST NO. 11:**

Please produce a true and complete copy of any temporary receipts for a driver's license or an identification certificate, also referred to as a card, issued to you by a department of public safety, a department of motor vehicles, or the equivalent agency, branch, or department, previously or now existing, or any of their successor agencies, branches, or departments, in any United States state (other than Texas), United States territory or outlying possession, or the District of Columbia, or any Canadian province.

**RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to Request No. 11 to the extent that it seeks documents without any reasonable temporal limitation. Plaintiff further objects to Request No. 11 on grounds that it is unduly burdensome. Plaintiff further objects to Request No. 10 on grounds that the term "temporary receipts" is vague and ambiguous. Plaintiff further objects to Request No. 11 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced. Plaintiff further objects to Request No. 11 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to Request No. 11 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff will produce non-privileged documents within her possession, custody, or control that are responsive to Request No. 11.

**REQUEST NO. 12:**

Please produce a true and complete copy of any expired driver's licenses, issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by a department of public safety, a department of motor vehicles, or the equivalent agency, branch, or department, previously or now existing, or any of their successor agencies, branches, or departments, in any United States state (other than Texas), United States territory or outlying possession, or the District of Columbia, or any Canadian province.

**RESPONSE TO REQUEST NO. 12:**

18

Plaintiff objects to Request No. 12 on grounds that it is overly broad and seeks documents without any reasonable temporal limitation.  Plaintiff further objects to Request No. 12 to the extent that it seeks documents not in her possession, custody, or control.  Plaintiff further objects to Request No. 12 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to plaintiff's family members, legal guardians, or other individuals not party to the instant litigation.  Plaintiff further objects to Request No. 12 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff will produce non-privileged documents relating *only to her* within her possession, custody, or control that are responsive to Request No. 12.

**REQUEST NO. 13:**

Please produce a true and complete copy of any unexpired driver's licenses issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by a department of public safety, a department of motor vehicles, or the equivalent agency, branch, or department, previously or now existing, or any of their successor agencies, branches, or departments, in any United States state (other than Texas), United States territory or outlying possession, or the District of Columbia, or any Canadian province.

**RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to Request No. 13 to the extent that it seeks documents not in her possession, custody, or control.  Plaintiff further objects to Request No. 13 to the extent that it

19

seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to plaintiff's family members, legal guardians, and other individuals not party to the instant litigation. Plaintiff further objects to Request No. 13 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff will produce non-privileged documents relating *only to her* within her possession, custody, or control that are responsive to Request No. 13.

**REQUEST NO. 14:**

Please produce a true and complete copy of any unexpired Texas Personal Identification Certificate, also referred to as a card, issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by the Texas Department of Public Safety.

**RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to Request No. 14 to the extent that it seeks documents already in the possession, custody, or control of Defendants. Plaintiff further objects to Request No. 14 to the extent that it seeks documents not in her possession, custody, or control. Plaintiff further objects to Request No. 14 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to plaintiff's family members, legal guardians, and other individuals not party to the instant litigation. Plaintiff further objects to Request No.

20

14 to the extent that it cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff represents that she does not have any non-privileged documents relating *only to her* within her possession, custody, or control that are responsive to Request No. 14.

**REQUEST NO. 15:**

Please produce a true and complete copy of any expired Texas Personal Identification Certificate, also referred to as a card, issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by the Texas Department of Public Safety, or any other agency or department in the state of Texas, previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to Request No. 15 on grounds that it is overly broad and seeks documents without any reasonable temporal limitation. Plaintiff further objects to Request No. 15 on grounds that it is unduly burdensome. Plaintiff further objects to Request No. 15 to the extent that it seeks documents already in the possession, custody, or control of Defendants. Plaintiff further objects to Request No. 15 to the extent that it seeks documents not in her possession, custody, or control. Plaintiff further objects to Request No. 15 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to plaintiff's family members, legal guardians, and other individuals not party to the instant litigation. Plaintiff further objects to Request No. 15 to the extent that it is unreasonably

cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff represents that she does not have any non-privileged documents relating *only to her* within her possession, custody, or control that are responsive to Request No. 15.

**REQUEST NO. 16:**

Please produce a true and complete copy of any unexpired personal identification document, issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by a department of public safety, a department of motor vehicles, or the equivalent agency, branch, or department, previously or now existing, or any of their successor agencies, branches, or departments, in any United States state, county, city (other than Texas or its counties or cities), United States territory or outlying possession, or the District of Columbia, or any Canadian province.

**RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to Request No. 16 on grounds that the term "unexpired personal identification document" renders the request vague and ambiguous.  Plaintiff objects to Request No. 16 on grounds that it is unduly burdensome.  Plaintiff further objects to Request No. 16 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced.  Plaintiff further objects to Request No. 16 to the extent that it seeks documents not in her possession, custody, or control.  Plaintiff further objects to Request No. 16 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited

22

to, documents relating to plaintiff's family members, legal guardians, or other individuals not party to the instant litigation.  Plaintiff further objects to Request No. 16 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff will produce non-privileged documents relating *only to her* within her possession, custody, or control that are responsive to Request No. 16.


**REQUEST NO. 17:**

Please produce a true and complete copy of any expired personal identification document, issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by a department of public safety, a department of motor vehicles, or the equivalent agency, branch, or department, previously or now existing, or any of their successor agencies, branches, or departments, in any United States state, county, city (other than Texas or its counties or cities), United States territory or outlying possession, or the District of Columbia, or any Canadian province.

**RESPONSE TO REQUEST NO. 17:**

Plaintiff objects to Request No. 17 on grounds that the term "unexpired personal identification document" renders the request vague and ambiguous.  Plaintiff further objects to Request No. 17 to the extent that it seeks documents without any reasonable temporal limitation. Plaintiff objects to Request No. 17 on grounds that it is unduly burdensome.  Plaintiff further objects to Request No. 17 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced. Plaintiff further objects to Request No. 17 on

grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced.  Plaintiff further objects to Request No. 17 to the extent that it seeks documents not in her possession, custody, or control.  Plaintiff further objects to Request No. 17 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to plaintiff's family members, legal guardians, and other individuals not party to the instant litigation.   Plaintiff further objects to Request No. 17 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff will produce non-privileged documents relating *only to her* within her possession , custody, or control that are responsive to Request No. 17.

**REQUEST NO. 18:**

Please produce a true and complete copy of any unexpired Texas Concealed Handgun License issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by the Texas Department of Public Safety.

**RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to Request No. 18 to the extent that it seeks documents already in the possession, custody, or control of Defendants.  Plaintiff further objects to Request No. 18 to the extent that it seeks documents that are publicly available or obtainable from some other source that is less burdensome or less expensive.  Plaintiff further objects to Request No. 18 to the extent that it seeks documents not in her possession, custody, or control.  Plaintiff further objects

24

to Request No. 18 on grounds that it is overly broad and seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to plaintiff's family members, legal guardians, and other individuals not party to the instant litigation. Plaintiff further objects to Request No. 18 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff represents that she does not have any non-privileged documents relating *only to her* within her possession, custody, or control that are responsive to Request No. 18.

**REQUEST NO. 19:**

Please produce a true and complete copy of any expired Texas Concealed Handgun License issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by the Texas Department of Public Safety, or any other agency or department in the state of Texas, previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 19:**

Plaintiff objects to Request No. 19 on grounds that it is overly broad and seeks documents without any reasonable temporal limitation. Plaintiff further objects to Request No. 19 on grounds that it is unduly burdensome. Plaintiff further objects to Request No. 19 to the extent that it seeks documents already in the possession, custody, or control of Defendants. Plaintiff further objects to Request No. 19 to the extent that it seeks documents that are publicly available or obtainable from some other source that is less burdensome or less expensive.

Plaintiff further objects to Request No. 19 to the extent that it seeks documents not in her

possession, custody, or control.  Plaintiff further objects to Request No. 19 to the extent that it

seeks documents or tangible items not relevant to this litigation and not reasonably calculated to

lead to the discovery of admissible evidence, including, but not limited to, documents relating to

plaintiff's family members, legal guardians, and other individuals not party to the instant

litigation.   Plaintiff further objects to Request No. 19 to the extent that it is unreasonably

cumulative and duplicative of other requests propounded on Plaintiff as part of the instant

litigation.

Subject to and without waiving Plaintiff's foregoing general and specific objections,

Plaintiff represents that she does not have any non-privileged documents relating *only to her*

within her possession, custody, or control that are responsive to Request No. 19.


**REQUEST NO. 20:**

Please produce a true and complete copy of any unexpired concealed handgun license

issued to you, an immediate family member, or to any individual with a direct, tangible interest

in your birth certificate, by a department of public safety or the equivalent agency, branch, or

department, previously or now existing, or any of their successor agencies, branches, or

departments, in any United States state (other than Texas), United States territory or outlying

possession, or the District of Columbia, or any Canadian province.

**RESPONSE TO REQUEST NO. 20:**

Plaintiff further objects to Request No. 20 to the extent that it seeks documents that are

publicly available or obtainable from some other source that is less burdensome or less

expensive.  Plaintiff further objects to Request No. 20 to the extent that it seeks documents not in

her possession, custody, or control.  Plaintiff further objects to Request No. 20 on grounds that it
is unduly burdensome.  Plaintiff further objects to Request No. 20 on grounds that it is overly
broad and seeks documents or tangible items not relevant to this litigation and not reasonably
calculated to lead to the discovery of admissible evidence, including, but not limited to,
documents relating to plaintiff's family members, legal guardians, and other individuals not party
to the instant litigation.  Plaintiff further objects to Request No. 20 to the extent that it is
unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the
instant litigation.

Subject to and without waiving Plaintiff's foregoing general and specific objections,
Plaintiff represents that she does not have any non-privileged documents relating *only to her*
within her possession, custody, or control that are responsive to Request No. 20.


**REQUEST NO. 21:**

Please produce a true and complete copy of any expired concealed handgun license
issued to you, an immediate family member, or to any individual with a direct, tangible interest
in your birth certificate, by a department of public safety or the equivalent agency, branch, or
department, previously or now existing, or any of their successor agencies, branches, or
departments, in any United States state (other than Texas), United States territory or outlying
possession, or the District of Columbia, or any Canadian province.

**RESPONSE TO REQUEST NO. 21:**

Plaintiff objects to Request No. 21 on grounds that it is overly broad and seeks
documents without any reasonable temporal limitation.  Plaintiff further objects to Request No.
21 to the extent that it seeks documents that are publicly available or obtainable from some other

source that is less burdensome or less expensive.  Plaintiff further objects to Request No. 21 to the extent that it seeks documents not in her possession, custody, or control.  Plaintiff further objects to Request No. 21 on grounds that it is unduly burdensome.  Plaintiff further objects to Request No. 21 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to plaintiff's family members, legal guardians, and other individuals not party to the instant litigation.  Plaintiff further objects to Request No. 21 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff represents that she does not have any non-privileged documents relating *only to her* within her possession, custody, or control that are responsive to Request No. 21.


**REQUEST NO. 22:**

Please produce a true and complete copy of any expired or unexpired identification document issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by any government agency or department in any United States state, including, but not limited to any government agency or department in the state of Texas, or any United States territory or outlying province, the District of Columbia, or any Canadian province, to the extent the document is not otherwise encompassed by these Discovery Requests.

**RESPONSE TO REQUEST NO. 22:**

Plaintiff objects to Request No. 22 on grounds that the term "unexpired identification document" renders this request vague, ambiguous, and overly broad. Plaintiff further objects to Request No. 22 to the extent that it seeks documents without any reasonable temporal limitation. Plaintiff further objects to Request No. 22 on grounds that it is unduly burdensome. Plaintiff further objects to Request No. 22 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced. Plaintiff further objects to Request No. 22 to the extent that it seeks documents not in her possession, custody, or control. Plaintiff further objects to Request No. 22 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to plaintiff's family members, legal guardians, and other individuals not party to the instant litigation. Plaintiff further objects to Request No. 22 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff will produce non-privileged documents relating *only to her* within her possession, custody, or control that are responsive to Request No. 22 from January 1, 2012 to the present.

**REQUEST NO. 23:**

Please produce a true and complete copy of any expired or unexpired identification document issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by any agency, branch, or department of the United States government, previously or now existing, or any of their successor agencies, branches, or departments, to the extent not encompassed by these Discovery Requests.

**RESPONSE TO REQUEST NO. 23:**

Plaintiff objects to Request No. 23 on grounds that the term "unexpired identification document" renders this request vague, ambiguous, and overly broad.  Plaintiff further objects to Request No. 22 to the extent that it seeks documents without any reasonable temporal limitation. Plaintiff further objects to Request No. 23 on grounds that it is unduly burdensome.  Plaintiff further objects to Request No. 23 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced.   Plaintiff further objects to Request No. 23 to the extent that it seeks documents not in her possession, custody, or control.  Plaintiff further objects to Request No. 23 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to plaintiff's family members, legal guardians, and other individuals not party to the instant litigation.   Plaintiff further objects to Request No. 23 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff will produce non-privileged documents relating *only to her* within her possession , custody, or control that are responsive to Request No. 23 from January 1, 2012 to the present.

**REQUEST NO. 24:**

Please produce a true and complete copy of any Election Identification Certificate issued to you by the Texas Department of Public Safety.

**RESPONSE TO REQUEST NO. 24:**

30

Plaintiff objects to Request No. 24 to the extent that it seeks documents already in the possession, custody, or control of Defendants. Plaintiff further objects to Request No. 24 to the extent that it seeks documents that are publicly available or obtainable from some other source that is less burdensome or less expensive. Plaintiff further objects to Request No. 24 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff represents that she does not have any non-privileged documents within her possession, custody, or control that are responsive to Request No. 24.

**REQUEST NO. 25:**

Please produce a true and complete copy of any Election Identification Certificate, or other equivalent document, issued to you a department of public safety, a department of motor vehicles, or the equivalent agency, branch, or department in any United States state (other than Texas), United States territory or outlying possession, or the District of Columbia, previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 25:**

Plaintiff objects to Request No. 25 on grounds that the terms "other equivalent document" and "equivalent agency" renders this request vague, ambiguous, and overly broad. Plaintiff further objects to Request No. 25 to the extent that it seeks documents without any reasonable temporal limitation. Plaintiff further objects to Request No. 25 on grounds that it is unduly burdensome. Plaintiff further objects to Request No. 25 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced.

Plaintiff further objects to Request No. 25 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff represents that she does not have any non-privileged documents within her possession, custody, or control that are responsive to Request No. 25.

**REQUEST NO. 26:**

Please produce a true and complete copy of any expired or unexpired United States Military Identification documents issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by any branch of the United States Military Services and/or the United States Department of the Defense, or any other agencies, branches, or departments of the United States government, previously or now existing, or any of their successor agencies, branches, or departments, whether such documents were issued for active duty, reserve, or retired personnel.

**RESPONSE TO REQUEST NO. 26:**

Plaintiff objects to Request No. 26 on grounds that the term "expired or unexpired United States Military Identification documents" is vague, ambiguous, and overly broad. Plaintiff further objects to Request No. 26 to the extent that it seeks documents without any reasonable temporal limitation. Plaintiff further objects to Request No. 26 on grounds that it is unduly burdensome. Plaintiff further objects to Request No. 26 to the extent that it seeks documents not in her possession, custody, or control. Plaintiff further objects to Request No. 26 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to,

32

documents relating to plaintiff's family members, legal guardians, and other individuals not party to the instant litigation.   Plaintiff further objects to Request No. 26 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff represents that she does not have any non-privileged documents within her possession, custody, or control that are responsive to Request No. 26.

**REQUEST NO. 27:**

Please produce a true and complete copy of any United States Citizenship Certificate (including, but not necessarily limited to, Form N-560, Form N-561, Form N55G, N-645, or N-578, or their predecessors, which may include but are not limited to Form N55G), issued to you by the United States Department of Homeland Security, United States Citizenship and Immigration Services, or any other agencies, branches, or departments of the United States government, previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 27:**

Subject to and without waiving Plaintiff's foregoing general objections, Plaintiff represents that she does not have any non-privileged documents within her possession, custody, or control that are responsive to Request No. 27.

**REQUEST NO. 28:**

33

Please produce a true and complete copy of any United States Naturalization Certificate (including, but not necessarily limited to, Form N-550, N-570, or their predecessors, which may include, but are not limited to Form N55G) issued to you by the United States Department of Homeland Security, United States Citizenship and Immigration Services, or any other agencies, branches, or departments of the United States government, previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 28:**

Subject to and without waiving Plaintiff's foregoing general objections, Plaintiff represents that she does not have any non-privileged documents within her possession, custody, or control that are responsive to Request No. 28.

**REQUEST NO. 29:**

Please produce a true and complete copy of any unexpired United States Passports, issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by the United States Department of State, Bureau of Consular Affairs, or any other agencies, branches, or departments of the United States government, previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 29:**

Plaintiff objects to Request No. 29 to the extent that it seeks documents not in her possession, custody, or control. Plaintiff further objects to Request No. 29 on grounds that it is unduly burdensome. Plaintiff further objects to Request No. 29 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to

34

plaintiff's family members, legal guardians, and other individuals not party to the instant litigation. Plaintiff further objects to Request No. 29 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff represents that she does not have any non-privileged documents relating *only to her* within her possession, custody, or control that are responsive to Request No. 29.

**REQUEST NO. 30:**

Please produce a true and complete copy of any expired United States Passports, issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by the United States Department of State, Bureau of Consular Affairs, or any other agencies, branches, or departments of the United States government, previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 30:**

Plaintiff objects to Request No. 30 on grounds that it is overly broad and seeks documents without any reasonable temporal limitation. Plaintiff further objects to Request No. 30 on grounds that it is unduly burdensome. Plaintiff further objects to Request No. 30 to the extent that it seeks documents not in her possession, custody, or control. Plaintiff further objects to Request No. 30 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to plaintiff's family members, legal guardians, and other individuals not party to the instant litigation. Plaintiff further objects to Request No.

35

30 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff represents that she does not have any non-privileged documents relating *only to her* within her possession, custody, or control that are responsive to Request No. 30.

**REQUEST NO. 31:**

Please produce true and complete copies of any unexpired United States Passport Cards, issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by the United States Department of State, Bureau of Consular Affairs, or any other agencies, branches, or departments of the United States government, previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 31:**

Plaintiff objects to Request No. 31 to the extent that it seeks documents not in her possession, custody, or control. Plaintiff further objects to Request No. 31 on grounds that it is unduly burdensome. Plaintiff further objects to Request No. 31 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to plaintiff's family members, legal guardians, and other individuals not party to the instant litigation. Plaintiff further objects to Request No. 31 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff represents that she does not have any non-privileged documents within her possession, custody, or control that are responsive to Request No. 31.

**REQUEST NO. 32:**

Please produce a true and complete copy of any expired United States Passport Cards, issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by the United States Department of State, Bureau of Consular Affairs, or any other agencies, branches, or departments of the United States government, previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 32:**

Plaintiff objects to Request No. 32 on grounds that it is overly broad and seeks documents without any reasonable temporal limitation. Plaintiff objects to Request No. 32 to the extent that it seeks documents not in her possession, custody, or control. Plaintiff further objects to Request No. 32 on grounds that it is unduly burdensome. Plaintiff further objects to Request No. 32 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to plaintiff's family members, legal guardians, and other individuals not party to the instant litigation. Plaintiff further objects to Request No. 32 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff represents that she does not have any non-privileged documents within her possession, custody, or control that are responsive to Request No. 32.

**REQUEST NO. 33:**

Please produce a true and complete copy of any student identification documents issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by any high school, college, or university, whether public or private, located in the United States, a United States territory or outlying possession, or a foreign country.

**RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to Request No. 33 on grounds that the term "student identification document" is vague and ambiguous and render this request overly broad. Plaintiff further objects to Request No. 33 to the extent that it seeks documents without any reasonable temporal limitation. Plaintiff further objects to Request No. 33 on grounds that it is unduly burdensome. Plaintiff further objects to Request No. 33 to the extent that it seeks documents already in the possession, custody, or control of Defendants. Plaintiff further objects to Request No. 33 to the extent that it seeks documents not in her possession, custody, or control. Plaintiff further objects to Request No. 33 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to plaintiff's family members, legal guardians, and other individuals not party to the instant litigation. Plaintiff further objects to Request No. 33 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

38

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff will produce non-privileged documents relating *only to her* within her possession, custody, or control that are responsive to Request No. 33 from January 1, 2012 to the present.

## REQUEST NO. 34:

Please produce a true and complete copy of any report card or transcript issued to you by any high school, college, or university, whether public or private, located within the state of Texas.

## RESPONSE TO REQUEST NO. 34:

Plaintiff objects to Request No. 34 on grounds that it is overly broad, unduly burdensome, and seeks documents without any reasonable temporal limitation. Plaintiff further objects to Request No. 34 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

Based on the foregoing general and specific objections, Plaintiff will not produce any documents responsive to Request No. 34 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiff. *See* FED. R. CIV. P. 26(c).

## REQUEST NO. 35:

Please produce a true and complete copy of any transcript issued to you by any college or university, public or private, located in the United States, a United States territory or outlying possession, or a foreign country.

39

**RESPONSE TO REQUEST NO. 35:**

Plaintiff objects to Request No. 35 on grounds that it is overly broad, unduly burdensome, and seeks documents without any reasonable temporal limitation. Plaintiff further objects to Request No. 35 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

Based on the foregoing general and specific objections, Plaintiff will not produce any documents responsive to Request No. 35 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiff. *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 36:**

Please produce a true and complete copy of any school records, issued to you or maintained in your name, by any school you have attended located in the United States, a United States territory or outlying possession, or a foreign country.

**RESPONSE TO REQUEST NO. 36:**

Plaintiff objects to Request No. 36 on grounds that it is overly broad, unduly burdensome, and seeks documents without any reasonable temporal limitation. Plaintiff further objects to Request No. 36 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

Based on the foregoing general and specific objections, Plaintiff will not produce any documents responsive to Request No. 36 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no

relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiff. *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 37:**

Please produce a true and complete copy of any mail you have received from financial institutions, including but not limited to checking, savings, investment account and credit card statements, from January 1, 2005 to the present.

**RESPONSE TO REQUEST NO. 37:**

Plaintiff objects to Request No. 37 on grounds that the terms "any mail" and "financial institution" renders this request vague, ambiguous, overly broad, and unduly burdensome. Plaintiff further objects to Request No. 37 on grounds that it seeks documents without any reasonable temporal limitation. Plaintiff further objects to Request No. 37 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to Request No. 37 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiff will not produce any documents responsive to Request No. 37 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, is vague and ambiguous, is overly broad, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiff. *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 38:**

Please produce a true and complete copy of any mail you have received from a federal, state, county or city government agency located in the United States or a United States territory or outlying possession, from January 1, 2005 to the present.

**RESPONSE TO REQUEST NO. 38:**

Plaintiff objects to Request No. 38 on grounds that the term "any mail" renders this request overly broad, vague, ambiguous, and unduly burdensome. Plaintiff further objects to Request No. 38 on grounds that it seeks documents without any reasonable temporal limitation. Plaintiff further objects to Request No. 38 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to Request No. 38 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced. Plaintiff further objects to Request No. 38 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiff will not produce any documents responsive to Request No. 37 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, is vague and ambiguous, is overly broad, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiff. *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 39:**

Please produce a copy of any automobile payment booklet maintained by you or for you.

**RESPONSE TO REQUEST NO. 39:**

Plaintiff objects to Request No. 39 on grounds that the term "maintained by you or for you" renders this request vague and ambiguous. Plaintiff further objects to Request No. 39 on grounds that it is overly broad, unduly burdensome, and seeks documents without any reasonable temporal limitation. Plaintiff further objects to Request No. 39 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to Request No. 39 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced. Plaintiff further objects to Request No. 39 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiff will not produce any documents responsive to Request No. 39 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiff. *See* FED. R. CIV. P. 26(c). Notwithstanding and without waiving Plaintiff's foregoing general and specific objections, Plaintiff represents that she does not have any non-privileged documents within her possession, custody, or control that are responsive to Request No. 39.

**REQUEST NO. 40:**

Please produce a true and complete copy of any expired or unexpired identification document issued to you, an immediate family member, or to any individual with a direct,

43

tangible interest in your birth certificate, by any employer, public or private, located in the United States, a United States territory or outlying possession, or a foreign country.

**RESPONSE TO REQUEST NO. 40:**

Plaintiff objects to Request No. 40 on grounds that the term "expired or unexpired identification document" renders this request vague, ambiguous, and overly broad. Plaintiff further objects to Request No. 40 to the extent that it seeks documents without any reasonable temporal limitation. Plaintiff further objects to Request No. 40 on grounds that it is unduly burdensome. Plaintiff further objects to Request No. 40 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced. Plaintiff further objects to Request No. 40 to the extent that it seeks documents not in her possession, custody, or control. Plaintiff further objects to Request No. 40 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to plaintiff's family members, legal guardians, and other individuals not party to the instant litigation. Plaintiff further objects to Request No. 40 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiff will not produce any documents responsive to Request No. 40 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiff. *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 41:**

Please produce a true and complete copy of any expired or unexpired badge issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by any employer, public or private, located in the United States, a United States territory or outlying possession, or a foreign country.

**RESPONSE TO REQUEST NO. 41:**

Plaintiff objects to Request No. 41 on grounds that it is overly broad and seeks documents without any reasonable temporal limitation. Plaintiff further objects on grounds that the term "badge" renders this request ambiguous. Plaintiff further objects to Request No. 41 on grounds that it is unduly burdensome. Plaintiff further objects to Request No. 41 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced. Plaintiff further objects to Request No. 41 to the extent that it seeks documents protected by common interest privilege shared by certain plaintiffs and plaintiff-intervenors in this litigation and previous litigations. Plaintiff further objects to Request No. 41 to the extent that it seeks documents not in her possession, custody, or control. Plaintiff further objects to Request No. 41 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to plaintiff's family members, legal guardians, and other individuals not party to the instant litigation. Plaintiff further objects to Request No. 41 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiff will not produce any documents responsive to Request No. 41 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no

relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiff.  *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 42:**

Please produce a true and complete copy of any I-20 Nonimmigrant Student (F-1), issued to you by the Department of Homeland Security, United States Citizenship and Immigration Services, or any agency, branch, or department of the United States government previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 42:**

Plaintiff objects to Request No. 42 on grounds that it is overly broad, unduly burdensome, and seeks documents without any reasonable temporal limitation.  Plaintiff further objects to Request No. 42 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff represents that she does not have any non-privileged documents within her possession, custody, or control that are responsive to Request No. 42.

**REQUEST NO. 43:**

Please produce a true and complete copy of any documents issued to you, which contain any Student Exchange and Visitor Information Service Number issued to you.

**RESPONSE TO REQUEST NO. 43:**

Plaintiff objects to Request No. 43 on grounds that failure to identify the issuer of such numbers renders the request overly broad, vague, ambiguous, and unduly burdensome.  Plaintiff

further objects to Request No. 43 on the ground it seeks documents without any reasonable temporal limitation. Plaintiff further objects to Request No. 43 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to Request No. 43 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff represents that she does not have any non-privileged documents within her possession, custody, or control that are responsive to Request No. 43.

**REQUEST NO. 44:**

Please produce a true and complete copy of any documents issued to you, which contain any alien number, also known as an alien registration number or a United States Citizenship and Immigration Services number, issued to you.

**RESPONSE TO REQUEST NO. 44:**

Plaintiff objects to Request No. 44 on grounds that it is overly broad, vague, ambiguous, and unduly burdensome. Plaintiff further objects to Request No. 44 to the extent that it seeks documents without any reasonable temporal limitation. Plaintiff further objects to Request No. 44 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced. Plaintiff further objects to Request No. 44 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff represents that she does not have any non-privileged documents within her possession, custody, or control that are responsive to Request No. 44.

**REQUEST NO. 45:**

Please produce a true and complete copy of any expired or unexpired Military Service Record or Certificate of Release (DD-214), issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by the United States Department of Defense, or any agency, branch, or department of the United States government previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 45:**

Plaintiff objects to Request No. 45 on grounds that it is overly broad, unduly burdensome, and seeks documents without any reasonable temporal limitation. Plaintiff further objects to Request No. 45 to the extent that it seeks documents not in her possession, custody, or control. Plaintiff further objects to Request No. 45 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to plaintiff's family members, legal guardians, and other individuals not party to the instant litigation. Plaintiff further objects to Request No. 45 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff represents that she does not have any documents *relating only to her* within her possession, custody, or control that are responsive to Request No. 45.

48

**REQUEST NO. 46:**

Please produce a true and complete copy of your Birth Certificate, issued to you by the Texas State Bureau of Vital Statistics or equivalent agency of any United States state, county, municipality, United States territory and/or United States outlying possession, or the District of Columbia, or a Canadian province.

**RESPONSE TO REQUEST NO. 46:**

Plaintiff objects to Request No. 46 on grounds that it is unduly burdensome.  Plaintiff further objects to the extent that such documents are in the possession, custody, or control of Defendant.  Plaintiff further objects to Request No. 46 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff will produce non-privileged documents within her possession, custody, or control that are responsive to Request No. 46.

**REQUEST NO. 47:**

Please produce a true and complete copy of any United States Certification of Birth or United States Certification of Birth Abroad (Form FS-545 or FS-240), and/or Certification of Report of Birth (Form DS-1350), issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by the United States Department of State, or any agency, branch, or department of the United States government previously or now existing, or any of their successor agencies, branches, or departments.

49

**RESPONSE TO REQUEST NO. 47:**

Plaintiff objects to Request No. 47 on grounds that it is unduly burdensome and seeks documents without any reasonable temporal limitation. Plaintiff further objects to Request No. 47 to the extent that it seeks documents not in her possession, custody, or control. Plaintiff further objects to Request No. 47 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to plaintiff's family members, legal guardians, and other individuals not party to the instant litigation.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff represents that she does not have any non-privileged documents relating *only to her* within her possession, custody, or control that are responsive to Request No. 47.

**REQUEST NO. 48:**

Please produce a true and complete copy of your Social Security Card, issued by the United States Social Security Administration.

**RESPONSE TO REQUEST NO. 48:**

Plaintiff objects to Request No. 48 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to Request No. 48 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff will produce non-privileged documents within her possession, custody, or control that are responsive to Request No. 48.

**REQUEST NO. 49:**

Please produce a true and complete copy of Social Security Cards issued to an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by the United States Social Security Administration.

**RESPONSE TO REQUEST NO. 49:**

Plaintiff objects to Request No. 49 on grounds unduly burdensome.  Plaintiff further objects to Request No. 49 to the extent that it seeks documents not in her possession, custody, or control.  Plaintiff further objects to Request No. 49 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to plaintiff's family members, legal guardians, and other individuals not party to the instant litigation.  Plaintiff further objects to Request No. 49 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiff will not produce any documents responsive to Request No. 49 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiff.  *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 50:**

Please produce a true and complete copy of any United States citizenship papers issued to you by the United States Department of Homeland Security, United States Citizenship and Immigration Services, or any other agencies, branches, or departments of the United States government previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 50:**

Plaintiff objects to Request No. 50 on grounds that it is overly broad and unduly burdensome. Plaintiff further objects to Request 50 on grounds that the term "citizenship papers" renders the request ambiguous. Plaintiff further objects to Request No. 50 on grounds that it is unduly burdensome. Plaintiff further objects to Request No. 50 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced. Plaintiff further objects to Request No. 50 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiff will not produce any documents responsive to Request No. 50 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiff. *See* FED. R. CIV. P. 26(c). Notwithstanding and without waiving Plaintiff's foregoing general and specific objections, Plaintiff represents that she does not have any non-privileged documents within her possession, custody, or control that are responsive to Request No. 50.

**REQUEST NO. 51:**

Please produce a true and complete copy of any United States naturalization papers issued to you by the United States Department of Homeland Security, United States Citizenship and Immigration services, or any other agencies, branches, or departments of the United States government previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 51:**

Plaintiff objects to Request No. 51 on grounds that it is unduly burdensome.  Plaintiff further objects to Request No. 51 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced.  Plaintiff further objects to Request No. 51 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiff will not produce any documents responsive to Request No. 51 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiff.  *See* FED. R. CIV. P. 26(c).  Notwithstanding and without waiving Plaintiff's foregoing general and specific objections, Plaintiff represents that she does not have any non-privileged documents within her possession, custody, or control that are responsive to Request No. 51.

**REQUEST NO. 52:**

Please produce a true and complete copy of any Decree of Divorce in a divorce proceeding to which you were a party, issued by any court located within the United States, any United States territory or outlying possession, or the District of Columbia, or in any foreign jurisdiction, and any certified translation of any foreign language document responsive to this Discovery Request.

**RESPONSE TO REQUEST NO. 52:**

Plaintiff objects to Request No. 52 on grounds that it is overly broad. Plaintiff further objects to Request No. 52 to the extent that it seeks documents without any reasonable temporal limitation. Plaintiff further objects to Request No. 52 on grounds that it is unduly burdensome. Plaintiff further objects to Request No. 52 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to Request No. 52 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiff will not produce any documents responsive to Request No. 52 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiff. *See* FED. R. CIV. P. 26(c). Notwithstanding and without waiving Plaintiff's foregoing general and specific objections, Plaintiff represents that she does not have any non-privileged documents within her possession, custody, or control that are responsive to Request No. 52.

**REQUEST NO. 53:**

Please produce a true and complete copy of any order, issued by any court within the United States, a United States territory or outlying possession, the District of Columbia, or a Canadian province, which reflects a change of your legal name and/or gender.

**RESPONSE TO REQUEST NO. 53:**

Plaintiff objects to Request No. 53 on grounds that it is overly broad and unduly burdensome. Plaintiff further objects to Request No. 53 to the extent that it seeks documents without any reasonable temporal limitation. Plaintiff further objects to Request No. 53 to the extent that it seeks documents that are publicly available or obtainable from some other source that is less burdensome or less expensive. Plaintiff further objects to Request No. 53 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to Request No. 53 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff represents that she does not have any documents within her possession, custody, or control that are responsive to Request No. 53.

**REQUEST NO. 54:**

Please produce a true and complete copy of the title and/or registration to any motor vehicle or boat that you have owned for any period of time since 2005.

**RESPONSE TO REQUEST NO. 54:**

Plaintiff objects to Request No. 54 on grounds that it is overly broad.  Plaintiff further objects to Request No. 54 on grounds that it is unduly burdensome.  Plaintiff further objects to Request No. 54 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to Request No. 54 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff represents that she does not have any documents within her possession, custody, or control that are responsive to Request No. 54.

**REQUEST NO. 55:**

Please produce a true and complete copy of any automobile insurance policies and/or automobile insurance statement issued to you, for motor vehicles that you have owned for any period of time since 2005.

**RESPONSE TO REQUEST NO. 55:**

Plaintiff objects to Request No. 55 on grounds that it is overly broad, vague, and ambiguous.  Plaintiff further objects to Request No. 55 on grounds that it is unduly burdensome. Plaintiff further objects to Request No. 55 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to Request No. 55 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

56

Based on the foregoing general and specific objections, Plaintiff will not produce any documents responsive to Request No. 55 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiff. *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 56:**

Please produce a true and complete copy of any document representing proof of financial responsibility to operate a motor vehicle that has been provided to you by any insurance company since 2005.

**RESPONSE TO REQUEST NO. 56:**

Plaintiff objects to Request No. 56 on grounds that it is overly broad, vague, and unduly burdensome. Plaintiff further objects to Request No. 56 on grounds that the term "financial responsibility" renders the request ambiguous. Plaintiff further objects to Request No. 56 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced. Plaintiff further objects to Request No. 56 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to Request No. 56 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiff will not produce any documents responsive to Request No. 56 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no

relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiff. *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 57:**

Please produce a true and complete copy of any professional license issued to you by any agency, department or commission of the state of Texas.

**RESPONSE TO REQUEST NO. 57:**

Plaintiff objects to Request No. 57 on grounds that it is overly broad, vague, and unduly burdensome. Plaintiff further objects to Request No. 57 to the extent that it seeks documents without any reasonable temporal limitation. Plaintiff further objects to Request No. 57 on grounds that the term "professional license" renders the request ambiguous. Plaintiff further objects to Request No. 57 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced. Plaintiff further objects to Request No. 57 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to Request No. 57 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiff will not produce any documents responsive to Request No. 57 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiff. *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 58:**

Please produce a true and complete copy of any Medicare card issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate by the United States Department of Health and Human Services, or any other agencies, branches, or departments of the United States government, previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 58:**

Plaintiff objects to Request No. 58 to the extent that it seeks documents without any reasonable temporal limitation. Plaintiff further objects to Request No. 58 on grounds that it is unduly burdensome. Plaintiff further objects to Request No. 58 to the extent that it seeks documents not in her possession, custody, or control. Plaintiff further objects to Request No. 58 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to plaintiff's family members, legal guardians, and other individuals not party to the instant litigation. Plaintiff further objects to Request No. 58 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiff will not produce any documents responsive to Request No. 58 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiff. *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 59:**

Please produce a true and complete copy of any Medicaid card issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate by the Texas Health and Human Services Commission, or any other agencies, branches, or departments of the government of the state of Texas, or an equivalent agency, branch, or department in any United States state, United States territory or outlying possession, or the District of Columbia, other than Texas, previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 59:**

Plaintiff objects to Request No. 59 to the extent that it seeks documents without any reasonable temporal limitation. Plaintiff further objects to Request No. 59 on grounds that it is unduly burdensome. Plaintiff further objects to Request No. 59 to the extent that it seeks documents not in her possession, custody, or control. Plaintiff further objects to Request No. 59 on grounds that it is overly broad and seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to plaintiff's family members, legal guardians, and other individuals not party to the instant litigation. Plaintiff further objects to Request No. 59 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiff will not produce any documents responsive to Request No. 59 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no

relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiff. *See* FED. R. CIV. P. 26(c).

## REQUEST NO. 60:

Please produce a true and complete copy of any Selective Service card issued to you by the United States Selective Service System, or any other agencies, branches, or departments of the United States government, previously or now existing, or any of their successor agencies, branches, or departments.

## RESPONSE TO REQUEST NO. 60:

Plaintiff objects to Request No. 60 on grounds that it is overly broad. Plaintiff further objects to Request No. 60 to the extent that it seeks documents without any reasonable temporal limitation. Plaintiff further objects to Request No. 60 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to Request No. 60 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff represents that she does not have any documents within her possession, custody, or control that are responsive to Request No. 60.

## REQUEST NO. 61:

Please produce a true and complete copy of any records reflecting immunizations you have received, issued by any entity from a United States state, territory or outlying possession, District of Columbia, or a Canadian province.

**RESPONSE TO REQUEST NO. 61:**

Plaintiff objects to Request No. 61 on grounds that it is overly broad, vague, and unduly burdensome.  Plaintiff further objects to Request No. 61 to the extent that it seeks documents without any reasonable temporal limitation.  Plaintiff further objects to Request No. 61 on grounds that the term "immunizations" renders this request ambiguous.  Plaintiff further objects to Request No. 61 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced.  Plaintiff further objects to Request No. 61 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to Request No. 61 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.  Plaintiff further objects to Request No. 61 to the extent that it impinges upon physician-patient privilege.

Based on the foregoing general and specific objections, Plaintiff will not produce any documents responsive to Request No. 61 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiff.  *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 62:**

Please produce a true and complete copy of any tribal membership card that you hold from a tribe recognized by the government of the United States.

**RESPONSE TO REQUEST NO. 62:**

Plaintiff objects to Request No. 62 to the extent that it seeks documents without any reasonable temporal limitation. Plaintiff further objects to Request No. 62 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to Request No. 62 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff represents that she does not have any documents within her possession, custody, or control that are responsive to Request No. 62.

**REQUEST NO. 63:**

Please produce a true and complete copy of any Certificate of Degree of Indian or Alaska Native Blood, issued to you by the United States Bureau of Indian Affairs, or any other agencies, branches, or departments of the United States government, previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 63:**

Plaintiff objects to Request No. 63 to the extent that it seeks documents without any reasonable temporal limitation. Plaintiff further objects to Request No. 63 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to Request No. 63 to the

extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff represents that she does not have any documents within her possession, custody, or control that are responsive to Request No. 63.

**REQUEST NO. 64:**

Please produce a true and complete copy of any American Indian Card (Form I-872), issued to you by the Department of Homeland Security, United States Citizenship and Immigration Services, or any other agencies, branches, or departments of the United States government, previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 64:**

Plaintiff objects to Request No. 64 to the extent that it seeks documents without any reasonable temporal limitation. Plaintiff further objects to Request No. 64 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to Request No. 64 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff represents that she does not have any documents within her possession, custody, or control that are responsive to Request No. 64.

**REQUEST NO. 65:**

Please produce a true and complete copy of any Northern Mariana Card (Form I-873), issued to you by the Department of Homeland Security, United States Citizenship and Immigration Services, or any other agencies, branches, or departments of the United States government, previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 65:**

Plaintiff objects to Request No. 65 to the extent that it seeks documents without any reasonable temporal limitation.  Plaintiff further objects to Request No. 65 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to Request No. 65 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff represents that she does not have any documents relating to her within her possession, custody, or control that are responsive to Request No. 65.

**REQUEST NO. 66:**

Please produce a true and complete copy of any Veteran's Administration Card or Veteran's Affairs Card issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by the United States Department of Veterans Affairs, or any other agencies, branches, or departments of the United States government, previously or now existing, or any of their successor agencies, branches, or departments.

65

**RESPONSE TO REQUEST NO. 66:**

     Plaintiff objects to Request No. 66 on grounds that it is overly broad.  Plaintiff further objects to Request No. 66 to the extent that it seeks documents without any reasonable temporal limitation.  Plaintiff further objects to Request No. 66 on grounds that it is unduly burdensome. Plaintiff further objects to Request No. 66 to the extent that it seeks documents not in her possession, custody, or control.  Plaintiff further objects to Request No. 66 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to plaintiff's family members, legal guardians, and other individuals not party to the instant litigation.  Plaintiff further objects to Request No. 66 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

     Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff represents that she does not have any documents *relating only to her* within her possession, custody, or control that are responsive to Request No. 66.


**REQUEST NO. 67:**

     Please produce a true and complete copy of your hospital-issued birth record, issued to you by a hospital located in any United States state, United States territory or outlying possession, District of Columbia, or Canadian province.

**RESPONSE TO REQUEST NO. 67:**

     Plaintiff objects to Request No. 67 on grounds that the term "birth record" renders this request overly broad, vague, and ambiguous.  Plaintiff further objects to Request No. 67 on

grounds that it is unduly burdensome.  Plaintiff further objects to Request No. 67 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced.  Plaintiff further objects to Request No. 67 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to Request No. 67 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff will produce non-privileged documents within her possession, custody, or control that are responsive to Request No. 67.


**REQUEST NO. 68:**

Please produce a copy of any Peace officer's license issued to you by the Texas Commission on Law Enforcement Officer Standards and Education, also known as TCLEOSE, or any other agency or department of the state of Texas, previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 68:**

Plaintiff objects to Request No. 68 on grounds that it is overly broad and seeks documents without any reasonable temporal limitation.  Plaintiff further objects to Request No. 68 to the extent that it seeks documents already in the possession, custody, or control of Defendants.  Plaintiff further objects to Request No. 68 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to Request No. 68 to the extent that it is

unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff represents that she does not have any documents within her possession, custody, or control that are responsive to Request No. 68.

**REQUEST NO. 69:**

Please produce a true and complete copy of any marriage license or licenses issued to you by any agency or department in any United States state, United States territory or outlying possession, the District of Columbia, or any foreign country, and any certified translation of any foreign language documents responsive to this Discovery Request.

**RESPONSE TO REQUEST NO. 69:**

Plaintiff further objects to Request No. 69 to the extent that it seeks documents without any reasonable temporal limitation.  Plaintiff further objects to Request No. 69 to the extent that it seeks documents that are publicly available or obtainable from some other source that is less burdensome or less expensive.  Plaintiff further objects to Request No. 69 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to Request No. 69 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff represents that she does not have any documents within her possession, custody, or control that are responsive to Request No. 69.

**REQUEST NO. 70:**

Please produce a true and complete copy of any insurance policy that you have held for at least two years.

**RESPONSE TO REQUEST NO. 70:**

Plaintiff objects to Request No. 70 on grounds that the term "insurance policy" renders the request overly broad, vague, and ambiguous. Plaintiff further objects to Request No. 70 on grounds that it is unduly burdensome. Plaintiff further objects to Request No. 70 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced. Plaintiff further objects to Request No. 70 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to Request No. 70 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiff will not produce any documents responsive to Request No. 70 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiff. *See* Fed. R. Civ. P. 26(c).

**REQUEST NO. 71:**

Please produce a true and complete copy of any homeowner's or renter's insurance policy or homeowner's or renter's insurance statement issued to you.

**RESPONSE TO REQUEST NO. 71:**

Plaintiff objects to Request No. 71 on grounds that it is unduly burdensome and seeks documents without any reasonable temporal limitation. Plaintiff further objects to Request No. 71 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced. Plaintiff further objects to Request No. 71 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to Request No. 71 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiff will not produce any documents responsive to Request No. 71 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiff. *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 72:**

Please produce a true and complete copy of any military records or any other documents, issued to you or maintained in your name by any branch of the United States Military Services and/or the United States Department of the Defense, or any other agencies, branches, or departments of the United States government, or any agencies, branches, or departments of any foreign government, previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 72:**

Plaintiff objects to Request No. 72 on grounds that the terms "military records" and "maintained in your name" render the request overly broad, vague, ambiguous, and unduly burdensome.  Plaintiff further objects to Request No. 72 to the extent that it seeks documents without any reasonable temporal limitation.  Plaintiff further objects to Request No. 72 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced.  Plaintiff further objects to Request No. 72 to the extent that it seeks documents not in her possession, custody, or control.  Plaintiff further objects to Request No. 72 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to Request No. 72 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff represents that she does not have any documents within her possession, custody, or control that are responsive to Request No. 72.

**REQUEST NO. 73:**

Please produce a true and complete copy of any expired or unexpired military dependent identification card, issued to you by any branch of the United States Military Services and/or the United States Department of the Defense, or any other agencies, branches, or departments of the United States government, previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 73:**

Plaintiff further objects to Request No. 73 to the extent that it seeks documents without any reasonable temporal limitation. Plaintiff further objects to Request No. 73 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to Request No. 73 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff represents that she does not have any documents within her possession, custody, or control that are responsive to Request No. 73.

**REQUEST NO. 74:**

Please produce a true and complete copy of any expired or unexpired pilot's license issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by the United States Federal Aviation Administration, or the equivalent civil aviation authority of Canada, or any other agencies, branches, or departments of the United States government, or of the Canadian government, previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 74:**

Plaintiff objects to Request No. 74 on grounds that it is overly broad. Plaintiff further objects to Request No. 74 to the extent that it seeks documents without any reasonable temporal limitation. Plaintiff further objects to Request No. 74 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to plaintiff's family

72

members, legal guardians, and other individuals not party to the instant litigation. Plaintiff further objects to Request No. 74 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiff will not produce any documents responsive to Request No. 74 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiff. *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 75:**

Please produce a true and complete copy of any United States Federal Income Tax Form W-2 or Form 1099 issued to you.

**RESPONSE TO REQUEST NO. 75:**

Plaintiff objects to Request No. 75 on grounds that it is unduly burdensome and seeks documents without any reasonable temporal limitation. Plaintiff further objects to Request No. 75 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to Request No. 75 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiff will not produce any documents responsive to Request No. 75 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no

relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiff. *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 76:**

Please produce a true and complete copy of any NUMIDENT record issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by the United States Social Security Administration.

**RESPONSE TO REQUEST NO. 76:**

Plaintiff objects to Request No. 76 on grounds that it is overly broad and seeks documents without any reasonable temporal limitation. Plaintiff further objects to Request No. 76 to the extent that it seeks documents not in her possession, custody, or control. Plaintiff further objects to Request No. 76 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to plaintiff's family members, legal guardians, and other individuals not party to the instant litigation. Plaintiff further objects to Request No. 76 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiff will not produce any documents responsive to Request No. 76 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiff. *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 77:**

Please produce a true and complete copy of any NUMILITE Letter issued to you by the United States Social Security Administration.

**RESPONSE TO REQUEST NO. 77:**

Plaintiff objects to Request No. 77 on grounds that it seeks documents without any reasonable temporal limitation. Plaintiff further objects to Request No. 77 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to Request No. 77 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiff will not produce any documents responsive to Request No. 77 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiff. *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 78:**

Please produce a true and complete copy of any expired or unexpired offender identification card or any similar form of identification issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by the Texas Department of Criminal Justice.

**RESPONSE TO REQUEST NO. 78:**

Plaintiff objects to Request No. 78 on grounds that the term "offender identification card" and phrase "any similar form of identification" render this request overly broad, vague, and ambiguous.  Plaintiff further objects to Request No. 78 to the extent that it seeks documents without any reasonable temporal limitation.  Plaintiff further objects to Request No. 78 to the extent that it seeks documents not in her possession, custody, or control.  Plaintiff further objects to Request No. 78 to the extent that it is overly broad and seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to plaintiff's family members, legal guardians, and other individuals not party to the instant litigation.  Plaintiff further objects to Request No. 78 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiff will not produce any documents responsive to Request No. 78 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiff.  *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 79:**

Please produce a true and complete copy of any expired or unexpired parole or mandatory release certificate, and/or other document relating to any parole or release of you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by the Texas Department of Criminal Justice.

**RESPONSE TO REQUEST NO. 79:**

Plaintiff objects to Request No. 79 on grounds that the phrase "and/or other document" renders this request overly broad, vague, and ambiguous. Plaintiff further objects to Request No. 79 to the extent that it seeks documents without any reasonable temporal limitation. Plaintiff further objects to Request No. 79 to the extent that it seeks documents already in the possession, custody, or control of Defendants. Plaintiff further objects to Request No. 79 to the extent that it seeks documents not in her possession, custody, or control. Plaintiff further objects to Request No. 79 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to plaintiff's family members, legal guardians, and other individuals not party to the instant litigation. Plaintiff further objects to Request No. 79 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiff will not produce any documents responsive to Request No. 79 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiff. *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 80:**

Please produce a copy of any expired or unexpired medical or health card, and/or medical or health insurance card, issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate.

**RESPONSE TO REQUEST NO. 80:**

Plaintiff further objects to Request No. 80 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced. Plaintiff further objects to Request No. 80 to the extent that it seeks documents without any reasonable temporal limitation. Plaintiff further objects to Request No. 80 to the extent that it is unduly burdensome. Plaintiff to further objects to Request No. 80 to the extent that it seeks documents not in her possession, custody, or control. Plaintiff further objects to Request No. 80 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to plaintiff's family members, legal guardians, and other individuals not party to the instant litigation. Plaintiff further objects to Request No. 80 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiff will not produce any documents responsive to Request No. 80 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiff. *See* FED. R. CIV. P. 26(c).

## REQUEST NO. 81:

Please produce a true and complete copy of any expired or unexpired federal inmate identification card issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by the United States Federal Bureau of Prisons or any

other agencies, branches, or departments of the United States government, previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 81:**

      Plaintiff objects to Request No. 81 to the extent that it is unduly burdensome and seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to plaintiff's family members, legal guardians, and other individuals not party to the instant litigation. Plaintiff further objects to Request No. 81 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

      Based on the foregoing general and specific objections, Plaintiff will not produce any documents responsive to Request No. 81 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiff. *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 82:**

      Please produce a true and complete copy of any federal parole or release certificate, including, but not limited to, Form I-512 or I-512L, issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by the United States Federal Bureau of Prisons or any other agencies, branches, or departments of the United States government, previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 82:**

      Plaintiff objects to Request No. 82 to the extent that it is unduly burdensome and seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to plaintiff's family members, legal guardians, and other individuals not party to the instant litigation.  Plaintiff further objects to Request No. 82 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

      Based on the foregoing general and specific objections, Plaintiff will not produce any documents responsive to Request No. 82 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiff.  *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 83:**

      Please produce a true and complete copy of any Form I-9, issued by the United States Department of Homeland Security, United States Citizenship and Immigration Services, or any other agencies, branches, or departments of the United States government, previously or now existing, or any of their successor agencies, branches, or departments, and completed by or submitted to any employer by you.

**RESPONSE TO REQUEST NO. 83:**

      Plaintiff objects to Request No. 83 to the extent that it seeks documents without any reasonable temporal limitation.  Plaintiff further objects to Request No. 83 on grounds that the

term "completed by [] any employer" renders this request unduly burdensome.  Plaintiff further objects to Request No. 83 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to Request No. 83 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiff will not produce any documents responsive to Request No. 83 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiff.  *See* FED. R. CIV. P. 26(c).


**REQUEST NO. 84:**

Please produce true and complete copies of any Permanent Resident Card or Alien Registration Receipt Card (Form I-551), issued to you by the United States Department of Homeland Security, United States Citizenship and Immigration Services, or any other agencies, branches, or departments of the United States government, previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 84:**

Plaintiff objects to Request No. 84 to the extent that it seeks documents without any reasonable temporal limitation.  Plaintiff further objects to Request No. 84 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to Request No. 84 to the

81

extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiff will not produce any documents responsive to Request No. 84 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiff. *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 85:**

Please produce true and complete copies of any expired or unexpired Temporary I-551 (immigrant visa endorsed with additional stamp), and/or Machine Readable Immigrant Visa, issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by the United States Department of State, Bureau of Consular Affairs, United States Department of Homeland Security, United States Citizenship and Immigration Services, or any other agencies, branches, or departments of the United States government, previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 85:**

Plaintiff further objects to Request No. 85 to the extent that it seeks documents not in her possession, custody, or control. Plaintiff further objects to Request No. 85 to the extent that it is unduly burdensome and seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to plaintiff's family members, legal guardians, and other individuals not party to the instant litigation. Plaintiff further objects to Request No. 85 to the extent that it is

82

unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiff will not produce any documents responsive to Request No. 85 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiff. *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 86:**

Please produce a true and complete copy of any document relating to the Visa Waiver Program administered by the United States Department of State, issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate.

**RESPONSE TO REQUEST NO. 86:**

Plaintiff objects to Request No. 86 on the ground that the term "any document" renders this request overly broad and unduly burdensome. Plaintiff further objects to Request No. 86 to the extent that it seeks documents not in her possession, custody, or control. Plaintiff further objects to Request No. 86 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to plaintiff's family members, legal guardians, and other individuals not party to the instant litigation. Plaintiff further objects to Request No. 86 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiff will not produce any documents responsive to Request No. 86 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiff. *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 87:**

Please produce a true and complete copy of any DL2019-Exchange Visitor (J-1) Certificate, or any other letter or document from a J-1 nonimmigrant student's Responsible Officer, issued to you by the United States Department of Homeland Security, United States Citizenship and Immigration Services, or any other agencies, branches, or departments of the United States government, previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 87:**

Plaintiff objects to Request No. 87 to the extent that it seeks documents not in her possession, custody, or control. Plaintiff further objects to Request No. 87 to the extent that it is overly broad and seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to Request No. 87 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiff will not produce any documents responsive to Request No. 87 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no

relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiff. *See* FED. R. CIV. P. 26(c).

### REQUEST NO. 88:

Please produce a true and complete copy of any passport issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by any agency, department, or branch of the government of any foreign country, including, but not limited to, the Commonwealth of the Northern Mariana Islands, the Federated States of Micronesia, or the Republic of the Marshall Islands.

### RESPONSE TO REQUEST NO. 88:

Plaintiff objects to Request No. 88 on grounds that it seeks documents without any reasonable temporal limitation. Plaintiff further objects to Request No. 88 to the extent that it seeks documents not in her possession, custody, or control. Plaintiff further objects to Request No. 88 to the extent that it is unduly burdensome and seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to plaintiff's family members, legal guardians, and other individuals not party to the instant litigation. Plaintiff further objects to Request No. 88 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff will produce non-privileged documents related *only to her* within her possession, custody, or control that are responsive to Request No. 88 from January 1, 2012 to the present.

**REQUEST NO. 89:**

Please produce a true and complete copy of any visa, expired or unexpired, issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by the United States Department of Homeland Security, United States Citizenship and Immigration Services, United States Department of State, Bureau of Consular Affairs, or any other agencies, branches, or departments of the United States government, previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 89:**

Plaintiff objects to Request No. 89 on grounds that it seeks documents without any reasonable temporal limitation.  Plaintiff further objects to Request No. 89 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced.  Plaintiff further objects to Request No. 89 to the extent that it seeks documents not in her possession, custody, or control.  Plaintiff further objects to Request No. 89 on the ground that it is unduly burdensome and that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to plaintiff's family members, legal guardians, and other individuals not party to the instant litigation.  Plaintiff further objects to Request No. 89 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiff will not produce any documents responsive to Request No. 89 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no

relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiff.  *See* FED. R. CIV. P. 26(c).

### REQUEST NO. 90:

Please produce a true and complete copy of any Arrival/Departure Report (Form I-94 or Form-I-94A) issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate by the United States Department of Homeland Security, United States Citizenship and Immigration Services, or any other agencies, branches, or departments of the United States government, previously or now existing, or any of their successor agencies, branches, or departments.

### RESPONSE TO REQUEST NO. 90:

Plaintiff objects to Request No. 90 on grounds that it seeks documents without any reasonable temporal limitation. Plaintiff further objects to Request No. 90 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced. Plaintiff further objects to Request No. 90 to the extent that it seeks documents not in her possession, custody, or control.  Plaintiff further objects to Request No. 90 to the extent that it is unduly burdensome and seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to plaintiff's family members, legal guardians, and other individuals not party to the instant litigation.  Plaintiff further objects to Request No. 90 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiff will not produce any documents responsive to Request No. 90 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiff. *See* FED. R. CIV. P. 26(c).

## REQUEST NO. 91:

Please produce a true and complete copy of any expired or unexpired Employment Authorization Document, also known as an Employment Authorization Card, containing a photograph (Form I-766), issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by the Department of Homeland Security, U.S. Citizenship and Immigration Services, or any other agency, branch, or department of the United States government, previously or now existing, or any of their successor agencies, branches, or departments.

## RESPONSE TO REQUEST NO. 91:

Plaintiff objects to Request No. 91 on grounds that seeks documents without any relevant temporal limitation. Plaintiff further objects to Request No. 91 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced. Plaintiff further objects to Request No. 91 to the extent that it seeks documents not in her possession, custody, or control. Plaintiff further objects to Request No. 91 to the extent that it unduly burdensome and seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited

to, documents relating to plaintiff's family members, legal guardians, and other individuals not party to the instant litigation. Plaintiff further objects to Request No. 91 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiff will not produce any documents responsive to Request No. 91 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiff. *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 92:**

Please produce a true and complete copy of any draft record issued to you or maintained for you by the United States Selective Service, any branch of the United States Military Services, and/or the United States Department of the Defense, or any other agencies, branches, or departments of the United States government previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 92:**

Plaintiff objects to Request No. 92 on grounds that the terms "draft record" and "maintained for you" render this request overly broad and unduly burdensome. Plaintiff further objects to Request No. 92 to the extent that it seeks documents not in her possession, custody, or control. Plaintiff further objects to Request No. 92 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to Request No. 92 to the extent that it is

unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the

instant litigation.

Subject to and without waiving Plaintiff's foregoing general and specific objections,

Plaintiff represents that she does not have any non-privileged documents within her possession,

custody, or control that are responsive to Request No. 92.


**REQUEST NO. 93:**

Please produce a true and complete copy of any United States Coast Guard Merchant

Mariners Document Card, issued to you by the United States Coast Guard.

**RESPONSE TO REQUEST NO. 93:**

Plaintiff further objects to Request No. 93 to the extent that it seeks documents or

tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery

of admissible evidence.  Plaintiff further objects to Request No. 93 to the extent that it is

unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the

instant litigation.

Subject to and without waiving Plaintiff's foregoing general and specific objections,

Plaintiff represents that she does not have any non-privileged documents within her possession,

custody, or control that are responsive to Request No. 93.


**REQUEST NO. 94:**

Please produce a true and complete copy of any Native American tribal document issued

to you.

**RESPONSE TO REQUEST NO. 94:**

Plaintiff objects to Request No. 94 on the ground that "any Native American tribal document" renders this request overly broad. Plaintiff further objects to Request No. 94 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced. Plaintiff further objects to Request No. 94 to the extent that it seeks documents not in her possession, custody, or control. Plaintiff further objects to Request No. 94 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to Request No. 94 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff represents that she does not have any non-privileged documents within her possession, custody, or control that are responsive to Request No. 94.

**REQUEST NO. 95:**

Please produce a true and complete copy of any Identification Card for Use of Resident Citizen in the United States (Form I-179 or Form I-197), issued to you by the United States Department of Justice, Immigration and Naturalization Service, or any other agency, branch, or department of the United States government previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 95:**

Plaintiff objects to Request No. 95 to the extent that it seeks documents not in her possession, custody, or control. Plaintiff further objects to Request No. 85 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to

lead to the discovery of admissible evidence. Plaintiff further objects to Request No. 95 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiff will not produce any documents responsive to Request No. 95 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiff. *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 96:**

Please produce a true and complete copy of any expired or unexpired employment authorization document issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by the United States Department of Homeland Security, United States Citizenship and Immigration Services, or any other agency, branch, or department of the United States government previously or now existing, or any of their successor agencies, branches, or departments. Such documents include, but are not limited to (1) any Form I-94 (issued to an asylee or work-authorized nonimmigrant because of their immigration status); (2) any unexpired Reentry Permit/U.S. Travel Document (Form I-327 or I-571); (3) any Certificate of United States Citizenship (Form N-560 or N-561); (4) any Certificate of Naturalization (Form N-550 or N-570), (5) Form I-797; or (6) Form I-551, also known as a "Green Card."

**RESPONSE TO REQUEST NO. 96:**

Plaintiff further objects to Request No. 96 to the extent that it seeks documents not in her possession, custody, or control. Plaintiff further objects to Request No. 96 to the extent that it is unduly burdensome and seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to plaintiff's family members, legal guardians, and other individuals not party to the instant litigation. Plaintiff further objects to Request No. 96 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiff will not produce any documents responsive to Request No. 96 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiff. *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 97:**

Please produce a true and complete copy of any Temporary Resident Alien Card (I-688), issued to you by the United States Department of Homeland Security, United States Citizenship and Immigration Services, or any other agency, branch, or department of the United States government previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 97:**

Plaintiff further objects to Request No. 97 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery

of admissible evidence. Plaintiff further objects to Request No. 97 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiff will not produce any documents responsive to Request No. 97 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiff. *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 98:**

Please produce a true and complete copy of any expired or unexpired document issued to you by the United States Department of Homeland Security, United States Citizenship and Immigration Services, or any other agency, branch, or department of the United States government previously or now existing, or any of their successor agencies, branches, or departments, not previously encompassed by these requests.

**RESPONSE TO REQUEST NO. 98:**

Plaintiff objects to Request No. 98 on grounds it is overly broad, vague, and ambiguous. Plaintiff further objects to Request No. 98 to the extent that it seeks documents without any reasonable temporal limitation. Plaintiff further objects to Request No. 98 on grounds that it is unduly burdensome. Plaintiff further objects to Request No. 98 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced. Plaintiff further objects to Request No. 98 to the extent that it seeks documents or tangible items

not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

Based on the foregoing general and specific objections, Plaintiff will not produce any documents responsive to Request No. 98 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiff. *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 99:**

Please produce a true and complete copy of any federal and state tax returns you have filed from January 1, 2005 to the present.

**RESPONSE TO REQUEST NO. 99:**

Plaintiff objects to Request No. 99 to the extent that it is unduly burdensome and seeks documents without any reasonable temporal limitation. Plaintiff further objects to Request No. 99 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

Based on the foregoing general and specific objections, Plaintiff will not produce any documents responsive to Request No. 99 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiff. *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 100:**

Please produce a true and complete copy of any utility bills (including electric, water, natural gas, satellite television, cable television or noncellular phone bill) paid by you and/or sent to your attention from January 1, 2005 to the present.

**RESPONSE TO REQUEST NO. 100:**

Plaintiff objects to Request No. 100 on grounds that it is overly broad and seeks documents without any reasonable temporal limitation.  Plaintiff further objects to Request No. 100 on grounds that it is unduly burdensome.  Plaintiff further objects to Request No. 100 to the extent that it seeks documents not in her possession, custody, or control.  Plaintiff further objects to Request No. 100 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to Request No. 100 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiff will not produce any documents responsive to Request No. 100 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiff.  *See* FED. R. CIV. P. 26(c).


**REQUEST NO. 101:**

Please produce a true and complete copy of any pay stubs or pre-printed paycheck, received by you from January 1, 2005 to the present.

**RESPONSE TO REQUEST NO. 101:**

Plaintiff objects to Request No. 101 on grounds that it is overly broad and seeks documents without any reasonable temporal limitation. Plaintiff further objects to Request No. 101 on grounds that it is unduly burdensome. Plaintiff further objects to Request No. 101 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced. Plaintiff further objects to Request No. 101 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to Request No. 101 to the extent that it is unreasonably cumulative and duplicative as it calls upon Plaintiff to reproduce documents and tangible things that have been previously produced to Defendants as part of *Texas v. Holder*, No. 12-cv-128 and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiff will not produce any documents responsive to Request No. 101 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiff. *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 102:**

Please produce a true and complete copy of any residential rental/lease agreement to which you are or were a party, dated from January 1, 2005 to the present.

**RESPONSE TO REQUEST NO. 102:**

Plaintiff further objects to Request No. 102 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced. Plaintiff further

objects to Request No. 102 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to Request No. 102 to the extent that it is unreasonably cumulative and duplicative as it calls upon Plaintiff to reproduce documents and tangible things that have been previously produced to Defendants as part of *Texas v. Holder*, No. 12-cv-128 and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiff will not produce any documents responsive to Request No. 102 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiff. *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 103:**

Please produce a true and complete copy of deed, mortgage, monthly mortgage statement, or mortgage payment booklet, to which you are or were a party or which was addressed to you, dated from January 1, 2005 to the present.

**RESPONSE TO REQUEST NO. 103:**

Plaintiff further objects to Request No. 103 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to Request No. 103 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiff will not produce any documents responsive to Request No. 103 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiff. *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 104:**

Please produce a true and complete copy of any job application you submitted to any employer between January 1, 2005 and the present.

**RESPONSE TO REQUEST NO. 104:**

Plaintiff objects to Request No. 104 on grounds that it is overly broad and seeks documents without any reasonable temporal limitation. Plaintiff further objects to Request No. 104 on grounds that it is unduly burdensome. Plaintiff further objects to Request No. 104 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced. Plaintiff further objects to Request No. 104 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to Request No. 104 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiff will not produce any documents responsive to Request No. 104 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no

relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiff. *See* FED. R. CIV. P. 26(c).


**REQUEST NO. 105:**

Please produce a true and complete copy of any Form DS-2019, issued to you by the United States Department of Homeland Security, United States Citizenship and Immigration Services, or any other agency, branch, or department of the United States government previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 105:**

Plaintiff objects to Request No. 105 on grounds that it seeks documents without any reasonable temporal limitation. Plaintiff further objects to Request No. 105 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to Request No. 105 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiff will not produce any documents responsive to Request No. 105 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiff. *See* FED. R. CIV. P. 26(c).


**REQUEST NO. 106:**

Please produce a true and complete copy of any expired or unexpired Refugee Travel Permit, Advance Parole, or Valid Refugee Travel Letter with Photo (including, but not limited to, any document obtained by filling out Form I-131 or its predecessors), issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, stamped by the United States Department of Homeland Security, United States Customs and Border Protection, and/or issued by the United States Department of Homeland Security, United States Citizenship and Immigration Services, or any other agency, branch, or department of the United States government previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 106:**

Plaintiff objects to Request No. 106 to the extent that it seeks documents without any reasonable temporal limitation.  Plaintiff further objects to Request No. 106 to the extent that it seeks documents not in her possession, custody, or control.  Plaintiff further objects to Request No. 106 as unduly burdensome to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to plaintiff's family members, legal guardians, and other individuals not party to the instant litigation.  Plaintiff further objects to Request No. 106 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiff will not produce any documents responsive to Request No. 106 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no

relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiff. *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 107:**

Please produce a true and complete copy of any expired or unexpired Secure Electronic Network for Travelers Rapid Inspection, also known as SENTRI, Card, issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by the United States Department of Homeland Security, United States Customs and Border Protection, United States Citizenship and Immigration Services, or any other agency, branch, or department of the United States government previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 107:**

Plaintiff objects to Request No. 107 on grounds that it seek documents without any reasonable temporal limitation. Plaintiff further objects to Request No. 107 to the extent that it seeks documents not in her possession, custody, or control. Plaintiff further objects to Request No. 107 as unduly burdensome to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to plaintiff's family members, legal guardians, and other individuals not party to the instant litigation. Plaintiff further objects to Request No. 107 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiff will not produce any documents responsive to Request No. 107 because the request is outside the scope of the

discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiff. *See* FED. R. CIV. P. 26(c).

## REQUEST NO. 108:

Please produce a true and complete copy of any expired or unexpired United States Citizen Identification Card or Citizen ID Card (including, but not necessarily limited to Form I-197), issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by the United States Department of Justice, Immigration and Naturalization Service, United States Department of Homeland Security, United States Citizenship and Immigration Services, or any other agency, branch, or department of the United States government previously or now existing, or any of their successor agencies, branches, or departments.

## RESPONSE TO REQUEST NO. 108:

Plaintiff objects to Request No. 108 to the extent that it seeks documents without any reasonable temporal limitation. Plaintiff further objects to Request No. 108 as unduly burdensome to the extent that it seeks documents not in her possession, custody, or control. Plaintiff further objects to Request No. 108 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to plaintiff's family members, legal guardians, and other individuals not party to the instant litigation. Plaintiff further objects to Request No. 108 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiff will not produce any documents responsive to Request No. 108 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiff. *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 109:**

Please produce a true and complete copy of any expired or unexpired Border Crossing Card (B1 for business or pleasure or B2 for medical purposes), issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by the United States Department of State, or any other agency, branch, or department of the United States government previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 109:**

Plaintiff objects to Request No. 109 on grounds that it seeks documents without any reasonable temporal limitation. Plaintiff further objects to Request No. 109 to the extent that it seeks documents not in her possession, custody, or control. Plaintiff further objects to Request No. 109 as unduly burdensome to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to plaintiff's family members, legal guardians, and other individuals not party to the instant litigation. Plaintiff further objects to Request No. 109 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiff will not produce any documents responsive to Request No. 109 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiff. *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 110:**

Please produce a true and complete copy of any consular document issued to you by the government of any United States state, foreign country, United States territory or outlying possession, or the United States, to the extent not encompassed by any of the other Discovery Requests herein.

**RESPONSE TO REQUEST NO. 110:**

Plaintiff objects to Request No. 110 on the ground that "any consular document" renders the request overly broad, vague, and ambiguous. Plaintiff further objects to Request No. 110 to the extent that it seeks documents without any reasonable temporal limitation. Plaintiff further objects to Request No. 110 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced. Plaintiff further objects to Request No. 110 as unduly burdensome to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to plaintiff's family members, legal guardians, and other individuals not party to the instant litigation. Plaintiff further objects to Request No. 110 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

In its current form, Request No. 110 is incomprehensible and Plaintiff therefore cannot produce any documents in response to the request.

**REQUEST NO. 111:**

Please produce a true and complete copy of any document issued to you by the Department of Justice, United States Citizenship and Immigration Services, or any other agency, branch, or department of the United States government previously or now existing, or any of their successor agencies, branches, or departments, to the extent not encompassed by any of the other Discovery Requests herein.

**RESPONSE TO REQUEST NO. 111:**

Plaintiff objects to Request No. 111 on the ground that "any document" renders the request overly broad, vague, ambiguous, and unduly burdensome. Plaintiff further objects to Request No. 111 to the extent that it seeks documents without any reasonable temporal limitation. Plaintiff further objects to Request No. 111 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced. Plaintiff objects to Request No. 111 to the extent that it seeks information or disclosure of information that is protected by attorney-client privilege, the attorney work product doctrine, or any other statutory or common law privilege or immunity. Plaintiff further objects to Request No. 111 to the extent that it seeks documents protected by common interest privileges shared by certain plaintiffs and plaintiff-intervenors in this litigation and previous litigations. Plaintiff further objects to Request No. 111 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further

106

objects to Request No. 111 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiff as part of the instant litigation.

In its current form, Request No. 111 is incomprehensible and Plaintiff therefore cannot produce any documents in response to the request.

* * * * *

Respectfully Submitted,


/s/ Ryan P. Haygood
Sherrilyn Ifill
*Director-Counsel*
Christina A. Swarns
Ryan P. Haygood
*Attorney-in-Charge*
Natasha M. Korgaonkar
Leah C. Aden
NAACP Legal Defense and Education Fund, Inc.
40 Rector Street, 5th Floor
New York, New York 10006
Tel:  (212) 965-2200
Fax:  (212) 226-7592


Danielle Conley
Jonathan Paikin
Kelly P. Dunbar
M. Hasan Ali
Richard F. Shordt
Lynn Eisenberg
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Ave., NW
Washington, DC 20006
Tel:  (202) 663-6000
Fax:  (202) 663-6363


*Counsel for Texas League of Young Voters, et al.,*
*Plaintiff-Intervenors*

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2014, I served a true and correct copy of the foregoing via electronic mail on the counsel of record in this case.

/s/    *M. Hasan Ali*
M. Hasan Ali
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
hasan.ali@wilmerhale.com