# HOUSE JOURNAL

## EIGHTY-SECOND LEGISLATURE, REGULAR SESSION

### PROCEEDINGS

#### FORTIETH DAY — WEDNESDAY, MARCH 23, 2011

The house met at 10 a.m. and was called to order by the speaker.

The roll of the house was called and a quorum was announced present (Record 105).

Present — Mr. Speaker; Aliseda; Allen; Alonzo; Alvarado; Anchia; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Burnam; Button; Cain; Callegari; Carter; Castro; Chisum; Christian; Coleman; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Davis, Y.; Deshotel; Driver; Dukes; Dutton; Eissler; Elkins; Farias; Farrar; Fletcher; Flynn; Frullo; Gallego; Garza; Geren; Giddings; Gonzales, L.; Gonzales, V.; Gonzalez; Gooden; Guillen; Gutierrez; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hernandez Luna; Hilderbran; Hochberg; Hopson; Howard, C.; Howard, D.; Huberty; Hughes; Hunter; Isaac; Jackson; Johnson; Keffer; King, P.; King, S.; King, T.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lozano; Lucio; Lyne; Madden; Mallory Caraway; Margo; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Miller, D.; Miller, S.; Morrison; Muñoz; Murphy; Naishtat; Nash; Oliveira; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pickett; Pitts; Price; Quintanilla; Raymond; Reynolds; Riddle; Ritter; Rodriguez; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Strama; Taylor, L.; Taylor, V.; Thompson; Torres; Truitt; Turner; Veasey; Villarreal; Vo; Walle; Weber; White; Woolley; Workman; Zedler; Zerwas.

Absent, Excused — Eiland.

Absent — Cook.

The invocation was offered by William Eudy, pastor, Southside Church of Christ, Mineral Wells.

The speaker recognized Representative Lyne who led the house in the pledges of allegiance to the United States and Texas flags.

### LEAVE OF ABSENCE GRANTED

The following member was granted leave of absence temporarily for today because of family business:

Eiland on motion of Landtroop.

2:13-cv-193
09/02/2014
DEF0177



### REGULAR ORDER OF BUSINESS SUSPENDED

On motion of Representative Lyne and by unanimous consent, the reading and referral of bills was postponed until just prior to adjournment.

### CAPITOL PHYSICIAN

The speaker recognized Representative Christian who presented Dr. Keith Miller of Center as the "Doctor for the Day."

The house welcomed Dr. Miller and thanked him for his participation in the Physician of the Day Program sponsored by the Texas Academy of Family Physicians.

(Cook now present)

### MESSAGE FROM THE SENATE

A message from the senate was received at this time (see the addendum to the daily journal, Messages from the Senate, Message No. 1).

### HCR 118 - ADOPTED
### (by V. Taylor, et al.)

Representative V. Taylor moved to suspend all necessary rules to take up and consider at this time **HCR 118**.

The motion prevailed.

The following resolution was laid before the house:

**HCR 118**, Honoring Congressman Sam Johnson on the 38th anniversary of his release as a North Vietnamese Prisoner of War.

**HCR 118** was read and was adopted.

On motion of Representatives Sheets and Madden, the names of all the members of the house were added to **HCR 118** as signers thereof.

### INTRODUCTION OF GUEST

The speaker recognized Representative V. Taylor who introduced the Honorable Sam Johnson.

(Cain in the chair)

### FIVE-DAY POSTING RULE SUSPENDED

Representative Hunter moved to suspend the five-day posting rule and all necessary rules to allow the Committee on Calendars to set a calendar at 10:20 a.m. today in 3W.15.

The motion prevailed.

### COMMITTEE GRANTED PERMISSION TO MEET

Representative Hunter requested permission for the Committee on Calendars to meet while the house is in session, at 10:20 a.m. today, in 3W.15, to set a calendar.

Permission to meet was granted.

## COMMITTEE MEETING ANNOUNCEMENT

The following committee meeting was announced:

Calendars, 10:20 a.m. today, 3W.15, for a formal meeting, to set a calendar.

### HR 1012 - ADOPTED
### (by Eissler)

Representative Eissler moved to suspend all necessary rules to take up and consider at this time **HR 1012**.

The motion prevailed.

The following resolution was laid before the house:

**HR 1012**, Recognizing March 20-26, 2011, as Early College High School Week.

**HR 1012** was adopted.

### RESOLUTIONS ADOPTED

Representative Dukes moved to suspend all necessary rules to take up and consider at this time **SCR 28** and **SCR 29**.

The motion prevailed.

The following resolutions were laid before the house:

**SCR 28** (Dukes - House Sponsor), Commending Joe E. Gonzales for his career in education and for his contributions to the success of Austin Can! Academy.

**SCR 29** (Dukes - House Sponsor), Recognizing Austin Can! Academy, a dropout recovery charter high school serving at-risk students of Travis County.

The resolutions were read and were adopted.

### HR 828 - ADOPTED
### (by Truitt)

Representative Truitt moved to suspend all necessary rules to take up and consider at this time **HR 828**.

The motion prevailed.

The following resolution was laid before the house:

**HR 828**, Recognizing March 21 through 25, 2011, as Texas Retired Teachers Week.

**HR 828** was read and was adopted.

On motion of Representative Patrick, the names of all the members of the house were added to **HR 828** as signers thereof.

## INTRODUCTION OF GUESTS

The chair recognized Representative Truitt who introduced members of the Texas Retired Teachers Association, speaking as follows:

Mr. Speaker, members, this resolution provides an opportunity for this body to show our appreciation for our retired public educators who have provided an invaluable service to the people of this great state. We have some very special guests joining us today, both in the gallery and on the dais. We have TRTA representatives on the dais: Tim Lee, the executive director; Bill Barnes, TRTA legislative coordinator; Carlos Ortiz, state legislative chairman for District 20; Ms. Francis Plemmons, secretary/treasurer; and last but not least, my constituent and good friend, Bill Skinner, TRTA member and a dear friend. And joining us in the gallery are several members of TRTA that have taken the time to come to Austin to be with us today. I especially want to welcome those of you who are here from my district, and I'd ask you all to please stand up and be recognized. Thank you very much for being here.

Members, TRTA has a membership base of approximately 70,000 retirees that continually work to improve their local communities throughout the state. In 2010, TRTA members selflessly gave approximately 5.8 million hours of volunteer service, equivalent to a value of more than $121 million. For this, and the many other things they do, we are all forever indebted to them, to you. TRTA members will be visiting our offices this afternoon, and I encourage you and your staff to take the time to visit with them. TRTA members, we owe you a great deal of gratitude. Thank you for what you have done for our children. Thank you for what you have done for us. We understand what you are going through. We are listening. We are getting your hundreds of letters. We are reading them. We are hearing what you say. And please know, together we are going to get through this. Mr. Speaker, members, thank you for your consideration.

### REMARKS ORDERED PRINTED

Representative Lozano moved to print remarks by Representative Truitt on **HR 828**.

The motion prevailed.

### HR 812 - PREVIOUSLY ADOPTED
#### (by White)

The chair laid out the following previously adopted resolution:

**HR 812**, Recognizing the Texas Forestry Association on the occasion of its seedling giveaway and commending association members for their reforestation efforts and advocacy.

On motion of Representatives White and Christian, the names of all the members of the house were added to **HR 812** as signers thereof.

### HR 147 - PREVIOUSLY ADOPTED
#### (by Giddings)

The chair laid out and had read the following previously adopted resolution:

**HR 147**, Honoring the life of Dan S. Petty of Dallas.

On motion of Representative Branch, the names of all the members of the house were added to **HR 147** as signers thereof.

## INTRODUCTION OF GUESTS

The chair recognized Representative Giddings who introduced family members of Dan S. Petty.

## HR 857 - ADOPTED
### (by S. King)

Representative S. King moved to suspend all necessary rules to take up and consider at this time **HR 857**.

The motion prevailed.

The following resolution was laid before the house:

**HR 857**, Recognizing March 23, 2011, as Parent Association for the Retarded of Texas Day at the State Capitol.

**HR 857** was read and was adopted.

## HR 240 - ADOPTED
### (by Patrick, et al.)

Representative Patrick moved to suspend all necessary rules to take up and consider at this time **HR 240**.

The motion prevailed.

The following resolution was laid before the house:

**HR 240**, In memory of former Arlington mayor, U.S. representative, and Tarrant County judge Tom J. Vandergriff.

**HR 240** was read and was unanimously adopted by a rising vote.

On motion of Representatives Anchia and Nash, the names of all the members of the house were added to **HR 240** as signers thereof.

## INTRODUCTION OF GUESTS

The chair recognized Representative Patrick who introduced family members of the Honorable Tom J. Vandergriff.

## HR 739 - PREVIOUSLY ADOPTED
### (by Burkett)

The chair laid out and had read the following previously adopted resolution:

**HR 739**, Recognizing March 23, 2011, as Sunnyvale Day at the State Capitol.

## HR 979 - ADOPTED
### (by Keffer)

Representative Keffer moved to suspend all necessary rules to take up and consider at this time **HR 979**.

The motion prevailed.

The following resolution was laid before the house:

**HR 979**, Commending the firefighters of Texas and paying tribute to the volunteer firefighters who have died in the line of duty.

**HR 979** was adopted.

On motion of Representative C. Anderson, the names of all the members of the house were added to **HR 979** as signers thereof.

## HR 320 - PREVIOUSLY ADOPTED
## (by L. Gonzales)

The chair laid out and had read the following previously adopted resolution:

**HR 320**, Recognizing March 23, 2011, as Hutto Day at the State Capitol.

## INTRODUCTION OF GUESTS

The chair recognized Representative L. Gonzales who introduced a delegation from Hutto.

## HCR 114 - ADOPTED
## (by Craddick)

Representative Craddick moved to suspend all necessary rules to take up and consider at this time **HCR 114**.

The motion prevailed.

The following resolution was laid before the house:

**HCR 114**, Designating April 2011 as Distracted Driving Awareness Month in Texas.

**HCR 114** was adopted.

On motion of Representative Phillips, the names of all the members of the house were added to **HCR 114** as signers thereof.

## HR 564 - PREVIOUSLY ADOPTED
## (by Kuempel)

The chair laid out and had read the following previously adopted resolution:

**HR 564**, Congratulating the football team of the Byron P. Steele II High School in Cibolo on winning the UIL 5A Division II state championship.

On motion of Representative Kuempel, the names of all the members of the house were added to **HR 564** as signers thereof.

## INTRODUCTION OF GUESTS

The chair recognized Representative Kuempel who introduced players and coaches of the Byron P. Steele II High School football team.

## HB 3822 - PERMISSION TO INTRODUCE

Representative Workman requested permission to introduce and have placed on first reading **HB 3822**.

Permission to introduce was granted by (Record 106): 145 Yeas, 0 Nays, 2 Present, not voting.

Yeas — Aliseda; Allen; Alonzo; Alvarado; Anchia; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Burnam; Button; Callegari; Carter; Chisum; Christian; Coleman; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Davis, Y.; Deshotel; Driver; Dukes; Dutton; Eissler; Elkins; Farias; Farrar; Fletcher; Flynn; Frullo; Gallego; Garza; Geren; Giddings; Gonzales, L.; Gonzales, V.; Gonzalez; Gooden; Guillen; Gutierrez; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hernandez Luna; Hilderbran; Hochberg; Hopson; Howard, C.; Howard, D.; Huberty; Hughes; Hunter; Isaac; Jackson; Johnson; Keffer; King, P.; King, S.; King, T.; Kleinschmidt; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lozano; Lucio; Lyne; Madden; Mallory Caraway; Margo; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Miller, D.; Miller, S.; Morrison; Muñoz; Murphy; Naishtat; Nash; Oliveira; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pickett; Pitts; Price; Quintanilla; Raymond; Reynolds; Riddle; Ritter; Rodriguez; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Strama; Taylor, L.; Taylor, V.; Thompson; Torres; Truitt; Turner; Veasey; Villarreal; Vo; Walle; Weber; White; Woolley; Workman; Zedler; Zerwas.

Present, not voting — Mr. Speaker; Cain(C).

Absent, Excused — Eiland.

Absent — Castro; Kolkhorst.

### STATEMENT OF VOTE

When Record No. 106 was taken, I was temporarily out of the house chamber. I would have voted yes.

Kolkhorst

### HB 3823 - PERMISSION TO INTRODUCE

Representative Thompson requested permission to introduce and have placed on first reading HB 3823.

Permission to introduce was granted by (Record 107): 146 Yeas, 0 Nays, 2 Present, not voting.

Yeas — Aliseda; Allen; Alonzo; Alvarado; Anchia; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Burnam; Button; Callegari; Carter; Castro; Chisum; Christian; Coleman; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Davis, Y.; Deshotel; Driver; Dukes; Dutton; Eissler; Elkins; Farias; Farrar; Fletcher; Flynn; Frullo; Gallego; Garza; Geren; Giddings; Gonzales, L.; Gonzales, V.; Gonzalez; Gooden; Guillen; Gutierrez; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hernandez Luna; Hilderbran; Hochberg; Hopson; Howard, C.; Howard, D.; Huberty; Hughes; Hunter; Isaac; Jackson; Johnson; Keffer; King, P.; King, S.; King, T.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lozano; Lucio; Lyne; Madden; Mallory Caraway; Margo; Marquez; Martinez; Martinez Fischer;

Menendez; Miles; Miller, D.; Miller, S.; Morrison; Muñoz; Murphy; Naishtat; Nash; Oliveira; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pickett; Pitts; Price; Quintanilla; Raymond; Reynolds; Riddle; Ritter; Rodriguez; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Strama; Taylor, L.; Taylor, V.; Thompson; Torres; Truitt; Turner; Veasey; Villarreal; Vo; Walle; Weber; White; Woolley; Workman; Zedler; Zerwas.

Present, not voting — Mr. Speaker; Cain(C).

Absent, Excused — Eiland.

Absent — McClendon.

### STATEMENT OF VOTE

When Record No. 107 was taken, I was in the house but away from my desk. I would have voted yes.

McClendon

### HR 980 - ADOPTED
### (by Sheffield)

Representative Sheffield moved to suspend all necessary rules to take up and consider at this time **HR 980**.

The motion prevailed.

The following resolution was laid before the house:

**HR 980**, Recognizing March 23, 2011, as Salad Day and commending the owner/operators of Texas McDonald's restaurants.

**HR 980** was adopted.

On motion of Representative D. Howard, the names of all the members of the house were added to **HR 980** as signers thereof.

### FIVE-DAY POSTING RULE SUSPENDED

Representative Cook moved to suspend the five-day posting rule to allow the Committee on State Affairs to consider **HB 162** 30 minutes after adjournment today in JHR 140.

The motion prevailed.

(Eiland now present)

(Speaker in the chair)

### EMERGENCY CALENDAR
### SENATE BILLS
### SECOND READING

The following bills were laid before the house and read second time:

## CSSB 14 ON SECOND READING
### (Harless, L. Taylor, Peña, Truitt, T. Smith, et al. - House Sponsors)

**CSSB 14,** A bill to be entitled An Act relating to requirements to vote, including presenting proof of identification; providing criminal penalties.

### CSSB 14 - POINT OF ORDER

Representative Walle raised a point of order against further consideration of **CSSB 14** under Rule 6, Section 16 of the House Rules on the grounds that the calendar is ineligible for consideration.

The speaker overruled the point of order, speaking as follows:

Mr. Walle raises a point of order pursuant to Rule 6, Section 16 that the initial printing of the calendar contained an error that prevents further consideration. The chair has reviewed the original and revised calendar and finds that the purpose of Rule 6, Section 16 has been complied with. The point of order is respectfully overruled.

### CSSB 14 - POINT OF ORDER

Representative Walle raised a point of order against further consideration of **CSSB 14** under Rule 6, Section 16 of the House Rules on the grounds that the calendar is ineligible for consideration.

The speaker overruled the point of order, speaking as follows:

Mr. Walle raises a point of order under Rule 6, Section 16 on the grounds that the corrected calendar is not properly in order for consideration and is not eligible for consideration at this time. A similar error occurred in **HB 1111** during the 79th Legislature. In that case, an error was discovered and a new calendar was printed and considered after a two-hour layout. The chair noted in that case that the error in the calendar was corrected and was laid out more than two hours. The chair finds no violation under Rule 6, Section 16. The point of order is respectfully overruled.

### PARLIAMENTARY INQUIRY

REPRESENTATIVE GALLEGO: Mr. Speaker, just a parliamentary inquiry so that I, if you don't mind, can understand the line of reasoning behind the—Mr. Walle's point of order was that Rule 6, Section 16 doesn't provide, as I read the rule. The rule indicates that "deviations from the calendar as posted shall not be permitted, except that the Committee on Calendars shall be authorized to prepare and post, not later than two hours before the house convenes, a supplemental daily calendar." So the two-hour notice under the rules applies to the supplemental daily calendar, is that not correct?

SPEAKER STRAUS: Mr. Gallego, under Rule 6, Section 16, deviations from the calendar are permitted, if they are permitted by the Committee on Calendars.

GALLEGO: Mr. Speaker, the sentence reads "deviations from the calendars as posted shall not be permitted, except in the case of the supplemental calendar."

SPEAKER: Mr. Gallego, the phrase "except" means there are deviations that are permitted.

GALLEGO: But, the exception is listed, is it not, Mr. Speaker? The exception is the supplemental daily calendar, which can be printed two hours before the house convenes.

SPEAKER: Mr. Gallego, there was a printing error in this calendar that was discovered and it's been corrected.

GALLEGO: The issue, Mr. Speaker, as I understand Mr. Walle's point of order, is that under the rules, revised calendars don't exist; supplemental calendars exist. And this was not remedied through a supplemental calendar, it was remedied so that the posting should—if we're going to do the supplemental calendar, and the posting, and the two-hour notice, then this was not a supplemental calendar which we all receive on our desks. As the routine course of the house's business, we receive supplemental calendars. And in this instance, we didn't receive a supplemental calendar, we received a revised calendar, which would seem to indicate that—I guess the difficulty for me is that you can't have it—the argument that you can't have it both ways. If it is a supplemental calendar, and there is a two-hour notice, and there is a deviation, that's fine, but if the argument is that it's a revised calendar and all this revised calendar does is take the place of the first one, then it seems that that timing should relate back. The posting notice should relate back, as well.

SPEAKER: Thank you, Mr. Gallego, for your inquiry. This is not the first time that a printing error has occurred in our calendars. On May 15 of 1997, for instance, an error in the printing was corrected under the title "Corrected Daily House Calendar." On May 20 of 1999, a correction was made under the "Corrected Daily House Calendar." And, similarly, on Tuesday, July 19, 2005, the correction was made under "Revised Daily House Calendar."

### REMARKS ORDERED PRINTED

Representative Walle moved to print remarks between Representative Gallego and the speaker.

The motion prevailed.

### CSSB 14 - POINT OF ORDER

Representative Farrar raised a point of order against further consideration of **CSSB 14** under Rule 4, Section 11 and Rule 4, Section 12 of the House Rules on the grounds that proper notice of the committee meeting was not given and the committee meeting was not open to the public.

The speaker overruled the point of order, speaking as follows:

Representative Farrar raises a point of order under Rule 4, Section 11 and 12. Representative Farrar indicates that the meeting of the Calendars Committee began at 10:07 p.m., and that the Capitol was closed and access to the meeting room may have been denied. While the Calendars Committee did not begin meeting until 10:07 p.m., the meeting was initially posted for 9 p.m. As noted on

the State Preservation Board website, the hours of the Capitol are normally between 7 a.m. and 10 p.m. but are extended during legislative sessions, including during house committee meetings. It appears that the provisions of Rule 4, Section 11, were complied with. The point of order is respectfully overruled.

## CSSB 14 - POINT OF ORDER

Representative Martinez Fischer raised a point of order against further consideration of **CSSB 14** under Rule 4, Section 32(c) and Rule 4, Section 32(f) of the House Rules on the grounds that the bill analysis is incorrect.

The speaker overruled the point of order, speaking as follows:

Representative Martinez Fischer raises a point of order under Rule 4, Section 32 in that the bill analysis fails to discuss changes on page 11, line 7 and page 11, line 27 of the bill. Specifically, Representative Martinez Fischer argues that the bill analysis fails to compare the bill to existing law and fails to list revision on page 11, line 27 as an express repeal. The chair has reviewed the bill and the bill analysis. The chair finds that the language of the bill analysis is not materially or substantially misleading and that the bill analysis, which is a summary, accurately reflects the substance of the bill. The point of order is respectfully overruled.

## PARLIAMENTARY INQUIRY

REPRESENTATIVE MARTINEZ FISCHER:    Thank you, Mr. Speaker—parliamentary inquiry.

SPEAKER STRAUS: State your inquiry.

MARTINEZ FISCHER: In the last part of your ruling you made reference to the bill analysis being a summary, did I hear that right?

SPEAKER: That's correct.

MARTINEZ FISCHER: Could you repeat that last line, would you indulge me? I couldn't hear back here.

SPEAKER: The bill analysis, which is a summary, accurately reflects the substance of the bill.

MARTINEZ FISCHER: And, Mr. Speaker, parliamentary inquiry.

SPEAKER: State your inquiry.

MARTINEZ FISCHER: As I read Rule 4, Section 32(c), I don't see—I don't see in the rules where members are given the opportunity to summarize the bill in the bill analysis. Fact is, I read Rule 4, Section 32(c), it says that the bill analysis must include in summary or section-by-section form a detailed analysis, not a summary analysis, a detailed analysis, and so did the chair misunderstand me when I made that argument? Is the chair under the impression that I am arguing that there should be a lesser standard than a detailed analysis? Because I didn't argue there should be a summary analysis—in fact, the rules are contrary to any

members providing a summary analysis, it says it must be detailed, it can be in a summary or a section-by-section form, but the analysis must be detailed. Is the chair in agreement with that reading of the rule, as I see it?

SPEAKER: The chair has applied the precedence from prior sessions.

MARTINEZ FISCHER: And what precedence would that be, Mr. Chairman, Mr. Speaker?

SPEAKER: For instance, Mr. Martinez Fischer, there's a precedent from the 81st Session.

MARTINEZ FISCHER: The 81st Session, would the chair be inclined as to tell me what day of the journal that was?

SPEAKER: It was May 20th, 2009.

MARTINEZ FISCHER: May 20th, 2009. Okay, now in chair's ruling—

SPEAKER: It was on **SB 865**.

MARTINEZ FISCHER: **SB 865**? Thank you, Mr. Speaker. In the chair's ruling, in effect, the chair is saying that if we—if there is an express strike-through on a bill that changes the current state of the law, there is no requirement under Rule 4, Section 32(c) or Rule 4, Section 32(c)(3) that requires a member to notify the body and the general public that we are expressly changing a legal standard.

SPEAKER: Rule 4, Section 32, Subsection (c), Subsection (2) requires a list of provisions expressly, expressly repealed by the bill or resolution.

MARTINEZ FISCHER: So, the chair's interpretation, which I would deem to be narrow—is it the chair's interpretation that what triggers an express statement of a repeal of a law is the words in a bill or resolution that says, this article or this section is expressly repealed? Is that how the chair interprets Rule 4, Section 32(c)(2)?

SPEAKER: Just one moment, Mr. Martinez Fischer. Mr. Martinez Fischer, the point of order that you raised did not point us to a section of the law that contained an express repeal.

MARTINEZ FISCHER: Then the chair may have misunderstood my point of order. Shall I reassert it, Mr. Chairman? Because I crystal clearly remember arguing to the chair that when you take two sections of the bill and take us from a discretionary standard and change it to a mandatory standard, the strike-through of the discretionary is a repeal of a statute—in fact, guts the statute—and then I argued secondarily that when you go from a "shall" standard to a "must" standard, you again are expressly repealing a statute by a strike-through and, in fact, you are gutting the existing law. I offered that, and if the chair did not analyze the point of order under that analysis, then I would like to raise that point of order again.

SPEAKER: Mr. Martinez Fischer, the chair has already ruled on the point of order. You are welcome to lodge another point and I will request, the chair would request that the exchange be reduced to writing and entered into the journal.

MARTINEZ FISCHER:  I'm sorry, what about the last part, Mr. Speaker?

SPEAKER:  I would request that the exchange between you and the chair be reduced to writing and entered into the journal.

MARTINEZ FISCHER:  Thank you, Mr. Speaker, I was going to do the same thing. And so—but I don't have to raise another point of order—but the chair has suggested that portion of that argument was not considered by the chair because the chair was unaware that that was, that that objection was being raised, and if the chair has properly considered that, I'd like the chair to tell me there would be no need to raise an additional point of order.

SPEAKER:  Mr. Martinez Fischer, the chair appreciates your arguments and the chair respectfully has overruled your point of order.

MARTINEZ FISCHER:  I understand that Mr. Speaker, but on what grounds?

SPEAKER:  That Rule 4, Section 32(c) has been complied with.

MARTINEZ FISCHER:  In all aspects?

SPEAKER:  And that the bill analysis is not substantially or materially misleading.

MARTINEZ FISCHER:  And with regard to Rule 4, Section 32(c)(2), a repeal of a statute that's not explained in a detailed bill analysis, that's part of your ruling, as well?

SPEAKER:  Yes, sir, it is.

MARTINEZ FISCHER:  Thank you, Mr. Speaker.

### REMARKS ORDERED PRINTED

The speaker moved to print remarks between Representative Martinez Fischer and the speaker.

The motion prevailed.

### CSSB 14 - POINT OF ORDER

Representative Coleman raised a point of order against further consideration of **CSSB 14** under Rule 4, Section 32(c) of the House Rules on the grounds that the bill analysis is materially or substantially misleading.

The speaker overruled the point of order, speaking as follows:

Mr. Coleman raises a point of order under Rule 4, Section 32. Specifically, the provision relating to the use of passports found on page 1 of the bill analysis is not sufficiently detailed enough continuously through the bill analysis. The chair has reviewed the bill and the bill analysis and finds that the provision complained of, relating to passports, is contained in the bill analysis and is not materially or substantially misleading.  Accordingly, the point of order is respectfully overruled.

### CSSB 14 - POINT OF ORDER

Representative Martinez Fischer raised a point of order against further consideration of **CSSB 14** under Article III, Section 49-k of the Texas Constitution on the grounds that the bill reduces, rescinds, or repeals the Texas Mobility Fund.

The speaker overruled the point of order, speaking as follows:

Mr. Martinez Fischer raises a point of order under Article III, Section 49-k of the Texas Constitution. Specifically, Mr. Martinez Fischer argues that the bill reduces, rescinds, or repeals authority to collect funds under the Texas Mobility Fund. The chair has reviewed the argument, the question raised by Mr. Martinez Fischer was a provision that was constitutional whether any infirmity must be addressed in this bill or any bill if the bill is effective unless changed. It's precisely the type of constitutional points of order traditionally not ruled on. The chair will continue that tradition and the point of order is respectfully overruled.

### PARLIAMENTARY INQUIRY

REPRESENTATIVE MARTINEZ FISCHER: The chair, in his ruling, failed to indicate whether they found this to be a substantive challenge or a procedural challenge to the constitution and I'd like to know which it is.

SPEAKER STRAUS: Mr. Martinez Fischer, the chair found that this deals with a substantive constitutional issue.

MARTINEZ FISCHER: Mr. Speaker, parliamentary inquiry.

SPEAKER: State your inquiry.

MARTINEZ FISCHER: Is the constitutional article that says bills must be read on three several days, is that procedural or substantive?

SPEAKER: That is a point of order that has traditionally been ruled on by the chair.

MARTINEZ FISCHER: As procedural or substantive?

SPEAKER: As a discussion of legislative procedure.

MARTINEZ FISCHER: And Mr. Speaker, further inquiry, is the constitutional provision saying that all bills must pass both houses of the legislature, is that procedural or substantive?

SPEAKER: Again, Mr. Martinez Fischer, that is a point of order that has been ruled on, on legislative procedure.

MARTINEZ FISCHER: Okay, and the constitutional provisions related to the two-subject rule, is that also procedural, or is it substantive?

SPEAKER: Mr. Martinez Fischer, in ruling on Article III, Section 49-k of the constitution, we found that that did not fall within classes of legislative procedures traditionally ruled on by the chair.

MARTINEZ FISCHER: With respect to the substantive ruling of this chair, there was not a substantive claim made in the point of order, in fact, the point of order was launched because the procedure by which a bill comes to the floor that repeals, rescinds, or reduces constitutionally dedicated monies—my argument is, procedurally, no bill can come to the floor that does that unless they comply with the constitution, which requires them to explain how they plan to reallocate the monies they deprive from the mobility fund. And so, procedurally, that is what my point is. I'm not arguing the substantive matter, as to whether or not the Article III, Section 49 even applies in this instance. I am saying—I am saying that procedurally, just like procedurally we read bills on three separate days, just like procedurally we pass bills out of the house and senate, this is also a procedure by which we bring bills to the floor that are in order and not in order. And my procedural argument is that the bill is not in order, because procedurally it deprives the mobility fund of its dedicated source of funding, and the only way, procedurally, that we can proceed is if we allocate monies to replenish what we take. I'm not arguing as to the substantive merits of that, I'm arguing that is a necessary step for a bill to be in order. So if the chair wants to rule that procedurally I am overruled, I will sit down. But my point of order is specific to this procedural component of the constitutional article and not the substantive interpretation.

SPEAKER: Mr. Martinez Fischer, we have reviewed and heard your arguments, we've looked for precedent, there is none. And the point of order is respectfully overruled and I'd be happy to take this exchange between me and you and have it entered into the journal.

MARTINEZ FISCHER: We can put it on the journal, we can put it on a billboard, but we're here today, and just because there isn't precedent, that's not a reason to overrule the point of order. And I will say that the reason why you may not find a precedent is that the creation of the mobility fund is relatively new and I think that only in two instances in our Texas Constitution do we place the procedural hurdle of protecting dedicated funds. One is for the mobility fund, and one is for the rail relocation fund. We have an obligation, as lawmakers, to not submit the full faith and credit of the State of Texas to bond holders when we take money that they are relying on to pay for construction bonds. And so I'm not arguing the substantive part of that, I am wanting the chair to make a ruling that, procedurally, you do not have to replenish money that you procedurally take out of the mobility fund, not the substantive interpretation of the fund itself. And so if the chair wants to put in its ruling we've reviewed the procedural argument and we find, procedurally, there's nothing there, then I will sit down.

SPEAKER: Mr. Martinez Fischer, the chair will revise its ruling to include the arguments you've made, thank you.

MARTINEZ FISCHER: So that will be, in fact, the chair's ruling? Will the chair please read that ruling to me?

SPEAKER: Point of order is respectfully overruled.

MARTINEZ FISCHER: On procedural grounds?

SPEAKER:   The chair has listened respectfully to your arguments and respectfully overrules your point of order.

MARTINEZ FISCHER:   If the chair is making its ruling on the substantive interpretation of Article III, Section 49, then the chair has not heard my argument. My argument is on the procedural hurdle that exists with respect to Article III, Section 49.   And so, procedurally, once again, Mr. Speaker, if there is an overruling of the procedural point of order, I will stand by the chair's ruling.   But I need to hear that to be the chair's ruling.

SPEAKER: Mr. Martinez Fischer, the chair overrules on all grounds that you've raised.  Thank you.

### REMARKS ORDERED PRINTED

Representative Martinez Fischer moved to print remarks between the speaker and Representative Martinez Fischer.

The motion prevailed.

(Geren in the chair)

Pursuant to Rule 5, Section 28 of the House Rules, Representative Anchia requested a second extension of speaking time on **CSSB 14**.

There being objection, the request was not granted.

### Amendment No. 1

Representative Anchia offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) by striking the enacting clause (page 1, line 4).

Amendment No. 1 was withdrawn.

### Amendment No. 2

Representative Anchia offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) as follows:

(1) Strike SECTIONS 1 and 2 of the bill (page 1, line 5, through page 2, line 2) and renumber the remaining SECTIONS of the bill accordingly.

(2) In SECTION 9 of the bill, strike amended Section 63.001(b), Election Code (page 5, lines 2 through 6), and substitute the following:

(b) On offering to vote, a voter must present to an election officer at the polling place:

(1) one form of photo identification described by Section 63.0101; or

(2) the voter's voter registration certificate, accompanied by the affidavit described by Subsection (h) [to an election officer at the polling place].

(3) In SECTION 9 of the bill, strike added Section 63.001(h), Election Code (page 6, lines 15 through 23), and substitute the following:

(h) If the requirement for identification prescribed by Subsection (b)(1) is not met, an election officer shall notify the voter that the voter may be accepted for voting if the voter executes an affidavit under penalty of perjury stating that the voter is the person named on the voter registration certificate.

(4) Strike SECTION 17 of the bill (page 11, line 24, through page 12, line 20) and substitute the following:

SECTION 17. Section 65.054(b), Election Code, is amended to read as follows:

(b) A provisional ballot shall [may] be accepted [only] if the board determines that:

(1) [,] from the information in the affidavit or contained in public records, the person is eligible to vote in the election and has not previously voted in that election; and

(2) the person meets the identification requirements of Section 63.001(b) at the time the ballot was cast or in the period prescribed under Section 65.0541.

(5) In SECTION 18 of the bill, strike added Section 65.0541(a), Election Code (page 12, line 24, through page 13, line 4) and substitute the following:

(a) A voter who is accepted for provisional voting under Section 63.011 because the voter does not meet the identification requirements of Section 63.001(b) may, not later than the sixth day after the date of the election, present a form of identification described by Section 63.0101 to the voter registrar for examination.

Amendment No. 2 was withdrawn.

**Amendment No. 3**

Representatives Giddings and Bonnen offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) as follows:

(1) In the recital to SECTION 9 of the bill (page 5, line 1), strike "(g) and (h)" and substitute "(g), (h), and (i)".

(2) In SECTION 9 of the bill, in amended Section 63.001(b), Election Code (page 5, line 2), strike "Subsection (h)" and substitute "Subsection (h) or (i)".

(3) In SECTION 9 of the bill, following added Section 63.001(h), Election Code (page 6, between lines 23 and 24), add the following:

(i) A voter who would otherwise be accepted for voting under this chapter but for the requirements of Subsection (b) shall be accepted for voting if, instead of presenting the identification required by Subsection (b), the voter executes an affidavit under penalty of perjury that asserts that the voter's proof of identification meeting the requirements of Subsection (b) has been stolen and the voter presents to an election officer a copy of an official police report, dated not earlier than the 45th day before the date on which the voter seeks to vote, alleging that the voter was a victim of an offense described by Section 32.51, Penal Code. The voter may redact personal information on the report relating to the voter, other than the voter's name, address, or date of birth. A report presented under this section is not required to contain the voter's date of birth.

Amendment No. 3 was adopted.

**Amendment No. 4**

Representative Turner offered the following amendment to **CSSB 14**:

Amend **CSSB 14** as follows:

(1) SECTION 9, page 5, line 3, after "election officer" add the following language:

in a county with more than 4 million people, whom meets the requirements as set out in Chapter 85, Section 85.009 Elections Code for early voting; and Chapter 32, Section 32.002 for non-early voting or any other election governed by Chapter 32.

(2) by adding the following appropriately numbered SECTION to the bill and renumbering subsequent SECTIONS of the bill accordingly:

SECTION ____. Chapter 32, Sec. 32.002 (2)(c), Elections Code, is amended to read as follows:

(c) The presiding judge and alternate presiding judge must be affiliated or aligned with different political parties, subject to this subsection. Before July of each year in a county to which Subsection (a)(1) applies or before August of each year in a county to which Subsection (a)(2) applies, the county chair of a political party whose candidate for governor received the highest or second highest number of votes in the county in the most recent gubernatorial general election shall submit in writing to the commissioners court a list of names of persons in order of preference for each precinct who are eligible for appointment as an election judge. The county chair may supplement the list of names of persons until the 20th day before a general election or the 15th day before a special election in case an appointed election judge becomes unable to serve. The commissioners court shall appoint the first person meeting the applicable eligibility requirements from the list submitted in compliance with this subsection by the same party as the state representative in the district where the voting place is located, and the first person meeting the applicable eligibility requirements from the list submitted in compliance with this subsection by the other political parties list party with the second highest number of votes in the precinct as the alternate presiding judge. The commissioners court may reject the list if the persons whose names are submitted on the list are determined not to meet the applicable eligibility requirements.

(3) by adding the following appropriately numbered SECTION to the bill and renumbering subsequent SECTIONS of the bill accordingly:

SECTION ____. Chapter 85, Elections Code, is amended to read as follows:

Sec. 85.009. ELECTION OFFICERS FOR GENERAL ELECTION FOR STATE AND COUNTY OFFICERS. (a) The county clerk shall select election officers for the main early voting polling place and any branch polling place from a list provided under Subsection (b), in a manner that provides equal representation to the extent possible for each political party holding a primary election in the county.

(b) Before July of each year, the county chair of each political party holding a primary election in the county shall submit in writing to the county clerk a list of names of persons in order of preference for each early voting polling place

who are eligible for selection as an election officer. The county chair may supplement the list of names of persons until the 30th day before early voting begins in case an appointed election officer becomes unable to serve.

(1) The county clerk shall appoint the first person meeting the applicable eligibility requirements from the list submitted in compliance with this subsection by the party with the highest number of votes in the county as the presiding election officer of that polling place and the first person meeting the applicable eligibility requirements from the list submitted in compliance with this subsection by the party with the second highest number of votes in the county as the alternate presiding election officer of that polling place.

(2) The county clerk shall appoint additional election officers for each polling place in the manner described ~~by Subsection (a). The county clerk may reject the list if the persons whose names are submitted on the list are determined not to meet the applicable eligibility requirements.~~ as follows: The county clerk shall appoint the first person meeting the applicable eligibility requirements from the list submitted by the same political party as the state representative in the district where the voting place is located and the first person meeting the applicable eligibility requirements from the list submitted in compliance with this subsection by the other political parties list as the alternate presiding judge.

Amendment No. 4 was withdrawn.

**Amendment No. 5**

Representative Hochberg offered the following amendment to **CSSB 14**:

Amend **CSSB 14** on page 5, line 14, by inserting "under standards adopted by the secretary of state" between "list" and the comma.

Amendment No. 5 was adopted.

**Amendment No. 6**

Representative Y. Davis offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) is amended as follows:
(1) Strike lines 12 thru 14 on page 6 and replace the following:
      (D) includes notice that if all procedures are followed, the voter's provisional ballot will be accepted.

(Speaker in the chair)

Amendment No. 6 was withdrawn.

**Amendment No. 7**

Representatives Bonnen, Zedler, Simpson, Creighton, S. Miller, Lyne, Otto, Chisum, Madden, T. Smith, W. Smith, D. Miller, Jackson, Berman, Lewis, Hartnett, Landtroop, Kleinschmidt, J. Davis, Zerwas, Flynn, Crownover, Isaac, Parker, Larson, Orr, Hopson, Truitt, Brown, Scott, Morrison, V. Taylor, P. King, Callegari, S. King, Sheets, Laubenberg, L. Gonzales, Margo, Schwertner, Price, Harper-Brown, Driver, Shelton, Aliseda, Smithee, Aycock, Hancock, and Garza offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) in SECTION 9 of the bill, in added Section 63.001(h), Election Code (page 6, lines 17-21), by striking the following:

⋮

(1) was 70 years of age or older on January 1, 2012, as indicated by the date of birth on the voter's voter registration certificate; or

(2)

**Amendment No. 8**

Representative Eiland offered the following amendment to Amendment No. 7:

Amend Amendment No. 7 by Bonnen by striking the text of the amendment and substituting the following:

Amend **CSSB 14** (house committee printing) in SECTION 9 of the bill, by striking added Section 63.001(h)(1), Election Code (page 6, lines 18-20), and substituting the following:

(1) is considered elderly under rules adopted for this purpose by the executive commissioner of the health and human services commission, consistent with the definition of elderly used in the Government Code and the Penal Code; or

Representative Bonnen moved to table Amendment No. 8.

The motion to table prevailed by (Record 108): 99 Yeas, 50 Nays, 1 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Peña; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker(C).

### Amendment No. 9

Representative Alonzo offered the following amendment to Amendment No. 7:

Amend Amendment No. 7 by Bonnen by striking the text of the amendment and substituting the following:

Amend **CSSB 14** (house committee printing) in SECTION 9 of the bill, in added Section 63.001(h), Election Code (page 6, line 18), by striking "70" and substituting "65".

## AMENDMENT NO. 9 - STATEMENT OF LEGISLATIVE INTENT

REPRESENTATIVE ALONZO: Mr. Veasey, one of the reasons Mr. Eiland and myself brought up this amendment is to pay particular attention to part of our state which are 65 and over, and you pointed out—and it might seem easy to some people while anybody can vote—is that part of your argument? That nobody should be set aside, especially on this law, is that right?

REPRESENTATIVE VEASEY: That is exactly right and I think the point that everybody is missing is that if you were born in 1941, which is what this bill covers. When you were born, you were born into a time when it was legal to discriminate against African Americans and Hispanics, particularly here in this state. And you were routinely denied the right to vote if you were born during that time period and if you lived during that time period and those are the people we are trying to protect by making these amendments better. I do not want my grandmother who is 98 years old, who was born during a time of rampant discrimination. I do not want the people that know her at the school house at Como Elementary School when she goes to vote in Fort Worth, the people that know her, that have known her, those folks are now in their sixties and pushing 70-years-old and my grandmother used to baby-sit them and watch after them, they know who she is. And my grandmother does not have a current driver's license and luckily she usually votes by mail. But if it were an emergency and I needed to take her up to the school to vote, I would not want them to deny her the right to cast a ballot, particularly the people who have known her and know that she is not committing voter fraud. I do not want them to have the right to say no she cannot vote. That is absolutely un-American and ridiculous and discriminatory.

ALONZO: And you know talking about that, isn't it true the reason we set up the Voting Rights Act in the United States was because what part of the United States needed to be reminded and have another hammer to make sure people are allowed to vote. What part of the United States?

VEASEY: The south and Texas.

ALONZO: Right and we can argue for ages and time that it doesn't happen, but isn't it true after we did redistricting in 2003 the supreme court said there was discrimination here in Texas?

VEASEY: Now say that again, I'm sorry.

ALONZO:  That there was discrimination here in Texas after the supreme court ruled on our redistricting in San Antonio.

VEASEY:  Absolutely, rampant.

ALONZO:  And the reason we want to do this amendment, the reason we are for this amendment, and we're going to vote no on the Bonnen amendment is because the elderly should be protected. The elderly, as pointed out, there is more of a chance that they're not going to renew their driver's license, is that right?

VEASEY:  Absolutely, if you don't have to drive, if you're on a fixed income, why would you go and spend money to get your driver's license renewed?  It may not be a problem in some areas but it surely is a lot—it surely would be a problem in many rural and urban areas, where people just don't have the same access to resources and the same access to cash as others do, particularly for those who are sick and shut-in and rely on social services.

Representative Bonnen moved to table Amendment No. 9.

The motion to table prevailed by (Record 109): 98 Yeas, 50 Nays, 1 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Peña; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker(C).

Absent — Crownover.

## STATEMENT OF VOTE

When Record No. 109 was taken, I was in the house but away from my desk. I would have voted yes.

Crownover

## AMENDMENT NO. 7 - STATEMENT OF LEGISLATIVE INTENT

REPRESENTATIVE VEASEY:  Members, I want to speak against the amendment, because obviously the prior two amendments that were sent up trying to protect old people, to preserve their right, for it to be easy for them to vote, and I think that's all we're asking, is just for a little flexibility on this.  We're getting absolutely none at all and I think that's unfortunate because when the bill was laid out, I was under the impression that there wouldn't be different amendments added that would make the bill even more adverse than it already is, and I think we're setting up a bad precedent by voting for this.

REPRESENTATIVE BERMAN:  Mr. Veasey, I'm one of those old people that you're talking about.  I'm 75, and I've got lots of friends who are 75, and they want to go to the polls and vote just like everybody else, and there are provisions in the bill for the disabled, if you can't get to the polls, there are provisions to vote.  I thought it was ridiculous, really, to set a limit of 70.  You know, I don't need any protection, and all my friends don't need any protection.  I think Mr. Bonnen has got a great amendment.

VEASEY:  I think everybody's circumstances are different.  I think that's what makes the legislative perspective unique.  Some people may live in a rural area and it may take a long time to reach certain areas to go vote.  Some people, you know, may have been born during a time where they don't have access to certain documents to obtain driver's licenses and things of that nature.  You know, everybody has a different story, a different perspective, our state has not always been as urban as it is now, it has not always been as integrated as it is now.

BERMAN:  Well, you're absolutely right, but Ms. Harless has many, many points in the bill that will take care of everyone and any age group.  And we don't want to discriminate on age—you're discriminating against me.  I want to go to the polls and vote, I don't need to be exempt.

VEASEY:  Well, that's different, Leo—you may not have been affected the same way, like my grandmother, my constituents that are African American.  The laws that were passed back then may have not had the same adverse impact on you as a white male as they did on other people, and that's what this is about today.

BERMAN:  That's true, but there are provisions in the bill that take care of that though.

(Geren in the chair)

Amendment No. 7 was adopted by (Record 110): 97 Yeas, 50 Nays, 2 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop;

Larson; Laubenberg; Lavender; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Legler; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Peña; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker; Geren(C).

Absent — Gallego.

### STATEMENT OF VOTE

When Record No. 110 was taken, I was in the house but away from my desk. I would have voted no.

Gallego

### REMARKS ORDERED PRINTED

Representative Veasey moved to print remarks between Representative Alonzo and Representative Veasey and between Representative Berman and Representative Veasey.

The motion prevailed.

**Amendment No. 10**

Representative Y. Davis offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) by striking lines 12 through 14 of page 6 and substituting the following:

(D) includes notice that if all procedures are followed and the voter is found to be eligible to vote in the election, the voter's provisional ballot will be counted.

Amendment No. 10 was adopted.

**Amendment No. 11**

Representative Veasey offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) as follows:

(1) In SECTION 9 of the bill, in added Section 63.001(h)(1), Election Code (page 6, line 20), strike "or".

(2) In SECTION 9 of the bill, following added Section 63.001(h)(2), Election Code (page 6, line 23), between "15.001(c)" and the period, insert the following:

; or

(3)  executes an affidavit under penalty of perjury stating that the voter is the same person named on the list of registered voters for the precinct

Representative Harless moved to table Amendment No. 11.

The motion to table prevailed by (Record 111): 99 Yeas, 48 Nays, 2 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker; Geren(C).

Absent — Turner.

## Amendment No. 12

Representative Dutton offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) as follows:

(1)  In SECTION 9 of the bill, in added Section 63.001(h)(1), Election Code (page 6, line 20), strike "or".

(2)  In SECTION 9 of the bill, following added Section 63.001(h)(2), Election Code (page 6, line 23), between "15.001(c)" and the period, insert the following:

; or

(3)  the election judge affirms that the judge knows personally

Representative Hancock moved to table Amendment No. 12.

The motion to table prevailed by (Record 112): 100 Yeas, 48 Nays, 2 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.;

Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Gonzales, L.; Gonzalez; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker; Geren(C).

### Amendment No. 13

Representative Eiland offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) as follows:

(1) In SECTION 9 of the bill, in added Section 63.001(h), Election Code (page 6, line 20), strike "<u>or</u>".

(2) In SECTION 9 of the bill, following added Section 63.001(h)(2), Election Code (page 6, line 23), between "<u>15.001(c)</u>" and the period, insert the following:

<u>; or</u>

<u>(3) executes an affidavit under penalty of perjury that asserts the voter does not have identification meeting the requirements of Subsection (b) as a result of a natural disaster declared by the president of the United States or the governor</u>

Amendment No. 13 was adopted.

### Amendment No. 14

Representative Raymond offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) as follows:

(1) In SECTION 9 of the bill, in added Section 63.001(h), Election Code (page 6, line 20), strike "<u>or</u>".

(2) In SECTION 9 of the bill, in added Section 63.001(h), Election Code (page 6, line 23), between "<u>15.001(c)</u>" and the underscored period, insert the following:

"<u>; or</u>

(3) presents a paycheck or copy of another official employment document that includes the information of the voter's employer and informs the election officer that:

(A) the voter's employer does not permit the voter to be absent from work for the purpose of obtaining photo identification; and

(B) offices of the Department of Public Safety are not open for at least two consecutive hours outside of the voter's working hours

## MESSAGE FROM THE SENATE

A message from the senate was received at this time (see the addendum to the daily journal, Messages from the Senate, Message No. 2).

### CSSB 14 - (consideration continued)

Amendment No. 14 was withdrawn.

### Amendment No. 15

Representative Martinez offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) as follows:

(1) In SECTION 11 of the bill, in added Section 63.0012(a), Election Code (page 7, lines 15 and 16), strike "Section 521.422, Transportation Code," and substitute "Section 63.010".

(2) Strike SECTION 20 of the bill, amending Section 521.422, Transportation Code (page 13, line 18, through page 14, line 10).

(3) Add the following appropriately numbered SECTION to the bill and renumber the remaining SECTIONS of the bill accordingly:

SECTION ____. Chapter 63, Election Code, is amended by adding Section 63.010 to read as follows:

Sec. 63.010. FEES PROHIBITED FOR CERTAIN FORMS OF IDENTIFICATION DOCUMENTATION. Notwithstanding any other law, an agency, institution, or political subdivision of this state may not charge any fee for the issuance of any document that may be used:

(1) as proof of identification under this chapter; or

(2) to obtain a document that may be used as proof of identification under this chapter.

(Speaker in the chair)

Representative Harless moved to table Amendment No. 15.

The motion to table prevailed by (Record 113): 100 Yeas, 49 Nays, 1 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel;

Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker(C).

## Amendment No. 16

Representative Raymond offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) as follows:

(1) In SECTION 9 of the bill, in added Section 63.001(h), Election Code (page 6, line 20), strike "or".

(2) In SECTION 9 of the bill, in added Section 63.001(h), Election Code (page 6, line 23), between "15.001(c)" and the underscored period, insert the following:

"; or

     (3) presents a paycheck or copy of another official employment document that includes the information of the voter's employer and informs the election officer that:

     (A) the voter's employer does not permit the voter to be absent from work for the purpose of obtaining photo identification; and

     (B) offices of the Department of Public Safety are not open for at least two consecutive hours outside of the voter's working hours

## AMENDMENT NO. 16 – STATEMENT OF LEGISLATIVE INTENT

REPRESENTATIVE V. TAYLOR:  Mr. Speaker and members, I rise in opposition to this amendment.  This deals with people who already have jobs, and in order to have a job in this country, an individual must fill out an I-9 form. An I-9 form requires identification, so I'm not really sure where this is coming from because these people already had ID to get a job in the first place.  I move to table this amendment.

REPRESENTATIVE RAYMOND:  Repeat that, Mr. Taylor, because I didn't quite hear you, I apologize.

V. TAYLOR:  Sure.  For an individual, for a U.S. citizen—and there are, only U.S. citizens should be registered to vote in this state—to have a job, they must fill out an I-9 form for their employer.  To fill out an I-9 form, they have to have some form of identification.

RAYMOND: Okay, so is there a scenario that you can envision, Mr. Taylor, where somebody went to work for you, let's say, 10 years ago, right, and they had to fill out the proper forms and show you the proper ID, etcetera, right? Ten years ago. Can you imagine that there would be an instance in this state of 25 million people where registered and eligible voters might, for some reason, 10 years later, might not have the ID required by this bill. Could you imagine that scenario?

V. TAYLOR: Yes.

RAYMOND: Okay, so, you can imagine what I'm trying to get to here which is, you're exactly right. If they work for Van Taylor, and they show up at the polling place, and they have a voter registration card, and they have something from Van Taylor, Inc. saying, you know, I did not provide them time to go get a new ID as required by this bill.

V. TAYLOR: There was a question there somewhere, I'm sure.

RAYMOND: Yes, I just said, you can imagine, then, if somebody worked for you, you hired them legally 10 years ago, some point since then they lost the ID, if this bill passes, this bill becomes law, they lost their ID, but Van Taylor, Inc. didn't give them time during the day to go get the ID that they needed. You could also imagine, in a state of 25 million people, that there could be instances like that.

V. TAYLOR: Well, in the example you just gave, there are opportunities for someone to get, you know, to get their driver's license either online, as many of us have done, or by mail.

RAYMOND: I'm not sure you can go get your, the—what you're asking for in this bill—that you could get it online.

V. TAYLOR: The original form of identification, which is what you would have to have for the I-9 form, since we're only talking about employed people who are U.S. citizens, you can—you have to show up in person to get your first driver's license, to get photo ID, to take your picture somehow, of course. Subsequently, after we've gotten your picture, you can renew up to a number of times online or by mail.

RAYMOND: So if you've had your driver's license for six years—stop the clock, please.

V. TAYLOR: There's extensive training for poll workers and election judges on how to handle it when somebody doesn't have identification. We already have—we have a provisional ballot system, but the supposition that you're making, that people may show up to the polls without ID—which could happen, and this bill envisions that and gives the voter the opportunity to take care of that, but your original premise that people who are employed in this state don't have photo ID doesn't hold up when you look at the federal requirement for the I-9 form.

RAYMOND: Well, it does, as you acknowledged a minute ago, that if somebody went to work for you 10 years ago, and you hired them legally, that 10 years later they might not have the ID that they had 10 years ago, they might have lost it. Would you—you acknowledged that earlier, would you acknowledge that now?

V. TAYLOR: I do.

RAYMOND: Finally, let me ask this, Mr. Taylor, you know what those of us who are opposed to this legislation are trying to do, we're trying to protect voter rights. You recognize that, right?

V. TAYLOR: Absolutely, as are the proponents of this bill. We seek to protect voting rights by protecting the 15th Amendment by making sure every vote counts. That's what this bill is ultimately about and we seek to do in our support of voter ID.

RAYMOND: Let me ask you a question, do you believe the Voting Rights Act is a good law?

V. TAYLOR: I believe the Voting Rights Act is a great thing to protect Americans' right to vote. All Americans, regardless of—

RAYMOND: So you believe the Voting Rights Act is still necessary?

V. TAYLOR: Yes.

RAYMOND: Is that because you believe discrimination still exists?

V. TAYLOR: I think the Voting Rights Act—there are many aspects of it to protect our ability to vote, protect the 15th Amendment—

RAYMOND: Protecting discrimination in the voting place though, if you believe it's a good law, if you believe discrimination in the voting place still exists?

V. TAYLOR: I'm not sure where you're going with this, chairman.

RAYMOND: No, no, I'm not going anywhere, it's very simple, this is about protecting voting rights and I asked you if you believed the Voting Rights Act was a good law and you said yes, right?

V. TAYLOR: This bill that we're debating right here on the floor is about voter identification at the polling stations when people vote in the State of Texas.

RAYMOND: And any time you deal with a law that has to do with voting, you have to take into consideration the rights of people to vote. Any time you deal with a law as comprehensive and big as this—as comprehensive and big as this—you have to take into account people's voting rights. You would agree with that, right?

V. TAYLOR: I think that it is important to remember that this bill is about making sure that the right people show up on election day and vote—

RAYMOND: That the right people show up on election day? Who are the right people?

V. TAYLOR: The people who are registered to vote and can demonstrate that they are who they say they are through voter—through having proper voter identification.

RAYMOND:    Again, and I'll let you go after this, but I just want to establish—you and I have served on committee together, it's been great getting to know you. You acknowledge that we still need the Voting Rights Act because the Voting Rights Act prevents discrimination in the polling place, and if you still think we need it, presumably, you believe there's still problems.

V. TAYLOR: Mr. Chairman, as you well know, this type of legislation, this voter identification has been approved under the Voter Rights Act in other states. I mean, this has already been litigated by other states. But the point of your amendment, coming back to what I think you wanted to talk about here today, which is the ability of people who have jobs who somehow might not have identification—those people, in this country, who have jobs, have to fill out an I-9 form, and that requires identification.

RAYMOND: And along those lines, according to the workforce commission, it says, in order to get an I-9 you have to have a voter registration card and a social security account number to get an I-9, which means those are the two things you need to get a photo ID.

V. TAYLOR: That is—those are two possible accommodations for List A, excuse me, List B or List C.

RAYMOND: That's what you need, so to get an I-9 you need a voter registration card, a social security card, so would you agree, then, that if somebody has a voter registration card, a social security card, they ought to be able to vote, too? If they're registered to vote, obviously.

V. TAYLOR: Clearly.

RAYMOND: You do? Then I can offer that amendment. You want to tell Ms. Harless back there—

V. TAYLOR: No. I still think—look, we—it is important that we have a voter registration—a voter identification requirement in this state to make sure that when people show up to vote, they are who they say they are. And—

RAYMOND: Do you think that this will—do you think it is sufficient, as it is under law, that in order to get an I-9 card, which you hang this whole thing on, that all you need is a voter registration card and a social security number? Do you think that's sufficient to get an I-9 card? That's what the law is, do you agree with the law or do you disagree with it?

V. TAYLOR: Mr. Chairman, this is a narrowly defined bill that is designed to make sure that the people who show up to vote are, in fact, who they say they are. The fact is, it is too simple to steal a voter identification card and use that for in-person ballot fraud, I have witnessed it with my own eyes—we talked about this on Monday—in Representative Anchia's district, and I watched somebody walk in and say somebody took my voter registration card, I'm here to vote, and they had been denied the right to vote.

## REMARKS ORDERED PRINTED

Representative Raymond moved to print remarks between Representative V. Taylor and Representative Raymond.

The motion prevailed.

Representative V. Taylor moved to table Amendment No. 16.

The motion to table prevailed by (Record 114): 101 Yeas, 48 Nays, 1 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pickett; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker(C).

### Amendment No. 17

Representative Dukes offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) as follows:

(1) In SECTION 14 of the bill, in amended Section 63.0101, Election Code (page 9, line 21), strike "photo".

(2) In SECTION 14 of the bill, in amended Section 63.0101, Election Code (page 10, line 13), strike "or".

(3) In SECTION 14 of the bill, in amended Section 63.0101, Election Code (page 10, line 17), following "presentation", insert:

; or

(6) a temporary driving permit issued to the person by the Department of Public Safety

(L. Taylor in the chair)

Representative Harless moved to table Amendment No. 17.

The motion to table prevailed by (Record 115): 99 Yeas, 49 Nays, 2 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker; Taylor, L.(C).

**Amendment No. 18**

Representative Dutton offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) as follows:

(1) In SECTION 14 of the bill, in amended Section 63.0101(1), Election Code (page 9, line 22), strike "personal identification card" and substitute "personal identification voter certificate [card]".

(2) In SECTION 20 of the bill, in the recital (page 13, line 19), strike "Subsection (d)" and substitute "Subsections (d) and (e)".

(3) In SECTION 20 of the bill, following added Section 521.422(d), Transportation Code (page 14, between lines 10 and 11), insert the following:

(e) The department shall designate a personal identification certificate issued to a person under this section a personal identification voter certificate.

(4) Add the following appropriately numbered SECTION to the bill and renumber the remaining SECTIONS of the bill accordingly:

SECTION ____. Section 1.005, Election Code, is amended by adding Subdivision (25) to read as follows:

(25) "Personal identification card" means a personal identification voter certificate issued by the Department of Public Safety.

Representative Harless moved to table Amendment No. 18.

The motion to table prevailed by (Record 116): 96 Yeas, 49 Nays, 2 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker; Taylor, L.(C).

Absent — Beck; Harper-Brown; Hughes.

### STATEMENTS OF VOTE

When Record No. 116 was taken, my vote failed to register. I would have voted yes.

Beck

When Record No. 116 was taken, I was in the house but away from my desk. I would have voted yes.

Harper-Brown

**Amendment No. 19**

Representative Allen offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) in SECTION 14 of the bill, by striking amended Section 63.0101(1), Election Code (page 9, lines 22-27), and substituting the following:

(1) a driver's license or personal identification card issued to the person by the Department of Public Safety [or a similar document issued to the person by an agency of another state], regardless of whether the license or card has expired;

Amendment No. 19 failed of adoption by (Record 117): 56 Yeas, 89 Nays, 2 Present, not voting.

Yeas — Allen; Alonzo; Alvarado; Anchia; Beck; Bohac; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Elkins; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Harless; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Paxton; Pickett; Quintanilla; Raymond; Reynolds; Riddle; Rodriguez; Simpson; Strama; Turner; Veasey; Villarreal; Vo; Walle; White.

Nays — Aliseda; Anderson, C.; Anderson, R.; Aycock; Berman; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Hamilton; Hancock; Hardcastle; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Murphy; Nash; Orr; Otto; Parker; Patrick; Peña; Perry; Phillips; Pitts; Price; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, V.; Thompson; Torres; Truitt; Weber; Woolley; Workman; Zedler; Zerwas.

Present, not voting — Mr. Speaker; Taylor, L.(C).

Absent — Gooden; King, P.; Morrison.

## STATEMENTS OF VOTE

I was shown voting yes on Record No. 117. I intended to vote no.

Bohac

When Record No. 117 was taken, my vote failed to register. I would have voted no.

Gooden

I was shown voting yes on Record No. 117. I intended to vote no.

Paxton

**Amendment No. 20**

Representative Alonzo offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) in SECTION 14 of the bill as follows:

(1) In amended Section 63.0101, Election Code (page 10, line 13), strike "or".

(2) In amended Section 63.0101, Election Code (page 10, line 17), following "presentation", insert:

; or

(6) an identification card that contains the person's photograph and is issued or approved by this state

Amendment No. 20 was adopted.

**Amendment No. 21**

Representative Veasey offered the following amendment to **CSSB 14**:

Amend **CSSB 14** as follows:

(1) In SECTION 14 of the bill, in amended Section 63.0101, Election Code (page 10, line 13), strike "or".

(2) In SECTION 14 of the bill, in amended Section 63.0101, Election Code, following added Subdivision (5) (page 10, line 17), insert the following:

; or

(6) a valid employee identification card that contains the person's photograph and is issued by an employer of the person in the ordinary course of the employer's business

Representative Harless moved to table Amendment No. 21.

The motion to table prevailed by (Record 118): 101 Yeas, 47 Nays, 2 Present, not voting.

Yeas — Aliseda; Allen; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Gutierrez; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker; Taylor, L.(C).

## STATEMENT OF VOTE

I was shown voting yes on Record No. 118. I intended to vote no.

Gutierrez

**Amendment No. 22**

Representative Gonzalez offered the following amendment to **CSSB 14**:

Amend **CSSB 14** as follows:

(1) In SECTION 14 of the bill, in amended Section 63.0101, Election Code (page 10, line 13), strike "or".

(2) In SECTION 14 of the bill, in amended Section 63.0101, Election Code, following added Subdivision (5) (page 10, line 17), insert the following:

; or

    (6)  a valid identification card that contains the person's photograph and is issued by a tribal organization

Amendment No. 22 was withdrawn.

**Amendment No. 23**

Representative Dutton offered the following amendment to CSSB 14:

Amend **CSSB 14** as follows:

(1) In SECTION 14 of the bill, in amended Section 63.0101, Election Code (page 10, line 13), strike "or".

(2) In SECTION 14 of the bill, in amended Section 63.0101, Election Code, following added Subdivision (5) (page 10, line 17), insert the following:

; or

    (6)  a student identification card issued by a public or private high school or institution of higher education that contains the person's photograph

Representative Phillips moved to table Amendment No. 23.

The motion to table prevailed by (Record 119): 99 Yeas, 49 Nays, 2 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker; Taylor, L.(C).

**Amendment No. 24**

Representative Martinez Fischer offered the following amendment to CSSB 14:

Amend **CSSB 14** (house committee printing) as follows:

(1) In amended Section 63.0101, Election Code (page 10, line 13), strike "or".

(2) In amended Section 63.0101, Election Code (page 10, line 17), following "presentation", insert:

; or

(6) a valid identification card that contains the person's photograph and is issued by this state

Representative Phillips moved to table Amendment No. 24.

The motion to table prevailed by (Record 120): 97 Yeas, 50 Nays, 2 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Simpson; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker; Taylor, L.(C).

Absent — Morrison.

**Amendment No. 25**

Representative Hernandez Luna offered the following amendment to CSSB 14:

Amend **CSSB 14** (house committee printing) in SECTION 14 of the bill as follows:

(1) In amended Section 63.0101, Election Code (page 10, line 13), strike "or".

(2) In amended Section 63.0101, Election Code (page 10, line 17), following "presentation" insert:

; or

(6) a valid identification card that contains the person's photograph and is issued by:

(A) an agency or institution of the federal government; or

(B) an agency, institution, or political subdivision of this state

Representative Phillips moved to table Amendment No. 25.

The motion to table prevailed by (Record 121): 99 Yeas, 49 Nays, 2 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker; Taylor, L.(C).

**Amendment No. 26**

Representative V. Gonzales offered the following amendment to **CSSB 14**:

Amend **CSSB 14** as follows:

(1) In the recital to SECTION 15 of the bill (page 10, line 26), strike "Subsection (b-1)" and subsitute "Subsections (b-1) and (f)".

(2) In SECTION 15 of the bill, add the following after added Section 63.011(b-1), Election Code (page 11, between lines 18 and 19):

(f) In addition to the affidavit required by this section, a person who casts a provisional ballot under this section and is described by Section 65.054(b)(2)(B) may execute an affidavit under that section at the polling place. Forms for affidavits under Section 65.054(b)(2)(B) must be available at each polling place.

(3) In SECTION 18 of the bill, in added Section 65.0541(a)(2), Election Code (page 13, line 4), between "presence of" and "the voter registrar", insert "an election officer at the polling place or".

### AMENDMENT NO. 26 - STATEMENT OF LEGISLATIVE INTENT

REPRESENTATIVE HARLESS:  I wanted to clarify what our conversation was—you talked about having these affidavits at the polling place that they have to sign if they are casting a provisional ballot.  You're not in any way trying to cut out the photo ID requirements, are you?

REPRESENTATIVE V. GONZALES:  Not with this particular amendment.  This amendment would simply say, your bill already includes the requirement that an affidavit be signed if they have to fill out a provisional ballot.  All this would say is, let's make it available to them at the polling places, so that they don't have to be traveling to another location to fill out an affidavit.

HARLESS:  Right, so they show up at a polling place, and they don't have one of the subscribed forms of identification, and they fill out a provisional ballot and have to sign an affidavit.  You're saying that when they're at that polling place, if they want to cast the provisional ballot that requires affidavits signed, that that polling place should have those affidavits there on the location site.

V. GONZALES:  That's correct.

### REMARKS ORDERED PRINTED

Representative Harless moved to print remarks between Representative V. Gonzales and Representative Harless.

The motion prevailed.

Amendment No. 26 was adopted.

### Amendment No. 27

Representative Miles offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) in SECTION 5 of the bill, in added Section 31.012(b), Election Code (page 3, line 21), by adding after the period: "The statewide effort shall include education targeted at low-income and minority voters."

Amendment No. 27 was adopted.

### Amendment No. 28

Representatives Harper-Brown, Legler, Zerwas, Creighton, Orr, D. Miller, Sheffield, Jackson, Scott, Price, L. Taylor, P. King, Landtroop, Burkett, Weber, Isaac, Laubenberg, Huberty, Riddle, V. Taylor, Cain, Nash, Darby, Parker, Carter, C. Anderson, Crownover, Chisum, Madden, Hancock, Beck, W. Smith, Fletcher, Lewis, Margo, Workman, Button, R. Anderson, L. Gonzales, Sheets, Larson, White, and Kuempel offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) as follows:

(1) Strike SECTION 17 of the bill (page 11, line 24, through page 12, line 20) and substitute the following:

SECTION 17. Section 65.054(b), Election Code, is amended to read as follows:

(b) A provisional ballot shall [may] be accepted [only] if the board determines that:

(1) [,] from the information in the affidavit or contained in public records, the person is eligible to vote in the election and has not previously voted in that election; and

(2) the person meets the identification requirements of Section 63.001(b) at the time the ballot was cast or in the period prescribed under Section 65.0541.

(2) In SECTION 18 of the bill, strike added Section 65.0541(a), Election Code (page 12, line 24, through page 13, line 4) and substitute the following:

(a) A voter who is accepted for provisional voting under Section 63.011 because the voter does not meet the identification requirements of Section 63.001(b) may, not later than the sixth day after the date of the election, present a form of identification described by Section 63.0101 to the voter registrar for examination.

Amendment No. 28 was adopted by (Record 122): 107 Yeas, 40 Nays, 2 Present, not voting.

Yeas — Aliseda; Anchia; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Castro; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gonzales, V.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Howard, D.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Marquez; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Rodriguez; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Strama; Taylor, V.; Torres; Truitt; Vo; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Burnam; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Thompson; Turner; Veasey; Villarreal; Walle.

Present, not voting — Mr. Speaker; Taylor, L.(C).

Absent — Giddings.

## STATEMENTS OF VOTE

I was shown voting yes on Record No. 122. I intended to vote no.

Anchia

I was shown voting yes on Record No. 122. I intended to vote no.

V. Gonzales

I was shown voting yes on Record No. 122. I intended to vote no.

Marquez

I was shown voting yes on Record No. 122. I intended to vote no.

Rodriguez

### Amendment No. 29

Representative Dutton offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) as follows:

(1) In SECTION 18 of the bill, in added Section 65.0541(a), Election Code (page 12, line 27), strike "sixth" and substitute "seventh business".

(2) Add the following appropriately numbered SECTIONS to the bill and renumber subsequent SECTIONS of the bill accordingly:

SECTION ____. Section 65.051(a), Election Code, is amended to read as follows:

(a) The early voting ballot board shall verify and count provisional ballots as provided by this subchapter not later than the ninth [seventh] day after the date of an election.

SECTION ____. Section 67.003, Election Code, is amended to read as follows:

Sec. 67.003. TIME FOR LOCAL CANVASS. (a) Except as provided by Subsection (b), each local canvassing authority shall convene to conduct the local canvass at the time set by the canvassing authority's presiding officer not earlier than the 10th [eighth] day or later than the 11th day after election day.

(b) For an election held on the uniform election date in May, the local canvass must occur not later than the 11th day after election day and not earlier than the later of:

(1) the third day after election day;

(2) the date on which the early voting ballot board has verified and counted all provisional ballots after giving voters of provisional ballots the opportunity to present identification as provided by Section 65.0541, if a provisional ballot has been cast in the election; or

(3) the date on which all timely received ballots cast from addresses outside of the United States are counted, if a ballot to be voted by mail in the election was provided to a person outside of the United States.

Amendment No. 29 was withdrawn.

### Amendment No. 30

Representative Gonzalez offered the following amendment to **CSSB 14**:

Amend **CSSB 14** as follows:

(1) In SECTION 14 of the bill, in amended Section 63.0101, Election Code (page 10, line 13), strike "or".

(2) In SECTION 14 of the bill, in amended Section 63.0101, Election Code, following added Subdivision (5) (page 10, line 17), insert the following:

; or

(6) a valid identification card that contains the person's photograph and is issued by a tribal organization

Amendment No. 30 was adopted.

**Amendment No. 31**

Representative Dutton offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) in SECTION 20 of the bill, in amended Section 521.422(a), Transportation Code, by striking Subdivision (1) of that subsection (page 13, line 23), and substituting:

(1) $10 [$15] for a person under 60 years of age;

Representative Harless moved to table Amendment No. 31.

The motion to table prevailed by (Record 123): 99 Yeas, 47 Nays, 2 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker; Taylor, L.(C).

Absent — McClendon; Reynolds.

## STATEMENTS OF VOTE

When Record No. 123 was taken, I was in the house but away from my desk. I would have voted no.

McClendon

When Record No. 123 was taken, I was in the house but away from my desk. I would have voted no.

Reynolds

### Amendment No. 32

Representative Dukes offered the following amendment to **CSSB 14**:

Amend **CSSB 14** on page 13, line 27, by striking "may" and substituting "shall".

Amendment No. 32 was adopted.

### Amendment No. 33

Representative Dutton offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) by striking SECTION 20 of the bill (page 13, line 18, through page 14, line 10) and substituting the following:

SECTION 20.  Section 521.422, Transportation Code, is amended to read as follows:

Sec. 521.422.  PERSONAL IDENTIFICATION CERTIFICATE FEE. [(a)] The department may not collect a fee for a personal identification certificate [is:

[(1) $15 for a person under 60 years of age;

[(2) $5 for a person 60 years of age or older; and

[(3) $20 for a person subject to the registration requirements under Chapter 62, Code of Criminal Procedure].

[(b) The department shall collect an additional fee of $1 for the issuance or renewal of a personal identification card to fund the Blindness Education, Screening, and Treatment Program established under Section 91.027, Human Resources Code, if the person applying for or renewing a personal identification card opts to pay the additional fee.

[(c) The department shall collect an additional fee of $1 for the issuance or renewal of a personal identification card, including a duplicate personal identification card or a personal identification card issued or renewed over the Internet or by other electronic means, to pay the costs of the Donor Education, Awareness, and Registry Program of Texas, established under Chapter 49, Health and Safety Code, and, subject to Section 113.104, Health and Safety Code, of the Texas Organ, Tissue, and Eye Donor Council, established under Chapter 113, Health and Safety Code, if the person applying for or renewing a personal identification card opts to pay the additional fee. The department shall remit fees collected under this subsection to the comptroller, who shall maintain the identity

~~of the source of the fees. Subject to appropriation, the department may retain three percent of the money collected under this subsection to cover the costs in administering this subsection.~~]

Amendment No. 33 was withdrawn.

**Amendment No. 34**

Representative Raymond offered the following amendment to **CSSB 14**:

Amend **CSSB 14** as follows:

(1) On page 15, line 11, insert the following new section and renumber the subsection appropriately:

SECTION 25.  This Act is legally unenforceable if it does not comply with Section 5, Section 203, and Section (4)(f)(4) of the Voting Rights Act.

### AMENDMENT NO. 34 - STATEMENT OF LEGISLATIVE INTENT

REPRESENTATIVE HARLESS:  Mr. Speaker, members, the Voting Rights Act either does or does not apply to various sections of this bill.  This is for the supreme court to determine and not the Texas Legislature.  I move to table.

REPRESENTATIVE RAYMOND:   Ms. Harless, do you believe the Voting Rights Act is a good law?

HARLESS:  I do.

RAYMOND:  So you believe there is still discrimination in the voting place?

HARLESS:  I'm sorry?

RAYMOND:  So you believe there is still discrimination in the voting place?

HARLESS:  No, I do not think there is.

RAYMOND:  Then why do you think the Voting Rights Act is a good law?

HARLESS:  I think at the time, when it was passed, it was very effective.  Texas is a Section 5 state, it's going to have to go for pre-clearance either before the Department of Justice or the three federal judges in the District of Columbia. They will decide if we have met the standards of the Voting Rights Act.  This is not the venue for us to decide.  We've got the lines that they have drawn in the cases we have already seen.  We know that—we know the standards they've set, we've complied with that in our bill.  This is not the venue to have this—

RAYMOND:  Are you telling me we don't need the Voting Rights Act anymore?

HARLESS:  You're putting words into my mouth.

RAYMOND:  I'm asking.  Do you believe we still need the Voting Rights Act?

HARLESS:  I don't think this is the place to debate that.

RAYMOND:  Yes ma'am, it is entirely the place to debate that.  Would you agree this is a major piece of legislation dealing with voting in the State of Texas?

HARLESS:  I do.

RAYMOND:   And you do not believe that the Voting Rights Act should be discussed in this context?

HARLESS: We have discussed it.

RAYMOND: Okay, then let's continue to discuss it for a minute. Do you believe the Voting Rights Act is still necessary?

HARLESS: I believe we're still under the regulations of the Voting Rights Act.

RAYMOND: I'm asking you, because you are the author of this very important bill, and I think this is very important for people to understand your intent. Do you believe the Voting Rights Act is still necessary?

HARLESS: As I've said before, this is a federal issue to be decided by the federal courts. This isn't for us and the Texas Legislature to discuss right now.

RAYMOND: Ma'am, you are dealing with legislation here—you are proposing a bill that would affect every single voter in the State of Texas, including minorities. You would agree with that, right?

HARLESS: Say that one more time. It's hard to hear.

RAYMOND: You are presenting a bill that would affect the voting rights of every voter in the State of Texas, including minorities, would you agree with that?

HARLESS: I do not agree with that.

RAYMOND: Really, your bill doesn't apply to minorities?

HARLESS: I think we increase access to the polls by putting some checks and balances—that voters actually show ID, that they are who they are when they show up to vote in person.

RAYMOND: I have a very simple question. Does your bill apply to minorities in the State of Texas?

HARLESS: My bill applies to everyone equally across the state.

RAYMOND: Including minorities, is that right?

HARLESS: Everyone.

RAYMOND: Including minorities?

HARLESS: All Texans.

RAYMOND: Including minorities?

HARLESS: All Texans.

RAYMOND: Including minorities?

HARLESS: All Texans.

RAYMOND: You won't even acknowledge whether or not your bill affects—

HARLESS: I said it applies to all Texans.

RAYMOND: Including minorities, right?

HARLESS: All Texans. Every voter in the State of Texas.

RAYMOND: Minorities are Texans, right?

HARLESS:  Do you want to go back and forth all day on this?  I've answered your question.

RAYMOND:   With all due respect, I feel like you are being flippant about something that's very important to millions of Texans.

HARLESS:  I absolutely don't mean to be flippant.  If I'm coming across that way I apologize.

RAYMOND:  It's a very simple question.

HARLESS:  And I gave you a very simple answer.  It applies to all Texans.

RAYMOND:  I'll ask you one more time.  Does your bill apply to minorities in the State of Texas?

REPRESENTATIVE VEASEY:   Mr. Raymond, why don't you think Representative Harless would answer your questions directly?  It was a very important question dealing with the Voting Rights Act.  We know that we are a Section 5 state.  I hope that she knows we're a Section 5 state if she's carrying this bill, and could you maybe elaborate on why she did not want to answer your question directly?

RAYMOND:  You know, it's hard to read someone else's mind.  But, I will tell you that in 2006, I'm not sure every member in here knows this, but in 2006 a man named George W. Bush signed into law the extension of the Voting Rights Act for 25 years and he said, "Although we've come a long way, there's still a ways to go."  And for the author of this bill not to acknowledge what a president from this state was willing to acknowledge a mere five years ago, and that is, the Voting Rights Act is still necessary.  And that her bill would in fact affect millions of Texans who are minorities and who are protected by Section 2 of the Voting Rights Act is troubling.  I mean I don't know what else to tell you, but I think that it should certainly give people pause to think about what's going on here.

VEASEY:  If you're the author of a bill like this that's going to drastically change election law in your state, don't you think you should have a good understanding of the Voting Rights Act and the history of the Act and why it was passed before you embark on a piece of legislation that could have the type of consequences that I believe this piece of legislation will have?

RAYMOND:  Well, I would expect that in the year 2011, but you just heard the exchange.  It was surprising and troubling to me that the author of this bill was not willing to acknowledge the importance of the Voting Rights Act and the fact that her bill would affect millions of Texans who are protected by it.

VEASEY:  You have a good amendment and because of all the good amendments that have been turned down tonight, we can see exactly where this bill is headed.  Thank you, Representative Raymond.

RAYMOND:  Thank you.

REPRESENTATIVE BERMAN:  Richard, you're a good guy, and Richard, are you a minority?

RAYMOND:  I am.

BERMAN:  Is Mr. Veasey a minority?

RAYMOND:  Yes, sir.

BERMAN:  Are you both Texans?

RAYMOND:  Yes, sir, we are.

BERMAN:  Ms. Harless answered the question then.  She said "all Texans."

RAYMOND:  You know, Leo, and I'm glad you call me Richard, because I like for us to talk to each other in the—

BERMAN:  Because I like you.

RAYMOND:  You were listening to it, Leo, and you've been around 75 years, as you've just mentioned.  She specifically would not answer, she specifically would not say, when I asked a simple question, "Will this affect minorities?  Will your bill include minorities?"  In other words, I'm a minority, is this going to apply to me?  I'm going to need a voter ID to go vote, right?

BERMAN:  Yes, but you're a Texan.

RAYMOND:  No, but listen to it, Leo.  You listen to us, you listen to us.  I said well tell me, does this affect minorities?  "It affects all Texans."  Well, just if it would affect minorities—she wouldn't say it.

BERMAN:  I think you hit her too hard, really.

RAYMOND:  She's not a shrinking violet, she's a tough lady.

BERMAN:  But she said "all Texans," and all Texans include every minority in Texas.  Of course they do.

RAYMOND:  Let me ask you, Leo.  Do you believe this bill applies to minorities in the State of Texas?

BERMAN:  Yes, I do.

RAYMOND:  You see, you were willing to answer it.

BERMAN:  But she didn't have to, she said "all Texans."

### REMARKS ORDERED PRINTED

Representative Raymond moved to print remarks between Representative Harless and Representative Raymond, between Representative Veasey and Representative Raymond, and between Representative Berman and Representative Raymond.

The motion prevailed.

Representative Harless moved to table Amendment No. 34.

The motion to table prevailed by (Record 124): 99 Yeas, 48 Nays, 2 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.;

Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker; Taylor, L.(C).

Absent — Burnam.

(Speaker in the chair)

**Amendment No. 35**

Representative Raymond offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee report) in SECTION 5 of the bill, in added Section 31.012, Election Code (page 3, between lines 25 and 26), by inserting the following new Subsection (d) and relettering the subsequent subsections of added Section 31.012, Election Code, accordingly:

(d) Sections 203 and 14(f)(4) of the Voting Rights Act apply to this section.

**AMENDMENT NO. 35 - STATEMENT OF LEGISLATIVE INTENT**

REPRESENTATIVE RAYMOND:  Very simply, I guess I want to ask you, do you believe that this bill should comply with the Voting Rights Act?

REPRESENTATIVE PHILLIPS:  I believe that we need to follow the law and make sure that we comply with every constitutional requirement that is imposed on us as a body.  Now, what you're—this is a specific section and portion of the Voting Rights Act.  I don't know if those sections apply to this, that will be up to the—that will be up to, ultimately, the supreme court to determine, and that's who we need to let determine.  I don't think we need to by trying to second-guess what they do mean and don't mean and whether all of these provisions apply.

RAYMOND:  Well, let me ask, because I see a troubling pattern here—

PHILLIPS:  I can't hear you—

RAYMOND:  Let me ask, because I see a troubling pattern, simple question: Do you believe that the Voting Rights Act is a good law?

PHILLIPS:  That is not a question before us.  There are issues of whether all of the Voting Rights Act are necessary at this time.  There are parts of it that have been important to transform elections in this nation.

RAYMOND:  So you believe, so you don't believe the Voting Rights Act is necessary?

PHILLIPS:  I'm not going to get into—

RAYMOND:  This is important—we're—

PHILLIPS:  Let me answer.

RAYMOND:  Let me ask my question, and then you can answer.

PHILLIPS:  You asked a question, then you answered a question, then you asked a question again—

RAYMOND:  No, no, I'll ask—

PHILLIPS:  —but you won't let me answer.

RAYMOND:  Let me—because I didn't ask it clearly I think.  Do you believe—do you believe—Mr. Phillips—

PHILLIPS:  Go ahead, I'm waiting for your question.

RAYMOND:  Let me ask this, you recognize that Texas is a protected—do you know or do you recognize that Texas is a protected state under the Voting Rights Act?  Just yes or no.

PHILLIPS:  Yes, I do.  The federal government, under George Bush, they voted to extend the Voting Rights Act for 25 years; yes, they did.

RAYMOND:  Okay, so you recognize that we're covered by that then?

PHILLIPS:  And that's the whole point, we're covered by that and we don't need to say—you're trying to impose something on this bill from a federal perspective.  We either are or we aren't.

RAYMOND:  Exactly, and all I'm saying with this amendment—all I'm saying with this amendment—and this is why I'm baffled why you would move to table it, is that if we don't comply with the Voting Rights Act, it should not become law.  Is it your position that if it does not comply with the Voting Rights Act it should still become law?

PHILLIPS:  You're bringing sections in and saying this has to apply to every provision, and that's not the—

RAYMOND:  No, no, no, no—

PHILLIPS:  That's not what we need to do, we need to leave that for the federal government.  I mean, for the courts to decide whether we comply.  Because the lawyers have worked through this to craft this, and we do not want to do anything that's going to viol—so that's what we're going to do.

RAYMOND:  This, very specifically, what you just said is not accurate, Larry.  This amendment very specifically applies to one section of the bill.

PHILLIPS: Right.

RAYMOND: The voter identification education section. That's all. If you look at the amendment.

PHILLIPS: You're asking to include, and say this section of federal law applies to what we're doing. That's part of the—I don't know—I mean, from my perspective, I don't know that we need to be here saying, well, gosh, we want everything to apply to everything we do. If it's covered by it, it's covered by it, Mr. Raymond. We don't need to include it. They'll determine that.

RAYMOND: Surely—I want to make sure I'm hearing you right—surely you would want us to comply with federal voting rights?

PHILLIPS: Mr. Raymond, that's exactly the point we've been making.

RAYMOND: You do want us to comply with the—so, I'm clear, you do want this—you do, you do want this—

PHILLIPS: No, we want to comply with federal law. And that's exactly the intent and purpose of what we're doing here today in trying to comply with federal law. That's why we're trying to keep this bill simple, and the whole procedure simple, instead of adding stuff to it that may trigger a section that does or does not apply. I don't see the problem.

RAYMOND: Well, you—again, are you saying that **SB 14**, the section that I—the voter identification education section—do you want it to comply with the federal voting rights laws?

PHILLIPS: I want this to comply with federal laws, and if the voting rights laws that are in effect apply to this and they're constitutional, the supreme court will uphold it, and if they don't, they won't.

RAYMOND: Well, then all my amendment says—

PHILLIPS: Your amendment says this has to apply here, and that's something we're saying we're not going to start doing. We could go through and say we want the entire constitution of the United States to apply to this law. It either does, or it doesn't. We don't need to do that as a state. The federal government passes the laws that they do, and we're either going to follow those laws or not. We either have to or we don't, and that's part of the debate that is going on across this nation of what we do and we do not want to—we don't want to incorporate—we're trying to stop federal laws that we don't agree with—

RAYMOND: So, you believe that—so I'm clear—you believe that this section of the bill, which deals with language, right, voter identification education, and the words language are used in that section of the bill, you believe that they may not need to comply with the Voting Rights Act, is that correct?

PHILLIPS: Either they—either do or they don't.

RAYMOND: And if they don't, it should not—it should not—

PHILLIPS: No, then you're starting to put a requirement or a hurdle that may or may not need to be there.

RAYMOND: Larry, how could you honestly look at me and say we're talking about—let me finish my question—how could you honestly look at me and say we have a major piece of legislation here and the section of the bill that deals with voter identification education and uses the words language, because, obviously in the State of Texas, there are people like my grandmother who didn't speak English, but who was a United States citizen her whole life, that that would not be covered and should not be covered by the Voting Rights Act? How can you honestly say that, Larry?

Again members, it is frustrating in the year 2011, to stand up here and be debating members of this legislature who do not want—who appear to me—do not want the Voting Rights Act to apply to this bill. It is disheartening, it is wrong, and I think in the end you will not prevail. We shall overcome.

### REMARKS ORDERED PRINTED

Representative Raymond moved to print remarks between Representative Phillips and Representative Raymond.

The motion prevailed.

Representative Phillips moved to table Amendment No. 35.

The motion to table prevailed by (Record 125): 100 Yeas, 49 Nays, 1 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker(C).

### Amendment No. 36

Representative Dutton offered the following amendment to CSSB 14:

Amend **CSSB 14** (house committee printing) as follows:

(1) In SECTION 18 of the bill, in added Section 65.0541(a), Election Code (page 12, line 27), strike "sixth" and substitute "seventh business".

(2) Add the following appropriately numbered SECTIONS to the bill and renumber subsequent SECTIONS of the bill accordingly:

SECTION ___. Section 65.051(a), Election Code, is amended to read as follows:

(a) The early voting ballot board shall verify and count provisional ballots as provided by this subchapter not later than the ninth [seventh] day after the date of an election.

SECTION ___. Section 67.003, Election Code, is amended to read as follows:

Sec. 67.003. TIME FOR LOCAL CANVASS. (a) Except as provided by Subsection (b), each local canvassing authority shall convene to conduct the local canvass at the time set by the canvassing authority's presiding officer not earlier than the 10th [eighth] day or later than the 11th day after election day.

(b) For an election held on the uniform election date in May, the local canvass must occur not later than the 11th day after election day and not earlier than the later of:

(1) the third day after election day;

(2) the date on which the early voting ballot board has verified and counted all provisional ballots after giving voters of provisional ballots the opportunity to present identification as provided by Section 65.0541, if a provisional ballot has been cast in the election; or

(3) the date on which all timely received ballots cast from addresses outside of the United States are counted, if a ballot to be voted by mail in the election was provided to a person outside of the United States.

Representative Harless moved to table Amendment No. 36.

The motion to table prevailed by (Record 126): 99 Yeas, 48 Nays, 1 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; White; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker(C).

Absent — Menendez; Woolley.

### RULES SUSPENDED

Representative Hunter moved to suspend all necessary rules to allow the Committee on Calendars to set a calendar at 6:45 p.m. today in 3W.15.

The motion prevailed.

### COMMITTEE GRANTED PERMISSION TO MEET

Representative Hunter requested permission for the Committee on Calendars to meet while the house is in session, at 6:45 p.m. today, in 3W.15, to set a calendar.

Permission to meet was granted.

### COMMITTEE MEETING ANNOUNCEMENTS

The following committee meetings were announced:

Calendars, 6:45 p.m. today, 3W.15, for a formal meeting, to set a calendar.

Transportation is rescheduled for 9 a.m. Monday, March 28.

### CSSB 14 - (consideration continued)

**Amendment No. 37**

Representative Hernandez Luna offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) in SECTION 9 of the bill, in amended Section 63.001(c), Election Code (page 5, line 17), by adding after the period "If in determining whether a voter's name is on the list of registered voters the election officer determines that the voter's name on the documentation does not match the name on the list, the voter shall be accepted for voting as otherwise required by this section if the voter submits an affidavit stating that the voter is the person on the list of registered voters and that the voter has legally changed the voter's name after marriage or divorce."

Amendment No. 37 failed of adoption by (Record 127): 49 Yeas, 99 Nays, 1 Present, not voting.

Yeas — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez;

Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Nays — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Present, not voting — Mr. Speaker(C).

Absent — Bonnen.

**Amendment No. 38**

Representative Burnam offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) in SECTION 9 of the bill as follows:

(1) In amended Section 63.001(h), Election Code (page 6, line 20), strike "or".

(2) In amended Section 63.001, Elections Code (page 6, line 23), between "15.001(c)" and the period, insert the following:

; or

(3) a temporary driving permit issued by the Department of Public Safety following the revocation of a driver's license

Amendment No. 38 failed of adoption by (Record 128): 48 Yeas, 100 Nays, 1 Present, not voting.

Yeas — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Vo; Walle.

Nays — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac;

Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Present, not voting — Mr. Speaker(C).

Absent — Villarreal.

**Amendment No. 39**

Representatives Anchia and Strama offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) as follows:

(1) Strike SECTIONS 1 and 2 of the bill (page 1, line 5, through page 2, line 2) and renumber the remaining SECTIONS of the bill accordingly.

(2) In SECTION 9 of the bill, in amended Section 63.001(b), Election Code (page 5, line 2), strike "Except as provided by Subsection (h), on [On]" and substitute "On".

(3) In SECTION 9 of the bill, strike added Sections 63.001(g) and (h), Election Code (page 5, line 25 through page 6, line 23), and substitute the following:

(g) If the requirements for identification prescribed by Subsection (b) are not met, the voter may be accepted for provisional voting only under Section 63.011. An election officer shall provide a voter who presents the voter's voter registration certificate an affidavit to execute under penalty of perjury that, in addition to meeting the requirements of Section 63.011(a), states the voter is the person named on the voter registration certificate.

(h) For a voter who is not accepted for voting under this section, an election officer shall:

(1) inform the voter of the voter's right to cast a provisional ballot under Section 63.011; and

(2) provide the voter with written information, in a form prescribed by the secretary of state, that lists the requirements for identification.

(4) Strike SECTION 17 of the bill (page 11, line 24, through page 12, line 20) and substitute the following:

SECTION 17. Section 65.054(b), Election Code, is amended to read as follows:

(b) A provisional ballot shall [may] be accepted [only] if the board determines that, from the information in the affidavit or contained in public records, the person is eligible to vote in the election and has not previously voted in that election and:

(1) the voter meets the identification requirements of Section 63.001(b) at the time the ballot was cast; or

(2)  the voter presented the voter's voter registration certificate with the affidavit described by Section 63.001(g) and the signature on the voter's provisional voting affidavit is substantially similar to the signature on the voter's voter registration application or other public record in the possession of the voter registrar.

(5)  Strike SECTION 18 of the bill (page 12, line 21, through page 13, line 6) and renumber the remaining SECTIONS accordingly.

### LEAVES OF ABSENCE GRANTED

The following members were granted leaves of absence temporarily for today to attend a meeting of the Committee on Calendars:

Bonnen on motion of Hancock.

Branch on motion of Patrick.

Cook on motion of Patrick.

Geren on motion of Hancock.

Hunter on motion of Patrick.

Keffer on motion of Hancock.

Kolkhorst on motion of Hancock.

Lucio on motion of Patrick.

Rodriguez on motion of Patrick.

Truitt on motion of Patrick.

### CSSB 14 - (consideration continued)

Representative Hancock moved to table Amendment No. 39.

(Bonnen and Truitt now present)

The motion to table prevailed by (Record 129): 94 Yeas, 47 Nays, 1 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Isaac; Jackson; King, P.; King, S.; Kleinschmidt; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg;

Howard, D.; Johnson; King, T.; Lozano; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker(C).

Absent, Excused, Committee Meeting — Branch; Cook; Geren; Hunter; Keffer; Kolkhorst; Lucio; Rodriguez.

(Cook and Rodriguez now present)

**Amendment No. 40**

Representative Menendez offered the following amendment to **CSSB 14**:

Amend **CSSB 14** by adding the following appropriately numbered section and by renumbering the existing sections as appropriate:

SECTION ____. The provisions of this Act requiring a voter to provide a photo identification in order to be accepted for voting do not apply to an election held in a county in which the commissioners court of the county finds that the implementation of the photo identification requirement would be a financial burden on the county.

(Geren, Hunter, Keffer, Kolkhorst, and Lucio now present)

(Brown in the chair)

Representative Phillips moved to table Amendment No. 40.

The motion to table prevailed by (Record 130): 98 Yeas, 48 Nays, 2 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker; Brown(C).

Absent, Excused, Committee Meeting — Branch.

Absent — Martinez.

(Branch now present)

**Amendment No. 41**

Representative Anchia offered the following amendment to **CSSB 14**:

Amend **CSSB 14** by adding the following appropriately numbered section and by renumbering the existing sections as appropriate:

SECTION ____. Section 521.424, Transportation Code, is amended to read as follows:

Sec. 521.424. DUPLICATE LICENSE OR CERTIFICATE FEE. (a) Except as provided by Subsection (b), the [The] fee for a duplicate driver's license or duplicate personal identification certificate is $10.

(b) The department may not collect a fee for a duplicate personal identification certificate from a person who meets the requirements of Section 521.422(d).

Amendment No. 41 was withdrawn.

**Amendment No. 42**

Representative Walle offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) as follows:

(1) Add the following appropriately numbered SECTIONS to the bill and renumber subsequent SECTIONS of the bill accordingly:

SECTION ____. Section 15.001, Election Code, is amended by amending Subsection (a) and adding Subsection (d) to read as follows:

(a) Each voter registration certificate issued must contain:

(1) the voter's name in the form indicated by the voter, subject to applicable requirements prescribed by Section 13.002 and by rule of the secretary of state;

(2) the voter's residence address or, if the residence has no address, the address at which the voter receives mail and a concise description of the location of the voter's residence;

(3) the month, day, and year of the voter's birth;

(4) the number of the county election precinct in which the voter resides;

(5) the voter's effective date of registration if an initial certificate;

(6) the voter's registration number;

(7) an indication of the period for which the certificate is issued;

(8) a statement explaining the circumstances under which the voter will receive a new certificate;

(9) a space for stamping the voter's political party affiliation;

(10) a statement that voting with the certificate by a person other than the person in whose name the certificate is issued is a felony;

(11) a space for the voter's signature;

(12) a statement that the voter must sign the certificate personally, if able to sign, immediately on receipt;

(13) a space for the voter to correct the information on the certificate followed by a signature line;

(14) the statement: "If any information on this certificate changes or is incorrect, correct the information in the space provided, sign below, and return this certificate to the voter registrar.";

(15) the registrar's mailing address and telephone number; [and]

(16) the jurisdictional or distinguishing number for the following territorial units in which the voter resides, as determined by the voter registrar:

      (A) congressional district;

      (B) state senatorial district;

      (C) state representative district;

      (D) commissioners precinct;

      (E) justice precinct;

      (F) city election precinct; and

      (G) school district election precinct; and

(17) if applicable to the county in which the voter resides, the photograph of the voter to whom the certificate is issued.

(d) The commissioners court of a county may adopt an order requiring the voter registrar to:

(1) obtain a photograph of each county voter to include on the voter's voter registration certificate; or

(2) issue to each county voter a voter registration identification card instead of a voter registration certificate containing the information required by this section and the voter's photograph.

SECTION ____. Subchapter A, Chapter 31, Election Code, is amended by adding Section 31.013 to read as follows:

Sec. 31.013. PHOTO IDENTIFICATION ACCESS. (a) The secretary of state shall establish methods for a voter registrar, if required, to obtain a photograph of each registered voter from a driver's license or other identification issued by the state to that voter for use on the voter's voter registration certificate or voter registration identification card.

(b) For purposes of this section, the secretary of state may enter into agreements with the Department of Public Safety or other state agencies and governmental entities for assistance with assigning photographs to the appropriate voter's voter registration certificate or voter registration identification card.

SECTION ____. (a) As soon as practicable after the effective date of this Act, the secretary of state shall establish, subject to Subsection (b) of this section, the method for obtaining photographs for use on voter registration certificates or voter registration identification cards required by Section 31.013, Election Code, as added by this Act.

(b) The method described by Subsection (a) of this section must allow for voter registration certificates or voter registration identification cards including photographs to be issued beginning with the general election for state and county officers held in 2012.

(2) In SECTION 14 of the bill, in amended Section 63.0101, Election Code (page 10, line 13), strike "or".

(3) In SECTION 14 of the bill, in amended Section 63.0101, Election Code, following added Subdivision (5) (page 10, line 17), insert the following:
; or

     (6) a voter registration certificate or voter registration identification card that contains the voter's photograph

Representative Phillips moved to table Amendment No. 42.

The motion to table prevailed by (Record 131): 95 Yeas, 52 Nays, 2 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, J.; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hilderbran; Hochberg; Hopson; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Simpson; Strama; Thompson; Turner; Veasey; Vo; Walle.

Present, not voting — Mr. Speaker; Brown(C).

Absent — Villarreal.

### Amendment No. 43

Representative Rodriguez offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) by adding the following appropriately numbered SECTION to the bill and renumbering the remaining SECTIONS of the bill accordingly:

SECTION ____. Chapter 63, Election Code, is amended by adding Section 63.0091 to read as follows:

Sec. 63.0091. REGISTRATION AT POLLING PLACE; VOTING PROCEDURES. (a) This section applies to the conduct of voting and to the registration of voters notwithstanding and in addition to other applicable provisions of this code.

(b) A person who would be eligible to vote in an election under Section 11.001, but for the requirement to be a registered voter, shall be accepted for voting in the precinct of the person's residence if, on the day the person offers to vote, the person:

(1) submits a voter registration application that complies with Section 13.002; and

(2) presents proof of identification in a form described by Section 63.0101 that also establishes the person's residence.

(c) Persons voting under this section shall be processed separately at the polling place from persons who are voting under regular procedures.

(d) The secretary of state shall prescribe the procedures necessary to implement this section and to ensure the proper and orderly conduct of elections.

Representative Phillips moved to table Amendment No. 43.

The motion to table prevailed by (Record 132): 96 Yeas, 50 Nays, 2 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Truitt; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hartnett; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle; Weber.

Present, not voting — Mr. Speaker; Brown(C).

Absent — Marquez; Torres.

## STATEMENT OF VOTE

When Record No. 132 was taken, I was in the house but away from my desk. I would have voted no.

Marquez

(Speaker in the chair)

## Amendment No. 44

Representative Gallego offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) by adding the following appropriately numbered SECTION to the bill and renumbering the remaining SECTIONS of the bill accordingly:

SECTION ____. The changes in law made by this Act do not apply to any county in which the Department of Public Safety of the State of Texas has not established a full service driver's license office.

Representative Harless moved to table Amendment No. 44.

The motion to table prevailed by (Record 133): 100 Yeas, 49 Nays, 1 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Villarreal; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Gooden; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Vo; Walle.

Present, not voting — Mr. Speaker(C).

## Amendment No. 45

Representative Anchia offered the following amendment to **CSSB 14**:

Amend **CSSB 14** by adding the following appropriately numbered section and by renumbering the existing sections as appropriate:

SECTION ____. Section 521.424, Transportation Code, is amended to read as follows:

Sec. 521.424. DUPLICATE LICENSE OR CERTIFICATE FEE. (a) Except as provided by Subsection (b), the [The] fee for a duplicate driver's license or duplicate personal identification certificate is $10.

(b) The department may not collect a fee for a duplicate personal identification certificate from a person who meets the requirements of Section 521.422(d).

Amendment No. 45 was adopted.

### Amendment No. 46

Representative Martinez offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) by adding the following appropriately numbered SECTION to the bill and renumbering the remaining SECTIONS of the bill accordingly:

SECTION ____. Subchapter A, Chapter 521, Transportation Code, is amended by adding Section 521.007 to read as follows:

Sec. 521.007. NOTICE OF IDENTIFICATION FOR VOTING PURPOSES. The department shall provide notice to each applicant for an original or renewal driver's license or personal identification certificate that the department may not collect a fee for a personal identification certificate issued to a person who states that the person is obtaining the personal identification certificate for the purpose of satisfying Section 63.001(b), Election Code, and meets the requirements of Section 521.422(d).

Representative Harless moved to table Amendment No. 46.

The motion to table prevailed by (Record 134): 100 Yeas, 45 Nays, 1 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eiland; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Dukes; Dutton; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer;

McClendon; Menendez; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker(C).

Absent — Alonzo; Deshotel; Miles; Peña.

## STATEMENTS OF VOTE

When Record No. 134 was taken, I was in the house but away from my desk. I would have voted no.

Deshotel

When Record No. 134 was taken, I was in the house but away from my desk. I would have voted yes.

Peña

### Amendment No. 47

Representative Alonzo offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) by adding the following appropriately numbered SECTION to the bill and renumbering the remaining SECTIONS of the bill accordingly:

SECTION ____. Chapter 63, Election Code, is amended by adding Section 63.0091 to read as follows:

Sec. 63.0091. REGISTRATION AT POLLING PLACE; VOTING PROCEDURES. (a) This section applies to the conduct of voting and to the registration of voters notwithstanding and in addition to other applicable provisions of this code.

(b) A person who would be eligible to vote in an election under Section 11.001, but for the requirement to be a registered voter, shall be accepted for voting in the precinct of the person's residence if, on the day the person offers to vote, the person:

(1) submits a voter registration application that complies with Section 13.002; and

(2) presents proof of identification in a form described by Section 63.0101 that also establishes the person's residence.

(c) Persons voting under this section shall be processed separately at the polling place from persons who are voting under regular procedures.

(d) The secretary of state shall prescribe the procedures necessary to implement this section and to ensure the proper and orderly conduct of elections.

Amendment No. 47 was withdrawn.

### Amendment No. 48

Representatives Bonnen, Bohac, and T. Smith offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) by adding the following appropriately numbered SECTION to the bill and renumbering the remaining SECTIONS of the bill accordingly:

SECTION ____. Every provision in this Act and every application of the provisions in this Act are severable from each other. If any application of any provision in this Act to any person or group of persons or circumstances is found by a court to be invalid, the remainder of this Act and the application of the Act's provisions to all other persons and circumstances may not be affected. All constitutionally valid applications of this Act shall be severed from any applications that a court finds to be invalid, leaving the valid applications in force, because it is the legislature's intent and priority that the valid applications be allowed to stand alone. Even if a reviewing court finds a provision of this Act invalid in a large or substantial fraction of relevant cases, the remaining valid applications shall be severed and allowed to remain in force.

Amendment No. 48 was adopted. (The vote was reconsidered later today, and Amendment No. 48 was adopted by Record No. 146.)

**Amendment No. 49**

Representative Alonzo offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) by adding the following appropriately numbered SECTION to the bill and renumbering the remaining SECTIONS of the bill accordingly:

SECTION ____. Chapter 63, Election Code, is amended by adding Section 63.0091 to read as follows:

Sec. 63.0091. REGISTRATION AT POLLING PLACE; VOTING PROCEDURES. (a) This section applies to the conduct of voting and to the registration of voters notwithstanding and in addition to other applicable provisions of this code.

(b) A person who would be eligible to vote in an election under Section 11.001, but for the requirement to be a registered voter, shall be accepted for voting in the precinct of the person's residence if, on the day the person offers to vote, the person:

(1) submits a voter registration application that complies with Section 13.002; and

(2) presents proof of identification in a form described by Section 63.0101 that also establishes the person's residence.

(c) Persons voting under this section shall be processed separately at the polling place from persons who are voting under regular procedures.

(d) The secretary of state shall prescribe the procedures necessary to implement this section and to ensure the proper and orderly conduct of elections.

Representative Harless moved to table Amendment No. 49.

The motion to table prevailed by (Record 135): 99 Yeas, 48 Nays, 1 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker(C).

Absent — Frullo; Lucio.

## STATEMENTS OF VOTE

When Record No. 135 was taken, I was in the house but away from my desk. I would have voted yes.

Frullo

When Record No. 135 was taken, I was in the house but away from my desk. I would have voted no.

Lucio

## Amendment No. 50

Representative Raymond offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) by adding the following appropriately numbered SECTIONS to the bill and renumber subsequent SECTIONS of the bill accordingly:

SECTION ____. Effective September 1, 2011, Subchapter C, Chapter 20, Election Code, is amended by adding Section 20.067 to read as follows:

Sec. 20.067. TRAVEL REIMBURSEMENT PROGRAM. (a) The Department of Public Safety shall establish and operate a travel reimbursement program, under which an individual who earns not more than 100 percent of the income standard established by applicable federal poverty guidelines may submit an application for reimbursement to the department to recover the expenses incurred by the individual in traveling to and from the department office to obtain a photo identification for purposes of voting.

(b)  The department shall reimburse an individual meeting the requirements described by Subsection (a).

(c)  The department shall adopt necessary rules to implement the program required by this section.

### AMENDMENT NO. 50 - STATEMENT OF LEGISLATIVE INTENT

REPRESENTATIVE RAYMOND:  Mr. Phillips, you know that the State of Texas, in the last year, it was reported that we had an additional around half a million, or 428,000 more people, fell into poverty in the State of Texas, are you aware of that?

REPRESENTATIVE PHILLIPS:  We had a population that has continued to grow.  Yes, we have.

RAYMOND:  But last year it was reported, official figures reported that over 400,000 more people in the State of Texas fell under the poverty level.

PHILLIPS:  We have a much larger state and much more populous state.  That's correct.

RAYMOND:  Right, so we've got over four million people that I would call poor.  I mean this would be someone who earns, if you're an individual, someone who earned $10,800 year.  If you're a family of two, it'd be $14,000 a year.  Families of three, $18,000 a year.

PHILLIPS:  Mr. Raymond, we've clearly—clearly in the bill, it affords those who can't afford a voter ID card.  I think we're getting far afield from this legislation—

RAYMOND:  Well, here's what concerns me, and I hope would concern you.  Minorities in the State of Texas outnumber Anglos about three to one in terms of those who fall under the poverty level, all right?  So what I am seeking to do here is to help anyone who is poor, who would have a hardship being able to drive.  As I said, I grew up in Benavides, 26 miles from the closest office.  And there are a lot of people in Benavides, where I grew up, who are poorer than poor.  There are a lot of people who are from San Isidro, where my grandparents were, 33 miles away from the closest DPS office.  There are a lot of people out there who were poorer than poor, who are United States citizens, who are qualified and registered voters, but if this law were to pass, would have to go far away.  Now, I know you're not poor, but surely you recognize that that can be a hardship on people?  That, you know, when you had the poll tax and you had to pay a dollar or two dollars, people said, "Oh, a dollar, two dollars to be able to vote, that's not that much."  In this case, you're saying with your bill, that you're supporting here, that if it costs you $10 or $15 or $20 to travel to be able to go get what you need to get to allow you to vote, well then suck it up.  You're going to have to do it, if you want to vote.

PHILLIPS:  Mr. Raymond, for a long time people make decisions, they plan ahead and I don't think this is—

RAYMOND:  They plan ahead?

PHILLIPS: They plan ahead.

RAYMOND: They plan ahead to be poor?

PHILLIPS: No, they plan ahead when they need to register to vote and run into town. You're talking about traveling far when they're going to get services and so what you're doing is you're trying to create a certain class and I respectfully disagree that that's necessary here. You're talking about people traveling far and not being able to get there.

RAYMOND: Well, let me just ask you—you really believe that there will not be people in the State of Texas, because they are poor, who will not be able to afford to get what you're asking them to get to be able to vote?

PHILLIPS: And we've had some people here, from our own body, that testify about how important it is for the security and confidence in elections. And they will go and they proudly will obtain the right to vote.

RAYMOND: Would you just answer the question honestly, Larry?

PHILLIPS: No, I don't think so.

RAYMOND: You really believe, of the four million poor people in the State of Texas, two-thirds who are—nearly three-fourths, of which are minority. And that's why I believe this is aimed at minorities. You really believe that many of those people—you think they're all going to be able to vote?

PHILLIPS: No, I just think you're just raising an issue and I think it's a red herring. I think it's clear. The polls in this state show that minorities by a majority—

### REMARKS ORDERED PRINTED

Representative Raymond moved to print remarks by Representative Phillips and Representative Raymond.

The motion prevailed.

Representative Phillips moved to table Amendment No. 50.

The motion to table prevailed by (Record 136): 100 Yeas, 46 Nays, 1 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner;

Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Dukes; Dutton; Eiland; Farias; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker(C).

Absent — Deshotel; Farrar; Pickett.

### CSSB 14 - AMENDMENTS LIMITED

Representative Geren moved to limit amendments to **CSSB 14** to those pending on the speaker's desk.

The motion was seconded.

The motion to limit amendments prevailed.

**Amendment No. 51**

Representative Gutierrez offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) by adding the following appropriately numbered SECTION to the bill and renumbering subsequent SECTIONS of the bill accordingly:

SECTION ____. Section 1.014, Election Code, is amended by adding Subsection (c) to read as follows:

(c)  The secretary of state shall reimburse each county for any cost incurred by the county in implementing the voter identification requirements under Section 63.001.

Representative Harless moved to table Amendment No. 51.

The motion to table prevailed by (Record 137): 99 Yeas, 47 Nays, 1 Present, not voting.

Yeas — Aliseda; Alvarado; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner;

Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker(C).

Absent — Cain; Dutton; White.

### STATEMENTS OF VOTE

I was shown voting yes on Record No. 137. I intended to vote no.

Alvarado

When Record No. 137 was taken, I was in the house but away from my desk. I would have voted yes.

White

### COMMITTEE GRANTED PERMISSION TO MEET

Representative Keffer requested permission for the Committee on Energy Resources to meet while the house is in session, at 1 p.m. tomorrow, in E2.036, to consider pending business.

Permission to meet was granted.

### FIVE-DAY POSTING RULE SUSPENDED

Representative Keffer moved to suspend the five-day posting rule to allow the Committee on Energy Resources to consider pending business at 1 p.m. tomorrow in E2.036.

The motion prevailed.

### COMMITTEE MEETING ANNOUNCEMENTS

The following committee meetings were announced:

State Affairs meeting is cancelled.

Energy Resources meeting is cancelled.

### CSSB 14 - (consideration continued)

**Amendment No. 52**

Representative Castro offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) by adding the following appropriately numbered SECTION to the bill and renumbering subsequent SECTIONS of the bill accordingly:

SECTION ____. Chapter 63, Election Code, is amended by adding Section 63.014 to read as follows:

Sec. 63.014. UNLAWFULLY REQUIRING PRESENTATION OF IDENTIFICATION. (a) Only an election officer may require a voter to present proof of identification at the polling place. A person, other than an election officer, who asserts that a voter must present proof of identification to the person in order to be allowed to vote or who for purposes of harassing a voter requests that the voter present proof of identification to the person, commits an offense.

(b) An offense under this section is a felony of the third degree unless the person is convicted of an attempt. In that case, the offense is a Class A misdemeanor.

(L. Taylor in the chair)

Representative Harless moved to table Amendment No. 52.

The motion to table prevailed by (Record 138): 99 Yeas, 49 Nays, 2 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker; Taylor, L.(C).

**Amendment No. 53**

Representative Lucio offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) as follows:

(1) Add the following appropriately numbered SECTION to the bill and renumbering the remaining SECTIONS of the bill accordingly:

SECTION ____. Section 521.124, Transportation Code, is amended to read as follows:

Sec. 521.124. TEMPORARY LICENSE[; ISSUED WITHOUT PHOTOGRAPH]. (a) The department may issue a temporary license without a photograph of the license holder[:

[(1)] to an applicant who is out of state or a member of the armed forces of the United States[; or

[(2) if the department otherwise determines that a temporary license is necessary].

(b) A temporary license issued under Subsection (a) is valid only until the applicant has time to appear and be photographed and a license with a photograph is issued.

(c) Except as provided by Subsection (a), a temporary license issued by the department must include the photograph of the person to whom the license is issued.

(d) If all application requirements are met, a temporary license must be issued by the department on the day of application.

(2) In SECTION 17 of the bill, in added Section 65.054(b)(2)(A), Election Code (page 12, line 7), between "Section 65.0541" and the underscored semicolon insert "or presents a temporary license issued by the Department of Public Safety that contains the voter's photograph in the period prescribed under Section 65.0541".

(3) In SECTION 18 of the bill, in added Section 65.0541(a)(1), Election Code (page 13, line 2), between "63.0101" and "to the voter registrar" insert "or a temporary license issued by the Department of Public Safety that contains the voter's photograph"

Amendment No. 53 was adopted.

**Amendment No. 54**

Representative Alvarado offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) by adding the following appropriately numbered SECTION to the bill and renumbering subsequent SECTIONS of the bill accordingly:

SECTION ____. Chapter 63, Election Code, is amended by adding Section 63.014 to read as follows:

Sec. 63.014. SECRETARY OF STATE RECORDKEEPING. (a) The secretary of state shall keep detailed records showing, for the state and for each county and each election precinct, demographic information relating to:

(1) the eligible voters who were prevented from voting as a result of failing to meet the requirements for being accepted to vote; and

(2) the eligible voters who were required to file provisional ballots as a result of the requirements for being accepted to vote that include the number of those provisional ballots that were not counted.

(b) The secretary of state may adopt rules to implement this section, including rules requiring other state agencies and authorities holding elections to record information relevant to the record required by this section.

Representative Harless moved to table Amendment No. 54.

The motion to table prevailed by (Record 139): 98 Yeas, 49 Nays, 2 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker; Taylor, L.(C).

Absent — Margo.

**Amendment No. 55**

Representative Veasey offered the following amendment to **CSSB 14**:

Amend **CSSB 14** by adding the following appropriately numbered section to read as follows and by renumbering the existing sections as appropriate:

SECTION     . Chapter 63, Election Code, is amended by adding Section 63.0013 to read as follows:

Sec. 63.0013. USE OF VOTER REGISTRATION CERTIFICATE FOLLOWING CERTAIN ELECTIONS. (a) Following a general election for state and county officers, the secretary of state shall determine whether, throughout the state, a majority of the persons who were required to cast a provisional vote under Section 63.011 because the voter lacked the photo identification required by Section 63.001(b), were members of a racial or ethnic minority protected by Section 5 of the federal Voting Rights Act.

(b) If the secretary of state makes the determination under Subsection (a) that a majority of voters who lacked photo identification were members of a racial or ethnic minority, in all subsequent elections held in the state, a voter may be accepted for voting under Section 63.001(b) by providing the voter's voter registration certificate to an election officer at the polling place.

(c) The secretary of state shall prescribe procedures as necessary to implement this section.

## AMENDMENT NO. 55 - STATEMENT OF LEGISLATIVE INTENT

REPRESENTATIVE LOZANO:  Representative Veasey, are you familiar with the supreme court decision that upheld the Indiana voter ID law?

REPRESENTATIVE VEASEY:  I am familiar with it, yes.

LOZANO:  And, do you recall that the justices, the 6-3 decision, the six in favor of upholding, didn't they make statements to that effect that if it was proven to disproportionately impact one racial or ethnic group, that then this issue should be revisited?

VEASEY:  Absolutely, and that is exactly what this amendment addresses.  It says that if there's discrimination that takes place, and we know that it would be discrimination if most of the people that were denied the right to vote were black and Hispanic, because Ms. Harless had said that that is not going to happen. That, in fact, people will have confidence in what is taking place during election process and that confidence will actually bolster turnout, so there's nothing to fear by this amendment.

LOZANO: Yes, okay, thank you.

VEASEY:  So, members, I give you a chance to come and stand with me, just in case real discrimination takes place, which, I think, probably will.  But here's your chance to prove, once and for all, that you will come and stand with me.  I move passage.

REPRESENTATIVE HARLESS:  Members, I'm not a big fan of talk radio. I don't listen to it, and I don't believe everything they say, but I move to table.

LOZANO:  Representative Harless, are you familiar with the supreme court decision in which the United States Supreme Court upheld the Indiana voter ID law?

HARLESS:  Yes.

LOZANO:  And are you familiar that was a 6-3 decision, six in favor of opposing the law?

HARLESS:  Yes.

LOZANO:  Are you familiar with the opinions issued—the majority opinion?

HARLESS:  The what?

LOZANO:  Are you familiar with the majority opinion that justices issued in the supreme court decision?

HARLESS:  Yes.

LOZANO:  Do you recall anywhere in there where the majority opinion said that even though upholding the integrity of the ballot was paramount, that if the law showed to be disproportionately impacting a minority group, then the issues should be revisited?

HARLESS:  Yes.

LOZANO: So wouldn't this amendment actually be an extension of what the majority of that supreme court held in that ruling?

HARLESS: In the *Marion v.—Crawford v. Marion County Election Board*, the court ruled the requirement to produce photo ID imposes only a limited burden on the voter and justifies by the states interest in restoring confidence in elections and deterring fraud.

VEASEY: Members, especially my friends on the other side of the aisle that are republican, I ask you to please join me in defeating Ms. Harless' motion to table and support this amendment. This is a very easy amendment. All it says is that if people have really been discriminated against that you will come and stand with me and that you will come and join me. That is the argument that is made over and over and over on the republican talk radio shows—on WBAP, that's what republican friends say—that if you can prove real discrimination, I will come and stand with you. Now, this amendment says that if the secretary of state determines that most of the people are denied the right to vote are black and Hispanic, that the law will no longer exist. Ms. Harless has said, over and over that that will not happen. That, in fact, more people will go out to vote, because they will have confidence in the voting process. So, why not accept this amendment, so we can move along, and we can all feel good that we stood up against discrimination.

LOZANO: Mr. Veasey, I understand the significance of this amendment, and I really hope everyone's listening, because this amendment could potentially save this bill from adverse actions from the United States Supreme Court. We should not, and I think you would agree, be sending out bills that are probably going to get overturned by the United States Supreme Court. Based on their ruling, this behooves us— it would behoove us to support this amendment. Based on the six justices in favor of the voter ID law in Indiana saying exactly what your amendment says, I think it would be in our best interest, in the house of representatives, to support this amendment. I strongly urge everyone to vote against tabling this amendment.

VEASEY: I think that this is the amendment that definitely follows the supreme court decision, and I also believe that this is the amendment that makes you feel good about not committing discrimination against your neighbor. Taking an overseas mission, or fellowshipping with the church across town once a year, and passing this bill is not the way to feel good. The way to feel good is to stand up for civil rights when you have the opportunity to. I move to defeat Ms. Harless' amendment—please vote no on the motion to table.

Representative Harless moved to table Amendment No. 55.

The motion to table prevailed by (Record 140): 99 Yeas, 48 Nays, 2 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren;

Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker; Taylor, L.(C).

Absent — Marquez.

## STATEMENT OF VOTE

When Record No. 140 was taken, I was in the house but away from my desk. I would have voted no.

Marquez

## REMARKS ORDERED PRINTED

Representative Lozano moved to print remarks between Representative Harless and Representative Lozano and between Representative Veasey and Representative Lozano.

The motion prevailed.

(Speaker in the chair)

### Amendment No. 56

Representative Anchia offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) by adding the following appropriately numbered SECTION to the bill and renumbering subsequent SECTIONS of the bill accordingly:

SECTION ____. The changes in law made by this Act do not take effect unless the comptroller certifies that the changes will not reduce the revenue made available to the Texas mobility fund under Section 49-k, Article III, Texas Constitution.

Representative Harless moved to table Amendment No. 56.

The motion to table prevailed by (Record 141): 99 Yeas, 48 Nays, 1 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pickett; Pitts; Price; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker(C).

Absent — Hopson; Riddle.

## STATEMENTS OF VOTE

When Record No. 141 was taken, my vote failed to register. I would have voted yes.

Hopson

When Record No. 141 was taken, I was in the house but away from my desk. I would have voted yes.

Riddle

**Amendment No. 57**

Representative Anchia offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) by adding the following appropriately numbered SECTION to the bill and renumbering subsequent SECTIONS of the bill accordingly:

SECTION ____. This Act does not make an appropriation. This Act takes effect only if a specific appropriation for the implementation of this Act is provided in a general appropriations act of the 82nd Legislature.

Representative Harless moved to table Amendment No. 57.

The motion to table prevailed by (Record 142): 99 Yeas, 48 Nays, 1 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pickett; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker(C).

Absent — Howard, C.; Smith, W.

**Amendment No. 58**

Representative Anchia offered the following amendment to **CSSB 14**:

Amend **CSSB 14** by striking SECTION 25 of the bill (house committee printing, page 15, lines 11-12) and substituting the following:

SECTION 25. Except as otherwise provided by this Act, this Act takes effect on the later of:

(1)  January 1, 2012; or

(2)  the date on which the secretary of state completes a study that:

(A)  provides an analysis, disaggregated by ethnicity and county, of the access to photo identification by state residents, including the availability of, location of offices for, and cost of obtaining the following:

(i)  a passport;

(ii)  a driver's license or personal identification card; and

(iii)  citizenship documents that include the person's photograph; and

(B)  provides an analysis of the potential impact on voter turnout if the changes in law made by this Act take effect based on:

(i)  aggregate turnout data at the county level; and

(ii)  individual-level survey data from current population surveys conducted by the United States Census Bureau for source data.

Representative Harless moved to table Amendment No. 58.

The motion to table prevailed by (Record 143): 101 Yeas, 48 Nays, 1 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pickett; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker(C).

**Amendment No. 59**

Representative Dutton offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) as follows:

(1) Add the following appropriately numbered SECTION to the bill and renumber subsequent SECTIONS of the bill accordingly:

SECTION ____. Section 1.005, Election Code, is amended by adding Subdivision (25) to read as follows:

(25) "Early voting ballot board" means the early voting and provisional voting ballot board.

(2) In the recital to SECTION 17 of the bill (page 11, line 25), strike "Subsection (b)" and substitute "Subsections (a) and (b)".

(3) In SECTION 17 of the bill, before amended Section 65.054(b), Election Code (page 11, between lines 26 and 27), add the following:

(a) The early voting and provisional voting ballot board shall examine each affidavit executed under Section 63.011 and determine whether to accept the provisional ballot of the voter who executed the affidavit.

Amendment No. 59 was adopted.

**Amendment No. 60**

Representative Reynolds offered the following amendment to **CSSB 14**:

Amend **CSSB 14** by adding the following appropriately numbered SECTION and renumbering the existing SECTIONS as appropriate:

SECTION ____. Effective January 1, 2012, Subchapter A, Chapter 61, Election Code, is amended by adding Section 61.015 to read as follows:

Sec. 61.015. ILLEGAL REMOVAL OF VOTER FROM CERTAIN DOCUMENTS. (a) An election officer commits an offense if the officer knowingly removes the name of an eligible voter from the list of registered voters or the poll list for a precinct.

(b) An offense under this section is a state jail felony.

Representative Hancock moved to table Amendment No. 60.

The motion to table prevailed by (Record 144): 99 Yeas, 48 Nays, 1 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Vo; Walle; White.

Present, not voting — Mr. Speaker(C).

Absent — Eiland; Villarreal.

**Amendment No. 61**

Representative Martinez offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) by inserting the following appropriately-numbered SECTION and updating any cross-references accordingly:

SECTION ____. The changes in law made by this Act do not apply to a lineal descendant of a person who was not permitted to vote:

(1) by law or party resolution adopted on or after January 1, 1923, in a primary election of any political party required by law to hold a primary because of the person's race, color, or previous condition of servitude; or

(2) by law or party resolution adopted after March 2, 1836, because of a presumption based on the person's race, nationality, or color.

Representative Harless moved to table Amendment No. 61.

The motion to table prevailed by (Record 145): 100 Yeas, 44 Nays, 2 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Thompson; Turner; Veasey; Vo; Walle.

Present, not voting — Mr. Speaker(C); Anchia.

Absent — Eiland; King, T.; Strama; Villarreal.

### CSSB 14 – POINT OF ORDER

Representative Castro raised a point of order against further consideration of **CSSB 14** under Rule 4, Section 32(c)(4) of the House Rules on the grounds that the bill analysis is incorrect.

The speaker overruled the point of order, speaking as follows:

Representative Castro raises a point of order against further consideration of **SB 14**. Specifically, he alleges the bill analysis violates Rule 4, Section 32 in that it fails to identify the effective dates of the bill, including a website providing notice of identification requirements. The chair has reviewed the bill and the bill analysis. The chair finds the bill analysis was not substantially or materially misleading as it relates to the effective date of the bill. The point of order is respectfully overruled.

## Amendment No. 48 - Vote Reconsidered

Representative Veasey moved to reconsider the vote by which Amendment No. 48 was adopted.

The motion to reconsider prevailed.

Amendment No. 48 was adopted by (Record 146): 100 Yeas, 49 Nays, 1 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker(C).

### COMMITTEE MEETING ANNOUNCEMENT

The following committee meeting was announced:

Urban Affairs meeting is cancelled.

### CSSB 14 - (consideration continued)

## Amendment No. 62

Representative Strama offered the following amendment to CSSB 14:

Amend CSSB 14 (house committee printing) by striking all below the enacting clause and substituting the following:

SECTION 1. Subchapter A, Chapter 31, Election Code, is amended by adding Section 31.012 to read as follows:

Sec. 31.012. ELECTION INTEGRITY TRAINING. The secretary of state shall annually conduct, in at least four different geographic regions of the state, election integrity training for election officers, law enforcement personnel, and prosecutors in detecting, investigating, and prosecuting instances of voter fraud in which a person impersonates another person for the purpose of voting.

SECTION 2. Subchapter A, Chapter 273, Election Code, is amended by adding Sections 273.005 and 273.006 to read as follows:

Sec. 273.005. ELECTION INTEGRITY TASK FORCE. Each district attorney or criminal district attorney shall create an election integrity task force to investigate and prosecute instances of voter fraud in which a person impersonates another person for purposes of voting.

Sec. 273.006. POST-ELECTION INTEGRITY AUDIT. (a) Following the general election for state and county officers, the county clerk of each county shall conduct a post-election integrity audit to examine and investigate any evidence of voter fraud in which a person impersonates another person for purposes of voting.

(b) The county clerk shall:

(1) not later than the 90th day after the date of the general election for state and county officers, file a report with the secretary of state and the commissioners court of the county providing details of the evidence collected in the audit; and

(2) refer any evidence of voter fraud collected under the audit to the county or district attorney with jurisdiction in the county.

SECTION 3. This Act takes effect September 1, 2011.

**Amendment No. 62 - Point of Order**

Representative Phillips raised a point of order against further consideration of Amendment No. 62 under Rule 11, Section 2 and Rule 11, Section 3 of the House Rules on the grounds that the amendment is not germane to the bill and the amendment would change the original purpose of the bill.

The point of order was withdrawn.

Representative Harless moved to table Amendment No. 62.

The motion to table prevailed by (Record 147): 100 Yeas, 49 Nays, 1 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg;

Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker(C).

**Amendment No. 63**

Representative Eiland offered the following amendment to **CSSB 14**:

Amend **CSSB 14** (house committee printing) by striking all below the enacting clause and substituting the following:

SECTION 1.  Title 2, Election Code, is amended by adding Chapter 11A to read as follows:

CHAPTER 11A. VOTER IDENTIFICATION

Sec. 11A.001.  APPLICABILITY.  (a)  Except as provided by Subsection (b), this chapter supersedes a provision of this code or a statute outside this code to the extent of any conflict.

(b)  This chapter does not apply to the voter registration of a person who is 65 years of age or older.  This subsection expires September 1, 2031.

Sec. 11A.002.  DEFINITION.  In this chapter, "department" means the Department of Public Safety.

Sec. 11A.003.  VOTER IDENTIFICATION ISSUED BY DEPARTMENT. (a)  The secretary of state shall adopt rules in conjunction with the department to establish a process by which the issuance of a driver's license or a personal identification card by the department is the sole means of voter identification for the purposes of being accepted for voting.

(b)  The process established under this section must:

(1)  phase out the use of voter registration certificates; and

(2)  provide for the encryption of a person's voter registration number on the person's driver's license or personal identification card.

Sec. 11A.004.  RULES.  (a)  The secretary of state shall adopt rules as necessary for the implementation and administration of this chapter.

(b)  The department shall adopt rules as necessary for the implementation and administration of this chapter.

SECTION 2.  Subchapter A, Chapter 12, Election Code, is amended by adding Section 12.007 to read as follows:

Sec. 12.007.  CERTAIN ELECTION OFFICERS ARE VOTER REGISTRARS.  An election officer serving a polling place for early voting by personal appearance is a deputy voter registrar and has the same authority as a regular deputy registrar.

SECTION 3.  Section 65.054, Election Code, is amended by amending Subsection (b) and adding Subsection (b-1) to read as follows:

(b)  Except as provided by Subsection (b-1), a [A] provisional ballot may be accepted only if the board determines that, from the information in the affidavit or contained in public records, the person is eligible to vote in the election and has not previously voted in that election.

(b-1)  A provisional ballot cast under Section 85.0312 shall be accepted if the voter registrar determines the applicant is eligible for registration under Section 85.0312(d).

SECTION 4. Subchapter B, Chapter 85, Election Code, is amended by adding Section 85.0312 to read as follows:

Sec. 85.0312.  REGISTRATION AT POLLING PLACE DURING EARLY VOTING.  (a)  A person who would be eligible to vote in an election under Section 11.001, but for the requirement to be a registered voter, shall be accepted during early voting by personal appearance for voting the ballot for the precinct of the person's residence as shown by the identification presented if, on the day the person offers to vote, the person:

(1)  submits a voter registration application that complies with Section 13.002 to an election officer at the polling place; and

(2)  presents as proof of residence:

(A)  a Texas driver's license, including a temporary license or instruction permit, or personal identification card issued to the person by the Department of Public Safety that states the person's current address on the day the person seeks to vote; or

(B)  a utility bill addressed to the person dated not earlier than the 30th day before the date the person seeks to vote, and:

(i)  a Texas driver's license, including a temporary license or instruction permit, or personal identification card issued to the person by the Department of Public Safety, regardless of whether the address stated on the license or card is current on the day the person seeks to vote;

(ii)  a United States passport issued to the person; or

(iii)  a United States military identification card that contains the person's photograph.

(b)  The election officer shall make a copy of the proof of residence submitted under Subsection (a)(2) and attach it to the registration application. The election officer shall return the original proof of residence to the voter.

(c)  A person voting under this section shall vote a provisional ballot in the manner provided by Section 63.011 except that the person is not required to submit the affidavit under Section 63.011(a).

(d)  For each registration corresponding to a ballot cast under this section, the voter registrar shall review the application and copy of the proof of residence and determine whether the applicant is eligible for registration as provided by Subchapter C, Chapter 13.  The registrar shall inform the early voting ballot board of a determination made under this subsection.  A registration approved under this subsection takes effect on the date the vote was cast.

(e)  The secretary of state may by rule:

(1)  designate additional documents that a person may offer to prove the person's residence to register and vote under this section; and

(2)  prescribe procedures to implement this section.

SECTION 5. Section 521.422, Transportation Code, is amended by amending Subsection (a) and adding Subsection (d) to read as follows:

(a) Except as provided by Subsection (d), the [The] fee for a personal identification certificate is:

(1) $15 for a person under 60 years of age;

(2) $5 for a person 60 years of age or older; and

(3) $20 for a person subject to the registration requirements under Chapter 62, Code of Criminal Procedure.

(d) The department may not collect a fee for a personal identification certificate issued to a person who states that the person is obtaining the personal identification certificate for the purpose of being accepted for voting and does not have another form of identification for that purpose, and:

(1) who is a registered voter in this state and presents a valid voter registration certificate; or

(2) who is eligible for registration under Section 13.001, Election Code, and submits a registration application to the department.

SECTION 6.  Not later than January 1, 2012, the secretary of state and the Department of Public Safety shall adopt rules required to implement the changes in law made by this Act.

SECTION 7.  This Act takes effect September 1, 2011.

Representative Harless moved to table Amendment No. 63.

The motion to table prevailed by (Record 148): 100 Yeas, 49 Nays, 1 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzalez, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Pickett; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker(C).

## CSSB 14 - REMARKS

REPRESENTATIVE ALISEDA: Members, Mr. Speaker, it is such an honor to be standing here representing my district as a state representative and supporting Representative Harless and this voter ID bill. As I stated earlier today, I am a Mexican immigrant. I came to this country at the age of four and became a United States citizen at the age of 17. I want to show you what they use in Mexico to vote. This is a Mexican, federally issued, biometric ID card. It has on the front, a picture, on the back, a magnetic strip containing additional information, and a fingerprint. I'm a proud American now, and using an ID to vote just makes common sense, and we need it here and need it now. We need an ID in this country to do anything in today's society—to cash a check, to open a bank account, to do something as simple as rent a movie. Americans expect it, Americans want it. They want it because they want to believe their voting system is at least as safe as renting a movie at Blockbuster.

Do I believe that there are some Americans who do not vote because they feel it is useless because of fraud? Yes. How do I know that? Because they have told me so. I served this country for five years as a United States naval officer—my country. I did not do that so some dead person could vote, or so that Mickey Mouse registered by ACORN could vote. I served my home county, Bee County, as county attorney for eight years. In 1990, as a young democrat county attorney, I had investigated and I had prosecuted voter fraud cases. I actually had convictions. I did not do that just to bring the perpetrators to justice. I did it because my citizens needed to believe they had a clean and fair election system and that someone was fighting for that. That is exactly why I strongly support this bill.

My district is comprised of seven counties south of San Antonio, west of Corpus Christi. According to 2008 statistics, one county in my district, Goliad County, had more people registered to vote than persons eligible to vote. Under current laws, the opportunity for fraud is there. In 2008, a high-water mark for voter registration, Texas had an overall registration rate of 76 percent of eligible voters. In McMullen County, another one of my counties, in 2008, we had a voter registration percent of 97.9, 21.4 percent above the state average. The opportunity for fraud was probably there. In Jim Wells County—some of you may have heard of Jim Wells County, that's the home of the infamous "Box 13." In 2008, they had an eligible voter registration of 90.44 percent, or 14 percent above the state average. The opportunity for fraud was probably there. In 2004, in Bee County, we had a woman cast a ballot as if she was her deceased mother. In 2007, the Texas State Auditors Office found that Texas had 49,049 registered voters who may have been ineligible to vote. Of those, there were 23,500 voters on the rolls who were probably deceased. Would voter ID probably have stopped them if they had tried to vote? I think so. There were also 2,359 voters identified as having duplicate records. I believe voter ID would have helped there also. In the voter ID committee, I heard testimony from election officials that in-person voter fraud had probably occurred and that they had witnessed it. They testified that they had voters show up with multiple ID cards. Do I believe voter fraud has

occurred?  Yes.  I believe that the majority of my constituents in my district, democrats, independents, and republicans want this, and I intend to vote for it and I ask that you do, also.

## REMARKS ORDERED PRINTED

Representative Peña moved to print remarks by Representative Aliseda.

The motion prevailed.

REPRESENTATIVE VEASEY:  Members, I'm not going to talk long.  We've had a very, very long evening.  Of course, you know I'm in opposition of this bill, it discriminates and I think it will disenfranchise.  And I was just kind of thinking about the history of the Texas House of Representatives and what has changed over the last 100 years or so.  Obviously, the chamber has changed.  It wasn't too long ago that there were no African Americans or no Hispanics at all that served in this body and it was largely because of the discrimination that took place at the polling place.  And there was time when this body upheld certain segregationist policies that dealt with integrated schools and interracial marriage and other things like that, that obviously we would find despicable today.  But, what hasn't changed, even though the parties have changed, is that when it comes time to doing the right thing on decisions that largely involve race, that conservatives just cannot do the right thing.  It's too hard.  People didn't do the right thing in regards to school desegregation, people just stuck with their communities.  People didn't want to go against, people thought they weren't going to be able to come back here when it dealt with segregation, when it dealt with whether our colleges and universities were going to be integrated.  People didn't do the right thing.  When it came time to take a stance on slavery, people couldn't do the right thing.  But I guarantee you, the people that served here in the 1950s and 60s, they'll look back and say, "You know what?  That was wrong.  When I was in the Texas Legislature, I should have done something.  I should have stood up.  I thought school segregation was right then.  I thought that segregated water fountains were right then.  I should have stood up and done the right thing."  And I can guarantee you, after this bill passes, and we see who is discriminated against and we see who suffers because of the strict requirements in this bill, that just like the people who served here in the 1950s, just like the people who served here in the in 1930s and the people who served here during reconstruction and before.  They had to look back in shame.  They didn't have a good story to tell their kids and their grandkids about how they dealt with the issue of race.  We are making the same mistake.

REPRESENTATIVE BURNAM:  Representative Veasey, you and I were raised on the west side of Fort Worth, is that correct?

VEASEY:  That is correct.

BURNAM:  And while you're younger than I, we have very similar experiences in and around the Lake Como community neighborhood and what they have endured over the years.  A couple of weeks ago, when we had the immigrant rights rally here, I was speaking in the crowd and I made mention to the fact of legislators of the 50s and 60s in Jim Crow times.  And I said, this session was

shaping up to be the most overtly racist session that I have witnessed in 25 or 30 years. Do you think what we have seen and heard today bears up on my comment?

VEASEY: I think that what is being done here today is no different from the things that were done here in the 50s, no different from the things that were done here previous to that. The things that were done here during reconstruction or before. I think it's horrible, I think it discriminates against people. I think that we'll look back in shame and I think we'll all look back and say, that's wrong. Because, people always do that. There is not a person here that will say what happened in the 50s and what happened in the 60s was the right thing. Back then everybody thought it was the right thing. But nobody would say it's the right thing, today. Back then it was very socially acceptable, it was the right thing to do. As a matter of fact, if you weren't against school desegregation back in the 1950s, then you were seen as an oddity in your community. You probably weren't invited to come back to the Lions Club.

BURNAM: Mr. Veasey, you know I am extremely proud to have your grandmother and your mother as my constituents, and I bet you also know that they are extremely proud of you today.

VEASEY: Thank you very much and I think it's time to close. I want to thank my colleagues for joining me. But, the people that will lose out, because of this bill, will mainly be Hispanics and blacks, poor, elderly, rural, and it's a shame that we are traveling back in history instead of moving forward and winning the future.

REPRESENTATIVE MARTINEZ: The foundation has been laid and the bricks and the mortar to start the building of wall has commenced. And although this is not a wall for a building, this is a wall built as yet another barrier, another obstacle, for minorities. This voter ID bill, or should I say, this voter restriction bill, voter suppression bill, is one of the toughest in the country. A bill that oppresses minorities and their right to vote. A bill written and fortified on pure speculation. For those members that have come up here and have talked about seeing voter fraud, why didn't you do anything about it? Pure speculation, members. Many of you who are in this chamber have never had the experience of not being served at a restaurant, or having to pick up the order at the back door, or being treated differently because of your race or the color of your skin. I can still remember growing up and hearing my grandparents and my parents saying they couldn't go to the south side of town after 10 o'clock because of their race. I can remember my grandfather saying that he couldn't pick up his order in a restaurant or be seated because he was Hispanic, because he was Mexican American. And all this is, and all this happened because of their race. This bill, members, is a personal attack on minorities. This bill undermines every civil rights movement, the work of every civil rights leader, and most of all undermines every minority in this state. Some members in this chamber can go back and check off your political agenda. You've done what you've had to do, you're going to vote on this bill. But to some of us, it is personal. This is our voice, this is the voice of the minorities I represent in my district, the voice of

minorities across the State of Texas. And we are taking a stand against the continuous oppression and persecution that this bill brings. For the minority members in this house, I ask you to stand with me today. To members who care about the minorities you represent, I ask you to stand with me today, so we can together against the continued oppression, persecution, and voter suppression in this state.

REPRESENTATIVE REYNOLDS: Are you familiar with Proverbs 31:8-9?

MARTINEZ: I would like for you to please refresh my memory on that, Representative Reynolds.

REYNOLDS: Well, I would say that Proverbs 31:8-9 simply says, "Speak out for the one who cannot speak, for the rights of those who are doomed. Speak out, judge fairly, and defend the right of oppressed and needy people." Would you say that that scripture pretty much summarizes the sentiments of the statement that you made in opposition of this, **SB 14**?

MARTINEZ: Absolutely representative, and I'm on a roll if you give it to me, I'll recite it right now.

REYNOLDS: Proverbs 31:8-9. Thank you.

### REMARKS ORDERED PRINTED

Representative Martinez Fischer moved to print remarks by Representative Veasey and between Representative Reynolds and Representative Martinez.

The motion prevailed.

REPRESENTATIVE Y. DAVIS: Thank you, Ms. Harless, I just want to get on the record, because there had been some discussion with regard to the cost of the bill and funding for the bill. So, I'd like to ask you, if you could explain to me, who's going to pay for this legislation we're passing? What is your understanding—who will pay for it?

REPRESENTATIVE HARLESS: My understanding is that there is a $2,024,000 fiscal note on it. We have money in the general appropriations bill, and we have a contingency rider. There's HAVA funds available if we request them and we are approved.

Y. DAVIS: Is it your explanation that there are actually two riders then?

HARLESS: One—

Y. DAVIS: Okay, so you mentioned two, so it's just the one contingency rider that deals with HAVA funds, is that correct?

HARLESS: I don't remember mentioning two—there's only one rider.

Y. DAVIS: I'm sorry—

HARLESS: I don't remember mentioning two. There's only—there always has been— and there's only one rider.

Y. DAVIS: Okay, and so if those HAVA funds, and those HAVA funds represent federal funding from the Obama administration, is that correct?

HARLESS: Yes, they do.

Y. DAVIS: Okay, if those HAVA funds are not funded at the 2.024 level or if they are not funded at all, is there money for implementation of this bill, to your knowledge?

HARLESS: Yes.

Y. DAVIS: Okay, and could you explain what that funding source would be?

HARLESS: I think we have general appropriations funds set aside for the funding of this bill to educate voters.

Y. DAVIS: Okay, and is that a different rider than the one we just talked about?

HARLESS: In the appropriations bill that was laid out in January or February on page I-92, there is $39 million of HAVA funds and underneath the secretary of state and for this coming year and $9 million for the next year.

Y. DAVIS: So, it is your representation that we don't have to have the funds associated with this contingency law, but that they will be using funds that have already been received and will be used for a new program?

HARLESS: They're received and they're used for election training.

Y. DAVIS: But are they already obligated, or are they additional funds—they are existing funds that are not obligated, is that your understanding?

HARLESS: Yes.

Y. DAVIS: And so we, in fact, would not have to apply for this money under Rider No. 11, the contingency appropriations, based on what you just articulated, is that correct?

HARLESS: We have to ask for approval from the election administration to use those funds for this source. That was the testimony in committee.

Y. DAVIS: Okay, so we would—so, I guess I want to make sure I understand—your representation is that the secretary of state already has HAVA funds that have not been appropriated that we can utilize for this program, whether we get additional funds or not won't matter. Is that what you're saying?

HARLESS: I'm not on the finance committee, but I know what's in the appropriations bill. There is money there for that.

Y. DAVIS: Okay, but I want to make sure I'm asking it correctly, because in the bill that we're going to take up next week, are you suggesting that, based on that bill that—the bill that's going to come to us—funds have not been appropriated, so if we don't get new funds, we have funds available for this program.

HARLESS: If we don't get new funds, we already have the HAVA money sitting in the general revenue. The testimony in committee, secretary of state Ann McGeehan, stated that we have received some $2 million of HAVA funds. We have spent up to—whatever the difference is—that equals the $43 million, and that money is to be spent for election training. It's in the general appropriations

bill that Chairman Pitts laid out at the beginning of the session. I'm not sure what the next appropriations bill that we'll vote on will actually have in it, because I don't serve on Appropriations.

Y. DAVIS:   Okay, for members—for those of us who don't serve on Appropriations either, I don't either, so I'm trying to understand where the money's going to come from, and to the extent that we don't need these funds, do we already have money allocated?  I just want to make sure that I ask a question. If we don't get additional funds, will we have—will there be an issue with regard to this bill being passed down to our counties and they then are responsible to implement this without additional resources from the state?

HARLESS:   The county passed what the secretary of state passes down, they receive funds for this, this is part of their normal duties.  Every session, there are some election law changes.  It is my understanding, from testimony from Harris County, that this has been their normal practice.

Y. DAVIS:   This is a little bit more than normal practice because we're altering the entire process.  And so, to the extent that this is a totally new program, the cost would be much greater than they traditionally would have as programs that were continuations of our existing program, wouldn't you say?

HARLESS:   Yes, there was testimony in committee, the secretary of state spent a lot of time talking about what they wanted to do and what they would look to other states for best practices.  They have budgets set aside every single year to enact new changes in election code.

Y. DAVIS:   And my last question is, based on that deal, we really don't need this contingency rider?  Is that what you're suggesting based on your comments?

HARLESS:   It could be possible, but I didn't want to take any chance.

Y. DAVIS:   Okay, but—and you're sure we don't have to worry about counties contacting us with regard to additional expenses for the implementing a new voter plan without having received money from the state?   Is that your representation?

HARLESS:   That is my understanding.  The county receives money from the secretary of state that comes from the HAVA funds.

Y. DAVIS:   That's a different question.  My question is, based on implementing a new program, do we expect that the counties will incur additional costs to implement the new program that we will not fund?

HARLESS:   I do not expect them to, but I cannot say for sure that they won't have additional costs.

Y. DAVIS:   And if there are additional costs based on us passing this new bill, you're suggesting that the counties would then be responsible for those costs.

HARLESS:   Excuse me, say that one more time.

Y. DAVIS:   Are you suggesting that the counties could have additional costs associated with implementation of this program if we would not send funds to the counties for this program?  Is that—

HARLESS:  The counties have additional costs on a lot of legislation we've passed, and a lot of it's election.  Every other session we pass new election laws that the county has to implement.  I don't know if they will with this bill.

Y. DAVIS: Is it your intent that this bill would not put another—an additional cost on the counties with regard to implementation of this new program?

HARLESS: I—that is my intent.

### REMARKS ORDERED PRINTED

Representative Y. Davis moved to print remarks between Representative Harless and Representative Y. Davis.

The motion prevailed.

REPRESENTATIVE L. GONZALES: First of all, thank you.

HARLESS: You're welcome.

L. GONZALES:  Thank you for all you've done, for all your hard work—we appreciate it very much.  I stand here before you as a very proud Latino, and I've got some questions for you.

HARLESS: Okay.

L. GONZALES: Is it your intention for this bill to disenfranchise ethnic minority voters?

HARLESS: No, sir.

L. GONZALES:  Is it your intention, or anybody who has joint-authored or coauthored this bill, to disenfranchise ethnic minority voters?

HARLESS: No, sir.

L. GONZALES:  Is it your intention for this bill to disenfranchise any voter, regardless of race, ethnicity, socioeconomic status, disability, age, or any combination thereof?

HARLESS: No.

L. GONZALES:  Is it the intention of anybody who has joint-authored or coauthored this bill to disenfranchise any voter, regardless of race, ethnicity, socioeconomic status, disability, age, or any combination thereof?

HARLESS: No, it is not.

L. GONZALES: So we are not targeting my Hispanic 86-year-old grandfather?

HARLESS: No, we're not.

L. GONZALES: So we are not targeting my Hispanic 84-year-old grandmother?

HARLESS: No.

L. GONZALES: Does this bill in any way disenfranchise any voter?

HARLESS: No.

L. GONZALES:  Would you agree that the heart and the soul of our republic is the elections process?  That these results determine our policy makers, and the decisions they make, which affect our everyday lives, that it is imperative that the voters of Texas have confidence in the integrity of the elections process, and that **SB 14** goes a very long way to accomplish and secure this confidence?

HARLESS:  I think it absolutely does.

### REMARKS ORDERED PRINTED

Representative L. Gonzales moved to print remarks between Representative Harless and Representative L. Gonzales.

The motion prevailed.

REPRESENTATIVE GARZA:  Representative Harless, I wanted to echo the sentiments of Representative Gonzales.  I come from the west side of San Antonio; my father was a first generation Hispanic who served in the military for over 20 years.   And I came to this place, the house of representatives, to basically—the attitude that minorities, especially we, as Hispanics, are disabled in our ability to get an identification, a driver's license, to be able to do what it takes to exercise our right to vote, it's sometimes insulting.  We have the ability and we have the right, and my father and many of the Hispanics that are here are examples that we are able, and we want to begin to proclaim the ability of our people to achieve the many things that we have as a race. So, I think the positive part is that we are able, and our people are able, to achieve these things that have been said that they're not able or disenfranchised or unable to do.  And being a Texan and being Hispanic, I know that we are to overcome, and we have overcome, and we will continue to overcome.   But to answer some of the questions that caused some confusion to some of the representatives, I wanted to ask you specifically, will this bill encourage voter participation by all Texans, regardless of race, ethnicity, socioeconomic status, their disability, their age, or any of the combinations thereof, by giving them confidence in the election process that Representative Aliseda spoke about?

HARLESS:  I believe it will.

GARZA:  And let me ask you again, with the passage of this bill, will all Texans, including those mentioned, have equal access to this election process with the passage of this bill?

HARLESS:  Yes.

GARZA:  So, the Hispanic voters in my district, House District 117, will have full confidence that their vote will count in a trustworthy election process?

HARLESS:  Yes.

GARZA:  And the African American voters in my district—they'll have full confidence that their vote will count in this trustworthy election process?

HARLESS:  Yes.

GARZA:  Okay, and finally, every voter in my district of 117 in San Antonio, and every house district in the State of Texas, regardless of race, ethnicity, their socioeconomic status, their disability, age, or, again, any combination thereof, will have full confidence that their vote will count in a trustworthy election process.

HARLESS:  Absolutely, yes.

### REMARKS ORDERED PRINTED

Representative Garza moved to print remarks between Representative Harless and Representative Garza.

The motion prevailed.

REPRESENTATIVE COLEMAN:  Thank you, Ms. Harless, and you know you and I are really good friends.

HARLESS: We are.

COLEMAN: And I respect you greatly, and this is nothing personal to you.

HARLESS: I know that, and I appreciate that.  Thank you, I feel the same.

COLEMAN: Do you know if the members who said that they represent people of color, did they come from districts that are a majority of color?

HARLESS: Say that one more time, the end part.

COLEMAN: Do they come from the districts that are majority of color?  Do they have districts that are more people that are black and brown or other ethnicities than non black and brown?

HARLESS: I can't answer that, Garnet.

COLEMAN: Are they from majority minority districts?  This is important for the record.  You may not be able to answer it, but that is important for the record.

HARLESS: I would say that they probably think that their district is majority minority.  I don't know that, I'm not advised of that.

COLEMAN: Well, we're thinking it's not the case and they're speaking on behalf of their opinion, but in terms of how we do law in this state, it is based on the number of people who reside in a district and whether or not that is protected.  Ms. Harless, is that true?

HARLESS: Say the last—

COLEMAN: The Voting Rights Act.  Isn't that based on the number of people of color that reside in a district that are protected under the Voting Rights Act?

HARLESS: I'm not advised.

COLEMAN: Okay.  So the answer is yes.  You may not be advised, but I can tell you under the law that the answer is yes.  I'm advising you that is the case.

HARLESS: Okay.

COLEMAN: Now, when you say that the individuals in this room did not believe that they were disenfranchised, is that because you didn't hear them or you didn't see them or you didn't know that was the majority of the sentiment of the people who represent majority minority districts that actually were making comment on this floor? I know you may not be advised, but I can tell you right now and you can see that the majority of them do believe that they were disenfranchised, and they are the majority of the people in this house that are districts' representatives from districts that are districts that are majority minority. Isn't that correct?

HARLESS: I think the record speaks for itself. They've testified on record. We have transcripts of it. A lot of the communication—

COLEMAN: The record speaks for itself, but it's clear that the members standing around me right now, and the members that have been there today actually did say that they believe this bill disenfranchised their constituents, and that disenfranchisement was a reason why they didn't want to vote for this bill and thought this bill needed to be changed. And, since you aren't advised I will let you know that is the case. Thank you, Ms. Harless, for doing such a great job on a difficult subject.

HARLESS: Thank you.

### REMARKS ORDERED PRINTED

Representative Coleman moved to print remarks between Representative Harless and Representative Coleman.

The motion prevailed.

**CSSB 14**, as amended, was passed to third reading by (Record 149): 101 Yeas, 48 Nays, 1 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pickett; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez;

Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker(C).

## REASONS FOR VOTE

Numerous amendments to improve **SB 14** would have made the bill more fair by reducing the risk of disenfranchising eligible, registered Texas voters. Unfortunately, the majority rejected amendments to expand the types of photo identification acceptable for voting. They rejected an amendment that would have allowed voters to sign an affidavit swearing to their identity, and to cast a provisional ballot with the assurance that their ballot would be counted if the signature on the affidavit matched the signature on the voter registration file. The majority also voted against exemptions for seniors, the indigent, people with religious objections, and women who have had their names changed due to marriage or divorce. High school students over 18 will not be able to vote with their school IDs. College students legally registered in Texas will not be able to vote with out-of-state driver's licenses. In addition, this bill is a vast unfunded mandate on counties. **SB 14** also unconstitutionally and illegally raids the Texas mobility fund. In light of our historic budget shortfall, this bill is fiscally irresponsible. Finally, these disadvantages of the bill must be weighed against its purported advantages in terms of reducing voter impersonation. In the absence of evidence of voter fraud of a type that would be prevented by the provisions in this bill, it is clear that this bill would do more harm than good to the integrity of our elections system.

> Anchia, Castro, Dukes, Gallego, Hernandez Luna, Hochberg, D. Howard, Lozano, Lucio, Martinez, Martinez Fischer, McClendon, Muñoz, and Vo

Numerous amendments to improve **SB 14** would have made the bill more fair by reducing the risk of disenfranchising eligible, registered Texas voters. Unfortunately, the majority rejected amendments to expand the types of photo identification acceptable for voting. They rejected an amendment that would have allowed voters to sign an affidavit swearing to their identity, and to cast a provisional ballot with the assurance that their ballot would be counted if the signature on the affidavit matched the signature on the voter registration file. The majority also voted against exemptions for seniors, the indigent, people with religious objections, and women who have had their names changed due to marriage or divorce. High school students over 18 will not be able to vote with their school IDs. College students legally registered in Texas will not be able to vote with out-of-state driver's licenses. In addition, this bill is a vast unfunded mandate on counties. In light of our historic budget shortfall, this bill is fiscally irresponsible. Finally, these disadvantages of the bill must be weighed against its

purported advantages in terms of reducing voter impersonation. In the absence of evidence of voter fraud of a type that would be prevented by the provisions in this bill, it is clear that this bill would do more harm than good to the integrity of our elections system.

Menendez

Numerous amendments to improve **SB 14** would have made the bill more fair by reducing the risk of disenfranchising eligible, registered Texas voters. Unfortunately, the majority rejected amendments to expand the types of photo identification acceptable for voting. They rejected an amendment that would have allowed voters to sign an affidavit swearing to their identity, and to cast a provisional ballot with the assurance that their ballot would be counted if the signature on the affidavit matched the signature on the voter registration file.

Villarreal

### HB 4 - COMMITTEE ON CALENDARS RULE ADOPTED

Pursuant to Rule 3, Section 5(2) and Rule 6, Section 16(f) of the House Rules, Representative Hunter moved to adopt the following rule governing floor consideration of **HB 4**:

Section 1.   All original amendments that will be offered during second reading consideration of the bill must be filed with the chief clerk by 10 a.m. on Monday, March 28.

Section 2.   (a) During second and third reading consideration of the bill, any amendment that adds or increases an item of appropriation in the bill is not in order unless the amendment contains an equal or greater reduction in one or more items of appropriation in the bill from the fund or funds against which the appropriation is to be certified.

(b)  The provisions of this section do not apply to an amendment that makes an adjustment in an item of appropriations solely to correct a technical clerical error.

The Committee on Calendars rule was adopted by (Record 150): 144 Yeas, 0 Nays, 1 Present, not voting.

Yeas — Aliseda; Allen; Alonzo; Alvarado; Anchia; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Castro; Chisum; Christian; Coleman; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Davis, Y.; Driver; Dukes; Dutton; Eiland; Eissler; Elkins; Farias; Farrar; Fletcher; Flynn; Frullo; Gallego; Garza; Geren; Giddings; Gonzales, L.; Gonzales, V.; Gonzalez; Gooden; Gutierrez; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hernandez Luna; Hilderbran; Hochberg; Hopson; Howard, C.; Howard, D.; Huberty; Hughes; Hunter; Isaac; Jackson; Johnson; Keffer; King, P.; King, S.; King, T.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lozano; Lucio; Lyne; Madden; Mallory Caraway; Margo; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Miller, D.; Miller, S.; Morrison; Muñoz; Murphy; Naishtat; Nash; Orr; Otto;

Parker; Patrick; Paxton; Peña; Perry; Phillips; Pickett; Pitts; Price; Quintanilla; Raymond; Reynolds; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Strama; Taylor, L.; Taylor, V.; Thompson; Torres; Truitt; Turner; Veasey; Villarreal; Vo; Walle; Weber; White; Woolley; Workman; Zedler; Zerwas.

Present, not voting — Mr. Speaker(C).

Absent — Burnam; Deshotel; Guillen; Oliveira; Rodriguez.

## HB 275 - COMMITTEE ON CALENDARS RULE ADOPTED

Pursuant to Rule 3, Section 5(2) and Rule 6, Section 16(f) of the House Rules, Representative Hunter moved to adopt the following rule governing floor consideration of **HB 275**:

All original amendments that will be offered during second reading consideration of the bill must be filed with the chief clerk by 10 a.m. on Monday, March 28.

The Committee on Calendars rule was adopted by (Record 151): 147 Yeas, 0 Nays, 1 Present, not voting.

Yeas — Aliseda; Allen; Alonzo; Alvarado; Anchia; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Castro; Chisum; Christian; Coleman; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Davis, Y.; Deshotel; Driver; Dukes; Dutton; Eiland; Eissler; Elkins; Farias; Farrar; Fletcher; Flynn; Frullo; Gallego; Garza; Geren; Giddings; Gonzales, L.; Gonzales, V.; Gonzalez; Gooden; Gutierrez; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hernandez Luna; Hilderbran; Hochberg; Hopson; Howard, C.; Howard, D.; Huberty; Hughes; Hunter; Isaac; Jackson; Johnson; Keffer; King, P.; King, S.; King, T.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lozano; Lucio; Lyne; Madden; Mallory Caraway; Margo; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Miller, D.; Miller, S.; Morrison; Muñoz; Murphy; Naishtat; Nash; Oliveira; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pickett; Pitts; Price; Quintanilla; Raymond; Reynolds; Riddle; Ritter; Rodriguez; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Strama; Taylor, L.; Taylor, V.; Thompson; Torres; Truitt; Turner; Veasey; Villarreal; Vo; Walle; Weber; White; Woolley; Workman; Zedler; Zerwas.

Present, not voting — Mr. Speaker(C).

Absent — Burnam; Guillen.

## GENERAL STATE CALENDAR
## HOUSE BILLS
## SECOND READING

The following bills were laid before the house and read second time:

### HB 71 ON SECOND READING
### (by Martinez and Hughes)

**HB 71**, A bill to be entitled An Act relating to the fee charged for the Texas Airport Directory.

Representative Martinez moved to postpone consideration of **HB 71** until 9:59 a.m. Thursday, March 31.

The motion prevailed.

### HB 229 ON SECOND READING
### (by Solomons)

**HB 229**, A bill to be entitled An Act relating to the duties of the county tax assessor-collector and voter registrar regarding exemptions from jury service.

Representative Solomons moved to postpone consideration of **HB 229** until 9:59 a.m. Thursday, March 31.

The motion prevailed.

### HB 451 ON SECOND READING
### (by Lucio, Creighton, Branch, and Bohac)

**HB 451**, A bill to be entitled An Act relating to the creation of a Don't Mess with Texas Water program to prevent illegal dumping that affects the surface waters of this state.

**Amendment No. 1**

Representative Lucio offered the following amendment to **HB 451**:

Amend **HB 451** on page 1, between lines 22 and 23, by inserting:

(e) The Texas Department of Transportation shall post a sign that complies with program requirements at a major highway water crossing at the time a previously posted sign identifying the crossing or prohibiting dumping at the crossing is scheduled to be replaced.

Amendment No. 1 was adopted.

**HB 451**, as amended, was passed to engrossment by (Record 152): 122 Yeas, 21 Nays, 1 Present, not voting.

Yeas — Aliseda; Allen; Alonzo; Alvarado; Anchia; Anderson, R.; Beck; Bohac; Branch; Brown; Burkett; Burnam; Button; Callegari; Carter; Castro; Chisum; Christian; Coleman; Cook; Craddick; Creighton; Crownover; Davis, J.; Davis, S.; Davis, Y.; Deshotel; Driver; Dukes; Dutton; Eissler; Elkins; Farias; Farrar; Flynn; Frullo; Gallego; Garza; Geren; Giddings; Gonzales, L.; Gonzales, V.; Gonzalez; Gooden; Guillen; Gutierrez; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hernandez Luna; Hilderbran; Hochberg; Hopson; Howard, D.; Huberty; Hunter; Isaac; Jackson; Keffer; King, S.; King, T.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Lewis; Lozano; Lucio; Mallory Caraway; Margo; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Miller, D.; Morrison; Muñoz; Murphy; Naishtat; Nash; Oliveira; Orr; Otto; Patrick; Peña; Perry; Phillips; Pickett; Pitts; Price;

Quintanilla; Raymond; Reynolds; Riddle; Ritter; Rodriguez; Schwertner; Scott; Sheets; Sheffield; Smith, W.; Smithee; Solomons; Strama; Taylor, L.; Taylor, V.; Torres; Truitt; Turner; Veasey; Vo; Walle; Weber; Woolley; Zerwas.

Nays — Anderson, C.; Aycock; Berman; Bonnen; Cain; Darby; Fletcher; Howard, C.; King, P.; Legler; Lyne; Madden; Miller, S.; Parker; Paxton; Shelton; Simpson; Smith, T.; White; Workman; Zedler.

Present, not voting — Mr. Speaker(C).

Absent — Eiland; Hughes; Johnson; Marquez; Thompson; Villarreal.

### STATEMENTS OF VOTE

I was shown voting yes on Record No. 152. I intended to vote no.

Flynn

I was shown voting yes on Record No. 152. I intended to vote no.

Phillips

I was shown voting yes on Record No. 152. I intended to vote no.

Weber

### FIVE-DAY POSTING RULE SUSPENDED

Representative Kolkhorst moved to suspend the five-day posting rule to allow the Committee on Public Health to consider the previously posted agenda and pending business at 8 a.m. March 24, in E2.030.

The motion prevailed.

### COMMITTEE GRANTED PERMISSION TO MEET

Representative Branch requested permission for the Committee on Higher Education to meet while the house is in session, during bill referral today, in E1.014, to consider the previously posted agenda.

Permission to meet was granted.

### COMMITTEE MEETING ANNOUNCEMENTS

The following committee meetings were announced:

Public Health, 8 a.m. March 24, E2.030, for a public hearing, to consider the previously posted agenda and pending business.

Energy Resources, 1 p.m. March 24, E2.036, for a public hearing, to consider pending business.

(Lozano in the chair)

### COMMITTEE GRANTED PERMISSION TO MEET

Representative Deshotel requested permission for the Committee on Culture, Recreation, and Tourism to meet while the house is in session, during bill referral today, in E1.026, to consider pending business.

Permission to meet was granted.

## PROVIDING FOR ADJOURNMENT

Representative S. Davis moved that, at the conclusion of the reading of bills and resolutions on first reading and referral to committees, the house adjourn until 10 a.m. today, Thursday, March 24.

The motion prevailed.

## BILLS AND JOINT RESOLUTIONS ON FIRST READING
## AND REFERRAL TO COMMITTEES
## CORRECTIONS IN REFERRAL

Bills and joint resolutions were at this time laid before the house, read first time, and referred to committees.  Pursuant to Rule 1, Section 4 of the House Rules, the chair at this time corrected the referral of measures to committees. (See the addendum to the daily journal, Referred to Committees, List No. 1.)

(V. Taylor in the chair)

## ADJOURNMENT

In accordance with a previous motion, the house, at 12:14 a.m. Thursday, March 24, adjourned until 10 a.m. today.

---

## ADDENDUM

---

## REFERRED TO COMMITTEES

The following bills and joint resolutions were today laid before the house, read first time, and referred to committees, and the following resolutions were today laid before the house and referred to committees. If indicated, the chair today corrected the referral of the following measures:

**List No. 1**

**HB 1295** (By Shelton), Relating to a pilot project to increase enrollee access to primary care services and simplify enrollment procedures under the child health plan program.

To Human Services.

**HB 1338** (By T. Smith), Relating to the requirement that a voter provide proof of citizenship when registering to vote.

To Elections.

**HB 1412** (By Chisum), Relating to requiring a voter to present proof of identification; providing penalties.

To Elections.

**HB 1458** (By Harless), Relating to requiring a voter to present proof of identification; providing penalties.

To Elections.

**HB 1533** (By Eiland), Relating to voter registration.
To Elections.

**HB 2665** (By P. King), Relating to abolishing the Texas Funeral Service Commission and the Texas State Board of Plumbing Examiners and transferring the functions of those agencies to the Texas Department of Licensing and Regulation.
To State Affairs.

**HB 2825** (By Otto), Relating to the investment management of the permanent university fund.
To Higher Education.

**HB 3166** (By Callegari), Relating to the abolition and consolidation of state agencies.
To Government Efficiency and Reform.

**HB 3167** (By Callegari), Relating to the repeal of occupational licensing requirements.
To Government Efficiency and Reform.

**HB 3168** (By Callegari), Relating to the operation of state agencies
To Government Efficiency and Reform.

**HB 3266** (By S. Miller), Relating to the audit of retail and mail order pharmacy claims of certain public employees.
To Insurance.

**HB 3413** (By Darby), Relating to the property and funding of the Texas Department of Motor Vehicles.
To Transportation.

**HB 3414** (By Darby), Relating to certain fiscal matters relating to the Department of Agriculture.
To Appropriations.

**HB 3415** (By Darby), Relating to the authority of the Texas Animal Health Commission to set and collect fees.
To Appropriations.

**HB 3416** (By Darby), Relating to eliminating a requirement that the Texas Alcoholic Beverage Commission transfer certain funds to the Department of Agriculture for the Texas Wine Marketing Assistance Program.
To Appropriations.

**HB 3417** (By Darby), Relating to state fiscal matters regarding business and economic development.
To Appropriations.

**HB 3418** (By Darby), Relating to state fiscal matters related to natural resources and the environment.
To Appropriations.

**HB 3419** (By Darby), Relating to state fiscal matters related to certain regulatory agencies.

To Appropriations.

**HB 3420** (By Darby), Relating to the fee on delivery of certain petroleum products.

To Appropriations.

**HB 3547** (By Alvarado), Relating to enforcement by a local government of fire safety standards at certain child-care facilities.

To Urban Affairs.

**HB 3569** (By Lucio), Relating to the review of certain documents by the attorney general; imposing certain fees.

To Government Efficiency and Reform.

**HB 3570** (By Smithee), Relating to insurance coverage requirements for certain amusement rides.

To Insurance.

**HB 3571** (By Phillips), Relating to the use of revenue sharing as a means of repayment of Texas Department of Transportation cost participation in a toll facility of a public entity.

To Transportation.

**HB 3572** (By S. King), Relating to the creation of the 1st Multicounty Court at Law composed of Fisher and Nolan Counties and the abolishment of the County Court at Law of Nolan County.

To Judiciary and Civil Jurisprudence.

**HB 3573** (By S. King), Relating to limiting the disclosure of certain information regarding certain charitable organizations, trusts, private foundations, and grant-making organizations.

To Business and Industry.

**HB 3574** (By Torres), Relating to the Texas Back to Work initiative.

To Economic and Small Business Development.

**HB 3575** (By Thompson), Relating to the operation of casino gaming in this state by federally recognized Indian tribes on certain land; providing penalties.

To Licensing and Administrative Procedures.

**HB 3576** (By Thompson), Relating to the operation of casino gaming in this state by federally recognized Indian tribes on certain land and by licensed operators at horse and greyhound racetracks and licensed locations; providing penalties.

To Licensing and Administrative Procedures.

**HB 3577** (By L. Gonzales), Relating to eligibility requirements for the Texas Educational Opportunity Grant.

To Higher Education.

**HB 3578** (By L. Gonzales), Relating to clarification of the authorized uses for loans under public institution of higher education emergency loan programs.
To Higher Education.

**HB 3579** (By L. Gonzales), Relating to repayment assistance for certain physician education loans.
To Higher Education.

**HB 3580** (By Frullo), Relating to the issuance of specialty license plates for surviving spouses of disabled veterans of the United States armed forces.
To Defense and Veterans' Affairs.

**HB 3581** (By Driver), Relating to authorizing the sale of beer by wineries.
To Licensing and Administrative Procedures.

**HB 3582** (By Harless), Relating to the allocation to a school district of the expenses of a joint election.
To Elections.

**HB 3583** (By Harless), Relating to the authority of local law enforcement authorities to enforce certain laws regulating coin-operated machines; providing criminal penalties.
To Licensing and Administrative Procedures.

**HB 3584** (By Strama), Relating to the Texas emerging technology fund.
To Technology.

**HB 3585** (By V. Taylor), Relating to the adoption of voting procedures necessary to implement the federal Military and Overseas Voter Empowerment Act.
To Elections.

**HB 3586** (By V. Taylor), Relating to unit operations for oil, gas, or oil and gas production or carbon dioxide storage.
To Energy Resources.

**HB 3587** (By Callegari), Relating to the functions of the Texas Guaranteed Student Loan Corporation.
To Higher Education.

**HB 3588** (By Coleman), Relating to the use of a county risk management pool by certain county and district officers instead of the execution of bonds.
To County Affairs.

**HB 3589** (By Hancock), Relating to claim-handling deadlines in the event of certain weather-related catastrophes or natural disasters.
To Insurance.

**HB 3590** (By Hancock), Relating to the cancellation of homeowners insurance policies.
To Insurance.

**HB 3591** (By D. Howard), Relating to the confidentiality of information obtained by a compliance office of an institution of higher education.
To Higher Education.

**HB 3592** (By D. Howard), Relating to the Lower Colorado River Authority.

To Natural Resources.

**HB 3593** (By W. Smith), Relating to providing notice of foreclosure to certain lien holders.

To Business and Industry.

**HB 3594** (By Aliseda), Relating to the termination of a volunteer deputy registrar for the submission of late or incomplete applications for voter registration.

To Elections.

**HB 3595** (By Chisum), Relating to energy efficiency goals and energy efficiency programs.

To Energy Resources.

**HB 3596** (By Hancock), Relating to public school finance and the allocation of state funds.

To Public Education.

**HB 3597** (By Larson), Relating to the powers and duties of certain public improvement districts.

To Urban Affairs.

**HB 3598** (By Huberty), Relating to the criminal registration procedure for a convicted arsonist.

To Criminal Jurisprudence.

**HB 3599** (By Garza), Relating to contracting with emerging fund managers by the State Board of Education for investment of the permanent school fund.

To Public Education.

**HB 3600** (By Garza), Relating to municipal and county authority to enforce a solid waste collection and transportation services franchise.

To Environmental Regulation.

**HB 3601** (By Garza), Relating to the issuance of cease and desist orders by the Texas Medical Board.

To Public Health.

**HB 3602** (By Garza), Relating to a restriction on permits authorizing direct discharges of waste or pollutants into water in certain areas associated with the Barton Springs segment of the Edwards Aquifer.

To Natural Resources.

**HB 3603** (By Garza), Relating to the distribution of money appropriated from a municipal court building security fund.

To Criminal Jurisprudence.

**HB 3604** (By Smithee), Relating to enforcement of certain insurance provisions in construction contracts.

To Business and Industry.

**HB 3605** (By Smithee), Relating to the payment of losses by the Texas Windstorm Insurance Association

    To Insurance.

**HB 3606** (By Kuempel), Relating to the payment of development impact fees by certain political subdivisions or governmental entities.

    To Urban Affairs.

**HB 3607** (By Kuempel), Relating to construction managers-at-risk used by local governments.

    To Urban Affairs.

**HB 3608** (By Kuempel), Relating to a franchise tax credit for contributions to programs for at-risk youth.

    To Ways and Means.

**HB 3609** (By Smithee), Relating to insurance premium and maintenance taxes, and payment of excess losses of the Texas Windstorm Insurance Association.

    To Insurance.

**HB 3610** (By Thompson), Relating to periodic rate adjustments by electric utilities.

    To State Affairs.

**HB 3611** (By Truitt), Relating to the administration of medications for persons with intellectual and developmental disabilities.

    To Public Health.

**HB 3612** (By Turner), Relating to the administration of the Texas Save and Match Program to assist qualifying beneficiaries under the state's prepaid tuition plans and college savings plans and to the treatment of a beneficiary's assets under prepaid tuition plans and college savings plans in determining eligibility for student financial assistance and other assistance programs.

    To Higher Education.

**HB 3613** (By Walle), Relating to the operation of the Texas Windstorm Insurance Association.

    To Insurance.

**HB 3614** (By Hughes), Relating to the interest rate on a refund of ad valorem taxes made following the final determination of an appeal that decreases a property owner's tax liability.

    To Ways and Means.

**HB 3615** (By Hughes), Relating to the authority of the chief appraiser of an appraisal district to increase the appraised value of property if the appraised value of the property was reduced in an appeal in a prior year.

    To Ways and Means.

**HB 3616** (By Naishtat), Relating to designating October as Disability History and Awareness Month.

    To Human Services.

**HB 3617** (By Madden), Relating to abolishing the Texas Commission on Fire Protection, the Commission on Jail Standards, and the Commission on Law Enforcement Officer Standards and Education and transferring certain of the powers and duties of those agencies to the newly created Public Safety Licensing Commission.

To Homeland Security and Public Safety.

**HB 3618** (By S. Miller), Relating to the regulation of restricted fireworks.

To County Affairs.

**HB 3619** (By S. Miller), Relating to the application of certain concealed handgun license laws to certain statewide elected officials and members of the legislature.

To Homeland Security and Public Safety.

**HB 3620** (By Isaac), Relating to changes in participation in public utility agencies.

To Natural Resources.

**HB 3621** (By Bonnen), Relating to the Gulf Coast Water Authority.

To Natural Resources.

**HB 3622** (By R. Anderson), Relating to liability for the death of a pet.

To Judiciary and Civil Jurisprudence.

**HB 3623** (By Darby), Relating to the environmental review of certain transportation projects by the Texas Department of Transportation.

To Transportation.

**HB 3624** (By Hochberg), Relating to the eligibility of educational aides for tuition exemptions at public institutions of higher education.

To Higher Education.

**HB 3625** (By Carter), Relating to a task force on school district administrative efficiency.

To Public Education.

**HB 3626** (By Kolkhorst), Relating to the Texas Economic Development Act.

To Ways and Means.

**HB 3627** (By Aliseda), Relating to the use of audio and visual recording devices in a polling place.

To Elections.

**HB 3628** (By Aliseda), Relating to the offense of unacknowledged assistance to a voter in completing an application for a ballot to be voted by mail.

To Elections.

**HB 3629** (By Shelton), Relating to abolishing the Department of Assistive and Rehabilitative Services and transferring its powers and duties to the Department of Aging and Disability Services and the Department of State Health Services.

To Human Services.

**HB 3630** (By Hunter), Relating to certain unprofessional conduct by a health care provider.

To Public Health.

**HB 3631** (By Branch), Relating to the imposition of certain conditions and limitations on the receipt of tuition and fee exemptions at public institutions of higher education.

To Higher Education.

**HB 3632** (By Hamilton), Relating to the effect on local regulation of the use and sale of fireworks.

To Land and Resource Management.

**HB 3633** (By Legler), Relating to participation in retirement programs by certain employees.

To Pensions, Investments, and Financial Services.

**HB 3634** (By Villarreal), Relating to including additional territory in the state in a junior college district.

To Higher Education.

**HB 3635** (By Dutton), Relating to the registration of and taxes and fees imposed on sexually oriented businesses; providing a civil penalty.

To Licensing and Administrative Procedures.

**HB 3636** (By Dutton), Relating to safety measures for culverts or other similar flood or drainage systems maintained by governmental entities.

To Urban Affairs.

**HB 3637** (By S. Miller), Relating to the regulation of equine dental technicians; providing penalties.

To Agriculture and Livestock.

**HB 3638** (By Hancock), Relating to telecommunications and the universal service fund.

To State Affairs.

**HB 3639** (By Pitts), Relating to state fiscal matters related to public and higher education.

To Appropriations.

**HB 3640** (By Pitts), Relating to the remittance and allocation of certain taxes and fees.

To Appropriations.

**HB 3641** (By Pitts), Relating to the remittance and allocation of gasoline and diesel fuel tax collections.

To Appropriations.

**HB 3642** (By Pitts), Relating to the dates on which franchise tax payments are due from certain taxable entities.

To Appropriations.

**HB 3643** (By Pitts), Relating to the remittance of mixed beverage taxes and taxes and fees on certain alcoholic beverages.

To Appropriations.

**HB 3644** (By Pitts), Relating to the creation and re-creation of funds and accounts in the state treasury, the dedication and rededication of revenue, and the exemption of unappropriated money from use for general governmental purposes.

To Appropriations.

**HB 3645** (By Pitts), Relating to state contributions made to fund the Teacher Retirement System of Texas and certain group benefits for retired school employees.

To Pensions, Investments, and Financial Services.

**HB 3646** (By Turner), Relating to the powers and duties of the Legislative Budget Board, including the receipt of reports by the board.

To State Affairs.

**HB 3647** (By Turner), Relating to directing payment, after approval, of certain miscellaneous claims and judgments against the state out of funds designated by this Act; making appropriations.

To Appropriations.

**HB 3648** (By Otto), Relating to state fiscal matters related to the judiciary.

To Appropriations.

**HB 3649** (By Otto), Relating to state fiscal matters related to law enforcement and criminal justice.

To Appropriations.

**HB 3650** (By Otto), Relating to cash payments provided to an inmate released on parole, mandatory supervision, or conditional pardon from the Texas Department of Criminal Justice.

To Appropriations.

**HB 3651** (By Otto), Relating to the appropriation of certain revenue for information technology projects.

To Appropriations.

**HB 3652** (By Otto), Relating to handling fees imposed by the comptroller for processing unclaimed property.

To Appropriations.

**HB 3653** (By Otto), Relating to the registration fee and registration renewal fee for lobbyists.

To Appropriations.

**HB 3654** (By Otto), Relating to the review of certain documents by the attorney general; imposing certain fees.

To Appropriations.

**HB 3655** (By Otto), Relating to the State Bar of Texas membership dues and minimum continuing legal education requirements for an attorney employed by the office of the attorney general.

To Appropriations.

**HB 3656** (By Otto), Relating to reimbursement to a county for payment to a person who reports for jury service.

To Appropriations.

**HB 3657** (By Otto), Relating to the collection of certain fees by the Commission on Jail Standards.

To Appropriations.

**HB 3658** (By Otto), Relating to the judicial and court personnel training fund.

To Appropriations.

**HB 3659** (By Otto), Relating to contributions by public retirement systems to the State Pension Review Board fund.

To Appropriations.

**HB 3660** (By Otto), Relating to requiring the secretary of state to publish the session laws of the legislature electronically and eliminating certain requirements for publishing and distributing volumes of the session laws.

To Appropriations.

**HB 3661** (By Otto), Relating to abolishing the state boot camp program.
To Appropriations.

**HB 3662** (By Otto), Relating to fees for process server certification.
To Appropriations.

**HB 3663** (By Otto), Relating to the use and management of the Texas preservation trust fund account.

To Appropriations.

**HB 3664** (By Otto), Relating to the calculation of the amount of state aid to be received by community supervision and corrections departments.

To Appropriations.

**HB 3665** (By Otto), Relating to state fiscal matters related to general government.

To Appropriations.

**HB 3666** (By Zerwas), Relating to state fiscal matters related to health and human services and state agencies administering health and human services programs.

To Appropriations.

**HB 3667** (By Peña), Relating to the establishment and administration of an employment verification compliance program, deterring the use of unauthorized foreign workers, imposing powers and duties on executive agencies, and providing for remedies.

To State Affairs.

**HB 3668** (By Callegari), Relating to certificates of public convenience and necessity for water or sewer services.

To Natural Resources.

**HB 3669** (By Carter), Relating to the funding for and user friendliness of the website operated by the Public Utility Commission of Texas to provide information regarding the power to choose retail electric providers.

To State Affairs.

**HB 3670** (By Carter), Relating to accreditation standards for child care training.

To Human Services.

**HB 3671** (By W. Smith), Relating to the development, financing, construction, and operation of toll projects.

To Transportation.

**HB 3672** (By Dutton), Relating to requiring the comptroller to provide notice to a person who will be regarded as a retailer or seller for purposes of sales and use tax.

To Ways and Means.

**HB 3673** (By Dutton), Relating to offers of settlement in civil cases.

To Judiciary and Civil Jurisprudence.

**HB 3674** (By Eiland), Relating to the use of unsworn declarations.

To Judiciary and Civil Jurisprudence.

**HB 3675** (By Eiland), Relating to assessments and taxes on subscription video service providers.

To State Affairs.

**HB 3676** (By Brown), Relating to procuring contracts for certain professional services by a governmental entity.

To State Affairs.

**HB 3677** (By Brown), Relating to the administrative fee charged by the Department of Information Resources to other entities for the purchase of certain commodity items.

To State Affairs.

**HB 3678** (By Brown), Relating to implementation of certain cost-saving measures for the Medicaid vendor drug program and child health plan program prescription drug benefits.

To Public Health.

**HB 3679** (By Martinez Fischer), Relating to a prohibition on the marketing of foods of minimal nutritional value on public school campuses.

To Public Health.

**HB 3680** (By Martinez Fischer), Relating to the types of food or beverages that may be sold to students on public school campuses.

To Public Health.

**HB 3681** (By Martinez Fischer), Relating to assessments of physical fitness of public school students and campus ratings based on that assessment.

To Public Education.

**HB 3682** (By Martinez Fischer), Relating to physical activity requirements applicable to public school students.

To Public Education.

**HB 3683** (By Martinez Fischer), Relating to hearings and appeals in connection with the insurance commissioner's disapproval of a property and casualty insurance rate.

To Insurance.

**HB 3684** (By Callegari), Relating to evaluating and providing for efficient government resource allocation.

To Government Efficiency and Reform.

**HB 3685** (By Aliseda), Relating to the collection and distribution of sales taxes and the hours of operation for certain retailers.

To Ways and Means.

**HB 3686** (By Brown), Relating to allowing certain identifiable communities in the extraterritorial jurisdiction of a municipality to incorporate.

To County Affairs.

**HB 3687** (By Perry), Relating to the closed formulary for workers' compensation pharmaceutical benefits.

To State Affairs.

**HB 3688** (By Hochberg), Relating to the collection of contributions by the Teacher Retirement System of Texas.

To Pensions, Investments, and Financial Services.

**HB 3689** (By Oliveira), Relating to the partnership agreement between The University of Texas at Brownsville and the Texas Southmost College District.

To Higher Education.

**HB 3690** (By Anchia), Relating to the boundaries and financing of a public improvement district.

To Urban Affairs.

**HB 3691** (By Gallego), Relating to the provision of certain programs and services by a community supervision and corrections department.

To Corrections.

**HB 3692** (By Gallego), Relating to peace officer interaction with persons with mental illness and to a person's incompetency to stand trial.

To Criminal Jurisprudence.

**HB 3693** (By Gallego), Relating to the supplemental compensation of certain local administrative district judges.

To Judiciary and Civil Jurisprudence.

**HB 3694** (By Gallego), Relating to certain requirements of sports officials by the University Interscholastic League.

To Public Education.

**HB 3695** (By Gallego), Relating to confidentiality of Class C misdemeanor records related to the conviction of a child.

To Criminal Jurisprudence.

**HB 3696** (By Gallego), Relating to concurrent state and federal legislative jurisdiction over units of the national park system in this state.

To Culture, Recreation, and Tourism.

**HB 3697** (By Gallego), Relating to the establishment of a Service to Texas requirement for undergraduate students at public institutions of higher education and the establishment of a Service to Texas program.

To Higher Education.

**HB 3698** (By Gallego), Relating to jurisdiction of district courts and criminal district courts in certain criminal proceedings.

To Criminal Jurisprudence.

**HB 3699** (By Turner), Relating to the disposal of nonparty compact low-level radioactive waste at the Texas Low-Level Radioactive Waste Disposal Compact waste disposal facility.

To Environmental Regulation.

**HB 3700** (By Larson), Relating to the conversion of a nontolled state highway or segment of the state highway system to a toll project.

To Transportation.

**HB 3701** (By Fletcher), Relating to the confidentiality of certain personal information.

To State Affairs.

**HB 3702** (By Raymond), Relating to sales and use tax imposed by boards of certain municipal transit departments.

To Ways and Means.

**HB 3703** (By Raymond), Relating to the use of certain aviation and air transportation-related tax proceeds for aviation facilities development.

To Ways and Means.

**HB 3704** (By Brown), Relating to the taxation of political subdivisions of the state.

To Ways and Means.

**HB 3705** (By Hamilton), Relating to the creation of the disaster reconstruction coordination office within the governor's office; creating the disaster contingency account.

To Homeland Security and Public Safety.

**HB 3706** (By Callegari), Relating to measures in anticipation of federal legislation that would recognize the sovereignty of the states by providing each state with autonomy in determining whether and to what extent certain federal programs or mandates would apply in that state.

To Select State Sovereignty.

**HB 3707** (By Christian), Relating to the waiting period for certain spouses filing for divorce on the grounds of insupportability.

To Judiciary and Civil Jurisprudence.

**HB 3708** (By Hochberg), Relating to the Early High School Graduation Scholarship Program.

To Public Education.

**HB 3709** (By Hochberg), Relating to reducing costs in public school extracurricular activities.

To Public Education.

**HB 3710** (By Lewis), Relating to filling vacancies in appellate judicial offices by appointment, partisan elections for all judicial offices, and nonpartisan elections for the retention or rejection for all judicial offices.

To Judiciary and Civil Jurisprudence.

**HB 3711** (By D. Howard), Relating to requirements for the coordinated admission program at The University of Texas at Austin.

To Higher Education.

**HB 3712** (By Giddings), Relating to the reporting of information by a school district relating to certain offenses committed by certain students.

To Public Education.

**HB 3713** (By Giddings), Relating to a grant program to promote good citizenship.

To Public Education.

**HB 3714** (By McClendon), Relating to the regulation of controlled substances and the establishment of an electronic system for monitoring controlled substances; providing criminal penalties.

To Public Health.

**HB 3715** (By Workman), Relating to standards applicable to propane distribution system retailers.

To Energy Resources.

**HB 3716** (By Guillen), Relating to the evaluation of applications for certain financial assistance administered by the Texas Department of Housing and Community Affairs.

To Urban Affairs.

**HB 3717** (By Guillen), Relating to fees for emergency first response service provided by certain counties.

To Border and Intergovernmental Affairs.

**HB 3718** (By Gutierrez), Relating to the sale of real property.

To Business and Industry.

**HB 3719** (By Gutierrez), Relating to truancy and the jurisdiction of justice courts

To Public Education.

**HB 3720** (By Turner), Relating to the transfer of housing funds from the Texas Department of Housing and Community Affairs to the Texas Veterans Commission.

To Defense and Veterans' Affairs.

**HB 3721** (By Patrick), Relating to formula funding for certain semester credit hours earned for dual course credit.

To Higher Education.

**HB 3722** (By Guillen), Relating to the boater education program at the parks and wildlife department.

To Culture, Recreation, and Tourism.

**HB 3723** (By Guillen), Relating to optional fees on the registration of a vehicle imposed by a county.

To Transportation.

**HB 3724** (By Guillen), Relating to the Chronic Kidney Disease Task Force

To Public Health.

**HB 3725** (By Guillen), Relating to the preservation and maintenance of the Alamo by the Texas Historical Commission.

To Culture, Recreation, and Tourism.

**HB 3726** (By Guillen), Relating to an annual report of the private entity granted care and custody of the Alamo.

To Culture, Recreation, and Tourism.

**HB 3727** (By Hilderbran), Relating to the computation of the property tax on temporary production aircraft.

To Ways and Means.

**HB 3728** (By Jackson), Relating to the composition of and powers and duties of the Commission on Jail Standards.

To County Affairs.

**HB 3729** (By Martinez), Relating to the expansion of extraterritorial jurisdiction in certain municipalities.

To Land and Resource Management.

**HB 3730** (By Martinez), Relating to the department of transportation's privatization of maintenance contracts.

To Transportation.

**HB 3731** (By Martinez), Relating to the accommodation of bicycles, pedestrians, and mass transit riders on streets and highways.

To Transportation.

**HB 3732** (By Martinez), Relating to the authority of a regional mobility authority to enter into a comprehensive development agreement.

To Transportation.

**HB 3733** (By Martinez), Relating to the creation of Texas Task Force 3 in the Rio Grande Valley.

To Homeland Security and Public Safety.

**HB 3734** (By Martinez), Relating to certain comprehensive development agreements of the Texas Department of Transportation.

To Transportation.

**HB 3735** (By Martinez), Relating to the composition of the Texas Commission on Fire Protection and the disposition of certain fees collected by the commission.

To Urban Affairs.

**HB 3736** (By Martinez), Relating to appointment of a department head of a fire or police department in certain municipalities.

To Urban Affairs.

**HB 3737** (By Martinez), Relating to broadcasting of athletic competitions sponsored or sanctioned by the University Interscholastic League.

To Public Education.

**HB 3738** (By Martinez), Relating to the designation of the Mid Valley Airport as the disaster relief headquarters for the Rio Grande Valley.

To Homeland Security and Public Safety.

**HB 3739** (By Morrison), Relating to exempting the sale of certain property used for research and development from the sales tax.

To Ways and Means.

**HB 3740** (By Guillen), Relating to the preservation and maintenance of the Alamo and the financial accountability and transparency of persons granted care and custody over certain historic state real properties.

To Culture, Recreation, and Tourism.

**HB 3741** (By Brown), Relating to an intercollegiate athletics fee at Texas A&M University.

To Higher Education.

**HB 3742** (By Schwertner), Relating to the environmental review of certain transportation projects by the Texas Department of Transportation

To Transportation.

**HB 3743** (By Workman), Relating to the rights, powers, functions, and duties of the West Travis County Municipal Utility District No. 5.

To Natural Resources.

**HB 3744** (By V. Gonzales), Relating to the reimbursement methodology used for certain services provided to Medicaid recipients.

To Public Health.

**HB 3745** (By Eiland), Relating to the participation of certain retirees under the proportionate retirement program in the Texas Public School Employees Group Benefits Program.

To Pensions, Investments, and Financial Services.

**HB 3746** (By Frullo), Relating to providing resources designed to combat crimes against children, especially crimes regarding child exploitation and child pornography trafficking involving the Internet.

To Criminal Jurisprudence.

**HB 3747** (By McClendon), Relating to the selection of certain members of the board of trustees of the Teacher Retirement System of Texas.

To Pensions, Investments, and Financial Services.

**HB 3748** (By Phillips), Relating to creating the division of forensic services; abolishing the Texas Forensic Science Commission and transferring certain duties of the commission and the Department of Public Safety to the division of forensic services.

To Homeland Security and Public Safety.

**HB 3749** (By Oliveira), Relating to establishing certain rights of an owner of the surface estate in land who does not own any interest in the mineral estate in the land in connection with the exploration for and production of the minerals.

To Energy Resources.

**HB 3750** (By Dutton), Relating to the waiver of sovereign immunity of a school district for certain claims arising from the provision of community education child care services.

To Judiciary and Civil Jurisprudence.

**HB 3751** (By Harper-Brown), Relating to the presiding officers of the early voting ballot board and a recount committee used in certain elections.

To Elections.

**HB 3752** (By Harper-Brown), Relating to a financial institution's action regarding certain withdrawals and deposits.

To Pensions, Investments, and Financial Services.

**HB 3753** (By P. King), Relating to the employment of physicians and other staff by certain municipal hospital authorities.

To Urban Affairs.

**HB 3754** (By Hilderbran), Relating to the powers and duties of the Office of Public Utility Counsel.

To State Affairs.

**HB 3755** (By Cook), Relating to management of certain metropolitan rapid transit authorities.

To Transportation.

**HB 3756** (By Carter), Relating to imposing liens for labor and materials provided by interior designers.

To Business and Industry.

**HB 3757** (By Callegari), Relating to the coordination of rural and small community initiatives.

To Economic and Small Business Development.

**HB 3758** (By Giddings), Relating to the issuance of citations to certain public school students on school property during regular school hours or on a vehicle owned or operated by a county or independent school district.

To Public Education.

**HB 3759** (By White), Relating to the criminal offenses for which and the circumstances under which certain communication devices may be detected and communications may be intercepted.

To Criminal Jurisprudence.

**HB 3760** (By Oliveira), Relating to home loans that are not federally related mortgage loans; providing civil penalties.

To Pensions, Investments, and Financial Services.

**HB 3761** (By Marquez), Relating to the treatment of and services provided to certain inmates in the custody of the Texas Department of Criminal Justice, to the provision of medical care to inmates in the custody of the department, to the release of inmates on parole and other forms of supervised release, and to certain other matters affecting the department.

To Corrections.

**HB 3762** (By Marquez), Relating to creating a transparent and deliberative process by which execution procedures are determined.

To Corrections.

**HB 3763** (By Marquez), Relating to the release of inmates in the custody of the Texas Department of Criminal Justice on parole or other forms of supervised release.

To Corrections.

**HB 3764** (By Marquez), Relating to the policies of the Texas Department of Criminal Justice regarding the use of, and treatment of inmates confined in, administrative segregation.

To Corrections.

**HB 3765** (By Pitts), Relating to the date on which certain payments are made by the state under the Foundation School Program.

To Appropriations.

**HB 3766** (By Pitts), Relating to the use of proceeds from a county jail's commissary operation.

To Appropriations.

**HB 3767** (By Pitts), Relating to the exemption from the sales and use tax for tangible personal property or a taxable service that is resold or otherwise transferred.

To Appropriations.

**HB 3768** (By Peña), Relating to a lien on a cause of action or claim of an individual who receives emergency medical services in certain counties.
To Judiciary and Civil Jurisprudence.

**HB 3769** (By Smithee), Relating to allowing driver education courses to be delivered by course providers.
To Public Education.

**HB 3770** (By Burkett), Relating to unstructured activity requirements for public elementary school students.
To Public Education.

**HB 3771** (By Harper-Brown), Relating to the authority of the Texas Department of Transportation to approve safety standards for high-speed rail; authorizing a fee.
To Transportation.

**HB 3772** (By Pitts), Relating to tax records.
To Appropriations.

**HB 3773** (By Pitts), Relating to the duties of the comptroller of public accounts to audit the Office of Court Administration's Collection Improvement Program.
To Appropriations.

**HB 3774** (By Pitts), Relating to the administration, collection, enforcement of various taxes and fees; providing penalties.
To Appropriations.

**HB 3775** (By Guillen), Relating to deer breeder operations; providing penalties.
To Culture, Recreation, and Tourism.

**HB 3776** (By Guillen), Relating to deer identification and deer breeder operations.
To Culture, Recreation, and Tourism.

**HB 3777** (By Gallego), Relating to collection, storage, and distribution of criminal history record information; providing penalties.
To Criminal Jurisprudence.

**HB 3778** (By Guillen), Relating to deer removal, destruction, and deer breeder operations; providing penalties.
To Culture, Recreation, and Tourism.

**HB 3779** (By Guillen), Relating to licensing of deer breeder operations; providing penalties.
To Culture, Recreation, and Tourism.

**HB 3780** (By Alonzo), Relating to compliance with rules, bylaws, and written policies adopted by a school district's board of trustees.
To Public Education.

**HB 3781** (By Naishtat), Relating to the maintenance by certain hospitals of records regarding certain uncompensated care costs.

To Public Health.

**HB 3782** (By Guillen), Relating to deer breeder operations; providing penalties.

To Culture, Recreation, and Tourism.

**HB 3783** (By Callegari), Relating to cost-saving and efficiency in government.

To Public Education.

**HB 3784** (By Callegari), Relating to the ethics and financial disclosure requirements and audits of certain governmental bodies.

To Government Efficiency and Reform.

**HB 3785** (By Callegari), Relating to a tax exemption for inactive oil and gas wells.

To Ways and Means.

**HB 3786** (By Craddick), Relating to the requirements for certain extensions of credit to consumers.

To Pensions, Investments, and Financial Services.

**HB 3787** (By Allen), Relating to the salary paid to certain professional employees of public schools.

To Public Education.

**HB 3788** (By Marquez), Relating to the authority of a county civil service commission to administer oaths and issue subpoenas; providing a penalty.

To County Affairs.

**HB 3789** (By Phillips), Relating to the development of toll projects through public-private partnerships.

To Transportation.

**HB 3790** (By Pitts), Relating to state fiscal matters.

To Appropriations.

**HB 3791** (By Pitts), Relating to the interest on certain tax refunds or credits.

To Appropriations.

**HB 3792** (By Burnam), Relating to municipal authority to regulate gas pipelines located within the municipality.

To Energy Resources.

**HB 3793** (By Phillips), Relating to the permissible uses of the state highway fund.

To Ways and Means.

**HB 3794** (By Burkett), Relating to disputes under insurance policies.

To Insurance.

**HB 3795** (By Elkins), Relating to authorized investments for governmental entities.

To Pensions, Investments, and Financial Services.

**HB 3796** (By Gallego), Relating to the composition of certain judicial districts.

To Judiciary and Civil Jurisprudence.

**HB 3797** (By Gallego), Relating to the validation of the creation, operation, and dissolution of, and certain acts related to, a venue project.

To Ways and Means.

**HB 3798** (By Martinez Fischer), Relating to the franchise tax, franchise tax rates and computation; alternative revenue sources and spending priorities for this state; certain taxes affecting businesses; making an appropriation; providing penalties.

To Ways and Means.

**HB 3799** (By S. Miller), Relating to timely filing of surplus lines policy; providing penalties.

To Insurance.

**HB 3800** (By Paxton), Relating to the licensing and regulation of professional fitness trainers; providing a penalty.

To Licensing and Administrative Procedures.

**HB 3801** (By S. Davis), Relating to the exception of certain personal information from disclosure under the public information law.

To State Affairs.

**HB 3802** (By S. Davis), Relating to liability of certain public utilities that allow recreational use of land that the public utility owns, occupies, or leases.

To Judiciary and Civil Jurisprudence.

**HB 3803** (By Phillips), Relating to the creation of the Cottonwood Municipal Utility District No. 2 of Grayson County; providing authority to impose a tax and issue bonds; granting a limited power of eminent domain.

To Natural Resources.

**HB 3804** (By Gallego), Relating to the creation of the Lajitas Utility District No. 1 of Brewster County; providing authority to impose taxes and issue bonds; granting a limited power of eminent domain.

To Natural Resources.

**HB 3805** (By Morrison), Relating to director elections and powers of the Texana Groundwater Conservation District.

To Natural Resources.

**HB 3806** (By Hardcastle), Relating to the authority of the board of directors of the Haskell County Hospital District to employ health care providers.

To County Affairs.

**HB 3807** (By Woolley), Relating to the option of providing electronic recordings of proceedings in the municipal court of record for the City of Houston.

To Judiciary and Civil Jurisprudence.

**HB 3808** (By T. King), Relating to fishing with certain archery equipment in certain counties.

To Culture, Recreation, and Tourism.

**HB 3809** (By Hardcastle), Relating to the authority of the board of directors of the Muenster Hospital District to employ physicians and other health care providers.

To County Affairs.

**HJR 12** (By Larson), Proposing a constitutional amendment providing that a member of the legislature or person holding a statewide elective office automatically vacates office on announcing a candidacy or becoming a candidate for another elective office before the final full year of the person's term of office.

To State Affairs.

**HJR 13** (By Legler), Proposing a constitutional amendment authorizing garnishment of wages for the recovery of fraudulently obtained unemployment benefits or of taxes or fees owed to the state.

To Economic and Small Business Development.

**HJR 14** (By Veasey), Proposing a constitutional amendment authorizing the legislature to create a social loan program.

To Human Services.

**HJR 15** (By Rodriguez), Proposing a constitutional amendment increasing the rates of taxes imposed on gasoline and diesel fuel, adjusting those rates annually for inflation, and dedicating certain revenue from those taxes to the design, construction, and maintenance of public roadways.

To Ways and Means.

**HJR 129** (By Naishtat), Proposing a constitutional amendment requiring a state senator or state representative to forfeit office on the final conviction of a felony.

To State Affairs.

**HJR 130** (By Branch), Meeting requirements of the United States Department of Education concerning federal student aid by naming private institutions of higher education in the State of Texas that are authorized to operate educational programs beyond secondary education, including programs leading to a degree or certificate.

To Higher Education.

**HJR 131** (By Rodriguez), Proposing a constitutional amendment allowing the expenditure of motor vehicle fuel taxes, registration fees, and federal reimbursement for those revenues for passenger rail, transit, and freight rail.

To Transportation.

**HJR 132** (By Landtroop), Proposing a constitutional amendment relating to the right to life beginning at fertilization.

To State Affairs.

**HJR 133** (By Gonzalez), Proposing a constitutional amendment authorizing a federally recognized Indian tribe in a county along the Texas-Mexico international border to conduct certain gaming activity on certain tribal lands.

To Licensing and Administrative Procedures.

**HJR 134** (By Oliveira), Proposing a constitutional amendment authorizing a county to regulate land development if approved by a majority vote in a countywide election.

To Land and Resource Management.

**HJR 135** (By Phillips), Proposing a constitutional amendment relating to an individual's or a religious organization's free exercise of religion.

To State Affairs.

**HJR 136** (By Price), Proposing a constitutional amendment providing that a legislator who is absent without excuse for an extended period during a legislative session vacates office and is not counted in determining a quorum of the applicable house of the legislature.

To State Affairs.

**HJR 137** (By Ritter), Proposing constitutional amendments relating to the funding of certain water projects.

To Natural Resources.

**HJR 140** (By Hunter), Proposing a constitutional amendment on the length of legislative terms and number of years a person may serve in the legislature.

To State Affairs.

**HJR 144** (By Raymond), Proposing a constitutional amendment regarding the dedication by general law of revenue of or money received by this state and money held in or deposited to an account or fund inside or outside the state treasury and the authorized expenditure or appropriation of revenue or money dedicated by general law.

To Ways and Means.

**HJR 145** (By Raymond), Proposing a constitutional amendment providing honesty in state taxation.

To Ways and Means.

**HJR 146** (By V. Taylor), Proposing a constitutional amendment to repeal the provision that requires the automatic resignation of certain county, municipal, or district officeholders if they become candidates for another office.

To Elections.

**HJR 147** (By Hamilton), Proposing a constitutional amendment authorizing the legislature to legalize and regulate the conduct of gaming in this state and authorizing the conduct of gaming by certain federally recognized Indian tribes.

To Licensing and Administrative Procedures.

**HJR 148** (By Ritter), Proposing a constitutional amendment relating to county delegation of authority regarding the disposition of county school lands and proceeds of a county permanent school fund.

To Public Education.

**HJR 149** (By Larson), Proposing a constitutional amendment to require the comptroller of public accounts to make a state revenue report after the first year of a state fiscal biennium and the governor to call a special session of the legislature if actual state revenue for that fiscal year was at least five percent less than projected revenue.

To Appropriations.

**HJR 150** (By Kleinschmidt), Proposing a constitutional amendment authorizing the legislature to provide for a four-year term for the chief appraiser of an appraisal district.

To Ways and Means.

**HJR 151** (By Thompson), Proposing a constitutional amendment authorizing the operation of casino games in this state by federally recognized Indian tribes on certain land.

To Licensing and Administrative Procedures.

**HJR 152** (By Thompson), Proposing a constitutional amendment authorizing the operation of casino games in this state by federally recognized Indian tribes on certain land and by licensed operators at horse and greyhound racetracks and licensed locations.

To Licensing and Administrative Procedures.

**HJR 153** (By Villarreal), Proposing a constitutional amendment authorizing the legislature to pass laws relating to junior college districts, including laws for the assessment and collection of taxes by a junior college district without the necessity of an election.

To Higher Education.

**HJR 154** (By Dutton), Proposing a constitutional amendment increasing the number of state senators from 31 to 41.

To State Affairs.

**HJR 155** (By Lewis), Proposing a constitutional amendment for filling vacancies in appellate judicial offices by appointment, for partisan elections for all judicial offices, and for subsequent nonpartisan retention elections for all judicial offices.

To Judiciary and Civil Jurisprudence.

**HJR 156** (By C. Howard), Proposing a constitutional amendment to require that taxation be fair and equal and that the full cash value of property, calculated only when property is purchased, constructed, or exchanged, be used for purposes of ad valorem taxation.

To Ways and Means.

**HJR 157** (By Phillips), Proposing a constitutional amendment limiting the purposes for which revenue from taxes on motor fuels and lubricants may be used.

To Ways and Means.

Pursuant to Rule 1, Section 4 of the House Rules, the chair corrects the referral of the following bills and resolutions:

**HB 16** (By Riddle), Relating to requiring a voter to present proof of identification.

To Elections.

**HB 112** (By Harless), Relating to requiring a voter to present proof of identification.

To Elections.

**HB 186** (By Perry), Relating to requiring a voter to present proof of identification; creating a penalty.

To Elections.

**HB 239** (By Parker), Relating to the offense of paying or receiving certain forms of compensation for facilitating the registration of voters; providing criminal penalties.

To Elections.

**HB 248** (By Chisum), Relating to requirements to vote, including presenting proof of identification; providing criminal penalties.

To Elections.

**HB 250** (By Hilderbran), Relating to requiring a voter to present proof of identification; providing penalties.

To Elections.

**HB 369** (By Hochberg), Relating to procedures concerning verification of certain information submitted in a voter registration application.

To Elections.

**HB 401** (By T. Smith), Relating to requiring a voter to present proof of identification.

To Elections.

**HB 539** (By C. Anderson), Relating to requiring a voter to present proof of identification.

To Elections.

**HB 624** (By Bonnen), Relating to requiring a voter to present proof of identification.

To Elections.

**HB 715** (By Hochberg), Relating to automatic voter registration on issuance or change of a driver's license or identification card by the Department of Public Safety.

To Elections.

**HB 1596** (By Isaac), Relating to documentation acceptable as proof of identification for voting.

To Elections.

**HB 1912** (By Bonnen), Relating to transferring the Texas Department of Rural Affairs to the Office of Rural Affairs within the Department of Agriculture and abolishing the board of the Texas Department of Rural Affairs.

To Government Efficiency and Reform.

## MESSAGES FROM THE SENATE

The following messages from the senate were today received by the house:

**Message No. 1**

MESSAGE FROM THE SENATE
SENATE CHAMBER
Austin, Texas
Wednesday, March 23, 2011

The Honorable Speaker of the House
House Chamber
Austin, Texas

Mr. Speaker:

I am directed by the senate to inform the house that the senate has taken the following action:

THE SENATE HAS PASSED THE FOLLOWING MEASURES:

**SB 240**                    Huffman
Relating to examination requirements for certain applicants for a license to practice medicine.

**SB 313**                    Seliger
Relating to priority groundwater management areas.

**SB 411**                    Estes
Relating to the amount of wine certain wineries may sell directly to consumers.

**SB 461**                    Williams
Relating to the design and issuance of license plates for United States paratroopers.

**SB 493**                    Fraser
Relating to the idling of motor vehicles.

**SB 576**                    Eltife
Relating to reports filed with the comptroller regarding certain alcoholic beverage sales; providing a penalty.

**SB 777**                    Williams
Relating to re-creating the scholarship trust fund for fifth-year accounting students as a trust fund outside the state treasury.

**SB 832**                    Rodriguez

Relating to voter eligibility and registration in El Paso County Water Improvement District No. 1.

Respectfully,
Patsy Spaw
Secretary of the Senate

**Message No. 2**

MESSAGE FROM THE SENATE
SENATE CHAMBER
Austin, Texas
Wednesday, March 23, 2011 - 2

The Honorable Speaker of the House
House Chamber
Austin, Texas

Mr. Speaker:

I am directed by the senate to inform the house that the senate has taken the following action:

THE SENATE HAS PASSED THE FOLLOWING MEASURES:

**SB 24**                    Van de Putte
Relating to the prosecution, punishment, and certain criminal and civil consequences of offenses involving or related to the trafficking of persons and to certain protections for victims of those offenses.

**SB 144**                   West
Relating to allowing a person who successfully completes a term of deferred adjudication community supervision to be eligible for a pardon.

**SB 181**                   Shapiro
Relating to the calculation and reporting of water usage by municipalities and water utilities for state water planning and other purposes.

**SB 248**                   Estes
Relating to the regulation of public grain warehouse operators.

**SB 329**                   Watson
Relating to the sale, recovery, and recycling of certain television equipment; providing administrative penalties.

**SB 390**                   Hegar
Relating to the continuing issuance of freshwater fishing stamps by the Parks and Wildlife Department.

**SB 524**                   Hegar
Relating to the issuance of certain permits for the movement of oversize or overweight vehicles.

**SB 801**                   Hegar
Relating to the authority of the seawall commission in Matagorda County to build and maintain recreational facilities near the seawall.

SJR 9                        West

Proposing a constitutional amendment authorizing the governor to grant a pardon to a person who successfully completes a term of deferred adjudication community supervision.

Respectfully,
Patsy Spaw
Secretary of the Senate

---

## APPENDIX

---

## STANDING COMMITTEE REPORTS

Favorable reports have been filed by committees as follows:

**March 22**

Appropriations - **HB 4, HB 275**

Border and Intergovernmental Affairs - **HB 397, HCR 68**

Defense and Veterans' Affairs - **HB 447**

Elections - **HB 174, HB 185, HB 1570**

Government Efficiency and Reform - **HB 682**

Judiciary and Civil Jurisprudence - **HB 149, HB 345, HB 372, HB 713**

State Affairs - **HB 12, HB 197, HB 804**

Ways and Means - **HB 645, HB 658, HB 843, HB 1040**

### ENGROSSED

**March 22 - HB 314**

### ENROLLED

**March 22 - HCR 47**