# Scott, John

| | |
|---|---|
| **From:** | Baldwin, Anna (CRT) <Anna.Baldwin@usdoj.gov> |
| **Sent:** | Tuesday, July 29, 2014 11:39 AM |
| **To:** | Whitley, David; Westfall, Elizabeth (CRT); Freeman, Daniel (CRT); Dellheim, Richard (CRT); Maranzano, Jennifer (CRT); Gear, Bruce (CRT) |
| **Cc:** | King, Ryan (CRT); 'AllCorpusChristiSection2CaseGroup@dechert.com'; Clay, Reed; D'Andrea, Arthur; Deason, Whitney; Hayes, Kevin; Keister, Ronny; Ried, Lisa; Roscetti, Jennifer; Scott, John; Tatum, Stephen; Wilson, Anne; Wolf, Lindsey |
| **Subject:** | Re: Veasey v. Perry: DPS Written Questions |

2:13-cv-193
09/02/2014
**DEF0240**

David,

The United States agreed to provide written questions as to certain of the Rule 30(b)(6) Topics and forego seeking live witness testimony on those topics, as well as to withdraw Topic 23. As you write in your email, we agreed that the only topics for which we would take oral testimony on are 1-7, 17, 18, and 22. In accordance with that agreement, we will only seek testimony tomorrow on those specific topics.

The written questions that we provided relate to the topics that we agreed would be addressed in writing. The scope of such questions is limited to the same intended scope that we discussed last Thursday. Generally speaking, we have asked the same set of approximately 10 questions related to the presence and removal of each of the card statuses that were involved in DPS's production error. As we discussed last Thursday, all such questions are appropriate in seeking to understand what the late-produced records that we have received represent.

With respect to any changes we discussed to the topics as stated, Reed expressed concern that topics 1 and 4 could implicate attorney-client privileged information. We explained that we had no intention of seeking discovery of privileged communications. Reed said that he would suggest further language regarding those topics, but we never received any such language. Given that, we are happy to reiterate that we do not plan to seek privileged information, that to the extent that Defendants believe any question does seek privileged information under Fifth Circuit standards, Defendants can of course so state, provide a basis for the objection, and instruct the witness not to answer. To the extent that we disagree with that instruction, we would have a documented record to be able to raise with the Court as necessary.

With respect to Topics 17 and 18, I do not recall that anyone suggested that the Notice need be re-issued to reflect our discussion on those topics. To address any concern, we repeat here what we said on the phone with respect to those topics:

With respect to 17, we seek testimony as to how to identify any records that were included in the July 23, 2014 DPS database extract that would have been included in a properly created version of the January 15, 2014 DPS database extract.

With respect to 18, we seek testimony as to how to identify any records that were included in the July 23, 2014 DPS database extract that would not have been included in a properly created version of the January 15, 2014 DPS database extract.

Because there is no disagreement between the parties as to which topics will be handled orally versus those which will be handled in writing, we see no reason to re-issue the Rule 30(b)(6) Notice. Of course, with respect to Rule 30(b)(6) Notices to the Federal agencies, Defendants did not re-issue the Notices to delete topics that were by agreement handled in writing versus orally. The procedure Defendants employed in that identical circumstance seems appropriate here.

Crawford
EXHIBIT NO. 1
Kim Seibert

1

Because I am traveling to Austin today, I am unable to meet and confer regarding the written questions until 7pm central. We would be happy to speak then or in the morning prior to the start of the deposition. We would urge Defendants not to delay answering any questions that are not the subject of any disagreement.

Thanks,
Anna


----- Original Message -----
From: Whitley, David [mailto:david.whitley@texasattorneygeneral.gov]
Sent: Tuesday, July 29, 2014 11:09 AM Eastern Standard Time
To: Baldwin, Anna (CRT); Westfall, Elizabeth (CRT); Freeman, Daniel (CRT); Dellheim, Richard (CRT); Maranzano, Jennifer (CRT); Gear, Bruce (CRT)
Cc: King, Ryan (CRT); 'AllCorpusChristiSection2CaseGroup@dechert.com' <AllCorpusChristiSection2CaseGroup@dechert.com>; Clay, Reed <Reed.Clay@texasattorneygeneral.gov>; D'Andrea, Arthur <Arthur.D'Andrea@texasattorneygeneral.gov>; Deason, Whitney <Whitney.Deason2@texasattorneygeneral.gov>; Hayes, Kevin <kevin.hayes@texasattorneygeneral.gov>; Keister, Ronny <ronny.keister@texasattorneygeneral.gov>; Ried, Lisa <Lisa.Ried@texasattorneygeneral.gov>; Roscetti, Jennifer <jennifer.roscetti@texasattorneygeneral.gov>; Scott, John <john.scott@texasattorneygeneral.gov>; Tatum, Stephen <stephen.tatum@texasattorneygeneral.gov>; Whitley, David <david.whitley@texasattorneygeneral.gov>; Wilson, Anne <anne.wilson@texasattorneygeneral.gov>; Wolf, Lindsey <Lindsey.Wolf@texasattorneygeneral.gov>
Subject: RE: Veasey v. Perry: DPS Written Questions

Anna,

During our Thursday, July 24, 2014, 1:00 p.m. CDT conferral regarding the DPS 30(b)(6) deposition, the United States agreed that Topics 1-7, 17, 18, and 22 would be appropriate for live testimony (after Topics 1, 4, 17, and 18 were narrowed) and that the United States would draft Deposition on Written Questions for the remainder of the topics, other than 23, which was stricken as agreed to by both Defendants and Plaintiffs. The United States also agreed to send an amended 30(b)(6) notice reflecting these changes. It appears the 30(b)(6) you sent at 10:44 p.m. CDT on July 28, 2014, is identical to the notice you originally sent on July 25, 2014. It includes all 23 topics (despite the agreement above), and it includes over 300 questions for a Rule 31 Deposition on Written Questions. Defendants request that an accurate 30(b)(6) notice, as had been agreed upon by Plaintiffs and Defendants, be sent by the United States no later than 2:00 p.m. CDT today so that we can prepare appropriately for tomorrow's DPS 30(b)(6) deposition. We also request a phone call at an agreed upon time later this week to meet and confer regarding the Deposition on Written Questions you have produced.

We are adamant about ensuring that the record is clear regarding DPS' programming error, but we are equally adamant that DPS' error not be leveraged to reopen discovery that should have been completed during the many hours of deposition testimony that DPS has already provided in this case.

Regards,
David

-----Original Message-----
From: Baldwin, Anna (CRT) [mailto:Anna.Baldwin@usdoj.gov]
Sent: Monday, July 28, 2014 10:43 PM
To: Whitley, David; Scott, John; Clay, Reed; Ried, Lisa; Westfall, Elizabeth (CRT); Freeman, Daniel (CRT); Dellheim, Richard (CRT); Maranzano, Jennifer (CRT); Gear, Bruce (CRT)
Cc: King, Ryan (CRT); 'AllCorpusChristiSection2CaseGroup@dechert.com'; Wolf, Lindsey; Roscetti, Jennifer; Tatum, Stephen; Keister, Ronny; 'bdonnell@dakpc.com'

Subject: Veasey v. Perry: DPS Written Questions

Counsel,

Attached please find written deposition questions to be answered by DPS pursuant to Rule 30(b)(6) and Rule 31. The Notice listing all topics is reattached here as well.

Please let me know of any questions.

Sincerely,

Anna Baldwin