**From:** Jonathan Stinson
**Sent:** Saturday, January 22, 2011 4:54 PM
**To:** 'jlawyer119@aol.com'; Wroe Jackson
**Subject:** Fw: preclearance
**Attachments:** VOTE - DOJ review.docx

Jonathan Stinson
jonathan.stinson@senate.state.tx.us

---

**From:** Bryan Hebert
**To:** Jason Baxter; Janice McCoy; Jonathan Stinson
**Cc:** Blaine Brunson; Julia Rathgeber
**Sent:** Sat Jan 22 16:41:19 2011
**Subject:** preclearance

Attached is a memo I've prepared assessing the chances of a Texas photo ID law being pre-cleared by the Obama DOJ. The bottom line: doubtful. To increase our chances, we might consider adding a longer list of acceptable photo IDs. I'd suggest using the language in Georgia's law (ie. any ID issued by the federal govt, state govt, or local govt within the state). At a minimum, we might use the language used in our bill that passed last session: "a valid identification card that contains the person's photograph and is issued by: (A) an agency or institution of the federal government; or (B) an agency, institution, or political subdivision of this state."

Of course, it is also an option to go around the DOJ and seek pre-clearance directly from a three-judge panel of the DC District Court, which might be more favorable to our law.

Bryan Hebert
Deputy General Counsel
Office of the Lieutenant Governor
512-463-0001




2:13-cv-193
09/02/2014
DEF0296

TX_00262650

HIGHLY CONFIDENTIAL

# STANDARD OF REVIEW BY DEPARTMENT OF JUSTICE

### Background
Section 5 of the Voting Rights Act states that a covered jurisdiction (such as Texas) may not implement a change in its election laws or practices unless the jurisdiction demonstrates the change will be free of any racially discriminatory purpose or effect and will not be "retrogressive" and diminish the ability of minority citizens to vote. A covered jurisdiction must submit a proposed election law for formal approval to either the United States Department of Justice - Civil Rights Division or to the United States District Court for the District of Columbia (represented by a randomly chosen three-judge panel) for a declaratory judgment that the proposed law is acceptable.

### Standard of legal review
Georgia is the only Section 5 state with a photo ID requirement. In 2005, mid-level DOJ staff rejected Georgia's proposed law, but were overruled by Bush-appointed senior DOJ staff. Presumably, senior staff appointed by Obama will be less inclined to do so. The 2005 DOJ legal review of the Georgia law indicates that the DOJ is most concerned with the following factors:

#### IS THERE A RETROGRESSIVE EFFECT?
- Did Texas produce or consider any evidence regarding whether Hispanics and blacks are less likely to possess or obtain a photo ID?
- How did the minority members of the legislature vote on the proposed changes in law?

#### IS THERE A LESS RETROGRESSIVE ALTERNATIVE?
- Are non-photo documents (birth certificate, social security cards, etc) proven to be unreliable or lack security (ie. is there evidence of theft, forgery, or fraud)?
- Is there evidence that criminal penalties are insufficient to deter voter fraud?
- Are there additional forms of photo ID that could be accepted for voting?

#### DOES THE NEW LAW INCLUDE MITIGATING EFFECTS?
- Are photo IDs free of charge and widely available?
- Is there a phased-in period of implementation?
- Are there "fail-safe" procedures (ie. permit voting if voter signs and affidavit, etc)?
- Are there education efforts targeted at minority communities?
- Is there a program designed to provide photo IDs in isolated and impoverished areas?
- Are there other programs or factors designed to minimize the impact on minority voters?

#### HOW DOES THIS LAW COMPARE TO THE LAW OF OTHER STATES?
- Is it more or less restrictive than identification laws in other states?

### Conclusion
The 2005 DOJ staff placed a lot of emphasis on whether a state allows non-photo ID options, accepts enough forms of photo ID, or includes a "fail-safe" procedure for voting without a photo ID. Without inclusion of these three options, it seems doubtful that the DOJ staff will recommend preclearance of a photo ID law.

It is also possible that the DOJ will be reluctant to deny preclearance and have the case go before the US Supreme Court, which could use the opportunity to overturn some or all of Section 5 of the Voting Rights Act.

TX_00262651

HIGHLY CONFIDENTIAL

It is unclear how a DC Circuit Court would rule on this matter and unclear how the US Supreme Court's 2008 ruling in the Indiana photo ID case or 2009 ruling in the NAMUDNO case would impact a DOJ decision.

HIGHLY CONFIDENTIAL

TX_00262652