**Frank Battle**

| | |
|---|---|
| From: | Janice McCoy |
| Sent: | Tuesday, April 12, 2011 1:07 PM |
| To: | Bryan Hebert |
| Subject: | OAG language - SB 14 |

552

So, I'm not sure we can do this without going outside the bounds, but what do you think?

SECTION 18. Section 65.054, Election Code, is amended by amending Subsections (a) and (b) and adding Subsection (e) to read as follows:

(a) The early voting <u>and provisional voting</u> ballot board shall examine each affidavit executed under Section 63.011 and determine whether to accept the provisional ballot of the voter who executed the affidavit.

(b) A provisional ballot <u>shall</u> [may] be accepted [only] if the board determines that<u>:</u>

<u>(1)</u> [,] from the information in the affidavit or contained in public records, the person is eligible to vote in the election and has not previously voted in that election<u>; and</u>

<u>(2) the person:</u>

<u>(A) meets the identification requirements of Section 63.001(b) at the time the ballot was cast or in the period prescribed under Section 65.0541; or</u>

<u>(B) executes an affidavit under penalty of perjury that states:</u>

<u>(i) the voter has a religious objection to being photographed;</u>

<u>(ii) the basis for the religious belief and how long the voter has held this belief,</u>

<u>(iii) the voter has consistently refused to be photographed for any governmental purpose from the time the voter has held this belief; and</u>

<u>(iv) the voter has not been challenged and voted a provisional ballot solely because the voter did not meet the requirements for identification prescribed by Section 63.001(b).</u>

<u>(c) The provisions of Chapter 110, Title 5, Civil Practices and Remedies Code shall not be applicable to this section or to any provision codified in Title 2 or Title 6 of the Texas Election Code.</u>

I think it is a bit excessive, but I'm not a lawyer.



EXHIBIT 30

2:13-cv-193
09/02/2014
DEF0399

HIGHLY CONFIDENTIAL

TX_00034516