2) not be a candidate for public office in an election held on the day the watcher seeks to serve; [Sec. 33.032]
3) not hold an elective public office; [Sec. 33.033]
4) not be an employee of an election judge or clerk serving at the same polling place; [Sec. 33.035]
5) not been finally convicted of an offense in connection with conduct directly attributable to an election; [Sec. 33.035] and
6) not be related within the second degree of consanguinity or affinity (as determined by Tex. Govt. Code, Chapter 573, Subchapter B, Secs. 573.022 - 573.025) to an election judge or clerk serving at that polling place. A watcher may be related to the candidate the watcher is representing. [Sec. 33.033]

3. <u>Certificate of Appointment</u>:  The poll watcher must present his or her poll watcher's certificate of appointment to the presiding judge when he or she reports for service. [Sec. 33.051(a)]
   1) The certificate must be in writing and must include the following: [Sec. 33.006]
      - Name, residence address, and voter registration number of the poll watcher;
      - The election and the number of the precinct where the poll watcher is to serve;
      - The signature of the person(s) making the appointment;
      - The signature of the poll watcher;
      - An indication of the capacity in which the appointing authority is acting;
      - In an election on a measure, an identification of the measure (if more than one is to be voted on) and a statement of which side the appointee represents; and
      - An affidavit executed by the poll watcher that the poll watcher will not have possession of any mechanical or electronic means of recording images or sound while serving as a watcher unless the poll watcher disables or deactivates the device.

      **NOTE:** A poll watcher may not use wireless communication devices (e.g. cell phones) in a polling place. [Sec. 61.014] A poll watcher may not be accepted for service if he or she possesses any mechanical or electronic means of recording images or sound unless the poll watcher disables or deactivates the device. The presiding judge may inquire whether a watcher has possession of any prohibited recording device before accepting the watcher for service. [Sec. 33.051(c)]

   2) The presiding judge must require the poll watcher to countersign his or her signature on the certificate of appointment and compare and verify the signatures. [Sec. 33.051(b)] The completion of the affidavit in front of the presiding election judge serves as the counter signature.

      **NOTE:** It is not necessary to notarize a certificate of appointment.

   3) The presiding judge must keep the certificate of appointment in Envelope No. 2 for return to the custodian of election records after the election. [Sec. 66.023(7)]
   4) If a watcher is not accepted for service, the presiding judge must return the certificate of appointment to the watcher with a signed statement of the reason for the rejection. [Sec. 33.051(e)]

4. Identification: **NEW LAW** (SB 160, 83rd Legislative Session, 2013). A poll watcher must wear a form of identification prescribed by the Secretary of State and provided by the presiding judge or other election officer. [Sec. 33.051(f)]

5. Service, Duties, and Privileges of Poll Watchers
   1) A watcher may not leave the polling place while the polls are open and be readmitted unless the watcher has served for five continuous hours. If the watcher has served for five continuous hours and is present when ballots are counted, the watcher may not leave and return until the counting is complete. [Sec. 33.052]

      **EXCEPTION**: If a poll watcher leaves the polling place in order to use a wireless communication device AND promptly returns, he or she is considered to have served continuously as that term is used for calculating their continuous 5 hours, which allows them to come and go. [Sec. 33.052(b)]

   2) A watcher must be permitted to observe all election activities performed by the election judge and clerks and to inspect the returns and other records prepared by the election judge and clerks. [Sec. 33.056]
      - A watcher is entitled to sit or stand conveniently near the election officers conducting the observed activity. [Sec. 33.056(a)]
      - A watcher is entitled to sit or stand near any member of the counting team to verify that the ballots are read correctly and/or that they are tallied correctly. [Sec. 33.056(b)]
      - A watcher may make written notes while on duty. However, if the watcher leaves the polling place while the polls are open, he or she may be required to leave his or her written notes with another person selected by the watcher, who is on duty at the polling place. [Sec. 33.056(d)]

   3) A watcher may not talk with the judge, clerks, or voters regarding the election while it is in progress, except to point out to an election judge and/or clerk any observed irregularity or violation of the law. [Sec. 33.058]
      - If a watcher points out to an election clerk an occurrence that the watcher believes to be irregular and the clerk refers the watcher to the presiding judge, the watcher may not discuss the matter further with the clerk unless the presiding judge invites the discussion. [Sec. 33.058]

   4) A watcher who asks to accompany the election officer who delivers election records must be permitted to do so. [Sec. 33.060(a)]
      - If the delivery is made in a vehicle, it is sufficient to allow the watcher to follow in a different vehicle and to drive in such a manner that the watcher may keep the delivery vehicle in sight. [Sec. 33.060(b)]

   5) A watcher is not permitted to converse with any voter, or communicate with or signal to any voter in any manner regarding the election. [Sec. 33.058(a)]

   6) A watcher may not watch a voter vote except when a voter is being assisted by election officers. A watcher may not watch a voter vote if the voter is being assisted by a person other than an election officer. [Sec. 33.057]

11

7) Preventing a watcher from observing any activity the watcher is entitled to observe is a Class A misdemeanor. [Sec. 33.061]

**SECTION C. ELECTION INSPECTORS**
1. Inspectors are appointed by the Secretary of State and are responsible to the Secretary of State. [Sec. 34.001]
2. An inspector must wear an identifying name tag or badge while on duty at a polling place. [Sec. 61.010(b)]
3. Inspectors must be permitted to observe all election activities performed by the election judges and clerks. [Sec. 34.002]
4. Inspectors are not required to be at the polling place when the polls open or remain in the polling place until the polls close.
5. Inspectors are not required to take an oath administered by the election judge.
6. Inspectors will have identification cards issued by the Secretary of State. The presiding judge should request identification from the inspector. Anyone purporting to be an inspector who cannot produce identification as an inspector should not be permitted in the polling place. Please note that the SOS inspector will be wearing a name tag that will also serve as their identification card.
7. Federal observers may also be appointed under 42 U.S.C.A. § 1973f. These observers will produce appropriate identification. Federal observers must also wear a name badge.

# CHAPTER 2
# QUALIFYING THE VOTER

**PROCESSING THE VOTER**

Open the doors to the polling place at 7:00 a.m. and direct voters to the voter acceptance table. [Sec. 41.031] Then follow these basic steps which apply for all voters. [Secs. 63.001, 63.0011]

1. <u>Ask Voter to Provide Acceptable Form of Identification or Permanent Exemption</u>: An election officer at the acceptance table should ask the voter to present an acceptable form of identification. [Sec. 63.001(b)]

   The acceptable forms of identification are:
   1) Texas Driver License issued by the Department of Public Safety ("DPS");
      **NOTE:** This form of ID should not be used if "Limited Term" or "Temporary Visitor" appears on the face of the card as this indicates the person is not a U.S. Citizen.
   2) Texas Election Identification Certificate issued by DPS;
   3) Texas Personal Identification Card issued by DPS;
      **NOTE:** This form of ID should not be used if "Limited Term" or "Temporary Visitor" appears on the face of the card as this indicates the person is not a U.S. Citizen.
   4) Texas Concealed Handgun License issued by DPS;
   5) United States Military Identification Card containing the person's photograph;
   6) United States Citizenship Certificate/Certificate of Naturalization containing the person's photograph; or
   7) United States Passport.
      **NOTE:** A "passport card" which is also issued by the U.S. Department of State, is acceptable.

   **Permanent Disability Exemption:** If the voter <u>presents the voter's current voter registration certificate that has a notation of an "(E)"</u> after the VUID number, it is not necessary for the voter to have one of seven forms of identification listed above. The notation means the voter is exempt from showing one of the seven forms of identification because the voter is disabled and has applied for and received a disability exemption from the voter registrar in accordance with the Texas Election Code.

   **NOTE:** If the voter does not have an acceptable form of identification, or does not present the voter's current voter registration certificate with an "E" notation, then the voter may not vote a regular ballot, but must vote a provisional ballot. [Secs. 63.001(g) & (h), 63.0101, 63.011] However, no later than six calendar days after election day, the voter may present an acceptable form of identification to the voter registrar, which will "cure" the voter's failure to provide an acceptable form of identification at the polling place. You must notify the voter of his or her right to vote provisionally in accordance with the procedures prescribed in Situation 6.

   **NOTE:** With the exception of the United States Citizenship Certificate, the acceptable form of identification must be current or have expired no more than 60 days before being presented for voter qualification at the polling place.

13

**NOTE:** If the presiding judge reasonably determines that the voter is not the person whose photo appears on the acceptable form of identification presented by the voter, the presiding judge will follow the procedure prescribed in Situation 6.

**NOTE:** The authority conducting the election may authorize an election officer to access electronically readable information on a driver's license or personal identification card for proof of identification when determining whether a voter shall be accepted for voting. [Sec. 63.0102]

2. <u>Located Voter on List of Registered Voters</u>: When presented with an acceptable form of identification or the voter's current voter registration certificate with an "E" notation, the election officer checks the list of registered voters for:
   1) the voter's name;
   2) the voter's registration status; and
   3) any special annotations.

   **NOTE:** The two annotations are "S" for suspense and a "voted" annotation if the voter has voted early. <u>Because the acceptable form of identification or the voter's current voter registration certificate with an "E" notation satisfies the requirement for presenting identification formerly required by an "ID" notation, you may disregard any "ID" notation in the official list of registered voters.</u>

3. <u>Compare Voter's Name</u>: If the voter's name on the official list of registered voters does not exactly match the name as it appears on the acceptable form of identification, follow the procedure prescribed in Situation 2.

4. <u>Ask Voter if their Residence Address has Changed</u>: After determining that the voter is registered, the voter must be asked if the residence address on the list of registered voters has changed. An "S" notation by a voter's name means that the voter may have moved. If the voter has moved within the county, or is on the S-list, the voter must sign the Statement of Residence before being permitted to vote. A voter who has moved within the county must vote in his or her former precinct of residence, according to his or her "old" registration address.

   **NOTE:** If the election is conducted for a city, school district, or other local political subdivision, in addition to residing in the county, the voter must still reside in the city, school district, or other local political subdivision in order to be eligible to vote.

5. At this point, determine which of the situations below applies to the voter and follow the steps outlined after the particular situation to process the voter.

> SITUATION 1. **The Ideal Voter**

In the ideal voter scenario, the voter presents their acceptable form of identification listed on page 13 or has a notation of an "(E)" after the VUID number on their voter registration certificate. [Secs. 63.001, 63.0101]

Further, the identification provided by the voter will be current or not have expired more than 60 days before the voter is presenting it at the polling place.

The voter will be located in the precinct's list of registered voters, and the name found on the list of registered voters will match exactly to the name listed on the voter's identification.

After verifying the voter's identification, the voter is asked if the voter's residence address on the precinct list of registered voters is current and whether the voter has changed residence within the county. [Sec. 63.0011] In an ideal voter situation, the voter's address will be current and the voter will not have changed residence within the county.

**NOTE:** Some voters may not have their addresses on the list of registered voters due to their participation in an address confidentiality program. Nevertheless, election judges should continue to ask whether or not the voter has moved from the address at which the voter is registered to vote. If the voter's registration address is omitted due to participation in an address confidentiality program, you must ask the voter if the residence address listed on the voter's acceptable form of identification is current and whether the voter has changed residence within the county.

At this point, the voter should be checked-in by following these steps:

1. Stamp "voted" or place some other notation next to the voter's name on the list of registered voters to indicate that the voter has been accepted for voting. [Sec. 63.001(e)]

   *In a primary election, stamp "voted" in the same manner on the second list of registered voters that is to be given to the precinct chair for use at the precinct convention after the polls close. [Sec. 172.1141] However, House Bill 3102 (2013) amended Section 174.022 of the Texas Election Code to provide that precinct conventions may be held at a time and place determined by rules adopted by the state executive committee of a political party. At the time this handbook is being published, it is unknown what the date, time, and place of precinct conventions for either political party will be. House Bill 3102 did not amend Section 172.1114 of the Texas Election Code and, practically speaking, the second list may not be used to qualify precinct convention participants if the precinct convention has already occurred. You will be given instructions at a later time concerning the second list and procedures to be followed if a voter participated in a political party's convention prior to the primary election, but wishes to vote in the other political party's primary election.*

2. *In a runoff primary election, only one list of registered voters is used. This list will indicate voters who voted in the first primary or participated in a convention of the opposite party. If a voter attempts to vote in a runoff primary of a different party than the*

*one in which the voter voted in the first primary, the voter is ineligible to vote. The ineligibility should be brought the voter's attention. A voter becomes affiliated with a political party when the voter votes in that party's primary or participates in that party's convention. A person commits an offense if the voter votes or attempts to vote in a primary election after having voted in a primary election of another party during the same voting year. (The voting year is January 1 through December 31.) If the voter believes the notation for the primary election or convention attendance to be incorrect, the voter may complete the Affidavit of Non-Participation and Affiliation form indicating that the voter did not participate in that party's primary or convention and proceed to vote. It is not necessary for the voter to vote provisionally to counteract the record of primary or convention activity. [Sec. 172.125] The Affidavit of Non-Participation and Affiliation form is a separate form not included on the combination form; election officers are advised to note on the combination form that the Affidavit of Non-Participation form was used. [Sec. 162.014]*

3. Have the voter sign the signature roster (or combination form). [Sec. 63.002(b)] If the voter cannot sign his or her name, an election officer shall enter the voter's name with a notation of the reason for the voter's inability to sign the roster (or combination form). [Sec. 63.002(c)]

4. Legibly enter the name of the voter on the poll list (or combination form). [Sec. 63.003(c)]
   - The voter is required to sign his or her voter registration certificate in the appropriate place upon receipt. [Sec. 15.003]
   - If a combination form is not used, the names on the poll list must be entered in the same order as the names on the signature roster. [Sec. 63.003(c)]
   - *Stamp the voter's voter registration certificate with the party affiliation in a primary election. Otherwise, give voter a certificate of party affiliation. [Sec. 162.004(b)]*

   **NOTE**: *Because voters are no longer required to present their voter registration certificates (except to show a disability exemption), only their acceptable form of identification, there may be an increase in the issuance of party affiliation certificates.*

   **NOTE**: *The party affiliation certificate is not required to be issued to a voter in a runoff primary unless he or she requests it. [Sec. 162.004(c)]*

5. Return the acceptable form of identification presented by the voter and the voter's voter registration certificate, if presented, to the voter. [Sec. 63.001(f)]

6. Have the voter pick up a ballot, if applicable, or issue the voter an activation code, etc. for the accessible voting equipment and direct the voter to the voting area. [Sec. 64.001]

> **SITUATION 2. Voter's Name on Acceptable Form of Identification Does Not Match Voter's Name on List of Registered Voters**

The voter presents an acceptable form of identification listed on page 13 or has a notation of an "(E)" after the VUID number on their voter registration certificate). [Secs. 63.001, 63.0101]

If the voter's name on the precinct's list of registered voters is not identical to the voter's name as it appears on the voter's identification, the election officer will determine, under standards adopted by the Secretary of State, if the names are "substantially similar." If the names are substantially similar, the voter shall be accepted for voting. The voter must submit an affidavit, which is part of the combination form, stating that the voter is the person on the list of registered voters.

A voter's name on the presented identification form is considered substantially similar to the name on the official list of registered voters and a voter's name on the official list of registered voters is considered substantially similar to the name on the presented identification form if one or more of the circumstances in paragraphs (1) - (4) of this subsection are present. In determining whether one or more of those circumstances are present, election workers should consider whether information on the presented identification form matches elements of the voter's information on the official list of registered voters such as the voter's residence address or date of birth, which may be strong indicators that the name on the presented identification form is substantially similar to the name on the official list of registered voters and vice versa if:

1. Slightly Different: The name on the presented identification form is slightly different from one or more of the name fields on the official list of registered voters or one or more of the name fields on the official list of registered voters is slightly different from the name on the presented identification form;

2. Customary Variation: The name on the presented identification form or on the official list of registered voters is a customary variation of the formal name such as, for illustrative purposes only, Bill for William, or Beto for Alberto, that is on the document or list that must match, as the case may be;

3. Initial, Middle Name or Former Name: The voter's name on the presented identification form contains an initial, a middle name, or a former name that is not on the official list of registered voters or the official list of registered voters contains an initial, a middle name, or a former name that is not on the presented identification form; or

4. Different Field: A first name, middle name, former name, or initial of the voter's name that occupies a different field on the presented identification form than a first name, middle name, former name, or initial of the voter's name on the official list of registered voters.

If the reviewing election worker makes a determination that the voter's name on the presented identification form and the official list of registered voters are substantially similar, the voter shall be accepted for voting if the voter submits the "Similar Name Affidavit," which he or she does my initialing the correct location on the combination form, prescribed by the Secretary of State stating that the voter offering the presented identification form is the same person on the official list of registered voters.

If the reviewing election worker makes a determination that the voter's names on the presented identification form and the official list of registered voters are not substantially similar, the voter shall be offered a provisional ballot. The voter shall be processed as a provisional voter in accordance with the provisional voter process established under Texas law (Situation 6), at the time of voting.

After verifying the identity of the voter, follow these steps:
1. Ask the voter if the voter's residence address on the precinct list of registered voters is current and whether the voter has changed residence within the county; if changed, have voter complete a statement of residence form. [Sec. 63.0011]

2. Stamp "voted" or place some other notation next to the voter's name on the list of registered voters to indicate that the voter has been accepted for voting. [Sec. 63.001(e)]

3. *In a primary election, stamp "voted" in the same manner on the second list of registered voters that is to be given to the precinct chair for use at the precinct convention after the polls close. [Sec. 172.1141] However, House Bill 3102 (2013) amended Section 174.022 of the Texas Election Code to provide that precinct conventions may be held at a time and place determined by rules adopted by the state executive committee of a political party. At the time this handbook is being published, it is unknown what the date, time, and place of precinct conventions for either political party will be. House Bill 3102 did not amend Section 172.1114 of the Texas Election Code and, practically speaking, the second list may not be used to qualify precinct convention participants if the precinct convention has already occurred. You will be given instructions at a later time concerning the second list and procedures to be followed if a voter participated in a political party's convention prior to the primary election, but wishes to vote in the other political party's primary election.*

4. *In a runoff primary election, only one list of registered voters is used. This list will indicate voters who voted in the first primary or participated in a convention of the opposite party. If a voter attempts to vote in a runoff primary of a different party than the one in which the voter voted in the first primary, the voter is ineligible to vote. The ineligibility should be brought the voter's attention. A voter becomes affiliated with a political party when the voter votes in that party's primary or participates in that party's convention. A person commits an offense if the voter votes or attempts to vote in a primary election after having voted in a primary election of another party during the same voting year. (The voting year is January 1 through December 31.) If the voter believes the notation for the primary election or convention attendance to be incorrect, the voter may complete the Affidavit of Non-Participation and Affiliation form indicating that the voter did not participate in that party's primary or convention and proceed to vote. It is not necessary for the voter to vote provisionally to counteract the record of primary or convention activity. [Sec. 172.125] The Affidavit of Non-Participation and Affiliation form is a separate form not included on the combination form; election*

18

*officers are advised to note on the combination form that the Affidavit of Non-Participation form was used. [Sec. 162.014]*

5. Have the voter sign the signature roster (or combination form). [Sec. 63.002(b)]

6. If the voter cannot sign his or her name, an election officer shall enter the voter's name with a notation of the reason for the voter's inability to sign the roster (or combination form). [Sec. 63.002(c)]

7. Legibly enter the name of the voter on the poll list (or combination form). [Sec. 63.003(c)]

8. If a combination form is not used, the names on the poll list must be entered in the same order as the names on the signature roster. [Sec. 63.003(c)]

9. *Stamp the voter's registration certificate, if available, with the party affiliation in a primary election. [Sec. 162.004(b)])]*

   **NOTE**: *Because voters are no longer required to present their voter registration certificates (except to show a disability exemption), only their acceptable form of identification, there may be an increase in the issuance of party affiliation certificates.*
   **NOTE**: *The party affiliation certificate is not required to be issued to a voter in a runoff primary unless he or she requests it. [Sec. 162.004(c)]*

10. Return the acceptable form of identification presented by the voter and the voter's voter registration certificate, if presented, to the voter. [Sec. 63.001(f)]

11. Have the voter pick up a ballot, if applicable, or issue the voter an activation code, etc. for the accessible voting equipment and direct the voter to the voting area. [Sec. 64.001]

> SITUATION 3.
> **Voter Has Moved**

The voter presents an acceptable form of identification listed on page 13 or has a notation of an "(E)" after the VUID number on the voter's registration certificate, and the voter's name appears on the precinct's list of registered voters. [Secs. 63.001, 63.0101]

The election officer determines under standards adopted by the Secretary of State that the voter's name on the acceptable form of identification presented by the voter either exactly matches or is substantially similar to the name on the official list of registered voters. In the latter case, the officer will follow the procedures outlined in Situation 2 above relating to the voter submitting an affidavit, which is part of the combination form, stating that the voter is the person on the list of registered voters.

In this situation, the voter has changed his or her residence to a different precinct. Even if the voter has moved within an apartment complex, his or her precinct may have changed, so be sure to ask for the voter's full address. If you don't know whether the voter's new address is within the same precinct or within the same county, call the voter registrar to determine a voter's proper precinct or county. [Sec. 63.0011]

If the voter has moved or has an "S" notation next to his or her name, follow one of the three solutions below:

1. <u>Moved **To** Another Precinct Within County</u> (Voter shows up to vote in old precinct): The voter's name and address are on the list of registered voters, but the voter says that he or she has moved within the county or is on the S-list and is no longer a resident of the precinct. [Sec. 11.004]

   He or she may vote a full ballot in this precinct if:
   1) He or she completes and signs a Statement of Residence; and
   2) The voter's present residence is in the territory of the political subdivision holding the election.

   **NOTE**: A registered voter who changes his or her residence to another election precinct within the same county may vote a full ballot in his or her former precinct, if otherwise qualified, regardless of how long ago the voter moved, as long as voter lives in the same political subdivision conducting the election. *In primary elections* and the November election for state and county officers, the voter must still reside in the county.

2. <u>Moved **From** Another Precinct Within County</u> (Voter shows up to vote in new precinct): The voter says he or she is a resident of the precinct, but he or she did not transfer his or her voter registration to the new precinct of residence by the 30th day before the election. Further, the voter's name is not on the list of registered voters, and the voter does not present a current voter registration certificate which shows the voter registered to vote in the precinct.

20

1) The presiding judge should direct the voter to vote in his or her previous precinct if the voter is registered to vote there. If polling location information is available from a computer at the polling place, the election officer shall provide that information to assist voters in finding his or her correct polling place.
2) If the voter declines to go to the correct precinct, the election judge must inform the voter of his or her right to cast a provisional ballot. (Follow the procedures for provisional voters in Situation 6.)

3. <u>Moved to Another County</u>: A voter who has moved from one county to another may NOT vote on election day in the county of his or her new residence, unless the voter has an effective registration in the new county. If the voter insists on voting in their new county of residence on election day, the election judge must inform the voter of the voter's right to cast a provisional ballot.

   **NOTE**: A voter who has moved from one county to another may, under some circumstances, be eligible to vote a <u>limited ballot</u> in the new county of residence before his or her registration in the new county is effective, but voting under this procedure may only be done by personal appearance or by mail during the <u>early-voting-in-person period</u>. The voter must be a registered voter in his or her county of former residence or was registered in the former county of residence when the voter applied to register in the new county of residence. [Sec. 112.001, et seq.]

If the election officer determines that a voter has qualified to vote in the precinct where the voter has presented himself or herself, follow the standard procedures for processing the voter:

1. Stamp "voted" or place some other notation next to the voter's name on the list of registered voters to indicate that the voter has been accepted for voting. [Sec. 63.001(e)]

2. *In a primary election, stamp "voted" in the same manner on the second list of registered voters that is to be given to the precinct chair for use at the precinct convention after the polls close. [Sec. 172.1141] However, House Bill 3102 (2013) amended Section 174.022 of the Texas Election Code to provide that precinct conventions may be held at a time and place determined by rules adopted by the state executive committee of a political party. At the time this handbook is being published, it is unknown what the date, time, and place of precinct conventions for either political party will be. House Bill 3102 did not amend Section 172.1114 of the Texas Election Code and, practically speaking, the second list may not be used to qualify precinct convention participants if the precinct convention has already occurred. You will be given instructions at a later time concerning the second list and procedures to be followed if a voter participated in a political party's convention prior to the primary election, but wishes to vote in the other political party's primary election.*

3. *In a runoff primary election, only one list of registered voters is used. This list will indicate voters who voted in the first primary or participated in a convention of the opposite party. If a voter attempts to vote in a runoff primary of a different party than the one in which the voter voted in the first primary, the voter is ineligible to vote. The ineligibility should be brought the voter's attention. A voter becomes affiliated with a political party when the voter votes in that party's primary or participates in that party's convention. A person commits an offense if the voter votes or attempts to vote in a primary election after having voted in a primary election of another party during the*

*same voting year. (The voting year is January 1 through December 31.) If the voter believes the notation for the primary election or convention attendance to be incorrect, the voter may complete the Affidavit of Non-Participation and Affiliation form indicating that the voter did not participate in that party's primary or convention and proceed to vote. It is not necessary for the voter to vote provisionally to counteract the record of primary or convention activity. [Sec. 172.125] The Affidavit of Non-Participation and Affiliation form is a separate form not included on the combination form; election officers are advised to note on the combination form that the Affidavit of Non-Participation form was used. [Sec. 162.014]*

4. Have the voter sign the signature roster (or combination form). [Sec. 63.002(b)]

5. If the voter cannot sign his or her name, an election officer shall enter the voter's name with a notation of the reason for the voter's inability to sign the roster (or combination form). [Sec. 63.002(c)]

6. Legibly enter the name of the voter on the poll list (or combination form). [Sec. 63.003(c)]

7. If a combination form is not used, the names on the poll list must be entered in the same order as the names on the signature roster. [Sec. 63.003(c)]

8. *Stamp the voter's registration certificate, if available, with the party affiliation in a primary election. [Sec. 162.004(b)])]*

   **NOTE:** *Because voters are no longer required to present their voter registration certificates (except to show a disability exemption), only their acceptable form of identification, there may be an increase in the issuance of party affiliation certificates.*
   **NOTE:** *The party affiliation certificate is not required to be issued to a voter in a runoff primary unless he or she requests it. [Sec. 162.004(c)]*

9. Return the acceptable form of identification presented by the voter and the voter's voter registration certificate, if presented, to the voter. [Sec. 63.001(f)]

10. Have the voter pick up a ballot, if applicable, or issue the voter an activation code, etc. for the accessible voting equipment and direct the voter to the voting area. [Sec. 64.001]