> **SITUATION 4.**
> **Voter with Acceptable Form of Identification, but**
> **Voter's Name Not on List of Registered Voters**
> **(Section 63.006)**

The voter presents an acceptable form of identification listed on page 13 (or has a notation of an "(E)" after the VUID number on the voter's voter registration certificate), **BUT** the voter's name does **not** appear on the precinct's list of registered voters. [Sec. 63.001] A voter who presents an acceptable form of identification, but whose name is not on the precinct list of registered voters, shall be accepted for voting if the voter also presents a voter registration certificate indicating that the voter is currently registered either:
1. in the precinct in which the voter is offering to vote; or
2. in a different precinct in the same county as the precinct in which the voter is offering to vote, and the voter executes an affidavit stating that the voter:
    1) is a resident of the precinct in which the voter is offering to vote or is otherwise entitled by law to vote in that precinct;
    2) was a resident of the precinct in which the voter is offering to vote at the time the information on the voter's residence address was last provided to the voter registrar;
    3) did not deliberately provide false information to secure registration in a precinct in which the voter does not reside; and
    4) is voting only once in the election.

Check the box labeled "Not on List 63.006" on the same line as the voter's name and address on the combination form (or on the poll list) and indicate there that the voter was accepted under Section 63.006. The election officer shall also enter the voter's name on the registration omissions list. [Sec. 63.006(a), (b)].

At this point, the election officer should follow the standard procedures for processing the voter:

1. Stamp "voted" or place some other notation next to the voter's name on the list of registered voters to indicate that the voter has been accepted for voting. [Sec. 63.001(e)]

2. *In a primary election, stamp "voted" in the same manner on the second list of registered voters that is to be given to the precinct chair for use at the precinct convention after the polls close. [Sec. 172.1141] However, House Bill 3102 (2013) amended Section 174.022 of the Texas Election Code to provide that precinct conventions may be held at a time and place determined by rules adopted by the state executive committee of a political party. At the time this handbook is being published, it is unknown what the date, time, and place of precinct conventions for either political party will be. House Bill 3102 did not amend Section 172.1114 of the Texas Election Code and, practically speaking, the second list may not be used to qualify precinct convention participants if the precinct convention has already occurred. You will be given instructions at a later time concerning the second list and procedures to be followed if a voter participated in a political party's convention prior to the primary election, but wishes to vote in the other political party's primary election.*

3. *In a runoff primary election, only one list of registered voters is used. This list will indicate voters who voted in the first primary or participated in a convention of the opposite party. If a voter attempts to vote in a runoff primary of a different party than the one in which the voter voted in the first primary, the voter is ineligible to vote. The ineligibility should be brought the voter's attention. A voter becomes affiliated with a political party when the voter votes in that party's primary or participates in that party's convention. A person commits an offense if the voter votes or attempts to vote in a primary election after having voted in a primary election of another party during the same voting year. (The voting year is January 1 through December 31.) If the voter believes the notation for the primary election or convention attendance to be incorrect, the voter may complete the Affidavit of Non-Participation and Affiliation form indicating that the voter did not participate in that party's primary or convention and proceed to vote. It is not necessary for the voter to vote provisionally to counteract the record of primary or convention activity. [Sec. 172.125] The Affidavit of Non-Participation and Affiliation form is a separate form not included on the combination form; election officers are advised to note on the combination form that the Affidavit of Non-Participation form was used. [Sec. 162.014]*

4. Have the voter sign the signature roster (or combination form). [Sec. 63.002(b)]

5. If the voter cannot sign his or her name, an election officer shall enter the voter's name with a notation of the reason for the voter's inability to sign the roster (or combination form). [Sec. 63.002(c)]

6. Legibly enter the name of the voter on the poll list (or combination form). [Sec. 63.003(c)]

7. If a combination form is not used, the names on the poll list must be entered in the same order as the names on the signature roster. [Sec. 63.003(c)]

8. *Stamp the voter's registration certificate, if available, with the party affiliation in a primary election. [Sec. 162.004(b)])]*

   **NOTE**: *Because voters are no longer required to present their voter registration certificates (except to show a disability exemption), only their acceptable form of identification, there may be an increase in the issuance of party affiliation certificates.*
   **NOTE**: *The party affiliation certificate is not required to be issued to a voter in a runoff primary unless he or she requests it. [Sec. 162.004(c)]*

9. Return the acceptable form of identification presented by the voter and the voter's voter registration certificate, if presented, to the voter. [Sec. 63.001(f)]

10. Have the voter pick up a ballot, if applicable, or issue the voter an activation code, etc. for the accessible voting equipment and direct the voter to the voting area. [Sec. 64.001]

24

> **SITUATION 5. Voter Without Certificate and Not on List of Registered Voters**

A voter whose name is not on the list of registered voters for the precinct in which the voter is offering to vote, and who does not present a voter registration certificate when offering to vote, as set forth in Situation 4 above, shall be accepted for provisional voting if:
1. the voter executes an affidavit stating that the person is a registered voter in the precinct in which the person seeks to vote; and
2. is eligible to vote in the election. [Sec. 63.009]

Follow the procedures for provisional voter in Situation 6 below.

> **Situation 6.
> Provisional Voter**

1. At all elections, the following individuals are eligible to vote a provisional ballot:

    1) A voter who does not provide an acceptable form of identification described by Section 63.0101 of the Texas Election Code (the "Code"), regardless of whether the voter presents a valid voter registration certificate; or

    2) A voter whose name on the acceptable form of identification listed on page 13 is determined by the election officer not to exactly match or be substantially similar to the name as it appears on the election precinct list of registered voters; or

    3) A voter who presented an acceptable form of identification as described by Section 63.0101 of the Code <u>but</u> whose identity cannot be verified by the identification presented; or

    4) A voter who has received a disability exemption under 13.002(i) of the Code, but does not have or otherwise fails to present the voter's voter registration certificate at the polling place <u>indicating such exemption</u>; or

    5) Under section 63.009 of the Code (Situation 5), a voter who claims to be properly registered and eligible to vote at the election precinct where the voter presents himself or herself to vote, but whose name does not appear on the precinct list of registered voters and who does not present a voter registration certificate indicating that the voter is currently registered (as described in Section 63.006 of the Texas Election Code); or

    6) A voter who has applied for a ballot by mail, but has not yet cancelled the mail ballot application with the early voting clerk at the main early voting location or cancelled the mail application by returning the ballot to be voted by mail to the election judge at the voter's election day precinct polling place; or

25

    7)     A voter who votes during the polling hours that are extended by a state or federal court; or

    8)     A voter who is registered to vote but attempting to vote in a precinct other than the one in which the voter is registered; or

    9)     A voter who is on the election precinct list of registered voters, but whose registered residence address is outside the political subdivision in which the voter is presenting himself or herself to vote; or

    10)     Other: _____ (with an explanation).  [Sec. 63.011; 1 T.A.C. §§81.172—81.176]

2. If a voter is eligible to cast a provisional ballot under the provisions set forth above, the election judge shall immediately inform the voter of this right.

3. The election judge must request the voter who will be voting provisionally to present an acceptable form of identification listed on page 13 to vote a provisional ballot.

4. If the provisional voter has no acceptable form of identification, the voter must still be permitted to vote a provisional ballot, but the election judge will advise the voter that in order to have the provisional ballot accepted, the voter must present an acceptable form of identification to the voter registrar no later than the 6th day after the election date, or, alternatively, complete an exemption form in the presence of the voter registrar no later than the 6th day after the election date.

5. The election judge shall also advise the provisional voter that in order to have the voter's provisional ballot accepted, the provisional voter must be voting in the election precinct to which the voter is assigned.  It is recommended that election officers make every effort to direct a voter to the polling place for the election precinct to which the voter is assigned.  <u>The election judge should familiarize himself or herself with the procedures and policies of the voter registrar on election day for confirming a voter's correct election precinct.  However, the election officer may not accept from the voter registrar a determination that the voter is a registered voter of the county.</u>

6. Prior to casting a provisional ballot, the election judge shall advise the provisional voter to complete and sign a Provisional Ballot Affidavit Envelope.  The Provisional Ballot Affidavit Envelope shall state that the provisional voter is a registered voter in the election precinct in which the voter seeks to vote and eligible to vote in the election.  In order to vote a provisional ballot, a provisional voter must sign the Provisional Ballot Affidavit Envelope, and the election judge shall make this clear to the provisional voter.

7. The election judge shall complete the appropriate judge's portion of the reverse side of the Provisional Ballot Affidavit Envelope, including checking the appropriate box, "yes" or "no," as to whether the voter presented a valid and acceptable form of identification.  The election judge shall check the reason for which the voter voted provisionally on the Provisional Ballot Affidavit Envelope, and shall then sign the Provisional Ballot Affidavit Envelope.  The reasons are:

26

1) Failed to present acceptable form of identification or voter certificate with exemption;

2) Voter not on list of registered voters;

3) Voter not on list, registered in another precinct;

4) Voter on list of people who voted early by mail, and voter has not cancelled mail ballot application;

5) Voting after 7:00 p.m. due to court order;

6) Voter on list, but registered residence address outside the _____ political subdivision; or

7) Other _____ (Please explain).

8. After the provisional voter completes the Provisional Ballot Affidavit Envelope and the election judge completes the judge's portion of the reverse side of the Envelope, the election judge shall enter the provisional voter's name on the List of Provisional Voters form. The List of Provisional Voters form contains a box to indicate whether or not the voter submitted an acceptable form of identification, and the election judge shall mark the appropriate box.

9. The election judge shall add the name of the provisional voter to the poll list or combination form and check the column "Provisional".

10. The election judge shall have the provisional voter sign the regular signature roster or combination form in the appropriate place.

11. If provisional voting is being conducted with paper or optical scan ballots, the election judge shall direct the provisional voter to choose a ballot from a disarranged (random numerical order) supply of stack of pre-designated "provisional" ballots that are separate from regular ballots. The election judge shall inform the provisional voter that, after voting the provisional ballot, the voter must place the ballot in the provided secrecy envelope and that the ballot in the secrecy envelope must be placed inside the Provisional Ballot Affidavit Envelope and the Envelope sealed in order to have the voter's provisional ballot accepted.

If provisional voting is being conducted on DRE voting machines, the election judge shall prepare the DRE voting machine for provisional voting in accordance with instructions provided by the general custodian of election records, which may include the instructions of the vendor of the system. The election judge shall inform the provisional voter of the procedures to be followed after voting the provisional ballot on the DRE voting machine.

12. After the provisional paper or optical scan ballot has been voted, the provisional voter shall:
    3) Seal the provisional ballot in a secrecy envelope;

27

    4) Seal the secrecy envelope inside the Provisional Ballot Affidavit Envelope; and

    5) Deposit the Provisional Ballot Affidavit Envelope in the secure container for completed Provisional Ballot Affidavit Envelopes provided at the polling place.

To vote provisionally on a DRE voting machine, the provisional voter, as directed by the election judge, shall either:

    1) Sign the "stub;" seal the "stub" in a secrecy envelope; seal the secrecy envelope inside the Provisional Ballot Affidavit Envelope; access the ballot on the DRE voting machine using the access code printed along with the "stub;" vote the ballot on the DRE voting machine; and deposit the Provisional Ballot Affidavit Envelope (containing the signed "stub") in the secure container for completed Provisional Ballot Affidavit Envelopes provided at the polling place; or

    2) Be provided by the election judge with a random number from a preset list for provisional ballots on the DRE voting machine enabling the provisional voter to access the provisional ballot on the machine. The election judge shall place a sticker with that number on the Provisional Ballot Affidavit Envelope in the blank labeled "Ballot Number if Using DRE." Nothing is placed inside the Provisional Ballot Affidavit Envelope. The provisional voter will deposit the Provisional Ballot Affidavit Envelope in the secure container for completed Provisional Ballot Affidavit Envelopes provided at the polling place.

13. Either before the provisional voter votes or at the time the voter is depositing the Provisional Ballot Affidavit Envelope in the ballot box or other secure receptacle, the election judge shall inform the provisional voter that the voter will receive notice in the mail about whether the voter's provisional ballot was counted. The election judge shall also immediately provide to the provisional voter a written Notice to Provisional Voter form which will inform the voter of this fact in writing, along with information that explains the Provisional Ballot Affidavit Envelope will be used by the voter registrar to register the voter or update the voter's registration, as applicable.

14. In addition to the information stated in # 13 (above), The Notice to Provisional Voter form for voters that voted provisional <u>due to a lack of acceptable photo identification described by Section 63.0101</u> must also contain the following information:

    1) List of acceptable forms of identification, as well as the forms for available exemptions;

    2) The procedure for presenting identification to the voter registrar, executing an affidavit for a temporary exemption in the presence of the voter registrar, and applying for a permanent disability exemption, not later than the sixth day after the election date;

    3) A map showing the location of the voter registrar for purposes of presenting acceptable forms of identification as well as seeking exemptions to the identification requirements; and

4) A place for the election official to enter the voter's name, voter unique identifier (VUID) number (if available) and the precinct polling place at which the provisional ballot was voted.

15. Election judges may use two separate Notice to Provisional forms. There may be one form for provisional voters that did not have an acceptable ID as described by Section 63.0101 (requirements described in # 13 above) and one form for all other provisional voters (requirements described in # 13 and # 14 above). However, election judges may use a combined notice for all provisional voters. Please consult with the authority conducting the election (ex: County Clerk, Election Administrator, City Secretary, etc.) for instructions on whether to use a combined Notice to Provisional Voter form or a separate Notice to Provisional Voter form for each group.

---

### SITUATION 7.
### Early Voting Cancellation

---

1. If a voter whose name appears on the precinct list of early voters who had been sent an early voting ballot by mail presents himself or herself for voting at the polling place, the election officer may allow the voter to vote a provisional ballot, but only if the voter executes the affidavit of provisional voter, contained on the Provisional Ballot Affidavit Envelope, swearing that he or she is registered to vote and has not already voted early by mail.

2. The voter may also cancel his or her application to vote by mail at the polling place and vote a <u>regular</u> ballot if the voter <u>surrenders</u> his or her mail ballot to the presiding judge. [Sec. 84.032]
   - To cancel an application to vote by mail at the polling place, the voter must complete the "Request to Cancel Application to Vote by Mail" and surrender his or her mail ballot to the election officer. The presiding election judge must review the request and write "CANCELLED" on the returned ballot. The judge should place the cancelled ballot and the request in the envelope for cancelled applications. If the voter's request to cancel does not comply, the election judge must state on the request the reason it was denied and place the request in the envelope for requests of cancelled applications. The judge must then deposit the envelope in Ballot Box No. 4 or other designated container prior to delivering the box to the general custodian of election records.

   - If the voter insists he or she did not apply, receive, or vote a ballot by mail and insists on voting at the polling place, the election judge must inform the voter of the voter's right to vote a provisional ballot. (See Situation 6.)

3. The voter may also cancel his or her application to vote by mail at the polling place and vote a <u>regular</u> ballot by going to the early voting clerk's office to cancel the voter's application if he or she requested an application but does <u>not</u> have the actual ballot to surrender to the presiding election judge.

> **SITUATION 8.**
> Early Voting – Notice of Defective Delivery

If a voter whose name appears on the precinct list of early voters who had been sent an early voting ballot by mail presents himself or herself for voting at the polling place, the election officer may allow the voter to vote a <u>regular</u> ballot if the voter presents a **"Notice of Defective Delivery."** This form indicates that the voter attempted to vote by mail and the mail ballot was rejected because it was delivered to the early voting clerk improperly. If the voter presents you with this Notice, you should qualify the voter and allow him or her to vote in the normal manner. The Notice itself is placed in Envelope No. 2 and returned to the general custodian of election records. [Sec. 86.006(h)]

# CHAPTER 3
# VOTING

The voter must be allowed to cast his or her vote in a voting booth that provides privacy for him or her while marking his or her ballot. [Sec. 51.032]

## SECTION A. PERSONS ALLOWED INSIDE THE POLLING PLACE

1. Election judges and clerks. [Secs. 32.071, 32.072]
2. Poll watchers and inspectors. [Secs. 33.052, 34.002]
3. Peace officers summoned or appointed by the presiding judge to preserve order. In order to be appointed as a special peace officer at a polling place by a presiding judge, one must be licensed as a peace officer by the Texas Commission on Law Enforcement. [Sec. 32.075]
4. Persons admitted to vote. [Sec. 63.001]
5. Children under 18 years old who are accompanying a parent who is admitted to vote. [Sec. 64.002(b)]
6. Persons admitted to provide assistance to or to interpret for a voter who is entitled to assistance or to an interpreter. [Secs. 61.032, 64.032(c), and 42 U.S.C.A. § 1973aa-6.]
7. Secretary of State and Staff. [Sec. 34.004]
8. Federal Observers. [Voting Rights Act, 42 U.S.C.A., Sec. 1973(f)]
9. Persons accompanying a disabled voter (curbside voting). [Sec. 64.009]
10. Election staff people delivering necessary supplies. [Sec. 51.004]
11. Sheriff delivering election supplies at the request of the county election officer. [Sec. 51.009]
12. Persons approved to assist with electronic voting equipment. [Secs. 125.004, 125.006]
13. Emergency personnel, if needed.
14. Student participating in student election. [Sec. 276.007]
15. Officers specially appointed to assist in running student elections. [Sec. 276.007]
16. Voting system technicians. [Sec. 125.010]
17. *In a primary election, the county chair of a political party conducting a primary election, during the voting period as necessary to perform administrative functions related to conduct of the election. [Sec. 172.1113]*

**NOTE**: No one may be permitted to be inside the polling place unless specifically authorized by law. [Sec. 61.001] Election officers (other than the precinct election judge and clerks), party officials, or <u>members of the media</u> are not permitted to be in the polling place unless they are voting or fall into one of the other groups of persons listed above, who are permitted to be in the polling place. Loitering within 100 feet of an outside door through which a voter may enter during the voting period is prohibited. [Sec. 61.003]

It is a Class C misdemeanor for a **candidate** to be present in a polling place during early voting or on election day, unless the candidate is voting, assisting a voter, or conducting official business within the building in which the polling place is located. If the candidate is not in the building for one of these reasons, the candidate will not violate the section if he or she is not engaged in campaign activity, and are not within plain view or hearing of persons waiting to vote or persons voting. [Sec. 61.001]

**SECTION B. GENERAL INSTRUCTIONS TO A VOTER**

1. Any voter may ask any election officer for information on voting procedures within the polling place or on how to prepare the ballot. [Sec. 61.009]
2. The voter should be cautioned that the use of any other voting equipment and/or markers not provided by the election officers may render his or her ballot invalid, except when write-in votes are permitted.
3. Election officers should provide required information in such a way as not to suggest by word, sign, or gesture how the voter should vote. A person commits a Class B misdemeanor offense if he or she knowingly suggests to a voter how to vote. [Sec. 61.008]
4. Poll watchers and inspectors may observe any instructions given by election officers. [Secs. 33.056(a), 34.002(a)]

**SECTION C. RENDERING ASSISTANCE TO A VOTER**

1. Voters who are eligible for assistance.
   1) Any voter who is physically unable to mark his or her ballot. [Sec. 64.031; 42 U.S.C.A. § 1973aa-6]
   2) Any voter who cannot read the languages on the ballot. [Sec. 64.031; 42 U.S.C.A. § 1973aa-6]

2. Definition of Assistance. [Sec. 64.0321]
   1) Reading the ballot to the voter;
   2) Directing the voter to read the ballot;
   3) Marking the voter's ballot as directed by the voter; or
   4) Directing the voter to mark the ballot.

3. Manner of rendering assistance.
   1) A voter entitled to assistance may choose any person as his or her assistant except the voter's employer, or agent of that employer, or officer or agent of the voter's union. [Sec. 64.032(c); 42 U.S.C.A. § 1973aa-6] Such person must be permitted to serve as an assistant regardless of:
      - The fact that that person has already assisted another voter;
      - The residence of that person;
      - The citizenship of that person;
      - The voter registration status of that person; or
      - The age of that person.
   2) No other person except for the person rendering assistance is permitted to be present while the voter prepares his or her ballot. [Secs. 33.057(b), 34.002(b), 64.002, 64.032]
   3) The person who is to provide assistance must first take an oath of assistance administered by one of the election officers. [Sec. 64.034]
      "I swear (or affirm) that I will not suggest, by word, sign, or gesture, how the voter should vote; I will confine my assistance to answering the voter's questions, to stating propositions on the ballot, and to naming candidates and, if listed, their political parties; [and] I will prepare the voter 's ballot as the voter directs; and I am not the voter 's employer, an agent of the voter's employer, or an officer or agent of a labor union to which the voter belongs."
   4) The name and address of the person rendering assistance must be entered next to the voter's name on the poll list. However, the name and address of election officers assisting voters do not have to be recorded on the poll list. [Sec. 64.032(d)]

  5) An election officer must ask the voter if he or she wants to have the entire ballot read, and if he or she does, the officer must instruct the person who is rendering assistance to read the entire ballot to the voter. [Sec. 64.033(b)]
  6) A voter who is eligible for assistance but who does not choose a person to assist him or her may receive assistance from two election officers. [Sec. 64.032(a)]
     - Election officers must be administered an oath of assistance before rendering assistance. Election officers only have to take the oath once, and it can be administered along with the oaths of election officers at the beginning of the day. [Sec. 64.034]
       > "I swear (or affirm) that I will not suggest, by word, sign, or gesture, how the voter should vote; I will confine my assistance to answering the voter's questions, to stating propositions on the ballot, and to naming candidates and, if listed, their political parties; [and] I will prepare the voter's ballot as the voter directs; and I am not the voter's employer, an agent of the voter's employer, or an officer or agent of a labor union to which the voter belongs."
     - When two election officers assist a voter, the entire ballot must be read to the voter unless the voter tells the officers that he or she desires to vote only on certain offices or measures. [Sec. 64.033(a)]
     - Poll watchers and inspectors can observe the assistance rendered by election officers, and a poll watcher may inspect the ballot before it is deposited in the ballot box to determine if it was prepared in accordance with the voter's wishes. [Secs. 33.057(a), 34.002]
     - If the election is a November general election, each election officer providing assistance must be of a different political party unless there are not two or more officers serving the polling place aligned with different parties. [Sec. 64.032(b)]
       NOTE: It is recommended that one of the two election officers rendering assistance be the presiding judge.

4. Curbside voting.
   1) If a voter is physically unable to enter the polling place without assistance or likelihood of injury to his or her health, one election officer may deliver a ballot to the voter at the entrance or curb of the polling place. [Sec. 64.009(a)]
      - Poll watchers and inspectors must be allowed to accompany the election officer. [Secs. 33.056(a), 34.002(a)]
      - The voter must be qualified by the election officer before the voter can receive the ballot. [Sec. 64.009(b) and (c)]
      - If using a DRE system, the election officer will deliver the DRE voting machine to the voter rather than a ballot.
      - Once the voter has marked his or her ballot, the election officer deposits the ballot for the voter. [Sec. 64.009(c)]
      NOTE: On the voter's request, a person accompanying the voter to the polling place must be permitted to select the voter's ballot and to deposit the ballot in the ballot box after the voter has voted. [Sec. 64.009(d)]
   2) If the voter is not only physically unable to enter the polling place, but is also eligible for voter assistance in marking his or her ballot:
      - Two election officers may assist the voter; [Sec. 64.032(a)] or

33

- The voter may be given assistance by a person of the voter's choice, other than the voter's employer or agent of that employer or officer or agent of the voter's union. [Sec. 64.032(c); 42 U.S.C.A. 1973aa-6]
- Make sure to allow the curbside voter the same privacy as a voter at the voting booth.

### SECTION D. USING ENGLISH AND INTERPRETERS

1. All election officers, while on duty at the polling place, must use English, except when helping a voter who does not understand English. Whenever English is not used either by a voter or by an election officer, any other election officer or a poll watcher, upon request, must receive an English translation of anything spoken. [Secs. 61.031, 61.036]
2. If a voter cannot communicate in English, an election officer may communicate with the voter in a language the officer and the voter understand. [Sec. 61.031(b)]
3. An interpreter may be used when the voter and the election officer(s) attending to the voter cannot speak the same language. [Sec. 61.032]
   1) The voter may select an interpreter who must be a registered voter of the county. [Sec. 61.033] An interpreter may interpret for any number of voters. For each voter, the interpreter must take the oath of interpreter. [Sec. 61.035]
   2) The interpreter may be a person provided by the authority conducting the election. However, even if an interpreter is provided, a voter may use an interpreter of his or her own choosing. [Sec. 61.032]
4. If no interpreter is available at the polling place, the authority responsible for appointing the election judges may have appointed an interpreter to serve at a central location to provide assistance for Spanish-speaking voters and voters speaking any other languages required by the federal government based on the most recent federal census. [Sec. 272.009]

   *NOTE:* *In a primary election, the county chairs of each party holding the primary shall each appoint their own interpreter to serve at a central location. [Sec. 272.009(b)]*

### SECTION E. MISCELLANEOUS PROVISIONS

**Written Communication**
Written communications may be used by voters inside the polling place. Election officers must periodically check each voting station and common areas of the polling place for sample ballots or other written materials pertaining to the election that may have been discarded by previous voters. [Sec. 61.011]

**Electioneering and Loitering**
It is unlawful for any person to electioneer or loiter within the boundary established by the distance markers. An offense is a Class C misdemeanor. [Secs. 61.003] Neither election officers nor peace officers may enforce electioneering or loitering statutes outside the 100 ft. distance marker. [Sec. 32.075]

1. It is the duty of the presiding judge to prevent unlawful electioneering or loitering. [Sec. 32.075(a)]
2. A special peace officer may be appointed by the presiding judge to preserve order. In order to be appointed as a special peace officer at a polling place by a presiding judge, one must be licensed as a peace officer by the Texas Commission on Law Enforcement. [Sec. 32.075]

3. Approval of the appointment of the special peace officer by the presiding officer of the local canvassing authority is needed before this officer can enforce electioneering and loitering laws. [Sec. 32.075(b)]
   **NOTE**: Exit polling without electioneering is permissible outside the polling place but within the distance markers. However, the judge has discretion to tell persons conducting exit polls to go beyond the distance markers if their activities are disruptive to voters.
   A candidate seeking petition signatures may not do so within the 100 ft. distance marker.
4. Election judges, clerks, state or federal election inspectors, peace officers, and poll watchers must wear name tags or official badges, as applicable, **while on duty** to indicate the person's name and title or position. [Secs. 31.051(f), 61.010(b)] The tags should be in your election kit. If you do not have tags, you may create your own, but they must comply with the form prescribed by the Secretary of State.

   Except for the individuals listed above, a person may not wear a badge, insignia, emblem, or other similar communicative device relating to a candidate, measure, or political party appearing on the ballot, or to the conduct of the election, in the polling place or within 100 feet of any outside door through which a voter may enter the building in which the polling place is located. Therefore, election judges and clerks, federal and state inspectors, peace officers, and poll watchers are the only persons allowed to wear a badge. Wearing an unauthorized name tag or badge within the polling area is a Class C misdemeanor. [Sec. 61.010]

**Revealing Information**
1. No one connected with the conduct of the election may reveal any of the following information while the polls are open:
   - The names of voters who have or have not voted in the election. [Sec. 61.007(a)(4)]
   - The number of votes cast that have been received by individual candidates and/or for or against propositions. [Sec. 61.007(a)(1)]
   - A candidate's position relative to other candidate's in the tabulation of the votes or whether a measure is passing or failing. [Sec. 61.007(a)(2) and (3)]
   - Unlawfully revealing the above information is a Class A misdemeanor.
2. Election judges must post information about the number of voters who have voted at two-hour intervals beginning at 9:30 a.m. and running through 5:30 p.m. Post the notice next to the entrance to the polling place. [Sec. 61.007(c)]

**Influencing a Voter**
1. No one connected with the conduct of the election may indicate by sign, symbol, word, or writing to any voter how he or she should or should not vote. [Sec. 61.008] This includes:
   - interpreters;
   - assistants; [Sec. 64.034]
   - poll watchers; and [Sec. 33.058(a)]
   - inspectors.
2. An offense under this section is a Class B misdemeanor. [Sec. 61.008(b)]

**Unlawful Use of a Sound Amplification Device**
It is unlawful for a person to use any sound amplification device (e.g., loudspeaker) for political speech or electioneering within 1,000 feet of the polling place. [Sec. 61.004]