bill that Chairman Pitts laid out at the beginning of the session. I'm not sure what the next appropriations bill that we'll vote on will actually have in it, because I don't serve on Appropriations.

Y. DAVIS: Okay, for members—for those of us who don't serve on Appropriations either, I don't either, so I'm trying to understand where the money's going to come from, and to the extent that we don't need these funds, do we already have money allocated? I just want to make sure that I ask a question. If we don't get additional funds, will we have—will there be an issue with regard to this bill being passed down to our counties and they then are responsible to implement this without additional resources from the state?

HARLESS: The county passed what the secretary of state passes down, they receive funds for this, this is part of their normal duties. Every session, there are some election law changes. It is my understanding, from testimony from Harris County, that this has been their normal practice.

Y. DAVIS: This is a little bit more than normal practice because we're altering the entire process. And so, to the extent that this is a totally new program, the cost would be much greater than they traditionally would have as programs that were continuations of our existing program, wouldn't you say?

HARLESS: Yes, there was testimony in committee, the secretary of state spent a lot of time talking about what they wanted to do and what they would look to other states for best practices. They have budgets set aside every single year to enact new changes in election code.

Y. DAVIS: And my last question is, based on that deal, we really don't need this contingency rider? Is that what you're suggesting based on your comments?

HARLESS: It could be possible, but I didn't want to take any chance.

Y. DAVIS: Okay, but—and you're sure we don't have to worry about counties contacting us with regard to additional expenses for the implementing a new voter plan without having received money from the state? Is that your representation?

HARLESS: That is my understanding. The county receives money from the secretary of state that comes from the HAVA funds.

Y. DAVIS: That's a different question. My question is, based on implementing a new program, do we expect that the counties will incur additional costs to implement the new program that we will not fund?

HARLESS: I do not expect them to, but I cannot say for sure that they won't have additional costs.

Y. DAVIS: And if there are additional costs based on us passing this new bill, you're suggesting that the counties would then be responsible for those costs.

HARLESS: Excuse me, say that one more time.

Y. DAVIS: Are you suggesting that the counties could have additional costs associated with implementation of this program if we would not send funds to the counties for this program? Is that—

HARLESS:  The counties have additional costs on a lot of legislation we've passed, and a lot of it's election.  Every other session we pass new election laws that the county has to implement.  I don't know if they will with this bill.

Y. DAVIS:  Is it your intent that this bill would not put another—an additional cost on the counties with regard to implementation of this new program?

HARLESS:  I—that is my intent.

### REMARKS ORDERED PRINTED

Representative Y. Davis moved to print remarks between Representative Harless and Representative Y. Davis.

The motion prevailed.

REPRESENTATIVE L. GONZALES: First of all, thank you.

HARLESS:  You're welcome.

L. GONZALES:  Thank you for all you've done, for all your hard work—we appreciate it very much. I stand here before you as a very proud Latino, and I've got some questions for you.

HARLESS:  Okay.

L. GONZALES:  Is it your intention for this bill to disenfranchise ethnic minority voters?

HARLESS: No, sir.

L. GONZALES:  Is it your intention, or anybody who has joint-authored or coauthored this bill, to disenfranchise ethnic minority voters?

HARLESS: No, sir.

L. GONZALES:  Is it your intention for this bill to disenfranchise any voter, regardless of race, ethnicity, socioeconomic status, disability, age, or any combination thereof?

HARLESS: No.

L. GONZALES:  Is it the intention of anybody who has joint-authored or coauthored this bill to disenfranchise any voter, regardless of race, ethnicity, socioeconomic status, disability, age, or any combination thereof?

HARLESS: No, it is not.

L. GONZALES:  So we are not targeting my Hispanic 86-year-old grandfather?

HARLESS: No, we're not.

L. GONZALES:  So we are not targeting my Hispanic 84-year-old grandmother?

HARLESS: No.

L. GONZALES:  Does this bill in any way disenfranchise any voter?

HARLESS: No.

L. GONZALES:  Would you agree that the heart and the soul of our republic is the elections process?  That these results determine our policy makers, and the decisions they make, which affect our everyday lives, that it is imperative that the voters of Texas have confidence in the integrity of the elections process, and that **SB 14** goes a very long way to accomplish and secure this confidence?

HARLESS:  I think it absolutely does.

### REMARKS ORDERED PRINTED

Representative L. Gonzales moved to print remarks between Representative Harless and Representative L. Gonzales.

The motion prevailed.

REPRESENTATIVE GARZA: Representative Harless, I wanted to echo the sentiments of Representative Gonzales.  I come from the west side of San Antonio; my father was a first generation Hispanic who served in the military for over 20 years.  And I came to this place, the house of representatives, to basically—the attitude that minorities, especially we, as Hispanics, are disabled in our ability to get an identification, a driver's license, to be able to do what it takes to exercise our right to vote, it's sometimes insulting.  We have the ability and we have the right, and my father and many of the Hispanics that are here are examples that we are able, and we want to begin to proclaim the ability of our people to achieve the many things that we have as a race. So, I think the positive part is that we are able, and our people are able, to achieve these things that have been said that they're not able or disenfranchised or unable to do.  And being a Texan and being Hispanic, I know that we are to overcome, and we have overcome, and we will continue to overcome.  But to answer some of the questions that caused some confusion to some of the representatives, I wanted to ask you specifically, will this bill encourage voter participation by all Texans, regardless of race, ethnicity, socioeconomic status, their disability, their age, or any of the combinations thereof, by giving them confidence in the election process that Representative Aliseda spoke about?

HARLESS:  I believe it will.

GARZA:  And let me ask you again, with the passage of this bill, will all Texans, including those mentioned, have equal access to this election process with the passage of this bill?

HARLESS:  Yes.

GARZA:  So, the Hispanic voters in my district, House District 117, will have full confidence that their vote will count in a trustworthy election process?

HARLESS:  Yes.

GARZA:  And the African American voters in my district—they'll have full confidence that their vote will count in this trustworthy election process?

HARLESS:  Yes.

GARZA: Okay, and finally, every voter in my district of 117 in San Antonio, and every house district in the State of Texas, regardless of race, ethnicity, their socioeconomic status, their disability, age, or, again, any combination thereof, will have full confidence that their vote will count in a trustworthy election process.

HARLESS: Absolutely, yes.

### REMARKS ORDERED PRINTED

Representative Garza moved to print remarks between Representative Harless and Representative Garza.

The motion prevailed.

REPRESENTATIVE COLEMAN:  Thank you, Ms. Harless, and you know you and I are really good friends.

HARLESS: We are.

COLEMAN:  And I respect you greatly, and this is nothing personal to you.

HARLESS: I know that, and I appreciate that.  Thank you, I feel the same.

COLEMAN: Do you know if the members who said that they represent people of color, did they come from districts that are a majority of color?

HARLESS: Say that one more time, the end part.

COLEMAN: Do they come from the districts that are majority of color?  Do they have districts that are more people that are black and brown or other ethnicities than non black and brown?

HARLESS: I can't answer that, Garnet.

COLEMAN: Are they from majority minority districts?  This is important for the record.  You may not be able to answer it, but that is important for the record.

HARLESS: I would say that they probably think that their district is majority minority.  I don't know that, I'm not advised of that.

COLEMAN: Well, we're thinking it's not the case and they're speaking on behalf of their opinion, but in terms of how we do law in this state, it is based on the number of people who reside in a district and whether or not that is protected. Ms. Harless, is that true?

HARLESS: Say the last—

COLEMAN: The Voting Rights Act.  Isn't that based on the number of people of color that reside in a district that are protected under the Voting Rights Act?

HARLESS: I'm not advised.

COLEMAN: Okay.  So the answer is yes.  You may not be advised, but I can tell you under the law that the answer is yes.  I'm advising you that is the case.

HARLESS: Okay.

COLEMAN: Now, when you say that the individuals in this room did not believe that they were disenfranchised, is that because you didn't hear them or you didn't see them or you didn't know that was the majority of the sentiment of the people who represent majority minority districts that actually were making comment on this floor? I know you may not be advised, but I can tell you right now and you can see that the majority of them do believe that they were disenfranchised, and they are the majority of the people in this house that are districts' representatives from districts that are districts that are majority minority. Isn't that correct?

HARLESS: I think the record speaks for itself. They've testified on record. We have transcripts of it. A lot of the communication—

COLEMAN: The record speaks for itself, but it's clear that the members standing around me right now, and the members that have been there today actually did say that they believe this bill disenfranchised their constituents, and that disenfranchisement was a reason why they didn't want to vote for this bill and thought this bill needed to be changed. And, since you aren't advised I will let you know that is the case. Thank you, Ms. Harless, for doing such a great job on a difficult subject.

HARLESS: Thank you.

### REMARKS ORDERED PRINTED

Representative Coleman moved to print remarks between Representative Harless and Representative Coleman.

The motion prevailed.

CSSB 14, as amended, was passed to third reading by (Record 149): 101 Yeas, 48 Nays, 1 Present, not voting.

Yeas — Aliseda; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Chisum; Christian; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Driver; Eissler; Elkins; Fletcher; Flynn; Frullo; Garza; Geren; Gonzales, L.; Gooden; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hilderbran; Hopson; Howard, C.; Huberty; Hughes; Hunter; Isaac; Jackson; Keffer; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lyne; Madden; Margo; Miller, D.; Miller, S.; Morrison; Murphy; Nash; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pickett; Pitts; Price; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Taylor, L.; Taylor, V.; Torres; Truitt; Weber; White; Woolley; Workman; Zedler; Zerwas.

Nays — Allen; Alonzo; Alvarado; Anchia; Burnam; Castro; Coleman; Davis, Y.; Deshotel; Dukes; Dutton; Eiland; Farias; Farrar; Gallego; Giddings; Gonzales, V.; Gonzalez; Guillen; Gutierrez; Hernandez Luna; Hochberg; Howard, D.; Johnson; King, T.; Lozano; Lucio; Mallory Caraway; Marquez;

Martinez; Martinez Fischer; McClendon; Menendez; Miles; Muñoz; Naishtat; Oliveira; Quintanilla; Raymond; Reynolds; Rodriguez; Strama; Thompson; Turner; Veasey; Villarreal; Vo; Walle.

Present, not voting — Mr. Speaker(C).

## REASONS FOR VOTE

Numerous amendments to improve **SB 14** would have made the bill more fair by reducing the risk of disenfranchising eligible, registered Texas voters. Unfortunately, the majority rejected amendments to expand the types of photo identification acceptable for voting. They rejected an amendment that would have allowed voters to sign an affidavit swearing to their identity, and to cast a provisional ballot with the assurance that their ballot would be counted if the signature on the affidavit matched the signature on the voter registration file. The majority also voted against exemptions for seniors, the indigent, people with religious objections, and women who have had their names changed due to marriage or divorce. High school students over 18 will not be able to vote with their school IDs. College students legally registered in Texas will not be able to vote with out-of-state driver's licenses. In addition, this bill is a vast unfunded mandate on counties. **SB 14** also unconstitutionally and illegally raids the Texas mobility fund. In light of our historic budget shortfall, this bill is fiscally irresponsible. Finally, these disadvantages of the bill must be weighed against its purported advantages in terms of reducing voter impersonation. In the absence of evidence of voter fraud of a type that would be prevented by the provisions in this bill, it is clear that this bill would do more harm than good to the integrity of our elections system.

> Anchia, Castro, Dukes, Gallego, Hernandez Luna, Hochberg, D. Howard, Lozano, Lucio, Martinez, Martinez Fischer, McClendon, Muñoz, and Vo

Numerous amendments to improve **SB 14** would have made the bill more fair by reducing the risk of disenfranchising eligible, registered Texas voters. Unfortunately, the majority rejected amendments to expand the types of photo identification acceptable for voting. They rejected an amendment that would have allowed voters to sign an affidavit swearing to their identity, and to cast a provisional ballot with the assurance that their ballot would be counted if the signature on the affidavit matched the signature on the voter registration file. The majority also voted against exemptions for seniors, the indigent, people with religious objections, and women who have had their names changed due to marriage or divorce. High school students over 18 will not be able to vote with their school IDs. College students legally registered in Texas will not be able to vote with out-of-state driver's licenses. In addition, this bill is a vast unfunded mandate on counties. In light of our historic budget shortfall, this bill is fiscally irresponsible. Finally, these disadvantages of the bill must be weighed against its

purported advantages in terms of reducing voter impersonation. In the absence of evidence of voter fraud of a type that would be prevented by the provisions in this bill, it is clear that this bill would do more harm than good to the integrity of our elections system.

Menendez

Numerous amendments to improve **SB 14** would have made the bill more fair by reducing the risk of disenfranchising eligible, registered Texas voters. Unfortunately, the majority rejected amendments to expand the types of photo identification acceptable for voting. They rejected an amendment that would have allowed voters to sign an affidavit swearing to their identity, and to cast a provisional ballot with the assurance that their ballot would be counted if the signature on the affidavit matched the signature on the voter registration file.

Villarreal

### HB 4 - COMMITTEE ON CALENDARS RULE ADOPTED

Pursuant to Rule 3, Section 5(2) and Rule 6, Section 16(f) of the House Rules, Representative Hunter moved to adopt the following rule governing floor consideration of **HB 4**:

Section 1.   All original amendments that will be offered during second reading consideration of the bill must be filed with the chief clerk by 10 a.m. on Monday, March 28.

Section 2.   (a) During second and third reading consideration of the bill, any amendment that adds or increases an item of appropriation in the bill is not in order unless the amendment contains an equal or greater reduction in one or more items of appropriation in the bill from the fund or funds against which the appropriation is to be certified.

(b)   The provisions of this section do not apply to an amendment that makes an adjustment in an item of appropriations solely to correct a technical clerical error.

The Committee on Calendars rule was adopted by (Record 150): 144 Yeas, 0 Nays, 1 Present, not voting.

Yeas — Aliseda; Allen; Alonzo; Alvarado; Anchia; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Castro; Chisum; Christian; Coleman; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Davis, Y.; Driver; Dukes; Dutton; Eiland; Eissler; Elkins; Farias; Farrar; Fletcher; Flynn; Frullo; Gallego; Garza; Geren; Giddings; Gonzales, L.; Gonzales, V.; Gonzalez; Gooden; Gutierrez; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hernandez Luna; Hilderbran; Hochberg; Hopson; Howard, C.; Howard, D.; Huberty; Hughes; Hunter; Isaac; Jackson; Johnson; Keffer; King, P.; King, S.; King, T.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lozano; Lucio; Lyne; Madden; Mallory Caraway; Margo; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Miller, D.; Miller, S.; Morrison; Muñoz; Murphy; Naishtat; Nash; Orr; Otto;

Parker; Patrick; Paxton; Peña; Perry; Phillips; Pickett; Pitts; Price; Quintanilla; Raymond; Reynolds; Riddle; Ritter; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Strama; Taylor, L.; Taylor, V.; Thompson; Torres; Truitt; Turner; Veasey; Villarreal; Vo; Walle; Weber; White; Woolley; Workman; Zedler; Zerwas.

Present, not voting — Mr. Speaker(C).

Absent — Burnam; Deshotel; Guillen; Oliveira; Rodriguez.

### HB 275 - COMMITTEE ON CALENDARS RULE ADOPTED

Pursuant to Rule 3, Section 5(2) and Rule 6, Section 16(f) of the House Rules, Representative Hunter moved to adopt the following rule governing floor consideration of **HB 275**:

· All original amendments that will be offered during second reading consideration of the bill must be filed with the chief clerk by 10 a.m. on Monday, March 28.

The Committee on Calendars rule was adopted by (Record 151): 147 Yeas, 0 Nays, 1 Present, not voting.

Yeas — Aliseda; Allen; Alonzo; Alvarado; Anchia; Anderson, C.; Anderson, R.; Aycock; Beck; Berman; Bohac; Bonnen; Branch; Brown; Burkett; Button; Cain; Callegari; Carter; Castro; Chisum; Christian; Coleman; Cook; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, S.; Davis, Y.; Deshotel; Driver; Dukes; Dutton; Eiland; Eissler; Elkins; Farias; Farrar; Fletcher; Flynn; Frullo; Gallego; Garza; Geren; Giddings; Gonzales, L.; Gonzales, V.; Gonzalez; Gooden; Gutierrez; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hernandez Luna; Hilderbran; Hochberg; Hopson; Howard, C.; Howard, D.; Huberty; Hughes; Hunter; Isaac; Jackson; Johnson; Keffer; King, P.; King, S.; King, T.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Legler; Lewis; Lozano; Lucio; Lyne; Madden; Mallory Caraway; Margo; Marquez; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Miller, D.; Miller, S.; Morrison; Muñoz; Murphy; Naishtat; Nash; Oliveira; Orr; Otto; Parker; Patrick; Paxton; Peña; Perry; Phillips; Pickett; Pitts; Price; Quintanilla; Raymond; Reynolds; Riddle; Ritter; Rodriguez; Schwertner; Scott; Sheets; Sheffield; Shelton; Simpson; Smith, T.; Smith, W.; Smithee; Solomons; Strama; Taylor, L.; Taylor, V.; Thompson; Torres; Truitt; Turner; Veasey; Villarreal; Vo; Walle; Weber; White; Woolley; Workman; Zedler; Zerwas.

Present, not voting — Mr. Speaker(C).

Absent — Burnam; Guillen.

### GENERAL STATE CALENDAR
### HOUSE BILLS
### SECOND READING

The following bills were laid before the house and read second time:

### HB 71 ON SECOND READING
#### (by Martinez and Hughes)

HB 71, A bill to be entitled An Act relating to the fee charged for the Texas Airport Directory.

Representative Martinez moved to postpone consideration of **HB 71** until 9:59 a.m. Thursday, March 31.

The motion prevailed.

### HB 229 ON SECOND READING
#### (by Solomons)

HB 229, A bill to be entitled An Act relating to the duties of the county tax assessor-collector and voter registrar regarding exemptions from jury service.

Representative Solomons moved to postpone consideration of **HB 229** until 9:59 a.m. Thursday, March 31.

The motion prevailed.

### HB 451 ON SECOND READING
#### (by Lucio, Creighton, Branch, and Bohac)

HB 451, A bill to be entitled An Act relating to the creation of a Don't Mess with Texas Water program to prevent illegal dumping that affects the surface waters of this state.

**Amendment No. 1**

Representative Lucio offered the following amendment to **HB 451**:

Amend **HB 451** on page 1, between lines 22 and 23, by inserting:

(e)  The Texas Department of Transportation shall post a sign that complies with program requirements at a major highway water crossing at the time a previously posted sign identifying the crossing or prohibiting dumping at the crossing is scheduled to be replaced.

Amendment No. 1 was adopted.

HB 451, as amended, was passed to engrossment by (Record 152): 122 Yeas, 21 Nays, 1 Present, not voting.

Yeas — Aliseda; Allen; Alonzo; Alvarado; Anchia; Anderson, R.; Beck; Bohac; Branch; Brown; Burkett; Burnam; Button; Callegari; Carter; Castro; Chisum; Christian; Coleman; Cook; Craddick; Creighton; Crownover; Davis, J.; Davis, S.; Davis, Y.; Deshotel; Driver; Dukes; Dutton; Eissler; Elkins; Farias; Farrar; Flynn; Frullo; Gallego; Garza; Geren; Giddings; Gonzales, L.; Gonzales, V.; Gonzalez; Gooden; Guillen; Gutierrez; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Hernandez Luna; Hilderbran; Hochberg; Hopson; Howard, D.; Huberty; Hunter; Isaac; Jackson; Keffer; King, S.; King, T.; Kleinschmidt; Kolkhorst; Kuempel; Landtroop; Larson; Laubenberg; Lavender; Lewis; Lozano; Lucio; Mallory Caraway; Margo; Martinez; Martinez Fischer; McClendon; Menendez; Miles; Miller, D.; Morrison; Muñoz; Murphy; Naishtat; Nash; Oliveira; Orr; Otto; Patrick; Peña; Perry; Phillips; Pickett; Pitts; Price;

Quintanilla; Raymond; Reynolds; Riddle; Ritter; Rodriguez; Schwertner; Scott; Sheets; Sheffield; Smith, W.; Smithee; Solomons; Strama; Taylor, L.; Taylor, V.; Torres; Truitt; Turner; Veasey; Vo; Walle; Weber; Woolley; Zerwas.

Nays — Anderson, C.; Aycock; Berman; Bonnen; Cain; Darby; Fletcher; Howard, C.; King, P.; Legler; Lyne; Madden; Miller, S.; Parker; Paxton; Shelton; Simpson; Smith, T.; White; Workman; Zedler.

Present, not voting — Mr. Speaker(C).

Absent — Eiland; Hughes; Johnson; Marquez; Thompson; Villarreal.

## STATEMENTS OF VOTE

I was shown voting yes on Record No. 152. I intended to vote no.

Flynn

I was shown voting yes on Record No. 152. I intended to vote no.

Phillips

I was shown voting yes on Record No. 152. I intended to vote no.

Weber

## FIVE-DAY POSTING RULE SUSPENDED

Representative Kolkhorst moved to suspend the five-day posting rule to allow the Committee on Public Health to consider the previously posted agenda and pending business at 8 a.m. March 24, in E2.030.

The motion prevailed.

## COMMITTEE GRANTED PERMISSION TO MEET

Representative Branch requested permission for the Committee on Higher Education to meet while the house is in session, during bill referral today, in E1.014, to consider the previously posted agenda.

Permission to meet was granted.

## COMMITTEE MEETING ANNOUNCEMENTS

The following committee meetings were announced:

Public Health, 8 a.m. March 24, E2.030, for a public hearing, to consider the previously posted agenda and pending business.

Energy Resources, 1 p.m. March 24, E2.036, for a public hearing, to consider pending business.

(Lozano in the chair)

## COMMITTEE GRANTED PERMISSION TO MEET

Representative Deshotel requested permission for the Committee on Culture, Recreation, and Tourism to meet while the house is in session, during bill referral today, in E1.026, to consider pending business.

Permission to meet was granted.

### PROVIDING FOR ADJOURNMENT

Representative S. Davis moved that, at the conclusion of the reading of bills and resolutions on first reading and referral to committees, the house adjourn until 10 a.m. today, Thursday, March 24.

The motion prevailed.

### BILLS AND JOINT RESOLUTIONS ON FIRST READING
### AND REFERRAL TO COMMITTEES
### CORRECTIONS IN REFERRAL

Bills and joint resolutions were at this time laid before the house, read first time, and referred to committees. Pursuant to Rule 1, Section 4 of the House Rules, the chair at this time corrected the referral of measures to committees. (See the addendum to the daily journal, Referred to Committees, List No. 1.)

(V. Taylor in the chair)

### ADJOURNMENT

In accordance with a previous motion, the house, at 12:14 a.m. Thursday, March 24, adjourned until 10 a.m. today.

### ADDENDUM

### REFERRED TO COMMITTEES

The following bills and joint resolutions were today laid before the house, read first time, and referred to committees, and the following resolutions were today laid before the house and referred to committees. If indicated, the chair today corrected the referral of the following measures:

**List No. 1**

**HB 1295** (By Shelton), Relating to a pilot project to increase enrollee access to primary care services and simplify enrollment procedures under the child health plan program.

To Human Services.

**HB 1338** (By T. Smith), Relating to the requirement that a voter provide proof of citizenship when registering to vote.

To Elections.

**HB 1412** (By Chisum), Relating to requiring a voter to present proof of identification; providing penalties.

To Elections.

**HB 1458** (By Harless), Relating to requiring a voter to present proof of identification; providing penalties.

To Elections.

HB 1533 (By Eiland), Relating to voter registration.
To Elections.

HB 2665 (By P. King), Relating to abolishing the Texas Funeral Service Commission and the Texas State Board of Plumbing Examiners and transferring the functions of those agencies to the Texas Department of Licensing and Regulation.
To State Affairs.

HB 2825 (By Otto), Relating to the investment management of the permanent university fund.
To Higher Education.

HB 3166 (By Callegari), Relating to the abolition and consolidation of state agencies.
To Government Efficiency and Reform.

HB 3167 (By Callegari), Relating to the repeal of occupational licensing requirements.
To Government Efficiency and Reform.

HB 3168 (By Callegari), Relating to the operation of state agencies
To Government Efficiency and Reform.

HB 3266 (By S. Miller), Relating to the audit of retail and mail order pharmacy claims of certain public employees.
To Insurance.

HB 3413 (By Darby), Relating to the property and funding of the Texas Department of Motor Vehicles.
To Transportation.

HB 3414 (By Darby), Relating to certain fiscal matters relating to the Department of Agriculture.
To Appropriations.

HB 3415 (By Darby), Relating to the authority of the Texas Animal Health Commission to set and collect fees.
To Appropriations.

HB 3416 (By Darby), Relating to eliminating a requirement that the Texas Alcoholic Beverage Commission transfer certain funds to the Department of Agriculture for the Texas Wine Marketing Assistance Program.
To Appropriations.

HB 3417 (By Darby), Relating to state fiscal matters regarding business and economic development.
To Appropriations.

HB 3418 (By Darby), Relating to state fiscal matters related to natural resources and the environment.
To Appropriations.

**HB 3419** (By Darby), Relating to state fiscal matters related to certain regulatory agencies.

To Appropriations.

**HB 3420** (By Darby), Relating to the fee on delivery of certain petroleum products.

To Appropriations.

**HB 3547** (By Alvarado), Relating to enforcement by a local government of fire safety standards at certain child-care facilities.

To Urban Affairs.

**HB 3569** (By Lucio), Relating to the review of certain documents by the attorney general; imposing certain fees.

To Government Efficiency and Reform.

**HB 3570** (By Smithee), Relating to insurance coverage requirements for certain amusement rides.

To Insurance.

**HB 3571** (By Phillips), Relating to the use of revenue sharing as a means of repayment of Texas Department of Transportation cost participation in a toll facility of a public entity.

To Transportation.

**HB 3572** (By S. King), Relating to the creation of the 1st Multicounty Court at Law composed of Fisher and Nolan Counties and the abolishment of the County Court at Law of Nolan County.

To Judiciary and Civil Jurisprudence.

**HB 3573** (By S. King), Relating to limiting the disclosure of certain information regarding certain charitable organizations, trusts, private foundations, and grant-making organizations.

To Business and Industry.

**HB 3574** (By Torres), Relating to the Texas Back to Work initiative.

To Economic and Small Business Development.

**HB 3575** (By Thompson), Relating to the operation of casino gaming in this state by federally recognized Indian tribes on certain land; providing penalties.

To Licensing and Administrative Procedures.

**HB 3576** (By Thompson), Relating to the operation of casino gaming in this state by federally recognized Indian tribes on certain land and by licensed operators at horse and greyhound racetracks and licensed locations; providing penalties.

To Licensing and Administrative Procedures.

**HB 3577** (By L. Gonzales), Relating to eligibility requirements for the Texas Educational Opportunity Grant.

To Higher Education.

1048        82nd LEGISLATURE — REGULAR SESSION

HB 3578 (By L. Gonzales), Relating to clarification of the authorized uses for loans under public institution of higher education emergency loan programs.
To Higher Education.

HB 3579 (By L. Gonzales), Relating to repayment assistance for certain physician education loans.
To Higher Education.

HB 3580 (By Frullo), Relating to the issuance of specialty license plates for surviving spouses of disabled veterans of the United States armed forces.
To Defense and Veterans' Affairs.

HB 3581 (By Driver), Relating to authorizing the sale of beer by wineries.
To Licensing and Administrative Procedures.

HB 3582 (By Harless), Relating to the allocation to a school district of the expenses of a joint election.
To Elections.

HB 3583 (By Harless), Relating to the authority of local law enforcement authorities to enforce certain laws regulating coin-operated machines; providing criminal penalties.
To Licensing and Administrative Procedures.

HB 3584 (By Strama), Relating to the Texas emerging technology fund.
To Technology.

HB 3585 (By V. Taylor), Relating to the adoption of voting procedures necessary to implement the federal Military and Overseas Voter Empowerment Act.
To Elections.

HB 3586 (By V. Taylor), Relating to unit operations for oil, gas, or oil and gas production or carbon dioxide storage.
To Energy Resources.

HB 3587 (By Callegari), Relating to the functions of the Texas Guaranteed Student Loan Corporation.
To Higher Education.

HB 3588 (By Coleman), Relating to the use of a county risk management pool by certain county and district officers instead of the execution of bonds.
To County Affairs.

HB 3589 (By Hancock), Relating to claim-handling deadlines in the event of certain weather-related catastrophes or natural disasters.
To Insurance.

HB 3590 (By Hancock), Relating to the cancellation of homeowners insurance policies.
To Insurance.

HB 3591 (By D. Howard), Relating to the confidentiality of information obtained by a compliance office of an institution of higher education.
To Higher Education.

**HB 3592** (By D. Howard), Relating to the Lower Colorado River Authority.
To Natural Resources.

**HB 3593** (By W. Smith), Relating to providing notice of foreclosure to certain lien holders.
To Business and Industry.

**HB 3594** (By Aliseda), Relating to the termination of a volunteer deputy registrar for the submission of late or incomplete applications for voter registration.
To Elections.

**HB 3595** (By Chisum), Relating to energy efficiency goals and energy efficiency programs.
To Energy Resources.

**HB 3596** (By Hancock), Relating to public school finance and the allocation of state funds.
To Public Education.

**HB 3597** (By Larson), Relating to the powers and duties of certain public improvement districts.
To Urban Affairs.

**HB 3598** (By Huberty), Relating to the criminal registration procedure for a convicted arsonist.
To Criminal Jurisprudence.

**HB 3599** (By Garza), Relating to contracting with emerging fund managers by the State Board of Education for investment of the permanent school fund.
To Public Education.

**HB 3600** (By Garza), Relating to municipal and county authority to enforce a solid waste collection and transportation services franchise.
To Environmental Regulation.

**HB 3601** (By Garza), Relating to the issuance of cease and desist orders by the Texas Medical Board.
To Public Health.

**HB 3602** (By Garza), Relating to a restriction on permits authorizing direct discharges of waste or pollutants into water in certain areas associated with the Barton Springs segment of the Edwards Aquifer.
To Natural Resources.

**HB 3603** (By Garza), Relating to the distribution of money appropriated from a municipal court building security fund.
To Criminal Jurisprudence.

**HB 3604** (By Smithee), Relating to enforcement of certain insurance provisions in construction contracts.
To Business and Industry.

HB 3605 (By Smithee), Relating to the payment of losses by the Texas Windstorm Insurance Association

To Insurance.

HB 3606 (By Kuempel), Relating to the payment of development impact fees by certain political subdivisions or governmental entities.

To Urban Affairs.

HB 3607 (By Kuempel), Relating to construction managers-at-risk used by local governments.

To Urban Affairs.

HB 3608 (By Kuempel), Relating to a franchise tax credit for contributions to programs for at-risk youth.

To Ways and Means.

HB 3609 (By Smithee), Relating to insurance premium and maintenance taxes, and payment of excess losses of the Texas Windstorm Insurance Association.

To Insurance.

HB 3610 (By Thompson), Relating to periodic rate adjustments by electric utilities.

To State Affairs.

HB 3611 (By Truitt), Relating to the administration of medications for persons with intellectual and developmental disabilities.

To Public Health.

HB 3612 (By Turner), Relating to the administration of the Texas Save and Match Program to assist qualifying beneficiaries under the state's prepaid tuition plans and college savings plans and to the treatment of a beneficiary's assets under prepaid tuition plans and college savings plans in determining eligibility for student financial assistance and other assistance programs.

To Higher Education.

HB 3613 (By Walle), Relating to the operation of the Texas Windstorm Insurance Association.

To Insurance.

HB 3614 (By Hughes), Relating to the interest rate on a refund of ad valorem taxes made following the final determination of an appeal that decreases a property owner's tax liability.

To Ways and Means.

HB 3615 (By Hughes), Relating to the authority of the chief appraiser of an appraisal district to increase the appraised value of property if the appraised value of the property was reduced in an appeal in a prior year.

To Ways and Means.

HB 3616 (By Naishtat), Relating to designating October as Disability History and Awareness Month.

To Human Services.

HB 3617 (By Madden), Relating to abolishing the Texas Commission on Fire Protection, the Commission on Jail Standards, and the Commission on Law Enforcement Officer Standards and Education and transferring certain of the powers and duties of those agencies to the newly created Public Safety Licensing Commission.

To Homeland Security and Public Safety.

HB 3618 (By S. Miller), Relating to the regulation of restricted fireworks.

To County Affairs.

HB 3619 (By S. Miller), Relating to the application of certain concealed handgun license laws to certain statewide elected officials and members of the legislature.

To Homeland Security and Public Safety.

HB 3620 (By Isaac), Relating to changes in participation in public utility agencies.

To Natural Resources.

HB 3621 (By Bonnen), Relating to the Gulf Coast Water Authority.

To Natural Resources.

HB 3622 (By R. Anderson), Relating to liability for the death of a pet.

To Judiciary and Civil Jurisprudence.

HB 3623 (By Darby), Relating to the environmental review of certain transportation projects by the Texas Department of Transportation.

To Transportation.

HB 3624 (By Hochberg), Relating to the eligibility of educational aides for tuition exemptions at public institutions of higher education.

To Higher Education.

HB 3625 (By Carter), Relating to a task force on school district administrative efficiency.

To Public Education.

HB 3626 (By Kolkhorst), Relating to the Texas Economic Development Act.

To Ways and Means.

HB 3627 (By Aliseda), Relating to the use of audio and visual recording devices in a polling place.

To Elections.

HB 3628 (By Aliseda), Relating to the offense of unacknowledged assistance to a voter in completing an application for a ballot to be voted by mail.

To Elections.

HB 3629 (By Shelton), Relating to abolishing the Department of Assistive and Rehabilitative Services and transferring its powers and duties to the Department of Aging and Disability Services and the Department of State Health Services.

To Human Services.

**HB 3630** (By Hunter), Relating to certain unprofessional conduct by a health care provider.

To Public Health.

**HB 3631** (By Branch), Relating to the imposition of certain conditions and limitations on the receipt of tuition and fee exemptions at public institutions of higher education.

To Higher Education.

**HB 3632** (By Hamilton), Relating to the effect on local regulation of the use and sale of fireworks.

To Land and Resource Management.

**HB 3633** (By Legler), Relating to participation in retirement programs by certain employees.

To Pensions, Investments, and Financial Services.

**HB 3634** (By Villarreal), Relating to including additional territory in the state in a junior college district.

To Higher Education.

**HB 3635** (By Dutton), Relating to the registration of and taxes and fees imposed on sexually oriented businesses; providing a civil penalty.

To Licensing and Administrative Procedures.

**HB 3636** (By Dutton), Relating to safety measures for culverts or other similar flood or drainage systems maintained by governmental entities.

To Urban Affairs.

**HB 3637** (By S. Miller), Relating to the regulation of equine dental technicians; providing penalties.

To Agriculture and Livestock.

**HB 3638** (By Hancock), Relating to telecommunications and the universal service fund.

To State Affairs.

**HB 3639** (By Pitts), Relating to state fiscal matters related to public and higher education.

To Appropriations.

**HB 3640** (By Pitts), Relating to the remittance and allocation of certain taxes and fees.

To Appropriations.

**HB 3641** (By Pitts), Relating to the remittance and allocation of gasoline and diesel fuel tax collections.

To Appropriations.

**HB 3642** (By Pitts), Relating to the dates on which franchise tax payments are due from certain taxable entities.

To Appropriations.

HB 3643 (By Pitts), Relating to the remittance of mixed beverage taxes and taxes and fees on certain alcoholic beverages.

To Appropriations.

HB 3644 (By Pitts), Relating to the creation and re-creation of funds and accounts in the state treasury, the dedication and rededication of revenue, and the exemption of unappropriated money from use for general governmental purposes.

To Appropriations.

HB 3645 (By Pitts), Relating to state contributions made to fund the Teacher Retirement System of Texas and certain group benefits for retired school employees.

To Pensions, Investments, and Financial Services.

HB 3646 (By Turner), Relating to the powers and duties of the Legislative Budget Board, including the receipt of reports by the board.

To State Affairs.

HB 3647 (By Turner), Relating to directing payment, after approval, of certain miscellaneous claims and judgments against the state out of funds designated by this Act; making appropriations.

To Appropriations.

HB 3648 (By Otto), Relating to state fiscal matters related to the judiciary.

To Appropriations.

HB 3649 (By Otto), Relating to state fiscal matters related to law enforcement and criminal justice.

To Appropriations.

HB 3650 (By Otto), Relating to cash payments provided to an inmate released on parole, mandatory supervision, or conditional pardon from the Texas Department of Criminal Justice.

To Appropriations.

HB 3651 (By Otto), Relating to the appropriation of certain revenue for information technology projects.

To Appropriations.

HB 3652 (By Otto), Relating to handling fees imposed by the comptroller for processing unclaimed property.

To Appropriations.

HB 3653 (By Otto), Relating to the registration fee and registration renewal fee for lobbyists.

To Appropriations.

HB 3654 (By Otto), Relating to the review of certain documents by the attorney general; imposing certain fees.

To Appropriations.

HB 3655 (By Otto), Relating to the State Bar of Texas membership dues and minimum continuing legal education requirements for an attorney employed by the office of the attorney general.

To Appropriations.

HB 3656 (By Otto), Relating to reimbursement to a county for payment to a person who reports for jury service.

To Appropriations.

HB 3657 (By Otto), Relating to the collection of certain fees by the Commission on Jail Standards.

To Appropriations.

HB 3658 (By Otto), Relating to the judicial and court personnel training fund.

To Appropriations.

HB 3659 (By Otto), Relating to contributions by public retirement systems to the State Pension Review Board fund.

To Appropriations.

HB 3660 (By Otto), Relating to requiring the secretary of state to publish the session laws of the legislature electronically and eliminating certain requirements for publishing and distributing volumes of the session laws.

To Appropriations.

HB 3661 (By Otto), Relating to abolishing the state boot camp program.

To Appropriations.

HB 3662 (By Otto), Relating to fees for process server certification.

To Appropriations.

HB 3663 (By Otto), Relating to the use and management of the Texas preservation trust fund account.

To Appropriations.

HB 3664 (By Otto), Relating to the calculation of the amount of state aid to be received by community supervision and corrections departments.

To Appropriations.

HB 3665 (By Otto), Relating to state fiscal matters related to general government.

To Appropriations.

HB 3666 (By Zerwas), Relating to state fiscal matters related to health and human services and state agencies administering health and human services programs.

To Appropriations.

HB 3667 (By Peña), Relating to the establishment and administration of an employment verification compliance program, deterring the use of unauthorized foreign workers, imposing powers and duties on executive agencies, and providing for remedies.

To State Affairs.

**HB 3668** (By Callegari), Relating to certificates of public convenience and necessity for water or sewer services.

To Natural Resources.

**HB 3669** (By Carter), Relating to the funding for and user friendliness of the website operated by the Public Utility Commission of Texas to provide information regarding the power to choose retail electric providers.

To State Affairs.

**HB 3670** (By Carter), Relating to accreditation standards for child care training.

To Human Services.

**HB 3671** (By W. Smith), Relating to the development, financing, construction, and operation of toll projects.

To Transportation.

**HB 3672** (By Dutton), Relating to requiring the comptroller to provide notice to a person who will be regarded as a retailer or seller for purposes of sales and use tax.

To Ways and Means.

**HB 3673** (By Dutton), Relating to offers of settlement in civil cases.

To Judiciary and Civil Jurisprudence.

**HB 3674** (By Eiland), Relating to the use of unsworn declarations.

To Judiciary and Civil Jurisprudence.

**HB 3675** (By Eiland), Relating to assessments and taxes on subscription video service providers.

To State Affairs.

**HB 3676** (By Brown), Relating to procuring contracts for certain professional services by a governmental entity.

To State Affairs.

**HB 3677** (By Brown), Relating to the administrative fee charged by the Department of Information Resources to other entities for the purchase of certain commodity items.

To State Affairs.

**HB 3678** (By Brown), Relating to implementation of certain cost-saving measures for the Medicaid vendor drug program and child health plan program prescription drug benefits.

To Public Health.

**HB 3679** (By Martinez Fischer), Relating to a prohibition on the marketing of foods of minimal nutritional value on public school campuses.

To Public Health.

**HB 3680** (By Martinez Fischer), Relating to the types of food or beverages that may be sold to students on public school campuses.

To Public Health.