

TEXAS LEGISLATIVE COUNCIL

P.O. Box 12128, Capitol Station
Austin, Texas 78711-2128
Telephone: 512/463-1151



**DAVID DEWHURST**
Lieutenant Governor
Joint Chair

**DEBBIE IRVINE**
Executive Director

**JOE STRAUS**
Speaker of the House
Joint Chair

# BRIEF

TO: The Honorable Greg Abbott
Attorney General of Texas

FROM: Ross Giesinger, Legislative Counsel
Texas Legislative Council

DATE: January 17, 2012

SUBJECT: Reasons for Withholding Certain Information Requested by Suzanne Gamboa, Associated Press, from State Representative Patricia Harless

## INTRODUCTION

This brief explains the reasons why certain information requested from State Representative Patricia Harless relating to the topic of voter photo identification and/or new laws or proposals to require photo identification of voters, may be withheld from public disclosure in response to a request under the public information law by Suzanne Gamboa. Representative Harless has previously provided to Ms. Gamboa copies of all requested documents in the possession of his office for which Representative Harless does not wish to claim any exception from disclosure.

As set out in her letter to your office dated January 6, 2012, Representative Harless has elected to claim exceptions from disclosure for certain documents that fall within Ms. Gamboa's request. The documents that the office seeks to withhold are all directly related to the topic of voter photo identification and/or new laws or proposals to require photo identification of voters. All of the documents that the office wishes to withhold are confidential communications and working papers related to Representative Harless's legislative activity. None were ever made public or distributed to any person outside of Representative Harless's office

2:13-cv-193
09/02/2014
**DEF0478**

HIGHLY CONFIDENTIAL



TX_00007068

The Honorable Greg Abbott
January 17, 2012
Page 2

There are seven documents that the office seeks to withhold. Copies of those documents are included with this brief and are marked in red pencil for identification and designation of the specific grounds for which the council seeks to withhold each document. Documents A, B, C, D, and E are a single email chain between the member and her Chief of Staff Colby Beuck containing advice, opinions, and recommendations relating to a speech on Senate Bill No. 14, Acts of the 82nd Legislature, Regular Session, 2011 (Voter I.D. Law) that the representative gave to the Cy-Fair Houston Chamber of Commerce, Government Affairs Committee on December 1, 2011. Documents F and G are emails between Representative Harless and her chief of staff that relate to the representative's request for an outline and talking points for the speech on S.B. 14. Portions of documents F and G are unresponsive to the request, and are marked accordingly. Additionally, documents F and G show that "cc" copies were sent to Julie Scott and Ella Edmiston, both of whom are employed in the representative's office. All of the documents contain confidential discussions and information regarding public policy and the preparation of legislation.

Representative Harless claims that the documents labeled A, B, C, D, and E are excepted from disclosure in their entirety, and that the entirety of responsive portions of the documents labeled F and G are excepted from disclosure.

Section 552.101, Government Code, and Legislative Privilege

It is Representative Harless's position that the documents at issue are excepted from required disclosure under Chapter 552, Government Code, by operation of Section 552.101 of that chapter. Section 552.101 reads:

> Sec. 552.101. EXCEPTION: CONFIDENTIAL INFORMATION. Information is excepted from the requirements of Section 552.021 if it is information considered to be confidential by law, either constitutional, statutory, or by judicial decision.

Section 552.101, Government Code, incorporates into Chapter 552 an exception from required disclosure for information that is made confidential under a law outside Chapter 552. Many statutes and other sources of law, such as the Rules of Evidence adopted by the Texas Supreme Court, provide that certain information is confidential for purposes of Section 552.101. In enacting Section 552.101, the legislature recognized that it would be impractical to attempt to incorporate into Chapter 552 every legal basis for withholding information.

The Texas Supreme Court has held that state and local officials acting in a legislative capacity have legislative immunity for those actions, and that that immunity provides those officials with an evidentiary and testimonial privilege regarding their legislative activities. *In re Perry*, 60 S.W.3d 857 (Tex. 2001). Legislative immunity and privilege derive largely from the Speech and Debate Clause of the Texas Constitution (Section 21, Article III) and the separation of powers doctrine. The purpose of legislative immunity is to encourage frank and unguarded debate. *In re Perry*, 60 S.W.3d at 859. Legislative privilege "shields legislative actors . . . from

HIGHLY CONFIDENTIAL

TX_00007069

The Honorable Greg Abbott
January 17, 2012
Page 3

being required to testify about their legislative activities." *In re Perry*, 60 S.W.3d at 860. The court in *Perry* held that members of the Legislative Redistricting Board and the board's staff could not be required to testify *or provide documentary evidence* relating to their legislative activities.

Section 552.101, Government Code, provides that information "considered to be confidential by law, either constitutional, statutory, or *by judicial decision*" (emphasis added) is excepted from the disclosure requirements of Section 552.021. In Open Records Letter Ruling No. 2007-15028 (2007), the attorney general's office recently examined a claim of legislative privilege, also referred to in that letter ruling as legislative immunity, under Section 552.101. Noting that legislative privilege is a privilege from testifying in discovery or at trial, and citing Open Records Decision (ORD) No. 575 (1990), Letter Ruling No. 2007-15028 concluded that a member of the legislature may not withhold information under Section 552.101 in conjunction with legislative privilege.

However, Letter Ruling No. 2007-15028 fails to consider significant developments since ORD No. 575 was issued. The Texas Supreme Court has since then recognized that an evidentiary privilege makes information "confidential" for purposes of Section 552.022, Government Code. *In re City of Georgetown*, 53 S.W.3d 328 (Tex. 2001). In *City of Georgetown*, the supreme court held that, for purposes of Section 552.022, a law does not have to use the word "confidential" to make information confidential. 53 S.W.3d at 334. The court also noted, "The commonly understood meaning of 'law' includes *judicial decisions* and rules promulgated by the judiciary, such as rules of procedure and evidence" (emphasis added). Id at 332. As in the case of the attorney-client and work-product privileges considered in *City of Georgetown*, the legislative privilege serves important public policy purposes that would be completely subverted if the privilege could be bypassed simply by making an open records request under Chapter 552, Government Code. Since *City of Georgetown*, the view that a testimonial privilege constitutes a law that renders the relevant information "confidential" under Chapter 552 has been adopted in Open Records Letter Ruling No. 2004-4376 (2004). To apply the term "confidential" for purposes of Section 552.022 differently from the application of that term in Section 552.101, which already included the term "confidential" when that term was *added* to Section 552.022 by the legislature in 1999, creates an inconsistency that is at odds with the Texas Supreme Court's reasoning in *City of Georgetown*. Legislative privilege derived from the Texas Constitution and recognized by the Texas Supreme Court in cases such as *In re Perry* is exactly the type of exception from disclosure under Chapter 552 that the legislature sought to recognize by enacting Section 552.101 in such broad terms.

The critical determination in applying legislative privilege to specific information or activities is whether the matter for which the privilege is claimed is within "the sphere of legitimate legislative activity." *Tenney v. Brandhove*, 341 U.S. 367 (1951). In *Perry*, the court adopted the general jurisprudence on the legislative privilege developed by the United States Supreme Court, quoting and citing extensively from Supreme Court opinions. The *Perry* court did not distinguish between public or official actions of the redistricting board members or staff and private communications and correspondence relating to their official duties, but concluded

HIGHLY CONFIDENTIAL

The Honorable Greg Abbott
January 17, 2012
Page 4

broadly and simply that "we hold that legislative immunity applies to the activities of the LRB's members and their aides in developing a redistricting plan." 60 S.W.3d at 861.

The Texas Supreme Court addressed the scope of legislative immunity in *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150 (Tex. 2004). In that case, the plaintiff argued that certain actions taken by a city council member in connection with zoning legislation were outside the scope of the council member's legislative duties and thus not covered by legislative immunity. The Texas Supreme Court adopted an expansive view of the scope of legislative duties, holding that legislative immunity applied not only to the council person's public discussion and votes on the zoning legislation, but also to his leadership role in promoting the legislation, his personal legal research conducted in connection with that role, his personal communications with constituents, and his efforts to persuade the other members of the city council: "We hold that [council member] Joe's discussion, persuasion of colleagues, and vote on the ordinance were legitimate legislative functions." 145 S.W.3d at 158.

In this case, the documents that Representative Harless wishes to withhold were prepared directly and entirely for the core, legitimate legislative purpose of considering legislation. The documents at issue consist of analysis, including relevant background, of S.B. 14 by Representative Harless's chief of staff to prepare the representative for a speech on S.B. 14. Though the documents that Representative Harless seeks to withhold were created after S.B. 14 was enacted, those documents relate to future legislation that she may propose or support because: (1) documents that describe the practical effect of actions taken under or in connection with S.B. 14 will bear on whether the law added by S.B. 14 needs to be amended; and (2) should S.B. 14 fail to be precleared by the U.S. Department of Justice or a federal court under Section 5 of the federal Voting Rights Act, the post-enactment documents will bear on how best to reenact the concepts treated by S.B. 14. The documents were never made public or distributed to any person outside of Representative Harless's office.

For these reasons, we believe that the documents that Representative Harless wishes to withhold are subject to legislative privilege and therefore excepted as confidential information under Section 552.101, Government Code, from required disclosure.

Section 552.103, Government Code

Representative Harless wishes to withhold the documents at issue because they are excepted from required disclosure under Chapter 552, Government Code, by operation of Section 552.103 of that chapter. Section 552.103 reads:

> Sec. 552.103. EXCEPTION: LITIGATION OR SETTLEMENT NEGOTIATIONS INVOLVING THE STATE OR A POLITICAL SUBDIVISION. (a) Information is excepted from the requirements of Section 552.021 if it is information relating to litigation of a civil or criminal nature to which the state or a political subdivision is or may be a party or to which an officer or employee of the state or a political subdivision, as a consequence of the person's office or employment, is or may be a party.

HIGHLY CONFIDENTIAL

The Honorable Greg Abbott
January 17, 2012
Page 5

(b) For purposes of this section, the state or a political subdivision is considered to be a party to litigation of a criminal nature until the applicable statute of limitations has expired or until the defendant has exhausted all appellate and postconviction remedies in state and federal court.

(c) Information relating to litigation involving a governmental body or an officer or employee of a governmental body is excepted from disclosure under Subsection (a) only if the litigation is pending or reasonably anticipated on the date that the requestor applies to the officer for public information for access to or duplication of the information.

To establish litigation is reasonably anticipated, a governmental body must provide this office "concrete evidence showing that the claim that litigation may ensue is more than mere conjecture." Open Records Decision (ORD) No. 452 at 4 (1986). Concrete evidence to support a claim that litigation is reasonably anticipated may include, for example, the governmental body's receipt of a letter containing a specific threat to sue the governmental body from an attorney for a potential opposing party. ORD No. 555 (1990); ORD No. 518 at 5 (1989) (litigation must be "realistically contemplated"). In addition, this office has concluded litigation was reasonably anticipated when the potential opposing party hired an attorney who made a demand for disputed payments and threatened to sue if the payments were not made promptly, or when an individual threatened to sue on several occasions and hired an attorney. ORD Nos. 346 (1982), 288 (1981). On the other hand, this office has determined if an individual publicly threatens to bring suit against a governmental body, but does not actually take objective steps toward filing suit, litigation is not reasonably anticipated.

Because the validity of S.B. 14 is at issue, litigation might reasonably be expected to involve the State of Texas as a party to defend the statute. The United States Department of Justice is currently reviewing S.B. 14 under Section 5 of the federal Voting Rights Act. As your office is aware, the Texas Attorney General has indicated a willingness to sue the federal government in order to expedite the implementation of S.B. 14, stating that his office is "prepared to take all necessary legal action to defend the voter ID law enacted by the Texas Legislature."[1] Therefore all of the documents that Representative Harless seeks to withhold relate to reasonably anticipated litigation in which this state will be a party.

Public officials such as Representative Harless should not have to simultaneously comply with the procedures prescribed by Chapter 552 at the same time that they may be receiving subpoenas or otherwise be requested to provide information to the parties to the litigation. As discussed in the other sections of this brief, the documents in question relate solely and directly to S.B. 14, the validity of which has been challenged in the pending litigation.

For these reasons, we believe that the documents that Representative Harless seeks to withhold falls within the exception from required disclosure under Section 552.103 because it is

---

[1] Aman Batheja, *Attorney General Pledges to Defend Texas' voter ID Law*, Fort Worth Star-Telegram, December 27, 2011, http://www.star-telegram.com/2011/12/27/3620522/attorney-general-pledges-to-defend.html.

HIGHLY CONFIDENTIAL

The Honorable Greg Abbott
January 17, 2012
Page 6

information relating to reasonably anticipated litigation to which a political subdivision of the state and the state itself may become a party.

Section 552.106, Government Code

The documents that Representative Harless wishes to withhold are also excepted from disclosure by Section 552.106(a), Government Code. Section 552.106 reads:

> Sec. 552.106. EXCEPTION: CERTAIN LEGISLATIVE DOCUMENTS. (a) A draft or working paper involved in the preparation of proposed legislation is excepted from the requirements of Section 552.021.
> (b) An internal bill analysis or working paper prepared by the governor's office for the purpose of evaluating proposed legislation is excepted from the requirements of Section 552.021.

Section 552.106 serves many of the same purposes as the constitutional legislative privilege in the context of the open records law. There are no reported judicial decisions construing Section 552.106, but several open records decisions of the attorney general discuss that section or its predecessor, former Section 3(a)(6), Article 6252-17a, Vernon's Texas Civil Statutes. In Open Records Decision (ORD) No. 460 (1987), the attorney general stated that Section 3(a)(6) protects documents that "reflect policy judgments, recommendations, and proposals" in order to "encourage frank discussions on policy matters" between staff and policy makers. ORD No. 460, p. 2.

As stated in the earlier section of this brief that discusses Section 552.101, Government Code, the documents that Representative Harless wishes to withhold were prepared directly and entirely for the legislative purpose of enacting legislation. Although at the time this documents were created and used S.B. 14 had already been enacted, the documents relate to future legislation that Representative Harless may propose or support because: (1) documents that describe the practical effect of actions taken under or in connection with S.B. 14 will bear on whether the law added by S.B. 14 needs to be amended; and (2) should the Department of Justice invalidate S.B. 14, the post-enactment documents will bear on how best to reenact the concepts treated by S.B. 14. Again, as previously noted, the documents were never made public or distributed to any person beyond Representative Harless and her staff.

To the extent that the document in this case may appear to include purely factual information, that information is restated or summarized in Representative Harless's or her staff's own words as an integral part of the policy arguments and analysis, not in a form that resembles in any way raw data or objective information that would be outside the exception provided by Section 552.106. In the context of this particular document, the specific information provided cannot be severed from the portions of the document reflecting policy judgments or analysis regarding S.B. 14. The confidentiality of factual statements integrated within an otherwise privileged document is recognized in *Harlandale Independent School District v. Cornyn*, 25 S.W.3d 328 (Tex. App.--Austin 2000, pet. denied), in which the court held that factual information described in privileged attorney-client communications is covered by the privilege to

HIGHLY CONFIDENTIAL

The Honorable Greg Abbott
January 17, 2012
Page 7

the same extent as analysis and opinion within that communication. In ORD No. 140 (1976), construing former Section 3(a)(6), Article 6252-17a, V.T.C.S., the attorney general stated that "a comparison, analysis, or other handling of facts *prepared to support legislation*" (emphasis added) is within the exception. ORD No. 140, p. 4; *see also* ORD No. 460, p. 2.

For these reasons, we believe the documents that Representative Harless seeks to withhold falls within the exception from required disclosure under Section 552.106 as a working paper involved in the preparation of proposed legislation.

Section 552.111, Government Code

The documents in question is also excepted from required disclosure by Section 552.111, Government Code. Section 552.111 reads:

> Sec. 552.111. EXCEPTION: AGENCY MEMORANDA.
> An interagency or intraagency memorandum or letter that would not be available by law to a party in litigation with the agency is excepted from the requirements of Section 552.021.

Section 552.111 incorporates the deliberative process privilege. *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 360 (Tex. 2000); ORD No. 615 (1993). Numerous attorney general rulings, relying on *City of Garland* and ORD No. 615, have explained that the deliberative process privilege "protects from disclosure interagency and intra-agency communications consisting of advice, opinion, or recommendations on policymaking matters of a governmental body." See Tex. Att'y Gen. Informal Letter Ruling Nos. OR2003-8447 (Nov. 24, 2003), OR2003-3974 (June 10, 2003), and OR2001-4182 (Sept. 18, 2001).

The first element of the deliberative process privilege requires that "interagency or intra-agency communications" be involved. The document in question is an intra-agency communication between an official serving on a governmental body regarding a policy matter within the jurisdiction of that body and a member of that official's staff with the responsibility to provide relevant analysis and recommendations to that official.

The second element of the deliberative process privilege requires that the communication consist of "advice, opinion, or recommendations." The document in its entirety consists of an analysis, with relevant background, of S.B. 14. The document is in effect an interpretation of the bill, and apparent factual statements within the document are interpretive and intended to aid Representative Harless in her understanding of the bill.

The last element of the deliberative process privilege requires that the advice, opinion, or recommendation be given with regard to the "policymaking matters of a governmental body." S.B. 14 was clearly a policymaking matter pending before the highest ranking governmental body in the legislative branch of state government, the state legislature. Though at the time that the document in question was prepared by Representative Harless's office, S.B. 14 had already been enacted, the documents relate to future legislation that Representative Harless may propose

HIGHLY CONFIDENTIAL

The Honorable Greg Abbott
January 17, 2012
Page 8

or support because: (1) documents that describe the practical effect of actions taken under or in connection with S.B. 14 will bear on whether the law added by S.B. 14 needs to be amended; and (2) should the Department of Justice invalidate S.B. 14, the post-enactment documents will bear on how best to reenact the concepts treated by S.B. 14. Accordingly, the document clearly relates directly to a policymaking matter within the authority or jurisdiction of Representative Harless as a member of the legislature.

In interpreting Section 552.111 and the deliberative process privilege, the Texas Supreme Court has relied, in part, on federal court decisions interpreting a nearly identical provision in the Federal Freedom of Information Act (5 U.S.C. Section 552(b)(5)) and has stated that the deliberative process privilege covers communications that are predecisional and deliberative and that help a decision maker in arriving at a decision. *City of Garland*, 22 S.W.3d at 361. The Texas Supreme Court, in quoting the United States Supreme Court, has also stated that the purpose of the privilege "has always been to promote the 'frank discussion of ... policy matters.'" *City of Garland*, 22 S.W.3d at 364 (quoting from *Environmental Protection Agency v. Mink*, 410 U.S. 73, 87, 93 S.Ct. 827). The documents that Representative Harless seeks to withhold in this case is clearly intended to describe the purposes of S.B. 14 in order to assist the representative in making a public statement reflecting her policy position and related background and reasoning regarding the bill.

Furthermore, the Attorney General has concluded that Section 552.111 protects documents that are internal communications consisting of advice, recommendations, opinions, and other materials reflecting the governmental body's policymaking process. A preliminary draft of a document that is intended for public release in its final form necessarily represents the drafter's advice, opinion, and recommendation with regard to the form and content of the final document. See Tex. Att'y Gen. Informal Letter Ruling No. OR2010-11956 (Aug. 6, 2011). Additionally, Section 552.111 protects factually information in the draft that will also be included in the final version of the document in addition to comments, underlining, deletions, and proofreading marks of a preliminary draft of a policymaking document. See id. The documents at issue are represent the raw materials, in effect a preliminary draft, of a speech that the Representative subsequently gave to the public. They contain both factual information and advice, opinion, and recommendations as to the form and content of the speech and should therefore be excepted from disclosure under Section 552.111.

For these reasons, the deliberative process privilege encompassed by Section 552.111, Government Code, excepts the document that Representative Harless seeks to withhold from required public disclosure.

HIGHLY CONFIDENTIAL