IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 2:13-cv-193 (NGR) |
| RICK PERRY, *et al.*, | |
| Defendants. | |
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, *et al.*, | |
| Plaintiff-Intervenors, | |
| TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, *et al.*, | Civil Action No. 2:13-cv-263 (NGR) |
| Plaintiff-Intervenors, | |
| v. | |
| STATE OF TEXAS, *et al.*, | |
| Defendants. | |



**2:13-cv-193**
**09/02/2014**
**DEF0512**

Defendants' Objections and Responses to Plaintiffs and Plaintiff-Intervenors'
First Set of Interrogatories

TEXAS STATE CONFERENCE OF NAACP
BRANCHES, *et al.*,

               Plaintiffs,

         v.

NANDITA BERRY, *et al.*,

Defendants.

---

BELINDA ORTIZ, *et al.*,

Plaintiffs,

         v.

STATE OF TEXAS, et al.,

Defendants.

Civil Action No. 2:13-cv-291 (NGR)

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS
AND PLAINTIFF-INTERVENORS' FIRST SET OF INTERROGATORIES**

**TO:** All Plaintiffs and Plaintiff-Intervenors, by and through their attorneys of record.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the State of Texas, Rick Perry, John Steen and Steve McCraw, by and through the Attorney General for the State of Texas, serve these Objections and Responses to Plaintiffs and Plaintiff-Intervenors' First Set of Interrogatories.

**GENERAL OBJECTIONS**

Defendants object to each interrogatory: (1) insofar as it seeks information not in Defendants' possession, custody, or control; (2) insofar as it seeks information that was prepared for or in anticipation of litigation, constitutes attorney work product, contains attorney-client communications, or is otherwise privileged; (3) insofar as it seeks information which is publicly available or otherwise equally available and/or uniquely or equally available from third parties; (4) insofar as it seeks information that does not specifically refer to the events which are the subject matter of this litigation; and (5) insofar as it seeks information not relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

These responses and objections are made on the basis of information now known to Defendants and are made without waiving any further objections to, or admitting the relevancy or materiality of, any of the information requested. Defendants' investigation, discovery, and preparation for proceedings are continuing and all answers are given without prejudice to Defendants' right to introduce or object to the discovery of any documents, facts, or information

discovered after the date hereof.  Defendants likewise do not waive the right to object, on any and all grounds, to (1) the evidentiary use of the information contained in these responses and objections; and (2) discovery requests relating to these objections and responses.

Defendants will provide their responses based on terms as they are commonly understood, and consistent with the Federal Rules of Civil Procedure.  Defendants object to and will refrain from extending or modifying any words employed in the requests to comport with expanded definitions or instructions.

Defendants object to plaintiffs and plaintiff-intervenors' numbering of the Interrogatories as Numbers one (1) through twenty-eight (28).  Plaintiffs and plaintiff-intervenors continuously include discrete, and not so discrete, subparts throughout the interrogatories.  Defendants have renumbered Interrogatories 4, 5, 6, 7, 8, 10, 11, 15 and 28. The total number of interrogatories propounded by the Plaintiffs and plaintiff-intervenors herein is 43.


**1.     Identify each person who was involved in the preparation of your responses to  any interrogatory propounded in this litigation and the interrogatory or interrogatories on which  they assisted or were consulted.**

**OBJECTION:**  Defendants object to this interrogatory as being overly broad, vague, and lacking in particularity.  Further, it seeks information that is not relevant and is not likely to lead to the discovery of relevant or admissible evidence. By asking the Defendants to identify "each person who was involved in the preparation of your responses", the interrogatory goes far beyond asking for the identity of persons that provided answers, information, or gathered

information to formulate the responses; and, would require the Defendants to identify each person that is in any way involved, regardless of the level of involvement. Further, the interrogatory calls upon the Defendants to identify persons involved in the preparation of responses "to any interrogatories propounded in this litigation". Defendants are aware of no other interrogatories having been propounded and object to the extent this interrogatory attempts to create a duty to respond with respect to any interrogatories outside of what is currently before the Defendants.

Subject to and without waiving the foregoing objections, Defendants respond as follows. The following persons assisted generally in either providing information or preparing responses to these interrogatories and specifically to the interrogatories indicated:

Keith Ingram
Director of Elections Division
Office of The Texas Secretary of State
C/O John B. Scott
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 475-0131

Ashley Fischer
Legal Director of Elections Division
Office of The Texas Secretary of State
C/O John B. Scott
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 475-0131

Betsy Schonhoff
Voter Registration Manager
Office of The Texas Secretary of State
C/O John B. Scott
Office of the Attorney General
P.O. Box 12548

---

Austin, Texas 78711-2548
(512) 475-0131

Leticia Salazar
Office of The Texas Secretary of State
C/O John B. Scott
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 475-0131
(No. 12)

Dan Glotzer
Office of The Texas Secretary of State
C/O John B. Scott
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 475-0131

Bryan Hebert
General Counsel
Office of The Lieutenant Governor
C/O John B. Scott
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 475-0131
(No. 2, 17, 18, 19)

Frank Battle
General Counsel and House Ethics Advisor
Office of The Speaker of The House
C/O John B. Scott
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 475-0131
(No. 1, 2, 8, 15-18, 23)

Meredyth Fowler
Counsel to The Speaker on General Government
Office of The Speaker of The House
C/O John B. Scott

---

Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 475-0131
(No. 1, 2, 8, 15-18, 23)

Jon Heining
General Counsel
Texas Legislative Council
C/O John B. Scott
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 475-0131
(No. 16)

Joe Peters
Assistant Director
Driver License Division
Texas Department of Public Safety
C/O John B. Scott
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 475-0131

Sheri Gipson
Senior Manager
Records and Enforcement
Customer Support
Driver License Division
Texas Department of Public Safety
C/O John B. Scott
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 475-0131
(No. 4 and 5)

Tony Rodriguez
Customer Operations Senior Manager
South and West Driver License Division
Texas Department of Public Safety
C/O John B. Scott

---

Defendants' Objections and Responses to Plaintiffs and Plaintiff-Intervenors'
First Set of Interrogatories

Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 475-0131
(No. 6 and 21)

Sherrie Zgabay, Manager
Licensing and Registration Service
Regulatory Services Division
Texas Department of Public Safety
C/O John B. Scott
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 475-0131
(No. 7)

Rebekah Hibbs, Senior Manager
Policy and Business Improvement
Driver License Division
Texas Department of Public Safety
C/O John B. Scott
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 475-0131
(No. 12 and 13)

Katherine Cesinger, Deputy Assistant Director
Media and Communications Office
Texas Department of Public Safety
C/O John B. Scott
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 475-0131
(No. 3)

Stephen Bell, Customer Operations Senior Manager
North and East Driver License Division
Texas Department of Public Safety
C/O John B. Scott
Office of the Attorney General
P.O. Box 12548

Austin, Texas 78711-2548
(512) 475-0131
(No. 26 and 27)

Kathleen T. Murphy, Senior Assistant General Counsel
Office of General Counsel
Texas Department of Public Safety
C/O John B. Scott
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 475-0131

David Morales
General Counsel
Office of Governor Rick Perry
C/O John B. Scott
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 475-0131

Jessica Olson
Special Counsel, Office of General Counsel
Office of Governor Rick Perry
C/O John B. Scott
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 475-0131

Ryan Brannon
Policy Advisor, Office of Budget, Planning and Policy
Office of Governor Rick Perry
C/O John B. Scott
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 475-0131

Forrest Mitchell
Office of the Attorney General
C/O John B. Scott
Office of the Attorney General

---

Defendants' Objections and Responses to Plaintiffs and Plaintiff-Intervenors'
First Set of Interrogatories

P.O. Box 12548
Austin, Texas 78711-2548
(512) 475-0131
(No. 8 and 9)

**2. Describe in detail each legislative purpose of SB 14.**

**OBJECTION:** Defendants object to this interrogatory as overly broad, unduly burdensome, vague and ambiguous as it fails to define "legislative purpose". Further, Defendants object to the extent the interrogatory seeks information that is not relevant and is not likely to lead to the discovery of relevant or admissible evidence. Defendants object to this interrogatory to the extent it seeks disclosure of information subject to the attorney-client privilege, legislative privilege, deliberative process privilege, and attorney work-product doctrine. Defendants further object to the extent it seeks information protected from disclosure by Texas Government Code §323.017. Defendants further object to this interrogatory to the extent it seeks information not personally known or controlled by the Defendants but is known or controlled by third parties, including independent officers of the State and local governments. Defendants further object to this interrogatory to the extent it seeks information that is publicly available or equally accessible to the plaintiffs and plaintiff-intervenors.

Subject to and without waiving the foregoing objections Defendants respond generally as follows: the Defendants refer the Plaintiffs and Plaintiff-Intervenors to the Bill Analysis, Tex. S.B. 14, 82nd Leg., R.S. (2011) (enrolled bill) and the House Research Organization, Bill Analysis, Tex. S.B. 14, 82nd Leg., R.S. (2011). In addition, the Plaintiffs are referred to the Committee Hearings and floor debates in the Senate and House with respect to S.B. 14. In addition, see the January 26, 2011, press release by S.B. 14 bill sponsor Senator Troy Fraser

which can be found at http://www.fraser.senate.state.tx.us/pr11/p012611a.htm. Also see the May 9, 2011, press release by Lieutenant Governor David Dewhurst which can be found at http://www.ltgov.state.tx.us/prview.php?id=287.

**3. Identify each person involved in drafting, proposing, and finalizing all administrative regulations, policies, guidelines, or guidance relating to the implementation of SB 14, whether proposed or finalized, including each such person's title and office at the time, a description of the person's involvement in those activities, and the dates of such involvement.**

**OBJECTION:** Defendants object to this interrogatory as being overly broad, vague, unduly burdensome, lacking in particularity, and not reasonably specific. Defendants further object to the extent it seeks information that is not relevant and is not likely to lead to the discovery of relevant or admissible evidence. This interrogatory fails to identify or define the administrative regulations, policies, guidelines or guidance for which it seeks the requested information. Further, it imposes an unlimited burden to identify every individual, regardless of location, level of involvement, or relationship to the Defendants, who happened to be "involved" in any manner with "drafting, proposing, and finalizing" the requested information. This information sought exceeds the set of individuals who might have information material to the claims in this lawsuit. Defendants cannot reasonably comply with this request to identify all such persons because many can be third parties, including private individuals and organizations, as well as independent officers of the State and local governments, whose activities and deliberations are not within the Defendants' knowledge, possession, custody or

control.

Subject to and without waiving the foregoing objections, the Defendants respond generally as follows: Wroe Jackson – General Counsel;   Keith   Ingram   –   Director   of Elections Division; Ashley Fischer - Elections Division Legal Director; Betsy Schonhoff - Voter Registration Manager; and various other Elections Division attorneys and staff members of the Office of the Texas Secretary of State.  These individuals, from June 25, 2013, and onward have been involved in such things as the drafting of forms, rules, advisories, seminar presentations, answering questions from the public and county election officials, revising presentations, preparing and revising poll worker training materials, postings for election voting precinct locations, postings for county offices, voter registration materials, and voter registration forms for updating information.

In addition, the following persons with the Texas Department of Public Safety: Rebecca Davio, Assistant Director, Driver License Division from May 2010-July 2013,  was the party responsible for the drafting, proposing and finalizing the administrative rules related to EIC issuance found at 37 TAC §, Part 1, Chapter 15, Subchapter L.  Ms. Davio was assisted by Janie Smith, Management Analyst, DLD.    The Department's rulemaking process involves contact by the Division with legal representatives from the DPS Office of General Counsel. This process involved D. Philip Adkins, General Counsel, and Kathleen T. Murphy-Darveau, Senior Assistant General Counsel.  The administrative filing and processing of rules was handled by Susan Estringel, Legal Assistant, Agency Liaison with the Texas Register, DPS Office of General Counsel.  The rulemaking process was conducted between September and December 2011 and the rules became effective December 11, 2011.

---

Defendants' Objections and Responses to Plaintiffs and Plaintiff-Intervenors'
First Set of Interrogatories

4.      Detail the process of obtaining a Texas driver license, including, but not limited  to,
the requirements for its issuance, the amount DPS charges for issuance, the delay (if any)
between application and issuance, the underlying identification or documentation that a
person   must present to obtain a driver license, and the process (including requirements)
for obtaining such underlying identification.

**OBJECTION:**   Defendants object to this interrogatory on the ground that it contains at
least three separate interrogatories.  By asking the Defendants to "detail the process of
obtaining a Texas driver license "[hereafter Interrogatory 4a] and then asking Defendants to
detail "the underlying identification or documentation that a person must present to obtain a
driver license" [hereafter Interrogatory 4b] and then asking Defendants to detail "the process
(including requirements) for obtaining such underlying identification" [hereafter
Interrogatory 4c] the interrogatory introduces lines of inquiry that are separate and distinct
from the inquiry made by the portion of the inquiry that precedes each.  *See Willingham v.
Ashcroft,* 226 F.R.D. 57, 59 (D.D.C. 2005).    Defendants will therefore construe
Interrogatory 4 as three separate interrogatories.

Further, Defendants object to all three interrogatories as being vague, not reasonably
specific, overly broad and unduly burdensome to the extent they call for narrative
responses requiring the Defendants to provide complete legal and factual "detail" of the
requested "process and procedures" that are controlled by both statutes and administrative
rules.  These interrogatories seek to narrow the Defendants' responses without the benefit
of specific questions during direct or cross-examination.  Defendants would object that a

detailed explanation of these issues, to the extent relevant, is more appropriate by deposition. Defendants would further object to these interrogatories to the extent they require the Defendants to express legal opinions requiring legal expertise with respect to mandatory or discretionary "process and procedures" under the Texas Transportation Code and other applicable codes and administrative regulations. Defendants further object to the extent the interrogatories seek information that is publicly available and/or equally accessible to the plaintiffs and plaintiff-intervenors. Defendants would further object to the extent these interrogatories seek information that is not relevant to this cause of action and is not likely to lead to the discovery of relevant or admissible evidence.

Subject to and without waiving the foregoing objections, the Defendants generally respond as follows:

**Interrogatory 4a**

Responding generally, persons seeking to obtain a Texas Driver License may visit any Texas driver license office and complete an Application for Texas Driver License or Identification Card (form DL-14A). Upon presentation of the completed application the applicant must provide documents proving US citizenship or lawful presence, identity, social security number and Texas residency in accordance with provisions of Texas Transportation Code Chapters 521 and 522 and 37 TAC Part 1, Chapter 15, Subchapter B and Chapter 16. The applicant then pays the required fee. The fee for a Texas driver license is set by statute [See TRC Chapter 521, Subchapter R §521.421 and TRC §522.029] The applicant is given a vision test. Original applicants are also given a written driving exam and road test if required. The applicant's signature, fingerprint and photographic image will be electronically captured

and a temporary receipt will be issued. This temporary receipt contains a photograph of the applicant and is acceptable for voting purposes in the same manner as the actual card. The card is customarily produced within three (3) days and mailed to the applicant within seven (7) to ten (10) days. Detailed information regarding requirements for issuance, required documents and fees may be found on the DPS website, in Texas Transportation Code Chapters 521 and 522 and 37 TAC Part 1, Chapters 15 and 16.

The list of approved documentation that can be used for identity purposes can be found on the DPS website and in 37 TAC, Part 1, Chapter 15, Subchapter B, §15.24.

The list of driver license office locations may be found at the following web address: http://www.txdps.state.tx.us/administration/driver_licensing_control/rolodex/search.asp.

A list of acceptable documents for proving identity may be found in 37 TAC, Part 1, Chapter 15, Subchapter B, §15.24 and at the following web address:

http://www.txdps.state.tx.us/DriverLicense/identificationrequirements.htm

A list of acceptable documents for proving social security number may be found at the following web address:   http://www.txdps.state.tx.us/DriverLicense/ssn.htm

The list of acceptable documents for proving lawful presence may be found at the following web address:   http://www.txdps.state.tx.us/DriverLicense/LawfulStatusDLID.htm

The list of acceptable documents for proving Texas residency may be found at the following web address: http://www.txdps.state.tx.us/DriverLicense/residencyReqNonCDLhtm

Information regarding fees for all types of driver licenses can be found at the following web address:   http://www.txdps.state.tx.us/DriverLicense/fees.htm

**Interrogatory 4b**

*"… the underlying identification or documentation that a person must present to obtain a driver license,"*

An applicant may present one piece of primary identification, two pieces of secondary identification, or one piece of secondary plus two pieces of supporting identification.

The list of approved documentation that can be used for identity purposes can be found on the DPS website and in 37 TAC, Part 1, Chapter 15, Subchapter B, §15.24 and at the following web address: http://www.txdps.state.tx.us/DriverLicense/identificationrequirements .htm

The following seven documents are primary identification, are complete within themselves and require no supporting instruments. These documents must contain the applicant's complete name and full date of birth:

- Texas driver license (DL) or identification certificate (ID) with photo within two years of expiration date;
- unexpired United States passport;
- United States citizenship (naturalization) certificate with identifiable photo;
- unexpired document issued by the United States Citizenship and Immigration Services or successor federal immigration agency. The document must contain verifiable data and identifiable photo; or
- unexpired United States military ID card for active duty, reserve or retired personnel with identifiable photo;
- foreign passport with a visa issued by the United States Department of State (valid or expired) with unexpired I-94 marked valid for a fixed duration. If the applicant was not required by federal law to obtain a visa to enter the United States, the visa requirement under this subparagraph may be waived;
- foreign passport with a visa issued by the United States Department of State (valid or expired) with an I-94 marked valid for the duration of stay accompanied by appropriate documentation. If the applicant was not required by federal law to obtain a visa to enter the United States, the visa requirement under this subparagraph may be waived.

The following documents are secondary identification and must be recorded

governmental documents from the United States, one of the 50 states, a U.S. territory, or

District of Columbia:

- Original or certified copy of a birth certificate issued by the appropriate State Bureau of Vital Statistics or equivalent agency;
- Original or certified copy of United States Department of State Certification of Birth (issued to United States citizens born abroad); or

- Original or certified copy of court order with name and date of birth (DOB) indicating an official change of name and/or gender.

Supporting identification consists of other records or documents that aid examining personnel in establishing the identity of the applicant. The following items are not all inclusive. The examining or supervisory personnel may determine that an unlisted document meets the department's needs in establishing identity:

- school records;
- insurance policy (at least two years old);
- vehicle title;
- military records;
- unexpired military dependent identification card;
- original or certified copy of marriage license or divorce decree;
- voter registration card;
- Social Security card;
- pilot's license;
- concealed handgun license;
- Texas driver's license temporary receipt;
- Unexpired photo DL or photo ID issued by another (United States) state, US territory, the District of Columbia or Canadian province;
- expired photo DL or photo ID issued by another (United States) state, US territory, the District of Columbia or Canadian province that is within two years of the expiration date;
- a consular document issued by a state or national government; or
- an offender identification card or similar form of identification issued by the Texas Department of Criminal Justice.

The list of approved documentation that can be used for identity purposes can be found on the DPS website and in 37 TAC, Part 1, Chapter 15, Subchapter B, §15.24.

**Interrogatory 4c**

The Defendants do not have information regarding the process for obtaining each form of underlying documentation from other entities.

**5.     Detail the process of obtaining a DPS-issued personal identification card,**

Defendants' Objections and Responses to Plaintiffs and Plaintiff-Intervenors'
First Set of Interrogatories

including, but not limited to, the requirements for its issuance, the amount DPS charges for issuing one, the delay (if any) between application and issuance, the underlying identification or documentation that a person must present to obtain such personal identification card, and the process (including requirements) for obtaining each form of underlying identification.

**OBJECTION:** Defendants object to this interrogatory on the ground that it contains at least three separate interrogatories. By asking the Defendants to "detail the process of obtaining a "DPS-issued Personal Identification Card" "[hereafter Interrogatory 5a] and then asking Defendants to detail "the underlying identification or documentation that a person must present to obtain a driver license" [hereafter Interrogatory 5b] and then asking Defendants to detail "the process (including requirements) for obtaining such underlying identification" [hereafter Interrogatory 5c] the interrogatory introduces lines of inquiry that are separate and distinct from the inquiry made by the portion of the inquiry that precedes each. *See Willingham v. Ashcroft,* 226 F.R.D. 57, 59 (D.D.C. 2005). Defendants will therefore construe Interrogatory No. 5 as three separate interrogatories.

Further, Defendants object to all three interrogatories as being vague, not reasonably specific, overly broad and unduly burdensome to the extent they call for narrative responses requiring the Defendants to provide complete legal and factual "detail" of the requested "process and procedures" that are controlled by both statutes and administrative rules. These interrogatories seek to narrow the Defendants' responses without the benefit of specific questions during direct or cross-examination. Defendants would object that a detailed explanation of these issues, to the extent relevant, is more appropriate by

deposition.  Defendants would further object to these interrogatories to the extent they require the Defendants to express legal opinions requiring legal expertise with respect to mandatory or discretionary "process and procedures" under the Texas Transportation Code and other applicable codes and administrative regulations.  Defendants further object to the extent the interrogatories seek information that is publicly available and/or equally accessible to the plaintiffs and plaintiff-intervenors.  Defendants would further object to the extent these interrogatories seek information that is not relevant to this cause of action and is not likely to lead to the discovery of relevant or admissible evidence.

Subject to and without waiving the foregoing objections, the Defendants generally respond as follows:

**Interrogatory 5a**

*"Detail the process of obtaining a DPS-issued personal identification card, including, but not limited to, the requirements for its issuance, the amount DPS charges for issuing one, the delay (if any) between application and issuance…"*

Responding generally, persons seeking to obtain a Texas Personal Identification Certificate may visit any Texas driver license office and complete an Application for Texas Driver License or Identification Card (form DL-14A).  Upon presentation of the completed application the applicant must provide documents proving US citizenship, identity and Texas residency in accordance with provisions of Texas Transportation Code Chapter 521 and 37 TAC Part 1, Chapter 15, Subchapter B.   The applicant pays the required fee. The fee for an identification certificate is set by statute and ranges from $5.00 to $20.00. [See TRC §521.422] The applicant's signature, fingerprint and photographic image will be electronically captured and a temporary receipt will be issued.  This temporary receipt contains a photograph of the

applicant and is acceptable for voting purposes in the same manner as the actual card. The card is customarily produced within three (3) days and mailed to the applicant within seven (7) to ten (10) days. Detailed information regarding requirements for issuance, required documents and fees may be found on the DPS website.

**Interrogatory 5b**

"... the underlying identification or documentation that a person must present to obtain a personal identification card"

An applicant may present one piece of primary identification, two pieces of secondary identification, or one piece of secondary plus two pieces of supporting identification.

The following seven documents are primary identification, are complete within themselves and require no supporting instruments. These documents must contain the applicant's complete name and full date of birth:

- Texas driver license (DL) or identification certificate (ID) with photo within two years of expiration date;
- unexpired United States passport;
- United States citizenship (naturalization) certificate with identifiable photo;
- unexpired document issued by the United States Citizenship and Immigration Services or successor federal immigration agency. The document must contain verifiable data and identifiable photo; or
- unexpired United States military ID card for active duty, reserve or retired personnel with identifiable photo;
- foreign passport with a visa issued by the United States Department of State (valid or expired) with unexpired I-94 marked valid for fixed duration. If the applicant was not required by federal law to obtain a visa to enter the United States, the visa requirement under this subparagraph may be waived;
- foreign passport with a visa issued by the United States Department of State (valid or expired) with an I-94 marked valid for the duration of stay accompanied by appropriate documentation. If the applicant was not required by federal law to obtain a visa to enter the United States, the visa requirement under this subparagraph may be waived.

The following documents are secondary identification and must be recorded

governmental documents from the United States, one of the 50 states, a U.S. territory, or District of Columbia:

- Original or certified copy of a birth certificate issued by the appropriate State Bureau of Vital Statistics or equivalent agency;
- Original or certified copy of United States Department of State Certification of Birth (issued to United States citizens born abroad); or
- Original or certified copy of court order with name and date of birth (DOB) indicating an official change of name and/or gender.

Supporting identification consists of other records or documents that aid examining personnel in establishing the identity of the applicant. The following items are not all inclusive. The examining or supervisory personnel may determine that an unlisted document meets the department's needs in establishing identity:

- school records;
- insurance policy (at least two years old);
- vehicle title;
- military records;
- unexpired military dependent identification card;
- original or certified copy of marriage license or divorce decree;
- voter registration card;
- Social Security card;
- pilot's license;
- concealed handgun license;
- Texas driver's license temporary receipt;
- unexpired photo DL or photo ID issued by another (United States) state, US territory, the District of Columbia or Canadian province;
- expired photo DL or photo ID issued by another (United States) state, US territory, the District of Columbia or Canadian province that is within two years of the expiration date;
- a consular document issued by a state or national government; or
- an offender identification card or similar form of identification issued by the Texas Department of Criminal Justice.

The list of approved documentation that can be used for identity purposes can be found on the DPS website and in 37 TAC, Part 1, Chapter 15, Subchapter B, §15.24.

**Interrogatory 5c**

---

Defendants' Objections and Responses to Plaintiffs and Plaintiff-Intervenors'
First Set of Interrogatories

The Defendants do not have information regarding the process for obtaining each form of underlying documentation from other entities.

6.     **Detail the process of obtaining an EIC, as used in Section 63.0101 of the Texas Election Code (as amended by SB 14), including but not limited to each and every location in the State of Texas at which a person may obtain an EIC (including mobile and temporary locations) and each location's hours of operation, the requirements for issuance of an EIC, the delay (if any) between application and issuance, the underlying identification or documentation that a person must present to obtain an EIC, and the process for obtaining each form of underlying documentation.**

**OBJECTION:**  Defendants object to this interrogatory on the ground that it contains at least three separate interrogatories.  By asking the Defendants to "detail the process of obtaining an EIC "[hereafter Interrogatory 6a] and then asking Defendants to detail "the underlying identification or documentation that a person must present to obtain an "EIC" [hereafter Interrogatory 6b] and then asking Defendants to detail "the process (including requirements) for obtaining such underlying identification" [hereafter Interrogatory 6c] the interrogatory introduces lines of inquiry that are separate and distinct from the inquiry made by the portion of the inquiry that precedes each. *See Willingham v. Ashcroft,* 226 F.R.D. 57, 59 (D.D.C. 2005).  Defendants will therefore construe Interrogatory 6 as three separate interrogatories.

Further, Defendants object to all three interrogatories as being vague, not reasonably specific, overly broad and unduly burdensome to the extent they call for narrative