Status. That purpose has been accomplished.

Each weekday the Department of Public Safety (1) prepares an abstract of each final judgment received by the department convicting a person 18 years of age or older who is a resident of the state of a felony; and (2) files each abstract with the secretary of state. These records are then processed against the voter rolls to identify possible felons and provided to the county in which the individual is registered for further investigation. That purpose has been accomplished.

On an annual basis, pursuant to Section 62.001 (f) of the Government Code, DPS provides the statewide database of driver's license and ID holders. This file is used to reconstitute the jury wheel for each county in the state of Texas. That purpose has been accomplished.

The Office of the Secretary of State has also attempted to match the voter registration list to the DPS driver license database maintained in house at the behest of DOJ in the preclearance process. The list of non matches was provided to DOJ in September 2011. Another match was attempted between the voter registration list and a different DPS driver license database (specifically provided to SOS for this purpose) toward the end of 2011, and the results were also provided to DOJ in January 2012. The accuracy of the non-matches cannot be verified as correct.

Finally, the voter registration list was matched against the DPS "jury wheel" list in July 2013 in order to provide the Secretary of State's office with some idea of where non matches might be concentrated so that the Secretary of State could target mobile EIC units to those areas. These results were requested by public information request by Sondra Haltom and Chris

Tomlinson and provided to them.

19. For each instance described in your response to Interrogatory 18, detail the exact method of matching the databases, including, but not limited to the matching protocol, the full names, titles, and employers of the person or persons who authorized the match, the person or persons who devised the matching protocol, the fields that were matched, and each step that was taken to ensure the accuracy of the result.

**OBJECTION:** Defendants object to this interrogatory as vague, overly broad, unduly burdensome and not reasonably specific. It fails to identify what is meant by "matched", fails to specify any particular "database", and fails to identify the "matched information" that is being sought. Further, it fails to identify the "other state official or their agents" from whom the interrogatory requires information. Defendants further object to this interrogatory to the extent it seeks information not personally known or controlled by the Defendants but is known or controlled by third parties, including private individuals or groups and independent officers of the state and local governments. Defendants further object to this interrogatory to the extent it seeks information that is publicly available or equally accessible to the plaintiffs and plaintiff-intervenors. Defendants further object to the extent this interrogatory seeks disclosure of information subject to the attorney-client privilege, legislative privilege, deliberative process privilege, and attorney-work product doctrine. Defendants further object to the extent it seeks information protected from disclosure by Texas Government Code §323.017. Defendants further object to the extent the interrogatory calls upon the Defendants to disclose information concerning expert witnesses in this litigation. Defendants will disclose expert witnesses

pursuant to the court's scheduling order.

Subject to and without waiving the foregoing objections, the Defendants respond generally as follows: In determining which action is appropriate for a registrar to take, the Secretary of State's office established criteria for immediate cancellation of a registration, and different less certain criteria for when a county should further investigate an issue. These are identified as "strong" matches and "weak" matches. The type of identification is based on the data received and the information matched with a current voter registration record. As previously mentioned up until 2007, all matches, except for duplicates, were treated as "potential matches." With the inception of TEAM in 2007, strong match criteria was developed for deceased matches, and other matches became known as "weak matches."

When a strong match occurs, the voter's registration is automatically canceled. A weak match is submitted to the local voter registrar, along with the matching information for further review and investigation. If the registrar believes that there is a match, then the record will be cancelled. If the county registrar does not believe there is a match, then the task will be resolved and the record maintained. Finally, if the voter registrar believes there is a possibility that the information received potentially matches the registered voter listed on the county's rolls, then the voter registrar will send out a "Notice of Examination" or, in the case of a match based on deceased records, a "Verification of Voter Status." Various investigative "Strong match" and "weak match" criteria are described below:

- On all matching criteria, when a former name is provided, it will be compared to the last name field.
- Deceased records, under section 16.001 of the Texas Election Code, are obtained from the Bureau of Vital Statistics and the Social Security Administration. The matching criteria that was developed in 2007 to identify deceased individuals is:
  o **Strong Deceased Criteria-**A match on a voter record results in cancellation, while a

   match on an applicant record results in rejection.
-   o Last Name, SSN (9 digits) and DOB
- ***Weak Deceased Criteria*-**A match creates an event/task to send a notice of investigation, (under section 16.033 of the Texas Election Code) which is referred to as the Verification of Voter Status Letter to the voter, if applicable. The list of weak matches is a reference point for voter registrars for conducting additional investigations into whether a voter is potentially deceased.
  - o SSN (9 digits) and DOB
  - o SSN (4 digits) and DOB

In 2012, when the Social Security Administration matching began to be performed, the Secretary of State incorporated additional matching criterion when identifying weak matches.

1. Weak Match Criteria of SSN (9 digits) and DOB or SSN (4 digits) and DOB plus one Name component as listed below:

- Last Name to Last Name
- First Name to First Name
- Middle Name or Middle Initial Match

2. First Name, Last Name, and Date of Birth (DOB)

3. Last Name and Full SSN

The Live Check protocol was also implemented with the inception of TEAM. The various checks that a new application goes through in a county are:

1. Duplicate check - the voter record is compared to the statewide database to determine whether or not a strong match duplicate can be identified. If a strong match duplicate is found, the voter record in the old county (with the older EDR date) is cancelled and the voter is "moved" to be an active voter in the new county of registration. If the application strong matches a registered voter in the same county, the record will be updated.

2. Deceased check - the voter record is compared to the deceased table (comprised of records from the Bureau of Vital Statistics and the Social Security Administration Death Master File) in an effort to confirm the status of the voter. If the record strong matches a record listed in the deceased table, then the application is rejected.

3. Identification check - the voter from DPS bypasses the ID verification check since the record originated from DPS, but it is checked against deceased live check and undergoes the duplicate verification process. If the voter provides a DL number, then the voter record is

compared to the Driver License Table. This process compares the TDL, Last Name or Former Name, and Date of Birth of the voter application to the TDL table. If the last four of the SSN are provided, then the record goes through a portal to the Social Security Administration to attempt to verify the person based on Last Name or Former Name, Date of Birth and the Last four of the SSN.

All possible Felon matches are "weak" matches. A match creates an event/task to send notice of investigation to voter, if applicable. Under Section 16.003 – Each weekday the Department of Public Safety shall: (1) prepare an abstract of each final judgment received by the department convicting a person 18 years of age or older who is a resident of the state of a felony; and (2) file each abstract with the secretary of state. Once the file is received, the matching occurs against the voter file based on the following criteria:

- Last/Former Name, First Name, TDL
- Last/Former Name, First Name, SSN (9 digits)
- Last/Former Name, First Name, SSN (4 digits)
- TDL and DOB

Jury Wheel File (Annual) - On an annual basis a match and merge is performed with the DPS database to generate the jury wheel files for each of the 254 counties based on the following criteria:

- TDL #only
- SSN (9 digits) only
- Last Name/Former, First Name and DOB
- Last Name/Former, First Name and Permanent address
- Last Name/Former, First Name and Mailing address
- Last Name/Former, First Name, SSN (4 digits)

A match eliminates DPS record.

Matches performed for DOJ primary were completed using the following:

Last Name/Former, First Name and TDL/ID

Last Name/Former, First Name and SSN

---

Defendants' Objections and Responses to Plaintiffs and Plaintiff-Intervenors'
First Set of Interrogatories

Last Name/Former, First Name and DOB

20. Identify by name and title each individual elected to public office at the local, county, state, or federal level in the State of Texas since January 1, 2000, who is a member of a racial or language minority group, including specifying the racial or language minority group of each official and the years that the official held the specified office or offices.

**OBJECTION:** Defendants object to this interrogatory as being overly broad, vague, not reasonably specific, and unduly burdensome. Further, it seeks information that is not relevant and is not likely to lead to the discovery of relevant or admissible evidence. The Defendants cannot reasonably provide the requested information as a large number of persons would fall into the categories described in the interrogatory and the Defendants do not have access to, and are not aware of, a comprehensive source that would provide the requested information. Defendants further object to this interrogatory to the extent it seeks information that is publicly available or equally accessible to the plaintiffs and plaintiff-intervenors.

Subject to and without waiving the foregoing objections, the Defendants respond as follows: There are a very large number of individuals that would fall within the categories of this request; however, the Defendants are not aware of, and are not in possession of, a comprehensive list of such individuals.

21. Identify (by name and location of application) each person who has applied for an EIC, including the action taken as to each such application, the ultimate disposition of each such application, and the reasons, if any, for rejecting any such application.

---

**OBJECTION:** Defendants object to this interrogatory as vague, overly broad and unduly burdensome. Defendants further object to this interrogatory as it calls for information that invades the privacy interests of individuals that are not parties to this litigation. Defendants further object to this interrogatory to the extent it calls for information not personally known or in the possession of the Defendants. Defendants further object to this interrogatory to the extent it seeks information that is publicly available or equally accessible to the plaintiffs and plaintiff-intervenors.

Subject to and without waiving the foregoing objections, the Defendants respond as follows: The Department of Public Safety received 167 applications since June 26, 2013. The EIC number, name of the applicant, location of issuance and type of office for each may be found at the attachment named *"List of Valid issuances"* at TEX I.R. 000411 through TEX I.R. 000414. The attached document named *"List of Invalid Applications"* provides the name of each applicant, the location of application and the reason for rejection and can be found at TEX I.R. 000415.

**22. Identify (by name and location of application) each person who has applied for a disability certificate under Sections 13.002(i) and 15.001 of the Texas Election Code (as amended by SB 14), including the actions taken on each such application and the reasons, if any, for rejecting any such application.**

**OBJECTION:** Defendants object to this interrogatory as vague, overly broad and unduly burdensome. Defendants further object to this interrogatory as it calls for information that invades the privacy interests of individuals that are not parties to this litigation. Defendants

further object to this interrogatory to the extent it calls for information not personally known or in the possession of the Defendants. Defendants further object to this interrogatory to the extent it seeks information that is publicly available or equally accessible to the plaintiffs and plaintiff-intervenors.

Subject to and without waiving the foregoing objections, the Defendants respond as follows: Texas is a county based system. As such, disability exemptions are filed with the local counties and acted upon by the county voter registrar. The state has no information pertaining to the number of applications submitted by individuals nor does the state database contain actions pertaining to rejection of an application or the reason for such action. The state database only contains record of which individuals have been granted an exemption from showing identification based upon a request for disability exemption, and this information was provided as part of the responsive materials from the voter registration database snapshot taken on January 15, 2014, and produced in response to the United States Amended Second Set of Requests for Production.

23. **If you contend that SB 14 does not make it more difficult for those voters who do not currently possess a form of acceptable identification under SB 14 to cast a regular in-person ballot, describe each and every fact in support of this contention.**

**OBJECTION:** The Defendants object to this interrogatory as it is overly broad, vague and lacking in particularity. The interrogatory fails to define, and provides no criteria or parameters for determining, what would make the conduct "more difficult". Further, the possession or lack of possession of acceptable identification under SB 14 concerns the manner in which one

identifies himself prior to casting a ballot, not the manner in which the ballot itself is cast.

Subject to and without waiving the foregoing objections, the Defendants respond as follows: Those persons that do not "currently possess a form of acceptable identification under SB 14" may obtain such identification, apply for an applicable exemption or vote by mail if eligible. Therefore, SB14 does not make it more difficult for qualified voters to cast a ballot.

**24.** **Identify each location in the State of Texas (including the name of the office or agency, street address, and days and hours of operation) where a person could register to vote from October 1, 2008, through December 31, 2013.**

**OBJECTION:** Defendants object to this interrogatory as overly broad, vague and unduly burdensome. Further, the interrogatory seeks information that is not relevant and is not likely to lead to the discovery of relevant or admissible evidence. Defendants further object to this interrogatory to the extent it seeks information not personally known or controlled by the Defendants but is known and controlled by third parties, including private persons and independent officers of the state and local governments. Defendants further object to this interrogatory to the extent it seeks information that is publicly available or equally accessible to the plaintiffs and plaintiff-intervenors.

Subject to and without waiving the foregoing objections, the Defendants respond generally as follows: See V.T.C.A., Election Code §13.002(a) and Chapter 20. In addition see V.T.C.A., Election Code §§13.031 through 13.047.

Applicants for a Texas Driver License, Texas Personal Identification card or Election Identification Certificate may submit voter registration information through the application

process which is transmitted to the Secretary of State. Documents have been produced showing the locations of all driver license offices in the state and are attached to these responses as TEX I.R. 000431 through TEX I.R. 000453 and TEX I.R. 000416 through TEX I.R. 000430.

**25. For each office identified in Interrogatory 24 that was available for voter registration on October 1, 2008, but, as of December 31, 2013, was no longer open or did not provide the same level of service, identify the dates of the change in availability (*e.g.*, change in office location, office closure, change in office hours, or any other modification with respect to office availability between the dates), the basis for the change, and all persons involved in the decision to change availability, including each person's role.**

**OBJECTION:** Defendants object to this interrogatory as overly broad, vague, not reasonably specific, and unduly burdensome. The interrogatory fails to define or identify what is meant by "same level of service". Further, the interrogatory seeks information that is not relevant and is not likely to lead to the discovery of relevant or admissible evidence. Defendants further object to this interrogatory to the extent it seeks information not personally known or controlled by the Defendants but is known and controlled by third parties, including independent officers of the state and local governments. Defendants further object to this interrogatory to the extent it seeks information that is publicly available or equally accessible to the plaintiffs and plaintiff-intervenors.

Subject to and without waiving the foregoing objections, the Defendants respond generally as follows: See V.T.C.A., Election Code §13.002(a) and Chapter 20. In addition, see V.T.C.A., Election Code §§13.031 through 13.047. Further, see the documents attached to

these responses as TEX I.R. 000416 through TEX I.R. 000430.

26. **Identify each location in the State of Texas (including the name of the office or agency, street address, and day and hours of operation) where a person could obtain a Texas driver license, Texas personal identification card, or Texas license to carry a concealed handgun from October 1, 2008, through December 31, 2013.**

**OBJECTION:** Defendants object to this interrogatory as overly broad, vague, not reasonably specific, and unduly burdensome. Further, the interrogatory seeks information that is not relevant and is not likely to lead to the discovery of relevant or admissible evidence. Defendants further object to this interrogatory to the extent it seeks information not personally known or controlled by the Defendants but is known and controlled by third parties, including independent officers of the state and local governments. Defendants further object to this interrogatory to the extent it seeks information that is publicly available or equally accessible to the plaintiffs and plaintiff-intervenors.

Subject to and without waiving the foregoing objection, Defendants respond generally as follows: See the attached documents setting forth a listing of all driver license offices in the State of Texas at TEX I.R. 000431 through TEX I.R. 000453 and TEX 000416 through TEX I.R. 000430.

27. **For each office identified in Interrogatory 26 that was available for obtaining a Texas driver license, Texas personal identification card, or Texas license to carry a concealed handgun on October 1, 2008, but, as of December 31, 2013, was no longer open**

**or did not provide the same level of service, identify the dates of the change in availability (*e.g.*, change in office location, office closure, change in office hours, change in service provided, or any other modification with respect to office availability between the dates), the basis for the change, and the identity of all persons involved in the decision to change, including each person's role.**

**OBJECTION:** Defendants object to this interrogatory as overly broad, vague, not reasonably specific, and unduly burdensome. The interrogatory fails to define or identify what is meant by "same level of service". Further, the interrogatory seeks information that is not relevant and is not likely to lead to the discovery of relevant or admissible evidence. Defendants further object to this interrogatory to the extent it seeks information not personally known or controlled by the Defendants but is known and controlled by third parties, including independent officers of the state and local governments. Defendants further object to this interrogatory to the extent it seeks information that is publicly available or equally accessible to the plaintiffs and plaintiff-intervenors.

    See the documents attached to these responses at TEX I.R. 000430 through TEX I.R. 000453. Further, as part of a Driver License Division transformation project the office hours at several locations were extended in 2012, the division added 266 full time FTEs in June 2012 and 254 hourly part time employees in 2012 to work in Driver License offices. Information regarding these changes can be found in Tuesday Late Night DL Offices, New Hire Distribution, FTE BREAKOUT, and Hourly FTE Locations. See the documents attached to these responses as TEX I.R. 000454 through TEX I.R. 000468. The final decisions and approval and changes in hours and allocation of additional resources throughout the division

from 2010 through June 2013 were the responsibility of Rebecca Davio, then the Assistant Director of the Driver License Division and her executive management team.

28. **Identify all Texas State and local public agencies and entities that issue or are authorized to issue photographic identification and state the eligibility requirements for obtaining a form of photographic identification from each such agency or entity.**

**OBJECTION:** Defendants object to this interrogatory on the ground that it contains two separate interrogatories. By asking Defendants to "identify all Texas State and local public agencies and entities that issue or are authorized to issue photographic identification" and then asking Defendants to "state the eligibility requirements for obtaining a form of photographic identity from each such agency or entity", the interrogatory "introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it". *Willingham v. Ashcroft,* 226 F.R.D. 57, 59 (D.D.C. 2005) (internal quotations and citations omitted). Defendants will therefore construe Interrogatory No. 28 as two separate interrogatories.

Defendants object to this interrogatory as overly broad, unduly burdensome, and vague insofar as it fails to define the term "photo identification" and seeks to impose an obligation on Defendants to identify every document that might fit within the definition of that term without regard to the information necessary to obtain such document or the information contained in such document. Further, the interrogatory seeks information that is not relevant and is not likely to lead to the discovery of relevant or admissible evidence. Defendants further object to this interrogatory to the extent it seeks information not personally known or controlled by the

Defendants but is known and controlled by third parties, including independent officers of the state and local governments. Defendants further object to this interrogatory to the extent it seeks information that is publicly available or equally accessible to the plaintiffs and plaintiff-intervenors.

Subject to and without waiving the foregoing objections, Defendants respond generally as follows:

**Interrogatory 28a**

The Texas Department of Public Safety issues the following forms of identification containing photographs:

- Texas Driver License
- Texas Personal Identification Certificate
- Texas Concealed Handgun License
- Election Identification Certificate
- Department of Public Safety Employee Identification Cards
- DPS and Capitol Complex employee access cards
- Private Security Pocket Card

The agencies listed below use DPS resources to issue security access cards to their employees:

Texas Senate

Texas House of Representatives

Texas Legislative Council

Legislative Budget Board

Legislative Reference Library


Sunset Advisory Commission

Supreme Court of Texas

Texas Board of Law Examiners

Court of Criminal Appeals

Office of Court Administration

State Prosecuting Attorney

Office of Capital Writs

Third District Court of Appeals

State Commission on Judicial Conduct

Texas State Law Library

Office of the Governor

Office of the Attorney General

Texas Facilities Commission

Comptroller of Public Accounts

General Land Office and Veteran Land Board

Texas State Library and Archives

Texas Secretary of State

State Auditor's Office

State Securities Board

Department of Information Resources

Texas Workforce Commission

Fire Fighters' Pension Commission

Texas Employees' Retirement System

Texas Real Estate Commission

Texas Department of Housing and Community Affairs

Texas Board of Tax Professionals

Pension Review Board

Public Finance Authority

Bond Review Board

Texas Aerospace Commission

Texas Ethics Commission

Public Insurance Council

State Office of Administrative Hearings

Health Professions Council

Veterans Commission

Texas Department of Public Safety

Commission on Jail Standards

Texas Commission on Fire Protection

Texas Savings and Loan Department

Department of Banking

Department of Licensing and Regulation

Texas Department of Insurance

Texas Railroad Commission

Texas State Board of Public Accountancy

Texas Board of Architectural Examiners

Office of Consumer Credit Commission

Structural Pest Control Board

Public Utility Commission

Public Utility Council

Advisory Commission on State Emergency

Office of Risk Management

Board of Professional Geo-Scientist

Board of Medical Examiners

Board of Dental Examiners

Board of Nursing

Board of Chiropractic Examiners

Board of Podiatry Examiners

Funeral Communications

Optometry Board

Board of Pharmacy

Board of Psychologists Examiners

Health and Human Services Commission

Executive Council of Physical and Occupational Therapy

Department of State Health Services

Department of Assistance and Rehab Services

Department of Agriculture

---

Defendants' Objections and Responses to Plaintiffs and Plaintiff-Intervenors'
First Set of Interrogatories

Veterinary Medical Examiners

Water Development Board

Texas Department of Transportation

Texas Department of Motor Vehicles

Texas Juvenile Justice Department

Department of Criminal Justice

Department of Criminal Justice-Pardons and Paroles Division

Texas Education Agency

Texas Southern University

LBJ School of Public Affairs

Office of Demographers

Texas Forensic Scientist Commission

Stephen F. Austin State University

University of North Texas System

Board of Regents, Texas State University System

Texas Parks & Wildlife Department

Texas Historical Commission

State Preservation Board

Texas Commission on the Arts

Treasury Safekeeping Trust Company

These cards contain a digital image of the employee. The cards issued to employees of these agencies consist of a Security Access Card (HID Proximity Card, approved state employees for

access to buildings administered by DPS) and Texas House of Representatives Capitol Access Card (HID Proximity Card, approved House employees for access to House-controlled areas of the state Capitol building under agreement with the State Preservation Board).

**Interrogatory 28b**

With respect to the "eligibility requirements for obtaining" the above listed identification, see the Defendants' responses to Interrogatory Numbers 4a, 4b, 4c, 5a, 5b, 5c, 6a, 6b, 6c, 7a, 7b and 7c. Further, with respect to security access cards issued to employees, the eligibility requirements would be determined by the terms of employment of each agency.

Dated: February 28, 2014

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JONATHAN F. MITCHELL
Solicitor General

J. REED CLAY, JR.
Special Assistant and Senior Counsel
to the Attorney General
Southern District of Texas No. 1160600

*/s/ John B. Scott*
JOHN B. SCOTT
Deputy Attorney General for Litigation
Southern District of Texas No. 10418
ATTORNEY-IN-CHARGE

GREGORY DAVID WHITLEY
Assistant Deputy Attorney General
Southern District of Texas No. 2080496
State of Texas Bar No. 2080492

STEPHEN RONALD KEISTER
Assistant Attorney General
Southern District of Texas No. 18580

SEAN PATRICK FLAMMER
Assistant Attorney General
Southern District of Texas No. 1376041
209 West 14th Street
P.O. Box 12548
Austin, Texas 70711-2548
(512) 475-0131

COUNSEL FOR THE STATE OF TEXAS,
RICK PERRY, JOHN STEEN, and STEVE
MCCRAW

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document is being served by electronic mail on February 28, 2014, to counsel of record.

/s/ John B. Scott
JOHN B. SCOTT