IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> RICK PERRY, *et al.*, <br><br> Defendants. | Civil Action No. 2:13-cv-193 (NGR) |
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, *et al.*, <br><br> Plaintiff-Intervenors, <br><br> TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, *et al.*, <br><br> Plaintiff-Intervenors, <br><br> v. <br><br> STATE OF TEXAS, *et al.*, <br><br> Defendants. | Civil Action No. 2:13-cv-263 (NGR) |

1


2:13-cv-193
09/02/2014
DEF0530


Δ π EXHIBIT 1
Deponent K-I
Date 4/23/14

| | |
|---|---|
| TEXAS STATE CONFERENCE OF NAACP BRANCHES, *et al.*,<br><br>              Plaintiffs,<br><br>    v.<br><br>NANDITA BERRY, *et al.*,<br><br>              Defendants. | Civil Action No. 2:13-cv-291 (NGR) |
| BELINDA ORTIZ, *et al.*,<br><br>              Plaintiffs,<br><br>    v.<br><br>STATE OF TEXAS, *et al.*,<br><br>              Defendants | Civil Action No. 2:13-cv-348 (NGR) |

## **PLAINTIFFS' AND PLAINTIFF-INTERVENORS' AMENDED NOTICE OF RULE 30(b)(6) DEPOSITION OF THE TEXAS OFFICE OF THE SECRETARY OF STATE AND REQUEST FOR DOCUMENTS RELIED UPON BY 30(b)(6) DESIGNEES**

Pursuant to Federal Rules of Civil Procedure 26 and 30(b)(6), Plaintiffs and Plaintiff-Intervenors give notice that it will take the deposition by oral examination of the Office of the Secretary of State, testifying through one or more individuals designated by the Office of the Secretary of State to testify on its behalf, concerning the matters for examination listed on Exhibit A to this Notice on a mutually agreed upon date at the Office of the United States Attorney for the Western District of Texas, 816 Congress Avenue, Suite 1000, Austin, Texas, 78701.

2

The Office of the Secretary of State shall identify the specific subject matters (listed on Exhibit A to this Notice) upon which each designated individual will testify. The person or persons designated as deponents shall be prepared to testify as to matters within their knowledge and as to matters known by or reasonably available to the Office of the Secretary of State. This notice serves to inform the Office of the Secretary of State that it has a duty to make such designation.

Plaintiffs and Plaintiff-Intervenors further request that the Secretary of State produce by three days prior to the date of the deposition any and all documents that the Office of the Secretary of State's designee or designees relied on to prepare for testimony as to matters within their knowledge and as to matters known by or reasonably available to the Office of the Secretary of State. For the purpose of this Rule 30(b)(6) deposition, "document" is defined to be synonymous in meaning and scope as the term "document" is used under Federal Rule of Civil Procedure 34 and the phrase "writings and recordings" is defined in Federal Rule of Evidence 1001, and includes any printed or handwritten material and any form or medium of electronically stored information, as well as all non-identical copies and drafts thereof and all copies bearing any notation or mark not found on the original.

This deposition will be recorded by stenographic means, conducted before an individual authorized to administer oaths, and used for any purpose permitted under the Federal Rules of Civil Procedure or court order, including as record evidence in any future proceedings.

Date: April 4, 2014

Respectfully submitted,

**For the United States of America:**

KENNETH MAGIDSON
United States Attorney
Southern District of Texas

JOHN A. SMITH III
Assistant United States Attorney
800 N. Shoreline, Suite 500
Corpus Christi, Texas 78401
(361) 903-7926

JOCELYN SAMUELS
Acting Assistant Attorney General
Civil Rights Division

/s/ Elizabeth S. Westfall
T. CHRISTIAN HERREN, JR.
MEREDITH BELL-PLATTS
ELIZABETH S. WESTFALL
BRUCE I. GEAR
JENNIFER L. MARANZANO
ANNA M. BALDWIN
DANIEL J. FREEMAN
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
Room 7254 NWB
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

**For the Veasey Plaintiffs:**

*/s/ Chad W. Dunn*
Chad W. Dunn
Kembel Scott Brazil
Brazil & Dunn
chad@bradzilanddunn.com
scott@bazilanddunn.com

Neil G. Baron
Law Offices of Neil G. Baron
neil@ngbaronlaw.com

David Richards
Richards, Rodriguez & Skeith, LLP
daverichards4@juno.com

J. Gerald Hebert
Law Offices of J. Gerald Hebert
ghebert@campaignlegalcenter.com

Armand Derfner
Derfner, Altman, & Wilborn
aderfner@dawlaw.com

Luiz Roberto Vera, Jr.
lrvlaw@sbcglobal.net

Teresa G. Snelson
Dallas County District Attorney's Office
Teresa.snelson@dallascounty.org


**For the Texas League of Young Voters Plaintiff-Intervenors:**

*/s/ Ryan P. Haygood*
Christina Swarns
Ryan P. Haygood
Natasha M. Korgaonkar
Leah C. Aden
NAACP Legal Defense and Educational
  Fund, Inc.
cswarns@naacpldf.org
rhaygood@naacpldf.org
nkorgaonkar@naacpldf.org
laden@naacpldf.org

Danielle Conley
Jonathan Paikin
Kelly P. Dunbar
Sonya L. Lebsack
Gerald J. Sinzdak
Lynn Eisenberg
M. Hasan Ali
Richard F. Shordt
WilmerHale LLP
danielle.conley@wilmerhale.com
jonathan.paikin@wilmerhale.com
kelly.dunbar@wilmerhale.com
sonya.lebsack@wilmerhale.com
Gerard.sinzdak@wilmerhale.com
Lynn.eisenberg@wilmerhale.com
hasan.ali@wilmerhale.com
richard.shordt@wilmerhale.com

**For the Texas State Conference of NAACP Branches Plaintiffs**

*s/ Ezra Rosenberg*
Ezra D. Rosenberg
Steven B. Weisburd
Amy L. Rudd
Michelle H. Yeary
Lindsey B. Stelcen
Dechert LLP
ezra.rosenberg@dechert.com
steven.weisburd@dechert.com
amy.rudd@dechert.com
michelle.yeary@dechert.com
lindsey.stelcen@dechert.com

Wendy Weiser
Myrna Pérez
Vishal Agraharkar
Jennifer Clark
The Brennan Center for Justice at NYU Law School
wendy.weiser@nyu.edu
myrna.perez@nyu.edu
vishal.agraharkar@nyu.edu
jennifer.clark@nyu.edu

Robert A. Kengle
Mark A. Posner
Sonia Kaur Gill
Erandi Zamora
Lawyers' Committee for Civil Rights Under Law
rkengle@lawyerscommittee.org
mposner@lawyerscommittee.org
sgill@lawyerscommittee.org
ezamora@lawyerscommittee.org

Clay Bonilla
Daniel G. Covich
The Law Offices of William Bonilla, P.C.
claybonilla@hotmail.com
daniel@bonillalaw.com

Gary Bledsoe
PotterBledsoe, L.L.P.
garybledsoe@sbcglobal.net

Robert Notzon
The Law Office of Robert Notzon
robert@notzonLaw.com

Jose Garza
Law Office of Jose Garza
garzapalm@aol.com

Kim Keenan
Marshall Taylor
Victor Goode
NAACP
kkeenan@naacpnet.org
mtaylor@naaacpnet.org
vgoode@naacpnet.org

**For the Texas Association of Hispanic County Judges and County Commissioners Plaintiff-Intervenors:**

*/s/ Rolando L. Rios*
Rolando L. Rios
Law Offices of Rolando L. Rios
rrios@rolandorioslaw.com

**For the Ortiz Plaintiffs:**

*Jose Garza*
Jose Garza
Marinda van Dalen
Robert W. Doggett
Peter McGraw
Texas Rio Grande Legal Aid, Inc.
jgarza@trla.org
mvandalen@trla.org
rdoggett@trla.org
pmcgraw@trla.org

# EXHIBIT A

## TO AMENDED NOTICE OF RULE 30(b)(6) DEPOSITION OF TEXAS SECRETARY OF STATE
### Topics for Examination

1. Guidelines, regulations, policies, and procedures related to the implementation of Senate Bill 14 (2011)("SB 14"), including those related to:

    a. Provisional ballots cast under SB 14, including the tracking, recording, and canvassing of provisional ballots, and the administration of Section 65.054(2)(B)-(C) of the Texas Election Code;
    b. Applications for and issuance of disability certificates under Sections 13.002(i) and 15.001 of the Texas Election Code;
    c. Applications for and issuance of Election Identification Certificates (EICs) as established under Texas Transportation Code § 521A.001;
    d. Affidavits executed under Section 65.054(2)(B)-(C) of the Texas Election Code;
    e. Implementation of the "substantially similar names" provision contained in Section 81.71 of Title 1 of the Texas Administrative Code;
    f. Any additional forms of ID not listed in SB 14, which the Secretary of State has asserted will qualify voters under SB 14; and,
    g. Any statutory authority which supports the Secretary of State's authority to designate additional forms of permissible ID, in addition to those specifically included in SB 14.

2. The training of county election officials and other individuals who participate in administering elections during early voting or on election day regarding the requirements of SB 14, including all guidance, regulations, policies, procedures, training materials, election advisories, and sample forms related to the verification of a voter; the implementation of the disability certificates under Sections 13.002(i); the administration of provisional ballots cast under SB 14; the documentation to be provided to individuals casting provisional ballots; and the implementation of the "substantially similar names" provision contained in Section 81.71 of Title 1 of the Texas Administrative Code.

3. All efforts and materials designed to educate the public, including individual voters who do not possess one of the forms of identification listed in Section 63.0101 of the Texas Election Code, concerning SB 14—including but not limited to the requirements of SB 14, the availability of EICs, the availability of any underlying documentation needed to obtain SB 14-compliant IDs, the provisional ballot procedures, the use of mail-in ballots for eligible voters, the procedures for voters to sign "substantially similar name" affidavits, and any outreach or assistance provided to individual voters who do not possess one of the forms of identification under Section 63.0101 of the Texas Election Code—including the budget, dates, and locations for all such efforts, as well as the medium of any educational messages conveyed to the public or individual voters.

8

4. Any outreach or assistance regarding SB 14 that was provided to the public, including individual voters who do not possess one of the forms of identification identified in Section 63.0101 of the Texas Election Code, between January 1, 2011, and the present, including but not limited to:

   a. Any telephonic help lines, internet chat lines, social media communications, or live events;
   b. The budget, dates, duration, locations, and substance of such efforts;
   c. Copies of all invoices or other documents evidencing funds expended by the State or any agency or subcontractor of the state for educational activities associated with SB 14 to educate the public;
   d. All press releases or other advertisements issued locally or state wide to educate the public; and
   e. Copies of all documents evidencing any request for federal funds and/or any expenditure of federal funds for the implementation of SB 14, and/or for any educational activities for state agencies or the general public relating in any way to SB 14.

5. All information and data provided to or requested by the Texas legislature, directly or through another Texas agency or official, related to SB 14 (2011), SB 362 (2009), HB 218 (2007), or HB 1706 (2005) during the consideration, preparation for implementation, or implementation of those bills, including but not limited to the underlying documentation or procedures required to obtain identification issued by the Department of Public Safety; the underlying documentation or procedures required to obtain other identification issued by the state or municipal entities; the identity, number, and geographic location of registered voters believed to lack forms of identification issued by the Department of Public Safety; and the identity and number of registered voters believed to lack other forms of identification issued by the state or its municipalities.

6. All information and data provided to or requested by county election officials related to the identity, number, geographic location, and race, of registered voters believed to lack forms of identification issued by the Department of Public Safety.

7. All coordination and correspondence with the Department of Public Safety, the Governor's office, the Lieutenant Governor's office, or other state or county election officials regarding: (1) the administration of SB 14, including the requirements and processes for issuance of EICs; (2) coordination and placement of EIC mobile stations, including efforts to locate such stations on high school, college and university campuses, and any other locations where Texas residents could obtain IDs required by SB 14; or (3) information county election officials were required to, permitted to, or prohibited from tracking related to SB 14's implementation.

8. All coordination and correspondence with the Department of Public Safety, the Governor's office, the Lieutenant Governor's office, or other state or county election officials regarding the administration of SB 14, including the requirements and processes for issuance of any

photo IDs before and after adoption of SB 14 and/or information or documentation required for proof of citizenship before and after adoption of SB 14.

9. All efforts to monitor, review, assess, study, or analyze the implementation and effect of SB 14 in all elections that have occurred since June 25, 2013, including the November 2013 and March 2014 elections, such as any tracking of provisional ballots cast, provisional ballots cured, disability certificates issued, affidavits signed due to substantially similar name issue, and the racial demographics both of individuals who possess acceptable ID and any voters who were lack acceptable ID.

10. All communications, complaints, or concerns from the public about the implementation of SB 14, and any responses regarding the same.

11. All reports or analyses regarding the handling of provisional balloting, including the counting, handling, tallying and reporting of provisional ballots in general elections in 2008 through 2012.

12. All analyses of registered voters who possess a Texas driver license, Texas personal identification card, Texas license to carry a concealed handgun, United States military identification that contains the person's photograph, United States citizenship certificate, United States certificate of naturalization, or United States passport conducted between January 1, 2005 and May 27, 2011, including but not limited to analyses conducted in February or March 2011.

13. All analyses of registered voters who possess a Texas driver license, Texas personal identification card, Texas license to carry a concealed handgun, United States military identification that contains the person's photograph, United States citizenship certificate, United States certificate of naturalization, or United States passport conducted between August 31, 2012 and the present.

14. Any other analyses of the voter registration database maintained by the Secretary of State from January 1, 2011, until the date of the filing of this lawsuit, including but not limited to:
    a. Estimates of the total number of registered voters who are Anglo, African American, Latino or "other";
    b. Estimates of the total number of voters who could not be matched to entries in the State's driver's license database, personal identification card database, or license to carry database; and
    c. Estimates of the total number of Texas registered voters who lack a form of ID required by SB 14.

15. The process, manner, and method of compiling, cleaning, and filtering data from the TEAM database and matching it to any other Texas database at any time from January 1, 2009, to the present.

16. The process, manner, and method of removing voters from the TEAM database at any time from November 5, 2008, to the present, including any changes to those procedures or other activities not part of a schedule or consistent routine.

17. All changes or updates to the Texas Election Administration Management (TEAM) database from January 1, 2011, to the present, related to the administration of SB 14, including any updates or changes to the verification of a voter, the implementation of the disability certificates under Sections 13.002(i), the administration of provisional ballots cast under SB 14, and the implementation of the "substantially similar names" provision contained in Section 81.71 of Title 1 of the Texas Administrative Code.

18. The process, manner, and method of identifying and producing documents responsive to the United States' First Set of Requests for Production of Documents in this litigation.

19. All correspondence with other entities, including non-profit corporations, institutions of higher learning, or other states, about any aspect of the implementation or evaluation of photo identification requirements, including SB 14.

20. All data, information, or documentation regarding the availability of locations where Texas residents can obtain IDs required under SB 14.

21. All data information or documentation relating to any analysis conducted by the Secretary of State with regard to any of the following:
    a. Same day voter registration;
    b. Exceptions for elderly and/or disabled persons from the requirements of SB 14;
    c. Waiver of fees for indigent individuals;
    d. Providing photo ID capability at polling places; and
    e. In person impersonation or other election fraud related to voting.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 4, 2014, I served a true and correct copy of the foregoing via electronic mail on the counsel of record in this case.

                                       */s/ Jennifer L. Maranzano*
                                       JENNIFER L. MARANZANO
                                       U.S. Department of Justice
                                       950 Pennsylvania Avenue, N.W.
                                       Washington, D.C. 20530
                                       jennifer.maranzano@usdoj.gov