**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | |
|---|---|
| MARC VEASEY, *et al.*, | |
|       Plaintiffs, | |
|       v. | Civil Action No. 2:13-cv-00193 (NGR) |
| RICK PERRY, *et al.*, | |
|       Defendants. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
|       Plaintiff, | |
| TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, *et al.*, | |
|       Plaintiff-Intervenors, | |
| TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, *et al.*, | Civil Action No. 2:13-cv-00263 (NGR) |
|       Plaintiff-Intervenors, | |
|       v. | |
| STATE OF TEXAS, *et al.*, | |
|       Defendants. | |

2:13-cv-193
09/02/2014
**DEF0592**



EXHIBIT

*Jara* 19
5/30/14  PC

TEXAS STATE CONFERENCE OF NAACP
BRANCHES, *et al.,*

        Plaintiffs,

    v.

JOHN STEEN, *et al.,*

        Defendants.

Civil Action No. 2:13-cv-00291 (NGR)

BELINDA ORTIZ, *et al.,*

        Plaintiffs,

    v.

STATE OF TEXAS, *et al.,*

        Defendants

Civil Action No. 2:13-cv-348 (NGR)

## PLAINTIFF MARGARITO MARTINEZ LARA'S OBJECTIONS AND RESPONSES TO DEFENDANTS' COMBINED FIRST INTERROGATORY AND SECOND REQUEST FOR PRODUCTION

Plaintiff MARGARITO MARTINEZ LARA ("Plaintiff"), by and through undersigned counsel, hereby objects and responds to the Combined First Interrogatory and Second Request for Production of Documents of Defendants the State of Texas, Rick Perry, Nandita Berry, and Steve McCraw ("Defendants").

### GENERAL OBJECTIONS

Plaintiff's General Objections, as set forth herein, are continuing objections and responses to each specific interrogatory and request for production that follows, whether or not the General Objections are referenced in response. Plaintiff's objections and responses herein shall not waive or prejudice any further objections Plaintiff may later assert. The failure to list a particular general objection in a given response should not be construed as a waiver of that objection.

1.      Plaintiff objects to the interrogatory and each of Defendants' requests for production to the extent that they seek documents protected from disclosure by any privilege or immunity, including attorney-client privilege, attorney work product protection, common interest privilege, or any other privilege, immunity, principle, doctrine, or rule of confidentiality.  If any protected information or material is disclosed, such disclosure is not intentional and shall not be deemed a waiver of any privilege or protection.  The Clawback Order entered in this matter on

1

November 4, 2013 governs any such disclosure.  See Agreement Concerning Production Format, ECF No. 61-6.

2.      Plaintiff objects to each definition, instruction, interrogatory, and request for production to the extent that it seeks to impose obligations on Plaintiff in excess of those set forth in the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Southern District of Texas.

3.      To the extent an interrogatory or request for production requires the disclosure of protected material, including but not limited to confidential information or any information implicating privacy interests, Plaintiff's response shall be subject to the Consent Protective Order entered in this matter on December 5, 2013, ECF No. 105, or any subsequent revisions to the Protective Order agreed upon by the parties. Plaintiff further objects to the extent the interrogatory or request for production seeks confidential or personal information of a third party, the disclosure of which is not permitted by reason of privacy laws or other binding legal obligation.

4.      Plaintiff objects to the interrogatory and each of Defendants' requests for production to the extent that it seeks information or documents that are neither relevant to the issues in this dispute nor reasonably calculated to lead to the discovery of admissible evidence. To the extent Plaintiff provides information or documents in response, Plaintiff does not concede that the information or

documents are admissible in evidence or relevant to this action.

5.     Plaintiff objects to each request that is not limited to any reasonable time period as vague, ambiguous, overly broad, and unduly burdensome. Plaintiff's responses are with respect to the time period from January 1, 2012 to the present, unless otherwise indicated.

6.     Plaintiff objects to each of Defendants' requests for production insofar as it seeks documents that are unreasonably cumulative or duplicative, already in the possession of Defendants, primarily or exclusively within Defendants' knowledge or control, or obtainable from some other source that is less burdensome or less expensive.  Plaintiff objects to Defendants' requests for production to the extent they seek documents beyond those in the possession, custody, or control of Plaintiff.

7.     Plaintiff objects to the interrogatory and each of Defendants' requests for production to the extent that it is unclear, ambiguous, overly broad, or unduly burdensome.

8.     Plaintiff objects to the interrogatory and each of Defendants' requests for production requesting "all," "each," or "any" of the referenced documents on grounds that such requests are overly broad and unduly burdensome, seek irrelevant information, and seek to impose obligations beyond those imposed by law.  Plaintiff further objects to the extent Defendants' requests for production

3

request voluminous information that Plaintiff can locate and copy only at tremendous expense of money, or that will create a significant delay that would be disproportionate to the probative value or relevance of the material sought. Plaintiff will construe the terms of all requests for production to request that Plaintiff use reasonable diligence to locate responsive non-privileged documents, based on examination of those sources that may reasonably be expected to yield such documents.

9.     To the extent Plaintiff responds to the interrogatory or these requests for production, Plaintiff does not waive Plaintiff's foregoing objections nor does Plaintiff concede that any information or documents requested or provided in response thereto are relevant to any claim or defense of a party in the pending action or admissible in the U.S. District Court for the Southern District of Texas. Plaintiff expressly reserves:

        a.     the right to object, on grounds of competency, relevance, materiality, privilege, or any other applicable ground, to the use of responses provided to this request for production or the subject matter thereof, in any subsequent proceeding in, or the hearing of, this or any other action;

        b.     the right to object on any ground to other document requests, interrogatories, or other discovery proceedings involving or relating to the subject matter of the request for production; and

4

c.     the right to supplement Plaintiff's responses should further investigation or discovery disclose additional information.

## OBJECTIONS TO DEFINITIONS

1.     Plaintiff objects to the definition of the term "Electronically Stored Information" on the grounds that the definition is overly broad and unduly burdensome. Plaintiff further objects to this definition to the extent that it seeks information not in Plaintiff's possession, custody, or control.  Plaintiff will interpret the term "Electronically Stored Information" as synonymous in meaning and equal in scope to the usage of the term "electronically stored information" in Rule 34 of the Federal Rules of Civil Procedure.

2.     Plaintiff objects to the definition of the term "document" on grounds that the definition is overly broad and unduly burdensome.  Plaintiff further objects to this definition to the extent that it seeks information not in Plaintiff's possession, custody, or control.  Plaintiff will interpret the term "document" as synonymous in meaning and equal in scope to the usage of the term "document" in Rule 34 of the Federal Rules of Civil Procedure.

3.     Plaintiff objects to the definition of "you and your" on grounds that the definition is overly broad and unduly burdensome. Plaintiff further objects to this definition to the extent that it includes within the definition individuals who are not parties to this litigation. Plaintiff shall interpret for purposes of these document

5

requests "you and your" to mean the specific Plaintiff the requests have been directed to.

## SPECIFIC OBJECTIONS AND RESPONSES TO DEFENDANTS' INTERROGATORY AND SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff incorporates by reference Plaintiff's General Objections in response to Defendants' interrogatory and each of Defendants' requests for production. Plaintiff also incorporates by reference Plaintiff's Objections to Instructions to the interrogatory and each of Defendants' requests for production. Plaintiff states that the following responses are true and complete to the best of Plaintiff's knowledge at this time, while reserving the right to identify additional facts or documents, amend or supplement any answer, or raise additional objections during the course of these proceedings.

## INTERROGATORY NO. 1

Please identify and describe in detail all facts that support your claim that SB 14, as enacted by the State of Texas' 82nd Legislature, was enacted with a discriminatory purpose and intent. This interrogatory includes a request to identify any documents or tangible things you intend to rely on at trial which have not been, or will not be, produced in response to any Request for Production propounded on you or any other party by Defendants.

## RESPONSE TO INTERROGATORY NO. 1:

1.    Plaintiff objects to Defendants' First Interrogatory to the extent it seeks
information or the disclosure of information which is protected by any privilege or
immunity including the attorney-client privilege, work product doctrine, common
interest privilege or any other statutory or common law privilege. Plaintiff reserves
the right to withhold such information. Any inadvertent disclosure of such
privileged or otherwise protected information shall not be deemed a waiver of any
privilege or work product immunity. The Clawback Order entered in this matter on
November 4, 2013 governs any such disclosure. See Agreement Concerning
Production Format, ECF No. 61-6.

2.    Plaintiff objects to Defendants' First Interrogatory to the extent Defendants
attempt or purport to impose greater or different obligations in discovery than are
required by the Federal Rules of Civil Procedure or the Local Rules of this Court.

3.    Plaintiff objects to Defendants' First Interrogatory to the extent Defendants
seek information that calls for a legal conclusion.

4.    Plaintiff objects to Defendants' First Interrogatory on the grounds that it is
vague, ambiguous, and makes responding impossible without speculation.

5.    Plaintiff objects to Defendants' First Interrogatory to the extent that it seeks
information not within Plaintiff's possession, custody or control.

6.    Plaintiff objects to Defendants' First Interrogatory to the extent that it is
premature at this stage of discovery. For example, but not limited to, the

identification of documents to be produced at trial is governed by the Court's Scheduling Order (as amended).

7.     Plaintiff's consent herein to respond to Defendants' First Interrogatory shall not be construed as an admission by Plaintiff that such information, in fact, exists or that such information, if it exists, is in Plaintiff's possession, custody or control.

8.     Plaintiff responds solely for the purpose of and in relation to this action. Plaintiff's Response to Defendants' First Interrogatory is made subject to any and all objections to competence, relevance, materiality, and admissibility that would require the exclusion at the time of trial of any statement or document produced in response to the First Interrogatory. Plaintiff reserves the right to interpose such objections at the time of trial, if any.

9.     Plaintiff reserves the right to amend, revise or supplement its responses at any time prior to trial or otherwise permitted by applicable law or under the Court's Scheduling Order.

10.    To the extent Plaintiff's response to the Defendants' First Interrogatory requires the disclosure of protected material, including but not limited to confidential information or any information implicating privacy interests, Plaintiff's response shall be subject to the Consent Protective Order entered in this matter on December 5, 2013, ECF No. 105, or any subsequent revisions to the Protective Order agreed upon by the parties.  Plaintiff further objects to the extent

8

Defendants' First Interrogatory seeks confidential or personal information of a third party, the disclosure of which is not permitted by reason of privacy laws or other binding legal obligation.

11.    Plaintiff objects to Defendants' First Interrogatory to the extent that it seeks documents that are neither relevant to the issues in this dispute nor reasonably calculated to lead to the discovery of admissible evidence. To the extent Plaintiff identifies documents in response to the Interrogatory, Plaintiff does not concede that the documents are admissible in evidence or relevant to this action.

12.    Plaintiff objects to Defendants' First Interrogatory as vague, ambiguous, overly broad, and unduly burdensome. Plaintiff's response is with respect to the time period from January 1, 2012 to the present, unless otherwise indicated.

13.    Plaintiff objects to Defendants' First Interrogatory insofar as it seeks identification of documents that are unreasonably cumulative or duplicative, already in the possession of Defendants, primarily or exclusively within Defendants' knowledge or control, or obtainable from some other source that is less burdensome or less expensive. Plaintiff objects to Defendants' First Interrogatory to the extent it seeks identification of documents beyond those in Plaintiff's possession, custody, or control.

14.    Plaintiff objects to Defendants' First Interrogatory to the extent that it is unclear, ambiguous, overly broad, or unduly burdensome.

9

15.    Plaintiff objects to Defendants' First Interrogatory requesting "all," "each," or "any" identification of documents and/or facts on grounds that such requests are overly broad and unduly burdensome, seek irrelevant information, and seek to impose obligations beyond those imposed by law. Plaintiff will construe the terms of the Interrogatory to request that they use reasonable diligence to identify responsive non-privileged documents, based on examination of those sources that may reasonably be expected to yield such documents and of course Plaintiff reserves the right to continue to supplement these responses to the extent additional documents are located.

16.    Plaintiff objects to this First Interrogatory as harassing and burdensome. The above objections, and those made by other parties, are incorporated by reference herein. Plaintiff further objects to this Interrogatory as a premature contention interrogatory that seeks a comprehensive identification of relevant facts before the close of discovery. See Fed. R. Civ. P. 33(a)(2); Wallace v. GEO Grp., Inc., No. 2:12-cv-2745, 2013 WL 6490320, at *3 (W.D. La. Dec. 10, 2013); Brassell v. Turner, No. 3:05-cv-476, 2006 WL 1806465, at *3 (S.D. Miss. June 29, 2006). Furthermore, the discriminatory purpose underlying SB 14 is described in substantial detail in the Private Plaintiffs and United States' Responses in Opposition to Defendants' Motion to Dismiss filed in this case (ECF. No. 92); the Defendant-Intervenors' and U.S.'s Proposed Findings of Fact in Texas v. Holder,

No. 1:12-CV-00128 (D.D.C. June 25, 2012) (ECF. No. 223); the expert report and
supplemental expert reports of all expert witnesses produced in Texas v. Holder,
No. 1:12-cv-128 (D.D.C.); the depositions taken in Texas v. Holder, No. 1:12-cv-
128 (D.D.C.); the exhibits entered into evidence in Texas v. Holder, No. 1:12-cv-
128 (D.D.C.); the transcript of the trial conducted in Texas v. Holder, No. 1:12-cv-
128 (D.D.C.); the findings of fact and opinion of the court in Texas v. Holder, 888
F. Supp. 2d 113, 138, 144 (D.D.C. 2012), vacated, 133 S. Ct. 2886 (2013)); the
materials included in the Private Plaintiffs' and United States' Initial Disclosures.
All of the aforementioned documents are in Defendants' possession.

Additionally, please see the voluminous emails and other documents
generated by Texas State Legislators and/or their respective staff members relating
to various Texas' efforts to legislatively enact a photo ID bill in the legislative
sessions of 2007, 2009, 2011 and 2013. Additionally, please see Attorney General,
Greg Abbott's announcement that Senate Bill 14 would be immediately
implemented, which was issued on or about June 25th, 2014, the same day that the
United States Supreme Court issued its opinion in Shelby County v. Holder.
Plaintiff's counsel reserves the right to supplement this Interrogatory answer and
specifically directs Defendants' attention to the deposition of Keith Ingram
completed on April 23rd, 2014, which was the first deposition completed in this
case. As Defendant knows there will be many depositions completed in this case

11

that will contain information responsive to this interrogatory and many expert reports produced, which will also contain information responsive to this interrogatory, all of which are incorporated by reference in Plaintiff's response to this Interrogatory.

## REQUESTS FOR PRODUCTION

Plaintiff incorporates by reference Plaintiff's General Objections in response to each of Defendants' requests for production. Plaintiff also incorporates by reference Plaintiff's Objections to Instructions to each of Defendants' requests for production. Plaintiff states that the following responses are true and complete to the best of Plaintiff's knowledge at this time, while reserving the right to identify additional facts or documents, amend or supplement any answer, or raise additional objections during the course of these proceedings.

**REQUEST FOR PRODUCTION NO. 1.**

Please produce all documents and tangible things relating to any request by any Plaintiff in the Federal Action, or any party in the State Action, to any Governmental Body in Texas, to produce Public Information, relating to any election or demographic data from 2005 to the Present. This request includes, but is not limited to, both any request to produce Public Information propounded to a Governmental Body and any response and/or documents and tangible things received from the Governmental Body in response to any request to produce Public

12

Information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1.**

Plaintiff objects to this request on grounds that it seeks information protected from
disclosure by Rule 26(b)(4)(C) of the Federal Rules of Civil Procedure. Plaintiff
further objects on grounds that the request overly broad in that it requests
information provided to "any election or demographic data."  Plaintiff objects to
the extent that it seeks documents that are neither relevant to the issues in this
dispute nor reasonably calculated to lead to the discovery of admissible evidence.
Plaintiff objects to request that is not limited to any reasonable time period as
vague, ambiguous, overly broad, and unduly burdensome. Subject to and without
waiving Plaintiff's foregoing general and specific objections, Plaintiff will produce
non-privileged documents within Plaintiff's possession, custody, or control that are
responsive to Request No. 1 from January 1, 2013 to the present.

**REQUEST FOR PRODUCTION NO. 2.**

Please produce all documents and tangible things relating to any subpoena served
pursuant to Fed. R. Civ. P. 45, in the Federal Action, on any municipality or county
in the state of Texas or on any other entity or individual, which were not
previously provided to Defendants. This request includes, but is not limited to, a
request for both the subpoena served and any response and/or documents and
tangible things produced in response to that subpoena. Defendants' request for the

13

production of these documents and tangible things does not waive any rights or remedies they may have due to the failure of any Plaintiff in the Federal Action to provide notice to Defendants of any such subpoena before its service on the subpoenaed entity or individual, as required by Fed. R. Civ. P. 45 (a)(4).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2.**

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff will produce non-privileged documents within Plaintiff's possession, custody, or control that are responsive to Request No. 1 from January 1, 2013 to the present.

**REQUEST FOR PRODUCTION NO. 3.**

Please produce all documents and tangible things provided to any potential expert in the State Action, to the extent not previously produced in response to any Request for Production to you propounded by Defendants in the Federal Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3.**

Plaintiff objects to this request on grounds that it seeks information protected from disclosure by Rule 26(b)(4)(C) of the Federal Rules of Civil Procedure. Plaintiff further objects on grounds that the request overly broad in that it requests information provided to "any potential expert." Based on the foregoing general and specific objections, Plaintiff will not answer or identify any document responsive to this request because it requests information is outside the scope of

the discovery. Plaintiff may disclose this information in accordance with the Federal Rules of Civil Procedure and the Court's Scheduling Order as amended as required.

## REQUEST FOR PRODUCTION NO. 4.

Please produce all documents and tangible things provided to any potential expert in the Federal Action, to the extent not otherwise encompassed by any other Request for Production to you.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 4.

Plaintiff objects to this request on grounds that it seeks information protected from disclosure by Rule 26(b)(4)(C) of the Federal Rules of Civil Procedure. Plaintiff further objects on grounds that the request overly broad in that it requests information provided to "any potential expert." Based on the foregoing general and specific objections, Plaintiff will not answer or identify any document responsive to this request because it requests information is outside the scope of the discovery. Plaintiff may disclose this information in accordance with the Federal Rules of Civil Procedure and the Court's Scheduling Order as amended as required.

## REQUEST FOR PRODUCTION NO. 5.

Please produce all documents and tangible things that you intend to present as evidence at trial, to the extent not otherwise encompassed by any other

15

Request for Production to you.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5.**

Plaintiff objects to this request on grounds that it seeks information protected from disclosure by Rule 26(b)(4)(C) of the Federal Rules of Civil Procedure. Based on the foregoing general and specific objections, Plaintiff will not answer or identify any document responsive to this request because it requests information that is outside the scope of the discovery.  Plaintiff will disclose this information in accordance with the Federal Rules of Civil Procedure and the Court's scheduling order as amended and required.

****

Respectfully submitted,

/s/Robert W. Doggett
Jose Garza
Texas Bar No. 07731950
S. Dist. No. 1959
1111 N. Main Ave.
San Antonio, Texas 78212
Telephone 210-212-3701
Fax 210-212-3772
jgarza@trla.org

Marinda van Dalen
Texas Bar No. 00789698
S. Dist. No. 17577
531 East St. Francis St.
Brownsville, Texas 78529
Telephone 956-982-5540
Fax 956-541-1410

mvandalen@trla.org

Robert W. Doggett
Texas Bar No. 05945650
4920 N. IH-35
Austin, Texas 78751
Telephone 512-374-2725
rdoggett@trla.org

Kathryn Newell
Texas Bar No. 24060330
S. Dist. No. 2258609
1111 N. Main Ave.
San Antonio, Texas 78212
Telephone 210-212-3711
Fax 210-212-3772
knewell@trla.org

Priscilla Noriega
Texas Bar No. 24074821
S. Dist. No. 1134642
531 East Saint Francis St.
Brownsville, TX 78521
Ph. (956) 982-5545
Fax (956) 541-1410
pnoriega@trla.org

Attorneys for "Ortiz Plaintiffs"
(BELINDA ORTIZ, LENARD
TAYLOR, EULALIO MENDEZ
JR., LIONEL ESTRADA,  ESTELA
GARCIA ESPINOSA, LYDIA
LARA, MARGARITO MARTINEZ
LARA, MAXIMINA MARTINEZ
LARA, and *LA UNION DEL
PUEBLO ENTERO, INC.)*

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2014, I served a true and correct copy of the foregoing via electronic mail on the counsel of record in this case.

/s/Robert W. Doggett