IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, JANE HAMILTON, SERGIO DELEON, FLOYD J. CARRIER, ANNA BURNS, MICHAEL MONTEZ, PENNY POPE, OSCAR ORTIZ, KOBY OZIAS, JOHN MELLOR-CRUMLEY, PEGGY HERMAN, EVELYN BRICKNER, GORDON BENJAMIN, KEN GANDY, LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), AND DALLAS COUNTY, TEXAS, *Plaintiffs,*<br><br>v.<br><br>RICK PERRY, Governor of Texas; and JOHN STEEN, Texas Secretary of State, *Defendants.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) CIVIL ACTION NO. 2:13-CV-193 (NGR) [Lead case] |
| UNITED STATES OF AMERICA, *Plaintiffs,*<br><br>TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, IMANI CLARK, AND MICHELLE BESSIAKE, *Plaintiff-Intervenors,*<br><br>TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, HIDALGO COUNTY, AND MARIA LONGORIA BENAVIDES, *Plaintiff-Intervenors,*<br><br>v.<br><br>STATE OF TEXAS, JOHN STEEN, in his official capacity as Texas Secretary of State; and STEVE McCRAW, in his official capacity as Director of the Texas Department of Public Safety, *Defendants.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) CIVIL ACTION NO. 2:13-CV-263 (NGR) [Consolidated case] |

1

2:13-cv-193
09/02/2014
DEF0612


EXHIBIT
1
L. Lydia

TEXAS STATE CONFERENCE OF NAACP )
BRANCHES;     and     the     MEXICAN )
AMERICAN LEGISLATIVE CAUCUS OF )
THE       TEXAS       HOUSE       OF )
REPRESENTATIVES,                            )
   *Plaintiffs,*                              )
             )
v.                                             )
             ) CIVIL ACTION NO.
JOHN STEEN, in his official capacity as ) 2:13-CV-291 (NGR)
Secretary of State of Texas; and STEVE ) [Consolidated case]
McCRAW, in his official capacity as Director )
of the Texas Department of Public Safety, )
   *Defendants.*                             )
             )
BELINDA ORTIZ, LENARD TAYLOR, )
EULALIO MENDEZ JR., LIONEL )
ESTRADA; ESTELA GARCIA ESPINOSA, )
LYDIA LARA, MARGARITO MARTINEZ )
LARA, MAXIMINA MARTINEZ LARA, AND )
*LA UNION DEL PUEBLO ENTERO, INC.* )
   *Plaintiffs,*                              )
v.                                             )
             )
STATE OF TEXAS; JOHN STEEN, in his )
Official capacity as Texas Secretary of State; ) CIVIL ACTION NO.
And STEVE McCRAW, in his official capacity ) 2:13-CV-348 (NGR)
As Director of the Texas Department of ) [Consolidated case]
Public Safety,                              )
   *Defendants.*                             )
             )

## DEFENDANTS' SECOND AMENDED NOTICE OF INTENTION TO TAKE ORAL DEPOSITION OF THE TEXAS STATE CONFERENCE OF NAACP BRANCHES

To: **TEXAS STATE CONFERENCE OF NAACP BRANCHES,** by and through its attorney of record, Amy L. Rudd, Michelle Yeary, Dechert LLP, 500 W. 6th Street, Suite 2010, Austin, TX 78701; Ezra D. Rosenberg, Dechert LLP, 902 Carnegie Center, Suite 500, Princeton, NJ 08540-6531; Mark A. Posner, Sonia Kaur Gill, Erandi Zamora, Lawyers' Committee for Civil Rights Under Law, 1401 New York Avenue, N.W., Suite 400, Washington, D.C. 20005;

2

Wendy Weiser, Myrna Pérez, Vishal Agraharkar, Jennifer Clark, The Brennan Center for Justice at NYU Law School, 161 Avenue of the Americas, Floor 12, New York, NY 10013-1205; Jose Garza, Law Office of Jose Garza, 7414 Robin Rest Drive, San Antonio, TX 98902.

Please take notice that on June 6, 2014, beginning at 8:30 A.M., at the Offices of Locke Lord, LLP, 2200 Ross Avenue, Suite 2200, Dallas, TX 75201, Defendants State of Texas, Rick Perry, the Texas Secretary of State[1] and Steve McCraw, by and through the Attorney General for the State of Texas, will take the oral deposition of The Texas State Conference of NAACP Branches ("Texas NAACP"), pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.

This deposition will be recorded by stenographic means, conducted before an individual authorized to administer oaths, and used for any purpose permitted under the Federal Rules of Civil Procedure or court order.  The deposition may be videotaped.  The deposition will continue from time to time and place to place until concluded.

The Texas NAACP is directed to designate one or more individuals to testify on its behalf on the matters identified in Exhibit A hereto.

---

[1] Various complaints identify the Texas Secretary of State as John Steen.  The current Secretary of State, however, is Nandita Berry.

## EXHIBIT A

## DEFINITIONS

The following terms have the following meanings, unless the context requires otherwise:

1.  <u>You & your.</u> The terms "you" and "your" means Texas NAACP, and its members, agents, representatives, attorneys, experts, and other persons acting or purporting to act on behalf of it.  "You" and "your" specifically includes any individual member of the Texas NAACP, acting in his/her capacity as an individual member of the Texas NAACP.

2.  <u>Relating.</u>  The term "relating" means concerning, referring, describing, evidencing, supporting, refuting, or constituting, either directly or indirectly.

3.  <u>And & or.</u> The connectives "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

4.  <u>Federal Action.</u> The term "Federal Action" means Case 2:13-cv-00291 in the United States District Court for the Southern District of Texas, as consolidated with Case 2:13-cv-00193 in the United States District Court for the Southern District of Texas, and including other cases consolidated with Case 2:13-cv-00193 in the United States District Court for the Southern District of Texas.

5.  <u>Federal Complaint.</u>  The term "Federal Complaint" means Document 1 in Case 2:13-cv-00191 in the United States District Court for the Southern District of Texas.

6.  <u>Present.</u>    The term "Present" means June 4, 2014, or any such date on which the oral deposition of Texas NAACP occurs in the above-captioned litigation.

7.  <u>SB14.</u>    The term "SB 14" means Texas Senate Bill 14, 82d Leg., R.S., ch. 123, § 3, 2011 Tex. Gen. Laws 619, including all companion and predecessor bills filed during previous sessions, whether regular or special, of the Texas Legislature, and all alternative bills or proposals, whether filed or not, relating to the use of photographic identification for voting in the state of Texas.  However, to the extent SB 14 is referenced in a direct quote from your Federal Complaint, SB 14 shall have the meaning ascribed to it in the Federal Complaint.

8.  <u>Texas NAACP.</u>    The term "Texas NAACP" means the Texas State Conference of NAACP Branches.

4

9.     <u>Parties</u>. The term "plaintiff" or "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party, means the party and, when applicable, his agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

10.     <u>Communication & Communicated.</u>  The terms "communication" and "communicated" mean the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

11.     <u>Election Crimes.</u>   The term "Election Crimes" means intentional acts or willful failures to act, prohibited by state or federal law, that are designed to cause ineligible persons to participate in the election process; eligible persons to be excluded from the election process; ineligible votes to be cast in an election; eligible votes not to be cast or counted; or other interference with or invalidation of election results. "Election Crimes" includes any criminal form of Voter Fraud.

12.     <u>Voter Fraud.</u> The term "Voter Fraud" is defined as fraudulent or deceptive acts committed to influence the act of voting, and includes both criminal and civil offenses and violations. "Voter Fraud" includes, but is not limited to, (1) making or knowingly possession a counterfeit of an official election ballot; (2) signing a name other than one's own to a petition proposing an initiative, referendum, recall, or nomination of a candidate for office; (3) knowingly signing more than once for the proposition, question, or candidate in one election; (4) signing a petition proposing an initiative or referendum when the signer is not a qualified voter; (5) voting or attempting to vote in the name of another person; (6) voting or attempting to vote more than once during the same election; (7) intentionally making a false affidavit, swearing falsely, or falsely affirming under an oath required by statute regarding one's voting status, including when registering to vote, requesting an absentee ballot or presenting to vote in person; (8) registering to vote without being entitled to register; (9) knowingly making a materially false statement on an application for voter registration or re-registration; (10) voting or attempting to vote in an election after being disqualified or when the person knows that he/she is not eligible to vote; and/or (11) knowingly soliciting or encouraging a person who is not qualified to vote in an election.

<u>MATTERS</u>

1/    The factual basis of your claims or defenses in this lawsuit, including any contention that SB 14, as enacted by the State of Texas' 82nd Legislature, was (1) enacted with a discriminatory purpose and intent and (2) results in denying and abridging the right to vote on account of race and language minority status.

5



2. Any interest you have in the above-captioned litigation that is not adequately represented by the Plaintiff United States of America.

3. The identity of your members on September 17, 2013.

4. The identity of your members at Present.

5. Your activities related to voter identification legislation proposed or enacted in Texas since 2004.

6. Your activities relating to voter identification legislation proposed or enacted by any other United States state that is not Texas, any United States territory or outlying possession, or the District of Columbia since 2004.

7. Any policymaking or advocacy-related work performed by you or on your behalf regarding voter identification since 2004.

8. Your activities relating to voter registration since 2004.

9. Your activities relating to voter education since 2004.

10. Your activities relating to assisting voters during elections since 2004.

11. Any activities by you or on your behalf regarding SB 14.

12. All written testimony, talking points, or public statements made by you regarding SB 14.

13. Any calculations, reports, audits, estimates, projections, or other analyses related to the effect of SB 14 on minority voters or on voters who are members of a language minority group, from 2005 to the Present.

14. The identity of each registered voter known to you on September 17, 2013, who you contend has been unable to vote on account of his or her inability to obtain photographic identification specified by SB 14 as enacted by the State of Texas' 82nd Legislature.

15. The identity of each registered voter known to you at Present, who you contend has been unable to vote on account of his or her inability to obtain photographic identification specified by SB 14 as enacted by the State of Texas' 82nd Legislature.

16. Attempts made from 2011 to the Present by each registered voter known to you on September 17, 2013 who you contend has been unable to vote on account of his or her inability to obtain photographic identification specified by SB 14 as enacted by the State of Texas' 82nd Legislature to obtain such a form of photographic identification.

17. Attempts made from 2011 to the Present by each registered voter known to you at the Present who you contend has been unable to vote on account of his or her inability to obtain photographic identification specified by SB 14 as enacted by the State of Texas' 82nd Legislature to obtain such a form of photographic identification.

18. Any change in the number of voters who are your members and participated in elections between 2011 and 2013.

19. The allegation in Paragraph 3(b) of your Federal Complaint that "SB 14 is causing and will continue to cause the Texas NAACP to divert a portion of its financial and other organizational resources to educating Texas citizens about the photo ID requirements of SB 14, and assisting voters in casting in-person ballots in compliance with SB 14."

20. The allegation in Paragraph 3(b) of your Federal Complaint that "the Texas NAACP is limited, and will continue to be limited, to devoting fewer resources to its other organizational activities, including voter registration drives and get-out-the-vote efforts."

21. Any allegations (whether substantiated or unsubstantiated) or concerns relating to Election Crimes, raised by your members, or which were communicated to you, from 2004 to the Present.

22. Any allegations (whether substantiated or unsubstantiated) or concerns relating to Voter Fraud, raised by your members, or which were communicated to you, from 2004 to the Present.

7

23. Any calculations, reports, audits, estimates, projections, or other analyses done by you, commissioned by you, or in your possession, custody, or control, relating to Voter Fraud, from 2004 to the Present.

24. Any calculations, reports, audits, estimates, projections, or other analyses done by you, commissioned by you, or in your possession, custody, or control, relating to Election Crimes, from 2004 to the Present.

Dated:       June 5, 2014

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JONATHAN F. MITCHELL
Solicitor General

J. REED CLAY, JR.
Special Assistant and Senior Counsel
to the Attorney General
Southern District of Texas No. 1160600

*/s/ John B. Scott*
JOHN B. SCOTT
Deputy Attorney General for Civil Litigation
Southern District of Texas No. 10418
Texas State Bar No. 17901500
ATTORNEY-IN-CHARGE

G. DAVID WHITLEY
Assistant Deputy Attorney General
Southern District of Texas No. 2080496

STEPHEN RONALD KEISTER
Assistant Attorney General
Southern District of Texas No. 18580

JENNIFER MARIE ROSCETTI

8

Assistant Attorney General
Southern District of Texas No. 224780

209 West 14th Street
P.O. Box 12548
Austin, Texas 70711-2548
(512) 475-0131

BEN A. DONNELL
Donnell, Abernethy & Kieschnick
555 N. Carancahua, Suite 1770
Corpus Christi, Texas 78401-0853
Southern District of Texas No. 5689

COUNSEL FOR THE STATE OF TEXAS,
RICK PERRY, JOHN STEEN, and STEVE
MCCRAW

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2014, I served a true and correct copy of the foregoing document is being served via electronic mail to all counsel of record.

*/s/ John B. Scott*
JOHN B. SCOTT