AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| United States | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:13-cv-263 |
| State of Texas | ) | |
| | ) | |
| *Defendant* | ) | |

EXHIBIT 178 McGeehan 6-18-14

2:13-cv-193
09/02/2014
**DEF0652**

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Ann McGeehan, c/o Ronny Keister, Office of the Attorney General 300 W. 15th Street, Austin, Texas 78701

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: 209 West 14th Street, Price Daniels Building, Ground Floor Conference Room, Austin, TX 78701 | Date and Time: 06/18/2014 8:00 am |
|---|---|

The deposition will be recorded by this method: stenographically

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: see Attachment A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/13/2014

CLERK OF COURT

N/A
*Signature of Clerk or Deputy Clerk*

OR

/s/ Elizabeth S. Westfall
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* United States of America , who issues or requests this subpoena, are:

Elizabeth Westfall, Department of Justice, Civil Rights Division, Voting Section, 1800 G St NW, Washington, DC 20006
Tel: 202-305-7766 Email: Elizabeth.Westfall@usdoj.gov

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 2:13-cv-263

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

### INSTRUCTIONS AND DEFINITIONS

1. "Texas Legislature" and "Legislature" mean the Texas House of Representatives and the Texas State Senate.

2. "Legislator" means a current or former member of the Texas House of Representatives or the Texas State Senate, including such member's employees, staff, interns, representatives, designees, agents, or other persons acting or purporting to act on the member's behalf or on behalf of any committee on which the member serves.

3. The "Secretary of State" means Defendant Texas Secretary of State Nandita Berry, her predecessors as Secretary of State, and any of the Secretary of State's past and present agents, advisors, employees, representatives, attorneys, consultants, contractors, or other persons or entities acting on behalf of the Secretary of State or the office of the Secretary of State or subject to the control of that office.

4. The "Department of Public Safety" means the Texas Department of Public Safety ("DPS") and any of its past and present agents, advisors, employees, representatives, attorneys, consultants, contractors, or other persons or entities acting on behalf of the Department of Public Safety or subject to its control.

5. The term "person" includes, whenever appropriate, not only a natural person, but also a corporation, partnership, unincorporated association, joint venture, or other association of persons, and also a governmental agency, office, administration, board, or other body.

6. "SB 14" means 2011 Texas General Laws Chapter 123, which amends the Texas Transportation Code relating to the issuance of election identification certificates ("EIC"), and which amends the Texas Election Code relating to procedures for implementing the photographic

identification requirements for voting in the State of Texas. This document refers to "SB 14" and "the Texas Election Code as amended by SB 14" interchangeably.

7. "Document" is defined to be synonymous in meaning and scope as the term "document" is used under Federal Rule of Civil Procedure 34.

8. In responding to this subpoena, produce all responsive documents and electronically stored information in your possession, custody, or control. Sources of responsive documents include both email sent or received through any of your official State email accounts, as well as email messages sent or received through any of your private, non-State-issued email accounts.

9. None of these requests should be construed to request the public legislative history of any bill or statute, or documents previously produced in this litigation by Defendants.

10. In construing these requests, apply the broadest construction, so as to produce the most comprehensive response. Construe the terms "and" and "or" either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside that scope. Words used in the masculine gender include the feminine, and words used in the singular include the plural.

11. These document requests apply to the period from January 1, 2007, through the present unless otherwise limited or expanded by a particular request.

## DOCUMENTS

1. All documents, including data, provided to or requested by the Texas legislature, directly or through another Texas agency or official, related to SB 14 (2011), SB 362 (2009), HB 218 (2007), or HB 1706 (2005) during the consideration, preparation for implementation, or implementation of those bills, including but not limited to the underlying documentation or procedures required to obtain identification issued by the Department of Public Safety; the underlying documentation or procedures required to obtain other identification issued by the state or municipal entities; the identity, number, and geographic location of registered voters believed to lack forms of identification issued by the Department of Public Safety; and the identity and number of registered voters believed to lack other forms of identification issued by the state or its municipalities.

2. All documents, including data, provided to or requested by county election officials related to the identity, number, geographic location, and race, of registered voters believed to lack forms of identification issued by the Department of Public Safety.

3. All communications between, among, or with you, the office of the Governor, the office of the Lieutenant Governor, the office of the Secretary of State, the Department of Public Safety, the office of the Texas Attorney General, any Legislator or Legislators, their staff or agents, lobbyists, groups, associations, organizations, or members of the public concerning the State of Texas's consideration of a requirement that voters present photographic identification to cast a ballot, including the introduction, enactment, and implementation of SB 14, from December 1, 2010, to the present.

4. All analyses of registered voters who possess a Texas driver license, Texas personal identification card, Texas license to carry a concealed handgun, United States military identification that contains the person's photograph, United States citizenship certificate, United States certificate of naturalization, or United States passport conducted between January 1, 2005 and May 27, 2011, including but not limited to analyses conducted in February or March 2011.

5. All documents related to any calculations, reports, audits, estimates, projections, or other analyses related to the effect that SB 14 imposes, or that SB 14 was projected to impose, upon minority voters or on voters who are members of a language minority group, from December 1, 2010, through May 27, 2011.

6. Any other analyses of the voter registration database maintained by the Secretary of State from January 1, 2011, until the date of the filing of this lawsuit, including but not limited to:
    a. Estimates of the total number of registered voters who are Anglo, African American, Latino or "other";
    b. Estimates of the total number of voters who could not be matched to entries in the State's driver's license database, personal identification card database, or license to carry database; and

      c. Estimates of the total number of Texas registered voters who lack a form of ID required by SB 14.

7. All documents related to any administrative regulations drafted, proposed, or finalized pertaining to SB 14