# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 2:13-cv-00193 (NGR) |
| RICK PERRY, *et al.*, | |
| Defendants. | |
| UNITED STATES OF AMERICA, | |
| Plaintiffs, | |
| TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, *et al.*, | |
| Plaintiffs-Intervenors, | |
| TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, *et al.*, | Civil Action No. 2:13-cv-00263 (NGR) |
| Plaintiffs-Intervenors, | |
| v. | |
| STATE OF TEXAS, *et al.*, | |
| Defendants. | |



EXHIBIT
6

2:13-cv-193
09/02/2014
DEF0748

| | |
|---|---|
| TEXAS STATE CONFERENCE OF NAACP BRANCHES, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 2:13-cv-00291 (NGR) |
| JOHN STEEN, *et al.*, | |
| Defendants. | |
| BELINDA ORTIZ, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 2:13-cv-348 (NGR) |
| STATE OF TEXAS, *et al.*, | |
| Defendants | |

**PLAINTIFFS, ANNA BURNS, EVELYN BRICKNER, FLOYD CARRIER, GORDON BENJAMIN, JOHN MELLOR-CRUMLEY, KEN GANDY, KOBY OZIAS AND P. DRAPER HERMAN'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Plaintiffs, Anna Burns, Evelyn Brickner, Floyd Carrier, Grodon Benjamin, John Mellor-Crummley, Ken Gandy, Koby Ozias and P. Draper Herman ("Plaintiffs"), by and through undersigned counsel, hereby object and responds to the First Request for Production of Documents of Defendants the State of Texas, Rick Perry, Nandita Berry, and Steve McCraw ("Defendants"), dated March 11, 2014, as follows.

**GENERAL OBJECTIONS**

Plaintiffs, Anna Burns, Evelyn Brickner, Floyd Carrier, Gordon Benjamin, John Mellor-Crummley, Ken Gandy, Koby Ozias and P. Draper Herman (hereinafter "Plaintiffs") would show that the individual sets of Defendants' second set of requests for production for these eight

Plaintiffs were served by email on or about March 11th, 2014, and appear to be identical in that each Plaintiff was sent a set of 111 identical requests for production with identical definitions included.  Plaintiffs hereby serve their objections and responses in this one joint document in which all objections are asserted on behalf of all 8 served Plaintiffs.

Plaintiffs' General Objections, as set forth herein, are continuing objections and responses to each specific request for production that follows, whether or not the General Objections are referenced in response the specific request for production.  Plaintiffs' objections and responses herein shall not waive or prejudice any further objections Plaintiffs may later assert.  The failure to list a particular general objection in a given response should not be construed as a waiver of that objection.

1.      Plaintiffs object to each of Defendants' requests for production to the extent that they seek documents protected from disclosure by any privilege or immunity, including attorney-client privilege, attorney work product protection, common interest privilege, or any other privilege, immunity, principle, doctrine, or rule of confidentiality.  If any protected information or material is disclosed, such disclosure is not intentional and shall not be deemed a waiver of any privilege or protection.  The Clawback Order entered in this matter on November 4, 2013 governs any such disclosure.  *See* Agreement Concerning Production Format, ECF No. 61-6. Plaintiffs specifically object to any request that seeks communications between counsel for Plaintiffs and/or Plaintiff-Intervenors in this case, or the prior Section 5 case, on the basis of common interest privilege, irrelevance and overly broad and harassing.  At this time, Plaintiffs provide this privilege log concerning counsel communications: From January 1, 2012 through the present, there have been thousands of emails between and among counsel for the plaintiffs in this action, all of which pertained to discovery issues, drafts of pleadings and briefs, pretrial and

trial strategy.  Because of the number of these communications, the clear privileged nature of each of these communications, and the clear irrelevance of these communications, it would be unduly burdensome to individually log these communications.

2.     Plaintiffs object to each definition, instruction, and request for production to the extent that it seeks to impose obligations on Plaintiffs in excess of those set forth in the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Southern District of Texas.

3.     To the extent a request for production requires the disclosure of protected material, including but not limited to confidential information or any information implicating privacy interests, Plaintiffs' response shall be subject to the Consent Protective Order entered in this matter on December 5, 2013, ECF No. 105, or any subsequent revisions to the Protective Order agreed upon by the parties.  Plaintiffs further object to the extent a request for production seeks confidential or personal information of a third party, the disclosure of which is not permitted by reason of privacy laws or other binding legal obligation.

4.     Plaintiffs object to each of Defendants' requests for production to the extent that it seeks documents that are neither relevant to the issues in this dispute nor reasonably calculated to lead to the discovery of admissible evidence.  To the extent Plaintiffs provides documents in response to these requests for production, Plaintiffs do not concede that the documents are admissible in evidence or relevant to this action.

5.     Plaintiffs object to each request that is not limited to any reasonable time period as vague, ambiguous, overly broad, and unduly burdensome.  Plaintiffs' responses are with respect to the time period from January 1, 2012 to the present, unless otherwise indicated.

6.      Plaintiffs object to each of Defendants' requests for production insofar as it seeks documents that are unreasonably cumulative or duplicative, already in the possession of Defendants, primarily or exclusively within Defendants' knowledge or control, or obtainable from some other source that is less burdensome or less expensive.  Plaintiffs object to Defendants' requests for production to the extent they seek documents beyond those in the possession, custody, or control of Plaintiffs.

7.      Plaintiffs object to each of Defendants' requests for production to the extent that it is unclear, ambiguous, overly broad, or unduly burdensome.

8.      Plaintiffs object to each of Defendants' requests for production requesting "all," "each," or "any" of the referenced documents on grounds that such requests are overly broad and unduly burdensome, seek irrelevant information, and seek to impose obligations beyond those imposed by law.  Plaintiffs further object to the extent Defendants' requests for production request voluminous information that Plaintiffs can locate and copy only at tremendous expense of money, or that will create a significant delay that would be disproportionate to the probative value or relevance of the material sought.  Plaintiffs will construe the terms of all requests for production to request that they use reasonable diligence to locate responsive non-privileged documents, based on examination of those sources that may reasonably be expected to yield such documents.

9.      To the extent Plaintiffs respond to these requests for production, they do not waive Plaintiffs' foregoing objections nor do they concede that any documents requested or provided in response thereto are relevant to any claim or defense of a party in the pending action or admissible in the U.S. District Court for the Southern District of Texas.  Plaintiffs expressly reserve:

a.      the right to object, on grounds of competency, relevance, materiality,

privilege, or any other applicable ground, to the use of responses provided to this request

for production or the subject matter thereof, in any subsequent proceeding in, or the

hearing of, this or any other action;

b.      the right to object on any ground to other document requests,

interrogatories, or other discovery proceedings involving or relating to the subject matter

of the request for production; and

c.      the right to supplement their responses should further investigation or

discovery disclose additional information.

## GENERAL OBJECTIONS TO DEFINITIONS

1.   Plaintiffs object to the definition of the term "Electronically Stored Information" on

the grounds that the definition is overly broad and unduly burdensome.  Plaintiffs further object

to this definition to the extent that it seeks information not in Plaintiffs' possession, custody, or

control.  Plaintiffs will interpret the term "Electronically Stored Information" as synonymous in

meaning and equal in scope to the usage of the term "electronically stored information" in Rule

34 of the Federal Rules of Civil Procedure.

2.      Plaintiffs object to the definition of the term "document" on grounds that the

definition is overly broad and unduly burdensome.  Plaintiffs further object to this definition to

the extent that it seeks information not in Plaintiffs' possession, custody, or control.  Plaintiffs

will interpret the term "document" as synonymous in meaning and equal in scope to the usage of

the term "document" in Rule 34 of the Federal Rules of Civil Procedure.

3.      Plaintiffs object to the definition of "you and your" on grounds that the definition

is overly broad and unduly burdensome.  Plaintiffs further object to this definition to the extent

that it includes within the definition individuals who are not parties to this litigation. Plaintiffs shall interpret for purposes of these document requests "you and your" to mean Anna Burns, Evelyn Brickner, Floyd Carrier, Gordon Benjamin, John Mellor-Crummley, Ken Gandy, Koby Ozias and/or P. Draper Herman.

## <u>DOCUMENTS NOT PRODUCED</u>

Based on the general and specific objections asserted herein, Plaintiffs will *not* produce *any* of the following documents on the basis that requests for such documents are outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, have marginal or no relevance, and are intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiffs indicate, *see* FED. R. CIV. P. 26(c):

1. Documents relating solely to anyone other than Plaintiffs, *i.e.*, "an immediate family member, or to any individual with a direct, tangible interest in your birth certificate," as requested in Requests Nos. 7, 8, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 26, 29, 30, 31, 32, 33, 40, 41, 45, 47, 49, 58, 59, 66, 74, 76, 78, 79, 80, 81, 82, 85, 86, 88, 89, 90, 91, 96, 106, 107, and 108.

2. Any report cards, transcripts, or "school records" from any educational institution attended by Plaintiffs, as requested in Requests Nos. 34, 35, and 36.

3. Documents that are only responsive to Request Nos. 37 and 38, that seeks "any mail" from 2005 to the present from "financial institutions" and "a federal, state, county or city government agency."

4. Any document associated with Plaintiffs' medical records, including immunization records, as requested in Request No. 61; or Plaintiffs' medical insurance, as requested in Request Nos. 58, 59, and 80.

5. Documents that are only responsive to Requests No. 98 and 111, that seek "any expired

   or unexpired document" or a "true and complete copy of any document" ever issued to

   Plaintiffs by any and all U.S. government agencies, branches, or departments.

6. Any job application submitted to any employer, as requested in Request No. 104.

7. Documents that are only responsive to Requests No. 42, 43, 44, 50, 51, 84, 85, 86, 87, 89,

   90, 91, 95, 96, 97, 98, 105, 106, 107, 108, 109, and 110, which seek information relating

   to Plaintiffs' citizenship and immigration status.

8. Documents that are only responsive to Requests No. 75, 99, and 101, which seek

   information contained in or relating to Plaintiffs' tax filings.

9. Documents that are only responsive to Requests No. 78, 79, 81, and 82, which seek

   information relating to Plaintiffs' potential criminal record.

10. Documents that are only responsive to Requests No. 9, 39, 40, 41, 52, 55, 56, 57, 70, 71,

74, 76, 77, 83, 100, 102, 103, and 104 because those documents have marginal, if any, relevance

in this case.  When viewed in aggregate or in isolation, these requests impose an undue burden

on Plaintiffs and are designed to annoy, embarrass, or oppress her as she proceeds in this

litigation.  To the extent that Plaintiffs' mere possession of these requested documents has any

relevance, Defendants may obtain relevant information through other, more appropriate

discovery tools available under the Federal Rules of Civil Procedure.

## SPECIFIC OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiffs incorporate by reference their General Objections in response to each of

Defendants' requests for production.  Plaintiffs also incorporate by reference their Objections to

Instructions to each of Defendants' requests for production.  Plaintiffs state that the following

responses are true and complete to the best of their knowledge at this time, while reserving the

right to identify additional facts or documents, amend or supplement any answer, or raise additional objections during the course of these proceedings.

## RESPONSES TO REQUEST FOR PRODUCTION

### REQUEST NO. 1:

Please produce all documents and tangible things relating to your efforts and/or attempts to obtain any of the forms of photographic identification specified by SB 14 as enacted by the State of Texas' 82nd Legislature, on or prior to November 15, 2013.

### RESPONSE TO REQUEST NO. 1:

Plaintiffs object to Request No. 1 on grounds that the term "efforts and/or attempts to obtain" renders this request overly broad, vague, and ambiguous.  Plaintiffs further object to Request No. 1 to the extent that it seeks documents without any reasonable temporal limitation.  Plaintiffs further object to Request No. 1 on grounds that it is unduly burdensome.   Plaintiffs further object to Request No. 1 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced.  Plaintiffs further object to Request No. 1 to the extent that it is unreasonably cumulative and duplicative as it calls upon Plaintiffs to reproduce documents and tangible things that have been previously produced to Defendants as part of *Texas v. Holder*, No. 12-cv-128 (D.D.C.) or is cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Subject to and without waiving Plaintiffs' foregoing general and specific objections, Plaintiffs will produce non-privileged documents within their possession, custody, or control that are responsive to Request No. 1 from January 1, 2012 to the present.

**REQUEST NO. 2:**

Please produce all documents and tangible things relating to your efforts to obtain any of the forms of photographic identification specified by SB 14 as enacted by the State of Texas' 82nd Legislature, on or after November 16, 2013 to the Present.

**RESPONSE TO REQUEST NO. 2:**

Plaintiffs object to Request No. 2 on grounds that the term "efforts to obtain" renders this request overly broad, vague, and ambiguous.  Plaintiffs further object to Request No. 2 on grounds that it is unduly burdensome.   Plaintiffs further object to Request No. 1 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced.  Plaintiffs further object to Request No. 2 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Subject to and without waiving Plaintiffs' foregoing general and specific objections, Plaintiffs will produce non-privileged documents within their possession, custody, or control that are responsive to Request No. 2.

**REQUEST NO. 3:**

Please produce all documents and tangible things relating to all communications between you and any individual or group regarding SB 14, including but not limited to communications between and/or among (1) you and members of the Texas Legislature, either past or present, and/or their staff and/or representatives; and/or (2) you and any media outlets; and/or (3) you and any other parties to the Federal Action or the State Action, from 2005 to the Present.

**RESPONSE TO REQUEST NO. 3:**

Plaintiffs object to Request No. 3 to the extent that it seeks information or disclosure of information that is protected by attorney-client privilege, the attorney work product doctrine, or any other statutory or common law privilege or immunity. Plaintiffs further object to Request No. 3 on grounds that it is overly broad, unduly burdensome, and vague. Plaintiffs further object to Request No. 3 on grounds that the terms "all communications between you and any individual or group," "members of the Texas Legislature, either past or present, and/or their staff and/or representatives," and "media outlets," are ambiguous and vague. Plaintiffs further object to Request No. 3 to the extent that it seeks information or disclosure of information impinging on Plaintiffs' right of association, which is protected by the First Amendment to the U.S. Constitution. Plaintiffs further object to Request No. 3 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced. Plaintiffs further object to Request No. 3 to the extent that it seeks documents already in the possession, custody, or control of Defendants. Plaintiffs further object to Request No. 3 to the extent that it seeks documents that are publicly available or obtainable from some other source that is less burdensome or less expensive. Plaintiffs further object to Request No. 3 to the extent that subpart (3) seeks documents protected by common interest privileges shared by certain Plaintiffs and Plaintiffs-intervenors in this litigation. Plaintiffs further object to Request No. 3 to the extent that it is unreasonably cumulative and duplicative as it calls upon Plaintiffs to reproduce documents and tangible things that have been previously produced to Defendants as part of *Texas v. Holder*, No. 12-cv-128 (D.D.C.) or is cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Subject to and without waiving Plaintiffs' foregoing general and specific objections, Plaintiffs will produce non-privileged documents within their possession, custody, or control that are responsive to Request No. 3 from January 1, 2012 to the present.

**REQUEST NO. 4:**

Please produce all documents and tangible things relating to all communications concerning SB 14 between and/or among (1) any other parties to the Federal Action or the State Action and the Texas Legislature, either past or present, and/or their staff and/or representatives; and/or (2) any other parties to the Federal Action or the State Action and/or any media outlets, from 2005 to the Present.

**RESPONSE TO REQUEST NO. 4:**

Plaintiffs object to Request No. 4 to the extent that it seeks information or disclosure of information that is protected by attorney-client privilege, the attorney work product doctrine, or any other statutory or common law privilege or immunity. Plaintiffs further object to Request No. 4 on grounds that it is overly broad, unduly burdensome, and vague. Plaintiffs further object to Request No. 4 on grounds that the term "all communication" is ambiguous. Plaintiffs further object to Request No. 4 to the extent that it seeks information or disclosure of information impinging on Plaintiffs' right of association, which is protected by the First Amendment to the U.S. Constitution. Plaintiffs further object to Request No. 4 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced. Plaintiffs further object to Request No. 4 to the extent that it seeks documents that are publicly available or obtainable from some other source that is less burdensome or less expensive. Plaintiffs further object to Request No. 4 to the extent that it seeks documents protected by common interest privilege shared by certain Plaintiffs and Plaintiffs-intervenors in this litigation and previous

litigations.  Plaintiffs further object to Request No. 4 to the extent that it seeks documents not in

their possession, custody, or control.  Plaintiffs further object to Request No. 4 to the extent that

it is unreasonably cumulative and duplicative as it calls upon Plaintiffs to reproduce documents

and tangible things that have been previously produced to Defendants as part of *Texas v. Holder*,

No. 12-cv-128 (D.D.C.) or is cumulative and duplicative of other requests propounded on

Plaintiffs as part of the instant litigation.

Subject to and without waiving Plaintiffs' foregoing general and specific objections,

Plaintiffs will produce non-privileged documents within their possession, custody, or control that

are responsive to Request No. 4 from January 1, 2012 to the present.

**REQUEST NO. 5:**

Please produce all documents and tangible things relating to your registration to vote,

including but not limited to, any Voter Registration Certificate or card issued to you by any

County Voting Registrar in the state of Texas, or equivalent agency, department, or branch in

any other United States state, United States territory or outlying possession, the District of

Columbia, any Canadian province, or in Mexico.

**RESPONSE TO REQUEST NO. 5:**

Plaintiffs object to Request No. 5 on grounds that it is overly broad, unduly burdensome,

and vague.  Plaintiffs further object to Request No. 5 on grounds that the term "relating to your

registration to vote" is ambiguous.   Plaintiffs further object to Request No. 5 on grounds that it

fails to describe with reasonable particularity each item or category of items sought to be

produced.  Plaintiffs further object to Request No. 5 to the extent that it seeks documents that are

publicly available or obtainable from some other source that is less burdensome or less

expensive.  Plaintiffs further object to Request No. 5 to the extent that it seeks documents already

in the possession, custody, or control of Defendants.  Plaintiffs further object to Request No. 5 to

the extent that it is unreasonably cumulative and duplicative as it calls upon Plaintiffs to

reproduce documents and tangible things that have been previously produced to Defendants as

part of *Texas v. Holder*, No. 12-cv-128 (D.D.C.) or is cumulative and duplicative of other

requests propounded on Plaintiffs as part of the instant litigation.

Subject to and without waiving Plaintiffs' foregoing general and specific objections,

Plaintiffs will produce non-privileged documents within their possession, custody, or control that

are responsive to Request No. 5.

## REQUEST NO. 6:

Please produce copies of all materials you have provided to any potential expert in the

Federal Action.

## RESPONSE TO REQUEST NO. 6:

Plaintiffs object to Request No. 6 on grounds that it seeks information protected from

disclosure by Rule 26(b)(4)(C) of the Federal Rules of Civil Procedure.  Plaintiffs further object

to Request No. 6 on grounds that requests for material provided to "any potential" expert renders

the request overly broad.

Based on the foregoing general and specific objections, Plaintiffs will not produce any

documents responsive to Request No. 6 because the request is outside the scope of the discovery

permitted by Rule 26 of the Federal Rules of Civil Procedure.  Any materials properly

discoverable under Rule 26 shall be disclosed when required by the Federal Rules of Civil

Procedure and under the Court's scheduling orders.  Notwithstanding Plaintiffs' foregoing

objections, Plaintiffs represent that they do not have any non-privileged documents within their

possession, custody, or control that are responsive to Request No. 6.

**REQUEST NO. 7:**

Please produce a true and complete copy of any unexpired Texas Driver's License, issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by the Texas Department of Public Safety.

**RESPONSE TO REQUEST NO. 7:**

Plaintiffs object to Request No. 7 on grounds that seek documents and tangible items not in Plaintiffs' possession, custody, or control.  Plaintiffs further object to Request No. 7 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to Plaintiffs' family members, legal guardians, or other individuals not party to the instant litigation.  Plaintiffs further object to Request No. 7 to the extent that it seeks documents already in the possession, custody, or control of Defendants.  Plaintiffs further object to Request No. 7 to the extent that it seeks documents that are publicly available or obtainable from some other source that is less burdensome or less expensive.  Plaintiffs further object to Request No. 7 to the extent that it is unreasonably cumulative and duplicative as it calls upon Plaintiffs to reproduce documents and tangible things that have been previously produced to Defendants as part of *Texas v. Holder*, No. 12-cv-128 (D.D.C.) or is cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

**REQUEST NO. 8:**

Please produce a true and complete copy of any expired Texas Driver's Licenses issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by the Texas Department of Public Safety or any other agency or department in

the state of Texas, previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 8:**

Plaintiffs object to Request No. 8 on grounds that it is overly broad and seeks documents without any reasonable temporal limitation.  Plaintiffs further object to Request No. 8 on grounds that it seeks documents and tangible items not in Plaintiffs' possession, custody, or control.  Plaintiffs further object to Request No. 8 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to Plaintiffs' family members, legal guardians, or other individuals not party to the instant litigation.  Plaintiffs further object to Request No. 8 to the extent that it seeks documents already in the possession, custody, or control of Defendants.  Plaintiffs further object to Request No. 8 to the extent that it seeks documents that are publicly available or obtainable from some other source that is less burdensome or less expensive.  Plaintiffs further object to Request No. 8 to the extent that it is unreasonably cumulative and duplicative as it calls upon Plaintiffs to reproduce documents and tangible things that have been previously produced to Defendants as part of *Texas v. Holder*, No. 12-cv-128 (D.D.C.) or is cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

**REQUEST NO. 9:**

Please produce a true and complete copy of any Order issued by any court located in the United States, any United States territory or outlying possession, or a foreign country, documenting guardianship over you.

**RESPONSE TO REQUEST NO. 9:**

Plaintiffs object to Request No. 9 on grounds that it is overly broad and the term "documenting guardianship" is vague, and ambiguous. Plaintiffs further object to Request No. 9 to the extent that it seeks documents that are publicly available or obtainable from some other source that is less burdensome or less expensive. Plaintiffs further object to Request No. 9 to the extent that it seeks documents not in their possession, custody, or control. Plaintiffs further object to Request No. 9 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to Request No. 9 to the extent that it is unreasonably cumulative and duplicative as it calls upon Plaintiffs to reproduce documents and tangible things that have been previously produced to Defendants as part of *Texas v. Holder*, No. 12-cv-128 (D.D.C.) or is cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiffs will not produce any documents responsive to Request No. 9 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiffs. *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 10:**

Please produce a true and complete copy of any temporary receipts for a Texas Driver's License or Texas Identification Certificate, also referred to as a card, issued to you by the Texas Department of Public Safety or any other agency or department in the state of Texas, previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 10:**

Plaintiffs object to Request No. 10 on grounds that it is overly broad and seeks documents without any reasonable temporal limitation.  Plaintiffs further object to Request No. 10 on grounds that it is unduly burdensome.  Plaintiffs further object to Request No. 10 on grounds that the term "temporary receipts" is vague and ambiguous.  Plaintiffs further object to Request No. 10 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced.  Plaintiffs further object to Request No. 10 to the extent that it seeks documents already in the possession, custody, or control of Defendants.  Plaintiffs further object to Request No. 10 to the extent that it is unreasonably cumulative and duplicative as it calls upon Plaintiffs to reproduce documents and tangible things that have been previously produced to Defendants as part of *Texas v. Holder*, No. 12-cv-128 (D.D.C.) or is cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Subject to and without waiving Plaintiffs' foregoing general and specific objections, Plaintiffs represents that they do not have any non-privileged documents relating only to them within their possession, custody, or control that are responsive to Request No. 10.

**REQUEST NO. 11:**

Please produce a true and complete copy of any temporary receipts for a driver's license or an identification certificate, also referred to as a card, issued to you by a department of public safety, a department of motor vehicles, or the equivalent agency, branch, or department, previously or now existing, or any of their successor agencies, branches, or departments, in any United States state (other than Texas), United States territory or outlying possession, or the District of Columbia, or any Canadian province.

**RESPONSE TO REQUEST NO. 11:**

Plaintiffs object to Request No. 11 to the extent that it seeks documents without any reasonable temporal limitation. Plaintiffs further object to Request No. 11 on grounds that it is unduly burdensome. Plaintiffs further object to Request No. 10 on grounds that the term "temporary receipts" is vague and ambiguous. Plaintiffs further object to Request No. 11 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced. Plaintiffs further object to Request No. 11 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to Request No. 11 to the extent that it is unreasonably cumulative and duplicative as it calls upon Plaintiffs to reproduce documents and tangible things that have been previously produced to Defendants as part of *Texas v. Holder*, No. 12-cv-128 (D.D.C.) or is cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Subject to and without waiving Plaintiffs' foregoing general and specific objections, Plaintiffs will produce non-privileged documents within their possession, custody, or control that are responsive to Request No. 11.

**REQUEST NO. 12:**

Please produce a true and complete copy of any expired driver's licenses, issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by a department of public safety, a department of motor vehicles, or the equivalent agency, branch, or department, previously or now existing, or any of their successor agencies, branches, or departments, in any United States state (other than Texas), United States territory or outlying possession, or the District of Columbia, or any Canadian province.

**RESPONSE TO REQUEST NO. 12:**

Plaintiffs object to Request No. 12 on grounds that it is overly broad and seeks documents without any reasonable temporal limitation. Plaintiffs further object to Request No. 12 to the extent that it seeks documents not in their possession, custody, or control. Plaintiffs further object to Request No. 12 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to Plaintiffs' family members, legal guardians, or other individuals not party to the instant litigation. Plaintiffs further object to Request No. 12 to the extent that it is unreasonably cumulative and duplicative as it calls upon Plaintiffs to reproduce documents and tangible things that have been previously produced to Defendants as part of *Texas v. Holder*, No. 12-cv-128 (D.D.C.) or is cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Subject to and without waiving Plaintiffs' foregoing general and specific objections, Plaintiffs will produce non-privileged documents relating *only to them* within their possession, custody, or control that are responsive to Request No. 12.

**REQUEST NO. 13:**

Please produce a true and complete copy of any unexpired driver's licenses issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by a department of public safety, a department of motor vehicles, or the equivalent agency, branch, or department, previously or now existing, or any of their successor agencies, branches, or departments, in any United States state (other than Texas), United States territory or outlying possession, or the District of Columbia, or any Canadian province.

**RESPONSE TO REQUEST NO. 13:**

Plaintiffs object to Request No. 13 to the extent that it seeks documents not in their possession, custody, or control.  Plaintiffs further object to Request No. 13 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to Plaintiffs' family members, legal guardians, and other individuals not party to the instant litigation.  Plaintiffs further object to Request No. 13 to the extent that it is unreasonably cumulative and duplicative as it calls upon Plaintiffs to reproduce documents and tangible things that have been previously produced to Defendants as part of *Texas v. Holder*, No. 12-cv-128 (D.D.C.) or is cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Subject to and without waiving Plaintiffs' foregoing general and specific objections, Plaintiffs will produce non-privileged documents relating *only to them* within their possession, custody, or control that are responsive to Request No. 13.

**REQUEST NO. 14:**

Please produce a true and complete copy of any unexpired Texas Personal Identification Certificate, also referred to as a card, issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by the Texas Department of Public Safety.

**RESPONSE TO REQUEST NO. 14:**

Plaintiffs object to Request No. 14 to the extent that it seeks documents already in the possession, custody, or control of Defendants.  Plaintiffs further object to Request No. 14 to the extent that it seeks documents not in their possession, custody, or control.  Plaintiffs further

object to Request No. 14 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to Plaintiffs' family members, legal guardians, and other individuals not party to the instant litigation.   Plaintiffs further object to Request No. 14 to the extent that it is unreasonably cumulative and duplicative as it calls upon Plaintiffs to reproduce documents and tangible things that have been previously produced to Defendants as part of *Texas v. Holder*, No. 12-cv-128 (D.D.C.) or is cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Subject to and without waiving Plaintiffs' foregoing general and specific objections, Plaintiffs represents that they do not have any non-privileged documents relating *only to them* within their possession, custody, or control that are responsive to Request No. 14.

**REQUEST NO. 15:**

Please produce a true and complete copy of any expired Texas Personal Identification Certificate, also referred to as a card, issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by the Texas Department of Public Safety, or any other agency or department in the state of Texas, previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 15:**

Plaintiffs object to Request No. 15 on grounds that it is overly broad and seeks documents without any reasonable temporal limitation.  Plaintiffs further object to Request No. 15 on grounds that it is unduly burdensome.  Plaintiffs further object to Request No. 15 to the extent that it seeks documents already in the possession, custody, or control of Defendants. Plaintiffs further object to Request No. 15 to the extent that it seeks documents not in their

possession, custody, or control.  Plaintiffs further object to Request No. 15 to the extent that it

seeks documents or tangible items not relevant to this litigation and not reasonably calculated to

lead to the discovery of admissible evidence, including, but not limited to, documents relating to

Plaintiffs' family members, legal guardians, and other individuals not party to the instant

litigation.   Plaintiffs further object to Request No. 15 to the extent that it is unreasonably

cumulative and duplicative as it calls upon Plaintiffs to reproduce documents and tangible things

that have been previously produced to Defendants as part of *Texas v. Holder*, No. 12-cv-128

(D.D.C.) or is cumulative and duplicative of other requests propounded on Plaintiffs as part of

the instant litigation.

Subject to and without waiving Plaintiffs' foregoing general and specific objections,

Plaintiffs represents that they do not have any non-privileged documents relating *only to them*

within their possession, custody, or control that are responsive to Request No. 15.

**REQUEST NO. 16:**

Please produce a true and complete copy of any unexpired personal identification

document, issued to you, an immediate family member, or to any individual with a direct,

tangible interest in your birth certificate, by a department of public safety, a department of motor

vehicles, or the equivalent agency, branch, or department, previously or now existing, or any of

their successor agencies, branches, or departments, in any United States state, county, city (other

than Texas or its counties or cities), United States territory or outlying possession, or the District

of Columbia, or any Canadian province.

**RESPONSE TO REQUEST NO. 16:**

Plaintiffs object to Request No. 16 on grounds that the term "unexpired personal

identification document" renders the request vague and ambiguous.  Plaintiffs object to Request

No. 16 on grounds that it is unduly burdensome.  Plaintiffs further object to Request No. 16 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced.  Plaintiffs further object to Request No. 16 to the extent that it seeks documents not in their possession, custody, or control.  Plaintiffs further object to Request No. 16 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to Plaintiffs' family members, legal guardians, or other individuals not party to the instant litigation.  Plaintiffs further object to Request No. 16 to the extent that it is unreasonably cumulative and duplicative as it calls upon Plaintiffs to reproduce documents and tangible things that have been previously produced to Defendants as part of *Texas v. Holder*, No. 12-cv-128 (D.D.C.) or is cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Subject to and without waiving Plaintiffs' foregoing general and specific objections, Plaintiffs will produce non-privileged documents relating *only to them* within their possession, custody, or control that are responsive to Request No. 16.

**REQUEST NO. 17:**

Please produce a true and complete copy of any expired personal identification document, issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by a department of public safety, a department of motor vehicles, or the equivalent agency, branch, or department, previously or now existing, or any of their successor agencies, branches, or departments, in any United States state, county, city (other than Texas or its counties or cities), United States territory or outlying possession, or the District of Columbia, or any Canadian province.

**RESPONSE TO REQUEST NO. 17:**

Plaintiffs object to Request No. 17 on grounds that the term "unexpired personal identification document" renders the request vague and ambiguous.  Plaintiffs further object to Request No. 17 to the extent that it seeks documents without any reasonable temporal limitation. Plaintiffs object to Request No. 17 on grounds that it is unduly burdensome.  Plaintiffs further object to Request No. 17 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced. Plaintiffs further object to Request No. 17 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced.  Plaintiffs further object to Request No. 17 to the extent that it seeks documents not in their possession, custody, or control.  Plaintiffs further object to Request No. 17 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to Plaintiffs' family members, legal guardians, and other individuals not party to the instant litigation.   Plaintiffs further object to Request No. 17 to the extent that it is unreasonably cumulative and duplicative as it calls upon Plaintiffs to reproduce documents and tangible things that have been previously produced to Defendants as part of *Texas v. Holder*, No. 12-cv-128 (D.D.C.) or is cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Subject to and without waiving Plaintiffs' foregoing general and specific objections, Plaintiffs will produce non-privileged documents relating *only to them* within their possession , custody, or control that are responsive to Request No. 17.

## REQUEST NO. 18:

Please produce a true and complete copy of any unexpired Texas Concealed Handgun License issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by the Texas Department of Public Safety.

## RESPONSE TO REQUEST NO. 18:

Plaintiffs object to Request No. 18 to the extent that it seeks documents already in the possession, custody, or control of Defendants.  Plaintiffs further object to Request No. 18 to the extent that it seeks documents that are publicly available or obtainable from some other source that is less burdensome or less expensive.  Plaintiffs further object to Request No. 18 to the extent that it seeks documents not in their possession, custody, or control.  Plaintiffs further object to Request No. 18 on grounds that it is overly broad and seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to Plaintiffs' family members, legal guardians, and other individuals not party to the instant litigation.  Plaintiffs further object to Request No. 18 to the extent that it is unreasonably cumulative and duplicative as it calls upon Plaintiffs to reproduce documents and tangible things that have been previously produced to Defendants as part of *Texas v. Holder*, No. 12-cv-128 (D.D.C.) or is cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Subject to and without waiving Plaintiffs' foregoing general and specific objections, Plaintiffs represents that they do not have any non-privileged documents relating *only to them* within their possession, custody, or control that are responsive to Request No. 18.

**REQUEST NO. 19:**

Please produce a true and complete copy of any expired Texas Concealed Handgun License issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by the Texas Department of Public Safety, or any other agency or department in the state of Texas, previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 19:**

Plaintiffs object to Request No. 19 on grounds that it is overly broad and seeks documents without any reasonable temporal limitation.  Plaintiffs further object to Request No. 19 on grounds that it is unduly burdensome.  Plaintiffs further object to Request No. 19 to the extent that it seeks documents already in the possession, custody, or control of Defendants.  Plaintiffs further object to Request No. 19 to the extent that it seeks documents that are publicly available or obtainable from some other source that is less burdensome or less expensive.  Plaintiffs further object to Request No. 19 to the extent that it seeks documents not in their possession, custody, or control.  Plaintiffs further object to Request No. 19 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to Plaintiffs' family members, legal guardians, and other individuals not party to the instant litigation.   Plaintiffs further object to Request No. 19 to the extent that it is unreasonably cumulative and duplicative as it calls upon Plaintiffs to reproduce documents and tangible things that have been previously produced to Defendants as part of *Texas v. Holder*, No. 12-cv-128 (D.D.C.) or is cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

**REQUEST NO. 20:**

Please produce a true and complete copy of any unexpired concealed handgun license issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by a department of public safety or the equivalent agency, branch, or department, previously or now existing, or any of their successor agencies, branches, or departments, in any United States state (other than Texas), United States territory or outlying possession, or the District of Columbia, or any Canadian province.

**RESPONSE TO REQUEST NO. 20:**

Plaintiffs further object to Request No. 20 to the extent that it seeks documents that are publicly available or obtainable from some other source that is less burdensome or less expensive.  Plaintiffs further object to Request No. 20 to the extent that it seeks documents not in their possession, custody, or control.  Plaintiffs further object to Request No. 20 on grounds that it is unduly burdensome.  Plaintiffs further object to Request No. 20 on grounds that it is overly broad and seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to Plaintiffs' family members, legal guardians, and other individuals not party to the instant litigation.   Plaintiffs further object to Request No. 20 to the extent that it is unreasonably cumulative and duplicative as it calls upon Plaintiffs to reproduce documents and tangible things that have been previously produced to Defendants as part of *Texas v. Holder*, No. 12-cv-128 (D.D.C.) or is cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

**REQUEST NO. 21:**

Please produce a true and complete copy of any expired concealed handgun license issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by a department of public safety or the equivalent agency, branch, or department, previously or now existing, or any of their successor agencies, branches, or departments, in any United States state (other than Texas), United States territory or outlying possession, or the District of Columbia, or any Canadian province.

**RESPONSE TO REQUEST NO. 21:**

Plaintiffs object to Request No. 21 on grounds that it is overly broad and seeks documents without any reasonable temporal limitation.  Plaintiffs further object to Request No. 21 to the extent that it seeks documents that are publicly available or obtainable from some other source that is less burdensome or less expensive.  Plaintiffs further object to Request No. 21 to the extent that it seeks documents not in their possession, custody, or control.  Plaintiffs further object to Request No. 21 on grounds that it is unduly burdensome.  Plaintiffs further object to Request No. 21 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to Plaintiffs' family members, legal guardians, and other individuals not party to the instant litigation.  Plaintiffs further object to Request No. 21 to the extent that it is unreasonably cumulative and duplicative as it calls upon Plaintiffs to reproduce documents and tangible things that have been previously produced to Defendants as part of *Texas v. Holder*, No. 12-cv-128 (D.D.C.) or is cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

**REQUEST NO. 22:**

Please produce a true and complete copy of any expired or unexpired identification document issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by any government agency or department in any United States state, including, but not limited to any government agency or department in the state of Texas, or any United States territory or outlying province, the District of Columbia, or any Canadian province, to the extent the document is not otherwise encompassed by these Discovery Requests.

**RESPONSE TO REQUEST NO. 22:**

Plaintiffs object to Request No. 22 on grounds that the term "unexpired identification document" renders this request vague, ambiguous, and overly broad.  Plaintiffs further object to Request No. 22 to the extent that it seeks documents without any reasonable temporal limitation. Plaintiffs further object to Request No. 22 on grounds that it is unduly burdensome.  Plaintiffs further object to Request No. 22 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced.   Plaintiffs further object to Request No. 22 to the extent that it seeks documents not in their possession, custody, or control.  Plaintiffs further object to Request No. 22 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to Plaintiffs' family members, legal guardians, and other individuals not party to the instant litigation.   Plaintiffs further object to Request No. 22 to the extent that it is unreasonably cumulative and duplicative as it calls upon Plaintiffs to reproduce documents and tangible things that have been previously produced to

Defendants as part of *Texas v. Holder*, No. 12-cv-128 (D.D.C.) or is cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Subject to and without waiving Plaintiffs' foregoing general and specific objections, Plaintiffs will produce non-privileged documents relating *only to them* within their possession, custody, or control that are responsive to Request No. 22 from January 1, 2012 to the present.

**REQUEST NO. 23:**

Please produce a true and complete copy of any expired or unexpired identification document issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by any agency, branch, or department of the United States government, previously or now existing, or any of their successor agencies, branches, or departments, to the extent not encompassed by these Discovery Requests.

**RESPONSE TO REQUEST NO. 23:**

Plaintiffs object to Request No. 23 on grounds that the term "unexpired identification document" renders this request vague, ambiguous, and overly broad.  Plaintiffs further object to Request No. 22 to the extent that it seeks documents without any reasonable temporal limitation. Plaintiffs further object to Request No. 23 on grounds that it is unduly burdensome.  Plaintiffs further object to Request No. 23 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced.   Plaintiffs further object to Request No. 23 to the extent that it seeks documents not in their possession, custody, or control.  Plaintiffs further object to Request No. 23 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to Plaintiffs' family members, legal guardians, and other individuals not party to the instant litigation.   Plaintiffs further object to

Request No. 23 to the extent that it is unreasonably cumulative and duplicative as it calls upon Plaintiffs to reproduce documents and tangible things that have been previously produced to Defendants as part of *Texas v. Holder*, No. 12-cv-128 (D.D.C.) or is cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Subject to and without waiving Plaintiffs' foregoing general and specific objections, Plaintiffs will produce non-privileged documents relating *only to them* within their possession , custody, or control that are responsive to Request No. 23 from January 1, 2012 to the present.

**REQUEST NO. 24:**

Please produce a true and complete copy of any Election Identification Certificate issued to you by the Texas Department of Public Safety.

**RESPONSE TO REQUEST NO. 24:**

Plaintiffs object to Request No. 24 to the extent that it seeks documents already in the possession, custody, or control of Defendants.  Plaintiffs further object to Request No. 24 to the extent that it seeks documents that are publicly available or obtainable from some other source that is less burdensome or less expensive.  Plaintiffs further object to Request No. 24 to the extent that it is unreasonably cumulative and duplicative as it calls upon Plaintiffs to reproduce documents and tangible things that have been previously produced to Defendants as part of *Texas v. Holder*, No. 12-cv-128 (D.D.C.) or is cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

**REQUEST NO. 25:**

Please produce a true and complete copy of any Election Identification Certificate, or other equivalent document, issued to you a department of public safety, a department of motor vehicles, or the equivalent agency, branch, or department in any United States state (other than

Texas), United States territory or outlying possession, or the District of Columbia, previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 25:**

Plaintiffs object to Request No. 25 on grounds that the terms "other equivalent document" and "equivalent agency" renders this request vague, ambiguous, and overly broad. Plaintiffs further object to Request No. 25 to the extent that it seeks documents without any reasonable temporal limitation. Plaintiffs further object to Request No. 25 on grounds that it is unduly burdensome. Plaintiffs further object to Request No. 25 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced. Plaintiffs further object to Request No. 25 to the extent that it is unreasonably cumulative and duplicative as it calls upon Plaintiffs to reproduce documents and tangible things that have been previously produced to Defendants as part of *Texas v. Holder*, No. 12-cv-128 (D.D.C.) or is cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

**REQUEST NO. 26:**

Please produce a true and complete copy of any expired or unexpired United States Military Identification documents issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by any branch of the United States Military Services and/or the United States Department of the Defense, or any other agencies, branches, or departments of the United States government, previously or now existing, or any of their successor agencies, branches, or departments, whether such documents were issued for active duty, reserve, or retired personnel.

**RESPONSE TO REQUEST NO. 26:**

Plaintiffs object to Request No. 26 on grounds that the term "expired or unexpired United States Military Identification documents" is vague, ambiguous, and overly broad.  Plaintiffs further object to Request No. 26 to the extent that it seeks documents without any reasonable temporal limitation.  Plaintiffs further object to Request No. 26 on grounds that it is unduly burdensome.  Plaintiffs further object to Request No. 26 to the extent that it seeks documents not in their possession, custody, or control.  Plaintiffs further object to Request No. 26 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to Plaintiffs' family members, legal guardians, and other individuals not party to the instant litigation.   Plaintiffs further object to Request No. 26 to the extent that it is unreasonably cumulative and duplicative as it calls upon Plaintiffs to reproduce documents and tangible things that have been previously produced to Defendants as part of *Texas v. Holder*, No. 12-cv-128 (D.D.C.) or is cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

**REQUEST NO. 27:**

Please produce a true and complete copy of any United States Citizenship Certificate (including, but not necessarily limited to, Form N-560, Form N-561, Form N55G, N-645, or N-578, or their predecessors, which may include but are not limited to Form N55G), issued to you by the United States Department of Homeland Security, United States Citizenship and Immigration Services, or any other agencies, branches, or departments of the United States government, previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 27:**

Plaintiffs object to Request No. 27 on grounds that the term "any United States Citizenship Certificate" is vague, ambiguous, and overly broad.  Plaintiffs further object to Request No. 27 to the extent that it seeks documents without any reasonable temporal limitation. Plaintiffs further object to Request No. 27 on grounds that it is unduly burdensome.  Plaintiffs further object to Request No. 27 to the extent that it seeks documents not in their possession, custody, or control.  Plaintiffs further object to Request No. 26 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to Plaintiffs' family members, legal guardians, and other individuals not party to the instant litigation.   Plaintiffs further object to Request No. 27 to the extent that it is unreasonably cumulative and duplicative as it calls upon Plaintiffs to reproduce documents and tangible things that have been previously produced to Defendants as part of *Texas v. Holder*, No. 12-cv-128 (D.D.C.) or is cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

**REQUEST NO. 28:**

Please produce a true and complete copy of any United States Naturalization Certificate (including, but not necessarily limited to, Form N-550, N-570, or their predecessors, which may include, but are not limited to Form N55G) issued to you by the United States Department of Homeland Security, United States Citizenship and Immigration Services, or any other agencies, branches, or departments of the United States government, previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 28:**

Plaintiffs object to Request No. 28 on grounds that the term "any United States Naturalization Certificate" is vague, ambiguous, and overly broad.  Plaintiffs further object to Request No. 27 to the extent that it seeks documents without any reasonable temporal limitation. Plaintiffs further object to Request No. 28 on grounds that it is unduly burdensome.  Plaintiffs further object to Request No. 28 to the extent that it seeks documents not in their possession, custody, or control.  Plaintiffs further object to Request No. 28 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to Plaintiffs' family members, legal guardians, and other individuals not party to the instant litigation.   Plaintiffs further object to Request No. 28 to the extent that it is unreasonably cumulative and duplicative as it calls upon Plaintiffs to reproduce documents and tangible things that have been previously produced to Defendants as part of *Texas v. Holder*, No. 12-cv-128 (D.D.C.) or is cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

**REQUEST NO. 29:**

Please produce a true and complete copy of any unexpired United States Passports, issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by the United States Department of State, Bureau of Consular Affairs, or any other agencies, branches, or departments of the United States government, previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 29:**

Plaintiffs object to Request No. 29 to the extent that it seeks documents not in their possession, custody, or control.  Plaintiffs further object to Request No. 29 on grounds that it is unduly burdensome.  Plaintiffs further object to Request No. 29 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to Plaintiffs' family members, legal guardians, and other individuals not party to the instant litigation.  Plaintiffs further object to Request No. 29 to the extent that it is unreasonably cumulative and duplicative as it calls upon Plaintiffs to reproduce documents and tangible things that have been previously produced to Defendants as part of *Texas v. Holder*, No. 12-cv-128 (D.D.C.) or is cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Subject to and without waiving Plaintiffs' foregoing general and specific objections, Plaintiffs will produce non-privileged documents, if any, relating *only to them* within their possession, custody, or control that are responsive to Request No. 29.

**REQUEST NO. 30:**

Please produce a true and complete copy of any expired United States Passports, issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by the United States Department of State, Bureau of Consular Affairs, or any other agencies, branches, or departments of the United States government, previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 30:**

Plaintiffs object to Request No. 30 on grounds that it is overly broad and seeks documents without any reasonable temporal limitation.  Plaintiffs further object to Request No. 30 on grounds that it is unduly burdensome.  Plaintiffs further object to Request No. 30 to the extent that it seeks documents not in their possession, custody, or control.  Plaintiffs further object to Request No. 30 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to Plaintiffs' family members, legal guardians, and other individuals not party to the instant litigation.  Plaintiffs further object to Request No. 30 to the extent that it is unreasonably cumulative and duplicative as it calls upon Plaintiffs to reproduce documents and tangible things that have been previously produced to Defendants as part of *Texas v. Holder*, No. 12-cv-128 (D.D.C.) or is cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Subject to and without waiving Plaintiffs' foregoing general and specific objections, Plaintiffs will produce non-privileged documents, if any, relating *only to them* within their possession, custody, or control that are responsive to Request No. 30 from January 1, 2012 to the present.

**REQUEST NO. 31:**

Please produce true and complete copies of any unexpired United States Passport Cards, issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by the United States Department of State, Bureau of Consular Affairs, or any other agencies, branches, or departments of the United States government, previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 31:**

Plaintiffs object to Request No. 31 to the extent that it seeks documents not in their possession, custody, or control. Plaintiffs further object to Request No. 31 on grounds that it is unduly burdensome. Plaintiffs further object to Request No. 31 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to Plaintiffs' family members, legal guardians, and other individuals not party to the instant litigation. Plaintiffs further object to Request No. 31 to the extent that it is unreasonably cumulative and duplicative as it calls upon Plaintiffs to reproduce documents and tangible things that have been previously produced to Defendants as part of *Texas v. Holder*, No. 12-cv-128 (D.D.C.) or is cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

**REQUEST NO. 32:**

Please produce a true and complete copy of any expired United States Passport Cards, issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by the United States Department of State, Bureau of Consular Affairs, or any other agencies, branches, or departments of the United States government, previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 32:**

Plaintiffs object to Request No. 32 on grounds that it is overly broad and seeks documents without any reasonable temporal limitation. Plaintiffs object to Request No. 32 to the extent that it seeks documents not in their possession, custody, or control. Plaintiffs further object to Request No. 32 on grounds that it is unduly burdensome. Plaintiffs further object to

Request No. 32 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to Plaintiffs' family members, legal guardians, and other individuals not party to the instant litigation. Plaintiffs further object to Request No. 32 to the extent that it is unreasonably cumulative and duplicative as it calls upon Plaintiffs to reproduce documents and tangible things that have been previously produced to Defendants as part of *Texas v. Holder*, No. 12-cv-128 (D.D.C.) or is cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

**REQUEST NO. 33:**

Please produce a true and complete copy of any student identification documents issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by any high school, college, or university, whether public or private, located in the United States, a United States territory or outlying possession, or a foreign country.

**RESPONSE TO REQUEST NO. 33:**

Plaintiffs object to Request No. 33 on grounds that the term "student identification document" is vague and ambiguous and render this request overly broad. Plaintiffs further object to Request No. 33 to the extent that it seeks documents without any reasonable temporal limitation. Plaintiffs further object to Request No. 33 on grounds that it is unduly burdensome. Plaintiffs further object to Request No. 33 to the extent that it seeks documents already in the possession, custody, or control of Defendants. Plaintiffs further object to Request No. 33 to the extent that it seeks documents not in their possession, custody, or control. Plaintiffs further object to Request No. 33 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence,

including, but not limited to, documents relating to Plaintiffs' family members, legal guardians, and other individuals not party to the instant litigation. Plaintiffs further object to Request No. 33 to the extent that it is unreasonably cumulative and duplicative as it calls upon Plaintiffs to reproduce documents and tangible things that have been previously produced to Defendants as part of *Texas v. Holder*, No. 12-cv-128 (D.D.C.) or is cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Subject to and without waiving Plaintiffs' foregoing general and specific objections, Plaintiffs will produce non-privileged documents relating *only to them* within their possession, custody, or control that are responsive to Request No. 33 from January 1, 2012 to the present.

**REQUEST NO. 34:**

Please produce a true and complete copy of any report card or transcript issued to you by any high school, college, or university, whether public or private, located within the state of Texas.

**RESPONSE TO REQUEST NO. 34:**

Plaintiffs object to Request No. 34 on grounds that it is overly broad, unduly burdensome, and seeks documents without any reasonable temporal limitation. Plaintiffs further object to Request No. 34 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

Based on the foregoing general and specific objections, Plaintiffs will not produce any documents responsive to Request No. 34 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiffs. *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 35:**

Please produce a true and complete copy of any transcript issued to you by any college or university, public or private, located in the United States, a United States territory or outlying possession, or a foreign country.

**RESPONSE TO REQUEST NO. 35:**

Plaintiffs object to Request No. 35 on grounds that it is overly broad, unduly burdensome, and seeks documents without any reasonable temporal limitation.  Plaintiffs further object to Request No. 35 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

Based on the foregoing general and specific objections, Plaintiffs will not produce any documents responsive to Request No. 35 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiffs.  *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 36:**

Please produce a true and complete copy of any school records, issued to you or maintained in your name, by any school you have attended located in the United States, a United States territory or outlying possession, or a foreign country.

**RESPONSE TO REQUEST NO. 36:**

Plaintiffs object to Request No. 36 on grounds that it is overly broad, unduly burdensome, and seeks documents without any reasonable temporal limitation.  Plaintiffs further object to Request No. 36 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

Based on the foregoing general and specific objections, Plaintiffs will not produce any documents responsive to Request No. 36 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiffs.  *See* FED. R. CIV. P. 26(c).

## REQUEST NO. 37:

Please produce a true and complete copy of any mail you have received from financial institutions, including but not limited to checking, savings, investment account and credit card statements, from January 1, 2005 to the present.

## RESPONSE TO REQUEST NO. 37:

Plaintiffs object to Request No. 37 on grounds that the terms "any mail" and "financial institution" renders this request vague, ambiguous, overly broad, and unduly burdensome. Plaintiffs further object to Request No. 37 on grounds that it seeks documents without any reasonable temporal limitation.  Plaintiffs further object to Request No. 37 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs further object to Request No. 37 to the extent that it is unreasonably cumulative and duplicative as it calls upon Plaintiffs to reproduce documents and tangible things that have been previously produced to Defendants as part of *Texas v. Holder*, No. 12-cv-128 (D.D.C.) or is cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiffs will not produce any documents responsive to Request No. 37 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no

relevance, is vague and ambiguous, is overly broad, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiffs.  *See* FED. R. CIV. P. 26(c).

## REQUEST NO. 38:

Please produce a true and complete copy of any mail you have received from a federal, state, county or city government agency located in the United States or a United States territory or outlying possession, from January 1, 2005 to the present.

## RESPONSE TO REQUEST NO. 38:

Plaintiffs object to Request No. 38 on grounds that the term "any mail" renders this request overly broad, vague, ambiguous, and unduly burdensome. Plaintiffs further object to Request No. 38 on grounds that it seeks documents without any reasonable temporal limitation. Plaintiffs further object to Request No. 38 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs further object to Request No. 38 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced.  Plaintiffs further object to Request No. 38 to the extent that it is unreasonably cumulative and duplicative as it calls upon Plaintiffs to reproduce documents and tangible things that have been previously produced to Defendants as part of *Texas v. Holder*, No. 12-cv-128 (D.D.C.) or is cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiffs will not produce any documents responsive to Request No. 37 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, is vague and ambiguous, is overly broad, and is intended, among other things, to

annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiffs.  *See* FED. R. CIV.

P. 26(c).

**REQUEST NO. 39:**

Please produce a copy of any automobile payment booklet maintained by you or for you.

**RESPONSE TO REQUEST NO. 39:**

Plaintiffs object to Request No. 39 on grounds that the term "maintained by you or for

you" renders this request vague and ambiguous.  Plaintiffs further object to Request No. 39 on

grounds that it is overly broad, unduly burdensome, and seeks documents without any reasonable

temporal limitation.  Plaintiffs further object to Request No. 39 to the extent that it seeks

documents or tangible items not relevant to this litigation and not reasonably calculated to lead to

the discovery of admissible evidence.   Plaintiffs further object to Request No. 39 on grounds

that it fails to describe with reasonable particularity each item or category of items sought to be

produced.  Plaintiffs further object to Request No. 39 to the extent that it is unreasonably

cumulative and duplicative as it calls upon Plaintiffs to reproduce documents and tangible things

that have been previously produced to Defendants as part of *Texas v. Holder*, No. 12-cv-128

(D.D.C.) or is cumulative and duplicative of other requests propounded on Plaintiffs as part of

the instant litigation.

Based on the foregoing general and specific objections, Plaintiffs will not produce any

documents responsive to Request No. 39 because the request is outside the scope of the

discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no

relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an

undue burden or expense on Plaintiffs.  *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 40:**

Please produce a true and complete copy of any expired or unexpired identification document issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by any employer, public or private, located in the United States, a United States territory or outlying possession, or a foreign country.

**RESPONSE TO REQUEST NO. 40:**

Plaintiffs object to Request No. 40 on grounds that the term "expired or unexpired identification document" renders this request vague, ambiguous, and overly broad.  Plaintiffs further object to Request No. 40 to the extent that it seeks documents without any reasonable temporal limitation.  Plaintiffs further object to Request No. 40 on grounds that it is unduly burdensome.   Plaintiffs further object to Request No. 40 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced.  Plaintiffs further object to Request No. 40 to the extent that it seeks documents not in their possession, custody, or control.  Plaintiffs further object to Request No. 40 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to Plaintiffs' family members, legal guardians, and other individuals not party to the instant litigation.  Plaintiffs further object to Request No. 40 to the extent that it is unreasonably cumulative and duplicative as it calls upon Plaintiffs to reproduce documents and tangible things that have been previously produced to Defendants as part of *Texas v. Holder*, No. 12-cv-128 (D.D.C.) or is cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiffs will not produce any documents responsive to Request No. 40 because the request is outside the scope of the

discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no

relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an

undue burden or expense on Plaintiffs.  *See* FED. R. CIV. P. 26(c).

## REQUEST NO. 41:

Please produce a true and complete copy of any expired or unexpired badge issued to

you, an immediate family member, or to any individual with a direct, tangible interest in your

birth certificate, by any employer, public or private, located in the United States, a United States

territory or outlying possession, or a foreign country.

## RESPONSE TO REQUEST NO. 41:

Plaintiffs object to Request No. 41 on grounds that it is overly broad and seeks

documents without any reasonable temporal limitation.  Plaintiffs further object on grounds that

the term "badge" renders this request ambiguous.  Plaintiffs further object to Request No. 41 on

grounds that it is unduly burdensome.   Plaintiffs further object to Request No. 41 on grounds

that it fails to describe with reasonable particularity each item or category of items sought to be

produced.  Plaintiffs further object to Request No. 41 to the extent that it seeks documents

protected by common interest privilege shared by certain Plaintiffs and Plaintiffs-intervenors in

this litigation and previous litigations.  Plaintiffs further object to Request No. 41 to the extent

that it seeks documents not in their possession, custody, or control.  Plaintiffs further object to

Request No. 41 to the extent that it seeks documents or tangible items not relevant to this

litigation and not reasonably calculated to lead to the discovery of admissible evidence,

including, but not limited to, documents relating to Plaintiffs' family members, legal guardians,

and other individuals not party to the instant litigation.  Plaintiffs further object to Request No.

41 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiffs will not produce any documents responsive to Request No. 41 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiffs. *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 42:**

Please produce a true and complete copy of any I-20 Nonimmigrant Student (F-1), issued to you by the Department of Homeland Security, United States Citizenship and Immigration Services, or any agency, branch, or department of the United States government previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 42:**

Plaintiffs object to Request No. 42 on grounds that it is overly broad, unduly burdensome, and seeks documents without any reasonable temporal limitation. Plaintiffs further object to Request No. 42 to the extent that it is cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

**REQUEST NO. 43:**

Please produce a true and complete copy of any documents issued to you, which contain any Student Exchange and Visitor Information Service Number issued to you.

**RESPONSE TO REQUEST NO. 43:**

Plaintiffs object to Request No. 43 on grounds that failure to identify the issuer of such numbers renders the request overly broad, vague, ambiguous, and unduly burdensome. Plaintiffs

further object to Request No. 43 on the ground it seeks documents without any reasonable temporal limitation.  Plaintiffs further object to Request No. 43 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs further object to Request No. 43 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

## REQUEST NO. 44:

Please produce a true and complete copy of any documents issued to you, which contain any alien number, also known as an alien registration number or a United States Citizenship and Immigration Services number, issued to you.

## RESPONSE TO REQUEST NO. 44:

Plaintiffs object to Request No. 44 on grounds that it is overly broad, vague, ambiguous, and unduly burdensome.  Plaintiffs further object to Request No. 44 to the extent that it seeks documents without any reasonable temporal limitation.  Plaintiffs further object to Request No. 44 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced.  Plaintiffs further object to Request No. 44 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

## REQUEST NO. 45:

Please produce a true and complete copy of any expired or unexpired Military Service Record or Certificate of Release (DD-214), issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by the United States

Department of Defense, or any agency, branch, or department of the United States government previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 45:**

Plaintiffs object to Request No. 45 on grounds that it is overly broad, unduly burdensome, and seeks documents without any reasonable temporal limitation. Plaintiffs further object to Request No. 45 to the extent that it seeks documents not in their possession, custody, or control. Plaintiffs further object to Request No. 45 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to Plaintiffs' family members, legal guardians, and other individuals not party to the instant litigation. Plaintiffs further object to Request No. 45 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

**REQUEST NO. 46:**

Please produce a true and complete copy of your Birth Certificate, issued to you by the Texas State Bureau of Vital Statistics or equivalent agency of any United States state, county, municipality, United States territory and/or United States outlying possession, or the District of Columbia, or a Canadian province.

**RESPONSE TO REQUEST NO. 46:**

Plaintiffs object to Request No. 46 on grounds that it is unduly burdensome. Plaintiffs further object to the extent that such documents are in the possession, custody, or control of Defendant. Plaintiffs further object to Request No. 46 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Subject to and without waiving Plaintiffs' foregoing general and specific objections, Plaintiffs will produce non-privileged documents within their possession, custody, or control that are responsive to Request No. 46.

**REQUEST NO. 47:**

Please produce a true and complete copy of any United States Certification of Birth or United States Certification of Birth Abroad (Form FS-545 or FS-240), and/or Certification of Report of Birth (Form DS-1350), issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by the United States Department of State, or any agency, branch, or department of the United States government previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 47:**

Plaintiffs object to Request No. 47 on grounds that it is unduly burdensome and seeks documents without any reasonable temporal limitation. Plaintiffs further object to Request No. 47 to the extent that it seeks documents not in their possession, custody, or control. Plaintiffs further object to Request No. 47 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to Plaintiffs' family members, legal guardians, and other individuals not party to the instant litigation.

**REQUEST NO. 48:**

Please produce a true and complete copy of your Social Security Card, issued by the United States Social Security Administration.

**RESPONSE TO REQUEST NO. 48:**

Plaintiffs object to Request No. 48 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to Request No. 48 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Subject to and without waiving Plaintiffs' foregoing general and specific objections, Plaintiffs will produce non-privileged documents within their possession, custody, or control that are responsive to Request No. 48.

**REQUEST NO. 49:**

Please produce a true and complete copy of Social Security Cards issued to an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by the United States Social Security Administration.

**RESPONSE TO REQUEST NO. 49:**

Plaintiffs object to Request No. 49 on grounds unduly burdensome. Plaintiffs further object to Request No. 49 to the extent that it seeks documents not in their possession, custody, or control. Plaintiffs further object to Request No. 49 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to Plaintiffs' family members, legal guardians, and other individuals not party to the instant litigation. Plaintiffs further object to Request No. 49 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiffs will not produce any documents responsive to Request No. 49 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiffs.  *See* FED. R. CIV. P. 26(c).

## REQUEST NO. 50:

Please produce a true and complete copy of any United States citizenship papers issued to you by the United States Department of Homeland Security, United States Citizenship and Immigration Services, or any other agencies, branches, or departments of the United States government previously or now existing, or any of their successor agencies, branches, or departments.

## RESPONSE TO REQUEST NO. 50:

Plaintiffs object to Request No. 50 on grounds that it is overly broad and unduly burdensome.  Plaintiffs further object to Request 50 on grounds that the term "citizenship papers" renders the request ambiguous.  Plaintiffs further object to Request No. 50 on grounds that it is unduly burdensome.   Plaintiffs further object to Request No. 50 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced. Plaintiffs further object to Request No. 50 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiffs will not produce any documents responsive to Request No. 50 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an

undue burden or expense on Plaintiffs.  *See* FED. R. CIV. P. 26(c).  Notwithstanding and without

waiving Plaintiffs' foregoing general and specific objections, Plaintiffs represents that they do

not have any non-privileged documents within their possession, custody, or control that are

responsive to Request No. 50.

## REQUEST NO. 51:

Please produce a true and complete copy of any United States naturalization papers

issued to you by the United States Department of Homeland Security, United States Citizenship

and Immigration services, or any other agencies, branches, or departments of the United States

government previously or now existing, or any of their successor agencies, branches, or

departments.

## RESPONSE TO REQUEST NO. 51:

Plaintiffs object to Request No. 51 on grounds that it is unduly burdensome.   Plaintiffs

further object to Request No. 51 on grounds that it fails to describe with reasonable particularity

each item or category of items sought to be produced.  Plaintiffs further object to Request No. 51

to the extent that it is unreasonably cumulative and duplicative of other requests propounded on

Plaintiffs as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiffs will not produce any

documents responsive to Request No. 51 because the request is outside the scope of the

discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no

relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an

undue burden or expense on Plaintiffs.  *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 52:**

Please produce a true and complete copy of any Decree of Divorce in a divorce proceeding to which you were a party, issued by any court located within the United States, any United States territory or outlying possession, or the District of Columbia, or in any foreign jurisdiction, and any certified translation of any foreign language document responsive to this Discovery Request.

**RESPONSE TO REQUEST NO. 52:**

Plaintiffs object to Request No. 52 on grounds that it is overly broad.  Plaintiffs further object to Request No. 52 to the extent that it seeks documents without any reasonable temporal limitation.  Plaintiffs further object to Request No. 52 on grounds that it is unduly burdensome. Plaintiffs further object to Request No. 52 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs further object to Request No. 52 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiffs will not produce any documents responsive to Request No. 52 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiffs.  *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 53:**

Please produce a true and complete copy of any order, issued by any court within the United States, a United States territory or outlying possession, the District of Columbia, or a Canadian province, which reflects a change of your legal name and/or gender.

**RESPONSE TO REQUEST NO. 53:**

Plaintiffs object to Request No. 53 on grounds that it is overly broad and unduly burdensome. Plaintiffs further object to Request No. 53 to the extent that it seeks documents without any reasonable temporal limitation. Plaintiffs further object to Request No. 53 to the extent that it seeks documents that are publicly available or obtainable from some other source that is less burdensome or less expensive. Plaintiffs further object to Request No. 53 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to Request No. 53 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

**REQUEST NO. 54:**

Please produce a true and complete copy of the title and/or registration to any motor vehicle or boat that you have owned for any period of time since 2005.

**RESPONSE TO REQUEST NO. 54:**

Plaintiffs object to Request No. 54 on grounds that it is overly broad. Plaintiffs further object to Request No. 54 on grounds that it is unduly burdensome. Plaintiffs further object to Request No. 54 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs further object to Request No. 54 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

**REQUEST NO. 55:**

Please produce a true and complete copy of any automobile insurance policies and/or automobile insurance statement issued to you, for motor vehicles that you have owned for any period of time since 2005.

**RESPONSE TO REQUEST NO. 55:**

Plaintiffs object to Request No. 55 on grounds that it is overly broad, vague, and ambiguous. Plaintiffs further object to Request No. 55 on grounds that it is unduly burdensome. Plaintiffs further object to Request No. 55 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to Request No. 55 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiffs will not produce any documents responsive to Request No. 55 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiffs. *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 56:**

Please produce a true and complete copy of any document representing proof of financial responsibility to operate a motor vehicle that has been provided to you by any insurance company since 2005.

**RESPONSE TO REQUEST NO. 56:**

Plaintiffs object to Request No. 56 on grounds that it is overly broad, vague, and unduly burdensome.  Plaintiffs further object to Request No. 56 on grounds that the term "financial responsibility" renders the request ambiguous.  Plaintiffs further object to Request No. 56 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced.  Plaintiffs further object to Request No. 56 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs further object to Request No. 56 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiffs will not produce any documents responsive to Request No. 56 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiffs.  *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 57:**

Please produce a true and complete copy of any professional license issued to you by any agency, department or commission of the state of Texas.

**RESPONSE TO REQUEST NO. 57:**

Plaintiffs object to Request No. 57 on grounds that it is overly broad, vague, and unduly burdensome.  Plaintiffs further object to Request No. 57 to the extent that it seeks documents without any reasonable temporal limitation.  Plaintiffs further object to Request No. 57 on grounds that the term "professional license" renders the request ambiguous.  Plaintiffs further

object to Request No. 57 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced. Plaintiffs further object to Request No. 57 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to Request No. 57 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiffs will not produce any documents responsive to Request No. 57 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiffs. *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 58:**

Please produce a true and complete copy of any Medicare card issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate by the United States Department of Health and Human Services, or any other agencies, branches, or departments of the United States government, previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 58:**

Plaintiffs object to Request No. 58 to the extent that it seeks documents without any reasonable temporal limitation. Plaintiffs further object to Request No. 58 on grounds that it is unduly burdensome. Plaintiffs further object to Request No. 58 to the extent that it seeks documents not in their possession, custody, or control. Plaintiffs further object to Request No. 58 to the extent that it seeks documents or tangible items not relevant to this litigation and not

reasonably calculated to lead to the discovery of admissible evidence, including, but not limited

to, documents relating to Plaintiffs' family members, legal guardians, and other individuals not

party to the instant litigation.  Plaintiffs further object to Request No. 58 to the extent that it is

unreasonably cumulative and duplicative of other requests propounded on Plaintiffs as part of the

instant litigation.

Based on the foregoing general and specific objections, Plaintiffs will not produce any

documents responsive to Request No. 58 because the request is outside the scope of the

discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no

relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an

undue burden or expense on Plaintiffs.  *See* FED. R. CIV. P. 26(c).

## REQUEST NO. 59:

Please produce a true and complete copy of any Medicaid card issued to you, an

immediate family member, or to any individual with a direct, tangible interest in your birth

certificate by the Texas Health and Human Services Commission, or any other agencies,

branches, or departments of the government of the state of Texas, or an equivalent agency,

branch, or department in any United States state, United States territory or outlying possession,

or the District of Columbia, other than Texas, previously or now existing, or any of their

successor agencies, branches, or departments.

## RESPONSE TO REQUEST NO. 59:

Plaintiffs object to Request No. 59 to the extent that it seeks documents without any

reasonable temporal limitation.  Plaintiffs further object to Request No. 59 on grounds that it is

unduly burdensome.  Plaintiffs further object to Request No. 59 to the extent that it seeks

documents not in their possession, custody, or control.  Plaintiffs further object to Request No.

59 on grounds that it is overly broad and seeks documents or tangible items not relevant to this

litigation and not reasonably calculated to lead to the discovery of admissible evidence,

including, but not limited to, documents relating to Plaintiffs' family members, legal guardians,

and other individuals not party to the instant litigation.  Plaintiffs further object to Request No.

59 to the extent that it is unreasonably cumulative and duplicative of other requests propounded

on Plaintiffs as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiffs will not produce any

documents responsive to Request No. 59 because the request is outside the scope of the

discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no

relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an

undue burden or expense on Plaintiffs.  *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 60:**

Please produce a true and complete copy of any Selective Service card issued to you by

the United States Selective Service System, or any other agencies, branches, or departments of

the United States government, previously or now existing, or any of their successor agencies,

branches, or departments.

**RESPONSE TO REQUEST NO. 60:**

Plaintiffs object to Request No. 60 on grounds that it is overly broad.  Plaintiffs further

object to Request No. 60 to the extent that it seeks documents without any reasonable temporal

limitation.  Plaintiffs further object to Request No. 60 to the extent that it seeks documents or

tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery

of admissible evidence.  Plaintiffs further object to Request No. 60 to the extent that it is

unreasonably cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

**REQUEST NO. 61:**

Please produce a true and complete copy of any records reflecting immunizations you have received, issued by any entity from a United States state, territory or outlying possession, District of Columbia, or a Canadian province.

**RESPONSE TO REQUEST NO. 61:**

Plaintiffs object to Request No. 61 on grounds that it is overly broad, vague, and unduly burdensome. Plaintiffs further object to Request No. 61 to the extent that it seeks documents without any reasonable temporal limitation. Plaintiffs further object to Request No. 61 on grounds that the term "immunizations" renders this request ambiguous. Plaintiffs further object to Request No. 61 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced. Plaintiffs further object to Request No. 61 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to Request No. 61 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation. Plaintiffs further object to Request No. 61 to the extent that it impinges upon physician-patient privilege.

Based on the foregoing general and specific objections, Plaintiffs will not produce any documents responsive to Request No. 61 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiffs. *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 62:**

Please produce a true and complete copy of any tribal membership card that you hold from a tribe recognized by the government of the United States.

**RESPONSE TO REQUEST NO. 62:**

Plaintiffs object to Request No. 62 to the extent that it seeks documents without any reasonable temporal limitation.  Plaintiffs further object to Request No. 62 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs further object to Request No. 62 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

**REQUEST NO. 63:**

Please produce a true and complete copy of any Certificate of Degree of Indian or Alaska Native Blood, issued to you by the United States Bureau of Indian Affairs, or any other agencies, branches, or departments of the United States government, previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 63:**

Plaintiffs object to Request No. 63 to the extent that it seeks documents without any reasonable temporal limitation.  Plaintiffs further object to Request No. 63 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs further object to Request No. 63 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

**REQUEST NO. 64:**

Please produce a true and complete copy of any American Indian Card (Form I-872), issued to you by the Department of Homeland Security, United States Citizenship and Immigration Services, or any other agencies, branches, or departments of the United States government, previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 64:**

Plaintiffs object to Request No. 64 to the extent that it seeks documents without any reasonable temporal limitation.  Plaintiffs further object to Request No. 64 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs further object to Request No. 64 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

**REQUEST NO. 65:**

Please produce a true and complete copy of any Northern Mariana Card (Form I-873), issued to you by the Department of Homeland Security, United States Citizenship and Immigration Services, or any other agencies, branches, or departments of the United States government, previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 65:**

Plaintiffs object to Request No. 65 to the extent that it seeks documents without any reasonable temporal limitation.  Plaintiffs further object to Request No. 65 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to

lead to the discovery of admissible evidence.  Plaintiffs further object to Request No. 65 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

**REQUEST NO. 66:**

Please produce a true and complete copy of any Veteran's Administration Card or Veteran's Affairs Card issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by the United States Department of Veterans Affairs, or any other agencies, branches, or departments of the United States government, previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 66:**

Plaintiffs object to Request No. 66 on grounds that it is overly broad.  Plaintiffs further object to Request No. 66 to the extent that it seeks documents without any reasonable temporal limitation.  Plaintiffs further object to Request No. 66 on grounds that it is unduly burdensome. Plaintiffs further object to Request No. 66 to the extent that it seeks documents not in their possession, custody, or control.  Plaintiffs further object to Request No. 66 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to Plaintiffs' family members, legal guardians, and other individuals not party to the instant litigation.  Plaintiffs further object to Request No. 66 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

**REQUEST NO. 67:**

Please produce a true and complete copy of your hospital-issued birth record, issued to you by a hospital located in any United States state, United States territory or outlying possession, District of Columbia, or Canadian province.

**RESPONSE TO REQUEST NO. 67:**

Plaintiffs object to Request No. 67 on grounds that the term "birth record" renders this request overly broad, vague, and ambiguous. Plaintiffs further object to Request No. 67 on grounds that it is unduly burdensome. Plaintiffs further object to Request No. 67 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced. Plaintiffs further object to Request No. 67 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to Request No. 67 to the extent that it is unreasonably cumulative and duplicative as it calls upon Plaintiffs to reproduce documents and tangible things that have been previously produced to Defendants as part of *Texas v. Holder*, No. 12-cv-128 (D.D.C.) or is cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Subject to and without waiving Plaintiffs' foregoing general and specific objections, Plaintiffs will produce non-privileged documents within their possession, custody, or control that are responsive to Request No. 67.

**REQUEST NO. 68:**

Please produce a copy of any Peace officer's license issued to you by the Texas Commission on Law Enforcement Officer Standards and Education, also known as TCLEOSE,

or any other agency or department of the state of Texas, previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 68:**

Plaintiffs object to Request No. 68 on grounds that it is overly broad and seeks documents without any reasonable temporal limitation.  Plaintiffs further object to Request No. 68 to the extent that it seeks documents already in the possession, custody, or control of Defendants.  Plaintiffs further object to Request No. 68 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs further object to Request No. 68 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

**REQUEST NO. 69:**

Please produce a true and complete copy of any marriage license or licenses issued to you by any agency or department in any United States state, United States territory or outlying possession, the District of Columbia, or any foreign country, and any certified translation of any foreign language documents responsive to this Discovery Request.

**RESPONSE TO REQUEST NO. 69:**

Plaintiffs further object to Request No. 69 to the extent that it seeks documents without any reasonable temporal limitation.  Plaintiffs further object to Request No. 69 to the extent that it seeks documents that are publicly available or obtainable from some other source that is less burdensome or less expensive.  Plaintiffs further object to Request No. 69 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs further object to Request No. 69 to the

extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

**REQUEST NO. 70:**

Please produce a true and complete copy of any insurance policy that you have held for at least two years.

**RESPONSE TO REQUEST NO. 70:**

Plaintiffs object to Request No. 70 on grounds that the term "insurance policy" renders the request overly broad, vague, and ambiguous. Plaintiffs further object to Request No. 70 on grounds that it is unduly burdensome. Plaintiffs further object to Request No. 70 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced. Plaintiffs further object to Request No. 70 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to Request No. 70 to the extent that it is unreasonably cumulative and duplicative as it calls upon Plaintiffs to reproduce documents and tangible things that have been previously produced to Defendants as part of *Texas v. Holder*, No. 12-cv-128 (D.D.C.) or is cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiffs will not produce any documents responsive to Request No. 70 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiffs. *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 71:**

Please produce a true and complete copy of any homeowner's or renter's insurance policy or homeowner's or renter's insurance statement issued to you.

**RESPONSE TO REQUEST NO. 71:**

Plaintiffs object to Request No. 71 on grounds that it is unduly burdensome and seeks documents without any reasonable temporal limitation.  Plaintiffs further object to Request No. 71 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced.  Plaintiffs further object to Request No. 71 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs further object to Request No. 71 to the extent that it is unreasonably cumulative and duplicative as it calls upon Plaintiffs to reproduce documents and tangible things that have been previously produced to Defendants as part of *Texas v. Holder*, No. 12-cv-128 (D.D.C.) or is cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiffs will not produce any documents responsive to Request No. 71 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiffs.  *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 72:**

Please produce a true and complete copy of any military records or any other documents, issued to you or maintained in your name by any branch of the United States Military Services and/or the United States Department of the Defense, or any other agencies, branches, or

departments of the United States government, or any agencies, branches, or departments of any foreign government, previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 72:**

Plaintiffs object to Request No. 72 on grounds that the terms "military records" and "maintained in your name" render the request overly broad, vague, ambiguous, and unduly burdensome. Plaintiffs further object to Request No. 72 to the extent that it seeks documents without any reasonable temporal limitation. Plaintiffs further object to Request No. 72 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced. Plaintiffs further object to Request No. 72 to the extent that it seeks documents not in their possession, custody, or control. Plaintiffs further object to Request No. 72 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to Request No. 72 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

**REQUEST NO. 73:**

Please produce a true and complete copy of any expired or unexpired military dependent identification card, issued to you by any branch of the United States Military Services and/or the United States Department of the Defense, or any other agencies, branches, or departments of the United States government, previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 73:**

Plaintiffs further object to Request No. 73 to the extent that it seeks documents without any reasonable temporal limitation.  Plaintiffs further object to Request No. 73 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs further object to Request No. 73 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

**REQUEST NO. 74:**

Please produce a true and complete copy of any expired or unexpired pilot's license issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by the United States Federal Aviation Administration, or the equivalent civil aviation authority of Canada, or any other agencies, branches, or departments of the United States government, or of the Canadian government, previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 74:**

Plaintiffs object to Request No. 74 on grounds that it is overly broad.  Plaintiffs further object to Request No. 74 to the extent that it seeks documents without any reasonable temporal limitation.  Plaintiffs further object to Request No. 74 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to Plaintiffs' family members, legal guardians, and other individuals not party to the instant litigation.  Plaintiffs further object to Request No. 74 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiffs will not produce any documents responsive to Request No. 74 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiffs. *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 75:**

Please produce a true and complete copy of any United States Federal Income Tax Form W-2 or Form 1099 issued to you.

**RESPONSE TO REQUEST NO. 75:**

Plaintiffs object to Request No. 75 on grounds that it is unduly burdensome and seeks documents without any reasonable temporal limitation.  Plaintiffs further object to Request No. 75 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs further object to Request No. 75 to the extent that it is unreasonably cumulative and duplicative as it calls upon Plaintiffs to reproduce documents and tangible things that have been previously produced to Defendants as part of *Texas v. Holder*, No. 12-cv-128 (D.D.C.) or is cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiffs will not produce any documents responsive to Request No. 75 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiffs. *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 76:**

Please produce a true and complete copy of any NUMIDENT record issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by the United States Social Security Administration.

**RESPONSE TO REQUEST NO. 76:**

Plaintiffs object to Request No. 76 on grounds that it is overly broad and seeks documents without any reasonable temporal limitation.  Plaintiffs further object to Request No. 76 to the extent that it seeks documents not in their possession, custody, or control.  Plaintiffs further object to Request No. 76 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to Plaintiffs' family members, legal guardians, and other individuals not party to the instant litigation.  Plaintiffs further object to Request No. 76 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiffs will not produce any documents responsive to Request No. 76 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiffs.  *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 77:**

Please produce a true and complete copy of any NUMILITE Letter issued to you by the United States Social Security Administration.

**RESPONSE TO REQUEST NO. 77:**

Plaintiffs object to Request No. 77 on grounds that it seeks documents without any reasonable temporal limitation. Plaintiffs further object to Request No. 77 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to Request No. 77 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiffs will not produce any documents responsive to Request No. 77 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiffs. *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 78:**

Please produce a true and complete copy of any expired or unexpired offender identification card or any similar form of identification issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by the Texas Department of Criminal Justice.

**RESPONSE TO REQUEST NO. 78:**

Plaintiffs object to Request No. 78 on grounds that the term "offender identification card" and phrase "any similar form of identification" render this request overly broad, vague, and ambiguous. Plaintiffs further object to Request No. 78 to the extent that it seeks documents without any reasonable temporal limitation. Plaintiffs further object to Request No. 78 to the extent that it seeks documents not in their possession, custody, or control. Plaintiffs further

object to Request No. 78 to the extent that it is overly broad and seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to Plaintiffs' family members, legal guardians, and other individuals not party to the instant litigation.  Plaintiffs further object to Request No. 78 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiffs will not produce any documents responsive to Request No. 78 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiffs.  *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 79:**

Please produce a true and complete copy of any expired or unexpired parole or mandatory release certificate, and/or other document relating to any parole or release of you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by the Texas Department of Criminal Justice.

**RESPONSE TO REQUEST NO. 79:**

Plaintiffs object to Request No. 79 on grounds that the phrase "and/or other document" renders this request overly broad, vague, and ambiguous.  Plaintiffs further object to Request No. 79 to the extent that it seeks documents without any reasonable temporal limitation.  Plaintiffs further object to Request No. 79 to the extent that it seeks documents already in the possession, custody, or control of Defendants.  Plaintiffs further object to Request No. 79 to the extent that it seeks documents not in their possession, custody, or control.  Plaintiffs further object to Request

No. 79 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to Plaintiffs' family members, legal guardians, and other individuals not party to the instant litigation.  Plaintiffs further object to Request No. 79 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiffs will not produce any documents responsive to Request No. 79 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiffs.  *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 80:**

Please produce a copy of any expired or unexpired medical or health card, and/or medical or health insurance card, issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate.

**RESPONSE TO REQUEST NO. 80:**

Plaintiffs further object to Request No. 80 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced. Plaintiffs further object to Request No. 80 to the extent that it seeks documents without any reasonable temporal limitation. Plaintiffs further object to Request No. 80 to the extent that it is unduly burdensome. Plaintiffs to further object to Request No. 80 to the extent that it seeks documents not in their possession, custody, or control.  Plaintiffs further object to Request No. 80 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to

lead to the discovery of admissible evidence, including, but not limited to, documents relating to Plaintiffs' family members, legal guardians, and other individuals not party to the instant litigation.  Plaintiffs further object to Request No. 80 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiffs will not produce any documents responsive to Request No. 80 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiffs.  *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 81:**

Please produce a true and complete copy of any expired or unexpired federal inmate identification card issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by the United States Federal Bureau of Prisons or any other agencies, branches, or departments of the United States government, previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 81:**

Plaintiffs object to Request No. 81 to the extent that it is unduly burdensome and seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to Plaintiffs' family members, legal guardians, and other individuals not party to the instant litigation.  Plaintiffs further object to Request No. 81 to the extent that it is unreasonably

cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiffs will not produce any documents responsive to Request No. 81 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiffs.  *See* FED. R. CIV. P. 26(c).

## REQUEST NO. 82:

Please produce a true and complete copy of any federal parole or release certificate, including, but not limited to, Form I-512 or I-512L, issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by the United States Federal Bureau of Prisons or any other agencies, branches, or departments of the United States government, previously or now existing, or any of their successor agencies, branches, or departments.

## RESPONSE TO REQUEST NO. 82:

Plaintiffs object to Request No. 82 to the extent that it is unduly burdensome and seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to Plaintiffs' family members, legal guardians, and other individuals not party to the instant litigation.  Plaintiffs further object to Request No. 82 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiffs will not produce any documents responsive to Request No. 82 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiffs. *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 83:**

Please produce a true and complete copy of any Form I-9, issued by the United States Department of Homeland Security, United States Citizenship and Immigration Services, or any other agencies, branches, or departments of the United States government, previously or now existing, or any of their successor agencies, branches, or departments, and completed by or submitted to any employer by you.

**RESPONSE TO REQUEST NO. 83:**

Plaintiffs object to Request No. 83 to the extent that it seeks documents without any reasonable temporal limitation. Plaintiffs further object to Request No. 83 on grounds that the term "completed by [] any employer" renders this request unduly burdensome. Plaintiffs further object to Request No. 83 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to Request No. 83 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiffs will not produce any documents responsive to Request No. 83 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no

relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiffs. *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 84:**

Please produce true and complete copies of any Permanent Resident Card or Alien Registration Receipt Card (Form I-551), issued to you by the United States Department of Homeland Security, United States Citizenship and Immigration Services, or any other agencies, branches, or departments of the United States government, previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 84:**

Plaintiffs object to Request No. 84 to the extent that it seeks documents without any reasonable temporal limitation. Plaintiffs further object to Request No. 84 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to Request No. 84 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiffs will not produce any documents responsive to Request No. 84 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiffs. *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 85:**

Please produce true and complete copies of any expired or unexpired Temporary I-551 (immigrant visa endorsed with additional stamp), and/or Machine Readable Immigrant Visa, issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by the United States Department of State, Bureau of Consular Affairs, United States Department of Homeland Security, United States Citizenship and Immigration Services, or any other agencies, branches, or departments of the United States government, previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 85:**

Plaintiffs further object to Request No. 85 to the extent that it seeks documents not in their possession, custody, or control. Plaintiffs further object to Request No. 85 to the extent that it is unduly burdensome and seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to Plaintiffs' family members, legal guardians, and other individuals not party to the instant litigation. Plaintiffs further object to Request No. 85 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiffs will not produce any documents responsive to Request No. 85 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiffs. *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 86:**

Please produce a true and complete copy of any document relating to the Visa Waiver Program administered by the United States Department of State, issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate.

**RESPONSE TO REQUEST NO. 86:**

Plaintiffs object to Request No. 86 on the ground that the term "any document" renders this request overly broad and unduly burdensome. Plaintiffs further object to Request No. 86 to the extent that it seeks documents not in their possession, custody, or control. Plaintiffs further object to Request No. 86 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to Plaintiffs' family members, legal guardians, and other individuals not party to the instant litigation. Plaintiffs further object to Request No. 86 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiffs will not produce any documents responsive to Request No. 86 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiffs. *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 87:**

Please produce a true and complete copy of any DL2019-Exchange Visitor (J-1) Certificate, or any other letter or document from a J-1 nonimmigrant student's Responsible Officer, issued to you by the United States Department of Homeland Security, United States

Citizenship and Immigration Services, or any other agencies, branches, or departments of the United States government, previously or now existing, or any of their successor agencies, branches, or departments.

## RESPONSE TO REQUEST NO. 87:

Plaintiffs object to Request No. 87 to the extent that it seeks documents not in their possession, custody, or control.  Plaintiffs further object to Request No. 87 to the extent that it is overly broad and seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs further object to Request No. 87 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiffs will not produce any documents responsive to Request No. 87 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiffs.  *See* FED. R. CIV. P. 26(c).

## REQUEST NO. 88:

Please produce a true and complete copy of any passport issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by any agency, department, or branch of the government of any foreign country, including, but not limited to, the Commonwealth of the Northern Mariana Islands, the Federated States of Micronesia, or the Republic of the Marshall Islands.

**RESPONSE TO REQUEST NO. 88:**

Plaintiffs object to Request No. 88 on grounds that it seeks documents without any reasonable temporal limitation.  Plaintiffs further object to Request No. 88 to the extent that it seeks documents not in their possession, custody, or control.  Plaintiffs further object to Request No. 88 to the extent that it is unduly burdensome and seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to Plaintiffs' family members, legal guardians, and other individuals not party to the instant litigation.  Plaintiffs further object to Request No. 88 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Subject to and without waiving Plaintiffs' foregoing general and specific objections, Plaintiffs will produce non-privileged documents related *only to them* within their possession, custody, or control that are responsive to Request No. 88 from January 1, 2012 to the present.

**REQUEST NO. 89:**

Please produce a true and complete copy of any visa, expired or unexpired, issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by the United States Department of Homeland Security, United States Citizenship and Immigration Services, United States Department of State, Bureau of Consular Affairs, or any other agencies, branches, or departments of the United States government, previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 89:**

Plaintiffs object to Request No. 89 on grounds that it seeks documents without any reasonable temporal limitation.  Plaintiffs further object to Request No. 89 on grounds that it

fails to describe with reasonable particularity each item or category of items sought to be produced.  Plaintiffs further object to Request No. 89 to the extent that it seeks documents not in their possession, custody, or control.  Plaintiffs further object to Request No. 89 on the ground that it is unduly burdensome and that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to Plaintiffs' family members, legal guardians, and other individuals not party to the instant litigation.  Plaintiffs further object to Request No. 89 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiffs will not produce any documents responsive to Request No. 89 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiffs.  *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 90:**

Please produce a true and complete copy of any Arrival/Departure Report (Form I-94 or Form-I-94A) issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate by the United States Department of Homeland Security, United States Citizenship and Immigration Services, or any other agencies, branches, or departments of the United States government, previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 90:**

Plaintiffs object to Request No. 90 on grounds that it seeks documents without any reasonable temporal limitation. Plaintiffs further object to Request No. 90 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced. Plaintiffs further object to Request No. 90 to the extent that it seeks documents not in their possession, custody, or control. Plaintiffs further object to Request No. 90 to the extent that it is unduly burdensome and seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to Plaintiffs' family members, legal guardians, and other individuals not party to the instant litigation. Plaintiffs further object to Request No. 90 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiffs will not produce any documents responsive to Request No. 90 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiffs. *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 91:**

Please produce a true and complete copy of any expired or unexpired Employment Authorization Document, also known as an Employment Authorization Card, containing a photograph (Form I-766), issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by the Department of Homeland Security, U.S. Citizenship and Immigration Services, or any other agency, branch, or department of the United

States government, previously or now existing, or any of their successor agencies, branches, or

departments.

**RESPONSE TO REQUEST NO. 91:**

Plaintiffs object to Request No. 91 on grounds that seek documents without any relevant

temporal limitation.  Plaintiffs further object to Request No. 91 on grounds that it fails to

describe with reasonable particularity each item or category of items sought to be produced.

Plaintiffs further object to Request No. 91 to the extent that it seeks documents not in their

possession, custody, or control.  Plaintiffs further object to Request No. 91 to the extent that it

unduly burdensome and seeks documents or tangible items not relevant to this litigation and not

reasonably calculated to lead to the discovery of admissible evidence, including, but not limited

to, documents relating to Plaintiffs' family members, legal guardians, and other individuals not

party to the instant litigation.  Plaintiffs further object to Request No. 91 to the extent that it is

unreasonably cumulative and duplicative of other requests propounded on Plaintiffs as part of the

instant litigation.

Based on the foregoing general and specific objections, Plaintiffs will not produce any

documents responsive to Request No. 91 because the request is outside the scope of the

discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no

relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an

undue burden or expense on Plaintiffs.  *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 92:**

Please produce a true and complete copy of any draft record issued to you or maintained

for you by the United States Selective Service, any branch of the United States Military Services,

and/or the United States Department of the Defense, or any other agencies, branches, or

departments of the United States government previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 92:**

Plaintiffs object to Request No. 92 on grounds that the terms "draft record" and "maintained for you" render this request overly broad and unduly burdensome. Plaintiffs further object to Request No. 92 to the extent that it seeks documents not in their possession, custody, or control. Plaintiffs further object to Request No. 92 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to Request No. 92 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

**REQUEST NO. 93:**

Please produce a true and complete copy of any United States Coast Guard Merchant Mariners Document Card, issued to you by the United States Coast Guard.

**RESPONSE TO REQUEST NO. 93:**

Plaintiffs further object to Request No. 93 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to Request No. 93 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

**REQUEST NO. 94:**

Please produce a true and complete copy of any Native American tribal document issued to you.

**RESPONSE TO REQUEST NO. 94:**

Plaintiffs object to Request No. 94 on the ground that "any Native American tribal document" renders this request overly broad. Plaintiffs further object to Request No. 94 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced. Plaintiffs further object to Request No. 94 to the extent that it seeks documents not in their possession, custody, or control. Plaintiffs further object to Request No. 94 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to Request No. 94 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

**REQUEST NO. 95:**

Please produce a true and complete copy of any Identification Card for Use of Resident Citizen in the United States (Form I-179 or Form I-197), issued to you by the United States Department of Justice, Immigration and Naturalization Service, or any other agency, branch, or department of the United States government previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 95:**

Plaintiffs object to Request No. 95 to the extent that it seeks documents not in their possession, custody, or control. Plaintiffs further object to Request No. 85 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to Request No. 95 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiffs will not produce any documents responsive to Request No. 95 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiffs.  *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 96:**

Please produce a true and complete copy of any expired or unexpired employment authorization document issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by the United States Department of Homeland Security, United States Citizenship and Immigration Services, or any other agency, branch, or department of the United States government previously or now existing, or any of their successor agencies, branches, or departments. Such documents include, but are not limited to (1) any Form I-94 (issued to an asylee or work-authorized nonimmigrant because of their immigration status); (2) any unexpired Reentry Permit/U.S. Travel Document (Form I-327 or I-571); (3) any Certificate of United States Citizenship (Form N-560 or N-561); (4) any Certificate of Naturalization (Form N-550 or N-570), (5) Form I-797; or (6) Form I-551, also known as a "Green Card."

**RESPONSE TO REQUEST NO. 96:**

Plaintiffs further object to Request No. 96 to the extent that it seeks documents not in their possession, custody, or control.  Plaintiffs further object to Request No. 96 to the extent that it is unduly burdensome and seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to Plaintiffs' family members, legal guardians, and other

individuals not party to the instant litigation.  Plaintiffs further object to Request No. 96 to the

extent that it is unreasonably cumulative and duplicative of other requests propounded on

Plaintiffs as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiffs will not produce any

documents responsive to Request No. 96 because the request is outside the scope of the

discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no

relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an

undue burden or expense on Plaintiffs.  *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 97:**

Please produce a true and complete copy of any Temporary Resident Alien Card (I-688),

issued to you by the United States Department of Homeland Security, United States Citizenship

and Immigration Services, or any other agency, branch, or department of the United States

government previously or now existing, or any of their successor agencies, branches, or

departments.

**RESPONSE TO REQUEST NO. 97:**

Plaintiffs further object to Request No. 97 to the extent that it seeks documents or

tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery

of admissible evidence.  Plaintiffs further object to Request No. 97 to the extent that it is

unreasonably cumulative and duplicative of other requests propounded on Plaintiffs as part of the

instant litigation.

Based on the foregoing general and specific objections, Plaintiffs will not produce any

documents responsive to Request No. 97 because the request is outside the scope of the

discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no

relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiffs. *See* FED. R. CIV. P. 26(c).

## REQUEST NO. 98:

Please produce a true and complete copy of any expired or unexpired document issued to you by the United States Department of Homeland Security, United States Citizenship and Immigration Services, or any other agency, branch, or department of the United States government previously or now existing, or any of their successor agencies, branches, or departments, not previously encompassed by these requests.

## RESPONSE TO REQUEST NO. 98:

Plaintiffs object to Request No. 98 on grounds it is overly broad, vague, and ambiguous. Plaintiffs further object to Request No. 98 to the extent that it seeks documents without any reasonable temporal limitation. Plaintiffs further object to Request No. 98 on grounds that it is unduly burdensome. Plaintiffs further object to Request No. 98 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced. Plaintiffs further object to Request No. 98 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

Based on the foregoing general and specific objections, Plaintiffs will not produce any documents responsive to Request No. 98 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiffs. *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 99:**

Please produce a true and complete copy of any federal and state tax returns you have filed from January 1, 2005 to the present.

**RESPONSE TO REQUEST NO. 99:**

Plaintiffs object to Request No. 99 to the extent that it is unduly burdensome and seeks documents without any reasonable temporal limitation.  Plaintiffs further object to Request No. 99 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

Based on the foregoing general and specific objections, Plaintiffs will not produce any documents responsive to Request No. 99 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiffs.  *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 100:**

Please produce a true and complete copy of any utility bills (including electric, water, natural gas, satellite television, cable television or noncellular phone bill) paid by you and/or sent to your attention from January 1, 2005 to the present.

**RESPONSE TO REQUEST NO. 100:**

Plaintiffs object to Request No. 100 on grounds that it is overly broad and seeks documents without any reasonable temporal limitation.  Plaintiffs further object to Request No. 100 on grounds that it is unduly burdensome.  Plaintiffs further object to Request No. 100 to the extent that it seeks documents not in their possession, custody, or control.  Plaintiffs further object to Request No. 100 to the extent that it seeks documents or tangible items not relevant to

this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to Request No. 100 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiffs will not produce any documents responsive to Request No. 100 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiffs. *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 101:**

Please produce a true and complete copy of any pay stubs or pre-printed paycheck, received by you from January 1, 2005 to the present.

**RESPONSE TO REQUEST NO. 101:**

Plaintiffs object to Request No. 101 on grounds that it is overly broad and seeks documents without any reasonable temporal limitation. Plaintiffs further object to Request No. 101 on grounds that it is unduly burdensome. Plaintiffs further object to Request No. 101 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced. Plaintiffs further object to Request No. 101 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to Request No. 101 to the extent that it is unreasonably cumulative and duplicative as it calls upon Plaintiffs to reproduce documents and tangible things that have been previously produced to Defendants as part of *Texas v. Holder*, No. 12-cv-128  and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiffs will not produce any documents responsive to Request No. 101 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiffs.  *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 102:**

Please produce a true and complete copy of any residential rental/lease agreement to which you are or were a party, dated from January 1, 2005 to the present.

**RESPONSE TO REQUEST NO. 102:**

Plaintiffs further object to Request No. 102 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced.  Plaintiffs further object to Request No. 102 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to Request No. 102 to the extent that it is unreasonably cumulative and duplicative as it calls upon Plaintiffs to reproduce documents and tangible things that have been previously produced to Defendants as part of *Texas v. Holder*, No. 12-cv-128  and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiffs will not produce any documents responsive to Request No. 102 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiffs.  *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 103:**

Please produce a true and complete copy of deed, mortgage, monthly mortgage statement, or mortgage payment booklet, to which you are or were a party or which was addressed to you, dated from January 1, 2005 to the present.

**RESPONSE TO REQUEST NO. 103:**

Plaintiffs further object to Request No. 103 to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs further object to Request No. 103 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiffs will not produce any documents responsive to Request No. 103 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiffs.  *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 104:**

Please produce a true and complete copy of any job application you submitted to any employer between January 1, 2005 and the present.

**RESPONSE TO REQUEST NO. 104:**

Plaintiffs object to Request No. 104 on grounds that it is overly broad and seeks documents without any reasonable temporal limitation.  Plaintiffs further object to Request No. 104 on grounds that it is unduly burdensome.  Plaintiffs further object to Request No. 104 on grounds that it fails to describe with reasonable particularity each item or category of items

sought to be produced.  Plaintiffs further object to Request No. 104 to the extent that it seeks

documents or tangible items not relevant to this litigation and not reasonably calculated to lead to

the discovery of admissible evidence.  Plaintiffs further object to Request No. 104 to the extent

that it is unreasonably cumulative and duplicative as it calls upon Plaintiffs to reproduce

documents and tangible things that have been previously produced to Defendants as part of

*Texas v. Holder*, No. 12-cv-128 (D.D.C.) or is cumulative and duplicative of other requests

propounded on Plaintiffs as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiffs will not produce any

documents responsive to Request No. 104 because the request is outside the scope of the

discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no

relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an

undue burden or expense on Plaintiffs.  *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 105:**

Please produce a true and complete copy of any Form DS-2019, issued to you by the

United States Department of Homeland Security, United States Citizenship and Immigration

Services, or any other agency, branch, or department of the United States government previously

or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 105:**

Plaintiffs object to Request No. 105 on grounds that it seeks documents without any

reasonable temporal limitation.  Plaintiffs further object to Request No. 105 to the extent that it

seeks documents or tangible items not relevant to this litigation and not reasonably calculated to

lead to the discovery of admissible evidence.  Plaintiffs further object to Request No. 105 to the

extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiffs will not produce any documents responsive to Request No. 105 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiffs. *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 106:**

Please produce a true and complete copy of any expired or unexpired Refugee Travel Permit, Advance Parole, or Valid Refugee Travel Letter with Photo (including, but not limited to, any document obtained by filling out Form I-131 or its predecessors), issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, stamped by the United States Department of Homeland Security, United States Customs and Border Protection, and/or issued by the United States Department of Homeland Security, United States Citizenship and Immigration Services, or any other agency, branch, or department of the United States government previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 106:**

Plaintiffs object to Request No. 106 to the extent that it seeks documents without any reasonable temporal limitation. Plaintiffs further object to Request No. 106 to the extent that it seeks documents not in their possession, custody, or control. Plaintiffs further object to Request No. 106 as unduly burdensome to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible

evidence, including, but not limited to, documents relating to Plaintiffs' family members, legal

guardians, and other individuals not party to the instant litigation.  Plaintiffs further object to

Request No. 106 to the extent that it is unreasonably cumulative and duplicative of other requests

propounded on Plaintiffs as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiffs will not produce any

documents responsive to Request No. 106 because the request is outside the scope of the

discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no

relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an

undue burden or expense on Plaintiffs.  *See* FED. R. CIV. P. 26(c).

## REQUEST NO. 107:

Please produce a true and complete copy of any expired or unexpired Secure Electronic

Network for Travelers Rapid Inspection, also known as SENTRI, Card, issued to you, an

immediate family member, or to any individual with a direct, tangible interest in your birth

certificate, by the United States Department of Homeland Security, United States Customs and

Border Protection, United States Citizenship and Immigration Services, or any other agency,

branch, or department of the United States government previously or now existing, or any of

their successor agencies, branches, or departments.

## RESPONSE TO REQUEST NO. 107:

Plaintiffs object to Request No. 107 on grounds that it seeks documents without any

reasonable temporal limitation.  Plaintiffs further object to Request No. 107 to the extent that it

seeks documents not in their possession, custody, or control.  Plaintiffs further object to Request

No. 107 as unduly burdensome to the extent that it seeks documents or tangible items not

relevant to this litigation and not reasonably calculated to lead to the discovery of admissible

evidence, including, but not limited to, documents relating to Plaintiffs' family members, legal guardians, and other individuals not party to the instant litigation. Plaintiffs further object to Request No. 107 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiffs will not produce any documents responsive to Request No. 107 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiffs. *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 108:**

Please produce a true and complete copy of any expired or unexpired United States Citizen Identification Card or Citizen ID Card (including, but not necessarily limited to Form I-197), issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by the United States Department of Justice, Immigration and Naturalization Service, United States Department of Homeland Security, United States Citizenship and Immigration Services, or any other agency, branch, or department of the United States government previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 108:**

Plaintiffs object to Request No. 108 to the extent that it seeks documents without any reasonable temporal limitation. Plaintiffs further object to Request No. 108 as unduly burdensome to the extent that it seeks documents not in their possession, custody, or control. Plaintiffs further object to Request No. 108 to the extent that it seeks documents or tangible

items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to Plaintiffs' family members, legal guardians, and other individuals not party to the instant litigation. Plaintiffs further object to Request No. 108 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiffs will not produce any documents responsive to Request No. 108 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiffs. *See* FED. R. CIV. P. 26(c).

**REQUEST NO. 109:**

Please produce a true and complete copy of any expired or unexpired Border Crossing Card (B1 for business or pleasure or B2 for medical purposes), issued to you, an immediate family member, or to any individual with a direct, tangible interest in your birth certificate, by the United States Department of State, or any other agency, branch, or department of the United States government previously or now existing, or any of their successor agencies, branches, or departments.

**RESPONSE TO REQUEST NO. 109:**

Plaintiffs object to Request No. 109 on grounds that it seeks documents without any reasonable temporal limitation. Plaintiffs further object to Request No. 109 to the extent that it seeks documents not in their possession, custody, or control. Plaintiffs further object to Request No. 109 as unduly burdensome to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible

evidence, including, but not limited to, documents relating to Plaintiffs' family members, legal guardians, and other individuals not party to the instant litigation.  Plaintiffs further object to Request No. 109 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

Based on the foregoing general and specific objections, Plaintiffs will not produce any documents responsive to Request No. 109 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, has marginal or no relevance, and is intended, among other things, to annoy, embarrass, oppress, or impose an undue burden or expense on Plaintiffs.  *See* FED. R. CIV. P. 26(c).

## REQUEST NO. 110:

Please produce a true and complete copy of any consular document issued to you by the government of any United States state, foreign country, United States territory or outlying possession, or the United States, to the extent not encompassed by any of the other Discovery Requests herein.

## RESPONSE TO REQUEST NO. 110:

Plaintiffs object to Request No. 110 on the ground that "any consular document" renders the request overly broad, vague, and ambiguous.  Plaintiffs further object to Request No. 110 to the extent that it seeks documents without any reasonable temporal limitation.  Plaintiffs further object to Request No. 110 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced.  Plaintiffs further object to Request No. 110 as unduly burdensome to the extent that it seeks documents or tangible items not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, documents relating to Plaintiffs' family members, legal guardians,

and other individuals not party to the instant litigation.  Plaintiffs further object to Request No. 110 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

In its current form, Request No. 110 is incomprehensible and Plaintiffs therefore cannot produce any documents in response to the request.

## REQUEST NO. 111:

Please produce a true and complete copy of any document issued to you by the Department of Justice, United States Citizenship and Immigration Services, or any other agency, branch, or department of the United States government previously or now existing, or any of their successor agencies, branches, or departments, to the extent not encompassed by any of the other Discovery Requests herein.

## RESPONSE TO REQUEST NO. 111:

Plaintiffs object to Request No. 111 on the ground that "any document" renders the request overly broad, vague, ambiguous, and unduly burdensome.  Plaintiffs further object to Request No. 111 to the extent that it seeks documents without any reasonable temporal limitation.  Plaintiffs further object to Request No. 111 on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced.  Plaintiffs object to Request No. 111 to the extent that it seeks information or disclosure of information that is protected by attorney-client privilege, the attorney work product doctrine, or any other statutory or common law privilege or immunity.  Plaintiffs further object to Request No. 111 to the extent that it seeks documents protected by common interest privileges shared by certain Plaintiffs and Plaintiffs-intervenors in this litigation and previous litigations.  Plaintiffs further object to Request No. 111 to the extent that it seeks documents or tangible items not relevant to this

litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to Request No. 111 to the extent that it is unreasonably cumulative and duplicative of other requests propounded on Plaintiffs as part of the instant litigation.

In its current form, Request No. 111 is incomprehensible and Plaintiffs therefore cannot produce any documents in response to the request.

* * * * *

Respectfully submitted,

**BRAZIL & DUNN LLP**


___/s/ Chad W. Dunn_____
Chad W. Dunn
TBN 24036507; Fed. I.D. No. 33467
K. Scott Brazil
TBN 02934050; Fed. I.D. No. 2585
4201 Cypress Creek Parkway, Suite 530
Houston, Texas 77068
Telephone: (281) 580-6310
Facsimile: (281) 580-6362
E-Mail: chad@brazilanddunn.com
E-Mail: scott@brazilanddunn.com

Neil G. Baron
State Bar No.: 017970180
Law Office of Neil G. Baron
914 FM 517 W., Ste. 242
Dickinson, Texas  77539
281/534-2748 – Main
281/534-4309 – Fax
neil@ngbaronlaw.com – E-mail

J. Gerald Hebert
District of Columbia State Bar No.: 447676
Campaign Legal Center
215 E. Street, NE
Washington, DC  20002
202/736-2200, ext. 12 – Main
202/736-2222 – Fax
ghebert@campaignlegalcenter.org – E-mail

David Richards
State Bar No.: 16846000
Richards, Rodriguez & Skeith, LLP
816 Congress Avenue, Ste. 1200
Austin, Texas  78701
512/476-0005 – Main
512/476-1513 – Fax
daverichards@june.com – E-mail

Armand G. Derfner
Derfner, Altman & Wilborn, LLC
P.O. Box 600
Charleston, S.C.  29402
843/723-9804 – Main
aderfner@dawlegal.com – E-mail

**ATTORNEYS FOR PLAINTIFFS**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned here by certifies that a true and correct copy of the foregoing has been sent by electronic mail in accordance with the Federal Rules of Civil Procedure, this 30th day of April, 2014 to all counsel of record.


_____*/s/ Chad W. Dunn*_____
Chad W. Dunn