IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

MARC VEASEY, JANE HAMILTON, §
SERGIO DELEON, FLOYD J. CARRIER, §
ANNA BURNS, MICHAEL MONTEZ, §
PENNY POPE, OSCAR ORTIZ, KOBY §
OZIAS, JOHN MELLOR-CRUMMEY, § CIVIL ACTION NO.
JANE DOE, JOHN DOE, LEAGUE OF § 2:13-CV-193 (NGR)
UNITED LATIN AMERICAN CITIZENS § (lead case)
(LULAC), and DALLAS COUNTY, §
TEXAS §
     vs. §
     §
RICK PERRY, Governor of Texas, and §
JOHN STEEN, Texas Secretary of State, §
_____ §
UNITED STATES OF AMERICA, §
     §
v. §
     § CIVIL ACTION NO.
STATE OF TEXAS, JOHN STEEN, in his § 2:13-CV-263 (NGR)
official capacity as Texas Secretary of State,§ (consolidated case)
and STEVE MCCRAW, in his official §
capacity as Director of the Texas §
Department of Public Safety, §
     §
_____ §
TEXAS STATE CONFERENCE OF §
NACCP BRANCHES, and the MEXICAN §
AMERICAN LEGISLATIVE CAUCUS §
OF THE TEXAS HOUSE OF §
REPRESENTATIVES, §
     §
v. § CIVIL ACTION NO.
     § 2:13-CV-291 (NGR)
JOHN STEEN, in his official capacity as § (consolidated case)
Texas Secretary of State, and STEVE §
MCCRAW, in his official capacity as §
Director of the Texas Department of §
Public Safety. §


2:13-cv-193
09/02/2014
DEF0887
exhibitsticker.com


PENGAD 800-631-6989
DEPOSITION
EXHIBIT
1-17-14

## THE VEASEY-LULAC PLAINTIFFS' NOTICE OF INTENTION TO TAKE THE ORAL DEPOSITION OF STAN STANART

**To:** Doug Ray, Harris County Attorney, 1019 Congress, Floor 15, Houston, Texas 77002.

Please take notice that, under Federal Rule of Civil Procedure 30, Plaintiffs, Burns, Carrier, Hamilton, Veasey, Montez, Ortiz, Pope, DeLeon, Lulac and Dallas County, hereinafter the "Veasey-Lulac Plaintiffs" will take the oral deposition of Stan Stanart, Chief Elections Officer for Harris County, Texas, on June 17th, 2014, at 10:00 a.m., at the Harris County Attorney's office located at 1019 Congress Street, Floor 15, Houston, Texas 77002.

The deposition will be recorded by stenographic means and may be recorded by audiovisual means, conducted before an individual authorized to administer oaths, and used for any purpose permitted under the Federal Rules of Civil Procedure or court order, including as record evidence in any future proceedings.

It is the intent of the Veasey-Lulac Plaintiffs to utilize the testimony obtained from the deponent and the documents received pursuant to the subpoena during the trial of this cause. All counsel of record are invited to attend and conduct cross examination.

Under Federal Rules of Civil Procedure 30(b)(1) and 45(a)(1)(C), Stan Stanart, Chief Elections Officer for Harris County, Texas, has been requested to produce the documents at the deposition set forth in Exhibit A.

Respectfully submitted,

**BRAZIL & DUNN**

*/s/ Chad W. Dunn*
Chad W. Dunn
State Bar No. 24036507
K. Scott Brazil
State Bar No. 02934050
Brazil & Dunn
4201 Cypress Creek Parkway, Suite 530
Houston, Texas  77068
Telephone:  (281) 580-6310
Facsimile:   (281) 580-6362
chad@brazilanddunn.com
scott@brazilanddunn.com

J. Gerald Hebert
D.C. Bar No. 447676
Campaign Legal Center
215 E Street, NE
Washington, DC 20002
Telephone (202) 736-2200 ext. 12
Facsimile (202) 736-2222
GHebert@campaignlegalcenter.org
(Pro Hac Vice Motion Granted Dkt. #13)

Neil G. Baron
State Bar No. 01797080
Law Office of Neil G. Baron
914 FM 517 W, Suite 242
Dickinson, Texas 77539
Telephone (281) 534-2748
Facsimile (281) 534-4309
neil@ngbaronlaw.com

David Richards
State Bar No. 16846000
Richards, Rodriguez & Skeith, LLP
816 Congress Avenue, Suite 1200
Austin, Texas 78701
Telephone (512) 476-0005

Facsimile (512) 476-1513
daverichards4@juno.com

Armand G. Derfner
Derfner, Altman & Wilborn, LLC
P.O. Box 600
Charleston, S.C. 29402
Telephone (843) 723-9804
aderfner@dawlegal.com
(Pro Hac Vice Motion Granted Dkt. # 6)

*Attorneys for Plaintiffs Marc Veasey, Floyd
James Carrier, Anna Burns, Michael Montez,
Penny Pope, Jane Hamilton, Sergo DeLeon,
Oscar Ortiz, Koby Ozias, John Mellor-
Crummey, Jane Doe, James Doe, League of
United Latin American Citizens ("LULAC")
and Dallas County, Texas*

LUIS ROBERTO VERA, JR.
LULAC National General Counsel
State Bar No. 20546740
The Law Offices of Luis Vera Jr., and
Associates
1325 Riverview Towers, 111 Soledad
San Antonio, Texas 78205-2260
Telephone (210) 225-3300
Facsimile (210) 225-2060
lrvlaw@sbcglobal.net

*Attorney for LULAC*

Craig M. Watkins
Dallas County District Attorney
State Bar No. 00791886
Teresa G. Snelson
Chief, Civil Division
Dallas County District Attorney's Office
State Bar. No. 08577250
411 Elm Street, 5th Floor
Dallas, TX 75202-4606
Telephone (214) 653-7358
Facsimile (214) 653-6134

Teresa.Snelson@dallascounty.org

*Attorneys for Dallas County, Texas*

## **CERTIFICATE OF SERVICE**

I certify that a true copy of the above was served on all counsel of record in accordance with the Federal Rules of Civil Procedure via electronic mail on the 11th day of June, 2014.

/s/ Neil G. Baron
NEIL G. BARON

**ATTACHMENT A**
**TO NOTICE OF DEPOSITION**
**Documents for Production at Oral Deposition**

## I.     DEFINITIONS AND INSTRUCTIONS

The following terms have the following meanings, unless the context requires otherwise:

1.   <u>Parties.</u>   The term "plaintiff" or "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, means the party and, where applicable, {*his/her/its*} agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

2.   <u>Person.</u>   The term "person" means any natural person, any business, a legal or governmental entity, or an association.

3.   <u>Document.</u>   The term "document" is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34 and includes computer records in any format.  A draft or non-identical copy is a separate document within the meaning of this term. The term "document" also includes "any tangible things" as that term is used in Rule 34.

4.   <u>Communication.</u>   The term "communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

5.   <u>Identify (person).</u>   When referring to a person, "identify" means to give to the extent known the person's full name, present or last known address, telephone number, and, when referring to a natural person, the present or last known place of employment.  Once a person has been identified in compliance with this paragraph, only the name of that person need be listed in response to later discovery requesting the identification of that person.

6.   <u>Identify (document).</u>   When referring to a document, "identify" means to give, to the extent known, the following information: (a) the type of document; (b) the general subject matter of the document; (c) the date of the document; (d) the authors, addressees, and recipients of the document; (e) the location of the document; (f) the identity of the person or entity who has custody of the document; and (g) whether the document has been destroyed, and, if so, the (i) date of its destruction, (ii) reason for its destruction, and (iii) identity of the person who destroyed it.

7.   <u>Relating.</u>   The term "relating" means concerning, referring, describing, evidencing, or constituting, directly or indirectly.

8.   <u>All/Each.</u>   The terms "all" and "each" should be construed as all and each.

9.   <u>Any.</u>   The term "any" should be understood in either its most or its least inclusive sense as necessary to bring within scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

10. <u>And/Or.</u>  The connectives "and" and "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

11. <u>Number.</u>  The use of the singular form of any word includes the plural and vice versa.

## II.  DOCUMENTS TO BE PRODUCED

1.  Any and all documents pertaining to Harris County's efforts to implement Senate Bill 2014 (2011) ("SB 14"), Texas's new photo identification law for in-person voting.  These documents shall include, but are not limited to:

   a.  Guidelines, regulations, policies and procedures Harris County developed to implement SB 14, including any notices, instructions, or training materials for election workers.

   b.  Any communications with state and local elected officials, state agencies and their officials, non-governmental organizations and their agents, and Harris County constituents about Harris County's efforts to train election workers; educate the public or individuals about the law; implement the photo ID requirement at the polls; track information about voter ID problems at the polls; and administer the provisional ballot process.

   c.  Documents related to election identification certificate (EIC) mobile stations, including any documents about the times and locations for offering EICs, coordination with the state or non-governmental organizations or persons to provide EICs, or publicity for such efforts.

   d.  Call logs, spreadsheets, or other documents related to communications with Harris County constituents about SB 14's requirements or its implementation.  These documents include, but are not limited to, communications with constituents regarding complaints about SB 14's implementation at the polls or during the provisional ballot process, and questions about SB 14's requirements or where to obtain SB 14-compliant ID.

   e.  All documents related to any funds appropriated for, or spent to, prepare for, administer, or educate people about SB 14.

   f.  Brochures, letters, or other documents Harris County distributed to the public or individuals regarding SB 14's requirements or how to obtain SB 14 ID, and any documents that relate to decisions about, or plans to implement, education and outreach efforts.

   g.  Any analyses provided to, or done by, the county to determine the number, location, or characteristics of Harris County voters who may lack the necessary ID to vote a regular ballot during elections.

h. Any documents that relate to provisional ballots cast during the 2013 or 2014 elections including but not limited to the 2014 Democratic Party and Republican Party primary elections due to a voter's lack of ID or an ID that does not substantially match the information on the voter registration list. These documents shall include, but are not limited to, any and all Affidavits of Provisional Voter completed by any voter, documents that establish: the identity of any person required to cast such a provisional ballot; documents that reflect the date and location where provisional ballots were cast; documents that reflect the specific reasons provisional ballots were cast; the number of provisional ballots that were "cured" within the allotted six-day "cure" period; the date and location where any voter "cured" a provisional ballot; and the reasons a voter was unable to "cure" a provisional ballot, if the voter appeared at the necessary place to try to "cure."

i. Any documents relating to information Harris County tracked to assess the implementation of, or effect of, SB 14, including any efforts to track the number of "substantially similar" affidavits; the voters required to cast provisional ballots; the number of voters who left the polling place without casting a provisional or regular ballot; and the types of name discrepancies voters had between their SB 14 identification and their voter registration.

j. Any documents that relate to, reflect or contain the name, address and phone number of any election judge, poll worker or any other individual employed to work at any polling location in Harris County during any election in 2013 or 2014 including but not limited to the 2014 Democratic Party and Republican Party primary elections.

k. Any and all documents that concern complaints, allegations, referrals for investigation, investigations, charges, and/or prosecutions, either through the Texas Attorney General's office or in conjunction with local, county, or municipal law enforcement and prosecutorial authorities, concerning alleged, actual, or attempted voting and/or election fraud occurring within Harris County from January 1, 2000 to the present, including, but not limited to

1. alleged voter impersonation (including in-person voter impersonation), mail-in ballot fraud, voting by citizens and/or non-citizens, or other instances of illegal voting or obstruction of voting in violation of the Texas Election or Penal Code, or any other applicable law;

2. the date(s), election, identity of person(s) involved, nature of offense, and location of such instances of voting or election fraud; and,

3. the ultimate findings and/or disposition of any such complaints, allegations, referrals, investigations, or prosecutions.