IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

MARC VEASEY, *et al.*, )
 )
  Plaintiffs, )
 )
v. ) Civ. Action No. 2:13-cv-193 (NGR)
 )
RICK PERRY, *et al.*, )
 )
  Defendants. )
——————————————— )
 )
UNITED STATES OF AMERICA, *et al.*, )
 )
  Plaintiffs )
 )
v. )
 ) Civ. Action No. 2:13-cv-263 (NGR)
RICK PERRY, *et al.*, )
 )
  Defendants )
 )
——————————————— )
 )
TEXAS STATE CONFERENCE OF )
NAACP BRANCES, *et al.*, )
 )
  Plaintiffs, )
 )
v. ) Civ. Action No. 2:13-cv-263 (NGR)
 )
JOHN STEEN, *et al.*, )
 )
  Defendants. )
——————————————— )

**PLAINTIFFS, MICHAEL MONTEZ, PENNY POPE, MARC VEASEY, OSCAR
ORTIZ, JANE HAMILTON AND SERGIO DELEON'S, RESPONSES TO
<u>DEFENDANT'S FIRST REQUEST FOR PRODUCTION</u>**

1



2:13-cv-193
09/02/2014
DEF0916



EXHIBIT
3
8-13-14

**TO:** **Defendants State of Texas, Rick Perry, the Texas Secretary of State, and Steve McCraw by and through their attorney, John Scott, Deputy Attorney for Civil Litigation, Office of the Attorney General, via first class mail, return receipt requested to 209 West 14ᵗʰ Street, P.O. Box 12548, Austin, TX 70711-2548**

COMES NOW, Plaintiffs, **MICHAEL MONTEZ, PENNY POPE, MARC VEASEY, OSCAR ORTIZ, JANE HAMILTON AND SERGIO DELEON'S**, in the above entitled and numbered cause and in accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure, files the following objections and answers to Defendants' First Request for Production of Documents.

Dated this 30ᵗʰ day of April, 2014.

Respectfully submitted,

**BRAZIL & DUNN LLP**

\_\_\_\_\_/s/ Chad W. Dunn_____
Chad W. Dunn
TBN 24036507; Fed. I.D. No. 33467
K. Scott Brazil
TBN 02934050; Fed. I.D. No. 2585
4201 Cypress Creek Parkway, Suite 530
Houston, Texas 77068
Telephone: (281) 580-6310
Facsimile: (281) 580-6362
E-Mail: chad@brazilanddunn.com
E-Mail: scott@brazilanddunn.com

Neil G. Baron
State Bar No.: 017970180
Law Office of Neil G. Baron
914 FM 517 W., Ste. 242
Dickinson, Texas 77539
281/534-2748 – Main
281/534-4309 – Fax
neil@ngbaronlaw.com – E-mail

J. Gerald Hebert
District of Columbia State Bar No.: 447676
Campaign Legal Center
215 E. Street, NE
Washington, DC  20002
202/736-2200, ext. 12 – Main
202/736-2222 – Fax
ghebert@campaignlegalcenter.org – E-mail

David Richards
State Bar No.: 16846000
Richards, Rodriguez & Skeith, LLP
816 Congress Avenue, Ste. 1200
Austin, Texas  78701
512/476-0005 – Main
512/476-1513 – Fax
daverichards@june.com – E-mail

Armand G. Derfner
Derfner, Altman & Wilborn, LLC
P.O. Box 600
Charleston, S.C.  29402
843/723-9804 – Main
aderfner@dawlegal.com – E-mail

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

The undersigned here by certifies that a true and correct copy of the foregoing has been sent by electronic mail in accordance with the Federal Rules of Civil Procedure, this 30th day of April, 2014 to all counsel of record.


_____*/s/ Chad W. Dunn*_____
Chad W. Dunn

## GENERAL OBJECTIONS

Plaintiffs, Michael Montez, Penny Pope, Marc Veasey, Oscar Ortiz, Jane Hamilton and Sergio DeLeon (hereinafter "Plaintiffs") would show that the individual sets of Defendants' first set of requests for production for these six plaintiffs were served by email on or about March 28th, 2014, and appear to be identical in that each Plaintiff was sent a set of 309 identical requests for production with identical definitions included. Plaintiffs hereby serve their objections and responses in this one joint document in which all objections are asserted on behalf of all six served Plaintiffs.

The following General Objections apply to each of the Defendant's Second Requests for Production of Documents. Although Plaintiffs may respond specifically to certain Second Requests for Production, their responses are made subject to each and every General Objection and no response shall be considered as, or is, a waiver of any General Objection.

1.      Defendants have served 309 Requests for Production ("RFPs") upon Plaintiffs. The majority of these (301 of the total of 309) simply request "copies of all documents and tangible things relating" and then track the language of each paragraph of Plaintiffs' Second Amended Complaint. A large number of these RFPs – 301 of the RFPs in fact – are frivolous; better posed as interrogatories; seek evidence of ultimate issues of fact; are duplicitous; seek documents that are not within Plaintiffs' possession, custody or control; and/or seek documents available in the public domain and in some cases in the possession, custody or control of Defendants themselves. See, e.g., without limitation, RFPs 9-309. The sheer number of such RFPs evidences Defendants' attempt

to annoy and harass Plaintiffs.  Plaintiffs have lodged specific objections to every such RFP in greater detail below but lodge this general objection to all requests.

2.      Plaintiffs object to each of Defendant's Second Requests for Production to the extent they seek information or the disclosure of information which is protected by any privilege or immunity including the attorney-client privilege, work product doctrine, common interest privilege or any other statutory or common law privilege.  Plaintiffs reserve their right to withhold such information from production.  Any inadvertent disclosure of such privileged or otherwise protected information shall not be deemed a waiver of any privilege or work product immunity.  The Clawback Order entered in this matter on November 4, 2013 governs any such disclosure.  See Agreement Concerning Production Format, ECF No. 61-6.  Plaintiffs specifically object to any request that seeks communications between counsel for Plaintiffs and/or Plaintiff-Intervenors in this case, or the prior Section 5 case, on the basis of common interest privilege, irrelevance and overly broad and harassing.  At this time, Plaintiffs provide this privilege log concerning counsel communications: From January 1, 2012 through the present, there have been thousands of emails between and among counsel for the plaintiffs in this action, all of which pertained to discovery issues, drafts of pleadings and briefs, pretrial and trial strategy.  Because of the number of these communications, the clear privileged nature of each of these communications, and the clear irrelevance of these communications, it would be unduly burdensome to individually log these communications.

3.      Plaintiffs object to each of Defendant's Second Requests for Production to the extent Defendant attempts or purports to impose greater or different obligations in

discovery than are required by the Federal Rules of Civil Procedure or the Local Rules of this Court.

4.     Plaintiffs object to each of Defendant's Second Requests for Production to the extent Defendant seeks information that calls for a legal conclusion.

5.     Plaintiffs object to each of Defendant's Second Requests for Production on the grounds that the separate requests are vague, ambiguous, and make responding impossible without speculation because Defendants have failed to define the terms contained in the separate requests.

6.     Plaintiffs object to each of Defendant's Request for Production to the extent that they seek information not within Plaintiffs' possession, custody or control.

7.     Plaintiffs object to each of Defendant's Second Requests for Production to the extent that they are premature at this stage of discovery.

8.     Plaintiffs consent herein to respond to each of Defendant's Second Requests  for Production shall not be construed as an admission by Plaintiffs that such information, in fact, exists or that such information, if it exists, is in Plaintiff's possession, custody or control.

9.     Plaintiffs respond solely for the purpose of and in relation to this action. Plaintiffs' Responses to each of Defendant's Second Requests for Production are made subject to any and all objections to competence, relevance, materiality, and admissibility that would require the exclusion at the time of trial of any statement and/or document produced in response to the Second Requests for Production.  Plaintiffs reserve the right to interpose such objections at the time of trial, if any.

10.     Plaintiffs reserve the right to amend, revise or supplement its responses at any time prior to trial or otherwise permitted by applicable law or under the Court's Scheduling Order.

11.     To the extent a request for production requires the disclosure of protected material, including but not limited to confidential information or any information implicating privacy interests, Plaintiffs' response shall be subject to the Consent Protective Order entered in this matter on December 5, 2013, ECF No. 105, or any subsequent revisions to the Protective Order agreed upon by the parties.  Plaintiffs further object to the extent a request for production seeks confidential or personal information of a third party, the disclosure of which is not permitted by reason of privacy laws or other binding legal obligation.

12.     Plaintiffs object to each of Defendants' requests for production to the extent that it seeks documents that are neither relevant to the issues in this dispute nor reasonably calculated to lead to the discovery of admissible evidence.  To the extent Plaintiffs provide documents in response to these requests for production, Plaintiffs do not concede that the documents are admissible in evidence or relevant to this action.

13.     Plaintiffs object to each request that is not limited to any reasonable time period as vague, ambiguous, overly broad, and unduly burdensome.  Plaintiffs' responses are with respect to the time period from January 1, 2012 to the present, unless otherwise indicated.

14.     Plaintiffs object to each of Defendants' requests for production insofar as it seeks documents that are unreasonably cumulative or duplicative, already in the

possession of Defendants, primarily or exclusively within Defendants' knowledge or control, or obtainable from some other source that is less burdensome or less expensive. Plaintiffs object to Defendants' requests for production to the extent they seek documents beyond those in the possession, custody, or control of Plaintiffs.

15.     Plaintiffs object to each of Defendants' requests for production to the extent that it is unclear, ambiguous, overly broad, or unduly burdensome.

16.     Plaintiffs object to each of Defendants' requests for production requesting "all," "each," or "any" of the referenced documents on grounds that such requests are overly broad and unduly burdensome, seek irrelevant information, and seek to impose obligations beyond those imposed by law.   Plaintiffs further object to the extent Defendants' requests for production request voluminous information that Plaintiffs can locate and copy only at tremendous expense of money, or that will create a significant delay that would be disproportionate to the probative value or relevance of the material sought.   Plaintiffs will construe the terms of all requests for production to request that they use reasonable diligence to locate responsive non-privileged documents, based on examination of those sources that may reasonably be expected to yield such documents and of course Plaintiffs reserve the right to continue to supplement these responses to the extent additional documents are located.

17.     Plaintiffs object to these Second Requests for Production as harassing and burdensome.   This case is obviously determined by experts.   Numerous reports and other documents utilized, relied upon and created by experts have been and/or will be provided during the course of discovery in compliance with the trial court's docket control order.

8

Previous testimony has been taken and numerous depositions have been taken in the Section 5 litigation relating to Senate Bill 14 and it is anticipated that numerous depositions will be taken in this litigation. Much of the written discovery propounded to the lay Plaintiffs appears to be nothing more than a waste of time and resources particularly to the extent that this second set of request for production appear to contain 303 separate requests that essentially ask for copies of documents that "relate to allegations" contained within each of the 92 paragraphs of "your federal complaint".

18.    Each of the above stated General Objections is incorporated by reference into each of Plaintiffs' specific responses below.

## GENERAL OBJECTIONS TO DEFINITIONS

1.    Plaintiffs object to the definition of the term "Electronically Stored Information" on

the grounds that the definition is overly broad and unduly burdensome. Plaintiffs further object to this definition to the extent that it seeks information not in Plaintiffs' possession, custody, or control. Plaintiffs will interpret the term "Electronically Stored Information" as synonymous in meaning and equal in scope to the usage of the term "electronically stored information" in Rule 34 of the Federal Rules of Civil Procedure.

2.    Plaintiffs object to the definition of the term "document" on grounds that the definition is overly broad and unduly burdensome. Plaintiffs further object to this definition to the extent that it seeks information not in Plaintiffs' possession, custody, or control. Plaintiffs will interpret the term "document" as synonymous in meaning and

equal in scope to the usage of the term "document" in Rule 34 of the Federal Rules of Civil Procedure.

3.    Plaintiffs object to the definition of "you and your" on grounds that the definition is overly broad and unduly burdensome.   Plaintiffs further object to this definition to the extent that it includes within the definition individuals who are not parties to this litigation.  Plaintiffs shall interpret for purposes of these document requests "you and your" to respectively refer to Michael Montez, Penny Pope, Marc Veasey, Oscar Ortiz, Jane Hamilton and Sergio DeLeon.

## RESPONSE TO REQUEST FOR PRODUCTION

1. Please produce all documents and tangible things relating to any request by any Plaintiff in the Federal Action, or any party in the State Action, to any Governmental Body in Texas, to produce Public Information, relating to any election or demographic data from 2005 to the Present. This request includes, but is not limited to, both any request to produce Public Information propounded to a Governmental Body and any response and/or documents and tangible things received from a Governmental Body in response to any request to produce Public Information.

    **Objections:** Plaintiffs object to this request as vague, overbroad, and not calculated to lead to the discovery of relevant evidence. The request includes any request for public information by "any Plaintiff in the Federal Action, or any party in the State Action" to "any Governmental Body in Texas." Plaintiffs only have possession, custody, or control over public information requests promulgated by Plaintiffs.

    **Response:** Subject to the above objections, Plaintiffs will produce all responsive documents in Plaintiffs' possession, custody and control at a time and place mutually convenient to all counsel of record.

2. Please produce all documents and tangible things relating to any subpoena served pursuant to Fed. R. Civ. P. 45, in the Federal Action, on any municipality or county in the state of Texas or on any other entity or individual, which were not previously provided to Defendants. This request includes, but is not limited to, both the subpoena served and any response and/or documents and tangible things produced in response to that subpoena. Defendants' request for the production of these documents and tangible things does not waive any rights or remedies they may have due to the failure of any Plaintiff in the Federal Action to provide notice to Defendants of any such subpoena before its service on the subpoenaed entity or individual, as required by Fed. R. Civ. P. 45 (a)(4).

    **Objections:** Plaintiffs object to this request as vague, overbroad, and not calculated to lead to the discovery of relevant evidence. The request includes any "subpoena served . . . in the Federal Action on any municipality or county in the state of Texas or on any other entity or individual." The language does not describe nor limit which party served the requested subpoena. Plaintiffs only have possession, custody or control over those subpoenas issued by or issued to Plaintiffs.

    **Response:** Subject to the above objections, Plaintiffs will produce all

11

responsive documents in Plaintiffs' possession, custody and control at a time and place mutually convenient to all counsel of record.

3.  Please produce all documents and tangible things relating to all written testimony or public statements made by you regarding SB 14, including but not limited to any drafts, working papers, or talking points.

    **Objections:**  Plaintiffs object to this request as vague, overbroad, and not calculated to lead to the discovery of relevant evidence.

    **Response:**  Subject to the above objections, any such documents to the extent they exist will be produced at a time and place mutually convenient to all counsel of record.

4.  Please produce all documents and tangible things relating to all communications between you and any individual or group relating to any written testimony or public statements made by you relating to SB 14.

    **Objections:**  Plaintiffs object to this request as vague, overbroad, and not calculated to lead to the discovery of relevant evidence.  The request includes "all communications" between Plaintiffs and any individual or group regarding SB 14 from 2005 to present, a nine-year period of time.  Moreover, Plaintiffs also object to disclosure of any portion of any such responsive documents that contains privileged attorney work product or attorney-client communication.

    **Response:**  Subject to the above objections, Plaintiffs will produce all responsive documents in Plaintiffs' possession, custody and control at a time and place mutually convenient to all counsel of record.  At that time, Plaintiffs will also produce a privilege log for all such responsive documents, in redacted form, which are confidential attorney work product or privileged attorney-client communications.

5.  Please produce all documents and tangible things you have provided to any potential expert in the Federal Action, to the extent not duplicative of documents produced in response to Request No. 6 in Defendants' First Request for the Production of Documents to Koby Ozias.

    **Objection:**  Plaintiffs object to Request No. 5 on grounds that it seeks information protected from disclosure by Rule 26(b)(4)(C) of the Federal Rules of Civil Procedure.  Plaintiffs further object to Request No. 5 on grounds that requests for material provided to "any potential" expert renders the request overly broad.

**Response:**   Based on the foregoing general and specific objections, Plaintiffs will not produce any documents responsive to Request No. 5 because the request is outside the scope of the discovery permitted by Rule 26 of the Federal Rules of Civil Procedure. Any materials properly discoverable under Rule 26 shall be disclosed when required by the Federal Rules of Civil Procedure and under the Court's scheduling orders.

6.   Please produce all documents and tangible things relating to any calculations, reports, audits, estimates, projections, or other analyses related to the effect of SB 14 on minority voters or on voter who are members of a language minority group, from 2005 to the Present.

**Objections:**   Plaintiffs object to this request as vague, overbroad, and not calculated to lead to the discovery of relevant evidence. The request includes "any calculations, reports, audits, estimates, projections, or other analyses related to the effect of SB 14 on minority voters or on voter[s] who are members of a language minority group, from 2005 to the Present," a nine-year period of time.

**Response:**   Subject to the above objections, any such analysis prepared or used by Plaintiffs' experts will be produced with their reports at a time scheduled by the Court. Plaintiffs will produce all other responsive documents in Plaintiffs' possession, custody and control at a time and place mutually convenient to all counsel of record.

7.   Please produce copies of all documents and tangible things relating to the allegation in Paragraph 1 of your Federal Complaint that "[t]he State of Texas has a long, notorious history of disfranchising voters by various methods and discriminating against classes of voters, especially on account of race and ethnicity."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties; (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to

supplement their discovery responses, complying with contentious discovery requests would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

8.   Please produce copies of all documents and tangible things relating to the allegation in Paragraph 2 of your Federal Complaint that "SB 14 requires a voter who is already registered to obtain a second registration certificate…"

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contentious discovery requests would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

9.   Please produce copies of all documents and tangible things relating to the allegation in Paragraph 2 of your Federal Complaint that a form of identification specified by SB 14 is "unobtainable at a voter registration office."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contentious discovery requests would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

10.   Please produce copies of all documents and tangible things relating to the allegation in Paragraph 2 of your Federal Complaint that a form of identification specified by SB 14 "is obtainable only from a limited number of sources or locations, which are often inconvenient and expensive."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contentious discovery requests would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which

the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

11.  Please produce copies of all documents and tangible things relating to the allegation in Paragraph 2 of your Federal Complaint that voter "registration now must, in most circumstances, take place at State driver's licensing offices."

**Objections:**  Plaintiffs object to this request as overly burdensome and abusive. The plain language of S.B. 14 details what photo ID documents are acceptable. Further, the photo identifications outlined by S.B. 14 are either issued by the State of Texas or the federal government.  As such, the State of Texas is already well aware of where and how such photo identification is obtained.

**Response:**  The information sought is contained in S.B. 14 and in other documents contained in the public domain.

12.  Please produce copies of all documents and tangible things relating to the allegation in Paragraph 2(a) of your Federal Complaint that "the number of Texas residents who were 'registered to vote' in the Secretary of State's voter registration database as of 2012 was 13,065,504."

**Objections:**  Plaintiffs object to this request as overly burdensome and abusive in that it seeks documents in the public domain.  In fact, such information is already in the possession, custody, and control of the State of Texas as it concerns statistics kept by the Texas Secretary of State – a named defendant to the instant action.

13.  Please produce copies of all documents and tangible things relating to the allegation in Paragraph 2(a) of your Federal Complaint that "7,835,055 (61.5%) of [the voters identified in the allegation recited in Request No. 9] of these registered voters are Anglo, 1,472,669 (11.6%) are black, and 3,003,059 (23.6%) are Latino (and 2,909,014 (22.25%) have Spanish surnames)."

**RESPONSE:**      See expert reports produced in the section 5 case.

14.   Please produce copies of all documents and tangible things relating to the allegation in Paragraph 2(a) of your Federal Complaint that "Of [the voters identified in the allegation recited in Request No. 9] approximately 1,893,143 could not be matched to a record in either the State's driver license database or the State's concealed weapons license database."

   **RESPONSE:**       See expert reports produced in the section 5 case.

15.   Please produce copies of all documents and tangible things relating to the allegation in Paragraph 2(a) of your Federal Complaint that "it has been estimated that, of [the 1,893,143 voters in the allegation recited in Request No. 11]…850,424 (49.0%) are Anglo, 304,931 (17.6%) are black, and 525,503 (30.3%) are Latino."

   **RESPONSE:**       See expert reports produced in the section 5 case.

16.   Please produce copies of all documents and tangible things relating to the allegation in Paragraph 2(a) of your Federal Complaint that "20.7% of black voters and 17.5% of Latino voters cannot be matched [to a record in either the State's driver license database or the State's concealed weapons license database], while only 10.9% of Anglo voters cannot be matched [to a record in either the State's driver license database or the State's concealed weapons license database]."

   **RESPONSE:**       See expert reports produced in the section 5 case.

17.   Please produce copies of all documents and tangible things relating to the allegation in Paragraph 2(a) of your Federal Complaint that "17.5% of voters with Spanish surnames cannot be matched [to a record in either the State's driver license database or the State's concealed weapons license database] whereas 13.6% of voters with non-Spanish surnames cannot be matched [to a record in either the State's driver license database or the State's concealed weapons license database]."

   **RESPONSE:**       See expert reports produced in the section 5 case.

18.   Please produce copies of all documents and tangible things relating to the allegation in Paragraph 2(a) of your Federal Complaint that "[i]ndividuals who cannot be matched to an SB 14 ID issued by the Texas Department of Public Safety (DPS) are unlikely to have the state-issued ID needed to vote pursuant to SB 14."

   **Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents

without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

19.     Please produce copies of all documents and tangible things relating to the allegation in Paragraph 2(a) of your Federal Complaint that "[e]ven the State of Texas acknowledges that the number of persons who are currently registered to vote but lack a photo ID issued by the State DPS, or at-risk voters, is quite large."

    **Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any

such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

20.     Please produce copies of all documents and tangible things relating to the allegation in Paragraph 3 of your Federal Complaint that "a disproportionate number of registered voters who lack SB 14 ID are racial or ethnic minorities, or are poor, elderly or disabled people."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

21.     Please produce copies of all documents and tangible things relating to the allegation in in Paragraph 4 of your Federal Complaint that "[t]he Supreme Court has many times addressed Texas' restrictive voting procedures and Texas' history and present-day legacy of discrimination."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with

reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

22. Please produce copies all documents and tangible things relating to the allegation in Paragraph 4(a) of your Federal Complaint that "SB 14 again gives Texas the distinction of having the most restrictive voter registration procedures in the nation."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other

20

requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

23.     Please produce copies all documents and tangible things relating to the allegation in Paragraph 4(b) of your Federal Complaint that Texas has a "history and present-day legacy of discrimination."

> **RESPONSE:**     Plaintiffs object to this request as duplicitous of other requests herein.

24.     Please produce all documents and tangible things relating to the allegation in Paragraph 7(b) of your Federal Complaint that Plaintiff "Floyd James Carrier is a resident of China, Jefferson County, Texas."

> **Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

> **Response:**   Subject to objection:See documents previously produced.

25.     Please produce all documents and tangible things relating to the allegation in Paragraph 7(b) of your Federal Complaint that Plaintiff Floyd James Carrier "is African-American."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

**Response:**   Subject to objection: See documents previously produced.

26.   Please produce copies all documents and tangible things relating to the allegation in Paragraph 7(b) of your Federal Complaint that Plaintiff Floyd James Carrier "is physically disabled (wheel-chair-bound)."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or

information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

**Response:**   Subject to objection:See documents previously produced.

27.   Please produce all documents and tangible things relating to the allegation in Paragraph 7(c) of your Federal Complaint that Plaintiff Anna Burns "is a resident of Fort Worth, Tarrant County, Texas."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

**Response:**   Subject to objection:See documents previously produced.

28.   Please produce all documents and tangible things relating to the allegation in Paragraph 7(c) of your Federal Complaint that Plaintiff Anna Burns "is Latino."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all

23

documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

**Response:**   Subject to objection:See documents previously produced.

29.   Please produce all documents and tangible things relating to the allegation in Paragraph 7(d) of your Federal Complaint that Plaintiff Michael Montez "is a resident of Galveston, Galveston County, Texas."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery

request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

**Response:**   Subject to objection:See documents previously produced.

30.   Please produce all documents and tangible things relating to the allegation in Paragraph 7(d) of your Federal Complaint that Plaintiff Michael Montez "is Latino."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

**Response:**   Subject to objection:See documents previously produced.

31.   Please produce all documents and tangible things relating to the allegation in Paragraph 7(d) of your Federal Complaint that Plaintiff Michael Montez "is an elected Constable in Galveston County."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all

documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

32.   Please produce all documents and tangible things relating to the allegation in Paragraph 7(e) of your Federal Complaint that Plaintiff Penny Pope "is a resident of Galveston, Galveston County, Texas."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point,

to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

**Response:**   Subject to objection: See documents previously produced.

33.   Please produce all documents and tangible things relating to the allegation in Paragraph 7(e) of your Federal Complaint that Plaintiff Penny Pope "is African-American."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

**Response:**   Subject to objection: See documents previously produced.

34.   Please produce all documents and tangible things relating to the allegation in Paragraph 7(e) of your Federal Complaint that Plaintiff Penny Pope "is an elected Justice of the Peace in Galveston County."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents

without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

**Response:**     Subject to objection: See documents previously produced.

35.   Please produce all documents and tangible things relating to the allegation in Paragraph 7(f) of your Federal Complaint that Plaintiff Jane Hamilton is "a resident of Dallas, Dallas County, Texas."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point,

28

to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

**Response:**   Subject to objection:See documents previously produced.

36.   Please produce all documents and tangible things relating to the allegation in Paragraph 7(f) of your Federal Complaint that Plaintiff Jane Hamilton is "African-American."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

**Response:**   Subject to objection:See documents previously produced.

37.   Please produce all documents and tangible things relating to the allegation in Paragraph 7(f) of your Federal Complaint that Plaintiff Jane Hamilton is  "active in political organization in [your] community, including efforts to organize and encourage people to vote."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad,

vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties; (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

38. Please produce all documents and tangible things relating to the allegation in Paragraph 7(g) of your Federal Complaint that Plaintiff Sergio De Leon "is a resident of Fort Worth, Tarrant County, Texas."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any

such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

**Response:**   Subject to objection: See documents previously produced.

39.   Please produce all documents and tangible things relating to the allegation in Paragraph 7(g) of your Federal Complaint that Plaintiff Sergio De Leon "is Latino."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties; (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related. Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

**Response:**   Subject to objection: See documents previously produced.

40.   Please produce all documents and tangible things relating to the allegation in Paragraph 7(g) of your Federal Complaint that Plaintiff Sergio De Leon "is an elected Justice of the Peace in Tarrant County."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is

unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

41.   Please produce all documents and tangible things relating to the allegation in Paragraph 7(h) of your Federal Complaint that Plaintiff Oscar Ortiz "is a resident of Corpus Christi, Nueces County, Texas."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other

requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

42. Please produce all documents and tangible things relating to the allegation in Paragraph 7(h) of your Federal Complaint that Plaintiff Oscar Ortiz "is Latino."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

43. Please produce all documents and tangible things relating to the allegation in Paragraph 7(h) of your Federal Complaint that Plaintiff Oscar Ortiz "is an elected County Commissioner in Nueces County."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery.

Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related. Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

44.   Please produce all documents and tangible things relating to the allegation in Paragraph 7(i) of your Federal Complaint that Plaintiff Koby Ozias "is a resident of Corpus Christi, Nueces County, Texas."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties; (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related. Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

45.   Please produce all documents and tangible things relating to the allegation in Paragraph 7(i) of your Federal Complaint that Plaintiff Koby Ozias "is Anglo."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

46.   Please produce all documents and tangible things relating to the allegation in Paragraph 7(j) of your Federal Complaint that Plaintiff John Mellor- Crummey "is a resident of Houston, Harris County, Texas."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer

unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

47.   Please produce all documents and tangible things relating to the allegation in Paragraph 7(j) of your Federal Complaint that Plaintiff John Mellor- Crummey is "Anglo."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

48.   Please produce all documents and tangible things relating to the allegation in Paragraph 7(k) of your Federal Complaint that Plaintiff Peggy Draper Herman "is a resident of San Antonio, Bexar County, Texas."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that

36

it calls for the production of documents and tangible things within the control of third parties; (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related. Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

49.    Please produce all documents and tangible things relating to the allegation in Paragraph 7(k) of your Federal Complaint that Plaintiff Peggy Draper Herman "is Anglo."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties; (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related. Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

50.    Please produce all documents and tangible things relating to the allegation in Paragraph 7(l) of your Federal Complaint that Plaintiff Evelyn Brickner "is a resident of San Antonio, Bexar County, Texas."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with

reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

**Response:**     Subject to objection:See documents previously produced.


51.     Please produce all documents and tangible things relating to the allegation in Paragraph 7(l) of your Federal Complaint that Plaintiff Peggy Draper Herman "is Anglo."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

52.     Please produce all documents and tangible things relating to the allegation in Paragraph 7(m) of your Federal Complaint that Plaintiff Gordon Benjamin "is a resident of San Antonio, Bexar County, Texas."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all

documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

53.    Please produce all documents and tangible things relating to the allegation in Paragraph 7(m) of your Federal Complaint that Plaintiff Gordon Benjamin "is African-American."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

54.    Please produce all documents and tangible things relating to the allegation in Paragraph 7(n) of your Federal Complaint that Plaintiff Ken Gandy "is a resident of Corpus Christi, Nueces County, Texas."

39

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties; (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

55.    Please produce all documents and tangible things relating to the allegation in Paragraph 7(n) of your Federal Complaint that Plaintiff Ken Gandy "is Anglo."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties; (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

56.    Please produce all documents and tangible things relating to the allegation in Paragraph 7(o) of your Federal Complaint that Plaintiff LULAC is the oldest and largest national Latino civil rights organization."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties; (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related. Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

57.    Please produce all documents and tangible things relating to the allegation in Paragraph 7(o) of your Federal Complaint that Plaintiff LULAC "is a nonprofit organization, incorporated under the laws of the State of Texas, with a presence in most of the fifty states and Puerto Rico."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties; (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related. Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

58.    Please produce all documents and tangible things relating to the allegation in Paragraph 7(o) of your Federal Complaint that Plaintiff LULAC "has chapters in most

Texas counties, including Nueces, Dallas and Harris Counties, and it has individual members who reside and vote in those counties."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

59.     Please produce all documents and tangible things relating to the allegation in Paragraph 7(o) of your Federal Complaint that Plaintiff LULAC "has long been active in representing Latinos and other minority interests in all regions of the state."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

60.     Please produce all documents and tangible things relating to the allegation in Paragraph 7(o) of your Federal Complaint that Plaintiff LULAC has, since 1971, "filed well over a hundred lawsuits on behalf of Latino voters throughout Texas, and has been successful in many of them."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

61.     Please produce all documents and tangible things relating to the allegation in Paragraph 7(p) of your Federal Complaint that "Dallas County is one of the largest counties in the State of Texas."

**RESPONSE:**      Plaintiffs object to this request on the grounds that it calls for information clearly in the possession of the Defendants herein.

62.     Please produce all documents and tangible things relating to the allegation in Paragraph 7(p) of your Federal Complaint that "Dallas County operates a voter registration system within its County Elections Department that complies with state and federal law."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses,

complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

63.     Please produce all documents and tangible things relating to the allegation in Paragraph 8(a) of your Federal Complaint that Plaintiffs "have a direct, substantial, and legally protectable interest in the subject matter of this litigation."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

64.     Please produce all documents and tangible things relating to the allegation in Paragraph 8(b) of your Federal Complaint that Plaintiff Carrier "lacks an SB 14 ID."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses,

complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

65.    Please produce all documents and tangible things relating to the allegation in Paragraph 8(b) of your Federal Complaint that "SB 14 bars" Plaintiff Carrier "from voting in person."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

66.    Please produce all documents and tangible things relating to the allegation in Paragraph 8(b) of your Federal Complaint that "Plaintiff Carrier is a disabled Army veteran".

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R.

Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related. Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

67.    Please produce all documents and tangible things relating to the allegation in Paragraph 8(b) of your Federal Complaint that Plaintiff Carrier's "veterans' ID, for instance, lacks a photograph."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related. Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

68.    Please produce all documents and tangible things relating to the allegation in Paragraph 8(b) of your Federal Complaint that Plaintiff Carrier "was denied the right to vote when he showed up at the polls on November 5, 2013, and he will continue to be denied the right to vote in future elections."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third

parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

69.    Please produce all documents and tangible things relating to the allegation in Paragraph 8(b) of your Federal Complaint that SB 14 has "stringent requirements."

**Objections:**   Plaintiffs object to this request as overly burdensome and abusive because it seeks information contained in the plain language of S.B. 14, which is in the public domain.

   **Response:**    The information sought is contained in S.B. 14.

70.    Please produce all documents and tangible things relating to the allegation in Paragraph 8(c) of your Federal Complaint that Plaintiff Burns "does possess a Texas driver's license."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

**Response:**       Subject to objection:See documents previously produced.

71.    Please produce all documents and tangible things relating to the allegation in Paragraph 8(c) of your Federal Complaint that Plaintiff Burns has made "efforts to change" the name on her driver's license."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

72.    Please produce all documents and tangible things relating to the allegation in Paragraph 8(c) of your Federal Complaint that "the name on" Plaintiff Burns' "driver's license does not match the full name on her voter registration certificate."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

73.    Please produce all documents and tangible things relating to the allegation in Paragraph 8(c) of your Federal Complaint that Plaintiff Burns will "likely" be "disqualify[ied]…from voting."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

74.    Please produce all documents and tangible things relating to the allegation in Paragraph 8(c) of your Federal Complaint that Plaintiff Burns "has a reasonable fear of being injured."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

75.     Please produce all documents and tangible things relating to the allegation in Paragraph 8(d) of your Federal Complaint that "Plaintiff Ozias does possess a passport."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

76.     Please produce all documents and tangible things relating to the allegation in Paragraph 8(d) of your Federal Complaint that Plaintiff Ozias has made "efforts to change" the information on his passport.

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

77.   Please produce all documents and tangible things relating to the allegation in Paragraph 8(d) of your Federal Complaint that "the information on [Plaintiff Ozias'] passport does not match his voter registration information."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

78.   Please produce all documents and tangible things relating to the allegation in Paragraph 8(d) of your Federal Complaint that Plaintiff Ozias will "likely" be "disqualify[ied]...from voting."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

79.   Please produce all documents and tangible things relating to the allegation in Paragraph 8(d) of your Federal Complaint that Plaintiff Ozias "has a reasonable fear of being injured."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

80.   Please produce all documents and tangible things relating to the allegation in Paragraph 8(e) of your Federal Complaint that Plaintiff Mellor-Crummey "does possess a driver's license."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

81.   Please produce all documents and tangible things relating to the allegation in Paragraph 8(e) of your Federal Complaint that Plaintiff Mellor-Crummey has made "efforts to change" the name on his driver's license.

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

82.   Please produce all documents and tangible things relating to the allegation in Paragraph 8(e) of your Federal Complaint that the name on Plaintiff Mellor- Crummey's driver's license "does not match the full name on his voter registration certificate."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

83.    Please produce all documents and tangible things relating to the allegation in Paragraph 8(e) of your Federal Complaint that Plaintiff Mellor-Crummey will "likely" be "disqualify[ied]…from voting."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

84.    Please produce all documents and tangible things relating to the allegation in Paragraph 8(e) of your Federal Complaint that Plaintiff Mellor-Crummey "has a reasonable fear of being injured."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

85.    Please produce all documents and tangible things relating to the allegation in Paragraph 8(f) of your Federal Complaint that Plaintiff Herman "does not possess an SB 14 ID."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

86.    Please produce all documents and tangible things relating to the allegation in Paragraph 8(f) of your Federal Complaint that Plaintiff Herman "is ninety years old."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

87.     Please produce all documents and tangible things relating to the allegation in Paragraph 8(f) of your Federal Complaint that Plaintiff Herman's "Texas driver's license is expired."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

88.     Please produce all documents and tangible things relating to the allegation in Paragraph 8(f) of your Federal Complaint that Plaintiff Herman's allegedly expired driver's license "does not qualify her to vote."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

89.   Please produce all documents and tangible things relating to the allegation in Paragraph 8(f) of your Federal Complaint that Plaintiff Herman has made "efforts to obtain" an EIC.

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

90.   Please produce all documents and tangible things relating to the allegation in Paragraph 8(f) of your Federal Complaint that Plaintiff Herman "has been unable to obtain an EIC because of the burdens involved."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

91.   Please produce all documents and tangible things relating to the allegation in Paragraph 8(f) of your Federal Complaint that Plaintiff Herman "did not vote on November 5, 2013."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

92.   Please produce all documents and tangible things relating to the allegation in Paragraph 8(f) of your Federal Complaint that Plaintiff Herman "does not have the requisite documentation to obtain an EIC for future elections."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

93.     Please produce all documents and tangible things relating to the allegation in Paragraph 8(g) of your Federal Complaint that Plaintiff Brickner "is ninety-six years old."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

94.     Please produce all documents and tangible things relating to the allegation in Paragraph 8(g) of your Federal Complaint that Plaintiff Brickner "did not possess an SB 14 ID on November 5, 2013."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

95.    Please produce all documents and tangible things relating to the allegation in Paragraph 8(g) of your Federal Complaint that Plaintiff Brickner was "unable to exercise her right to vote" on November 5, 2013.

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

96.    Please produce all documents and tangible things relating to the allegation in Paragraph 8(g) of your Federal Complaint that Plaintiff Brickner incurred "expense" to "obtain a qualifying ID before" the November 5, 2013 elections.

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

97.     Please produce all documents and tangible things relating to the allegation in Paragraph 8(g) of your Federal Complaint that Plaintiff Brickner incurred "incredible effort" to "obtain a qualifying ID before" the November 5, 2013 elections.

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

98.     Please produce all documents and tangible things relating to the allegation in Paragraph 8(g) of your Federal Complaint that Plaintiff Brickner had the "assistance of her daughter" to "obtain a qualifying ID before" the November 5, 2013 elections.

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

99.    Please produce all documents and tangible things relating to the allegation in Paragraph 8(g) of your Federal Complaint that Plaintiff Brickner was "unable to obtain a qualifying ID before" the November 5, 2013 elections.

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

100.    Please produce all documents and tangible things relating to the allegation in Paragraph 8(g) of your Federal Complaint that Plaintiff Brickner "determined [after the November 5, 2013 elections] that it would be easier to obtain a U.S. passport than an EIC."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its

responses pursuant to F.R.C.P. 26 at the close of discovery.

101.   Please produce all documents and tangible things relating to the allegation in Paragraph 8(g) of your Federal Complaint that Plaintiff Brickner "since [November 5, 2013] obtained a U.S. passport".

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

102.   Please produce all documents and tangible things relating to the allegation in Paragraph 8(g) of your Federal Complaint that the name on Plaintiff Brickner's passport "does not match the name on the voter list."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those

documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

103.   Please produce all documents and tangible things relating to the allegation in Paragraph 8(g) of your Federal Complaint that Plaintiff Brickner "reasonably fears that SB 14…will again prevent her from casting an effective ballot in the future."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

104.   Please produce all documents and tangible things relating to the allegation in Paragraph 8(g) of your Federal Complaint that SB 14 (as defined in the Federal Complaint) has "already disenfranchise" Plaintiff Brickner "once".

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such

contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

105.   Please produce all documents and tangible things relating to the allegation in Paragraph 8(h) of your Federal Complaint that Plaintiff Benjamin "does not have an SB 14 ID."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

106.   Please produce all documents and tangible things relating to the allegation in Paragraph 8(h) of your Federal Complaint that Plaintiff Benjamin has "two government-issued photo IDs—an unexpired Arizona driver's license and an ID card that allows him to ride for free at certain times on the San Antonio bus system."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so

would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

107.   Please produce all documents and tangible things relating to the allegation in Paragraph 8(h) of your Federal Complaint that "[n]either of these [two government-issued photo IDs Plaintiff Benjamin allegedly possesses] . . . qualifies him to vote under SB 14."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

108.   Please produce all documents and tangible things relating to the allegation in Paragraph 8(h) of your Federal Complaint that Plaintiff Benjamin "tried to obtain an EIC, but was unable."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually

supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

109.   Please produce all documents and tangible things relating to the allegation in Paragraph 8(h) of your Federal Complaint that Plaintiff Benjamin "does not have a birth certificate."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

110.   Please produce all documents and tangible things relating to the allegation in Paragraph 8(h) of your Federal Complaint that Plaintiff Benjamin "normally votes in elections."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses,

complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

111.   Please produce all documents and tangible things relating to the allegation in Paragraph 8(h) of your Federal Complaint that Plaintiff Benjamin "was unable to vote on November 5, 2013."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

112.   Please produce all documents and tangible things relating to the allegation in Paragraph 8(h) of your Federal Complaint that Plaintiff Benjamin "will not be able to vote in future elections."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R.

Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

113.   Please produce all documents and tangible things relating to the allegation in Paragraph 8(i) of your Federal Complaint that Plaintiff Gandy "does not have an SB 14 ID."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

114.   Please produce all documents and tangible things relating to the allegation in Paragraph 8(i) of your Federal Complaint that Plaintiff Gandy is "unable to vote in person as a result of SB 14's enforcement."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the

grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

115.   Please produce all documents and tangible things relating to the allegation in Paragraph 8(i) of your Federal Complaint that Plaintiff Gandy "has an expired Texas driver's license."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

116.   Please produce all documents and tangible things relating to the allegation in Paragraph 8(i) of your Federal Complaint that Plaintiff Gandy "has been unable to obtain an EIC" from the Texas Department of Public Safety.

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third

parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

117.   Please produce all documents and tangible things relating to the allegation in Paragraph 8(i) of your Federal Complaint that Plaintiff Gandy "lacks the necessary underlying documentation" to obtain a form of identification specified by SB 14.

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

118.   Please produce all documents and tangible things relating to the allegation in Paragraph 8(i) of your Federal Complaint that Plaintiff Gandy "was denied…the ability to vote in person".

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that

it calls for the production of documents and tangible things within the control of third parties; (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related. Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

119.   Please produce all documents and tangible things relating to the allegation in Paragraph 8(i) of your Federal Complaint that Plaintiff Gandy "will continue to be denied, the ability to vote in person."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties; (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related. Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

120.   Please produce all documents and tangible things relating to the allegation in Paragraph 8(i) of your Federal Complaint that "SB 14 effectively treats [Plaintiff Gandy] as a second-class citizen."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with

reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties; (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

121.   Please produce all documents and tangible things relating to the allegations in Paragraph 8(i) of your Federal Complaint that SB 14 "[denies] [Plaintiff Gandy] his right to participate in elections in the same ways that others who possess SB 14 ID are able to participate."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties; (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

122.   Please produce all documents and tangible things relating to the allegation in Paragraph 8(j) of your Federal Complaint that "[u]ntil SB 14 took effect, Dallas County used to register its residents to vote in compliance with federal laws . . . and relevant state laws."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all

documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

123.   Please produce all documents and tangible things relating to the allegation in Paragraph 8(j) of your Federal Complaint that "Dallas County also used to provide eligible citizens with all of the documentation they needed to vote at the polls."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

124.   Please produce all documents and tangible things relating to the allegation in Paragraph 8(j) of your Federal Complaint that "the Dallas County Elections Office can no longer provide all of the documents needed to vote."

**Objections:**   Plaintiffs object to this request as overly burdensome and abusive.   The plain language of S.B. 14 details what photo ID documents are mandatory in order to vote.   Further, the photo identifications outlined by S.B. 14 are either issued by the State of Texas or the federal government.   As such, the State of Texas is already well aware of where and how such photo identification is obtained and that such photo identification is not available at the Dallas County Elections Office.

**Response:**   The information sought is contained in S.B. 14 and in other documents contained in the public domain or in Defendants' possession, custody, and/or control.

125.   Please produce all documents and tangible things relating to the allegation in Paragraph 8(j) of your Federal Complaint that "[Dallas] County's Election offices . . . do not have the current ability to photograph voters."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

125.   Please produce all documents and tangible things relating to the allegation in Paragraph 8(j) of your Federal Complaint that "[Dallas] County's Election offices . . . do not have the current ability to photograph voters."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R.

Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related. Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

126. Please produce all documents and tangible things relating to the allegation in Paragraph 8(j) of your Federal Complaint that "despite Dallas County's desire to maintain its ability to promote and facilitate every voter's ability to vote, it can no longer do so because the State, in enacting SB 14, has tied its hands."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related. Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

127. Please produce all documents and tangible things relating to the allegation in Paragraph 8(j) of your Federal Complaint that SB 14 "tak[es] away [your] previous capacity to effectively register [your] residents."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third

parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

128.   Please produce all documents and tangible things relating to the allegation in Paragraph 8(j) of your Federal Complaint that "SB 14 substantially increases the county's election costs."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

**Response:**   Subject to Objection:      Plaintiffs contend that this request should be sent to Dallas County.

129.   Please produce all documents and tangible things relating to the allegation in Paragraph 8(j) of your Federal Complaint that "Dallas County has already expended money to send out a first round of notices to voters who appear to lack SB 14 IDs."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3)

on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

**Response:**   Subject to Objection:   Plaintiffs contend that this request should be sent to Dallas County.

130.   Please produce all documents and tangible things relating to the allegation in Paragraph 8(j) of your Federal Complaint that "the State has failed to provide this minimum due process notice to voters who will be disfranchised as a result of SB 14."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

131.   Please produce all documents and tangible things relating to the allegation in Paragraph 8(j) of your Federal Complaint that "in the future, Dallas County, through its election office, will be required to train poll workers."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

**Response:**   Subject to Objection:    Plaintiffs contend that this request should be sent to Dallas County.

132.   Please produce all documents and tangible things relating to the allegation in Paragraph 8(j) of your Federal Complaint that "in the future, Dallas County, through its election office, will be required to . . . supervise and ensure rejection of voters at the polls."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

**Response:**   Subject to Objection:       Plaintiffs contend that this request should be sent to Dallas County.

133.   Please produce all documents and tangible things relating to the allegation in Paragraph 8(j) of your Federal Complaint that "in the future, Dallas County, through its election office, will be required to . . . process a considerable increase in provisional ballots."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

**Response:**   Subject to Objection:       Plaintiffs contend that this request should be sent to Dallas County.

134.   Please produce all documents and tangible things relating to the allegation in Paragraph 8(j) of your Federal Complaint that "in the future, Dallas County, through its election office, will be required to . . . provide additional staff to allow voters to return to the County's offices with appropriate SB 14 ID after elections."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually

supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

**Response:**   Subject to Objection:       Plaintiffs contend that this request should be sent to Dallas County.

135.   Please produce all documents and tangible things relating to the allegation in Paragraph 8(j) of your Federal Complaint that "in the future, Dallas County, through its election office, will be required to . . . provide additional staff to assist voters in navigating different agencies to obtain SB 14 ID."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

**Response:**   Subject to Objection:       Plaintiffs contend that this request should be sent to Dallas County.

136.   Please produce all documents and tangible things relating to the allegation in Paragraph 8(j) of your Federal Complaint that "in the future, Dallas County, through its election office, will be required to . . . take numerous other governmental actions."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3)

on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

**Response:**   Subject to Objection:      Plaintiffs contend that this request should be sent to Dallas County.

137.   Please produce all documents and tangible things relating to the allegation in Paragraph 8(j) of your Federal Complaint that "Dallas County must incur [the alleged costs referenced in Paragraph 8(j) of your Federal Complaint], even though the new law will cause unnecessary confusion and anger among voters and poll officials."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

**Response:**   Subject to Objection:      Plaintiffs contend that this request should be sent to Dallas County.

138.   Please produce all documents and tangible things relating to the allegation in Paragraph 8(j) of your Federal Complaint that "Dallas County must also incur [the alleged costs referenced in Paragraph 8(j)] even though it is being required . . . to intentionally and unlawfully discriminate against its citizens."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

**Response:**   Subject to Objection:   Plaintiffs contend that this request should be sent to Dallas County.

139.   Please produce all documents and tangible things relating to the allegation in Paragraph 8(j) of your Federal Complaint that "Dallas County also reasonably fears legal liability—and hence monetary liability—for enforcing a law that deprives its citizens of their rights under the U.S. Constitution and federal law."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so

would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

**Response:**   Subject to Objection:       Plaintiffs contend that this request should be sent to Dallas County.

140.   Please produce all documents and tangible things relating to the allegation in Paragraph 8(j) of your Federal Complaint that "Dallas County will become an instrumentality of the State's intentional discrimination against its voters, in opposition to the will of the popularly elected local officials and with the commensurate requirement that county tax assessments be used to enforce SB 14."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

Response:     Subject to Objection:       Plaintiffs contend that this request should be sent to Dallas County.

141.   Please produce all documents and tangible things relating to the allegation in Paragraph 8(k) of your Federal Complaint that the State "[has failed] to fulfill its obligations to voters."

**Objections:**   Plaintiffs object because Defendants seek documentation on an ultimate issue of fact to be determined by this Court.

142.   Please produce all documents and tangible things relating to the allegation in

Paragraph 8(k) of your Federal Complaint that "the incredible and unprecedented discretion and lack of uniformity in officials' determinations about which voters to 'accept' will more heavily impact minority voters with non-Anglo names and nicknames."

**Objections:** Plaintiffs object because Defendants seek documentation on an ultimate issue of fact to be determined by this Court.

143. Please produce all documents and tangible things relating to the allegation in Paragraph 8(l) of your Federal Complaint that "[t]he remaining individual Plaintiffs [as identified in your Federal Complaint] are office-holders who seek election to their current or other elected offices, and political organizers."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties; (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related. Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

144. Please produce all documents and tangible things relating to the allegation in Paragraph 8(l) of your Federal Complaint that "[t]he remaining individual Plaintiffs [as identified in your Federal Complaint] . . . represent largely minority communities and voters in Texas."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties; (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R.

Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related. Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

145.   Please produce all documents and tangible things relating to the allegation in Paragraph 8(l) of your Federal Complaint that "[t]he remaining individually named Plaintiffs [as identified in your Federal Complaint. . . possess SB 14 IDs."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related. Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

146.   Please produce all documents and tangible things relating to the allegation in Paragraph 8(l) of your Federal Complaint that "[t]he remaining individually named Plaintiffs [as identified in your Federal Complaint] . . . will be injured by SB 14's enforcement."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third

parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

147.   Please produce all documents and tangible things relating to the allegation in Paragraph 8(l) of your Federal Complaint that "SB 14's enforcement…will increase the costs and effort necessary to register voters".

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

148.   Please produce all documents and tangible things relating to the allegation in Paragraph 8(l) of your Federal Complaint that "SB 14's enforcement…will increase the costs and effort necessary to …administer elections".

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that

it calls for the production of documents and tangible things within the control of third parties; (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

149.   Please produce all documents and tangible things relating to the allegation in Paragraph 8(l) of your Federal Complaint that "SB 14's enforcement…will increase the costs and effort necessary to . . . run political campaigns".

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties; (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

150.   Please produce all documents and tangible things relating to the allegation in Paragraph 8(l) of your Federal Complaint that "SB 14's enforcement…will increase the costs and effort necessary to . . . seek, organize and turn out supporters whom SB 14 allows to vote."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3)

on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

151.   Please produce all documents and tangible things relating to the allegation in Paragraph 10 of your Federal Complaint that "SB 14 creates a double registration system that strips registered voters of the right to vote unless they obtain a second registration certificate."

**Objections:**   Plaintiffs object to this request as overly burdensome and abusive because it seeks information contained in the plain language of S.B. 14, which is in the public domain.

> **Response:**   The information sought is contained in S.B. 14.

152.   Please produce all documents and tangible things relating to the allegation in Paragraph 10 of your Federal Complaint that "[t]he acceptable Texas-issued IDs are . . . only obtainable from a DPS office."

**Objections:**   Plaintiffs object to this request as overly burdensome and abusive because it seeks information contained in the plain language of S.B. 14, which is in the public domain.

> **Response:**   The information sought is contained in S.B. 14.

153.   Please produce all documents and tangible things relating to the allegation in Paragraph 10 of your Federal Complaint that "[t]he federally-issued IDs . . . are only obtainable from certain agencies of the federal government."

**Objections:**   Plaintiffs object to this request as overly burdensome and abusive because it seeks information contained in the plain language of S.B. 14, which is in the public domain.

**Response:**     The information sought is contained in S.B. 14.

154.   Please produce all documents and tangible things relating to the allegation in Paragraph 11 of your Federal Complaint that "SB 14's statutory scheme severely burdens the million or more registered voters who currently lack such an ID."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

155.   Please produce all documents and tangible things relating to the allegation in Paragraph 11 of your Federal Complaint that "SB 14's statutory scheme . . . will continue to burden vast numbers of potential future-registered voters."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those

documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

156.   Please produce all documents and tangible things relating to the allegation in Paragraph 12 of your Federal Complaint that "SB 14 picks and chooses among voters to decide who is favored and who is not."

**Objections:**   Plaintiffs object to this request as overly burdensome and abusive because it seeks information contained in the plain language of S.B. 14, which is in the public domain.

> **Response:**   The information sought is contained in S.B. 14.

157.   Please produce all documents and tangible things relating to the allegation in Paragraph 12 of your Federal Complaint that "SB 14 decides that U.S. military personnel are favored, but that civilian personnel are not."

**Objections:**   Plaintiffs object to this request as overly burdensome and abusive because it seeks information contained in the plain language of S.B. 14, which is in the public domain.

> **Response:**   The information sought is contained in S.B. 14.

158.   Please produce all documents and tangible things relating to the allegation in Paragraph 12 of your Federal Complaint that "[h]olders of a state agency permit are favored if it is a concealed weapons permit, but not if it is a state hunting or fishing license, a state-college student ID, a state-college faculty or athletic coach ID, or a state employee ID."

**Objections:**   Plaintiffs object to this request as overly burdensome and abusive because it seeks information contained in the plain language of S.B. 14, which is in the public domain.

> **Response:**   The information sought is contained in S.B. 14.

159.   Please produce all documents and tangible things relating to the allegation in Paragraph 12 of your Federal Complaint that "'citizenship certificate'. . .is available only to non-U.S.-born persons who were citizens at birth (usually because of U.S.-citizen parents residing abroad), and persons who were young children when their parents became naturalized and thus automatically became citizens without take a separate oath."

**Objections:**   Plaintiffs object to this request as overly burdensome and abusive because it seeks information contained in the plain language of S.B. 14, which is in the public domain.

**Response:**   The information sought is contained in S.B. 14.

160.   Please produce all documents and tangible things relating to the allegation in Paragraph 13 of your Federal Complaint that "obtaining the necessary SB 14 ID is inconvenient and expensive for many people, especially racial and ethnic minorities and people who are poor, disabled or elderly."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

161.   Please produce all documents and tangible things relating to the allegation in Paragraph 14 of your Federal Complaint that "[a] voter registration office . . . is located in every one of Texas' 254 counties."

**Objections:**   Plaintiffs object to this request as overly burdensome and abusive as this information is in the Defendants' possession, custody and/or control.  The Secretary of State is a named defendant in this action and is well aware that each Texas county has a voter registration office.

162.   Please produce all documents and tangible things relating to the allegation in Paragraph 14 of your Federal Complaint that "every Texas resident could qualify [to vote] in his or her own county."

**Objections:**   Plaintiffs object to this request as overly burdensome and abusive as this information is in the Defendants' possession, custody and/or control.  The Secretary of State is a named defendant in this action and is well aware that each Texas county has a voter registration office.

163.   Please produce all documents and tangible things relating to the allegation in Paragraph 14 of your Federal Complaint that "[s]ome counties have more than one voter registration office."

**Objections:**   Plaintiffs object to this request as overly burdensome and abusive as this information is in the Defendants' possession, custody and/or control.  The Secretary of State is a named defendant in this action and is well aware that each Texas county has a voter registration office.

164.   Please produce all documents and tangible things relating to the allegation in Paragraph 14 of your Federal Complaint that "Harris County has 10" voter registration offices.

**Objections:**   Plaintiffs object to this request as overly burdensome and abusive as this information is in the Defendants' possession, custody and/or control.  The Secretary of State is a named defendant in this action and is well aware that each Texas county has a voter registration office.

165.   Please produce all documents and tangible things relating to the allegation in Paragraph 14 of your Federal Complaint that "every [Texas voter registration office] is open during all business hours, usually 9 to 5, Monday through Friday."

**Objections:**   Plaintiffs object to this request as overly burdensome and abusive as this information is in the Defendants' possession, custody and/or control.  The Secretary of State is a named defendant in this action and is well aware that each Texas county has a voter registration office.

166.   Please produce all documents and tangible things relating to the allegation in Paragraph 14 of your Federal Complaint that "these [voter registration] offices are now largely irrelevant in the voting process."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve,

at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

167.   Please produce all documents and tangible things relating to the allegation in Paragraph 15 of your Federal Complaint that "SB 14, for most people, requires that they go to a DPS office."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

168.   Please produce all documents and tangible things relating to the allegation in Paragraph 15 of your Federal Complaint that "[b]arely half of Texas' counties have a fully functioning DPS office."

**Objections:**   Plaintiffs object to this request as overly burdensome and abusive as this information is in the Defendants' possession, custody and/or control and is in the public domain.  In fact, DPS is a state agency.

169.   Please produce all documents and tangible things relating to the allegation in Paragraph 15 of your Federal Complaint that "[a]pproximately one third of Texas counties have no DPS office at all."

**Objections:**   Plaintiffs object to this request as overly burdensome and abusive as this information is in the Defendants' possession, custody and/or control and is in the public domain.  In fact, DPS is a state agency.

170.   Please produce all documents and tangible things relating to the allegation in Paragraph 15 of your Federal Complaint that "residents of those counties [without a DPS office] cannot qualify to vote in their own county."

**Response:**   See objections and responses to RFPs 168 and 169.

171.   Please produce all documents and tangible things relating to the allegation in Paragraph 15 of your Federal Complaint that "[a]nother 40 counties have offices open only sporadically, sometimes as little as one day per week."

**Objections:**   Plaintiffs object to this request as overly burdensome and abusive as this information is in the Defendants' possession, custody and/or control and is in the public domain.   In fact, DPS is a state agency.

172.   Please produce all documents and tangible things relating to the allegation in Paragraph 16 of your Federal Complaint that "[t]he only one of the SB 14 IDs that can be obtained without cost is the military ID."

**Objections:**   Plaintiffs object to this request as overly burdensome and abusive.   The plain language of S.B. 14 details what photo ID documents are mandatory in order to vote.   As such, the State of Texas is already well aware of where and how such state-issued photo identification is obtained, and the price as set by various state agencies.

**Response:**   The information sought is contained in S.B. 14 and in other documents contained in the public domain or in Defendants' possession, custody, and/or control.

173.   Please produce all documents and tangible things relating to the allegation in Paragraph 16 of your Federal Complaint that "[s]everal of the other SB 14 IDs have an explicit fee for issuance, which cannot be waived."

**Objections:**   Plaintiffs object to this request as overly burdensome and abusive as the information sought is in the State of Texas's possession, custody and control.   The plain language of S.B. 14 details what photo ID documents are mandatory in order to vote.   As such, the State of Texas is already well aware of where and how such state-issued photo identification is obtained, and the price as set by various state agencies.

**Response:**   The information sought is contained in S.B. 14 and in other documents contained in the public domain or in Defendants' possession, custody, and/or control.

174.   Please produce all documents and tangible things relating to the allegation in Paragraph 16 of your Federal Complaint that a "[c]oncealed weapons permit [costs] $140.00, plus the cost of training and ammunition for the qualifying exam."

**Objections:**   Plaintiffs object to this request as overly burdensome and abusive as the

95

information sought is in the State of Texas's possession, custody and control.   The State of Texas is already well aware of the price of a concealed weapons permit as the fee and certificate requirements are set by a state agency.

**Response:**   The information sought is contained in S.B. 14 and in other documents contained in the public domain or in Defendants' possession, custody, and/or control.

175.   Please produce all documents and tangible things relating to the allegation in Paragraph 16 of your Federal Complaint that a "U.S. Passport [costs] $135.00."

**Objections:**   Plaintiffs object to this request as overly burdensome and abusive because the sought for information is available in the public domain as the cost of a U.S. passport is set by the United States Government.

176.   Please produce all documents and tangible things relating to the allegation in Paragraph 16 of your Federal Complaint that a "[c]itizenship certificate (CIS Form I-560) [costs] $59.95."

**Objections:**   Plaintiffs object to this request as overly burdensome and abusive because the sought for information is available in the public domain as the cost of a U.S. passport is set by the United States Government.

177.   Please produce all documents and tangible things relating to the allegation in Paragraph 16 of your Federal Complaint that a "[d]river's license [costs] $25, plus the cost of any training and exam preparation and access to a vehicle for the driving portion of the exam."

**Objections:**   Plaintiffs object to this request as overly burdensome and abusive as the information sought is in the State of Texas's possession, custody and control.   The State of Texas is already well aware of the total cost of a driver's license as the fee and license requirements are set by a state agency.

**Response:**   The information sought is contained in S.B. 14 and in other documents contained in the public domain or in Defendants' possession, custody, and/or control.

178.   Please produce all documents and tangible things relating to the allegation in Paragraph 16 of your Federal Complaint that a "[p]ersonal identification card [costs] $16."

**Objections:**   Plaintiffs object to this request as overly burdensome and abusive as the information sought is in the State of Texas's possession, custody and control.   The State of Texas is already well aware of the price of a personal identification card as the cost is by a state agency.

96

**Response:**   The information sought is contained in S.B. 14 and in other documents contained in the public domain or in Defendants' possession, custody, and/or control.

179.   Please produce all documents and tangible things relating to the allegation in Paragraph 17 of your Federal Complaint that "a voter cannot obtain [an EIC] without presenting other documents that do cost money and which require significant effort to obtain."

**Objections:**   Plaintiffs object to this request as overly burdensome and abusive as the information sought is in the State of Texas's possession, custody and control.   The State of Texas is already well aware of requirements for obtaining an EIC.

180.   Please produce all documents and tangible things relating to the allegation in Paragraph 17(a) of your Federal Complaint that "[o]ften, the least expensive option for providing the necessary documentation to obtain an EIC is to obtain a certified copy of a birth certificate."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

181.   Please produce all documents and tangible things relating to the allegation in Paragraph 17(a) of your Federal Complaint that "many voters . . . currently do not possess a certified copy of their birth certificate."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3)

on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

182.   Please produce all documents and tangible things relating to the allegation in Paragraph 17(a) of your Federal Complaint that "these documents [necessary to obtain an EIC] cost money and the costs can be prohibitive to obtaining them."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

183.   Please produce all documents and tangible things relating to the allegation in Paragraph 17(a) of your Federal Complaint that "[t]hese voters [seeking to obtain an EIC] must also travel to an additional government office from DPS, which in many cases is equally or more inconvenient."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all

documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

184.   Please produce all documents and tangible things relating to the allegation in Paragraph 17(a) of your Federal Complaint that "there are tens of thousands of eligible Texas citizens who cannot obtain a birth certificate at any cost because one is not available for them."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

185.   Please produce all documents and tangible things relating to the allegation in Paragraph 17(b) of your Federal Complaint that "[v]oters whose legal names have

changed since birth and who present a birth certificate to apply for an EIC [are] most often women who have changed their names as a result of marriage or divorce."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

186.   Please produce all documents and tangible things relating to the allegation in Paragraph 17(b) of your Federal Complaint that some "[v]oters whose legal names have changed since birth and who present a birth certificate to apply for an EIC . . . cannot obtain [certified copies of their marriage licenses, divorce decrees, or other legal documents to verify their legal name change] at any price."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its

responses pursuant to F.R.C.P. 26 at the close of discovery.

187.   Please produce all document and tangible things relating to the allegation in Paragraph 17(b) of your Federal Complaint that "even for those voters who could obtain these documents [to verify their legal name change], it involves considerable additional burdens and expense."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

188.   Please produce all documents and tangible things relating to the allegation in Paragraph 17(b) of your Federal Complaint that "[v]oters whose legal names have changed since birth and who present a birth certificate to apply for an EIC . . . must contact yet another office and pay still more money" to obtain documents to verify their legal name changes.

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so

would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

189.   Please produce all documents and tangible things relating to the allegation in Paragraph 17(b) of your Federal Complaint that "in many Texas counties, a certified copy of a marriage license can cost in excess of $20 and, in some counties, it can cost in excess of $30."

**Objections:**   Plaintiffs object to this request as overly burdensome and abusive as the information sought is in the public domain.

**Response:**   The information sought is in the public domain and may be obtained from each Texas county.

190.   Please produce all documents and tangible things relating to the allegation in Paragraph 18 of your Federal Complaint that "[m]any voters . . . have made Herculean efforts to obtain one of the necessary SB 14 IDs . . . and have been unable to do so."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

191.   Please produce all documents and tangible things relating to the allegation in Paragraph 18 of your Federal Complaint that "some of the Plaintiffs, have made Herculean efforts to obtain one of the necessary SB 14 IDs . . . and have been unable to do so."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

192.   Please produce all documents and tangible things relating to the allegation in Paragraph 19 of your Federal Complaint that "the requirements for obtaining a driver's license or DPS personal ID card have been made more stringent in the past six years."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

193.   Please produce all documents and tangible things relating to the allegation in Paragraph 19 of your Federal Complaint that driver's licenses and DPS personal ID cards "are generally valid for six years."

**Objections:**  Plaintiffs object to this request as overly burdensome and abusive as the information sought is in the State of Texas's possession, custody and control.   The State of Texas is already well aware of the length of time that such photo identification documents are valid as they are issued by DPS, a state agency.

194.   Please produce all documents and tangible things relating to the allegation in Paragraph 19 of your Federal Complaint that "there are people who hold driver's licenses or DPS personal IDs (which qualify them to vote) who obtained them under less stringent requirements than would-be voters face in obtaining them today."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

195.   Please produce all documents and tangible things relating to the allegation in Paragraph 20 of your Federal Complaint that "[t]he State's purported measures for mitigating the effects of these burdens and inconvenience on certain classes of voters are also inadequate."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually

supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

196.   Please produce all documents and tangible things relating to the allegation in Paragraph 20(a) of your Federal Complaint that "allow[ing] certain older age and disabled citizens to vote without an SB 14 ID, but only by mail . . . is a form of segregation that limits the voting rights of these groups and amounts to second-class citizenship."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

197.   Please produce all documents and tangible things relating to the allegation in Paragraph 20(a) of your Federal Complaint that many older and disabled citizens allowed to vote without a form of identification specified by SB 14, by mail "will be required to vote well before the election campaigning is over."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third

parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

198.   Please produce all documents and tangible things relating to the allegation in Paragraph 20(a) of your Federal Complaint that many older and disabled citizens allowed to vote without a form of identification specified by SB 14, by mail "will. . .have less opportunity than other voters to make meaningful choices in elections."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

199.   Please produce all documents and tangible things relating to the allegations in Paragraph 20(b) of your Federal Complaint that "the category of disabled voters able to exercise [the] option [of obtaining a disability designation on their voter registration to be able to vote in person] is quite limited."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3)

on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

200.   Please produce all documents and tangible things relating to the allegation in Paragraph 20(b) of your Federal Complaint that "the process for obtaining this [disability] designation is complex and burdensome."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

201.   Please produce all documents and tangible things relating to the allegation in Paragraph 20(c) of your Federal Complaint that "it is not clear that the Secretary [of State] has authority under state law to add to the list of IDs included in the statute."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous;

(2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

202.   Please produce all documents and tangible things relating to the allegation in Paragraph 20(c) of your Federal Complaint that "the additional IDs [listed by the Secretary] are not widely available and will do little to mitigate SB 14's widely disfranchising effects."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

203.   Please produce all documents and tangible things relating to the allegation in Paragraph 21 of your Federal Complaint that "[t]he State has failed to . . . [send] notices to registered voters who are not listed in DPS records to inform them that they must acquire an SB 14 ID in order to keep voting."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

204.   Please produce all documents and tangible things relating to the allegation in Paragraph 22 of your Federal Complaint that "[t]he disfranchising effect of SB 14 is not limited to voters who lack SB 14 IDs."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

205.   Please produce all documents and tangible things relating to the allegation in Paragraph 22 of your Federal Complaint that "SB 14 therefore threatens to disfranchise

Texas voters who are 'no-matches,' i.e., those whose voter registration information does not match the information on their photo IDs."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

206.   Please produce all documents and tangible things relating to the allegation in Paragraph 23 of your Federal Complaint that "the number of 'no-match' Texas registered voters is in the millions."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

207.   Please produce all documents and tangible things relating to the allegation in Paragraph 24 of your Federal Complaint that there is a "no-match problem" to "mitigate".

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

208.   Please produce all documents and tangible things relating to the allegation in Paragraph 24 of your Federal Complaint that the Secretary of State's regulations relating to "those whose voter registration information does not match the information on their photo IDs" are "inadequate."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

209.   Please produce all documents and tangible things relating to the allegation in Paragraph 24 of your Federal Complaint that the Secretary of State's regulations relating to "those whose voter registration information does not match the information on their photo IDs" are vague and invite arbitrary, non-uniform, and discriminatory enforcement between different voters and between different localities in the state."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

210.   Please produce all documents and tangible things relating to the allegation in Paragraph 25 of your Federal Complaint that "voters with 'substantially similar' names on their voter registration and photo ID cannot know whether they will be permitted to vote."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such

contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

211.   Please produce all documents and tangible things relating to the allegation in Paragraph 25 of your Federal Complaint that "voters with 'substantially similar' names on their voter registration and photo ID . . . [e]ven if they are permitted to vote once, they cannot know whether they will be permitted to vote the next time."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

212.   Please produce all documents and tangible things relating to the allegation in Paragraph 26 of your Federal Complaint that "[t]he statute's provisions for signing affidavits . . . for select groups of voters are also inadequate."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so

would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

213.   Please produce all documents and tangible things relating to the allegation in Paragraph 26 of your Federal Complaint that "[t]he statute's provisions for . . . casting provisional ballots . . . for select groups of voters are also inadequate."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

214.   Please produce all documents and tangible things relating to the allegation in Paragraph 26 of your Federal Complaint that "[t]he statute's provisions for . . . using mail-in balloting for select groups of voters are also inadequate."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information

concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

215.   Please produce all documents and tangible things relating to the allegation in Paragraph 26(a) of your Federal Complaint that "[c]ertain 'no-match' voters can cast regular ballots . . . but these voters must undergo additional procedures to be able to cast regular ballots."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

216.   Please produce all documents and tangible things relating to the allegation in Paragraph 26(a) of your Federal Complaint that "[t]he process [of determining whether a no-match voter's information is substantially similar and signing an affidavit attesting to identity] may have to be repeated in future elections."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R.

Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

217.   Please produce all documents and tangible things relating to the allegation in Paragraph 26(a) of your Federal Complaint that "[a] [no-match] voter also may try to update their information to create an exact match, but this can be burdensome or difficult."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

218.   Please produce all documents and tangible things relating to the allegation in Paragraph 26(a) of your Federal Complaint that "some voters have tried to update their information but these attempted updates have been unsuccessful."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third

parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

219.   Please produce all documents and tangible things relating to the allegation in Paragraph 26(a) of your Federal Complaint that "some voters have tried to update their information but these attempted updates . . . can create new inconsistencies with other SB 14 qualifying IDs they possess."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

220.   Please produce all documents and tangible things relating to the allegation in Paragraph 26(b) of your Federal Complaint that "[f]or 'no-match' voters whose names are not deemed 'substantially similar,' the provisional ballot process is also wholly inadequate to ensure that these voters are able to cast effective ballots."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3)

117

on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties; (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

221.   Please produce all documents and tangible things relating to the allegation in Paragraph 26(b) of your Federal Complaint that "these [no-match provisional ballot] voters face severe burdens, including expense and inconvenience, to ensuring that their ballots are counted."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties; (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

222.   Please produce all documents and tangible things relating to the allegation in Paragraph 26(c) of your Federal Complaint that for elderly and disabled "nomatch" voters "cast[ing] mail-in ballots . . . is an inadequate substitution."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all

118

documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

223.   Please produce all documents and tangible things relating to the allegation in Paragraph 27 of your Federal Complaint that "[t]he State has failed to provide . . . notice to the 'no-match voters' to inform them that they must correct their records to be certain they will be allowed to vote."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

224.   Please produce all documents and tangible things relating to the allegation in Paragraph 28 of your Federal Complaint that "[i]n the recent 2013 elections in which SB 14 was in effect, many no-match voters were denied their right to vote."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

225.   Please produce all documents and tangible things relating to the allegation in Paragraph 29 of your Federal Complaint that "[e]nforcement of SB 14 will disproportionately disfranchise minority voters, especially African-Americans and Latinos."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

226.   Please produce all documents and tangible things relating to the allegation in Paragraph 29 of your Federal Complaint that Texas has a "history and present-day legacy of racial and ethnic discrimination."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

**Response:**   Subject to Objection: See reports produced and opinion issued in the Section 5 case.

227.   Please produce all documents and tangible things relating to the allegation in Paragraph 30 of your Federal Complaint that "[t]he percentage of currently registered voters who lack an SB 14 ID is significantly higher among African- Americans and Latinos than among non-minority voters."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve,

at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

228.   Please produce all documents and tangible things relating to the allegation in Paragraph 31 of your Federal Complaint that "[t]he percentage of currently registered voters who lack an SB 14 ID is significantly higher among poor Texans than non-poor Texans."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

229.   Please produce all documents and tangible things relating to the allegation in Paragraph 31 of your Federal Complaint that "African-Americans and Latinos are disproportionately found in the ranks of the poor population."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information

concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

230.   Please produce all documents and tangible things relating to the allegation in Paragraph 32 of your Federal Complaint that "[t]he scattered location of DPS offices further exacerbates the disproportionate injuries among minority voters."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

231.   Please produce all documents and tangible things relating to the allegation in Paragraph 32 of your Federal Complaint that "[t]he scattered location of DPS offices further exacerbates the disproportionate injuries . . . especially among Latino voters."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually

supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

232.   Please produce all documents and tangible things relating to the allegation in Paragraph 32 of your Federal Complaint that "the areas lacking DPS offices are disproportionately located in areas heavily populated by Latino voters."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

233.   Please produce all documents and tangible things relating to the allegation in Paragraph 33 of your Federal Complaint that there is an "inconvenience and expense of trying to acquire an SB 14 ID."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses,

complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

234.   Please produce all documents and tangible things relating to the allegation in Paragraph 33 of your Federal Complaint that "[o]vercoming the inconvenience and expense of trying to acquire an SB 14 ID will be more difficult for minority voters, especially African-Americans and Latinos."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

235.   Please produce all documents and tangible things relating to the allegation in Paragraph 33 of your Federal Complaint that "the disparity in SB 14 ID possession between [minority voters] and non-minority voters can be expected to grow."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the

grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

236.   Please produce all documents and tangible things relating to the allegation in Paragraph 34 of your Federal Complaint that "African-Americans and Latinos who have SB 14 ID are disproportionately likely to be denied their right to cast an effective ballot or face additional burdens to casting effective ballots."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

237.   Please produce all documents and tangible things relating to the allegation in Paragraph 35 of your Federal Complaint that "[c]urrently registered voters who are elderly or disabled . . . are less likely to possess an SB 14 ID."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that

it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

238.   Please produce all documents and tangible things relating to the allegation in Paragraph 35 of your Federal Complaint that "[c]urrently registered voters who are elderly or disabled are . . . less likely to be able to overcome the inconvenience and expense of acquiring [an SB 14 ID]."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

239.   Please produce all documents and tangible things relating to the allegation in Paragraph 36 of your Federal Complaint that "[a]lthough SB 14 allows elderly voters to vote by mail, such an alternative involves burdens on their right to vote and is not an equal substitute to voting in person."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous;

(2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

240.   Please produce all documents and tangible things relating to the allegation in Paragraph 37 of your Federal Complaint that "[w]omen are disproportionately likely to be denied their right to vote or to undergo additional burdens to casting effective ballots."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

241.   Please produce all documents and tangible things relating to the allegation in Paragraph 37 of your Federal Complaint that "[w]omen with SB 14 ID are more likely to have name discrepancies between their IDs and the voter list than are men."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all

documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

242.   Please produce all documents and tangible things relating to the allegation in Paragraph 37 of your Federal Complaint that "most women who lack SB 14 ID will have to provide more documentation than men to obtain SB 14 ID, including EIC, because they are more likely to have legally changed their names as a result of marriage or divorce."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

243.   Please produce all documents and tangible things relating to the allegation in Paragraph 41 of your Federal Complaint that "[f]or some voters, a trip to and from a DPS office would be 200-250 miles."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

244.   Please produce all documents and tangible things relating to the allegation in Paragraph 41 of your Federal Complaint that "[m]any DPS offices are inaccessible by public transportation."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

130

245.   Please produce all documents and tangible things relating to the allegation in Paragraph 43 of your Federal Complaint that "[h]ere the problem is the 'risk' of in-person voter impersonation, i.e., the risk that a person will appear at a polling place claiming to be another person."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

246.   Please produce all documents and tangible things relating to the allegation in Paragraph 43 of your Federal Complaint that "Texas' 'solution' to this 'problem' [of in-person impersonation] was SB 14."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its

responses pursuant to F.R.C.P. 26 at the close of discovery.

247.   Please produce all documents and tangible things relating to the allegation in Paragraph 44 of your Federal Complaint that "[t]he State has not produced . . . evidence of a single incident of voter impersonation that SB 14 would have prevented."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

248.   Please produce all documents and tangible things relating to the allegation in Paragraph 44 and 45 of your Federal Complaint that voter impersonation "[is] rare."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its

responses pursuant to F.R.C.P. 26 at the close of discovery.

249.   Please produce all documents and tangible things relating to the allegation in Paragraph 45 of your Federal Complaint that "voter impersonation" is "the only type of fraud which SB 14 could address."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

250.   Please produce all documents and tangible things relating to the allegation in Paragraph 45 of your Federal Complaint that "it is extremely difficult to impersonate another voter and not be caught."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those

documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

251.   Please produce all documents and tangible things relating to the allegation in Paragraph 45 of your Federal Complaint that "[i]n close elections, the campaigns go over the list of successful voters to check for impersonation."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

252.   Please produce all documents and tangible things relating to the allegation in Paragraph 45 of your Federal Complaint that "polling locations involve small geographic regions where voters and staff recognize one another."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such

contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

253.   Please produce all documents and tangible things relating to the allegation in Paragraph 45 of your Federal Complaint that "steep criminal penalties that pre-exist SB 14 . . . have proven adequate to deter [voter impersonation]."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

254.   Please produce all documents and tangible things relating to the allegation in Paragraph 45 of your Federal Complaint that "[s]omeone trying to vote on behalf of another must always worry that the person whom they impersonate will have voted earlier or will attempt to vote later."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so

would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

255.   Please produce all documents and tangible things relating to the allegation in Paragraph 46 of your Federal Complaint that SB 14 "disfranchis[es] and impos[es] a severe and discriminatory burden on thousands of registered voters."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

256.   Please produce all documents and tangible things relating to the allegation in Paragraph 49 of your Federal Complaint that "if the Defendants and the state legislators simply believed in good faith that a photo ID requirement is needed, they were obligated to and would have taken steps to promote voters' obtaining the photo IDs that would qualify them to vote under SB 14 and they would have taken steps to ensure that those with SB 14 IDs are able to cast effective ballots."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R.

Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

257.   Please produce all documents and tangible things relating to the allegation in Paragraph 50 of your Federal Complaint that "Texas is one of the lowest-ranking states in the nation for voter registration and voter turnout."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

**Response:**              This    information    is    publically    available    at https://www.census.gov/hhes/www/socdemo/voting/

258.   Please produce all documents and tangible things relating to the allegation in Paragraph 50 of your Federal Complaint that "[i]f the State were interested in increasing voter participation, as claimed, they would have taken steps to mitigate the disfranchising effects of the photo ID requirement."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with

137

reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties; (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

259.   Please produce all documents and tangible things relating to the allegation in Paragraph 50 of your Federal Complaint that "the State enacted the strictest photo ID requirement in the country."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties; (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

260.   Please produce all documents and tangible things relating to the allegation in Paragraph 51 and 53 of your Federal Complaint that "Texas chose to deny its citizens' interests by acting and failing to act in a variety of ways that could have mitigated the harshness and discrimination of the law."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous;

(2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

261.   Please produce all documents and tangible things relating to the allegation in Paragraph 54 of your Federal Complaint that "Texas could have exempted the elderly and all disabled persons from the requirement" of SB 14.

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

262.   Please produce all documents and tangible things relating to the allegation in Paragraph 54 of your Federal Complaint that "the elderly and all disabled persons . . . are least likely to have a driver's license or have any other reason to visit a DPS office."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all

139

documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

263.   Please produce all documents and tangible things relating to the allegation in Paragraph 54 of your Federal Complaint that "the elderly are more likely than others to lack the ability to ever obtain a birth certificate."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

264.   Please produce all documents and tangible things relating to the allegation in Paragraph 55 of your Federal Complaint that "Texas could have provided a 'reasonable impediment' exemption . . . allowing a voter to proceed without an SB 14 ID if a

reasonable impediment, such as the inability to pay for necessary documentation, prevented the voter from acquiring an SB 14 ID."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

265.   Please produce all documents and tangible things relating to the allegation in Paragraph 55 of your Federal Complaint that "Texas could have taken steps to ensure that the costs associated with obtaining SB 14 ID, including the 'free' EIC, were not prohibitive."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

266.   Please produce all documents and tangible things relating to the allegation in Paragraph 56 of your Federal Complaint that "Texas could have included additional types of photo IDs in the SB 14 list."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

267.   Please produce all documents and tangible things relating to the allegation in Paragraph 57 of your Federal Complaint that "Texas could have kept the current voter registration offices as real registration offices by providing those offices with simple cameras . . . so that a voter could truly register at the so-called registration offices."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its

responses pursuant to F.R.C.P. 26 at the close of discovery.

268.   Please produce all documents and tangible things relating to the allegation in Paragraph 58 of your Federal Complaint that "Texas could have provided a DPS in every county, and open every business day, so that voters could qualify in their home county."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

269.   Please produce all documents and tangible things relating to the allegation in Paragraph 59 of your Federal Complaint that "Texas could easily provide a photo ID capability at every polling place so that every voter who comes to vote and who does not possess an SB 14 photo ID could have their photo taken by a poll official on an ordinary cell phone camera and entered into the State database."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve,

at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

270.   Please produce all documents and tangible things relating to the allegation in Paragraph 60 of your Federal Complaint that "Texas could have actually funded a legitimate effort to raise public awareness of the new requirements and increase the likelihood citizens would have the necessary identification."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

271.   Please produce all documents and tangible things relating to the allegation in Paragraph 60 of your Federal Complaint that "Texas could have, and should have, sent notices to voters likely to be disfranchised as a result of SB 14."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information

concerning the legal contention to which the discovery request is related. Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

272.   Please produce all documents and tangible things relating to the allegation in Paragraph 60 of your Federal Complaint that Texas "generated a list of at least 795,555 voters it believed did not possess a DPS-issued ID . . . but it did not send notices to these likely affected voters."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related. Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

273.   Please produce all documents and tangible things relating to the allegation in Paragraph 61 of your Federal Complaint that "Texas could have, and should have, conducted an effective public education program to increase the public's awareness about the new and stringent requirements for participating in elections and exercising their fundamental right to vote."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the

grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related. Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

274. Please produce all documents and tangible things relating to the allegation in Paragraph 62 of your Federal Complaint that "Texas could have, and should have, funded county election offices to the degree necessary to reasonably and consistently enforce SB 14."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related. Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

275. Please produce all documents and tangible things relating to the allegation in Paragraph 63 of your Federal Complaint that "Texas has acted in every way to punish voters."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that

it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

276.   Please produce all documents and tangible things relating to the allegation in Paragraph 63 of your Federal Complaint that "Texas has acted in every way to . . . pick and choose which voters it will favor and which it will punish."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

277.   Please produce all documents and tangible things relating to the allegation in Paragraph 63 of your Federal Complaint that Texas has "especially choos[en] to punish African-American and Latino voters."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with

reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties; (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

278.   Please produce all documents and tangible things relating to the allegation in Paragraph 63 of your Federal Complaint that "Texas has acted in every way to . . . pick and choose which voters it will favor . . . especially choosing to punish African-American and Latino voters . . . in every redistricting cycle for at least four decades."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties; (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

279.   Please produce all documents and tangible things relating to the allegation in Paragraph 63 of your Federal Complaint that "SB 14 is designed not to qualify lawful voters, but to disqualify them."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all

documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

280.   Please produce all documents and tangible things relating to the allegation in Paragraph 64 of your Federal Complaint that "SB 14 was enacted with the purpose and intent to discriminate against racial and ethnic minorities."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

281.   Please produce all documents and tangible things relating to the allegation in Paragraph 65 of your Federal Complaint that Texas has a "long history of such discrimination [against racial and ethnic minorities], continuing up to the present."

**Objections:**   Plaintiffs object to this request on grounds that it is duplicitous of other requests herein.

282.   Please produce all documents and tangible things relating to the allegation in Paragraph 65 of your Federal Complaint that "SB 14 was passed at the same time and with the same intent as statewide redistricting maps that have already been adjudicated to be discriminatory."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

283.   Please produce all documents and tangible things relating to the allegation in Paragraph 66 of your Federal Complaint that "SB 14 was also passed through an unusual series of departures, both procedural and substantive, from the ordinary course of lawmaking in Texas."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information

concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

284.   Please produce all documents and tangible things relating to the allegation in Paragraph 66 of your Federal Complaint that "[a]mong these departures were the decision to treat the bill as "emergency legislation" and the decision to adopt an election reform that would result in significant voter disfranchisement."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

285.   Please produce all documents and tangible things relating to the allegation in Paragraph 66 of your Federal Complaint that "there were no reported problems that the [adopted election] reform could fix."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents  that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually

supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

286.  Please produce all documents and tangible things relating to the allegation in Paragraph 67 of your Federal Complaint that there was a "refusal of the Texas legislature to take any steps to mitigate" any alleged "burdens" of "SB 14."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

287.  Please produce all documents and tangible things relating to the allegation in Paragraph 72 of your Federal Complaint that SB 14 "results in a denial of the right to vote on account of race and language minority status, in that, under the totality of the circumstances, Plaintiffs and minority voters are denied an equal opportunity to participate effectively in the political process."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the

grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

288.   Please produce all documents and tangible things relating to the allegation in Paragraph 73 of your Federal Complaint that SB 14 "denies and abridges the right to vote on account of race and language minority status."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

289.   Please produce all documents and tangible things relating to the allegation in Paragraphs 75 of your Federal Complaint that SB 14 "purposely denies equal protection in registering and voting to Plaintiffs and other minority voters on account of race and ethnic origin."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that

it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

290.   Please produce all documents and tangible things relating to the allegation in Paragraph 77 of your Federal Complaint that SB 14 "purposely denies and abridges the right to register and vote to Plaintiffs and other minority voters on account of race and ethnic origin."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

291.   Please produce all documents and tangible things relating to the allegation in Paragraph 79 of your Federal Complaint that SB 14 "mandates arbitrary and disparate treatment of voters and denies equal access to the right to vote to eligible citizens."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3)

on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

292.   Please produce all documents and tangible things relating to the allegation in Paragraph 80 of your Federal Complaint that "SB 14 imposes severe burdens on voters, in time, inconvenience, and expense." (emphasis in your Federal Complaint)

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

293.   Please produce all documents and tangible things relating to the allegation in Paragraph 80 of your Federal Complaint that "burden [imposed by SB 14] is severe whether measured by how it affects a single voter or by how many voters it affects."

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous;

(2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

294.   Please produce all documents and tangible things relating to the allegation in paragraph 81 of your Federal Complaint that "SB 14 facially discriminates between classes of voters." (emphasis in your Federal Complaint).

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

295.   Please produce all documents and tangible things relating to the allegation in paragraph 81 of your Federal Complaint that "SB 14 facially discriminates between…those having and those lacking an SB 14 ID". (emphasis in your Federal Complaint).

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

296.   Please produce all documents and tangible things relating to the allegation in paragraph 81 of your Federal Complaint that "SB 14 facially discriminates between "holders of equivalent forms of photo ID who are treated differently by SB 14 such as federal military employees versus federal civilian employees." (emphasis in your Federal Complaint).

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

297.   Please produce all documents and tangible things relating to the allegation in paragraph 81 of your Federal Complaint that "SB 14 facially discriminates between residents of different counties." (emphasis in your Federal Complaint).

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

298.   Please produce all documents and tangible things relating to the allegation in Paragraph 82 of your Federal Complaint that "SB 14"'s "specific terms [do not] meet a compelling state interest (that is actual, not hypothetical)."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

299.  Please produce all documents and tangible things relating to the allegation in Paragraph 82 of your Federal Complaint that "SB 14"'s "provisions [are not] narrowly tailored" to meet a "compelling [state] interest in the least restrictive way."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

300.  Please produce all documents and tangible things relating to the allegation in Paragraph 82 of your Federal Complaint that "SB 14" does not "balanc[e] Texas' interest claim here…against the critically important interests of Plaintiffs and other Texas registered voters…"

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its

responses pursuant to F.R.C.P. 26 at the close of discovery.

301.   Please produce all documents and tangible things relating to the allegation in Paragraph 83 of your Federal Complaint that Texas has a "longstanding and recent history of purposeful racial and ethnic discrimination."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

302.   Please produce all documents and tangible things relating to the allegation in Paragraph 83 of your Federal Complaint that "poor, disabled, and elderly voters" are "targeted by SB 14."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.  Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those

documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

303.   Please produce all documents and tangible things relating to the allegation in Paragraph 85 of your Federal Complaint that SB 14 "fail[s] to provide adequate standards of uniformity in the treatment of voters."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

304.   Please produce all documents and tangible things relating to the allegation in Paragraph 85 of your Federal Complaint that SB 14 "vest[s] excessive discretion in local officials."

**Objections:**  Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such

contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

305.   Please produce all documents and tangible things relating to the allegation in Paragraph 85 of your Federal Complaint that SB 14 "arbitrarily pick[s] and choos[es] which photo IDs would be valid and which would not."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

306.   Please produce all documents and tangible things relating to the allegation in Paragraph 86 of your Federal Complaint that the State has "fail[ed] to provide adequate notice—individual or otherwise—to voters who were or will be disfranchised by SB 14."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve,

162

at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

307.   Please produce all documents and tangible things relating to the allegation in Paragraph 91 of your Federal Complaint that "SB 14 is an unconstitutional poll tax."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

308.   Please provide all documents and tangible things relating to the allegation in Paragraph 92 of your Federal Complaint that "[f]or voters who lack the required identification, SB 14 requires a payment of money in order to vote."

**Objections:**   Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;   (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve,

at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.

309.   Please produce all documents and tangible things that you intend to present as evidence at trial, to the extent not otherwise encompassed by these Discovery Requests.

**Objections:** Plaintiffs object to this request: (1) on grounds that the term "all documents and tangible things" renders this request overly broad, vague, and ambiguous; (2) to the extent that it seeks documents without any reasonable temporal limitation; (3) on grounds that it is unduly burdensome; (4) on grounds that it fails to describe with reasonable particularity each item or category of items sought to be produced; (5) in that it calls for the production of documents and tangible things within the control of third parties;  (6) pursuant to Fed. R. Civ. P. 33(c), to any such discovery request on the grounds that is premature in light of the present early stage of discovery. Because Fed. R. Civ. P. 26 imposes upon Plaintiffs a duty to supplement their discovery responses, complying with contention discovery request would require Plaintiffs to continually supplement its responses each time it receives an additional document or information concerning the legal contention to which the discovery request is related.   Doing so would cause the Plaintiffs to suffer unnecessary burden and expense and would not serve, at this point, to narrow the issues that are in dispute. As such, in response to any such contention discovery request, such as this one, Plaintiffs incorporate herein those documents produced in response to other requests but reserves the right to supplement its responses pursuant to F.R.C.P. 26 at the close of discovery.