# RULES OF THE SENATE

## QUORUM

1. Two-thirds of all the Senators elected shall constitute a quorum, but a smaller number may adjourn (or recess) from day to day, and compel the attendance of absent members. (See Constitution, Art. 3, Sec. 10.)

### Editorial Note

The exact text of Section 10 of Article 3 of the State Constitution is as follows:

"Two-thirds of each House shall constitute a quorum to do business, but a smaller number may adjourn from day to day, and compel the attendance of absent members, in such manner and under such penalties as each House may provide."

### Notes of Rulings

Twenty Members of the Senate constitute a quorum when only thirty Members have qualified (35 S.J. 2 C.S. 23, 32 (1917)).

Any Member may raise the point that no quorum is present and demand that the presence of a quorum be ascertained before further business is transacted (38 S.J. Reg. 472 (1923)).

A roll call to determine the presence or absence of a quorum that reveals no quorum present automatically suspends all business except action on motions to adjourn, motions to compel attendance of absentees, and motions for a call of the Senate (50 S.J. Reg. 486 (1947); 50 S.J. Reg. 889 (1947)).

A point of order that no quorum is present does not deter continued transaction of business by Senate if in fact a quorum is known by the Presiding Officer to be present and he so announces (50 S.J. Reg. 417 (1947)).

The raising of a point of order that no quorum is present justifies an order by the Presiding Officer that the roll be called to ascertain the presence or absence of a quorum (50 S.J. Reg. 417 (1947)).

The raising of a point of order that there is no quorum present is equivalent to a request that the President have a count of



2:13-cv-193
09/02/2014
DEF0959

Thursday, it shall go over until the succeeding calendar Wednesday as unfinished business.

## Notes of Rulings

A House bill, by a two-thirds vote, may be taken up and considered by the Senate on any day of the week (46 S.J. Reg. 634-635 (1939)).

The Senate may set a House bill for consideration and proceed to consider it on any day. In 1925, Senator Fairchild raised the point that the Senate could not consider a House bill on any days except Wednesday and Thursday, his contention being that since the Senate Rules and Joint Rules set aside Wednesday and Thursday of each week for the consideration of House Bills no such bill may be considered on any other days of the week except under a suspension of both the Senate and the Joint rules. Lieutenant Governor Barry Miller refused to rule on the point of order and submitted it to the Senate for its decision. The Senate refused to sustain the point of order by a vote of 10 yeas, 21 nays. (39 S.J. Reg. 1110-1111 (1925)).

When the Senate adjourns on Thursday of any week with a House bill pending, the bill then pending, whether it is a special order or not, may not be further considered until Wednesday of the next succeeding week unless the Senate by a two-thirds vote agrees to consider it further prior to that day (46 S.J. Reg. 1704 (1939)).

House bills may be considered in Senate under a suspension of the regular order of business on days other than calendar Wednesday and calendar Thursday (48 S.J. Reg. 1051 (1943)).

## SPECIAL ORDERS

15. Any bill, resolution or other measure may, on any day, be made a special order for a future time of the session by an affirmative vote of two-thirds of the Members present.

A special order shall be considered at the time for which it is set and considered from day to day until disposed of, unless at the time so fixed there is pending business under a special order, but such pending business may be suspended by a two-thirds vote of all the Members present. If a special order is not reached or considered at the time fixed, it shall not lose its place as a special order; provided further that all special orders shall be subject to the Joint Rules and Senate Rule 14.

## Notes of Rulings

An affirmative vote of two-thirds of all Senators present including those who ask to be recorded as "present—not voting" is required to set a special order (49 S.J. Reg. 427 (1945)).

The motion to set a bill for a special order is not a proper substitute for a motion to suspend the regular order of business and take up a bill for immediate consideration (50 S.J. Reg. 1005 (1947)).

A bill being considered as a special order that is laid on the table subject to call is no longer a special order (43 S.J. Reg. 980 (1933)).

Refusal of Senate to set bill as special order for a certain hour does not prevent a motion's being made and adopted immediately thereafter to set the bill as a special order for a different specified hour (45 S.J. Reg. 860 (1937)).

The motion to suspend the constitutional rule, to place on third reading and final passage a bill that has been passed to third reading or engrossment may be made and voted on, and the bill to which it applies may be taken up and passed, although the hour for the consideration of one or more bills set as special orders has arrived before the motion to suspend is made (45 S.J. Reg. 1555 (1937)).

A motion to set a bill as a special order may not be made when a bill is pending on final passage (45 S.J. Reg. 1640 (1937)).

A bill in the hands of the Senate printer of bills may be set as a special order for consideration at a future specified hour (45 S.J. 2 C.S. 147 (1937)).

A House bill may be set as a special order for consideration on a day that is not a House Bill day in the Senate and may be taken up and considered at the time for which it has been so set (45 S.J. 2 C.S. 181 (1937)).

An unfinished special order should be disposed of before any other special order is laid before the Senate (46 S.J. Reg. 1853 (1939)).

The Senate, by a two-thirds vote, may take up a bill out of its regular order for immediate consideration although there is an unfinished special order on the President's table awaiting the Senate's consideration (49 S.J. Reg. 1053 (1945)).

## CALL FOR YEAS AND NAYS BY PRESIDING OFFICER

58. Upon the final passage of all amendments proposed to the Constitution, of all bills appropriating money or lands for any purpose, and of all questions requiring a vote of two-thirds, the presiding officer shall call for the yeas and nays, and they shall be entered in the Journal. Upon a motion to suspend the rules, the presiding officer shall call for the yeas and nays, but they shall not be entered in the Journal unless required under Rule 59.

## CALL FOR YEAS AND NAYS BY THREE MEMBERS

59. At the desire of any three Members present, the yeas and nays shall be entered on the Journal, and the names of the Members present and not voting shall be recorded immediately after those voting in the affirmative and negative, and such Members shall be counted in determining the presence of a quorum. (See Constitution, Art. 3, Sec. 12.)

### Editorial Notes

Verification of a yea and nay vote is not provided for by any rule, but when a vote is close, it has been the practice for the presiding officer to order a verification when requested by any Member to do so.

The right of a Member present to "pair" with one absent is not specifically provided for by a Senate rule but "pairing" is a long established practice the propriety of which is not questioned.

## MEMBERS REFUSING TO ANSWER RECORDED PRESENT

60. Upon a roll call of the Senate, should any Member who is in the Senate Chamber fail or refuse to answer when his name is called, the Secretary of the Senate shall, under the direction of the President of the Senate, record such Member as present.

## MATTERS REQUIRING VOTE OF TWO-THIRDS OF ALL MEMBERS

61. (a) A vote of two-thirds of all Members elected to the Senate shall be required:

(1) For the final passage of amendments to the Constitution. (See Constitution, Article 17, Section 1.)

(2) In cases of great public calamity to release the payment of taxes. (See Constitution, Article 8, Section 10.)

    (3) For the final passage of bills to reduce a county to a less area than nine hundred square miles. (See Constitution, Article 9, Section 1.)

    (4) For the passage of an address to the Governor for the removal of any civil officer. (See Constitution, Article 15, Section 8.)

    (5) To expel a Member. (See Constitution, Article 3, Section 11.)

### Note of Ruling

    A vote of two-thirds of the Members is not required for passage of bill to create flood control district and donate portion of taxes collected therein to the district (48 S.J. Reg. 1053 (1943)).

### VETOED BILLS

    (b) A vote of two-thirds of all Members elected to the Senate shall be required for the passage of House Bills that have been returned by the Governor with his objections, and a vote of two-thirds of the Members of the Senate present shall be required for the passage of Senate Bills that have been returned by the Governor with his objections. (See Constitution, Article 4, Section 14.)

### Notes of Rulings

    A bill to amend a bill already passed and awaiting the Governor's approval may not be considered (43 S.J. Reg. 1658 (1933)).

    A specific case in which the vote of yeas and nays did not pass the bill over the Governor's veto is found at 47 S.J. Reg. 2748 (1941).

### MATTERS REQUIRING VOTE OF TWO-THIRDS OF MEMBERS PRESENT

    62. (a) A vote of two-thirds of all Members present shall be required:

    (1) For the impeachment of any officer. (See Constitution, Article 15, Section 3.)

    (2) To excuse absentees.

    (3) To adopt an amendment at third reading of a bill or a joint resolution.

    (4) To postpone or change the order of business.

    (5) To suspend, rescind or amend any rule of the Senate. Joint Rules of the two Houses may be adopted or amended by a simple majority of the members elected to the Senate and shall take precedence over Senate Rules in conflict.

    (b) A vote of two-thirds of the Members present shall be required for the confirmation of any appointee of the Governor, unless otherwise directed by law. (See Constitution, Article 4, Section 12.)

### Historical Notes

    The following rule was adopted by the Senate in 1911 (32 S.J. Reg. 790): "Rule 61a. It shall only require a majority vote of all Senators present to suspend pending business for the purpose of taking up and considering Senate Bill No. 1 and House Bill No. 226, any other rule or order to the contrary notwithstanding."

    Rule 63 as adopted at the regular session in 1911 read as follows: "Any rule or order of the Senate may be rescinded by a majority vote of all members elected . . . ."

    The following rule of the preceding legislature was eliminated from the 1911 Senate rules: "No standing rule or order of the Senate shall be rescinded or changed without one day's notice being given of the motion therefor."

    The following is the text of the old rule on rescinding, which was adopted by the Senate of the 34th Legislature:

    "(64) Any rule, order or act of the Senate may be rescinded or changed by a two-thirds vote of all Members present, except where otherwise provided by the Constitution or the laws." (34 S.J. Reg. 977 (1915)).

    The rule was later amended to require two-thirds of all Members to rescind or change a rule, and in 1939 the item (5) above was inserted in lieu of the old Rule 64.

### Note of Ruling

    Pending consideration of a conference report, a motion to suspend its consideration and take up a Senate bill for immediate consideration is in order. The motion is divisible, since it involves the suspension of Rule 26 (now Rule 24) and also of Rule 13, 61st Leg. (51 S.J. Reg. 1555 (1949)).

### Editorial Note

This ruling and other late Senate precedents relative to suspending a pending question for the purpose of taking up another indicate that it has become the prevailing opinion of the Senate's presiding officers and its Members that any pending debatable question, even a highly privileged one or one with high priority for consideration, may be suspended by a two-thirds vote of the Senate for the purpose of taking up another matter on the President's table for immediate consideration. Suspending a question that has itself been taken up under a suspension would most likely not be permitted.

## SUSPENSION OF THREE-DAY RULE

63. It shall require a vote of four-fifths of the Senate to suspend the rule requiring bills to be read on three several days. (See Constitution, Art. 3, Sec. 32.)

### Editorial Note

"Four-fifths of the Senate" means four-fifths of the Members present, provided a quorum is present.

### Note of Ruling

A motion to suspend the Constitutional Rule and Senate Rule 32 (now Rule 30) requiring bills to be read on three several days may be made although the same motion has been made and defeated on the same bill on the same legislative day (55 S.J. Reg. 1561 (1957)).

## DEFEATED BILL OR RESOLUTION

64. After a bill or resolution has been considered and defeated by either Branch of the Legislature, no bill or resolution containing the same substance shall be passed into a law during the same session. (See Constitution, Art. 3, Sec. 34.)

### Editorial Note

For an exhaustive ruling by Lieutenant Governor Stevenson on the effect on other bills on the same subject of the defeat of one bill on that subject, see 46 S.J. Reg. 666-671 (1939).