# RULES OF THE SENATE

## GENERAL PROCEDURE
## QUORUM

1. Two-thirds of all the Senators elected shall constitute a quorum, but a smaller number may adjourn (or recess) from day to day, and compel the attendance of absent Members (Constitution, Article 3, Section 10).

### Editorial Note

The exact text of Section 10 of Article 3 of the State Constitution is as follows:

"Two-thirds of each House shall constitute a quorum to do business, but a smaller number may adjourn from day to day, and compel the attendance of absent members, in such manner and under such penalties as each House may provide."

### Notes of Rulings

Twenty Members of the Senate constitute a quorum when only thirty Members have qualified (35 S.J. 2 C.S. 23, 32 (1917)).

A point of order that no quorum is present does not deter continued transaction of business by Senate if in fact a quorum is known by the Presiding Officer to be present and he so announces (50 S.J. Reg. 417 (1947)).

The raising of a point of order that no quorum is present justifies an order by the Presiding Officer that the roll be called to ascertain the presence or absence of a quorum (50 S.J. Reg. 417 (1947)).

Under Senate Rule No. 1 which states that "two-thirds of all of the Senators elected shall constitute a quorum, but a smaller number may adjourn (or recess) from day to day," a motion to recess (or adjourn) until a later time on the same day is a proper motion (61 S.J. Reg. 945 (1969)).





Rule 14.

Resolutions and House bills on special order and on third and second readings, respectively, and House Concurrent Resolutions, shall be taken up and considered until disposed of; provided in case one should be pending at adjournment on Thursday, it shall go over until the succeeding calendar Wednesday as unfinished business.

### Notes of Rulings

A House bill, by a two-thirds vote, may be taken up and considered by the Senate on any day of the week (46 S.J. Reg. 634-635 (1939)).

When the Senate adjourns on Thursday of any week with a House bill pending, the bill then pending, whether it is a special order or not, may not be further considered until Wednesday of the next succeeding week unless the Senate by a two-thirds vote agrees to consider it further prior to that day (46 S.J. Reg. 1704 (1939)).

House bills may be considered in Senate under a suspension of the regular order of business on days other than calendar Wednesday and calendar Thursday (48 S.J. Reg. 1051 (1943)).

When a Member is discussing a Senate Bill on calendar Monday or calendar Tuesday (which are considered Senate Bill Days in the Senate) and 12:01 o'clock a.m. Wednesday arrives (which is considered a House Bill Day in the Senate), no further discussion may be had on the Senate Bill (61 S.J. Reg. 956 (1969)).

### SPECIAL ORDERS

14. Any bill, resolution or other measure may, on any day, be made a special order for a future time of the session by an affirmative vote of two-thirds of the Members present.

A special order shall be considered at the time for which it is set and considered from day to day until disposed of, unless at the time so fixed there is pending business under a special order, but

such pending business may be suspended by a two-thirds vote of all the Members present. If a special order is not reached or considered at the time fixed, it shall not lose its place as a special order; provided further that all special orders shall be subject to the Joint Rules and Senate Rule 13.

### Editorial Notes

A bill once set as a special order does not lose its place on the Calendar of special orders if not taken up at the hour for which it is set.

A special order, the hour for the consideration of which has arrived, takes precedence of the unfinished business unless the unfinished business is itself a special order.

### Notes of Rulings

An affirmative vote of two-thirds of all Senators present including those who ask to be recorded as "present-not voting" is required to set a special order (49 S.J. Reg. 427 (1945)).

The motion to set a bill for a special order is not a proper substitute for a motion to suspend the regular order of business and take up a bill for immediate consideration (50 S.J. Reg. 1005 (1947)).

A bill being considered as a special order that is laid on the table subject to call is no longer a special order (43 S.J. Reg. 980 (1933)).

Refusal of Senate to set bill as special order for a certain hour does not prevent a motion's being made and adopted immediately thereafter to set the bill as a special order for a different specified hour (45 S.J. Reg. 860 (1937)).

The Senate, by a two-thirds vote, may take up a bill out of its regular order for immediate consideration although there is an unfinished special order on the President's table awaiting the Senate's consideration (49 S.J. Reg. 1053 (1945)).

Rule 15.

When the business before the Senate is a Special Order, the order of business may be suspended in order to consider other business (61 S.J. Reg. 2034 (1969)).

### RULINGS BY PRESIDENT

15. Every question of order shall in the first instance be decided by the President, from whose decision any Member may appeal to the Senate. Rulings which set or alter precedent shall be printed as an annotation to the Rules.

#### Editorial Note

A Member called to the Chair pending an appeal does not entertain any motions nor accept any further point of order.

See also Editorial Note following Rule 5.

### MOTIONS AND THEIR PRECEDENCE

16. When a question is under consideration by the Senate, no motion shall be made except:

(1) to fix the day to which the Senate shall adjourn or recess;

(2) to adjourn or recess;

(3) to proceed to the transaction of executive business;

(4) the previous question;

(5) to lay on the table;

(6) to lay on the table subject to call;

(7) to postpone to a time certain;

(8) to commit;

(9) to amend;

Rule 29.

## CALLS FOR YEAS AND NAYS BY THREE MEMBERS

29. (a) At the desire of any three Members present, the yeas and nays shall be entered on the Journal, and the names of the Members present and not voting shall be recorded immediately after those voting in the affirmative and negative, and such Members shall be counted in determining the presence of a quorum (Constitution, Article 3, Section 12).

(b) If a Member who is absent desires to be recorded on a pending question he may cast a paired vote by signing a pair slip which indicates his yea or nay vote with a Member who is present and casting an opposite vote, if the Member who is present so desires. Pair slips must be signed by both the absent and present Member and filed with the Secretary of the Senate before the vote. The vote of the absent Member, while recorded as an expression of his opinion of the matter considered, shall not be counted in the total of votes for or against the measure or motion.

### Editorial Note

Verification of a yea and nay vote is not provided for by any rule, but when a vote is close, it has been the practice for the presiding officer to order a verification when requested by any Member to do so.

## MEMBERS REFUSING TO ANSWER RECORDED PRESENT

30. Upon a roll call of the Senate, should any Member who is in the Senate Chamber fail or refuse to answer when his name is called, the Secretary of the Senate shall, under the direction of the President of the Senate, record such Member as present.

## MATTERS REQUIRING VOTE OF TWO-THIRDS OF ALL MEMBERS

31. (a) A vote of two-thirds of all Members elected to the Senate shall be required:

(1) for the final passage of proposed amendments to the Constitution (Constitution, Article 17, Section 1);

(2) in cases of great public calamity to release the payment of taxes (Constitution, Article 8, Section 10);

(3) for the final passage of bills to reduce a county to a less area than nine hundred square miles (Constitution, Article 9, Section 1);

(4) for the passage of an address to the Governor for the removal of any civil officer (Constitution, Article 15, Section 8);

(5) to expel a Member (Constitution, Article 3, Section 11).

### Note of Ruling

A vote of two-thirds of the Members is not required for passage of bill to create flood control district and donate portion of taxes collected therein to the district (48 S.J. Reg. 1053 (1943)).

### VETOED BILLS

(b) A vote of two-thirds of all Members elected to the Senate shall be required for the passage of House bills that have been returned by the Governor with his objections, and a vote of two-thirds of the Members of the Senate present shall be required for the passage of Senate bills that have been returned by the Governor with his objections (Constitution, Article 4, Section 14).

### Note of Ruling

A specific case in which the vote of yeas and nays did not pass the bill over the Governor's veto is found at 47 S.J. Reg. 2748 (1941).

### MATTERS REQUIRING VOTE OF TWO-THIRDS OF MEMBERS PRESENT

32. (a) A vote of two-thirds of all Members present shall be required:

(1) for the impeachment of any officer (Constitution, Article 15, Section 3);

(2) to excuse absentees;

(3) to adopt an amendment at third reading of a bill or a joint resolution;

Rule 32.

(4) to postpone or change the order of business;

(5) to suspend, rescind or amend any Rule of the Senate. Joint Rules of the two Houses may be adopted or amended by a simple majority of the Members elected to the Senate and shall take precedence over Senate Rules in conflict.

(b) A vote of two-thirds of the Members present shall be required for the confirmation of any appointee of the Governor, unless otherwise directed by law (Constitution, Article 4, Section 12).

### Historical Notes

The following rule was adopted by the Senate in 1911 (32 S.J. Reg. 790): "Rule 61a. It shall only require a majority vote of all Senators present to suspend pending business for the purpose of taking up and considering Senate Bill No. 1 and House Bill No. 226, any other rule or order to the contrary notwithstanding."

Rule 63 as adopted at the regular session in 1911 read as follows: "Any rule or order of the Senate may be rescinded by a majority vote of all members elected...."

The following rule of the preceding legislature was eliminated from the 1911 Senate rules: "No standing rule or order of the Senate shall be rescinded or changed without one day's notice being given of the motion therefor."

The following is the text of the old rule on rescinding, which was adopted by the Senate of the 34th Legislature:

"(64) Any rule, order or act of the Senate may be rescinded or changed by a two-thirds vote of all Members present, except where otherwise provided by the Constitution or the laws." (34 S.J. Reg. 977 (1915)).

The rule was later amended to require two-thirds of all Members to rescind or change a rule, and in 1939 the item (5) above was inserted in lieu of the old Rule 64.

### Note of Ruling

Pending consideration of a conference report, a motion to suspend its consideration and take up a Senate bill for immediate consideration is in order. The motion is divisible, since it involves the suspension of Rule 26 (now Rule 16) and also of Rule 13 (now Rule 12), 61st Leg. (51 S.J. Reg. 1555 (1949)).

### Editorial Note

This ruling and other late Senate precedents relative to suspending a pending question for the purpose of taking up another indicate that it has become the prevailing opinion of the Senate's presiding officers and its Members that any pending debatable question, even a highly privileged one or one with high priority for consideration, may be suspended by a two-thirds vote of the Senate for the purpose of taking up another matter on the President's table for immediate consideration. Suspending a question that has itself been taken up under a suspension would most likely not be permitted.

## SUSPENSION OF THREE-DAY RULE

33. It shall require a vote of four-fifths of the Senate to suspend the Rule requiring bills to be read on three several days (Constitution, Article 3, Section 32).

### Editorial Note

"Four-fifths of the Senate" means four-fifths of the Members present, provided a quorum is present.

### Note of Ruling

A motion to suspend the Constitutional Rule and Senate Rule 32 (now Rule 68) requiring bills to be read on three several days may be made although the same motion has been made and defeated on the same bill on the same legislative day (55 S.J. Reg. 1561 (1957)).