

# SENATE RULES

adopted by
81st LEGISLATURE
January 14, 2009

Senate Resolution No. 14



2:13-cv-193
09/02/2014

**DEF0968**



Rule 2.05

### FORFEITURE OF ADMISSION PRIVILEGE

**Rule 2.05.** If any person admitted to the Senate under this article shall lobby or work for or against any pending or prospective legislation or shall violate any of the other rules of the Senate, the privileges extended to said person under this article shall be suspended by a majority of the Committee on Administration. The action of the committee shall be reviewable by the Senate only if two members of the committee request an appeal from the decision of the committee, which appeal shall be in the form of a minority report, and shall be subject to the same rules that are applicable to minority reports on bills.

### EXCEPTIONS

**Rule 2.06.** This article shall not apply to any person who is invited to address the Senate when in session or to any person who desires to appear before any committee while going to or returning from the session of said committee or to the Governor while delivering an official message. This article shall not apply during the inauguration of the Governor and other public ceremonies provided for by resolution of the Senate.

### SUSPENSION OF ADMISSION RULE

**Rule 2.07.** It shall be in order for the President to entertain a request, motion, or resolution for the suspension of the Admission Rules or to present from the chair the request of any member for unanimous consent to suspend the Admission Rules.

### Editorial Note

The rule relating to admission to the floor of the Senate, as written prior to 1939, provided that the rule could not be suspended.

6

## ARTICLE III
## SENATE DECORUM

### PERSONS MUST BE PROPERLY
### ATTIRED IN SENATE CHAMBER

**Rule 3.01.** While the Senate is actually in session, no male Senator or Representative or any other male person shall come on the floor of the Senate without wearing a coat and tie. The Sergeant-at-Arms and doorkeepers are instructed to strictly enforce this rule, and only the President of the Senate may suspend the rule as to any person or to all persons, and that action to be taken in writing to the Sergeant-at-Arms.

### NO EATING OR DRINKING IN SENATE CHAMBER

**Rule 3.02.** No employee, Senator, Representative, or other person shall be allowed to eat or drink in the Senate Chamber proper at any time. The Sergeant-at-Arms shall strictly enforce this rule.

### MESSAGES TO MEMBERS

**Rule 3.03.** Messages or call slips shall not be delivered to members of the Senate when a roll call is in progress. Individuals desiring to pass a message to members of the Senate must sign their names to that message.

### POSTERS, PLACARDS, BANNERS, AND SIGNS

**Rule 3.04.** No poster, placard, banner, sign, or other similar material shall be carried into the Senate by any person, and no person shall attach or affix any poster, placard, banner, sign, or other similar material to the walls, rails, seats, or bannisters of the Senate Chamber. This rule shall be strictly enforced.

### APPLAUSE, OUTBURSTS, OR DEMONSTRATIONS

**Rule 3.05.** No applause, outburst, or other demonstration by any spectator shall be permitted during a session of the Senate. This rule shall be strictly enforced.

Rule 3.05

### Note of Ruling

After repeated warnings to persons in the gallery to refrain from demonstrating, the chair may direct the Sergeant-at-Arms to clear the gallery and lock the doors leading to the Senate Chamber (55 S.J. Reg. 1117 (1957)).

### PUNISHMENT FOR OBSTRUCTING PROCEEDINGS

**Rule 3.06.** The Senate, during its sessions, may imprison for 48 hours any person, not a member, for violation of the Senate rules, for disrespectful and disorderly conduct in its presence, or for obstructing any Senate proceeding. (Constitution, Article III, Section 15)

## ARTICLE IV
## DECORUM AND DEBATE OF MEMBERS OF THE SENATE

### MEMBERS TO ADDRESS PRESIDENT

**Rule 4.01.** When a Senator is about to speak in debate or to communicate any matter to the Senate, the member shall rise in his or her place and address the President of the Senate.

### Editorial Note

A member who desires to speak on a pending question should address the chair and, having obtained recognition, may speak, in an orderly and parliamentary way, and subject to the rules of the Senate, as long as he desires.

### Notes of Rulings

When a member has been recognized and is speaking on a motion to re-refer a bill, he must stand upright at his desk and may not lean thereon (61 S.J. Reg. 1760, 1762 (1969)).

8

When a member has the floor and is speaking on a bill or resolution, he must stand upright at his desk and may not lean or sit on his desk or chair (61 S.J. Reg. 1059 (1969)).

When speaking on a bill, a Senator may not stand at another Senator's desk or use another Senator's desk for any purpose (73 S.J. Reg. 1079 (1993)).

### INTERRUPTION OF PRESIDENT

**Rule 4.02.** The President of the Senate shall not be interrupted while putting the question or addressing the Senate.

### INTERRUPTION OF MEMBER SPEAKING

**Rule 4.03.** No member shall interrupt another Senator who has the floor or otherwise interrupt the business of the Senate, except for the purpose of making a point of order, calling the member having the floor to order, moving the previous question, demanding that a point of order under discussion or consideration be immediately decided, or making a motion to adjourn or recess. Though another member has the floor, any member shall be recognized by the presiding officer in order to call to order the member, to make a point of order, to move the previous question, or to demand that a point of order be immediately decided. A member who has the floor must yield to permit the Senate to receive messages from the Governor and from the House of Representatives and shall not lose the floor. A member who has the floor may yield for questions from other members and shall not lose the floor. In the event a member is interrupted because of a motion to adjourn or recess and the motion fails, the floor shall be immediately returned to the interrupted member. In the event the interrupted member was speaking under the previous question and a motion to adjourn or recess prevails, the member shall resume the floor and finish speaking when the bill is next considered by the Senate.

### Editorial Notes

It is the custom of the President to request a member to yield for a message.

Rule 4.03

Although there is no Senate rule by which a member can be taken from the floor for pursuing "dilatory tactics" (40 S.J. Reg. 882 (1927)), a Senator who has been repeatedly called to order for not confining his debate to the question before the Senate may be required by the Senate to discontinue his address.

A point of order against further debate of a question by a Senator on the ground that his remarks are not germane to the question before the Senate is often disposed of by the chair with a warning to the Senator who has the floor to confine his remarks to the pending question.

When speaking, a member must confine himself to the subject under debate. In discussing an amendment, the debate must be confined to the amendment and not include the general merits of the bill or other proposition.

The point of order having been raised for the third time that a Senator who had the floor was filibustering and not confining his remarks to the bill before the Senate, the chair requested the Senate to vote on the point of order. It was sustained and the Senator speaking yielded the floor (44 S.J. Reg. 1780 (1935)).

The withdrawal of a pending motion by its maker is a privilege that may be exercised at any time, even while a member is addressing the Senate (46 S.J. Reg. 1931, 2112-2113 (1939); 50 S.J. Reg. 1237 (1947)).

For an instance when the chair delayed the vote on a motion to put the previous question, see 38 S.J. Reg. 1169 (1923).

### Notes of Rulings

By raising a point of order, the speaker loses his right to resume speaking if the previous question has been ordered (42 S.J. Reg. 1683 (1931)).

10

The motion for the previous question may be made at any time, even when another member has the floor (42 S.J. 2 C.S. 236 (1931)).

A member may not take the floor on a point of personal privilege while another member is addressing the Senate (43 S.J. Reg. 1430 (1933)).

A parliamentary inquiry is a privileged matter (43 S.J. Reg. 1430 (1933)).

A speaker yielding the floor for the reception of a message from the House does not lose his right to resume the floor immediately after message received (46 S.J. Reg. 1873 (1939)).

Remarks not in the nature of an inquiry are not in order by a member to whom a Senator has yielded for a question (48 S.J. Reg. 519 (1943)).

A digression by a Senator in his speech on a pending amendment to another subject does not ban his resuming and continuing a germane discussion of the amendment (50 S.J. Reg. 417 (1947)).

A second digression by a Senator on the floor from a discussion of the pending amendment does not necessarily prevent his resuming and continuing a germane discussion of the amendment (50 S.J. Reg. 418 (1947)).

Raising of a third point of order against further debate by a Senator on the floor who has digressed for a third time from a discussion of the pending amendment, after having been twice requested to confine his debate to the amendment, justifies the presiding officer in calling for a vote by the Senate on the question of whether or not he shall be permitted to resume and continue his remarks (50 S.J. Reg. 418 (1947)).

A Senator addressing the Senate may not yield the floor temporarily except by unanimous consent to allow an address by another Senator on a point of personal privilege (50 S.J. Reg. 483 (1947)).

When a member has been recognized and is speaking on a bill or resolution, he may make a parliamentary inquiry but not raise a point of order without yielding the floor (61 S.J. Reg. 1057 (1969); 67 S.J. Reg. 1483-1484 (1981)).

A member speaking on a bill or resolution must confine his remarks to the subject of the bill or resolution (61 S.J. Reg. 1517 (1969)).

When a member has been recognized and is speaking on an amendment to a bill or resolution, he must confine his remarks to the subject of the amendment pending before the Senate (61 S.J. Reg. 856-857 (1969)).

When a member has been recognized and is speaking on a bill or resolution, he must confine his remarks to the subject of the bill and speak audibly (62 S.J. Reg. 778 (1971)).

No rule of the Senate prohibits repetitious remarks by a Senator if the remarks are germane to the matter under consideration (73 S.J. Reg. 3920 (1993)).

## RECOGNITION OF MEMBERS IN DEBATE

**Rule 4.04.** When two or more members rise at once, the presiding officer shall decide which one shall speak first, but from the presiding officer's decision an appeal without debate may be taken to the Senate by any member.

### Editorial Note

When a bill or other measure is before the Senate, the President first recognizes, for motions for its disposition, the author or sponsor of the bill, who is entitled at all stages to prior

recognition for motions that are in order which are intended to expedite the passage of the bill. In recognition for general debate, the President alternates between those favoring and those opposing a measure.

### Note of Ruling

If the sponsor of a bill does not seek recognition to debate the question of its passage and another member obtains the floor to debate it, the member so obtaining the floor should be permitted to finish his remarks on the bill before the sponsor is allowed to discuss it (46 S.J. Reg. 1869 (1939)).

### SPEAKING MORE THAN ONCE IN SINGLE DEBATE

**Rule 4.05.** No member shall speak more than once in any one debate until every member desiring to do so shall have spoken and no member shall speak more than twice in any one debate without leave of the Senate.

### Note of Ruling

A Senator who yields the floor for an unsuccessful motion to adjourn without having concluded his address does not have to await the debate of all other Senators desiring to be heard on the question being considered before being recognized to resume and conclude his address (51 S.J. Reg. 181 (1949)).

### MEMBER CALLED TO ORDER

**Rule 4.06.** When a member shall be called to order by the President or by a Senator, the member shall sit down and not be allowed to speak, except to the point of order, until the question of order is decided. If the decision be in the member's favor, the member shall be at liberty to proceed; if otherwise, the member shall not proceed without leave of the Senate.

Rule 4.06

### Editorial Note

In 1925, Senator Fairchild obtained the floor to discuss a point of order which he had raised. Pending his remarks, Senator Wood raised the point of order that Senator Fairchild was not discussing the point of order but another matter. Lieutenant Governor Barry Miller sustained the point of order and submitted to the Senate the question of whether or not Senator Fairchild would be permitted to continue his discussion. The Senate refused to permit Senator Fairchild to continue the discussion by a vote of yeas 15, nays 16 (39 S.J. Reg. 1110 (1925)).

## REFUSAL OF MEMBER CALLED TO ORDER TO BE SEATED

**Rule 4.07.** Whenever a member is called to order by the President of the Senate or by the presiding officer then in the chair in accordance with Rule 4.06 and such member fails to sit down and be in order but continues disorderly, it shall be the duty of the Sergeant-at-Arms and/or the Sergeant's assistants upon the direction of the presiding officer to require such recalcitrant member to take his or her seat and be in order. Any member who persists in disorderly conduct after being warned by the presiding officer may, by motion duly made and carried by two-thirds vote of the members present, be required to purge himself or herself of such misconduct. Until such member has purged himself or herself of such misconduct, the member shall not be entitled to the privileges of the floor.

## REMOVAL OF SENATOR FROM CHAIR

**Rule 4.08.** If any Senator, other than the regularly elected President Pro Tempore, be presiding and fails or refuses to recognize any Senator to make a motion that is in order or raise a point of order that it is in order to raise, to entertain an appeal from his or her decision, to put such question to the Senate, to recognize any Senator to demand that a point of order under discussion be immediately decided, or to put the question, if seconded by 10 Senators, "Shall the point of order be now decided?" such Senator so offending shall be deemed guilty of violating the high privileges of the Senate. Until such offending Senator shall purge himself or herself of such contempt and be excused by the Senate, the member shall not again be called to the chair during the session. If such Senator so presiding shall refuse to recognize any Senator when addressed in proper order or to entertain the motion, the point of order, or appeal of any Senator or to pass upon the same or to recognize a Senator to make the demand when

14

seconded by 10 Senators that a point of order under discussion be immediately decided, then the Senator seeking recognition may rise in his or her seat and without recognition read a written demand upon the Senator presiding, provided the same is signed by a majority of the Senators present, and if the Senator presiding persists in refusal, then any number of Senators constituting a majority of the Senators present may present such written demand to the Sergeant-at-Arms or an Assistant Sergeant-at-Arms, and such written demand shall be a full and sufficient warrant for arrest, empowering such officer or assistant to arrest the Senator so presiding, eject him or her from the chair, and retain him or her under arrest until released by order of the Senate.

Should the Sergeant-at-Arms or the Assistant Sergeants-at-Arms fail or refuse to act and carry out such demand, they shall be removed from office on a majority vote of the Senate.

When such Senator is removed as aforesaid and the chair remains vacant, the Secretary shall call the Senate to order, and a President Pro Tempore ad interim shall be elected to preside until the Lieutenant Governor or a regularly elected President Pro Tempore shall appear and take the gavel.

As soon as order is restored, the chair shall cause a record of the fact of removal to be made.

### Editorial Note

This rule is one of several first adopted in 1911 to prevent the Lieutenant Governor or any Senator occupying the chair temporarily and the Senators opposing a measure from killing it by dilatory tactics.

### PUNISHMENT FOR MISCONDUCT

**Rule 4.09.** The Senate may punish any member for disorderly conduct and, with the consent of two-thirds of the elected members, may expel a member, but not a second time for the same offense. (Constitution, Article III, Section 11)

A member who is absent without sufficient excuse for more than 72 hours under a call of the Senate under Rule 5.04 shall lose all privileges of accrued seniority established by Senate tradition. A member shall immediately lose the privileges of accrued seniority if the member is absent without sufficient excuse under a call of the Senate within seven calendar days of final adjournment of a regular session of the Legislature or under a call of the Senate during a special session of the Legislature.

15

Rule 4.10

## BRIBERY

**Rule 4.10.** Any member who shall receive or offer a bribe or who shall suffer his or her vote to be influenced by promise or preferment of reward shall on conviction be expelled.  (Also see Section 36.02, Texas Penal Code.)

## ARTICLE V
## SENATE PROCEDURAL RULES
## (ORDER OF BUSINESS)

### PRESIDING OFFICER TO ASSUME CHAIR

**Rule 5.01.** The presiding officer shall take the chair at the hour to which the Senate last adjourned.

### QUORUM

**Rule 5.02.** Two-thirds of all the Senators elected shall constitute a quorum, but a smaller number may adjourn or recess from day to day and compel the attendance of absent members (Constitution, Article III, Section 10).  In case a less number shall convene, the members present may send the Sergeant-at-Arms or any other person or persons for any or all absent members.

#### Editorial Note

The exact text of Section 10 of Article III of the State Constitution is as follows:

"Two-thirds of each House shall constitute a quorum to do business, but a smaller number may adjourn from day to day, and compel the attendance of absent members, in such manner and under such penalties as each House may provide."

#### Notes of Rulings

Twenty members of the Senate constitute a quorum when only 30 members have qualified (35 S.J. 2 C.S. 23, 32 (1917)).

16

The attendance of absentees may be enforced only on order of Senators present (48 S.J. Reg. 355 (1943)).

The attendance of absentees may be enforced although a quorum is present (48 S.J. Reg. 508 (1943)).

A point of order that no quorum is present does not deter continued transaction of business by Senate if in fact a quorum is known by the presiding officer to be present and he so announces (50 S.J. Reg. 417 (1947)).

The raising of a point of order that no quorum is present justifies an order by the presiding officer that the roll be called to ascertain the presence or absence of a quorum (50 S.J. Reg. 417 (1947)).

Under Senate Rule No. 5.02 . . . a motion to recess (or adjourn) until a later time on the same day is a proper motion (61 S.J. Reg. 945 (1969)).

A quorum of the Senate is present when 21 members answer the roll call (61 S.J. Reg. 954 (1969)).

There is a quorum of the Senate present when the last roll call taken by the Secretary shows that a quorum was present (61 S.J. Reg. 1926 (1969); 66 S.J. Reg. 514, 664 (1979); 67 S.J. Reg. 1483 (1981)).

### ABSENCES

**Rule 5.03.**  The Senate determines that a member has a duty under his or her oath or affirmation of office and an obligation under the constitution and laws of this state to attend the sessions of the Senate, and a member shall not absent himself or herself from the sessions of the Senate without leave unless the member be sick or unable to attend.

### Editorial Note

Rule 16.06, Subdivision (7), provides that a vote of two-thirds of the members present shall be required "to excuse

17

Rule 5.03

absentees." The main effect of granting leave to an absent member is that he is recorded "absent-excused" on all votes taken instead of "absent."

### CALL OF THE SENATE

**Rule 5.04.** It shall be in order to move a call of the Senate at any time to secure, to maintain, or to secure and maintain a quorum for the following purposes:

(1) for the consideration of a specific bill, resolution, or other measure;

(2) for a definite period of time or for the consideration of any particular class of bills.

When a call of the Senate is moved for one of the above purposes and seconded by five members and ordered by a majority of those present, the Doorkeeper shall close the main entrance to the floor of the Senate. All other doors leading from the floor of the Senate shall be locked and no member shall be permitted to leave the Senate without written permission of the presiding officer until after the subject matter upon which the call was ordered has been disposed of. The Secretary shall call the roll of members and note the absentees. Those for whom no sufficient excuse is made, by order of the majority of those present, may be sent for and arrested wherever they may be found and their attendance secured and retained by the Sergeant-at-Arms or officers appointed by the Sergeant for that purpose. The President of the Senate shall request a writ of mandamus from the Supreme Court of Texas compelling their return. Any service of notice or process made or required in connection with the mandamus or an order compelling the member's return adopted under this rule may be served upon the member's Capitol office and placed upon the member's desk by the Sergeant-at-Arms in lieu of personal service. The Senate shall determine upon what conditions they shall be discharged. Members who voluntarily appear shall, unless the Senate otherwise directs, be immediately admitted to the floor of the Senate, and they shall report their names to the Secretary to be entered upon the journal as present. Until a quorum appears, should the roll call fail to show one present, no business shall be done except to compel the attendance of absent members or to adjourn.

When a quorum is shown to be present, the Senate may proceed with the matters upon which the call was ordered or may enforce and await the attendance of as many of the absentees as it desires to have present. If the Senate decides to proceed, the Sergeant-at-Arms shall not be required to bring in other absentees unless so ordered by a majority vote of the Senate.

18

### Editorial Notes

After a call has been ordered and a quorum has been announced present, it is then proper for the Senate to resume the transaction of business, or, on the adoption of a motion to do so, to secure the attendance of one or more of the members still absent before resuming consideration of any business.

It is, no doubt, within the province of the Senate to adopt a rule authorizing the presiding officer of the Senate during a call of the Senate to issue to any absentee a written demand that the absentee attend the Senate's session and giving to the Sergeant-at-Arms or his deputies authority to serve and to enforce the demand by whatever means necessary.

### Notes of Rulings

The disclosure of the presence of a quorum during a call to secure and maintain a quorum does not automatically dissolve the call (32 S.J. Reg. 1274 (1911)).

A motion for a call of the Senate may not include a further provision to grant leaves of absence to certain members (43 S.J. Reg. 1654 (1933)).

A call of the Senate may not be ordered to maintain a quorum "until the final disposition" of a particular bill unless that bill is "pending before the Senate" (44 S.J. 1 C.S. 262 (1935)).

When under a call, the Senate may compel and await the attendance of all or any number of the absentees before proceeding to transaction of business (48 S.J. Reg. 355, 508 (1943)).

A roll call, following a point of "no quorum," which reveals the absence of a quorum, prevents further consideration of a bill that is being considered on passage to third reading until a quorum is present and permits a motion to be made that a call

19

Rule 5.04

of the Senate be ordered for the purpose of securing and maintaining a quorum until the disposition of the bill (50 S.J. Reg. 1137, 1181 (1947)).

A motion for a call of the Senate is not debatable (61 S.J. Reg. 1759 (1969)).

## ROLL CALL

**Rule 5.05.** Upon every roll call the names of the members shall be called alphabetically by surname, except when two or more have the same surname, in which case the name of the county shall be added.

## PRAYER BY CHAPLAIN

**Rule 5.06.** When there is a quorum present, prayer shall be offered by the Chaplain or other person designated by the President of the Senate.

## READING OF JOURNAL

**Rule 5.07.** After the prayer, the journal of the preceding day shall be read and corrected, if necessary.

## MORNING CALL

**Rule 5.08.** The President then shall call:

(1) for Senate bills and resolutions and House bills and resolutions on first reading and referral to committee;

(2) for the introduction and consideration of resolutions;

(3) for messages and executive communications;

(4) for motions to print on minority reports;

(5) for other motions not provided herein, including but not limited to motions to set a bill for special order, to reconsider, to print and not print bills, to

20

rerefer bills, to concur in House amendments to Senate bills, to not concur in House amendments to Senate bills, to request the appointment of conference committees, and to adopt conference committee reports.

This concludes the morning call, which the President shall announce to the Senate.

It shall not be in order, during the morning call, to move to take up a bill or resolution out of its regular order, and the presiding officer shall not recognize any Senator for the purpose of making any such motion or making a motion to suspend this rule.

### Editorial Note

A motion to set a bill for a special order may be made under Item (5) of this rule, and motions to reconsider, to print or not print bills, and to re-refer bills may properly be made under Item (5) of the morning call.

### ORDER OF CONSIDERING BILLS AND RESOLUTIONS

**Rule 5.09.** At the conclusion of the morning call, the Senate shall proceed to consider business on the President's table, which shall be disposed of in the following order:

(1) special orders;

(2) unfinished business;

(3) Senate Joint Resolutions;

(4) Senate Resolutions;

(5) Senate Concurrent Resolutions;

(6) Senate bills on third reading;

(7) Senate bills on second reading;

Rule 5.09

(8) House Joint Resolutions;

(9) House bills on third reading;

(10) House bills on second reading;

(11) House Concurrent Resolutions.

The above order is for Senate bill days, except as modified by any Joint Rules.

### Notes of Rulings

The order of business as set forth above may be changed by a two-thirds vote of the Senate (42 S.J. Reg. 1682 (1931)).

A House bill laid before the Senate as an unfinished special order should be disposed of before any other House bill which has been set for a special order is taken up for consideration (46 S.J. Reg. 1853 (1939)).

A motion to suspend the regular order of business is not in order while other business is pending under a rule suspension (46 S.J. Reg. 1886 (1939)).

The bill next on calendar is not to be passed over, due to author's absence (47 S.J. Reg. 397 (1941)).

A motion to suspend the regular order of business is not a debatable motion (61 S.J. Reg. 1101 (1969)).

### HOUSE BILL DAYS

**Rule 5.10.** On calendar Wednesday and calendar Thursday of each week, House Joint Resolutions and House bills on special order and on third and second readings, respectively, and House Concurrent Resolutions shall be taken up and considered until disposed of; provided in case one should be pending at adjournment on

22

Thursday, it shall go over until the succeeding calendar Wednesday as unfinished business.

### Notes of Rulings

A House bill, by a two-thirds vote, may be taken up and considered by the Senate on any day of the week (46 S.J. Reg. 635-636 (1939)).

When the Senate adjourns on Thursday of any week with a House bill pending, the bill then pending, whether it is a special order or not, may not be further considered until Wednesday of the next succeeding week unless the Senate by a two-thirds vote agrees to consider it further prior to that day (46 S.J. Reg. 1704 (1939)).

House bills may be considered in Senate under a suspension of the regular order of business on days other than calendar Wednesday and calendar Thursday (48 S.J. Reg. 1051 (1943)).

When a member is discussing a Senate bill on calendar Monday or calendar Tuesday (which are considered Senate bill days in the Senate) and 12:01 o'clock a.m. Wednesday arrives (which is considered a House bill day in the Senate), no further discussion may be had on the Senate bill (61 S.J. Reg. 956 (1969)).

Consideration of a Senate bill taken up out of order on a Senate bill day may not be continued when a House bill day arrives (66 S.J. Reg. 1355 (1979)).

A House Concurrent Resolution taken up in its calendar order on a House bill day may not be further considered when a Senate bill day arrives (71 S.J. 1 C.S. 73 (1989)).

When rules have been suspended to permit consideration of a Senate bill on a House bill day, an additional suspension is

Rule 5.10

not required to permit consideration to continue when a Senate bill day arrives (73 S.J. Reg. 1082 (1993)).

## SPECIAL ORDERS

**Rule 5.11.** (a)  Any bill, resolution, or other measure may on any day be made a special order for a future time of the session by an affirmative vote of two-thirds of the members present.

(b)  A special order shall be considered at the time for which it is set and considered from day to day until disposed of, unless at the time so fixed there is pending business under a special order, but such pending business may be suspended by a two-thirds vote of all the members present.  If a special order is not reached or considered at the time fixed, it shall not lose its place as a special order.  All special orders shall be subject to any Joint Rules and Rule 5.10.

(c)  Upon the affirmative vote of four-fifths of the members present, a special order may be reset to an earlier time than previously scheduled.

(d)  Notwithstanding Subsection (a) of this rule, a bill or resolution relating to voter identification requirements reported favorably from the Committee of the Whole Senate may be set as a special order for a time at least 24 hours after the motion is adopted by a majority of the members of the Senate.

### Editorial Notes

A bill once set as a special order does not lose its place on the calendar of special orders if not taken up at the hour for which it is set.

A special order, the hour for the consideration of which has arrived, takes precedence of the unfinished business unless the unfinished business is itself a special order.

### Notes of Rulings

A bill being considered as a special order that is laid on the table subject to call is no longer a special order (43 S.J. Reg. 980 (1933)).

Refusal of Senate to set bill as special order for a certain hour does not prevent a motion being made and adopted

24

immediately thereafter to set the bill as a special order for a different specified hour (45 S.J. Reg. 860 (1937)).

The motion to set a bill for a special order is not a proper substitute for a motion to suspend the regular order of business and take up a bill for immediate consideration (50 S.J. Reg. 1055 (1947)).

When the business before the Senate is a special order, the order of business may be suspended in order to consider other business (61 S.J. Reg. 2034 (1969)).

A motion to set a bill for special order may be made when the Senate is not in morning call (67 S.J. Reg. 1430 (1981)).

When the time set for consideration of a special order arrives, the special order displaces pending business (67 S.J. Reg. 1449 (1981)).

A motion to suspend the regular order of business is not in order when the time set for consideration of a special order has arrived (67 S.J. Reg. 1558 (1981)).

## REGULAR ORDER OF BUSINESS

**Rule 5.12.** (a) Bills and resolutions shall be considered on second reading and shall be listed on the daily calendar of bills and resolutions on the President's table for second reading in the order in which the committee reports on them are received by the Senate. Upon the filing of a committee report on a bill or resolution as provided by Rule 11.12, the Secretary of the Senate shall note the date and time the report was filed. The Journal Clerk shall record the order in which the committee report was received in the Senate Journal for the day on which the Senate next convenes.

Rule 5.12

(b)  Bills and resolutions shall be considered on third reading in the order in which they were passed on second reading.

### Editorial Notes

On the very important matter of the order of considering each of the several bills reported from committees, the rules of the Senate were silent until Senate Rule 5.12 was amended on June 6, 1947, to provide that bills be placed on the calendars of Senate and House bills on the President's table in the order in which the committee reports on the bills are submitted by the respective chairmen from the floor.  Bills are listed for consideration on third reading in the order in which they have been passed by the Senate to engrossment or to third reading.

The Senate Agenda is prepared daily and lists the bills in their order of consideration.

### Notes of Rulings

A bill may not be considered by the Senate which has not been reported from a committee (44 S.J. Reg. 713 (1935)).

A report of a committee on a bill may be received only, and the question of its adoption is not voted on by the Senate (42 S.J. 1 C.S. 748 (1931)).

### SUSPENSION OF THE REGULAR ORDER OF BUSINESS

**Rule 5.13.**  No bill, joint resolution, or resolution affecting state policy may be considered out of its regular calendar order unless the regular order is suspended by a vote of two-thirds of the members present.

### Notes of Rulings

By suspending the regular order of business, the Senate may take up a bill before the day to which it previously was postponed (67 S.J. Reg. 1057 (1981)).

26

A motion to suspend the regular order of business is not in order when the time set for consideration of a special order has arrived (67 S.J. Reg. 1558 (1981)).

## INTENT CALENDAR

**Rule 5.14.** (a) During a regular session of the Legislature, any member who desires to suspend the regular order of business and take up a bill, joint resolution, or resolution out of its regular order shall give notice of such intent to the Secretary of the Senate, in a manner specified by the Secretary, not later than 3:00 p.m. on the last preceding calendar day that the Senate was in session. Unless the printing rule has been previously suspended, no bill, joint resolution, or resolution shall be eligible to be placed on the Intent Calendar unless at the time that the notice is given to the Secretary of the Senate the bill, joint resolution, or resolution has been printed and furnished to each member of the Senate. Notice must be given from day to day. No member may give notice on more than three bills or resolutions prior to April 15 or on more than five bills or resolutions on or after April 15.

(b) Before the 130th calendar day of the regular session, the Senate may not suspend the regular order of business and take up a bill, joint resolution, or resolution until the second day the bill, joint resolution, or resolution has been posted on the Intent Calendar.

(c) The Secretary shall prepare a list of all legislation for which notice has been given. The list must be made available to each member of the Senate and to the press no later than 6:30 p.m. on the day the notice is filed.

(d) No provision of this rule may be suspended except by vote of four-fifths of the members present.

## RULINGS BY PRESIDENT

**Rule 5.15.** Every question of order shall in the first instance be decided by the President, from whose decision any member may appeal to the Senate. Rulings which set or alter precedent shall be printed as an annotation to the rules.

### Editorial Notes

A member called to the chair pending an appeal does not entertain any motions nor accept any further point of order.

Rule 5.15

The President of the Senate may refuse to rule on a point of order relating to the constitutionality of the substance of a proposition or on one that does not relate to any question of procedure or practice.

For an instance of when the chair refused to sustain a point of order challenging compliance with a constitutionally required procedure because the Constitution, laws, rules of the Senate, and official records of the Senate did not provide a basis on which to determine compliance, see 74 S.J. Reg. 2458-2461 (1995).

For an instance of when the chair submitted a point of order directly to the Senate for its determination, see 71 S.J. 2 C.S. 554 (1989).

### Notes of Rulings

The constitutionality of a bill or resolution should not be ruled on by the presiding officer of the Senate (61 S.J. Reg. 2034 (1969)).

For an instance of when the chair refused to rule on whether a bill authorizes suspension of laws in violation of the Constitution, see 68 S.J. Reg. 835 (1983).

## ARTICLE VI
## MOTIONS

### MOTIONS AND THEIR PRECEDENCE

**Rule 6.01.** (a) When a question is under consideration by the Senate, no motion shall be made except:

(1) to fix the day to which the Senate shall adjourn or recess;

(2) to adjourn or recess;

28

## REPORT OF EXECUTIVE SESSION TO
## BE RECORDED IN SENATE BOOK

**Rule 15.05.** The proceedings of the Senate, when in executive session, shall be kept in a separate book. The proceedings of the Senate, when in open session acting upon nominations made by the Governor, shall be entered in the journal of the Senate.

## ARTICLE XVI
## VOTES REQUIRED TO ADOPT MOTIONS

### DEFINITIONS

**Rule 16.01.** The terms "unanimous consent," "four-fifths of the members of the Senate," "four-fifths of the members present," "two-thirds of the members of the Senate," "two-thirds of the members present," "a majority of the members of the Senate," and "a majority of the members present" are defined as follows:

(1) "Unanimous consent" means the consent of all of the members of the Senate who are present and voting on the issue at the time the vote is recorded.

(2) "Four-fifths of the members of the Senate" means four-fifths of the 31 elected members of the Senate.

(3) "Four-fifths of the members present" means four-fifths of the members of the Senate who are present and voting on the issue at the time the vote is recorded.

(4) "Two-thirds of the members of the Senate" means two-thirds of the 31 elected members of the Senate.

(5) "Two-thirds of the members present" means two-thirds of the members of the Senate who are present and voting on the issue at the time the vote is recorded.

(6) "A majority of the members of the Senate" means a majority of the 31 elected members of the Senate.

Rule 16.01

(7) "A majority of the members present" means a majority of the members of the Senate who are present and voting on the issue at the time the vote is recorded.

## MATTERS REQUIRING UNANIMOUS CONSENT

**Rule 16.02.** Unanimous consent of the members present shall be required to:

(1) suspend the Senate floor admission rules; Rule 2.07

(2) suspend the local calendar rules; Rule 9.07

(3) authorize committees or conference committees to meet during a session of the Senate; Rule 11.13

(4) consider a nomination of the Governor without being referred to a committee; Rule 14.01

(5) dispense with secrecy of executive session. Rule 15.01

## MATTERS REQUIRING VOTE OF
## FOUR-FIFTHS OF MEMBERS OF SENATE

**Rule 16.03.** A vote of four-fifths of the members of the Senate shall be required to:

(1) suspend the constitutional rule prohibiting consideration of a bill during the first 60 days of a regular session; Rule 7.13 (Constitution, Article III, Section 5) See note to Rule 7.13.

(2) suspend the constitutional rule prohibiting introduction of a bill after the first 60 days of a regular session. Rule 7.07 (Constitution, Article III, Section 5) See note to Rule 7.07.

102

### MATTERS REQUIRING VOTE OF
### FOUR-FIFTHS OF MEMBERS PRESENT

**Rule 16.04.** A vote of four-fifths of the members present shall be required to:

(1) suspend the constitutional rule requiring bills to be read on three several days; Rule 7.18 (Constitution, Article III, Section 32)  See note to Rule 7.18.

(2) suspend the requirement that a bill be reported from a Senate committee at least three days before final adjournment of a regular session; Rule 7.24 (Constitution, Article III, Section 37)

(3) pass a bill on third reading after the 135th calendar day of a regular session; Rule 7.25.

(4) take any action on a bill within the last 24 hours of the session except to correct an error therein; Rule 7.25.

(5) suspend the Intent Calendar rules;  Rule 5.14.

(6) reset a special order to earlier time.  Rule 5.11.

### MATTERS REQUIRING VOTE
### OF TWO-THIRDS OF MEMBERS OF SENATE

**Rule 16.05.**  A vote of two-thirds of the members of the Senate shall be required for:

(1) final passage of proposed amendment to the Constitution; Rule 10.02 (Constitution, Article XVII, Section 1)

(2) immediate effect of a bill; (Constitution, Article III, Section 39)

(3) the release of payment of taxes in cases of great public calamity; (Constitution, Article VIII, Section 10)

103

Rule 16.05

(4) final passage of bills to reduce county to less area than 900 square miles; (Constitution, Article IX, Section 1)

(5) passage of an address to the Governor for the removal of any civil officer; (Constitution, Article XV, Section 8)

(6) expulsion of a member of the Senate; Rule 4.09 (Constitution, Article III, Section 11)

(7) passage of House bills that have been returned by the Governor with objections. Rule 6.20. (Constitution, Article IV, Section 14)

### Note of Ruling

A vote of two-thirds of the members is not required for passage of bill to create flood control district and donate portion of taxes collected therein to the district (48 S.J. Reg. 1053 (1943)).

### MATTERS REQUIRING VOTE OF
### TWO-THIRDS OF MEMBERS PRESENT

**Rule 16.06.** A vote of two-thirds of the members present shall be required to:

(1) impeach any officer; (Constitution, Article XV, Section 3)

(2) pass a Senate bill that has been returned by the Governor with objections; Rule 6.20 (Constitution, Article IV, Section 14)  See note to Rule 6.20.

(3) confirm an appointee of the Governor, unless otherwise directed by law; (Constitution, Article IV, Section 12)

(4) adopt an amendment at third reading of a bill or a joint resolution; Rules 7.19 and 10.02

(5) suspend the floor privileges of a member of the Senate; Rule 4.07

104

(6)  suspend the regular order of business; Rule 5.13

(7)  excuse absentees; Rule 5.03

(8)  set a matter for special order; Rule 5.11

(9)  place a minority report on the calendar; Rule 11.17

(10)  rerefer a bill to another committee; Rule 6.08

(11) suspend the section-by-section analysis on conference committee reports; Rule 12.10

(12)  suspend or rescind any rule of the Senate unless the rules specify a different majority; Rule 22.01

(13) consider immediately petitions, concurrent and joint resolutions, or resolutions setting or defining legislative or state policy.  Rule 8.02.  See note to Rule 8.02.

### Editorial Note

This ruling and other late Senate precedents relative to suspending a pending question for the purpose of taking up another indicate that it has become the prevailing opinion of the Senate's presiding officers and its members that any pending debatable question, even a highly privileged one or one with high priority for consideration, may be suspended by a two-thirds vote of the Senate for the purpose of taking up another matter on the President's table for immediate consideration.  Suspending a question that has itself been taken up under a suspension would most likely not be permitted.

### MATTERS REQUIRING VOTE OF MAJORITY OF MEMBERS OF SENATE

**Rule 16.07.**  A vote of the majority of the members of the Senate is required to:

(1)  pass a resolution initially adopting temporary or permanent rules of the Senate; Rule 21.01

105

Rule 16.07

(2) adopt, amend, or rescind any Joint Rules of the two Houses; Rules 21.02 and 22.02

(3) adopt resolution to suspend conference committee rules; Rule 12.08

(4) commit or recommit bill, resolution, or petition to a committee; Rule 6.08

(5) hold an executive session; Rule 15.02

(6) pass a resolution amending the Rules of the Senate; Rule 22.01

(7) set voter identification requirement bills for special order; Rule 5.11(d).

## MATTERS REQUIRING VOTE OF
## MAJORITY OF MEMBERS PRESENT

**Rule 16.08.** A vote of the majority of members present shall be required to:

(1) elect officers; Rule 1.05

(2) elect a member to preside; Rule 1.01

(3) remove a member from the chair; Rule 4.08

(4) pass a bill on second reading; Rule 7.17

(5) pass a bill on third reading, except to give immediate effect to the bill as required by Rule 7.18;

(6) adopt an amendment on second reading;

(7) adopt a motion to reconsider vote; Rules 6.10 and 6.11

(8) dispense with reading of papers; Rule 6.13. See note to Rule 6.13.

106

(9) debate a congratulatory, memorial, or courtesy resolution; Rule 8.03. See note to Rule 8.03.

(10) adopt a motion for previous question, after five seconds; Rule 6.09. See note to Rule 6.09.

(11) adopt a motion for immediate ruling, after 10 seconds; Rule 6.12. See note to Rule 6.12.

(12) concur in House amendments to Senate bills, except to give immediate effect to the bill as required by Rule 16.05(2);

(13) adopt a Conference Committee Report, except to give immediate effect to the bill as required by Rule 16.05(2).

## MATTERS REQUIRING VOTE WHEN LESS THAN A QUORUM IS PRESENT

**Rule 16.09.** When a quorum is not present, a majority of the members present may:

(1) authorize a call of the Senate; Rule 5.04. See note to Rule 5.04.

(2) authorize a call for absent members; Rule 5.02. See note to Rule 5.02.

(3) adjourn or recess. Rule 5.02.

## ARTICLE XVII
## SENATE JOURNAL

### REASON FOR VOTE

**Rule 17.01.** Any member shall have the privilege to have spread upon the journal of the Senate a brief statement of the member's reason for any vote he or she may cast. Such statement shall not deal in personalities or contain any personal

107