

# Bill Analysis: CSHB 626 by King, Phil | Christian | Macias | Paxton

**TCC Position:** Support.
**TCC Principle:** Role of Government.

> ➢ **CSHB 626 by King:** Relating to the procedures for registering to vote.
> *04/17/2007 H Placed on Major State Calendar*

## Background

Even though the Texas Constitution and state law require that only citizens may register to vote and vote, there is no requirement that the registrant provides proof of United States citizenship when registering or voting.

Section 13.002 of the Election Code, which governs the voter registration application, simply requires an applicant to provide their Texas driver's license number or the number of a personal identification card issued by the Department of Public Safety. An applicant who has neither a Texas driver's license, nor a personal identification card is required to provide the last four digits of their social security number.

It is notable that both United States citizens *and non-citizens* can obtain a Texas driver's license, personal identification card, or social security card. The voter registration process does not verify the citizenship of applicants.

CSHB 626 amends Section 13.002 of the Election Code so that as part of a voter registration application, the applicant must provide a certified copy of one of the following documents to confirm his United States citizenship:

➢ A birth certificate or other document confirming their birth that would be admissible in a court of law;
➢ United states citizenship papers issued to the applicant; or
➢ An unexpired United States passport.

CSHB 626 also amends Section 13.121(a) of the Election Code, so that the application form for voter registration by mail must be in the form of business reply mail, rather than a business reply postcard, as statute currently allows.



Highly Confidential

1

LEG00044354

**Talking Points and Conservative Note**

Only citizens of the United States may legally vote in elections in Texas. Despite this fundamental principle, when an individual registers to vote, they are not required to provide documentation that proves citizenship. To preserve and ensure the integrity of elections in Texas, it is necessary that citizenship be verified when an individual registers to vote.

> ➢ **Verification of United States citizenship is currently NOT required as part of the process of registering to vote. The voter registration list at a polling place includes non-citizens who are not eligible to vote.**

Article VI, Section 2(a) of the state Constitution lists United States citizenship as a requirement for voting. Sections 11.002(1) and (2) of the Texas Election Code list the top two qualifications for voting: age (18 or over) and citizenship (United States). The application to register to vote, available online through the Secretary of State website, begins with the following question: "Are you a United States Citizen?"

Applicants who check "yes" to the citizenship question are taken at their word; there is no verification of citizenship by state or local authorities.

The Office of the Secretary of State, which oversees elections in Texas, confirms what statute and practice make clear: that citizenship verification goes no further than the honor system. In a June 15, 2006 letter, the Secretary of State's office states:

> To the extent that an applicant must sign the application verifying that he or she has met the qualifications to register (one of which is U.S. citizenship) and that he or she has provided accurate/truthful information, the application is processed on those merits.[1]

This acknowledgement alone is sufficient evidence on which to base a requirement that applicants seeking to register to vote must prove their citizenship.

> ➢ **Voter registration by non-citizens is not just theoretically possible; thousands non-citizens have been removed from the voter rolls in Texas over the past decade alone.**

On June 22, 2006, Harris County Tax Assessor-Collector and Voter Registrar Paul Bettencourt testified before the U.S. House Committee on House Administration that in 2005 he identified at least 35 foreign nationals who either applied for or *received* voter

---

[1] Ann McGeehan, Director of Elections, Secretary of State; letter dated June 15, 2006

Highly Confidential                                                                                                LEG00044355

registration cards[2]. Since 1992, Mr. Bettencourt's office has cancelled 3,742 registered voters for non-citizenship; 683 of those non-citizenship cancellations have occurred from the year 2000 to present[3].

Furthermore, in a public information request, the Texas Conservative Coalition Research Institute (TCCRI) learned that between 2003 and 2005, 303 people were removed from the voter rolls in Bexar County because they were not citizens. 41 of these non-citizens voted in local, state, and federal elections.

From September 1999 to March 21, 2007, 1,889 individuals' voter registration was cancelled because of non-citizenship. Before being deleted from the voter rolls, 356 of those individuals voted in Dallas County.

In El Paso County, 213 non-citizens were removed from the voter rolls between January and October of 2006; in Tarrant County, 584 non-citizens have been removed from the voter rolls since 1999.

It is demonstrable that non-citizens have illegally registered to vote, and, in some cases, have cast ballots illegally. The responses to open records request are very likely to be only a small sampling of the non-citizens who are on the voter rolls. The non-citizens whose registration was cancelled in each county were not discovered due to an exhaustive review. Instead, voter registrars confirm that there are two primary, incidental means for discovering that a non-citizen is registered to vote:

> ➢ A non-citizen will contact the voter registrar because he or she is applying for citizenship and has been instructed to cancel their voter registration; or,
> ➢ A non-citizen will claim "non-citizenship" as an excuse on a jury summons. Per Government Code §62.113(b), the county clerk forwards the names of those individuals to voter registrars.

This is another sound basis for requiring that individuals prove their citizenship when they register to vote.

### ➢ Requiring individuals to prove their citizenship is not arduous.

A voter must only register once to vote in Texas (unless the voter moves). Once a person is registered, there is no requirement to re-register on an annual or any another basis. Therefore, providing a copy of a birth certificate, citizenship papers, or a passport need only be done once in order to register to vote. This is a minimum standard that will protect the integrity of elections in Texas.

---

[2] Testimony of Paul Bettencourt Before Committee on House Administration, June 22, 2006; http://www.hctax.net/forms/testimonyofPaul.pdf
[3] Voter registration records provided by the Harris County Voter Registration Department

Anyone who is already registered to vote will remain registered if CSHB 626 passes. Only future voter registration applications will require applicants to prove their citizenship. Elderly persons who may not have a birth certificate but are already registered to vote will not be inconvenienced by this bill.

Similarly, immigrants who have become United States citizens must simply provide a copy of their citizenship documentation in order to register to vote. Although a certificate of naturalization is an important document, any individual who loses his certificate can receive a replacement by filing a two-page form (N-565) with the United States Citizenship and Immigration Service.

> ➢ **The Department of Public Safety has access to Bureau of Vital Statistic records.**

Because DPS has electronic access to birth records held by the Bureau of Vital Statistics, the verification of citizenship of anyone with a birth certificate issued in Texas will be straightforward and easy.

> ➢ **Requiring voters to prove citizenship when registering has bipartisan support.**

The bipartisan Commission on Federal Election Reform chaired by President Jimmy Carter and former Secretary of State James Baker III issued 87 recommendations for ensuring both equal access to elections *and* election integrity. Among the 87 recommendations, **the commission recommended that states verify citizenship before registering voters.**

The Commission's final report reads:

> The right to vote is a vital component of U.S. citizenship and all states should use their best efforts to obtain proof of citizenship before registering voters.[4]

This recommendation is clear and unequivocal: proof of citizenship should be a prerequisite for anyone registering to vote. The Commission's report establishes the basis for the requirements laid out by HB 626.

> ➢ **Many government services and authorized activities require proof of citizenship; voting should be no different.**

For example, Section 6.03 of the Alcoholic Beverages Code requires that a "permit or license [to sell alcohol] may not be issued to a person who was not a citizen of this state

---

[4] "Building Confidence in US Elections," Report of the Commission on Federal Election Reform, September 2005.

Highly Confidential   LEG00044357

for a one-year period preceding the date of the filing of the person's application for a license or permit."

Similarly, under the Deficit Reduction Act of 2005, individuals must provide "satisfactory documentary evidence of citizenship or nationality when initially applying for Medicaid or upon a recipient's first Medicaid re-determination."[5]

## Recommendation

Support CSHB 626 because it requires individuals to prove their United States citizenship when they register to vote. This requirement is necessary because of the number of non-citizens who have been removed from the voter rolls over the past decade.

---

[5] Centers for Medicare and Medicaid Services, Medicaid Eligibility: Proof of Citizenship; http://www.cms.hhs.gov/MedicaidEligibility/05_ProofofCitizenship.asp-

## HB 626 Q&A

**Q. Some have argued that requiring people registering to vote to prove their citizenship is unfair because most people do not typically carry their passports or other documentation proving their citizenship with them. Won't CSHB 626 disenfranchise people simply because they do not carry proof of citizenship?** No. Being a citizen is a requirement that registered voters must meet. Anyone registering to vote will be informed that they must provide proof of citizenship with their registration form. HB 626 gives sufficient notice to people to prove their citizenship. In fact, the effective date of the bill is September 1, 2007 giving all new registrants more than a year before the start of early voting in the November 2008 presidential election to provide proof of citizenship.

**Q. Is this bill retroactive, meaning do any persons currently registered to vote have to re-register?** No, this bill only applies to those persons who register after September 1, 2007.

**Q. Isn't it true that a person must prove his citizenship in order to get a passport?** Yes. You must be a citizen to vote and you must be a citizen to get a passport. However, an application for a passport must be accompanied by proof of citizenship, such as certified birth certificate or naturalization certificate. The requirements for registering to vote should be at least as strict as those for obtaining a passport. Importantly, the United States Department of State will not accept a voter registration card as a form of proof of citizenship. This clearly indicates that the voter registration process simply does not provide adequate safeguards against non-citizens from registering to vote.

**Q. Aren't elections in Texas scheduled far enough in advance that anyone registering to vote for a particular election would have ample time to prove their citizenship?** Yes. The Election Code outlines the required notice that must be given for an election. Section 3.005 of the Election Code requires that 70 days notice must be given for an election that is to be held on the same day as a general election for state and county officers, while 62 days notice must be given for any other election ordered by a political subdivision.

**Q. To be clear, the current voter registration process does not require an applicant to prove their citizenship; correct?** That's right. Although you must be a United States citizen to vote in Texas, the registration process takes applicants at their word. Anyone who checks the box on the registration form indicating that they are a citizen is taken at his word. This is a failed and dangerous approach. HB 626 addresses this problem by requiring applicants to provide proof of citizenship.

**Q. Some people argue that having to provide proof of citizenship is a barrier to voting. Is that a fair assessment of HB 626? Not at all.** Any person who desires to get married in Texas must provide proof of identity before a marriage can be issued. Furthermore, for those persons who may not have their original birth certificate or a certified copy of one, can easily access it by contacting county authorities in their place

of birth or the Bureau of Vital Statistics. The process for receiving a copy of a birth certificate through the Bureau of Vital Statistics takes between 10 and 15 days.[6]

**Q. Isn't it true that 3,742 non-citizens have been removed from the voter rolls in Harris County since 1992; 1,889 non-citizens in Dallas County since 1999; 584 in Tarrant County since 1999; 303 in Bexar County since 2002, and 213 in El Paso County in between January and October 2006?** Yes. Those figures are correct and confirmed by the voter registrar in each county. It is also confirmed that 356 of the non-citizens removed from the rolls in Dallas County voted at least once. The important issue is that the only reason county officials were aware of these persons being on the voter rolls is because they were sent a jury summons. No one knows the magnitude of the problem because there has never been a thorough investigation done by any state or county authority.

---

[6] Texas Department of State Health Services, Bureau o of Vital Statistics; http://www.dshs.state.tx.us/vs/reqproc/certified_copy.shtm

7

**Appendix:**

<u>**Number of Non-Citizens Removed from Voter Rolls by County and House Member Representing Part of County:**</u>

| County | Non-Citizens Removed from Voter Rolls | State Representative |
|---|---|---|
| Bexar | 303 non-citizens removed between 2003 & 2005. **41 of these non-citizens voted at least once.** | Joaquin Castro, Frank Corte, Joe Farias, David Leibowitz, Trey Martinez-Fischer, Ruth Jones McClendon, Jose Menendez, Robert Puente Joe Straus, Mike Villarreal. |
| Dallas | 1,889 non-citizens removed between 1999 & March 21, 2007. **356 of these non-citizens voted at least once.** | Roberto Alonzo, Rafael Anchia, Dan Branch, Joe Driver, Kirk England, Helen Giddings, Tony Goolsby, Linda Harper-Brown, Will Hartnett Fred Hill, Terri Hodge, Jim Jackson, Thomas Latham, Barbara Mallory Caraway, Allen Vaught. |
| El Paso | 213 non-citizens removed between January and October of 2006. | Norma Chavez, Pat Haggerty, Paul Moreno, Joe Pickett, Chente Quintanilla. |
| Harris | 3,742 removed since 1992. | Alma Allen, Kevin Bailey, Dwayne Bohac, Bill Callegari, Ellen Cohen, Garnet Coleman, Joe Crabb, John Davis, Yvonne Davis, Harold Dutton, Gary Elkins, Jessica Farrar, Patricia Harless, Ana Hernandez, Scott Hochberg, Boris Miles, Jim Murphy, Wayne Smith, Rick Noriega, Debbie Riddle, Robert Talton, Senfronia Thompson Sylvester Turner, Corbin Van Arsdale, Hubert Vo Beverly Woolley. |
| Tarrant | 584 removed since 1999. | Lon Burnam, Charlie Geren, Kelly Hancock, Anna Mowery, Diane Patrick, Paula Pierson, Todd Smith Vicki Truitt, Marc Veasey, Bill Zedler. |

Highly Confidential                                                                                                                LEG00044361