**Major Talking Points**

The dangers of voter fraud has threatened the integrity of the electoral process for the entire history of the United States. And that threat continues to this day. The 2005 bipartisan Carter-Baker Commission reaffirms the dangers: "elections are at the heart of democracy . . . Americans are losing confidence in the fairness of elections, and while we do not face a crisis today, we need to address the problems of our electoral system."

The Carter-Baker Commission concluded: "At the end of the day, there is considerable national evidence of in-person voter fraud. And, regardless of whether one believes that voter impersonation is widespread or relatively rare, there can be no serious dispute that its real effect can be substantial because, in a close election, even a small amount of fraud could make the margin of difference."

The US Supreme Court in *Purcell v. Gonzalez* stated "confidence in the integrity of our electoral processes is essential to the functioning of our participatory democracy. Voter fraud drives honest citizens out of the democratic process and breeds distrust of our government. Voters who fear their legitimate votes will be outweighed by fraudulent ones will feel disenfranchised. The right of suffrage can be denied by a debasement or dilution of the weight of a citizen's vote just as effectively as by wholly prohibiting the free exercise of the franchise."

According to Rep. Wolens, both he and his wife were victims of "rigged elections with people harvesting votes." And, "the ability to cast a vote and have our vote counted is the bedrock of our democracy. We must do everything possible to ensure the sanctity of the vote in our state. We, as a society, must not tolerate the disenfranchisement of our citizens any longer."

In SB 362, the burden of showing a photo-ID is mitigated by two factors. Voters without photo identification may show either two non photo-IDs or may cast a provisional ballot. No one will a polling location without having cast a ballot.



2:13-cv-193
09/02/2014
DEF2438
exhibitsticker.com

**From Crawford v Marion Decision:**

District Judge Barker opinion in Indiana District Court: She found that petitioners had "not introduced evidence of a single, individual Indiana resident who will be unable to vote as a result of SEA 483 or who will have his or her right to vote unduly burdened by its requirements."

In *Anderson v. Celebrezze* (1983), however, we confirmed the general rule that "evenhanded restrictions that protect the integrity and reliability of the electoral process itself" are not invidious and satisfy the standard set forth in *Harper*.

"Burdens of that sort arising from life's vagaries, however, are neither so serious nor so frequent as to raise any question about the constitutionality of SEA 483; the availability of the right to cast a provisional ballot provides an adequate remedy for problems of that character."

"For most voters who need them, the inconvenience of making a trip to the BMV, gathering the required documents, and posing for a photograph surely does not qualify as a substantial burden on the right to vote, or even represent a significant increase over the usual burdens of voting."

Petitioners ask this Court, in effect to perform a unique balancing analysis that looks specifically at a small number of voters who may experience a special burden under the statute and weighs their burdens against the State's broad interests in protecting election integrity. Petitioners urge us to ask whether the State's interests justify the burden imposed on voters who cannot afford or obtain a birth certificate and who must make a second trip to the circuit court clerk's office after voting. But on the basis of the evidence in the record it is not possible to quantify either the magnitude of the burden on this narrow class of voters or the portion of the burden imposed on them that is fully justified.

In sum, on the basis of the record that has been made in this litigation, we cannot conclude that the statute imposes "excessively burdensome requirements" on any class of voters.

In upholding Indiana's photo-ID law, the US Supreme Court stated "confidence in the integrity of our electoral processes is essential to the functioning of our participatory democracy. Voter fraud drives honest citizens out of the democratic process and breeds distrust of our government. Voters who fear their legitimate votes will be outweighed by fraudulent ones, will feel disenfranchised."

The US Supreme Court confirmed the general rule that "evenhanded restrictions that protect the integrity and reliability of the electoral process itself" are not difficult and satisfy the standards set by previous rulings. The Court further said that "it unlikely that such a requirement (photo-ID) would pose a constitutional problem unless it is wholly unjustified." But protecting elections and the sanctity of each ballot is a legitimate state interest.

**From Georgia case:**

US District Court Judge Harold T. Murphy (Carter appointee)
"As the Rokita court noted, voters who lack photo ID undoubtedly exist somewhere, but the fact that Plaintiffs, in spite of their efforts, have failed to uncover anyone "who can attest to the fact that he/she will be prevented from voting" provides significant support for a conclusion that the Photo ID requirement does not unduly burden the right to vote."

Judge Murphy further stated "Plaintiffs have failed to produce any evidence of any individual . . . who would undergo any appreciable hardship to obtain photo identification in order to be qualified to vote."