UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARC VEASEY, *et al.*, | § § | |
| Plaintiffs, | § § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-00193 |
| RICK PERRY, *et al.*, | § § § | |
| Defendants. | § § | |

## DEFENDANTS' AMENDED NOTICE OF INTENTION TO TAKE ORAL DEPOSITION OF THE UNITED STATES OF AMERICA

To: **The United States of America**, by and through its attorneys of record Anna Baldwin, Robert Berman, Richard Dellheim, Elizabeth S. Westfall, Avner Shapiro, Daniel Freeman, Jennifer Maranzano, John A. Smith, Meredith Bell-Platts, and Bruce Gear, Voting Section, Civil Rights Division, United States Department of Justice, Room 7254 NWB, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530.

Please take notice that on August 26, 2014 beginning at 9:30 A.M., at Donnell, Abernethy & Kieschnick, 555 N. Carancahua, Suite 1770, Corpus Christi, Texas, 78401, Defendants the State of Texas, Rick Perry, the Texas Secretary of State[1] and Steve McCraw, by and through the Attorney General for the State of Texas, will take the oral deposition of the United States of America, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. For purposes of this Amended Notice of Intention to Take Oral Deposition of the United States of America, the "United States of America" is defined as the United States Department of Justice (a) Civil Rights Division, Voting Section; (b) Criminal Division (including, but not limited to, the

---

[1] Various complaints identify the Texas Secretary of State as John Steen. The current Secretary of State, however, is Nandita Berry.



1



Public Integrity Section, and its Election Crimes Branch); and (c) United States Attorney's Offices, except where the context requires otherwise.[2]

This deposition will be recorded by stenographic means, conducted before an individual authorized to administer oaths, and used for any purpose permitted under the Federal Rules of Civil Procedure or court order. The deposition may be videotaped. The deposition will continue from time to time and place to place until concluded.

The United States of America is directed to designate a person or persons to testify on its behalf on the matters identified in Exhibit A, in accordance with the Court's Order dated July 24, 2014 (D.E. 438)[3] and the Court's comments on the record on July 24, 2014 and August 6, 2014.[4]

---

[2] The "United States" standing alone is used herein to refer geographically to the United States of America.

[3] The Court on the record "sustained in part, and overruled in part" the United States' objections to Topic 10, although it did not specifically reference this in its written order. (*See* July 24, 2014 Hr'g Tr. at 11:9-16.)

[4] For ease of reference, the Topic Numbers from Defendants' Corrected Notice of Intention to Take the Oral Deposition of the United States dated April 18, 2014 ("Original Notice") have been maintained here. Defendants understand that the Court's Order and comments on the record preclude it, at present, from inquiring into Topics 1, 5, and 6 in the Original Notice at deposition, but not necessarily in the future "if liability is found." (*See* D.E. 438.) Moreover, Defendants and the United States have addressed Topics 3, 4 and 9 via contention interrogatories. Defendants have also discussed addressing Topics 31 through 36, part of Topic 37 (which Defendants understand was not ruled on by the Court in its entirety), and Topics 38 and 39 via stipulation. The exclusion of Topics 31 through 36, part of Topic 37, and Topics 38- 39 from this Amended Deposition Notice does not waive any of Defendants' rights to pursue the information from the United States through other means besides a deposition, nor does the exclusion of Topics 1, 5, and 6 waive any of Defendants rights to seek deposition testimony on those Topics in the future "if liability is found."

2

# EXHIBIT A

## DEFINITIONS

The following terms have the following meanings, unless the context requires otherwise:

1. <u>And & or.</u> The connectives "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

2. <u>Election Crimes.</u> The term "Election Crimes" means intentional acts or willful failures to act, prohibited by state or federal law, that are designed to cause ineligible persons to participate in the election process; eligible persons to be excluded from the election process; ineligible votes to be cast in an election; eligible votes not to be cast or counted; or other interference with or invalidation of election results. "Election Crimes" includes any criminal form of Voter Fraud.

3. <u>Voter Fraud.</u> The term "Voter Fraud" is defined as fraudulent or deceptive acts committed to influence the act of voting, and includes both criminal and civil offenses and violations. "Voter Fraud" includes, but is not limited to, (1) making or knowingly possession a counterfeit of an official election ballot; (2) signing a name other than one's own to a petition proposing an initiative, referendum, recall, or nomination of a candidate for office; (3) knowingly signing more than once for the proposition, question, or candidate in one election; (4) signing a petition proposing an initiative or referendum when the signer is not a qualified voter; (5) voting or attempting to vote in the name of another person; (6) voting or attempting to vote more than once during the same election; (7) intentionally making a false affidavit, swearing falsely, or falsely affirming under an oath required by statute regarding one's voting status, including when registering to vote, requesting an absentee ballot or presenting to vote in person; (8) registering to vote without being entitled to register; (9) knowingly making a materially false statement on an application for voter registration or re-registration; (10) voting or attempting to vote in an election after being disqualified or when the person knows that he/she is not eligible to vote; and/or (11) knowingly soliciting or encouraging a person who is not qualified to vote in an election.

4. <u>Present.</u> The term "Present" means August 26, 2014, or any date on which the oral deposition of the United States of America is taken in the above-captioned litigation.

5. <u>Relating.</u> The term "Relating" means concerning, referring, describing, evidencing, supporting, refuting, or constituting, either directly or indirectly.

3

## MATTERS

7. The Public Integrity Reports submitted to the Congress of the United States annually pursuant to the Ethics in Government Act of 1978, since 2004.

8. The Ballot Access and Voting Integrity Initiative, which may also be known as the Ballot Integrity Initiative, for the 2002 general election and subsequent elections, implemented by the Public Integrity Section of the Criminal Division of the United States Department of Justice, in or around September 2002.

10. The Voting Section of the Civil Rights Division of the United States Department of Justice complaint in-take phone logs and data, as well as the Interactive Case Management (ICM) system, including but not limited to, communications to and from vot1973c@usdoj.gov since 2004.

11. Any instance of any Election Crime in Texas, from 2004 to the Present.

12. Any prosecution for any Election Crime in Texas, from 2004 to the Present.

13. Any potential prosecution for any Election Crime in Texas, from 2004 to the Present.

14. Any investigation of any Election Crime in Texas, from 2004 to the Present.

15. Any allegation of any Election Crime in Texas, from 2004 to the Present.

16. Any instance of any Election Crime in any state, territory or outlying possession of the United States, or the District of Columbia, other than Texas, from 2004 to the Present.

17. Any prosecution for any Election Crime in any state, territory or outlying possession of the United States, or the District of Columbia, other than Texas, from 2004 to the Present.

18. Any potential prosecution for any Election Crime in any state, territory or outlying possession of the United States, or the District of Columbia, other than Texas, from 2004 to the Present.

19. Any investigation of any Election Crime in any state, territory or outlying possession of the United States, or the District of Columbia, other than Texas, from 2004 to the Present.

20. Any allegation of any Election Crime in any state, territory or outlying possession of the United States, or the District of Columbia, other than Texas, from 2004 to the Present.

21. Any instance of Voter Fraud in Texas, from 2004 to the Present.

22. Any prosecution for Voter Fraud in Texas, from 2004 to the Present.

23. Any potential prosecution for Voter Fraud in Texas, from 2004 to the Present.

24. Any investigation of Voter Fraud in Texas, from 2004 to the Present.

25. Any allegation of Voter Fraud in Texas, from 2004 to the Present.

26. Any instance of Voter Fraud in any state, territory or outlying possession of the United States, or the District of Columbia, other than Texas, from 2004 to the Present.

27. Any prosecution for Voter Fraud in any state, territory or outlying possession of the United States, or the District of Columbia, other than Texas, from 2004 to the Present.

28. Any potential prosecution for Voter Fraud in any in any state, territory or outlying possession of the United States, or the District of Columbia, other than Texas, from 2004 to the Present.

29. Any investigation of Voter Fraud in any state, territory or outlying possession of the United States, or the District of Columbia, other than Texas, from 2004 to the Present.

30. Any allegation of Voter Fraud in any state, territory or outlying possession of the United States, or the District of Columbia, other than Texas, from 2004 to the Present.

Dated: August 21, 2014

                    Respectfully submitted,

                    GREG ABBOTT
                    Attorney General of Texas

                    DANIEL T. HODGE
                    First Assistant Attorney General

                    JONATHAN F. MITCHELL
                    Solicitor General

                    J. REED CLAY, JR.
                    Special Assistant and Senior Counsel
                    to the Attorney General
                    Southern District of Texas No. 1160600

                    */s/ John B. Scott*
                    JOHN B. SCOTT
                    Deputy Attorney General for Civil Litigation
                    Southern District of Texas No. 10418
                    Texas State Bar No. 17901500
                    ATTORNEY-IN-CHARGE

                    G. DAVID WHITLEY
                    Assistant Deputy Attorney General
                    Southern District of Texas No. 2080496

                    STEPHEN RONALD KEISTER
                    Assistant Attorney General
                    Southern District of Texas No. 18580

                    JENNIFER MARIE ROSCETTI
                    Assistant Attorney General
                    Southern District of Texas No. 224780

                    LINDSEY ELIZABETH WOLF
                    Assistant Attorney General
                    Southern District of Texas No. 2292940

                    FRANCES WHITNEY DEASON
                    Assistant Attorney General
                    Southern District of Texas No. 2302872

STEPHEN LYLE TATUM, JR.
Assistant Attorney General
Southern District of Texas No. 2338090

209 West 14th Street
P.O. Box 12548
Austin, Texas 70711-2548
(512) 475-0131

BEN A. DONNELL
Donnell, Abernethy & Kieschnick
555 N. Carancahua, Suite 1770
Corpus Christi, Texas 78401-0853
Southern District of Texas No. 5689

COUNSEL FOR THE STATE OF TEXAS, RICK PERRY, JOHN STEEN, and STEVE MCCRAW

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2014, a true and correct copy of the foregoing document is being served via electronic mail to all counsel of record.

/s/ *John B. Scott*
JOHN B. SCOTT