expressed more than a decade ago:

We are painfully aware of miscarriages of justice caused by wrongful identification. Those experienced in criminal trial work or familiar with the administration of justice understand that one of the great problems of proof is posed by eyewitness identification, especially in cross-racial identification . . . .

Likewise, a prominent state supreme court judge discussed the complexity of the phenomena as follows:

[I]t is well documented that cross-racial identification is less reliable than

5

HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY

identification of *one person by* another of the same race. Considerable evidence indicates that people are poorer at identifying members of another race than of their own.

Adding the *commonly held* belief that blacks are treated disparately in the criminal justice system, it is easy to see that the problem is complex and not easily allocated for or rectified.

And yet, this wealth of social science data and abundance of case law has yet to inspire legal scholars to address the issue directly. In fact, I was unable to locate a single law review article that

6

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

JZ-PRIV000594

deals exclusively with the topic of cross-racial IDs. Hence, this article: my contribution to the dialogue. It should be noted that the article is not meant to be exhaustive. Rather, it is written as an overview written with the express *intent to inspire* contributions from the scholastic legal community. The problem is not going to disappear. It must be dealt with, as the very integrity of our criminal justice system depends upon its resolution.

I first became interested in the subject matter while working as a student clinician in law school. The issue seemed to arise in many of the clinic's cases. Granted, my

7

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

universe of experience was a bit atypical. I was one of a handful of white students in my entering class at Howard University School of Law. And most of our clinic's clients were black. The high concentration of white victim/black perpetrator cases caused me to consider many issues, some societal and some interpersonal. One of these issues was the apparent inaccurate identification of several of our clients.

As a white graduate of a historically black law school, I bring a unique perspective to the discussion of cross-racial IDs. I believe my experiences add a valuable insight to

HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY

JZ-PRIV000596