**Q &A fr**

**Q: Didn't the U.S. Supreme Court throw out Section 5 of the Voting Rights Act – the preclearance requirement — earlier this summer?**

Li: No. What it did was throw out the formula for determining whether a state was covered by Section 5. That formula was based on whether a state had problems in 1972 or earlier. The Supreme Court said it was too out of date. The Section 3 claim is based on more recent alleged 'bad acts' and is different.

**What is Section 3 and how does it apply (or not) to Texas?**

Section 3 is a remedy a court can impose if it finds a jurisdiction has engaged in intentional discrimination in its voting and election practices. If the court makes that finding, then it can require the jurisdiction to get preapproval for any future voting changes for a period determined by the court. That's a process known as 'bail in.'

Section 3 hasn't applied to Texas up until now because the state was covered by a nearly identical requirement under Section 5.

**What did Holder actually file Thursday?**

The Justice Department filed a statement of interest agreeing with the plaintiffs in Texas' redistricting case. Its papers asked that Texas be required to preclear its electoral changes for a period of at least 10 years.

**What, broadly, do the plaintiffs in the case allege? What is the state's response?**

The plaintiffs' claim is that the discriminatory intent in the 2011 maps, combined with a history of discriminatory behavior by Texas and local governments in Texas, including a number of examples of recent behavior, merit putting Texas back under preclearance review.

The state's counter is to argue that there isn't a final ruling of discriminatory intent on the 2011 maps and that such a ruling would be inappropriate now because the state has adopted new maps. Basically, the state's position is that the only maps the court can rule on now are the 2013 maps, which fix a lot of the more problematic features of the 2011 maps. The plaintiffs would say, though, that's like saying — having gotten caught shoplifting — you can avoid punishment just by putting the stolen goods back on the shelf.

**Will the court case affect the November election, when Texas' voter ID law is due to take effect? What about the latest redistricting maps to be used in the March primaries?**

It's too early to tell. But if the court does decide to bail in Texas, then the voter ID law most likely would not be enforceable. On the legislative and congressional maps, it will depend (again assuming bail in) on whether the court decides that the maps need to be changed to address either

2:13-cv-193
09/02/2014
DEF2679

RE-PRIV003357

discriminatory effect or intent. If that process can't be completed before the start of the election cycle, it's probable that the court would put in place another set of interim maps.

**What's the next step?**

There are more briefs due by Aug. 1 after which the court will likely set a hearing. African-American and Hispanic groups also are asking the court in Washington to impose Section 3 preclearance in that case (which started off as a Section 5 case), so at least for the next couple of weeks things will be moving along a parallel track for a bit. Section 3 is new to folks in former Section 5 states like Texas, so there is a lot to sort out.

Share

- 
- 
- 

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

RE-PRIV003358