**Talking Points**: Conversation with DOJ re: Voter ID
Thursday, April 5, 2012
3:30 pm
DE

---

<u>Who</u>: you will be calling Jennifer Maranzano with the Department of Justice's Voting Rights division.

Maranzano has been with the DOJ since May 2008. Prior to that, she was a staff attorney with the Advancement Project, a DC-based organization that works with communities seeking to build a fair and just multi-racial democracy using law, public policy, and strategic communications. She has her J.D. from the University of Virginia.

<u>What will be discussed</u>: per Maranzano, she is interested in talking generally about the history of voter ID legislation in Texas and your particular role.

Additionally, they are seeking declarations from certain members on the legislative privilege issue currently being argued before the court (i.e., whether or not the DOJ should be able to depose members that supported the bill in order to determine whether there was discriminatory intent). So Maranzano may ask if they can put into writing some of your statements to supplement the briefing they are currently doing.

---

(remarks begin on next page)

Page 1 of 7

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

2:13-cv-193
09/02/2014
DEF2685

RE-PRIV004607

Current procedural status:
- SB 14 (82R), the voter ID bill, was rejected for preclearance by the Department of Justice on March 12, 2012. The DOJ concentrated on the fact that the state had not met its burden of showing that the law did not have a disparate effect on minority voters.
- Abbott had already filed suit in Washington, D.C. before the denial of preclearance was ever announced. This three-judge panel is now in the process of hearing the case. The three-judge panel consists of an Obama appointee, a Clinton appointee, and a George W. Bush appointee.
- A few days after preclearance was denied, Texas filed an amended complaint directly challenging the constitutionality of Section 5 of the Voting Rights Act.
- The court is currently accepting briefing on whether or not Texas can rely on a "legislative privilege" that would prevent the DOJ from deposing members that voted in favor of voter ID.

History of voter ID bills that actually moved:
- **2005**: HB 1706 by Mary Denny (no sponsor identified). The bill passed the House 78-67; was referred to Senate State Affairs where it never received a hearing. Died.
- **2007**: HB 218 by Betty Brown (sp: Fraser). The bill died on the Senate floor after Dewhurst agreed to verify the vote on the motion to suspend. The initial vote was 19-9 with Uresti, Hegar, and Whitmire absent. There was a question over whether or not Whitmire was on the floor and had voted - his vote being essential due to the fact that Uresti was out sick. Shapleigh made a motion to verify the vote, which Dewhurst

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

RE-PRIV004608

agreed to, and Uresti walked on the floor with about 30 seconds to spare, ensuring that the motion to suspend failed on a 20-11 vote.
- **2009**: SB 362 by Fraser (sp: Todd Smith). On the first day of session, Williams sprung an amendment to the Senate Rules which allowed voter ID to bypass the two-thirds rule. Specifically, he amended the Rule 5.11 to provide that "a bill or resolution relating to voter identification requirements reported favorably from the Committee of the Whole Senate may be set as a special order for a time at least 24 hours after the motion is adopted by a majority of the members of the Senate." The bill p and passed the Senate as a whole 19-12 on March 18. It eventually died on the House floor thanks to chubbing.
- **2011**: SB 14 by Fraser (sp: Patricia Harless). Using the previous rule amendment and the vast majority held by Republicans in the House, the bill was jammed through quickly in both Houses, with the conference committee being appointed on April 11. It was eventually sent to the Governor on May 18.

What you did regarding SB 14 (82R):
**Amendments**
- You filed three amendments, all of which were tabled.
- The first amendment would have allowed student IDs from accredited public universities in Texas to count as an acceptable form of ID.
- The second amendment would have allowed election day registration.
- The third amendment would have required the Secretary of State to produce an annual report determining whether the changes in law instituted via SB 14 produce a disparate impact

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

RE-PRIV004609