IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> GREG ABBOTT, *et al.*, <br><br> Defendants. | Civil Action No. 2:13-cv-193 (NGR) <br> (Consolidated Action) |

**REPLY OF VEASEY-LULAC PLAINTIFFS
TO DEFENDANTS' OPPOSITION TO MOTION TO ORDER THE PAYMENT OF
CERTAIN EXPERT WITNESS EXPENSES**

Defendants ask this Court to deny in full the Veasey-LULAC Plaintiffs' motion under Federal Rule of Civil Procedure 26(b)(4)(E), even though the rule clearly contemplates that, unless "manifest injustice" would result, Defendants must pay reasonable fees and expenses incurred by Veasey-LULAC experts in responding to Defendants' deposition requests. Defendants' various arguments come nowhere close to showing that "manifest injustice" would result from requiring Defendants to pay any Veasey-LULAC expert deposition fees.[1]

In the alternative, Defendants urge this Court to reduce the amount owed. To this end, Defendants advance two justifications, both largely resting on creative citations to cases where

---

[1] Although Defendants assert that they entered into an agreement with the Department of Justice to depose DOJ experts in Washington, DC, rather than Texas, in exchange for DOJ agreeing not to pursue reimbursement for deposition expenses, the Veasey-LULAC Plaintiffs entered into no such agreement.

1

courts have for some reason reduced expert deposition fee requests.[2] Neither justification is convincing here.

First, Defendants assert that the expert opinions of Mr. Korbel, Mr. Cornish, and Dr. Sanchez were not significant enough in the context of the case to justify full reimbursement. Defendants emphasize the limited number of times the Court cited Mr. Korbel and Mr. Cornish in its opinion. But Rule 26 nowhere states that it is manifestly unjust to require a party to pay an expert's deposition expenses unless the Court cites that expert a certain number of times. Nor do Defendants argue that Mr. Korbel and Mr. Cornish were unqualified, or that their opinions were irrelevant. *See McCaig v. Wells Fargo Bank (Texas), N.A.,* No. 2:11–CV–351, 2014 WL 360546, at *3 (S.D. Tex. Feb. 3, 2014) (cutting requested expert fees because experts lacked sufficient expertise to offer certain opinions and other opinions were irrelevant). In fact, the Court did rely on Mr. Korbel and Mr. Cornish for some important issues,[3] and Defendants apparently found Mr. Korbel's and Mr. Cornish's reports and testimony sufficiently relevant to justify deposing them.

As for Dr. Sanchez, Defendants complain that he was ultimately not called to testify at trial.[4] But under FRCP 26(b)(4)(A), "A party may depose any person who has been identified as

---

[2] Defendants also complain that Veasey-LULAC Plaintiffs did not provide receipts for incidental expenses. Attached to this reply are receipts for all of Dr. Herron's incidental expenses. *See* Exhibit A. It is also worth pointing out that before filing their motion and in accordance with the Federal Rules and this Court's local rules, counsel for the Veasey-LULAC Plaintiffs conferred with counsel for Defendants and sent Defendants' counsel the invoices for all of the experts who were the subject of this motion. Defendants' counsel never requested submission of receipts.

[3] For instance, the Court cited Mr. Korbel's report and testimony extensively when discussing Texas's history of racial discrimination. *See* Dist. Ct. Op. 4, 5 n.15, 9 n.28, 10 & n.33–34, 12 n.41, 48.

[4] Defendants also argue that Veasey-LULAC Plaintiffs should have been able to hire one expert—not both Dr. Barreto and Dr. Sanchez—to conduct a survey of photo ID possession, and complain that Pacific Market Research conducted "a significant portion of the work in the report." Def. Resp. 7 n.7. Defendants apparently understand neither academia—multiple professors frequently work together on the same project—nor survey research—professors who conduct such research do not sit on the phone "cold calling" people, but instead design surveys, hire polling firms to conduct them, and then analyze the results. In any event, Defendants chose to depose both Drs. Barreto and Sanchez, and should not now be able to pass the bill for those depositions on to the Veasey-LULAC Plaintiffs.

an expert whose opinions may be presented at trial." The use of the word "may" suggests that the expert simply needs to be a possible trial witness to fall within FRCP 26(b)(4)(A)—in other words, FRCP 26(b)(4)(A) applies to all experts other than trial preparation experts, "who ha[ve] been retained or specially employed . . . in anticipation of litigation or to prepare for trial and who [are] not expected to be called as a witness at trial." FRCP 26(b)(4)(D). Defendants cite *Rogers v. Penland*, 232 F.R.D. 581 (E.D. Tex. 2005), to support their proposed rule, but that case actually supports the Veasey-LULAC position. *See id.* at 583 (requiring the deposing party to pay expenses of experts not called to testify at trial). Moreover, Defendants' proposed rule would have the pernicious effect of encouraging parties to call at trial all expert witnesses who were deposed, even when their trial testimony would be unnecessary and duplicative.

Second, Defendants insist that Veasey-LULAC reimbursement requests for deposition preparation are excessive. Relying on *Fiber Optic Designs, Inc. v. New England Pottery, LLC*, 262 F.R.D. 586 (D. Colo. 2009) and *In re Shell Oil Co.,* No. 88-1935, 1992 WL 31867 (E.D. La. Feb. 13, 1992), Defendants argue that time the Veasey-LULAC experts spent with counsel preparing for depositions is not reimbursable under Rule 26. But contrary to Defendants' assertion, most courts allow experts to recover fees for deposition preparation. "[T]he literal language of [Rule 26], as interpreted and applied by the cases that reflect the prevailing view, is that a party that exercises its free choice to depose [an expert] witness has created a need for that witness to prepare twice—once for the deposition and then again for his or her trial testimony—so that no unfairness is involved" in requiring the deposing party to pay the expert witness's deposition preparation expenses. *Waters v. City of Chicago*, 526 F. Supp. 2d 899, 901 (N.D. Ill. 2007). Indeed, the court in *Fiber Optic Designs* actually followed the majority approach, "elect[ing] to follow the line of cases requiring reimbursement under [Rule 26] for an expert's

3

deposition preparation . . . [because] [the deposing party] could anticipate that [the expert] would expend some time preparing for his deposition." *Fiber Optic Designs, Inc.*, 262 F.R.D. at 594; *see also Magee v. Paul Revere Life Insurance Co.*, 172 F.R.D. 627, 647 (E.D.N.Y.1997) ("[P]ermitting compensation for preparation time actually facilitates the deposition process by avoiding repeated interruptions to enable the witness to refresh his recollection by consulting . . . the witness's expert report."); *Hose v. Chicago and North Western Transportation Co.*, 154 F.R.D. 222, 228 (S.D. Iowa 1994) (same). Although the court in *Shell Oil* took the minority approach, that opinion nowhere explains why the court rejected the majority approach.

Again relying on *Fiber Optic Designs*, Defendants also argue that this Court should reduce requested deposition preparation fees because of deposition timing. They maintain that the depositions of Mr. Korbel, Dr. Barreto, Dr. Sanchez, Dr. Herron, and Dr. Lichtman occurred so close to when they filed their reports that they should not have had to spend much time preparing. And they insist that the depositions of Mr. Korbel, Dr. Barreto, Dr. Herron, and Dr. Lichtman occurred so close to trial that deposition preparation facilitated Veasey-LULAC counsels' trial preparation. But in *Fiber Optic Designs*, the court relied on deposition timing, among other factors, to reduce reimbursable preparation expenses from the requested *sixteen* hours to four hours. *Fiber Optic Designs*, 262 F.R.D. at 594, 599. By contrast, no Veasey-LULAC expert spent more than ten hours preparing for his deposition—and most spent far less than that—somewhat remarkable given the complexity of the factual disputes in this case and the many dueling expert reports. Moreover, unsupported assertions about Veasey-LULAC trial preparation provide no basis for requiring Veasey-LULAC counsel to subsidize Defendants' depositions. If Defendants really believed that the timing of their depositions would significantly

4

benefit Veasey-LULAC counsel, then Defendants would likely not have chosen to depose Veasey-LULAC experts when they did.

*   *   *

Veasey-LULAC counsel regret that this Court must wade into a disagreement over a few thousand dollars. Prior to filing this opposed motion, Veasey-LULAC counsel repeatedly attempted to reach agreement with Defendants about an appropriate amount for expert deposition reimbursement. Rather than work toward some agreement, Defendants refused to negotiate at all.

WHEREFORE, the Veasey-LULAC Plaintiffs respectfully pray that this Court grant their motion ordering Defendants to pay certain expert witness fees and expenses.

Date: February 19, 2015

Respectfully submitted,

 /s/ Chad W. Dunn
CHAD W. DUNN
KEMBEL SCOTT BRAZIL
Brazil & Dunn
4201 Cypress Creek Pkwy, Ste 530
Houston, TX 77068
281-580-6310
chad@brazilanddunn.com

J. GERALD HEBERT
JOSHUA J. BONE
Campaign Legal Center
215 E St. NE
Washington, DC 20002
202-736-2200
jbone@campaignlegalcenter.org

NEIL G. BARON
Law Offices of Neil G. Baron
914 FM 517 Rd W
Suite 242
Dickinson, TX 77539
281-534-2748
neil@ngbaronlaw.com

ARMAND DERFNER
Derfner, Altman, & Wilborn
P.O. Box 600
Charleston, SC 29402
843-723-9804
aderfner@dawlegal.com

*Counsel for Veasey/LULAC Plaintiffs*

LUIS ROBERTO VERA, JR.
Law Office of Luis Roberto Vera Jr.
111 Soledad, Ste 1325
San Antonio, TX 78205
210-225-2060
lrvlaw@sbcglobal.net

*Counsel for LULAC*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on February 19, 2015, I served a true and correct copy of the foregoing via the Court's ECF system to all counsel of record.

*/s/ Chad W. Dunn*
Brazil & Dunn
4201 Cypress Creek pkwy
Ste 530
Houston, TX 77068
281-580-6310
chad@brazilanddunn.com