THE HONORABLE CARLOS CASCOS, SECRETARY OF STATE
FOR THE STATE OF TEXAS
(GENERAL) JAMES EARL RUDDER STATE BLDG.
1019 BRAZOS STREET
AUSTIN, TEXAS 78711

2:13cv193

WITH COPIES TO: LUBBOCK CITY SECRETARY BECKY GARZA, LUBBOCK MUNICIPAL JUDGE ROBERT DOTY, LUBBOCK DISTRICT ATTORNEY MATT POWELL, STATE OF TEXAS DISTRICT JUDGE LES HATCH, FORMER TEXAS ATTORNEY GENERAL GREG ABBOTT, UNITED STATES FEDERAL JUDGE NELVA GONZALES RAMOS, UNITED STATES CHIEF JUSTICE OF THE SUPREME COURT JOHN G. ROBERTS, JR., AND FEI ATTORNEY BRIAN NEWBY AND UNIVERSITY OF OKLAHOMA PRESIDENT DAVID BOREN. ALSO, FEI RAYMUND PAREDES, COMMISSIONER OF HIGHER EDUCATION FOR THE STATE OF TEXAS.

DEAR SECRETARY CASCOS:

A SHORT WHILE BACK I WROTE TO YOU CONCERNING "WRITE-IN BALLOTING" AS ACCORDED BY SECTION 146.001A OF THE TEXAS ELECTION CODE. I ALSO MENTIONED SECTIONS C(?). 2.051(b) AND 2.052. AS YOU WILL RECALL, I WAS DIRECTED TO YOU BY THE LUBBOCK CITY SECRETARY. ALL OF THIS REVOLVES AROUND INTERPRETATION OF THE LUBBOCK CITY CHARTER! AND, JURISDICTIONALLY, THE FIRST STEP IS TO PRESENT THE MATTER TO THE LUBBOCK MUNICIPAL

COURT, AN INDEPENDENT JUDICIARY. I APOLOGIZE FOR NOT RECOGNIZING THAT I SHOULD HAVE "TOUCHED BASE THERE," BEFORE WAITING TO YOU, WITH AN INTERPRETATION IN THIS MATTER BY A MUNICIPAL JUDGE! AT THE SAME TIME I DO NOT APOLOGIZE FOR BRINGING THE MATTER TO YOUR ATTENTION, SINCE ALOT OF THIS LEGAL AND, THEREFORE, JUDICIAL "STUFF" THAT I AM HEAVILY INVOLVED IN, HAS A JURISDICTIONAL BASIS. MOST RECENTLY JUDGE DOTY POSTPONED A MATTER INVOLVING ME BEFORE HIS COURT WHEN I, APPROPRIATELY, RAISED A JURISDICTIONAL QUESTION.

SO ALLOW ME TO GIVE SOME OTHER EXAMPLES, ONE OR TWO THAT MAY AFFECT YOU AS GOVERNOR ABBOTT AS YOU GO ABOUT YOUR OFFICIAL DUTIES AS PRESCRIBED BY THE TEXAS CONSTITUTION AND TEXAS LAW. I WILL START WITH MY SITUATION AT TEXAS TECH WHICH I WAS SUCCESSFUL AT GETTING BEFORE JUDGE HATCH'S COURT WITH THE CONCURRENCE OF THEN ATTORNEY GENERAL ABBOTT. MY EMPLOYMENT AT TEXAS TECH WAS TERMINATED, APPARENTLY, BY BOARD OF REGENTS ACTION IN EARLY AUGUST, 2010. AS POINTED OUT IN JUDGE HATCH'S COURT, THAT WAS THE FIRST TIME I HAD A GRIEVANCE AGAINST TEXAS TECH SINCE MY EMPLOYMENT WAS TERMINATED WITH WORKING OUT A SETTLEMENT.

Texas Tech had "put one on the table" followed by the one proposed by myself and Mrs. Quade. Let me point out that up until the Board's "presumed" action, I did not have a grievance against Texas Tech although Mrs. Quade may have had from their behavior that affected her/our children over the years. However, "as the matter played out" over an 2½ year period, it became clear that the students, faculty, and administration of Texas Tech had a very serious grievance against me! So, as I see it, when these groups presented "their cause" to the Board, again, as I see it, the Board had very little recourse but to take the "action" that they did. How did I interpret the behavior of these groups? I could not believe the absolute incompetence of all faculty colleagues when it came to faculty governance! Faculty thinking had really changed in this matter since my arrival 45 years earlier and even "as things played out" in the 1980s. In 2009, the Lubbock Avalanche-Journal pointed out that an independent agency had

CKQ

GRADES TEXAS TECH'S ADMINISTRATION USED "D OR F," IT DIDN'T SPECIFY WHICH. IN "OVERALL GRADING" TEXAS TECH RANKED LAST OF ALL SCHOOLS IN THE, THEN FULL, BIG XII. WITH REGARDS TO THE THIRD GROUP, STUDENTS ARE, AND WILL ALWAYS BE, STUDENTS. AS PART OF THEIR EDUCATION, MAYBE THE MOST IMPORTANT PART, THEY LOOK TO ADULTS FOR EXAMPLES OR, IF YOU WISH, "ROLE MODELS." TO CONCLUDE THIS STORY, I SUCCESSFULLY ARGUED THAT <u>STATE OF TEXAS DISTRICT COURT IS PART OF THE STATE EMPLOYEE GRIEVANCE SYSTEM</u>. FURTHER, I WILL "ARGUE" HERE THAT STATE OF TEXAS DISTRICT COURT NEEDS TO CONSIDER FEDERAL LAW, AS WELL AS STATE LAW, AS IT APPLIES TO A SITUATION. THEN, THE NEXT STEP IS FEDERAL COURT FOR FEDERAL LAW IF THE PARTIES TO THE CAUSE ARE NOT SATISFIED WITH THE STATE COURT RENDERINGS.

WITHIN THIS CONTEXT, I MOVE TO THE <u>TEXAS VOTING LAW(S)</u> THAT ARE BEFORE FEDERAL JUDGE GONZALES RAMOS' COURT. I FIRST READ ABOUT THIS IN SEPTEMBER/OCTOBER 2014 IN A MIDLAND NEWSPAPER AND IMMEDIATELY FILED AN <u>AMICUS CURIAE BRIEF</u>. SHE HAS BEEN EXTREMELY KIND

TO SEND ME "LOADS" OF INFORMATION ABOUT THIS (THESE) MATTER. I LAST HEARD FROM HER IN NOVEMBER, 2015.

SINCE I WAS VERY LATE GETTING INVOLVED WITH THIS, ~~[redacted]~~ "WERE THE OBJECTIONS TO THE TEXAS VOTING LAW(S) FIRST CONSIDERED IN TEXAS DISTRICT COURT BEFORE THEY WERE TAKEN TO FEDERAL COURT? <u>I DO NOT KNOW THE ANSWER</u>!!! BUT I WILL SAY THIS: "TEXAS SHOULD HAVE BEEN GIVEN THE OPPORTUNITY TO 'CLEAN UP ITS OWN HOUSE' BEFORE RE-COURSE WAS MADE BY PLAINTIFFS TO FEDERAL COURT!" OF COURSE, SINCE THIS MATTER IS STILL GOING ON, YOU AND GOVERNOR ABBOTT ARE HEAVILY INVOLVED. ALTHOUGH A LOT OF PEOPLE MAY NOT LIKE IT, THE STATE OF TEXAS AND ALL OF ITS LAWS ARE SUBJECT TO THE U.S. CONSTITUTION AND FEDERAL LAW. A<u>GAIN</u> AND A<u>GAIN</u>, <u>TEXAS</u> MUST BE GIVEN THE <u>CHANCE</u> VIA STATE OF <u>TEXAS</u> DISTRICT COURT TO <u>WORK THROUGH</u> <u>THE MATTER</u> BEFORE PROCEEDING <u>TO FEDERAL COURT</u>.

NOW TO A LOCAL LUBBOCK MATTER: A FEW YEARS BACK, 6 TO 1, THE LUBBOCK CITY COUNCIL

TRIED TO DRUM ONE OF ITS MEMBERS OFF OF THE "COUNCIL" BY HIRING AN "OUTSIDE" ATTORNEY TO TAKE THE MATTER BEFORE LUBBOCK DISTRICT (OR COUNTY?) COURTS. BEFORE THE MATTER EVEN GOT TO A JUDGE, THE LUBBOCK DISTRICT ATTORNEY "TOSSED IT OUT." I HAD FILED AN AMICUS CURIAE BRIEF STATING THAT THIS WAS A CITY CHARTER INTERPRETATION MATTER AND THAT THE FIRST STEP FOR THE CITY COUNCIL IN ITS GRIEVANCE WAS TO TAKE THE MATTER BEFORE A MUNICIPAL JUDGE, INDEPENDENTLY ELECTED, WHO SHOULD BE MORE FAMILIAR WITH THE CITY CHARTER AND ITS WORKINGS THAN ANYONE AT THE LUBBOCK COUNTY COURTHOUSE. I ALSO ARGUED "THAT THE FUNNY STUFF" THE COUNCIL MEMBER WAS ACCUSED OF "BEING UP TO", WAS ACTUALLY "IN PRACTICE" BY ALL OF THE OTHER COUNCIL MEMBERS! MORE RECENTLY, ANOTHER ATTEMPT, 6 TO 1, WAS MADE TO "DRUM" THE SAME COUNCIL MEMBER OFF. SOMEHOW "THIS FIZZLED OUT." I DID NOT GET INVOLVED. MORE IMPORTANT, AS OF THIS TIME, I AM NOT AWARE THAT ANY EMPLOYEE OF THE CITY OR

CKG

ANY CITIZEN SERVED BY THE CITY HAS YET TO USE MUNICIPAL COURT FOR A GRIEVANCE OTHER THAN THAT A FEW CITIZENS OF LUBBOCK ARE USING IT AS A GRIEVANCE AGAINST ME, IN MUCH THE SAME MANNER THE TEXAS TECH GROUPS DID. THIS MATTER THAT THESE INDIVIDUALS HAVE AGAINST ME WAS ALREADY BEFORE A JUSTICE OF THE PEACE COURT, WHERE IT WAS APPROPRIATE. IN COURT, THE J.P. SAID: "IF SHE COULD NOT PROPERLY RESOLVE THE MATTER, SHE WOULD TOSS IT TO A HIGHER (COUNTY) COURT."

SO, IN CONCLUSION, I SHOULD HAVE BROUGHT THE MATTER AS TO WHETHER OR NOT "WRITE-IN VOTING" WAS DISALLOWED BY THE LUBBOCK CITY CHARTER TO LUBBOCK MUNICIPAL COURT RATHER THAN PLACING RESPONSIBILITY ON YOU, SECRETARY CASCOS. MY GUESS IS THAT THE LUBBOCK CITY SECRETARY IS LESS ATUNED TO GENERAL, AND NATURAL, LAW THAN I AM SO IT IS MY ERROR FOR NOT REFERRING THE MATTER TO THE LUBBOCK MUNICIPAL COURT.

BOX 6999
LUBBOCK, TEXAS
79493

RESPECTFULLY YOURS,

C. Richard Quade CRQ

C. RICHARD QUADE

THE HONORABLE NELVA GONZALES RAMOS
FEDERAL JUDGE FOR THE SOUTHERN DISTRICT
OF TEXAS
FEDERAL BUILDING
1133 NORTH SHORELINE BLVD
CORPUS CHRISTI, TEXAS
78401

CRU
Box 6499
79943

RECEIVED
FEB 29 2016
CLERK, U.S. DISTRICT COURT
SOUTHERN DIST. OF TEXAS
CORPUS CHRISTI, TEXAS