IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> GREG ABBOTT, *et al.*, <br><br> Defendants. | Civil Action No. 2:13-cv-193 (NGR) |
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, *et al.*, <br><br> Plaintiff-Intervenors, <br><br> TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, *et al.*, <br><br> Plaintiff-Intervenors, <br><br> v. <br><br> STATE OF TEXAS, *et al.*, <br><br> Defendants. | Civil Action No. 2:13-cv-263 (NGR) |

| | |
|---|---|
| TEXAS STATE CONFERENCE OF NAACP BRANCHES, *et al.*,<br><br>                    Plaintiffs,<br><br>                        v.<br><br>CARLOS CASCOS, *et al.*,<br><br>                    Defendants. | Civil Action No. 2:13-cv-291 (NGR) |
| LENARD TAYLOR, *et al.*,<br><br>                    Plaintiffs,<br><br>                        v.<br><br>STATE OF TEXAS, *et al.*,<br><br>                    Defendants | Civil Action No. 2:13-cv-348 (NGR) |

### SUBMISSION OF ALL PRIVATE PLAINTIFFS AND PLAINTIFF-INTERVENORS OF ADDITIONAL TERM

Pursuant to this Court's July 21 Order (ECF No. 859) and July 26 Order (ECF No. 869), all private Plaintiffs and Plaintiff Intervenors ("Plaintiffs")[1] represent to the Court that the parties have been involved in negotiations regarding a plan for interim relief in this matter. While those negotiations have resolved many issues relating to the plan for interim relief, questions remain

---

[1] The Plaintiffs joining in this brief are the Texas State Conference of NAACP Branches, the Mexican American Legislative Caucus of the Texas House of Representatives, the Texas Association of Hispanic County Judges and County Commissioners, Hidalgo County, the Texas League of Young Voters Education Fund, Imani Clark, Estela Garcia Espinosa, Lionel Estrada, La Union Del Pueblo Entero, Inc., Margarito Martinez Lara, Maximina Martinez Lara, Eulalio Mendez, Jr., Lenard Taylor, Marc Veasey, Floyd James Carrier, Anna Burns, Michael Montez, Penny Pope, Jane Hamilton, Sergio DeLeon, Oscar Ortiz, Koby Ozias, John Mellor-Crummey, Evelyn Brickner, Gordon Benjamin, Ken Gandy, Jane Doe, James Doe, the League of United Latin American Citizens ("LULAC") and Dallas County, Texas.

about the development and implementation of the education and training program to be conducted by the State.  For the reasons set forth below, Plaintiffs request that the following additional term be included in the Court's order for interim relief:

> 14. The parties shall meet and confer, such that Plaintiffs, through their counsel, will be given opportunities to provide meaningful input into the development of material aspects of the voter education and election official training programs described in Paragraphs 10 and 12.

Plaintiffs request that this additional term be considered in addition to the joint terms previously agreed upon and submitted to the Court by the parties.  Jnt. Submission of Approved Terms (ECF 877).

The en banc Fifth Circuit Court of Appeals explicitly ordered this Court to "consider the necessity of educational and training efforts to ensure that both voters and workers at polling places are capable of making use of whatever remedy the [Court] selects."  *Veasey v. Abbott*, No. 14-41127, 2016 WL 3923868, at *38 (5th Cir. July 20, 2016) (en banc).  On July 21, 2016, this Court ordered that any plan for interim relief must include terms to "educate the public in a *meaningful* way about the SB 14 ID requirements and all exceptions to those requirements" and to "educate and train workers at polling places to *fully* implement the resulting plan."  July 21 Order at 2 (emphasis added).

Courts have widely acknowledged that robust education and training are essential elements of any voter identification regimes, and are particularly important when requirements have been in flux due to recent legal proceedings.  *See Brakebill v. Jaeger*, No. 16-cv-008, slip op. at 26 (D.N.D. Aug. 1, 2016); *Frank v. Walker*, No. 11-C-1128, 2016 WL 3948068, at *18 (E.D. Wisc. July 19, 2016); *Common Cause v. Billups*, 439 F. Supp. 2d 1294, 1351 (N.D. Ga. July 14, 2006).  Despite this, Texas has up to this point demonstrated a well-documented disregard for education and training in the implementation of SB 14.  This Court has variously

noted that education on the law has been "woefully lacking," that "[t]he failure to fund SB 14 was clear at trial," and that "no real educational campaign was initiated" by the State. *Veasey v. Perry*, 71 F. Supp. 3d 627, 642, 649 (S.D. Tex. 2014), *aff'd in relevant part sub nom. Veasey v. Abbott*, No. 14-41127, 2016 WL 8923868 (5th Cir. July 20, 2016) (en banc). The en banc Fifth Circuit Court of Appeals likewise flagged "the lack of training and education about SB 14's requirements," and underscored the necessity of a timely and thorough education program, given the upcoming November elections and the "grossly insufficient" public education campaign for SB 14 thus far. *Veasey v. Abbott*, 2016 WL 3923868, at *25, *16. The need for robust education is particularly acute in Texas, since the voter registration certificates last mailed out to voters provide incorrect information about the need to possess SB 14 ID to cast a ballot. *See* Photo of Voter Registration Certificate, *available at* http://trailblazersblog.dallasnews.com/files/2012/11/photo-1.jpg.

It is prudent and reasonable for Plaintiffs to provide early input on such education and training plans given the short time frame under which this remedial plan must be formulated, and the additional perspective that Plaintiffs can provide concerning the specific education needs of affected voters and problems that have occurred in other poll worker training programs. The joint terms agreed upon by the parties provide that voters without SB 14 ID or SB 14 ID that is expired by no more than four years may nonetheless cast a regular ballot upon completion of a reasonable impediment declaration and presentation of one of a number of documents specified in the joint submission. Implementation problems have been identified in other states utilizing some form of a reasonable impediment declaration alternative to photo ID. For example, reports to the Fourth Circuit Court of Appeals noted much confusion and mishandling in the implementation of the reasonable impediment alternative in the now-struck North Carolina photo

3

ID requirement, including failure by poll workers to offer voters that alternative and public confusion about what was required under the alternative.  Brief of Amicus Curiae Democracy North Carolina in Support of Appellants and Seeking Reversal, *North Carolina State Conf. of NAACP v. McCrory*, Nos. 16-1468, 16-1469, 16-1474, 16-1529, at 8-32 (4th Cir. June 26, 2016), *available at* http://nc-democracy.org/wp-content/uploads/2016/06/May-2016-Amicus-Brief.pdf.  Additionally, multiple reports have surfaced from South Carolina that the state's reasonable impediment exception is under-advertised and, in fact, sometimes altogether omitted from public education surrounding the law.  Richard L. Hasen, *Softening Voter ID Laws Through Litigation: Is It Enough?*, Wisc. L. Rev. Forward, Mar. 7 Draft at 12 (forthcoming 2016), *available at* http://papers.ssrn.com/sol3/papers.cfm?abstract_id=2743946 (compiling reports that South Carolina does "little to publicize the reasonable impediment exemption," that official materials have included mention to it in fine print only, and that official statements from election officials have indicated that voters cannot cast a valid vote without photo ID).  Reasonable input by Plaintiffs' counsel can help to ward against such issues in Texas.

Further, such early collaboration and communication may also reduce any future conflicts over public education and poll worker training that need to be brought before this Court for resolution and, most importantly, minimize implementation issues.  These concerns were clearly animating the urgings issued to the parties by the en banc Fifth Circuit Court of Appeals.  *See Veasey v. Abbott*, 2016 WL 3923868, at *39 ("The parties have expressed a willingness to work cooperatively with the district court to provide a prompt resolution of this matter, and we urge them to do so to avoid election eve uncertainties and emergencies.").

Moreover, reasonable back and forth between the parties on appropriate education and training is familiar to both these types of agreements and to the state of Texas:  just last week, the

...

state agreed to precisely such input when settling a case over the rights of parents to receive copies of their Texas-born children's birth certificates. *Perales Serna v. Texas Dep't of State Health Servs.*, No. 15-cv-446 (W.D. Tex. July 25, 2016) ("Plaintiffs' counsel may provide reasonable input to the content of posters and pamphlets" to be available on state websites.). Plaintiffs' request reflects a similar interest in providing reasonable input into training and educational materials, for example, manuals, web materials, posters, and advertisements.

Given the essential role that voter education and election official training programs will play in the successful implementation of any interim remedy ordered by the Court, and for all of the reasons stated herein, Plaintiffs respectfully request that the Court adopt the proposed term in its order.

Date: August 3, 2016

Respectfully submitted,

/s/ Lindsey B. Cohan
MYRNA PÉREZ
JENNIFER CLARK
The Brennan Center for Justice at NYU Law School
161 Avenue of the Americas, Floor 12
New York, New York 10013-1205

JON M. GREENBAUM
EZRA D. ROSENBERG
BRENDAN B. DOWNES
Lawyers' Committee for
Civil Rights Under Law
1401 New York Avenue NW Suite 400
Washington, D.C. 20005

AMY L. RUDD
LINDSEY B. COHAN
Dechert LLP
500 W. 6th Street, Suite 2010
Austin, Texas 78701

5

JOSE GARZA
Law Office of Jose Garza
7414 Robin Rest Drive
San Antonio, Texas 98209

DANIEL GAVIN COVICH
Covich Law Firm LLC
Frost Bank Plaza
802 N Carancahua, Ste 2100
Corpus Christi, TX 78401

GARY BLEDSOE
Potter Bledsoe, LLP
316 W. 12th Street, Suite 307
Austin, Texas 78701

VICTOR GOODE
NAACP
4805 Mt. Hope Drive
Baltimore, Maryland 21215

ROBERT NOTZON
The Law Office of Robert Notzon
1502 West Avenue
Austin, Texas 78701

*Counsel for the Texas State Conference of NAACP Branches and the Mexican American Legislative Caucus of the Texas House of Representatives*

/s/ Chad W. Dunn
J. GERALD HEBERT
DANIELLE M. LANG
Campaign Legal Center
1411 K Street NW Suite 1400
Washington, DC 20005

CHAD W. DUNN
K. SCOTT BRAZIL
BRAZIL & DUNN
4201 Cypress Creek Pkwy., Suite 530
Houston, Texas 77068

6

ARMAND G. DERFNER
Derfner & Altman
575 King Street, Suite B
Charleston, S.C. 29403

NEIL G. BARON
Law Office of Neil G. Baron
914 FM 517 W, Suite 242
Dickinson, Texas 77539

DAVID RICHARDS
Richards, Rodriguez & Skeith, LLP
816 Congress Avenue, Suite 1200
Austin, Texas 78701

*Counsel for Veasey/LULAC Plaintiffs*


/s/ Christina A. Swarns
CHRISTINA A. SWARNS
NATASHA M. KORGAONKAR
LEAH C. ADEN
DEUEL ROSS
NAACP Legal Defense and Education Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006

JONATHAN PAIKIN
KELLY DUNBAR
TANIA FARANSSO
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006

*Counsel for the Texas League of Young Voters Education Fund and Imani Clark*

LUIS ROBERTO VERA, JR.
Law Office of Luis Roberto Vera Jr.
111 Soledad, Ste 1325
San Antonio, TX 78205

*Counsel for LULAC*

7

/s/ Rolando L. Rios
ROLANDO L. RIOS
115 E. Travis, Suite 1645
San Antonio, Texas 78205

*Counsel for the Texas Association of Hispanic County Judges and County Commissioners*


/s/ Marinda van Dalen
ROBERT W. DOGGETT
SHOSHANA J. KRIEGER
Texas RioGrande Legal Aid
4920 N. IH-35
Austin, Texas 78751

MARINDA VAN DALEN
Texas RioGrande Legal Aid
531 East St. Francis St.
Brownsville, Texas 78529

JOSE GARZA
Texas RioGrande Legal Aid
1111 N. Main Ave.
San Antonio, Texas 78212

*Counsel for Lenard Taylor, Eulalio Mendez Jr., Lionel Estrada, Estela Garcia Espinoza, Margarito Martinez Lara, Maximina Martinez Lara, and La Union Del Pueblo Entero, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 3, 2016, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

/s/ Lindsey B. Cohan
Lindsey B. Cohan
Dechert LLP
300 W. 6th Street, Suite 2010
Austin, Texas 78731
lindsey.cohan@dechert.com