UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARC VEASEY, *et al.*, § | | |
| § | | |
| Plaintiffs, § | | |
| v. § | CIVIL ACTION NO. 2:13-CV-00193 | |
| § | | |
| GREG ABBOTT, *et al.*, § | | |
| § | | |
| Defendants. § | | |

### DEFENDANTS' BRIEF REGARDING PROPOSED INTERIM REMEDIAL PLAN

On July 20, 2016, the United States Court of Appeals for the Fifth Circuit affirmed this Court's finding that SB 14 results in a discriminatory effect under Section 2 of the Voting Rights Act. *Veasey v. Abbott*, No. 14-41127, 2016 WL 3923868, *39 (5th Cir. July 20, 2016) (en banc).[1] Given the time constraints of a fast-approaching November 2016 election, the Fifth Circuit remanded with instructions to enter an interim remedy and "ensure that any remedy enacted ameliorates SB 14's discriminatory effect, while respecting the Legislature's stated objective to safeguard the integrity of elections by requiring more secure forms of voter identification." *Id.* at *38. Specifically, the Fifth Circuit stated:

> On remand, the district court should refer to the policies underlying SB 14 in fashioning a remedy. We acknowledge that the record establishes that the vast majority of eligible voters possess SB 14 ID, and we do not disturb SB 14's effect on those voters—those who have SB 14 ID must show it to vote. The remedy must be tailored to rectify only the

---

[1] Defendants preserve their ability to seek review of this decision and are not waiving any arguments pertaining to, or forfeiting their right to seek, review of this VRA Section 2 discriminatory-effect finding. Nor do Defendants concede that the relief in the agreed-to portions of the joint filing on August 3 is necessary or appropriate for future elections, and Defendants expressly reserve their right to seek or oppose future orders for relief.

1

> discriminatory effects on those voters who do not have SB 14 ID or are unable to reasonably obtain such identification.

*Id.* That guidance draws on the fundamental principle that a remedy entered under Section 2 of the Voting Rights Act "should be sufficiently tailored to the circumstances giving rise to the § 2 violation," *United States v. Brown*, 561 F.3d 420, 435 (5th Cir. 2009), and, whenever possible, "should respect a legislature's policy objectives." *Veasey*, 2016 WL 3923868, at *37.

This Court found that SB 14's photo-ID requirement caused a discriminatory result because its photo-ID requirement "specifically burdens Texans living in poverty, who are less likely to possess qualified photo ID, are less able to get it, and may not otherwise need it," and because "a disproportionate number of Texans living in poverty are African-Americans and Hispanics." *Veasey v. Perry*, 71 F. Supp. 3d 627, 664 (S.D. Tex. 2014). The parties' joint submission regarding an interim remedy respects the Texas Legislature's policy objectives by requiring voters with SB 14 ID to present it when voting in person. And it alleviates any potential burden on those who cannot reasonably obtain SB 14 ID by permitting them to vote in-person by presenting an alternative form of identification—including a voter-registratoin card—and executing a declaration attesting to a reasonable impediment to obtaining SB 14 ID. *Cf. Veasey*, 2016 WL 3923868, at *37 (suggesting that an appropriate remedy "might include a reasonable impediment or indigency exception similar to those adopted, respectively, in North Carolina or Indiana" (footnotes omitted)).

The Fifth Circuit recognized a second fundamental principle that informs judicial remedies under the Voting Rights Act: legislatures should have the chance to devise

a remedy whenever possible. In a challenge to state voter-registration laws, for instance, the Fifth Circuit relied on reapportionment cases for the proposition that "courts clearly defer to the legislature in the first instance to undertake remedies for violations of § 2." *Mississippi State Chapter, Operation Push, Inc. v. Mabus*, 932 F.2d 400, 406 (5th Cir. 1991); *see also Westwego Citizens for Better Gov't v. City of Westwego*, 946 F.2d 1109, 1124 (5th Cir. 1991) ("This Court has repeatedly held that it is appropriate to give affected political subdivisions at all levels of government the first opportunity to devise remedies for violations of the Voting Rights Act."). When the legislature provides a remedy, "absent a choice that is either unconstitutional or otherwise illegal under federal law, federal courts must defer to that legislative judgment." *Seastrunk v. Burns*, 772 F.3d 142, 151 (5th Cir. 1985) (citing *Upham v. Seamon*, 456 U.S. 37, 40 (1982)).

In light of the time constraints here, the Fifth Circuit concluded that a judicially-created *interim* remedy was appropriate. *See Veasey*, 2016 WL 3923868, at *38 ("[T]he Texas Legislature is not scheduled to be in session again until January 2017, and the November 2016 general election is fast approaching."). Given the upcoming election, the Fifth Circuit determined that "the district court's immediate responsibility is to ensure the implementation of an interim remedy for SB 14's discriminatory effect that disrupts voter identification rules for the 2016 election season as little as possible, yet eliminates the Section 2 discriminatory effect." *Id.* at 39.

But the Fifth Circuit took care not to displace the Legislature's role. Noting that "a later Legislature" might "again address the issue of voter identification," it

cautioned that "[n]either our ruling here nor any ruling of the district court on remand should prevent the Legislature from acting to ameliorate the issues raised in this opinion." *Id.* at 38. It is thus appropriate, and consonant with the Fifth Circuit's decision, for this Court to include language in the interim order respecting the Legislature's role in crafting a remedy beyond the November 2016 election.

## PRAYER FOR RELIEF

1. To reflect the limits of the Fifth Circuit's mandate, Defendants respectfully request that the Court's remedial order include the following language:

> This is an interim remedy. The only issue before this Court today is the effect of Texas's previously enacted voter-ID requirements. Due to the need for certainty and predictability, this remedy was fashioned in advance of the 2016 November elections to ensure an orderly election. *See Veasey*, 2016 WL 3923868, at *39; *see also Purcell v. Gonzalez*, 549 U.S. 1 (2006) (per curiam). The Supreme Court has "clearly established that states have strong interests in preventing voter fraud and increasing voter confidence by safeguarding the integrity of elections." *Veasey*, 2016 WL 3923868, at *21 (citing *Crawford v. Marion Cnty. Election Bd.*, 553 U.S. 181, 191, 194–97 (2008)). And the Fifth Circuit has consistently recognized that under ordinary circumstances, "courts clearly defer to the legislature in the first instance to undertake remedies for violations of § 2." *Mississippi State Chapter, Operation Push, Inc. v. Mabus*, 932 F.2d 400, 406 (5th Cir. 1991).
> In fashioning this interim remedy, the Court recognizes that its efforts must be narrowly tailored to intrude as lightly as possible on the Legislature's role. This interim remedy by no means represents the only way to address the problems identified by the Fifth Circuit. The Legislature can obviously explore other means that are reasonably calculated to remedy SB 14's effects. Nothing herein prevents the Texas Legislature from revisiting its voter-ID law and fashioning its own remedy in the general legislative session beginning in January 2017.

2. To conform with the Fifth Circuit's instruction that "those who have SB 14 ID must show it to vote," Defendants respectfully request that the reasonable

4

impediment declaration expressly require the voter to swear under penalty of perjury that he or she does not have an SB 14 ID, in the following terms:

> By signing this declaration, I swear or affirm under penalty of perjury that I am the same individual who personally appeared at the polling place, that I am casting a ballot while voting in-person, that I do not have an acceptable form of photo identification (under Section 63.0101 of the Texas Election Code (SB 14 ID) or SB 14 ID that has expired by no more than four years), and I face a reasonable impediment or difficulty that prevents me from getting an acceptable form of photo identification.

3. To make clear that the parties intend to preserve their legal rights and remedies to the greatest extent possible, Defendants respectfully request that the Court's order include the following language: "The parties preserve their rights to seek or oppose future relief. The parties do not waive any arguments regarding, or forfeit their right to appellate review of, any issue not agreed upon by the parties for purposes of an interim remedy."

Date: August 3, 2016　　　　　　　　Respectfully submitted.

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant
　Attorney General

JAMES E. DAVIS
Deputy Attorney General
　for Litigation

/s/ Angela V. Colmenero
ANGELA V. COLMENERO
Chief, General Litigation Division

MATTHEW H. FREDERICK
Deputy Solicitor General

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC 059)

5

Austin, Texas 78711-2548
Tel.: (512) 936-6407
Fax: (512) 474-2697

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 3, 2016, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

/s/ Angela V. Colmenero
ANGELA V. COLMENERO