IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>GREG ABBOTT, *et al.*,<br><br>        Defendants. | Civil Action No. 2:13-cv-193 (NGR) |
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, *et al.*,<br><br>        Plaintiff-Intervenors,<br><br>TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, *et al.*,<br><br>        Plaintiff-Intervenors,<br><br>    v.<br><br>STATE OF TEXAS, *et al.*,<br><br>        Defendants. | Civil Action No. 2:13-cv-263 (NGR) |

| | |
|---|---|
| TEXAS STATE CONFERENCE OF NAACP BRANCHES, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CARLOS CASCOS, *et al.*,<br><br>Defendants. | Civil Action No. 2:13-cv-291 (NGR) |
| LENARD TAYLOR, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF TEXAS, *et al.*,<br><br>Defendants | Civil Action No. 2:13-cv-348 (NGR) |

**UNITED STATES' RESPONSE TO SUBMISSIONS OF ADDITIONAL TERMS**

Pursuant to this Court's July 21 Order (ECF No. 859) and July 26 Order (ECF No. 869), the United States hereby responds to the additional terms proposed by the State of Texas, Tex. Br. (ECF No. 879). Although the United States recognizes the validity of the interests underlying these requests, not all of the proposed language takes into account countervailing interests. Nor is some proposed language necessary to this Court's remedial order. Therefore, to the extent that the Court incorporates these additional terms, the United States respectfully requests modification of the language proposed by the State.

1

**Defendants' Proposed Statement Concerning Remedies**

The United States agrees that federal courts ordinarily "defer to the legislature in the first instance to undertake remedies for violations of" Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, Tex. Br. at 4 (quoting *Miss. State Chapter, Operation Push, Inc. v. Mabus*, 932 F.2d 400, 406 (5th Cir. 1991)), but Texas's proposed text on this issue is not a term of a remedial plan, which is all this Court has requested from the parties. *See* July 21 Order at 1.

To the extent that the Court wishes to incorporate a statement of this kind in its remedial order, the United States respectfully requests (for clarity) that the Court also acknowledge that it "should defer to state policy in fashioning relief only where that policy is consistent with constitutional norms and is not itself vulnerable to legal challenge" and "should not, in the name of state policy, refrain from providing remedies fully adequate to redress . . . violations which have been adjudicated and must be rectified." *White v. Weiser*, 412 U.S. 783, 797 (1973); *see also* Tex. Br. at 3 (recognizing that this Court cannot defer to a legislatively enacted remedy that is "unconstitutional or otherwise illegal under federal law") (quoting *Seastrunk v. Burns*, 772 F.3d 142, 151 (5th Cir. 1985)).

**Defendants' Proposed Declaration Insertion Concerning ID Possession**

The reasonable impediment declaration attached to the parties' joint submission already fulfills the mandate of the Fifth Circuit that "those who have SB 14 ID must show it to vote." Tex. Br. 4 (quoting *Veasey v. Abbott*, No. 14-41127, 2016 WL 3923868, at *38 (5th Cir. July 20, 2016) (en banc)). Specifically the declaration requires a voter seeking to cast a ballot without SB 14 ID to swear or affirm that they "face a reasonable impediment or difficulty that prevents [them] from getting an acceptable form of photo identification." Proposed Decl. at 2 (ECF No. 877-1).

2

The State's additional proposed language is likely to confuse and intimidate voters by demanding that voters swear or affirm under penalty of perjury that they do not have a set of documents defined only by reference to a complex statutory scheme they are unlikely to understand. *See* Tex. Br. at 5 (proposing to require voters to swear or affirm "that I do not have an acceptable form of photo identification (under Section 63.0101 of the Texas Election Code (SB 14 ID) or SB 14 ID that has expired by no more than four years)"). Moreover, the State's additional language would require voters to swear to the fact that they lack the required ID, rather than to their belief at the time that they execute the declaration. *Cf.* U.S. Election Assistance Comm'n, *Voter Registration Application* (2016) (requiring voters to swear or affirm that "[t]he information I have provided is true to the best of my knowledge …").

To the extent that the Court concludes any additional language is warranted, the United States respectfully proposes that the following bracketed alternative language be inserted in the "reasonable impediment declaration" already submitted to the Court: "By signing this declaration, I swear or affirm under penalty of perjury that I am the same individual who personally appeared at the polling place, that I am casting a ballot while voting in-person, [that I do not believe I have an acceptable form of photo identification,] and I face a reasonable impediment or difficulty that prevents me from getting an acceptable form of photo identification."

**<u>Defendants' Proposed Statement Concerning Waiver</u>**

Finally, the State of Texas's proposed language concerning waiver is not a component of a remedial plan and was therefore not included in the parties' joint submission. *See* July 21 Order at 1. This language is not necessary. However, the United States does not object to the

3

inclusion of this language in this Court's remedial order, because it is neither inaccurate nor incomplete.

Date: August 5, 2016

                                                  Respectfully submitted.

KENNETH MAGIDSON                 VANITA GUPTA
United States Attorney                   Principal Deputy Assistant Attorney General
Southern District of Texas               Civil Rights Division

                                                  /s/ *Bruce I. Gear*
                                                  T. CHRISTIAN HERREN, JR.
                                                  MEREDITH BELL-PLATTS
                                                  RICHARD A. DELLHEIM
                                                  BRUCE I. GEAR
                                                  DANIEL J. FREEMAN
                                                  AVNER SHAPIRO
                                                  SAMUEL OLIKER-FRIEDLAND
                                                  Attorneys, Voting Section
                                                  Civil Rights Division
                                                  U.S. Department of Justice
                                                  950 Pennsylvania Ave. NW
                                                  Room 7123 NWB
                                                  Washington, D.C. 20530

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 5, 2016, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

/s/ *Bruce I. Gear*_____
Bruce I. Gear
U.S. Department of Justice
950 Pennsylvania Ave. NW
Room 7274 NWB
Washington, D.C. 20530
bruce.gear@usdoj.gov