UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARC VEASEY, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. 2:13-CV-00193 |
| | § | |
| GREG ABBOTT, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' RESPONSE TO SUBMISSION OF ALL PRIVATE PLAINTIFFS AND PLAINTIFF-INTERVENORS OF ADDITIONAL TERM**

No one doubts the need for "educational and training efforts to ensure that both voters and workers at polling places are capable of making use of whatever remedy the [Court] selects." *Veasey v. Abbott*, No. 14-41127, 2016 WL 3923868, at *38 (5th Cir. July 20, 2016) (en banc). Defendants will "develop a detailed voter education plan, including timetables, for the November 2016 general election." Joint Submission on Agreed Terms (ECF No. 877) at 3 (emphasis in original). Defendants will also develop a detailed election official training program for the November 2016 general election by August 15, 2016. *Id*. Indeed, the Secretary of State has already taken significant steps to effectively educate voters and election officials regarding whatever change is instituted by this Court. Instead of proposing specific initiatives for the Court to consider, Plaintiffs contend that the Court should order Defendants to "meet and confer . . . to provide meaningful input into the development of material aspects of the voter education and election official training programs." *See*

1

Submission of All Private Plaintiffs and Plaintiff-Intervenors of Additional Term at 2 (ECF No. 878).

But ordering the parties to "meet and confer" to give Plaintiffs "meaningful input" will not serve the purpose of educating voters or training poll workers. The vague, open-ended nature of Plaintiffs' proposal would lead to an inefficient process in developing voter education plans and election official training programs. The result of which would be a delayed and hodge-podge approach designed to meet the many and disparate interests of Plaintiffs. It is unclear—even from discussions the parties have had thus far—what type of involvement Plaintiffs envision having in the process of developing voter education materials and election official training programs. Nor it is clear what level of input would even satisfy Plaintiffs such that Defendants can be confident they are complying with the requirement. This is problematic because objections raised by Plaintiffs to initiatives by the State would require costly changes to outreach efforts already underway and delay the implementation of educational measures—the end result being less money to educate voters and ultimately less voter education.

Defendants have dedicated slightly more than $2.5 million for voter education efforts for the November 2016 general election. Burson-Marsteller, a leading global public relations and communications firm founded in 1953, and TKO Advertising, Inc., a leading Texas advertising firm founded in 1998, are working in consultation with the Secretary of State to execute a voter education program capable of reaching Texas voters through multiple mediums. Both companies working with the Secretary

of State have extensive experience in, and seasoned practitioners devoted to, executing effective public education campaigns involving public affairs, digital media and advertising. The Secretary of State's relationship with Burson-Marsteller and TKO Advertising, Inc. for the current campaign has been in place since January 2016, as it also encompassed voter education efforts in connection with the March 2016 primary elections and subsequent runoff elections. Since the Fifth Circuit's decision on July 20, Burson-Marsteller and TKO Advertising, Inc., in consultation with the Secretary of State's office, have designed a multi-faceted strategy to reach and educate voters regarding the interim remedy. The only thing that is needed to immediately begin the campaign is this Court's decision on an interim remedy. Once determined, voters can expect to hear about changes to the State's identification requirements through all of the following channels:

- Paid Media: This category includes the purchase of television, print, radio, and digital adverting time and space. Digital and social media advertising will begin the first week of September. Print advertising should appear the first week of September but could be slightly delayed by publication lead times. Radio and television ads would be broadcast beginning the first of October, just as the public's attention focuses on the upcoming election.

- Media Relations: This category includes activities such as: distribution of press releases and media advisories, press events and roundtable discussions, promoting the Secretary's community visits to local media, creation of resources for reporting stories about ID requirements and infographics and logos which can be used in news stories. These initiatives will begin as soon as the Court enters an interim remedy order.

- Community Engagement: Community engagement capitalizes on the connections community groups and organizations have to share information with members and address specific concerns. This outreach includes distribution of toolkits with clear, reliable information and templates for group leaders to share with their constituents and members. The digital toolkits are completed, but will need to be updated as soon as the Court enters an interim remedy order. The toolkits will be distributed digitally within a week of the

3

order. Community engagement is a continual effort culminating with the November 2016 general election.

- Elected Official Outreach: The Secretary of State will provide elected officials with toolkits featuring sample press releases, suggested social media posts, and other resources, in order to mobilize officials to help educate voters. Elected officials include state and local officials such as state senators and mayors, who will serve as a force multiplier. The digital toolkits are completed, but will need to be updated as soon as the Court enters an interim remedy order.

- Digital and Social Media: The Secretary of State maintains social media accounts on Facebook, Twitter, and Instagram related to voting and its Vote Texas campaign. These channels allow the Secretary of State to connect directly with Texas voters, especially in the 18-25 range. The Secretary of State will use these channels to remind voters about important dates and other key voting facts, publicize news related to voter education, and directly answer questions. These channels will be utilized almost immediately once the Court enters an interim remedy order.

The Secretary of State will also continue to make EIC mobile units available on request before the 2016 November general election. The Secretary of State's staff is trained and ready to continue assisting in the Texas Department of Public Safety's issuance of EICs by providing staffing for EIC mobile units, as staff members have done in the past.

Additionally, the Elections Division at the Secretary of State intends to implement the following timetable after the issuance of an interim remedy:

- Update [VoteTexas.gov](VoteTexas.gov):  Within three business days of interim remedy order.
- Update the banner relating to voter identification on the main Secretary of State website homepage and links specifically relating to identification for voting (*i.e.*, not including the Qualifying Voters Handbook (as defined below), Online Poll Worker Training Materials, and the Early Voting Ballot Board Handbook): Within three business days of interim remedy order.
- Spanish translations of updated website information:  Within three business days of posting of English versions.

4

- Social media channel notifications and notification on Secretary of State website: Notifications that the Secretary of State is updating its website will be posted on an ongoing basis once the office receives the order on interim remedy; the office can notify on social media channels and on the main website that VoteTexas.gov has been updated within three business days of interim remedy order.

- Issue press release: Within three business days of interim remedy order.

- Update forms: Within three business days of interim remedy order.

- Provide package to election officials (i.e., anyone who could be having an election for whom the Secretary of State has an e-mail address), which will include an advisory, an updated PowerPoint on voter identification requirements, a template press release, and a mention that the election officials can contact the Secretary of State to get an icon to link from their website to the updated VoteTexas.gov website, and updated forms: Within three business days of interim remedy order.

- Update Qualifying Voters on Election Day, Handbook for Election Judges and Clerks 2016 Election Judges ("Qualifying Voters Handbook") (also available on the Secretary of State's website and provided to those who order it): No later than September 20, 2016. Update Online Poll Worker Training Materials and Election Judge Handbook: No later than September 20, 2016.

Defendants are committed to delivering effective voter education and election official training, but they have finite resources and limited time before the November 2016 general election. They must work efficiently. The strategies Defendants will be implementing this election cycle will address the Court's requirements for educating the public "in a meaningful way about the SB 14 ID requirements and all the exceptions to those requirements." Order of July 21, 2016 (ECF No. 859) at 2.

For these reasons, Defendants respectfully request that the Court deny Plaintiffs' request to adopt the proposed term in its order.

Date: August 5, 2016    Respectfully submitted.

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant
   Attorney General

JAMES E. DAVIS
Deputy Attorney General
   for Litigation

/s/ Angela V. Colmenero
ANGELA V. COLMENERO
Chief, General Litigation Division

MATTHEW H. FREDERICK
Deputy Solicitor General

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC 059)
Austin, Texas  78711-2548
Tel.: (512) 936-6407
Fax: (512) 474-2697

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 5, 2016, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

/s/ Angela V. Colmenero
ANGELA V. COLMENERO