IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*, <br><br>　　　　　　　Plaintiffs, <br><br>　　　v. <br><br> GREG ABBOTT, *et al.*, <br><br>　　　　　　　Defendants. | Civil Action No. 2:13-cv-193 (NGR) |
| UNITED STATES OF AMERICA, <br><br>　　　　　　　Plaintiff, <br><br> TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, *et al.*, <br><br>　　　　　　Plaintiff-Intervenors, <br><br> TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, *et al.*, <br><br>　　　　　　Plaintiff-Intervenors, <br><br>　　　v. <br><br> STATE OF TEXAS, *et al.*, <br><br>　　　　　　　Defendants. | Civil Action No. 2:13-cv-263 (NGR) |

| | |
|---|---|
| TEXAS STATE CONFERENCE OF NAACP BRANCHES, *et al.*,<br><br>             Plaintiffs,<br><br>      v.<br><br>CARLOS CASCOS, *et al.*,<br><br>             Defendants. | Civil Action No. 2:13-cv-291 (NGR) |
| LENARD TAYLOR, *et al.*,<br><br>             Plaintiffs,<br><br>      v.<br><br>STATE OF TEXAS, *et al.*,<br><br>             Defendants | Civil Action No. 2:13-cv-348 (NGR) |

### RESPONSE OF PRIVATE PLAINTIFFS AND PLAINTIFF-INTERVENORS TO DEFENDANTS' BRIEF REGARDING PROPOSED INTERIM REMEDIAL PLAN

Private Plaintiffs and Plaintiff Intervenors ("Plaintiffs")[1] respectfully submit this brief in response to Defendants' Brief Regarding Proposed Interim Remedial Plan, filed on August 3, 2016 (ECF No. 879).

---

[1] The Plaintiffs joining in this brief are the Texas State Conference of NAACP Branches, the Mexican American Legislative Caucus of the Texas House of Representatives, the Texas Association of Hispanic County Judges and County Commissioners, Hidalgo County, the Texas League of Young Voters Education Fund, Imani Clark, Estela Garcia Espinosa, Lionel Estrada, La Union Del Pueblo Entero, Inc., Margarito Martinez Lara, Maximina Martinez Lara, Eulalio Mendez, Jr., Lenard Taylor, Marc Veasey, Floyd James Carrier, Anna Burns, Michael Montez, Penny Pope, Jane Hamilton, Sergio DeLeon, Oscar Ortiz, Koby Ozias, John Mellor-Crummey, Evelyn Brickner, Gordon Benjamin, Ken Gandy, Jane Doe, James Doe, the League of United Latin American Citizens ("LULAC") and Dallas County, Texas.

1

### 1. Expository language concerning the Texas Legislature's role in curing a discriminatory law is not a "term" of the interim remedy order and Texas's proposal usurps the role of the Court.

Texas's first proposal is not a term of the interim remedy. Rather, it is a lengthy exposition of Texas's lopsided view of the law surrounding a legislature's role in curing its discriminatory actions. Texas's essay on the subject does not include any directive to any party or describe any term of the interim remedy. It is, therefore, not an appropriate part of a submission whose sole purpose is to outline the requirements of an interim remedy.

Moreover, Texas's proposed language is misleading and incomplete because it fails to discuss the Court's and State's obligation to ensure that the violation is fully remedied. Violations of Section 2 of the Voting Rights Act require relief that "completely remedies" the violation and "fully provides equal opportunity" for minority voters. *Mississippi Operation PUSH v. Mabus*, 932 F.2d 400, 406 (1991). In *Louisiana v. United States*, 380 U.S. 145, 154 (1965), the Supreme Court explained:

> We bear in mind that the court has not merely the power but the duty to render a decree which will so far as possible eliminate the discriminatory effect of the past as well as bar like discrimination in the future.

The Senate Report accompanying the revision of the Voting Rights Act in 1982 adopted this formulation:

> The court should exercise its traditional equitable powers to fashion relief so that it completely remedies the prior dilution of minority voting strength and fully provides equal opportunity for minority citizens to participate and to elect candidates of their choice.

S. REP. No. 97-417, 1982 U.S.C.C.A.N. 177, 209 (1982).

Thus, if the Texas Legislature chooses to design a proposed remedy in its upcoming session, that remedy may be submitted to this Court for consideration of whether it provides a

complete remedy for the existing Section 2 violation. Texas's exposition on the topic omits this critical element of the process.

In sum, Texas's proposed language usurps the Court's role to say what the law is. Plaintiffs respectfully leave the decision as to whether and how to address any additional topic other than the terms of interim relief to the sound discretion of the Court.

### 2. Texas's proposed amendment to the Declaration of Reasonable Impediment is unnecessary, unfair, and intimidating to the populations that the interim remedy order is designed to protect.

In its second proposal, Texas seeks to amend the Declaration of Reasonable Impediment to add an additional term requiring voters to swear, under penalty of perjury, that they do "not have an acceptable form of photo identification (under Section 63.0101 of the Texas Election Code (SB 14 ID) or SB 14 ID that has expired by no more than four years)." Texas attempts to cloak this suggestion within the mantle of the Fifth Circuit's directive that the interim remedy should apply only to voters without SB 14 ID. However, the language that Texas has suggested to meet this goal threatens to subject the very people whom the Fifth Circuit meant to protect to intimidation and worse.

Before turning to the specifics of Texas's proposal, it is instructive to place it in the context of the parties' negotiations on the interim remedy order. Since the day after the Fifth Circuit issued its opinion, the parties have been engaged in continuous discussions. As a result of those negotiations, the parties reached an agreement as to the interim remedy terms and the Declaration of Reasonable Impediment that is clearly designed to ensure that those voters burdened by SB 14's discriminatory effects are not subject to intimidation at the polls and are given appropriate and accurate information in plain language, so that they understand what they are signing when they sign any sworn statement. Plaintiffs have focused on ensuring that victims

of discrimination are not unnecessarily subjected to official scrutiny, or, worse, criminal prosecution, when forced to take the additional step of executing a Declaration of Reasonable Impediment, a step required only because of the discriminatory results of SB 14 itself.

These goals are reflected in the agreed-upon terms of the Joint Submission that: (1) limit the election officers' role to only asking the voter whether he or she has SB 14 ID; (2) prohibit election officers from challenging the fact of SB 14 possession or the reasonableness of SB 14 possession; and (3) require voters to be permitted to cast a regular ballot absent conclusive evidence of false identity. These same goals carried over to the careful drafting of the Declaration of Reasonable Impediment, which is drafted in plain language, limits references to the threat of criminal prosecution, and indicates that the voter's explanation must be taken at face value.

Texas did not inform Plaintiffs that it was going to seek insertion of the additional sentence requiring a voter to swear that he or she does not have an "acceptable form of photo identification (under Section 63.0101 of the Texas Election Code (SB 14 ID) or SB 14 ID that has expired by no more than four years)" until *after* the parties had agreed on the precise language of the Declaration and the terms of the Joint Submission and had submitted these documents to the Court. This proposed addition—in the context of the agreed-upon terms of the Joint Submission and Declaration—upsets the fine balance that the parties negotiated between providing the State with the information that it needs, allowing the voter to vote, and minimizing the extent to which "[m]inorities continue to have to overcome fear and intimidation when they vote." *Veasey v. Perry*, 71 F. Supp. 3d 627, 636-37 (S.D. Tex. 2014).

In this context, these are some of the problems with Texas's eleventh-hour proposal:

4

(1)     It is unnecessary and intimidating.  The Joint Submission already allows the election officer to ask the voter if he or she has SB 14 ID.  The agreed-upon terms of the Declaration already require the voter to swear that there are circumstances that prevented the voter from getting an "acceptable form of ID."  This language links the declaration back to the election officer's initial question about the forms of SB 14 and does not require the voters to understand the specifics of SB 14.  Adding another layer of sworn statement is burdensome, superfluous, intimidating, and threatening.

(2)     It subjects a voter to threat of perjury by reference to a complicated, technical, and changing statutory reference, whose requirements the voter is almost certainly unaware of and is unlikely to understand.[2]  In fact, recent data show that many voters who have SB 14 ID think they do not.[3]

(3)     It does not adequately protect the voter.  Plaintiffs do not believe that any of Texas's proposed language is necessary to implement the Fifth Circuit's decision or fair to the voters burdened by the discriminatory effect of SB 14.  However, if the Court decides to add any additional language to the Declaration relating to possession of SB 14 ID, at a minimum, the sworn statement must be qualified such that the voter is affirming only that, to the best of his or her knowledge, she does not currently possess the necessary ID.  Additionally, the word "have" proposed by Texas is vague because the voter may have been provided the ID at some point but

---

[2]  For example, Texas's suggestion contradicts what the State told voters on their most recent registration card, and has been telling them for three years, *i.e.*, that acceptable forms of SB 14 ID must be current or expired for no greater than 60 days.

[3]  In a survey of 400 voters, 12.8% of respondents stated that lack of SB 14 ID was a reason they did not vote, but when questioned about the different forms of photo identification in their possession, only 2.7% actually lacked SB 14 ID.  RICE UNIVERSITY'S BAKER INSTITUTE FOR PUBLIC POLICY & UNIVERSITY OF HOUSTON HOBBY CENTER FOR PUBLIC POLICY, THE TEXAS VOTER ID LAW AND THE 2014 ELECTION: A STUDY OF TEXAS'S 23RD CONGRESSIONAL DISTRICT 1 (Aug. 2015).

does not "have" it because, for example, the voter cannot find it or it was suspended or revoked. The language should be broadened to include these and other scenarios where the voter cannot reasonably access a SB 14 ID, even if one was issued at some point in time. Furthermore, given Texas's last-minute insistence on this draconian language, Plaintiffs fear that Texas will use the Declaration process to justify a myriad of activities, ranging from overzealous poll watchers to the use of inaccurate and unfair database searches to assert that a voter has an ID on the sole basis that the voter was issued that ID at some time. The interim remedy ordered by this Court should diminish, not increase, the opportunity for voter intimidation.

This is not idle speculation. Proponents of SB 14 have an incentive to abuse the Reasonable Impediment process. One such Texas legislator was quoted by the media this week making the threat explicit:

> Sen. Charles Perry, R-Lubbock, who co-authored the ID law, said it's a fix for November, but it's not the solution the state will be content with going forward, saying it will be addressed next session. He said hopefully the threat of the affidavits being audited for the penalty of perjury will be a deterrent for false voters, and he said those affidavits actually being audited will be key to this fix.

Matt Dotray, *Lubbock Lawmakers Look to 2017 After State Plan Sets Softer Rules on Voter ID*, LUBBOCK AVALANCHE-JOURNAL, Aug. 4, 2016, http://lubbockonline.com/filed-online/2016-08-03/lubbock-lawmakers-look-2017-after-state-plan-sets-softer-rules-voter-id#.

The interim remedy ordered by this Court is intended to help voters impacted by the discriminatory effects of SB 14 vote freely, not make them targets at a hunting ground for politicians intent on ignoring the lessons of the past, who will seek to use "perjured affidavits" to

6

pass a new discriminatory law the same way they used "voter fraud" to pass the old one.[4] Plaintiffs respectfully submit that this Court must scrutinize the language suggested by Texas, and ensure that the Reasonable Impediment Declaration does not become a trap for those who innocently and honestly believe they do not have SB 14 ID, and want to do nothing more than exercise their fundamental right to vote.

Accordingly, Plaintiffs suggest that, if any language on this issue is added, the entire paragraph should read:

> By signing this declaration, I swear or affirm under penalty of perjury that I am the same individual who personally appeared at the polling place, that I am casting a ballot while voting in-person, **and** that, **to the best of my knowledge, I do not have, cannot find, or cannot reasonably access acceptable photo identification, and** face a reasonable impediment or difficulty that prevents me from getting an acceptable form of photo identification.

---

[4] "[T]he evidence before the Legislature was that in-person voting, the only concern addressed by SB 14, yielded only two convictions for in-person voter impersonation fraud out of 20 million votes cast in the decade leading up to SB 14's passage." *Veasey v. Abbott*, No. 14-41127, 2016 WL 3923868, at *13 (5th Cir. July 20, 2016) (en banc).

**3. Plaintiffs have no objection to the reservation of rights of appeal.**

Because the proposed reservation excludes the right to appeal from agreed-upon terms, Plaintiffs do not object to it. Obviously, Texas has no right to object to, or otherwise appeal, the terms of the Joint Submission.

Date: August 5, 2016

Respectfully submitted,

/s/ Lindsey B. Cohan
JON M. GREENBAUM
EZRA D. ROSENBERG
BRENDAN B. DOWNES
Lawyers' Committee for
Civil Rights Under Law
1401 New York Avenue NW Suite 400
Washington, D.C. 20005

MYRNA PÉREZ
JENNIFER CLARK
The Brennan Center for Justice at NYU Law School
161 Avenue of the Americas, Floor 12
New York, New York 10013-1205

AMY L. RUDD
LINDSEY B. COHAN
Dechert LLP
500 W. 6th Street, Suite 2010
Austin, Texas 78701

JOSE GARZA
Law Office of Jose Garza
7414 Robin Rest Drive
San Antonio, Texas 98209

DANIEL GAVIN COVICH
Covich Law Firm LLC
Frost Bank Plaza
802 N Carancahua, Ste 2100
Corpus Christi, TX 78401

GARY BLEDSOE
Potter Bledsoe, LLP
316 W. 12th Street, Suite 307
Austin, Texas 78701

VICTOR GOODE
NAACP
4805 Mt. Hope Drive
Baltimore, Maryland 21215

ROBERT NOTZON
The Law Office of Robert Notzon
1502 West Avenue
Austin, Texas 78701

*Counsel for the Texas State Conference of NAACP Branches and the Mexican American Legislative Caucus of the Texas House of Representatives*


/s/ Neil G. Baron
J. GERALD HEBERT
DANIELLE M. LANG
Campaign Legal Center
1411 K Street NW Suite 1400
Washington, DC 20005

CHAD W. DUNN
K. SCOTT BRAZIL
BRAZIL & DUNN
4201 Cypress Creek Pkwy., Suite 530
Houston, Texas 77068

ARMAND G. DERFNER
Derfner & Altman
575 King Street, Suite B
Charleston, S.C. 29403

NEIL G. BARON
Law Office of Neil G. Baron
914 FM 517 W, Suite 242
Dickinson, Texas 77539

9

DAVID RICHARDS
Richards, Rodriguez & Skeith, LLP
816 Congress Avenue, Suite 1200
Austin, Texas 78701

*Counsel for Veasey/LULAC Plaintiffs*


/s/ Leah C. Aden
CHRISTINA A. SWARNS
NATASHA M. KORGAONKAR
LEAH C. ADEN
DEUEL ROSS
NAACP Legal Defense and Education Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006

JONATHAN PAIKIN
KELLY DUNBAR
TANIA FARANSSO
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006

*Counsel for the Texas League of Young Voters Education Fund and Imani Clark*

LUIS ROBERTO VERA, JR.
Law Office of Luis Roberto Vera Jr.
111 Soledad, Ste 1325
San Antonio, TX 78205

*Counsel for LULAC*


/s/ Rolando L. Rios
ROLANDO L. RIOS
115 E. Travis, Suite 1645
San Antonio, Texas 78205

*Counsel for the Texas Association of Hispanic County Judges and County Commissioners*

/s/ Marinda van Dalen
ROBERT W. DOGGETT
SHOSHANA J. KRIEGER
Texas RioGrande Legal Aid
4920 N. IH-35
Austin, Texas 78751

MARINDA VAN DALEN
Texas RioGrande Legal Aid
531 East St. Francis St.
Brownsville, Texas 78529

JOSE GARZA
Texas RioGrande Legal Aid
1111 N. Main Ave.
San Antonio, Texas 78212

*Counsel for Lenard Taylor, Eulalio Mendez Jr., Lionel Estrada, Estela Garcia Espinoza, Margarito Martinez Lara, Maximina Martinez Lara, and La Union Del Pueblo Entero, Inc.*

11

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2016, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

/s/ Lindsey B. Cohan
Lindsey B. Cohan
Dechert LLP
300 W. 6th Street, Suite 2010
Austin, Texas 78731
lindsey.cohan@dechert.com