UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARC VEASEY, *et al.*, § | | |
| § | | |
| Plaintiffs, § | | |
| v. § | CIVIL ACTION NO. 2:13-CV-00193 | |
| § | | |
| GREG ABBOTT, *et al.*, § | | |
| § | | |
| Defendants. § | | |

### DEFENDANTS' PROPOSED BRIEFING SCHEDULE FOR
### CLAIMS OF DISCRIMINATORY PURPOSE

When the Fifth Circuit reversed and remanded this Court's finding of discriminatory purpose, holding "that much of the evidence upon which the district court relied was 'infirm,'" *Veasey v. Abbott*, No. 14-41127, 2016 WL 3923868, *6 (5th Cir. July 20, 2016) (en banc), it cautioned that further consideration of the discriminatory-purpose claims should not interfere with (1) the November 2016 election or (2) the Legislature's efforts to provide a remedy for the deficiencies identified by the Fifth Circuit. First, it cautioned that "it is unnecessary for the district court to undertake this task until after the November 2016 election," *id.* at *16, and it expressly instructed that "the district court shall not implement any remedy arising from such reevaluation [of the discriminatory-intent claim] before this November's election," *id.* at *39. Second, it made clear that in evaluating claims of discriminatory purpose, this Court should take any future legislative action into account: "The district court will need to reexamine the discriminatory purpose claim in accordance with the proper legal standards we have described, *bearing in mind the*

1

*effect any interim legislative action taken with respect to SB 14 may have."* Id. (emphasis added).

The Fifth Circuit's cautionary instructions reflect the basic principle that legislatures should have the first chance to remedy violations of the Voting Rights Act whenever possible. The Fifth Circuit has consistently recognized that under ordinary circumstances, "courts clearly defer to the legislature in the first instance to undertake remedies for violations of § 2." *Miss. State Chapter, Operation Push, Inc. v. Mabus*, 932 F.2d 400, 406 (5th Cir. 1991); *see also Westwego Citizens for Better Gov't v. City of Westwego*, 946 F.2d 1109, 1124 (5th Cir. 1991) ("This Court has repeatedly held that it is appropriate to give affected political subdivisions at all levels of government the first opportunity to devise remedies for violations of the Voting Rights Act."). And when the legislature provides a remedy, "absent a choice that is either unconstitutional or otherwise illegal under federal law, federal courts must defer to that legislative judgment." *Seastrunk v. Burns*, 772 F.3d 142, 151 (5th Cir. 1985) (citing *Upham v. Seamon*, 456 U.S. 37, 40 (1982)).

Consistent with that longstanding authority, the Fifth Circuit took care not to displace the Legislature's primary role in setting the State's voting requirements. Noting that "a later Legislature" might "again address the issue of voter identification," it cautioned that "[n]either our ruling here nor any ruling of the district court on remand should prevent the Legislature from acting to ameliorate the issues raised in this opinion." *Veasey*, 2016 WL 3923868, at *38; *cf. id.* at *21 (recognizing that the Supreme Court has "clearly established that states have strong

interests in preventing voter fraud and increasing voter confidence by safeguarding the integrity of elections" (citing *Crawford v. Marion Cnty. Election Bd.*, 553 U.S. 181, 191, 194–97 (2008))).

The Court should withhold further consideration of the discriminatory-purpose claims for an additional reason: the Defendants intend to seek Supreme Court review of the Fifth Circuit's opinion. There is no reason for the parties or the Court to devote additional time and resources to the discriminatory-purpose claims before the Defendants have exhausted their appellate remedies.

It is thus appropriate, and consonant with the Fifth Circuit's decision, for this Court to withhold further consideration of discriminatory-purpose claims until the Legislature has a chance to act. The Legislature will convene in regular session on January 10, 2017, *see* Tex. Gov't Code § 301.001, and will adjourn no later than May 29, 2017, *see* Tex. Const. art. III, § 24(b) ("No Regular Session shall be of longer duration than one hundred and forty (140) days.").[1]

Defendants therefore propose that the parties file opening briefs on discriminatory purpose thirty days after the end of the legislative session, on June 28, 2017, and that the parties file responsive briefs thirty days later, on July 28, 2017.

---

[1] *See also* http://www.lrl.state.tx.us/sessions/sessionYears.cfm.

Date: August 22, 2016						Respectfully submitted.

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Litigation

/s/ Angela V. Colmenero
ANGELA V. COLMENERO
Chief, General Litigation Division

MATTHEW H. FREDERICK
Deputy Solicitor General

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-6407
Fax: (512) 474-2697

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2016, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

/s/ Angela V. Colmenero
ANGELA V. COLMENERO