IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*,<br><br>              Plaintiffs,<br><br>    v.<br><br>GREG ABBOTT, *et al.*,<br><br>              Defendants. | Civil Action No. 2:13-cv-193 (NGR) |
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, *et al.*,<br><br>              Plaintiff-Intervenors,<br><br>TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, *et al.*,<br><br>              Plaintiff-Intervenors,<br><br>    v.<br><br>STATE OF TEXAS, *et al.*,<br><br>              Defendants. | Civil Action No. 2:13-cv-263 (NGR) |

| | |
|---|---|
| TEXAS STATE CONFERENCE OF NAACP BRANCHES, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>CARLOS CASCOS, *et al.*,<br><br>    Defendants. | Civil Action No. 2:13-cv-291 (NGR) |
| LENARD TAYLOR, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>STATE OF TEXAS, *et al.*,<br><br>    Defendants | Civil Action No. 2:13-cv-348 (NGR) |

**MEMORANDUM OF PRIVATE PLAINTIFFS AND PLAINTIFF-INTERVENORS IN SUPPORT OF PROPOSED SCHEDULE FOR DETERMINATION OF INTENTIONAL DISCRIMINATION CLAIMS**

Private Plaintiffs[1] respectfully submit this Memorandum in support of their proposed schedule for determination of the intentional discrimination claims, a schedule that anticipates briefing concluded in October 2016, and oral argument in mid-November 2016.  Private Plaintiffs' schedule is consistent with the directive of the Fifth Circuit that the Court not

---

[1] The Plaintiffs joining in this brief are the Texas State Conference of NAACP Branches, the Mexican American Legislative Caucus of the Texas House of Representatives, the Texas Association of Hispanic County Judges and County Commissioners, Hidalgo County, the Texas League of Young Voters Education Fund, Imani Clark, Estela Garcia Espinosa, Lionel Estrada, La Union Del Pueblo Entero, Inc., Maximina Martinez Lara, Eulalio Mendez, Jr., Lenard Taylor, Marc Veasey, Floyd James Carrier, Anna Burns, Michael Montez, Penny Pope, Jane Hamilton, Sergio DeLeon, Oscar Ortiz, Koby Ozias, John Mellor-Crummey, Evelyn Brickner, Gordon Benjamin, Ken Gandy, Jane Doe, James Doe, the League of United Latin American Citizens ("LULAC") and Dallas County, Texas.

1

implement any decision on intent until after the November 8, 2016 Election Day, while furthering the public interest in a speedy adjudication of this crucial issue, and giving the Court the time that it needs to weigh the evidence and render a determination <u>before</u> the Legislature begins to deliberate on the formulation of any new voter ID legislation to remedy the discriminatory effects of SB 14. Absent a special session, the Legislature is next scheduled to convene on January 10, 2017 for its 2017 regular session.[2] The Legislature needs to know, as soon as possible, what violation(s) it has to remedy because its action could be quite different depending on whether SB 14 was enacted with a discriminatory purpose, in addition to its discriminatory effects.

It is this last point that differentiates Private Plaintiffs' proposed schedule from that of the State. Under the State's proposal, the parties would not even begin briefing the issue of intent until <u>after</u> the next legislative session ends on May 29, 2017, nearly 10 months after the Fifth Circuit's decision, and during which time the Legislature may or may not enact a statute to replace SB 14. During that time, any number of local elections may be held throughout the State,[3] subjecting voters to a regimen for voting governed by a statute that may be found to have been motivated by discriminatory intent. That is an untenable result given the fundamental right that is at stake.

---

[2] *See* "Texas Legislative Sessions and Years," *available at* http://www.lrl.state.tx.us/sessions/sessionYears.cfm.

[3] Various municipalities and other bodies already are scheduled to hold elections in May 2017. *See, e.g.*, http://citysecretary.dallascityhall.com/electUpcoming.html (City of Dallas); https://www.plano.gov/312/Elections (City of Plano); http://www.cityofmagnolia.com/index.asp?SEC=4FBCE618-E52B-4CA6-B952-9A808052954B&Type=B_BASIC (City of Magnolia); http://www.beaumontenterprise.com/news/article/Beaumont-ISD-managers-call-for-a-May-2017-election-8344318.php (Beaumont Independent School District).

Nothing in the Fifth Circuit's opinion suggests that this Court should delay adjudicating intent until after the Legislature acts in 2017 (if it acts at all).  Indeed, the Fifth Circuit recognized that the exigency of the situation—subjecting voters to an election governed by a law with discriminatory effects—necessitated this Court's fashioning an interim remedy for the effects claim for the November 2016 elections, without giving the Legislature a chance to devise its own remedy.  As to the intent claim, the Fifth Circuit did not even mention the possibility of awaiting legislative action—implicitly recognizing that legislative action was irrelevant to adjudication of that claim—cautioning only against a decision that would inject confusion into the November 2016 election.  Otherwise, the Fifth Circuit expressly directed this Court to turn to the intentional discrimination claim immediately after deciding interim relief:

> As we have discussed, to avoid disruption of the upcoming election, the district court should first focus on fashioning interim relief for the discriminatory effect violation in the months leading up to the November general election.  The district court should <u>then</u> reevaluate the evidence relevant to discriminatory intent and determine anew whether the Legislature acted with a discriminatory intent in enacting SB 14.  We encourage the district court to wait until after the November 2016 election to make this new determination.  However, whether the district court waits to make its findings until after the November election or does so sooner, we instruct that, in light of the limited time prior to the November 2016 election, the district court shall not implement any remedy arising from such reevaluation before this November's election.

*Veasey v. Abbott*, No. 14-41127, 2016 WL 3923868, *39 (5th Cir. July 20, 2016) (en banc) (emphasis added).

Further, it makes sense for this Court to address the intentional discrimination issue <u>before</u> the Legislature begins its deliberations.  Any legislation enacted by the Legislature would

3

have to conform to the remedy fashioned by the Court and that remedy, as the Fifth Circuit acknowledged, requires resolution of the intent issue.[4] As the Fifth Circuit stated:

> We instruct the district court to take the requisite time to reevaluate and determine anew whether the Legislature acted with a discriminatory intent in enacting SB 14. . . .  If the district court concludes that SB 14 was passed with a discriminatory intent, the district court should fashion an appropriate remedy in accord with its findings . . . .

*Veasey v. Abbott*, 2016 WL 3923868, at *16.  The necessary implication is that any legislation enacted by the Legislature must conform to the remedy previously fashioned by the district court.  Fashioning a remedy after the Legislature acts makes little sense.

Finally, recent public statements by the Texas Attorney General, as well as at least one other election official, threatening criminal prosecutions for perjury based on the Declaration of Reasonable Impediment, underscore the need for speedy resolution of this case in its entirety. *See* Trans. of Remarks of Attorney General Paxton (attached hereto as Exhibit A).  Harris County election official Stan Stanart was similarly quoted in the media, indicating that he would look into those signing affidavits claiming that they do not have required identification and would turn over to the district attorney voters he believes have IDs "sitting in their pocket." *See* David Saleh Rauf, *Texas Scrambling to Train Poll Workers*, SAN ANTONIO EXPRESS, Aug. 19, 2016 (attached hereto as Exhibit B).  Private Plaintiffs have alerted the State to their concerns about the intimidating effect of these remarks, and are hoping that the State officials take actions

---

[4] As the Fifth Circuit acknowledged, the remedy for a discriminatory intent violation may be different and more extensive than the remedy for a discriminatory effect violation. *Veasey v. Abbott*, 2016 WL 3923868, at *5 n.11 (explaining that the Court "cannot avoid ruling on the discriminatory intent claim here, where the remedy to which Plaintiffs would be entitled for a discriminatory intent violation is potentially broader than the remedy the district court may fashion for the discriminatory impact violation") (citing *City of Richmond v. United States*, 422 U.S. 358, 378 (1975) (holding, in the discriminatory purpose context, that "[a]n official action . . . taken for the purpose of discriminating . . . on account of . . . race has no legitimacy at all")).

to discontinue such threats. However, the fashioning of final judgment may be necessary to alleviate these concerns.

Accordingly, Private Plaintiffs have proposed a schedule that meets the Fifth Circuit's directives. Briefing would occur in October, but argument and a decision by this Court would occur <u>after</u> Election Day, still providing approximately two months before the next legislative session begins, as follows:

- October 14: Simultaneous filing of Proposed Findings of Fact and briefs[5]
- October 28: Simultaneous filing of Responses
- Week of November 14, or as soon thereafter as is convenient for the Court: Oral argument[6]

---

[5] Private Plaintiffs propose that all Plaintiffs (Private Parties and the Department of Justice) submit a single set of proposed Findings of Fact, but that each party submit its own brief, with Plaintiffs working, to the extent possible, to avoid duplication.

[6] This schedule has the briefing ending before Election Day, and argument held after Election Day. Private Plaintiffs respectfully suggest that, if it is not possible for the Court to hold argument during the week of November 14, that it <u>not</u> be scheduled for the week of Thanksgiving or the first two business days after the week of Thanksgiving because of travel concerns for out-of-state counsel.

5

Notwithstanding this proposed schedule, Private Plaintiffs recognize that the burdens set by any schedule fall more heavily on the Court than on the parties. Private Plaintiffs are ready to meet any briefing schedule the Court sets.

Date: August 22, 2016

                                          Respectfully submitted,

/s/ Lindsey B. Cohan
JON M. GREENBAUM
EZRA D. ROSENBERG
BRENDAN B. DOWNES
Lawyers' Committee for
Civil Rights Under Law
1401 New York Avenue NW Suite 400
Washington, D.C. 20005

MYRNA PÉREZ
JENNIFER CLARK
The Brennan Center for Justice at NYU Law School
161 Avenue of the Americas, Floor 12
New York, New York 10013-1205

AMY L. RUDD
LINDSEY B. COHAN
Dechert LLP
500 W. 6th Street, Suite 2010
Austin, Texas 78701

JOSE GARZA
Law Office of Jose Garza
7414 Robin Rest Drive
San Antonio, Texas 98209

DANIEL GAVIN COVICH
Covich Law Firm LLC
Frost Bank Plaza
802 N Carancahua, Ste 2100
Corpus Christi, TX 78401

GARY BLEDSOE
Potter Bledsoe, LLP
316 W. 12th Street, Suite 307
Austin, Texas 78701

VICTOR GOODE
NAACP
4805 Mt. Hope Drive
Baltimore, Maryland 21215

ROBERT NOTZON
The Law Office of Robert Notzon
1502 West Avenue
Austin, Texas 78701

*Counsel for the Texas State Conference of NAACP Branches and the Mexican American Legislative Caucus of the Texas House of Representatives*

/s/ Chad W. Dunn
J. GERALD HEBERT
DANIELLE M. LANG
Campaign Legal Center
1411 K Street NW Suite 1400
Washington, DC 20005

CHAD W. DUNN
K. SCOTT BRAZIL
BRAZIL & DUNN
4201 Cypress Creek Pkwy., Suite 530
Houston, Texas 77068

ARMAND G. DERFNER
Derfner & Altman
575 King Street, Suite B
Charleston, S.C. 29403

NEIL G. BARON
Law Office of Neil G. Baron
914 FM 517 W, Suite 242
Dickinson, Texas 77539

DAVID RICHARDS
Richards, Rodriguez & Skeith, LLP
816 Congress Avenue, Suite 1200
Austin, Texas 78701

*Counsel for Veasey/LULAC Plaintiffs*

/s/ Leah C. Aden
CHRISTINA A. SWARNS
NATASHA M. KORGAONKAR
LEAH C. ADEN
DEUEL ROSS
NAACP Legal Defense and Education Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006

JONATHAN PAIKIN
KELLY DUNBAR
TANIA FARANSSO
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006

*Counsel for the Texas League of Young Voters Education Fund and Imani Clark*

LUIS ROBERTO VERA, JR.
Law Office of Luis Roberto Vera Jr.
111 Soledad, Ste 1325
San Antonio, TX 78205

*Counsel for LULAC*


/s/ Rolando L. Rios
ROLANDO L. RIOS
115 E. Travis, Suite 1645
San Antonio, Texas 78205

*Counsel for the Texas Association of Hispanic County Judges and County Commissioners*


/s/ Marinda van Dalen
ROBERT W. DOGGETT
SHOSHANA J. KRIEGER
Texas RioGrande Legal Aid
4920 N. IH-35
Austin, Texas 78751

8

MARINDA VAN DALEN
Texas RioGrande Legal Aid
531 East St. Francis St.
Brownsville, Texas 78529

JOSE GARZA
Texas RioGrande Legal Aid
1111 N. Main Ave.
San Antonio, Texas 78212

*Counsel for Lenard Taylor, Eulalio Mendez Jr., Lionel Estrada, Estela Garcia Espinoza, Margarito Martinez Lara, Maximina Martinez Lara, and La Union Del Pueblo Entero, Inc.*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on August 22, 2016, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

              /s/ Lindsey B. Cohan
              Lindsey B. Cohan
              Dechert LLP
              300 W. 6th Street, Suite 2010
              Austin, Texas 78731
              lindsey.cohan@dechert.com