IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*, <br><br>         Plaintiffs, <br><br>     v. <br><br> GREG ABBOTT, *et al.*, <br><br>         Defendants. | Civil Action No. 2:13-cv-193 (NGR) |
| UNITED STATES OF AMERICA, <br><br>         Plaintiff, <br><br> TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, *et al.*, <br><br>         Plaintiff-Intervenors, <br><br> TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, *et al.*, <br><br>         Plaintiff-Intervenors, <br><br>     v. <br><br> STATE OF TEXAS, *et al.*, <br><br>         Defendants. | Civil Action No. 2:13-cv-263 (NGR) |

| | |
|---|---|
| TEXAS STATE CONFERENCE OF NAACP BRANCHES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CARLOS CASCOS, *et al.*, <br><br> Defendants. | Civil Action No. 2:13-cv-291 (NGR) |
| LENARD TAYLOR, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF TEXAS, *et al.*, <br><br> Defendants | Civil Action No. 2:13-cv-348 (NGR) |

**REPLY MEMORANDUM OF PRIVATE PLAINTIFFS AND PLAINTIFF-INTERVENORS IN SUPPORT OF PROPOSED SCHEDULE FOR DETERMINATION OF INTENTIONAL DISCRIMINATION CLAIMS**

Private Plaintiffs'[1] opening Memorandum (Doc. 917) explained that a speedy adjudication of the intentional discrimination claim is essential to protect voters from voting

---

[1] The Plaintiffs joining in this brief are the Texas State Conference of NAACP Branches, the Mexican American Legislative Caucus of the Texas House of Representatives, the Texas Association of Hispanic County Judges and County Commissioners, Hidalgo County, the Texas League of Young Voters Education Fund, Imani Clark, Estela Garcia Espinosa, Lionel Estrada, La Union Del Pueblo Entero, Inc., Maximina Martinez Lara, Eulalio Mendez, Jr., Lenard Taylor, Marc Veasey, Floyd James Carrier, Anna Burns, Michael Montez, Penny Pope, Jane Hamilton, Sergio DeLeon, Oscar Ortiz, Koby Ozias, John Mellor-Crummey, Evelyn Brickner, Gordon Benjamin, Ken Gandy, the League of United Latin American Citizens ("LULAC") and Dallas County, Texas.

requirements enacted with discriminatory intent.[2] The State's proposal (Doc. 916) asks the Court to allow this untenable situation to continue indefinitely—for at least another year—to wait and see if the Texas Legislature passes a new voter ID statute in the next session. However, any action that the Texas Legislature may take on voter ID is legally irrelevant to this Court's determination of the discriminatory intent behind SB 14 when originally passed. That intent was set in 2011, and cannot be changed by anything that might happen in 2017.

Moreover, that the Texas Legislature might take up this issue in the next session is a reason to expedite, not delay, the process. Delaying the adjudication of intent would deny the Legislature the benefit of this Court's guidance before it begins deliberation on what, if anything, should replace SB 14. Without full knowledge of the nature and extent of SB 14's violation, the Legislature cannot properly remedy it.

Most important, it is intrinsically harmful to leave an intentionally discriminatory law in place. As demonstrated in Private Plaintiffs' opening Memorandum, there will undoubtedly be Texas elections after November 2016 and before the end of the next legislative session. (Doc. 917 at 2 n.3). In obvious recognition of this, the Fifth Circuit directed this Court to determine interim relief on the discriminatory effect claim initially, and "then" turn to the discriminatory intent claim. *Veasey v. Abbott*, No. 14-41127, 2016 WL 3923868, at *39 (5th Cir. July 20, 2016) (en banc). It did not instruct or even encourage this Court, as it could have, to "wait until the Legislature acts." To the contrary, the Fifth Circuit carefully considered and addressed the timing issues surrounding the intent remand. Its instructions expressly recognize that it expected the Court to address discriminatory intent as soon as possible—only encouraging this Court to

---

[2] In remanding the issue of discriminatory intent for further fact-finding, the Fifth Circuit indicated that the record evidence may indeed support a finding of discriminatory intent. *Veasey v. Abbott*, No. 14-41127, 2016 WL 3923868, at **10-11 (5th Cir. July 20, 2016) (en banc).

2

wait until after the November election to consider intent and directing this Court not to implement any intent remedy until then. Indeed, even when cautioning against implementing an intent remedy that might disrupt the November election, the Fifth Circuit contemplated that this Court may begin to consider the issue before the November election. *Veasey*, 2016 WL 3923868, *39 (noting the possibility of "the district court wait[ing] to make its findings until after the November election or do[ing] so sooner" in its instructions).

      The Fifth Circuit certainly was aware of the precedent regarding deference to legislatures in the context of remedying voting rights violations. The Fifth Circuit properly considered those cases at some length, but did so solely in the context of amelioration of the discriminatory <u>effect</u> claim, the merits of which had already been fully adjudicated at that point in the opinion. The Fifth Circuit did not, however, issue "cautionary instructions . . . that legislatures should have the first chance to remedy violations of the Voting Rights Act whenever possible," (Doc. 916 at 2), <u>with respect to an issue of discriminatory intent that this Court has not yet resolved on the merits</u>. The reasons are obvious. First, deference to legislatures may be appropriate at the remedy phase, but not the merits phase. Second, the scope of a remedy for discriminatory intent is likely broader than for discriminatory effect, as the Fifth Circuit recognized. *Veasey*, 2016 WL3923868, *5 n. 11. Accordingly, the Legislature must know the extent and nature of the defect in the law <u>before</u> it attempts to cure that law.

      Thus, all of the "cautionary" language in the Fifth Circuit's opinion is solely in the context of addressing interim relief on the discriminatory <u>effect</u> claim. When read in context, the excerpts from the Fifth Circuit opinion, taken out of context by the State, stand for no greater proposition than that the Legislature is not prohibited from acting to ameliorate further the discriminatory <u>effect</u> of SB 14 by supplementing the interim relief fashioned by the Court and

the parties at any time.³ Nowhere in the Fifth Circuit's *en banc* opinion is there a hint of "caution" against this Court's addressing the discriminatory <u>intent</u> claim before the Legislature has a chance to act.

The State cites no authority for its novel argument. None of the cases cited by the State in support of its argument are discriminatory intent claims. All involved rulings of discriminatory effect only.⁴ Even more to the point, all of the cases cited by the State discuss the preference for deference to the legislature on remedy, not the merits of a legal claim. They instruct courts to look to the Legislature for ameliorative action only <u>after</u> a ruling on liability for discriminatory effect, not, as the State would have it here, <u>before</u> a merits ruling on Section 2 intent. In each of these cases, the legislative body was the recipient of the full guidance necessary from the court <u>before</u> seeking to remedy an established violation. These cases are simply not applicable at this stage in the litigation. Where, as here, adjudication of intent is still at issue, the Legislature must receive the Court's full guidance before acting.

---

³ First, the Fifth Circuit noted that it was possible, but highly unlikely, that the Legislature would be able to address an interim remedy for the discriminatory effect claim in a timely fashion, and therefore ordered that the interim relief order should be "based on the current record, supplemented only by legislative action, if any, that occurs after this remand." *Veasey*, 2016 WL3923868, *38. Still discussing the discriminatory effect ruling, the Fifth Circuit posited that a "later Legislature" might pass a law that "may cure the deficiencies addressed in this opinion." *Id*. Similarly, the Fifth Circuit repeated: "Neither our ruling here nor any ruling of the district court on remand should prevent the Legislature from acting to ameliorate the issues raised in this opinion," *id.*, clearly allowing for this Court's decision on intent to precede any legislative action. Also, in a paragraph captioned "Interim Relief," the Fifth Circuit said that this Court should address the intent issue, "bearing in mind the effect any interim legislative action taken with respect to SB 14 may have," *id*. at *39, again referring back to the prior discussion on ameliorating the discriminatory effect issues, and far short of "cautionary instructions" advising this Court to refrain from addressing the discriminatory intent violation until the Legislature decides whether it will take any further action on voter ID.

⁴ *See, e.g.*, *Upham v. Seamon*, 456 U.S. 37 (1982) (reapportionment); *Westwego Citizens for Better Gov't v. City of Westwego*, 946 F.2d 1109 (5th Cir. 1991) (vote dilution claim); *Seastrunk v. Burns*, 772 F.2d 142 (5th Cir. 1985) (reapportionment); *Miss. State Chapter, Operation Push, Inc. v. Mabus*, 932 F.2d 400 (5th Cir. 1991) (voter registration claim).

The State also posits that the Court should adopt its dilatory schedule because it intends to seek Supreme Court review of the Fifth Circuit's opinion. (Doc. 916 at 3).[5] Once again, this is not the proper procedure. If Texas believes it has grounds for a stay, it should make an appropriate application to this Court, and attempt to meet the stringent standards for a stay under circumstances where it has been found liable for discrimination by the Fifth Circuit sitting *en banc*. Private Plaintiffs are confident Texas cannot meet those standards, and this Court should not allow the State to obtain a stay, which is prejudicial to the public interest, through the back door. Texas has already managed to obtain nearly two years of an unjustified stay originally premised on the imminence of the long-past 2014 elections. It now seeks another yearlong stay of this Court's proceedings without even trying to meet the legal standard.

This Court should reject Texas's attempt to subject the citizens of this state to indefinite voter purgatory, particularly in circumstances, as discussed in Private Plaintiffs' opening Memorandum, where the Attorney General and at least one county official are threatening to use the ameliorative provisions of the interim relief in a manner that can only intimidate those whom the interim relief was designed to protect. (*See* Doc. 917 at 4-5). There is no law and no logic that compel any other result.

The United States, in its submission, agrees with Private Plaintiffs, recognizing "the need for a prompt resolution of the discriminatory purpose issue." (Doc. 918 at 2). However, it proposes a schedule that would allow the Legislature to begin, and possibly conclude, legislative action on voter ID prior to this Court's assessment of the intent claim. For the reasons discussed above, this is unnecessary and undesirable. Under the United States' plan, this Court may issue

---

[5] Private Plaintiffs note that this appears to be a reversal of position, as Texas previously informed the Court that it did not intend to seek Supreme Court review at this time.

5

an opinion finding discriminatory intent after the Legislature has acted. If the new enactment fails to remedy the discriminatory intent finding, the Legislature would be forced to begin anew its deliberations.

Private Plaintiffs note that their proposed schedule meets every criteria posited by the United States: it "appropriately balances the various interests here without prejudicing any party"; it "adheres to the Fifth Circuit's suggestion that this Court not determine the discriminatory purpose claim until after the November 8, 2016, federal general election"; and "it will permit the parties 'requisite time' to review the ample record in this case and prepare careful and comprehensive findings of fact and conclusions of law, including a thorough legal analysis of the complex issue of discriminatory purpose." (Doc. 918 at 2). Indeed, the United States argues, "[b]ecause any resulting order may be followed by further proceedings, an appropriately expeditious briefing schedule will be an important step toward finality for the parties and Texas voters." *Id*. Private Plaintiffs' schedule ensures that "step toward finality" with much greater certainty and concreteness than does that of the United States.

Private Plaintiffs recognize that there is work to be done to present the discriminatory intent claim to the Court in a manner that will allow the Court sufficient time to render a decision before the Legislature acts. They also recognize that there is an election in November to which all of the parties to this litigation—not least of all the plaintiff civil rights organizations and their counsel—must devote resources. But there is a competing and higher calling: to ensure that voters of this state are not subject to voting under an intentionally discriminatory law even one

more election day beyond November. Private Plaintiffs respectfully request that the Court adopt their proposed schedule and set a hearing for this matter in mid-November.

Date: August 23, 2016

Respectfully submitted,

/s/ Lindsey B. Cohan
JON M. GREENBAUM
EZRA D. ROSENBERG
BRENDAN B. DOWNES
Lawyers' Committee for
Civil Rights Under Law
1401 New York Avenue NW Suite 400
Washington, D.C. 20005

WENDY WEISER
MYRNA PÉREZ
JENNIFER CLARK
The Brennan Center for Justice at NYU Law School
161 Avenue of the Americas, Floor 12
New York, New York 10013-1205

AMY L. RUDD
LINDSEY B. COHAN
Dechert LLP
500 W. 6th Street, Suite 2010
Austin, Texas 78701

JOSE GARZA
Law Office of Jose Garza
7414 Robin Rest Drive
San Antonio, Texas 98209

DANIEL GAVIN COVICH
Covich Law Firm LLC
Frost Bank Plaza
802 N Carancahua, Ste 2100
Corpus Christi, TX 78401

GARY BLEDSOE
Potter Bledsoe, LLP
316 W. 12th Street, Suite 307
Austin, Texas 78701

7

VICTOR GOODE
NAACP
4805 Mt. Hope Drive
Baltimore, Maryland 21215

ROBERT NOTZON
The Law Office of Robert Notzon
1502 West Avenue
Austin, Texas 78701

*Counsel for the Texas State Conference of NAACP Branches and the Mexican American Legislative Caucus of the Texas House of Representatives*


/s/ Chad W. Dunn
J. GERALD HEBERT
DANIELLE M. LANG
Campaign Legal Center
1411 K Street NW Suite 1400
Washington, DC 20005

CHAD W. DUNN
K. SCOTT BRAZIL
BRAZIL & DUNN
4201 Cypress Creek Pkwy., Suite 530
Houston, Texas 77068

ARMAND G. DERFNER
Derfner & Altman
575 King Street, Suite B
Charleston, S.C. 29403

NEIL G. BARON
Law Office of Neil G. Baron
914 FM 517 W, Suite 242
Dickinson, Texas 77539

DAVID RICHARDS
Richards, Rodriguez & Skeith, LLP
816 Congress Avenue, Suite 1200
Austin, Texas 78701

*Counsel for Veasey/LULAC Plaintiffs*

/s/ Leah C. Aden
CHRISTINA A. SWARNS
NATASHA M. KORGAONKAR
LEAH C. ADEN
DEUEL ROSS
NAACP Legal Defense and Education Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006

JONATHAN PAIKIN
KELLY DUNBAR
TANIA FARANSSO
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006

*Counsel for the Texas League of Young Voters Education Fund and Imani Clark*

LUIS ROBERTO VERA, JR.
Law Office of Luis Roberto Vera Jr.
111 Soledad, Ste 1325
San Antonio, TX 78205

*Counsel for LULAC*


/s/ Rolando L. Rios
ROLANDO L. RIOS
115 E. Travis, Suite 1645
San Antonio, Texas 78205

*Counsel for the Texas Association of Hispanic County Judges and County Commissioners*


/s/ Marinda van Dalen
ROBERT W. DOGGETT
SHOSHANA J. KRIEGER
Texas RioGrande Legal Aid
4920 N. IH-35
Austin, Texas 78751

9

> MARINDA VAN DALEN
> Texas RioGrande Legal Aid
> 531 East St. Francis St.
> Brownsville, Texas 78529
>
> JOSE GARZA
> Texas RioGrande Legal Aid
> 1111 N. Main Ave.
> San Antonio, Texas 78212
>
> *Counsel for Lenard Taylor, Eulalio Mendez Jr., Lionel Estrada, Estela Garcia Espinoza, Margarito Martinez Lara, Maximina Martinez Lara, and La Union Del Pueblo Entero, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2016, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

/s/ Lindsey B. Cohan
Lindsey B. Cohan
Dechert LLP
300 W. 6th Street, Suite 2010
Austin, Texas 78731
lindsey.cohan@dechert.com