IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*,<br><br>   Plaintiffs,<br><br>  v.<br><br>GREG ABBOTT, *et al.*,<br><br>   Defendants. | Civil Action No. 2:13-cv-193 (NGR) |
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, *et al.*,<br><br>   Plaintiff-Intervenors,<br><br>TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, *et al.*,<br><br>   Plaintiff-Intervenors,<br><br>  v.<br><br>STATE OF TEXAS, *et al.*,<br><br>   Defendants. | Civil Action No. 2:13-cv-263 (NGR) |

| | |
|---|---|
| TEXAS STATE CONFERENCE OF NAACP BRANCHES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CARLOS CASCOS, *et al.*, <br><br> Defendants. | Civil Action No. 2:13-cv-291 (NGR) |
| LENARD TAYLOR, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF TEXAS, *et al.*, <br><br> Defendants | Civil Action No. 2:13-cv-348 (NGR) |

**UNITED STATES' RESPONSE TO DEFENDANTS' PROPOSED SCHEDULE FOR CLAIMS OF DISCRIMINATORY PURPOSE**

Defendants' August 22, 2016 request that this Court defer for nearly a year its consideration of SB 14's discriminatory purpose is inconsistent with the Fifth Circuit's *en banc* instructions and prejudicial to the United States' interest, and those of Texas voters, in an expeditious resolution of its discriminatory purpose claim. Accordingly, the United States objects to Defendants' proposal.

The Fifth Circuit's *en banc* opinion encouraged this Court to defer consideration of the issue of discriminatory purpose until after the November 8, 2016 federal general election. But it in no way suggested, much less instructed, that this Court should take no action whatsoever to resolve the purpose issue until sometime after July 28th, 2017—more than a year after the Fifth

1

Circuit's *en banc* opinion. Indeed, the Fifth Circuit made clear that "[i]f the district court concludes that SB 14 was passed with a discriminatory intent, the district court should fashion an appropriate remedy in accord with its findings; provided, however, that any remedy will not be made effective until *after the November 2016 election*. *Veasey v. Abbott*, No. 14-411247, 2016 WL 3923868, at *16 (5th Cir. July 20, 2016) (en banc) (emphasis added). Defendants insistence that this Court must delay consideration of the purpose claim until sometime far into the future is, therefore, simply incorrect.

To be sure, the Fifth Circuit instructed that "any interim legislative action taken with respect to SB 14" should be taken into account by the District Court. *Id*. But that's a far cry from requiring this Court to lay in repose until the Texas legislature acts – if in fact it does act. Rather, the Fifth Circuit's instructions appropriately note that this Court's deliberations should consider any legislative action that may have occurred up to that point.

Awaiting legislative action that may in fact not occur is patently unfair to the parties and Texas voters. SB 14 was enacted in 2011, and litigation over its legality under Section 5 of the Voting Rights Act commenced that same year, while litigation under Section 2 of the Voting Rights Act commenced in 2013 after the Supreme Court vacated on jurisdictional grounds the judgment finding SB 14 violated Section 5. Thus far, after more than five years of litigation, the United States and private parties have yet to achieve a permanent remedy. In light of this, the State's request to postpone any further proceedings for nearly another year is simply untenable.

Moreover, as the Fifth Circuit *en banc* noted, "[a]n official action ... taken for the purpose of discriminating ... on account of ... race has no legitimacy at all." *Id*., at 36 (citing *City of Richmond v. United States*, 422 U.S. 358, 378 (1975)); *see also N.C. State Conference of NAACP v. McCrory*, No. 16-1468, 2016 WL 4053033, at *22 (4th Cir. July 29, 2016) (same). Accepting

any schedule that permits an allegedly purposefully discriminatory law to exist any longer than absolutely necessary is inappropriate in any circumstance, but especially given that SB 14 has been in effect in every Texas election since June 25, 2013.  It is in the interest of justice that, once having provided the parties adequate time to address the issue, that the Court decide the purpose question at the earliest opportunity.

Defendants' scheduling proposal conflicts with the Fifth Circuit's instructions and prejudices the United States' interest in an expeditious resolution of its discriminatory purpose claim.  The schedule proposed in the United States' August 22, 2016 filing, on the other hand, appropriately balances that interest against the need for appropriately detailed briefing for the Court.  Accordingly, the United States respectfully requests that this Court adopt that proposed schedule and reject Defendants' proposal.

Date: August 23, 2016

                                     Respectfully submitted,

| | |
|---|---|
| KENNETH MAGIDSON | VANITA GUPTA |
| United States Attorney | Principal Deputy Assistant Attorney General |
| Southern District of Texas | Civil Rights Division |
| | |
| | /s/ *Samuel G. Oliker-Friedland* |
| | T. CHRISTIAN HERREN, JR. |
| | MEREDITH BELL-PLATTS |
| | RICHARD DELLHEIM |
| | BRUCE I. GEAR |
| | DANIEL J. FREEMAN |
| | AVNER SHAPIRO |
| | SAMUEL OLIKER-FRIEDLAND |
| | Attorneys, Voting Section |
| | Civil Rights Division |
| | U.S. Department of Justice |
| | 950 Pennsylvania Ave. NW |
| | Room 7238 NWB |
| | Washington, D.C. 20530 |

3

**CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2016, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

/s/ *Samuel G. Oliker-Friedland*
Samuel G. Oliker-Friedland
U.S. Department of Justice
950 Pennsylvania Ave. NW
Room 7238 NWB
Washington, D.C. 20530
samuel.oliker-friedland@usdoj.gov