UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARC VEASEY, *et al.*, | § § | |
| Plaintiffs, | § § | |
| v. | § | CIVIL ACTION NO. 2:13-CV-00193 |
| | § | |
| GREG ABBOTT, *et al.*, | § § | |
| Defendants. | § § | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' AND THE UNITED STATES' PROPOSED BRIEFING SCHEDULES FOR CLAIMS OF DISCRIMINATORY PURPOSE**

This Court has the benefit of clear guidance from the Fifth Circuit on two points. First, as a general matter, the Fifth Circuit has consistently held that courts must give legislatures the first opportunity to remedy Voting Rights Act violations whenever possible. Second, in this very case, the Fifth Circuit specifically instructed this Court to consider the effect of any action by the Texas Legislature when it considers intentional-discrimination claims against SB 14. The law and the message are clear: the Legislature must have an opportunity to act, and any action it takes will be relevant.

The possibility of action by the Texas Legislature in the Spring of 2017 is not merely speculative. Defendant Governor Abbott has informed our office that he will support legislation during the 2017 legislative session to adjust SB 14 to comply with the Fifth Circuit's decision, provided that the Fifth Circuit's decision remains in place after Supreme Court review. With the Court's interim remedy in place, there is no cause to preempt the Legislature's task.

1

Contrary to the Fifth Circuit's guidance, the Private Plaintiffs insist that the Court "weigh the evidence and render a determination *before* the Legislature begins to deliberate."[1] They assert that "the Fifth Circuit did not even mention the possibility of awaiting legislative action—implicitly recognizing that legislative action was irrelevant to adjudication of that claim."[2] That statement is categorically incorrect. The Fifth Circuit expressly directed this Court to consider action by the Legislature:

> The district court will need to reexamine the discriminatory purpose claim in accordance with the proper legal standards we have described, ***bearing in mind the effect any interim legislative action taken with respect to SB 14 may have***.

*Veasey v. Abbott*, No. 14-41127, 2016 WL 3923868, *39 (5th Cir. July 20, 2016) (en banc) (emphasis added). The Court should decline the Private Plaintiffs' invitation to ignore the Fifth Circuit's clear instruction.

The Private Plaintiffs wrongly suggest that the Legislature cannot act without a ruling from the Court because it "needs to know . . . what violation(s) it has to remedy,"[3] and any legislation "would have to conform to the remedy fashioned by the Court."[4] But the Fifth Circuit expressly stated that the purpose claims could depend on legislative action regarding discriminatory effects—something that the Legislature should have the first opportunity to address. *See, e.g.*, *Veasey*, 2016 WL 3923868 at *37 ("Indeed, when feasible, our practice has been 'to offer governing

---

[1] Memorandum of Private Plaintiffs and Plaintiff-Intervenors in Support of Proposed Schedule for Determination of Intentional Discrimination Claims 2 (ECF No. 917).
[2] *Id.* at 3.
[3] *Id.* at 2.
[4] *Id.* at 3–4.

2

bodies the first pass at devising' remedies for Voting Rights Act violations." (quoting *United States v. Brown*, 561 F.3d 420, 435 (5th Cir. 2009))). Any action by the Legislature will necessarily affect not only the question of liability but also the question of what additional remedy is appropriate, if any. Without a discriminatory effect, there is no basis to inquire into legislative motive. *E.g.*, *Crawford v. Bd. of Educ. of City of L.A.*, 458 U.S. 527, 544 n.31 (1982) ("Absent discriminatory effect, judicial inquiry into legislative motivation is unnecessary, as well as undesirable."). And without an ongoing constitutional violation, there is no basis to issue an injunction. *E.g.*, *Green v. Mansour*, 474 U.S. 64, 68, 73 (1985).

Neither the Private Plaintiffs nor the Department of Justice provide a reason to rush consideration of their discriminatory-purpose claims. The Department of Justice suggests that the need for "finality" warrants "prompt resolution of the discriminatory purpose issue."[5] But an abstract interest in "finality" cannot outweigh the Legislature's prerogative to remedy Voting Rights Act violations, and it plainly does not do so here. Any finality would be illusory when, as the Department anticipates, "any resulting order may be followed by further proceedings."[6]

The Private Plaintiffs do not explain what alleged "threats of prosecution" by non-legislators have to do with the "speedy resolution of this case."[7] In any event, there is nothing unusual or surprising, let alone "indimidating," in the notion that a voter

---

[5] United States' Proposed Schedule for Proceedings on Discriminatory Purpose Claims 2 (ECF No. 918).
[6] *Id.*
[7] Memorandum of Private Plaintiffs and Plaintiff-Intervenors at 4 (ECF No. 917).

3

who signs a false declaration might be prosecuted for perjury—particularly when the declaration requires the voter to "swear or affirm under penalty of perjury."[8]

In less than five months, the Texas Legislature meets in regular session—something it does only once every two years. *See* Tex. Const. art. III, § 5(a). There is no urgent need to resolve the discriminatory-purpose claims before the legislative session; the Court's interim remedy provides adequate safeguards against any possible discriminatory effects. Whatever briefing schedule the Court adopts, it must give the Legislature a chance to remedy any defects in SB 14.

---

[8] *See* Supplement to Submission of Agreed Terms, Exh. A (ECF No. 893-1).

Date: August 23, 2016    Respectfully submitted.

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Litigation

/s/ Angela V. Colmenero
ANGELA V. COLMENERO
Chief, General Litigation Division

MATTHEW H. FREDERICK
Deputy Solicitor General

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC 059)
Austin, Texas  78711-2548
Tel.: (512) 936-6407
Fax: (512) 474-2697

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2016, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

/s/ Angela V. Colmenero
ANGELA V. COLMENERO