IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*, <br><br>    Plaintiffs, <br><br> v. <br><br> GREG ABBOTT, *et al.*, <br><br>    Defendants. | Civil Action No. 2:13-cv-193 (NGR) |
| UNITED STATES OF AMERICA, <br><br>    Plaintiff, <br><br> TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, *et al.*, <br><br>    Plaintiff-Intervenors, <br><br> TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, *et al.*, <br><br>    Plaintiff-Intervenors, <br><br> v. <br><br> STATE OF TEXAS, *et al.*, <br><br>    Defendants. | Civil Action No. 2:13-cv-263 (NGR) |

| | |
|---|---|
| TEXAS STATE CONFERENCE OF NAACP BRANCHES, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>CARLOS CASCOS, *et al.*,<br><br>    Defendants. | Civil Action No. 2:13-cv-291 (NGR) |
| LENARD TAYLOR, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>STATE OF TEXAS, *et al.*,<br><br>    Defendants | Civil Action No. 2:13-cv-348 (NGR) |

**UNITED STATES MOTION TO ENFORCE INTERIM REMEDIAL ORDER**

On August 10, 2016, this Court entered an Order directing the State of Texas, Secretary of State Carlos Cascos, and other officials to implement a set of directives for the November 8, 2016 election. *Veasey v. Perry*, No. 2:13-cv-193, Order Regarding Agreed Interim Plan for Elections ("Remedial Order") (S.D. Tex. Aug. 10, 2016) (ECF No. 895). The Court ordered:

> Commencing with any elections held after the entry of this Order and until further order of the Court, Defendants shall continue to educate voters in subsequent elections concerning both voter identification requirements <u>and</u> the opportunity for voters who <u>do not possess SB 14 ID and cannot reasonably obtain it</u> to cast a regular ballot.

Remedial Order ¶ 11 (second emphasis added).

Despite the Remedial Order's clarity, Texas's voter education and poll worker training documents depart from it. Rather than educating voters and poll officials about opportunities to

1

cast a regular ballot for those who "do not possess SB 14 ID and cannot reasonably obtain it," the State has recast that language to limit the opportunity to cast a regular ballot solely to those voters who present SB 14 ID or who "have not obtained" and "cannot obtain" SB 14 ID. That standard is incorrect and far harsher than the Court-ordered standard it would displace. By recasting the Court's language, Texas has narrowed dramatically the scope of voters protected by the Court's Order. Moreover, the standard the State's training and educational materials currently describe has already been rejected by this Court and the Fifth Circuit. At this critical stage, such materials should maximize accuracy and minimize confusion. Texas's materials do neither.

Plaintiffs have objected to the State's language repeatedly to attempt to resolve the matter short of court involvement, but Texas has refused to conform all voter education and poll worker training materials to the standard ordered by this Court that voters who "do not possess SB 14 ID and cannot reasonably obtain" SB 14 ID may cast a regular ballot. The State is about to begin a mass media campaign that should educate voters to whom this Court has restored the ability to cast a regular ballot, and an erroneous message would compound—rather than cure—the harm caused by SB 14. The United States therefore respectfully moves to enforce the Remedial Order.

I.  **The Remedial Order Establishes Clear Standards Under Which Voters Without SB 14 ID May Cast a Regular Ballot.**

This Court's August 10 Remedial Order mandates that

> Voters who appear on the official list of registered voters and present a valid voter registration certificate, a certified birth certificate, a current utility bill, a bank statement, a government check, a paycheck, or any other government document that displays the voter's name and address and complete and sign a reasonable impediment declaration shall be permitted to vote using a regular ballot.

Remedial Order ¶ 2.  The Court directed the State to use a form attached to the Remedial Order as the English-language reasonable impediment declaration.  Remedial Order ¶ 3.  This form in turn instructs poll workers that "If a voter appears on the official list of registered voters, but does not possess an acceptable form of photo identification . . . due to a reasonable impediment, . . . steps shall be taken by the election officer to allow the voter to cast a regular ballot."  Remedial Order Ex. 1 at 1 (emphasis omitted).  The Court then ordered Texas to educate voters and poll workers concerning the "opportunity for voters who do not possess SB 14 ID and cannot reasonably obtain it to cast a regular ballot."  Remedial Order ¶¶ 11-12.

The Remedial Order thereby established clear guidelines governing who may use a reasonable impediment declaration and present non-SB 14 identification to establish identity at the polls.  There are two criteria only.  *First*, the voter must not "possess" SB 14 ID.  Remedial Order ¶ 11, Ex. 1 at 1.  *Second*, the lack of SB 14 ID must result from "a reasonable impediment" or the fact that the voter "cannot reasonably obtain it."  *Id.*

II. **Plaintiffs Have Attempted in Good Faith to Resolve this Issue, but Texas Has Refused to Change its Incorrect Voter Education and Poll Worker Training Materials.**

On August 12, private plaintiffs alerted the State that VoteTexas.gov described the Remedial Order using language more restrictive that the Order's actual terms.  They pointed to a press release and website content suggesting that only voters who are "not able to obtain" SB 14 ID can vote using a reasonable impediment declaration, but without explanation, Texas declined to correct these materials.  *See* Email from Jennifer Clark to Angela Colmenero (Aug. 12, 2016) (Ex. 1).  On August 17, private plaintiffs similarly identified an improper update to VoteTexas.gov stating that only "voters who have not been able to obtain" SB 14 ID can vote using a reasonable impediment declaration."  *Required Identification for Voting in Person*,

3

VoteTexas.gov, *at* http://www.votetexas.gov/register-to-vote/need-id (Ex. 2).  On August 19, the State responded to these persistent objections and denied that the language was misleading or inconsistent with the Remedial Order.  That same day, Texas reissued its press release with language restricting availability of a reasonable impediment declaration to voters who "cannot obtain" SB 14 ID.  Press Release, Office of the Texas Secretary of State, Voters Who Cannot Obtain One of Seven Forms of Approved Photo ID Have Additional Options at the Polls (Aug. 19, 2016), *available at* http://www.sos.state.tx.us/about/newsreleases/2016/081916.shtml (Ex. 3).

The United States and private plaintiffs have continued to identify and object to restrictive language that the State has incorporated in voter education and poll worker training materials, including the Texas Poll Watchers Guide, Election Inspector Handbook, Early Voting Ballot Board Handbook, Qualifying Voters Handbook, and Toolkit for Community Organizations and Elected Officials.  On August 30, the United States formally requested that Texas eliminate any language limiting availability of a reasonable impediment declaration to voters who "have not obtained" and "cannot obtain" SB 14 ID from voter education and poll worker training materials.  *See* Email from Daniel J. Freeman to Angela Colmenero (Aug. 30, 2016) (Ex. 4) (noting objections made on August 22, 23, 29, and 30).  The United States requested that the State respond by September 2.  On September 6, Texas responded to the United States' email and asserted that the "cannot obtain" or "unable to obtain" standard is consistent with the Remedial Order.  Email from Angela Colmenero to Daniel J. Freeman (Sept. 6, 2016) (Ex. 5).[1]  The United States then met and conferred with the State by telephone to

---

[1] The State bases its refusal in part on the claim that it "did not learn about your concerns until several days after this language was made public on the Secretary of State's website."  *Id.*  This waiver argument is incorrect and unavailing.  As noted above, private plaintiffs informed Texas on September 12—the day after the State first circulated proposed voter education materials—that a press release and a section of VoteTexas.gov "suggest[] that the declaration is only available to those 'not able to obtain ID' rather than those that have a 'reasonable impediment' or difficulty obtaining ID."  Email from Jennifer Clark to

4

confirm that the parties are at an impasse and that the State would not modify language currently posted on VoteTexas.gov.

### III. The State's Training and Educational Materials Rewrite the Reasonable Impediment Standard Agreed Upon by the Parties and Ordered by this Court.

Texas's failure to communicate the Remedial Order's actual language and meaning undermines this Court's efforts to protect the voting rights of all Texas citizens. By instructing its citizens and poll officials that the reasonable impediment process is available just to voters who "have not obtained" SB 14 ID, Texas would prevent from casting a regular ballot those voters who "do not possess" SB 14 ID but nonetheless are eligible to cast a regular ballot under the Remedial Order. For instance, voters whose identification has expired by more than four years, whose identification has been lost or stolen, and who have surrendered identification to the State have all "obtained" SB 14 ID but no longer "possess" it.[2] Texas's instructions would require its poll officials to deny those voters access to a regular ballot. Those instructions contravene the Court's Remedial Order.

More critically, Texas would have its citizens and poll officials believe that only those voters who "cannot obtain" SB 14 ID are eligible to cast a regular ballot without presenting appropriate identification. But that of course is not so. The scope of this Court's remedy is set in plain language (to which the State agreed): those voters who have "a reasonable impediment"

---

Angela Colmenero ¶ 5, bullets 2-3. More importantly, moving forward, Texas can and should educate voters and poll workers accurately concerning all opportunities to cast a regular ballot under the Remedial Order.

[2] "Possess" means "to have and hold as property." *Possess*, Merriam Webster, *at* www.merriam-webster.com/dictionary/possess (last accessed Sept. 6, 2016). The United States does not therefore contend that voters who have obtained SB 14 ID and have continued, ready access to it do not "possess" such identification if they do not have it on their person when they appear to vote at a polling place. For example, voters who arrive at polling places only to realize that their valid SB 14 ID remains at home nonetheless "possess" SB 14 ID. To the extent that the State is now concerned that the language to which it agreed is unclear, it may further clarify that language to voters and poll workers with a message such as, "If you forget your wallet at home, you still 'possess' your driver license for voting purposes."

5

to obtaining SB 14 ID or "cannot reasonably obtain it" must be offered the opportunity to cast a regular ballot. The State's instructions would unduly restrict that opportunity.

That the State has stripped the word "reasonably" from the Court-ordered phrase "cannot reasonably obtain" matters significantly. That is because impediment—and not metaphysical impossibility—is the linchpin of the Remedial Order. *See* Order at 1 (ECF No. 859) (directing the parties to develop remedial plans that incorporate "an impediment or indigency exception"). The State's excessively rigid "cannot obtain" standard appears to impose an impossibility standard on affected voters not contemplated by the parties' agreement or this Court's Remedial Order. That Order is of limited use if Texas refuses to train poll workers and educate voters accurately on its plain language and scope.

This issue is not new. The Fifth Circuit decisively rejected the State's claim that only voters who "cannot obtain" required documents are injured by strict voter identification requirements and held that SB 14 abridged the voting rights of individual plaintiffs who faced "excessive burdens" or "a substantial obstacle to voting." *Veasey v. Abbott*, No. 14-41127, 2016 WL 3923868, at *25 (5th Cir. July 20, 2016) (en banc); *see also id.* at *42 (Higginson, J., concurring) ("[I]f a Section 2 burden is cognizable only if it is impossible for some minority voters to comply with the challenged law, Justice Scalia must have mistakenly stated that Section 2 would be violated if 'a county permitted voter registration for only three hours one day a week, and that made it more difficult for blacks to register than whites.'" (quoting *Chisom v. Roemer*, 501 U.S. 380, 408 (1991) (Scalia, J., dissenting)). Texas thus appears to resurrect here the very issue it lost in litigation. *See Veasey v. Perry*, 71 F. Supp. 3d 627, 686, 694-98 (S.D. Tex. 2014), *aff'd in relevant part*, No. 14-41127, 2016 WL 3923868 (5th Cir. July 20, 2016) (en banc) (concluding that SB 14 violated Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, despite

declining to find that "any particular voter absolutely cannot get the necessary ID or vote by absentee ballot.").

By now effectively reworking the Remedial Order's text —text to which the State agreed, *see* Jnt. Submission of Agreed Terms ¶ 11 (ECF No. 877); Supp. to Submission of Agreed Terms Ex. A at 1 (ECF No. 893-1)—Texas undermines that Order and perpetuates the discriminatory impact of SB 14. The inaccurate standard the State has published to its poll officials and voters is an erroneous substitute for the plain language of this Court's Remedial Order. That standard has been previously rejected by this Court and the Fifth Circuit. It should be rejected again here, now, and with finality.

### IV.     Expedited Relief Is Necessary to Preserve This Court's Remedy.

The Remedial Order contemplated that details of the State's plan for educating voters and training election workers might be "addressed in one or more future orders." Remedial Order at 4. Texas's refusal to communicate the actual language of the Remedial Order to voters and poll workers now necessitates a further order. But time is short. The State is developing printed materials and mass media advertising that improperly narrow the Remedial Order. Voters are receiving inaccurate or misleading information that suggests they will not be able to cast ballots that count in November. Limited funds are being used on inaccurate materials. This Court's opinion finding that SB 14 violates the Voting Rights Act identified the importance of accurate voter education concerning complex voter identification procedures. *See Veasey v. Perry*, 71 F. Supp. 3d at 642, 649, 651, 667-68, 677-79; *see also Veasey v. Abbott*, 2016 WL 3923868, at *16, 25-26. Therefore, the United States respectfully requests that this Court expedite any responsive briefing and schedule any argument at the Court's earliest convenience.

The United States respectfully requests that the Court enforce the Remedial Order by further enjoining the State to comply with the Remedial Order in the following specific respects:

7

- Update and redistribute all electronic resources to reflect that all voters who do not possess SB 14 ID and have a reasonable impediment to obtaining such identification may cast a regular ballot using a reasonable impediment declaration, including VoteTexas.gov and the Toolkit for Community Organizations and Elected Officials.

- Issue corrections to past press releases and other public statements by the State of Texas, the Secretary of State, counsel for the State, and other state officials that improperly restrict the availability of a reasonable impediment declaration and incorporate such corrections in electronic archives.

- Correct all voter education and poll worker training materials that have not yet been printed to reflect the text of the Remedial Order.

- Print and distribute corrections to accompany voter education and poll worker training materials that already have been printed with inaccurate descriptions of the Remedial Order.

- Ensure that all future print, radio, and television advertisements accurately reflect the text of the Remedial Order.

- Cease any further communications that inaccurately reflect the availability of a reasonable impediment declaration under the Remedial Order.

A proposed order is attached to this motion as Exhibit 6. Private plaintiffs join the filing of this motion.

Date: September 6, 2016

                                      Respectfully submitted.

KENNETH MAGIDSON           VANITA GUPTA
United States Attorney            Principal Deputy Assistant Attorney General
Southern District of Texas        Civil Rights Division

                                      */s/ Daniel J. Freeman*
                                      T. CHRISTIAN HERREN, JR.
                                      MEREDITH BELL-PLATTS
                                      RICHARD A. DELLHEIM
                                      BRUCE I. GEAR
                                      DANIEL J. FREEMAN
                                      AVNER SHAPIRO
                                      SAMUEL OLIKER-FRIEDLAND
                                      Attorneys, Voting Section
                                      Civil Rights Division
                                      U.S. Department of Justice
                                      950 Pennsylvania Ave. NW
                                      Washington, D.C. 20530

                                      *Counsel for the United States*

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2016, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

> */s/ Daniel J. Freeman*
> Daniel J. Freeman
> U.S. Department of Justice
> 950 Pennsylvania Ave. NW
> Room 7123 NWB
> Washington, D.C. 20530
> daniel.freeman@usdoj.gov