# EXHIBIT 4

**Freeman, Daniel (CRT)**

| | |
|---|---|
| **From:** | Freeman, Daniel (CRT) |
| **Sent:** | Tuesday, August 30, 2016 7:52 PM |
| **To:** | Colmenero, Angela; Frederick, Matthew |
| **Cc:** | alltexasvoterid@dechert.com; VOTTexasID (CRT) |
| **Subject:** | Voter Education and Poll Worker Training Materials |

Angela and Matt,

We write concerning the State of Texas's repeated statements in voter education and poll worker training materials that only voters who "have not obtained" and "cannot obtain" SB 14 ID may vote using a Reasonable Impediment Declaration.  Despite repeated objections from the United States and private plaintiffs, the State has incorporated this and similar language in numerous documents.  We think that language is inaccurate and potentially misleading.  Moreover, it conflicts with the Court's Interim Remedial Order (ECF No. 895), as well as the legal standard applied in *Veasey v. Abbott*, No. 14-41127, 2016 WL 3923868 (5th Cir. July 20, 2016) (en banc).  We write in the hope that the State will reconsider use of this language and eliminate it from all future documents and communications with the public and election officials regarding the interim remedy.

Language limiting the availability of a Reasonable Impediment Declaration to voters who have not and "cannot obtain" SB 14 ID is currently found on VoteTexas.gov and in the Poll Watchers Guide, the Election Inspector Handbook, the Early Voting Ballot Board Handbook, the Qualifying Voters Handbook, and the Toolkit for Community Organizations and Elected Officials.  For example, the homepage of VoteTexas.gov currently states, "Voters who cannot obtain one of the seven forms of approved photo ID have additional options at the polls."  Similarly, the Toolkit for Community Organizations and Elected Officials entreats readers to distribute information to voters "including what approved photo ID they need to bring to the polls and what options they have if they cannot obtain an approved photo ID."  The United States and the private plaintiffs have repeatedly expressed concerns regarding this language, including on August 18, 22, 23, 29, and 30.

Our concerns are rooted in the plain language of the District Court's Interim Remedial Order.  That order directs the State to educate voters concerning "the opportunity for voters who do not possess SB 14 ID and cannot reasonably obtain it to cast a regular ballot."  Interim Remedial Order ¶ 11.  Statements that limit the availability of a Reasonable Impediment Declaration to voters who "have not obtained" and "cannot obtain" SB 14 ID improperly exclude voters who have obtained SB 14 ID in the past but no longer possess it and voters who cannot *reasonably* obtain SB 14 ID (even though, theoretically, they might be able to obtain that identification through expenditures of time or money needed to overcome substantial obstacles).  The Court similarly ordered the State to use a Reasonable Impediment Declaration that instructs poll workers to allow a voter who "does not possess an acceptable form of photo identification . . . due to a reasonable impediment" to complete the Declaration and cast a regular ballot.  Interim Remedial Order Ex. 1 at 1.  Language narrowing the set of eligible voters to those who "have not obtained" and "cannot obtain" SB 14 ID improperly excludes some voters protected by the Court's Interim Remedial Order.

This issue is not new.  In *Veasey v. Abbott*, the Fifth Circuit rejected the State's argument that only those voters who "cannot obtain" SB 14 ID are injured by voter identification requirements.  Rather, the Court held SB 14 abridged the rights of individual plaintiffs who faced "excessive burdens" or "a substantial obstacle to voting because of SB 14."
 *Veasey v. Abbott*, 2016 WL 3923868, at *25; *see also id.* at *42 (Higginson, J., concurring) ("[I]f a Section 2 burden is cognizable only if it is impossible for some minority voters to comply with the challenged law, Justice Scalia must have mistakenly stated that Section 2 would be violated if 'a county permitted voter registration for only three hours one day a week, and that made it more difficult for blacks to register than whites.'" (quoting *Chisom v. Roemer*, 501 U.S. 380, 408 (1991) (Scalia, J., dissenting)); *Veasey v. Perry*, 71 F. Supp. 3d 627, 686 (S.D. Tex. 2014) (concluding that SB 14 violated Section 2 despite finding that "Plaintiffs have not demonstrated that any particular voter absolutely cannot get the necessary ID or vote by absentee ballot"), *aff'd in relevant part*, No. 14-41127, 2016 WL 3923868 (5th Cir. July 20, 2016)

(en banc).  The Fifth Circuit notably considered the burden on an individual voter who eventually managed to procure a birth certificate necessary to obtain SB 14 ID, albeit only with the assistance of a relative traveling through his state of birth.  *See Veasey v. Abbott*, 2016 WL 3923868, at *26.  Communicating that Reasonable Impediment Declarations are available only to voters who "cannot obtain" SB 14 ID would therefore improperly exclude individuals harmed by a Voting Rights Act violation from the remedy on remand.

We hope that the State will reconsider using this language in voter education and training materials.  We request a response to these concerns by no later than Friday, September 2, and we are available to discuss this matter at any time.

Regards,

Dan

Daniel J. Freeman
Trial Attorney
Voting Section, Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave. NW
NWB Room 7123
Washington, DC 20530
(202) 305-4355
daniel.freeman@usdoj.gov