IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> GREG ABBOTT, *et al.*, <br><br> Defendants. | Civil Action No. 2:13-cv-193 (NGR) |
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, *et al.*, <br><br> Plaintiff-Intervenors, <br><br> TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS, *et al.*, <br><br> Plaintiff-Intervenors, <br><br> v. <br><br> STATE OF TEXAS, *et al.*, <br><br> Defendants. | Civil Action No. 2:13-cv-263 (NGR) |

| | |
|---|---|
| TEXAS STATE CONFERENCE OF NAACP BRANCHES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CARLOS CASCOS, *et al.*, <br><br> Defendants. | Civil Action No. 2:13-cv-291 (NGR) |
| LENARD TAYLOR, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF TEXAS, *et al.*, <br><br> Defendants | Civil Action No. 2:13-cv-348 (NGR) |

**PRIVATE PLAINTIFFS' AND PLAINTIFF-INTERVENORS'
MOTION FOR FURTHER RELIEF TO ENFORCE INTERIM REMEDIAL ORDER**

Private Plaintiffs'[1] Motion for Further Relief to Enforce Interim Remedial Order is triggered by a series of statements attributed to Texas officials stating or insinuating that they will conduct criminal investigations of "everyone" who executes the Declaration of Reasonable Impediment, which this Court ordered as part of its interim relief. Those statements are contrary

---

[1] The Plaintiffs joining in this brief are the Texas State Conference of NAACP Branches, the Mexican American Legislative Caucus of the Texas House of Representatives, the Texas Association of Hispanic County Judges and County Commissioners, Hidalgo County, the Texas League of Young Voters Education Fund, Imani Clark, Estela Garcia Espinosa, Lionel Estrada, La Union Del Pueblo Entero, Inc., Maximina Martinez Lara, Eulalio Mendez, Jr., Lenard Taylor, Marc Veasey, Floyd James Carrier, Anna Burns, Michael Montez, Penny Pope, Jane Hamilton, Sergio DeLeon, Oscar Ortiz, Koby Ozias, John Mellor-Crummey, Evelyn Brickner, Gordon Benjamin, Ken Gandy, the League of United Latin American Citizens ("LULAC") and Dallas County, Texas.

1

to the terms of this Court's Interim Remedial Order, and are intimidating to the very persons that the Order is intended to protect.[2]

On August 26, in a news article appearing in *Houston Press*, Harris County Clerk Stan Stanart was directly quoted or paraphrased as follows:

> Stanart says he will investigate <u>everyone</u> who signs that form to assure they are not lying.
>
> Whether anything happens, that's up to the [Harris County District Attorney's Office].
>
> But after the votes are counted and the election ends, Stanart said his office will be checking to see whether a person who signed the sworn statement has a Texas Department of Public Safety-issued ID through the DPS database."

Meagan Flynn, *Harris County Clerk Will Vet Voters Who Claim to Lack Photo ID*, HOUSTON PRESS, Aug. 26, 2016 (attached hereto as Exhibit A) (emphasis added).[3]

On August 30, Private Plaintiffs wrote to the State, asking the State to confirm (1) whether Stanart made these remarks, and, (2) irrespective of whether he did, take action to cure the damaging effects of the publication of such statements. Letter from Counsel for the Private

---

[2] Furthermore, these statements perpetuate the very discrimination that the Interim Remedial Order was intended to ameliorate by targeting those voters most likely to avail themselves of the interim remedy, who are disproportionately Black and Latino voters.

[3] In a filing on August 22, Private Plaintiffs alerted this Court to statements attributed to Attorney General Ken Paxton and Harris County Clerk Stan Stanart stating or insinuating that they would investigate voters who signed declarations of reasonable impediment, and prosecute and/or refer for prosecution those individuals whom they believed had been issued SB 14 ID at some point in time. *See* Mem. in Supp. of Proposed Schedule for Determination of Intentional Discrimination Claims at 4 (Doc. 917). Among the other statements that are of concern to Private Plaintiffs, Attorney General Paxton, during a television interview, failed to correct, at minimum, reporting that the Interim Remedial Order required a declaration of proof of citizenship and proof of residency at the polling place. *See id.* at Exhibit A. Private Plaintiffs also alerted the State to their concerns about Attorney General Paxton and Mr. Stanart's statements the same day. Email from Ezra Rosenberg to Angela Comenero and Matthew Frederick (Aug. 22, 2016, 1:08pm) (attached hereto as Exhibit B).

2

Plaintiffs to Angela Colmenero and Matthew Frederick (Aug. 30, 2016) (attached hereto as Exhibit C). Private Plaintiffs expressed concern that these statements will intimidate voters and chill participation in the November election by dissuading voters—who may no longer have once-issued SB 14 ID, or may have forgotten that they have SB 14 ID—from participating in the election or, worse yet, subjecting them to potential prosecution if they execute a Declaration of Reasonable Impediment in good faith. Despite Private Plaintiffs' attempt to meet-and-confer before presenting this important matter to the Court, Defendants have indicated that they plan to do nothing about and, in effect, condone these remarks. Indeed, Defendants responded to Private Plaintiffs on September 2, stating that Mr. Stanart's "statements provide no reason to believe that the Harris County clerk 'will engage in a wholesale investigation of every voter who signs a Reasonable Impediment [Declaration].'" Letter from Angela Colmenero to Ezra Rosenberg (Sept. 2, 2016), at 2 (quoting Private Plaintiffs' August 30 letter) (attached hereto as Exhibit D). Private Plaintiffs do not understand why the Harris County Clerk's quoted statement that he will investigate "everyone who signs that form" provides "no reason" to believe he will do just that.[4]

Moreover, Defendants flatly refused to inquire whether Mr. Stanart made these remarks, and took the troubling position that they have no responsibility for the actions of Texas county and local election officials, including Mr. Stanart—the chief election officer of the largest county in the state, with more than 2 million voters—even when they are implementing this Court's Interim Remedial Order: "Mr. Stanart is the Harris County Clerk; he is not an employee or agent of any of the named State Defendants in this case. The State Defendants do not have any control over Mr. Stanart or his dealings with the press." *Id*. at 3. Finally, Defendants' September 2

---

[4] That Mr. Stanart also was reported to say that "[w]e will always lean to the benefit of the voter" and "don't want people to fall into a trap" is little solace to people who have been told that they will be investigated for signing a Declaration of Reasonable Impediment. *See* Exhibit A.

3

response indicated that they find no problem with Mr. Stanart's quoted statements and asserted that they have no responsibility to cure any adverse effects of the publicity given to those statements. *Id*.

Defendants' position—disclaiming the clear intimidating effect of Mr. Stanart's remarks and any responsibility for the statements or actions of election officials implementing the Court's order—is a serious confirmation that this Court's Interim Remedial Order and, indeed, any meaningful remedy resulting from the decision of the Court of Appeals, are at risk in this upcoming election. This is increasingly clear from Defendants' refusal to correct their own misrepresentations in state-produced materials, even after Plaintiffs have brought those misrepresentations to their attention. *See* Motion to Enforce Interim Remedial Order by the United States (Doc. 924) (documenting Plaintiffs' efforts since August 12 to show Defendants that, per the interim remedy order, the standard for signing a Declaration of Reasonable Impediment is if a voter does not possess and cannot reasonably obtain a SB 14 ID).

Common sense dictates that, under even normal circumstances, statements by an official that authorities will "investigate everyone" who executes a Declaration of Reasonable Impediment, and threatens to refer them to the District Attorney is self-evidently intimidating. But these are not normal circumstances. The Interim Remedial Order was issued for the express purpose of <u>protecting</u> voters who are the victims of the discriminatory effect of SB 14, who are largely poor and Black and Hispanic Texans. Indeed, it was expressly designed to <u>facilitate</u> their ability to vote, not scare them from coming to the polls. But, as stated in the affidavits of those whose mission is to get out the vote, the publicized statements of Attorney General Paxton and Mr. Stanart are having the opposite effect.

For example, La Union del Pueblo Entero (LUPE) is an organization dedicated to helping Texans vote. Its Executive Director, Juanita Valdez Cox, explains the effects of Attorney General Paxton's and Mr. Stanart's statements:

> [S]tatements like these, threatening prosecution, are going to frighten people from going to the polls. Many people in our community live in extreme poverty, have limited education, and little or no voting experience. They are often unwilling to take any risks, perceived or otherwise, that might jeopardize the fragile well-being of their family. News reports that the government may criminally prosecute people who have voted, for whatever reason, will keep people away from the polls. It is that simple.

Decl. of Juanita Valdez Cox, dated Sept. 7, 2016 (attached here to as Exhibit E).

Similarly, Oliver W. Hill, President of the San Antonio branch of the Texas State Conference of NAACP Branches, observes:

> The comments are so broad they may indeed have the effect of impacting voters who were not intending to vote pursuant to the interim order but instead under other normal procedures. This is why I say that: The comments made by the Texas Attorney General and the Harris County Clerk and Election Official have a chilling effect to threaten and intimidate African Americans and all people of color. Suggesting that a comment that anyone who executes an affidavit will be subject to investigation for possible criminal prosecution is somehow not intimidating is simply mind-boggling to me. . . .
>
> These comments have negatively impacted us in our community and have complicated our ability to participate in the electoral process by our voter registration and voter privileges as stated in our Constitution. . . .
>
> Threats of criminal prosecution of voters, like the statements already made, effectively discourage minority voters from voting. Election procedures are already complicated. In addition to frightening would-be-voters, these statements increase voter confusion.

Decl. of Oliver W. Hill, dated Sept. 7, 2016 (attached hereto as Exhibit F). The statements made by Attorney General Paxton and Mr. Stanart are contrary to the terms of the Interim Remedial Order. As more fully explained in the Motion to Enforce Interim Remedial Order filed by the

5

United States (which Private Plaintiffs join in its entirety), that order does not limit execution of the Declaration of Reasonable Impediment to only voters who have never "obtained" SB 14 ID. But databases such as those referred to by Mr. Stanart provide only that overbroad information. Rather, the Order provides that a voter may execute the Declaration of Reasonable Impediment if he does not "possess" and "cannot reasonably obtain" SB 14 ID. To that end, the Declaration of Reasonable Impediment does not require the voter to swear that he has never been issued an SB 14 ID. Lost and stolen IDs and revoked or suspended driver's licenses, are commonplace. The Declaration of Reasonable Impediment makes it clear that voters whose IDs have been lost or stolen qualify for the interim remedy if they face a reasonable impediment to obtaining a new one. Finally, sworn statements implicitly carry an overlay of good faith belief, and studies have shown that Texas voters are often mistaken or uncertain as to whether they actually have the required SB 14 ID. *See* RICE UNIVERSITY'S BAKER INSTITUTE FOR PUBLIC POLICY & UNIVERSITY OF HOUSTON HOBBY CENTER FOR PUBLIC POLICY, THE TEXAS VOTER ID LAW AND THE 2014 ELECTION: A STUDY OF TEXAS'S 23RD CONGRESSIONAL DISTRICT 1 (Aug. 2015) (*available at* http://www.bakerinstitute.org/media/files/files/e0029eb8/Politics-VoterID-Jones-080615.pdf) (revealing that a much lower proportion of eligible voters actually lack an SB 14 ID as compared to those that believe they do not and did not vote because of this mistaken belief).[5]

The statements by these officials are particularly egregious in light of the fact that the remedial order is designed to ensure not only the right to vote for those previously deprived of

---

[5] The study shows that the risk of investigation and possible prosecution falls on every single person who votes by the Declaration of Reasonable Impediment. Any single signer of a Reasonable Impediment Declaration might turn out to be mistaken or have forgotten about once having been issued SB 14 ID. If the voter is told by Texas officials that being forgetful or mistaken may subject him or her to investigation or prosecution, voting becomes such a high risk activity—for every person voting by the Declaration of Reasonable Impediment—that many rational voters will likely decide to avoid the risk by not going to the polls altogether.

that right as a result of a discriminatory act, but also the right to do so freely and free of threat or intimidation.  To those ends, this Court's Interim Remedial Order specifically prohibits Defendants and local election officials from questioning the claimed reasonable impediment or challenging whether the voter has SB 14 ID, and provides that the only reason a declaration can be rejected is if there is *conclusive* proof that the voter is not who she says she is.  Order Regarding Agreed Interim Plan for Elections, at 2 (Doc. 895).  Further, the order requires the State to educate the public and train officials as to the terms of the interim relief.  *Id.* at 3.  The public officials' statements publicize information at odds with those terms, including Attorney General Paxton's reported statement that the Interim Remedial Order required a declaration of citizenship and proof of residency at the polling place.  *See* Exhibit B.

There are any number of other affidavits and sworn statements that are used in connection with the voting process.  If the media reports are correct, Texas's public officials are singling out for wholesale criminal investigation the disproportionately African American and Hispanic class of voters who were discriminated against by SB 14.   That is intimidating, unlawful, and contrary to the purpose and terms of the Interim Remedial Order.

The bottom line is that the statements by Attorney General Paxton and Mr. Stanart, and potentially future statements by Texas officials, if not immediately curbed, turn this Court's remedy into a threat, and the right to vote in upcoming elections into a snare and a delusion.

Accordingly, Private Plaintiffs respectfully request that this Court issue an order:

1. Granting the relief sought by the United States in its Motion to Enforce Interim Remedial Order and joined by Private Plaintiffs (Doc. 924).

7

2. Clarifying that the Declaration of Reasonable Impediment is intended to be used by a voter who in good faith believes that he or she does not possess SB 14 ID and has a reasonable impediment that prevents the voter from obtaining it.

3. Clarifying that the fact that a database may show that a voter was once issued an SB 14 ID does not, by itself, prove that the voter did not have a good faith belief that the voter did not possess SB 14 ID, at the time of executing the Declaration of Reasonable Impediment.

4. Ordering that the State take immediate appropriate steps to publicize to voters throughout the State and to educate every county's election officials, county district attorneys, and members of the Office of the Attorney General as to the terms set forth in paragraph 1 through 3 above, including, but not limited to the distribution of the proposed Clarification of Remedial Order attached to this Motion as Exhibit G.

Date:  September 7, 2016

                                         Respectfully submitted,

                                         /s/ Lindsey B. Cohan
                                         JON M. GREENBAUM
                                         EZRA D. ROSENBERG
                                         BRENDAN B. DOWNES
                                         Lawyers' Committee for
                                         Civil Rights Under Law
                                         1401 New York Avenue NW Suite 400
                                         Washington, D.C. 20005

                                         MYRNA PÉREZ
                                         JENNIFER CLARK
                                         The Brennan Center for Justice at NYU Law School
                                         161 Avenue of the Americas, Floor 12
                                         New York, New York 10013-1205

                                         AMY L. RUDD
                                         LINDSEY B. COHAN
                                         Dechert LLP
                                         500 W. 6th Street, Suite 2010
                                         Austin, Texas 78701

JOSE GARZA
Law Office of Jose Garza
7414 Robin Rest Drive
San Antonio, Texas 98209

DANIEL GAVIN COVICH
Covich Law Firm LLC
Frost Bank Plaza
802 N Carancahua, Ste 2100
Corpus Christi, TX 78401

GARY BLEDSOE
Potter Bledsoe, LLP
316 W. 12th Street, Suite 307
Austin, Texas 78701

VICTOR GOODE
NAACP
4805 Mt. Hope Drive
Baltimore, Maryland 21215

ROBERT NOTZON
The Law Office of Robert Notzon
1502 West Avenue
Austin, Texas 78701

*Counsel for the Texas State Conference of NAACP Branches and the Mexican American Legislative Caucus of the Texas House of Representatives*


/s/ Chad W. Dunn
J. GERALD HEBERT
DANIELLE M. LANG
Campaign Legal Center
1411 K Street NW Suite 1400
Washington, DC 20005

CHAD W. DUNN
K. SCOTT BRAZIL
BRAZIL & DUNN
4201 Cypress Creek Pkwy., Suite 530
Houston, Texas 77068

9

ARMAND G. DERFNER
Derfner & Altman
575 King Street, Suite B
Charleston, S.C. 29403

NEIL G. BARON
Law Office of Neil G. Baron
914 FM 517 W, Suite 242
Dickinson, Texas 77539

DAVID RICHARDS
Richards, Rodriguez & Skeith, LLP
816 Congress Avenue, Suite 1200
Austin, Texas 78701

*Counsel for Veasey/LULAC Plaintiffs*

LUIS ROBERTO VERA, JR.
Law Office of Luis Roberto Vera Jr.
111 Soledad, Ste 1325
San Antonio, TX 78205

*Counsel for LULAC*


/s/ Rolando L. Rios
ROLANDO L. RIOS
115 E. Travis, Suite 1645
San Antonio, Texas 78205

*Counsel for the Texas Association of Hispanic County Judges and County Commissioners*

/s/ Leah C. Aden
JANAI NELSON
CHRISTINA A. SWARNS
COTY MONTAG
NATASHA M. KORGAONKAR
LEAH C. ADEN
DEUEL ROSS
NAACP Legal Defense and Education Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006

JONATHAN PAIKIN
KELLY DUNBAR
TANIA FARANSSO
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006

*Counsel for the Texas League of Young Voters Education Fund and Imani Clark*


/s/ Marinda van Dalen
ROBERT W. DOGGETT
SHOSHANA J. KRIEGER
Texas RioGrande Legal Aid
4920 N. IH-35
Austin, Texas 78751

MARINDA VAN DALEN
Texas RioGrande Legal Aid
531 East St. Francis St.
Brownsville, Texas 78529

JOSE GARZA
Texas RioGrande Legal Aid
1111 N. Main Ave.
San Antonio, Texas 78212

*Counsel for Lenard Taylor, Eulalio Mendez Jr., Lionel Estrada, Estela Garcia Espinoza, Maximina Martinez Lara, and La Union Del Pueblo Entero, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 7, 2016, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

                                  /s/ Lindsey B. Cohan
                                  Lindsey B. Cohan
                                  Dechert LLP
                                  300 W. 6th Street, Suite 2010
                                  Austin, Texas 78731
                                  lindsey.cohan@dechert.com