# Exhibit C

Angela V. Colmenero
Chief, General Litigation Division
Office of Attorney General

Matthew H. Frederick
Deputy Solicitor General
Office of Attorney General

**Sent by email**

Re:  *Veasey v. Abbott*

Dear Angela and Matt:

This letter is sent on behalf of all Private Plaintiffs[1] in this action.

Attached please find a news article that appeared in the Houston Press on August 26, 2016, quoting Mr. Stanart, Harris County Clerk.  We are concerned that his reported statements, following on the heels of similar comments by Attorney General Paxton, threaten, purposefully or otherwise, to undermine the educational efforts of the parties and the Court, and also threaten, purposefully or otherwise, to undermine the entire Interim Remedy by intimidating voters.

We call your attention particularly to three sentences:

"Stanart says he will investigate everyone who signs that form to insure they are not lying."

"Whether anything happens, that's up to the [Harris County] District Attorney's Office."

"But after the votes are counted and the election ends, Stanart said his office will be checking to see whether a person who signed the sworn statement has a Texas Department of Public Safety-issued ID through the DPS database."

As we read these sentences, they indicate that the Harris County Clerk's office will engage in a wholesale investigation of every voter who signs a Reasonable Impediment Declaration, and further indicate a blanket reference for possible prosecution of every such voter who was at one time issued an SB 14-qualifying DPS photo ID.

---

[1] The Plaintiffs joining in this letter are the Texas State Conference of NAACP Branches, the Mexican American Legislative Caucus of the Texas House of Representatives, the Texas Association of Hispanic County Judges and County Commissioners, the Texas League of Young Voters Education Fund, Imani Clark, Estela Garcia Espinosa, Lionel Estrada, La Union Del Pueblo Entero, Inc., Maximina Martinez Lara, Eulalio Mendez, Jr., Lenard Taylor, Marc Veasey, Floyd James Carrier, Anna Burns, Michael Montez, Penny Pope, Jane Hamilton, Sergio DeLeon, Oscar Ortiz, Koby Ozias, John Mellor-Crummey, Evelyn Brickner, Gordon Benjamin, Ken Gandy, and the League of United Latin American Citizens ("LULAC").

Such practices would unduly single out those voters who have already been found to be victims of discrimination and who are the intended beneficiaries of the Interim Remedy, a class disproportionately composed of African American and Latino voters. This unwarranted dragnet would subject these voters to a harsh regime of criminal law enforcement unlike that to which election officials subject any other voters.

Moreover, the statements are extraordinarily intimidating and chilling *now*. Any voter may no longer have a once-issued driver's license or have forgotten that they have one, and execute a Reasonable Impediment Declaration in good faith. Threatening to investigate every voter who signs a Reasonable Impediment Declaration and to prosecute even forgetful or mistaken voters renders the price of voting frighteningly steep, and many will simply avoid the process altogether. Such a result would effectively eliminate the Court's decision that the Declaration of Reasonable Impediment was necessary to preserve the right to vote in light of the discriminatory effect of SB 14.

We ask that you confirm whether Mr. Stanart made these remarks and, if so, that the State has advised him that the statements quoted above and the practices he describes in the above-quoted statements impermissibly undermine the court-ordered education and training program.  We also ask that you confirm that the State will promptly and publicly seek to cure the effects of this publicity (whether or not accurately attributed to Mr. Stanart) and to that end is prepared to enter into immediate discussions with the Private Plaintiffs as to how to do so.

Because of the importance and urgency of this issue, we would appreciate your response by Noon, Central Time, September 2.  Thank you.

        Very truly yours,

        Counsel for the Private Plaintiffs

cc: All parties (by email)

# Harris County Clerk Will Vet Voters Who Claim to Lack Photo ID

FRIDAY, AUGUST 26, 2016 AT 5 A.M.

BY [MEAGAN FLYNN](#), HOUSTON PRESS

Harris County Clerk Stan Stanart said he's expecting the largest voter turnout ever in the county with 1.4 million voters expected to cast ballots this election season. And after the state's restrictive voter photo ID law was struck down by the U.S. Fifth Circuit Court of Appeals in July, the replacement law makes room for an estimated 600,000 voters statewide who may lack a photo ID to finally exercise their right to vote for the first time since 2011, when legislators adopted the photo ID law.

Under that law, which was considered among the most restrictive of its kind in the United States, voters were turned away if they lacked a government-issued ID. The appeals court ruled the law had a disproportionate effect on minority voters, who may lack drivers' licenses. Now, any voter without photo ID can bring a utility bill, bank statement, voter registration card or any government document displaying their name and address. They will also have to sign a sworn statement that says why they lack the photo ID.

Stanart says he will investigate everyone who signs that form to assure they are not lying.

"If I suspect someone has fraudulently signed a form saying they don't have that ID, then I think that's an issue," he said. "You can't skip around the photo ID requirement. It's an oath that people are signing. Whether anything happens, that's up to the [Harris County District Attorney's Office]."

Election workers, who will undergo training before the election, are not allowed to question the validity of the sworn statement at the polls. But after the votes are counted and the election ends, Stanart said his office will be checking to see whether a person who signed the sworn statement

has a Texas Department of Public Safety-issued ID through the DPS database. If, for whatever reason, a person who actually has a license but decided to go through the trouble of lying under oath that he didn't, the voter is in trouble. Stanart says it is to ensure no one is voting fraudulently—a problem that doesn't actually exist, according to a recent analysis—but says his office won't look into the issue any further than the DPS check. (And if they really are a fraudulent voter, then Stanart says their vote will still count, criminal charges or not.)

"We will always lean to the benefit of the voter—we don't want people to fall into a trap," Stanart said. "But we do want people to understand, if they have an existing photo ID, they must bring it."

With early voting only two months away, the Texas Secretary of State's Office has launched a court-mandated $2.5 million education campaign to make sure all Texans are aware of the changes in the law before election time. Alicia Pierce, spokeswoman for the secretary of state, says it will include a vast array of TV, radio, print and social media advertisements.

"It is a big mission that we have ahead of us, but we've been preparing for it since January, knowing there could be a change in the law," Pierce said. "We want to meet voters in a surround-sound approach."

Early voting begins October 24 and ends November 4, while Election Day is November 8. The deadline to register to vote is October 11.