# EXHIBIT

# C

# POLL WATCHER'S GUIDE



*Issued by the*

# SECRETARY OF STATE
# ELECTIONS DIVISION

**P.O. Box 12060**
**Austin, Texas  78711-2060**
**www.sos.state.tx.us**
**(512) 463-5650**
**1-800-252-VOTE (8683)**
**Dial 7-1-1 for Relay Services**

Updated: September 2016

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................................... 2

QUICK POINTS TO REMEMBER ............................................................................................. 2

VOTER ID UPDATE .......................... ……………………………………………………… 3

QUALIFICATIONS OF WATCHER .......................................................................................... 4

APPOINTMENT OF WATCHER .............................................................................................. 5

*Appointment of watcher by political parties:* .............................................................................. 5

*Appointment of watcher by a candidate:* .................................................................................... 6

*Appointment of watcher for elections on measures:* .................................................................. 6

*Maximum number of watchers:* .................................................................................................. 6

*Activities a poll watcher may observe:* ...................................................................................... 7

ACCEPTANCE OF WATCHER ................................................................................................. 7

*Time for reporting to the polling place:* ..................................................................................... 7

CERTIFICATE OF APPOINTMENT ......................................................................................... 8

*Issuance of certificate:* ................................................................................................................ 8

DUTIES AND PRIVILEGES OF WATCHER ......................................................................... 10

MISCELLANEOUS ................................................................................................................... 12

*Possible illegal activities:* ........................................................................................................ 12

*Persons allowed in the polling place:* ...................................................................................... 13

*Provisional Voting:* .................................................................................................................. 14

*Using English and interpreters:* ............................................................................................... 17

*Casting the ballot:* .................................................................................................................... 18

*Recount Watcher* ...................................................................................................................... 18

*Recount Watcher Qualifications* .............................................................................................. 18

*Permitted Number of Recount Watchers* ................................................................................. 18

*Recount Watcher Appointment* ................................................................................................ 19

*Recount Watcher's Duties* ....................................................................................................... 20

CONCLUSION .......................................................................................................................... 20

## INTRODUCTION

This "Poll Watcher's Guide" has been designed to familiarize poll watchers with their basic rights and responsibilities.  The integrity of elections is a concern of all citizens, and although poll watchers may represent particular candidates, political parties or specific-purpose political action committees, their main interest is in the conduct of a fair and honest election.

A poll watcher's role in an election is established by Chapter 33 of the Texas Election Code and is defined as follows:

**Poll Watcher** – a person appointed to observe the conduct of an election on behalf of:
- a candidate,
- a political party, or
- the proponents or opponents of a measure (specific-purpose political action committees).

Throughout this guide, all references are made to appropriate sections in the Texas Election Code, unless otherwise noted.

## QUICK POINTS TO REMEMBER

- In order to serve as a poll watcher, you must show up with a certificate of appointment that includes:
  - Name, residence address, and voter registration number of the poll watcher;
  - The signature of the person(s) making the appointment;
  - The election and the number of the precinct where the poll watcher is to serve;
  - An indication of the capacity in which the appointing authority is acting;
  - In an election on a measure, an identification of the measure (if more than one is to be voted on) and a statement of which side the appointee represents;
  - An affidavit to be executed by the poll watcher that the poll watcher will not have possession of any mechanical or electronic means of recording images or sound while serving as a watcher unless the poll watcher disables or deactivates the device; and
  - The signature of the poll watcher.

- Be ready to counter-sign the certificate of appointment in front of the election judge. This serves not only to certify that the person presenting themselves as a poll watcher is the person named on the appointment, but also as the execution of the affidavit that the watcher does not have possession of any prohibited recording devices.
- If you are serving on election day and want to vote in a different precinct (from the location of service), we recommend voting during the early voting period, before your service as a poll watcher.

2

# VOTER ID UPDATE – NEW PROCEDURES

Pursuant to a court order issued on August 10, 2016, a voter who has obtained an acceptable form of photo ID listed below must present such acceptable form of photo ID.  Voters who have not been able to obtain one of the forms of acceptable photo identification listed below, and have a reasonable impediment or difficulty to obtaining acceptable photo identification may present a supporting form of identification of the voter and execute a Reasonable Impediment Declaration, noting the voter's reasonable impediment or difficulty to obtaining an acceptable form of photo identification, stating that the voter is the same person who personally appeared at the polling place, and stating that the voter is casting a ballot while voting in-person.

Here is a list of the acceptable forms of photo ID:

- Texas driver license issued by the Texas Department of Public Safety (DPS)
- Texas Election Identification Certificate issued by DPS
- Texas personal identification card issued by DPS
- Texas license to carry a handgun issued by DPS
- United States military identification card containing the person's photograph
- United States citizenship certificate containing the person's photograph
- United States passport

With the exception of the U.S. citizenship certificate, the identification must be current or have expired no more than 4 years before being presented for voter qualification at the polling place.

> **NOTE:** This is a change from previous procedure.  Prior law required that the photo ID not be expired for more than 60 days.

Here is a list of the supporting forms of ID that can be presented if the voter cannot obtain, and has a reasonable impediment or difficulty to obtaining one of the forms of acceptable photo ID:

- Valid voter registration certificate
- Certified birth certificate (must be an original)
- Copy of or original current utility bill
- Copy of or original bank statement
- Copy of or original government check
- Copy of or original paycheck
- Copy of or original government document with the voter's name and an address (original required if it contains a photograph)

After presenting a supporting form of ID, the voter must execute a Reasonable Impediment Declaration.  **The election judge, election clerk, or poll watcher cannot question the reasonableness or truthfulness of the impediment claimed by the voter.  The poll watcher is not permitted to communicate in any manner with any voter concerning the Reasonable Impediment Declaration procedures or presentation of identification.**

On the Reasonable Impediment Declaration, the voter must print their name, indicate the reason the voter is not able to obtain one of the seven forms of acceptable photo ID, and then sign and

date the form in the presence of the election judge. The election judge must then indicate that the form was signed and sworn before the judge by also signing and dating the form. Either the poll worker or the election judge should also check the box listing the form of supporting ID the voter presented, and fill in the Date of Election and Location fields.

**NOTE:** The address on either a supporting form of ID or an acceptable photo identification does not need to match the address on the list of registered voters.

### Substantially Similar Name Affidavit

Finally, note that, as was the case in prior law, if the voter's name on the list of registered voters does not match exactly to the ID presented (either an acceptable form of photo ID or a supporting form of ID), the voter must complete the "Substantially Similar Name Affidavit" on the Combination Form.

### QUALIFICATIONS OF WATCHER

**Q.    What are the qualifications of a watcher?**
A.    A watcher must:
1.  be a registered voter of the territory (e.g., city, school district) covered by the election and of the county for November general elections for state and county officers (held on even-years), primary elections, or other countywide elections;  [Sec. 33.031]
2.  NOT be a candidate for public office in an election held on the day the watcher seeks to serve;  [Sec. 33.032]
3.  NOT hold an elective public office;  [Sec. 33.034]
4.  NOT be an employee of an election judge or clerk serving at the same polling place;  [Sec. 33.033]
5.  NOT been finally convicted of an offense in connection with conduct directly attributable to an election;  [Sec. 33.035] and
6.  NOT be related within the second degree of consanguinity or affinity (as determined by Tex. Govt. Code, Chapter 573, Subchapter B, Secs. 573.022 - 573.025)[1] to an election judge or clerk serving at that polling place.  A watcher may be related to the candidate the watcher is representing.  [Sec. 33.033]

**Q:    Can a person who has been finally convicted of an election offense serve as a watcher?**
A:    No.  A person convicted of any election offense cannot serve as a watcher.  [Sec. 33.035]

**Q.    Does a poll watcher need to live within the election precinct in which the watcher is serving?**
A.    No.

**Q.    Can a person serve as a watcher in an election if they are a candidate running for a public office?**

---
[1] These include spouses, siblings, grandparents, and grandchildren.

A.      No. A person is ineligible to serve as a watcher in an election if the person is a candidate for public office in an election to be held on the same day. [Sec. 33.032].

**Q.      Are elected public officials allowed to serve as watchers in any election?**
A.      No. A person who holds elected public office is ineligible to serve as a watcher. [Sec. 33.034].

**Q.      Can officers of a political party serve as watchers?**
A.      Yes. They may serve because they are not public officers as political parties are not public entities.  [Sec. 33.034].

**Q.      Can a watcher work for or be related to any of the election officials?**
A.      No.  The watcher cannot be an employer of or employee of or related within the second degree to an election judge, election clerk, early voting clerk or deputy clerk. [Sec. 33.033].

**Q.      Can a candidate's spouse or child serve as a watcher?**
A.      Yes.

# APPOINTMENT OF WATCHER

### APPOINTMENT OF WATCHER BY POLITICAL PARTIES:

**Q. Who appoints a watcher on behalf of political parties?**
A. 1. The county chair of each political party that has a nominee(s) on the official ballot may appoint watchers.  [Sec. 33.003(a)].

   2. Any three members of the county executive committee may appoint watchers, if the county chair fails to act.  [Sec. 33.003(b)].

### APPOINTMENT OF WATCHER BY A CANDIDATE:

**Q. Who appoints a watcher on behalf of candidates?**
A. 1. A candidate whose name appears on the official ballot <u>or on the list of declared write-in candidates</u> in an election for any office (other than the office of Vice-President of the United States) may appoint a watcher. In other words, watchers may be appointed by any candidate whose name appears on the ballot other than the candidate for Vice President. For a state office that is filled by voters of more than one county, the candidate's campaign treasurer also may appoint a watcher.  [Sec. 33.002(a) & (b)].

   2. For a federal office that is filled by voters of more than one county, the chair or treasurer of the candidate's principal campaign committee or a designated agent of the campaign chair or treasurer may appoint a watcher.  [Sec. 33.002(c)].

   3. A group of registered voters may appoint watchers on behalf of a write-in candidate in an election in which declarations of write-in candidacy are not required to be filed.  The minimum number of voters required to make an appointment under this section is the

lesser of 15 or five percent of the registered voters of the appropriate territory as determined from the list of registered voters to be used for the election.

• To be eligible to sign an appointment of a watcher to a precinct polling place, a person must be a registered voter of the precinct.

• To be eligible to appoint a watcher to an early voting polling place, early ballot board meeting, or a central counting station, a person must be a registered voter of the county, city, school district or other political subdivision conducting the election.  [Sec. 33.004].

### APPOINTMENT OF WATCHER FOR ELECTIONS ON MEASURES:

**Q. Who appoints a watcher for elections on measures?**

A. The campaign treasurer or an assistant campaign treasurer of a specific purpose political action committee that supports or opposes a measure may appoint watchers.  [Sec. 33.005(a)].  For information on establishing a specific purpose political action committee, please contact the Texas Ethics Commission at 1-512-463-5800 or www.ethics.state.tx.us.

### MAXIMUM NUMBER OF WATCHERS:

**Q. What is the maximum number of watchers that can be appointed by each appointing authority?**

A. 1. A maximum of seven (7) watchers may be appointed for each early voting polling place (No more than two may be on duty at the same location and at the same time); and

2. A maximum of two (2) watchers may be appointed for each precinct polling place, meeting place for an early voting ballot board, or central counting station involved in the election.  [Sec. 33.007].

### ACTIVITIES A POLL WATCHER MAY OBSERVE:

A poll watcher is entitled to observe the following activities at early voting by personal appearance locations and election day locations:

1. Early voting by personal appearance polling place activities, including time before and after the polls close.

    **NOTE:**          If present, a poll watcher should sign ballot box seals placed on early voting ballot boxes.

2. Election day polling place activities, including time before and after the polls close.

3. Early voting ballot board meeting activities.

4. Central counting station activities.

5. Central accumulation station activities.

6. Signature verification committee activities.

7. Voter being assisted by an election official.

    **NOTE**:          A watcher may not be present at the voting station when a voter is preparing the voter's ballot or is being assisted by a person of the voter's choice, including by a person also serving as an interpreter at the voting station.

8.  Inspecting and securing the voting equipment.  [Sec. 33.059].  (Must present certificate of appointment; certificate must be returned to the watcher.)

9.  Delivery of election results from polling place. [Sec. 33.060]

## ACCEPTANCE OF WATCHER

### TIME FOR <u>REPORTING</u> TO THE POLLING PLACE:

**Q.  What time do watchers need to report to the polling place, and how long do they need to stay at that polling place?**

A.  1.  At the polling place on election day, a poll watcher:

• may begin service at any time after the presiding judge arrives and may stay at the polling place <u>until</u> election officials complete their duties.

• may come and go after watcher has served 5 consecutive hours.  [Sec. 33.052].

**NOTE:**        If watcher leaves polling area temporarily to use cell phone or other wireless device, this temporary absence does not affect his 5 hours of consecutive service.

2.  At an early voting polling place, a poll watcher:

• may be present at the polling place at any time it is open and until voting equipment is secured on the close of voting each day.

• may serve during the hours the watcher chooses.  [Sec. 33.053].

**NOTE:**        A poll watcher may be appointed to observe early voting by personal appearance only; a poll watcher is not entitled to observe the procedures related to early voting by mail.  A poll watcher cannot obtain a copy of an application for a ballot to be voted by mail from the early voting clerk until after the last election for which the application is valid. Therefore, an Annual ABBM will not be available for public inspection or copying until the last election held each calendar year for which the application is valid. [Sec. 86.014]. The information placed on the early voting roster of people wo voted by mail is not available for public inspection by anyone until the first business day after election day or the day following the day the voter's ballot is received by the early voting clerk, except to the voter seeking to verify that the information is accurate.  [Sec. 87.121].

3.  At an early voting ballot board meeting (<u>including the signature verification committee</u>), a poll watcher:

• may be present at any time the board is processing or counting ballots and until the board completes its duties.

• may not leave during voting hours on election day without the early voting ballot board judge's permission once the board has begun counting the ballots.  [Sec. 33.054].

4.  At the central counting station, a poll watcher:

• may be present at any time the central counting station is open for the purpose of processing or preparing to process election results and until the election officers complete their duties at the station.

- may not leave during voting hours without the presiding judge's permission, if the counting of ballots at the central counting station has begun.  [Sec. 33.055].

> **NOTE:** The presiding judge of the central counting station, in cooperation with the county clerk/elections administrator, may to choose to withhold the release of vote totals until the last voter has voted.

## CERTIFICATE OF APPOINTMENT

### ISSUANCE OF CERTIFICATE:

The appointing authority <u>must</u> issue a certificate of appointment to the watcher.  [Sec. 33.006(a)].

**Q.  What information needs to be on the certificate?**

A.  The certificate of appointment must be in writing and must include the following:

1.  Name, residence address, voter registration number, and signature of the watcher;

2.  The election and the number of the precinct (or other location, for example, early voting ballot board meeting) at which the watcher is appointed to serve;

3.  The signature of the person(s) making the appointment;

4.  An indication of the capacity in which the appointing authority is acting, (example: as a candidate, a campaign treasurer or assistant campaign treasurer of a specific-purpose political action committee);

5.  In an election on a measure, an identification of the measure (if more than one is to be voted on) and a statement identifying which side the appointee represents; and  [Sec. 33.006(b)].

6.  An affidavit executed by the poll watcher that the poll watcher will not have possession of any mechanical or electronic means of recording images or sound while serving as a watcher unless the poll watcher disables or deactivates the device. (This affidavit is signed in the presence of the presiding judge; that signature also serves as the countersignature, which is discussed below.)

> **NOTE:** Officially-prescribed poll watcher appointment forms may be found at this link:
> http://www.sos.state.tx.us/elections/forms/index.shtml.

**Q.  What are the requirements for a certificate of a watcher appointed on behalf of a non-declared write-in candidate?**

A.  Additional requirements necessary for a certificate of appointment of a watcher for a <u>non-declared write-in</u> candidate include:

1.  the residence address and voter registration number of the lesser of 15 voters or 5 percent of the registered voters in the precinct or political subdivision, as applicable;

2.  the signed statement of the candidate, or a person who would be authorized to make appointments on the candidate's behalf if the candidate's name appeared on the ballot, that the appointment is made with the signer's consent [Sec. 33.004(b)]; and

3.  the residence or office address of the <u>write-in</u> candidate or the person who would be authorized to make appointments on the candidate's behalf if the candidate's name

appeared on the ballot.  If the candidate does not sign, the signer must indicate his or her relationship to the candidate.  [Sec. 33.006(c)].

**Q.  How does one present a certificate of appointment?**

A.  1. A watcher must deliver a certificate of appointment to the presiding judge at the time the watcher reports for service.  [Sec. 33.051(a)].

2. The officer presented with a watcher's certificate of appointment must require the watcher to countersign the certificate in the officer's presence to verify that the watcher is the same person who originally signed the certificate.  The watcher's signature is in the portion of the certificate containing the affidavit that the watcher does not have possession of any prohibited recording devices; this serves both as the acknowledgement of the affidavit and as the countersignature.  [Sec. 33.051(b)].

3. A watcher may not be accepted for service unless an affidavit executed by the poll watcher that the poll watcher will not have possession of any mechanical or electronic means of recording images or sound while serving as a watcher unless the poll watcher disables or deactivates the device.

4. The judge must keep the certificate in envelope no. 2 (or other designated container) which is returned to the custodian of election records after the election.  [Sec. 66.023(7)].

5. The certificate of a watcher serving at an early voting polling place must be retained at the polling place until voting is concluded at the polling place.  At each subsequent time that the watcher reports for service at that location, the watcher shall inform the clerk or deputy in charge.  The officer may require the watcher to sign the watcher's name in the officer's presence, for comparison with the signature on the certificate, if the officer is uncertain of the watcher's identity.  [Sec. 33.051(d)].

6. If the watcher is rejected, the certificate should be returned to the watcher with a signed statement of the reason for the rejection.  [Sec. 33.051(e)].

## DUTIES AND PRIVILEGES OF WATCHER

**Q.  What are a watcher's duties?**

A.  The primary duty of a watcher is to observe the conduct of the election at the location where the watcher has been appointed.  A watcher may point out to an election judge or clerk any observed irregularity or violation of the Texas Election Code.  However, if the clerk refers the watcher to the judge, the watcher may not discuss the matter further with the clerk unless the presiding judge invites the discussion.  [Sec. 33.058(b)].

**Q:  May watchers wear name tags?**

A:  In fact, they must. A poll watcher **MUST** wear a form of identification prescribed by the Secretary of State and provided by the presiding judge or other election officer.  [Sec. 33.051(f)].

**Q.  What are watchers NOT allowed to do while on duty?**

A.  1. Talk with an election officer regarding the election except to call attention to an irregularity or violation.  [Sec. 33.058(a)(1)].

2. Converse with a voter.  [Sec. 33.058(a)(2)].

3. Converse with other watchers.  [Sec. 33.058].

4. Communicate in any manner with a voter regarding the election.  [Sec. 33.058(a)(3)].

5. Leave during voting hours on election day without the presiding judge's permission unless the watcher has completed 5 consecutive hours of service at the polling place.  If the watcher leaves without permission and prior to completing the 5 hours of service, the presiding judge may refuse to readmit the watcher.

> **NOTE:**     The watcher must be allowed to leave to use a wireless communication device and be readmitted to the polling place, if the watcher returns promptly.  This does not constitute an interruption in the watcher's 5 hours of consecutive service.  [Sec. 33.052(b)].

6. Reveal the following information before the polls close:

   • How a voter has voted; this offense is a third degree felony.  [Sec. 61.006(b)].

   • The number of votes that have been received for a candidate or for or against a measure; this offense is a Class C misdemeanor.  [Sec. 61.007(a)(1)].

   • A candidate's position relative to other candidates in the tabulation of the votes; this offense is a Class C misdemeanor.  [Sec. 61.007(a)(2)].

   • Whether a measure is passing or failing; this offense is a Class C misdemeanor.  [Sec. 61.007(a)(3)].

   • The names of persons who have or have not voted in the election; this offense is a Class C misdemeanor.  [Sec. 61.007(a)(4)].

## Q.  What is a watcher permitted to do while on duty?

A.  A watcher must be permitted, but is not required to:

1. Witness the installation of voting system equipment at the polling place.  [Sec.33.059].

2. Observe the securing of voting system equipment before the election.  [Sec. 33.059].

3. A poll watcher may leave the polling place temporarily in order to use a cell phone or other wireless communication device.  If the poll watcher promptly returns, he or she is considered to have served continuously as that term is used for calculating his or her continuous 5 hours, which allows the watcher to come and go.  [Sec. 62.011].

4. Sit or stand conveniently near the election officials to observe the activities of the election.  [Sec. 33.056(a)].

5. Make written notes while on duty.  However, if the watcher is permitted to leave the polling place while the polls are open, the watcher may be required to leave his or her written notes with another person selected by the watcher who is on duty at the polling place.  [Sec. 33.056(d)].

6. Observe assistance given to voters by election officials and inspect the ballot before it is deposited in the ballot box to determine if it was prepared in accordance with the voter's wishes.  [Sec. 33.057(a)].

> **NOTE**:  A watcher may not be present at the voting station when a voter is preparing the voter's ballot or is being assisted by a person of the voter's choice, including by a person also serving as an interpreter at the voting

station. [Sec. 33.057(b); U.S.D.C. W.D. Tex. Civil Action No. 1:15-cv-00679-RP (Docket Nos. 60, 66) (hereinafter "Docket Nos. 60, 66")]].]

7. Inspect the returns and other records prepared by the election officers. [Sec. 33.056(c)].

8. A watcher may not participate but may observe the tallying and counting of the votes to verify that the votes are tallied and read correctly. [Sec. 33.056(b)].

9. Accompany authorized election officials in delivering election records from a precinct polling place, an early voting polling place, a meeting place for an early voting ballot board, or a central counting station. [Sec. 33.060(a)].

   **NOTE:** Poll watcher and election officials do not need to ride in the same vehicle. [Sec. 33.060(b)].

10. Witness securing of the voting system equipment at the time the polls close. [Sec. 125.063].

11. Receive an English translation of any language spoken other than English between an election official and a voter. [Sec. 61.036].

**Q. Can a watcher leave the election day polling place temporarily during the time the polls are open?**

A. Yes. Once a watcher has served more than 5 consecutive hours at the polling place, the watcher gains the privilege to leave the polling place and return at the hours he or she chooses, except that if the watcher is present when ballots are being counted, the watcher may not leave until the counting is complete. Additionally, the watcher may briefly leave the polling place to use his or her cell phone or other wireless device, and this does not interrupt the watcher's 5 hours of continuous service, if the watcher returns promptly. [Sec. 33.052(a)].

**Q. Can a watcher leave in order to vote at another polling place?**

A. The watcher may leave to vote and return if the watcher has served more than 5 consecutive hours at the polling place. If the watcher has not yet served 5 consecutive hours, whether he or she will be allowed back into the polling place is at the judge's discretion. [Sec. 33.052(a)]. We recommend voting during the early voting period, before your service as a poll watcher.

**Q. Can a watcher leave the polling place <u>after</u> the time for closing the polls without obtaining permission from the presiding judge?**

A. The watcher may leave without permission from the judge; however, if the watcher wishes to return to the polling place, the watcher must have served at least 5 consecutive hours at the polling place. If not, once the watcher leaves, he or she may return only at the discretion of the judge. Additionally, if the watcher is present at the polling place when ballots are being counted, the watcher may not leave until the counting is complete. [Sec. 33.052(a)]

### MISCELLANEOUS

#### POSSIBLE ILLEGAL ACTIVITIES:

**Q. What illegal activities should a watcher look for?**

A. The election judge may be notified of any activity that appears to be prohibited by law.

If any of the following activities occur, bring it to the election judge's attention and note the individual(s) involved, including time and place of occurrence:

1. Election workers allowing voters to vote a regular ballot who do not (1) present an acceptable form of photo identification; or (2) present a supporting form of ID and execute a Reasonable Impediment Declaration; or (3) present a Voter Registration Certificate with an "E" notation on it  [Sec. 63.001(a); August 10, 2016 Court Order]

   Pursuant to a court order issued on August 10, 2016, a voter who has obtained an acceptable form of photo ID, from the list referenced below, must present it in order to vote in person.  Voters who have not been able to obtain one of the forms of acceptable photo identification listed below, and have a reasonable impediment or difficulty to obtaining acceptable photo identification, may present a supporting form of identification of the voter and execute a Reasonable Impediment Declaration, noting the voter's reasonable impediment or difficulty to obtaining an acceptable form of photo identification, stating that the voter is the same person who personally appeared at the polling place, and stating that the voter is casting a ballot while voting in-person..

   Please see Page 3 for a list of acceptable forms of photo ID and a list of supporting forms of ID.

2. Electioneering and loitering within 100 feet of the entrance of the building in which a polling place is located.  [Sec. 61.003].  Examples of electioneering include, but are not limited to the following:

   a. wearing or exhibiting a badge, insignia, emblem, or other similar communicative device item relating to a candidate, measure or political party. [Sec. 61.010].

   **NOTE:**   An election judge, an election clerk, a state or federal election inspector, a certified peace officer, or a special peace officer appointed for the polling place by the presiding judge shall wear while on duty in the area is required to wear a tag or official badge that indicates their name and title or position.  [Sec. 61.010]  **A poll watcher must also wear a badge indicating the person is a poll watcher.**  The badge will be issued to the poll watcher by the election judge.

   b. unauthorized posting of signs, posters or other similar items.  [Sec. 62.013]

   **NOTE:**   A candidate in an election commits a Class C misdemeanor if he or she is in the polling place for a purpose other than (1) voting or (2) official business in the building in which the polling place is located; however, a candidate may assist a voter without violating this section.  [Sec. 61.001(b)]

   **EXCEPTION**:   It is a defense to prosecution under Section 61.001(b) if the candidate is (1) not in plain view of persons in the voting area or

the area where voters are being qualified and (2) not engaged in campaign activity.  [Sec. 61.001(c)].

   c.  Unlawful operation of a sound amplification device or soundtruck used for campaigning purposes within 1,000 feet of a building in which a polling place is located.  [Sec. 61.004];

   d.  Bribing voters [Sec. 36.02, Penal Code];

   e.  Tampering with a direct recording electronic voting machine [Sec. 33.05, Penal Code];

   f.  Unlawfully influencing voters [Sec. 61.008];

   g.  Coercing voters [Sec. 36.03, Penal Code];

   h.  Unlawfully telling another person information that was obtained at the polling place about how a voter has voted [Sec. 61.006];

   i.  Unlawfully giving information about the status of the vote count or the names of people who have voted before the polls close [Sec. 61.007];

   j.  Tampering with voting equipment [Sec. 127.127];

   k.  Voting illegally [Sec. 64.012];

   l.  Unlawfully removing ballots from ballot box [Sec. 276.003];

   m.  Harassing the election officials [Sec. 32.075];

   n.  Unlawfully assisting voters [Sec. 64.036];

   o.  Unlawfully accepting or refusing to accept voters [Sec. 63.012];

   p.  Using a wireless communication device within 100 feet of polling place [Secs. 33.052(b) and 61.014];

   q.  Interfering with the voting process; and/or

   r.  Violating any other Texas election laws.

**PERSONS ALLOWED IN THE POLLING PLACE:**

**Q.  Who is allowed inside the polling place?**

A.  1.  Election judge and clerks.  [Secs. 32.071 & 32.072].

   2.  Poll watchers and Secretary of State inspectors.  [Secs. 33.052 & 34.002].

   3.  Persons admitted to vote.  [Sec. 63.001].

   4.  Children under 18 years old who are accompanying a parent who is admitted to vote. [Sec. 64.002(b)].

   5.  Persons providing assistance to or interpreting for a voter who is entitled to assistance or to an interpreter.  [Secs. 61.032 & 64.032; 42 U.S.C. § 1973aa-6; 42 U.S.C.A. § 1973aa-6; Docket Nos. 60, 66].

   6.  Federal inspectors appointed by the U.S. Department of Justice.

   7.  Persons summoned or appointed by the presiding election judge to act as special peace officers to preserve order.  [Sec. 32.075].

8. Voting system technician on the request of the authority holding the election. [Sec. 125.010].

9. <u>During the primary or primary runoff elections only</u>, the County Chair is allowed in the polling place to perform "administrative functions related to the conduct of the election." [Sec. 172.1113]

### PROVISIONAL VOTING:

Provisional voting is available in multiple scenarios. Provisional ballots must be offered to voters when required by the situations described below. Provisional ballots are important because they help the voter.

If a voter (a) has not obtained one of the acceptable forms of photo identification listed above, which is not expired for more than four years, and a voter does not have a reasonable impediment or difficulty to obtaining one of these forms of identification or (b) has obtained, but did not bring to the polling place, one of the seven forms of acceptable photo identification listed above, which is not expired for more than four years, the voter may cast a provisional ballot at the polls. However, in order to have the provisional ballot counted, the voter will be required to visit the voter registrar's office within six calendar days of the date of the election to either present one of the above forms of photo ID OR, if applicable, submit one of the temporary affidavits addressed below (e.g., religious objection or natural disaster) in the presence of the county voter registrar while attesting to the fact that he or she does not have any of the required photo IDs.

Affidavits are available for voters who have a consistent religious objection to being photographed and for voters who do not present a form of acceptable photo identification as a result of certain natural disasters as declared by the President of the United States or the Texas Governor within 45 days of the day the ballot was cast.

See Photo ID Update at the beginning of this publication for more information on IDs at the polling place.

NOTE:  If a voter has an acceptable form of photo ID but does have it with them at the polling place and there is enough time left when polls are open, the voter may choose to return at a later time with an acceptable form of photo ID, or the voter may vote provisionally.  A voter who would otherwise have a reasonable impediment or difficulty to obtaining an acceptable form of photo ID but just did not bring a form of supporting ID to the polling place may also opt to leave the polling place, and return at a later time with their acceptable form of supporting ID and vote a regular ballot after executing a Reasonable Impediment Declaration.

Provisional ballots are not counted until the voter registrar and early voting ballot board verify the voter's eligibility.  The affidavit that provisional voters must sign also acts as a voter registration application, ensuring that those individuals who are not actual registered voters will be registered for future elections for which they are eligible.

**Q.  Who is eligible to cast a provisional ballot?**

A.  The following individuals are eligible to cast a provisional ballot:

- A voter who does not present an acceptable form of photo ID, and does not have a reasonable impediment or difficulty to obtaining an acceptable form of photo ID which would allow them to present a supporting form of ID and execute a Reasonable Impediment Declaration.  NOTE: A voter who would otherwise have a reasonable impediment or difficulty to obtaining an acceptable form of photo ID but just did not bring a form of supporting ID to the polling place may opt to leave the polling place, and return at a later time with their acceptable form of supporting ID and vote a regular ballot after executing a Reasonable Impediment Declaration.

- A voter who states that they possess an acceptable form of photo ID, but does not have it with them to present at the polling place.  NOTE:  This voter may opt to leave the polling place, and return at a later time with their acceptable form of ID and vote a regular ballot.

- A voter who does not have an acceptable form of photo ID due to a religious objection to being photographed or does not present their acceptable form of photo ID due to a natural disaster declared by the United States President or Texas Governor.

- A voter whose name on the identification is determined by the polling place official to not exactly match or be substantially similar to the name as it appears on the official list of registered voters.

  **NOTE:** A voter's name as listed on the identification the voter presents (either an acceptable form of photo ID or a supporting form of ID) for voting is considered **substantially similar** to the form of the name as listed on the list of registered voters if one or more of the following circumstances applies: 1) The name on the ID is slightly different from one or more of the name fields on the official list of registered voters; 2) The name on the voter's ID or on list of registered voters is a customary variation of the voter's formal name (for example, Bill for William, or Beto for Alberto); 3) the voter's name contains an initial, middle name, or former name that is either not on the official list of registered voters or on the voter's ID; 4) a first name, middle name, former name or initial of the voter's name occupies a different filed on the presented ID document than it does on the list of registered votes.  In considering whether a name is substantially similar, election officials will also look at whether information on the presented ID matches elements of the voter's information on the official list of registered voters such as the voter's residence address or date of birth.

- A voter whose identity cannot be verified by the acceptable form of photo ID presented by the voter, as determined by the polling place official per Section 63.001(d) of the Code.

15

- A voter who has received a disability exemption, but does not have their valid voter registration certificate to present at the polling place.

- A voter who claims to be properly registered and eligible to vote at the election precinct where the voter presents himself or herself to vote, but the voter's name does not appear on the precinct list of registered voters and the voter does not present a voter registration certificate indicating that the voter is currently registered as described in Section 63.006 of the Code.

  > **NOTE:   NEW PROCEDURE -** If the provisional voter indicates he or she is registered, the election officer must ask the person if they registered at DPS.  If the person states they did register at DPS, the election officer must ask the person if he or she knows the approximate date that the person went to DPS.  The election officer must then note that the voter went to DPS and, if the person knows, the approximate date the person went to DPS, on the Provisional Ballot Affidavit Envelope in the "Other" line.

- A voter who has applied for a ballot by mail, but has not yet properly cancelled the mail ballot application.

- A voter who votes during the polling hours that are extended by a state or federal court as described in Section 63.011(e) of the Code.

- A voter who is registered to vote but is offering in a precinct other than the one in which the voter is registered.

- A voter who is on the election precinct list of registered voters, but whose registered residence address is outside the political subdivision in which the voter is presenting himself or herself to vote.

**Q.  Who makes the determination if an individual is qualified to vote provisionally?**

A.  The election judge at the precinct makes that determination. If a voter is eligible to cast a provisional ballot, then the election judge immediately informs the voter of that right.

In order to vote provisionally, the voter must complete and sign an "Affidavit of Provisional Voter," a form which will also serve as a voter registration application in the event the voter is not registered or as an update to the voter's registration record in the event the information is different.

**Q.  Are there cases when a provisional ballot will not be counted? When is a voter notified?**

A.  While a provisional voter may be allowed to vote at the polling place, there are certain circumstances in which they will immediately be informed that their ballot will not be

counted. For example, the election judge will notify the voter that their ballot will not be counted if:

- The voter does not present an acceptable form of List A identification to the county voter registrar within 6 calendar days from election day, or

- the ballot is cast at a precinct in which the voter is not registered (regardless of whether the voter is registered in another precinct in same political subdivision).

**Q. If a voter applied for a ballot by mail, may the voter vote provisionally at the election day precinct polling place without returning the mail ballot to the election judge?**

A. Yes.  A voter who appears on the list of registered voters as having applied for and/or received a ballot by mail may go to the polling place and vote. If the voter does not have the ballot to return to the judge, he will have to vote a provisional ballot. If the mail ballot does not arrive at the ballot board before the provisional ballot, the provisional ballot will be counted. If the mail ballot does arrive at the ballot board before the provisional ballot, the mail ballot <u>will</u> be counted. [Sec. 63.011].

**Q. How are provisional ballots reviewed and handled?**

A. At the polling place, the election judge provides the provisional voter written notice informing the voter that they will be notified within 10 days after the local canvass as to whether or not their ballot was counted and, if not, why it was not counted.  The notice also includes instructions and additional details regarding the provisional voting process.

**Q. How is the secrecy of the ballot preserved?**

A. The voter places the voted provisional ballot in a plain white ballot secrecy envelope which in turn is placed inside the Provisional Affidavit Ballot Envelope. Provisional ballots are placed either in a designated, secure container until the voter registrar and early voting ballot board complete their review. The transfer and tabulation of these ballots are handled with the same care, secrecy and security as other ballots and voting system equipment.  Note: If the voter is casting an electronic provisional ballot, the voter completes the affidavit on the provisional envelope but does not include a ballot.

**Q. What is the deadline for reviewing provisional affidavits?**

A. The early voting ballot board must complete the processing and counting, where applicable, of the provisional ballots by the seventh day after the election (13th day after election day in the general election for state and county officers).  Notice must be delivered to provisional voters regarding whether their ballot was counted, noting a reason, if their ballot was not counted.  This notice must be delivered no later than the 10th day after the local canvass. [Sec, 65.051, T.A.C. §§ 81.172-81.174, 81.176]

### USING ENGLISH AND INTERPRETERS:

All election officials, while performing their duties at the polling place, must use English, except when helping a voter who does not understand English.  [Sec. 61.031(a)].

**Q.  What is an interpreter and when is one used?**

A.  1. If a voter cannot communicate in English, an election official may communicate with the voter in a language both the election official and the voter (or voter's interpreter) understands.  [Sec. 61.031(b)].

2. The voter may also select an interpreter to communicate with the election officer(s) attending to the voter in a language that is not English, regardless of whether the election officer who attempts to communicate with the voter understands or does not understand the language used by the voter, as long as the interpreter meets the qualifications in paragraphs 3 and 4 below.  [Sec. 61.032; Docket Nos. 60, 66)]

3. Upon taking the oath of interpreter, any person selected by the voter other than the voter's employer, an agent of the voter's employer, or an officer or agent of the voter's labor union, may act as an interpreter for one or more voters.  [Sec. 61.035; Docket Nos. 60, 66] **NOTE:** This is a change in prior law, due to a Court Orders issued on August 12 and 30, 2016.

4. The interpreter may be a person provided by the authority conducting the election. However, even if an interpreter is provided, a voter may use his own interpreter.  [Sec. 61.032].

5. The interpreter may also accompany the voter to the voting station for the purpose of translating the ballot to the voter.  [Sec. 61.034].

6. A watcher may request and receive an English translation of a language spoken other than English between an election official and a voter.  [Sec. 61.036].

### CASTING THE BALLOT:

**Q.  If voters make a mistake marking their ballot, can they start over?**

A.  Yes, however, there is a limit to how many times a voter may attempt to cast a ballot.  Voters who make mistakes while marking their paper or optical scan ballots may take the spoiled ballot to an election official and exchange it for a new ballot.  A voter may only receive up to two replacement ballots (the original ballot, plus two replacement ballots yields a total of **three possible ballots per voter**).  [Sec. 64.007(a) & (b)].

**Q:  If a voter is voting provisionally on paper or optical scan ballot, does he or she use the same type of ballot as a regular voter?**

A:  Yes, but the election officials may have a few ballots pre-stamped "provisional" in a separate stack from regular ballots.  The following steps must occur:

(1)  the voter votes the ballot;

(2)  seals the ballot in the ballot secrecy envelope;

(3)  seals the privacy envelope in the provisional ballot affidavit envelope; and

(4) casts the ballot in the regular ballot box or other designated secured container as directed by the election officials.

NOTE: Some electronic voting systems allow the voter to cast a provisional ballot directly on the machine.

**Q. If a voter leaves a voted ballot in the voting station or elsewhere in the polling place rather than putting it in the ballot box, or if a voter voting on an electronic voting system leaves without finally casting his or her ballot, is the ballot counted?**

A. No. The ballot cast by a "fleeing" voter is not cast. The judge should treat it as a cancelled ballot. [65.010(a)(4)]  On an electronic voting system, the ballot is cancelled.

## RECOUNT WATCHER

Similarly to a poll watcher, a recount watcher (formerly termed a representative) is a person appointed to observe the conduct of the recount on behalf of:

- a candidate,
- a political party, or
- the proponents or opponents of a measure (specific-purpose political action committees). [Sec. 213.013].

### RECOUNT WATCHER QUALIFICATIONS

Unlike a poll watcher, a recount watcher is not required to meet any particular qualifications to serve.  The recount watcher is not required to be a registered voter of the territory in which the election was held. The recount watcher does not have age or citizenship requirements. Public officials are not prohibited from serving as recount watchers, nor is the recount watcher's eligibility affected by the familial relationship of a watcher to a person serving on the recount committee.

### PERMITTED NUMBER OF RECOUNT WATCHERS

As the recount is conducted, each authority eligible to appoint a recount watcher is permitted to have watchers present in a number corresponding to the number of counting teams designated for the recount; however, if there is a single counting team, two recount watchers may be present. [Sec. 213.013(b)].

### RECOUNT WATCHER APPOINTMENT

The watcher must deliver a certificate of appointment to the recount chair at the time the watcher reports for service. The certificate must be in writing and must contain:

(1) the printed name and the signature of the recount watcher

(2) the election subject to the recount

(3) the time and place of the recount

(4) the measure, candidate, or political party being represented

(5) the signature and the printed name of the person making the appointment

(6)  an indication of the capacity in which the appointing authority is acting. [Sec. 213.013(f)].

**NOTE:**    No one entitled to be present at a recount may be in possession of a device capable of recording images or sound, unless the person agrees to disable or deactivate the device while present at the recount.  [213.013(i)].

The officially prescribed recount watcher appointment form may be found at this link: http://www.sos.state.tx.us/elections/forms/pol-sub/14-2f.pdf

A recount watcher who submits a valid appointment form to the recount chair must be admitted to the recount unless the specific authority's maximum number of watchers have already been accepted. [Sec. 213.013(e)].

### RECOUNT WATCHER'S DUTIES

Similarly to a poll watcher, a recount watcher is entitled to observe any activity conducted in connection with the recount.  Watchers are entitled to stand or sit conveniently near the officers engaged in the observed activity or near the officers counting or processing the ballots to verify that they are being counted correctly.  Rules on the watcher's rights, duties, and privileges are otherwise the same as for a poll watcher to the extent applicable. [Sec. 213.013(h)].

Recount watchers may also be present in the same numbers prescribed under Section 213.013(b) to observe the printing of ballot images cast on direct recording electronic voting systems prior to the recount. [Sec. 213.016].

### CONCLUSION

As a poll watcher or a recount watcher, you are entitled to observe the conduct of the election at the location to which you are assigned or the activities at a recount.  You must keep in mind your responsibility to ensure the fair conduct of elections.  Please remember, however, that the presiding officers are responsible for maintaining control and order.  You should establish a cooperative relationship with these presiding officers and work with them to ensure that the voting process works smoothly. **Remember that you are not allowed to address voters directly.**

If any questions arise during your service that the presiding officer cannot answer or you question the accuracy of the information provided, you may call the Elections Division at our toll-free number, 1-800-252-VOTE(8683). The Elections Division is open Monday through Friday from 8:00 a.m. to 5:00 p.m., and during all uniform election dates from before the polls open until after they close.  If you desire to learn more about the election process, please call our office to request one of our handbooks for election day officials and the early voting ballot board or our detailed recount procedures.  You may also wish to review our online poll worker training at www.texaspollworkertraining.com.

Thank you for your participation in the election process!