# EXHIBIT

# N

| | |
|---|---|
| **From:** | Colmenero, Angela |
| **To:** | "Freeman, Daniel (CRT)"; Frederick, Matthew |
| **Cc:** | alltexasvoterid@dechert.com; VOTTexasID (CRT) |
| **Bcc:** | "Lindsey Wolf" |
| **Subject:** | RE: Voter Education and Poll Worker Training Materials |
| **Date:** | Friday, September 02, 2016 6:09:00 PM |
| **Attachments:** | Education and Training Input.msg |
| | Re Education and Training Input.msg |
| | Ex A -MCDP News August 25, 2016.pdf |
| | Ex B -- Reasonable Impediment Declaration executed in Denton County.pdf |
| | VoteTexas Toolkit Elected Official Spanish.pdf |
| | VoteTexas Toolkit Community English 9-2-16.pdf |
| | VoteTexas Toolkit Community Spanish.pdf |
| | VoteTexas Toolkit Elected Official English 9-2-16.pdf |
| | Qualifying Voters Handbook (Updated September 2016).pdf |
| | Early Voting Ballot Board Handbook 2016.pdf |
| | Election Inspector Handbook 2016.pdf |
| | Poll Watchers Guide 2016.pdf |

Thank you for the comments to the handbooks we sent you on August 19 and the digital toolkits we sent you on August 29. We intend to send finalized versions of the handbooks to the list of election officials today and also upload that information to the SOS homepage, where the handbooks are ordinarily posted. Additionally, we intend to begin distribution of the toolkits and upload the finalized versions to the website today. We have attached the finalized versions of the handbooks and toolkits to this email, and as you will see, we included many of your proposed suggestions.

As an initial matter, we have received correspondence from the Private Plaintiffs and DOJ objecting to the State's language indicating that a voter can use a reasonable impediment declaration if they are unable to obtain a form of SB 14 ID. This language was first proposed in the "Register to Vote: Need ID? Procedures for Voting" webpage we circulated for your review on August 11. During the meet and confer process, we explained to you and the Court that we sent the draft language before it was finalized because the information contained therein would be used throughout our training materials. You were provided with an opportunity to object to the language and the State's use of "unable to obtain" or "cannot obtain." The revisions we received from you did not object to this language, but instead incorporated our language into your changes. *See* Email from J. Clark dated Aug. 12, 2016 (attached). We did not learn about your concerns until several days after this language was made public on the Secretary of State's website. *See* Email from L. Aden dated Aug. 17, 2016 (attached).

Private Plaintiffs have advocated for language suggesting that an individual who "does not have" an acceptable form of SB ID can execute a reasonable impediment declaration while DOJ proposes that the declaration should be available to individuals who "do not possess an acceptable for of ID." The State is unwilling to incorporate either proposal in the training materials that will be sent to election officials and posted on the website today. Nor is the State willing to modify information that has already been posted to the Secretary of State's website since August 12 and incorporated in press releases, training materials already distributed to the counties, and scripts for television commercials that were filmed this week.

The State chose to use the "cannot obtain" or "unable to obtain" language in its guidance because it is consistent with the language used in the Court's Interim Remedy Order. *See, e.g.*, Interim Remedy Order (ECF No. 895) at 2 ("The reasonableness of a voter's impediment to obtain SB 14 ID shall not be questioned by election officials."), 3 ("Defendants shall continue to educate voters in subsequent elections concerning both voter identification requirements and the opportunity for voters who do not possess SB 14 ID and cannot reasonably obtain it to cast a regular ballot."). The Reasonable Impediment Declaration makes clear that a person must affirm that he faces "a reasonable impediment or difficulty that prevents [him] from getting an acceptable form of photo identification." *See id.*

There are two prerequisites to demonstrating eligibility to vote using the Reasonable Impediment Declaration. Not being able to obtain a form of SB 14 ID is only one of them, so not only is the use of the word "have" or "possess" not accurate, the Private Plaintiffs' and DOJ's requested changes to only instruct voters that they need to meet one criterion—*i.e.*, only not "have" or "possess" a form of SB 14 ID to vote using a reasonable impediment declaration, are inaccurate because they ignore the second criterion. The existence of a reasonable impediment is the other requirement. The State's guidance about these prerequisites must incorporate both requirements to be accurate, and we believe we have achieved that with our language. We want it to be very clear what is required when a voter comes to the polls. For this reason, we will not agree to anything that would suggest someone could vote without an ID because they left it at home.

Your objection appears to focus on the first part of the "Register to Vote: Need ID? Procedures for Voting" where the State explains that "[v]oters who have not be been able to obtain one of the forms of acceptable photo identification listed below" can utilize the reasonable impediment declaration, but your concerns are addressed in the second part of the sentence (underlined below), which means exactly what you want it to say:

Voters who have not been able to obtain one of the forms of acceptable photo identification listed below and have a reasonable impediment or difficulty to obtaining such identification, <u>may present a supporting form of identification and execute a Reasonable Impediment Declaration, noting the voter's reasonable impediment to obtaining an acceptable form of photo identification, and stating that the voter is the same person on the presented supporting form of identification.</u>

*See* http://www.votetexas.gov/register-to-vote/need-id/ (emphasis added).

Additionally, you have expressed concerns that individuals who have lost their ID may think they don't fall into the "cannot obtain" category and then assume they cannot vote. First, as noted above, voters who have lost their ID may in fact qualify as being "unable to obtain" an ID, but they still must also have a reasonable impediment or difficulty to obtaining a replacement ID. Numerous SOS references to "unable to obtain" follow with instructions to, or a reference to, completing the declaration and/or having a reasonable impediment or difficulty, which reflects all of the qualifications required to complete the reasonable impediment declaration. The "Qualifying Voters Handbook," which will be distributed to all election judges, specifically states that "a voter with a lost, stolen, suspended, or expired more than four years, form of photo ID listed above could be considered to have not obtained one of the acceptable forms of photo ID for purposes of being eligible to execute a Reasonable Impediment Declaration." *See* Qualifying Voters Handbook at 22. As is made clear in the handbook, the next question to the voter would be "do you have a reasonable impediment or difficulty to obtaining an acceptable form of photo ID?" The "Register to Vote: Need ID? Procedures for Voting" on the VoteTexas.gov website also includes a reference to "lost or stolen ID." *See* http://www.votetexas.gov/register-to-vote/need-id/.

At no time has the Court or any of the parties intended the Reasonable Impediment Declaration to be a convenience document, and the

State will not use language to suggest that is true in any of its voter education materials. Indeed, we have already seen the danger in suggesting that voters who "do not have" a form of SB 14 ID may execute a Reasonable Impediment Declaration in the communication sent from the Montgomery County Democratic Party Chair and a reasonable impediment declaration executed in Denton County in a tax ratification election held on August 27, 2016. *See* Exhibit A, Email from Montgomery County Democratic Party Chair; Exhibit B (reasonable impediment declaration executed by individual who states her reasonable impediment is that "[she] forgot her wallet"). As a result, the State will not agree to modify its current language to provide inaccurate information to voters and election officials about the purpose of the Reasonable Impediment Declaration.

We have provided an explanation below describing the reasons we rejected some of your other proposals.

### Poll Watcher's Guide

In the Poll Watcher's Guide, we have declined to include your suggested language regarding stolen, lost, suspended, or expired IDs (first appearing on page 3 and then elsewhere in the guide) for the reasons stated above.

We will also not agree to include the list of examples of "other government documents" because it is unnecessary in this guide. The guide is not directed to voters or persons who will be accepting the government documents. SOS has provided a list of specific examples of "other government documents" in the Qualifying Voters Handbook that tracks the examples already provided in the training materials provided to the counties (*see* PowerPoint presentation available on VoteTexas.gov).

We are not inclined to include the proposed language on page 12 that is labeled as "Note." We believe it is redundant of the guidance provided on page 3 and do not believe there is a reason to include it again.

We will not accept your proposed language on page 15. These detailed types of explanations are more appropriate for the Qualifying Voters Handbook.

### Early Voting Ballot Board Handbook

We will not modify the language in the handbook using the "has not been able to obtain" phrase to include your suggested language regarding stolen, lost, suspended, or expired IDs for the reasons provided above.

We will also not agree to include the list of examples of "other government documents" because it is unnecessary for the intended audience. This handbook is not directed to voters or persons who will be accepting the government documents. SOS has provided a list of specific examples of "other government documents" in the Qualifying Voters Handbook that tracks the examples already provided in the training materials provided to the counties.

### Election Inspector Handbook

We will not agree to include the proposed language discussing the notice to provisional voters. The point of the notice is to provide the voter with what they need to do to cure the provisional ballot. Your language discussing supporting IDs on here as it relates to the reasonable impediment declaration is confusing because it suggests to the voters that they can bring a supporting ID in order to cure the provisional ballot. Because a voter cannot use a supporting ID to cure a provisional ballot, there is no reason to include your language.

We will not agree to include your list of "other government documents" for the reasons explained above.

We will not agree to include the "Note" you have proposed in response to Question No. 5 on page 9. We do not believe it is necessary and see it as another attempt to introduce language we have previously rejected.

### Qualifying Voters Handbook
- *Response to DOJ Comments*
  - The State will not modify the use of the word "obtain" on pages 13-14 and 18 for the reasons discussed above. Lost, stolen, suspended, or expired more than four years IDs are covered on page 15 as part of the explanation of the meaning of not able to obtain an acceptable form of photo ID.
  - As to the comment on page 18, we disagree that "the Handbook appears to place the onus on the voter to ask for a reasonable impediment declaration." In fact, the step-by-step instructions in the handbook include a question to the voter who has not obtained an acceptable form of photo ID as to whether the voter has a reasonable impediment or difficulty. *See* Qualifying Voters Handbook at 14, at b. ("If the voter states that they have not obtained an acceptable form of photo ID, the poll worker should ask the voter if they have a reasonable impediment or difficulty in obtaining an acceptable form of photo ID"). That said, we have decided to include a more specific description of that process and have accepted the edit which relates to the asking of a question to the voter, but mirrored the language to that on page 14 at b. as to the remainder. Accordingly, the first paragraph on page 18 reads as follows: "The voter states that they have not obtained an acceptable form of photo identification listed on page 13, and the voter is asked if they have a reasonable impediment or difficulty in obtaining an acceptable form of photo ID, and states that they do have a reasonable impediment or difficulty to obtaining an acceptable form of photo ID. [Docket No. 895]."

- *Response to Private Plaintiffs Comments*
  - We accepted the addition of the reference to http://www.votetexas.gov on the first page of the handbook.
  - We will not accept the proposed language at the bottom of page 11. Because there is no other mention of specific irregularities noticed by the poll watcher in this section, mentioning the reasonable impediment declaration here seems out of place and out of context.
  - We will not agree to accept the following language suggested by the Private Plaintiffs' in various places: "The purpose of the reasonable impediment declaration is not to trap unwary citizens who wish to cast their ballots into mistakenly filling out a sworn statement, but rather to give people who in good faith believe they do not have SB 14 ID an opportunity to vote." We do not agree that declarations under penalty of perjury on their face, are to be signed lightly, or that the seriousness of executing a false statement should be dismissed.
  - We will not accept the addition of "such ID was subsequently stolen, lost, suspended, or expired by more than four years" as an alternative to not been able to obtain. As noted above, elsewhere in the document there is language which includes stolen, lost, suspended, or expired by more than four years IDs as situations in which a voter may be unable to obtain an acceptable form of photo ID.

- o We rejected your language in the change on page 13: "If a voter indicates that the voter does not have with them…" but moved up example a. above the bolded language, since that dealt with a situation in which a voter had obtained an acceptable form of photo ID. The section now looks like this:

  *If* **the voter states that they have obtained an acceptable form of photo ID, but they did not bring it to the polling place, the election officer should explain that the voter may take one of two actions:**

  a. The voter may leave the polling place and return with their acceptable form of photo ID.
  b. The voter may cast a provisional ballot, and "cure" by appearing at the county voter registrar's office within 6 calendar days of election day and presenting an acceptable form of photo ID, or completing a natural disaster affidavit because the voter's acceptable photo ID is inaccessible due to certain natural disasters. The presiding judge will follow the procedure prescribed in Situation 7.

  *If* **a voter indicates that the voter has not been able to obtain an acceptable form of photo ID, the election officer will need to follow the guidelines below depending on the situation:**

  *If* the voter states that they have not obtained an acceptable form of photo ID…

- o On page 14, we did not accept the deletion of "of the voter" after "forms of supporting ID," to the extent Plaintiffs are making any suggestion that the voter could present someone else's utility bill or other supporting document and vote with a Reasonable Impediment Declaration.
- o On pages 15 and 19, we rejected Plaintiffs' additional examples of government documents, which were beyond those listed in the PowerPoint presentation posted on SOS's website. We also are not inclined to list your examples because they are confusing. For instance, social security cards would not be accepted because they don't contain addresses. Public college or university IDs probably would not be accepted because we are not aware of any with a student's address on it. We believe that giving the examples similar to those in the PowerPoint Presentation posted online is sufficient.
- o On pages 15 and 19, we reject Plaintiffs' change relating to the address on the government document not needing to match. It is confusing and underinclusive. The address on any of the supporting IDs or, for that matter, the acceptable 7 photo IDs doesn't have to match. Also, as noted above, the lack of address matching is covered at the bottom of page 16. Instead of accepting the change on page 15, we added words to the note on page 16 such that it is clear the address does not need to match on either a supporting form or an acceptable form of photo ID. "NOTE: The address on an acceptable form of ID or a supporting form of ID does not have to match the address on the list of registered voters."
- o We accepted Plaintiffs' edit on page 15 that added into the example related to lack of transportation a reference to "challenge how the voter came to the polling site," but fixed the grammar in the rest of the sentence to account for this addition. It now reads: "The election officer may not question the reasonableness of the voter's reasonable impediment or difficulty or the truth of the declaration. For example, if the voter checks "lack of transportation", the election officer may not challenge how the voter came to the polling site, or the voter's access to a bus route or other means of transportation."
- o We will agree to outline the concept that voters who would otherwise have a reasonable impediment or difficulty to obtaining an acceptable form of photo ID, but just did not bring a supporting form of ID to the polling place, may come back during early voting or election day and vote a regular ballot at the polling place if they bring back an acceptable form of supporting identification and execute the Reasonable Impediment Declaration.
- o On page 15, we edited the Note relating to those who did not bring a supporting form of ID with them to the polls as follows:

  NOTE: A voter who would otherwise have a reasonable impediment or difficulty to obtaining an acceptable form of photo ID but just did not bring a form of supporting ID to the polling place may opt to leave the polling place, and return at a later time with their acceptable form of supporting ID and vote a regular ballot after executing a Reasonable Impediment Declaration. However, a voter who would otherwise have a reasonable impediment or difficulty to obtaining an acceptable form of photo ID who did not bring a supporting form of ID to the polling place may **not** "cure" at the county voter registrar's office by showing an acceptable form of supporting ID and executing a reasonable impediment declaration at the county voter registrar's office. For voters who vote in person at the polling place, the Reasonable Impediment Declaration process is an election day/early voting procedure only, and there is no "cure" option involving the execution of a reasonable impediment declaration or the presentation of supporting ID at the county voter registrar's office.

- o Page 26 (relating to who may vote a provisional ballot) has been revised to read:

  A voter who has not obtained an acceptable form of photo ID, and does not have a reasonable impediment or difficulty to obtaining an acceptable form of photo ID (including if the voter did not provide a form of supporting ID in connection with a Reasonable Impediment Declaration). NOTE: A voter who would otherwise have a reasonable impediment or difficulty to obtaining an acceptable form of photo ID but just did not bring a form of supporting ID to the polling place may opt to leave the polling place, and return at a later time with their acceptable form of supporting ID and vote a regular ballot after executing a Reasonable Impediment Declaration.

- o For consistency, we added a similar note to the poll watcher's guide (because that guide also mentioned that the voter who did not bring their acceptable form of photo ID could bring back the ID and vote). The note on page 14 of the Poll Watcher's Guide now reads as follows:

  NOTE: If a voter has an acceptable form of photo ID but does have it with them at the polling place and there is enough time left when polls are open, the voter may choose to return at a later time with an acceptable form of photo ID, or the voter may vote provisionally. A voter who would otherwise have a reasonable impediment or difficulty to obtaining an acceptable form of photo ID but just did not bring a form of supporting ID to the polling place may also opt to leave the polling place, and return at a later time with their acceptable form of supporting ID and vote a regular ballot after executing a Reasonable Impediment Declaration.

**Digital Toolkits**

We reject all deletions of the words "cannot obtain" which attempt to replace the phrase with "does not possess" for the reasons set forth above. We will agree to add in "and have a reasonable impediment or difficulty to obtaining" where that language was not previously included.

We will replace the language in the constituent email to state that a voter "may vote by signing a declaration at the polls explaining the reasonable impediment or difficulty that the voter has to obtaining one of the seven forms of approved photo ID." This change incorporates your proposed suggestion.

We will not agree to include your list of "other government documents" for the reasons explained above.

We will not agree to emphasize "an" before "an address" when discussing a government document. It is under-inclusive and non-matching is not new. We have added a note stating that addresses do not have to match on either an acceptable form of photo ID or a supporting form of ID (not just a government document) on the constituent email. We will not add it to the press release on the first page of the toolkit because it is not a new requirement and it clutters those pages.

Their edits to the last Instagram caption are underinclusive (because they ignore the exemptions), and they also make it too long and don't refer to the Reasonable Impediment Declaration. We have incorporated some of their edits and it now reads as follows:

> There are seven approved forms of photo ID in Texas – a Texas driver license, a Texas Election Identification Certificate, a Texas personal identification card, a Texas license to carry a handgun, a US military photo ID card, a US citizenship certificate containing a photo or a United States passport. Voters who have not obtained an approved photo ID and have a reasonable impediment or difficulty to obtaining one have additional options, including the ability to fill out a declaration at the polls explaining why they are unable to obtain approved photo ID together with presenting a supporting document, like a current utility bill or bank statement. Learn more about ID requirements at www.VoteTexas.gov #VoteTexas

We have accepted the singular of "religious objection" instead of "religious objections."

Thanks,
Angela

**Angela V. Colmenero**
Chief, General Litigation Division
Office of the Attorney General
512.475.4100 (direct)

---

**From:** Freeman, Daniel (CRT) [mailto:Daniel.Freeman@usdoj.gov]
**Sent:** Tuesday, August 30, 2016 6:52 PM
**To:** Colmenero, Angela <angela.colmenero@texasattorneygeneral.gov>; Frederick, Matthew <matthew.frederick@texasattorneygeneral.gov>
**Cc:** alltexasvoterid@dechert.com; VOTTexasID (CRT) <VOTTexasID@usdoj.gov>
**Subject:** Voter Education and Poll Worker Training Materials

Angela and Matt,

We write concerning the State of Texas's repeated statements in voter education and poll worker training materials that only voters who "have not obtained" and "cannot obtain" SB 14 ID may vote using a Reasonable Impediment Declaration. Despite repeated objections from the United States and private plaintiffs, the State has incorporated this and similar language in numerous documents. We think that language is inaccurate and potentially misleading. Moreover, it conflicts with the Court's Interim Remedial Order (ECF No. 895), as well as the legal standard applied in *Veasey v. Abbott*, No. 14-41127, 2016 WL 3923868 (5th Cir. July 20, 2016) (en banc). We write in the hope that the State will reconsider use of this language and eliminate it from all future documents and communications with the public and election officials regarding the interim remedy.

Language limiting the availability of a Reasonable Impediment Declaration to voters who have not and "cannot obtain" SB 14 ID is currently found on VoteTexas.gov and in the Poll Watchers Guide, the Election Inspector Handbook, the Early Voting Ballot Board Handbook, the Qualifying Voters Handbook, and the Toolkit for Community Organizations and Elected Officials. For example, the homepage of VoteTexas.gov currently states, "Voters who cannot obtain one of the seven forms of approved photo ID have additional options at the polls." Similarly, the Toolkit for Community Organizations and Elected Officials entreats readers to distribute information to voters "including what approved photo ID they need to bring to the polls and what options they have if they cannot obtain an approved photo ID." The United States and the private plaintiffs have repeatedly expressed concerns regarding this language, including on August 18, 22, 23, 29, and 30.

Our concerns are rooted in the plain language of the District Court's Interim Remedial Order. That order directs the State to educate voters concerning "the opportunity for voters who do not possess SB 14 ID and cannot reasonably obtain it to cast a regular ballot." Interim Remedial Order ¶ 11. Statements that limit the availability of a Reasonable Impediment Declaration to voters who "have not obtained" and "cannot obtain" SB 14 ID improperly exclude voters who have obtained SB 14 ID in the past but no longer possess it and voters who cannot *reasonably* obtain SB 14 ID (even though, theoretically, they might be able to obtain that identification through expenditures of time or money needed to overcome substantial obstacles). The Court similarly ordered the State to use a Reasonable Impediment Declaration that instructs poll workers to allow a voter who "does not possess an acceptable form of photo identification ... due to a reasonable impediment" to complete the Declaration and cast a regular ballot. Interim Remedial Order Ex. 1 at 1. Language narrowing the set of eligible voters to those who "have not obtained" and "cannot obtain" SB 14 ID improperly excludes some voters protected by the Court's Interim Remedial Order.

This issue is not new. In *Veasey v. Abbott*, the Fifth Circuit rejected the State's argument that only those voters who "cannot obtain" SB 14 ID are injured by voter identification requirements. Rather, the Court held SB 14 abridged the rights of individual plaintiffs who faced "excessive burdens" or "a substantial obstacle to voting because of SB 14." *Veasey v. Abbott*, 2016 WL 3923868, at *25; *see also id.* at *42 (Higginson, J., concurring) ("[I]f a Section 2 burden is cognizable only if it is impossible for some minority voters to comply with the challenged law, Justice Scalia must have mistakenly stated that Section 2 would be violated if 'a county permitted voter registration for only three hours one day a week, and that made it more difficult for blacks to register than whites.'" (quoting *Chisom v. Roemer*, 501 U.S. 380, 408 (1991) (Scalia, J., dissenting)); *Veasey v. Perry*, 71 F. Supp. 3d 627, 686 (S.D. Tex. 2014) (concluding that SB 14 violated Section 2 despite finding that "Plaintiffs have not demonstrated that any particular voter absolutely cannot get the necessary ID or vote by absentee ballot"), *aff'd in relevant part*, No. 14-41127, 2016 WL 3923868 (5th Cir. July 20, 2016) (en banc). The Fifth Circuit notably considered the burden on an individual voter who eventually managed to procure a birth certificate necessary to obtain SB 14 ID, albeit only with the assistance of a relative traveling through his state of birth. *See Veasey v. Abbott*, 2016 WL 3923868, at *26. Communicating that Reasonable Impediment Declarations are available only to voters who "cannot obtain" SB 14 ID would therefore improperly exclude individuals harmed by a Voting Rights Act violation from the remedy on remand.

We hope that the State will reconsider using this language in voter education and training materials. We request a response to these concerns by no later than Friday, September 2, and we are available to discuss this matter at any time.

Regards,

Dan

Daniel J. Freeman
Trial Attorney
Voting Section, Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave. NW
NWB Room 7123
Washington, DC 20530
(202) 305-4355
daniel.freeman@usdoj.gov