# EXHIBIT 12

```
                  UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF TEXAS
                     CORPUS CHRISTI DIVISION




MARC VEASEY, ET AL.,          )    CASE NO: 2:13-CV-00193
                              )
          Plaintiffs,         )         CIVIL
                              )
    vs.                       )     Corpus Christi, Texas
                              )
RICK PERRY, ET AL.,           )    Friday, August 12, 2016
                              )
          Defendants.         )    (2:31 p.m. to 3:05 p .m.)


                   TELEPHONIC STATUS CONFERENCE

           BEFORE THE HONORABLE NELVA GONZALES RAMOS,
                 UNITED STATES DISTRICT JUDGE




Appearances:            See Next Page

Court Recorder:         Frenchie Carbia

Case Manager:           Genay Rogan

Deputy U.S. Marshals:   H. Word; S. Osteicher

Transcriber:            Exceptional Reporting Services, Inc.
                        P.O. Box 18668
                        Corpus Christi, TX 78480-8668
                        361 949-2988
```

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

1  once a television ad or radio had as been aired, it cannot be
2  unaired.  People that have heard it are going to absorb it, and
3  whatever information they have that is inaccurate or is
4  misleading is something that they're going to carry with them
5  when they go into the polls or do something -- not show up.
6           We certainly do not want this process to be
7  inefficient.  Again, we are limiting our ads precisely because
8  we would like to move on and have the education and training
9  happen.
10          Would -- perhaps the State would be willing to submit
11 the text to the Court to ensure that it has the appropriate
12 level of accuracy and it's going to do the job that it's
13 supposed to do, which is adequately inform people about the
14 changes and the Interim Remedy.
15          **THE COURT:**  It sounds like, though, from what
16 Ms. Colmenero said these are, kind of, changing as they're
17 going along and as they're being created and produced, I guess,
18 which appears to be what the problem is.
19          Ms. Colmenero, do you want to expand on that?
20          **MS. COLMENERO:**  That is exactly correct, your Honor.
21 When we get into the production process, we have to retain
22 flexibility to make modifications to the text, if necessary.
23 And we really just don't want to find ourselves in a position
24 where we had to make a change because a director of a
25 commercial said that a certain scene shot wouldn't work, and

1 the Plaintiffs raise this as an issue that wasn't run by them.
2 And that is -- that's part of why this is just a very difficult
3 ads on our end.
4     And second, because the creative concepts that were
5 initially provided to the State from our vendor, they haven't
6 been updated in the 48 hours since this Court has issued its
7 Interim Remedy Order. And we're working as fast and furious as
8 we can to purchase media spots in the -- across the state so we
9 can start airing these, but also, to kind of get these to
10 production as quickly as we can.
11     **THE COURT:** Anything else on that issue?
12     **MR. DELLHEIM:** Your Honor, this is Richard Dellheim
13 for the United States. And speaking only for the United
14 States, at the end of the day we think it's the State's
15 responsibility, of course, to ensure compliance with -- with
16 Section 2 and completely remedy the discriminatory effects of
17 SB14.
18     And while we, of course, think it would be helpful
19 for the State to agree to share more fully its remedial plans
20 with us to avoid problems down the road, to the extent it
21 declines to do that with respect to the text that it's
22 advertising, we are not -- we are prepared at this time not to
23 seek relief from the Court.
24     I guess it's our preferred route to defer to the
25 State in this instance and wait and see what it does. And we

1 would, of course, reserve the right to address any substantial
2 shortcomings at an appropriate time, first, of course, with the
3 State, and then only if necessary, with the Court.
4     **THE COURT:** All right. Then the Court's going to
5 deny that request from the Plaintiffs regarding the text of the
6 commercials.
7     What else to address?
8     **MS. COLMENERO:** I think there was one final request
9 from the Plaintiffs, and that was regarding the introduction of
10 a -- I'll call it a "dispute resolution process" to resolve
11 issues in the future.
12     I think that the Court's prior order, obviously, puts
13 a burden on the State to create an implementation plan, provide
14 it to the Court on August the 15th, as well as move forward and
15 execute one. And that's what we're working as quickly as we
16 can on our end to accomplish.
17     And so, we believe that the Plaintiffs have
18 traditional remedies that are already available to them and
19 there does not need to be a formalization of a dispute
20 resolution process to move forward or put forth in any kind of
21 separate order.
22     **MS. PEREZ:** May I qualify, your Honor? This is
23 Ms. Perez.
24     **THE COURT:** Yes.
25     **MS. PEREZ:** We are in this position where we're