UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

MARC VEASEY, *et al.*,                          §
                                                §
                        Plaintiffs,             §
VS.                                             §          CIVIL ACTION NO. 2:13-CV-00193
                                                §
GREG ABBOTT, *et al.*,                          §
                                                §
                        Defendants.             §

### JOINT MOTION TO CONTINUE FEBRUARY 28, 2017 HEARING ON PLAINTIFFS' DISCRIMINATORY PURPOSE CLAIMS

The State Defendants and Plaintiff the United States jointly move for this Court to continue the hearing scheduled for February 28, 2017 regarding the issue of discriminatory purpose.

On August 25, 2016, the Court entered an order establishing a briefing schedule on the issue of the discriminatory purpose, if any, of S.B. 14 and setting a hearing on January 24, 2017.  *See* ECF No. 922.   On January 20, 2017, the United States filed a motion to continue the hearing because of the federal government's change in administration.  *See* ECF No. 984.  The Court granted the motion and continued the hearing until February 28, 2017.

The State Defendants and the United States seek a continuance of the February 28, 2017 hearing because the Texas Legislature has introduced voter identification legislation that, if enacted, will affect the remaining proceedings in this case.  On February 21, 2017, the Texas Senate introduced S.B. 5, with twenty joint authors.  Exhibit A.  S.B. 5 would amend Section 63.0101 of the Texas Election Code

by incorporating many of the elements of the Court's interim remedial order.  Among other things, S.B. 5 would allow individuals to vote a regular ballot if they appear on the official list of registered voters; and present a valid registration certificate, a certified birth certificate, a current utility bill, a bank statement, a government check, a paycheck, or any other government document that displays the voter's name and address; and sign a reasonable impediment declaration.  *Id.*  The proposed legislation also would allow voters over the age of 70 to cast a ballot using expired identification.

Both the Fifth Circuit and this Court have encouraged the Texas Legislature to enact new voter ID legislation.  *See Veasey v. Abbott*, 830 F.3d 216, 272 (5th Cir. 2016) (en banc); Order Regarding Agreed Interim Plan For Elections ¶ 14, ECF No. 895.   When the Fifth Circuit reversed and remanded this Court's finding of discriminatory purpose, it stated that "[t]he district court will need to reexamine the discriminatory purpose claim in accordance with the proper legal standards we have described, *bearing in mind the effect any interim legislative action taken with respect to SB 14 may have*."  *Veasey*, 830 F.3d at 272 (emphasis added).  The Fifth Circuit's instructions reflect the principle that legislatures should have the first chance to address issues under the Voting Rights Act whenever possible: The Fifth Circuit has consistently recognized that under ordinary circumstances, "courts clearly defer to the legislature in the first instance to undertake remedies for violations of § 2."  *Miss. State Chapter, Operation Push, Inc. v. Mabus*, 932 F.2d 400, 406 (5th Cir. 1991); *see also Westwego Citizens for Better Gov't v. City of Westwego*, 946 F.2d 1109, 1124 (5th Cir. 1991) ("This Court has repeatedly held that it is appropriate to give affected

political subdivisions at all levels of government the first opportunity to devise remedies for violations of the Voting Rights Act.").

It is thus appropriate for this Court to continue the hearing until the Texas Legislature has had an opportunity to act. The Texas Legislature generally meets for 140 days every two years, and the latest legislative session started only one month ago. The Texas Legislature will end its regular session no later than May 29, 2017, and the Governor has until June 18, 2017 to sign a bill into law or veto legislation. As a result, the State Defendants and the United States request that the hearing on the issue of discriminatory purpose be continued until after June 18, 2017.

A continuance of the February 28, 2017 hearing until after June 18, 2017 would serve judicial economy and efficiency because if new Texas state voter identification legislation is enacted into law, it will significantly affect the remainder of this litigation. At a minimum, the State Defendants and the United States anticipate that the parties would file a new round of briefing and present a new round of oral argument on the discriminatory purpose claim if Texas enacts new voter ID legislation. Thus, there is no reason for the Court or the parties to devote additional time and resources to arguing the discriminatory purpose claim on the current briefing and record now, before the Texas Legislature has had a chance to act on the new proposed legislation.

Moreover, no party will suffer prejudice by a continuance of the hearing because the interim remedial order—which was in place for last November's general

election—remains in effect.  *See* ECF No. 895.  Any election that occurs between now and June 18, 2017 will be governed by the terms of the interim remedial order.

Federal Rule of Civil Procedure 6(b)(1)(a) provides that the Court may extend filing deadlines in its discretion.  FED. R. CIV. P. 6(b)(1)(A).  The State Defendants and the United States seek this extension of time for good cause shown and in the interest of justice, not for delay.  The Private Plaintiffs are opposed to the relief requested in this motion.

The State Defendants and the United States therefore respectfully request that the Court enter an order continuing the hearing scheduled for February 28, 2017 until after June 18, 2017.

Date: February 22, 2017   Respectfully submitted.

           Ken Paxton
           Attorney General of Texas

           Jeffrey C. Mateer
           First Assistant Attorney General

           Brantley Starr
           Deputy First Assistant Attorney General

           James E. Davis
           Deputy Attorney General for Litigation


           /s/ Angela V. Colmenero
           Angela V. Colmenero
           Chief, General Litigation Division

           Matthew H. Frederick
           Deputy Solicitor General

           Office of the Attorney General
           P.O. Box 12548 (MC 059)
           Austin, Texas  78711-2548
           Tel.: (512) 936-6407
           Fax: (512) 474-2697

           *Counsel for Defendants*

JOHN M. GORE
Deputy Assistant Attorney General

/s/  Daniel J. Freeman
T. CHRISTIAN HERREN, JR.
MEREDITH BELL-PLATTS
RICHARD DELLHEIM
BRUCE I. GEAR
DANIEL J. FREEMAN
AVNER SHAPIRO
SAMUEL OLIKER-FRIEDLAND

Attorneys, Voting Section
Civil Rights Division
U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, N.W.
Room 7123 NWB
Washington, D.C. 20530
(202) 305-4355

*Counsel for the United States*

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for the State Defendants and the United States conferred with the Private Plaintiffs via email on February 22, 2017 regarding the relief requested in this Motion.  Counsel for the Private Plaintiffs indicated that they are opposed the relief sought in this Motion.

 /s/ Angela V. Colmenero
ANGELA V. COLMENERO

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2017, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

 /s/ Angela V. Colmenero
ANGELA V. COLMENERO