IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARC VEASEY, *et al.*, | § § § § § § § § § § | |
| Plaintiffs, | | |
| v. | | Civil Action No. 2:13-cv-193 |
| GREG ABBOTT, *et al.*, | | |
| Defendants. | | |

### **PRIVATE PLAINTIFFS' JOINT OPPOSITION TO MOTION TO CONTINUE FEBRUARY 28, 2017 HEARING**

Six days prior to a hearing already postponed once at the United States' request, Texas and the United States ask this Court to delay its consideration of SB 14's discriminatory intent based on the introduction of a new voter ID bill, SB 5.[1] *See* Joint Motion to Continue, Doc. 995 (Feb. 22, 2017). The motion should be summarily denied for the same reasons that this Court denied a virtually identical request by Texas seven months ago in scheduling the hearing for its original January 24, 2017 date.

The mere introduction of SB 5 in no way affects the issue of whether SB 14 was enacted with discriminatory intent. Even if SB 5 were to become law, it would have no bearing on the merits of the issue currently before this Court. Any action

---

[1] Four days prior to the intent hearing previously scheduled on January 24, 2017, the United States, unopposed by Texas, but opposed by Private Plaintiffs, moved to postpone the hearing. *See* Motion for Continuance of January 24 Hearing, Doc. 984 (Jan. 20, 2017).

1

by the Legislature—through SB 5 or any other bill—would only be potentially relevant at the remedy stage. But the issue of discriminatory purpose must be resolved before any final remedy can be determined. Thus, if this Court granted the motion, it would find itself in the same position it is now—having to address the intent issue—except for several months would have elapsed without moving this matter toward resolution. The requested postponement can accomplish nothing but unjustified delay.

Significantly, the Fifth Circuit specifically anticipated that there could be legislative attempts to ameliorate the discriminatory effects of SB 14, but nowhere stated that this Court should stay its hand on adjudicating intent to await such action. Much of this reasoning underlay this Court's prior rejection of Texas's first attempt to delay the intent hearing until after the legislative session. Indeed, the United States itself offered these very arguments in opposing Texas's request then. Nothing has occurred since this Court first considered this issue that should lead it to a different conclusion today. The hearing should proceed on February 28.[2]

## ARGUMENT

Six months ago, the parties submitted briefing regarding the appropriate timing for the briefing and argument schedule for this Court's renewed consideration of SB 14's discriminatory purpose. At that time, Texas made

---

[2] Private plaintiffs are available for a telephonic hearing on this matter this afternoon or tomorrow at a time convenient to the Court.

precisely the same argument that the United States and Texas make now—that this Court should "withhold further consideration of discriminatory-purpose claims until the Legislature has a chance to act"—and asked this Court to delay proceedings until after the close of the 2017 legislative session on May 29, 2017. Defendants' Proposed Briefing Schedule, Doc. 916, at 3 (Aug. 22, 2016) (proposing that opening briefs on intent be filed on June 28, 2017).

The Court correctly rejected Texas's position then, as it should now:

> The Court rejects Defendants' argument that the Fifth Circuit directed this Court to defer consideration of this matter until after the next Texas legislative session. This Court is to determine the purpose(s) of the SB 14 legislative action, which can be determined only by evidence of events at or before the time of the enactment.

Order Setting Deadlines for Briefing, Doc. 922 (Aug. 25, 2016).

That Texas legislators have now introduced a bill that may, depending on its ultimate contours, ameliorate *some* of the discriminatory effects of SB 14 does not and should not change this Court's conclusion regarding its adjudication of the intent behind SB 14's passage in 2011. In August, when this Court set the hearing schedule, the Court was well aware that related voter ID legislation was likely to be considered by the Texas Legislature at the same time this Court was considering the discriminatory intent of SB 14. In its briefing, Texas made clear that a bill would likely be introduced:

> The possibility of action by the Texas Legislature in the Spring of 2017 is not merely speculative. Defendant Governor Abbott has

3

>informed our office that he will support legislation during the 2017 legislative session to adjust SB 14 to comply with the Fifth Circuit's decision, provided that the Fifth Circuit's decision remains in place after Supreme Court review.

Defendants' Response to Proposed Briefing Schedule, Doc. 921, at 1 (Aug. 23, 2016).

But this Court explained that any pending legislation does not justify delay because it does not affect the merits of the discriminatory intent claim: "While the Texas legislature may take action that impacts the remedies, if any, to be imposed, the Court must first find upon reconsideration of the evidence entered of record in the 2014 trial whether SB 14 was passed with a discriminatory purpose." Doc. 922, *supra*.

The logic of this Court's August 25, 2016 scheduling order applies equally today. SB 5, which was introduced on February 21, 2017, has no bearing on whether SB 14, enacted in 2011, was passed with unlawful discriminatory purpose. The only relevance SB 5 may have—if it passes the Legislature and is signed by the Governor, neither of which is guaranteed[3]—is at the final remedy stage. If this Court finds, as it should, that SB 14 was enacted with discriminatory intent, it will separately address the appropriate remedy. Indeed, this Court specifically limited the content of the briefing and this upcoming hearing to the issue of discriminatory

---

[3] Back in April 2015, a three-judge panel of the Fifth Circuit urged the Texas Legislature to take up new voter ID legislation that session, but Texas delayed for nearly two years. *See* Transcript of Oral Argument at 12-13, *Veasey v. Abbott*, (2015) (No. 14-41127).

4

purpose and directed the parties not to address potential remedies. *Id.*

While it is far from clear that SB 5 would properly address the defects of SB 14, the Court can address that matter—if SB 5 passes—at the proper time, the remedy stage. As the Fifth Circuit has recognized in this case, a finding of discriminatory purpose affects the necessary relief, including but not limited to the possibility of relief under Section 3(c) of the Voting Rights Act. *Veasey v. Abbott*, 830 F.3d 216, 230 n.11 (5th Cir. 2016) (en banc) (noting that "the remedy to which Plaintiffs would be entitled for a discriminatory intent violation is potentially broader than the remedy the district court may fashion for the discriminatory impact violation"). Thus, a determination regarding what effect, if any, SB 5 would have on the remedy for SB 14's discriminatory intent would be premature before a decision on whether SB 14 was passed with discriminatory intent.

If the Court finds a purpose violation, then the Court must approve any remedy of that violation, including prospective SB 5, to ensure its adequacy. *White v. Weiser*, 412 U.S. 783, 797 (1973) ("The District Court should not . . . refrain from providing remedies fully adequate to redress constitutional violations which have been adjudicated and must be rectified."); *see also N.C. NAACP v. McCrory*, 831 F.3d 204, 240-41 (4th Cir. 2016) (enjoining an unconstitutional photo ID law in its entirety—even though the state later amended one of the law's challenged provisions—where the evidence showed that the amendment did not

completely cure the constitutional violation). The Court's adjudication of the adequacy of a remedy must be based on its merits findings. *See Veasey*, 830 F.3d at 243 ("If the district court concludes that SB 14 was passed with a discriminatory intent, the district court should fashion an appropriate remedy in accord with its findings.").

SB 5 does not affect whether SB 14 was passed with a discriminatory intent, nor does it remove the need to make that determination. Therefore, the simple fact that a bill has been proposed does not justify further delay, which would push the remedy phase well past the end of the legislative session.

Furthermore, as discussed at length in the parties' August briefing, the *en banc* Fifth Circuit's opinion specifically addressed the timing of this Court's discriminatory purpose proceedings and did not instruct the District Court to "wait and see" what the Texas Legislature might do.[4] Rather, it contemplated proceedings moving forward, as soon as November 2016, alongside any Legislative deliberations: "Neither our ruling here *nor any ruling of the district court on remand* should prevent the Legislature from acting to ameliorate the issues raised in this opinion." *See Veasey*, 830 F.3d at 271–72 (only cautioning the district court to not make a final purpose determination until after the November

---

[4] The Private Plaintiffs fully incorporate herein, and do not repeat, the arguments they already presented to this Court in August, when the Court previously addressed this exact issue. *See* Private Plaintiffs' Proposed Briefing Schedule, Doc. 917 (Aug. 22, 2016); Private Plaintiffs' Reply Memorandum, Doc. 919 (Aug. 23, 2016).

2016 election).

These proceedings do not prevent the Legislature from acting to ameliorate SB 14's harms. Private Plaintiffs encourage Texas to do so. If it does, it certainly can submit any new legislation for this Court's approval at the remedy phase. This would clearly satisfy the principle that "courts clearly defer to the legislature in the first instance to undertake remedies for violations of § 2," *see* Doc. 995, although that principle is primarily applied where there is a *results*, not purpose violation.

Texas and the United States hinge most of their motion on the Fifth Circuit's uncontroversial statement that the Court should consider "the effect any interim legislative action taken with respect to SB 14 may have." *Veasey*, 830 F.3d at 272. However, for the reasons discussed above, that consideration would be most relevant, if at all, to the remedy, not the merits. In any event, the Texas Legislature has not yet passed any bill for the Court to consider. An instruction to take past legislative action into account, where relevant, is "a far cry from requiring this Court to lay in repose until the Texas legislature acts." United States Response to Proposed Briefing Schedule, Doc. 920, at 3 (Aug. 23, 2016).

For nearly four years, plaintiffs have suffered the denial or abridgment of their right to vote because of a law enacted with the intent to discriminate for nearly four years. They are entitled to full adjudication of their claims without further delay.

# CONCLUSION

In sum, Private Plaintiffs agree with the United States' clear position on this question as stated six months ago when it was initially presented:

> Defendants' insistence that this Court must delay consideration of the purpose claim until sometime far into the future is . . . simply incorrect. . . . Accepting any schedule that permits an allegedly purposefully discriminatory law to exist any longer than absolutely necessary is inappropriate in any circumstance, but especially given that SB 14 has been in effect in every Texas election since June 25, 2013. It is in the interest of justice that, once having provided the parties adequate time to address the issue, that the Court decide the purpose question at the earliest opportunity.

Doc. 920, *supra*.

Private Plaintiffs urge the Court to deny the motion and proceed with the hearing as scheduled.

Dated February 23, 2017

Respectfully submitted,

/s/ J. Gerald Hebert
J. GERALD HEBERT
DANIELLE LANG
CAMPAIGN LEGAL CENTER
1411 K Street NW Suite 1400
Washington, DC 20005

CHAD W. DUNN
K. SCOTT BRAZIL
BRAZIL & DUNN
4201 Cypress Creek Pkwy., Suite 530
Houston, Texas 77068

ARMAND G. DERFNER
DERFNER & ALTMAN

575 King Street, Suite B
Charleston, S.C. 29403

NEIL G. BARON
LAW OFFICE OF NEIL G. BARON
914 FM 517 W, Suite 242
Dickinson, Texas 77539

DAVID RICHARDS
RICHARDS, RODRIGUEZ & SKEITH, LLP
816 Congress Avenue, Suite 1200
Austin, Texas 78701

*Counsel for Veasey/LULAC Plaintiffs*

LUIS ROBERTO VERA, JR.
LAW OFFICE OF LUIS ROBERTO VERA JR.
111 Soledad, Ste 1325
San Antonio, TX 78205

*Counsel for LULAC*

/s/ Ezra D. Rosenberg
JON M. GREENBAUM
EZRA D. ROSENBERG
BRENDAN B. DOWNES
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1401 New York Avenue, N.W., Suite 400
Washington, D.C. 20005

WENDY WEISER
MYRNA PÉREZ
JENNIFER CLARK
THE BRENNAN CENTER FOR JUSTICE
AT NYU LAW SCHOOL
120 Broadway, Suite 1750
New York, New York 10271

9

SIDNEY S. ROSDEITCHER
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064

AMY L. RUDD
LINDSEY B. COHAN
DECHERT LLP
500 W. 6th Street, Suite 2010
Austin, Texas 78701

NEIL STEINER
DECHERT LLP
1095 Avenue of the Americas
New York, New York 1003-6797

JOSE GARZA
LAW OFFICE OF JOSE GARZA
7414 Robin Rest Drive
San Antonio, Texas 98209

DANIEL GAVIN COVICH
COVICH LAW FIRM LLC
Frost Bank Plaza
802 N Carancahua, Ste 2100
Corpus Christi, TX 78401

GARY BLEDSOE
THE BLEDSOE LAW FIRM PLLC
7901 Cameron Road, Bldg. 3, Suite 3-360
Austin, Texas 78754

VICTOR GOODE
NAACP
4805 Mt. Hope Drive
Baltimore, Maryland 21215

ROBERT NOTZON
THE LAW OFFICE OF ROBERT NOTZON

1502 West Avenue
Austin, Texas 78701

*Counsel for Plaintiffs Texas State Conference of NAACP Branches and The Mexican American Legislative Caucus of the Texas House of Representatives*

/s/ Robert W. Doggett
ROBERT W. DOGGETT
TEXAS RIOGRANDE LEGAL AID
4920 N. IH-35
Austin, Texas 78751

MARINDA VAN DALEN
TEXAS RIOGRANDE LEGAL AID
1206 East Van Buren
Brownsville, Texas 78520

JOSE GARZA
TEXAS RIOGRANDE LEGAL AID
1111 N. Main Ave.
San Antonio, Texas 78212

*Counsel for Lenard Taylor, Eulalio Mendez Jr., Lionel Estrada, Estela Garcia Espinoza, Margarito Martinez Lara, Maximina Martinez Lara, and La Union Del Pueblo Entero, Inc.*

/s/ Rolando L. Rios
ROLANDO L. RIOS
SBN: 16935900
115 E. Travis, Suite 1645
San Antonio, Texas 78205

*Attorney for Intervenor Texas Association of Hispanic County Judges and County Commissioners*

/s/ Leah Aden
SHERILLYN IFILL
JANAI NELSON
CHRISTINA A. SWARNS
COTY MONTAG
LEAH C. ADEN
DEUEL ROSS
NAACP LEGAL DEFENSE
AND EDUCATION FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006

JONATHAN PAIKIN
KELLY DUNBAR
TANIA FARANSSO
THADDEUS C. EAGLES
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006

*Counsel for the Texas League of Young Voters Education Fund and Imani Clark*

## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2017, I served a true and correct copy of the foregoing via the Court's ECF system to all counsel of record.

    */s/ J. Gerald Hebert*
    J. GERALD HEBERT
    CAMPAIGN LEGAL CENTER
    1411 K Street NW Suite 1400
    Washington, DC 20005
    (202) 736-2200
    ghebert@campaignlegalcenter.org