UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>GREG ABBOTT, *et al.*, )<br>)<br>Defendants. )<br>) | Civil Action No. 2:13-cv-193 (NGR)<br>[Lead Case] |

**UNITED STATES'S MOTION FOR VOLUNTARY DISMISSAL OF
DISCRIMINATORY PURPOSE CLAIM WITHOUT PREJUDICE**

A closely divided *en banc* Fifth Circuit decided the discriminatory effect claim, but remanded the discriminatory purpose claim for further adjudication by this Court. The Fifth Circuit specifically instructed that, on remand, the record on the purpose claim must be "supplemented . . . by legislative action, if any, that occurs after . . . remand," and that this Court must "bear[] in mind the effect any interim legislative action taken with respect to SB 14 may have." *Veasey v. Abbott*, 830 F.3d 216, 271–72 (5th Cir. 2016) (en banc). The Texas Legislature is now actively considering an amendment to its voter identification law—namely, the adoption of what the Fifth Circuit called an "appropriate amendment[]" of including "a reasonable impediment or indigency exception." *Id.* at 270. In light of this significant development and the Fifth Circuit's controlling instructions, the United States and Texas jointly moved for a continuance of the oral argument scheduled for February 28, 2017. The Court has denied that motion. Accordingly, the United States has determined that, rather than continuing to litigate the purpose claim on an evolving record, it should give full effect to the Fifth Circuit's directives by withdrawing that claim and allowing the Texas Legislature the opportunity to rectify any alleged infirmities with its voter

1

identification law.  Thus, out of due respect for the controlling opinion of the Fifth Circuit and for the comity necessary in our system of federalism, the United States has determined that it will not pursue its purpose claim at this time and respectfully moves for voluntary dismissal of that claim without prejudice.

## ARGUMENT

The allegation that a state legislature has acted with a discriminatory purpose is serious and requires courts to exercise "caution."  *Veasey*, 830 F.3d at 232–33.  The *en banc* Fifth Circuit reversed this Court's purpose finding and directed the Court on remand "to reexamine the discriminatory purpose claim in accordance with the proper legal standards . . . bearing in mind the effect any interim legislative action taken with respect to SB 14 may have."  *Id.* at 272.  The Fifth Circuit further elaborated:

> [A]ny new law would present a new circumstance not addressed here.  Such a new law may cure the deficiencies addressed in this opinion.  Neither our ruling here nor any ruling of the district court on remand should prevent the Legislature from acting to ameliorate the issues raised in this opinion.  Any concerns about a new bill would be the subject of a new appeal for another day.

*Id.* at 271.  The Fifth Circuit explained that "appropriate amendments" to the law challenged in this case "might include a reasonable impediment or indigency exception similar to those adopted, respectively, in North Carolina or Indiana."  *Id.* at 270.

The Fifth Circuit's invitation for legislative action comports with its prior consistent holdings that, under ordinary circumstances, "courts clearly defer to the legislature in the first instance to undertake remedies for violations of § 2."  *Miss. State Chapter, Operation Push, Inc. v. Mabus*, 932 F.2d 400, 406 (5th Cir. 1991); *see also Westwego Citizens for Better Gov't v. City of Westwego*, 946 F.2d 1109, 1124 (5th Cir. 1991) ("This Court has repeatedly held that it is appropriate to give affected political subdivisions at all levels of government the first opportunity

to devise remedies for violations of the Voting Rights Act."). The Supreme Court likewise has emphasized that, as a matter of federalism and comity, federal courts should allow state legislatures the first opportunity to remedy voting rights violations. *See, e.g.*, *Wise v. Lipscomb*, 437 U.S. 535, 540 (1978) ("When a federal court declares an existing apportionment scheme unconstitutional, it is therefore appropriate, whenever practicable, to afford a reasonable opportunity for the legislature to meet constitutional requirements by adopting a substitute measure rather than for the federal court to devise and order into effect its own plan.").

Such federal judicial deference to state legislative prerogatives was not possible at the time of the Fifth Circuit's decision on July 20, 2016: the 2016 federal and statewide general elections were impending; the Texas Legislature was not in session; and the State had not asked the federal courts to "defer to the Legislature in the first instance." *Veasey*, 830 F.3d at 270. Accordingly, the Fifth Circuit directed this Court to undertake the "unwelcome obligation" of devising an interim judicial remedy. *Id.* Thus, on remand, the parties agreed to, and the Court entered, the interim remedy that created a reasonable impediment exception. *Id.*; ECF No. 895. That interim remedy was used statewide for the 2016 general elections.

The circumstances have now changed dramatically: there are no impending federal or statewide elections; the Texas Legislature is currently convened in its biennial legislative session; and the State has asked the Court to defer to its ongoing legislative efforts to enact an appropriate amendment to its voter identification law. *See* Joint Motion To Continue February 28, 2017 Hearing, ECF No. 995. Specifically, the Texas Senate has introduced S.B. 5, which would create a statutory reasonable impediment exception similar to the interim remedy agreed to by all parties and entered by the Court. *See id.* at 1–2; *compare* S.B. 5, *available at* https://www.texasattorneygeneral.gov/files/epress/SB00005I.pdf, *with* ECF No. 895. Twenty of

Texas's thirty-one senators are co-authors of the bill, and Texas's Attorney General has issued a statement strongly supporting its enactment. *See* AG Paxton Applauds Leadership of Lt. Governor Patrick and Senator Huffman to Preserve Voter ID, *available at* https://texasattorneygeneral.gov/news/releases/ag-paxton-applauds-leadership-of-lt.-governor-patrick-and-senator-huffman-t.

As explained in the State Defendants' and the United States's joint motion, *see* ECF No. 995, the United States maintains that the appropriate course is to await the Texas Legislature's consideration of S.B. 5 before conducting any further proceedings in this case, *see, e.g.*, *Miss. State Chapter*, 932 F.2d at 406. Indeed, it is now "practicable" and "appropriate" to do so. *Wise*, 437 U.S. at 540. The Texas Legislature must act on S.B. 5 before May 29, 2017; the interim remedy will continue to govern any local elections that may be conducted between now and the end of the legislative session, *see* ECF No. 895; and a new law will "bear" on the "purpose claim" that the Court is "reexamin[ing]" on remand, *Veasey*, 830 F.3d at 272.

In fact, a new law may even "ameliorate the issues" that the Fifth Circuit "raised" and "cure the deficiencies" that the Fifth Circuit relied upon in remanding the purpose claim. *Id.* at 271. For example, a new law may eliminate what the Fifth Circuit held to be a "disproportionate effect of the [current law] on minorities," may put into place "ameliorative measures that might . . . lessen[] this impact," and may be enacted without "radical departures from normal procedures." *Id.* at 236–37. Thus, there is no basis for further judicial action at this juncture, when the State is "acting to ameliorate the issues raised" in this case and has requested reasonable time to do so. *Id.* at 271; *see also Miss. State Chapter*, 932 F.2d at 406; *Westwego Citizens for Better Gov't*, 946 F.2d at 1124; *Wise*, 437 U.S. at 540.

In light of the Court's decision to deny the joint motion and to proceed with the case, *see* ECF No. 997, the United States has determined that rather than continuing to litigate the serious purpose allegation on an evolving record, it should give full effect to the Fifth Circuit's instructions by withdrawing that claim and allowing the Texas Legislature the "first opportunity" to enact a new law that it has requested. *Westwego Citizens for Better Gov't*, 946 F.2d at 1124. The United States submits that, in the current posture of the case, deference to Texas's legislative action best comports with the directives of the Fifth Circuit, the decisions of United States Supreme Court, and the interests of federalism and comity animating those decisions.

The United States therefore has determined that it does not intend to pursue its purpose claim at this time, and moves the Court to dismiss that claim without prejudice. "[A]s a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). Moreover, a federal court "should freely give leave" to amend a party's complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). The State Defendants face no legal prejudice from the dismissal of a purpose claim against them. The Private Plaintiffs also face no legal prejudice because they remain free to litigate their claims as they deem fit.

Counsel for the United States has conferred with counsel for the other parties. The State Defendants advise they "consent to the motion." The Private Plaintiffs advise that they "take no position at this time on the United States' request to dismiss its claim, and do not consent to or agree with the reasoning or rationale stated by the United States in support of its motion, and reserve their right to file a response to this motion."

WHEREFORE, the Court should dismiss the United States's purpose claim without prejudice.

Date: February 27, 2017

KENNETH MAGIDSON
United States Attorney
Southern District of Texas

Respectfully submitted,

JOHN M. GORE
Deputy Assistant Attorney General
Civil Rights Division

*/s/ John M. Gore*
T. CHRISTIAN HERREN, JR.
MEREDITH BELL-PLATTS
RICHARD DELLHEIM
BRUCE I. GEAR
DANIEL J. FREEMAN
SAMUEL OLIKER-FRIEDLAND
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave. NW Room 7254 NWB
Washington, D.C. 20530

*Counsel for the United States*

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for the United States conferred with counsel for the State Defendants and counsel for the Private Plaintiffs via email on February 27, 2017 regarding the relief requested in this motion.  The State Defendants advise they "consent to the motion."  The Private Plaintiffs advise that they "take no position at this time on the United States' request to dismiss its claim, and do not consent to or agree with the reasoning or rationale stated by the United States in support of its motion, and reserve their right to file a response to this motion."

<em>/s/ John M. Gore</em>

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2017, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

*/s/ Samuel Oliker-Friedland*