# EXHIBIT

# A



OFFICE OF THE
ATTORNEY GENERAL OF TEXAS

*Veasey, et al. v. Abbott, et al.*



# Scope Of Court's Inquiry On Remand



> "The district court should then *reevaluate the evidence relevant to discriminatory intent and determine anew* whether the Legislature acted with a discriminatory intent in enacting SB 14."
>
> *Veasey, et al. v. Abbott, et al.*, 830 F.3d 216, 272 (5th Cir. 2016) (emphasis added).

# Direct Evidence From SB 14 Proponents

‣ Bill sponsors and proponents for SB 14 repeatedly stated that its purpose was to deter and detect voter fraud and safeguard voter confidence in the electoral system.



**Senator Fraser**: "The purpose was to protect the integrity of the voting box."
Trial Tr. 416:5-6 (Sept. 10, 2014) (Fraser) (ROA.101178).

**Lt. Gov. Dewhurst**: "It was the intent of the Legislature—it was the intent of the Lieutenant Governor, to pass . . . a photo voter I.D. bill which reduced fraud, and . . . to improve the confidence by the voters in Texas in our election process. . . ."
Trial Tr. 39:19-40:6 (Sept. 10, 2014) (Dewhurst) (ROA.100801-02).

**Representative Harless**: "Only a true photo ID bill can deter and detect fraud at the polls and can protect the public's confidence in the election."
DEF0001 (H.J. of Tex., 82d Leg., R.S. 918 (Mar. 23, 2011) (ROA.70855)).

3



# Direct Evidence From SB 14 Opponents

‣ Legislators and their staff uniformly denied that SB 14 was enacted for a discriminatory purpose.

- **Representative Anchia** – Did not hear anyone make a statement, in public or private, suggesting that SB 14 had a discriminatory intent. (ROA.99972-73)

- **Senator Davis** – Did not hear anyone make a statement, in public or private, suggesting that SB 14 had a discriminatory intent. (ROA.99655-56)

- **Representative Veasey** – Admits he has no evidence that any House member, other than Representative Berman, voted for SB 14 for the purpose of harming minority voters, and that he has no evidence that any member of the Senate voted for SB 14 for a discriminatory purpose.  (ROA 68797-98)



# Voter ID Opponents In Their Own Words

**Senator Whitmire**: "I don't … think you want to disenfranchise anybody."
(DEF0001 (Debate on S.B. 14 in the Senate Committee of the Whole, 82d Leg., R.S., 64:5-8 (Jan. 25, 2011)) (ROA.68948)).

**Senator Fraser**: "I want to make sure that the groups you're talking about, you know, women, minority, elderly, that they all have the right to vote; and I believe my bill does that."
**Senator Ellis**: "Okay. And I know that's your intent."
(DEF0001 (Debate on S.B. 14 in the Senate Committee of the Whole, 82d Leg., R.S., 201:6-10 (Jan. 25, 2011)) (ROA.68983).

**Representative Giddings**: "To Representative Brown and my good friend, Leo Berman, and my committee members, Mr. Bohac and others who have worked on this bill, let me say from the very beginning that I know that your intentions here are good and honorable, and I want to say that again. I truly believe that your intentions are good and honorable, and I believe it is a sincere attempt on your part to stop voter fraud."
(DEF0002 (Debate on Tex. H.B. 218 on the Floor of the House, 80th Leg., R.S., 3:5-13 (April 24, 2007) (ROA.76853)).



# *Arlington Heights* Factors

- Historical background of the decision
- Specific sequence of events leading up to the challenged decision
- Departures from the normal procedural sequences
- Substantive departures
- Legislative history



# The Legislature Did Not Have Knowledge Of Disparate Impact

▸ Elections Division Director of Secretary of State of Georgia testified that in the 16 elections Georgia had since implementing its voter ID law his office never received a single complaint that anyone was disenfranchised. (ROA.74975-76)

▸ Indiana Secretary of State testified that "there's been scant evidence of disenfranchisement or discrimination in Indiana." (ROA.69000)

▸ The Texas Legislature also learned that similar voter ID laws did not result in disenfranchisement as the opponents of those laws—just like opponents of SB 14—predicted. (ROA.73665, 73685, 73703)

▸ The Texas Legislature considered real-world empirical studies—as opposed to statistical estimates—showing that requiring voters to prove their identity with a photo ID did not negatively affect the ability of those entitled to vote. (ROA.73369, 73417, 73423)


# The Legislature Did Not Have Knowledge Of Disparate Impact

‣ Legislators were unaware that SB 14 would have a discriminatory impact on minority voters.

**Senator Ellis**: "I can no more prove, without [S.B. 14] being in effect, that it has the disparate impact that folks on my side are afraid of."

DEF0001 (Tex. Leg., Senate Committee of the Whole, 82d Leg., R.S., at 28 (Jan. 26, 2011) (ROA.70215)).



# The Legislature Did Not Have Knowledge Of Disparate Impact

‣ Legislators were unaware that SB 14 would have a discriminatory impact on minority voters.

Case 2:13-cv-00193 Document 588 Filed in TXSD on 09/11/14 Page 1 of 423

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

MARC VEASEY, ET AL.,          )
                              )
          Plaintiffs,         )
                              )
     vs.                      )
                              )
RICK PERRY, ET AL.,           )
                              )
          Defendants.         )

BENCH TRIAL

BEFORE THE HONORABLE N
UNITED STATES D

Appearances:          See Next
Court Recorder:       Genay Ro
Clerk:                Brandy C
Court Security Officer: Adrian P
Transcriber:          Exceptional Reporting Services, Inc.
                      P.O. Box 18668
                      Corpus Christi, TX 78480-8668
                      361 949-2988

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

EXCEPTIONAL REPORTING SERVICES, INC

14-41127.100763

**Lt. Gov. Dewhurst**: "Mr. Hebert was told that [SOS was] having difficulty in taking the list of driver's licenses in the DPS silo and the number of registered voters and names in the Secretary of State's Office and matching them. I don't understand why, but I was told that."

Trial Tr. 72:21-25 (Sept. 10, 2014) (Dewhurst) (ROA.100834).



# The Legislature Did Not Have Knowledge Of Disparate Impact

Case 2:13-cv-00193   Document 578   Filed in TXSD on 0...

UNITED STATES DISTRIC...
SOUTHERN DISTRICT O...
CORPUS CHRISTI DIV...

MARC VEASEY, ET AL.,        )      CA...
                            )
            Plaintiffs,     )          CIVIL
                            )
      vs.                   )      Corpus Christi, Texas
                            )
RICK PERRY, ET AL.,         )      Mon...
                            )      (7:...
            Defendants.     )      (1:...

BENCH TRIAL - DA...

BEFORE THE HONORABLE NELVA ...
UNITED STATES DISTRIC...

Appearances:            See Next Page...

Court Recorder:         Genay Rogan

Clerk:                  Brandy Cortez

Court Security Officer: Adrian Perez

Transcriber:            Exceptional R...
                        P.O. Box 1866
                        Corpus Christ...
                        361 949-2988

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

A        EXCEPTIONAL REPORTING SERVICES, INC

14-41127.99995

Rep. Smith testified that he remembered estimating that roughly 700,000 Texas voters lacked a driver's license.
Trial Tr. 327:11-329:7 (Sept. 8, 2014) (Smith) (ROA.100321-23).

This testimony proves nothing:
- No evidence that any legislator received this estimate.
- This estimate says nothing about the racial makeup of the group of voters lacking a driver's license.
- Driver's licenses are only one type of SB 14 ID.



# The Legislature Did Not Have Knowledge Of Disparate Impact

Case 2:13-cv-00193  Document 725-1  Filed in TXS

CONSIDERATION OF SENATE BIL

KENNEDY REPORTING SERV
512.474.2233
TX_0000106
JA_000105

**Senator Ellis**: Are you confident, Senator, that your bill would not have a disparate impact . . . on racial ethnic minorities?

**Senator Fraser**: I am –

**Senator Ellis**: Are you confident?

**Senator Fraser**: – absolutely sure. I would not have filed the bill if I had thought it—I want to make sure that every person in the state has a right to vote. . . . [A]nd I do not believe that in any way we're impacting that and that—that—you know, I want to make sure that the groups you're talking about, you know women, minority, elderly, that they all have the right to vote and I believe my bill does that.

**Senator Ellis**: Okay. And I know that's your intent.

**Senator Fraser**: Yes.

**Senator Ellis**: But you're confident that it will have no impact?

**Senator Fraser**: I'm very confident.

11



# The Legislature Did Not Have Knowledge Of Disparate Impact

Case 2:13-cv-00193   Document 725-14   Filed in TXSD on 11/17/14   Page 127 of 206

House Chambers Floor Debate, 2nd                              March 21, 2011
                                                                        36

**Representative Harless**: We've had two additional years to see that photo ID is working in other states. . . .
**Representative Anchia**: Is it . . . it possible that Latinos and African Americans in Texas will be put in a worse position in terms of electoral power as a result of Senate Bill 14?
**Representative Harless**: I believe with all my heart this bill will increase turnout of all voters in the State of Texas. . . . In the two states that have passed this type of voter—similar bills that—to our bill, they have showed increased in election for the minorities And I think that we will see the same results in Texas. This will increase turnout of all voters because of the restored confidence that their vote counts.

JA_002020                    14-41127.70897
                                             TX_00212661

# Historical Background

‣ Plaintiffs' reliance on acts by long-dead legislators occurring decades ago is not probative of legislative intent in 2011.

‣ Examples of purported discrimination by local jurisdictions and private entities in Texas are not probative of whether the Texas Legislature enacted SB 14 with a discriminatory purpose.

‣ Voting-related lawsuits and preclearance objection letters are not evidence of "official actions taken for an invidious purpose."

# Specific Sequence Of Events Leading To SB 14

Higher powers motivated the Texas Legislature to enact voter ID legislation:

- HAVA
- Carter-Baker Commission
- *Purcell v. Gonzalez*
- *Crawford v. Marion County Election Board*
- Adoption of voter ID requirements by other states



# Other States Adopted Election Reforms

- 2005 – Georgia and Indiana

- 2006 – Missouri and Ohio

- 2010 – Oklahoma

- 2011 – Legislation introduced in 34 states, including: Kansas, Tennessee, South Carolina, Wisconsin, Texas, Minnesota, Missouri, Montana, New Hampshire, and North Carolina

# Specific Sequence Of Events Leading To SB 14

Higher powers motivated the Texas Legislature to enact voter ID legislation:

- HAVA
- Carter-Baker Commission
- *Purcell v. Gonzalez*
- *Crawford v. Marion County Election Board*
- Adoption of voter ID requirements by other states
- Public opinion supported voter ID requirements



# Broad Support In Texas In Favor Of Voter ID



58% of Democrats favored a photo-voter ID law.

# Broad Support In Texas In Favor Of Voter ID





68% of Latinos and 63% of African-Americans favored a photo-voter ID law.

‣ The timing of HB 1706 (2005) demonstrates that voter ID proponents could not have been motivated by the demographic shift.

- • Census Bureau's first announcement regarding Texas's status as a majority-minority state was in August 2005.

- • The Legislature introduced HB 1706 at the beginning of the 2005 session.



# The Legislative Road To SB 14

## 2001

## 2003

**HB 744**
Democrat introduces first voter ID bill.

Legislature enacts laws to strengthen and modernize the election system.

# Mail-In Voter Fraud

‣ The Legislature prioritized mail-in ballot fraud before it addressed in-person voter fraud in SB 14.

- 2003 Legislative Session: HB 54
- 2007 Legislative Session: HB 1987, SB 90
- 2011 Legislative Session: HB 2449

# The Legislative Road To SB 14

| 2001 | 2003 | 2005 | 2007 | 2009 | 2011 |

**HB 744**
Democrat introduces first voter ID bill.

Legislature enacts laws to strengthen and modernize the election system.

**HB 1706**
Voter ID bill is pressed by Republicans and blocked by Democrats in the Senate.

**HB 218**
Democrats in the Senate kill the Voter ID bill.

**SB 362**
Voter ID bill is "chubbed to death" by Democrats in the House.

# SB 14's "Procedural Departures" Had Nothing To Do With Discrimination

▶ Governor's designation of SB 14 as an emergency item

▶ Designation of SB 14 as a special calendar item in the Senate

▶ Disbanding the two-thirds rule in the Senate

▶ Senate's use of the Committee of the Whole

▶ Inclusion of a fiscal note



# Rejection of Amendments To SB 14 Is Not Evidence Of An Intent To Discriminate

▸ Many ameliorative amendments proposed by Democrats were adopted in the Texas Senate.

- Senator Hinojosa proposed an amendment to allow concealed handgun permits to be used as voter ID. This was adopted unanimously. (ROA.70125)

- Senator Lucio offered an amendment to allow the use of certain expired IDs. This was adopted unanimously. (ROA.70129)

- Senator Davis proposed an indigent affidavit exception. Although she withdrew the amendment, it was incorporated into a more comprehensive amendment offered by Senator Duncan. The amendment was adopted unanimously by the Senate. (ROA.70141)



TEXAS SENATE STAFF SERVICES
JGH:rjm/336/FLSB14012611CD1SII/031912
82ND LEGISLATIVE SESSION
EXCERPT: SENATE BILL 14
JANUARY 26, 2011
COMPACT DISC 1, SECTION II

20

Gallegos to explain Floor Amendment 25.

GALLEGOS         :   Thank you, Mr. Chairman.   Mr.
President, Members, this amendment, Members, requires at least one DPS
office, if you've got, if everybody's got their map of Houston that's being
passed out, that processes drivers license and personal ID cards be
established for every 15 voting precincts in the area.   Members, there's a,
almost, there's over 900 precincts in Harris County, and almost 800 of those
are inside the city.   And, what this does, this would not close down any
existing offices but, as you see, inside the 610 Loop, on the map that I have
passed out, there, there, there's none.   Zero DPS precincts in that area.   And, I,
Members, mo--mobility and personal transportation tend to be directly
related to, really, personal wealth and citizens that ta--part of th--
district are below that, and are less likely to have a driver's license.   A
likely to be without transportation and as a re--there's an
additional economic burdens in the form of transportation
of Texans that is, tha--at the worst position to deal wit
this bill mandates every Texan to have a photo ID the
have access, especially in Houston, and, I didn't pass out
almost similar.   Dallas only has one, Senator West.

: (Yeah.)

GALLEGOS         :   Fort Worth, Sena
none inside, and in, and in, for the, for those from San A
two and those are at the edge of the outlying areas.   So
is, I mean, seeing is believing and you see the map of H
There's no DPS centers inside 610.   Those of you who, t
Houston, that know Houston, inside the 610 is huge.   I ju
there's almost 800 precincts in this area.   And no DPS centers in this area.   If
we're gonna mandate to Texans that they must have a photo ID, then we, we
deserve to, to pre--provide them with access, whether it be Houston, Dallas,
Fort Worth, San Antonio, or anywhere.   Senator Uresti's area, those area, we
must provide them with access.   And, at least on a bus route where they can
at least pay a bus to get to that location.   Not a single one in Houston, Texas,
Members, is the map that I'm showing you in front of you.   And for that I'm
asking that, that my amendment, an--and I'm, I move on my amendment
Mist--Mr. Chairman, Mr. President.

PRESIDENT        :   Thank you, Senator Gallegos.   The
Chair recognizes Senator Fraser on Floor Amendment 25.

FRASER           :   Senator, we, we appreciate your, your,
your effort to move forward on this and we wanna make sure that ev--every
person given the right to get an ID an--and, an--and vote, but I don't think
Senate Bill 14 is the appropriate vehicle to debate DPS operations.   I think
it's probably likely to be with your suggestion.   There's a, probably a large
expense connected with it that would have to be looked at by the Finance
Committee.   And, based on that, I would move to table Amendment 25.

JA_001329                           14-41127.70206

TX_00203431

...uing documents used to obtain
...h certificate.

...4's impact on voters
...photo ID

**Senator Fraser**: "I don't think Senate Bill 14 is the appropriate vehicle to debate DPS operations."



# Other Amendments Were Rejected For Legitimate Reasons

Case 2:13-cv-00193   Document 588   Filed in TXSD on 09/11/14   Page 1 of 423

UNITED STATES DISTRICT
SOUTHERN DISTRICT OF
CORPUS CHRISTI DIVISI

MARC VEASEY, ET AL.,
                    Plaintiffs,

        vs.

RICK PERRY, ET AL.,
                    Defendants.

BENCH TRIAL - DAY 7

BEFORE THE HONORABLE NELVA GONZALES RAMOS,
UNITED STATES DISTRICT JUDGE

Appearances:            See Next Page

Court Recorder:         Genay Rogan / Lori Cayce

Clerk:                  Brandy Cortez

Court Security Officer:  Adrian Perez

Transcriber:            Exceptional Reporting Services, Inc.
                        P.O. Box 18668
                        Corpus Christi, TX 78480-8668
                        361 949-2988

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

EXCEPTIONAL REPORTING SERVICES, INC

14-41127.100763

**Lt. Gov. Dewhurst**: "[I]t was my intent during the implementation, once the bill had passed -- during the implementation of the bill by the agencies to reduce that cost."



Case 2:13-cv-00193   Document 715-11   Filed in TXSD on 1...

TOMMY WILLIAMS
HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

## Sen. Williams:

> 20  A.  Primarily, it makes it very difficult for the
> 21  person who's working at the polls -- they have so many
> 22  things that they have to look at -- and they don't
> 23  know whether it's a valid document or not.

U.S. LEGAL SUPPORT
(800) 567-8757

14-41127.62696



# The House Removed The Indigent Affidavit Exception At The Insistence Of Democrats

‣ The House removed the provision in the Senate version of SB 14 that allowed the indigent to vote without a photo ID by swearing an affidavit of their indigency.





# No Evidence Of Shifting Rationales

PL275
9/2/2014
2:13-cv-00193

From:              Bryan Hebert
Sent:              Monday, January 24, 2011 10:04 AM
To:                Jason Baxter; Amanda Montagne; Ryan LaRue_SC
Subject:           RE: Voter ID Talking Points & Analysis

Some of that is fine, but avoid talking about illegals and registration. We are not doing this to crack down on illegals, but to generally strengthen the security and integrity of the voting process. This is a bill about voting, not registering (though some mention of registration fraud is useful to show that fraud exists generally in the system).

Bryan Hebert
Deputy General Counsel
Office of the Lieutenant Governor
512-463-0001

From: Jason Baxter
Sent: Monday, January 24, 2011 10:00 AM
To: Amanda Montagne; Ryan LaRue_SC
Cc: Bryan Hebert
Subject: FW: Voter ID Talking Points & Analysis

FYI

From: Brent Connett [mailto:brent@txcc.org]
Sent: Monday, January 24, 2011 9:57 AM
To: brent@txcc.org
Cc: tom@txcc.org
Subject: Voter ID Talking Points & Analysis

Senators,

In advance of your Committee of the Whole Senate meeting today, please see the attached document on election integrity. The piece recommends:

    The Legislature must secure the integrity of elections by verifying the citizenship,
    requiring a photo ID to vote, removing non-qualified voters from voter registration,
    ballot security.

In addition to providing recommendations and talking points, this paper provides background on successful voter identification laws in Georgia and Indiana.

Sincerely,

Brent Connett
Texas Conservative Coalition
512-474-1798 (office)
512-799-8360 (cell)
txcc.org
facebook.com/txconservativecoalition

EXHIBIT
168
Hebert

HIGHLY CONFIDENTIAL

TX_00081510
14-41127.38994

"We are not doing this to crack down on illegals, but to generally strengthen the security and integrity of the voting process."



# No Evidence Of Shifting Rationales

**TALKING POINTS (82R)**

I.  THE THREAT OF FRAUD IS REAL
- Deceased voters, felons, duplicate registrations, and non-residents remain on voter rolls (2007 *State Auditor report found over 49,000 of these possible ineligible voters*)
- Fraudulent registration applications are rampant (*over 6,000 applications by non-citizens rejected in Harris County from 2004-2007, 2008 ACORN and 2010 Houston Votes registration scandals made national news*)
- Texas Election Administration Management (TEAM) system is improving, but continues to have accuracy problems
- Current election system is inadequate to catch in-person voting fraud

II.  THIS BILL PROTECTS TEXAS VOTERS
- Deters and detects fraud
- Improves and modernizes election procedures
- Protects against fraud enabled by inaccurate registration rolls
- Counts only eligible voters' votes
- Protects public confidence in elections

*(These points are taken directly from Supreme Court opinion describing Indiana's "legitimate state interests" in adopting photo ID)*

III.  THIS BILL REPRESENTS AN ATTEMPT TO ENSURE THAT EVER[Y] VOTER CAN VOTE AND THAT ONLY LEGITIMATE VOTES ARE

- Simplified bill requires photo ID
- includes exemption for voters over 70 and a procedure for counting ballots
- Similar to Indiana and Georgia laws (which were both upheld by the authorities)
- Requires months of statewide voter education efforts before law take[s]

HIGHLY CONFIDENTIAL

TX_00262647
14-41127.38982

The talking points from Hebert continued to highlight the problem of "non-citizen[]" registrants.



# Concerns About Preclearance Are Not Evidence of Discriminatory Purpose



> Blaine mentioned that your boss had some concerns about whether Fraser's voter ID bill complied with the Voting Rights Act. As you know, all changes to Texas election law have to be pre-cleared by the DOJ or the DC Circuit Court. The good news is that the US Supreme Court has already upheld a similar photo ID law in Indiana. Below are some notes I prepared last session that incorporate parts of the Court's findings in that case. Let me know if you want to chat more.

A concern about preclearance is evidence that the Legislature acted with a proper purpose, not a discriminatory purpose.

HIGHLY CONFIDENTIAL



# Concerns About Preclearance Are Not Evidence of Discriminatory Purpose

**REASONS TO SUPPORT SB362 AS FILED**

(1) This bill improves security in election process but is not as restrictive as Indiana and Georgia. There is less chance of disenfranchising elderly, poor, or minority voters.

(2) This is a compromise bill that is basically the same bill that passed the House and the Senate State Affairs Committee last session.

(3) Senators Fraser, Williams, and Duncan support this version of the bill, and are explaining it to members of Senate and House.

(4) Potentially gets support from conservative House Democrats (Ritter, Hopson, and Homer) and undecided House Republicans (Merritt and Jones).

(5) Increases chances of federal pre-clearance (because many forms of ID are acceptable, and provisional ballot procedure is less burdensome).

(1) This bill improves security in election process but is not as restrictive as Indiana and Georgia. There is less chance of disenfranchising elderly, poor, or minority voters.

(5) Increases chances of federal pre-clearance (because many forms of ID are acceptable, and provisional ballot procedure is less burdensome).

HIGHLY CONFIDENTIAL

TX_00087008
14-41127.38397



# Concerns About Preclearance Are Not Evidence of Discriminatory Purpose

PL272
9/2/2014
2:13-cv-00193

From: Jonathan Stinson
Sent: Saturday, January 22, 2011 4:54 PM
To: 'jlawyer119@aol.com'; Wroe Jackson
Subject: Fw: preclearance
Attachments: VOTE - DOJ review.docx

**From: Bryan Hebert**
**To: Jason Baxter; Janice McCoy; Jonathan Stinson**
**Cc: Blaine Brunson; Julia Rathgeber**
**Sent: Sat Jan 22 16:41:19 2011**
**Subject: preclearance**

Attached is a memo I've prepared assessing the chances of a Texas photo ID law being pre-cleared by the Obama DOJ. The bottom line: doubtful. To increase our chances, we might consider adding a longer list of acceptable photo IDs. I'd suggest using the language in Georgia's law (ie. any ID issued by the federal govt, state govt, or local govt within the state). At a minimum, we might use the language used in our bill that passed last session: "a valid identification card that contains the person's photograph and is issued by: (A) an agency or institution of the federal government; or (B) an agency, institution, or political subdivision of this state."



HIGHLY CONFIDENTIAL

TX_00262650
14-41127.38985



# Evidence of In-Person Voter Fraud

▶ There is no requirement that the Legislature needed concrete evidence before it enacted SB 14. *See Crawford*, 533 U.S. at 194.

▶ The Legislature had ample evidence before it that voter fraud existed.

- Testimony before the House Select Committee on Voter Identification and Voter Fraud regarding SB 14. (ROA.70559-61, 70638-39, 70701-04)

- Testimony before Senate Committee of the Whole regarding SB 14. (ROA.73453)

- Observations by the Carter-Baker Commission. (ROA.73501)

- Testimony from prior legislative sessions regarding voter ID. (ROA.73453)

34