UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARC VEASEY, *et al.*, § § | | |
| Plaintiffs, § | | |
| v. § | CIVIL ACTION NO. 2:13-CV-00193 | |
| § | | |
| GREG ABBOTT, *et al.*, § | | |
| § | | |
| Defendants. § | | |

**DEFENDANTS' ADVISORY REGARDING RECORD EVIDENCE ON VOTER FRAUD**

The State Defendants submit this advisory to address a question raised by the Court at the February 28 hearing on the issue of discriminatory purpose. The Court inquired whether the record evidence contained testimony from witnesses on the existence of in-person voter fraud. The record before the Court does contain such evidence.

At trial, the State Defendants offered the testimony of Major Forest Mitchell who stated that he had investigated multiple instances of election fraud that were referred to the Texas Attorney General's Office for investigation since 2005. Defendants' Findings of Fact ¶ 204 (Mitchell Sec. 5 Dep. 216:17 (ROA.68304)) (ECF No. 966). Plaintiffs' own voter-fraud expert, Dr. Minnite, testified that she found evidence of four instances of in-person voter fraud in Texas since 2011. *Id.* ¶ 205 (Trial Tr. 135:1-6 (Sept. 8, 2014) (Minnite) (ROA.100129)). In addition, testimony was introduced from federal officials in the Department of Justice and various United States Attorneys' offices regarding their prosecution of election-fraud crimes in Texas, including instances of non-citizen voting. *See* Defendants' Sealed Findings of

1

Fact ¶¶ 247-252 (ECF No. 965); *see also* Defendants' Findings of Fact ¶ 238 (DEF2537, Dep't of Justice, Elections Crimes Branch, Federal Prosecution of Election Offenses at 41-43 (7th ed. May 2007) (ROA.95242-44) (describing prosecutions of in-person and non-citizen voter fraud under 42 U.S.C. § 1973i(c), and noting that federal prosecutors have no jurisdiction to prosecute fraud where there is no federal official on the ballot)) (ECF No. 966). Another witness for the Plaintiffs testified that he had litigated "scores" of election contests involving illegal voting in Texas. Defendants' Findings of Fact ¶ 238 (Trial Tr. 196:24-197:6 (Sept. 3, 2014) (Wood) (ROA.99128-29)); *id.* at 216:3-217:18 (ROA.99148-49) (describing illegal and ineligible votes cast in an election that was decided by a coin flip)) (ECF No. 966).

The legislative record, which is part of the record before this Court, is likewise replete with evidence that voter fraud exists in Texas, and outside of Texas. For instance, in 2011, the House Select Committee on Voter Identification and Voter Fraud heard testimony from individuals who had personally witnessed instances of people voting more than once at a single polling place in Texas. Defendants' Findings of Fact ¶ 239 (DEF0001, Tex. Leg., House Select Committee on Voter ID and Voter Fraud Hearing, 82d Leg., R.S., vol. II at 181-83, 260-61 (Mar. 1, 2011) (ROA.70559-61, 70638-39)) (ECF No. 966). The House Select Committee heard testimony in 2011 that the Texas Attorney General's Office had investigated approximately 12 cases of voter impersonation since 2002. *Id.* (DEF0001, Tex. Leg., House Select Committee on Voter ID and Voter Fraud Hearing, 82d Leg., R.S., vol. II at 323-26 (Mar. 1, 2011) (ROA.70701-04)). Additionally, Representative Aaron Peña, who voted in favor of S.B.

14 testified that his "campaign worker's father" had "voted against" him despite that worker's father being "deceased." *Id.* ¶ 242 (DEF0001, Debate on S.B. 14 on the Floor of the House, 82d Leg., R.S., vol. III, at 117:7-9 (March 23, 2011) (ROA.71571)). The House Elections Committee heard testimony in a prior legislative session from Paul Bettencourt, Harris County's Tax Assessor and Acting Voter Registrar, about registration fraud and voting by the deceased in Harris County. *Id.* ¶ 245 (House Elections Committee, Interim Report to the 81st Texas Legislature at 40 (Jan. 2009), *available at* http://www.lrl.state.tx.us/scanned/interim/80/EL25he.pdf). The Texas Legislature also took notice of the Carter-Baker Commission's observation of voter fraud in Wisconsin. *Id.* ¶ 244 (Exhibit 18 at 4 (ROA.73501)). None of this evidence is hearsay. The Court admitted the evidence from the legislative record and any hearsay objection was waived at the time of trial.[1]

This evidence of in-person voter fraud considered by the Texas Legislature at the time it enacted S.B. 14 and the testimony presented at trial far exceeds the evidence that the Supreme Court held to be sufficient in *Crawford*. There, the Court expressly noted, "The record contains no evidence of any [in-person voter impersonation] fraud actually occurring in Indiana at any time in its history." *Crawford v. Marion Cnty. Election Bd.*, 553 U.S. 181, 194-95 (2008) (plurality opinion). And the only recent instance of voter fraud in Indiana was "perpetrated

---

[1] Regardless, the legislative-record evidence is not hearsay in this context. The mere fact that the Legislature heard this legislative-record evidence about in-person voter fraud is significant probative evidence of the Legislature's *intent*—wholly separate from the truth of the proposition asserted by this evidence (which, in all events, was corroborated with trial testimony showing instances of in-person voter fraud, as explained above). *See, e.g., United States v. Obregon-Reyes*, 507 F. App'x 413, 424 (5th Cir. 2013) (citing *United States v. Parry*, 649 F.2d 292, 295 (5th Cir. 1981)).

using absentee ballots and not in-person fraud." *Id.* at 195-96. The Supreme Court nevertheless held that the threat of voter fraud—even without evidence that in-person voter fraud had ever occurred in Indiana—was sufficient to justify a photo-voter-ID law. *Id.* at 196 (holding that the evidence was sufficient to "demonstrate that not only is the risk of voter fraud real but that it could affect the outcome of a close election"). S.B. 14 was designed to help detect such unlawful conduct at polling places, deter those who attempt to unlawfully interfere with the democratic process, and prevent election fraud in the future. Defendants' Findings of Fact ¶ 237 (Trial Tr. 17:14-18:10 (Sept. 10, 2014) (Dewhurst) (ROA.100779-80); *see also* DEF0001 (Tex. Leg., Senate Committee of the Whole, 81st Leg., R.S., Exhibit 14 at 3 (March 10, 2009) (ROA.73454) (written testimony by former election official Hans A. von Spakovsky that "[t]here are enough incidents of voter fraud to make it very clear that we must take the steps necessary to make it hard to commit. Requiring voter ID is just one such common sense step.")) (ECF No. 966).

Date: March 7, 2017                     Respectfully submitted.

                                        KEN PAXTON
                                        Attorney General of Texas

                                        JEFFREY C. MATEER
                                        First Assistant Attorney General

                                        BRANTLEY D. STARR
                                        Deputy First Assistant Attorney General

                                        JAMES E. DAVIS
                                        Deputy Attorney General for Litigation

                                        /s/ Angela V. Colmenero
                                        ANGELA V. COLMENERO
                                        Chief, General Litigation Division

                                        MATTHEW H. FREDERICK
                                        Deputy Solicitor General

                                        JASON LAFOND
                                        Assistant Solicitor General

                                        OFFICE OF THE ATTORNEY GENERAL
                                        P.O. Box 12548 (MC 059)
                                        Austin, Texas  78711-2548
                                        Tel.: (512) 936-1700
                                        Fax: (512) 474-2697

                                        *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2017, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

                                        /s/ Angela V. Colmenero
                                        ANGELA V. COLMENERO