

# Brazil & Dunn

Attorneys at Law

**Scott Brazil**
Member, American Board of
Trial Advocates
Board Certified Civil Trial
Board Certified Personal Injury Trial Law
Texas Board of Legal Specialization

**Chad W. Dunn**
Member, American Board of
Trial Advocates
Board Certified Personal Injury Trial Law
Texas Board of Legal Specialization

www.BrazilAndDunn.com

4201 Cypress Creek Pkwy
Suite 530
Houston, Texas 77068
281/580-6310 | office
281/580-6362 | fax

1200 Brickell Ave
Suite 1950
Miami, Florida 33131
305/783-2190 | office
305/783-2268 | fax

March 14, 2017

Honorable Nelva Gonzales Ramos
United States District Court
Southern District of Texas
Corpus Christi Division
113 N. Shoreline Boulevard
Corpus Christi, Texas 78401

Re:   Case No. 2:13-cv-00193; *Marc Veasey, et al. vs. Greg Abbott, et al.*;
      In the United States District Court for the Southern District of
      Texas, Corpus Christi Division.

Honorable Judge Ramos:

   On Friday, March 10, 2017, the three-judge district court in the Western District of Texas - San Antonio Division issued an order concerning constitutional and Voting Rights Act challenges with respect to the congressional redistricting plan passed by the Texas Legislature in 2011. In this decision, which we attach, the district court gives careful consideration to Texas's argument that legislation passed by the 2013 Legislature rendered the case against the 2011 redistricting plans moot. Given that Texas makes a nearly identical argument concerning SB 14 and SB 5, the voter ID bill now under consideration, we thought the Court would benefit from this new decision.

   The procedural history of the redistricting challenge in quite complex and not dissimilar to the events concerning the SB 14 challenges. Texas passed redistricting plans in 2011, but a three-judge federal district court in the District of Columbia declined to pre-clear the plans. As a result, the San Antonio district court was left with the "unwelcome obligation" to draw plans for use in the 2012 elections. The plans drawn by the district court were appealed to the Supreme

March 14, 2017
Page 2

Court, which reversed, and set out the standard the district court was to use in drawing interim plans in light of the fact that a final judgment had not been entered on the 2011 plans. The district court drew those "interim" plans, which were implemented and, the Legislature later adopted the interim plans with some limited revision. Texas then took the position that the 2011 challenges were moot. Plaintiffs in that case continued to maintain that (1) the 2011 plans were adopted with a discriminatory intent; (2) the 2011 plans entitled Plaintiffs to 3(c) relief; (3) the adopted interim 2013 plans continued to contain important features from the 2011 plans that were infected with a discriminatory purpose; and (4) the interim plans did not fully remedy the discriminatory effects of the 2011 plans.

In the decision issued Friday, the three-judge court majority opinion held: "Plaintiffs should not have to jump through additional hoops to prove that the 2011 mapdrawers' intent carried forward to the 2013 Legislature when Plaintiffs' fundamental claims are that the 2011 mapdrawers acted with discriminatory intent, Plaintiffs are still being harmed by the districts drawn with that intent, and Plaintiffs have potential relief available under § 3(c) for that harm." *Perez v. Abbott*, 5:11-CV-00360-OLG-JES-XR, ECF 1339, p. 5 (March 10, 2017) (attached). Circuit Judge Smith had argued that the attorney fee decision concerning the challenge to the 2011 Texas Senate plans (*Davis v. Abbott*, 781 F.3d 207 (5th Cir. 2015)) compelled a finding that the 2011 redistricting challenges were moot. But the majority rejected that argument. *Id.* at pp. 3-6.

Texas pushed through the interim court-imposed remedy concerning redistricting in order to later argue that the full harm had been cured and that the case was now moot. Texas now tries to do the same here. This Court should follow the analysis and conclusion reached by the redistricting court majority and find that this case is not moot because (1) the harms have not been fully remedied; (2) Private Plaintiffs seek 3(c) relief, which remains a live controversy; and (3) the architecture of SB 5, the would be remedial legislative measure, remains invidiously similar to that of SB 14.

Respectfully Submitted,

/s/ Chad W. Dunn
CHAD W. DUNN
K. SCOTT BRAZIL
BRAZIL & DUNN
4201 Cypress Creek Pkwy., Suite 530
Houston, Texas 77068

J. GERALD HEBERT
DANIELLE M. LANG
Campaign Legal Center
1411 K Street NW Suite 1400
Washington, DC 20005

March 14, 2017
Page 3

    ARMAND G. DERFNER
    Derfner & Altman
    575 King Street, Suite B
    Charleston, S.C. 29403

    NEIL G. BARON
    Law Office of Neil G. Baron
    914 FM 517 W, Suite 242
    Dickinson, Texas 77539


    DAVID RICHARDS
    Richards, Rodriguez & Skeith, LLP
    816 Congress Avenue, Suite 1200
    Austin, Texas 78701

    *Counsel for Veasey/LULAC Plaintiffs*


    /s/ Lindsey B. Cohan
    JON M. GREENBAUM
    EZRA D. ROSENBERG
    BRENDAN B. DOWNES
    Lawyers' Committee for
    Civil Rights Under Law
    1401 New York Avenue NW Suite 400
    Washington, D.C. 20005

    WENDY WEISER
    MYRNA PÉREZ
    JENNIFER CLARK
    The Brennan Center for Justice at NYU Law School
    161 Avenue of the Americas, Floor 12
    New York, New York 10013-1205

    SIDNEY S. ROSDEITCHER
    Paul, Weiss, Rifkind, Wharton & Garrison LLP
    1285 Avenue of the Americas
    New York, New York 10019-6064

    AMY L. RUDD
    LINDSEY B. COHAN

March 14, 2017
Page 4

        Dechert LLP
        500 W. 6th Street, Suite 2010
        Austin, Texas 78701

        NEIL STEINER
        Dechert LLP
        1095 Avenue of the Americas
        New York, New York 10036-6797

        JOSE GARZA
        Law Office of Jose Garza
        7414 Robin Rest Drive
        San Antonio, Texas 98209

        DANIEL GAVIN COVICH
        Covich Law Firm LLC
        Frost Bank Plaza
        802 N Carancahua, Ste 2100
        Corpus Christi, TX 78401

        GARY BLEDSOE
        Potter Bledsoe, LLP
        316 W. 12th Street, Suite 307
        Austin, Texas 78701

        VICTOR GOODE
        NAACP
        4805 Mt. Hope Drive
        Baltimore, Maryland 21215

        ROBERT NOTZON
        The Law Office of Robert Notzon
        1502 West Avenue
        Austin, Texas 78701

        *Counsel for the Texas State Conference of NAACP Branches and the Mexican American Legislative Caucus of the Texas House of Representatives*

        /s/ Janai Nelson
        SHERRILYN IFILL
        JANAI NELSON
        CHRISTINA A. SWARNS

March 14, 2017
Page 5

      COTY MONTAR
      LEAH C. ADEN
      DEUEL ROSS
      NAACP Legal Defense and Education Fund, Inc.
      40 Rector Street, 5th Floor
      New York, NY 10006

      JONATHAN PAIKIN
      KELLY DUNBAR
      TANIA FARANSSO
      THADDEUS C. EAGLES
      Wilmer Cutler Pickering Hale and Dorr LLP
      1875 Pennsylvania Avenue, NW
      Washington, DC 20006

      *Counsel for Imani Clark*

      LUIS ROBERTO VERA, JR.
      Law Office of Luis Roberto Vera Jr.
      111 Soledad, Ste 1325
      San Antonio, TX 78205

      *Counsel for LULAC*


      /s/ Rolando L. Rios
      ROLANDO L. RIOS
      115 E. Travis, Suite 1645
      San Antonio, Texas 78205

      *Counsel for the Texas Association of Hispanic County Judges and County Commissioners*


      /s/ Marinda van Dalen
      ROBERT W. DOGGETT
      SHOSHANA J. KRIEGER
      Texas RioGrande Legal Aid
      4920 N. IH-35
      Austin, Texas 78751

      MARINDA VAN DALEN
      Texas RioGrande Legal Aid
      531 East St. Francis St.

March 14, 2017
Page 6

        Brownsville, Texas 78529

        JOSE GARZA
        Texas RioGrande Legal Aid
        1111 N. Main Ave.
        San Antonio, Texas 78212

        *Counsel for Lenard Taylor, Eulalio Mendez Jr., Lionel Estrada, Estela Garcia Espinoza, Maximina Martinez Lara, and La Union Del Pueblo Entero, Inc.*