UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al*, | § |
| | § |
| Plaintiffs, | § |
| VS. | § CIVIL ACTION NO. 2:13-CV-193 |
| | § |
| GREG ABBOTT, *et al*, | § |
| | § |
| Defendants. | § |

### ORDER ON VEASEY-LULAC PLAINTIFFS' MOTION TO ORDER THE PAYMENT OF CERTAIN EXPERT WITNESS EXPENSES

Before the Court is the Veasey-LULAC Plaintiffs' (Plaintiffs) motion to order Defendants to pay fees and expenses incurred by Plaintiffs' experts in responding to Defendants' deposition requests. (D.E. 824) Defendants filed a response to the motion (D.E. 826) and Plaintiffs filed a reply (D.E. 828). For the reasons set out below, the motion is GRANTED IN PART AND DENIED IN PART.

Under Federal Rule of Civil Procedure 26(b)(4)(E), each party has the obligation to pay reasonable fees and expenses generated by experts responding to discovery. The rule states:

> Unless manifest injustice would result, the court must require that the party seeking discovery:
>
> (i) Pay the expert a reasonable fee for time spent in responding to discovery under rule 26(b)(4)(A) or (D); and
>
> (ii) For discovery under (D), also pay the other party a fair portion of the fees and expenses it reasonably incurred in obtaining the expert's facts and opinions.

Fed. R. Civ. P. 26(b)(4)(E). "The mandatory nature of this Rule is tempered by two limitations: 1) the costs may not be imposed if doing so would result in manifest injustice; and 2) the expert's fee must be reasonable." *Paz v. Our Lady of Lourdes Reg'l Med. Ctr., Inc.*, Civil Action No. 01-2693, 2009 WL 1401696, at *2 (W.D. La. May 19, 2009).

The Fifth Circuit has not addressed whether Rule 26(b)(4)(E) covers fees for time spent preparing for a deposition. Other courts are split on whether the rule allows for such compensation with a slim majority allowing recovery as long as the fees are reasonable. *Borel v. Chevron U.S.A., Inc.*, 265 F.R.D. 275, 277 (E.D. La. 2010) (collecting cases); *see also Paz*, 2009 WL 1401696, at *2. District courts within the Fifth Circuit have generally found that time spent preparing for a deposition is compensable under Rule 26(b)(4)(E).[1]

---

[1] *Script Sec. Solutions v. Amazon.com, Inc.*, No. 2:15-CV-1030-WCB, 2016 WL 6649721, at *6 (E.D. Tex. Nov. 10, 2016) ("The Court agrees with those courts that have allowed payment for preparation time, but only when the expert has used that time to prepare for the deposition."); *Nester v. Textron, Inc.*, No. 1:13-CV-920RP, 2016 WL 6537991, at *3 (W.D. Tex. Nov. 3, 2016) ("Courts have generally found that time spent preparing for a deposition is compensable under Rule 26(b)(4)(E)(i), so long as it is reasonable."); *Ushijima v. Samsung Elec. Co.*, No. A-12-CV-318-LY, 2015 WL 11251558, at *6 (W.D. Tex. July 30, 2015) (allowing compensation for preparation); *McCaig v. Wells Fargo Bank (Texas), N.A.*, No. 2:11-CV-351, 2014 WL 360546, at *3 (S.D. Tex. Feb. 3, 2014) (allowing compensation for time to prepare, travel, and attend deposition), *aff'd in part and vacated in part on other grounds*, 788 F.3d 463 (5th Cir. 2015); *Ovella v. B & C Constr. & Equip., LLC*, No. 1:10CV285-LG-RHW, 2012 WL 3267530, at *1 (S.D. Miss. Aug. 9, 2012) (allowing reimbursement for deposition preparation and travel time); *Borel*, 265 F.R.D. at 278 ("The Court believes that the better reading of Rule 26(b)(4)(C)(i) is that the expert's reasonable fees for preparation time are recoverable by the party who tendered the expert."); *Stewart v. City of Houston*, No. H-07-4021, 2010 WL 1524015, at *1 (S.D. Tex. Apr. 14, 2010) ("Fees awarded under Rule 26(b)(4)(C)(i) include time spent in preparing for the deposition, in traveling to the deposition, and in the deposition."); *Paz*, 2009 WL 1401696, at *4 ("[S]hifting the fee for deposition preparation is consistent with the overall purpose of Rule 26. . . ."); *Rogers v. Penland*, 232 F.R.D. 581, 582 (E.D. Tex. 2005) ("Expert fees will be awarded, if clearly stated in the bills, for time spent in preparing for the deposition, traveling to the deposition, and attendance at the deposition."); *Abundiz v. Explorer Pipeline, Co.*, No. Civ. 300CV2029-H, 2004 WL 1161402, at *3 (N.D. Tex. May 24, 2004) (holding that Rule 26(b)(4)(E) allows for compensation of deposition preparation time because "the plain language of the Rule allows compensation for time spent in responding to discovery, and not just time spent at the deposition.") (internal quotation marks and citation omitted); *but see In re Shell Oil Co.*, Civ. A. No. 88-1935, 1992 WL 31867, at *1 (E.D. La. Feb. 13, 1992) (disallowing preparation time spent "reviewing

Courts consider seven criteria in determining a reasonable fee: "(1) the witness's area of expertise; (2) the education and training required to provide the expert insight which is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality, and complexity of the discovery responses provided; (5) the fee actually charged to the party who retained the expert; (6) fees traditionally charged by the expert on related matters; and (7) any other factor likely to assist the court in balancing the interests implicated by Rule 26." *Borel*, 265 F.R.D. at 276; *see also Williams v. M-I, LLC*, No. Civ.A.05-04-404, 2006 WL 2604672, at *1 (W.D. La. Sept. 8, 2006). The party seeking reimbursement of deposition fees bears the burden of proving reasonableness. *Duke v. Performance Food Grp., Inc.*, No. 1:11CV220-MPM-DAS, 2014 WL 370442, at *6 (N.D. Miss. Feb. 3, 2014) (*citing New York v. Solvent Chem. Co., Inc.*, 210 F.R.D. 462, 468 (W.D.N.Y. 2002)); *see also Paz*, 2009 WL 1401696, at *3.

**A.  Mr. George Korbel**

Plaintiffs request fees of $5,425.25 and expenses of $147.00 for expert witness George Korbel for a total amount of $5,572.00. D.E. 824, p. 2. This includes 3 hours of travel time, 8.5 hours of preparation time, and 4 hours of deposition time at an hourly rate of $350.00. *Id.* at 13. The preparation time included 6.5 hours of "Review of Reports and pleadings, review of earlier works, additional proof, proof reading of data, drop box additions and general preparation" and 2 hours of "Meet and Confer prior to Deposition."

---

documents prior to the deposition and in preparation for the deposition with the responding party's attorneys") (*citing Rhee v. Witco Chem. Corp.*, 126 F.R.D. 45, 47-48 (N.D. Ill. 1989)).

*Id.* The expenses consist of $132.00 in mileage (176 miles at $0.75/mile) and $15.00 for two meals. *Id.*

Defendants argue that Korbel's fees should be denied because (1) the Court did not rely exclusively on his testimony for any factual findings or legal conclusions, and (2) his fees are unreasonable. D.E. 826, p. 4. Defendants did not identify any authority in support of their first argument and they do not argue that Korbel was not qualified or that his testimony was irrelevant. Thus the Court finds Defendants' first argument without merit.

Defendants cite to *Fiber Optic Designs, Inc. v. New England Pottery, LLC*, 262 F.R.D. 586 (D. Colo. 2009) for their argument that Korbel's fees are unreasonable. The *Fiber Optic* court reduced the number of hours sought for the expert's preparation time from 16.1 to 4 hours because of the incomplete record before the court and the relative short interval of less than a month between the Rule 26(a)(2)(B) disclosure and the expert's 7.5 hour deposition. *Id.* at 593-94. Defendants contend that Korbel should have required minimal time to prepare because there was little time lapse between his June report and his August deposition. Defendants also argue that because Korbel's preparation and deposition occurred one month before trial, Plaintiffs benefited from this timing in preparing for trial. D.E. 826, p. 5. The Court finds that Korbel's 8.5 hours of preparation for the deposition are reasonable.

Next, Defendants argue that Korbel's hourly rate of $350.00 is unreasonable because it is at least $100.00 more than the hourly rates of four of the other five experts. *Id.* The Court finds that Korbel's hourly rate is reasonable for an expert of his experience

and qualifications. *See Abundiz*, 2004 WL 1161402, at *3 (granting real property expert's hourly rate of $450.00 even though his rate exceeded the billing rate of other experts on the case by as much as $275.00).

Defendants also argue that Korbel should not be reimbursed the $15.00 in meal costs because he failed to provide receipts. D.E. 826, p. 4. The Court finds that Korbel's invoice is sufficient documentation to support the requested costs of $15.00 for meals. *See United Teacher Assocs. Ins. Co. v. Union Labor Life Ins., Co.*, 414 F.3d 558, 574 (5th Cir. 2005) (district court did not abuse its discretion by awarding travel costs based on an invoice attached to a bill of costs).

Finally, Defendants object to Korbel's mileage rate of $0.75 because the 2014 General Services Administration ("GSA") rate is $0.56 per mile[2]. D.E. 826, p. 5. The Court finds that Plaintiffs are entitled only to a mileage reimbursement of $98.56 (176 miles at $0.56/mile) for Korbel.

Therefore, the Court ORDERS Defendants to pay Plaintiffs Korbel's fees and expenses in the sum of $5,538.56—representing 8.5 hours of preparation time, 3 hours of travel time, and 4 hours of deposition time at a rate of $350.00 per hour, as well as $98.56 in mileage costs and $15.00 for meals.

## B.  Mr. Ransom Cornish

Plaintiffs request fees of $2,193.75 and expenses of $36.49 for expert witness T. Ransom Cornish for a total amount of $2,230.24. D.E. 824, p. 2. This includes 3 hours

---

[2]  *POV Mileage Rates (Archived)*, U.S. GENERAL SERVICES ADMINISTRATION, http://www.gsa.gov/portal/content/103969.

...
...

of preparation time and 6.75 hours of deposition time (including travel) at an hourly rate of $225.00. *Id.* at 8. The preparation time included "review report, review exhibits, discussions with attorney." *Id.* The deposition took 6 hours, leaving 0.75 hours billed as travel time. D.E. 826-2, p. 2. The expenses consist of $4.25 for a toll road fee and $32.24 in mileage. The invoice does not indicate the number of miles traveled or the mileage rate used. D.E. 824, p. 8.

Defendants argue that Cornish's fees are unreasonable because the Court's opinion contains only one reference to his testimony at trial; the sources identified by Cornish for the information he provided were either publicly available or produced in discovery; and his "background in law and accounting has no bearing on his ability to recite facts already in the record." D.E. 826, pp. 5-6. Plaintiffs designated Cornish to address issues related to provisional ballots and fiscal considerations regarding educating the public about the voter ID law and implementing the voter ID law. *Id.* The Court finds that the information regarding the provisional ballots was of limited use and not clearly established as requiring expert testimony. The Court thus exercises its discretion to reduce Cornish's fees for preparation and deposition time by one-half.

Next, Defendants argue that reviewing documents and meeting with attorneys are not reimbursable expenses. *Id.* at 6 (*citing Shell Oil*, 1992 WL 31867, at *1). This Court finds that it is not manifestly unjust or unreasonable to allow for the recovery of fees for time spent preparing for a deposition by reviewing documents or by meeting with attorneys.

Defendants also argue that Cornish's expenses for mileage of $32.24 should be reduced to comply with the GSA rate of $0.56. D.E. 826, p. 6. Because Cornish's invoice does not state the miles driven or the mileage rate used, the Court finds that Plaintiffs have failed to meet their burden of proving the reasonableness of any travel expenses. The Court denies the requested travel expense.

Last, Defendants object to Cornish's toll road fee of $4.25 because he did not submit a receipt. *Id.* The Court rejects this argument, finding that Cornish's invoice is sufficient documentation to support the requested $4.25 toll fee. *See United Teacher Assocs.,* 414 F.3d at 574 (district court did not abuse its discretion by awarding travel costs based on an invoice attached to a bill of costs).

Therefore, the Court ORDERS Defendants to pay Plaintiffs Cornish's fees and expenses in the sum of $1,185.50—representing 1.5 hours of preparation time, 0.75 hours of travel time, and 3 hours of deposition time at a rate of $225.00 per hour, as well as $4.25 for the toll fee.

## C. Dr. Matthew Barreto

Plaintiffs request fees for expert witness Dr. Matthew Barreto in the amount of $3,000.00. D.E. 824, p. 2. This includes 12 hours for preparing for and attending the deposition at an hourly rate of $250.00. *Id.*, p. 17. Barreto's deposition took 2 hours (D.E. 826-4, p. 2) so 10 hours must have been for preparation for the deposition. Barreto's invoice does not reflect what he did to prepare for the deposition. D.E. 824, p. 17.

Defendants argue that Barreto's invoice does not allow the Court to determine the reasonableness of his preparation time, and the preparation time is unreasonable because the deposition only lasted 2 hours, it took place approximately one week after Barreto disclosed his rebuttal report, and he testified at trial approximately one week after his deposition. D.E. 826, pp. 7-8. The Court agrees with Defendants' argument that the invoice is insufficient to allow the Court to determine the reasonableness of the preparation, particularly in light of the deposition time. The Court reduces Barreto's hours from 12 to 7.

Therefore, the Court ORDERS Defendants to pay Plaintiffs Barreto's fees in the sum of $1,750.00—representing 5 hours of preparation and 2 hours of deposition time at a rate of $250.00 per hour.

## D. Dr. Gabriel Sanchez

Plaintiffs request fees for expert witness Dr. Gabriel Sanchez in the amount of $4,250.00. D.E. 824, p. 2. This includes 4 hours of travel time, 7 hours of preparation time, and 6 hours of deposition time at a rate of $250.00. *Id.* at 15. Sanchez's preparation time included 4 hours of reviewing and researching Defendants' expert reports and 3 hours of preparing with an attorney. *Id.*

Citing *Rogers*, 232 F.R.D. at 583, Defendants argue that Sanchez's fees should be denied because he was not called as a witness at trial. D.E. 826, pp. 8-9. However, the *Rogers* court granted reasonable fees to experts not called to testify at trial. 232 F.R.D. at 582-83. The court did deny the fees of an expert who did not testify at trial because the court had previously sustained a *Daubert* challenge against him. *Id.* at 583 ("To require a

party to pay for the costs of a witness who was not even called, and against whom the court had sustained a *Daubert* challenge is manifestly unjust."). This Court rejects Defendants' argument that Sanchez's fees should be denied because he did not testify at trial.

Defendants also contest Sanchez's fees for preparation time because he was deposed approximately one week after he disclosed his rebuttal report. D.E. 826, p. 8. They further argue that because he testified at trial about a week after he was deposed, Plaintiffs reaped the benefits of preparing him for his deposition so close to trial. The Court finds that it is not manifestly unjust or unreasonable to grant fees for Sanchez's 7 hours of preparation time in light of the deposition time.

Therefore, the Court ORDERS Defendants to pay Plaintiffs Sanchez's fees of $4,250.00, the total amount requested.

### E.  Dr. Michael Herron

Plaintiffs request fees of $5,833.25 and expenses of $1,188.43 for expert witness Dr. Michael Herron for a total amount of $7,021.68.  D.E. 824, p. 2.  This includes 13 hours of travel time, 4.45 hours of preparation time, and 5.5 hours of deposition time at an hourly rate of $250.00.  *Id.* at pp. 10-11.  The preparation time included an hour to conduct an initial read of Defendants' expert reports; an hour to re-read those reports, skim Ansolabehere report, and print documents; 1.45 hours for a teleconference with attorneys; and 1 hour to prepare after the teleconference meeting.  *Id.*  The expenses consist of $369.13 for a hotel in Washington, D.C., $770.10 for travel fees (taxi, bus, and airfare), and $49.20 for food.  *Id.*

Defendants point out that Herron's deposition lasted 4 hours, not 5.5 hours.  D.E. 826-6, pp. 2, 5.  Thus, the Court reduces the deposition time to 4 hours.  Defendants argue that Herron's fees for travel time should be denied because the Department of Justice ("DOJ"), a different plaintiff in this suit, agreed that it would not request costs for its experts deposed in Washington, D.C. and informed Defendants that "[o]ther Plaintiffs and Plaintiff-Intervenors are open to discussing" a similar arrangement.  D.E. 826, p. 9; D.E. 826-7, p. 2.  However, there is no evidence that the Veasey-LULAC Plaintiffs entered into such an agreement with Defendants.

Defendants claim that Herron's expenses reflect excessive rates, such as $369.13 for one night at a hotel in Washington, D.C.  D.E. 826, p. 10.  A district court may not award subsistence costs exceeding the per diem amount authorized by 28 U.S.C. § 1821(d)(2).  *United Teachers Assocs.,* 414 F.3d at 575; s*ee also DietGoal Innovations LLC v. Chipotle Mexican Grill, Inc.*, No. 2:12-cv-00764-WCB-RSP, 2015 WL164072, at *6 (E.D. Tex. Jan. 3, 2015); *Jerry v. Fluor Corp.*, Civil Action No. H-10-1505, 2012 WL 4664423, at *4 (S.D. Tex. Oct. 2, 2012); *Lear Siegler Servs. v. Ensil Intern. Corp.*, No. SA-05-CV-679-XR, 2010 WL 2595185, at *3 (W.D. Tex. Jun. 23, 2010).  GSA's lodging per diem rate in Washington, D.C. for August of 2014 was $167.00.[3]  Consequently, Plaintiffs are only entitled to a lodging reimbursement of $167.00.  As to the remaining travel expenses, Defendants did not offer any evidence that Herron failed to use the most

---

[3]   *FY 2014 Per Diem Rates for District of Columbia*, U.S. GENERAL SERVICES ADMINISTRATION, http://www.gsa.gov/portal/category/100120.

economical rate available. The Court finds that Herron's remaining travel costs are reasonable.

Defendants also object to Herron's travel expenses because they are not supported by receipts. D.E. 826, p. 10. Plaintiffs have attached the relevant travel receipts to their reply brief (D.E. 828-1) so the Court finds this issue to be moot.

Finally, Defendants argue that Herron's fees are unreasonable because "[g]iven the short time span between his reports, deposition, and [trial] testimony, he should have required little time to refresh himself on his report to prepare for his deposition, and Plaintiffs benefitted from the deposition in their trial preparation." D.E. 826, p. 9. Herron's deposition took place less than a week after he filed his amended report and approximately two weeks prior to his trial testimony. *Id.* at 8-9. This Court finds that it is not manifestly unjust or unreasonable to allow for the recovery of Herron's 4.45 hours of preparation time.

Therefore, the Court ORDERS Defendants to pay Plaintiffs Herron's fees and expenses in the sum of $6,348.80—representing 13 hours of travel time, 4.45 hours of preparation time, and 4 hours of deposition time at a rate of $250.00 per hour, as well as $986.30 in travel-related costs.

**F.  Dr. Allan Lichtman**

Finally, Plaintiffs request fees for expert witness Dr. Allan Lichtman in the amount of $3,600.00. D.E. 824, pp. 2-3. This includes 2.75 hours of preparation time and 6.25 hours of deposition time at an hourly rate of $400.00. *Id.* at p. 19.

Defendants object to the fees because of DOJ's agreement not to request costs for its experts deposed in Washington, D.C. D.E. 826, p. 9. Again, there is no evidence that the Veasey-LULAC Plaintiffs entered into such an agreement with Defendants. Defendants also argue that Lichtman's $400.00 hourly rate is unreasonable because his rate is the highest among the Veasey-LULAC experts. D.E. 826, p. 10. The Court finds that Lichtman's hourly rate is reasonable for an expert of his experience and qualifications.

Defendants argue that Lichtman's deposition lasted 5 hours, not 6.25 hours. *Id.* The record indicates that the deposition took 7 hours, inclusive of breaks. D.E. 826-8, pp. 2, 5. The Court will award fees for the 6.25 hours requested by Plaintiffs.

Defendants also contend that Lichtman's preparation time should be denied because his invoice provides no indication of how he prepared. D.E. 826, p. 10. Defendants are correct that Lichtman's invoice does not indicate what he did to prepare for the deposition. D.E. 824, p. 19. However, the Court finds that 2.75 hours of preparation time for a 7 hour deposition is not unreasonable.

Therefore, the Court ORDERS Defendants to pay Plaintiffs Lichtman's fees in the sum of $3,600.00—2.75 hours of preparation time and 6.25 hours of deposition time at a rate of $400.00 per hour.

**CONCLUSION**

For the reasons set out above, the Court GRANTS IN PART AND DENIES IN PART Plaintiffs' Motion to Order the Payment of Certain Expert Witness Expenses (D.E.

824) and ORDERS Defendants to pay Plaintiffs the following amounts within 30 days of the date of this Order:

- $5,538.56 for Korbel's fees and expenses;
- $1,185.50 for Cornish's fees and expenses;
- $1,750.00 for Barreto's fees;
- $4,250.00 for Sanchez's fees;
- $6,348.80 for Herron's fees and expenses; and
- $3,600.00 for Lichtman's fees.

Total: $22,672.86

ORDERED this 23rd day of March, 2017.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE