Case 2:13-cv-00193   Document 1022   Filed in TXSD on 04/03/17   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
April 03, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARC VEASEY, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-193 |
| | § | |
| GREG ABBOTT, *et al*, | § | |
| | § | |
| Defendants. | § | |

### ORDER ON GOVERNMENT'S MOTION FOR VOLUNTARY DISMISSAL OF DISCRIMINATORY PURPOSE CLAIM AND ASSERTION OF MOOTNESS

Before the Court is "United States's Motion for Voluntary Dismissal of Discriminatory Purpose Claim Without Prejudice" (D.E. 1001). Defendants have not asserted any objection to the relief sought in the motion and the "Private Plaintiffs take no position" on it. D.E. 1010, p. 5. However, the Government's stated reasoning for its dismissal, at least in part, is that (1) the discriminatory purpose claim is moot due to pending Texas legislation and (2) the Fifth Circuit directed this Court to forbear a decision on discriminatory purpose until after the end of the current Texas legislative session.

On February 28, 2017, the Court ordered briefing on the issues of mootness and forbearance, and the briefs have been filed. D.E. 1010, 1012, 1015, 1018, 1019. For the reasons set out below, the Court HOLDS that the Fifth Circuit did not direct this Court to withhold a decision on the discriminatory purpose claim and that the claim is not, and

will not be, moot as a result of pending or future legislation. Nonetheless, the Court GRANTS the motion to dismiss the Government's claim as unopposed.

## DISCUSSION

**A. The Fifth Circuit's Directive Did Not Require Forbearance.**

The Fifth Circuit majority's remand of the discriminatory intent finding came with clear instructions issued in the conclusion of its initial analysis: (1) this Court was to receive no new evidence; (2) this Court could, but was not required to, entertain additional oral arguments; (3) this Court's first priority was to fashion interim relief for the discriminatory effects claim, to be imposed prior to the November 2016 election; (4) it was unnecessary for this Court to make its new finding on discriminatory intent prior to the November 2016 election; and (5) this Court was not to impose any relief based on any decision regarding discriminatory intent until after the November 2016 election. *Veasey v. Abbott*, 830 F.3d 216, 242-43 (5th Cir. 2016). These instructions were repeated at the conclusion of the majority opinion. *Id*. at 272.

In the wrap-up discussion of the discriminatory intent claim, the majority opinion expressly acknowledged that this Court was permitted to make its new finding prior to the November 2016 election so long as no remedy on that basis would be imposed until after the election. *Id*. While the opinion also states that this Court's reexamination of the discriminatory purpose claim should be done, "bearing in mind the effect any interim legislative action taken with respect to SB 14 may have," that statement was made in connection with interim relief and should not be read out of context. Additional

legislative action will certainly inform the type of relief warranted with respect to any violation Plaintiffs demonstrate.

### B. The Question of Discriminatory Intent Will Not Be Mooted by New Legislation.

The Supreme Court has placed the difficult burden of demonstrating mootness squarely upon the party who asserts the defense.

> [T]he standard we have announced for determining whether a case has been mooted by the defendant's voluntary conduct is stringent: "A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." The "heavy burden of persua[ding]" the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness.

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (quoting *United States v. Concentrated Phosphate Export Assn.*, 393 U.S. 199, 203 (1968)).

It is well-settled that new legislation does not ipso facto eliminate the discriminatory intent behind older legislation and moot a dispute regarding the violation of law. *Hunter v. Underwood*, 471 U.S. 222, 232-33 (1985) (events over 80 years to change the terms of the law do not eliminate its original discriminatory intent); *Miss. State Chapter, Operation Push, Inc. v. Mabus*, 932 F.2d 400, 408-09 (5th Cir. 1991) (each bill must be evaluated on its own terms for discriminatory purpose); *N. C. State Conference of NAACP v. McCrory*, 831 F.3d 204, 240 (4th Cir. 2016) (reasonable impediment amendment does not eliminate all lingering effects of law that was discriminatory when passed); *Perez v. Texas*, 970 F. Supp. 2d 593, 603 (W.D. Tex. 2013)

(claims of intentional discrimination in connection with legislation are not mooted by subsequent legislation so long as requested relief is available for purposeful discrimination); *Perez v. Abbott*, No. SA-11-CV-360, 2017 WL 962947, at *3 (W.D. Tex. Mar. 10, 2017) (finding intentional discrimination claims not moot so long as relief was available to remedy the associated harm, even if remedy for discriminatory effects claim was mooted by later legislation).

The State's authorities, cited for the opposite conclusion are distinguishable. In *Diffenderfer v. Central Baptist Church of Miami, Florida, Inc.*, 404 U.S. 412, 413-14 (1972), citizens and taxpayers sued to challenge the constitutionality of a statute that allowed a church parking lot to be exempt from taxation even when it was used for commercial purposes. They sought a declaratory judgment that the statute was unconstitutional and also sought future taxation of the commercial use of the property. The action was mooted on appeal because the statute that fully exempted the property was repealed and the parking lot was being taxed for its commercial use. All relief requested had been achieved. Here, the remedies proposed by pending legislation are neither final nor complete and nothing has been done to grant Plaintiffs the entirety of the remedies they seek.

The substitution of an arguably less discriminatory ordinance was accomplished during the pendency of *Northeastern Florida Chapter of the Associated General Contractors of America v. City of Jacksonville, Florida*, 508 U.S. 656, 662 (1993), a case upon which Defendants rely. The Supreme Court clearly ruled against the argument that the dispute was mooted by the change:

> The gravamen of petitioner's complaint is that its members are disadvantaged in their efforts to obtain city contracts. The new ordinance may disadvantage them to a lesser degree than the old one, but insofar as it accords preferential treatment to black- and female-owned contractors—and, in particular, insofar as its "Sheltered Market Plan" is a "set aside" by another name—it disadvantages them in the same fundamental way.
>
> We hold that the case is not moot . . . .

*Id*. The opinion does not support Defendants' arguments when Plaintiffs contend that a discriminatory intent pervaded SB 14 and the proposed amendment offers only partial relief, compared to the status quo ante.

The Seventh Circuit held, "[C]omplete repeal of a challenged law renders a case moot, unless there is evidence creating a reasonable expectation that the City will reenact the ordinance or one substantially similar." *Fed'n of Advert. Indus. Representatives, Inc. v. City of Chicago*, 326 F.3d 924, 930 (7th Cir. 2003). That rule fit the circumstances of that case because the only relief sought was an injunction against enforcing the law. If the law is repealed, there is nothing left to enforce. Here, however, Plaintiffs are arguing for additional relief to redress the lingering injury of an alleged discriminatory purpose in passing the statute. And the imposition of the reasonable impediment affidavit requirement has not been demonstrated to eliminate all of the adverse effects of SB 14. The existence of additional injuries, some of which carry additional remedies prevents application of this mootness holding.

The Fifth Circuit's holding in *McCorvey v. Hill*, 385 F.3d 846, 849 (5th Cir. 2004), is distinguishable on the same basis: a change in the law during the pendency of

the case offered full relief.  And the same result obtains in *Kremens v. Bartley,* 431 U.S. 119 (1977) (seeking only to enjoin future enforcement of a provision of law repealed during the pendency of the case); *Massachusetts v. Oakes*, 491 U.S. 576, 583 (1989) (finding that amended statute eliminated the only claim:  that the overbroad original statute would chill speech in the future); and *Princeton University v. Schmid*, 455 U.S. 100, 103 (1982) (challenge to future enforcement of school rules without a reasonable regulatory scheme was mooted when school substantially changed the applicable rules and imposed new regulations).

Defendants get no support from *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 481 (1990), either.  In *Lewis*, the change in the law did not eliminate all potential disputes, but it did eliminate the plaintiff's complaint because it no longer suffered any injury—for which it sought only prospective relief.  So while the change in the law did not moot the dispute as to all potential claimants, it did eliminate the particular plaintiff's standing to complain of the law as it no longer prejudiced it.  The case here involves not only more comprehensive injuries, but must address the interests of both voters and candidates.  SB 5 (which has not been enacted) and its reasonable impediment affidavit cannot be presumed to offer complete relief.

Here, Plaintiffs allege that they were intentionally discriminated against when the Texas legislature passed SB 14.  In that event, they suffered injuries with respect to voting in elections that have already closed and can never be reopened.  While the only relief they can obtain is prospective, the injuries are not eliminated as a result of a single provision that ameliorates the harshest effect of the law.  And the Voting Rights Act

remedies, including imposing the requirement of preclearance, are meant to address injuries more harsh and lasting than those addressed by SB 5.

## CONCLUSION

State legislatures—as well as the Courts—are capable of fashioning remedies to counteract the discriminatory consequences of laws going forward. The Fifth Circuit instructed this Court to begin with an interim remedy for the discriminatory effect violation prior to the November 2016 election, acknowledging that the Texas legislature was not in session and likely would not weigh in on the issue within the time left for doing so. Only after that election, was this Court to consider additional remedies for both the discriminatory effect violation and any discriminatory intent violation that this Court may find upon its required reexamination of the evidence.

Having heard re-argument, this Court intends to issue its new opinion on whether SB 14 was passed with a discriminatory intent in violation of the Voting Rights Act at its earliest convenience and in due course. The Court will, however, await the end of the current Texas legislative session to address remedies. In that regard, this matter is set for a status conference on June 7, 2017 at 9:00 a.m. at which time the parties, having conferred on the matter, will advise the Court of:

- Whether an evidentiary hearing on remedies is required;
- The amount of court time necessary for any such hearing;
- The preferred deadlines for exchanging exhibit and witness lists, if any; and
- The preferred deadlines for filing briefs on the issue of remedies, not to exceed 20 pages, without leave of Court.

The Court **GRANTS** the United States' motion for voluntary dismissal of its discriminatory purpose claim without prejudice (D.E. 1001).

ORDERED this 3rd day of April, 2017.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE