IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>GREG ABBOTT, *et al.*,<br><br>    Defendants. | Civil Action No. 2:13-cv-193 (NGR)<br>[Lead Case] |

### UNITED STATES' BRIEF CONCERNING REMEDIAL PROCEEDINGS

The United States respectfully requests that this Court establish a simultaneous briefing schedule to address remedial issues arising from the Court's disposition of the purpose and results claims alleged in this case under Section 2 of the Voting Rights Act. Defendants have requested a final ruling on all remedial issues in August, and the United States has no objection to that request. In deference to that request, the United States proposes the following schedule:

- June 16, 2017: Defendants to disclose legislative materials concerning SB 5 (2017) and, as previously ordered by the Court, all reasonable impediment declarations completed since entry of the Interim Remedial Order (ECF No. 895), including partially completed declarations and declarations rejected by election officials.

- July 7, 2017: Parties to file opening briefing concerning appropriate remedies for purpose and results claims.

- July 28, 2017: Parties to file responsive briefing concerning appropriate remedies for purpose and results claims.

- Hearing on a date suitable to the Court.

.

Judicial efficiency and the convenience of the parties favor simultaneous briefing to address the adequacy of SB 5 to remedy the Court's findings that SB 14 was enacted with a discriminatory purpose and had a discriminatory result.  If this Court were to address the proper remedy only for private plaintiffs' purpose claim, piecemeal appeals might then follow, under either 28 U.S.C. § 1291 or 28 U.S.C. § 1292(b).  In addition, simultaneous briefing will help ensure that a permanent remedy is in place and can be implemented as soon as practicable.

Finally, as a matter of simple fairness, all parties should be afforded an opportunity to respond to arguments presented in opening briefs.  An opportunity to respond to arguments is "fundamental" in a critical stage of proceedings.  *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 466 (2000).

For the reasons set out above, the United States respectfully requests that the Court put in place the United States' suggested schedule for remedial proceedings.

Date: June 12, 2017

Respectfully submitted.

ABE MARTINEZ
Acting United States Attorney
Southern District of Texas

JOHN M. GORE
Deputy Assistant Attorney General
Civil Rights Division

*/s/ John M. Gore*
T. CHRISTIAN HERREN, JR.
MEREDITH BELL-PLATTS
RICHARD DELLHEIM
DANIEL J. FREEMAN
BRUCE I. GEAR
AVNER SHAPIRO
SAMUEL OLIKER-FRIEDLAND
ZACHARY P. JONES
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, D.C. 20530

*Counsel for the United States*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on June 12, 2017, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

                */s/ Daniel J. Freeman*
                Daniel J. Freeman
                U.S. Department of Justice
                950 Pennsylvania Ave. NW
                Room 7123 NWB
                Washington, D.C. 20530
                daniel.freeman@usdoj.gov