IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| Marc Veasey, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> GREG ABBOTT, *et al.*, <br><br> Defendants. | Civil Action No. 2:13-cv-193 (NGR) |

**REMEDY BRIEF SUBMITTED BY THE TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COMMISSIONERS**

This Court has twice found that SB 14 was passed by Texas with the intent to discriminate against Latinos. After this Courts initial finding, the Texas adopted SB 5 that it claims remedies the infirmities of SB 14 enough to keep this Court from issuing immediate injunctive relief reinstating the voting procedures in place before the passage of SB 5; defendants seek to delay relief while the Court considers the impact of SB 5. The whole purpose behind Texas' strategy is to use the normal time consuming deliberative process of the federal court system to deny restoring the full voting rights of the Latino voters[1].

For sure, if this Court were to delay injunctive relief and later find that SB 5 did not fully restore the voting rights of minorities, during the next legislative session another version of SB 5 would be adopted and another delay in injunctive relief would be sought.

---

[1] This tactic used by the southern states is what led to the imposition of Section 5 of the Federal Voting Rights Act; it required US Department of Justice approval before and voting change became law in Texas; this prophylactic was vitiated by the Supreme Court in *Shelby County v. Holder*, 133 S Ct. 2612, June 25, 2013 leaving Latinos exposed to the inveterate discriminatory intentions of Texas.

Texas appears to be resorting to "an insidious and pervasive evil which had been perpetuated in certain parts of our country through unremitting and ingenious defiance of the Constitution." *South Carolina* v. *Katzenbach*, 383 U.S. 301, 309, 86 S. Ct. 803, 15 L. Ed. 2d 769.[2] This Court should not allow Texas to continue its unremitting and ingenious defiance of the Constitution.

Fortunately, there are two recent Supreme Court decisions that should give this Court considerable breathing room as it evaluates this situation: *Cooper v. Harris* 137 S. Ct. 1455, 197 L. Ed. 2d 837 and *Bethune-Hill v. State Bd. Of Elections*, 137 S. Ct. 788, *788; 197 L. Ed. 2d 85, **85; 2017 U.S. LEXIS 1568.

*Cooper* is instructive on one important legal issues: it affirmed strict scrutiny review of race based legislation and that the District Courts findings -- most notably, as to whether racial considerations predominated in the adoption of state law —are subject to review only for clear error. *Cooper* 197 L. Ed. 2d 837, 849; See Fed. Rule Civ. Proc. 52(a)(6); *Easley v. Cromartie*, 532 U. S. 234, 242, 121 S. Ct. 1452, 149 L. Ed. 2d 430 (2001) (Cromartie II); id., at 259, 121 S. Ct. 1452, 149 L. Ed. 2d 430 (Thomas J. Dissenting)  Or, as the Supreme Court stated: "Under that standard, we may not reverse just because we "would have decided the [matter] differently…. A finding that is 'plausible' in light of the full record—even if another is equally or more so—must govern" *Cooper* at 849.

---

[2] The United States' shameful and disgraceful dismissal of their intent claim for political purposes should disqualify them from participating further in this proceeding; the ideals of equality  inculcated in the United State Constitutions are not subject such shabby treatment as demonstrated by this administration.

Therefore, this Courts order of April 10, 2017 (Dkt# 1023) along with the initial 147 page fact findings and law (Dkt#628)[3] - finding intentional discrimination and subsequent imposition of injunctive relief - will be subject to "clear error" review. Moreover, on May 2, 2017 a three judge court sitting in San Antonio issued a 193 page opinion finding that Texas intentionally discriminated against minorities in the adoption of the legislative and congressional discrimination; as in this case, Texas made minor changes to the redistricting plan and claimed that the discrimination had been cured.

Given the recent history of Texas treatment of minorities, they should not be given the benefit of the doubt. When a state governmental entity seeks to justify race-based remedies to cure the effects of past discrimination, the Court should not accept the government's mere assertion that the remedial action is sufficient. Rather, the Court should insist on a strong basis in evidence of the harm being remedied. See, *e.g.*, Shaw, supra, at 656; Croson, supra, at 500-501; Wygant, supra, at 276-277 (plurality opinion). "The history of racial classifications in this country suggests that blind judicial deference to legislative or executive pronouncements of necessity has no place in equal protection analysis." Croson, supra, at 501.

This Court should immediately order the reinstatement of the voter registration laws that existed before SB14 and order that no further changes in such laws be implemented until approved by this Court.

---

[3] On May__ 2017 a three judge court sitting in San Antonio issued a 193 page opinion finding that Texas intentionally discriminated against minorities in the adoption of the legislative and congressional discrimination; as in this case, Texas made minor changes to the redistricting plan and claimed that the discrimination had been cured.

- 4 -

July 5, 2017                                          Respectfully Submitted,

*<u>Rolando L. Rios</u>*

Rolando L Rios
Attorney at Law
115 E Travis, Ste 1645
San Antonio, TX 78205
rrios@rolandorioslaw.com
*Counsel for Texas Association of Hispanic
County Judges and County Commissioners*

CERTIFICATE OF SERVICE

I certify that on this a true and correct copy of this Remedy Brief has been served upon all the parties using the electronic filing system.

*<u>Rolando L. Rios</u>*