UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARC VEASEY, *et al.*, | § § | |
| Plaintiffs, | § | |
| v. | § § | CIVIL ACTION NO. 2:13-CV-00193 |
| GREG ABBOTT, *et al.*, | § § | |
| Defendants. | § § | |

### DEFENDANTS' MOTION FOR RECONSIDERATION OF DISCRIMINATORY PURPOSE RULING IN LIGHT OF SB 5'S ENACTMENT

On April 10, 2017, this Court entered its order ruling for Plaintiffs on their claim of a discriminatory purpose for SB 14, a photo-ID voting law without a reasonable-impediment exception. Docket Entry ("D.E.") 1023. On May 24, 2017, the Texas Legislature passed SB 5, which provides a reasonable-impediment procedure for voting without a photo ID and otherwise broadens the forms of ID sufficient for voting in person. Act of May 24, 2017, 85th Leg., R.S., 2017 Tex. Sess. Law. Serv. ch. 410 (Vernon's).

Defendants recognize that this Court has already held that this case would not be mooted by the expected future enactment of SB 5. D.E. 1022, at 2 (Apr. 3, 2017 order). But because this Court issued its liability ruling on the purpose claim before SB 5's enactment, and thus without considering SB 5, Defendants now respectfully request that the Court reconsider its liability ruling on that claim in light of SB 5.

### ARGUMENT

This Court's discriminatory-purpose finding did not take into account subsequent legislative action by the Texas Legislature: the introduction, progression, and

ultimate enactment of SB 5, which adopted a reasonable-impediment exception virtually identical to this Court's agreed interim remedy. D.E. 1023 (purpose ruling).

The Fifth Circuit, however, instructed this Court "to *reexamine* the *discriminatory purpose claim* in accordance with the proper legal standards we have described, *bearing in mind the effect any interim legislative action taken with respect to SB 14 may have*." *Veasey v. Abbott*, 830 F.3d 216, 272 (5th Cir. 2016) (en banc) (emphases added). This mandate tracks the Fifth Circuit's holding that "courts clearly defer to the legislature in the first instance to undertake remedies for violation of § 2." *Mississippi State Chapter, Operation Push, Inc. v. Mabus*, 932 F.2d 400, 406 (5th Cir. 1991). Thus, as the Fifth Circuit explained, "should a later Legislature again address the issue of voter identification, any new law would present a new circumstance not addressed here"—and "[a]ny concerns about a new bill would be the subject of a new appeal for another day." *Veasey*, 830 F.3d at 271.

An entity's subsequent act is "relevant to intent" behind a previous act if the subsequent act is not "remote in time." *Ansell v. Green Acres Contracting Co.*, 347 F.3d 515, 524 (3d Cir. 2003). Indeed, there would have been no reason for the Fifth Circuit to direct this Court to consider any subsequent "legislative action taken with respect to SB 14" when "reexamin[ing] the discriminatory purpose claim" if any subsequent legislative acts were irrelevant. *Veasey*, 830 F.3d at 272. Here, the Texas Legislature's adoption of SB 5's reasonable-impediment exception just a few years after adopting SB 14's photo-ID voting law confirms that the Legislature did not and does not intend to disenfranchise any voters. *See, e.g.*, *Chen v. City of Houston*, 206

F.3d 502, 521 (5th Cir. 2000) (citing *Cotton v. Fordice*, 157 F.3d 388 (5th Cir. 1998), "for the important point that when a plan is reenacted—as opposed to merely remaining on the books like the provision in *Hunter*—the state of mind of the reenacting body must also be considered."). In fact, the Legislature opted to enact the same type of remedy used in the agreed interim remedy (a reasonable-impediment exception), rather than the more strict indigency-affidavit procedure used by Indiana and upheld in *Crawford v. Marion Cty. Elec. Bd.*, 553 U.S. 181 (2008).

In assessing the issue of discriminatory purpose, this Court is required to apply a "heavy presumption of constitutionality" to SB 14 and SB 5, as legislative enactments. *U.S. Dep't of Labor v. Triplett*, 494 U.S. 715, 721 (1990). "[T]he good faith of a state legislature must be presumed," as there is a "presumption of good faith that must be accorded legislative enactments, requir[ing] courts to exercise extraordinary caution in adjudicating claims that a State has [engaged in racially-motivated action]." *Miller v. Johnson*, 515 U.S. 900, 915, 916 (1995); *accord, e.g.*, *Easley v. Cromartie*, 532 U.S. 234, 242 (2001). Application of the presumptions of constitutionality and good faith—along with the requisite extraordinary caution that these presumptions entail—prohibit finding that SB 14 was enacted with a discriminatory purpose. That is all the more true when these presumptions are applied in light of the Legislature's creation of SB 5's reasonable-impediment exception. Indeed, SB 5 completely remedies both Plaintiffs' discriminatory effect and purpose claims. *See* D.E. 1049 (Defendants' Brief on Remedies).

CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court reconsider its April 10, 2017, liability ruling on the private Plaintiffs' purpose claim in light of the Legislature's intervening enactment of SB 5, and enter judgment in favor of Defendants on that claim.

Date: July 5, 2017                Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant
  Attorney General

BRANTLEY D. STARR
Deputy First Assistant
  Attorney General

JAMES E. DAVIS
Deputy Attorney General
  for Litigation

/s/ Angela V. Colmenero
ANGELA V. COLMENERO
Chief, General Litigation Division

MATTHEW H. FREDERICK
Deputy Solicitor General

JASON R. LAFOND
Assistant Solicitor General

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-6407
Fax: (512) 474-2697

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 5, 2017, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

/s/ Angela V. Colmenero
ANGELA V. COLMENERO

**CERTIFICATE OF CONFERENCE**

I hereby certify that Defendants counsel conferred with the plaintiffs via email on July 5, 2017 regarding the relief requested in this Motion. Counsel for the Private Plaintiffs indicated that they are opposed the relief sought in this Motion. The United States takes no position on this motion at this time.

/s/ Angela V. Colmenero
ANGELA V. COLMENERO