IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> GREG ABBOTT, *et al.*, <br><br> Defendants. | Civil Action No. 2:13-cv-193 (NGR) <br> [Lead Case] |

**UNITED STATES' RESPONSE TO DEFENDANTS' MOTION TO ISSUE SECOND INTERIM REMEDY OR TO CLARIFY FIRST INTERIM REMEDY**

On June 28, Texas requested that the Court order: (1) that the procedures of the Interim Remedial Order (ECF No. 895) extend to elections held in 2017; (2) that the State may begin training election officials on those procedures; (3) that the Interim Remedial Order will terminate on January 1, 2018, so that Senate Bill 5 (Tex. 2017) (SB 5) may take effect; and (4) that the State may begin training election officials on the procedures of SB 5.  Tex. Mot. 1 (ECF No. 1047).

The first two elements of requested relief are unnecessary because it is clear that the procedures of the Interim Remedial Order continue to govern elections in Texas until further order of the Court and Texas clearly can train its election officials on the terms of the Interim Remedial Order.  The fourth element of requested relief is unnecessary because the Interim Remedial Order does not prohibit Texas from conducting training concerning procedures that may be in place in a future election.  While the United States views Texas's requested clarification on the first, second, and fourth elements as unnecessary, it does not oppose the Court issuing an order clarifying these points.

The third element of requested relief tracks the State's position in the remedial proceedings and should therefore be considered in parallel with these ongoing proceedings. As to this third element, for the reasons described in the United States' brief filed July 5 (ECF No. 1052), the United States believes that the Court should ultimately grant that request at the conclusion of the remedy proceedings.

## I. The Interim Remedy Remains in Effect and Texas Can Train on It.

Texas first argues that the interim remedial order "by its terms covers only the November 2016 election" and must therefore be amended to establish procedures for elections in 2017. Def's Mot. 1, 9-10. But the Interim Remedial Order makes clear that "[t]hese procedures shall remain in place until further order of this Court." Interim Remedial Order ¶ 14.[1] Because no further order of this Court has issued, the Interim Remedial Order's procedures "remain in place."[2] No clarification or further order is necessary for Texas to use the procedures set forth in the Interim Remedial Order for remaining elections in 2017 and for Texas to train its election officials on these procedures. While the United States views Texas's requested clarification on

---

[1] Although the Order initially established procedures for the upcoming presidential election, Interim Remedial Order at 1; *see also* Tex. Mot. 4, the Order goes on to clarify that its procedures will apply to future elections, *see* Interim Remedial Order at 4.

[2] Texas has confirmed its understanding of this language. During the February 28, 2017 hearing, for instance, counsel for the State stated that the substantive provisions of "the interim remedy . . . remain[] in place," Hr'g Tr. 16:5-7 (Feb. 28, 2017) (Ex. 1), and counsel again acknowledged during the most recent hearing that Interim Remedial Order's procedures remain in place until the Order is dissolved, *see* Hr'g Tr. 19:13-17 (June 7, 2017) (Ex. 2). Moreover, for the May 6, 2017, elections, the State instructed local jurisdictions that the procedures of the Interim Remedial Order remain in effect "for all elections held in Texas after August 10, 2016 until further notice." Texas Sec'y of State, Election Advisory No. 2016-24 (undated) (Ex. 3); *see also* Tex. Sec'y of State, *Required Identification for Voting in Person: Frequently Asked Questions*, VoteTexas.gov, *at* http://www.votetexas.gov/register-to-vote/need-id.html#faqs ("On August 10, 2016, a federal district court entered an order changing the voter identification requirements for all elections held in Texas after August 10, 2016 until further notice.").

2

these two points as unnecessary, it does not oppose the Court issuing an order clarifying these points.

## II.     The Court Is Currently Considering Whether SB 5 Is an Appropriate Remedy.

Texas also asks the Court to order that the procedures of the Interim Remedial Order will no longer apply as of January 1, 2018, and that SB 14, as modified by SB 5, will thereafter go into effect. Tex. Mot. 1, 10-18. The Court has already ordered expedited briefing on that precise question, Order on Procedure (ECF No. 1044), and the parties have already addressed the adequacy of SB 5 in opening briefs, *see* Tex. Br. on Remedies (ECF No. 1049); Private Pls. Br. on Remedies (ECF No. 1051); U.S. Br. on Remedies (ECF No. 1052). The reply briefs on remedy are due July 17. The United States suggests, therefore, that the Court consider Texas's request in conjunction with the ongoing remedy proceedings, and for the reasons stated in its July 5 opening brief (ECF No. 1052) that the Court ultimately grant that request at the conclusion of the remedy proceedings.

## III.    The State May Train Election Officials on SB 5.

Finally, Texas argues that a further Court order is necessary so that the State may begin training election officials about the provisions of SB 5. Tex. Mot. 1-2. But nothing prohibits Texas from educating election officials about possible future election administration practices. And while the State may not instruct election officials that SB 5 *is certain* to take effect on January 1, 2018 (absent further order of the Court), it may, if it chooses, educate election officials concerning SB 5 and the possibility that its provisions will govern elections after January 1, 2018. While the United States views Texas's requested clarification on this point as unnecessary, it does not oppose the Court issuing an order clarifying this point.

## IV. Conclusion

For the foregoing reasons, Texas's Motion for a Second Interim Remedy should be addressed as described herein.

Date: July 12, 2017

Respectfully submitted,

ABE MARTINEZ
Acting United States Attorney
Southern District of Texas

JOHN M. GORE
Deputy Assistant Attorney General
Civil Rights Division

*/s/ John M. Gore*
T. CHRISTIAN HERREN, JR.
RICHARD DELLHEIM
DANIEL J. FREEMAN
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, D.C. 20530

*Counsel for the United States*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on July 12, 2017, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

               */s/ Daniel J. Freeman*
               Daniel J. Freeman
               U.S. Department of Justice
               950 Pennsylvania Ave. NW
               Room 7123 NWB
               Washington, D.C. 20530
               daniel.freeman@usdoj.gov