IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARC VEASEY, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. 2:13-CV-00193 |
| | § | |
| GREG ABBOTT, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**NOTICE OF WITHDRAWAL OF DEFENDANTS' MOTION TO ISSUE SECOND INTERIM
REMEDY OR TO CLARIFY FIRST INTERIM REMEDY (DOCKET ENTRY 1047)**

Defendants hereby withdraw their motion to issue a second interim remedy or

clarify the first interim remedy (D.E. 1047). Defendants filed that motion because

private plaintiffs threatened that "[a]ny mention" of SB 5 during the State's upcoming

training of election officials at the end of July—even to train officials on that proce-

dure in the alternative—would be "in contempt of the Court's [interim remedy] order."

D.E. 1047-2 (June 26, 2017 email attached to D.E. 1047 as Exhibit B). Given this

serious accusation of contempt, defendants had requested that the Court clarify the

scope of its interim remedy order and that the order does not prohibit training elec-

tion officials on SB 5 in the alternative for elections in 2018 and later.

Private plaintiffs have now backed down from their allegation that the State's

planned training on SB 5 at the end of July is in contempt of this Court's order. *See*

D.E. 1061 at 1 (motion response acknowledging this planned training at the end of

July on SB 5 in the alternative); *id.* at 1-6 (raising no objection to the State's planned

training, but instead only to the implementation of SB 5 in 2018). The United States

also agrees, as a plaintiff, that the State may train election officials on SB 5—that is,

procedures that may be in place in a future election. D.E. 1057 at 1. And although the

Court's interim remedy order expressly concerns only the November 2016 election

with one exception not pertinent here,[1] all parties—including the State defendants—

have now stipulated in court filings that the reasonable-impediment exception cre-

ated in that interim remedy order will apply in 2017 Texas elections. D.E. 1047 at 1;

D.E. 1057 at 2; D.E. 1061 at 1. Given those developments, defendants now withdraw

their motion seeking clarification before entry of a final remedy order (D.E. 1047).

Private plaintiffs' response to that now-withdrawn motion also presents argu-

ment about the sufficiency of SB 5 as a final remedy, including new argument about

usage of the "other" box on twelve particular reasonable-impediment declarations

from the 2016 election. D.E. 1061 at 5-6. This belated, new argument was not raised

---

[1] Private plaintiffs incorrectly interpret the interim remedy order as *itself* governing elections after 2016. D.E. 1061 at 3. Plaintiffs base their reading entirely on paragraph 14 of that order, *see id.*, which states: "These procedures shall remain in place until further order of this Court. Nothing in this order shall prevent any party from seeking relief based on future events, including but not limited to legislative action." D.E. 895 at 4. But plaintiffs ignore that "these procedures" referenced in paragraph 14 themselves concern only the November 2016 election, with one education exception (in paragraph 11) not relevant here. The first line of the interim remedy order thus states that the parties agreed to a "plan by which the November 8, 2016 election shall be conducted." *Id.* at 1. The order then directs "the following agreed terms for the November 8, 2016 election," with many of the following terms themselves specifically referencing the November 2016 election. *Id.* at 1-3. It is those procedures that paragraph 14 references, directing that they shall govern for the November 2016 election, even if the Legislature acts before then, absent a court order. Private plaintiffs' misreading of the interim remedy order is now irrelevant, however, because all parties have stipulated in court filings that the reasonable-impediment exception created in that order will be used in 2017 Texas elections.

in their briefing regarding the final remedy and, thus, should not be considered on that issue. Regardless, this new argument is meritless. The cited statements on the "other" box on these twelve declarations either (1) would equally allow claiming one of the seven enumerated reasonable impediments, or (2) are too vague to tell whether the person faced any reasonable impediment and, if so, which enumerated reasonable impediment would apply.[2]

In all events, defendants presented abuses of the "other" box to show the Legislature's *purpose* in enacting SB 5, and the Fifth Circuit held that consideration of ameliorative amendments like SB 5 is proper. *Veasey v. Abbott*, 830 F.3d 216, 272 (5th Cir. 2016) (en banc) (directing that "any remedy enacted [that] ameliorates SB

---

[2]  Three statements expressly correspond to one of the seven enumerated impediments: "attempted to get Texas EIC but they wanted a long-form birth certificate," D.E. 1061-1 at 9 (lack of birth certificate enumerated impediment, which the person appears to have also checked); "mother passed away & I cannot locate my SS card & other personal info that she possessed," D.E. 1062-1 at 3 (i.e., lack of birth certificate or other documents needed to get adequate photo ID); and "daughter doesn't want him driving at age 85," *id.* at 4 (i.e., lack of transportation). The remaining nine statements are too vague to ascertain whether a reasonable impediment exists at all: "student ID Drivers license," *id.* at 2 (no impediment stated); "99 years old no ID," *id.* at 5 (no impediment stated); "Just moved here"; "Just became resident – don't drive in TX"; "Just moved to TX, haven't gotten TX license yet," D.E. 1061-1 at 2-4 (stating no impediment to getting qualifying ID, although not yet receiving applied-for ID is an enumerated impediment, as are several other reasons that might apply to a person who recently moved to the State, such as family responsibilities or lack of transportation); "Financial hardship," "Unable to afford TX DL," and "Lack of funds," *id.* at 5-7 (financial inability to gather necessary documents, leave family alone, or travel to get a free Election Identification Certificate would all be enumerated reasonable impediments); "Out of State College Student," *id.* at 8 (no impediment stated, as many Texas residents attending college out of state can obtain a free EIC; moreover, non-residents are not permitted to vote in Texas elections, *see* Tex. Att'y Gen. Op. GA-0141, 2004 WL 228527, at *9 (2004) (citing, among other authorities, Tex. Elec. Code §§ 1.015, 11.001-02)).

14's discriminatory effect" should be considered); *id.* (instructing reexamination of the purpose claim "bearing in mind the effect any interim legislative action taken with respect to SB 14"). In contrast to defendants' permissible use, plaintiffs' belated, new arguments are trying to use 2016 declarations regarding the "other" box for the truth of the matter supposedly asserted—that a person in fact had a reasonable impediment. Plaintiffs are thus relying on inadmissible hearsay, which is precisely why that outside-the-record evidence cannot be considered in assessing whether the trial record substantiates plaintiffs' claim that SB 5 somehow perpetuates a discriminatory effect.

For these reasons, defendants hereby withdraw their motion to issue a second interim remedy or clarify the first interim remedy (D.E. 1047).

Date: July 20, 2017                     Respectfully submitted,

                                        KEN PAXTON
                                        Attorney General of Texas

                                        JEFFREY C. MATEER
                                        First Assistant
                                          Attorney General

                                        BRANTLEY D. STARR
                                        Deputy First Assistant
                                          Attorney General

                                        JAMES E. DAVIS
                                        Deputy Attorney General
                                          for Litigation


                                        /s/ Angela V. Colmenero
                                        ANGELA V. COLMENERO
                                        Chief, General Litigation Division

                                        MATTHEW H. FREDERICK
                                        Deputy Solicitor General

                                        JASON R. LAFOND
                                        Assistant Solicitor General

                                        OFFICE OF THE ATTORNEY GENERAL
                                        P.O. Box 12548 (MC 059)
                                        Austin, Texas  78711-2548
                                        Tel.: (512) 936-6407
                                        Fax: (512) 474-2697

                                        *Counsel for Defendants*

5

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2017, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

/s/ Angela V. Colmenero
ANGELA V. COLMENERO