IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>GREG ABBOTT, *et al.*,<br><br>　　　　　　Defendants. | Civil Action No. 2:13-cv-193 (NGR) |

**PRIVATE PLAINTIFFS' ADVISORY REGARDING UNITED STATES'
BRIEFING REGARDING REMEDIES**

Private Plaintiffs file this advisory to notify the Court of its concerns and recent communications regarding the United States' Brief Regarding Remedies (Doc. 1052) and Response Brief Regarding Remedies (Doc. 1060). In those, the United States has extensively briefed the issue of discriminatory intent, as to which it is no longer a party. When Private Plaintiffs questioned the propriety of this briefing, the United States, for the first time, referenced the statute authorizing it to appear in cases to represent the interests of the United States, although none of its briefing here had any labeling like the traditional label "Statement of Interest" and many aspects of the briefing are out of keeping with the normal nature and appearance of a traditional United States' "Statement of Interest."

As the Court is aware, by order dated April 3, 2017 (Doc. 1022), the United States voluntarily withdrew its discriminatory purpose claim nearly four years after bringing it in the initiation of this case. *See* Docs. 1, 1001, 1022. Nevertheless, as Private Plaintiffs noted in their response brief on remedies, the United States, as a named Plaintiff, devotes fully half of its opening brief to argument defending Texas against Private Plaintiffs' requested remedies for

Texas's discriminatory intent violation. The United States proffers arguments in support of named Defendants that (1) go beyond its claim that the United States is only expressing its interests in the interpretation of Section 2 of the Voting Rights Act, and (2) are wholly inconsistent with positions that the United States previously has taken over the course of this litigation before this Court and the Fifth Circuit. *See* Doc. 1059 at n.1. Accordingly, on July 16, 2017, counsel for the Veasey/LULAC Plaintiffs sent counsel for the United States a letter asking them to explain (1) the capacity in which the United States addressed the discriminatory purpose claim in its opening brief on remedies and (2) the basis for the United States' belief that it was proper to address that claim. *See* Ex. A. The United States has yet to respond to that letter.

In its July 17, 2017 response brief regarding remedies, the United States contends—for the first time—that it is entitled to present argument on the discriminatory purpose claim pursuant to 28 U.S.C. § 517, which authorizes the Department of Justice "to attend to the interests of the United States in a suit pending in a court of the United States." Doc. 1060 at n.1. However, DOJ's submission fails as a statement of interest in both form and substance.

Since 1966, shortly after the enactment of the Voting Rights Act of 1965, the Department of Justice has used its authority to file "statements of interest" pursuant to 28 U.S.C. § 517, recently doing so to support plaintiffs' position in another case alleging that a voter-removal program in Georgia violates federal voting rights laws. *See Common Cause v. Kemp*, No. 16-cv-452-TCB, 2017 WL 2628543, at *2 (N.D. Ga. Mar. 17, 2017). By contrast, the United States did not style its opening brief as a "Statement of Interest," and nowhere in that brief does the United States refer to 28 U.S.C. § 517 or mention that it is filing the brief as a statement of its interest. *See generally* Doc. 1052; *see also, e.g.*, Statement of Interest on Behalf of the United States at 1 n.1, *City of El Cenizo, Texas v. Texas*, No. 5:17-cv-404-OLG (W.D. Tex. June 23, 2017), ECF.

No. 90, https://www.justice.gov/opa/press-release/file/975761/download; Statement of Interest of the United States at 3, *Kenny v. Wilson*, No. 2:16-2794-CWH (D.S.C. Nov. 28, 2016), ECF. No. 86, https://www.justice.gov/opa/file/913931/download. Instead, the United States cites the statute for the first time in a footnote in its response brief—only after receiving the Veasey/LULAC Plaintiffs' July 16, 2017 letter—in a post hoc effort to justify its expansive and improper briefing on the discriminatory purpose claim. Doc. 1060 at 2 n.1.

Not only did the United States fail to assert its interest pursuant to 28 U.S.C. § 517 at the outset, the United States also improperly takes positions beyond its belatedly asserted interest in this case. Specifically, the United States argues in its response brief regarding remedies that the discriminatory purpose claim "implicates the interpretation and application of Section 2," and thus that the United States has a "substantial interest in ensuring the proper interpretation and uniform enforcement" of Section 2. *Id*. However, the United States makes several arguments that are far removed from the "interpretation and application" of Section 2, and thus, are improperly asserted. For example, the United States alleges without support that Private Plaintiffs have waived their entitlement to this Court's equitable retention of jurisdiction of this case to "review [any] legislation to determine whether it properly remedies the violations," including retaining jurisdiction to enjoin the operation of SB 5, by "fail[ing] to present any argument in support of this relief." *Compare* Doc. 1060 *with* Doc. 1051 at 2-3.

The United States, as a plaintiff in this case, has no special interest in asserting waiver arguments in support of Defendants. Therefore, this argument is improper. Moreover, it is simply inaccurate. Private Plaintiffs have repeatedly, in addition to their requests for this relief in their various complaints, urged this Court to maintain jurisdiction over this case, *see, e.g.*, Doc. 610 at 284, Doc. 963 at 26. Based on that request, this Court previously agreed to "retain jurisdiction to

review legislation to determine whether it properly remedies the violations," Doc. 628 at 143. The United States' assertion also is absurd given that Plaintiffs continue to seek the very relief it purportedly waived and which the United States also sought before the Fifth Circuit. Brief for the United States as Appellee at 71, *Veasey v. Abbott*, No. 14-41127 (5th Cir. Mar. 3, 2015). Finally, this Court has deferred additional remedial proceedings related to Section 3(c) of the Voting Rights Act until a later date. Doc. 1044. As the United States is well aware, briefing on that issue necessarily involves the issue of this Court's continuing jurisdiction over this case. *See* 52 U.S.C. § 10302(c) (after finding a constitutional violation, as here, "the court, in addition to such relief as it may grant, shall retain jurisdiction"). In any event, it is well established that this Court, pursuant to its equitable powers, may also retain jurisdiction absent relief under Section 3(c). *See, e.g.*, *Jeffers v. Clinton*, 740 F. Supp. 585, 603 (E.D. Ark. 1990) (retaining jurisdiction over remedy for voting rights violations in the alternative to 3(c) relief).

In short, the United States appears to have no valid basis for briefing the discriminatory purpose claim as it has done other than to obstruct Private Plaintiffs' entitlement to appropriate remedies for Texas's decision to enforce a law that violates the Voting Rights Act and the U.S. Constitution. In devoting a significant portion of its briefing to that claim, the United States champions Texas's defense against that claim—all while circumventing the page limitations ordered by the Court for the parties' briefs. *Compare* Doc. 1044 *with* Docs. 1049 & 1052 (collectively, Texas and the United States' opening briefs exceeding this Court's 25-page limit by four pages) and Docs. 1058 & 1060 (collectively, Texas and the United States' response briefs exceeding this Court's 15-page limit by 11 pages).

\*\*\*

To conclude, at this time, Private Plaintiffs seek no action by the Court, but file this advisory to notify the Court of the improper nature of the United States' briefing and the United States' failure to provide a response to the Veasey-LULAC's inquiries regarding the capacity in which the United States continues to brief the issue of remedies for discriminatory intent. Private Plaintiffs reserve the right to continue to object to and seek a remedy for the United States' improper participation on issues relating to the discriminatory purpose claim in this litigation.

Date:  July 21, 2017							Respectfully submitted,

/s/ Leah C. Aden							
SHERRILYN IFILL
JANAI NELSON
CHRISTINA A. SWARNS
COTY MONTAG
LEAH C. ADEN
DEUEL ROSS
NAACP Legal Defense and Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006

JONATHAN PAIKIN
KELLY P. DUNBAR
TANIA FARANSSO
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006

*Counsel for Imani Clark*

/s/ Danielle M. Lang							
J. GERALD HEBERT
DANIELLE M. LANG*
Campaign Legal Center
1411 K Street NW Suite 1400
Washington, DC 20005
*\*Admitted in New York and California Courts only; Practice limited to U.S. Courts and federal agencies.*

CHAD W. DUNN
K. SCOTT BRAZIL

5

BRAZIL & DUNN
4201 Cypress Creek Pkwy., Suite 530
Houston, Texas 77068

ARMAND G. DERFNER
Derfner & Altman
575 King Street, Suite B
Charleston, S.C. 29403

NEIL G. BARON
Law Office of Neil G. Baron
914 FM 517 W, Suite 242
Dickinson, Texas 77539

DAVID RICHARDS
Richards, Rodriguez & Skeith, LLP
816 Congress Avenue, Suite 1200
Austin, Texas 78701

*Counsel for Veasey/LULAC Plaintiffs*

LUIS ROBERTO VERA, JR.
Law Office of Luis Roberto Vera Jr.
111 Soledad, Ste 1325
San Antonio, TX 78205

*Counsel for LULAC*

JON M. GREENBAUM
EZRA D. ROSENBERG
BRENDAN B. DOWNES
Lawyers' Committee for
Civil Rights Under Law
1401 New York Avenue NW Suite 400
Washington, D.C. 20005

WENDY WEISER
MYRNA PÉREZ
The Brennan Center for Justice at NYU Law School
120 Broadway, Suite 1750
New York, New York 10271

SIDNEY S. ROSDEITCHER
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019-6064

6

AMY L. RUDD
LINDSEY B. COHAN
Dechert LLP
500 W. 6th Street, Suite 2010
Austin, Texas 78701

NEIL STEINER
DECHERT LLP
1095 Avenue of the Americas
New York, New York 10036-6797

JOSE GARZA
Law Office of Jose Garza
7414 Robin Rest Drive
San Antonio, Texas 98209

DANIEL GAVIN COVICH
Covich Law Firm LLC
Frost Bank Plaza
802 N Carancahua, Ste 2100
Corpus Christi, Texas 78401

GARY BLEDSOE
Potter Bledsoe, LLP
316 W. 12th Street, Suite 307
Austin, Texas 78701

VICTOR GOODE
NAACP
4805 Mt. Hope Drive
Baltimore, Maryland 21215

ROBERT NOTZON
The Law Office of Robert Notzon
1502 West Avenue
Austin, Texas 78701

*Counsel for the Texas State Conference of NAACP Branches and the Mexican American Legislative Caucus of the Texas House of Representatives*

/s/ Rolando L. Rios
ROLANDO L. RIOS
115 E. Travis, Suite 1645
San Antonio, Texas 78205

*Counsel for the Texas Association of Hispanic County Judges and County Commissioners*

/s/ Robert W. Doggett
ROBERT W. DOGGETT
SHOSHANA J. KRIEGER
Texas RioGrande Legal Aid
4920 N. IH-35
Austin, Texas 78751

JOSE GARZA
Texas RioGrande Legal Aid
1111 N. Main Ave.
San Antonio, Texas 78212

*Counsel for Lenard Taylor, Eulalio Mendez Jr., Lionel Estrada, Estela Garcia Espinoza, Margarito Martinez Lara, Maximina Martinez Lara, and La Union Del Pueblo Entero, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2017, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

/s/ Leah C. Aden
Leah C. Aden