IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*,<br><br>                  Plaintiffs,<br><br>              v.<br><br>GREG ABBOTT, *et al.*,<br><br>                  Defendants. | Civil Action No. 2:13-cv-193 (NGR)<br>[Lead Case] |

## UNITED STATES' ADVISORY

The United States hereby files this Advisory in response to Private Plaintiffs' Advisory filed July 21, 2017 (ECF No. 1064).[1]

"Private Plaintiffs seek no action by the Court" in their Advisory. ECF No. 1064 at 5. Rather, Private Plaintiffs suggest that it was improper for the United States to have provided its views, in its July 5 opening and July 17 response briefs (ECF 1052 & 1060), as to the appropriate remedy arising from Private Plaintiffs' purpose claims in this case, given that the United States had previously withdrawn its own purpose claim. *See* ECF No. 1064 at 5.

The United States' filings were proper for at least two reasons. First, the United States remains a party to this case. Accordingly, the United States filed its briefs in response to the Court's June 20, 2017 Order inviting "all parties" to address all issues "regarding the propriety

---

[1] As noted in Private Plaintiffs' Advisory, the Veasey-LULAC Plaintiffs sent a letter to the United States on Sunday, July 16, the evening before the parties' response briefs were due. On Friday, July 21, the United States was prepared to send a responsive letter back to Private Plaintiffs when it received Private Plaintiffs' Advisory, which they filed with no advance warning. Consequently, the United States has elected to file this responsive Advisory.

and nature of relief to which Plaintiffs are entitled," save for the issues concerning possible relief under Section 3 of the Voting Rights Act.  Order (ECF No. 1044).

The United States has been a party to *Veasey v. Abbott* (S.D. Tex.) since 2013, bringing claims under Section 2 of the Voting Rights Act, and was a party to predecessor litigation, *Texas v. Holder* (D.D.C.) from 2011-2013, defending claims under Section 5 of the Voting Rights Act.  The United States has participated as a party at trial and at every significant phase of litigation over the last six years.  The United States' filings on July 5 and July 17 continue that participation.

There is nothing unique, let alone improper, about that participation.  Indeed, in other cases where the United States is a party, it provides its views to courts on matters it deems appropriate and necessary, including on claims as to which the United States is not a plaintiff or claimant.  *See, e.g.*, *Texas v. United States*, No. 12-496, U.S. Mot. to Affirm in Part, at 31 (U.S. filed Dec. 7, 2012) (where the United States had conceded the Texas Senate plan was entitled to preclearance and thus did not participate in that aspect of the trial but nonetheless weighed in on appeal to argue that it "agrees with Texas that the district court's purpose conclusion concerning the Senate plan was not sufficiently supported").

Second, 28 U.S.C. § 517 authorizes the Department of Justice "to attend to the interests of the United States in a suit pending in a court of the United States," even where the United States is not a party to the suit or claim.  The United States, therefore, often appears in cases in the Supreme Court, courts of appeals, and district courts in which it is not a party and on claims it has not brought.  *See, e.g.*, *Perry v. Perez*, Nos. 11-713, 11-714, 11-715, Br. of U.S. as Amicus Curiae, at 30 (U.S. filed Dec. 28, 2011) (where the United States weighed in as amicus on the Texas House and congressional interim redistricting plans obtained as relief by private plaintiffs

in the *Perez* case and argued that "[c]ertain aspects of the House and congressional plans, however, warrant a more detailed explanation and merit a remand"). Contrary to Private Plaintiffs' suggestion, there is no requirement that the United States utilize any particular format or style its filing as a "Statement of Interest" when it invokes its authority under § 517. *See* 28 U.S.C. § 517; *cf.* ECF No. 1064 at 1, 3–4.

The United States' role when it appears in a case as a party, or as amicus, goes beyond simply the facts and claims at issue. This is illustrated by the recent examples discussed above, where the United States' addressed matters beyond the claims or relief it was itself then pursuing, including when it advised reviewing courts that certain relief obtained by private parties was not sufficiently supported. The Attorney General takes seriously his role as the official charged by Congress with broad authority to enforce the Voting Rights Act "in the name of the United States." 52 U.S.C. § 10308(d). Thus, the United States has a substantial interest in ensuring the proper interpretation and uniform enforcement of the Voting Rights Act across the country. In sum, the United States' July 5 and July 17 filings in this case were a proper exercise of its role as a long-standing party to this litigation, and its role in enforcing the Voting Rights Act.

Private Plaintiffs' Advisory also takes issue with certain points on the merits of the arguments raised by the United States in its July 5 and July 17 filings. The United States believes these arguments have been appropriately and adequately addressed in its filings. Hence, the United States will stand on its filings and will be prepared to participate should the Court schedule oral argument.

Date: July 24, 2017

                                       Respectfully submitted,

ABE MARTINEZ                             JOHN M. GORE
Acting United States Attorney         Deputy Assistant Attorney General
Southern District of Texas             Civil Rights Division

                                       */s/ John M. Gore*
                                       T. CHRISTIAN HERREN, JR.
                                       RICHARD DELLHEIM
                                       DANIEL J. FREEMAN
                                       Attorneys, Voting Section
                                       Civil Rights Division
                                       U.S. Department of Justice
                                       950 Pennsylvania Ave. NW
                                       Washington, D.C. 20530

                                       *Counsel for the United States*

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 24, 2017, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

      */s/ Daniel J. Freeman*
Daniel J. Freeman
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, D.C. 20530