UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| v.    § | CIVIL ACTION NO. 2:13-CV-00193 |
| § | |
| GREG ABBOTT, *et al.*, § | |
| § | |
| Defendants. § | |

**DEFENDANTS' RESPONSE TO PRIVATE PLAINTIFFS' ADVISORY ON SUPPLEMENTAL AUTHORITY RELATING TO THE PARTIES' REMEDIES BRIEFS**

In *Perez v. Abbott*, No. 5:11-cv-00360-OLG-JES-XR (W.D. Tex. Aug. 15, 2017), the district court concluded that the "discriminatory taint" it previously found (in an advisory opinion) in Texas's 2011 redistricting plans was not cured by the 2013 Legislature's enactment of the court-drawn interim plans "because the Legislature engaged in no deliberative process to remove any such taint," Op. 104-05. The court's decision is incorrect and will be appealed. There can be no discriminatory *intent* when a legislature adopts court-drawn redistricting maps, as happened in *Perez*.

Nevertheless, the Fifth Circuit cases cited by *Perez* support Defendants' arguments in this case. As the district court observed, the "intervening reenactment [of an invalidated law] with meaningful alterations may render the current law valid." Op. 31 (quoting *Chen v. City of Houston*, 206 F.3d 502, 521 (5th Cir. 2000)). And when a legislative change is made "through a deliberative process," then the new legislation ordinarily "supersede[s] the

1

previous provision." Op. 31 n.36 (quoting *Cotton v. Fordice*, 157 F.3d 388, 391-92 (5th Cir. 1998)).

SB5's reasonable-impediment exception unquestionably constitutes a "meaningful alteration" to SB14's voter-ID requirement, enacted through a "deliberative process" undertaken by the 2017 Legislature. Simply put, the exception was the Legislature's "attempt to adopt [a law] that fully complied with the VRA and the Constitution." Op. 35; *see Veasey v. Abbott*, 830 F.3d 216, 270 (5th Cir. 2016) (en banc) (suggesting a reasonable-impediment exception as an "appropriate amendment" to cure SB14's alleged infirmities). So even on the (flawed) terms of *Perez*'s reasoning, the instant voter-ID case and SB5's reasonable-impediment exception satisfy even *Perez*'s standard. In short, SB5's reasonable-impediment exception remedies all of Plaintiffs' claims.

Date: August 16, 2017

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant
  Attorney General

BRANTLEY D. STARR
Deputy First Assistant
  Attorney General

JAMES E. DAVIS
Deputy Attorney General
  for Litigation

/s/ Angela V. Colmenero
ANGELA V. COLMENERO
Chief, General Litigation Division

        Matthew H. Frederick
        Deputy Solicitor General

        Office of the Attorney General
        P.O. Box 12548 (MC 059)
        Austin, Texas 78711-2548
        Tel.: (512) 936-6407
        Fax: (512) 474-2697

        *Counsel for Defendants*

## CERTIFICATE OF SERVICE

    I hereby certify that on August 16, 2017, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

        /s/ Angela V. Colmenero
        Angela V. Colmenero