```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF TEXAS
                       CORPUS CHRISTI DIVISION


MARC VEASEY, ET AL.,        )    CASE NO: 2:13-CV-00193
                            )
           Plaintiffs,      )         CIVIL
                            )
     vs.                    )    Corpus Christi, Texas
                            )
GREG ABBOTT, ET AL.,        )    Friday, January 20, 2017
                            )
           Defendants.      )    (5:04 p.m. to 5:17 p.m.)


                  HEARING ON MOTION FOR CONTINUANCE


              BEFORE THE HONORABLE JASON B. LIBBY,
                 UNITED STATES MAGISTRATE JUDGE



APPEARANCES:             CONTINUED ON PAGE 2


For Plaintiffs:          CHAD W. DUNN, ESQ.
                         Brazil and Dunn
                         4201 Cypress Creek Parkway
                         Suite 530
                         Houston, TX 77068

Court Recorder:          Judith F. Alvarez

Case Manager:            Arlene Rodriguez

Law Clerk:               Deborah Sunderman

Transcriber:             Exceptional Reporting Services, Inc.
                         P.O. Box 18668
                         Corpus Christi, TX 78480-8668
                         361 949-2988


Proceedings recorded by electronic sound recording;
transcript produced by transcription service.
```

**APPEARANCES FOR:**          (CONTINUED)


| | |
|---|---|
| Texas NAACP / MALC: | EZRA D. ROSENBERG, ESQ.<br>Lawyers Committee for Civil Right<br> Under Law<br>1401 New York Avenue, NW, Suite 400<br>Washington, DC 20005<br><br>MYRNA PEREZ, ESQ.<br>Brennan Ctr. for Justice at<br>NYU School of Law<br>120 Broadway, Suite 1750<br>New York, NY 10271 |
| United States<br>of America: | DANIEL J. FREEMAN, ESQ.<br>U.S. Department of Justice<br>950 Pennsylvania Ave. NW<br>NWB 7123<br>Washington, DC 20009 |
| Taylor Plaintiffs,<br>et al.: | JOSE GARZA, ESQ.<br>Texas Rio Grande Legal Aid<br>1111 N. Main Ave.<br>San Antonio, TX 78212 |
| State of Texas: | ANGELA V. COLMENERO, ESQ.<br>Office of the Attorney General<br>P.O. Box 12548<br>Austin, TX 78711 |
| Texas League of Young<br>Voters Education Fund<br>and Imani Clark: | JANAI NELSON, ESQ.<br>NAACP Legal Def. Educational Fund<br>40 Rector St., 5th Floor<br>New York, NY 10006 |

3

**Corpus Christi, Texas; Friday, January 20, 2017; 5:04 p.m.**

**Call to Order**

**THE CLERK**: Court calls civil action Marc Veasey, et al., versus Greg Abbott, et al.

**THE COURT**: And I have your appearances; we don't need to do that again. Thank you again.

We have this motion for a continuance that has been filed by the United States. As I understand the motion, the Defendants are unopposed to the motion for continuance of this January 24th hearing. Some of the Plaintiffs are opposed.

Judge Ramos is working out of the office today and she wanted this matter heard so she referred it to me for my consideration.

Let me -- let me start with Mr. Freeman because it's your motion. You may proceed, Mr. Freeman, on your motion.

**MR. FREEMAN**: Thank you, your Honor. The United States has requested additional time in order to brief the new leadership of the Department of Justice concerning both the substance of this matter and the matters to be addressed at oral argument.

In this instance, the new leadership of the department does need to be briefed regarding the substance of this case, and we believe it would be the most useful use of Judge Ramos' time, the Court's time, for us to be able to speak to the Court after we had been able to brief our client.

1          **THE COURT**:  Okay.  I'm just going to go in order that
2  I have that I took your appearances and find out what the
3  position -- what your position is.  Mr. Dunn?
4          **MR. DUNN**:  Yes, your Honor.
5          **THE COURT**:  You may proceed with your position on the
6  Government's motion or the United States motion.
7          **MR. DUNN**:  Thank you, your Honor.  Obviously, this
8  Court has had -- this case has had a considerable years long
9  history.  I won't recount that history now, but the litigation
10 began at another forum in 2011 after legislation passed this
11 bill.
12         The Voter ID law was stayed by operation of federal
13 law at that time.  There was litigation in D.C. under the
14 Voting Rights Act.  The law was not precleared.  The U.S.
15 Supreme Court adjusted the preclearance regime which allowed
16 Texas to put it into effect, and this lawsuit was begun by
17 private Plaintiffs, my clients and others, who lost their right
18 to vote one afternoon when the State's Attorney General decided
19 to enforce a law that three judges in D.C. had found to be
20 discriminatory.
21         Since that time, they have struggled at every turn to
22 obtain justice and receive their voice, their right to petition
23 their government in the most important way they know how in
24 casting their vote for the leadership that they believe
25 represents their ideals.

5

1      In many cases, they were deprived of that right to
2 vote in multiple elections.  Up until the point that the Fifth
3 Circuit in this case entered an en banc ruling and an interim
4 remedy was put into place.
5      Since that time, issues remained to be decided by the
6 District Court as remanded by the Fifth Circuit on whether or
7 not this law was adopted with a discriminatory intent.  A
8 briefing schedule was laid down months ago.  This hearing was
9 scheduled months ago.
10      There's been an enormous amount of communication
11 among the party in coordination with debriefing in preparation
12 for this hearing.  It certainly was no surprise that a new
13 president would be inaugurated today.  That's information
14 that's also been known for months.
15      The parties have purchased airfare, other
16 nonrefundable expenses at great expense, and certainly there's
17 been an opportunity for the new president and his team -- the
18 new transition team to understand the litigation and be
19 prepared for the hearing today.
20      My clients unfortunately just by virtue of how the
21 system works have endured quietly and patiently the federal
22 judiciary work through what is undoubtedly a very difficult
23 case, but it shouldn't today -- they shouldn't today suffer yet
24 another delay for no fault of their own and for reasons that
25 don't meet the standard that is required.

1    For example, the United States in seeking this
2 continuance should show prejudice and that it was unable to
3 otherwise adequately respond to the schedule set by the Court
4 many months ago. And instead, in just a few short sentences,
5 the United States asked just for forgiveness and more time.
6    And we think that in light of the last second request
7 when it easily could have been made weeks and months ago, and
8 the fact that there's no basis in the record to support it,
9 that the Court ought to reject it. And I appreciate the Court
10 hearing us at a short order on this matter.
11    **THE COURT**: Okay. Thank you for your comments,
12 Mr. Dunn. Mr. Rosenberg, you're next.
13    **MR. ROSENBERG**: Yes. Yes, thanks. (Indisc.). I'd
14 add a few things that this case --
15    **THE COURT**: Could you speak a little bit -- I'm sorry
16 for interrupting.
17    **MR. ROSENBERG**: Sure.
18    **THE COURT**: Could you speak more directly into the
19 phone?
20    **MR. ROSENBERG**: Better?
21    **THE COURT**: Thank you.
22    **MR. ROSENBERG**: Yes. This case as Mr. Dunn said has
23 been (indisc.).
24    **THE COURT**: I'm sorry. I'm going to interrupt one
25 more time. You're breaking up.

| | |
|---|---|
| 1 | **MR. ROSENBERG:**  Okay.  Is this better? |
| 2 | **THE COURT:**  Better. |
| 3 | **MR. ROSENBERG:**  (Indisc.) the attorneys of the |
| 4 | (indisc.) -- |
| 5 | **THE COURT:**  Okay.  I'm sorry, Mr. Rosenberg. |
| 6 | **MR. ROSENBERG:**  Okay.  I'm sorry also because I'm |
| 7 | speaking (indisc.). |
| 8 | **THE COURT:**  Let's give you -- |
| 9 | **MR. ROSENBERG:**  Is this better? |
| 10 | **THE COURT:**  That is much better.  All right. |
| 11 | **MR. ROSENBERG:**  Okay. |
| 12 | **THE COURT:**  Let's try one more time. |
| 13 | **MR. ROSENBERG:**  This case has -- this case has been |
| 14 | pending four to five years (indisc.). |
| 15 | **THE COURT:**  I think Mr. Rosenberg is having some |
| 16 | problems with his telephone. |
| 17 | Mr. Rosenberg, are you -- are you still there? |
| 18 | **MR. ROSENBERG:**  Yes, I am. |
| 19 | **THE COURT:**  Okay.  I don't know -- I don't know what |
| 20 | guidance to give you except you might want to move to another |
| 21 | location in the room where you're calling from or we can delay |
| 22 | the proceedings and allow you to call in from a landline. |
| 23 | What's your preference? |
| 24 | **MR. ROSENBERG:**  (Indisc.) Can you hear now? |
| 25 | **THE COURT:**  Not better. |

1    **MR. ROSENBERG:**  (Indisc.)

2    **MS. NELSON:**  Your Honor, why don't -- why don't we
3  move to another party and -- while he attempts to try and find
4  another spot.

5    **THE COURT:**  That's a --

6    **MS. PEREZ:**  Myrna Perez --

7    **MR. ROSENBERG:**  Sorry.

8    **THE COURT:**  -- that's a good idea.  That's a good
9  idea, but for just -- for purposes of maintaining, I guess, our
10 procedure, when the parties talk, if you could please identify
11 yourself for the record.  Who was that who just made the
12 comment?

13   **MS. PEREZ:**  This is Myrna Perez also representing The
14 Texas NAACP and MALC.  If Mr. Rosenberg is not able to find a
15 better spot in the appropriate time, I will -- I will take the
16 argument for him.

17   **THE COURT:**  Okay.  We'll give Mr. Rosenberg a moment
18 and then we'll come back to either Mr. Rosenberg or Ms. Perez.

19   Mr. Garza, on behalf of the Taylor Plaintiffs, why
20 don't you proceed with your argument?

21   **MR. GARZA:**  Yes, your Honor.  I think, echoing
22 Mr. Dunn, the movant in a case of this sort must show
23 diligence, relevance, materiality, prejudice, and the
24 Government has made no attempt to do that.  The only offer was
25 a desire to brief the new leadership concerning the case.  They

1  have been in transition for two and a half months and surely
2  briefed the transition team about this case or they weren't
3  diligent.
4         They don't offer any grounds for the relevance or
5  materiality, or how the U.S. would be prejudiced by moving
6  forward and to support the motion.
7         As Mr. Dunn indicated, this case has been fully
8  briefed, and this case has been set -- set for some time.  The
9  Taylor Plaintiffs respectfully request the Court deny the
10 motion.
11        **THE COURT**:  Okay.  And Ms. Nelson, on behalf of Imani
12 Clark?
13        **MS. NELSON**:  Yes, your Honor.  I want to reiterate
14 that this case has been fully briefed since December 16th.
15 It's been a matter of public record that's been fully available
16 to the new administration and the transition team that's been
17 in place, as Mr. Garza says, for over two and a half months.
18        This is an eleventh-hour request with no statement of
19 prejudice, no justification for delay other than to brief a
20 transition team that again had access to the public record.
21        This law has been in place for four years and it's
22 been discriminating against Latinos and African-Americans in
23 Texas as over a dozen judges have already held; to allow it to
24 remain in place any longer continues to prejudice the
25 individual voters of Texas who ultimately are operating under

1  this intentionally discriminatory law and a law that has a
2  proven discriminatory impact.
3         The other important matter for this Court to consider
4  is that there are two elections -- or I'm sorry, one election
5  coming up in February; it's February 18th to be exact.  These
6  are local elections in the City of Frisco that include Denton
7  and Collins Counties.
8         So, any continuance which we fully believe should be
9  denied in its entirety, certainly should not extend beyond
10 those elections which are on February 18th.  And we would ask
11 that the Court allow this proceeding to go forward in order
12 that we have the ruling before those elections are -- are in
13 place.
14        **THE COURT**:  Okay.  And then for the State of Texas,
15 Ms. Colmenero, do you have anything you would like to add on
16 this matter?
17        **MS. COLMENERO**:  Just a few points, your Honor.  As we
18 mentioned earlier, the State Defendants are in agreement with
19 the motion.
20        And I would just like to add that while the
21 Plaintiffs have identified one local election which appears to
22 be in the City of Frisco, that election will be governed by the
23 interim order that the Court entered in August of 2016.  And
24 that interim order remains in place and addresses all elections
25 that will occur now -- now and in the next 30 days if the Court

1  grants a continuance.
2  **THE COURT**: Okay. All right. Now -- all right.
3  Thank you for that. Mr. Rosenberg, are you back with us?
4  **MR. ROSENBERG**: I'm back, but I'm not sure if this is
5  any better. I didn't want to hang up.
6  **THE COURT**: No, that's a lot better.
7  **MR. ROSENBERG**: (Indisc.)
8  **THE COURT**: We can -- we can do this. I can hear
9  your comments if you want to try again.
10 **MR. ROSENBERG**: Just for, because everyone -- I agree
11 with what everyone said. The fact is that since December 16th
12 when the Department got this filed, the facts haven't changed.
13 What has -- the only thing that has happened is that there's a
14 new administration which, as Mr. Dunn said, was completely
15 anticipated.
16      And in fact, the schedule that's in place was the
17 schedule that the Department of Justice asked for. And that
18 schedule has been in place for six months, with a slightly
19 longer schedule than what the private Plaintiffs wanted, but
20 it's the schedule, and we should stick with it.
21 **THE COURT**: Okay.
22 **MR. ROSENBERG**: Thank you.
23 **THE COURT**: All right. Have any other lawyers joined
24 this hearing since we started?
25      Hearing that there have been none, I'm going to rule

1 on the motion.

2 　　　　　I'd like to first off thank you all for your late
3 appearances or appearances at the late notice.  I thought it
4 was appropriate and Judge Ramos thought it was appropriate to
5 get this ruled on so that a decision could be made prior to the
6 beginning of your week next week.

7 　　　　　I've considered the reasons for the motion along with
8 the well-stated arguments in opposition to the motion, the
9 timing that the motion was filed, along with the date of the
10 hearing which is set for just next week.

11 　　　　　I've also considered the time and the expense that
12 the delay will cost the lawyers, but I've also considered the
13 time and the expense of having you all come to Corpus Christi
14 for this hearing with the very real possibility that the case
15 would have to be continued again, and that would only magnify
16 the expenses and -- and the waste of time.

17 　　　　　I've also considered, without having discussed the
18 matter with her directly, but I've considered the very real
19 likelihood that Judge Ramos would want the position of the
20 United States on this matter stated clearly and with the
21 authority of the current administration.

22 　　　　　And so, for those reasons, I'm going to grant the
23 United States' motion for a continuance of the hearing that was
24 set for January 24th, and I will reset it before Judge Ramos on
25 February 28th, 2017, at 9:00 o'clock in the morning.  That's

13

1  February 28th at 9:00 o'clock in the morning in Judge Ramos's
2  courtroom.
3          Does anyone have anything further?  If you do, please
4  state your name for the record.
5          Having heard no further responses, those parties who
6  objected, your objections are noted and overruled.  And again,
7  thank you for your appearances.  Enjoy your weekend, and we are
8  in recess.
9          **(Attorneys thanked the Court)**
10         **THE COURT**:  You're welcome.
11         **(This proceeding was adjourned at 5:17 p.m.)**

# CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____          September 12, 2017_

TONI HUDSON, TRANSCRIBER