**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | |
|---|---|
| MARC VEASEY, *et al.*,<br><br>                Plaintiffs,<br><br>v.<br><br>GREG ABBOTT, *et al.*,<br><br>                Defendants. | Civil Action No. 2:13-cv-193 (NGR) |

**PRIVATE PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' CLAIMS OR, IN THE ALTERNATIVE, ENTER FINAL JUDGMENT
FOR DEFENDANTS ON PLAINTIFFS' CLAIMS**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................................. 1

RELEVANT PROCEDURAL HISTORY ........................................................................ 2

ARGUMENT ..................................................................................................................... 4

    I.    THERE IS NOTHING LEFT FOR THIS COURT TO ADJUDICATE ON THE MERITS OF THIS CASE. ............................................................... 4

    II.    TEXAS'S SUBSTANTIVE ARGUMENTS IGNORE THE PROCEDURAL POSTURE OF THIS CASE AND CANNOT SUCCEED. ................................................................................................. 6

CONCLUSION ................................................................................................................ 10

# **TABLE OF AUTHORITIES**

**CASES**

*Abbott v. Perez*,
　138 S. Ct. 2305 (2018) ................................................................................................................9

*Abbott v. Veasey*,
　137 S. Ct. 612 (2017) .................................................................................................................2

*Centerpoint Energy Houston Elec. LLC v. Harris Cty. Toll Rd. Auth.*,
　246 F. App'x 286 (5th Cir 2007) ...............................................................................................7

*Cook v. Cameron*,
　733 S.W.2d 137 (Tex. 1987) ......................................................................................................5

*Girard v. Brinker Int'l Payroll Corp.*,
　58 F. App'x 595 (5th Cir. 2003) ................................................................................................5

*Great Am. Ins. Co. of N.Y. v. Lowry Dev., LLC*,
　2011 WL 2358569 (S.D. Miss. June 9, 2011) ............................................................................5

*Husted v. A. Philip Randolph Inst.*,
　138 S. Ct. 1833 (2018) ................................................................................................................9

*Kittelson v. Dretke*,
　426 F.3d 306 (5th Cir. 2005) .....................................................................................................5

*Martini v. Alamo Cmty. Coll. Dist.*,
　353 F.3d 409 (5th Cir. 2003) .....................................................................................................8

*McCorkle v. Metro Life Ins. Co.*,
　757 F.3d 452 (5th Cir. 2014) .....................................................................................................5

*Med. Ctr. Pharmacy v. Holder*,
　634 F.3d 830 (5th Cir. 2011) .................................................................................................6, 8

*OCA-Greater Houston v. Texas*,
　867 F.3d 604 (5th Cir. 2017) .....................................................................................................8

*Planned Parenthood of Greater Tex. Surgical Health Servs. v. Abbott*,
　748 F.3d 583 (5th Cir. 2014) .....................................................................................................5

*Tollett v. City of Kemah*,
　285 F.3d 357 (5th Cir. 2002) .....................................................................................................7

*Trump v. Hawaii*,
　138 S. Ct. 2392 (2018) ................................................................................................................9

*TTEA v. Ysleta del Sur Pueblo*,
  181 F.3d 676 (5th Cir. 1999) ...................................................................................8

*United States v. Becerra*,
  155 F.3d 740 (5th Cir. 1998) ...................................................................................7

*Veasey v. Abbott*,
  830 F.3d 216 (5th Cir. 2016) (en banc) .........................................................2, 8, 10

*Veasey v. Abbott*,
  888 F.3d 800 (5th Cir. 2018) ............................................................................ passim

*Veasey v. Perry*,
  71 F. Supp. 3d 627, 633 (S.D. Tex. 2014) ...............................................................2

*Weisgram v. Marley Co.*,
  528 U.S. 440 (2000) ..................................................................................................4

**STATUTES**

28 U.S.C. § 1291 ..............................................................................................................3

28 U.S.C. § 1292 ..............................................................................................................3

**OTHER AUTHORITIES**

TEXAS RULE OF APPELLATE PROCEDURE 43.1 ..................................................................5

**INTRODUCTION**

Texas's motion to dismiss is predicated on the false notion that there are claims in this case for which Plaintiffs may pursue additional relief. There are not. All of the relief in this case, including declaratory relief, has already been entered and fully adjudicated.[1] The Fifth Circuit's April 2018 opinion resolved all remaining claims and defenses. That was made clear by the Fifth Circuit, which "reversed and rendered" judgment, rather than remand for further action by this Court. Because neither party timely petitioned for rehearing en banc or for certiorari, the substantive merits and remedy phases of this long-standing case are over. Plaintiffs do not seek any further relief. Nor could they, in light of the Fifth Circuit's ruling that Plaintiffs have obtained all the relief to which they are entitled. All that remains is for this Court to adjudicate Plaintiffs' fee application, which will be submitted in due course per joint agreement by the parties.[2] Texas's motion to dismiss is nothing more than an attempt to obtain relief that it sought from the Fifth Circuit, but failed to obtain. Because the Fifth Circuit has already rendered judgment, this Court lacks jurisdiction to entertain Texas's motion. Thus, this Court should deny Texas's motion.

---

[1] Had Defendants' counsel simply called Plaintiffs' counsel, they could have avoided this unnecessary motion practice entirely.

[2] Plaintiffs recognize that the joint motion to postpone filing of motion for attorneys' fees included a final judgment by this Court as one of the possible triggers for the fee application. Unopposed Motion to Postpone Filing of Motions for Attorneys' Fees, Doc. 1100, at 2. This was a theoretical possibility that could have occurred if, for example, further appellate proceedings led to a remand. However, now that the appellate periods have passed, it is clear that the Fifth Circuit's mandate entered on June 19, 2018 functions as the final judgment in this matter. *See* Order of USCA – Judgment, Doc. 1104. Therefore, pursuant to this Court's order, Plaintiffs' motion for fees is due September 10, 2018—45 days after the time expired to seek Supreme Court review on July 26, 2018. Even if the Fifth Circuit's Judgment did not in and of itself end this case, the only action that this Court could take would be to enter a Final Judgment "for the reasons set forth by the Fifth Circuit in its opinion of April 27, 2018."

**RELEVANT PROCEDURAL HISTORY**

A brief summary of the relevant procedural history of this case demonstrates that all of the claims in this matter have been fully and finally adjudicated.

In the first round of this litigation, this Court held that SB 14 (1) violated Section 2 of the Voting Rights Act ("VRA") because it had discriminatory results, (2) violated both Section 2 and the Constitution because it was enacted with a discriminatory intent, (3) violated the Constitution because it burdened the right to vote, and (4) constituted an unconstitutional poll tax. *Veasey v. Perry* ("*Veasey I*"), 71 F. Supp. 3d 627, 633 (S.D. Tex. 2014). On July 20, 2016, the Fifth Circuit, sitting en banc, affirmed this Court's holding that SB 14 violated Section 2 of the VRA because it had discriminatory results but reversed and remanded this Court's holding that SB 14 was enacted with discriminatory intent. *Veasey v. Abbott* ("*Veasey II*"), 830 F.3d 216, 272 (5th Cir. 2016) (en banc). The en banc Fifth Circuit expressly vacated the district court's holding and rendered judgment for Texas on the poll tax claim, and it found that it did not need to reach the right to vote claim, so it vacated and dismissed the judgment on that issue. *Id.* Texas petitioned for certiorari, but its petition was denied. *Abbott v. Veasey*, 137 S. Ct. 612 (2017). At that stage of this litigation, Texas's liability on the Section 2 results claim, poll tax claim, and right to vote claim had all been fully adjudicated.

After the 2016 en banc opinion, the only matters that returned to this Court were (1) the merits of and remedy for the discriminatory intent claim and (2) the appropriate remedy for the discriminatory results claim. Prior to the 2016 election, this Court issued an interim remedial order intended to provide relief for SB 14's discriminatory results while the discriminatory intent claim was adjudicated, the outcome of which would bear on final relief. *See* Order Regarding Agreed Interim Plan for Elections, Doc. 895; Order Granting Mot. to Enforce Interim Remedial Order, Doc. 943. Further, on remand, this Court reweighed the discriminatory intent evidence and again

2

held that SB 14 was enacted with a discriminatory purpose.  Order on Claim of Discriminatory Purpose, Doc. 1023, at 9-10.

After this Court issued that decision, the Texas Legislature enacted SB 5, a 2017 statute that amended SB 14 by incorporating many (but not all) of the provisions of the interim remedial order.  *See* 2017 Texas Senate Bill 5, 85th Leg. ("SB 5").  Subsequently, this Court issued an Order resolving the two matters before it—discriminatory intent and the remedy for both intent and results—declaring that SB 14 had been enacted with discriminatory intent in violation of Section 2 and the Constitution, permanently enjoining SB 14 and SB 5, and ordering the parties to present a schedule for consideration of relief under Section 3(c) of the Voting Rights Act.  Order Granting Section 2 Remedies & Terminating Interim Order, Doc. 1071, at 27.

Texas immediately appealed all of the remaining issues—both the discriminatory intent ruling and this Court's remedy ruling that enjoined both SB 14 and SB 5—pursuant to both 28 U.S.C. § 1291 (appeal from final decision) and 28 U.S.C. § 1292 (appeal from injunction).  *See* Appellants' Br. at 3, *Veasey v. Abbott* ("*Veasey III*"), 888 F.3d 800 (5th Cir. 2018) (No. 17-40884), 2017 WL 4813073.  Texas's appellate brief exhaustively addressed the merits of the discriminatory intent finding, as well as the remedial issues.  *Id.*  The Fifth Circuit resolved both issues and reversed and rendered judgment.  *Veasey III*, 888 F.3d at 804.  With respect to discriminatory intent, the Fifth Circuit held that it was unnecessary to disturb that finding to answer the question of what additional relief should be provided going forward.  *Id*. at 800 ("Whatever the strength of the district court's renewed finding of purposeful discrimination by the Texas legislature . . . we need not review the court's liability findings because even if we were to affirm, the court's overreach in its remedial injunction and proceedings was an abuse of discretion meriting reversal.").  Therefore, the Fifth Circuit rejected Texas's express request that the discriminatory

intent finding be vacated. *See* Appellants' Br. at 82, *Veasey III*, 2017 WL 4813073. With respect to the appropriate remedy, however, the Fifth Circuit held that "SB 5 constitutes an effective remedy for the only deficiencies testified to in SB 14." *Veasey III*, 888 F.3d at 804.

The Fifth Circuit reversed the district court's injunction of SB 5 and order for further relief, rendering judgment on all remaining matters in this case. *Id.* ("For the foregoing reasons, we REVERSE and RENDER the district court's permanent injunction and order for potential further relief."); *see also id.* (Higginbotham, J., concurring) ("I join Judge Jones in reversing the district court's injunction of SB 5 enforcement . . ."); Order of USCA – Judgment, Doc. 1104 ("It is ordered and adjudged that the judgment of the District Court is reversed and rendered."). The Fifth Circuit did not remand any issues for further consideration.

## ARGUMENT

**I.  THERE IS NOTHING LEFT FOR THIS COURT TO ADJUDICATE ON THE MERITS OF THIS CASE.**

Given this procedural history, there is simply nothing left for this Court to decide except Plaintiffs' forthcoming fee motion. While Plaintiffs believe that the Fifth Circuit should have granted additional relief beyond what Plaintiffs secured in 2016, the Fifth Circuit did not do so, and Plaintiffs chose not to petition for rehearing en banc or for certiorari. Neither has Texas.

Texas cannot now return to this Court and ask it to re-litigate prior decisions that the Fifth Circuit declined to disturb under the guise of moving to dismiss "remaining" claims that Plaintiffs are not pursuing, and, indeed, cannot pursue any further. Nor can Texas move to dismiss claims that have been fully adjudicated and for which no further relief can be, or is, sought.

The Fifth Circuit "has authority to render the final decision," and did so in this case. *Weisgram v. Marley Co.*, 528 U.S. 440, 443-44 (2000). The term "reverse and render" has a settled meaning in the Fifth Circuit: it indicates that the appellate judgment is the final judgment in the

4

case and should be accepted as final judgment by the district court. *See, e.g.*, *McCorkle v. Metro Life Ins. Co.*, 757 F.3d 452 (5th Cir. 2014) (reversing and rendering judgment) (final action on the district court docket is the Fifth Circuit mandate); *Girard v. Brinker Int'l Payroll Corp.*, 58 F. App'x 595 (5th Cir. 2003) (same).[3] The Fifth Circuit's choice to "reverse and render" rather than "reverse and remand" actually directs this Court to take no further action on the merits of Plaintiffs' claims.

Reversing and rendering is distinct from remanding because it indicates that there is nothing left for the district court to decide. *See, e.g.*, *Planned Parenthood of Greater Tex. Surgical Health Servs. v. Abbott*, 748 F.3d 583, 587 (5th Cir. 2014) ("We conclude that both of the challenged provisions are constitutional and therefore reverse and render judgment, with one exception, for the State."). Where the appellate court anticipates any remaining matters to be decided upon remand, it indicates as much. *See, e.g.*, *Kittelson v. Dretke*, 426 F.3d 306, 308 (5th Cir. 2005) ("We reverse, render, and remand, for the reasons set out below."); *Great Am. Ins. Co. of N.Y. v. Lowry Dev., LLC*, 2011 WL 2358569, at *5 (S.D. Miss. June 9, 2011) ("[I]t should be noted that the Fifth Circuit did not reverse and render this case, but reversed and remanded the case for further proceedings, and it clearly viewed Lowry's claims against Groves as unresolved."), *aff'd*, 690 F.3d 382 (5th Cir. 2012). In this case, the Fifth Circuit definitively decided the only two remaining issues in the case, reversed and rendered judgment, and chose not to remand. The relief

---

[3] The phrase "reverse and render" was likely borrowed by the Fifth Circuit from Texas state practice. The phrase is found in the Texas Rules of Appellate Procedure, where it is listed as one of six possible types of judgments a court of appeals may issue. TEX. R. APP. P. 43.1 ("The court of appeals may . . . reverse the trial court's judgment in whole or in part and render the judgment that the trial court should have rendered."). Importantly, "[w]hen an appellate court . . . renders a judgment which the trial court should have rendered, that judgment becomes the judgment of both courts." *Cook v. Cameron*, 733 S.W.2d 137, 139 (Tex. 1987).

5

that Texas requests is plainly inconsistent with the Fifth Circuit's mandate. With the exception of fees and costs, this case is over.

## II. TEXAS'S SUBSTANTIVE ARGUMENTS IGNORE THE PROCEDURAL POSTURE OF THIS CASE AND CANNOT SUCCEED.

At the outset, all of Texas's arguments in its motion to dismiss ignore the procedural posture of this case, which as described above, leaves nothing left for this Court to decide. Texas begins its argument with the heading "Plaintiffs' Remaining Declaratory Judgment Claims Challenging SB 14 Are Moot and Barred by Sovereign Immunity." Mot. to Dismiss, Doc. 1107, at 13. But as explained above, Plaintiffs have no remaining claims of any kind left to be decided in this case. And Plaintiffs' request for declaratory relief was never a stand-alone claim in this case, but simply one form of relief for legal claims that have now been fully adjudicated. A court cannot dismiss relief granted for claims that have already been fully adjudicated, and where the parties have failed to seek further appeals.

Second, all of Texas's substantive arguments attacking this Court's prior orders—mootness, sovereign immunity, prudential arguments against declaratory relief, and the merits of this Court's discriminatory intent finding—are matters that were either fully adjudicated by the Fifth Circuit during this most recent appeal or were waived because Texas did not raise them in prior appeals. Texas's most recent appeal to the Fifth Circuit was broad and encompassed procedural defenses, the intent finding, and the remedial issues. It asked the Fifth Circuit to direct this Court to vacate its intent and results findings, as well as its injunctions, and dismiss this case as moot. *See* Appellants' Br. at 16, *Veasey III*, 2017 WL 4813073. Having not received this precise relief in its appeal, Texas has returned to this Court asking for that relief. All of Texas's arguments here are therefore barred by waiver or the law of the case doctrine. *See Med. Ctr. Pharmacy v. Holder*, 634 F.3d 830, 834 (5th Cir. 2011) ("[A]n issue that could have been but was

6

*not* raised on appeal is forfeited and may not be revisited by the district court on remand."); *Tollett v. City of Kemah*, 285 F.3d 357, 364 (5th Cir. 2002) ("Under the law of the case doctrine, an issue of law or fact decided on appeal may not be reexamined either by the district court on remand or by the appellate court on a subsequent appeal." (quoting *United States v. Becerra*, 155 F.3d 740, 752 (5th Cir. 1998))).

With respect to its mootness argument, Texas argued adamantly on appeal that this case was moot and sought vacatur on that basis. Appellants' Br. at 17-35, *Veasey III*, 2017 WL 4813073. The law of the case doctrine now governs that issue. If Texas believes that the Fifth Circuit should have vacated the prior finding of discriminatory intent on that basis, its remedy was to appeal the Fifth Circuit's opinion. But, Texas declined to do so. This Court cannot contravene the Fifth Circuit's finding that the matter was not moot. It particularly cannot do so on the basis of a motion to dismiss claims that are no longer live.[4]

Thus, Texas' motion should be dismissed based on the mandate and there is no basis for addressing Texas' other arguments on the merits. In any event, none of those arguments have any merit.

Texas argues that Plaintiffs' request for declaratory judgment must be dismissed because it is barred by sovereign immunity. Texas waived this argument by failing to raise it in its prior appeals. *See, e.g.*, *Centerpoint Energy Houston Elec. LLC v. Harris Cty. Toll Rd. Auth.*, 246 F. App'x 286, 289 (5th Cir 2007) (holding sovereign immunity defense waived when not raised in

---

[4] Texas attempts to cabin the Fifth Circuit's decision on mootness as one dealing with its "appeal," rather than the case as a whole. Texas never argued that its own appeal was moot. That would make no sense. Rather, as the Fifth Circuit expressly stated, "[t]he state contends initially that this case has become moot." *Veasey III*, 888 F.3d at 798. In concluding the "appeal" was not moot, the Fifth Circuit was simply using the word "appeal" as synonymous with "case," not differentiating "appeal" from "case."

7

first appeal or on remand to district court prior to second appeal); *Martini v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 413 (5th Cir. 2003) (holding Eleventh Amendment defense abandoned when it was inadequately briefed on appeal). Texas's sovereign immunity argument is, in any event, barred by binding Fifth Circuit precedent: "The VRA, which Congress passed pursuant to its Fifteenth Amendment enforcement power, validly abrogated state sovereign immunity." *OCA-Greater Houston v. Texas*, 867 F.3d 604, 614 (5th Cir. 2017) (citing *Mixon v. Ohio*, 193 F.3d 389, 398-99 (6th Cir. 1999)).

Texas's arguments about retrospective relief are also misplaced. Plaintiffs are not seeking and never sought any retrospective relief. All of the relief that Plaintiffs obtained in prior rounds of this litigation was declaratory and prospective, as is proper under the *Ex parte Young* doctrine. *See TTEA v. Ysleta del Sur Pueblo*, 181 F.3d 676, 680 (5th Cir. 1999) ("State sovereign immunity does not preclude declaratory or injunctive relief against state officials.").

Likewise, Texas's various prudential arguments against the entry of declaratory relief are irrelevant in light of the fact that the Fifth Circuit's decision precludes this Court from granting any further declaratory relief. Further, these arguments are waived, even if Plaintiffs still had the right to seek further relief. *Med. Ctr. Pharmacy*, 634 F.3d at 834 ("[A]n issue that could have been but was *not* raised on appeal is forfeited and may not be revisited by the district court on remand.").

Further, Texas makes a series of arguments challenging the merits of this Court's prior finding that SB 14 was enacted with discriminatory intent. Texas has sought reconsideration of the SB 14 intent finding on numerous occasions. *See Veasey II*, 830 F.3d at 229; *Veasey III*, 888 F.3d at 798-99; Mot. for Reconsideration of Discriminatory Purpose Ruling, Doc. 1050. Its appeal to the Fifth Circuit purported to cover the permanent injunction entered in this consolidated action on August 23, 2017 (Doc. 1071), as well as any other associated orders, and it fully briefed the

intent issues before the Fifth Circuit. Appellants' Br. at 35-39, 48-82, *Veasey III*, 2017 WL 4813073. The Fifth Circuit chose not to revisit the intent finding in resolving this matter definitively. *Veasey III*, 888 F.3d at 800. If Texas was dissatisfied with that result, it could have timely petitioned for rehearing en banc or for certiorari following the last appeal. It failed to do so. This Court has no authority to second-guess that now conclusive and unappealable determination by the Fifth Circuit.

Finally, Texas's arguments that new Supreme Court precedent has somehow changed the standard for discriminatory intent that this Court applied in prior holdings are frivolous.

*First*, Texas argues that the Fifth Circuit "reclarified that this Court is required to consider subsequent remedial legislation like SB 5 when judging SB 14's purpose." Mot. to Dismiss, Doc. 1107, at 21. However, if the Fifth Circuit panel believed that "reclarification" required vacating the prior intent finding, it would have done so. It did not, and this Court has no authority to second-guess the Fifth Circuit.

*Second*, *Husted v. A. Philip Randolph Inst.*, 138 S. Ct. 1833 (2018), is wholly inapposite. It construed the National Voter Registration Act to authorize Ohio's voter list maintenance practices. *Id*. at 1841-47. Importantly, it was not a discrimination case and, in fact, the Court noted that Ohio's practices must still comply with the mandate to be uniform and nondiscriminatory. *Id*. at 1840.

*Third*, *Trump v. Hawaii*, 138 S. Ct. 2392 (2018), is equally inapplicable. It was an Establishment Clause case that rested entirely upon the deference accorded to the President's authority in the immigration, foreign affairs, and national security spheres. *Id.* at 2418.

*Fourth*, and finally, *Abbott v. Perez*, 138 S. Ct. 2305 (2018), would not change the prior outcome in this case. Texas accuses this Court of "revers[ing] the burden of proof and turn[ing]

9

the presumption of good faith on its head," by drawing a negative inference from the suspension of the State's two-thirds rule, ignoring proponent legislators' public contemporaneous statements, eliminating SB 14's lack of an indigency exception as a basis for inferring discriminatory purpose, and criticizing the Legislature for moving too quickly. Mot. to Dismiss, Doc. 1107, at 23. But Texas neglects to mention that the en banc Court dealt with each of these issues and still found that the record evidence could support a finding of intentional discrimination. *Veasey II*, 830 F.3d at 229-42.

## CONCLUSION

For the foregoing reasons, Texas's motion should be denied for lack of jurisdiction to consider it because the Fifth Circuit has already rendered judgment and there are no claims or further relief for this Court to dismiss. This Court should treat the Fifth Circuit's mandate reversing and rendering judgment as the final judgment in this case, and reserve jurisdiction over the only remaining live issue of fees and costs.

Date: August 8, 2018

Respectfully submitted,

/s/ Lindsey B. Cohan
JON M. GREENBAUM
EZRA D. ROSENBERG
BRENDAN B. DOWNES
Lawyers' Committee for
Civil Rights Under Law
1401 New York Avenue NW Suite 400
Washington, D.C. 20005

WENDY WEISER
MYRNA PÉREZ
The Brennan Center for Justice at NYU Law School
120 Broadway, Suite 1750
New York, New York 10271

SIDNEY S. ROSDEITCHER
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019-6064

LINDSEY B. COHAN
Dechert LLP
500 W. 6th Street, Suite 2010
Austin, Texas 78701

NEIL STEINER
DECHERT LLP
1095 Avenue of the Americas
New York, New York 10036-6797

JOSE GARZA
Law Office of Jose Garza
7414 Robin Rest Drive
San Antonio, Texas 98209

DANIEL GAVIN COVICH
Covich Law Firm LLC
Frost Bank Plaza
802 N Carancahua, Ste 2100
Corpus Christi, Texas 78401

GARY BLEDSOE
Potter Bledsoe, LLP
316 W. 12th Street, Suite 307
Austin, Texas 78701

VICTOR GOODE
NAACP
4805 Mt. Hope Drive
Baltimore, Maryland 21215

ROBERT NOTZON
The Law Office of Robert Notzon
1502 West Avenue
Austin, Texas 78701

*Counsel for the Texas State Conference of NAACP Branches and the Mexican American Legislative Caucus of the Texas House of Representatives*

/s/ Leah Aden
SHERRILYN IFILL
JANAI NELSON
LEAH C. ADEN
DEUEL ROSS
NAACP Legal Defense and Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006

JONATHAN PAIKIN
KELLY P. DUNBAR
TANIA FARANSSO
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006

*Counsel for Imani Clark*

/s/ Chad W. Dunn
CHAD W. DUNN
K. SCOTT BRAZIL
BRAZIL & DUNN
4201 Cypress Creek Pkwy., Suite 530
Houston, Texas 77068

J. GERALD HEBERT
DANIELLE M. LANG
Campaign Legal Center
1411 K Street NW Suite 1400
Washington, DC 20005

ARMAND G. DERFNER
Derfner & Altman
575 King Street, Suite B
Charleston, S.C. 29403

NEIL G. BARON
Law Office of Neil G. Baron
914 FM 517 W, Suite 242
Dickinson, Texas 77539

DAVID RICHARDS
Richards, Rodriguez & Skeith, LLP
816 Congress Avenue, Suite 1200
Austin, Texas 78701

*Counsel for Veasey/LULAC Plaintiffs*

LUIS ROBERTO VERA, JR.
Law Office of Luis Roberto Vera Jr.
111 Soledad, Ste 1325
San Antonio, TX 78205

*Counsel for LULAC*

/s/ Rolando L. Rios
ROLANDO L. RIOS
115 E. Travis, Suite 1645
San Antonio, Texas 78205

*Counsel for the Texas Association of Hispanic County Judges and County Commissioners*

/s/ Robert W. Doggett
ROBERT W. DOGGETT
SHOSHANA J. KRIEGER
Texas RioGrande Legal Aid
4920 N. IH-35
Austin, Texas 78751

JOSE GARZA
Texas RioGrande Legal Aid
1111 N. Main Ave.
San Antonio, Texas 78212

*Counsel for Lenard Taylor, Eulalio Mendez Jr., Lionel Estrada, Estela Garcia Espinoza, Margarito Martinez Lara, Maximina Martinez Lara, and La Union Del Pueblo Entero, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 8, 2018, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

/s/ Lindsey B. Cohan
Lindsey B. Cohan
Dechert LLP
300 W. 6th Street, Suite 2010
Austin, Texas 78731
lindsey.cohan@dechert.com