**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

MARC VEASEY, *et al.*,                    §
                                          §
              Plaintiffs,          §
                                          §
v.                                        §          CIVIL ACTION NO. 2:13-CV-00193
                                          §
GREG ABBOTT, *et al.*,                    §
                                          §
              Defendants.          §


**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS
PLAINTIFFS' CLAIMS OR, IN THE ALTERNATIVE, ENTER FINAL
JUDGMENT FOR DEFENDANTS ON PLAINTIFFS' CLAIMS**

TABLE OF CONTENTS

Table of Authorities ..................................................................................ii

Introduction ........................................................................................... 1

Argument ............................................................................................... 2

    I.     If the Fifth Circuit Rendered Final Judgment, It Necessarily Rendered Final Judgment for Defendants. ............................. 2

    II.    This Case Cannot End Until This Court Either Dismisses Plaintiffs' Claims or Enters Final Judgment. ......................... 3

         A.    This Court's 2017 order did not enter final judgment. ............... 3

         B.    The Fifth Circuit did not render final judgment. ........................ 6

    III.   The Court Cannot Enter Judgment for Plaintiffs. ............................... 11

         A.    Plaintiffs' claims should be dismissed. ...................................... 11

         B.    If the Court enters judgment, it should enter judgment for Defendants. ................................................................. 13

Conclusion ............................................................................................. 15

Certificate of Service .............................................................................. 15

TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*Abbott v. Perez,*
  138 S. Ct. 2305 (2018) ........................................................................... 14

*Abbott v. Veasey,*
  137 S. Ct. 612 (2017) ........................................................................... 5, 6

*Ali v. Quarterman,*
  607 F.3d 1046 (5th Cir. 2010) .............................................................. 10

*Alice L. v. Dusek,*
  492 F.3d 563 (5th Cir. 2007) (per curiam) ............................................. 8

*Bankers Trust Co. v. Mallis,*
  435 U.S. 381 (1978) (per curiam) .......................................................... 5

*Barber v. Bryant,*
  860 F.3d 345 (5th Cir. 2017) ................................................................. 7

*Cent. States, Se. & Sw. Areas Health & Welfare Fund ex rel. Bunte v.
  Health Special Risk, Inc.,*
  756 F.3d 356 (5th Cir. 2014) ............................................................... 13

*Cardoni v. Prosperity Bank,*
  805 F.3d 573 (5th Cir. 2015) ............................................................... 10

*Cent. States, Se. & Sw. Areas Health & Welfare Fund v. Gerber Life
  Ins. Co.,*
  771 F.3d 150 (2d Cir. 2014) ................................................................ 13

*Church of Scientology of Cal. v. United States,*
  506 U.S. 9 (1992) ........................................................................... 2, 13

*Cruz v. Abbott,*
  849 F.3d 594 (5th Cir. 2017) ................................................................. 7

*Exxon Chem. Patents, Inc. v. Lubrizol Corp.,*
  137 F.3d 1475 (Fed. Cir. 1998) .............................................................. 8

*F.D.I.C. v. Massingill,*
  24 F.3d 768 (5th Cir. 1994) ................................................................... 4

*Girard v. Brinker Int'l Payroll Corp.,*
  58 F. App'x 595, 2003 WL 261776 (5th Cir. 2003) (per curiam) ............ 7

*Hammack v. Baroid Corp.,*
  142 F.3d 266 (5th Cir. 1998) ................................................................. 5

*Husted v. A. Philip Randolph Inst.*,
    138 S. Ct. 1833 (2018) ......................................................................... 14

*Knox v. SEIU, Local 1000*,
    567 U.S. 298 (2012) ........................................................................... 11

*Liberty Mut. Ins. Co. v. Wetzel*,
    424 U.S. 737 (1976) ........................................................................... 12

*Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*,
    208 F. Supp. 2d 687 (S.D. Tex. 2001) ................................................... 4

*McCorkle v. Metro. Life Ins. Co.*,
    757 F.3d 452 (5th Cir. 2014) ................................................................ 7

*Motient Corp. v. Dondero*,
    529 F.3d 532 (5th Cir. 2008) .............................................................. 13

*Newball v. Offshore Logistics Int'l*,
    803 F.2d 821 (5th Cir. 1986) ................................................................ 9

*Riley v. Kennedy*,
    553 U.S. 406 (2008) ........................................................................... 12

*Sellers by Sellers v. Sch. Bd. of City of Mannassas, Va.*,
    141 F.3d 524 (4th Cir. 1998) .............................................................. 13

*Steffel v. Thompson*,
    415 U.S. 452 (1974) ........................................................................... 10

*Trump v. Hawaii*,
    138 S. Ct. 2392 (2018) ....................................................................... 14

*United States v. Cote*,
    51 F.3d 178 (9th Cir. 1995) .................................................................. 8

*United States v. Indrelunas*,
    411 U.S. 216 (1973) (per curiam) ......................................................... 4

*United States v. Smith*,
    354 F.3d 390 (5th Cir. 2003) .............................................................. 14

*Veasey v. Abbott*,
    265 F. Supp. 3d 684 (S.D. Tex. 2017) ................................................... 9

*Veasey v. Abbott*,
    830 F.3d 216 (5th Cir. 2016) (en banc) ................................................. 3

*Veasey v. Abbott*,
    888 F.3d 792 (5th Cir. 2018) ........................................................*passim*

*Weaver v. Pingree*,
    599 F.2d 742 (5th Cir. 1979) (per curiam) ............................................. 8

*Weisgram v. Marley Co.*,
   528 U.S. 440 (2000) ................................................................................ 6, 7

**Statutes and Rules:**

28 U.S.C.
   §§ 1291-1292 ......................................................................................... 10
   § 1291 ...................................................................................................... 9
   § 1292(a)(1) ............................................................................................. 9

Fed. R. App. P. 4(a)(1) .................................................................................. 5

Fed. R. Civ. P.
   12(b)(6) ................................................................................................. 13
   54(b) ........................................................................................................ 4
   58 ............................................................................................................. 5
   58(a) ........................................................................................................ 4
   58(b) ........................................................................................................ 4
   58(c) ........................................................................................................ 4
   77(d) ........................................................................................................ 4

**Other Authorities:**

18A Charles Alan Wright, et al., *Federal Practice & Procedure* § 4432
   (2d ed. 2018)...................................................................................... 9, 12

Final Judgment, *Barber v. Bryant*, No. 3:16-cv-442 (S.D. Miss. Jan. 10,
   2018)........................................................................................................ 8

Order Directing Clerk to Dismiss Case, *Cruz v. Abbott*, No. 5:16-CV-
   067 (W.D. Tex. May 26, 2017) ............................................................. 8

### INTRODUCTION

The Defendants agree that there are no "claims in this case for which Plaintiffs may pursue additional relief," but Plaintiffs are wrong to suggest that *any* relief has "been entered and fully adjudicated." *See* Private Pls.' Br. 1. This Court's 2017 order and injunction (D.E. 1017) never entered and fully adjudicated any relief for Plaintiffs because it did not enter a final judgment on their claims. Nor did the Fifth Circuit approve any judicial relief when it reversed and rendered this Court's injunction. When the Fifth Circuit held "that Plaintiffs have obtained all the relief to which they are entitled," Private Pls.' Br. 1, it referred to SB 5, not to any court-ordered remedy. *See Veasey v. Abbott*, 888 F.3d 792, 804 (5th Cir. 2018) ("SB 5 constitutes an effective remedy for the only deficiencies testified to in SB 14."). It follows—and it is now law of the case—that Plaintiffs are entitled to no relief beyond SB 5. But Plaintiffs' claims are not fully adjudicated until this Court dismisses them or enters a final judgment.

Plaintiffs concede that this Court itself has not entered final judgment, but they argue that the case is over nonetheless because the Fifth Circuit's mandate "functions as the final judgment in this matter." *See* Private Pls.' Br. 1 n.2. That is wrong. The Fifth Circuit's adjudication of Defendants' appeal from this Court's injunction did not accept the merits of any claim, and it did not award Plaintiffs any relief. To the extent it addressed remedies, the Fifth Circuit held that Plaintiffs are not entitled to judicial relief. If that somehow were a final judgment (and it is not), it would be a final judgment for Defendants.

While treating the Fifth Circuit's latest opinion in this case as a final judgment for Defendants would serve Defendants' interest, it does not square with the law or the Federal Rules. Because this Court's remedial order was not a final judgment, there was no final judgment for Defendants to appeal and no final judgment for the Fifth Circuit to reverse and render *judgment* upon. Instead, the Fifth Circuit reversed and rendered this Court's *injunction* and order directing commencement of bail-in

proceedings. This Court's interlocutory order therefore did not formally dispose of the entire case as a final matter, and Plaintiffs could still (in theory) seek a judgment granting declaratory relief on certain claims.

The Fifth Circuit's order doomed Plaintiffs' lawsuit as a practical matter, however, because it foreclosed any relief beyond SB 5. Plaintiffs cannot secure prospective relief, and they disclaim any request for retrospective relief. The only thing left for this Court to do is find this case moot and dismiss for lack of jurisdiction. Even if the Court had jurisdiction, it could not enter a judgment determining liability but awarding no relief, because "[i]t has long been settled that a federal court has no authority to give opinions upon moot questions *or* abstract propositions, *or* to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (emphases added; quotation marks omitted). And even if it could enter an advisory judgment on liability alone, Defendants have shown that a judgment for Plaintiffs would be incorrect. But if the Court believes that it retains the power to reach the merits or enter any remedy, it must enter a final judgment so that Defendants can pursue their right to appeal such a final judgment.

## ARGUMENT

### I.  If the Fifth Circuit Rendered Final Judgment, It Necessarily Rendered Final Judgment for Defendants.

Private Plaintiffs maintain that the Fifth Circuit ended this case when it reversed and rendered this Court's injunction and initiation of bail-in proceedings. Private Pls.' Br. 4-5. They assert that the Fifth Circuit's mandate "functions as the final judgment in this matter." *Id.* at 1 n.2. But if the Fifth Circuit had entered final judgment, this case would be over, and Defendants would already have won.

Under Plaintiffs' interpretation of the Fifth Circuit's order, there would already be a final judgment finding no liability and awarding no relief. The Fifth

Circuit did not reach the merits of any claim, much less affirm, *Veasey*, 888 F.3d at 800 ("we need not review the court's liability findings"), and it did not grant any relief to Plaintiffs. The Fifth Circuit held, to the contrary, that Plaintiffs are not entitled to judicial relief because SB 5 provides a complete remedy for any assumed harm. *See id.* at 804. If that were a final judgment—or if this Court entered final judgment "for the reasons set forth by the Fifth Circuit in its opinion," Private Pls.' Br. 1 n.2—it would be a final judgment for Defendants. While that would benefit Defendants, their duty of candor compels them to advise the Court that Plaintiffs are mistaken.

## II. This Case Cannot End Until This Court Either Dismisses Plaintiffs' Claims or Enters Final Judgment.

Plaintiffs' response is built on the following premise: "All of the relief in this case, including declaratory relief, has already been entered and fully adjudicated." *Id.* at 1. That premise is fundamentally flawed. This Court's 2017 order did not enter final judgment; neither did the Fifth Circuit.[1] Without a final judgment that either grants relief, enters judgment for defendants, or dismisses the case, Plaintiffs' claims have not been "fully adjudicated." The Fifth Circuit's most recent opinion effectively ends Plaintiffs' attempt to secure relief on their claims, but it is not, and cannot function as, a final judgment. It remains for this Court to formally terminate the litigation by dismissing Plaintiffs' claims or entering final judgment.

### A. This Court's 2017 order did not enter final judgment.

Plaintiffs concede that this Court has not entered final judgment, Private Pls.' Br. 1 n.2, yet they insist that their claims have "been fully adjudicated," *id.* at 6. These assertions are irreconcilable. Because no final judgment has been entered, Plaintiffs' claims have not been fully adjudicated.

---

[1] This Court did enter final judgment enjoining SB 14 in 2014, *see* D.E. 633, but the Fifth Circuit vacated that judgment in its en banc decision, *see Veasey v. Abbott*, 830 F.3d 216, 272 (5th Cir. 2016) (en banc).

Final judgment is no mere formality, and the form it takes must be carefully considered. The Federal Rules provide that every final judgment "must be set out in a separate document," Fed. R. Civ. P. 58(a), and entered in the civil docket by the clerk, *id.* R. 58(b), (c); *see also id.* R. 77(d) (providing that the district court clerk must serve notice of the entry of judgment and record service on the docket). The separate-document requirement of Rule 58 is intended to provide clear notice of final judgment to the parties; it is "a 'mechanical change' that must be mechanically applied in order to avoid new uncertainties as to the date on which a judgment is entered." *United States v. Indrelunas*, 411 U.S. 216, 222 (1973) (per curiam).

When this Court entered an injunction against SB 14 and SB 5, it specifically noted that Plaintiffs' request for declaratory relief had not yet been included in a final judgment. D.E. 1071 at 5 ("The Court's opinion of October 9, 2014 (D.E. 628) and Order on Claim of Discriminatory Purpose of April 10, 2017 (D.E. 1023) effectively grant [Private Plaintiffs'] request for declaratory relief, which will be included in the Court's final judgment."). Until final judgment is entered, all orders of this Court remain interlocutory and subject to revision. *See, e.g.*, Fed. R. Civ. P. 54(b); *id.* R. 58(a) (requiring separate order of judgment); *F.D.I.C. v. Massingill*, 24 F.3d 768, 774 (5th Cir. 1994) (noting that order granting partial summary judgment "is interlocutory in nature, is subject to revision by the district court, and has no *res judicata* effect"); *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 208 F. Supp. 2d 687, 688 (S.D. Tex. 2001) ("A final judgment in this case has not yet been entered. . . . This court's order signed on December 7, 2000, was an interlocutory order, subject to revision, on motion or *sua sponte*, before entry of a final judgment."). This Court's 2017 order never entered final judgment granting Plaintiffs' request for declaratory judgment.[2]

---

[2] Plaintiffs' request for declaratory relief was not "fully adjudicated" by the Fifth Circuit, even under Plaintiffs' theory, because the Fifth Circuit did not grant declaratory relief.

It follows that none of Plaintiffs' claims and none of their remedies has been fully adjudicated.

The existence and form of the final judgment is critical because it will guide proceedings on attorneys' fees and determine the deadlines for any forthcoming appeal. "The sole purpose of the separate-document requirement . . . was to clarify when the time for appeal . . . begins to run." *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 384 (1978) (per curiam). "Under the plain language of Fed. R. App. P. 4(a)(1) and Fed. R. Civ. P. 58, the thirty-day period for taking an appeal does not begin to run until the court has issued a separate document and records entry of the final judgment in its civil docket. Should a court fail to issue a separate document, a party seeking finality remains free to request one." *Hammack v. Baroid Corp.*, 142 F.3d 266, 270 (5th Cir. 1998). And Defendants filed this motion precisely to seek that finality.

The Chief Justice of the United States recognized the significance of final judgment when the Supreme Court declined to review the en banc Fifth Circuit's 2016 decision. The Chief Justice explained that Plaintiffs' discriminatory-purpose and discriminatory-effects claims could be raised "again after entry of final judgment," when they would "be better suited for certiorari review." *Abbott v. Veasey*, 137 S. Ct. 612, 613 (2017) (statement of Roberts, C.J., respecting the denial of certiorari); *cf.* D.E. 1107-2 (Defendants' proposed final judgment).[3] If this Court enters final judgment ruling for Plaintiffs on any of their claims, Defendants will appeal to the Fifth Circuit and, if necessary, the Supreme Court "to review whether the Texas

---

[3] Plaintiffs' concession that no final judgment has been entered defeats their suggestion that fee proceedings begin "September 10, 2018." Private Pls.' Br. 1 n.2. The Court's order is unambiguous; Private Plaintiffs' brief on fees is due "45 days" after the conclusion of appellate review "*or* 45 days after entry of a *final judgment by this Court*, whichever is later." DE 1101 (emphases added). Even assuming for the moment that Private Plaintiffs' mistaken interpretation of the Fifth Circuit's disposition were correct, there is no basis to read "final judgment by this Court," *id.*, as meaning a "function[al]" entry of judgment by some other court, Private Pls.' Br. 1 n.2. Indeed, this "final judgment" language was expressly requested by Defendants and agreed to by Private Plaintiffs. *See* Exhibit 1. The 45-day clock has not begun.

Legislature enacted SB14 with a discriminatory purpose and whether the law results in a denial or abridgment of the right to vote under § 2." 137 S. Ct. at 613 (statement of Roberts, C.J., respecting the denial of certiorari). But the time to seek such appellate review does not begin until final judgment has been entered.

**B.   The Fifth Circuit did not render final judgment.**

The Fifth Circuit's order on appeal is not a final judgment, and it cannot "function" as a final judgment of this Court. Even if it could have entered a final judgment in the first instance, the Fifth Circuit plainly did not do so here. It reversed and rendered on two discrete issues: the injunction and the request for bail-in. It did not address the merits of any claim or Plaintiffs' entitlement to declaratory relief.

1. Plaintiffs' attempt to recast the Fifth Circuit's interlocutory decision as a final judgment fails at the outset. Federal appellate courts do not enter final judgments in the first instance; that is a function of the district courts. Thus, as shown below, when the Fifth Circuit "renders judgment," that is merely a direction to the district court to enter final judgment on remand. The Fifth Circuit did not even render judgment in the most recent appeal, so *a fortiori*, it did not enter any final judgment ending this case.

Private Plaintiffs offer no authority for the proposition that a court of appeals may enter final judgment in the first instance.[4] The cases they cite, *see* Private Pls.' Br. 4-5, do not support their argument. *Weisgram v. Marley Co.*, 528 U.S. 440, 443-44 (2000), merely held that, on appeal of the district court's final judgment on a jury verdict, the court of appeals may "instruct the entry of judgment as a matter of law for defendant" rather than "remand the case, leaving to the district court's discretion

---

[4] Plaintiffs' reference to Texas state procedure is irrelevant. Even if the Fifth Circuit's "reverse and render" language was "borrowed . . . from Texas state practice," Plaintiffs' Br. at 5 n.3, and even if state appellate courts could enter a final judgment for the district court, the effect of the Fifth Circuit's order is a question of federal law.

the choice between final judgment for defendant or a new trial of plaintiff's case." The Court's comment that "the court of appeals has authority to render the final decision," *id.*, does not imply, let alone hold, that a court of appeals has authority to enter final judgment *in the first instance.* On the contrary, the Court made clear that "the appellate court may appropriately *instruct the district court to enter judgment* against the jury-verdict winner." *Id.* at 444 (emphasis added). The only other cases cited by Plaintiffs likewise involved appeals from final judgments entered by the district court. *See McCorkle v. Metro. Life Ins. Co.*, 757 F.3d 452, 456 (5th Cir. 2014) ("The [district] court then entered judgment for Loy, awarding her full benefits under the Plan, as well as attorney's fees, costs, and interest."); *Girard v. Brinker Int'l Payroll Corp.*, 58 F. App'x 595, 2003 WL 261776, at *1 (5th Cir. 2003) (per curiam) (reversing and rendering judgment in favor of defendant on appeal of the district court's judgment on a jury verdict awarding damages and attorneys' fees to the plaintiff). At most, these cases stand for the proposition that when the district court has entered a final judgment in the first instance, a court of appeals may reverse and instruct the district court to enter judgment in favor of the appropriate party. Since this Court did not enter a final judgment, those cases provide no guidance here.

2. In all events, the Fifth Circuit did not purport to enter final judgment. Plaintiffs mistakenly assert that the Fifth Circuit "'reversed and rendered' judgment." Private Pls.' Br. 1. But the Fifth Circuit's disposition is clear: "we **REVERSE** and **RENDER** the district court's *permanent injunction and order for potential further relief*." *Veasey*, 888 F.3d at 804 (italics added); *id.* (Higginbotham, J., concurring) (joining "in reversing the district court's injunction of SB 5 enforcement"). If the Fifth Circuit intended to render judgment, it would have said so, as it has in multiple other cases. *See, e.g.*, *Barber v. Bryant*, 860 F.3d 345, 358 (5th Cir. 2017) ("The preliminary injunction is REVERSED, and a judgment of dismissal for want of jurisdiction is RENDERED."); *Cruz v. Abbott*, 849 F.3d 594, 602 (5th Cir.

7

2017) ("we REVERSE the injunction and RENDER a judgment of dismissal for want of jurisdiction"). And even when the Fifth Circuit expressly renders judgment, the task of entering final judgment falls to the district court. *See* Final Judgment, *Barber v. Bryant*, No. 3:16-cv-442 (S.D. Miss. Jan. 10, 2018) (D.E. 59); Order Directing Clerk to Dismiss Case, *Cruz v. Abbott*, No. 5:16-CV-067 (W.D. Tex. May 26, 2017) (D.E. 59).

That the Fifth Circuit did not expressly remand to this Court after overturning the injunction does not transform the Fifth Circuit's opinion or this Court's interlocutory order into a final judgment. As a general rule, "following appellate disposition, a district court is free to take any action that is consistent with the appellate mandate, as informed by both the formal judgment issued by the court and the court's written opinion." *Exxon Chem. Patents, Inc. v. Lubrizol Corp.*, 137 F.3d 1475, 1484 (Fed. Cir. 1998). Accordingly, contrary to Plaintiffs' suggestion, *see* Private Pls.' Br. 5, "a judgment that does not specifically provide for a remand is not necessarily incompatible with further proceedings to be undertaken in the district court." *Exxon*, 137 F.3d at 1483; *accord, e.g.*, *United States v. Cote*, 51 F.3d 178, 181-82 (9th Cir. 1995). Here, Defendants' interlocutory appeal did not divest the district court of jurisdiction over all aspects of the case, so remand was not necessary for this Court to take further action consistent with the Fifth Circuit's mandate. *See Alice L. v. Dusek*, 492 F.3d 563, 564 (5th Cir. 2007) (per curiam); *cf. Weaver v. Pingree*, 599 F.2d 742, 742 (5th Cir. 1979) (per curiam) ("This being an interlocutory appeal, no remand is necessary for action by [the district] court."). So Plaintiffs' contention that the Fifth Circuit must have entered final judgment because it did not remand to this Court, Private Pls.' Br. 5, also misunderstands the nature of this Court's order and the scope of the appeal.

Here, the Fifth Circuit confined its review to two issues: this Court's injunction and its order to commence bail-in proceedings. It set forth the standard of review only for the "district court's issuance of permanent injunction." *Veasey*, 888 F.3d at 798. It

identified the matter under review as the "remedial order *permanently enjoining* SB 14 as well as SB 5, vacating the interim remedy, and reinstating the pre-SB 14 law that lacked any photo voter ID requirement" and "the commencement of a VRA § 3(c) preclearance *bail-in* hearing and . . . broad relief *enjoining* the State from enforcing SB 14 and SB 5." *Id.* (emphases added). And it concluded that this Court's injunction was improper and that "there is no equitable basis for subjecting Texas to ongoing federal election scrutiny under Section 3(c)" (bail-in). *Id.* at 804.

That defines the scope of the Fifth Circuit's "reverse and render" language. The Fifth Circuit reversed and rendered on the "two . . . issues," Private Pls.' Br. 5, that it actually decided: this Court's "permanent injunction and order for potential further relief." *Veasey*, 888 F.3d at 804; *see, e.g.*, *Newball v. Offshore Logistics Int'l*, 803 F.2d 821, 826 (5th Cir. 1986) ("A mandate controls on all matters within its scope, but a district court on remand is free to pass upon any issue which was not expressly or impliedly disposed of on appeal."); 18A Charles Alan Wright, et al., Federal Practice & Procedure § 4432 (2d ed. 2018) ("If the appellate court terminates the case by final rulings as to some matters only, preclusion is *limited to the matters actually resolved* by the appellate court.") (emphasis added). The word "potential" demonstrates that the Fifth Circuit did not address declaratory relief because the only relief that this Court described as "potential" was bail-in. *See Veasey v. Abbott*, 265 F. Supp. 3d 684, 700 (S.D. Tex. 2017) ("The need, if any, for continued supervision of Texas election laws under the preclearance provisions of the Voting Rights Act is reserved for, and will be considered in, the Court's consideration of Section 3(c) relief."). The Fifth Circuit did not consider, mention, or even have jurisdiction to rule on this Court's interlocutory approval of declaratory relief, which was neither an appealable collateral order, *see* 28 U.S.C. § 1291, nor an injunction, *see id.* § 1292(a)(1). *Cf.* Brief for Appellants 3, *Veasey v. Abbott*, 888 F.3d 792 (5th Cir. Oct. 17, 2017) (No. 17-40884), 2017 WL 4813073 (stating that Fifth Circuit had jurisdiction to review this

Court's "final injunction" under "28 U.S.C. §§ 1291-1292").[5] So, as the Defendants explained, "the only matter left for this Court's consideration is the propriety of declaratory relief." Defs.' Mot. to Dismiss 12.

Plaintiffs claim, nevertheless, that the Fifth Circuit made a "conclusive and unappealable determination" on the merits of their intentional-discrimination claim. Private Pls.' Br. 9. That is unquestionably wrong. The Fifth Circuit pointedly declined to "review the court's liability findings because even if we were to affirm, the court's overreach in its remedial *injunction and proceedings* was an abuse of discretion meriting reversal." *Veasey*, 888 F.3d at 800 (emphasis added); *accord id.* at 801 ("Under the circumstances of this case, the court had no legal or factual basis to *invalidate SB 5*, and its *contemplation of Section 3(c) relief* accordingly fails as well. The remedial order constitutes an abuse of discretion.") (emphases added). The Fifth Circuit certainly could have considered the legal questions implicated by the merits (under a de novo or clear-error standard) if necessary to resolve Defendants' appeal of this Court's injunction. *See, e.g.*, *Cardoni v. Prosperity Bank*, 805 F.3d 573, 579 (5th Cir. 2015) (citing *Ali v. Quarterman*, 607 F.3d 1046, 1048 (5th Cir. 2010)). But it did not; it found that the injunction was an abuse of discretion regardless of the merits, and that was an independent, sufficient basis to overturn the injunction. Plaintiffs' attempt to spin that ruling as an affirmance of their intentional-discrimination claim ignores the plain language of the Fifth Circuit's opinion.

---

[5] The Fifth Circuit also barred bail-in proceedings, but bail-in in this case is even more extreme than an injunction. So if an injunction is inappropriate, *a fortiori*, bail-in is also inappropriate. *Cf. Steffel v. Thompson*, 415 U.S. 452, 467 (1974) ("The express purpose of the Federal Declaratory Judgment Act was to provide a milder alternative to the injunction remedy.").

### III.   The Court Cannot Enter Judgment for Plaintiffs.

#### A.  Plaintiffs' claims should be dismissed.

The Fifth Circuit did not enter final judgment, but its order foreclosed judicial relief because it held that the Legislature's enactment of SB 5 provided a complete remedy for Plaintiffs' alleged injuries. Since this Court cannot award effectual relief, Plaintiffs' claims are moot. Even if their claims were not moot, they should be dismissed because this Court cannot enter final judgment for Plaintiffs.

Defendants have explained that, under this Court's prior reasoning, Plaintiffs' claims are moot. Defs.' Mot. to Dismiss 13. Plaintiffs respond with a non-sequitur: Defendants never argued that their own appeal was moot, so the Fifth Circuit must have been talking about the whole case when it declined to find the appeal moot. Private Pls.' Br. 7 n.4. That misses the point. Even if the Fifth Circuit meant to say that the "case" was not moot when it said, "[t]his *appeal* is not moot," *Veasey*, 888 F.3d at 799 (emphasis added), its statement was expressly limited to the posture of the case on appeal. But the posture of the case changed conclusively when the Fifth Circuit dissolved the injunction and held that SB 5 provided a complete remedy to Plaintiffs. The necessary consequence of the Fifth Circuit's holding is that Plaintiffs are not entitled to any judicial relief. That means that the case is now moot. *Knox v. SEIU, Local 1000*, 567 U.S. 298, 307 (2012) (recognizing that a case becomes moot "when it is impossible for a court to grant any effectual relief whatever to the prevailing party") (internal quotation marks omitted). Dismissal for mootness therefore would not "contravene the Fifth Circuit's finding that the matter *was* not moot" during the previous interlocutory appeal, Private Pls.' Br. 7 (emphasis added).

Even if the case were not moot now, the lack of any available relief would foreclose final judgment for Plaintiffs and require dismissal. *See* Defs.' Mot. to Dismiss 18-20. Plaintiffs attempt to hedge by arguing that they do not seek "*further* declaratory relief." Private Pls.' Br. 8 (emphasis added). But they have not received

*any* declaratory relief. And if Plaintiffs believe that some previously issued declaratory relief will merge into the final judgment, then they *are* seeking further relief. That relief—not an order dismissing their claims—would be "plainly inconsistent with the Fifth Circuit's mandate," Private Pls.' Br. 6.

After the Fifth Circuit's ruling, any declaratory relief would necessarily be retrospective—not because Plaintiffs have actually sought retrospective relief (they have only sought prospective relief), but because they no longer face any possible cognizable injury. Plaintiffs' response certainly suggests that they seek retrospective relief—specifically, a backward-looking declaration that the Legislature violated the law in the past when it enacted SB 14. But Plaintiffs' response affirmatively disclaims any request for retrospective relief. *Id.* at 8 ("Plaintiffs are not seeking and never sought any retrospective relief."). Because Plaintiffs have waived any claim for retrospective relief, there is no need to decide whether that relief is barred by sovereign immunity. *See* Defs.' Mot. to Dismiss 14-18.[6]

To the extent Plaintiffs (including the United States) seek a judgment that determines liability without awarding relief, that option is not available. To qualify as final, an order must do more than resolve the question of liability; it must also address relief. *Riley v. Kennedy*, 553 U.S. 406, 419 (2008) ("We have long held that an order resolving liability without addressing a plaintiff's requests for relief is not final.") (citing *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 742-43 (1976)); *cf.* 18A Wright, et al., *supra* § 4427 (warning that final judgments must be "valid, final, and on the merits"). "It has long been settled that a federal court has no authority to give

---

[6] Defendants recognize that their sovereign-immunity argument is precluded by the Fifth Circuit's current precedent. *See* Private Pls.' Br. 8. Defendants preserve their right to seek a correction of this precedent either before the en banc Fifth Circuit or the Supreme Court. Defendants have not waived this issue, however, because Plaintiffs previously sought only prospective relief. As soon as it appeared that Plaintiffs sought retrospective relief—when the Fifth Circuit foreclosed all prospective relief—Defendants raised sovereign immunity as a defense.

opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology*, 506 U.S. at 12 (quotation marks omitted). So, if there is no further relief to be had, Plaintiffs' claims *must be dismissed. See, e.g., id.*; *Cent. States, Se. & Sw. Areas Health & Welfare Fund v. Gerber Life Ins. Co.*, 771 F.3d 150, 154 (2d Cir. 2014); *Cent. States, Se. & Sw. Areas Health & Welfare Fund ex rel. Bunte v. Health Special Risk, Inc.*, 756 F.3d 356, 360 (5th Cir. 2014); *Sellers by Sellers v. Sch. Bd. of City of Mannassas, Va.*, 141 F.3d 524, 528 (4th Cir. 1998); *see also* Fed. R. Civ. P. 12(b)(6) (providing for dismissal if the plaintiff has "fail[ed] to state a claim *upon which relief can be granted*") (emphasis added); *Motient Corp. v. Dondero*, 529 F.3d 532, 537 (5th Cir. 2008) ("[A]n appeal must be dismissed when an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party.") (internal quotation marks omitted).

There is no prospective relief available under the Fifth Circuit's mandate, and there is no retrospective relief requested by Plaintiffs (or available to them). It follows that there is no basis to enter final judgment for Plaintiffs.

## B.   If the Court enters judgment, it should enter judgment for Defendants.

Plaintiffs attempt to insulate this Court's liability determinations by arguing that its rulings are final and unappealable. Plaintiffs are wrong on both counts. They are not final. If this Court wishes to follow the same track as the Fifth Circuit, and conclude that declaratory relief on Plaintiffs' remaining claims would be improper regardless of the merits, it may do so. *See* Defs.' Mot. to Dismiss 18-21. But to enter final judgment for Plaintiffs, the Court must award some relief. That judgment would be appealable, and Defendants will appeal any final judgment ruling for Plaintiffs on

any of their claims—for the reasons stated in the extensive briefing already provided to the Court.[7]

Plaintiffs have little to say about recent legal developments confirming the errors in this Court's discriminatory-purpose ruling. *See* Defs.' Mot. to Dismiss 21-25. They refuse to engage the Fifth Circuit's recent holding that intentional-discrimination analysis must consider subsequent remedial legislation. Instead, they resort to baseless speculation and renew their feeble effort to paint the Fifth Circuit's order as an affirmance on the merits. Private Pls.' Br. 9.

Plaintiffs attempt to brush aside the Supreme Court's holding that courts may not second-guess fact-finding by the political branches, *see Husted v. A. Philip Randolph Inst.,* 138 S. Ct. 1833 (2018); *Trump v. Hawaii*, 138 S. Ct. 2392 (2018), by limiting those cases to their facts. *See* Private Pls.' Br. 9. That is not how precedent works. *See United States v. Smith*, 354 F.3d 390, 399 (5th Cir. 2003) ("[N]o panel is empowered to hold that a prior decision applies only on the limited facts set forth in that opinion."). Both opinions employed the same rule in very different contexts. There is no reason why that same rule does not apply here, and Plaintiffs offer none.

And rather than engage the Supreme Court's decision in *Abbott v. Perez*, 138 S. Ct. 2305 (2018), Plaintiffs appear to suggest that the Fifth Circuit's en banc opinion, issued two years earlier, would somehow control. Private Pls.' Br. 10. But they do not dispute that this Court failed to apply the "presumption of legislative good faith," 138 S. Ct. at 2324, that must be accorded to enactments of a state legislature.

---

[7] *See* Defendants' Proposed Findings of Fact and Conclusions of Law (D.E. 966); Defendants' Response to Plaintiffs' Joint Proposed Findings of Fact (D.E. 980); Defendants' Brief on Remedies (D.E. 1049); Defendants' Response Brief on Remedies (D.E. 1058).

14

## CONCLUSION

The Court should dismiss Plaintiffs' remaining claims or, in the alternative, enter final judgment for Defendants on all claims.

Date: August 22, 2018                     Respectfully submitted.

KEN PAXTON                                /s/ Angela V. Colmenero
Attorney General of Texas                 ANGELA V. COLMENERO
                                          Chief, General Litigation Division
JEFFREY C. MATEER
First Assistant                           MATTHEW H. FREDERICK
   Attorney General                       Deputy Solicitor General

BRANTLEY D. STARR                         JASON R. LAFOND
Deputy First Assistant                    Assistant Solicitor General
   Attorney General
                                          Office of the Attorney General
JAMES E. DAVIS                            P.O. Box 12548 (MC 059)
Deputy Attorney General                   Austin, Texas 78711-2548
   for Litigation                         Tel.: (512) 936-6407
                                          Fax: (512) 474-2697
                                          Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2018, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

                                          /s/ Angela V. Colmenero
                                          ANGELA V. COLMENERO

15

# Exhibit 1

| | |
|---|---|
| **From:** | Ezra Rosenberg |
| **To:** | Frederick, Matthew |
| **Cc:** | Dellheim, Richard (CRT); chad@brazilanddunn.com; Leah Aden; Faransso, Tania; Myrna Perez; Steiner, Neil; Jose; Danielle Lang |
| **Subject:** | Re: Proposed Unopposed Motion to Extend Time To file Motion for Fees, etc. |
| **Date:** | Monday, May 07, 2018 11:36:59 AM |

Thanks, Matt.

Ezra D. Rosenberg
Co-Director, Voting Rights Project
Lawyers' Committee for Civil Rights Under Law
1401 New York Ave., NW
Washington D.C. 20005
erosenberg@lawyerscommittee.org
Office: (202) 662-8345
Cell: (609) 216-9683

On May 7, 2018, at 12:15 PM, Frederick, Matthew <Matthew.Frederick@oag.texas.gov>
wrote:

> Ezra,
> Defendants have no objection.
> Thanks,
> Matt
> Matthew H. Frederick
> Deputy Solicitor General
> Office of the Attorney General
> PO Box 12548, Capitol Station
> Austin, TX 78711-2548
> (512) 936-6407
> (512) 474-2697 (fax)
> matthew.frederick@oag.texas.gov

> **From:** Ezra Rosenberg [mailto:erosenberg@lawyerscommittee.org]
> **Sent:** Monday, May 07, 2018 10:11 AM
> **To:** Frederick, Matthew <Matthew.Frederick@oag.texas.gov>; Dellheim, Richard (CRT) <Richard.Dellheim@usdoj.gov>
> **Cc:** 'chad@brazilanddunn.com' <chad@brazilanddunn.com>; Leah Aden <laden@naacpldf.org>; Faransso, Tania <Tania.Faransso@wilmerhale.com>; Myrna Perez <perezm@brennan.law.nyu.edu>; Steiner, Neil <neil.steiner@dechert.com>; Jose <garzpalm@aol.com>; Danielle Lang <dlang@campaignlegalcenter.org>
> **Subject:** RE: Proposed Unopposed Motion to Extend Time To file Motion for Fees, etc.
> Matt – This is the language we are substituting in the proposed order, as per the email traffic below.
> Richard – FYI, this covers the situation should the appeal process end before final judgment is entered.

It is hereby ORDERED that the filing and briefing of any motions for attorneys' fees, expenses, and costs relating to this case shall be postponed until 45 days after the time for any party to seek further appellate review (whether panel rehearing, rehearing *en banc*, or Supreme Court review) of this Court's August 23, 2017 Order has lapsed, 45 days after the final disposition of any further appellate review of that Order, or 45 days after entry of a final judgment by this Court, whichever is later.

Assuming there are no objections, we'll proceed to file it this afternoon. Thanks very much for your cooperation. – Ezra

**From:** Frederick, Matthew <Matthew.Frederick@oag.texas.gov>
**Sent:** Monday, May 7, 2018 10:41 AM
**To:** Ezra Rosenberg <erosenberg@lawyerscommittee.org>
**Cc:** 'chad@brazilanddunn.com' <chad@brazilanddunn.com>; Leah Aden <laden@naacpldf.org>; Faransso, Tania <Tania.Faransso@wilmerhale.com>; Myrna Perez <perezm@brennan.law.nyu.edu>; Steiner, Neil <neil.steiner@dechert.com>; Jose Perez (jperez@latinojustice.org) <jperez@latinojustice.org>; Danielle Lang <dlang@campaignlegalcenter.org>
**Subject:** RE: Proposed Unopposed Motion to Extend Time To file Motion for Fees, etc.
Thanks, Ezra. That makes sense, and we have no objection to that proposal.

**From:** Ezra Rosenberg [mailto:erosenberg@lawyerscommittee.org]
**Sent:** Monday, May 07, 2018 9:40 AM
**To:** Frederick, Matthew <Matthew.Frederick@oag.texas.gov>
**Cc:** 'chad@brazilanddunn.com' <chad@brazilanddunn.com>; Leah Aden <laden@naacpldf.org>; Faransso, Tania <Tania.Faransso@wilmerhale.com>; Myrna Perez <perezm@brennan.law.nyu.edu>; Steiner, Neil <neil.steiner@dechert.com>; Jose Perez (jperez@latinojustice.org) <jperez@latinojustice.org>; Danielle Lang <dlang@campaignlegalcenter.org>
**Subject:** RE: Proposed Unopposed Motion to Extend Time To file Motion for Fees, etc.
Thanks, Matt. Our intent is to defer this to the end of all proceedings. Theoretically, appellate review could ultimately end before or after entry of final judgment. So what if we drafted it to read essentially 45 days after either event, whichever is later?

**From:** Frederick, Matthew <Matthew.Frederick@oag.texas.gov>
**Sent:** Monday, May 7, 2018 10:17 AM
**To:** Ezra Rosenberg <erosenberg@lawyerscommittee.org>
**Cc:** 'chad@brazilanddunn.com' <chad@brazilanddunn.com>
**Subject:** RE: Proposed Unopposed Motion to Extend Time To file Motion for Fees, etc.
Ezra,
I think I may have misunderstood the terms of the plaintiffs' proposal. If the deadline runs from the termination of appellate review of the August 23, 2017 Order, it seems possible that your deadline could fall earlier than it would under the local rules—if, for example, the district court entered final judgment 45 days after the end of appellate

review of the August 23 Order.

Could we just agree to extend the deadline from 14 days after final judgment to 45 days after final judgment?

I am available today if you'd like to discuss.

Matt

Matthew H. Frederick

Deputy Solicitor General

Office of the Attorney General

PO Box 12548, Capitol Station

Austin, TX 78711-2548

(512) 936-6407

(512) 474-2697 (fax)

matthew.frederick@oag.texas.gov

**From:** Ezra Rosenberg [mailto:erosenberg@lawyerscommittee.org]
**Sent:** Friday, May 04, 2018 12:31 PM
**To:** Frederick, Matthew <Matthew.Frederick@oag.texas.gov>; Richard Dellheim <richard.dellheim@usdoj.gov>
**Cc:** Chad Dunn <chad@brazilanddunn.com>; Leah Aden <laden@naacpldf.org>; Tania Faransso <tania.faransso@wilmerhale.com>; Myrna Perez <myrna.perez@nyu.edu>; Jose <garzpalm@aol.com>; Danielle Lang <dlang@campaignlegalcenter.org>; Neil Steiner <neil.steiner@dechert.com>
**Subject:** Proposed Unopposed Motion to Extend Time To file Motion for Fees, etc.

Hi, Matt. As per our conversation yesterday, attached please find for your review our proposed motion to extend the time for any fee application, which we have drafted as "unopposed" (as per your email today). Please advise if we can proceed to file this on Monday.

Richard -- We have indicated that the U.S. is also unopposed on the assumption that the U.S. does not have an interest in this motion. If my assumption is incorrect, please advise, but, in any event, please confirm that we can state that the U.S. does not oppose this motion.

I will be largely off the grid for the rest of the afternoon, so, if you have any questions, please make sure that you copy all who are on this email.

Thanks to both of you for your anticipated cooperation. -- Ezra