UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*, <br><br>              Plaintiffs, <br><br>       v. <br><br> RICK PERRY, *et al.*, <br><br>              Defendants. | Civil Action No. 2:13-cv-193 (NGR) <br>(Consolidated Action) |

## TAYLOR PLAINTIFFS' APPLICATION FOR ATTORNEY FEES

Plaintiffs La Union del Pueblo Entero (LUPE), Lenard Taylor, Eulalio Mendez, Jr. Lionel Estrada, Estela Garcia Espinosa Maximina Martinez Lara (Taylor Plaintiffs) move this Court for an award of attorney fees and costs. This was an action seeking redress for violations of Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, as amended in 2006. Plaintiffs are prevailing parties in this action and are entitled to fees and costs as authorized both by the Voting Rights Act, 52 U.S.C § 10310(e), as amended in 2006, and by 42 U.S.C. § 1988.

Specifically, Plaintiffs and their attorneys, including Jose Garza, Marinda van Dalen and Robert Doggett[1] presented pleadings, documentary evidence, witness testimony, and argument to this Court, challenging the 2011 voter photo-ID provisions enacted by the State of Texas (commonly called SB 14). Ultimately the Court enjoined the challenged enactment and imposed a

---

[1] The Taylor Plaintiffs also relied on the assistance of other TRLA staff attorneys, including Peter McGraw, Priscilla Noriega, Kathryn Newell, and Kathryn Youker. The Taylor Plaintiffs also relied on the services of TRLA paralegals including Kathleen Griesbach. These individuals assisted with research, client outreach and other valuable services. However, in the exercise of billing judgment the Taylor Plaintiffs are not requesting fees for these individuals' work.

remedy because of violations of Section 2 of the Voting Rights Act, found by this Court and affirmed by the *en banc* Fifth Circuit.  A review of the entire record shows that Plaintiffs' prevailed in this action and qualify for a reasonable fee award under law.

## FACTUAL BACKGROUND

In 2011, Texas passed Senate Bill 14, which required individuals to present one of a limited set of acceptable forms of photo identification to vote. *See* Act of May 16, 2011, 82d Leg., R.S., ch. 123, 2011 Tex. Gen. Laws 619.  SB 14 was initially blocked by the Voting Rights Act's preclearance mechanism.  *See Texas v. Holder*, 888 F.Supp.2d 113 (D.D.C. 2012).  On June 25, 2013, after the Supreme Court decided *Shelby County, Alabama v. Holder*, Texas began enforcing SB 14.  Shortly thereafter, the Taylor Plaintiffs filed this action challenging the law under the First, Fourteenth, and Amendments to the United States Constitution and Section 2 of the Voting Rights Act of 1965,[2] as well as various Texas constitutional provisions.  The Taylor Plaintiffs alleged, *inter alia*, that SB 14 was enacted with a racially discriminatory purpose, had racially discriminatory results on Hispanic and African American voters, and placed an undue burden on their fundamental right to vote.

Substantial pretrial issues were raised during the months following the filing of this action. The State for example filed a motion to dismiss and challenged Plaintiff's standing in this case. The Taylor Plaintiffs successfully opposed these efforts.

The Taylor Plaintiffs presented witnesses, an expert witness, exhibits and arguments that demonstrated the real personal injury cause by SB 14 and this Court cited to that testimony in her opinion. *See Veasey v. Abbott*, 71 F. Supp. 3d 627, 667-678 (S.D. Tex.

---

[2] Although Plaintiffs presented differing legal theories, all private Plaintiffs, including the Taylor Plaintiffs, raised a common Section 2 discriminatory-results cause of action and prevailed on that claim, thus achieving their common goal of enjoining SB 14's enforcement against voters who lack the requisite photo-ID

2014)(e.g. describing the financial burden imposed by the requirements: "Some Plaintiffs testified that they were either unable to pay or that they would suffer a substantial burden in paying the cost associated with getting a qualified SB 14 ID or the necessary underlying documents. Mr. Mendez testified about his family's "very sad" financial state, explaining that "[e]ach month by the last week there's no food in the house and nothing with which to buy any, especially milk for the children. Then my wife has to go to a place to ask for food at a place where they give food to poor people." Mr. Mendez was embarrassed to admit at trial that having to pay for a new birth certificate was a burden on him and his family. Mr. Lara described his financial situation by stating that "we got each our little ... small amount of cash ... and we try to ... stretch it out as possible by the end of the month, and sometimes we'll make it and sometimes we won't." Ms. Lara described her financial state as both difficult and very stressful." *Veasey,* 71 F. Supp. 3d at 671-729(citations omitted)). Taylor Plaintiffs expert was also relied upon by the Court in its analysis of the impact of SB 4 on voters like the Taylor Plaintiffs. *See e.g. Veasey* 71 F. Supp. 3d at 668, n.272, and 705, n. 570.

After a nine-day bench trial featuring both live and deposition testimony from dozens of expert and lay witnesses, this Court issued a comprehensive opinion holding:

> "It is clear from the evidence—whether treated as a matter of statistical methods, quantitative analysis, anthropology, political geography, regional planning, field study, common sense, or educated observation—that SB 14 disproportionately impacts African–American and Hispanic registered voters relative to Anglos in Texas."

*Veasey,* 71 F. Supp. 3d at 695.

Pursuant to that opinion, the Court entered "a permanent and final injunction against enforcement of the voter identification provisions" of SB 14 and directed the State to "return to

enforcing the voter identification requirements for in-person voting in effect immediately prior to the enactment and implementation of SB 14." *Id.* at 707.

Texas appealed.  The Fifth Circuit panel affirmed this Court's finding that SB 14 had discriminatory results in violation of Section 2 and remanded for consideration of the proper remedy.  *Veasey v. Perry*, 796 F.3d 490, 493, 498 (5th Cir. 2014).  The State filed a petition for rehearing en banc, which was granted.  *Veasey v. Abbott*, 815 F.3d 958 (5th Cir. 2016).  Upon rehearing, the full Fifth Circuit again affirmed this Court's finding that SB 14 violated Section 2 because of its discriminatory results and remanded to this Court to determine the appropriate remedy. *Veasey v. Abbott*, 830 F.3d 216, 272 (5th Cir. 2016) (en banc).  The en banc court also vacated the discriminatory-intent finding and remanded for this Court to reweigh the evidence regarding that finding.  *Id.* at 230.  On September 23, 2016, the State sought a writ of certiorari. Private Plaintiffs opposed that petition, and on January 23, 2017, the Supreme Court denied the State's petition.

On August 10, 2016, following the en banc Fifth Circuit's instructions, this Court ordered interim relief for the November 8, 2016 election (as well as prior and subsequent state and local elections) directing, *inter alia*, the state and its election officials to accept several forms of identification in addition to those mandated by SB 14 upon the completion and signing of a reasonable impediment declaration by the voter.  This relief remained in place until SB 14 was amended to largely incorporate this Court's interim relief into state law. The Fifth Circuit held that this amendment did not moot the case but, by "essentially mirror[ing the] agreed interim order," constituted an acceptable remedy under the Fifth Circuit's 2016 ruling that SB 14 violated Section 2.  *Veasey v. Abbott*, 888 F.3d 792, 804 (5th Cir. 2018).

**ARGUMENT**

The Taylor Plaintiffs join in and adopt here the Memorandum in Support of Attorneys'
Fees filed jointly by all Private Plaintiffs to this action.

In reviewing a motion for attorneys' fees in the Fifth Circuit, courts apply the "lodestar"
method, which requires determination of: (1) the reasonable hourly rate for the attorneys who
worked on the case; (2) the number of hours reasonably expended on the litigation by each
attorney; and (3) adjustment of the amount based on a number of relative factors. *See Rouse v.
Target Corp.*, 181 F.Supp.3d 379, 384 (S.D. Tex. 2016). The court begins by establishing the
reasonable hourly rates and the number of hours reasonably expended; the court then calculates
the "lodestar" amount by multiplying the reasonable hourly billing rate for each attorney by the
number of hours reasonably expended on the litigation by that attorney. *Rouse*, 181 F.Supp.3d at
384; *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999).

**LODESTAR**

Here, the Taylor Plaintiffs have provided the Court with detailed supporting declarations
(attached exhibits 1, 2 and 3 - declarations for Jose Garza, Marinda van Dalen and Robert
Doggett).  These declarations provide a detailed accounting of the lawyers' qualifications and the
hours devoted to this case. The Taylor Plaintiffs seek the following lodestar amount as prevailing
party in this action:

| | | | | |
|---|---|---|---|---|
| Jose Garza[3] | 472.9hrs. | x | $613.00 = | $289,887.70 |
| Marinda Van Dalen[4] | 1159hrs. | x | $544.00 = | $630,496.00 |

---

[3] Attached Exhibit No. 1 is the Declaration of Jose Garza. This declaration includes exhibits
detailing his qualifications as well as his daily time records. The declaration and its exhibits
show that Mr. Garza devoted almost 800 hours to the prosecution of this case. Moreover, it
shows a billing judgment reduction of over 300 hours, leaving 472.9 hours claimed.

[4] Attached Exhibit No. 2 is the Declaration of Marinda van Dalen. Her declaration includes
exhibits detailing her qualifications, as well as her daily time records. The declaration and its

Robert Doggett[5]       146.8hrs.        x         $572.00 =       $83,969.60

These figures represent substantial billing reduction as detailed in the attached declarations submitted by each attorney.  These figures total $1,004,353.30 in attorney fees. As discussed in the Memorandum in Support of this Motion, Plaintiff is also entitled to the costs of litigation, including expert witness costs. In this case, costs included such items as filing fees, deposition costs, and travel expenses. The following are the reasonable costs associated with prosecuting this case:

| | |
|---|---|
| Filing fee and process service fee: | $590.00 |
| Expert Expenses: | $35,062.72 |
| Travel expenses for client outreach and communication: | $2,120.44 |
| Travel expenses for depositions, ct. hearings and trial: | $6,325.46 |
| Other Trial Expenses (interpreter): | $175.00 |
| TOTAL: | $44,273.62 |

These costs are detailed in Exhibits 4 and 5[6] to this Motion.

### <u>CONCLUSION</u>

Based on the foregoing and on the Memorandum of Facts and Law and the supporting declarations and exhibits included therein, the Taylor Plaintiffs respectfully request an award of attorneys' fees and costs for the success achieved in this cause.

---

exhibits show that Ms. van Dalen devoted almost 1400 hours to the prosecution of this case.  A billing judgment discount of over 230 hours has been applied, leaving 1159 hours claimed.

[5] Attached Exhibit No. 3 is the Declaration of Robert Doggett. His declaration includes exhibits that detail his qualifications and his daily time records. The declaration and exhibits detail a billing judgment discount of over 154 hours. Therefore, the Taylor Plaintiffs request an award of attorney's fees for 146.8 hours for Mr. Doggett's time in this case.

[6] Exhibits 4 and 5 were developed by Jose Garza as he describes in his declaration. He reviewed TRLA business records, kept in the regular course of business for this case under the supervision of Jose Garza, lead counsel for Taylor Plaintiffs, to develop the exhibits. Jose Garza is Litigation Director for TRLA.

DATED:  April 11, 2019                              Respectfully submitted,


                                                        /s/ Jose Garza
                                                    JOSE GARZA
                                                    Texas Bar No. 07731950

                                                    **ATTORNEYS FOR TAYLOR**
                                                    **PLAINTIFFS**


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 11, 2019 I electronically served the foregoing via ECF on all other parties in this litigation.

                                                    /s/ Jose Garza


## <u>CERTIFICATE OF CONFERENCE</u>

I have conferred with counsel for Defendants, Mr. Matthew Frederick, and have been informed that Defendants oppose this motion.

                                                    /s/ Jose Garza