IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>RICK PERRY, *et al.*,<br><br>　　　　　　　Defendants. | Civil Action No. 2:13-cv-193 (NGR)<br>(Consolidated Action) |

**DECLARATION OF MARINDA VAN DALEN IN SUPPORT OF REQUEST FOR ATTORNEY'S FEES**

**Background and Prevailing Party**

1.　I am co-counsel for the Taylor set of Plaintiffs, in the above-styled matter.[1] My resume is attached hereto as Attachment No. 1. I am presenting this declaration in support of Taylor Plaintiffs Motion for Attorney's Fees and Costs. This was an action seeking redress for violations of Section 2 of the Voting Rights Act, 52 U.S.C.A. § 10301, as amended, 2006. Plaintiffs are prevailing parties in this action and are entitled to attorney's fees and costs as authorized by the Voting Rights Act, 52 U.S.C.A. § 10310(e), as amended 2006. Specifically, Plaintiffs and their attorneys, including Marinda van Dalen, presented pleadings, evidence, including witness testimony and argument to this Court, challenging the 2011 voter photo ID provisions (commonly referred to as S.B. 14) enacted by the State of Texas. Ultimately, the challenged enactment was enjoined and a remedy imposed because of violations of Section 2 of the Voting Rights Act, found by this Court and affirmed by the *en banc* Fifth Circuit. A review

---

[1] In this case I had two distinct roles: one was as an attorney for clients of Texas RioGrande Legal Aid (TRLA) and the other in my private practice, representing the Mexican American Legislative Caucus (MALC). My time in each role was kept separately and is not duplicated. Time spent on this case in my role as Litigation Director for TRLA, is TRLA's time. Time spent on behalf of MALC is done in my private practice.

1

of Plaintiffs' pleadings, attachments and argument in this case together with this Court's orders, including orders regarding the interim relief, as well as final judgment, demonstrate Plaintiffs' position as prevailing party in this action.

**Time**

2. My time in this case is kept contemporaneously with the work performed and usually recorded on a daily basis. During the course of this litigation and for the time period ending May 9, 2017,[2] I devoted a total of almost 1,400 hours to assist with the preparation and prosecution of this action, including participating in the trial of this action. In the exercise of billing judgment, I am discounting or not billing for portions of my time, as noted in the time keeping exhibit attached hereto, to account for any potential duplication of time with my co-counsel and to account for possible development of unrelated or unnecessary legal or factual issues and to account only for prevailing issues. Therefore, I am requesting compensation for a total of 1159 hours spent on the case. I have attached the time records that I maintained in this action, as Attachment No. 2.

3. There was no unnecessary duplication of efforts. My co-counsel on this case and I carefully coordinated our efforts so as to avoid unnecessary duplication. We carefully divided tasks and witness and exhibit development in a similar fashion and any overlap was minimal and necessary to avoid errors. Moreover, we consulted with each other in order to better coordinate the development of the case. We also coordinated with counsel for other Plaintiff groups, again to seek to avoid duplication. The amount of time expended in this case was necessary because it presented several difficult questions of fact and law, as well as unsettled issues. Time spent in the days leading to the filing of this action were also necessary to protect TRLA's clients' interests and to properly prepare for what was expected to be a quick progression to trial. Yet, the bulk of Plaintiff's counsel's time in this cause was in the preparation and presentation of this case to this Court. TRLA's clients demonstrated through their testimony, that they were directly impacted by

---

[2] I left TRLA in June of 2017 and am now an attorney with New York Lawyers For Public Interest as a Senior Attorney for the Disability Justice and Health Justice Programs.

the requirements of SB 14, in a way that showed a violation of Section 2. The Taylor Plaintiffs' expert, Kevin Jewell, also presented at trial, was able to show the burdens placed on our clients by the requirements of SB 14.

The time spent on this case represents the minimum hours necessary for an adequate preparation of pleadings, exhibits, discovery, including depositions of our clients and presentation to the court. Because of my over twenty years of federal court and civil rights litigation experience, along with the extensive experience of my co-counsel, I did not spend any unnecessary time on issues and evidence developed in this case, and I did not spend time on matters that were not relevant to the prosecution of this action.

**Market Rate**

4. I have been a member of the Texas Bar for twenty four years. I have also practiced in numerous federal courts outside of Texas. Throughout my career, my practice has focused on complex federal litigation, including civil rights and constitutional law. I have attached my resume as Attachment No. 1 to this declaration. For this case, Plaintiffs ask that the Court adopt the USAO attorney's fees matrix, for 2015-2019 in light of recent fee awards in the Southern District of Texas, which are similar to the matrix index. Based on this matrix I am asking to be compensated at a rate of $544.00 per hour.[3] Based on my knowledge of the prevailing market rates, I believe that my current rate for a case such as this case is between $544 and $572 per hour. This rate is supported by the expert opinion of Bill Edwards in his declaration filed with this motion. Therefore, the Taylor Plaintiffs request a rate of $544 per hour for Marinda van Dalen's time in this action.

5. In addition, I have known Jose Garza for more than ten years. I have had the

---

[3] The matrix indicates that rates for attorney's with between 16 and 20 years of experience for 2018-19 is $544 per hour. I had more than 19 years of experience in 2013 when this case began. The 2018-2019 rate is appropriate since there is necessarily, a substantial delay in the payment of fees here from when the work was done.

3

opportunity to litigate this case with Mr. Garza, as my co-counsel, making me familiar with the high quality of his work. I am also familiar with Mr. Garza's reputation in the legal community and know that he is both a skilled and respected member of the bar. In addition, I am familiar with the skills and quality of work of Robert Doggett and other TRLA attorneys who assisted with the prosecution of this cause. Mr. Doggett is a well-respected and skilled attorney and was recently elevated to the position of Executive Director of TRLA. Both of these lawyers are very skilled and produce a high quality of work.

**Lodestar**

6.   In determining the Lodestar a court should usually consider the actual hours devoted to the case and the market hourly rate for the lawyer in question. In my capacity as co-counsel for the Taylor set of Plaintiffs, I devoted nearly 1,400 hours to the successful prosecution of this cause and am requesting compensation for a reduced portion of those hours, totaling 1159 hours. In addition, Mr. Edwards and Jose Garza have both testified that a prevailing market rate commensurate with the matrix of the USAO of $544 per hour, for someone of my experience, in this case is reasonable. Therefore, the lodestar requested in this case for Marinda van Dalen is $630,496.00 (1159 hrs.  x $544= $630,496.00)

7.   *Preclusion of Other Employment*. My work in this litigation restricted the time available for pursuit of other litigation during the period of activity in this case. Because of the extensive work required in a time-compressed period of time, I was unable to accept and work on other cases.

8.   *Time Limitation Imposed by Circumstances*. The time limitations in this case were imposed by pending election schedules and by the failure of the State Defendants to comply with the provisions of the Voting Rights Act in a timely manner.

4

9. *Undesirability of the Case*. This case was filed pursuant to the Voting Rights Act, 52 U.S.C.A. § 10301. Counsel for Plaintiff represents the Taylor set of Plaintiffs. This case is very undesirable because the expedited election schedule placed unusual time constraints on the development and preparation of the case and because of the specialized nature of the actions. Moreover, the case required significant time and resources to properly prosecute, and recovery of a fee and expenses was contingent on success. Finally, even though success is now insured, recovering a reasonable fee is still remote in time. Working on a case of a contingent nature for over two years, without a reasonable fee thus also makes this case undesirable.

*Experience and Expertise.* My experience has included participation in state and federal litigation and preparation of pleadings, briefs and evidence for cases in both state and federal courts. I am or have been counsel in numerous civil rights cases including *Doe v. New York City Dep't of Education*, 16-cv-1884, W.D. New York filed April, 9, 2018) [Lead counsel for intervenors seeking to represent district-wide class of students with severe disabilities who have been or may be abused by teachers and other staff; successfully negotiated narrowing of Plaintiff class to permit separate litigation for clients.]; *Serna v. Texas Dept. of State Health Services*, No. 1-15-cv-446-RP, 2015 U.S. Dist. WL 6118623 (W.D. Tex. 2015)[Counsel in successful challenge to Texas' refusal to issue birth certificates to the undocumented parents of Texas-born children]; *Vásquez v. Whataburger*, 2015-DCL-04502 (444th Dist. Ct., Tex. filed July 24, 2015) **[**Action against fast food chain for denial of services to blind customer with service dog at multiple restaurants; monetary and non-monetary relief secured through settlement]; *María S. v. Garza*, 267 F.Supp.3d 923 (2017) (S.D. Tex. 2017) [*Bivens* action on behalf of minor children whose mother was murdered after removal from the U.S. by Border Patrol; unfavorable lower court decision upheld, Maria S. v.

5

Garza, 912 F.3d 778 (5th Cir. 2019)]; *Treviño v. Schroeder*, No. 5:11-cv-4015, 2011 U.S. Dist. WL 5975240 (N.D. Iowa Nov. 28, 2011)[Civil rights suit arising out of the abduction and vicious beating in Iowa of a farmworker from Texas and the ensuing conspiracy by local police and the community to cover up the hate crime; favorable settled secured]; *Lane v. Cole*, 88 F. Supp. 2d 402 (E.D. Pa. 2000) [Suit brought on behalf of a white tenant and three black houseguests alleging violation of the Fair Housing Act based upon the landlords' discriminatory eviction of the tenant; first reported decision holding invitees injured by a discriminatory housing practice have standing to sue; favorable settlement secured].

10. It is my opinion, based on my experience and upon inquiring of other lawyers, that the prevailing market rate for an attorney of my experience, in a difficult and complicated civil rights case is between $544 and $572 per hour.

11. *Results Obtained and other Enhancement Factors.* The results obtained in this case were precisely what the Plaintiffs requested as an appropriate remedy, injunctive relief, remedies to violations of Section 2 of the Voting Rights Act.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

                                          /S/   *Marinda van Dalen*
                                          Marinda van Dalen
                                          Attorney for Taylor Plaintiffs

# ATTACHEMENT NO. 1

# RESUME

# MARINDA VAN DALEN
151 W. 30th Street
New York, New York 10001
(212) 453-5863

*EXPERIENCE*

**NEW YORK LAWYERS FOR THE PUBLIC INTEREST**

*Senior Attorney, Disability Justice and Health Justice Programs*
New York, New York
June 2017 to Present

Advocacy on behalf of individuals and organizations to promote justice and equality, with focus on the rights of people with disabilities and immigrants in detention. Multi-pronged approach, including litigation, lobbying, coalition building, organizing, and documentation of abuse and violations.

**TEXAS RIOGRANDE LEGAL AID**

*Managing Attorney*
Brownsville, Texas
October 2009 to June 2017

• Managed branch with seven attorneys and five additional staff. Responsible for delivery of quality legal services and compliance with program policies and funding regulations. Supervised and evaluated attorneys, staff, and volunteers.

• Litigated complex civil cases, primarily in the area of civil rights, on behalf of individual and organizational plaintiffs. Practiced in federal and state courts in multiple jurisdictions. Extensive experience with experts from a variety of disciplines.

**PRIVATE PRACTICE**

New York, New York and Amsterdam, Netherlands
*Attorney and Consultant*
January 2001 to January 2006

Provided consulting and legal services to community organizations, educational

7

institutions, and law firms. Preparation of program reports and legal documents and briefs. Assistance in the development and implementation of strategic plans.

### THE PUBLIC INTEREST LAW CENTER OF PHILADELPHIA

Philadelphia, Pennsylvania
*Director, Fair Housing Project*
September 1998 to November 2000

Director of civil rights project targeting discrimination in the housing and lending markets in and around Philadelphia. Litigation on behalf of individuals and advocacy groups.

### TEXAS RURAL LEGAL AID

Weslaco, Texas
*Staff Attorney*
June 1993 to September 1998

Served as lead counsel in employment and civil rights actions brought on behalf of farmworkers and other low-wage workers. Represented clients in individual cases, multi-plaintiff cases, and class actions.

## *EDUCATION*

### CITY UNIVERSITY OF NEW YORK SCHOOL OF LAW

Juris Doctorate
New York, New York
May 1993
　*ILSA Journal of International and Comparative Law*
　　Editor in Chief (1992–1993), Editor (1991–1992).
　Research Assistant, Dean Haywood Burns.

### MCGILL UNIVERSITY

Bachelors in Arts, Anthropology and Women's Studies
Montreal, Quebec
June 1989

*ADMISSIONS*

    • State Bars of New York (2017), Texas (1994; inactive), and Pennsylvania (1999; inactive).

    • Admitted to practice in the Southern and Western Districts of Texas, Eastern District of Pennsylvania, the Court of Appeals for the Fifth Circuit, and the United States Supreme Court.

    • Pro Hac Vice practice in New York, New Jersey, Iowa, and Kentucky.

*LANGUAGES*  Fluent in Spanish and Dutch