IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

MARC VEASEY, *et al.*,

        Plaintiffs,

v.

RICK PERRY, *et al.*,

        Defendants.

Civil Action No. 2:13-cv-193 (NGR)
(Consolidated Action)

## DECLARATION OF ROBERT DOGGETT IN SUPPORT OF REQUEST FOR ATTORNEY'S FEES

**Background and Prevailing Party**

      I am co-counsel for the Taylor set of Plaintiffs, in the above-styled matter. My resume is attached hereto as Attachment No. 1. I am presenting this declaration in support of Taylor Plaintiffs Motion for Attorney's Fees and Costs. This was an action seeking redress for violations of Section 2 of the Voting Rights Act, 52 U.S.C.A. § 10301, as amended, 2006. Plaintiffs are prevailing parties in this action and are entitled to attorney's fees and costs as authorized by the Voting Rights Act, 52 U.S.C.A. § 10310(e), as amended 2006. Specifically, Plaintiffs and their attorneys, including Robert Doggett, presented pleadings, evidence, including witness testimony and argument to this Court, challenging the 2011 voter photo ID provisions (commonly referred to as S.B. 14) enacted by the State of Texas. Ultimately, the challenged enactment was enjoined and a remedy imposed because of violations of Section 2 of the Voting Rights Act, found by this Court and affirmed by the *en banc* Fifth Circuit. A review of Plaintiffs' pleadings, attachments and argument in this case together with this Court's orders, including orders regarding the interim relief, as well as final judgment, demonstrate Plaintiffs' position as prevailing party in this action.

1

**Time**

My time in this case is kept contemporaneously with the work performed and usually recorded on a daily basis. During the course of this litigation and for the time period ending January 31, 2019, I devoted a total of over **300 hours** to assist with the preparation and prosecution of this action, including participating in the trial of this action. Moreover, I was primarily responsible for the preparation of our expert Kevin Jewell. In the exercise of billing judgment, I am discounting or not billing for portions of my time, as noted in the time keeping exhibit attached hereto, to account for any potential duplication of time with my co-counsel and to account for possible development of unrelated or unnecessary legal or factual issues and to account only for prevailing issues. Therefore, I am requesting compensation for a total of **146.8 hours** spent on the case. I have attached the time records that I maintained in this action, as Attachment No. 2.

There was no unnecessary duplication of efforts. My co-counsel on this case and I carefully coordinated our efforts so as to avoid unnecessary duplication. We carefully divided tasks and witness and exhibit development in a similar fashion and any overlap was minimal and necessary to avoid errors. Moreover, we consulted with each other in order to better coordinate the development of the case. We also coordinated with counsel for other Plaintiff groups, again to seek to avoid duplication. The amount of time expended in this case was necessary because it presented several difficult questions of fact and law, as well as unsettled issues. Time spent in the days leading to the filing of this action were also necessary to protect TRLA's clients' interests and to properly prepare for what was expected to be a quick progression to trial. Yet, the bulk of Plaintiff's counsel's time in this cause was in the presentation of this case to this Court. TRLA's clients demonstrated through their testimony, that they were directly impacted by the requirements of SB 14, in way that showed a violation of Section 2.

The time spent on this case represents the minimum hours necessary for an adequate preparation of pleadings, exhibits, and presentation to the court. Because of my coordination with our lead counsel Jose Garza, who has forty-one years of experience in Voting Rights cases, I did not spend any unnecessary time on issues and evidence developed in this case, and I did not spend

2

time on matters that were not relevant to the prosecution of this action.

**Market Rate**

I have been a member of the Texas Bar for over 28 years. I am also a member of numerous federal court bars. Throughout my career, my practice has focused on litigation in a variety of cases and forums.  Because of my extensive experience litigating cases on behalf of poor Texans similar to the Taylor Plaintiffs, I was designated the Executive Director of Texas RioGrande Legal Aid effective January 6, 2018.  I have attached my resume as Attachment No. 1 to this declaration. For this case, Plaintiffs ask that the Court adopt the USAO attorney's fees matrix, for 2015-2019 in light of recent fee awards in the Southern District of Texas, which are similar to the matrix index. Based on this matrix I am asking to be compensated at a rate of $572 per hour.[1] Based on my knowledge of the prevailing market rates, I believe that my current rate for a case such as this case is between $572 and $600 per hour. This rate is supported by the expert opinion of Bill Edwards in his declaration filed with this motion. Therefore, the Taylor Plaintiffs request a rate of $572 per hour for Robert Doggett's time in this action.

In addition, I have known Marinda Van Dalen for more than ten years.  I have had the opportunity to litigate this case with Ms. Van Dalen, as my co-counsel, making me familiar with the high quality of her work. I am also familiar with Ms. Van Dalen's reputation in the legal community and know that she is both a skilled and respected member of the bar.  In addition, I am familiar with the skills and quality of work of Jose Garza and other TRLA attorneys who assisted with the prosecution of this cause. Mr. Garza extremely knowledgeable regarding the type of litigation at issue here, was the lead counsel in the case for the Taylor Plaintiffs, is a well respected and skilled attorney and continues as TRLA's Litigation Director.  Both of these lawyers are very skilled and produce a

---

[1] The matrix indicates that rates for attorney's with 21-30 years of experience for 2018-19 is $572.00 per hour. I had more than 21 years of experience in 2013 when this case began. The 2018-2019 rate is appropriate since there is necessarily, a substantial delay in the payment of fees from when the work was done.

3

high quality of work.

**Lodestar**

In determining the Lodestar a court should usually consider the actual hours devoted to the case and the market hourly rate for the lawyer in question. In my capacity as co-counsel for the Taylor set of Plaintiffs, I devoted over 300 hours to the successful prosecution of this cause and am requesting compensation for a reduced portion of those hours, totaling 146.8 hours. In addition, Mr. Edwards and Robert Doggett have both testified that a prevailing market rate commensurate with the matrix of the USAO of $572.00 per hour, for someone of Mr. Robert Doggett's experience, in this case is reasonable. Therefore, the lodestar requested in this case for Robert Doggett is $83,969.60 (146.8 hrs.  x $572 = $83,969.60)

*Preclusion of Other Employment Assisting Poor Texans*. My work in this litigation restricted the time available for pursuit of other litigation at Texas RioGrande Legal Aid during the period of activity in this case. Because of the extensive work required in a time-compressed period of time, I was unable to accept and work on other cases where the clients are low income Texans in desperate need of legal assistance.  My work on this case prevented me from assisting impoverished families facing an eviction, needing disaster assistance, or being denied food stamps.

*Time Limitation Imposed by Circumstances*. The time limitations in this case were imposed by pending election schedules and by the failure of the State Defendants to comply with the provisions of the Voting Rights Act in a timely manner.

*Undesirability of the Case*. This case was filed pursuant to the Voting Rights Act, 52 U.S.C.A. § 10301. Counsel for Plaintiff represents the Taylor set of Plaintiffs. This case is very undesirable because the expedited election schedule placed unusual time constraints on the development and preparation of the case and because of the specialized nature of the actions. Moreover, the case required significant time and resources to properly prosecute, and recovery of a fee

and expenses was contingent on success. Finally, even though success is now insured, recovering a reasonable fee is still remote in time. Working on a case of a contingent nature for over two years, without a reasonable fee thus also makes this case undesirable.

*Experience and Expertise.* My experience has included participation in federal litigation, extensive advocacy in state and federal administrative hearings, and preparation of pleadings, briefs and evidence for cases in both state and federal courts.

It is my opinion, based on my experience, on an contested award made for my services in another case, and upon inquiring of other lawyers, that the prevailing market rate for an attorney of over twenty-eight years of experience, in a difficult and complicated civil rights case is between $572 and $600 per hour.

*Results Obtained and other Enhancement Factors.* The results obtained in this case were precisely what the Plaintiffs requested as an appropriate remedy, injunctive relief, remedies to violations of Section 2 of the Voting Rights Act.

**Costs**

Texas RioGrande Legal Aid (TRLA) incurred significant costs to successfully prosecute this action. They include expenses for necessary travel, filing fees, copying, postage, discovery costs, exhibit preparation, and the like. In addition, Plaintiffs request payment for expert costs associated with this case. The unreimbursed expenses for the TRLA in this case were **$44,273.62**

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

/s/ Robert Doggett
Robert Doggett