IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> RICK PERRY, *et al.*, <br><br> Defendants. | Civil Action No. 2:13-cv-193 (NGR) <br> (Consolidated Action) |

**ORDER AWARDING ATTORNEYS' FEES AND COSTS TO TAYLOR PLAINTIFFS**

1. The Taylor Plaintiffs', represented by lawyers with Texas RioGrande Legal Aid, Inc., Motion for Attorneys' Fees and Costs is pending before this Court. Pursuant to 52 U.S.C.A. § 10310(e) and 42 U.S.C.A. § 1988, Plaintiffs have asked this Court for an award of attorneys' fees and costs. This was an action seeking redress for violations of Section 2 of the Voting Rights Act, 52 U.S.C.A. § 10301, as amended, 2006. Plaintiffs are prevailing parties in this action and are entitled to attorney's fees and costs as authorized by the Voting Rights Act, 52 U.S.C.A. § 10310(e), as amended 2006 as well as 42 U.S.C.A. § 1988.

2. The Supreme Court has determined that civil rights plaintiffs are prevailing parties "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." *Texas State Teachers Association v. Garland Independent School District,* 489 U.S. 782, 789, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989). In other words, "the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between [it] and the defendant," *Texas State Teachers, 489* U.S. *at 792.*

3. Taylor Plaintiffs' attorneys, Jose Garza, Marinda Van Dalen and Robert Doggett[1]

---

[1] The Taylor plaintiffs also relied on the assistance of various other TRLA staff attorneys and paralegals, but in the exercise of billing judgment, are not requesting fees for their time on this case.

presented pleadings, evidence, including witness testimony and argument to this Court, challenging the 2011 voter photo ID provisions enacted by the State of Texas (commonly referred to as S.B. 14). Their presentation was effective and demonstrated the skill necessary for the successful prosecution of this cause.

4. Ultimately, the challenged enactment was enjoined and a remedy imposed by this Court, because of violations of Section 2 of the Voting Rights Act, and affirmed by the *en banc* Fifth Circuit. A review of Plaintiffs' pleadings, attachments and argument in this case together with this Court's orders, including orders regarding the interim relief, as well as final judgment, demonstrate Plaintiffs' position as prevailing party in this action.

### **LODESTAR**

5. In determining the amount of fees, a court should "(1) ascertain the nature and extent of the services supplied by the attorney, (2) value the services according to the customary fee and quality of the legal work, and (3) adjust the compensation on the basis of the other *Johnson* factors that may be of significance in the particular case." *Alberti v. Klevenhagen*, 927 F.2d 927, 930 (5th Cir. 1990) (quoting *Leroy v. City of Houston*, 831 F.2d 576, 583 n.11 (5th Cir. 1987), *cert. denied*, 486 U.S. 1008 (1988)). Applications for attorneys' fees in the Fifth Circuit are analyzed using the "lodestar" method, a multi-step analysis to determine (1) the reasonable hourly rate for the attorneys who worked on the case; (2) the number of hours reasonably expended on the litigation by each attorney; and (3) adjustment of the amount based on a number of relative factors. *See Rouse v. Target Corp.*, 181 F.Supp.3d 379, 384 (S.D. Tex. 2016). The court begins by establishing the reasonable hourly rates and the number of hours reasonably expended; the court then calculates the "lodestar" amount by multiplying the reasonable hourly billing rate for each attorney by the number of hours reasonably expended on the litigation by that attorney. *Rouse*, 181 F.Supp.3d at 384; *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999).

6. As detailed more thoroughly in the supporting declarations (exhibits 1, 2 and 3 - declarations for Jose Garza, Marinda van Dalen and Robert Doggett) the Taylor Plaintiffs seek the following attorney's fees and costs as prevailing party in this action:

Attorneys' Fees requested:

| | | | | | |
|---|---|---|---|---|---|
| Jose Garza[2] | 472.9hrs. | x | $613.00 = | $289,887.70 |
| Marinda Van Dalen[3] | 1159hrs. | x | $544.00 = | $630,496.00 |
| Robert Doggett[4] | 146.8hrs. | x | $572.00 = | $83,969.60 |

7. The Defendants oversimplify the course of these proceedings, and under value the necessity of the time devoted by the Plaintiff and its counsel to the important issues that faced this Court. After a careful review of the complete record of this case the Court finds the hours documented were reasonable to present and prosecute this case. In addition, it is significant that the Taylor Plaintiffs' counsel have discounted significant time for the very issues raised by the Defendants.

8. After determining the number of compensable hours, the court "selects an appropriate hourly rate based on prevailing community standards for attorneys of similar experience in similar cases." *Id.* at 938 (quoting *Sims v. Jefferson Downs Racing Ass'n.*, 778 F.2d 1068, 1084 (5th Cir. 1985)). The court also should examine the particular circumstances of the case to determine if the rate or hours should be modified.

9. In this case, one of the biggest challenges imposed on the attorneys and this Court was the time constraints. In addition, this Court was dealing with the challenge of the interplay between varying sorts of data and competing interpretations. Expert testimony was critical in

---

[2] Exhibit No. 1 to this motion is the Declaration of Jose Garza. This declaration includes exhibits detailing his qualifications as well as his daily time records. The declaration and its exhibits show that Mr. Garza devoted almost 800 hours to the prosecution of this case. Moreover, it shows a billing judgment reduction of over 300 hours, leaving the 472.9 hours claimed here.

[3] Exhibit No. 2 to his motion is the Declaration of Marinda van Dalen. Her declaration includes exhibits detailing her qualifications, as well as her daily time records. The declaration and its exhibits show that Ms. van Dalen devoted almost 1400 hours to the prosecution of this case. A billing judgment discount of over 230 has been applied leaving 1159 hours claimed.

[4] Exhibit No. 3 to this motion is the Declaration of Robert Doggett. His declaration includes exhibits that detail his qualifications and his daily time records. The declaration and exhibits detail a billing judgment discount of over 154 hours. Therefore, the Taylor Plaintiffs request an award of attorney's fees for 146.8 hours for Mr. Doggett's time in this case.

determining the impact of the law. Moreover, the most vulnerable of our population were the most impacted and providing that their circumstance be clearly articulated and determined was a key feature of the presentation by the Taylor Plaintiffs' counsel.

10. In support of its fee motion the Plaintiff has submitted declarations from the lawyers claiming fees setting out their opinion of their market rates and testifying that an appropriate hourly rate for attorneys of the experience and expertise of Plaintiff's counsel, ranges from $250 per hour to just over $600.00 per hour and in some instances over $700 per hour and specifically testifying that in their opinion the rates requested for the lawyers in this case are appropriate. In addition, Plaintiffs submitted the expert declaration of Mr. William (Billy) Edwards, who testified to the reasonableness of the rates requested.

11. Therefore, based on the evidence presented and the record of this case, this Court awards the Taylor Plaintiffs attorneys fees as follows:

>  Jose Garza        472.9hrs. @  $613 =  $289,887.70
>  Marinda Van Dalen 1159hrs. @   $544 =  $630,496.00
>  Robert Doggett    146.8hrs. @  $572 =  $83,969.60

In total, the Taylor Plaintiffs are awarded attorneys' fees in the amount of $1,004,353.30.

**COSTS**

Plaintiffs are also entitled to the costs of litigation, including expert witness costs. In this case costs included such items as filing fees, deposition costs and travel expenses. The Court finds after reviewing the relevant evidence presented that the following are the reasonable costs associated with prosecuting this case for the Taylor Plaintiffs:

>  Filing fee and process service fee:                        $590.00
>  Expert Expenses:                                           $35,062.72
>  Travel expenses for client outreach and communication:     $2,120.44
>  Travel expenses for depositions, ct. hearings and trial:   $6,325.46
>
>  Other Trial Expenses (interpreter):                        $175.00

        TOTAL:         $44,273.62

**FINAL AWARD**

Based on the foregoing, the relevant pleadings and the exhibits this Court finds that the Taylor Plaintiffs are prevailing party entitled to an award of reasonable attorneys' fees. The Court therefore, awards the Taylor Plaintiffs reasonable attorneys' fees and costs as follows:

> Attorneys' fees – $1,004,353.30
> Out of pocket and expert costs - $44,273.62

**Total fees and costs -**         **$1,048,626.92**

Therefore, based on the arguments of the parties, pleadings and evidence presented to the Court, it is the opinion of the Court that Taylor Plaintiffs' Motion for Attorney's Fees and Costs should and is hereby GRANTED and Taylor Plaintiffs are AWARDED a reasonable attorneys' fee as described above.

It is therefore further ORDERED that the Defendant, tender to Plaintiffs attorneys, the above set out attorneys' fees and costs with interest from the date of this order.

In the event Plaintiff has not received payment as set out above, in 90 days from entry of this Order, execution shall issue.

ENTERED THIS DAY OF , 2019.

_____
UNITED STATES DISTRICT JUDGE