# EXHIBIT

# B

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

MARC VEASEY, *et al.*,

*Plaintiffs*,

v.

GREG ABBOTT, *et al.*,

*Defendants*.

Civil Action No. 2:13-cv-193 (NGR)

## DECLARATION OF RYAN P. HAYGOOD

1.      My name is Ryan P. Haygood.  I am over 18 years of age, of sound mind, and capable of making this declaration. The facts stated in this declaration are based on my personal knowledge or information contained in records that I kept or that have been provided to me.

2.      Between June 2013 to March 2015, the period that I was involved in investigating and then litigating the above-captioned case, I was the Director of the Political Participation Group at the NAACP Legal Defense & Educational Fund, Inc. ("LDF") and then the Deputy Director of Litigation at LDF.[1] I worked continually at LDF between 2003 and 2015. Between 2001 and 2003, I was a litigation associate at Fried, Frank, Harris, Shriver & Jacobson LLP as the NAACP/LDF Fried Frank Fellow.

3.      At LDF, I actively investigated and litigated numerous federal civil rights cases at both the trial and appellate levels in federal court. I have been involved in all aspects of federal civil rights litigation, including many of those at issue in this case, such as: investigating, building, preparing, and filing cases; preparing and responding to written discovery requests; reviewing

---

[1]      This Court entered an order permitting to appear *pro hac vice* in this case on September 6, 2013 and granting my withdrawal from this case on March 25, 2015. ECF. Nos. 18 & 832.

documents; conducting party and expert depositions; researching and drafting legal memoranda on various issues relating to constitutional and statutory law and civil litigation; drafting and filing briefs; presenting oral argument, and conducting trial.

4.      Since 2015, I have served as President and CEO of the New Jersey Institute for Social Justice.

5.      All told, I have practiced law for over 15 years, having been admitted to the practice of law in New York since 2002 and having graduated from the University of Colorado School of Law in 2001.

## CONTRIBUTIONS TO THIS CASE

6.      In August 2013, in the wake of the U.S. Supreme Court's immobilization of Section 5 of the Voting Rights Act, the U.S. Department of Justice filed a lawsuit challenging Texas's strict photo identification law, known as Senate Bill 14 ("SB 14"), under Section 2 of the Voting Rights Act ("Section 2") and the U.S. Constitution.

7.      LDF was retained to represent several individual plaintiffs and an organizational plaintiff to intervene in the above captioned case, raising claims under Section 2 and the Constitution.[2]

8.      I worked as one of the lead LDF counsel on directing case strategy and building this lawsuit from its inception through the close of trial. Thus, my work on this case, as indicated below and in **Exhibit C** ("Haygood Billing Record") included the following activities and a

---

[2]      Over the course of this case, LDF and its co-counsel Wilmer Cutler Pickering Hale and Dorr LLP ("WilmerHale") represented plaintiff-intervenors Imani Clark, Aurica Washington, Crystal Owens, and Michelle Bessiake, as well as the Texas League of Young Voters Education Fund. Ms. Washington, Ms. Owens, Ms. Bessiake were withdrawn as plaintiff-intervenors (ECF Nos. 237, 338), and the Texas League of Young Voters Education Fund, ceased operations well into the litigation and also withdrew from this case (ECF No. 958).

conservative accounting of the related hours expended, in addition to those discrete hours captured in the **Exhibit A** ("LDF Billing Records") submitted by LDF in this case:

    a)    factual and legal pre-filing case investigation and development of potential claims and retaining clients (100 hours);

    b)    drafting complaints (initial and amended) and related intervention papers (70 hours);

    c)    opposing Defendants' Motions to Dismiss (10 hours);

    d)    preparing written discovery and responding to discovery disputes (10 hours);

    e)    retaining and working to review and finalize the expert reports of witnesses, Dr. Vernon Burton, one of the key expert for witnesses for Plaintiff, whose opinion this Court relied upon in its post-trial findings, and the Brattle Group (100 hours);

    f)    preparing for, taking, and/or defending multiple depositions, including for fact, 30(b)(6), and expert witnesses (100 hours); and

    g)    preparing for and participating at trial, including delivering one of the main closing arguments (100 hours).

9.    The above-mentioned work and time expended does <u>not</u> include, for example:

    a)    post-filing legal and factual research (25 hours);

    b)    reviewing and revising all filings in the case (100 hours);

    c)    directing litigation strategy (50 hours); and

    d)    directing media outreach in radio and print media (50 hours).

10.     The hours for which Plaintiff-Intervenor Clark seeks an award for my contributions to the case are based on contemporaneous records of co-counsel and review of case records.

***

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _April 11_, 2019.

Ryan P. Haygood