IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> GREG ABBOTT, *et al.*, <br><br> Defendants. | Civil Action No. 2:13-cv-193 (NGR) <br> (Consolidated Action) |

**REVISED DECLARATION OF MYRNA PÉREZ IN SUPPORT OF
REQUEST FOR ATTORNEYS' FEES**

**Background and Prevailing Party**

1.  I am co-counsel for Plaintiffs Mexican American Legislative Caucus ("MALC") and Texas State Conference of the NAACP (collectively "Plaintiffs") in the above-styled matter. I am presenting this declaration in support of Plaintiffs' Motion for Attorney's Fees and Costs. Plaintiffs are prevailing parties in this action and are entitled to attorney's fees and costs as authorized by the Voting Rights Act, 52 U.S.C. § 20510(c). Specifically, Plaintiffs and their attorneys presented pleadings, evidence and argument to this and other Courts challenging the 2011 voter photo ID provisions (commonly referred to as SB 14) enacted by the Texas legislature. As a result of the litigation brought by Plaintiffs, SB 14 was enjoined by virtue of an Interim Remedial Order issued by this Court August 10, 2016 (Doc. No. 895), following this Court's ruling that SB 14 violated the "results" prong of Section 2 of the Voting Rights Act, a ruling that was affirmed by the Fifth Circuit en banc. *Veasey v. Perry*, 71 F. Supp. 3d 627 (S.D. Tex. 2014), *aff'd in part, vacated in part, rev'd in part sub nom. Veasey v. Abbott*, 830 F.3d 216 (5th Cir. 2016) (en banc). A review of Plaintiffs' pleadings, attachments and argument on this cause, together with this Court's orders, including orders regarding the interim relief as well as final judgment, demonstrate Plaintiffs' position as prevailing party in this action.

**Professional Background**

2. I have been a member of the Bar of the State of Texas since 2003, a member of the Bar of the State of New York since 2011, and a member of several federal court bars. The bulk of my career has been focused on voting rights litigation, advocacy, and research. I currently serve as Deputy Director of the Democracy Program at the Brennan Center for Justice at NYU School of Law (the "Brennan Center"), where I lead the Brennan Center's Voting Rights and Elections project, and I previously served as Senior Counsel and Counsel at the Brennan Center. During my tenure at the Brennan Center, I have served as counsel in numerous voting rights cases, at both the trial and appellate level. For example, I currently serve as lead counsel in a federal court challenge to Indiana's voter purge practices, and I have previously served as lead counsel in federal and state court challenges to Colorado's purge practices, and a state court challenge to Indiana's voter identification law, among numerous other cases. In addition, I have co-authored amicus briefs in several voting rights cases, including in the U.S. Supreme Court in the *NAMUDNO v. Holder* and *Shelby County v. Holder* cases. I have also authored several nationally recognized reports and articles on voting rights and election administration, including *Election Day Long Lines: Resource Allocation* (Sept. 2014) and *If Section 5 Falls: New Voting Implications* (June 2013), and my work has been featured in media outlets across the country, including *The New York Times*, *The Wall Street Journal*, and MSNBC, among others. I have testified before several state legislatures on a variety of voting rights issues. And I serve as a lecturer-in-law at Columbia Law School, where my teaching focuses on complex civil rights litigation and civil rights policy. In addition, I previously served as the Chair of the Election Law Committee of the City of New York Bar Association.

**Description of my role and the role of the Brennan Center in this case:**

3. Throughout this case, I served as one of the lead counsel for Plaintiffs MALC and Texas NAACP. I participated actively in all substantive events in the case. Among other things, I defended the deposition of plaintiffs' expert on voter fraud, Lorraine C. Minnite. My team and I led the development of rebuttal arguments to Defendants' purported race-neutral justifications

2

for SB 14, including extensive analysis of the bill's legislative history. We located Sammie Bates, one of Plaintiffs' key trial witnesses. And I led negotiations with Defendants regarding the education of Texas voters about the rules that would govern Texas's election under the Interim Remedial Order.

4. The Brennan Center is not seeking fees on behalf of Wendy Weiser, who participated significantly in this case in a supervisory role, as Director of the Brennan Center's Democracy Program. Ms. Weiser has nearly two decades of experience as a civil rights lawyer, and she participated in setting of strategy in this case and reviewed every major submission to the Court for which we are seeking fees. The Brennan Center is also not seeking fees on behalf of Sidney Rosdeitcher, a retired partner of Paul, Weiss, Rifkin, Wharton & Garrison LLP who for many years was the Brennan Center's legal policy counsel. Mr. Rosdeitcher is an eminent litigator – he has practiced for more than a half-century, including two arguments in the U.S. Supreme Court – and he reviewed numerous briefs in this matter and provided substantial suggestions on legal strategy. The Brennan Center is also not seeking fees for more junior attorneys, including Vishal Agraharkar, Jennifer Clark, and Maximillian Feldman, who expended significant time on the matter. Nor is the Brennan Center seeking fees for non-lawyer staff who expended significant time on the matter.

**Time**

5. Attached to this Declaration is an accurate itemization for the hours claimed by the Brennan Center staff in this litigation (Attachment A). The itemization is based on contemporaneous records of the activities in the case. As reflected in Attachment A, in total, Brennan Center attorneys recorded 1,089.4 hours litigating this case. This recorded time total substantially undercounts the time Brennan Center staff actually expended on the matter, as Ms. Weiser, Mr. Rosdeitcher, and the non-attorney staff did not submit the time they expended. The Brennan Center is seeking recovery of attorney's fees for just 516.5 of the recorded hours. All of the time claimed was expended for the litigation purposes listed.

6. The Brennan Center is seeking fees only for a portion of my time expended, as set

forth in the accompanying brief, (1) litigating this case through the denial of Texas's petition for certiorari from the en banc decision; and (2) negotiating, implementing and monitoring the 2016 interim remedial order.

**Hourly Rates**

7. The Brennan Center accepts voting rights cases on behalf of clients, such as the plaintiffs in this case, who are unable to pay for the legal services required to litigate their claims and vindicate their rights. We therefore do not generally bill clients for our legal services, and we will not do so in this case; accordingly, we will obtain no compensation in this case absent a fee recovery. The appropriate hourly rates for Brennan Center attorneys have been set in accordance with the USAO attorney's fees matrix for 2015-2019 in light of recent fee awards in the Southern District of Texas, which are similar to the matrix index. The total fees sought under those rates are summarized below:

**USAO Rates:**

| Attorney | Law School Year | Rate per Hour | Hours Billed | Total Fees Sought |
|---|---|---|---|---|
| Myrna Pérez – Deputy Director | 2003 | $417/491 | 516.5[1] | $246,689.90[2] |
| **Total** | | | 516.5 | $246,689.90 |

**Costs**

8. During this litigation, the Brennan Center incurred expenses including travel costs, professional services fees, copying costs, and courier fees, the type of out-of-pocket expenses ordinarily paid by a fee-paying client. These expenses are recorded in the Brennan Center's accounting system. During the entirety of this matter, Brennan Center staff incurred a

---

[1] Following discussions with Defendants, we made adjustments to the hours billed, including: deducting time related to applications for court admissions and media and communications work, as well as deducting time claimed for travel.

[2] The dollar amount claimed by the Brennan Center is higher compared to the amount claimed in the initial Pérez declaration filed on April 11, 2019 (Doc. No. 1145.8), even though the number of hours claimed is lower, due to a computational error in the initial declaration. In both the initial declaration and in this declaration, I correctly identified $491/hour as the rate to be applied to a portion of my hours billed and excluded. The Brennan Center, however, mistakenly applied a lower rate in computing the fees sought (and the fees excluded) in the initial declaration. That error has been corrected here.

4

total of $51,405.95 in costs and expenses.[3] Attached to this Declaration as Attachment B is an itemized list of these costs and expenses.[4]

**Exercise of Billing Judgment**

9.      In the exercise of "billing judgment," *see Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983), the hours claimed by Brennan Center staff in this matter exclude certain hours expended in relation to this matter from the lodestar request in order to obviate any question that the time claimed in Attachment A is reasonable. Attachment A thus excludes the majority of time Brennan Center staff recorded on this matter – including 349.8 hours of my own time. The time of several other Brennan Center attorneys has been excluded entirely, including 99.7 hours for Mr. Agraharkar, 7.9 hours for Ms. Clark, and 115.5 hours for Mr. Feldman. In total, the time recorded but excluded from Attachment A, and thus not sought in this matter, amounts to $243,762.00 in attorneys' fees. The total fees not sought in this matter, according to USAO rates, are summarized below:

**USAO Rates (Time not charged):**

| Attorney | Law School Year | Rate per Hour | Hours Not Charged | Total Excluded |
|---|---|---|---|---|
| Myrna Pérez – Deputy Director, Democracy Program | 2003 | $417/$491 | 349.8 | $166,497.80 |
| Vishal Agraharkar – Counsel | 2010 | $340/$351 | 99.7 | $34,037.70 |
| Jennifer Clark – Counsel | 2011 | $340 | 7.9 | $2,686.00 |
| Maximillian Feldman – Counsel | 2013 | $351 | 115.5 | $40,540.50 |
| **Total Excluded** | | | 572.9 | $243,762.00 |

---

[3] Compared to the initial Pérez declaration, the Brennan Center has adjusted downward the total amount of costs and expenses sought, and revised the itemized list of costs and expenses, based on its investigation into the receipts and invoices connected with those costs and expenses.

[4] Also attached to this Declaration are receipts and other documentation reflecting costs and expenses incurred by the Brennan Center during this litigation.

5

**Reasonableness of time expended and overall lodestar request**

10. The overall lodestar request is in my judgment wholly reasonable and necessary in light of the actual work performed in litigating the case, including the results obtained; the importance of this case to the voting rights of the Plaintiffs; the significant voting rights issues involved; and the overall time demands of the litigation. I actively supervised the allocation and division of work within the Brennan Center among the attorneys that worked on this matter from 2013 through the issuance of the remedial order and subsequent filings. I also sought to ensure an efficient distribution of labor and minimal duplication of work or effort.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

_____
Myrna Pérez
Attorney for the TX NAACP and MALC