IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> RICK PERRY, *et al.*, <br><br> Defendants. | Civil Action No. 2:13-cv-193 (NGR) <br> (Consolidated Action) |

### DECLARATION OF JOSE GARZA IN SUPPORT OF REQUEST FOR ATTORNEY'S FEES

**Background and Prevailing Party**

1.  I am co-counsel for Plaintiff, the Mexican American Legislative Caucus (MALC), in the above-styled matter. My resume is attached hereto. I am presenting this declaration in support of Plaintiffs' Motion for Attorney's Fees and Costs. Plaintiffs are prevailing parties in this action and are entitled to attorney's fees and costs as authorized by the Voting Rights Act, 52 U.S.C. § 10310(e), as amended 2006. Specifically, Plaintiffs and their attorneys, including Jose Garza, presented pleadings, evidence and argument to this and other Courts, challenging the 2011 voter photo ID provisions (commonly referred to as S.B. 14) enacted by the State of Texas. Ultimately the challenged enactment was enjoined and a remedy imposed because of violations of Section 2 of the Voting Rights Act, found by this Court and affirmed by the *en banc* Fifth Circuit.

A review of Plaintiffs' pleadings, attachments and argument on this cause together with this Court's orders, including orders regarding the interim relief as well as final judgment demonstrate Plaintiffs' position as prevailing party in this action.

**Time**

1

2.      My time in this case was kept contemporaneously with the work performed and usually recorded on a daily basis. During the course of this litigation and for the time period ending January 31, 2019, I devoted a total of more than 100 hours to assist with the preparation and prosecution of this action, including participating in the trial of this action. In the exercise of billing judgment, I am discounting or not billing for portions of my time, as noted in the time keeping exhibit attached hereto (27 hours). Such discount is meant to account for any potential duplication of time with my co-counsel and to account for possible development of unrelated or unnecessary legal or factual issues. In addition, I have discounted an additional 8.5% of my time. Therefore, I am requesting compensation for a total of 82.9 hours spent on the case. (117.6 – 27 = 90.6 – 7.7 = 82.9 hrs.) (90.6 x .085 = 7.7)  I have attached the time records that I maintained in this action.

3.      There was no unnecessary duplication of efforts.  My co-counsel on this case and I carefully coordinated our efforts so as to avoid unnecessary duplication. We carefully divided tasks and witness and exhibit development in a similar fashion and any overlap was minimal and necessary to avoid errors. Moreover, we consulted with each other in order to better coordinate the development of the case. The amount of time expended in this case was necessary because it presented several difficult questions of fact and law, as well as unsettled issues. Time spent in the days leading to the filing of this action were also necessary to protect MALC's interests and to properly prepare for what was expected to be a quick progression to trial. Yet, the bulk of Plaintiffs' counsel's time in this cause was in the presentation of this case in this Court.

The time spent on this case represents the minimum hours necessary for an adequate preparation of pleadings, exhibits, and presentation to the court. Because of my forty-one years of experience in Voting Rights cases, I did not spend any unnecessary time on issues and evidence developed in this case, and I did not spend time on matters that were not relevant to the prosecution of this action. Although, some of the time I spent on this issue was for participating in the court case in Washington D.C., dealing with the Section 5 proceedings on the challenged legislation, such time is not billed in this case. However, some of the trial and discovery records produced in the D.C. litigation was reviewed in preparation for the presentation of evidence here. The Section 5

2

preclearance process was relevant to the preparation of this case for obvious reasons. Similar factual records and arguments were part of the D.C. proceedings.

**Market Rate**

4. I have been a member of the Texas Bar for over 40 years. I am also a member of numerous federal court bars across the country. Throughout my career, my practice has focused on federal voting rights litigation. I have attached my resume as Attachment No. 1 to this declaration. In addition, the State of Texas stipulated that in 2001 the prevailing market rate for my time on voting rights cases was $325.00 per hour. Eleven years, in 2012 fees expert, Mr. Rick Gray testified and in recent fees awards, the Courts have determined that my prevailing market rate was $425.00 per hour, in less complicated and more limited Section 5 enforcement actions. *See Vasquez-Lopez v. Medina County, Texas* 11-cv-945, W.D. Tex., San Antonio Division, 2012; *Petteway et al., v. Galveston County,* 11-cv-511, S.D. Tex., Galveston Division, 2012. For this case, Plaintiffs ask that the Court adopt the USAO attorney's fees matrix, for 2015-2019 in light of recent fee awards in the Southern District of Texas, which are similar to the matrix index. Based on this matrix I am asking to be compensated at a rate of $613.00 per hour.[1] Based on my knowledge of the prevailing market rates, and my experience with court awards in voting rights cases, I believe that my current rate for a case such as this case is $613.00. This rate is supported by the expert opinion of Bill Edwards in his declaration filed with this motion. Therefore, Plaintiff requests a rate of $613.00 per hour for Mr. Garza's time in this action.

5. In addition, I have known Ezra Rosenberg for almost ten years. I have had the opportunity to litigate this case with Mr. Rosenberg, as my co-counsel, making me familiar with the high quality of his work. I am also familiar with Mr. Rosenberg's reputation in the legal community and know that he is both a skilled and a respected member of the bar. In addition, through this litigation

3

I became familiar with the skills and quality of work of other Lawyers' Committee attorneys Brendan Downes and Jon Greenbaum. Both of these lawyers are very skilled and produce a high quality of work. Further, I have had the opportunity to work with Mark Posner and Robert Kengle, during their time at the Department of Justice before they worked for the Lawyers' Committee, for almost 35 years and Martin Golando, for over 10 years making me familiar with the high quality of their work as well. In fact Mr. Posner and Mr. Kengle are highly respected experts in Voting Rights law.

**Lodestar**

6. In determining the Lodestar a court should usually consider the actual hours devoted to the case and the market hourly rate for the lawyer in question. I have devoted over 82.9 hours to the successful prosecution of this cause and am requesting compensation for those hours. The prevailing market rate commensurate with the matrix of the USAO of $613.00 per hour for someone of my experience in this case is reasonable. Therefore, the lodestar requested in this case for Jose Garza is $50,817.70 (82.9 hrs. x $613.00 = $50,817.70).

7. *Preclusion of Other Employment*. My work in this litigation restricted the time available for pursuit of other litigation during the period of activity in this case. Because of the extensive work required in a time-compressed period of time, I was unable to accept and work on other cases.

8. *Time Limitation Imposed by Circumstances*. The time limitations in this case were imposed by pending election schedules and by the failure of the State Defendants to comply with the provisions of the Voting Rights Act in a timely manner.

9. *Undesirability of the Case*. This case was filed pursuant to the Voting Rights Act, 52 U.S.C. § 10301. This case was very undesirable because the expedited election schedule and multiple forums placed unusual time constraints on the development and preparation of the case

and because of the specialized nature of the actions. Moreover, the case required significant time and resources to properly prosecute, and recovery of a fee and expenses was contingent on success. Finally, even though success is now insured, recovering a reasonable fee is still remote in time. Working on a case of a contingent nature for over two years, without a reasonable fee thus also makes this case undesirable.

10. *Experience and Expertise.* My experience has included participation in federal litigation, extensive advocacy in state and federal administrative hearings, and preparation of pleadings, briefs and evidence for cases in both state and federal courts. I am or have been counsel in numerous voting rights cases including the following challenges under the Fourteenth Amendment and the Voting Rights Act: *Alonzo v. Jones*, C-81-277 (S.D. Tex. 1981)[Lead counsel in a successful action challenging the at-large election system for the City of Corpus Christi, Texas under the newly amended Voting Rights Act.]; *Comm. Court of Medina County v. United States*, 719 F. 2nd 1179 (D.C. 1983)[Lead counsel representing minority defendant-interveners opposing Medina County's gerrymander redistricting plan in a preclearance action under Section 5 of the Voting Rights Act. Successfully overturned District Court's failure to award attorneys' fees.]; *Lockhart v. United States*, 102 S. Ct. 988 (1983)[Lead counsel representing minority defendant-interveners opposing City of Lockhart's preclearance proceedings before the United States District Court for the District of Columbia and arguing counsel before the United States Supreme Court.]; *Terrazas v. Clements*, 537 F. Supp. 514 (N.D. Tex. 1982)[Co-counsel in successful challenge to States redistricting plans for Bexar and El Paso Counties.]; *Gomez v. City of Watsonville*, 863 F. 2nd 1407 (9th Cir. 1988)[Co-counsel in successful challenge to the at-large election system for the City of Watsonville, California.]; *Overton and Calderon v. City of Austin*, 871 F. 2nd 529 (5th Cir. 1989)[Lead counsel for Mexican American plaintiffs in challenge to at-large election system for the City of Austin.]; *Sanchez v. Bond*, 875 F. 2nd 1488 (10th Cir. 1989)[Lead counsel in challenge to the election structure for Saguache County, Colorado Commissioners.]; *Mena v. Richards*, C-454-91-F (332nd Judicial District, Hidalgo County, Texas, 1992)[Co-counsel in successful

challenge to the 1991 redistricting plans for the Texas House of Representatives and Texas Senate.]; *LULAC v. NEISD*, 903 F. Supp. 1071 (W. D. Tex. 1995)[Co-counsel in successful challenge to election system for Trustees of the North East I.S.D.]; *LULAC v. State of Texas*, 113 F. 3rd 53 (5th Cir. 1998)[Lead counsel in successful challenge of a State election change under Section 5 of the Voting Rights Act.]; *Perez v. Pasadena I.S.D.*, 165 F. 3rd 368 (5th Cir. 1999)[Co-counsel in challenge to the at-large election system for Trustees of the Pasadena I.S.D.]; *Valdespino v. Alamo Heights I.S.D.*, 168 F. 3rd 848 (5th Cir. 1999)[Lead counsel in challenge to at-large election system for Trustees of the Alamo Heights I.S.D.] and of course in this case, including argument before the United States Supreme Court in (*Perry v. Perez*, 132 S.Ct. 934 (2012) [Lead counsel for appellee]) and numerous others. Also, in an article published by Texas Lawyer, a respected professional legal trade magazine, I was named one of twenty-five extra-ordinary minority lawyers in Texas in 2009. Finally, I was named Appellate Lawyer of the week by the National Law Review after my oral argument before the United States Supreme Court in *Perry v. Perez*.

11. I have provided advice and direction to other private attorneys in at-large election challenges, Section 5 enforcement actions, and gerrymandering election challenges, as well as to various legal agencies in Texas. I have also testified before a Congressional subcommittee on the renewal of the Voting Rights Act. I have also been an adjunct professor at the University of Texas, School of Law and at St. Mary's University, School of Law where I taught a seminar course on Voting Rights.

12. It is my opinion, based on my experience, on awards made for my services in similar cases several years ago and upon inquiring of other lawyers, that the prevailing market rate for an attorney of over forty years of experience, trying a case in his/her area of specialization, in a difficult and complicated civil rights case is between $600 and $800 per hour.

13. *Results Obtained and other Enhancement Factors.* The results obtained in this case were precisely what the Plaintiffs requested as an appropriate remedy, injunctive relief, remedies to violations of Section 2 and Section 5 of the Voting Rights Act.

**Costs**

14. The MALC expenses claimed in this motion are actual expenses made to properly and successfully prosecute this action. They include expenses for necessary travel, and lodging at trial. The unreimbursed expenses for the MALC in this case were $2,016.04[1].

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

                                                /s/_____
                                                Jose Garza
                                                Attorney for Plaintiff MALC

---

[1] Lodging and meals for MALC counsel Jose Garza (four nights), Michael Moran (three nights) and Martin Golando (four nights), MALC witness Trey Martinez Fischer (one night) and MALC staffer Lindsey Rodriguez (one night).