IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARC VEASEY, *et al*, | § | |
|   Plaintiffs, | § | |
| | § | |
| Vs. | § | Civil Action No. 2:13cv193-NGR |
| | § | |
| GREG ABBOTT, *et al*, | § | |
|   Defendants. | § | |

### REVISED DECLARATION OF ROBERT NOTZON

I, Robert Notzon, hereby declare as follows:

1. I am the owner of The Law Office of Robert S. Notzon and co-counsel for Plaintiff-Intervenor-Appellees Texas NAACP, (hereafter "Texas NAACP Intervenor") in the above-captioned case. The testimony set forth in this Declaration is based on first-hand knowledge, about which I could and would testify competently in open court. This Declaration is submitted in support of Plaintiffs' Motion for Attorneys' Fees.

2. I became involved in this litigation in 2013 along with counsel from the National NAACP and other experienced Voting Rights and Trial counsel to represent the Texas NAACP Intervenors. After the district court found in favor of the plaintiffs in this case and all appeal rights were exhausted, the Plaintiff Intervenors, including the Texas NAACP Intervenors whom I represent have filed a motion for attorneys' fees and expenses in this case.

3. I am the Legal Redress Committee Chairman for the Texas State Conference of NAACP Branches and have been since 2000. I have worked with the NAACP since my first year of law school in the summer of 1994. I have been a solo practice attorney since graduating from the University of Texas School of Law in 1996; over 22 years. I am licensed to practice in five federal district courts, two appellate courts, and the Supreme Court of the United States. The primary focus of my practice is plaintiff's employment law, however, I have represented the NAACP in each of its voting rights cases against the State of Texas since 2001, which amount to over six separate actions. As the Texas NAACP Intervenors retained counsel that are experts in this area of law, I agreed that they should take the primary responsibility for handling the litigation in this case, though I maintained an active presence behind the scenes ensuring that our client was accurately represented and supported by providing detailed information regarding the factual and organizational bases of our claims as well as interfacing with lead counsel on strategic, discovery, and drafting duties. As a result, although I spent substantial hours working on the case, I have only sought recovery for the reasonable and necessary amount of work that I performed that added to and supported our lead counsel in order to provide input and/or make intelligent decisions about whether and what alterations were needed.

4. I am attaching a copy of my Resume as Exhibit 1.

5. Attached hereto as Exhibit 2 are time records for this litigation detailing the time for which I spent and more particularly for the time for which I am seeking compensation having exercised sound billing judgment as described above.

6. Daily time records were not always kept in this matter by me. However, I have independent recollection and documentation of my participation as documented in the attached to confirm a number of the actions described.

7. I request payment for forty-two point three (42.3) hours out of one hundred forty-seven point fifteen (147.15) for this litigation.

8. I normally charge for my attorney's fees on the basis of hourly rates. The lodestar calculation is made based upon reasonable hourly rates for all current attorneys. The current reasonable rate for an attorney of my years of experience in this area is between $544.00 and $572.00 per hour.

9. Applying these rates to the forty point eight-five (40.85) hours worked by Notzon amounts to a fee of $22,236.40.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and that this Amended Declaration was prepared in Austin, Travis County, Texas on July 8, 2019.

/s/ Robert Notzon
Robert Notzon