IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

MARC VEASEY, *et al.*,
        *Plaintiffs*,

v.

GREG ABBOTT, *et al.*,
        *Defendants*.

Civil Action No. 2:13-cv-193 (NGR)
(Consolidated Action)

## DECLARATION OF DANIEL G. COVICH
## IN SUPPORT OF REQUEST FOR ATTORNEY'S FEES

I, Daniel G. Covich, hereby declare as follows:

1. I was co-counsel/local counsel for Plaintiff, Texas State Conference of NAACP Branches ("Texas NAACP"), in the above-captioned case. The testimony set forth in this Declaration is based on first-hand knowledge, about which I could and would testify competently in open court. This Declaration is submitted in support of Plaintiffs' Motion for Attorney's Fees. Plaintiffs are prevailing parties in this action and are entitled to attorney's fees and costs as authorized by the Voting Rights Act, 42 U.S.C. §19731(e) as amended 2006.

2. I closed my solo law firm the year after the bench trial in this matter and later encountered a number of personal challenges, including attending to my

mother who has Alzheimer's and grieving the death of my mother-in-law. Accordingly, my energies were focused on the well-being of my family which affected my ability to submit a timely motion for fees in this matter.

3.    I became involved in this litigation in 2013 along with counsel from the National NAACP and other experienced Voting Rights and Trial counsel to represent Texas NAACP.

4.    At all times relevant, I was Co-Chair of the Texas NAACP Legal Redress Committee, and worked for and with the NAACP on other legal matters and cases including but not limited to civil rights matters and institutional class actions involving lenders in the minority mortgage industry.  There were expert counsel in the area of Voting Rights so I deferred to them to take the lead role but believe that I played an important role in helping to advance Plaintiffs' interests, and in reporting to local officials of the Texas NAACP. Attachment No. 1 is my resume.

5.    I am requesting compensation for a total of 40.00 hours spent on the case.  I have attached the time records maintained in this action.  See Attachment No. 2.

6.    Daily time records were not always kept in this matter.  However, I have independent recollection of receiving and reviewing motions, pleadings, or briefs in this matter, participating in real time conversations and strategy

meetings with lead and co-counsel in this matter both before and during the trial phase of this matter.  I worked closely, on a daily basis, with attorney Gary Bledsoe on this matter.

7.    The lodestar calculation is made based upon reasonable hourly rates for all current attorneys.  For this case, Plaintiffs ask that the Court to adopt the USAO attorney's fees matrix, for 2015-2019 in light of recent fee awards in the Southern District of Texas, which are similar to the matrix index. In accordance with that index, I am requesting a rate of $572 per hour for the billable time of 40 hours in this matter.  My actual time in this matter is much higher than the 40 hours requested.

8.    Applying these rates to the hours expended, the total fees sought by Daniel G. Covich is $22,880 for the hours for which payment is sought.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and that this Declaration was prepared in Corpus Christi, Nueces County, Texas on September 16, 2019.

/s/Daniel G. Covich
Daniel G. Covich

4