**TAYLOR EXHIBIT A**

**GARZA DECLARATION**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

|  |  |
|---|---|
| MARC VEASEY, *et al.*,<br><br>             Plaintiffs,<br><br>        v.<br><br>RICK PERRY, *et al.*,<br><br>             Defendants. | Civil Action No. 2:13-cv-193 (NGR)<br>(Consolidated Action) |

<u>**Reply Declaration of Jose Garza**</u>

I, Jose Garza, submit this Reply Declaration, in accordance with 28 U.S.C. 1746.

1.      In our original declarations Taylor counsel requested compensation for 1778.7 hours devoted to the case. See Dkt 1144 pp. 5-6. This requested represented a substantial reduction of hours, representing about 28% of the total requested. Thus, the Taylor Plaintiffs' fee application has already been reduced by over $600,000 precisely because counsel has already exercised billing judgment to account for possible duplication, possible excessive billing etc. For instance, I requested compensation for 472.9 hours spent on the case, while writing off 317 hours in the exercise of billing judgment. (total hours devoted to the cause was 789.9, a reduction of over 40% of my time). In addition, as reflected in the original Motion, Taylor Plaintiffs' did not bill at all for time devoted to the case by several other lawyers and paralegals who assisted in the development of the evidence and records and exhibits. Defendants have proposed additional major reductions, summarized in their Memorandum, pages 93-94, and itemized in their Exhibits E-1 through E-8. I believe the vast majority of these hours are compensable. This Reply Declaration challenges the most clearly unjustifiable of Defendants' proposed cuts.

2.      Based on our challenges of clearly unjustified cuts, which are spelled out below, and in our

supplemental brief, I believe the maximum justifiable cuts under Defendants' theories would result in a reasonable fee of **$985,688.60** for the Taylor Plaintiffs. In addition, our requested reasonable rates of $613.00/hour, $544.00/hour and $572.00/hr are reasonable and should form the basis of the lodestar in this case.

3.      The cuts we challenge are in the following Defendants' categories:  Travel (Def. Ex. E-1), Attorney's fees (Def. Ex. E-5); Clerical (Def. E-2), Duplicative (Def. Ex. E-3), Business Development (Def's Ex. E-8), Excessive (Def. Ex. E-4), Non-Compensable (Def. Exh. E-5), and Block-Vague Billing (Def. Ex. E-6 and E-7).

4.      <u>Travel, Def. Ex. E-1.</u>  Defendants propose to cut 131.3hrs from Taylor fee request representing travel hours. (26.8 of Doggett travel time; 59.7 of Garza travel time; and 44.8 hrs. of Van Dalen travel time). Yet, the exhibit clearly shows that not only the travel time documented but also other activity claimed in the noted time entries, such as meetings with experts and clients, reviewing discovery with clients, reviewing possible trial testimony etc. are also included in the proposed reductions.   (See e.g. Def. E-1, p. 2 Jose Garza entries for 11-22-13 (meeting with experts), 2-6-14 (confer with expert regarding discovery material, prepare potential witness), 9-5-14 (trial). Moreover, the Taylor fee application has already reduced a substantial number of travel time by the no bill entries on their daily time record entries. By our calculations over 212 hours of the no bill entries on our initial fee application were for travel time. Since the Defendants failed to filter out non travel time in their requested reduction and since the Taylor Plaintiffs' fee application already has reduced 212 hours, no additional reduction for travel should be made.

5.      <u>Attorney's Fees.</u> Defendants proposed cuts of hours (42.1) and rates is more fully addressed the brief in reply to Defendants' Response. It is important to note that many of the hours sought to be reduced on this issue involved a scrutiny of the time entries to reduce the hours claimed. See

Def's Exhibit E-5. There should be no reduction in the amount or rate of compensation for work on the fee application.

6. <u>Clerical, Def. Ex. E-2.</u> Defendants propose to cut 25.8 hours described as clerical. However, as with their argument on travel time reductions, the Defendants seek to reduce time entries that include more than potential clerical activities. For example the entries Defendants seek to eliminate include deposition preparation and reviewing trial transcripts in Jose Garza's entries. (See Def. Exh. E-2, p. 001. First, the Court should more accurately evaluate the time claimed as clerical to properly reflect the actual clerical work engaged. No more than 13.5 hours should be designated as such and as described in Taylor's Reply Brief, these hours should not be reduced but rather compensated at a paralegal rate of $125 per hour.

7. <u>Duplicative, Def. Ex. E-3.</u> Defendants propose to cut 86.5 hours as "Duplicative,", but many of Defendants' proposed cuts simply are not duplicative activities. For instance, discussions with Mr. Rosenberg and Ms. van Dalen are not duplicative simply because it involved more than one lawyer. It is important to have case management discussions in multi-party litigation exactly to avoid duplication and to coordinate presentations. Moreover, as noted above, Taylor Plaintiffs' initial fee request includes a substantial billing judgment reduction exactly to account for possible duplication. No further reduction for duplication should be made.

8. <u>Business Development, Def. Exh E-8.</u> Defendants propose to cut 29.1 hours of what is referenced as "business development". As detained in our Reply brief, these time entries are not business development for Texas RioGrande Legal Aid, but rather important communications with our clients, fact development and investigation and other legitimate litigation activities. These activities generally should not be reduced. The entry for Mr. Doggett challenged by the Defendants may in fact too general to determine how it was relevant to the development of our client case and

should be reduced. A proper reduction here is 2 hours.

5.      Excessive, Def. Exh. E-4:  Defendants propose to cut 46.5 hours, but this includes a day of actual trial time where I claimed 9 hours for trial, (September 3, 2014). I also spent 2 hours preparing witnesses that day and coordinating with counsel for the next day of trial. Defendants seek to reduce the full entry for that day of 12 hours. Although Defendants' Exhibit F suggests the trial time for that day was 8 hours and 11 minutes, therefore a more reasonable suggested reduction would be no more than 50 minutes. (9hrs claimed v. 8hrs 11min. from Exh. F) but certainly not 12 hours. Moreover, as a lead counsel for the Taylor team, I was present and participated during the first week of trial, including examining and cross-examining witnesses. But I also assisted with the preparation of witnesses, reviewed discovery, did legal research, attend court hearings, etc. Many of the entries described in Exh D-4 involve such activities and were done within the time required to accomplish those tasks. The time claimed is not excessive. My presence at trial and at hearings was also important for later work on drafting post-trial Findings and Conclusions and helping prepare the closing argument.  Finally, as noted previously, the Taylor Plaintiff fee application has already discounted a significant amount of time and no further reductions on this issues should be made.

6.      Block Billing and Vague Billing, Def. Ex. D-6 and D-7:  Defendants propose to cut 355.74 hours in these related categories.[1]  They do this by applying a 20% reduction, but that percentage is applied to all of our time even though Defendants' Ex. E-6 and E-7 identify Block or Vague Billing on only 10.5 hrs of my 472.9 hrs claimed, 1.2 hrs of Mr. Doggetts time entries and 8.4hrs of Ms. van Dolen's entries.   While there are cases supporting a 20% reduction for block or vague

---

[1] For this category, Defendants' Memorandum, at page 94, states the proposed cut for Block and Vague Billing as a percentage of my overall time claim (20%), which amounts to 355.74 hours.

billing, no cases support applying this figure to the entire time spent on a case except where block or vague billing infects the entire claim (which is not the case here).  Applying that 20% cut to all the hours of our time is unreasonable. The time identified by Defendants as Block or Vague Billing would cut 20.1 hours. A more appropriate total for cuts for Black and Vague billing should be at most 20.1 hours.

7.      Based on the above, Defendants' cuts should be calculated as follows:

| Category | Def. prop cut | Correct Cut |
|---|---|---|
| Travel, Def. Exh. E-1 | 131.3 | 0 |
| Attorney's Fees | 42.1 | 0 |
| Clerical, Def. Exh. E- 2 | 25.8 | 20.8hrs.@$125.00 |
| Duplicative, Def. Exh. E-3 | 86.5 | 0 |
| Excessive, Def. Ex. E-4 | 46.5 | 0 |
| Vague and Block, Def. Ex. E-6, E-7 | 355.74 | 20.1 |
| Other Defendant cuts, Def. Ex. E-5, E-8 | | 2 |
| Total to reduce | | |

8.      I therefore request an award of attorneys' fee of **$985,688.60** for the Taylor Plaintiffs.

Market Rate

9.      Our expert, Mr. Bill Edwards and I have both testified that a prevailing market rate of $613.00 per hour, for someone of my background and experience, in this case is reasonable. The Taylor Plaintiffs adopt and rely on the prevailing party argument and authority in the common brief of the Private Plaintiffs. But in addition, as Mr. Edwards has testified, the expertise required to successfully prosecute a Voting Rights Act case such as this, requires some unique experience and expertise. In my estimation in the San Antonio Division of the Western District of Texas there are perhaps four lawyers with that kind of unique experience and background to prosecute a complicated Voting Rights Act case such as this case.

**Costs**

The TRLA advanced all of the costs and expenses made to properly and effectively prosecute this action. The Taylor Plaintiffs therefore request an award for all costs devoted to

this case, as amended and modified in Taylor Plaintiffs Supplemental Reply Brief in Support of Motion for Attorneys' Fees. These costs include filing fees, service costs, travel associated with development of the evidence, communicating and preparing our clients, as the litigation commence and progressed. Travel associated with the preparation for and presentation of trial, discovery expenses and expert witnesses are legitimate and should be compensated, especially when, as here, other activities were being done during the travel. These were necessary to the proper presentation of our clients' claims in this case. These expenses totaled **$40,094.35** and are evidenced in Exhibits B-G of the Taylor Plaintiffs' Supplemental Brief in Support of Motion for Attorneys' Fees and Costs which are documentation of those expenses as listed in our brief and which are kept in the normal course of business at Texas RioGrande Legal Aid

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

__/s/ Jose Garza_____ _____
Jose Garza