# Exhibit 1

# Ezra Rosenberg

| | |
|---|---|
| **From:** | Rosenberg, Ezra |
| **Sent:** | Tuesday, April 8, 2014 12:11 PM |
| **To:** | Scott, John |
| **Cc:** | Clay, Reed; Whitley, David; Wilson, Anne; Elizabeth S. Westfall Esq.; EXT Mark Posner; EXT Myrna Perez; EXT Gerry Hebert; EXT Chad Dunn; EXT Neil Baron; EXT Ryan Haygood; EXT Natasha Korgaonkar; EXT Kelly Dunbar; EXT Jose Garza; EXT mvandalen; EXT Rolando L. Rios |
| **Subject:** | Re: Suggestions as to schedule and other matters from non-DOJ plaintiffs and plaintiff-intervenors |

Thanks, John. The problem with Monday, particularly in the afternoon, is that we're going to have to file something with the court on our position (or, hopefully, a joint position), and we don't want to dump it on the court too late. Another alternative is to see if we can talk late Thursday. A third alternative would be for us to go ahead and file something, either before or after we talk on Monday, and, if we're lucky enough to reach agreement or narrow the issues, then we can so advise the court. Otherwise, we can deal with our differences at Wednesday's call with the court.

Sent from my iPad

On Apr 8, 2014, at 12:03 PM, "Scott, John" <john.scott@texasattorneygeneral.gov> wrote:

> Ezra-
>
> We have reached out to the Gipson, Zgabay, and Ingram. I am awaiting those responses and will relay that information to you once received.
>
> Friday will not work for me but I am available Monday after 2 CDT to visit.
>
> John
>
> **From:** Rosenberg, Ezra [mailto:ezra.rosenberg@dechert.com]
> **Sent:** Tuesday, April 08, 2014 10:05 AM
> **To:** Scott, John
> **Cc:** Whitley, David; Westfall, Elizabeth (CRT); EXT Gerry Hebert; EXT Chad Dunn; EXT Neil Baron; EXT Mark Posner; EXT Myrna Perez; EXT Ryan Haygood; EXT Natasha Korgaonkar; EXT Kelly Dunbar; EXT Jose Garza; EXT mvandalen; EXT Rolando L. Rios
> **Subject:** FW: Suggestions as to schedule and other matters from non-DOJ plaintiffs and plaintiff-intervenors
>
> Hi, John. A couple of things:
> 1. Could you please get back to me on whether those dates for Gipson and Zgabay work?
> 2. We've coordinated with DOJ, and we are proposing April 22 or 23 for Ingram's deposition. Can you confirm one of those days.
> 3. Are you available for a call on Friday morning, say, at 10 CT, to discuss the trial protocol issues in your Advisory and my email below?
> Thanks. - Ezra
>
> **From:** Rosenberg, Ezra
> **Sent:** Friday, April 04, 2014 12:30 PM

1

**To:** John Scott; David Whitley; Reed Clay; Meredith Bell-Platts; Elizabeth S. Westfall Esq.; Daniel Freeman; Jennifer Maranzano; Anna Baldwin; EXT Mark Posner; EXT Myrna Perez; EXT Gerry Hebert; EXT Chad Dunn; EXT Neil Baron; EXT Ryan Haygood; EXT Natasha Korgaonkar; EXT Kelly Dunbar; EXT Rolando L. Rios; EXT Jose Garza; EXT mvandalen
**Subject:** Suggestions as to schedule and other matters from non-DOJ plaintiffs and plaintiff-intervenors

John – As per our discussion earlier in the week, we are setting forth the positions and suggestions of the non-DOJ plaintiffs and plaintiff-intervenors on the outstanding scheduling issues:

Fact discovery – We believe that the extension to June 27 for the conclusion of fact discovery is reasonable, given the importance of the issues in this case and the amount of discovery remaining. (We note that, if this extension is granted, and (as noted below) Court and parties agree that all depositions may be admitted as if live testimony, then there would not be the need for the additional time for de bene esse depositions in August, thus lessening the burden on the parties when expert depositions will be occurring.)

"Back end" schedule – We propose the following so as to relieve the burden on the Court and parties in the pretrial period:

>   a. All Daubert and in limine motions are preserved until trial, with no need for briefing unless court requests or allows same. (The parties may indicate their intention to file Daubert motions and to make evidentiary objections in their pretrial memoranda.)
>   b. Generally, dispositive motions (including those addressed to standing) may be filed at any time up until 10 days after close of factual discovery. However, dispositive motions that rely on expert testimony are preserved through trial.

You have also solicited our proposal as to trial protocol, and have indicated that you would provide us with yours. Our proposal is fairly simple:

>   a. Trial to begin on September 2 and conclude on September 19.
>   b. Plaintiffs and defendants, respectively, each have 45 hours of trial time to share, which includes openings (not mandatory to open), closings, directs, crosses, and arguments. Plaintiffs will allocate their 45 hours among themselves, and are free to "give" time to each other as the trial progresses.
>   c. Parties are permitted, but not required, to introduce into evidence depositions in lieu of trial testimony (including all non-expert depositions and trial testimony from the Section 5 case), with all rights to object to specific questions and answers (with the exception of hearsay objection to the use of the deposition at trial) reserved.
>   d. Parties are permitted, but not required, to submit an expert's report in lieu of direct testimony, with or without a short oral summary of the report by the expert.

As to the 30(b)(6) depositions, for starters, we would propose that the deposition of Ms. Gipson occur on April 15, 17, or 18; and that the deposition of Ms. Zgabay occur on either April 15, 16, 17 or 18. Because we do not anticipate that either of these depositions will consume more than a half day, we can schedule them on the same day. They can occur at Dechert's Austin offices, if that is convenient. We maintain our position that the depositions of these witnesses are not subject to a cumulative total of 7.0 hours, but, rather, that each deposition is subject to the 7.0 hour rule. Again, we do not anticipate most, if any, of them taking the full 7.0 hours. We also

maintain our position that the 30(b)(6) depositions of the DPS witnesses are deemed to be a single deposition for purposes of the 60-deposition limit. However, as plaintiffs are nowhere near the 60-deposition limit either under our reading or yours, there is no need to bother the Judge with this issue.  DOJ and we will be providing you with suggested dates for the remaining witnesses.

We understand that you will be sending us your position these issues.  Thanks. -- Ezra

Sent from my iPad

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.