# Exhibit 4

# Ezra Rosenberg

| | |
|---|---|
| **From:** | Rosenberg, Ezra |
| **Sent:** | Friday, August 29, 2014 2:11 PM |
| **To:** | Brandy_Cortez@txs.uscourts.gov |
| **Cc:** | Richard.Dellheim@usdoj.gov; Elizabeth.Westfall@usdoj.gov; daniel.freeman@usdoj.gov; Jennifer.Maranzano@usdoj.gov; anna.baldwin@usdoj.gov; Bruce.Gear@usdoj.gov; Ryan.King@usdoj.gov; All Corpus Christi Section 2 Case Group |
| **Subject:** | Ex Parte Submission of Witnesses for September 2 and 3 |
| **Sensitivity:** | Confidential |

Ms. Cortez: As per our discussion on the record this morning, Plaintiffs and Plaintiff-Intervenors are providing the Court ex parte with our intended witness lists for September 2 and 3. (This is our intended order of witnesses also during each day, but that may change slightly depending on when each can get to court.)

Sept. 2:
Sammi Bates (Individual voter, by video)
Calvin Carrier (Plaintiff)
Floyd Carrier (Plaintiff)
Rep. Trey Martinez-Fischer
Stephen Ansolabehere (Expert)
Cong. Marc Veasey
Michael Herron (Expert)
Ramona Bingham (Individual voter, by video)
Elizabeth Gholar (Individual voter, by video)

September 3:
Eulalio Mendez (Plaintiff)
Estela Espinoza (Plaintiff)
Yair Ghitza (Expert)
Matt Barreto (Expert)
Kristina Mora (voter assister)
Dawn White (social worker)
Buck Wood (Expert)
Gabriel Sanchez (Expert)
Leonard Taylor (Plaintiff)
Gordon Benjamin (Plaintiff)
Blake Green (League of Young Voters representative)
Phyllis Washington (Individual voter by video)

In addition, depending on whether there is time on either of the days, plaintiffs will begin to read in deposition/trial testimony depositions of the following witnesses:
Martin Golando (representative of MALC)
Linda Lydia (representative of Texas NAACP)
Yannis Banks (representative of Texas NAACP)
Juanita Cox (representative of LUPE)
Ruby Barber (Individual voter)
Jim Denton (Individual voter)
Vera Trotter (Individual voter)

1

Sen. Wendy Davis
Sen. Troy Fraser
Janice McCoy (legislative staff)
Brian Hebert (legislative staff)
Speaker Joe Straus

Please let me know if you or Judge Ramos has any questions. Thanks. - Ezra

# Ezra Rosenberg

**From:** Rosenberg, Ezra
**Sent:** Friday, August 29, 2014 4:15 PM
**To:** Brandy_Cortez@txs.uscourts.gov
**Cc:** Scott, John; Clay, Reed; Whitley, David; lindsey.wolf@texasattorneygeneral.gov; Richard.Dellheim@usdoj.gov; Elizabeth.Westfall@usdoj.gov; daniel.freeman@usdoj.gov; Jennifer.Maranzano@usdoj.gov; anna.baldwin@usdoj.gov; Bruce.Gear@usdoj.gov; Ryan.King@usdoj.gov; All Corpus Christi Section 2 Case Group
**Subject:** Agreement on exhibits and deposition designations

Hi, Brandy. The parties have conferred to figure out a way to reduce the burden on the Court concerning objections to exhibits and deposition/trial testimony designations, and also to avoid eating into the trial time with arguments on objections. To that end, the parties have agreed to the following protocol, subject of course to the Court's approval (the parties note that a similar approach has worked well in the ongoing Perez redistricting litigation).

1. The parties agree that all exhibits and deposition/trial testimony designations on any party's filed lists are admitted into evidence, with the opposing party's filed objections, except for those that are submitted to the Court for decision on Tuesday as per paragraph 3 below. The parties will confer over the weekend to narrow the list of objections to those deemed essential by the parties.
2. Any objections made in open court or filed with the court pretrial will be reviewed by the Court when it reviews the evidence, with the obligation placed on the parties to highlight to the Court in open court any objections to specific exhibits or deposition/trial testimony that the party believes are of particular importance to it.
3. The parties may raise with the Court such particular objections prior to the start of evidence on September 2 or the objection to the extent noted, shall be carried.
4. The above procedure would not apply to the deposition designations of the United States 30(b)(6) deposition or the deposition of Sen. Robert Duncan, both of which were taken this past week (which the parties will raise with the Court to the extent necessary during the second week of trial). Nor does this procedure apply to certain fact stipulations Defendants are in the process of working out with the Veasey-LULAC, Ortiz, and TLYVEF plaintiff groups, to which the parties do not anticipate objections.

Please let us know if the Court is comfortable with this approach. All of the parties join me in wishing you a great holiday weekend and thanking you for helping to shepherd us through to the trial date. -- Ezra