IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>GREG ABBOTT, *et al.*,<br><br>Defendants. | Civil Action No. 2:13-cv-193 (NGR)<br>(Consolidated Action) |

**REPLY DECLARATION OF NEIL A. STEINER IN SUPPORT OF REQUEST FOR ATTORNEYS' FEES**

**INTRODUCTION**

1. This declaration is submitted in further support of the fee application of Dechert LLP. As explained in my original submission, I am a partner at Dechert LLP and became actively involved in this litigation on behalf of Dechert in late 2014, following the retirement of my law partner, Ezra Rosenberg. During this time, I have had overall responsibility for Dechert's representation of Plaintiffs in this matter.

2. In its prior submissions, Dechert supported its fee application with detailed billing records, describing with reasonable precision the tasks performed each day on the matter and expenses paid in relation to this matter. Moreover, as explained in Dechert's prior submissions, Dechert exercised their reasonable billing judgment in cutting the majority of time recorded on this matter by their attorneys. Finally, the rates charged by Dechert are significantly below that which Dechert would charge clients. For example, Dechert requests reimbursement of only $613/hour for Ezra Rosenberg, a seasoned litigator, however, a litigation partner with his trial experience would bill a fee-paying Dechert at least $1,285 per hour (my current hourly rate, with 21 years of experience; my 2019 rate was $1,200 per hour, and our highest hourly rate for a litigation partner was $1,475 per hour in 2019 and is $1,550 per hour this year).

1

3. Nevertheless, Defendants characterize 164.4 of Dechert's hours as "Duplicative," without explaining what they are duplicative of, and 769.8 of Dechert's hours as "Excessive," without explaining why they are excessive, and never taking into account the thousands of hours already cut by Dechert in their original submissions. Further, Defendants propose a 20% across-the-board reduction for "Vague" and "Block-Billed" time, despite that the description of the tasks performed are more than adequate to provide this Court with a basis for the fee claimed.

4. In addition to the myriad examples of the arbitrariness of Defendants' characterizations of the time recorded, Defendants re-deducted time that was already deducted by Dechert from its application, double-counted many of their deductions, and made other substantive mathematical errors, resulting in deducting hundreds of thousands of dollars in error. The State also mischaracterizes expenses as unsupported despite that receipts underlying those expenses were previously provided by Dechert.

## **TIME ALREADY CUT**

5. At the outset, it is critical to highlight the extent to which Dechert excluded time it expended on this litigation from its fees application. During the course of Dechert's representation in this matter, approximately 40 different attorneys and paralegals at the firm devoted more than 5,200 hours to the successful representation of Plaintiffs. In its application, however, Dechert seeks attorneys' fees for a core group of just four attorneys. Doc. 1174-6 at 7. And, even as to these four attorneys, Dechert has substantially reduced the amount of hours for which it is seeking reimbursement, from 3,755.9 hours to 2,885.3 hours. *Id*.

6. Thus, Dechert has already reduced the total amount of time spent on this matter for which it is seeking attorneys' fees by nearly 45 percent (2,885.3 / 5,200). *Id*.

7. Nevertheless, the State proposes additional, drastic cuts to Dechert's fee request. The State insists that Plaintiffs' proposed hourly rates are inflated (a contention that we vehemently

oppose in our joint brief),[1] and suggests a series of categorical reductions, which, combined, would result in an award to Dechert of "no more than $322,294.00." Doc. 1196 at 85. Such reductions represent just 21.7% of the amount sought ($322,294.00 / $1,484,304.60).

8. The State seeks a further reduction of 1,593.7 hours of Dechert's time from the already substantially reduced 2,885.3 hours submitted by Dechert. When considered as a function of the total time Dechert spent on this matter (hours excluded from our submission + hours included), the State submits that Dechert should be compensated for just 25% of the total time it expended on this litigation (1291.6 / 5200).

## MATHEMATICAL & ACCOUNTING ERRORS

9. One of the most critical issues in the State's submission (among many) is a series of mathematical and accounting errors that lead to the deduction of fees not even sought in this case, as well as double and triple counting of the same deductions.

10. **Mathematical/Accounting Errors to "Clerical" Time**: Defendants seek to deduct 558 hours of Dechert's time that it characterizes as "Clerical" (Doc. 1196 at 84; Doc. 1196-10 at 1-16), however, most of this time was *already* voluntarily deducted by Dechert from its initial fee application and was never sought in the first place. For example, Dechert made clear in its initial application that it was not seeking reimbursement for any paralegal time. *See* Doc. 1174-6 at 8. Yet the State inexplicably seeks to deduct 362.2 hours of purported "Clerical" time attributable to Dechert's paralegal Antonella Capobianco. *See* Doc. 1196-10 at 11-16. These 362.2 hours (totaling $60,125.20) must therefore be restored to Dechert's award.

11. **Mathematical/Accounting Errors to "Duplicative" & "Excessive" Time**: Defendants next seek to deduct 164.4 hours of Dechert's time that it characterizes as "Duplicative" and 795.8 hours that it characterizes as "Excessive." Doc. 1196 at 84; Doc. 1196-11 at 6-10; Doc. 1196-12 at 1-16. First, 5.5 hours (totaling $2,927.00) were already counted as "Clerical" and cannot

---

[1] All figures in this brief are based on Plaintiffs' proposed hourly rates.

again be deducted as either Duplicative or Excessive. Second, another 116.3 hours (totaling $69,590.90) are double counted as both Duplicative and Excessive and discounted twice. *Id.*[2]

12.     **Mathematical/Accounting Errors to "Vague and Block Billing"**: Defendants propose a "Vague and Block Billing" reduction of 20% of Dechert's original total submission of $1,484,304.60. Doc. 1196 at 84-85. That proposed reduction will be discussed in more detail *infra*, but that aspect of Defendants' calculations also features a critical arithmetic error in that the percentage reduction is applied to the *total* fee request instead of to the sum remaining *after* Defendants' proposed categorical cuts are subtracted. Specifically, after subtracting $578,812.20[3] in Defendants' proposed categorical cuts from the original submission of $1,484,304.60, $905,492.40 of Dechert's submission remains. Instead of taking their proposed (and, to be discussed, unsubstantiated) additional 20% off of that reduced amount (which would total $181,098.48), Defendants take off 20% of the original *total* submission (which totals $296,860.92). This difference of $115,762.42 should be automatically restored to Dechert's award.

13.     Combined, the mathematical errors identified in Defendants' brief restore $248,405.52 to Dechert's award, even before addressing the legitimacy of the substance of Defendants' proposed deductions.

## TRAVEL

14.     As for specific categorical reductions, Defendants propose reducing the 36 hours Dechert spent on non-working travel for this matter by 50%. Doc. 1196 at 41. But as Dechert's initial submission made clear, Dechert is not seeking *any* reimbursement for travel time, *even where*

---

[2] *See* Doc. 1196-11 at 6-10 (hours labeled "Duplicative"); Doc. 1196-21 at 1-16 (hours labeled "Excessive"). All hours labeled both "Duplicative" and "Excessive," 116.3 in total, were double-counted in Defendants' summary of proposed reductions. *See* Doc. 1196 at 84-85. At Plaintiffs' proposed rates for each attorney, that results in the erroneous double-counting of $69,590.90.

[3] This figure is reached by taking Defendants' total categorical cuts figure of $711,455.10 and restoring $132,642.90 of double-counted reductions. With that fix, $578,812.20 of Defendants' proposed categorical reductions remain.

*the lawyer was actively working on this matter while in transit*. The entries challenged by the State do not reflect "non-working travel" hours, but as is evident from the entries themselves, was time spent on substantive legal work. Doc. 1196-9 at 5-6. Given Dechert's judgment in not seeking any reimbursement for travel time, no further deductions are warranted for these entries.

## **ALLEGED "CLERICAL" ENTRIES**

15. Defendants characterize 558 hours Dechert's time as "Clerical." Doc. 1196 at 84; Doc. 1196-2 at 1-16. As an initial matter, and as previously discussed, 362.2 of these hours were paralegal hours that were not even included in Dechert's fee application and another 15.5 hours have already been deducted by Dechert because they relate to pro hac vice applications or motions to withdraw. A total of 377.7 hours must therefore should be struck from the State's proposed deductions. As to the remaining 180.3 hours, it is evident from even a cursory review of these entries that the vast majority of this contested time was substantive legal work.

16. As primary coordinating counsel for discovery and all legal filings, Dechert's attorneys, and in particular Michelle Yeary and Lindsey Cohan, were responsible for centralizing control and review of documents, including various drafts of filings and discovery materials. Dechert's role in doing so greatly reduced the number of filings submitted by Private Plaintiffs by reconciling to the extent possible Plaintiffs' legal positions in order that they could speak with one voice. Specific examples highlight this:

   a. Lindsey B. Cohan, entry dated Nov. 22, 2013: "Finalize draft and file response to motion to dismiss." [3.6 hours]

   b. Lindsey B. Cohan, entry dated Feb. 24, 2014: "Incorporate additional edits received from other intervenors; proof, cite check, and finalize supplemental brief on legislative privilege; file supplemental brief on legislative privilege." [8.2 hours]

   c. Lindsey B. Cohan, entry dated Apr. 29, 2014: "Revise and file brief in opposition to motion to quash third party subpoenas." [4.5 hours]

   d. Lindsey B. Cohan, entry dated Sept. 10, 2015: "Prepare filing on behalf of

      Texas NAACP, MALC, and LDF adopting response to motion for en banc review." [1.5 hours]

  e. Lindsey B. Cohan, entry dated May 9, 2016: "Revise, finalize, and file en banc brief." [6 hours]

Doc. 1196-2 at 4-10.

  17. Moreover, as this Court is aware, nearly 75 expert and fact depositions were taken in this litigation—a discovery effort that took a tremendous amount of coordination. Dechert was responsible for ensuring efficiency in that process by issuing the majority of the depositions notices and subpoenas, and serving as the liaison with the State for all scheduling and logistical matters—a role that benefitted the State nearly as much as Private Plaintiffs. Nevertheless, in further exercise of Dechert's considerable judgment in this application, Dechert has reviewed additional entries and agrees to deduct 22.2 additional hours from its fee request.

### ALLEGED DUPLICATIVE, EXCESSIVE, VAGUE AND BLOCK-BILLED TIME

  18. The State maintains that the vast majority of Dechert's hours are "Duplicative" (164.4 hours), "Excessive" (777.8 hours), "Vague" (365.1 hours), and/or "Block billed" (942.2 hours). These entries are again plagued by Defendants double- and even triple-counting:

  a. 114.9 hours were double-counted as Clerical and already deducted;

  b. 516.2 hours were double-counted as some combination of Duplicative, Excessive, Vague and/or Block billed; and

  c. 70.9 hours were triple-counted as some combination of Duplicative, Excessive, Vague and/or Block billed.

  19. A substantial portion of the time labeled as Duplicative, Excessive, Vague, and/or Block billed was recorded by Ezra Rosenberg. For the same reasons discussed in Mr. Rosenberg's declaration, there is no merit to Defendants' proposed reductions, particularly when, as here, Dechert has already exercised considerable judgment in drastically reducing time in order to ameliorate the effects of any duplicate, excessive, or vaguely entered time.

6

## PRO HAC VICE APPLICATIONS / ATTORNEY WITHDRAWAL MOTIONS

20.     The State also argues that 15.5 hours of Dechert's time should be deducted because it was spent preparing pro hac vice applications or motions to withdraw counsel. Doc. 1196 at 60-61, 84. Dechert acknowledges that 15.5 hours of time were spent preparing these motions and were not deducted. Thus, a reduction of 15.5 hours is warranted. However, each of these 15.5 hours were double-counted and also included in Defendants' calculation of "Clerical" billing, and therefore $5,440.50 should be deducted from Defendants' proposed reductions to avoid double counting these entries when calculating Dechert's award. *See* 1196-13 at 8-9 (entries labeled "Non-Compensable"); 1196-10 at 4-10 (entries labeled "Clerical").

## LOST CLAIMS

21.     Defendants challenge 17.2 hours of Dechert's time totaling $7,314.70 as being dedicated to lost claims. Doc. 1196 at 84. The State, however, fails to itemize any of those hours in Exhibit B-7 as it claims. *See* Doc. 1196-15. Thus, it is impossible to know what, precisely, the State is objecting to here. As a result, the Court should reject Defendants' proposed lost claims cuts in full.

## MEDIA

22.     Defendants also challenge 6.8 of Dechert's time totaling $ 3,338.80 as being dedicated to media. Doc. 1196 at 67, 84.4. But nowhere does the State identify the entries to which this challenge relates. Thus, it is impossible to know what, precisely, the State is objecting to here and the Court should reject Defendants' proposed media cuts in full.

## COSTS

23.     Defendants submit that Dechert's costs, totaling $267,418.95, should be reduced by $128,275.18 for various reasons, each of which is without merit. Doc. 1196 at 96.

24.     Defendants claim that Dechert had $5,776.81 in "Extravagant and Unnecessary Expenses," but fail to provide any itemization for the proposed cuts, which itself should result in the rejection of these proposed cuts. Doc. 1196 at 96. Further, many of Defendants' proposed reductions are without merit. For instance, Defendants point to Mr. Rosenberg's stay at the W

7

Austin from April 22-24, 2014 for a total of $1,115.74, claiming there is "no indication how this relates to the case," but on April 23, 2014, Mr. Rosenberg attended the deposition of Keith Ingram, Director of Elections for the Texas Secretary of State, and a key witness in this case. Defendants claim that a $99.00 meal was charged by Mr. Rosenberg on November 7, 2013 with "no indication as to how it relates to the case," but the receipt itself contemporaneously notes that members of both the Lawyers' Committee and Brennan Center were in attendance at that lunch. Doc. 1174-10 at 12. Similarly, Defendants' claim that there is "no indication as to why" Mr. Rosenberg was present in Washington, DC from November 5-7, 2013 (Doc. 1196 at 75), but as the time records previously provided by Dechert point out, Mr. Rosenberg met with the Lawyers' Committee regarding potential experts on November 7, which is further confirmed by the aforementioned meal receipt on that day. Doc. 1174-7 at 7, 12. And while Dechert believes there is sufficient justification for the entirety of Mr. Rosenberg's Washington, DC stay, in further exercise of its judgment, Dechert agrees to reduce Mr. Rosenberg's hotel cost by one-half for this trip, resulting in a reduction of Dechert's costs in the amount of $476.10.

25. Defendants seek to deduct $20,809.86 of Dechert's expenses as "Vague Expenses" and another $33,529.76 for "Insufficient Documentation," but nowhere in its submission does it inventory these challenged expenses and it is thus impossible to determine what precisely Defendants challenge. This is all the more true given that Dechert has provided Defendants with more than 500 pages worth of receipts in support of its application and therefore it cannot determine without additional information what, if any, expenses the State claims are insufficiently documented. Defendants claim that $206.98 in "Telephone" charges were not adequately described (Doc. 1196 at 69), however, these relate to internet charges incurred by Dechert attorneys while traveling and are accounted for in the various hotel receipts previously submitted. *See, e.g.*, Doc. 1174-10 at 21 ($9.95 internet access charge); 86 ($9.95 internet access charge); 339 ($9.95 internet access charge); 342 ($14.95 internet access charge). They also claim that there was no accounting for "miscellaneous" expenses (Doc. 1196 at 69), but disregard, for example, an invoice for the amount of $665.50 for expedited transcript fees that is clearly delineated as a "Miscellaneous Business

8

Expense[]." Doc .1174-10 at 486-87.

26. Defendants also double-count appropriately invoiced items. They request a deduction in the amount of $19,121.22, including $16,836.66 for duplication charges (Doc. 1196 at 69), but then separately request a deduction in the amount of $16,836.66 for "Copying" charges (Doc. 1196 at 78-79, 96). Moreover, the State ignores that these duplication charges were documents in the hundreds of pages of documented receipts previously provided, and reflect copies made in the weeks before trial. *See, e.g.*, Doc. 1174-10 at 280 ($4,402.75 invoice dated Aug. 29, 2014); 282 ($223.62 invoice dated Sept. 3, 2014); 286 ($3,407.66 invoice dated Aug. 31, 2014); 288 ($4,601.01 invoice dated Aug. 31, 2014). As coordinating counsel, Dechert provided a set of materials to all Private Plaintiffs for use at trial to avoid additional copying costs from other Plaintiffs.

27. Defendants claim that $50,256.76 in "Research Fees" should be deducted from Dechert's costs. As set forth in Plaintiffs' motion, Pacer, Westlaw, and Lexis requests are routinely compensated in fee awards. More significantly, however, $45,000.00 of this total amount was paid to Pacific Market Research Group in conjunction with the work performed by Dechert's experts, Drs. Barreto and Sanchez. Specifically, Pacific Market Research Group was responsible for the survey of voters presented by Drs. Barreto and Sanchez and upon which the Court relied in its decision in this litigation. Receipts reflecting these payments were provided previously by Dechert in its submission, and there is no basis to exclude this amount from Dechert's award. Doc. 1174-10 at 26-27, 78-79.

## **REVISED FEES AND COSTS REQUEST**

28. In light of the limited additional accommodations to Dechert's Revised Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, Doc. 1174-2, agreed to above, Dechert revises its request of $1,484,604.60 to deduct an additional 37.7 hours hours (15.5 for a reduction in time expended regarding pro hac applications and motions to withdraw; 22.2 hours for clerical work). Dechert further agrees to reduce litigation expenses request by $476.10. These reductions result in a revised request of $1,471,108.00 plus litigation expenses totaling $266,942.85.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

/s/ Neil A. Steiner
Neil A. Steiner
Attorney for the Texas NAACP and MALC