IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>RICK PERRY, *et al.*,<br><br>    Defendants. | Civil Action No. 2:13-cv-193 (NGR)<br>(Consolidated Action) |

### Reply Declaration of Jose Garza

I, Jose Garza, submit this Reply Declaration, in accordance with 28 U.S.C. 1746.

1.  In my original declaration for the NAACP/MALC Plaintiffs I requested compensation for 82.9 hours devoted to the case. See Dkt. 1145-17. This request represented a substantial reduction of hours, representing about 30% of the total requested. For instance I requested compensation for 82.9 hours spent on the case, while writing off 34.7 hours in the exercise of billing judgment. (total hours devoted to the cause was 117.6, a reduction of over 34.7 hours of my time is about 30%) Defendants have proposed additional major reductions, summarized in their Memorandum, page 87, and itemized in their Exhibits B-1 through B-8. I believe the vast majority of these hours are compensable. This Reply Declaration challenges the most clearly unjustifiable of Defendants' proposed cuts.

2.  Based on my challenges of clearly unjustified cuts, which are spelled out below, I believe the maximum justifiable cuts under Defendants' theories is $2,119.80. At our requested reasonable rate of $613.00/hour, for my time, this means the NAACP/MALC Plaintiffs should receive $48,697.20 for my time.

3.  The cuts I specifically challenge are in the following Defendants' categories: Travel (Def.

1

Ex. B-1); Clerical (Def. B-2); Duplicative (Def. Ex. B-3); Excessive (Def. Ex. E-4); and Non-Compensable (Def. Exh. B-5).

4. <u>Travel, Def. Ex. B-1.</u> Defendants propose to cut 11.8 hrs. from my fee request representing travel hours. Yet, the exhibit clearly shows that not only the travel time documented but also other activity claimed in the noted time entries, such as meetings witnesses and clients, testimony preparation during trial by reviewing prior testimony on the same issues by the same witness, and briefing clients are also included in the proposed reductions. (See e.g. Def. B-1, p. 3 Jose Garza entries for 9-1-14 (client preparation), and 10-12-16 (confer client and its staff and discuss status of case). The total travel time documented in those entries is 5.8 hours not 11.8. Moreover, the fee application has already reduced a substantial number hours in billing judgment. In addition travel time at most should be reduced by 50% or compensated at a reduced rate, not completely eliminated. Since the Defendants failed to filter out non travel time in their requested reduction and since the I have made a 30 % fee reduction to begin with the court should at most, compensate the 5.8 hours at the half rate of $306.50 and make a reduction of $1,777.70 for travel time from my fee application request.

5. <u>Clerical, Def. Ex. B-2.</u> Defendants propose to cut 5.8 hours described as clerical. However, as with their argument on travel time reductions, the Defendants seek to reduce time entries that include more than potential clerical activities. For example the entries Defendants seek to eliminate include time spent reviewing the House Journal and review of amendments to SB 4. This is legitimate research for this case. Deposition preparation and should be compensated. (See Def. Exh. B-2, p. 017). A careful review of the time entries designated by the Defendants as clerical reveals that at most .7 hours devoted to setting up witness interviews should be compensated at a reduced rate of perhaps $125 per hour paralegal rates. No more than .7 hours should be designated

as such and these hours should not be reduced but rather compensated at a paralegal rate of $125 per hour.

7. <u>Duplicative, Def. Ex. B-3</u>. Defendants propose to cut 26.2 hours of my time as "Duplicative", but many of Defendants' proposed cuts simply are not duplicative activities. For instance, discussions with an associate for whom we claim no time of MALC disclosures simply cannot be duplicative. (See Exh. B-3, entry for 9-21-13). On my entry of 3-13-14 I claim time spent with a legislative witness and Chairman of MALC, the briefing and legal requirements of legislative privilege. No else was in the room, clearly not duplicative. A review of all the time entries for Garza in B-3 do not disclose any "duplicative" time entries. Moreover, as noted above, my initial fee request includes a substantial billing judgment reduction exactly to account for possible duplication. No further reduction for duplication should be made.

8. <u>Non-Compensable, Def. Exh B-5</u>. Defendants propose to cut 3.3 hours of what is referenced as "non-compensable". The two entries are detailed in my time chronology and clearly describe compensable time entries. 1.3 hours are claimed in an interviewed with Dr. Charles Cotrell, a political scientist and recognized expert on minority vote dilution. His expertise on historical factors regarding voting discrimination and historical facts on intent were helpful in understanding the scope of our presentation on the totality of circumstances and intertwined with our Section 2 obligations. Finally, devoting 2 hours on fee application exhibits is not unreasonable in a case as complicated and complex as this case is. No reduction for "non-compensable" category should be made.

7. Based on the above, Defendants' cuts should be calculated as follows:

| Category | Def. prop cut | Correct Cut |
|---|---|---|

| | | |
|---|---|---|
| Travel, Def. Exh. B-1 | 11.8 | 5.8[1] |
| Clerical, Def. Exh. B-2 | 5.8 | .7 hrs at $125.00 |
| Duplicative, Def. Exh. B-3 | 26.2 | 0 |
| Non-compensable, Def. Ex. B-5 | 3.3 | 0 |

Total reductions: $2,119.80 ($1777.70 for travel reduction and $342.10 for clerical reduction).

Initial Fee Request for Jose Garza: $50,817
Fee Reduced as noted above per Defendant's objections: $2,119.80
Plaintiffs' proposed rate of $613

I therefore request a fee of $48,697.20.

8. <u>Market Rate.</u> Our expert, Mr. Bill Edwards and Jose Garza have both testified that a prevailing market rate commensurate with the matrix of the USAO of $613.00 per hour, for someone of Mr. Jose Garza's experience, in this case is reasonable. We address the prevailing party issue in the common brief of the Plaintiffs and I adopt those arguments and conclusions. In addition, as Mr. Edwards has testified, the expertise required to successfully prosecute a Voting Rights Act case, such as this, requires some unique experience and expertise. In my estimation, there are perhaps only four attorneys in the San Antonio Division of the Western District of Texas with the kind of unique experience and background in voting rights necessary to litigate this case.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

                                                                 /s/ Jose Garza
                                                                 Jose Garza

---

[1] The travel time should be compensated at half the compensable rate, a reduction here of $1,777.70 for travel time.