**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | |
|---|---|
| MARC VEASEY, *et al.*,<br>                              Plaintiffs,<br><br>          v.<br><br>GREG ABBOTT, *et al.*,<br>                              Defendants. | Civil Action No. 2:13-cv-193 (NGR) |

**PLAINTIFF-INTERVENOR IMANI CLARK'S REPLY IN SUPPORT OF MOTION
FOR AWARD OF REASONABLE ATTORNEYS' FEES AND COSTS**

Plaintiff-Intervenor Imani Clark hereby files this Reply in Support of Motion for Award of Attorneys' Fees and Costs.  Ms. Clark is represented in this litigation by co-counsel NAACP Legal Defense and Educational Fund ("LDF") and Wilmer Cutler Pickering Hale and Dorr LLP ("WilmerHale").  This Reply incorporates all arguments set forth in Private Plaintiffs' Consolidated Reply Brief in Support of Motion for Attorneys' Fees, ECF No. 1207, which Ms. Clark joins in full.

LDF additionally relies on its previously filed declarations, billing records, and supporting materials.  *See* ECF Nos. 1146-3, 1146-4, 1172, 1172-1, 1172-2, 1172-3.  WilmerHale additionally relies on its previously filed declaration and billing records, *see* ECF Nos. 1146-6, 1146-7, as well as on the Supplemental Declaration of Jonathan E. Paikin attached to this Reply.  LDF and WilmerHale thus respectfully request that the Court enter an award of attorneys' fees and costs in Ms. Clark's favor in the amounts set forth in their respective papers.  *See* ECF. No. 1146-6 ($1,007,787.50 for Wilmer Hale); ECF No. 1172-1 ($932,075.72 for LDF).

Respectfully Submitted,

/s/ *Leah C. Aden*
Sherrilyn Ifill
Janai S. Nelson
Leah C. Aden
Deuel Ross
Cara McClellan
NAACP Legal Defense and Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006
Tel: (212) 965-2200
Fax: (212) 226-7592

/s/ *Jonathan E. Paikin*
Jonathan E. Paikin
Danielle Conley
Kelly P. Dunbar
Tania Faransso
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Ave., NW
Washington, DC 20006
Tel:  (202) 663-6000
Fax:  (202) 663-6363

*Counsel for Plaintiff-Intervenor Imani Clark*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on February 7, 2020, a true and correct copy of the foregoing document

was served via the Court's ECF system to all counsel of record.

<div style="margin-left: 40%;">

/s/ *Leah C. Aden*

NAACP Legal Defense and Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006

</div>

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

MARC VEASEY, *et al*,

              Plaintiffs,

VS.

GREG ABBOTT, *et al*,

              Defendants.

CIVIL ACTION NO. 2:13-CV-193

**SUPPLEMENTAL DECLARATION OF JONATHAN E. PAIKIN IN SUPPORT OF
PLAINTIFF-INTERVENOR IMANI CLARK'S MOTION FOR REASONABLE
ATTORNEYS' FEES AND COSTS**

1.      My name is Jonathan E. Paikin. I am over 18 years of age, of sound mind, and capable of making this declaration. The facts stated in this declaration are based on my personal knowledge or information contained in my firm's ordinary business records that have been provided to me.

2.      I am a partner in the law firm Wilmer Cutler Pickering Hale and Dorr LLP ("WilmerHale"), and am one of the attorneys representing Ms. Imani Clark, a plaintiff-intervenor in this litigation against the State of Texas and others.[1] I have practiced law for more than twenty years and have been a partner at WilmerHale since 2005. I am familiar with complex civil litigation and the fees and costs that are reasonable and necessary in such matters. Throughout the course of this litigation, I was the lead partner responsible for supervising the WilmerHale team.

---

[1]    In addition to Ms. Clark, WilmerHale and its co-counsel the NAACP Legal Defense and Educational Fund ("LDF") represented plaintiff-intervenors Auricia Washington, Crystal Owens, and Michelle Bessiake, who were withdrawn as plaintiff-intervenors (ECF Nos. 237, 338), and the Texas League of Young Voters Education Fund, which ceased operations well into the litigation and thus withdrew (ECF No. 958).

3.      On April 11, 2019, I submitted a declaration in support of Ms. Clark's Motion for

Award of Reasonable Attorneys' Fees and Costs. *See* Paikin Declaration (ECF No. 1146-6).  I

hereby submit this supplemental declaration in further support of that motion, and in support of

Private Plaintiffs' Consolidated Reply Brief in Support of Motion for Attorneys' Fees.

4.      As described in my April 11, 2019 declaration, the fee award sought by WilmerHale

reflects a fraction of the value of work performed in this matter. *See* Paikin Declaration at ¶¶ 7-

10.  Indeed, WilmerHale's fees in this litigation, based on its standard rates and before any

exclusions, amounted to several million dollars between August 2013 (when its engagement

began) and September 2016 (when the parties worked to enforce the Court's interim remedy

order).  Those fees reflected significant contributions to this matter.  In an effort to demonstrate

conservative billing judgment, and in recognition of WilmerHale's commitment to serving as

counsel in civil rights litigation, WilmerHale reduced its fees by millions of dollars for purposes

of its fee application.  Specifically, and as detailed in my April 11, 2019 declaration, WilmerHale

applied significantly reduced rates, excluded the work of numerous timekeepers, and included only

a portion of the work performed in the matter—resulting in a requested award of less than one

million dollars in fees (plus expert costs).  For all of the reasons set forth in my April 11, 2019

declaration, WilmerHale's fee application is reasonable.

5.      Texas contends that WilmerHale should recover no more than $34,437.00 in this matter—

less than one percent of the several million dollars representing the actual value of WilmerHale's

work. *See* Defendants' Response Brief (ECF No. 1196) at 83.  A number of Texas's arguments in

response to Private Plaintiffs' motion—*e.g.*, regarding travel time, clerical hours, work that Texas

deems non-compensable, and other costs—do not apply to WilmerHale's fee application.  As to

the arguments raised by Texas that do apply to WilmerHale, I respectfully refer the court to Private

Plaintiffs' Consolidated Reply Brief in Support of Motion for Attorneys' Fees, and additionally
state as follows.

        *a.*   *Overstaffing.* Texas argues that Private Plaintiffs' fees should be reduced where
attorneys attended but did not argue at a hearing or trial. With respect to
WilmerHale, Texas specifically takes issue with hours that Danielle Conley and
Kelly Dunbar spent attending hearings and trial. Ms. Conley and Mr. Dunbar,
together with counsel from LDF, were lead representatives on behalf of Ms.
Clark in this matter. Both Ms. Conley and Mr. Dunbar made significant
contributions to the litigation, including—among other things—by providing
an opening statement, examining an expert witness, and cross-examining a lead
state witness at trial. Their presence at hearings and at trial was critical to their
ability to successfully litigate on behalf of Ms. Clark. Indeed, in preparing its
fee application, WilmerHale excluded a number of hours spent by associates
attending hearings and trial—but retained hours spent by Ms. Conley and Mr.
Dunbar given their key roles representing Ms. Clark. Because Private Plaintiffs
did not all share the same representation in this matter, it was necessary for Ms.
Conley and Mr. Dunbar to attend hearings and trial, rather than to rely on the
presence of other counsel, to further their advocacy on behalf of Ms. Clark.

        *b.*   *Duplicative.* Texas argues that Private Plaintiffs' fees should be reduced for
duplicative work. As stated in my April 11, 2019 declaration, WilmerHale
excluded time entries that might have appeared even arguably to be duplicative,
including instances where multiple attorneys attended the same deposition or
hearing. The vast majority of WilmerHale time entries with which Texas takes

3

issue appear to be where "multiple attorneys . . . work[ed] on the same sections of briefs." Defendants' Response Brief at 48 and Exhibit C-3 (pages 8-32). As described in my April 11, 2019 declaration, WilmerHale attorneys played a lead role in drafting significant filings in this matter. The complexity of those filings often required the work of multiple attorneys. As also described in my April 11, 2019 declaration, the WilmerHale attorneys who worked on this matter were simultaneously working on multiple other matters at the firm during the life of the case. This reality sometimes required that more than one individual work on certain filings, and did not unnecessarily contribute to inefficiencies or duplication of WilmerHale's work. In any event, before submitting its fee application, WilmerHale excluded or reduced time entries for hours spent on filings that might have appeared even arguably to be duplicative.

c.  *Excessive.* Texas contends that Private Plaintiffs spent excessive amounts of time on briefs, discovery, and other tasks. As described in my April 11, 2019 declaration, WilmerHale excluded or reduced numerous time entries, resulting in a fee application that is extremely modest when compared to the actual hours that WilmerHale attorneys spent on this litigation.

d.  *Vague and Block-Billing.* Texas argues that Private Plaintiffs' fees should be reduced for vague and block-billed fees. Texas acknowledges that WilmerHale's records reflect a "lack of block billed entries and a handful of vague entries," and thus suggests a 5% reduction in fees (as compared to the 20% reduction suggested for other plaintiffs). Defendants' Response Brief at 83 & n.21. As to the few entries that Texas points to, *see id.* at Exhibits C-4

4

(pages 6-27), C-7 (pages 3-5), the descriptions provided in WilmerHale's billing records reflect the work performed.

6.  In my professional judgment, and for the reasons set forth above as well as in Private Plaintiffs' Consolidated Reply Brief in Support of Motion for Attorneys' Fees, WilmerHale's fee application is reasonable.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 7, 2020.

Jonathan E. Paikin

5