IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF TEXAS CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*,<br><br>    Plaintiffs,<br><br> v.<br><br>GREG ABBOTT, *et al.*,<br><br>    Defendants. | Civil Action No. 2:13-cv-193 (NGR) |

**Private Plaintiffs' Consolidated Brief in Support of**
**Their Unopposed Motions for Attorneys' Fees Incurred on Appeal**

Private Plaintiffs respectfully submit this consolidated brief addressing the generally applicable issues relating to the recovery of their reasonable attorney's fees incurred in defense of this Court's fee award on appeal to the United States Court of Appeals for the Fifth Circuit. Several plaintiff groups are simultaneously filing individual unopposed motions addressing issues specific to them.

**I. ARGUMENT**

The Fifth Circuit affirmed in full this Court's order awarding Private Plaintiffs their reasonable and necessary attorney's fees relating to the litigation of this case on the merits. *Veasey v. Abbott*, 13 F.4th 362, 371 (5th Cir. 2021) (affirming *Veasey v. Abbott*, 2:13-CV-193, 2020 WL 9888360 (S.D. Tex. May 27, 2020)). The Fifth Circuit then remanded the case to this Court for a determination of appellate attorney's fees. As discussed below, (a) the Private Plaintiffs prevailed on appeal, entitling them to recover their reasonable attorney's fees relating to the appeal; or that (b) Private Plaintiffs' requested fees are reasonable. Defendants are unopposed to the total amount

5

of appellate fees. The Private Plaintiffs therefore ask the Court to grant each plaintiff group's unopposed fee request.

### A. Private Plaintiffs prevailed on appeal, entitling them to recover their reasonable attorney's fees.

When a fee award is affirmed in full on appeal, the parties that successfully defended the fee award are prevailing parties. *See Johnson v. State of Miss.*, 606 F.2d 635, 639 (5th Cir. 1979) (recognizing that the plaintiffs were "entitled . . . to fees" under Section 1988 "for time spent protecting their fee award on appeal," and remanding to the district court to fix the amount). Here, Private Plaintiffs prevailed in the State Defendants' appeal of this Court's fee award. The State Defendants presented only a single issue on appeal: whether the Private Plaintiffs were prevailing parties in the merits phase of this litigation. *Veasey*, 13 F.4th at 378. The Fifth Circuit resolved that issue unambiguously in Private Plaintiffs' favor and affirmed this Court's fee-award order in full. *Id*. at 371. Accordingly, Private Plaintiffs are prevailing parties on appeal. *See Johnson*, 606 F.2d at 639.

Section 1988[1] allows prevailing parties to recover attorney's fees for time spent reasonably and necessarily litigating a fee award. *Cruz v. Hauck*, 762 F.2d 1230, 1233 (5th Cir. 1985) ("It is settled that a prevailing plaintiff is entitled to attorney's fees for the effort entailed in litigating a fee claim and securing compensation."). That is true not only for fee-award litigation before the trial court, but also for time spent successfully defending a fee-award order on appeal. *See Duane M. v. Orleans Par. Sch. Bd.*, 861 F.2d 115, 120 (5th Cir. 1988) (affirming the district court's fee award and holding that the successful appellant was "entitled to recover reasonable attorneys' fees for defending, in this court, the judgment for attorneys' fees obtained in the district court."). As

---

[1] Private Plaintiffs sought and were awarded their reasonable attorney's fees under both 42 U.S.C. § 1988(b) and 52 U.S.C. § 10301(e). *See Veasey*, 2020 WL 9888360, at *3.

5

the prevailing parties on appeal, Private Plaintiffs are entitled to recover their reasonable and necessary attorney's fees relating to the appeal.

### B. The parties conferred about Private Plaintiffs' fee requests, and State Defendants do not dispute the reasonableness of Private Plaintiffs' fee requests.

As this Court previously recognized, parties seeking attorney's fees have the burden of establishing the reasonableness of the fee request. *Veasey*, 2020 WL 9888360, at *8 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983)). There is a "'strong presumption that the lodestar figure . . . represents a 'reasonable' fee.'" *Id*. at *7 (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)). The fee applicant has the burden to produce evidence relevant to the Court's analysis of the reasonability and necessity of a fee request. *Id*. at *7–*8 (citations omitted).

In the unopposed motions for attorney's fees filed separately by several of the plaintiff groups, Private Plaintiffs provide the Court with evidence of their billing records to establish that their time is compensable and that their requested rates are reasonable. As for the reasonableness of Private Plaintiffs' attorney's hours and rates, the parties have conferred at length about the Private Plaintiffs' fee requests, and State Defendants indicated that they do not oppose the total amount of appellate fees requested by each of the plaintiff groups in their separate motions. As the Court will see in each plaintiff group's motion, Private Plaintiffs have exercised billing discretion to significantly limit the amount sought. Given the affirmative evidence placed into the record and the lack of opposition from the State Defendants, Private Plaintiffs ask the Court to award the fees requested by each plaintiff group in their separate unopposed motions. Private plaintiffs' fee requests are limited to time spent litigating the appeal of this Court's fee award, and are in addition to fees that this Court already awarded for work on earlier stages of this litigation. Docket 1211.

5

## II. CONCLUSION

As the prevailing parties in the State Defendants' appeal of this Court's fee award, Private Plaintiffs ask the Court to award each plaintiff group the fees requested in their separate unopposed motions under 42 U.S.C. § 1988(b) and 52 U.S.C. § 10301(e).

February 17, 2022

                                Respectfully submitted,

                                /s/ Alexander Stamm

SUSAN ZINN
Texas RioGrande Legal Aid
1111 N. Main Ave.
San Antonio, Texas 78212
210-212-3710
Fax: 210-229-9328
szinn@trla.org

ROBERT W. DOGGETT
ALEXANDER STAMM
Texas RioGrande Legal Aid
4920 N. IH-35
Austin, Texas 78751

*Counsel for Estela Garcia Espinoza, Eulalio Mendez, Maximina Martinez Lara, and La Union Del Pueblo Entero, Inc ("LUPE").*

EZRA D. ROSENBERG
Lawyers' Committee for Civil Rights Under Law
1500 K Street, N.W., Suite 900
Washington, D.C. 20005

WENDY WEISER
The Brennan Center for Justice at NYU Law School
120 Broadway, Suite 1750
New York, New York 10271

5

LINDSEY B. COHAN
DECHERT LLP
515 Congress Avenue, Suite 1400
Austin, Texas 78701

NEIL STEINER
DECHERT LLP
1095 Avenue of the Americas
New York, New York 10036-6797

*Counsel for the Texas State Conference of NAACP Branches and the Mexican American Legislative Caucus of the Texas House of Representatives*

DANIELLE M. LANG
Campaign Legal Center
1101 14th St. NW, Suite 400
Washington, DC 20005

*Counsel for the Veasey/LULAC Plaintiffs*

### CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2022, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

/s/ Susan Zinn
SUSAN ZINN
Texas RioGrande Legal Aid
1111 N. Main Ave.
San Antonio, Texas 78212
210-212-3710
Fax: 210-229-9328
szinn@trla.org