# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GREG ABBOTT, *et al.*,<br><br>　　　　Defendants. | Civil Action No. 2:13-cv-193 (NGR)<br>(Consolidated Action) |

### DECLARATION OF SUSAN ZINN IN SUPPORT OF THE TEXAS
### RIO GRANDE LEGAL AID, INC. PLAINTIFFS' UNOPPOSED
### MOTION FOR APPELLATE ATTORNEYS' FEES

I am Susan Zinn. Pursuant to 28 U.S.C. § 1746, I make the following declaration in support of an award of attorneys' fees related to Private Plaintiffs' fees incurred during the pendency of the appeal:

I am an adult, and I am competent to make this declaration. This declaration is true, complete and correct. It is based on information in my personal knowledge. I have been licensed to practice law in Texas since 1983. I am admitted to practice before this Court.

**I.    Background on the appeal**

1.　　　Alexander Stamm and I are staff attorneys with Texas Rio Grande Legal Aid. Together with co-counsel, Texas Rio Grande Legal Aid, Inc. represented several Private Plaintiffs. I started to work on this case after the Court issued its attorneys' fee award on May 27, 2020. *Veasey v. Abbott*, 2:13-CV-193, 2020 WL 9888360 (S.D. Tex. May 27, 2020).

2.　　　Alexander Stamm, started to work on this case before me. He has worked with me on the case during the course of this appeal.

1

3. The TRLA lawyers who worked on this case before May 27, 2020, have left our firm for a variety of reasons, so attorneys' fees for their time are not at issue now. Attorneys' fees for their time were resolved in this Court's 2020 decision.

4. I am presenting this declaration in support of Private Plaintiffs' Motion for Attorneys' Fees as to the Fifth Circuit appeal filed by the State Defendants, and in particular, for the fees requested by the TRLA Plaintiffs in connection with the appeal.

5. On May 27, 2020, the district court issued its Order on attorneys' fees and costs in this case, holding that Private Plaintiffs were the prevailing parties and awarding fees and costs in the amount of $6,790,333.31 to the Private Plaintiff groups and their counsel. *Veasey v. Abbott*, 2:13-CV-193, 2020 WL 9888360 (S.D. Tex. May 27, 2020).

6. The Declaration of Ezra Rosenberg describes the history and unusual events that followed the 2020 Order during the course of the appeal. The TRLA Plaintiffs rely on his description.

7. On September 23, 2021, the 5th Circuit affirmed this Court's 2020 decision. *Veasey v. Abbott*, 13 F.4th 362 (5th Cir. 2021). Since then, and over the course of the past few months, Plaintiffs and Defendants have worked diligently and in good faith to resolve the issue of the fees incurred by Plaintiffs in litigating the State Defendants' appeal. Plaintiffs' efforts were led by Ezra Rosenberg. These negotiations have been successful and have led to agreement on the total amount of appellate attorneys' fees due to the Private Plaintiffs seeking fees for their work on the appeal. These amounts have been stipulated to by both parties and are detailed below in Section III.

    **II.** **The background and roles of the Texas Rio Grande Legal Aid, Inc. Plaintiffs' Counsel in the appeal**

8. Susan Zinn graduated with honors from the University of Texas School of Law

in 1983. Following graduation, I was a law clerk to the Honorable George P. Kazen in the United States District Court for the Southern District of Texas, Laredo Division. Since then, I have worked full time and then part time for Texas Rio Grande Legal Aid, Inc. In 1995, I began to work part time for TRLA and part time. I also opened my own small office to continue to be lead counsel in the *Frew v Hawkins* class action concerning health care for millions of Texas children with Medicaid. I closed my private practice in 2012 after my husband was diagnosed with blood cancer. I continue to work for TRLA part time.

9. Alexander Stamm graduated with honors from the University of Texas School of Law in 2017. From 2017–2019, he was a law clerk to the Honorable Robert L. Pitman in the United States District Court for the Southern District of Texas, Austin Division. Since then, he has worked full time for Texas Rio Grande Legal Aid, Inc.

10. TRLA's lawyers played a small role in the appeal from this Court's May 2020 award of attorneys' fees. Both of us came late to this case. I reviewed the record to prepare. I supervised Mr. Stamm's work with careful attention to avoiding duplication of efforts. I ensured that TRLA's clients were informed of the status of the case and consented to this appeal. When they had questions, I ensured that they were answered. I participated in several telephone and Zoom conferences with the Plaintiffs' co-counsel concerning preparations for the appeal, and reviewed drafts of the 5th Circuit brief. I also acted as a judge in moot courts to assist in preparations for oral argument. I virtually attended the oral argument in the 5th Circuit. I was lead counsel for TRLA's clients in negotiations with the State Defendants concerning fees for the appeal, which resulted in the settlement now presented to this Court.

11. But, since my role in the appeal ended up quite small, I significantly reduced my request for fees before negotiating with the State Defendants. I did not even include the hours

3

spent reviewing the record, which was probably the most time-consuming thing that I did when working on this case. I also significantly reduced my request for fees for all aspects of the work that I did on this case.

12. Mr. Stamm's role was largely limited to research and internal memoranda. Mr. Stamm reviewed the State Defendant's brief on appeal, researched the issues raised in their brief, and assessed the merits of their arguments from TRLA's perspective. The bulk of his time was spent on internal memoranda to TRLA's lead counsel on the State Defendants' brief and the Private Plaintiffs' response drafts. Mr. Stamm also communicated with TRLA's clients about the appeal. Mr. Stamm also significantly reduced his request for fees for the work that he did on this case.

13. Given TRLA's reduction in requested fees and our attention to the division of work as we went along, we did not include any duplicated hours in the request for fees that was subject to negotiation. The hours that Mr. Stamm and I expended on this case were both reasonable and necessary to represent our clients. Our accurate time records are attached to our motion. We maintained them in a contemporaneous manner and in the normal course of business.

### III. Ezra Rosenberg's excellent work as coordinating counsel and as last-minute substituted counsel for oral argument in the Fifth Circuit

14. I feel that I must inform the Court of the excellent work that Ezra Rosenberg did in this phase of this case. The role of coordinating counsel is never easy. He carried it out with grace and aplomb and kept all of the Plaintiffs' lawyers on the same path.

15. Further, Ezra Rosenberg did not expect to argue this case in the 5th Circuit. He stepped in after Myrna Perez had to withdraw shortly before oral argument because the President nominated her to sit in the 2nd Circuit Court of Appeals.

16. Ezra Rosenberg prepared for oral argument quickly, thoroughly and carefully. His argument was clear, cogent and persuasive.

**IV.    Hours and total fees**

17. The State Defendants do not oppose compensation in the amount of $5,000.00 to TRLA for work that they performed to represent their clients during the course of this appeal. TRLA contends that this amount significantly undercompensates TRLA for work that counsel did on this appeal.

**V.    Conclusion**

18. In total, the TRLA Plaintiffs seek an order from this Court granting them **$5,000.00** in attorneys' fees for the work that they did during the course of the appeal from this Court's May 27, 2020, award of attorneys' fees. This $5,000.00 is in addition to the fees and costs awarded in 2020 for work done in earlier phases of this case by other TRLA attorneys, as ordered by the Court in 2020.

19. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: February 4, 2022.

                                                  ___/s/ Susan Zinn_____
                                                  Susan Zinn, Attorney at Law