IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> GREG ABBOTT, *et al.*, <br><br> Defendants. | Civil Action No. 2:13-cv-193 (NGR) <br> (Consolidated Action) |

**DECLARATION OF EZRA D. ROSENBERG IN SUPPORT OF THE TEXAS NAACP/MALC PLAINTIFFS' UNOPPOSED MOTION FOR APPELLATE ATTORNEYS' FEES**

I am Ezra D. Rosenberg. Pursuant to 28 U.S.C. §1746, I make the following declaration in support of an award of attorneys' fees related to Private Plaintiffs' fees incurred during the pendency of the appeal:

  **I. Background on the appeal**

  1. I am the Co-Director of the Voting Rights Project of the Lawyers' Committee for Civil Rights Under Law ("Lawyers' Committee"), along with co-counsel. Together with co-counsel, the Lawyers' Committee represented the Private Plaintiffs.

  2. I am presenting this declaration in support of Plaintiffs' Motion for Attorneys' Fees as to the Fifth Circuit Appeal filed by the State, in particular, for the fees requested by the Texas NAACP/MALC Plaintiffs in connection with the appeal.

  3. On May 27, 2020, the district court issued its Order on attorneys' fees and costs in this case, holding that Private Plaintiffs were the prevailing parties and awarding fees and costs in the amount of $6,790,333.31 to the Private Plaintiff groups and their counsel.

1

4. On November 9, 2021, the State filed its opening brief appealing the district court's decision that Plaintiffs' were the prevailing party. The State did not appeal the reasonableness of the fee award.

5. On appeal, the State's sole issue was whether the Plaintiffs were the prevailing party for the purpose of an award of attorneys' fees under 42 U.S.C. § 1988(b) and 52 U.S.C. § 10310(e) on their Section 2 claim.

6. On January 8, 2021, the Private Plaintiffs filed their brief in opposition in which they addressed the arguments made in the State's opening brief.

7. The Fifth Circuit initially scheduled oral argument for April 26, 2021, before a panel that included Judge S. Kyle Duncan. Because Judge Duncan had submitted a brief in support of the Defendants on an appeal to the Fifth Circuit earlier in this litigation, Plaintiffs moved to recuse Judge Duncan from this appeal. Judge Duncan recused himself, and the matter was rescheduled for oral argument for July 8, 2021 by teleconference.

8. On September 3, 2021, the Fifth Circuit panel issued its Opinion concluding that the Private Plaintiffs were the prevailing party and affirming in full the district court's award of fees.

9. Since the Fifth Circuit's decision, and over the course of the past few months, Plaintiffs and Defendants have worked diligently and in good faith to resolve the issue of the fees incurred by Plaintiffs in litigating the State's appeal. These negotiations have been successful and have led to agreement on the total amount of appellate attorneys' fees due to the Private Plaintiffs seeking fees for their work on the appeal. These amounts have been stipulated to by both parties and are detailed below in Section III. *See infra* Section III, ¶ 24.

II. **The roles of the Texas NAACP/MALC Plaintiffs' Counsel in the appeal**

10. Throughout this case, I served as one of the lead counsel for the Private Plaintiffs

first when I was at Dechert LLP and then at the Lawyers' Committee. As this Court noted in its prior opinion awarding fees to the Private Plaintiffs, I served as coordinating counsel for all Plaintiffs groups throughout the case, including the appeal from this Court's award of fees.

11. As detailed further below, the Lawyers' Committee took the lead in the drafting of the Private Plaintiffs' brief before the Fifth Circuit. As the lead attorney, I not only supervised the work of the other Lawyers' Committee attorneys, I drafted most of the appellate briefing, incorporated edits from co-counsel, and coordinated with co-counsel to prepare for oral argument.

12. As noted above, oral argument on the appeal was initially scheduled for April 26, 2021, and my co-counsel Myrna Perez of the Brennan Center was set to argue it. In preparation, she and her staff undertook substantial preparation to that end. However, approximately four weeks before the new argument date was set for July 8, 2021, Ms. Perez was nominated by President Biden to the Second Circuit Court of Appeals, and I assumed responsibility for and presented the oral argument on behalf of all Private Plaintiffs.

13. My team and our co-counsel worked together in a way to maximize the strengths and experiences of each professional and to minimize redundancy of effort as we worked on the appeal. With respect to our billing, our entire team coordinated to ensure that duplicative hours and excessive hours were eliminated.

14. Given the complexity of the appeal and the time that had to be spent researching and responding to the novel legal theories raised by Defendants, it took some back and forth to shepherd the brief to its final stages. Nevertheless, the Private Plaintiffs' counsel, including the Lawyers' Committee, were careful not to duplicate work.

A. *Appellate Brief*

15. On the appeal from this Court's fee award, the Lawyers' Committee took the lead in the drafting of the brief in response to Defendants' primary brief. As detailed below, then Associate Counsel Pooja Chaudhuri, with the assistance of Legal Fellow Sofia Fernandez Gold

produced the first draft of the Brief. I then undertook substantial review and editing of the brief, circulated it to the other Private Plaintiff groups for their input, and decided how to edit the brief in response to their comments. All of the groups provided valuable input, with Campaign Legal Center and Texas RioGrande Legal Aid providing particularly useful suggestions.

16. The Lawyers' Committee spent a significant amount of time developing the legal and factual research on our appellate brief. I took a hands-on approach with this brief and drafted most of it with the help of the junior attorneys on the team.

17. The Lawyers' Committee attorneys combed through the cases and drafted internal memos outlining relevant legal precedent. They also wrote the first drafts of the brief based on much of the research that they had done. They spent a significant amount of time looking through the hundreds of thousands of pages in the record, developed over the course of seven years, to locate important facts that I included in the brief.

18. I worked closely with the junior attorneys on my team to review their research, reframe many of their arguments, refine legal theories, and conduct additional research where I thought it was needed. I also worked with co-counsel, in particular, the attorneys at Campaign Legal Center, to further refine our arguments in the brief.

19. I also worked with Lindsey Cohan from Dechert LLP on the filings to the Fifth Circuit. In addition to reviewing substantive documents, Ms. Cohan corresponded with the Fifth Circuit clerk's office, resolved issues relating to appearances of attorneys before the court, prepared requests for extension, compiled briefs and the record of appeal, filed the brief, and corrected the brief for submission per comments from the Fifth Circuit clerk's office.

      B. *Preparation for Oral Argument*

20. Because I was not aware that I would argue the case before the Fifth Circuit until a few weeks before argument, I was forced to concentrate my preparation over a relatively short period of time. I had participated in moot courts of Ms. Perez, which I found helpful in my preparation. In addition, the Brennan Center's staff attorneys had prepared a number of

memoranda at Ms. Perez's request to aid her prep, which I reviewed, and which saved me some time in my own preparation. Nevertheless, as would be expected of any advocate before a Circuit Court of Appeals, I read and re-read every case cited in all of the briefs, combed the record, participated in my own moot court with co-counsel among the Private Plaintiffs who had a stake in this appeal, and workshopped my opening and closing statements with the junior attorneys on my team as well as with the larger group of Private Plaintiffs.

21. I asked the junior attorneys on my team to conduct follow-up research on the points raised during the moot courts. They conducted discreet legal research on the issues and sent me their research pointing me to relevant parts of the record and specific cases including quotes from the cases that may be helpful to use during oral argument. I also separately met with them to solicit their feedback on my delivery of the arguments.

22. I was careful to eliminate duplicate hours spent by the members of my team oral argument preparation.

23. In addition to participating in moot courts for the oral argument, Ms. Cohan filed and prepared the requisite forms relating to oral argument acknowledgment.

### III. Hours and Total Fees

24. The Lawyers' Committee devoted in excess of 200 hours to the appeal; Dechert in excess of 50 hours, and Brennan Center in excess of 50 hours.

25. The State does not oppose the requests by the Lawyers' Committee, Brennan Center and Dechert to be paid to each of the counsel as follows:

**Table 1: Texas NAACP/MALC Plaintiffs' Total Hours**

| Organization Name | | Total Amount |
|---|---|---|
| Lawyers' Committee | | $84,292.50 |
| Dechert LLP | | $15,627.50 |
| Brennan Center | | $18,236.22 |
| **Total** | | **$118,156.22** |

## IV.     Conclusion

26.    In total, the Texas NAACP/MALC Plaintiffs seek an order from this Court granting them **$118,156.22** in attorneys' fees.

February 18, 2022                              *s/ Ezra D. Rosenberg*
                                                              Ezra D. Rosenberg