# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARC VEASEY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> GREG ABBOTT, *et al.*, <br><br> Defendants. | Civil Action No. 2:13-cv-193 (NGR) <br> (Consolidated Action) |

**DECLARATION OF DANIELLE LANG IN SUPPORT OF THE VEASEY-LULAC PLAINTIFFS' UNOPPOSED MOTION FOR APPELLATE ATTORNEYS' FEES**

Pursuant to 28 U.S.C. § 1746, I, Danielle Lang, make the following declaration in support of an award of attorney's fees for fees incurred by counsel for the Veasey-LULAC Plaintiffs during the pendency of the State Defendants' appeal of this Court's fee award:

I am an adult, and I am competent to make this declaration. This declaration is true, complete and correct. It is based on information in my personal knowledge. I have been admitted *pro hac vice* to appear before this Court in this matter.

1. I am presenting this declaration in support of the Veasey-LULAC Plaintiffs' Motion for Attorneys' Fees for fees incurred during Fifth Circuit appeal filed by the State Defendants. In particular, I am presenting this declaration in support of fees incurred by myself and my colleagues Mark Gaber and J. Gerald Hebert at the Campaign Legal Center on behalf of the Veasey-LULAC Plaintiffs during that appeal.

2. On May 27, 2020, the district court issued its Order on attorneys' fees and costs in this case, holding that Private Plaintiffs were the prevailing parties and awarding fees and costs

1

in the amount of $6,790,333.31 to the Private Plaintiff groups and their counsel. *Veasey v. Abbott*, 2:13-CV-193, 2020 WL 9888360 (S.D. Tex. May 27, 2020).

3. The Declaration of Ezra Rosenberg, Doc. 1276-1, describes the history that followed the 2020 Order during the appeal. The Veasey-LULAC Plaintiffs rely on this description.

4. On September 23, 2021, the 5th Circuit affirmed this Court's 2020 fee award decision. *Veasey v. Abbott*, 13 F.4th 362 (5th Cir. 2021). Since then, and over the course of the past few months, Private Plaintiffs and Defendants have worked diligently and in good faith to resolve the issue of the fees incurred by Private Plaintiffs in litigating the State Defendants' appeal. These negotiations have been successful and have led to agreement on the total amount of appellate attorneys' fees due to the Private Plaintiffs seeking fees for their work on the appeal. These amounts have been stipulated to by both parties and, with respect to the Veasey-LULAC Plaintiffs, are detailed below.

5. The Veasey-LULAC Plaintiffs are seeking an award of fees for the work of three attorneys from Campaign Legal Center in connection with the fee award appeal: Danielle Lang, Mark Gaber, and J. Gerald Hebert. Each played a meaningful role in the legal team's effort to defend this Court's fee award. I reviewed and edited the joint merits brief before the Fifth Circuit, as well as a related recusal motion. I also coordinated the gathering of our time for appellate fees, served as the primary contact for the State Defendants during our negotiations, and prepared the instant motion and declaration. Mr. Gaber took on a substantial drafting and editing role on the Fifth Circuit merits brief, drafted the recusal motion, and served as a moot court judge for Ezra Rosenberg. Mr. Hebert served as a moot court judge for Mr. Rosenberg as well.

6. I, Danielle Lang, graduated from Yale Law School in 2012. Following

graduation, I served as a law clerk to the Honorable Richard Paez in the United States Court of Appeals for the Ninth Circuit. From 2013-2015, I served as a Skadden Fellow and attorney with the employment rights project at Bet Tzedek Legal Services. Since October 2015, I have worked for Campaign Legal Center as an attorney specializing in voting rights matters. I now serve as the Senior Director for Voting Rights at Campaign Legal Center. In the past 6 and a half years at Campaign Legal Center, I have represented plaintiffs in many federal voting rights matters across the country including New York, New Jersey, North Dakota, Florida, Alabama, Georgia, Kansas, Texas, and Tennessee. I have presented oral argument before the Fifth, Sixth, and Eleventh Circuits. Since joining CLC in 2015, I have been an active participant in the Veasey-LULAC Plaintiffs' representation in this matter. My billing rate at Campaign Legal Center is $400 per hour. Upon negotiation with the State Defendants and in the interest of final resolution, CLC has agreed to seek only $360 per hour for my work on this matter.

7. My colleague at Campaign Legal Center, Mark Gaber, graduated from Stanford Law School in 2010. From 2011 to 2012, he served as a law clerk to the Honorable Judith W. Rogers on the U.S. Court of Appeals for the District of Columbia Circuit. From 2012 to 2017, Mr. Gaber was an associate at the law firm Jenner & Block. During his time at Jenner & Block, Mr. Gaber worked on several voting rights and redistricting matters as well as attorney's fee award proceedings. Mr. Gaber joined Campaign Legal Center's voting rights and redistricting team in 2017 and currently serves as the Senior Director for Redistricting at CLC, where he leads litigation across the country on redistricting mattes in state and federal courts. Mr. Gaber's billing rate at Campaign Legal Center is $450 per hour. Mr. Gaber is a member of the Fifth Circuit bar and assisted with this matter on appeal, as described above. Upon negotiation with the State Defendants and in the interest of final resolution, CLC has agreed to seek only $405 per hour for his work on

this matter.

8.      J. Gerald Hebert—who retired from Campaign Legal Center as of December 2021—graduated from Suffolk University School of Law in 1973. From 1973 until 1994, he served as a trial attorney in the Civil Rights Division of the United States Department of Justice in Washington, D.C. For the last fifteen years of his service at the Department of Justice (1979-1994), he was assigned to the Voting Section of the Civil Rights Division, where he worked exclusively on cases involving federally protected voting rights. While employed in the Voting Section from 1979 to 1994, he served in a number of supervisory capacities, including Special Litigation Counsel, Deputy Chief, and Acting Chief of the Voting Section. Since 1994, he has maintained a sole practice with an office in Alexandria, Virginia, where he specializes in voting rights cases. From July 2004 to 2016, Mr. Hebert served as Executive Director and Director of Litigation at the Campaign Legal Center, a non-profit, non-partisan organization in Washington, D.C. From 2016 to 2021, Mr. Hebert served in a senior role at CLC working with and advising the voting rights and redistricting teams. As outlined in his prior declarations before this Court, Mr. Hebert played a leading role in the representation of the Veasey-LULAC Plaintiffs in this matter from its initial filing through the Fifth Circuit's affirmance of this Court's fee award. Mr. Hebert's billing rate at Campaign Legal Center is $600 per hour. State Defendants did not oppose this rate for Mr. Hebert.

9.      In preparing our request for appellate fees, my colleagues and I reasonably reduced our billing hours and eliminated any duplication. After reasonably reducing our billable hours, we have only sought 6.8 hours for Danielle Lang, 17.9 hours for Mark Gaber, and 3.5 hours for J. Gerald Hebert. These hours were both reasonable and necessary to represent our clients. Based on the hours and rates discussed above, State Defendants do not oppose an award of $11,815.50 to CLC. CLC contends that this amount significantly undercompensates CLC for work

that counsel did on this appeal.

10.     In total, the Veasey-LULAC Plaintiffs seek an order from this Court granting them **$11,815.50** in attorneys' fees for the work conducted by CLC during the course of the appeal from this Court's May 27, 2020, award of attorneys' fees. This amount is in addition to the fees and costs awarded in 2020 for work done in earlier phases of this case, as ordered by the Court in 2020.

11.     I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: February 18, 2022.

\_\_/s/ Danielle M. Lang_____
Danielle M. Lang
